UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff, | ORDER GRANTING ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | (re: dkt. #6) |
| Defendants. | |

On February 8, 2012, Plaintiff Apple, Inc. ("Apple") filed an administrative motion to file under seal portions of: (1) the Declaration of Arthur Rangel in support of Apple's motion for a preliminary injunction, including attached confidential exhibits ("Rangel Declaration"); (2) the Declaration of Christopher Vellturo, Ph.D., in support of Apple's motion for a preliminary injunction, including attached confidential exhibits ("Vellturo Declaration"); and (3) Apple's Motion and Memorandum in Support of Apple's Motion for a Preliminary Injunction ("Opening Brief"). ECF No. 6.

Where, as here, a party seeks to seal documents attached to a non-dispositive motion, the Ninth Circuit requires a showing of good cause to justify the sealing of those documents.

*Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). In addition, the Civil Local Rules of this Court require that all requests to file under seal be "narrowly tailored to seek sealing only of sealable material." Civ. L. R. 79-5(a). Apple claims that good cause exists to seal the material requested because the Rangel Declaration and the Vellturo Declaration contain or provide as exhibits confidential, proprietary market research and analysis, including information pertaining to confidential Apple customer surveys and the competitive landscape for mobile devices. This information reflects Apple's confidential business and marketing strategy, was created at a significant cost to Apple, and could be used by Apple's competitors to its disadvantage, particularly because it discusses Apple's customers. Decl. of Cyndi Wheeler ¶ 3, ECF No. 8.

The Court agrees that the portions of the Rangel and Vellturo Declarations Apple seeks to file under seal consist of such confidential information, and sealing of these documents is therefore appropriate. In addition, Apple has narrowly tailored the proposed redactions of its Opening Brief to seal only those portions that incorporate the sealable information contained in the Rangel and Vellturo Declarations. Accordingly, the Court finds that good cause exists to seal these documents and therefore GRANTS Apple's motion to file under seal.

**IT IS SO ORDERED.**

Dated: March 6, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge