# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 3, 2012

<u>**Via E-Mail**</u>

Brian M. Buroker
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

Re:     <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Mr. Buroker:

I write to respond to Apple's meet and confer letter dated March 31, 2012 regarding Samsung's objections and responses to Apple's Preliminary Injunction Requests for Production.

Apple's letter criticizing the completeness of Samsung's document production is based upon an incorrect assumption – that Samsung's document production is complete. To be clear, Samsung's document production is not yet complete. As Samsung has stated to Apple on numerous occasions, Samsung will make a rolling document production. Indeed, Samsung has produced, and continues to produce, additional documents this week. Even Apple cannot quibble with the notion of a rolling production, as that it exactly what Apple has been doing. Accordingly, given Samsung's forthcoming documents, the overwhelming majority of the issues raised in Apple's March 31st letter are premature and need not be addressed.

As a preliminary matter, Samsung notes that Apple propounded over 90 requests for production, most of which go far beyond the four accused features of the one product at issue on Apple's Preliminary Injunction Motion. Therefore, Apple seems to have misinterpreted the Court's February 22nd scheduling Order – which permitted discovery only to the extent "relevant to the preliminary injunction motion" – to mean that Apple may take discovery on any issue whatsoever. That was not the Court's Order and Samsung has no obligation to respond to discovery that goes beyond Apple's Preliminary Injunction Motion at this time. Indeed, any discovery not relevant to the preliminary injunction motion is not permitted at this time under Federal Rule of Civil Procedure 26(d)(1).

Apple also lauds its production of 127,000 pages of documents in concluding that Samsung's production to date is inadequate. Apple confuses volume with responsiveness. Though

Samsung's review of Apple's production is still in progress, to date it appears that hardly any of Apple's documents have anything whatsoever to do with Samsung's Requests for Production.  As just one example, Apple has produced literally thousands of pages of documents that are merely blanks with a single icon in the upper left hand corner.  *See, e.g.* APLNDC630-0000003521-APLNDC630-0000003706.  These documents are not correlated with any email, presentation, or other document that would actually render them interpretable or otherwise meaningful.  The full breadth of Samsung's issues with Apple's production will be addressed by separate letter.  Suffice to say, however, that Apple's production should not be touted as the benchmark by which to judge Samsung's document production.[1]

The remainder of Samsung's objections that Apple takes issue with in Apple's March 31st letter are detailed below.

Request for Production Nos. 4, 7-8, 18, 20-24 and 89

Each of these requests seeks information well beyond Apple's Preliminary Injunction Motion.  As just one example, Request No. 18 seeks documents regarding "any Samsung smartphone," "any design, feature or function of an Apple product" and "any Samsung product."  *See also* Apple's Request No. 23 (seeking documents regarding "design development and implementation of the Samsung smartphones").  Apple makes no attempt to limit its request to Galaxy Nexus or the accused features.  As the Court made clear, " [t]he parties may obtain discovery relevant to the preliminary injunction motion."  *See* Order dated February 22, 2012 at 2.  The Court did not permit Apple to take discovery at this stage of the case on the entire stock of all Samsung products and features, as Apple attempts to do.

As another example, Request No. 20 seeks documents regarding communications – both internal and with third parties – that refer or relate to the entire "Android platform."  As Apple is well aware, Galaxy Nexus used Android 4.0 Ice Cream Sandwich.  Therefore, all other versions of Android are irrelevant and Apple's request is overbroad.  Moreover, Apple's Motion for a Preliminary Injunction addresses only four specific accused features of Ice Cream Sandwich, not the entire "platform."

Other Requests for Production that Apple cites in this grouping are similarly overbroad.  *See, e.g.,* Request No. 4 (seeking documents regarding "keyboard" design); Request No. 8 (seeking documents regarding "ability to type …."); Request No. 89 (seeking documents regarding comparisons between "any Apple product" and "any feature" of Galaxy Nexus).

---

[1]  Apple also dedicates substantial space in its meet and confer letter to detailing sanctions motions filed by Apple in other cases and demands for Samsung to produce its work product in this case (i.e. "Samsung should promptly…provide Apple with the names of individuals it contacted in Korea and the processes which it contends satisfy its production obligations").  Though such statements are so far afield that they hardly warrant a response, it goes without saying that sanctions motions in other cases are irrelevant to discovery in this case and Samsung will not provide its work product to Apple.

I also note that, to the extent these overbroad requests encompass anything at all that is relevant to the preliminary injunction motion, they are duplicative of other requests that focus on those relevant aspects more specifically.  For example, while overbroad Request No. 20 requests all communications regarding the design, development, and implementation of "the Android platform," Request No. 19 requests all communications regarding the design, development, and implementation of the four specific features accused in the preliminary injunction motion.  Subject to its objections, Samsung agreed to produce documents responsive to Request No. 19; this would, necessarily, also encompass any relevant portion of Request No. 20.  To the extent that Apple believes any of the overbroad requests to which Samsung objected encompass any documents relevant to the preliminary injunction motion that are not already covered by Samsung's responses to other requests, please identify those specifically.

Request for Production Nos. 9-13

Apple takes issue with Samsung's objections to Request Nos. 9-13, stating that "Samsung's source code is clearly relevant …."  Apple again misstates facts attempting to concoct a dispute.  As Samsung stated in its interrogatory responses, its letter dated April 2, 2012, and as Samsung states to Apple once again here: the source code for the version of Ice Cream Sandwich used on Galaxy Nexus *was written by Google, not Samsung*.  Samsung does not have possession of that source code.  To Samsung's knowledge, the only company in possession of the source code used on Galaxy Nexus is Google.  Google provides Samsung only with the binary object code, which is not readable by humans.  Accordingly, to the extent that each of these requests for production is based upon the flawed premise that the source code at issue is Samsung's source code, Samsung cannot produce source code that it does not have.

Request for Production Nos. 14-16

Samsung set forth precisely tailored objections in response to Apple's Request Nos. 14-16.  Rather than explain what about Samsung's objections are improper, or attempting to clarify the vague terms in each of these requests that Samsung specifically cited, Apple merely states that Samsung's objections are "kneejerk."  Apple's rhetoric does not aid the meet and confer process.  To the extent that Apple believes one or more of Samsung's objections is misplaced, please identify which objection and (if Apple is capable of doing so without rhetoric), why Apple believes that objection should be withdrawn.  Doing so will facilitate the meet and confer process.

Request for Production No. 25

This Request seeks documents relating to Samsung's "knowledge of the Preliminary Injunction Patents, including … when [Samsung] first became aware of the Preliminary Injunction Patents."  Documents regarding Samsung's knowledge of those patents is irrelevant to the issues of Samsung's alleged infringement of those patents, the validity of the Preliminary Injunction Patents, irreparable harm and any other issue raised by Apple's Preliminary Injunction Motion.  If Apple disagrees, then please explain to Samsung how such documents are relevant to Apple's Preliminary Injunction Motion.

Request for Production No. 35

Request No. 35 seeks all documents "considered or relied on to respond to any interrogatory in this case." To the extent that Samsung refers to documents in responding to Apple's Preliminary Injunction Interrogatories, then Samsung will produce those non-privileged documents.

Request for Production No. 40

Request No. 40 seeks "documents relating to any impact a preliminary injunction in this case would have on Defendants." Apple fails to address any of Samsung's objections, instead contending that "the impact of a preliminary injunction on defendants is a core part" of the case. Importantly, Samsung objected to this Request on grounds, among others, that "it prematurely seeks disclosure of Samsung's contentions;" "it is overly broad;" and the term "impact" is vague and ambiguous. Apple's wholesale contention addresses none of Samsung's objections to this request. To the extent that this request seeks documents on which Samsung relies for any contention Samsung makes in its opposition to Apple's preliminary injunction motion, Samsung will produce such documents on or before the date its opposition is filed.

Request for Production Nos. 44-45, 47-50, 53-55, 57, 59-75, 77-81

For each of these requests, Samsung set forth precise objections to which Apple fails to respond. Instead, Apple merely states that "Samsung must produce responsive documents." Apple's demand does not explain why Apple believes the requests at issue are not overbroad, seek attorney-client privileged documents, or help to clarify the litany of vague terms specifically cited by Samsung in each of these requests. If Apple believes one or more of Samsung's objections to these requests is misplaced, please state which objection and why Apple believes that objection is meritless. Doing so will facilitate the parties' meet and confer process.

Very truly yours,

Michael Fazio