JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. :12-cv-00630-LHK<br><br>**APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>**Hearing:**<br>Date: April 24, 2012<br>Time: 10 a.m.<br>Place:  Courtroom 5<br>Judge:  Paul S. Grewal |

Gibson, Dunn &
Crutcher LLP

1

**TABLE OF CONTENTS**

2

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. i

3

RELIEF REQUESTED ........................................................................................................... i

4

STATEMENT OF ISSUES TO BE DECIDED .................................................................... i

5

APPLE'S CIVIL L.R. 37-2 STATEMENT ........................................................................... ii

6

APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)..........................v

7

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

8

I.      INTRODUCTION ........................................................................................................1

9

II.     FACTS ...........................................................................................................................2

10

        A.      Procedural History ...........................................................................................2

11

        B.      Apple's Efforts to Obtain Answers to its Interrogatories, and Samsung's
                Refusal to Provide Them..................................................................................3

12

13

III.    LEGAL STANDARDS ................................................................................................5

14

IV.     ARGUMENT ................................................................................................................5

15

        A.      Interrogatory No. 4 – Notice of the Patents and Attempts to Avoid
                Infringement.......................................................................................................6

16

17

        B.      Interrogatory No. 8 – Samsung's Copying of Apple Products .......................7

18

        C.      Interrogatories 9 and 10 – Analysis and Discussions Relating to the Patented
                Feautures .............................................................................................................9

19

V.      CONCLUSION ............................................................................................................12

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A & E Products Group v. California Supply, Inc.*,
  1993 WL 461489 (C.D. Cal. 1993) .......................................................................................... 9

*Advanced Display Sys., Inc. v. Kent State Univ.*,
  212 F.3d 1272 (Fed. Cir. 2000) .............................................................................................. 6

*Aho v. AmeriCredit Fin. Serv., Inc.*,
  2012 WL 928243 (S.D. Cal. 2012) ......................................................................................... 5

*Apple, Inc. v. Samsung Elecs. Co.*,
  2011 U.S. Dist. LEXIS 110616 (N.D. Cal. Sept. 28, 2011) ................................................... 7

*Diversitech Corp. v. Century Steps, Inc.*,
  850 F.2d 675 (Fed. Cir. 1988) ................................................................................................ 8

*Elan Microelectronics Corp. v. Apple, Inc.*,
  2011 WL 3443923 (N.D. Cal.) ............................................................................................. 12

*Johnson & Johnston v. R.E. Service*,
  2004 WL 3174428 (N.D. Cal. 2004). ..................................................................................... 6

*Safeco of America v. Rawston*,
  181 F.R.D. 441 (C.D. Cal. 1998) ........................................................................................... 9

*Trevino v. ABC Am., Inc.*,
  232 F.R.D. 612 (N.D. Cal. 2006) ........................................................................................... 9

*Windsurfing Int'l, Inc. v. AMF, Inc.*,
  782 F.2d 995 (Fed. Cir. 1986) ................................................................................................ 9

*Winter v. NRDC, Inc.*,
  129 S. Ct. 365 (U.S. 2008) ..................................................................................................... 6

**Statutes**

Fed. R. Civ. P. 26 ........................................................................................................................ 5

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 4

Fed. R. Civ. P. 33 .................................................................................................................... 1, 6

Fed. R. Civ. P. 33(a) ............................................................................................................ 4, 7, 9

Fed. R. Civ. P. 33(a)(2) ............................................................................................................... 4

Fed. R. Civ. P. 33(b)(2) ............................................................................................................... 3

Fed. R. Civ. P. 34(a) .................................................................................................................... 4

Fed. R. Civ. P. 34(b)(2)(A) ......................................................................................................... 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 36(a)(3)..................................................................................................................... 3

Fed. R. Civ. P. 37(a)(3)(B)................................................................................................................ 4

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on April 24, 2012 at 10 a.m., or as soon as the matter may be

4

heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern

5

District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA

6

95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an order compelling Samsung

7

Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

8

America, LLC (collectively, "Samsung") to respond to interrogatories in Apple Inc.'s First Set of

9

Preliminary Injunction Interrogatories to Defendants Nos. 4 and 8.

10

This motion is based on this notice of motion and supporting memorandum of points and

11

authorities; the supporting declaration of Sarah Simmons (the "Simmons Decl.") and such other

12

written or oral argument as may be presented at or before the time this motion is taken under

13

submission by the Court.

14

**RELIEF REQUESTED**

15

Samsung has failed to respond to Apple's interrogatories relating to key issues at the heart of

16

Apple's Motion for a Preliminary Injunction. (D.I. 10.)  In light of this failure, pursuant to Federal

17

Rule of Civil Procedure 37(a)(1), Apple seeks an order compelling Samsung to respond to Apple's

18

interrogatories as set forth in Apple's Civil L.R. 37-2 Statement (below) by May 1, 2012.

19

**STATEMENT OF ISSUES TO BE DECIDED**

20

1.  Whether Apple is entitled to a response to Interrogatory No. 4, which asks Samsung to

21

identify and describe the facts and circumstances surrounding its knowledge of the four Apple patents

22

at issue in the preliminary injunction motion, and any efforts it has made to avoid infringement.

23

24

2.  Whether Apple is entitled to a response to Interrogatory No. 8, which asks Samsung to

25

identify and describe its efforts to copy Apple products and Apple product features at issue in the

26

preliminary injunction motion.

27

28

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK                    i

3.  Whether Apple is entitled to responses to Interrogatory Nos. 9 and 10, which ask Samsung to identify analyses and discussions relating to the specific patented features at issue, including analyses that go the importance of these features to consumers and Samsung's implementation of them in its products.

## APPLE'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung related to Apple's preliminary injunction motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

1)  Interrogatory No. 4: Describe the facts and circumstances surrounding Samsung's knowledge of the Preliminary Injunction Patents, including but not limited to, whether or not Samsung was aware of each of the Preliminary Injunction Patents prior to the filing of this lawsuit; when Samsung became aware of each of the Preliminary Injunction Patents; how Samsung became aware of each of the Preliminary Injunction Patents; and any efforts made to avoid infringement of each of the Preliminary Injunction Patents; and, identify the person(s) most knowledgeable about the response to this interrogatory, and locate and identify all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

Objections and Response to Interrogatory No. 4: In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent that it seeks "facts and circumstances surrounding" Samsung's knowledge of the preliminary injunction patents; (iii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iv) it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (v) it is vague and ambiguous;

1  (vi) it calls for legal conclusions; and (vii) it is compound and comprises discrete subparts resulting in

2  separate interrogatories.

3     2)  Interrogatory No. 8: Identify and describe in detail any analysis, review, consideration, or

4  copying of, or comparison against any Apple product or product feature in designing or developing,

5  or implementing a feature during the design and/or development of any Samsung smartphone or

6  tablet computer and identify all documents and things relating to your response, and any persons with

7  knowledge regarding your response.

8     Objections and Response to Interrogatory No. 8: In addition to its General Objections above,

9  which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:

10  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12  applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks

13  information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it seeks information that

14  is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (iv) it is

15  vague and ambiguous; and (v) it is compound and comprises discrete subparts resulting in separate

16  interrogatories.

17     3)  Interrogatory No. 9:  For each of the accused features, including Slide to Unlock, Text

18  Correction, Unified Search and Special Text Detection, identify and describe in detail any analysis,

19  whether internal or external, including, but not limited to, any consumer study, consumer demand

20  analysis, survey, or report, or other analysis or discussion, and identify all documents and things

21  relating to your response, and any persons with knowledge regarding your response.

22     Objections and Response to Interrogatory No. 9: In addition to its General Objections above,

23  which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:

24  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

25  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

26  applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks

27  information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is vague and

28

ambiguous, especially with regard to the terms "analysis," consumer study," "consumer demand analysis," "survey," "report," and "other analysis or discussion"; (iv) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "accused features" that are not specifically identified in the interrogatory; and (v) it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

The features identified in this interrogatory – Slide to Unlock, Text Correction, Unified Search and Special Text Detection – were developed by Google, not Samsung. Samsung is presently unaware of any consumer studies, analyses, or reports regarding these features. Samsung's investigation is ongoing and, to the extent that Samsung's investigation subsequently reveals the existence of any such consumer studies, analyses, or reports regarding these features, then Samsung will supplement this response accordingly as well as produce responsive nonprivileged documents regarding any such consumer studies, analyses, or reports regarding these features.

4)  <u>Interrogatory No. 10</u>: For each of the following, identify all discussions, internally or with third parties, regarding, or consideration of, the design, and implementation of, any of the accused features, including (i) Slide to Unlock, (ii) Text Correction, (iii) Unified Search, and (iv) Special Text Detection as implemented in any Samsung product, including but not limited to Samsung smartphones and tablet computers, and identify the three persons most knowledgeable about such discussions, designs, and implementation.

<u>Objections and Response to Interrogatory No. 10</u>:  In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence to the extent that it seeks "all discussions . . . or consideration of" "any of the accused features"; (iv) it seeks confidential proprietary or trade secret information of a third party (Google); (v) it is vague and ambiguous, especially with regard to the term "consideration of"; (vi) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "accused features" that are not specifically identified in the interrogatory; and (vii) it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

Samsung is presently unaware of any non-privileged discussions, internally or externally, regarding design or implementation of the four accused features – Slide to Unlock, Text Correction, Unified Search and Special Text Detection – of Galaxy Nexus. Samsung's investigation is ongoing and, to the extent that Samsung's investigation subsequently reveals the existence of any such discussions, then Samsung will supplement this response accordingly as well as produce responsive non-privileged documents regarding such discussions.

### APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action. Apple's efforts to resolve this discovery dispute without court intervention are described in the declaration of Sarah Simmons, submitted herewith.

GIBSON DUNN & CRUTCHER LLP

Dated: April 12, 2012

By: */s/ H. Mark Lyon*
H. Mark Lyon

***Attorneys for Plaintiff Apple, Inc.***

1  |  **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

2  |  **I.    INTRODUCTION**

3  |  As Apple has been forced to demonstrate to courts all over the world, including this Court,

4  |  Samsung has systematically copied Apple's products and has deluged markets with infringing

5  |  devices in an effort to take market share from Apple using Apple's own patented technology.  On

6  |  February 8, 2012, Apple brought this latest action for patent infringement against Samsung, asserting

7  |  eight patents against an array of infringing Samsung products.  Apple concurrently filed a motion for

8  |  a preliminary injunction based on Samsung's infringement of four of those patents through the sale of

9  |  Samsung's new Galaxy Nexus smartphone.  The Court ordered expedited discovery related to

10 |  Apple's preliminary injunction motion, requiring Samsung respond to Apple's interrogatories within

11 |  21 days of their service.  That order was a critical one given the accelerated briefing and deposition

12 |  schedule that the Court set for this motion, and would be completely eviscerated if Samsung were

13 |  allowed to provide hollow objections, rather than real responses, to Apple's important interrogatories.

14 |  Samsung has failed, however, to provide any substantive answer to many of Apple's

15 |  Interrogatories, thus defeating this Court's objective in ordering expedited discovery.  Samsung has

16 |  refused to disclose its most basic contentions in the case, including its positions on infringement,

17 |  validity, or irreparable harm.[1]  Samsung has also refused to respond to interrogatories targeted at

18 |  specific facts relevant to the preliminary injunction, and it is these interrogatories that form the basis

19 |  of this motion.  Apple has moved to compel responses to Interrogatory Nos. 4, 8, 9 and 10, all of

20 |  which relate to core issues at the heart of Apple's motion, including:

21 |  • Samsung's knowledge of the four Apple patents at issue in the preliminary injunction

22 |  motion, and any efforts to avoid infringement (Interrogatory No. 4)

23 |

_____

24 |  [1]    Samsung also did not respond at to interrogatories 5-7, which requested Samsung's contentions regarding Samsung's theories of non-infringement, invalidity, and irreparable harm.

25 |  Apple has been prejudiced by Samsung's failure to respond to these interrogatories, as Apple has not had the benefit of these responses while preparing for depositions.  Samsung has deprived Apple of

26 |  any meaningful remedy with respect to these interrogatories at the preliminary injunction phase, as

27 |  any court order would come after Samsung's opposition brief is due, and after Apple's depositions are over.  Accordingly, Apple has not moved on these interrogatories at this time.

28 |

Gibson, Dunn &
Crutcher LLP

- Samsung's copying of Apple products and Apple product features (Interrogatory No. 8)

- Analyses and discussions relating to the specific patented features at issue, including analyses that go the importance of these features to consumers and Samsung's implementation of them in its products (Interrogatories No. 9 and 10).

All of these interrogatories, as explained below, are targeted at highly relevant facts.  Evidence of any failed attempts to design around the patents, efforts to copy the Apple products covered by them, and analyses and discussions of the patented features, would all further Apple's showing of likelihood of success on the merits and irreparable harm.  Indeed, Judge Koh has already ruled that the importance of the patented features is directly relevant to the issue of irreparable harm, for example, and Samsung has focused much of its own discovery on that issue.[2]  Samsung has, however, refused to provide any substantive response to these interrogatories, but rather has done nothing more than assert baseless irrelevance, overbreadth, and privilege objections. These interrogatories are at the heart of the parties' dispute, and Samsung's wholesale refusal to substantively respond to them is nothing more than an attempt to run the clock on the Court's accelerated briefing schedule.

## II.      FACTS

### A.      Procedural History

On February 8, 2012, Apple filed in this Court a suit against Samsung for infringement of eight of Apple's patents.  (*See* Complaint, D.N. 1.)  Simultaneously, Apple moved the Court for a preliminary injunction to prohibit Samsung from continuing to make, use, offer to sell, or sell within the United States, or to import into the United States, Samsung's Galaxy Nexus smartphone. (Proposed Order for Preliminary Injunction, D.N. 11; Preliminary Injunction Motion, D.N. 10, at 1.).

The four patents at issue in Apple's motion relate to core smartphone functionalities that have helped make Apple's products successful.  (*Id.* at 26)  The features embodied in these patents, (i)

---

[2]     Apple does not, for the reasons stated in its preliminary injunction motion, agree with the proposition that a patented feature must drive sales for a preliminary injunction to issue (i.e., the Court's "nexus" requirement), and respectfully has appealed the Court's prior ruling on that issue. *See* Apple Motion For Preliminary Injunction (D.I. 10) at 25-26.  Apple nevertheless made a strong showing of nexus in its motion, and importance of the patented features will accordingly be a key issue litigated between the parties.

1    Slide to Unlock, (ii) Text Correction, (iii) Unified Search (i.e., Siri), and (iv) Special Text Detection,

2    are all recognized as important components of Apple's revolutionary iPhone.  (*Id*. at 26-29.)

3           On February 22, 2012, the Court issued a briefing and hearing schedule for Apple's

4    preliminary injunction motion.  (Order Setting Briefing and Hearing Schedule for Preliminary

5    Injunction Motion, D.N. 37 (hereafter, "Briefing Schedule").)  In its Briefing Schedule, the Court

6    ordered that "[t]he parties may obtain discovery relevant to the preliminary injunction motion."

7    (Briefing Schedule at 2.)  The Court further ordered that "[t]o ensure adequate discovery in a timely

8    manner, the Court reduces the time to respond to discovery requests from 30 days after being served

9    to 21 days.  *See, e.g.*, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3)." (*Id.*)

10          **B.     Apple's Efforts to Obtain Answers to its Interrogatories, and Samsung's Refusal
11                   to Provide Them**

12          On March 6, 2012, Apple served on Samsung ten interrogatories pertaining to its preliminary

13   injunction motion.  (Simmons Decl. at 2 and Ex. 1.)  Samsung responded to Apple's interrogatories

14   on March 27, 2012, but refused to provide a substantive response to Interrogatory Nos. 4 and 8-10,

15   among others.  (*Id.*, at 3and Ex. 2.)

16          Apple has diligently pursued an informal resolution of the deficiencies in Samsung's

17   responses through the following:

18          • On March 29, 2012, Apple wrote a letter to Samsung explaining the deficiencies in

19          Samsung's interrogatory responses, including interrogatories 4 and 8-10. (*Id.* at 4 and Ex. 3.)

20          • Samsung responded to this letter on April 2, 2012, attempted to defend Samsung's

21          objections to Apple's interrogatories, but refused to answer any of them.  (*Id.* at 5 and Ex. 4.)

22          • Apple responded with an additional letter on April 4, 2012, explained how Samsung's

23          objections had no basis, again requested that Samsung respond to Apple's interrogatories, and

24          further requested a lead counsel in-person meet and confer.  (*Id.* at 6 and Ex. 5.)

25          • Samsung responded to this letter on April 6, 2012, again defended its objections, and did not

26          agree to respond to Apple's Interrogatories.  (*Id.* at 7 and Ex. 6.)

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK

1    • On April 10, 2012, lead counsel for Apple and Samsung held an in-person meet and confer,

2    addressed all of these interrogatories, but did not resolve their dispute.  Samsung contended

3    that Interrogatories No. 4 and 8 requested information that was not relevant and contained

4    multiple subparts, and that Interrogatory No. 8 was overbroad and unduly burdensome.

5    Samsung would not undertake to respond to either interrogatory as written, but stated that it

6    would consider a narrowed version of Interrogatory No. 8.  Samsung further stated that it

7    would not further respond to interrogatories 9 and 10 because these interrogatories were

8    supposedly limited by the definitions of terms used in the interrogatories to the accused

9    Galaxy Nexus phone, and did not call for information relating to analysis and discussions of

10   the patented features in other products.  Samsung also asserted that these interrogatories

11   requested information purportedly covered by the common interest privilege because they

12   related to discussions between Samsung and Google.  Ultimately, Samsung did not agree to

13   respond to any of Apple's interrogatories.[3]

14   • On April 10, 2012, Samsung sent a letter purporting to summarize the parties' meet and

15   confer.  Samsung failed to address Interrogatory No. 4 in this letter.  Samsung stated that it

16   would not respond to Interrogatory 8 as written, but would consider a narrowed interrogatory.

17   Finally, Samsung would not undertake to provide a response to Interrogatory No. 9-10.  (*Id*. at

18   8 and Ex. 7.)

19   • On April 10, 2012, Apple sent Samsung an email offering to limit the scope of interrogatory

20   No. 8 to acts of copying that took place after 2007.  (*Id*. at 9 and Ex. 8.)

21   • On April 11, 2012, Samsung responded to this email, and refused Apple's offer of

22   compromise.  (*Id*.)

23         As the partied have reached an impasse, Apple now brings this motion to compel Samsung to

24   respond to Interrogatory Nos. 4, 8, 9 and 10.

25   _____
     [3]     Samsung contends that it responded to Interrogatory No. 9 by stating that "Samsung is
26   presently unaware of any consumer studies, analyses, or reports regarding these features."  Samsung
     made it clear at the meet and confer, however, that the only reason Samsung could take this position
27   is because it limited its responses in accordance with Samsung's own narrow (and incorrect)
     interpretation of the definitions and Samsung's baseless common interest objection.
28

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK

1    **III.    LEGAL STANDARDS**

2            A party is entitled to seek discovery of "any nonprivileged matter that is relevant to any

3    party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The scope of allowable discovery "has been

4    construed broadly to encompass any matter that bears on, or that reasonably could lead to other

5    matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v.*

6    *Sanders*, 437 U.S. 340, 351 (1978).

7            The Federal Rules of Civil Procedure state that "[a]n interrogatory may relate to any matter

8    that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).  If a party objects to an

9    interrogatory, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed.

10   R. Civ. P. 33(b).

11           "A party seeking discovery may move for an order compelling an answer . . . if: . . . a party

12   fails to answer an interrogatory submitted under Rule 33." FED. R. CIV. P. 37(a)(3)(B).  If a party

13   provides "an evasive or incomplete . . . answer, [it] must be treated as a failure to . . .  answer . . .

14   ." FED. R. CIV. P. 37(a)(4).  *See also, Thomas v. Nangalama,* 2012 WL 1038106, at *1 (E.D.

15   Cal.).  According to the Federal Rules, "[t]he party seeking to compel discovery has the burden of

16   establishing that its request satisfies the relevance requirement of Rule 26." *Aho v. AmeriCredit Fin.*

17   *Serv., Inc.*, slip op, 2012 WL 928243 *2 (S.D. Cal. 2012).  Once that party establishes the relevancy

18   of the request, "the party opposing discovery has the burden of showing that the discovery should be

19   prohibited, and the burden of 'clarifying, explaining, and supporting its objections.'" *Id.*  "Given the

20   broad scope of discovery in federal cases, a party objecting to discovery on the basis of vagueness,

21   overbreadth, oppression or burden must state specific facts in support of its objection." *Johnson &*

22   *Johnston v. R.E. Service*, 2004 WL 3174428, at *2 (N.D. Cal. 2004).

23   **IV.    ARGUMENT**

24           Each of Apple's interrogatories go to core facts at issue in the preliminary injunction.  As

25   discussed below, Apple's interrogatory on notice of the patents and Samsung's efforts to avoid them

26   (Interrogatory No. 4), Apple's interrogatory on Samsung's copying of Apple's products

27   (Interrogatory No. 8), and Apple's interrogatory on Samsung's analysis and discussions of the

28

1   patented features (Interrogatory Nos. 9-10), are all targeted at highly relevant evidence, and

2   Samsung's blanket refusal to provide any discovery in response to them is baseless.

3       A.      **Interrogatory No. 4 – Notice of the Patents and Attempts to Avoid Infringement**

4           Interrogatory No. 4 asks Samsung to disclose when it first learned of the patents-in-suit and to

5   describe any efforts taken to avoid infringement of those patents.  That information is fundamental to

6   any patent case, and is highly relevant to all off the preliminary injunction factors, including the

7   likelihood of success, irreparable harm, balance of the equities, and public interest.  *See Winter v.*

8   *NRDC, Inc.*, 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish

9   that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

10  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

11  interest.").  For example, any failed efforts to design around the patents at issue would be strong

12  evidence that the patented features are both important to customers and non-obvious, particularly in

13  light of the fact that Samsung felt it had no choice to keep these features in its products in the face of

14  a patent infringement suit.  *See, e.g., Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272,

15  1285 (Fed. Cir. 2000)  ("Objective considerations such as failure by others to solve the problem and

16  copying 'may often be the most probative and cogent evidence' of nonobviousness.").  Accordingly,

17  Interrogatory No. 4 at the very least calls for evidence relevant to irreparable harm and the likelihood

18  of success on validity.[4]

19          As discussed above, Samsung has refused to provide any information in response to this

20  interrogatory on the basis that it seeks information that is irrelevant. Samsung does not dispute that

21  there is responsive, non-privileged information that it has refused to provide.  Nor does Samsung

22  contend that disclosing this information would be unduly burdensome, as it merely requests Samsung

23  to answer discrete questions about its own activities.

24          Samsung's assertion that this interrogatory is irrelevant to the preliminary injunction inquiry

25  because it purportedly relates only to willfulness is contrary to both the facts and the law for all the

26

27      [4]   As discussed above, Judge Koh has determined that the importance of the patented features is
relevant to the irreparable harm case when ruling on Apple's last motion for a preliminary injunction.

28

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK

6

1    reasons explained above.  Moreover, that position is also contrary to Samsung's own positions taken

2    before this Court.  Indeed, Samsung has previously declared to this Court that "**willful infringement,**

3    **including deliberate copying**, **may be relevant to a preliminary injunction motion . . .**" *Apple,*

4    *Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 110616 at *8 (N.D. Cal. Sept. 28, 2011)

5    (emphasis added).   Samsung has no basis for flatly refusing to respond to this key, highly relevant

6    interrogatory.

7           **B.        Interrogatory No. 8 – Samsung's Copying of Apple Products**

8           Interrogatory No. 8 asks Samsung to describe its efforts to copy Apple's products.   Evidence

9    of knowing copying of patented technology is highly relevant in any patent case, and is at the core of

10   the preliminary injunction inquiry in this one.  Samsung, however, has asserted that this interrogatory

11   is irrelevant and overly broad because it is not limited to the copying of the specific features at issue,

12   and has refused to provide any response at all on that basis.  As discussed below, Samsung's copying

13   of the patented features, and its systematic plan to copy the iPhone as a whole, are both highly

14   relevant to the preliminary injunction, and Samsung accordingly has no basis for refusing to respond.

15          ***Evidence of Samsung's Copying of the Patented Features is Clearly Relevant***

16          It is difficult to imagine evidence that would be more relevant to this case than Samsung's

17   efforts to copy the precise accused features that are at issue in this case.  Evidence of Samsung's

18   efforts to copy the patented features would tend to show that Samsung views them as important,

19   further bolstering Apple's showing of irreparable harm.  This evidence would also be relevant to

20   success on the merits, as Samsung's efforts to copy the patented features would be strong evidence

21   that they are not obvious.  *See, e.g., Diversitech Corp. v. Century Steps, Inc*., 850 F.2d 675, 679 (Fed.

22   Cir. 1988) ("Copying is an indicium of nonobviousness, and is to be given proper weight.  Further, it

23   is not necessary for the patentee to prove that the customer knew of and desired every attribute set out

24   in the patent document.") (internal citations omitted).  Finally, knowing copying of a patented feature

25   is strong evidence of willfulness, which, as discussed above, further tips the balance of the equities in

26   Apple's favor.  Samsung's has offered no valid basis for its refusal to provide a response even with

27   respect to the precise features at issue.

28

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK

1    ***Evidence of Samsung's Efforts to Copy the Apple Product as Whole is Also Relevant***

2          Evidence of Samsung's overall strategy to copy Apple's products is also highly relevant to the

3    preliminary injunction motion.  Ever since the introduction of the first iPhone in 2007, Samsung has

4    endeavored to copy feature after feature of Apple's products, model after model, regardless of

5    Apple's repeated lawsuits and in the face of Samsung's deep knowledge of Apple's patents.  *See*

6    Apple Preliminary Injunction Motion (D.I. 10) at 4-6.

7          Evidence of Samsung's systematic copying Apple's products as a whole is highly relevant to

8    the irreparable harm, balance of the hardships, and the public interest factors.  Samsung's long-term

9    strategy of copying the iPhone shows that Samsung intends to target Apple's customers and deprive

10   Apple of market share, and that evidence is directly relevant to Apple's showing of irreparable harm.

11   *See* Apple's Preliminary Injunction Motion (D.I. 10) at 16-17.  Moreover, Samsung's copying tips

12   the balance of the hardships further in Apple's favor, as "[o]ne who elects to build a business on a

13   product found to infringe cannot be heard to complain if an injunction against continuing

14   infringement destroys the business so elected."  *See Windsurfing Int'l, Inc. v. AMF, Inc*., 782 F.2d

15   995, 1003 n.12 (Fed. Cir. 1986).  Finally, there is strong public interest favoring innovation, and

16   disfavoring serial copying by a recidivist infringer such as Samsung.  *See A & E Products Group v.*

17   *California Supply, Inc.*,  1993 WL 461489, 10 (C.D. Cal. 1993) ("the public has an interest in

18   protecting the patent system, and in guarding against further copying of A & E's invention. To that

19   extent, the public interest will be served by a preliminary injunction.").

20         Samsung wrongly contends that the interrogatory is overly broad and burdensome.  Samsung

21   should not be heard to complain that it cannot respond to Apple's interrogatory because Samsung's

22   copying is so extensive and pronounced that it would be difficult to fit a complete narrative of it in an

23   interrogatory.  The narrow limitations that Samsung suggests for this interrogatory—that it only

24   identify copying relating to the four specific features now at issue—are designed to allow Samsung to

25   evade its obligation to provide evidence of its general strategy to copy the iPhone.  That strategy

26

27

28

Apple Inc.'s Motion To Compel Interrogatory
Responses
Case No.:12-cv-00630-LHK

8

bears directly on Samsung's decision to copy the patented features at issue here, and Apple is entitled to have Samsung disclose it through discovery.[5]

### C.   Interrogatories 9 and 10 – Analysis and Discussions Relating to the Patented Feautures

Interrogatory No. 9 and 10 request information about Samsung's analyses of the patented features and their importance to consumers (Interrogatory No. 9), and Samsung's own discussions of these features (Interrogatory No. 10). That information is at the heart of this case. Indeed, given the Court's requirement that Apple prove a nexus between the patented features and the irreparable harm, discussed above, there can be no question that the issue of whether these features are important ones will be hotly contested by the parties.

Instead of providing a response to Apple's interrogatories, however, Samsung has chosen to assert two baseless objections: (1) that interrogatories are limited to the Galaxy Nexus phone and (2) that information exchanged between Samsung and Google relating to these features is somehow protected from disclosure by the common interest doctrine. Neither of these objections, as discussed below, has any basis in fact or law.

### 1.   Samsung has no valid reason to limit the response to Interrogatory Nos. 9 and 10 to the Samsung Galaxy Nexus

Samsung has made it abundantly clear that it is not providing complete responses to Interrogatory Nos. 9 and 10 because Samsung is wrongly interpreting them to call for information relating solely to the inclusion of the patented features in the Galaxy Nexus phone. Samsung is refusing, in other words, to provide any response to these interrogatories with respect to analyses and discussions relating to these features conducted with respect to other Samsung products.

---

[5]   Samsung has also objected to Interrogatories No. 4 and 8 on the basis that they purportedly contain multiple subparts. They do not. Courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ABC Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) quoting *Safeco of America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998). Interrogatory No. 4 relates to notice of the patents and willfulness, and Interrogatory No. 8 relates to copying, and the language in them is fairly confined to those subjects.

1        Samsung's discussion and analyses of the precise patented features at issue in this case is

2  relevant regardless of whether they were conducted specifically in relation to the development of the

3  Galaxy Nexus.  Indeed, the Galaxy Nexus is but the latest in a long line of Samsung Galaxy phones,

4  and is not the first to implement any one of the four accused features in this case.  *See* Apple's

5  Preliminary Injunction Motion (D.I. 10) at 4-6.  For that reason, the most relevant evidence relating

6  to Samsung's analysis of the patented features very well may relate to *prior* phones that were the first

7  to implement these features, and *not* the Galaxy Nexus specifically.  That is true even though these

8  features are just as important to the Galaxy Nexus as they were to past Galaxy models.  Indeed Apple

9  has found selected examples of analyses and discussions relating to these features sprinkled

10  throughout Samsung's document production, including relating to phones other than the Galaxy

11  Nexus.  *See* August, 2010, Samsung Galaxy S Report (Simmons Decl. Ex. 9.) at 31.  Samsung's

12  artificial effort to limit these interrogatories to the Galaxy Nexus is nothing more than an attempt to

13  block highly relevant discovery

14        Samsung's insistence that Apple has limited the interrogatories to the Galaxy Nexus is wrong.

15  The defined terms representing the four accused features are all defined broadly with respect to their

16  technical functionality, and are not limited to a particular device.  *See* Simmons Decl. Ex. 1 at

17  Definition Nos. 3-6. Although each definition clarifies that it must at least be read to include the

18  implementation on the Galaxy Nexus, that definition expressly states that the feature it is not limited

19  to that implementation.  Further, if this clarification were not sufficient, Interrogatory No. 10

20  specifically requests information relating to these features "as implemented in any Samsung product,

21  including but not limited to Samsung smartphones and tablet computers."  That Samsung has to

22  ignore the very language of the interrogatory to make this argument is telling.

          **2.**      **Samsung's reliance on the common interest doctrine is misplaced**

24        Samsung has further refused to provide information with regards to Interrogatory Nos. 9 and

25  10 on the basis that they call for discussions with Google about the accused features, which Samsung

26  contends are privileged and protected under the common interest doctrine.  That claim is baseless and

27  a clear an attempt to hide information relevant to Apple's proper requests.

28

APPLE INC.'S MOTION TO COMPEL INTERROGATORY
RESPONSES
CASE NO.:12-CV-00630-LHK

In their partial response to Interrogatory No. 9 Samsung states that "[t]he features identified in this interrogatory . . . were developed by Google, not Samsung." Now, rather than provide any information about the nature of that collaboration with Google, Samsung is asserting that those discussions are outside the reach of discovery and privileged under the common interest doctrine. This objection has been raised in Samsung's objections to the interrogatories at issue and in the lead counsel meet and confer on April 10, 2012. The objection has no basis under the law.

The common interest doctrine cannot be invoked to block discovery into ordinary course of business discussions between Samsung and Google related to their desire to incorporate the patented features at issue into their products. The common interest doctrine "also known as the joint defense privilege, is a narrow exception that provides that disclosure to a third party does not waive privilege or work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery." *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 at *2 (N.D. Cal.). That is, the common interest doctrine extends an already existing privilege to items shared with a third party.

Assuming for the sake of argument that Samsung and Google share a common interest, much of the information that Apple is seeking is clearly not covered by either the attorney-client privilege or work product doctrine and therefore by extension the common interest privilege. Indeed, Apple is seeking analyses and discussions regarding the accused features conducted in the course of Samsung's business, relating to consumer demand and Samsung's own desire to include these features in Samsung products. Accordingly, Samsung's common interest objection provides it with no basis to refuse to respond with respect to the vast majority of facts covered by Apple's interrogatory.

Finally, to the extent that the interrogatory does call for information relating to discussions between Samsung and Google that involved information that may have been privileged, Samsung has provided no basis for asserting that the common interest theory would apply to them to prevent a waiver of that privilege. Ordinary design discussions or collaborations between the two companies, which undoubtedly occurred, would not fall under the common interest privilege. Samsung has not

identified any discussions that it contends were conducted in furtherance of a joint legal strategy.

Accordingly, Samsung should be compelled to respond to the interrogatories.

## V.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court GRANT Apple's Motion to Compel and order Samsung to respond to Apple's Interrogatory Nos. 4, 8, 9 and 10 by May 1, 2012.

GIBSON DUNN & CRUTCHER LLP

Dated: April 13, 2012                    By:/s/ H. Mark Lyon
                                             H. Mark Lyon

                                             *Attorneys for Plaintiff Apple Inc*

1

## DECLARATION OF SERVICE

2
I, Lorraine Nishiguchi, declare as follows:

3
I am employed in the County of Santa Clara, State of California; I am over the age of 18 years

4
and am not a party to this action; my business address is 1881 Page Mill Road, Palo Alto, California

5
94304, in said County and State.  On April 13, 2012, I served the within:

6
7
8
9
**APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES; DECLARATION OF SARAH E. SIMMONS IN SUPPORT OF APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES; [PROPOSED] ORDER GRANTING APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

10
to all named counsel of record as follows:

 **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents
11
12
13
utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

14
I certify under penalty of perjury that the foregoing is true and correct, that the foregoing

15
document(s) were printed on recycled paper, and that this Declaration of Service was executed by the

16
undersigned on April 13, 2012, at Palo Alto, California.

17
18
_/s/ Lorraine Nishiguchi_
LORRAINE NISHIGUCHI

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP