# EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 6, 2012

<u>Via E-Mail</u>

Brian M. Buroker
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

Re:   Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Mr. Buroker:

I write to respond to Apple's April 4th letter regarding Samsung's responses to Apple's interrogatories.

Regarding the lead trial counsel meet and confer, Samsung proposes April 10, 2012 at 10:00 am pst at Quinn Emanuel's Los Angeles office. Please confirm that this date and time are agreeable.

Samsung notes that Apple failed to respond to numerous statements made by Samsung in its April 2, 2012. Specifically, in its April 2nd letter, Samsung detailed why Apple's Interrogatory Nos. 4 – 8 were compound, irrelevant, and sought Samsung's work product. Apple does not respond to any of these contentions. Similarly, Samsung showed why its responses to Interrogatory Nos. 2 and 3 were adequate. Here too, Apple offers no response, instead contending that its failure to do so was "out of the interest of brevity." If Apple intends to discuss Samsung's objections and responses Interrogatories Nos. 2 – 8 at the lead trial counsel meet and confer, then please respond to Samsung's contentions set forth in its April 2nd letter regarding Interrogatories Nos. 2 – 8 so that Samsung is fully informed and able to respond to Apple's position on these interrogatories. Doing so will facilitate the meet and confer process.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

As to Apple's Interrogatory No. 9, Apple contends that Samsung "adopted a myopic view" of this interrogatory and "responded only to a limited portion of the interrogatory." Samsung did no such thing. Rather, Interrogatory No. 9 requested that for each of the accused features, Samsung "describe in detail any analysis" of those features, followed by Apple's list of examples of types of analysis. Samsung responded that it is "presently unaware of any … analysis … regarding these features." Though Samsung did not specifically list all examples of analysis that Apple listed in its interrogatory, Samsung is agreeable to discussing supplementing this interrogatory to clarify Samsung's response.

Lastly, as to Interrogatory No. 10, Apple contends that Samsung limiting its response to Galaxy Nexus is improper because, according to Apple, "[t]he interrogatory's scope is not limited to the Galaxy Nexus …." Actually, it is. The four "accused features" listed in Interrogatory No. 10 are all defined terms; Apple defined those terms by reference to the Galaxy Nexus only. Thus, this interrogatory is, by Apple's own design, limited to Galaxy Nexus. Aside from that, I do not understand your explanation of the purported relevance of evidence relating to other Samsung products; please explain more clearly how Samsung's use of similar functionality in other products shows either that sales of the Galaxy Nexus irreparably harm Apple, or that Apple is likely to succeed on the merits. Finally, while your letter references Apple's allegations regarding copying of Apple products, the interrogatory does not ask about copying; it seeks *all discussions* regarding the design or implementation of the accused features. If your intention was to seek information about copying, your interrogatory is also overbroad, in addition to its other shortcomings.

Very truly yours,

Michael L. Fazio

02198.51981/4691898.2

2