# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 10, 2012

<u>**Via E-Mail**</u>

Mark Lyon
Gibson Dunn & Crutcher, LLP
1881 Page Mill Road
Palo Alto, California  94304

Re:   <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Counsel:

I write to follow-up on the parties' lead trial counsel meet and confer held on April 10, 2012 at Quinn Emanuel's Los Angeles office.

During the meet and confer, Samsung noted the deficiency with Apple's response to Samsung's Interrogatory No. 4.  Specifically, though Apple supplemented its response to this interrogatory to provide the Bates numbers of certain license agreements, Apple has not represented that those license agreements it identifies constitute <u>all</u> license agreements for the Preliminary Injunction Patents.  Similarly, Samsung pointed out that Apple has not responded to the remainder of Interrogatory No. 4.  In response, Apple agreed to confer internally and, by close of business on April 13, 2012, confirm that the license agreements listed in Apple's Supplemental Interrogatory Response No. 4 represent all license agreements and whether Apple will further supplement this interrogatory to provide the remaining information that it requests.

With respect to Samsung's Interrogatory Nos. 1 and 3, Samsung pointed out that Apple's response is inadequate because it leaves open the possibility that Apple currently knows of facts relevant to Apple's Preliminary Injunction Motion and yet is saving those facts for Apple's Reply brief.  In response, Apple represented that it is not presently aware of any pertinent facts that it is withholding only to insert into its Reply brief.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

As to Samsung's Interrogatory No. 2, Samsung stated that it would be willing to limit the definition of "prior art" as used therein to the prior art of record that Apple disclosed to the USPTO.  Notwithstanding Samsung's offer, Apple refuses to provide any further response to Interrogatory No. 2, contending that Apple believes the information sought by this interrogatory is irrelevant and, according to Apple, it is unable to respond because of the terms "incremental improvement," "prior art" and "design-arounds."

The parties also discussed Samsung's responses to Apple's First Set of Interrogatories.  With respect to Interrogatory Nos. 2 and 3, and in response to Apple's question regarding whether Apple based its Motion on the "wrong" source code, Samsung stated that Apple has, in fact, based its Preliminary Injunction Motion on the wrong source code – meaning that Apple bases its motion upon the publicly available version of Ice Cream Sandwich ("ICS").  The code that is on the Galaxy Nexus phone, however, is not the open source publicly available version of ICS, but rather a proprietary version that only Google possesses.  Samsung again confirmed that it does not have this propriety ICS source code.  Accordingly, Samsung cannot presently make a comparison between that proprietary ICS source code and the open source version.  Samsung confirmed that to the extent Samsung acquires this propriety ICS source code, Samsung will provide it to Apple and the parties will subsequently meet and confer regarding further discovery obligations related to that source code, if any.

With respect to Samsung's response to Apple's Interrogatory No. 8, Samsung again pointed out that this interrogatory was overbroad as it seeks information regarding "any Samsung smartphone or tablet computer."  Samsung also stated that because this interrogatory seeks discovery on all Samsung products, it is irrelevant to Apple's Preliminary Injunction Motion.  Apple responded that it believes this interrogatory is relevant to show a pattern of copying which, according to Apple, may be a "secondary consideration" in showing likelihood of success on the merits.  Apple added that, in its view, this interrogatory may also be relevant to irreparable harm.  Though Samsung disagreed with each of these contentions, Samsung requested a proposal from Apple by which the scope of Interrogatory No. 8 would be narrowed.  Apple stated that it will let Samsung know if it has such a proposal, but Samsung should assume that Apple is unwilling to narrow this interrogatory in any way.

As to Interrogatory No. 9, Apple provided Samsung with three bates numbers of documents produced in other cases between Samsung and Apple that Apple claimed are responsive to this interrogatory.  Samsung has reviewed these three documents.  None deal with Galaxy Nexus or the accused features at issue on Apple's Preliminary Injunction Motion.  If you continue to believe these documents are relevant to Interrogatory No. 9, please explain how; if there are additional documents you would like us to consider on this issue, please identify them.

Samsung also reiterated that its investigation is continuing and, if Samsung discovers information or documents responsive to Interrogatory No. 9, then Samsung will supplement its response accordingly.  Apple was dissatisfied with Samsung's response and indicated that it intends to bring a motion to compel regardless of Samsung's efforts to respond to this interrogatory.  Apple also stated that it may move for an order regarding requirements on Samsung's investigation, but Apple refused to (or was unable to) articulate exactly what relief Apple would seek through such a motion.

2

Samsung also noted that to the extent Apple's Interrogatory No. 9 requests that Samsung identify certain documents produced in other cases, Apple is equally able to search through those productions and identify such documents. Accordingly, Interrogatory No. 9 really amounts to a request that Samsung do Apple's heavy lifting in identifying these documents.

As to Interrogatory No. 10, Samsung stated that it would consider supplementing its response to this interrogatory. However, Apple responded to Samsung's offer by stating that it could not think of anything that Samsung could say or do in response to Interrogatory No. 10 that would satisfy Apple. Notwithstanding Apple's position, Samsung will let Apple know by close of business on April 11, 2012 if Samsung will supplement its response to Interrogatory No. 10.

As to Apple's Interrogatory Nos. 5, 6 and 7, the parties agreed that they are at an impasse and Apple stated that it "may seek relief" at some later date, without specifying what that relief might be.

The parties also agreed to further meet and confer on Samsung's responses to Apple's production requests on April 11, 2012 at 2:00 pm (after the parties' Rule 26(f) conference).

Lastly, though not specifically discussed, Samsung notes that Apple has not responded to Samsung's letter dated April 6, 2012 regarding Apple's objections and responses to Samsung's Requests for Production. Accordingly, Samsung requests that Apple also be prepared to discuss the issues raised in Samsung's April 6th letter during the continued meet and confer tomorrow.

Very truly yours,

Michael L. Fazio