1    JOSH A. KREVITT (CA SBN 208552)          MICHAEL A. JACOBS (CA SBN 111664)
     jkrevitt@gibsondunn.com                   mjacobs@mofo.com
2    H. MARK LYON (CA SBN 162061)             RICHARD S.J. HUNG (CA SBN 197425)
     mlyon@gibsondunn.com                      rhung@mofo.com
3    GIBSON, DUNN & CRUTCHER LLP              MORRISON & FOERSTER LLP
     1881 Page Mill Road                       425 Market Street
4    Palo Alto, CA  94304-1211                 San Francisco, California 94105-2482
     Telephone: (650) 849-5300                 Telephone: (415) 268-7000
5    Facsimile: (650) 849-5333                 Facsimile: (415) 268-7522

6    *Attorneys for Plaintiff Apple Inc.*

7

8

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13   APPLE INC., a California corporation,

14                    Plaintiff,                   CASE NO. 12-cv-00630-LHK (PSG)

15          v.                                     **APPLE INC.'S MOTION TO COMPEL
                                                   PRODUCTION OF DOCUMENTS AND
16   SAMSUNG ELECTRONICS CO., LTD., a             THINGS**
     Korean corporation; SAMSUNG
17   ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG                Date:     April 24, 2012
18   TELECOMMUNICATIONS AMERICA,                  Time:     10 a.m.
     LLC, a Delaware limited liability company,  Place:    Courtroom 5, 4th Floor
19                                                Judge:    Hon. Paul S. Grewal
                      Defendants.
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ............................................................................... ii

RELIEF REQUESTED ................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ............................................................... iii

APPLE'S CIVIL LOCAL RULE 37-2 STATEMENT ..................................................... iii

APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) ...................... xx

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 1

I.      INTRODUCTION .................................................................................................. 1

II.     PROCEDURAL HISTORY ................................................................................... 2

III.    LEGAL STANDARD ............................................................................................ 5

IV.     ARGUMENT ......................................................................................................... 5

        A.      Samsung's Refusal To Produce Documents On Relevance Grounds Is
                Improper Given the Highly-Relevant Nature of Apple's Requests .................... 5

                1.      Documents relating to the design, development and implementation of
                        the accused devices ................................................................................... 6

                2.      Documents relating to the sales of smartphones and competition
                        between Apple and Samsung ..................................................................... 8

                3.      Documents relating to consumer confusion ............................................. 9

        B.      Samsung's Other Objections are Also Inappropriate and Provide Insufficient
                Basis for Withholding Documents ................................................................... 10

                1.      Samsung fails to object with sufficient specificity to justify withholding
                        documents from production .................................................................... 10

                2.      Samsung inappropriately relies on the common interest privilege with
                        regard to communications with and documents received from Google .......... 12

        C.      Apple Already Has Been Prejudiced by Samsung's Witholding of Discovery,
                and Will be Further Prejudiced Unless Samsung is Ordered to Promptly
                Produce Responsive Documents ...................................................................... 13

V.      REQUESTED RELIEF ......................................................................................... 15

VI.     CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aho v. AmeriCredit Fin. Serv., Inc.*, slip op, 2012 WL 928243 (S.D. Cal. 2012) .............................. 10

*Apple Inc.* v. *Samsung Electronics Co., Ltd., et al.,*
   Case No. 5:11-cv-01846-LHK ...................................................................................... 1, 2, 7

*Apple, Inc. v. Samsung Elecs. Co.,*
   2011 U.S. Dist. LEXIS 110616 (N.D. Cal. Sept. 28, 2011) ........................................... 7, 9

*Blankenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir.1975) ........................................................ 10

*DIRECTV, Inc. v. Trone,* 209 F.R.D. 455 (C.D. Cal. 2002) ........................................................ 10

*Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 (N.D. Cal. Aug. 8, 2011) ............... 12

*Hickman v. Taylor,*
   329 U.S. 495 (1947).......................................................................................................... 14

*Johnson & Johnston v. R.E. Service*, 2004 WL 3174428 (N.D. Cal. 2004) ................................ 10, 11

Southwest Aerospace Corp., v. Teledyne Industries, Inc.,
   702 F. Supp 870 (N.D. Ala. 1988) ...................................................................................... 7

**Other Authorities**

NOTES OF ADVISORY COMMITTEE ON RULES—1983 AMENDMENT  FRCP 26 ...................................... 6

**Rules**

Civ. L.R. 37-2 .................................................................................................................... iii, 4

Fed. R. Civ. P. 26 ..................................................................................................................... 3

Fed. R. Civ. P. 26(b) ................................................................................................................ 3

Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 3

Fed. R. Civ. P. 26(b)(2) ........................................................................................................... 4

Fed. R. Civ. P. 34(a) ................................................................................................................ 3

Fed. R. Civ. P. 34(a)(1)(A) ...................................................................................................... 3

Fed. R. Civ. P. 37 ............................................................................................................... ii, iii

Fed. R. Civ. P. 37(a)(3)(B) ...................................................................................................... 3

Fed. R. Civ. P. 37(b)(2) ............................................................................................................ 2

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on April 24, 2012 at 10 a.m., or as soon as the matter may be

4

heard by the Honorable Paul S. Grewal, in in Courtroom 5, United States District Court for the

5

Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose,

6

CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an order compelling

7

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung

8

Telecommunications America, LLC ("Samsung") to produce certain documents in response to

9

Apple's First Set of Preliminary Injunction Requests For Production Nos. 8, 15-16, 18, 21-22, 45, 48

10

-50, 53-55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79, 81, and 91.

11

Apple has filed concurrently a Stipulation to Shorten Time for Briefing and Hearing on

12

Apple's Motion to Compel the Production of Documents and Things.  As detailed in that stipulation,

13

the parties request the Court consider this motion on an expedited basis to allow for the production of

14

any documents the Court may order produced in time for Apple to consider them in drafting its reply

15

brief for Apple's pending Motion for a Preliminary Injunction, which brief is due on May 14, 2012 as

16

required by the Court's February 22, 2012 scheduling order.

17

**RELIEF REQUESTED**

18

1.      In order to obtain necessary discovery with regard to Apple's preliminary injunction

19

motion, and pursuant to Federal Rule of Civil Procedure 37, Apple seeks an order compelling

20

Samsung to produce by no later than April 27, 2012, the following categories of documents that are

21

responsive to Apple's discovery requests:

22
23

- Documents relating to Samsung's design, development and implementation of its products

24

- Documents showing Samsung's analysis, inspection, design around and copying of Apple's products

25

- Documents relating to competition between Apple and Samsung

26

- Documents relating to the smartphone market

27

- Documents indicating consumer confusion related to Samsung's Galaxy Nexus

28

2.      Pursuant to Federal Rule of Civil Procedure 37, Apple also seeks an order compelling Samsung to complete its production of those documents that it has agreed to produce to Apple by April 27, 2012.

## STATEMENT OF ISSUES TO BE DECIDED

Whether, in the context of Apple's Motion for a Preliminary Injunction for which Apple's reply brief is due on May 14 and with a hearing set for early June, Apple is entitled to a complete production by Samsung of documents responsive to Apple's discovery requests by no later than April 27, 2012, for the document requests that are the subject of this motion.

## APPLE'S CIVIL LOCAL RULE 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung relating to Apple's Motion for Preliminary Injunction that are the subject of this motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

1) APPLE's REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to identify the individuals who contributed to, oversaw, or were otherwise involved in the design, development, or implementation of the ability to type, enter, correct, change, or modify text (including letters, numbers, and punctuation marks) in applications, including but not limited to, the email application, Messaging application, Contacts application or Calendar application.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous with regard to the terms "contributed," "oversaw," "design," "development," "implementation," and "otherwise involved in;" (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks documents that are equally or more readily

1 available to Apple than to Samsung.

2   2) APPLE's REQUEST FOR PRODUCTION NO. 15:

3   All documents relating to any analysis, review, consideration, evaluation, inspection, tear-

4 down report, or copying of any Apple product relating to the features and functionality used by the

5 Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including

6 Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

7   SAMSUNG'S OBJECTIONS AND RESPONSE:

8   In addition to its Objections and Responses Common to All Requests for Production, which it

9 hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

10 elicit information subject to and protected by the attorney-client privilege, the attorney work-product

11 doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

12 privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

13 not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

14 overbroad in that it is not limited to any reasonable time period and seeks documents and things

15 related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

16 terms "analysis," "review," "consideration," "evaluation," "inspection," "tear-down report," and

17 "copying;" (v) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to

18 any accused features or functionality that are not specifically identified in the request; and (vi) it

19 seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

20 calculated to lead to the discovery of admissible evidence.

21   3) APPLE's REQUEST FOR PRODUCTION NO. 16:

22   All Documents relating to any analysis, review, consideration, evaluation, or attempts to

23 design around or otherwise avoid infringement of the Preliminary Injunction Patents.

24   SAMSUNG'S OBJECTIONS AND RESPONSE:

25   In addition to its Objections and Responses Common to All Requests for Production, which it

26 hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

27 elicit information subject to and protected by the attorney-client privilege, the attorney work-product

28 doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the terms "review," "consideration," "evaluation," and "design around"; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

4)   APPLE's REQUEST FOR PRODUCTION NO. 18:

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the Android platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product.  Documents responsive to this Request include, but are not limited to, Documents related to the redesign of any Samsung product in light of Apple products.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (v) it is vague and ambiguous with regard to the terms "design," development" and "relating to."

5)   APPLE's REQUEST FOR PRODUCTION NO. 21:

All Documents that comprise, refer, or relate to Samsung's discussion of, both internally and

with third-parties, contributions to and efforts related to the design, development and implementation of Android 4.0 Ice Cream Sandwich.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it seeks documents containing confidential third party information, including information subject to a non¬disclosure or other agreement between Samsung and a third party, or to the extent it seeks documents subject to a protective order; (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (vi) it is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "design, "development," "implementation," "refer," and "relate to."

6)   APPLE's REQUEST FOR PRODUCTION NO. 22:

All Documents that comprise, refer, or relate to communications with or contributions by third parties regarding the design, development, and implementation of the Samsung Galaxy Nexus.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things

related to products not at issue in this litigation; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung; (v) it seeks documents containing confidential third party information, including information subject to a non¬disclosure or other agreement between Samsung and a third party, or to the extent it seeks documents subject to a protective order; (vi) it is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "design," "development," "implementation," "refer," and "relate to;" and (vii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

7)   APPLE's REQUEST FOR PRODUCTION NO. 45:

All Documents relating to actual or perceived competition between Apple and Samsung with regard to Samsung products that use or incorporate the Android platform.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

8)   APPLE's REQUEST FOR PRODUCTION NO. 48:

All Documents relating to the competitive impact that the sale of Samsung products that use or incorporate the Android platform would have or has had on any Apple product.

SAMSUNG'S OBJECTIONS AND RESPONSE:

1    In addition to its Objections and Responses Common to All Requests for Production, which it

2  hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to

3  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

4  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

5  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

6  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

7  overbroad in that it is not limited to any reasonable time period and seeks documents and things

8  related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

9  phrase "competitive impact;" (v) it seeks documents that are equally or more readily available to

10  Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks

11  documents that are not relevant to the claims or defenses of any party and/or not reasonably

12  calculated to lead to the discovery of admissible evidence.

13    9)  APPLE's REQUEST FOR PRODUCTION NO. 49:

14    All Documents relating to the competitive impact that the sale of Apple iOS products would

15  have or has had on any Samsung product.

16    SAMSUNG'S OBJECTIONS AND RESPONSE:

17    In addition to its Objections and Responses Common to All Requests for Production, which it

18  hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to

19  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

20  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

21  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

22  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

23  overbroad in that it is not limited to any reasonable time period and seeks documents and things

24  related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

25  phrase "competitive impact;" (v) it seeks documents that are equally or more readily available to

26  Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks

27  documents that are not relevant to the claims or defenses of any party and/or not reasonably

28  calculated to lead to the discovery of admissible evidence.

10) APPLE's REQUEST FOR PRODUCTION NO. 50:

All Documents relating to the actual or potential competitive impact on any Apple product resulting from the inclusion into any Samsung product of any feature or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringes the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the phrase "actual or potential competitive impact;" (v) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or functionality that are not specifically identified in the request; (vi) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

11) APPLE's REQUEST FOR PRODUCTION NO. 53:

All Documents relating to actual or perceived competition between any Samsung product and any Apple product containing or embodying any of the features or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

1  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

2  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

3  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

4  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

5  overbroad in that it is not limited to any reasonable time period and seeks documents and things

6  related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible,

7  including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are

8  equally or more readily available to Apple than to Samsung, including documents and things that are

9  publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any

10  party and/or not reasonably calculated to lead to the discovery of admissible evidence.

11        12) APPLE's REQUEST FOR PRODUCTION NO. 54:

12        All Documents relating to actual or perceived competition between any smartphone, including

13  but not limited to any Samsung smartphone, and any Apple product.

14        SAMSUNG'S OBJECTIONS AND RESPONSE:

15        In addition to its Objections and Responses Common to All Requests for Production, which it

16  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

17  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

18  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

19  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

20  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

21  overbroad in that it is not limited to any reasonable time period and seeks documents and things

22  related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible,

23  including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are

24  equally or more readily available to Apple than to Samsung, including documents and things that are

25  publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any

26  party and/or not reasonably calculated to lead to the discovery of admissible evidence.

27        13) APPLE's REQUEST FOR PRODUCTION NO. 55:

28        All Documents relating to actual or perceived competition between any Samsung product that

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

1     uses or incorporates the Android platform and any Apple product.

2          SAMSUNG'S OBJECTIONS AND RESPONSE:

3          In addition to its Objections and Responses Common to All Requests for Production, which it

4 hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

5 elicit information subject to and protected by the attorney-client privilege, the attorney work-product

6 doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

7 privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

8 not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

9 overbroad in that it is not limited to any reasonable time period and seeks documents and things

10 related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible,

11 including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are

12 equally or more readily available to Apple than to Samsung, including documents and things that are

13 publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any

14 party and/or not reasonably calculated to lead to the discovery of admissible evidence.

15          14) APPLE's REQUEST FOR PRODUCTION NO. 57:

16          Documents sufficient to identify the market for Samsung products that use or incorporate the

17 Android platform.

18          SAMSUNG'S OBJECTIONS AND RESPONSE:

19          In addition to its Objections and Responses Common to All Requests for Production, which it

20 hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is overly

21 broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a

22 Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any

23 reasonable time period and seeks documents and things related to products not at issue in this

24 litigation; (iii) it is vague and ambiguous with regard to the term "market"; (iv) it seeks documents

25 that are equally or more readily available to Apple than to Samsung, including documents and things

26 that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses

27 of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

28          15) APPLE's REQUEST FOR PRODUCTION NO. 59:

1    All Documents relating to Samsung's strategy to acquire market share for its smartphones.

2    SAMSUNG'S OBJECTIONS AND RESPONSE:

3        In addition to its Objections and Responses Common to All Requests for Production, which it

4    hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

5    elicit information subject to and protected by the attorney-client privilege, the attorney work-product

6    doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

7    privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

8    not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

9    overbroad in that it is not limited to any reasonable time period and seeks documents and things

10   related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

11   terms "strategy," and "market share;" and (v) it seeks documents that are not relevant to the claims or

12   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

13   evidence.

14       16) APPLE's REQUEST FOR PRODUCTION NO. 61:

15       All Documents related to Samsung's strategy to acquire market share for its tablet computers.

16       SAMSUNG'S OBJECTIONS AND RESPONSE:

17       In addition to its Objections and Responses Common to All Requests for Production, which it

18   hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

19   elicit information subject to and protected by the attorney-client privilege, the attorney work-product

20   doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

21   privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

22   not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

23   overbroad in that it is not limited to any reasonable time period and seeks documents and things

24   related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

25   terms "strategy," and "market share;" and (v) it seeks documents that are not relevant to the claims or

26   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

27   evidence.

28       17) APPLE's REQUEST FOR PRODUCTION NO. 62:

1   All Documents related to Samsung's strategy to acquire market share for Samsung products

2   that use or incorporate the Android platform.

3       SAMSUNG'S OBJECTIONS AND RESPONSE:

4       In addition to its Objections and Responses Common to All Requests for Production, which it

5   hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

6   elicit information subject to and protected by the attorney-client privilege, the attorney work-product

7   doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

8   privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

9   not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

10  overbroad in that it is not limited to any reasonable time period and seeks documents and things

11  related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

12  terms "strategy," and "market share;" and (v) it seeks documents that are not relevant to the claims or

13  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

14  evidence.

15      18) APPLE's REQUEST FOR PRODUCTION NO. 63:

16      All Documents related to Samsung's strategy to acquire or take market share from Apple iOS

17  products.

18      SAMSUNG'S OBJECTIONS AND RESPONSE:

19      which it hereby incorporates by reference, Samsung objects to this Request on the grounds

20  that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

21  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any

22  other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it

23  seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally

24  and substantively overbroad in that it is not limited to any reasonable time period and seeks

25  documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous

26  with regard to the terms "strategy," and "market share;" and (v) it seeks documents that are not

27  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

28  discovery of admissible evidence.

19) APPLE's REQUEST FOR PRODUCTION NO. 64:

Documents sufficient to identify the respective market share of each product that competes with Apple iOS products.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous with regard to the terms "market share," and "competes;" (iii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation.

20) APPLE's REQUEST FOR PRODUCTION NO. 67:

Documents sufficient to identify all projections you have reviewed or considered as to the respective market share of each Samsung smartphone, and each product that competes with any Samsung smartphone, is likely to be at any future point.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous, including with regard to the terms "projections," "market share," and "competes;" (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

1  calculated to lead to the discovery of admissible evidence.

2       21) APPLE's REQUEST FOR PRODUCTION NO. 68:

3       Documents sufficient to identify all projections you have reviewed or considered as to the

4  respective market share of each Samsung product that uses or incorporates the Android platform, and

5  each product that competes with any Samsung product that uses or incorporates the Android

6  platform, is likely to be at any future point.

7       SAMSUNG'S OBJECTIONS AND RESPONSE:

8       In addition to its Objections and Responses Common to All Requests for Production, which it

9  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is overly

10  broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a

11  Preliminary Injunction; (ii) it is vague and ambiguous, including with regard to the terms

12  "projections," "market share," and "competes;" (iii) it is temporally and substantively overbroad in

13  that it is not limited to any reasonable time period and seeks documents and things related to products

14  not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it

15  purports to require Samsung to seek information from thousands of people; and (v) it seeks

16  documents that are not relevant to the claims or defenses of any party and/or not reasonably

17  calculated to lead to the discovery of admissible evidence.

18       22) APPLE's REQUEST FOR PRODUCTION NO. 70:

19       Documents sufficient to show Samsung's business plans and marketing strategies for

20  Samsung smartphones and products incorporating or using the Android platform.  Such Documents

21  shall include, but are not limited to, market surveys or studies relating to buyer loyalty and

22  comparisons between the Samsung Galaxy Nexus and any Apple product.

23       SAMSUNG'S OBJECTIONS AND RESPONSE:

24       In addition to its Objections and Responses Common to All Requests for Production, which it

25  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is overly

26  broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a

27  Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any

28  reasonable time period and seeks documents and things related to products not at issue in this

litigation; (iii) it is vague and ambiguous with regard to the terms "business plans," "marketing strategies," "market surveys," "studies," and "buyer loyalty;" and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

23) APPLE's REQUEST FOR PRODUCTION NO. 72:

Documents sufficient to show Samsung's actual or perceived competitors in the market for the Samsung smartphones or Samsung products that use or incorporate the Android platform.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iii) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competitors;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

24) APPLE's REQUEST FOR PRODUCTION NO. 74:

All Documents relating to any customer surveys, studies, analyses or investigations regarding Samsung smartphones or Samsung products that use or incorporate the Android platform.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

1  overbroad in that it is not limited to any reasonable time period and seeks documents and things

2  related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the

3  terms "customer surveys," "studies," "analyses," and "investigations;" and (v) it seeks documents

4  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to

5  the discovery of admissible evidence.

6      25) APPLE's REQUEST FOR PRODUCTION NO. 75:

7      All Documents relating to any customer surveys, studies, analyses or investigations regarding

8  Apple iOS products.

9      SAMSUNG'S OBJECTIONS AND RESPONSE:

10     In addition to its Objections and Responses Common to All Requests for Production, which it

11  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

12  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

13  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

14  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

15  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

16  overbroad in that it is not limited to any reasonable time period and seeks documents and things

17  related to products not at issue in this litigation; (iv) it seeks documents that are equally or more

18  readily available to Apple than to Samsung, including documents and things that are publicly

19  available; (v) it is vague and ambiguous with regard to the terms "customer surveys," "studies,"

20  "analyses," and "investigations;" and (vi) it seeks documents that are not relevant to the claims or

21  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

22  evidence.

23     26) APPLE's REQUEST FOR PRODUCTION NO. 77:

24     All Documents relating to any advertising, promotions, actual or considered related to

25  Samsung smartphones or Samsung products that use or incorporate the Android platform.

26     SAMSUNG'S OBJECTIONS AND RESPONSE:

27     In addition to its Objections and Responses Common to All Requests for Production, which it

28  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

1   elicit information subject to and protected by the attorney-client privilege, the attorney work-product

2   doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

3   privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

4   not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively

5   overbroad in that it is not limited to any reasonable time period and seeks documents and things

6   related to products not at issue in this litigation; (iv) it seeks documents that are equally or more

7   readily available to Apple than to Samsung, including documents and things that are publicly

8   available; (v) it is vague and ambiguous with regard to the terms "advertising," and "promotions;"

9   and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not

10  reasonably calculated to lead to the discovery of admissible evidence.

11      27) APPLE's REQUEST FOR PRODUCTION NO. 79:

12      Documents sufficient to show Samsung's U.S. market share for smartphones and tablet

13  computers between 2007 and the present.[1]

14      SAMSUNG'S OBJECTIONS AND RESPONSE:

15      In addition to its Objections and Responses Common to All Requests for Production, which it

16  hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to

17  elicit information subject to and protected by the attorney-client privilege, the attorney work-product

18  doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

19  privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

20  not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is vague and ambiguous with

21  regard to the term "market share;" (iv) it is temporally and substantively overbroad in that it is not

22  limited to any reasonable time period and seeks documents and things related to products not at issue

23  in this litigation; (v) it seeks documents that are not relevant to the claims or defenses of any party

24  and/or not reasonably calculated to lead to the discovery of admissible evidence; and (vi) it seeks

25  documents that are equally or more readily available to Apple than to Samsung, including documents

26  and things that are publicly available.

27

28

---

[1]   The language of Apples Request for Production No. 79 has been edited to conform with an agreement between the parties.

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

28) APPLE's REQUEST FOR PRODUCTION NO. 81:

Documents sufficient to show Samsung's actual sales and market share for Samsung products that use or incorporate the Android platform, including but not limited to Documents sufficient to show sales and market share on a product-by-product basis, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from 2007 through trial.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iii) it is unduly burdensome to the extent it purports to require Samsung to produce information in a format different from how it is kept in the ordinary course of business; (iv) it is vague and ambiguous with regard to the terms "actual sales," and "market share;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

29) APPLE's REQUEST FOR PRODUCTION NO. 91:

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Samsung Galaxy Nexus, or a Samsung Galaxy Nexus for an Apple product.

SAMSUNG'S OBJECTIONS AND RESPONSE:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents

not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; (v) it is vague and ambiguous with regard to the term "confused"; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

### APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action.  Apple's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Sarah E. Simmons in Support of Motion to Compel Production of Documents and Things (the "Simmons Decl.") and exhibits attached thereto, submitted concurrently herewith.

Dated:  April 13, 2012                      GIBSON, DUNN & CRUTCHER LLP


                                            By:  /s/ H. Mark Lyon


                                            Attorneys for Plaintiff
                                            APPLE, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On February 8, 2012, Apple filed the instant case along with a motion for preliminary injunction seeking to enjoin the irreparable harm caused by Samsung's sales of its Galaxy Nexus phones.  (*See* Dkt. No. 10.)  Apple's Preliminary Injunction Motion is the latest in its ongoing battle to stem the irreparable harm caused by Samsung's systematic effort to copy and incorporate in Samsung's products the unique (and patented) design, features, and user experience delivered by Apple's iPhones, iPads and iPod touch devices.  (*See* Dkt. No. 10 at 4-7.)  The Motion is premised on Samsung's knowing infringement of four Apple patents (the "Preliminary Injunction Patents") which cover several of Apple's foundational innovations in smartphone technologies, including the slide to unlock and word recommendation functionalities that have become a hallmark of Apple's market-leading products and that consumers now find they cannot live without.

Recognizing the need for expedited handling of discovery and briefing for this motion, Judge Koh ordered shortened 21-day response times for discovery requests and provided that Samsung must file its opposition on April 23, 2012, followed by Apple's reply on May 14, 2012, to permit a hearing on Apple's motion by June 7, 2012.  (Dkt. No. 37.)  However, Samsung now seeks to "run out the clock" by disregarding the Court's procedural schedule altogether and by withholding even the most basic discovery that is undeniably relevant to Apple's Preliminary Injunction Motion.

Samsung has initially bottled up the discovery process and refused to produce documents responsive to *over 70% of Apple's document requests*, including documents that Samsung has *previously admitted to be relevant*.  As just one example, Samsung refuses to produce any documents on basic topics such as documents relating to "*copying of any Apple product relating to the features and functionality used by the Samsung Galaxy Nexus*," (Request No. 15, emphasis added).  This is despite Samsung's prior representation to this Court that "willful infringement, including deliberate *copying, may be relevant to a preliminary injunction motion . . . .*" *Apple, Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 110616 at *8 (N.D. Cal. Sept. 28, 2011) (emphasis added).

Nor is this the first time Samsung has ignored its discovery obligations.  In a previous case before this Court, Samsung acted with such flagrant disregard for its discovery obligations and this

court's orders that Apple was forced to move for sanctions.  *See* Apple's Rule 37(b)(2) Motion re Samsung's Violation of January 27, 2012 Damages Discovery Order, *Apple Inc.* v. *Samsung Electronics Co., Ltd., et al.,* Case No. 5:11-cv-01846-LHK.  (Simmons Decl. ¶ 2, Ex. 1.)  Samsung's actions in this case are even more egregious because, here, Samsung does not even put up the pretense that it will comply with its discovery obligations at *some later date*.  Instead, as described below, Samsung's position with respect to the overwhelming majority of document requests served by Apple is that it will not produce responsive documents – now *or ever*.

Accordingly, Apple requests that the Court compel Samsung to fully and completely respond to Apple's requests for production by producing all responsive documents by no later than April 27, 2012.

## II.    PROCEDURAL HISTORY

Samsung launched the Galaxy Nexus in December of 2011.  (Simmons Decl. ¶ 3, Ex. 2.)  The Galaxy Nexus runs the latest version of Android's smartphone platform, which is dubbed "Ice Cream Sandwich," and was the first phone sold in the United States that was so equipped.  (*Id.* at ¶ 4, Ex 3.)  On February 8, 2012, along with its Complaint, Apple filed a Motion for Preliminary Injunction seeking to halt the sale of the Samsung Galaxy Nexus smartphone during the course of this litigation.  (Dkt. No. 10.)

Apple filed its Motion for Preliminary Injunction based on assertions that Samsung infringes four key Apple patents: U.S. Patent Nos. 5,946,647 (the "'647 patent"); 8,086,604 (the "'604 patent"); 8,046,721 (the "'721 patent"); and 8,074,172 (the "'172 patent").  (*See id.*)  Apple's '647 patent is directed to technology that enables a user, for example, to initiate a phone call directly from a web page, or to save information directly to the user's contacts, by simply touching the phone's screen at the location of the information on the web page on the screen and then selecting the desired action.  (*Id.* at 11-12.)  Similarly, Apple's '604 patent is directed to technology that enables a user, for example, to perform a search request (such as by asking the phone a question) that can search multiple sources of information both on the device (such as the user's contacts) and off the device (such as the worldwide web), all with a single interface.  (*Id.* at 12.)  Apple's '721 patent is directed to technology that enables a touchscreen device user to "unlock" the device by performing a gesture

on an "unlock image," which moves on the screen according to the user's gesture.  (*Id.* at 13.)
Finally, Apple's '172 patent teaches, for example, proving word suggestions as the user is entering
characters onto a touchscreen keyboard.  If the touchscreen detects a particular user action, the
characters being entered are replaced with one of the word suggestions, and if the touchscreen detects
a different user action, the characters being entered are not replaced.  (*Id.* at 14.)

On February 22, 2012 the Court issued an order allowing for expedited discovery relating to
the preliminary injunction motion, reducing "the time to respond to discovery requests from 30 days
after being served to 21 days."  (Dkt. No. 37.)  The Court ordered that "[t]he parties may obtain
discovery relevant to the preliminary injunction motion" and "encourage[d] the parties to make all
efforts to keep discovery requests reasonable in scope and narrowly tailored to address the
preliminary injunction motion."  (*Id.* at 2.)

In accordance with the Court's Order, Apple served its First Set of Preliminary Injunction
Requests for Production of Documents on Samsung on March 6, 2012.  (Simmons Decl. ¶ 5 Decl.,
Ex. 4.)  Samsung served its responses to Apple's First Set of Preliminary Injunction Requests for
Production of Documents on March 27, 2012.  (Simmons Decl. ¶ 6, Ex. 5.)  Samsung initially
produced only about 4,000 pages of documents on March 27, 2012.  (Simmons Decl. ¶ 8, Ex. 6.)
Subsequent Samsung productions have taken place on April 2nd, 8th, 10th, 11th, 12th and 13th.
(Simmons Decl. ¶ 7.)  Up until April 10th (two weeks after Samsung's initial responses were served),
Samsung had produced only 26,705 pages of documents.  (Simmons Decl. ¶ 19.)  Indeed, as of the
filing date of this motion, Samsung has produced less than half of the number of pages that Apple has
produced in this litigation.  (Simmons Decl. ¶ 20.)

This limited production is due, at least in part, to Samsung's simple refusal to respond to the
majority of Apple's document requests.  In its responses, Samsung refused to produce any documents
in response to over 70% of Apple's requests.  (Simmons Decl. ¶ 8, Ex. 6.)  Samsung has even gone
so far as to claim that it is not obligated to produce any prior art related to the Preliminary Injunction
Patents prior to the filing of its opposition brief.  (*See* Simmons Decl. ¶ 9, Ex. 7.)

And even as to those document requests for which Samsung did agree to produce materials,
Samsung's production is both purposefully tardy and wholly deficient.  Indeed, Samsung

*acknowledges* that its production is incomplete, but refuses to detail what materials it has yet to produce, or provide a date certain by which those materials will be produced.  (Simmons Decl. ¶ 10.)  Instead, as noted above, Samsung has opted to send to Apple small batches of documents in a trickle effect.  At the same time, Samsung has opted to withhold key documents from production until Samsung eventually discloses the documents at deposition in an attempt to sandbag Apple's witnesses.  (*See* Simmons Decl. ¶¶ 7, 11-12, Ex. 11.)

In an attempt to promptly remedy these problems, Apple has diligently pursued an informal resolution of the deficiencies in Samsung's responses, including through the following:

• On March 31, 2012, Apple sent a letter to Samsung regarding the clear deficiency of Samsung's production, which at the time included "fewer than 200 documents totaling only about 4,000 pages . . . and fail[ed] to include a single Korean language document.  The absence of [which] made it clear that Samsung made no effort to satisfy its discovery obligations, including a total failure to contact, interview, or meet with Samsung personnel who may have relevant information."  (Simmons Decl. ¶ 8, Ex. 6.)  In addition, the letter addressed Apple's concern that "Samsung ha[d] simply objected and refused to produce any documents in response to over 70% of Apple's requests for production."  (*Id.*)

• Samsung responded to this letter on April 3, 2012.  (Simmons Decl. ¶ 9, Ex. 7.)

• Apple responded with an additional letter on April 6, 2012.  (Simmons Decl. ¶ 13, Ex. 8.)

• On April 10, 2012, lead counsel for Apple and Samsung held an in-person meet-and-confer, but did not resolve their dispute.  (Simmons Decl. ¶ 14.)

• On April 11, 2012, Samsung sent a letter agreeing to produce certain additional documents to Apple.  (Simmons Decl. ¶ 15, Ex. 9.)

• On April 12, 2012, Apple sent an email to Samsung further agreeing to withdraw certain Requests for Production in an effort to resolve this dispute.  (Simmons Decl. ¶ 16, Ex. 10.)

• The parties held further meet-and-confer calls on April 11th and 13th, but still have been unable to resolve their dispute.  (Simmons Decl. ¶ 17.)

While Apple and Samsung have been able to compromise on a number of issues, the parties are now at an impasse with regard to 29 of Apple's requests.  As a result, Apple now brings this

1   motion to compel Samsung to produce by no later than April 27, 2012, all documents responsive to

2   Request Nos. 8, 15-16, 18, 21-22, 45, 48-50, 53-55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79, 81

3   and 91.

4   **III.    LEGAL STANDARD**

5           The Federal Rules of Civil Procedure afford both parties in this case a broad right to

6   discovery.  Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter

7   that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  To obtain this discovery

8   "[a] party may serve on any other party a request within the scope of Rule 26(b): to produce and

9   permit the requesting party or its representative to inspect, copy, test, or sample . . . any designated

10  documents or electronically stored information." Fed. R. Civ. P. 34(a)-(a)(1)(A).  If "a party fails

11  to . . . permit inspection . . . [the] party seeking discovery may move for an order compelling . . .

12  production."  Fed. R. Civ. P. 37(a)(3)(B).

13          "[T]he moving papers [of a motion to compel] must detail the basis for the party's contention

14  that it is entitled to the requested discovery and must show how the proportionality and other

15  requirements of F. R. Civ. P. 26(b)(2) are satisfied." Civ. L.R. 37-2.

16  **IV.    ARGUMENT**

17          As the Court ordered on February 22, 2012, Apple has tailored its requests to seek documents

18  "relevant to the preliminary injunction motion."  Nevertheless, Samsung has flatly refused to produce

19  *any* documents in response to the vast majority of Apple's Requests for Production.  (*See* Simmons

20  Decl. ¶ 8, Ex. 6.)   This motion focuses on 29 of those requests for which Samsung continues to

21  refuse to produce any documents.

22          **A.     Samsung's Refusal To Produce Documents On Relevance Grounds Is Improper
                      Given the Highly-Relevant Nature of Apple's Requests**

23
24          To begin, Samsung has refused on *relevance* grounds to produce *any* documents relating to a

25  large number of requests that seek documents that are, in fact, highly relevant to Apple's Preliminary

26  Injunction Motion.  As set forth below, each of the following categories of requests seeks information

27  that is specifically designed to develop the evidence that will allow the Court to properly decide

28  Apple's motion.  In particular, Samsung has refused to produce documents in response to the

following categories of requests:

**1.    Documents relating to the design, development and implementation of the accused devices**

Samsung refuses to produce documents that relate to the fundamental issues regarding Samsung's design of the accused features and the Galaxy Nexus.  Specifically, Apple requested, and Samsung refuses to produce, documents that:

- relate to Samsung's discussion with third parties of the design, development and implementation of the Android 4.0 Ice Cream Sandwich platform and the Samsung Galaxy Nexus (Request Nos. 21-22)

- are sufficient to identify the individuals who were "involved in the design, development, or implementation of the" accused features and functionalities (Request No. 8)

These requests, of course, relate directly to Apple's claims of infringement insofar as the requested documents reveal how the accused devices operate.  Moreover, such documents would show Samsung's interactions with third parties, such as Google, in the development of the Android Ice Cream Sandwich platform and its implementation in the Galaxy Nexus.  Nevertheless, Samsung simply refuses to produce these documents.

Samsung also refuses to produce documents that relate to its analysis, inspection, design around or copying of Apple's products in the process of creating its products.  Apple has requested documents that:

- relate to the "design or development of any Samsung smartphone or products that use or incorporate the Android platform that mention or refer to Apple or Apple products" (Request No. 18)

- relate to any "analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product relating to the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents" (Request No. 15)

- relate to any "analysis, review, consideration, evaluation, or attempts to design around or otherwise avoid infringement of the Preliminary Injunction Patents" (Request No. 16)

Samsung objects to these requests on two primary grounds, neither of which has merit. Samsung first argues that its consideration and analysis of Apple products, features and patents is irrelevant to the issues involved in Apple's Preliminary Injunction Motion.  However, as part of its

1    demonstration that the patents are valid and infringed, Apple has presented evidence that Samsung

2    "has systematically copied Apple's innovative technology and products, features and designs, and has

3    deluged the markets with infringing devices." (Dkt. No. 10 at 1.)  This same evidence, of course,

4    applies to the weighing of the balancing of hardships as well as public interest factors.  (*See id.*) at 31

5    ("Samsung's serial infringement and disregard of Apple's rights also does violence to the public's

6    strong interest in promoting innovation and protecting intellectual property rights.")

7           Indeed, Samsung previously argued in an earlier case that such issues *were relevant*, and that

8    Apple's alleged failure to present evidence on such issues justified a denial of Apple's request for a

9    preliminary injunction:  "[a]lthough willful infringement, including deliberate copying, may be

10   relevant to a preliminary injunction motion, Apple has offered no evidence of such copying or willful

11   infringement."  *Apple, Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 110616 at *8 (N.D. Cal.

12   Sept. 28, 2011) (emphasis added).  Now, having explicitly argued that such materials are relevant,

13   Samsung deliberately withholds the materials from Apple.

14          Second, Samsung posits that any requests not entirely limited to materials discussing the

15   Galaxy Nexus device are irrelevant to the Preliminary Injunction Motion and thus overbroad.  But

16   evidence that Samsung copied or implemented the accused features in other Samsung products is

17   relevant to any inquiry of a nexus between the accused features and any harm caused by the sale of

18   infringing devices.  This evidence would demonstrate the importance of the accused features to both

19   Samsung and to Apple, and that Samsung has systematically copied Apple's technology and products

20   in an effort to usurp market share from Apple.  *See, e.g Southwest Aerospace Corp., v. Teledyne*

21   *Industries, Inc.*, 702 F. Supp 870 (N.D. Ala. 1988) ] (granting Preliminary Injunction because, "[i]n

22   view of the evidence that Teledyne deliberately copied the claimed invention developed by

23   Southwest the Court finds that, at this stage, the public policy of protecting patent rights is more

24   strongly implicated here such that Southwest should be able to prevent Teledyne from selling what

25   Teledyne admits are copies of Southwest's turbine air vent reeling containing the '368 Patent art.").

26          Such evidence would thus bolster Apple's arguments related to its likelihood of success in

27   showing Samsung violated its patents and the irreparable harm it will suffer at the hands of Galaxy

28   Nexus sales. *See Apple, Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 110616 at  at 4 ("Despite

Samsung's prior attempts to make inroads in the smartphone market, Samsung did not have a competitive smartphone on the market when Apple introduced the iPhone in 2007"); 5 ("Samsung has flooded markets around the world with multiple different generations of its Galaxy smartphones, all of which closely imitate the iPhone").   Additionally, if the accused features were first developed in connection with Samsung's earlier products, information relating to those development efforts would also be pertinent to demonstrating Apple's likelihood of success.

Accordingly, there is no basis for Samsung to withhold materials relating to the design of the accused products, including those that reveal communications with third parties or that show Samsung's use of Apple materials and technology in the design process.

### 2.   Documents relating to the sales of smartphones and competition between Apple and Samsung

Apple also requested Samsung's documents that relate to competition between Apple and Samsung, the smartphone market generally and the importance of first time smart phone buyers to a company's market share.   Among other things, Samsung has refused to produce:

- documents relating to actual or perceived competition between Apple and Samsung and their products and platforms, the competitive impact of the sales of Apple products on Samsung and vice versa and the importance of the patented features to competition between the two parties (Request Nos. 45, 48-50, 53-55, 72)

- "[d]ocuments sufficient to identify the market for Samsung products that use or incorporate the Android platform" and "[d]ocuments relating to any customer surveys, studies, analyses or investigations regarding Samsung smartphones or Samsung products that use or incorporate the Android platform" among many other categories of documents clearly relevant to the general smartphone market (Request Nos. 57, 59, 61-64, 67, 68, 70, 74, 75, 77 and 79, 81)

During the meet and confer process, Samsung argued that it need only produce documents that relate to specifically to the Galaxy Nexus.   Samsung denies that the state of the smartphone market and the roles Apple and Samsung play within that market affect the outcome of Apple's Motion for Preliminary Injunction.

However, responsive documents would show that this motion is the latest in a long list of skirmishes between these two companies and would demonstrate the general competition in the marketplace between Apple and Samsung which is relevant to the preliminary injunction determination.   One of the primary reasons Apple requests an injunction halting the sale of the

1   Galaxy Nexus is that the "smartphone market is in the midst of a critical juncture in which a vast

2   number of consumers will purchase their first smartphone . . . [and] a consumer's first purchase of a

3   smartphone exerts substantial influence over subsequent purchases, locking in a preference for the

4   first chosen platform long into the future."  (Dkt. No. 10 at 7-8.)

5          In determining whether Apple will suffer harm if Samsung is allowed to continue to sell the

6   Samsung Galaxy Nexus during the course of this litigation, the Court will likely consider where the

7   parties and their products stand within the market now, where they are likely to stand in the future

8   and how Samsung intends to change those standings.  (*See id.*) at 18 ("Apple has provided a detailed,

9   expert analysis of the smartphone market, demonstrating conclusively that Apple will lose market

10  share to Samsung during the pendency of this case if the Court does not enter a preliminary

11  injunction").

12                 **3.      Documents relating to consumer confusion**

13         Samsung refuses to produce the documents in its possession that relate to any incidences of

14  consumer confusion between the Galaxy Nexus and any Apple products.  (*See* Request No. 91.)  If

15  consumers are confusing the Galaxy Nexus for any of Apple's products, it would indicate just how

16  far Samsung has gone in copying Apple's designs and technology.  (Dkt. No. 10 at 5 ("Samsung did

17  not stop with just copying the design and form of the iPhone—Samsung also misappropriated

18  Apple's application images and icons, and aspects of the unique iPhone user experience").)  Any

19  evidence of confusion would speak directly to the harm Apple will suffer without a preliminary

20  injunction—consumers would continue to purchase Samsung's products despite their intention to buy

21  Apple's products.  In addition, such confusion might also go to showing that the harm from sales of

22  infringing products is related to the patented features.

23         Instead, Samsung is standing on its boilerplate objections arguing that this request is overly

24  broad in scope, not properly time-limited despite the fact that the Galaxy Nexus was only released

25  four months ago, and that it does not understand the term "confused."  These objections are

26  unfounded and Samsung has no good reason to withhold these clearly relevant documents.  (*See also*

27  Section IV.B. below for discussion regarding overbreadth and vagueness objections.)

28

Gibson, Dunn &
Crutcher LLP

**B.      Samsung's Other Objections are Also Inappropriate and Provide Insufficient Basis for Withholding Documents**

**1.      Samsung fails to object with sufficient specificity to justify withholding documents from production**

According to the Federal Rules, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." *Aho v. AmeriCredit Fin. Serv., Inc.*, slip op, 2012 WL 928243 *2 (S.D. Cal. 2012).  Once that party establishes the relevancy of the request, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of 'clarifying, explaining, and supporting its objections.'" *Id.* (citing *DIRECTV, Inc. v. Trone,* 209 F.R.D. 455, 458 (C.D. Cal. 2002) citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).  As detailed above, each of Apple's Requests for Production contained in this Motion is relevant to Apple's Preliminary Injunction Motion.  Samsung, however, has failed to meet its burden of supporting its objections.

"Given the broad scope of discovery in federal cases, a party objecting to discovery on the basis of vagueness, overbreadth, oppression or burden must state specific facts in support of its objection." *Johnson & Johnston v. R.E. Service*, 2004 WL 3174428, at *2 (N.D. Cal. 2004). Samsung objects to every single one of Apple's Requests for Production included in this Motion by stating boilerplate objections such as that Apple's requests are "overly broad and unduly burdensome," "vague" and "ambiguous."  Yet despite the parties' extensive meet and confer efforts, Samsung has failed to state any specific facts detailing in what ways Apple's requests are "overly broad and unduly burdensome," "vague" or "ambiguous."  *See id.* ("The burden now falls upon . . . the party resisting discovery, to clarify and explain its objections and to provide support therefor."). Samsung has limited its support for its objections to the "burdensome" and "vague" nature of Apple's requests to the general and conclusory statements contained in its initial response to Apple's First Set of Preliminary Injunction Requests for Production of Documents.  It is well-settled law that these statements, without more, do not satisfy Samsung's burden of supporting its objections.  *Aho*, 2012 WL 928243 *6 (granting motion to compel because while "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of 'clarifying, explaining, and supporting its objections.' . . . Defendant does not describe in detail precisely why producing this

1    relevant information would constitute an undue burden; instead, Defendant provides general and

2    conclusory statements that . . . requesting the auto auction invoices 'would be very burdensome both

3    to the auctions and AmeriCredit.'") (internal citations omitted).

4         Samsung similarly objects to every single Request for Production in this Motion as

5    "temporally and substantively overbroad in that it is not limited to any reasonable time period and

6    seeks documents and things related to products not at issue in this litigation."  Yet Samsung relies on

7    this objection even with respect to requests that specifically call for analyses of the Preliminary

8    Injunction Patents (*see, e.g.*, Request 16) and information regarding the Galaxy Nexus, the key

9    product at issue in this litigation (*see, e.g.*, Requests 16, 22, 50, 53, 91).  While these overbreadth

10   objections are not well-grounded even if taken at face value, Samsung has provided no facts to

11   support this apparently boilerplate objection to each of Apple's Requests.  Because Samsung has

12   failed to meet its burden of justifying its objections, the Court should disregard Samsung's improper

13   objections.

14        Another objection that Samsung has failed to support is its frequent objection that Apple's

15   Requests for Production seek "documents that are equally or more readily available to Apple than to

16   Samsung."  (Objections to Request Nos., 8, 22, 45, 48-50, 53-55, 57, 75, 77, 79, 81.)  This objection

17   simply cannot serve as a defense to Samsung's obligation to produce internal documents responsive

18   to each of these Requests.  Yet, Samsung continues to maintain this objection as a justification for

19   refusing to produce documents responsive to Apple's Requests.

20        Ordering a date certain by which Samsung must complete its production similarly does not,

21   without more, render Apple's Requests for Production unduly burdensome.  *Johnson & Johnston*,

22   2004 WL 3174428, at *2 (ordering a date by which production must be completed where the party

23   objecting to discovery "offers no date certain for production [and] provides neither a substantive

24   objection nor a justification for not expediting its production.").  Samsung has offered no justification

25   for not expediting its discovery, as this Court ordered the parties to do, and so Apple respectfully

26   requests that this Court order Samsung to complete all discovery by April 27, 2012.

27

28

### 2.   Samsung inappropriately relies on the common interest privilege with regard to communications with and documents received from Google

One objection that spans numerous categories of Samsung's responses to Apple's Requests for Production included in this Motion is a refusal to produce documents based on a common interest privilege with Google.  (*See* Request for Production Nos. 15-16, 18, 21-22, 45, 48-50, 53-55, 59, 61-63, 74-75, 77, 79 and 91.)  This objection should not be the basis for an absolute refusal to produce any documents in response to these requests.

Most communications, such as engineering discussions, between Samsung and Google would likely not be attorney-client communications, and so would not be privileged in the first instance. The common interest doctrine cannot create privilege where none exists, but merely serves as an exception to waiver of the attorney-client or work product privilege.  *See Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 at *2 (N.D. Cal. Aug. 8, 2011) ("The common interest doctrine, also known as the joint defense privilege, is a narrow exception that provides that disclosure to a third party does not waive privilege or work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery.").

Moreover, as this Court has recently held, the common interest privilege "does not extend to communications about a joint business strategy that happens to include a concern about litigation." *Id.* (quotation omitted).  Samsung's relationship with Google falls squarely in the category of "a joint business strategy that happens to include a concern about litigation."  Samsung acknowledges the business nature of this relationship with Google by asserting in its responses that "the source code for the version of Ice Cream Sandwich used on Galaxy Nexus *was written by Google, not Samsung*." (Simmons Decl. ¶ 9, Ex. 7 at 3 (emphasis in original).)  However, concerns about litigation involving this source code are insufficient to cause communications between Samsung and Google to be privileged.  *See Elan*, 2011 WL 3443923 at *4 (holding that "Elan's justification falls far short of the mark" for applying the common interest privilege where Elan presented patent analyses to its "downstream customers [who] were faced with the prospect that Synaptics and Apple would assert similar patent infringement claims against them.").  This Court should therefore order that all communications between Samsung and Google relevant to Apple's Requests for Production be produced and require that Samsung provide sufficient information regarding any documents it seeks

1   to withhold based on a common interest privilege to justify the assertion of this privilege by no later

2   than April 27, 2012.[2]

3         **C.    Apple Already Has Been Prejudiced by Samsung's Witholding of Discovery, and Will be Further Prejudiced Unless Samsung is Ordered to Promptly Produce**

4               **Responsive Documents**

5        The effects of Samsung's refusal to play by the rules were in full display when Samsung

6   recently deposed Apple's technical expert, Dr. Ravin Balakrishnan.  Samsung has taken the position

7   that it need not produce prior art relevant to the Preliminary Injunction Patents in response to Apple's

8   discovery requests until Samsung's opposition brief is due.  (*See* Simmons Decl. ¶ 9, Ex. 7.)  This

9   Court's scheduling order, however, appears to contemplate that the parties would *conclude* discovery

10   related to Apple's Preliminary Injunction Motion prior to any response briefing.  In fact, the Court

11   cites "the potential need for discovery" as its rationale for extending the parties' briefing schedule

12   beyond that set forth in the Civil Local Rules:

13         Pursuant to Civil Local Rules 65-2 and 7-3, Defendants' opposition would be due

14         today, February 22, 2012, and Apple's reply would be due February 29, 2012.

15         However, in light of the potential need for discovery, the Court sets the briefing

16         schedule for Apple's preliminary injunction motion as follows: Defendants'

17         opposition brief is due April 23, 2012; and Apple's reply brief is due May 14, 2012.

18         The hearing on Apple's motion is set for June 7, 2012, at 1:30 p.m.

19   (Dkt. No. 37 at 1-2.)  Further, had the Court intended for discovery to take place after briefing, it

20   would have had no reason to also reduce the parties' mutual time to respond to discovery requests:

21   "To ensure adequate discovery in a timely manner, the Court reduces the time to respond to discovery

22   requests from 30 days after being served to 21 days."  (*Id.* at 2.)  The Court did not stage discovery

23   such that Samsung's discovery was due only after its opposition brief.  Instead, the expedited nature

24   of discovery applies to both parties.

25        However, during Dr. Balakrishnan's deposition, Samsung made clear that its objections to

26

27      [2]  For Request Nos. 21 and 22, Samsung objects on the grounds that third-party confidentiality prohibits it from producing documents responsive to these Requests.  Apple notes that the parties have a protective order in place in this case in order to protect third-party confidentiality when such documents are relevant to proper discovery requests.  (Simmons Decl. ¶ 18, Ex. 12.)  As such, Samsung may not hide behind third-party confidentiality in an attempt to withhold documents from discovery.

28

production were pure gamesmanship by surprising Dr. Balakrishnan with alleged prior art that it had

previously refused to produce in response to Apple's discovery requests:

> COUNSEL FOR SAMSUNG: For your benefit, sir, I want to show you a video of a Neonode device in operation, specifically with respect to the unlock sweep gesture.
>
> \*       \*       \*
>
> DR. BALAKRISHNAN: I don't believe I have seen the video, no.
>
> COUNSEL FOR SAMSUNG: Let's see if we can play the video for you.
>
> COUNSEL FOR APPLE: Again, Counsel, I am going to state on the record this is -- this whole deposition has been in contravention of our request to you for interrogatory responses, which you have refused to provide, as to references, facts that you have with respect to any validity contentions. You have spent the whole afternoon going through papers that you clearly knew about. And now we are going to see another video that you clearly knew about that you refused to respond to interrogatories that were due at the end of March.
>
> COUNSEL FOR SAMSUNG: Objection noted. Sir, I am going to show you the video for Dr. Plaisant.

(Simmons Decl. ¶¶ at 11-12 and Ex. 11 at 158, 185-186.) By withholding the materials from the

discovery process, Samsung obviously hoped to surprise Apple's technical witness, and encourage

him to provide testimony that was not the product of careful and thoughtful review of the material at

issue.

This kind of litigation by ambush is precisely what the Federal Rules of Civil Procedure were

enacted to prevent. NOTES OF ADVISORY COMMITTEE ON RULES—1983 AMENDMENT  FRCP 26

("The purpose of discovery is to provide a mechanism for making relevant information available to

the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to

proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus the spirit of the rules is

violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the

facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or

evasive responses.")

But even as to those requests to which Samsung ostensibly has committed to produce some

materials, Samsung has failed to commit to when its production will be complete.  (Simmons Decl. ¶

10, Ex. 7.)  Samsung began its production on March 27, 2012, and continues its production to this

day. (Simmons Decl. ¶¶ 6-7, Ex. 5.) While Apple appreciates that a rolling production is sometimes necessary, Apple needs assurance that Samsung's production will be complete in time for Apple to make use of the entire production in deposing Samsung's declarants and in preparing Apple's Reply in Support of its Preliminary Injunction Motion. Samsung, however, refuses to commit to a date certain by which it will complete its production. Apple therefore requests that this Court order Samsung to complete its production by April 27, 2012 – four days after Samsung's Opposition to Apple's Preliminary Injunction Motion is due.

**V.     REQUESTED RELIEF**

Apple respectfully requests that this Court order Samsung to fully and completely respond to Requests Nos. 8, 15-16, 18, 21-22, 45, 48-50, 53-55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79, 81 and 91 by producing all responsive documents by no later than April 27, 2012. Apple further requests that, to the extent that Samsung has not already done so, this Court order Samsung to complete its production of those documents that it has agreed to produce to Apple by April 27, 2012.

**VI.    CONCLUSION**

Samsung's objections are wholly insufficient to overcome its obligation to review, produce and/or log highly relevant materials responsive to Apple's document requests. For the foregoing reasons, Apple respectfully requests that the Court order Samsung to produce the documents identified in this motion.

Dated:  April 13, 2012                         Respectfully Submitted,


                                               By:  /s/ H. Mark Lyon


                                               Attorneys for Plaintiff
                                               APPLE, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5,4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Date     _April 13, 2011_                          _/s/ Mark Lyon_
                                                     Mark Lyon