# EXHIBIT 6

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

Client: 03290-00026

March 31, 2012

VIA ELECTRONIC MAIL

Patrick Shields, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:     Apple v. Samsung Electronics Co et al., No. 12-cv-0630

Dear Patrick:

I write regarding Samsung's Objections and Responses to Apple's First Set of Preliminary Injunction Requests for Production to Defendants, and Samsung's insufficient accompanying document production.  While Apple has to date produced over 10,000 documents totaling over 127,000 pages, Samsung has produced fewer than 200 documents totaling only about 4,000 pages.  Indeed, Samsung's production is nothing more than a few marketing documents and some purported technical materials, and fails to include a single Korean language document.  The absence of any Korean language document and the overall paucity of Samsung's production make it clear that Samsung made no effort to satisfy its discovery obligations, including a total failure to contact, interview, or meet with Samsung personnel who may have relevant information.  Samsung must immediately produce the documents requested by Apple.  If Samsung is unwilling to do so, Apple requests that we promptly schedule a lead trial counsel meet and confer to discuss Samsung's refusal.

Please note that this letter addresses what Apple considers to be the most pervasive and immediately obvious issues with Samsung's document production.  However, this letter is not, and should not be interpreted as, an exhaustive review of all problems with Samsung's response and production or agreement that any objections not specifically addressed herein are acceptable to Apple.

Blanket Refusals to Produce

Samsung has simply objected and refused to produce any documents in response to over 70% of Apple's requests for production.  Such a blanket refusal is outrageous.  Samsung's approach is a continuation of its obstructionist approach to discovery in *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK (the "1846 case").  In that case, Samsung repeatedly proclaimed that it had fully complied with the Court's orders mandating

**GIBSON DUNN**

Patrick Shields
March 31, 2012
Page 2

production of documents relevant to whether Samsung copied Apple's products, and that no such documents existed, only to produce the very documents it previously claimed did not exist after the Court-mandated deadline and after the Court's decision on the preliminary injunction motion.  This conduct is now the subject of a pending sanctions motion.  *See* Dkt. 715-1 (Apple Inc.'s Motion for Rule 37(b)(2) Sanctions for Samsung's Violation of Two Discovery Orders) (Feb. 8, 2012).  Samsung's continued refusal to produce relevant documents is a blatant violation of Samsung's obligations under the federal rules.

Even a cursory review of Samsung's numerous boilerplate objections confirms that such objections cannot possibly authorize Samsung's wholesale refusal to provide discovery.  For example, Samsung consistently objects to Apple's requests as "temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation."  Yet Samsung relies on this objection even with respect to requests that specifically call for information regarding the Galaxy Nexus, the key product at issue in this litigation.  *See, e.g.,* Objections to Requests 9-15.

Based on its boilerplate objections, Samsung has refused to produce even a single document related to central aspects of Apple's preliminary injunction motion.  Although irreparable harm is one of the four factors the Court will consider in deciding Apple's preliminary injunction motion, Samsung refuses to produce any documents related to that topic.  Objections to Requests 36-37 (objecting to requests for documents relating to the contentions "that Apple would not be irreparably harmed in the absence of a preliminary injunction" or "that money damages would be adequate to compensate Apple").  Samsung likewise labels "not relevant" requests that directly bear on the central question of Apple's likelihood of success on the merits of its patent claims.  For example, Samsung refuses to produce any documents "relating to any analysis, review, consideration, evaluation, or attempts to design around or otherwise avoid infringement of the Preliminary Injunction Patents."  *See* Objection to Request 16.  Samsung simply cannot plausibly maintain that its own internal analysis of the very patents at issue in Apple's Motion for a Preliminary Injunction and its attempts to avoid infringing those patents are somehow irrelevant to Apple's entitlement to an injunction.

Similarly, it is implausible that every document Samsung has ever created related to significant business topics is covered by privilege or immunity.  And manufactured claims of vagueness as to particular terms do not excuse Samsung's production obligation entirely.  Finally, Samsung's defense to numerous requests on the basis of the claim that the documents "are equally or more readily available to Apple than to Samsung" obviously cannot serve as a defense to its obligation to produce *internal* documents – yet it has produced almost none of those.

**GIBSON DUNN**

Patrick Shields
March 31, 2012
Page 3

In each of the following categories of requests, the request plainly encompasses documents with direct, significant relevance to the preliminary injunction motion; yet Samsung asserts without explanation the documents are not relevant to the preliminary injunction motion and then declines to produce documents:

- Despite Samsung's objections, documents relating to the design, development, and/or implementation of various, allegedly infringing features or products are relevant to Apple's preliminary injunction motion because they indicate whether Samsung designed its smartphones – including the Galaxy Nexus – by copying or targeting features of Apple's iPhones. *See* Requests for Production 4, 7-8, 18, 20-24, 89. These documents are thus critical to the preliminary injunction motion's inquiry into likelihood of success.

- Samsung's source code is clearly relevant to Samsung's infringement and the likelihood of success issues associated with the preliminary injunction motion. But Samsung refuses to produce that information in response to Requests for Production 9-13.

- Samsung's consideration and analysis of Apple's patented features and products plainly goes not only to infringement issues, but also to issues such as irreparable harm, balance of the hardships, and public interest. Samsung's must therefore withdraw its kneejerk, boilerplate objection to Requests 14-16 and produce relevant documents.

- Samsung's awareness of Apple's Preliminary Injunction Patents, called for by Request 25, likewise pertains not only to the infringement issues, but to the other preliminary injunction factors. Responsive documents should thus be produced.

- The documents on which Samsung relied to provide answers to Apple's Interrogatories are plainly relevant. Samsung cannot reasonably answer the Interrogatories yet refuse to produce the information that supports those Interrogatories. *See* Request 35.

- Apple's request for information relating to the impact of a preliminary injunction on defendants is a core part of evaluating the balance of hardships. *See* Request 40. Yet, Samsung again improperly objects to this as irrelevant.

- Samsung also produces no documents in response to Requests 44-45, 47-50, and 53-55, all of which address competition between Samsung and Apple and the actual or potential competitive impact of Samsung products on Apple products (and vice versa). Despite the fact that Samsung requested similar documents in its requests for production to Apple, *see, e.g.,* Samsung's Requests for Production, Nos. 23-25, Samsung, again, thoughtlessly objects to Apple's similar requests.

**GIBSON DUNN**

Patrick Shields
March 31, 2012
Page 4

- The significance of first-time buyers is a central aspect of Apple's irreparable harm theory, rendering Requests 51 and 52 plainly relevant to resolution of the preliminary injunction.  Samsung thus must produce responsive documents.

- Apple's requests related to identification of the market, market share, perceived competitors, marketing strategies, surveys, and advertising are relevant to, among other things, Apple's irreparable harm theory, a fact illustrated by Samsung's similar requests for production from Apple.  *See* Apple's Requests 57, 59-75, and 77-81; Samsung's Request for Production 34-36.   As a result, Samsung's refusal to produce documents is misplaced.

Accordingly, Apple requests that Samsung promptly revise its Objections and Responses to comply in good faith with its discovery obligation and immediately produce the responsive documents.

Partial Objections

Equally troubling is Samsung's failure to indicate whether and how it is limiting its production even for requests with respect to which Samsung agrees it will produce relevant documents.  For example, Apple requested that Samsung provide "All Documents related to the features and functionality that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection."  Request No. 2.  Despite agreeing to produce documents, Samsung's sparse document production contains almost no documents related to this request, and certainly far fewer documents than obviously exist and should be produced.  Similarly, despite repeated requests for "communications" – including requests where Samsung agrees to produce responsive documents (*e.g.*, Request No. 17) – Samsung does not appear to have produced even a single email or letter.

Moreover, as previously noted, Samsung has produced no Korean language documents, indicating that it has not collected and produced documents from any Korean entity.  Based on Apple's experience in the 1846 case, most of the product design and development, as well as the responsibility for key product and business-relateddecisions, occur in that Korean entity.  As a result, Samsung's unsupported refusal to produce any documents from that entity cannot be sustained.  In addition, because of the lengthy time required to perform language translations, Samsung's delay in producing Korean language documents is highly prejudicial to Apple's ability to review and make use of such documents in connection with the preliminary injunction motion.  Accordingly, Samsung must immediately search for and produce relevant Korean language documents among its Korean entities.  To the extent it has done so, Samsung should promptly confirm that it has performed such searches, and provide

GIBSON DUNN

Patrick Shields
March 31, 2012
Page 5

Apple with the names of individuals it contacted in Korea and the processes which it contends satisfy its production obligations.

Even as to broad requests that Samsung cannot reasonably object to, and which it claims it has provided documents in response to, Samsung has produced no meaningful number of relevant documents. For example, despite agreeing to produce documents "sufficient to show the design, development, and implementation of the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe," Samsung does not appear to have produced any documents actually relating to the design, development, and implementation process. *See* Request No. 3. Similarly, despite agreeing to provide documents identifying the individuals involved in such design, development, and implementation, Samsung has identified no such individuals. *See* Request No. 6.

Please let me know by no later than 5 p.m., Pacific, on Tuesday April 3rd whether Samsung will promptly supplement its response as requested in this letter and immediately produce the responsive documents. If not, please let me know the days and times during the week of April 9th that Samsung is available to participate in a lead trial counsel meet and confer on the issues raised in this letter.

Sincerely,

*Brian M. Buroker*

Brian M. Buroker

BMB/jg