# EXHIBIT 1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | **DECLARATION OF COREY KERSTETTER** |
| vs. | Date: May 1, 2012<br>Time: 10:00 a.m. |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Place: Courtroom 5, 4th Floor<br>Judge: Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |
| Defendants. | |

I, Corey Kerstetter, do hereby declare as follows:

1. I am Vice President of Business Planning and Operations at Samsung Telecommunications America, LLC ("STA"). I have been employed by STA since 2002, where I have held various positions within the business planning and operations group. I have held my current position since 2010. As VP of Business Planning and Operations, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would testify competently as follows.

2. I understand that in this litigation, Apple has asked Samsung to produce documents responsive to the following eight requests, which deal with competition between Apple and Samsung.

- "All Documents relating to actual or perceived competition between Apple and Samsung with regard to Samsung products that use or incorporate the Android platform" (Request No. 45);
- "All Documents relating to the competitive impact that the sale of Samsung products that use or incorporate the Android platform would have or has had on any Apple product" (Request No. 48);
- "All Documents relating to the competitive impact that the sale of Apple iOS products would have or has had on any Samsung product" (Request No. 49);
- "All Documents relating to the actual or potential competitive impact on any Apple product resulting from the inclusion into any Samsung product of any feature or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringes the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection" (Request No. 50);
- "All Documents relating to actual or perceived competition between any Samsung product and any Apple product containing or embodying any of the features or

functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection" (Request No. 53);

- "All Documents relating to actual or perceived competition between any smartphone, including but not limited to any Samsung smartphone, and any Apple product" (Request No. 54);
- "All Documents relating to actual or perceived competition between any Samsung product that uses or incorporates the Android platform and any Apple product" (Request No. 55);
- "Documents sufficient to show Samsung's actual or perceived competitors in the market for the Samsung smartphones or Samsung products that use or incorporate the Android platform" (Request No. 72).

3. I also understand that Apple has asked Samsung to produce responsive documents to the following additional 14 requests, which, generally speaking, deal with Samsung's market strategy, market share and projections.

- "Documents sufficient to identify the market for Samsung products that use or incorporate the Android platform" (Request No. 57);
- "All Documents relating to Samsung's strategy to acquire market share for its smartphones" (Request No. 59);
- "All Documents related to Samsung's strategy to acquire market share for its tablet computers" (Request No. 61);
- "All Documents related to Samsung's strategy to acquire market share for Samsung products that use or incorporate the Android platform" (Request No. 62);
- "All Documents related to Samsung's strategy to acquire or take market share from Apple iOS products" (Request No. 63);
- "Documents sufficient to identify the respective market share of each product that competes with Apple iOS products" (Request No. 64);

- "Documents sufficient to identify all projections you have reviewed or considered as to the respective market share of each Samsung smartphone, and each product that competes with any Samsung smartphone, is likely to be at any future point" (Request No. 67);
- "Documents sufficient to identify all projections you have reviewed or considered as to the respective market share of each Samsung product that uses or incorporates the Android platform, and each product that competes with any Samsung product that uses or incorporates the Android platform, is likely to be at any future point" (Request No. 68);
- "Documents sufficient to show Samsung's business plans and marketing strategies for Samsung smartphones and products incorporating or using the Android platform. Such Documents shall include, but are not limited to, market surveys or studies relating to buyer loyalty and comparisons between the Samsung Galaxy Nexus and any Apple product" (Request No. 70);
- "All Documents relating to any customer surveys, studies, analyses or investigations regarding Samsung smartphones or Samsung products that use or incorporate the Android platform" (Request No. 74);
- "All Documents relating to any customer surveys, studies, analyses or investigations regarding Apple iOS products" (Request No. 75);
- "All Documents relating to any advertising, promotions, actual or considered related to Samsung smartphones or Samsung products that use or incorporate the Android platform" (Request No. 77);
- "All Documents created between 2007 and the present relating to Samsung's U.S. market share for smartphones and tablet computers" (Request No. 79);
- "Documents sufficient to show Samsung's actual sales and market share for Samsung products that use or incorporate the Android platform, including but not limited to Documents sufficient to show sales and market share on a product-by-

Case 5:12-cv-00630-LHK   Document 102-3   Filed 04/18/12   Page 6 of 7

product basis, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from 2007 through trial" (Request No. 81).

4. The documents encompassed by these 22 Apple requests go to Samsung's core business and encompass virtually every aspect of the ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

5. Many different groups and individuals within STA have some responsibility for competitive analysis, market analysis, and market strategy, including:

- ███
- ███
- ███
- ███
- ███
- ███
- ███
- ███

6. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

7. In order to produce all of the documents that Apple has requested – which Apple does not limit to a specific Samsung device but rather include all Samsung smartphones and products that incorporate the Android platform – we would have to collect and review documents from every one of these teams and employees.

1  I declare under the penalty of perjury that the forgoing is true and correct to the best
2  of my knowledge.
3  Executed this 17th day of April, 2012, at Richardson, Texas.

*/s/ Corey K.*

Corey Kerstetter