QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: May 1, 2012
Time: 10:00 a.m.
Place: Courtroom 5, 4th Floor
Judge: Honorable Paul S. Grewal |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

SUMMARY OF PERTINENT FACTS ................................................................................ 2

ARGUMENT ...................................................................................................................... 5

I.     SAMSUNG'S OBJECTIONS SHOULD BE SUSTAINED AS TO APPLE'S 22
REQUESTS REGARDING "SALES OF SMARTPHONES AND COMPETITION
BETWEEN APPLE AND SAMSUNG." ........................................................................ 5

     A.    Apple's Overbroad Requests That Seek Discovery On The Full Gamut of
Samsung Devices Is Contrary To the Court's Order. .................................... 5

     B.    Samsung's Undue Burden Objection Should Be Sustained. ......................... 7

II.    DOCUMENTS RELATING TO CONSUMER CONFUSION ARE
IRRELEVANT TO APPLE'S CLAIMS OF PATENT INFRINGEMENT. ...................... 8

III.   APPLE'S DOCUMENT REQUESTS RELATING TO "DESIGN,
DEVELOPMENT AND IMPLEMENTATION" OF SAMSUNG PRODUCTS
ARE ALSO IMPERMISSIBLY OVERBROAD AND IRRELEVANT TO
APPLE'S PRELIMINARY INJUNCTION MOTION. ...................................................... 9

     A.    Request for Production Nos. 8, 21 and 22 ..................................................... 9

     B.    Request for Production Nos. 16 and 18 ....................................................... 11

     C.    Samsung's Undue Burden Objection To Request Nos. 8, 18, 21 and 22
Should Be Sustained ................................................................................... 12

IV.   THE COURT SHOULD SUSTAIN SAMSUNG'S COMMON INTEREST
PRIVILEGE OBJECTION. ......................................................................................... 13

     A.    Apple Failed To Meet And Confer On The Common Interest Privilege
Before Filing Its Motion. ............................................................................. 13

     B.    Samsung Has A Valid Common Interest With Google That Justifies The
Privilege. ..................................................................................................... 14

V.    APPLE'S ARGUMENT THAT SAMSUNG FAILED TO OBJECT WITH
SUFFICIENT SPECIFICITY IS INCORRECT AS A MATTER OF LAW AND
UNSUPPORTED BY THE FACTS IN ANY EVENT. .................................................. 16

VI.   AN ORDER REQUIRING SAMSUNG TO PRODUCE ALL DOCUMENTS BY
APRIL 27, 2012 IS UNWARRANTED AND IMPRACTICAL. ...................................... 18

CONCLUSION ................................................................................................................ 19

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4

5
*Allen Eng'g Corp. v. Bartell Indus., Inc.,*
     299 F.3d 1336 (Fed. Cir. 2002) ..................................................................................11

6
*Apple v. Samsung Elec. Co., Ltd.,*
     Case No. 11-cv-01846 (LHK), (Dkt No. 452) ...............................................2, 6, 12

7

*Arlington Industries, Inc. v. Bridgeport Fittings, Inc.,*
8
     692 F. Supp. 2d 487 (M.D. Pa. 2010) .........................................................................11

9
*Bible v. Rio Properties, Inc.,*
     246 F.R.D. 614 (C.D. Cal. 2007) ...............................................................................17

10

*DirecTV, Inc. v. Trone,*
11
     209 F.R.D. 455 (C.D. Cal. 2002) ...............................................................................17

12
*Elan Microelectronics Corp. v. Apple, Inc.,*
     2011 WL 3443923 (N.D. Cal. Aug. 8, 2011) .......................................................15, 16

13

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.,*
14
     60 F.3d 770 (Fed. Cir. 1995) .........................................................................................8

15
*Pulse Eng'g, Inc. v. Mascon, Inc.,*
     Case No. 08-595 ...........................................................................................................14

16

*United States v. Bergonzi,*
17
     216 F.R.D. 487 (N.D. Cal. 2003) ...............................................................................14

18
*United States v. Massachusetts Inst. of Tech.,*
     129 F.3d 681 (1st Cir. 1997) .......................................................................................14

19

*Walsh v. Northrup Grumman,*
20
     165 F.R.D. 16 (E.D.N.Y. 1996) ..................................................................................14

21
*Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.,*
     655 F.2d 984 (9th Cir. 1981) .......................................................................................11

22

23

### **Statutes**

24
Fed. R. Civ. P. 26(b)(2)(C)(iii)......................................................................8, 9, 10, 12

25

26

27

28

1

## <u>INTRODUCTION</u>

2        Having previously moved for a Preliminary Injunction and lost, Apple attempts to take a

3 second bite of the proverbial apple.   The problem with Apple's second chance efforts is that they

4 fly in the face of the Court's Order in this case.   In permitting expedited discovery, the Court

5 cautioned "the parties to make *all efforts* to keep discovery requests *reasonable in scope and*

6 *narrowly tailored to address the preliminary injunction motion*."   In that vein, Apple does not

7 dispute that its Preliminary Injunction Motion addresses four accused features in only one

8 Samsung product – Galaxy Nexus.

9        Yet notwithstanding the minimal subject matter at issue on Apple's Preliminary Injunction

10 Motion and the Court's Order permitting discovery only to the extent "relevant to the preliminary

11 injunction motion," Apple served 91 Requests for Production.   These Requests seek documents

12 on hundreds of Samsung devices not at issue on Apple's Preliminary Injunction Motion.

13 Specifically, most of Apple's 29 disputed Requests at issue on this Motion to Compel ask for

14 documents regarding "any Samsung smartphone" "any Samsung product," and the entirety of

15 Samsung's tablets.   Not only are such requests overbroad and irrelevant to Apple's Preliminary

16 Injunction Motion, but they potentially implicate hundreds of products and thousands of Samsung

17 engineers who have worked on them over an indefinite period of time.   Apple's attempt to take

18 case-wide discovery at this stage of the case should be rejected.

19        Apple repeatedly contends that these Requests are necessary to show "Samsung's

20 systematic efforts to copy . . . the design, features and user experience delivered by" Apple

21 products.   In other words, Apple contends in this case, just as it did in the predecessor action,[1]

22 that Samsung copied everything from Apple.   Apple should not be permitted to take discovery on

23 its case theme that Samsung "copied everything" at the preliminary injunction stage, particularly

24 when copying is not even relevant to patent infringement in the first place.   Discovery at this

25 stage, consistent with the Court's Order, should be restricted to Galaxy Nexus and its four accused

26 features that are at issue on Apple's Preliminary Injunction Motion.

27

28        [1]   *Apple v. Samsung Elec. Co., Ltd. et al*, 11-cv-01846 (LHK).

SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL RFP PRODUCTION

1    Apple also lamely contends that "Samsung fails to object with sufficient specificity."

2  Apple seems to be laboring under the misapprehension that Samsung's objections, in and of

3  themselves, must encapsulate every fact and supporting detail for Samsung's refusal to produce

4  documents responsive to Apple's 29 disputed Requests.    If Apple's position were correct, then

5  there would never be any briefing on Motions to Compel.    The Court would merely examine the

6  responding party's objections and make a determination on that basis alone.    Obviously, that is

7  not how it works.    Samsung's Opposition brief, supporting declarations and the meet and confer

8  correspondence between the parties establish the factual basis for Samsung's objections.

9    Lastly, Apple raises an issue in its Motion to Compel about which the parties did not meet

10  and confer – the common interest privilege between Samsung and Google.    An issue of such

11  importance should not be decided on an abbreviated briefing schedule, particularly in the absence

12  of meeting and conferring.    Importantly, all of the features of the Samsung Galaxy Nexus that

13  Apple alleges are infringed are part of *Google's* Android 4.0 Ice Cream Sandwich operating

14  system.    There is no dispute that the source code for the version of Ice Cream Sandwich used on

15  Galaxy Nexus was written by Google, *not Samsung*.    Plainly, these two companies have a

16  common legal interest in obtaining a finding that the software does not infringe any valid patent of

17  Apple's.    Accordingly, even if the Court reaches this issue on Apple's Motion, it should find a

18  common interest privilege between Google and Samsung.

19    **SUMMARY OF PERTINENT FACTS**

20    **Apple Attempts To Take Case-Wide Discovery, Contrary To The Court's Order That**

21  **Only Permits Discovery "Narrowly Tailored To Address The Preliminary Injunction**

22  **Motion."**    Apple concedes that its Preliminary Injunction focuses on only four accused features

23  on one Samsung product – Galaxy Nexus.    (Mot. to Compel at 2:12-3:5.)    Indeed, the Court

24  expressly limited expedited discovery to that which is "relevant to the preliminary injunction

25  motion."    (Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion (Dkt.

26  No. 37) at 2 (the "Briefing Order").)    The Court further cautioned "the parties to make *all efforts*

27  to keep discovery requests *reasonable in scope and narrowly tailored to address the preliminary*

28  *injunction motion*."    (*Id.* at 2 (emphasis added).)    Rather than follow the Court's Order and

1  propound Requests for Production limited to its Preliminary Injunction Motion, Apple propounded

2  91 Requests, the majority of which have no connection whatsoever to Apple's Preliminary

3  Injunction Motion.

4          As just one example, Apple's Request for Production No. 18 seeks:

5          All Documents relating to the design or development of *any Samsung*

6          *smartphone or products that use or incorporate the Android platform that*

7          *mention or refer to Apple or Apple products*, including communications

8          among or with your personnel that discuss whether or how to copy or

9          implement any design, feature, or function of an Apple product.

10         *Documents responsive to this Request include, but are not limited to,*

11         *Documents related to the redesign of any Samsung product in light of*

12         *Apple products*.

13  (Fazio Decl., Exh. A at 9:8-15.)    Discovery on "any Samsung smartphone or product . . . that

14  refer to Apple or Apple products" and the "redesign of any Samsung product" is discovery that

15  goes far beyond the boundary of Apple's Preliminary Injunction Motion.    (*See id.*)    Apple makes

16  no attempt to limit its Request to Galaxy Nexus or the four accused features, which is contrary to

17  the Court's direction that " [t]he parties may obtain discovery relevant to the preliminary

18  injunction motion."    (*See* Briefing Order at 2.)    The Court did not permit Apple to take

19  discovery at this stage of the case on the entire stock of all Samsung products and features, as

20  Apple attempts to do.

21          As another example, Request No. 45 seeks documents "relating to actual or perceived

22  competition between Apple and Samsung with regard to Samsung products that use or incorporate

23  the Android platform."    (Fazio Decl., Exh. A at 13:12-14; *see also* Fazio Decl., Exh. A at 13:25-

24  28 ("All Documents relating to the competitive impact that the sale of Apple iOS products would

25  have or has had on any Samsung product.").)    Many Samsung smartphones use some version of

26  Android.    Indeed, the Android operating system currently has five versions – 2.3 Gingerbread;

27  3.0 Honeycomb; 3.1 Honeycomb; 3.2 Honeycomb; and 4.0 Ice Cream Sandwich.    *See* Wikipedia,

28  *Android (operating system)*, http://ww.wikipedia.org/wiki/Android_(operating system) (as of Apr.

18, 2012).   Therefore, what Apple is really asking for in Request No. 45 are documents relating to competition of any sort between Apple and Samsung with regard to virtually the entire range of Samsung's smartphones going back several years.   Such discovery is far afield from Apple's Preliminary Injunction Motion.   The overbreadth and irrelevant nature of Apple's remaining requests are addressed in the Argument Section, *infra*.

Importantly, where Apple actually limited its Requests for Production to Galaxy Nexus and the four accused features, Samsung agreed to produce responsive, non-privileged documents. (*See, e.g.*, Fazio Decl., Ex. H (agreeing to produce documents responsive to Apple Request Nos. 4, 7, 27, 28, 29, 31, 36, 37, 38, 39, 41 and 89).)

**Samsung Has Agreed To Produce Documents In Response To 43 Of Apple's Requests For Production.**   Apple claims that Samsung "refused to produce any documents in response to over 70% of Apple's requests."   (Mot. to Compel at 3:23-24.)   Not so.

In response to Apple's 91 Requests, Samsung initially objected and agreed to produce documents responsive to 22 Apple Requests.   (Fazio Decl., Exh. B at 5-8, 16-17, 33-34, 36, 43-45, 48-49, 51-52, 54, 56-57, 60-61, 66 (agreeing to produce documents responsive to Request Nos. 2, 3, 5, 6, 17, 19, 42, 43, 46, 56, 58, 60, 65, 66, 69, 71, 73, 76, 78, 82, 83, 90)).)   Samsung further supplemented its responses by agreeing to produce documents in response to an additional 20 Apple Requests – a fact that Apple omits from its moving papers.   (Fazio Decl., Exh. E at 21 (agreeing to produce documents responsive to Request No. 35); Fazio Decl., Exh. H at 1 (agreeing to produce documents responsive to Request Nos. 4, 7, 27, 28, 29, 31, 36, 37, 38, 39, 40, 41, and 89).)

Further, since Apple filed its Motion to Compel, Samsung has agreed to supplement its responses to search for and produce responsive non-privileged documents for one additional Apple Request – Request No. 15.   (Fazio Decl., Exh. I.)   Therefore, Apple's Motion is moot as to this additional Request and Samsung has agreed to produce responsive, non-privileged documents in response to a total of 43 Apple Requests for Production.

**Apple's Criticism Of Samsung's Rolling Document Production Is Disingenuous.**

Apple further criticizes the volume of Samsung's document production, characterizing it as a

"trickle."   What Apple seems to be referencing is the fact that Samsung has been making a rolling document production which, thus far, totals *over 164,000 pages – not* the 26,705 pages cited by Apple in its moving papers.   (*See* Mot. to Compel at 3:18-19; Fazio Decl., ¶ 11.)   Samsung has produced more documents than Apple.

Ironically, Apple itself has been making a rolling document production.   Apple has made productions on March 29, March 31, April 2, April 3, April 10, April 11, April 12, April 13 and April 16.   (Fazio Decl., ¶ 11.)   Similarly, Samsung has produced documents on March 27, April 2, April 5, April 7, April 10 (two productions), April 11, April 12 (two productions), April 14 and April 16.   (*Id.*)   Accordingly, Apple should not be heard to complain about Samsung's ongoing document production when Apple is doing the same thing.

## ARGUMENT

**I.     SAMSUNG'S OBJECTIONS SHOULD BE SUSTAINED AS TO APPLE'S 22 REQUESTS REGARDING "SALES OF SMARTPHONES AND COMPETITION BETWEEN APPLE AND SAMSUNG."**

**A.     Apple's Overbroad Requests That Seek Discovery On The Full Gamut of Samsung Devices Is Contrary To the Court's Order.**

Apple contends that, consistent with the Court's Order, it "has tailored its requests to seek documents 'relevant to the preliminary injunction motion.'"   (Mot. to Compel at 5:17-18 (quoting Briefing Order).)   Apple is incorrect.   Rather, what Apple seeks to do through its Motion to Compel responses to 29 Requests for Production is to take case-wide discovery now and, in so doing, distract Samsung's resources from not only providing discovery relevant to Apple's Preliminary Injunction Motion, but also to responding to Apple's Preliminary Injunction Motion.

A total of 22 Apple Requests for Production relate to documents that Apple characterizes as "sales of smartphones" and "competition between Apple and Samsung."   (Fazio Decl., Exh. A at 13-18 (Requests Nos. 45, 48-50, 53-55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79 and 81).)   As to the former, the majority of these Requests actually seek documents identifying the market, market share and market strategy for *all* Samsung smartphones and, notably, Samsung tablets,

1  which are not even at issue on Apple's Preliminary Injunction Motion.    Several examples of the

2  breadth of these market share documents include:

3    •    "All Documents relating to Samsung's strategy to acquire market share *for its*

4         *smartphones*" (Request No. 59);

5    •    "All Documents relating to Samsung's strategy to acquire market share *for its tablet*

6         *computers*" (Request No. 61);

7    •    "Documents sufficient to identify all projections you have reviewed or considered

8         as to the respective market share of *each Samsung smartphone, and each product*

9         *that competes with any Samsung smartphone*, is likely to be at any future point"

10        (Request No. 67); and

11   •    "Documents sufficient to show Samsung's business plans and marketing strategies

12        *for Samsung smartphones and products incorporating or using the Android*

13        *platform*" (Request No. 70).

14  (Fazio Decl., Exh. A at 15-17 (emphasis added).)

15        Similarly, Apple seeks documents regarding competition in the entirety of the smartphone

16  market, even for products that are neither Apple products nor Samsung products:

17   •    "All Documents relating to actual or perceived competition *between any*

18        *smartphone, including but not limited to any Samsung smartphone, and any Apple*

19        *product*" (Request No. 54).

20  (*Id.* at 14 (emphasis added).)    Importantly, even Apple concedes in its Motion to Compel the

21  broad nature of these documents, contending they are "relevant to the *general smartphone*

22  *market*."    (Mot. to Compel at 8:19-20.)

23        Additionally, Apple makes no attempt to narrow its Requests seeking "competition"

24  documents to Galaxy Nexus or the four accused features of Nexus:

25   •    "All Documents relating to the competitive impact that the sale of *Samsung*

26        *products that use or incorporate the Android platform* would have or has had on

27        any Apple product" (Request No. 48);

28

1        •        "All Documents relating to the competitive impact that the sale of Apple iOS

2                 products would have or has had on *any Samsung product*" (Request No. 49); and

3        •        "Documents sufficient to show Samsung's actual or perceived competitors in the

4                 market *for Samsung smartphones or Samsung products that use or incorporate the*

5                 *Android platform*" (Request No. 72).

6   (Fazio Decl., Ex. A at 13, 17 (emphasis added).)    Apple does not restrict these Requests

7   regarding "sales of smartphones and competition between Apple and Samsung" to Galaxy Nexus,

8   the four accused features, the time frame during which Galaxy Nexus was sold, the markets in

9   which Galaxy Nexus was marketed and sold, or any other subject matter that would make these

10  requests narrowly tailored to Apple's Preliminary Injunction Motion, as the Court ordered.

11       Apple also contends that Samsung should be compelled to produce documents responsive

12  to these 22 Requests because such documents "would show that this motion is the latest in a long

13  list of skirmishes between these two companies . . ."    (Mot. to Compel at 8:25-28.)    The parties'

14  litigation history has nothing to do with any of the issues raised by Apple's Preliminary Injunction

15  Motion.

16       Apple also states that such documents "would demonstrate general competition in the

17  marketplace between Apple and Samsung."    (Mot. to Compel at 8:25-28.)    That Apple and

18  Samsung compete in the same smartphone market is undisputed.    Samsung need not dedicate

19  countless resources to search for and produce documents on an expedited schedule that are

20  irrelevant to Apple's Preliminary Injunction Motion, or to establish a fact undisputed by both

21  parties.

22       **B.        <u>Samsung's Undue Burden Objection Should Be Sustained.</u>**

23       As detailed in the accompanying declaration of Samsung's Vice President of Business

24  Operations and Development, Corey Kerstetter, the burden that would be imposed upon Samsung

25  to search for and produce documents responsive to these 22 disputed Requests is extraordinary.

26  *See generally* Declaration of Corey Kerstetter.    In order to produce documents for these

27  Requests, Samsung would have to collect and review documents across many teams and groups

28  that include hundreds of Samsung employees.    *See id.* at ¶¶ 4-7.    Given that these 22 Requests

1   encompass the entirety of Samsung's smartphones, products and tablets, the burden associated

2   with gathering these documents outweighs any minimal relevance.   *See* Fed. R. Civ. P.

3   26(b)(2)(C)(iii).   Thus, Samsung's undue burden objection should be sustained.

4   **II.      DOCUMENTS RELATING TO CONSUMER CONFUSION ARE IRRELEVANT**

5          **TO APPLE'S CLAIMS OF PATENT INFRINGEMENT.**

6          Apple's Request No. 91 calls for documents relating to "any instances of consumer

7   confusion in which Samsung was made aware that a person confused an Apple product for a

8   Samsung Galaxy Nexus, or a Samsung Galaxy Nexus for an Apple product."   (Fazio Decl., Exh.

9   A at 20:18-21.)   But evidence of consumer confusion is irrelevant to Apple's patent infringement

10   claims.

11         Patent infringement is not proved by evidence of consumers' beliefs of differences or

12   similarities of products in the marketplace because the accused product is compared to the *patent*,

13   not to the commercial embodiment of the patentee's products.   *See Gasser Chair Co., Inc. v.*

14   *Infanti Chair Mfg. Corp.,* 60 F.3d 770, 777 (Fed. Cir. 1995) ("This analysis [of trade-dress

15   infringement] would depend on factors that are not relevant to the claim of patent infringement,

16   such as the likelihood of consumer confusion as to the sources of the two products.").

17         Apple's only proffered relevance argument is the unsupported, conclusory statement that

18   consumer confusion evidence is relevant to "the harm Apple would suffer without a preliminary

19   injunction . . ."   (Mot. to Compel at 9:19-20.)   It is not.   Isolated instances of confusion, if they

20   even exist, are merely anecdotal.   They cannot possibly be the basis for Apple's argument that its

21   brand will suffer throughout the entire market if an injunction is not issued.   Apple's motion is

22   telling on this point: it fails to offer a single citation or argument showing how evidence of random

23   instances of confusion (even assuming they exist) would be relevant to the patent infringement

24   issues at bar.

25         Even assuming that some narrower, more reasonably defined subset of consumer

26   confusion evidence may be relevant for the main case, it most certainly is not the proper subject of

27   discovery - let alone motion practice.   This is especially true because, while lacking any

28   meaningful relevance, this evidence will be extremely burdensome and time-consuming to locate.

*See* Declaration of Russell Wilkins, ¶ 4.   Apple offers no reasonable method by which Samsung could search for information that could be known to any of the thousands of Samsung employees; there is no "customer confusion department."   Even if Samsung were to limit this request to its call centers, which receive consumer inquiries about Samsung's products, Samsung would still need to weed through many hundreds of thousands of phone records, looking for proverbial needles in haystacks that might not even exist.   *See id*. at ¶¶ 2, 4.   Apple may not impose such a burden on Samsung in these circumstances.   The Federal Rules are clear: a "court must limit the frequency or extent of discovery" when it determines that "the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(2)(C)(iii).   Apple's Motion to Compel should be denied on all of these grounds.

## III.   APPLE'S DOCUMENT REQUESTS RELATING TO "DESIGN, DEVELOPMENT AND IMPLEMENTATION" OF SAMSUNG PRODUCTS ARE ALSO IMPERMISSIBLY OVERBROAD AND IRRELEVANT TO APPLE'S PRELIMINARY INJUNCTION MOTION.

Apple contends that Samsung should also be compelled to produce documents responsive to Requests for Production Nos. 8, 15, 16, 18, 21 and 22, arguing that these requests "relate to the fundamental issues regarding Samsung's design of the accused features and the Galaxy Nexus."[2] (Mot. to Compel at 6:3-4.)   Yet a review of these Requests shows just the opposite – that each relates to non-accused products and, even as to Galaxy Nexus, relate to non-accused functions.

### A.   Request for Production Nos. 8, 21 and 22.

Request for Production No. 8 seeks "documents sufficient to identify the individuals . . . involved in the design, development, or implementation of the ability to type, enter, correct, change or modify text in applications [listing applications]."   (Fazio Decl., Exh. A at 6:24-7:2.)

---

[2]     Since Apple filed its Motion to Compel, Samsung agreed to supplement its response to Request for Production No. 15 by producing responsive, non-privileged documents.   (*See* Fazio Decl., Exh. I.)   Accordingly, Samsung's supplemental response moots Apple's Motion to Compel as to Apple's Request for Production No. 15.

1   Apple's Request No. 8 is not limited to any specific Samsung product, much less Galaxy Nexus

2   and its four accused features.    It is impermissibly overbroad for this reason alone.

3          Additionally, even if it were limited to Galaxy Nexus, the Request also seeks documents

4   regarding functionality that is not at issue on Apple's Motion for Preliminary Injunction.    Apple's

5   Motion does not challenge "the ability to type" text, nor the ability to "enter" text, as this Request

6   states.    Apple could have, but chose not to craft this Request within the scope of the four accused

7   features or the four patents at issue on Apple's Preliminary Injunction Motion.    Samsung should

8   not have to respond to such an overbroad Request.

9          Apple's Request Nos. 21 and 22 fare no better.    They seek all documents regarding

10  "contributions" to the "design development and implementation" of Android 4.0 Ice Cream

11  Sandwich (Request No. 21), and Samsung Galaxy Nexus (Request No. 22).    (Fazio Decl., Exh. A

12  at 9:26-10:6.)    Here too, Apple fails to limit these Requests to the four accused features – Slide to

13  Unlock, Text Correction, Unified Search and Special Text Detection – at issue on Apple's

14  Preliminary Injunction Motion.    Indeed, Galaxy Nexus has literally hundreds of features not

15  implicated by Apple's Preliminary Injunction Motion.    Similarly, the overwhelming majority of

16  Galaxy Nexus' operating system – Android 4.0 Ice Cream Sandwich – has nothing to do with these

17  four accused features.    Yet Apple's Requests Nos. 21 and 22 would necessarily capture *all*

18  features of Galaxy Nexus and *all* features of Android 4.0 Ice Cream Sandwich.    Such documents

19  are irrelevant to Apple's Preliminary Injunction Motion and, in any event, unduly burdensome to

20  search for and produce.    *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

21         Apple contends such documents are relevant because they "reveal how the accused devices

22  operate."    (Mot. to Compel at 6:11-12.)    Indeed, they might.    But Apple's Preliminary

23  Injunction Motion does not implicate all features of Galaxy Nexus – both hardware and software –

24  and all aspects of its Ice Cream Sandwich Android operating system.    Rather, Apple's Motion

25  only implicates four features.

26         Importantly, for similar Requests that Apple has properly limited to the four accused

27  features of Galaxy Nexus, Samsung has agreed to produce responsive documents.    (*See, e.g*.,

28  Fazio Decl., Exh. B at 6:26-8:12, 15:6-16:5, 17:1-23 (Responses to Requests Nos. 5, 6, 17, and

1   19).)    Thus, Apple cannot rationally complain that it is not receiving documents related to the

2   four accused features.[3]

3          **B.        Request for Production Nos. 16 and 18.**

4          Apple's Request No. 16 seeks documents "relating to analysis, review, consideration,

5   evaluation or attempts to design around or otherwise avoid infringement of the Preliminary

6   Injunction Patents."    (Fazio Decl., Exh. A at 8:23-25.)    Apple contends that Request No. 16 is

7   relevant to show that Samsung "systematically copied Apple's innovative technology and products

8   . . ."   (Mot. to Compel at 6:28-7:3.)    Yet under black letter law, copying is irrelevant to patent

9   infringement.   *See Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1351 (Fed. Cir. 2002)

10   ("[C]opying is of no import on the question of whether the claims of an issued patent are

11   infringed.").    Equally irrelevant is whether Samsung intended to infringe the Preliminary

12   Injunction Patents.    *Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.*, 655

13   F.2d 984, 989 (9th Cir. 1981) ("In determining the question of infringement, the desire or intent to

14   infringe a patent is irrelevant."); *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 692

15   F.Supp.2d 487, 504 (M.D. Pa. 2010) ("[T]he accused infringer's state of mind is irrelevant and it is

16   inappropriate to consider evidence of copying.").    Thus, Apple's justification is without merit.

17          Additionally, Request No. 18 seeks "all documents relating to the design or development

18   of any Samsung smartphone or products that use or incorporate the Android platform that mention

19   or refer to Apple or Apple products . . ."    (Fazio Decl., Exh. A at 9:8-9:15.)    Apple contends that

20   evidence of these other Samsung products "would thus bolster Apple's arguments related to its

21   likelihood of success in showing Samsung violated its patents . . ."    (Mot. to Compel at 7:26-28.)

22   Evidence of Samsung's other products not at issue on Apple's Preliminary Injunction Motion has

23   nothing to do with whether Apple can prove either: (1) Samsung's infringement of the Preliminary

24   Injunction Patents; and (2) the validity of those patents.    These are the two dispositive inquiries

25   _____

26      [3]    Parenthetically, Samsung has produced millions of pages of documents in *Apple v.*
     *Samsung Elec. Co., Ltd. et al*, 11-cv-01846 (LHK), including many documents in the same

27   categories that Apple now moves to compel on.    Given the parties' Stipulation Re Discovery (Dkt
     No. 80), such documents produced in the predecessor action may be used in this case.

28

1   that Apple must undertake in establishing likelihood of success on its Preliminary Injunction

2   Motion, and the documents sought by Request No. 18 bear on neither.

3          Additionally, as to Request No. 18, Apple also contends that "evidence that Samsung

4   copied or implemented the accused features in other Samsung products is relevant to . . . nexus

5   between the accused features and any harm caused by the sale of infringing devices."    Apple's

6   statement misconstrues the nexus requirement.    Rather, the nexus requirement, as previously set

7   forth by the Court in *Apple v. Samsung Elec. Co., Ltd. et al*, 11-cv-01846 (LHK), requires that

8   Apple "show[] that consumers' purchasing decisions are based on the existence of the [accused

9   feature]."   (Order Denying Motion for Preliminary Injunction in *Apple v. Samsung Elec. Co.,*

10  *Ltd.*, Case No. 11-cv-01846 (LHK), (Dkt No. 452) at 63.)    Apple's Request No. 18 has nothing to

11  do with consumers' decision-making process in choosing to purchase Galaxy Nexus.    Rather,

12  Request No. 18, simply put, seeks documents regarding how features on all Samsung smartphones

13  came to exist on those smartphones.    Such documents have nothing to do with smartphone

14  features that drive consumer's purchasing decisions and any attenuated relevance of such

15  documents is plainly outweighed by the burden of searching for and producing such documents, as

16  described in Section I, *infra.    See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

17         Setting aside Apple's justification for relevance, this Request, like other Requests that seek

18  documents on the entirety of all Android platforms, is overbroad because Galaxy Nexus uses only

19  Android 4.0 Ice Cream Sandwich.    Apple offers no justification for why Samsung should

20  produce documents on the multiple predecessor versions to Android 4.0 Ice Cream Sandwich,

21  particularly when none of those predecessor Android versions are utilized by Galaxy Nexus.

22         **C.      Samsung's Undue Burden Objection To Request Nos. 8, 18, 21 and 22 Should**

23                  **Be Sustained.**

24         As detailed in the supporting Declaration of Young Jin Kwon, Apple's Request No. 8 –

25  which seeks documents regarding email, messaging, contacts and calendaring applications –

26  encompasses hundreds of Samsung products and over 1,000 Samsung engineers that worked on

27  those products over a five year period.    *See* Declaration of Young Jin Kwon, ¶ 3.    Similarly,

28  Apple's Request No. 18 – which seeks documents regarding "any Samsung smartphone or

-12-

1  products that use or incorporate the Android platform" – includes at least many dozens of

2  smartphones and thousands of engineers who worked on them over the past five years.   *See id.* at

3  ¶ 5; *see also id.* at ¶ 7 (hundreds of engineers worked on quality assurance testing of Android 4.0

4  Ice Cream Sandwich and Samsung Galaxy Nexus).   Requiring Samsung to undertake the type of

5  fishing expedition that Apple requests would consume untold resources.   Accordingly, Samsung's

6  undue burden objection to these Requests should be sustained.

7  **IV.    THE COURT SHOULD SUSTAIN SAMSUNG'S COMMON INTEREST**

8  **PRIVILEGE OBJECTION.**

9  **A.    Apple Failed To Meet And Confer On The Common Interest Privilege Before**

10  **Filing Its Motion.**

11  On April 11, 2012, the parties met and conferred regarding Apple's Requests for

12  Production and Samsung's Responses thereto.   (Fazio Decl., ¶ 12.)   During that session, Apple's

13  counsel asked Samsung if Samsung was claiming any privileges other than attorney-client or work

14  product doctrine.   (*Id.*)   Samsung responded that it was asserting a common interest privilege

15  between Samsung and Google.   (*Id.*)   Apple stated that it would "think about" Samsung's

16  invocation of the privilege and "get back to" Samsung.   (*Id.*)   That was the last Samsung heard

17  from Apple on the issue of the common interest privilege, at least until Apple filed its Motion to

18  Compel.

19  The entire purpose of the meet and confer process is to prevent the ambush that Apple now

20  attempts.   Further, Apple requested, and Samsung agreed, to have this Motion heard on shortened

21  time.   Samsung's agreement does not extend to matters upon which the parties did not meet and

22  confer, like the common interest privilege.   Such an issue may have a substantial impact upon the

23  scope of discovery in this case.   Indeed, Samsung is required to work with Google to defend this

24  case because Google supplies all four accused features.   The issue of a common interest privilege

25  should not be decided on a shortened briefing schedule and it certainly should not be decided after

26  Apple surprised Samsung by including this issue in its papers.   Apple's failure to meet and confer

27  on this issue should not be rewarded.   Accordingly, Samsung requests that it have an opportunity

28  to brief its common interest privilege with Google on a regular briefing schedule.

**B.**      <u>**Samsung Has A Valid Common Interest With Google That Justifies The**</u>

<u>**Privilege.**</u>

Apple mischaracterizes Samsung's assertion of the common interest privilege, stating that "the basis for an absolute refusal to produce any documents in response" to Requests Nos. 15-16, 18, 21-22, 45, 48-50, 53-55, 59, 61-63, 74-75, 77, 79 and 91.    (*See* Mot. to Compel at 12:5-7.) Indeed, each of these Requests is so overbroad as to encompass documents generated after this lawsuit commenced.    Notably, Samsung does not assert the common interest privilege as to all documents responsive to these Requests, and particularly does not assert the common interest privilege as to communications regarding development of Android 4.0 Ice Cream Sandwich. Rather, Samsung only asserts the common interest privilege as to communications between Samsung and Google concerning the issues raised by this lawsuit.    There is no question that Samsung and Google share a common interest with respect to the allegations of infringement raised by Apple in this case.

The common interest doctrine, also known as the joint defense privilege, provides that disclosure to a third party does not waive privilege or work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery.    *See United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).    The common interest privilege applies where: "(1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived."    *See Pulse Eng'g, Inc. v. Mascon, Inc.*, Case No. 08–595 JM (AJB), 2009 WL 3234177, at *3 (S.D. Cal. Oct. 2, 2009) (bracketed phrase in original).    The common interest must be a legal interest.    *See Walsh v. Northrup Grumman*, 165 F.R.D. 16, 18 (E.D.N.Y. 1996).    It "does not extend to communications about a joint business strategy that happens to include a concern about litigation."    *Id.*    As the alternate name "joint defense privilege" suggests, the doctrine applies to cases where "allied lawyers and clients" work together in prosecuting or defending a lawsuit so that they may exchange information among themselves without waving the privilege.    *See United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997).

1    In this case, Samsung and Google share a common interest with respect to Apple's

2 allegations of patent infringement.    There is no dispute that all of the accused features of the

3 Samsung Galaxy Nexus are part of Google's Ice Cream Sandwich Android operating system.

4 (*See* Fazio Decl., Exh. D at 6:16-8:24 (Samsung's Objections and Responses to Apple's First Set of

5 Interrogatories, Nos. 2-3).)    There is also no dispute that the source code for the version of Ice

6 Cream Sandwich used on Galaxy Nexus was written by Google, *not Samsung*.    (*See id*.)    Even

7 though Apple chose not to join Google as a defendant in this case, it is really Google's product as

8 incorporated in Galaxy Nexus that is accused of infringement.    Moreover, Galaxy Nexus is the

9 flagship product for Android 4.0 Ice Cream Sandwich.    Plainly, these two companies have a

10 common legal interest in obtaining a finding that the software does not infringe any valid patent of

11 Apple's.    Indeed, Google is the only entity that designed the source code for Galaxy Nexus and,

12 therefore, Samsung must talk with Google to mount a proper defense to Apple's claims.[4]

13    The facts in *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 (N.D. Cal.

14 Aug. 8, 2011), relied upon by Apple in its moving papers, were quite different.    The plaintiff in

15 *Elan* sought to withhold three categories of documents:

16        (1) sales presentations prepared for and/or given to third parties redacted on the basis of
         work product and/or "common interest privilege;" (2) documents withheld on the basis of
17        common interest privilege but without any identification of the matter of alleged common
         legal interest or any facts showing that the allegedly privileged communication had a
18        primarily legal, as opposed to business, purpose; and (3) communications with Elan's
         "legal" department withheld on the basis of attorney-client privilege even though the
19        department does not include any licensed attorneys.

20

21 *Elan*, 2011 WL at *3.

22 _____

23    [4]    During the meet and confer process, Apple even asked whether it based its Preliminary
   Injunction Motion on the "wrong" source code for Galaxy Nexus.    (Fazio Decl., Exh. G at 2.)
24 In response to Apple's question, Samsung stated that Apple has, in fact, based its Preliminary
   Injunction Motion on the wrong source code – meaning that Apple bases its Motion upon the
25 publicly available version of Ice Cream Sandwich.    (*Id.*)    The code that is on the Galaxy Nexus
   phone, however, is not the open source publicly available version of ICS, but rather a proprietary
26 version that only Google possesses.    (*Id.*)    In other words, Apple is moving to compel responses
   to its Requests for Production to attempt to show copying of a device that Samsung did not code in
27 the first place.

28

1    In this case, Samsung does not seek to withhold any sales presentations given to third

2  parties based on the common interest privilege; only communications between Samsung and

3  Google about allegations in this lawsuit and responding to them.    In this case, the matter of

4  alleged common legal interest are the common legal interests in obtaining a finding that the

5  Google Ice Cream Sandwich software in the Samsung Galaxy Nexus phones does not infringe any

6  valid patent of Apple's.    Finally, unlike the situation in *Elan*, all the communications as to which

7  Samsung asserts the common interest privilege have been between licensed attorneys for Samsung

8  and licensed attorneys for Google, accompanied by technical personnel necessary to understand

9  the technologies at issue.

10    Discussions between counsel for Samsung and counsel for Google about how to respond to

11  the infringement allegations in this action are not relevant for the purposes of the limited

12  preliminary injunction discovery at hand.    Either the software infringes a valid patent of Apple,

13  or it does not.    If Apple does establish a likelihood of success, it must then show irreparable

14  harm.    How Samsung and Google plan to respond to Apple's allegations should not affect either

15  determination.    Apple is simply attempting to take advantage of expedited discovery to gain

16  access to communications between Samsung's counsel and Google's counsel about responding to

17  this lawsuit.    Such communications are protected under the common interest privilege.

18  Samsung should not be compelled to divulge them.

19  **V.    APPLE'S ARGUMENT THAT SAMSUNG FAILED TO OBJECT WITH**

20  **SUFFICIENT SPECIFICITY IS INCORRECT AS A MATTER OF LAW AND**

21  **UNSUPPORTED BY THE FACTS IN ANY EVENT.**

22    Apple contends that Samsung "fails to object with sufficient specificity to justify

23  withholding documents from production."    (Mot. to Compel at 10:2-3.)    Apple seems to contend

24  that Samsung's objections, in and of themselves, must provide all facts sufficient to justify

25  Samsung withholding documents responsive to Apple's 29 disputed Requests, if any such

26  documents exist.    (*See id.*)    Apple's argument is makeweight.

27    No case requires that Samsung's objections, without anything else, contain all facts

28  supporting Samsung's objections.    Rather, the case law merely requires that a party resisting

1  discovery bears the initial burden of "*clarifying, explaining and supporting its objections*."

2  *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (emphasis added).    Unsurprisingly,

3  that clarification, explanation and support for Samsung's objections may come by way of

4  Samsung's Opposition papers and supporting declarations.    *See, e.g.*, *Bible v. Rio Properties,*

5  *Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) (recognizing that defendant should have substantiated

6  his objections to plaintiff's document requests by "provid[ing] . . . declarations or other evidence to

7  support its claim that the responsive documents are proprietary information and that 'their

8  disclosure would be harmful . . .'").    Samsung's Opposition brief contains evidentiary support for

9  Samsung's undue burden objections through the Declarations of Russell Wilkins, Corey Kerstetter

10  and Young Jin Kwon.    Samsung's other objections regarding overbreadth and vagueness to

11  Apple's 29 disputed Requests are also clarified and supported by its Opposition papers.    *See*

12  Sections I – IV, *infra*.

13          Further, and contrary to Apple's contention that Samsung "failed to state any specific facts"

14  supporting its objections during the meet and confer process, written correspondence between the

15  parties shows the opposite.    (*See* Mot. to Compel at 10:18-19.)    As just one example, with

16  respect to Samsung's overbreadth objection, citing specific Apple Requests, Samsung stated that

17  Apple's "requests seek information well beyond Apple's Preliminary Injunction Motion."    (*See*

18  Fazio Decl., Exh. E at 2-3.)    Samsung then called out specific examples of overbroad Requests

19  for Production in its meet and confer correspondence, several of which are at issue on Apple's

20  Motion to Compel, and explained in detail why those specific Requests were beyond the scope of

21  the Court's Order permitting discovery only to the extent "relevant to Apple's Preliminary

22  Injunction Motion."    (*See id.*)

23          The parties also specifically discussed the burden upon Samsung to collect documents

24  regarding every feature on every product during the meet and confer process.    (Fazio Decl., ¶

25  13.)    Though Apple certainly had every opportunity to ask questions regarding Samsung's burden

26  objection and obtain clarification, it chose not to.    Additionally, Apple acknowledged the burden

27  of gathering documents for every feature on every Samsung phone, but did not think that the

28  burden upon Samsung justified not gathering those documents.    (*Id.*)

1
2

VI.    **AN ORDER REQUIRING SAMSUNG TO PRODUCE ALL DOCUMENTS BY**
       **APRIL 27, 2012 IS UNWARRANTED AND IMPRACTICAL.**

3       Levying false accusations that Samsung "withheld discovery," Apple requests that the

4   Court order Samsung to complete its document production by April 27, 2012.    In support of its

5   request for relief, Apple cites to the deposition Dr. Ravin Balakrishnan, at which Samsung used a

6   video showing a device disclosed in Apple's own '721 patent, and concludes that Apple "needs

7   assurance that Samsung's production will be complete in time for Apple to make use of the entire

8   production in deposing Samsung's declarants . . ."   (Mot. to Compel at 15:2-3.)    Apple fails to

9   live up to its own standard.

10      Apple itself produced over 20,000 pages of documents *after* Samsung deposed three Apple

11  technical experts on the preliminary injunction patents (Nathaniel Polish, Todd Mowry and Ravin

12  Balakrishnan), two Apple declarants regarding irreparable harm (Arthur Rangel and Steven

13  Sinclair) and the inventor of Apple '647 Patent (David Wright).    (Fazio Decl., ¶ 14.)    Within

14  Apple's belated document productions were documents expressly referenced by Mr. Rangel at his

15  deposition.   (*See* Fazio Decl., Exh. F.)    Yet Samsung did not have those documents at the time

16  of Mr. Rangel's deposition because Apple failed to produce them.   (*See id.*)    Apple should not

17  be heard to complain about needing documents in time for Samsung's declarant depositions when

18  Apple itself has produced such a substantial volume of documents only *after* these key depositions

19  of *six* Apple declarants.    The parties are doing their best to complete discovery on an expedited

20  schedule.    Thus, Apple's kneejerk deadline is unjustified.

21      What is more, Apple has no excuse to make its own rolling document production.    Apple

22  filed this case.    In advance of bringing this fight, Apple had untold amounts of time to gather its

23  documents and prepare to produce them.    Samsung, on the other hand, did not.    Rather,

24  Samsung has been forced to oppose Apple's Preliminary Injunction Motion, respond to Apple's

25  discovery on shortened time, and oppose Apple's latest Motions to Compel.

26      Further, Apple cites a lone example of purported prejudice caused by Samsung's rolling

27  production – a video used by Samsung at the deposition of Dr. Balakrishnan showing the Neonode

28  device.   (*See* Mot. to Compel at 14:3-17.)    Apple fails to tell the Court that not only did Apple

Case No. 12-CV-00630-LHK
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL RFP PRODUCTION

1 know about the Neonode reference prior to deposition, but also that Neonode is cited art in Apple's

2 own '721 Patent.   (*See* Fazio Decl., Exh. J at 2 (U.S. Patent No. 8,046,721).)   The only objective

3 accomplished by the video used by Samsung at Dr. Balakrishnan's deposition is that it shows the

4 operation of a device *that Apple already knew about*.   (*See id.*)   If the operation of the Neonode

5 device came as a surprise to Dr. Balakrishnan, it was only because he never bothered to look it up.

6         Lastly, Apple's request that the Court impose a deadline of April 27, 2012 upon Samsung

7 to complete Samsung's document production is inconsistent with Apple's own conduct in

8 producing documents.   Apple's latest document production occurred on April 17, 2012 – only

9 one week before Samsung's Opposition brief to Apple's Preliminary Injunction Motion is due.

10 (*See* Fazio Decl., ¶ 14.)   Additionally, it is impracticable for Samsung to search thousands of

11 custodians and produce their documents for the reasons set forth in the accompanying

12 Declarations of Russell Wilkins, Corey Kerstetter and Young Jin Kwon.   Assuming that Apple

13 makes no further document productions after April 16, 2012, then it would only be fair to provide

14 Samsung with the same seven days before Apple's responsive brief is due to complete its

15 document production – or May 7, 2012 – to respond to the 43 Requests for which Samsung has

16 agreed to search for and produce documents.

17                                    **<u>CONCLUSION</u>**

18         For the foregoing reasons, Samsung respectfully requests that Apple's Motion to Compel

19 Production of Documents and Things be denied in its entirety.

20

21 DATED: April 18, 2012              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
22

23

24                                  By /s/ Patrick M. Shields
                                       Patrick M. Shields
25                                     Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
26                                     INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC
27

28