QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 12-CV-00630-LHK <br><br> **SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES** <br><br> Date: May 1, 2012 <br> Time: 10:00 a.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Honorable Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

I.   APPLE'S INTERROGATORY NO. 4, WHICH IS ACTUALLY NINE INTERROGATORIES ROLLED INTO ONE, SEEKS INFORMATION ON SAMSUNG'S KNOWLEDGE OF THE FOUR PATENTS AT ISSUE, WHICH IS IRRELEVANT TO INFRINGEMENT. ................................................................................ 2

II.  INTERROGATORY NO. 8 SEEKS IRRELEVANT INFORMATION ABOUT COPYING THAT RUNS ACROSS THE ENTIRE SPECTRUM OF ALL SAMSUNG SMARTPHONES AND TABLET COMPUTERS WITHOUT ANY LIMITATION WHATSOEVER. ................................................................................... 4

III. SAMSUNG HAS ANSWERED INTERROGATORY NOS. 9 AND 10 – WHICH APPLE LIMITED TO GALAXY NEXUS – WITH RESPECT TO GALAXY NEXUS AND ITS FOUR ACCUSED FEATURES. ............................................................ 6

IV.  THE COURT SHOULD SUSTAIN SAMSUNG'S COMMON INTEREST PRIVILEGE OBJECTION. ........................................................................................ 8

   A.   Apple Failed To Meet And Confer On The Common Interest Privilege Before Filing Its Motion. ............................................................................................ 8

   B.   Samsung Has A Valid Common Interest With Google That Justifies The Privilege. .................................................................................................................... 9

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
    212 F.3d 1272 (Fed. Cir. 2000) .................................................................................................3

*Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*,
    692 F. Supp. 2d 487 (M.D. Pa. 2010) ........................................................................................3

*Elan Microelectronics Corp. v. Apple, Inc.*,
    2011 WL 3443923 (N.D. Cal. Aug. 8, 2011) ....................................................................10, 11

*Pulse Eng'g, Inc. v. Mascon, Inc.*,
    Case No. 08-595 .........................................................................................................................9

*United States v. Bergonzi*,
    216 F.R.D. 487 (N.D. Cal. 2003) ...............................................................................................9

*United States v. Massachusetts Inst. of Tech.*,
    129 F.3d 681 (1st Cir. 1997) ....................................................................................................10

*Walsh v. Northrup Grumman*,
    165 F.R.D. 16 (E.D.N.Y. 1996) .................................................................................................9

*Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.*,
    655 F.2d 984 (9th Cir. 1981) .....................................................................................................3

## INTRODUCTION

This dispute boils down to a disagreement on the scope of early discovery. The Court's Order permitting expedited discovery states: "the parties [are] to make *all efforts* to keep discovery requests *reasonable in scope and narrowly tailored to address the preliminary injunction motion*." Samsung reads the letter and intent of this Order as limiting discovery to the four patents, four accused features, and one device – Galaxy Nexus – at issue on Apple's Preliminary Injunction Motion. The case-wide discovery attempted by Apple through its interrogatories is not relevant to Apple's Preliminary Injunction Motion and, thus, may occur only after the Rule 26(f) early meeting of counsel.

Apple, however, seems to read the Order as permitting discovery as to any subject – including features, devices and issues that are not the subject of its Preliminary Injunction Motion – so long as some creative argument can be made. Samsung has responded to all interrogatories that pertain to the issues to be resolved at the hearing on Apple's Preliminary Injunction Motion. Of Apple's ten interrogatories propounded, only four are in dispute on its Motion to Compel – Interrogatory Nos. 4, 8, 9 and 10.

Apple's Interrogatory No. 4 is a morass of nine separate interrogatories combined into one. In the most general sense, it seeks information on Samsung's knowledge of the four patents implicated by Apple's Preliminary Injunction Motion. The facts surrounding Samsung's knowledge of those patents, assuming those facts are not privileged, is irrelevant to any issue raised by Apple's Preliminary Injunction Motion.

Apple's Interrogatory No. 8 seeks information about Samsung's alleged copying of all features across all Samsung smartphones and tablets without any limitation whatsoever. Setting aside the fact that copying is irrelevant to a finding of patent infringement, assuming for a moment that Samsung copied a feature in some tablet computer somewhere at some point in time (and it did not), that fact has nothing to do with whether Samsung copied any of the four accused features on the only product at issue on Apple's Preliminary Injunction Motion, Galaxy Nexus.

Lastly, Apple seeks to *ex post facto* expand the scope of its Interrogatory Nos. 9 and 10 to include "any Samsung product." But Apple defined the accused features referenced in its

Interrogatory Nos. 9 and 10 to include *only* Galaxy Nexus. Not only did Apple define its interrogatories that way, but that is the proper way to define them given that only Galaxy Nexus is at issue on Apple's Preliminary Injunction Motion. And even Apple does not dispute that Samsung has fully responded to Interrogatory Nos. 9 and 10 as they apply to Galaxy Nexus.

## ARGUMENT

### I. APPLE'S INTERROGATORY NO. 4, WHICH IS ACTUALLY NINE INTERROGATORIES ROLLED INTO ONE, SEEKS INFORMATION ON SAMSUNG'S KNOWLEDGE OF THE FOUR PATENTS AT ISSUE, WHICH IS IRRELEVANT TO INFRINGEMENT.

Apple's Interrogatory No. 4 states:

> Describe the facts and circumstances surrounding Samsung's knowledge of the Preliminary Injunction Patents, including but not limited to, whether or not Samsung was aware of each of the Preliminary Injunction Patents prior to the filing of this lawsuit; when Samsung became aware of each of the Preliminary Injunction Patents; how Samsung became aware of each of the Preliminary Injunction Patents; and any efforts made to avoid infringement of each of the Preliminary Injunction Patents; and, identify the person(s) most knowledgeable about the response to this interrogatory, and locate and identify all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

(Fazio Decl., Exh. C at 6:4-14.)   Notwithstanding this seemingly endless interrogatory, according to Apple, it only asks Samsung to provide two pieces of information:   [1] "to disclose when [Samsung] first learned of the patents-in-suit; and [2] to describe any efforts taken to avoid those patents."   (Mot. to Compel at 6:4-5.)   But those two pieces of information are only the tip of the iceberg.   Interrogatory No. 4 speaks for itself.   It has nine subparts.   Among other questions, the sub-interrogatories ask: "[H]ow Samsung became aware of each of the Preliminary Injunction

Patents." (Fazio Decl., Exh. C at 6:9-10.) Additional subparts of this interrogatory require Samsung to "locate and identify" all documents that refer or relate to any of the other subparts, and finally, to "identify the person(s) most knowledgeable about the response to this interrogatory." (*Id.* at 6:11-14.)

Notably, Apple makes no effort whatsoever to justify the sweeping breadth of its interrogatory and all the onerous subparts. Instead, Apple resorts to generalities, such as this "information is fundamental to any patent case." (Mot. to Compel at 6:5-6.) Equally unhelpful is Apple's citation to *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272 (Fed. Cir. 2000), that a "failure by others to solve *the problem* and copying 'may often be the most probative and cogent evidence' of nonobviousness." (Mot. to Compel at 6:15-17 (emphasis added).) Interrogatory No. 4 does not ask anything at all about failures to solve a problem. The interrogatory seeks information about Samsung's *knowledge of the patents* – when, how and who learned of it. The generalities that Apple relies upon do not justify this interrogatory.

Apple also argues that "willful infringement . . . may be relevant to a preliminary injunction motion." (Mot. to Compel at 7:2-4.) Ordinarily, of course, intent has nothing to do with patent infringement. *Wilden Pump & Engineering Co. v. Pressed & Welded Products Co.*, 655 F.2d 984, 989 (9th Cir. 1981) ("In determining the question of infringement, the desire or intent to infringe a patent is irrelevant."); *Arlington Industries, Inc. v. Bridgeport Fittings, Inc.*, 692 F.Supp.2d 487, 503 (M.D. Pa. 2010) ("[T]he accused infringer's state of mind is irrelevant and it is inappropriate to consider evidence of copying."). It may be relevant to damages, but at the hearing on the preliminary injunction, damages for willfulness will not be an issue.

Apple notes that in a different case involving different patents and claims, counsel remarked that willfulness "may" be relevant. (Mot. to Compel at 7:2-5.) Yet Apple's Motion to Compel is devoid of any discussion of facts or law explaining when willfulness "may" be relevant in ruling on its Preliminary Injunction Motion in this case.

Finally, Apple asserts that copying may be evidence of nonobviousness. Preliminarily, when Apple initiated the meet and confer process, Apple's only justification for Interrogatory No. 4 was that it "clearly is relevant to issues such as the *balance of harms* and *the equitable equation*

as to whether to issue a preliminary injunction."   (Fazio Decl., Exh. K at 1 (emphasis added).)   Conspicuously absent from Apple's meet and confer letters is any mention that this interrogatory had anything whatsoever to do with nonobviousness.   (*See generally id.*; Fazio Decl., Exh. M.)

In any event, Interrogatory No. 4 has nothing whatsoever to do with copying.   Exactly the opposite.   The interrogatory asks about "efforts made to avoid infringement."   Thus, even assuming that copying might be pertinent to nonobviousness – an issue discussed in greater detail below – this interrogatory does not seek any information about copying.   Its subject is avoiding copying; that is, designing around a patent.

Moreover, any responsive information about designing around the patents-in-suit is almost certain to be privileged.   Attorneys must give their clients advice about what features are or are not permissible. To "design around" engineers must work with attorneys to determine what the patent precludes.   Obviously an attorney must first interpret the patent, much like a court would do at a *Markman* hearing.   The attorney communicates his or her opinion to the client-engineer who in turn proposes a design.   The attorney then compares its features to the patented features to render an opinion as to whether it is sufficiently different or whether additional changes are necessary.   This process may continue through several iterations as attorney and client communicate back and forth to evolve a design that satisfies the attorney as non-infringing.   Accordingly, an interrogatory that calls for "efforts" to avoid infringement is necessarily calling for the privileged communications between an attorney and a client to develop a design that is outside the patent.

## II. INTERROGATORY NO. 8 SEEKS IRRELEVANT INFORMATION ABOUT COPYING THAT RUNS ACROSS THE ENTIRE SPECTRUM OF ALL SAMSUNG SMARTPHONES AND TABLET COMPUTERS WITHOUT ANY LIMITATION WHATSOEVER.

Interrogatory No. 8 seeks "any analysis, review, consideration, or copying of, or comparison against *any Apple product* or product feature in designing or developing, or implementing a feature . . . [on] *any Samsung smartphone or tablet computer* . . ."   (Fazio Decl., Exh. C at 7:26-8:2 (emphasis added).)   Apple candidly acknowledges that its Interrogatory No. 8

1  is *not* limited to the features or the one device that is the subject of its Preliminary Injunction
2  Motion, yet it contends that all features of all phones and tablet computers are at issue because
3  copying "is an indicium of nonobviousness."   (Mot. to Compel at 7:12-14, 22-24.)   As
4  mentioned above, the current round of discovery is limited to issues raised by Apple's Preliminary
5  Injunction Motion.   For tactical reasons, Apple elected to limit its requested injunction to Galaxy
6  Nexus.   Whether other devices infringe does not prove that the one which is the subject of
7  Apple's Preliminary Injunction Motion infringes.
8        Interrogatory No. 8, as Apple itself has summarized it, "is directed to whether Samsung
9  considered or copied *any feature* of *Apple products* in developing its *smartphones or tablet*
10 *computers*."   (Fazio Decl., Exh. K at 2 (emphasis added).)   Apple goes so far as to argue that
11 copying "Apple's products as a whole" is relevant.   (Mot. to Compel at 8:7.)   In the meet and
12 confer process, Samsung asked Apple to explain why such sweeping discovery would be relevant
13 to the one product at issue.   (Fazio Decl., Exh. L at 3.)   Apple refused to do so.   (Fazio Decl.,
14 Exh. M.)   In a tell-tale sign of weakness, Apple laces its argument here with the phrase "highly
15 relevant" six times in two pages, along with a "directly relevant."   (Mot. to Compel at 6:1-8:7,
16 8:10.)   To this mixture it adds that the discovery of copying is "at the core of the preliminary
17 injunction inquiry."   (Mot. to Compel at 7:9-10.)   Apple tops off the argument with the
18 assertion, "It is difficult to imagine evidence that would be more relevant to this case."   (Mot. to
19 Compel at 7:16.)   The opposite is true.
20       After quoting the statement that "copying is an indicium of nonobviousness," Apple fails to
21 explain how copying other features for other products would in any logical way prove that the four
22 particular features at issue here were nonobvious.   None of Samsung's hundreds of other products
23 have anything whatsoever to do with whether Galaxy Nexus infringes the four patents at issue in
24 Apple's Preliminary Injunction Motion.   None of the thousands of other features on those
25 products have anything whatsoever to do with the validity of these four patents.
26       The only sliver of Apple's Interrogatory No. 8 that could have anything to do with Apple's
27 Preliminary Injunction Motion would be evidence of copying the four specific accused features as
28 implemented on Galaxy Nexus.   But Samsung did not design those features, and so Samsung

1  could not have copied them from anybody.  It is beyond dispute that Samsung did not develop
2  those four accused features; Google did.  (Fazio Decl., Exh. D at 6:2-8:24.)  And Samsung has
3  agreed to produce communications between Samsung and Google about the development of those
4  four accused features that pre-date the filing of this lawsuit.  Thus, anything that is relevant from
5  Interrogatory No. 8, Samsung is producing; all that is left is the irrelevant vast majority.

6  **III.    SAMSUNG HAS ANSWERED INTERROGATORY NOS. 9 AND 10 – WHICH**
7  **APPLE LIMITED TO GALAXY NEXUS – WITH RESPECT TO GALAXY NEXUS**
8  **AND ITS FOUR ACCUSED FEATURES.**

9       Apple asserts that Samsung has "no valid reason to limit the response to Interrogatories
10 Nos. 9 and 10 to the Samsung Galaxy Nexus."  (Mot. to Compel at 9:16-17.)  Actually, it does.
11       Apple itself defined the four accused features, and each definition specifically limits the
12 features to those used by Galaxy Nexus.  Though Apple contends that the "defined terms are all
13 broadly defined" and "not limited to a particular device," the defined terms speak for themselves.
14 For example, Apple defined "Slide to Unlock" to mean:

15       [T]he software, features and functionality that Apple accuses of infringing
16       U.S. Patent No. 8,046,721 as described in the Declaration of Dr. Ravin
17       Balakrishnan and that provide the functionality *used by the Samsung Galaxy*
18       *Nexus* to unlock the device using a swipe, slide or similar touch gesture . . .

19 (Fazio Decl., Exh. C at 2:19-22 (emphasis added).)

20       Similarly, according to Apple's definition, "Unified Search" means:
21       [T]he software, features and functionality that Apple accuses of infringing
22       U.S. Patent No. 8,086,604 as described in the Declaration of Dr. Nathaniel
23       Polish and that provide the functionality used to enable searching of a
24       plurality of resources *on the Samsung Galaxy Nexus*, such as contacts, email,
25       messages, search history, and other resources . . .

26 (Fazio Decl., Exh. C at 3:14-17 (emphasis added).)  Further, the expert declarations referenced in
27 these definitions were filed in support of Apple's Preliminary Injunction Motion and are specific to
28 Galaxy Nexus.  Apple should not be permitted to expand the scope of Interrogatory Nos. 9 and

1  10 after-the-fact when Apple itself limited its own definition of these four accused features to
2  Galaxy Nexus.    This distinction is not a trivial one because Galaxy Nexus uses a brand new
3  operating system – Android 4.0 Ice Cream Sandwich.    Importantly, Apple does not dispute that
4  Samsung has in fact answered these interrogatories with respect to Galaxy Nexus.

5  Apple also points out that its patents "are not limited to a particular device."  *Id.* at 10:16.
6  But Apple's Preliminary Injunction Motion is limited to a particular device.    In that Samsung has
7  answered as to the only product within the scope of preliminary injunction discovery, no further
8  response should be required.

9  Apple further asserts that it has supposedly "found selected examples of analyses and
10 discussions relating to these features sprinkled throughout Samsung's document production,
11 including relating to phones other than the Galaxy Nexus."    (Mot. to Compel at 10:8-11.)    It is
12 impossible to know what Apple means by "analyses" or "discussions" and "sprinkled throughout."
13 Even assuming Apple's characterization were correct, presumably it is not contending that patent
14 law prohibits a competitor from discussing the competition.    Samsung is at a loss to understand
15 what the alleged sprinkles have to do with whether Galaxy Nexus infringes.

16 Indeed, at the parties' in-person meet and confer, Samsung invited Apple to identify the
17 documents that Apple contended showed analysis of the four accused features – as Interrogatory
18 No. 9 requests – so that Samsung could understand Apple's position.    In response, Apple
19 provided by Bates number three documents that Apple contended showed analysis responsive to
20 Apple's Interrogatory No. 9.    (*See* Fazio Decl., Exh. G at 2.)    None of those three documents
21 dealt with Galaxy Nexus or the accused features.    (*See id.*)    Apple has now abandoned reliance
22 on those three documents.    Instead, Apple found a new document, which Apple now cites in its
23 Motion to Compel.    This latest document is not relevant either.    It merely shows a variety of
24 different implementations of the unlock feature on different phones – not Galaxy Nexus.    (*See*
25 Mot. to Compel at 10:8-11 (citing Simmons Decl., Exh. 9 at 31).)    Apple fails to explain how this
26 document is either responsive to Interrogatory No. 9 or relevant to its Preliminary Injunction
27 Motion.
28

The features of phones other than Galaxy Nexus have nothing to do with the requested injunction, which is limited solely to Galaxy Nexus. Even assuming such discussions existed, and even assuming other phones had the accused features, that has nothing to do with the question of what features Galaxy Nexus has. Apple cannot enjoin Galaxy Nexus because of features in other phones. Its Preliminary Injunction Motion is limited to four features in Galaxy Nexus. Therefore, its discovery is so limited as well.

Finally, Interrogatory No. 10 is overbroad because it seeks information about every "discussion" by literally any Samsung employee. (*See* Fazio Decl., Exh. 10 at 8:11-19.) The interrogatory would require an interview of every employee to determine who discussed what with whom. In addition, Apple asks Samsung to identify the "three persons most knowledgeable about such discussions." (*Id.*) How is that even possible?

## IV. THE COURT SHOULD SUSTAIN SAMSUNG'S COMMON INTEREST PRIVILEGE OBJECTION.

### A. Apple Failed To Meet And Confer On The Common Interest Privilege Before Filing Its Motion.

On April 11, 2012, the parties met and conferred regarding Samsung's responses to Apple's discovery requests. (Fazio Decl., ¶ 12.) During that session, Apple's counsel asked Samsung if Samsung was claiming any privileges other than attorney-client or work product doctrine. (*Id.*) Samsung responded that it was asserting a common interest privilege between Samsung and Google. (*Id.*) Apple stated that it would "think about" Samsung's invocation of the privilege and "get back to" Samsung. (*Id.*) That was the last Samsung heard from Apple on the issue of the common interest privilege, at least until Apple filed its Motion to Compel.

The entire purpose of the meet and confer process is to prevent the ambush that Apple now attempts. Further, Apple requested, and Samsung agreed, to have this Motion heard on shortened time. Samsung's agreement does not extend to matters upon which the parties did not meet and confer, like the common interest privilege. Such an issue may have a substantial impact upon the scope of discovery in this case. Indeed, Samsung is required to work with Google to defend this case because Google supplies all four accused features. The issue of a common interest privilege

1  should not be decided on a shortened briefing schedule and it certainly should not be decided after
2  Apple surprised Samsung by including this issue in its papers.   Apple's failure to meet and confer
3  on this issue should not be rewarded.   Accordingly, Samsung requests that it have an opportunity
4  to brief its common interest privilege with Google on a regular briefing schedule.

### B. Samsung Has A Valid Common Interest With Google That Justifies The Privilege.

Apple mischaracterizes Samsung's assertion of the common interest privilege, stating that "Samsung has further refused to provide information with regards to Interrogatory Nos. 9 and 10 . . ."   (*See* Mot. to Compel at 10:24-26 (emphasis added).)   Indeed, these two interrogatories are so overbroad so as to encompass communications between Google and Samsung after this lawsuit commenced.   Notably, Samsung does not assert the common interest privilege as to all discussions with Google that may be responsive to these interrogatories, and particularly does not assert the common interest privilege as to communications regarding development of Android 4.0 Ice Cream Sandwich.   Rather, Samsung only asserts the common interest privilege as to communications between Samsung and Google concerning the issues raised by this lawsuit.  There is no question that Samsung and Google share a common interest with respect to the allegations of infringement raised by Apple in this case.

The common interest doctrine, also known as the joint defense privilege, provides that disclosure to a third party does not waive privilege or work product protection where the third party shares a common interest with the disclosing party that is adverse to that of the party seeking the discovery.   *See United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).   The common interest privilege applies where: "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived."   *See Pulse Eng'g, Inc. v. Mascon, Inc.*, Case No. 08–595 JM (AJB), 2009 WL 3234177, at *3 (S.D. Cal. Oct. 2, 2009).   The common interest must be a legal interest.   *See Walsh v. Northrup Grumman*, 165 F.R.D. 16, 18 (E.D.N.Y. 1996).   It "does not extend to communications about a joint business strategy that happens to include a concern about litigation."   *Id.*   As the alternate name "joint defense privilege" suggests, the

doctrine applies to cases where "allied lawyers and clients" work together in prosecuting or defending a lawsuit so that they may exchange information among themselves without waving the privilege.   *See United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 686 (1st Cir. 1997).

In this case, Samsung and Google share a common interest with respect to Apple's allegations of patent infringement.   There is no dispute that all of the accused features of the Samsung Galaxy Nexus are part of Google's Ice Cream Sandwich Android operating system.  (*See* Fazio Decl., Exh. D at 6:16-8:24.)   There is also no dispute that the source code for the version of Ice Cream Sandwich used on Galaxy Nexus was written by Google, *not Samsung*.  (*See id*.)   Even though Apple chose not to join Google as a defendant in this case, it is really Google's product as incorporated in Galaxy Nexus that is accused of infringement.   Moreover, Galaxy Nexus is the flagship product for Android 4.0 Ice Cream Sandwich.   Plainly, these two companies have a common legal interest in obtaining a finding that the software does not infringe any valid patent of Apple's.   Indeed, Google is the only entity that designed the source code for Galaxy Nexus and, therefore, Samsung must talk with Google to mount a proper defense to Apple's claims.[1]

The facts in *Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 (N.D. Cal. Aug. 8, 2011), relied upon by Apple in its moving papers, were quite different.   The plaintiff in *Elan* sought to withhold three categories of documents:

> (1) sales presentations prepared for and/or given to third parties redacted on the basis of work product and/or "common interest privilege;" (2) documents withheld on the basis of common interest privilege but without any identification of the matter of alleged common legal interest or any facts showing that the allegedly privileged communication had a primarily legal, as opposed to business, purpose; and (3) communications with Elan's

---

[1]   Indeed, during the meet and confer process, Apple even asked whether it based its Preliminary Injunction Motion on the "wrong" source code for Galaxy Nexus.   (Fazio Decl., Exh. G at 2.)   In response to Apple's question, Samsung stated that Apple has, in fact, based its Preliminary Injunction Motion on the wrong source code – meaning that Apple bases its Motion upon the publicly available version of Ice Cream Sandwich.   (*Id.*)   The code that is on the Galaxy Nexus phone, however, is not the open source publicly available version of ICS, but rather a proprietary version that only Google possesses.   (*Id.*)   In other words, Apple is moving to compel responses to its Interrogatories to attempt to show copying of a device that Samsung did not code in the first place.

"legal" department withheld on the basis of attorney-client privilege even though the department does not include any licensed attorneys.

*Elan*, 2011 WL at *3.

In this case, Samsung does not seek to withhold any sales presentations given to third parties based on the common interest privilege; only communications between Samsung and Google about allegations in this lawsuit and responding to them. In this case, the matter of alleged common legal interest is the common legal interest in obtaining a finding that the Google Ice Cream Sandwich software in the Samsung Galaxy Nexus phones does not infringe any valid patent of Apple's. Finally, unlike the situation in *Elan*, all the communications as to which Samsung asserts the common interest privilege have been between licensed attorneys for Samsung and licensed attorneys for Google, accompanied by technical personnel necessary to understand the technologies at issue.

Discussions between counsel for Samsung and counsel for Google about how to respond to the infringement allegations in this action are not relevant for the purposes of the limited preliminary injunction discovery at hand. Either the software infringes a valid patent of Apple's, or it does not. If Apple does establish a likelihood of success, it must then show irreparable harm. How Samsung and Google plan to respond to Apple's allegations should not affect either determination. Apple is simply attempting to take advantage of expedited discovery to gain access to communications between Samsung's counsel and Google's counsel about responding to this lawsuit. Such communications are protected under the common interest privilege. Samsung should not be compelled to divulge them.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that Apple's Motion to Compel Further Responses to Interrogatories be denied in its entirety.

DATED: April 18, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Patrick M. Shields
Patrick M. Shields
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC