QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S OPPOSITIONS TO APPLE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Date: May 1, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Honorable Paul S. Grewal |

## DECLARATION OF MICHAEL L. FAZIO

I, Michael L. Fazio, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart & Sullivan LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. A true and correct copy of Apple Inc.'s First Set Of Preliminary Injunction Requests For Production To Defendants, dated March 6, 2012, is attached as **Exhibit A**.

3. A true and correct copy of Samsung's Objections And Responses To Apple's First Set Of Preliminary Injunction Requests For Production To Defendants, dated March 27, 2012, is attached as **Exhibit B**.

4. A true and correct copy of Apple Inc.'s First Set Of Preliminary Injunction Interrogatories To Defendants, dated March 6, 2012, is attached as **Exhibit C**.

5. A true and correct copy of Samsung's Objections And Responses To Apple's First Set Of Preliminary Injunction Interrogatories, dated March 27, 2012, is attached as **Exhibit D**.

6. A true and correct copy of a letter from me to Brian M. Buroker, an attorney with Gibson Dunn & Crutcher, LLP, dated an April 3, 2012, is attached as **Exhibit E**.

7. A true and correct copy of a letter from me to Mark Lyon, an attorney with Gibson Dunn & Crutcher, LLP, dated April 9, 2012, is attached as **Exhibit F**.

8. A true and correct copy of a letter from me to Mark Lyon, dated April 10, 2012, is attached as **Exhibit G**.

9. A true and correct copy of a letter from me to Mark Lyon, dated April 11, 2012, is attached as **Exhibit H**.

10. A true and correct copy of an email from me to Mark Lyon, dated April 17, 2012, is attached as **Exhibit I**.

11. Apple made productions of documents on March 29, March 31, April 2, April 3, April 10, April 11, April 12 and April 13. Similarly, Samsung produced documents on March 27,

1  April 2, April 5, April 7, April 10 (two productions), April 11, April 12 (two productions) and
2  April 14.   As of the date of this declaration, Samsung's document production totals over 164,000
3  pages.
4      12.   On April 11, 2012, the parties met and conferred regarding Apple's Requests for
5  Production and Interrogatories and Samsung's Responses thereto.   During this meet and confer,
6  Apple's counsel asked Samsung if Samsung was claiming any privileges other than attorney-client
7  or work product doctrine.   Samsung responded that it was asserting a common interest privilege
8  between Samsung and Google.   Apple stated that it would "think about" Samsung's invocation of
9  the privilege and "get back to" Samsung.   After this meet and confer on April 11, Apple's counsel
10 did not communicate with Samsung's counsel regarding Samsung's claim of the common interest
11 privilege between Samsung and Google.
12     13.   During the parties' lead trial counsel in-person meet and confer on April 10, 2012,
13 and though not specifically discussed in the context of any particular Apple Request for
14 Production, the parties generally discussed the burden upon Samsung to collect documents
15 regarding every feature on every Samsung product (i.e. phones, smartphones and tablets) with no
16 date limitation.   Though Apple certainly had every opportunity to ask questions regarding
17 Samsung's burden objection and obtain clarification, Apple asked no questions at the April 10,
18 2012 meet and confer or at the follow-up meet and confer on April 11, 2012.   Additionally,
19 during the parties' meet and confer on April 10, 2012, Apple acknowledged the burden of
20 Samsung gathering documents for every feature on the foregoing Samsung products with no date
21 limitation, but Apple's counsel stated that it did not believe that that burden upon Samsung
22 justified not searching for and producing those documents.
23     14.   Apple has produced over 20,000 pages of documents *after* Samsung deposed three
24 Apple technical experts on the preliminary injunction patents (Nathaniel Polish, Todd Mowry and
25 Ravin Balakrishnan), two Apple declarants regarding irreparable harm (Arthur Rangel and Steven
26 Sinclair) and the inventor of Apple '647 Patent (David Wright).   Apple's latest document
27 production of approximately 6,300 pages occurred on April 17, 2012.
28

15. A true and correct copy of Apple's Patent No. 8,046,721 B2, dated October 25, 2011, is attached as **Exhibit J**.

16. A true and correct copy of a letter from Brian M. Buroker to my partner Patrick Shields, dated March 29, 2012, is attached as **Exhibit K**.

17. A true and correct copy of a letter from me to Brian M. Buroker, dated an April 2, 2012, is attached as **Exhibit L**.

18. A true and correct copy of a letter from Brian M. Buroker to me, dated April 4, 2012, is attached as **Exhibit M**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2012, at Los Angeles, California.

Michael L. Fazio