# EXHIBIT B

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Patrick M. Shields (Bar No. 204739)
11 patrickshields@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17              UNITED STATES DISTRICT COURT

18     NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 12-cv-00630-LHK

21              Plaintiff,                        **SAMSUNG'S OBJECTIONS AND**
                                                 **RESPONSES TO APPLE'S FIRST SET OF**
22        vs.                                    **PRELIMINARY INJUNCTION**
                                                 **REQUESTS FOR PRODUCTION TO**
23 SAMSUNG ELECTRONICS CO., LTD., a              **DEFENDANTS**
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
26
                Defendant.
27

28

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.     Samsung objects to the "Definitions" and "Instructions" contained in Apple's First Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.     Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.     Samsung objects to these document requests on the ground and to the extent they seek information not relevant to a determination of Apple's Motion for a Preliminary Injunction, filed February 8, 2012.  Such discovery is not authorized at this time under the Federal Rules of Civil Procedure or under the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion.  Samsung will provide information that is reasonably likely to lead to the discovery of admissible evidence relevant to Apple's Motion for a Preliminary Injunction.

4.     Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with

Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on February 8, 2012). Samsung will not log privileged documents that were created on or after February 8, 2012.

5.      Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6.      Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

7.      Samsung objects to these document requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

8.      Samsung objects to each document request to the extent it is duplicative or cumulative of another document request or other discovery.

9.      Samsung objects to each document request to the extent it is compound and comprises discrete subparts resulting in separate document requests.

10.      Samsung objects generally to the document requests to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

11.      Samsung objects generally to the document requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12.      Samsung objects to the document requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1)

a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

14.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

15.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.  The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents relating to the Samsung Galaxy Nexus or other issues raised in Apple's Motion for Preliminary Injunction in this case that Samsung produced or received from third parties in *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

(i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; (iii) it seeks documents that are equally or more readily available to Apple than to Samsung; (iv) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (v) it is vague and ambiguous in that it seeks all documents "relating" to the Samsung Galaxy Nexus or "other issues" raised in Apple's Motion for Preliminary Injunction; (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (vii) it is unduly burdensome in that it would require Samsung to produce again documents already deemed produced in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents related to the features and functionality that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is vague and ambiguous in that it seeks all documents "related to" the "features" and functionality that Apple has alleged infringe the Preliminary Injunction Patents; (iii) it is vague, ambiguous, and unintelligible to the extent it seeks

1   documents relating to any accused features or functionality that are not specifically identified in

2   the request; (iv) it is temporally and substantively overbroad in that it is not limited to any

3   reasonable time period and seeks documents and things related to products not at issue in this

4   litigation or the motion for preliminary injunction; and (v) it seeks documents that are not relevant

5   to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

6   admissible evidence.

7            Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

8   responsive, non-privileged documents in its possession, custody, or control, that can be located

9   based on a reasonable search.

10

11  **REQUEST FOR PRODUCTION NO. 3:**

12           Documents sufficient to show the design, development, and implementation of the features

13  and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the

14  Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and

15  Special Text Detection, including, but not limited to, any documents that discuss or describe

16  Samsung's decision to include those features in the Galaxy Nexus.

17

18  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19           In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

21  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

22  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

23  any other applicable privilege or immunity; (ii) it seeks documents that are equally or more readily

24  available to Apple than to Samsung; (iii) it is vague and ambiguous in that it seeks documents

25  "sufficient to show" the design, development, and implementation of the features and functionality

26  used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction

27  Patents; (iv) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to

28  any feature or functionality not specifically identified in the request; (v) it is temporally and

1  substantively overbroad in that it is not limited to any reasonable time period and seeks documents

2  and things related to products not at issue in this litigation or the motion for preliminary

3  injunction; and (vi) it seeks documents that are not relevant to the claims or defenses of any party

4  and/or not reasonably calculated to lead to the discovery of admissible evidence.

5       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

6  responsive, non-privileged documents in its possession, custody, or control, that can be located

7  based on a reasonable search.

8

9  **REQUEST FOR PRODUCTION NO. 4:**

10      Documents sufficient to show the design, development, and implementation of the

11  keyboards used by the Samsung Galaxy Nexus to permit users to type or otherwise enter text,

12  including but not limited to entering letters, numbers, and punctuation marks.

13

14  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

15      In addition to its Objections and Responses Common to All Requests for Production,

16  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

17  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

18  Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous in that it seeks

19  documents sufficient to show the "design, development, and implementation of the keyboards

20  used by the Samsung Galaxy Nexus;" (iii) it seeks documents that are not relevant to the claims or

21  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

22  evidence; and (iv) it is temporally and substantively overbroad in that it is not limited to any

23  reasonable time period and seeks documents and things related to products not at issue in this

24  litigation or the motion for preliminary injunction.

25

26  **REQUEST FOR PRODUCTION NO. 5:**

27      Any and all instructions, manuals, guides, or other documentation for the features and

28  functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary

Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is vague and ambiguous with regard to the terms "manuals," "guides," and "documentation;" (iii) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any features or functionality that are not specifically identified in the request; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (vi) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the individuals who contributed to, oversaw, or were otherwise involved in the design, development, or implementation of the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks documents that are equally or more readily available to Apple than to Samsung; (ii) it is vague and ambiguous with regard to the terms "design," "development," and "implementation;" (iii) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any features or functionality that are not specifically identified in the request; and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.


**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify the date of the first design and use of the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.


**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; (iii) it is vague and ambiguous with regard to the terms "design," "use," "features," and "functionality"; and (iv) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or functionality that are not specifically identified in the request.

1  **REQUEST FOR PRODUCTION NO. 8:**

2      Documents sufficient to identify the individuals who contributed to, oversaw, or were

3  otherwise involved in the design, development, or implementation of the ability to type, enter,

4  correct, change, or modify text (including letters, numbers, and punctuation marks) in

5  applications, including but not limited to, the email application, Messaging application, Contacts

6  application or Calendar application.

7

8  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9      In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

11  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

12  Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous with regard to the

13  terms "contributed," "oversaw," "design," "development," "implementation," and "otherwise

14  involved in;" (iii) it is temporally and substantively overbroad in that it is not limited to any

15  reasonable time period and seeks documents and things related to products not at issue in this

16  litigation; (iv) it seeks documents that are not relevant to the claims or defenses of any party

17  and/or not reasonably calculated to lead to the discovery of admissible evidence; and (v) it seeks

18  documents that are equally or more readily available to Apple than to Samsung.

19

20  **REQUEST FOR PRODUCTION NO. 9:**

21      Source code and any other instructions utilized by or implemented on the Samsung Galaxy

22  Nexus relating to the features and functionality used by the Samsung Galaxy Nexus that Apple has

23  alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction,

24  Unified Search, and Special Text Detection.

25

26  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

27      In addition to its Objections and Responses Common to All Requests for Production,

28  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

1 (i) it seeks documents that are equally or more readily available to Apple than to Samsung; (ii) it

2 seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent

3 it seeks information subject to non-disclosure or other confidentiality agreements between

4 Samsung and a third party; (iii) it is temporally and substantively overbroad in that it is not limited

5 to any reasonable time period and seeks documents and things related to products not at issue in

6 this litigation or the motion for preliminary injunction; (iv) it is vague and ambiguous with regard

7 to the terms "instructions," "utilized by," and "implemented on;" and (v) it is vague, ambiguous,

8 and unintelligible to the extent it seeks documents relating to any accused features or functionality

9 that are not specifically identified in the request.

10

11 **REQUEST FOR PRODUCTION NO. 10:**

12        Source code and any other instructions utilized by the Samsung Galaxy Nexus relating to

13 the keyboards to type or otherwise enter text, including but not limited to entering letters,

14 numbers, and punctuation marks.

15

16 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

17        In addition to its Objections and Responses Common to All Requests for Production,

18 which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

19 (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

20 Apple's Motion for a Preliminary Injunction; (ii) it seeks documents that are equally or more

21 readily available to Apple than to Samsung; (iii) it seeks the confidential, proprietary and/or trade

22 secret information of third parties, and to the extent it seeks information subject to non-disclosure

23 or other confidentiality agreements between Samsung and a third party; (iv) it is temporally and

24 substantively overbroad in that it is not limited to any reasonable time period and seeks documents

25 and things related to products not at issue in this litigation; and (v) it is vague and ambiguous with

26 regard to the terms "instructions," and "utilized by."

27

28

1  **REQUEST FOR PRODUCTION NO. 11:**

2      Source code and any other instructions utilized by the Samsung Galaxy Nexus relating to

3  the Android Quick Search Box, the functionality for software, applications, modules or other

4  sources to be available for search within the Android Quick Search Box, the functionality to

5  search software, applications, modules or other sources from a single user interface or software

6  module, including, but not limited to the ability to select which software, applications, modules or

7  other sources will be searched and the functionality or interface to make the software, applications,

8  modules or other sources searchable through the single user interface or software module.

9

10  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

11      In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

13  (i) it seeks documents that are equally or more readily available to Apple than to Samsung; (ii) it

14  seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent

15  it seeks information subject to non-disclosure or other confidentiality agreements between

16  Samsung and a third party; (iii) it is temporally and substantively overbroad in that it is not limited

17  to any reasonable time period and seeks documents and things related to products not at issue in

18  this litigation or the motion for preliminary injunction; and (iv) it is vague, ambiguous, and

19  unintelligible, including with regard to the terms "instructions," and "utilized by."

20

21  **REQUEST FOR PRODUCTION NO. 12:**

22      Source code and any other instructions utilized by the Samsung Galaxy Nexus relating to

23  the typing, entry, correction, change, or modification of text, including letters, numbers, and

24  punctuation marks, in applications, including but not limited to, the email application, Messaging

25  application, Contacts application or Calendar application used by the Samsung Galaxy Nexus.

26

27  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

28      In addition to its Objections and Responses Common to All Requests for Production,

1  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

2  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

3  Apple's Motion for a Preliminary Injunction; (ii) it seeks documents that are equally or more

4  readily available to Apple than to Samsung; (iii) it seeks the confidential, proprietary and/or trade

5  secret information of third parties, and to the extent it seeks information subject to non-disclosure

6  or other confidentiality agreements between Samsung and a third party; (iv) it is temporally and

7  substantively overbroad in that it is not limited to any reasonable time period and seeks documents

8  and things related to products not at issue in this litigation; and (v) it is vague and ambiguous with

9  regard to the terms "instructions," and "utilized by."

10

11  **REQUEST FOR PRODUCTION NO. 13:**

12        Source code and any other instructions utilized by or implemented on the Samsung Galaxy

13  Nexus relating to the recognition of text within a web page, email message, text message, SMS

14  message, MMS message or other text displayed to a user of the Samsung Galaxy Nexus

15  representing an email address, phone number, physical address, date, time, calendar entry or fax

16  number, including text containing partial representations of those items and the ability to select the

17  text and perform an action with the text such as placing a telephone call, looking up an address or

18  storing in the Contacts application.

19

20  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21        In addition to its Objections and Responses Common to All Requests for Production,

22  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

23  (i) it seeks documents that are equally or more readily available to Apple than to Samsung; (ii) it

24  seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent

25  it seeks information subject to non-disclosure or other confidentiality agreements between

26  Samsung and a third party; (iii) it is temporally and substantively overbroad in that it is not limited

27  to any reasonable time period and seeks documents and things related to products not at issue in

28  this litigation or the motion for preliminary injunction; and (iv) it is vague, ambiguous, and

-12-                              Case No. 12-cv-00630-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

1  unintelligible, including with regard to the terms "instructions," and "utilized by."

2

3  **REQUEST FOR PRODUCTION NO. 14:**

4      All Documents relating to any analysis, review, consideration, evaluation, inspection, tear-

5  down report, or copying of any Apple product, feature, or functionality, including but not limited

6  to any comparisons between any Apple product, feature, or functionality and any actual or

7  contemplated features or functionality Samsung included or considered including with its

8  smartphones, including but not limited to the Samsung Galaxy Nexus, or tablet computers.

9

10  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

11      In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

13  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

14  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

15  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

16  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

17  temporally and substantively overbroad in that it is not limited to any reasonable time period and

18  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

19  ambiguous with regard to the terms "analysis," "review," "consideration," "evaluation,"

20  "inspection," "tear-down report," and "copying;" and (v) it seeks documents that are not relevant

21  to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

22  admissible evidence.

23

24  **REQUEST FOR PRODUCTION NO. 15:**

25      All documents relating to any analysis, review, consideration, evaluation, inspection, tear-

26  down report, or copying of any Apple product relating to the features and functionality used by the

27  Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents,

28  including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the terms "analysis," "review," "consideration," "evaluation," "inspection," "tear-down report," and "copying;" (v) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or functionality that are not specifically identified in the request; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents relating to any analysis, review, consideration, evaluation, or attempts to design around or otherwise avoid infringement of the Preliminary Injunction Patents.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and

1   seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

2   ambiguous with regard to the terms "review," "consideration," "evaluation," and "design around";

3   and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not

4   reasonably calculated to lead to the discovery of admissible evidence.

5

6   **REQUEST FOR PRODUCTION NO. 17:**

7        All Documents relating to the design or development of the Samsung Galaxy Nexus that

8   mention or refer to Apple or Apple products, including but not limited to Documents relating to

9   the design or development of the features and functionality of the Samsung Galaxy Nexus that

10   Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text

11   Correction, Unified Search, and Special Text Detection, including communications among or with

12   your personnel that discuss whether or how to copy or implement any design, feature, or function

13   of an Apple product.

14

15   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16        In addition to its Objections and Responses Common to All Requests for Production,

17   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20   any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

21   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

22   temporally and substantively overbroad in that it is not limited to any reasonable time period and

23   seeks documents and things related to products not at issue in this litigation; (iv) it seeks

24   documents that are equally or more readily available to Apple than to Samsung; (v) it is vague and

25   ambiguous with regard to the terms "design," and "development;" (vi) it is vague, ambiguous, and

26   unintelligible to the extent it seeks documents relating to any accused features or functionality that

27   are not specifically identified in the request; and (vii) it seeks documents that are not relevant to

28   the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search, that relate to Slide to Unlock, Text Correction, Unified Search, and Special Text Detection, as those terms are defined in the request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the Android platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product. Documents responsive to this Request include, but are not limited to, Documents related to the redesign of any Samsung product in light of Apple products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (v) it is vague and ambiguous with regard to the terms "design," "development" and "relating to."

**REQUEST FOR PRODUCTION NO. 19:**

All Documents that comprise, refer, or relate to communications with third parties regarding the design, development, and implementation of the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or to the extent it seeks documents subject to a protective order; (iv) it is vague and ambiguous with regard to the terms "comprise," "design," "development," "implementation," "refer," and "relate to"; and (v) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or functionality that are not specifically identified in the request.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents that comprise, refer, or relate to Samsung's discussion of, both internally and with third-parties, contributions to and efforts related to the design, development and implementation of the Android platform.

1  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2       In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

4  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

5  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

6  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

7  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

8  temporally and substantively overbroad in that it is not limited to any reasonable time period and

9  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

10  documents containing confidential third party information, including information subject to a non-

11  disclosure or other agreement between Samsung and a third party, or to the extent it seeks

12  documents subject to a protective order; (v) it seeks documents that are not relevant to the claims

13  or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

14  evidence; and (vi) it is vague, ambiguous, and unintelligible, including with regard to the terms

15  "comprise," "design, "development," "implementation," "refer," and "relate to."

16

17  **REQUEST FOR PRODUCTION NO. 21:**

18       All Documents that comprise, refer, or relate to Samsung's discussion of, both internally

19  and with third-parties, contributions to and efforts related to the design, development and

20  implementation of Android 4.0 Ice Cream Sandwich.

21

22  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23       In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

25  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

26  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

27  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

28  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

1  temporally and substantively overbroad in that it is not limited to any reasonable time period and

2  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

3  documents containing confidential third party information, including information subject to a non-

4  disclosure or other agreement between Samsung and a third party, or to the extent it seeks

5  documents subject to a protective order; (v) it seeks documents that are not relevant to the claims

6  or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

7  evidence; and (vi) it is vague, ambiguous, and unintelligible, including with regard to the terms

8  "comprise," "design, "development," "implementation," "refer," and "relate to."

9

10  **REQUEST FOR PRODUCTION NO. 22:**

11       All Documents that comprise, refer, or relate to communications with or contributions by

12  third parties regarding the design, development, and implementation of the Samsung Galaxy

13  Nexus.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

16       In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

21  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

22  temporally and substantively overbroad in that it is not limited to any reasonable time period and

23  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

24  documents that are equally or more readily available to Apple than to Samsung; (v) it seeks

25  documents containing confidential third party information, including information subject to a non-

26  disclosure or other agreement between Samsung and a third party, or to the extent it seeks

27  documents subject to a protective order; (vi) it is vague, ambiguous, and unintelligible, including

28  with regard to the terms "comprise," "design," "development," "implementation," "refer," and

-19-                                      Case No. 12-cv-00630-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

1  "relate to;" and (vii) it seeks documents that are not relevant to the claims or defenses of any party

2  and/or not reasonably calculated to lead to the discovery of admissible evidence.

3

4  **REQUEST FOR PRODUCTION NO. 23:**

5      All Documents that comprise, refer, or relate to communications with or contributions by

6  third parties regarding the design, development, and implementation of the Samsung smartphones.

7

8  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

9      In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

11  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

12  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

13  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

14  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

15  temporally and substantively overbroad in that it is not limited to any reasonable time period and

16  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

17  documents that are equally or more readily available to Apple than to Samsung; (v) it seeks

18  documents containing confidential third party information, including information subject to a non-

19  disclosure or other agreement between Samsung and a third party, or to the extent it seeks

20  documents subject to a protective order; (vi) it is vague, ambiguous, and unintelligible, including

21  with regard to the terms "comprise," "design," "development," "implementation," "refer," "relate

22  to," and "the Samsung smartphones"; and (vii) it seeks documents that are not relevant to the

23  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

24  admissible evidence.

25

26  **REQUEST FOR PRODUCTION NO. 24:**

27      All Documents that comprise, refer, or relate to communications with or contributions by

28  third parties regarding the design, development, and implementation of the Samsung products that

1  use or incorporate the Android platform.

2

3  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

4      In addition to its Objections and Responses Common to All Requests for Production,

5  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

6  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

7  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

8  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

9  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

10  temporally and substantively overbroad in that it is not limited to any reasonable time period and

11  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

12  documents that are equally or more readily available to Apple than to Samsung; (v) it seeks

13  documents containing confidential third party information, including information subject to a non-

14  disclosure or other agreement between Samsung and a third party, or to the extent it seeks

15  documents subject to a protective order; (vi) it is vague, ambiguous, and unintelligible, including

16  with regard to the terms "comprise," "design," "development," "implementation," "refer," and

17  "relate to;" and (vii) it seeks documents that are not relevant to the claims or defenses of any party

18  and/or not reasonably calculated to lead to the discovery of admissible evidence.

19

20  **REQUEST FOR PRODUCTION NO. 25:**

21      All Documents relating to your knowledge of each of the Preliminary Injunction Patents,

22  including but not limited to when you first became aware of each of the Preliminary Injunction

23  Patents.

24

25  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

26      In addition to its Objections and Responses Common to All Requests for Production,

27  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

28  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

1  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

2  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

3  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

4  overly broad and unduly burdensome to the extent that it purports to require Samsung to seek

5  information from thousands of people; (iv) it is temporally and substantively overbroad in that it is

6  not limited to any reasonable time period and seeks documents and things related to products not

7  at issue in this litigation; (v) it seeks documents that are not relevant to the claims or defenses of

8  any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and

9  (vi) it is vague and ambiguous with regard to the term "relating to."

10

11  **REQUEST FOR PRODUCTION NO. 26:**

12       All Documents, including source code, prototypes, models and products, that you contend

13  constitute or relate to prior art to the Preliminary Injunction Patents.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16       In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

21  invalidity contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local

22  Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR

23  Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for

24  Preliminary Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not

25  limited to any reasonable time period and seeks documents and things related to products not at

26  issue in this litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous

27  with regard to the term "relate to."

28

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to any contention that the Galaxy Nexus does not infringe the asserted claims of the Preliminary Injunction Patents.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's non-infringement contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard to the term "relate to."

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to any contention that the asserted claims of the Preliminary Injunction Patents are invalid.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

invalidity contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard to the term "relate to."

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to the invalidity, validity, unenforceability, or enforceability of the Preliminary Injunction Patents, including all Documents relating to any contention that you make that any of the Preliminary Injunction Patents are invalid or unenforceable.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's invalidity and unenforceability contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard to the term "relate to."

1   **REQUEST FOR PRODUCTION NO. 30:**

2       All Documents relating to any issue raised in Apple's Motion for a Preliminary Injunction

3   in this case.

4

5   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

6       In addition to its Objections and Responses Common to All Requests for Production,

7   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

8   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

9   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

10  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

11  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

12  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

13  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

14  Injunction Motion; (iii) it is overly broad and unduly burdensome; and (iv) it is vague, ambiguous,

15  and unintelligible, in that it does not describe with reasonable particularity each item or category

16  of items to be inspected.

17

18  **REQUEST FOR PRODUCTION NO. 31:**

19      All Documents relating to any position Samsung raises or intends to raise in opposition to

20  Apple's Motion for Preliminary Injunction in this case.

21

22  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

23      In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

25  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

26  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

27  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

28  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

1  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

2  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

3  Injunction Motion; (iii) it is overly broad and unduly burdensome; (iv) it is vague, ambiguous, and

4  unintelligible, in that it does not describe with reasonable particularity each item or category of

5  items to be inspected; and (v) it calls for speculation.

6

7  **REQUEST FOR PRODUCTION NO. 32:**

8      All Documents relied upon or considered by all declarants of Samsung filed in opposition

9  to Apple's Motion for Preliminary Injunction in this case.

10

11  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

12      In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

14  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

15  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

16  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

17  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

18  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

19  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

20  Injunction Motion; (iii) it seeks discovery not permitted under the Court's Agreed Upon Protective

21  Order Regarding Disclosure and Use of Discovery Materials, entered on January 30, 2012 in Civil

22  Action No. 11-cv-01846-LHK and adopted on an interim basis in this action by virtue of the

23  parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; (iv) it is overly

24  broad and unduly burdensome; (v) it is vague, ambiguous, and unintelligible; and (vi) it calls for

25  speculation.

26

27  **REQUEST FOR PRODUCTION NO. 33:**

28      All Documents Samsung intends to use for impeachment or examination of all declarants

1  supporting Apple's Motion for Preliminary Injunction in this case.

2

3  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

4  In addition to its Objections and Responses Common to All Requests for Production,

5  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

6  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

7  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

8  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

9  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

10  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

11  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

12  Injunction Motion; (iii) the Federal Rules of Civil Procedure do not require the production of

13  impeachment materials; (iv) it is overly broad and unduly burdensome; (v) it is vague, ambiguous,

14  and unintelligible; and (vi) it calls for speculation.

15

16  **REQUEST FOR PRODUCTION NO. 34:**

17  All Documents Samsung intends to use for impeachment or examination of any person

18  Samsung will seek to depose in connection with Apple's Motion for Preliminary Injunction in this

19  case.

20

21  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

22  In addition to its Objections and Responses Common to All Requests for Production,

23  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

24  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

25  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

26  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

27  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

28  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

1   the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

2   Injunction Motion; (iii) the Federal Rules of Civil Procedure do not require the production of

3   impeachment materials; (iv) it is overly broad and unduly burdensome; (v) it is vague, ambiguous,

4   and unintelligible; and (vi) it calls for speculation.

5

6   **REQUEST FOR PRODUCTION NO. 35:**

7       All Documents considered or relied on to respond to any interrogatory in this case.

8

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10      In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

12  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

13  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

14  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

15  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it seeks

16  documents that are not relevant to the claims or defenses of any party and/or not reasonably

17  calculated to lead to the discovery of admissible evidence; (iv) it is overly broad and unduly

18  burdensome in that it is not reasonably limited as to the scope of documents and things it seeks;

19  and (v) it is vague and ambiguous with regard to the term "considered relied on."

20

21  **REQUEST FOR PRODUCTION NO. 36:**

22      All Documents relating to any contention that Apple would not be irreparably harmed in

23  the absence of a preliminary injunction.

24

25  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

26      In addition to its Objections and Responses Common to All Requests for Production,

27  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

28  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

1  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

2  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

3  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

4  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

5  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

6  Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any

7  reasonable time period and seeks documents and things related to products not at issue in this

8  litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard

9  to the terms "relating to" and "irreparably harmed."

10

11  **REQUEST FOR PRODUCTION NO. 37:**

12      All Documents relating to any contention that money damages would be adequate to

13  compensate Apple in this case.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

16      In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

21  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

22  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

23  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

24  Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any

25  reasonable time period and seeks documents and things related to products not at issue in this

26  litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard

27  to the terms "relating to" and "compensate."

28

1  **REQUEST FOR PRODUCTION NO. 38:**

2      All Documents relating to any contention that the public interest would not be served by a

3  preliminary injunction in this case.

4

5  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

6      In addition to its Objections and Responses Common to All Requests for Production,

7  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

8  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

9  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

10  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

11  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

12  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

13  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

14  Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any

15  reasonable time period and seeks documents and things related to products not at issue in this

16  litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard

17  to the terms "relating to" and "public interest."

18

19  **REQUEST FOR PRODUCTION NO. 39:**

20      All Documents relating to any contention that there is no nexus, relationship, or causal link

21  between the alleged infringement in this case and the alleged harm to Apple caused by that

22  infringement.

23

24  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

25      In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

27  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

28  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

1  any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's

2  contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the

3  Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines,

4  the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary

5  Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any

6  reasonable time period and seeks documents and things related to products not at issue in this

7  litigation or the motion for preliminary injunction; and (iv) it is vague and ambiguous with regard

8  to the terms "relating to," "nexus," "relationship," "causal link," "alleged infringement," and

9  "alleged harm."

10

11  **REQUEST FOR PRODUCTION NO. 40:**

12      All Documents relating to any impact a preliminary injunction in this case would have on

13  Defendants.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

16      In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

21  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it

22  prematurely seeks disclosure of Samsung's contentions, in violation of the Federal Rules of Civil

23  Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case

24  Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting

25  Briefing and Hearing Schedule for Preliminary Injunction Motion; (iv) it is overly broad and

26  unduly burdensome in that it is not limited to any reasonable time period and seeks documents and

27  things related to products not at issue in this litigation; and (v) it is vague and ambiguous with

28  regard to the terms "relating to" and "impact."

**REQUEST FOR PRODUCTION NO. 41:**

All Documents relating to any contention that any of the features or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection, are unimportant, do not drive sales, or are not the basis of consumer demand.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it prematurely seeks disclosure of Samsung's contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iv) it is vague and ambiguous with regard to the terms "relating to," "unimportant," "drive sales," and "basis of consumer demand"; and (v) it is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or functionality that are not specifically identified in the request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents relating to the importance of, or the consumer demand for, the features and functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection. Such Documents shall include, but are not limited to, any consumer study, consumer demand analysis, survey, report, or other analysis.

-32-

1  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

2    In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

4  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

5  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

6  any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that

7  it is not limited to any reasonable time period and seeks documents and things related to products

8  not at issue in this litigation or the motion for preliminary injunction; (iii) it is vague and

9  ambiguous with regard to the terms "relating to," "importance of," "consumer study," "consumer

10  demand analysis," "survey," "report," and "other analysis"; (iv) it is vague, ambiguous, and

11  unintelligible to the extent it seeks documents relating to any accused features or functionality that

12  are not specifically identified in the request; and (v) it seeks documents that are equally or more

13  readily available to Apple than to Samsung, including documents and things that are publicly

14  available.

15    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

16  responsive, non-privileged documents in its possession, custody, or control, that can be located

17  based on a reasonable search, that relate to Slide to Unlock, Text Correction, Unified Search, and

18  Special Text Detection, as those terms are defined in the request.

19

20  **REQUEST FOR PRODUCTION NO. 43:**

21    All Documents relating to actual or perceived competition between Apple and Samsung

22  with regard to the Samsung Galaxy Nexus.

23

24  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

25    In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

27  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

28  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents relating to actual or perceived competition between Apple and Samsung with regard to Samsung smartphones.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents

1  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2  to the discovery of admissible evidence.

3

4  **REQUEST FOR PRODUCTION NO. 45:**

5      All Documents relating to actual or perceived competition between Apple and Samsung

6  with regard to Samsung products that use or incorporate the Android platform.

7

8  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

9      In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

11  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

12  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

13  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

14  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

15  temporally and substantively overbroad in that it is not limited to any reasonable time period and

16  seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

17  ambiguous, and unintelligible, including with regard to the phrase "actual or perceived

18  competition;" (v) it seeks documents that are equally or more readily available to Apple than to

19  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

20  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

21  to the discovery of admissible evidence.

22

23  **REQUEST FOR PRODUCTION NO. 46:**

24      All Documents relating to the competitive impact that the sale of the Samsung Galaxy

25  Nexus would have or has had on any Apple product.

26

27  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

28      In addition to its Objections and Responses Common to All Requests for Production,

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it is vague and ambiguous with regard to the phrase "competitive impact;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relating to the competitive impact that the sale of Samsung smartphones would have or has had on any Apple product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally

1   or more readily available to Apple than to Samsung, including documents and things that are

2   publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of

3   any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

4

5   **REQUEST FOR PRODUCTION NO. 48:**

6          All Documents relating to the competitive impact that the sale of Samsung products that

7   use or incorporate the Android platform would have or has had on any Apple product.

8

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

10          In addition to its Objections and Responses Common to All Requests for Production,

11   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

12   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

13   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

14   any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

15   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

16   temporally and substantively overbroad in that it is not limited to any reasonable time period and

17   seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

18   ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally

19   or more readily available to Apple than to Samsung, including documents and things that are

20   publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of

21   any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

22

23   **REQUEST FOR PRODUCTION NO. 49:**

24          All Documents relating to the competitive impact that the sale of Apple iOS products

25   would have or has had on any Samsung product.

26

27   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28          In addition to its Objections and Responses Common to All Requests for Production,

1   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

2   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

3   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

4   any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

5   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

6   temporally and substantively overbroad in that it is not limited to any reasonable time period and

7   seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

8   ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally

9   or more readily available to Apple than to Samsung, including documents and things that are

10  publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of

11  any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

12

13  **REQUEST FOR PRODUCTION NO. 50:**

14      All Documents relating to the actual or potential competitive impact on any Apple product

15  resulting from the inclusion into any Samsung product of any feature or functionality used by the

16  Samsung Galaxy Nexus that Apple has alleged infringes the Preliminary Injunction Patents,

17  including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

18

19  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

20      In addition to its Objections and Responses Common to All Requests for Production,

21  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

22  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

23  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

24  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

25  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

26  temporally and substantively overbroad in that it is not limited to any reasonable time period and

27  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

28  ambiguous with regard to the phrase "actual or potential competitive impact;" (v) it is vague,

1    ambiguous, and unintelligible to the extent it seeks documents relating to any accused features or

2    functionality that are not specifically identified in the request; (vi) it seeks documents that are

3    equally or more readily available to Apple than to Samsung, including documents and things that

4    are publicly available; and (vii) it seeks documents that are not relevant to the claims or defenses

5    of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

6

7    **REQUEST FOR PRODUCTION NO. 51:**

8         All Documents relating to the importance, or lack thereof, of sales to first-time buyers of

9    the Samsung Galaxy Nexus or any product with which the Samsung Galaxy Nexus competes,

10   including any Apple product.

11

12   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

13        In addition to its Objections and Responses Common to All Requests for Production,

14   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

15   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

16   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

17   any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

18   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

19   temporally and substantively overbroad in that it is not limited to any reasonable time period and

20   seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

21   ambiguous, and unintelligible, including with regard to the terms "importance" and "first-time

22   buyers"; (v) it seeks documents that are equally or more readily available to Apple than to

23   Samsung, including documents and things that are publicly available; and (vi) it seeks documents

24   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

25   to the discovery of admissible evidence.

26

27   **REQUEST FOR PRODUCTION NO. 52:**

28        All Documents relating to the importance, or lack thereof, to Samsung's smartphone

1    market share, now and in the future, based on sales to first-time buyers of smartphones.

2

3    **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

4         In addition to its Objections and Responses Common to All Requests for Production,

5    which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

6    (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

7    attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

8    any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

9    extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

10   temporally and substantively overbroad in that it is not limited to any reasonable time period and

11   seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

12   ambiguous, and unintelligible, including with regard to the terms "importance" and "first-time

13   buyers"; (v) it seeks documents that are equally or more readily available to Apple than to

14   Samsung, including documents and things that are publicly available; and (vi) it seeks documents

15   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

16   to the discovery of admissible evidence.

17

18   **REQUEST FOR PRODUCTION NO. 53:**

19        All Documents relating to actual or perceived competition between any Samsung product

20   and any Apple product containing or embodying any of the features or functionality used by the

21   Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents,

22   including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

23

24   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25        In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

27   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

28   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

1  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

2  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

3  temporally and substantively overbroad in that it is not limited to any reasonable time period and

4  seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

5  ambiguous, and unintelligible, including with regard to the phrase "actual or perceived

6  competition;" (v) it seeks documents that are equally or more readily available to Apple than to

7  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

8  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

9  to the discovery of admissible evidence.

10

11  **REQUEST FOR PRODUCTION NO. 54:**

12      All Documents relating to actual or perceived competition between any smartphone,

13  including but not limited to any Samsung smartphone, and any Apple product.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16      In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

21  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

22  temporally and substantively overbroad in that it is not limited to any reasonable time period and

23  seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

24  ambiguous, and unintelligible, including with regard to the phrase "actual or perceived

25  competition;" (v) it seeks documents that are equally or more readily available to Apple than to

26  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

27  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

28  to the discovery of admissible evidence.

-41-                                    Case No. 12-cv-00630-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 55:**

All Documents relating to actual or perceived competition between any Samsung product that uses or incorporates the Android platform and any Apple product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify the market for the Samsung Galaxy Nexus.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is vague and ambiguous with regard to the term "market"; and (ii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available.

-42-                                    Case No. 12-cv-00630-LHK

1    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

2   responsive, non-privileged documents in its possession, custody, or control, that can be located

3   based on a reasonable search.

4

5   **REQUEST FOR PRODUCTION NO. 57:**

6    Documents sufficient to identify the market for Samsung products that use or incorporate

7   the Android platform.

8

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

10    In addition to its Objections and Responses Common to All Requests for Production,

11   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

12   (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

13   Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in

14   that it is not limited to any reasonable time period and seeks documents and things related to

15   products not at issue in this litigation; (iii) it is vague and ambiguous with regard to the term

16   "market"; (iv) it seeks documents that are equally or more readily available to Apple than to

17   Samsung, including documents and things that are publicly available; and (v) it seeks documents

18   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

19   to the discovery of admissible evidence.

20

21   **REQUEST FOR PRODUCTION NO. 58:**

22    Documents sufficient to identify the respective market share of each product that competes

23   with the Samsung Galaxy Nexus.

24

25   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

26    In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

28   (i) it is vague and ambiguous with regard to the term "market share"; (ii) it seeks documents that

are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (iii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents relating to Samsung's strategy to acquire market share for its smartphones.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the terms "strategy," and "market share;" and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents relating to Samsung's strategy to acquire market share for the Samsung Galaxy Nexus.

1 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

2      In addition to its Objections and Responses Common to All Requests for Production,

3 which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

4 (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

5 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

6 any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

7 extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

8 temporally and substantively overbroad in that it is not limited to any reasonable time period and

9 seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

10 ambiguous with regard to the terms "strategy," and "market share;" and (v) it seeks documents

11 that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

12 to the discovery of admissible evidence.

13      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

14 responsive, non-privileged documents in its possession, custody, or control, that can be located

15 based on a reasonable search.

16

17 **REQUEST FOR PRODUCTION NO. 61:**

18      All Documents related to Samsung's strategy to acquire market share for its tablet

19 computers.

20

21 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

22      In addition to its Objections and Responses Common to All Requests for Production,

23 which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

24 (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

25 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

26 any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

27 extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

28 temporally and substantively overbroad in that it is not limited to any reasonable time period and

1  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

2  ambiguous with regard to the terms "strategy," and "market share;" and (v) it seeks documents

3  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

4  to the discovery of admissible evidence.

5

6  **REQUEST FOR PRODUCTION NO. 62:**

7      All Documents related to Samsung's strategy to acquire market share for Samsung

8  products that use or incorporate the Android platform.

9

10  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

11      In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

13  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

14  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

15  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

16  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

17  temporally and substantively overbroad in that it is not limited to any reasonable time period and

18  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

19  ambiguous with regard to the terms "strategy," and "market share;" and (v) it seeks documents

20  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

21  to the discovery of admissible evidence.

22

23  **REQUEST FOR PRODUCTION NO. 63:**

24      All Documents related to Samsung's strategy to acquire or take market share from Apple

25  iOS products.

26

27  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

28      In addition to its Objections and Responses Common to All Requests for Production,

1    which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

2    (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

3    attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

4    any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

5    extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

6    temporally and substantively overbroad in that it is not limited to any reasonable time period and

7    seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

8    ambiguous with regard to the terms "strategy," and "market share;" and (v) it seeks documents

9    that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

10    to the discovery of admissible evidence.

11

12    **REQUEST FOR PRODUCTION NO. 64:**

13        Documents sufficient to identify the respective market share of each product that competes

14    with Apple iOS products.

15

16    **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

17        In addition to its Objections and Responses Common to All Requests for Production,

18    which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

19    (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

20    Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous with regard to the

21    terms "market share," and "competes;" (iii) it seeks documents that are not relevant to the claims

22    or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

23    evidence; (iv) it seeks documents that are equally or more readily available to Apple than to

24    Samsung, including documents and things that are publicly available; and (v) it is temporally and

25    substantively overbroad in that it is not limited to any reasonable time period and seeks documents

26    and things related to products not at issue in this litigation.

27

28

**REQUEST FOR PRODUCTION NO. 65:**

Documents sufficient to identify all projections you have reviewed or considered as to what the respective market share of the Samsung Galaxy Nexus, and each product that competes with the Samsung Galaxy Nexus, is likely to be at any future point.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is vague and ambiguous, including with regard to the terms "projections," "market share," and "competes;" (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to identify all projections you have reviewed or considered as to what the respective market share of the Samsung Galaxy Nexus, and each product that competes with the Samsung Galaxy Nexus, is likely to be at any future point.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is vague and ambiguous, including with regard to the terms "projections," "market share,"

and "competes;" (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 67:**

Documents sufficient to identify all projections you have reviewed or considered as to the respective market share of each Samsung smartphone, and each product that competes with any Samsung smartphone, is likely to be at any future point.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous, including with regard to the terms "projections," "market share," and "competes;" (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 68:**

Documents sufficient to identify all projections you have reviewed or considered as to the respective market share of each Samsung product that uses or incorporates the Android platform, and each product that competes with any Samsung product that uses or incorporates the Android platform, is likely to be at any future point.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is vague and ambiguous, including with regard to the terms "projections," "market share," and "competes;" (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 69:**

Documents sufficient to show Samsung's business plans and marketing strategies for the Samsung Galaxy Nexus and for any other Samsung product incorporating any of the features or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.  Such Documents shall include, but are not limited to, market surveys or studies relating to buyer loyalty and comparisons between the Samsung Galaxy Nexus and any Apple product.

1  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

2      In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

4  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

5  Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in

6  that it is not limited to any reasonable time period and seeks documents and things related to

7  products not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms

8  "business plans," "marketing strategies," "market surveys," "studies," and "buyer loyalty;" (iv) it

9  is vague, ambiguous, and unintelligible to the extent it seeks documents relating to any accused

10  features or functionality that are not specifically identified in the request; and (v) it seeks

11  documents that are not relevant to the claims or defenses of any party and/or not reasonably

12  calculated to lead to the discovery of admissible evidence.

13      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

14  responsive, non-privileged business plans and marketing strategies for the Samsung Galaxy Nexus

15  in its possession, custody, or control, that can be located based on a reasonable search.

16

17  **REQUEST FOR PRODUCTION NO. 70:**

18      Documents sufficient to show Samsung's business plans and marketing strategies for

19  Samsung smartphones and products incorporating or using the Android platform.    Such

20  Documents shall include, but are not limited to, market surveys or studies relating to buyer loyalty

21  and comparisons between the Samsung Galaxy Nexus and any Apple product.

22

23  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

24      In addition to its Objections and Responses Common to All Requests for Production,

25  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

26  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

27  Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in

28  that it is not limited to any reasonable time period and seeks documents and things related to

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

products not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "business plans," "marketing strategies," "market surveys," "studies," and "buyer loyalty;" and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 71:**

Documents sufficient to show Samsung's actual or perceived competitors in the market for the Samsung Galaxy Nexus and for any other Samsung product incorporating any of the features or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iii) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competitors;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents regarding the Samsung Galaxy Nexus in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 72:**

Documents sufficient to show Samsung's actual or perceived competitors in the market for the Samsung smartphones or Samsung products that use or incorporate the Android platform.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iii) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competitors;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 73:**

All Documents relating to any customer surveys, studies, analyses or investigations regarding the Samsung Galaxy Nexus.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and

seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the terms "customer surveys," "studies," "analyses," and "investigations;" and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents relating to any customer surveys, studies, analyses or investigations regarding Samsung smartphones or Samsung products that use or incorporate the Android platform.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the terms "customer surveys," "studies," "analyses," and "investigations;" and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents relating to any customer surveys, studies, analyses or investigations

1  regarding Apple iOS products.

2

3  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

4        In addition to its Objections and Responses Common to All Requests for Production,

5  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

6  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

7  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

8  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

9  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

10  temporally and substantively overbroad in that it is not limited to any reasonable time period and

11  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

12  documents that are equally or more readily available to Apple than to Samsung, including

13  documents and things that are publicly available; (v) it is vague and ambiguous with regard to the

14  terms "customer surveys," "studies," "analyses," and "investigations;" and (vi) it seeks documents

15  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

16  to the discovery of admissible evidence.

17

18  **REQUEST FOR PRODUCTION NO. 76:**

19        All Documents relating to any advertising, promotions, actual or considered related to the

20  Samsung Galaxy Nexus.

21

22  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

23        In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

25  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

26  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

27  any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that

28  it is not limited to any reasonable time period and seeks documents and things related to products

1  not at issue in this litigation or the motion for preliminary injunction; (iii) it seeks documents that

2  are equally or more readily available to Apple than to Samsung, including documents and things

3  that are publicly available; (iv) it is vague and ambiguous with regard to the terms "advertising,"

4  and "promotions;" and (v) it seeks documents that are not relevant to the claims or defenses of any

5  party and/or not reasonably calculated to lead to the discovery of admissible evidence.

6     Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

7  responsive, non-privileged documents in its possession, custody, or control, that can be located

8  based on a reasonable search.

9

10  **REQUEST FOR PRODUCTION NO. 77:**

11     All Documents relating to any advertising, promotions, actual or considered related to

12  Samsung smartphones or Samsung products that use or incorporate the Android platform.

13

14  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

15     In addition to its Objections and Responses Common to All Requests for Production,

16  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

17  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

18  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

19  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

20  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

21  temporally and substantively overbroad in that it is not limited to any reasonable time period and

22  seeks documents and things related to products not at issue in this litigation; (iv) it seeks

23  documents that are equally or more readily available to Apple than to Samsung, including

24  documents and things that are publicly available; (v) it is vague and ambiguous with regard to the

25  terms "advertising," and "promotions;" and (vi) it seeks documents that are not relevant to the

26  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

27  admissible evidence.

28

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to show Samsung's actual sales and market share for the Samsung Galaxy Nexus, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from the time the Samsung Galaxy Nexus was first released, through trial.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (ii) it is unduly burdensome to the extent it purports to require Samsung to produce information in a format different from how it is kept in the ordinary course of business; (iii) it is vague and ambiguous with regard to the terms "actual sales," and "market share;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents created between 2007 and the present relating to Samsung's U.S. market share for smartphones and tablet computers.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

1   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

2   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

3   any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

4   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

5   vague and ambiguous with regard to the term "market share;" (iv) it is temporally and

6   substantively overbroad in that it is not limited to any reasonable time period and seeks documents

7   and things related to products not at issue in this litigation; (v) it seeks documents that are not

8   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

9   discovery of admissible evidence; and (vi) it seeks documents that are equally or more readily

10  available to Apple than to Samsung, including documents and things that are publicly available.

11

12  **REQUEST FOR PRODUCTION NO. 80:**

13      Documents sufficient to show Samsung's actual sales and market share for Samsung

14  smartphones, including but not limited to Documents sufficient to show sales and market share on

15  a product-by-product basis, in terms of both revenue and unit volume, on a monthly, quarterly, and

16  annual basis, from 2007 through trial.

17

18  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

19      In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

21  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

22  Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in

23  that it is not limited to any reasonable time period and seeks documents and things related to

24  products not at issue in this litigation; (iii) it is unduly burdensome to the extent it purports to

25  require Samsung to produce information in a format different from how it is kept in the ordinary

26  course of business; (iv) it is vague and ambiguous with regard to the terms "actual sales," and

27  "market share;" (v) it seeks documents that are equally or more readily available to Apple than to

28  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

1  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2  to the discovery of admissible evidence.

3

4  **REQUEST FOR PRODUCTION NO. 81:**

5      Documents sufficient to show Samsung's actual sales and market share for Samsung

6  products that use or incorporate the Android platform, including but not limited to Documents

7  sufficient to show sales and market share on a product-by-product basis, in terms of both revenue

8  and unit volume, on a monthly, quarterly, and annual basis, from 2007 through trial.

9

10  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

11      In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

13  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

14  Apple's Motion for a Preliminary Injunction; (ii) it is temporally and substantively overbroad in

15  that it is not limited to any reasonable time period and seeks documents and things related to

16  products not at issue in this litigation; (iii) it is unduly burdensome to the extent it purports to

17  require Samsung to produce information in a format different from how it is kept in the ordinary

18  course of business; (iv) it is vague and ambiguous with regard to the terms "actual sales," and

19  "market share;" (v) it seeks documents that are equally or more readily available to Apple than to

20  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

21  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

22  to the discovery of admissible evidence.

23

24  **REQUEST FOR PRODUCTION NO. 82:**

25      Documents sufficient to show Samsung's projected sales and market share for the

26  Samsung Galaxy Nexus, in terms of both revenue and unit volume, on a monthly, quarterly, and

27  annual basis, for any period of time for which any such projections were prepared.

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (ii) it is unduly burdensome to the extent it purports to require Samsung to produce information in a format different from how it is kept in the ordinary course of business; (iii) it is vague and ambiguous with regard to the terms "projected sales," and "market share;" and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.


**REQUEST FOR PRODUCTION NO. 83:**

All Documents that that comprise, refer, or relate to communications with any advertisers regarding any of the features or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringe the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.


**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it seeks documents that

1  are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to

2  the discovery of admissible evidence; (iv) it is vague and ambiguous with regard to the terms

3  "comprise," "refer," and "relate to"; and (v) it is vague, ambiguous, and unintelligible to the extent

4  it seeks documents relating to any accused features or functionality that are not specifically

5  identified in the request.

6      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

7  responsive, non-privileged documents in its possession, custody, or control, that can be located

8  based on a reasonable search, that relate to Slide to Unlock, Text Correction, Unified Search, and

9  Special Text Detection, as those terms are defined in the request.

10

11  **REQUEST FOR PRODUCTION NO. 84:**

12      All Documents considered or relied upon by any expert that Samsung retains in connection

13  with this case.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

16      In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

20  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

21  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it seeks

22  discovery not permitted under the Court's Agreed Upon Protective Order Regarding Disclosure

23  and Use of Discovery Materials, entered on January 30, 2012 in Civil Action No. 11-cv-01846-

24  LHK and adopted on an interim basis in this action by virtue of the parties' Stipulation and

25  [Proposed] Order Re Discovery, filed March 22, 2012; (iv) it is vague and ambiguous with regard

26  to the terms "considered" and "relied upon;" and (v) it is temporally and substantively overbroad

27  in that it is not limited to any reasonable time period and seeks documents and things related to

28  products not at issue in this litigation.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents that Samsung produced or received from third parties in Apple Inc. v. Samsung Electronics Co., Ltd., Case No. 11-cv-01846-LHK, in response to Apple Inc.'s Requests For Production of Documents and Things Relating to Apple's Motion For Preliminary Injunction Request for Production Nos. 1, 206, 214, and 215.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is unduly burdensome in that it would require Samsung to produce again documents already deemed produced in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung; (v) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents that Samsung produced or received from third parties in Apple Inc. v. Samsung Electronics Co., Ltd., Case No. 11-cv-01846-LHK, in response to the Court's September 28, 2011 Order (Dkt No. 267) and December 22, 2011 Order (Dkt No. 537).

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

In addition to its Objections and Responses Common to All Requests for Production,

1   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

2   (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

3   Apple's Motion for a Preliminary Injunction; (ii) it is unduly burdensome in that it would require

4   Samsung to produce again documents already deemed produced in this action by virtue of the

5   parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; (iii) it seeks

6   documents containing confidential third party information, including information subject to a non-

7   disclosure or other agreement between Samsung and a third party, or documents subject to a

8   protective order; (iv) it seeks documents that are equally or more readily available to Apple than to

9   Samsung; (v) it is temporally and substantively overbroad in that it is not limited to any reasonable

10  time period and seeks documents and things related to products not at issue in this litigation; and

11  (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not

12  reasonably calculated to lead to the discovery of admissible evidence.

13

14  **REQUEST FOR PRODUCTION NO. 87:**

15       All Documents that Samsung produced or received from third parties in *Apple Inc. v.*

16  *Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK, discussed, mentioned or referred to

17  in Apple Inc.'s Motion For Rule 37(B)(2) Sanctions For Samsung's Violation of Two Discovery

18  Orders (Dkt No. 715).

19

20  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

21       In addition to its Objections and Responses Common to All Requests for Production,

22  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

23  (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to

24  Apple's Motion for a Preliminary Injunction; (ii) it is unduly burdensome in that it would require

25  Samsung to produce again documents already deemed produced in this action by virtue of the

26  parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; (iii) it seeks

27  documents containing confidential third party information, including information subject to a non-

28  disclosure or other agreement between Samsung and a third party, or documents subject to a

protective order; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung; (v) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (vi) it is vague, ambiguous, and unintelligible, in that it does not describe with reasonable particularity each item or category of items to be inspected; and (vii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 88:**

To the extent that Documents responsive to Requests Nos. 85, 86, and 87 do not include Documents relating to the Samsung Galaxy Nexus, all Documents responsive to Requests Nos. 85, 86, and 87 relating to the Samsung Galaxy Nexus.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (ii) it is unduly burdensome in that it would require Samsung to produce again documents already deemed produced in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; (iv) it seeks documents that are equally or more readily available to Apple than to Samsung; (v) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (vi) it is vague, ambiguous, and unintelligible, in that it does not describe with reasonable particularity each item or category of items to be inspected; and (vii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

1  admissible evidence.

2

3  **REQUEST FOR PRODUCTION NO. 89:**

4         Documents relating to your analysis, review, consideration, or copying of, or comparison

5  against, any Apple product or product feature in designing, developing, or implementing any

6  feature of the Samsung Galaxy Nexus, including but not limited to, (1) Slide To Unlock; (2) Text

7  Correction; (3) Unified Search; and (4) Special Text Detection.

8

9  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

10        In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

12  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

13  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

14  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

15  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

16  temporally and substantively overbroad in that it is not limited to any reasonable time period and

17  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

18  ambiguous with regard to the terms "analysis," "review," "consideration," "copying," "designing,"

19  "developing," "implementing," and "comparison"; and (v) it seeks documents that are not relevant

20  to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

21  admissible evidence.

22

23  **REQUEST FOR PRODUCTION NO. 90:**

24        All Documents relating to marketing of the Samsung Galaxy Nexus that discuss or refer

25  directly or indirectly to Apple or Apple products, including copies of all advertisements or other

26  promotional materials, marketing plans, market surveys, focus group studies, or other Documents

27  related to testing of advertisements or advertisement messaging.

28

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation or the motion for preliminary injunction; (iii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; (iv) it is vague and ambiguous with regard to the terms "promotional materials," "marketing plans," "market surveys," and "focus group studies"; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for a Samsung Galaxy Nexus, or a Samsung Galaxy Nexus for an Apple product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

1   extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

2   temporally and substantively overbroad in that it is not limited to any reasonable time period and

3   seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad

4   and unduly burdensome to the extent that it purports to require Samsung to seek information from

5   thousands of people; (v) it is vague and ambiguous with regard to the term "confused"; and (vi) it

6   seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

7   calculated to lead to the discovery of admissible evidence.

8

9   DATED: March 27, 2012               Respectfully submitted,

10                                      QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
11

12

13                                      By   /s/ Patrick M. Shields
                                             Charles K. Verhoeven
14                                           Kevin P.B. Johnson
                                             Victoria F. Maroulis
15                                           William C. Price
                                             Patrick M. Shields
16                                           Attorneys for SAMSUNG ELECTRONICS CO.,
                                             LTD., SAMSUNG ELECTRONICS AMERICA,
17                                           INC. and SAMSUNG
                                             TELECOMMUNICATIONS AMERICA, LLC
18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION