# EXHIBIT D

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    50 California Street, 22nd Floor
3   San Francisco, California 94111
    Telephone: (415) 875-6600
4   Facsimile: (415) 875-6700

5   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
6   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
7   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California  94065-2139
8   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
9
    William C. Price (Bar No. 108542)
10  williamprice@quinnemanuel.com
    Patrick M. Shields (Bar No. 204739)
11  patrickshields@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
12  Los Angeles, California 90017
    Telephone: (213) 443-3000
13  Facsimile: (213) 443-3100

14  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
15  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
16

17              UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20  APPLE INC., a California corporation,          CASE NO. 12-cv-00630-LHK

21          Plaintiff,                             **SAMSUNG'S OBJECTIONS AND
                                                   RESPONSES TO APPLE'S FIRST SET OF
22          vs.                                    PRELIMINARY INJUNCTION
                                                   INTERROGATORIES**
23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
26
            Defendant.
27

28

1     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung

2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3  America, LLC, ("Samsung") submit the following objections and responses to Plaintiff Apple

4  Inc's ("Apple's") First Set of Preliminary Injunction Interrogatories to Defendants.

5     Samsung expressly incorporates the following General Objections as though set forth fully

6  in response to each of the following individual interrogatories and, to the extent that they are not

7  raised in any particular response, Samsung does not waive those objections.

8                    **GENERAL OBJECTIONS**

9     The following general objections apply to each and every interrogatory propounded by

10 Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully

11 therein:

12     1.     Samsung objects to the "Definitions" and "Instructions" contained in Apple's First

13 Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

14     2.     Samsung objects to Apple's Definition of "Samsung," "You," "Your," and

15 "Defendants" as overly broad to the extent it requires Samsung to pursue information from

16 individuals no longer employed by Samsung whose data is not currently in the possession of

17 Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and

18 "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates,"

19 and also to the extent that it requires Samsung to potentially seek information from thousands of

20 people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals

21 expected to possess the requested information.

22     3.     Samsung objects to these interrogatories on the ground and to the extent they seek

23 information not relevant to a determination of Apple's Motion for a Preliminary Injunction, filed

24 February 8, 2012.  Such discovery is not authorized at this time under the Federal Rules of Civil

25 Procedure or under the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule

26 for Preliminary Injunction Motion.  Samsung will provide information that is reasonably likely to

27 lead to the discovery of admissible evidence relevant to Apple's Motion for a Preliminary

28 Injunction.

1        4.      Samsung objects generally to each interrogatory to the extent that it seeks to elicit
2    information subject to and protected by the attorney-client privilege, the attorney work-product
3    doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable
4    privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a
5    waiver of the attorney-client privilege, the work product doctrine, or any other applicable
6    privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a
7    log of withheld documents at a time agreed to by counsel for the parties.  Samsung objects
8    generally to the logging of privileged documents that were created on or after the date of filing of
9    the original Complaint (on February 8, 2012). Samsung will not log privileged documents that
10   were created on or after February 8, 2012.

11       5.      Samsung objects to these interrogatories on the ground and to the extent they are
12   vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and
13   ambiguous and will assume a reasonable meaning for each such term.

14       6.      Samsung objects generally to the interrogatories to the extent they seek
15   information from outside a reasonable time period or from a point other than a reasonable time, or
16   seek information about products outside the United States, on the ground that such information is
17   irrelevant.

18       7.      Samsung objects to these interrogatories to the extent they seek to compel
19   Samsung to generate or create information and/or documents that do not already exist.

20       8.      Samsung objects generally to the interrogatories on the ground and to the extent
21   that they prematurely call for contentions, identification of prior art, or identification of witnesses
22   at this stage of the litigation.  Samsung will provide its contentions regarding non-infringement,
23   invalidity, and other issues according to the procedural schedule established by the Court,
24   including the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for
25   Preliminary Injunction Motion.

26       9.      Samsung objects to each interrogatory to the extent it is duplicative or cumulative
27   of another interrogatory or other discovery.

28       10.     Samsung objects to each interrogatory to the extent it is compound and comprises

1  discrete subparts resulting in separate interrogatories.

2        11.      Samsung expressly reserves the right to respond to any or all of the interrogatories

3  by specifying documents wherein the responsive information may be ascertained pursuant to Rule

4  33(d) of the Federal Rules of Civil Procedure.

5        12.      Samsung objects generally to the interrogatories to the extent they seek

6  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to

7  work with third parties to obtain their consent, if necessary, before identifying or producing such

8  information and/or documents.

9        13.      Samsung objects generally to the interrogatories on the grounds that they are

10  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

11  discovery of admissible evidence.

12        14.      Samsung objects to the interrogatories on the ground that they are overly broad,

13  unduly burdensome and oppressive to the extent they purport to require Samsung to search its

14  facilities and inquire of their employees other than those in its facilities and employees that would

15  reasonably be expected to have responsive information.  Samsung's responses are based upon (1)

16  a reasonable search and investigation of facilities and files that could reasonably be expected to

17  contain responsive information, and (2) inquiries of Samsung's employees and/or representatives

18  who could reasonably be expected to possess responsive information.

19        15.      Samsung objects to the interrogatories on the grounds that they seek information

20  already in the possession of Apple, publicly available, or as readily available to Apple as it is to

21  Samsung.

22        16.      Samsung objects to the interrogatories on the grounds and to the extent that they

23  seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed

24  to provide legal conclusions.

25        17.      Samsung objects to the interrogatories on the ground that discovery is continuing

26  in this action, and Samsung has not yet completed its factual investigation.  The following

27  responses reflect the information reasonably available to Samsung at this time.  Samsung reserves

28  its right to amend or supplement these responses and any production of documents as additional

1    discovery and investigation continue, in the event that additional information is disclosed, or in

2    the event of error, inadvertent mistake, or omission.

3        Subject to and without waiving the foregoing General Objections, Samsung responds and

4    further objects as follows:

5

6                          **SPECIFIC OBJECTIONS AND RESPONSES**

7

8    **INTERROGATORY NO. 1:**

9        Identify any and all code names, internal names, nick names, model numbers, or other

10   identifying information used by Samsung to identify or otherwise refer to the Samsung Galaxy

11   Nexus as well as any of the accused technologies implemented on the Samsung Galaxy Nexus,

12   including but not limited to, all versions of Android 4.0 Ice Cream Sandwich, Slide to Unlock,

13   Text Correction, Unified Search and Special Text Detection and identify the person(s) most

14   knowledgeable about the response to this interrogatory.

15

16   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

17       In addition to its General Objections above, which it hereby incorporates by reference,

18   Samsung objects to this Interrogatory on the grounds that:  (i) it is vague and ambiguous with

19   regard to the terms "code names," "internal names," "nick names," and "other identifying

20   information; (ii) it is vague, ambiguous, and unintelligible to the extent it seeks information about

21   any "accused technologies" that are not specifically identified in the interrogatory; (iii) it is overly

22   broad and unduly burdensome to the extent it seeks information not relevant to Apple's Motion for

23   a Preliminary Injunction; and (iv) it is compound and comprises discrete subparts resulting in

24   separate interrogatories.

25       Subject to and without waiving the foregoing general and specific objections, Samsung

26   responds as follows:

27

28

1    While in development, Samsung's Galaxy Nexus was sometimes referred to within

2  Samsung as "Proxima" or "Nexus Prime."  Samsung model numbers for the Galaxy Nexus include

3  I515 and GT-I9250.

4    Android 4.0 Ice Cream Sandwich is sometimes referred to within Samsung as "ICS."

5    The technology identified in the interrogatory as "Slide to Unlock" is sometimes referred

6  to within Samsung as "Slide to Unlock."

7    The technology identified in the interrogatory as "Text Correction" is sometimes referred

8  to within Samsung as "predictive text."

9    The technology identified in the interrogatory as "Unified Search" is sometimes referred to

10  within Samsung as "Quick Search."

11    The technology identified in the interrogatory as "Special Text Detection" is a feature of

12  what is sometimes referred to within Samsung as "Browser."

13    Jisun Park, Principal Engineer, Systems Software, R&D, is knowledgeable regarding the

14  information contained in this response.

15

16  **INTERROGATORY NO. 2:**

17    Identify from the source code produced in response to Request Nos. 9-13 in Apple's First

18  Set of Preliminary Injunction Requests for Production all files that relate to the accused features

19  and functionality of the Samsung Galaxy Nexus, including Slide to Unlock, Text Correction,

20  Unified Search and Special Text Detection.  Such identification should include, the name of the

21  file, the engineers, designers and authors responsible for that file, the specific accused feature to

22  which the identified file relates, and any differences between that file and the publicly available

23  version of the Android 4.0 Ice Cream Sandwich source code and the engineers, designers and

24  authors of those differences, and identify the person(s) most knowledgeable about the response to

25  this interrogatory.

26

27

28

1    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

2    In addition to its General Objections above, which it hereby incorporates by reference,

3    Samsung objects to this Interrogatory on the grounds that:  (i) it seeks information that is outside

4    of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to

5    elicit information subject to and protected by the attorney-client privilege, the attorney work-

6    product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

7    applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant

8    nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks

9    "all files" that relate to documents produced in response to Request Nos. 9–13;  (iv) it is unduly

10   burdensome to the extent that it would require a comparative analysis of different versions of the

11   Android 4.0 Ice Cream Sandwich source code; (v) it is compound and comprises discrete subparts

12   resulting in separate interrogatories; and (vi) it is vague and ambiguous, particularly as to the

13   terms "files," "relate to," "responsible for that file," "publicly available version of the Android 4.0

14   Ice Cream Sandwich source code," and "engineers, designers and authors of those differences."

15   Subject to and without waiving the foregoing general and specific objections, Samsung

16   responds as follows:

17   The source code for the version of Ice Cream Sandwich used on Galaxy Nexus was written

18   by Google, not Samsung.  Samsung does not have possession of the source code; Google provides

19   Samsung with object code in binary form to be installed onto the Galaxy Nexus.  The binary

20   object code is unreadable by a human being.

21

22   **INTERROGATORY NO. 3:**

23   For all source code files or modules identified or referenced in any expert declaration

24   attached to Apple's Motion for Preliminary Injunction, including the expert declarations of Dr.

25   Todd Mowry, Dr. Nathaniel Polish, Dr. Ravin Balakrishan and Dr. Karan Singh, identify whether

26   the file or module as referenced or identified is present in the Samsung Galaxy Nexus, or if it is

27   not, identify any differences between that file and module and the version of the file or module

28

1 | that is present in the Samsung Galaxy Nexus and, identify the person(s) most knowledgeable

2 | about the response to this interrogatory.

3

4 | **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

5 |   In addition to its General Objections above, which it hereby incorporates by reference,

6 | Samsung objects to this Interrogatory on the grounds that:  (i) it seeks information that is outside

7 | of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to

8 | elicit information subject to and protected by the attorney-client privilege, the attorney work-

9 | product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10 | applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant

11 | nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks

12 | "source code files or modules" referenced in "any expert declaration attached to Apple's Motion

13 | for Preliminary Injunction, including the expert declarations of Dr. Todd Mowry, Dr. Nathaniel

14 | Polish, Dr. Ravin Balakrishan and Dr. Karan Singh"; (iv) it is unduly burdensome to the extent

15 | that it would require a comparative analysis of different versions of the Android 4.0 Ice Cream

16 | Sandwich source code; (v) it is compound and comprises discrete subparts resulting in separate

17 | interrogatories; and (vi) it is vague and ambiguous, particularly as to the terms "module" and

18 | "file."

19 |   Subject to and without waiving the foregoing general and specific objections, Samsung

20 | responds as follows:

21 |   The source code for the version of Ice Cream Sandwich used on Galaxy Nexus was written

22 | by Google, not Samsung.  Samsung does not have possession of the source code; Google provides

23 | Samsung with object code in binary form to be installed onto the Galaxy Nexus.  The binary

24 | object code is unreadable by a human being.

25

26 | **INTERROGATORY NO. 4:**

27 |   Describe the facts and circumstances surrounding Samsung's knowledge of the

28 | Preliminary Injunction Patents, including but not limited to, whether or not Samsung was aware of

1   each of the Preliminary Injunction Patents prior to the filing of this lawsuit; when Samsung

2   became aware of each of the Preliminary Injunction Patents; how Samsung became aware of each

3   of the Preliminary Injunction Patents; and any efforts made to avoid infringement of each of the

4   Preliminary Injunction Patents; and, identify the person(s) most knowledgeable about the response

5   to this interrogatory, and locate and identify all documents which refer or relate to the facts and

6   assertions in the response or which were reviewed in preparing the response to this interrogatory.

7

8   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

9           In addition to its General Objections above, which it hereby incorporates by reference,

10  Samsung objects to this Interrogatory on the grounds that:  (i) it seeks to elicit information subject

11  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

12  defense privilege, the common interest doctrine, and/or any other applicable privilege or

13  immunity; (ii) it is overly broad and unduly burdensome to the extent that it seeks "facts and

14  circumstances surrounding" Samsung's knowledge of the preliminary injunction patents; (iii) it is

15  overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion

16  for a Preliminary Injunction; (iv) it seeks information that is not relevant and not reasonably

17  calculated to lead to the discovery of admissible evidence; (v) it is vague and ambiguous; (vi) it

18  calls for legal conclusions; and (vii) it is compound and comprises discrete subparts resulting in

19  separate interrogatories.

20

21  **INTERROGATORY NO. 5:**

22          If you contend or believe that you do not infringe any asserted claim of the Preliminary

23  Injunction Patents, state with specificity the complete factual and legal bases for such contention

24  or belief, including a claim chart identifying which claim limitations are not found in the Samsung

25  Galaxy Nexus, the claim constructions or definitions used in supporting this contention or belief,

26  and if you believe that any claim or claim limitation is governed but 35 U.S.C. 112 ¶ 6, identify

27  the factual and legal basis for that belief and the corresponding structure, material, or acts

28  described in the specification and equivalents thereof and further including an identification of all

1  documents and things supporting such contention or belief, and an identification of the persons

2  most knowledgeable of the facts supporting such contention or belief.

3

4  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

5       In addition to its General Objections above, which it hereby incorporates by reference,

6  Samsung objects to this Interrogatory to the extent that:  (i) it prematurely seeks disclosure of

7  Samsung's non-infringement contentions, in violation of the Federal Rules of Civil Procedure, this

8  Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management

9  Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and

10  Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information subject to

11  and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

12  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it

13  is overbroad and unduly burdensome to the extent it purports to require Samsung to create

14  information or documents that do not already exist; (iv) it is vague and ambiguous and calls for

15  speculation, particularly as to the term "equivalents thereof"; and (v) it is compound and

16  comprises discrete subparts resulting in separate interrogatories.

17

18  **INTERROGATORY NO. 6:**

19       If you contend or believe that any asserted claim of the Preliminary Injunction Patents is

20  invalid and/or unenforceable, state with specificity the complete factual and legal bases for such

21  contention or belief, including an identification of all alleged prior art, a claim chart showing

22  where each limitation of each claim can be found in the alleged prior art, the claim constructions

23  or definitions used in supporting this contention or belief, and if you believe that any claim or

24  claim limitation is governed but 35 U.S.C. 112 ¶ 6, identify the factual and legal basis for that

25  belief and the corresponding structure, material, or acts described in the specification and

26  equivalents thereof and an identification of all documents and things (including, but not limited to,

27  alleged prior art) supporting such contention or belief, an identification of the specific provision of

28

1   Title 35 upon which such contention or belief is based, and an identification of the persons most

2   knowledgeable of the facts supporting such contention or belief.

3

4   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

5         In addition to its General Objections above, which it hereby incorporates by reference,

6   Samsung objects to this Interrogatory to the extent that:  (i) it prematurely seeks disclosure of

7   Samsung's invalidity and unenforceability contentions, in violation of the Federal Rules of Civil

8   Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case

9   Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting

10  Briefing and Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information

11  subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the

12  joint defense privilege, the common interest doctrine, and/or any other applicable privilege or

13  immunity; (iii) it is overbroad and unduly burdensome to the extent it purports to require Samsung

14  to create information or documents that do not already exist; (iv) it is vague and ambiguous and

15  calls for speculation, particularly as to the term "equivalents thereof"; and (v) it is compound and

16  comprises discrete subparts resulting in separate interrogatories.

17

18  **INTERROGATORY NO. 7:**

19        If you contend or believe that Apple has not been or will not be irreparably harmed by the

20  sale of the Samsung Galaxy Nexus, state with specificity the complete factual and legal bases for

21  such contention or belief, including but not limited to all factual and legal bases covering any

22  contention or belief that the smartphone market is not undergoing a transformation whereby

23  consumers are purchasing their first smartphone, that customers are not loyal to the platform or

24  operating system of their first smartphone, and that Samsung is not marketing its smartphones to

25  first time smartphone buyers or customers and identify all documents and things relating to your

26  response, and any persons with knowledge regarding your response.

27

28

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that:  (i) it prematurely seeks disclosure of Samsung's contentions regarding alleged irreparable harm, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is vague and ambiguous, particularly as to the terms "smartphone market," "transformation," and "loyal"; and (iv) it is compound and comprises discrete subparts resulting in separate interrogatories.

**INTERROGATORY NO. 8:**

Identify and describe in detail any analysis, review, consideration, or copying of, or comparison against any Apple product or product feature in designing or developing, or implementing a feature during the design and/or development of any Samsung smartphone or tablet computer and identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (iv) it is vague and

1    ambiguous; and (v) it is compound and comprises discrete subparts resulting in separate

2    interrogatories.

3

4    **INTERROGATORY NO. 9:**

5            For each of the accused features, including Slide to Unlock, Text Correction, Unified

6    Search and Special Text Detection, identify and describe in detail any analysis, whether internal or

7    external, including, but not limited to, any consumer study, consumer demand analysis, survey, or

8    report, or other analysis or discussion, and identify all documents and things relating to your

9    response, and any persons with knowledge regarding your response.

10

11   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

12           In addition to its General Objections above, which it hereby incorporates by reference,

13   Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

14   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

15   defense privilege, the common interest doctrine, and/or any other applicable privilege or

16   immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to

17   Apple's Motion for a Preliminary Injunction; (iii) it is vague and ambiguous, especially with

18   regard to the terms "analysis," consumer study," "consumer demand analysis," "survey," "report,"

19   and "other analysis or discussion"; (iv) it is vague, ambiguous, and unintelligible to the extent it

20   seeks information about any "accused features" that are not specifically identified in the

21   interrogatory; and (v) it is compound and comprises discrete subparts resulting in separate

22   interrogatories.

23           Subject to and without waiving the foregoing general and specific objections, Samsung

24   responds as follows:

25           The features identified in this interrogatory – Slide to Unlock, Text Correction, Unified

26   Search and Special Text Detection – were developed by Google, not Samsung.  Samsung is

27   presently unaware of any consumer studies, analyses, or reports regarding these features.

28   Samsung's investigation is ongoing and, to the extent that Samsung's investigation subsequently

1  reveals the existence of any such consumer studies, analyses, or reports regarding these features,

2  then Samsung will supplement this response accordingly as well as produce responsive non-

3  privileged documents regarding any such consumer studies, analyses, or reports regarding these

4  features.

5

6  **INTERROGATORY NO. 10:**

7       For each of the following, identify all discussions, internally or with third parties,

8  regarding, or consideration of, the design, and implementation of, any of the accused features,

9  including (i) Slide to Unlock, (ii) Text Correction, (iii) Unified Search, and (iv) Special Text

10  Detection as implemented in any Samsung product, including but not limited to Samsung

11  smartphones and tablet computers, and identify the three persons most knowledgeable about such

12  discussions, designs, and implementation.

13

14  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

15       In addition to its General Objections above, which it hereby incorporates by reference,

16  Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

17  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

18  defense privilege, the common interest doctrine, and/or any other applicable privilege or

19  immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to

20  Apple's Motion for a Preliminary Injunction; (iii) it is overly broad, unduly burdensome, and

21  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the

22  extent that it seeks "all discussions . . . or consideration of" "any of the accused features"; (iv) it

23  seeks confidential proprietary or trade secret information of a third party (Google); (v) it is vague

24  and ambiguous, especially with regard to the term "consideration of"; (vi) it is vague, ambiguous,

25  and unintelligible to the extent it seeks information about any "accused features" that are not

26  specifically identified in the interrogatory; and (vii) it is compound and comprises discrete

27  subparts resulting in separate interrogatories.

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PI INTERROGATORIES

1    Subject to and without waiving the foregoing general and specific objections, Samsung

2  responds as follows:

3    Samsung is presently unaware of any non-privileged discussions, internally or externally,

4  regarding design or implementation of the four accused features – Slide to Unlock, Text

5  Correction, Unified Search and Special Text Detection – of Galaxy Nexus.  Samsung's

6  investigation is ongoing and, to the extent that Samsung's investigation subsequently reveals the

7  existence of any such discussions, then Samsung will supplement this response accordingly as

8  well as produce responsive non-privileged documents regarding such discussions.

9

10  DATED: March 27, 2012                    Respectfully submitted,

11                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
12

13

14                                            By    /s/ Patrick M. Shields
                                                  Charles K. Verhoeven
15                                                Kevin P.B. Johnson
                                                  Victoria F. Maroulis
16                                                William C. Price
                                                  Patrick M. Shields
17                                                Attorneys for SAMSUNG ELECTRONICS CO.,
18                                                LTD., SAMSUNG ELECTRONICS AMERICA,
                                                  INC. and SAMSUNG
19                                                TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PI INTERROGATORIES