# EXHIBIT K

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

March 29, 2012

VIA E-MAIL (PATRICKSHIELDS@QUINNEMANUEL.COM)

Patrick Shields, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   *Apple v. Samsung*, 12-cv-630 (N.D. Cal.)

Dear Patrick:

Samsung, by its failure to provide adequate, or in many cases, any responses to Apple's first set of interrogatories is, yet again, withholding critical and fundamental information that is relevant to Apple's motion for a preliminary injunction. As with the preliminary injunction motion in the original case between the parties, Samsung's failure to adequately provide responses to Apple's interrogatories in this action is severely prejudicial to Apple and Apple's ability to develop its case.

The Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion (Dkt. No. 37) ("Discovery Order") provided a schedule, including an explicit discovery schedule, to allow the parties to investigate and develop the facts related to Apple's preliminary injunction motion. In light of the compressed schedule and the need for the parties to have information as quickly as possible, the Court not only permitted discovery, but also shortened the amount of time by which the parties are required to respond to discovery requests from thirty to twenty-one days. Samsung's failure to abide by the Court's schedule and provide meaningful responses to Apple's discovery requests prejudices Apple's ability to establish its case and violates both the letter and the spirit of the Court's order.

For example, Samsung provided only a perfunctory response to Interrogatories Nos. 2 and 3, which sought information pertaining to the source code implemented in the Galaxy Nexus. Samsung ignored the questions, and simply provided a conclusory response that it is not in possession of any Android source code that is used by the Samsung Galaxy Nexus.

Further, Samsung has failed to provide any response to Interrogatory No. 4 regarding Samsung's knowledge of the preliminary injunction patents. Samsung's awareness of the patents clearly is relevant to issues such as the balance of the harms and the equitable equation as to whether to issue a preliminary injunction.

**GIBSON DUNN**

Patrick Shields
March 29, 2012
Page 2

Further, Samsung provides no response to Interrogatories Nos. 5, 6, and 7, which request information regarding Samsung's theories of non-infringement, invalidity and irreparable harm. Samsung's lack of a response is particularly egregious given that Samsung has sought claim charts from Apple, and Samsung seeks immediate depositions from Apple's technical experts and employees. To the extent Samsung intends to question Apple's witnesses regarding these topics, Samsung's failure to provide any information at all in answer to these interrogatories severely prejudices Apple.

Samsung has also failed to provide a response to Interrogatory No. 8, which is directed to whether Samsung considered or copied any feature of Apple products in developing its smartphones or tablet computers. This interrogatory goes to the heart of Apple's motion for preliminary injunction and Samsung's lack of denial is telling. The complete failure of Samsung to provide any response to this interrogatory is unacceptable.

Samsung has also provided only perfunctory responses to Interrogatories Nos. 9 and 10, which focus on Samsung's development and use of the accused features and the relationship between the accused features and consumer demand. If Samsung intends to rebut Apple's contention that there is a nexus between the accused features and the consumer demand for the iPhone and the Samsung Galaxy Nexus, Samsung must immediately supplement its response to Interrogatories Nos. 9 and 10.

To the extent Samsung questions any Apple witness regarding any of the foregoing or attempts to present evidence or argument, whether through a Samsung, third-party, or expert witness, through documentary evidence or through any briefing or motions before the Court, Apple will move to preclude and/or strike such argument or evidence.

Please consider this letter Apple's request to meet and confer on these issues and please confirm by 5:00 PM on Monday April 2, 2012 that Samsung will immediately supplement its responses to Interrogatories Nos. 2-10.

Sincerely,

*Brian M. Buroker*

Brian M. Buroker