# EXHIBIT L

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 2, 2012

<u>Via E-Mail</u>

Brian M. Buroker
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

Re:     <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Mr. Buroker

I write to respond to Apple's meet and confer letter dated March 29, 2012. In its letter, Apple references the discovery schedule ordered by the Court, stating that "the Court not only permitted discovery, but also shortened the amount of time by which the parties are required to respond to discovery requests …." Apple seems to contend that because the Court permitted expedited discovery relevant only to Apple's Preliminary Injunction Motion, Samsung must not only waive all objections to Apple's interrogatories, but also unfailingly respond to Apple's interrogatories no matter how infirm they are. Obviously, that was not the Court's Order. *See also Fed. R. Civ. P.* 33(b)(3) ("Each interrogatory must, *to the extent it is not objected to*, be answered …") (emphasis added).

Similarly, Apple accuses Samsung of "fail[ing] to abide by the Court's schedule." Apple's statement is baseless. Samsung responded to Apple's interrogatories by the deadline ordered by the Court. Samsung responded to Apple Interrogatory Nos. 1, 2, 3, 9 and 10 while objecting to Apple's remaining five interrogatories. The Court's Scheduling Order requires no more. Samsung's specific objections and responses to the contentions raised by Apple in its March 29th letter are addressed below.

Interrogatory Nos. 2-3, 9-10

Apple contends that Samsung "provided only a perfunctory response" to Interrogatory Nos. 2-3. These interrogatories seek information regarding the Ice Cream Sandwich source code generated by Google and used by Galaxy Nexus. As Samsung made clear in these interrogatory responses – and as Samsung states once again – the source code for the version of Ice Cream Sandwich used on Galaxy Nexus *was written by Google, not Samsung*. Samsung does not have possession

of that source code.  To Samsung's knowledge, the only company in possession of the source code used on Galaxy Nexus is Google.

Interrogatory No. 2 asks Samsung to provide additional information based upon the source code.  Because Samsung has no source code to produce, Samsung cannot possibly identify "all [source code] files that relate to the accused features," as Apple requests in Interrogatory No. 2.

In the same vein, Apple's Interrogatory No. 3 requests that Samsung compare the source code modules identified in Apple's expert declarations with the source code used in Galaxy Nexus and, based upon Samsung's comparison, identify the differences and persons knowledgeable about those differences.  Again, because Samsung does not have this source code, Samsung cannot possibly perform the comparison requested by Apple.

Apple also quibbles with Samsung's response to Interrogatory Nos. 9 and 10.  These interrogatories request that Samsung identify consumer studies, analysis or reports regarding the accused features (Interrogatory No. 9), and internal or third party discussions regarding the accused features (Interrogatory No. 10).  Samsung responded by stating that it is presently unaware of either, and that if discovery reveals information responsive to these interrogatories, then Samsung will promptly supplement its response.  It is unclear how Samsung's response may rationally be classified as "perfunctory."  Again, Samsung cannot provide to Apple that which Samsung does not have.

Interrogatory Nos. 4-8

Apple contends that Samsung improperly failed to respond to Interrogatory No. 4.  Yet Apple ignores the fact that its Interrogatory No. 4 consists of no fewer than nine separate interrogatories rolled into one.  Specifically, it seeks to discover:

(1)     "facts … surrounding Samsung's knowledge of the Preliminary Injunction Patents";

(2)     "circumstances surrounding Samsung's knowledge of the Preliminary Injunction Patents";

(3)     "whether or not Samsung was aware of each of the Preliminary Injunction Patents prior to the filing of this lawsuit";

(4)     "when Samsung became aware of each of the Preliminary Injunction Patents";

(5)     "how Samsung became aware of each of the Preliminary Injunction Patents";

(6)     "efforts made to avoid [alleged] infringement of each of the Preliminary Injunction Patents";

(7)     "identify the person(s) most knowledgeable about the response to this interrogatory";

(8)     "locate and identify all documents which refer or relate to the facts and assertions in the response"; and

2

(9) "locate and identify all documents … which were reviewed in preparing the response to this interrogatory";

Similarly, Apple's Interrogatory Nos. 5 and 6 contains at least ten subparts, while its Interrogatory No. 7 contains eight subparts.  Accordingly, in the aggregate, Apple's Interrogatory Nos. 4-7 are, in fact, at least 37 separate interrogatories.  The Court did not grant Apple leave to exceed the 25 interrogatory limit.  *See Fed. R. Civ. P*. 33(a).

Further, the information that Apple's seeks through its Interrogatory No. 4 – "facts and circumstances surrounding Samsung's knowledge of the Preliminary Injunction Patents" – is irrelevant to the issues of Samsung's alleged infringement of those patents, the validity of the Preliminary Injunction Patents, irreparable harm and any other issue raised by Apple's Preliminary Injunction Motion.  If Apple disagrees, the please explain to Samsung how Interrogatory No. 4 is relevant to Apple's Preliminary Injunction Motion.

Additionally, Apple's Interrogatory Nos. 5-7 are based upon Samsung's purported contentions as articulated by Apple.  Samsung responding to these interrogatories, therefore, necessarily requires Samsung to articulate its contentions in advance of Samsung filing its Opposition to Apple's Preliminary Injunction Motion.  Yet according to the Court's Scheduling Order, Samsung's Opposition – which will contain Samsung's contentions – is not due until April 23, 2012.  Before Samsung files its Opposition Brief, Samsung's contentions are work product that Apple is not entitled to discover.

As to Interrogatory No. 8, Apple acknowledges that it is "directed to whether Samsung considered or copied *any feature* of *Apple products* in developing its *smartphones or tablet computers*."  Apple's Preliminary Injunction Motion has nothing to do with the vast body of Apple features, Apple products and Samsung products.  Rather, it deals with four accused features of one Samsung product – the Galaxy Nexus.  Indeed, the Court's Scheduling Order does not permit such broad discovery.  *See* Order dated February 22, 2012 at 2 ("The parties may obtain discovery relevant to the preliminary injunction motion").  The information sought by Interrogatory No. 8 also is irrelevant to any issue raised by Apple's Preliminary Injunction Motion, and Apple's attempt to take discovery on issues well beyond the scope of that motion is improper.  If Apple contends that discovery on the gamut of "any Samsung smartphone or table computer" and "any Apple product or produce feature" is relevant to Apple's Preliminary Injunction Motion, then please articulate in detail that relevance.

Apple also states that if Samsung questions "any Apple witness regarding any of the foregoing" then Apple "will move to preclude any/or strike such argument or evidence."  As a preliminary matter, it is unclear what Apple means by this confusingly-written sentence.  If Apple takes issue with Samsung's written discovery responses, we suggest Apple engage in a meaningful meet and confer process.  The Local Rules and the Federal Rules of Civil Procedure outline a procedure for resolution of such discovery disputes; however, that process does not include a declaration by Apple, *ipse dixit*, that Samsung is precluded from proving certain facts.  In any event, the Court set a schedule by which Samsung must oppose Apple's Preliminary Injunction Motion, and Samsung's forthcoming Opposition brief will contain Samsung's contentions that are relevant to the motion.

3

Lastly, Apple's letter of March 29th accuses Samsung of "violat[ing] both the letter and spirit of the Court's Order." Samsung has done no such thing and Apple fails to expand upon its accusation, other than to state that Apple believes Samsung's interrogatory responses are inadequate. It should come to no surprise to Apple that Samsung believes Apple's interrogatory responses are likewise inadequate. Samsung, however, has refrained from such unprincipled conduct, like accusing Apple of violating Court Orders. The parties would be better served without resorting to such statements.

Very truly yours,

Michael Fazio