# EXHIBIT M

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

Client: 03290-00026

April 4, 2012

<u>VIA ELECTRONIC MAIL</u>

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles CA 90017

Re:     <u>Apple v. Samsung Elecs. Co. et al., No. 12-cv-0630</u>

Dear Mr. Fazio:

I write in response to your April 2, 2012 letter relating to Samsung's responses to Apple's interrogatories. In your four-page letter, you fail to articulate any manner by which Samsung will correct the various deficiencies I identified in my March 29, 2012 letter. Instead, it appears that Samsung will continue to adhere to positions that are irreconcilable with its discovery obligations as well as the proper scope of discovery during this preliminary injunction phase of these proceedings.

By way of example, Samsung continues to inappropriately narrow the scope of Interrogatory No. 9 by claiming that it relates only to "consumer studies, analysis or reports regarding the accused features." Although the scope of Interrogatory No. 9 includes the foregoing types of materials, it is not limited as such. Instead, the interrogatory also encompasses "any analysis, whether internal or external" that relates to any of the accused features. Because it adopted a myopic view of the interrogatory, and responded only to a limited portion of that interrogatory, Samsung provided no information responsive to the remainder of the interrogatory. Now, your letter appears to confirm that no additional clarification or information will be forthcoming.

Samsung has adopted a similar approach with respect to Interrogatory No. 10 by responding to that interrogatory only with respect to a single product, the "Galaxy Nexus." The interrogatory's scope is not limited to the Galaxy Nexus, nor need it be. After all, evidence that Samsung copied or utilized the accused features is relevant to the nexus element of the Apple's Preliminary Injunction Motion because it demonstrates the importance of those features to both Samsung and to Apple, and that Samsung has systematically copied Apple's technology and products in an effort to usurp market share from Apple. Additionally, if the accused features were first developed in connection with Samsung's earlier products,

Michael L. Fazio
April 4, 2012
Page 2

information relating to those development efforts would be pertinent to demonstrating Apple's likelihood of success.

As noted above, out of the interest of brevity, I have identified only the most glaring deficiencies in Samsung's response.  This letter is not, and should not be interpreted as, an exhaustive review of all problems with Samsung's response.

In view of Samsung's refusal to supplement its interrogatory responses, and in light of Samsung's request to hold a lead trial counsel meet and confer in Los Angeles, please let us know a time during either the afternoon of April 9, 2012, or the morning of April 10, 2012, when Samsung's lead trial counsel is available in Los Angeles to meet and confer on these issues.


Sincerely,

Brian M. Buroker

BMB/jg