JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. :12-cv-00630-LHK-PSG<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>**Hearing:**<br>Date: May 1, 2012<br>Time: 10 a.m.<br>Place: Courtroom 5<br>Judge: Paul S. Grewal |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.    ARGUMENT .......................................................................................................................2

    A.    Interrogatory No. 4 – Notice of the Patents and Attempts to Avoid Infringement..............................................................................................................2

    B.    Interrogatory No. 8 – Samsung's Copying of Apple Products .......................................5

    C.    Interrogatories 9 and 10 – Analysis and Discussions Relating to the Patented Feautures ...........................................................................................................................8

III.    CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
  212 F.3d 1272 (Fed. Cir. 2000) ................................................................................................. 3

*Brill v. Walt Disney Pictures & TV*, No. 00-55592,
  2000 U.S. App. LEXIS 31179 (9th Cir. Cal. Dec. 1, 2000) ..................................................... 11

*Clare v. Ford Motor Co.*, Civ. Action No. 2:02CV325,
  2004 U.S. Dist. LEXIS 31461 (E.D. Tex. June 10, 2004) ........................................................ 4

*Elan Microelectronics Corp. v. Apple, Inc.*, Case No. C 09-01531 RS (PSG),
  2011 U.S. Dist. LEXIS 87989 (N.D. Cal. Aug. 8, 2011) ........................................................ 10

*FSP Stallion 1, LLC v. Luce*, Case No. 2:08-cv-01155-PMP-PAL,
  2010 U.S. Dist. LEXIS 110617 (D. Nev. Sept. 30, 2010) ...................................................... 10

*Global Tech Appliances, Inc. v. SEB, S.A.*,
  131 S. Ct. 2060 (2011) ............................................................................................................... 3

*Jacobson v. Cox Paving Co.*, Civ. No. 89-1786 PHX PGR,
  1991 U.S. Dist. LEXIS 17787 (D. Ariz. May 20, 1991) ........................................................... 3

*Perry v. Schwarzenegger*,
  591 F.3d 1126 (9th Cir. 2009) ................................................................................................. 10

*Robert Bosch LLC v. Pylon Mfr. Corp.*,
  659 F.3d 1142, 1148-50 (Fed. Cir. 2011) .................................................................................. 3

*Safeco of Am. v. Rawston*,
  181 F.R.D. 441 (C.D. Cal. 1998) ............................................................................................... 5

*Smith Int'l, Inc. v. Hughes Tool Co.*,
  718 F.2d 1573 (Fed. Cir. 1983) ................................................................................................. 3

*Sw. Aerospace Corp. v. Teledyne Indus., Inc.*,
  702 F. Supp. 870 (N.D. Ala. 1988) *aff'd*, 884 F.2d 1398 (Fed. Cir. 1989) .............................. 4

*Trevino v. ACB Am., Inc.*,
  232 F.R.D. 612 (N.D. Cal. 2006) .............................................................................................. 5

*Union Pac. R.R. v. Mower*,
  219 F.3d 1069 (9th Cir. 2000) ............................................................................................. 4, 10

*Windsurfing Int'l, Inc. v. AMF, Inc.*,
  782 F.2d 995 (Fed. Cir. 1986) ................................................................................................... 8

**Statutes**

Fed. R. Civ. P. 26(b)(5)) ............................................................................................................ 5, 10

INTRODUCTION

Apple's interrogatories focus on the core preliminary injunction issues before this Court. Rather than acknowledge the full scope of discovery relevant to the preliminary injunction analysis, Samsung attempts to narrow it to one question – whether the Galaxy Nexus phone infringes Apple's patents. Moreover, Samsung goes so far as to argue that the "letter and intent" of the Court's discovery order was to prevent Apple from seeking any discovery beyond "four patents, four accused features, and one device- the Galaxy Nexus [smartphone]." Samsung Opposition ("Opp.") at 1. By constructing this artificial discovery limit, Samsung ignores entirely questions associated with irreparable harm, the balance of the hardships, and public interest. In particular, and consistent with the Court's order requiring focused discovery, Apple's interrogatories seek information about Samsung's notice of the patents at issue and any attempts to avoid infringing them (relevant to at least likelihood of success, irreparable harm, and balance of the hardships), Samsung's copying of Apple's products (relevant to all preliminary injunction factors), and Samsung's analyses and discussions relating to the specific patented features at issue (again, relevant to at least irreparable harm). Apple demonstrated the relevance of Apple's interrogatories to all of these issues in its opening papers, and Samsung largely ignored that showing in its response.

Samsung makes it abundantly clear in its opposition that Samsung has, based on its erroneous construct of the Court's discovery order, refused to disclose key relevant information. For example, Samsung refuses to provide information relating to its efforts to analyze and copy the patented features in earlier models of Samsung's Galaxy phones that immediately predate the Galaxy Nexus. As Apple showed in its opening papers, evidence relating to Samsung's decision to include the patented features in these earlier Galaxy phones is highly relevant, because it reflects directly on the importance of those features to Samsung and to smartphone users in general.[1] As Apple explained, the most extensive discussions relating to the accused features may well have been conducted in connection with the development of earlier versions of Samsung's smartphones – phones that first

---

[1] As Apple explained in its opening papers, determining the importance of the patented features will be key to deciding the issue of irreparable harm. Samsung has not disputed that fact anywhere in its opposition, but has ignored this basis for the relevance of Apple's interrogatories entirely.

1   implemented accused features that were only later ported over the Galaxy Nexus. Yet Samsung's

2   bright line exclusion would prevent Apple from obtaining this key evidence. Samsung did not even

3   address this issue—which Apple briefed in detail in its opposition.

4       Finally, Samsung fails to commit to provide even information that it concedes is relevant.

5   Samsung does not, for example, provide any information regarding its efforts to copy the specific

6   accused features at issue or any information regarding of its analyses and discussions of these

7   features with Google in the ordinary course of business. Samsung's complete, wholesale refusal to

8   provide any information in response to Apple's interrogatories is nothing more than an attempt to run

9   the clock on this Court's briefing schedule and moot Apple's valid discovery requests.

10      For all of these reasons, Apple's motions should be granted, and Samsung should be

11  compelled to provide complete, substantive responses to Apple's interrogatories.

12  **I.   ARGUMENT**

13      **A.   Interrogatory No. 4 – Notice of the Patents and Attempts to Avoid Infringement**

14      Interrogatory No. 4 asks Samsung to disclose when and how it first learned of the patents-in-

15  suit as well as any efforts taken to avoid infringement of those patents. Samsung has refused to

16  provide any response to this interrogatory, asserting instead that the interrogatory seeks irrelevant

17  information and contains excessive subparts. As discussed below, Samsung has not even addressed

18  the many ways the discovery sought by this interrogatory could be relevant, and the form of the

19  interrogatory is entirely proper.

20      **1.   Samsung's Knowledge of the Patents and Any Efforts to Avoid
21      Them Are Relevant to the Preliminary Injunction Inquiry**

22      Samsung bases its relevance objection to Interrogatory No. 4 on a single, misplaced assertion

23  that is entirely unresponsive to Apple's motion – that the interrogatory seeks information "which is

24  irrelevant to infringement." Opp. at 2 (Heading I), 3. But, as noted above, infringement is not the

25  only issue before the Court. Indeed, the circumstances surrounding Samsung's knowledge of the

26  patents, and how it behaved after learning of them, relate directly to irreparable harm and the balance

27  of the hardships, in addition to likelihood of success on the merits. As Apple demonstrated in its

28

opening brief, Samsung expended considerable resources studying Apple's products closely including in connection with the development of its own competing products, including the predecessors to the Galaxy Nexus phones at issue in this case. *See* Motion at 10; Simmons Declaration in Support of Apple's Motion to Compel Interrogatory Responses (D.I. 96), Exh. 9. Apple is entitled to know whether, in connection with that work, Samsung identified Apple's patents, tried and failed to design around them, or otherwise decided that it had no choice but to include those features despite the patents. As Apple explained in its opening papers, those circumstances would strongly suggest that the features are both important to consumers and non-obvious,[2] and would advance Apple's showing of irreparable harm – a factor Samsung ignores entirely in its argument – and likelihood of success on the merits. Motion at 6.

Further, while intent, and thus knowledge of the asserted patent, may not be an element of direct infringement, it is an element of indirect infringement, which Apple alleges in its Complaint. *See Global Tech Appliances, Inc. v. SEB, S.A.*, 131 S. Ct. 2060, 2068 (2011); Complaint at ¶¶ 19, 31, 37, and 61. Furthermore, there is no question that Samsung's knowledge of the patents is relevant to willful infringement, which in turn is relevant to the balance of the hardships. *See Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983) (granting a preliminary injunction, in part, because "it is clearly established that [plaintiff] knew of the [defendant's] patents when it designed the [accused products] and took a calculated risk that it might infringe those patents"), *abrogated on other grounds by Robert Bosch LLC v. Pylon Mfr. Corp.*, 659 F.3d 1142, 1148-50 (Fed. Cir. 2011); *Jacobson v. Cox Paving Co.*, Civ. No. 89-1786 PHX PGR, 1991 U.S. Dist. LEXIS 17787, at *59-60 (D. Ariz. May 20, 1991) (the balance of hardships tipped in plaintiff's favor because defendant was "well aware" of plaintiff's patents "and made a calculated decision to bring an infringing product to

---

[2] Samsung also argues that failed efforts to design around the patents are irrelevant to non-obviousness. *See* Samsung Opp. at 4. That is not correct, as Samsung's failure to solve the problem of the invention by other means is also relevant to that inquiry, apart from the issue of copying. *See, e.g., Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000) ("Objective considerations such as *failure by others to solve the problem* and copying 'may often be the most probative and cogent evidence' of nonobviousness." (emphasis added) (internal citation omitted)).

1  market"); *Sw. Aerospace Corp. v. Teledyne Indus., Inc.*, 702 F. Supp. 870, 886 (N.D. Ala. 1988) (holding that "the balance of hardships in this case tips decidedly in favor" of the patent holder in the court's preliminary injunction analysis, in part because the alleged infringer had "undertaken a deliberate pattern of manufacturing and marketing products" "with full knowledge of" the patent holder's "proprietary rights"), *aff'd*, 884 F.2d 1398 (Fed. Cir. 1989).  It no surprise that in light of this authority, Samsung has acknowledged that evidence of willful infringement "may be relevant" to the preliminary injunction inquiry.  Opp. at 3.  Samsung makes no effort to explain why that same evidence is not relevant in this case.

Samsung's final argument, that certain information sought by the interrogatory "is *almost certainly* privileged" provides no basis at all for refusing to respond to an interrogatory.  Samsung Opp. at 4 (emphasis added).  All that this comment shows, if anything, is that Samsung undertook no investigation to determine whether there is non-privileged responsive information that Samsung could provide.  Moreover, the claim that efforts to design around a patent would be categorically protected is legally wrong, as there are situations where this type of information is in fact produced.  *See, e.g., Clare v. Ford Motor Co.*, Civ. Action No. 2:02CV325, 2004 U.S. Dist. LEXIS 31461, at *9 (E.D. Tex. June 10, 2004) ("[T]he court emphasizes that the plaintiffs are entitled to discover the factual nature of GM's defense that it did not willfully infringe, including whether GM attempted to design around the patents . . . .").

In any event, to the extent Samsung would invoke privilege, it must provide specific facts in support of that claim with respect to each piece of information withheld, not mere philosophical observations about how design-arounds might be protected.  *See Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 n.9 (9th Cir. 2000) ("When a party withholds information . . . by claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (citing to Fed. R. Civ. P. 26(b)(5)).  Samsung has made no effort to do so, and Apple's motion should be granted.

### 2. Apple's Interrogatory Does Not Contain Improper Subparts

Ignoring the case law cited by Apple in its opening brief, Samsung expends considerable effort arguing that the interrogatory contains too many subparts. As Apple previously explained, "[a]lthough the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of Am. v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)).

Clearly, Apple's interrogatory is straightforward and focuses on the discrete issue – not "nine separate" issues – of how Samsung gained knowledge of Apple's patents and what it did, if anything, to avoid them. Apple did not spawn off eight new interrogatories simply by setting off certain clauses relating to this one issue with commas. Nor is there anything unusual or wrong about the fact that Apple closed the interrogatory with a request for the identification of documents relating to the rest of the response. Indeed, Samsung's own Interrogatory No. 4 is structured similarly, and neither Samsung nor Apple took the position it constitutes several interrogatories. *See* Declaration of Emily L. Fedman in Support of Apple's Reply ("Fedman Decl."), Exh.1.

Samsung has not and cannot demonstrate either that the information sought is irrelevant or that it would be burdened by responding to this interrogatory. Accordingly, Samsung should be compelled to provide a complete response.

### B. Interrogatory No. 8 – Samsung's Copying of Apple's Products

Interrogatory No. 8 asks Samsung to describe any analysis of or copying of Apple's products. As Apple showed in its opening paper, this evidence is at the core of the preliminary injunction inquiry in this case. Samsung sole argument—that the only copying that is relevant is copying of the four accused features as implement in the Galaxy Nexus—is incorrect and contrary to the record.

#### 1. Samsung Concedes that Copying of the Patented Features on the Galaxy Nexus is Relevant to Apple's Motion and Yet Still Refuses to Provide Any Response

Samsung now concedes that Interrogatory No. 8, at the very least, properly requests information relating to copying of "the four specific accused features as implemented on Galaxy Nexus." Opp. at 6. Nonetheless, Samsung still fails to provide any response to this interrogatory and attempts to excuse such failure by claiming "Samsung did not design those features, so Samsung could not have copied them from anybody. It is beyond dispute that Samsung did not develop those four accused features: Google did." Opp. at 5-6. Even so, Samsung undertakes, for the first time, to produce documents that it says are responsive to the interrogatory. *Id*. Yet, despite this undertaking, Samsung has yet to supplement its interrogatory answer by way of narrative or even through Rule 33(d). For that reason alone, Samsung should be compelled to provide a response.

### 2. Samsung's Copying of The Patented Features in Other Products is Plainly Relevant

Apple showed in its opening brief that Samsung's copying of the patented features is relevant to every one of the preliminary injunction factors. Motion at 7-8. In response, Samsung has reaffirmed that it will not produce responsive information relating to Samsung's copying of the specific patented features in connection with the development of other products, including earlier smartphone models. *See* Opp. at 5. Samsung argues that this key evidence is irrelevant and outside the scope of preliminary injunction discovery merely because it could not be used to show *infringement* by the Galaxy Nexus. *Id*.

Again, infringement of the Galaxy Nexus is not the sole issue before the Court. As Apple already explained in its opening paper, Samsung's efforts to copy the patented features generally are highly relevant to the preliminary injunction inquiry because such efforts show that these features are important – an element of irreparable harm – not simply infringement. This is true regardless of the specific product model to which Samsung's copying relates. Indeed, the Galaxy Nexus is but the latest piece in Samsung's overall strategy to copy Apple's products, which began with the introduction of earlier smartphones. *See* Samsung November 11, 2011, "Beat Apple" Slide (Depicting Galaxy S, Galaxy 2011, and Galaxy Nexus Devices in chronological progression) Fedman Decl., Exh. 2 at SAMNDC00258798. As Apple already explained, highly relevant evidence

regarding the importance of the patented features is very likely to appear in connection with the development of the earlier devices that Samsung has tried to shield from discovery. Motion at 9-10. Samsung ignores this point entirely.

Apple also showed that copying of the patented features, including with respect to products other than the Galaxy Nexus, is relevant to both non-obviousness and the balance of the hardships. Samsung does not dispute or even address either point in its opposition.[3] Motion at 7. Accordingly, should be compelled to provide a complete response – one not limited to the Galaxy Nexus – to this interrogatory at least with respect to the four features at issue.

### 3. Samsung's Broad, Systematic Plan to Copy Apple's Products is at the Heart of Apple's Preliminary Injunction Motion

Samsung does not take issue with the fact that it has been on a years-long mission to copy Apple's products and take Apple's market share. Nor does Samsung make any showing that it would be unduly burdened were it forced to respond completely to this interrogatory and set forth the information requested with respect to all of those efforts. Rather, Samsung rests its entire opposition on the assertion that its general strategy to copy Apple's technology is somehow irrelevant.

Apple showed that Samsung's general strategy of copying is relevant to the question of irreparable harm, the balance of the hardships, and the public interest. Motion at 8. Apple explained that Samsung's overall copying strategy is relevant to direct competition, which clearly relates to irreparable harm. Moreover, Apple also showed that Samsung's copying tips the balance of the hardships further in Apple's favor, as "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *See Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986). Samsung has not responded to any of these points or cited a single case in support of its

---

[3] Samsung's only response on the issue of non-obviousness is that Samsung' copying of *non-*patented features is irrelevant to non-obviousness of the patent. Opp. at 5. But Apple never contended that copying of non-patented features was relevant to non-obviousness; rather Apple explicitly restricted its argument to Samsung's copying of the patented features. Motion at 7-8.

position that this evidence is irrelevant. For all of these reasons, Samsung should be compelled to provide a complete, substantive response to this interrogatory.

### C. Interrogatories 9 and 10 – Analysis and Discussions Relating to the Patented Features

Interrogatory Nos. 9 and 10 request information about Samsung's analyses of the patented features and their importance to consumers (Interrogatory No. 9), and Samsung's own discussions of these features (Interrogatory No. 10). Again, this information bears directly on Apple's request for a preliminary injunction. Samsung has improperly limited its responses to these interrogatories to analyses and discussions conducted specifically with respect to the development of the Galaxy Nexus phone, to the exclusion of similar discussions conducted with respect to other products, including prior smartphone models. Samsung has also invoked the common interest privilege, but has provided neither a basis for doing so nor any specific identification of what information it is withholding. As discussed below, Samsung's objections are unfounded.

#### 1. Samsung's Attempt to Artificially Limit the Scope of These Interrogatories is Unsupported by Their Plain Language and Would Permit it Improperly Withhold Highly Relevant Discovery

Samsung's assertion that Apple has limited these interrogatories to the Galaxy Nexus, through their definitions, is both wrong and inconsistent with the language the interrogatories themselves. Interrogatory No. 10 specifically requests information relating to these features "as implemented in *any Samsung product, including but not limited to Samsung smartphones* and tablet computers." Apple explained that the language of the interrogatory itself is inconsistent with Samsung's interpretation of the definitions in its opening brief. Motion at 10. Samsung has ignored that point entirely in its response.

In any event, the definitions plainly state that the patented features to cover "software, features, and functionality," not the specific hardware in which those features are implemented. Although the definitions reference the software on the Galaxy Nexus, the definitions specifically state that they "include[] *but [are] not limited to*" the specific implementation found on that device:

> "Slide to Unlock" means *the software, features and functionality* that Apple accuses of infringing U.S. Patent No. 8,046,721 as described in the Declaration of Dr. Ravin

> Balakrishnan and that provide the functionality used by the Samsung Galaxy Nexus to unlock the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicting how a user may unlock the device, including any directional or instructional cues. Slide to Unlock includes *but is not limited to* the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 26 99-100.

Simmons Decl., Exh. 2 (emphasis added).  Clearly, this definition is not limited to implementation of the feature in the Galaxy Nexus.

Apart from playing definitional games, Samsung provides no justification for refusing to disclose its analyses and discussions relating generally to the patented features at issue, which as explained above and in Apple's opening papers are clearly relevant to the pending preliminary injunction motion.

### 2. Samsung Has Conceded That Pure Business Discussions With Google Must Be Disclosed, But Has Not Identified Any of Them in its Response

Samsung has conceded that its common interest objection cannot cover ordinary business discussions with Google, including discussions relating to the design and development of the accused products, and has acknowledged that these discussions must be disclosed in response to this interrogatory.  Opp. at 9.  This concession underscores the impropriety of Samsung's refusal to answer this interrogatory – a refusal Samsung has yet to remedy.  For this reason alone, Samsung should be compelled to provide a response.

### 3. Samsung Has Not Made Any Showing That the Common Interest Privilege Applies

Finally, Samsung has invoked the common interest privilege in order to block discovery into communications between itself and Google that Samsung vaguely identifies as "relating to a common interest with respect to the allegations of infringement raised by Apple in this case."  Opp. at 9.  Samsung, however, has not made any showing that the common interest doctrine—a narrow exception to the general rule that discussions between arms-length entities are not privileged—applies.

It is well settled that a party asserting privilege or immunity from discovery bears the burden of disclosing the specific nature of the materials withheld from discovery, and further providing the basis for invoking the privilege. *See Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 n. 9 (9th Cir. 2000) ("When a party withholds information . . . by claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (citing to Fed. R. Civ. P. 26(b)(5)); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 n.1 (9th Cir. 2009) (holding that some form of privilege log is required).

Moreover, the courts of this Circuit require a party, making the normal threshold showing that privilege applies, to make a further rigorous showing that a common interest truly exists. *See Elan Microelectronics Corp. v. Apple, Inc.*, Case No. C 09-01531 RS (PSG), 2011 U.S. Dist. LEXIS 87989, at *16-17 (N.D. Cal. Aug. 8, 2011) (finding that the common interest privilege did not apply where plaintiff offered nothing more than "mere post hoc rationalizations that it or its customers anticipated being drawn into a joint suit," where there was no joint defense or common interest agreement, and where plaintiff failed to show there was a suit or even threat of suit against any of the parties who received the documents at issue); *FSP Stallion 1, LLC v. Luce*, Case No. 2:08-cv-01155-PMP-PAL, 2010 U.S. Dist. LEXIS 110617, at *64-65 (D. Nev. Sept. 30, 2010) (finding failure to establish common interest privilege where no place in the record established that the parties agreed to treat the documents as privileged and confidential at the time the documents were exchanged); *Brill v. Walt Disney Pictures & TV*, No. 00-55592, 2000 U.S. App. LEXIS 31179, at *2-3 (9th Cir. Cal. Dec. 1, 2000) (holding that claimant failed to provide evidence that it had agreed to work in tandem with the third party to pursue a joint legal enterprise when the communications at issue transpired).

Samsung has not even attempted to meet any of these standards. Samsung has not provided even the most basic information about why these discussions should be privileged. Indeed, Samsung has not provided a privilege log or any other information about when these discussions occurred, what was discussed (even at the highest level), who was involved, and which of those people were

lawyers. In addition, Samsung has not provided sufficient information to confirm that these discussions were truly legal in nature, rather than product development or business discussions, or that lawyers were indeed present. Nor has Samsung made any effort to provide anything other than bare attorney argument establishing that these companies were truly furthering a joint legal strategy when conducting these discussions. Samsung has not produced a common interest agreement or any other agreement, instrument, or evidence that that would suggest that a common interest exists. Because Samsung has had ample opportunity to make this showing and has not done so, Apple's motion should be granted.[4]

## II. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court GRANT Apple's Motion to Compel and order Samsung to respond to Apple's Interrogatory Nos. 4, 8, 9 and 10 by May 7, 2012.

GIBSON DUNN & CRUTCHER LLP

Dated: April 20, 2012        By: */s/ H. Mark Lyon*
                                 H. Mark Lyon

*Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

---

[4] Samsung argues that Apple "fail[ed] to meet and confer on the common interest privilege before filing its motion." Opp. at 8. That is not correct. Samsung acknowledges in its own opposition that the parties discussed the issue of the common interest privilege at their final meet and confer on these interrogatories, which the parties conducted after many fruitless exchanges of correspondence. *Id*. In any event, Apple made it quite clear at that conference that it would be moving to compel on the entirety of its interrogatory and would demand a complete, substantive response. Samsung made it equally clear that it had no intention of providing any response at all. It is not Apple's fault that Samsung, the party with the burden of establishing that the common interest privilege applies, had apparently not fully developed its basis for asserting that privilege in advance of the meet and confer, and is not ready to assert it in its opposition.

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5,4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: April 20, 2012                                     */s/ H. Mark Lyon*
                                                          H. Mark Lyon