# EXHIBIT EE

## REMARKS

Claims 1 and 7-26 are pending.  Claims 2-6 have been canceled without prejudice to or disclaimer of the subject matter contained therein.  Claims 1 and 8-20 have been amended.  New dependent claims 21-26 have been added, support for which can be found in the specification at, among other places, page 10, paragraph [0036] and page 11, paragraph [0039].  Applicants respectfully request reconsideration of the application in response to the final Office action.

## Information Disclosure Statement

Applicants note that the List Of References Cited By Applicant And Considered By Examiner, which was enclosed with the final Office action, does not correspond to the First Information Disclosure Statement, which was filed by Applicants in the above-identified application on December 1, 2004, and instead pertains to a different application.  Accordingly, Applicants respectfully request that an Examiner initialed copy of the form PTO-1449, which accompanied the First Information Disclosure Statement, be returned to the undersigned.

## Claim Rejection – 35 U.S.C. §102

Claims 1, 2, 11 and 16 have been rejected under 35 U.S.C. §102(e) as allegedly being anticipated by U.S. Patent No. 7,020,670 to Andreoli et al. ("Andreoli").  Applicants traverse the rejection for at least the following reasons.

Independent claim 1, as amended, recites a method for locating information in a network, comprising:

receiving an inputted information descriptor;

Attorney's Docket No. 1001580-000987
Application No. 11/000,413
Page 11

> providing said information descriptor to a plurality of heuristic modules, wherein each heuristic module employs a different heuristic algorithm to search an associated relevant area of search for information that corresponds to the received descriptor;
>
> providing at least one candidate item of information located by the heuristic modules; and
>
> displaying a representation of said candidate item of information.

The specification of the instant application describes an information retrieval manger 18 that dispatches user-provided input describing the information in which the user is interested to a plurality of plug-in modules $22_1$-$22_N$, each plug-in module having an associated heuristic algorithm that it employs to locate information that corresponds to the user input. (See, Specification at [0019] and [0023]).  In one embodiment, the heuristic algorithm of each plug-in module is different.  For example, one heuristic algorithm can operate to match the input information descriptor with *the names* of information located within various storage media in the computer, on networked servers and the Internet, while another heuristic algorithm can identify matches between the input information descriptor and *the content* of files located on the computer, on networked servers and the Internet.  (See, Specification at [0028]).  Further, in one embodiment, each plug-in module can attempt to locate information in a relevant area of search, using its associated heuristic.  For example, one module can *search local and/or network storage volumes* for the names of stored files which match the input information descriptor, another module can *search a list* of the files, applications and web sites which were most recently accessed for a match, and yet another module can employ a search engine to *search the Internet* for web pages which match the input information descriptor.  (See, Specification at [0023]).

Attorney's Docket No. 1001580-000987
Application No. 11/000,413
Page 12

Andreoli, on the other hand, describes a processor that receives user query elements via a computing device, converts each query element to a logical relation, and compiles and stores a signed feature constraint from the logical relations. (See, Andreoli at col. 14, lines 1-48). Andreoli describes that the processor can retrieve documents using a document constraint descriptor, such as the stored signed feature constraint. (See, Andreoli at col. 16, lines 30-63). For example, Andreoli describes an algorithm for constraint satisfaction that the processor can use to solve the feature constraint. (See, Andreoli at col. 12, line 43 – col. 13, line 34). If the processor obtains a solution, the processor can use the solution to formulate a search request and employ any appropriate combination of local and remote search operations (e.g., the processor can provide the search request in a call to search engine routines, which in turn can call remote search engines, such as through the Internet). The processor can execute the search engine routines and use the formulated search request to perform a search of all appropriate repositories on a network to which the computing device is connected. (See, Andreoli at col. 16, line 64 – col. 17, line 7).

Nowhere does Andreoli describe "providing said information descriptor to a plurality of heuristic modules, wherein each heuristic module employs a different heuristic algorithm to search an associated relevant area of search for information that corresponds to the received descriptor," as recited in amended claim 1. In the portions of Andreoli referenced by the Office (see, final Office action at page 7), Andreoli describes a way for processing search requests that includes formulating the requests using logic as a common language. (See, Andreoli at col. 8, lines 6-54). In particular, Andreoli describes using logic fragments, called "feature

constraints," and efficient constraint solving algorithms.  (See, <u>Andreoli</u> at col. 9, lines 1-22).  Then, as described herein, <u>Andreoli</u> teaches that the processor can use the solution to a constraint satisfaction algorithm <u>to formulate a search request</u> and employ any appropriate combination of local and remote search operations.  (See, <u>Andreoli</u> at col. 16, line 64 – col. 17, line 7).  <u>Andreoli</u> does not describe, however, that *each* of the local and remote search operations <u>employs a different heuristic algorithm to search an associated relevant area of search</u> for information that corresponds to the search request, in accordance with amended claim 1 (emphasis added).  That is, the algorithms described in <u>Andreoli</u> and referenced by the Office go to the formation of the search request and not to how the local and remote search operations employed by the processor perform a search of the repositories on the network.

Thus, because <u>Andreoli</u> does not describe each and every element as set forth in claim 1, as amended, Applicants submit that <u>Andreoli</u> does not anticipate claim 1.  (See, MPEP at §2131, citing *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987)).  Accordingly Applicants respectfully request that the rejection under 35 U.S.C. §102(e) over <u>Andreoli</u> of independent claim 1 be withdrawn.  Further, for reasons analogous to those presented for claim 1, Applicants submit that <u>Andreoli</u> also does not anticipate claims 11 and 16, as amended and, therefore, respectfully request that the rejection under 35 U.S.C. §102(e) over <u>Andreoli</u> of independent claims 11 and 16 be withdrawn.  Moreover, Applicants submit that <u>Andreoli</u> also does not anticipate new claims 21-26, which depend from claims 1, 11 and 16.  Claim 2 has been canceled, thereby rendering the rejection of claim 2 under 35 U.S.C. §102(e) over <u>Andreoli</u> moot.

Attorney's Docket No. 1001580-000987
Application No. 11/000,413
Page 14

### Claim Rejection – 35 U.S.C. §103(a)

Claims 3-10, 12-15 and 17-20 have been rejected under 35 U.S.C. §103(a) as allegedly being unpatentable over <u>Andreoli</u> in view of U.S. Patent No. 6,311,178 to Bi et al. ("<u>Bi</u>").  Applicants traverse the rejection for at least the following reasons.

For at least the same reasons presented with respect to independent claim 1, Applicants submit that claims 7-10, which depend therefrom, are patentable over <u>Andreoli</u> and that <u>Bi</u> does not supply, and is not purported to supply, the teachings missing from <u>Andreoli</u>.  At a minimum, neither <u>Andreoli</u> nor <u>Bi</u> teaches or suggests, "providing said information descriptor to a plurality of heuristic modules, wherein each heuristic module employs a different heuristic algorithm to search an associated relevant area of search for information that corresponds to the received descriptor," as recited in amended claim 1.

Thus, because the combination of <u>Andreoli</u> and <u>Bi</u> does not teach or suggest all of the limitations of claim 1, as amended, Applicants submit that claims 7-10, which depend therefrom, are patentable over <u>Andreoli</u> and <u>Bi</u> under 35 U.S.C. §103(a).  (See, MPEP §2141.03, providing that to establish *prima facie* obviousness of a claimed invention, all the claim limitations must be taught or suggested by the prior art.  *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974)).  Accordingly, Applicants respectfully request that the rejection of dependent claims 7-10 under 35 U.S.C. §103(a) over <u>Andreoli</u> and <u>Bi</u> be withdrawn.  Further, for reasons analogous to those presented for claims 7-10, Applicants submit that dependent claims 12-15 and 17-20 are also patentable over <u>Andreoli</u> and <u>Bi</u>, and respectfully request that the rejection of claims 12-15 and 17-20 under 35 U.S.C. §103(a) over <u>Andreoli</u> and <u>Bi</u> be

Attorney's Docket No. 1001580-000987
Application No. 11/000,413
Page 15

withdrawn.   Claims 3-6 have been canceled, thereby rendering the rejection of

claims 3-6 under 35 U.S.C. §103(a) over <u>Andreoli</u> and <u>Bi</u> moot.

### Conclusion

It is believed that this Amendment is accompanied by the required fees.

However, if additional fees are required for any reason, please charge Deposit

Account No. 02-4800 the necessary amount.

In the event that there are any questions concerning this paper, or the

application in general, the Examiner is respectfully urged to telephone Applicants'

undersigned representative so that prosecution of the application may be expedited.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date:  October 23, 2007        By:

Nicole D. Dretar
Registration No. 54,076

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

#1246445-v1

## REMARKS

Applicant requests reconsideration and allowance of the subject patent application in light of the changes above and the remarks that follow.[1]  Claims 1 and 7-26 are pending.  By this Amendment, claims 1, 11 and 16 have been amended to clarify the recited subject matter.

### Information Disclosure Statement

The copy of the PTO-1449 attached to the Office Action mailed February 7, 2007, does not correspond to Applicant's First Information Disclosure Statement filed on December 1, 2004.  Accordingly, Applicant respectfully requests that the Examiner initial, sign, and return a copy of the form PTO-1449 that accompanied the First Information Disclosure Statement.

### Rejection Under 35 U.S.C. § 102

Applicant traverses the rejection of claim 1 under Section 102(e) as allegedly being anticipated by U.S. Patent No. 7,020,670 to *Andreoli et al.* ("*Andreoli*").  Present claim 1 recites, *inter alia*, "a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs <u>a different heuristic algorithm corresponding to said respective area to search</u>" (emphasis added).  *Andreoli* cannot support a rejection of claim 1 under Section 102 because it fails to teach, at least, these features of Applicant's claim 1.

*Andreoli* discloses brokers that process search requests.  (*Andreoli*, col. 8:6-12.)  A broker can release sub-requests to other brokers such that a search is performed by a collaboration of brokers.  (*Id.* at col. 8:13-18.)  Each broker can be specialized to perform search requests of appropriate repositories on a network.  (*Andreoli*, col. 17, ll. 4-20.)  In order to collaborate, search requests are formulated in a common language.   (*Id.* at col.

---

[1] The Office Action contains statements characterizing the claims and related art.  Regardless of whether any such statements are specifically addressed herein, Applicant's silence as to these characterizations should not be construed as acceptance of them.

8:28-50.)  This is achieved by formulating all requests in a <u>logical format</u>.  (*Id*.)  Requests are expressed by a pair <x, P>, where x is a logical variable and P is a logical formula involving x,  meaning "retrieve knowledge object x such that the property expressed by formula P holds."  (*Id*.)   The scope of brokers are defined using similar logic.  (*Id*.)   For example,  a broker with scope <x, R>  can only retrieve objects x that satisfy formula R.  (*Id*.) Furthermore, the scope of a search to be performed by a broker may be logically split into two scopes.  (*Id*. at cols: 9:26-10:59.)  Scope-splitting relies on negation to create two brokers having exclusive scopes (e.g.,. P^F and P^¬F).  (*Id*. at col. 9:26-50.)  Based on the two scopes, different portions of a repository can be searched.

The Examiner apparently asserts that *Andreoli's* brokers, repositories, constraint satisfaction algorithms, and document constraint descriptor correspond to Applicant's claimed "heuristic modules," "area of search," "heuristic algorithm," and "information descriptor," respectively.  (Office Action, p. 8.)  Applicant respectfully disagrees.   As noted above, constraint satisfaction algorithms used by the brokers are based on the same search request and feature constraints.  But these algorithms only <u>logically differ</u> from one another - <u>not heuristically</u>.  As such, each broker does not employ "a different heuristic algorithm" for each repository searched.  Therefore, *Andreoli* does not teach or suggest Applicant's claimed "plurality of heuristic modules … employ[ing] a <u>different</u> heuristic algorithm <u>corresponding to said respective area to search</u>" (emphasis added) as recited in Applicant's claim 1.

Because *Andreoli* does not describe the above-identified features of claim 1, it cannot anticipate claim 1 under section 102.  Accordingly, claim 1 is allowable over *Andreoli*.

Claims 11 and 16, although of different scope than claim 1, recite features similar to those recited in claim 1.  Thus, claims 11 and 16 are allowable over *Andreoli* for the same reasons presented above with regard to claim 1.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 9

Claims 21-26 are allowable over *Andreoli* at least due to their corresponding dependence from claims 1, 11 and 16.

<u>Rejection Under 35 U.S.C. § 103(a)</u>

Applicant traverses the rejection of claims 7-10, 12-15 and 17-20 under 35 U.S.C. §103(a) as allegedly not being patentable over *Andreoli* in view of U.S. Patent No. 6,311,178 to Bi et al. ("*Bi*"). Claims 7-10, 12-15 and 17-20 depend from independent claims 1, 11 and 16, and include all of the limitations of their corresponding independent claim. Accordingly, *Andreoli* does not disclose or suggest the features recited in claims 7-10, 12-15 and 17-20 for the same reasons given above with regard to claims 1, 11 and 16. *Bi* also does not disclose or suggest these features, and the Examiner does not rely on *Bi* for such disclosure or suggestion. Thus, *Andreoli* and *Bi*, when taken alone or in combination, cannot support a rejection of claims 7-10, 12-15 and 17-20 under 35 U.S.C. §103(a). Claims 7-10, 12-15 and 17-20 are, therefore, allowable.

## **Conclusion**

If additional fees are required for any reason, please charge Deposit Account No. 02-4800 the necessary amount.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date: <u>April 23, 2008</u>          By:    <u>/Steven Ashburn/</u>
                                              Steven Ashburn
                                              Registration No. 56,636

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 8

## REMARKS

Applicant requests reconsideration and allowance of the subject patent application in light of the changes above and the remarks that follow.[1]  Claims 1 and 7-26 are pending.  By this Amendment, claims 1, 11 and 16 have been amended to clarify the recited subject matter. Support for the changes to claims 1, 11 and 16 may be found in the Applicant's specification at, for example, paragraphs 0023 & 0024.

### Information Disclosure Statement

The copy of the PTO-1449 form attached to the Office Action mailed February 7, 2007, does not correspond to Applicant's First Information Disclosure Statement filed on December 1, 2004.  Accordingly, Applicant respectfully requests that the Examiner initial, sign, and return a copy of the form PTO-1449 that accompanied the First Information Disclosure Statement.

Applicant made this same request in the previous Amendment.  If the above-note PTO-1449 form is not returned in reply to the present Amendment, it is respectfully requested that the Examiner provide an explanation why to he has refused to consider the listed documents listed in the form.

### Rejection Under 35 U.S.C. § 102

Applicant traverses the rejection of claim 1 under Section 102(e) as allegedly being anticipated by U.S. Patent No. 7,020,670 to *Andreoli et al.* ("*Andreoli*").  *Andreoli* cannot support a rejection of claim 1 under Section 102 because it fails to teach, at least, "a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of

---

[1] The Office Action contains statements characterizing the claims and related art.  Regardless of whether any such statements are specifically addressed herein, Applicant's silence as to these characterizations should not be construed as acceptance of them.

search and employs a different, <u>predetermined</u> heuristic algorithm corresponding to said respective area to search" (emphasis added).

The Examiner apparently asserts that *Andreoli's* brokers, repositories, constraint satisfaction algorithms, and document constraint descriptor correspond to Applicant's claimed "heuristic modules," "area of search," "heuristic algorithm," and "information descriptor," respectively. (Office Action, p. 3.) Applicant respectfully disagrees.

*Andreoli's* brokers cannot be considered to teach the claimed "heuristic modules" because the constraint satisfaction algorithms used by the brokers are not "predefined." FIG. 7 illustrates the process used to retrieve document references based on a feature constraints. (*Id.* at col. 16:30-34.) As shown, upon a receiving a request from a user, a processor solves the feature constraint. (*Id.* at col. 16:44-17:3; FIG. 7, s92.) Feature constraints are solved by converting each query element into a logical element and compiling a signed feature constraint from a set of logical relations. (*Id.* at col. 16:44-17:3; FIG. 4, s44-s45; FIG. 6, s64-65.) If a solution to the feature constraints is obtained, the solution is used to produce a search request. (*Id.* at col. 16:44-17:3; col. 16:34-66; FIG. 7, s92.) The derived search request is then provided to a search engine. (*Id.* at col. 16:44-17:3; 16:66-17:10; FIG. 7, s92.)

Because *Andreoli's* brokers must produce a search request by solving feature constraints generated from a user's query, *Andreoli* does not disclose a "predetermined heuristic algorithm" corresponding to a respective repository. Accordingly, *Andreoli* cannot be considered to anticipate "providing said information descriptor to a plurality of heuristic modules, wherein each heuristic module corresponds to a respective, predefined area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor," as recited in claim 1.

Furthermore, *Andreoli* does not disclose "heuristic modules" or "heuristic algorithms," as recited in claim 1.   During patent examination, a claim term should be given its broadest reasonable meaning consistent with the specification. (*Phillips v. AWH Corp.*, 415 F.3d 1303, 75 USPQ2d 1321 (Fed. Cir. 2005); *In re Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364, 70 USPQ2d 1827 (Fed. Cir. 2004); *see also,* M.P.E.P. § 2111.)  Rather than give the term "heuristic" is broadest reasonable meaning, the Examiner has not afforded the term "heuristic" any weight whatsoever.  (Office Action, p. 9.)

Dictionary definitions of "heuristic" include, for example, "using or arrived at by a process of trial and error rather than set rules," "used to describe a computer program that can modify itself in response to the user," and "a helpful procedure for arriving at a solution *but not necessarily a proof.*"  (*Encarta World English Dictionary*, 1999 Microsoft Corporation, emphasis added.)   Furthermore, a "heuristic" is "'rule of thumb', based on domain knowledge from a particular application, that gives guidance in the solution of a problem. Unlike algorithms, heuristics cannot have proven performance bounds owing to their open-ended dependence on specific application knowledge; an example is `if the sky is cloudy then carry an umbrella.'  Heuristics may thus be very valuable most of the time but their results or performance cannot be guaranteed."  (John Dantith, *A Dictionary of Computing*, 2004. accessed from Encyclopedia.com. Dec. 11, 2008 <http://www.encyclopedia.com>.)

By contrast, *Andreoli* describes logical algorithm for solving feature constraints – not heuristic algorithms.  For instance, *Andreoli* states:

> [A] set of constraints is equivalent to a set of logical relations *only if the constraints are only satisfied* when the logical relations are evaluated as true and the constraints are *only not satisfied* when the logical relations are evaluated as false.
>
> A "solution" of a constraint or a set of constraints is an item of data that *indicates whether the constraint or set of constraints is inconsistent or satisfiable* and, if satisfiable, indicates a less redundant version that is

equivalent to the constraint or set of constraints. In this context, the solution is "equivalent" to the constraint or set of constraints if the solution can only be satisfied if the constraint or set of constraints is satisfied and vice versa.

An operation "solves" a constraint or a set of constraints *if it obtains a solution* of the constraint or set of constraints.

**** 

[L]ogic provides a common language in which requests, answers, and scopes can all be expressed.  Brokers then perform *logical operations* on these three components. The most important logical operation, from which all the others can be reconstructed, is *satisfiability checking, i.e. deciding whether some object could satisfy the property expressed by a formula, or, on the contrary, whether it is intrinsically contradictory.* Unfortunately, it is well known that this operation, for full classical logic, is not algorithmic, i.e. it is provably impossible to write a program which implements it and always terminates. *Given this limitation, a great deal of research in knowledge representation has been focused on identifying fragments of classical logic in which satisfiability is algorithmically decidable*

(*Andreoli*, col. 6:4-19; 8:51-64.)

Because *Andreoli's* method is based on "classical logic" in which constraints are "algorithmically decidable," the patent cannot be considered to disclose "heuristics," as described in the exemplary definitions above.   Thus, each broker does not employ "a different heuristic algorithm" for each repository searched.   *Andreoli* does not, therefore, teach or suggest Applicant's claimed "plurality of *heuristic* modules … employ[ing] a different *heuristic* algorithm corresponding to said respective area to search," as recited in Applicant's claim 1.  (Emphasis added.)

Because *Andreoli* does not describe the above-identified features of claim 1, it cannot anticipate claim 1 under section 102.  Accordingly, claim 1 is allowable over *Andreoli*.

Claims 11 and 16, although of different scope than claim 1, recite features similar to those recited in claim 1.  Thus, claims 11 and 16 are allowable over *Andreoli* for the same reasons presented above with regard to claim 1.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 12

Claims 21-26 are allowable over *Andreoli* at least due to their corresponding dependence from claims 1, 11 and 16.

### Rejection Under 35 U.S.C. § 103(a)

Applicant traverses the rejection of claims 7-10, 12-15 and 17-20 under 35 U.S.C. §103(a) as allegedly not being patentable over *Andreoli* in view of U.S. Patent No. 6,311,178 to Bi et al. ("*Bi*").  Claims 7-10, 12-15 and 17-20 depend from independent claims 1, 11 and 16, and include all of the limitations of their corresponding independent claim.  Accordingly, *Andreoli* does not disclose or suggest the features recited in claims 7-10, 12-15 and 17-20 for the same reasons given above with regard to claims 1, 11 and 16.  *Bi* also does not disclose or suggest these features, and the Examiner does not rely on *Bi* for such disclosure or suggestion.  Thus, *Andreoli* and *Bi*, when taken alone or in combination, cannot support a rejection of claims 7-10, 12-15 and 17-20 under 35 U.S.C. §103(a).  Claims 7-10, 12-15 and 17-20 are, therefore, allowable.

### **Conclusion**

If additional fees are required for any reason, please charge Deposit Account No. 02-4800 the necessary amount.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date: <u>December 11, 2008</u>      By:   <u>/Steven Ashburn/</u>
Steven Ashburn
Registration No. 56,636

Customer No. 21839

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 7

## REMARKS

Applicant requests reconsideration and allowance of the subject patent application in light of the changes above and the remarks that follow.[1]  Claims 1 and 7-26 are pending.  By this Amendment, claims 1 and 11 have been amended to clarify the recited subject matter. Support for the changes to claims 1 and 11 may be found in the Applicant's specification at, for example, paragraphs 20-22, 26-27, Figs. 1, 2, 3A, 3B and 4.

### Information Disclosure Statement

Applicant appreciates the Examiner's acknowledgment of the PTO-1449 form filed with the Information Disclosure Statement filed on December 1, 2004.

### Rejection Under 35 U.S.C. § 112, First Paragraph

Applicant traverses the rejection of claims 1, 11 & 16 which were rejected under 35 U.S.C. §112, first paragraph, as allegedly lacking support for the term "predetermined heuristic algorithm" in the specification as originally filed.  The reasons for this rejection are unclear.  Applicant respectfully submits that the Action does not fulfill the Office's initial burden of presenting, by a preponderance of evidence, why a person skilled in the art would not recognize a description of the invention defined by the claims in Applicant's disclosure. (*Wertheim*, 541 F.2d at 263, 191 USPQ at 97; MPEP 2163.04).  The Examiner's issue appears to be that Applicant's specification does not literally state "predetermined." However, this is not the standard of review.

There is no requirement that the subject matter of the claim be described literally (i.e., using the same terms or *in haec verba*) in order for the disclosure to satisfy the description requirement.  (*Ralston Purina Co. v. Far-Mar-Co., Inc.*, 772 F.2d 1570, 1575, 227 USPQ 177, 179 (Fed. Cir. 1985); M.P.E.P. § 2163.02.)  The courts have held that an objective standard for determining compliance with the written description requirement is, "does the description

---

[1] The Office Action contains statements characterizing the claims and related art.  Regardless of whether any such statements are specifically addressed herein, Applicant's silence as to these characterizations should not be construed as acceptance of them.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 8

clearly allow persons of ordinary skill in the art to recognize that he or she invented what is claimed." (*In re Gosteli*, 872 F.2d 1008, 1012, 10 USPQ2d 1614, 1618 (Fed. Cir. 1989); M.P.E.P. § 2163.02.)

The Office Action does not provide any evidence or explanation to support an assertion that a person skilled in the art would not recognize the above-identified feature of Applicant's claims. The Office Action, therefore, does not set forth a *prima facie* case for rejecting claims 1, 11 & 16 under Section 112, first paragraph. Accordingly, Applicant requests that the rejection of claim 1 under Section 112, first paragraph be withdrawn for at least this reason.

Furthermore, Applicant submits that the phrase "predetermined heuristic algorithm" has sufficient support in Applicant's originally-filed disclosure. For instance, Applicant's specification discloses an exemplary embodiment in which each of plug-in modules $22_1$-$22_N$ have a heuristic that it employs to search information (Applicant's specification, p. 3, para. 0010.p. 6, para. 0023, p. 7, para. 0028, p. 8, para. 30, and p. 11, para. 0039). Moreover, at page 11, para. 0039, the specification describes heuristic algorithms can be "embodied in appropriate plug-in modules." (Emphasis added.) In light of the above-noted disclosure, it is respectfully submitted that the term "predetermined heuristic algorithm" is sufficiently supported by Applicant's specification to satisfy the requirements of 35 U.S.C. § 112, first paragraph. Accordingly, Applicant respectfully requests this rejection of claims 1, 11 and 16 be reconsidered and withdrawn.

<u>Rejection Under 35 U.S.C. § 101</u>

Claims 1, 7-10, 11-15 & 21-23 are allegedly directed to non-statutory subject matter. Applicant has amended independent claims 1 & 11 to obviate the rejection under 35 U.S.C. § 101. Claims 7-10, 12-15 & 21-23 also satisfy Section 101 based on their corresponding dependence from claims 1 and 11. Accordingly, Applicant respectfully requests the rejection be withdrawn.

<u>Rejection of claims 1, 11, 16 & 21-24 Under 35 U.S.C. § 103(a)</u>

Applicant traverses the rejection of claim 1 under 35 U.S.C. §103(a) as allegedly being unpatentable over U.S. Patent No. 7,020,670 to *Andreoli et al.* ("*Andreoli*") in view of U.S. Patent No. 6,636,849 to *Tang et al.* ("*Tang*").  Applicant respectfully submits that the applied references, whether taken individually or in any combination, cannot support a rejection of claim 1 under 35 U.S.C. § 103(a).

The Office Action concedes *Andreoli* does not disclose or suggest "providing said information description to a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor" as recited in claim 1.  (Office Action, p. 5).  *Tang* does not overcome *Andreoli's* deficiencies.

To increase search processing efficiencies, *Tang* uses several heuristic algorithms based on prior search algorithms to provide approximate results for a user input search query, which may reduce the number of matches that are found.  However, *Tang's* heuristic algorithms are merely used to "pre-filter" large data sets, such as data stores (databases), prior to performing a Needlemean-Wunsch alignment.  (*Tang*, Col. 15, lines 42-67).  Moreover, *Tang's* database represents only one relevant area that may be searched, a data store (database).

However, *Tang* only searches <u>one area</u>.  As such, *Tang* cannot be considered to teach or suggest <u>a plurality</u> of heuristic modules, wherein each heuristic module corresponds to <u>a respective area of search,</u>" as recited in claim 1.  (Emphasis added.)  Moreover, because *Tang* lacks the claimed "respective area[s] of search," it cannot be considered to teach or suggestion "employ[ing] a <u>different, predetermined heuristic algorithm</u> corresponding to said <u>respective area</u>."

Because neither *Andreoli* nor *Tang*, teach or suggest the above-identified features of claim 1, these references, whether taken individually or in any combination, cannot support a

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 10

rejection of claim 1 under 35 U.S.C. § 103(a).  Claim 1 is, therefore, allowable over *Andreoli* and *Tang*.

Claims 11 and 16, although of different scope than claim 1, recite features similar to those recited in claim 1.  Accordingly, claims 11 and 16 are allowable for the same reasons set forth above with regard to claim 1.

Claims 7-26 are allowable at least due to their corresponding dependence from claims 1, 11 and 16.

<u>Rejection of Claims 7-26 Under 35 U.S.C. § 103(a)</u>

Applicant traverses the rejection of claims 7-10, 12-15 & 17-20 under 35 U.S.C. §103(a) as allegedly not being patentable over *Andreoli* in view of *Tang* and in further view of  U.S. Patent No. 6,311,178 to *Bi et al.* ("*Bi*").

Applicant respectfully submits that Claims 7-10, 12-15, & 17-20 are allowable for the same reasons as discussed above with regards to claim 1 because *Bi* does not make up for the deficiencies of *Andreoli* and *Tang*.  Namely, *Bi* does not teach or suggest "providing said information description to a plurality of heuristic modules, wherein each heuristic module corresponds a to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor" as recited in claim 1; and the Action does not assert that *Bi* makes any such teaching or disclosure.

Since *Andreoli, Tang* and *Bi* do not teach or suggest each and every feature of claim 1 whether they are taken individually or in combination, the references cannot support a rejection of claim 1 under 35 U.S.C. § 103(a).  Accordingly, claims 7-10, 12-15 and 17-20 are allowable at least due to their corresponding dependence from claims 1, 11 and 16.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 11

### Conclusion

For the reasons set forth above, Applicant respectfully requests allowance of claims 1 and 7-26.

If additional fees are required for any reason, please charge Deposit Account No. 02-4800 the necessary amount.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date: <u>April 27, 2009</u>          By:        /Steven Ashburn/
                                         Steven Ashburn
                                         Registration No. 56,636

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

Customer No. 21839

## REMARKS

Applicant requests reconsideration and allowance of the subject patent application in light of the changes above and the remarks that follow.[1]  Claims 1 and 7-26 are pending.  By this Amendment, claims 1, 11 and 16 have been amended to clarify the recited subject matter.  Support for the changes to the claims may be found in the Applicant's specification at, for example, page 5, ¶¶ 0021-0023; FIG. 1, blocks 3-7; and FIG. 2, block 22.

### Examiner Interview

Applicant greatly appreciates the opportunity provided by the Examiner to discuss the application in the personal interview held on August 19, 2010.  During the interview, Applicant's representative discussed the subject matter of claim 1 and the prior art cited in the Office Action.  No agreement was reached regarding the claims.

### Claim Rejection Under 35 U.S.C. § 103

Applicant respectfully submits that U.S. Patent No. 7,020,670 to *Andreoli et al*. ("*Andreoli*") and 6,304,870 to *Kushmerick et al*. ("*Kushmerick*") do not support a rejection of claims 1 and 7-26 under Section 103(a) because the references do not establish all the elements recited in the claims were known.  (*See KSR International Co. v. Teleflex Inc.*, 550 U.S., No. 04-1350 (U.S., April 30, 2007), 82 USPQ2d 1385, 1395 (2007); M.P.E.P. § 2143.02.)  In addition, *Andreoli* and *Kushmerick* cannot be combined to provide a result that would be predictable to one of ordinary skill in the art.  (*Id.*)

---

[1] The Office Action contains statements characterizing the claims and related art.  Regardless of whether any such statements are specifically addressed herein, Applicant's silence as to these characterizations should not be construed as acceptance of them.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 10

### *Andreoli* and *Kushmerick* Do Not Disclose or Suggest the Subject Matter of Claim 1

*Andreoli* and *Kushmerick* cannot support a rejection of claim 1 under § 103 because neither reference discloses or suggests, at least, "providing [an] information descriptor received from the user-input device to a plurality of heuristic modules, wherein …each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received information descriptor, and … the search areas include storage media accessible by the computer," as recited in claim 1.

*Andreoli* discloses software agents called "brokers" that process a user's search requests. (*Andreoli*, col. 8:6-12.)  According to *Andreoli*, search requests are <u>logical formulas that are generated</u> based on <u>constraints</u> received from the user.  (*Id.* at FIG. 7, s.92, s.93; col. 3:1-3; col. 5:28-36; col. 8:28-42.)  When a broker receives a search request and determines that it does not have sufficient knowledge to process it, the broker can release sub-requests to other brokers.  (*Id.* at col. 8:13-18.)  These sub-requests are <u>derived by using logic rules</u> to split the search request.  (*Id.* at cols. 9:26-10:59.)

The Examiner apparently considers *Andreoli's* "brokers" and "constraints" to correspond to the claimed "modules" and "information descriptor," respectively.  (Office Action, p. 3.)  However, the Examiner concedes that *Andreoli* does not disclose "heuristic modules" and "predetermined heuristic algorithms corresponding to [a] respective area of search," as recited in claim 1.  (Office Action, p. 3.)

*Kushmerick* does not overcome *Andreoli's* deficiencies.  (*Id.*)  *Kushmerick* is directed to a method of automatically creating "wrappers" that extract information from HTML web pages.  (Col. 3, ll. 22-31.)  The method "learns" which information to extract by submitting

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 11

example queries to a web site.  The web pages resulting from the example queries are then underline automatically labeled using "site specific heuristics" (i.e., "recognizers") that identify text to be extracted from the web site.  (*Id.* at col. 3, ll. 37-44; col. 4, ll. 22-31, emphasis added.)  The Examiner apparently considers *Kushmerick's* "site-specific heuristics" and "sites" to correspond to the claimed "predetermined heuristic algorithm" and "area to search," respectively.  Applicant respectfully disagrees.

First, as noted above, the site specific heuristics search <u>within web pages</u> to identify text for extraction.  In other words the heuristics search the <u>contents of documents</u>.  Thus, *Kushmerick* do not disclose "search areas includ[ing] storage media accessible by the computer," as recited in claim 1.

Second, the heuristics in *Kushmerick* apparently function by recognizing attributes within an HTML page.  *Kushmerick*, col. 4, ll. 24-26.  However, *Kushmerick* says nothing with regard to these attributes being "receiv[ed] … from a <u>user-input device</u>" or being "provid[ed] … to a <u>plurality</u> of heuristic modules," as recited in claim 1.  (Emphasis added.)  Thus, *Kushmerick* cannot disclose or suggest, "receiving … an inputted information descriptor from an input a <u>user-input device</u>," "providing said information descriptor <u>received from the user-input device</u> to <u>a plurality of heuristic modules</u>" and "searching by the <u>heuristic modules, based on the received information descriptor</u>, the respective areas of search using the predetermined heuristic algorithms corresponding to each respective area of search," as recited in claim 1.  (Emphasis added.)

For the reasons above, neither *Andreoli* nor *Kushmerick* discloses or suggests "heuristic modules," let alone "searching by the heuristic modules, based on the received information descriptor, the respective areas of search using the predetermined heuristic

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 12

algorithms corresponding to each respective area of search," as recited in claim 1. *Andreoli* and *Kushmerick*, therefore, cannot support a rejection of claim 1 under § 103.

### *Andreoli and Kushmerick* Cannot Be Predictably Combined

The combination of *Andreoli* and *Kushmerick* is improper because the references cannot be predictably combined. Indeed, apart from reliance on improper hindsight reconstruction, there appears to be no reason why one would consider *Andreoli* and *Kushmerick* together.

First, *Andreoli*'s disclosure is directed to generating and matching logical expressions to provide a search result. (*See, e.g., Andreoli*, Abstract; FIG. 7; col. 2:38-3:15.) It would be contrary to *Andreoli's* principle of operation to replace the <u>logical</u> expressions with <u>heuristics</u> disclosed by *Kushmerick*. The heuristics in *Kushmerick* are not disclosed as having logical relationships required by *Andreoli* to describe search constraints. (*See, e.g., Andreoli*, col. 5:25-47; col. 7:64 to col. 8:67.) Thus, there is no predictable to derive search requests from heuristics using the logic rules disclosed by *Andreoli*. (*See, e.g., Andreoli*, FIG. 7, s.92, s. 93; col. 9:26-51.)

Second, *Kushmerick* discloses extracting information from <u>a single website</u> using a corresponding heuristic. In comparison, *Andreoli* derives constraints from search requests that search <u>different information sources</u>. (*Andreoli*, col. 8:6-19.) Because *Kushmerick's* heuristics are site-specific, they could not be predictably used to search different information sources, as disclosed by *Andreoli*.

For at least the reasons above, one of ordinary skill in the art could not modify *Andreoli* to incorporate the heuristics disclosed in *Kushmerick* to achieve a predicable result. Thus, *Andreoli* and *Kushmerick* support a rejection of claim 1 under § 103 for this reason as well.

### Claims 1 and 7 to 26 are Allowable over *Andreoli and Kushmerick*

For all the reasons above, *Andreoli* and *Kushmerick* cannot support a rejection of claim 1 under § 103.  Applicant, therefore, respectfully requests that the Examiner withdraw the rejection of claim 1 and allow the claim.

Claims 11 and 16, although of different scope than claim 1, recite features similar to those recited in claim 1.  Accordingly, claims 11 and 16 are allowable for the same reasons set forth above with regard to claim 1.

Claims 7-26 are allowable at least due to their corresponding dependence from claims 1, 11 and 16.

### Conclusion

For the reasons set forth above, Applicant respectfully requests allowance of claims 1 and 7-26.

If additional fees are required for any reason, please charge Deposit Account No. 02-4800 the necessary amount.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date: <u>September 13, 2010</u>          By:   <u>/Steven Ashburn/</u>
                                              Steven Ashburn
                                              Registration No. 56,636

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

Customer No. 21839