# EXHIBIT D



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/620,642 | 01/05/2007 | Kenneth Kocienda | P4165US1/63266-5041-US | 9659 |

61725    7590    02/18/2011
Morgan Lewis & Bockius LLP/ AI
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306

| EXAMINER |
|---|
| VAUGHN, GREGORY J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2178 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/18/2011 | ELECTRONIC |

Please find below and/or attached an Office communication concerning this application or proceeding.

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

padocketingdepartment@morganlewis.com
vskliba@morganlewis.com

PTOL-90A (Rev. 04/07)

APLNDC630-0000053991

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
|  | 11/620,642 | KOCIENDA ET AL. |
|  | Examiner | Art Unit |
|  | GREGORY J. VAUGHN | 2178 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on *31 January 2011*.
2a) ☐ This action is **FINAL**. 2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) *6-43* is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *6-43* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on *05 January 2007* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)   Office Action Summary   Part of Paper No./Mail Date 17

APLNDC630-0000053992

Application/Control Number: 11/620,642 Page 2
Art Unit: 2178

## DETAILED ACTION

### Action Background

1. This action is responsive to the request for reconsideration filed on 1/31/2011.

2. Claims 6-43 are pending in the case, claims 6, 7, 23-27, 32, 33, 37 and 38 are independent claims. Claims 1-5 were previously canceled

3. Applicant's arguments are persuasive and therefore the rejection of claims 6-43, rejected as described in the office action dated 11/29/2011 is withdrawn and the finality noted in the office action dated 11/29/2010 is also withdrawn. However new grounds of rejection are made, as noted below.

Application/Control Number: 11/620,642                                                           Page 3
Art Unit: 2178

## Claim Rejections - 35 USC § 102

4.   The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

5.   Claims 27-43 are rejected under 35 U.S.C. 102(e) as being anticipated by Longe et al., US Patent Publication 2006/0274051, filed 4/17/2006, published 12/7/2006 (hereinafter Longe).

6.   **Regarding independent claim 27**, Longe discloses a portable computing device with a keyboard and a display in Figure 1A. Long discloses receiving a plurality of user inputs of characters through the keyboard and displaying the current character string in Figure 1A. Longe discloses displaying a suggested replacement string for the current string in Figure 1B at reference sign 157 and 160. Longe discloses displaying both the current character string and the suggested replacement character string in Figure 1B. The current character string is displayed twice; the full character string is displayed behind the word choice list shown at reference sign 150, and also in the word choice list at reference sign 154. Longe recites: "*FIG. 1B*

Application/Control Number: 11/620,642                                                                                         Page 4
Art Unit: 2178

*shows a preferred embodiment of a word choice list 150 that is displayed after the user has entered a sequence of keystrokes within the auto-correcting region 106. ... The "Exact Type" word 154 shows the sequence of letters closest to the actual interaction points of the input sequence*" (paragraph 179).

Longe discloses selecting a word from the word choice list by input associated with a key for a punctuation mark and replacing the current character string with the suggested character string and appending the string with a punctuation mark associated with the key. Longe recites: "*in another aspect of the invention, the word selection list is presented as a vertical list of candidate words, with one word presented in each row, and wherein each row is further subdivided into regions or columns. The regions or columns define functions related to the acceptance of the candidate string displayed in the selected row, such as including or not including a trailing blank space, appending a punctuation mark or applying a diacritic accent. The function may be applied when the user touches the row of the intended string in the word selection list at a point contained in the region or column associated with the desired function*" (paragraph 227).

7.    **Regarding dependent claim 28,** Longe discloses punctuation marks, as described above. It is well known that a comma, period, exclamation point, question mark and semicolon are punctuation marks.

8.    **Regarding dependent claim 29**, Longe discloses the device as touch screen enabled in paragraph 4. Longe discloses a virtual keyboard in Figure 1A.

Application/Control Number: 11/620,642 Page 5
Art Unit: 2178

9. **Regarding dependent claim 30**, Longe discloses a virtual keyboard, as described above. Longe discloses a second set of virtual keys associated with punctuation marks. Longe recites: "*The Symbols Mode key 116, the Alternate Letter Mode key 120, and the Numeric Mode key 122 each cause a corresponding keyboard of punctuation and symbols, alphabetic letters, and numeric digits, respectively, to appear on the display screen*" (paragraph 180).

10. **Regarding dependent claim 31**, Longe discloses a keyboard of punctuation, as noted above. It is well known tat the standard set of punctuation marks include the comma and period marks.

11. **Regarding independent claims 32 and 33**, the claims are directed toward a device for the media of claim 27, and are rejected using the same rationale.

12. **Regarding dependent claims 34-36**, the claims are directed toward a device for the media of claims 29-31, and are rejected using the same rationale.

13. **Regarding independent claims 37 and 38**, the claims are directed toward a device and media for the media of claim 27, and are rejected using the same rationale. Claims 37 and 38 are further directed to a simultaneous displaying of a virtual alphabet set of keys and a virtual punctuation marks set of keys. See the rejection of claim 35 above for the rejection of this limitation. Claims 37 and 38 are further directed toward a first, second and third user inputs (claim 37) and a plurality of user inputs (claim 38) in the word replacement process. Longe discloses replacing the current string with the suggested string in response to a first user input. Longe

discloses this limitation in Figure 1B. The user input of selecting a word displayed in the word choice list (reference sign 157) would cause the word replacement. Longe discloses replacing in response to user input associated with a punctuation mark, as described above. Longe discloses a third user input that accepts the current string. Longe recites: "*the Exact Type word "rwzt" does not correspond to an English word. In a preferred embodiment, selecting the Exact Type word for output results in the automatic addition of that word to the appropriate vocabulary module if it is not already included*" (paragraph 179).

14. **Regarding dependent claims 39-41**, Longe discloses selection of the word from the word choice list, as described above. The word choice list is not associated with a virtual keyboard key associated with a punctuation mark.

15. **Regarding dependent claims 42 and 43**, the claims are directed toward media for the media of claim 31 and are rejected using the same rationale.

Application/Control Number: 11/620,642 Page 7
Art Unit: 2178

## *Claim Rejections - 35 USC § 103*

16. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> *(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.*

17. Claims 6-11 and 13-26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Rainisto et al. US Patent publication 2006/0265648, filed 10/21/2005, published 11/23/2006 (hereinafter Rainisto) in view of Kushler et al., US Patent Publication 2007/0040813, filed 9/20/2006, published 2/22/2007 (hereinafter Kushler).

18. **Regarding independent claim 6**, Rainisto is directed toward portable electronic devices with touch screen displays – see paragraph 3. Rainisto discloses the touch screen with at least two display areas – see figures 9 and 10. The first user area that displays a current character string being input by a user with a keyboard is shown at reference sign 102 (both figures). The second user area is shown at reference sign 108 or 108' (Figure 9 or 10). The second area is between the first area and the keyboard in both figures, where Figure 9 has the second area oriented as a vertical list, and in Figure 10 the second area is oriented as a horizontal list. In the example shown in Figures 9 and 10, the current character string is shown as "*Dic*". The

second area is shown displaying the current character string and a suggested replacement character string, shown as "*Dictates*", "*Dictionary*" etc... See Figure 10 where the second display area is oriented horizontally and the suggested character strings are on opposite sides (i.e. a right side and a left side) of the second display area.

Rainisto declares Figures 9 and 10 as prior art - see paragraphs 9 and 10. Rainisto's invention uses the horizontal list described above. See Figure 11, at reference signs 132, 133a, 133b, 133c and 133d where the horizontal list is shown, with the current character string shown at reference sign 132, and the suggested replacements at 133a to 133d. The suggested replacements are placed on top of the space bar. Rainisto recites: "*the prefix 132 that corresponds to the partial word input 106 is presented together with the suffices 133a-133d of the above-mentioned full word candidates in a predetermined area arranged on top of a space bar 130 in the character key group 150*" (paragraph 86). In this embodiment, Rainisto discloses displaying the current character string on the left side, and the suggested replacement character strings on the right side of the second display area.

Rainisto discloses replacing the current character string with the suggested character string if the user performs a first gesture on the suggested replacement character string. Rainisto recites: "*if the user selects the suffix 133b ("cord"), the associated full word candidate 112 (made up of prefix "re" and suffix "cord") will automatically replace the partial word 106 at the cursor 107 in the text input field 102, as is seen in FIG. 12*" (paragraph 87).

Rainisto discloses text completion on a touch screen device, as described above. Rainisto fails to disclose replacing the character string with the suggested replacement character string when the user activates a space bar key. Kushler is directed toward text completion on touch screen devices - see abstract. Kushler discloses replacing the character string with the suggested character string if the user activates a particular key. Kushler recites: "*if the user makes no explicit selection of a candidate word from the word choice list, when a subsequent input action is taken (for example ... an explicit character is selected for output), the default word choice (the word deemed to be the most likely candidate) is automatically accepted for insertion into the text being composed*" (paragraph 55). Kushler discloses the use of a space delimiter as the special character key. Kushler recites: "*In the alternate embodiment in which no selection list is displayed, the user can cancel the TAP location word by deleting it from the output text prior to typing a space (or other character which is not allowed as a character within a database word)*" (paragraph 69).

Kushler discloses the use of gestures to facilitate character string selection. Kushler recites: "*The present invention allows rapid gestural input of virtually every word*" (paragraph 10). Kushler discloses replacing the character string with the suggested character string if the user performs a gesture with respect to the space bar key in Figure 2B at reference sign 2208, described as "selection list" (see paragraph 65). As is well known in the art, a user would select from a selection list displayed on a touch screen device by using a pen or finger gesture to select the

Application/Control Number: 11/620,642 Page 10
Art Unit: 2178

desired item. Kushler discloses keeping the current character string if the user performs a second gesture with respect to the touch screen display. Kushler recites: "*If for any reason the user chooses not to select any word in the displayed selection list 2208, the selection list display can be closed by selecting a "CANCEL" function 2222. In another embodiment, activating a back-space or delete key also cancels a displayed selection list 2208 without selecting any of the displayed words for output*" (paragraph 66).

Therefore, it would have been obvious, to one of ordinary skill in the art, at the time the invention was made to combine the text completion inventions of Rainisto and Kushler in order to provide "*a keyboard text entry system that is well suited for devices with touch-sensitive input panels*" (Kushler, paragraph 16).

19. **Regarding independent claims 7 and 23-26**, the claims are directed toward a method, interface, device, computer program or method, for the method of claim 6, and are rejected using the same rationale.

20. **Regarding dependent claims 8-10**, Kushler discloses adding a space, as described above. Kushler discloses a delimiter, as described above.

21. **Regarding dependent claim 11**, Rainisto discloses the keyboard as part of the touch screen display, as described above.

22. **Regarding dependent claim 13**, Rainisto discloses the character strings as words, as described above.

23. **Regarding dependent claim 14**, Rainisto discloses a plurality of alternative suggested replacement strings as described above in relation to Figure.11.

24. **Regarding dependent claim 15**, Kushler discloses adding the current string to the dictionary. Kushler recites: "*if the word is not already present in the database it is automatically added to a user word list of words added by this user to the database of words initially present in the system*" (paragraph 56).

25. **Regarding dependent claims 16 and 17**, Kushler discloses using taps with the touch screen to perform actions/gestures. Kushler recites: "*Analogous to one-finger typing, the current state-of-the art for inputting using a virtual keyboard is called "point and tap"*" (paragraph 6).

26. **Regarding dependent claims 18 and 19**, Kushler discloses reversing the character string replacement with a third gesture. Kushler recites: "*In another embodiment, activating a back-space or delete key also cancels a displayed selection list 2208*" (paragraph 66). Kushler discloses a tap gesture related to the touch screen, as described above.

27. **Regarding dependent claim 20**, Rainisto discloses displaying the character strings on opposite sides of the display, as noted above.

28. **Regarding dependent claim 21**, Rainisto discloses the second area displaying the current character string and the suggested character string, as described above. As shown in Figure 11, the current character string is placed on the left and the

Application/Control Number: 11/620,642         Page 12
Art Unit: 2178

suggested character string on the right. However Rainisto's invention uses the placement of the strings to facilitate the reading style of the user (i.e. left to right) – see Figure 15 where the directional aspect of the language is used for text completion. Rainisto discloses that the second area could be horizontal or vertically oriented (see Figures 9 and 10). Rainisto discloses that the text completion invention can be used for various languages. Rainisto recites: "*The word completion functionality may use a dictionary stored in a database in memory 54, possibly together with statistics that reflect the frequency or likelihood of each word, or group of interrelated words, in the dictionary. The dictionary could be language-specific*" (paragraph 82). The languages that have right to left reading directionality would therefore be displayed with the current character string on the right and the suggested replacement character strings on the left.

29.     **Regarding dependent claim 22**, Rainisto discloses the second display area between the first area and the keyboard, as noted above.

30.     Claims 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Rainisto and Kushler in view of Knaven, US Patent publication 2006/0152496, filed 1/13/2005, published 7/13/2006.

31.     **Regarding dependent claim 12**, Rainisto and Kushler disclose character string replacement, as described above. Rainisto and Kushler disclose a virtual keyboard. Rainisto and Kushler fail to disclose a physical keyboard. Knaven is directed toward monitoring keyboard events in order to provide predictive text entry (see paragraph

Application/Control Number: 11/620,642 Page 13
Art Unit: 2178

118). Knaven discloses that a portable device used for predictive text entry can have a physical keyboard. Knaven recites: "*In addition, various types of keyboards and keypads may be used in connection with the input management system, including, but not limited to, physical keyboards and keypads, and virtual keyboards and virtual keypads (also referred to as soft keyboards and soft keypads). Physical keyboards and keypads may be wired, wireless or encased within (or forming part of) the personal computing device (such as with many laptops and hand held devices)*" (paragraph 57).

Therefore it would have been obvious to one of ordinary skill in the art, at the time the invention was made, to combine character string replacement of Rainisto and Kushler with the physical keyboard structure of Knaven in order to provide: "*a method, system, apparatus and computer-readable media for directing input associated with a keyboard-type device*" (Knaven, paragraph 1).

### Response to Arguments

32. Applicant's arguments, filed 1/31/2011, with respect to the rejection(s) of claim(s) 6-43, have been fully considered and are persuasive. Therefore, the rejection has been withdrawn. However, upon further consideration, a new ground(s) of rejection is made, as described above.

Application/Control Number: 11/620,642 Page 14
Art Unit: 2178

## Conclusion

33.  Any inquiry concerning this communication or earlier communications from the examiner should be directed to Gregory J. Vaughn whose telephone number is (571) 272-4131. The examiner can normally be reached Monday to Friday from 8:00 am to 5:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Stephen S. Hong can be reached at (571) 272-4124. The fax phone number for the organization where this application or proceeding is assigned is (571) 272-2100.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/Stephen S. Hong/
Supervisory Patent Examiner, Art Unit 2178

/Gregory J. Vaughn/
Patent Examiner
February 10, 2011

APLNDC630-0000054005

| | | | | | |
|---|---|---|---|---|---|
| **Notice of References Cited** | | | Application/Control No.<br>11/620,642 | Applicant(s)/Patent Under Reexamination<br>KOCIENDA ET AL. | |
| | | | Examiner<br>GREGORY J. VAUGHN | Art Unit<br>2178 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2002/0085037 A1 | 07-2002 | Leavitt et al. | 345/765 |
| * | B | US-2005/0278647 A1 | 12-2005 | Leavitt et al. | 715/765 |
| * | C | US-2006/0246955 A1 | 11-2006 | Nirhamo et al. | 455/566 |
| * | D | US-2006/0265648 A1 | 11-2006 | Rainisto et al. | 715/534 |
| * | E | US-2006/0274051 A1 | 12-2006 | Longe et al. | 345/173 |
| * | F | US-2007/0067272 A1 | 03-2007 | Flynt et al. | 707/003 |
| * | G | US-2009/0327977 A1 | 12-2009 | Bachfischer et al. | 715/863 |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 17

APLNDC630-0000054006