Electronically filed May 7, 2008

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Application of: | Chaudhri et al. | Confirmation No.: | 2582 |
| Serial No.: | 11/322,549 | Art Unit: | 4125 |
| Filed: | December 23, 2005 | Examiner: | Gutierrez, Andres E. |
| For: | *Unlocking a Device by Performing Gestures on an Unlock Image* | Attorney Docket No.: | P3925US1/63266-5007US |
| | | Date: May 7, 2008 | |

AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450
Sir:

The enclosed Amendment is in response to the Office Action dated February 7, 2008 for the above identified patent application.

The Commissioner is hereby authorized to charge any required fee(s) to Morgan, Lewis & Bockius LLP Deposit Account No. 50-0310 (order no. 63266-5007-US).

**Statement of Relatedness** is on page 2.

**Amendments to the Specification** are listed on page 3 of this paper.

**Amendments to the Claims** are listed on page 4 of this paper.

**Remarks/Arguments** begin on page 13 of this paper.

## Statement of Relatedness

In view of *McKesson Information Solutions v. Bridge Medical* (Fed. Cir. 2007), Applicants wish to inform the Examiner (as required under MPEP § 2001.06(b)) that this case is related to U.S. Application Serial No. 11/322,550, filed December 23. 2005, which includes an office action dated October 31, 2007, an amendment dated January 31, 2008, and an office action dated April 21, 2008.

The two office actions are included in an information disclosure statement.

## Amendments to the Specification

Please revise the specification as follows:

Please amend paragraph [0012] as follows:

[0012]    Instructions for performing the aforementioned methods may be included in a computer program product configured for execution by one or more processors. <u>In some embodiments, the executable computer program product includes a computer readable storage medium (e.g., one or more magnetic disk storage devices, flash memory devices, or other non-volatile solid state memory devices) and an executable computer program mechanism embedded therein.</u>

**Amendments to the Claims**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. (Currently amended) A method of controlling an electronic device with a touch-sensitive display, comprising:

    detecting contact with the touch-sensitive display while the device is in a user-interface lock state;

    moving an <u>unlock</u> image ~~corresponding to a user-interface unlock state of the device~~ <u>along a predefined displayed path on the touch-sensitive display</u> in accordance with the contact<u>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</u>;

    transitioning the device to ~~the~~ <u>a</u> user-interface unlock state if the detected contact corresponds to a predefined gesture; and

    maintaining the device in the user-interface lock state if the detected contact does not correspond to the predefined gesture.

2. (Original) The method of claim 1, further comprising, while the device is in the user-interface lock state, preventing the device from performing a predefined set of actions in response to detecting any contact with the touch-sensitive display that does not correspond to the predefined gesture.

3. (Canceled)

4. (Currently amended) A method of controlling a device comprising a touch-sensitive display, comprising:

    displaying an <u>unlock</u> image on the touch-sensitive display while the device is in a user-interface lock state, <u>wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</u>;

    detecting contact with the touch-sensitive display;

    transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the <u>unlock</u> image <u>along a predefined displayed path on the touch-sensitive display</u> to a predefined location on the touch-sensitive display; and

maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the <u>unlock</u> image <u>along the predefined displayed path on the touch-sensitive display</u> to the predefined location.

5.      (Currently amended) The method of claim 4, further comprising, while the device is in the user-interface lock state, preventing the device from performing a predefined set of actions in response to detecting any contact with the touch-sensitive display that does not correspond to moving the <u>unlock</u> image <u>along the predefined displayed path on the touch-sensitive display</u> to the predefined location.

6.      (Canceled)

7.      (Currently amended) A method of controlling a device comprising a touch-sensitive display, comprising:

displaying an <u>unlock</u> image on the touch-sensitive display while the device is in a user-interface lock state<u>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</u>;

detecting contact with the touch-sensitive display; and

transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the <u>unlock</u> image ~~on~~ <u>across</u> the touch-sensitive display according to a predefined <u>displayed</u> path on the touch-sensitive display; and

maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the <u>unlock</u> image <u>across the touch-sensitive display</u> according to the predefined <u>displayed</u> path.

8.      (Currently amended) The method of claim 7, further comprising, while the device is in a user-interface lock state, preventing the device from performing a predefined set of actions in response to detecting any contact with the touch-sensitive display that does not correspond to moving the <u>unlock</u> image <u>across the touch-sensitive display</u> according to the predefined <u>displayed</u> path.

9.      (Currently amended) The method of claim 7, wherein the detected contact corresponding to moving the <u>unlock</u> image <u>across the touch-sensitive display</u> according the predefined <u>displayed</u> path comprises contact corresponding to moving the <u>unlock</u> image <u>across the touch-sensitive display</u> to an endpoint of the predefined <u>displayed</u> path.

10.     (Canceled)

11.     (Currently amended) A method of controlling a device comprising a touch-sensitive display, comprising:

displaying a first unlock image and a second unlock image ~~images~~ on the touch-sensitive display while the device is in a user-interface lock state;

detecting contact with the touch-sensitive display;

transitioning the device to a first active state corresponding to the first unlock image if the detected contact corresponds to a predefined gesture with respect to the first unlock image; and

transitioning the device to a second active state distinct from the first active state if the detected contact corresponds to a predefined gesture with respect to the second unlock image.

12.     (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

memory;

one or more processors; and

one or more modules stored in the memory and configured for execution by the one or more processors, the one or more modules including instructions:

to set the device to a user-interface lock state;

to display ~~at least one~~ an unlock image on the touch-sensitive display while the device is in the user-interface lock state, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device;

to detect contact with the touch-sensitive display; ~~and,~~

to move the unlock image along a predefined displayed path on the touch-sensitive display in accordance with the contact;

to transition the device to a user-interface unlock state if the detected contact corresponds to a predefined gesture ~~with respect to the image~~; and

to maintain the device in the user-interface lock state if the detected contact does not correspond to the predefined gesture.

13.     (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

memory;

       one or more processors; and

       one or more modules stored in the memory and configured for execution by the one or more processors, the one or more modules including instructions:

            to set the device to a user-interface lock state;

            to display ~~at least one~~ <u>an unlock</u> image on the touch-sensitive display while the device is in the user-interface lock state<u>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</u>;

            to detect contact with the touch-sensitive display; ~~and~~

            to transition the device to a user-interface unlock state if the detected contact corresponds to moving the <u>unlock</u> image <u>along a predefined displayed path on the touch-sensitive display</u> to a predefined location on the touch-sensitive display<u>; and</u>

            <u>to maintain the device in the user-interface lock state if the detected contact does not correspond to moving the unlock image along the predefined displayed path on the touch-sensitive display to the predefined location.</u>

14. (Currently amended) A portable electronic device, comprising:

       a touch-sensitive display;

       memory;

       one or more processors; and

       one or more modules stored in the memory and configured for execution by the one or more processors, the one or more modules including instructions:

            to set the device to a user-interface lock state;

            to display ~~at least one~~ <u>an unlock</u> image on the touch-sensitive display while the device is in the user-interface lock state;

            to detect contact with the touch-sensitive display; ~~and~~

            to transition the device to a user-interface unlock state if the detected contact corresponds to moving the <u>unlock</u> image ~~on~~ <u>across</u> the touch-sensitive display according to a predefined <u>displayed</u> path on the touch-sensitive display<u>; and</u>

            <u>to maintain the device in the user-interface lock state if the detected contact does not correspond to moving the unlock image across the touch-sensitive display according to the predefined displayed path.</u>

15. (Currently amended) A portable electronic device, comprising:

       a touch sensitive display;

memory;

one or more processors;

one or more modules stored in the memory and configured for execution by the one or more processors, the one or more processors including instructions:

to set the device to a user-interface lock state;

to display a first unlock image and a second unlock image images on the touch-sensitive display;

to detect contact with the touch-sensitive display;

to transition the device to a first active state corresponding to the first unlock image if the detected contact corresponds to a predefined gesture with respect to the first unlock image; and

to transition the device to a second active state distinct from the first active state if the detected contact corresponds to a predefined gesture with respect to the second unlock image.

16.   (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

means for detecting contact with the touch-sensitive display while the device is in a user-interface lock state;

means for moving an unlock image corresponding to a user-interface unlock state of the device along a predefined displayed path on the touch-sensitive display in accordance with the contact, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device;

means for transitioning the device to the user-interface unlock state if the detected contact corresponds to a predefined gesture; and

means for maintaining the device in the user-interface lock state if the detected contact does not correspond to the predefined gesture.


17.   (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

means for displaying an unlock image on the touch-sensitive display while the device is in a user-interface lock state, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device;

means for detecting contact with the touch-sensitive display;

means for transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the unlock image along a predefined displayed path on the touch-sensitive display to a predefined location on the touch-sensitive display; and

means for maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the unlock image along the predefined displayed path on the touch-sensitive display to the predefined location.

18. (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

means for displaying an unlock image on the touch-sensitive display while the device is in a user-interface lock state, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device;

means for detecting contact with the touch-sensitive display; and

means for transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the unlock image ~~on~~ across the touch-sensitive display according to a predefined displayed path on the touch-sensitive display; and

means for maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the unlock image across the touch-sensitive display according to the predefined displayed path.

19. (Currently amended) A portable electronic device, comprising:

a touch-sensitive display;

means for displaying a first unlock image and a second unlock image ~~images~~ on the touch-sensitive display while the device is in a user-interface lock state;

means for detecting contact with the touch-sensitive display;

means for transitioning the device to a first active state corresponding to the first unlock image if the detected contact corresponds to a predefined gesture with respect to the first unlock image; and

means for transitioning the device to a second active state distinct from the first active state if the detected contact corresponds to a predefined gesture with respect to the second unlock image.

20. (Currently amended) A computer program product for use in conjunction with a portable electronic device comprising a touch-sensitive display, the computer program

product comprising a computer readable storage medium and a <ins>an executable</ins> computer program mechanism embedded therein, the <ins>executable</ins> computer program mechanism comprising instructions for:

detecting contact with the touch-sensitive display while the device is in a user-interface lock state;

moving an <ins>unlock</ins> image <del>corresponding to a user-interface unlock state of the device</del> <ins>along a predefined displayed path on the touch-sensitive display</ins> in accordance with the contact<ins>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</ins>;

transitioning the device to the user-interface unlock state if the detected contact corresponds to a predefined gesture; and

maintaining the device in the user-interface lock state if the detected contact does not correspond to the predefined gesture.

21.    (Currently amended) A computer program product for use in conjunction with a portable electronic device comprising a touch-sensitive display, the computer program product comprising a computer readable storage medium and a <ins>an executable</ins> computer program mechanism embedded therein, the <ins>executable</ins> computer program mechanism comprising instructions for:

displaying an <ins>unlock</ins> image on the touch-sensitive display while the device is in a user-interface lock state<ins>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</ins>;

detecting contact with the touch-sensitive display;

transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the <ins>unlock</ins> image <ins>along a predefined displayed path on the touch-sensitive display</ins> to a predefined location on the touch-sensitive display; and

maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the <ins>unlock</ins> image <ins>along the predefined displayed path on the touch-sensitive display</ins> to the predefined location.

22.    (Currently amended) A computer program product for use in conjunction with a portable electronic device comprising a touch-sensitive display, the computer program product comprising a computer readable storage medium and a <ins>an executable</ins> computer

program mechanism embedded therein, the <u>executable</u> computer program mechanism comprising instructions for:

displaying an <u>unlock</u> image on the touch-sensitive display while the device is in a user-interface lock state<u>, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device</u>;

detecting contact with the touch-sensitive display; and

transitioning the device to a user-interface unlock state if the detected contact corresponds to moving the <u>unlock</u> image ~~on~~ <u>across</u> the touch-sensitive display according to a predefined <u>displayed</u> path on the touch-sensitive display; and

maintaining the device in the user-interface lock state if the detected contact does not correspond to moving the <u>unlock</u> image <u>across the touch-sensitive display</u> according to the predefined <u>displayed</u> path.

23. (Currently amended) A computer program product for use in conjunction with a portable electronic device comprising a touch-sensitive display, the computer program product comprising a computer readable storage medium and ~~a~~ <u>an executable</u> computer program mechanism embedded therein, the <u>executable</u> computer program mechanism comprising instructions for:

displaying <u>a</u> first <u>unlock image</u> and <u>a</u> second <u>unlock image</u> ~~images~~ on the touch-sensitive display while the device is in a user-interface lock state;

detecting contact with the touch-sensitive display;

transitioning the device to a first active state corresponding to the first <u>unlock</u> image if the detected contact corresponds to a predefined gesture with respect to the first <u>unlock</u> image; and

transitioning the device to a second active state distinct from the first active state if the detected contact corresponds to a predefined gesture with respect to the second <u>unlock</u> image.

24. (New) The method of claim 1, wherein the predefined displayed path is a channel.

25. (New) The method of claim 1, wherein the detected contact is a movement of a point of contact across the touch-sensitive display while maintaining continuous contact with the touch-sensitive display.

26.	(New) The method of claim 25, wherein the movement of the point of contact across the touch-sensitive display while maintaining continuous contact with the touch-sensitive display is a horizontal movement.

### Remarks/Arguments

This amendment responds to the office action mailed February 7, 2008. In the office action, the Examiner:

A. objected to the specification for failing to provide proper antecedent basis for claims 20-23;

B. rejected claims 16-19 under 35 U.S.C. 112, first and second paragraph;

C. rejected claims 20-23 under 35 U.S.C. 101; and

D. rejected claims 1-23 under 35 U.S.C. 103(a) as unpatentable over Rytivaara et al. (US 2005/0253817) in view of Keller et al (US 5,821,933).

### *OVERVIEW OF CHANGES TO THE SPECIFICATION AND CLAIMS*

Paragraph [0012] has been amended.

Claims 1, 4, 5, 7-9, and 11-23 have been amended.

Claims 3, 6, 10, have been cancelled.

Claims 24-26 have been added.

Support for the amendments to the specification and claims are found at least in paragraphs [0062], [0071], [0074]-[0076], in original claims 20-23, and in Figures 5A-5C. No new matter has been added.

After entry of this amendment, the pending claims are: claims 1, 2, 4, 5, 7-9, and 11-26.

### *INTERVIEW SUMMARY*

Applicant's attorney thanks Examiners Gutierrez and Hong for their comments on the claims during an in-person interview on March 21, 2008. No agreement was reached in that interview, but the claims have since been amended. Applicant's attorney also thanks Examiners Gutierrez and Hong for their comments during a telephone interview on May 2, 2008, in which the remarks in Section D below were discussed. In the May 2, 2008 interview, the Examiners agreed that claim 1 as amended overcomes the 35 U.S.C. 103(a) rejection in the office action mailed February 7, 2008. New independent claims discussed in the May 2, 2008 interview are not presented in this response, but may be presented in a continuation application.

### A.   Objection to the specification for failing to provide proper antecedent basis for claims 20-23

Paragraph [0012] and claims 20-23 have been amended to provide proper antecedent basis for claims 20-23. Support for the amendments is found at least in original claims 20-23 and paragraphs [0011], [0012], and [0027]. No new matter has been added.

Applicant respectfully requests that this objection be withdrawn.

### B.   Rejection of claims 16-19 under 35 U.S.C. 112, first and second paragraph

Claims 16-19 have been amended.

The specification makes clear that: (1) the "means for detecting" are provided by the touch screen 126, the touch screen controller 122, and the contact/motion module 138 in paragraphs [0034] and [0040]; (2) the "means for transitioning" are provided by the unlock module in paragraph [0043]; (3) the "means for maintaining" are provided by the user interface state module in paragraph [0043]; and (4) the "means for moving" are provided by the touch screen 126, the touch screen controller 122, and the contact/motion module 138 in paragraphs [0034] and [0040].

Applicant respectfully requests that this rejection be withdrawn.

### C.   Rejection of claims 20-23 under 35 U.S.C. 101

Per the Examiner's suggestion, claims 20-23 have been amended to make clear that the computer program product is executable, which precludes a computer listing per se.

Applicant respectfully requests that this rejection be withdrawn.

### D.   Rejection of claims 1-23 under 35 U.S.C. 103(a) as unpatentable over Rytivaara et al. (US 2005/0253817) in view of Keller et al (US 5,821,933)

Claims 1, 4, 5, 7-9, and 11-23 have been amended.

Claims 3, 6, 10, have been cancelled.

To establish prima facie obviousness of a claimed invention, <u>all the claim limitations must be taught or suggested</u> by the prior art. MPEP § 2143.03 citing *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). "<u>All words in a claim must be considered</u> in judging the patentability of that claim against the prior art." MPEP § 2143.03 citing *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970).

As explained below, claims 1-23 are not made obvious by Rytivaara and Keller because Rytivaara and Keller, either alone or in combination, do not teach all the limitations of amended independent claims 1, 4, 7, and 11-23.

Amended independent claims 1, 4, 7, 12-14, 16-18, and 20-22, and dependent claims 2, 5, 8, and 9

Amended claim 1 requires:

"moving an unlock image <u>along a predefined displayed path</u> on the touch-sensitive display . . . "

Rytivaara and Keller, either alone or in combination, fail to teach this "displayed path" claim limitation.

Amended claim 1 also requires:

"the unlock image is a graphical, interactive user-interface object with which a user interacts in order <u>to unlock the device</u> . . ."

Rytivaara fails to teach this "unlock image" claim limitation. On page 5 of the office action, the Examiner acknowledges that "Rytivaara however fails to disclose that moving an image corresponding to a user-interface unlock state of the device in accordance with the contact."

Keller also fails to teach the "unlock image" claim limitation. By its terms, the "unlock image" claim limitation requires a user to interact with the unlock image <u>to unlock the device</u>. The unlocked state of the device is defined in paragraph [0051] of the Application:

> "<u>In the user-interface unlock state (hereinafter the "unlock state"), the device 100 is in its normal operating state, detecting and responding to user input corresponding to interaction with the user interface.</u> A device 100 that is in the unlock state may be described as an unlocked device 100. An unlocked device 100 detects and responds to user input for navigating between user interfaces, entry of data and activation or deactivation of functions. In embodiments where the device 100 includes the touch screen 126, <u>the unlocked device 100 detects and responds to contact corresponding to</u> navigation between user interfaces, entry of data and <u>activation</u> or deactivation <u>of functions</u> through the touch screen 126."

In contrast, Keller discloses, "<u>Computer users access and/or execute a selected restricted function</u> on a computer using a graphical user interface (GUI) by entering an iconic password that is defined by selecting two or more visual icons, called code icons, in a sequence called an iconic password sequence" (Keller, Abstract). <u>In Keller, the computer is</u>

already in a "user-interface unlock state" (as that term is defined and used in the Applicant's specification and claims) when the iconic password sequence is entered to access and/or execute a selected restricted function.

Unlocking the device is not the same as unlocking a restricted function on the device.[1] Indeed, unlocking a restricted function in Keller occurs when the computer is already in an unlocked state. For example, see Keller at column 7, lines 34-44, which describes the need to distinguish entry of an iconic password from a drag-and-drop request used for other actions. Such other actions occur when the computer is in an unlocked state, not when the computer is in a locked state.

Using analogous arguments to those given above for claim 1, Rytivaara and Keller, either alone or in combination, fail to teach or suggest at least the "displayed path" and "unlock image" claim limitations in amended independent claims 4, 7, 12-14, 16-18, and 20-22.

Because Rytivaara and Keller, either alone or in combination, do not teach at least the "displayed path" and "unlock image" claim limitations, there is no prima facie case of obviousness for amended independent claims 1, 4, 7, 12-14, 16-18, and 20-22, and dependent claims 2, 5, 8, and 9. Applicants respectfully request that this rejection be withdrawn.

### Amended independent claims 11, 15, 19, and 23

Amended claim 11 requires:

"displaying a first unlock image and a second unlock image on the touch-sensitive display while the device is in a user-interface lock state; . . .

transitioning the device to a first active state corresponding to the first unlock image if the detected contact corresponds to a predefined gesture with respect to the first unlock image; and

transitioning the device to a second active state distinct from the first active state if the detected contact corresponds to a predefined gesture with respect to the second unlock image."

On page 13 of the office action, the Examiner acknowledges that Rytivaara does not teach these claim limitations. But the Examiner asserts that Keller does teach these limitations:

---

[1] Keller defines a "restricted function" in column 4, lines 26-34, as follows: A restricted function 280 is a program and/or data file that requires the user to provide a password (e.g.

> Keller discloses . . . the sequence **250** is defined by selecting the selected code icons (first image) **204** with the selection device **140** and dragging (first active state) **205** each selected code icon **204** to a code target site (second image) **260** on the GUI. After the code icons are selected and dragged in the proper sequence to the target icon, the restricted function/application becomes accessible (second active state). Office Action, p. 13

Applicants respectfully disagree. The "active state" is defined in paragraph [0099] of the Application as follows:

> The user interface <u>active state</u>, as used herein, <u>means that the device is unlocked and a corresponding application or event is displayed</u> on the touch screen to the user.

Thus, claim 11 requires transitioning the device from a user-interface lock state to one of two unlocked states, either (1) the unlocked state with the application or event corresponding to the first unlock image displayed or (2) the unlocked state with the application or event corresponding to the second unlock image displayed.

In contrast, as explained above with respect to claim 1, the device in Keller is already in an unlocked state when the code sequence icons are used to access a restricted function on the device. Thus, Keller does not transition <u>the device</u> from a user-interface lock state to an unlocked state, let alone to one of two unlocked states, as required by the claim 11.

Thus, Keller also fails to teach these limitations.

Using analogous arguments to those given above for claim 11, Rytivaara and Keller, either alone or in combination, fail to teach or suggest the analogous claim limitations in amended independent claims 15, 19, and 23.

Because Rytivaara and Keller, either alone or in combination, do not teach multiple claim limitations, there is no prima facie case of obviousness for amended independent claims 11, 15, 19, and 23. Applicants respectfully request that this rejection be withdrawn.

### New claims 24-26

New dependent claim 24 requires "the predefined displayed path is a channel." It is respectfully submitted that Rytivaara and Keller, either alone or in combination, also do not teach this claim limitation.

---

target sequence 480 in FIG. 4) before the user can access the restricted function 280 or before the system 100 can execute the restricted function 280.

New dependent claim 25 requires "the detected contact is a movement of a point of contact across the touch-sensitive display while maintaining continuous contact with the touch-sensitive display" and new dependent claim 26 requires "the movement of the point of contact across the touch-sensitive display while maintaining continuous contact with the touch-sensitive display is a horizontal movement." It is respectfully submitted that Rytivaara and Keller, either alone or in combination, also do not teach either of these claim limitations.

## CONCLUSION

In light of the above amendments and remarks, the Applicant respectfully requests that the Examiner reconsider this application with a view towards allowance. If the Examiner believes a discussion of the above would be useful, he is invited to call the Applicant's attorney, Dr. Robert Beyers, at (650) 843-7528.

Respectfully submitted,

Date: May 7, 2008

*Robert Beyers*  46,552
Robert B. Beyers, Ph.D.          (Reg. No.)
**MORGAN, LEWIS & BOCKIUS LLP**
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
(650) 843-4000