JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS, INFORMATION, OR OBJECTS FROM NON-PARTY GOOGLE, INC.**<br><br>**Hearing:**<br>Date:      May 1, 2012<br>Time:      10 a.m.<br>Place:     Courtroom 5, 4th Floor<br>Judge:     Hon. Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 1, 2012 at 10 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal, in in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an order compelling Google, Inc. ("Google") to (1) produce certain documents in response to Apple's Subpoena to Produce Documents, Information or Objects, (2) produce a witness to testify on certain topics in response to Apple's Subpoena to Testify at a Deposition in a Civil Action and (3) apply the same provisions from the protective order in place in this litigation regarding a prosecution bar to Google and the documents it produces.

Apple has filed concurrently a Stipulation to Shorten Time for Briefing and Hearing on Apple's Motion to Compel Discovery of Documents, Information, or Objects.  As detailed in that stipulation, Apple and Google request that the Court consider this motion on an expedited basis.  This would allow for the production of any documents the Court may order produced in time for Apple to consider them in drafting its reply brief for Apple's pending Motion for a Preliminary Injunction, which is due on May 14, 2012 pursuant to the Court's February 22, 2012 scheduling order.  Apple and Google further requested that the hearing on this motion be set for May 1, 2012.  This would allow for it to be heard concurrently with motions to compel that Apple has filed against Samsung regarding requests for much of the same discovery.

## I.      RELIEF REQUESTED

In order to obtain necessary discovery with regard to Apple's preliminary injunction motion, and pursuant to Federal Rule of Civil Procedure 45, Apple seeks an order compelling Google to produce by no later than May 5, 2012, the following categories of documents that are responsive to Apple's discovery requests, as set forth in the Subpoena to Produce Documents, Information or Objects ("Subpoena") served on Google by Apple on April 5, 2012 and the Document Requests set forth in Document Request Nos. 3, 6-12, which can be generally categorized as follows:

- Documents generally relating to or otherwise constituting communications between Google and Samsung regarding the patented features;

- • Documents relating to any analysis, inspection, design around, and copying of Apple's products; and

- • Documents relating to consumer purchasing decisions and consumer views of the patented features.

In addition, Apple seeks an order compelling Google to produce by no later than May 11, 2012, a witness to testify as to Topic Nos. 1-3, 5, and 7-12, which topics correlate to the document requests at issue, as well as with the documents produced in response to those requests.

Apple also seeks an order applying the provisions from the protective order in place in this litigation regarding a prosecution bar to Google and the information it provides in response to Apple's subpoenas.

## II.  STATEMENT OF ISSUES TO BE DECIDED

Whether, in conjunction with the discovery permitted for Apple's Motion for a Preliminary Injunction, for which Apple's reply brief is due on May 14 and with a hearing set for early June, Google must make a complete production by May 5, 2012, of all readily accessible materials in Google's possession, custody, and control responsive to the identified document requests at issue in the present motion pursuant to the subpoena for documents served upon it on April 5, 2012.

Whether, in conjunction with the discovery permitted for Apple's Motion for a Preliminary Injunction, for which Apple's reply brief is due on May 14 and with a hearing set for early June, Google must provide a witness for testimony by May 11, 2012, regarding each of the identified topics at issue in the present motion pursuant to the subpoena for documents served upon it on April 5, 2012.

Whether the provisions from the protective order in place in this litigation regarding a prosecution bar should apply to Google and the documents it produces.

## III.  APPLE'S CIVIL LOCAL RULE 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's subpoenas and accompanying discovery requests to Google relating to Apple's Motion for Preliminary Injunction that are the subject of this motion are set forth in full below, with Google's corresponding objections and/or answers following immediately after each:

APPLE'S DOCUMENT REQUEST NO. 3:

1   Documents sufficient to show any and all differences between the Android mobile platform

2   source code in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code publicly

3   available from https://android.googlesource.com/platform/manifest, or through the process described

4   at http://source.android.com/source/downloading.html.

5   GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 3:

6   Google incorporates by reference its General Objections as though fully set forth herein.

7   Google further objects to this Request on the grounds that the term "any and all differences" is vague

8   and ambiguous.  Google further objects to this Request on the grounds that the term "Android 4.0 Ice

9   Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest,

10  or through the process described at http://source.android.com/source/downloading.html" is vague and

11  ambiguous.  Google further objects to this Request on the grounds that it seeks information that is

12  neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

13  discovery of admissible evidence.  Google further objects to this Request on the grounds that it is

14  overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this

15  Request on the grounds that it seeks information not within Google's possession, custody or control.

16  Google further objects to this Request on the grounds that it seeks information already in Apple's

17  possession or available to Apple from some other source that is more convenient, less burdensome or

18  less expensive, including information available to Apple from Samsung or from public sources.

19  APPLE'S DOCUMENT REQUEST NO. 6:

20  All documents that comprise, refer, or relate to communications between you and Samsung

21  relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software,

22  features, or functionality, including but not limited to any version of any such software, features, or

23  functionality used in the Samsung Galaxy Nexus or in any version of Android.

24  GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 6:

25  Google incorporates by reference its General Objections as though fully set forth herein.

26  Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction,

27  Unified Search, and/or Special Text Detection software, features, or functionality" is vague and

28  ambiguous.  Google further objects to this Topic on the grounds that the term "used in the Samsung

Galaxy Nexus" is vague and ambiguous.  Google further objects to this Request on the grounds that it

seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  Google further objects to this Request on

the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further

objects to this Request on the grounds that it seeks information not within Google's possession,

custody or control.  Google further objects to this Request on the grounds that it seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any

other applicable privilege or immunity, including but not limited to the common interest or joint

defense privileges.  Google further objects to this Request on the grounds that it calls for legal

conclusions.  Google further objects to this Request on the grounds that it seeks information already

in Apple's possession or available to Apple from some other source that is more convenient, less

burdensome or less expensive, including information available to Apple from Samsung or from

public sources.

Subject to and without waiving its general and specific objections, Google will produce

documents responsive to this Request as part of normal discovery under Federal Rule of Civil

Procedure 26.

APPLE'S DOCUMENT REQUEST NO. 8:

Documents sufficient to show the design of, development of, implementation of and/or

decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified

Search, and/or Special Text Detection software, features, or functionality.

GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 8:

Google incorporates by reference its General Objections as though fully set forth herein.

Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction,

Unified Search, and/or Special Text Detection software, features, or functionality" is vague and

ambiguous.  Google further objects to this Request on the grounds that it seeks information that is

neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

discovery of admissible evidence.  Google further objects to this Request on the grounds that it is

overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this

1   Request on the grounds that it seeks information not within Google's possession, custody or control.

2   Google further objects to this Request on the grounds that it seeks information protected from

3   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable

4   privilege or immunity, including but not limited to the common interest or joint defense privileges.

5   Google further objects to this Request on the grounds that it calls for legal conclusions.  Google

6   further objects to this Request on the grounds that it seeks information already in Apple's possession

7   or available to Apple from some other source that is more convenient, less burdensome or less

8   expensive, including information available to Apple from Samsung or from public sources.

9           Subject to and without waiving its general and specific objections, Google will produce

10  documents responsive to this Request as part of normal discovery under Federal Rule of Civil

11  Procedure 26.

12          APPLE'S DOCUMENT REQUEST NO. 9:

13          Documents relating to any efforts or attempts, including the analysis and decision-making to

14  engage in such efforts or attempts, to design around or otherwise imitate without directly copying

15  Apple's products that incorporate any version of iOS operating system as well as the Slide to Unlock,

16  Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

17          GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 9:

18          Google incorporates by reference its General Objections as though fully set forth herein.

19  Google further objects to this Request on the grounds that the term "any efforts or attempts, including

20  the analysis and decision-making to engage in such efforts or attempts" is vague and ambiguous.

21  Google further objects to this Request on the grounds that the term "design around or otherwise

22  imitate without directly copying" is vague and ambiguous.  Google further objects to this Request on

23  the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text

24  Detection software, features, or functionality" is vague and ambiguous.  Google further objects to this

25  Request on the grounds that it seeks information that is neither relevant to any claims or defenses in

26  this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google

27  further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive,

28  and duplicative.  Google further objects to this Request on the grounds that it seeks information not

1   within Google's possession, custody or control.  Google further objects to this Request on the

2   grounds that it seeks information protected from disclosure by the attorney-client privilege, the

3   attorney work product doctrine, or any other applicable privilege or immunity, including but not

4   limited to the common interest or joint defense privileges.  Google further objects to this Request on

5   the grounds that it calls for legal conclusions.  Google further objects to this Request on the grounds

6   that it seeks information already in Apple's possession or available to Apple from some other source

7   that is more convenient, less burdensome or less expensive, including information available to Apple

8   from Samsung or from public sources.

9          APPLE'S DOCUMENT REQUEST NO. 10:

10          Documents relating to any analysis, review, consideration, evaluation, inspection, teardown

11  report, or copying of any Apple product, including but not limited to Apple's products that

12  incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction,

13  Unified Search, and Special Text Detection software, features or functionality.

14          GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 10:

15          Google incorporates by reference its General Objections as though fully set forth herein.

16  Google further objects to this Request on the grounds that the term "any analysis, review,

17  consideration, evaluation, inspection, tear-down report, or copying" is vague and ambiguous.  Google

18  further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction Unified

19  Search, and Special Text Detection software, features, or functionality" is vague and ambiguous.

20  Google further objects to this Request on the grounds that it seeks information that is neither relevant

21  to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

22  admissible evidence.  Google further objects to this Request on the grounds that it is overly broad,

23  unduly burdensome, oppressive, and duplicative.  Google further objects to this Request on the

24  grounds that it seeks information not within Google's possession, custody or control.  Google further

25  objects to this Request on the grounds that it seeks information protected from disclosure by the

26  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

27  immunity, including but not limited to the common interest or joint defense privileges.  Google

28  further objects to this Request on the grounds that it calls for legal conclusions.  Google further

1    objects to this Request on the grounds that it seeks information already in Apple's possession or

2    available to Apple from some other source that is more convenient, less burdensome or less

3    expensive, including information available to Apple from Samsung or from public sources.

4            APPLE'S DOCUMENT REQUEST NO. 11:

5            All documents constituting, reflecting or otherwise relating to any analysis, review, research,

6    survey, consideration, or evaluation of the importance to consumers and consumer purchasing

7    decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a

8    phone or other mobile device.

9            GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 11:

10           Google incorporates by reference its General Objections as though fully set forth herein.

11   Google further objects to this Request on the grounds that the term "constituting, reflecting or

12   otherwise relating to any analysis, review, research, survey, consideration, or evaluation" is vague

13   and ambiguous.  Google further objects to this Request on the grounds that the term "the importance

14   to consumers and consumer purchasing decisions" is vague and ambiguous.  Google further objects

15   to this Request on the grounds that the term "Slide to Unlock, Text Correction Unified Search, and/or

16   Special Text Detection" is vague and ambiguous.  Google further objects to the Request on the

17   grounds that the term "on a phone or other mobile device" is vague and ambiguous.  Google further

18   objects to this Request on the grounds that it seeks information that is neither relevant to any claims

19   or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible

20   evidence.  Google further objects to this Request on the grounds that it is overly broad, unduly

21   burdensome, oppressive, and duplicative.  Google further objects to this Request on the grounds that

22   it seeks information not within Google's possession, custody or control.  Google further objects to

23   this Request on the grounds that it seeks information protected from disclosure by the attorney-client

24   privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

25   including but not limited to the common interest or joint defense privileges.  Google further objects to

26   this Request on the grounds that it calls for legal conclusions.  Google further objects to this Request

27   on the grounds that it seeks information already in Apple's possession or available to Apple from

28   some other source that is more convenient, less burdensome or less expensive, including information

1   available to Apple from Samsung or from public sources.

2       Subject to and without waiving its general and specific objections, Google is available to meet

3   and confer with Apple regarding an appropriate scope of production in response to this Request.

4       APPLE'S DOCUMENT REQUEST NO. 12:

5       All documents constituting, reflecting, or otherwise relating to any analysis, review, research,

6   survey, consideration or evaluation of the importance to consumers and consumer purchasing

7   decisions of the ability or capability to search the Internet on a phone or other mobile device.

8       GOOGLE'S RESPONSE TO DOCUMENT REQUEST NO. 12:

9       Google incorporates by reference its General Objections as though fully set forth herein.

10  Google further objects to this Request on the grounds that the term "constituting, reflecting, or

11  otherwise relating to any analysis, review, research, survey, consideration or evaluation" is vague and

12  ambiguous.  Google further objects to this Request on the grounds that the term "the importance to

13  consumers and consumer purchasing decisions" is vague and ambiguous.  Google further objects to

14  this Request on the grounds that the term "the ability or capability to search the Internet on a phone or

15  other mobile device" is vague and ambiguous.  Google further objects to this Request on the grounds

16  that it seeks information that is neither relevant to any claims or defenses in this investigation nor

17  reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this

18  Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.

19  Google further objects to this Request on the grounds that it seeks information not within Google's

20  possession, custody or control.  Google further objects to this Request on the grounds that it seeks

21  information protected from disclosure by the attorney-client privilege, the attorney work product

22  doctrine, or any other applicable privilege or immunity, including but not limited to the common

23  interest or joint defense privileges.  Google further objects to this Request on the grounds that it calls

24  for legal conclusions.  Google further objects to this Request on the grounds that it seeks information

25  already in Apple's possession or available to Apple from some other source that is more convenient,

26  less burdensome or less expensive, including information available to Apple from Samsung or from

27  public sources.

28

APPLE'S DEPOSITION TOPIC 1:

All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information or Objects served upon you on April 5, 2012, including without limitation the authenticity thereof.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 1:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 2:

The Android mobile platform (including any source code) used in the Samsung Galaxy Nexus.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 2:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "Android mobile platform" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "used in the Samsung Galaxy Nexus" is vague and ambiguous. Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including

information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 3:

The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's April 5, 2012 Subpoena for Documents, Information, and Objects to you and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 3:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "differences, if any" is vague and ambiguous.  Google further objects to this Topic on the grounds that the term "Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html" is vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Topic on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 5:

Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 5:

Google incorporates by reference its General Objections as though fully set forth herein.

Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality" is vague and ambiguous.  Google further objects to this Topic on the grounds that the term "used in the Samsung Galaxy Nexus" is vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Topic on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects to this Topic on the grounds that it calls for legal conclusions.  Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 7:

The design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 7:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "Android 4.0 Ice Cream Sandwich" is vague and ambiguous.  Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality" is vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further

1   objects to this Topic on the grounds that it seeks information not within Google's possession, custody

2   or control.  Google further objects to this Topic on the grounds that it seeks information protected

3   from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

4   applicable privilege or immunity, including but not limited to the common interest or joint defense

5   privileges.  Google further objects to this Topic on the grounds that it calls for legal conclusions.

6   Google further objects to this Topic on the grounds that it seeks information already in Apple's

7   possession or available to Apple from some other source that is more convenient, less burdensome or

8   less expensive, including information available to Apple from Samsung or from public sources.

9           APPLE'S DEPOSITION TOPIC 8:

10          The design of, development of, implementation of, and/or decision to implement in any

11  version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text

12  Detection software, features, or functionality.

13          GOOGLE'S RESPONSE TO DEPOSITION TOPIC 8:

14          Google incorporates by reference its General Objections as though fully set forth herein.

15  Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction,

16  Unified Search, and/or Special Text Detection software, features, or functionality" is vague and

17  ambiguous.  Google further objects to this Topic on the grounds that it seeks information that is

18  neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the

19  discovery of admissible evidence.  Google further objects to this Topic on the grounds that it is

20  overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Topic

21  on the grounds that it seeks information not within Google's possession, custody or control.  Google

22  further objects to this Topic on the grounds that it seeks information protected from disclosure by the

23  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

24  immunity, including but not limited to the common interest or joint defense privileges.  Google

25  further objects to this Topic on the grounds that it calls for legal conclusions.  Google further objects

26  to this Topic on the grounds that it seeks information already in Apple's possession or available to

27  Apple from some other source that is more convenient, less burdensome or less expensive, including

28  information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 9:

Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 9:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "design around or otherwise imitate without directly copying" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality" is vague and ambiguous. Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Topic on the grounds that it seeks information not within Google's possession, custody or control. Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Topic on the grounds that it calls for legal conclusions. Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 10:

Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the

iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 10:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality" is vague and ambiguous. Google further objects to this Topic on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Topic on the grounds that it seeks information not within Google's possession, custody or control. Google further objects to this Topic on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Topic on the grounds that it calls for legal conclusions. Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

APPLE'S DEPOSITION TOPIC 11:

The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

GOOGLE'S RESPONSE TO DEPOSITION TOPIC 11:

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "the importance to consumers and consumer purchasing decisions" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text

1   Detection" is vague and ambiguous.  Google further objects to this Topic on the grounds that the term

2   "on a phone or other mobile device" is vague and ambiguous.  Google further objects to this Topic on

3   the grounds that it seeks information that is neither relevant to any claims or defenses in this

4   investigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google

5   further objects to this Topic on the grounds that it is overly broad, unduly burdensome, oppressive,

6   and duplicative.  Google further objects to this Topic on the grounds that it seeks information not

7   within Google's possession, custody or control.  Google further objects to this Topic on the grounds

8   that it seeks information protected from disclosure by the attorney-client privilege, the attorney work

9   product doctrine, or any other applicable privilege or immunity, including but not limited to the

10   common interest or joint defense privileges.  Google further objects to this Topic on the grounds that

11   it calls for legal conclusions.  Google further objects to this Topic on the grounds that it seeks

12   information already in Apple's possession or available to Apple from some other source that is more

13   convenient, less burdensome or less expensive, including information available to Apple from

14   Samsung or from public sources.

15          APPLE'S DEPOSITION TOPIC 12:

16          The importance to consumers and consumer purchasing decisions of the ability or capability

17   to search the Internet on a phone or mobile device.

18          GOOGLE'S RESPONSE TO DEPOSITION TOPIC 12:

19          Google incorporates by reference its General Objections as though fully set forth herein.

20   Google further objects to this Topic on the grounds that the term "the importance to consumers and

21   consumer purchasing decisions" is vague and ambiguous.  Google further objects to this Topic on the

22   grounds that the term "the ability or capability to search the Internet on a phone or mobile device" is

23   vague and ambiguous.  Google further objects to this Topic on the grounds that it seeks information

24   that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to

25   lead to the discovery of admissible evidence.  Google further objects to this Topic on the grounds that

26   it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this

27   Topic on the grounds that it seeks information not within Google's possession, custody or control.

28   Google further objects to this Topic on the grounds that it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Topic on the grounds that it calls for legal conclusions.  Google further objects to this Topic on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

## IV.    APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)

Apple hereby certifies that it has in good faith conferred with Google and Samsung in an effort to obtain the discovery described immediately above without Court action.  Apple's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Jason C. Lo in Support of Apple Inc.'s Motion to Compel Discovery of Documents, Information, or Objects from Non-Party Google, Inc. (the "Lo Decl.") and exhibits attached thereto, submitted concurrently herewith.

1

**TABLE OF CONTENTS**

2

**Page**

3

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

4

I.      INTRODUCTION ................................................................................................................ 1

5

II.     PROCEDURAL HISTORY ................................................................................................ 2

6

III.    LEGAL STANDARD ......................................................................................................... 6

7

IV.     ARGUMENT ....................................................................................................................... 7

8

        A.      Google Is Not Entitled to Arbitrarily Refuse to Produce Responsive
                Documents until a Later Time .............................................................................. 7

9

        B.      Google's Unsupported, Boilerplate Objections Do Not Excuse Google's
                Refusal To Provide Relevant Documents ............................................................. 9

10

                1.      The Requests Seek Relevant Information ................................................. 9

11

                2.      Google's Generic and Unsupported Objections to the Requests Lack
                        Merit ........................................................................................................ 13

12

13

                3.      Google Cannot Shield Documents through the Common Interest
                        Exception to Waiver of the Attorney-Client Privilege ........................... 14

14

        C.      Google's Objections to Apple's Subpoena Seeking a Deposition Also Fail ....... 16

15

V.      CONCLUSION .................................................................................................................. 19

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

### Cases

*Advanced Display Sys., Inc. v. Kent State Univ.,*
212 F.3d 1272 (Fed. Cir. 2000) .......................................................................... 11

*Aho v. AmeriCredit Fin. Serv., Inc.*, slip op, 2012 WL 928243 (S.D. Cal. 2012) ...................... 14, 16

*Apple, Inc. v. Samsung Elecs. Co.,*
2011 U.S. Dist. LEXIS 139049 (N.D. Cal. Dec. 2, 2011) ........................................... 12

*Blankenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir.1975) ................................................ 14

*Brill v. Walt Disney Pictures & TV,*
No. 00-55592, 2000 U.S. App. LEXIS 31179 (9th Cir. Cal. Dec. 1, 2000) .............................. 17

*Burlington Northern & Santa Fe Rwy. v. United States District Court,*
408 F.3d 1142 (9th Cir. 2005) ............................................................................ 16

*Cris v. Fareri,*
2011 U.S. Dist. LEXIS 108362 (D. Conn. Sept. 22, 2011) ...................................... 8, 18

*DIRECTV, Inc. v. Trone,* 209 F.R.D. 455 (C.D. Cal. 2002) ............................................... 14

*Diversitech Corp. v. Century Steps, Inc.,*
850 F.2d 675 (Fed. Cir. 1988) ............................................................................ 11

*Elan Microelectronics Corp. v. Apple, Inc.,*
2011 U.S. Dist. LEXIS 87989 (N.D. Cal. Aug. 8, 2011) .................................... 7, 16, 17

*FSP Stallion 1, LLC v. Luce,*
Case No. 2:08-cv-01155-PMP-PAL, 2010 U.S. Dist. LEXIS 110617
(D. Nev. Sept. 30, 2010) .................................................................................. 17

*Gonzales v. Google, Inc.,*
234 F.R.D. 674 (N.D. Cal. 2006) ........................................................................ 10

*In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 (Fed. Cir. 2010).................................. 7, 19

*Jacobson v. Cox Paving Co.,*
1991 U.S. Dist. LEXIS 17787 (Ariz. 1991)............................................................ 13

*Johnson & Johnston v. R.E. Service*, 2004 WL 3174428 (N.D. Cal. 2004) .................................... 14

*Negotiated Data Solutions LLC v. Dell, Inc.,*
2009 U.S. Dist. LEXIS 25026 (N.D. Cal. Mar. 17, 2009) ........................................... 10

*Perry v. Schwarzenegger,*
591 F.3d 1126 (9th Cir. Cal. 2010) ...................................................................... 7

*Romano v. City of Hammond Police Dep't,*
2010 U.S. Dist. LEXIS 79166 (N.D. Ind. Aug. 5, 2010) .............................................. 8

*Southwest Aerospace Corp. v. Teledyne Indus., Inc.,*
  702 F. Supp. 870 (N.D. Ala. 1988), aff'd 884 F.2d 1398 (Fed. Cir. 1989) .................................. 13

*Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,*
  813 F.2d 1207 (Fed. Cir. 1987) ........................................................................................ 6, 7, 19

*Union Pac. R.R. v. Mower,*
  219 F.3d 1069 (9th Cir. Or. 2000) ...................................................................................... 6, 16

*Viacom Int'l, Inc. v. YouTube, Inc.,*
  2009 U.S. Dist. LEXIS 4220 (N.D. Cal. Jan. 14, 2009) .............................................................. 6

*Windsurfing Int'l, Inc. v. AMF, Inc.,*
  782 F.2d 995 (Fed. Cir. 1986) ......................................................................................................... 13

## Rules

Fed. R. Civ. P. 26 ...................................................................................................................... 8

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 6

Fed. R. Civ. P. 26(c) ............................................................................................................. 7, 19

Fed. R. Civ. P. 34 .................................................................................................................... 10

Fed. R. Civ. P. 45(a)(1)(A)(iii) ................................................................................................. 6

Fed. R. Civ. P. 45(c)(3)(A)(i) ................................................................................................... 8

Fed. R. Civ. P. 45(d)(2)(A)(ii) .................................................................................................. 6

Fed. R. Civ  P. 26(b)(1) ........................................................................................................... 10

Fed. R. Civ. P. 45 .............................................................................................................. 8, 10

Fed. R. Civ. P. 45(c)(2)(B) ....................................................................................................... 8

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3         On February 8, 2012, Apple filed a complaint in this Court against Samsung Electronics Co.,

4    Ltd. and several Samsung U.S. subsidiaries ("Samsung") alleging that several Samsung smartphones

5    and tablet devices infringe eight of Apple's patents.  Concurrent with its complaint, Apple filed a

6    motion for preliminary injunction, which explained in detail how one of the Samsung devices, the

7    Samsung Galaxy Nexus smartphone, infringes at least four of Apple's patents, and why, absent

8    immediate injunctive relief, the continued sale of the Galaxy Nexus will irreparably harm Apple.  The

9    case was assigned to Judge Koh, who ordered shortened, 21-day response times for discovery

10   requests exchanged between Apple and Samsung and set a briefing schedule requiring that Samsung

11   file its opposition by April 23, 2012 and Apple file its reply by May 14, 2012.  Judge Koh further

12   scheduled a hearing for Apple's motion on June 7, 2012.

13        Although Apple focuses this motion to compel on third-party Google, characterizing Google

14   as a third-party fails to capture the full extent of Samsung's involvement, collaboration, and collusion

15   with Google.  Indeed, the accused Samsung Galaxy Nexus smartphone operates the Android 4.0

16   mobile platform, which is the latest mobile operating platform developed by Google, and which

17   Google makes publicly available.  As Apple explains in detail in its motion for preliminary

18   injunction, Samsung's infringement of Apple's patents arises as a result of Samsung's incorporation

19   of the Android 4.0 platform, dubbed "Ice Cream Sandwich," in the Galaxy Nexus – the first device to

20   utilize Ice Cream Sandwich.  (D.I. 10 at 7.)  Given the obvious relevance of Ice Cream Sandwich to

21   Apple's motion, Apple immediately sought from Samsung information regarding Galaxy Nexus'

22   implementation of Ice Cream Sandwich.  Rather than provide the information, Samsung stonewalled,

23   claiming that only Google knew how the Galaxy Nexus implemented Ice Cream Sandwich, that it

24   lacked power to obtain such information, and refused to provide the requested information.

25   (Declaration of Jason Lo in Support of Apple Inc.'s Motion to Compel Discovery of Documents,

26   Information, or Objects From Non-Party Google, Inc. ("Lo Decl."), Ex. 2).  Apple filed two motions

27   to compel Samsung's compliance with the discovery requests, which are currently pending before

28   this court.  (D.I. 94, D.I. 96).

1      After receiving Samsung's response, Apple promptly served Google with a subpoena seeking

2  the information that Samsung refused to produce.  (Lo Decl., Ex. 3).  Represented by the same law

3  firm that represents Samsung, Google responded that, although it would be submitting declarations

4  and other information in support of Samsung's opposition to Apple's Motion for Preliminary

5  Injunction, it too would not provide Apple with the requested information.  And, in fact, Google did

6  submit four separate declarations supporting Samsung's opposition to Apple's Motion for

7  Preliminary Injunction.  (Lo Decl., Ex. 5).  Google's submission of these declarations – again, under

8  the supervision of the same counsel representing Samsung – highlights the extent to which these two

9  companies collaborate, not only technically, but in their efforts to stonewall Apple.  Google should

10  not be permitted to arbitrarily, and without justification, evade compliance with a Rule 45 subpoena

11  served upon it, while simultaneously providing Samsung with an unidentified scope of discovery that

12  appears to include at least some of the very documents that Samsung confirms are held by Google

13  and yet that Google refuses to produce to Apple at this time.

14      Google also should not be permitted to impose additional restrictions on Apple's ability to

15  review and consider the Google-produced materials.  In particular, Google should not be permitted to

16  insist on a more restrictive prosecution bar than the prosecution bar to which Apple and Samsung

17  already agreed, and which this Court already has approved, particularly when the same law firm that

18  represents Samsung represents Google in these proceedings.  Google's selection of common counsel,

19  its active support of Samsung's opposition to Apple's preliminary injunction motion, and its assertion

20  of a "common interest or joint defense privilege" all belie Google – and Samsung's – claims that the

21  two companies are acting independently with respect to Apple.  Accordingly, Apple requests that the

22  Court compel Google to fully and completely respond to the Subpoena by producing all responsive

23  documents by no later than May 5, 2012, and to produce a witness for testimony no later than May

24  11, 2012.

25  **II.    PROCEDURAL HISTORY**

26      As noted above, on February 8, 2012, along with its Complaint, Apple filed a Motion for

27  Preliminary Injunction seeking to halt the sale of the Samsung Galaxy Nexus smartphone during the

28  course of this litigation.  (D.I. 10).  In its Motion for Preliminary Injunction, Apple asserts that the

Samsung Galaxy Nexus infringes four key Apple patents claiming various aspects of user interface technology: U.S. Patent Nos. 5,946,647 (the "'647 patent"); 8,086,604 (the "'604 patent"); 8,046,721 (the "'721 patent"); and 8,074,172 (the "'172 patent").  (*See id.*)  In general terms, these four patents cover features that (1) enable a user to select a structure, such as a phone number or web address, and execute one of multiple actions associated with that structure, including, for example, saving the phone number to a contacts library or calling the number ("Special Text Detection"), (2) enable a user simultaneously to search for information across multiple sources, such as files stored on the phone as well as the Internet ("Unified Search"), (3) enable a user to unlock the Galaxy Nexus by "sliding" an image across the screen ("Slide to Unlock"), and (4) enable the Galaxy Nexus to automatically correct misspellings entered by the user ("Text Correction").

Apple served on Samsung interrogatories and requests for production, which specifically called for information relevant to these features of Samsung's Galaxy Nexus.  In its Responses to those interrogatories and request for production, however, Samsung asserts that it does not possess certain categories of development and other documents concerning the Galaxy Nexus and its accused features.  To support this unusual claim, Samsung points to Google, and particularly Google's development of Ice Cream Sandwich.  For example, in response to an interrogatory seeking the identification of analyses relating to each of the accused, patented features, Samsung hides behind Google, responding:  "The features identified in this interrogatory – Slide to Unlock, Text Correction, Unified Search and Special Text Detection – were developed by Google, not Samsung.  Samsung is presently unaware of any consumer studies, analyses, or reports regarding these features."  (Lo Decl., Ex. 6).

Through the meet and confer process, Samsung made it clear that it would maintain its claims of ignorance and lack of involvement of the implementation of Ice Cream Sandwich in the Galaxy Nexus, as well as its lack of control over Google.  Apple's meet and confer efforts with Samsung have culminated in two motions to compel, one with respect to interrogatories and another with respect to requests for production, which motions are fully briefed and will be argued on May 1, 2012.  (*See* D.I. 94, 96.)

After receiving Samsung's responses to its discovery requests, and simultaneously with its

meet and confer discussions with Samsung, pursuant to Federal Rule of Civil Procedure 45, Apple

served Google with a subpoena that sought many of the same documents Samsung refused to

produce, as well as a deposition concerning the requested documents.  For instance, Apple sought:

- A copy of the source code provided to and used by Samsung in the Galaxy Nexus as well as documents sufficient to show differences between the publicly available version of Ice Cream Sandwich and the code implemented on the Galaxy Nexus.  *See* Document Requests Nos. 1-3.[1]

- Documents relating to communications between Google and Samsung regarding the (i) Android platform, (ii) the accused, patented features found in the Galaxy Nexus, and (iii) Apple and Apple's products.  *See* Document Requests Nos. 4-6.[2]

- Documents relating to the design and implementation of the accused, patented features in Ice Cream Sandwich.  *See* Document Requests Nos. 7 and 8.

- Documents relating to any analysis of, attempts to imitate or design around the four accused, patented features as implemented by Apple in its products.  *See* Document Requests Nos. 8 and 9.

- Documents relating to the importance to consumers of the four accused, patented features as well as the importance to consumers of the ability to search the Internet using a mobile device.  *See* Document Requests Nos. 10 and 11.

- Apple also sought a Rule 30(b)(6) deposition covering similar topics.

On April 16, 2012, Google responded to Apple's subpoenas, lodged several pages of

objections, including a "common interest or joint defense privilege," stating, essentially, that (1) it

will meet and confer with Apple regarding the production responsive to certain of the requests, (2)

the information sought is equally in Apple's possession, or (3) it "will produce documents responsive

to [the Requests] as part of normal discovery under Federal Rule of Civil Procedure 26."  (Lo Decl.,

Ex. 4).  Apple immediately and diligently pursued informal resolution with Google, including

through multiple telephonic meet and confer discussions with Google's counsel – Quinn Emanuel

Urquhart and Sullivan LLP, which is also Samsung's counsel of record in the present action.  During

these meet and confer discussions, and despite the fact that Google submitted declarations in support

---

[1]  Because Google has asserted that Request Nos. 1 and 2 are coterminous, and that it will produce materials response to those requests, Apple is not seeking relief with respect to either request.
[2]  Apple seeks relief only with respect to Request No. 6, and not with respect to Request Nos. 4 and 5.

1    of Samsung's Opposition to Apple's Motion for Preliminary Injunction, Google has maintained that,

2    other than source code, it will not produce any of the requested information, or a witness for

3    deposition (other than the declarants supporting Samsung's opposition), prior to the June 7, 2012

4    hearing on Apple's Motion for Preliminary Injunction.  At bottom, Google seeks to excuse its non-

5    compliance with Apple's subpoena because it has voluntarily provided certain information and

6    documents in support of Samsung's opposition brief.

7         Although Google has professed a willingness to produce certain source code in response to

8    Apple's requests, it refuses to permit Apple to inspect those materials unless Apple agrees to do so

9    under a more onerous protective order than the one already in place in this litigation.  As the Court is

10   aware, Apple and Samsung are parties to an earlier-filed litigation, *Apple v. Samsung*, Case No. 11-

11   cv-1846-LHK (PSG) ("the 1846 case").  In the 1846 case, the parties agreed to a stipulated protective

12   order, which this Court then approved and entered.  Subsequently, the parties agreed to adopt the

13   protective order from the 1846 case for interim use in this case.  The parties also agreed that

14   documents produced in two separate ITC investigations, Investigations No. 337-TA-794 (the "794

15   investigation") and Investigation No. 337-TA-796 (the "796 investigation") shall be deemed

16   produced in the current case.  In other words, the protective order in effect in this case has been

17   deemed to be sufficient to protect materials produced in four different cases – this case, the 1846

18   case, as well as the 794 Investigation and the 796 Investigation.  Notwithstanding the foregoing, and

19   notwithstanding the fact that lawyers at the same law firm that now represents Google negotiated the

20   protective order in the 1846 case, Google is effectively holding hostage the few materials it proposes

21   to produce unless Apple agrees to more restrictive terms.

22        Google's willingness to aid Samsung in this litigation, while simultaneously claiming its non-

23   party status shields it from discovery, has resulted in an impasse between Google and Apple.  In light

24   of the fast-approaching deadline for Apple's preliminary injunction reply brief, Apple respectfully

25   requests that the Court order Google to comply fully with Apple's subpoena and produce all

26   documents responsive to the subpoena no later than May 5, 2012, as well as a witness by May 11,

27   2012.

28

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 45 "authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control." *Viacom Int'l, Inc. v. YouTube, Inc.*, 2009 U.S. Dist. LEXIS 4220, at *7 (N.D. Cal. Jan. 14, 2009) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)).  "'[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules.'"  *Id.* (quoting Advisory Committee Notes (1970)).  Thus, through a subpoena, "[p]arties may obtain discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed. R. Civ. P. 26(b)(1) (emphasis added).

"Where relevance is in doubt . . . the court should be permissive."  *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987).  Furthermore, where "[a] person withhold[s] subpoenaed information under a claim that it is privileged," that person must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(d)(2)(A)(ii).  Indeed, when a party asserts a privilege or immunity from discovery, that party bears the burden of disclosing the specific nature of the materials withheld from discovery, and further providing the basis for invoking the privilege.  *See Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 (9th Cir. Or. 2000) ("When a party withholds information . . . by claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (quoting Fed. R. Civ. P. 26(b)(5); *Perry v. Schwarzenegger*, 591 F.3d 1126, 1133 (9th Cir. Cal. 2010) (holding that some form of privilege log is required).)  And, in the context of an assertion of a "common interest" privilege, beyond making a threshold showing that privilege applies, a party must further show that such a common interest truly exists.  *See Elan Microelectronics Corp. v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 87989, 16-17 (N.D. Cal. Aug. 8, 2011) (finding that the common interest privilege did not apply where plaintiff offered nothing more than "mere post hoc rationalizations that it or its customers anticipated being drawn into a joint suit," where there was no joint defense or common

1    interest agreement, and where plaintiff failed to show there was a suit or even threat of suit against

2    any of the parties who received the documents at issue).

3          Through its active support of Samsung, Google has demonstrated the relevance of the

4    materials sought by Apple, while, on the other hand, Google has failed to make any showing that its

5    boilerplate objections or a common interest privilege apply.

6          Google also failed to meet its burden regarding its requested modifications to the protective

7    order.  The Federal Circuit held that "[a] party seeking a protective order carries the burden of showing

8    good cause for its issuance.  *See* Fed. R. Civ. P. 26(c); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813

9    F.2d 1207, 1209-10 (Fed.Cir.1987). The same is true for a party seeking to include in a protective order a

10   provision effecting a patent prosecution bar."  *In re Deutsche Bank Trust Co. Americas,* 605 F.3d 1373,

11   1378 (Fed. Cir. 2010).  Google has not shown good cause for why the prosecution bar included in the

12   current protective order is not sufficient.

13   **IV.    ARGUMENT**

14   **A.    Google Is Not Entitled to Arbitrarily Refuse to Produce Responsive Documents until a**

15        **Later Time**

16        With respect to several of Apple's requests, *i.e.,* Requests 6-8, after interposing several

17   boilerplate objections regarding clarity, relevance, privilege, and legal conclusions, Google responds

18   that it "will produce documents responsive to this Request as part of normal discovery under Federal

19   Rule of Civil Procedure 26."  Given that the scope of discovery under Federal Rule of Civil

20   Procedure 45 equates to the scope of discovery under Rule 26, it is unclear what Google means by the

21   phrase "normal discovery."  Through the meet and confer process, however, it appears that Google's

22   response refers to timing, and that Google will respond to the request after the Court decides Apple's

23   preliminary injunction motion.  (Lo Decl., Ex. 4.)  Google cites to no rule or authority that permits it

24   to unilaterally dictate the timing of its responses to Apple's Rule 45 discovery requests.

25        Indeed, Rule 45 requires only that third parties be permitted a "reasonable time to comply."

26   Fed. R. Civ. P. 45(c)(3)(A)(i).  The Rule makes no distinction regarding the procedural state of the

27   case or the substantive matter to which the subpoena is directed; rather, the Rule requires objections

28   to be filed within 14 days unless an earlier time is specified in the subpoena.  Fed. R. Civ. P.

45(c)(2)(B).  Although Rule 45 does not define what constitutes a "reasonable time," it must be "judged depending on the underlying circumstances," *Romano v. City of Hammond Police Dep't*, 2010 U.S. Dist. LEXIS 79166, at *19 (N.D. Ind. Aug. 5, 2010), and "many courts" have relied on Rule 45's provision of a 14-day period for objections to find that "fourteen days from the date of service [i]s presumptively reasonable."  *Cris v. Fareri*, 2011 U.S. Dist. LEXIS 108362, at *6 (D. Conn. Sept. 22, 2011); *Romano*, 2010 U.S. Dist. LEXIS 79166, at *19.  Here, Google was given over *three* weeks to submit to a deposition, which would be presumptively reasonable even absent the expedited proceeding in this case.  Similarly, Google was initially given eleven days to produce the requested documents, which is reasonable given the expedited nature of this proceeding and the fact that Google, which is represented by the same counsel as Samsung and has voluntarily agreed to assist Samsung, would have been on notice that these materials were requested from Samsung and, if Samsung's allegation that it does not possess the documents is true, that it would ultimately be called upon to provide them.  Regardless, and most importantly, Google has identified no reason during the meet and confer process that it could not produce the requested documents even on a rolling basis. Google cannot refuse to produce documents until it determines that "normal Rule 26 discovery" has begun.

Google's timing objections also ring hollow in light of the declarations that it has submitted in support of Samsung's Opposition to Apple's Motion for Preliminary Injunction.  These declarations provide detailed explanations of the development of the accused features – issues central to the document requests served upon Google.  It is thus clear that Google – represented by the same counsel as Samsung – has already engaged in, and collected at least some information responsive to Apple's subpoena.  Google cannot, on the one hand, provide self-serving information in support of Samsung's efforts to oppose Apple's preliminary injunction, while on the other hand, assert that providing Apple with similar information must wait until "normal Rule 26 discovery."  Respectfully, the Court should not condone such game playing, particularly when executed through common counsel.

**B.     Google's Unsupported, Boilerplate Objections Do Not Excuse Google's Refusal To Provide Relevant Documents**

After lodging thirty-two "general" objections, Google "specifically" responds to Apple's requests with numerous additional and unsupported boilerplate objections.  Google's so-called specific objections, for example, state:

- That each and every request "seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence;"

- That the terms "Android mobile platform" and "Android 4.0 Ice Cream Sandwich," among others, are "vague and ambiguous;"

- That, with the exception of Requests 1 and 2, the Requests are "overly broad, unduly burdensome, oppressive, and duplicative;"

- That, with the exception of Requests 1 and 2, the Requests seek "information not within Google's possession, custody or control;"

- That the Requests seek "information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including available to Apple from Samsung or from public sources;"

- That the Requests call for "legal conclusions;" and

- That the Requests seek "information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges."

As Apple explains below, each of these boilerplate objections lack merit and should be overruled.

**1.     The Requests Seek Relevant Information**

To begin, the courts review relevance under Rule 45, like relevance under Rule 26, broadly. *See, e.g., Negotiated Data Solutions LLC v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 25026 (N.D. Cal. Mar. 17, 2009) ("The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and other discovery rules.  . . . 'Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'  FED.R.CIV.P. 26(b)(1)."); *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 679-80 (N.D. Cal. 2006) ("The Advisory Committee Notes to the 1970 Amendment to Rule 45 state that the 'scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.' . . . [The rules] permit[] the discovery of any non-privileged material 'relevant to the claim or

1    defense of any party,' where 'relevant information need not be admissible at trial if the discovery

2    appears reasonably calculated to lead to the discovery of admissible evidence.'  Rule 26(b)(l).").

3    Google makes no attempt to justify its relevance objections, and any such attempt would fail because

4    each of Apple's requests focus on information relevant to the four preliminary injunction factors – (1)

5    likelihood of success on the merits, (2) irreparable harm, (3) balance of the hardships, and (4) public

6    interests.

7         ***Likelihood of Success on the Merits.***  As explained above, several of Apple's Requests (*e.g.,*

8    Requests 1-3,[3] and 7) seek information regarding the computer code supplied by Google to Samsung

9    for incorporation into the Galaxy Nexus, information regarding any differences between the publicly

10   available versions of Ice Cream Sandwich and the version of Ice Cream Sandwich implemented by

11   the Galaxy Nexus, and information regarding the design and implementation of the four accused

12   features – Slide to Unlock, Text Correction, Unified Search and Special Text Detection – in Ice

13   Cream Sandwich.  Given that Apple predicates its infringement allegations, at least in part, on the

14   manner in which the Galaxy Nexus implements and executes Ice Cream Sandwich, there can be no

15   dispute regarding the relevance of these requests to Apple's preliminary injunction motion.  Indeed,

16   even Samsung has acknowledged that "all of the features of the Samsung Galaxy Nexus that Apple

17   alleges are infringed are part of *Google's* Android 4.0 Ice Cream Sandwich operating system."

18   (D.I.103 at 2.)

19        Other Apple Requests (*e.g.,* Request Nos. 9 and 10) seek information about copying of

20   Apple's products, and particularly, the four accused features.  Evidence of copying is also relevant to

21   success on the merits, as Google's efforts to copy the patented features is strong evidence that the

22   patents are not obvious, *i.e.,* invalid.  *See, e.g., Diversitech Corp. v. Century Steps, Inc.*, 850 F.2d

23   675, 679 (Fed. Cir. 1988) ("Copying is an indicium of nonobviousness, and is to be given proper

24   weight.  Further, it is not necessary for the patentee to prove that the customer knew of and desired

25   every attribute set out in the patent document.") (internal citations omitted).  Google's inability to

26   _____

27   [3]    In response to Request No. 2, Google has stated that it "will produce up-to-date source code
     concerning the accused functionality compiled into binary images used on the Galaxy Nexus phones
28   sold in the United States."

design around the four patented features, moreover, relates to non-obviousness, and, hence, the likelihood of success issue as well.  *See, e.g., Advanced Display Sys., Inc. v. Kent State Univ.,* 212 F.3d 1272, 1285 (Fed. Cir. 2000) ("Objective considerations such as failure by others to solve the problem and copying 'may often be the most probative and cogent evidence' of nonobviousness."). Because Apple's Requests go directly to the issue of likelihood of success on the merits, they are relevant to the preliminary injunction motion and properly discoverable at this time.

*Irreparable Harm.*  Apple's Requests also seek information relevant to the irreparable harm component of the preliminary injunction inquiry.  For example, Request Nos. 4-6 seek information regarding communications between Google and Samsung regarding the Android mobile platform used in the Galaxy Nexus, regarding Apple's products, and regarding the four accused features of the Galaxy Nexus – Slide to Unlock, Text Correction, Unified Search and Special Text Detection. Similarly, Request No. 8 seeks information regarding Google's decision to implement the four accused features in any version of Android, while Request Nos. 9 and 10 seek information regarding efforts to copy and/or design features found in Apple's products, including the four accused features. And, Request Nos. 11 and 12 seek information, such as analysis or surveys, regarding the importance of the accused features, including the ability to search the Internet, to consumers and consumer purchasing decisions.

In sum and substance, these requests focus on the importance of the accused features to Google and its Android mobile platform.  In a different case between Apple and Samsung, while ruling on a motion for preliminary injunction, Judge Koh held that the importance of the patented features is directly relevant to the issue of irreparable harm.  *Apple, Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 139049, at *65 (N.D. Cal. Dec. 2, 2011) (finding that Apple must show "a nexus between Apple's harm of lost customers and loss in market share and Samsung's allegedly infringing conduct.").  To the extent Google and Samsung communicated regarding the accused features, even with respect to earlier versions of the Android mobile platform, such communications will likely demonstrate the importance of the accused features.  Additionally, Google's efforts to copy the features – again, even in earlier versions of the Android mobile platform – or its inability to design around such features, while concluding it must nonetheless include the features, clearly demonstrate

importance of the features to the accused Galaxy Nexus smartphone.  And, finally, Google cannot reasonably dispute that its analysis regarding the importance of the accused features explicitly relates to the irreparable harm element of Apple's preliminary injunction.

*Balance of the Hardships.*  In addition to relating to likelihood of success on the merits and irreparable harm, Google's efforts to copy, particularly if done while communicating and in concert with Samsung, tip the balance of hardships in Apple's favor.  Indeed, as the Federal Circuit explained in *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986), "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."  *See also Jacobson v. Cox Paving Co.*, 1991 U.S. Dist. LEXIS 17787 (Ariz. 1991) (the balance of hardships tipped in plaintiff's favor because defendant was "well aware" of plaintiff's patents "and made a calculated decision to bring an infringing product to market"); *Southwest Aerospace Corp. v. Teledyne Indus., Inc.*, 702 F. Supp. 870, 886 (N.D. Ala. 1988), aff'd 884 F.2d 1398 (Fed. Cir. 1989) (holding that "the balance of hardships in this case tips decidedly in favor" of the patent holder in the court's preliminary injunction analysis, in part because the alleged infringer had "undertaken a deliberate pattern of manufacturing and marketing products" "with full knowledge of" the patent holder's "proprietary rights").   In view of this authority, Google can hardly assert that Apple's Requests seek information that is not relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

*Public Interests and Policy.*  Finally, evidence that Google and Samsung copied or implemented the accused features in other products is relevant to the public interests and policy.  *See, e.g., Southwest Aerospace Corp., v. Teledyne Industries, Inc.*, 702 F. Supp 870 (N.D. Ala. 1988) (granting Preliminary Injunction because, "[i]n view of the evidence that Teledyne deliberately copied the claimed invention developed by Southwest the Court finds that, at this stage, the public policy of protecting patent rights is more strongly implicated here such that Southwest should be able to prevent Teledyne from selling what Teledyne admits are copies of Southwest's turbine air vent reeling containing the '368 Patent art.").

Google's relevance objections blatantly overlook and purposefully ignore the issues in before

1   the Court – issues that Google's counsel, as also counsel for Samsung, are fully aware.  Apple

2   respectfully requests that the Court overrule Google's vacuous relevance objections and order that

3   Google immediately produce the requested information.

4       **2.      Google's Generic and Unsupported Objections to the Requests Lack Merit**

5           According to the Federal Rules, "[t]he party seeking to compel discovery has the burden of

6   establishing that its request satisfies the relevance requirement of Rule 26."  *Aho v. AmeriCredit Fin.*

7   *Serv., Inc.*, slip op, 2012 WL 928243 *2 (S.D. Cal. 2012).  As demonstrated above, Apple's Requests

8   more than satisfy the relevance requirement of Rule 26.  In view of Apple's substantial showing,

9   Google now bears the burden of justifying its objections.

10          Indeed, the cases uniformly explain that a party resisting discovery bears the "burden of

11  showing that the discovery should be prohibited, and the burden of 'clarifying, explaining, and

12  supporting its objections.'"  *Id.* (citing *DIRECTV, Inc. v. Trone,* 209 F.R.D. 455, 458 (C.D. Cal.

13  2002) citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).  "Given the broad scope

14  of discovery in federal cases, a party objecting to discovery on the basis of vagueness, overbreadth,

15  oppression or burden must state specific facts in support of its objection."  *Johnson & Johnston v.*

16  *R.E. Service*, 2004 WL 3174428, at *2 (N.D. Cal. 2004).  Furthermore, it is well-settled law that

17  generic and conclusory statements, without more, do not satisfy a party's burden of supporting its

18  objections.  *Aho*, 2012 WL 928243, at *6 (granting motion to compel because while "the party

19  opposing discovery has the burden of showing that the discovery should be prohibited, and the

20  burden of 'clarifying, explaining, and supporting its objections.' . . . Defendant does not describe in

21  detail precisely why producing this relevant information would constitute an undue burden; instead,

22  Defendant provides general and conclusory statements that . . . requesting the auto auction invoices

23  'would be very burdensome both to the auctions and AmeriCredit.'") (internal citations omitted).

24          As explained above, Google has objected to every single one of Apple's Requests included in

25  this Motion by stating boilerplate objections such as that Apple's requests are "overly broad and

26  unduly burdensome," "vague" and "ambiguous."  During the meet and confer process, however,

27  Google failed to articulate any specific facts detailing in what ways Apple's requests are "overly

28  broad and unduly burdensome," "vague" or "ambiguous."  Again, these thoughtless, boilerplate

objections should be overruled.

Another objection that Google has failed to support is its frequent objection that Apple's Requests seek "information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including available to Apple from Samsung or from public sources."  Given that it comes from counsel that also represents Samsung, this objection is particularly suspect.  Indeed, in Samsung's objections to Apple's Requests for Production, Samsung asserted that the information requested by Apple was in Google's possession. (*See e.g.*, Lo Decl., Ex. 1.)  Google's – and Samsung's – lawyers cannot have it both ways.  Either Google has the information or Samsung has the information.  Regardless, Apple is entitled to obtain it.

Finally, Google objects to nearly all of Apple's requests as purportedly "call[ing] for legal conclusions."  *See* Google Objection to Requests Nos. 4-12.  But Google fails to explain or apply this objection, and for good reason:  the requests at issue seek only specifically identified documents, and do not rely on any legal conclusion.  For example, Requests Nos. 4-6 seek communications between Google and Samsung relating to Android, Apple, or the accused features.  No legal conclusion is required to determine whether a document pertains to these topics.  Similarly, Requests Nos. 7-8 seek documents relating to design, development, and implementation of the features at issue and Request Nos. 9-10 seek documents relating to copying of or attempts to design around Apple's products.  Google does not need to reach a legal conclusion to determine that particular documents pertain to the development of Android features or copying.  Finally, Requests Nos. 11-12 seek consumer survey information on the importance of the features and the ability to search the Internet, which could be easily identified by their content and again includes no legal term to be construed.  Moreover, as discussed above, boilerplate objections such as these, with no indication of *what* in the request is objectionable, do not suffice to preserve, much less prevail on, an objection.  *See Aho*, 2012 WL 928243, at *6.

### 3.    Google Cannot Shield Documents through the Common Interest Exception to Waiver of the Attorney-Client Privilege

Finally, Google asserts privilege as an objection to Request Nos. 4-12, specifically including

"the common interest or joint defense privileges."  But "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."  *Burlington Northern & Santa Fe Rwy. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).  A party asserting privilege or immunity from discovery must make a rigorous showing that the specific nature of the materials entitle that party to invoke privilege.  *See Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1077 n. 9 (9th Cir. 2000)  ("When a party withholds information . . . by claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents, communications, or things . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." (citing Fed. R. Civ. P. 26(b)(5)).  The same is true of a claim to a common interest; without a specific showing that "'allied lawyers and clients' work together in prosecuting or defending a lawsuit so that they may exchange information among themselves without waiving the privilege," the material is unprotected.  *Elan Microelectronics Corp. v. Apple, Inc.*, Case No. C 09-01531 RS (PSG), 2011 U.S. Dist. LEXIS 87989, at *16-17 (N.D. Cal. Aug. 8, 2011) (finding that the common interest privilege did not apply where plaintiff offered nothing more than "mere post hoc rationalizations that it or its customers anticipated being drawn into a joint suit," where there was no joint defense or common interest agreement, and where plaintiff failed to show there was a suit or even threat of suit against any of the parties who received the documents at issue); *FSP Stallion 1, LLC v. Luce*, Case No. 2:08-cv-01155-PMP-PAL, 2010 U.S. Dist. LEXIS 110617, at *64-65 (D. Nev. Sept. 30, 2010) (finding failure to establish common interest privilege absent proof that the parties agreed to treat the documents as privileged and confidential at the time the documents were exchanged); *Brill v. Walt Disney Pictures & TV*, No. 00-55592, 2000 U.S. App. LEXIS 31179, at *2-3 (9th Cir. Cal. Dec. 1, 2000).  Google's unexplained invocation of privilege fails to meet this standard.

In any event, the common interest doctrine cannot create privilege where none exists, but merely serves as an exception to waiver of the attorney-client or work product privilege.  *See Elan Microelectronics Corp. v. Apple, Inc.*, 2011 WL 3443923 at *2 (N.D. Cal. Aug. 8, 2011) ("The common interest doctrine, also known as the joint defense privilege, is a narrow exception that

1    provides that disclosure to a third party does not waive privilege or work product protection where

2    the third party shares a common interest with the disclosing party that is adverse to that of the party

3    seeking the discovery.").  The common interest doctrine, in any event, cannot protect the majority of

4    the communications responsive to the document requests in question.  The common interest privilege

5    "does not extend to communications about a joint business strategy that happens to include a concern

6    about litigation," a perfect description of Google's communications with Samsung.  *Id.* (quotation

7    omitted).  Indeed, in its oppositions to Apple's motion to compel regarding similar discovery

8    requests, Samsung confirmed that the common interest privilege cannot cover ordinary business

9    discussions between Google and Samsung, including discussions relating to the design and

10   development of accused products.  (D.I. 104 at 9.)  Similarly, in its responses to Apple's requests for

11   production, its responses to Apple's interrogatories, and its meet and confer correspondence,

12   Samsung has characterized the nature of its relationship with Google as one intended to develop a

13   technical system, the Ice Cream Sandwich platform – not one specifically arising in the context of

14   litigation.  (*See, e.g.,* Samsung's Supplemental Response to Interrogatory No. 10, Lo. Decl., Ex. 8

15   (admitting that at least communications relating to bug reports and other discussions of the

16   implementation and operability of the Ice Cream Sandwich platform exist and are engineering or

17   business discussions that will be produced).)

18          This Court should therefore order that all communications between Samsung and Google

19   relevant to Apple's Requests for Production be produced and require that Google provide sufficient

20   information regarding any documents it seeks to withhold based on a common interest privilege to

21   justify the assertion of this privilege by no later than May 5, 2012.

22   **C.     Google's Objections to Apple's Subpoena Seeking a Deposition Also Fail**

23          In addition to seeking documents relevant to Google's development of Ice Cream Sandwich,

24   communications with Samsung regarding the features at issue, and customer surveys regarding the

25   importance of those features, Apple sought to depose a Google corporate representative, pursuant to

26   Fed. R. Civ. P. 30(b)(6), on similar topics.  In particular, Apple sought deposition testimony on

27   twelve topics, each of which closely paralleled one of the twelve document requests.  Deposition

28   testimony on each of Topic Nos. 1-3, 5, and 7-12 is relevant for the same reasons, discussed above,

1   that the requested documents are relevant. And, as noted above, and despite Google's assertion that it

2   lacks "sufficient time . . . to prepare a witness" for a deposition on April 27, Apple's provision of

3   over three weeks to prepare exceeds the 14-day notice period that is "presumptively reasonable."

4   *Cris*, 2011 U.S. Dist. LEXIS 108362, at *6; *Romano*, 2010 U.S. Dist. LEXIS 79166, at *19.

5       Google, nonetheless, has refused to produce a witness in a sufficiently timely fashion to

6   permit Apple to use information obtained in its reply brief in support of its requested preliminary

7   injunction.  Instead, it suggests that the witnesses who signed declarations in support of Samsung's

8   opposition to Apple's motion can be deposed, and that such depositions are sufficient.  But Google is

9   not entitled to dictate whether Apple needs a Rule 30(b)(6) deposition on the noticed topics, nor to

10  limit Apple's depositions to the topics to which its carefully crafted declarations pertain.  Moreover,

11  Google's other boilerplate objections – which closely parallel Google's objections to Apple's

12  documents and are similarly conclusory in nature – fail to shield Google from discovery for the same

13  reasons that those objections fail when invoked as a defense to Apple's document requests.

14      This Court should therefore order that Google provide a witness for testimony on the topics at

15  issue no later than May 11, 2012.

16  **D.    Google's Arguments Regarding the Prosecution Bar in the Current Protective Order**

17  **Fall Short**

18      The Federal Circuit held that "[a] party seeking a protective order carries the burden of showing

19  good cause for its issuance.  *See* Fed. R. Civ. P. 26(c); *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813

20  F.2d 1207, 1209-10 (Fed.Cir.1987). The same is true for a party seeking to include in a protective order a

21  provision effecting a patent prosecution bar."  *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373,

22  1378 (Fed. Cir. 2010).  Google has not shown good cause for why the prosecution bar included in the

23  current protective order is insufficient.  The language regarding a prosecution bar in the current protective

24  order reads as follows:

25          Absent the written consent of the Producing Party, anyone who receives one or more
            items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
26          "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE
            CODE" shall not be involved, directly or indirectly, in any of the following activities:
27          advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of
            patent applications (whether for design or utility patents), specifications, claims, and/or
28          responses to office actions, or otherwise affecting the disclosure in patent applications or

specifications or the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and trademark Office. These prohibitions are not intended to and shall not preclude (i) participating in or advising on any reexamination or reissue proceeding by Samsung's Outside Counsel with respect to any patents in which Apple has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by Apple's Outside Counsel with respect to any patents in which Apple has any interest; and (ii) participating in or advising on any reexamination or reissue proceeding by Apple's Outside Counsel with respect to any patents in which Samsung has any interest, or participating in or advising on any reexamination or reissue proceeding (except or participating in or advising on, directly or indirectly, claim drafting or amending claims) by Samsung's Outside Counsel with respect to any patents in which Samsung has any interest.

(Lo Decl., Ex. 7.)

Google insists that the last sentence be removed. In other words, although the current prosecution bar already prohibits the relevant attorneys from "participating in or advising on, directly or indirectly, claim drafting or amending claims," Google cannot show good cause that would justify such a modification, would go even further and present the relevant attorneys from participating in such reexamination or reissue proceedings at all.

It is, of course, no secret that defendants often initiate reexamination proceedings specifically to impact the course of District Court proceedings. Indeed, Quinn Emanuel – the law firm advising both Samsung and Google in this litigation – counsels as follows on its firm website: "Initiating proceedings before the Patent Office to reexamine the validity of a plaintiff's issued patent can be a valuable tool that impacts litigation."[4] Accordingly, it is of critical importance to Apple that its District Court counsel – who may have valuable accumulated knowledge on claim construction and prior issues – be permitted to provide advice in reexamination proceedings of Apple's patents. At the same time, of course, both Apple and Samsung recognized that knowledge specific to a party or third parties' should not be utilized to craft claims specifically to cover a party's or third party's products or services.

The current protective order was crafted with an intentional aim to balance these two

---

[4] http://www.quinnemanuel.com/news/article-july-2011-best-practices-for-defending-against-patent-trolls.aspx

1   concerns.  In particular, Samsung and Apple agreed that the reviewing counsel would be permitted to

2   generally participate in reexamination and reissue proceedings, but that that participation must fall

3   short of having any hand in "participating in or advising on, directly or indirectly, claim drafting or

4   amending claims."  This provision, then, was designed to balance the need for Apple and Samsung to

5   be able to rely on the accumulated knowledge of its District Court counsel, while at the same time

6   preventing counsel who have reviewed prosecution bar materials from participating in the claim-

7   crafting process.

8          Google's proposed change to the protective order would upset this balance and tip it entirely

9   in favor of Google, which will not be reviewing any Apple documents in connection with this case.

10  There is no good cause for Google's proposed modifications, and Google should be required to

11  provide responsive materials and testimony pursuant to the existing protective order.

12  **V.      CONCLUSION**

13         For the foregoing reasons, Apple respectfully requests that the Court GRANT Apple's Motion

14  to Compel and order Google to produce by no later than May 5, 2012, all readily accessible materials

15  in Google's possession, custody, and control responsive to Document Request Nos. 3, and 6-12 of the

16  Subpoena to Produce Documents, Information or Objects served on Google by Apple on April 5,

17  2012, to produce a witness or witnesses prepared to testify regarding Apple's Rule 30(b)(6)

18  deposition Topic Nos. 1-3, 5, and 7-12 no later than May 11, 2012 and to operate under the

19  prosecution bar included in the protective order governing this case.

20

21  Dated: April 24, 2012

22                                      Respectfully submitted,

23

24                                      By:  */s/ H. Mark Lyon*_____
                                             H. Mark Lyon
25
                                             Attorney for Plaintiff
26                                           APPLE, INC.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in

compliance with Civil 5 Local Rule 5,4, and will be served on all counsel for Samsung Electronics

Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who

have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF

system.

And counsel listed below was served in the manner so indicated.

<u>By Electronic Mail</u>

Matthew Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, California  94111
Email:  matthewwarren@quinnemanuel.com

<u>By Electronic Mail</u>

Heather H. Martin
Quinn Emanuel
1299 Pennsylvania Ave. NW, Suite 825
Washington, D.C.  20004
heathermartin@quinnemanuel.com

Dated: April 24, 2012                    */s/ H. Mark Lyon*
                                                 H. Mark Lyon