# EXHIBIT 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS FROM PLAINTIFF APPLE INC.** |

Non-party Google Inc. ("Google") responds and objects to the Subpoena to Produce Documents, Information or Objects ("Subpoena") served on Google by Plaintiff Apple Inc. ("Apple") on April 5, 2012, and the Document Requests set forth within as follows.

**GENERAL OBJECTIONS**

1.  Google objects to the Subpoena's purported production date of April 16, 2012, which does not provide sufficient time for Google to collect and produce documents.  Google further objects to the Subpoena on the grounds that it purports to seek discovery regarding Apple's pending motion for a preliminary injunction, but was served too late for Google to produce

1  documents to be considered in resolving that motion.  Subject to its general and specific
2  objections, Google will produce documents and information in response to Request No. 2 below
3  as soon as practicable, and documents in response to any other requests during normal Rule 26
4  discovery.

5    2. Google objects to the Subpoena as unduly burdensome and harassing to the extent
6  it purports to impose burdens, requirements or obligations that exceed or differ from those
7  permitted by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of
8  California.

9    3. Google objects to the Subpoena to the extent it calls for legal conclusions.

10   4. Google objects to the Subpoena to the extent it seeks information protected from
11 disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense
12 privilege or any other applicable privileges and protections.  Google will not provide any
13 privileged information in response to the Subpoena.  Any inadvertent disclosure of privileged
14 information shall not constitute a waiver of any privilege, right, or ground for objecting to
15 providing such information and shall not waive Google's right to object to the use of such
16 information.

17   5. Google objects to the Subpoena to the extent it calls for the disclosure of
18 proprietary or other confidential information.  Google will only provide such disclosure subject to
19 and in reliance upon an appropriate protective order governing confidential business information.

20   6. Google objects to the Subpoena to the extent it calls for the disclosure of
21 proprietary or confidential source code.  Google will only provide such disclosure subject to and
22 in reliance upon an appropriate protective order governing confidential source code.

23   7. Google objects to the Subpoena to the extent it is vague, ambiguous, overbroad,
24 unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or
25 cumulative of other discovery, particularly insofar as it contains the terms "any" and "all."

26   8. Google objects to the Subpoena to the extent that the "Definitions" and
27 "Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any
28 specific Requests where such enlargement, expansion, or alteration renders said Requests vague,

ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, or calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Google objects to the Subpoena to the extent it seeks information not within Google's possession, custody or control. An objection on this ground does not constitute a representation or admission that such information does, in fact, exist.

10. Google objects to Apple's definition of the terms "You," "Your," and "Google Inc." and to any Requests incorporating those terms, as overbroad, unduly burdensome, vague and ambiguous, and as calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. Google objects to Apple's definition of the term "Samsung" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

12. Google objects to Apple's definition of the term "Android 4.0 Ice Cream Sandwich" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

13. Google objects to Apple's definition of the term "Android" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

14. Google objects to Apple's definition of the term "Samsung Galaxy Nexus" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local

1 Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

15. Google objects to Apple's definition of the term "Apple" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

16. Google objects to Apple's definition of the term "Slide to Unlock" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

17. Google objects to Apple's definition of the term "Text Correction" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

18. Google objects to Apple's definition of the term "Unified Search" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

19. Google objects to Apple's definition of the term "Special Text Detection" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

20.     Google objects to Apple's definition of the term "Document(s)" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

21.     Google objects to Apple's definition of the term "Relating" on the grounds that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

22.     Google objects to the Subpoena as unduly burdensome, overbroad and oppressive to the extent that it calls for the production of documents that would require Google to perform a technical analysis of the Android software.

23.     Google objects to the Subpoena as unduly burdensome, overbroad, oppressive and calling for the production of documents that are not in Google's possession, custody or control to the extent that it calls for documents concerning modifications to source code made by Samsung.

24.     Google objects to the Subpoena as unduly burdensome, overbroad, oppressive and calling for the production of documents that are not in Google's possession, custody or control to the extent that it calls for documents concerning the operation of Samsung's accused products.

25.     Any objection by Google does not constitute a representation or admission that such information does in fact exist or is known to Google.

26.     Google's production of documents is based upon such information as is reasonably available to Google at the time of production. Further independent discovery, independent investigation, legal research and analysis by Google or its counsel may supply additional facts, information or documents, or add meaning to known facts, information or documents. Google's productions are given without prejudice to Google's right to provide evidence of or testimony regarding any subsequently discovered or compiled facts, information or documents, or to supplement or modify such Google productions.

27. Google objects to Apple's Requests to the extent that they seek information confidential or proprietary to third parties, which Google is contractually required to maintain confidential. To the extent that the Requests call for such information, Google will produce this information, to the extent relevant and responsive, only in accordance with its obligations under these confidentiality agreements or if ordered by the Court.

28. Google objects to Apple's Requests to the extent that they are improperly duplicative or cumulative of other discovery.

29. Google objects to Apple's Requests to the extent that they seek discovery more appropriately obtained from Samsung.

30. Google objects to Apple's Requests to the extent that they seek information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

31. Google objects to Apple's Requests to the extent that they seek information that is equally available from a party in the litigation.

32. Google objects to Apple's Requests to the extent that they impose an undue burden and demand that Google, a non-party, produce documents at its own expense.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

A copy of the Android mobile platform, in source code form, provided to Samsung for use in the Samsung Galaxy Nexus.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "Android mobile platform" is vague and ambiguous. Google further objects to this Request on the grounds that the term "provided to Samsung for use in the Samsung Galaxy Nexus" is vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of

1  admissible evidence.  Google further objects to this Request on the grounds that, to any extent it is
2  not objectionable, it is entirely duplicative of Request No. 2.
3  **DOCUMENT REQUEST NO. 2:**
4      A copy of the Android mobile platform, in source code form, used by Samsung in the
5  Samsung Galaxy Nexus.
6  **RESPONSE TO DOCUMENT REQUEST NO. 2:**
7      Google incorporates by reference its General Objections as though fully set forth herein.
8  Google further objects to this Request on the grounds that the term "Android mobile platform" is
9  vague and ambiguous.  Google further objects to this Request on the grounds that the term "used
10 by Samsung in the Samsung Galaxy Nexus" is vague and ambiguous.  Google further objects to
11 this Request on the grounds that it seeks information that is neither relevant to any claims or
12 defenses in this litigation nor reasonably calculated to lead to the discovery of admissible
13 evidence.  Google further objects to this Request on the grounds that it is duplicative of Request
14 No. 1.
15     Subject to and without waiving its general and specific objections, Google will produce the
16 up-to-date source code concerning the accused functionality compiled into the binary images used
17 on Galaxy Nexus phones sold in the United States.
18 **DOCUMENT REQUEST NO. 3:**
19     Documents sufficient to show any and all differences between the Android mobile
20 platform source code in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code
21 publicly available from https://android.googlesource.com/platform/manifest, or through the
22 process described at http://source.android.com/source/downloading.html.
23 **RESPONSE TO DOCUMENT REQUEST NO. 3:**
24     Google incorporates by reference its General Objections as though fully set forth herein.
25 Google further objects to this Request on the grounds that the term "any and all differences" is
26 vague and ambiguous.  Google further objects to this Request on the grounds that the term
27 "Android 4.0 Ice Cream Sandwich code publicly available from
28 https://android.googlesource.com/platform/manifest, or through the process described at

1  http://source.android.com/source/downloading.html" is vague and ambiguous.  Google further
2  objects to this Request on the grounds that it seeks information that is neither relevant to any
3  claims or defenses in this litigation nor reasonably calculated to lead to the discovery of
4  admissible evidence.  Google further objects to this Request on the grounds that it is overly broad,
5  unduly burdensome, oppressive, and duplicative.  Google further objects to this Request on the
6  grounds that it seeks information not within Google's possession, custody or control.  Google
7  further objects to this Request on the grounds that it seeks information already in Apple's
8  possession or available to Apple from some other source that is more convenient, less burdensome
9  or less expensive, including information available to Apple from Samsung or from public sources.

**DOCUMENT REQUEST NO. 4:**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "Android mobile platform as used in the Samsung Galaxy Nexus" is vague and ambiguous.  Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects to this Request on the grounds that it calls for legal conclusions.  Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to

Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

Subject to and without waiving its general and specific objections, Google is available to meet and confer with Apple regarding an appropriate scope of production in response to this Request.

**DOCUMENT REQUEST NO. 5:**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Request on the grounds that it calls for legal conclusions. Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

**DOCUMENT REQUEST NO. 6:**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "used in the Samsung Galaxy Nexus" is vague and ambiguous. Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Request on the grounds that it calls for legal conclusions. Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

Subject to and without waiving its general and specific objections, Google will produce documents responsive to this Request as part of normal discovery under Federal Rule of Civil Procedure 26.

**DOCUMENT REQUEST NO. 7:**

Documents sufficient to show the design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "Android 4.0 Ice Cream

1  Sandwich" is vague and ambiguous.  Google further objects to this Request on the grounds that
2  the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection
3  software, features, or functionality" is vague and ambiguous.  Google further objects to this
4  Request on the grounds that it seeks information that is neither relevant to any claims or defenses
5  in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google
6  further objects to this Request on the grounds that it is overly broad, unduly burdensome,
7  oppressive, and duplicative.  Google further objects to this Request on the grounds that it seeks
8  information not within Google's possession, custody or control.  Google further objects to this
9  Request on the grounds that it seeks information protected from disclosure by the attorney-client
10 privilege, the attorney work product doctrine, or any other applicable privilege or immunity,
11 including but not limited to the common interest or joint defense privileges.  Google further
12 objects to this Request on the grounds that it calls for legal conclusions.  Google further objects to
13 this Request on the grounds that it seeks information already in Apple's possession or available to
14 Apple from some other source that is more convenient, less burdensome or less expensive,
15 including information available to Apple from Samsung or from public sources.
16      Subject to and without waiving its general and specific objections, Google will produce
17 documents responsive to this Request as part of normal discovery under Federal Rule of Civil
18 Procedure 26.

19 **DOCUMENT REQUEST NO. 8:**
20      Documents sufficient to show the design of, development of, implementation of and/or
21 decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified
22 Search, and/or Special Text Detection software, features, or functionality.

23 **RESPONSE TO DOCUMENT REQUEST NO. 8:**
24      Google incorporates by reference its General Objections as though fully set forth herein.
25 Google further objects to this Request on the grounds that the term "Slide to Unlock, Text
26 Correction, Unified Search, and/or Special Text Detection software, features, or functionality"  is
27 vague and ambiguous.  Google further objects to this Request on the grounds that it seeks
28 information that is neither relevant to any claims or defenses in this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control. Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Request on the grounds that it calls for legal conclusions. Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

Subject to and without waiving its general and specific objections, Google will produce documents responsive to this Request as part of normal discovery under Federal Rule of Civil Procedure 26.

**DOCUMENT REQUEST NO. 9:**

Documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts" is vague and ambiguous. Google further objects to this Request on the grounds that the term "design around or otherwise imitate without directly copying" is vague and ambiguous. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality" is vague and ambiguous.

1  Google further objects to this Request on the grounds that it seeks information that is neither
2  relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the
3  discovery of admissible evidence.  Google further objects to this Request on the grounds that it is
4  overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this
5  Request on the grounds that it seeks information not within Google's possession, custody or
6  control.  Google further objects to this Request on the grounds that it seeks information protected
7  from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other
8  applicable privilege or immunity, including but not limited to the common interest or joint defense
9  privileges.  Google further objects to this Request on the grounds that it calls for legal conclusions.
10 Google further objects to this Request on the grounds that it seeks information already in Apple's
11 possession or available to Apple from some other source that is more convenient, less burdensome
12 or less expensive, including information available to Apple from Samsung or from public sources.

13 **DOCUMENT REQUEST NO. 10:**
14      Documents relating to any analysis, review, consideration, evaluation, inspection, tear-
15 down report, or copying of any Apple product, including but not limited to Apple's products that
16 incorporate any version of the iOS operating system as well as the Slide to Unlock, Text
17 Correction, Unified Search, and Special Text Detection software, features or functionality.

18 **RESPONSE TO DOCUMENT REQUEST NO. 10:**
19      Google incorporates by reference its General Objections as though fully set forth herein.
20 Google further objects to this Request on the grounds that the term "any analysis, review,
21 consideration, evaluation, inspection, tear-down report, or copying" is vague and ambiguous.
22 Google further objects to this Request on the grounds that the term "Slide to Unlock, Text
23 Correction Unified Search, and Special Text Detection software, features, or functionality" is
24 vague and ambiguous.  Google further objects to this Request on the grounds that it seeks
25 information that is neither relevant to any claims or defenses in this litigation nor reasonably
26 calculated to lead to the discovery of admissible evidence.  Google further objects to this Request
27 on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google
28 further objects to this Request on the grounds that it seeks information not within Google's

possession, custody or control.  Google further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects to this Request on the grounds that it calls for legal conclusions.  Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

**DOCUMENT REQUEST NO. 11:**

All documents constituting, reflecting or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "constituting, reflecting or otherwise relating to any analysis, review, research, survey, consideration, or evaluation" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "the importance to consumers and consumer purchasing decisions" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction Unified Search, and/or Special Text Detection" is vague and ambiguous.  Google further objects to the Request on the grounds that the term "on a phone or other mobile device" is vague and ambiguous.  Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Request on the grounds that it seeks information protected

1  from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other
2  applicable privilege or immunity, including but not limited to the common interest or joint defense
3  privileges.  Google further objects to this Request on the grounds that it calls for legal conclusions.
4  Google further objects to this Request on the grounds that it seeks information already in Apple's
5  possession or available to Apple from some other source that is more convenient, less burdensome
6  or less expensive, including information available to Apple from Samsung or from public sources.
7       Subject to and without waiving its general and specific objections, Google is available to
8  meet and confer with Apple regarding an appropriate scope of production in response to this
9  Request.

**DOCUMENT REQUEST NO. 12:**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration or evaluation" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "the importance to consumers and consumer purchasing decisions" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "the ability or capability to search the Internet on a phone or other mobile device" is vague and ambiguous.  Google further objects to this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this investigation nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to this Request on the grounds that it is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to this Request on the grounds that it seeks information not within Google's possession, custody or control.  Google further objects to this Request on the grounds that it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to this Request on the grounds that it calls for legal conclusions. Google further objects to this Request on the grounds that it seeks information already in Apple's possession or available to Apple from some other source that is more convenient, less burdensome or less expensive, including information available to Apple from Samsung or from public sources.

Subject to and without waiving its general and specific objections, Google is available to meet and confer with Apple regarding an appropriate scope of production in response to this Request.

DATED: April 16, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Matthew S. Warren
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

## PROOF OF SERVICE

I am employed in the District of Columbia. I am over the age of eighteen years and not a party to this action; my business address is Quinn Emanuel Urquhart & Sullivan LLP, 1299 Pennsylvania Avenue NW, Suite 825, Washington, DC 20004.

On April 16, 2012, I served true copies of the following document described as:

**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS FROM PLAINTIFF APPLE INC.**

**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO TESTIFY AT A DEPOSITION FROM PLAINTIFF APPLE INC.**

on the following parties in this action:

See attached service list

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart & Sullivan, LLP for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. At my direction, the foregoing was enclosed in sealed envelope(s) addressed as below, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Francisco, California, on that same day following ordinary business practices.

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from heathermartin@quinnemanuel.com on April 16, 2012, by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 16, 2012, at Washington, DC.

/s Heather H. Martin  
Heather H. Martin

**SERVICE LIST**

| | |
|---|---|
| Michael A. Jacobs<br>Richard S.J. Hung<br>Morrison & Foerster LLP<br>425 Market Street, 32nd Floor<br>San Francisco, CA 94105<br>mjacobs@mofo.com<br>rhung@mofo.com<br><br>Josh A. Krevitt<br>H. Mark Lyon<br>Gibson, Dunn & Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, California 94304<br>jkrevitt@gibsondunn.com<br>mlyon@gibsondunn.com<br><br>*Counsel for Plaintiff Apple Inc.* | Charles K. Verhoeven<br>Kevin A. Smith<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>charlesverhoeven@quinnemanuel.com<br>kevinsmith@quinnemanuel.com<br><br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065-2139<br>kevinjohnson@quinnemanuel.com<br><br>Patrick Shields<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>patrickshields@quinnemanuel.com<br><br>*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC* |