# EXHIBIT 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") submit the following objections and responses to Plaintiff Apple Inc's ("Apple's") First Set of Preliminary Injunction Interrogatories to Defendants.

Samsung expressly incorporates the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

The following general objections apply to each and every interrogatory propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.  Samsung objects to the "Definitions" and "Instructions" contained in Apple's First Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.  Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3.  Samsung objects to these interrogatories on the ground and to the extent they seek information not relevant to a determination of Apple's Motion for a Preliminary Injunction, filed February 8, 2012. Such discovery is not authorized at this time under the Federal Rules of Civil Procedure or under the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion. Samsung will provide information that is reasonably likely to lead to the discovery of admissible evidence relevant to Apple's Motion for a Preliminary Injunction.

4. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on February 8, 2012). Samsung will not log privileged documents that were created on or after February 8, 2012.

5. Samsung objects to these interrogatories on the ground and to the extent they are vague and ambiguous. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

7. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

8. Samsung objects generally to the interrogatories on the ground and to the extent that they prematurely call for contentions, identification of prior art, or identification of witnesses at this stage of the litigation. Samsung will provide its contentions regarding non-infringement, invalidity, and other issues according to the procedural schedule established by the Court, including the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion.

9. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory or other discovery.

10. Samsung objects to each interrogatory to the extent it is compound and comprises

discrete subparts resulting in separate interrogatories.

11. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

12. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

13. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

15. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

16. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

17. Samsung objects to the interrogatories on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation. The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional

discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify any and all code names, internal names, nick names, model numbers, or other identifying information used by Samsung to identify or otherwise refer to the Samsung Galaxy Nexus as well as any of the accused technologies implemented on the Samsung Galaxy Nexus, including but not limited to, all versions of Android 4.0 Ice Cream Sandwich, Slide to Unlock, Text Correction, Unified Search and Special Text Detection and identify the person(s) most knowledgeable about the response to this interrogatory.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it is vague and ambiguous with regard to the terms "code names," "internal names," "nick names," and "other identifying information; (ii) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "accused technologies" that are not specifically identified in the interrogatory; (iii) it is overly broad and unduly burdensome to the extent it seeks information not relevant to Apple's Motion for a Preliminary Injunction; and (iv) it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

While in development, Samsung's Galaxy Nexus was sometimes referred to within Samsung as "Proxima" or "Nexus Prime." Samsung model numbers for the Galaxy Nexus include I515 and GT-I9250.

Android 4.0 Ice Cream Sandwich is sometimes referred to within Samsung as "ICS."

The technology identified in the interrogatory as "Slide to Unlock" is sometimes referred to within Samsung as "Slide to Unlock."

The technology identified in the interrogatory as "Text Correction" is sometimes referred to within Samsung as "predictive text."

The technology identified in the interrogatory as "Unified Search" is sometimes referred to within Samsung as "Quick Search."

The technology identified in the interrogatory as "Special Text Detection" is a feature of what is sometimes referred to within Samsung as "Browser."

Jisun Park, Principal Engineer, Systems Software, R&D, is knowledgeable regarding the information contained in this response.

**INTERROGATORY NO. 2:**

Identify from the source code produced in response to Request Nos. 9-13 in Apple's First Set of Preliminary Injunction Requests for Production all files that relate to the accused features and functionality of the Samsung Galaxy Nexus, including Slide to Unlock, Text Correction, Unified Search and Special Text Detection. Such identification should include, the name of the file, the engineers, designers and authors responsible for that file, the specific accused feature to which the identified file relates, and any differences between that file and the publicly available version of the Android 4.0 Ice Cream Sandwich source code and the engineers, designers and authors of those differences, and identify the person(s) most knowledgeable about the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all files" that relate to documents produced in response to Request Nos. 9–13; (iv) it is unduly burdensome to the extent that it would require a comparative analysis of different versions of the Android 4.0 Ice Cream Sandwich source code; (v) it is compound and comprises discrete subparts resulting in separate interrogatories; and (vi) it is vague and ambiguous, particularly as to the terms "files," "relate to," "responsible for that file," "publicly available version of the Android 4.0 Ice Cream Sandwich source code," and "engineers, designers and authors of those differences."

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

The source code for the version of Ice Cream Sandwich used on Galaxy Nexus was written by Google, not Samsung. Samsung does not have possession of the source code; Google provides Samsung with object code in binary form to be installed onto the Galaxy Nexus. The binary object code is unreadable by a human being.

**INTERROGATORY NO. 3:**

For all source code files or modules identified or referenced in any expert declaration attached to Apple's Motion for Preliminary Injunction, including the expert declarations of Dr. Todd Mowry, Dr. Nathaniel Polish, Dr. Ravin Balakrishan and Dr. Karan Singh, identify whether the file or module as referenced or identified is present in the Samsung Galaxy Nexus, or if it is not, identify any differences between that file and module and the version of the file or module

that is present in the Samsung Galaxy Nexus and, identify the person(s) most knowledgeable about the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "source code files or modules" referenced in "any expert declaration attached to Apple's Motion for Preliminary Injunction, including the expert declarations of Dr. Todd Mowry, Dr. Nathaniel Polish, Dr. Ravin Balakrishan and Dr. Karan Singh"; (iv) it is unduly burdensome to the extent that it would require a comparative analysis of different versions of the Android 4.0 Ice Cream Sandwich source code; (v) it is compound and comprises discrete subparts resulting in separate interrogatories; and (vi) it is vague and ambiguous, particularly as to the terms "module" and "file."

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

The source code for the version of Ice Cream Sandwich used on Galaxy Nexus was written by Google, not Samsung. Samsung does not have possession of the source code; Google provides Samsung with object code in binary form to be installed onto the Galaxy Nexus. The binary object code is unreadable by a human being.

**INTERROGATORY NO. 4:**

Describe the facts and circumstances surrounding Samsung's knowledge of the Preliminary Injunction Patents, including but not limited to, whether or not Samsung was aware of

each of the Preliminary Injunction Patents prior to the filing of this lawsuit; when Samsung became aware of each of the Preliminary Injunction Patents; how Samsung became aware of each of the Preliminary Injunction Patents; and any efforts made to avoid infringement of each of the Preliminary Injunction Patents; and, identify the person(s) most knowledgeable about the response to this interrogatory, and locate and identify all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent that it seeks "facts and circumstances surrounding" Samsung's knowledge of the preliminary injunction patents; (iii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iv) it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (v) it is vague and ambiguous; (vi) it calls for legal conclusions; and (vii) it is compound and comprises discrete subparts resulting in separate interrogatories.

**INTERROGATORY NO. 5:**

If you contend or believe that you do not infringe any asserted claim of the Preliminary Injunction Patents, state with specificity the complete factual and legal bases for such contention or belief, including a claim chart identifying which claim limitations are not found in the Samsung Galaxy Nexus, the claim constructions or definitions used in supporting this contention or belief, and if you believe that any claim or claim limitation is governed but 35 U.S.C. 112 ¶ 6, identify the factual and legal basis for that belief and the corresponding structure, material, or acts described in the specification and equivalents thereof and further including an identification of all

1 documents and things supporting such contention or belief, and an identification of the persons
2 most knowledgeable of the facts supporting such contention or belief.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that: (i) it prematurely seeks disclosure of Samsung's non-infringement contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overbroad and unduly burdensome to the extent it purports to require Samsung to create information or documents that do not already exist; (iv) it is vague and ambiguous and calls for speculation, particularly as to the term "equivalents thereof"; and (v) it is compound and comprises discrete subparts resulting in separate interrogatories.

**INTERROGATORY NO. 6:**

If you contend or believe that any asserted claim of the Preliminary Injunction Patents is invalid and/or unenforceable, state with specificity the complete factual and legal bases for such contention or belief, including an identification of all alleged prior art, a claim chart showing where each limitation of each claim can be found in the alleged prior art, the claim constructions or definitions used in supporting this contention or belief, and if you believe that any claim or claim limitation is governed but 35 U.S.C. 112 ¶ 6, identify the factual and legal basis for that belief and the corresponding structure, material, or acts described in the specification and equivalents thereof and an identification of all documents and things (including, but not limited to, alleged prior art) supporting such contention or belief, an identification of the specific provision of

Title 35 upon which such contention or belief is based, and an identification of the persons most knowledgeable of the facts supporting such contention or belief.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that: (i) it prematurely seeks disclosure of Samsung's invalidity and unenforceability contentions, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is overbroad and unduly burdensome to the extent it purports to require Samsung to create information or documents that do not already exist; (iv) it is vague and ambiguous and calls for speculation, particularly as to the term "equivalents thereof"; and (v) it is compound and comprises discrete subparts resulting in separate interrogatories.

**INTERROGATORY NO. 7:**

If you contend or believe that Apple has not been or will not be irreparably harmed by the sale of the Samsung Galaxy Nexus, state with specificity the complete factual and legal bases for such contention or belief, including but not limited to all factual and legal bases covering any contention or belief that the smartphone market is not undergoing a transformation whereby consumers are purchasing their first smartphone, that customers are not loyal to the platform or operating system of their first smartphone, and that Samsung is not marketing its smartphones to first time smartphone buyers or customers and identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory to the extent that: (i) it prematurely seeks disclosure of Samsung's contentions regarding alleged irreparable harm, in violation of the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's February 8, 2012 Order Setting Initial Case Management Conference and ADR Deadlines, the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion; (ii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it is vague and ambiguous, particularly as to the terms "smartphone market," "transformation," and "loyal"; and (iv) it is compound and comprises discrete subparts resulting in separate interrogatories.

**INTERROGATORY NO. 8:**

Identify and describe in detail any analysis, review, consideration, or copying of, or comparison against any Apple product or product feature in designing or developing, or implementing a feature during the design and/or development of any Samsung smartphone or tablet computer and identify all documents and things relating to your response, and any persons with knowledge regarding your response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (iv) it is vague and

1  ambiguous; and (v) it is compound and comprises discrete subparts resulting in separate
2  interrogatories.
3
4  **INTERROGATORY NO. 9:**
5       For each of the accused features, including Slide to Unlock, Text Correction, Unified
6  Search and Special Text Detection, identify and describe in detail any analysis, whether internal or
7  external, including, but not limited to, any consumer study, consumer demand analysis, survey, or
8  report, or other analysis or discussion, and identify all documents and things relating to your
9  response, and any persons with knowledge regarding your response.
10
11 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**
12      In addition to its General Objections above, which it hereby incorporates by reference,
13 Samsung objects to this Interrogatory on the ground that: (i) it seeks to elicit information subject
14 to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint
15 defense privilege, the common interest doctrine, and/or any other applicable privilege or
16 immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to
17 Apple's Motion for a Preliminary Injunction; (iii) it is vague and ambiguous, especially with
18 regard to the terms "analysis," consumer study," "consumer demand analysis," "survey," "report,"
19 and "other analysis or discussion"; (iv) it is vague, ambiguous, and unintelligible to the extent it
20 seeks information about any "accused features" that are not specifically identified in the
21 interrogatory; and (v) it is compound and comprises discrete subparts resulting in separate
22 interrogatories.
23      Subject to and without waiving the foregoing general and specific objections, Samsung
24 responds as follows:
25      The features identified in this interrogatory – Slide to Unlock, Text Correction, Unified
26 Search and Special Text Detection – were developed by Google, not Samsung. Samsung is
27 presently unaware of any consumer studies, analyses, or reports regarding these features.
28 Samsung's investigation is ongoing and, to the extent that Samsung's investigation subsequently

reveals the existence of any such consumer studies, analyses, or reports regarding these features, then Samsung will supplement this response accordingly as well as produce responsive non-privileged documents regarding any such consumer studies, analyses, or reports regarding these features.

**INTERROGATORY NO. 10:**

For each of the following, identify all discussions, internally or with third parties, regarding, or consideration of, the design, and implementation of, any of the accused features, including (i) Slide to Unlock, (ii) Text Correction, (iii) Unified Search, and (iv) Special Text Detection as implemented in any Samsung product, including but not limited to Samsung smartphones and tablet computers, and identify the three persons most knowledgeable about such discussions, designs, and implementation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all discussions . . . or consideration of" "any of the accused features"; (iv) it seeks confidential proprietary or trade secret information of a third party (Google); (v) it is vague and ambiguous, especially with regard to the term "consideration of"; (vi) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "accused features" that are not specifically identified in the interrogatory; and (vii) it is compound and comprises discrete subparts resulting in separate interrogatories.

1    Subject to and without waiving the foregoing general and specific objections, Samsung
2 responds as follows:
3    Samsung is presently unaware of any non-privileged discussions, internally or externally,
4 regarding design or implementation of the four accused features – Slide to Unlock, Text
5 Correction, Unified Search and Special Text Detection – of Galaxy Nexus.  Samsung's
6 investigation is ongoing and, to the extent that Samsung's investigation subsequently reveals the
7 existence of any such discussions, then Samsung will supplement this response accordingly as
8 well as produce responsive non-privileged documents regarding such discussions.

10 DATED: March 27, 2012         Respectfully submitted,

                                QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By   /s/ Patrick M. Shields
                                     Charles K. Verhoeven
                                     Kevin P.B. Johnson
                                     Victoria F. Maroulis
                                     William C. Price
                                     Patrick M. Shields
                                     Attorneys for SAMSUNG ELECTRONICS CO.,
                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC. and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On March 27, 2012, I served or had served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION REQUESTS FOR PRODUCTION TO DEFENDANTS**

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION INTERROGATORIES**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 |

**BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed below their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2012, at Los Angeles, California.


　　　　　　　　　　　　　　　　　　_/s/ Pamela S. Davis_