# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendants. | Civil Action No. 11-CV-01846-LHK<br><br>**AGREED UPON PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

# AGREED UPON PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff and counterclaim-defendant Apple Inc. ("Apple") and defendants and counterclaim-plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") (collectively referred to herein as the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

    (a) Unless otherwise agreed by the parties, Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

    (b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

02198.51855/4543875.1

AGREED UPON PROTECTIVE ORDER
REGARDING DISCLOSURE AND
USE OF DISCOVERY MATERIALS

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or by order of the Court.

(d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this case, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) <u>Basic Principles</u>. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except as expressly provided herein. Protected Material shall not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) <u>Patent Prosecution Bar</u>. Absent the written consent of the Producing Party, anyone who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications (whether for design or utility patents), specifications, claims,

and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office.  These prohibitions are not intended to and shall not preclude (i) participating in or advising on any reexamination or reissue proceeding by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Plaintiff's~~ Apple's Outside Counsel with respect to any patents in which ~~Plaintiff~~ Apple has any interest; and (ii) participating in or advising on any reexamination or reissue proceeding by ~~Plaintiff~~ Apple's Outside Counsel with respect to any patents in which ~~Defendants have~~ Samsung has any interest, or participating in or advising on any reexamination or reissue proceeding (except for participating in or advising on, directly or indirectly, claim drafting or amending claims) by ~~Defendants'~~ Samsung's Outside Counsel with respect to any patents in which ~~Defendants~~ Samsung ~~have~~ has any interest.

(c) The prohibitions in Paragraph 6(b) shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(d) <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**STIPULATED AND AGREED:**

Dated: December 22, 2011  Respectfully submitted,

| | |
|---|---|
| */s/ Mark D. Selwyn* <br> William F. Lee <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> Mark D. Selwyn <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 <br><br> Harold J. McElhinny <br> Michael A. Jacobs <br> Richard S.J. Hung <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> *Counsel for Plaintiff and Counterclaim-Defendant Apple Inc.* | */s/ Diane C. Hutnyan* <br> Charles K. Verhoeven <br> QUINN EMANUEL URQUHART <br>   & SULLIVAN LLP <br> 50 California Street, 22nd Floor <br> San Francisco, California 94111 <br> Telephone: (415) 875-6600 <br><br> Victoria Maroulis <br> QUINN EMANUEL URQUHART <br>   & SULLIVAN LLP <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, California 94065 <br> Telephone: (650) 801-5066 <br><br> Diane C. Hutnyan <br> QUINN EMANUEL URQUHART <br>   & SULLIVAN LLP <br> 865 S. Figueroa St., 10th Floor <br> Los Angeles, California 90017 <br> Telephone: (213) 443-3000 <br><br> *Counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC* |

**IT IS SO ORDERED.**

Date: ___1/30/2012_____        _____Paul S. Grewal_____
                                  UNITED STATES ~~DISTRICT~~ JUDGE
                                           MAGISTRATE