# EXHIBIT 2

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena will be served on Google Inc.

Dated: April 5, 2012                         GIBSON, DUNN & CRUTCHER LLP

By: _____

**Attorneys for Apple Inc.**

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: 04/16/2012 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/05/2012

CLERK OF COURT

_____          OR          *Mark Lyon/smr*
Signature of Clerk or Deputy Clerk                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:
H. Mark Lyon, Gibson Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211, 650-849-5300, MLyon@gibsondunn.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

### DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

      5.      "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

      6.      "Apple" means Apple Inc.

      7.      "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

      8.      "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

       9.     "Unified Search" means software, features and functionality for searching of a

plurality of resources such as contacts, email, messages, search history, and other resources using

a single interface, including but not limited to the Android Quick Search Box, as well as the

functionality for software, applications, modules or other sources to be available for search

within the Android Quick Search Box, and the ability to select which software, applications,

modules or other sources will be searched and the functionality or interface to make the software,

applications, modules or other sources searchable through the single user interface.  Unified

Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User

Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/

www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android

Quick Search Box" described at http://android-developers.blogspot.com/search/label/

Quick%20Search%20Box, and further includes the ability to make software or modules

"Searchable items" as described in the Galaxy Nexus User Guide at 13 and

http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions

[that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

       10.    "Special Text Detection" means software, features and functionality relating to

the recognition of text within a web page, email message, text message, SMS message, MMS

message or other displayed text that represents an email address, phone number, physical

address, date, time, calendar entry or fax number, including text containing partial

representations of those items and the ability to select the text and perform an action with the text

such as placing a telephone call, looking up an address or storing in the Contacts

application.  Special Text Selection includes but is not limited to the ability to "place calls from

the Phone app, the People app, or other apps or widgets that display contact information,"

described in the Galaxy Nexus User Guide at 43 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## **INSTRUCTIONS**

1.    Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.    All documents should be produced as maintained in the ordinary course of business.

3.    If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.    Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of the Android mobile platform, in source code form, provided to Samsung for use in the Samsung Galaxy Nexus.

### REQUEST NO. 2

A copy of the Android mobile platform, in source code form, used by Samsung in the Samsung Galaxy Nexus.

### REQUEST NO. 3

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

### REQUEST NO. 4

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

### REQUEST NO. 5

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

### REQUEST NO. 6

All documents that comprise, refer, or relate to communications between you and

5

Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

**REQUEST NO. 7**

Documents sufficient to show the design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

**REQUEST NO. 8**

Documents sufficient to show the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 9**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 10**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

**REQUEST NO. 11**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

**REQUEST NO. 12**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 04/27/2012 9:30 am |

The deposition will be recorded by this method:   stenographically including Realtime and videographically

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/05/2012

CLERK OF COURT

OR   *Mark Lyon/sm*

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn and Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**NOTICE OF DEPOSITION OF GOOGLE INC.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and as set forth on the attached Subpoena, Plaintiff Apple Inc., by and through counsel, will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and for use at trial.

The deposition will begin at 9:30 a.m. on April 27, 2012, and continue day-to-day until completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto 94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may jointly agree.

In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to the matters known by, or reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to be recorded both stenographically and by videotape, and a real-time transcription service such as LiveNote or similar software may be used.  The deposition will be taken by oral examination before a notary public or other person authorized by law to administer oaths.

Dated:  April 5, 2012                         GIBSON, DUNN & CRUTCHER LLP

                                              By:  _____

                                              *Attorneys for Apple Inc.*

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

     5.     "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

     6.     "Apple" means Apple Inc.

     7.     "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

     8.     "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

9.      "Unified Search" means software, features and functionality for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search within the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched and the functionality or interface to make the software, applications, modules or other sources searchable through the single user interface.  Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/ Quick%20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

10.     "Special Text Detection" means software, features and functionality relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address, phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## DEPOSITION TOPICS

1.    All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on April 5, 2012, including without limitation the authenticity thereof.

2.    The Android mobile platform (including any source code) used in the Samsung Galaxy Nexus.

3.    The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's April 5, 2012 Subpoena for Documents, Information, and Objects to you and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.    Communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

5.       Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

6.       Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

7.       The design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

8.       The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

9.       Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

10.      Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

11.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

12.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

`

1   JOSH A. KREVITT (CA SBN 208552)
    jkrevitt@gibsondunn.com
2   H. MARK LYON (CA SBN 162061)
    mlyon@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
4   Palo Alto, CA  94304-1211
    Telephone: (650) 849-5300
5   Facsimile: (650) 849-5333

    MICHAEL A. JACOBS (CA SBN 111664)
    mjacobs@mofo.com
    RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, California 94105-2482
    Telephone: (415) 268-7000
    Facsimile: (415) 268-7522

6

7   ***Attorneys for Plaintiff Apple Inc.***

8

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14   APPLE INC., a California corporation,

15                   Plaintiff,

16          v.

17   SAMSUNG ELECTRONICS CO., LTD., a
     Korean corporation; SAMSUNG
18   ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG
19   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
20
21                   Defendants.

     CASE NO. 12-cv-00630-LHK

     **CERTIFICATE OF SERVICE**

22

23

24

25

26

27

28

1    I, Irina Zyubina, hereby certify that on this 5th day of April, 2012, I did cause the following

2    documents to be served in the following manner:

3

4    • **APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.**

5    On the interested parties in this action addressed as follows:

6

7    **ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,**
     **LTD., SAMSUNG ELECTRONICS AMERICA, INC. and**

8    **SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

9    Patrick Shields

10   Victoria F. Maroulis
     Charles K. Verhoeven

11   Kevin A. Smith
     Kevin P.B. Johnson

12   Quinn Emanuel Urquart & Sullivan, LLP
     555 Twin Dolphin Drive, 5th Floor

13   Redwood Shores, California  94065
     (650) 801-5000

14   victoriamaroulis@quinnemanuel.com

15   kevinjohnson@quinnemanuel.com
     patrickshields@quinnemanuel.com

16   charlesverhoeven@quinnemanuel.com
     kevinsmith@quinnemanuel.com

17

18

19   **X**    **BY ELECTRONIC MAIL TRANSMISSION** from izyubina@gibsondunn.com, by
     transmitting PDF copies of such documents to each such person identified above, at the e-mail

20   address listed in their addresses.  The documents were transmitted by electronic transmission
     and such transmission was reported as complete and without error.

21   I declare that I am employed in the office of a member of the bar of this Court at whose direction the
     service was made.

22

23   Executed on April 5, 2012, at Palo Alto, California.

24

25   Dated:   April 5, 2012                              *Irina Zyubina*

26                                                       Irina Zyubina

27

28