[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br>Date:     May 2, 2012<br>Time:    2:00 p.m.<br>Place:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this Case Management Statement and Proposed Order. Counsel for Apple, Inc. ("Apple") and counsel for Samsung Electronics, Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") met and conferred beginning on April 11, 2012.

### 1. **Jurisdiction and Service**

*For Apple's Case*

Apple contends that this Court has subject matter jurisdiction over Apple's claims against Samsung under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks). Apple further contends that this Court has personal jurisdiction over each Defendant because each has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. Samsung does not contest jurisdiction or venue with regard to Apple's claims. All named parties have been served, and there are no unresolved issues relating to service of process.

*For Samsung's Case*

Samsung contends that this Court has jurisdiction over its counterclaims for patent infringement and declaratory relief pursuant to U.S.C. §§ 1331, 1338(a), 2201(a), and 2202. Apple agrees that, for purposes of Samsung's counterclaims only, this Court has personal jurisdiction over Apple and that venue is proper in this District. All named parties have been served, and there are no unresolved issues relating to service of process with respect to Samsung's counterclaims.

### 2. **Facts**

*For Apple's Case*

On February 8, 2012, Apple filed this action, asserting claims for infringement of U.S. Patent Nos. 5,946,647 (the "'647 Patent"), 6,847,959 (the "'959 Patent"), 8,046,721 (the "'721 Patent"), 8,074,172 (the "'172 Patent"), 8,014,760 (the "'760 Patent"), 5,666,502 (the "'502 Patent"), 7,761,414 (the "'414 Patent"), and 8,086,604 (the "'604 Patent") based on Samsung's sale, offer to

sell, and/or importation of the following products: the Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones; the Galaxy Player 4.0 and Galaxy Player 5.0 media players; and the Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets.

Concurrently with its Complaint, Apple filed a motion for preliminary injunction seeking to preliminarily enjoin Samsung from making, using, offering to sell, or selling within the United States, or importing into the United States, the recently released Galaxy Nexus smartphone. While Apple's Case covers the eight patents and seventeen products described above, the motion for preliminary injunction deals only with Samsung's alleged infringement of the '647, '604, '721, and '172 Patents through the sale, offer to sell, and/or importation of the Galaxy Nexus smartphone.

*For Samsung's Case*

On April 18, 2012 Samsung filed an Answer to the Complaint, seeking declarations of non-infringement and invalidity of Apple's asserted patents and bringing counterclaims based on eight patents: U.S. Patent Nos. 7,756,087 (the "'087 Patent"), 7,551,596 (the "'596 Patent"), 7,672,470 (the "'470 Patent"), 7,577,757 (the "'757 Patent"), 7,232,058 (the "'058 Patent"), 6,292,179 (the "'179 Patent"), 6,226,449 (the "'449 Patent"), and 5,579,239 (the "'239 Patent"). Samsung identifies all iPhones, all iPads, all iPods, all Apple computers, Apple TV, iCloud, and iTunes as allegedly infringing products. Apple has not yet filed its Answer to Samsung's Counterclaims, which is due on May 9, 2012.

### 3. **Legal Issues**

The legal issues in dispute are those raised in Apple's Complaint, Apple's motion for preliminary injunction, Samsung's affirmative defenses and counterclaims, and the parties' various motions, including the following:

- Whether Apple's asserted patents are valid;
- Whether Samsung's phones, tablets, and media players infringe Apple's asserted patents;
- Whether Apple should be granted a preliminary injunction against Samsung's Galaxy Nexus;

- The amount of damages and other monetary relief for which Samsung is liable;
- Whether Apple should be granted a permanent injunction against Samsung's accused products;
- Whether Samsung's asserted patents are valid;
- Whether Apple's accused products infringe Samsung's asserted patents;
- The amount of damages and other monetary relief for which Apple is liable;
- Whether Samsung should be granted a permanent injunction against Apple's accused products; and
- The proper construction to be given to the claims of the patents-in-suit.

### 4. Motions

Apple has filed the following motions:

- A motion for preliminary injunction on February 8, 2012 (D.N. 10);
- A motion to compel responses to interrogatories on April 13, 2012 (D.N. 96);
- A motion to compel production of documents and things on April 16, 2012 (D.N. 99); and
- Various administrative motions.

Apple is considering filing motions for summary judgment on one or more claims, defenses, or issues.

Samsung has filed various administrative motions. Samsung is considering filing motions for summary judgment on one or more claims, defenses, or issues.

Other motions may be filed as the case progresses, and the parties reserve their right to address the same.

### 5. Amendment of Pleadings

The parties may amend their pleadings until August 31, 2012.

### 6. Disclosures

The parties have not served initial disclosures. Under FRCP 26(a)(1)(C), the parties are required to serve initial disclosures within 14 days of the Rule 26(f) conference, unless changed by stipulation. The parties have agreed, subject to the Court's approval, to serve their initial disclosures on May 16, 2012.

**7.  Discovery**

   **a.  Discovery Taken to Date**

**Apple's Statement:**

The parties have engaged in expedited discovery relevant to the Motion for Preliminary Injunction. The parties served their first sets of interrogatories and requests for production on March 6, 2012 and, since then, have exchanged objections and responses thereto. The parties also have disclosed a number of experts on the issues raised by the preliminary injunction and have taken a number of depositions. Notwithstanding extensive meet-and-confer efforts, Samsung has failed to produce discovery relevant to Apple's motion for preliminary injunction. For example, Samsung has refused to produce documents relating to its knowledge and possible copying of Apple's technology, as well as relating to the marketplace in which Apple and Samsung compete. As a result, Apple filed a Motion to Compel Responses to Interrogatories and a Motion to Compel Production of Documents and Things. Samsung filed Oppositions to those motions on April 18, 2012, and Apple filed its Replies on April 20, 2012.

After Samsung objected to certain discovery responses on the grounds that, *inter alia*, Google alone had possession of responsive information, Apple promptly served a Subpoena to Produce Documents, Information or Objects ("Subpoena") on non-party Google, Inc. ("Google") on April 5, 2012. Google served Apple with responses and objections to the discovery requests contained in the Subpoena on April 16, 2012. Like Samsung, Google has refused to produce discovery relevant to Apple's motion for preliminary injunction, including communications between Google and Samsung. Apple is engaged in meet-and-confer discussions with counsel for Google (Quinn Emanuel, the same firm that represents Samsung in these proceedings) and may file a motion to compel if those discussions do not prove fruitful.

**Samsung's Statement:**

The parties have engaged in expedited discovery relevant to Apple's Motion for a Preliminary Injunction, pursuant to the terms of the Court's February 22, 2012 Order (D.N. 37). The parties have each served interrogatories and requests for production, and have exchanged objections and responses. Both parties have also produced documents related to the Motion on a rolling basis.

Samsung has produced discovery relevant to Apple's Motion, which concerns four accused features of one product, the Galaxy Nexus smartphone. Samsung has provided discovery responses regarding the Galaxy Nexus, the accused features, and the market in which it competes. To date, Samsung has produced over one million pages of responsive documents.

Apple, however, has propounded case-wide discovery that is not relevant to its Motion. For example, Apple seeks documents and communications regarding the design, development, and implementation of "any Samsung product," business plans and market strategies for all Samsung smartphones and tablet computers, any analysis regarding "any Apple product," and "all documents" relating to competition between "any Samsung smartphone, and any Apple product." None of this discovery regarding other products is pertinent to Apple's motion to enjoin sales of the Galaxy Nexus. Apple also seeks documents and written discovery regarding Apple's allegations of willfulness, regarding Samsung's efforts to design around the patents-in-suit, and regarding potential consumer confusion—none of which bear on any of the factors the Court must weigh in deciding whether to issue an injunction. Apple disregards this Court's Order that expedited discovery must be "reasonable in scope and narrowly tailored to address the preliminary injunction motion." (D.N. 37.) Samsung has responded to the subset of Apple's discovery that relates to that Motion; discovery on other topics should proceed in the normal course, not on the expedited preliminary injunction schedule.

### b. Limitations on Discovery

The parties agree that at depositions that require an interpreter, there shall be an official interpreter hired by the side taking the deposition. The parties further reserve the right to hire their own interpreter to verify the translation by the official interpreter. The parties propose the following limits for discovery other than that sought in connection with the preliminary injunction.

***Depositions***

*Standard:* 10 depositions (FRCP 30(a)(2), 31(a)(2))

*Proposal:* 140 hours of total deposition time for each side (*i.e.*, 140 hours for Apple and 140 hours for the Samsung entities collectively); 7-hour limit for individual depositions, except the 7-hour limit for individual depositions does not apply to 30(b)(6) depositions (*i.e.*, there is no limit on the deposition length for a 30(b)(6) deponent); the amount of actual deposition time shall count against the total, but, at a minimum, each deposition commenced shall count as at least 3.5 hours of deposition time; individual and 30(b)(6) depositions count against total time, but third-party and expert depositions do not; depositions requiring an interpreter count as half time.

**Interrogatories**

*Standard*: 25 interrogatories (FRCP 33(a)(1))

*Proposal*: 50 interrogatories for each side.

**Requests for Production**

No limit in FRCP.

*Proposal*: no limit.

**Requests for Admission**

No limit in FRCP.

*Proposal*: 100 requests for admission per party; requests for admission of the authenticity of a document do not count against the limit.

      **c.**     **Discovery of ESI**

The parties intend to discuss and enter into an ESI stipulation addressing preservation, collection, and production of ESI.

      **d.**     **Protective Order**

The parties are still negotiating the scope of a protective order to govern this action.  In the interim, the parties are operating under the "Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials" entered in *Apple v. Samsung*, Case No. 11-cv-1846-LHK (PSG), Docket No. 687.  (D.N. 80.)  The parties are discussing and considering cross-use provisions to account for additional foreign and domestic litigations between the parties.

e. **Privilege and Privilege Logs**

The parties are in discussions on and will enter into a stipulation regarding appropriate procedures with respect to privilege logs.

f. **Discovery from Experts**

The parties will meet and confer regarding the entry of a stipulation limiting the discovery of expert materials. The parties have also agreed to meet and confer following the exchange of expert reports to set reasonable limits on expert deposition time.

8. **Class Actions**

This is not a class action.

9. **Related Cases**

The parties currently have another action pending before the Honorable Lucy H. Koh, *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:11-cv-1846-LHK (N.D. Cal.), which is scheduled for trial to begin on July 30, 2012.

Additionally, counterparts to many of the patents-in-suit are being litigated between the parties in cases within and outside the U.S., listed in the order in which they were filed:

- **4/21/2011:** *Samsung Electronics Co., Ltd. v. Apple Japan, Inc.* (Tokyo District Court, Japan – JP Pat. No. 4642898 - 2011 (Yo) No. 22027)

- **4/21/2011:** S*amsung Electronics Co., Ltd. v. Apple Japan, Inc.* (Tokyo District Court, Japan – JP Pat. No. 4299270 - 2011 (Yo) No. 22028)

- **4/21/2011:** *Samsung Electronics Co., Ltd. v. Apple Korea Ltd* (Seoul Central District Court, Korea - 2011 Kahap 39552)

- **4/21/2011:** *Samsung Electronics GmbH v. Apple, Inc. and Apple GmbH* (Mannheim Regional Court, Germany) (7 O 247/11)

- **6/17/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan – JP Pat. No. 4204977 - 2011 (Yo) No. 22048)

- **6/17/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan – JP Pat. No. 4743919 - 2011 (Yo) No. 22049)

- **6/17/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Mannheim Regional Court, Germany) (7 O 166/11)

- **6/22/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (Seoul Central District Court, Korea - No. 2011 Gahap 63647)

- **6/27/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (District Court of the Hague, Netherlands) (KG 11-730)

- **6/27/2011:** *Apple Inc. v. Samsung Electronics Co., Ltd.* (District Court of the Hague, Netherlands) (KG 11-731)

- **6/28/2011:** *In the Matter of Certain Mobile Electronic Devices* (ITC Case *Samsung v. Apple* 337-TA-794)

- **6/29/2011:** *Samsung Elec. Co. Ltd. et al. v. Apple Inc.* (D. Del. 11-cv-573-LPS)

- **6/29/2011:** *Samsung Electronics Italia s.p.a. v. la Apple Inc.* (Tribunale Di Milano, Italy)

- **6/29/2011:** *Samsung Elec. Co. Ltd. v. Apple Retail UK et al.* (UK High Court of Justice Chancery Div. Patents Court HC 11 CO 2180)

- **7/5/2011:** *In the Matter of Certain Electronic Digital Media Devices and Components Thereof* (ITC Case *Apple v. Samsung* 337-TA-796)

- **7/8/2011:** *Samsung Electronics Co. Ltd and Samsung Electronics France v. Apple France et al.* (Tribunal De Grande Instance De Paris 11/10464)

- **7/28/2011:** *Apple Inc. v. Samsung Electronics Ltd. Co.* (Federal Court of Australia, New South Wales District Registry, General Division) (NSD1243/2011)

- **8/4/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 194/11)

- **8/5/2011:** *Apple GmbH v. Samsung Electronics Co. Ltd.* (Federal Patent Court, Munich, Germany) (Case No. 5 Ni 49/11 (EP 726))

- **8/23/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan) (Case No. 2011 (Yo) No. 27781)

- **8/23/2011:** *Apple Inc. v. Samsung Japan Corp.* (Tokyo District Court, Japan) (Case No. 2011 (Yo) No. 27941)

- **8/26/2011:** *Apple GmbH v. Samsung Electronics Co. Ltd.* (Federal Patent Court, Munich, Germany) (Case No. 5 Ni 51/11 (EP 528))

- **9/2/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 219/11)

- **9/2/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 220/11)

- **9/16/2011:** *Apple GmbH v. Samsung Electronics Co. Ltd.* (Federal Patent Court, Munich, Germany) (Case No. 5 Ni 55/11 (EP 269))

- **9/16/2011:** *Apple Japan, Inc. v. Samsung Electronics Co. Ltd.* (Tokyo District Court, Japan) (Case Nos. 2011 (Wa) 30843 and (Wa) 38969)

- **10/5/2011:** *Samsung Electronics Co. Ltd., et al. v. Apple Inc., et al.* (Court of Milan – IP Chamber, Milan, Italy) (Case No. 59734/2011)

- **10/5/2011:** *Samsung Electronics Co. Ltd., et al. v. Apple Inc., et al.* (Paris Civil Court, Paris, France) (Case No. 11/58301)

- **10/7/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (14c O 255/11)

- **10/11/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (14c O 255/11)

- **10/17/11:** *Samsung Electronics Co. Ltd. v. Apple Inc.* (Tokyo District Court, Japan) (Case Nos. 2011 (Yo) 22079, 22080, 22081, and 22082)

- **10/26/2011:** *Samsung Electronics Co. Ltd. v. Apple Inc.* (Federal Court of Australia) (Case No. NSD 1792 of 2011)

- **11/25/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 292/11)

- **11/25/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 293/11)

- **11/25/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Düsseldorf Regional Court, Germany) (Case No. 14c O 294/11)

- **11/25/2011:** *Apple Inc. v. Samsung Electronics Co. Ltd.* (District Court of the Hague, Netherlands)

- **11/28/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Mannheim Regional Court, Germany) (Case No. 7 O 70/12)

- **11/28/2011:** *Apple Inc. v. Samsung Electronics GmbH* (Munich Regional Court, Germany) (Case No. 21 O 26022/11)

- **12/6/2011:** *Samsung Electronics Co. Ltd. v. Apple Japan, Inc.* (Tokyo District Court, Japan) (Case No. 2011 (Yo) 22098)

- **12/16/2011**: *Samsung Electronics Co. Ltd. v. Apple Inc.* (Mannheim Regional Court, Germany) (Case Nos. 7 O 19/12, 7 O 54/12, 7 O 53/12, and 7 O 18/12)

- **2/27/2012:** *Apple Inc v. Samsung Electronics Co.* (Community Designs Court, Alicante, Spain) (Case No. 755/2011-C)

**10. Relief**

**Apple's Statement:**

*The Apple Case*

The relief Apple seeks in its case against Samsung is detailed in its Complaint and Motion for

a Preliminary Injunction. In summary, Apple seeks:

- A judgment that each of Apple's asserted patents is valid and enforceable;

- A judgment that Samsung has infringed, contributorily infringed, and/or induced infringement of one or more claims of Apple's asserted patents;

- An order and judgment preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further infringement of Apple's asserted patents;

- A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

- A judgment awarding Apple all damages, including treble damages, based on any infringement found to be willful, together with prejudgment interest;

- A judgment awarding Apple all of Samsung's profits together with prejudgment interest;

- Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law; and

- Various other relief, including reasonable funds for future corrective advertising, an accounting of Samsung's profits, treble damages, punitive damages pursuant to the California Civil Code, restitutionary relief, costs of suit and reasonable attorneys' fees, and any other relief to which Apple may be entitled.

*The Samsung Case*

While Apple has not yet answered Samsung's counterclaims, Apple seeks at least the following relief in Samsung's case against Apple:

- An order dismissing Samsung's Counterclaims in their entirety, with prejudice;

- A judgment in favor of Apple and against Samsung;

- A judgment that Samsung's asserted patents are invalid and unenforceable;

- A judgment that Apple has not infringed, contributorily infringed, and/or induced infringement of any claims of Samsung's asserted patents;

- A judgment that Samsung is not entitled to a preliminary or permanent injunction with respect to any claims of Samsung's asserted patents; and

- A judgment that Apple is not liable for damages, treble damages, attorneys' fees, expenses, costs, or interest.

**Samsung's Statement:**

Samsung seeks relief as described in its Answer, Affirmative Defenses, and Counterclaims (D.N. 107), including:

- A judgment that Apple has infringed one or more claims of Samsung's asserted patents;
- An order permanently enjoining Apple from further infringement of Samsung's asserted patents;
- Damages in an amount to be proven at trial, including treble damages for willful infringement and prejudgment interest;
- Dismissal of Apple's claims with prejudice and entry of judgment in Samsung's favor;
- A declaratory judgment that Samsung has not infringed any of the claims of Apple's asserted patents;
- A declaratory judgment that Apple's asserted patents are invalid and unenforceable; and
- An award of Samsung's attorneys' fees and costs of suit.

**11. Settlement and ADR**

On April 11, the parties agreed as part of the required ADR stipulation to engage in private mediation before a neutral and at a time and date that is mutually acceptable to both parties within the next 180 days. On April 25, the Court rejected the parties' ADR stipulation, and ordered the parties to attend instead a Magistrate Judge Settlement Conference with Magistrate Judge Spero within 82 days.

**12. Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**13. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Scheduling**

The parties' proposed schedule is set forth in the following table:

| Event | Parties' Proposal |
|---|---|

| | |
|---|---|
| Rule 26(f) report | April 25, 2012 |
| Joint case management conference statement | April 25, 2012 |
| Case management conference | May 2, 2012 |
| Initial disclosures | May 16, 2012 |
| Disclosure of asserted claims and infringement contentions | June 15, 2012 |
| Invalidity contentions (Patent L.R. 3-3, 3-4) | August 10, 2012 |
| Proposed claim terms for construction (Patent L.R. 4-1) | August 31, 2012 |
| Deadline to Amend Pleadings | August 31 2012 |
| Parties exchange preliminary claim constructions and identify supporting evidence and experts (Patent L.R. 4-2) | October 5, 2012 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | October 26, 2012 |
| Close of claim construction discovery | December 14, 2012 |
| Opening claim construction briefs by party asserting patents | December 21, 2012 |
| Responsive claim construction briefs regarding opposing parties' patents | January 25, 2013 |
| Reply briefs regarding parties' patents | February 8, 2013 |
| *Markman* Tutorial | February 19, 2013 |
| Claim Construction Hearing | February 21, 2013 |
| Close of fact discovery | July 8, 2013 |
| Opening expert reports | September 9, 2013 |
| Rebuttal expert reports | October 21, 2013 |
| Close of expert discovery | December 6, 2013 |
| Opening briefs on dispositive motions | February 3, 2014 |
| Opposition briefs on dispositive motions | March 10, 2014 |

| Reply briefs on dispositive motions | March 31, 2014 |
|---|---|
| Hearing on dispositive motions | April 17, 2014 |
| Final pretrial conference | July 21, 2014 |
| Trial | August 11, 2014 |

### 15. Trial

Apple has demanded a jury trial for its claims and Samsung has demanded a jury trial for its counterclaims. If both parties' claims are tried in a single proceeding, a 25-day trial may be required.

### 16. Disclosure of Non-Party Interested Entities or Persons

The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local Rule 3-16.

### 17. Other Matters

Patent Local Rule 2-1(a) requires the parties to meet and confer on the following additional topics:

> **a. (1) Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstances of the particular case.**
>
> **b. (2) The scope and timing of any claim construction discovery including disclosure of and discovery from expert witnesses.**

The parties' proposed schedule addresses the Patent Local Rules and the timing of claim construction discovery.

> **c. (3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The parties propose two days for the Claim Construction Hearing, with one day per side. The parties do not envision presenting live witness testimony during the hearing.

> **d. (4) How the parties intend to educate the Court on the technology at issue.**

The parties propose to have a technology tutorial with time split evenly between Apple and Samsung. The parties do not envision presenting live witness testimony during the tutorial.

### e. (5) Service of Documents

The parties agree to service by email, with delivery of lengthy exhibits by overnight delivery (such as Federal Express) or by posting the documents on an FTP site. Service executed in that manner will be considered "actual delivery" under Civil Local Rule 5-5(a)(1) on the day that the documents are emailed and delivered to the courier for overnight delivery or posted on an FTP site.

Dated: April 25, 2012

                    GIBSON. DUNN & CRUTCHER LLP

                    By: */s/ H. Mark Lyon*

                    Attorney for Plaintiff
                    APPLE INC.

Dated: April 25, 2012

                    QUINN EMANUEL URQUHART & SULLIVAN LLP

                    By: */s/ Patrick M. Shields*

                    Attorney for Defendants
                    SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONSAMERICA, LLC

FINAL 101279597_1 DOCX (2).DOCX

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF User whose Id and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45, X.B., I hereby attest that Patrick M. Shields has concurred in this filing.

Dated: April 25, 2012  /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5,4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: April 25, 2012                    */s/ H. Mark Lyon*
                                         H. Mark Lyon