# EXHIBIT 9

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL: (415) 875-6600 FAX: (415) 875-6700

January 31, 2012

<u>VIA ELECTRONIC MAIL</u>

J. Jason Lang
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
apple.moto.weil@weil.com

Re:   Apple Inc. v. Motorola, Inc. et al., No. 10-23580 (S.D. Fla.)

Dear Mr. Lang:

I write to follow up on our meet and confer discussions regarding the subpoena Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple") served on non-party Google Inc. ("Google") on Friday, November 4, 2011 (the "Subpoena"). We appreciate Apple's willingness to narrow its discovery requests and work with Google in this matter. As you know, Apple has withdrawn all requests in the Subpoena except document categories 10-19 and deposition topics 7-16.

**Source Code Production**

Google has completed its production of highly confidential source code in response to the Subpoena.

**Category Nos. 10-14/Topic Nos. 7-11**

During our meet-and-confer discussion of January 19, 2012, you confirmed the scope of the

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

J. Jason Lang
January 31, 2012
Page 2

Google-provided functionality that Apple accuses for categories 10-14 and topics 7-11 is limited to outputting video to an external display through an HDMI port.  You also confirmed that Apple will narrow these topics and categories to the accused Motorola lead device, the Xoom.  Subject of course to its previously stated objections, Google will respond to these requests as narrowed.

**Category Nos. 15-19/Topic Nos. 12-16**

During our meet-and-confer discussion of January 19, 2012, you confirmed the scope of the Google-provided functionality that Apple accuses for categories 15-19 and topics 12-16 is limited to what you refer to as the "slide-to-unlock" and "pattern unlock" functionalities.  As Matt Warren noted in his letter of November 23, 2011, without agreeing to your descriptions of these functionalities, we understand what you are referring to.  You also confirmed that Apple will narrow these topics and categories to the accused Motorola lead devices, the Droid and the Xoom.  Subject of course to its previously stated objections, Google will respond to these requests as narrowed.

**Category Nos. 14, 19**

These requests call for documents sufficient to describe "any advice, guidance, instruction, service, assistance or other contribution provided by Google to Motorola or any other person" in order to enable the accused functionality, as narrowed, "including but not limited to conception, design, engineering, source code, manufacturing, testing, or verification of such functionality."  As you know, Android is an open-source project, and most Android products are based on Google's open-source code without involvement by Google beyond writing the open-source code itself.  Some devices, sometimes called "lead devices," are developed in cooperation with Google.  For Motorola, these lead devices are the Droid and the Xoom.

For non-lead devices, however, Motorola develops from Google's open-source code, but Google neither controls nor oversees this development.  As a result, it is unlikely that Google has responsive documents concerning non-lead accused Motorola devices.  Nevertheless, in an abundance of caution, we will conduct a reasonable search, including at least the engineers responsible for the relevant functionality, for documents responsive to categories 14 and 19 that concern the narrowed accused functionalities I have discussed above.  We do not currently believe Google has sufficient knowledge regarding this topic to tender a witness, but would be willing to reevaluate this position after completing our document review and production.

I believe this resolves all issues regarding the Subpoena, but please let me know if it does not.  Finally, nothing in this letter is intended to waive or withdraw our objections to the Subpoena, tendered on November 18, 2011.

Very truly yours,

/s
Kristin J. Madigan