# EXHIBIT 10

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL: (415) 875-6600 FAX: (415) 875-6700

January 9, 2012

<u>VIA ELECTRONIC MAIL</u>

Jill Ho
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
apple.moto.weil@weil.com

Re:  <u>Apple Inc. v. Motorola, Inc. et al., No. 10-23580 (S.D. Fla.)</u>

Dear Ms. Ho:

I write on behalf of non-party Google Inc. ("Google") concerning Apple's purported disclosures of information for Steven Feiner and Richard Goodin under Paragraph 11 of the protective order governing confidentiality in this action, entered by the Court on March 23, 2011, and Paragraph 29 of the Court's order of December 20, 2011.  Apple purported to complete its disclosures for Mr. Goodin on Friday, December 23, 2011, and for Mr. Feiner on Saturday, December 31, 2011.

<u>Steven Feiner</u>.  There appears to be a misunderstanding regarding Mr. Feiner.  Contrary to your email of December 20, Apple did not disclose Mr. Feiner to Google in the 750 or N.D. Illinois actions, and he did not review Google's highly confidential source code in those actions. Accordingly, we do not agree with Apple's suggestion that Google expedite its review process for Mr. Feiner on the grounds that Google has previously reviewed him in those other actions.

In any event, Apple's disclosures are incomplete.  On December 22, 2011, you provided a copy of Mr. Feiner's c.v. dated February 22, 2011, and a document listing Mr. Feiner's consulting

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

Jill Ho
January 9, 2012
Page 2

experience dated December 1, 2010, both of which fail to provide a complete "description of [Mr. Feiner's] testifying or consulting engagements within the past four (4) years." You acknowledged the omission in your email of December 22, 2011 – but failed to correct it, merely noting that since December 2010, Mr. Feiner "has agreed to take on additional consulting projects for Apple," and that you "believe there are additional cases pending in the District of the Delaware) and the Apple/Motorola matters pending in NDIL and SDFL." Your supplemental disclosure for Mr. Feiner of Saturday, December 31, 2011, was similarly vague and incomplete, stating that Mr. Feiner "has also recently been engaged by Microsoft in ITC and district court actions against Barnes and Noble," without offering any further description.

Google cannot evaluate Apple's disclosures for Mr. Feiner under Paragraph 11(c) of the protective order, which gives us ten court days to object in writing to the disclosure of Protected Material to the particular expert or consultant, until Apple completes its disclosure under Paragraph 11(b). Please complete Apple's disclosure for Mr. Feiner as soon as possible.

Richard Goodin. Apple's disclosures for Mr. Goodin are also incomplete. On December 22, you provided a copy of Mr. Goodin's c.v. dated July 14, 2011, and a letter from your colleague, Ms. Rosenthal, to Mr. Warren dated August 23, 2011, and stated as follows:

> Mr. Goodin has likewise confirmed that the list of consulting arrangements disclosed in the August 23 letter from my colleague Danielle Rosenthal to Matt Warren (also attached) is current with the exception of an additional consulting project for Apple.

Again, your email confirms that Apple's disclosures for Mr. Goodin are incomplete under Paragraph 11(b), because Apple has failed to provide a complete "description of [Mr. Goodin's] testifying or consulting engagements within the past four (4) years." While you referred to Mr. Goodin's "additional consulting project for Apple," you provided no description of that project.

Google cannot evaluate Apple's disclosures for Mr. Goodin under Paragraph 11(c) of the protective order until Apple completes its disclosure under Paragraph 11(b). Please complete Apple's disclosure for Mr. Goodin as soon as possible.

Agreements to Be Bound By Protective Order. Please provide the signed Acknowledgement and Agreement To Be Bound by Protective Order for Messrs. Feiner, Goodin, Haeberli, and Overby.

Google's Source Code. Google will produce its highly confidential source code to Apple starting Tuesday, January 10, 2012, subject of course to the protective order entered in this action, including Apple's compliance with the provisions I have already noted, and resolution of any objections by Google. As stated in Mr. Warren's letter to you of November 23, you confirmed that Apple would seek in this action only production of the same source code Google has already produced in response to a separate subpoena in *Certain Mobile Devices and Related Software*, Inv. No. 337-TA-750 (U.S.I.T.C.), and we have prepared that source code for production.

Jill Ho
January 9, 2012
Page 3

Please direct questions regarding this code to Igor Piryazev of our Silicon Valley office.

Very truly yours,

/s
Kristin J. Madigan