# EXHIBIT 16

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Jason Lo
Direct: +1 213.229.7153
Fax: +1 213.229.6153
JLo@gibsondunn.com

T 03290-00026

April 25, 2012

VIA ELECTRONIC MAIL

Heather H. Martin
Quinn Emanuel
1299 Pennsylvania Avenue, NW, Suite 825
Washington, D.C.  20004-2400

Re:    *Apple Inc. v. Samsung Electronics, Co., Ltd., et al.*, No. 12-630 (N.D. Cal.)

Dear Heather:

I write to follow up on several items which we have discussed in the past few days.

First, in your letter dated April 24, 2012, you inaccurately attributed a statement to me: "Separately, you stated on the phone that Judge Koh did not wish to burden third-parties with the in-person meet-and-confer requirement." Contrary to your letter, I specifically pointed out to you what should already have been obvious – that I could not presume to be able to read into the mind of Judge Koh. Instead, we can only attempt to follow Judge Koh's written Order. Apple believes that it has done so here.

In that same letter, you stated that Apple's motion "will be a far greater burden on [Google] than any in-person meet-and-confer discussion, which would likely narrow or eliminate the issues between us." When you first raised the idea of a lead counsel meet and confer yesterday evening, Apple immediately offered to make its lead counsel available either yesterday evening, or any time today. Google did not identify its lead counsel, much less suggest a time when that individual would be available to participate in a meet and confer discussion. Indeed, Google explicitly conditioned its agreement to the stipulated briefing schedule on Apple's filing of its Motion to Compel no later than 11:59 p.m. PT on April 24, 2012. Although Apple has since filed its Motion to Compel, there still is time for Apple and Google to narrow the areas of dispute prior to the time Google must submit its Opposition, and of course prior to the hearing on Apple's Motion. Apple's counsel remains ready and willing to meet and confer. Please let us know the identity of Google's lead counsel, and the times when he or she would be available to discuss.

Second, we discussed yesterday the logistics of conducting a review of Google's source code. As you know, there is a dispute between Google and Apple regarding the prosecution bar that should apply to those who may review Google's materials. As you must also know, Google bears the burden of demonstrating good cause to adopt a more restrictive prosecution bar provision than the one already in place. Given Google's burden, and given the limited

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Heather H. Martin
April 25, 2012
Page 2


time to conduct Preliminary Injunction discovery, Apple suggested that its representatives should be permitted to immediately begin reviewing the Google source code, and that while the Motion to Compel is pending, the existing protective order should be binding.  In the event the Court agrees with Google and institutes a more onerous protective order, Apple would agree that that provision would be retroactively applicable to the representatives who reviewed the Google source code.  Please let me know if this proposal is acceptable to Google, and, if so, whether Mr. Sowayan may begin his review of the materials on the morning of April 26, 2012.

Finally, Google has offered to make Mr. Wakasa available for deposition on April 27, 2012. Unfortunately, because Google has yet to make its source code available for review, and because Google has failed to produce any other documents that would be relevant to Mr. Wakasa's deposition, Apple is unable to proceed with this deposition on Friday.  As you know, one of the avenues of relief Apple will be seeking from the Court in connection with its Motion to Compel will be an order compelling Google to produce appropriate witnesses for testimony.  In the event that Apple is successful on its Motion, we will revisit the issue of taking appropriate depositions of Google witnesses after responsive documents have been produced.

Sincerely,

Jason Lo

JCL/in


101279437.1