# EXHIBIT 25

| | |
|---|---|
| **From:** | "Lo, Jason C." <JLo@gibsondunn.com> |
| **Subject:** | Re: Apple v. Samsung, No. 12-630 (N.D. Cal.) |
| **Date:** | April 24, 2012 4:27:41 PM PDT |
| **To:** | Heather Martin <HeatherMartin@quinnemanuel.com> |
| **Cc:** | "Furman, Joshua" <JFurman@gibsondunn.com>, Quinn-Google-N.D.Cal.-00630 <Quinn-Google-N.D.Cal.-00630@quinnemanuel.com>, "Fedman, Emily L." <EFedman@gibsondunn.com> |

Hi Heather:

I would be happy to discuss the issues with you further at 4:40 PT and will give you a call then.  In advance of the call, I would like to point out two things.

First, the portion of Judge Koh's Order that you did not quote in your email makes clear that the provision you cite applies only to disputes between the parties in the case.  Moreover, your email below was the first indication I had that Google's lead trial counsel wished to participate in a meet and confer discussion with Apple's lead trial counsel.  If that is true, please let me know when Google's lead trial counsel is available this evening, and I will try to arrange at least a telephonic conference with Apple's lead trial counsel.

Second, we wholeheartedly agree that Judge Koh encouraged "the parties to make all efforts to keep discovery requests reasonable in scope and narrowly tailored to address the preliminary injunction motion." But we do not believe that this directive requires Apple to unreasonably narrow the scope of its discovery.  As I have stated to both you and to Mr. Warren, Apple believes that the discovery it served on Google is appropriately narrow.  Accordingly, while I am happy to discuss the issues further with you, we do not believe that the meet and confer rules require that we further narrow our already-tailored requests.


Jason C. Lo

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7153 • Fax +1 213.229.6153
JLo@gibsondunn.com<mailto:JLo@gibsondunn.com> • www.gibsondunn.com<http://www.gibsondunn.com/>

From: Heather Martin <HeatherMartin@quinnemanuel.com<mailto:HeatherMartin@quinnemanuel.com>>
Date: Tuesday, April 24, 2012 3:32 PM
To: Jason Lo <jlo@gibsondunn.com<mailto:jlo@gibsondunn.com>>
Cc: "Furman, Joshua" <JFurman@gibsondunn.com<mailto:JFurman@gibsondunn.com>>, "Quinn-Google-N.D.Cal.-00630" <Quinn-Google-N.D.Cal.-00630@quinnemanuel.com<mailto:Quinn-Google-N.D.Cal.-00630@quinnemanuel.com>>
Subject: Apple v. Samsung, No. 12-630 (N.D. Cal.)

Jason:


I write in response to your email of earlier today, in which you offer to meet and confer further regarding Google's production of documents in response to the outstanding subpoena in this matter.  We are of course happy to do so, although I am not available until after 4:15 p.m. PDT. Please let me know when following that you would like to talk.  I would note, however, that you and I speaking by telephone is inadequate under Judge Koh's Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion dated February 22, 2012.  That Order states:  "lead trial counsel must meet and confer in person, before bringing the dispute before the Court."  I am not lead counsel, and I do not believe you are either; although I am happy to work with you further to narrow the issues, that does not obviate the requirement that lead counsel meet and confer in person before bringing issues before the Court.


The Order further "encourages the parties to make all efforts to keep discovery requests reasonable in scope and narrowly tailored to address the preliminary injunction motion."  During our conversations so far, you have declined to narrow any of Apple's requests for production, but have instead repeatedly stated only that we should produce everything immediately which, as I have already explained, is simply impossible.  You may believe these repeated assertions are sufficient to meet your obligation to meet and confer, but we do not, and we believe the Court will agree with us.  If you wish to speak again, during our conversation, please be prepared to provide specific proposals regarding documents Apple believes it most needs, and which it reasonably believes Google can produce over the next two weeks – which we assume is the time-frame you now require.  (If that is wrong, please let me know that as well.)

Finally, if you choose to proceed with your premature motion to compel, a Friday deadline gives us inadequate time to respond.  We would agree to give you until Monday at 10 a.m. PDT for your reply, which will give the Court sufficient time to review the papers.  Please confirm your agreement.

Many thanks,
HHM


Heather H. Martin
Quinn Emanuel Urquhart & Sullivan, LLP

Quinn Emanuel Urquhart & Sullivan, LLP
1299 Pennsylvania Avenue NW, Suite 825
Washington, D.C. 20004
202.538.8126 Direct
202.538.8000 Main Office Number
202.538.8100 FAX

heathermartin@quinnemanuel.com<mailto:johncaputo@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com/>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
_____