```
 1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
 2  charlesverhoeven@quinnemanuel.com
    Kevin A. Smith (Bar No. 250814)
 3  kevinsmith@quinnemanuel.com
    50 California Street, 22nd Floor
 4  San Francisco, California 94111
    Telephone: (415) 875-6600
 5  Facsimile: (415) 875-6700

 6  Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
    kevinjohnson@quinnemanuel.com
 7  Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
 8  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
 9  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
10
    William C. Price (Bar No. 108542)
11  williamprice@quinnemanuel.com
    Patrick M. Shields (Bar No. 204739)
12  patrickshields@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
13  Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
14  Facsimile:   (213) 443-3100

15  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
16  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
17
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
|---|---|
| Plaintiff, | **DECLARATION OF MICHAEL F. PENG IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Michael F. Peng, declare as follows:

1. I am a member of the bar of the State of California and an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").   I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently as follows.

2. Samsung files its administrative motion to file documents under seal in order to protect information designated as confidential by Apple Inc. ("Apple") and discussed in: (a) Exhibits B and F to the Declaration of Michael L. Fazio in Support of Samsung's Motion to Compel Further Responses to Samsung's Preliminary Injunction Interrogatories (Interrogatory No. 4) (the "Fazio Declaration"); (b) portions of Samsung's Motion to Compel Further Responses to Samsung's Preliminary Injunction Interrogatories (Interrogatory No. 4) (Samsung's "Motion to Compel"); and (c) portions of Exhibits D and E to the Fazio Declaration.

3. Exhibit B to the Fazio Declaration is a true and correct copy of Apple Inc.'s Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction (Apple's "Objections and Responses").   Apple designated the contents of its Objections and Responses as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the interim protective order in this matter.   Pursuant to General Order No. 62, a copy of the unredacted version of Exhibit B has been lodged with the Court for in camera review and served on all parties.

4. Exhibit F to the Fazio Declaration is a true and correct copy of Apple Inc.'s First Supplemental Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction (No. 4) (Apple's "First Supplemental Objections and Responses").   Apple designated the contents of its First Supplemental Objections and Responses as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the interim protective order in this matter.   Pursuant to General Order No. 62, a copy of the unredacted version of Exhibit F has been lodged with the Court for in camera review and served on all parties.

1       5.      Portions of Samsung's Motion to Compel reference the contents of Exhibits B and F to the Fazio Declaration. The contents of Exhibits B and F, as discussed in ¶¶ 3 and 4, were designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by Apple. Pursuant to General Order No. 62, a copy of the unredacted version of Samsung's Motion to Compel has been lodged with the Court for in camera review and served on all parties.

        6.      Exhibit D to the Fazio Declaration is a true and correct copy of a letter from Brian M. Buroker to Michael L. Fazio, dated April 2, 2012. Portions of Exhibit D reference the contents of Exhibits B and F to the Fazio Declaration. As discussed in ¶¶ 3 and 4, the contents of Exhibits B and F were designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by Apple. Pursuant to General Order No. 62, a copy of the unredacted version of Exhibit D has been lodged with the Court for in camera review and served on all parties.

        7.      Exhibit E to the Fazio Declaration is a true and correct copy of a letter from Michael L. Fazio to Brian M. Buroker, dated April 3, 2012. Portions of Exhibit E reference the contents of Exhibit B and F to the Fazio Declaration. As discussed in ¶¶ 3 and 4, the contents of Exhibits B and F were designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by Apple. Pursuant to General Order No. 62, a copy of the unredacted version of Exhibit E has been lodged with the Court for in camera review and served on all parties.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on April 30, 2012, at Los Angeles, California.

_____
Michael F. Peng