1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Kevin A. Smith (Bar No. 250814)
3  kevinsmith@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   William C. Price (Bar No. 108542)
11 williamprice@quinnemanuel.com
   Patrick M. Shields (Bar No. 204739)
12 patrickshields@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
17

18                UNITED STATES DISTRICT COURT

19         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| 20 | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
|---|---|---|
| 21 | Plaintiff, | |
| 22 | vs. | **DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORIES (INTERROGATORY NO. 4)** |
| 23 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | |
| 24 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 25 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: June 5, 2012<br>Time: 10:00 a.m. |
| 26 | Defendants. | Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |
| 27 | | **FILED UNDER SEAL** |
| 28 | | |

## DECLARATION OF MICHAEL L. FAZIO

I, Michael L. Fazio, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. A true and correct copy of Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction, dated March 6, 2012, is attached hereto as **Exhibit A**.

3. A true and correct copy of Apple Inc.'s Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction, dated March 27, 2012, is attached hereto as **Exhibit B**.

4. Samsung initiated the meet and confer process on Interrogatory No. 4 by letter dated March 29, 2012. A true and correct copy of a letter from me to H. Mark Lyon at Gibson Dunn & Crutcher, LLP, dated March 29, 2012, is attached hereto as **Exhibit C**.

5. A true and correct copy of a letter from Brian M. Buroker of Gibson Dunn & Crutcher to me, dated April 2, 2012, is attached hereto as **Exhibit D**.

6. A true and correct copy of a letter from me to Mr. Buroker, dated April 3, 2012, is attached hereto as **Exhibit E**.

7. A true and correct copy of Apple's First Supplemental Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction (No. 4), dated April 9, 2012, is attached hereto as **Exhibit F**.

8. On April 10, 2012, counsel for Samsung and Apple, including lead trial counsel for both parties, met in person at Quinn Emanuel's Los Angeles office to discuss various discovery issues, including Apple's interrogatory responses. I was present at this meeting. At the meeting, Samsung noted two continuing deficiencies with Apple's response to Interrogatory No. 4. Specifically, Samsung pointed out that: (1) Apple had not represented that the license agreements identified in its Supplemental Response were *all* license agreements for the Preliminary Injunction

1  Patents; and (2) Apple still had not responded to the remainder of Interrogatory No. 4.   Samsung
2  memorialized these points in a letter to Apple after the meeting.   A true and correct copy of a
3  letter from me to Mark Lyon of Gibson Dunn & Crutcher, dated April 10, 2012, is attached hereto
4  as **Exhibit G**.

5      9. A true and correct copy of an email from Mark Lyon to me (and others), dated
6  April 13, 2012, is attached hereto as **Exhibit H**.   To date, Apple has not provided any information
7  regarding requests, offers, or negotiations for licenses for the Preliminary Injunction patents.

9      I declare under penalty of perjury under the laws of the United States of America that the
10 foregoing is true and correct.
11     Executed on April 30, 2012, at Los Angeles, California.

                        Michael L. Fazio