1  JOSH A. KREVITT (CA SBN 208552)                MICHAEL A. JACOBS (CA SBN 111664)
   jkrevitt@gibsondunn.com                         mjacobs@mofo.com
2  H. MARK LYON (CA SBN 162061)                    RICHARD S.J. HUNG (CA SBN 197425)
   mlyon@gibsondunn.com                            rhung@mofo.com
3  GIBSON, DUNN & CRUTCHER LLP                     MORRISON & FOERSTER LLP
   1881 Page Mill Road                             425 Market Street
4  Palo Alto, CA  94304-1211                       San Francisco, California 94105-2482
   Telephone: (650) 849-5300                       Telephone: (415) 268-7000
5  Facsimile: (650) 849-5333                       Facsimile: (415) 268-7522

6  *Attorneys for Plaintiff Apple Inc.*

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13  APPLE INC., a California corporation,          CASE NO. 12-cv-00630-LHK (PSG)

14              Plaintiff,                         **DECLARATION OF CYNDI WHEELER
                                                   REGARDING SAMSUNG'S
15        v.                                       ADMINISTRATIVE MOTION TO FILE
                                                   DOCUMENTS UNDER SEAL**
16  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
17  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
19
                Defendants.
20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-cv-00630-LHK (PSG)

1

I, Cyndi Wheeler, declare and state as follows:

1.      I am an attorney at Apple Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively, "Samsung") Administrative Motion to File Document Under Seal, D.I. 114, to confirm that certain documents and information contained in Samsung's Opposition to Apple's Motion for Preliminary Injunction, and supporting Declarations and Exhibits, are confidential and sealable.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2.      The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the following documents and exhibits attached therewith.

3.      **Cohen '647 Declaration Paragraph 245 and Accompanying Exhibit TT.**  Exhibit TT to the Expert Declaration of Geoff Cohen, Ph.D. Concerning U.S. Patent 5,946,647 (the "Cohen '647 Declaration") is a document produced by third party James R. Miller, a former Apple employee, as Bates No. MILLER00000035, and was designated as having Apple's confidential business information under the Protective Order applicable in this litigation.  Paragraph 245 of the Cohen '647 Declaration references and quotes from Exhibit TT, and thus contains the same confidential information.  In particular, Exhibit TT constitutes an internal email reflecting Apple's confidential product development strategy, and particularly its research and development interests and related activities.  This information is highly proprietary to Apple.  It is Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its current or past product development practices.

4.      **Cohen '721 Declaration.**  Paragraph 193 of the Expert Declaration of Geoff Cohen, Ph.D. concerning U.S. Patent No. 8,046,721 (the "Cohen '721 Declaration") contains an excerpt from the transcript of the deposition of Apple employee Greg Christie.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective

Gibson, Dunn & Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-cv-00630-LHK (PSG)

2

Order.  This excerpt contains information reflecting Apple's product development strategy, and particularly the choices it makes pursuant to that product development strategy for the design and development of its proprietary technology.  It is Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its product development practices or technical development generally.

5.     **Wagner Declaration and Accompanying Exhibits.**  Paragraphs 24, 29, 30, 36, 37, 43-45, 48, 52, 56-58, 60-62, 68, 73, 74, 80, 81, 84-86, 88, 90-92, 98-99, 107, 108, 113, and 122-125, as well as Figures 1-4, 7-11, 13, 16, 21-23, and 25 of the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (the "Wagner Declaration") and certain accompanying exhibits contain or otherwise reference Apple's confidential business and technical information.  These paragraphs of the Wagner Declaration, as well as supporting Exhibits B, L, R, S, T, LL, PP,TT, UU, XX, YY, ZZ, AAA, BBB, DDD, EEE, FFF, GGG, HHH, and III, contain Apple's confidential, proprietary market research and analysis, or information prepared for Apple, regarding market share, sales of Apple devices, and the competitive landscape for mobile devices.  This information thus reflects and contributes to the basis for Apple's confidential business and marketing strategy, and was created as significant cost to Apple and could be used by Apple's competitors to its disadvantage.  It is Apple's practice and policy to strictly maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its business practices.

**Exhibits to the Posner Declaration**

6.     **Posner Declaration Exhibit D.**  Exhibit D to the Declaration of Daniel C. Posner in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction (the "Posner Declaration") contains excerpts from the transcript of the deposition of Apple employee Mark Buckley.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts contain highly confidential information constituting Apple's financial information, as well as other information constituting or otherwise reflecting Apple's business and marketing information and strategies.  This information was created at significant cost to Apple and could be used by Apple's competitors to its

Gibson, Dunn & Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL 12-cv-00630-LHK (PSG)

3

disadvantage, particularly because it reveals Apple's internal financial and other proprietary information.  It is Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its business practices.

7.     **Posner Declaration Exhibit G.**  Exhibit G to the Posner Declaration contains excerpts from transcript of the deposition of Apple employee Greg Joswiak.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts contain Apple's highly confidential and proprietary information reflecting Apple's product development strategy, as well as its confidential, proprietary market research and analysis relating to its devices.  This information reflects Apple's confidential business, marketing, and technical product development strategy, was created as significant cost to Apple, and could be used by Apple's competitors to its disadvantage. It is Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its product development practices.

8.     **Posner Declaration Exhibit I.**  Exhibit I to the Posner Declaration contains excerpts from the transcript of the deposition of Christopher Vellturo.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts discuss or otherwise reference Apple's confidential internal business and marketing strategy, including, but not limited to information constituting or otherwise reflecting Apple's business and marketing information and strategies, market share, sales of Apple devices, and the competitive landscape for mobile devices.  This information was created at significant cost to Apple and could be used to Apple's competitors to its disadvantage, particularly because it reveals Apple's confidential business and marketing strategy and other proprietary information.  It is Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its business practices.

9.     **Posner Declaration Exhibit J.**  Exhibit J to the Posner Declaration contains excerpts from the transcript of the deposition of Apple employee Arthur Rangel.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts contain discussion of information reflecting Apple's confidential

Gibson, Dunn & Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL 12-cv-00630-LHK (PSG)

4

business and marketing strategy, including but not limited to highly confidential and proprietary

information concerning Apple's market research and the results of such research, as well as

information about and analysis relating to market share, sales of Apple devices, and the competitive

landscape for mobile devices.  This information reflects Apple's confidential business and marketing

strategy, and was created as significant cost to Apple and could be used by Apple's competitors to its

disadvantage.  It is Apple's practice and policy to strictly maintain the confidentiality of this

information; Apple does not disclose or comment on even speculation about its business practices.

10.     **Posner Declaration Exhibit K.**  Exhibit K to the Posner Declaration contains

transcript excerpts from the deposition of Apple employee Steven Sinclair.  Apple designated the

deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the

Protective Order.  These excerpts contain discussion of information reflecting Apple's confidential

business and product marketing strategy, including but not limited to highly confidential and

proprietary information concerning Apple's market research, development of strategies relating to its

products, and the impact of market research on such development.  This information reflects Apple's

confidential business and marketing strategy, and was created as significant cost to Apple and could

be used by Apple's competitors to its disadvantage.  It is Apple's practice and policy to strictly

maintain the confidentiality of this information; Apple does not disclose or comment on even

speculation about its business practices.

11.     **Posner Declaration Exhibits L, M, and O.**  Exhibits L, M, and O to the Posner

Declaration contain excerpts from the transcripts of the depositions of Apple employees Greg

Christie and Kenneth Kocienda.  Exhibit O to the Posner Declaration contains transcript excerpts

from the deposition of former Apple employee David Wright from *Apple, Inc. v. Motorola, Inc., et.

al*, No. 1:11-cv-08540, in the Northern District of Illinois.  Each of these individuals is a named

inventor on the patents asserted in the above-captioned litigation.  Apple designated these deposition

transcripts as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective

Order.  These excerpts contain discussion of the development of Apple's products and technology,

and thus reflect its product development strategy and design choices, as well as the actual technical

development and operation of certain of its products and technology.  Such information is strictly

Gibson, Dunn &
Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-cv-00630-LHK (PSG)

5

maintained as confidential and highly proprietary by Apple, as such information could be used to Apple's disadvantage by its competitors, particularly because it reveals Apple's product development strategy.  It is Apple's practice and policy to strictly maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about either its product development practices or the actual technical development of its products.

**Posner Declaration Exhibit P.**  Exhibit P to the Posner Declaration contains excerpts from the transcript of the deposition of Richard J. Lutton, Jr., Apple's former Chief Patent Counsel, in *Apple, Inc. v. Samsung Electronics Co., Ltd., et al*, No. 11-CV-01846-LHK.  Apple designated the deposition transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  Exhibit P contains discussion of Apple's intellectual property rights, as well as potential licensing negotiations with certain of its competitors in the market for mobile devices. Apple strictly keeps confidential information about its licensing strategies and negotiations, disclosing such information only under very strict non-disclosure agreements, as such information could be used by Apple's competitors to Apple's disadvantage.  It is thus Apple's practice and policy to maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its business practices and market analysis.

12.    **Posner Declaration Exhibits Q, R, S, T, U, V, W.**  Exhibits Q, R, S, T, U, V, and W to the Posner Declaration are license agreements, and documents relating thereto or otherwise referring to Apple's license negotiations, produced by Apple pursuant to discovery obligations in certain of its litigations.  Such documents were designated as having highly confidential information in each such litigation on the grounds that they contain highly confidential business information, including but not limited to information relating to Apple's licensing practices, the financial terms of the license, and other business strategies.  Apple heavily protects its license agreements, and information relating to their contents, as such information could be used by Apple's competitors, as well as other third parties, to Apple's disadvantage, particularly because it reveals Apple's confidential business and financial terms and strategy, as well as other proprietary information.

13.    **Posner Declaration Exhibits Y, Z. AA, BB, and CC.**  Exhibits Y, Z, AA, BB, and CC to the Posner Declaration constitute or otherwise summarize confidential, proprietary market

Gibson, Dunn &
Crutcher LLP

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-cv-00630-LHK (PSG)

6

research and analysis, including information pertaining to confidential Apple customer surveys, the

competitive landscape for mobile devices, and other information analyzing the market  for mobile

devices and the impact upon Apple's business, marketing, and product development strategy.  Apple

designated such documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under

the Protective Order.  This business information was created at a significant cost to Apple and could

be used by Apple's competitors to its disadvantage, particularly to the extent it discusses Apple's

customers and reveals any conclusions of Apple's market analysis.  It is Apple's practice and policy

to maintain the confidentiality of this information; Apple does not disclose or comment on even

speculation about its business practices.

　　　　14.　　**Posner Declaration Exhibit DD.**  Exhibit DD to the Posner Declaration constitutes

confidential analysis of Apple's intellectual property rights as well as its competitors in the mobile

device market.  Apple designated this document as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" under the Protective Order.  This information reflects and may be used in the

development of Apple's confidential business and marketing strategy.  Such information could be

used by Apple's competitors to its disadvantage, particularly to the extent it constitutes internal

discussion of Apple's intellectual property rights and licensing strategies.  It is Apple's practice and

policy to maintain the confidentiality of this information; Apple does not disclose or comment on

even speculation about its business practices and market analysis.

　　　　15.　　**Samsung's Unredacted Opposition to Apple's Motion for a Preliminary**

**Injunction.**  Samsung's Opposition to Apple's Motion for Preliminary Injunction contains

information drawn from the documents discussed above, and should remain under seal for the same

reasons articulated above.

I declare under the penalty of perjury under the laws of the United States of America that the

forgoing is true and correct to the best of my knowledge.

Dated:  April 30, 2012　　　　　　　　　By: ____/s/ Cyndi Wheeler_____
　　　　　　　　　　　　　　　　　　　　　　　　　Cyndi Wheeler

DECLARATION OF CYNDI WHEELER REGARDING SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-cv-00630-LHK (PSG)

7

Gibson, Dunn &
Crutcher LLP