Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART
       & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NON-PARTY GOOGLE'S OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS, INFORMATION OR OBJECTS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant | |

The Court should deny Apple's administrative motion for leave to file a "supplemental" declaration. Apple's "administrative" motion includes both new claims seeking new relief, and reply arguments addressing substantive matters already before this Court on Apple's pending Motion to Compel, Docket No. 135. It does not address the routine administrative matters contemplated by Local Civil Rule 7-11, and it does not contain "either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Indeed, Apple made no effort to meet and confer with Google before filing its administrative motion. For these reasons, the Court should deny Apple's administrative motion without further review. Should the Court review Apple's motion, however, it will find its allegations lack merit.

### 1. Google's Efforts to Provide Discovery

Apple's administrative motion seeks to cast Google as hampering its efforts for discovery. In fact, Google has gone to great lengths to respond to Apple's subpoenas in an extremely short time. Although Google was unable to provide documents in the 11-day time period specified by Apple's return date, it offered to produce the source code for the Samsung Galaxy Nexus pending resolution of provisions in the Protective Order, and even reminded Apple that Apple "has not disclosed any experts under Paragraph 10(c) of the protective order," a necessary precursor to their review of Google's highly confidential source code. (Martin Decl., Ex. A.) Indeed, Apple disclosed Mr. Sowayan only after Google reminded it to do so. (Martin Decl., Ex. B.) Although the protective order allowed Google a week to review Mr. Sowayan for conflicts, Google cleared Mr. Sowayan in less than three days. (*Apple v. Samsung*, No. 11-1846, Docket No. 687 ¶ 12(a), adopted by stipulation, Docket No. 84; Martin Decl., Ex. C.) Mr. Sowayan reviewed Google's source code yesterday. (Piryazev Decl. ¶¶ 11.)

In addition, Google immediately offered to produce the engineers who provided technical declarations in support of Samsung's Opposition, including a deposition on the date noticed in Apple's subpoena *ad testificandum*, April 27, 2012. Apple refused to take the deposition of that witness (who lives in Japan, but was in the district for other reasons). Nonetheless, Apple has taken the deposition of two other declarants and confirmed schedules for the two remaining Google declarants. Google has also agreed to allow Apple to re-depose those witnesses at a later

1  time.  Moreover, Google is in the process of collecting and preparing documents for production,
2  starting with documents from files of the technical declarants.

3  **2.    Google Has Produced Source Code Pursuant to the Terms of the Protective Order**

4  The new issues raised in Apple's administrative motion burden the Court with additional,
5  unnecessary briefing.  For example, Apple's administrative motion raises the new complaint that
6  Google's production of highly confidential source code did not indicate which versions of Android
7  corresponded to the versions of the source code provided.  But Google has previously produced
8  the source code in this matter in the same format, using the same directory structure, and on the
9  same type of computer as it has in response to Apple subpoena in three prior Android actions.
10 (Piryazev Decl. ¶ 2.)  Had Apple called Google's counsel – and Apple has the mobile phone
11 numbers for both attorneys on the caption of this document – Google would have provided this
12 information.  Instead, Apple asked Google for this information in an email sent three hours before
13 filing its administrative motion.  (Fedman Decl., Ex. B.)  Nonetheless, Google will meet and
14 confer with Apple to provide this information.

15 Similarly, Apple raises another new complaint:  that Google has failed to install software it
16 requested on the source code computer.  (Docket No. 155 at 3.)  Again, Google is happy to work
17 with Apple to install software in accordance with the terms of the Protective Order (*i.e*. Apple
18 "must provide the Producing Party with the CD or DVD containing such licensed software
19 tool(s)" it demands).   (No. 11-1846, Docket No. 687 ¶ 10(c).)

20 Apple's renewed complaint that Google has failed to provide open-source Android code is
21 nothing more than a re-briefing of the issue already pending before the Court.  Google initially
22 responded and objected to Apple's request.  (Docket No. 135 at iii.)  Apple moved to compel
23 "[d]ocuments sufficient to show any and all differences between the Android mobile platform
24 source code in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code publicly
25 available." (*Id.*)  Google opposed this portion of Apple's Motion.  (Docket No. 142 at 13-14.)
26 Apple's administrative motion thus seeks to reargue improperly an issue already before the Court.

27 Finally, Apple accuses Google of hindering its review of Google's source code.  Google's
28 highly confidential source code review computer experienced a few delays (*id.* ¶¶ 7-9), but by

1  11:30 a.m. PDT the computer was ready for Apple's review, and remained available for the
2  remainder of the day.  Apple's reviewer, Mr. Sowayan, reviewed Google's source code for only
3  half an hour, choosing instead to spend most of this time reviewing source code produced by
4  another party in an I.T.C. matter.  (*Id.* ¶¶ 5, 11.)  Furthermore, prior to Apple's filing of its
5  administrative motion, Google agreed, and Apple confirmed, that Mr. Sowayan would return to
6  review the code again on May 4, 2012.  Google has not hampered Apple's ability to review the
7  source code, and the allegation is baseless.

8  **3.     Apple and Google Have Resolved The Asserted Dispute Regarding Depositions**

9  Finally, Apple asserts that Google has improperly instructed witnesses not to answer
10 questions at depositions.  (Docket No. 155 at 3-4.)  Google's objection arose from what Google
11 understands is an agreement between Apple and Samsung not to include on a privilege log any
12 post-filing privileged communications.  (Fedman Decl., Ex. A 16:6 to 20:5.)  If applied to non-
13 party Google, this agreement would similarly obviate the need to disclose post-filing attorney
14 communications.  Apple is so far unwilling to extend this agreement to Google.  Nonetheless,
15 during yesterday's deposition Google and Apple resolved this issue – before Apple filed its
16 administrative motion:

17     Q.                Before you signed your declaration, did you have communications
                                with Google attorneys regarding your declaration?
18
    MR. WARREN:       You can answer that yes or no.
19
    THE WITNESS:      Before I signed my declaration, did I have communications with
20                               Google's attorneys?

21     BY MR. VINCENT:

22     Q.                Regarding the substance of your declaration.

23     A.                Yes, I did.

24     Q.                How many?

25     MR. WARREN:       So here – I have an objection to this, which is that I understand the
                                parties have agreed not to log communications after the filing of this
26                               case. And it seems to me that the information that you are requesting
                                of him is equivalent of that, and therefore a higher burden is being
27                               placed on Google as a non-party.

28

|   |   |   |
|---|---|---|
| 1 |  | However, I am willing to allow him to answer that question and similar – what I would call privilege log-type questions as long as you will not argue that my willingness to let him do that is in some way a waiver of my broader argument that I should not have to log anything that the parties are not logging. |
| 2 |  |  |
| 3 |  |  |
| 4 | MR. VINCENT: | That's fine with me. |
| 5 | MR. WARREN: | Proceed. |

(Clark Tr. at 76:4 to 77:6.)  This "issue" was therefore moot before Apple filed its motion.

**4.     Conclusion**

Since the hearing on May 1, Google and Apple have resolved many of the issues raised by Apple, including the dispute regarding the Protective Order and the availability of the technical declarants for depositions.  Google is working to produce documents as soon as possible and has held, and will continue to hold, depositions of the technical declarants.  Thus, the issues remaining for the Court to decide  regarding the scope of non-party Google's obligations under the subpoenas include:

- Can Apple seek documents beyond those relevant to the accused functionality, such as Apple's request for all documents concerning any analysis of any Apple product by non-party Google, or all documents concerning any consumer surveys regarding irrelevant aspects of the Samsung Galaxy Nexus, such as the capability to search the Internet?

- Must non-party Google be required to provide Apple with analysis of its source code on the Samsung Galaxy Nexus, comparing that code to the Android Open Source Project?

For the reasons stated in Google's opposition to Apple's motion to compel, the Court should answer both questions in the negative.

1 | Furthermore, for all the foregoing reasons, the Court should deny Apple's administrative
2 | motion in its entirety.

3 | DATED: May 4, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s Matthew S. Warren*
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.