# EXHIBIT A

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 538-8000 FAX: (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8126**

WRITER'S INTERNET ADDRESS
**heathermartin@quinnemanuel.com**

April 24, 2012

<u>VIA ELECTRONIC MAIL</u>

Jason Lo
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
jlo@gibsondunn.com

Re:     <u>Apple Inc. v. Samsung Electronics Co., Ltd., et al., No. 12-630 (N.D. Cal.)</u>

Dear Jason:

I write to further our discussions regarding production of documents by non-party Google Inc. ("Google") in response to Apple's subpoena served on April 5, 2012.  As you know, Apple filed this action on February 8, 2012, and moved immediately for a preliminary injunction, but did not subpoena Google until eight weeks later.  Apple's subpoena left Google only five weeks to produce documents before May 14, the Court-ordered deadline for Apple to file its brief.  But as I explained to you yesterday, my colleague Mr. Warren explained last week, and as you surely know from your own experience in complex litigation, the complicated and interdependent processes of locating, gathering and collecting documents; ensuring that this collection is complete; assembling and training a document review team; supervising and completing responsiveness review; resolving any second-level questions generated during this review; and further reviewing for privilege status – all of this generally takes at least six weeks even for simple productions, and we estimate will take at least eight and more likely ten weeks to address the disparate areas of technical functionality accused by Apple in this action.

As a result, when Apple served its subpoena on April 5, 2012, there was already insufficient time to complete this production before Apple's reply brief.  We thus focused on getting you what we have agreed is the most important set of documents possible:  the source code running on the

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543  | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Jason Lo
April 24, 2012
Page 2

accused devices.  This code is ready for review in Quinn Emanuel's Silicon Valley Office, as soon as we can resolve the protective-order issue I raised in my earlier letter.  (Apple has professed urgency in reviewing this code, but has not disclosed any experts under Paragraph 10(c) of the protective order; we are currently expecting only attorneys.  If Apple does wish for experts to proceed, we will expedite the review process under Paragraph 12(a), but cannot do so until Apple provides the required notice.)

When you and Mr. Warren spoke last week, you seemed unsurprised by Google's inability to produce documents on your timeline.  Yesterday, however, you and Mr. Furman took a different view, telling me that, notwithstanding how long these things ordinarily take, we should somehow complete this production in the next week or two.  As I told you then, we can no more complete this production in two weeks than we could have in the maximum five weeks allowed by Apple's belated subpoena.  I asked you what documents you particularly needed in advance of your preliminary injunction brief, in the hope that we might be able to focus our efforts and get you something particularly pressing, but you declined at least for now to narrow the scope of your requests.

I hope you will reconsider.  We have already collected and readied the source code, which you agreed was the most important area of our production.  We can work with you to apply priorities you need.  But your current position, which is that we must produce everything on a schedule that you would agree is impossible and that, in any event, would allow you no time to review the documents before filing your brief, seems designed to manufacture a controversy rather than to resolve the issues and further the litigation.  I remain available to discuss these matters, and I look forward to reaching an amicable solution.

Very truly yours,

/s
Heather H. Martin