1   Amy H. Candido
    amycandido@quinnemanuel.com
2   Matthew S. Warren
    matthewwarren@quinnemanuel.com
3   QUINN EMANUEL URQUHART
          & SULLIVAN, LLP
4   50 California Street, 22nd Floor
    San Francisco, California    94111-4788
5   (415) 875-6600
    (415) 875-6700 facsimile
6

7   Attorneys for Non-Party Google Inc.

8
                     UNITED STATES DISTRICT COURT
9
         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10
    APPLE INC., a California corporation,          CASE NO. 12-cv-00630 LHK
11
                    Plaintiff,                     **DECLARATION OF IGOR PIRYAZEV IN**
12                                                 **SUPPORT OF GOOGLE'S OPPOSITION**
                                                   **TO APPLE INC.'S ADMINISTRATIVE**
           vs.                                     **MOTION TO FILE SUPPLEMENTAL**
13                                                 **DECLARATION IN SUPPORT OF APPLE**
    SAMSUNG ELECTRONICS CO., LTD., a               **INC'S MOTION TO COMPEL**
14  Korean business entity; SAMSUNG
    ELECTRONICS AMERICA, INC., a
15  New York corporation; SAMSUNG
    TELECOMMUNICATIONS
16  AMERICA, LLC, a Delaware limited liability
    company,
17
                    Defendants.
18  _____
    SAMSUNG ELECTRONICS CO., LTD., a
19  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
20  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
21  LLC, a Delaware limited liability company,

22                  Counterclaim-Plaintiff,

23         v.

24  APPLE INC., a California corporation,

25                  Counterclaim-Defendant

26

27

28

1    I, Igor Piryazev, declare under 28 U.S.C. § 1746:

2    1.    I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP.    I am counsel for

3    non-party Google Inc. ("Google") in this action.  I am licensed to practice law in the State of

4    California.  I submit this declaration in support of Google's Opposition to Apple's Motion to

5    Compel.  I have personal knowledge of the following facts, and would competently testify to them

6    if called upon to do so.

7    2.    I have supervised production of highly confidential Google source code to Apple in

8    three prior actions: *Certain Mobile Devices and Related Software*, Inv. No. 337-TA-750 (I.T.C.);

9    *Apple, Inc. v. Motorola, Inc.*, Case No. 11-CV-08540 (N.D. Ill.); and *Motorola Mobility, Inc. v.*

10   *Apple Inc. Case No.*, 1:10cv023580-Civ-UU (S.D. Fla.).

11   3.    In each of these actions, Google produced its highly confidential source code in the

12   same format, using the same directory structure, and on the same type of computer as it did in this

13   matter.

14   4.    On Thursday, May 3, 2012, at 10:04 a.m., Quinn Emanuel staff member Sandra

15   Montoya told me that Apple's source code reviewer Abdul Sowayan was in our office and wanted

16   to know with whom he should speak when he was ready to review highly confidential Google

17   source code.

18   5.    Mr. Sowayan was also at Quinn Emanuel's offices for the purpose of reviewing

19   materials produced by a different party in an I.T.C. matter.  He began reviewing those materials at

20   9:05 a.m.

21   6.    At 10:05 a.m., I met Mr. Sowayan and informed him that the computer containing

22   highly confidential Google source code was ready for inspection.  I then asked Mr. Sowayan to

23   wait while I retrieved the keys to unlock the secure room in which the highly confidential Google

24   source code was stored.

25   7.    While preparing the room for Mr. Sowayan, I noticed that due to a technical issue,

26   the pre-printed bates stamped pages required under the protective order for the printing of highly

27   confidential Google source code were defective.  I immediately contacted staff members

28

1   responsible for creating the pre-printed bates stamped pages and requested that the issue be

2   addressed as soon as possible.

3         8.      By 11:00 a.m., I was able to resolve the technical issue with the pre-printed bates

4   stamped pages.

5         9.      Unfortunately, at approximately 11:10 a.m., I discovered that the printer connected

6   to the secure computer containing highly confidential Google source code was configured to print

7   several pages in landscape format on a single sheet, as opposed to the desired portrait format.  I

8   was able to resolve this issue by 11:20 a.m.  At this time, I attempted to locate Mr. Sowayan to let

9   him into the secure room containing highly confidential Google source code.  However, Mr.

10  Sowayan had left the office.

11        10.     At 11:30 a.m., Mr. Sowayan returned to Quinn Emanuel's office.  I immediately

12  gave Mr. Sowayan access to the code review room.

13        11.     Mr. Sowayan spent 15 minutes in the secure room containing highly confidential

14  Google source code, leaving the room at 11:45 a.m. and returning to the room containing materials

15  for the other, I.T.C. matter.  Later in the afternoon, Mr. Sowayan spent another 15 minutes in the

16  secure room containing highly confidential Google source code.  Otherwise, until he left our office

17  shortly after 4:30 p.m., Mr. Sowayan remained in the room containing materials for the other

18  matter.

19        I declare under penalty of perjury that the foregoing is true and correct.

20        Executed in Redwood Shores, California on May 3, 2012.

21

22        By _____

23        Igor Piryazev

24

25

26

27

28