Michael A. Jacobs
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105
mjacobs@mofo.com
rhung@mofo.com

Josh A. Krevitt
H. Mark Lyon
GIBSON DUNN & CRUTCHER, LLP
1881 Page Mill Road
Palo Alto, California 94304
jkrevitt@gibsondunn.com
mlyon@gibsondunn.com

Attorneys for Plaintiff Apple Inc.

Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART
      & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiff,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant | CASE NO. 12-CV-00630-LHK<br><br>[~~PROPOSED~~] AGREED ADDENDUM TO THE JOINT PROTECTIVE ORDER REGARDING GOOGLE SOURCE CODE PRODUCTION |

Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") has sought discovery from non-party Google Inc. ("Google") in the above-referenced action. In connection with this discovery, Google has requested certain modifications to the Protective Order currently in effect in this case. In order to facilitate production and receipt of information from Google during discovery, and pursuant to Federal Rule of Civil Procedure 26(c), Apple and Google hereby agree to the following Addendum to the Joint Protective Order entered by stipulation of the Parties and Order of the Court on March 29, 2012 (collectively referred to herein as the "Protective Order"). Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC do not oppose this Addendum.

## NON-PARTY GOOGLE INC.

24. <u>Patent Prosecution Bar</u>. Absent the written consent of Google, anyone who receives one or more items designated "GOOGLE'S HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications (whether for design or utility patents), specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the subject matter of the patents-in-suit before any foreign or domestic agency, including the United States Patent and trademark Office. Apple's Outside Counsel shall not participate in any reexamination or reissue proceeding that is initiated by Apple and involves patents in which Apple has any interest. For all other reexamination or reissue proceedings, Apple's Outside Counsel may participate in the proceeding, but may not participate in, supervise or advise on, directly or indirectly, claim drafting or amending claims.

To the extent the foregoing limitations override the exception contained in the Protective Order, page 6 lines 4-17, relating to reexamination and reissue, their applicability shall extend only to source code produced by Google Inc.

25. The following additional protections shall apply to confidential source code produced by non-party Google Inc.:

    a. All source code shall be made available by Google to the Receiving Party in a secure room, on one secured, stand-alone computer (running a reasonably current operating system) per software platform produced, without Internet access or network access to other computers, as necessary and appropriate.

    b. The following provisions shall apply to individuals with access to the confidential source code produced by non-party Google Inc.:

        i. No more than a total of 25 individuals identified by the receiving party shall have access to the secure room in which Google Inc. produces material designated with the label "GOOGLE'S HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE";

        ii. No more than a total of 25 individuals identified by the receiving party shall have access to the printed portions of material produced by Google Inc. designated with the label "GOOGLE'S HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE" (except insofar as such code appears in any filing with the Court or expert report in this case).

    c. The Confidential Source Code Computer shall be made available from 9:00 a.m. to 5:00 p.m. local time, Monday through Friday (excluding holidays).

    d. The receiving party may print only those portions of files that are reasonably necessary to the preparation of its case. In the event that the receiving party believes there is a need to print more than ten (10) contiguous pages of a file, or more than a total of 100 printed pages of a file, the burden shall be on the receiving party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

    e. The printed Source Code shall be labeled with "GOOGLE'S HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Outside counsel for Google will keep the originals of these printed documents, and copies shall be made for outside counsel for the Receiving Party on watermarked paper within two business days. It is

the responsibility of Google to ensure delivery of the printed documents to outside counsel for the Receiving Party within two business days.

DATED: May 2, 2012

By /s/ H. Mark Lyon
Michael A. Jacobs
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105
mjacobs@mofo.com
rhung@mofo.com

Josh A. Krevitt
H. Mark Lyon
GIBSON DUNN & CRUTCHER, LLP
1881 Page Mill Road
Palo Alto, California 94304
jkrevitt@gibsondunn.com
mlyon@gibsondunn.com

Attorneys for Plaintiff Apple Inc.

By /s/ Matthew S. Warren
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

PURSUANT TO STIPULATION IT IS SO ORDERED.

Date:   7 15 14 234

_____
UNITED STATES ~~DISTRICT~~ JUDGE
"O CI KUVTCVG
"                                                         "

-4-   CASE NO. 12-CV-00630-LHK
AGREED ADDENDUM TO THE JOINT PROTECTIVE ORDER REGARDING GOOGLE SOURCE CODE PRODUCTION

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Agreed Addendum To The Joint Protective Order Regarding Google Source Code Production. In compliance with General Order 45, X.B., I hereby attest that Matthew Warren has concurred in this filing.

Dated: May 2, 2012                    */s/ H. Mark Lyon*
                                              H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Google, Inc. and Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: May 2, 2012                                      /s/ H. Mark Lyon
                                                                    H. Mark Lyon