1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD, a<br>Korean corporation; SAMSUNG<br>ELECTRONICS AMERICA, INC., a New York<br>corporation; and SAMSUNG<br>TELECOMMUNICATIONS AMERICA, LLC,<br>a Delaware limited liability company, )<br><br>Defendants. ) | Case No.: 12-CV-00630-LHK (PSG)<br><br>**ORDER GRANTING-IN-PART**<br>**APPLE'S MOTIONS TO COMPEL**<br><br>**(Re: Docket Nos. 96, 99, 135)** |

In this patent infringement suit, Plaintiff Apple Inc. ("Apple") moves to compel Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") to respond to interrogatories and produce documents relevant to Apple's discovery requests. Apple also moves to compel third-party Google to produce documents relevant to Apple's request for production, and for Google to make a 30(b)(6) witness available to Apple for deposition. On May 1, 2012, the court heard oral argument

1

on Apple's discovery motions. Having considered the arguments and evidence presented, the court hereby GRANTS-IN-PART Apple's motions.

## I.    BACKGROUND

*A.  Apple's Motion to Compel Responses to Interrogatory Nos. 4 and 8-10*

On February 8, 2012, Apple filed a complaint for patent infringement and a motion for a preliminary injunction seeking to enjoin Samsung from making, using, offering to sell, selling within the United States, or importing into the United States, Samsung's Galaxy Nexus smartphone.[1] The parties are in the midst of active preparations for the June 7, 2012 hearing on Apple's pending Motion for a Preliminary Injunction. On March 6, 2012, Apple served Samsung ten interrogatories pertaining to its Preliminary Injunction Motion.[2] Samsung responded to Apple's interrogatories on March 27, 2012, but did not respond to Interrogatory Nos. 4 and 8-10.[3]

Interrogatory No. 4 asks about Samsung's knowledge of the four Apple utility patents at issue in the Preliminary Injunction (the "Preliminary Injunction Patents"), and any Samsung efforts to avoid infringement. Interrogatory No. 8 asks about any comparison Samsung made between any Apple product and any Samsung smartphone or tablet computer. Interrogatory No. 9 asks about Samsung's discussions regarding the relationship between the features accused of infringing the Preliminary Injunction Patents and consumer preference for these features. Interrogatory No. 10 asks about Samsung's discussions regarding the Preliminary Injunction Patents and their implementation into any Samsung product. Samsung objects to Interrogatory No. 4 on the grounds that Samsung's knowledge of the Preliminary Injunction Patents, and its efforts to design around

---

[1] *See* Docket Nos. 1 (Compl.) and 10 (Mot. for Prelim. Inj.).

[2] *See* Docket No. 96 (Apple Mot. to Compel) at 3.

[3] *See id.*

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

1    them, are irrelevant to Apple's Preliminary Injunction Motion.[4] Samsung objects to Interrogatory

2    Nos. 8-10 on the grounds that they are not limited to the Galaxy Nexus smartphone.[5]

3        B.  *Apple's Motion to Compel Production of Documents Nos. 8, 16, 18, 21-22, 45, 48-50, 53-*
         *55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79, 81, and 91*

4

5        On March 6, 2012, Apple served Samsung with 91 document requests in its First Set of

6    Preliminary Injunction Requests for Production of Documents.[6] Samsung responded on March 27,

7    2012, but refused to respond to the requests set forth in the subsection heading.[7]

8        Request Nos. 8, 21 and 22 seek documents that identify Samsung employees intimately

9    involved with entering text in applications, Samsung's discussions regarding the Android 4.0 Ice

10   Cream Sandwich, and Samsung's discussions with third-parties regarding the Galaxy Nexus.[8]

11   Samsung objects to these three requests, in relevant part, because they are not limited to the Galaxy

12   Nexus and its four accused features.[9]

13       Request Nos. 16 and 18 seek documents regarding Samsung's efforts to avoid infringing

14   the Preliminary Injunction Patents, and documents relating to Android-supported Samsung

15   products that also discuss the redesign of any Samsung product in light of Apple products.[10]

16   Samsung objects to Request No. 16 because copying is irrelevant to liability for patent

17

18

---

19   [4] *See* Docket No. 104 (Samsung Opp. to Mot. to Compel) at 1-2.

20   [5] *See id.*

21   [6] *See* Docket No. 99 (Apple Mot. to Compel) at 3.

22   [7] Apple originally claimed that Samsung also failed to respond to Request No. 15. In its
23   Opposition, Samsung claims that it changed its mind and produced documents responsive to
     Request No. 15. Apple's Reply does not dispute this. The court therefore will not address this
24   request.

25   [8] *See* Docket No. 99 (Apple Mot. to Compel).

26   [9] *See* Docket No. 103 (Samsung Opp. to Mot. to Compel) at 9-10.

27   [10] *See* Docket No. 99 (Apple Mot. to Compel).

28

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    infringement, and to Request No. 18 because it does not relate to the Samsung Galaxy Nexus and

2    the Preliminary Injunction Patents.[11]

3        Request Nos. 45, 48-50, 53-55, 57, 59, 61-64, 67, 68, 70, 72, 74, 75, 77, 79, and 81 seek, in

4    relevant part, documents relating to the "sale of smartphones" and "competition between Apple and

5    Samsung."[12] Samsung objects to these requests on the grounds that they seek documents regarding

6    all Samsung smartphones and tablets, rather than documents cabined to the Galaxy Nexus.[13]

7    Request No. 91 seeks documents regarding instances of consumers confusing an Apple product for

8    the Galaxy Nexus, or vice versa.[14] Samsung objects to this request because consumer confusion is

9    irrelevant to Apple's Preliminary Injunction Motion—Samsung argues that the Galaxy Nexus may

10   properly be compared to the Preliminary Injunction Patents only, and not to "the commercial

11   embodiment of the patentee's products."[15]

12       *C. Apple's Motion to Compel Certain Discovery from Third-Party Google*

13       Apple claims that after conferring with Samsung, Apple learned that certain responsive

14   documents were in Google's possession.[16] Apple thereafter served Google with a subpoena dated

15   April 5, 2012. The subpoena contains twelve requests.[17]

16       Requests Nos. 1 and 2 request a copy of the Android source code as provided to Samsung,

17   and a copy of the source code as implemented by Samsung in the Galaxy Nexus.[18] Request No. 3

18   seeks documents sufficient to show the difference between the Android code provided to Samsung,

19
20   [11] *See id.*
21   [12] *See* Docket No. 103 (Samsung Opp. to Mot. to Compel) at 5.

22   [13] *See id.* at 5-6.

23   [14] *See id.* at 8.

24   [15] *See id.*

25   [16] *See* Docket No. 135 (Apple Mot. to Compel) at 1.

26   [17] *See id.*

27   [18] *See id.* at 4.

28

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

United States District Court
For the Northern District of California

1   and the publically available open source Android 4.0 Ice Cream Sandwich source code.[19] Requests

2   Nos. 4-12 seek documents regarding communications between Samsung and Google on the

3   following topics: Android, Apple's products, the accused features and their implementation,

4   design-around efforts, analysis of Apple products, and consumer behavior regarding not only the

5   accused features, but also searching the Internet on a mobile device.[20] Apple also served Google

6   with a Notice of Deposition on April 5, 2012.[21] In it, Apple requested that Google make a 30(b)(6)

7   witness available to testify concerning these twelve categories.[22] Google objects to Apple's

8   requests to the extent Apple seeks documents or information beyond the functionalities accused in

9   Apple's Preliminary Injunction Motion.[23]

10          On May 3, 2012, Apple filed a Supplemental Declaration in Support of its Motion to

11  Compel Discovery from third-party Google.[24] In it, Apple claims Google failed to provide its

12  source code expert with information sufficient to complete his analysis. Apple also claims Google

13  failed to load software programs vital to its expert's review on the machine that houses this code,

14  as well as the publicly available version of the Android code. Google, in its May 4, 2012 response,

15  argues that it has provided the source code pursuant to the terms of the protective order, and thus is

16  in compliance with the court's orders.[25] Google also urges the court to deny Apple's Request No.

17  3, which seeks documents sufficient to show the difference between the Android source code

18

19  _____

20  [19] *See id.*

21  [20] *See id.*

22  [21] *See id.*

23  [22] *See id.* at 16-17.

24  [23] *See* Docket No. 142 (Google Opp. to Mot. to Compel) at 1-3.

25  [24] *See* Docket No. 155 (Supplemental Decl. in Support of Apple's Motion).

26  [25] *See* Docket No. 158 (Google's Resp. to Supplemental Decl. in Support of Apple's Motion) at 2.

27

28

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

provided to Samsung, and the publically available open source Android 4.0 Ice Cream Sandwich source code.[26]

## II.   LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit.[27] Upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."[28]

## III.   DISCUSSION

Apple's Preliminary Injunction Motion seeks to halt Samsung from selling its Galaxy Nexus smartphone during the course of this litigation.[29] Apple's Motion accuses Samsung of infringing four Apple patents claiming "key" product features, which include "Slide to Unlock," "Text Correction," "Unified Search," and "Special Text Detection."[30]

At their heart, each of these discovery disputes, whether between Apple and Samsung, or Apple and Google, involves a fundamental disagreement over the scope of Preliminary Injunction discovery and the order by the presiding judge setting the briefing and hearing schedule for the Preliminary Injunction: "The parties may obtain discovery *relevant to the preliminary injunction*

---

[26] *See id.* at 4.

[27] *See generally* Fed. R. Civ. P. 26.

[28] Fed. R. Civ. P. 26(b)(1).

[29] *See* Docket No. 10 (Apple Mot. for Prelim. Inj.).

[30] *See id.*

6

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

United States District Court
For the Northern District of California

*motion*. . . . The Court encourages the parties to make all efforts to keep discovery requests reasonable in scope and ***narrowly tailored to address the preliminary injunction motion***."[31]

Apple argues that inquiries outside of the Galaxy Nexus and its four accused features are nevertheless relevant to the Preliminary Injunction analysis. For example, Apple argues that if the accused features appeared earlier on a Samsung product, information about this earlier iteration of the feature is materially relevant to its cause, as is the same feature in an accused product. Apple also urges that a wider net is necessary to highlight for the court the systematic and widespread effort Samsung has made to copy Apple products. Samsung responds by highlighting the overwhelming burden that would be imposed by Apple's demands.

Because the parties require a resolution to their dispute on an expedited basis, the court will keep its analysis brief. While Apple's argument is conceptually appealing, Apple offers no basis upon which the court could reasonably limit Samsung's burden. In other words, the court can think of no line it could draw, other than one focused on the accused features, that would respect the norms of proportionality applicable under Rule 26 even in a well-resourced, high-stakes case like this. Because Apple's Preliminary Injunction Motion is targeted to Samsung's Galaxy Nexus and the four accused features, Apple is entitled to take discovery on the four accused features as they are contained on that device. But to the extent Apple's Preliminary Injunction discovery requests extend beyond the scope of the Galaxy Nexus smartphone and the four accused features, such discovery is properly left until after the Preliminary Injunction Motion is resolved.[32]

---

[31] Docket No. 37 (Order Setting Br'ing and Hr'ing Schedule) (emphasis added).

[32] Apple cites no case law to support its assertion that all evidence of copying is rightfully within the scope of Preliminary Injunction discovery. Evidence of copying in general is therefore outside the scope of Preliminary Injunction discovery. At the same time, evidence of copying the four accused features contained in the Samsung Galaxy Nexus is properly within the scope of Preliminary Injunction discovery. Indeed, Samsung has already admitted as much. *See Apple Inc. v. Samsung Elecs. Co.*, Case No. C 11-1846 LHK (PSG), 2011 U.S. Dist. LEXIS 110616, at *8 (N.D. Cal. Sept. 28, 2011) ("[W]illful infringement, including deliberate copying, may be relevant to a preliminary injunction motion . . . .").

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**

For the same reasons, Apple may take discovery from Google to the extent its requests address the Galaxy Nexus smartphone and the four accused features as they are implemented in that device. Google also shall make available for deposition the five declarants who submitted declarations supporting Samsung's opposition to Apple's Motion for a Preliminary Injunction who have not yet sat for deposition, as well as the 30(b)(6) witness Apple has requested. Google also shall produce to Apple documents relevant to each deposition at least 72 hours before the dates set for each witness's deposition. Any witness who has already been deposed may be deposed again for three hours after the production of relevant documents. Google shall identify any Android version whose source code is produced to Apple with the specificity Apple requests in its papers, and shall load the publicly available version of the source code onto the same machine. Finally, Google shall load Cygwin and software with the ability to compare the relevant source code versions.

## V.      CONCLUSION

In accordance with the foregoing and subject to the limitations outlined above, the court GRANTS-IN-PART Apple's motions to compel responses and production from Samsung, and GRANTS-IN-PART Apple's motion to compel production and deposition testimony from Google. Samsung and Google shall comply with this order as follows: All interrogatory responses and documents shall be produced no later than May 6, 2012. All depositions shall take place no later than May 11, 2012.

**IT IS SO ORDERED.**

Dated: 5/4/2012

PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

8

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART APPLE'S MOTION TO COMPEL**