1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Kevin A. Smith (Bar No. 250814)
3  kevinsmith@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
9  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
10
   William C. Price (Bar No. 108542)
11 williamprice@quinnemanuel.com
   Patrick M. Shields (Bar No. 204739)
12 patrickshields@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

17

18                           UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20 | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG)
21 |            Plaintiff,
22 |                vs.                    | **SAMSUNG'S MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORIES (INTERROGATORY NO. 4)**
23 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG
24 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG
25 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date: June 5, 2012
   |                                        | Time: 10:00 a.m.
   |                                        | Courtroom: 5, 4th Floor
26 |            Defendants.                 | Honorable Paul S. Grewal
27 |                                        | **FILED UNDER SEAL**

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 5, 2012, at 10:00 am, or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple Inc. ("Apple") to provide further responses to Samsung's Interrogatories Relating to Apple's Preliminary Injunction Motion, namely Samsung's Interrogatory No. 4.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the declaration of Michael L. Fazio (the "Fazio Decl."); and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to provide to Samsung the information set forth in Samsung's Civil L.R. 37-2 Statement (below) by June 10, 2012.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Samsung is entitled to a complete response to Interrogatory No. 4, requesting identification of all persons to whom Apple has licensed or offered to license the four patents on which Apple now seeks a preliminary injunction, including the current status of those license discussions, where such information is relevant to Apple's assertion that it would be irreparably harmed in the absence of an injunction.

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's Interrogatory No. 4 to Apple is set forth in full below along with Apple's responses and objections:

**SAMSUNG'S INTERROGATORY NO. 4:**

For each of the APPLE PRELIMINARY INJUNCTION PATENTS, IDENTIFY any and all persons to whom YOU have ever licensed or offered to license, or persons who have requested to license, or to whom YOU have granted or offered to grant any other rights under the Patent, including the status of those requests and offers, whether continuing, successful or terminated, and IDENTIFY (by Bates number) all DOCUMENTS RELATED TO any such license, offer, request, or other grant of rights.

**APPLE'S RESPONSE TO INTERROGATORY NO. 4:**

Apple objects to this interrogatory as overbroad and outside the scope of the Court's order governing discovery related to Apple's Motion for a Preliminary Injunction. Apple objects to the phrase "any other rights" as vague and ambiguous.   Apple objects that this interrogatory calls for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.   Apple objects to this interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney-client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion to respond; or (iii) is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production.   Apple objects to this interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney- client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion to respond; or (iii) that would require an opinion of an expert to respond.   Apple objects that Samsung has not yet produced discovery that Apple has requested that may contain information relevant to the response to this interrogatory.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows: In accordance with Federal Rule of Civil Procedure 33(d) **REDACTED**

**APPLE'S FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

Subject to and incorporating its General Objections and its specific objections from Apple Inc.'s, Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction with regard to Samsung's Interrogatory No. 4, Apple provides the following supplemental response:

REDACTED

In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following documents because the burden of deriving or ascertaining the answer to this Interrogatory from the previously-produced business records is substantially the same for Apple as for Samsung: REDACTED

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action. Samsung's efforts to resolve this discovery dispute without court intervention are described in paragraphs 2-4 of the Declaration of Michael L. Fazio, submitted herewith.

DATED: April 30, 2012                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Patrick M. Shields*
Patrick M. Shields
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 8, Apple filed a Motion for a Preliminary Injunction, seeking to prevent Samsung from selling its Galaxy Nexus smartphone in competition with Apple's iPhone, based on alleged infringement of four patents. As part of its motion, Apple asserted that it would be irreparably harmed in the absence of an injunction, and that the harm resulting from the alleged infringement could not be compensated by money damages. Samsung served discovery to test these allegations, including its Interrogatory No. 4, which seeks information regarding Apple's license agreements and license negotiations pertaining to the four preliminary injunction patents. As this Court has recognized, Apple's past licenses and willingness to license its patents are factors that tend to show Apple would not be irreparably harmed absent a preliminary injunction. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK (*Samsung I*), Dkt. No. 449 at 64:18-20 ("Apple's past practice and willingness to license [the '--- patent] at least suggests that Apple may be sufficiently compensated with money damages, which undermines Apple's argument that an injunction for [the '--- patent] is necessary to avoid irreparable harm.").

Despite this ruling (or perhaps because of it), Apple now refuses to provide complete information regarding its licensing practices for the four preliminary injunction patents. Accordingly, Samsung moves this Court for an order compelling Apple to provide further responses to Samsung's Interrogatory No. 4.

## SUMMARY OF PERTINENT FACTS

Apple filed its Preliminary Injunction Motion on February 8, 2012, asserting Samsung's Galaxy Nexus infringed U.S. Patent Nos. 5,946,647 ("the '647 Patent"); 8,086,604 ("the '604 Patent"); 8,046,721 ("the '721 Patent"); and 8,074,172 ("the '172 Patent") (collectively, "the Preliminary Injunction Patents"). On February 22, 2012, the Court issued an Order Setting Briefing And Hearing Schedule For Preliminary Injunction Motion (the "Briefing Order"), setting several discovery deadlines related to the hearing on Apple's Motion for Preliminary Injunction. (Dkt. No. 37.) The Court ordered that discovery "relevant to Apple's preliminary injunction

1  motion" could proceed and further ordered that the parties respond to such discovery within 21

2  days from service.   (*Id*.)

3       On March 6, 2012, Samsung served its Interrogatories to Apple Relating to Apple Inc.'s

4  Motion for Preliminary Injunction.   (Fazio Decl., Ex. A.)   Interrogatory No. 4 seeks the identity

5  of all persons to whom Apple has ever licensed or offered to license, the identity of all persons

6  who have requested to license, or to whom Apple has granted or offered to grant any other rights

7  under the Preliminary Injunction Patents, including the status of those requests and offers, and the

8  identification of related documents.   (*Id*.)

9       Apple served its Objections and Responses to Samsung's Interrogatories (the "Responses")

10 on March 27, 2012.   (Fazio Decl., Ex. B.)   Apple asserted a number of objections to

11 Interrogatory No. 4, including that it was purportedly irrelevant and outside the scope of the

12 Court's order regarding preliminary injunction discovery.[1]   (Fazio Decl., Ex. B.)   Apple then

13 provided only a limited response, stating that it **REDACTED**

14 **REDACTED** (Fazio Decl., Ex.

15 B.)

16       Samsung initiated the meet and confer process on Interrogatory No. 4 by letter dated

17 March 29, 2012.   (Fazio Decl., Ex. C).   Among other deficiencies in Apple's response, Samsung

18 pointed out tha **REDACTED** not fully

19 respond to the Interrogatory, which also sought **REDACTED**

20 **REDACTED** and persons to whom Apple has granted or

21 *offered* to grant any other rights under the Preliminary Injunction Patents, and including the *status*

22 *of those requests and offers*.   (*Id*.)

---

[1] Apple also asserted a number of other objections to Interrogatory No. 4 (some of them more than once), including that it was vague and ambiguous, that it invaded the attorney-client privilege or attorney work product doctrine, that it required a legal conclusion, that the information requested was confidential, and that Apple could not answer without first receiving discovery from Samsung.   (Fazio Decl., Ex. B.)   Apple did not press these objections during the meet and confer process.

1  Apple responded on April 2, 2012, stating that it would supplement its response to
2  Interrogatory No. 4 to identify [REDACTED]
3  [REDACTED]² (Fazio Decl., Ex. D.)   Apple, however, ignored Samsung's request for the
4  additional information requested by the Interrogatory.   (*Id*.)   As a result, Samsung sent a second
5  meet and confer letter on April 3, 2012, repeating its request that Apple provide a complete
6  response to Interrogatory No. 4.   (Fazio Decl., Ex. E.)

7  On April 9, 2012, Apple served its First Supplemental Objections and Responses to
8  Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction
9  (No. 4) (the "Supplemental Response").   (Fazio Decl., Ex. F.)   In its Supplemental Response,
10 Apple stated that it [REDACTED]
11 [REDACTED]
12 [REDACTED] (*Id*.)   However, Apple's Supplemental Response did not
13 contain any of the other information requested by Samsung.   (*Id*.)

14 On April 10, 2012, counsel for Samsung and Apple, including lead trial counsel for both
15 parties, met in person at Quinn Emanuel's Los Angeles office to discuss various discovery issues,
16 including Apple's interrogatory responses.   (Fazio Decl. ¶ 8.)   At this meeting, Samsung noted
17 two continuing deficiencies with Apple's response to Interrogatory No. 4.   Specifically, Samsung
18 pointed out that:   (1) [REDACTED]
19 [REDACTED] and
20 (2) Apple still had not responded to the remainder of Interrogatory No. 4.   Samsung
21 memorialized these points in a letter to Apple after the meeting.   (Fazio Decl. ¶ 8 and Ex. G.)

22 By email sent on April 13, 2012 [REDACTED]
23 [REDACTED]
24 [REDACTED]   Apple then stated that it "believe[d] that the information
25 contained in the First Supplemental Response provides the information requested by the
26 interrogatory, subject to Apple's stated objections."   (Fazio Decl. Ex. H.)   The import of the

---

² *Apple v. Samsung Electronics Co., Ltd*. et al, No. 11-cv-01863-LHK.

1 latter statement was clear:   Apple would stand on its objections and provide no further
2 information in response to the Interrogatory.   To date, Apple has not provided any information
3 regarding requests, offers, or negotiations for licenses for the Preliminary Injunction patents.

**ARGUMENT**

I. **SAMSUNG IS ENTITLED TO A COMPLETE RESPONSE TO INTERROGATORY NO. 4**

   A. **Apple's Willingness to License Its Patents is Relevant to the Issue of Irreparable Harm**

To prevail on its Motion for a Preliminary Injunction, Apple must show that it will suffer irreparable harm without an injunction.   See *Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001).   Apple must prove "that irreparable injury is *likely* in the absence of an injunction."   *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (emphasis in original); *see also Thome v. v. U.S. Food & Drug Admin.*, 11-CV-00676-LHK, 2011 WL 856290, at *2 (N.D. Cal. Mar. 9, 2011) (denying TRO for failure to meet the *Winter* standard).   Apple must also show that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury."   *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Apple's willingness to license the Preliminary Injunction Patents is a factor weighing against a claim of irreparable harm.   See *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) (the fact that a patentee has previously chosen to license the patent is one factor for the district court to consider in an "irreparable harm" analysis); *High Tech Med. Instr., Inc. v. New Image Inds., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (patentee's offer of a license "suggests that any injury suffered by [patentee] would be compensable in damages assessed as part of the final judgment in the case").   As this Court recognized in denying Apple's last motion for a preliminary injunction, Apple's willingness to license the patents-in-suit shows that Apple could be compensated with money damages for any alleged infringement.   See *Samsung I*, Dkt. No. 449 at 64:18-20 ("Apple's past practice and willingness to license [the '--- patent] at least suggests that Apple may be sufficiently compensated with money damages, which undermines Apple's argument that an injunction for [the '--- patent] is necessary to avoid irreparable harm.").

1  Apple's objections that the information sought is "not relevant" and "outside the scope of
2  the Court's order governing discovery related to Apple's Motion for a Preliminary Injunction" are
3  therefore baseless.   Apple should be compelled to provide a complete response to Interrogatory
4  No. 4, including identification of all parties with whom Apple has had license negotiations for the
5  Preliminary Injunction Patents, and the status of those negotiations.

6  **B.   Apple's Other Objections Are Meritless**

7  Apple asserted a number of other boilerplate objections to Interrogatory No. 4, but did not
8  press any of them during the meet and confer process.   These objections are so weak, one
9  wonders if Apple's heart was really in any of them.   None has any merit.

10  Apple objects that the interrogatory is vague and ambiguous, but the interrogatory is clear
11  on its face and Apple never professed an inability to understand it during the meet and confer
12  process.

13  Apple objects that the interrogatory calls for information protected by the attorney-client
14  privilege or the attorney work product doctrine.   It does not.   The interrogatory asks for
15  information regarding license negotiations between Apple and third parties; such information is
16  necessarily non-privileged.

17  Apple objects that the interrogatory calls for a legal conclusion and requires expert opinion
18  to respond.   It does not; it seeks facts.   Surely Apple does not need legal or expert analysis to
19  say whether it has taken part in license negotiations.

20  Apple objects that the interrogatory seeks confidential information.   That is not a proper
21  basis for refusing to respond.   *See* Patent L.R. 2-2.   There is a protective order in place to
22  protect confidential information.

23  Finally, Apple objects that "Samsung has not yet produced discovery that Apple has
24  requested that may contain information relevant to the response to this interrogatory."   This
25  makes no sense.   Only Apple knows what license negotiations it has engaged in regarding the
26  Preliminary Injunction Patents.   Apple could not possibly need information from Samsung to
27  respond to this interrogatory.

28

## CONCLUSION

For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel and require Apple to provide a complete response to Interrogatory No. 4.

DATED: April 30, 2012            QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Patrick M. Shields*
   Patrick M. Shields
   Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC