1

2                  IN THE UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                        SAN JOSE DIVISION

5

     APPLE, INC.,                    )  CV-12-00630-LHK
6                                    )
                    PLAINTIFF,       )  SAN JOSE, CALIFORNIA
7                                    )
              VS.                    )
8                                    )  MAY 2, 2012
     SAMSUNG ELECTRONICS CO.,        )
9    LTD. ET AL,                     )
                                     )  PAGES 1-23
10                  DEFENDANT.       )
     _____

11

12                  TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE LUCY H. KOH
13              UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16

17   FOR THE PLAINTIFF:  MORRISON & FOERSTER
                         BY:  HAROLD MCELHINNY
18                            ALISON TUCHER
                              RICHARD HUNG
19                       425 MARKET STREET
                         SAN FRANCISCO, CA 94105
20

21   FOR THE DEFENDANT:  QUINN EMANUEL
                         BY:  WILLIAM PRICE
22                       865 S. FIGUEROA ST., 10TH FL
                         LOS ANGELES, CA 90017
23

24          (APPEARANCES CONTINUED ON THE NEXT PAGE)

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

                                                              1

```
 1     FOR THE PLAINTIFF:  GIBSON DUNN & CRUTCHER, LLP
                           BY:  JOSH KREVITT
 2                              MARK LYON
                           1881 PAGE MILL ROAD
 3                         PALO ALTO, CA 94304

 4     FOR THE PLAINTIFF:  WILMER HALE
                           BY:  MARK SELWYN
 5                         950 PAGE MILL ROAD
                           PALO ALTO, CA 94304
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1     SAN JOSE, CALIFORNIA           MAY 2, 2012

2                    P R O C E E D I N G S

3              (WHEREUPON, COURT CONVENED AND THE

4     FOLLOWING PROCEEDINGS WERE HELD:)

5              THE CLERK:  CALLING CASE NUMBER

6     CV-12-00630-LHK.  APPLE INCORPORATED VERSUS SAMSUNG

7     ELECTRONICS COMPANY, LIMITED ET AL.

8              MR. MCELHINNY:  HAROLD MCELHINNY,

9     YOUR HONOR, RICH HUNG AND ALISON TUCHER ALONG WITH

10    CO-COUNSEL FOR APPLE, AS PLAINTIFF.

11             MR. KREVITT:  GOOD AFTERNOON, YOUR HONOR.

12             JOSH KREVITT FROM GIBSON DUNN, ALONG WITH

13    MY PARTNER MARK LYON, ALSO FROM GIBSON DUNN ON

14    BEHALF OF APPLE, WITH MARK SELWYN FROM WILMER HALE,

15    ALSO ON BEHALF OF APPLE.

16             THE COURT:  OKAY.  ONE SECOND, PLEASE.

17             SO MARK LYON FROM GIBSON DUNN.  AND THEN

18    FROM WILHER HALE --

19             MR. SELWYN:  YOUR HONOR, MARK SELWYN.

20             I DON'T BELIEVE MY APPEARANCE HAS BEEN

21    ENTERED BUT IT WILL THIS AFTERNOON.

22             THE COURT:  IS THERE SOMEONE ELSE THAT I

23    MISSED?

24             MR. KREVITT:  I'M JOSH KREVITT,

25    YOUR HONOR, FROM GIBSON DUNN.
```

```
 1              THEN YOU HAVE MARK LYON FROM GIBSON DUNN

 2    AND MARK SELWYN FROM WILMER HALE, IN ADDITION TO

 3    MR. MCELHINNY AND HE HIS COLLEAGUES.

 4              THE COURT:  ALL RIGHT.  THANK YOU.

 5              OKAY.

 6              MR. PRICE:  GOOD AFTERNOON, YOUR HONOR.

 7              WILLIAM PRICE AND PATRICK SHIELDS FOR

 8    SAMSUNG FROM QUINN EMANUEL.  WE ARE THE NEW TEAM

 9    MR. VERHOEVEN REFERRED TO.

10              THE COURT:  OKAY.  MR. PRICE AND --

11              MR. PRICE:  PATRICK SHIELDS.

12              THE COURT:  OKAY.  THANK YOU.

13              OKAY.  SO YOU GOT MY ADR ORDER.  YOU ARE

14    GOING TO BE SWEPT IN THE TOGETHER, A GLOBAL

15    MAGISTRATE JUDGE SETTLEMENT CONFERENCE

16              MR. KREVITT:  YES, YOUR HONOR.

17              WE RECEIVED THAT AND WE'RE PROCEEDING IN

18    ACCORDANCE WITH IT.

19              THE COURT:  TELL ME WHAT THE PRELIMINARY

20    INJUNCTION THAT'S BEEN SCHEDULED FOR HEARING FOR

21    JUNE 7TH, TELL ME WHAT THE SCOPE OF THAT IS IN

22    TERMS OF ARE THERE TERMS THAT NEED TO BE CONSTRUED

23    OR WHAT'S THE SCOPE OF IT?

24              MR. KREVITT:  SO YOUR HONOR, LET ME

25    ANSWER THAT THIS WAY, BACK UP A LITTLE BIT.
```

```
 1                SO WE HAVE ASSERTED IN THIS CASE EIGHT
 2    PATENTS, EIGHT UTILITY PATENTS.
 3                THE PRELIMINARY INJUNCTION MOTION
 4    CONCERNS FOUR OF THOSE PATENTS, ONLY FOUR.
 5                WE HAVE ASSERTED --
 6                THE COURT:  ONLY?
 7                MR. KREVITT:  ONLY FOUR, YOUR HONOR.
 8                THE COURT:  ONLY FOUR UTILITY PATENTS.
 9                ALL RIGHT.
10                MR. KREVITT:  WE HAVE ASSERTED IN THE
11    CASE INFRINGEMENT AGAINST NUMEROUS PRODUCTS BUT THE
12    PRELIMINARY INJUNCTION MOTION IS TARGETED AGAINST
13    ONLY ONE PRODUCT, THE RECENT GALAXY NEXUS PRODUCT.
14    SO YOU WILL HEAR A LOT OF THE GALAXY NEXUS PRODUCT.
15                THERE ARE A LOT OF OTHER PRODUCTS IN THIS
16    CASE BUT THE PRELIMINARY INJUNCTION MOTION IS
17    FOCUSED ON THAT ONE PRODUCT AT THIS TIME.
18                WITH RESPECT TO THE PRECISE QUESTION
19    YOUR HONOR ASKED, AND MAYBE I WILL EXPAND ON IT A
20    LITTLE, ARE THERE CLAIM CONSTRUCTION ISSUES?
21                IT IS OUR VIEW, AND YOUR HONOR WILL MAKE
22    A JUDGMENT ON THIS, THAT THERE ARE NOT CLAIM
23    CONSTRUCTION ISSUES.  IN FACT, WE -- AND HOPEFULLY
24    YOUR HONOR WILL AGREE WE DID A GOOD JOB IN THIS
25    REGARD.  WE CHOSE OUR PATENTS VERY, VERY CAREFULLY.
```

1              SO PICKING UP ON YOUR HONOR'S COMMENTS

2      WITH RESPECT TO ONLY FOUR PATENTS, WE RECOGNIZE

3      THAT FOUR PATENTS IS NOT NOTHING, BUT WE ACTUALLY

4      CHOSE THE PATENTS YOUR HONOR, AND PARTICULAR CLAIMS

5      FROM THOSE PATENTS THAT WE BELIEVE INFRINGEMENT IS

6      CLEAR, IT WILL NOT REQUIRE CLAIM CONSTRUCTION

7      ISSUES, WE CHOSE THE PATENTS CAREFULLY FOR THAT

8      REASON.

9              IT DOESN'T MEAN THAT AT SOME POINT IN THE

10     CASE AGAINST -- WITH ADDITIONAL CLAIMS CLAIM

11     CONSTRUCTION ISSUES MAY NOT ARISE, BUT THE CLAIMS

12     THAT WE HAVE ASSERTED AND THE ISSUES THAT ARE

13     BEFORE YOUR HONOR IN CONNECTION WITH THE

14     PRELIMINARY INJUNCTION MOTION, WE DO NOT BELIEVE

15     GIVE RISE TO CLAIM CONSTRUCTION ISSUES.  WE BELIEVE

16     THE INFRINGEMENT MAY BE APPARENT FROM THE FACE OF

17     THE CLAIMS.

18             I MENTION THAT YOUR HONOR, AND I DON'T

19     WANT TO PRE ARGUE WHAT YOUR HONOR IS INTERESTED IN

20     THE PRELIMINARY INJUNCTION MOTION, BUT I MENTION

21     THAT BECAUSE I SUSPECT YOU WILL HEAR SOMETHING

22     DIFFERENT FROM SAMSUNG'S COUNSEL.

23             WE HAVE RECEIVED SAMSUNG'S OPPOSITION

24     BRIEF AND I WON'T CHARACTERIZE IT BEYOND NOTING

25     THAT IN ADDRESSING THE LIKELIHOOD OF SUCCESS

1    WHETHER WE ARE GOING TO WIN ULTIMATELY IN THE CASE,

2    SAMSUNG, CONCERNING SOME OF THE PATENTS, HAS

3    SUGGESTED TO YOUR HONOR AND WILL BE ARGUING TO

4    YOUR HONOR THAT CLAIMS CONSTRUCTION ISSUES ARE

5    IMPLICATED AND THAT'S ONE OF THE REASONS THE

6    PRELIMINARY INJUNCTION SHOULD BE DENIED, IT'S

7    COMPLICATED IT'S COMPLEX AND WE SHOULD JUST PUT IT

8    OFF FOR ANOTHER DAY.

9           THE COURT:  LET ME ASK SAMSUNG'S COUNSEL,

10   HOW MANY TERMS DO YOU BELIEVE NEED TO BE CONSTRUED

11   IN THE PRELIMINARY INJUNCTION ORDER?

12          MR. SHIELDS:  I BELIEVE IN OUR PAPERS

13   THERE'S THREE SPECIFIC TERMS THAT ARE IDENTIFIED.

14          THE COURT:  OKAY.

15          MR. SHIELDS:  THERE'S ONE FOR THE '604

16   PATENT.  AND THERE'S TWO FOR THE '647 PATENT.  AND

17   THERE ARE ALSO ONE OR TWO OTHER TERMS THAT WE

18   BELIEVE ARE INDEFINITE WHICH IS SORT OF A

19   CONSTRUCTION ISSUE.

20          JUST TO GIVE YOUR HONOR ONE EXAMPLE, IN

21   THE '647 PATENT ONE OF THE CLAIM TERMS IS THE

22   CLAIMS REQUIRE AN ANALYZER SERVER, AND THAT'S A

23   TERM THAT'S BEEN CONSTRUED TWICE BEFORE, ONCE IN A

24   CASE APPLE FILED AGAINST HTC AND THE INTERNATIONAL

25   TRADE COMMISSION, AND ONCE IN A CASE APPLE FILED

1    AGAINST MOTOROLA IN FEDERAL DISTRICT COURT.

2              AND THERE WAS TWO DIFFERENT CONSTRUCTIONS

3    IN THAT TERM IN THOSE TWO DIFFERENT CASES AND THOSE

4    CONSTRUCTIONS MAKE A DIFFERENCE HERE.

5              SO WE DISCUSSED, FOR EXAMPLE, BOTH OF

6    THOSE CONSTRUCTIONS AND THE IMPACT OF THAT OF THOSE

7    CONSTRUCTIONS ON THE INFRINGEMENT ARGUMENTS HERE.

8              THE OTHER CLAIMS HAVE NOT BEEN CONSTRUED

9    BEFORE BUT WE THINK CONSTRUCTION MAKES A

10   DIFFERENCE.

11             THE COURT:  LET ME ASK, IN ANY OTHER

12   PATENT CASE I WOULD ONLY ALLOW PARTIES TO HAVE TEN

13   CLAIM TERMS CONSTRUED.  WHY ARE YOU ALL SPECIAL?

14             WHY DO YOU ALL GET ONE CLAIM CONSTRUCTION

15   HEARING IN A PRELIMINARY INJUNCTION CONTEXT THEN A

16   WHOLE SEPARATE CLAIM CONSTRUCTION HEARING WITH TEN

17   OTHER TERMS?  WHY DO YOU ALL GET SOMETHING THAT

18   OTHER PATENT CASES DON'T GET?

19             MR. KREVITT:  IF YOUR HONOR -- IF I MAY

20   FOR APPLE, LIKE I SAID A MOMENT AGO IN THIS REGARD,

21   WE DON'T THINK WE ARE SPECIAL.

22             WE DON'T THINK CLAIM CONSTRUCTION ISSUES

23   NEED TO BE DECIDED BY YOUR HONOR IN CONNECTION WITH

24   THE PRELIMINARY INJUNCTION MOTION.  THEREFORE, WE

25   DON'T THINK THIS IMPLICATES THE CONCERN YOUR HONOR

1    JUST IDENTIFIED.

2              IN THAT REGARD IT'S WHY WE BELIEVE THAT

3    SAMSUNG IS RAISING THE CLAIM CONSTRUCTION ISSUES.

4    IT'S PART OF, AGAIN, IN OUR VIEW THAT IT'S TRYING

5    TO INJECT COMPLEXITY WHERE COMPLEXITY DOESN'T

6    EXIST.

7              YOUR HONOR WILL HAVE AN OPPORTUNITY

8    THOUGH, TO THE EXTENT ANY OF THOSE ISSUES ARE

9    IMPLICATED BY APPLYING THE CLAIMS TO THE ACCUSED

10   PRODUCT FOR THE PRELIMINARY INJUNCTION TO BE ABLE

11   TO RESOLVE THOSE ISSUES CERTAINLY WITHOUT A

12   SEPARATE CLAIM CONSTRUCTION HEARING.

13             I DON'T BELIEVE SAMSUNG IS SUGGESTING

14   THAT.  SO THAT WOULD SIMPLY BE FOLDED IN AS PART OF

15   THE LIKELIHOOD OF SUCCESS INQUIRY THAT YOUR HONOR

16   WILL BE REQUIRED TO CONDUCT FOR THE PRELIMINARY

17   INJUNCTION.

18             MR. SHIELDS:  TO ANSWER YOUR HONOR'S

19   QUESTION, I DON'T THINK THAT WE ARE SPECIAL

20   NECESSARILY BUT I DO THINK THAT WE, SAMSUNG

21   SHOULDN'T BE SUBJECTED TO A PRELIMINARY INJUNCTION

22   BASED ON TERMS THAT ARE UNCLEAR OR THAT REQUIRE

23   CONSTRUCTION.

24             AND I DON'T THINK THAT IT'S AN ANSWER TO

25   THAT FOR APPLE TO SIMPLY SAY, WELL, YOU JUST HAVE

1   TO DEAL WITH IT BECAUSE YOU ONLY GET TEN CLAIMS TO

2   CONSTRUE.

3            MR. KREVITT:  YOUR HONOR, TO BE CLEAR, MY

4   ANSWER IS WE DON'T BELIEVE THERE ARE CLAIM

5   CONSTRUCTION ISSUES.  BUT TO THE EXTENT THAT THERE

6   ARE, THEY CAN BE RESOLVED WE BELIEVE EASILY IN

7   CONNECTION WITH THE PRELIMINARY INJUNCTION AND IF

8   THE EXISTENCE OF A CLAIM CONSTRUCTION ISSUE

9   OBVIATED THE AVAILABILITY OF A PRELIMINARY

10  INJUNCTION, IT'S HARD TO SEE TOO MANY PRELIMINARY

11  INJUNCTIONS BEING AVAILABLE.

12           IT IS THOUGH FOR THAT REASON, AS I SAID

13  AND YOUR HONOR ULTIMATELY WILL CALL THE BALL OR

14  STRIKE ON THIS, THAT WE CHOSE OUR PATENTS CAREFULLY

15  TO STREAMLINE THAT PROCESS AND TO MAKE IT EASIER

16  FOR THE COURT TO BE ABLE TO APPLY THE PATENTS TO

17  THE ACCUSED PRODUCTS.

18           WHATEVER CLAIM CONSTRUCTION ISSUES

19  YOUR HONOR ULTIMATELY BELIEVES ARE NECESSARY, AND

20  THREE HAVE BEEN IDENTIFIED BY SAMSUNG, WE BELIEVE

21  CAN BE ADDRESSED BY THE PRELIMINARY INJUNCTION

22  MOTION WITHOUT ANY SEPARATE CLAIM CONSTRUCTION

23  PROCESS.

24           MR. SHIELDS:  AND JUST TO BE CLEAR,

25  YOUR HONOR, WE DID NOT SUGGEST IN OUR OPPOSITION

1    BRIEF AND ARE NOT SUGGESTING NOW THAT THE

2    PRELIMINARY INJUNCTION, THAT YOU CAN'T DECIDE THESE

3    CLAIM CONSTRUCTION ISSUES ON THE PRELIMINARY

4    INJUNCTION MOTION OR THE PRELIMINARY INJUNCTION

5    SHOULD BE DENIED FOR THAT REASON.  WE ACTUALLY

6    EXPLAIN WHAT WE THINK OF WHAT THE CURRENT

7    CONSTRUCTIONS OF THE CLAIMS ARE AND THE PATENTS ARE

8    NOT INFRINGED AND ARE NOT VALID.

9            THE COURT:  ALL RIGHT.  WELL, LET'S GO TO

10   THE DISCOVERY LIMITS.

11           YOUR JOINT PROPOSAL ON DEPOSITIONS IS

12   FINE.  YOUR JOINT PROPOSAL ON 50 INTERROGATORIES

13   PER SIDE IS FINE.  YOUR REQUEST TO LIMIT REQUEST

14   FOR ADMISSION TO 100 PER PARTY, THAT'S FINE.  AND

15   THE REQUEST FOR ADMISSIONS FOR AUTHENTICITY OF

16   DOCUMENTS ARE NOT COUNTED AGAINST THE LIMIT, THAT'S

17   FINE.

18           I WOULD LIKE TO SET DEADLINES BY WHICH

19   YOU WILL REACH AGREEMENT ON THE PROTECTIVE ORDER,

20   ON THE PRIVILEGE LOG AND ON ESI.  WHEN CAN YOU GET

21   THAT DONE?

22           MR. KREVITT:  WITH RESPECT TO PROTECTIVE

23   ORDER, YOUR HONOR, I BELIEVE WE CAN GET THAT DONE

24   VERY QUICKLY.  I THINK THAT LARGELY IS DONE.  THERE

25   ARE A FEW OPEN ISSUES THAT WE NEED TO CONFER WITH

1     SAMSUNG, BUT I BELIEVE THAT CAN BE WRAPPED UP SOON.

2              THE COURT:  CAN WE SAY A WEEK, MAY 9TH?

3              MR. KREVITT:  I BELIEVE WE CAN DO THAT

4     YOUR HONOR, YES.

5              THE COURT:  SO THAT'S IT IS DEADLINE FOR

6     FILING YOUR STIPULATED PROTECTIVE ORDER.

7              WHAT ABOUT PRIVILEGE LOGS?

8              MR. KREVITT:  WITH RESPECT TO REACHING

9     AGREEMENT AS TO HOW TO PROCEED WITH PRIVILEGE LOGS

10    YOUR HONOR, I BELIEVE WE CAN PROCEED ON THE SAME

11    SCHEDULE.

12             THE COURT:  OKAY.

13             MR. KREVITT:  THE SAME FOR ESI,

14    YOUR HONOR, WITH RESPECT TO ADDRESSING HOW TO

15    HANDLE THOSE ISSUES AND SUBMIT A PROTOCOL TO

16    YOUR HONOR OR AT LEAST RESOLVE THOSE ISSUES AMONG

17    THE PARTIES, WE CAN PROCEED ON THE SAME SCHEDULE.

18             THE COURT:  OKAY.

19             LET ME ASK IF MR. SHIELDS AND MR. PRICE

20    AGREE WITH THAT.  MAY 9TH FOR ALL OF THOSE?

21             MR. SHIELDS:  THAT SHOULD BE FINE,

22    YOUR HONOR.

23             THE COURT:  SO PLEASE FOLLOW THE

24    STIPULATION AS TO ALL THREE ON MAY 9TH WHICH IS

25    NEXT WEDNESDAY.

1              NOW WITH REGARD TO THE DISCOVERY EXPERT

2      MATERIALS CAN WE INCLUDE THAT IN MAY 9TH AS WELL?

3              MR. KREVITT:  YES, YOUR HONOR.

4              THE COURT:  OKAY.  THEN PLEASE INCLUDE

5      THAT IN THERE.

6              AS FAR AS THE CASE SCHEDULE, I WILL SEE

7      YOU ON THE 7TH FOR THE PRELIMINARY INJUNCTION

8      HEARING.

9              I ASSUME THERE'S NOT GOING TO BE ANY

10     EVIDENTIARY PORTION OF THAT HEARING, RIGHT?

11             MR. KREVITT:  YOUR HONOR, AT THIS TIME

12     THE PARTIES DO NOT ENVISION AN EVIDENTIARY PORTION

13     THAT WE WOULD -- OBVIOUSLY, WE ARE HAPPY TO PROCEED

14     ANY WAY YOUR HONOR WISHES AND CAN BE PREPARED TO

15     BRING WITNESSES SHOULD YOUR HONOR BELIEVE THAT

16     HELPFUL.

17             BUT AT THIS TIME GIVEN WHAT WE KNOW ABOUT

18     OUR MOTION AND HAVING SEEN SAMSUNG'S OPPOSITION AND

19     HAVING RECEIVED THE GUIDANCE FROM YOUR HONOR IN THE

20     PREVIOUS PRELIMINARY INJUNCTION RULING, WE BELIEVE

21     ARGUMENT IS SUFFICIENT.

22             THE COURT:  OKAY.  THAT'S FINE.

23             LET'S HAVE A FURTHER CMC ON -- I SET IT

24     AUGUST 15TH BUT YOU ALL MIGHT BE HERE ANY WAY.  I

25     GUESS WE COULD TAKE A BREAK FROM THE TRIAL AND DO A

1   CMC ON THIS CASE.  MAYBE I SHOULD SET IT FOR

2   SEPTEMBER.

3           WHAT ABOUT SEPTEMBER 26TH?  CAN YOU CHECK

4   THAT, PLEASE.

5           THE CLERK:  UH-HUH.  THAT LOOKS GOOD.

6           THE COURT:  IS THAT GOOD?  OKAY.

7           SO WE WILL HAVE A FURTHER CMC ON JUNE 7TH

8   OF 2012 SINCE YOU WILL BE HERE ANY WAY.

9           THEN WE WILL DO IT AGAIN ON

10  SEPTEMBER 26TH OF 2012.

11          MAY 16TH FOR INITIAL DISCLOSURES ON FINE.

12  INFRINGEMENT CONTENTIONS JUNE 17TH, FINE.

13  INVALIDITY AUGUST 10TH, FINE.  YOUR OTHER DEADLINES

14  ARE FINE.

15          AS FAR AS THE CLAIM CONSTRUCTION

16  TUTORIAL, LET'S SCHEDULE THAT FOR FEBRUARY

17  THE 19TH.  THAT'S A TUESDAY.

18          THE CLERK:  JUDGE, WE ARE SCHEDULED TO BE

19  IN THAT CRIMINAL JURY TRIAL.  I DON'T KNOW IF

20  THAT'S GOING TO GO, THAT SECURITIES CASE.

21          (OFF-THE-RECORD DISCUSSION.)

22          THE COURT:  SO FEBRUARY 21ST, 2013, WHICH

23  IS THE DATE YOU REQUESTED, IS FINE.  WE WILL SET IT

24  FOR 10:30.  IT'S ONLY GOING TO BE ONE DAY.

25          MR. KREVITT:  THAT'S FOR THE MARKMAN

14

1    HEARING, YOUR HONOR?

2              THE COURT:  YES, PLEASE.

3              THEN WE WILL DO THE TUTORIAL

4    FEBRUARY 14TH.  I WOULD SAY FOR THE TUTORIAL, TWO

5    HOURS PER SIDE.  WHAT IF WE STARTED AT NOON AND

6    WENT UNTIL FOUR?  FOR THE TUTORIAL.

7              THEN FOR THE CLAIM CONSTRUCTION WE WILL

8    DO THAT THE FOLLOWING WEEK, FEBRUARY 21, 2013, AND

9    IT WILL BE THREE HOURS PER SIDE.  WE WILL START

10   AT -- LET'S SAY 2 1/2 HOURS PER SIDE.  AND WE WILL

11   START AT 10:30 IN THE MORNING.

12             JULY 8TH IS FINE FOR FACT DISCOVERY

13   CUTOFF.  I'M GOING TO EXPEDITE SOME OF THE OTHER

14   DATES THOUGH.  INITIAL EXPERT REPORTS, JULY 26TH.

15   REBUTTAL EXPERT REPORTS, AUGUST 16TH.  CLOSE OF

16   EXPERT DISCOVERY, AUGUST 30TH.  LAST DATE TO FILE

17   DISPOSITIVE MOTIONS, SEPTEMBER 26TH.  OPPOSITIONS

18   OCTOBER 24TH, REPLIES NOVEMBER 14TH.

19             THE DISPOSITIVE MOTION HEARING WILL BE

20   DECEMBER 12, 2013, AT 1:30.

21             FINAL PRETRIAL CONFERENCE

22   FEBRUARY 19TH -- I'M ACTUALLY GOING TO PUSH THAT

23   BACK.  WE WILL SET THE JURY TRIAL FOR MARCH 31,

24   2014, AT 9:00.  WE WILL SET THE PRETRIAL -- WHAT

25   ABOUT THE FIRST WEEK IN MARCH?

 1            THE CLERK:  MARCH 5TH?

 2            THE COURT:  OKAY.

 3            SO THE PRETRIAL CONFERENCE WILL BE

 4   MARCH 5TH, 2014, AT 2:00 P.M.  AND THE TRIAL WILL

 5   BE MARCH 31ST, 2014, AT 9:00 A.M.  AND I WILL SET

 6   IT FOR 18 DAYS FOR NOW.  WE CAN ALWAYS TWEAK THAT

 7   LATER.

 8            OKAY.  DO YOU WANT TO BE HEARD ON THESE

 9   DATES?  I BASICALLY ADOPTED ALL OF YOUR DATES

10   THROUGH THE MARKMAN, I'VE JUST ADVANCED THAT BY

11   FIVE DAYS TO FIT MY SCHEDULE.

12            THEN THE ONLY DATES -- THE DATES ONLY

13   VARY AFTER EXPERT DISCOVERY STARTS.

14            DOES ANYONE WANT TO BE HEARD ON THAT

15            MR. KREVITT:  YOUR HONOR, FOR APPLE WE

16   ARE FINE WITH THE MODIFICATIONS THAT YOUR HONOR HAS

17   MADE.

18            WITH RESPECT TO THE LENGTH OF THE TRIAL

19   AS YOU NOTED THE PARTIES HAD SUGGESTED 25 DAYS.  I

20   UNDERSTAND YOUR HONOR HAS SUGGESTED, OR MAYBE

21   STRONGER THAN SUGGESTED, 18 DAYS.

22            THERE ARE, AS YOUR HONOR KNOWS, 16

23   PATENTS IN THIS CASE AND THE PARTIES BELIEVE THAT

24   25 DAYS MAY BE MORE APPROPRIATE.  IT'S AN ISSUE

25   CERTAINLY WE COULD REVISIT AS WE GET CLOSER BUT I

                                                      16

1    DID WANT TO NOTE THAT FOR YOUR HONOR.

2            AND THE ONLY OTHER THING YOUR HONOR, I

3    WOULD NOTE, AND AGAIN THIS IS INDULGING ON

4    YOUR HONOR'S SCHEDULE AND PATIENCE, IS THE PARTIES

5    HAD SUGGESTED A TWO-DAY MARKMAN.  I UNDERSTAND WE

6    ARE NOT GOING TO HAVE THAT.

7            THE COURT:  NO.  AND YOUR SCHEDULE ONLY

8    PROVIDED FEBRUARY 21ST FOR THE TWO-DAY MARKMAN ANY

9    WAY.

10           MR. KREVITT:  I NOTICED THAT DISCREPANCY,

11   YOUR HONOR, THIS MORNING.

12           BUT YOUR HONOR HAD SAID ONLY TWO AND A

13   HALF-HOURS PER SIDE.  AND TO THE EXTENT THAT IT'S

14   YOUR DAY AND THAT DAY WOULD ALLOW MORE TIME FOR THE

15   PARTIES, I SUGGEST IT MAY BE HELPFUL TO HAVE MORE

16   TIME EVEN IF WE WIND UP NOT USING IT, ALTHOUGH I

17   CONFESS I CAN'T RECALL THE LAST TIME THAT HAPPENED.

18           THE COURT:  I WON'T SCHEDULE ANYTHING

19   ELSE THAT DAY.  SO IF IT GOES A LITTLE BIT OVER

20   THAN FIVE HOURS, THAT'S OKAY.

21           MR. KREVITT:  THANK YOU, YOUR HONOR.

22           THE COURT:  BUT THERE ARE ONLY GOING TO

23   BE TEN CLAIM TERMS AT THE MOST AND I SUSPECT THAT

24   WHEN THE DAY COMES YOU WILL PROBABLY STIPULATE TO

25   ONE OR TWO OF THEM.  SO WE WILL PROBABLY BE DOING

1    SEVEN OR EIGHT.  I THINK THAT SHOULD BE ENOUGH

2    TIME.

3              I DON'T LIKE TO HAVE ANY PREPARED

4    PRESENTATION AT THE MARKMAN HEARING.  I JUST WANT

5    TO THE ASK QUESTIONS AND DO PING PONG.

6              MR. KREVITT:  GOOD.

7              THE COURT:  AND THAT'S THE SAME FOR THE

8    TUTORIAL.  BY THE TIME OF THE TUTORIAL I WILL BE

9    PRETTY MUCH READY FOR THE MARKMAN SO THE TUTORIAL

10   CAN BE KIND OF A MINI MARKMAN WHICH HELPS ME HAVE

11   ADDITIONAL TIME.

12             MR. KREVITT:  AND JUST TO BE CLEAR,

13   YOUR HONOR, AND OBVIOUSLY I CAN CONFER WITH MY

14   COLLEAGUES WHO PRECEDED DOWN THIS ROAD WITH YOU IN

15   AN EARLIER CASE.  WHEN YOU SAY YOU WOULD NOT LIKE

16   MATERIALS FOR THE TUTORIAL YOU WOULD NOT LIKE

17   PARTIES TO HAVE MATERIALS TO PRESENT AT THE

18   TUTORIAL?

19             THE COURT:  NO, THE TUTORIAL IS FINE.

20   NOT FOR THE CLAIM CONSTRUCTION REALLY.

21             MR. KREVITT:  YOU WILL HAVE QUESTIONS

22   FROM THE BRIEFING AND WE WILL BE HERE TO ADDRESS

23   THAT.

24             THE COURT:  I MEAN, I GUESS YOU CAN HAVE

25   A POWERPOINT OR ANIMATION OR WHATEVER PREPARED, BUT

1    I MOST LIKELY WILL MOSTLY WANT TO ASK MY QUESTIONS.

2              AND, YOU KNOW, OBVIOUSLY YOU MAY WANT TO

3    HAVE SOME STUFF PREPARED AND YOU CAN USE IT IN

4    RESPONSE TO A QUESTION BUT I DON'T WANT TO SIT

5    THERE PASSIVELY FOR AN HOUR AND A HALF THROUGH

6    PRESENTATION.

7              MR. KREVITT:  THAT'S FINE FROM OUR

8    PERSPECTIVE, YOUR HONOR.

9              IT MAKES IT A MUCH MORE PRODUCTIVE

10   MARKMAN PROCEEDING WHEN THE COURT IS ACTIVE AND WE

11   FOCUS OUR ISSUES ON WHAT THE COURT IS INTERESTED.

12   SO WE ARE HAPPY TO PROCEED IN THAT WAY.

13             THE COURT:  I WILL BE READY TO GO AT THE

14   TUTORIAL AND WILL HAVE A LOT OF SPECIFIC QUESTIONS

15   THEN I WILL THINK ABOUT IT MORE AFTER THE TUTORIAL

16   AFTER THE MARKMAN.

17             MR. PRICE, WHAT DID YOU WANT TO SAY?

18             MR. PRICE:  NOTHING.

19             THANK YOU FOR THE GUIDANCE.  AND WE

20   UNDERSTAND THE LENGTH OF THE TRIAL MIGHT BE TWEAKED

21   DEPENDING ON WHAT HAPPENS BETWEEN NOW AND THEN.

22             THE COURT:  I WOULD EXPECT I'M GOING TO

23   GIVE YOU 20 TO 25 HOURS PER SIDE AND YOU ARE GOING

24   TO HAVE TO NARROW YOUR CASE TO FIT WITHIN THAT TIME

25   FRAME.

1              SO AT THIS POINT I'M NOT INCLINED TO

2     SCHEDULE IT FOR MORE THAN 18 DAYS.  I MEAN, EVEN

3     THEN THAT'S GIVING YOU 99 HOURS, WHICH I DOUBT IT

4     WILL EVEN FRANKLY GO THAT LONG BECAUSE MOST LIKELY

5     IT WILL BE 50 HOURS PER SIDE, PLUS LET'S SAY FOUR

6     HOURS FOR JURY SELECTION PLUS FOUR TO FIVE HOURS

7     FOR CLOSING PLUS HOWEVER MANY DAYS IT TAKES THE

8     JURY TO DELIBERATE.

9              I JUST DON'T THINK IT WILL BE THAT LONG,

10    BUT WE DON'T HAVE TO DECIDE IT THAT'S A GOOD WAY

11    AWAY.  THAT'S TWO YEARS AWAY AT THIS POINT, OR LESS

12    THAN TWO YEARS.

13             MAYBE AT THIS POINT IF I GIVE -- IF I SET

14    IT FOR 50 HOURS PLUS FIVE HOURS, LET'S SAY FOR

15    CLOSING PLUS FIVE HOURS, BEING GENEROUS, LET'S SAY

16    FOR JURY SELECTION AND I HAVE THE TRIALS GO 5 1/2

17    HOURS PER DAY, THAT WOULD REALLY ONLY BE 11 DAYS.

18             MR. KREVITT:  I THINK WE SHOULD LEAVE IT

19    WHERE IT WAS BEFORE MR. PRICE STOOD UP, YOUR HONOR.

20             MR. PRICE:  I AGREE.

21             THE COURT:  I'M GOING TO REIGN THAT IN.

22             I'M GOING TO SET IT FOR 12 DAYS BUT WE

23    CAN ALWAYS FINE TUNE THIS LATER.  I'LL SET IT FOR

24    12 DAYS RIGHT NOW.

25             OKAY.  IS THERE ANYTHING ELSE?  I THINK

1    THAT WAS ALL THAT WAS HIGHLIGHTED IN YOUR JOINT

2    CASE MANAGEMENT STATEMENT THAT WE NEEDED TO TALK

3    ABOUT.  WAS THERE ANYTHING ELSE?

4              MR. KREVITT:  THOSE WERE THE ISSUES FROM

5    APPLE'S PERSPECTIVE, UNLESS YOUR HONOR HAS ANY

6    FURTHER QUESTIONS WITH RESPECT TO PRELIMINARY

7    INJUNCTION MOTION.

8              THE COURT:  NO.  THAT'S SET FOR HEARING

9    FOR THE 7TH, AND I BELIEVE AT THIS POINT WE DON'T

10   HAVE ANYTHING ELSE THAT DAY.

11              (OFF-THE-RECORD DISCUSSION.)

12              MR. KREVITT:  I THINK WE WILL BE ABLE TO

13   FOCUS THAT ARGUMENT -- THE COURT CAN BE WELL

14   ASSURED THAT WE HAVE READ AND CONSIDERED VERY

15   CAREFULLY YOUR HONOR'S PREVIOUS RULING AND MADE

16   EVERY EFFORT TO ADDRESS ALL OF THOSE ISSUES IN THIS

17   MOTION.

18              SO WE WILL BE PREPARED TO ADDRESS ANY

19   ISSUES YOUR HONOR MAY HAVE.

20              THE COURT:  OKAY.

21              THEN ANYTHING ELSE?

22              MR. PRICE:  GIVEN MY LUCK WITH THE LENGTH

23   OF THE TRIAL, NO.

24              THE COURT:  ALL RIGHT.  THANK YOU.

25              MR. KREVITT:  THANK YOU, YOUR HONOR.

1              (WHEREUPON, THE PROCEEDINGS IN THIS

2     MATTER WERE CONCLUDED.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                          **CERTIFICATE OF REPORTER**

5

6

7

8                  I, THE UNDERSIGNED OFFICIAL COURT

9       REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10      THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11      FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12      CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14      CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15      CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16      SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17      HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18      TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23              /S/_____
                SUMMER A. FISHER, CSR, CRR
24              CERTIFICATE NUMBER 13185

25              DATED:  MAY 11, 2012