| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, CA  94304-1211 | San Francisco, California 94105-2482 |
| Telephone:  (650) 849-5300 | Telephone: (415) 268-7000 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 268-7522 |

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br>v.<br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE'S ADMINISTRATIVE MOTION TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL** |

In accordance with Civil L.R. 7-11 and 79-5, and General Order No. 62, Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

1. The confidential, unredacted version of Apple's Reply Memorandum in Support of its Motion for a Preliminary Injunction ("Reply");

2. The confidential, unredacted version of the Reply Declaration of Christopher Vellturo, Ph.D. (the "Vellturo Declaration"), and particularly paragraphs 4, 6, 8, 11, 13-15, 17-29, 31-34, 36, 38, 39, 41, 45 47, 50, 51, 54-72, 74-82, 84-85, 87, 88, 91, 93, 94, 100-102, 105, 107, 119, 120, 124-126, 128, 131, 134-136, 145, 147, 23-27, 30, 33, 34, 36-41, 46-61, 63-67, 69-77, 82, 84, 88, 91, 96, 97, 102, 104, 105, 110-117, 119-132, 136, 139, 148, 149, 156, 158-162, 164, 169, 178-180, 183, 189, 191, 192, 198, 199, 201, 205-207, 209-211, and 215, footnote 14, and Exhibits 1, 3, 4, and 5 thereto;

3. Exhibits 22- 38 and 40-57 to the Vellturo Declaration;

4. The confidential, unredacted version of the Reply Declaration of Dr. Karan Singh Regarding U.S. Patent No. 8,074,172 (the "Singh Declaration"), and particularly paragraphs 18, 28;

5. The confidential, unredacted version of the Reply Declaration of Dr. Nathaniel Polish Concerning U.S. Patent No. 8,086,604 (the "Polish Declaration"), and particularly paragraphs 41, 44, 46, 47, fn. 6 ;

6. Exhibits 2 and 5 to the Polish Declaration;

7. The confidential, unredacted version of the Reply Declaration of Dr. Todd C. Mowry (the "Mowry Declaration"), and particularly paragraphs 56, 284, and 285;

8. Exhibits 9 and 10 to the Mowry Declaration;

9. The confidential, unredacted version of the Reply Declaration of Dr. Ravin Balakrishnan Concerning U.S. Patent No. 8,046,721, and particularly paragraphs 16, 36, 39, 41, 46, 53, and 54; and

10. Exhibit 1 to the Declaration of Scott Leslie in Support of Apple's Reply Memorandum in Support of its Motion for Preliminary Injunction.

Item nos. 1, 2, 3, 7, and 8 above contain or discuss Apple's confidential information. Apple has established good cause to permit filing the above Apple confidential information under seal through the Declaration of Cyndi Wheeler filed in support of this Administrative Motion to File

APPLE MOTION TO FILE ITS PRELIMINARY
INJUNCTION REPLY UNDER SEAL
12-cv-00630-LHK (PSG)

1  Apple's Reply in support of Its Motion for Preliminary Injunction Under Seal (the "Wheeler
2  Declaration"), filed herewith. Such Apple confidential information has been highlighted in yellow.
3  As further detailed in the Wheeler Declaration, the above Apple confidential information relates to,
4  among other things, Apple's confidential market research and analysis, product development
5  strategies, and business practices. *See* Wheeler Declaration at ¶¶ 3-11. It is Apple's policy and
6  practice to strictly maintain the confidentiality of such information. *Id.* This information reflects,
7  among other things, Apple's strategies and manner of managing its business affairs and product
8  development, and could be used by Apple's competitors to its disadvantage. *Id.* The requested relief
9  is thus necessary and narrowly tailored to protect the confidentiality of Apple's confidential
10 information contained in the Reply and supporting documents.

11       In addition, item nos. 1 to 10 contain or discuss information that Defendants Samsung
12 Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications
13 America, LLC (collectively, "Samsung") and/or third party Google Inc. ("Google") has designated
14 "Highly Confidential-Attorney's Eyes Only" or "Highly Confidential Source Code– Outside
15 Attorneys' Eyes Only" pursuant to the Protective Order entered in this case, or is otherwise
16 information that is believed to be deemed confidential by Samsung or Google. Such confidential
17 information has been highlighted in green and blue. Apple expects that Samsung and Google will file
18 the required supporting declarations in accordance with Civil L.R. 79-5(d) as necessary with respect
19 to confirming whether their information should be sealed.

20       Pursuant to General Order No. 62, the complete, unredacted versions of these documents will
21 be lodged with the Court for in camera review and served on Samsung. Furthermore, third party
22 Google will be provided with copies of the publicly-available papers in which Google's confidential
23 information has been unredacted, so that it may review the substance of the proposed confidentiality
24 designations. Further, in accordance with this Court's Civil Standing Order Regarding Motions to
25 File Under Seal, proposed public redacted versions of the following documents, containing only
26 Apple's confidential information and of which Apple seeks to file portions under seal, will be
27 publicly e-filed as attachments to this Motion to Seal:
28       1.      Apple's Reply;

APPLE MOTION TO FILE ITS PRELIMINARY
INJUNCTION REPLY UNDER SEAL
12-cv-00630-LHK (PSG)

2. The Vellturo Declaration and Exhibits 1 and 3 thereto;

3. The Singh Declaration;

4. The Polish Declaration;

5. The Mowry Declaration; and

6. The Balakrishnan Declaration.

Apple's counsel has met and conferred with Samsung's counsel, who stated that they could not take a position on this motion until they had reviewed the confidential information to be sealed.

Dated: May 14, 2012                                             GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *H. Mark Lyon*
        H. Mark Lyon
        ***Attorney for Apple Inc.***

APPLE MOTION TO FILE ITS PRELIMINARY
INJUNCTION REPLY UNDER SEAL
12-cv-00630-LHK (PSG)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: May 14, 2012                                               /s/ *H. Mark Lyon*
                                                                             H. Mark Lyon

APPLE MOTION TO FILE ITS PRELIMINARY
INJUNCTION REPLY UNDER SEAL
12-cv-00630-LHK (PSG)