JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br>   v.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Counterclaim-Plaintiff,<br>   v.<br>APPLE INC., a California corporation,<br><br>  Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL** |

I, Cyndi Wheeler, declare and state as follows:

1. I am an attorney at Apple Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Apple's Administrative Motion to File Documents Under Seal to confirm that certain documents and information contained in Apple's Reply in Support of its Motion for a Preliminary Injunction, and supporting Declarations and Exhibits, are confidential and sealable.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. The requested relief is narrowly tailored and necessary to protect the confidentiality of the information contained in the following documents and exhibits attached therewith.

**Vellturo Declaration and Accompanying Exhibits**

**Apple Employee Deposition Transcripts**

3. Exhibit 1 to the Reply Declaration of Christopher Vellturo, Ph.D. (the "Vellturo Declaration") contains excerpts from the transcript of the deposition of Apple employee Steven Sinclair.  Apple designated the deposition "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts contain discussion of information reflecting Apple's confidential business and product marketing strategy, including but not limited to highly confidential and proprietary information concerning Apple's market research, development of strategies relating to its products, and the impact of market research on such development.  The market research and analysis was obtained by Apple at significant cost.  This information reflects Apple's confidential business and marketing strategy and could be used by Apple's competitors to its disadvantage.  It is Apple's practice and policy to strictly maintain the confidentiality of this information; Apple does not disclose or comment on even speculation about its business practices.

4. Exhibit 3 to the Vellturo Declaration contains transcript excerpts from the deposition of Apple employee Greg Joswiak.  Apple designated the deposition as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  These excerpts contain Apple's highly confidential and proprietary information regarding Apple's product development strategy for its mobile devices, such as how Apple internally perceives and approaches the design of its products as well as discussion of its confidential, proprietary market research and analysis relating to mobile

1  devices. This information thus constitutes Apple's confidential business, marketing, and technical
2  product development strategy and was created at a significant cost to Apple. This information could
3  be used by Apple's competitors to its disadvantage. It is Apple's practice and policy to strictly
4  maintain the confidentiality of this information; Apple does not disclose or comment on even
5  speculation about its internal product development practices.

### Internal Apple Market Research and Analysis

7  5. Exhibits 22, 23, 24, 25, 26, 27, 29, 30, and 31 to the Vellturo Declaration each contain
8  or otherwise reflect confidential, proprietary market research and analysis prepared by or for Apple,
9  as well as internal analysis of such market research and analysis. Apple designated each of these
10 documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective
11 Order. These documents reflect Apple's confidential business and marketing strategy, including
12 information pertaining to confidential Apple customer surveys and the competitive landscape for
13 mobile devices. Furthermore, these documents, and particularly Exhibit 23, reveal Apple's internal
14 choices of what market research upon which it will rely or otherwise use, and how. This business
15 information was created at significant cost to Apple and could be used by Apple's competitors to its
16 disadvantage, particularly as it discusses Apple's customers. It is Apple's practice and policy to
17 maintain the confidentiality of this information; Apple does not disclose or comment on even
18 speculation about its business practices and market analysis.

19 6. Exhibit 28 to the Vellturo Declaration constitutes a confidential document designated
20 by Apple as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective
21 Order. Exhibit 28 is a confidential document that Apple protects and distributes only pursuant to a
22 Non-Disclosure Agreement. This document, which describes the technical operation of Apple's
23 mobile devices, is strictly protected, as it is Apple's practice and policy to maintain the
24 confidentiality of internal analysis and discussion of its proprietary technology.

### Samsung Expert Witness Deposition Transcript

26 7. Exhibit 4 to the Vellturo Declaration constitutes excerpts from the transcript of the
27 deposition of Samsung expert witness Michael J. Wagner. Certain of these excerpts quote or
28 otherwise analyze the contents of the Exhibits identified in the above paragraphs, as well as other,

similar information reflecting Apple's confidential and proprietary business, marketing, and product development strategy. Specifically, the excerpts having Apple confidential information are found at the following page and line numbers: 29:5-30:21, 69:22-71:21, 72:25-76:5, 76:14-22, 80:1-82:4, 82:19-85:11, 98:21-105:6, 124:11-126:22, 127:14-129:19, 148:5-21, and 155:22-157:23. These excerpts thus should remain under seal for the same reasons articulated above, including but not limited to the fact that it is Apple's practice and policy to strictly maintain as confidential such business, marketing, and product development analysis.

**Vellturo Declaration**

8. Portions of the Vellturo Declaration quote or otherwise reference the contents of the Exhibits identified in the above paragraphs, and should remain under seal for the same reasons articulated above.

**Mowry Declaration and Accompanying Exhibits**

9. Exhibit 9 to the Reply Declaration of Dr. Todd C. Mowry (the "Mowry Declaration") discusses Apple's confidential product development strategy, including but not limited to highly confidential and proprietary information concerning the processes Apple uses to develop new products, software and features, and particularly specific detail about the initial design and development of certain Apple technology. This document was designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Apple under the Protective Order. It is Apple's practice and policy to strictly maintain the confidentiality of such product development strategy; Apple does not disclose or otherwise comment on even speculation about its technical product development strategy.

10. Portions of the Mowry Declaration discuss the technical product development strategy reflected in the Exhibit identified above, and should remain under seal for the same reasons articulated above.

**Apple's Reply Brief**

11. Apple's Reply Memorandum in Support of Its Motion for a Preliminary Injunction ("Reply Brief") contains information drawn from the Vellturo and Mowry Declarations, and their exhibits, and thus should remain under seal for the same reasons as articulated above. Such

information includes, but is not limited to, discussion of Apple's confidential, proprietary market research and analysis, including its customer surveys, as well as the internal development of its products.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated:  May 14, 2012                    By:    */s/ Cyndi Wheeler*
                                                Cyndi Wheeler