| **Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 12/477,075 | CHAUDHRI ET AL. |
| | Examiner | Art Unit |
| | ANDRES E. GUTIERREZ | 2172 |

All participants (applicant, applicant's representative, PTO personnel):

(1) ANDRES E. GUTIERREZ.  (3) Robert Beyers.

(2) Boris Pesin.  (4) _____.

Date of Interview: *22 April 2011*.

Type: a)☐ Telephonic  b)☐ Video Conference
c)☒ Personal [copy given to: 1)☐ applicant  2)☒ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☒ No.
If Yes, brief description: _____.

Claim(s) discussed: *1*.

Identification of prior art discussed: *Tokkonen and Gauthey*.

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Examiners discussed the difference between the claimed invention and the prior art of record. Examiners agreed that the prior art of record does not explicitly disclose "continuously moving an unlock image along a predefined path." Applicant further suggested to modify the claim language of the unlock image to further clarify that the unlock image is singular and not multiple images.*

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

/Andres E Gutierrez/
Examiner, Art Unit 2172

/Boris Pesin/
Supervisory Patent Examiner, Art Unit 2172

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
Paragraph (b)

In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

---

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner.
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

## REMARKS

This amendment responds to the office action mailed February 7, 2011. In the office action the Examiner:

A. rejected claims 1-4, 7-8, 11 and 12 under 35 U.S.C. 103(a) as being unpatentable over Tokkonen (U.S. 7,627,904) in view of Gauthey et al. (U.S. 7,286,063 B2); and

B. rejected claims 5-6 and 9-10 under 35 U.S.C. 103(a) as being unpatentable over Tokkonen in view of Gauthey et al., and in further view of Astheimer (U.S. Publication No. 2008/0134170 A1).

## INTERVIEW SUMMARY

Applicants' attorney thanks Examiners Andres E. Gutierrez and Boris Pensin for their comments during an in-person interview on April 22, 2011 with Robert Beyers. In the interview, the Examiner and the Applicants' attorney discussed the differences between the claims and cited references. The Examiners agreed that the cited references do not disclose the claim limitations "continuously moving the unlock image on the touch-sensitive display in accordance with movement of the contact while continuous contact with the touch screen is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device."

## REMARKS CONCERNING CLAIMS

Claims 1-12 remain the same as in the prior November 24, 2010 response.

Claims 13-15 have been added and require that the unlock image is a single image.

Support for claims 13-15 can be found in at least Figures 5A-5C and the description thereof in the application as filed. No new matter has been added.

With respect to all amendments, Applicants have not dedicated or abandoned any unclaimed subject matter. Moreover, Applicants have not acquiesced to any characterizations of the invention, nor any rejections or objections of the claims, made by the Examiner.

After entry of this amendment, the pending claims are: claims 1-15.

### REMARKS CONCERNING REJECTIONS UNDER 35 U.S.C. 103

To establish prima facie obviousness of a claimed invention, <u>all the claim elements must be taught or suggested</u> by the prior art. *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974). Indeed, the Board of Patent Appeal and Interferences recently confirmed that a proper obviousness determination requires an Examiner to make "a searching comparison of the claimed invention - <u>including all its limitations</u> - with the teaching of the prior art." See *In re Wada and Murphy*, Appeal 2007-3733, citing *In re Ochiai*, 71 F.3d 1565, 1572 (Fed. Cir. 1995) (emphasis in original). Finding all the claim elements in the prior art is necessary, but not sufficient. *KSR Intern. Co. v. Teleflex Inc.*, 127 S.Ct. 1727, 1741 (2007) ("a patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art"). "<u>All words in a claim must be considered</u> in judging the patentability of that claim against the prior art." *In re Wilson*, 424 F.2d 1382, 1385, 165 USPQ 494, 496 (CCPA 1970).

A. **Rejection of claims 1-4, 7-8, 11 and 12 under 35 U.S.C. 103(a) as being unpatentable over Tokkonen (U.S. 7,627,904) in view of Gauthey et al. (U.S. 7,286,063 B2).**

Paragraph 9 on page 7 of the Office Action states "Applicant's arguments with respect to claims 1-12 have been considered but are moot in view of the new ground(s) of rejection." But no new grounds for rejection are presented. As such, the previous arguments presented in the November 24, 2010 response remain valid. For the Examiner's convenience, Applicants have repeated the previous arguments below.

Claim 1 requires:

> detecting a contact with the touch-sensitive display at a first predefined location corresponding to an unlock image;
> <u>continuously moving the unlock image on the touch-sensitive display in accordance with movement of the contact while continuous contact with the touch screen is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device;</u> and
> unlocking the hand-held electronic device if the moving the unlock image on the touch-sensitive display results in movement of the unlock image from the first predefined location to a predefined unlock region on the touch-sensitive display.
> (Emphasis added)

The combination of Tokkonen and Gauthey fails to teach, "continuously moving the unlock image on the touch-sensitive display in accordance with movement of the contact while continuous contact with the touch screen is maintained, wherein the unlock image is a

graphical, interactive user-interface object with which a user interacts in order to unlock the device" because the cited references do not teach continuously moving an unlock image in accordance with movement of a contact. Thus, Tokkonen and Gauthey, either alone or in combination, do not teach or suggest all of the limitations of claim 1 and associated dependent claims 2-6.

As noted in the Interview Summary, the Examiners agreed that the cited references do not disclose the "continuously moving an unlock image" limitations underlined above in claim 1. Thus, there is no prima facie case for obviousness of claim 1 as previously amended.

Independent claims 7, 11 and 12 and associated dependent claims 8, 9 and 10 are patentable over Tokkonen and Gauthey for analogous reasons to those explained above with respect to claim 1.

Applicants respectfully request that these rejections be withdrawn.

B.   **Rejection of claims 5-6 and 9-10 under 35 U.S.C. 103(a) as being unpatentable over Tokkonen in view of Gauthey et al., and in further view of Astheimer (U.S. Publication No. 2008/0134170 A1).**

Claims 5-6 and 9-10 depend from and include each and every limitation of independent claims 1 and 7 respectively. As discussed in Section A above, the combination of Tokkonen and Gauthey fails to teach multiple limitations of claims 1 and 7, respectively. Astheimer is not cited for and does not supply the missing limitations. Because the cited references, either alone or in combination, do not teach or suggest multiple claim limitations, there is no prima facie case of obviousness for claims 1 and 7 and associated dependent claims 5-6 and 9-10. Applicants respectfully request that this rejection be withdrawn.

C.   **New claims 13-15**

Claims 13-15 depend from claims 1, 7, and 12 respectively. As discussed in Section A above, the combination of Tokkonen and Gauthey fails to teach multiple limitations of claims 1, 7, and 12. Thus, claims 13-14 are patentable over the cited references for at least the same reasons as those given above for claims 1, 7, and 12.

In additional, claims 13-15 require that "the unlock image is a single image." Tokkonen, Gauthey, and Astheimer, taken together or separately, do not teach or suggest an "unlock image" that "is a single image." Therefore, for this additional reason, there is no prima facie case of obviousness for claims 13-15.

By responding in the foregoing remarks only to particular positions asserted by the examiner, the Applicants do not necessarily acquiesce in other positions that have not been explicitly addressed. In addition, the Applicants' arguments for the patentability of a claim should not be understood as implying that no other reasons for the patentability of that claim exist.

## CONCLUSION

In light of the above amendments and remarks, the Applicants respectfully request that the Examiner reconsider this application with a view towards allowance. The Examiner is invited to call the undersigned attorney at (650) 843-7528, if a telephone call could help resolve any remaining items.

Respectfully submitted,

Date: May 06, 2011

Robert B. Beyers  46,552
(Reg. No.)
**MORGAN, LEWIS & BOCKIUS** LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Ph. (650) 843-4000