Attorney Docket No.: 20142.0002.RXUS00 (P1716USREX1)

PATENT- EX PARTE REEXAMINATION

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re: | MILLER, James et al. | Group Art Unit: | 3992 |
| Patent No. | 5,946,647 | | |
| Control No.: | 90/011,287 | Confirmation No.: | 9354 |
| Reexam Filed: | 10/15/2010 | Examiner: | STEELMAN, Mary |

For: SYSTEM AND METHOD FOR PERFORMING AN ACTION ON A STRUCTURE IN COMPUTER-GENERATED DATA

Mail Stop Ex Parte Reexam
Central Reexamination Unit
Commissioner for Patents
Unites States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

### SUMMARY OF THE AUGUST 11, 2011 EXAMINER INTERVIEW

Patent Owner notes that the Examiner's Interview Summary mailed August 11, 2011 appears to closely track the arguments presented in the interview agenda outline of potential talking points provided to the Examiner before the Examiner Interview and attached to the Examiner's Interview Summary.  However, during the interview only a subset of those points was actually discussed.

Specifically, Patent Owner asserted that Pensoft does not disclose actions as that term is defined by the '647 patent's specification.  Patent Owner also asserted that Nokia does not disclose the linking step recited in the rejected independent claims.  Both of these arguments were discussed as outlined and as presented in Patent Owner's Response filed August 29, 2011.

Finally, Patent Owner addressed the Examiner's comments made in the Office action at pages 7-8 addressing the analyzer server limitation in claim 1 and those claims that depend therefrom. Patent Owner and the panel discussed the Examiner's emphasis on the description of

1

Attorney Docket No.: 20142.0002.RXUS00 (P1716USREX1)
Control No.: 90/011,287

conventional pointers in the specification with regard to a particular embodiment. Patent Owner noted that emphasizing portions of the text appeared to imply the adoption of a narrow definition of analyzer server, despite the several broader passages directed toward the analyzer server such as found at column 5, lines 6-37. After a substantial discussion, it was agreed that the emphasis was misplaced and should be disregarded. The Examiner agreed that claim terms must be given their broadest reasonable interpretation and stated that she would thoroughly cite to the uses of the term analyzer server in the specification without emphasizing a particular embodiment.

* * * * * *

In order to facilitate the resolution of any issues or questions presented by this paper, the Examiner may directly contact the undersigned by phone to further the discussion.

Date: August 29, 2011

Respectfully submitted,

/tracy w druce/
Tracy W. Druce, Esq.
Reg. No. 35,493

Novak, Druce + Quigg LLP
1000 Louisiana Street, Suite 5300
Houston, Texas  77002
(713) 571-3400
(713) 456-2836 (fax)
tracy.druce@novakdruce.com

Brian K. McKnight
Reg. No. 59,914