PATENT
Attorney's Docket No. P2391USC1-987

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In re Patent Application of ) | **MAIL STOP: AF** |
| ) | |
| Yan Arrouye et al. ) | Group Art Unit: 2165 |
| ) | |
| Application No.: 11/000,413 ) | Examiner: Raheem Hoffler |
| ) | |
| Filed: December 1, 2004 ) | Confirmation No.: 5954 |
| ) | |
| For: UNIVERSAL INTERFACE FOR ) | |
| RETRIEVAL OF INFORMATION IN ) | |
| A COMPUTER SYSTEM ) | |
| ) | |

**REQUEST FOR RECONSIDERATION**

**Mail Stop AF**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated February 14, 2011, please reconsider the above-identified patent application based on the following remarks:

**Buchanan Ingersoll & Rooney** PC
Attorneys & Government Relations Professionals

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 2

## REMARKS

Reconsideration and allowance are respectfully requested in view of the following remarks.

### Claim Rejection Under 35 U.S.C. § 103

Claims 1, 11, 16 and 21-24 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Andreoli et al. (U.S. Patent No. 7,202,670, hereinafter "Andreoli") in view of Liao et al. (German Research Center for Artificial Intelligence GmbH: F. Puppe (ED.): XPS-99, LNAI 1570, pp 125-137, 2000, hereinafter "Liao").

The "Prior Art" Status of Liao

Applicants respectfully traverse the assertion that Liao constitutes prior art against the rejected claims. The present application claims priority under 35 USC 120 to parent Application No. 09/478,009, filed January 5, 2000. Thus, to qualify as prior art, the Liao publication must have been accessible to a member of the public before January 5, 2000.

The Liao publication shows a date of "2000". There is no month or day identified. It is respectfully submitted that the mere indication of the year "2000" is not sufficient to show that the publication was accessible to a member of the public during the first four days of that year, which is necessary for it to qualify as prior art. Accordingly, if the rejection based upon Liao is not withdrawn, the examiner is requested to provide evidence that supports his reliance upon the reference as prior art.

Claims 1, 11 and 16

Notwithstanding the questionability of Liao as prior art, Applicants will hereinafter address the merits of the rejection.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 3

As discussed in the background portion of the present application, the claimed subject matter is directed to a universal interface that provides a user with information that is relevant to an inquiry from a variety of disparate sources in response to a single request. In the past, if a user wanted to look for information from different sources, a different respective interface was required to access each source. For instance, the application describes the need to use a browser to search for information on the Internet, and a Find-File utility to search for the same information in a computer's file system. See paragraphs 0003-0007.

Figure 2 of the application illustrates an exemplary embodiment of a user interface that implements the principles of the claimed invention. A retrieval manager receives user input regarding information of interest, e.g. a descriptor. This input is dispatched to each of a plurality of modules $22_n$. Each module has an associated heuristic that it employs to locate information in a respective area of possible relevance. See, e.g. paragraphs 0022-0024.

Thus, by means of a single input, the user is provided with information of possible interest from a variety of disparate resources. Neither Andreoli nor Liao, nor any logical combination of their teachings, provides such result.

First, claim 1 recites "areas of search." The Office acknowledges that Andreoli lacks this element. Office Action, pg. 3. Liao lacks <u>plural</u> areas of search because Liao is directed to an "ontology," which refers to categorizing everything in existence in one unifying theory, often with a hierarchy. Liao, pg. 7. Accordingly, Liao discloses including all information in a single competence knowledge base system, and storing this system on a single relational database. Liao, abstract and Fig. 4.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 4

Claims 11 and 16 specify that "the search areas include storage media accessible by the apparatus [or computer]." Liao teaches away from this type of multiple areas of search by illustrating that different databases should be queried as one knowledge base. Liao, Figs. 2 and 3.

Second, Liao lacks employing different heuristic algorithms for <u>each respective area of search</u>. Rather, Liao discloses using different algorithms over the <u>same</u> database in a cascading fashion. "What we propose is to enhance - in a cascading search stratgey [sic] - the retrieval facilities of a system which must also be robust in a dynamic and incompletely modeled world." Liao, pg. 9. Liao provides two examples of search algorithms, pg. 8, with both specifying a <u>series</u> of formulas to improve the results from a query against a single database. In other words, Liao has not disclosed the advantages of choosing multiple heuristics that are respectively associated with, and based on, different areas of search.

Claims 11 and 16 are allowable for at least the reasons above because claims 11 and 16 recite similar features. The remaining claims are allowable at least because they depend from claims 1, 11 and 16.

<u>Dependent Claims</u>

Claim 21 recites "each of the different heuristic algorithms." In rejecting claim 1, the Office acknowledges that Andreoli lacked heuristics. Office action, pg. 3. In the cited section, Andreoli discloses that knowledge brokers formulate requests and answers in a common language, not heuristics for searching. Andreoli, col. 8, ll. 29-30.

Claims 23 and 25 are allowable for at least the reasons above because claims 23 and 25 recite similar elements.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 5

Claim 22 recites "receiving portions of the information descriptor as the portions are being inputted."  In contrast, Andreoli states that a paper user interface is available.  Certainly, a paper user interface prevents a system from receiving portions as they are being inputted.  The cited sections of Andreoli merely describe a computer receiving input from a user, but, because Andreoli is designed to be alternatively available on paper, these sections do not specify that the user signals are received as they are being input.  Liao also lacks this distinction.

Claims 24 and 26 are allowable for at least the reasons above because claims 24 and 26 recite similar elements.

Claims 7-10, 12-15 and 17-20 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Andreoli et al. in view of Liao, and further in view of Bi et al. (U.S. Patent No. 6,311,178, hereinafter "Bi").

Claim 8 recites "ranking each candidate item according to a number of the heuristic modules locating the same item."  Bi does not disclose this particular criterion.  It would be hindsight to suggest that because Andreoli discloses heuristic modules, a combination with the system of Bi would disclose ranking according to the number of heuristic modules locating the same item.  Neither Andreoli nor Bi discloses the insight that the more heuristic modules that locate the same item, the higher (or lower) it should be ranked.

Claims 13 and 18 are allowable for at least the reasons above because claims 13 and 18 recite similar elements.

Claim 9 recites "according to the ranking of the corresponding heuristic module."  As this rejection relies on the exact same citations as the rejection of claim

8, it is deficient for the same reasons. In particular, neither Andreoli nor Bi disclose the insight that heuristic modules themselves should be ranked.

Claims 14 and 19 are allowable for at least the reasons above because claims 14 and 19 recite similar elements.

## Conclusion

From the foregoing, further and favorable action in the form of a Notice of Allowance is respectfully requested.

In the event that there are any questions concerning this amendment, or the application in general, the Examiner is respectfully requested to telephone the undersigned so that prosecution of present application may be expedited.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC


Date: June 14, 2011        By:   /David B. Orange/
                                 David B. Orange
                                 Registration No. 55513

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

Customer No. 21839