PATENT
Attorney's Docket No. P2391USC1-987

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Patent Application of | ) |
| Yan Arrouye et al. | ) Group Art Unit: 2165 |
| Application No.: 11/000,413 | ) Examiner: Raheem Hoffler |
| Filed: December 1, 2004 | ) Confirmation No.: 5954 |
| For: UNIVERSAL INTERFACE FOR RETRIEVAL OF INFORMATION IN A COMPUTER SYSTEM | ) |

## AMENDMENT

**Mail Stop Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated December 26, 2008, having a period for response which extends through April 27, 2009 (April 26th being a Sunday), by the Petition for Extension of Time (one month) filed herewith, and pursuant to 37 C.F.R. §1.111, please amend the above-identified patent application as follows:

**Amendments to the Claims** in the listing of claims begin on page 2 of this paper.

**Remarks** follow the Amendment section of this paper.

**Buchanan Ingersoll & Rooney** PC
Attorneys & Government Relations Professionals

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 2

**AMENDMENTS TO THE CLAIMS:**

The following listing of claims will replace all prior versions, and listings, of claims in the application:

1.  (Currently amended)  A method for locating information in a network, comprising:

    receiving an inputted information descriptor <u>from an input device</u>;

    providing said information descriptor to a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor;

    providing at least one candidate item of information located by the heuristic modules; and

    displaying a representation of said candidate item of information <u>on a display device</u>.


2-6.    (Canceled).


7.  (Previously presented) The method of claim 1, wherein the step of providing the at least one item of located information comprises:

    ranking each candidate item when a plurality of candidate items are located; and providing the plurality of candidate items for display based on the ranking of each candidate item.


8.  (Previously presented) The method of claim 7, wherein the step of ranking each candidate item comprises:

    ranking each candidate item according to a number of the heuristic modules locating the same item.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 3

9. (Previously presented) The method of claim 7, wherein the step of ranking each candidate item comprises:

ranking each of the heuristic modules; and

ranking the candidate items located by each heuristic module according to the ranking of the corresponding heuristic module.

10. (Previously presented) The method of claim 7, wherein the step of ranking each candidate item comprises:

ranking each candidate item according to a confidence factor associated with the located candidate item.

11. (Currently amended) An apparatus for locating information in a network, comprising:

an interface module configured to receive an inputted information descriptor <u>from an input device</u>;

a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the information descriptor; and

a display module configured to display candidate items of information located by the plurality of heuristic modules <u>on a display device</u>.

12. (Previously presented) The apparatus of claim 11, further comprising:

a ranking module configured to rank each candidate item located by the plurality of heuristic modules,

wherein the display module is configured to display the candidate items according to the ranking of the candidate items.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 4

13.     (Previously presented) The apparatus of claim 12, wherein the ranking module is configured to rank each candidate item according to a number of the heuristic modules locating the same item.

14.     (Previously presented) The apparatus of claim 12, wherein the ranking module is configured to rank each of the plurality of heuristic modules and rank each candidate item according to the ranking of the corresponding heuristic module that located the candidate item.

15.     (Previously presented) The apparatus of claim 12, wherein the ranking module is configured to rank each candidate item according to a confidence factor associated with the candidate document.

16.     (Currently amended) A computer readable medium on which a program executable by a processing unit is recorded, the program comprising the steps of:
    receiving an inputted information descriptor <u>from an input device</u>;
    providing the information descriptor to a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the information descriptor; and
    displaying candidate items of information located by the plurality of heuristic modules <u>on a display device</u>.

17.     (Previously presented) The computer readable medium of claim 16, wherein the program further comprises the step of:
    ranking each candidate item located by the plurality of heuristic modules,

wherein the step of displaying comprises displaying the candidate items according to the ranking of the candidate items.

18. (Previously presented) The computer readable medium of claim 17, wherein the step of ranking the candidate items comprises ranking each candidate item according to a number of the heuristic modules locating the same item.

19. (Previously presented) The computer readable medium of claim 17, wherein the step of ranking the candidate items comprises ranking each of the plurality of heuristic modules and ranking each candidate item according to the ranking of the corresponding heuristic module that located the candidate item.

20. (Previously presented) The computer readable medium of claim 17, wherein the step of ranking the candidate items comprises ranking each candidate item according to a confidence factor associated with the candidate item.

21. (Previously presented) The method of claim 1, wherein each of the different heuristic algorithms is particularized to its associated relevant area of search.

22. (Previously presented) The method of claim 1, wherein the step of receiving the inputted information descriptor comprises receiving portions of the information descriptor as the portions are being inputted, and

wherein the step of providing the information descriptor to the plurality of heuristic modules comprises providing the portions of the information descriptor to the plurality of heuristic modules as the portions are being received, wherein each heuristic module searches for information that corresponds to the received portion of the information descriptor.

23.     (Previously presented) The apparatus of claim 11, wherein each of the different heuristic algorithms is particularized to its associated relevant area of search.

24.     (Previously presented) The apparatus of claim 11, wherein the interface module is configured to receive portions of the information descriptor as the portions are being inputted, and

wherein the heuristic modules are configured to search for information that corresponds to the portions of the information descriptor as the portions are being received.

25.     (Previously presented) The computer readable medium of claim 16, wherein each of the different heuristic algorithms is particularized to its associated relevant area of search.

26.     (Previously presented) The computer readable medium of claim 16, wherein the step of receiving the inputted information descriptor comprises receiving portions of the information descriptor as the portions are being inputted, and

wherein the step of providing the information descriptor to the plurality of heuristic modules comprises providing the portions of the information descriptor to the plurality of heuristic modules as the portions are being received, wherein each heuristic module searches for information that corresponds to the received portion of the information descriptor.

## REMARKS

Applicant requests reconsideration and allowance of the subject patent application in light of the changes above and the remarks that follow.[1] Claims 1 and 7-26 are pending. By this Amendment, claims 1 and 11 have been amended to clarify the recited subject matter. Support for the changes to claims 1 and 11 may be found in the Applicant's specification at, for example, paragraphs 20-22, 26-27, Figs. 1, 2, 3A, 3B and 4.

### Information Disclosure Statement

Applicant appreciates the Examiner's acknowledgment of the PTO-1449 form filed with the Information Disclosure Statement filed on December 1, 2004.

### Rejection Under 35 U.S.C. § 112, First Paragraph

Applicant traverses the rejection of claims 1, 11 & 16 which were rejected under 35 U.S.C. §112, first paragraph, as allegedly lacking support for the term "predetermined heuristic algorithm" in the specification as originally filed. The reasons for this rejection are unclear. Applicant respectfully submits that the Action does not fulfill the Office's initial burden of presenting, by a preponderance of evidence, why a person skilled in the art would not recognize a description of the invention defined by the claims in Applicant's disclosure. (*Wertheim*, 541 F.2d at 263, 191 USPQ at 97; MPEP 2163.04). The Examiner's issue appears to be that Applicant's specification does not literally state "predetermined." However, this is not the standard of review.

There is no requirement that the subject matter of the claim be described literally (i.e., using the same terms or *in haec verba*) in order for the disclosure to satisfy the description requirement. (*Ralston Purina Co. v. Far-Mar-Co., Inc.*, 772 F.2d 1570, 1575, 227 USPQ 177, 179 (Fed. Cir. 1985); M.P.E.P. § 2163.02.) The courts have held that an objective standard for determining compliance with the written description requirement is, "does the description

---

[1] The Office Action contains statements characterizing the claims and related art. Regardless of whether any such statements are specifically addressed herein, Applicant's silence as to these characterizations should not be construed as acceptance of them.

clearly allow persons of ordinary skill in the art to recognize that he or she invented what is claimed." (*In re Gosteli*, 872 F.2d 1008, 1012, 10 USPQ2d 1614, 1618 (Fed. Cir. 1989); M.P.E.P. § 2163.02.)

The Office Action does not provide any evidence or explanation to support an assertion that a person skilled in the art would not recognize the above-identified feature of Applicant's claims. The Office Action, therefore, does not set forth a *prima facie* case for rejecting claims 1, 11 & 16 under Section 112, first paragraph. Accordingly, Applicant requests that the rejection of claim 1 under Section 112, first paragraph be withdrawn for at least this reason.

Furthermore, Applicant submits that the phrase "predetermined heuristic algorithm" has sufficient support in Applicant's originally-filed disclosure. For instance, Applicant's specification discloses an exemplary embodiment in which <u>each of plug-in modules $22_1$-$22_N$ have a heuristic</u> that it employs to search information (Applicant's specification, p. 3, para. 0010.p. 6, para. 0023, p. 7, para. 0028, p. 8, para. 30, and p. 11, para. 0039). Moreover, at page 11, para. 0039, the specification describes heuristic algorithms can be "<u>embodied in appropriate plug-in modules</u>." (Emphasis added.) In light of the above-noted disclosure, it is respectfully submitted that the term "predetermined heuristic algorithm" is sufficiently supported by Applicant's specification to satisfy the requirements of 35 U.S.C. § 112, first paragraph. Accordingly, Applicant respectfully requests this rejection of claims 1, 11 and 16 be reconsidered and withdrawn.

<u>Rejection Under 35 U.S.C. § 101</u>

Claims 1, 7-10, 11-15 & 21-23 are allegedly directed to non-statutory subject matter. Applicant has amended independent claims 1 & 11 to obviate the rejection under 35 U.S.C. § 101. Claims 7-10, 12-15 & 21-23 also satisfy Section 101 based on their corresponding dependence from claims 1 and 11. Accordingly, Applicant respectfully requests the rejection be withdrawn.

Attorney's Docket No. P2391USC1-987
Application No. 11/000,413
Page 9

<u>Rejection of claims 1, 11, 16 & 21-24 Under 35 U.S.C. § 103(a)</u>

Applicant traverses the rejection of claim 1 under 35 U.S.C. §103(a) as allegedly being unpatentable over U.S. Patent No. 7,020,670 to *Andreoli et al.* ("*Andreoli*") in view of U.S. Patent No. 6,636,849 to *Tang et al.* ("*Tang*").  Applicant respectfully submits that the applied references, whether taken individually or in any combination, cannot support a rejection of claim 1 under 35 U.S.C. § 103(a).

The Office Action concedes *Andreoli* does not disclose or suggest "providing said information description to a plurality of heuristic modules, wherein each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor" as recited in claim 1.  (Office Action, p. 5).  *Tang* does not overcome *Andreoli's* deficiencies.

To increase search processing efficiencies, *Tang* uses several heuristic algorithms based on prior search algorithms to provide approximate results for a user input search query, which may reduce the number of matches that are found.  However, *Tang's* heuristic algorithms are merely used to "pre-filter" large data sets, such as data stores (databases), prior to performing a Needlemean-Wunsch alignment.  (*Tang*, Col. 15, lines 42-67). Moreover, *Tang's* database represents only one relevant area that may be searched, a data store (database).

However, *Tang* only searches <u>one area</u>.  As such, *Tang* cannot be considered to teach or suggest <u>a plurality</u> of heuristic modules, wherein each heuristic module corresponds to <u>a respective area of search,</u>" as recited in claim 1.  (Emphasis added.)  Moreover, because *Tang* lacks the claimed "respective area[s] of search," it cannot be considered to teach or suggestion "employ[ing] a <u>different, predetermined heuristic algorithm</u> corresponding to said <u>respective area</u>."

Because neither *Andreoli* nor *Tang*, teach or suggest the above-identified features of claim 1, these references, whether taken individually or in any combination, cannot support a

rejection of claim 1 under 35 U.S.C. § 103(a).  Claim 1 is, therefore, allowable over *Andreoli* and *Tang*.

Claims 11 and 16, although of different scope than claim 1, recite features similar to those recited in claim 1.  Accordingly, claims 11 and 16 are allowable for the same reasons set forth above with regard to claim 1.

Claims 7-26 are allowable at least due to their corresponding dependence from claims 1, 11 and 16.

<u>Rejection of Claims 7-26 Under 35 U.S.C. § 103(a)</u>

Applicant traverses the rejection of claims 7-10, 12-15 & 17-20 under 35 U.S.C. §103(a) as allegedly not being patentable over *Andreoli* in view of *Tang* and in further view of  U.S. Patent No. 6,311,178 to *Bi et al.* ("*Bi*").

Applicant respectfully submits that Claims 7-10, 12-15, & 17-20 are allowable for the same reasons as discussed above with regards to claim 1 because *Bi* does not make up for the deficiencies of *Andreoli* and *Tang*.  Namely, *Bi* does not teach or suggest "providing said information description to a plurality of heuristic modules, wherein each heuristic module corresponds a to a respective area of search and employs a different, predetermined heuristic algorithm corresponding to said respective area to search the area for information that corresponds to the received descriptor" as recited in claim 1; and the Action does not assert that *Bi* makes any such teaching or disclosure.

Since *Andreoli, Tang* and *Bi* do not teach or suggest each and every feature of claim 1 whether they are taken individually or in combination, the references cannot support a rejection of claim 1 under 35 U.S.C. § 103(a).  Accordingly, claims 7-10, 12-15 and 17-20 are allowable at least due to their corresponding dependence from claims 1, 11 and 16.

Attorney's Docket No. P2391USC1-987<br>
Application No. 11/000,413<br>
Page 11

## Conclusion

For the reasons set forth above, Applicant respectfully requests allowance of claims 1 and 7-26.

If additional fees are required for any reason, please charge Deposit Account No. 02-4800 the necessary amount.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Date: <u>April 27, 2009</u>     By:     <u>/Steven Ashburn/</u>
Steven Ashburn
Registration No. 56,636

P.O. Box 1404
Alexandria, VA 22313-1404
703 836 6620

Customer No. 21839

#1711671-v2