| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, CA 94304-1211 | San Francisco, California 94105-2482 |
| Telephone: (650) 849-5300 | Telephone: (415) 268-7000 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 268-7522 |

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORY NO. 4** |

1

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL FURTHER
RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORY NO. 4
CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

## I. INTRODUCTION

This motion provides a prime example of why the Court requires counsel in this case to meet and confer before bringing a dispute before the Court. To put it plainly, Samsung already has all of the information to which it is entitled, given the narrowly-tailored context of these preliminary injunction proceedings, and no additional relevant information exists. Had Samsung properly met and conferred with Apple, Samsung would have learned that Apple's Supplemental Response contained ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. And in any event, through its motion, Samsung seeks information that is irrelevant to the irreparable harm Apple would sustain in the absence of a preliminary injunction and, therefore, seeks information that is overbroad and improper according to the Court's February 22, 2012 scheduling order. As set forth below, Samsung has failed to articulate any legitimate grounds for the Court to order Apple to provide any additional information in response to Interrogatory No. 4, nor could Apple provide such information because it has already ▮▮▮▮▮▮▮▮ responsive to the interrogatory.

## II. ARGUMENT

### A. Samsung Did Not Fulfill Its Meet and Confer Obligations.

Although the parties *previously* met and conferred regarding Apple's response to Interrogatory No. 4, all of the issues raised in that discussion were resolved well in advance of the filing of the current motion. The issues raised in the current motion (and as noted below, the contours of the alleged issues remain entirely unclear) were not the subject of an appropriate meet and confer discussion between the parties. Accordingly, Samsung failed to satisfy its meet and confer obligations.

On April 9, 2012, Apple served its Supplemental Response to Interrogatory No. 4, which provided Samsung ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Fazio Decl., Ex. F.) On April 10, 2012, Michael Fazio wrote a letter following up on the parties ongoing lead trial counsel meet and confer efforts, which included discussion of Apple's

1  Supplemental Response to Samsung's Preliminary Injunction Interrogatory No. 4.  (Fazio Decl., Ex.

2  G.)  As described in Mr. Fazio's letter, at the lead trial counsel meeting, Apple agreed to inform

3  Samsung by April 13, 2012 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ whether

5  Apple would further supplement its response to Interrogatory No. 4.  (Fazio Decl., Ex. G.)

6       Subsequent to the meeting, Apple did exactly what it agreed to do:  on April 13, 2012, Mark

7  Lyon sent a letter to Mr. Fazio ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  (Fazio Decl., Ex. H.)  Mr. Lyon

11  explained that Apple would further supplement its response "[t]o the extent that circumstances

12  change, or further investigation reveals additional information."  (Fazio Decl., Ex. H.)

13       Samsung never responded to Mr. Lyon's April 13, 2012 letter.  (Lyon Decl. ¶ 3.)  Given

14  Samsung's silence, and given Apple's provision of all of the information previously requested at the

15  lead counsel meet and confer, Apple believed the matter had been resolved.  Since then, Apple had

16  no notice whatsoever that Samsung intended to bring this dispute before the Court until the filing of

17  Samsung's motion.

18       Accordingly, the motion should be denied at the outset because Samsung failed to satisfy its

19  meet and confer obligations with respect to this motion.

20      **B.**    **Apple Has Provided Complete Information in Response to Samsung's Interrogatory No. 4.**

21  

22       Samsung's failure to meet and confer not only renders the motion procedurally defective, but

23  also created a circumstance in which the requested relief is substantively meaningless. Had Samsung

24  fulfilled its meet and confer obligations, it would have discovered that Apple already has provided

25  complete information relevant to these preliminary injunction proceedings, notwithstanding the

26  overbreadth of the interrogatory and the irrelevance of the additional information requested (as

27  discussed below).  Specifically, Apple's Supplemental Reponses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

28  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1
2
3   Equally specious is the suggestion that Apple did not fully respond to the interrogatory
4   because it did not provide information relating to "the status of those requests and offers." As noted
5   above, Apple's interrogatory response provides ███
6
7
8
9   ███ such as
10  Apple's internal evaluation of the reasonableness of any license offer or its anticipated next steps,
11  Samsung's motion should be denied on the basis that it seeks information protected by the attorney-
12  client privilege and/or the attorney work product doctrine.
13      Apple therefore had already provided all information appropriately requested by Interrogatory
14  No. 4 *before* Samsung filed this motion, which further highlights the needless expense and waste of
15  judicial resources engendered by Samsung's failure to fulfill its meet and confer obligations, and
16  provides independent grounds for the Court to deny Samsung's impertinent motion.

17      C.   **Interrogatory No. 4 Requests Information that Is Not Relevant to the Irreparable Harm Apple Faces in this Case.**
18
19  Finally, although the Court need not reach this point, Samsung's request to seek further
20  information in response to Preliminary Injunction No. 4 should be denied because it is overbroad. In
21  Apple's Supplemental Response to Interrogatory No. 4, ███
22
23  ███ Samsung nonetheless contends that it is entitled to additional information about
24  requests and offers to license the patents because such information would be evidence of Apple's
25  willingness to license the patents. But much of the information requested by Interrogatory No. 4 is
26  not relevant to the issue of irreparable harm in this preliminary injunction phase, nor to any other
27  issue arising out of Apple's motion for preliminary injunction.
28      For example, Samsung does not explain how third party *requests* to license the patents are

relevant to the irreparable harm inquiry. Indeed, requests from third parties to license the patents could not provide any evidence of *Apple's* willingness to enter into a license agreement; nor could third party requests have any bearing on whether Apple could be sufficiently compensated with money damages. Interrogatory No. 4 is therefore not relevant and does not warrant a response from Apple during expedited preliminary injunction discovery insofar as it seeks information about third party requests for licenses.

Interrogatory No. 4 is likewise overbroad to the extent it seeks information about licensing offers which have no bearing on whether Apple could be adequately compensated with money damages in this case. For example, an offer by Apple to license a patent for practice but *not for sale* would in no way suggest that Apple could be sufficiently compensated with money damages if Samsung is permitted to continue *marketing and selling* a product that infringes that patent. Similarly, an offer by Apple to license the patent to a non-competitor or to license the patent for use in a product that does not compete with an Apple product could not support an inference that Apple will not be irreparably harmed by the continued sale of the Galaxy Nexus, a product sold by Apple's primary competitor that directly competes with Apple products.

Samsung's interrogatory thus seeks information not relevant to the irreparable harm factor (which is the only factor that Samsung has asserted as a basis for Interrogatory No. 4), and Samsung has not complied with the Court's order that discovery requests be "narrowly tailored" to the preliminary injunction motion. (D.N. 37.)

Samsung's interrogatory also is objectionable because it is vague and ambiguous and seeks irrelevant information insofar as it seeks information relating to the "status" of any negotiations. As just one example, this Court has ordered Apple and Samsung to participate in a mandatory settlement conference later this month. It is unclear whether Apple's participation in such a settlement conference would require it to characterize its licensing negotiations with Samsung as "ongoing." And more to the point, Samsung has failed to point out what relevance the "status" of any discussions bears on Apple's preliminary injunction motion. As noted above, ██████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████ No additional information is relevant

4

to these proceedings.

Finally, Apple notes that it has other legitimate objections to the interrogatory. Contrary to Samsung's contention, Apple never asserted that the *entire* interrogatory was vague and ambiguous, but Samsung's use of the phrase "any other rights" in the interrogatory is vague and ambiguous. Additionally, Samsung wrongly contends that the information sought is "necessarily non-privileged." (Mot. at 5.) However, Samsung's request is not limited to communications between Apple and third parties. Instead, the interrogatory seeks "DOCUMENTS RELATED" to licenses and to offers and requests to license the preliminary injunction patents, which could include legal advice and other information protected by the attorney-client privilege and/or the attorney work produce doctrine.

## III.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court DENY Samsung's Motion to Compel Further Responses to Samsung's Preliminary Injunction Interrogatory No. 4.

Dated: May 14, 2012

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *H. Mark Lyon*
H. Mark Lyon

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Jennifer Rho, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, CA 90071, in said County and State. On May 14, 2012, I served the following document(s):

**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORY NO. 4**

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Certificate of Service was executed by the undersigned on May 14, 2012, at Los Angeles, California.