| | | |
|---|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com | John Caracappa (*pro hac vice*) jcaracappa@steptoe.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com | 1330 Connecticut Avenue, NW Washington, D.C. 20036 |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 | Telephone: (202) 429-6267 Facsimile: (202) 429-3902 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 | |
| 6 | | |
| 7 | Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY)) | |
| 8 | kevinjohnson@quinnemanuel.com Victoria F. Maroulis (Bar No. 202603) | |
|  | victoriamaroulis@quinnemanuel.com | |
| 9 | 555 Twin Dolphin Drive, 5th Floor Redwood Shores, California 94065 | |
| 10 | Telephone: (650) 801-5000 Facsimile: (650) 801-5100 | |
| 11 | | |
| 12 | William C. Price (Bar No. 108542) williamprice@quinnemanuel.com | |
| 13 | Patrick M. Shields (Bar No. 204739) patrickshields@quinnemanuel.com | |
|  | 865 South Figueroa Street, 10th Floor | |
| 14 | Los Angeles, California  90017-2543 Telephone:  (213) 443-3000 | |
| 15 | Facsimile:  (213) 443-3100 | |
| 16 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, | |
| 17 | INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | **DECLARATION OF MICHAEL F. PENG IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE ITS REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION UNDER SEAL (SAMSUNG CONFIDENTIAL BUSINESS INFORMATION)** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Michael F. Peng, declare:

1. I am a member of the State Bar of California and an associate in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung"). I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. On May 14, 2012, Apple Inc. ("Apple") filed an administrative motion in Dkt. 175 to file under seal portions of its Reply Memorandum in Support of its Motion for a Preliminary Injunction (the "Reply Memorandum") and supporting documents. Apple's motion sought to protect, among other things, information referenced in its filing that was designated as confidential by Samsung under the protective order in this matter. Pursuant to Civil L.R. 79-5(d), Samsung submits this declaration in support of sealing the portions of Apple's filing that reference Samsung's trade secret and confidential business information.

3. **Vellturo Reply Declaration.** Portions of the Reply Declaration of Christopher Vellturo, Ph.D. (the "Vellturo Reply Declaration") and its accompanying exhibits contain Samsung's trade secret and confidential business information. Exhibit 4 contains transcript excerpts from the deposition of Michael J. Wagner, dated May 4, 2012. Some of those excerpts reference and discuss Samsung's actual and projected market share and sales in the smartphone market, as well as internal product development and marketing strategies. Exhibit 5 to the Vellturo Reply Declaration contains transcript excerpts from the deposition of Kevin Geklinsky, dated May 7, 2012. Some of those excerpts contain information relating to Samsung's actual and projected sales of the Galaxy Nexus smartphone and other Samsung products, as well as information concerning the relative importance of certain smartphone features to Samsung's product development strategies. Exhibits 32-38 and 40-57 to the Vellturo Reply Declaration contain Samsung's internal reports and analyses of Samsung's smartphone and tablet products, the markets for those products, and detailed business strategies relating to those products, including information concerning product development, partnerships with phone carriers, and pricing. Samsung maintains the aforementioned information and data as highly confidential in the ordinary

course of business, and does not disclose them to competitors.  Portions of the Vellturo Reply Declaration reference the confidential information contained in Exhibits 4, 5, 32-38, and 40-57, and are confidential for the same reasons.

4. **Polish Reply Declaration.**  Portions of the Reply Expert Declaration of Dr. Nathaniel Polish concerning U.S. Patent No. 8,086,604 (the "Polish Reply Declaration") and accompanying Exhibit 2 contain Google's trade secret and confidential business information.  Exhibit 2 contains transcript excerpts from the deposition of Jaime Carbonell, dated May 2, 2012.  Those excerpts reference information relating to source code for the Android operating system.  This information was designated by third party Google, Inc. ("Google") as confidential under the protective order.  Samsung accordingly designated Exhibit 2 as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Samsung anticipates that Google will address the confidentiality of Exhibit 2 and the portions of the Polish Reply Declaration that reference Exhibit 2 in a separate declaration that Google will file pursuant to Civil L.R. 79-5(d).  Accordingly, Samsung's proposed order, filed herewith, does not address the Polish Reply Declaration.

5. **Singh Reply Declaration.**  Portions of the Reply Declaration of Dr. Karan Singh regarding U.S. Patent No. 8,074,172 (the "Singh Reply Declaration") reference the Declaration of Dr. Martin E. Kaliski Regarding U.S. Patent No. 8,074,172 (the "Kaliski Declaration").  The referenced portions of the Kaliski Declaration contain information relating to source code for the Android operating system that Google designated as confidential under the protective order.  Samsung anticipates that Google will address the confidentiality of the portions of the Singh Reply Declaration that reference the Kaliski Declaration in a separate declaration that Google will file pursuant to Civil L.R. 79-5(d).  Samsung's proposed order, filed herewith, does not address the Singh Reply Declaration.

6. **Apple's Reply Memorandum.**  Portions of Apple's Reply Memorandum discuss and reference the information contained in the documents described in ¶ 3, and should therefore be filed under seal for the same reasons discussed in that paragraph.

7. Proposed public redacted versions of Exhibits 4 and 5 to the Vellturo Reply Declaration are attached as exhibits to this declaration.  Apple originally filed Exhibits 4 and 5

1  under seal in their entirety, pursuant to the confidentiality designation placed by Samsung on those
2  documents.  Samsung has reviewed Exhibits 4 and 5 in order to narrowly identify the portions that
3  require sealing.  Exhibits 4 and 5 also contain information that Apple has designated as
4  confidential under the protective order, as described in ¶ 7 of the Declaration of Cyndi Wheeler in
5  Support of Apple's Administrative Motion to File its Reply in Support of its Motion for
6  Preliminary Injunction Under Seal (the "Wheeler Declaration") (Dkt. 175).  Samsung accordingly
7  redacts those portions, but respectfully refers the Court to the Wheeler Declaration for an
8  explanation of their confidentiality.  Pursuant to General Order No. 62, copies of the unredacted
9  versions of Exhibits 4 and 5 have been lodged with the Court for in camera review and served on
10 all parties.  In those documents, Samsung's confidential business information is highlighted in
11 green and Apple's is highlighted in yellow.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 21, 2012 at Los Angeles, California.

_____
Michael F. Peng