1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Kevin A. Smith (Bar No. 250814)
3  kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129 (CA);
7  2542082 (NY))
   kevinjohnson@quinnemanuel.com
8  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
9  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065
10 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
11
   William C. Price (Bar No. 108542)
12 williamprice@quinnemanuel.com
   Patrick M. Shields (Bar No. 204739)
13 patrickshields@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
14 Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
15 Facsimile:   (213) 443-3100

   STEPTOE & JOHNSON, LLP
   John Caracappa (*pro hac vice*)
   jcaracappa@steptoe.com
   1330 Connecticut Avenue, NW
   Washington, D.C. 20036
   Telephone: (202) 429-6267
   Facsimile: (202) 429-3902

16 Attorneys for Samsung Electronics Co., Ltd.,
   Samsung Electronics America, Inc. and Samsung
17 Telecommunications America LLC

18
                    UNITED STATES DISTRICT COURT
19
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
20

21 APPLE INC., a California corporation,            CASE NO. 12-CV-00630-LHK (PSG)

22         Plaintiff,                               **SAMSUNG'S REPLY RE MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORIES (INTERROGATORY NO. 4)**
23   vs.

24 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation; SAMSUNG
25 ELECTRONICS AMERICA, INC., a New       Date: June 5, 2012
   York corporation; SAMSUNG              Time: 10:00 a.m.
26 TELECOMMUNICATIONS AMERICA,            Courtroom: 5, 4th Floor
   LLC, a Delaware limited liability company,  Honorable Paul S. Grewal

27         Defendants.                     **FILED UNDER SEAL/HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
28

                                           Case No. 12-CV-00630-LHK (PSG)
                       SAMSUNG'S REPLY RE MTC FURTHER RESPONSES TO PI ROG #4

## INTRODUCTION

Apple leads its Opposition with an assertion that Samsung failed to properly meet and confer. The parties' correspondence and attorney declarations tell a different story. Samsung attempted *on multiple occasions over a two-week time period* to work with Apple's counsel to resolve Apple's failure to fully respond to Interrogatory No. 4. Letters detailing Samsung's issues with Apple's Response to Interrogatory No 4 were sent, and Apple responded. These efforts culminated with an in-person meet and confer, where Apple stated it would consider Samsung's request in its entirety. A few days later, Apple responded with an email, in which Apple refused to respond to the remaining parts of Samsung's Interrogatory No. 4. There was nothing more to say.

Apple continues to trumpet that it has turned over "a complete response" to Interrogatory No. 4. Notably, this assertion is completely inconsistent with Apple's argument that it does not have to provide a further response because the information sought is irrelevant. In any event, what Apple really means is that it has provided complete information as to the one portion of Interrogatory No. 4 that Apple chooses to respond to and ignored the rest. Indeed, Interrogatory No. 4 seeks: (1) all persons to whom Apple offered to license the Preliminary Injunction Patents; (2) all persons who have requested a license to the Preliminary Injunction Patents; and (3) the status of any such offers or requests. Yet notwithstanding Apple's statements of a "complete response," Apple fails to respond to these portions of this interrogatory.

As to Apple's argument that the disputed portion of Interrogatory No. 4 seeks information that is irrelevant, tellingly, Apple does *not* dispute, or even address, the legal principles that require that this Motion be granted, including a previous ruling by this Court in *Samsung I* that Apple's ███████████████████████████████████████████████████████████████ ███████████████████████████████████ *See Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK (*Samsung I*), Dkt. No. 449 at 64:18-20. There is no mention anywhere in Apple's Opposition of this Court's ruling or the case law upon which this ruling is based. Instead, Apple continues its course of cherry-picking for counsel – and now the Court – what information it deems relevant to turn over.

Apple further contends that the status of any requests or offers to license the Preliminary Injunction Patents are protected by the attorney-client privilege.  Yet Apple offers no facts whatsoever to support its claim of privilege.  And frankly, it cannot do so.  The interrogatory seeks negotiations with third parties.  By its very nature, such information cannot be privileged. Apple's additional blanket objections that Interrogatory No. 4 is overbroad or vague are makeweight and Apple did not even raise these purported concerns during the meet and confer process.  Accordingly, Apple's objections should be overruled and Apple should be ordered to provide a complete response to Interrogatory No. 4.

## ARGUMENT

### I. THE PARTIES' PROPERLY MET AND CONFERRED ABOUT INTERROGATORY NO. 4.

Samsung's moving papers lay out in detail the communications that led to this Motion, but a few facts require further emphasis.  Two days after receiving Apple's Objections and Responses to Samsung's Interrogatories, Samsung sent a letter pointing out that Apple's response to Interrogatory No. 4 was not fully responsive in that Apple's response only addressed the portion that sought information regarding *existing* license agreements but did not respond to the portions that sought *offers or requests to license* the Preliminary Injunction Patents.[1]  *See* Declaration of Michael L. Fazio dated April 30, 2012 ("Fazio Dec."), Ex. C.  Apple's response to this letter addressed issues regarding ███████████, but *ignored* Samsung's request for the additional information.  *See* Fazio Dec., Ex. D.  Samsung sent another letter and, again, Apple's response addressed only ███████████ and ignored the rest.  *See* Fazio Dec., Exs. E and F.

On April 10, 2012, the parties held an in-person meet and confer where Samsung presented its justifications as to why information regarding offers or requests to license the Preliminary

---

[1]   As described in the Motion, Interrogatory No. 4 sought, for each of the Preliminary Injunction Patents, the identity of all persons to whom Apple has licensed or offered to license, or persons who have requested to license, granted or offered to grant any other rights under the Patent, including the status of those requests and offers. ███████████████████████████████████████████████████

1  Injunction Patents was relevant.  In response to Samsung's justifications, Apple's counsel agreed

2  that Apple would:

3        [B]y close of business on April 13, 2012, ▬▬▬▬▬▬▬▬▬▬

4        ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

5        ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

6        ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

7        ▬▬▬▬▬▬▬▬▬▬▬

8  Fazio Decl. ¶ 8 and Ex. G (emphasis added).  On April 13, Apple sent an email response

9  confirming that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

10 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬, and went on to state: "Apple believes that the information

11 contained in the First Supplemental Response provides the information requested by the

12 interrogatory, subject to Apple's stated objections."  Fazio Decl., Ex. H.

13       Apple's email represents the culmination of the parties' meet and confer on this issue.

14 Indeed, in the wake of three letters, one in-person meet and confer, and follow-up email

15 correspondence, it is difficult to imagine what more Samsung could have done to address Apple's

16 failure to fully respond to Interrogatory No. 4.  Notwithstanding these exhaustive meet and

17 confer efforts, Apple has never provided *any* justification for its failure to respond to the

18 remaining parts of Interrogatory No. 4; instead, Apple's final email on the topic simply side-

19 stepped the issue.  Thus, rather than an invitation for a further superfluous meet and confer,

20 Samsung had no choice but to view Apple's stark email response of April 13 as the *conclusion* of

21 the meet and confer process.  The parties were, and remain, at loggerheads.

22 **II.**    **SAMSUNG IS ENTITLED TO THE INFORMATION SOUGHT.**

23     **A.**    **Apple's Willingness to License Its Patents is Relevant to the Issue of Irreparable Harm.**

24

25       This Motion seeks the identity of persons to whom licenses for the Preliminary Injunction

26 Patents were offered; persons who have requested such licenses; and persons to whom Apple has

27 granted or offered to grant rights under the Preliminary Injunction Patents, including the status of

28

those requests and offers.    Though Apple contends that it has "provided complete information," Apple in fact provides none of this information.

Notably, Apple concedes that its information provided in response to Interrogatory No. 4 is *not* complete.    While it claims to have already provided a list of parties ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it is clear from Apple's Opposition that there are at least several categories of information which Apple has not provided, each of which is requested by Interrogatory No. 4.    This information includes the following:

- requests from third parties to license the patents (Opp. at 3-4);
- offers by Apple to license a patent for practice but not for sale (Opp. at 4);
- offers by Apple to license the patent to a non-competitor or for a non-competing product (Opp. at 4); or
- information concerning the status of negotiations for any of the above categories (Opp at 3).

Apple also argues that the Interrogatory is overbroad,[2] and that the above categories are "not relevant to the issue of whether it could be adequately compensated with money damages." Opp. at 3-4.    But this Court's previous order, and the case law on which it is based, shows that the information sought is *directly* relevant to Apple's showing of irreparable harm:

> An additional argument weighs in Samsung's favor and supports the finding that Apple has not shown that it would be irreparably harmed absent a preliminary injunction. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While not dispositive, this fact does weigh in Samsung's favor.    *See Acumed LLC v. Stryker*

---

[2] Curiously, Apple argues that, while the request is overbroad, the Court "need not reach this point."    Opp. at 3.    The "point" – whether Samsung is entitled to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or whether, as Apple contends, the request is overbroad because the information is irrelevant – is the very gravamen of Samsung's Motion.    Apple does not explain why the Court need not reach this critical issue.

1  *Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("While the fact that a patentee has
2  previously chosen to license the patent may indicate that a reasonable royalty does
3  compensate for an infringement, that is but one factor for the district court to
4  consider."). ████████████████████████████████████
5  ████████████████████████████████████████████████
6  ██████████████████████████████████████
7  ██████████████████████████
8  *See Samsung I*, Dkt. No. 449 at 64:10-22 (emphasis added).   Thus, it is not only Apple's ██████
9  ██████████████ that are relevant to irreparable harm, but also ██████████████████

10       Importantly, Apple does not attempt to explain, or even address, the Court's prior ruling.
11  Nor does it attempt to distinguish the holding of *High Tech Med. Instr., Inc. v. New Image Inds.,*
12  *Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) – which was also cited in Samsung's Motion – that a
13  patentee's *offer of a license* "suggests that any injury suffered by [patentee] would be compensable
14  in damages assessed as part of the final judgment in the case."

15       Apple argues that "requests from third parties to license the patents could not provide any
16  evidence of Apple's willingness to enter into a license agreement."   Opp. at 3-4.   But Apple's
17  response to such requests certainly would.   There would be no difference between a *request* from
18  a third party, on the one hand, and an *offer* by Apple to a third party, on the other, if negotiations
19  between the parties followed.   Either event demonstrates a *willingness* to license by Apple, and
20  any negotiations certainly are relevant to placing a monetary value on the patents, whether or not
21  they ultimately resulted in an executed license.   That Apple did not close the deal does not make
22  an *offer* to license, or a *negotiation* arising from a third party request to license, any less relevant.
23  Samsung has no idea whether any such negotiations have occurred, are occurring, have broken
24  down over monetary terms, are on hold for business reasons, because Apple has refused to provide
25  the information.   Yet such information would be relevant to Apple's willingness to license the
26  patents at issue.   Moreover, Apple's unsupported contention that such requests "have [no] bearing
27  on whether Apple could be sufficiently compensated with money damages" (Opp. at 4) is directly
28  contradicted by this Court's ruling and the case law upon which it is based.

1    In another distinction without a difference, Apple contends that offers by it "to license a
2 patent for practice but *not for sale* would in no way suggest that Apple could be sufficiently
3 compensated with money damages."  Opp. at 4 (emphasis in original).  Preliminarily, Apple's
4 suggestion that its discovery responses in any way have made such a distinction is particularly
5 disingenuous – ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7    But Apple also does not explain why there would be a difference whether a license is
8 offered for use or for sale.  Either way, Apple is offering or negotiating to give up exclusivity in
9 return for gaining a business advantage that again suggests any harm from infringement would be
10 compensable by money damages.  *See High Tech*, 49 F.3d at 1557, *quoting T.J. Smith & Nephew*
11 *Ltd. v. Consolidated Medical Equip., Inc.*, 821 F.2d 646, 648 (Fed. Cir. 1987) ("licensing is
12 incompatible with the emphasis on the right to exclusivity that is the basis for the presumption [of
13 irreparable harm] in a proper case").

14    Finally, Apple claims that offers by it to license the patents to a non-competitor or for a
15 non-competing product "could not support an inference that Apple will not be irreparably harmed
16 by the continued sale of the Galaxy Nexus."  Opp. at 4.  Yet an offer to license – whether to a
17 competitor or a non-competitor – shows an ability to place a value on a patent that would tend to
18 show Apple could be sufficiently compensated with money damages for infringement of that
19 patent.  The distinction between licensing a competitor versus a non-competitor may go to the
20 weight of the evidence, but not its relevance.

21    In each instance, Apple's arguments about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Apple should be compelled
24 to provide a complete response to Interrogatory No. 4, including identification of all parties with
25 whom Apple has had license negotiations for the Preliminary Injunction Patents, and the status of
26 those negotiations.

27
28

**B.     Apple Has Not Met Its Burden To Justify Its Other Objections.**

Where the requesting party moves to compel on the basis that an interrogatory response is insufficient, the burden is on the responding party to justify its objections or failure to provide a complete answer.   *See* Adv. Comm. Notes to 1970 Amend. to Fed. R. Civ. Proc. 33(a).   Apple's attempts to justify its other objections to the interrogatory fall short.

Apple objects that the interrogatory is vague and ambiguous as to the term "any other rights," but the interrogatory is clear on its face and the correspondence shows that Apple never professed an inability to understand it during the meet and confer process.

Apple also claims that the interrogatory seeks documents related to licenses and to offers and requests to license the preliminary injunction patents, "which *could* include legal advice and other information protected by the attorney-client privilege or the attorney work product doctrine." Opp. at 5 (emphasis added).   Apple does not explain how this business-related information "could" be privileged or work product protected, as is its burden.   *See id*; *Martin v. Valley Nat'l. Bank of Arizona*, 140 F.R.D. 291, 302 (S.D. N.Y. 1991) (burden is on party claiming attorney client privilege to establish all elements of the privilege); *U.S. v. Adlman*, 134 F.3d 1194, 1200-1202 (2d Cir. 1998) (documents prepared in ordinary course of business are not protectable as work product, and party claiming privilege has burden of showing that the document was prepared or obtained because of the prospect of litigation).   In any event, Apple must produce all non-privileges information and log any allegedly privileged communications.

Finally, Apple has not even attempted to justify the rest of its objections.   Any other objections on any other bases should be deemed waived.

**CONCLUSION**

For the foregoing reasons, the Court should GRANT Samsung's Motion to Compel and require Apple to provide a complete response to Interrogatory No. 4.

1  DATED: May 21, 2012                      QUINN EMANUEL URQUHART &
2                                           SULLIVAN, LLP
3
4                                           By  /s/ Patrick M. Shields
                                                Charles K. Verhoeven
5                                               Kevin P.B. Johnson
                                                Victoria F. Maroulis
6                                               Patrick M.Shields

7                                           Attorneys for DEFENDANTS
                                            SAMSUNG ELECTRONICS CO., LTD.,
8                                           SAMSUNG ELECTRONICS AMERICA, INC.,
9                                           and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28