| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS TO DR. VELLTURO'S DECLARATION IN SUPPORT OF APPLE'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  June 7, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

In support of its reply on the preliminary injunction motion, Apple filed a 76-page reply declaration from its expert Dr. Christopher Vellturo, attaching 56 new exhibits totaling 2,768 pages. Dr. Vellturo's "reply" declaration is 20 pages *longer* than his declaration submitted with Apple's moving papers and is written like an advocacy piece; it is, in effect, an additional reply brief five times as long as that permitted by the Court. Moreover, much of the material in Dr. Vellturo's so-called reply declaration is not responsive to Samsung's opposition.

After sandbagging Samsung with this voluminous reply declaration, Apple has further prejudiced Samsung by refusing to comply with the parties' prior agreement that Apple would "promptly" produce any reply declarants for deposition. On March 26, 2012, Apple's counsel proposed an agreement "regarding PI discovery" which provided in relevant part: "[t]o the extent, if any, Apple submits any declarations with is reply brief . . . , Apple will produce the declarants promptly for deposition[.]"[1] Samsung's counsel accepted Apple's proposal the next day. (*Id.*)

In accordance with this agreement, Samsung requested a deposition date for Dr. Vellturo promptly after Apple filed its reply papers. In response, Apple refused to produce Dr. Vellturo on any date other than June 5 in New York.[2] As the preliminary injunction hearing is set for June 7 on the opposite coast, that date and place was unworkable. Samsung's counsel requested an earlier date, but Apple refused.[3]

Submitting a 76-page reply declaration with an additional 2,700+ pages of exhibits is prejudicial in and of itself. Apple's refusal to comply with the parties' agreement compounds Samsung's prejudice. The sole deposition date offered by Apple – two days before the preliminary injunction hearing on the opposite side of the country – does not comply with terms of parties' agreement. Offering Dr. Vellturo for deposition on June 5 is hardly the "prompt

---

[1] March 26-27, 2012 email between M. Lyon and P. Shields, et al, a copy of which is attached hereto as Exhibit A. In this same email, it was expressly recognized that Samsung did not agree that reply declarations are appropriate on this motion.
[2] May 16-17, 2012 email between M. Lyon and P. Shields, a copy of which is attached hereto as Exhibit B.
[3] May 18, 2012 email from M. Lyon to P. Shields, a copy of which is attached hereto as Exhibit C.

production" Apple promised. Such a late deposition effectively precludes Samsung from making meaningful use of the deposition at the hearing. Apple should have either obtained in advance an appropriate deposition date from Dr. Vellturo, or forgone filing an additional declaration by him.[4] Instead, it submitted a massive reply declaration without giving Samsung a meaningful opportunity to test the contents of that declaration. The appropriate remedy is to strike Dr. Vellturo's reply declaration.

DATED: June 1, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Patrick M. Shields
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Patrick M. Shields

Attorneys for DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

---

[4] Surely Apple could, if it chose, have ensured Dr. Vellturo's earlier availability. He testified at deposition that he has previously served as an expert for Apple on approximately 10-12 occasions. Vellturo Dep. Tr. at 13:22-14:19.