| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br>        v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Counterclaim-Plaintiffs,<br>        v.<br><br>APPLE INC., a California corporation,<br><br>                    Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S RESPONSE TO SAMSUNG'S OBJECTION TO THE REPLY DECLARATION OF CHRISTOPHER VELLTURO**<br><br>**Hearing**:<br>Date:  June 7, 2012<br>Time: 1:30 P.M.<br>Place:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

Samsung's objections to Dr. Vellturo's Reply Declaration are untimely and entirely without merit. Samsung's real purpose in filing its frivolous, last-minute objections, however, is clear: Samsung is desperate to keep out of the record *Samsung's own documents and its own expert's statements*, which are addressed in detail in Dr. Vellturo's Reply Declaration. As explained in Apple's reply papers, virtually every position taken in Samsung's brief and by Samsung's expert, Mr. Wagner, regarding irreparable harm, is contradicted by Samsung's own documents and, in many instances, Mr. Wagner's own deposition testimony. Given the extent to which Samsung's documents are fatal to Samsung's opposition, it is hardly surprising that Samsung did not cite a single one of its documents in its opposition, and its expert cited just one.

As a result, Samsung has contrived objections to Dr. Vellturo's Reply Declaration that should be overruled for several reasons:

- Local Rule 7-3(d)(1) requires objections to evidence submitted in reply to be filed seven days after the reply is filed. Samsung filed its objections to Dr. Vellturo's Reply Declaration *eighteen* days after the declaration was filed, and on that basis alone the objections should be overruled.

- With the exception of a few paragraphs covering his credentials, every single paragraph in Dr. Vellturo's Reply Declaration is responsive to arguments made by Samsung and Samsung's expert in opposition. Indeed, in its objection, Samsung fails to identify a single example of material that is not responsive to Samsung's opposition.

- The vast majority of the "2,768 pages" of exhibits are documents produced by Samsung – after Apple's motion was filed – concerning, among other things, the Galaxy Nexus and Samsung's plans to beat Apple. Samsung hopes to use this objection to keep such documents, which are irreconcilable with its arguments, out of the record.

- Samsung's objections are disingenuous in light of its own conduct regarding deposition scheduling. Samsung produced, *in Korea,* two of its declarants the business day before Apple's reply brief was due, and produced, *in Hong Kong*, one of the Google declarants submitted with its opposition the calendar day before Apple's reply was due.

Filing meritless, eleventh-hour objections is evidently Samsung's *modus operandi*, having done the same thing days before the P.I. hearing in the 1846 case. Apple respectfully requests that the Court overrule Samsung's objections to Dr. Vellturo's Reply Declaration.

I.   **Samsung's Objections Are Untimely**

Local Rule 7-3(d)(1) requires that objections to evidence submitted in reply be made within seven days:

APPLE INC.'S RESPONSE TO SAMSUNG'S OBJECTION TO
THE REPLY DECLARATION OF CHRISTOPHER VELLTURO
CASE NO.: 12-CV-00630-LHK                1

Gibson, Dunn &
Crutcher LLP

> If new evidence has been submitted in the reply, the opposing party may file *within 7 days after the reply is filed*, an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.

Apple filed its Reply on May 14, 2012, and Samsung filed its objections 18 days later, on June 1, 2012 – *eleven days too late*. Samsung, moreover, cannot excuse its tardiness given that in the prior preliminary injunction hearing, Samsung similarly ignored Rule 7-3, and this Court rejected its objections for failing to comply with the Rule. P.I. Order, Case No. 11-cv-1846 (D.I. 452) at 5-6.

## II. Dr. Vellturo's Reply Declaration Responds to Samsung's Opposition

In its objection, Samsung blankly asserts, "much of the material in Dr. Vellturo's so-called reply declaration is not responsive to Samsung's opposition." Objection at 2. This unsupported claim is false; as noted above, every single substantive paragraph in Dr. Vellturo's Reply Declaration is responsive to arguments made by Samsung and Samsung's expert in opposition.

Indeed, in its objection, Samsung does not identify a single example of material that is not responsive to Samsung's opposition. Samsung provides no examples of any passages that are "not responsive to Samsung's opposition," and it likewise fails to identify any documents, deposition citations, or other evidence cited by Dr. Vellturo that could have or should have been submitted with Dr. Vellturo's original declaration.

Samsung also fails to inform the Court that the vast majority of the "2,700+ pages of exhibits" are Samsung's own documents or depositions taken of Samsung witnesses. In his Reply Declaration, Dr. Vellturo explains why these documents produced by Samsung support Apple's positions, and refute Samsung's.[1] The Court should overrule Samsung's objections.

## III. Dr. Vellturo Was Made Available for a Second Deposition

Apple offered to produce Dr. Vellturo for a second deposition before the hearing, but Samsung declined to take the deposition or take any other action to compel an earlier date. Indeed,

---

[1] Not only should these documents come as no surprise to Samsung – given that they are Samsung's documents – but throughout the full-day deposition that Samsung did take of Dr. Vellturo regarding his original declaration, Dr. Vellturo repeatedly referenced Samsung's documents and described them in detail. *See, e.g.*, Vellturo Dep. (attached as Ex. I to the Posner Declaration in Support of Samsung's Opposition (D.I. 115-2)) at 75:5-8, 76:22-77:1, 98:18-99:7, 103:8-103:22, 105:10-106:9, 110:23-111:8, 117:15-18, 119:16-19, 120:2-121:24, 122:8-19, 162:22-163:2, 171:6-171:11, 181:5-12, 189:14-25, 233:1-6, 257:11-25.

1  despite learning of the proposed deposition date on May 17, Samsung waited until June 1 to raise the
2  issue with the Court.  There is no legitimate reason for Samsung not to have taken Dr. Vellturo's
3  deposition or sought an earlier date, if it truly wanted the deposition (as opposed to an objection it
4  could try to use to avoid the material in Dr. Vellturo's declaration).

5        Moreover, Samsung's objection to the timing of Dr. Vellturo's second deposition is
6  disingenuous in light of its own conduct regarding depositions of its witnesses.  Samsung proffered *in*
7  *Korea* two of its declarants, Mr. Sangbong Lee and Ms. Youngsoon Lee, on the business day before
8  Apple's Reply Brief was due.  Samsung made one of the Google declarants, Mr. Ken Wakasa,
9  available *in Hong Kong* on Sunday, the day before Apple's Reply was due.  These witnesses were
10 produced to Apple on such late dates despite the fact that in the agreement that Samsung references in
11 its objections, Samsung too agreed to promptly produce its witnesses.  Declaration of Jennifer Rho in
12 Support of Apple's Opposition to Samsung's Objection, ¶¶ 3-5.  Again, Apple respectfully requests
13 that the Court overrule Samsung's objections.

## CONCLUSION

15       Samsung's untimely, generalized complaints about the size of Dr. Vellturo's declaration and
16 the inconvenience of having to take his deposition do not support any valid objection, and cannot
17 justify the exclusion of his declaration.  The objection should be overruled.

19                                                      GIBSON, DUNN & CRUTCHER LLP

21 Dated:  June 5, 2012                            By:  */s/ H. Mark Lyon*
                                                             H. Mark Lyon

                                                  ***Attorneys for Plaintiff Apple Inc.***

Gibson, Dunn & Crutcher LLP

APPLE INC.'S RESPONSE TO SAMSUNG'S OBJECTION TO
THE REPLY DECLARATION OF CHRISTOPHER VELLTURO
CASE NO.: 12-CV-00630-LHK               3

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Date: June 5, 2012                                By:  */s/ Mark Lyon*

                                                       H. Mark Lyon