UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, ) | Case No.: 12-CV-00630-LHK (PSG) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING-IN-PART** |
| ) | **SAMSUNG'S MOTION TO COMPEL** |
| v. ) | |
| ) | **(Re: Docket No. 146)** |
| SAMSUNG ELECTRONICS CO., LTD, a ) | |
| Korean corporation; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC., a New York ) | |
| corporation; and SAMSUNG ) | |
| TELECOMMUNICATIONS AMERICA, LLC, ) | |
| a Delaware limited liability company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this patent infringement suit, Defendants Samsung Electronics Co., LTD., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") moves to compel Plaintiff Apple Inc. ("Apple") to supplement its response to one of Samsung's interrogatory requests relating to Apple's pending motion for a preliminary injunction. Earlier today, the court heard oral argument on Samsung's motion. Having considered the arguments and evidence presented, the court GRANTS-IN-PART Samsung's motion.

1

## I. BACKGROUND

Samsung moves this court to order Apple to supplement its response to Interrogatory Request No. 4. This interrogatory requests that Apple identify all persons to whom Apple has licensed, offered to license, or received a request to license, the four patents upon which Apple seeks a preliminary injunction (the "preliminary injunction patents"), as well as the current status of any of these licensing discussions.[1] Samsung argues that the information is relevant to Apple's assertion that it would be irreparably harmed in the absence of an injunction.[2] Samsung also specifically argues that Apple should be obliged to supplement its response to identify all requests for licenses of any of the four preliminary injunction patents, even if the request did not reference one of them specifically—for example, any requests to license an Apple patent portfolio that might include one of the four preliminary injunction patents.[3]

Apple responds that its interrogatory response as it currently stands is adequate because the supplemental information that Samsung requests is irrelevant to the preliminary injunction motion, and supplementing its response would place an undue burden on Apple.

## II. LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The court must limit the frequency or extent of discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, or the burden or expense of the proposed discovery outweighs its likely benefit.[4] Upon a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."[5]

---

[1] *See* Docket No. 146 (Defs.' Mot. to Compel Further Resp.).

[2] *See id.*

[3] *See id.*

[4] *See generally* Fed. R. Civ. P. 26.

[5] Fed. R. Civ. P. 26(b)(1).

2

Case No.: 12-CV-00630-LHK (PSG)
**ORDER GRANTING-IN-PART SAMSUNG'S MOTION TO COMPEL**

### III. DISCUSSION

It is clear that, in the absence of any burden to Apple, the supplemental information Samsung has requested is at least reasonably calculated to lead to the discovery of admissible evidence. The frequency and substance of any license requests, even if ultimately declined or ignored by Apple, sheds light both on how those outside of Apple value the preliminary injunction patents, as well as how Apple itself values them. This is more than conceptually pertinent to Apple's willingness to license the patents,[6] because even a well-resourced party like Apple is subject to the microeconomic maxim that supply tends to increase as does price.

Of course, the initial premise of this discussion, that Apple has no burden in complying with Samsung's request, is false. Apple very much confronts a substantial burden in collecting and reviewing data from every possible source within its corporate structure. Fortunately, at oral argument, counsel for Samsung suggested that any order compelling supplementation apply only to the two Apple licensing department employees that Apple previously disclosed to Samsung under Rule 26(a). The court agrees that this strikes the appropriate balance between the competing concerns of the parties.

### V. CONCLUSION

The court GRANTS-IN-PART Samsung's motion to compel production from Apple. Apple shall supplement its response to Interrogatory No. 4 in accordance with the foregoing. Apple may limit its response to information supplied to the two licensing department employees identified in Apple's Rule 26(a) disclosure. Samsung shall comply with this order no later than June 7 at noon, so that Judge Koh will have access to this information before ruling on Apple's motion.

---

[6] *See Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) ("While the fact that a patentee has previously chosen to license the patent may indicate that a reasonable royalty does compensate for an infringement, that is but one factor for the district court to consider."); *High Tech Med. Instr., Inc. v. New Image Inds., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (finding that a patentee's offer of a license "suggests that any injury suffered by HTMI [the patentee] would be compensable in damages assessed as part of the final judgment in the case").

1  **IT IS SO ORDERED.**

2  Dated: 6/5/2012

3
4  _____
   PAUL S. GREWAL
   United States Magistrate Judge