JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

**Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S SUPPLEMENTAL BRIEF REGARDING THE AMOUNT OF BOND**<br><br>**Hearing:**<br>Date: June 7, 2012<br>Time: 1:30 P.M.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

In response to this Court's June 4, 2012, Order (D.I. 197), Apple respectfully submits this supplemental brief regarding the amount of bond required pursuant to Fed. R. Civ. P. 65(c) in the event the Court grants Apple's motion for a preliminary injunction.

At the outset, Apple is prepared to post a bond with respect to both the Samsung Galaxy Nexus and the successor to the Galaxy Nexus, the Samsung Galaxy S III. As Apple explained in its Motion to Supplement the Record Regarding Samsung's Galaxy S III Product (D.I. 201), the Galaxy S III is set for imminent launch in the United States (and reportedly already has sold over nine million pre-orders), and infringes two of the patents at issue in Apple's preliminary injunction motion in the same manner, and for the same reasons, as the Galaxy Nexus. The Galaxy S III should, therefore, be covered by the same preliminary injunction order, and Apple is prepared to post a bond consistent with Fed. R. Civ. P. 65(c) covering both the Galaxy Nexus and the Galaxy S III.

As explained below, however, Apple does not presently have sufficient information from Samsung upon which to make a specific proposal regarding such a bond. Apple is fully prepared to respond promptly to any bond amount and/or calculation methodology proposed by Samsung or based on information provided by Samsung.

## I. The Court Has Discretion in Establishing a Bond, though Samsung Bears the Burden of Proposing a Bond Amount.

In the Ninth Circuit (as in other circuits), district courts have broad discretion concerning the amount of security, if any, required for entry of a preliminary injunction. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).[1] However, "[t]he Ninth Circuit has no steadfast rule as to the amount of a bond as a result of the issuance of a preliminary injunction." *Design Furnishings, Inc. v. Zen Path, LLC*, No. Civ. 2:10-2765 WBS GGH, 2010 WL 5418893, at *9 (E.D. Cal. Dec. 23, 2010) (quoting *Garrett v. City of Escondido*, 465 F.Supp.2d 1043, 1059 (S.D. Cal. 2006)).

"The burden of establishing the amount of bond necessary to secure against the wrongful issuance of an injunction rests with the defendant." *TAP Worldwide LLC v. Becker*, 2010 WL 2757354, at *6 (N.D. Cal. July 12, 2010) (ruling that plaintiff must post only a nominal bond to

---

[1] In patent cases, "[t]o determine the scope of the trial court's discretion with respect to award of an injunction bond, [courts] look to the law of the regional circuit." *Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456, 1467 (Fed. Cir. 1997).

APPLE INC.'S SUPPLEMENTAL BRIEF REGARDING THE
AMOUNT OF BOND; CASE NO.: 12-CV-00630-LHK (PSG)                1

1  obtain preliminary injunction enjoining defendant's use of plaintiff's confidential information
2  because defendant's damages were merely speculative); *see also Connecticut General Life Ins. Co. v.*
3  *New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003) ("We do not, however, believe that
4  the language of Rule 65(c) absolves the party affected by the injunction from its obligation of
5  presenting evidence that a bond is needed, so that the district court is afforded an opportunity to
6  exercise its discretion in setting the amount of the bond.").

### II. Samsung Has Refused to Provide Information Concerning a Reasonable Bond Amount or a Reasonable Methodology for Calculating Such a Bond.

Based on the submissions in the related 1846 case, Samsung understands that it bears the burden to come forward with an estimate for the bond. Samsung's burden is particularly important in this case, where there has thus far been no damages discovery and the information necessary for calculating a proper bond amount is uniquely in Samsung's possession.

In order to prepare a meaningful submission in response to the Court's Order, Apple contacted Samsung on June 5, 2012, seeking to understand Samsung's positions regarding the amount of and method of computation for a bond. *See* Declaration of Scott A. Leslie, Ex. 1 (6/5/12 Email from M. Lyon to P. Shields). Apple also offered to meet and confer with Samsung in advance of the parties' submissions. *Id.* In response, Samsung refused to provide substantive information regarding its proposal for a bond or the basis thereof, and ignored Apple's offer to meet and confer. Specifically, Samsung stated only:

> Given the short turnaround to respond to the Court's order, we are still gathering data and will not be in a position to give you a preview of our brief. You may fairly assume that Samsung will request a bond that corresponds to the amount of sales that would be subject to the injunction.

*Id.*, Ex. 2 (6/5/12 Email from P. Shields to M. Lyon).

### III. Apple Is Prepared to Post a Bond for Both the Galaxy Nexus and the Galaxy S III, but Lacks Sufficient Information from Samsung to Propose Such a Bond at this Time.

While Apple is prepared to post a bond with respect to both the Galaxy Nexus and the Galaxy S III devices, at this time, Apple lacks sufficient information upon which to make a specific proposal regarding a bond. In connection with Apple's preliminary injunction motion, while Samsung has provided certain information concerning Galaxy Nexus sales projections and possible future pricing,

it has not provided information sufficient to determine a proper bond.  With respect to the Galaxy S III, Apple has no information relevant to a bond beyond third-party reports that the number of Galaxy S III pre-orders has reached record heights.  As a result, Apple is presently unable to estimate a reasonable bond amount without additional information from Samsung – information that Samsung has the burden to provide.

Apple is, however, fully prepared to respond promptly to any bond amount and/or calculation methodology proposed by Samsung.

GIBSON, DUNN & CRUTCHER LLP

Dated:  June 6, 2012                                     By:   /s/ H. Mark Lyon
                                                                      H. Mark Lyon

*Attorneys for Plaintiff Apple Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Date:   June 6, 2012                              By:   */s/ Mark Lyon*

                                                          H. Mark Lyon