# EXHIBIT 1

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S BRIEF REGARDING BOND**<br><br>Date: June 7, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh<br><br>**FILED UNDER SEAL**<br>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY |

1  Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and
2  Samsung Telecommunications America, LLC (collectively "Samsung") hereby respond to the
3  Court's Order Re: Briefing On Bond (Dkt. 197), as follows.

4  **Argument**

5  If Samsung is preliminarily enjoined from selling the Galaxy Nexus during the pendency
6  of this suit, Apple should be required to post a bond of no less than ▇▇▇▇▇▇.
7  Federal Rule of Civil Procedure 65(c) provides:

8  No restraining order or preliminary injunction shall issue except upon the giving of
9  security by the applicant, in such sum as the court deems proper, for the payment of
10  such costs and damages as may be incurred or suffered by any party who is found
11  to have been wrongfully enjoined or restrained.

12  Rule 65(c) "imposes a requirement of security . . . for the precise purpose of assuring
13  compensation of the defendant for the resulting losses if the injunction proves to have been
14  wrongfully granted." *Nat'l Kidney Patients Ass'n v. Sullivan*, 958 F.2d 1127, 1134 (D.C. Cir.
15  1991); *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 804 (3d Cir. 1989)
16  ("An incorrect interlocutory order may harm defendant and a bond provides a fund to use to
17  compensate incorrectly enjoined defendants."). This fund is an enjoined party's exclusive source
18  from which to recover damages caused by the wrongful injunction. *See W.R. Grace & Co. v.*
19  *Local Union 759*, 461 U.S. 757, 770 n.14 (1983) ("A party injured by the issuance of an injunction
20  later determined to be erroneous has no action for damages in the absence of a bond.").

21  Because the amount of the bond is an upper limit on an injured party's redress for a
22  wrongful injunction, and because the cost of a bond for a credit-worthy company like Apple is a
23  mere fraction of the amount of the bond, courts should err on the "high side" in determining the
24  amount of a bond:

25  When setting the amount of security, district courts should err on the high side. If
26  the district judge had set the bond at $50 million, as [defendant] requested, this
27  would not have entitled [defendant] to that sum; [defendant] still would have had to
28  prove its loss, converting the "soft" numbers to hard ones. An error in setting the

bond too high thus is not serious. (The fee for a solvent firm such as [plaintiff] . . . to post a bond, a standby letter of credit, or equivalent security is a very small fraction of the sum involved.) Unfortunately, an error in the other direction produces irreparable injury, because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond.

*Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000) (citation omitted).

If Samsung were wrongfully enjoined from selling the Galaxy Nexus through the trial of this matter, currently scheduled for March 31, 2014, Samsung would be damaged in many ways, including through lost profits from sales of Galaxy Nexus devices; a loss of goodwill resulting from having to remove one of its products from the market pursuant to a Court order, and the costs of restoring that goodwill once the injunction is lifted; the costs of implementing the injunction, including interacting with suppliers, distributors, retailers and consumers concerning the scope and requirements of the injunction; attorneys' fees and costs associated with the injunction; and costs of re-launching the Galaxy Nexus when the injunction is lifted, including advertising and promotional costs.

Samsung estimates that between July 2012 and June 2013, it will sell approximately ███████ of the Galaxy Nexus in the United States.[1] To date, the average consolidated profit to Samsung from sales of the Galaxy Nexus has been ███ per unit.[2] Based on those figures, Samsung's lost profits through June 2013 alone are likely to be ███████, and its total damages from a wrongful injunction would be significantly higher. Accordingly, if Samsung is enjoined from selling the Galaxy Nexus, Apple should be required to post a bond of no less than ███████ to ensure that, at a minimum, Samsung would be able to recover the lost profits it suffers as a result of a wrongful injunction.

---

[1] Samsung does not yet have sales projections for the Galaxy Nexus in the United States past the end of the second quarter of 2013.
[2] The data cited in this paragraph is based on the concurrently-filed Declaration of Corey Kerstetter.

1    It should also be noted that, on May 31, 2012, Apple notified Samsung that, if an
injunction is issued against the Galaxy Nexus, Apple will try to enforce that injunction against
other Samsung products that are not named in its motion for preliminary injunction or its
Complaint.  On June 5, Apple filed a motion to the same effect (D.N. 201.)  Samsung respectfully
submits that expanding the preliminary injunction hearing to address additional products would be
a violation of due process.  The briefing and discovery regarding Apple's preliminary injunction
motion have all focused on a single product—the Galaxy Nexus.  Adding other products would
significantly impact all four preliminary injunction factors, as well as the required bond.

DATED: June 6, 2012                         QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            By  /s/ Patrick M. Shields
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            Patrick M. Shields

                                            Attorneys for DEFENDANTS
                                            SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.,
                                            and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC