| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SUPPLEMENT THE RECORD REGARDING SAMSUNG'S GALAXY S III PRODUCT**<br><br>Date:  June 7, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") hereby oppose Apple's Motion to Supplement the Record Regarding Samsung's Galaxy S III Product.

### **Argument**

Under the guise of a "motion to supplement the record" Apple seeks to enjoin what it describes as "the most extensively pre-ordered piece of consumer electronics in history," without notice, discovery or briefing.  Apple does not seek to add to the record in support of its previously-filed preliminary injunction motion (which would be untimely in any event).  Rather, Apple's mis-named motion is an effort to amend its notice of motion for a preliminary injunction.  That preliminary injunction motion concerns one product, and it is not the Galaxy S III.  Nor is the Galaxy S III a subject of Apple's complaint.

It is too late to add new products to the pending motion for a preliminary injunction.  A notice of motion provides the due process notice and an opportunity to be heard.  *Sterling Commercial Credit--Michigan, LLC v. Phoenix Industries I, LLC*, 762 F.Supp.2d 8, 13-14 (D.D.C. 2011) (recognizing that the preliminary injunction notice requirements in Federal Rule of Civil Procedure 65 "'reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'") (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974)).  On the eve of the hearing on the motion that Apple noticed – after the parties have been litigating since February *only* the Galaxy Nexus and after Samsung filed its opposition to Apple's motion – Apple wants to enjoin a new product when Samsung will have no opportunity to investigate the issues or to prepare a meaningful, substantive response.

Furthermore, Samsung first announced the release of the Galaxy S III over a month ago on May 3, 2012.  In the intervening month, Apple never indicated it would seek to add that product to its injunction motion.  Apple has provided no explanation for waiting until the eve of the hearing.  Presumably, Apple will claim it needed time to examine the product.  Needing time is a two-way street.  A defendant is entitled to analyze, discover and prepare a defense.

1    In addition, the parties have conducted extensive discovery with multiple discovery
2 motions as to scope.  Since February, the parties have participated in 31 depositions around the
3 world; produced well over one million pages of documents (with Samsung having produced more
4 than 1.2 million pages of them); served a half dozen sets of written discovery requests (containing
5 hundreds of individual requests); submitted over 30 declarations from expert and lay witnesses;
6 filed multiple discovery motions and spent enormous amounts of time addressing issues framed by
7 the noticed motion.  None of the parties' discovery has concerned the Galaxy S III.  This sheer
8 volume of discovery alone is evidence of the work necessary to properly adjudicate the issues
9 Apple seeks to insert in the case through its two-page motion to supplement.

10   Apple's motion to supplement rests on the flawed premise that these two Samsung
11 smartphones are fungible and thus no discovery or briefing about the product it seeks to enjoin is
12 necessary.  Apple claims that it is a "given" – based simply on the conclusory declarations of
13 Apple's experts who Samsung will not be able to depose in advance of the June 7th hearing – that
14 infringement has occurred.  Of course, Samsung must have an opportunity to challenge those
15 opinions.

16   Apple must also prove "'a likelihood of substantial and immediate irreparable injury,'"
17 *Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 2012-1105 slip op. at 18 (Fed. Cir. May 14, 2012)
18 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)), and further that the "patented feature[s] . .
19 . drive the demand for the product" such that an injunction would prevent Apple's claimed harm.
20 *Id*. at 17.  Samsung has demonstrated that Apple has failed to show irreparable harm based on the
21 four accused features of the Galaxy Nexus.  Apple offers no evidence that the Galaxy S III, which
22 it asserts contains only two of those features (those accused with respect to the '604 and '647
23 patents), would cause irreparable harm.

24   Further, on the existing record, there is no basis to make a finding that the allegedly
25 infringing features of the Galaxy S III "drive[] demand for the product." *Id.* at 17.  Apple argues
26 that while the Galaxy Nexus has not sold in substantial numbers, the Galaxy S III "will sell
27 phenomenally well."  This differential in projected market appeal must be attributable to factors
28 other than the alleged infringement, because Apple contends that is unchanged.  Thus, Apple's

motion to supplement both undercuts its original motion (by making clear that the allegedly infringed features do not drive consumer demand) and underscores the inadequacy of the current record as a basis for enjoining the Galaxy S III.

Moreover, there is no assurance that the same evidence and considerations relevant to the Galaxy Nexus apply comparably to the Galaxy S III.  Apple does not show that the respective Samsung products have the same position in the market, compete with the iPhone to the same extent, are attractive to consumers for the same reasons, or will impact Samsung's business or the public's interest to the same extent.  It would be speculation to apply to the Galaxy S III the analysis and evidence regarding the Galaxy Nexus.  Fairness requires that Samsung have a meaningful opportunity to address the new issues and defeat the assumption that one phone is simply a clone of the other.

Adding a new product to this motion would significantly change the analysis of all four preliminary injunction factors.  This should not be done on two days' notice, without due process, and with no factual record whatsoever.  If Apple wishes to seek an injunction against the Galaxy S III, the Court should require Apple to file a new motion and allow the parties to develop a full factual record on all four factors.  Accordingly, the Court should reject Apple's motion to amend its current notice of motion for a preliminary injunction.

-3-
SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO SUPPLEMENT THE RECORD REGARDING SAMSUNG'S GALAXY S III PRODUCT

DATED: June 6, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Patrick M. Shields
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   Patrick M. Shields

   John Caracappa (*pro hac vice*)
   Steptoe & Johnson, LLP
   1330 Connecticut Avenue, NW
   Washington DC 20036
   TEL:  202-429-6267
   FAX:  202-429-3902

Attorneys for DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC