JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS TO SAMSUNG'S WATSON AND POSNER DECLARATIONS ATTACHING NEW EVIDENCE**<br><br>**Hearing:**<br>Date: June 7, 2012<br>Time: 1:30 P.M.<br>Place: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

Samsung has, over the last several days, submitted two 11th hour attorney declarations attaching new evidence in support of its opposition to Apple's motion for a preliminary injunction. *See* Admin. Mot. to File Under Seal Watson Decl. in Support of Samsung's P.I. Opp. and Exhibits (D.I. 195); Decl. of Daniel C. Posner in Support of D.I. 115 and Exhibits (D.I. 198).  Apple objects to these improper submissions in their entirety because by failing to seek leave of Court to submit this new evidence Samsung ignored this Court's Local Rules.  Moreover, Samsung does not have any excuse for submitting many of these documents so late, as Samsung had in its possession long before it filed its April 24, 2012, opposition each of those documents to which Apple objects on timeliness grounds.

**I.      Samsung's Filings Are Expressly Prohibited By The Local Rules**

Samsung filed its new evidence in disregard of the Local Rules of this Court. Local Rule 7-3(d) is clear:  "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . ."   Because Apple submitted its Reply on May 14, 2012, Samsung was obliged to seek leave of Court to submit this new evidence.  Samsung did not do so.  On June 1 and 5th, Samsung submitted 11 additional exhibits (380 pages of material) in support of its Opposition, without contacting Apple, without seeking prior approval from this Court, and without even attempting to explain why this material was not submitted earlier.  This Court should strike Samsung's new declarations and evidence from the record for this reason alone.[1]  (*See Apple, Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 139049, at *11-12 (N.D. Cal. Dec. 2, 2011) (denying Samsung's motion to exclude for failure to comply with Local Rule 7-3); *see also*, *Bauman v. DaimlerChrysler AG*, No. C-04-00194 RMW, 2005 WL 3157472, at *3 (Nov. 22, 2005) (barring the filing of supplemental authority and exhibits without Court approval).

**II.     Samsung Has Had Many of its Proffered Exhibits in Its Possession for Over a Month**

To the extent the Court does not strike Samsung's entire submission for violation of Local Rule 7-3, Apple objects to certain exhibits because Samsung had them in its possession for over a month.  Samsung has no excuse for the incredibly late submission of six of its June exhibits:  Watson

---

[1] To the extent that this Court allows Samsung to submit Exhibit HH to Samsung's June 4th Posner Declaration (deposition designations of Dr. Nathaniel Polish), Apple hereby submits its counter-designations to those deposition designations as Exhibit A.  (Simmons Decl. ¶ 2.)

Declaration Exhibits B, C and E and Posner Declaration II – KK.  Of the three untimely additional exhibits Samsung filed on June 1st, Apple produced two of these documents to Samsung on March 29th and March 30th – over three weeks before Samsung filed its Opposition brief.  (Dkt. No. 195 Exs. B and C; Simmons Decl. ¶¶ 4-5.)  The third of these additional untimely exhibits is public record and was accessible to Samsung at any time.  (Dkt. No. 195 Ex. E; Simmons Decl. ¶ 6.)  Similarly, the three untimely additional exhibits that Samsung filed on June 4th are also public record.  (Dkt. No. 198 Exs. II, JJ and KK; Simmons Decl. ¶ 7.)   Samsung provides no justification for its untimely submissions, nor can it.

### III.    Conclusion

For the foregoing reasons, Apple respectfully submits its objections to Samsung's June 1st Watson Declaration and Exhibits, as well as Samsung's June 4th Posner Declaration and Exhibits.

GIBSON, DUNN & CRUTCHER LLP

Dated:  June 6, 2012                    By:  /s/ H. Mark Lyon
                                                   H. Mark Lyon

*Attorneys for Plaintiff Apple Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Date:  June 6, 2012           By:  */s/ Mark Lyon*
                                   H. Mark Lyon