1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

5

       APPLE INC., A CALIFORNIA     )  C-11-01846 LHK
6      CORPORATION,                 )  AND
                                    )  C-12-00630
7                    PLAINTIFF,     )
                                    )  SAN JOSE, CALIFORNIA
8              VS.                   )
                                    )  JUNE 5, 2012
9      SAMSUNG ELECTRONICS CO.,     )
       LTD., A KOREAN BUSINESS      )  PAGES 1-53
10     ENTITY; SAMSUNG              )
       ELECTRONICS AMERICA,         )
11     INC., A NEW YORK             )
       CORPORATION; SAMSUNG         )
12     TELECOMMUNICATIONS           )
       AMERICA, LLC, A DELAWARE     )
13     LIMITED LIABILITY            )
       COMPANY,                     )
14                                  )
                     DEFENDANTS.    )
15     _____

16                  TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE PAUL S. GREWAL
17             UNITED STATES MAGISTRATE JUDGE

18

19

20             APPEARANCES ON NEXT PAGE

21

22

23

24     OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                          CERTIFICATE NUMBER 9595
25

                                                              1

```
 1

 2     A P P E A R A N C E S:

 3     FOR APPLE:              GIBSON, DUNN & CRUTCHER
                               BY:  JASON C. LO
 4                             333 SOUTH GRAND AVENUE
                               LOS ANGELES, CALIFORNIA  90071
 5
                               BY:  H. MARK LYON
 6                             1881 PAGE MILL ROAD
                               PALO ALTO, CALIFORNIA  94304
 7
                               MORRISON & FOERSTER
 8                             BY:  ALISON M. TUCHER
                               425 MARKET STREET
 9                             SAN FRANCISCO, CALIFORNIA  94105

10

11     FOR SAMSUNG:            QUINN, EMANUEL, URQUHART,
                               OLIVER & HEDGES
12                             BY:  MICHAEL L. FAZIO AND
                                     SHAHIN REZVANI
13                             865 SOUTH FIGUEROA STREET
                               10TH FLOOR
14                             LOS ANGELES, CALIFORNIA  90017

15                             BY:  SARA JENKINS
                               555 TWIN DOLPHIN DRIVE
16                             SUITE 560
                               REDWOOD SHORES, CALIFORNIA  94065
17

18

19

20

21

22

23

24

25
```

```
 1    SAN JOSE, CALIFORNIA                JUNE 5, 2012
 2                   P R O C E E D I N G S
 3              (WHEREUPON, COURT CONVENED AND THE
 4    FOLLOWING PROCEEDINGS WERE HELD:)
 5              THE COURT:  MR. RIVERA, WOULD YOU CALL
 6    THE TWO MATTERS ON THIS MORNING'S CALENDAR?
 7              THE CLERK:  YES, YOUR HONOR.
 8              CALLING APPLE, INC., VERSUS SAMSUNG
 9    ELECTRONICS, ET AL, CASE NUMBER CV-11-1846, AND
10    CV-12-630, MATTER ON FOR SAMSUNG'S MOTION TO SEAL
11    AND SAMSUNG'S MOTION TO COMPEL.
12              COUNSEL, PLEASE STATE YOUR APPEARANCES.
13              MS. JENKINS:  SARA JENKINS FOR SAMSUNG
14    FROM QUINN, EMANUEL.
15              MR. FAZIO:  GOOD MORNING, YOUR HONOR.
16    MICHAEL FAZIO ON BEHALF OF SAMSUNG, AND I'M HERE
17    WITH MY COLLEAGUE, SHAHIN REZVANI.
18              MR. LO:  GOOD MORNING, YOUR HONOR.
19    JASON LO FROM GIBSON, DUNN AND CRUTCHER ON BEHALF
20    OF APPLE.
21              MR. LYON:  MARK LYON ON BEHALF OF APPLE.
22              THE COURT:  ALL RIGHT.  GOOD MORNING TO
23    EACH OF YOU.
24              MS. TUCHER:  AND ALISON TUCHER ON BEHALF
25    OF APPLE AS WELL.
```

```
1              THE COURT:  MS. TUCHER, GOOD MORNING TO

2    YOU.  YOU MAY ALL JOIN US.

3              FOR THE SAKE OF EFFICIENCY I ASKED

4    MR. RIVERA TO CALL THE TWO CASES TOGETHER.

5              I WOULD, HOWEVER, LIKE TO HANDLE EACH OF

6    THESE DISPUTES SEPARATELY.  THEY'RE SEPARATE CASES

7    WITH SEPARATE ISSUES.

8              AND I WOULD LIKE TO BEGIN WITH THE 1846

9    MATTER AND THE MOTION TO SEAL THAT SAMSUNG HAS

10   BROUGHT.

11             THIS IS SAMSUNG'S MOTION, SO WHO WILL

12   SPEAK ON SAMSUNG'S BEHALF?

13             MS. JENKINS:  THAT WILL BE ME, YOUR

14   HONOR.

15             THE COURT:  ALL RIGHT, MS. JENKINS.  GOOD

16   MORNING TO YOU.

17             MS. JENKINS:  GOOD MORNING.

18             THIS MORNING WE ARE ASKING THE COURT TO

19   REDACT SOME VERY SPECIFIC REFERENCES TO SAMSUNG'S

20   CONFIDENTIAL INFORMATION FROM THE TRANSCRIPTS FROM

21   THE HEARING ON MARCH 27TH, AND AS I'M SURE YOU

22   REMEMBER WHEN WE APPEARED ON MARCH 27TH, WE WERE

23   MAKING SOME VERY FACT-SPECIFIC ARGUMENTS REGARDING

24   AN APEX MOTION AND A MOTION FOR SANCTIONS.

25             AT THE OUTSET OF THAT HEARING, APPLE'S
```

1    COUNSEL, MR. MCELHINNY, SAID HE DIDN'T KNOW IF HE

2    COULD MAKE HIS ARGUMENTS WITHOUT QUOTING SAMSUNG

3    CONFIDENTIAL DOCUMENTS OR DISCUSSING THEM IN-DEPTH,

4    AND YOU ADVISED THE PARTIES TO DO THE BEST THAT

5    THEY COULD UNDER THE CIRCUMSTANCES.

6            AND I THINK THE PARTIES DID TRY TO SPEAK

7    AT A GENERAL, HIGH LEVEL ABOUT THE INFORMATION.

8            THE COURT:  SO, MS. JENKINS, WEREN'T

9    THOSE CIRCUMSTANCES PRETTY CLEARLY THE

10   CIRCUMSTANCES IN WHICH THIS COURTROOM WOULD REMAIN

11   OPEN TO THE PUBLIC AND TO THE PRESS?

12           MS. JENKINS:  YOU DID STATE THAT YOU

13   WOULD NOT SEAL THE COURTROOM, YES, AND WE WENT

14   FORWARD ON THAT BASIS.

15           HOWEVER, THE ACTUAL ARGUMENTS THAT WERE

16   MADE DIDN'T LEND THEMSELVES TO A HIGH LEVEL,

17   GENERAL SORT OF ARGUMENT.

18           FOR THE --

19           THE COURT:  ON WHOSE SHOULDERS SHOULD

20   THAT FALL?  IS THAT THE PROBLEM OF THE PUBLIC OR

21   THE PROBLEM OF THE PARTIES?

22           MS. JENKINS:  WELL, I WOULD ARGUE THAT

23   REDACTING THIS ISN'T -- IN THE MANNER THAT WE'VE

24   SUGGESTED IS NOT GOING TO CREATE A PROBLEM FOR THE

25   PUBLIC.

1          IT'S NOT GOING TO SIGNIFICANTLY BAR THE

2     PUBLIC FROM VIEWING THE TRANSCRIPT.  IT'S LESS THAN

3     10 PERCENT OF THE TRANSCRIPT THAT WE'VE HIGHLIGHTED

4     AND HAVE ASKED TO BE REDACTED, AND IT RELATES TO

5     VERY SPECIFIC FACTS ABOUT SAMSUNG AND NOT THE

6     GENERAL PROCEEDING, WHICH IS WHAT ALL OF THE CASES

7     TALKING ABOUT, PUBLIC ACCESS TO THE COURTS TALK

8     ABOUT SO THAT THEY WOULD KNOW WHAT WAS HAPPENING IN

9     THE PROCEEDINGS AND BE ABLE TO FOLLOW IT.

10          THE PUBLIC DOESN'T NEED TO KNOW ALL OF

11     THE VERY SPECIFIC SAMSUNG CONFIDENTIAL INFORMATION

12     THAT WAS DISCLOSED DURING THAT HEARING.

13          THE COURT:  SO IS YOUR SUGGESTION THAT MY

14     EVALUATION OF THE MERIT OF YOUR MOTION SHOULD TURN

15     ON WHAT THE PUBLIC SHOULD NEED TO KNOW?  IS THAT MY

16     SUBJECTIVE DETERMINATION?  IS THAT THE TALISMAN

17     THAT I OUGHT TO LOOK TO?

18          MS. JENKINS:  I DON'T THINK THAT THAT IS

19     THE ONLY CONSIDERATION.

20          THIS IS -- THIS IS A MOTION THAT IS

21     SOMEWHAT UNLIKE ANY OF THE CASES THAT WE -- THAT

22     EITHER SIDE HAS CITED IN THE PAPERS THAT WE

23     PRESENTED TO YOU, BECAUSE WE KNEW THAT THERE WAS

24     SOME RISK THAT CONFIDENTIAL INFORMATION WOULD BE

25     DISCLOSED.  WE WENT AHEAD ANYWAY.

 1          AND IN ORDER TO ANSWER QUESTIONS THAT

 2     WERE RAISED BY APPLE AND RAISED BY THE COURT, WE

 3     HAD TO DELVE INTO THE DOCUMENTS TO DISCUSS SOME OF

 4     THE SPECIFICS TO COUNTER ARGUMENTS THAT WERE BEING

 5     MADE BY THE OTHER SIDE.

 6          THE COURT:  SO LET ME ASSUME FOR THE

 7     MOMENT I AGREE WITH YOU TODAY AND I GRANT YOUR

 8     REQUEST AND SEAL THE TRANSCRIPT AS YOU'VE

 9     REQUESTED.

10          WOULDN'T THAT PUT PEOPLE WHO HAVE COME TO

11     TAKE AN INTEREST IN THIS CASE AFTER TODAY IN

12     SOMEWHAT OF A STRANGE POSITION VERSUS THOSE WHO

13     HAVE TAKEN AN INTEREST BEFORE?

14          AND WHAT I MEAN BY THAT IS IF SOMEONE

15     WERE SITTING ON THE GALLERY ON THAT DATE, THEY

16     WOULD HAVE OBVIOUSLY HAD FULL ACCESS TO ALL OF THIS

17     INFORMATION.

18          IN CONTRAST, THEIR FRIEND OR THEIR

19     BROTHER OR WHOMEVER COULD SHOW UP TOMORROW AND

20     SUDDENLY WANT TO UNDERSTAND WHAT HAPPENED IN THIS

21     PUBLIC TRIBUNAL AND WOULD HAVE NO ABILITY

22     WHATSOEVER TO HAVE THAT SAME UNDERSTANDING.

23          WHY SHOULD I DRAW THAT DISTINCTION BASED

24     ON TIMING?

25          MS. JENKINS:  WELL, I THINK THE ISSUE

```
 1    IS WHETHER -- FIRST OF ALL, THERE'S NO EVIDENCE

 2    THAT THERE WAS ANYONE OTHER THAN THE PARTIES AND

 3    THE ATTORNEYS FOR THE PARTIES IN THE COURTROOM ON

 4    THAT DAY.

 5            BUT WHETHER THAT PERSON SHOULD HAVE EVEN,

 6    YOU KNOW, BEEN -- THAT SAMSUNG'S INFORMATION SHOULD

 7    HAVE BEEN DISCLOSED TO THAT PERSON IS A LARGER

 8    ISSUE.

 9            THE COURT:  AH, BUT DID SAMSUNG MAKE A

10    REQUEST TO ME TO CLEAR THE COURTROOM OR CLOSE IT?

11    DO YOU BELIEVE THEY DID?

12            MS. JENKINS:  NO, THEY DID NOT, YOUR

13    HONOR.

14            THE COURT:  SO IF YOU ALL MADE A DECISION

15    AT THAT POINT IN TIME TO ALLOW THE FREE EXCHANGE OF

16    THIS INFORMATION THROUGH THIS PUBLIC TRIBUNAL,

17    WHAT'S DIFFERENT NOW?

18            I'M STRUGGLING TO UNDERSTAND WHY WE

19    SHOULD GO BACK AND INVEST FURTHER RESOURCES IN

20    EVALUATING PROCEEDINGS THAT HAVE ALREADY BEEN

21    COMPLETED.

22            MS. JENKINS:  I THINK WHAT'S DIFFERENT IS

23    THAT AT THE OUTSET, ALL OF THE PARTIES AGREED THEY

24    WOULD TRY TO NOT DISCLOSE SAMSUNG'S CONFIDENTIAL

25    INFORMATION.
```

```
 1            THE COURT:  I WILL GIVE EACH SIDE FULL
 2    CREDIT IN THEIR EFFORTS TO MINIMIZE THE DISCLOSURE
 3    OF INFORMATION.
 4            BUT SOMETIMES YOU TRY AND SOMETIMES YOU
 5    COME UP SHORT.
 6            AGAIN, WHY SHOULD YOUR SHORTCOMING FALL
 7    ON THE PUBLIC RATHER THAN ON YOUR CLIENT?
 8            MS. JENKINS:  WELL, IT WAS A VERY SERIOUS
 9    MOTION WHICH, I MEAN, AS YOU KNOW, WE TOOK
10    SERIOUSLY.
11            WE WANTED TO BE ABLE TO -- IF APPLE, EVEN
12    WHEN THEY MAKE GENERAL ASSERTIONS OF "IF YOU LOOK
13    AT THE DOCUMENTS, YOU'LL SEE THAT WITNESS X MADE
14    DECISIONS REGARDING, YOU KNOW, THIS, THIS, AND
15    THIS," WE -- IN ORDER TO COUNTER THAT ARGUMENT, WE
16    NEEDED TO ACTUALLY GO INTO THE DOCUMENTS AND BE
17    ABLE TO SAY, "ACTUALLY LOOK AT PAGE 2.  READ THE
18    SECOND PARAGRAPH THAT WITNESS WAS NOT INVOLVED IN
19    THAT DECISION."
20            AND THAT'S WHAT WE DID.  IN ORDER TO MAKE
21    A ROBUST ARGUMENT ON THE MERITS, WE NEEDED TO DELVE
22    INTO THE DETAILS FOR THIS TYPE OF A MOTION.
23            AND SO SOME OF THOSE DETAILS CAME OUT IN
24    OPEN COURT, AND SOMETIMES WE WERE MORE SUCCESSFUL
25    IN SAYING, "YOUR HONOR, LOOK AT PAGE 2, PARAGRAPH
```

1     2," AND NOT ACTUALLY DISCLOSING THE INFORMATION.

2               AND THAT HAPPENED ON BOTH SIDES.

3               SO FOR THE MOST PART WE WERE ABLE TO DO

4     IT WITHOUT DISCLOSING INFORMATION.

5               IT'S NOT AN IMPOSITION ON THE PUBLIC TO

6     NOT KNOW THESE VERY SPECIFIC DETAILS THAT HAVE BEEN

7     MADE CONFIDENTIAL BY SAMSUNG AND THAT SAMSUNG HAS

8     PUT SUFFICIENT RESOURCES AND HUGE EXPENSE INTO

9     TRYING TO KEEP A LOT OF THIS INFORMATION SECRET AND

10    AWAY FROM THE PUBLIC.

11              THE COURT:  SO TURNING TO THE SPECIFICS

12    OF SOME OF YOUR REQUESTS, IF YOU HAVE THEM, I HAVE

13    SOME QUESTIONS.

14              MS. JENKINS:  SURE.

15              THE COURT:  I DON'T MEAN TO INTERRUPT

16    YOUR ARGUMENT, BUT THIS IS A THOUGHT OF SOME

17    CONCERN TO ME.

18              LOOKING, FOR EXAMPLE, AT PAGE 26,

19    APPROXIMATELY LINES 24 TO 27 -- I'M GOING TO GO

20    AHEAD AND REFERENCE THESE HERE IN OPEN COURT AGAIN

21    TODAY BECAUSE I'VE ALREADY DONE THIS ONCE IN THIS

22    VERY SAME COURTROOM.

23              MS. JENKINS:  PAGE 26 -- I'M SORRY.

24              THE COURT:  AT ROUGHLY PAGE 26,

25    CONTINUING ON TO PAGE 27.  DO YOU HAVE THAT

1    TRANSCRIPT?

2              MS. JENKINS:  OH, YES, OKAY.  SORRY.

3              THE COURT:  YOU ASKED FOR ME TO REDACT A

4    REFERENCE TO, QUOTE, "THE PHONE 2 DESIGN STRATEGY."

5              WHAT IS PROPRIETARY ABOUT THAT REFERENCE?

6              MS. JENKINS:  YOUR HONOR, FOR THAT --

7    THOSE SPECIFIC WORDS THAT ARE HIGHLIGHTED AT THE

8    TOP OF PAGE 27, I DON'T THINK THERE'S ANYTHING

9    PROPRIETARY TO THAT REFERENCE.

10             I BELIEVE --

11             THE COURT:  SO IF THAT REFERENCE ISN'T

12   PROPRIETARY -- AND I'M HAPPY TO GO THROUGH ANY

13   NUMBER OF THEM WHICH, IN MY VIEW, SHARE THE SAME

14   PROBLEM -- WHAT CONFIDENCE SHOULD I HAVE THAT WHEN

15   YOUR CLIENT TELLS YOU AND YOU TELL ME THAT I NEED

16   TO SHIELD THE PUBLIC FROM INFORMATION THAT THEY'RE

17   PAYING FOR -- THEY'RE PAYING FOR THIS PROCEEDING --

18   THAT I OUGHT TO -- THAT I OUGHT TO INVEST THE

19   RESOURCES TO EVALUATE THIS ON A CASE-BY-CASE BASIS?

20             MS. JENKINS:  WELL, YOUR HONOR, I'LL TELL

21   YOU HOW WE DECIDED WHICH FACTS WE THOUGHT SHOULD BE

22   REDACTED, AND IT WAS LOOKING AT DOCUMENTS THAT

23   SAMSUNG HAD DESIGNATED AS HIGHLY CONFIDENTIAL UNDER

24   THE PROTECTIVE ORDER, AND WE WERE LOOKING FOR

25   THINGS THAT SPECIFICALLY CALLED OUT INFORMATION

1    FROM THOSE SPECIFIC DOCUMENTS.

2            THE COURT:  SO DOESN'T THAT SUGGEST THAT

3    YOUR INITIAL EVALUATION OF THOSE DOCUMENTS OUGHT TO

4    BE ANALYZED AND QUESTIONED RATHER THAN RELYING UPON

5    A SUBJECTIVE ASSESSMENT THAT -- AND AGAIN, I'M

6    HAPPY TO GO THROUGH ANY NUMBER OF INSTANCES HERE

7    THAT NEVERTHELESS CALL ME TO QUESTION, OR CAUSE ME

8    TO QUESTION WHETHER AN APPROPRIATE BALANCE IS BEING

9    STRUCK.

10           MS. JENKINS:  FIRST OF ALL, APPLE HAS

11   NEVER OBJECTED TO THE DESIGNATIONS.

12           THE COURT:  THEY MAY NOT BE OBJECTING,

13   BUT I SEE MY ROLE HERE AS OBJECTING ON BEHALF OF A

14   BROADER INTEREST.  RIGHT?

15           MS. JENKINS:  SO I WOULD -- AS I'M SURE

16   YOU'VE EXPERIENCED, IN -- MANY TIMES THE ENTIRE

17   DOCUMENT MAY OR MAY NOT BE CONFIDENTIAL, BUT THERE

18   MAY BE PORTIONS OF THE DOCUMENT THAT ARE HIGHLY

19   CONFIDENTIAL.

20           THE COURT:  SO DOESN'T THAT PUT THE

21   BURDEN, THOUGH, ON YOU AND YOUR TEAM TO REVIEW THIS

22   TRANSCRIPT WITH AN EYE TOWARDS WHETHER THE SPECIFIC

23   REFERENCE ITSELF REALLY IS PROPRIETARY, REGARDLESS

24   OF WHETHER IT CAME FROM A PROPRIETARY DOCUMENT?

25           A PROPRIETARY DOCUMENT MIGHT INCLUDE A

1    REFERENCE TO A LUNCH INVITATION OR THE KIDS' LITTLE

2    LEAGUE GAME.  THAT WOULD MEAN THAT THAT LITTLE

3    LEAGUE REFERENCE IN THE TRANSCRIPT IS ITSELF

4    CONFIDENTIAL, WOULDN'T IT?

5              MS. JENKINS:  NO.  I AGREE WITH YOU

6    COMPLETELY.

7              I WILL TELL YOU THAT THE STANDARD THAT WE

8    WERE GOING ON IS THE REASONABLE CAUSE TO SEAL THESE

9    SPECIFIC PORTIONS, AND SO THE CASES THAT WE HAVE

10   FOUND, INCLUDING PHILLIPS AND KAMAKANA TALK ABOUT

11   IF IT'S -- IF IT IS DESIGNATED UNDER THE PROTECTIVE

12   ORDER, THAT THERE'S REASONABLE CAUSE --

13             THE COURT:  BUT I DON'T THINK KAMAKANA

14   AND THE OTHER CASES FROM THE NINTH CIRCUIT SUGGEST

15   THAT IF THERE WAS AN ERRONEOUS DESIGNATION

16   INITIALLY, OR IF A DOCUMENT AS A WHOLE WAS

17   DESIGNATED, BUT A PARTICULAR REFERENCE IS CLEARLY

18   NON-PROPRIETARY, THAT YOU GET TO THEN MAKE A

19   REQUEST TO SEAL REFERENCES TO THAT NON-PROPRIETARY

20   PORTION IN THE TRANSCRIPT, PARTICULARLY WHERE THE

21   PROCEEDING WHICH GAVE RISE TO THAT TRANSCRIPT WAS

22   HELD WITHOUT ANY RESTRICTIONS ON THE PUBLIC.

23             KAMAKANA DOESN'T SEEM TO SUGGEST THAT,

24   RIGHT?

25             MS. JENKINS:  NO.

                                                    13

1          BUT IN <u>PHILIPS</u>, THE COURT DID SAY THAT

2     SINCE THE COURT HAD ENTERED A PROTECTIVE ORDER,

3     THAT THEY NEEDED TO GO THROUGH AND DO A -- IF THEY

4     WANTED TO UNSEAL ANY OF THE DOCUMENTS, THEY NEED TO

5     GO THROUGH ON A DOCUMENT-BY-DOCUMENT BASIS AND DO

6     THAT.

7          BUT AT THE FIRST LEVEL, IT WAS PRESUMED

8     THAT THOSE DOCUMENTS -- THAT THERE WAS GOOD CAUSE

9     TO SEAL THOSE DOCUMENTS.

10          AND THAT'S WHERE WE'RE COMING IN HERE.

11          THE COURT:  WELL, LET ME SHOW YOU ANOTHER

12     EXAMPLE.  LET'S LOOK AT PAGE -- LET'S LOOK AT

13     APPROXIMATELY PAGE 73.  LET'S LOOK AT PAGE 73, AND

14     THEN CONTINUING ON BEGINNING AT LINE 5.

15          MR. QUINN IS TALKING AT THIS POINT, AND A

16     FEW LINES DOWN, MR. QUINN SAYS THE FOLLOWING:  "AND

17     IT TALKS ABOUT HOW TO BEAT APPLE BY ATTRACTING MORE

18     PEOPLE INTO THE STORES."

19          YOU ALL HAVE REQUESTED THAT I REDACT THAT

20     REFERENCE FROM THE TRANSCRIPT.  HOW COULD THAT

21     POSSIBLY BE PROPRIETARY?

22          MS. JENKINS:  YOUR HONOR, I AGREE WITH

23     YOU THAT THAT IN ITSELF DOES NOT APPEAR TO BE

24     PROPRIETARY.

25          THE COURT:  A FEW LINES DOWN, SAMSUNG

14

1    REQUESTS THAT I REDACT A REFERENCE TO MR. QUINN'S

2    QUOTE THAT SAYS, "IT'S HOW TO SELL MORE PHONES AND

3    GET PEOPLE INTO STORES."

4              THAT'S NOT PROPRIETARY, IS IT?

5              MS. JENKINS:  I BELIEVE THAT THIS QUOTE

6    COMES SPECIFICALLY FROM A DOCUMENT THAT HAS BEEN

7    DESIGNATED AS HIGHLY CONFIDENTIAL.

8              THE COURT:  THEY CAN COME FROM WAR PLANS

9    FOR ALL I CARE.

10             IF THE REFERENCE IS TO SOMETHING WHICH

11   CLEARLY IS ENTITLED TO PROTECTION, WHY ARE YOU ALL

12   ASKING ME TO GO THROUGH THIS LINE-BY-LINE AND MAKE

13   THAT CALL?

14             MS. JENKINS:  WELL --

15             THE COURT:  IT SEEMS TO ME THAT IF THERE

16   WERE SPECIFIC REFERENCES THAT WERE TRULY OF A

17   COMPETITIVE NATURE, IT WOULD BE AN APPROPRIATE

18   BALANCE FOR ME TO STRIKE, TO TAKE THE TIME TO GO

19   THROUGH THAT AND PERHAPS EVEN GRANT YOUR REQUEST.

20             BUT WHEN YOU'RE COMING IN HERE AND

21   TELLING ME THAT I NEED TO SEAL STUFF THAT'S

22   FACIALLY PUBLIC -- WHAT AM I MISSING?

23             MS. JENKINS:  YOUR HONOR, I THINK WE'VE

24   COME IN HERE UNDER OUR INTERPRETATION OF THE

25   REASONABLE CAUSE TO SEAL THESE, AND THE REASONABLE

1   CAUSE BEING THAT THESE CAME FROM DOCUMENTS THAT ARE

2   DESIGNATED AS CONFIDENTIAL.

3           IF YOU ARE ASKING FOR SOMETHING MORE AND

4   YOU WILL GIVE US THE TIME TO REDO THIS IN ANOTHER

5   WAY, WE WILL DO THAT.

6           THE COURT:  WELL, I'M -- I APPRECIATE

7   YOUR OFFER, AND, YOU KNOW, I TRULY APPRECIATE THE

8   CHALLENGE OF GOING THROUGH HUNDREDS OF PAGES OF

9   TRANSCRIPTS AND COMPARING THEM TO THOUSANDS OR TENS

10  OF THOUSANDS OF DOCUMENTS THAT CLIENTS PRODUCE AND

11  THAT THE LAWYERS STAMP WITH ALL KINDS OF

12  DESIGNATIONS.  I KNOW HOW HARD THAT CAN BE.

13          BUT ON ITS FACE, IT SEEMS TO ME THIS

14  REQUEST INCLUDES SO MANY OBVIOUSLY FLAWED EXAMPLES,

15  I'M JUST GOING TO DENY THE REQUEST HERE ON THE

16  RECORD AND SPARE US ALL THE TIME.  ALL RIGHT?

17          MS. JENKINS:  ALL RIGHT.

18          THE COURT:  THANK YOU VERY MUCH,

19  MS. JENKINS.

20          LET'S TURN TO THE SECOND MOTION.

21          THIS IS ANOTHER MOTION BROUGHT BY SAMSUNG

22  IN THE 630 CASE.

23          MR. FAZIO:  GOOD MORNING, YOUR HONOR.

24          THE COURT:  GOOD MORNING.

25          MR. FAZIO:  MICHAEL FAZIO ON BEHALF OF

1    THE SAMSUNG DEFENDANTS.

2            THIS IS OUR MOTION, AS YOUR HONOR POINTED

3    OUT, AND IT IS A MOTION TO COMPEL A FRACTION OF AN

4    INTERROGATORY, INTERROGATORY NUMBER 4, BUT IT'S AN

5    EXCEEDINGLY IMPORTANT INTERROGATORY.

6            SPECIFICALLY, JUST TO LAY THE STAGE HERE,

7    THIS INTERROGATORY REQUESTS THAT APPLE IDENTIFY ALL

8    PERSONS TO WHOM IT HAS OFFERED TO LICENSE THE

9    PRELIMINARY INJUNCTION PATENTS, PERSONS WHO HAVE

10   REQUESTED SUCH LICENSES, AS WELL AS THE STATUS OF

11   THOSE OFFERS AND REQUESTS.

12           NOW, I THINK THAT APPLE'S OPPOSITION

13   BRIEF IS PERHAPS MOST NOTABLE NOT NECESSARILY FOR

14   WHAT IT ADDRESSES, BUT FOR WHAT IT FAILS TO

15   ADDRESS.

16           SPECIFICALLY, IN OUR PRELIMINARY

17   STATEMENT, AS WELL AS IN ROMAN I OF OUR ARGUMENT

18   SECTION, WE POINTED OUT THAT THE COURT, IN THE

19   PREDECESSOR ACTION, SPECIFICALLY RECOGNIZED

20   APPLE'S -- AND THIS IS ACTUALLY A QUOTE --

21   "WILLINGNESS TO LICENSE THE PATENTS AT ISSUE IN

22   THAT CASE AT LEAST SUGGESTS THAT APPLE MAY BE

23   SUFFICIENTLY COMPENSATED WITH MONEY DAMAGES," END

24   QUOTE.

25           AND I THINK THAT'S VERY IMPORTANT, YOUR

1    HONOR, BECAUSE TO THE EXTENT THAT APPLE CAN BE

2    COMPENSATED THROUGH MONEY DAMAGES, THAT CERTAINLY

3    UNDERMINES THEIR IRREPARABLE HARM ARGUMENT.

4             THE COURT:  IT DOESN'T ELIMINATE IT,

5    THOUGH, DOES IT?

6             MR. LYON:  ABSOLUTELY NOT, YOUR HONOR.

7             WE'RE NOT SAYING THAT IF THERE'S AN OFFER

8    TO LICENSE OR A REQUEST TO LICENSE, THAT THERE

9    SHOULD BE A PER SE FINDING OF NO IRREPARABLE HARM.

10            THE WEIGHT THAT WILL BE AFFORDED TO THAT

11   ANALYSIS IS SOMETHING -- IT'S AN ANALYSIS THAT

12   JUDGE KOH WILL HAVE TO UNDERTAKE IN TERMS OF THE

13   WEIGHT TO AFFORD TO IT.

14            SO THAT'S NOT OUR ARGUMENT, BUT THAT'S

15   STEP TWO OF THE ANALYSIS, WHICH IS HOW MUCH WEIGHT.

16            OUR MOTION TO COMPEL DEALS WITH STEP ONE,

17   WHICH IS, IS IT DISCOVERABLE IN THE FIRST PLACE?

18            AND I RESPECTFULLY SUBMIT THAT,

19   CONSISTENT WITH THIS COURT'S HOLDING IN THE

20   PREDECESSOR ACTION, IT CERTAINLY IS DISCOVERABLE.

21            THE FEDERAL CIRCUIT --

22            THE COURT:  MR. FAZIO, LET ME ASK A

23   PRELIMINARY QUESTION.

24            MR. FAZIO:  OF COURSE.

25            THE COURT:  IS IT FAIR TO SAY THAT YOUR

1    ONLY BEEF WITH THEIR RESPONSE IS THAT THEY HAVEN'T

2    IDENTIFIED THE OFFERS TO LICENSE, THE PEOPLE TO

3    WHOM THOSE OFFERS WERE EXTENDED, AND THE STATUS OF

4    ANY DISCUSSIONS IN FOLLOW-UP?  IS THAT THE NUB OF

5    WHAT WE'RE TALKING ABOUT HERE?

6            MR. FAZIO:  IT IS, YOUR HONOR, WITH ONE

7    ADDITIONAL POINT.

8            WE ALSO WANT REQUESTS MADE BY THIRD

9    PARTIES TO APPLE FOR LICENSES TO THOSE PRELIMINARY

10   INJUNCTION PATENTS.

11           SO THERE'S ACTUALLY THREE PRONGS TO IT,

12   THE TWO THAT YOUR HONOR POINTED OUT, AS WELL AS

13   REQUESTS FROM THIRD PARTIES.

14           THE COURT:  SO IF MR. RIVERA HERE HAD

15   E-MAILED APPLE AND ASKED TO TAKE A LICENSE TO ONE

16   OF THE ASSERTED PATENTS, YOU'D LIKE TO HAVE THAT

17   E-MAIL?

18           MR. FAZIO:  ABSOLUTELY, YOUR HONOR.

19           WHAT WE WOULD LIKE TO -- IN TERMS OF THE

20   INTERROGATORY, WE WOULD LIKE TO KNOW THE FACTS OF

21   HIS REQUEST.

22           WHETHER OR NOT THAT WOULD BE DONE THROUGH

23   AN INCORPORATION BY REFERENCE TO A DOCUMENT OR JUST

24   BY APPLE STATING AS A MATTER OF FACT THAT

25   MR. RIVERA CONTACTED THEM ON SUCH-AND-SUCH A

1    DATE AND --

2              THE COURT:  YOU WOULD NOT OBJECT TO RULE

3    33(D) BEING INVOKED?

4              MR. FAZIO:  NO, YOUR HONOR, WE WOULD NOT.

5    WE WOULD NOT OBJECT TO RULE 33(D) BEING INVOKED.

6              A POINT THAT I DID WANT TO ALSO MAKE

7    ABOUT THIS, YOUR HONOR, IS IT'S AN ISSUE OF TIMING,

8    WHICH IS TO SAY WE HAVE -- AND LET ME PREFACE BY

9    SAYING THAT WE OBVIOUSLY THINK THIS INFORMATION IS

10   EXCEEDINGLY IMPORTANT FOR THE REASONS THAT I'VE

11   ALREADY STATED, AND I CERTAINLY DON'T MEAN TO BE

12   PRESUMPTUOUS, BUT WE WANT TO GET THIS INFORMATION

13   IN FRONT OF JUDGE KOH DURING THE HEARING ON

14   THURSDAY AT 1:30 P.M., THE PRELIMINARY INJUNCTION

15   HEARING.

16             AND I'D RESPECTFULLY SUBMIT THAT IT IS

17   CERTAINLY WITHIN THE COURT'S DISCRETION AND

18   AUTHORITY TO ORDER THAT EXPEDITED RELIEF SO THAT WE

19   CAN GET THIS INFORMATION IN FRONT OF JUDGE KOH AT

20   THE P.I. HEARING THIS THURSDAY AFTERNOON.

21             THE COURT:  MR. FAZIO, IMAGINE FOR A

22   MOMENT YOU'VE BEEN RETAINED BY APPLE RATHER THAN

23   SAMSUNG IN THIS MATTER.

24             YOU'VE HEARD THEIR ARGUMENTS IN RESPONSE

25   TO YOUR REQUEST.

1         WHAT IS THEIR BEST ARGUMENT AS TO WHY YOU

2    SHOULD NOT BE PROVIDED ACCESS TO THIS INFORMATION?

3         MR. FAZIO:  YOUR HONOR, I -- THERE IS,

4    RESPECTFULLY, YOUR HONOR, NO LEGITIMATE ARGUMENT AS

5    TO WHY WE CANNOT HAVE ACCESS TO THIS.

6         THE COURT:  I CAN THINK OF A COUPLE.  YOU

7    SURE THERE ISN'T AT LEAST ONE?

8         MR. FAZIO:  WELL, I'D LOVE TO TAKE ON

9    YOUR HONOR'S ARGUMENTS, BUT, YOUR HONOR, THIS IS A

10   SITUATION WHERE --

11        THE COURT:  LET ME TRY THIS ONE ON FOR

12   YOU.

13        MR. FAZIO:  SURE.

14        THE COURT:  ACTUAL LICENSES ARE A DEFINED

15   UNIVERSE, AND IN THE CONTEXT OF A MULTI-FRONT,

16   MULTI-NATIONAL LITIGATION WITH LOTS OF DEMANDS ON

17   PEOPLE'S TIME, WE ALL HAVE TO LIVE WITH LESS THAN

18   ALL THAT WE'RE ENTITLED TO AND LESS THAN ALL THAT

19   WE WANT.

20        AND IN THIS PARTICULAR INSTANCE, WHILE IT

21   MAY BE AN APPROPRIATE BALANCE BETWEEN YOUR NEEDS

22   AND THEIR BURDEN TO GET THE ACTUAL LICENSES, TO

23   HAVE THEM HUNT DOWN EVERY E-MAIL FROM EVERY RANDOM

24   PERSON -- NOT TO DISPARAGE MY COURTROOM DEPUTY,

25   LET'S SAY I SENT AN E-MAIL TO APPLE -- YOUR REQUEST

1    WOULD REQUIRE THEM TO SCOUR, ESSENTIALLY, THEIR

2    ENTIRE COMPANY LOOKING FOR THESE DRIBS AND DRABS

3    THAT MAY HAVE NO ECONOMIC IMPLICATIONS FOR THE

4    INJUNCTION THAT'S AT ISSUE.

5              SO WHY SHOULD I ORDER THEM TO DO THAT?

6              MR. FAZIO:  YOUR HONOR, I HAVE A COUPLE

7    POINTS THAT I WANT TO MAKE THERE.

8              THE FIRST IS THAT APPLE HAS NEVER

9    CONTENDED THAT THIS INFORMATION IS NOT READILY

10   AVAILABLE TO APPLE.

11             THEY HAVE NEVER SAID, SUPPORTED BY A

12   DECLARATION OR OTHERWISE, "IT IS GOING TO TAKE US

13   500 HOURS TO TRACK DOWN THIS INFORMATION."

14             THERE IS NO HARDSHIP DECLARATION ATTACHED

15   TO THEIR OPPOSITION BRIEF.  THEY HAVE FAILED TO

16   MAKE A SHOWING THAT GATHERING THIS INFORMATION

17   WOULD, IN FACT, EXERT UNDUE BURDEN UPON APPLE.

18             THE COURT:  I'LL GRANT YOU THE RECORD MAY

19   LACK THE DECLARATION THAT YOU DESCRIBED, BUT SURELY

20   WE CAN ALL RELY UPON OUR EXPERIENCE IN THESE

21   MATTERS TO KNOW WHAT IT TAKES TO GO FIND THOSE

22   DRIBS AND DRABS.

23             MR. FAZIO:  AND WHAT I WOULD SAY TO THAT,

24   YOUR HONOR, IS IT'S NOT -- THIS IS NOT AKIN TO A

25   QUESTION AT A DEPOSITION WHERE IT SPRINGS UP FOR

1    THE FIRST TIME AND NOBODY KNOWS ABOUT IT.

2              THIS PROCESS -- THIS REQUEST HAS BEEN

3    PENDING SINCE THE MEET AND CONFER WAS INITIATED IN

4    MARCH.  THE MOTION WAS FILED IN APRIL.

5              THIS HAS BEEN ONGOING NOW FOR OVER TWO

6    MONTHS, YOUR HONOR.

7              AND I'D RESPECTFULLY SUBMIT THAT PRUDENT

8    ATTORNEYS, WHEN THEY'RE UP AGAINST A MOTION TO

9    COMPEL, ON THE RECEIVING END OF A MOTION TO COMPEL,

10   WE ALL KNOW THERE'S A VERY REAL POSSIBILITY, IF NOT

11   A LIKELY PROBABILITY, THAT WE'RE GOING TO LOSE AND

12   WE START GATHERING THAT INFORMATION AHEAD OF TIME.

13             AND I DON'T THINK THAT WHAT WE ARE ASKING

14   IS, YOU KNOW, FOR 500 PAGES IN AN EXCEL SPREADSHEET

15   ABOUT THESE ARE THE OFFERS AND THESE ARE THE

16   REQUESTS AND THIS IS THE STATUS.

17             I MEAN, YOU KNOW, THIS -- WE HAVE THESE

18   FOUR ENTITIES THAT THEY LIST IN THEIR INTERROGATORY

19   RESPONSE, I THINK THEY'RE HTC, MOTOROLA, NOKIA, AND

20   SAMSUNG, AND THEY SAY DISCUSSIONS WERE HAD WITH

21   THESE INDIVIDUALS.

22             I DON'T KNOW WHAT "DISCUSSIONS" MEANS,

23   YOUR HONOR.  I DON'T KNOW IF THAT'S OFFERS OR IF

24   THAT'S REQUESTS OR IF THAT'S SOMETHING ELSE.

25             BUT BY VIRTUE OF THE FACT THAT THEY'VE

1    LISTED FOUR, I THINK WE CAN AGREE THAT THE UNIVERSE

2    OF INDIVIDUALS PROBABLY IS NOT MUCH MORE THAN THOSE

3    FOUR.

4              THE COURT:  WELL, THE UNIVERSE OF

5    ENTITIES WHICH MAY HAVE ENGAGED IN THOSE

6    DISCUSSIONS MAY BE FOUR, BUT THE CONCERN I HAVE

7    IS -- AGAIN, MAYBE MY INFORMATION IS WAY OUT OF

8    DATE HERE, BUT FOR ANY ONE OF THESE ENTITIES IN

9    TYPICAL LICENSING DISCUSSIONS, THERE MAY BE DOZENS

10   OF PEOPLE WHO MAY HAVE HAD INTERACTIONS WITH APPLE

11   ON THESE SUBJECTS, AND I'M NOT SUGGESTING THEY NEED

12   DOZENS OR MORE SOURCES OF E-MAILS, BUT YOU HAVE TO

13   FLESH THAT OUT AND THAT TAKES TIME AND THAT TAKES

14   MONEY.

15             MR. FAZIO:  AND, YOUR HONOR, I THINK THAT

16   WHAT WE ARE SEEKING HERE IS NOT SORT OF THE

17   EXHAUSTIVE RECITATION OF EVERY E-MAIL AND EVERY

18   PIECE OF HISTORY UNDERLYING LICENSE NEGOTIATIONS.

19             WE'RE ASKING FOR OFFERS, WE'RE ASKING FOR

20   REQUESTS, WE'RE ASKING FOR THE STATUS, AND I THINK

21   THAT THIS COULD BE DONE IN A ONE-PAGE EXCEL

22   SPREADSHEET.  I REALLY DO, YOUR HONOR.

23             AND AS I MENTIONED --

24             THE COURT:  ARE THERE PEOPLE AT APPLE

25   THAT YOU'VE IDENTIFIED, IN THIS LONG AND DIFFICULT

1   LITIGATION, WHO ARE THE MOST LIKELY TARGETS OR

2   SOURCES OF THESE TYPES OF COMMUNICATIONS?

3           MR. FAZIO:  YOUR HONOR, IN OUR CASE WE

4   HAVE NOT IDENTIFIED THOSE INDIVIDUALS.  SO AS I

5   STAND HERE TODAY, I CANNOT TELL YOU MR. X AND

6   MR. Y ARE THE PEOPLE AT APPLE --

7           THE COURT:  YOU SURELY HAVE SOME PRETTY

8   CAPABLE RESOURCES EVEN AT YOUR COUNSEL TABLE.  I

9   KNOW THAT FOR A FACT.

10          SO HAVE YOU HAD THOSE DISCUSSIONS WITH

11  YOUR CO-COUNSEL IN THE 1846 ACTION CONSISTENT WITH

12  THE PROTECTIVE ORDER AND EVERYTHING ELSE?

13          MR. FAZIO:  WE HAVE HAD SUCH DISCUSSIONS,

14  YOUR HONOR, BUT THEY JUST HAVE NOT BEEN PRODUCTIVE

15  DISCUSSIONS.

16          I CAN SAY THAT WHEN IT COMES TO

17  LICENSING, WITH MY CLIENT, I CAN CERTAINLY SAY

18  "THESE ARE THE TWO OR THREE INDIVIDUALS THAT WE GO

19  TO, AND THOSE INDIVIDUALS CAN READILY GIVE US THAT

20  INFORMATION," WHICH IS WHY I'M SIMPLY -- WITH ALL

21  DUE RESPECT TO THE COURT, I JUST DON'T THINK THAT

22  SORT OF HAVING TO CANVAS THE UNIVERSE OF THE

23  THOUSANDS OF APPLE EMPLOYEES IS THE WAY THIS THING

24  GOES.

25          YOU ALWAYS TALK TO THE TWO OR THREE

```
 1     PEOPLE WHO ARE IN CHARGE --
 2              THE COURT:  I THINK WE MAY BE REACHING A
 3     COMMON UNDERSTANDING.  DO YOU KNOW WHO THOSE TWO OR
 4     THREE PEOPLE ARE AT APPLE?
 5              MR. FAZIO:  I DO NOT, YOUR HONOR.
 6              THE COURT:  IS THAT SOMETHING YOU HAVE
 7     DISCUSSED WITH THEM IN THE MEET AND CONFERS,
 8     DISCUSSED WITH YOUR COLLEAGUES IN THE 1846 ACTION?
 9              MR. FAZIO:  YOUR HONOR, WITHOUT IN ANY
10     WAY WAIVING ANYTHING --
11              THE COURT:  OF COURSE.
12              MR. FAZIO:  -- IT IS AN INTERNAL
13     DISCUSSION THAT WE'VE HAD.
14              IT IS NOT A DISCUSSION THAT WAS
15     SPECIFICALLY BROUGHT UP AT THE MEET AND CONFER.
16              I DID NOT ASK MR. LYON OR MR. KREVITT,
17     WHO WERE AT THE IN-PERSON MEET AND CONFER, "PLEASE
18     IDENTIFY FOR ME THE TWO OR THREE INDIVIDUALS
19     THAT" --
20              THE COURT:  AND STANDING HERE TODAY,
21     YOU'RE NOT AWARE OF WHO THOSE INDIVIDUALS MIGHT BE
22     IS WHAT YOU'RE TELLING ME?
23              MR. FAZIO:  THAT'S CORRECT, YOUR HONOR,
24     I'M NOT AWARE.
25              AND SO THE POINT IS WE WANT THE
```

1    OPPORTUNITY TO GET THIS INFORMATION IN FRONT OF

2    JUDGE KOH.

3         WE DO THINK IT'S IMPORTANT.  AND, YOU

4    KNOW, IT MIGHT BE THAT JUDGE KOH GIVES IT SOME

5    WEIGHT, OR IT MIGHT BE THAT SHE GIVES IT NO WEIGHT,

6    BUT WE WANT THAT OPPORTUNITY, YOUR HONOR.

7         AND I THINK THE COURT HAS PREVIOUSLY

8    EXPRESSED A WILLINGNESS TO GRANT EXPEDITED RELIEF

9    ON PRELIMINARY INJUNCTION DISCOVERY.

10        IN THE SHORT HISTORY OF THIS CASE, WE

11   HAVE BEEN ON ONE MOTION TO COMPEL BEFORE YOUR

12   HONOR.  WE -- SAMSUNG PROVIDED SUPPLEMENTAL

13   RESPONSES TO APPROXIMATELY 30 RFP'S AND HALF A

14   DOZEN INTERROGATORIES WITHIN TWO DAYS, AND SO I

15   THINK THAT INDICATES A WILLINGNESS TO THE COURT, ON

16   P.I. DISCOVERY, TO GRANT EXPEDITED RELIEF.

17        AND HERE, BY CONTRAST, WE ARE TALKING

18   ABOUT A FRACTION OF ONE INTERROGATORY.

19        AND SO I'D RESPECTFULLY SUBMIT THAT THIS

20   IS AN INSTANCE WHERE WE WOULD LIKE THAT EXPEDITED

21   RELIEF AS SOON AS WE CAN REASONABLY GET IT SO THAT

22   WE CAN PRESENT TO JUDGE KOH AT THE HEARING ON

23   THURSDAY THIS INFORMATION.

24        THE COURT:  MR. FAZIO, CAN YOU REFRESH MY

25   RECOLLECTION, HOW MANY PATENTS ARE ASSERTED IN THE

1    630 CASE?

2              MR. FAZIO:  IN THE ENTIRE CASE, YOUR

3    HONOR, THERE'S EIGHT UTILITY PATENTS, BUT ONLY FOUR

4    ARE AT ISSUE ON THE P.I.

5              THE COURT:  AND IT'S THE FOUR THAT ARE AT

6    ISSUE ON THE P.I. THAT ARE THE SUBJECT OF THIS

7    INTERROGATORY AND THIS MOTION?

8              MR. FAZIO:  YES, YOUR HONOR.  THE

9    INTERROGATORY EXPRESSLY DEFINES THEM AS THE

10   PRELIMINARY INJUNCTION PATENTS IN THE DEFINITION,

11   AND THEN IT'S THE FOUR PATENTS AT ISSUE ON APPLE'S

12   P.I. MOTION.

13             THE COURT:  ALL RIGHT.  THANK YOU.

14             MR. FAZIO:  SO IF THE COURT HAS ANY

15   FURTHER QUESTIONS, I'M HAPPY TO ANSWER THEM.

16             THE COURT:  NO.  I THINK I UNDERSTAND

17   YOUR POSITION.

18             MR. FAZIO:  ALL RIGHT.  THANK YOU, YOUR

19   HONOR.

20             THE COURT:  MR. LO.

21             MR. LO:  GOOD MORNING, YOUR HONOR.

22             THE COURT:  GOOD MORNING.

23             MR. LO:  IF I MAY, I'D LIKE TO START A

24   LITTLE BIT WITH WHAT WE HAVE PROVIDED IN THE

25   INTERROGATORY TO THE EXTENT IT CAME UP IN

1    MR. FAZIO'S ARGUMENTS, BECAUSE I THINK ON THAT

2    POINT, THERE SHOULD BE NO DISAGREEMENT AMONG THE

3    PARTIES AS TO WHAT THEY DO AND DO NOT HAVE.

4            AND SPECIFICALLY WHAT WE HAVE PROVIDED TO

5    THEM ARE THE ACTUAL LICENSE AGREEMENTS THAT APPLE

6    HAS REACHED --

7            THE COURT:  HE'S SAYING HE HAS NO PROBLEM

8    WHATSOEVER WITH YOUR RESPONSE ON THAT SUBJECT.

9            SO LET'S FOCUS ON WHAT HIS PROBLEM REALLY

10   IS.

11           MR. LO:  RIGHT.

12           AND HIS SECOND ISSUE IS WITH RESPECT TO

13   THE DISCUSSIONS THAT WE HAVE DISCLOSED, SO I WANT

14   TO COVER THAT; AND THEN I WANT TO TALK A LITTLE BIT

15   THEN ABOUT THE DISCUSSIONS THAT SAMSUNG BELIEVES WE

16   HAVE NOT DISCLOSED.

17           WITH RESPECT TO THE DISCUSSIONS THAT WE

18   HAVE DISCLOSED, AS YOUR HONOR IS AWARE, THERE ARE

19   ONLY FOUR OF THEM, OR FOUR PARTIES WITH WHOM WE'VE

20   HAD DISCUSSIONS.

21           ONE OF THEM RESULTED IN A LICENSE

22   AGREEMENT, SO THAT FALLS INTO THAT FIRST BUCKET

23   THAT YOUR HONOR WAS SAYING WHERE THEY HAVE NO

24   PROBLEMS WITH IT.

25           THE COURT:  WHICH PARTY IS THAT, SIR?

29

1              MR. LO:  THAT IS NOKIA, YOUR HONOR, AND

2      THAT WAS THE RESULT OF A LITIGATION.

3              NOW, THE OTHER THREE DISCUSSIONS,

4      MR. FAZIO CAME UP HERE AND TOLD YOUR HONOR, "WE

5      DON'T REALLY KNOW WHAT IT MEANS TO HAVE A

6      DISCUSSION."

7              WELL, EACH OF THOSE DISCUSSIONS ARE

8      LITIGATION-DRIVEN DISCUSSIONS, AND LET ME EXPLAIN

9      WHAT I MEAN BY THAT AND WHY I THINK THAT'S

10     RELEVANT.

11             NUMBER ONE, I THINK THEY'RE LESS RELEVANT

12     THAN NORMAL DISCUSSIONS BECAUSE AS YOUR HONOR, FOR

13     EXAMPLE, KNOWS, PARTIES OFTEN ARE CALLED TOGETHER

14     TO HAVE A MANDATORY MEDIATION IN THE CONTEXT OF

15     LITIGATION.

16             SO IN THE CONTEXT OF A MEDIATION WHERE

17     A --

18             THE COURT:  SO YOUR PRIMARY OBJECTION

19     HERE IS RELEVANCE TO PRODUCTION?

20             MR. LO:  NO.  MY PRIMARY OBJECTION IS

21     THAT WE HAVE PROVIDED THEM EVERYTHING THAT THEY

22     NEED TO KNOW ABOUT THOSE DISCUSSIONS, AND MY POINT

23     IS THAT ALL OF THOSE DISCUSSIONS ARE TAKING PLACE

24     IN THE CONTEXT OF THE LITIGATION.

25             SO THEY'RE -- IN A SENSE, IT'S HARD TO

1    QUANTIFY WHETHER THEY ARE REALLY AN OFFER TO

2    LICENSE.

3            THE COURT:  SO WHY NOT TELL THEM AND LET

4    JUDGE KOH SORT THIS OUT?  YOU CAN MAKE THESE

5    ARGUMENTS AS TO WEIGHT ON THURSDAY AND THE DAYS

6    THAT FOLLOW.

7            WHY ARE YOU HOLDING BACK ON THIS

8    INFORMATION?

9            MR. LO:  WELL, YOUR HONOR, THE -- THAT'S

10   MY POINT IS THAT THESE DISCUSSIONS ARE ACTUALLY ALL

11   WITH THE QUINN, EMANUEL LAW FIRM, BECAUSE ON THE

12   OTHER SIDE OF ALL OF THESE --

13           THE COURT:  ALL OF THAT?  WHY NOT PUT IT

14   IN THE RESPONSE IF THEY ALREADY KNOW ABOUT THIS?

15           MR. LO:  BUT THOSE ARE THE ONES THAT WE

16   HAVE DISCLOSED, YOUR HONOR.

17           THE COURT:  WELL, WHY AREN'T WE TALKING

18   ABOUT THE ONES THAT YOU HAVEN'T DISCLOSED?

19           MR. LO:  WELL, BECAUSE I GUESS PART OF

20   WHAT WE PUT IN OUR OPPOSITION, YOUR HONOR, AND PART

21   OF WHY IT'S A LITTLE BIT DIFFICULT FOR ME NOW IS

22   IT'S HARD FOR ME TO UNDERSTAND WHAT IT IS THAT

23   SAMSUNG WANTS AS TO --

24           THE COURT:  I'LL TELL YOU WHAT THEY WANT.

25   THEY WANT TO KNOW, HAVE YOU MADE AN OFFER TO ANY

1    ENTITY?  IF SO, TELL THEM THE ENTITY.

2              MR. LO:  NO.

3              AND THE ANSWER, AS WE PUT IN OUR

4    OPPOSITION, IS -- IF THE QUESTION IS, HAVE WE

5    OFFERED TO ANY OTHER ENTITIES OTHER THAN THE ONES

6    THAT WE HAVE DISCLOSED IN THE INTERROGATORY FOR

7    THESE -- AN OFFER TO LICENSE FOR THESE FOUR

8    SPECIFIC PATENTS THAT ARE AT ISSUE IN THE

9    PRELIMINARY INJUNCTION, THEY HAVE THAT IN THE

10   INTERROGATORY RESPONSE.

11             THE COURT:  AND WHAT IS THAT RESPONSE?

12   NO, YOU HAVE NOT?  YOU'RE TELLING ME THAT YOU HAVE

13   NOT MADE AN OFFER TO LICENSE THESE FOUR PATENTS TO

14   ANY ENTITY OTHER THAN THESE FOUR?

15             MR. LO:  THAT IS CORRECT.

16             THE COURT:  OKAY.

17             MR. LO:  NOW, WHAT I -- THE REASON I'M

18   KIND OF GOING THROUGH THIS IN STEPS, BECAUSE I

19   THINK WHAT SAMSUNG IS ASKING FOR IS ACTUALLY

20   BROADER THAN THAT, AND THE REASON FOR THAT IS, AS

21   YOUR HONOR GAVE AN EXAMPLE, WE MAY, FROM TIME TO

22   TIME, GET JUST RANDOM REQUESTS SAYING "WE ARE

23   INTERESTED IN TAKING OUT SOME LICENSES," AND MOST

24   OF THOSE -- ACTUALLY I CAN TELL YOU ALL OF THOSE,

25   OTHER THAN WHATEVER WE'VE DISCLOSED IN THE

1    INTERROGATORY, ARE NOT SPECIFIC TO THE FOUR

2    PRELIMINARY INJUNCTION PATENTS.

3           THE COURT:  BUT THEY PRESUMABLY COULD

4    INCLUDE THE FOUR; CORRECT?

5           MR. LO:  AT SOME POINT IF THE

6    NEGOTIATIONS WENT FORWARD THERE COULD BE, FOR

7    EXAMPLE, DISCUSSIONS ABOUT THE FOUR.

8           BUT WITH RESPECT TO SPECIFIC DISCUSSIONS

9    ABOUT THE FOUR PATENTS THAT ARE AT ISSUE IN THE

10   PRELIMINARY INJUNCTION, WE DISCLOSED THOSE IN OUR

11   INTERROGATORY RESPONSE.

12          THE COURT:  BUT THIS IS THE PROBLEM,

13   RIGHT?  OUTSIDE THE CONTEXT OF LITIGATION, WHO IN

14   THEIR RIGHT MIND, EXCEPT IN THE MOST UNUSUAL

15   CIRCUMSTANCES, ENTERS INTO DISCUSSIONS ABOUT

16   LICENSING A PARTICULAR PATENT HERE, THERE, OR

17   OTHERWISE IN A BROAD PORTFOLIO?

18          I MEAN, YOUR CLIENTS ENGAGE IN VERY

19   COMPLEX, VERY SOPHISTICATED NEGOTIATIONS

20   ENCOMPASSING FAMILIES, AT THE VERY LEAST, IF NOT

21   ENTIRE PORTFOLIOS OF PATENTS.

22          MR. LO:  YES.

23          THE COURT:  I UNDERSTAND WHAT YOU'RE

24   SAYING HERE.  YOU'RE SAYING, "WELL, WE SHOULDN'T

25   HAVE TO DISCLOSE REQUESTS FOR LICENSES TO THESE

1      BROAD PORTFOLIOS OR FAMILIES, EVEN THOUGH THEY MAY

2      INCLUDE THE ASSERTED PATENTS."

3                  IS THAT -- AM I UNDERSTANDING YOUR

4      POSITION CORRECTLY?

5                  MR. LO:  IT'S -- YOUR HONOR, THAT IS OUR

6      POSITION.

7                  BUT I THINK I CAN SHORT --

8                  THE COURT:  SO IF THAT'S YOUR POSITION,

9      HOW IN THE WORLD ARE THEY EVER TO GET AT -- AGAIN,

10     IT MAY BE ENTIRELY USELESS OR INFORMATION THAT'S

11     ENTITLED TO VERY LITTLE WEIGHT IN JUDGE KOH'S

12     ANALYSIS, BUT FOR PURPOSES OF DISCOVERY, IF THERE'S

13     A COMPANY OUT THERE THAT MADE A REQUEST TO APPLE

14     FOR A PORTFOLIO LICENSE THAT INCLUDES THESE FOUR

15     UTILITY PATENTS, YOU'RE TELLING ME THEY'RE NOT

16     GETTING THAT INFORMATION.

17                 AND MORE IMPORTANTLY FROM MY PERSPECTIVE,

18     JUDGE KOH IS NOT GETTING THAT INFORMATION.

19                 IS THAT RIGHT?

20                 MR. LYON:  THE -- WITH RESPECT TO THE

21     REQUESTS, I WOULD AGREE WITH YOUR HONOR THAT THAT

22     IS OUR POSITION.

23                 IN OTHER WORDS --

24                 THE COURT:  SO YOU ALL WANT JUDGE KOH TO

25     UNDERGO A VERY COMPLICATED, VERY DIFFICULT ECONOMIC

34

1    ANALYSIS AND GRANT A SWEEPING INJUNCTION, BUT

2    YOU'RE NOT WILLING TO SHARE INFORMATION IN

3    DISCOVERY ABOUT ENTITIES THAT MAY HAVE REQUESTED

4    PORTFOLIO LICENSES THAT COVER THESE FOUR UTILITY

5    PATENTS?

6            MR. LO:  WELL, IF I MAY PERHAPS

7    DISTINGUISH BETWEEN WHAT YOUR HONOR IS SAYING?

8            THE REASON THAT JUDGE KOH MAY WANT TO

9    LOOK AT IT, AND I THINK SAMSUNG WANTS THE

10   INFORMATION, IS BECAUSE THERE'S A QUESTION IN TERMS

11   OF APPLE'S WILLINGNESS TO LICENSE.

12           AND SO WITH RESPECT TO THE REQUEST,

13   APPLE'S POSITION WOULD BE THE FACT THAT A COMPANY

14   OUT THERE MAKES A REQUEST TO US, JUST GENERALLY FOR

15   THE ENTIRE PORTFOLIO OR SPECIFICALLY FOR THESE

16   PATENTS0, EVEN THOUGH THE LATTER ONE, AS I'VE TOLD

17   YOUR HONOR, IS NOT REALLY AT ISSUE HERE -- IS NOT

18   RELEVANT TO THE QUESTION OF WHETHER APPLE IS

19   WILLING TO LICENSE THESE FOUR PARTICULAR PATENTS.

20           TO THE EXTENT THAT THERE ARE SPECIFIC

21   DISCUSSIONS GOING BACKWARDS TOWARDS THE OFFER IN

22   TERMS OF "WE ARE WILLING TO LICENSE TO YOU THESE

23   FOUR PATENTS," THEN WE DON'T DISPUTE, FOR PURPOSES

24   OF THIS MOTION, THAT THAT SHOULD HAVE BEEN

25   DISCLOSED IN THE INTERROGATORY.

1          BUT THERE ARE NO SPECIFIC DISCUSSIONS ON

2     THAT FRONT.

3          THE COURT:  AGAIN, DOESN'T THAT GO TO THE

4     WEIGHT RATHER THAN THE DISCOVERABILITY OF THE

5     INFORMATION?

6          MR. LO:  YOUR HONOR, I WOULD RESPECTFULLY

7     DISAGREE BECAUSE THE QUESTION --

8          THE COURT:  WHY?  SO IF THEY WERE TO COME

9     TO LEARN -- I'M GOING TO PICK AN ENTITY HERE FOR

10    THE SAKE OF CONVERSATION.

11         MR. LO:  SURE.

12         THE COURT:  LET'S SAY -- I'LL MAKE THIS

13    EASY SO THERE'S NO CONTROVERSY ABOUT IT.

14         LET'S SAY THAT KRISPY KREME DONUTS WANTS

15    TO TAKE A LICENSE TO THESE FOUR UTILITY PATENTS,

16    AND THEY WRITE TO YOUR DIRECTOR OF I.P.R. LICENSING

17    AND SAY, "WE'D LOVE TO TAKE A PORTFOLIO LICENSE

18    BECAUSE WE HAVE PARTICULAR INTEREST IN THESE FOUR,"

19    OR MORE GENERALLY, "WE JUST WANT TO TAKE A LICENSE

20    TO APPLE'S PATENTS."

21         NOW, YOU'RE RIGHT, MAYBE THE WEIGHT THAT

22    OUGHT TO BE AFFORDED TO THAT REQUEST OUGHT TO BE

23    PRETTY SMALL GIVEN THAT APPLE, I SUSPECT, IS NOT

24    ALL THAT INTERESTED IN GIVING KRISPY KREME A

25    LICENSE TO THE PORTFOLIO, BUT IT AT LEAST PROVIDES

1    INFORMATION WHICH IS LIKELY TO LEAD TO RELEVANT

2    INFORMATION, RIGHT?

3              IT AT LEAST GIVES THEM SOME SENSE OF,

4    "OH, HERE'S A LEAD WE NEED TO FOLLOW UP ON.  MAYBE

5    WE OUGHT TO TALK TO KRISPY KREME.  MAYBE WE OUGHT

6    TO LOOK AT DOCUMENTS IN APPLE'S PRODUCTION THAT

7    REFERENCE A KRISPY KREME DISCUSSION."

8              MY POINT IS, WE'RE AT DISCOVERY HERE.

9    I'M NOT IN A POSITION TO ISSUE AN INJUNCTION.  I'M

10   JUST HERE TO DECIDE WHAT THEY OUGHT TO HAVE ACCESS

11   TO.

12             AND WHAT YOU'RE SAYING IS "UNLESS APPLE

13   SUBJECTIVELY DETERMINES THAT THIS INFORMATION

14   DOESN'T MATTER TO JUDGE KOH'S ANALYSIS BECAUSE

15   APPLE DOESN'T WANT TO LICENSE KRISPY KREME, WE'RE

16   NOT GOING TO TELL YOU."

17             SO WHAT AM I MISSING?

18             MR. LO:  THE -- YOUR HONOR, I'M NOT

19   ARGUING ABOUT THE WEIGHT OF THE EVIDENCE.

20             IN OTHER WORDS, IF KRISPY KREME WRITES TO

21   US AND APPLE WRITES BACK SAYING, YOU KNOW, "WE'LL

22   GIVE IT TO YOU, YOU KNOW, IF YOU SEND US A MILLION

23   DONUTS," PROBABLY IN MOST PEOPLE'S EYES, THAT WOULD

24   NOT BE A VERY CREDIBLE DISCUSSION.

25             THAT'S NOT WHAT IS AT ISSUE HERE.

1          THE COURT:  WOULDN'T IT AT LEAST SHED

2     LIGHT ON ANOTHER FACTOR THAT UNDOUBTEDLY JUDGE KOH

3     IS GOING TO HAVE TO WEIGH, WHICH IS THE MARKET

4     DEMAND FOR THE CLAIMED FUNCTIONALITY?

5          MR. LO:  IT -- TO THE EXTENT THAT THAT

6     WERE TRUE, I THINK THAT WOULD BE EVIDENCE THAT

7     WOULD SUPPORT APPLE'S CASE, I SUPPOSE.

8          BUT, AGAIN, THERE ARE --

9          THE COURT:  BUT THEY'RE GOING TO HAVE TO

10    CONFRONT THAT, SO WHY SHOULDN'T YOU HAVE TO PRODUCE

11    THAT IN ORDER TO AT LEAST GIVE THEM AN OPPORTUNITY

12    TO RESPOND AND JUDGE KOH AN OPPORTUNITY TO WEIGH

13    THESE ISSUES?

14         MR. LO:  BUT THE --

15         THE COURT:  SHE DOESN'T WANT TO MAKE A

16    DECISION, I SUSPECT -- I DON'T WANT TO SPEAK ON HER

17    BEHALF -- BUT SHE DOESN'T WANT TO MAKE DECISIONS

18    BASED ON INCOMPLETE RECORDS AND HALF PRODUCTIONS.

19         SHE WANTS TO HAVE, I SUSPECT, A FULL

20    RECORD SO THAT SHE MAKES THE RIGHT CALL.

21         SO IN THAT PARTICULAR INSTANCE WHERE THAT

22    LICENSE WOULD SHED LIGHT ON DEMAND FOR NOT THE

23    PORTFOLIO, NOW WE'RE TALKING ABOUT THE VERY

24    SPECIFIC FUNCTIONALITY THAT'S CLAIMED IN THESE FOUR

25    UTILITY PATENTS, WHY SHOULDN'T SHE BE ENTITLED TO

1    CONSIDER THAT?

2              MR. LO:  WELL, LET ME STOP THERE, BECAUSE

3    I THINK I MAY HAVE LOST TRACK OF YOUR HONOR'S

4    EXAMPLE.

5              IF YOUR HONOR IS ASKING ABOUT A SPECIFIC

6    REQUEST FOR THE FOUR PATENTS FROM ANY PARTY,

7    WHETHER WE THINK IT'S CREDIBLE OR NOT, IF IT'S

8    SPECIFIC TO THOSE FOUR PATENTS, WE WOULD HAVE

9    DISCLOSED IT.

10             THAT HAS NOT HAPPENED.  SO WHAT WE ARE --

11             THE COURT:  OKAY.  SO WE'RE AT LEAST ON

12   THE SAME PAGE, THEN, THAT IF THERE WAS A REQUEST

13   FOR THOSE FOUR, YOU'VE PRODUCED IT?

14             MR. LO:  THAT IS CORRECT, OR WE'VE

15   DISCLOSED THAT.

16             THE COURT:  YOU IDENTIFIED IT IN YOUR

17   INTERROGATORY RESPONSE?

18             MR. LO:  YES.

19             THE COURT:  SO IF WE TAKE ONE STEP

20   FURTHER BACK AND ASSUME THAT IT IS EXTREMELY,

21   INDEED EXTRAORDINARILY, RARE THAT PARTICULAR

22   PATENTS ARE GOING TO BE THE SUBJECT OF THOSE

23   REQUESTS, WHY SHOULD THE COURT -- FORGET ABOUT

24   SAMSUNG -- WHY SHOULD THE COURT BE HAMSTRUNG IN ITS

25   ABILITY TO CONSIDER THE SIGNIFICANCE, THE ECONOMIC

1       SIGNIFICANCE OF THAT TYPE OF BROADER PORTFOLIO

2       REQUEST TO THE VERY SPECIFIC AND VERY IMPORTANT

3       INJUNCTION REQUEST THAT YOU ALL ARE MAKING?

4               MR. LO:  YES.

5               SO IF THERE IS A REQUEST THAT COMES IN,

6       APPLE HAS NOT USED THE FACT OF THAT REQUEST IN

7       ORDER TO SUPPORT ITS CASE THAT IT SHOWS THAT

8       THERE'S ECONOMIC VALUE TO THE PATENTS.

9               SO TO ADDRESS YOUR HONOR'S EARLIER

10      QUESTION, THIS IS NOT AN INSTANCE IN WHICH WE'RE

11      USING IT AS A SWORD; IN OTHER WORDS, WE'VE GOT ALL

12      THESE REQUESTS COMING IN, BUT WE'RE NOT GOING TO

13      TELL SAMSUNG ABOUT THE NATURE OF THOSE REQUESTS.

14              SO WE'RE NOT -- THIS IS NOT SOMETHING

15      THAT WE -- ANYTHING THAT WE HAVE NOT DISCLOSED TO

16      THEM IN THE INTERROGATORY RESPONSE OBVIOUSLY IS

17      SOMETHING THAT WE HAVE NOT PUT IN OUR OPENING

18      PAPERS OR REPLY PAPERS.

19              THEN THE QUESTION IS, SAMSUNG WANTS TO

20      COME IN AND, NOT FOR THE PURPOSE OF SHOWING THE

21      ECONOMIC VALUE, BUT FOR THE PURPOSE OF SHOWING ONE

22      OF THE ELEMENTS ON THE PRELIMINARY INJUNCTION,

23      WHICH IS, DOES APPLE HAVE A WILLINGNESS TO LICENSE

24      THESE PATENTS OUT?

25              AND AS TO THOSE, THERE ARE -- THERE ARE

1    NO DISCUSSIONS IN WHICH APPLE HAS RESPONDED BACK TO

2    ANOTHER PARTY WITH A SUGGESTION THAT IT IS

3    SPECIFICALLY INTERESTED IN LICENSING ANY OF THE

4    FOUR PRELIMINARY INJUNCTION PATENTS.

5              AND SO IF THE QUESTION IS, IS THERE ANY

6    EVIDENCE THAT SHOWS, OR THAT MAY SHOW A WILLINGNESS

7    TO LICENSE A PATENT, THAT SHOULD BE IT.

8              AND WHAT WE'VE TOLD SAMSUNG AND WE'VE

9    SAID IN OUR INTERROGATORY RESPONSE IS, OTHER THAN

10   THOSE FOUR, THERE ARE NO SPECIFIC DISCUSSIONS BACK

11   FROM APPLE TO ANOTHER PARTY ABOUT THESE FOUR

12   SPECIFIC PATENTS.

13             THE COURT:  HM.  SO YOU DON'T THINK IT'S,

14   AGAIN, DISCOVERABLE -- FORGET ABOUT WHETHER IT'S

15   RELEVANT OR HOW MUCH WEIGHT IT OUGHT TO BE

16   AFFORDED -- YOU DON'T THINK IT'S DISCOVERABLE THAT

17   THERE EITHER IS OR IS NOT SUBSTANTIAL MARKET

18   INTEREST IN LICENSES PORTFOLIOS WHICH INCLUDE THE

19   ASSERTED PATENTS?

20             MR. LO:  THAT'S -- THAT WAS NOT THE

21   NATURE OF THE REQUEST.

22             THE NATURE OF THE REQUEST WAS JUST, YOU

23   KNOW, ARE THERE SPECIFIC LICENSES -- ARE THERE

24   SPECIFIC OFFERS FOR THESE FOUR, FOR THESE FOUR

25   PRELIMINARY INJUNCTION --

41

1          THE COURT:  YOU'VE JUST TOLD ME YOU

2     ANSWERED THAT QUESTION.

3          MR. LO:  CORRECT.

4          THE COURT:  I UNDERSTOOD THE REQUEST HAD

5     CAUSED YOU GREATER HEARTBURN BECAUSE OF ITS FURTHER

6     BREADTH, AND IN PARTICULAR ITS BREADTH ENCOMPASSING

7     REQUESTS FOR PORTFOLIO LICENSES THAT WERE NEVER

8     RESPONDED TO BY APPLE, TO WHICH APPLE HAD NO

9     INTEREST, ET CETERA, ET CETERA.

10         SO WHAT AM I MISSING?

11         MR. LO:  WELL, ACTUALLY, YOUR HONOR, I'M

12    NOT SURE THAT THE REQUEST ACTUALLY PERTAINS TO

13    THAT.

14         I UNDERSTOOD MR. FAZIO TO BE ASKING FOR

15    THAT.

16         BUT INTERROGATORY 4 IS ACTUALLY "FOR EACH

17    OF THE APPLE PRELIMINARY INJUNCTION PATENTS,

18    IDENTIFY ANY AND ALL PERSONS WITH WHOM YOU HAVE

19    EVER LICENSED."

20         SO THEY ARE SPECIFIC TO THAT.

21         AND WITH RESPECT TO THE SPECIFIC REQUEST

22    FOR OR RESPONSES TO REQUESTS AS TO THE PRELIMINARY

23    INJUNCTION PATENTS, THOSE WE HAVE DISCLOSED IN OUR

24    INTERROGATORY RESPONSES.

25         THE COURT:  ALL RIGHT.  DO YOU WISH TO

                                              42

1    IDENTIFY ANYTHING IN THE RECORD WHICH GIVES ME

2    ANYTHING TO RELY UPON IN TERMS OF THE BURDEN YOU

3    WOULD FACE IN RESPONDING TO THESE REQUESTS?

4            MR. LO:  WELL, THE -- IT DEPENDS ON WHAT

5    IT MEANS TO RESPOND TO THE REQUEST.

6            THE BURDEN TO RESPOND TO THE SPECIFIC

7    REQUESTS WE SAW, WHICH IS REQUESTS -- I SHOULDN'T

8    USE THE WORD "REQUEST" TWICE -- WHICH IS, FOR

9    EXAMPLE, DISCUSSIONS RELATING TO THE FOUR

10   PRELIMINARY INJUNCTION PATENTS, WE ARE NOT ARGUING

11   THAT THAT IS BURDENSOME AND, IN FACT, OUR POSITION

12   IS WE HAVE UNDERTAKEN TO DETERMINE BOTH INCOMING

13   AND OUTGOING COMMUNICATIONS REGARDING THE FOUR

14   PRELIMINARY INJUNCTION PATENTS, AND THOSE ARE

15   DISCLOSED IN OUR INTERROGATORY RESPONSES.

16           IF WE WOULD HAVE TO GO OUT AND

17   PARTICULARLY TALK TO OR GATHER INFORMATION ABOUT

18   JUST GENERAL REQUESTS, INCLUDING ONES WHERE, LET'S

19   JUST SAY, FOR EXAMPLE, AN OPENING LETTER SAYING "WE

20   ARE INTERESTED IN HAVING DISCUSSIONS WITH

21   LICENSING," I THINK YOUR HONOR HAS CORRECTLY SAID

22   THAT WOULD BE AN EXTREMELY BURDENSOME TASK.

23           THE COURT:  CAN I ASK -- MR. LO, I'M

24   SORRY FOR INTERRUPTING YOU, BUT, AGAIN, I WANT TO

25   BE VERY CLEAR ON WHAT YOUR POSITION IS ON EACH OF

1    THESE SUBCATEGORIES.

2            IF A PARTY ASKED FOR A BROAD LICENSE TO

3    APPLE'S PORTFOLIO AND EXPRESSED ITS INTEREST IN

4    ENTERING INTO SUCH DISCUSSIONS AND APPLE SAID,

5    "SURE, LET'S TALK ABOUT A PORTFOLIO LICENSE OR A

6    BROAD" -- IS THAT TYPE OF DISCUSSION IDENTIFIED IN

7    YOUR INTERROGATORY RESPONSE?

8            IN OTHER WORDS, I GET -- I THINK, IF I'VE

9    GOT IT RIGHT, I GET THAT YOU DON'T WANT TO HAVE TO

10   DISCLOSE AND COLLECT ALL THE INBOUND REQUESTS FROM

11   THIRD PARTIES TO WHICH APPLE HAS NOT RESPONDED OR

12   ENGAGED.

13           BUT TO THE EXTENT APPLE -- UNLESS IT

14   RELATES TO THE FOUR PATENTS.

15           AM I RIGHT ABOUT THAT?

16           MR. LYON:  CORRECT.

17           THE COURT:  OKAY.  SO IF KRISPY KREME

18   WROTE TO YOUR I.P. DEPARTMENT AND SAID "WE WANT TO

19   TAKE A LICENSE TO THESE FOUR," THEY'VE GOT THAT?

20           MR. LO:  THAT IS CORRECT, YOUR HONOR.

21           THE COURT:  OKAY.  BUT IF KRISPY KREME

22   ASKED FOR A PORTFOLIO LICENSE AND APPLE EITHER

23   DOESN'T RESPOND OR SAYS, "NO, THANK YOU," YOU'RE

24   NOT PRODUCING THAT?

25           MR. LO:  THAT IS CORRECT, YOUR HONOR.

1          THE COURT:  ALL RIGHT.

2          I'M SORRY.  I'VE BEEN INTERRUPTING YOU

3     THROUGHOUT THIS ARGUMENT.

4          IS THERE ANYTHING ELSE YOU'D LIKE TO SAY,

5     SIR?

6          MR. LO:  NO, OTHER THAN WITH RESPECT TO

7     THE REQUEST FOR EXPEDITED, PARTICULARLY IF YOUR

8     HONOR IS GRANTING SOMETHING VERY BROAD IN TERMS OF

9     JUST INCOMING CORRESPONDENCE, SAMSUNG HAS OBVIOUSLY

10    KNOWN ABOUT THIS ISSUE SINCE MARCH.  WE ACTUALLY

11    HAD AN IN-PERSON MEET AND CONFER.

12          AS WE PUT IN OUR PAPERS, THERE WAS NO

13    FOLLOW-UP AFTER THE IN-PERSON MEET AND CONFER, AND

14    A LOT OF THESE QUESTIONS THAT YOUR HONOR IS HAVING

15    IN TERMS OF WHAT IS THE SCOPE OF THE REQUEST AND

16    WHAT IS IT THAT WE'RE AGREEING TO, WE THINK THAT

17    THOSE THINGS SHOULD HAVE BEEN RESOLVED DURING THE

18    IN-PERSON MEET AND CONFER OR WITH A FOLLOW UP

19    AFTERWARDS, AND SO FOR THEM TO COME IN NOW AND ASK

20    FOR EXPEDITED RELIEF TWO DAYS BEFORE THE

21    PRELIMINARY INJUNCTION HEARING WE THINK IS

22    UNWARRANTED.

23          THE COURT:  ALL RIGHT.  THANK YOU,

24    MR. LO.

25          MR. FAZIO, ANY REBUTTAL?

1           MR. FAZIO:  YES, YOUR HONOR, JUST A SHORT

2     AMOUNT.

3           YOUR HONOR, DURING APPLE'S COUNSEL'S

4     ARGUMENT, I HAD AN OPPORTUNITY TO REVIEW THE RULE

5     26 DISCLOSURES THAT WERE MADE IN THIS CASE, AND

6     APPLE HAS IDENTIFIED TWO INDIVIDUALS ON THOSE RULE

7     26 DISCLOSURES WHO ARE PRINCIPALLY IN CHARGE OF

8     LICENSING.

9           SO WITH RESPECT TO THE BURDEN ARGUMENT,

10    THE NOTION THAT THEY HAVE TO CONDUCT A FIELD SURVEY

11    OF ALL OF THE APPLE THROUGH AN OPEN LETTER, I THINK

12    THAT A REASONABLE INVESTIGATION WOULD BE TO GO TO

13    THE VERY PEOPLE THEY HAVE IDENTIFIED AS IN CHARGE

14    OF LICENSING.

15          ANOTHER ISSUE THAT I WANTED TO POINT OUT

16    IS WITH RESPECT TO -- WITH RESPECT TO WHAT THEY

17    HAVE SAID IN THEIR INTERROGATORY RESPONSE, IT'S

18    DIFFERENT THAN WHAT WAS ARGUED HERE TODAY.

19          YOU KNOW, WHEN APPLE SAYS -- IT SAYS

20    "APPLE HAS DISCUSSED ONE OR MORE OF THE APPLE

21    PRELIMINARY INJUNCTION PATENTS WITH SAMSUNG,

22    MOTOROLA, HTC AND NOKIA."

23          APPLE DOES NOT SAY IN THEIR INTERROGATORY

24    RESPONSE, "THOSE ARE THE ONLY ENTITIES WITH WHOM IT

25    HAS DISCUSSED," NOR DO THEY CLARIFY WHAT

1    "DISCUSSED" MEANS IN ANY REGARD.

2              AND THE REASON WHY IT IS SO IMPORTANT FOR

3    US TO UNDERSTAND THE ENTITIES TO WHOM -- WHO HAVE

4    REQUESTED LICENSES TO THE PRELIMINARY INJUNCTION

5    PATENTS IS BECAUSE IT GIVES US A DATA POINT, YOUR

6    HONOR, TO PUT SOME SORT OF MONETARY AMOUNT ON THESE

7    LICENSES.

8              TO USE YOUR HONOR'S EXAMPLE, IF

9    KRISPY KREME -- IF KRISPY KREME WERE TO HAVE

10   REQUESTED OF APPLE, AS PART OF A PORTFOLIO, A

11   LICENSE TO ONE OF THESE P.I. PATENTS -- AND I'M

12   JUST GOING TO MAKE UP A NUMBER -- THEY SAID $250

13   AND APPLE SAID, "NO, THAT'S TOO LOW," BUT AT THE

14   SAME TIME APPLE LICENSED ONE OF THESE -- THE VERY

15   SAME PATENT TO ANOTHER PARTY FOR -- AGAIN, MAKING

16   UP A NUMBER -- $500, WELL, WE WOULD KNOW 250 IS TOO

17   LITTLE, 500 IS ENOUGH, AND IT WOULD GIVE US DATA

18   POINTS TO BE ABLE TO PUT A MONETARY VALUE ON THESE

19   PATENTS.

20             AND THAT IS ONE OF THE REASONS WHY IT'S

21   SO IMPORTANT.

22             AGAIN, YOUR HONOR, IT MAY BE THAT

23   JUDGE KOH SAYS "I'M NOT GOING TO GIVE THAT MUCH

24   WEIGHT," OR MAYBE SHE DOES FIND IT VERY

25   MERITORIOUS.

47

1          BUT WE SHOULD AT LEAST HAVE THE

2    OPPORTUNITY TO PRESENT THAT INFORMATION TO THE

3    COURT.

4          THE OTHER THING I WANTED TO NOTE IS WHEN

5    APPLE'S COUNSEL HAD READ THE ACTUAL INTERROGATORY

6    INTO THE RECORD FOR THE COURT, HE HAD READ THAT --

7    BASICALLY IT STARTS OFF BY SAYING, "FOR EACH OF THE

8    APPLE PRELIMINARY INJUNCTION PATENTS, IDENTIFY ANY

9    AND ALL PERSONS TO WHOM YOU HAVE EVER LICENSED OR

10   OFFERED TO LICENSE," AND THEN HE STOPPED.

11         THE NEXT PHRASE SAYS, "OR PERSONS WHO

12   HAVE REQUESTED TO LICENSE AND TO WHOM -- OR TO WHOM

13   YOU HAVE GRANTED OR" --

14         THE COURT:  THAT'S WHAT WE'RE HERE FOR;

15   RIGHT?

16         MR. FAZIO:  YES, YOUR HONOR.

17         THE COURT:  AND IF I UNDERSTAND MR. LO'S

18   REMARKS CORRECTLY, HE HAS SAID THAT IF -- TO USE MY

19   EXAMPLE -- KRISPY KREME REQUESTED A LICENSE TO THE

20   FOUR SPECIFIC PRELIMINARY INJUNCTION PATENTS, APPLE

21   WOULD HAVE DISCLOSED THAT REQUEST IN ITS RESPONSE.

22         MR. FAZIO:  BUT AGAIN, YOUR HONOR, THEY

23   HAVE NOT.

24         WHAT THEY HAVE SAID IS "APPLE HAS

25   DISCUSSED," AND I DON'T KNOW WHAT THAT MEANS, YOUR

1    HONOR.  IS THAT A REQUEST?  IS THAT AN OFFER?

2              AND TO THE EXTENT THAT THOSE ARE THE ONLY

3    FOUR ENTITIES WITH WHOM APPLE HAS DISCUSSED, THEY

4    NEED TO SAY THAT IN A PROPER INTERROGATORY RESPONSE

5    INSTEAD OF SAYING SO IN COURT FOR THE FIRST TIME,

6    QUITE FRANKLY, YOUR HONOR.

7              AND THE OTHER THING IS -- SOMETHING

8    THAT'S EXCEEDINGLY IMPORTANT IS THE FOLLOW-UP

9    STATUS OF THOSE OFFERS OR REQUESTS, AND THIS WAS AN

10   ISSUE THAT CAME UP DURING THE MEET AND CONFER, AND

11   APPLE'S COUNSEL SAID, "WHAT DO YOU MEAN BY

12   'STATUS'?"

13             AND I SAID, "WE MEAN THE STATE OF

14   AFFAIRS, PAST AND PRESENT, WHICH IS IF SOMEBODY

15   OFFERED YOU X AMOUNT OF DOLLARS TO LICENSE THIS

16   PATENT, WE WANT TO KNOW THAT'S THE STATUS.  'WE GOT

17   AN OFFER FOR X AMOUNT OF DOLLARS FOR THIS PATENT

18   AND WE EITHER TURNED IT DOWN OR WE ACCEPTED IT.'"

19             SO THAT'S EXCEEDINGLY IMPORTANT, TOO,

20   YOUR HONOR, BECAUSE IT GIVES THAT DATA POINT THAT

21   WE NEED TO MAKE OUR ARGUMENT TO JUDGE KOH.

22             IF THE COURT HAS ANY FURTHER QUESTIONS

23   FOR ME, I'M CERTAINLY HAPPY TO ANSWER THEM.

24   OTHERWISE I --

25             THE COURT:  I THINK I UNDERSTAND YOUR

1    POSITION, MR. FAZIO.  THANK YOU.

2            ALL RIGHT.  MR. LO, YOU LOOK LIKE YOU

3    WANT TO OFFER A FINAL POINT.  I'LL GIVE YOU ONE

4    MINUTE FOR THAT.

5            MR. LO:  THANK YOU, YOUR HONOR.  JUST TWO

6    QUICK POINTS, YOUR HONOR.

7            THE COURT:  I THOUGHT I SAID A FINAL

8    POINT, BUT GO AHEAD.  IT'S YOUR MINUTE.

9            MR. LO:  FAIR ENOUGH.

10           THE LAST POINT THAT SAMSUNG MADE WAS THAT

11   THEY WERE TALKING ABOUT THE MONETARY VALUE OF THE

12   PATENTS AND APPLE'S ASSESSMENT OF THE MONETARY

13   VALUE, AND TO THAT OUR RESPONSE IS, NUMBER ONE, AN

14   OFFER BY KRISPY KREME DOESN'T SAY ANYTHING ABOUT

15   HOW MUCH APPLE VALUES THIS PARTICULAR PATENT.

16   THAT'S JUST HOW MUCH A THIRD PARTY VALUES IT.

17           AND NUMBER TWO --

18           THE COURT:  NO.  BUT ON THAT POINT, YOU'D

19   HAVE TO CONCEDE, RIGHT, THAT A REASONABLE WAY, OR

20   ONE POSSIBLE WAY, WHETHER IT'S REASONABLE OR NOT,

21   TO INTERPRET APPLE'S SILENCE IN THE FACE OF SUCH AN

22   OFFER IS THAT APPLE HAS REJECTED IT.  CORRECT?

23           MR. LO:  OH, THAT IS CORRECT.

24           THE COURT:  SO UNDER YOUR MODEL,

25   JUDGE KOH WOULD HAVE NO INSIGHT INTO THAT REJECTION

1    WHATSOEVER.  CORRECT?

2                MR. LO:  CORRECT.

3                BUT THE ISSUE HERE IS NOT THE VALUE OF

4    THE PATENTS.  IT'S WHETHER APPLE IS WILLING TO

5    LICENSE THEM AT ALL AS A MATTER OF POLICY.

6                AND ON THAT ISSUE, APPLE'S SILENCE OR

7    LACK OF RESPONSE IS ALL THAT THERE NEEDS TO BE,

8    PARTICULARLY WEIGHED AGAINST THE BURDEN OF GOING

9    OUT AND COLLECTING ALL OF THESE INCOMING REQUESTS

10   FOR LICENSES, MANY OF WHOM APPLE WOULD MAYBE REJECT

11   OUT OF HAND OR MAY NOT RESPOND TO.

12               THEN -- YEAH, AND THAT WAS ACTUALLY MY

13   ONLY POINT, YOUR HONOR.

14               THE COURT:  ALL RIGHT.  THANK YOU,

15   MR. LO.

16               MR. LO:  THANK YOU.

17               THE COURT:  ALL RIGHT.  THANK YOU,

18   COUNSEL.

19               AS TO THE 630 MOTION, YOU'LL HAVE AN

20   ORDER FROM ME SHORTLY.  I WILL DO MY BEST TO GET

21   YOU SOME KIND OF ANSWER, HOWEVER BRIEF, AS QUICKLY

22   AS I CAN DO IT.

23               MR. FAZIO:  THANK YOU, YOUR HONOR.

24               THE COURT:  HAVE A GOOD MORNING.

25               MR. LO:  THANK YOU, YOUR HONOR.

1          THE CLERK:  COURT IS ADJOURNED.

2          (WHEREUPON, THE PROCEEDINGS IN THIS

3    MATTER WERE CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                        CERTIFICATE OF REPORTER

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23            /S/

              _____
24            LEE-ANNE SHORTRIDGE, CSR, CRR
              CERTIFICATE NUMBER 9595
25

53