JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Counterclaim-Plaintiffs,<br>     v.<br><br>APPLE INC., a California corporation,<br><br>            Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO STAY AND SUSPEND THE JUNE 29, 2012 PRELIMINARY INJUNCTION**<br><br>**Hearing:**<br>Date: July 2, 2012<br>Time: 11:00 A.M.<br>Place: Courtroom 8, 4th Floor<br>Judge: Hon. Lucy H. Koh |

# INTRODUCTION

In an extraordinarily comprehensive opinion, this Court concluded that the Galaxy Nexus likely infringed *all four* of Apple's patents at issue, and that *all four* of those patents were likely valid. This Court further found, based on overwhelming evidence including Samsung's own documents, that preliminary relief is necessary because continued sales of the Galaxy Nexus would immediately and irreparably harm Apple.

Samsung now seeks effectively to render that opinion a nullity, so that it can continue unimpeded to flood the market with infringing devices during this critical juncture in the smartphone market, in order to capture long-term market share, all the while irreparably harming Apple. Samsung repeatedly urges this Court to preserve the status quo, but as this Court just found the status quo is Samsung infringing Apple's patents and irreparably harming Apple's business. There is no conceivable justification – let alone the requisite clear error – to delay enforcement of this Court's order, and Samsung does not provide one. For all the reasons set forth in the Court's opinion, the time for Samsung to stop infringing Apple's patents – and irreparably harming Apple – is now.

The findings Samsung now assails are intensely factual, and this Court carefully considered all of the voluminous evidence submitted by both Apple and Samsung. The injunction itself is reviewed for an abuse of discretion, and the underlying factual bases for clear error. These are high hurdles for Samsung to clear on appeal, and it provides no basis at all to suggest that it will be able to do so, much less the required strong showing of a likelihood of success.

Indeed, Samsung cannot satisfy *any one* of the four essential requirements for a stay pending appeal, let alone all of them as required. First, Samsung must make a "strong showing" that this Court made a "clear error of judgment" and that Samsung is likely to prevail on appeal. Samsung does not come to meeting its burden. Instead, Samsung repeatedly mischaracterizes this Court's opinion and the extensive evidence upon which it is based. And, while Samsung pretends that it "focuses only on those arguments newly or specially implicated" by this Court's order, Samsung actually makes the same arguments, using the same evidence, that this Court already rejected. Samsung's motion is essentially a motion for reconsideration, and provides no basis for a stay.

Nor can Samsung establish that it will be irreparably injured absent a stay. In fact, as this Court found, in opposing Apple's motion for preliminary relief, Samsung did "not present any evidence of what hardship it will suffer if the injunction issues." Samsung's claim that it will be harmed also is entirely inconsistent with its contention that the Galaxy Nexus is an insignificant device. In any event, Samsung sought, and this Court has required, a bond of approximately $100 million in order to compensate Samsung for any harm it could suffer by virtue of the injunction.

Samsung also cannot show that Apple will not face substantial injury from a stay. Given this Court's ruling that Apple will be *irreparably* injured absent preliminary relief now, Apple obviously will face substantial injury in the event the injunction is not put in place. And, with the Galaxy Nexus on the market for the past six months, Apple already has been irreparably harmed. Further delay will substantially and unfairly exacerbate that harm – which, of course, is exactly what Samsung wants.

Finally, Apple is likely to prevail on the merits of all four patents, and thus the public interest favors an injunction in order to protect intellectual property and prevent serial, willful infringement.

In short, because preliminary relief is necessary as explained by the Court, and because every one of the factors strongly militates against a stay, Samsung's motion should be denied.

## LEGAL STANDARD

Samsung bears a heavy burden to obtain a stay of an injunction pending appeal. *Winston-Salem/Forsyth County Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971). Samsung must satisfy each of the following four factors: (1) that it has made a "strong showing" of likely success on the merits of the appeal; (2) that it will be "irreparably injured absent a stay"; (3) that a stay will not "substantially injure" Apple; and (4) that the public interest favors a stay. *See Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990). "More than a mere possibility of relief" on appeal is required. *Nken v. Holder*, 556 U.S. 418, 434 (2009). "By the same token, simply showing some 'possibility of irreparable injury,' fails to satisfy the second factor." *Id*.

# ARGUMENT

## I. SAMSUNG HAS NOT MADE A "STRONG SHOWING" OF LIKELY SUCCESS ON THE MERITS OF ITS APPEAL

Samsung does not, because it cannot, establish that this Court made a "clear error of judgment," law or fact when granting the preliminary injunction. *See Nken*, 556 U.S. at 434 ("More than a mere possibility of relief" on appeal is required) (quotation and citation omitted); *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1345 (Fed. Cir. 2008) ("Abuse of discretion is established by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings.") (quotations and citations omitted).

In its lengthy opinion, this Court carefully addressed each of Samsung's positions on the four preliminary injunction factors, systematically applied clear precedent to the evidence presented, and found each of Samsung's positions wanting. Samsung now reargues the same points it previously made, and the Court rejected. Samsung has presented absolutely no basis on which to believe that its appeal will be successful, much less made the requisite "strong showing" of likelihood of success.

### A. Samsung Makes No Credible Showing That It Can Persuade the Federal Circuit That Apple Would Not Suffer Irreparable Harm

Each and every argument Samsung makes concerning Apple's irreparable harm was raised before and rejected by this Court after careful consideration. Notably, Samsung makes no argument that this Court committed legal error of any kind in finding that Samsung's infringement causes Apple irreparable harm. Instead, Samsung challenges this Court's evaluation of facts, and in so doing mischaracterizes the Court's thorough and reasoned order and the overwhelming evidence on which it is based. Thus, Samsung's stay motion is more akin to a motion for reconsideration – Samsung's basic position is that the Court erred in applying the correct legal standards because Apple's evidence was insufficient to warrant the relief awarded.

Samsung rehashes three arguments in particular, every one of which was resolved correctly by this Court, and in Apple's favor, after careful consideration of the voluminous evidence submitted by both Apple and Samsung.

First, Samsung claims that this Court based its finding regarding lost market share only on "the bare fact that Apple and Samsung are competitors." Samsung Br. at 1. That is simply false. In fact, Samsung made the exact same argument regarding loss of market share in opposing the preliminary injunction (*see* Samsung Opp'n Br. at 23), and the Court rejected that argument by citing ample evidence beyond the fact that Apple and Samsung compete. The Court pointed to overwhelming evidence, including industry data and Samsung's own documents, confirming that the next 18 to 24 months represent a critical juncture in the smartphone market. *Id.* at 70. As the Court correctly found, that fact, coupled with the "stickiness" of Apple's and Samsung's smartphone platforms, meant that "Apple will lose significant long-term market share." *Id.*

Second, Samsung argues that "[t]he Court did not, and could not, determine that the inclusion of the alleged unified search feature of the Galaxy Nexus has caused Apple any *substantial* loss of market share." Samsung Br. at 4 (emphasis added). Again, Samsung's depiction of the Court's order is patently false, and Samsung argued precisely this point in opposing the preliminary injunction.[1] Samsung ignores whole sections of this Court's order that carefully addressed these issues, and in turn Samsung blatantly mischaracterizes this Court's holding.

Indeed, the Court cited a range of evidence, most provided by Samsung itself, regarding the significance of Galaxy Nexus sales. *Id.* at 69. And after considering those facts, the Court rightly concluded that it was "not persuaded by Samsung's evidence that the competitive impact of the Galaxy Nexus is only negligible or so insignificant as to preclude injunctive relief." *Id.* Moreover, based on Samsung's own projections concerning considerable future sales of the Galaxy Nexus, this Court required a bond of almost *$100 million* – the exact amount requested by Samsung – for the entry of the preliminary injunction.

Third, Samsung claims that the Court erred in concluding that the '604 Patent functionality had a causal nexus with Apple's irreparable harm. Once more, Samsung simply rehashes arguments it made when opposing the preliminary injunction (*see* Opp'n Br. at 26-29) – all of which the Court

---

[1] In fact, Samsung's counsel colorfully made this very argument during the preliminary injunction hearing, contending that "the [Galaxy] Nexus is no more than a gnat on, you know, an elephant's rear quarters compared to iPhone sales." *See* June 7, 2012 Transcript of Proceedings, D.I. 216, at 13. *See also* Samsung Opp'n Br. at 24.

found ample evidence to reject.  Further, the very premise of Samsung's causation argument is based on a misstatement:  Samsung asserts that Apple's nexus evidence failed to "isolate[e] the functionality claimed by the '604 Patent."  Samsung Br. at 5.  But as this Court correctly found, "notwithstanding Samsung's argument that Siri's voice recognition capability drives demand," Apple introduced ample evidence in support of its argument that "Siri is core to the functioning and sales of the iPhone not just because it hears requests, but *because it delivers search results*."  P.I. Order at 83 (emphasis in original).  Specifically, this Court reviewed the deposition testimony of Apple's expert, who found that Siri's value comes from its comprehensiveness, which is the direct result of the '604 Patent's features.  *Id.*   Moreover, the Court cited consumer studies and third-party reviews that highlighted the importance of Siri's search capabilities.  *Id.* at 83-84.  At the same time, the Court considered evidence, from Samsung's and Google's own documents no less, showing that search "is a core user feature on Android," and that a major component of the Quick Search Box's search functionality is to implement precisely the unified search functionality disclosed in the '604 Patent.  *Id.* at 84.  And it is this very search functionality that, according to third-party reports cited by the Court, "helps Android phones win new customers, even ones with iPhones."  *Id.* (citations and internal quotations omitted).  After careful consideration of the evidence, this Court correctly concluded that Apple "has adequately established the requisite causal nexus between Samsung's alleged infringement of the '604 Patent and Apple's risk of suffering irreparable harm."  *Id.* at 85.

**B. Samsung Has Failed to Show That the Federal Circuit Is Likely to Overturn This Court's Finding of a Likelihood of Success for the '604 Patent**

After a detailed and thorough analysis, this Court found that the asserted claims of Apple's '604 patent (in addition to Apple's three other patents) were likely to be found both valid and infringed.  P.I. Order at 30.  The Court got it exactly right.  As the Court recognized, Samsung's non-infringement contentions with respect to the '604 Patent relied heavily on its misapplication of well-established patent law principles.  Similarly, with regard to validity, the Court correctly found that Samsung's asserted references failed to disclose or make obvious key limitations of the asserted claims.  Now, Samsung conjures up new arguments that it could have, but failed to, raise in its opposition papers or relegated to its expert declarations.  Far from having committed an error of law

as Samsung now contends, this Court carefully considered each of Samsung's arguments and dismissed them all.  There is no reason for which the Federal Circuit would be likely to overturn this Court's ruling on appeal, and Samsung cannot establish otherwise.

### 1. The "People" and "Browser" Modules are "Modules"

For the first time, Samsung now argues that the People and Browser modules in the Samsung Galaxy Nexus's are not "modules" according to claim 6 because they are not "part of" the Quick Search Box.  This contention is entirely without merit, as explained below, and Samsung could have, but did not, raise this issue in its opposition papers.

In any event, Samsung's argument is plainly wrong.  In rejecting Samsung's invalidity arguments, the Court correctly found that WAIS fails to anticipate claim 6 because there are "no modules on the client side for sending queries that are tailored to each server."  P.I. Order at 27.  In opposing the preliminary injunction, Samsung had argued that servers remotely located from the device in which the search was entered constituted the modules.  *Id.*  That argument was inconsistent with the '604 patent, and was correctly rejected by the Court.

In contrast, the Browser and People modules are not remote servers (as in WAIS); they are smaller programs that are part of the Google Quick Search Box in the Android Operating System.  Polish Reply Decl., ¶39; *Id.*, Exh. 1.  Unlike WAIS, both Browser and People modules are indisputably running locally on the Samsung Galaxy Nexus smartphone.  Polish Reply Decl., ¶47-53 and Exhibit 7.  As a result, the Court's finding that WAIS did not include or disclose "modules" is entirely irrelevant to the Court's finding that the Galaxy Nexus inclusion of the People and Browser modules satisfies claim 6.  Samsung's contention – for which it provides no support or even a citation – that the Quick Search Box "works exactly the same way as WAIS," is false, and provides no basis for Samsung's motion.

### 2. The Nexus Satisfies Claim 6

In yet another new argument raised for the first time in its stay papers, Samsung argues that the preamble term "locating information in a network" is limiting and mischaracterizes what that phrase would require even if it is limiting.  First, from the start, Apple has not contended that the preamble is limiting.  Polish Decl., Exh. 3 (footnote 1).  Yet, Samsung never once relied on the

preamble as a basis for non-infringement. Second, even if the Court were to consider the preamble a limitation at this juncture, the Nexus satisfies it. Specifically, claim 6 only requires that the apparatus locate information in a network, it does not specify that the required heuristic modules must perform a search of the network. And here, the Samsung Galaxy Nexus clearly searches on the Internet through the Google search suggestions module. P.I. Order at 22. Thus, infringement is cleared because all of the required limitations are present in the Galaxy Nexus devices. There is simply no requirement in claim six that either the Browser or People heuristic modules must be capable of searching the network.

Finally, Samsung's quotation from Dr. Polish's reply declaration is incomplete and misleading. In full, Dr. Polish explains that claim 6 requires modules that obtain search results from different areas of search. In the second sentence quoted, he identifies two of the examples of where those areas of search might be from the '604 patent specification including a remote source. The following sentence in his reply declaration, which Samsung omitted, indicates that the claims only require that two of the modules search a different area, something this Court found that the People and Browser modules do. P.I. Order at 24.

As a result, Samsung's entire argument, which could and should have been raised earlier, is simply misdirection and irrelevant.

### 3. Samsung's last-ditch reliance on Neal falls well short of establishing a likelihood of a finding of invalidity on appeal

Samsung raised only two references in its opposition brief (WAIS or Legal), and the Court carefully and correctly concluded that neither invalidates. Samsung now criticizes the Court for failing to address Neal, a reference that Samsung itself did not deem important enough to mention, even in footnote, in its opposition brief. Samsung did not rely on in its opposition brief for good reason; it is missing at least two elements, and clearly provides no basis for invalidity. Neal does not search multiple areas of search, and as Samsung's expert acknowledged Neal does not provide any disclosure at all of a plurality of heuristic modules to search those multiple areas of search. In order to avoid these glaring deficiencies, Samsung substantially mischaracterizes Neal.

*First,* Neal's multiple data sets are not separate areas of search. Polish Reply Decl., ¶85. As Dr. Polish explained, the multiple data sets described in Neal are all part of *a single catalog database*. Polish Reply Decl., ¶85. Samsung's quotation from Neal simply describes the same catalog that has been split into first and second tiers. Two subsets of the same catalog database are not different areas of search, unlike the examples in the '604 patent of different areas of search: the browser history versus a contacts database.

*Second*, Samsung incorrectly claims that Neal has more than one module for searching, even though that is not true, as its own expert admitted. Samsung Stay Mot. at 8. Neal *never mentions* the use of separate modules, let alone separate heuristic modules. Polish Reply Decl., ¶86. Nor did Dr. Polish say what Samsung says; to the contrary, Dr. Polish explained that because the reference provided no disclosure at all, the method shown in Figure 2 of Neal could be implemented in a number of ways, including one or multiple modules, but that Neal was *completely silent* on this point. Carbonell Dep. at 244:8-18. The lack of any disclosure of the use of multiple modules in Neal is fatal to Samsung's anticipation argument.[2]

### 4. The Court did not err in construing "each"

Samsung contests the construction of "each" in Claim 6, not for any new reason, but simply because it disagrees with the Court's rejection of its prior arguments. Samsung Br. at 9. Samsung's "new" argument – which points to a single line from the '604 patent specification – was squarely considered by the Court in its detailed claim construction analysis. P.I. Order at 13-14. As the Court correctly reasoned, and consistent with Federal Circuit precedent, "the 'each' requirement modifies 'plurality of heuristic modules.'" *Id.* at 12 (citing *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1382 (Fed. Cir. 2003) (construing "each of a plurality of fields" to mean "each of at least two fields," not "every field")). Retreading an old argument explicitly rejected by this Court does not establish a substantial likelihood that the Federal Circuit will reverse this Court's careful and correct claim

---

[2] Additionally, the Court correctly found that Samsung failed to provide any evidence whatsoever that one of ordinary skill in the art would have found it obvious to combine the functionalities of various secondary references with Neil, WAIS or Legall. *Id.* at 29 (citing *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007). Samsung is simply rehashing old ground when it argues to the contrary. Samsung Stay Mot. at 8 n.2

construction analysis, particularly given how well controlling Federal Circuit precedent supports the Court's analysis.

## II. SAMSUNG WILL NOT BE IRREPARABLY INJURED ABSENT A STAY

Samsung cannot meet the second factor of the stay analysis because it cannot show that it will be irreparably injured absent a stay. Samsung's injury must be more than speculative; it is not enough to show merely "some possibility of irreparable injury . . . to satisfy the second factor" of the stay analysis. *See Nken*, 556 U.S. at 434 (quotation and citation omitted). Yet, as this Court recognized, Samsung never presented evidence during briefing on the preliminary injunction that it would suffer *any* hardship if the injunction issues. *Id.* at 97. In fact, Samsung has repeatedly told this Court how insignificant it considers Galaxy Nexus sales to have been. Having failed to present any evidence during the briefing or argument on the motion for preliminary injunction, Samsung cannot credibly argue now that it will be meaningfully, let alone irreparably, injured by the entry of the preliminary injunction.

In any event, this Court has set a substantial bond in this case – nearly $100 million – to compensate Samsung for any possible harms stemming from an erroneous injunction. That bond was set at precisely the amount that Samsung sought. *See* P.I. Order at 100. Tellingly, Samsung's motion to stay completely ignores the existence of this bond. Apparently unable to make any credible argument that a bond of this amount would be insufficient to compensate it from any harm stemming from the injunction, Samsung chose to ignore it.

Samsung's additional argument that it will be harmed by virtue of disruptions in its business relationships with vendors and retail customers is similarly unavailing. Samsung Br. at 9. If Samsung's business relationships suffer because it cannot sell its infringing product in the short-term, that is a problem of Samsung's own making. Because Samsung has no right to continue its infringing practices, it "cannot claim injury from being forced to desist." *See FTC v. INC21.com Corp.*, No. C 10-00022 WHA, 2010 WL 1486356, at *1 (N.D. Cal. Apr. 13, 2010). Moreover, Samsung's arguments regarding upcoming uses of the Galaxy Nexus (Samsung Br. at 9) is not only insufficient to show irreparable harm but also contrary to the position it has taken repeatedly in these proceedings that the Galaxy Nexus is a premium-priced device that has not been successful in the marketplace.

## III. A STAY WILL IRREPARABLY INJURE APPLE

Samsung also cannot meet the third prong of the stay analysis because there can be no doubt that Apple will be substantially harmed in the event of a stay. Indeed, this Court has already explained in great detail how Apple will suffer not simply "substantial" harm absent a preliminary injunction, but "harm that is substantial, immediate, *and irreparable*". *See* P.I. Order at 73 (emphasis added).

Specifically, this Court relied on "ample evidence," including Samsung's own documents, to correctly find that the smartphone market is at a critical juncture *right now*. *See id.* at 71. In the coming months – the *exact period in which Samsung seeks to postpone Apple's preliminary relief during appeal* – smartphone sales, particularly to new users, will have a substantial impact on Apple's long-term market share. *See id.* at 72. Once customers purchase a Galaxy Nexus, they are likely to become locked into the Samsung and Android ecosystems, and Apple is unlikely to get those customers back. As the Court further concluded, the impact of these initial purchases will then ripple throughout Apple's other business areas, resulting in the loss of "substantial downstream sales of future smartphone purchases and tag-along products." *Id.* at 78. Apple's irreparable harm is clear, and well-supported by overwhelming evidence, as this Court has found.

## IV. A STAY WOULD BE CONTRARY TO THE PUBLIC INTEREST

Samsung cannot meet the fourth requirement for obtaining a stay because, simply put, there is no public interest that supports Samsung's repeated, serial infringement of Apple's patents. Samsung has likely infringed all four Apple patents at issue in this case, and all four of those patents are likely valid. In addition, Samsung released the infringing Galaxy Nexus device just two weeks after this Court "determined that [Samsung's] prior devices likely infringed several other Apple patents" in the related case. *Id.* at 99. The public has no interest in promoting Samsung's recidivist infringement. Indeed, as the Court concluded, "[a]lthough Samsung has a right to compete, it does not have a right to compete with infringing products." *Id.* at 99.

## CONCLUSION

For the foregoing reasons, Samsung's motion for a stay should be denied.

GIBSON, DUNN & CRUTCHER LLP

Dated:  July 1, 2012                         By:   /s/ H. Mark Lyon
                                                   H. Mark Lyon

*Attorneys for Plaintiff Apple Inc.*