UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff, | ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | (re: dkt. #6, 114, 153, 161, 169, 175, 195, 204, 219) |
| Defendants. | |

On March 6, 2012, the Court granted Apple's administrative motion to file under seal portions of Apple's Motion for a Preliminary Injunction and portions of accompanying declarations and attached exhibits containing confidential, proprietary market research and analysis. *See* ECF Nos. 6 (Apple's motion), 42 (Sealing Order). Since then, both parties have sought to file copious amounts of documents related to Apple's Motion for a Preliminary Injunction and Samsung's subsequent Motion to Stay Pending Appeal. *See* ECF Nos. 114, 153, 161, 169 (Samsung's administrative motions to file under seal portions of its Opposition to Apple's Motion for Preliminary Injunction and portions of accompanying declarations and attached exhibits); ECF No. 175 (Apple's administrative motion to file under seal portions of its Reply in Support of Its Motion

1

Case No.: 12-CV-00630-LHK
ORDER DENYING MOTIONS TO FILE UNDER SEAL

for Preliminary Injunction and portions of accompanying declarations and attached exhibits); ECF No. 204 (Samsung's administrative motion to file under seal portions of its Brief on Bond and accompanying declaration); ECF No. 219 (Samsung's administrative motion to file under seal portions of its Motion to Stay and Suspend the June 29, 2012 Preliminary Injunction Pending Appeal or, Alternatively, Pending Decision by Federal Circuit on Stay Pending Appeal, and accompanying declaration).[1] Each and every one of these motions is briefed under the "good cause" standard that governs the sealing of documents attached to a non-dispositive motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,'"[2] courts generally apply "a 'strong presumption in favor of access.'" *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Where a party seeks to file under seal documents attached only to a non-dispositive motion, however, a showing of "good cause" often outweighs the public's interest in access, because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179 (internal quotation marks and citations omitted).

By contrast, where a party seeks to file under seal documents attached to a dispositive motion, the strong presumption of public access can be overcome only by an "'articulat[ion of] compelling reasons supported by specific factual findings," and the Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial

---

[1] Samsung also filed an administrative motion to file under seal the Declaration of Scott L. Watson in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction ("Watson Decl."). *See* ECF No. 195. The Court sustained Apple's objection to Samsung's untimely attempt to supplement the record without leave of the Court. *See* ECF No. 221 at 6. Accordingly, Samsung's administrative motion to file the Watson Declaration under seal is DENIED as moot.

[2] The Ninth Circuit has identified two categories of documents that are "traditionally kept secret": (1) grand jury transcripts; and (2) warrant materials in the midst of a pre-indictment investigation. *Kamakana*, 447 F.3d at 1178. The documents that the parties here seek to file under seal do not fall under either of these two categories.

2

Case No.: 12-CV-00630-LHK
ORDER DENYING MOTIONS TO FILE UNDER SEAL

records secret." *Id.* at 1178-79 (quoting *Foltz*, 331 F.3d at 1135). "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* at 1180. The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Id.* at 1180 (internal citation omitted).

In light of the late stage of the proceedings in the related case involving the same parties, *Apple v. Samsung*, Case No. 11-CV-01846-LHK ("the 1846 case"), much of the information previously sealed or that the parties have sought to file under seal is no longer entitled to protection from public view under either the "good cause" or "compelling reasons" standard. The 1846 case is set for trial beginning on July 30, 2012. The Court has made clear to the parties in the 1846 case that all evidence introduced at trial will be open to the public, with the narrow exception of "exceptionally sensitive information that truly deserves protection." *Apple v. Samsung*, No. 11-CV-01846-LHK, at ECF No. 1256 at 3 (quoting *Oracle Am. v. Google, Inc.*, No. 10-CV-03561-WHA, at ECF No. 540). Furthermore, the Court has already ruled on cross-motions for summary judgment in the 1846 case and has denied the parties' various administrative motions to file under seal documents associated with those cross-motions under the "compelling reasons" standard. *See id.* Thus, much of the evidence that the parties have previously sought to file under seal at earlier stages of litigation in the 1846 case will now be a matter of public record. The parties themselves have acknowledged that much of the evidence in the 1846 case and this action is overlapping. *See* ECF No. 80 at 2-3 (Stipulation and Proposed Order Re Discovery). Indeed, in a joint stipulation regarding discovery in this action, the parties stipulated that "any document produced or deposition

of a party's witness taken by one of the parties in the 1846 case . . . shall be deemed produced in the 630 case without new Bates-numbering; any deposition so produced shall be useable in the 630 case as if the deposition were originally noticed and taken in the 630 case;" . . . and "the parties will work in good faith with third parties that have produced documents in the 1846 case . . . to address use of those documents in the 630 case on an as requested basis." *Id.* Once documents and deposition testimony become part of the public record in the 1846 case, there is no good cause – let alone compelling reasons – for sealing the same information from public view in this related action, which involves the same parties, similar products, similar legal theories, and is of similarly significant interest to the public. Accordingly, any request to seal information that has already been disclosed in the 1846 case will be denied outright.

Furthermore, the related 1846 action has reached a stage of the proceedings where "the presumption of openness will apply to all documents[,] and only documents of exceptionally sensitive information that truly deserve protection will be allowed to be redacted or kept from the public." *Apple v. Samsung*, No. 11-CV-01846-LHK, at ECF No. 1256 at 3. Although the instant action has not yet progressed to the same stage of litigation as the 1846 case, as previously noted, the related nature of the two actions, the overlapping discovery in both cases, and the exceptional degree of public interest in these two matters counsel in favor of coordinating sealing practices across both cases. Moreover, although Apple's motion for preliminary injunction and Samsung's motion to stay are non-dispositive, they cannot fairly be characterized as "unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179. To the contrary, these motions implicate the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung. As evidenced by the plethora of media and general public scrutiny of the preliminary injunction proceedings, the public has a significant interest in these court filings, and therefore the strong presumption of public access applies.

In granting Apple's first request to file documents under seal, the Court applied the "good cause" standard that governs the sealing of documents attached to a non-dispositive motion. *See* ECF No. 42 at 1-2. For all the reasons discussed herein, the Court now determines that the exceptionally strong public interest in the preliminary injunction proceedings in this case merits

4

Case No.: 12-CV-00630-LHK
ORDER DENYING MOTIONS TO FILE UNDER SEAL

imposition of the heightened "compelling reasons" standard that governs the sealing of documents attached to dispositive motions or submitted in trial. *See Kamakana*, 447 F.3d at 1178-79.

While much of the information that the parties sought to file under seal in connection with Apple's motion for preliminary injunction and Samsung's motion to stay may be sealable under the more pliant "good cause" standard, hardly any of it, save for the exception of some limited third-party source code, satisfies the more stringent "compelling reasons" standard. Moreover, much of the information may become public in the 1846 trial. Accordingly, the Court reverses its prior order (ECF No. 42) granting Apple's motion to seal (ECF No. 6) and now DENIES without prejudice Apple's motion for failure to satisfy the "compelling reasons" standard. *See* Fed. R. Civ. P. 54(b). For the same reason, the parties' remaining pending motions to seal documents related to Apple's motion for preliminary injunction and Samsung's motion to stay are DENIED without prejudice. *See* ECF Nos. 114, 153, 161, 169, 175, 204, 219. The parties may file renewed motions to seal within one week of the date of this Order. Before doing so, the parties shall meet and confer regarding any documents they seek to file under seal based on a designation of confidentiality by another party pursuant to Civil Local Rule 79-5(d) and shall endeavor to resolve sealing disputes so as to minimize the number of sealing requests raised with the Court.

**IT IS SO ORDERED.**

Dated: July 18, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5
Case No.: 12-CV-00630-LHK
ORDER DENYING MOTIONS TO FILE UNDER SEAL