Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NON-PARTY GOOGLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br>**(Civil L.R. 7-11, 79-5)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Counterclaim-Plaintiff,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　Counterclaim-Defendant. | |

1    Non-party Google Inc. ("Google") respectfully submits this motion under Civil L.R. 7-11
2  and 79-5, and the Court's order of July 18, 2012 (the "Order") (Docket No. 238), for an order to
3  seal Exhibit 1 to the Declaration of Scott Leslie ("Leslie Exhibit 1") (Docket No. 175, Attachment
4  6).  Although other documents lodged with the Court contain Google's confidential business
5  information, Google understands the Court wishes to seal only the most critical documents, and
6  has limited this motion accordingly.  Compelling reasons justify granting Google's motion to seal.
7  Leslie Exhibit 1 is a ten-page document containing a wide-ranging internal discussion that
8  discloses Google's highly confidential and proprietary business information, including proprietary
9  functionality, internal business strategy and planning, and discussions regarding potential future
10 products.  Apple cited a single line from Leslie Exhibit 1 in one of its briefs, but did not make any
11 argument regarding the rest of Leslie Exhibit 1.  Google does not oppose unsealing the quote in
12 Apple's brief, but does seek to seal Leslie Exhibit 1 to protect the much longer and highly
13 confidential discussion it contains.

**FACTUAL BACKGROUND**

15    On May 14, 2012, Apple Inc. ("Apple") filed an administrative motion to file documents
16 under seal (Docket No. 175), which sought to protect information designated as confidential by
17 Google, including information disclosed in Apple's May 14, 2012 Reply Memorandum in Support
18 of its Motion for a Preliminary Injunction ("Reply Memorandum") (Docket No. 175, Attachment
19 4), and Exhibit 1 to the Declaration of Scott Leslie ("Leslie Exhibit 1") (Docket No. 175,
20 Attachment 6).  On May 21, 2012, under Civil L.R. 79-5(d), Google submitted a declaration
21 explaining the confidentiality of the documents referenced in Apple's motion.  (Docket No. 188.)
22    On July 18, 2012, this Court denied without prejudice all pending administrative motions
23 to file documents under seal, including Apple's motion, ruling that "this case merits imposition of
24 the heightened 'compelling reasons' standard that governs the sealing of documents attached to
25 dispositive motions or submitted in trial." (Order at 4-5.)  The Court invited the parties to file
26 renewed motions to seal by July 25, 2012.  (*Id.* at 5.)
27    On July 24, 2012, Google met and conferred with Samsung and Apple regarding the
28 instant motion.  Samsung indicated it will not oppose Google's motion to seal.  (Declaration of

Kristin J. Madigan in Support of Google's Administrative Motion to File Documents Under Seal ("Madigan Decl.") ¶ 3.) Apple did not respond. (*Id.*)

## ARGUMENT

Compelling reasons justify sealing all of Leslie Exhibit 1. Leslie Exhibit 1, designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order entered in this case, is a ten-page internal Google document that discusses proprietary functionality, reveals internal business strategy and planning, and discloses discussions regarding potential future products, all of which reveal information that is highly confidential and proprietary to Google. (*See* Leslie Exhibit 1, Martin Decl. ¶ 11 (Docket No. 188), and Madigan Decl. ¶ 2.) In its Reply Memorandum, Apple cited only a single line from Leslie Exhibit 1. (*Compare* Leslie Exhibit 1 at GOOG-NDCAL630-00002963 *with* Reply Memorandum at 14:15-16.) The remainder of Leslie Exhibit 1 is a wide-ranging internal discussion that discloses Google's internal plans, discussion, debates and consideration of various product plans and alternatives. Aside from the single line referenced by Apple in its Reply Memorandum, neither Apple nor Samsung asked the Court to consider any portion of Leslie Exhibit 1.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Recognizing that the "right to inspect and copy judicial records is not absolute," in *Nixon*, the Supreme Court noted that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (internal citations and quotations omitted). Although Google does not oppose unsealing the one line of Leslie Exhibit 1 referenced by Apple (*see* Docket No. 175, Attachment 4 at 14:15-16), the public has no interest in disclosure of Leslie Exhibit 1 beyond the line quoted by Apple in its Reply Memorandum. Leslie Exhibit 1 is a ten-page internal Google document that discusses proprietary functionality, reveals internal business strategy and planning, and discloses

1  discussions regarding potential future products, all of which reveal information that is highly
2  confidential and proprietary to Google.  (Madigan Decl. ¶ 2.)  Aside from the single line
3  referenced by Apple in its Reply Memorandum, no party has even asked the Court to rely on any
4  portion of Leslie Exhibit 1.  The remainder of Leslie Exhibit 1 is therefore "unrelated, or only
5  tangentially related, to the underlying cause of action," removing the public's interest in
6  disclosure.  *Kamakana*, 447 F.3d at 1179 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33
7  (1984)).  Unsealing the quote in Apple's Reply Memorandum, but maintaining Leslie Exhibit 1
8  under seal, meets the public's interest in disclosure while protecting Google from harm flowing
9  from the release of its confidential and proprietary business information.[1]

## CONCLUSION

For all of the foregoing reasons, the Court should grant Google's motion and order that the confidential, unredacted version of Leslie Exhibit 1 (Docket No. 175, Attachment 6) remain filed under seal.

DATED:  July 25, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s Matthew S. Warren
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

---

[1] The Order suggests harm may occur anyway because "much of the information may become public in the 1846 trial."  (Order at 5:6-7.)  That rationale does not apply here because Leslie Exhibit 1 is relevant only to this case, and no party has suggested otherwise.