QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, and General Order No. 62, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal certain highly sensitive and confidential information contained in documents filed by the parties.

### Request for Relief

On July 18, 2012, the Court denied several sealing motions filed by both Samsung and Apple.  (ECF No. 238.)  In doing so, the Court explained that it was adopting the "compelling reasons" standard to govern the sealing of the documents at issue in the aforementioned sealing motions rather than the more lenient "good cause" standard.  *Id.* at 4-5.  The Court granted the parties permission to file renewed motions to seal by July 25, 2012, and ordered the parties to: (a) meet and confer regarding any documents they sought to file under seal based on a designation of confidentiality by another party; and (b) "endeavor to resolve sealing disputes."  *Id.*[1]

Samsung has conducted a page-by-page, detailed review of the documents that it previously sought to seal and has identified compelling reasons to seal limited and specific portions of 22 of the 32 documents that were subject to the original sealing motions.[2]  The sealable information contained in these documents falls into two general categories:

1.  Highly sensitive and confidential market, business and competitive strategy information, including forward-looking strategic plans, analyses of market opportunities and risks, and product competitiveness analysis; and

2.  Highly sensitive and confidential financial information, including Samsung sales, revenue, cost, margin, profit and product pricing data.

Attached hereto as Attachment A is a detailed list of the documents and portions of documents Samsung seeks to seal in redacted form, including the specific pages and a description

---

[1]  *See* the Declaration of Valerie A. Lozano ("Lozano Decl.") filed concurrently herewith.
[2]  Pursuant to Local Rule 79-5(e), Samsung will re-file unredacted versions of the 10 remaining documents on the ECF system.

1    of the confidential and sensitive information contained therein.  For the reasons discussed below

2    and in the Declarations of Hankil Kang ("Kang Declaration") and Giho Ro ("Ro Declaration"),

3    filed concurrently herewith, the limited and specific information Samsung seeks to seal meets the

4    "compelling reasons" standard.

5    <u>**Argument**</u>

6         The specific information in the documents Samsung seeks to seal contains highly sensitive

7    and confidential market, business, competitive and product strategy information, as well as highly

8    sensitive and confidential sales, costs, margins, profit and product pricing information.  This

9    information is extremely valuable to Samsung, and these types of documents are confidential

10   within Samsung and subject to stringent protections internally.

11        Under Ninth Circuit law, "'compelling reasons' sufficient to outweigh the public's interest

12   in disclosure and justify sealing court records exist when such 'court files might have become a

13   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

14   scandal, circulate libelous statements, or release trade secrets."  *Kamakana v. City and County of*

15   *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

16   U.S. 589, 598 (1978)).  The sensitive, confidential information at issue here could be used

17   improperly by competitors causing Samsung substantial competitive harm; compelling reasons

18   exist to seal it.

19   I.   <u>**COMPELLING REASONS EXIST TO SEAL SAMSUNG'S SENSITIVE AND**</u>

20        <u>**CONFIDENTIAL BUSINESS, MARKET AND COMPETITIVE STRATEGY**</u>

21        <u>**INFORMATION**</u>

22        District courts in the Ninth Circuit regularly find that disclosure of a company's business

23   and market strategy information could result in improper use by competitors and cause

24   competitive harm, justifying the sealing of such information under the compelling reasons

25   standard.  *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012)

26   (finding compelling reasons to seal its "confidential business materials, including marketing

27   strategies" as public disclosure "could result in improper use by business competitors seeking to

28   replicate [defendant's] business practices and circumvent the considerable time and resources

-3-

necessary in product and marketing development"); *In re Hydroxycut Marketing & Sales Practices Litig.*, 2011 WL 864897, at *1-2 (S.D. Cal. Mar. 11, 2011) (granting motion to seal documents, or portions thereof, "which reveal business and marketing strategy, information regarding product development, sales and pricing information, financials, internal troubleshooting" because they reveal "information akin to trade secrets that could cause competitive harm if publicly divulged"); *Stone v. Advance Am., Cash Advance Ctrs., Inc.*, 2011 WL 662972, at *1-2 (S.D. Cal. Feb. 11, 2011) (finding compelling reasons to seal documents that contain "confidential information regarding Defendants' business including its banking relationships and marketing strategies"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *1 -2 (N.D. Cal. Mar. 10, 2010) (finding compelling reasons to seal exhibits which include "internal information regarding [defendant's] business strategies and opportunities that were not widely distributed even within [defendant's] organization"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011) (finding compelling reasons to seal "certain information regarding [plaintiff's] business strategy" including information regarding "product competitiveness, and market and technological opportunities and risks" because plaintiff "would be harmed if this information were revealed to the public"). Indeed, this Court has held that "discussions of business strategy and competitive analyses" provide compelling reasons for sealing. *Kreiger v .Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011).

Similarly, public disclosure of Samsung's business and market strategy information could result in improper use by competitors and cause Samsung competitive harm. Competitors with access to Samsung's current and future confidential business and competitive strategies and plans could use that information to compete against Samsung more effectively than they could with the information otherwise available to them. (*See generally* Kang Decl.) Competitors could use this information to alter their business plans to target areas in which they perceive Samsung will have an edge due to its future plans and areas of focus, which could provide an unfair competitive edge and cause Samsung substantial harm. (*Id.*) Competitors with access to Samsung's analyses of areas of risk in its business model, market strategy or product portfolio could unfairly exploit that information by, for example, specifically targeting those areas of weaknesses and proactively

1    combating the planned improvements, which could provide an unfair competitive edge and cause

2    Samsung substantial harm.  (*Id.*)  Additionally, competitors who have not invested their own time

3    and resources in conducting their own market research and analysis or developing their own

4    marketing and business strategies could gain an unfair competitive edge by using Samsung's

5    without having incurred the related costs.  (*Id.*)  Many of these documents contain confidential and

6    sensitive carrier-specific data, disclosure of which could cause serious harm to Samsung's

7    relationships with its carriers.  (*Id.* ¶¶ 3, 8, 11, 13, 15, 19.)

8        This type of information is kept confidential within Samsung.  (*See generally* Kang Decl.)

9    Confidential documents such as this one cannot leave the building in which they are located, and

10   downloading information onto portable storage devices is not allowed.  (*Id.*)  Moreover, many of

11   these documents were subject to increased protections, including limited distribution to select

12   individuals and a rigorous approval process for any such distribution.  (*Id.*)

13       Samsung's requests are narrowly tailored and limited to only the most sensitive and

14   valuable information, further supporting the sealing of this information.  *TriQuint Semiconductor,*

15   *Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011) (noting that the

16   defendant "has diligently redacted each of the exhibits it seeks to have sealed, limiting its

17   redactions to only that information it considers to be the most sensitive" and finding that "[s]ince

18   only a relatively small portion of information will be withheld from the public and [the defendant]

19   will suffer harm from the disclosure of this information, the Court finds that [the defendant] has

20   shown compelling reasons to seal this information").  Compelling reasons exist to seal this

21   information, in limited form as identified and detailed in Attachment A.

22   II.   **COMPELLING REASONS EXIST TO SEAL SAMSUNG'S CONFIDENTIAL AND**

23        **SENSITIVE FINANCIAL INFORMATION**

24       Ninth Circuit district courts have likewise recognized that a company's sensitive and

25   confidential financial information, such as revenue, costs, margins, profit and product pricing

26   information, presents a strong danger of improper use by the company's competitors and may be

27   sealed under the "compelling reasons" standard.  *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL

28   1899838, at *4 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal "business sales and

1  accounting data" as it "could be used for improper purposes for [the defendant's] business

2  competitors"); *Bean v. John Wiley & Sons, Inc.*, 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30,

3  2012) (finding compelling reasons to seal "specific, actual sales revenue numbers" as they could

4  be used by competitors "to defendant's detriment"); *Selling Source, LLC v. Red River Ventures,*

5  *LLC*, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) (finding compelling reasons to redact

6  information regarding plaintiff's "financial condition and profit strategy"); *TriQuint*

7  *Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011)

8  (finding compelling reasons to seal information regarding plaintiff's "product-specific pricing

9  [and] target prices" as disclosure would harm plaintiff's "competitive standing" and compelling

10  reasons to seal "confidential information regarding its profit margins for specific products" as

11  disclosure would allow competitors "to compete more effectively").

12        Public disclosure of the type of Samsung financial information that is contained in these

13  limited and specific sealing requests presents the same dangers recognized by these courts.  For

14  example, competitors with access to this type of confidential financial information could use it to

15  undercut Samsung's pricing causing Samsung significant competitive harm.  (Kang Decl. ¶¶ 3, 5,

16  7- 9, 12, 13, 15, 16, 18, 19; Ro Decl. ¶¶ 3, 4.)  Profit-related financial information also provides

17  competitors with confidential information regarding the profit lifecycle of Samsung's products,

18  which they could use to alter their pricing strategy and gain an unfair advantage.  (Ro Decl. ¶¶ 3,

19  4.)  This information could also be used by competitors to gain unfair leverage against Samsung in

20  business and supply agreement negotiations.  (Kang Decl. ¶¶ 5, 7-9, 11, 13, 15, 16, 18, 19; Ro

21  Decl. ¶¶ 3, 4.)  For example, suppliers could leverage this profit information to negotiate price

22  increases, increasing Samsung's costs.  (Ro Decl. ¶¶ 3, 4.)  Moreover, carrier-specific financial

23  information could be improperly used by competitors to gain unfair leverage in negotiations with

24  carriers.  (Kang Decl. ¶¶ 3, 8, 14, 15, 19.)

25        Confidential financial information such as this is kept strictly confidential within Samsung

26  and is subject to stringent protections.  In addition to the general confidentiality protections in

27  place discussed above, distribution of confidential and sensitive financial data is subject to a

28  rigorous approval process and limited to individuals on a need-to-know basis.  (Ro Decl. ¶¶ 3, 4.)

1  Samsung's requests with respect to this type of information are likewise narrowly tailored, further

2  warranting the sealing of this sensitive information.  Compelling reasons exist to seal this

3  information, in limited form as identified and detailed in Attachment A.

4  **Conclusion**

5      Because compelling reasons in favor of secrecy exist, Samsung respectfully requests the

6  Court seal the identified documents and portions of documents in Attachment A.  Pursuant to

7  General Order No. 62, Samsung's entire filing will be lodged with the Court for *in camera* review

8  and served on all parties.  Proposed redacted versions of documents are attached hereto.[3]

9

10  DATED: July 25, 2012                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

11

12

13                                      By */s/ Patrick M. Shields*
                                            Charles K. Verhoeven

14                                          Kevin P.B. Johnson
                                            Victoria F. Maroulis

15                                          Patrick M. Shields

16                                          Attorneys for Defendants

17                                          SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.

18                                          and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC

19

20

21

22

23

24

25

26      [3]   Samsung is filing one document, Vellturo Reply Decl. Ex. 4 (attached hereto as Exhibit 2),

27  entirely under seal to protect Apple's confidential business information as both parties are
    proposing redactions to this document.  *See also* Lozano Declaration.

28