QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO APPLE INC.'S AMENDED COMPLAINT; AND**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   ANSWER TO AMENDED COMPLAINT

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, the "Samsung Defendants") by and through their undersigned counsel, in response to the Amended Complaint of Apple Inc. ("Apple") deny Apple's allegations of patent infringement and answer Apple's Amended Complaint ("Complaint") as follows:

### THE NATURE OF THE ACTION

1.       The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and therefore deny them.

2.       Denied.

3.       The Samsung Defendants admit that Apple sued Samsung in April 2011 in a case entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 5:11-cv-01846-LHK ("Earlier Case").    The Samsung Defendants further admit that Samsung has released new products since the Earlier Case was filed.    The Samsung Defendants deny that they have engaged in any illegal conduct alleged in the Complaint.    Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4.       Denied.

### THE PARTIES

5.       The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore deny them.

6.       The Samsung Defendants admit that SEC's principal offices are at the location specified in paragraph 6 of the Complaint.    The Samsung Defendants admit that SEC is South Korea's largest company and one of Asia's largest electronics companies.    The Samsung Defendants admit that SEC designs, manufactures and provides to the U.S. and world markets a wide range of products, including consumer electronics, computer components, and mobile and entertainment products.

7.      The Samsung Defendants admit that SEA is a New York corporation, was formed in 1978, and is a subsidiary of SEC.   The Samsung Defendants admit that SEA's principal offices are located at 85 Challenger Road, Ridgefield Park, NJ, 07660.   The Samsung Defendants admit that SEA offers a full range of award-winning consumer electronics and IT products including, but not limited to, televisions, Blu-ray disc players, digital cameras and camcorders, certain memory storage devices, portable audio devices, printers and monitors.   The Samsung Defendants admit that STA, Samsung Electronics Canada, and Samsung Electronics Mexico S.A. de C.V. are affiliates of SEA.   The Samsung Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8.      The Samsung Defendants admit that STA was formed in 1996 and is an indirect subsidiary of SEC.   The Samsung Defendants admit that STA is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.   The Samsung Defendants admit that STA researches, develops, markets, sells and offers for sale a variety of personal and business communications products throughout North America, including handheld wireless phones, wireless communications infrastructure systems, fiber optics and enterprise communication systems.

## JURISDICTION

9.      The Samsung Defendants admit that the Complaint purports to allege claims over which this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.      The Samsung Defendants will not challenge personal jurisdiction over them by this Court for purposes of this action. Except as expressly admitted, the Samsung Defendants deny the remaining allegations of paragraph 10 of the Complaint.

## VENUE AND INTRADISTRICT ASSIGNMENT

11.      The Samsung Defendants will not contest the propriety of venue or intradistrict assignment.   The Samsung Defendants admit that pursuant to Civil L.R. 3-2(c), Intellectual Property Actions are assigned on a district-wide basis and admits, on information and belief, that

Apple's principal place of business is within this District.    The Samsung Defendants admit that

SEC has filed counterclaims against Apple in this District.    Except as expressly admitted, the

Samsung Defendants deny the remaining allegations of paragraph 11 of the Complaint.

### BACKGROUND

### *Apple's Alleged Intellectual Property Rights*

### Apple's Alleged Utility Patents

12.    The Samsung Defendants admit that Apple purports to have attached as Exhibits 1-

8 to its Complaint U.S. Patent Nos. 5,946,647 (the "'647 Patent"), 6,847,959 (the "'959 Patent"),

8,046,721 (the "'721 Patent"), 8,074,172 (the "'172 Patent"), 8,014,760 (the "'760 Patent"),

5,666,502 (the "'502 Patent"), 7,761,414 (the "'414 Patent"), and 8,086,604 (the "'604 Patent").

The Samsung Defendants deny knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in paragraph 12 of the Complaint and therefore deny them.

### *Samsung's Accused Products*

13.    Denied.

14.    The Samsung Defendants admit to having released products in 2010 and early

2011.    The Samsung Defendants deny the remaining allegations in paragraph 14 of the

Complaint.

15.    Denied.

16.    The Samsung Defendants deny that any of the products listed in paragraph 16 of

the Complaint infringe any of the alleged patent rights Apple purports to assert in the Complaint.

The Samsung Defendants admit that the following devices are Samsung products:    Galaxy S III,

Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy

S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide,

Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, Dart, Galaxy Player 4.0,

Galaxy Player 5.0, Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9.    SEA denies that

it has sold in the United States any of the mobile phones listed in paragraph 16 of the Complaint.

Except as expressly admitted, the Samsung Defendants deny the remaining allegations in

paragraph 16 of the Complaint.

**Apple's Infringement Allegations**

17.     The Samsung Defendants deny that they have infringed any of the Apple utility patents identified in the Complaint.    The Samsung Defendants aver that they do not infringe any of the Apple utility patents identified in the Complaint, and therefore deny the implication that they needed to obtain permission from Apple.    Except as expressly admitted, the Samsung Defendants deny the remaining allegations in paragraph 17 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '647 Patent)**

18.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 17 above as if fully set forth herein.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '959 Patent)**

24.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 23 above as if fully set forth herein.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

**THIRD CLAIM FOR RELIEF**

**(Infringement of the '721 Patent)**

30.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 29 above as if fully set forth herein.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

## FOURTH CLAIM FOR RELIEF

### (Infringement of the '172 Patent)

36.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 35 above as if fully set forth herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '760 Patent)

42.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 41 above as if fully set forth herein.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '502 Patent)

48.    The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 47 above as if fully set forth herein.

49.    Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of the '414 Patent)

54.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 53 above as if fully set forth herein.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

## EIGHTH CLAIM FOR RELIEF

### (Infringement of the '604 Patent)

60.     The Samsung Defendants repeat and incorporate the admissions and denials of paragraphs 1 through 59 above as if fully set forth herein.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.


The Samsung Defendants deny that Apple is entitled to the judgment sought, set forth in paragraphs 1–9 on pages 11–12 of its Complaint.

## II.   AFFIRMATIVE DEFENSES

66.   By alleging the Affirmative Defenses set forth below, the Samsung Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.   For their Affirmative Defenses to the Complaint, the Samsung Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

67.   Apple's Complaint, on one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

68.   The Samsung Defendants have not infringed, and currently do not infringe, the '647 Patent, '959 Patent, '721 Patent, '172 Patent, '760 Patent, '502 Patent, '414 Patent, or '604 Patent (collectively, the "Apple Patents In Suit") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

### THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

69.   The claims of the Apple Patents In Suit are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

70.   Each of the purported claims set forth in Apple's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

71.   The Apple Patents In Suit are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

72.     The claims made in the Complaint are barred, in whole or in part, because of Apple's failure to mitigate damages, if such damages exist.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

73.     The relief sought by Apple as to the claims of one or more of the Apple Patents In Suit is barred under the doctrine of prosecution history estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

74.     One or more of the Apple Patents In Suit are unenforceable, in whole or in part, against the Samsung Defendants under the doctrine of prosecution laches.

## NINTH AFFIRMATIVE DEFENSE

### (Acts of Plaintiff)

75.     On information and belief, the damages, if any, that were allegedly sustained by Apple as a result of the acts complained of in the Complaint were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Apple, its agents, predecessors, and/or related entities.

## TENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

76.     As a result of Apple's actions, Apple is not entitled to equitable relief, including but not limited to Apple's request for injunctive relief as it has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

77.     Apple's claims for enhanced damages and an award of fees and costs against the Samsung Defendants have no basis in fact or law and should be denied.

## TWELFTH AFFIRMATIVE DEFENSE

### (Actions of Others)

78.     The claims made in the Complaint are barred, in whole or in part, because the Samsung Defendants are not liable for the acts of others over whom it has no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

79.     Apple's claims against the Samsung Defendants are barred because Apple's damages, if any, were not caused by the Samsung Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

80.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against the Samsung Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

81.     Apple's claims for injunctive relief are barred because Apple cannot show that it will suffer any irreparable harm from the Samsung Defendants' actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

82.     The alleged injury or damage suffered by Apple, if any, would be adequately compensated by damages.    Accordingly, Apple has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

83.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against the Samsung Defendants or others for any alleged single wrong.

**ADDITIONAL DEFENSES**

84.     The Samsung Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

### III.   AMENDED COUNTERCLAIMS

1.     SEC and STA (collectively, the "Samsung Patent Counterclaimants"), by and through their undersigned counsel, seek declarations and judgments that Apple infringes U.S. Patent No. 7,756,087 (the "'087 patent"), U.S. Patent No. 7,551,596 (the "'596 patent"), U.S. Patent No. 7,672,470 (the "'470 patent"), U.S. Patent No. 7,577,757 (the "'757 patent"), U.S. Patent No. 7,232,058 (the "'058 patent"), U.S. Patent No. 6,292,179 (the "'179 patent"), U.S. Patent No. 6,226,449 (the "'449 patent"), and U.S. Patent No. 5,579,239 (the "'239 patent").

2.     SEC, SEA and STA (collectively, the "Samsung Counterclaimants"), by and through their undersigned counsel, also seek declarations that each of the Apple Patents In Suit is invalid and has not been and is not infringed by them.

### NATURE OF THE ACTION

3.     This is an action for patent infringement.    Apple has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Samsung's patents-in-suit.

4.     This is also an action for a declaratory judgment of invalidity and non-infringement of patents Apple purports to own.

### THE PARTIES

5.     Counterclaimant SEC is a corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

6.     Counterclaimant SEA is a New York corporation, with its principal place of business at 85 Challenger Road, Ridgefield Park, NJ, 07660.

7.      Counterclaimant STA is a limited liability company organized under the laws of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

8.      Upon information and belief, Apple is a corporation organized under the laws of the state of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple imports into the United States, offers for sale, sells and/or uses in the United States mobile electronic devices.

## JURISDICTIONAL STATEMENT

9.      The Samsung Patent Counterclaimants' patent infringement counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*    The Samsung Counterclaimants' counterclaims for declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

10.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

11.     This Court has personal jurisdiction over Apple for at least the following reasons: (i) Apple maintains its principal place of business in this District; (ii) Apple has designated an agent for service of process in the state of California; (iii) Apple regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this state; and (iv) Apple has initiated litigation in this judicial District in connection with this dispute.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

13.     An immediate, real, and justiciable controversy exists between the Samsung Counterclaimants and Apple as to whether the Apple Patents In Suit are invalid and have not been infringed.

## FACTUAL BACKGROUND

14.     From its inception as a small business in Taegu, Korea, SEC and its subsidiary, Samsung Telecommunications America, LLC (collectively, "Samsung"), has grown to become one of the world's leading electronics companies, specializing in digital products and media,

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1  semiconductors, memory, and system integration.   Today Samsung's innovative and top quality

2  consumer products are widely recognized and appreciated across the globe.

3        15.    Samsung has a long history of groundbreaking innovation across a wide range of

4  technologies.   Samsung's commitment to innovation is demonstrated in part by the billions of

5  dollars in research and development expenditures incurred over the years.   From 2005 through

6  2011 alone, Samsung invested more than $43.6 billion in research and development.   More than

7  a quarter of all Samsung employees—over 55,300 engineers overall, including about 15,600 in

8  telecommunications—daily engage in cutting-edge research and development projects.

9        16.    Samsung's commitment to innovation and investment in research and development

10 is demonstrated by the fact that, as of April 18, 2012, Samsung has in its portfolio 30,665 United

11 States patents, including 6,238 in the telecommunications field.   Samsung is consistently ranked

12 ahead of other technology companies in terms of the number of issued patents obtained in the

13 United States.

14       17.    Samsung's research and development successes have propelled the company to its

15 status as the largest provider by volume of mobile devices in the world in 2011.   Samsung also

16 sells more Android-based devices worldwide than any other company.   In January 2012, a study

17 by research firm iGR found that Samsung is the most preferred seller of Android-based devices

18 among consumers.

19       18.    Samsung has been a pioneer in the mobile device business sector since the

20 inception of the mobile device industry.   In 1999, Samsung introduced its first multi-function

21 "smart phone" that provided both internet access (for sending e-mails and for electronic chatting)

22 and personal digital assistant ("PDA") features.   In 2000, Samsung introduced the Samsung

23 Uproar SPH-M100, the first cell phone with MP3-playback functionality.   In 2001 Samsung

24 introduced into the United States the first PDA phone with a 256-color screen, selected as one of

25 the Best Products of 2001 by BusinessWeek magazine.

26       19.    Also in 2001, Samsung broke the 1 cm technological barrier and stunned the

27 industry with an ultra-slim, lightweight flip phone that was only 9.8 mm thick.   This innovation

28 sparked the ultra-portable mobile phone revolution spurring dozens of competitors to slim down

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1   the design form factors and develop their own portable mobile phone technology design.   In

2   2002, Samsung unleashed the world's first high-definition color LCD display suitable for mobile

3   devices.   Now users could browse the web and view images directly from their mobile devices in

4   true color.   In 2004, after selling over 20 million mobile handsets in the United States, Samsung

5   announced the first mobile phone that supported digital multimedia broadcast via satellite.   Users

6   could now watch streaming high-quality multimedia content wherever they traveled.

7       20.     Samsung announced the world's first five and seven megapixel camera phones in

8   late 2004 and early 2005, respectively.   Now, mid- to high-range digital camera functionality

9   could be integrated with mobile handsets, allowing users to snap life-like photos on-the-go.   In

10  2008, Samsung became the leading mobile handset vendor in the United States.

11      21.     Samsung has also continuously innovated in the area of mobile phone displays.   In

12  2008 and 2009, Samsung released the industry's first high resolution AMOLED display for a

13  mobile phone.   The new display featured a 180-degree viewing angle and reduced power

14  consumption when compared to traditional LCD displays.   Samsung's clearer and brighter Super

15  AMOLED displays continued to improve mobile phone displays with 30% better color

16  reproduction over the best quality LCD displays.

17      22.     Samsung's innovative features, including the integrated high resolution cameras

18  and displays, were the result of the exceptional creativity and ingenuity of thousands of Samsung

19  engineers across the globe engaged in cutting-edge research and development projects.

20      23.     Samsung's innovative contributions to the mobile device industry have been

21  recognized through numerous awards for excellence in mobile device design.   For example,

22  Samsung has received numerous "Red Dot Design Awards" in one of the largest international

23  design competitions.   Similarly, a number of Samsung mobile devices have been awarded the "iF

24  Design Award" from the iF Industrie Forum Design e.V., based in Germany, for features such as

25  the user interface.   The iF Designs Awards are among the most important in the world, as

26  evidenced by more than 11,000 annual entries from almost 50 countries.   Samsung has also

27  received a number of "Good Design Awards" from the Japan Industrial Design Promotion

28

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1   Organization (JIDPO).   Overall, Samsung's mobile phones and devices have won close to 60

2   awards between 2007 and the beginning of 2011.

3        24.      Samsung has consistently introduced market-relevant and innovative products,

4   including over 1,600 mobile phone models incorporating Samsung patented technology into the

5   U.S. marketplace since 1997.   Over 332 million Samsung mobile devices have been sold since

6   1997.

7        25.      Without the ability to enforce its intellectual property rights, such as those relating

8   to mobile device technology at issue in this action, Samsung would not be able to sustain the

9   extensive commitment to research and development that has enabled it to lead the way into

10  numerous improvements across a broad range of technologies, including the mobile device

11  technologies at issue in this action.

12                    **SAMSUNG'S INTELLECTUAL PROPERTY RIGHTS**

13       26.      Samsung's patents relate to fundamental innovations that increase mobile device

14  reliability, efficiency, and quality, and improve user interface in mobile handsets and other

15  products.   These innovations are critical to the user's ability to communicate with family, friends,

16  and business associates reliably and effectively.

17       27.      In communications systems, standards that prescribe the formats for sending

18  information are essential to ensure that mobile devices made by different manufacturers are

19  capable of interacting within a network.   Because interoperability is key for communications, the

20  development of protocols that ultimately result in a technical standard is very important to

21  ensuring an efficient and functional system.   As modern wireless networks carry more data at

22  higher data rates and service more users than their predecessors, continued innovation is essential

23  to keep pace with the increased demands on cellular networks.   Samsung has been a leader in

24  developing the ideas and protocols needed to increase the efficiency, reliability, and functionality

25  of standards-based networks and the features available in these networks.

26       28.      In the United States, one of the key standards governing cellular communications,

27  known as Wideband Code-Division Multiple-Access (W-CDMA), is published by 3GPP (Third

28  Generation Partnership Project).   W-CDMA is one of the main technologies for the

1   implementation of third-generation (3G) and more advanced cellular networks such as those of

2   AT&T and T-Mobile.   W-CDMA is the most common form of air interface standard within the

3   Universal Mobile Telecommunications System (UMTS) telecommunications technologies

4   standard.   Samsung has made key inventions that are part of these standards.

5        29.     The Samsung W-CDMA and UMTS patents at issue in this action relate to

6   reliability, capacity, efficiency, compatibility, and functioning of mobile devices in W-CDMA and

7   UMTS networks.

8        30.     Samsung's technology increases the reliability of high speed communication and

9   enables mobile devices to handle higher data and voice transmissions and receptions.

10       31.     Samsung's technology increases the throughput and capacity of mobile device

11  networks.   The rapid increase in usage of the mobile device networks has led to unprecedented

12  demand for increased capacity and throughput, particularly as data-demanding applications such

13  as video have become widespread.   Samsung's technology enables a given network to pack in

14  more users' data without increasing the size of the frequency band used, and can therefore

15  accommodate a larger number of users.

16       32.     Samsung's patents also involve popular features used by many users today.   For

17  example, Samsung's patents involve the ability to control audio, synchronizing data across more

18  than one device, novel ways to display data, a touchscreen keyboard, and recording and

19  transmitting images, video, and speech.

20       33.     Samsung has sold millions of mobile phones in the United States incorporating the

21  patented technology at issue here.   For example, in 2010, Samsung sold over 24 million mobile

22  phones incorporating Samsung's innovations.

23       34.     The Samsung Galaxy S 4G, which incorporates certain patented technologies at

24  issue, has been heralded by CNET as a "fantastic Android smartphone" that delivers "fast data

25  speeds," and PC Magazine named the Samsung Galaxy S 4G one of the best T-Mobile phones.

26  Samsung's Captivate and Vibrant mobile phone models, which also incorporate the patented

27  technologies at issue here, were both named to PC Magazine's Top 10 Smartphones list, with the

28

-15-                    Case No. 12-CV-00630-LHK

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1   Samsung Captivate being described as a "super-phone," and the Samsung Vibrant being described

2   as T-Mobile's "top smartphone."

3        35.    Apple has copied many of Samsung's innovations in its Apple iPhone, iPod, and

4   iPad products.    Apple continues to violate Samsung's patent rights by using these patented

5   technologies without a license.

6        36.    SEC is the owner of all rights, title, and interest in the '087 patent, titled "Method

7   and Apparatus for Performing Non-Scheduled Transmission in a Mobile Communication System

8   for Supporting an Enhanced Uplink Data Channel," which was duly and properly issued by the

9   United States Patent and Trademark Office ("USPTO") on July 13, 2010.    A copy of the '087

10  patent is attached as Ex. 1.

11       37.    SEC is the owner of all rights, title, and interest in the '596 patent, titled "Method

12  and Apparatus for Signaling Control Information of Uplink Packet Data Service in Mobile

13  Communication System," which was duly and properly issued by the USPTO on June 23, 2009.

14  A copy of the '596 patent is attached as Ex. 2.

15       38.    SEC is the owner of all rights, title, and interest in the '470 patent, titled

16  "Audio/Video Device Having a Volume Control Function for an External Audio Reproduction

17  Unit by Using Volume Control Buttons of a Remote Controller and Volume Control Method

18  Therefor," which was duly and properly issued by the USPTO on March 2, 2010.    A copy of the

19  '470 patent is attached as Ex. 3.

20       39.    SEC is the owner of all rights, title, and interest in the '757 patent, titled

21  "Multimedia Synchronization Method and Device," which was duly and properly issued by the

22  USPTO on August 18, 2009.    A copy of the '757 patent is attached as Ex. 4.

23       40.    SEC is the owner of all rights, title, and interest in the '058 patent, titled "Data

24  Displaying Apparatus and Method," which was duly and properly issued by the USPTO on June

25  19, 2007.    A copy of the '058 patent is attached as Ex. 5.

26       41.    SEC is the owner of all rights, title, and interest in the '179 patent, titled "Software

27  Keyboard System Using Trace of Stylus on a Touch Screen and Method for Recognizing Key

28

1   Code Using the Same," which was duly and properly issued by the USPTO on September 18,

2   2001.    A copy of the '179 patent is attached as Ex. 6.

3          42.    SEC is the owner of all rights, title, and interest in the '449 patent, titled

4   "Apparatus for Recording and Reproducing Digital Image and Speech," which was duly and

5   properly issued by the USPTO on May 1, 2001.    A copy of the '449 patent is attached as Ex. 7.

6          43.    SEC is the owner of all rights, title, and interest in the '239 patent, titled "Remote

7   Video Transmission System," which was duly and properly issued by the USPTO on November

8   26, 1996.    A copy of the '239 patent is attached as Ex. 8.

9                    **APPLE'S ALLEGED CLAIMS AGAINST SAMSUNG**

10         44.    Apple claims to own the Apple Patents In Suit, which purport to cover technologies

11  relating to mobile electronic devices and tablet computers.

12         45.    Apple has accused the Samsung Counterclaimants of infringing the Apple Patents

13  In Suit through the Samsung Counterclaimants' alleged using, selling and/or offering to sell, in the

14  United States and/or importing into the United States one or more of the products known as the

15  Galaxy S III, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G

16  Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion,

17  Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, Dart, Galaxy

18  Player 4.0, Galaxy Player 5.0, Galaxy Note 10.1,Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9

19  (collectively, the "Accused Products").

20                          **FIRST CLAIM FOR RELIEF**

21                         **(Declaration of Non-Infringement)**

22         46.    The Samsung Counterclaimants restate and incorporate by reference each of the

23  allegations of paragraphs 1 through 45 of these Counterclaims as though fully set forth herein.

24         47.    Apple claims to be the owner and assignee of all rights, title and interest in and

25  under the Apple Patents In Suit.

26         48.    Apple has accused the Samsung Counterclaimants of infringing the Patents In Suit

27  and has created a substantial, immediate, and real controversy between the parties as to the non-

28  infringement of each of the Patents In Suit.

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

49.     The Samsung Counterclaimants do not infringe and have not infringed the Patents In Suit through their using, selling, and/or offering to sell, in the United States and/or importing into the United States, one or more of the Accused Products.

**SECOND CLAIM FOR RELIEF**

**(Declaration of Invalidity)**

50.     The Samsung Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 49 of these Counterclaims as though fully set forth herein.

51.     Apple contends that the Apple Patents In Suit are valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of these patents.

52.     Each and every claim of each of the Apple Patents In Suit are invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112.

**THIRD CLAIM FOR RELIEF**

**(Infringement of the '087 Patent)**

53.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-52 of these Counterclaims as though fully set forth herein.

54.     Upon information and belief, Apple is infringing and has infringed the '087 patent through the manufacture, use, importation, offer for sale, or sale of at least the iPhone 4, iPhone 4S, iPad 2, and New iPad (collectively, "'087 Accused Products").

55.     Upon information and belief, Apple will continue to infringe the '087 patent unless and until they are enjoined by this Court.

56.     Apple had actual notice of its infringement of the '087 patent, including a detailed explanation of how the '087 Accused Products directly infringe the claims of the '087 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '087 patent by using the '087 Accused Products, no later than September 2010, and when Samsung declared the '087 patent to ETSI no later than May 16, 2006.   Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or

1   sell the '087 Accused Products with the knowledge or willful blindness that those products

2   infringe the '087 patent and that its actions will induce Apple's customers and end users to infringe

3   the '087 patent.

4          57.     Apple has also induced and continues to induce others to infringe the '087 patent in

5   violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by

6   Apple to be acts of infringement of the '087 patent with intent that those performing the acts

7   infringe the '087 patent.   Upon information and belief, Apple performed these acts with

8   knowledge of the '087 patent and with the knowledge or willful blindness that such induced acts

9   would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises

10  regarding the '087 Accused Products, publishes specifications and promotional literature

11  describing the operation of those devices, creates and/or distributes user manuals for the Accused

12  Products, and offers support and technical assistance to its customers.   Consumers of these

13  products then directly infringe the '087 patent.

14         58.     The '087 Accused Products were especially made or especially adapted for use in

15  infringement of the claims of the '087 patent, and are not a staple article or commodity of

16  commerce suitable for substantial non-infringing use.   Therefore, Apple contributed to the

17  infringement of the claims of the '087 patent.

18         59.     Upon information and belief, as of the date Apple received knowledge of its

19  infringement of the '087 patent, Apple's infringement is, and has been willful.

20         60.     Apple has caused, and will continue to cause, Samsung irreparable injury and

21  damages by infringing the '087 patent.   Samsung will suffer further irreparable injury, for which

22  it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '087

23  patent.

24                           **FOURTH CLAIM FOR RELIEF**

25                        **(Infringement of the '596 Patent)**

26         61.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the

27  allegations of Paragraphs 1-60 of these Counterclaims as though fully set forth herein.

28

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

62.     Upon information and belief, Apple is infringing and has infringed the '596 patent through the manufacture, use, importation, offer for sale, or sale of at least the iPhone 4, iPhone 4S, iPad 2, and New iPad (collectively, "'596 Accused Products").

63.     Upon information and belief, Apple will continue to infringe the '596 patent unless and until they are enjoined by this Court.

64.     Apple had actual notice of its infringement of the '596 patent, including a detailed explanation of how the '596 Accused Products directly infringe the claims of the '596 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '596 patent by using the '596 Accused Products, no later than the filing date of Samsung's counterclaims, and when Samsung declared the '596 patent to ETSI, no later than May 6, 2010. Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '596 Accused Products with the knowledge or willful blindness that those products infringe the '596 patent and that its actions will induce Apple's customers and end users to infringe the '596 patent.

65.     Apple has also induced and continues to induce others to infringe the '596 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '596 patent with intent that those performing the acts infringe the '596 patent.   Upon information and belief, Apple performed these acts with knowledge of the '596 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises regarding the '596 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.   Consumers of these products then directly infringe the '596 patent.

66.     The '596 Accused Products were especially made or especially adapted for use in infringement of the claims of the '596 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Therefore, Apple contributed to the infringement of the claims of the '596 patent.

67.     Upon information and belief, as of the date Apple received knowledge of its infringement of the '596 patent, Apple's infringement is, and has been willful.

68.     Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '596 patent.   Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '596 patent.

### FIFTH CLAIM FOR RELIEF

### (Infringement of the '470 Patent)

69.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-68 of these Counterclaims as though fully set forth herein.

70.     Upon information and belief, Apple is infringing and has infringed the '470 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPhones, all iPads, all iPod Touches, all Macs, all MacBooks and all iMacs (collectively, "'470 Accused Products").

71.     Upon information and belief, Apple will continue to infringe the '470 patent unless and until they are enjoined by this Court.

72.     Apple had actual notice of its infringement of the '470 patent, including a detailed explanation of how the '470 Accused Products directly infringe the claims of the '470 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '470 patent by using the '470 Accused Products, no later than the filing date of Samsung's counterclaims.   Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '470 Accused Products with the knowledge or willful blindness that those products infringe the '470 patent and that its actions will induce Apple's customers and end users to infringe the '470 patent.

73.     Apple has also induced and continues to induce others to infringe the '470 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '470 patent with intent that those performing the acts infringe the '470 patent.   Upon information and belief, Apple performed these acts with knowledge of the '470 patent and with the knowledge or willful blindness that such induced acts

would constitute infringement.    Upon information and belief, Apple, *inter alia*, advertises regarding the '470 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.    Consumers of these products then directly infringe the '470 patent.

74.    The '470 Accused Products were especially made or especially adapted for use in infringement of the claims of the '470 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.    Therefore, Apple contributed to the infringement of the claims of the '470 patent.

75.    Upon information and belief, as of the date Apple received knowledge of its infringement of the '470 patent, Apple's infringement is, and has been willful.

76.    Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '470 patent.    Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '470 patent.

## SIXTH CLAIM FOR RELIEF

### (Infringement of the '757 Patent)

77.    The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-76 of these Counterclaims as though fully set forth herein.

78.    Upon information and belief, Apple is infringing and has infringed the '757 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPhones, all iPads, all iPod Touches, all Apple computers, Apple TV, iCloud, and iTunes (collectively, "'757 Accused Products").

79.    Upon information and belief, Apple will continue to infringe the '757 patent unless and until they are enjoined by this Court.

80.    Apple had actual notice of its infringement of the '757 patent, including a detailed explanation of how the '757 Accused Products directly infringe the claims of the '757 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the

'757 patent by using the '757 Accused Products, no later than the filing date of Samsung's Counterclaims.   Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '757 Accused Products with the knowledge or willful blindness that those products infringe the '757 patent and that its actions will induce Apple's customers and end users to infringe the '757 patent.

81.    Apple has also induced and continues to induce others to infringe the '757 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '757 patent with intent that those performing the acts infringe the '757 patent.   Upon information and belief, Apple performed these acts with knowledge of the '757 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises regarding the '757 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.   Consumers of these products then directly infringe the '757 patent.

82.    The '757 Accused Products were especially made or especially adapted for use in infringement of the claims of the '757 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Therefore, Apple contributed to the infringement of the claims of the '757 patent.

83.    Upon information and belief, as of the date Apple received knowledge of its infringement of the '757 patent, Apple's infringement is, and has been willful.

84.    Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '757 patent.   Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '757 patent.

## SEVENTH CLAIM FOR RELIEF

### (Infringement of the '058 Patent)

85.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-84 of these Counterclaims as though fully set forth herein.

86.     Upon information and belief, Apple is infringing and has infringed the '058 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPads and the iPhone 4, the iPhone 4S and the iPod Touch (4th Gen.) (collectively, "'058 Accused Products").

87.     Upon information and belief, Apple will continue to infringe the '058 patent unless and until they are enjoined by this Court.

88.     Apple had actual notice of its infringement of the '058 patent, including a detailed explanation of how the '058 Accused Products directly infringe the claims of the '058 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '058 patent by using the '058 Accused Products, no later than the filing date of Samsung's Counterclaims.   Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '058 Accused Products with the knowledge or willful blindness that those products infringe the '058 patent and that its actions will induce Apple's customers and end users to infringe the '058 patent.

89.     Apple has also induced and continues to induce others to infringe the '058 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '058 patent with intent that those performing the acts infringe the '058 patent.   Upon information and belief, Apple performed these acts with knowledge of the '058 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises regarding the '058 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.   Consumers of these products then directly infringe the '058 patent.

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

90.     The '058 Accused Products were especially made or especially adapted for use in infringement of the claims of the '058 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.    Therefore, Apple contributed to the infringement of the claims of the '058 patent.

91.     Upon information and belief, as of the date Apple received knowledge of its infringement of the '058 patent, Apple's infringement is, and has been willful.

92.     Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '058 patent.    Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '058 patent.

## EIGHTH CLAIM FOR RELIEF

### (Infringement of the '179 Patent)

93.     The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-92 of these Counterclaims as though fully set forth herein.

94.     Upon information and belief, Apple is infringing and has infringed the '179 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPhones, all iPads, and iPod Touches (collectively, "'179 Accused Products").

95.     Upon information and belief, Apple will continue to infringe the '179 patent unless and until they are enjoined by this Court.

96.     Apple had actual notice of its infringement of the '179 patent, including a detailed explanation of how the '179 Accused Products directly infringe the claims of the '179 patent, and how, and Apple's customers and/or end users of Apple's products directly infringe the claims of the '179 patent by using the '179 Accused Products, no later than September 2010. Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '179 Accused Products with the knowledge or willful blindness that its actions will induce Apple's customers and end users to infringe the '179 patent.

97.     Apple has also induced and continues to induce others to infringe the '179 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

Apple to be acts of infringement of the '179 patent with intent that those performing the acts infringe the '179 patent.   Upon information and belief, Apple performed these acts with knowledge of the '179 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises regarding the '179 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.   Consumers of these products then directly infringe the '179 patent.

98.   The '179 Accused Products were especially made or especially adapted for use in infringement of the claims of the '179 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.   Therefore, Apple contributed to the infringement of the claims of the '179 patent.

99.   Upon information and belief, as of the date Apple received knowledge of its infringement of the '179 patent, Apple's infringement is, and has been willful.

100.   Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '179 patent.   Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '179 patent.

## NINTH CLAIM FOR RELIEF

### (Infringement of the '449 Patent)

101.   The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-100 of these Counterclaims as though fully set forth herein.

102.   Upon information and belief, Apple is infringing and has infringed the '449 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPhones, all iPads, and iPod Touches (collectively, "'449 Accused Products").

103.   Upon information and belief, Apple will continue to infringe the '449 patent unless and until they are enjoined by this Court.

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

104.    Apple had actual notice of its infringement of the '449 patent, including a detailed explanation of how the '449 Accused Products directly infringe the claims of the '449 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '449 patent by using the '449 Accused Products, no later than the filing date of Samsung's counterclaims.   Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '449 Accused Products with the knowledge or willful blindness that those products infringe the '449 patent and that its actions will induce Apple's customers and end users to infringe the '449 patent.

105.    Apple has also induced and continues to induce others to infringe the '449 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '449 patent with intent that those performing the acts infringe the '449 patent.   Upon information and belief, Apple performed these acts with knowledge of the '449 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.   Upon information and belief, Apple, *inter alia*, advertises regarding the '449 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.   Consumers of these products then directly infringe the '449 patent.

106.    Upon information and belief, as of the date Apple received knowledge of its infringement of the '449 patent, Apple's infringement is, and has been willful.

107.    Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '449 patent.   Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '449 patent.

### TENTH CLAIM FOR RELIEF

### (Infringement of the '239 Patent)

108.    The Samsung Patent Counterclaimants re-allege and incorporate by reference the allegations of Paragraphs 1-107 of these Counterclaims as though fully set forth herein.

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

109.    Upon information and belief, Apple is infringing and has infringed the '239 patent through the manufacture, use, importation, offer for sale, or sale of at least all iPhones, all 3G iPads with cameras, the iPod Touch (4th Gen.), all Apple computers and iTunes (collectively, "'239 Accused Products").

110.    Upon information and belief, Apple will continue to infringe the '239 patent unless and until they are enjoined by this Court.

111.    Apple had actual notice of its infringement of the '239 patent, including a detailed explanation of how the '239 Accused Products directly infringe the claims of the '239 patent, and how Apple's customers and/or end users of Apple's products directly infringe the claims of the '239 patent by using the '239 Accused Products, no later than the filing date of Samsung's counterclaims.    Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the '239 Accused Products with the knowledge or willful blindness that those products infringe the '239 patent and that its actions will induce Apple's customers and end users to infringe the '239 patent.

112.    Apple has also induced and continues to induce others to infringe the '239 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions known by Apple to be acts of infringement of the '239 patent with intent that those performing the acts infringe the '239 patent.    Upon information and belief, Apple performed these acts with knowledge of the '239 patent and with the knowledge or willful blindness that such induced acts would constitute infringement.    Upon information and belief, Apple, *inter alia*, advertises regarding the '239 Accused Products, publishes specifications and promotional literature describing the operation of those devices, creates and/or distributes user manuals for the Accused Products, and offers support and technical assistance to its customers.    Consumers of these products then directly infringe the '239 patent.

113.    The '239 Accused Products were especially made or especially adapted for use in infringement of the claims of the '239 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.    Therefore, Apple contributed to the infringement of the claims of the '239 patent.

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

114.    Upon information and belief, as of the date Apple received knowledge of its infringement of the '239 patent, Apple's infringement is, and has been willful.

115.    Apple has caused, and will continue to cause, Samsung irreparable injury and damages by infringing the '239 patent.    Samsung will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Apple is enjoined from infringing the '239 patent.

## PRAYER FOR RELIEF FOR SAMSUNG COUNTERCLAIMANTS

WHEREFORE, the Samsung Counterclaimants respectfully request entry of judgment as follows:

A.    That the Court dismiss with prejudice any and all claims of Apple's Complaint and order that Apple take nothing as a result of the Complaint and that all of Apple's prayers for relief are denied;

B.    That the Court find and declare, and enter judgment, in favor of the Samsung Counterclaimants and against Apple that the Samsung Counterclaimants have not infringed any of the Apple Patents In Suit;

C.    That the Court find and declare, and enter judgment, in favor of the Samsung Counterclaimants and against Apple that each and every claim of the Apple Patents In Suit is invalid;

D.    That this case be declared "exceptional" under 35 U.S.C. § 285 and that the Samsung Counterclaimants be awarded their attorneys' fees, expenses, and costs incurred in this action;

E.    That Apple be ordered to pay all costs associated with this action; and

F.    That the Court grant to the Samsung Counterclaimants such other and further relief as may be deemed just and appropriate.

## PRAYER FOR RELIEF FOR SAMSUNG PATENT COUNTERCLAIMANTS

WHEREFORE, the Samsung Patent Counterclaimants respectfully request entry of judgment as follows:

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1   A.  That Apple be declared to have infringed, induced others to infringe and/or

2 committed acts of contributory infringement with respect to the claims of Samsung's Patents In

3 Suit as alleged above;

4   B.  That Apple and its officers, agents, servants, employees, and all those persons

5 acting or attempting to act in active concert or in participation with them or acting on their behalf

6 be immediately, preliminarily and permanently enjoined from further infringement of Samsung's

7 Patents In Suit;

8   C.  That Apple be ordered to account for and pay to the Samsung Patent

9 Counterclaimants all damages caused to them by reason of Apple's infringement of Samsung's

10 Patents In Suit pursuant to 35 U.S.C. § 284;

11   D.  That Apple be ordered to pay treble damages for willful infringement of each of

12 Samsung's Patents In Suit pursuant to 35 U.S.C. § 284;

13   E.  That this case be declared "exceptional" under 35 U.S.C. § 285 and that the

14 Samsung Patent Counterclaimants be awarded their attorneys' fees, expenses, and costs incurred

15 in this action; and

16   F.  That the Samsung Patent Counterclaimants be granted pre-judgment and post-

17 judgment interest on the damages caused to them by reason of Apple's infringement of Samsung's

18 Patents In Suit.

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          SEC, SEA, and STA hereby demand a jury trial on all issues.

3

4    DATED: September 14, 2012          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
5

6

7                                       By  /s/ Patrick M. Shields
                                            Charles K. Verhoeven
8                                           Kevin A. Smith
                                            Kevin P.B. Johnson
9                                           Victoria F. Maroulis
                                            William C. Price
10                                          Patrick M. Shields

11
                                            John Caracappa (*pro hac vice*)
12                                          Steptoe & Johnson, LLP
                                            1330 Connecticut Avenue, NW
13                                          Washington DC 20036
                                            TEL:   202-429-6267
14                                          FAX:   202-429-3902

15
                                            Attorneys for Defendants and Counterclaimants
16                                          SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.,
17                                          and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC
18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT