QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date:    November 6, 2012<br>Time:   10:00 a.m.<br>Place:  Courtroom 5<br>Judge:  Honorable Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, November 6, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPhone 5, which was released after Samsung served its original infringement contentions.   This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Patrick Shields (the "Shields Decl."); and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Samsung seeks an order granting it leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPhone 5.

DATED: October 1, 2012                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By */s/ Patrick M. Shields*
                                          Patrick M. Shields
                                          Attorney for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Samsung seeks leave to supplement its infringement contentions to include as an accused product the Apple iPhone 5, which was officially announced on September 12, available for pre-order on September 14, and released on September 21, 2012.  Good cause exists to amend Samsung's contentions because the iPhone 5 was not yet available when Samsung submitted its original contentions, on June 15, 2012.  Once the product became available, Samsung acted diligently to investigate the iPhone 5 and to add it to this action.  Moreover, Apple will not be prejudiced by this addition.  The iPhone 5 has the same accused functionality as the previously accused versions of the iPhone, so the proof of infringement of the patents-in-suit by the iPhone 5 is the same as for other Apple devices already accused of infringement in this litigation.  The addition of the iPhone 5 to Samsung's contentions will not cause any delay or materially affect the infringement analysis.  Samsung notified Apple of its intention to add the iPhone 5 on September 18, 2012 and has already provided Apple with its proposed amended infringement contentions.  This case is still early in the discovery period and Apple will therefore have ample opportunity to prepare its defenses to Samsung's allegations of infringement with regard to the iPhone 5.

Amendment here would preserve judicial resources, because it is more efficient to dispose of all infringement issues between these parties regarding the patents-in-suit in one action. Samsung respectfully requests that the Court grant it leave to add the iPhone 5 to Samsung's infringement contentions.

## II. FACTS

On May 2, 2012, the Court set deadlines for service of Patent Local Rule 3-1 infringement contentions, ordering both parties to serve their contentions by June 15, 2012.  Dkt. No. 160. The Court set the close of fact discovery for July 8, 2013, with expert discovery to take place after

1  that.  *Id*.  The parties served their initial infringement contentions on the Court-ordered deadline.
2  In its infringement contentions, Samsung alleged infringement of two UMTS standards patents[1]
3  and six feature patents[2] by Apple's iPhone, iPad, and iPod Touch devices *and* any "newer but
4  unreleased versions of the accused products that have recently been announced by Apple."[3]
5  Declaration of Patrick Shields ("Shields Decl.") Ex. A.   Samsung further indicated it would seek
6  leave to supplement its contentions to "include any additional Apple products it identifies through
7  discovery and its continuing investigation."   *Id*.

8       On September 12, 2012, Apple officially announced the release of the iPhone 5.   On
9  September 14, 2012, Apple began accepting pre-orders for the device, and, one week later, on
10 September 21, 2012, Apple released the device for sale.   Shields Decl. Ex. B.   On September 18,
11 2012, Samsung informed Apple that it expected to seek leave to amend its infringement
12 contentions to add the iPhone 5.   Shields Decl. Ex. C.   Samsung obtained an iPhone 5 on
13 September 21, 2012, and immediately began investigating whether the iPhone 5 practiced its
14 patented technologies.   Shields Decl. ¶ 5.

15      One week later, on September 28, 2012, Samsung provided Apple with its proposed
16 amendments to its infringement contentions, to include the iPhone 5, and informed Apple that it
17 would be filing the present motion on October 1.   Shields Decl. Ex. D.   Apple did not indicate a
18 position on the motion prior to filing.   Shields Decl. ¶ 7.   Because the iPhone 5 has the same
19 accused functionality as the previously accused versions of the iPhone, Samsung seeks, with its
20 proposed amendment, to add the iPhone 5 as an accused device that infringes Samsung's two
21 UMTS standards patents and six feature patents at issue.

---

[1]  Samsung's U.S. Patent No. 7,756,087 and U.S. Patent No. 7,551,596.
[2]  Samsung's U.S. Patent No. 7,672,470; U.S. Patent No. 7,577,757; U.S. Patent No. 7,232,058; U.S. Patent No. 6,292,179; U.S. Patent No. 6,226,449; and U.S. Patent No. 5,579,239.
[3]  Samsung has also alleged infringement by Apple's Mac, Mac Mini, Mac Pro, MacBook, MacBook Air, MacBook Pro, iMac, and Apple TV products, but those products are relevant to this Motion only to the extent that they are components of an accused system that also includes the iPhone 5.

## III. LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Good cause" requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed." *O2 Micro Int'l Ltd., v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006). Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Technology Properties Ltd.*, 2010 WL 3618687 (N.D. Cal. (San Jose Div.) 2010). "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. 2008), citing *O2 Micro*, 467 F.3d at 1365-1366.

The governing Patent Local Rule provides "non-exhaustive" examples of circumstances that may support a finding of good cause, including "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). Northern District of California courts have found good cause when a defendant commercially releases new products. *See, e.g., Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, *3 (N.D. Cal. 2009) (specifically granting leave to add products released after infringement contentions were served); *Board of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 2008 WL 624771, at *2 (N.D. Cal. 2008) (granting leave to amend infringement contentions where patentee put defendant on notice that it intended to amend one week after the newly accused product became available).

## IV. ARGUMENT

### A. Samsung Has Been Diligent In Discovering The New Infringing Product And Seeking The Amendment

There is good cause to allow Samsung to amend its infringement contentions to add the brand new iPhone 5 as an accused device in this lawsuit.

In determining whether a party exercised diligence in amending its contentions, a court will consider whether that party was diligent in discovering the new infringing information, and whether the party was then diligent in moving to amend its contentions.  Absent undue prejudice, good cause may be found where the moving party makes a *"[r]ecent* discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent best efforts, before the service of the Infringement Contentions."  Patent L.R. 3-6(c) (emphasis added). For example, the court in *Board of Trs. of Leland Stanford* granted Stanford's motion for amendment where Stanford put Roche on notice *one week* after the infringing product came out – even though Stanford then waited five months to file its motion.  2008 WL 624771, at *3 ("Stanford did not have its head in the sand; upon discovering that TaqMan products were approved for sale in the United States, it immediately served amended contentions upon Roche.").

Samsung has been diligent in its discovery of the new infringing product, *and* diligent in seeking to amend.  Samsung could not have known whether the rumored iPhone 5 would practice its patented technologies when it filed its infringement contentions on June 15.  The product was not on the market at that time and could not have been included in the contentions.  *See Google, Inc. v. Netlist, Inc.*, 2010 WL 1838683, *2 (N.D. Cal. 2010) (the "critical issue" is not *when* the moving party discovered the information, but whether they *could have* discovered it earlier). Here, as soon as iPhone 5 was available for purchase, Samsung began its investigation of the product.  A week later, having determined that the iPhone 5 practiced its patented technologies, Samsung put Apple on notice that it intended to amend its infringement contentions, and provided Apple with a copy of its proposed amendments.  This motion was filed just 3 days later.

**B.     Apple Will Not Be Prejudiced By The Amendment**

Apple will suffer no prejudice by Samsung's supplemental contentions.  Samsung informed Apple that it expected to seek leave to amend its infringement contentions to add the iPhone 5 two days before the product was released for sale.  Shields Decl. Ex. C.  Samsung has now confirmed that the iPhone 5 has the same accused functionality as the previously accused versions of the iPhone, and Samsung is not seeking to add any new patent claims, so proof of infringement by the iPhone 5 will be the same.  Shields Decl. ¶ 6 & Ex. D.  Thus, the addition of

1  the iPhone 5 to Samsung's contentions will not delay or materially affect Apple's analysis
2  regarding infringement or validity.
3       Samsung has already provided Apple with a copy of its proposed amended infringement
4  contentions.  Shields Decl. Ex. D.  This case is still in the early phases of discovery, so Apple
5  will have ample time to prepare its defenses regarding the iPhone 5.  Indeed, discovery is not
6  scheduled to close for another nine months, on July 8, 2013.  Expert discovery is not scheduled to
7  close until August 30, 2013.  Additional discovery relating to the iPhone 5 can be completed
8  without extending the fact or expert discovery periods.  Thus, any impact on Apple of the
9  proposed amendments to the infringement contentions would be minor and manageable.
10 *Vasudevan Software,* 2011 WL 940263 at *2 (granting leave to amend would have a minor effect
11 on prior work where discovery had not been completed); *see also Golden Hour Data Systems*,
12 2008 WL 2622794 at *4 (granting defendant's motion for leave to amend invalidity contentions
13 where defendant was not motivated by gamesmanship but by discovery of new information, where
14 opposing party was on notice of the substance of the proposed amendments, where months
15 remained in the fact discovery period, and where expert discovery had not yet begun).
16       **C.     Judicial Efficiency Weighs In Favor Of Allowing The Amendment**
17       Judicial resources will be preserved if the Court grants Samsung's motion to amend its
18 infringement contentions.  If the amendment is not allowed, the only way Samsung could
19 vindicate its rights in the patents-in-suit against the iPhone 5 would be to file a separate action
20 based on the same patents.  It will be more efficient for the parties and the Court to dispose of all
21 issues related to the patents-in-suit in a single action.  *Board of Trs. of Leland Stanford*, 2008 WL
22 624771 at *4 ("[I]t is more efficient to dispose of all the issues amongst a set of parties in one
23 action, without splitting the litigation into various pieces in front of different judges or creating the
24 wasteful task of analyzing administrative motions to relate cases.").
25
26
27
28

## Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for leave to amend its infringement contentions.

DATED: October 1, 2012                QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                      By  */s/ Patrick M. Shields*
                                          Patrick M. Shields
                                          Attorney for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC