JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**NOTICE OF MOTION AND APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**(Declaration of Emily Fedman and [Proposed] Order filed concurrently herewith)**<br><br>**HEARING:**<br>Date:        November 6, 2012<br>Time:       10:00 a.m.<br>Place:      Courtroom 5<br>Judge:     Honorable Paul S. Grewal |

1   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE THAT** on November 6, 2012, at 10:00 a.m., or as soon thereafter

3   as the matter may be heard, in Courtroom 5 of the above-entitled court, located at United States

4   District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South

5   1st Street, San Jose, CA 95113, Plaintiff Apple, Inc. ("Apple") will and hereby does move the Court

6   pursuant to Patent Local Rule 3-6 for the Northern District of California for an Order granting leave

7   to supplement Apple's Disclosure of Asserted Claims & Infringement Contentions ("Infringement

8   Contentions").

9       This Motion is based upon this Notice of Motion and Motion, the accompanying

10  Memorandum of Points and Authorities, the Declaration of Emily Fedman, the exhibits attached

11  thereto, the [Proposed] Order filed concurrently herewith, the records and files in this action, and any

12  other matters of which this Court may take judicial notice.

13

14  Dated: October 5, 2012                        GIBSON, DUNN & CRUTCHER LLP

15                                                 By:   /s/ *H. Mark Lyon*

16                                                       H. Mark Lyon
                                                         ***Attorney for Apple Inc.***

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                    1

# TABLE OF CONTENTS

**Page**

I.      Introduction ................................................................................................. 1

II.     Statement of Relevant Facts ........................................................................ 3

III.    Argument .................................................................................................... 9

        A.      Legal Standard ............................................................................... 9

        B.      Apple Was Diligent In Seeking To Amend Its Infringement Contentions. ................ 10

                1.      Apple was diligent in investigating the new products released by
                        Samsung that infringe Apple patents. ........................................ 10

                2.      Apple diligently investigated the claims at issue in the minor clarifying
                        changes it seeks to make to its Infringement Contentions ............................. 10

                3.      Apple diligently investigated the claims at issue in its mistakenly
                        omitted charts and mistakenly omitted claims. ................................. 11

        C.      Samsung Will Suffer No Prejudice Should This Motion Be Granted. ...................... 12

                1.      There is no prejudice because Samsung has been on notice of the
                        accused claims through disclosure in Apple's initial Infringement
                        Contentions and through prior discovery. ........................................ 12

                2.      There is no prejudice because there will be no new claim construction
                        issues, and therefore no change to the claim construction process. ................ 13

                3.      There is no prejudice because should Samsung need to adapt its
                        theories, it has ample time to do so. ................................................ 14

        D.      Granting This Motion Would Promote Judicial Economy and Efficiency ................ 14

IV.     Conclusion ................................................................................................. 15

1

# TABLE OF AUTHORITIES

2

Page(s)

3
**Cases**

4
*Atmel Corp. v. Info. Storage Devices, Inc.,*
   1998 U.S. Dist. LEXIS 17564 (N.D. Cal. November 4, 1998)................................... 9, 12

5
*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,*
   2008 U.S. Dist. LEXIS 16556 (N.D. Cal. Mar. 4, 2008)........................................ 10, 13

6

7
*CBS Interactive, Inc. v. Etilize, Inc.,*
   257 F.R.D. 195 (N.D. Cal. 2009)................................................................. 9, 12

8
*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.,*
   467 F.3d 1355 (Fed. Cir. 2006)..................................................................... 9

9

10
**Rules**

Pat. L.R. 3-6 ..................................................................................... 9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     Introduction**

3           Pursuant to Patent Local Rule 3-6, Apple Inc. ("Apple") moves for leave to amend its

4    Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions") to

5    (1) include additional, recently-released, products made, used, offered for sale, or sold by Samsung;

6    (2) make minor clarifying changes to several charts previously served in a timely manner on

7    Samsung; and (3) include information that was mistakenly omitted, but previously disclosed to

8    Defendant Samsung Electronics Co, Ltd., Samsung Electronics America, Inc., and Samsung

9    Telecommunications America, LLC (collectively, "Samsung").[1]

10          Good cause exists for Apple to amend its Infringement Contentions.  With respect to the first

11   category, Apple seeks to add claim charts for the newly-released Samsung Galaxy Note 10.1, which

12   was released after Apple served its original Infringement Contentions.  The Galaxy Note 10.1 was

13   first released in the United States on August 16, 2012.  Shortly after the release of the Galaxy Note

14   10.1, Apple investigated whether that product infringes the asserted patents.  Having now determined

15   that it does infringe – and in a manner remarkably similar to how the already-accused devices

16   infringe – Apple seeks to amend its contentions to include this product.  The first category also

17   encompasses minor updates to the Infringement Contentions for the Galaxy S III.  At the time Apple

18   served its Infringement Contentions, Samsung's Galaxy S III mobile phone had been released outside

19   of the United States, but was not yet available in the United States.  As part of Apple's diligence,

20   Apple purchased a Galaxy S III from the United Kingdom, and prepared its Infringement Contentions

21   based on the analysis of that device.  Subsequently, Samsung officially released the Galaxy S III in

22   the United States.  Because there are minor aesthetic differences between the mobile devices released

23   in the United States and those previously released in the United Kingdom, Apple seeks to update its

24   contentions to include screenshots and descriptions specific to the products released in the United

25   States.  This change introduces no new infringement theories or asserted claims.  Finally, Apple seeks

26   _____

27      [1]   Apple seeks to: (1) include of three claim charts which were inadvertently omitted from the Infringement Contentions (Exhibits 141, 142, and 143) (please note that Exhibit 143 was inadvertently marked as Exhibit 87 when produced to Defendants); (2) add claims 13-15 of the '721 patent for the Galaxy SII Epic 4G Touch; and (3) add claims 1, 2, 4, 5,

28   and 13 to several devices for the '502 patent.

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                                     1

to explicitly include within its contentions the Jelly Bean operating system that has been incrementally released for the Samsung Galaxy Nexus from July 2012 through September 2012.  The inclusion of the Jelly Bean operating system will not increase the number of claims asserted or introduce any new infringement theories.

With respect to the second category, Apple seeks to amend the claims charts for United States Patent No. 8,046,721 ("the '721 patent"), United States Patent No. 5,666,502 ("the '502 patent"), United States Patent No. 8,074,172 ("the '172 patent"), and United States Patent No. 8,014,760 ("the '760 patent) to more explicitly account for Samsung's induced infringement of these patents, which is already alleged in initial Infringement Contentions on p. 13:16-27.  Apple simply seeks to provide more specific detail as to Samsung's induced infringement without introducing additional claims or infringement theories, such as by indicating where in Samsung's official product documentation it has encouraged users to practice the asserted claims.  The other minor changes that Apple seeks to make also includes adding references to different carriers for certain devices, modifying United States Patent No. 8,086,604 ("the '604 patent") and United States Patent No. 6,847,959 ("the '959 patent") claim charts to contain exemplary language, correcting incorrect screen shots in several claim charts, and to correct a mistaken reference to a different device for the Galaxy SII (T-Mobile) '502 claim chart.  These changes will add no new claims or infringement theories to those previously asserted by Apple.  For the Court's convenience, a list of these non-substantive changes is attached as Exhibit A to this Motion.

Finally, Apple seeks to supplement its infringement contentions with six claim charts and certain claims for specific devices that were inadvertently omitted when Apple served its Infringement Contentions on June 15, 2012.  At that time, Apple served 139 exhibits spanning over 8,000 pages.  In the course of providing these disclosures, Apple inadvertently failed to serve six claim charts and to include certain claims as to some alleged devices.  Importantly, the claim charts that were omitted do not add any additional products to this case, nor do they inject into this case any claims that were not previously asserted against other products.  Accordingly, there would not be any new claim construction issues, and the claim construction process would not be affected.  For the same reasons, there would not be any new invalidity or unenforceability issues.

1          Further, granting this Motion would not prejudice Samsung or affect the pretrial and trial

2   schedules.  Other than for products that were released after Apple first served its Infringement

3   Contentions, the changes at issue do not introduce any claims that were not previously asserted, nor

4   any devices that were not previously accused.  Moreover, the infringement theories are entirely

5   consistent with the infringement theories Apple previously disclosed when it first served its

6   Infringement Contentions.  Accordingly, the amendments at issue will not expand the scope of

7   discovery nor fundamentally alter either party's infringement, invalidity, or claim construction

8   positions.  Moreover, fact discovery in this case is set to continue until July 8, 2013, and the trial is a

9   year and a half away, on March 31, 2014.  Samsung will therefore suffer no prejudice should this

10  motion be granted.

11  **II.     Statement of Relevant Facts**

12         On June 15, 2010, Apple timely served its Infringement Contentions on Samsung.  (Fedman

13  Decl., ¶ 3, Exh. 2.)  Apple's Infringement Contentions accused 19 devices and asserted 37 total

14  claims for 8 patents.  (*Id.*)  Given the number of accused devices, and the number of claims these

15  devices infringed, Apple's Infringement Contentions included 139 exhibits spanning over 8,000

16  pages.[2]  (*Id.*)

17         Apple now seeks to amend its Infringement Contentions to include one additional, recently-

18  released, product made, used, offered for sale, or sold by Samsung.  In particular, Apple seeks to add

19  infringement charts to include the Samsung Galaxy Note 10.1 device.  The Samsung Galaxy Note

20  10.1 was released on or about August 16, 2012, after Apple had served its initial Infringement

21  Contentions.  (Fedman Decl., ¶ 16, Exh. 5.)  The claims that Apple seeks to assert against this device

22  were already asserted against other Samsung devices.  Moreover, the new infringement allegations

23  are entirely consistent – and indeed, virtually identical – to the infringement allegations with respect

24  to the already-accused products.  Accordingly, this proposed amendment will add no new claims to

25  the case.  (*See* Fedman  Decl., ¶ 22, Exhs. 10-12.)

26

27  _____

28     [2]  Four days later, on June 19, 2012, Apple provided charts that included minor corrections and changes to which
          Samsung did not object.

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                                   3

Additionally, Apple seeks to update its infringement contentions with respect to the Samsung Galaxy S III in order to take into account minor aesthetic differences between the version of the device sold in the United Kingdom and the versions of the device sold in the United States. At the time Apple served its initial Infringement Contentions, the Galaxy S III had not been released in the United States; thus, those Contentions were based on a device that Apple had acquired in the United Kingdom. The United States version of the device was first released for one carrier on June 20, 2012, and on July 11, 2012 for other carriers. (Fedman Decl., ¶ 29.) Due to supply problems, the devices for all carriers were not always immediately available on the release date. The update at issue does not introduce any new theories of infringement.

Lastly for this category, Apple seeks to explicitly include within its contentions the Jelly Bean operating system that has been incrementally released for the Samsung Galaxy Nexus from July 2012 through September 2012.[3] The inclusion of the Jelly Bean operating system will not increase the number of claims asserted or introduce any new infringement theories.

Apple also seeks to make minor clarifying changes to several charts previously served in a timely manner on Samsung. Apple seeks to amend the claims charts for the '721, the '502, the '172, and the '760 patents to more explicitly account for Samsung's induced infringement of these patents. Apple already alleged induced infringement of these patents and had already provided evidence of such inducement. Apple simply seeks to provide more clarity as to the method of Samsung's induced infringement, such as indicating where in Samsung's user manuals it has encouraged users to practice the asserted claims. (*See* Fedman Decl., ¶ 23, Exhs. 13-77.) Therefore, no new claims will be added and Samsung had already been on notice as to Apple's claims of induced infringement. Similarly, Apple seeks to add additional detail, but no new claims, to its Infringement Contentions to modify the '604 and '959 patent claim charts to contain exemplary language,[4] to account for different cellular

---

[3]   The Jelly Bean operating system was rolled out on a staggered basis to Galaxy Nexus devices for different carriers. Galaxy Nexus devices for Verizon did not receive the update until approximately September 21, 2012.

[4]   Apple seeks to modify the language in these claim charts to be exemplary. For example, the previous language "As shown below, the Search Settings panel for the Quick Search Box on the Samsung **Stratosphere provides a plurality of heuristic modules** to which an information descriptor is provided by the Stratosphere." was modified to "The Search Settings panel for the Quick Search Box on the Samsung Stratosphere, shown below, **provides examples of a plurality of heuristic modules** to which an information descriptor can be provided by the Stratosphere." (emphasis added)

1    carriers for each device, to correct screenshots for four claim charts for United States Patent No.

2    5,946,647 ("the '647 patent") to show the detection of an email address according to the process of

3    the '647 patent,[5] and to correct one chart of the '502 patent which contains several incorrect

4    references.[6]  (*See* Exhibit A.)

5         Finally, Apple seeks to include information that was mistakenly omitted, but previously

6    disclosed to Samsung.  Given the large volume of claims and devices asserted in its Infringement

7    Contentions, Apple included a chart in Exhibit 139 that summarized the patents, claims, and products

8    at issue, which was intended as a roadmap for navigating Apple's Infringement Contentions ("Claims

9    Summary Table").  Apple mistakenly omitted six claim charts from its production.  (Fedman Decl.,

10   ¶¶ 12, 17.)  Importantly, Samsung was on notice as to these claim charts because the Claims

11   Summary Table included the exact claims, devices, and patents at issue in the omitted charts.  (*See*

12   Fedman Decl., ¶ 19.)  For example, one omitted claim chart for the '959 patent seeks to assert 23

13   claims against the Samsung Galaxy Nexus.[7]  (*See* Fedman Decl., ¶ 33, Exh. 101.)  However, the

14   Claims Summary Table to Apple's initial Infringement Contentions already disclosed to Samsung

15   that Apple was asserting those claims of the '959 patent with respect to the Samsung Galaxy Nexus.[8]

16   (*See* Fedman Decl., ¶ 34, Exh. 7, Claims Summary Table , p. 1-2.)

17

18                    **Asserted Claims for Each Accused Instrumentality**

19
20

| Device | '172 Patent | '604 Patent | '647 Patent | '721 Patent | '414 Patent | '502 Patent | '760 Patent | '959 Patent |
|---|---|---|---|---|---|---|---|---|
| Galaxy Nexus | 2-6, 9-12, 17-21, 23- | 1, 6, 11, 16-21 | 1-2, 4, 6, 8-9 | 1, 4, 7-8, 11-15 | 1-2, 4, 6-7, 10-12, 14, | 8, 11, 14-17, 20, 22- | 1, 3-5, 7-13, 16-22 | 1-5, 9-12, 14-17, 19- |

23

24

---

[5]  Apple seeks to amend the claim charts for the claim charts for the Galaxy Player 4.0, Galaxy Player 5.0, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 for the '647 patent.

[6]  The claim chart for the Galaxy S II (T-Mobile) device mistakenly references the Galaxy Nexus.

[7]  Exhibit 141 discloses that for the '959 patent, claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 are infringed by the Samsung Galaxy Nexus.  (See Fedman Decl., ¶ 33, Exh. 101.)

[8]  The Claims Summary Table, provides that the same claims in Exhibit 141 to the Amended Infringement Contentions – claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 – are infringed by the Samsung Galaxy Nexus for the '959 patent.  (*See* Fedman Decl., ¶ 34, Exh. 7, Claims Summary Table , p. 1-2.)

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                    5

| | | | | 16-17, 20-24, 26-28, 30-32 | 24, 26 | | 19-20, 22-25, 27-30, 32-33 |
|---|---|---|---|---|---|---|---|

Similarly, the remaining omitted claims charts seek to assert claims for the '959 patent with respect to the Samsung Galaxy Tab 7.0 Plus, the '604 patent with respect to the Samsung Galaxy Tab 7.0 Plus, the Conquer 4G, the Dart, and the Exhibit II 4G.[9]  (*See* Fedman Decl., ¶ 35, Exh. 102; ¶ 37, Exhs. 103-105; and ¶ 38, Exh. 121.)  The Claims Summary Chart again includes these exact claims for the '959 patent and the '604 patent with respect to these devices.[10]  (*See* Fedman Decl., ¶¶ 36, 39, Exh. 7, Claims Summary Table, p. 1, 3.)

For three of the omitted claim charts, Apple discovered its inadvertent omissions while re-reviewing the Infringement Contention claim charts on or about August 3, 2012.  (Fedman Decl., ¶ 12.)[11]  When Apple discovered its error, counsel for Apple promptly notified Samsung's counsel of the error and produced to Samsung the omitted claim charts and the amended claim chart for the Samsung Galaxy SII Epic 4G Touch (described below) on August 7, 2012.  (Fedman Decl., ¶ 13; and ¶ 14, Exh. 3.)  In the remaining instances, Apple was unaware of the apparent omissions until October 2, 2012.  (Fedman Decl., ¶ 17.)  Samsung never informed Apple that the claim charts at issue were missing from the service versions of the Infringement Contentions until the meet and confer discussion leading up to the filing of this motion.  Apple brings this fact to the Court's attention *not* to place blame on Samsung; the responsibility for proper service of documents in this case rests, of course, with counsel for Apple.  Rather, Apple raises this fact to explain why its counsel was unaware that the service was defective.  As set forth in detail in the accompanying Declaration of Emily

[9]  The claim chart for the Samsung Galaxy Tab 7.0 Plus' infringement of the '959 patent alleges that claims 1-3, 5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 are infringed.  (*See* Fedman Decl., ¶ 35, Exh. 102.)  The claim charts for the Samsung Galaxy Tab 7.0 Plus, Conquer 4G, Dart, and Exhibit II 4G with respect to the '604 patent allege that claims 1, 6, 11, and 16-21 are infringed.  (*See* Fedman Decl., ¶ 37, Exhs. 103-105; and ¶ 38, Exh. 121.)

[10]  The Claims Summary Table provides that that the same claims in the claim chart for the Samsung Galaxy Tab 7.0 Plus' infringement of the '959 patent – claims 1-3, 5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 – are infringed. (*See* Fedman Decl., ¶ 26, Exh. 7, Claims Summary Table, p. 3.)  The Claims Summary Table provides that the same claims in the claim charts for the Samsung Galaxy Tab 7.0 Plus, Conquer 4G, Dart, and Exhibit II 4G with respect to the '604 patent – claims 1, 6, 11, and 16-21 – are infringed.  (*See* Fedman Decl., ¶¶ 36, 39, Exh. 7, Claims Summary Table, p. 1, 3.)

[11]  Apple discovered that it had inadvertently omitted claims 13-15 from Exhibit 93 to the Infringement Contentions, and that it had not produced Exhibits 141-143 to the Infringement Contentions.  (Fedman Decl., ¶ 12.)

1   Fedman, Apple's attorneys prepared the Infringement Contentions using Microsoft Word.  (Fedman

2   Decl., ¶ 4.)  The individual claim charts were then converted to PDF and then placed on an FTP site

3   for download by Samsung's counsel.  (Fedman Decl., ¶¶ 5, 6.)  In this case, it appears that in the

4   process of converting documents from Word to PDF, and then placing PDF documents on the FTP

5   service site, errors were made which resulted in the omission of the claim charts at issue.  (Fedman

6   Decl., ¶ 10.)  For example, the file name of the chart served on Samsung on June 15, 2012 as Exhibit

7   69 stated that it was for the Conquer 4G.  (Fedman Decl., ¶¶ 17, 37.)  However, the claim was

8   actually for the Samsung Admire, which was a duplicate of another chart served on Samsung on June

9   15, 2012.  (*Id.*)  Again, Samsung did not notify Apple of this issue until October 2, 2012, and

10   therefore Apple was not aware of its defective service until that time.  (Fedman Decl., ¶ 37.)

11          For security reasons, all content on the FTP service site is automatically deleted after 7 days.

12   (Fedman Decl., ¶ 9.)  And in any event, Apple's attorneys did not always have reason to refer to the

13   Infringement Contentions after they had been served.  Thus, in the ordinary course of events, counsel

14   for Apple would have no reason (and after 7 days, no ability) to know that its service to Samsung was

15   defective.

16          Also while serving its Infringement Contentions, Apple mistakenly omitted three claims from

17   one exhibit of the 139 total exhibits served on Samsung.[12]  (Fedman Decl., ¶ 12.)  Specifically, even

18   though Apple asserted claims 13-15 of the '721 patent as to every other accused device, the claim

19   charts for the Samsung Galaxy SII Epic 4G Touch inadvertently failed to accuse that device of also

20   infringing those same claims.  Because these claims already have been asserted as to other accused

21   products, as before, notice was already provided to Samsung as to these claims.  The Claim Summary

22   Chart to the Infringement Contentions already disclosed all three of these claims for every other

23   Samsung device that is alleged to infringe the '721 patent.  (*See* Fedman Decl., ¶ 28, Exh. 7, Claims

24   Summary Table.)  Thus, Apple disclosed these three claims for no less than 14 devices accused to

25   infringe the '721 patent.  (*Id.*)

26

27   ─────────────────────

28   [12]  Apple seeks to amend Exhibit 93 of its Infringement Contentions to include claims 13-15 of the '721 patent for the
        Samsung Galaxy SII Epic 4G Touch.  (Fedman Decl. ¶ 27, Exh. 53.)

Finally, Apple initially asserted claims 1, 2, 4, 5, and 13 against the Galaxy Note because these claims all deal with use of a stylus input device and the Galaxy Note is sold with a stylus. (*See* Fedman Decl., ¶ 26, Exh. 7, Claims Summary Table, p. 2.) However, Apple has learned that all the alleged devices can also be used with a stylus and seeks to amend its infringement charts to include these claims for all other alleged devices. (Fedman Decl., ¶ 25, Exhs. 29-47; and ¶ 26.) Because Apple has already asserted these claims against the Galaxy Note, no new claims will be added. Notably, Samsung has already also asserted in its Patent Local Rules 3-3 and 3-4 Disclosures ("Invalidity Contentions") that all of Apple's claims for all alleged patents, including these claims for the '502 patent, are all invalid. (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 9:5-7, 26:12-14, 38:22-24, 50:23-25, 60:5-7, 71:5-7, 82:14-16, and 96:3-5.) Samsung has also been on notice of all the devices at issue in this Motion because Apple's Second Set of Requests for Production, served on April 11, 2012, includes requests relating to every device at issue in this Motion other than other than those devices that are new to the market. (Fedman Decl. ¶ 2, Exh. 1, 2:17-21.)

Apple has acted diligently to minimize any alleged prejudice to Samsung. Shortly after discovering the first of the inadvertent omissions, Apple immediately served the contentions at issue to Samsung. At the same time, Apple began the process of seeking leave of this Court to supplement its infringement contentions. It was during that process that Samsung released the Galaxy Note 10.1, on August 16, 2012. Rather than burden the Court with multiple requests for leave to supplement its contentions, Apple waited until it had concluded its analysis of the newly-released product to seek supplementation of all the infringement contentions at issue. As noted above however, Apple remedied the disclosure problem by serving the omitted contentions on Samsung as soon as it discovered the error. (Fedman Decl., ¶ 13.) In the interim, Samsung served its Invalidity Contentions on Apple on August 10, 2012. (Fedman Decl., ¶ 15, Exh. 4.) In its Invalidity Contentions, Samsung alleged that the very same claims asserted in the claim charts that Apple seeks to amend to its Infringement Contentions are all invalid.[13] (*See id.*)

---

[13] Samsung's Invalidity Contentions allege that claims 1-2, 4-5, 8, 11, 13-17, 20, 22-24 and 26 of the '502 patent are invalid. (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 9:5-7.) Samsung's Invalidity Contentions allege that claims 1-2, 4, 6 and 8-9 of the '647 patent are invalid. (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity

III.    **Argument**

A.    **Legal Standard**

A party may amend its infringement contentions upon a showing of good cause and by order of the Court.  Pat. L.R. 3-6.  The "good cause" requirement disallows infringement contentions from becoming moving targets throughout the lawsuit.  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (internal citation omitted).  With respect to Patent Local Rule 3-6's predecessor rule, 16-9(c), the Northern District of California has stated:

> "The patent local rules were adopted by this district in order to give claim charts more
> 'bite.'  The rules are designed to require parties to crystallize their theories of the case
> early in the litigation and to adhere to those theories once they have been disclosed.
> Rule 16-9(c) advances this purpose by making it difficult subsequently to revise claim
> charts through eleventh hour 'discovery' of facts."

*Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. November 4, 1998).  This good faith inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party.  *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).  Even if the moving party has not been diligent, a court may find good cause to grant leave to amend if there would be no undue prejudice to the non-moving party.  *See Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 U.S. Dist. LEXIS 16556, at *11 (N.D. Cal. Mar. 4, 2008) (granting leave to amend because "[w]hile the timing of [plaintiff]'s actions would normally weigh heavily against a late-stage amendment, . . . the parties will not be prejudiced.").  Both of these factors weigh in favor of allowing Apple to amend its Infringement Contentions.

---

Contentions, 26:12-14.)  Samsung has alleged that claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent are invalid.  (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 38:22-24.)  Samsung's Invalidity Contentions allege that claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of United States Patent No. 7,761,414 ("the '414 patent) are invalid.  (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 50:23-25.)  Samsung's Invalidity Contentions allege that claims 1-5 and 7-22 of the '760 patent are invalid.  (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 60:5-7.)  Samsung's Invalidity Contentions allege that claims 13-15 of the '721 patent are invalid.  (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 71:5-7.)  Samsung's Invalidity Contentions allege that claims 2-6, 9-12, 17-21, 23-25 and 27-37 of the '172 patent are invalid.  (Fedman Decl., ¶ 15, Exh. 4, Samsung's Invalidity Contentions, 82:14-16.)  Samsung has also alleged that claims 1, 6, 11 and 16-21 of the '604 patent are invalid.  (Fedman Decl., ¶15, Exh. 4, Samsung's Invalidity Contentions, 96:3-5.)

**B.    Apple Was Diligent In Seeking To Amend Its Infringement Contentions.**

The first inquiry favors granting Apple's motion because Apple was diligent in investigating claims it seeks to allege against Samsung, having already disclosed these claims in its initial Infringement Contentions.  Further, Apple was diligent in investigating additional Samsung products that infringe Apple's patents.  Both of the additional products were available in the United States for the first time after Apple served its initial Infringement Contentions.  Apple now duly seeks leave to amend its Infringement Contentions to account for these new products.

**1.    Apple was diligent in investigating the new products released by Samsung that infringe Apple patents.**

Samsung has recently introduced a new product into the market which infringe Apple's patents.  Apple has thoroughly investigated and discovered this product and now seeks to amend its Infringement Contentions to include this new product.  The Samsung Galaxy Note 10.1 was released on or about August 16, 2012 which was after Apple served its initial Infringement Contentions.  There has been no undue delay in seeking to add this product to Apple's Infringement Contentions, and therefore Apple has been diligent in its efforts to amend its Infringement Contentions.

Apple provided Infringement Contentions for the Galaxy S III even before it had been released in the United States.  Specifically, Apple arranged to purchase a sample device from the United Kingdom when it was first released abroad on or about May 30, 2012.  (Fedman Decl., ¶ 29.)  Subsequent to Apple serving its initial Infringement Contentions, Samsung released the same device in the United States.  (*Id.*)  It appears that Samsung "localized" the United States version of the Galaxy S III; accordingly, there are visual differences between the versions released in the United Kingdom and the United States.  Those differences do not affect any of Apple's infringement contentions, and Apple now seeks to simply to amend its contentions to take those visual differences into account.

**2.    Apple diligently investigated the claims at issue in the minor clarifying changes it seeks to make to its Infringement Contentions**

Apple seeks to amend its Infringement Contentions to provide minor, clarifying amendments to its contentions.  Again, Apple was diligent in investigating the claims at issue, demonstrated by the

1    fact that these minor amendments revolve around claims that were previously included in Apple's

2    original Infringement Contentions.

3          Apple seeks to amend the claims charts for the '721, the '502, the '172, and the '760 patents

4    to more explicitly account for Samsung's induced infringement of these patents, which is already

5    mentioned in Apple's initial Infringement Contentions on p. 13:16-27.  Apple simply seeks to

6    provide more specific detail as to Samsung's induced infringement, such as indicating where in

7    Samsung's user manuals it has encouraged users to practice the asserted claims.  The other minor

8    changes that Apple seeks to make include modifying the '604 and '959 patent claim charts to contain

9    exemplary language, adding additional detail on different carriers to provide more specificity to the

10   accused devices, to correct screenshots for four claim charts for the '647 patent to show the detection

11   of an email address according to the process of the '647 patent, and to correct a mistaken reference in

12   the Galaxy SII (T-Mobile) '502 chart to another device.

13         Again, Apple had diligently investigated all the claims at issue here, and only seeks to provide

14   additional minor detail and corrections.

15                    **3.      Apple diligently investigated the claims at issue in its mistakenly omitted**

16                           **charts and mistakenly omitted claims.**

17         In the midst of serving over 8,000 pages and 139 exhibits, Apple mistakenly omitted six claim

18   charts, as well as portions of nineteen claim charts relating to eight asserted claims.  In particular,

19   Apple inadvertently failed to include claim charts relating to the Samsung Galaxy Nexus'

20   infringement of the '959 patent, the Samsung Galaxy Tab 7.0 Plus' infringement of the '959 patent,

21   as well as the Samsung Galaxy Tab 7.0 Plus, Exhibit II 4G, Dart, and Conquer 4G's infringement of

22   the '604 patent.  Apple also inadvertently omitted three claims from its claim chart with respect to the

23   Samsung Galaxy SII Epic 4G Touch's infringement of the '721 patent, as well as five claims for

24   certain devices alleged to infringe the '502 patent.

25         Apple was diligent in identifying those devices accused of infringement by Samsung and the

26   claims alleged to be infringed by those devices.  Apple's counsel spent many hours analyzing the

27   accused devices to determine whether they infringed one or more of the asserted patents.

28

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                    11

1    Nevertheless, in the process of finalizing and serving its infringement contentions, Apple's counsel

2    neglected to include its contentions with respect to these devices and claims.

3          Each of the devices at issue already was accused of infringing other patents; therefore,

4    Samsung already was on notice that these devices were implicated in the current lawsuit.  Moreover,

5    the claims asserted in the inadvertently omitted charts are the same claims that have been asserted

6    against other devices.  Accordingly, Samsung already was aware that the claims in the omitted charts

7    would be at issue in this litigation and this category of amendments will not introduce additional

8    claims into the case, nor will it introduce additional accused devices.

9          **C.    Samsung Will Suffer No Prejudice Should This Motion Be Granted.**

10         Samsung will suffer no prejudice because (1) Samsung has been on notice of these accused

11    claims through disclosure in Apple's initial Infringement Contentions and through prior discovery;

12    (2) there will be no new claim construction issues, and therefore no change to the claim construction

13    process; and (3) should Samsung need to adapt its theories, it has ample time to do so.

14         The "good cause" requirement is meant to avoid infringement contentions from becoming

15    moving targets throughout a lawsuit.  *See CBS Interactive, Inc.*, 257 F.R.D. at 201.  As stated by the

16    Northern District of California, "The rules are designed to require parties to crystallize their theories

17    of the case early in the litigation and to adhere to those theories once they have been disclosed."

18    *Atmel Corp.*, 1998 U.S. Dist. LEXIS 17564, at *7.  These concerns are not present with Apple's

19    proposed amendments to its Invalidity Contentions.  Further, even if the moving party has not been

20    diligent, a court may find good cause to grant leave to amend if there would be no undue prejudice to

21    the non-moving party.  *See Bd. of Trs. of the Leland Stanford Junior Univ.*, 2008 U.S. Dist. LEXIS

22    16556, at *11.

23          **1.    There is no prejudice because Samsung has been on notice of the accused**

24                  **claims through disclosure in Apple's initial Infringement Contentions and**

25                  **through prior discovery.**

26         As detailed above, Apple has provided Samsung with ample notice of the claims at issues in

27    this Motion through its initial Infringement Contentions.  Nor is there is no fear of eleventh hour

28    addition of claims.  Samsung was on notice that Apple had intended to serve each mistakenly omitted

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                          12

chart, as well as all of the claims covered on any omitted chart.  Samsung never informed Apple that any charts were missing or incomplete, and when Apple discovered those errors, it immediately provided service copies of the missing charts to Samsung.

And in any event, Apple's Infringement Contentions disclosed the *exact* same claims for the *exact* same device for the *exact* same patent at issue in each chart.  Because Samsung was on notice of Apple's assertion that Samsung infringed these claims for these particular devices and patents, it will suffer no prejudice should this motion be granted.  For the claims that Apple seeks to amend to the claim charts for certain devices, Apple already disclosed all these claims for numerous other devices.  It should come as no surprise to Samsung that Apple is asserting infringement of these claims.

Moreover, Apple's infringement contentions with respect to the newly-accused device are virtually identical and entirely consistent with its infringement contentions of the earlier devices.  Not only should the contentions be of no surprise to Samsung, but they should not require Samsung to alter its claim construction or other theories.

As to the minor clarifying changes that Apple seeks to make, none of these changes will add additional claims.  These claims were all already disclosed to Samsung in Apple's original Infringement Contentions.  This is true even for the new device that Apple seeks to include, the Galaxy Note 10.1.  Apple does not allege any new claims against Samsung as to these devices.

Samsung was further on notice because Apple's prior discovery inquired about potential infringement of all the devices at issue in this Motion other than those devices that are new to the market.  Again, other than those devices that are new to the market, every device at issue in this Motion was included in Apple's Second Set of Requests for Production to Samsung.  Thus, Samsung has been on notice since at least April 2012 of Apple's position as to potential infringement of these devices.

### 2.    There is no prejudice because there will be no new claim construction issues, and therefore no change to the claim construction process.

Apple only seeks to amend its Infringement Contentions for claims already disclosed to Samsung and that Samsung was on notice of.  Thus, Apple will continue to adhere to its theory of the

1    case as disclosed in Apple's original Infringement Contentions.  There is no concern, therefore, that

2    Apple's Infringement Contentions will become "moving targets."  Because Apple does not seek to

3    introduce new claims or infringement theories, there will be no new claim construction issues, and

4    the claim construction process will not be affected.  Similarly, there will be no new invalidity or

5    unenforceability issues.

6         Moreover, and further demonstrating the lack of prejudice to Samsung, Samsung's Invalidity

7    Contentions already allege that *all* the claims at issue in this Motion are invalid.  In its Invalidity

8    Contentions, Samsung states that the claims asserted for all of Apple's patents are all invalid.  Again,

9    because Apple does not seek to introduce new claims or infringement theories, Samsung will have to

10   make few, if any, changes to its Invalidity Contentions as a result of these amendments, and will not

11   be prejudiced.

12         **3.    There is no prejudice because should Samsung need to adapt its theories,**

13         **it has ample time to do so.**

14        Apple served its initial Infringement Contentions on June 15, 2012.  Samsung subsequently

15   served its Invalidity Contentions on Apple on August 10, 2012.  The Claim Construction Hearing is

16   set for February 21, 2013 and the Court has yet to issue its claim construction ruling.  Trial is not

17   until March 31, 2014, a full year-and-a-half away.  Therefore, it is unlikely that granting this Motion

18   will alter the pretrial or trial schedule in this case.  Further, although Samsung will probably not have

19   to adapt its theories of the case to account for Apple's proposed amendments, should Samsung need

20   to make some minor adjustments, Samsung has ample time to do so and will not be prejudiced.

21        **D.    Granting This Motion Would Promote Judicial Economy and Efficiency**

22        Good cause further exists to grant Apple's Motion because consolidating Apple's

23   infringement contentions against all of Samsung's products in one action would promote judicial

24   economy and the parties' efficiencies.  Here, the only addition product that Apple seeks to add, the

25   Samsung Galaxy Note 10.1, is an expansion of Samsung's existing product line.  This device

26   infringes the same claims as the accused products in Apple's initial Infringement Contentions.

27   Similarly, all the other amendments Apple seeks to make also make no changes to the accused

28   claims.  If Apple were not allowed to supplement now, Apple would have to bring a new suit against

1  the additional product and to address Apple's other proposed amendments.  The parties would then

2  have to resolve the same issues in another action.

3  **IV.    Conclusion**

4          Apple thus respectfully requests that its Motion for Leave to Amend its Disclosure of

5  Asserted Claims & Infringement Contentions be granted.

6
   Dated: October 5, 2012                              GIBSON, DUNN & CRUTCHER LLP
7

8                                                      By:  ___/s/ *H. Mark Lyon*_____

9                                                          H. Mark Lyon
                                                           ***Attorney for Apple Inc.***
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                        15

**EXHIBIT A**

Apple seeks to make the following clarifying amendments to its Infringement Contentions:

1.      Amend the claim charts for United States Patent No. 8,046,721 ("the '721 patent"), United States Patent No. 5,666,502 ("the '502 patent"), United States Patent No. 8,074,172 ("the '172 patent"), and United States Patent No. 8,014,760 ("the '760 patent) to more explicitly account for Samsung's induced infringement.  For example, Apple seeks to amend the '760 claim charts to indicate where in the devices' user manuals they instruct users to perform the method of displaying and interacting with a missed calls list.

2.      Amend the claim charts for United States Patent No. 8,086,604 ("the '604 patent") and United States Patent No. 6,847,959 ("the '959 patent") to make the language more exemplary.  For example, the previous language "As shown below, the Search Settings panel for the Quick Search Box on the Samsung Stratosphere **provides a plurality of heuristic modules** to which an information descriptor is provided by the Stratosphere." was modified to "The Search Settings panel for the Quick Search Box on the Samsung Stratosphere, shown below**, provides examples of a plurality of heuristic modules** to which an information descriptor can be provided by the Stratosphere." (emphasis added).

3.      Include references to various carriers for certain devices in the Infringement Contentions.  For example, the Claims Summary Table of Apple's initial Infringement Contentions previously listed "Galaxy SIII" as one of the infringing devices.  The amended Claims Summary Table now lists "Galaxy SIII (AT&T, Sprint, T-Mobile, and Verizon).

4.      Amend claim charts for the Galaxy Player 4.0, Galaxy Player 5.0, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 that amend the exemplary screenshots for those devices to show the detection and selection of an email address according to the system of the '647 patent and that include additional detail regarding the process through which the devices infringe.  In addition, the Galaxy Tab 8.9 chart was amended to reflect infringement by the Messaging application available on the AT&T version of the tablet.  The Browser example was deleted from claim 8 of the Galaxy Tab 8.9 chart, as the tablet's Browser did not highlight the detected email address in the updated exemplary screenshots.  Similarly, the claim chart for the Galaxy Tab 7.0 Plus was amended to

1   remove claim 8 because the Browser available on the tablet did not highlight detected structures in

2   the updated examples.

3        5.    Correct mistaken references in the Galaxy SII (T-Mobile) '502 claim chart that that

4   referred to the Galaxy S II (T-Mobile) as the Galaxy Nexus.  The substance of the contentions

5   remains unchanged; the only change is to the previously-erroneous name of the device.

6        6.    Correct the claim charts for the Galaxy SII Epic 4G Touch and Galaxy Nexus'

7   infringement of the '647 patent to delete unnecessary confidentiality legends and to correct a URL

8   reference in the Galaxy SII Epic 4G Touch chart.  In particular, the first URL citation in the Galaxy

9   SII Epic 4G Touch chart was changed because it incorrectly linked to the Specifications for the

10  AT&T version of the Galaxy SII, rather than to the Sprint version of the phone.  Finally, the Galaxy

11  Nexus chart was amended to correct a typographical error on page 20 of the original chart.

12       7.    To delete footnote 3 on the claim chart for the Galaxy Nexus' infringement of United

13  States Patent No. 7,761,414 ("the '414 patent).  That footnote indicated that the Specifications for the

14  Galaxy Nexus sold in the United Kingdom had been used to create the claim chart when in fact the

15  Specifications from the Galaxy Nexus sold in the United States were used.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: October 5, 2012                                     _/s/ *H. Mark Lyon*_____
                                                                           H. Mark Lyon

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                        18