JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**DECLARATION OF EMILY FEDMAN IN SUPPORT OF APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS**<br><br>**(Notice of Motion and Apple's Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions; Memorandum of points and Authorities in Support Thereof; and [Proposed] Order filed concurrently herewith)** |

I, Emily Fedman, declare and state as follows:

1. I am an associate attorney at the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn"), counsel of record in this action for Plaintiff Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I submit this declaration in support of Apple's Motion for Leave to Amend Its Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"). Unless otherwise indicated, I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently as follows.

2. On or about April 11, 2012, Apple served its Second Set of Requests for Production on Samsung. The Samsung Galaxy S II Epic 4G Touch, Galaxy Nexus, and Galaxy Tab 7.0 Plus were all included in Apple's Second Set of Requests for Admission. Attached hereto as Exhibit 1 is a true and correct copy of Apple's Second Set of Requests for Production on Samsung.

3. Apple served its Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions") on Defendants Samsung Electronics Co, Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), on June 15, 2012. Attached hereto as Exhibit 2 is a true and correct copy of Apple's Infringement Contentions, excluding exhibits. These Infringement Contentions accused 19 devices and asserted 37 total claims for 8 patents. The Infringement Contentions included 139 exhibits and were over 8,000 pages long, including exhibits. Given the voluminous nature of the Infringement Contentions, as well as the number of patents and claims being asserted, Apple included as a courtesy a Claims Summary Table that listed each accused device, as well as the claims being asserted against every device. Additional detail about the Claims Summary Table is provided below in Paragraph 19.

4. These infringement contentions had been prepared by Gibson Dunn attorneys working in teams. All of the attorneys used Microsoft Word software ("Word") while drafting and revising these charts.

5. As we finalized the infringement contentions for our patents, each attorney would place the final version of the Word document into a designated shared network folder.

6. A Gibson Dunn paralegal would then download the charts in Word from the designated shared network folder and convert the charts from Word into Adobe PDF files. At that

DECLARATION OF EMILY FEDMAN IN SUPPORT OF
APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)         2

time, the paralegal would rename the charts to conform to a universal naming convention and assign exhibit numbers to each PDF file. Those PDF files were then saved into a different folder created by the paralegal in the Apple case files on Gibson Dunn's file system. From there, the paralegal placed these files onto an FTP site.

7. Apple's counsel also prepared documents providing an overview of its infringement contentions. Exhibit 139 to Apple's Infringement Contentions contained a table summarizing which Samsung devices Apple accused of infringing which claims of which Apple patents (the "Claims Summary Table"). This document was also placed on the FTP site.

8. The log in and password information for the FTP site was then emailed to Samsung's counsel so that they could access and download the infringement contentions.

9. Gibson Dunn's security policies require that all content be automatically deleted from Gibson Dunn's FTP sites after 7 days.

10. In the process of uploading the Word files to the proper shared network folder, downloading the files in Word, renaming and assigning exhibit numbers to the files, converting the files to PDF and finally uploading them to the FTP site, miscommunication among the team members lead to the omission and mislabeling of certain claim charts from the FTP site. Additional details of these errors will are provided in the paragraphs below.

11. On July 3, 2012, after learning of a typographical error in bates numbering for certain of Apple's produced documents, Apple served amended Infringement Contentions that reflected the correction of these bates numbers, as well as reproduced the documents in question with the corrected bates numbers. Samsung did not object to such amendment.

12. On or about August 3, 2012, while re-reviewing the Infringement Contention claim charts in preparation for Federal Circuit oral arguments, Apple's counsel discovered that it had inadvertently omitted claims 13-15 from the claim chart disclosing the Galaxy SII Epic 4G Touch's infringement of United States Patent No. 8,046,721 ("the '721 patent") (Exhibit 93 to the Infringement Contentions), and that it had not served Exhibits 141-143 to the Infringement Contentions. Exhibits 141-143 related to the contentions for the Galaxy Nexus (for United States Patent No. 6,847,959 ("the '959 patent")), and the Galaxy Tab 7.0 Plus (for the '959 and United

States Patent No. 8,086,604 ("the '604 patent")).  Information pertaining to the omitted claim charts had been included in the Claims Summary Table, thereby giving notice to Samsung that Apple had intended to serve those charts.  Additionally, Apple had asserted claims 13-15 of the '721 patent with respect to every device other than the Galaxy SII Epic 4G Touch.

13.   On August 7, 2012, Apple's counsel notified Samsung's counsel of the omission and concurrently produced to Samsung the amended Exhibit 93 and Exhibits 141-143, attached hereto as Exhibits 53, 99, 100, and 119, respectively.  As of August 7, 2012, Samsung had not notified Apple that it had not been served with infringement claim charts relating to the Galaxy Nexus and the '959 patent, the Galaxy Tab 7.0 Plus and the '959 patent, as well as the Galaxy Tab 7.0 Plus and the '604 patent.

14.   Attached hereto as Exhibit 3 is a true and correct copy of the email notifying Samsung and producing amended Exhibit 93 and Exhibits 141-143[1].

15.   Samsung served its Patent Local Rules 3-3 and 3-4 Disclosures ("Invalidity Contentions") on Apple on August 10, 2012.  Attached hereto as Exhibit 4 is a true and correct copy of Samsung's Invalidity Contentions.  Samsung's Invalidity Contentions allege that all claims asserted by Apple are invalid.

16.   The Samsung Galaxy Note 10.1 was released on or about August 16, 2012, after Apple served its Infringement Contentions on Samsung.  Attached hereto as Exhibit 5 is a true and correct copy of an article stating that the Samsung Galaxy Note 10.1 was to be released on August 16, 2012.

17.   On October 2, 2012, Samsung's counsel notified Apple that it had never received infringement contentions evaluating the Conquer 4G, Dart, or Exhibit II 4G for the '604 patent.  Apple had served  Exhibits 69, 70 and 71 to Apple's Initial Infringement Contentions that were labeled to indicate that the charts evaluated the Conquer 4G's, Dart's, and Exhibit II 4G's infringement of the '604 patent on June 15, 2012.  Upon further review of the documents, Apple's counsel realized that these charts had been mislabeled.  The documents served in June as Exhibits 69, 70 and 71 were duplicates of Exhibits 81, 82 and 83 that evaluated the Admire's, AT&T Galaxy SII

---

[1] Exhibit 143 was inadvertently marked as Exhibit 87 when produced to Defendants.

1  Skyrocket's and the AT&T Galaxy SII's infringement of the '604 patent, even though the titles
2  suggested that they should have related to the Conquer 4G, Dart, and Exhibit II 4G.

3        18.    Fact discovery in this case is set to continue until July 8, 2013.  The Claim
4  Construction Hearing is set for February 21, 2013.  Trial is set for March 31, 2014.  Attached hereto
5  as Exhibit 6 is a true and correct copy of this Court's Minute Order and Case Management Order,
6  dated May 2, 2012.

7        19.    Attached hereto as Exhibit 7 is a true and correct copy of Exhibit 139 to Apple's June
8  15, 2012 Infringement Contentions, the Claims Summary Table.  The Claims Summary Table
9  discloses which claims of each asserted patent are infringed by each accused device.  The Claims
10 Summary Table already discloses each claim at issue in Apple's Motion for Leave to Amend its
11 Infringement Contentions.  It discloses that (i) claims 1, 2, 4, 5, and 13 of the United States Patent
12 No. 5,666,502 ("the '502 patent") are infringed by the Galaxy Note; (ii) claims 13 -15 of the '721
13 patent are infringed by 14 devices; (iii) claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 are
14 infringed by the Samsung Galaxy Nexus for the '959 patent; (iv) claims 1-3, 5, 9-12, 14-17, 19-20,
15 22-25, 27-30, 32-33 are infringed by the Samsung Galaxy Tab 7.0 Plus for the '959 patent; and (v)
16 claims 1, 6, 11, 16-21are infringed by the Samsung Galaxy Tab 7.0 Plus, the Conquer 4G, the Dart,
17 and the Exhibit II 4G for the '604 patent.

18       20.    Attached hereto as Exhibit 8 is a true and correct copy of Apple's Amended
19 Disclosure of Asserted Claims & Infringement Contentions, excluding exhibits ("Amended
20 Infringement Contentions").  The Amended Infringement Contentions now contain corrected exhibit
21 references and references to various cellular carriers for each respective device.

22       21.    Attached hereto as Exhibit 9 is a true and correct copy of an updated version of
23 Exhibit 139 that corresponds to the Amended Infringement Contentions.  This table now includes
24 corrected claim references and references to various cellular carriers for each respective device.

25       22.    Attached hereto as Exhibits 10-12 are true and correct copies of infringement charts
26 disclosing the Samsung Galaxy Note 10.1's infringement of the '502 patent, United States Patent No.
27 7,761,414 ("the '414 patent"), and United States Patent No. 5,946,647 ("the '647 patent"),
28

respectively. The charts do not add any additional claims not already asserted against other infringing devices.

23. Attached hereto as Exhibits 13-77 are true and correct copies of amended claim charts for United States Patent No. 8,074,172 ("the '172 patent"), the '502 and '721 patents, and United States Patent No. 8,014,760 ("the '760 patent") that are amended to more explicitly account for Samsung's induced infringement of these patents. Apple seeks to provide more clarity as to the method of Samsung's induced infringement, such as indicating where in Samsung's user manuals it has encouraged users to practice the asserted claims.

24. Attached hereto as Exhibit 46 is a true and correct copy of the claim chart for the Galaxy S II (T-Mobile)'s infringement of the '502 patent. In addition to accounting for induced infringement, this amended chart corrects previous references that referred to the Galaxy Nexus and replaces them with references to the Galaxy S II (T-Mobile).

25. Attached hereto as Exhibits 29-47 are the amended claim charts for the '502 patent. In addition to accounting for induced infringement and correcting incorrect references to the Galaxy S II (T-Mobile) rather than the Galaxy Nexus, these amended charts now include apparatus claims 1, 2, 4, and 5, and method claim 13. These claims all deal with use of a stylus input device.

26. The Claims Summary Chart to Apple's initial Infringement Contentions, attached hereto as Exhibit 7, already provides that claims 1, 2, 4, 5, and 13 of the '502 patent are infringed by the Galaxy Note. Apple initially asserted claims 1, 2, 4, 5, and 13 against the Galaxy Note because these claims all deal with use of a stylus input device and the Galaxy Note is sold with a stylus. However, all the other accused Samsung devices can also be used with a stylus.

27. Attached hereto as Exhibit 53 is a true and correct copy of the claim chart for the Galaxy SII Epic 4G Touch's infringement of the '721 patent. In addition to accounting for induced infringement, this amended chart now includes claims 13-15, which were mistakenly omitted from the Infringement Contentions.

28. The Claims Summary Table to Apple's initial Infringement Contentions, attached hereto as Exhibit 7, accused (i) the Samsung Admire, (ii) Captivate Glide, (iii) Conquer 4G, (iv) Dart, (v) Exhibit II 4G, (vi) Galaxy Nexus, (vii) Galaxy SII (AT&T), (viii) Galaxy SII (T-Mobile), (ix)

Galaxy SII Skyrocket, (x) Galaxy Tab 7.0 Plus, (xi) Galaxy Tab 8.9, (xii) Illusion, (xiii) Stratosphere, and (xiv) Transform Ultra of infringing claims 13-15 of the '721 patent.

29. Attached hereto as Exhibit 73 is a true and correct copy of the amended claim chart disclosing the Galaxy S III's infringement of the '760 patent. In addition to accounting for induced infringement, this amended chart makes several clarifying edits in descriptions and screenshots to account for features of the Galaxy S III released in the United States. At the time Apple served its Infringement Contentions, Samsung's Galaxy S III had been released outside of the United States, but was not yet available in the United States. Therefore, Apple's initial Infringement Contentions were based on a Galaxy S III device purchased from the United Kingdom, where the device was available beginning on or about May 30, 2012. The United States version of the device was first released for one carrier on June 20, 2012, and on July 11, 2012 for other carriers.

30. Attached hereto as Exhibits 78-81 are true and correct copies of amended claim charts for the Galaxy Player 4.0, Galaxy Player 5.0, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 that amend the exemplary screenshots for those devices to show the detection and selection of an email address according to the system of the '647 patent and that include additional detail regarding the process through which the devices infringe. In addition, the Galaxy Tab 8.9 chart was amended to reflect infringement by the Messaging application available on the AT&T version of the tablet. The Browser example was deleted from claim 8 of the Galaxy Tab 8.9 chart, as the tablet's Browser did not highlight the detected email address in the updated exemplary screenshots. Similarly, the claim chart for the Galaxy Tab 7.0 Plus was amended to remove claim 8 because the Browser available on the tablet did not highlight detected structures in the updated examples.

31. Attached hereto as Exhibits 82-83 are true and correct copies of amended claim charts for the Galaxy S II Epic 4G Touch and Galaxy Nexus' infringement of the '647 patent. These charts were changed to delete unnecessary confidentiality legends and to correct a URL reference in the Galaxy SII Epic 4G Touch chart. In particular, the first URL citation in the Galaxy SII Epic 4G Touch chart was changed because it incorrectly linked to the Specifications for the AT&T version of the Galaxy SII, rather than to the Sprint version of the phone. Finally, the Galaxy Nexus chart was amended to correct a typographical error on page 20 of the original chart.

32. Attached hereto as Exhibits 84-121 are true and correct copies of amended claim charts for the '959 patent and the '604 patent that amend the language of these claim charts to be exemplary.

33. Attached hereto as Exhibit 101 is a true and correct copy of Exhibit 141 to the Amended Infringement Contentions. In addition to amending the language to be exemplary, this chart discloses claims for the '959 patent that are infringed by the Samsung Galaxy Nexus. This chart alleges that for the '959 patent, claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 are infringed by the Samsung Galaxy Nexus.

34. The Claims Summary Table to Apple's initial Infringement Contentions, attached hereto as Exhibit 7, provides that the same claims disclosed as infringed in Exhibit 101 (Exhibit 141 to the Amended Infringement Contentions) – claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 – are infringed by the Samsung Galaxy Nexus for the '959 patent.

35. Attached hereto as Exhibit 102 is a true and correct copy of Exhibit 142 to the Amended Infringement Contentions. In addition to amending the language to be exemplary, this chart discloses claims for the '959 patent that are infringed by the Samsung Galaxy Tab 7.0 Plus. This chart alleges that for the '959 patent, claims 1-3, 5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 are infringed by the Samsung Galaxy Tab 7.0 Plus.

36. The Claims Summary Table to Apple's initial Infringement Contentions, attached hereto as Exhibit 7, also provides that that the same claims disclosed as infringed in Exhibit 102 (Exhibit 142 to the Amended Infringement Contentions) – claims 1-3, 5, 9-12, 14-17, 19-20, 22-25, 27-30, and 32-33 – are infringed by the Samsung Galaxy Tab 7.0 Plus for the '959 patent.

37. Attached hereto as Exhibits 103-105 are true and correct copies of the claim charts for the Conquer 4G, Dart, and Exhibit II 4G's infringement of the '604 patent. These charts were mistakenly omitted from service on Samsung on June 15, 2012 due to an error. As described above in paragraph 6, in the process of converting the charts from Microsoft Word to PDF, counsel for Apple inadvertently uploaded duplicate versions of other claim charts, and labeled the duplicate charts as claim charts relating to the Conquer 4G, Dart, and Exhibit II 4G's infringement of the '604 patent. Because the document titles were mislabeled, a review of the list of documents on the FTP

service site would not have revealed that the contents did not match the title. The result of this mistake would have been that Samsung received two copies of the contentions relating to the Admire's, AT&T Galaxy SII Skyrocket's and the AT&T Galaxy SII's infringement of the '604 patent, including one set that had mismatched titles. Nevertheless, Samsung did not inform Apple of this error until October 2, 2012.

38. Attached hereto as Exhibit 121 is a true and correct copy of Exhibit 143 to the Amended Infringement Contentions. In addition to amending the language to be exemplary, this chart discloses claims for the '604 patent that are infringed by the Samsung Galaxy Tab 7.0 Plus. This chart alleges that for the '604 patent, claims 1, 6, 11, and 16-21 are infringed by the Samsung Galaxy Tab 7.0 Plus.

39. The Claims Summary Table to Apple's initial Infringement Contentions, attached hereto as Exhibit 7, also provides that the same claims disclosed as infringed in Exhibit 121 (Exhibit 143 to the Amended Infringement Contentions) – claims 1, 6, 11, and 16-21 – are infringed by the Samsung Galaxy Tab 7.0 Plus for the '604 patent.

40. Attached hereto as Exhibit 122 is a true and correct copy of the amended claim chart for the Galaxy Nexus' infringement of the '414 patent. This chart was amended to delete an incorrect footnote that previously appeared as footnote 3.

41. On October 2, 2012, counsel for Apple and Samsung met and conferred about the substance of this Motion. Subsequently, on October 3, 2012, counsel for Samsung indicated that Samsung would "reserve its position on the proposed amendments until we have a chance to review Apple's motion and supporting papers."

Executed on October 5, 2012 in Arlington, VA

By:    /s/ Emily Fedman
       Emily Fedman

DECLARATION OF EMILY FEDMAN IN SUPPORT OF
APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                          9