JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, ("Samsung" or "Defendants") respond to Apple's First Set of Requests for Production.  Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA  94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "You" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Accused Devices" means the Samsung Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II - T-Mobile, Galaxy S II - AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets.

3. "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

4. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

5. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding

to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## INSTRUCTIONS

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All documents should be produced as maintained in the ordinary course of business.

3. If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4. Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 92**

Documents sufficient to show the design, development, and implementation of the Accused Devices.

**REQUEST NO. 93**

Documents sufficient to show the design, development, and implementation of the software running on or used by the Accused Devices, including, but not limited to, each version of the Android operating system utilized by each of the Accused Devices.

**REQUEST NO. 94**

Any and all instructions, manuals, guides, or other documentation for the Accused Devices.

**REQUEST NO. 95**

Documents sufficient to identify the individuals who contributed to, oversaw, or were otherwise involved in the design, development, or implementation of the Accused Devices.

**REQUEST NO. 96**

Source code and any other instructions utilized by or implemented on the Accused Devices, including, but not limited to, source code for each version of the Android operating system and applications utilized by each of the Accused Devices.

**REQUEST NO. 97**

Source code and any other instructions utilized by or implemented on the Accused Devices, including, but not limited to, source code for the features and functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 98**

All Documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, feature, or functionality, including but not limited to any comparisons between any Apple product, feature, or functionality and any actual or contemplated features or functionality Samsung included or considered including with its smartphones, including but not limited to the Accused Devices.

**REQUEST NO. 99**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product relating to the features and functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 100**

All Documents relating to any analysis, review, consideration, evaluation, or attempts to design around or otherwise avoid infringement of any claim of the Patents-in-Suit.

**REQUEST NO. 101**

All Documents relating to the design or development of the Accused Devices that mention or refer to Apple or Apple products, including but not limited to Documents relating to the design or

APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 12-cv-00630-LHK                                                                                                                    4

development of the features and functionality of the Accused Devices that Apple has alleged infringe the Patents-in-Suit, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product.

**REQUEST NO. 102**

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the Android platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product. Documents responsive to this Request include, but are not limited to, Documents related to the redesign of any Samsung product in light of Apple products.

**REQUEST NO. 103**

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the bada platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product. Documents responsive to this Request include, but are not limited to, Documents related to the redesign of any Samsung product in light of Apple products.

**REQUEST NO. 104**

All Documents that comprise, refer, or relate to communications with third parties regarding the design, development, and implementation of the features and functionality used by the Accused Devices, including, but not limited to the features and functionality that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 105**

All Documents that comprise, refer, or relate to communications with Google Inc. regarding

the design, development, and implementation of the features and functionality used by the Accused Devices, including, but not limited to the features and functionality that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 106**

All Documents that comprise, refer, or relate to Samsung's discussion, both internally and with third-parties, of contributions to and efforts related to the design, development and implementation of the Android platform.

**REQUEST NO. 107**

All Documents that comprise, refer, or relate to Samsung's discussion, both internally and with third-parties, of contributions to and efforts related to the design, development and implementation of the bada platform.

**REQUEST NO. 108**

All Documents that comprise, refer, or relate to Samsung's discussion of, both internally and with third-parties, contributions to and efforts related to the design, development and implementation of any version of the Android operating system that runs or has run on any of the Accused Devices.

**REQUEST NO. 109**

All Documents that comprise, refer, or relate to communications with or contributions by third parties regarding the design, development, and implementation of the Accused Devices.

**REQUEST NO. 110**

All Documents that comprise, refer, or relate to communications with or contributions by third parties regarding the design, development, and implementation of any Samsung products that use or incorporate the Android platform.

**REQUEST NO. 111**

All Documents that comprise, refer, or relate to communications with or contributions by

APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 12-cv-00630-LHK                                                                         6

third parties regarding the design, development, and implementation of any Samsung products that use or incorporate the bada platform.

**REQUEST NO. 112**

All Documents relating to your knowledge of each of the Patents-in-Suit, including but not limited to when you first became aware of each of the Patents-in-Suit.

**REQUEST NO. 113**

All Documents, including source code, prototypes, models and products, that you contend constitute or relate to prior art to the Patents-in-Suit.

**REQUEST NO. 114**

All Documents relating to any contention that the Accused Devices do not infringe any claim of the Patents-in-Suit.

**REQUEST NO. 115**

All Documents relating to any contention that any claim of the Patents-in-Suit are invalid.

**REQUEST NO. 116**

All Documents relating to the invalidity, validity, unenforceability, or enforceability of the Patents-in-Suit, including all Documents relating to any contention that you make that any of the Patents-in-Suit are invalid or unenforceable.

**REQUEST NO. 117**

All Documents that embody, refer to, relate to, or comprise any study, analysis, review or opinion (including opinions of counsel), conclusions, or contentions regarding the validity or invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or scope of any of the claims of any of the Patents-in-Suit or any related patents, regardless of from whom such opinions, conclusions, or contentions were obtained, including without limitation, any studies, reports, or competitive comparisons made with respect to acts done, products sold, methods

or systems used or services offered by Samsung, or by any third party.

**REQUEST NO. 118**

All Documents relied upon or considered by any declarants of Samsung filed in this case.

**REQUEST NO. 119**

All Documents Samsung intends to use for impeachment or examination of all declarants in this case.

**REQUEST NO. 120**

All Documents considered or relied upon by any expert that Samsung retains in connection with this case.

**REQUEST NO. 121**

All Documents Samsung intends to use for impeachment or examination of all experts in this case.

**REQUEST NO. 122**

All Documents Samsung intends to use for impeachment or examination of any person Samsung will seek to depose in connection with this case.

**REQUEST NO. 123**

All documents and things that Samsung intends to use as exhibits at any hearing in this case, including, but not limited to, a *Markman* hearing, a hearing on a dispositive motion and trial.

**REQUEST NO. 124**

All Documents considered or relied on to respond to any interrogatory in this case.

**REQUEST NO. 125**

All Documents relating to any contention that Apple would not be irreparably harmed in the absence of an injunction.

**REQUEST NO. 126**

All Documents relating to any contention that money damages would be adequate to compensate Apple in this case.

**REQUEST NO. 127**

All Documents relating to any contention that the public interest would not be served by a injunction in this case.

**REQUEST NO. 128**

All Documents relating to any contention that there is no nexus, relationship, or causal link between the alleged infringement of the Patents-in-Suit in this case and the alleged harm to Apple caused by that infringement.

**REQUEST NO. 129**

All Documents relating to any impact an injunction in this case would have on Defendants.

**REQUEST NO. 130**

All Documents relating to any contention that any of the features or functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit, do not drive sales, or are not the basis of consumer demand.

**REQUEST NO. 131**

All Documents relating to any advertising, promotions, actual or considered related to the Accused Devices.

**REQUEST NO. 132**

Documents sufficient to show Samsung's actual sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from the time each of the Accused Devices was first released, through trial.

**REQUEST NO. 133**

Documents sufficient to show Samsung's projected sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, for any period of time for which any such projections were prepared.

**REQUEST NO. 134**

All Documents that that comprise, refer, or relate to communications with any advertisers regarding any of the Accused Devices.

**REQUEST NO. 135**

All Documents relating to marketing of the Accused Devices that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other Documents related to testing of advertisements or advertisement messaging.

**REQUEST NO. 136**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for one of the Accused Devices, or one of the Accused Devices for an Apple product.

**REQUEST NO. 137**

All Documents relating to Samsung's policies for the retention of documents.

**REQUEST NO. 138**

All Documents relating to Samsung's policies for the retention of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 139**

All Documents relating to Samsung's policies for the destruction or overwriting of documents.

**REQUEST NO. 140**

All Documents relating to Samsung's policies for the destruction or overwriting of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 141**

All Documents relating to the treatment of documents when a Samsung employee leaves the employment of Samsung.

**REQUEST NO. 142**

All Documents relating to the treatment of documents when a Samsung employee's computer is replaced or ceases to be used by that employee.

**REQUEST NO. 143**

All Documents relating to the suspension of destruction or overwriting of documents.

**REQUEST NO. 144**

All Documents relating to the suspension of destruction or overwriting of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 145**

All Documents relating to preventing spoliation of potential evidence.

**REQUEST NO. 146**

All Documents relating to preventing spoliation of potential evidence related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 147**

All Documents relating to spoliation of potential evidence.

**REQUEST NO. 148**

All Documents relating to spoliation of potential evidence related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 149**

All Documents relating to the creation or retention of backup and/or archive media.

**REQUEST NO. 150**

All Documents that refer to, relate to or evidence any communications between Apple (or its representatives) and Samsung (or its representatives, or its affiliates) generally or concerning any of the Patents-in-Suit or related patent applications of Apple, including without limitation any discussion, consideration, or analysis by Samsung or its representatives or affiliates, prior or subsequent to such communications, regarding any of the Patents-in-Suit, and whether Samsung should or would license, buy, acquire or otherwise obtain rights under any of the Patents-in-Suit or related patent applications of Apple.

**REQUEST NO. 151**

All Documents that refer to, relate to or evidence any consideration, negotiation, recommendation, or proposal to license, buy, acquire or otherwise obtain rights under any of the Patents-in-Suit or related patent applications of Apple.

**REQUEST NO. 152**

All Documents, including, without limitation, claim charts, opinions, tests and technical analyses, relied upon or referred to in determining whether or not to assert any affirmative defenses or counterclaim(s) in this action.

**REQUEST NO. 153**

All Documents relied upon or consulted in deciding whether to admit or deny any allegation in Apple's Complaint in this action.

**REQUEST NO. 154**

All Documents that support, refute, or relate to any affirmative defenses asserted by Samsung in this action.

**REQUEST NO. 155**

All Documents that support, refute, or relate to any counterclaims asserted by Samsung in this action.


Dated: April 11, 2012                    GIBSON, DUNN & CRUTCHER LLP


                                         By: Sarah E. Simmons
                                         *Attorneys for Apple Inc.*

# CERTIFICATE OF SERVICE

I, Sarah Simmons, hereby certify that on this 11th day of April, 2012, I did cause Apple Inc.'s Second Set of Requests for Production to be served on the following listed below and in the manner so indicated.

<u>By Electronic Mail</u>

Victoria F. Maroulis
Kevin P.B. Johnson
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com

Dated:  April 11, 2012                            /s/ Sarah E. Simmons
                                                  Sarah E. Simmons