1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129 (CA);
7   2542082 (NY))
    kevinjohnson@quinnemanuel.com
8   Victoria F. Maroulis (Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
9   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
10  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
11
    William C. Price (Bar No. 108542)
12  williamprice@quinnemanuel.com
    Patrick M. Shields (Bar No. 204739)
13  patrickshields@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
14  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
15  Facsimile: (213) 443-3100

16  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
17  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC
18

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

19              UNITED STATES DISTRICT COURT

20      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 21  APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| 22              Plaintiff, | **SAMSUNG'S PATENT LOCAL RULE** |
| 23          vs. | **3-3 AND 3-4 DISCLOSURES** |
| 24  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 25  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 26  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 27              Defendants. | |
| 28 | |

Pursuant to the Court's Minute Order and Case Management Order, and Patent Local Rules 3-3 and 3-4, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") submit invalidity contentions and document productions for U.S. Patent Numbers 5,666,502 ("the '502 Patent"); 5,946,647 ("the '647 patent"); 6,847,959 ("the '959 patent"); 7,761,414 ("the '414 patent); 8,014,760 ("the '760 patent); 8,046,721 ("the '721 patent"); 8,074,172 ("the '172 patent"); and 8,086,604 ("the '604 patent") (collectively, "Apple Asserted Patents"). Apple Inc. is referred to herein as "Apple" or "Plaintiff."

## PATENT LOCAL RULE 3-3 DISCLOSURES

1.      This disclosure is directed to preliminary invalidity and unenforceability issues only and does not address claim construction or non-infringement. Samsung reserves all rights with respect to such issues, including but not limited to its position that claims of the Apple Asserted Patents are to be construed in a particular manner and are not infringed.

2.      These invalidity contentions are preliminary and are based on Samsung's current knowledge, understanding, and belief as to the facts and information available as of the date of these contentions. Samsung has not yet completed its investigation, discovery, or analysis of information related to this action, and additional discovery may require Samsung to supplement or amend its invalidity contentions. While Samsung has made a good-faith effort to provide a comprehensive list of prior art relevant to this case, Samsung reserves the right to modify or supplement its prior art list and invalidity contentions at a later time with or based upon pertinent information that may be subsequently discovered from Apple or third-parties. Moreover, discovery is ongoing and Samsung reserves the right to pursue all other defenses that may be available to it, including but not limited to defenses that the Apple Asserted Patents are unenforceable based on laches, estoppel, waiver acquiescence, inequitable conduct, patent misuse, patent exhaustion, express or implied license, or any other grounds.

3.      Any invalidity analysis depends, ultimately, upon claim construction, which is a question of law reserved for the Court. The asserted claims have not yet been construed by the Court in this case and, thus, Samsung has not yet had the opportunity to compare the asserted

1   claims of the Apple Asserted Patents (as construed by the Court) with the prior art.  Samsung

2   reserves the right to amend, supplement, or materially modify its invalidity contentions after the

3   claims have been construed by the Court.  Samsung also reserves the right to amend, supplement,

4   or materially modify its invalidity contentions based on any claim construction positions that

5   Apple may take in this case.  Samsung also reserves the right to assert that a claim is indefinite,

6   not enabled, or fails to meet the written description requirement based on any claim construction

7   position Plaintiff may take in this case or based on any claim construction the Court may adopt in

8   this case.

9          4.      Samsung's invalidity contentions are directed to the claims asserted by Plaintiff that

10  are identified in Plaintiff's June 15, 2012 Disclosure of Asserted Claims and Infringement

11  Contentions.  In its Infringement Contentions, however, Plaintiff states that it "reserves the right to

12  supplement or amend these disclosures as further facts are revealed during the course of this

13  litigation."  Samsung therefore reserves the right to modify, amend, supplement or otherwise alter

14  its invalidity contentions in the event that Plaintiff supplements or amends its infringement

15  contentions or takes a claim construction position that is different than or in addition to those set

16  forth in its infringement contentions, or for any other reason constituting good cause to modify,

17  amend, supplement or otherwise alter these invalidity contentions.

18         5.      Samsung further contends that Plaintiff appears to be pursuing overly broad

19  constructions of the asserted claims of the Apple Asserted Patents in an effort to piece together an

20  infringement claim where none exists and to accuse products that do not practice the claims as

21  properly construed.  At the same time, Plaintiff's infringement contentions are in many places too

22  general and vague to discern exactly how Plaintiff contends each accused product practices each

23  element of the asserted claims.  These invalidity contentions are not intended to be, and are not, an

24  admission that the asserted claims are infringed by any of Samsung's products or technology, that

25  any particular feature or aspect of any of the accused products practices any elements of the

26  asserted claims, or that any of Plaintiff's apparent constructions are supportable or proper.  To the

27  extent that any of the prior art discloses the same functionality or feature of any of the accused

28  products, Samsung reserves the right to argue that said feature or functionality does not practice

1  any element of any of the asserted claims, and to argue, in the alternative, that if said feature or

2  functionality is found to practice any element of any of the asserted claims of the Apple Asserted

3  Patents, then the prior art reference demonstrates that that element is not novel to the invention

4  and that the claim is not patentable.

5        6.      Attached hereto as Exhibits A through H are representative claim charts that

6  demonstrate how the asserted claims of the Apple Asserted Patents are invalid in view of certain

7  prior art.  The references cited in Exhibits A through H may disclose the limitations of the asserted

8  claims of the Apple Asserted Patents either expressly and/or inherently.  Moreover, the suggested

9  obviousness combinations are in the alternative to Samsung's anticipation contentions.  The

10  obviousness combinations set forth in these contentions should not be construed to suggest that

11  any reference included in any combination is not anticipatory in its own right.

12        7.      In this action, Plaintiff asserts that Samsung infringes certain claims of the Apple

13  Asserted Patents.  Although Plaintiff asserts that these claims are either literally infringed or

14  infringed under the doctrine of equivalents, Plaintiff has failed to provide any analysis or

15  explanation regarding alleged infringement of the asserted claims of the patents-in-suit under the

16  doctrine of equivalents.  Samsung reserves its rights to modify, amend, supplement or otherwise

17  alter its preliminary infringement contentions in the event Plaintiff is permitted to modify, amend,

18  supplement, or clarify their infringement contentions with respect to direct infringement (literal

19  and under the doctrine of equivalents).

20        8.      Samsung is providing invalidity contentions only for the claims asserted by

21  Plaintiff, but hereby reserves the right to seek invalidation of all claims in each of the Apple

22  Asserted Patents.

23        9.      Samsung reserves the right to modify, amend, or supplement these disclosures as

24  additional information becomes available, and as its discovery and investigation proceed.

25

26

27

28

# I.      THE '502 PATENT

## A.      Local Patent Rule 3-3(a):  Identification of Prior Art[1]

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '502 Patent:

### 1.      Patent References[2]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|-------------------|---------------|---------------|---------------|
| US | 4,330,845 | May 18, 1982 | Dec. 31, 1979 |
| US | 4,559,598 | Dec. 17, 1985 | Feb. 22, 1983 |
| US | 4,737,980 | Apr. 12, 1988 | July 19, 1985 |
| US | 4,862,498 | Aug. 29, 1989 | Nov. 28, 1986 |
| US | 4,896,291 | Jan. 23, 1990 | May 20, 1988 |
| US | 5,007,019 | Apr. 9, 1991 | Jan. 5, 1989 |
| US | 5,041,967 | Aug. 20, 1991 | Oct. 13, 1987 |
| US | 5,103,498 | Apr. 7, 1992 | Aug. 2, 1990 |
| US | 5,265,014 | Nov. 23, 1993 | Apr. 10, 1990 |
| US | 5,317,646 | May 31, 1994 | Mar. 24, 1992 |
| US | 5,357,431 | Oct. 18, 1994 | Jan. 25, 1993 |
| US | 5,386,298 | Jan. 31, 1995 | Apr. 26, 1993 |
| US | 5,396,419 | Mar. 7, 1995 | Sep. 8, 1992 |
| US | 5,455,901 | Oct. 3, 1995 | Sep. 12, 1994 |
| US | 5,459,488 | Oct. 17, 1995 | Jan. 19, 1993 |
| US | 5,479,536 | Dec. 26, 1995 | Nov. 27, 1991 |
| US | 5,495,565 | Feb. 27, 1996 | June 21, 1994 |
| US | 5,513,308 | Apr. 30, 1996 | Sep. 1, 1993 |
| US | 5,537,618 | July 16, 1996 | Dec. 23, 1993 |
| US | 5,555,496 | Sep. 10, 1996 | May 6, 1994 |
| US | 5,557,515 | Sep. 17, 1996 | Aug. 11, 1989 |
| US | 5,574,482 | Nov. 12, 1996 | May 17, 1994 |
| US | 5,608,898 | Mar. 4, 1997 | Nov. 12, 1992 |
| US | 5,619,708 | Apr. 8, 1997 | Oct. 25, 1994 |
| US | 5,623,681 | Apr. 22, 1997 | Nov. 19, 1993 |
| US | 5,632,022 | May 20, 1997 | Nov. 13, 1991 |
| US | 5,644,735 | July 1, 1997 | May 27, 1992 |
| US | 5,675,362 | Oct. 7, 1997 | Nov. 14, 1988 |
| US | 5,682,510 | Oct. 28, 1997 | Mar. 30, 1995 |
| US | 5,682,538 | Oct. 28, 1997 | Aug. 12, 1994 |
| US | 5,704,029 | Dec. 30, 1997 | May 23, 1994 |
| US | 5,724,449 | Mar. 3, 1998 | Nov. 27, 1991 |
| US | 5,748,512 | May 5, 1998 | Feb. 28, 1995 |

---

[1]   To the extent one or more prior art patents, publications, or systems are identified in the claim charts attached as Exhibits A-H to this document, but are not included in the tables and lists below for each patent, those prior art patents, publications, or systems should also be considered as prior art to the asserted patents.

[2]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 5,752,054 | May 12, 1998 | June 6, 1995 |
| US | 5,799,107 | Aug. 25, 1998 | Oct. 15, 1997 |
| US | 5,805,676 | Sep. 8, 1998 | May 19, 1995 |
| US | 5,818,437 | Oct. 6, 1998 | July 26, 1995 |
| US | 5,835,635 | Nov. 10, 1998 | June 27, 1995 |
| US | 6,008,799 | Dec. 28, 1999 | May 24, 1994 |
| US | 6,018,342 | Jan. 25, 2000 | July 3, 1995 |
| US | 7,136,710 | Nov. 14, 2006 | Dec. 23, 1991 |

2.    **Publications**[3]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| A Modular and Flexible Architecture for an Integrated Corpus Query System | July 1994 | Oliver Christ | Cornell University |
| A Pen-Based Database Interface for Mobile Computers | 1994 | Rafael Alonso and V.S. Mani | Institute of Electrical and Electronics Engineers |
| Adaptive and Predictive Techniques in a Communication Prosthesis | 1987 | Andrew L. Swiffin, John L. Arnott, J. Adrian Pickering, and Alan F. Newell | Informa Healthcare |
| Adaptive predictive text generation and the reactive keyboard | 1989 | John Darragh, John Joseph | University of Calgary |
| A Stylus-Based User Interface for Text: Entry and Editing | June 1991 | Aaron Goodisman | Massachusetts Institute of Technology |
| Adaptive predictive text generation and the reactive keyboard | 1991 | John J. Darragh and Ian H. Witten | Elsevier |
| Context and Orientation in Hypermedia Networks | 1989 | Kenneth Utting and Nicole Yankelovich | Association for Computing Machinery |
| Designing the User Interface | 1992 | Ben Schneiderman | Addison-Wesley |
| Enhancing the Usability of an Office Information System Through Direct Manipulation | Dec. 1983 | Alison Lee and F.H. Lochovsky | Association for Computing Machinery |
| Facilitating the Development of Representations in Hypertext with IDE | Nov. 1989 | Daniel S. Jordan, Daniel M. Russell, Anne-Marie S. | Association for Computing Machinery |

---

[3]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| | | Jensen, and Russell A. Rogers | |
| IBM Simon User's Manual | 1994 | | IBM |
| Investigations into History Tools for User Support | Apr. 1992 | Alison Lee | University of Toronto |
| Marquise: Creating Complete User Interfaces by Demonstration | Apr. 1993 | Brad A. Myers, Richard G. McDaniel, and David S. Kosbie | Association for Computing Machinery |
| Microsoft Foundation Class Primer | 1993 | Jim Conger | Waite Group Press |
| Pen Computing: A Technology Overview and a Vision | July 1995 | Andre Meyer | Association for Computing Machinery |
| Predictive interfaces: What will they think of next? | Nov. 1991 | Saul Greenberg, John Darragh, David Maulsby, and Ian H. Witten | University of Calgary |
| Predictive interfaces: What will they think of next? | 1995 | Saul Greenberg, John Darragh, David Maulsby, and Ian H. Witten | Association for Computing Machinery |
| Reducing Keystroke Counts with a Predictive Computer Interface | 1982 | Ian H. Witten, John G. Cleary, John J. Darragh, and David R. Hill | Institute of Electrical and Electronics Engineers |
| Software Interface for the Touch-Sensitive Menu of the Technician's Assister System | Dec. 20, 1990 | Joseph A. Molnar and Sonia Faletti | Defense Technical Information Center |
| Split Menus: Effectively Using Selection Frequency to Organize Menus | Mar. 1994 | Andrew Sears and Ben Schneiderman | Association for Computing Machinery |
| Supporting command reuse: empirical foundations and principles | Feb. 1993 | Saul Greenberg and Ian H. Witten | Academic Press |
| Supporting Command Reuse: Mechanisms for Reuse | Feb. 1993 | Saul Greenberg and Ian H. Witten | Academic Press |
| The Computer User as Toolsmith: The Use, Reuse, and Organization of Computer-based Tools | 1993 | Saul Greenberg | Cambridge University Press |
| The Design of a Graphical Browsing Interface for a Hypertext System | Feb. 25, 1994 | Joslyn A.A. Smith | University of New Brunswick |
| The Human Factors of Graphic Interaction: Tasks | Dec. 1980 | James D. Foley and Peggy Chan | Defense Technical |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| and Techniques | | | Information Center |
| The Information Grid: A Framework for Information Retrieval and Retrieval-Centered Applications | Nov. 1992 | Ramana Rao, Stuart K. Card, Herbert D. Jellinek, Jock D. Mackinlay, and George G. Robertson | Association for Computing Machinery |
| The XKWIC User Manual | Aug. 2, 1995 | Oliver Christ | Institut für maschinelle Sprachverarbeitung, Universität Stuttgart |
| Tools for Supporting the Collaborative Process | Nov. 1992 | James R. Rhyne and Catherine G. Wolf | Association for Computing Machinery |
| Touch-sensitive screens: the technologies and their application | 1986 | J.A. Pickering | Elsevier |
| User modeling in interactive computer systems | 1984 | Saul Greenberg and Ian H. Witten | University of Calgary |
| Using a touchscreen for simple tasks | 1990 | John D. Gould, Sharon L. Greene, Stephen J. Boies, Antonia Meluson and Manvan Rasamny | IBM T.J. Watson Research Center |
| Using Graphic History in Browsing the World Wide Web | May 1995 | Eric Z. Ayers and John T. Stasko | Georgia Institute of Technology |

3.      **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '502 Patent, including documents and source code describing the same:

- Windows 95 Preview Program Builds

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other

references to render the claims of the '502 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit A.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-2, 4-5, 8, 11, 13-17, 20, 22-24 and 26 of the '502 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '502 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit A.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

1.      **Anticipation**

Some or all of the asserted claims of the '502 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit A, which identify specific examples of where each limitation of the asserted

1   claims is found in the prior art references.  As explained above, the cited portions of prior art

2   references identified in the attached claim charts are exemplary only and representative of the

3   content and teaching of the prior art references, and should be understood in the context of the

4   reference as a whole and as they would be understood by a person of ordinary skill in the art.

5           2.   **Obviousness**

6           To the extent any limitation is deemed not to be exactly met by an item of prior art listed

7   above and in Exhibit A, then any purported differences are such that the claimed subject matter as

8   a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

9   view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

10  therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

11          In addition, the references identified above render one or more asserted claims of the '502

12  Patent obvious when the references are read in combination with each other, and/or when read in

13  view of the state of the art and knowledge of those skilled in the art.  Each and every reference

14  identified is also relevant to the state of the art at the time of the alleged invention.  Any of the

15  references disclosed above may be combined to render obvious (and therefore invalid) each of

16  Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or

17  all of the references identified above, including all references in Exhibit A, for purposes of

18  obviousness depending on the Court's claim construction, positions taken by Apple during this

19  litigation, and further investigation and discovery.

20          Moreover, to the extent the foregoing references are found not to anticipate the asserted

21  claims, the foregoing references render the asserted claims obvious either alone or in combination

22  with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained

23  herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

24  at the time of the alleged invention of the asserted claims of the '502 Patent to combine the various

25  references cited herein so as to practice the asserted claims of the '502 Patent.

26          Motivations to combine the above items of prior art are present in the references

27  themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or

28  the nature of the problems allegedly addressed by the '502 Patent.  Combining the references

disclosed in Exhibit A would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits A-1 to A-6, which includes exemplary claim charts for the asserted claims of the '502 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.  Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.     Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits A-1 to A-6.

**D.     Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '502 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

**1.     Invalidity Based on 35 U.S.C. § 101**

The asserted claims of the '502 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in computer systems and programming languages.  For example, "a list of choices is produced", "stores historical information", "the select choice is input into said computer system and displayed", "determining whether the user has selected an item", "assigning a data value", "determining whether the data value already exists", "adding the data value", "data values within the history table correspond directly or indirectly or input values", "updating the usage information" each refer only to programming abstractions or the manipulation of information; these are concepts, not physical objects or tangible matter.

**2.     Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '502 Patent is invalid in that the '502 specification fails to particularly point out and distinctly claim the alleged invention of the '502 Patent.  Samsung further asserts that each asserted claim of the '502 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and

using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1, 2, 5, 8, 11, 15-17, 20, 23-24, 26 of the '502 Patent are invalid for reciting the following claim terms/phrases:

- "input tablet"

- "field of a form" / "field of the form" / "a form having at least one field" / "a form"

- "a list of choices is produced from said history table"

- "historical information concerning usage of data values" / "usage information"

- "history table for the field class corresponding to the field is updated" / "updating the history list" / "updating the history table" / "updating the usage information corresponding to the data value to reflect its recent usage"

- "requiring data input" / "requiring data entry"

- "field class corresponding to the field" / "the field being associated with one of the field classes"

- "selecting the history list for the field based on the field class associated with the field"

- "a history list associated with the field class"

- "determining whether the user has selected an item from the displayed history list" / "assigning a data value for the field to that of a data value associated with the selected item"

- "identifying the history table for the field class associated with the field"

- "for the field class"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention

would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '502 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.

Samsung further asserts that claim 26 is invalid for reciting at least the following claim terms/phrases:

- "computer readable code devices for displaying . . ."
- "computer readable code devices for determining . . ."
- "computer readable code devices for assigning . . ."
- "computer readable code devices for updating . . ."

Each of these claims is governed by 35 U.S.C. § 112, paragraph 6.  The '502 patent specification, however, fails to set forth the structure, material or acts for accomplishing the claimed computer readable code devices.  Each of these claims is therefore invalid as indefinite under 35 U.S.C. § 112(2).

In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.

For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## II.     THE '647 PATENT

### A.     Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '647 Patent:

1.   **Patent References**[4]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| JP | H6-342426 | Dec. 13, 1994 | May 31, 1993 |
| JP | H2-184155 | July 18, 1990 | Jan. 11, 1989 |
| JP | H2-158875 | June 19, 1990 | Dec. 13, 1988 |
| KP | 1995-0007892B1 | Sep. 15, 1994 | Feb 1, 1993 |
| EP | 0 458 563 | May 20, 1991 | May 21, 1990 |
| EP | 369013A1 | Feb. 15, 1995 | Jul. 31, 1987 |
| EP | 458563A2 | Nov. 27, 1991 | May 21, 1990 |
| EP | 635808A2 | Jan. 25, 1995 | Jul., 21, 1993 |
| USA | 4,227,245 | Oct. 7, 1980 | Jun. 1, 1972 |
| USA | 4,818,131 | Apr. 4, 1989 | Dec. 29, 1985 |
| JP | 5027962A | Feb. 5, 1993 | July 22, 1991 |
| USA | 5,101,424 | Mar. 31, 1193 | Sep. 8, 1990 |
| USA | 5,212,792 | May 18, 1993 | June 1, 1989 |
| USA | 5,261,042 | Nov. 9, 1993 | Nov. 20, 1989 |
| USA | 5,301,350 | Apr. 5, 1994 | Oct. 10, 1989 |
| USA | 5,359,317 | Oct. 25, 1994 | Oct. 9, 1992 |
| USA | 5,369,778 | Nov. 29, 1994 | Aug. 21, 1987 |
| USA | 5,375,200 | Dec. 20, 1994 | Nov. 13, 1992 |
| USA | 5,375,201 | Dec. 20, 1994 | Dec. 18, 1992 |
| USA | 5,398,336 | Mar. 14, 1995 | Oct. 16, 1990 |
| USA | 5,418,717 | May 23, 1995 | Aug. 27, 1990 |
| USA | 5,437,036 | Jul. 25, 1995 | Sep. 3, 1992 |
| USA | 5,463,772 | Oct. 31, 1995 | Apr. 23, 1993 |
| USA | 5,483,352 | Jan. 9, 1996 | Aug. 27, 1992 |
| USA | 5,572,643 | Nov. 5, 1996 | Oct. 19, 1995 |
| USA | 5,604,897 | Feb. 18, 1997 | May 18, 1990 |
| USA | 5,606,712 | Feb. 25, 1997 | July 19, 1993 |
| USA | 5,634,124 | May 27, 1997 | Aug. 21, 1987 |
| USA | 5,649,222 | Jul. 15, 1997 | May 8, 1995 |
| USA | 5,671,427 | Sep. 23, 1997 | Oct. 12, 1994 |
| USA | 5,737,734 | Apr. 7, 1998 | Sep. 15, 1995 |
| USA | 5,774,729 | June 30, 1998 | Dec. 19, 1991 |
| USA | 5,787,432 | Jul. 28, 1998 | Dec. 6, 1990 |
| USA | 5,790,793 | Aug. 4, 1998 | Apr. 4, 1995 |
| USA | 5,799,268 | Aug. 25, 1998 | Sep. 28, 1994 |
| USA | 5,859,636 | Jan. 12, 1995 | Dec. 27, 1995 |
| USA | 5,905,890 | May 18,1999 | Oct. 27, 1993 |
| USA | 5,995,106 | Nov. 30, 1999 | May 24, 1993 |
| USA | 6,115,710 | Sep. 5, 2000 | Sep. 28, 1989 |
| USA | 6,259,446 | July 10, 2001 | Dec. 23, 1992 |
| USA | 6,678,706 | Jan. 13, 2004 | Apr. 18, 1991 |
| USA | 7,006,881 | Feb. 28, 2006 | Dec. 23, 1991 |

---

[4]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

2.      **Publications**[5]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| A Fast Algorithm for Multi-Pattern Searching | May 1994 | Sun Wu | N/A |
| A Methodology for the Automatic Construction of a Hypertext for Information Retrieval. | 1993 | Maristella Agosti; Fabio Crestani | N/A |
| A Relaxation Method for Understanding Speech Utterances. | 1992 | Stephanie Seneff | N/A |
| A System For Discovering Relationships by Feature Extraction from Text Databases | Aug 1994 | Jack G. Conrad and Mary Hunter Utt | N/A |
| A Taxonomy of See-Through Tools. | Apr. 24-28, 1994 | Eric A. Bier; Maureen C. Stone; Ken Fishkin; William Buxton; Thomas Baudel | N/A |
| A Template Matcher for Robust NL Interpretation. | 1991 | Eric Jackson; Douglas Appelt; John Bear; Robert Moore; Ann Podlozny | N/A |
| Actions (scripts) - Actions are AppleScript scripts which perform tasks using the detected text. | 1997 | Apple Computer | N/A |
| Actions (scripts) - Tips and Tricks | 1997 | Apple Computer | N/A |
| Actions (scripts) - Writing AppleScript Actions for Detectors | 1997 | Apple Computer | N/A |
| Actions (scripts) - Writing AppleScript Actions for Detectors (extracting the detected text) | 1997 | Apple Computer | N/A |
| Actions (scripts) - Writing AppleScript Actions for Detectors (Running the Script) | 1997 | Apple Computer | N/A |
| Actions (scripts) - Writing AppleScript Actions for Detectors (Script Body) | 1997 | Apple Computer | N/A |
| Actions (scripts) - Writing AppleScript Actions for Detectors (USCityState Detector) | 1997 | Apple Computer | N/A |
| Agents of Alienation. | Jul. 1995 | Jaron Lanier | N/A |

---

[5]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Agents that Reduce work and Information Overload. | Jul. 1994 | Patti Maes | N/A |
| An Efficient Context-Free Parsing Algorithm. | Apr. 1969 | Jay Earley | N/A |
| An Open Agent Architecture. | 1994 | Philip R. Cohen; Adam Cheyer; Michelle Wang; Soon Cheol Baeg | N/A |
| Anaphora in a Wider Context: Tracking Discourse Referents. | 1996 | Christopher Kennedy; Branimir Boguraev | N/A |
| Apple Developer CD Series | Including but not limited to Nov. 1992, Dec. 1993, Mar. 1994, Jun. 1994, Sep. 1994, Dec. 1994, Jun. 1995, Aug. 1995, Sep. 1995, Nov. 1995, Dec. 1995, Feb. 1996, Mar. 1996, Jun. 1996, Aug. 1996, and Nov. 1996 | Apple Developer Group | N/A |
| Apple Human Interface Guidelines | 1992 | | N/A |
| Apple Newton – Backing up pre-installed software packages using a storage card | 1995 | N/A | N/A |
| Apple Newton – Features of the Newton 2.0 Operating System | Undated | N/A | N/A |
| Apple Newton – Flow Charts | Undated | N/A | N/A |
| Apple Newton – Hardware Guide | Undated | Joe Tate | N/A |
| Apple Newton – Internal Serial Slot Designer's Guide | Undated | N/A | N/A |
| Apple Newton – Message Pad Accessories | Undated | N/A | N/A |
| Apple Newton – Message Pad Handbook | 1995 | N/A | N/A |
| Apple Newton – Message Pad Specifications | Undated | N/A | N/A |
| Apple Newton – Programmer's Guide | Undated | Don Mills | N/A |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Apple Newton – Programmer's Reference | Undated | N/A | N/A |
| Apple Newton – ROM Board Designer's Guide | Undated | N/A | N/A |
| Apple Newton – Solutions Guide vol. 1 & 2 | 1995 | David Nagel | N/A |
| Apple Newton – System Update 1.3 | 1995 | N/A | N/A |
| Applescript – The Easy Way is the Right Way | 1998 | Apple Computer, Inc. | N/A |
| At Macworld, Apple failed to regain believers among the once faithful | Jan. 13, 1997 | Denise Caruso | N/A |
| Automatic Authoring and Construction of Hypermedia for Information Retrieval. | Feb. 1995 | Maristella Agosti; Massimo Melucci; Fabio Crestani | N/A |
| Automatic Hypertext Construction. | Jan. 1995 | James Allan | N/A |
| Automatic Structuring and Retrieval of Large Text Files | Feb. 1994 | Gerard Salton, James Allan, and Chris Buckley | Association for Computing Machinery |
| Automatic Text Processing: The Transformation, Analysis, and Retrieval of Information by Computer | 1989 | Gerard Salton | N/A |
| Automatic Text Structuring and Retrieval – Experiments in Automatic Encyclopedia Searching. | 1991 | Gerard Salton; Chris Buckley | N/A |
| Byte cover story entitled "The Point of the Pen" | Feb. 1991 | Robert Carr | McGraw-Hill |
| Cambridge Journals, "National Language Engineering" | Mar. 1995 | N/A | N/A |
| Collaborative Programmable Intelligent Agents. | 1998 | Bonnie A. Nardi; James R. Miller; David J. Wright | N/A |
| Complete Guide to the NextStep User Environment. | 1993 | Michael B. Shebanek | N/A |
| Connecting – With Your EO Cellular Module | 1992 | Ann Cullen | EO Publications |
| Converting a Textbook to Hypertext | July 1992 | Roy Rada | Association for Computing Machinery |
| Creating Highly-Interactive and Graphical User Interfaces by Demonstration. | Aug. 1986 | Brad A. Myers; William Buxton | N/A |
| Creating User Interfaces Using Programming by Example, | Apr. 1990 | Brad A. Myers | N/A |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Visual Programming, and Constraints. | | | |
| Currency Detectors | 1997 | Apple Computer | N/A |
| CyberDesk: A Framework for Providing Self-Integrating Context-Aware Services. | 1998 | Anind K. Dey; Gregory D. Abowd Andrew Wood | N/A |
| Data Detectors – summary | 1997 | Apple Computer | N/A |
| Demonstrational Techniques for Instructible Interface Agents. | Mar. 1994 | Henry Lieberman | N/A |
| Detectors - definition | 1997 | Apple Computer | N/A |
| Developing Adaptive Systems To Fit Individual Aptitudes. | 1992 | David Benyon; Dianne Murray | N/A |
| Developing for the User | May 19, 1988 | Robert Carr | M&T Publishing |
| "Dexter With Open Eyes," | February 1994 | John L. Leggett and John L. Schnase | Communications of the Association for Computing Machinery, |
| Documents as User Interfaces. | 1991 | Eric A. Bier; Ken Pier | N/A |
| Downloading the Apple Data Detectors SDK for developers. | 1997 | Apple Computer | N/A |
| Dr. Dobb's Journal Article entitled, "A Conversation with Robert Carr Part II" | Dec. 1991 | Michael Swaine | M&T Publishing |
| Dr. Dobb's Journal of Software Tools for the Professional Programmer – Avoiding Software Pitfalls | May 19, 1988 | N/A | M&T Publishing |
| Dr. Dobb's Journal of Software Tools for the Professional Programmer –  Operating System Platforms | Nov. 1991 | N/A | M&T Publishing |
| Drop Zones: An Extension to LiveDoc. | Apr. 1998 | Thomas Bonura; James R. Miller | N/A |
| Eager Demonstration Video | 1991 | Allen Cypher | N/A |
| Eager: Programming Repetitive Tasks By Example. | Apr 28-May 2, 1991 | Allen Cypher | N/A |
| Effective Video Screen Displays: Cognitive Style and Cuing Effectiveness | Jan. 1994 | Kenneth A. Cory | SIGCHI Bulletin |
| Embedded Menus:  Selecting Items in Context | 1986 | Larry Koved; Ben Shneiderman | N/A |
| Embedded Menus: Selecting Items In Context | Apr. 1986 | Larry Koved and Ben Schneiderman | Association for Computing Machinery |
| Embedded Menus: Selecting Items in Context, ACM Vol. 29 No. 4 | Apr. 1986 | Larry Koved; Ben Schneiderman | N/A |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| EmbeddedButtons: Documents as User Interfaces | Nov. 1991 | Eric A. Bier | Association for Computing Machinery |
| Entering the World-Wide Web: A Guide to Cyberspace. | Mar. 1994 | Kevin Hughes | N/A |
| Experiments with Oval: A Radically Tailorable Tool for Cooperative Work. | Apr. 1995 | Thomas W. Malone; Kum-Yew Lai; Christopher Fry | N/A |
| Exploring EXPECT: A Tcl-based Toolkit for Automating Interactive Programs. | Dec. 1, 1994 | Don Libes | N/A |
| Finding and Reminding File Organization from the Desktop. | Jul. 1995 | Deborah Barreau; Bonnie A. Nardi | N/A |
| Formal Languages and Their Relation to Automata | 1969 | John Hopcroft and Jeffrey Ullman | Addison-Wesley |
| Fortune article entitled "Hot New PCs That Read Your Writing" | Feb. 11, 1991 | Brenton R. Schlender | The Time Inc Magazine Company |
| From documents to objects: An overview of LiveDoc. | Apr. 1998 | Jim Miller; Thomas Bonura | N/A |
| FYI, revised draft URL document | Aug. 5, 1994 | Tim Berners-Lee, Larry Masinter, Mark McCahill | N/A |
| Getting Results with Microsoft Office. | 1995 | Microsoft | N/A |
| Getting Started – With Your EO Personal Communicator | 1992 | Ann Cullen | EO Publications |
| Getting Started with PenPoint [Version 1.0] | 1992 | N/A | N/A |
| GNU Emacs:  UNIX Text Editing and Programming. | 1992 | Michael A. Schoonover; John S. Bowie; William R. Arnold | N/A |
| GNU Emacs: goto-addr.el extension | Aug. 15, 1995 | Eric Ding | N/A |
| GO Corporation – At Last, Technology Harnesses One of The Most Powerful Forces Known to Man | 1991 | N/A | N/A |
| Go Corporation Business Plan | June 23, 1988 | N/A | N/A |
| GO Corporation Current Status & Future Goals | Undated | N/A | N/A |
| Graphical Search and Replace. | Aug. 1988 | David Kurlander | N/A |
| Handwritten Notes –  Dr. Dobbs - "Designing Apps" | Undated | N/A | N/A |
| Handwritten Notes –  Software Development "Tips" | Undated | N/A | N/A |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| Handwritten Notes – "Key Philosophies of FW" | Undated | N/A | N/A |
| HieNet: A User-Centered Approach for Automatic Link Generation. | Nov. 1993 | Daniel T. Chang | N/A |
| http://graphcomp.com/info/specs/nets/ddeapi.html, April 1995 ("DDE") | Apr. 1995 | N/A | N/A |
| Hypertext: Concepts, Systems and Applications. | Nov. 1990 | N. Streitz; A. Rizk; J. Andre | N/A |
| Incorporating String Search in a Hypertext System: User Interface and Signature File Design Issues | 1990 | Faloutsos, Raymond Lee, Catherine Plaisant and Ben Shneiderman | HyperMedia |
| Incremental maintenance of semantic links in dynamically changing hypertext systems | 1990 | Simon M. Kaplan and Yoelle S. Maarek | Butterworth–Heinemann |
| Information For Developers" sheet | Undated | N/A | N/A |
| Intelligent Agents: What We Learned At The Library. | 1996 | Bonnie A. Nardi; Vicki O'Day | N/A |
| Interactive Constraint-Based Search And Replace. | May 3-7, 1992 | David Kurlander; Steven Feiner | N/A |
| Internet Address Detectors | 1997 | Apple Computer | N/A |
| Learning Perl | 1993 | Randall L. Schwartz | O'Reilly & Associates |
| Letter, The Indsiders Guide to The Personal Computer Industry, article entitled "Operating Systems GO's Got The Most Modern OS Around" | Jan. 28, 1991 | N/A | Industry Publishing Company |
| Looking for the Bright Side of User Interface Agents. | Jan. 1995 | Ben Schneiderman | N/A |
| Lookup Guide to the EO Personal Communicator | 1993 | Ann Cullen | EO Publications |
| Lotus Notes Application Development Handbook. | May 1995 | Erica Kerwien | N/A |
| The Lynx_users_guide.html file ("Lynx User Guide") entitled "Lynx User Guide Version 2.3" | May, 20, 1994 | N/A | N/A |
| Mac OS Discussion Forum – Apple Script | 1998 | Apple Computer | N/A |
| Managing Internet Information Services | 1994 | Cricket Liu | O'Reilly & Associates |
| Microsoft Foundation Class Primer | 1993 | Jim Conger | Waite Group Press |
| Multi-media RISSC Informatics Receiving Information with | 1986 | Daniela Rus; Devika | N/A |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| Structural Structural Components. | | Subramanian | |
| N2 Newton – Overview | Jul. 22, 1996 | N/A | N/A |
| N2 Newton – Power Adaptor Designer's Guide | Undated | N/A | N/A |
| N2 Newton – Power System Architecture | Undated | N/A | N/A |
| Newton Programmers Guide | 1994 | | Addison-Wesley |
| Parsing Techniques – a Practical Guide | 1990 | Dick Grune and Ceriel Jacobs | Ellis Horwood, Chichester |
| PC Magazine article entitled "First Looks, Hands-on Reviews of the Latest Products" | June 30, 1992 | Bruce Brown | N/A |
| PC Magazine article entitled "Power Programming, An Introduction to Pen-Based Computing" | Jan. 14, 1992 | Ray Duncan | N/A |
| PC Week article entitled "PenPoint Makes Its Debut with Support from 40 ISVs" | Apr. 20, 1992 | Erica Schroeder | N/A |
| PenApps Developer's Release – Software Development Kit | Undated | N/A | N/A |
| PenPoint - A Catalog of Products and Services | 1992 | N/A | N/A |
| PenPoint 1.01 SDK Installation and Release Notes | Sep. 27, 1992 | N/A | N/A |
| PenPoint API Reference Volume I | 1990 | N/A | Addison-Wesley |
| PenPoint Architectural Reference Volume I | 1991 | N/A | Addison-Wesley |
| PenPoint Architectural Reference Volume II | 1991 | N/A | Addison-Wesley |
| PenPoint Development Tools | 1991 | N/A | Addison-Wesley |
| PenPoint Getting Started | 1991 | N/A | N/A |
| PenPoint Introduction letter re Software Development Kit | Undated | N/A | N/A |
| PenPoint News Release "GO Announces PenPoint Operating System For Mobile Pen-based Computing" | Jan. 22, 1991 | N/A | N/A |
| PenPoint Notebook User Interface | 1991 | N/A | N/A |
| Penpoint Programming | 1992 | Andy Novobilski | Addison-Wesley |
| PenPoint User Interface Design Reference | 1991 | N/A | Addison-Wesley |
| Perspective Handbook | Nov. 1992 | N/A | |
| Pocket Guides – Eleven Basic PenPoint Gestures | 1991 | N/A | |
| POSIX Programmer's Guide | 1994 | Donald Lewine | O'Reilly & |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Writing Portable UNIX Programs | | | Associates |
| Programming Perl | 1991 | Larry Wall and Randall L. Schwartz | O'Reilly & Associates |
| Programming Windows: the Microsoft guide to writing applications for Windows 3 | 1990 | Charles Petzold | Microsoft Press |
| Release 1.0 – A Monthly Report | Jan. 22, 1991 | Esther Dyson | |
| Remote Interfaces and File System, Text and Handwriting Classes, Application Classes, Installation Classes, Miscellaneous Classes, and Windows & UI Toolkit Control Classes | Undated | N/A | N/A |
| Searching for the Missing Link: Discovering Implicit Structure in Spatial Hypertext | Nov. 1993 | Catherine C. Marshall and Frank M. Shipman III | Association for Computing Machinery |
| sed & awk | 1991 | Dale Dougherty | O'Reilly & Associates |
| Sidekick – The Desktop Organizer Just a Keystroke Away | 1985 | N/A | Borland International |
| Sidekick – The Desktop Organizer Just a Keystroke Away (Special Edition for AST Research Inc.) | Mar. 1985 | N/A | Borland International |
| Sidekick 2.0 Getting Started | 1991 | N/A | Borland International |
| Sidekick 2.0 User's Guide | 1991 | N/A | Borland International |
| Sidekick software and screenshots, version 1.52A | 1985 | N/A | N/A |
| Sidekick Version 1.5 Owner's Handbook | Mar. 1995 | N/A | Borland International Inc. |
| The Simon User Manual1 | 1994 | N/A | IBM |
| The AT&T EO Travel Guide | 1993 | Ken Maki | John Wiley & Sons, Inc. |
| The Computing Strategy Report | Mar. 1991 | William M. Bluestein and John C. McCarthy | Forrester Research Inc |
| The file mhonarc (the mail MHonArc Perl script) from the top level of the MHonArc distribution | Oct. 1, 1994 | N/A | N/A |
| The file mhonarc.txt from the doc directory of the MHonArc distribution | Oct. 1, 1994 | N/A | N/A |

Case No. 12-cv-00630-LHK
SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| The Mosaic Handbook for Microsoft Windows | 1994 | Dale Dougherty and Richard Koman | O'Reilly & Associates |
| The UNIX Programming Environment | 1984 | Brian W. Kernighan and Rob Pike | Prentice-Hall Inc. |
| The Windows Interface Guidelines — A Guide for Designing Software | Feb. 13, 1995 | N/A | N/A |
| The World of Messaging – An Introduction to Personal Communications | 1992 | Randy Stock | EO Publications |
| UNIX Applications Programming Mastering the Shell | 1990 | Ray Swartz | SAMS |
| UNIX in a Nutshell | 1994 | Daniel Gilly and the staff of O'Reilly & Associates, Inc. | O'Reilly & Associates |
| UNIX System V/386 Programmer's Reference Manual | 1988 | N/A | Prentice Hall |
| User interface design for the Hyperties electronic encyclopedia | Nov. 1987 | Ben Schneiderman | N/A |
| Using PenPoint [Version 1.0] | 1992 | N/A | N/A |
| Using Sidekick: The Desktop Organizer | 1988 | Phillp R. Robinson | McGraw-Hill |
| Visual Basic 4 Unleashed | 1995 | Conrad Scott et al. | Sams Publishing |

3.     **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '647 Patent, including documents and source code describing the same:

- Apple Message Pad

- Apple Newton

- AppleScript and/or Open Scripting Architecture

- Eager

- EO Personal Communicator 448 and 880

- Eudora
- GNU Emacs
- GriD Systems
- Homer
- Hypertext
- IBM ThinkPad 700T
- Internet Explorer
- Lotus Notes
- Lynx System
- mIRC
- Mosaic
- NCR 3125 and 3130
- NCSA Mosaic for X Window System Version 2.4
- Netscape Navigator
- Newton Operating System
- NeXTSTEP, NeXTStep, and/or OpenSTEP, including NXSpellChecker and NXSpellServer
- PenPoint Operating System
- Perspective
- Selection Recognition Agent
- Sidekick
- Simon
- SNOBAL
- Third-party software for Newton Operating System
- Third-party software for PenPoint Operating System, including but not limited to all editions of PenSoft Perspective
- Visual Basic

- • Visual CE

- • Windows 95 Beta

- • WordPerfect

- • X Window System

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references identified above to render the claims of the '647 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit B.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-2, 4, 6 and 8-9 of the '647 Patent against Samsung in this lawsuit. All of those claims are invalid because the '647 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit B.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified. Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references,

other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

### 1. Anticipation

Some or all of the asserted claims of the '647 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit B, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 2. Obviousness

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit B, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '647 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  In general, the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit B, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination

with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained

herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art

at the time of the alleged invention of the asserted claims of the '647 Patent to combine the various

references cited herein so as to practice the asserted claims of the '647 Patent.

Motivations to combine the above items of prior art are present in the references

themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or

the nature of the problems allegedly addressed by the '647 Patent.  Combining the references

disclosed in Exhibit B would have been obvious, as the references identify and address the same

technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to

amend or supplement these invalidity contentions to identify additional reasons that combining the

references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious,

alone or in combination with other references, including identification of combinations showing

obviousness, are identified in Exhibits B-1 through B-14, which includes exemplary claim charts

for the asserted claims of the '647 Patent showing specifically where in each reference or

combinations of references each asserted claim is found, and an explanation of why the prior art

renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '647 Patent would have

been obvious in view of the prior art references identified above.  For example, Exhibit B includes

exemplary claim charts that describe how the asserted claims of the '647 Patent would have been

obvious in view of all references identified in Exhibit B, which, if found not to anticipate the

claims of the '647 Patent, render the claims of the '647 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of

groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any

1    prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations

2    disclosed within the prosecution history of the references cited herein.

3         The obviousness combinations set forth in these contentions reflect Samsung's present

4    understanding of the potential scope of the claims that Plaintiff appears to be advocating and

5    should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

6         Samsung reserves the right to amend or supplement these contentions regarding

7    anticipation or obviousness of the asserted claims, in view of further information from Plaintiff,

8    information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has

9    not identified what elements or combinations it alleges were not known to one of ordinary skill in

10   the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a

11   particular prior art reference, Samsung reserves the right to assert that any such limitation is either

12   inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light

13   of the same, or that the limitation is disclosed in another of the references disclosed above and in

14   combination would have rendered the asserted claim obvious.

15        **C.    Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each
            Alleged item of Prior Art each Asserted Claim is Found**
16

17        Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged

18   item of prior art each limitation of each asserted claim is found, including for each limitation that

19   Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or

20   material(s) in each item of prior art that performs the claimed function is attached in Exhibits B-1

21   through B-14.

22        **D.    Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

23        Samsung identifies the following grounds for invalidity of the asserted claims of the '647

24   Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to

25   supplement these disclosures based on further investigation and discovery.

26            **1.    Invalidity Based on 35 U.S.C. § 101**

27        The asserted claims of the '647 Patent are also invalid under 35 U.S.C. § 101 because they

28   only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in

computer systems and programming languages.  For example, "detecting structures in data and performing actions on detected structures," "an analyzer server for detecting structures in the data, and for linking actions to the detected structures," "a user interface enabling the selection of a detected structure and a linked action," "an action processor for performing the selected action linked to the detected structure," "grammars and a parser for detecting structures in the data," "a string library and a fast string search function for detecting string structures in the data," each refer only to programming abstractions or the manipulation of information; these are concepts, not physical objects or tangible matter.

        2.      **Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '647 Patent is invalid in that the '647 specification fails to particularly point out and distinctly claim the alleged invention of the '647 Patent.  Samsung further asserts that each asserted claim of the '647 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Apple's infringement contentions, Samsung asserts that claims 1, 2, 4, 6, 8, and 9 of the '647 Patent are invalid for reciting at least the following claim terms/phrases:

- "input device"

- "output device"

- "program routines"

- "detecting structures in the data"

- "analyzer server"

- "linking actions to the detected structures"

- "user interface enabling the selection of a detected structure and a linked action;"

- "action processor"

- "a fast string search function for detecting string structures in the data"

- "highlights"

- "the user interface enables selection of an action by causing the output device to display a pop-up menu of the linked actions."

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.  For instance, the term "fast string search" either fails to quantify how "fast" a string search must be in order to infringe claim 6, or refers to a particular algorithm that is not disclosed anywhere in the claims or specification.

Based on Samsung's present understanding of Apple's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Apple's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Apple's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '647 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Apple's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.

For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

III.     THE '959 PATENT

A.     Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '959 Patent:

1.     Patent References[6]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 3,496,299 | Feb. 17, 1970 | Nov. 14, 1966 |
| US | 4,260,854 | Apr. 7, 1981 | May 20, 1975 |
| US | 5,577,241 | Nov. 19, 1996 | Dec. 7,1994 |
| US | 5,634,053 | May 27, 1997 | Aug. 29, 1995 |
| US | 5,659,732 | Aug. 19, 1997 | May 17, 1995 |
| US | 5,671,426 | Sep. 23, 1997 | June 22, 1993 |
| US | 5,742,816 | Apr. 21, 1998 | Sep. 15, 1995 |
| US | 5,748,512 | May 5, 1998 | Feb. 28, 1995 |
| US | 5,845,278 | Dec. 1, 1998 | Sep. 12, 1997 |
| US | 5,855,015 | Dec. 29, 1998 | May 12, 1995 |
| US | 5,913,205 | June 15, 1999 | Mar. 28, 1996 |
| US | 5,913,215 | June 15, 1999 | Feb. 19, 1997 |
| US | 5,937,406 | Aug. 10, 1999 | Jan. 31, 1997 |
| US | 5,987,446 | Nov. 16, 1999 | Nov. 12, 1996 |
| US | 6,000,020 | Dec. 7, 1999 | Apr. 1, 1997 |
| US | 6,005,565 | Dec. 21, 1999 | Mar. 25, 1997 |
| US | 6,008,799 | Dec. 28, 1999 | May 24, 1994 |
| US | 6,018,342 | Jan. 25, 2000 | July 3, 1995 |
| US | 6,026,429 | Feb. 15, 2000 | Nov. 10, 1997 |
| US | 6,065,003 | May 16, 2000 | Aug. 19, 1997 |
| US | 6,070,158 | May 30, 2000 | Aug. 14, 1996 |
| US | 6,078,914 | June 20, 2000 | Dec. 9, 1996 |
| US | 6,098,065 | Aug. 1, 2000 | Feb. 13, 1997 |
| US | 6,266,094 | July 24, 2001 | June 14, 1999 |
| US | 6,311,182 | Oct. 30, 2001 | Nov. 17, 1997 |
| US | 6,324,534 | Nov. 27, 2001 | Sep. 10, 1999 |
| US | 6,345,269 | Feb. 2, 2002 | Mar. 26, 1999 |
| US | 6,366,915 | Apr. 2, 2002 | Nov. 4, 1998 |
| US | 6,370,543 | Apr. 9, 2002 | May 24, 1996 |
| US | 6,415,285 | July 2, 2002 | Dec. 8, 1999 |
| US | 6,424,968 | July 23, 2002 | Oct. 15, 1998 |
| US | 6,445,834 | Sep. 3, 2002 | Oct. 19, 1998 |
| US | 6,574,632 | June 3, 2003 | Nov. 18, 1998 |
| US | 6,578,048 | June 10, 2003 | June 5, 1995 |
| US | 6,615,172 | Sep. 2, 2003 | Nov. 12, 1999 |
| US | 6,665,640 | Dec. 16, 2003 | Nov. 12, 1999 |
| US | 6,697,835 | Feb. 24, 2004 | Oct. 28, 1999 |
| US | 6,842,758 | Jan. 11, 2005 | July 30, 1999 |

---

[6]  Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 6,845,370 | Jan. 18, 2005 | Nov. 19, 1998 |
| US | 6,862,713 | Mar. 1, 2005 | Aug. 31, 1999 |
| US | 6,901,366 | May 31, 2005 | Aug. 26, 1999 |
| US | 7,653,614 | Jan. 26, 2010 | July 15, 1999 |
| US | 7,873,995 | Jan. 18, 2011 | Sep. 29,2003 |
| | | | |
| EP | 0706139 | Published Apr. 10, 1996 | Sep. 9, 1994 |
| WO | 98/32289 | Published July 23, 1998 | Jan. 17, 1997 |

2.      **Publications**[7]

| | | | |
|---|---|---|---|
| An Information System Based on Distributed Objects | 1987 | Michael Caplinger | Computing Machinery |
| An Information System for Corporate Users: Wide Area Information Servers | Sep. 1991 | Brewster Kahle and Art Medler | Online |
| Annotating the World Wide Web using Natural Language | 1997 | Boris Katz | |
| ARIADNE: A System for Constructing Mediators for Internet Sources | 1998 | Jose Luis Ambite, Naveen Ashish, Greg Barish, Craig A. Knoblock, Steven Minton, Pragnesh J. Modi, Ion Muslea, Andrew Philpot and Sheila Tejada | SIGMOD |
| Browsing Local and Global Information | 1995 | Masum Hasan, Gene Golovchinsky, Emanuel Noik, Nipon Charoenkitkarn, Mark Chignell, Alberto Mendelzon and David Modjeska | Proceedings of the 1995 conference of the Centre for Advanced Studies on Collaborative Research |
| Building the infrastructure of resource sharing: union catalogs, distributed search, and | Jan. 1, 1997 | Lynch, Clifford | Library Trends |

---

[7]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| | | | |
|---|---|---|---|
| cross-database linkage | | | |
| The Computer User as Toolsmith | 1993 | Saul Greenberg | |
| CyberDesk: A Framework for Providing Self-Integrating Ubiquitous Software Services | 1997 | Anind K. Dey, Gregory Abowd, Mike Pinkerton and Andrew Wood | |
| Dataware Technologies Introduces Dataware II Knowledge Query Server | Sep. 21, 1998 | | PR Newswire |
| Discover: A Resource Discovery System based on Content Routing | | Mark A. Sheldon, Andrzej Duda, Ron Weiss, David K. Gifford | |
| The Distributed Information Search Component (Disco) and the World Wide Web | 1997 | Anthony Tomasic, Remy Amouroux, Philippe Bonnet, Olga Kapitskaia, Hubert Naacke, Louiqa Raschid | SIGMOD |
| Doctor Linux – 5th Edition | 1997 | John Purcell, ed. | Linux Systems |
| Dragon Systems® Demonstrates First PDA Speech Recognition Technology on the Digital StrongARM Processor in Apple Newton MessagePad 2000 | March 25, 1997 | | Dragon Systems |
| The Effectiveness of GlOSS for the Text Database Discovery Problem | | Luis Gravano, Hector Garcia-Molina and Anthony Tomasic | |
| Experience the Internet's most powerful search tool | | | The WebTools Company |
| Exploring Computer Science with Scheme | 1998 | | Spinger-Verlag New York, Inc. |
| FreeWAIS-sf: A Wide Area Information Server for Structured Documents and Retrieval Functionality | | | |
| FreeWAIS-sf | Mar. 30, 1995 | Ulrich Pfeifer Tung Huynh | University of Dortmund |
| freeWAIS-sf – UNIDO Edition | Oct. 1995 | Ulrich Pfeifer | University of |

| | | | |
|---|---|---|---|
| 0.5 | | | Dortmund |
| Hemlock – An Internet Search Tool for the Newton | 1999 | Sean Luke | |
| Hemlock An Internet Search Tool for the Newton | | | |
| Heuristics – Intelligent Search Strategies for Computer Problem Solving | 1984 | Judea Pearl | Addison-Wesley |
| How to Create a WAIS Query | | | |
| Implementation of the SMART Information Retrieval System | May 1985 | Chris Bucley | |
| The Info Agent: An Interface for Supporting Users in Intelligent Retrieval | 1995 | Daniela D' Aloisi and Vittorio Giannini | |
| Infoharness: Managing Distributed, Heterogeneous Information | 1999 | Kshitij Shah and Amit Sheth | IEEE Internet Computing |
| Information Retrieval Algorithms and Heuristics | 1998 | David A. Grossman and Ophir Frieder | Kluwer Academic |
| Information Retrieval (Z39.50): Application Service Definition and Protocol Specification | 1995 | | NISO Press |
| Information Retrieval on the World Wide Web | 1997 | Venkat N. Gudivada, Vijay V. Raghavan, William I. Grosky and Rajesh Kasanagottu | IEEE Internet Computing |
| INQUERY System Overview | Undated | John Broglio, James P. Callan and W. Bruce Croft | |
| Internet Fish | May 1996 | Brian A. LaMacchia | |
| An Introduction to Multisensor Data Fusion | 1997 | David L. Hall and James Llinas | IEEE |
| Macworld Mac OS 8.5 Bible | 1999 | Lon Poole | IDG Books Worldwide |
| Mac OS 8.5 – Black Book | 1999 | Mark R. Bell and Debrah D. Suggs | The Coriolis Group, |
| Mac OS 8.5: GO FOR IT! Part I | Oct. 29 1998 | Michael Lambert | The Mac Observer |
| Mac OS 8.5: GO FOR IT! Part II | Oct. 29 1998 | Michael Lambert | The Mac Observer |
| Mac OS 8.5 Special Report | 1998 | | MacInTouch |
| MAC OS 9: The Missing Manual – Finding Files and Web Sites with Sherlock 2 | | | |

SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| | | | |
|---|---|---|---|
| MacWAIS Software Version 1.28 | Feb. 23, 1994 | | EINet |
| The MetaCrawler Architecture for Resource Aggregation on the Web | Nov. 8, 1996 | Erik Selberg and Oren Etzioni | |
| Microsoft Universal Data Access Platform | 1998 | Jose A. Blakeley, Michael J. Pizzo | SIGMOD |
| Microsoft Windows 98 Companion | 1998 | Martin Matthews | Microsoft Press |
| Modern Heuristic Search Methods | 1996 | V.J. Rayward-Smith, I.H. Osman, C.R. Reeves and G.D. Smith | John Wiley and Sons |
| Multiobjective Heuristic Search | 1999 | Pallab Dasgupta, P.P. Chakrabarti and S.C. Desarkar | Vieweg |
| NetHopper Version 3.0 – User's Manual | 1997 | | AllPen |
| Newton Apple MessagePad Handbook | 1995 | | Apple |
| Newton Solutions Guide | | | Apple |
| Newton Programmer's Guide | 1996 | | Addison-Wesley |
| Northern Light: New Search Engine for the Web and Full-Text Articles | Feb. 1998 | Greg Notess | Online |
| Overview of Wide Area Information Servers | Apr. 1991 | Brewster Kahle | |
| Pen Pals | Oct. 12, 1993 | Christopher Barr and Michael Neubarth | PC Magazine |
| Peter Rand's Review of Hemlock | 1999 | Peter Rand | |
| Rama: An Architecture for Internet Information Filtering | May 1, 1991 | Jim Binkley and Leslie Young | Kluwer |
| Search Algorithms Under Different Kinds of Heuristics – A Comparative Study | 1983 | A. Bagchi and A. Mahanti | Indian Institute of Management Calcutta |
| Sigerson, A Sherlock Power Booster | Dec. 2, 1998 | James Sentman | the Mac Observer |
| Sherlock Holmes am Newton | Dec. 1999 | | |
| Softscape's QuickFind Search and Retrieval Software | Nov. 1997 | Robert J. Boeri | EMedia Professional |
| Software Quality Engineering – A Total Technical and | 1988 | Michael S. Deutsch and | Prentice-Hall |

| | | | |
|---|---|---|---|
| Management Approach | | Ronald R. Willis | |
| Surviving the Storm: Using Metasearch Engines Effectively | May 1999 | Randal D. Carlson and Judi Repman | Computers in Libraries |
| Toward more comprehensive Web searching: single searching versus megasearching | 1998 | Greg R. Notess | Online |
| Unix for the Impatient | 1996 | Paul W. Abrahams and Bruce A. Larson | Addison-Wesley |
| User's Guide to the Macintosh version of the WAIS interface | 1991 | | Thinking Machines |
| WAIS, A Sketch Of An Overview | Sep. 23, 1991 | Jeff Kellem | |
| WAIS Search Help | | | |
| What is freeWAIS-sf? | | | |
| Wide Area Information Servers (WAIS) | June 1994 | M. St. Pierre, J. Fullton, K. Gamiel, J. Goldman, B. Kahle, J. Kunze, H. Morris and F. Schiettecatte | |
| Windows 98 Annoyances | Oct. 1998 | David A. Karp | O'Reilly |
| Windows 98 for Dummies | 1999 | Andy Rathbone | Wiley |
| WordPerfect for Windows V 5.2 | 1992 | | WordPerfect |
| Xerox Delivers Global Competitive Advantage to Manufacturing Customers Through Solutions Portfolio | Apr. 27, 1999 | | Business Wire |
| Xerox Introduces Two Products to Expand Knowledge Sharing Software Portfolio | Nov. 9, 1999 | | Business Wire |
| Xerox unveils "askOnce", which brings a new search dimension to end-users by giving universal access to multiple information sources through one simple query | 1999 | | Xerox |
| The Z39.50 Information Retrieval Standard – Part I: A Strategic View of Its Past, Present and Future | Apr. 1997 | Clifford A. Lynch | D-Lib Magazine |

3.      **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '959 Patent, including documents and source code describing the same:

- Dragon Systems Speech Recognition
- Hemlock
- Linux
- Mac OS 8.5
- Newton 2.0
- NetHopper
- Sherlock Utility
- Unix
- WAIS protocol and WAIStation client
- Windows 98

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '959 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit C.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '959 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit C.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

1    Although Samsung has identified at least one citation per limitation for each reference,

2    each and every disclosure of the same limitation in the same reference is not necessarily identified.

3    Rather, in an effort to focus the issues, Samsung has generally cited representative portions of

4    identified references, even where a reference may contain additional support for a particular claim

5    element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a

6    whole and in the context of other publications and literature.  Thus, to understand and interpret any

7    specific statement or disclosure within a prior art reference, such persons would rely on other

8    information within the reference, along with other publications and their general scientific

9    knowledge.  Samsung may rely upon uncited portions of the prior art references and on other

10   publications and expert testimony to provide context, and as aids to understanding and interpreting

11   the portions that are cited.  Samsung may also rely on uncited portions of the prior art references,

12   other disclosed publications, and the testimony of experts to establish that a person of ordinary

13   skill in the art would have been motivated to modify or combine certain of the cited references so

14   as to render the claims obvious.

15                    1.    **Anticipation**

16   Some or all of the asserted claims of the '959 Patent are invalid as anticipated under 35

17   U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

18   included in Exhibit C, which identify specific examples of where each limitation of the asserted

19   claims is found in the prior art references.  As explained above, the cited portions of prior art

20   references identified in the attached claim charts are exemplary only and representative of the

21   content and teaching of the prior art references, and should be understood in the context of the

22   reference as a whole and as they would be understood by a person of ordinary skill in the art.

23                    2.    **Obviousness**

24   To the extent any limitation is deemed not to be exactly met by an item of prior art listed

25   above and in Exhibit C, then any purported differences are such that the claimed subject matter as

26   a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

27   view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

28   therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above and in Exhibit C render one or more asserted claims of the '959 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention. Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit C, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  It would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '959 Patent to combine the various references cited herein so as to practice the asserted claims of the '959 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or the nature of the problems allegedly addressed by the '959 Patent.  Combining the references disclosed in Exhibit C would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits C-1 to C-9, which includes exemplary claim charts for the

asserted claims of the '959 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '959 Patent would have been obvious in view of the prior art references identified above and in Exhibit C.  For example, Exhibit C includes claim charts that describe how the asserted claims of the '959 Patent would have been obvious in view of all references identified in Exhibit C, which, if found not to anticipate the claims of the '959 Patent, render the claims of the '959 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

C.   **Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function are attached in Exhibits C-1 through C-9.

D.   **Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '959 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

1.   **Invalidity Based on 35 U.S.C. § 101**

The asserted claims of the '959 Patent are invalid under 35 U.S.C. § 101 because they claim only abstract ideas.  For example, "using a different heuristic to locate information," "heuristic(s) locates items of information," "providing said information identifier to a plurality of heuristics to locate information in a plurality of locations," and "determining at least one candidate item of information,"  each refer only to programming abstractions or the manipulation of information; these are concepts, not physical objects or tangible matter.

2.   **Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '959 Patent is invalid in that the '959 specification fails to particularly point out and distinctly claim the alleged invention of the '959 Patent.  Samsung further asserts that each asserted claim of the '959 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 Patent are

invalid for reciting at least the claim terms "heuristic" and/or "heuristics."  Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung further asserts that claims 9-12, 14-16, 22, 23, 27, 28, 32 and 33 are invalid for reciting at least the claim term/phrase "heuristics locates" and one or more of the following phrases:

- "one of said heuristics locates information on the basis of names of files"
- "another of said heuristics locates items of information on the basis contents of files"
- "another of said heuristics locates items of information on the basis of most recently accessed items"
- "one of said heuristics locates items of information that are stored locally on a computer system"
- "another of said heuristics locates items of information that are stored on remote computer systems"
- "said other heuristic locates Internet web pages"
- "said other heuristic locates items of information that are stored on a wide-area network"

Also based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung further asserts that claims 20, 25, and 30 are invalid for reciting at least the claim term/phrase "the information identifier is applied separately to each heuristic."  Samsung also asserts that claim 24 is invalid for reciting "program instructions."  Claims 24, 25, 27-30, 32 and 33 are invalid for reciting "determin[ing] at least one candidate item of information based upon the plurality of heuristics."  These claim terms/phrases as apparently construed by Apple violate the written description, enablement and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification.

Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '959 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Plaintiff now contends the claims cover.

Samsung further asserts that claims 29, 20, 32 and 33 are invalid for reciting at least the following claim terms/phrases:

- "means for inputting an information identifier"
- "means for providing said information identifier to a plurality of heuristics . . ."
- "means for determining at least one candidate item of information based upon the plurality of heuristics,"
- "means for displaying a representation of said candidate item of information."

Each of these claim limitations is governed by 35 U.S.C. § 112, paragraph 6. The '959 patent specification, however, fails to set forth the structure, material or acts for accomplishing the recited function. Each of these claims is therefore invalid as indefinite under 35 U.S.C. § 112(2).

In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which the terms identified above appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation. The '959 patent specification fails to describe the manner and process of making and using the claimed invention in such full, clear concise and exact terms as to enable a person of ordinary skill in the art to which it pertains to make and use the claimed invention.

For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## IV.   THE '414 PATENT

### A.   Local Patent Rule 3-3(a): Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '414 Patent:

1          1.      **Patent References**[8]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 5,255,388 | Oct. 19, 1993 | Sep. 26, 1990 |
| US | 5,473,776 | Dec. 5, 1995 | Feb. 16, 1993 |
| US | 5,515,502 | May 7, 1996 | Sep. 30, 1993 |
| US | 5,729,710 | Mar. 17, 1998 | June 22, 1994 |
| US | 5,734,910 | Mar. 31, 1998 | Dec. 22, 1995 |
| US | 5,937,414 | Aug. 10, 1999 | Feb. 28, 1997 |
| US | 6,012,081 | Jan. 4, 2000 | July 3, 1996 |
| US | 6,014,681 | Jan. 11, 2000 | July 15, 1997 |
| US | 6,021,414 | Feb. 1, 2000 | Sep. 11, 1995 |
| US | 6,260,075 | July 10, 2001 | June 19, 1995 |
| US | 6,643,669 | Nov. 4, 2003 | Mar. 14, 2000 |
| US | 6,662,212 | Dec. 9, 2003 | Aug. 31, 1999 |
| US | 6,662,212 | Dec. 9, 2003 | Aug. 31, 1999 |
| US | 6,671,700 | Dec. 30, 2003 | May 23, 2000 |
| US | 6,983,247 | Jan. 3, 2006 | June 26, 2002 |
| US | 7,024,491 | Apr. 4, 2006 | May 23, 2001 |
| US | 7,024,491 | Apr. 4, 2006 | May 23, 2001 |
| US | 7,158,998 | Jan. 2, 2007 | July 31, 2002 |
| US | 7,158,998 | Jan. 2, 2007 | July 31, 2002 |
| US | 7,290,034 | Oct. 30, 2007 | May 7, 2004 |
| US | 7,290,034 | Oct. 30, 2007 | May 7, 2004 |
| US | 7,366,743 | Apr. 29, 2008 | Mar. 6, 2002 |
| US | 7,370,025 | May 6, 2008 | Dec. 17, 2002 |
| US | 7,403,958 | July 22, 2008 | Jan. 19, 2005 |
| US | 7,412,460 | Aug. 12, 2008 | June 19, 2003 |
| US | 7,430,426 | Sep. 30, 2008 | Jan. 24, 2005 |
| US | 7,457,846 | Nov. 25, 2008 | Oct. 5, 2001 |
| US | 7,477,890 | Jan. 13, 2009 | June 30, 2000 |
| US | 7,503,052 | Mar. 10, 2009 | Apr. 14, 2004 |
| US | 7,506,006 | Mar. 17,2009 | Sep. 3, 2004 |
| US | 7,506,006 | Mar. 17, 2009 | Sep. 3, 2004 |
| US | 7,506,006 | Mar. 17, 2009 | Apr. 13, 2006 |
| US | 7,523,344 | Apr. 21, 2009 | June 19, 2006 |
| US | 7,546,364 | June 9, 2009 | May 16, 2002 |
| US | 7,752,166 | July 6, 2010 | Nov. 15, 2001 |
| US | 7,752,166 | July 6, 2010 | Nov. 15, 2001 |
| US | 7,788,225 | Aug. 31, 2010 | Mar. 18, 2005 |
| US | 7,849,140 | Dec. 7, 2010 | Aug. 29, 2002 |
| US | 7,877,797 | Jan. 25, 2011 | Feb. 23, 2006 |
| US | 7,877,797 | Jan. 25, 2011 | Feb. 23, 2006 |
| US | 8,005,889 | Aug. 23, 2011 | Nov. 16, 2005 |
| US | 8,005,889 | Aug. 23, 2011 | Nov. 16, 2005 |
| US | 8,121,978 | Feb. 21, 2012 | Sep. 11, 2003 |
| US | 2006/0026198 | Feb. 2, 2006 | July 30, 2004 |
| US | 2002/0059299 | May 16, 2002 | Jan. 23, 2001 |
| US | 2003/0149762 | August 7, 2003 | Oct. 5, 2001 |

---

[8]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 2005/0278458 | Dec. 15, 2005 | June 9, 2004 |
| US | 2007/0180447 | Aug. 2, 2007 | Nov. 14, 2006 |
| US | 2008/0066148 | Mar. 13, 2008 | Oct. 30, 2007 |
| US | 2008/0256547 | Feb. 23, 2005 | Oct. 16, 2008 |

2.      **Publications**[9]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| A New Service from Notify Technology The NotifyLink Hosted Edition | Dec. 31, 2005 | | Notify Technology |
| Advanced Windows The Developer's Guide to the Win32® API for Windows NT™ 3.5 and Windows 95 | 1995 | Jeffrey Richter | Microsoft |
| Bayou: Replicated Database Services for World-wide Applications | 1996 | Karin Petersen, Mike Spreitzer, Douglas Terry, Marvin Theimer | Association for Computing Machinery |
| BlackBerry Application Developer Guide Volume 1: Fundamentals | Oct. 13, 2005 | | RIM |
| BlackBerry Application Developer Guide Volume 2: Advanced Topics | Oct. 13, 2005 | | RIM |
| BlackBerry Enterprise Server for Microsoft Exchange Version 4.0 Feature and Technical Overview | Nov. 10, 2004 | | RIM |
| BlackBerry Enterprise Software v4.0 for Microsoft Exchange: Feature Enhancement Overview | 2004 | | RIM |
| BlackBerry Wireless Handheld Version 4.1 User Guide: BlackBerry 7520 | Sep. 7, 2005 | | RIM |
| DataViz - RoadSync Series 80 Manual | | | DataViz |
| Developing Multithreaded Applications for the .NET Compact Framework | June 2005 | Maarten Struys | Microsoft |
| EasyStreet: A location management and data synchronization application for mobile computing | July 19, 2000 | Steven J. Mastrianni | |
| Eliminating duplication and ensuring file integrity in | Dec. 2005 | Muaz Niazi, Umar Manzoor, | IEEE |

---

[9]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Multisync: A multiagent system for ubiquitous file synchronization | | Kiran Ijaz, Summiya and Hina Saleem | |
| Effective Java | 2001 | Joshua Bloch | Addison-Wesley |
| Exchange ActiveSync and Exchange 2003 | July 6, 2005 | | Microsoft |
| Exchange Information Store Service Architecture | May 23, 2005 | | Microsoft |
| Flexible and safe resolution of file conflicts | 1994 | Puneet Kumar and M. Satyanarayanan | DTIC |
| Flexible Update Propagation for Weakly Consistent Replication | 1997 | Karin Petersen, M.J. Spreitzer, D.B. Terry, M.M. Theimer, A.J. Demers | Association for Computing Machinery |
| Getting Started Guide: BlackBerry 8700c Wireless Handheld™ from Cingular | 2005 | | RIM |
| IETF RFC 2251: Lightweight Directory Access Protocol v3 | Dec. 1997 | M. Wahl, T. Howes and S. Kille | IETF |
| IETF RFC 3377: Lightweight Directory Access Protocol v3: Technical Specification | Sep. 2002 | J. Hodges and R. Morgan | IETF |
| IETF RFC 3501: Internet Message Access Protocol – Version 4rev1 | March 2003 | M. Crispin | IETF |
| Introduction to Microsoft Exchange Server 2003 | July 2004 | | Microsoft |
| Introduction to Multi-Threaded Programming | May 1, 1999 | Brian Masney | Linux Journal |
| iPod nano Features Guide | Sep. 7, 2005 | | Apple |
| Jabber Based Protocol for Collaborative Mobile Work | Sep. 16, 2006 | Martin Klima and Pavel Slavik | Springer-Verlag Berlin Heidelberg |
| Java in a Nutshell 2nd Edition | May 1997 | David Flanagan | O'Reilly |
| Mail Anywhere Studio | 2002 | | iAnywhere Solutions |
| Towards the Ubiquitous Office Vision With focus on Mobile Data Synchronization | Mar. 2002 | Fredrik Hacklin | |
| Managing Update Conflicts in Bayou, a Weakly Connected Replicated Storage System | 1995 | D.B. Terry, M.M. Theimer, Karin Petersen, A.J. Demers, M.J. Spreitzer, C.H. Hauser | Association for Computing Machinery |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Microsoft Exchange Server 2003 ActiveSync Architecture | Jan. 5, 2003 | Steven D. Bramson and Marc Gallucci | Microsoft |
| Microsoft Improves Access to Customer Data with New Smart Client Solution | Dec. 2005 | | Microsoft |
| Microsoft Smart Client Architecture and Design Guide | Sept. 4, 2004 | David Hill, Brenton Webster, Edward A. Jezierski, Srinath Vasireddy, Mo Al-Sabt, Blaine Wastell, Jonathan Rasmusson, Paul Gale and Paul Slater | Microsoft |
| Modern Operating Systems Second Edition | 2001 | Andrew Tanenbaum | Prentice Hall |
| NotifyLink Hosted Edition White Paper | Nov. 13, 2006 | | Notify Technology |
| Novell Evolution 2.4 User Guide | Sep. 7, 2005 | | Novell |
| Object Based Concurrency for Data Parallel Applications: Programmability and Effectiveness | 2002 | Roxana Diaconescu | Norwegian University of Science and Technology |
| OneBridge Mobile Groupware Product Datasheet | 2006 | | iAnywhere Solutions |
| Palm Pilot The Ultimate Guide | 1999 | David Pogue | O'Reilly |
| Primarily Disconnected Operation: Experiences with Ficus | Nov. 1992 | J. S. Heidemann, T. W. Page, R. G. Guy and G. J. Popek | IEEE |
| Pylon Anywhere Client User's Guide | 2003 | | iAnywhere Solutions |
| RCal: An Autonomous Agent for Intelligent Distributed Meeting Scheduling | Nov. 2003 | Rahul Singh | Carnegie Mellon University |
| Resolving file conflicts in the Ficus file system | 1994 | Peter Reiher, John Heidemann, David Ratner, Greg Skinner, and Gerald | Association for Computing Machinery |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| | | Popek | |
| SemanticLIFE - Outlook Datafeed Module Software Architecture Document Version 2.0 | Apr. 20, 2005 | Hoang Huu Hanh | |
| SunOS Multi-thread architecture | 1991 | M. L. Powell , S. R. Kleiman , S. Barton , D. Shah , D. Stein , M. Weeks | |
| The Bayou Architecture: Support for Data Sharing among Mobile Users | 1994 | K. Petersen, M. Spreitzer, D. Ferry, M. Theimer, B. Welch | IEEE |
| The Case for Non-transparent Replication: Examples from Bayou | 1998 | Douglas B. Terry, Karin Petersen, Mike J. Spreitzer, Marvin M. Theimer | IEEE |
| The Open Group Base Specifications Issue 6 | 2004 | | IEEE |
| Unix Applications Programming Mastering the Shell | 1990 | Ray Swartz | Sams Publishing |
| Using Your Palm® Treo™ 700w Smartphone | 2006 | | Palm |
| Visto Mobile™ Personal Edition for Professionals | 2005 | | Visto |
| Windows CE handheld systems for the corporate mobile work force | Mar. 30, 2005 | Steven J. Mastrianni | |
| SCH-i830 Series Global Pocket PC Phone User Manual | 2005 | | Samsung |
| Windows Mobile Software for Pocket PC: Pocket Outlook | July 1, 2005 | | Microsoft |
| Windows Mobile Software for Pocket PC Phone Edition | Sep. 19, 2003 | | Microsoft |

3.     **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '414 Patent, including documents and source code describing the same:

- Novell Evolution (at least 2.4)

- Ficus
- Coda
- Bayou
- Mozilla Thunderbird
- SyncKolab
- Mozilla Lightning Project
- Coldsync
- iTunes (at least version 6.0.1), and, for example, Apple Macintosh OS X 10.3.9 / iPod nano / Mac Address Book
- iSync (at least version 1.4), and, for example, Apple Macintosh OS X 10.3.9 / iPod nano / Mac Address Book
- Microsoft Exchange ActiveSync / SCH-i830 Series Global Pocket PC Phone / Palm® Treo™ 700w Smartphone / Pocket Outlook
- Blackberry / BlackBerry Wireless Handheld Version 4.1
- NotifyLink Hosted Edition

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '414 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit D.

**B.     Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28 and 30-32 of the '414 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '414 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit D.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

1    Although Samsung has identified at least one citation per limitation for each reference,

2    each and every disclosure of the same limitation in the same reference is not necessarily identified.

3    Rather, in an effort to focus the issues, Samsung has generally cited representative portions of

4    identified references, even where a reference may contain additional support for a particular claim

5    element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a

6    whole and in the context of other publications and literature.  Thus, to understand and interpret any

7    specific statement or disclosure within a prior art reference, such persons would rely on other

8    information within the reference, along with other publications and their general scientific

9    knowledge.  Samsung may rely upon uncited portions of the prior art references and on other

10   publications and expert testimony to provide context, and as aids to understanding and interpreting

11   the portions that are cited.  Samsung may also rely on uncited portions of the prior art references,

12   other disclosed publications, and the testimony of experts to establish that a person of ordinary

13   skill in the art would have been motivated to modify or combine certain of the cited references so

14   as to render the claims obvious.

15              1.    **Anticipation**

16   Some or all of the asserted claims of the '414 Patent are invalid as anticipated under 35

17   U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts

18   included in Exhibit D, which identify specific examples of where each limitation of the asserted

19   claims is found in the prior art references.  As explained above, the cited portions of prior art

20   references identified in the attached claim charts are exemplary only and representative of the

21   content and teaching of the prior art references, and should be understood in the context of the

22   reference as a whole and as they would be understood by a person of ordinary skill in the art.

23              2.    **Obviousness**

24   To the extent any limitation is deemed not to be exactly met by an item of prior art listed

25   above and in Exhibit D, then any purported differences are such that the claimed subject matter as

26   a whole would have been obvious to one skilled in the art at the time of the alleged invention, in

27   view of the state of the art and knowledge of those skilled in the art.  The item of prior art would,

28   therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '414 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit D, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '414 Patent to combine the various references cited herein so as to practice the asserted claims of the '414 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or the nature of the problems allegedly addressed by the '414 Patent.  Combining the references disclosed in Exhibit D would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits D 1-14, which includes exemplary claim charts for the

asserted claims of the '414 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '414 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit D includes exemplary claim charts that describe how the asserted claims of the '414 Patent would have been obvious in view of all references identified in Exhibit D, which, if found not to anticipate the claims of the '414 Patent, render the claims of the '414 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

C.     **Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits D-1 through D-14.

D.     **Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '414 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

1.     **Invalidity Based on 35 U.S.C. § 101**

The asserted claims of the '414 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in computer systems and programming languages.  For example, the limitations "one user-level non-synchronization processing thread," "one synchronization processing thread," "a lock on the first store," "releases the lock after synchronization for a first data class is completed," and "synchronized in a peer-to-peer manner," each refer only to programming abstractions or the manipulation of information; these are concepts, not physical objects or tangible matter.

2.     **Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '414 Patent is invalid in that the '414 specification fails to particularly point out and distinctly claim the alleged invention of the '414 Patent.  Samsung further asserts that each asserted claim of the '414 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that the asserted claims of the '414 Patent are invalid under 35 U.S.C. § 112 ¶ 1 at least because they include the following claim terms/phrases:

- "one user-level non-synchronization processing thread,"

- "one user-level non-synchronization processing thread,"

- "concurrently,"

- "user interface to allow a user to access and edit structured data in a first store associated with a first database,"

- "one synchronization processing thread,"

- "synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database,"

- "a lock on the first store,"

- "releases the lock after synchronization for a first data class is completed,"

- "synchronized in a peer-to-peer manner," and

- "synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes."

These claim terms/phrases as apparently construed by Apple violate the written description and/or enablement requirements of 35 U.S.C. § 112 ¶ 1.  For instance, the term "peer-to-peer" is broader than and inconsistent with the alleged invention disclosed in the specification, and given Apple's infringement contentions, one of ordinary skill in the art would not understand what Apple has claimed.  Additionally, claims 7 and 17  of the '414 patent are invalid because they lack a proper antecedent basis for at least the term "first and second data processing systems."

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification.

Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '414 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

Samsung further asserts that claims 21, 22, 31, and 32 are invalid for reciting at least the following claim limitations:

- "means for executing at least one user-level non-synchronization processing thread that includes means for accessing structured data in a first store associated with a first database;"

- "means for executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread that includes means for synchronizing the structured data from the first database with the structured data from a second database;"

- "means for executing at least one non-synchronization processing thread;"

- "means for accessing structured data in a first store associated with a first database;"

- "means for executing at least one synchronization processing thread concurrently with the executing of the at least one non-synchronization processing thread that includes means for synchronizing the structured data from the first database with the structured data from a second database."

1    Each of those claim limitations is governed by 35 U.S.C. section 112, paragraph 6.  The

2   '414 patent specification, however, fails to set forth the structure, material or acts for

3   accomplishing the recited function.  Each of these claims is therefore invalid as indefinite under 35

4   U.S.C. § 112(2).

5   **V.    THE '760 PATENT**

6   **A.    Local Patent Rule 3-3(a):  Identification of Prior Art**

7    At this time, Samsung contends that at least the following prior art references anticipate or

8   render obvious, either alone or in combination, the asserted claims of the '760 Patent:

9        **1.    Patent References[10]**

| Country of Origin | Patent Number | Date of Issue | Priority Date |
| --- | --- | --- | --- |
| US | 6,430,405 | Aug. 6, 2002 | Dec. 7, 1998 |
| US | 6,448,988 | Sep. 10, 2002 | Jan. 29, 1997 |
| US | 6,526,274 | Feb. 25, 2003 | Oct. 25, 1999 |
| US | 6,542,591 | Apr. 1, 2003 | July 27, 2000 |
| US | 6,549,612 | Apr. 15, 2003 | May 6, 1998 |
| US | 6,738,461 | May 18, 2004 | Nov. 1, 2001 |
| US | 6,772,188 | Aug. 3, 2004 | July 14, 2000 |
| US | 6,792,082 | Sep. 14, 2004 | Sep. 11, 1998 |
| US | 6,879,691 | Apr. 12, 2005 | May 12, 2000 |
| US | 6,961,420 | Nov. 1, 2005 | Nov. 13, 2001 |
| US | 7,007,239 | Feb. 28, 2006 | Sep. 21, 2000 |
| US | 7,117,445 | Oct. 3, 2006 | June 30, 2003 |
| US | 7,212,808 | May 1, 2007 | Oct. 15, 2002 |
| US | 7,221,748 | May 22, 2007 | Nov. 12, 2002 |
| US | 7,225,409 | May 29, 2007 | Aug. 25, 1999 |
| US | 7,231,229 | June 12, 2007 | Mar. 16, 2003 |
| US | 7,280,652 | Oct. 9, 2007 | Sep. 13, 2004 |
| US | 7,280,850 | Oct. 9, 2007 | Sep. 27, 2001 |
| US | 7,289,614 | Oct. 30, 2007 | Sep. 29, 2000 |
| US | 7,403,767 | July 22, 2008 | Apr. 29, 2005 |
| US | 7,409,050 | Aug. 5, 2008 | Apr. 21, 2005 |
| US | 7,493,567 | Feb. 17, 2009 | Jan. 28, 2004 |
| US | 7,502,633 | Mar. 10, 2009 | Oct. 15, 2002 |
| US | 7,526,306 | Apr. 28, 2009 | Dec. 8, 2003 |
| US | 7,606,598 | Oct. 20, 2009 | Mar. 31, 2006 |
| US | 7,680,513 | Mar. 16, 2010 | Aug. 8, 2005 |
| US | 7,623,643 | Nov. 24, 2009 | July 26, 2005 |
| US | 7,680,513 | Mar. 16, 2010 | Aug. 8, 2005 |
| US | 7,685,530 | Mar. 23, 2010 | June 10, 2005 |
| US | 7,715,535 | May 11, 2010 | Sep. 27, 2005 |

27

28

---

[10]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 7,724,887 | May 25, 2010 | July 21, 2005 |
| US | 7,778,399 | Aug. 17, 2010 | July 2, 2004 |
| US | 7,778,671 | Aug. 17, 2010 | Oct. 8, 2004 |
| US | 7,779,630 | Sep. 14, 2010 | June 24, 2004 |
| US | 7,783,283 | Aug. 24, 2010 | Sep. 8, 2004 |
| US | 7,839,987 | Nov. 23, 2010 | Nov. 1, 2001 |
| US | 7,894,597 | Feb. 22, 2011 | Oct. 12, 2005 |
| US | 7,920,886 | Apr. 5, 2011 | Jan. 24, 2006 |
| US | 7,991,432 | Aug. 2, 2011 | Apr. 2, 2004 |
| US | 8,001,120 | Aug. 16, 2011 | Feb. 12, 2004 |
| US | 8,019,388 | Sep. 13, 2011 | Feb. 6, 2003 |
| US | 8,064,886 | Nov. 22, 2011 | Feb. 14, 2006 |
| US | 8,095,879 | Jan. 10, 2012 | Dec. 10, 2002 |
| US | 8,175,656 | May 8, 2012 | Feb. 24, 2006 |
| US | 2002/0076015 | June 20, 2002 | Dec. 15, 2000 |
| US | 2002/0111991 | Aug. 15, 2002 | Nov. 1, 1999 |
| US | 2002/0116464 | Aug. 22, 2002 | Feb. 20, 2001 |
| US | 2004/0137955 | July 15, 2004 | Oct. 15, 2002 |
| US | 2004/0235520 | Nov. 25, 2004 | May 20, 2003 |
| US | 2005/0047562 | Mar. 3, 2005 | Aug. 28, 2003 |
| US | 2005/0250483 | Nov. 10, 2005 | May 7, 2004 |
| US | 2004/0267887 | Dec. 30, 2004 | June 30, 2003 |
| US | 2003/0032527 | Feb. 10, 2005 | Aug. 8, 2003 |
| US | 2005/0074109 | Apr. 7, 2005 | Sep. 24, 2004 |
| US | 2005/0141686 | June 30, 2005 | June 7, 2004 |
| US | 2006/0010395 | Jan. 12, 2006 | July 9, 2004 |
| US | 2006/0140189 | June 29, 2006 | Dec. 23, 2004 |
| US | 2006/0281449 | Dec. 14, 2006 | June 14, 2005 |
| US | 2007/0071186 | Mar. 29, 2007 | Sep. 21, 2005 |
| US | 2007/0083600 | Apr. 12,2007 | Oct. 6, 2005 |
| US | 2007/0092072 | Apr. 26, 2007 | Sep. 30, 2005 |
| US | 2007/0133771 | June 14, 2007 | Dec. 12, 2005 |
| US | 2007/0243858 | Oct. 18, 2007 | Apr. 18, 2006 |
| US | 2007/0280457 | Dec. 6, 2007 | June 2, 2006 |
| US | 2008/0295017 | Nov. 27, 2008 | Sep. 5, 2006 |
| EP | 1 069 791 | Jan. 17, 2001 | July 13, 1999 |
| EP | 1 365 564 | Nov. 26, 2003 | Apr. 30, 2003 |

2.      Publications[11]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Exploring PC-Telephone Convergence with the Enhanced Telephony Prototype | Apr. 2004 | JJ Cadiz, Attila Narin, Gavin Jancke, Anoop Gupta, and Michael Boyle | Association for Computing Machinery |
| Finger Instead of Mouse: | 2003 | Andreas | Springer-Verlag |

---

[11]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Touch Screens as a Means of Enhancing Universal Success | | Holzinger | |
| Ming User Manual | 2006 | | Motorola |
| Model 8690 Inter-Tel Protocol Mode User Guide | Mar. 2006 | | Inter-Tel |
| Motorola A1000 User Guide | 2002 | | Motorola |
| Nokia 9000i User's Manual | 1997 | | Nokia |
| Nokia 9110 User's Manual | 1998 | | |
| P900/P908 White Paper | Dec. 2003 | | Motorola |
| pdQ™ Applications Handbook | 1999 | | Sony Ericsson |
| TAKEphONE User Manual | June 15, 2006 | | Iambic |
| TealPhone User's Manual | Jan. 24, 2006 | | TealPoint Software |
| The Kyocera 7135 Smartphone: Reference Guide | 2002 | | Kyocera |
| User's Guide Agendus for Symbian OS UIQ Edition | Apr. 1, 2004 | | Iambic |
| Using Your Palm® Treo™ 700w Smartphone | 2006 | | Palm |
| using your Treo™ 650 smartphone | 2004 | | Palm |
| XPlore M98 User Manual | July 14, 2005 | | Group Sense PDA |

3.      **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '760 Patent, including documents and source code describing the same:

- Agenda Fusion
- Agendus Professional
- Motorola A1200
- TealPhone
- Windows Mobile 5

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other

references to render the claims of the '760 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit E.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-5 and 7-22 of the '760 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '760 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit E.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

**1.      Anticipation**

Some or all of the asserted claims of the '760 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit E, which identify specific examples of where each limitation of the asserted

claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 2.   Obviousness

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit E, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '760 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit E, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '760 Patent to combine the various references cited herein so as to practice the asserted claims of the '760 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or

the nature of the problems allegedly addressed by the '760 Patent.  Combining the references disclosed in Exhibit E would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits E-1 to E-8, which includes exemplary claim charts for the asserted claims of the '760 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '760 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit E includes exemplary claim charts that describe how the asserted claims of the '760 Patent would have been obvious in view of all references identified in Exhibit E, which, if found not to anticipate the claims of the '760 Patent, render the claims of the '760 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff,

information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.      Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits E-1 to E-8.

**D.      Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '760 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

**1.      Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '760 Patent is invalid in that the '760 specification fails to particularly point out and distinctly claim the alleged invention of the '760 Patent.  Samsung further asserts that each asserted claim of the '760 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Apple's infringement contentions, Samsung asserts that claims 8, 10, 14, 18, 19, 21 of the '760 Patent are invalid as indefinite because they

combine method and apparatus limitations.  Samsung further asserts that claims 1, 3, 7, 8, 10, 12-22 of the '760 Patent are invalid as indefinite for reciting at least the following claim terms/phrases:

- "interactive displayed portion"

- "immediately in response to detecting" / "detecting a user tap input . . . and immediately in response to that input"

- "initiating a return telephone call"

- "finger gesture" / "finger tap input" / "user tap input"

- "detecting user selection"

- "completely substituting display of the list of interactive items with display of contact information"

- "a first contact object comprising a telephone number object having the return telephone number" / "a first contact object comprising a telephone number associated with the caller"

- "non-telephonic communication modality"

- "a second contact object associated with a non-telephonic communication modality"

- "initiating a communication "

- "instant messaging" / "instant message"

- "the second interactive displayed portion of the respective user selected item is identified by an icon displayed within the respective user selected item"

- "associated with a missed call" / "associated with contact information"

- "associated with sending an email" / "associated with sending an instant message"

- "that input"

- "the finger tap input"

- "that interactive displayed item"

- "the selected interactive displayed item"

1   These claim terms/phrases as apparently construed by Apple violate the written description,

2   enablement and/or definiteness requirements of 35 U.S.C. § 112.

3          Based on Samsung's present understanding of Plaintiff's infringement contentions, at least

4   one or more of these claim terms/phrases are indefinite because they are inconsistent with and

5   broader than the alleged invention disclosed in the specification and given Plaintiff's apparent

6   constructions of the claims, any person of ordinary skill in the art at the time of the invention

7   would not understand what is claimed, even when the claims are read in light of the specification.

8   Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each

9   of the asserted claims in which these claim terms/phrases appear lack written description because

10  the specification of the '760 Patent demonstrates that the patentee neither conceived of nor

11  demonstrated possession of all that Apple now contends the claims cover.

12         Samsung further asserts that claims 8-11, 14, 18-19, 21 are invalid for reciting at least the

13  following claim terms/phrases:

14      • "instructions, which . . . cause the device to: display . . ." / "instructions for . . .
           displaying . . ." / "instructions to display . . ."

15

16      • "instructions, which . . . cause the device to: . . . completely substituting display
           . . ." / "instructions for . . . completely substituting display . . ." / "instructions to . . .

17         completely substituting display . . ."

18      • "instructions, which . . . cause the device to: . . . initiate a return telephone call . . ."
           / "instructions for . . . initiating a telephone call . . ." / "instructions to . . . initiate a

19         telephone call . . ."

20      • "instructions, which . . . cause the device to: . . . initiate a communication . . ." /
           "instructions for . . . initiating a communication . . ." / "instructions to . . . initiate a

21         communication . . ."

22

23      • "instructions to receive a finger tap input . . ." / "the portable electronic device is
           configured to: receive a finger tap input . . ." / "instructions, which . . . receive a

24         finger tap input . . ."

25      • "instructions to detect a finger tap input . . ." / "instructions for . . . detecting . . ." /
           "instructions that . . . cause the device to . . . detect . . ."

26

27  Each of these claim limitations is governed by 35 U.S.C. § 112, paragraph 6.  The '760 patent

    specification, however, fails to set forth the structure, material or acts for accomplishing the

28

1   claimed instructions.  Each of these claims is therefore invalid as indefinite under 35 U.S.C. §

2   112(2).

3    In addition, based on Samsung's present understanding of Plaintiff's infringement

4   contentions, each of the asserted claims in which these claim terms/phrases appear are invalid

5   because the specification fails to provide sufficient disclosure to enable any person of ordinary

6   skill in the art to which it pertains, or with which it is most nearly connected, to implement the

7   invention without undue experimentation.

8    For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112

9   ¶¶ 1 and 2.

10  **VI. THE '721 PATENT**

11   **A. Local Patent Rule 3-3(a):  Identification of Prior Art**

12   At this time, Samsung contends that at least the following prior art references anticipate or

13  render obvious, either alone or in combination, the asserted claims of the '721 Patent:

14    1. **Patent References**[12]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 6,421,453 | July 16, 2002 | May 15, 1998 |
| US | 6,545,669 | Apr. 8, 2003 | Mar. 26, 1999 |
| US | 7,084,859 | Aug. 1, 2006 | Sep. 18, 1992 |
| US | 7,113,177 | Sep. 26, 2006 | Apr. 4, 2002 |
| US | 7,216,116 | May 8, 2007 | May 2, 1997 |
| US | 7,365,736 | Apr. 29, 2008 | Mar. 23, 2004 |
| US | 7,425,944 | Sep. 16, 2008 | July 1, 2005 |
| US | 7,546,548 | June 9, 2009 | June 28, 2002 |
| US | 7,653,818 | Jan. 26, 2010 | July 21, 2005 |
| US | 7,800,587 | Sep. 21, 2010 | Aug. 11, 2005 |
| US | 8,117,701 | Feb. 21, 2012 | July 7, 2006 |
| US | 8,127,141 | Feb. 28, 2012 | Oct. 29, 2002 |
| US | 2002/0029341 | Mar. 7, 2002 | Feb. 10, 2000 |
| US | 2002/0104005 | Aug. 1, 2002 | Jan. 31, 2001 |
| US | 2006/0012577 | Jan. 19, 2006 | July 16, 2004 |
| US | 2006/0064004 | Mar. 23, 2006 | Sep. 15, 2005 |
| US | 2006/0075250 | Apr. 6, 2006 | Sep. 24, 2004 |
| US | 2006/0092177 | May 4,2006 | Oct. 30, 2004 |
| US | 2006/0209014 | Sep. 21, 2006 | Mar. 16, 2005 |
| US | 2007/0135091 | June 14, 2007 | Dec. 8, 2005 |

---

[12] Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 8,095,87 | Jan. 10, 2012 | Dec. 10, 2002 |
| WO | 01/77792 | Oct. 18, 2001 | Apr. 7, 2000 |
| WO | 03/038569 | May 8, 2003 | Oct. 30, 2001 |
| EP | 1 964 022 | Mar. 10, 2010 | Dec. 23, 2005 |
| US | 5,293,908 | Mar. 15, 1994 | Feb. 24, 1993 |
| US | 5,465,084 | Nov. 7, 1995 | Mar. 27, 1990 |
| US | 5,559,961 | Sep. 24, 1996 | Aug. 30, 1995 |
| US | 5,677,710 | Oct. 14, 1997 | May 10, 1993 |
| US | 5,821,933 | Oct. 13, 1998 | Sep. 14, 1995 |
| US | 5,907,327 | May 25, 1999 | Aug. 15, 1997 |
| US | 5,923,908 | July 13, 1999 | Oct. 30, 1997 |
| US | 6,151,208 | Nov. 21, 2000 | June 24, 1998 |
| US | 6,160,555 | Dec. 12, 2000 | Nov. 17, 1997 |
| US | 6,192,478 | Feb. 20, 2001 | Mar. 2,1998 |
| US | 6,249,606 | June 19, 2001 | Feb. 19, 1998 |
| US | 6,323,846 | Nov. 27, 2001 | Jan. 25, 1999 |
| US | 6,347,290 | Feb. 12, 2002 | June 24, 1998 |
| US | 6,421,453 | July 16, 2002 | May 15, 1998 |
| US | 6,570,557 | May 27, 2003 | Feb. 10, 2001 |
| US | 6,573,883 | June 3, 2003 | June 24, 1998 |
| US | 6,633,310 | Oct. 14, 2003 | May 31, 2000 |
| US | 6,677,932 | Jan. 13, 2004 | Jan. 28, 2001 |
| US | 6,720,860 | Apr. 13, 2004 | June 30, 2000 |
| US | 6,735,695 | May 11, 2004 | Dec. 20, 1999 |
| US | 7,124,433 | Oct. 17, 2006 | Dec. 10, 2002 |
| US | 7,151,843 | Dec. 19, 2006 | Jan. 25, 2005 |
| US | 7,174,462 | Feb. 6, 2007 | Nov. 12, 2002 |
| US | 7,245,293 | July 17, 2007 | July 28, 2005 |
| US | 7,263,670 | Aug. 28, 2007 | June 10, 2004 |
| US | 7,302,642 | Nov. 27, 2007 | June 3, 2003 |
| US | 8,095,879 | Jan. 10,2012 | Dec. 10, 2002 |
| US | 2001/0011308 | Aug. 2, 2001 | May 20, 1997 |
| US | 2001/0012022 | Aug. 9, 2001 | Dec. 10, 1998 |
| US | 2002/0015024 | Feb. 7, 2002 | Jan. 25, 1999 |
| US | 2002/0191029 | Dec. 19, 2002 | May 16, 2001 |
| US | 2002/0196274 | Dec. 26, 2002 | June 8, 2001 |
| US | 2003/0142138 | July 31, 2003 | Jan. 28, 2002 |
| US | 2004/0030934 | Feb. 12, 2004 | Oct. 19, 2000 |
| US | 2004/0034801 | Feb. 19, 2004 | Aug. 5, 2003 |
| US | 2004/0085351 | May 6, 2004 | Sep. 19, 2003 |
| US | 2004/0088568 | May 6, 2004 | Sep. 29, 2003 |
| US | 2004/0230843 | Nov. 18, 2004 | July 8, 2004 |
| US | 2004/0250138 | Dec. 9, 2004 | Apr. 18, 2003 |
| US | 2004/0260955 | Dec. 23, 2004 | June 18,2004 |
| US | 2004/0268267 | Dec. 30, 2004 | June 25, 2003 |
| US | 2005/0050477 | Mar. 3, 2005 | July 19, 2000 |
| US | 2005/0060554 | Mar. 17, 2005 | Aug. 30, 2004 |
| US | 2005/0079896 | Apr. 14, 2005 | Oct. 14, 2003 |
| US | 2005/0134578 | June 23, 2005 | July 13, 2001 |
| US | 2005/0212760 | Sep. 29, 2005 | Mar. 23, 2004 |
| US | 2005/0216862 | Sep. 29, 2005 | Mar. 18, 2005 |

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 2005/0248542 | Nov. 10, 2005 | Apr. 29, 2005 |
| US | 2005/0253817 | Nov. 17, 2005 | June 16,2 003 |
| US | 2005/0264833 | Dec. 1, 2005 | Mar. 7, 2005 |
| US | 2005/0289476 | Dec. 29, 2005 | June 28, 2004 |
| US | 2006/0174339 | Aug. 3, 2006 | Oct. 5, 2005 |
| US | 2006/0267955 | Nov. 30, 2006 | Mar. 6, 2006 |
| US | 2008/0034292 | Feb. 7, 2008 | Aug. 4, 2006 |
| US | 2008/0072172 | Mar. 20, 2008 | Mar. 18, 2005 |
| US | 5,923,908 | July 13, 1999 | Oct. 30, 1997 |
| US | 5,943,052 | Aug. 24, 1999 | Aug. 12, 1997 |
| US | 6,298,146 | Oct. 2, 2001 | June 19, 1997 |
| US | 6,313,853 | Nov. 6, 2001 | Apr. 16, 1998 |
| US | 6,351,634 | Feb. 26, 2002 | June 1, 1999 |
| US | 6,639,584 | Oct. 28, 2003 | July 6, 1999 |
| US | 6,985,137 | Jan. 10, 2006 | Aug. 13, 2001 |
| US | 7,031,756 | Apr. 18, 2006 | Mar. 20, 2000 |
| US | 7,453,443 | Nov. 18, 2008 | June 16, 2003 |
| US | 2004/0010722 | Jan. 15, 2004 | Dec. 23, 2002 |
| US | 2005/0134578 | June 23, 2005 | Nov. 6, 2002 |
| US | 2006/0103633 | May 18, 2006 | Feb. 14, 2005 |
| US | 5,821,933 | Oct. 13, 1998 | Sep. 14, 1995 |
| US | 2002/0191029 | Dec. 19, 2002 | May 16, 2001 |
| US | 2002/0104005 | Aug. 1, 2002 | Jan. 31, 2001 |
| US | 2005/0253817 | Nov. 17, 2005 | June 16, 2003 |
| WO | 2004/001560 | Dec. 31, 2003 | June 19, 2002 |
| WO | 2004/111816 | Dec. 23, 2004 | June 13, 2003 |

2.   **Publications**[13]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| IBM Research Report – A Wristwatch-Computer Based Password-Vault | Mar. 10, 2005 | Gabor Blasko | IBM |
| Passdoodles; a Lightweight Authentication Method | July 27, 2004 | Christopher Varenhorst | |
| Neonode announces WLAN Mobile Phone | Apr. 12, 2005 | Luigi Lugmayr | 14U News |
| Neonode N1 sells for $620 | Nov. 1, 2004 | Luigi Lugmayr | 14U News |
| Neonode N1 Sells now Europe-Wide | Nov. 16, 2004 | Luigi Lugmayr | 14U News |
| Neonode N1 Smartphone starts selling | Oct. 29, 2004 | Luigi Lugmayr | 14U News |
| Neonode Smartphone goes Skateboarding | Sep. 3, 2004 | Luigi Lugmayr | 14U News |
| New Neonode N1m | Apr. 7, 2005 | Luigi Lugmayr | 14U News |
| New Ultra-Mobile Smartphone Neonode N1 | Dec. 21, 2002 | Luigi Lugmayr | 14U News |

---

[13]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| Sharp will manufacture the new Danger HipTop | July 25, 2004 | Luigi Lugmayr | 14U News |
| The Neonode Nl Smart Phone is Shipping, kinda | June 25, 2004 | Luigi Lugmayr | 14U News |
| Top 10 Future Technology Stories On I4U | Mar. 19, 2003 | Luigi Lugmayr | 14U News |
| Neonode launches the N1 in Sweden | Oct. 10, 2004 | | Neonode |
| Neonode Newsletter #3 | Undated | The Crew | Neonode |
| Neonode Nl Handset Development Description | Feb. 19, 2003 | | Neonode |
| Neonode Existence – N1 Factsheet V1.1 | 2003 | | Neonode |
| RedNeo Forum | Feb. 3, 2005 | | RedNeo |
| Neonode launches The N1 In Sweden | Oct. 29, 2004 | | Neonode |
| Neonode User Guide | Undated | | Neonode |
| N1 Quick Start Guide V 0.5 | Undated | | Neonode |
| NeoNode N1 -  Can a unique interface put this compelling smart phone on the map? | Undated | Conrad H. Blickenstorfer | Pen Computing Magazine |
| RedNeo Forum | Jan. 22, 2005 | | RedNeo |
| RedNeo Forum | Sep. 23, 2004 | | RedNeo |
| The Lemur Owner's Manual | Aug. 1, 2005 | | JazzMutant |
| Lemur Owner's Manual Version 1.2 | 2005 | | JazzMutant |
| Soft Machines: A Philosophy of User-Computer Interface Design | Dec. 1983 | Lloyd H. Nakatani and John A. Rohrlich | |
| Touchscreen Toggle Switches: Push or Slide? Design issues and usability study | Nov. 1990 | Catherine Plaisant & Daniel Wallace | University of Maryland |
| TOUCHSCREEN TOGGLE DESIGN | May 1992 | Catherine Plaisant & Daniel Wallace | |
| Specification of Interface Interaction Objects | Sep. 1993 | David A. Carr | University of Maryland |
| Kenwood - KVT-911DVD Instruction Manual | 2000 | | Kenwood |
| Kenwood's High-End Triumph | July 22, 2002 | Amy Gilroy | TWICE |
| VAIO pocket for Windows | Undated | | Sony |
| Sony Plans HOD Music Portables In U.S. | May 17, 2004 | Joseph Palenchar | TWICE |
| Apple-Samsung Dutch Decision | Aug. 24, 2011 | | |
| Digital Photo Browsing with Souvenirs | 2003 | Elise van den Hoven & Berry | IOS Press |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| | | Eggen | |
| IBM - Access/Control Icons (Icon Keys) | Apr. 4, 1995 | J. McLean, C. A. Pickover and D. Winarski | IBM |
| The design and Analysis of Graphical Passwords | Aug. 1999 | Ian Jermyn, Alain Mayer, Fabian Monrose, Michael K. Reiter, and Aviel D. Rubin | USENIX |
| Motion Gestures | 2005 | | Apple |
| Motion Getting Started Manual | 2004 | | Apple |
| Contact Area Interaction with Sliding Widgets | Undated | Tomer Moscovich | |
| Scheduling home control devices: design issues and usability evaluation of four touchscreen interfaces | 1992 | Catherine Plaisant and Ben Shneiderman | University of Maryland |
| SMART Board Software Version 8.1.3 Introduces Touch Gestures | Aug. 10, 2004 | | Smart Technologies |
| Touch-Sensing Input Devices | 1999 | Ken Hinckley and Mike Sinclair | |
| Layered Touch Panel: The Input Device with Two Touch Panel Layers | Apr. 2002 | | |

3. **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '721 Patent, including documents and source code describing the same:

- Plaisant

- Gridlock

- Neonode.

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other

references to render the claims of the '721 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit F.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 1-15 of the '721 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '721 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit F.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

1.      **Anticipation**

Some or all of the asserted claims of the '721 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit F, which identify specific examples of where each limitation of the asserted

claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

## 2.    **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit F, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '721 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit F, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '721 Patent to combine the various references cited herein so as to practice the asserted claims of the '721 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or

the nature of the problems allegedly addressed by the '721 Patent.  Combining the references disclosed in Exhibit F would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits F 1-6, which includes exemplary claim charts for the asserted claims of the '721 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '721 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit F includes exemplary claim charts that describe how the asserted claims of the '721 Patent would have been obvious in view of all references identified in Exhibit F, which, if found not to anticipate the claims of the '721 Patent, render the claims of the '721 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff,

information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.   Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits F 1-6.

### D.   Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '721 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.   Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '721 Patent are invalid under 35 U.S.C. § 101 because they only claim abstract ideas.  Many limitations in the asserted claims are common abstractions in computer systems and programming languages.  For example, "detecting a contact with the touch-sensitive display at a first predefined location corresponding to an unlock image," "continuously moving the unlock image on the touch-sensitive display in accordance with movement of the contact while continuous contact with the touch screen is maintained," "unlocking the hand-held electronic device if the moving the unlock image on the touch-sensitive display results in movement of the unlock image from the first predefined location to a predefined unlock region on the touch-sensitive display," "moving comprises movement along any desired path," "moving

comprises movement along any desired path," "displaying visual cues to communicate a direction of movement of the unlock image required to unlock the device," "an arrow indicating a general direction of movement," each refer only to programming abstractions, the manipulation of information, or abstract ideas regarding user interaction; these are concepts, not physical objects or tangible matter.

2.   **Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)**

Samsung asserts that each asserted claim of the '721 Patent is invalid in that the '721 specification fails to particularly point out and distinctly claim the alleged invention of the '721 Patent. Samsung further asserts that each asserted claim of the '721 Patent is invalid as not containing a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

Based on Samsung's present understanding of Plaintiff's infringement contentions, Samsung asserts that claim 1-15 of the '721 Patent are invalid under 35 U.S.C. § 112 ¶ 1 at least because they include the following claim terms/phrases:

- "A method for unlocking a handheld device,"

- "continuously moving the unlock image on the touch-sensitive display in accordance with movement of the contact while continuous contact with the touch screen is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device,"

- "unlocking the hand-held electronic device if the moving the unlock image on the touch-sensitive display results in movement of the unlock image from the first predefined location to a predefined unlock region on the touch-sensitive display,"

- "moving comprises movement along any desired path,"

- "moving comprises movement along any desired path,"

- "displaying visual cues to communicate a direction of movement of the unlock image required to unlock the device,"

- "an arrow indicating a general direction of movement."

These claim terms/phrases as apparently construed by Apple violate the written description and/or enablement requirements of 35 U.S.C. § 112 ¶ 1.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '721 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.  In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.  Therefore, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

Samsung further asserts that claims 11, 7, 8, 9, 10, 12, 14, 15 of the '721 Patent are invalid for reciting at least the following claim limitations:

- "means for displaying an unlock image at a first predefined location on the touch-sensitive display while the device is in a user-interface lock state";

- "means for continuously moving the unlock image on the touch-sensitive display in response to detecting the contact in accordance with movement of the contact while continuous contact with the touch screen is maintained, wherein the unlock image

is a graphical, interactive user-interface object with which a user interacts in order to unlock the device";

- "means for transitioning the device to a user-interface unlock state if the moving the unlock image on the touch-sensitive display results in movement of the unlock image from the first predefined location to a predefined unlock region on the touch-sensitive display";

- "including instructions… to detect a contact with the touch-sensitive display at a first predefined location corresponding to an unlock image";

- "including instructions…. to continuously move the unlock image on the touch-sensitive display in accordance with movement of the detected contact while continuous contact with the touch-sensitive display is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device"; and

- "including instructions… to unlock the hand-held electronic device if the unlock image is moved from the first predefined location on the touch screen to a predefined unlock region on the touch-sensitive display";

- "A computer readable storage medium storing one or more programs, the one or more programs comprising instructions…. comprising… detecting… continuously moving…. and unlocking."

Each of those claim limitations is or may be governed by 35 U.S.C. section 112, paragraph 6.  The '721 patent specification, however, fails to set forth the structure, material or acts for accomplishing the recited function.  Each of these claims is therefore invalid as indefinite under 35 U.S.C. § 112(2).

## VII.   THE '172 PATENT

### A.   Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '172 Patent:

### 1.   Patent References[14]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 5,367,453 | Nov. 22, 1994 | Aug. 2, 1993 |
| US | 5,437,036 | July 25, 1995 | Sep. 3, 1992 |
| US | 5,487,616 | Jan. 30, 1996 | June 1, 1995 |
| US | 5,594,640 | July 25, 1995 | Aug. 2, 1993 |
| US | 5,623,406 | Apr. 22, 1997 | Mar. 6, 1995 |
| US | 5,682,439 | Oct. 28, 1997 | Aug. 7, 1995 |
| US | 5,818,437 | Oct. 6, 1998 | July 26, 1995 |
| US | 5,953,541 | Sep. 14, 1999 | Jan. 24, 1997 |
| US | 6,002,390 | Dec. 14, 1999 | Nov. 21, 1997 |
| US | 6,085,206 | July 4, 2000 | June 20, 1996 |
| US | 6,204,848 | Mar. 20, 2001 | Apr. 14, 1999 |
| US | 6,307,548 | Oct. 23, 2001 | Sep. 25, 1997 |
| US | 6,377,965 | Apr. 23, 2002 | Nov. 7, 1997 |
| US | 6,405,060 | June 11, 2002 | Dec. 19, 1997 |
| US | 6,556,841 | Apr. 29, 2003 | May 3, 1999 |
| US | 6,583,798 | June 24, 2003 | July 21, 2000 |
| US | 6,724,370 | Apr. 20, 2004 | Apr. 12, 2001 |
| US | 6,801,190 | Oct. 5, 2004 | May 27, 1999 |
| US | 6,801,659 | Oct. 5, 2004 | Jan. 4, 1999 |
| US | 6,822,585 | Nov. 23, 2004 | Sep. 15, 2000 |
| US | 6,836,759 | Dec. 28, 2004 | Aug. 22, 2000 |
| US | 6,920,452 | July 19, 2005 | Apr. 26, 2001 |
| US | 7,030,863 | Apr. 18, 2006 | July 16, 2003 |
| US | 7,088,345 | Aug. 8, 2006 | May 27, 1999 |
| US | 7,091,885 | Aug. 15, 2006 | June 2, 2004 |
| US | 7,098,896 | Aug. 29, 2006 | Jan. 16, 2003 |
| US | 7,119,794 | Oct. 10, 2006 | Apr. 30, 2003 |
| US | 7,130,798 | Oct. 31, 2006 | Aug. 22, 2000 |
| US | 7,202,853 | Apr. 10, 2007 | Mar. 4, 2003 |
| US | 7,277,088 | Oct. 2, 2007 | Feb. 4, 2004 |
| US | 7,293,231 | Nov. 6, 2007 | Mar. 18, 1999 |
| US | 7,296,019 | Nov. 13, 2007 | Oct. 23, 2001 |
| US | 7,403,888 | July 22, 2008 | June 28, 2000 |
| US | 7,443,316 | Oct. 28, 2008 | Sep. 1, 2005 |
| US | 7,486,277 | Feb. 3, 2009 | Apr. 30, 2003 |
| US | 7,581,180 | Aug. 25, 2009 | May 10, 2001 |
| US | 7,584,093 | Sep. 1, 2009 | Apr. 25, 2005 |
| US | 7,584,426 | Sep. 1, 2009 | Mar. 31, 2004 |

---

[14]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 7,599,828 | Oct. 6, 2009 | Mar. 1, 2005 |
| US | 7,636,083 | Dec. 22, 2009 | Feb. 20, 2004 |
| US | 7,698,123 | Apr. 13, 2010 | Aug. 31, 2004 |
| US | 7,716,579 | May 11, 2010 | May 19, 2005 |
| US | 7,725,419 | May 25, 2010 | Sep. 3, 2003 |
| US | 7,880,730 | Feb. 1, 2011 | Feb. 9, 2004 |
| US | 7,886,233 | Feb. 8, 2011 | May 23, 2005 |
| US | 7,920,132 | Apr. 5, 2011 | May 27, 1999 |
| US | 7,996,589 | Aug. 9, 2011 | Apr. 22, 2005 |
| US | 8,036,878 | Oct. 11, 2011 | May 18, 2005 |
| US | 8,136,050 | Mar. 13, 2012 | Nov. 21, 2003 |
| US | 8,185,841 | May 22, 2012 | May 23, 2005 |
| US | 2003/0033288 | Feb. 13, 2003 | Aug. 13, 2001 |
| US | 2004/0021691 | Feb. 5, 2004 | May 21, 2001 |
| US | 2004/0140956 | July 22, 2004 | Jan. 16, 2003 |
| US | 2004/0183833 | Sep. 23, 2004 | Mar. 19, 2003 |
| US | 2005/0188330 | Aug. 25, 2005 | Feb. 20, 2004 |
| US | 2005/0192802 | Sep. 1, 2005 | Feb. 11, 2004 |
| US | 2005/0283358 | Dec. 22, 2005 | Aug. 26, 2005 |
| US | 2006/0063558 | Mar. 23, 2006 | Sep. 21, 2004 |
| US | 2006/0142997 | June 29, 2006 | Dec. 27, 2002 |
| US | 2006/0149551 | July 6, 2006 | Dec. 22, 2004 |
| US | 2006/0167676 | July 27, 2006 | Jan. 26, 2005 |
| US | 2006/0176283 | Aug. 10, 2006 | Aug. 6, 2004 |
| US | 2006/0190447 | Aug. 24, 2006 | Feb. 22, 2005 |
| US | 2006/0206815 | Sep. 14, 2006 | Mar. 8, 2005 |
| US | 2006/0206816 | Sep. 14, 2006 | Mar. 11, 2005 |
| US | 2006/0274051 | Dec. 7, 2006 | Jan. 12, 2004 |
| US | 2006/0269138 | Nov. 30, 2006 | Aug. 22, 2000 |
| US | 2007/0016862 | Jan. 18, 2007 | July 15, 2005 |
| US | 2007/0061753 | Mar. 15, 2007 | June 30, 2004 |
| US | 2007/0074131 | Mar. 29, 2007 | May 18, 2005 |
| US | 2008/0266263 | Oct. 30, 2008 | Mar. 23, 2006 |
| US | 2009/0019395 | Jan. 15, 2009 | Nov. 22, 2004 |
| US | 2011/0010655 | Jan. 13, 2011 | May 21, 2001 |
| JP | 2001-325062 | Nov. 22, 2001 | May 17, 2000 |

2.      **Publications**[15]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| A Minimal Device-Independent Text Input Method | Nov. 10, 1999 | Poika Isokoski | University of Tampere |
| A Stylus-Based User Interface for Text: Entry and Editing | June 1991 | Aaron Goodisman | Massachusetts Institute of Technology |
| Adaptive Forms: An | 1998 | Martin Frank | Association for |

---

[15]   Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Interaction Paradigm for Entering Structured Data | | and Pedro Szekely | Computing Machinery |
| An Efficient Text Input Method for Pen-based Computers | Apr. 1998 | Toshiyuki Masui | Association for Computing Machinery |
| Embedded Menus: Selecting Items In Context | Apr. 1986 | Larry Koved and Ben Schneiderman | Association for Computing Machinery |
| Empirically-based Re-design of a Hypertext Encyclopedia | Apr. 1993 | Keith Instone, Barbee Mynatt Teasley, and Laura Leventhal | Association for Computing Machinery |
| FitalyStamp User's Manual | Aug. 12, 2004 | | TextWare Solutions |
| FitalyVirtual User's Manual | Jan. 4, 2005 | | TextWare Solutions |
| From Letters to Words: Efficient Stroke-based Word Completion for Trackball Text Entry | Oct. 2006 | Jacob Wobbrock and Brad Myers | Association for Computing Machinery |
| Handbook for Palm™ Tungsten™ T Handhelds | 2002 | | Palm |
| Instant Text Mobile User's Manual | May 13, 2005 | | TextWare Solutions |
| Instant Text Mobile Options and Advanced Features | Aug. 16, 2005 | | TextWare Solutions |
| Integrating Pen Operations for Composition by Example | 1998 | Toshiyuki Masui | Association for Computing Machinery |
| Mobile Text Entry | Nov. 8, 2002 | Amal Sirisena | University of Canterbury |
| Model-based and Empirical Evaluation of Multimodal Interactive Error Correction | 1999 | Bernhard Suhm, Brad Myers, and Alex Waibel | Association for Computing Machinery |
| Motorola V3 GSM User Guide | 2005 | | Motorola |
| Natural Language Interfaces: Specifying and Using Conceptual Constraints | 1993 | Elisabeth Godbert, Robert Pasero, and Paul Sabatier | Elsevier |
| POBox: An Efficient Text Input Method for Handheld and Ubiquitous Computers | 1999 | Toshiyuki Masui | Springer-Verlag |
| Read This First – Welcome to Instant Text Mobile | Apr. 9, 2005 | | TextWare Solutions |
| Read This First – Welcome to FitalyStamp | Aug. 5, 2004 | | TextWare Solutions |
| Read This First – Welcome to FitalyVirtual | July 29, 2005 | | TextWare Solutions |
| Syntax PAL: A System to Improve the Written Syntax of Language-Impaired Users | 1992 | Corinne Morris, Alan Newell, Lynda Booth, | Rehabilitation Engineering and Assistive |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| | | Ian Ricketts and John Arnott | Technology Society |
| Text Entry for Mobile Computing: Models and Methods, Theory and Practice | 2002 | I. Scott MacKenzie and R. William Soukoreff | Lawrence Erlbaum Associates |
| Text prediction systems: a survey | 2006 | Nestor Garay-Vitoria and Julio Abascal | Springer-Verlag |
| Toshiba Pocket PC e570 Instruction Manual | Sep. 2001 | | Toshiba |
| TextPlus$^{TM}$ for the Palm OS Version 5.5 Users Guide | Aug. 31, 2004 | | TextWare Solutions |
| The Fitaly Keyboard for the Palm Organizer: Reference Manual | Jan. 20, 2000 | | TextWare Solutions |
| Treo$^{TM}$ 90 Handheld User Guide | 2002 | | Handspring |
| WiViK On-screen Keyboard | 2003 | | Prentke Romich Company |

3.      **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '172 Patent, including documents and source code describing the same:

- eZiTap, eZiText, and eZiType

- Fitaly 3 for the Pocket PC

- FitalyStamp 3

- FitalyVirtual 3

- Interkey Professional

- Instant Text Mobile for the Palm OS5

- LookDA 3.5

- Mac OS X Autocomplete

- Spell Catcher X

- T-Mobile Dash

- TenGO 2.0

- TenGO Palm 1.0

- TenGO Thumb 1.04

- TextPlus 3.0

- TextPlus for the Palm OS Version 5.5

- The Fitaly Keyboard for the Palm Organizer 2.0

- WiViK 3 On-Screen Keyboard

- WordComplete 2.0

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '172 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit G.

**B.      Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims**

Plaintiff asserts claims 2-6, 9-12, 17-21, 23-25 and 27-37 of the '172 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '172 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit G.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other

publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

### 1.   Anticipation

Some or all of the asserted claims of the '172 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit G, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

### 2.   Obviousness

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit G, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '172 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit G, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '172 Patent to combine the various references cited herein so as to practice the asserted claims of the '172 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or the nature of the problems allegedly addressed by the '172 Patent.  Combining the references disclosed in Exhibit G would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits G-1 to G-11, which includes exemplary claim charts for the asserted claims of the '172 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '172 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit G includes exemplary claim charts that describe how the asserted claims of the '172 Patent would have been obvious in view of all references identified in Exhibit G, which, if found not to anticipate the claims of the '172 Patent, render the claims of the '172 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

**C.     Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found**

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function is attached in Exhibits G-1 to G-11.

**D.     Local Patent Rule 3-3(d):  Other Grounds for Invalidity**

Samsung identifies the following grounds for invalidity of the asserted claims of the '172 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

1           **1.**     **Invalidity Based on 35 U.S.C. § 101**

2          The asserted claims of the '172 Patent are invalid under 35 U.S.C. § 101 because they only

3  claim abstract ideas.  Many limitations in the asserted claims are common abstractions in

4  computer systems and programming languages.  For example, "displaying a current character

5  string", "displaying the current character string or a portion thereof and a suggested replacement

6  character string", "displaying a suggested replacement character string", "displaying an alternative

7  suggested replacement character string", "replacing the current character string", "replacing the

8  current character set", "keeping the current character string", "the current character string in the

9  first area is replaced", "the current character string in the first area is kept", "appending a

10  punctuation mark", "the suggested replacement character string in combination with a punctuation

11  a first punctuation mark", "the suggested replacement character string in combination with a

12  second punctuation mark", "adding at the end of said character set a punctuation mark" each refer

13  only to programming abstractions or the manipulation of information; these are concepts, not

14  physical objects or tangible matter.

15           **2.**     **Invalidity Based on Enablement or Written Description Under 35**
                     **U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35**
16                        **U.S.C. § 112(2)**

17          Samsung asserts that each asserted claim of the '172 Patent is invalid in that the '172

18  specification fails to particularly point out and distinctly claim the alleged invention of the '172

19  Patent.  Samsung further asserts that each asserted claim of the '172 Patent is invalid as not

20  containing a written description of the invention, and of the manner and process of making and

21  using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to

22  which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

23          Based on Samsung's present understanding of Apple's infringement contentions, Samsung

24  asserts that claims 18, 19, 20, 27, 28, 32, 33 of the '172 Patent are invalid as indefinite because

25  they combine method and apparatus limitations.  Samsung further asserts that claims 2-3, 6, 9, 18-

26  21, 23-25 and 27-37 of the '172 Patent are invalid as indefinite for reciting at least the following

27  claim terms/phrases:

28                •   "current character string" / "current character set"

- "being input by a user with a keyboard"

- "replacing the current character string" / "the current character string in the first area is replaced"

- "key on the keyboard associated with a delimiter"

- "keeping the current character string" / "the current character string in the first area is kept"

- "performs a first gesture on the suggested replacement character string"

- "performs a second gesture in the second area on the current character string or the portion thereof"

- "soft keyboard" / "virtual keyboard" / "virtual key" / "virtual . . . key"

- "performs a predefined gesture on the alternative suggested replacement character string in the second area"

- "performs a gesture on the suggested replacement character string"

- "performs a gesture in the second area on the current character string or the portion thereof"

- "user input of a single touch" / "single touch input" / "single touch user selection input"

- "single user input at a first location / single user input at a second location / single user input at a third location"

- "in response to . . . user input" / "in response to the single touch user selection input"

- "accepting the current character string"

These claim terms/phrases as apparently construed by Apple violate the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

Based on Samsung's present understanding of Plaintiff's infringement contentions, at least one or more of these claim terms/phrases are indefinite because they are inconsistent with and broader than the alleged invention disclosed in the specification and given Plaintiff's apparent constructions of the claims, any person of ordinary skill in the art at the time of the invention would not understand what is claimed, even when the claims are read in light of the specification. Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each

of the asserted claims in which these claim terms/phrases appear lack written description because the specification of the '172 Patent demonstrates that the patentee neither conceived of nor demonstrated possession of all that Apple now contends the claims cover.

Samsung further asserts that claims 2, 19-21, 27-28, 32-33 are invalid for reciting at least the following claim terms/phrases:

- "displaying a current character string . . ."

- "replacing the current character string . . ."

- "keeping the current character string . . ."

- "instructions for displaying . . ." / "instructions, which . . . display . . ." / "instructions, which . . . perform . . . displaying . . ." / "instructions that . . . perform . . . displaying . . ."

- "instructions for replacing" / "instructions, which . . . replace . . ." / "instructions, which . . . perform . . . replacing . . ." / "instructions that . . . perform . . . replacing . . ."

- "instructions for keeping . . ." / "instructions, which . . . keep . . ."

- "instructions that . . . perform . . . appending . . ."

- "instructions that . . . perform . . . accepting . . ."

Each of these claims is governed by 35 U.S.C. § 112, paragraph 6.  The '172 patent specification, however, fails to set forth the structure, material or acts for accomplishing the claimed steps and instructions.  Each of these claims is therefore invalid as indefinite under 35 U.S.C. § 112(2).

In addition, based on Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted claims in which these claim terms/phrases appear are invalid because the specification fails to provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains, or with which it is most nearly connected, to implement the invention without undue experimentation.

For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112 ¶¶ 1 and 2.

## VIII.   THE '604 PATENT

### A.      Local Patent Rule 3-3(a):  Identification of Prior Art

At this time, Samsung contends that at least the following prior art references anticipate or render obvious, either alone or in combination, the asserted claims of the '604 Patent:

#### 1.      Patent References[16]

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 3,496,299 | Feb. 17, 1970 | Nov. 14, 1966 |
| US | 4,260,854 | Apr. 7, 1981 | May 20, 1975 |
| US | 5,019,806 | May 28, 1991 | Apr. 30, 1984 |
| US | 5,337,347 | Aug. 9, 1994 | June 25, 1992 |
| US | 5,577,241 | Nov. 19, 1996 | Dec. 7,1994 |
| US | 5,634,053 | May 27, 1997 | Aug. 29, 1995 |
| US | 5,659,732 | Aug. 19, 1997 | May 17, 1995 |
| US | 5,671,426 | Sep. 23, 1997 | June 22, 1993 |
| US | 5,742,816 | Apr. 21, 1998 | Sep. 15, 1995 |
| US | 5,845,278 | Dec. 1, 1998 | Sep. 12, 1997 |
| US | 5,855,015 | Dec. 29, 1998 | May 12, 1995 |
| US | 5,913,205 | June 15, 1999 | Mar. 28, 1996 |
| US | 5,913,215 | June 15, 1999 | Feb. 19, 1997 |
| US | 5,937,406 | Aug. 10, 1999 | Jan. 31, 1997 |
| US | 5,987,446 | Nov. 16, 1999 | Nov. 12, 1996 |
| US | 6,000,020 | Dec. 7, 1999 | Apr. 1, 1997 |
| US | 6,005,565 | Dec. 21, 1999 | Mar. 25, 1997 |
| US | 6,026,429 | Feb. 15, 2000 | Nov. 10, 1997 |
| US | 6,049,796 | Apr. 11, 2000 | Feb. 24, 1997 |
| US | 6,065,003 | May 16, 2000 | Aug. 19, 1997 |
| US | 6,070,158 | May 30, 2000 | Aug. 14, 1996 |
| US | 6,078,914 | June 20, 2000 | Dec. 9, 1996 |
| US | 6,098,065 | Aug. 1, 2000 | Feb. 13, 1997 |
| US | 6,266,094 | July 24, 2001 | June 14, 1999 |
| US | 6,311,182 | Oct. 30, 2001 | Nov. 17, 1997 |
| US | 6,324,534 | Nov. 27, 2001 | Sep. 10, 1999 |
| US | 6,345,269 | Feb. 2, 2002 | Mar. 26, 1999 |
| US | 6,366,915 | Apr. 2, 2002 | Nov. 4, 1998 |
| US | 6,370,543 | Apr. 9, 2002 | May 24, 1996 |
| US | 6,415,285 | July 2, 2002 | Dec. 8, 1999 |
| US | 6,424,968 | July 23, 2002 | Oct. 15, 1998 |
| US | 6,445,834 | Sep. 3, 2002 | Oct. 19, 1998 |
| US | 6,574,632 | June 3, 2003 | Nov. 18, 1998 |
| US | 6,578,048 | June 10, 2003 | June 5, 1995 |
| US | 6,615,172 | Sep. 2, 2003 | Nov. 12, 1999 |
| US | 6,665,640 | Dec. 16, 2003 | Nov. 12, 1999 |
| US | 6,697,835 | Feb. 24, 2004 | Oct. 28, 1999 |
| US | 6,842,758 | Jan. 11, 2005 | July 30, 1999 |

[16]   Samsung incorporates by reference all prior art references cited in the patents listed herein and/or their file histories.

| Country of Origin | Patent Number | Date of Issue | Priority Date |
|---|---|---|---|
| US | 6,845,370 | Jan. 18, 2005 | Nov. 19, 1998 |
| US | 6,862,713 | Mar. 1, 2005 | Aug. 31, 1999 |
| US | 6,901,366 | May 31, 2005 | Aug. 26, 1999 |
| US | 7,653,614 | Jan. 26, 2010 | July 15, 1999 |
| US | 7,873,995 | Jan. 18, 2011 | Sep. 29,2 003 |
|  |  |  |  |
| EP | 0706139 | Published Apr. 10, 1996 | Sep. 9, 1994 |
| WO | 98/32289 | Published July 23, 1998 | Jan. 17, 1997 |

2.      **Publications**[17]

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| An Information System Based on Distributed Objects | 1987 | Michael Caplinger | Computing Machinery |
| An Information System for Corporate Users: Wide Area Information Servers | Sep. 1991 | Brewster Kahle and Art Medler | Online |
| Annotating the World Wide Web using Natural Language | 1997 | Boris Katz | |
| ARIADNE: A System for Constructing Mediators for Internet Sources | 1998 | Jose Luis Ambite, Naveen Ashish, Greg Barish, Craig A. Knoblock, Steven Minton, Pragnesh J. Modi, Ion Muslea, Andrew Philpot and Sheila Tejada | SIGMOD |
| Browsing Local and Global Information | 1995 | Masum Hasan, Gene Golovchinsky, Emanuel Noik, Nipon Charoenkitkarn, Mark Chignell, Alberto Mendelzon and David Modjeska | Proceedings of the 1995 conference of the Centre for Advanced Studies on Collaborative Research |
| Building the infrastructure of | Jan. 1, 1997 | Lynch, | Library Trends |

[17]    Samsung incorporates by reference all prior art references identified in the publications listed herein.

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| resource sharing: union catalogs, distributed search, and cross-database linkage | | Clifford | |
| The Computer User as Toolsmith | 1993 | Saul Greenberg | |
| CyberDesk: A Framework for Providing Self-Integrating Ubiquitous Software Services | 1997 | Anind K. Dey, Gregory Abowd, Mike Pinkerton and Andrew Wood | |
| Dataware Technologies Introduces Dataware II Knowledge Query Server | Sep. 21, 1998 | | PR Newswire |
| Discover: A Resource Discovery System based on Content Routing | | Mark A. Sheldon, Andrzej Duda, Ron Weiss, David K. Gifford | |
| The Distributed Information Search Component (Disco) and the World Wide Web | 1997 | Anthony Tomasic, Remy Amouroux, Philippe Bonnet, Olga Kapitskaia, Hubert Naacke, Louiqa Raschid | SIGMOD |
| Doctor Linux – 5th Edition | 1997 | John Purcell, ed. | Linux Systems |
| The Effectiveness of GlOSS for the Text Database Discovery Problem | | Luis Gravano, Hector Garcia-Molina and Anthony Tomasic | |
| Emacs tutorial | 1985 | | Free Software Foundation |
| Experience the Internet's most powerful search tool | | | The WebTools Company |
| Exploring Computer Science with Scheme | 1998 | | Spinger-Verlag New York, Inc. |
| FreeWAIS-sf: A Wide Area Information Server for Structured Documents and Retrieval Functionality | | | |
| FreeWAIS-sf | Mar. 30, 1995 | Ulrich Pfeifer Tung Huynh | University of Dortmund |
| freeWAIS-sf – UNIDO Edition | Oct. 1995 | Ulrich Pfeifer | University of |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| 0.5 | | | Dortmund |
| GNU Emacs Manual – Searching and Replacement | Undated | | |
| GNU Readline Library | 1988 | | Free Software Foundation |
| Hemlock – An Internet Search Tool for the Newton | 1999 | Sean Luke | |
| Hemlock An Internet Search Tool for the Newton | Undated | | |
| Heuristics – Intelligent Search Strategies for Computer Problem Solving | 1984 | Judea Pearl | Addison-Wesley |
| How to Create a WAIS Query | | | |
| Implementation of the SMART Information Retrieval System | May 1985 | Chris Bucley | |
| Incremental Searching in FoxPro | Oct. 1993 | | PC Magazine |
| The Info Agent: An Interface for Supporting Users in Intelligent Retrieval | 1995 | Daniela D' Aloisi and Vittorio Giannini | |
| Infoharness: Managing Distributed, Heterogeneous Information | 1999 | Kshitij Shah and Amit Sheth | IEEE Internet Computing |
| Information Retrieval Algorithms and Heuristics | 1998 | David A. Grossman and Ophir Frieder | Kluwer Academic |
| Information Retrieval (Z39.50): Application Service Definition and Protocol Specification | 1995 | | NISO Press |
| Information Retrieval on the World Wide Web | 1997 | Venkat N. Gudivada, Vijay V. Raghavan, William I. Grosky and Rajesh Kasanagottu | IEEE Internet Computing |
| INQUERY System Overview | Undated | John Broglio, James P. Callan and W. Bruce Croft | |
| Internet Fish | May 1996 | Brian A. LaMacchia | |
| An Introduction to the EMACS Editor | Jan. 1978 | Eugene Ciccarelli | MIT |
| An Introduction to Multisensor Data Fusion | 1997 | David L. Hall and James Llinas | IEEE |
| Macworld Mac OS 8.5 Bible | 1999 | Lon Poole | IDG Books Worldwide |
| Mac OS 8.5 – Black Book | 1999 | Mark R. Bell | The Coriolis |

Case No. 12-cv-00630-LHK
SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| | | and Debrah D. Suggs | Group, |
| Mac OS 8.5: GO FOR IT! Part I | Oct. 29 1998 | Michael Lambert | The Mac Observer |
| Mac OS 8.5: GO FOR IT! Part II | Oct. 29 1998 | Michael Lambert | The Mac Observer |
| Mac OS 8.5 Special Report | 1998 | | MacInTouch |
| MAC OS 9: The Missing Manual – Finding Files and Web Sites with Sherlock 2 | | | |
| MacWAIS Software Version 1.28 | Feb. 23, 1994 | | EINet |
| The MetaCrawler Architecture for Resource Aggregation on the Web | Nov. 8, 1996 | Erik Selberg and Oren Etzioni | |
| Microsoft Universal Data Access Platform | 1998 | Jose A. Blakeley, Michael J. Pizzo | SIGMOD |
| Microsoft Windows 98 Companion | 1998 | Martin Matthews | Microsoft Press |
| Modern Heuristic Search Methods | 1996 | V.J. Rayward-Smith, I.H. Osman, C.R. Reeves and G.D. Smith | John Wiley and Sons |
| Multiobjective Heuristic Search | 1999 | Pallab Dasgupta, P.P. Chakrabarti and S.C. Desarkar | Vieweg |
| NetHopper Version 3.0 – User's Manual | 1997 | | AllPen |
| Newton Apple MessagePad Handbook | 1995 | | Apple |
| Newton Solutions Guide | | | Apple |
| Newton Programmer's Guide | 1996 | | Addison-Wesley |
| Northern Light: New Search Engine for the Web and Full-Text Articles | Feb. 1998 | Greg Notess | Online |
| Overview of Wide Area Information Servers | Apr. 1991 | Brewster Kahle | |
| Pen Pals | Oct. 12, 1993 | Christopher Barr and Michael Neubarth | PC Magazine |
| Peter Rand's Review of Hemlock | 1999 | Peter Rand | |
| Rama: An Architecture for | May 1, 1991 | Jim Binkley | Kluwer |

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Internet Information Filtering | | and Leslie Young | |
| Search Algorithms Under Different Kinds of Heuristics – A Comparative Study | 1983 | A. Bagchi and A. Mahanti | Indian Institute of Management Calcutta |
| Sigerson, A Sherlock Power Booster | Dec. 2, 1998 | James Sentman | the Mac Observer |
| Sherlock Holmes am Newton | Dec. 1999 | | |
| Softscape's QuickFind Search and Retrieval Software | Nov. 1997 | Robert J. Boeri | EMedia Professional |
| Software Quality Engineering – A Total Technical and Management Approach | 1988 | Michael S. Deutsch and Ronald R. Willis | Prentice-Hall |
| Special Edition – Using Visual C++6 | 1998 | Kate Gregory | Que |
| Surviving the Storm: Using Metasearch Engines Effectively | May 1999 | Randal D. Carlson and Judi Repman | Computers in Libraries |
| Toward more comprehensive Web searching: single searching versus megasearching | 1998 | Greg R. Notess | Online |
| Unix for the Impatient | 1996 | Paul W. Abrahams and Bruce A. Larson | Addison-Wesley |
| User's Guide to the Macintosh version of the WAIS interface | 1991 | | Thinking Machines |
| WAIS, A Sketch Of An Overview | Sep. 23, 1991 | Jeff Kellem | |
| WAIS Search Help | | | |
| What is freeWAIS-sf? | | | |
| Wide Area Information Servers (WAIS) | June 1994 | M. St. Pierre, J. Fullton, K. Gamiel, J. Goldman, B. Kahle, J. Kunze, H. Morris and F. Schiettecatte | |
| Windows 98 Annoyances | Oct. 1998 | David A. Karp | O'Reilly |
| Windows 98 for Dummies | 1999 | Andy Rathbone | Wiley |
| WordPerfect for Windows V 5.2 | 1992 | | WordPerfect |
| Xerox Delivers Global Competitive Advantage to Manufacturing Customers Through Solutions Portfolio | Apr. 27, 1999 | | Business Wire |
| Xerox Introduces Two Products | Nov. 9, 1999 | | Business Wire |

SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| to Expand Knowledge Sharing Software Portfolio | | | |
| Xerox unveils "askOnce", which brings a new search dimension to end-users by giving universal access to multiple information sources through one simple query | 1999 | | Xerox |
| The Z39.50 Information Retrieval Standard – Part I: A Strategic View of Its Past, Present and Future | Apr. 1997 | Clifford A. Lynch | D-Lib Magazine |

3.    **Systems**

All versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '604 Patent, including documents and source code describing the same:

- Emacs

- GNU

- Hemlock

- Linux

- Mac OS 8.5

- Newton 2.0

- NetHopper

- Sherlock Utility

- WAIS protocol and WAIStation client

- Windows 98

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '604 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit H.

### B.   Local Patent Rule 3-3(b):  Whether Each Item Anticipates or Renders Obvious the Asserted Claims

Plaintiff asserts claims 1, 6, 11 and 16-21 of the '604 Patent against Samsung in this lawsuit.  All of those claims are invalid because the '604 Patent fails to meet one or more of the requirements for patentability.  The individual bases for invalidity are provided below and in the claim charts attached as Exhibit H-1 through H-9.  Each of the foregoing listed prior art documents, the underlying work, and/or the underlying apparatus or method qualifies as prior art under one or more sections of 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Although Samsung has identified at least one citation per limitation for each reference, each and every disclosure of the same limitation in the same reference is not necessarily identified.  Rather, in an effort to focus the issues, Samsung has generally cited representative portions of identified references, even where a reference may contain additional support for a particular claim element.  In addition, persons of ordinary skill in the art generally read a prior art reference as a whole and in the context of other publications and literature.  Thus, to understand and interpret any specific statement or disclosure within a prior art reference, such persons would rely on other information within the reference, along with other publications and their general scientific knowledge.  Samsung may rely upon uncited portions of the prior art references and on other publications and expert testimony to provide context, and as aids to understanding and interpreting the portions that are cited.  Samsung may also rely on uncited portions of the prior art references, other disclosed publications, and the testimony of experts to establish that a person of ordinary skill in the art would have been motivated to modify or combine certain of the cited references so as to render the claims obvious.

#### 1.    Anticipation

Some or all of the asserted claims of the '604 Patent are invalid as anticipated under 35 U.S.C. § 102 in view of each of the prior art references identified above and in the claim charts included in Exhibit H, which identify specific examples of where each limitation of the asserted claims is found in the prior art references.  As explained above, the cited portions of prior art references identified in the attached claim charts are exemplary only and representative of the

content and teaching of the prior art references, and should be understood in the context of the reference as a whole and as they would be understood by a person of ordinary skill in the art.

2.   **Obviousness**

To the extent any limitation is deemed not to be exactly met by an item of prior art listed above and in Exhibit H, then any purported differences are such that the claimed subject matter as a whole would have been obvious to one skilled in the art at the time of the alleged invention, in view of the state of the art and knowledge of those skilled in the art.  The item of prior art would, therefore, render the relevant claims invalid for obviousness under 35 U.S.C. § 103(a).

In addition, the references identified above render one or more asserted claims of the '604 Patent obvious when the references are read in combination with each other, and/or when read in view of the state of the art and knowledge of those skilled in the art.  Each and every reference identified is also relevant to the state of the art at the time of the alleged invention.  Any of the references disclosed above may be combined to render obvious (and therefore invalid) each of Plaintiff's asserted claims.  Samsung may rely upon a subset of the above identified references or all of the references identified above, including all references in Exhibit H, for purposes of obviousness depending on the Court's claim construction, positions taken by Apple during this litigation, and further investigation and discovery.

Moreover, to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the other references identified above pursuant to P.R. 3-3(a).  As explained herein and/or in the accompanying charts, it would have been obvious to a person of skill in the art at the time of the alleged invention of the asserted claims of the '604 Patent to combine the various references cited herein so as to practice the asserted claims of the '604 Patent.

Motivations to combine the above items of prior art are present in the references themselves, the common knowledge of one of ordinary skill in the art, the prior art as a whole, or the nature of the problems allegedly addressed by the '604 Patent.  Combining the references

disclosed in Exhibit G would have been obvious, as the references identify and address the same technical issues and suggest very similar solutions to those issues.  Samsung reserves the right to amend or supplement these invalidity contentions to identify additional reasons that combining the references would be obvious to one of ordinary skill in the art.

In accordance with P.R. 3-3(b), prior art references rendering the asserted claims obvious, alone or in combination with other references, including identification of combinations showing obviousness, are identified in Exhibits H-1 through H-9, which includes exemplary claim charts for the asserted claims of the '604 Patent showing specifically where in each reference or combinations of references each asserted claim is found, and an explanation of why the prior art renders the asserted claim obvious.

In particular, Samsung contends that the asserted claims of the '604 Patent would have been obvious in view of the prior art references identified above.  For example, Exhibit H includes exemplary claim charts that describe how the asserted claims of the '604 Patent would have been obvious in view of all references identified in Exhibit H, which, if found not to anticipate the claims of the '604 Patent, render the claims of the '604 Patent obvious alone.

In addition to the specific combinations of prior art and the specific combinations of groups of prior art disclosed, Samsung reserves the right to rely on any other combination of any prior art references disclosed herein.  Samsung further reserves the right to rely upon combinations disclosed within the prosecution history of the references cited herein.

The obviousness combinations set forth in these contentions reflect Samsung's present understanding of the potential scope of the claims that Plaintiff appears to be advocating and should not be seen as Samsung's acquiescence to Plaintiff's interpretation of the patent claims.

Samsung also reserves the right to amend or supplement these contentions regarding anticipation or obviousness of the asserted claims, in view of further information from Plaintiff, information discovered during discovery, or a claim construction ruling by the Court.  Plaintiff has

not identified what elements or combinations it alleges were not known to one of ordinary skill in the art at the time.  Therefore, for any claim limitation that Plaintiff alleges is not disclosed in a particular prior art reference, Samsung reserves the right to assert that any such limitation is either inherent in the disclosed reference or obvious to one of ordinary skill in the art at the time in light of the same, or that the limitation is disclosed in another of the references disclosed above and in combination would have rendered the asserted claim obvious.

### C.    Local Patent Rule 3-3(c):  Charts Identifying where Specifically in each Alleged item of Prior Art each Asserted Claim is Found

Pursuant to Local Patent Rule 3-3(c), charts identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function are attached in Exhibits H-1 through H-9.

### D.    Local Patent Rule 3-3(d):  Other Grounds for Invalidity

Samsung identifies the following grounds for invalidity of the asserted claims of the '604 Patent based on 35 U.S.C. §§ 101 and/or 112 ¶¶ 1 and 2.  Samsung reserves the right to supplement these disclosures based on further investigation and discovery.

#### 1.    Invalidity Based on 35 U.S.C. § 101

The asserted claims of the '604 Patent are invalid under 35 U.S.C. § 101 because they claim only abstract ideas.  For example, "providing said information received from the user-input device to a plurality of heuristic modules," and "determining at least one candidate item of information," "searching by the heuristic modules," and "providing at least one candidate item of information" each refer only to programming abstractions or the manipulation of information; these are concepts, not physical objects or tangible matter.

#### 2.    Invalidity Based on Enablement or Written Description Under 35 U.S.C. § 112(1) and/or Invalidity Based on Indefiniteness Under 35 U.S.C. § 112(2)

Samsung asserts that each asserted claim of the '604 Patent is invalid in that the '604 specification fails to particularly point out and distinctly claim the alleged invention of the '604

1  Patent.  Samsung further asserts that each asserted claim of the '604 Patent is invalid as not

2  containing a written description of the invention and of the manner and process of making and

3  using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to

4  which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

5      Based on Samsung's present understanding of Plaintiff's infringement contentions,

6  Samsung asserts that claims 1, 6, 11 and 16-21 of the '604 Patent are invalid for reciting at least

7  the claim terms "heuristic," "heuristic module," "heuristic algorithm" "respective area of search,"

8  and/or "configured to search."  Claims 16, 18 and 20 of the '604 patent are invalid for reciting at

9  least the claim term "particularized to its associated relevant area of search."  Claims 17, 19 and 21

10  of the '604 patent are invalid for reciting at least "receiving portions of the information descriptor

11  as the portions are being inputted," "providing the portions of the information descriptor to the

12  plurality of heuristic modules as the portions are being received," and "received portion of the

13  information descriptor."  These claim terms/phrases as apparently construed by Apple violate the

14  written description, enablement and/or definiteness requirements of 35 U.S.C. § 112.

15      Based on Samsung's present understanding of Plaintiff's infringement contentions, at least

16  one or more of these claim terms/phrases are indefinite because they are inconsistent with and

17  broader than the alleged invention disclosed in the specification and given Plaintiff's apparent

18  constructions of the claims, any person of ordinary skill in the art at the time of the invention

19  would not understand what is claimed, even when the claims are read in light of the specification.

20  Moreover, based on Samsung's present understanding of Plaintiff's infringement contentions, each

21  of the asserted claims in which these claim terms/phrases appear lack written description because

22  the specification of the '604 Patent demonstrates that the patentee neither conceived of nor

23  demonstrated possession of all that Plaintiff now contends the claims cover.  In addition, based on

24  Samsung's present understanding of Plaintiff's infringement contentions, each of the asserted

25  claims in which these claim terms/phrases appear are invalid because the specification fails to

26  provide sufficient disclosure to enable any person of ordinary skill in the art to which it pertains,

27  or with which it is most nearly connected, to implement the invention without undue

28  experimentation.   The '604 patent specification fails to describe the manner and process of

1  making and using the claimed invention in such full, clear concise and exact terms as to enable a

2  person of ordinary skill in the art to which it pertains to make and use the claimed invention.

3        For at least the reasons set forth above, the claims fail to satisfy the requirements of § 112

4  ¶¶ 1 and 2.

5  ### **PATENT LOCAL RULE 3-4 DISCLOSURES**

6        Pursuant to Patent Rule 3-4(a), Defendants will produce, make available for inspection, or

7  identify publicly available information sufficient to show the operation of any specifically

8  identified aspects or elements of an Accused Instrumentality identified by Plaintiff in its Patent

9  L.R. 3-1(c) chart to the extent such information is in Defendants' possession, custody or control.

10  If such information comprises source code, Defendants will make such source code available for

11  inspection pursuant to the protective order in this action.  Documents produced pursuant to Patent

12  Local Rule 3-4(a) include the following:  SAMNDCA630-00920054 - SAMNDCA630-00926298.

13        Pursuant to Patent Rule 3-4(b), Defendants are producing or making available for

14  inspection copies of each item of prior art identified pursuant to Patent Rule 3-3(a) which does not

15  appear in the file history of the Asserted Patent to the extent such prior art is in Samsung's

16  possession, custody or control.  Documents produced pursuant to Patent Local Rule 3-4(a) include

17  the following: SAMNDCA630-00000616 - SAMNDCA630-00003856; SAMNDCA630-

18  00093416 - SAMNDCA630-00095124; SAMNDCA630-00805769 - SAMNDCA630-00809748;

19  SAMNDCA630-00817832 - SAMNDCA630-00826455; and SAMNDCA630-00926299 -

20  SAMNDCA630-00946068.  In addition, devices, systems and /or software are available for

21  inspection upon reasonable notice.

22        Defendants reserve the right to identify and produce additional documents pursuant to the

23  Patent Rules and the orders of the Court.

24

25

26

27

28

1    DATED:  August 10, 2012                QUINN EMANUEL URQUHART & SULLIVAN LLP

2

3                                  By /s/  Patrick M. Shields
                                      Patrick M. Shields
4                                      Attorneys for Defendants
                                      SAMSUNG ELECTRONICS CO., LTD.,
5                                      SAMSUNG ELECTRONICS AMERICA, INC. and
                                      SAMSUNG TELECOMMUNICATIONS
6                                      AMERICA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES

| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 |
| 6 | |
| 7 | Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY)) |
| 8 | kevinjohnson@quinnemanuel.com Victoria F. Maroulis (Bar No. 202603) |
| 9 | victoriamaroulis@quinnemanuel.com 555 Twin Dolphin Drive, 5th Floor |
| 10 | Redwood Shores, California 94065 Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

11

12  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
13  Patrick M. Shields (Bar No. 204739)
    patrickshields@quinnemanuel.com
14  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
15  Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100

16  Attorneys for SAMSUNG ELECTRONICS CO.,
    LTD., SAMSUNG ELECTRONICS AMERICA,
17  INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

18

19                    UNITED STATES DISTRICT COURT

20        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

21  APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK

22              Plaintiff,

23        vs.                                    **CERTIFICATE OF SERVICE**

24  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
25  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
26  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

27              Defendants.

28

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On August 10, 2012, I served true copies of the following document(s), described as:

**SAMSUNG'S PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES**

on the interested parties in this action addressed as follows:

| <u>ATTORNEYS FOR APPLE INC</u>. | <u>ATTORNEYS FOR APPLE INC</u>. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA      94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA      94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| <u>ATTORNEYS FOR APPLE INC.</u><br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA      94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from scottflorance@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 10, 2012, at Los Angeles, California.

*/s/ Scott Florance*