| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS**<br><br>Date: November 6, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom 5<br>Judge: Honorable Paul S. Grewal |

## I.  INTRODUCTION

Apple's Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions addresses several categories of proposed changes to Apple's infringement contentions.  Apple groups its proposed amendments into three categories:  (1) products and operating systems released after Apple's original contentions; (2) "non-substantive changes"; and (3) previously omitted claim charts.  *See* Dkt. 269 at 1-2.  Apple's summary of its proposed amendments ignores a fourth category – Apple's proposed amendments to assert five additional claims against seventeen products that have been in the case from the beginning.  *See* Dkt. 269 at 8.  Samsung does not oppose certain of Apple's proposed amendments, including the addition of the newly-released Galaxy Note 10.1[1]; the proposed "non-substantive changes" to a number of claim charts; and the addition of claim charts that were omitted from Apple's June 15, 2012 contentions, but that Apple provided to Samsung in June or August.  Samsung opposes Apple's motion to amend its infringement contentions to the extent that the proposed amendments would substantively change and/or expand Apple's contentions without good cause.  Specifically, Samsung opposes: (1) Apple's attempt to indefinitely expand the scope of its allegations by asserting infringement against the "Jelly Bean" version of Android; (2) Apple's request to add three new claim charts more than three months after its infringement contentions were due simply because Apple omitted them when it served its contentions; and (3) Apple's effort to assert five additional claims against each of the seventeen originally accused devices.

Patent Local Rule ("Patent L.R.") 3-6 permits amendment of contentions only "by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  This "good cause" inquiry "considers first whether the moving party was diligent in amending its contentions."  *Acer Inc. v. Tech. Props., Ltd.*, 2010 WL 3618687, at *3 (N.D. Cal. (San Jose Div.) 2010).  If a moving party fails to demonstrate diligence, "the inquiry should end."  *Id.* at *5 (citations omitted).

---

[1]  Samsung has also served a motion to amend its infringement contentions to add the newly released iPhone 5.  *See* Dkt. 267.  Samsung does not oppose Apple's request to add the Galaxy Note 10.1 to its contentions to the extent that Samsung is also granted leave to amend its infringement contentions to add the iPhone 5.

1   Apple has not demonstrated the requisite diligence for its substantive amendments. For example, Apple originally asserted claims 1, 2, 4, 5 and 13 of U.S. Patent No. 5,666,502 (the "'502 patent") against a single device – the Galaxy Note – and asserted claims 8, 11, 14-17, 20, 22-24 and 26 of the '502 patent against all 19 devices identified in the infringement contentions. Apple now seeks to add claims 1, 2, 4, 5 and 13 of the '502 patent to its infringement contentions for all accused devices because, according to Apple, "all the other accused Samsung devices can also be used with a stylus." Dkt. 269-1, ¶ 26. But the stylus on which Apple relies in its proposed amended infringement contentions, the Galaxy Tab™ Conductive Stylus, has been on the market since at least March of 2011. There is no reason Apple could not have included its stylus-based contentions on June 15, 2012 and Apple does not offer one.

Apple also seeks to add to its contentions three claim charts concerning purported infringement of certain claims of U.S. Patent No. 8,086,604 (the "604 patent") by Samsung's Conquer 4G, Dart and Exhibit II 4G products. But Apple plainly had the information necessary to serve these three claim charts on June 15, 2012. In its attempt to justify late disclosure, Apple blames human error in organizing and serving 137 different claim charts on June 15th. Yet Apple admits that it identified and corrected other errors in its infringement contentions. Just a few days after serving its original contentions and again several weeks after serving its original contentions, Apple served previously omitted claim charts on Samsung. As an accommodation to Apple, Samsung has not objected to Apple's addition of those specific charts. Now, more than three months after serving its original contentions, and after Apple served several other previously omitted charts, Apple claims that it simply did not realize that three more charts were missing from its contentions. There is no reasonable justification for Apple's failure to timely serve these claim charts. Indeed, rather than accept responsibility for its belated disclosure of these three claim charts, Apple points the finger at Samsung, contending that Samsung should have notified Apple of Apple's error. Apple's attempt to shift the blame to Samsung cannot satisfy the requisite good cause standard.

Apple's motion also includes a general request to "explicitly include within its contentions the Jelly Bean operating system." *See* Dkt. 269 at 2, 4. "Jelly Bean" is a new version

of Android that was released by Google, Inc., beginning in or around July 2012.  Fazio Decl. Exs. H, J.  Yet Apple waited until October 1, 2012 to seek to amend its infringement contentions.  Moreover, "Jelly Bean" may have different versions or builds over time and may be used on devices that are not currently at issue in this litigation, including with products that have not yet been released.  Fazio Decl. Exs. I, J.  Apple appears to be requesting blanket permission to sweep into this case any product that uses "Jelly Bean," now or in the future.  Apple's request should be denied.

Apple also ignores the prejudice to Samsung if Apple is allowed to significantly expand, without clear limits, the scope of its contentions.  To the extent that Apple seeks to: (1) assert more claims against previously accused devices; (2) serve additional claim charts concerning previously accused devices; and/or (3) add "the Jelly Bean operating system," its motion should be denied.

## II.   FACTS

Apple commenced this action on February 8, 2012.  Dkt. 1.  In its original Complaint, Apple named 17 Samsung products, including 13 smartphones, two media players, and two tablets.  *Id.* at ¶ 16.  On May 2, 2012, the Court set a June 15, 2012 deadline for service of Patent Local Rule 3-1 infringement contentions.  Dkt. 160.

Samsung released its Galaxy S III product in the United Kingdom on May 29, 2012.  On June 5, 2012, two days before the hearing on Apple's motion for preliminary injunction, Apple sought to supplement the record to add information concerning the Galaxy S III.  *See* Dkt. 201.

Apple served its infringement contentions on June 15, 2012.  Apple's contentions included 137 separate claim charts in which Apple set forth its contentions concerning purported infringement of Apple's eight asserted patents.  Notably, although Apple served claim charts for 19 devices[2], it did not accuse every single one of the 19 devices of infringing all eight asserted

---

[2]   In addition to the 17 devices named in the Complaint, Apple served claim charts concerning the Galaxy Note and the Galaxy S III.

patents, and it did not assert the same claims against all devices. According to Apple, its June 15, 2012 infringement contentions concerning the Galaxy S III were based on the device that Apple's counsel obtained in the United Kingdom. Dkt. 269 at 4. The Galaxy S III became available in the United Stated just a few days later, on June 20, 2012. *Id.*

On June 19, 2012, Apple notified Samsung that it had served duplicate claim charts concerning purported infringement of the '647 patent by each of the Galaxy Tab 8.9 and Galaxy Tab 7.0 products and had neglected to serve claim charts concerning the '647 patent for the Galaxy Player 4.0 and Galaxy Player 5.0. Fazio Decl. Ex. B. To correct the error, Apple replaced the duplicate claim charts, Exhibit Nos. 129 and 136 to its infringement contentions, with claim charts for the Galaxy Player products. *Id.* At the same time, Apple replaced Exhibits 98 and 99 because they had served the wrong versions. *Id.* On August 7, 2012, Apple sent Samsung an "updated version" of Exhibit 93 from its infringement contentions as well as three charts – Exhibits 87, 141 and 142 – that Apple described as having been "inadvertently left off" its ftp site when the infringement contentions were served. Fazio Decl. Ex. C.

On the Court-ordered deadline of August 10, 2012, Samsung served its invalidity contentions.

Samsung released the Galaxy Note 10.1 in the United States on August 16, 2012. Fazio Decl. Ex. E. On August 31, 2012, Apple filed an amended complaint (Dkt. 261) in which it added the Galaxy S III, Galaxy S III – Verizon, Galaxy Note, and Galaxy Note 10.1 to its list of accused products. Dkt. 261, ¶ 16.

On September 12, 2012, Apple officially announced the release of the iPhone 5, and on September 21, 2012, Apple released the device for sale. Dkt. 267-4. On September 18, 2012, Samsung informed Apple that Samsung anticipated seeking leave to amend its infringement contentions to add the iPhone 5. Dkt. 267-2, ¶ 4. Samsung obtained an iPhone 5 on September 21, 2012 and, one week later, on September 28, 2012, Samsung provided Apple with its proposed amendments to its infringement contentions. Dkt. 267-2, ¶¶ 5-6. Samsung filed a motion to amend its contentions to add the iPhone 5 on October 1, just ten days after the product was released. Dkt. 267.

1   On October 1, 2012, after receiving Samsung's proposed amendments to its
2 infringement contentions, Apple provided Samsung with proposed amendments to Apple's
3 infringement contentions. Fazio Decl. Ex. D. On October 5, 2012, Apple filed its motion for
4 leave to amend its contentions. Dkt. 269. Apple's proposed amendments can be grouped into four
5 general categories.

6   First, Apple seeks to add contentions concerning "new" devices – that is, products
7 and operating systems released after Apple's original contentions. Dkt. 269 at 1, 3-4. These
8 "new" devices include the Galaxy S III that became available in the United States on June 20,
9 2012; the Galaxy Note 10.1 that was released on August 16, 2012; and products using the "Jelly
10 Bean" version of Android that was incrementally released beginning in July 2012. *See id.*
11 Second, Apple seeks to make "minor clarifying changes" to certain claim charts. Dkt. 269 at 4-5.
12 Third, Apple seeks to add several claim charts to its contentions, all of which were missing when
13 Apple served its contentions on June 15, 2012, but some of which Apple provided to Samsung
14 within a couple days or several weeks after serving its contentions. Dkt. 269 at 5-7. Fourth,
15 Apple seeks to assert five additional claims of the '502 patent against the initial seventeen
16 Samsung products that Apple identified at the beginning of the case. Dkt. 269 at 8.

17 **III.   LEGAL STANDARD**

18   A party may amend its infringement contentions "only by order of the Court upon a
19 timely showing of good cause." Patent L.R. 3-6. "Good cause" requires a showing that "the party
20 seeking leave to amend acted with diligence in promptly moving to amend when new evidence is
21 revealed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir.
22 2006). Once the moving party shows it was diligent in amending its contentions, the court
23 considers whether the non-moving party "would suffer prejudice if the motion to amend were
24 granted." *Acer, Inc.*, 2010 WL 3618687 (citing *O2 Micro*, 467 F.3d at 1366-68). The critical
25 question when assessing diligence is not when the moving party discovered the new information,
26 "but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence."
27 *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693, at *2 (N.D. Cal.(Oakland Div.) 2010).

28

1  "Carelessness or mere errors . . . are insufficient to establish good cause." *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *5 (N.D. Cal. 2006).

Apple argues that "[e]ven if the moving party has not been diligent, a court may find good cause to grant leave to amend if there would be no undue prejudice to the non-moving party." Dkt. 269 at 9, 12. Apple is incorrect. Case law is clear that, if the moving party has not established diligence, then "the inquiry should end." *Acer, Inc.*, 2010 WL 3618687, at * 5 (citations omitted). Any other approach would upset the rule's attempt to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d at 1365-1366.

## IV. ARGUMENT

### A. Apple Was Not Diligent In Moving To Assert Claims 1, 2, 4, 5 and 13 of The '502 Patent Against 17 Additional Devices

Buried on page eight of Apple's motion is a one paragraph discussion addressing Apple's attempt to significantly expand the scope of its infringement contentions concerning the '502 patent by asserting five additional claims against 17 devices. *See* Dkt. 269 at 8. This proposed amendment would introduce a new infringement theory – relying on a stylus that is not sold with the accused products to assert "pen-based" claims – several months after the deadline, based on a product that was available before Apple filed its complaint.

Apple does not attempt to establish diligence with respect to its request to assert five more claims of the '502 patent against the 17 devices that Apple identified in its February 8th Complaint. Although Apple asserts that it "has learned that all the alleged devices can also be used with a stylus," Apple does not state when or how it learned that. Dkt. 269 at 8. The stylus identified in Apple's contentions, the Galaxy Tab™ Conductive Stylus, has been on the market since at least early 2011. Fazio Decl. Exs. F, G. It is available for sale on Samsung's web site, and there are product reviews for it dating back to March 2011. Fazio Decl. Ex. G. Apple could have discovered this publicly available information about the stylus before filing its complaint, and certainly before serving its infringement contentions. *See Google, Inc.* 2010 WL 1838693, at *2 (the critical question is whether Apple "*could have* discovered it earlier had it acted with the

requisite diligence."). Apple's mere assertion that it "has learned" that certain devices can be used with a stylus, when it could have learned that fact months ago, is wholly inadequate. Because Apple cannot establish diligence with respect to its assertion of claims 1, 2, 4, 5 and 13 of the '502 patent against devices used in combination with the Galaxy Tab™ Conductive Stylus, its motion to amend to add those claims should be denied. *See Acer, Inc.*, 2010 WL 3618687, at * 5 (citations omitted) (where movant has not established diligence, "'the inquiry should end.'")

Samsung will also suffer prejudice if Apple is allowed to expand its contentions to assert these five additional claims against 17 products. For example, Samsung timely served its invalidity contentions on August 10, 2012. Those contentions were necessarily informed by Apple's infringement contentions, in particular the way in which Apple asserted certain claims against Samsung products. In its June 15th infringement contentions, Apple asserted the "pen-based" claims of the '502 patent, claims 1,2, 4, 5 and 13, against only one Samsung device, the Galaxy Note—which is sold with a stylus. Apple now wants to expand its contentions to assert that any Samsung product that could possibly be used with a separately available "conductive stylus" satisfies the "pen-based computer system" claims. This is a substantive change. Notably, Apple does not even mention this proposed amendment when it asserts in its Response to Samsung's Motion for Leave to Supplement Its Infringement Contentions (Dkt. 279) that its proposed amendments "would introduce no new infringement theories or asserted claims." Dkt. 279 at 2. The most Apple can say about these proposed amendments is that it has already asserted the same claims against one Samsung device. Dkt. 269 at 8. These proposed amendments, however, introduce new infringement theories and would significantly expand the scope of Apple's contentions.

**B.     Apple Was Not Diligent In Identifying Missing Claim Charts For the '604 Patent**

Apple also should not be permitted to amend its contentions to include claim charts for three devices that it apparently intended to include in its original infringement contentions, but for which it did not serve charts until October 1, 2012. Fazio Decl., ¶ 5. When it served its original infringement contentions on June 15, 2012, Apple included duplicate charts concerning

purported infringement of the '604 patent by each of the Admire, AT&T Galaxy S II Skyrocket, and AT&T Galaxy S II.  Fazio Decl., ¶ 2, Ex. A.  Apple apparently noticed comparable errors concerning other patents and devices, and corrected those errors on June 19 and August 8.  *See* Fazio Decl. Exs. B, C.  Samsung notes that it is not objecting to Apple's amendment of its contentions to include the charts that Apple provided to Samsung on June 19 and August 8.  Despite having corrected these other errors in June and August, Apple now claims that it remained unaware that it had not previously served charts concerning purported infringement of the '604 patent by the Conquer 4G, Dart, and Exhibit II 4G until counsel for Samsung inquired whether Apple intended to seek leave to add those charts to its contentions considering they were part of the proposed amended infringement contentions that were provided to Samsung on October 1, 2012.  *See* Dkt. 269-1, ¶ 17.

       In its motion, Apple attempts to shift the blame.  Dkt. 269 at 6-7, 13.  Apple explains that it was unaware of the issue because Samsung "did not notify Apple of this issue until October 2, 2012."  *Id.* at 6-7.  Apple seems to suggest that it was somehow Samsung's duty to inform Apple that it had neglected to provide claim charts asserting infringement of the '604 patent by three of Samsung's devices.  Samsung had no such duty, and Apple's attempt to lay blame on Samsung falls far short of establishing the requisite good cause.

       Apple also tries to justify its mistake by explaining that the electronic files for the duplicate charts were mislabeled, which resulted in Apple not realizing that the charts for the Conquer 4G, Dart, and Exhibit II 4G had not previously been served until Samsung brought it to its attention.  *See* Dkt. 269-1, ¶¶ 3-10, 37.  Apple's explanation may justify its failure to serve the claim charts on the court-ordered deadline of June 15, 2012, but it does not explain why Apple did not catch the mistake when it later identified and fixed other errors with its contentions.  The fact that Apple realized in June and again in August that it had duplicated and/or omitted certain charts in its contentions suggests that it should have reviewed the complete set of charts it had served on Samsung to timely correct any other errors.  Apple's failure to recognize its mistake is not good cause for amendment of its infringement contentions more than three months after the deadline.

1  *See Berger* 2006 WL 1095914 *5 ("Carelessness or mere errors , however, are insufficient to
2  establish good cause.").

### C. Apple Should Not Be Allowed Potentially Unbounded Expansion of the Scope of its Contentions Through the Addition of "Jelly Bean"

Apple also seeks leave to amend its contentions to include the "Jelly Bean" version of Android. The Jelly Bean version of Android was rolled out to some devices in July 2012. Fazio Decl. Ex. H. Apple did not move to amend its infringement contentions to add "Jelly Bean" until October 5, 2012. Apple has not demonstrated the necessary diligence.

More importantly, Apple's request to amend its contentions to "explicitly include within its contentions the Jelly Bean operating system," is far too broad. *See* Dkt. 269 at 2, 4. "Jelly Bean" is a new version of Android that was released by Google, Inc., beginning in or around July 2012. "Jelly Bean" is not within Samsung's control, and Google may release different versions or builds over time. In addition, "Jelly Bean" could be loaded on devices that are not currently at issue in this litigation, including products that have not even been released yet. Apple appears to be requesting blanket permission to sweep any such products into this case, which could significantly increase the number of devices at issue without adequate disclosure to Samsung, resulting in substantial prejudice to Samsung.

### D. Proposed Amendments that Samsung Does Not Oppose

As noted above, Samsung is not opposing all of Apple's proposed amendments. In particular, Samsung does not oppose Apple's motion to the extent that it concerns the "clarifying amendments" described in Exhibit A to Apple's Motion. Dkt. 269 at 16-17.[3] Samsung also does not oppose Apple's motion to the extent that Apple seeks leave to include in its infringement contentions the substitute and additional claim charts that Apple served on Samsung on June 19,

---

[3] Samsung does not oppose Apple's request concerning these "clarifying amendments" based on Apple's representation that these are "non-substantive changes." Dkt. 269 at 2. If Apple later asserts that any of these "non-substantive" "clarifying" amendments expand or alter the scope or nature of Apple's contentions, Samsung reserves the right to object and/or move to preclude any such interpretation.

1  2012 and August 7, 2012.  Neither does Samsung oppose Apple's request to correct its contentions
2  concerning the Galaxy S III in order to accurately describe the device that became available in the
3  United States in June 2012.
4  Samsung notes that it has also served a motion to amend its infringement
5  contentions to add the newly-released iPhone 5.  *See* Dkt. 267.   Samsung does not oppose Apple's
6  request to add the Galaxy Note 10.1 to its contentions to the extent that Samsung is also granted
7  leave to amend its infringement contentions to add iPhone 5.  Samsung respectfully suggests that
8  if the Court allows Apple to amend its contentions to assert claims against the Galaxy Note 10.1
9  and to describe the version of the Galaxy S III that is available in the United States, then
10 Samsung's motion concerning the iPhone 5 (Dkt. 267) must also be granted.

11 **V.    CONCLUSION**

12 For the foregoing reasons, this Court should deny in part Apple's Motion for Leave
13 to Amend its Disclosure of Asserted Claims & Infringement Contentions.  Specifically, the Court
14 should deny Apple's request for leave to (1) assert 5 additional claims of the '502 patent against
15 all accused devices; (2) include claim charts concerning purported infringement of the '604 patent
16 by the Conquer 4G, Dart and Exhibit II 4G products; and (3) add the "Jelly Bean" version of
17 Android.

| | |
|---|---|
| DATED: October 19, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

        By  */s/ Victoria F. Maroulis*
           Charles K. Verhoeven
           Kevin P.B. Johnson
           Victoria F. Maroulis
           William C. Price
           Michael L. Fazio

           John Caracappa (*pro hac vice*)
           STEPTOE & JOHNSON, LLP
           1330 Connecticut Avenue, NW
           Washington, D.C. 20036
           Telephone: (202) 429-6267
           Facsimile: (202) 429-3902

           Attorneys for
           SAMSUNG ELECTRONICS CO., LTD.,
           SAMSUNG ELECTRONICS AMERICA, INC.,
           and SAMSUNG TELECOMMUNICATIONS
           AMERICA, LLC

**CIVIL L.R. 5-1 ATTESTATION**

I, Michael L. Fazio, am the ECF user whose identification and password are being used to file this document.  In compliance with Civil L.R. 5-1(i)(3), I attest that Victoria F. Maroulis has concurred in this filing.

*/s/ Michael L. Fazio*