| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS**<br><br>**HEARING:**<br>Date:  November 6, 2012<br>Time:  10:00 a.m.<br>Place:  Courtroom 5<br>Judge:  Honorable Paul S. Grewal |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 3

    A. There Is Good Cause To Permit The Amendments At Issue ........................................ 3

        1. Apple Promptly Proposed The Addition Of Jelly Bean And Does Not Seek Blanket Permission To Include All Future Jelly Bean Devices .................................................................................................. 3

        2. Apple Was Diligent In Initially Investigating All Claims At Issue In The Missing Claim Charts For The '604 Patent And Samsung Has Suffered No Prejudice ................................................................. 5

        3. Apple Was Diligent In Initially Investigating All Claims At Issue In The '502 Claim Charts And Apple's Proposed Amendments Do Not Expand The Scope Of Its Infringement Theories ............................................................................................................... 7

    B. Even If This Court Concludes That Apple Did Not Act With Requisite Diligence (Which It Should Not), That Does Not End The Good Cause Inquiry ............................................................................................................. 8

III. CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acer Inc. v. Tech. Props.*, Ltd.,
  2010 WL 3618687 (N.D. Cal. 2010) ............................................................................................ 8

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  1998 U.S. Dist. LEXIS 17564 (N.D. Cal. November 4, 1998) .................................................... 7

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
  2008 U.S. Dist. LEXIS 16556 (N.D. Cal. Mar. 4, 2008) ............................................................. 8

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ................................................................................................. 8

*Orion IP, LLC v. Staples, Inc., et al.*,
  407 F. Supp.2d 815 (E.D. Tex. 2006) ......................................................................................... 7

*Yodlee, Inc. v. CashEdge, Inc.*,
  2007 U.S. Dist. LEXIS 39564 (N.D. Cal. May 17, 2007) ........................................................... 9

## I. INTRODUCTION

Through its Opposition, Samsung seeks to preclude Apple from amending its Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions") to the same extent as is sought by Samsung in its motion to amend Samsung's contentions.  Samsung seeks this one-sided result even though it cannot dispute the following facts:  Apple's amendments do not introduce any additional claims to the ones originally asserted, do not add any substantive changes to the theories of infringement in the original assertions, nor do they appear to require Samsung to supplement or alter its theories of invalidity.

With these facts conceded, it is not surprising that Samsung also has not meaningfully articulated how it is prejudiced by the amendments at issue.  Indeed, Samsung's entire Opposition includes only the following statement regarding the alleged prejudice:  "Samsung will also suffer prejudice if Apple is allowed to expand its contentions to assert these five additional claims against 17 products.  For example, Samsung timely served its invalidity contentions on August 10, 2012."  (Samsung's Opp'n to Apple Inc.'s Mot. For Leave to Amend its Infringement Contentions ("Opp'n") at 7 (Dkt. 285).)  Notably, although Samsung states that it already has served invalidity contentions (as, of course, has Apple), it does not allege that its invalidity theories would have been different, much less *how* they would have been different, had these amendments been made at an earlier time.  Moreover, Samsung does not contend that this case is at such an advanced stage that an alteration of a party's contentions now would be unduly difficult or unfair – nor can it.  Samsung simultaneously seeks leave of this Court to supplement its own infringement contentions to add a new Apple operating system and device; despite its efforts to the contrary, Samsung cannot change the fact that the parties are similarly situated in the relief that they seek, and the outcome of their respective motions should be the same.

Notwithstanding the foregoing, Samsung opposes three of Apple's proposed amendments: (1) the inclusion of the Jelly Bean operating system, (2) the addition of three mistakenly omitted claim charts for United States Patent No. 8,086,604 ("the '604 patent"), and (3) the addition of five previously asserted claims against already-accused Samsung devices for United States Patent No. 5,666,502 ("the '502 patent").  As to the remaining amendments, the parties have agreed that Apple

has good cause to amend because Apple was diligent and there is no prejudice to Samsung as to these amendments.

Samsung's opposition to the inclusion of the Jelly Bean operating system is premised on the misunderstanding that Apple seeks to automatically include all future products that are capable of running the Jelly Bean operating system. To be clear, Apple does not seek such an expansive amendment to its Infringement Contentions; rather, Apple seeks only to include the Jelly Bean operating system that has recently been made available for the various versions of the Samsung Galaxy Nexus. Thus, Samsung's purported concerns about Apple's attempt to gain "blanket permission to sweep into this case any product that uses 'Jelly Bean'" are simply unfounded.

With respect to the three claim charts for the '604 patent, Samsung does not deny that it was aware of Apple's service error in June 2012, but nevertheless claims that Apple did not act with diligence in discovering the omission. The service error does not change the fact that Apple was diligent in investigating its claims against the three devices at issue, in putting Samsung on notice of Apple's intention to accuse those devices of infringing the particularly asserted claims of the '604 patent, and in seeking to correct the mistake as soon as it was identified. Given that the three charts at issue neither add any new infringement theories, nor introduce any new claims into the case, Samsung should not benefit from its deliberate decision to hide behind the error.

Finally, as to Apple's proposed amendment to add stylus-based claims to already-accused Samsung devices, Samsung does not dispute that Apple originally asserted these five claims and that the amended contentions are entirely consistent with Apple's original contentions. In other words, the amendments at issue introduce no new infringement theory, and, hence, Samsung can claim no prejudice.

In short, because Apple has acted with the requisite diligence as to each of the opposed amendments either by investigating its infringement claims and/or by putting Samsung on notice of its contentions, and because Samsung has failed to articulate what prejudice it might suffer as a result of the proposed amendments, Apple's Motion should be granted in its entirety. And if Apple is not permitted to amend, then, by the same standard, Samsung should not be permitted to either. (*See*

Opp'n at 10; *also see* Apple Inc.'s Resp. to Samsung's Mot. to Supplement its Infringement Contentions at 2 (Dkt. 279).)

## II. ARGUMENT

### A. There Is Good Cause To Permit The Amendments At Issue

#### 1. Apple Promptly Proposed The Addition Of Jelly Bean And Does Not Seek Blanket Permission To Include All Future Jelly Bean Devices

Samsung primarily opposes the inclusion of the Jelly Bean operating system by making the unsupported allegation that Apple "appears to be requesting blanket permission to sweep into this case any product that uses 'Jelly Bean,' now or in the future." (Opp'n at 3.) This is a misstatement of Apple's position. Apple seeks permission only to amend its Infringement Contentions with respect to devices that *currently* operate on the Jelly Bean operating system – *i.e.*, the Samsung Galaxy Nexus (unlocked and for all carrier-specific networks). Should Apple's continuing investigation reveal that the Jelly Bean or some subsequent operating system becomes available for additional devices, Apple concedes that a further Order of this Court would be required before those product and software combinations can be included as part of this case, just as Samsung must seek leave to add any new Apple device that may operate on an existing operating system. Indeed, given that the claim construction process has started, Apple believes that any further amendments by either party would likely be untimely in the context of the overall case schedule.

In fact, Apple's intent to include only already-released products in its amended Infringement Contentions confirms that Apple acted with the requisite diligence in waiting until October 2012 to supplement its Infringement Contentions as to Galaxy Nexus devices running the Jelly Bean operating system. In its Opposition, Samsung makes much of the fact that the Jelly Bean operating system was released *beginning* in July 2012. (Opp'n at 9.) But what Samsung fails to mention is that in July 2012, Samsung released the Jelly Bean operating system only for the unlocked version of the Galaxy Nexus; it did not release the operating system for the same device on the Sprint or Verizon wireless networks until much later. (Declaration of Jason Lo ("Lo Decl."), ¶ 2, Exh. A.)

Throughout the summer of 2012, the press was rampant with rumors that the Jelly Bean release would be completed imminently for Sprint and Verizon carrier devices. (Lo Decl., ¶ 3, Exh.

B; ¶ 4, Exh. C.)  In the interest of judicial efficiency, Apple sought to supplement its Infringement Contentions with respect to the Galaxy Nexus when the rollout was complete – so it could confirm no functional differences between carriers – not as the operating system became available for each individual carrier network.

Ultimately, Samsung did not roll out the Jelly Bean release to the Sprint versions of the Galaxy Nexus until September 6, 2012.  (Lo Decl., ¶ 5, Exh. D.)  And the Verizon rollout did not occur until even later, on September 21, 2012.  (Lo Decl., ¶ 6, Exh. E.)  After the rollout on the Galaxy Nexus was complete, Apple completed its investigation and sought leave to amend its Infringement Contentions for all Jelly Bean-based versions of the Galaxy Nexus *two weeks later*, on October 5, 2012.  Given the short time frame between the completion of the rollout and Apple's Motion, there is no support for Samsung's contention that Apple failed to act with requisite diligence.

Not only was Apple diligent in seeking to amend its Infringement Contentions a mere two weeks after the Jelly Bean rollout was complete, but the amendment at issue would inflict no prejudice to Samsung.  As noted above, Samsung has not articulated how the inclusion of the Jelly Bean operating system would require it to alter its invalidity positions.  Nor has Samsung articulated why the inclusion of the Jelly Bean operating system would expand the scope of this case.

Indeed, even without Apple's amendment, this Court and the ultimate fact-finder would be required to consider the Jelly Bean operating system because *Samsung itself* has injected that operating system into this case.  In its response to Apple's Interrogatory No. 29, Samsung has alleged that Jelly Bean is a non-infringing alternative to the accused products.  (Samsung's Obj. and Resp. to Apple's Third Set of Interrogatories 39:23-24 ("any Samsung Galaxy Nexus using the Jelly Bean version of the Android operating system uses non-infringing, alternative technology").)  With this assertion, Samsung itself will be asking the fact-finder in this case to decide whether Jelly Bean infringes the patents in suit.  Because the Jelly Bean operating system already is a part of this case, judicial economy counsels in favor of permitting Apple leave to amend so that its Infringement Contentions are consistent with issues that necessarily will be litigated.[1]

---

[1] There is no basis for Samsung to suggest that the parties must amend their infringement contentions each time incremental "versions or builds" to an operating system are available. (Opp'n at 9.)  Samsung itself has not sought leave to amend its infringement contentions each time Apple updates iOS, for example, from iOS 5.0 to iOS 5.0.1.

> **2.    Apple Was Diligent In Initially Investigating All Claims At Issue In The Missing Claim Charts For The '604 Patent And Samsung Has Suffered No Prejudice**

Due to an inadvertent error in file conversion that occurred during the service of over 8,000 pages on July 15, 2012, Apple mistakenly omitted three claim charts (totaling 152 pages) for the '604 patent for three devices from its contentions.  (Decl. of Emily Fedman in Supp. of Apple Inc.'s Mot. for Leave to Amend its Infringement Contentions, ¶¶ 3, 10, and 37 (Dkt. 269-1).)

As a preliminary matter, Samsung does not and cannot claim that it suffered any prejudice as a result of this mistake.  After all, Samsung must have been aware of the oversight for months because its attorneys reviewed the claim charts bearing the incorrect file names.  Specifically, Samsung would have noticed that the Apple Infringement Contentions contained three files bearing the following names:

- Ex. 69 – '604 Infringement Contentions--Conquer 4G--FINAL.pdf
- Ex. 70 – '604 Infringement Contentions--Dart--FINAL.pdf
- Ex. 71 – '604 Infringement Contentions--Exhibit II 4G--FINAL.pdf

Although the file names suggest that the documents at issue related to the Conquer 4G, Dart and Exhibit II 4G devices, upon opening those files, Samsung's counsel must have noticed that the contents of the files had nothing to do with those devices; instead, those files were duplicates of claim charts already provided for the Admire, Galaxy S II Skyrocket, and Galaxy S II devices.  Given the size of the contentions, and despite Apple's post-service check of the contentions and identification of certain other errors that it immediately corrected (Opp'n at 8), Apple did not discover these errors until recently.

Moreover, Samsung already was on notice that Apple intended to accuse the Conquer 4G, Dart and Exhibit II 4G devices of infringing the '604 patent.  This is because Exhibit 139 to Apple's Infringement Contentions, which summarized the patents, claims, and products at issue ("Claims

---

Apple has been diligently pursuing discovery from Google, Inc., which is represented by the same counsel as Samsung.  To the extent that additional discovery reveals that any version or portion of Jelly Bean infringes Apple's patents in materially different ways than previous operating systems, Apple will seek leave to supplement at the appropriate time if additional supplementation is permissible at that time.

APPLE'S REPLY IN SUPPORT OF MOT. FOR
LEAVE TO AMEND INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                          5

Summary Table") identified to Samsung that Apple asserted that these three devices infringed the '604 patent. For example, the Claims Summary Table disclosed that claims 1, 6, 11, and 16-21 were infringed by the Samsung Conquer 4G.

| Device | '172 Patent | '604 Patent | '647 Patent | '721 Patent | '414 Patent | '502 Patent | '760 Patent | '959 Patent |
|---|---|---|---|---|---|---|---|---|
| | | | | | 30-32 | | | 32-33 |
| Conquer 4G | 2-6, 9-12, 17-21, 23-25, 27-37 | 1, 6, 11, 16-21 | 1-2, 4, 6, 8-9 | 1, 3-15 | 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28, 30-32 | 8, 11, 14-17, 20, 22-24, 26 | 1, 3-5, 7-13, 16-22 | 1-3, 5, 9-12, 14-17, 19-20, 22-25, 27-30, 32-33 |

Despite being aware of these discrepancies, Samsung did not alert Apple of the fact that no charts were provided for those claims and products until October 2, 2012.

And perhaps most importantly, having now had the benefit of three weeks to review the '604 patent claim charts for the Conquer 4G, Dart, and Exhibit II 4G, and to compare the contentions therein with the '604 patent infringement contentions as to Samsung's other devices, Samsung does not assert that the infringement theories with respect to the Conquer 4G, Dart and Exhibit II 4G are any different from the infringement theories with respect to the 15 Samsung devices previously accused of infringing the '604 patent. In short, Samsung is unable to claim that the inadvertent omissions caused it any prejudice.

With respect to Apple's diligence, Samsung does *not* allege that Apple lacked diligence in investigating its infringement claims with respect to the three omitted charts. Instead, Samsung contends that Apple was not diligent in "identifying [the] missing claim charts." (Opp'n at 7.) As Apple conceded in its opening papers, Apple assumes responsibility for not identifying the errors at an earlier time. But the fact remains that Apple only became aware of its error on October 2, 2012, when Samsung's counsel finally revealed that it never received these claim charts. Samsung should not benefit from its deliberate silence on this issue, particularly when the corrections at issue would cause absolutely no prejudice to Samsung.

APPLE'S REPLY IN SUPPORT OF MOT. FOR
LEAVE TO AMEND INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                6

Indeed, other courts have clarified that defendants have a responsibility to ensure that they fully understand the plaintiff's allegations, and cannot wait to claim lack of notice of the scope of the case or the infringement contentions. *Orion IP, LLC v. Staples, Inc., et al.,* 407 F. Supp.2d 815, 818 (E.D. Tex. 2006) (explaining that defendants have a responsibility to make sure they fully understand the nature of plaintiff's allegations and cannot "lay behind the log until late in the case" and then assert lack of notice).

Here, Apple promptly investigated its claims with respect to the Conquer 4G, Dart and Exhibit II 4G, and Samsung does not dispute that by no later than June 15, 2012, Samsung was on notice that Apple accused the Conquer 4G, Dart and Exhibit II 4G of infringing the asserted '604 patent, and that Samsung waited to notify Apple of the missing charts.

### 3. Apple Was Diligent In Initially Investigating All Claims At Issue In The '502 Claim Charts And Apple's Proposed Amendments Do Not Expand The Scope Of Its Infringement Theories

With respect to Apple's proposed amendment to add stylus-based claims to already-accused Samsung devices, Samsung does not dispute that it was already on notice as to the stylus-based infringement claims and that Apple's amendments introduce no new infringement theory. Indeed, in its original contentions Apple asserted claims 1-2, 4-5, and 13 of the '502 patent against the Galaxy Note, thereby putting Samsung on notice and eliminating the potential prejudice to Samsung. Further, Apple was diligent in initially investigating and asserting these stylus-based claims in its original Infringement Contentions.

As the Court is aware, the purpose of the disclosure obligations imposed by the patent local rules is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. Rule 16-9(c) advances this purpose by making it difficult subsequently to revise claim charts through eleventh hour 'discovery' of facts." *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. November 4, 1998) (referencing Rule 16-9(c), Patent Local Rule 3-6's predecessor rule). Here, because the amended charts include the exact same infringement theory as originally disclosed, the amendments at issue can hardly be characterized as being at odds with the purpose of the disclosure rules. And, given the

overlap between the amended and original charts, Samsung cannot credibly assert that it would somehow have modified its invalidity contentions – contentions that, in fact, cover the five claims in the amended charts.

Samsung has not and cannot identify any prejudice suffered by these amended charts, and, respectfully, the Court should overrule Samsung's objections.

### B. Even If This Court Concludes That Apple Did Not Act With Requisite Diligence (Which It Should Not), That Does Not End The Good Cause Inquiry

As described above, Apple clearly acted with requisite diligence in seeking the amendments at issue here. But even if this Court were to determine that Apple did not act with diligence with respect to any particular set of amendments, that finding should not, as Samsung would have it, mean that "the inquiry should end." (Opp'n at 6.) Indeed, throughout its Opposition, Samsung cites *Acer Inc. v. Tech. Props.*, Ltd., 2010 WL 3618687 (N.D. Cal. 2010), for the proposition that unless the moving party acts with the requisite diligence, the Court must deny a motion to amend. Samsung is wrong. Courts in this District have held that good cause may be established even where the moving party has not clearly demonstrated diligence in seeking leave to amend. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 U.S. Dist. LEXIS 16556, at *8-9, *14 (N.D. Cal. Mar. 4, 2008) (granting leave to amend although movant "was arguably not diligent in pursuing the amendment with this court"). Such a holding, moreover, is supported by the good cause requirement, which prevents infringement contentions from becoming moving targets throughout the lawsuit. *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009). Accordingly, amendment has been allowed where the "request to amend does not appear to be motivated by gamesmanship" and "there is still ample time left in the discovery period." *Yodlee, Inc. v. CashEdge, Inc.*, 2007 U.S. Dist. LEXIS 39564, at *5-6 (N.D. Cal. May 17, 2007). Discovery here does not end until July 2013, and even Samsung does not contend that Apple has deliberately attempted to game the system or that the amendments are part of an effort to make Apple's Infringement Contentions "moving targets throughout the lawsuit." Clearly, good cause exists for Apple's amendments.

### III.     CONCLUSION

Apple thus respectfully requests that the Court grant its Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions to include (1) an operating system the release of which was not completed until late-September 2012, (2) three claim charts out of 139 that were inadvertently omitted from Apple's prior service, and (3) the inclusion of five already-asserted claims against Samsung's remaining products.


Dated:  October 26, 2012                     GIBSON, DUNN & CRUTCHER LLP


                                             By:   /s/ H. Mark Lyon
                                             H. Mark Lyon

                                             *Attorney for Apple Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated:   October 26, 2012

                                /s/ *H. Mark Lyon*
                                    H. Mark Lyon