**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California Corporation, | ) | Case No.: CV 12-00630 LHK |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS** |
| v. | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) | |
| Defendants. | | **(Re: Docket No. 267 and 269)** |

In this patent infringement suit, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") and Plaintiff Apple, Inc. ("Apple") exchanged their initial infringement contentions on June 15, 2012. Samsung now moves to amend its infringement contentions to include the iPhone 5 as an infringing product. Apple, in turn, has filed a motion to amend its infringement contentions with a number of substantive changes. On November 6, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court GRANTS Samsung's motion and GRANTS Apple's motion.

1

Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

# I. BACKGROUND

On February 8, 2012, Apple filed suit against Samsung alleging various Samsung products (including smartphones, media players, and tablets) infringed upon eight of Apple's patents. Samsung filed a response and cross-complaint, denying its products infringed on any of Apple's patents and claiming that Apple's iPhone and iPad products infringed on eight patents owned by Samsung.

The parties commenced discovery in May of 2012.[1] Pursuant to the court-mandated deadline, the parties submitted their infringement contentions on June 15, 2012.[2] Samsung's infringement contentions alleged its two UMTS standard patents and six feature patents were infringed by Apple's iPhone, iPad, and iPod Touch devices, as well as any "newer but unreleased versions of the accused products that have recently been announced by Apple."[3] Apple's infringement contentions asserted 37 total claims for 8 patents against 19 Samsung devices.[4] Claim construction discovery has been scheduled to close on December 14, 2012.[5] The Claim Construction Hearing is set for February 21, 2013.[6] Factual discovery closes in July of 2013.[7] Trial is to commence on March 31, 2014.[8]

Samsung now seeks leave to supplement its infringement contentions to include Apple's iPhone 5 as an infringing product. The iPhone 5 was released on September 21, 2012.

Apple has also moved for leave to amend its asserted claims and infringement contentions. Apple's proposed amendments fall into three categories. First, Apple seeks to include recently-

---

[1] Docket No. 160.

[2] *Id.*

[3] Docket No. 267, Ex. A.

[4] Docket No. 269, Ex. 2.

[5] Docket No. 259.

[6] *Id.*

[7] Docket No. 160.

[8] *Id.*

2
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION
TO AMEND ITS INFRINGEMENT CONTENTIONS

released Samsung products as potentially infringing devices. Apple wishes to include the Galaxy Note 10.1, the U.S. version of the Galaxy S III, and the Jelly Bean operating system, all of which were released after the exchange of infringement contentions. Second, Apple seeks to make "minor clarifying changes" and exemplary details to several claims charts previously served on Samsung.[9] Lastly, Apple wishes to add several claims charts which were "mistakenly omitted" from the June 15 infringement contentions. Some of these "mistakenly omitted" claims charts were supposed to be included in the June 15 contentions, but were lost in an administrative error. The remaining "mistakenly omitted" claims charts were actually never intended to be a part of the initial infringement contentions, but were later drawn up by Apple.

## II.   LEGAL STANDARDS

Patent Local Rule 3-6 allows the parties to amend their infringement contentions only "by order of the Court upon a timely showing of good cause."[10] The text of the local rule provides a non-exhaustive list of circumstances which, absent prejudice to the non-moving party, may support a finding of good cause: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."[11]

The local rules of the Northern District of California require parties to define their theories of infringement early on in the course of litigation.[12] By requiring the non-moving party to show good cause, Local Rule 3-6 serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case.[13]

---

[9] Docket No. 269 at 4.

[10] Pat L.R. 3-6.

[11] *Id.*

[12] *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006)

[13] *Id.* at 1366.

3
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly when new evidence [was] revealed."[14] The core is the moving party's diligence in investigating the claim and seeking to amend.[15] This prevents parties from employing a "shifting sands" approach to claim construction.[16] In considering the party's diligence, the critical question is whether the party "could have discovered [the new information] earlier had it acted with the requisite diligence."[17] The burden is on the moving party to show diligence.[18] The court then considers whether there would be undue prejudice to the non-moving party.[19] If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.[20]

### III. DISCUSSION

#### A. *Samsung's Motion for Leave to Amend its Infringement Contentions*

Samsung seeks to amend its infringement contentions to include the iPhone 5 as an infringing product. Samsung alleges good cause exists for leave to amend because it was required to submit its infringement contentions on June 15, 2012 and the iPhone 5 was not released until September 21, 2012.

---

[14] *O2 Micro*, 467 F.3d at 1363.

[15] *Acer, Inc. v. Tech. Properties Ltd.*, Case No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010).

[16] *See LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. CA 2002).

[17] *Google, Inc. v. Netlist, Inc.*, Case No. 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010).

[18] *O2 Micro*, 467 F.3d at 1355.

[19] *Board of Trs. Of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 2008 WL 624771, at *2 (N.D. Cal. 2008).

[20] *See O2 Micro,* 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party); *See also Leland Stanford Junior Univ.*, 2008 WL 624771, at *3.

4
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

When a party becomes aware of new information during the course of discovery, the party must "proceed with diligence in amending those contentions."[21] Courts of the Northern District of California have found good cause for leave to amend when the defendant released new products, so long as the plaintiff acted diligently in seeking leave to amend.[22]

Here, Samsung could not have known the specifications of the iPhone 5 before it was released in September 2012. After the release of the iPhone 5, Samsung investigated the device to determine whether the iPhone 5 practiced its patented technologies.[23] A week later, Samsung gave Apple notice that it intended to amend its June 15 Contentions to include the iPhone 5 and provided Apple with a copy of the proposed amendments. Samsung filed the motion three days later. In doing so, Samsung acted with reasonable diligence as soon as it discovered "nonpublic information… which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."[24]

Further, Apple will not be prejudiced by the addition of the iPhone 5 to Samsung's infringement contentions. Apple has not opposed Samsung's motion.[25] Samsung's amendment does not seek to add new claims or theories of infringement, but merely adds another device that has the same accused functionality as the previous versions of the iPhone. As a result, Apple's analysis in defending against Samsung's contentions should remain largely the same. Samsung served notice of its proposed amendments several months before the end of claim construction discovery (December 2012) and factual discovery (July 2013). This will give Apple ample time to investigate Samsung's infringement theories and prepare their defenses accordingly.

---

[21] *O2 Micro,* 467 F.3d at 1366.

[22] *See, e.g., Leland Stanford Junior Univ.*, Case No. 05-04158 MHP, 2008 WL 624771, at *2-3 (N.D. Cal. Mar. 4, 2008) (granting movant leave to amend infringement contentions where movant gave non-movant notice of intention to amend one week after product was approved for sale in the U.S., and actually filed for amendment four months later).

[23] Docket No. 267.

[24] Pat. L.R. 3-6.

[25] Docket No. 279.

5
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

### B.   *Apple's Motion for Leave to Amend its Infringement Contentions*

Apple has also moved for leave to amend. Apple's proposed amendments fall into three categories: addition of newly-released Samsung products as infringing devices, minor clarifying changes to the claims charts, and addition of several mistakenly-omitted claims charts. Moreover, Samsung argues that Apple omits a fourth category from their motion, which is hidden within Apple's third category: "Apple's proposed amendments to assert five additional claims against seventeen products that have been in the case from the beginning."[26]

#### 1.   **Addition of Newly-Released Samsung Products**

Apple seeks to add the Samsung Galaxy Note 10.1 as an infringing device. The Samsung Galaxy Note 10.1 was released on or about August 16, 2012.[27] Apple gave filed to amend its infringement contentions to include this device on October 5, 2012.

This amendment is markedly similar to Samsung's proposal to add the iPhone 5 to the infringement contentions. The Samsung Galaxy Note 10.1 was released after the parties exchanged their infringement contentions. Apple acted diligently to investigate the Galaxy Note 10.1 after it was released and notified Samsung shortly after of Apple's proposed amendments. Also, the infringement contentions against this device are identical to already-accused products, so Samsung will not need to do extensive additional research.[28] In the interests of judicial economy, the court will allow Apple to add the Samsung Galaxy Note 10.1 as an infringing device.

Second, Apple seeks to update infringement contentions with respect to the Samsung S III, which was released in the United States on June 20, 2012.[29] Apple had previously filed infringement contentions against the Samsung Galaxy S III based on the United Kingdom version of the device.[30] Now that the United States version of the device has been released, Apple would

---

[26] Docket No. 285 at 1.

[27] Docket No. 269, Ex. 5.

[28] *See* Docket No. 269, Ex 10-12.

[29] Docket No. 269, Ex. 73.

[30] Docket No. 269, Ex. 1, ¶ 29.

6
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

like to make changes to the contentions reflecting the "minor aesthetic differences" between the two versions."[31]

Apple was diligent in investigating and amending their claims against the Samsung Galaxy S III. Apple prepared its June 15 infringement contentions against the Samsung Galaxy S III before the device had been released in the United States. Apple purchased and investigated a Samsung Galaxy S III device from the United Kingdom and based its contentions on the findings.[32] After the release of the United States version, Apple found minor visual differences and now seeks to change its infringement contentions to reflect these differences.[33] Samsung does not oppose this amendment.[34] Samsung will not be prejudiced because these differences do not change infringement theories, nor will they require Samsung to prepare additional defenses.

Lastly for this category, Apple proposes to add the Jelly Bean operating system to its claims. The Jelly Bean operating system is the new version of the Google Android system that is used on all Samsung mobile devices, including those named by Apple in this suit.[35] The Jelly Bean operating system was first released in July 2012.

As the moving party, Apple bears the burden of showing that it "acted with diligence in promptly moving to amend when new evidence is revealed."[36] Apple fails to do so. Apple merely alleges in one paragraph of its October 5 motion that the Jelly Bean was released in July 2012, and inclusion of the system "will not increase the number of claims asserted or introduce any new

---

[31] Docket No. 269, Ex. 1, ¶ 29.

[32] *Id.*

[33] *Id.*

[34] *See* Docket No. 285 at 10.

[35] *See* Docket 285 at 9.

[36] *See O2 Micro*, 467 F.3d at 1363.

7
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

infringement theories."[37]  This is insufficient to show diligence for making a substantial change to the infringement contentions.

Turning to the question of prejudice, it is problematic that Apple makes no reference in its initial briefing to the infringement theories or patent claims it wishes to charge against Jelly Bean. Samsung would be prejudiced by the lack of specificity in Apple's proposed amendment because it will not have notice to the claims it must defend against.  Moreover, as Samsung correctly noted, such and amendment would be overbroad and may sweep any number of Samsung devices using the Jelly Bean operating system into this suit.[38]  The Jelly Bean operating system is used on numerous Samsung devices.  Samsung also does not have any design control over the content of Jelly Bean as it is a Google Android product that Samsung itself did not develop.  The court will not permit a sweeping amendment that might apply to devices other than those properly tied to Samsung.  The court will allow this proposed amendment, but only as to the Jelly Bean product Apple has specified: the Galaxy Nexus.

2. **Minor Clarifying Changes to Existing Claims Charts**

Apple wishes to make minor clarifying and correcting changes to existing claims charts.[39] The changes include amendments to the '721, '502, '172, and the '760 patents' claims charts to add more detail as to Samsung's actions of induced infringement, such as references to Samsung's user manuals.  Also, Apple seeks to modify the '604 and '959 patents' claims charts with exemplary language adding detail to the accused devices on different carriers.  Apple also seeks to correct certain minor mistakes and references in the claims charts.

Apple does not explain why these mistakes were made or when they were discovered, nor does it provide evidence of its diligence in amending these mistakes.  However, considering the unsubstantial nature of these changes and the lack of opposition from Samsung, the court will allow the minor clarifying changes to the above claims charts.

---

[37] Docket No. 269 at 4.

[38] *See* Docket No. 285 at 9.

[39] *See* Docket 269, Ex. A.

8
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

### 3. **Addition of Mistakenly-Omitted Claims Charts**

Apple seeks to add several claims charts that were "mistakenly omitted" from its June 15 contentions. Apple claims that in uploading the voluminous collection of infringement contentions, some charts were accidentally omitted.[40]

For some of these charts (Claims 13-15 of the '721 patent against the Galaxy S II Epic 4G Touch, the '959 patent against the Galaxy Nexus and the Galaxy Tab 7.0 Plus, and the '604 patent against the Galaxy Tab 7.0 Plus), Apple discovered the error soon after the contentions were submitted and notified Samsung.[41] For this first set of omitted claims charts, Apple provided Samsung with notice of the charts by August 7, 2012.[42]

Mistakes or omissions are not by themselves good cause.[43] However, considering Apple notified Samsung soon after the original contentions were exchanged, it appears that Apple acted diligently as soon as it discovered the mistake. Samsung acknowledges it received the first set of omitted charts in a timely manner, and so does not oppose the addition of this set of omitted charts. As Samsung was not prejudiced, the court will allow the addition of these claims charts.

Next, Apple seeks to add other claims charts that were omitted from the June 15 infringement contentions, but were not disclosed to Samsung until October 1, 2012, several months later.[44] This second set of missing claims charts consists of claims of the '604 patent asserted against Conquer 4G, Dart, Exhibit II 4G. While the claims of the second set was listed in Apple's "Claims Summary Chart," or the table of contents for their June 15 contentions, the charts were not available for download on FTP on June 15.

---

[40] *See* Docket No. 269, Ex. 1, ¶¶ 3-10.

[41] *See Id.* at ¶13.

[42] *Id.*

[43] *See, e.g., Berger v. Rossignol Ski Co., Inc.*, C 05-02523 CRB, 2006 WL 1095914, at *4 (N.D. Cal. Apr. 25, 2006) *aff'd,* 214 F. App'x 981 (Fed. Cir. 2007).

[44] Docket No. 285, Ex. 1, ¶ 5.

9
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

Apple fails to establish good cause for its mistakes because they cannot explain their extended delay. Courts have declined to find good cause where plaintiffs sought to add "mistakenly omitted" infringements where plaintiffs could not adequately explain the cause for the errors or the amendment's delay.[45] After Samsung informed Apple that the first set of claims was missing from their infringement contentions, Apple was put on notice to investigate any other omissions in their claims charts, but did not discover the omissions until October 3, 2012. Although Apple contends that Samsung should have informed Apple the omitted charts were missing, it is not Samsung's affirmative duty to police Apple's claims charts for omissions.

Nevertheless, as noted previously, even if the movant was arguably not diligent, the court may still grant leave to amend.[46] Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery.[47] Here, it appears that Apple's omission of the second set of charts was due to an honest mistake. There is evidence supporting Apple's contention that Apple had originally intended for these charts to be a part of the June 15 infringement contentions. The missing claims charts are listed in Apple's Claims Summary Table (the table of contents of their June 15 contentions), and duplicates of other charts were served in place of the second set of omitted charts.[48] The omission, though careless, does not appear to be motivated by gamesmanship. Precluding Apple from bringing these claims because of an administrative mistake would be an unnecessarily harsh result.

Next, the court turns to Apple's attempt to assert claims 1, 2, 4, 5, 13 of the '502 patent (collectively, "pen stylus claims") against all accused Samsung devices other than the Galaxy Note, which was already accused in the infringement contentions. In total, this amendment would assert

---

[45] *See, e.g., Berger*, 2006 WL 1095914, at *4.

[46] *See Leland Stanford Junior Univ.*, 2008 WL 624771, at *3.

[47] *See, e.g., Yodlee, Inc. v. CashEdge, Inc.*, Case No. 05-01550 SI, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007).

[48] *See* Docket No. 269, Ex. 1, ¶¶ 17, 19; *See also* Docket No. 269, Ex. 7.

10
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

the pen stylus against 17 other devices. Apple claims good cause exists for this amendment because it was not aware at the time of filing its infringement contentions that the other devices could also be used with a stylus.[49]

Since early 2011, Samsung's website has displayed product specifications and reviews indicating the products could be used with a separate stylus.[50] Through diligent investigation at the time of the infringement contentions, Apple could have discovered the Samsung products in question could be used with a separate stylus. Apple provides no reasons for why it did not discover this publicly available information earlier. Thus, Apple fails to establish the requisite diligence regarding the pen stylus claims.

But once again, the court will in its discretion consider whether Samsung will suffer prejudice with the addition of the pen stylus claims. It is undeniable that in the months following the June 15 contentions, Samsung has filed its invalidity contentions. The invalidity contentions were presumably instructed by the Apple's infringement claims charts available to Samsung at the time, which included only the '502 patent claims against the Samsung Galaxy Note, sold with a stylus. While a broader Apple claim against a product sold without a stylus might conceivably have opened Samsung's eye to still more prior art, invalidity claims should stand or fall regardless of another party's theory of claim or scope, even if that party is the patentee. In any event, with ample time left on the pretrial clock, Samsung should be able to pursue any additional art without any undue prejudice. Under these circumstances, this Apple amendment is reasonable.

## IV.   CONCLUSION

Considering Samsung's diligence in amending its claims to add the newly-released iPhone 5 and the absence of prejudice to the non-moving party, Samsung's motion to add the iPhone 5 as an infringing device is GRANTED.

---

[49] Docket 269 at 8.

[50] *See* Docket No. 285, Ex. G.

11
Case No.: C 12-00630 LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; AND GRANTING DEFENDANTS' MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

Apple's similarly-situated motion to amend to add the Samsung Galaxy Note 10.1, the U.S. version of the Samsung Galaxy S III, the Jelly Bean operating system in connection with the Galaxy Nexus, the nonsubstantive clarifying changes,[51] the claims charts previously listed in the Claim Summary Table, and the pen stylus claims against additional products is GRANTED.  Given the early stage of this litigation and the reasoning of this order, the court notes that Apple should think twice before opposing similar amendments reflecting other newly-released products — e.g. the iPad 4 and iPad mini — that Samsung may propose in the near future.  Any amended contentions shall be served no later than November 23, 2012.

**IT IS SO ORDERED.**

Dated: November 15, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[51] *See* Docket No. 269, Ex. A.