```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
                           SAN JOSE DIVISION


    APPLE, INC.,

              PLAINTIFF,              CASE NO.
                                      CV-12-0630-LHK-PSG
         VS.
                                      SAN JOSE, CALIFORNIA
    SAMSUNG ELECTRONICS COMPANY
    LIMITED, ET AL.,                  NOVEMBER 6, 2012

              DEFENDANTS.



                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE PAUL S. GREWAL
                 UNITED STATES DISTRICT MAGISTRATE JUDGE


                       A-P-P-E-A-R-A-N-C-E-S


    FOR THE PLAINTIFF:    GIBSON, DUNN & CRUTCHER
                          BY:   JASON C. LO
                          333 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA 90071

                          WILMER, CUTLER, PICKERING, HALE & DORR
                          BY:  MARK D. SELWYN
                          950 PAGE MILL ROAD
                          PALO ALTO, CALIFORNIA 94304

    FOR THE DEFENDANTS:   QUINN, EMANUEL, URQUHART & SULLIVAN
                          BY:   VICTORIA F. MAROULIS
                                TODD M. BRIGGS
                          555 TWIN DOLPHIN DRIVE, SUITE 560
                          REDWOOD SHORES, CALIFORNIA 94065


    OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, CRR
                                CERTIFICATE NUMBER 8074


        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
    TRANSCRIPT PRODUCED WITH COMPUTER.
```

```
              1     SAN JOSE, CALIFORNIA                      NOVEMBER 6, 2012.
              2                      P R O C E E D I N G S
12:14PM       3         (COURT CONVENED.)
12:14PM       4               THE CLERK: YES, YOUR HONOR. APPLE VERSUS SAMSUNG,
12:14PM       5     CV-12-0630.
12:14PM       6         MATTER ON FOR DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT
12:14PM       7     ITS INFRINGEMENT CONTENTIONS AND PLAINTIFF'S MOTION FOR LEAVE
12:14PM       8     TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS.
12:14PM       9               MS. MAROULIS: GOOD MORNING, YOUR HONOR. VICTORIA
12:14PM      10     MAROULIS FROM QUINN EMANUEL AND WITH ME MY PARTNER, TODD
12:14PM      11     BRIGGS, COUNSEL FOR SAMSUNG.
12:14PM      12               THE COURT: GOOD AFTERNOON. I SHOULD SAY WELCOME
12:14PM      13     BACK.
12:14PM      14               MR. LO: GOOD MORNING, YOUR HONOR. JASON LO FROM
12:14PM      15     GIBSON, DUNN & CRUTCHER ON BEHALF OF APPLE.
12:14PM      16               MR. SELWYN: AND GOOD AFTERNOON, YOUR HONOR. MARK
12:14PM      17     SELWYN FROM WILMER HALE ON BEHALF OF APPLE.
12:14PM      18               THE COURT: AFTERNOON. WELCOME BACK I SHOULD SAY AS
12:14PM      19     WELL. I HAVE BOTH MOTIONS BEFORE ME, AND I WANTED TO START
12:14PM      20     WITH SAMSUNG'S MOTION TO ADD THE IPHONE 5.
12:14PM      21         AND I'M EAGER TO HEAR FROM YOU, MS. MAROULIS, OR ANY OF
12:14PM      22     YOUR COLLEAGUES. I'LL PUT OUT THE INITIAL QUESTION, THOUGH.
12:15PM      23     IS EVERYBODY BASICALLY IN AGREEMENT THAT THE IPHONE 5 SHOULD BE
12:15PM      24     IN SUBJECT TO A HORSE TRADE OR A REVOLUTION OF APPLE'S
12:15PM      25     AMENDMENTS?
```

| | | |
|---|---|---|
| 12:15PM | 1 | MS. MAROULIS: YOUR HONOR, IT'S OUR UNDERSTANDING |
| 12:15PM | 2 | THAT OUR MOTION IS UNOPPOSED. APPLE IS SAYING THAT THEIR |
| 12:15PM | 3 | MOTION IS COMPARABLE, BUT THAT'S A SEPARATE SOLUTION. |
| 12:15PM | 4 | AND SIMILARLY WE DO NOT OPPOSE THEIR DESIRE TO BRING IN |
| 12:15PM | 5 | THE NEW PHONE. |
| 12:15PM | 6 | THE COURT: WE'LL GET TO THAT IN A MOMENT. IN THAT |
| 12:15PM | 7 | SENSE MAYBE, MS. MAROULIS, I OUGHT TO HEAR FROM APPLE FIRST AND |
| 12:15PM | 8 | GIVE YOU A CHANCE TO RESPOND. |
| 12:15PM | 9 | MS. MAROULIS: THAT'S FINE, YOUR HONOR. |
| 12:15PM | 10 | THE COURT: MAKE SURE WE'RE ALL ON THE SAME PAGE. |
| 12:15PM | 11 | MR. SELWYN: YOUR HONOR, IT'S A LITTLE BIT MORE |
| 12:15PM | 12 | NUANCED THAN THAT. |
| 12:15PM | 13 | THE COURT: I SUSPECTED YOU THOUGHT SO, MR. SELWYN, |
| 12:15PM | 14 | SO WHY DON'T YOU TELL ME. |
| 12:15PM | 15 | MR. SELWYN: APPLE BELIEVES THAT BOTH PARTIES ARE |
| 12:15PM | 16 | SEEKING THE SAME RELIEF ON ESSENTIALLY THE SAME BASIS, AND, |
| 12:15PM | 17 | THEREFORE, IN OUR RESPONSE WHAT WE SAID IS THAT WE DON'T OPPOSE |
| 12:15PM | 18 | THE MOTION TO AMEND PROVIDED THAT BOTH SIDES ARE GIVEN LEAVE TO |
| 12:15PM | 19 | AMEND UNDER THE CIRCUMSTANCE. |
| 12:15PM | 20 | IT SEEMS TO US IF THE SAME STANDARD IS APPLIED TO BOTH |
| 12:16PM | 21 | PARTIES, THE RESULT SHOULD BE THE SAME. SO BOTH MOTIONS SHOULD |
| 12:16PM | 22 | BE GRANTED OR BOTH MOTIONS SHOULD BE DENIED IF THE SAME |
| 12:16PM | 23 | STANDARD IS APPLIED. |
| 12:16PM | 24 | THE COURT: WELL, THEN PERHAPS I WAS WRONG TO START |
| 12:16PM | 25 | WITH THE IPHONE 5 AND MAYBE WE OUGHT TO START WITH APPLE'S |

```
12:16PM   1           MOTION.
12:16PM   2                 LET ME BEGIN WITH -- WITH SOME HELP, I HAVE LUMPED THESE
12:16PM   3           REQUESTS OF PRODUCTS AT ISSUE INTO THREE BASIC CATEGORIES.
12:16PM   4                 IT SEEMS THAT THE FIRST ISSUE CONCERNS NEW SAMSUNG
12:16PM   5           PRODUCTS.
12:16PM   6                 AND AS I UNDERSTOOD BOTH OF THE PAPERS, AND WHAT
12:16PM   7           MS. MAROULIS JUST SAID, SAMSUNG DOES NOT OPPOSE YOUR REQUEST TO
12:16PM   8           ADD THE GALAXY NOTE 10.1 TO THE S III3.
12:16PM   9                 IS THAT YOUR UNDERSTANDING AS WELL.
12:16PM  10                       MR. SELWYN:  THAT'S MY UNDERSTANDING, AND WITH THE
12:16PM  11           COURT'S PERMISSION, I'LL ALLOW MR. LO TO ADDRESS IT.
12:16PM  12                       THE COURT:  OH, I'M SORRY.  MR. LO, GO AHEAD.
12:16PM  13                       MR. LO:  GOOD MORNING, YOUR HONOR.
12:16PM  14                       THE COURT:  GOOD MORNING.
12:16PM  15                       MR. LO:  YOUR HONOR'S STATEMENT WAS BASICALLY
12:16PM  16           CORRECT.  AS I UNDERSTAND IT, SAMSUNG DOES NOT OPPOSE THE
12:17PM  17           ADDITION OF THE NOTE 10.1.
12:17PM  18                 AND YOUR HONOR POSED THE QUESTION OF THE GALAXY S3.  THAT
12:17PM  19           ONE WAS ACTUALLY NOT AN AMENDMENT.  THE ONLY CHANGE WE MADE TO
12:17PM  20           THAT WAS PRIOR TO SERVICE OF THE INITIAL INFRINGEMENT
12:17PM  21           CONTENTIONS, THE S3 WAS AVAILABLE ONLY IN THE UNITED KINGDOM
12:17PM  22           AND SO THERE WAS REFERENCES TO URL'S AND TO PICTURES TO THE
12:17PM  23           UNITED KINGDOM VERSION AND THEN WHEN IT BECAME AVAILABLE IN THE
12:17PM  24           UNITED STATES, WE SIMPLY SWAPPED OUT THE REFERENCES.
12:17PM  25                       THE COURT:  SO JUST I'M CLEAR, THOUGH, WHEN YOU SAY
```

```
12:17PM   1    "SWAPPED OUT," ARE YOU LOOKING TO KEEP THE UK VERSION IN THIS
12:17PM   2    CASE OR IS EVERYBODY IN AGREEMENT THAT WHAT WE'RE TALKING ABOUT
12:17PM   3    HERE IS THE U.S. VERSION RELEASED IN JUNE?
12:17PM   4             MR. LO:  THE U.S. VERSION THAT WAS RELEASED, YES.
12:17PM   5             THE COURT:  SO IT WAS ORIGINALLY DISCLOSED, YOU WERE
12:17PM   6    USING VISUALS OF THE UK PHONE EVEN THOUGH YOU WERE ACTUALLY
12:17PM   7    ACCUSING THE U.S.?
12:17PM   8             MR. LO:  YOU'RE CORRECT, YOUR HONOR.
12:17PM   9             THE COURT:  IN ANY EVENT, IT APPEARS THAT THERE'S NO
12:17PM  10    DISAGREEMENT FROM SAMSUNG ON THAT, ALTHOUGH MS. MAROULIS OR HER
12:17PM  11    COLLEAGUE WILL CORRECT ME IF I'M WRONG.
12:17PM  12             SO LET'S TURN TO THE SO-CALLED "JELLY BEAN" PHONES.
12:18PM  13             MR. LO:  YES.
12:18PM  14             THE COURT:  AND I WAS A BIT CONFUSED AS TO WHETHER
12:18PM  15    OR NOT, AND PERHAPS SAMSUNG WAS AS WELL, APPLE IS LOOKING TO
12:18PM  16    ADD OR ACCUSE EVERY PHONE THAT USES THE JELLY BEAN OPERATING
12:18PM  17    SYSTEM THAT SAMSUNG USES OR JUST THE NEXUS, FOR EXAMPLE.
12:18PM  18             MR. LO:  APPLE IS SEEKING TO ADD AT THIS POINT ONLY
12:18PM  19    THE PHONES THAT ALREADY HAVE THE JELLY BEAN AVAILABLE TO IT AND
12:18PM  20    THAT'S SIMPLY ONE PHONE AND THAT'S THE GALAXY NEXUS AND THERE
12:18PM  21    ARE DIFFERENT VARIANTS OF THAT SAME PHONE FOR DIFFERENT
12:18PM  22    CARRIERS.
12:18PM  23        BUT, FOR EXAMPLE, THERE HAVE BEEN ANNOUNCEMENTS THAT JELLY
12:18PM  24    BEAN MAY BE RELEASED FOR THE GALAXY -- FOR THE SAMSUNG S3, AND
12:18PM  25    THAT'S NOT BEEN RELEASED YET, AND WE DO NOT CONTEND THAT THAT
```

```
12:18PM   1    COMES AUTOMATICALLY AS PART OF THIS MOTION AND THAT'S NOT A
12:18PM   2    REQUEST WE ARE SEEKING, AND, IN FACT, BARRING FURTHER GUIDANCE
12:18PM   3    FROM THIS COURT, OUR VIEW WOULD BE NOW THAT THE CLAIM
12:18PM   4    CONSTRUCTION IS UNDERWAY, WE DON'T THINK IT WOULD BE
12:18PM   5    APPROPRIATE TO CONTINUE TO ADD ADDITIONAL PRODUCTS AS WELL.
12:18PM   6            THE COURT:  JUST SO I'M CLEAR, MR. LO, IF YOU GOT,
12:18PM   7    ON THIS POINT ANYWAY, EVERYTHING THAT YOU WANTED FROM ME TODAY,
12:18PM   8    THE GALAXY NEXUS PHONE WOULD BE IN, BUT THERE WOULD BE NO OTHER
12:19PM   9    PHONES ADDED AS A RESULT OF MY ORDER THAT CONTAIN THE JELLY
12:19PM  10    BEAN OPERATING SYSTEM FOR THE SIMPLE FACT THAT THERE ARE NO
12:19PM  11    OTHER SAMSUNG PHONES IN THE U.S. USING THAT?
12:19PM  12            MR. LO:  THAT WOULD BE CORRECT, YES.
12:19PM  13            THE COURT:  SO AS TO THE NEXT CATEGORY OF
12:19PM  14    AMENDMENTS, AS I UNDERSTAND IT, WOULD BE THE PROPOSED
12:19PM  15    AMENDMENTS WHERE YOU'RE LOOKING TO ADD LANGUAGE AND EXEMPLARY
12:19PM  16    LANGUAGE AND I DON'T UNDERSTAND SAMSUNG TO BE OPPOSING THOSE
12:19PM  17    AMENDMENTS BASED ON THEIR PAPERS ANYWAY.
12:19PM  18       SO UNLESS SAMSUNG TELLS ME DIFFERENTLY, I THINK WE CAN
12:19PM  19    MOVE ON.  AND I'LL GIVE YOU A CHANCE TO RESPOND IF THEY TELL ME
12:19PM  20    DIFFERENTLY.
12:19PM  21            MR. LO:  THANK YOU, YOUR HONOR.
12:19PM  22            THE COURT:  THE THIRD CATEGORY CONCERNS WHAT I THINK
12:19PM  23    APPLE SAID WAS MISTAKENLY OMITTED CHARTS AND CLAIMS AND SO
12:19PM  24    FORTH AND HERE, AGAIN, THERE ARE CERTAIN CLAIMS AND CHARTS
12:19PM  25    WHICH I DO NOT UNDERSTAND TO BE OPPOSED BY SAMSUNG, AND I'LL
```

```
12:19PM   1    JUST FOR THE RECORD RECITE THEM.
12:20PM   2         AND THESE ARE THE '721 PATENT CLAIMS 10 THROUGH 15 AS
12:20PM   3    ASSERTED AGAINST THE GALAXY S II EPICORE G TOUCH; THE '959
12:20PM   4    PATENT AS ASSERTED AGAINST THE GALAXY NEXUS IN GALAXY TAB 7.0
12:20PM   5    PLUS; THE '604 PATENT AS ASSERTED AGAINST SAMSUNG GALAXY TAB 7.
12:20PM   6         NOW, THIS LEAVES TWO CHARTS OR SETS OF CHARTS THAT I
12:20PM   7    BELIEVE ARE OPPOSED BY SAMSUNG.  I WANT TO HEAR FROM YOU ON
12:20PM   8    THIS.  THE FIRST IS THE '604 PATENT AGAINST THE CONQUER 4G AND
12:20PM   9    THE DART ON EXHIBIT II 4G.
12:20PM  10         TELL ME WHAT HAPPENED HERE BECAUSE AS I UNDERSTOOD YOUR
12:20PM  11    PAPERS, AT LEAST SOME OF THESE CHARTS WERE INTENDED TO BE
12:20PM  12    INCLUDED ORIGINALLY.  AND WHAT HAPPENED AND TELL ME WHY?
12:20PM  13              MR. LO:  THEY WERE PREPARED PRIOR TO THE DEADLINE TO
12:20PM  14    SERVE THE INITIAL INFRINGEMENT CONTENTIONS.
12:20PM  15         BECAUSE OF THE LARGE VOLUME OF DOCUMENTS THAT WERE SERVED
12:21PM  16    ON JUNE 15TH, 2012, BOTH PARTIES AGREE THAT RATHER THAN TO TRY
12:21PM  17    TO SERVE PAPER DOCUMENTS OR SERVE E-MAIL, WE WOULD MAKE THE
12:21PM  18    DOCUMENTS AVAILABLE ON THE F.T.P. SITE, AND THESE WERE IN THE
12:21PM  19    RANGE OF 8,000 PAGES OR SO THAT WERE PRODUCED BY EITHER SIDE.
12:21PM  20         OUT OF A -- FOR SECURITY OR FOR OTHER PURPOSES, THE
12:21PM  21    INFRINGEMENT CONTENTIONS WERE OBVIOUSLY INITIALLY PREPARED ON
12:21PM  22    MICROSOFT WORD.  AND THEN WHEN WE WANT TO SERVE ON SAMSUNG, WE
12:21PM  23    MAKE A CONVERSION ONTO THE PDF FILE AND THEN WE PLACE IT ON THE
12:21PM  24    F.T.P. SITE TO MAKE IT AVAILABLE FOR SAMSUNG.
12:21PM  25         FOR REASONS THAT ARE, AND I DON'T WANT TO ARGUE ARE
```

```
12:21PM   1    EXCUSABLE, BUT THERE WERE MISTAKES MADE AND IN THIS CASE, IN
12:21PM   2    THE CASE OF THESE THREE CHARTS, WHEN THE FILES WERE RENAMED
12:21PM   3    FROM OTHER CHARTS, THEY WERE NAMED AS BEING THE CHARTS FOR THE
12:21PM   4    CONQUER 4G, FOR THE DART, AND FOR THE EXHIBIT II 4G.
12:21PM   5         SO THAT WHEN THE ATTORNEYS AND THE PARALEGALS SIMPLY
12:21PM   6    EYEBALL THE F.T.P. SITE, HAD WE'VE GOTTEN ALL OF THE PRODUCTS
12:22PM   7    FOR THE '604 ON THERE, THE ANSWER WAS YES BECAUSE THERE WAS A
12:22PM   8    FILE NAME THAT SAID IT WAS FOR THE '604 CONQUER BUT HAD ANYBODY
12:22PM   9    OPENED THE DOCUMENT, INCLUDING SAMSUNG, THEY WOULD HAVE SEEN
12:22PM  10    THAT ACTUALLY THE SUBSTANCE OF THE DOCUMENT WAS NOT MATCHING
12:22PM  11    WITH THE TITLES OF THE DOCUMENT, AND, IN FACT, THE SUBSTANCE OF
12:22PM  12    THESE DOCUMENTS WOULD HAVE BEEN DUPLICATES OF OTHER CHARTS.
12:22PM  13              THE COURT:  I'M GUESSING THESE WERE PREPARED AT A
12:22PM  14    LATE HOUR AS THESE THINGS TEND TO GET PRODUCED?
12:22PM  15              MR. LO:  THE CONVERSION WAS DONE AT A LATE HOUR.
12:22PM  16              THE COURT:  AND YOU'RE CERTAINLY NOT BLAMING SAMSUNG
12:22PM  17    FOR THIS?  THIS IS YOUR MISTAKE.
12:22PM  18              MR. LO:  THIS IS OUR MISTAKE, YES, YOUR HONOR.
12:22PM  19              THE COURT:  OKAY.  AND LET ME ASK, AS I UNDERSTOOD,
12:22PM  20    THERE WAS A TABLE OR SOME KIND OF INDEX INCLUDED AS PART OF
12:22PM  21    THIS PRODUCTION AND AT LEAST SOME OF THESE PRODUCTS WERE
12:22PM  22    IDENTIFIED IN THE TABLE FOR THE INDEX; IS THAT RIGHT?
12:22PM  23              MR. LO:  THAT'S CORRECT, FOR THESE THREE PRODUCTS
12:22PM  24    AND FOR THE '604 PATENT THEY WERE IDENTIFIED ON THE TABLE WHICH
12:22PM  25    WOULD HAVE BEEN EXHIBIT 139, AND, AGAIN, THE NAMES OF THE FILES
```

```
12:22PM   1    WOULD HAVE INDICATED THAT THERE WAS AN INTENT TO SERVE THE
12:22PM   2    INFRINGEMENT CONTENTIONS.
12:23PM   3             THE COURT:  WHAT YOU JUST TOLD ME WAS TRUE AS TO
12:23PM   4    THESE THREE PRODUCTS, IT WAS NOT SOME PRODUCT THAT --
12:23PM   5             MR. LO:  NO.  THAT IS MY UNDERSTANDING, YES, YOUR
12:23PM   6    HONOR.
12:23PM   7             THE COURT:  ALL RIGHT.  WELL, LET'S TURN THEN TO THE
12:23PM   8    '502 PATENT.  I'M CALLING THESE THE STYLUS INPUT PATENTS.  I
12:23PM   9    DON'T KNOW WHAT YOU'RE CALLING THEM BUT THAT'S WHAT I'M CALLING
12:23PM  10    THEM.
12:23PM  11       WHAT HAPPENED HERE?  THIS WAS NOT A MISTAKE, THIS WAS JUST
12:23PM  12    NEW INFORMATION THAT CAME TO YOUR ATTENTION, RIGHT?
12:23PM  13             MR. LO:  YOUR HONOR, TO BE FRANK, WE DON'T ASSERT
12:23PM  14    THAT THIS WAS NEW INFORMATION.  THESE PRODUCTS DID NOT CHANGE
12:23PM  15    FROM THE TIME WE SERVED OUR INFRINGEMENT CONTENTIONS.
12:23PM  16       WE'RE SEEKING THE COURT'S LEAVE TO ADD THE ADDITIONAL
12:23PM  17    CLAIMS AGAINST THESE 17 DEVICES.  THEY'RE THE SAME CLAIMS THAT
12:23PM  18    WERE ALREADY ALLEGED FOR OTHER DEVICES AND THEY'RE BASED ON THE
12:23PM  19    SAME INFRINGEMENT THEORIES, BUT I WANT TO BE CANDID WITH YOUR
12:23PM  20    HONOR, WE ARE NOT CLAIMING THAT THIS IS NEW.
12:23PM  21             THE COURT:  SO TO SOMEONE WHO HAS STUDIED AND
12:23PM  22    ANALYZED PRODUCTS IN THE WORLD, HOW IS IT THAT YOU ALL WERE
12:23PM  23    UNABLE TO IDENTIFY THESE PRODUCTS AS ALLOWING THE USE OF A
12:24PM  24    STYLUS AS AN INPUT?
12:24PM  25             MR. LO:  YOUR HONOR, WE DON'T CONTEND THAT THAT WAS
```

```
12:24PM   1     SOMETHING THAT WE COULDN'T HAVE KNOWN ON JUNE 15TH.
12:24PM   2            IT IS A THEORY OF INFRINGEMENT THAT IS DIFFERENT FROM THAT
12:24PM   3     IS -- BECAUSE THE PRODUCTS AREN'T SHIPPED WITH THE STYLUS SO WE
12:24PM   4     ARE SEEKING THE COURT'S LEAVE TO ADD IT BECAUSE THEY ARE
12:24PM   5     OBVIOUSLY USEFUL WITH THE STYLUS AND SAMSUNG SEPARATELY SELLS
12:24PM   6     STYLUS OR PENS THAT I THINK CAN BE REFERRED TO.
12:24PM   7               THE COURT:  SO I TRUST THAT THE MAIN THRUST OF YOUR
12:24PM   8     ARGUMENT HERE IS THAT WHILE YOU COULD HAVE CERTAINLY DISCOVERED
12:24PM   9     THIS SOONER, THERE'S NO PRACTICAL OR MEANINGFUL PREJUDICE TO
12:24PM  10     SAMSUNG FROM YOUR ADDING THESE PRODUCTS AT THIS TIME?
12:24PM  11               MR. LO:  THAT IS OUR ARGUMENT AND THAT'S SUPPORTED
12:24PM  12     BY BOTH THE CASE LAW, AND, OF COURSE, BY THE FACT THAT SAMSUNG
12:24PM  13     ITSELF IS SEEKING TO ADD PRODUCTS AT THIS STAGE AS WELL.
12:24PM  14               THE COURT:  ALL RIGHT.  YOU MAY HAVE SOME ADDITIONAL
12:24PM  15     COMMENTS YOU WISH TO PRESENT AFTER I HEAR FROM SAMSUNG.  I'LL
12:25PM  16     GIVE YOU AN OPPORTUNITY.
12:25PM  17        MS. MAROULIS, AM I RIGHT IN MY GENERAL TAXONOMY ABOUT WHAT
12:25PM  18     IS IN THIS --
12:25PM  19               MS. MAROULIS:  YES, YOUR HONOR.  AND I HAVE IT A
12:25PM  20     LITTLE BIT DIFFERENT, BUT THE GENERAL AREAS ARE RIGHT, WHICH IS
12:25PM  21     WE DO NOT OPPOSE ADDITION OF THE NEW PRODUCT GALAXY NOTE 10.1,
12:25PM  22     AND WE DO NOT OPPOSE VARIOUS ADMINISTERIAL CHANGES ENCAPSULATED
12:25PM  23     IN EXHIBIT A TO APPLE'S MOTION, AND WE DO NOT OPPOSE THE
12:25PM  24     ADMITTED CHARTS THAT WERE DISCOVERED TO BE MISSING IN JUNE AND
12:25PM  25     AUGUST AND SERVED UPON US AT THAT TIME BECAUSE AS YOUR HONOR
```

```
12:25PM   1    SAID IT'S PURE ERROR AND IT HAPPENS.
12:25PM   2          THE THREE AREAS WE ARE OPPOSING IS ADDITION OF THE STYLUS
12:25PM   3    CLAIMS TO 17 NEW PRODUCTS; AND,
12:25PM   4          WE'RE OPPOSING ADDITIONAL THE GALAXY NEXUS, JELLY BEAN
12:25PM   5    VERSIONS, AND IT WAS CLARIFIED IT WAS JUST ONE PRODUCT, IT WAS
12:25PM   6    NOT PREVIOUSLY CLEAR; AND,
12:25PM   7          FINALLY, WE'RE OPPOSING ADDITIONALLY PREVIOUSLY ADMITTED
12:25PM   8    CHARTS BECAUSE THOSE CHARTS WERE ADMITTEDLY ADDED IN OCTOBER
12:25PM   9    AND WE DIDN'T HAVE THEM BEFORE THAT, AND I'LL ADDRESS EACH OF
12:26PM  10    THESE ISSUES.
12:26PM  11             THE COURT:  AND BEFORE YOU DO THAT, I APOLOGIZE FOR
12:26PM  12    INTERRUPTING, BUT I WANT TO MAKE SURE THAT I DIDN'T MISS AN
12:26PM  13    IMPORTANT POINT YOU MADE, WHICH IS AS TO THE GALAXY S3 U.S.
12:26PM  14    VERSION, DO YOU OPPOSE THE AMENDMENT?
12:26PM  15             MS. MAROULIS:  WE DO NOT, YOUR HONOR.  I BELIEVE
12:26PM  16    THAT'S PART OF EXHIBIT A.
12:26PM  17             THE COURT:  OKAY.  THANK YOU.  GOT IT.
12:26PM  18             MS. MAROULIS:  SO WITH RESPECT TO THE THREE ITEMS
12:26PM  19    THAT WE DO OPPOSE, THE KEYSTONE HERE IS LACK OF DILIGENCE.
12:26PM  20          THE LAW IN THIS DISTRICT IS THAT IF THE PARTY DOES NOT
12:26PM  21    EXERCISE DILIGENCE, THE INQUIRY ENDS THERE.  SO TO SHOW GOOD
12:26PM  22    CAUSE IT HAS TO BE DILIGENT.
12:26PM  23          NOW, IF THE PARTY DID SHOW DILIGENCE, WE SHIFT TO THE
12:26PM  24    SECOND PRONG WHICH IS PREJUDICE, BUT IN THIS CASE WITH RESPECT
12:26PM  25    TO EACH OF THOSE THREE AREAS, THERE WAS NO DILIGENCE.
```

```
12:26PM   1         AND TO PUT IN PERSPECTIVE THAT APPLE IS SUBBED DOESN'T
12:26PM   2   MEET THE DILIGENCE OF EVERYTHING, I WANTED TO DIRECT YOUR HONOR
12:26PM   3   TO A PLEADING FROM THE PREVIOUS CASE THAT YOUR HONOR HAS IN
12:26PM   4   YOUR HONOR'S COURT.
12:26PM   5         THE COURT:  I'M FAMILIAR WITH IT.
12:26PM   6         MS. MAROULIS:  IT'S DOCKET NUMBER 720 WHICH WAS
12:27PM   7   APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO AMEND THE CONTENTIONS
12:27PM   8   IN THE SIMILAR POSTURE, IT WAS INVALIDITY CONTENTIONS, BUT
12:27PM   9   APPLE STATES SAMSUNG BEARS THE BURDEN OF ESTABLISHING
12:27PM  10   DILIGENCE, ABSENCE DILIGENCE, THE GOOD CAUSE INQUIRY ENDS.
12:27PM  11         SO IT'S LITERALLY ALMOST THE SAME WORDS THAT WE USE IN OUR
12:27PM  12   MOTION.  SO THAT'S BASICALLY HOW THEY DID NOT MEET THE
12:27PM  13   DILIGENCE STANDARD HERE.
12:27PM  14         WITH RESPECT TO THE STYLUS CLAIMS, THE PORTABLE SEPARATE
12:27PM  15   STYLUS HAS BEEN AVAILABLE SINCE EARLY 2011.  COUNSEL AGREED IN
12:27PM  16   HIS ARGUMENT THAT IT'S NOT A NEW PRODUCT AND THIS IS NOT NEW
12:27PM  17   INFORMATION.  IT WAS THERE.
12:27PM  18         AND BY SCANNING THE CASE, BY READING THE FIVE STYLUS
12:27PM  19   CLAIMS ONTO SAMSUNG'S PRODUCT, APPLE IS GOING TO ENLARGE THE
12:27PM  20   CASE SUBSTANTIALLY.  AND ALSO HERE IN ADDITION TO LACK OF
12:27PM  21   DILIGENCE, AS WE ALREADY ESTABLISHED, THE PREJUDICE IS
12:27PM  22   SIGNIFICANT BECAUSE IN EVALUATING THE PATENT FOR PRIOR ART
12:27PM  23   PURPOSES, SAMSUNG WAS EVALUATING FROM THE WAY APPLE ACCUSED IT,
12:28PM  24   WHICH IS THAT THESE CLAIMS WERE DIRECTED TO A DEVICE THAT
12:28PM  25   ACTUALLY SOLD THE SMART PEN.
```

```
12:28PM   1              THE COURT:  OKAY.  SO YOU'RE SAYING THAT NOW THAT
12:28PM   2    APPLE HAS EXPANDED ITS THEORY SUCH THAT THE CLAIMS ENCOMPASS
12:28PM   3    PRODUCTS THAT MAY SHIP WITHOUT A STYLUS, THAT NECESSARILY MEANS
12:28PM   4    THAT YOU HAVE TO EXPAND YOUR CONCEPTION OF RELEVANT PRIOR ART?
12:28PM   5              MS. MAROULIS:  THAT'S CORRECT, YOUR HONOR.  AND WITH
12:28PM   6    RESPECT TO CLAIM CONSTRUCTION, AS YOUR HONOR KNOWS, WE HAVE
12:28PM   7    VERY TIGHT LIMITS ON WHICH TERMS TO PICK AND THE PARTIES ARE IN
12:28PM   8    THE MIDDLE OF CLAIM CONSTRUCTION RIGHT NOW AND THESE STYLUS
12:28PM   9    CLAIMS ARE NOT AT ISSUE FOR CLAIM CONSTRUCTION, BUT THEY
12:28PM  10    POSSIBLY COULD HAVE BEEN IF THIS WAS THE NOTION THAT WE THOUGHT
12:28PM  11    APPLE HAD.
12:28PM  12         SO IN THIS CASE --
12:28PM  13              THE COURT:  SO I APPRECIATE THE CONCEPTUAL ARGUMENT
12:28PM  14    YOU'VE JUST MADE, AND I KIND OF SYMPATHIZE WITH IT.  ARE THERE
12:28PM  15    SPECIFIC CLAIMS THAT YOU CAN POINT ME TO THAT SAY, HEY, THESE
12:28PM  16    ARE NOW IN PLAY BUT WE'RE BOXED IN BECAUSE JUDGE KOH SET A
12:28PM  17    SCHEDULE AND WE'RE OUT OF LUCK?
12:29PM  18              MS. MAROULIS:  YOUR HONOR, NONE OF THE TERMS FROM
12:29PM  19    THOSE CLAIMS THE CURRENT PARTIES ARE DISCUSSING BUT THEY COULD
12:29PM  20    HAVE BEEN.
12:29PM  21              THE COURT:  OKAY.
12:29PM  22              MS. MAROULIS:  SO IN THIS INSTANCE BOTH THE LACK OF
12:29PM  23    DILIGENCE IS CLAIMED AND PREJUDICE IS CLEAR AS WELL.  THE
12:29PM  24    ATTITUDE HERE IS JELLY BEAN HAS BEEN AVAILABLE TO APPLE SINCE
12:29PM  25    JULY OF THIS YEAR, AND, AGAIN, THAT IS MANY MONTHS AGO.
```

```
12:29PM   1              HERE WE'RE LOOKING AT DILIGENCE MEASURED EVERY WEEK OR
12:29PM   2   DAY.  SAMSUNG MOVED WITHIN DAYS OF IPHONE BEING AVAILABLE AND
12:29PM   3   ONE WITH APPLE AND THEN IT'S VERY CLOSE TO THE NEW PRODUCT.
12:29PM   4              AND THEN FINALLY WITH RESPECT TO -- AND I SHOULD MENTION
12:29PM   5   THEN, WITH RESPECT TO JELLY BEAN OPERATING SYSTEMS, WE DON'T
12:29PM   6   ACTUALLY STILL HAVE THE CHARTS.  THE CHARTS WERE SERVING UP OUR
12:29PM   7   ICE CREAM SANDWICH CHARTS AND THEY NOW HAVE ONE SAYING, OH, AND
12:29PM   8   JELLY BEAN SHOULD APPLY AS WELL.
12:29PM   9              THE COURT:  WAIT.  SO YOU HAVE NOT YET RECEIVED ANY
12:29PM  10   JELLY BEAN CHART AS WELL?
12:29PM  11              MS. MAROULIS:  WE DON'T HAVE.  WE DON'T HAVE THE
12:29PM  12   JELLY BEAN CHART AND WHILE IT'S PREJUDICIAL TO ADD ANYTHING AT
12:29PM  13   THIS POINT IN VIEW OF WHAT I JUST DESCRIBED IN LACK OF DUE
12:30PM  14   DILIGENCE, IT WOULD BE EASIER FOR ME TO ARTICULATE THE
12:30PM  15   PREJUDICE IF I KNEW HOW IT WOULD READ, AND I DON'T CURRENTLY
12:30PM  16   HAVE THAT.
12:30PM  17          FINALLY, WITH RESPECT TO THE MISTAKENLY LIMITED CHARTS, AS
12:30PM  18   I MENTIONED BEFORE, THEY FOUND SOME OMITTED CHARTS IN JULY OR
12:30PM  19   JUNE AND AUGUST AND WE AGREED TO ACCEPT THOSE BECAUSE MISTAKES
12:30PM  20   DO HAPPEN.
12:30PM  21          THESE LAST THREE CHARTS, WE DID NOT GET INTO OCTOBER
12:30PM  22   BECAUSE WE DID NOT HAVE THE BENEFIT OF THEM FOR MONTHS AND THE
12:30PM  23   LACK OF DILIGENCE HERE IS SIMPLY DETRIMENTAL, AND WE NEED TO
12:30PM  24   MOVE ON WITH THIS CASE AND WE DID NOT HAVE THOSE CHARTS UNTIL
12:30PM  25   THEN.
```

```
12:30PM   1          SO THOSE ARE THE BASIC ARGUMENTS AND RESPONSES TO THAT.
12:30PM   2          NOW, I DON'T KNOW IF YOUR HONOR IS GOING TO LET ME SPEAK
12:30PM   3   MORE TO OUR MOTION.
12:30PM   4          THE COURT:  YES, OF COURSE.  I DIDN'T MEAN TO
12:30PM   5   PRECLUDE YOU.
12:30PM   6          MS. MAROULIS:  DO YOU WANT ME TO HANDLE IT NOW?
12:30PM   7          THE COURT:  YES.
12:30PM   8          MS. MAROULIS:  OUR MOTION IS VERY SIMPLE.  IT SEEKS
12:30PM   9   TO ADD ONE PRODUCT AND WE EXERCISE DILIGENCE.  WE BASICALLY
12:30PM  10   SERVED AMENDED CONTENTIONS ON APPLE WITHIN ONE WEEK OF IPHONE 5
12:31PM  11   BEING AVAILABLE IN THE STORES.
12:31PM  12       IN THEIR OPPOSITION THEY DON'T OPPOSE THIS ON THE MERITS,
12:31PM  13   BUT THEY SAY IT SHOULD BE.  WE DISAGREE WITH THAT, BUT THERE IS
12:31PM  14   PARITY AS OUR OPPOSING THEM AND ADDING NEW SAMSUNG PRODUCTS IN
12:31PM  15   THE PAPERS.
12:31PM  16       FINALLY, I DO WANT TO POINT OUT TO YOUR HONOR THAT LAST
12:31PM  17   WEEK OR A COUPLE OF WEEKS AGO APPLE CAME UP WITH SOME NEW
12:31PM  18   PRODUCTS, AND WE'RE CURRENTLY LOOKING AT THEM AND EVALUATING
12:31PM  19   THEM AND I WOULD BE REMISS NOT TO POINT THAT OUT.
12:31PM  20          THE COURT:  I HAD A FEELING IT MIGHT BE COMING, BUT
12:31PM  21   I APPRECIATE YOUR CANDOR.
12:31PM  22          MS. MAROULIS:  WE WANT TO MAKE SURE YOUR HONOR IS ON
12:31PM  23   NOTICE OF THAT AND OBVIOUSLY WE'RE FIRST AT THE GATE AND APPLE
12:31PM  24   CAN SEE IF IT CAN BE RESOLVED BY APPLE AND IF NOT WE'LL SEEK
12:31PM  25   ANOTHER MOTION, BUT THAT'S NOT HAPPENED YET.
```

```
12:31PM   1              THE COURT:  CAN YOU HELP ME, MS. MAROULIS, AND I'LL
12:31PM   2   GIVE MR. LO A CHANCE TO WEIGH IN AS WELL.  I SHOULD KNOW THIS
12:31PM   3   BUT I DON'T OFF THE TOP OF MY HEAD.
12:31PM   4       IF THE COURT WERE INCLINED TO, LET'S SAY, DENY ALL MOTIONS
12:31PM   5   AND SAY NONE OF THESE PRODUCTS ARE COMING IN AND IT'S TOO LATE
12:32PM   6   AND JUDGE KOH NEEDS THIS CASE READY, BLAH, BLAH, WOULD THE
12:32PM   7   PRACTICABLE EFFECT OF THAT BE THAT EACH SIDE COULD THEN BRING
12:32PM   8   ESSENTIALLY NEW SUITES AND SUE THEM IN SEPARATE MATTERS OR HOW
12:32PM   9   WOULD --
12:32PM  10              MS. MAROULIS:  YOUR HONOR, THAT WOULD BE THE
12:32PM  11   PRACTICABLE EFFECT AND I WOULD SUBMIT THAT THAT WOULD NOT BE
12:32PM  12   SUFFICIENT BECAUSE THIS COURT -- IT WOULD BE BETTER TO ADD THE
12:32PM  13   PRODUCTS THAT JUST CAME OUT WHILE CONSTRUCTION IS STILL GOING
12:32PM  14   ON AND DISCOVERY IS AT THE EARLY STATES AND DOES NOT CLOSE
12:32PM  15   UNTIL JULY OF NEXT YEAR.
12:32PM  16              THE COURT:  AND I REALIZE I'M BRINGING THIS ON YOU
12:32PM  17   SO I WON'T HOLD YOU TO THIS, BUT YOU WOULD NOT AT ALL BE
12:32PM  18   CONCERNED THAT THERE WOULD BE SOME TYPE OF ESTOPPEL EFFECT
12:32PM  19   EITHER AS TO SAMSUNG OR APPLE THAT WOULD PRECLUDE THEM FROM
12:32PM  20   PURSUING NEW PRODUCTS IN SEPARATE CASES?
12:32PM  21              MS. MAROULIS:  IF THEY ADDED HERE?
12:32PM  22              THE COURT:  IF I WERE TO SAY NO.  IF I WERE TO -- IN
12:32PM  23   OTHER WORDS, I MAY JUST BE MISSING AN OBVIOUS ELEMENT OF THE
12:32PM  24   DOCTRINE, BUT ONE CONCERN I HAVE IS THAT IF I WERE TO DENY
12:33PM  25   EITHER SAMSUNG OR APPLE THE OPPORTUNITY IN THIS CASE TO PURSUE
```

| | | |
|---|---|---|
| 12:33PM | 1 | THESE PRODUCTS, I WOULD BE SOMEHOW PREJUDICING YOUR ABILITY TO |
| 12:33PM | 2 | FOLLOW ON LITIGATION TO DO THE SAME THING. |
| 12:33PM | 3 |     MS. MAROULIS: YOUR HONOR, I DON'T BELIEVE THAT |
| 12:33PM | 4 | WOULD BE DISPOSITION ON THE MERITS. IT SHOULD NOT ESTOP EITHER |
| 12:33PM | 5 | PARTY FROM BRINGING IT, BUT I THINK JUDICIAL EFFICIENCY |
| 12:33PM | 6 | SUGGESTS THAT THESE BE BROUGHT. |
| 12:33PM | 7 |     THE COURT: ALL RIGHT. MR. LO, DO YOU WANT TO |
| 12:33PM | 8 | RESPOND? |
| 12:33PM | 9 |     MR. LO: SURE. TO BRIEFLY ADDRESS THE COURT'S LAST |
| 12:33PM | 10 | QUESTION IN TERMS OF THE PRACTICAL EFFECT, I DO AGREE WITH |
| 12:33PM | 11 | MS. MAROULIS THAT ONE OF THE PRACTICABLE POSSIBILITIES IS TO |
| 12:33PM | 12 | BRING A NEW SUIT AND ANOTHER POSSIBILITY IS IT OBVIOUSLY |
| 12:33PM | 13 | DEPENDS ON WHEN THE PRODUCT WAS RELEASED AND THE CONTEXT IN |
| 12:33PM | 14 | WHICH IT WAS RELEASED IS THAT IT COULD BE THE SUBJECT OF AN |
| 12:33PM | 15 | INJUNCTION HEARING, IF THERE WAS A PERMANENT INJUNCTION AS TO |
| 12:33PM | 16 | WHETHER IT'S MORE THAN COLORFULLY DIFFERENT FROM PRODUCTS THAT |
| 12:33PM | 17 | WERE FOUND TO INFRINGE, IF ANY. |
| 12:33PM | 18 | ONE THING THAT SEEMED TO PERK YOUR HONOR'S INTEREST WAS |
| 12:33PM | 19 | THE CONTENTION THAT WE HAD NOT SERVED THE CHARTS FOR THE JELLY |
| 12:34PM | 20 | BEAN. |
| 12:34PM | 21 | OUR CONTENTION IS THAT THE JELLY BEAN PRODUCT OPERATES IN |
| 12:34PM | 22 | EXACTLY THE SAME WAY AS THE PREVIOUS ICE CREAM SANDWICHES |
| 12:34PM | 23 | PRODUCT, AND SO THE PREVIOUS ALLEGATION AND DESCRIPTIONS OF HOW |
| 12:34PM | 24 | THE PRODUCTS INFRINGE ARE IDENTICAL. SO THEY'RE TECHNICALLY |
| 12:34PM | 25 | CORRECT THAT THERE'S NOT A NEW CHART THAT SAYS -- |

```
12:34PM   1              THE COURT:  YOU AGREE YOU NEED TO SERVE SOMETHING IN
12:34PM   2    WRITING WHICH CONFIRMS THAT YOU'RE INCORPORATING BY REFERENCE
12:34PM   3    THAT YOU'RE INCORPORATING --
12:34PM   4              MR. LO:  YES, WE WILL DO THAT.  AND THE OTHER THING
12:34PM   5    I DO WANT TO POINT OUT TO THE COURT IS THAT WE'RE IN SOMETHING
12:34PM   6    OF A PICKLE BECAUSE WE HAVE NOW SUBPOENAED GOOGLE FOR THE JELLY
12:34PM   7    BEAN.
12:34PM   8           AS YOUR HONOR KNOWS, IT HAS BEEN SAMSUNG'S POSITION THAT
12:34PM   9    THEY DON'T HAVE ACCESS TO THE SOURCE CODE.
12:34PM  10              THE COURT:  I CAN SEE WHERE THIS IS ALL HEADING.
12:34PM  11              MR. LO:  SO WE'RE IN A BIT OF A PICKLE BECAUSE UNTIL
12:34PM  12    WE GET THIS APPROVED, WE'RE GETTING PUSH BACK FROM GOOGLE IN
12:34PM  13    TERMS OF WHETHER THAT IS PART OF THE CASE AND SO OBVIOUSLY WHEN
12:34PM  14    WE GET ADDITIONAL DOCUMENTS IN TERMS OF THE SOURCE CODE, WE
12:34PM  15    WOULD SEEK TO SIMPLY ADD MORE DETAILS BUT OUR CURRENT
12:34PM  16    CONTENTION AND CURRENT ANALYSIS SHOWS THAT THERE WOULD BE NO
12:34PM  17    CHANGE IN THE INFRINGEMENT THEORIES.
12:35PM  18              THE COURT:  ONE LAST QUESTION FOR YOU.
12:35PM  19           COULD YOU SHED SOME LIGHT FOR ME ON THE DISCOVERY SCHEDULE
12:35PM  20    IN THIS CASE?  I HAVE THE CALENDAR, AND I HAVE IT RIGHT IN
12:35PM  21    FRONT OF ME.  AS I READ IT IN THE RECENT SCHEDULING ORDER JUDGE
12:35PM  22    KOH SAID IN THIS CASE FACT DISCOVERY CLOSES WHEN?
12:35PM  23              MR. LO:  JULY 8TH.
12:35PM  24              THE COURT:  JULY 2013.
12:35PM  25              MR. LO:  AND WE DON'T HAVE OPENING CLAIM
```

| | | |
|---|---|---|
| 12:35PM | 1 | CONSTRUCTION BRIEFS UNTIL SEPTEMBER 21ST. |
| 12:35PM | 2 | THE COURT: AND ON THAT POINT, AND THIS IS WHERE I |
| 12:35PM | 3 | WAS GOING, IF OPENING CLAIM CONSTRUCTION BRIEFS ARE NOT DUE TO |
| 12:35PM | 4 | DECEMBER 21, I UNDERSTAND THAT THE JOINT CC AND PRETRIAL |
| 12:35PM | 5 | HEARING STATEMENT I GUESS WAS DUE LAST WEEK, WOULD YOU HAVE ANY |
| 12:35PM | 6 | OBJECTION TO SAMSUNG AMENDING THE CLAIM TERMS IT HAS IDENTIFIED |
| 12:35PM | 7 | OR THE ISSUES FOR JUDGE KOH'S CONSIDERATION IN LIGHT OF YOUR |
| 12:35PM | 8 | SUBSEQUENT PRODUCTION? |
| 12:35PM | 9 | MR. LO: NO, WE WOULD NOT, YOUR HONOR. |
| 12:35PM | 10 | THE COURT: ALL RIGHT. THANK YOU VERY MUCH. |
| 12:36PM | 11 | MS. MAROULIS, ANY FURTHER POINTS YOU WOULD LIKE TO MAKE? |
| 12:36PM | 12 | MS. MAROULIS: NO, YOUR HONOR. |
| 12:36PM | 13 | THE COURT: HAVE A GOOD AFTERNOON. THANK YOU VERY |
| 12:36PM | 14 | MUCH. |
| | 15 | (COURT CONCLUDED.) |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

*/s/ Irene Rodriguez*
_____
IRENE RODRIGUEZ, CSR, CRR
CERTIFICATE NUMBER 8076

DATED: NOVEMBER 6, 2012