| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129 (CA))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date:　　January 8, 2012<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 5<br>Judge:　　Honorable Paul S. Grewal |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, January 8, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order granting Samsung leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPod Touch (5th Generation) (the "iPod Touch 5"), iPad (4th Generation) ("iPad 4") and the iPad Mini, which was released after Samsung served its original infringement contentions, and after Samsung filed its October 1, 2012 Motion for Leave to Supplement its Infringement Contentions (regarding the iPhone 5). To the extent necessary, Samsung also seeks the Court's clarification that its original contentions properly allege infringement of U.S. Patent No. 7,672,470 by three prior generations of the iPod Touch, or in the alternative, Samsung seeks leave to add these products to its infringement contentions. Finally, Samsung seeks leave to correct two typographical errors in its Patent Local Rule 3-1(g) contentions. This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declaration of Todd Briggs (the "Briggs Decl."); and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Samsung seeks an order granting it leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to allege infringement by the iPod Touch 5, iPad 4, iPad Mini, and three prior generations of the iPod Touch, and to correct its Patent Local Rule 3-1(g) contentions.

DATED: November 21, 2012            QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ Todd M. Briggs
                                        Todd M. Briggs
                                        Attorney for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Samsung seeks leave to supplement its infringement contentions to include three newly released Apple products: the iPod Touch (5th generation) ("iPod Touch 5)," the iPad (4th Generation) ("iPad 4") and the iPad Mini.   Apple officially announced the iPod Touch 5 on September 12, 2012.   However, the iPod Touch 5 did not ship until at least October 9, 2012.   The iPad 4 and iPad Mini were announced on October 24, 2012.   Wi-Fi only versions were released in the United States on November 2, 2012, and 4G LTE versions were released on November 16.  Samsung also seeks to correct and clarify its infringement contentions to address issues recently raised by Apple.

Good cause exists to amend Samsung's contentions because Apple's new products were not yet available when Samsung submitted its original contentions on June 15, 2012 or its first motion to supplement its infringement contentions on October 1, 2012.   Once the products became available, Samsung acted diligently to investigate and add them to this action.   Moreover, Apple will not be prejudiced by this addition.   The iPod Touch 5, iPad 4, and iPad Mini have the same accused functionality as the versions of the iPod Touch and iPad that are already part of this case.   As such, the proof of infringement of the patents-in-suit by the iPod Touch 5, iPad 4, and iPad Mini will be substantially the same as for other Apple devices already accused of infringement in this litigation, and there will be no impact on the parties' ongoing claim construction efforts.   The addition of these products to Samsung's contentions will not cause any delay or materially affect the infringement analysis.   Samsung notified Apple of its intention to add newly released products on November 6, 2012 and has already provided Apple with its proposed infringement contentions for these products.   This case is still early in the discovery period and Apple will therefore have ample opportunity to prepare its defenses to Samsung's allegations of infringement with regard to the iPod Touch 5, iPad 4, and iPad Mini.

Samsung has moved to supplement its infringement contentions once before in this litigation.   On October 1, 2012, Samsung filed its Motion for Leave to Supplement Its Infringement Contentions, to add the iPhone 5 as an infringing product.   That motion was granted

by Judge Grewal on November 15.  Samsung was not able to include the iPod Touch 5 or the new iPad products in its earlier motion because those products were not released until October 9, 2012 (iPod), November 2, 2012 (Wi-Fi iPads), and November 16 (4G LTE iPads).

Samsung also seeks clarification from the Court as whether its original infringement contentions regarding U.S. Patent No. 7,672,470 ("'470 patent") include three prior generations of the iPod Touch.  Samsung's infringement contentions for the '470 patent identified the Accused Devices as "all Apple products including a built-in speaker and an external audio output port." The second, third and fourth generations of the iPod Touch include a built-in speaker and an external audio output port.  However, Apple has taken the position that the iPod Touch should not be considered an Accused Device because it was not expressly listed in Samsung's infringement contentions.  To the extent the Court agrees with Apple's position, Samsung seeks leave to amend its infringement contentions to expressly list the iPod Touch.

Finally, Samsung seeks leave to correct two typographical errors in its Patent Local Rule 3-1(g) contentions regarding the model numbers of Samsung products that practice the '470 patent.

Amendment here would preserve judicial resources, because it is more efficient to dispose of the infringement issues regarding the iPod Touch 5, iPad 4, iPad Mini, and prior generations of the iPod Touch and the patents-in-suit in one action.  Samsung respectfully requests that the Court grant it leave to add these products to its infringement contentions.

## II. FACTS

<u>Samsung's Initial Infringement Contentions</u>.  On May 2, 2012, the Court set deadlines for service of Patent Local Rule 3-1 infringement contentions, ordering both parties to serve their contentions by June 15, 2012.  Dkt. No. 160.  The Court set the close of fact discovery for July 8, 2013, with expert discovery to take place after that.  *Id*.  The parties served their initial infringement contentions on the Court-ordered deadline.  In its infringement contentions,

Samsung alleged infringement of two UMTS standards patents[1] and six feature patents[2] by Apple's iPhone, iPad, and iPod Touch devices and any "newer but unreleased versions of the accused products that have recently been announced by Apple."[3]   Declaration of Todd Briggs ("Briggs Decl.") Ex. 1.   Samsung further indicated it would seek leave to supplement its contentions to "include any additional Apple products it identifies through discovery and its continuing investigation."  *Id*.

'470 Patent Accused Devices.   Exhibit C to Samsung's Patent Local Rule 3-1 disclosures consisted of a claim chart identifying where in the Accused Devices each limitation of the asserted claims of the '470 patent is found.   Briggs Decl. Ex. 2.   The claim chart used the iPhone 4S as an exemplary product.   In a footnote, the claim chart defines Accused Devices as "all Apple products including a built-in speaker and an external audio output port, including, without limitation, all models of iPhone, iPad, Mac, MacBook and iMac."  *Id.* at n.1.   Apple's Interrogatory No. 16 asks Samsung to identify the accused products for each asserted patent.   Samsung responded to Interrogatory No. 16 identifying, among others, "all generations of the iPod Touch as products alleged to infringement the '470 patent."   In a letter dated October 22, 2012, Apple objected to Samsung's interrogatory responses.   Briggs. Decl. Ex. 4.   Among its objections, Apple stated that Samsung did not identify the iPod Touch in its infringement contentions, and that it would "oppose these untimely additions to Samsung's list of Accused Apple Products."  *Id.* at 2.

'470 Patent Practicing Products.   Exhibit I to Samsung's Patent Local Rule 3-1 disclosures consisted of a series of charts disclosing the Samsung products that practice the Samsung patents-

---

[1]   Samsung's U.S. Patent No. 7,756,087 and U.S. Patent No. 7,551,596.
[2]   Samsung's U.S. Patent No. 7,672,470; U.S. Patent No. 7,577,757; U.S. Patent No. 7,232,058; U.S. Patent No. 6,292,179; U.S. Patent No. 6,226,449; and U.S. Patent No. 5,579,239.
[3]   Samsung has also alleged infringement by Apple's Mac, Mac Mini, Mac Pro, MacBook,
[2]   Samsung's U.S. Patent No. 7,672,470; U.S. Patent No. 7,577,757; U.S. Patent No. 7,232,058; U.S. Patent No. 6,292,179; U.S. Patent No. 6,226,449; and U.S. Patent No. 5,579,239.
[3]   Samsung has also alleged infringement by Apple's Mac, Mac Mini, Mac Pro, MacBook, MacBook Air, MacBook Pro, iMac, and Apple TV products, but those products are relevant to this Motion only to the extent that they are components of an accused system that also includes the iPod Touch 5, iPad 4 and/or iPad Mini.

-3-
SAMSUNG'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

in-suit.  Briggs Decl. Ex. 3.  The chart identifying products that practice the '470 Patent contains two typographical errors.  This chart identifies models UN22D5000N*D*XZA" and "LN22D450G1*D*XZA."  *Id.* at 5.  The correct model numbers are "UN22D5000*F*XZA" and "LN22D450G1*F*XZA."  Apple's Interrogatory No. 14 asks Samsung to identify information about each "Samsung Covered Product" practicing Samsung's patents-in-suit.  Samsung responded by identifying the first sale date in the United States for products with the correct model numbers.  On October 22, 2012, Apple objected and stated "To the extent that Samsung intends to claim practicing products, they must be fully disclosed in Samsung's interrogatory responses and Patel [*sic*] Local Rule 3-1(g) disclosures."  Briggs Decl. Ex. 4, at 2.

<u>Samsung's Earlier Motion</u>.  On September 12, 2012, Apple officially announced the release of the iPhone 5.  Dkt. No. 267-2, at ¶ 3 & Ex. B.  Samsung obtained an iPhone 5 upon its release and immediately began investigating whether the iPhone 5 practiced its patented technologies.  Dkt. No. 267-2, at ¶ 5.  Samsung provided Apple with its proposed amendments to its infringement contentions, to include the iPhone 5, and on October 1, 2012, Samsung filed its first Motion for Leave to Supplement Its Infringement Contentions.  Dkt. No. 267.  That motion was granted by Judge Grewal on November 15, 2012.  Dkt. No. 302.  In granting the motion, Judge Grewal ordered that the amended contentions this motion address "shall be served no later than November 23, 2012."  *Id.* at 12.

<u>The Instant Motion – New Products</u>.  Also on September 12, 2012, Apple announced the iPod Touch 5.  Briggs Decl. Ex. 5.  However, the iPod Touch 5 was not immediately released for sale.  According to news reports, it began shipping on October 9.  Briggs Decl. Ex. 6.  Samsung ordered an iPod Touch 5 shortly after Apple announced it, and received it on October 15, 2012.  Samsung thereafter immediately reviewed the device for infringement of the patents at issue in this case.  Briggs Decl. ¶ 8.

Apple announced the iPad 4 and iPad Mini on October 23, 2012.  Briggs Decl. Ex. 7.  As with the iPad already at issue in this case, the new iPad devices ship in a Wi-Fi-only configuration and a 4G LTE-enabled configuration.  Samsung obtained the Wi- Fi-only configurations of the iPad 4 and iPad Mini devices when they became available on November 2, 2012, and immediately

reviewed them for infringement of its patents.  Briggs Decl. ¶ 10.  Samsung promptly obtained the 4G LTE-enabled configurations when they became available on November 16, 2012.  Id.

On November 6, 2012, at the hearing on Samsung's first Motion for Leave to Supplement Its Infringement Contentions, Samsung informed Apple that it expected to seek leave to amend its infringement contentions to add additional newly released products to the case.  Briggs Decl. Ex. 11, at 15:16-19.  On November 19, 2012, Samsung provided Apple with its proposed amendments to its infringement contentions, to include the iPod Touch 5 and iPad Mini.  Briggs Decl. Ex. 8.  Samsung also requested Apple stipulate to service of its amended contentions.  Id. On November 21, Apple declined to stipulate and indicated it would respond in due course to the instant motion.  Briggs Decl. Ex. 9.

The iPod Touch 5 has the same accused functionalities as the previously accused versions of the iPod Touch.  Samsung seeks, with its proposed amendment, to add the iPod Touch 5 as an accused device that infringes Samsung's six feature patents at issue.  The iPad 4 and iPad Mini have the same accused functionalities as the previously accused versions of the iPad.  Therefore, Samsung seeks with its proposed amendment to add the iPad 4 and iPad Mini as an accused device that infringes Samsung's two UMTS-related patents and six feature patents at issue.

### III.  LEGAL STANDARD

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "Good cause" requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed."  *O2 Micro Int'l Ltd., v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006).  Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted."  *Acer, Inc. v. Technology Properties Ltd.*, 2010 WL 3618687 (N.D. Cal. 2010).  "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."  *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. 2008), *citing O2 Micro*, 467 F.3d at 1365-1366.

The governing Patent Local Rule provides "non-exhaustive" examples of circumstances that may support a finding of good cause, including "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). Northern District of California courts have found good cause when a defendant commercially releases new products. *See, e.g., Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, *3 (N.D. Cal. 2009) (specifically granting leave to add products released after infringement contentions were served); *Board of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 2008 WL 624771, at *2 (N.D. Cal. 2008) (granting leave to amend infringement contentions where patentee put defendant on notice that it intended to amend one week after the newly accused product became available).

## IV. ARGUMENT

### A. Samsung Has Been Diligent In Discovering The New Infringing Products And Seeking The Amendment

There is good cause to allow Samsung to amend its infringement contentions to add the brand new iPod Touch 5, iPad 4, and iPad Mini devices to this lawsuit.

In determining whether a party exercised diligence in amending its contentions, a court will consider whether that party was diligent in discovering the new infringing information, and whether the party was then diligent in moving to amend its contentions. Absent undue prejudice, good cause may be found where the moving party makes a "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent best efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). For example, the court in *Board of Trs. of Leland Stanford* granted Stanford's motion for amendment where Stanford put Roche on notice *one week* after the infringing product came out – even though Stanford then waited five months to file its motion. 2008 WL 624771, at *3 ("Stanford did not have its head in the sand; upon discovering that TaqMan products were approved for sale in the United States, it immediately served amended contentions upon Roche.").

Samsung has been diligent in its discovery of the new infringing product, *and* diligent in seeking to amend. Samsung could not have known whether the rumored iPod Touch 5 and iPad

1 Mini (and unannounced iPad 4) would practice its patented technologies when it filed its
2 infringement contentions on June 15.  These products were not on the market at that time, nor was
3 any detailed technical information publically available, and the products could not have been
4 included in the contentions.  *See Google, Inc. v. Netlist, Inc.*, 2010 WL 1838683, *2 (N.D. Cal.
5 2010) (the "critical issue" is not *when* the moving party discovered the information, but whether
6 they *could have* discovered it earlier).  Nor could Samsung have included the iPod Touch 5 in its
7 earlier Motion for Leave to Supplement, as the product was not shipped until, at the earliest,
8 October 9, 2012, and Samsung obtained the iPod Touch 5 only on October 15.  Further, the iPad
9 4 and iPad Mini were not even announced until October 23, Wi-Fi versions did not ship until
10 November 2, and 4G LTE versions did not ship until November 16.  Nonetheless, as soon as the
11 iPod Touch 5, iPad 4, and iPad Mini were available for purchase, Samsung began its investigation
12 of the products.   Four days after the Wi-Fi-only versions of the iPad 4 and iPad Mini were
13 released, having determined that the iPod Touch 5, iPad 4, and iPad Mini practiced its patented
14 technologies, Samsung put Apple on notice that it intended to amend its infringement contentions
15 to include Apple's newly released products.  Three days after the 4G LTE-enabled iPad 4 and
16 iPad Mini were released, Samsung provided Apple with a copy of its proposed amendments.  This
17 motion was filed two days later.
18         **B.     Apple Will Not Be Prejudiced By The Addition Of The New Products**
19         Apple will suffer no prejudice by Samsung's second supplemental contentions.  As to the
20 new Apple products, Samsung informed Apple that it expected to seek leave to amend its
21 infringement contentions to add the iPod Touch 5, iPad 4, and iPad Mini soon after the products
22 were released for sale.  Briggs Decl. Exs. 8, 11.  Samsung has now confirmed that the iPod
23 Touch 5, iPad 4, and iPad Mini have the same accused functionalities as the previously accused
24 versions of the iPod Touch and iPad, and Samsung is not seeking to add any new patent claims, so
25 proof of infringement and any defenses asserted by Apple will remain substantially the same.
26 Briggs Decl. ¶ 12 & Exs. 8, 10.  Thus, the addition of the iPod Touch 5, iPad 4, and iPad Mini to
27 Samsung's contentions will not delay or materially affect Apple's analysis regarding infringement
28 or validity.

Samsung has already provided Apple with a copy of its proposed amended infringement contentions.  Briggs Decl. Ex. 8.  This case is still in the early phases of discovery, so Apple will have ample time to prepare its defenses regarding the iPod Touch 5, iPad 4, and iPad Mini. Indeed, discovery is not scheduled to close for another eight months, on July 8, 2013.  Apple will not be subject to any duplicative discovery from Samsung:  Apple has engaged in only limited document production and has Samsung not taken any fact depositions related to any of Apple's infringing products.  Expert discovery is not scheduled to close until August 30, 2013. Additional discovery relating to the iPod Touch 5, iPad 4, and iPad Mini can be completed without extending the fact or expert discovery periods.  Thus, any impact on Apple of the proposed amendments to the infringement contentions would be minor and manageable. *Vasudevan Software,* 2011 WL 940263 at *2 (granting leave to amend would have a minor effect on prior work where discovery had not been completed); *see also Golden Hour Data Systems*, 2008 WL 2622794 at *4 (granting defendant's motion for leave to amend invalidity contentions where defendant was not motivated by gamesmanship but by discovery of new information, where opposing party was on notice of the substance of the proposed amendments, where months remained in the fact discovery period, and where expert discovery had not yet begun).

Finally, Apple did not oppose Samsung's request to add the iPhone 5 to this case and admitted that it would not be prejudiced by Samsung's supplemental invalidity contentions.  *See* Dkt. No. 279, at 2.  The Court, in granting Samsung's motion to supplement, observed that Apple has "ample time to investigate Samsung's infringement theories and prepare their defenses accordingly."  Dkt. No. 302, at 5.  The same logic holds here with the iPod Touch 5, iPad 4, and iPad Mini.

**C.     Samsung Properly Identified The iPod Touch As An Accused Product**

Apple's objection that the iPod Touch was not identified as an Accused Device in Samsung's original infringement contentions for the '470 patent is objectively meritless. Samsung's contentions comprised a '470 patent claim chart, including screenshots, showing how an exemplary Accused Device—the iPhone 4S—meets each element of the asserted claims.  The '470 patent claim chart defines "Accused Devices" as "all Apple products" which, like the iPhone

-8-
SAMSUNG'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1  4S and iPod Touch, include " a built-in speaker and an external audio output port."   As Apple

2  knows, the accused functionality in the iPhone 4S is substantively the same as that in the iPod

3  Touch Generations 2-4, and screenshots of the iPod Touch would mirror those of the iPhone 4S.

4  Accordingly, Apple cannot credibly argue that Samsung's infringement contentions failed to put it

5  on notice that the iPod Touch is an Accused Device.

6        Samsung's contentions listed some exemplary product models that meet the definition of

7  '470 patent Accused Devices.   In particular, Samsung listed "<u>without limitation</u>, all models of

8  iPhone, iPad, Mac, MacBook and iMac" (emphasis added).   The iPod Touch was not included in

9  the exemplary list because—as Apple well knows—not all models of the iPod Touch (i.e., the first

10 generation) include "a built-in speaker and an external audio output port."   Therefore, Apple

11 cannot rely on the fact that the iPod Touch was not included in the exemplary list to argue that the

12 iPod Touch is not an Accused Device.   Unlike other models of Apple's iPod product line, the iPod

13 Touch clearly meets the definition of '470 patent Accused Devices in Samsung's contentions.

14       Nevertheless, to the extent the Court finds that Apple's objection has merit, Samsung

15 respectfully seeks leave to amend its '470 patent infringement contentions to expressly identify the

16 iPod Touch (versions 2-4) as Accused Devices that infringe each of the previously asserted

17 claims.   Leave should be granted because Apple will suffer no prejudice.   The Court's November

18 15 Order permitted Apple to assert claims of its '502 patent against *seventeen* devices it did not

19 originally accuse, without a showing of diligence, because there is "ample time left on the pretrial

20 clock" to abate any prejudice.   Dkt. No. 302, at 11.   The same reasoning applies even if the Court

21 considers Samsung's assertion of the '470 patent against the previous iPod Touch models (three

22 generations of one product) to be new.   As mentioned above, the infringement analysis for these

23 products is the same as the corresponding prior versions of the iPhone that are already in the

24 case.   Accordingly, this amendment would add no new asserted claims or theories of

25 infringement, and Apple will have the same ample time to prepare its defenses.

26       **D.    <u>Samsung's Typographical Errors Also Caused No Prejudice</u>**

27       Samsung's request to correct two typographical errors in its Patent Local Rule 3-1(g)

28 contentions related to its own products is akin to the minor corrections Apple put forward in its

-9-
SAMSUNG'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1 recent motion to amend infringement contentions.  *See* Dkt. No. 269, at 17 (correcting erroneous product name in infringement chart); Dkt. No. 302, at 8 (granting Apple leave to amend).  These changes are unrelated to Samsung's infringement theories and no prejudice will result to Apple from allowing the amendment.

### E. Judicial Efficiency Weighs In Favor Of Allowing The Amendments

Judicial resources will be preserved if the Court grants Samsung's motion to amend its infringement contentions.  If the amendment is not allowed, the only way Samsung could vindicate its rights in the patents-in-suit against the iPod Touch 5, iPad 4, and iPad Mini would be to file a separate action based on the same patents.  It will be more efficient for the parties and the Court to dispose of all issues related to the patents-in-suit in a single action.  *Board of Trs. of Leland Stanford*, 2008 WL 624771 at *4 ("[I]t is more efficient to dispose of all the issues amongst a set of parties in one action, without splitting the litigation into various pieces in front of different judges or creating the wasteful task of analyzing administrative motions to relate cases.").

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for leave to amend its infringement contentions.

DATED: November 21, 2012    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Todd M. Briggs*
Todd M. Briggs
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC