# EXHIBIT 4

WILMERHALE

October 22, 2012

Michael Silhasek

+1 650 858 6083(t)
+1 650 858 6100(f)
michael.silhasek@wilmerhale.com

**BY ELECTRONIC MAIL**

Michael Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Email: michaelfazio@quinnemanuel.com

Re:   Apple Inc. v. Samsung Electronics Co. Ltd., et al.,
       Case No. 12-cv-00630 (N.D. Cal.)

Dear Michael:

I write regarding Samsung's deficient responses to Apple's Second Set of Interrogatories. Although Samsung claims that it "has not yet completed its discovery and investigation of the facts relating to" these interrogatories, the information sought concerns the Samsung patents-in-suit and related information entirely within Samsung's control. Given that the interrogatories were served in July, we would have expected Samsung at least to have supplemented its deficient responses by this point.

Some of our specific concerns include the following:

**Interrogatory No. 11**

Interrogatory No. 11 requests information about any notice provided by Samsung or anyone else to Apple "of the existence and/or the alleged infringement of the Samsung Patents-in-Suit." In response, Samsung provides an approximate date of September 2010 and refers to the deposition of an Apple employee, including "the documents and exhibits discussed during that deposition." This is plainly insufficient.

Please supplement to provide all facts on which Samsung intends to rely of any alleged notice of infringement for each asserted patent. At the very least, Samsung should specify the date of any alleged notice, the manner in which the notice was given, whether the notice was provided in one or many communications, and the substance of any such notice (including which patent(s) and patent claim(s) were identified in each notice). These facts are entirely within Samsung's control. As for the deposition of Mr. Lutton cited in Samsung's response, this deposition primarily concerned *Apple's* patents in a prior case. Please identify which portions of Mr. Lutton's deposition transcript and/or associated documents and exhibits Samsung contends constitutes notice to Apple of the existence or alleged infringement of the Samsung patents-in-suit.

**Interrogatory Nos. 12 and 13**

Please confirm that page 8, line 2 and page 10, line 27 should read "the '757 patent" rather than "the '449 patent."

WILMERHALE

Michael Fazio, Esq.
October 22, 2012
Page 2

## Interrogatory No. 14

Interrogatory No. 14 requests information about Samsung products that Samsung claims practice its patents-in-suit.  Samsung's response is limited to "examples of products that embody the inventions disclosed" in the '239, '470, '087, and '596 patents.  These examples include the UN22D5000NFXZA and the LN22D450G1FXZA, which are not listed in Samsung's Patent Local Rule 3-1(g) disclosures.

We do not believe that "examples" provides a sufficient response to this interrogatory.  To the extent that Samsung intends to claim practicing products, they must be fully disclosed in Samsung's interrogatory responses and Patel Local Rule 3-1(g) disclosures.

## Interrogatory No. 15

Interrogatory No. 15 seeks information about the secondary considerations that Samsung contends are relevant to each Samsung patent-in-suit.  Samsung does not substantively respond to this interrogatory, but instead claims that it will supplement its response at a later date and that evidence regarding non-obviousness will be detailed in its expert report to be served in accordance with the Court's schedule.  This is insufficient, as Apple is entitled to any facts on which Samsung intends to rely to support claim for non-obviousness of its patents-in-suit long before expert reports are due.

## Interrogatory No. 16

Samsung identifies all generations of the iPod Touch as Accused Products for the '470 patent. Because Samsung did not identify these products its Patent L.R. 3-1(A)-(D) disclosures, Apple will oppose these untimely additions to Samsung's list of Accused Apple Products.

## Interrogatory No. 17

Interrogatory No. 17 requests "all communications with third parties relating to actual or potential licenses, sublicenses, settlement agreements, technology sharing agreements, or other agreements regarding the Samsung patents-in-suit."  Samsung's response merely cites to documents related to Samsung's acquisition of the '239, '449, and '757 patents from third parties.

This interrogatory seeks communications with third parties beyond Samsung's patent acquisitions.  As Samsung is aware, licensing discussions that do not culminate in an actual acquisition are relevant in this case.  For example, "[t]he frequency and substance of any license requests, even if ultimately declined or ignored… sheds light both on how those outside of [Samsung] value the … patents, as well as how [Samsung] itself values them.  This is more than conceptually pertinent to [Samsung's] willingness to license the patents."  D.I. 202 at 3.

WilmerHale

Michael Fazio, Esq.
October 22, 2012
Page 3

Accordingly, Samsung must supply the information requested by Interrogatory No. 17, including but not limited to information relating to the identity of all third parties with whom Samsung has licensed or offered to license the patents-in-suit, or received an offer to license the patents-in-suit, as well as information pertaining to such negotiations. Samsung may not rely on the early stage of discovery to justify not disclosing known information responsive to this interrogatory.

**Interrogatory No. 18**

Interrogatory No. 18 requests that Samsung identify all individuals involved in the prosecution of the Samsung patents-in-suit. Samsung's response merely cites to the file histories of each patent. Please specifically identify the individuals involved in the prosecution of these patents.

**Interrogatory No. 19**

Interrogatory No. 19 requests Samsung's factual and legal basis for its contention that it is entitled to injunctive relief for Apple's alleged infringement of the Samsung patents-in-suit. Samsung's response merely incorporates by reference its Disclosure of Asserted Claims and Infringement Contentions and claims its damages contentions will be detailed in its expert report to be served in accordance with the Court's schedule.

However, Samsung's Disclosure of Asserted Claims and Infringement Contentions provides no information regarding the factors relevant to injunctive relief, which is an appropriate subject for discovery and should be provided in response to this interrogatory.

*        *        *

We look forward to your complete and substantive responses to the Interrogatories identified above and ask that Samsung provide them no later than November 1, 2012. If Samsung is unwilling or unable to meet this deadline, please provide a time to meet and confer on these issues.

Regards,

Michael Silhasek

cc:    Counsel of Record