| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**NOTICE OF MOTION AND APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**(Declaration of Jason Lo and [Proposed] Order filed concurrently herewith)**<br><br>**HEARING:**<br>Date:        January 8, 2012<br>Time:       10:00 a.m.<br>Place:      Courtroom 5<br>Judge:    Honorable Paul S. Grewal |

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)

1    LLC, a Delaware limited liability company,

2            Counterclaim-Plaintiffs,
         v.

3    APPLE INC., a California corporation,

4            Counterclaim-Defendant.

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE THAT** on January 8, 2012, at 10:00 a.m., or as soon thereafter as

3  the matter may be heard, in Courtroom 5 of the above-entitled court, located at United States District

4  Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

5  Street, San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") will and hereby does move the Court

6  pursuant to Patent Local Rule 3-6 for the Northern District of California for an Order granting leave

7  to supplement Apple's Disclosure of Asserted Claims & Infringement Contentions ("Infringement

8  Contentions").

9      This Motion is based upon this Notice of Motion and Motion, the accompanying

10 Memorandum of Points and Authorities, the Declaration of Jason Lo, the exhibits attached thereto,

11 the [Proposed] Order filed concurrently herewith, the records and files in this action, and any other

12 matters of which this Court may take judicial notice.

14 Dated: November 23, 2012                               GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *H. Mark Lyon*
      H. Mark Lyon
      ***Attorney for Apple Inc.***

# TABLE OF CONTENTS

**Page**

I. Introduction ........................................................................................................................... 1

II. Statement of Relevant Facts .................................................................................................. 3

III. Argument ............................................................................................................................... 5

    A. Legal Standard .............................................................................................................. 5

    B. Apple Was Diligent In Seeking To Amend Its Infringement Contentions. .................. 5

        1. Apple was diligent in investigating the new products released by Samsung that infringe Apple patents. ................................................................. 6

        2. Apple diligently investigated the claims at issue in the minor clarifying changes it seeks to make to its Infringement Contentions ............................... 7

    C. Samsung Will Suffer No Prejudice Should This Motion Be Granted. ......................... 7

    D. Granting This Motion Would Promote Judicial Economy and Efficiency ................... 9

IV. Conclusion .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ................................................................................... 5, 8

*Network Appliance Inc. v. Sun Microsystems Inc.*,
  2009 WL 2761924 (N.D. Cal. Aug. 31, 2009) ................................................................... 5

*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 5

*Vasudevan Software, Inc. v. Int'l Business Machines Corp.*,
  2011 WL 940263 (N.D. Cal. Feb. 18, 2011) ...................................................................... 9

*Yodlee, Inc. v. CashEdge, Inc.*,
  2007 U.S. Dist. LEXIS 39564 (N.D. Cal. May 17, 2007) ................................................ 10

**Other Authorities**

Pat. L.R. 3-6 ............................................................................................................................. 4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction**

Pursuant to Patent Local Rule 3-6 and this Court's November 15, 2012 Order Granting Plaintiff's Motion to Amend its Disclosure of Asserted Claims & Infringement Contentions; and Granting Defendant's Motion to Amend its Infringement Contentions ("Order") (Dkt. 302), Apple Inc. ("Apple") moves for leave to amend its Disclosure of Asserted Claims & Infringement Contentions, as amended ("Infringement Contentions"), to (1) include recently-released products made, used, offered for sale, or sold by Defendant Samsung Electronics Co, Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and (2) make minor corrective edits to the cover document of the Infringement Contentions.

As for the first category, Apple seeks to add claim charts for six products released after Apple filed its October 5, 2012 motion to amend its Infringement Contentions, namely:

(1) the Samsung Galaxy S III running the new Android Jelly Bean operating system, which operating system Samsung first released in the United States on October 25, 2012, but which did not arrive on many devices – including those examined by Apple's counsel – until earlier this month (Declaration of Jason Lo ("Lo Decl."), ¶ 5, Exh. 2; and ¶ 6, Exh. 3);

(2) the Samsung Galaxy Note II, which Samsung first released on October 24, 2012 and has also been rolling out to additional carriers as recently as November 9, 2012 (Lo Decl., ¶ 7, Exh. 4);

(3) the Samsung Galaxy Tab 8.9 Wifi, which first began receiving an update to the Ice Cream Sandwich operating system the day prior to this motion, on November 22, 2012 (Lo Decl., ¶ 8, Exh. 5);

(4) the Samsung Galaxy Tab 2 10.1, which was released with the Ice Cream Sandwich operating system with various carriers beginning November 9, 2012, and most recently on November 21, 2012 (Lo Decl., ¶ 9, Exh. 6; and ¶ 10, Exh. 7);

(5) the Samsung Rugby Pro, which was first released on October 21, 2012 (Lo Decl., ¶ 26, Exh. 18); and

1           (6) the Samsung Galaxy S III Mini, which Samsung has yet to officially release in the United States, but which Apple discovered earlier this week is now offered for sale in the United States. (Lo Decl., ¶ 11, Exh. 8.)

    Good cause exists for Apple to amend its Infringement Contentions to add these products. As noted, Samsung only just began selling these products, as configured, in the United States. Apple acted diligently and obtained these devices to investigate whether these products (as configured) infringe the asserted patents. Apple already has served Samsung with proposed claim charts for the Galaxy S III running the new Android Jelly Bean operating system as well as the Galaxy Note II. (Lo Decl., ¶ 2.) Apple also acted diligently to investigate publicly-available information about the Galaxy S III Mini, and has determined that in all relevant respects, it operates in the same manner as the Galaxy S III running Android Jelly Bean. In short, Apple has acted quickly and diligently to determine that these newly-released products do infringe many of the same claims already asserted by Apple, and in the same way that the already-accused devices infringe. Accordingly, the inclusion of these products will not increase the number of claims asserted or introduce any new infringement theories. Moreover, given their recent release, Apple is in the process of conducting its investigation of the Galaxy Tab 8.9 Wifi, the Rugby Pro, as well as the Galaxy Tab 2 10.1 running on Ice Cream Sandwich. Apple seeks leave of the Court to serve any additional claim charts with respect to these recently-released products no later than November 30, 2012.

    With respect to the second category, Apple seeks to amend the cover document of the Infringement Contentions to correct a Bates number, fix a typo in the priority date for U.S. Patent No. 8,086,604, and correct a carrier designation for the Galaxy Note. All these changes are minor, and do not alter Apple's theories or claims.

    Further, granting this Motion would not prejudice Samsung or affect the pretrial and trial schedules. More than seven months remain in fact discovery (which closes July 8, 2013), and the trial is more than sixteen months away (beginning on March 31, 2014). Samsung will therefore suffer no prejudice should this motion be granted.

## II. Statement of Relevant Facts

On November 15, 2012, this Court ordered that amended infringement contentions shall be served no later than November 23, 2012. (Order at 12.) This Court also contemplated that amendments reflecting other newly-released products might be allowed, noting that this litigation is in an early stage. (*See id.*) Apple now seeks to amend its Infringement Contentions to include five additional, recently-released, products made, used, offered for sale, or sold by Samsung, and one product that will be released imminently by Samsung in the United States. (Lo Decl., ¶ 2; and ¶ 4, Exhs 1-A and 1-B.)

The devices and software updates at issue were recently released (and indeed, the Galaxy S III mini has yet to be officially released in the United States). Specifically, and as the Court is aware, the Samsung Galaxy S III was initially released on the Ice Cream Sandwich operating system. Apple timely provided infringement contentions for that device running on the Ice Cream Sandwich operating system. On October 17, 2012, Samsung issued a press release announcing that it would provide Galaxy S III users with an update to the Jelly Bean operating system. (Lo Decl., ¶ 12, Exh. 9.) Although that announcement was made in mid-October 2012, the Galaxy S III devices did not actually start to receive an "over the air update" to Jelly Bean until October 25, 2012, with many phones (including those examined by Apple's counsel) not receiving the update until November 14, 2012 or after. (Lo Decl., ¶ 5, Exh. 2; ¶ 6, Exh. 3; and ¶ 13.) Once it was able to examine devices operating on the new software, Apple immediately set about to determine whether the same Samsung devices on the new operating system infringe any of the asserted patents. (Lo Decl., ¶ 14.) As to the Galaxy Note II, which was first available for purchase in the U.S. on October 24, 2012, Apple diligently obtained exemplary devices for all the different carriers, the most recent one of which became available on November 9, 2012.

The Galaxy Tab 8.9 Wifi initially was released on the Honeycomb operating system. Apple timely provided infringement contentions for that device running on the Honeycomb operating system. On November 22, 2012, some Galaxy Tab 8.9 Wifi began to receive the Ice Cream Sandwich update. (Lo Decl., ¶ 8, Exh. 5.) The Galaxy Tab 2 10.1 first became available through AT&T with Ice Cream Sandwich on November 9, 2012, and most recently with Verizon on

November 21, 2012. (Lo Decl., ¶ 9, Exh. 6; and ¶ 10, Exh. 7.) The Rugby Pro first became available on October 21, 2012. (Lo Decl., ¶ 26, Exh. 18.) Apple is currently in the process of obtaining and investigating these devices. (Lo Decl., ¶ 15.) However, upon information and belief, these devices infringe the asserted patents in the same manner as the already-accused Samsung devices. (*Id.*) Finally, Samsung initially released the S III Mini in the United Kingdom on November 8, 2012. (Lo Decl., ¶ 16, Exh. 10.) Although Samsung has not announced the United States release date for that device, and although that device currently is not available through any official channels, Apple has now discovered that the device is being offered for sale in the United States. (Lo Decl., ¶ 11, Exh. 8.)

The claims that Apple seeks to assert against these devices already were asserted against other Samsung devices in Apple's initial Infringement Contentions. Thus, the infringement allegations are entirely consistent with the existing infringement allegations. Accordingly, this proposed amendment will add no new claims to the case. Further, Samsung already has asserted in its Patent Local Rules 3-3 and 3-4 Disclosures ("Invalidity Contentions") that all of Apple's claims for all alleged patents are invalid. (Fedman Decl. at ¶ 15 (Dkt. 269-1).) Because Apple is not changing or adding any new infringement theories, no new claim construction issues should be presented.

Along with the addition of Samsung's recently-introduced products, Apple also seeks leave to amend its Infringement Contentions to make minor, corrective changes to the cover document of the Infringement Contentions. Specifically, Apple seeks to correct a Bates number in Apple's Patent Local Rule 3-2 Document Production and Accompanying Disclosures. The Bates number currently reads APLNDC630-0000056171-56172, and should instead read APLNDC630-0000171927-0000171928. (Lo Decl., ¶ 3; and ¶ 4, Exh. 1-A.) Apple seeks to fix a typo in the priority date for U.S. Patent No. 8,086,604, which currently reads January 5, 2002, and should instead read January 5, 2000. (*Id.*) Apple finally seeks to correct the carrier designation for the Galaxy Note from T-Mobile to AT&T. (*Id.*)

None of these amendments will alter pretrial and trial schedules. Fact discovery in this case is set to continue until July 8, 2013. The Claim Construction Hearing is set for February 21, 2013. Trial is not until March 31, 2014, well over a year away. (Fedman Decl. at ¶ 18 (Dkt. 269-1).)

### III. Argument

#### A. Legal Standard

A party may amend its infringement contentions upon a showing of good cause and by order of the Court. Pat. L.R. 3-6. The "good cause" requirement disallows infringement contentions from becoming moving targets throughout the lawsuit. *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (internal citation omitted). This good cause inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party. *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006). The governing Patent Local Rule provides "non-exhaustive" examples of circumstances that may support a finding of good cause, including "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). Northern District of California courts have found good cause when the movant could not have included the newly-released products as of the date it served its infringement contentions. *See Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, *3 (N.D. Cal. Aug. 31, 2009) (granting leave to include products released after service of infringement contentions). Indeed, this Court recently granted both Samsung's motion to amend its infringement contentions to include the iPhone 5 and Apple's motion to amend its Infringement Contentions to include the Note 10.1 and the Galaxy Nexus running on the Android Jelly Bean operating system. (Order at 12.) This Court also noted that "amendments reflecting other newly-released products" might be allowed "[g]iven the early stage of litigation." (*See id.*)

#### B. Apple Was Diligent In Seeking To Amend Its Infringement Contentions.

As detailed herein, Apple has been diligent in pursuing these proposed amendments. All the additional products became available in the United States for the first time after Apple served its initial Infringement Contentions and after Apple's October 5, 2012 motion to amend its Infringement Contentions. Apple now duly seeks leave to amend its Infringement Contentions to account for these new products as well as make minor, typographical and corrective amendments that do not affect the substance of Apple's contentions.

### 1. Apple was diligent in investigating the new products released by Samsung that infringe Apple patents.

Samsung has recently introduced new products into the market that infringe Apple's patents. Good cause may be found where the moving party makes a "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent best efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(c). All the additional Samsung products were available in the United States for the first time after Apple served its initial Infringement Contentions and after Apple's October 5, 2012 motion to amend its Infringement Contentions. And as noted above, in some cases, the software updates did not become available until after the Court heard argument on Apple's prior motion to amend its Infringement Contentions. Apple has thoroughly investigated and discovered these products, all of which were recently released or announced, and for which the Jelly Bean or Ice Cream Sandwich update has been rolling out incrementally. As noted above, the most recent carrier to update the Galaxy S III to Jelly Bean released the update on November 14, 2012. Similarly, while the Galaxy Note II was released on October 24, 2012 with T-Mobile, AT&T did not release the Note II until November 9, 2012. Upon the availability of these devices, Apple obtained and investigated the devices for all eight of Apple's asserted patents. Apple now duly seeks leave to further amend its Infringement Contentions to account for these new products less than one month after each device's initial release and mere days after the first United States sales of one device. As to the Galaxy Tab 8.9 Wifi, the Rugby Pro, and the Galaxy Tab 2 10.1, due to the very recent release of these products, Apple seeks leave to serve the additional claim charts relating these devices by November 30, 2012 should Apple's investigation confirm that these devices infringe the asserted patents.

To be clear, Apple does not seek to accuse the Jelly Bean or the Ice Cream Sandwich platforms operating on any Samsung device. Rather, Apple has carefully obtained and investigated each Samsung device that has updated to Jelly Bean and Ice Cream Sandwich or that has been released by different carriers to determine whether these particular Samsung devices infringe Apple's patents. Further, Samsung cannot argue that these devices should not be included because these operating systems are allegedly "Google products." All these devices are made, used, offered for

sale, or sold by Samsung. Moreover, Samsung's own website confirms that it plays a direct role in providing these software updates to its devices: "Samsung is in close communication with both Google and our carrier partners to upgrade devices to Android 4.1 Jelly Bean as quickly and as smoothly as possible." (Lo Decl., ¶ 17, Exh. 11; and ¶ 18, Exh. 12.) Samsung also has integrated its own customizations with the operating systems in these devices. (Lo Decl., ¶ 19, Exh. 13.) Samsung integrates what is known as Samsung TouchWiz with Jelly Bean, which modifies the operating system and features of each device. (Lo Decl., ¶ 12, Exh. 9; ¶ 20, Exh. 14; and ¶ 21, Exh. 15.) Samsung therefore exerts control over the features and functionality of all their devices, as well as whether and when to update the software on those devices. Apple has diligently investigated all the Samsung devices at issue in this motion, which include Samsung's customizations to these operating systems. There has been no undue delay in seeking to add these products to Apple's Infringement Contentions.[1]

### 2. Apple diligently investigated the claims at issue in the minor clarifying changes it seeks to make to its Infringement Contentions

Apple seeks to amend its Infringement Contentions to provide minor, corrective changes to its contentions. Apple was diligent in conducting its investigation for its Infringement Contentions and in laying out the required Patent Local Rule 3-1 and 3-2 disclosures. However, despite Apple's diligent investigation, there were minor errors in the cover document that Apple now seeks leave to correct. Specifically, Apple seeks to amend the cover document to correct one Bates number contained in Apple's Patent Local Rule 3-2 disclosures, to fix a typo in the priority date for U.S. Patent No. 8,086,604, and to correct the carrier designation for the Galaxy Note. Again, Apple had diligently investigated the amendments at issue here, and only seeks to make minor corrections.

### C.   Samsung Will Suffer No Prejudice Should This Motion Be Granted.

---

[1] Indeed, in a parallel motion, Samsung now seeks to accuse Apple's 5th Generation iPod touch product, which was not released by Apple until October 9, 2012. (Lo Decl., ¶ 22, Exh. 16; and ¶ 23, Exh. 17.) The release date for Apple's 5th Generation iPod touch was earlier than any of the release dates for the Samsung products that are at issue in Apple's current motion. As a result, should Samsung be found to have been diligent in amending its contentions as to Apple's 5th Generation iPod touch devices, it follows that Apple should also be found to have diligently pursued the present amendments.

APPLE'S MOTION FOR LEAVE TO AMEND
ITS DISCLOSURE OF ASSERTED CLAIMS &
INFRINGEMENT CONTENTIONS
12-cv-00630-LHK (PSG)                        7

Samsung will suffer no prejudice because (1) no new patent claims have been added, there will be no new claim construction issues, and therefore no change to the claim construction process is required as the infringement theories have not changed; (2) Samsung controls the design, operation, and software update schedule of all these products; and (3) should Samsung need further discovery to develop its defenses, it has ample time to do so.

The "good cause" requirement is meant to avoid infringement contentions from becoming moving targets throughout a lawsuit. *See CBS Interactive, Inc.*, 257 F.R.D. at 201. These concerns are not present with Apple's proposed amendments to its Infringement Contentions. Apple's infringement contentions with respect to these newly-accused devices are entirely consistent with its infringement contentions of earlier devices. Not only should the content of these contentions be of no surprise to Samsung, but they will not require Samsung to alter its claim construction or other theories.

Further, none of these changes will add claims. Apple served all proposed infringement charts relating to the Galaxy S III running on Jelly Bean, the Galaxy Note II, and the Galaxy S III Mini on Samsung prior to the filing of this motion. These charts identify all of the claims and patents asserted against these Samsung products, and also identify the manner in which the Samsung products infringe. For example, in the claim chart for infringement by the Galaxy S III running on Jelly Bean of U.S. Patent No. 5,666,502, the only substantive changes were switching screenshots to illustrate the method of infringement on the Galaxy S III running the Jelly Bean operating system as opposed to screenshots of the Galaxy S II running the Ice Cream Sandwich operating system. (Lo Decl., ¶ 24.) No theories or claims were altered. Similarly, for the Galaxy Note II infringement chart, a previously-served claim chart was edited to update the specifications for the Galaxy Note II (such as processor speed and screen resolution) and to switch the screenshots so that the screenshots would illustrate the method of infringement on the Galaxy Note II, rather than on a different device. (Lo Decl., ¶ 25.) Again, no claims or theories were changed. As Samsung can confirm, these claim charts do not include any new claims or infringement theories and are, in fact, essentially the same as previously served claim charts. However, given the Thanksgiving holiday, Samsung has not yet indicated whether it will oppose this motion. (Lo Decl., ¶ 27, Exh. 19.)

As to the Galaxy Tab 8.9 Wifi, the Rugby Pro, and the Galaxy Tab 2 10.1, Apple believes that these devices will infringe the asserted patent in the same manner as previously accused Samsung devices. Should Apple's investigation confirm this belief, Apple shall serve infringement charts reflecting these devices on Samsung by November 30, 2012. The minor changes to the cover document of the Infringement Contentions only correct minor typos. Because Apple does not seek to include additional claims or theories, Apple will continue to adhere to its theory of the case as disclosed in Apple's original Infringement Contentions and in Apple's amended Infringement Contentions. There is no concern, therefore, that Apple's Infringement Contentions will become "moving targets." Because Apple does not seek to introduce new claims or infringement theories, there will be no new claim construction issues, and the claim construction process will not be affected. Similarly, there will be no new invalidity or unenforceability issues.

Further demonstrating the lack of prejudice to Samsung, Samsung's Invalidity Contentions already allege that *all* the claims at issue in this Motion are invalid. Again, because Apple does not seek to introduce new claims or infringement theories, and this suit is at an early stage as this Court's recent order made clear (Order at 12), Samsung will not be prejudiced.

Finally, there is ample time remaining to conduct additional discovery on these additional devices. Fact discovery continues until July 8, 2013. The Claim Construction Hearing is set for February 21, 2013. Trial is not until March 31, 2014, over a year away. Therefore, granting this motion will not alter the pretrial or trial schedule in this case and Samsung will not be prejudiced. *See Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2011 WL 940263, *3 (N.D. Cal. Feb. 18, 2011) (granting leave to amend where discovery had not been completed, but the claim construction hearing had taken place); *see also Yodlee, Inc. v. CashEdge, Inc.*, 2007 U.S. Dist. LEXIS 39564, at *5-6 (N.D. Cal. May 17, 2007) (granting motion for leave to amend invalidity contentions where the amendments were not motivated by gamesmanship and there was ample time left in the discovery period).

### D. Granting This Motion Would Promote Judicial Economy and Efficiency

Good cause further exists to grant Apple's Motion because consolidating Apple's infringement contentions against all of Samsung's products in one action would promote judicial

economy and the parties' efficiencies. Here, the only products that Apple seeks to add are an expansion of Samsung's existing product line with follow-on products. If Apple were not allowed to supplement now, Apple would be required to bring an entirely separate suit against the new products, involving exactly the same patents, patent claims, and legal theories. The parties would then have to resolve the same issues in another action.

**IV.  Conclusion**

Apple thus respectfully requests that its Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions be granted.

Dated: November 23, 2012                             GIBSON, DUNN & CRUTCHER LLP

                                                     By:    /s/ *H. Mark Lyon*
                                                            H. Mark Lyon
                                                            ***Attorney for Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: November 23, 2012                  /s/ *H. Mark Lyon*
                                          H. Mark Lyon