[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br>Date:     December 12, 2012<br>Time:     2:00 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | |

Pursuant to this Court's Civil Local Rule 16-10(d), the parties jointly submit this Joint Case Management Statement to update their prior Case Management Statement (D.I. 265), submitted by the parties on September 19, 2012, and offer their proposals for the remainder of the case, including with respect to ADR.

### 1. Progress or Changes Since the Last Statement

Since submitting their previous Case Management Statement on September 19, 2012, the parties have each filed two motions for leave to amend their infringement contentions. Each party filed its first motion for leave to amend infringement contentions in October 2012, (D.I. 267, 269). Briefing was completed on these motions, which were adjudicated by the Court in its November 15, 2012 Order. (D.I. 302). Subsequently, and pursuant to the Court's Order, the parties each served additional infringement contentions, regarding which they filed their second motions for leave to amend their infringement contentions on November 21, 2012, and November 23, 2012. (D.I. 304, 306). Briefing of these motions is ongoing, and a hearing is set for January 8, 2013. *Id.* The parties have also served additional privilege logs and disclosures regarding their search terms pursuant to the proposed Stipulation Regarding Discovery, Protective Order, Privilege Logs, and Expert Discovery filed on May 9, 2012 (D.I. 171), which is currently pending Court approval.

The parties have also begun the claim construction process. The parties filed their Joint Claim Construction Statement and Pre-Hearing Statement on November 9, 2012. Pursuant to the Court's Order on November 12, 2012, denying the parties' joint stipulation regarding the claim construction briefing schedule, the parties will file their Opening Claim Construction Briefs on December 21, 2012. In particular, the parties agreed that, pursuant to the Patent Local Rules and the Case Management Order, opening briefs will be limited to the five (5) terms from each side's own patents, opposition briefs will address the five (5) terms from the other side's patents, and reply briefs will again address the five (5) terms from each side's own patents.

In the Federal Circuit, the Court issued an order in Docket No. 2012-1507. On October 11, 2012, the Federal Circuit, comprising a panel of Judges Prost, Moore, and Reyna, reversed and remanded this Court's order adjudicating Apple's Motion for a Preliminary Injunction. (D.I. 222). On November 26, 2012, Apple filed its Petition for Rehearing *En Banc* of the panel decision.

1  (Docket No. 12-1507, D.I. 104).  Disposition of the petition for rehearing *en banc* is pending.

2  **2.     The Parties' Views on the Remainder of the Case**

3  The parties do not have any additional proposals for the case development process at this
4  time, aside from the views expressed in the initial Case Management Conference and other briefs and
5  declarations previously filed.

6  Apple does seek clarification of certain rules regarding depositions in this case.  First, Apple
7  seeks clarification of the application of the 7-hour limit on depositions for those depositions that are
8  taken through an interpreter.  The Court set a 7-hour limit for depositions in its May 2, 2012 Case
9  Management and Minute Order, and also ordered that "depositions requiring an interpreter will count
10 as half time." (D.I. 160 at 1).  It is Apple's position that these two provisions, taken together, mean
11 that depositions taken through an interpreter are subject to a 14-hour limit (conducted over two days,
12 if necessary), given the Court's recognition that one hour of examination through an interpreter is
13 equivalent to a half hour of examination without an interpreter.  Otherwise, if the 7-hour limit applies
14 equally to depositions conducted through an interpreter, Samsung would have 7 hours of deposition
15 time with each of Apple's witnesses, while Apple would effectively have only 3.5 hours with each of
16 Samsung's witnesses who will be deposed through an interpreter.

17 Apple is not asking the Court for a ruling at this time regarding the resumption of Young-
18 Bum Kim's deposition.  Apple is hopeful that the parties can resolve any issue regarding the
19 resumption of that deposition in the meet-and-confer process.  However, the deposition well
20 illustrates Apple's point.  After requiring Apple to travel to Suwon, Korea to take Mr. Kim's
21 deposition, Samsung cut off the deposition exactly at seven hours.  Due to translation and the lengthy
22 speaking objections by Samsung's counsel, the actual, on-the-record testimony was certainly under
23 three-and-one-half hours.

24 Samsung's position on Apple's request for clarification is as follows:  Though the parties
25 differ in their interpretations of the Court's Scheduling Order, Samsung is willing to accept Apple's
26 proposed interpretation of the Order, to the extent that it permits future depositions requiring an
27 interpreter to last more than seven hours.  Samsung's agreement is contingent upon Apple notifying
28 Samsung *in advance of* scheduling the deposition that Apple anticipates needing more than one day

for the deposition, so that Samsung can determine witness availability for multiple days and plan accordingly. Further, for the reasons detailed below, Samsung requests that Apple not be permitted to resume Young-Bum Kim's deposition.

        As a preliminary matter, the parties' lead trial counsel have not met and conferred in person – as they are required to do – on Apple's discovery issue. Indeed, Apple has previously raised its issue of deposition time limits in its most recent lead trial counsel meet and confer agenda, but the parties were unable to reach that issue. As detailed below, Apple's request to be permitted to depose Samsung witnesses who require an interpreter for up to 14 hours may affect whether certain depositions – which have already been conducted pursuant to the parties' agreement – may now be resumed. Apple's request for clarification is, therefore, tantamount to a request to resume depositions of Samsung witnesses already taken in this case. This is a discovery issue requiring a lead trial counsel meet and confer. Accordingly, Samsung respectfully submits that Apple should not be permitted to circumvent the lead trial counsel meet and confer requirement.

        Samsung assumes Apple is raising this issue now because of a pending dispute between the parties concerning a recent interpreted deposition of a Samsung witness. Specifically, the parties previously agreed that Samsung inventors Young-Bum Kim and Ju-Ho Lee would each be deposed on one day – November 28, 2012 for Young-Bum Kim and November 30, 2012 for Ju-Ho Lee – with both depositions occurring in Suwon, South Korea. Apple commenced Young-Bum Kim's deposition at 9:00 a.m. and concluded at approximately 7:00 p.m. on November 28th. Apple deposed Mr. Kim for more than seven hours of "on the record" time – not the "under three-and-one-half hours" asserted by Apple. Samsung's objections during Mr. Kim's deposition were minimal and proper. Importantly, Apple's counsel did not object to concluding Mr. Kim's deposition at 7:00 p.m. Apple's counsel did not state Apple's intention to attempt to resume Mr. Kim's deposition at a later date; nor did counsel cite the purported "14-hour rule" that Apple now relies upon. Furthermore, at the end of the deposition, Apple's counsel did not make any proffer of additional topics or inquiries that Apple would have covered with Mr. Kim if it had more time.

        Nonetheless, in a letter sent by Apple the day after Young-Bum Kim's deposition, Apple argued, for the first time, that Apple should have been permitted to depose Mr. Kim for a full 14

3

hours, and argued that Mr. Kim should have to travel to the United States for his resumed deposition. Apple's demand to resume Mr. Kim's deposition for a second day in the United States is in contravention of the parties' agreement. Had Apple notified Samsung in advance of its potential need for two days of testimony, Samsung could have planned accordingly. Instead, if Apple is provided with additional time to continue Mr. Kim's deposition, Samsung will be severely prejudiced. Samsung will need to again disrupt Mr. Kim's schedule with another day of deposition, and again require counsel to fly to South Korea to prepare for and defend the deposition. Such prejudice could easily have been avoided had Apple provided proper notice. Accordingly, Samsung respectfully requests that the Court prohibit Apple from resuming Mr. Kim's deposition for a second day, given that Apple did not notify Samsung in advance of scheduling Mr. Kim's deposition that it sought more than one day of testimony.

Second, Apple requests that the Court adopt a rule prohibiting speaking objections at deposition. Deposition objections would be limited to those as to privilege or form, and counsel would not be permitted to coach a deponent during his or her testimony.

Samsung's position on Apple's proposed rule is as follows: Samsung agrees in general that lengthy speaking objections are not appropriate during depositions, but does not believe that the Court needs to adopt a special "rule." The Federal Rules already appropriately govern objections during oral depositions (*see* Fed. Rule Civ. Proc. 30(c)(2): "*Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

### 3. **Settlement and ADR**

The parties do not have any new progress regarding mediation or settlement since submitting their previous Case Management Statement on September 19, 2012. (D.I. 265).

| | | |
|---|---|---|
| 1 | Dated:  December 5, 2012 | JOSH A. KREVITT (CA SBN 208552) |
| 2 | | jkrevitt@gibsondunn.com |
| | | H. MARK LYON (CA SBN 162061) |
| 3 | | mlyon@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 4 | | 1881 Page Mill Road |
| | | Palo Alto, CA  94304-1211 |
| 5 | | Telephone: (650) 849-5300 |
| | | Facsimile: (650) 849-5333 |
| 6 | | |
| 7 | | HAROLD J. MCELHINNY (CA SBN 66781) |
| | | hmcelhinny@mofo.com |
| 8 | | MICHAEL A. JACOBS (CA SBN 111664) |
| | | mjacobs@mofo.com |
| 9 | | RICHARD S.J. HUNG (CA SBN 197425) |
| | | rhung@mofo.com |
| 10 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 11 | | San Francisco, California 94105-2482 |
| 12 | | Telephone: (415) 268-7000 |
| | | Facsimile: (415) 268-7522 |
| 13 | | |
| 14 | | WILLIAM F. LEE (*pro hac vice*) |
| | | William.lee@wilmerhale.com |
| 15 | | WILMER CUTLER PICKERING |
| | | HALE AND DORR LLP |
| 16 | | 60 State Street |
| | | Boston, Massachusetts 02109 |
| 17 | | Telephone: (617) 526-6000 |
| | | Facsimile: (617) 526-5000 |
| 18 | | |
| 19 | | MARK D. SELWYN (CA SBN 244180) |
| | | mark.selwyn@wilmerhale.com |
| 20 | | WILMER CUTLER PICKERING |
| | | HALE AND DORR LLP |
| 21 | | 950 Page Mill Road |
| | | Palo Alto, CA 94304 |
| 22 | | Telephone: (650) 858-6000 |
| 23 | | Facsimile: (650) 858-6100 |
| 24 | | |
| 25 | | |
| | | By:  */s/ H. Mark Lyon* |
| 26 | | |
| 27 | | H. Mark Lyon |
| | | Attorney for Plaintiff and Counterclaim-Defendant |
| 28 | | APPLE INC. |

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:12-CV-00630-LHK

```
                              Charles K. Verhoeven (Bar No. 170151)
                              charlesverhoeven@quinnemanuel.com
                              Kevin A. Smith (Bar No. 250814)
                              kevinsmith@quinnemanuel.com
                              50 California Street, 22nd Floor
                              San Francisco, California 94111
                              Telephone: (415) 875-6600
                              Facsimile: (415) 875-6700

                              Kevin P.B. Johnson (Bar No. 177129 (CA);
                              2542082 (NY))
                              kevinjohnson@quinnemanuel.com
                              Victoria F. Maroulis (Bar No. 202603)
                              victoriamaroulis@quinnemanuel.com
                              555 Twin Dolphin Drive, 5th Floor
                              Redwood Shores, California 94065
                              Telephone: (650) 801-5000
                              Facsimile: (650) 801-5100

                              William C. Price (Bar No. 108542)
                              williamprice@quinnemanuel.com
                              Michael Fazio (Bar No. 228601)
                              michaelfazio@quinnemanuel.com
                              QUINN EMANUEL URQUHART & SULLIVAN LLP
                              865 South Figueroa Street, 10th Floor
                              Los Angeles, California 90017-2543
                              Telephone: (213) 443-3000
                              Facsimile: (213) 443-3100

                              John Caracappa (pro hac vice)
                              jcaracappa@steptoe.com
                              STEPTOE & JOHNSON, LLP
                              1330 Connecticut Avenue, NW
                              Washington, D.C. 20036
                              Telephone: (202) 429-6267
                              Facsimile: (202) 429-3902


                              By:   /s/ Michael Fazio (with permission)


                              Michael Fazio
                              Attorney for Defendants and Counterclaim-Plaintiffs
                              SAMSUNG ELECTRONICS CO., LTD., SAMSUNG
                              ELECTRONICS AMERICA, INC., AND SAMSUNG
                              TELECOMMUNICATIONSAMERICA, LLC
```

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45.X.B, I hereby attest that Michael Fazio has concurred in this filing.

Dated: December 5, 2012                                        /s/ _H. Mark Lyon_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.4, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: December 5, 2012                             /s/ __H. Mark Lyon_____