JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY** |
| SAMSUNG ELECTRONICS CO., LTD.; a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

1

After conferring on these matters, the parties hereby propose to the Court the following agreed protocol regarding electronic discovery, the protective order, privilege logs, and expert discovery.

**A.     Document Preservation, Collection, and Production.**

1.     **Preservation.**  The parties shall send litigation hold notices to each individual that has a reasonable likelihood of possessing or having control of documents relevant to this action.  The parties will take additional reasonable steps to preserve documents that have a reasonable likelihood of being relevant to this action, including preservation of emails, and will provide written instructions for how to properly preserve documents to all individuals who receive litigation hold notices.

2.     **Collection.**

(i) **Custodians.**  Each party will provide a list of custodians who are likely to possess relevant information, including a brief description of each person's title (if any) and responsibilities, by no later than May 31, 2012.  The producing party will supplement its list if it learns of additional individuals likely to possess relevant, non-duplicative information.  In collecting documents in response to a particular request, the parties must conduct a reasonable search of those custodians reasonably likely to have possession or control of relevant information.  If a party conducts a search of a particular custodian and does not produce any documents as a result of the search, the party is still required to have disclosed the parameters (*e.g.*, search terms, date restrictions) of the search that it conducted in accordance with Paragraphs A.2.ii. and/or A.2.iii.

(ii) **Search Terms.**  Whenever the parties have employed an electronic search to locate relevant electronically stored information, the parties shall disclose the method of searching and the words, terms, and phrases to be searched.  If, after review of the produced electronic documents commences, a party believes that additional search terms are necessary, the parties shall meet and confer in good faith to determine what, if any, additional searches should be run.

(iii) **Procedure Where Search Terms Would Be Ineffectual.**  For any document that is not keyword searchable, the parties will conduct a reasonable "eyes-on" review and disclose the custodian and source location of the document, except if the non-searchable document is an attachment to a document that is keyword searchable (in which case, the keyword searchable

2

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

document and the attachment will be produced only if the keyword searchable document contains a relevant search term).  Prototypes and other tangibles need not be reviewed or produced; however, the parties may make specific requests for review of prototypes or other tangibles for good cause and this carve-out from review and production of prototypes and other tangibles does not prejudice to the parties' ability to seek relief from the court.  If prototypes or other tangibles are to be produced, they will be produced at counsel's office for reasonable periods of time and during business hours.  Any photographs taken of such prototypes or other tangibles must remain in the possession of counsel.

(iv) **Types of Files to Be Searched**.  The parties are not required to search executable files.  The parties will search saved files from word processing (*e.g.*, Word, Pages), spreadsheet (*e.g.*, Excel, Numbers), presentation (*e.g.*, PowerPoint, Keynote), e-mail (*e.g.*, Outlook, Mail), Adobe Director, and Illustrator programs.  For good cause, the parties may request that additional file types be reviewed.

3. **Production.**

(i) **Production Media**.  The parties will produce documents via secure FTP server or on CDs, DVDs, or external hard drives.  Any single document production by a party that would require in excess of 10 DVDs shall be produced either via secure FTP server on an external hard drive.  The producing party shall encrypt the production data using TrueCrypt encryption, and the producing party shall forward the password to decrypt the production data separately from the login credentials for the secure FTP site or for the CD, DVD, or external drive on which the production data is saved.  Each such production media shall have a unique production volume identifier, and such production volume identifier shall consist of a prefix designating the producing party (*e.g.*, APL), followed by a 4 digit volume number indicating the media's overall production order (*e.g.*, APL Vol. 0001, SMSG Vol. 0002, etc.).

(ii) **Production Format: Searchable PDF or Single-Page TIFF**.  Electronically stored documents will be produced as searchable PDF files or single-page TIFF files that preserve the integrity of the underlying electronically stored information, *i.e.*, the original formatting, the metadata, and, where applicable, the revision history.  Documents produced as searchable PDF files or single-page TIFF files shall correspond to an authentic and complete document (including any

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

3

concealable information such as formulas or comments) generated by conversion directly from the original native electronic document and shall be accompanied by data load files for loading to Concordance, Summation, or other databases, and the metadata defined in Paragraph A.3.iv.  When it is impracticable for an electronic document to be produced as a PDF or TIFF file, including because any information contained in the document would be omitted, distorted, reorganized, or otherwise made more difficult to read or understand than the document's native format, a party may produce the document in its native format.

(iii) **Custodians**.  The parties shall identify each individual from whose files documents are produced.  To the extent documents are produced from a non-individual, or central, source, that source must be identified.

(iv) **Metadata**.  The parties must produce metadata in accordance with subsections (a) and (b) of this Paragraph.  However, the parties are not obligated to produce metadata for any document that does not contain such metadata in the native version of the document at the time the document is collected.  The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.  All dates shall be produced in MM/DD/YYYY format.

(a) **For email**: BegBates (corresponding to the beginning Bates number of each email), EndBates (corresponding to the ending Bates number of the email), BegAttach (corresponding to the beginning Bates number of the first page of the first attachment to the email, if any), EndAttach (corresponding to the ending Bates number of the last page of the last attachment to the email, if any), Custodian, DateSent (corresponding to the date and time the email was sent), Language, To, From, CC, BCC, Email Subject, and Attachments (containing the filename(s) of each attachment to an email, if any).  Any and all documents attached to such email document shall be produced sequentially following (in Bates numbering) the searchable PDF files constituting the email to which each document is attached.

(b) **For all other electronically stored documents**: BegBates (corresponding to the beginning Bates number of each document), EndBates (corresponding to the ending Bates number of the document), Custodian, Filename, Language, and Date Last Modified (to the extent available).

4

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

(v) **Production of Documents in Native Format**. After initial production of electronic documents in a flat file format has occurred, a party may request that specific documents or file types be produced in native format by specifically identifying to the producing party the Bates number of the document sought and the basis for the request for production in native format. The parties should then meet and confer in good faith to determine whether production in an alternative format is necessary. A party shall not make unduly burdensome and unreasonable requests for production of documents in native format, and a party shall not unreasonably refuse a request for the production of documents in native format.

(vi) **Unique IDs**. A unique production number (Bates number) shall appear on each page of the PDF. The file name of each PDF shall reflect the unique production number of the first page of the document and end in a *.pdf file type extension (e.g., APL00001.pdf). The confidentiality designation (if any) corresponding to the confidentiality designations defined in Paragraphs 8-10 of the Protective Order (*e.g.*, CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) shall appear on each page.

(vii) **Paper Documents**. Documents maintained in a party's ordinary course of business in a paper (hard copy) format shall be produced as PDF files, with accompanying data load files for providing loading to Concordance, Summation, or other databases that includes fields indicating BegBates (corresponding to the beginning Bates number for each document) and EndBates (corresponding to the ending Bates number of each document) and Custodian.

(viii) **Redacted Documents**. For documents which are properly subject to redaction, a party may produce a redacted version of any such document in the form of PDF files, with accompanying data load files for providing loading to Concordance, Summations or other databases that includes the following fields: BegBates (corresponding to the beginning Bates number of each email), EndBates (corresponding to the ending Bates number of the email), BegAttach (corresponding to the beginning Bates number of the first page of the first attachment to the email, if any), EndAttach (corresponding to the ending Bates number of the last page of the last attachment to the email, if any), and Custodian. The producing parties shall not be obligated to provide metadata for such redacted documents. A privilege log for the redacted information shall be provided in accordance with Paragraph C.

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

5

(ix) **Color**.  Documents containing color need not be originally produced in color.  If an original document contains color useful to understand the meaning or context of the document, however, the producing party shall honor reasonable requests for either the production of an original document for inspection and copying, or production of a color image of the document.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing, or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read.  The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

(x) **Databases**.  To the extent response to discovery requires production of electronic information contained in a database, the producing party may produce reports from the database in lieu of producing the database as a whole, so long as it clearly communicates, in a cover page to the report or in correspondence identifying reports by Bates number, that these reports were created from an unproduced database and provides a description of the contents of that database and the criteria for generation of the report.  If the receiving party requests additional reports, the parties should then meet and confer in good faith to determine which reports need to be produced.

(xi) **Foreign language documents**.  All documents shall be produced in their original language.  All extracted text must be produced in a Unicode compliant format in the load file.  Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation was prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

(xii) **Documents from Other Litigation or Third Parties**.  Notwithstanding anything to the

6

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

contrary herein, any party that produces documents that were previously produced in any other action or matter may produce such documents in the format in which they were produced previously. Similarly, any party that produces documents produced to it by a third party, such as in response to a subpoena, may produce such documents in the format in which they were produced by the third party.

(xiii) **De-duplication**. To the extent identical copies of documents (*i.e.*, documents with identical hash values) appear in the files of a custodian designated and agreed-upon under Paragraph A.2.i., the producing party shall make reasonable efforts to produce only one such identical copy for that custodian.

(xiv) **Source Code**. This Stipulation does not govern the format for production of source code, which shall be produced pursuant to Paragraphs 10 and 11 of the Protective Order.

**B.     Protective Order**. The parties agree that this case shall be governed by the "Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials" attached hereto as Exhibit 1. The parties' Stipulation and Order Regarding Discovery (D.N. 84), which addressed cross-production and use of information in this case, is also incorporated herein.

**C.     Privilege Logs**. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree to provide a privilege log noting for each responsive document withheld or redacted:

- Document Type / Category (*e.g.*, e-mail, agreement, document, letter, etc.)
- Date
- Author
- Recipient(s) (including all recipients to the email or email chain, including carbon copies and blind carbon copies)
- Description (*e.g.*, "Email providing legal advice regarding software development.")
- Privilege Asserted (*e.g.*, Attorney-Client Privilege, Work Product Protected, Subject to Third Party Confidentiality Agreement)
- Bates Numbers or Other Unique Identifier

Nothing in this stipulation shall alter any party's rights to assert attorney-client privilege or attorney work product protection.

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

7

The parties are not required to log Privileged Materials dated after April 15, 2011 (the "cut-off date"). Information concerning documents or things otherwise protected by the attorney- client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log. This does not include materials prepared by or on behalf of the law firms representing the parties in their capacity as prosecution counsel. The parties reserve the right to request logs of Privileged Materials created after April 15, 2011 where good cause exists.

The parties will produce initial privilege logs not later than May 31, 2012. The parties will produce an up-to-date privilege log periodically as additional documents are produced and not less than once every two months. The parties must have completed their review and produced all applicable privilege logs by no later than two weeks after the close of fact discovery.

**D.     Expert Discovery.** The parties agree that an expert's drafts, notes, and communications with counsel or third parties are not discoverable unless they were relied on by the expert in connection with any opinion provided as part of the litigation, as set forth in Section 20 of the attached Protective Order.

**E.     Court Order.** Nothing in this stipulation shall limit a party's right to seek a court order compelling production or other discovery responses or otherwise seeking to impose additional obligations on a party with regard to discovery matters.

Gibson, Dunn & Crutcher LLP

8

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

| | |
|---|---|
| Dated: May 9, 2012 | GIBSON, DUNN & CRUTCHER LLP |
| | By:  */s/ H. Mark Lyon*<br>H. Mark Lyon |
| | Attorney for Plaintiff<br>APPLE INC. |
| Dated: May 9, 2012 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | By:  */s/ Patrick M. Shields*<br>Patrick M. Shields, signed with permission |
| | Attorney for Defendants<br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Northern District of California's General Order No. 45, Section X.B, I, H. Mark Lyon, attests that concurrence in the filing of this document has been obtained from Patrick Shields.

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document entitled STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY was filed electronically in compliance with Civil Local Rule 5.4, and will be served on all counsel of record who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF System.

Dated: May 9, 2012                                      By:  */s/ H. Mark Lyon*

                                                                      H. Mark Lyon

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

10

**IT IS SO ORDERED.**

**Date:** December 17, 2012

_____
Paul S. Grewal
United States Magistrate Judge

Gibson, Dunn & Crutcher LLP

STIPULATION REGARDING ELECTRONIC DISCOVERY, PROTECTIVE ORDER, PRIVILEGE LOGS, AND EXPERT DISCOVERY
12-cv-00630-LHK (PSG)

11