1
JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
5
Facsimile: (650) 849-5333

6
HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
7
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
8
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
9
Morrison & Foerster LLP
425 Market Street
10
San Francisco, California  94105-2482
Telephone: (415) 268-7000
11
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and Counterclaim-
Defendant APPLE INC.

12

13
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
14
**SAN JOSE DIVISION**

15

16
APPLE INC., a California corporation,

17
            Plaintiff,

18

19
      v.

20

21
SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
22
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
23
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,
24

25
            Defendants.

26

27

28

Civil Action No. 12-CV-00630-LHK

**JURY TRIAL DEMANDED**

**APPLE INC.'S RESPONSE TO
SAMSUNG'S MOTION FOR LEAVE TO
AMEND AND SUPPLEMENT ITS
INFRINGEMENT CONTENTIONS**

Date: January 8, 2013
Time: 10:00 a.m.
Place: Courtroom 5
Judge: Honorable Paul S. Grewal

- 1 -

Case No. 12-cv-00630-LHK
APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1
2
3
4

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

5

          Counterclaim-Plaintiffs,

6

     v.

7

APPLE INC., a California corporation,

8

          Counterclaim-Defendant.

9

10      On November 21, 2012, Samsung Electronics Co., Ltd., Samsung Electronics America,

11   Inc., and Samsung Telecommunications America, LLC ("Samsung") moved for leave to amend

12   their infringement contentions for the second time to add the iPad 4th Generation, iPad mini, and

13   iPod 5th Generation as accused products and to "correct and clarify" their infringement

14   contentions to "address issues recently raised by Apple."  (Docket No. 304 ("Motion for

15   Leave").)  Samsung argues that good cause exists because these products had not yet been

16   released when the parties exchanged their original contentions or when Samsung served its first

17   supplemental contentions.  (*Id*. at 6-7.)  Further, Samsung contends that Apple Inc. ("Apple")

18   would not be prejudiced by the addition of these products because they "have the same accused

19   functionalities as the previously accused versions of the iPod Touch and iPad . . . so proof of

20   infringement and any defenses asserted by Apple will remain substantially the same."  (*Id.* at 7.)

21      The Court previously stated that Apple should "think twice before opposing similar

22   amendments reflecting other newly-released products – e.g., the iPad 4 and iPad mini – that

23   Samsung may propose in the near future" (Docket No. 302 at 12), and Apple does not oppose

24   Samsung's Motion for Leave on the assumption that Samsung will likewise not oppose Apple's

25   pending motion to amend its infringement contentions to reflect newly-released Samsung

26   products.  (*See* Docket No. 306.)  However, Apple believes that it is important to recognize that,

27   notwithstanding Samsung's claim to the contrary, Samsung's sets of infringement contentions do

28

Case No. 12-cv-00630-LHK
APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1    contain new substantive theories not in the original contentions served June 15, 2012.  In

2    addition, even after three attempts, Samsung still has failed to correct significant omissions and

3    deficiencies in its infringement contentions.

4    **I.      SAMSUNG'S PROPOSED AMENDMENTS CONTAIN SUBSTANTIVE**

5    **CHANGES**

6            Although Samsung suggests that its proposed amendments merely add new products, and

7    therefore Apple will not be prejudiced, the fact is these amendments do contain substantive

8    changes for certain patents that were not in the original contentions.  For example:

9            **'239 patent**:  For U.S. Patent No. 5,579,239 ("'239 patent"), Samsung has expanded its

10   original '239 patent infringement contentions to identify the FaceTime application ("app") as a

11   "means for capturing, digitizing, and compressing" and a "means for exchanging data with the

12   host unit."  (*See* Declaration of Mark Selwyn in Support of Apple Inc.'s Response to Samsung's

13   Motion for Leave to Amend and Supplement Its Infringement Contentions ("Selwyn Decl.")

14   Ex. 1 at 2-4, 6 and Ex. 2 at 8, 16.)  Samsung has also expanded its infringement contentions for

15   "means for storing" in the "mobile remote unit" to identify RAM in addition to the NAND

16   memory.  (*See* Selwyn Decl. Ex. 1 at 4 and Ex. 2 at 7.)  FaceTime and RAM were available in

17   the Apple devices accused in Samsung's original contentions, and therefore could have been

18   accused in June 2012.  But Samsung chose not to, and has yet to identify any good cause for not

19   doing so.

20           **'058 patent**:  For U.S. Patent No. 7,232,058 ("'058 patent"), Samsung has expanded its

21   infringement contentions by accusing the Notes and Mail applications when the iPad 4 and iPad

22   mini are viewed in portrait mode.  (*See* Motion for Leave, Briggs Decl. Ex. 10, Ex. E at 5, 6, 13-

23   15, and 22-23.)  However, the iPads accused in Samsung's previous infringement contentions

24   displayed their windows the exact same way in portrait mode as is the case with the iPad 4 and

25   iPad mini—and yet Samsung did not accuse the portrait mode in these earlier iPads of infringing

26   the '058 patent.  (*See* Selwyn Decl. Ex. 3 and Ex. 4.)  Thus, under the guise of newly released

27

28

Case No. 12-cv-00630-LHK
APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1    products, Samsung is attempting to belatedly introduce new infringement theories that it could

2    have included in its two earlier infringement contentions.

3         This "shifting sands" approach will lead to confusion at trial if Samsung maintains

4    different theories for different versions of the same products.[1]

5    **II.    SAMSUNG'S PROPOSED AMENDMENTS FAIL TO CORRECT
         DEFICIENCIES AND OMISSIONS IN ITS PREVIOUS INFRINGEMENT
6        CONTENTIONS**

7         Samsung's third set of infringement contentions still do not cure the deficiencies that

8    Apple noted in prior correspondence and, most recently, in interrogatory responses addressing

9    non-infringement.  For example:

10        **'239 patent**:  Claims 4 and 17 of the '239 patent are directed to "means for splitting and

11   organizing the digitized, compressed audio and/or video signal prior to transmission" and

12   "means for splitting the captured video into pieces for transmission through said interfaces,"

13   respectively.  Yet Samsung's *entire* contentions for these two "means for" limitations consist of

14   the following bare assertions that merely repeat the claim language:

15
16        *On information and belief*, each of the Mobile Remote Units has
          software that splits and organizes the digitized, compressed audio
17        and/or video signal prior to transmission to the host unit.  (Motion
          for Leave, Briggs Decl. Ex. 10, Ex. H at 20 (emphasis added).)

18        *On information and belief*, the Accused Devices have software that
19        splits the captured video into pieces for transmission through the
          multiple interfaces described above with respect to claim 16.  (*Id*.
20        at 41 (emphasis added).)

21        Samsung fails to provide meaningful disclosure of the theory, evidence, or even

22   *identification* of which component or function of any accused device that supposedly meets these

23   limitations.

24
_____

25       [1] Samsung contends that Apple will not be prejudiced by the proposed amendments because the "iPod
     Touch 5, iPad 4, and iPad Mini have the same functionality as the versions of the iPod Touch and iPad that are
26   already part of the case." (Motion for Leave at 1.)  Yet Samsung has never provided infringement contention charts
     for any previous iPad or iPod touch product, relying only on a bare assertion that these products work the same as
27   the charted iPhones. (*See, e.g.,* Motion for Leave, Briggs Decl. Ex. 3 at n. 1; Selwyn Decl. Ex. 1 and Ex. 5.)
     Samsung bears the burden of separately proving infringement for each accused product.

28
                              Case No. 12-cv-00630-LHK
                    APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
                    TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**'179 patent**:  As with its two previous sets of infringement contentions, Samsung's proposed infringement contentions do not explain the specific structures that satisfy the "controller" and "converter" limitations.  (*See* Selwyn Decl. Ex. 7 and 8.)  Nor do Samsung's contentions provide anything more than conclusory allegations regarding the "coordinate value," "digital value," "said digital value," or "vector" limitations.  (*See id.*)  Furthermore, Samsung does not consistently chart each accused embodiment for each accused claim limitation, as it is required to do by Local Patent Rule 3-1(c).  (*See* Local Patent Rule 3-1(c) (requiring Infringement Contentions to state "specifically where each limitation of each asserted claim is found within each accused instrumentality.")  For example, for some limitations of the '179 patent, Samsung's infringement contentions focus on the iPod numeric keyboard (*see* Motion for Leave, Briggs Decl. Ex. 10, Ex. F at 14-15, 19-21, 26-28, 35, 38, and 40), but for other limitations, Samsung's infringement contentions focus on the iPad non-numeric keyboard (*see id.* at 16-17, 22-25, and 29).  Samsung's infringement contentions also alternate between accusing the quick flick feature (*see id.* at 19-26 and 28-29) and the two-step pop-up flick feature (*see id* at 15-17, 35, and 40).  Samsung's contentions do not consistently chart either embodiment for every limitation.

**'470 patent**:  In its original infringement contentions for U.S. Patent No. 7,672,470 ("'470 patent"), Samsung accused "all Apple products including a built-in speaker and an external audio output port, including, without limitation, all models of iPhone, iPad, Mac, MacBook and iMac."  (Motion for Leave, Briggs Decl. Ex. 2 at n. 1.)  Although Samsung's infringement contentions identify several Mac computers as purportedly satisfying the preamble of the claim 7, the chart compares the remaining '470 patent limitations only to an iPhone 4S, and the Mac computers are never again mentioned.  Nor does Samsung mention Mac computers in any of its three sets of infringement contentions.  The Mac computers differ substantially from the accused iPhone, iPad, and iPod Touch devices—even running different operating systems— yet Samsung has failed to offer *any* theory or evidence of how Mac computers allegedly infringe the '470 patent.  (*See* Selwyn Decl. Ex. 9 and 10.)

1    **'449 patent**:  Asserted claim 25 of U.S. Patent No. 6,226,449 ("'449 patent") requires "a

2    recording circuit which records compressed data."  Samsung's proposed amended contentions

3    (and the previous two versions of the contentions) state only "[o]n information and belief, the

4    Accused Devices have a recording circuit that records both compressed moving image data and

5    compressed still image data to a NAND flash module for storage."  (Motion For Leave, Briggs

6    Decl. Ex. 10, Ex. G at 5.)  No component is identified as satisfying this limitation.

7    **'757 patent**:  Samsung's original infringement contentions stated that "Apple's iCloud

8    service, including its iTunes Match service that works with iCloud, is also a central storage and

9    interface device."  (Selwyn Decl. Ex. 6 at 2.)  Samsung's proposed amended infringement

10   contentions now allege that "Apple's iCloud service, including its iTunes Match service that

11   works with iCloud, includes at least a central storage and interface device."  (Motion for Leave,

12   Briggs Decl. Ex. 10, Ex. D at 2.)  Not only has Samsung broadened its contentions through the

13   amendment process, it has obfuscated the issue as to what part of Apple's iCloud service satisfies

14   the "central storage and interface device" element.  The '757 patent also claims "at least one

15   zone" in the second element of claim 1.  Samsung's amended infringement contentions, along

16   with its original infringement contentions, fail to identify any Apple product, or anything else for

17   that matter, that satisfies this element.

18   These deficiencies have been present since Samsung submitted its original contentions on

19   June 15, 2012, and have yet to be corrected.

20   **III.    CONCLUSION**

21   Apple does not oppose Samsung's Motion for Leave, but it does want to identify to the

22   Court that Samsung is continuing to offer new substantive theories not in its original contentions

23   and Samsung's third set of infringement contentions fails to cure prior deficiencies and

24   omissions.

25

26

27

28

Case No. 12-cv-00630-LHK
APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

1   Dated:  December 19, 2012                                           */s/  Mark D. Selwyn*

                                                 Mark D. Selwyn (SBN 244180)

2                                          (*mark.selwyn@wilmerhale.com*)

3                                        WILMER CUTLER PICKERING
                                            HALE AND DORR LLP

4                                        950 Page Mill Road
                                        Palo Alto, California  94304

5                                        Telephone: (650) 858-6000
                                        Facsimile: (650) 858-6100

6

7                                        *Attorneys for Plaintiff and*
                                        *Counterclaim-Defendant Apple Inc.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 19, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

_/s/  Mark D. Selwyn_____
Mark D. Selwyn

Case No. 12-cv-00630-LHK
APPLE INC'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE
TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS