# EXHIBIT B

| | | |
|---|---|---|
| 1 | JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (pro hac vice) |
| | jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| 2 | H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| | mlyon@gibsondunn.com | HALE AND DORR LLP |
| 3 | GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| | 1881 Page Mill Road | Boston, Massachusetts 02109 |
| 4 | Palo Alto, CA  94304-1211 | Telephone: (617) 526-6000 |
| | Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| 5 | Facsimile: (650) 849-5333 | |

| | | |
|---|---|---|
| 6 | MICHAEL A. JACOBS (CA SBN 111664) | MARK D. SELWYN (CA SBN 244180) |
| | mjacobs@mofo.com | mark.selwyn@wilmerhale.com |
| 7 | RICHARD S.J. HUNG (CA SBN 197425) | WILMER CUTLER PICKERING |
| | rhung@mofo.com | HALE AND DORR LLP |
| 8 | HAROLD J. MCELHINNY (CA SBN | 950 Page Mill Road |
| | 66781) | Palo Alto, CA 94304 |
| 9 | hmcelhinny@mofo.com | Telephone: (650) 858-6000 |
| | MORRISON & FOERSTER LLP | Facsimile: (650) 858-6100 |
| 10 | 425 Market Street | |
| | San Francisco, California  94105-2482 | |
| 11 | Telephone: (415) 268-7000 | |
| | Facsimile: (415) 268-7522 | |
| 12 | ***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*** | |

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN JOSE DIVISION

16

| | | |
|---|---|---|
| 17 | APPLE INC., a California corporation, | |
| 18 | Plaintiff, | |
| 19 | v. | CASE NO. 12-cv-00630-LHK (PSG) |
| 20 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | **APPLE INC.'S THIRD AMENDED DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS** |
| 21 | ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG | |
| 22 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Judge:  Hon. Lucy H. Koh |
| 23 | Defendants. | |
| 24 | | |
| 25 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | |
| 26 | ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG | |
| 27 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 28 | Counterclaim-Plaintiffs, | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

Pursuant to Patent Local Rules 3-1 and 3-2, Plaintiff Apple Inc. ("Apple") hereby submits this Third Amended Disclosure of Asserted Claims and Infringement Contentions for U.S. Patent Nos. 8,074,172, 5,666,502, 7,761,414, 8,014,760, 8,086,604, 8,046,721, 6,847,959, and 5,946,647 (the "Apple Patents").

Discovery is far from complete, and Apple is still seeking information from Samsung and third parties that may affect Apple's infringement contentions. Not all information about the accused instrumentalities is publicly available. Further still, Apple understands that Samsung intends to release products in the near future that may infringe the asserted claims.

As such, Apple's investigation into the extent of infringement by Samsung is ongoing, and Apple makes these disclosures based on its current knowledge. In light of the foregoing, Apple reserves the right to supplement or amend these disclosures as further facts are revealed during the course of this litigation.

## I.   DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

### A.   Patent Local Rule 3-1(a)-(c) – Identification of Infringed Claims and Accused Instrumentalities

On June 15, 2012, Apple timely served its Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions") on Samsung. On October 5, 2012, Apple served its Amended Disclosure of Asserted Claims & Infringement Contentions ("First Amended Infringement Contentions") on Samsung. On November 15, 2012, this Court granted Apple's Motion for Leave to Amend its Infringement Contentions. *See* Dkt. No. 302. Pursuant the Court's Order, additional infringement charts were served on November 21, 2012. On November 23, 2012, Apple served its Second Amended Disclosure of Asserted Claims & Infringement Contentions (Second Amended Infringement Contentions"). Through this Third Amended Disclosure of Asserted Claims & Infringement Contentions ("Third Amended Infringement Contentions"), Apple hereby supplements its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions to address the recently introduced Galaxy Rugby Pro (AT&T), Galaxy Tab 8.9 running Android Ice Cream Sandwich (AT&T and WiFi, to the extent the carrier has updated to

Android Ice Cream Sandwich), and Galaxy Tab 2 10.1 (Verizon, T-Mobile, Sprint, AT&T, and WiFi).

The third amended infringement contentions are set forth in the following exhibits:

| | |
|---|---|
| Exhibit D-1 | Infringement by the Samsung Galaxy Rugby Pro of U.S. Patent No. 5,666,502 |
| Exhibit D-2 | Infringement by the Galaxy Tab 8.9 running on Android Ice Cream Sandwich of U.S. Patent No. 5,666,502 |
| Exhibit D-3 | Infringement by the Galaxy Tab 2 10.1 of U.S. Patent No. 5,666,502 |
| Exhibit D-4 | Infringement by the Samsung Galaxy Rugby Pro of U.S. Patent No. 7,761,414 |
| Exhibit D-5 | Infringement by the Samsung Galaxy Tab 8.9 running on Android Ice Cream Sandwich of U.S. Patent No. 7,761,414 |
| Exhibit D-6 | Infringement by the Samsung Galaxy Tab 2 10.1 of U.S. Patent No. 7,761,414 |
| Exhibit D-7 | Infringement by the Samsung Rugby Pro of U.S. Patent No. 5,946,647 |
| Exhibit D-8 | Infringement by the Samsung Galaxy Tab 8.9 running on Android Ice Cream Sandwich of U.S. Patent No. 5,946,647 |
| Exhibit D-9 | Infringement by the Samsung Galaxy Tab 2 10.1 of U.S. Patent No. 5,946,647 |
| Exhibit D-10 | Infringement by the Samsung Rugby Pro of U.S. Patent No. 8,014,760 |

The amended infringement contentions set forth in Exhibits D-1 through D-10 hereto and in any supplemental exhibits are exemplary and not exhaustive.  As described in the Infringement Contentions, the First Amended Infringement Contentions, Second Amended Infringement Contentions, and these Third Amended Infringement Contentions, Samsung infringes the Apple patents under 35 U.S.C. § 271(a)-(c) and (g).

### B.  Patent Local Rule 3-1(d) – Indirect Infringement

Samsung induces the infringement of others under 35 U.S.C. § 271(b) to the extent it contracts, instructs, or otherwise induces others to make, use, offer to sell, sell, or import the Accused Instrumentalities within or into the United States.  Samsung also contributes to the infringement of others under 35 U.S.C. § 271(c) to the extent it offers to sell, sells, or imports part or all of the Accused Instrumentalities within or into the United States.

To the extent Samsung's direct infringement is based on joint acts of multiple parties, the role of each such party is described according to Apple's current understanding in Apple's Infringement Contentions, First Amended Infringement Contentions, Second Amended Infringement Contentions, and the present Third Amended Infringement Contentions, including Exhibits D-1 through D-10 and any supplemental exhibits, pursuant to Patent L.R. 3-1(d).  Defendants infringe each method claim of the charted claims because it has performed each and every step of the charted claims, including but not limited to through testing and use by its employees.  Defendants also infringe those claims by selling Accused Instrumentalities their customers and encouraging those customers to use the products in a manner that meets each and every step of the charted claims.

Apple's investigation is ongoing, and Apple accordingly reserves the right to amend or supplement these assertions based upon continued discovery and investigation.  Apple further incorporates by reference its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions under Patent L.R. 3-1(d).

### C.  Patent Local Rule 3-1(e) – Nature of Infringement

Based on Apple's current understanding, each element or limitation of each asserted claim of each asserted patent is literally present in the Accused Instrumentalities, except where explicitly indicated.  To the extent that any element or limitation of the asserted claims is not found to have literal correspondence in the Accused Instrumentalities, Apple alleges, on information and belief, that any such elements or limitations are present under the doctrine of equivalents in the Accused Instrumentalities.  Apple further incorporates by reference its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions under Patent L.R. 3-1(e).

### D.  Patent Local Rule 3-1(f) – Priority Dates

Apple has already provided the information required by Local Rule 3-1 in its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions, and incorporates those disclosures hereto.  Apple is not amending or supplementing the Priority Date information asserted in those disclosures at this time.

### E.  Patent Local Rule 3-1(g) – Patentee's Asserted Practice of the Claimed Inventions

Apple has already provided the information required by Local Rule 3-1 in its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions, and incorporates those disclosures hereto.  Apple is not amending or supplementing the Asserted Practice of the Claimed Inventions information asserted in those disclosures at this time.

### F.  Patent Local Rule 3-1(h) – Willful Infringement

Apple has already provided the information required by Local Rule 3-1 in its Infringement Contentions, First Amended Infringement Contentions, and Second Amended Infringement Contentions, and incorporates those disclosures hereto.  Apple is not amending or supplementing the Willful Infringement information asserted in those disclosures at this time.

## II.    DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURES

Apple has already produced documents pursuant to Local Rule 3-2 concurrently with its Infringement Contentions.  Apple is not amending or supplementing the Document Production Accompanying Disclosures information at this time.

GIBSON, DUNN & CRUTCHER LLP

Dated:  November 30, 2012                    By:   */s/ H. Mark Lyon*
                                                    H. Mark Lyon

                                             ***Attorneys for Plaintiff Apple Inc.***

`

## CERTIFICATE OF SERVICE

I, Angela L. Wilkins, hereby certify that on this 30th day of November, 2012, I did cause the following documents to be served via FTP site:

**Apple Inc.'s Third Amended Disclosure and Asserted
Claims and Infringement Contentions**

On the interested parties in this action addressed as follows:

### ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

 X    **BY FTP site** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents.

I declare that I am employed  in the office of a member of the bar of this Court at whose direction  the service was made.

Executed on November 30, 2012 in Dallas, TX.

Dated:  November 30, 2012

—

*Angela L. Wilkins*
Angela L. Wilkins
Gibson, Dunn & Crutcher
2100 McKinney Ave., Suite 1100
Dallas, TX  75201
(214) 698-3145