| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| Charles K. Verhoeven (Bar No. 170151) | John Caracappa (*pro hac vice*) |
| charlesverhoeven@quinnemanuel.com | jcaracappa@steptoe.com |
| Kevin A. Smith (Bar No. 250814) | 1330 Connecticut Avenue, NW |
| kevinsmith@quinnemanuel.com | Washington, D.C. 20036 |
| 50 California Street, 22nd Floor | Telephone: (202) 429-6267 |
| San Francisco, California 94111 | Facsimile: (202) 429-3902 |
| Telephone: (415) 875-6600 | |
| Facsimile: (415) 875-6700 | |

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date:    January 8, 2012<br>Time:   10:00 a.m.<br>Place:   Courtroom 5<br>Judge:  Honorable Paul S. Grewal |

1     Apple does not oppose Samsung's motion for leave to amend its infringement contentions to include the iPod Touch 5, iPad 4, and iPad Mini on the merits.  Instead, Apple's states that it "does not oppose Samsung's Motion for Leave on the assumption that Samsung will likewise not oppose Apple's pending motion to amend its infringement contentions to reflect newly-released Samsung products."  Dkt. No. 330 at 2.

Apple's conditional response suggests that the parties' proposed amendments are comparable, but they are not.  Samsung served its contentions for the iPod Touch 5, iPad 4, and iPad Mini by the November 23 deadline imposed by the Court.  Apple also served its contentions with respect to the Galaxy S III running the Jelly Bean version of Android and the Galaxy Note II by November 23, and Samsung does not oppose Apple's request to add these products to its contentions to the extent that Samsung is also granted leave to amend its infringement contentions to add the iPod Touch 5, iPad 4, and iPad Mini.  *See* Dkt. No. 334.  However, Apple served ten of its new claim charts on November 30 – after the Court's deadline.  These charts relate to the (1) the Galaxy Tab 8.9 Wifi running the Ice Cream Sandwich version of Android, (2) the Galaxy Tab 2 10.1 running the Ice Cream Sandwich version of Android, and (3) the Rugby Pro.

Samsung has sought to reach a global resolution with Apple with respect to the parties' infringement contentions, but one issue remains.  There is an impasse with respect to two additional claim charts relating to the infringement of Samsung's Patent Nos. 5,579,239 and 7,577,757 by newly released versions of certain Mac computer products. Samsung informed Apple it was preparing these charts on December 3 and served these claim charts on Apple on December 17.  Samsung has contacted Apple several times since then, but Apple claims it needs more time to review those charts.[1]  If Apple is agreeable to the addition of these two charts, Samsung will not oppose the addition of the ten new claim charts Apple served on November 30, and the parties should be able to resolve the parties' respective motions to amend their infringement contentions pending before the Court through a stipulation.

---

[1] Samsung will continue to work with Apple in an attempt to resolve both parties' motions, and will update the Court by January 3, 2013 about the status of those attempts.

Apple also alleges that Samsung's proposed amendments contain "new substantive theories" and fail to cure "deficiencies and omissions" that have existed since Samsung served its original contentions. Yet Apple correctly concedes that none of these issues merit that the Court deny Samsung's motion. Moreover, these unfounded allegations either are based on misrepresentations or were raised but abandoned by Apple nearly six months ago.

## ARGUMENT

### I. Apple Does Not Dispute That Samsung Has Established Good Cause To Add The iPod Touch 5, iPad 4, and iPad Mini.

Apple's Response does not challenge Samsung's showing of good cause in moving to supplement its infringement contentions to add the iPod Touch 5, iPad 4, and iPad Mini, including that: (1) the these products were not available until after Samsung served its original contentions and filed its October 1, 2012 Motion for Leave to Supplement its Infringement Contentions regarding the iPhone 5; (2) once the products were released, Samsung acted with diligence to investigate the product and to move to supplement its contentions; and (3) Apple would not be prejudiced by the additions. Apple's silence on each of these key points is a concession that Samsung has established good cause to add the iPod Touch 5, iPad 4, and iPad Mini to its infringement contentions.

### II. Apple Does Not Oppose Samsung's Motion.

Apple's Response states that "Apple does not oppose Samsung's Motion For Leave on the assumption that Samsung will likewise not oppose Apple's pending motion to amend its infringement contentions to reflect newly-released Samsung products." Dkt. 330 at 2. Apple's statement suggests that the parties seek comparable amendments to their infringement contentions. As detailed by Samsung's Partial Opposition to Apple Inc.'s November 23, 2102 Motion for Leave to Amend Its Disclosure of Asserted Claims & Infringement Contentions, that is incorporated by reference herein, they do not.

The Court recently instructed that "[g]iven the early stage of this litigation and the reasoning of this order, the court notes that Apple should think twice before opposing similar amendments reflecting other newly-released products — e.g. the iPad 4 and iPad mini — that

1  Samsung may propose in the near future" and ordered that "[a]ny amended contentions shall be
2  served no later than November 23, 2012."  Dkt. 302 at 12.  Samsung partially opposed Apple's
3  motion on the grounds that some of Apple's new claim charts were served on November 30, 2012,
4  seven days after the Court's November 23, 2012 deadline.  Dkt. 334 at 7.[2]  Consequently,
5  Apple's request for leave to amend with respect to the late served claim charts – directed to the
6  Galaxy Tab 8.9 Wifi 9 (running on Ice Cream Sandwich), Galaxy Tab 2 10.1 (running on Ice
7  Cream Sandwich), Rugby Pro – should be denied.

**III.     Samsung's Proposed Amendments Do Not Contain Substantive Changes.**

Although Apple does not oppose Samsung's Motion to Leave, it nevertheless argues that that the proposed amendments contain substantive changes for two of the patents-in-suit.  First, Apple argues that Samsung "expanded" is infringement contentions for U.S. Patent No. 5,579,239 (the "'239 patent") by including allegations relating to Apple's FaceTime application and NAND. Not so.  These allegations were included in Samsung's first amended infringement contentions regarding the iPhone 5 that this Court allowed on November 15, 2012.  Notably, Apple did not oppose their inclusion at that time.  Apple also fails to acknowledge that iOS 6, the operating system that was released in September 2012 and runs on the iPhone 5 and all of the Apple products at issue in this motion, allowed FaceTime to work over a cellular network for the first time.  The transmission of video over a cellular frequency is an element of many of the asserted claims of the '239 patent.  Therefore, Apple is wrong to suggest that Samsung could have alleged infringement of these claims by FaceTime prior to the release of iOS 6 in September.

Second, Apple argues that Samsung has also "expanded" its infringement theories by including in its claim chart for U.S. Patent No. 7,232,058 a screenshot of the portrait view of Apple's Notes application on an iPad mini. This additional photo does not constitute a substantive change in Samsung's contentions that Apple's various iPads infringe the '058 patent.  Each of the asserted claims is infringed by an iPad running Notes, as well as other pre-installed applications,

---

[2]  Samsung also opposes Apple's effort to add the Galaxy S III Mini because that product has not been released in the United States.   Dkt. 334 at 6-7.

1  in both portrait and landscape views.  Samsung has never limited its infringement contentions for
2  the '058 patent to the landscape view of any accused device.  Indeed, all of the photos of the
3  exemplary iPhone 4S and iPhone that were included in Samsung's previous claim charts for the
4  '058 patent showed those devices (which run the same operating system as the iPad) in portrait
5  view.
6       The changes that Apple has identified are much ado about nothing.  Apple cannot and
7  does not set forth an argument that the proposed amendments cause it any prejudice, nor does it
8  oppose their addition on any other grounds.

9  **II.    Apple's Purported Concerns About The Sufficiency of Samsung's Infringement**
10         **Contentions Is Not A Basis For Opposing Samsung's Motion.**

11       Apple also identifies a number of supposed "deficiencies" in Samsung's
12  infringement contentions that it claims have existed since Samsung served its original contentions
13  on June 15, 2012.  Apple raised most of these issues in a July 11, 2012 letter that Samsung
14  responded to just over a week later.  Apple subsequently abandoned the meet and confer process,
15  and did not resurrect these issues at any time during the extensive negotiations that the parties
16  have engaged in over the past few months regarding the parties' respective motions to amend.
17  Apple's decision to inject them into a response to a motion it does not oppose, and for no apparent
18  reason, is not constructive.  To the extent that Apple wants to discuss these so-called
19  "deficiencies" with Samsung, it should follow the process that the Court has established for the
20  parties to deal with discovery issues.
21       For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's
22  motion for leave to amend its infringement contentions to add the iPod Touch 5, iPad 4, and iPad
23  Mini.
24
25
26
27
28

-4-
SAMSUNG'S REPLY ISO MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS

| | |
|---|---|
| DATED: December 26, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By */s/ Victoria F. Maroulis* |
| |    Charles K. Verhoeven |
| |    Kevin P.B. Johnson |
| |    Victoria F. Maroulis |
| |    William C. Price |
| |    Michael L. Fazio |
| | STEPTOE & JOHNSON, LLP |
| | John Caracappa (*pro hac vice*) |
| | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |