JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG

CASE NO. 12-cv-00630-LHK (PSG)

**APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS**

**<u>HEARING</u>:**

Date: January 8, 2012
Time: 10:00 a.m.
Place: Courtroom 5
Judge: Honorable Paul S. Grewal

TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Samsung, through its Partial Opposition, opposes Apple's November 23, 2012 Motion for Leave to Amend its Infringement Contentions in only two aspects. First, with respect to the Galaxy S III Mini, Samsung opposes Apple's request to accuse this newly-available product of infringement because Samsung is not "making, using, selling, offering to sell or importing the Galaxy S III Mini in the United States." (Opp'n at 5-6.) Second, Samsung opposes the inclusion of the Galaxy Tab 8.9, the Galaxy Tab 2 10.1, and the Galaxy Rugby Pro, because "Apple did not serve its claim charts for these products until November 30, after the November 23 date identified by the Court" in its November 15, 2012 Order (Dkt. 302). (Opp'n at 1.) Beyond these two issues, Samsung does not oppose the inclusion of any other infringement contention charts Apple served on November 23, 2012, nor does Samsung oppose the corrective edits to the cover document for the Infringement Contentions Apple provided on November 23, 2012.

As detailed below, it appears that there will be *no dispute* between the parties with respect to Samsung's Partial Opposition. To begin with, Apple will agree to withdraw without prejudice its request to include the Galaxy S III Mini in this case given Samsung's representation that it is not making, using, selling, offering to sell or importing that product into the United States.

With respect to the infringement claim charts served on November 30, 2012, Apple understood the Court's statement in Dkt. 305 that "[a]ny amended contentions shall be served no later than November 23, 2012" to apply only to those contentions encompassed by the motions that gave rise to the Court's November 15, 2012 Order. Samsung, on the other hand, read the same Order to mean that no party may serve *any* additional contentions after November 23, 2012. To the extent this Court agrees that Samsung has correctly construed the Court's November 15, 2012 Order, and that neither party is permitted to serve any additional contentions after November 23, 2012, Apple will, of course, withdraw its contentions served on November 30, 2012.

## II. Argument

### A. Apple Agrees To Withdraw Its Contentions With Respect To The Galaxy S III Mini

In its Partial Opposition, Samsung implies that the Galaxy S III Mini cannot be purchased in the United States, that counsel for Apple did not purchase Galaxy S III Minis in the United States, and that counsel for Apple has not examined physical exemplars of these devices. None of these suggestions are accurate.

Counsel for Apple in fact purchased multiple units of this device from Amazon.com's United States retail website and received those devices at various locations within the United States. Indeed, a review of Amazon.com's website on December 26, 2012[1] reveals not only that the same product continues to be available for sale in the United States, but that seven other purported purchasers of the devices have provided online reviews of the product they purchased from Amazon.[2] Moreover, based on their review of actual Galaxy S III Mini devices, counsel for Apple believe they have a good faith basis to allege that those devices infringe the asserted patents in exactly the same manner as the Galaxy S III devices.

Notwithstanding the foregoing, Samsung has represented that it is not "making, using, selling, offering to sell or importing the Galaxy S III Mini in the United States." Accordingly, and so long as the current withdrawal will not prejudice Apple's ability later to accuse the Galaxy S III Mini if the factual circumstances change, Apple agrees to withdraw its infringement allegations with respect to the Galaxy S III Mini.

### B. If The Court's November 15, 2012 Order So Requires, Apple Will Withdraw Any Contentions Served After November 23, 2012

The Court's November 15, 2012 Order included the following directive to the parties with respect to additional infringement contentions:

> Given the early stage of this litigation and the reasoning of this order, the court notes that Apple should think twice before opposing similar amendments reflecting other

[1] http://www.amazon.com/dp/B00A29WCA0/ref=cm_sw_r_tw_dp_Cd02qb1QDHTV7

[2] None of the reviews were provided by counsel for Apple.

> newly-released products — *e.g.* the iPad 4 and iPad mini — that Samsung may propose in the near future. Any amended contentions shall be served no later than November 23, 2012.

Dkt. 302 at 12.

Apple did *not* oppose the additional amendments proposed by Samsung in its Motion for Leave to Amend and Supplement its Infringement Contentions (Dkt. 304) so long as Samsung also did not oppose Apple's efforts to accuse of infringement newly-released Samsung products. *See* Dkt. 330 at 2 ("Apple does not oppose Samsung's Motion for Leave on the assumption that Samsung will likewise not oppose Apple's pending motion to amend its infringement contentions to reflect newly-released Samsung products."). That Motion includes Samsung's efforts to accuse the fifth generation iPod Touch, fourth generation iPad, and iPad mini products. Moreover, Apple also served additional contentions by November 23, 2012, none of which is opposed by Samsung.

When Apple served a limited number of additional infringement contentions on November 30, 2012 (relating to the Galaxy Tab 8.9, the Galaxy Tab 2 10.1, and the Galaxy Rugby Pro), Apple did not believe that it had violated the Court's directive that "[a]ny amended contentions shall be served by November 23, 2012." Instead, Apple initially understood the November 23, 2012 deadline to apply only to those charts that were the subject of the November 15, 2012 Order. Samsung, on the other hand, has construed the Court's November 23, 2012 deadline to apply to all contentions, meaning that the Court intended to bar both parties from serving contentions after November 23, 2012. To the extent that Apple has misconstrued the Court's Order, and Samsung's understanding is the correct one, Apple will of course voluntarily withdraw any infringement contentions served after November 23, 2012.

### C. Samsung's Description Of Its Proposed Compromise Is Inaccurate

Throughout its Partial Opposition, Samsung repeatedly lauds its alleged efforts to "reach a global resolution" of the outstanding motions. Apple wishes to correct two inaccuracies in Samsung's descriptions.

First, the parties had in fact reached a tentative agreement not to oppose each other's motion to amend infringement contentions. That agreement, if approved by the Court, would have resolved *all* issues as to both the Apple and Samsung Motions. In particular, Apple would have withdrawn its contentions with respect to the Galaxy S III Mini, and Samsung would have consented to all remaining infringement charts (including those served on November 30, 2012).

But on the evening of December 17, 2012, *two days* before Apple's response date to the Samsung Motion, Samsung served additional infringement contentions with respect to the '239 and '757 patents.[3] Those contentions spanned some 43 pages. Samsung then unilaterally demanded that Apple immediately review and consent to the inclusion of all these additional charts as a prerequisite for any agreement. Apple was not able to review all the charts within 48 hours and provide the consent demanded by Samsung. Because Apple was unable to complete its review these new charts served on December 17, 2012, Samsung chose not to reach a consent agreement with Apple even with respect to the charts that the parties had served *nearly one month ago*.

As noted above, notwithstanding Samsung's unwillingness to compromise, Apple still chose not to oppose Samsung's outstanding motion, as the parties had previously discussed. Samsung chose to take a different tack and now opposes portions of Apple's Motion.

Second, Samsung's demand that Apple consent to the inclusion of the December 17, 2012 infringement charts is entirely inconsistent with the position Samsung advances in its Partial Opposition. As Apple has stated, if the Court's November 15, 2012 Order was intended to bar both parties from serving additional infringement contentions after November 23, 2012, then that bar should preclude both those Apple charts opposed by Samsung in the Partial Opposition, as well as Samsung's December 17, 2012 contentions. Samsung has never attempted to reconcile its reading of the Court's November 15, 2012 Order and its decision to serve additional infringement contentions on December 17, 2012.

[3] On December 11, Samsung indicated that it would send the additional charts by December 12. When no charts were received, Apple followed up on December 15 with Samsung and asked when the additional charts would be sent, stating: "It will take us some time to review and consider them, so please advise when you expect to send them." No response was received from Samsung until December 17, when Samsung replied: "We anticipate sending these later today. Thanks for your patience." Finally, Samsung sent the new charts at the end of the day on December 17.

## III. Conclusion

As stated above, Apple withdraws its request with respect to the Galaxy S III Mini. If Apple's service of additional contentions on November 30, 2012 is inconsistent with the Court's November 15, 2012 Order, Apple also withdraws its request to include those contentions. Finally, with respect to those portions that remain unopposed, Apple thus respectfully requests that its Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions be granted.

Dated: December 28, 2012

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *H. Mark Lyon*
H. Mark Lyon

***Attorneys for Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: December 28, 2012

/s/ *H. Mark Lyon*
H. Mark Lyon