# EXHIBIT 4



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/198,130 | 02/16/94 | FREEMAN | M 0460.93Z |

| EXAMINER |
|---|
| ASSOUAD, P |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2414 | 3 |

24M1/0802

SCOTT R. ZINGERMAN
CATALANO, ZINGERMAN & MCKAY
810 SOUTH CINCINATI, STE. 200
TULSA, OK  74119

DATE MAILED: 08/02/95

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), __0__ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☒ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims __1-15__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims __1-15__ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☒ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

Serial Number: 08/198,130                                                                                         -2-

Art Unit: 2414

**Part III     DETAILED ACTION**

### *Drawings*

1.   This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed. Also note the enclosed PTO Form 948 from the Draftsperson.

### *Claim Rejections - 35 USC § 112*

2.   Claims 1-15 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Specifically,

A claim should be a single sentence followed by a period. Claim 1, line 15, and claim 12, line 26, ends with a semicolon. See MPEP 608.01(m).

In claim 1, line 4, and claim 12, line 4, and throughout, we have "audio and/or video". The mere use of an alternative expression in a claim does not automatically render such claim vague and indefinite. See Ex parte Head, 214 USPQ 551, 553 (P.O. Bd. App. 1982). However, alternative expressions may render a claim indefinite if the limitation covers *two different elements*. In claims 1 and 12, video and audio are definitely two different

SAMNDCA630-00832571

Serial Number: 08/198,130 -3-

Art Unit: 2414

elements. Therefore, claims 1 and 12 are vague and indefinite. We do not see a clear definition of the instant invention.

In claim 1, lines 11, 13, 14, claim 3, line 1, "the video signal", "said video signal", "said digitized video signal" lack direct antecedent basis. We see in claim 1, "audio and/or video signal", and taking the "audio signal" yields this problem. Similar problems are seen in independent claim 12.

In claim 1, line 15, and claim 12, line 26, what is the definition of a "broadcast signal". This is exceedingly vague and indefinite. Any signal sent to any other device or unit is a possible "broadcast signal". What is the specific nature of this broadcast signal?

In claim 3, what are "telemetric frequencies"? A "telephone line", a "cellular [line]", etc. are not perceived by the examiner to be so-called "frequencies" in and of themselves. They do however operate under certain (frequency) bandwidth limitations. Furthermore, "and other telemetric frequencies" is not a specific limitation. What specific "other telemetric frequencies" are being claimed here?

SAMNDCA630-00832572

Serial Number: 08/198,130                                                                 -4-

Art Unit: 2414

In claim 3, line 2, we see "telephone lines, cellular, radio, **and** (emphasis added) telemetric frequencies". The instant invention as disclosed and best understood by the examiner, is not capable of transmitting data over all these mediums *at the same time* as is inferred from the claim as written. This is a vague and indefinite claim limitation.

In claim 4, "splitting and organizing" a signal is exceedingly vague and indefinite.

Claims 8, 9, and 15 do not further limit claim 1 (or claim 12). *All* computer-based units which communicate with one another will include one or more communications interfaces by the very nature of computer communications. This is already present in claim 1. It should also be noted that claim 1 inherently recites a computer-based apparatus by the very nature of the "digital" operations cited which include "storing" and other processing.

Claim 12, line 9, "inteface" should be --interface--.
Claim 12, line 3, "receiving an input" an exceedingly vague and indefinite.

Claims not specifically cited above are rejected because they are dependent upon a rejected base claim.

-

SAMNDCA630-00832573

Serial Number. 08/198,130 -5-

Art Unit: 2414

### Claim Rejections - 35 USC § 102

3.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

Claims 1-15 are rejected under 35 U.S.C. § 102(a) as being anticipated by **Rosenthal et al.** ("Planetary Data Distribution System", **12/2/1993**).

**Rosenthal et al.** discloses a system that distributes digitized video, text, and other data to desktop personal computers via existing transmission facilities which may include (but are not limited to): conventional tv relay satellites, distributed cable systems, or other bandwidth-capable networks. The most easily discernible correspondence between the instant claimed invention and Fig. 1 of the disclosure is shown by the diagram of the "PDDS" of **Rosenthal et al.** Note again that the transmission mediums are not limited by this diagram and may possibly include "other telemetric frequencies" such as telephone lines, cellular, radio, etc. as stipulated by dependent claim 3 of the instant application. Also note that the "capturing, compressing digitizing, storing, and transmitting of at least one audio and/or video signal" is clearly anticipated by **Rosenthal et al.**

SAMNDCA630-00832574

Serial Number: 08/198,130 -6-

Art Unit: 2414

The applicant should also be made aware that the U.S. Patent to **Gattis et al. (5,062,136)** has at least one common inventor/author with this publication by **Rosenthal et al.**

### Claim Rejections - 35 USC § 103

4.  The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Claims 1-15 are rejected under 35 U.S.C. § 103 as being unpatentable over **Gattis et al. ('136)** in view of **Dykes et al. ('671)** and **Guillou ('483)**.

The correspondence between the instant claimed invention and that of **Gattis et al.** is as follows: a) the remote unit is #1 or #2 desktop computer 26A or 26B in combination with the

Serial Number: 08/198,130                                              -7-

Art Unit: 2414

video camera 22A or 22B, the frame grabber, the CODECs, the modem, and the encryptor/decryptor; and b) the host unit is #1 or #2 desktop computer 26A or 26B in combination with the video camera 22A or 22B, the frame grabber, the CODECs, the modem, and the encryptor/decryptor; and c) the playback unit is the video camera 22A or 22B, the frame grabber, the CODECs, the modem, and the encryptor/decryptor.

   Attention is directed specifically to col. 4, lines 66-68. "The output signal from the sender requires no return; therefore, the system can be used in the "broadcast" or one-way mode." Attention should also be directed to the fact that the apparatus of **Gattis et al.** further comprises means for interleaving non-video information with selected picture lines (see at least claim 7) and that the modulator/demodulator, the CODEC devices, the encryptor/decryptor devices, the frame grabber, and even the digital display, all require some memory or storage capability to obviously process digital information.

   The difference between the instant claimed invention and that of **Gattis et al.** lies in the specific citation of transmission via "cellular, radio and other telemetric frequencies". (Note above 35 USC 112 second paragraph deficiencies regarding this also.)

   **Dykes et al.** teach a modem which includes connections for both land lines and a cellular phone. Cellular file transfer

SAMNDCA630-00832576

Serial Number: 08/198,130                                                              -8-

Art Unit: 2414

operations between remote and local host computers are clearly aimed at "the coupling of functions between the computer and the cellular telephone" (col. 1, lines 10-12).

**Guillou** clearly teach in at least Fig. 7 that the transmission and reception of text and video signals through radio broadcast means is not new in the art.

It would have been obvious to one of ordinary skill in the art at the time the invention was made to incorporate cellular telephone and radio broadcast transmission as taught by **Dykes et al.** and **Guillou**, into the telecommunications system of **Gattis**, because inter-computer communication, either by direct hardwire connection, modem interfacing with a standard or cellular telephone, or through the air via radiated radio waves, has been known to efficiently link computer systems for the purpose of transmitting both analog and digital-based text, graphics, audio, video, etc.

### *Conclusion*

5.   The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.  See the enclosed PTO Form 892.

6.   Any inquiry concerning this communication or earlier communications from the examiner should be directed to Patrick

SAMNDCA630-00832577

Serial Number: 08/198,130 -9-

Art Unit: 2414

Assouad whose telephone number is (703) 305-3811. The examiner can normally be reached Monday-Thursday from 6:45 AM to 5:15 PM. Non-confidential electronic communications of a general nature may also be forwarded to *"passouad@uspto.gov"*, via the Internet.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mr. Todd Voeltz, can be reached at (703) 305-9714. The fax number for this Group is (703) 305-95[64,65]. NOTE: Unofficial communications or proposed amendments MUST be marked DRAFT at the top of each page to prevent inadvertent entry into the permanent record.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3800.

Patrick J. Assouad

POA
7/17/95

EMANUEL T. VOELTZ
SUPERVISORY PATENT EXAMINER
GROUP 2400

SAMNDCA630-00832578

TO SEPARATE, H: TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-92) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/198,130 | GROUP ART UNIT 2414 | ATTACHMENT TO PAPER NUMBER 3 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Freeman et al. | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 5428671 | 6/27/95 | Dykes et al. | 379 | 93 | 11/9/92 |
| | B | 5235680 | 8/10/93 | Bijnagte | 395 | 161 | |
| | C | 4811407 | 3/7/89 | Blokker Jr. et al. | 382 | 1 | |
| | D | 4337483 | 6/29/82 | Guillou | 358 | 114 | |
| | E | 5062136 | 10/29/91 | Gattis et al. | 380 | 18 | |
| | F | 5262875 | 11/16/93 | Mincer et al. | 358 | 335 | |
| | G | 5130792 | 7/14/92 | Tindell et al. | 358 | 85 | |
| | H | 5375068 | 12/20/94 | Palmer et al. | 364 | 514 | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES** (Including Author, Title, Date, Pertinent Pages, Etc.)

| R | Rosenthal et al., "Planetary Data Distribution System", 12/2/1993. |
|---|---|
| S | |
| T | |
| U | |

| EXAMINER Patrick Assouad | DATE 7/17/95 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

SAMNDCA630-00832579