# EXHIBIT 2



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/511,904 | 08/07/95 | CAPPS | P1751/APLIP1 |

HICKMAN AND BEYER
P O BOX 61059
PALO ALTO CA 94306

24M1/1230

| EXAMINER |
|---|
| BREENE, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2415 | 5 |

DATE MAILED: 12/30/96

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)

1 - File Copy

APLNDC630-0000056176

| Office Action Summary | Application No. 08/511,904 | Applicant(s) Capps |
|---|---|---|
| | Examiner John E. Breene | Group Art Unit 2415 |

☒ Responsive to communication(s) filed on *May 24, 1996*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _three_ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-26* is/are pending in the application.

Of the above, claim(s) *none* is/are withdrawn from consideration.

☒ Claim(s) *1-4, 8-10, and 16-25* is/are allowed.

☒ Claim(s) *5-7, 11-13, 15, and 26* is/are rejected.

☒ Claim(s) *14* is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
☐ received.
☐ received in Application No. (Series Code/Serial Number) _____.
☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892
☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). __4__
☐ Interview Summary, PTO-413
☒ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152

--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)              Office Action Summary              Part of Paper No. __5__

APLNDC630-0000056177

Serial Number: 08/511,904 -2-

Art Unit: 2415

## Part III   DETAILED ACTION

### *Drawings*

1. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when allowable subject matter is determined to exist.

### *Claim Rejections - 35 USC § 112*

2. Claims 5-7 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

As per claim 5, "the selected item" of line 3 lacks proper antecedent basis.

### *Claim Rejections - 35 USC § 103*

3. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under

Serial Number: 08/511,904

Art Unit: 2415

-3-

this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person."

If this application currently names joint inventors, the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary in considering patentability of the claims under 35 U.S.C. § 103. Applicant is advised of the obligation under 37 C.F.R. § 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of potential 35 U.S.C. § 102(f) or (g) prior art under 35 U.S.C. § 103.

4.   Claims 11-12, 26 are rejected under 35 U.S.C. § 103 as being unpatentable over Turbo C++ v3.0 in view of Morioka et al. (U.S. Patent 5,367,626).

Turbo C++ v3.0, as illustrated by screen pages, rendered obvious independent claims 1 and 26 by the following:

"inputting data into a computer system..." at pp 1-10;

"displaying a form..." at pp. 9-10;

"displaying a history list..." at 5-10;

"determining whether the user has selected an item..." at pp. 5-10

Turbo C++ teaches the use of a history list to expedite the entry of information of previously used data (See OPEN FILE option of the dialog box with a history list, pp. 5-10).

Turbo C++ does not teach assigning a data value for the field to that of a data value associated with the selected item.

APLNDC630-0000056179

Serial Number: 08/511,904 -4-
Art Unit: 2415

However, Morioka does teach assigning a data value to a selectable item in a menu according to frequency of use and most recently used (Figs. 4-6, 9-12, col. 4, line 50 to col. 7, line 10) and updating those values (col. 5, line 45 to col. 6, line 10).

Thus, it would have been obvious to one ordinarily skilled in the art at the time of the invention to store usage information about a selectable item in order to position the item in an more easily recognizable place.

As per claim 12, Turbo C++ teaches a pointer based system on pp. 5-10.

5. Claims 13 and 15 are rejected under 35 U.S.C. § 103 as being unpatentable over Turbo C++ v3.0 in view of Morioka et al. (U.S. Patent 5,367,626) as applied to the claims above, and further in view of Ward et al. (U.S. Patent 5,49,495).

As per claims 13 and 15, Morioka does not explicitly teach other inputting means by a pen based system. However, Ward does teach a pen based system in order to communicate with existing applications that have not been designed for pen input (Fig. 10, col. 14, line 44 to col. 15, line 30).

Thus, it would have been obvious to one ordinarily skilled in the art at the time of the invention to input pen signals in order to more directly input data to an application.

Furthermore for claim 15, Morioka teaches determining a data value already exists and adding a value to a list by utilization frequency and prioritizing most recently used selections (Figs. 11-12).

Serial Number: 08/511,904
Art Unit: 2415

-5-

*Allowable Subject Matter*

6. Claims 1-4, 8-10, 16-25 are allowable over the prior art of record.

7. Claim 14 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

8. Claims 5-7 would be allowable if rewritten to overcome the rejection under 35 U.S.C. § 112 and to include all of the limitations of the base claim and any intervening claims.

9. The following is an Examiner's statement of reasons for the indication of allowable subject matter:

Prior art of record including Turbo C++ v3.0 teaches a history list maintained for a data entry field for quick selection of previous inputted information (pp. 1-10). Morioka teaches the maintenance of a frequency table and a priority table for a menu item (Figs. 9-12, cols. 4-7). Ward teaches a pen based input system (Fig. 1).

As per independent claim 1, prior art of record fails to teach a plurality of history tables, each corresponding to a different field class.

As per independent claim 8, prior art of record fails to teach a history list selector for selecting the history list for the field based on the field class.

APLNDC630-0000056181

Serial Number: 08/511,904

Art Unit: 2415

-6-

As per dependent claim 14, prior art of record fails to teach a history list comprising a list of most recently used data values for a field class, the field class being associated with the field.

As per independent claim 16, prior art of record fails to provide a history table or each of a plurality of field classes and assigning a data value.

Thus, prior art of record does not render obvious nor anticipate the combination of claim elements in light of the specification.

## Conclusion

10. The prior art, listed on Form PTO-892, made of record and not relied upon is considered pertinent to applicant's disclosure.

11. Any inquiry concerning this communication or earlier communications from the examiner should be directed to John E. Breene whose telephone number is (703) 305-9790.
Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-3800.

JOHN E. BREENE
PATENT EXAMINER
DECEMBER 23, 1996

APLNDC630-0000056182

| Notice of Allowability | Application No. 08/511,904 | Applicant(s) Capps | |
|---|---|---|---|
| | Examiner John E. Breene | Group Art Unit 2415 | |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *May 24, 1996*

☒ The allowed claim(s) is/are *1-26*

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
  ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been
    ☐ received.
    ☐ received in Application No. (Series Code/Serial Number) _____.
    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
  *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS
  ☐ because the originally filed drawings were declared by applicant to be informal.
  ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. *5*.
  ☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.
  ☐ including changes required by the attached Examiner's Amendment/Comment.

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)
☒ Notice of References Cited, PTO-892
☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948
☐ Notice of Informal Patent Application, PTO-152
☐ Interview Summary, PTO-413
☒ Examiner's Amendment/Comment
☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
☒ Examiner's Statement of Reasons for Allowance

U. S. Patent and Trademark Office
PTO-37 (Rev. 9-95)                Notice of Allowability                Part of Paper No. *6*

APLNDC630-0000056185

#6/a
1-6-97
B. Hilliard
-2-

Serial Number: 08/511,904

Art Unit: 2415

## Part III  EXAMINER'S AMENDMENT

1. An Examiner's Amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 C.F.R. § 1.312. To ensure consideration of such an amendment, it **MUST** be submitted no later than the payment of the Issue Fee.

The title has been replaced with: "GRAPHICAL USER INTERFACE USING HISTORICAL LISTS WITH FIELD CLASSES".

In the specification, p. 15, line 5, after "filed 11/16/92", --,US Patent No. 5,588,105,-- has been inserted.

Authorization for the following Examiner's Amendment was given in a telephone interview with Mr. C. Douglass Thomas on January 2, 1997.

The claims have been amended as follows:

In claim 5, line 3, after "accordance with", "the" has been replaced with "a".



11. A method for inputting data into a computer system having a display screen associated therewith, said method comprising:



Serial Number: 08/511,904
Art Unit: 2415

-3-

a¹   (a) displaying a form on the display screen of the computer system, the form having at least one field <u>associated with a field class and</u> requiring data entry by a user;

(b) displaying a history list associated with the field <u>class</u> on the display screen on the computer system;

(c) determining whether the user has selected an item from the displayed history list;

(d) assigning a data value for the field to that of a data value associated with the selected item when said determining (c) determines that the user has selected an item; and

(e) updating the history list in accordance with the selected item when said determining (c) determines that the user has selected an item.

a²   14.   A method as recited in claim 11, wherein the history list is a list of most recently used data values for [a] <u>the</u> field class[, the field class being associated with the field on the display screen].

In claim 23, line 3, after "said determining", "(c)" has been replaced with "(e)".

a³   26.   A computer readable medium containing program instructions for inputting data into a computer system having a display screen associated therewith, said computer readable medium comprising:

37

APLNDC630-0000056187

Serial Number: 08/511,904

Art Unit: 2415

-4-

    computer readable code devices for displaying a form on the display screen of the computer system, the form having at least one field <u>associated with a field class and</u> requiring data entry by a user;

    computer readable code devices for displaying a history list associated with the field <u>class</u> on the display screen on the computer system;

    computer readable code devices for determining whether the user has selected an item from the displayed history list;

    computer readable code devices for assigning a data value for the field to that of a data value associated with the selected item when said determining determines that the user has selected an item; and

    computer readable code devices for updating the history list in accordance with the selected item when said determining determines that the user has selected an item.

2.    The following is an Examiner's Statement of Reasons for Allowance:

As per claims 11 and 26, Borland C++ does not teach updating the history list associated with the field class. In contrast, Borland C++ seems to limit updating to a specific entry field instance (pp. 7-10).

Thus, prior art of record does not render obvious nor anticipate the combination of claim elements in light of the specification.

Serial Number: 08/511,904

Art Unit: 2415

-5-

Any comments considered necessary by applicant must be submitted no later than the payment of the Issue Fee and, to avoid processing delays, should preferably accompany the Issue Fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

3. Any inquiry concerning this communication or earlier communications from the examiner should be directed to John E. Breene whose telephone number is (703) 305-9790.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 305-3800.

JOHN E. BREENE
PATENT EXAMINER
JANUARY 3, 1997

APLNDC630-0000056189