# EXHIBIT 10



7329873

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

*December 20, 2011*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** *11/650,624*
**FILING DATE:** *January 07, 2007*
**PATENT NUMBER:** *7761414*
**ISSUE DATE:** *July 20, 2010*

Certified by

*David J. Kappos*

**Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office**

APLNDC630-0000049779

Attorney Docket No.:4860P4866
Client Docket No.: P4866US1                                           **PATENT**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

**Gordon J. Freedman**                          Examiner:  Uyen T. Le

Application No.:  11/650,624                     Art Group:  2163

Filed:  January 7, 2007                          Confirmation No.:  9463

For:     SYNCHRONIZATION METHODS AND
          SYSTEMS

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

<u>AMENDMENT AND RESPONSE</u>

In response to the Office action, mailed **December 5, 2008**, please enter the following

amendments and consider the following remarks.

**Amendments to the Specification** begin on page 2 of this paper

**Amendments to the Claims** are reflected in the listing of claims that begins on page

3 of this paper.

**Remarks** begin on page 11 of this paper.

1

APLNDC630-0000049970

IN THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:


1.      (**Currently Amended**)   A machine implemented method comprising:

executing at least one user-level non-synchronization processing thread**, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store**;

executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread**, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to cause retrieval and storage of the structured data from the first store**.


2.      (Original)   The method as in claim 1 wherein the at least one user-level non-synchronization processing thread includes operations to access a first database which is synchronized by the at least one synchronization processing thread during a synchronization operation between the first database on a first data processing system and a second database on a second data processing system.


3.      (Original)   The method as in claim 2 wherein the first data processing system is a host and the second data processing system is a handheld device.

APLNDC630-0000049971

4.      (**Cancelled**)

5.      (Original)   The method as in claim 4 wherein the synchronization software component acquires a lock on the first store.

6.      (Original)   The method as in claim 4 wherein the synchronization software component attempts to acquire a lock on the first store, and if it fails, the synchronization software component sends a message to the user application to obtain the lock on the first store.

7.      (**Currently Amended**)   The method as in claim [[4]] **5** wherein the lock is a FLOCK Unix command.

8.      (Original)   The method as in claim 6 wherein the synchronization software component cancels synchronization for at least one data class if the user application fails to release the lock on the first store.

9.      (Original)   The method as in claim 4 wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes.

APLNDC630-0000049972

10.     (Original)   The method as in claim 5 wherein the synchronization software

component releases the lock after synchronization for a first data class is completed.


11.     (Original)   The method as in claim 10 wherein the first and the second data

processing systems are synchronized in a peer-to-peer manner.


12.     (**Currently Amended**)   A computer readable **storage** medium containing executable

program instructions which when executed cause a data processing system to perform a

method comprising:

executing at least one user-level non-synchronization processing thread**, wherein the

at least one user-level non-synchronization processing thread is provided by a user

application which provides a user interface to allow a user to access and edit structured

data in a first store**;

executing at least one synchronization processing thread concurrently with the

executing of the at least one user-level non-synchronization processing thread**, wherein the

at least one synchronization processing thread is provided by a synchronization

software component which is configured to cause retrieval and storage of the structured

data from the first store**.


13.     (**Currently Amended**)   The **storage** medium as in claim 12 wherein the at least one

user-level non-synchronization processing thread includes operations to access a first

database which is synchronized by the at least one synchronization processing thread during

APLNDC630-0000049973

a synchronization operation between the first database on a first data processing system and a

second database on a second data processing system.


14.      (**Currently Amended**)   The **storage** medium as in claim 13 wherein the first data

processing system is a host and the second data processing system is a handheld device.


15.      (**Cancelled**)


16.      (**Currently Amended**)   The **storage** medium as in claim 15 wherein the

synchronization software component acquires a lock on the first store.


17.      (**Currently Amended**)   The **storage** medium as in claim 15 wherein the

synchronization software component attempts to acquire a lock on the first store, and if it

fails, the synchronization software component sends a message to the user application to

obtain the lock on the first store.


18.      (**Currently Amended**)   The **storage** medium as in claim [[15]] **16** wherein the lock

is a FLOCK Unix command.


19.      (**Currently Amended**)   The **storage** medium as in claim 17 wherein the

synchronization software component cancels synchronization for at least one data class if the

user application fails to release the lock on the first store.

APLNDC630-0000049974

20.     (**Currently Amended**)   The **storage** medium as in claim 15 wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes.

21.     (**Currently Amended**)   The **storage** medium as in claim 16 wherein the synchronization software component releases the lock after synchronization for a first data class is completed.

22.     (**Currently Amended**)   The **storage** medium as in claim 21 wherein the first and the second data processing systems are synchronized in a peer-to-peer manner.

23.     (Original)   A data processing system comprising:

        means for executing at least one user-level non-synchronization processing thread;

        means for executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread.

24.     (Original)   The system as in claim 23 wherein the at least one user-level non-synchronization processing thread includes operations to access a first database which is synchronized by the at least one synchronization processing thread during a synchronization operation between the first database on a first data processing system and a second database on a second data processing system.

APLNDC630-0000049975

25.     (**Currently Amended**)   A machine implemented method comprising:

executing at least one non-synchronization processing thread**, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store**;

executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread**, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to cause retrieval and storage of the structured data from the first store**.


26.     (Original)   The method as in claim 25 wherein the at least one non-synchronization processing thread includes operations to access a first database which is synchronized by the at least one synchronization processing thread during a synchronization operation between the first database on a first data processing system and a second database on a second data processing system.


27.     (Original)   The method as in claim 26 wherein the first data processing system is a host and the second data processing system is a handheld device.


28.     (**Cancelled**)

APLNDC630-0000049976

29.     (Original)   The method as in claim 28 wherein the synchronization software component acquires a lock on the first store.


30.     (**Currently Amended**)   A computer readable **storage** medium containing executable program instructions which when executed cause a data processing system to perform a method comprising:

executing at least one non-synchronization processing thread**, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store**;

executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread**, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to cause retrieval and storage of the structured data from the first store**.


31.     (**Currently Amended**)   The **storage** medium as in claim 30 wherein the at least one non-synchronization processing thread includes operations to access a first database which is synchronized by the at least one synchronization processing thread during a synchronization operation between the first database on a first data processing system and a second database on a second data processing system.

APLNDC630-0000049977

32.     (**Currently Amended**)   The **storage** medium as in claim 31 wherein the first data

processing system is a host and the second data processing system is a handheld device.


33.     (**Cancelled**)


34.     (**Currently Amended**)   The **storage** medium as in claim 33 wherein the

synchronization software component acquires a lock on the first store.


35.     (Original)   A data processing system comprising:

        means for executing at least one non-synchronization processing thread;

        means for executing at least one synchronization processing thread concurrently

with the executing of the at least one non-synchronization processing thread.


36.     (Original)   The system as in claim 35 wherein the at least one non-synchronization

processing thread includes operations to access a first database which is synchronized by the

at least one synchronization processing thread during a synchronization operation between

the first database on a first data processing system and a second database on a second data

processing system.

APLNDC630-0000049978

REMARKS

SPECIFICATION OBJECTION

The title of the invention was objected to as not descriptive.  The title has been

appropriately amended to: "Asynchronous Data Synchronization Amongst Devices."


REJECTIONS UNDER 35 U.S.C. § 101

Claims 12-20 and 30-34 were rejected under 35 U.S.C. § 101 as being directed to

non-statutory subject matter.  Claims 12-20 and 30-34 have been amended to recite a

computer readable **storage** medium, which inherently excludes signal and carrier waves.


REJECTIONS UNDER 35 U.S.C. § 112

Claims 7 and 18 were rejected under 35 U.S.C. § 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter

which Applicant regards as the invention.  Claims 7 and 18 have been amended to

provide proper antecedent basis.


REJECTIONS UNDER 35 U.S.C. § 102

Claims 1, 2, 4-6, 8, 10, 12, 13, 15-17, 19, 21, 23-26, 28-31 and 33-36 were

rejected under 35 U.S.C. § 102(e) as being anticipated by Ori Shalev et al., "Predictive

Log-Synchronization," ACM SIGOPS Operating System Review, Vol. 40, Issue 4,

October 2006, pp 305-315 (*Shalev*).  Claims 4, 15, 28 and 33 have been cancelled,

rendering the rejection of these claims moot.  Applicant submits claims 1, 2, 5-6, 8, 10,

12, 13, 16-17, 19, 21, 23-26, 29-31 and 34-36 are not obvious in view of *Shalev* for at

least the reasons set forth below.

APLNDC630-0000049979

Independent claim 1 has been amended to recite, in part the following:

>...wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface **to allow a user to access and edit structured data in a first store**;
>        **executing at least one synchronization processing thread concurrently** with the executing of the at least one user-level non-synchronization processing thread...

Independent claims 12, 25 and 30 recite similar limitations.  The Office action cites *Shalev* as disclosing the execution of a non-synchronization processing thread concurrently with a synchronization processing thread.  However, Applicant submits *Shalev* simply cannot be interpreted in this way.

With respect to the cited "predictive log-synchronization" (or PLS) framework, *Shalev* states that "threads coordinate all data structure operations via a shared log."  See 1st paragraph in Section 1.1. Apparently, a thread owning a lock performs all data structure modifications on a first copy of the PLS framework while other threads are allowed to concurrently read a second unmodified copy of the PLS framework.  See 2nd paragraph in Section 1.1.  Thus, per *Shalev*, only one thread can modify the data structure; the other threads can only perform read operations which inherently do not modify the data structure.  In contrast, claim 1 recites a non-synchronization thread that allows a user to access **and edit** data in a first store and a synchronization thread that executes **concurrently** and allows for retrieval **and storage** of data in the first store.  The editing of data in the first store and the storage of new data in the first store are both modifications of data in the first store.  Thus, claim 1 claims two different processing threads that execute concurrently, both of which can modify data in a store. As discussed above, *Shalev* only provides for a single thread (one that owns the lock) to modify the

APLNDC630-0000049980

data structure.  Thus, *Shalev* fails to disclose the limitations as claimed in claims 1, 12, 25 and 30.  Accordingly, Applicant submits claims 1, 12, 25 and 30 are not anticipated by *Shalev*.  Applicant further submits the dependent claims that depend from these independent claims are not anticipated for at least the same reasons.

Similar to claims 1, 12, 25 and 30, claims 23 and 35 recite means for executing a non-synchronization processing thread and a synchronization processing thread concurrently.  As discussed above, *Shalev* fails only discusses a single processing thread. Thus, *Shalev* also fails to disclose at least one limitation for each of claims 23 and 35. Accordingly, Applicant submits claims 23 and 35 are not anticipated by *Shalev*. Furthermore, Applicant submits the remaining dependent claims are not anticipated by *Shalev*.

REJECTIONS UNDER 35 U.S.C. § 103

*Claims 3, 9, 11, 14, 20, 22, 27, 32*

Claims 3, 9, 11, 14, 20, 22, 27 and 32 were rejected under 35 U.S.C. § 103(a) as being unpatentable over *Shalev* further in view of U.S. Patent Application Publication No. 2007/0022155 issued to Owens et al. (*Owens*). Applicant submits claims 3, 9, 11, 14, 20, 22, 27 and 32 are not obvious in view of *Shalev* and *Owens* for at least the reasons set forth below.

Claims 3, 9, 11, 14, 20, 22, 27 and 32 depend from respective independent claims discuss above.  As discussed above, *Shalev* fails to disclose the execution of a non-synchronization processing thread concurrently with the execution of a synchronization processing thread.  *Owens* is cited as disclosing multiple threads synchronizing data

APLNDC630-0000049981

structure of different data classes. The cited portion of *Owens* merely discusses synchronization of various objects (e.g., calendar items) in an enterprise application. *Owens* says nothing of executing a non-synchronization processing thread concurrently with a synchronization processing thread. Thus, *Owens* fails to cure the deficiencies of *Shalev*. Accordingly, Applicant submits claims 3, 9, 11, 14, 20, 22, 27 and 32 are not obvious in view of *Shalev* and *Owens*.

*Claims 7, 8, 18 and 19*

Claims 7, 8, 18 and 19 were rejected under 35 U.S.C. § 103(a) as being unpatentable over *Shalev*. Applicant submits claims 7, 8, 18 and 19 are not obvious in view of *Shalev* for at least the reasons set forth below.

Claims 7, 8, 18 and 19 depend from respective independent claims discuss above. As discussed above, *Shalev* fails to disclose the execution of a non-synchronization processing thread concurrently with the execution of a synchronization processing thread. Whether or not *Shalev* discloses a FLOCK Unix command does not cure the deficiencies discusses above. Accordingly, Applicant submits claims 7, 8, 18 and 19 are not obvious in view of *Shalev*.

CONCLUSION

For at least the foregoing reasons, Applicant submits that the rejections have been overcome. Therefore, claims 1-3, 5-14, 16-27, 29-32 and 34-36 are in condition for allowance and such action is earnestly solicited. The Examiner is respectfully requested to contact the undersigned by telephone if such contact would further the examination of the present application.

Attorney Docket No.: 4860P4866                                    <u>PATENT</u>

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:                          Examiner:  Le, Uyen T.

    Gordon J. Freedman                     Art Unit:  2163

Serial No.:  11/650,624                        Confirmation No.: 9463

Filed:  January 7, 2007

For:  ASYNCHRONOUS DATA SYNCHRONIZATION
      AMONGST DEVICES

**CERTIFICATE OF TRANSMISSION**
I hereby certify that this correspondence is being submitted electronically via EFS Web on the date shown below.

  /Adriena M. Garcia/      November 9, 2009
  **Adriena M. Garcia**          **Date**

Mail Stop RCE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**AMENDMENT**

Sir:

    In response to the Office Action mailed July 9, 2009, applicant respectfully requests that the above-identified application be amended as follows.  A Request for Continued Examination is filed herewith.

APLNDC630-0000050514

## REMARKS

Reconsideration of this application, as amended, is respectfully requested.

Claims 1-3, 5-14, 16-27, 29-32 and 34-36 are pending.  Claims 1-3, 5-14, 16-27, 29-32 and 34-36 stand rejected.

In this response, claims 1, 2, 5-6, 9, 12-13, 16-17, 20, 23-26, 29-31, and 34-36 have been amended.  No claims have been canceled.  No claims have been added.  Support for the amendments is found in the specification, the drawings, and in the claims as originally filed.  Applicant submits that the amendments do not add new matter.

Applicant reserves all rights with respect to the applicability of the Doctrine of Equivalents.

Claims 3, 6, 9, 16, 17, 20, 25, 29, 30 and 34 have been rejected under 35 U.S.C. §112, second paragraph.

Applicant notes that claim 3 depends from non-canceled claim 1. Applicant has amended claims 5, 6, 9, 16, 17, 20, 26, 29, and 34 to depend from non-canceled claims.

Applicant has amended claims 25 and 30 to remove "user level" on lines 2-3 and 4-5 respectively.

Applicant respectfully submits that the Examiner's rejections of claims 3, 6, 9, 16, 17, 20, 25, 29, 30 and 34 under 35 U.S.C. §112, second paragraph have now been overcome.

Claims 1, 2, 5, 6, 8, 10, 12, 13, 16, 17, 19, 21, 23-26, 29-31 and 34-36 have been rejected under 35 U.S.C. §102(a) as being anticipated by "Predictive Log-Synchronization," to Ori Shalev et al., ("Shalev").

Shalev discloses predictive log-synchronization. More specifically, Shalev discloses that "a thread owning the lock performs all data structure modifications…., allowing all threads

APLNDC630-0000050515

concurrently read the other unmodified copy….."( 1.1., Predictive Log-Synchronization). In contrast, amended claim 1 refers to concurrently executing a user-level non-synchronization thread that allows accessing and editing structured data in a first store associated with a first database and a synchronization processing thread configured to synchronize the structured data from the first database with the structured data from a second database. Shalev fails to disclose executing at least one user-level non-synchronization processing thread, wherein the at lease one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database; and executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database, as recited in amended claim 1.

Because Shalev fails to disclose all limitations of amended claim 1, applicant respectfully submits that claim 1, as amended, is not anticipated by Shalev under 35 U.S.C. § 102(a).

Given that claims 2, 5, 6, 8, 10, 12, 13, 16, 17, 19, 21, 23-26, 29-31 and 34-36 contain limitations that are similar to those limitations set forth above with respect to amended claim 1, applicant respectfully submits that claims 2 and 5-11 are not anticipated by Shalev under 35 U.S.C. § 102(a).

Claims 3, 9, 11, 14, 20, 22, 27 and 32 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Shalev further in view of U.S. Publication No. 2007/0022155 to Owens et al., ("Owens").

APLNDC630-0000050516

Owens, in contrast, discloses integrating an enterprise software applications with desktop software applications. More specifically, Owens discloses "a form of "smart synchronization" in which objects and their associated server-defined behaviors are communicated to the desktop environment 22 and a form of active task handling, <u>allowing the user to manipulate the objects once they have been synchronized</u>, in which local interactions with the objects are processed in accordance with the server-defined behaviors."(paragraph [0041]).

As set forth above, Owens discloses manipulating the objects once they have been synchronized. In contrast, amended claim 1 refers to <u>concurrently</u> accessing and editing structured data in a first store associated with a first database and synchronizing the structured data from the first database with the structured data from a second database. Owens fails to disclose concurrently executing a user-level non-synchronization thread that allows accessing and editing structured data in a first store associated with a first database and a synchronization processing thread configured to synchronize the structured data from the first database with the structured data from a second database, as recited in amended claim 1.

Furthermore, even if Owens and Shalev were combined, such a combination would still lack <u>concurrently executing a user-level non-synchronization thread that allows accessing and editing structured data in a first store associated with a first database and a synchronization processing thread configured to synchronize the structured data from the first database with the structured data from a second database</u>, as recited in amended claim 1.

Given that claims 3, 9, 11, 14, 20, 22, 27 and 32 contain limitations that are similar to those limitations set forth above with respect to amended claim 1, applicant respectfully submits that claims 3, 9, 11, 14, 20, 22, 27 and 32 are not obvious under 35 U.S.C. § 103(a) over Shalev in view of Owens.

APLNDC630-0000050517

Claims 7, 8, 18 and 19 stand rejected under 35 U.S.C. §103(a) as being unpatentable over Shalev.

For the reasons similar to those reasons set forth above with respect to amended claim 1, applicant respectfully submits that claims 7, 8, 18 and 19 are not obvious under 35 U.S.C. § 103(a) over Shalev.

It is respectfully submitted that in view of the amendments and arguments set forth herein, the applicable rejections and objections have been overcome.  If the Examiner believes a telephone conference would expedite the prosecution of the present application, the Examiner is invited to call the undersigned at (408) 720-8300.

If there are any additional charges, please charge Deposit Account No. 02-2666.

Respectfully submitted,

BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP

Date: <u>November 9, 2009</u>     By:  <u>/Tatiana Rossin/</u>
                                    Tatiana Rossin
                                    Reg. No. 56,833

1279 Oakmead Parkway
Sunnyvale, California  94085-4040
(408) 720-8300

Customer No. 045217

APLNDC630-0000050518