UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 12-CV-0630-LHK (PSG)<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(**Re: Docket Nos. 95, 108, 155, 167, 187**) |

In this second pending case between Plaintiff Apple Inc. ("Apple") and Samsung Electronics Co., Ltd., et al (collectively "Samsung"), the parties again have requested that several documents remain wholly or partially under seal. The court has reviewed each of these documents and the parties' reasons for preventing public access to them and has determined that none of them should remain under seal. As it has in other orders dealing with numerous sealing requests,[1] the court articulates the legal standard for sealing motions and then provides in table format the various requests and a brief summary of the reason for the denials.

---

[1] *See, e.g., Brocade Comm'ns Sys., Inc. v. A10 Networks, Inc.*, Case No. C 10-3428 PSG, 2013 WL 21115 (N.D. Cal. Jan. 17, 2013); *Apple Inc. v. Samsung*, Case No. 11-cv-1846 LHK (PSG), 2012 WL 4120541 (N.D. Cal. Sept. 18, 2012).

1

Case No: 12-0630 LHK (PSG)
ORDER DENYING SEALING MOTIONS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2]  Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point."[3]  Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5]  Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).[6]  As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8]  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[9]  A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order

---

[2] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[3] *Id.*

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] Fed. R. Civ. P. 26(c).

[9] *Id.*

[10] *See id.* at 1179-80.

2
Case No: 12-0630 LHK (PSG)
ORDER DENYING SEALING MOTIONS

that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[12] The rule requires parties to "narrowly tailor" their requests only to sealable material.[13]

The motions at issue here were attached to nondispositive discovery motions and so the court applies the lower "good cause" standard in its consideration of the parties' requests.

| DN[14] | Request | Result |
|---|---|---|
| 95 | Exhibit to Simmons Declaration ISO Apple's Motion to Compel Responses to Interrogatories, Bates Number SAMNDCA00249929 | Apple's request on Samsung's behalf that the exhibit be sealed is DENIED. Samsung failed to file a supporting declaration indicating what harm it would suffer if the exhibit were disclosed. The exhibit consists of an "Expert Analysis and User Research Draft Report" with analysis of consumers' opinions of the Galaxy S. The information contained in the report discusses publicly available features, and absent a declaration from Samsung, the court cannot identify proprietary or trade secret information in the exhibit. |
| 108 | Portions of Apple's Reply ISO its Motion to Compel Production of Documents and Things | Because Samsung has not provided to the court a supporting declaration describing why the information Apple seeks to remain sealed should remain confidential, the court DENIES Apple's request on Samsung's behalf to redact portions of Apple's reply. The court notes that although in its motion Apple states that the proposed redactions refer to the exhibits listed below, from the court's review, at least one of the redactions involves statements that were part of a declaration that is not part of Apple's request. The court has reviewed the exhibits |

---

[11] *See* Civil L.R. 79-5(a).

[12] *Id.*

[13] *Id.*

[14] "DN" refers to the docket number for each request.

3

Case No: 12-0630 LHK (PSG)
ORDER DENYING SEALING MOTIONS

| | | |
|---|---|---|
| | | below and the references to those exhibits in Apple's reply and has not identified anything obviously proprietary. Absent a declaration from Samsung describing why the references should remain confidential, the court finds sealing inappropriate. |
| | Exhibits to Fedman's Declaration ISO of Apple's Motion to Compel Responses to Interrogatories, Bates Numbers SAMNDCA00258674-827, SAMNDCA00380801-896, S-ITC-003353288-507 | Apple's request on Samsung's behalf that the three exhibits be sealed is DENIED. Samsung failed to file a supporting declaration indicating what harm it would suffer if the exhibits were disclosed. The exhibits consist of reports with data regarding marketing of Samsung products. From the court's review of the exhibits, nothing in them is obviously proprietary and so absent a declaration from Samsung describing why they should remain confidential, the court finds sealing inappropriate. |
| 155 | Portions of Apple's May 3, 2012 Administrative Motion For Leave to File Supplemental Declaration | Apple's request is DENIED because it is not narrowly tailored. The proposed redactions include references to a dispute between attorneys during a deposition about whether attorney-client privilege applied and to Google's manner for allowing Apple's expert to inspect its Android source code. Neither Apple nor Google has provided a sufficient showing of particularized harm if this information were disclosed. |
| | Exhibit A to the Supplemental Declaration of Emily L. Fedman ISO Apple's Motion to Compel Discovery of Documents, Information, or Objects from Non-Party Google, Inc. | Apple's request on Google's behalf to seal the entire exhibit is DENIED because it is not a narrowly tailored request. The exhibit consists of excerpts from a deposition of James Miller ("Miller"), a software engineer at Google. A majority of the excerpt contains conversation among counsel regarding the extent of attorney-client privilege. The court also finds that neither Google nor Apple have shown how Miller's references to his duties and position would be harmful if disclosed. |
| | Exhibit B to the Supplemental Declaration of Emily L. Fedman ISO Apple's Motion to Compel Discovery of Documents, Information, or Objects from Non-Party Google, Inc. | Apple's request on Google's behalf to seal the entire exhibit is DENIED because it is not narrowly tailored and because Google does not appear to maintain a claim of confidentiality over the exhibit. The exhibit consists of an email between Apple's and Samsung's counsel regarding whether Google provided sufficient means for Apple's expert to review the Android source code. The email contains references to making the expert wait more than two hours and whether one or two computers are necessary. In its declaration supporting |

4

Case No: 12-0630 LHK (PSG)
ORDER DENYING SEALING MOTIONS

| | | Apple's request to seal, Google failed to address this exhibit.[15] Although it is unclear whether Google intended to withdraw its claim of confidentiality over this exhibit, it did not provide a sufficiently particularized showing of what harm would result if the exhibit were disclosed. |
|---|---|---|
| 167 | Portions of Samsung's Motion to Compel | Because the court finds that none of the redactions Apple seeks in the exhibits are supported by a particularized showing of harm if the information were revealed and the proposed redactions to the motions are based on quotes from those exhibits, Samsung's request on Apple's behalf to redact the motion to compel is DENIED. |
| | Exhibits B, C, D, E, F, G, H to the Fazio Declaration ISO Samsung's Motion to Compel | Samsung's requests on Apple's behalf to redact Exhibits B through H are DENIED because Apple has not provided a sufficiently particularized showing of harm if the information were revealed.<br>• Apple seeks redaction of a single line in Exhibit B that indicates that licensing agreements exist. The line provides no details about the agreements or the parties to the agreements or even what technology the licenses cover. Apple has not made a particularized showing of how an admission that licensing agreements exist would be detrimental if disclosed.<br>• Apple likewise seeks redaction of references to the existence of license agreements in Exhibit C. Again, these references provide no details of the licenses, and again Apple has not made a particularized showing of how an admission that licensing agreements exist would be detrimental if disclosed.<br>• Apple seeks redaction of references to licensing agreements with several third parties in Exhibit D. In this case, the parties are identified, but again, Apple has not made a particularized showing of how the fact that it has licensing agreements with other companies would be detrimental if revealed. The information is also already publicly available.[16] |

---

[15] *See* Docket No. 172.

[16] *See, e.g.*, Sam Oliver, "Apple licensed scrolling patent to IBM & Nokia, offered to Samsung," *Apple Insider*, Dec. 5, 2011 (*available at*

5

Case No: 12-0630 LHK (PSG)
ORDER DENYING SEALING MOTIONS

| | | |
|---|---|---|
| | | • The information Apple seeks to redact in Exhibits E, F, G, and H is the same as in the requests the court already has described: the existence of licensing agreements and the identities of the third parties. The court again finds Apple has not made a particularized showing of harm if this information is revealed. |
| 187 | Portions of Samsung's Reply re Motion to Compel Further Responses to Samsung's Preliminary Injunction Interrogatory No. 4 | Samsung's request on Apple's behalf to redact portions of its reply brief is DENIED. Apple seeks redaction of references to licensing agreements, portions of Judge Koh's order noting Apple's tendency or lack thereof to license its patents, and references to offers or negotiations to license the patents. None of the proposed redactions provide details about licensing agreements nor do they reveal critical information about the terms of the agreements. Apple has not made a particularized showing of harm that would result from disclosure of Samsung's references to potential licensing agreements. |

The parties shall file documents in compliance with this order within fourteen days.

**IT IS SO ORDERED.**

Dated:  March 6, 2013

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge

---

http://appleinsider.com/articles/11/12/05/apple_licensed_scrolling_patent_to_ibmnokia_offered_to_samsung).