UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>APPLE, INC., a California corporation,<br><br>　　　　　　Counterclaim-Defendant. | Case No.: 12-CV-00630-LHK<br><br>ORDER REGARDING STAY AND CASE NARROWING AND CONTINUING THE CASE MANAGEMENT CONFERENCE |

On March 7, 2013, the parties in this action filed a joint status report regarding whether they believed that a stay of this litigation was appropriate pending resolution of the appeal of the

1

Case No.: 12-CV-00630-LHK
ORDER REGARDING STAY AND CASE NARROWING AND CONTINUING THE CASE MANAGEMENT CONFERENCE

parties' separate litigation in Civil Action No. 11-CV-01846-LHK (the "1846 Case"). *See* ECF No. 393.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In light of the parties' joint status report, the Court will not stay the case. Accordingly, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC shall not file a motion seeking this administrative relief. If circumstances change, the Court will notify the parties.

As this case proceeds, the Court will require the parties to streamline the issues raised in this action significantly. Therefore, within ten days after the Court issues its Claim Construction Order, the parties will be required to limit their asserted patent claims and accused products to twenty-five per side. In addition, the parties will be required to further narrow their asserted patent claims and accused products as well as limit their prior art references: before the close of expert discovery, before the Court considers any motions for summary judgment, after the Court rules on any motions for summary judgment, and again before the pretrial conference. Further, the parties will be required to limit the number of consulting and testifying experts. Unlike in the 1846 Case, the Court will not permit the parties to involve over fifty experts in this litigation.

The Case Management Conference currently scheduled for March 27, 2013, is hereby CONTINUED to April 24, 2013, at 2:00 p.m. In the parties' joint case management statement, the parties shall make a proposal as to the narrowing of this case consistent with this Order.

**IT IS SO ORDERED.**

Dated: March 8, 2013

_____
LUCY H. KOH
United States District Judge

2
Case No.: 12-CV-00630-LHK
ORDER REGARDING STAY AND CASE NARROWING AND CONTINUING THE CASE MANAGEMENT CONFERENCE