QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF MICHAEL FAZIO IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF ITUNES AND ISYNC SOURCE CODE, PRINTOUTS, AND RELEASE INFORMATION** |

<u>DECLARATION OF MICHAEL FAZIO</u>

I, Michael Fazio, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in this action. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Attached hereto as Exhibit 1 is a true and correct copy of U.S. Patent No. 7,761,414.

3. Attached hereto as Exhibit 2 is a true and correct copy of Samsung's Patent Local Rule 3-3 and 3-4 Disclosures, dated August 10, 2012.

4. Attached hereto as Exhibit 3 is a true and correct copy of Exhibit D-9 to Samsung's Patent Local Rule 3-3 and 3-4 Disclosures, dated August 10, 2012

5. Attached hereto as Exhibit 4 is a true and correct copy of Exhibit D-10 to Samsung's Patent Local Rule 3-3 and 3-4 Disclosures, dated August 10, 2012

6. Attached hereto as Exhibit 5 is a true and correct copy of Samsung's Amended Patent Local Rule 3-3 and 3-4 Disclosures, dated December 27, 2012.

7. Attached hereto as Exhibit 6 is a true and correct copy of Samsung's Second Set of Requests for Production, dated April 12, 2012 .

8. Attached hereto as Exhibit 7 is a true and correct copy of Samsung's Sixth Set of Requests for Production, dated September 25, 2012.

9. Attached hereto as Exhibit 8 is a true and correct copy of Samsung's Eleventh Set of Requests for Production of Documents and Things (Nos. 594-647), dated January 15, 2013.

10. Attached hereto as Exhibit 9 is a true and correct copy of Samsung's First Set of Interrogatories, dated September 25, 2013.

11. Attached hereto as Exhibit 10 is a true and correct copy of a letter from Amar Thakur to Michael Valek, dated November 29, 2012.

1   12. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Brian
2   Buroker to Amar Thakur, dated November 30, 2013.
3   13. Attached hereto as Exhibit 12 is a true and correct copy of a letter from Brian
4   Buroker to Amar Thakur, dated December 23, 2012.
5   14. Attached hereto as Exhibit 13 is a true and correct copy of a letter from Amar
6   Thakur to Josh Krevitt, dated January 1, 2013.
7   15. Attached hereto as Exhibit 14 is a true and correct copy of a letter from Amar
8   Thakur to Josh Krevitt, dated January 7, 2013.
9   16. Attached hereto as Exhibit 15 is a true and correct copy of a letter from Joshua
10  Furman to Amar Thakur, dated January 7, 2013.
11  17. Attached hereto as Exhibit 16 is a true and correct copy of a letter from Amar
12  Thakur to Joshua Furman, dated January 9, 2013.
13  18. Attached hereto as Exhibit 17 is a true and correct copy of a letter from Amar
14  Thakur to Joshua Furman, dated January 14, 2013.
15  19. Attached hereto as Exhibit 18 is a true and correct copy of a letter from Amar
16  Thakur to Joshua Furman, dated January 23, 2013.
17  20. Attached hereto as Exhibit 19 is a true and correct copy of a letter from Amar
18  Thakur to Joshua Furman, dated January 29, 2013.
19  21. Attached hereto as Exhibit 20 is a true and correct copy of a letter from Amar
20  Thakur to Joshua Furman, dated February 6, 2013.
21  22. Attached hereto as Exhibit 21 is a true and correct copy of a letter from Joshua
22  Furman to Amar Thakur, dated January 12, 2013.
23  23. Attached hereto as Exhibit 22 is a true and correct copy of a letter from Joshua
24  Furman to Amar Thakur, dated February 1, 2013.
25  24. Attached hereto as Exhibit 23 is a true and correct copy of a letter from Amar
26  Thakur to Michael Valek, dated February 28, 2013.
27  25. Attached hereto as Exhibit 24 is a true and correct copy of a letter from Michael
28  Valek to Michael Fazio, dated March 1, 2013.

1    26.    Attached hereto as Exhibit 25 is a true and correct copy of a letter from Amar Thakur to Michael Valek, dated March 3, 2013

2    27.    Attached hereto as Exhibit 26 is a true and correct copy of a letter from Joshua Furman to Amar Thakur, dated January 8, 2013.

3    28.    Attached hereto as Exhibit 27 is a true and correct copy of a letter from Michael Fazio to Joshua Furman, dated January 10, 2013.

4    29.    Attached hereto as Exhibit 28 is a true and correct copy of a letter from Michael Fazio to Joshua Furman, dated January 12, 2013.

5    30.    Attached hereto as Exhibit 29 is a true and correct copy of an e-mail from Joshua Furman to Amar Thakur, dated January 14, 2013.

6    31.    Attached hereto as Exhibit 30 is a true and correct copy of a letter from Amar Thakur to Joshua Furman, dated January 31, 2013.

7    32.    Attached hereto as Exhibit 31 is a true and correct copy of a letter from Amar Thakur to Joshua Furman, dated February 10, 2013.

8    33.    Attached hereto as Exhibit 32 is a true and correct copy of a letter from Amar Thakur to Joshua Krevitt, dated January 11, 2013.

9    34.    Attached hereto as Exhibit 33 is a true and correct copy of a letter from Amar Thakur to Joshua Furman, dated January 16, 2013.

10   35.    Attached hereto as Exhibit 34 is a true and correct copy of a letter from Amar Thakur to Michael Valek, dated February 21, 2013.

11   36.    Attached hereto as Exhibit 35 is a true and correct copy of a letter from Amar Thakur to Michael Valek, dated March 8, 2013.

12   37.    Attached hereto as Exhibit 36 is a true and correct copy of the Stipulated Protective Order.

13   38.    Attached hereto as Exhibit 37 is a true and correct excerpts from The American Heritage College Dictionary (4th ed. 2002).

39. Attached hereto as Exhibit 38 is a true and correct copy of the Apple press release found at http://www.apple.com/pr/library/2008/03/06Apple-Announces-iPhone-2-0-Software-Beta.html, last accessed on March 12, 2013.

40. Attached hereto as Exhibit 39 is a true and correct copy of the Apple press release found at http://www.apple.com/pr/library/2011/04/27Apple-Q-A-on-Location-Data.html, last accessed on March 12 2013.

41. Attached hereto as Exhibit 40 is a true and correct copy of a letter from Michael Fazio to Joshua Furman, dated March 4, 2013.

42. Samsung has in good faith conferred with Apple in an effort to obtain this discovery without court action. Samsung sent Apple multiple letters on these issues in an attempt to resolve this dispute, including multiple letters attached as exhibits hereto. The parties also met and conferred on these issues in person during a lead counsel meet and confer on February 15, 2013 and again on February 16, 2013. Despite Samsung's good faith efforts to resolve all disputed issues discussed herein, the parties are at an impasse and are unable to resolve these issues without court action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2013, at Los Angeles, California.

By  */s/ Michael Fazio*

Michael Fazio