# EXHIBIT B

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION** |

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's First Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.   Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.   Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.   Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties.   Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on February 8, 2012).   Samsung will not log privileged documents that were created on or after February 8, 2012.

4.      Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous.   Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

6.      Samsung objects to these document requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects to each document request to the extent it is duplicative or cumulative of another document request or other discovery.

8.      Samsung objects to each document request to the extent it is compound and comprises discrete subparts resulting in separate document requests.

9.      Samsung objects generally to the document requests to the extent they seek confidential proprietary or trade secret information of third parties.    Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

10.      Samsung objects generally to the document requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.      Samsung objects to the document requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search Samsung's facilities and inquire of employees other than those facilities and employees that would reasonably be expected to have responsive information.    Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

12.      Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as to Samsung.

13.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.    Samsung's responses should not be construed to provide legal conclusions.

14.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.    The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

**<u>SPECIFIC OBJECTIONS</u>**

**<u>REQUEST NO. 92</u>:**

Documents sufficient to show the design, development, and implementation of the Accused Devices.

**<u>RESPONSE TO REQUEST NO. 92</u>:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:    (i)  it is vague and ambiguous with regard to the terms "design," "development," and "implementation;"  (ii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation;  (iii) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

1    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

2  responsive, non-privileged documents sufficient to show the design, development, and

3  implementation of the accused features of the Accused Devices that are in Samsung's possession,

4  custody, or control, that can be located based on a reasonable search.

5

6  **REQUEST NO. 93:**

7    Documents sufficient to show the design, development, and implementation of the

8  software running on or used by the Accused Devices, including, but not limited to, each version of

9  the Android operating system utilized by each of the Accused Devices.

10

11  **RESPONSE TO REQUEST NO. 93:**

12    In addition to its general objections, which it hereby incorporates by reference, Samsung

13  objects to this Request on the grounds that:   (i)  it is vague and ambiguous with regard to the

14  terms "sufficient to show," "design," "development," and "implementation;"  (ii)  it is temporally

15  and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time

16  period and seeks documents and things related to features or functionality that are not at issue in

17  this litigation;  (iii)  for devices in which the accused features were designed by Google or another

18  third party, it seeks documents that are not within Samsung's possession, custody, or control;  (iv)

19  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the

20  extent it seeks information subject to non-disclosure or other confidentiality agreements between

21  Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or

22  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

23  evidence.

24    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

25  responsive, non-privileged documents sufficient to show the design, development, and

26  implementation of the accused features of the software running on or used by the accused features

27  of the Accused Devices that are in Samsung's possession, custody, or control, that can be located

28  based on a reasonable search.

**REQUEST NO. 94:**

Any and all instructions, manuals, guides, or other documentation for the Accused Devices.

**RESPONSE TO REQUEST NO. 94:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it is vague and ambiguous with regard to the terms "instructions," "manuals," "guides," and "other documentation;"  (ii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation;  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 95:**

Documents sufficient to identify the individuals who contributed to, oversaw, or were otherwise involved in the design, development, or implementation of the Accused Devices.

**RESPONSE TO REQUEST NO. 95:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it is vague and ambiguous with regard to the terms "sufficient to identify," "contributed," "oversaw," "involved in," "design," "development," and "implementation;"  (ii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to

1  features or functionality that are not at issue in this litigation;  (iii)  for devices in which the

2  accused features were designed by Google or another third party, it seeks documents that are not

3  within Samsung's possession, custody, or control; and  (iv)  it seeks documents that are not

4  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

5  discovery of admissible evidence.

6      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

7  responsive, non-privileged documents sufficient to identify the individuals who contributed to,

8  oversaw, or were otherwise involved in the design, development, or implementation of the accused

9  features of the Accused Devices that are in Samsung's possession, custody, or control, that can be

10  located based on a reasonable search.

11

12  **REQUEST NO. 96:**

13      Source code and any other instructions utilized by or implemented on the Accused

14  Devices, including, but not limited to, source code for each version of the Android operating

15  system and applications utilized by each of the Accused Devices.

16

17  **RESPONSE TO REQUEST NO. 96:**

18      In addition to its general objections, which it hereby incorporates by reference, Samsung

19  objects to this Request on the grounds that:   (i)  it is vague and ambiguous including with regard

20  to the terms "instructions," "utilized by," and "implemented on;"  (ii)  it is temporally and

21  substantively overbroad and unduly burdensome in that it is not limited to any reasonable time

22  period and seeks documents and things related to features or functionality that are not at issue in

23  this litigation;  (iii)  for devices in which the accused features were designed by Google or another

24  third party, it seeks documents that are not within Samsung's possession, custody, or control;  (iv)

25  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the

26  extent it seeks information subject to non-disclosure or other confidentiality agreements between

27  Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or

28

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.

3      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  responsive, non-privileged source code for the accused features of the Accused Devices that are in

5  Samsung's possession, custody, or control, that can be located based on a reasonable search.

6

7  **REQUEST NO. 97:**

8      Source code and any other instructions utilized by or implemented on the Accused

9  Devices, including, but not limited to, source code for the features and functionality used by the

10  Accused Devices that Apple has alleged infringe the Patents-in-Suit.

11

12  **RESPONSE TO REQUEST NO. 97:**

13      In addition to its general objections, which it hereby incorporates by reference, Samsung

14  objects to this Request on the grounds that:   (i)  it is vague and ambiguous including with regard

15  to the terms "instructions," "utilized by," and "implemented on;"  (ii)  it is temporally and

16  substantively overbroad and unduly burdensome in that it is not limited to any reasonable time

17  period and seeks documents and things related to features or functionality that are not at issue in

18  this litigation;  (iii)  for devices in which the accused features were designed by Google or another

19  third party, it seeks documents that are not within Samsung's possession, custody, or control;  (iv)

20  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the

21  extent it seeks information subject to non-disclosure or other confidentiality agreements between

22  Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or

23  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

24  evidence.

25      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

26  responsive, non-privileged source code for the accused features of the Accused Devices that are in

27  Samsung's possession, custody, or control, that can be located based on a reasonable search.

28

1  **REQUEST NO. 98:**

2       All Documents relating to any analysis, review, consideration, evaluation, inspection, tear-

3  down report, or copying of any Apple product, feature, or functionality, including but not limited

4  to any comparisons between any Apple product, feature, or functionality and any actual or

5  contemplated features or functionality Samsung included or considered including with its

6  smartphones, including but not limited to the Accused Devices.

7

8  **RESPONSE TO REQUEST NO. 98:**

9       In addition to its general objections, which it hereby incorporates by reference, Samsung

10  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

11  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

12  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

13  is vague and ambiguous with regard to the terms "relating to," "analysis," "review,"

14  "consideration," "evaluation," "inspection," "tear-down report," "copying," "comparison,"

15  "contemplated," "included," and "considered including;"  (iii)  it is temporally and substantively

16  overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks

17  documents and things related to products, features or functionality that are not at issue in this

18  litigation; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party

19  and/or not reasonably calculated to lead to the discovery of admissible evidence.

20       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

21  responsive, non-privileged documents regarding the accused features that are in Samsung's

22  possession, custody, or control, that can be located based on a reasonable search

23

24  **REQUEST NO. 99:**

25       All documents relating to any analysis, review, consideration, evaluation, inspection, tear-

26  down report, or copying of any Apple product relating to the features and functionality used by the

27  Accused Devices that Apple has alleged infringe the Patents-in-Suit.

28

1   **RESPONSE TO REQUEST NO. 99:**

2       In addition to its general objections, which it hereby incorporates by reference, Samsung

3 objects to this Request on the grounds that:  (i)  it seeks to elicit information subject to and

4 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

5 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

6 is vague and ambiguous with regard to the terms "relating to," "analysis," "review,"

7 "consideration," "evaluation," "inspection," "tear-down report," and "copying;" and  (iii)  it seeks

8 documents that are not relevant to the claims or defenses of any party and/or not reasonably

9 calculated to lead to the discovery of admissible evidence.

10       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

11 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

12 can be located based on a reasonable search.

13

14   **REQUEST NO. 100:**

15       All Documents relating to any analysis, review, consideration, evaluation, or attempts to

16 design around or otherwise avoid infringement of any claim of the Patents-in-Suit.

17

18   **RESPONSE TO REQUEST NO. 100:**

19       In addition to its general objections, which it hereby incorporates by reference, Samsung

20 objects to this Request on the grounds that:  (i)  it seeks to elicit information subject to and

21 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

22 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

23 is vague and ambiguous with regard to the terms "relating to," "analysis," "review,"

24 "consideration," "evaluation," "attempts," "design around," and "otherwise avoid infringement;"

25 and  (iii)  it seeks documents that are not relevant to the claims or defenses of any party and/or not

26 reasonably calculated to lead to the discovery of admissible evidence.

27

28

1    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

2    responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

3    can be located based on a reasonable search.

4

5    **REQUEST NO. 101:**

6    All Documents relating to the design or development of the Accused Devices that mention

7    or refer to Apple or Apple products, including but not limited to Documents relating to the design

8    or development of the features and functionality of the Accused Devices that Apple has alleged

9    infringe the Patents-in-Suit, including communications among or with your personnel that discuss

10   whether or how to copy or implement any design, feature, or function of an Apple product.

11

12   **RESPONSE TO REQUEST NO. 101:**

13   In addition to its general objections, which it hereby incorporates by reference, Samsung

14   objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

15   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

16   privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

17   is vague and ambiguous with regard to the terms "relating to," "design," "development," "copy,"

18   and "implement;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in

19   that it is not limited to any reasonable time period and seeks documents and things related to

20   features or functionality that are not at issue in this litigation; and  (iv)  it seeks documents that are

21   not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

22   discovery of admissible evidence.

23   Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

24   responsive, non-privileged documents relating to the design or development of the accused

25   features for the Accused Devices that are in Samsung's possession, custody, or control, and that

26   can be located based on a reasonable search.

27

28

**REQUEST NO. 102:**

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the Android platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to copy or implement any design, feature, or function of an Apple product. Documents responsive to this Request include, but are not limited to, Documents related to the redesign of any Samsung product in light of Apple products.

**RESPONSE TO REQUEST NO. 102:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague and ambiguous with regard to the terms "relating to," "design," "development," "mention," "refer to," "copy," "implement," and "redesign;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to products, features or functionality that are not at issue in this litigation; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents relating to the design or development of the accused features for the Accused Devices that are in Samsung's possession, custody, or control, and that can be located based on a reasonable search.

**REQUEST NO. 103:**

All Documents relating to the design or development of any Samsung smartphone or products that use or incorporate the bada platform that mention or refer to Apple or Apple products, including communications among or with your personnel that discuss whether or how to

1  copy or implement any design, feature, or function of an Apple product. Documents responsive to

2  this Request include, but are not limited to, Documents related to the redesign of any Samsung

3  product in light of Apple products.

4

5  **RESPONSE TO REQUEST NO. 103:**

6      In addition to its general objections, which it hereby incorporates by reference, Samsung

7  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

8  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

9  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

10  is vague and ambiguous with regard to the terms "relating to," "design," "development,"

11  "mention," "refer to," "copy," "implement," and "redesign;"  (iii)  it is temporally and

12  substantively overbroad and unduly burdensome in that it is not limited to any reasonable time

13  period and seeks documents and things related to products, features or functionality that are not at

14  issue in this litigation; and  (iv)  it seeks documents that are not relevant to the claims or defenses

15  of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

16

17  **REQUEST NO. 104:**

18      All Documents that comprise, refer, or relate to communications with third parties

19  regarding the design, development, and implementation of the features and functionality used by

20  the Accused Devices, including, but not limited to the features and functionality that Apple has

21  alleged infringe the Patents-in-Suit.

22

23  **RESPONSE TO REQUEST NO. 104:**

24      In addition to its general objections, which it hereby incorporates by reference, Samsung

25  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

26  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

27  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

28  is vague and ambiguous with regard to the terms "comprise," "refer," "relate to," "design,"

"development," and "implementation;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to products, features or functionality that are not at issue in this litigation;  (iv)  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent it seeks information subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that comprise, refer, or relate to communications with third parties regarding the design, development, and implementation of the accused features for the Accused Devices that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 105:**

All Documents that comprise, refer, or relate to communications with Google Inc. regarding the design, development, and implementation of the features and functionality used by the Accused Devices, including, but not limited to the features and functionality that Apple has alleged infringe the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 105:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague and ambiguous with regard to the terms "comprise," "refer," "relate to," "design," "development," and "implementation;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and

1  things related to features or functionality that are not at issue in this litigation;  (iv)  it seeks the

2  confidential, proprietary and/or trade secret information of third parties, and to the extent it seeks

3  information subject to non-disclosure or other confidentiality agreements between Samsung and a

4  third party; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party

5  and/or not reasonably calculated to lead to the discovery of admissible evidence.

6       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

7  responsive, non-privileged documents that comprise, refer, or relate to communications with

8  Google Inc. regarding the design, development, and implementation of the accused features for the

9  Accused Devices that are in Samsung's possession, custody, or control, that can be located based

10  on a reasonable search.

11

12  **REQUEST NO. 106:**

13       All Documents that comprise, refer, or relate to Samsung's discussion, both internally and

14  with third-parties, of contributions to and efforts related to the design, development and

15  implementation of the Android platform.

16

17  **RESPONSE TO REQUEST NO. 106:**

18       In addition to its general objections, which it hereby incorporates by reference, Samsung

19  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

20  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

21  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

22  is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer,"

23  "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively

24  overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks

25  documents and things related to products, features or functionality that are not at issue in this

26  litigation;  (iv)  it seeks the confidential, proprietary and/or trade secret information of third

27  parties, and to the extent it seeks information subject to non-disclosure or other confidentiality

28  agreements between Samsung and a third party; and  (v)  it seeks documents that are not relevant

1  to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

2  admissible evidence.

3       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  responsive, non-privileged documents regarding Samsung's discussions of contributions to and

5  efforts related to the design, development and implementation of the accused features for the

6  Accused Devices that are in Samsung's possession, custody, or control, that can be located based

7  on a reasonable search.

8

9  **REQUEST NO. 107:**

10       All Documents that comprise, refer, or relate to Samsung's discussion, both internally and

11  with third-parties, of contributions to and efforts related to the design, development and

12  implementation of the bada platform.

13

14  **RESPONSE TO REQUEST NO. 107:**

15       In addition to its general objections, which it hereby incorporates by reference, Samsung

16  objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

17  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

18  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

19  is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer,"

20  "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively

21  overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks

22  documents and things related to products, features or functionality that are not at issue in this

23  litigation; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party

24  and/or not reasonably calculated to lead to the discovery of admissible evidence.

25

26  **REQUEST NO. 108:**

27       All Documents that comprise, refer, or relate to Samsung's discussion of, both internally

28  and with third-parties, contributions to and efforts related to the design, development and

J.4

implementation of any version of the Android operating system that runs or has run on any of the Accused Devices.

**RESPONSE TO REQUEST NO. 108:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer," "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to products, features or functionality that are not at issue in this litigation;  (iv)  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent it seeks information subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents regarding Samsung's discussions of contributions to and efforts related to the design, development and implementation of the accused features for the Accused Devices that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 109:**

All Documents that comprise, refer, or relate to communications with or contributions by third parties regarding the design, development, and implementation of the Accused Devices.

1  **RESPONSE TO REQUEST NO. 109:**

2      In addition to its general objections, which it hereby incorporates by reference, Samsung

3  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

4  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

5  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

6  is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer,"

7  "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively

8  overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks

9  documents and things related to features or functionality that are not at issue in this litigation;  (iv)

10 it seeks the confidential, proprietary and/or trade secret information of third parties, and to the

11 extent it seeks information subject to non-disclosure or other confidentiality agreements between

12 Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or

13 defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

14 evidence.

15      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

16 responsive, non-privileged documents regarding communications with or contributions by third

17 parties regarding the design, development, and implementation of the accused features for the

18 Accused Devices that are in Samsung's possession, custody, or control, that can be located based

19 on a reasonable search.

20

21 **REQUEST NO. 110:**

22      All Documents that comprise, refer, or relate to communications with or contributions by

23 third parties regarding the design, development, and implementation of any Samsung products that

24 use or incorporate the Android platform.

25

26 **RESPONSE TO REQUEST NO. 110:**

27      In addition to its general objections, which it hereby incorporates by reference, Samsung

28 objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer," "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to products, features or functionality that are not at issue in this litigation;  (iv)  it seeks the confidential, proprietary and/or trade secret information of third parties, and to the extent it seeks information subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents regarding contributions by third parties to the design, development, and implementation of the accused features for the Accused Devices that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 111:**

All Documents that comprise, refer, or relate to communications with or contributions by third parties regarding the design, development, and implementation of any Samsung products that use or incorporate the bada platform.

**RESPONSE TO REQUEST NO. 111:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague, ambiguous, and unintelligible, including with regard to the terms "comprise," "refer," "relate to," "design, "development," and "implementation;"  (iii)  it is temporally and substantively

overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to products, features or functionality that are not at issue in this litigation; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 112:**

All Documents relating to your knowledge of each of the Patents-in-Suit, including but not limited to when you first became aware of each of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 112:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague, ambiguous, and unintelligible, including with regard to the term "relating to;"  (iii)  it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people;  (iv)  it seeks documents that are equally or more readily available to Apple than to Samsung; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 113:**

All Documents, including source code, prototypes, models and products, that you contend constitute or relate to prior art to the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 113:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is premature to the extent it seeks documents and things inconsistent with the timeframes set forth in the Northern District of California Patent Local Rules;  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and  (iv)  it is vague and ambiguous with regard to the term "relate to."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 114:**

All Documents relating to any contention that the Accused Devices do not infringe any claim of the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 114:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is premature to the extent it seeks documents and things inconsistent with the timeframes set forth in the Northern District of California Patent Local Rules;  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and  (iv)  it is vague and ambiguous with regard to the term "relating to."

1    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

2    responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

3    can be located based on a reasonable search.

4

5    **REQUEST NO. 115:**

6    All Documents relating to any contention that any claim of the Patents-in-Suit are invalid.

7

8    **RESPONSE TO REQUEST NO. 115:**

9    In addition to its general objections, which it hereby incorporates by reference, Samsung

10   objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

11   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

12   privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

13   is premature to the extent it seeks documents and things inconsistent with the timeframes set forth

14   in the Northern District of California Patent Local Rules;  (iii)  it seeks documents that are equally

15   or more readily available to Apple than to Samsung, including documents and things that are

16   publicly available; and  (iv)  it is vague and ambiguous with regard to the term "relating to."

17   Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

18   responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

19   can be located based on a reasonable search.

20

21   **REQUEST NO. 116:**

22   All Documents relating to the invalidity, validity, unenforceability, or enforceability of the

23   Patents-in-Suit, including all Documents relating to any contention that you make that any of the

24   Patents-in-Suit are invalid or unenforceable.

25

26   **RESPONSE TO REQUEST NO. 116:**

27   In addition to its general objections, which it hereby incorporates by reference, Samsung

28   objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

1 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

2 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

3 is premature to the extent it seeks documents and things inconsistent with the timeframes set forth

4 in the Northern District of California Patent Local Rules;  (iii)  it seeks documents that are equally

5 or more readily available to Apple than to Samsung, including documents and things that are

6 publicly available; and  (iv)  it is vague and ambiguous with regard to the term "relating to."

7      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

8 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

9 can be located based on a reasonable search.

10

11 **REQUEST NO. 117:**

12      All Documents that embody, refer to, relate to, or comprise any study, analysis, review or

13 opinion (including opinions of counsel), conclusions, or contentions regarding the validity or

14 invalidity, infringement or non-infringement, enforceability or unenforceability, interpretation or

15 scope of any of the claims of any of the Patents-in-Suit or any related patents, regardless of from

16 whom such opinions, conclusions, or contentions were obtained, including without limitation, any

17 studies, reports, or competitive comparisons made with respect to acts done, products sold,

18 methods or systems used or services offered by Samsung, or by any third party.

19

20 **RESPONSE TO REQUEST NO. 117:**

21      In addition to its general objections, which it hereby incorporates by reference, Samsung

22 objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

23 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

24 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

25 is vague and ambiguous with regard to the terms "embody," "refer to," "relate to," "comprise,"

26 "study," "analysis," "review," "opinion," "conclusions," "studies," "reports" "competitive

27 comparisons," "acts done," " methods or systems used" and "services offered;"  (iii)  it is overly

28 broad and unduly burdensome;  (iv)  it is premature to the extent it seeks documents and things

1    inconsistent with the timeframes set forth in the Northern District of California Patent Local

2    Rules; and (v) it seeks documents that are not relevant to the claims or defenses of any party

3    and/or not reasonably calculated to lead to the discovery of admissible evidence.

4           Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

5    responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

6    can be located based on a reasonable search.

7

8    **REQUEST NO. 118:**

9           All Documents relied upon or considered by any declarants of Samsung filed in this case.

10

11   **RESPONSE TO REQUEST NO. 118:**

12          In addition to its general objections, which it hereby incorporates by reference, Samsung

13   objects to this Request on the grounds that:    (i) it seeks to elicit information subject to and

14   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

15   privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

16   seeks discovery not permitted under the Court's Agreed Upon Protective Order Regarding

17   Disclosure and Use of Discovery Materials, entered on January 30, 2012 in Civil Action No. 11-

18   cv-01846-LHK and adopted on an interim basis in this action by virtue of the parties' Stipulation

19   and [Proposed] Order Re Discovery, filed March 22, 2012; (iii) it is overly broad and unduly

20   burdensome; and (iv) it is vague and ambiguous with regard to the terms "relied" and

21   "considered."

22          Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

23   responsive, non-privileged documents relied upon by Samsung declarants in this case.

24

25   **REQUEST NO. 119:**

26          All Documents Samsung intends to use for impeachment or examination of all declarants

27   in this case.

28

**RESPONSE TO REQUEST NO. 119:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii) the Federal Rules of Civil Procedure do not require the production of impeachment materials;  (iii) it is overly broad and unduly burdensome; and  (iv)  it calls for speculation.

**REQUEST NO. 120:**

All Documents considered or relied upon by any expert that Samsung retains in connection with this case.

**RESPONSE TO REQUEST NO. 120:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is premature to the extent it seeks documents and things inconsistent with the timeframes set forth in the Northern District of California Patent Local Rules and the Federal Rules of Civil Procedure; (iii)  it is vague and ambiguous with regard to the terms "considered" and "relied upon;" and  (iv) it seeks discovery not permitted under the Court's Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials, entered on January 30, 2012 in Civil Action No. 11-cv-01846-LHK and adopted on an interim basis in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents in accordance with the schedule set forth in the Court's scheduling order, the Northern District of California Patent Local Rules and the Federal Rules of Civil Procedure.

**REQUEST NO. 121:**

All Documents Samsung intends to use for impeachment or examination of all experts in this case.

**RESPONSE TO REQUEST NO. 121:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii) the Federal Rules of Civil Procedure do not require the production of impeachment materials;  (iii) it is overly broad and unduly burdensome; and  (iv)  it calls for speculation.

**REQUEST NO. 122:**

All Documents Samsung intends to use for impeachment or examination of any person Samsung will seek to depose in connection with this case.

**RESPONSE TO REQUEST NO. 122:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii) the Federal Rules of Civil Procedure do not require the production of impeachment materials;  (iii) it is overly broad and unduly burdensome; and  (iv)  it calls for speculation.

**REQUEST NO. 123:**

All documents and things that Samsung intends to use as exhibits at any hearing in this case, including, but not limited to, a Markman hearing, a hearing on a dispositive motion and trial.

**RESPONSE TO REQUEST NO. 123:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is premature to the extent it seeks documents and things inconsistent with the timeframes set forth in the Northern District of California Patent Local Rules;  (iii)  the Federal Rules of Civil Procedure do not require the production of impeachment exhibits;  (iv)  it is overly broad and unduly burdensome; and  (v)  it calls for speculation.

**REQUEST NO. 124:**

All Documents considered or relied on to respond to any interrogatory in this case.

**RESPONSE TO REQUEST NO. 124:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome;  (iii)  it is vague and ambiguous with regard to the terms "considered" and "relied on;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents relied on to respond to any interrogatory in this case that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 125:**

All Documents relating to any contention that Apple would not be irreparably harmed in the absence of an injunction.

**RESPONSE TO REQUEST NO. 125:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available;  and  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "irreparably harmed."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 126:**

All Documents relating to any contention that money damages would be adequate to compensate Apple in this case.

**RESPONSE TO REQUEST NO. 126:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily

available to Apple than to Samsung, including documents and things that are publicly available; and  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "compensate."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 127:**

All Documents relating to any contention that the public interest would not be served by a injunction in this case.

**RESPONSE TO REQUEST NO. 127:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "public interest."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 128:**

All Documents relating to any contention that there is no nexus, relationship, or causal link between the alleged infringement of the Patents-in-Suit in this case and the alleged harm to Apple caused by that infringement.

1    **RESPONSE TO REQUEST NO. 128:**

2          In addition to its general objections, which it hereby incorporates by reference, Samsung

3    objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

4    protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

5    privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

6    is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily

7    available to Apple than to Samsung, including documents and things that are publicly available;

8    and  (iv)  it is vague and ambiguous with regard to the terms "relating to," "nexus," "relationship,"

9    "causal link," "alleged infringement," and "alleged harm."

10         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

11   responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

12   can be located based on a reasonable search.

13

14   **REQUEST NO. 129:**

15         All Documents relating to any impact an injunction in this case would have on Defendants.

16

17   **RESPONSE TO REQUEST NO. 129:**

18         In addition to its general objections, which it hereby incorporates by reference, Samsung

19   objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

20   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

21   privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

22   is overly broad and unduly burdensome;  (iii)  it presents an incomplete hypothetical; and  (iv)  it

23   is vague and ambiguous with regard to the terms "relating to" and "impact."

24

25   **REQUEST NO. 130:**

26         All Documents relating to any contention that any of the features or functionality used by

27   the Accused Devices that Apple has alleged infringe the Patents-in-Suit, do not drive sales, or are

28   not the basis of consumer demand.

1  **RESPONSE TO REQUEST NO. 130:**

2      In addition to its general objections, which it hereby incorporates by reference, Samsung

3  objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

4  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

5  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

6  is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily

7  available to Apple than to Samsung, including documents and things that are publicly available;

8  and  (iv)  it is vague and ambiguous with regard to the terms "relating to," "drive sales," and "basis

9  of consumer demand."

10      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

11  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

12  can be located based on a reasonable search.

13

14  **REQUEST NO. 131:**

15      All Documents relating to any advertising, promotions, actual or considered related to the

16  Accused Devices.

17

18  **RESPONSE TO REQUEST NO. 131:**

19      In addition to its general objections, which it hereby incorporates by reference, Samsung

20  objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

21  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

22  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

23  is temporally and substantively overbroad and unduly burdensome in that it is not limited to any

24  reasonable time period and seeks documents and things related to features and functions that are

25  not at issue in this litigation;  (iii)  it seeks documents that are equally or more readily available to

26  Apple than to Samsung, including documents and things that are publicly available;  (iv)  it is

27  vague and ambiguous with regard to the terms "advertising," and "promotions;" and  (v)  it seeks

28

1  documents that are not relevant to the claims or defenses of any party and/or not reasonably

2  calculated to lead to the discovery of admissible evidence.

3      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

5  can be located based on a reasonable search.

6

7  **REQUEST NO. 132:**

8      Documents sufficient to show Samsung's actual sales and market share for the Accused

9  Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis,

10 from the time each of the Accused Devices was first released, through trial.

11

12 **RESPONSE TO REQUEST NO. 132:**

13     In addition to its general objections, which it hereby incorporates by reference, Samsung

14 objects to this Request on the grounds that:   (i)  it is temporally and substantively overbroad and

15 unduly burdensome in that it is not limited to any reasonable time period;  (ii)  it is unduly

16 burdensome to the extent it purports to require Samsung to produce information in a format

17 different from how it is kept in the ordinary course of business;  (iii)  it is vague and ambiguous

18 with regard to the terms "actual sales" and "market share;"  (iv)  it seeks documents that are

19 equally or more readily available to Apple than to Samsung, including documents and things that

20 are publicly available; and  (v)  it seeks documents that are not relevant to the claims or defenses

21 of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

22     Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

23 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

24 can be located based on a reasonable search, as kept in the regular course of business.

25

26 **REQUEST NO. 133:**

27     Documents sufficient to show Samsung's projected sales and market share for the Accused

28 Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, for

1  any period of time for which any such projections were prepared, as kept in the regular course of

2  business.

3

4  **RESPONSE TO REQUEST NO. 133:**

5       In addition to its general objections, which it hereby incorporates by reference, Samsung

6  objects to this Request on the grounds that:   (i)  it is temporally and substantively overbroad and

7  unduly burdensome in that it is not limited to any reasonable time period;  (ii)  it is unduly

8  burdensome to the extent it purports to require Samsung to produce information in a format

9  different from how it is kept in the ordinary course of business;  (iii)  it is vague and ambiguous

10 with regard to the terms "projected sales" and "market share;" and  (iv)  it seeks documents that

11 are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to

12 the discovery of admissible evidence.

13       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

14 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

15 can be located based on a reasonable search.

16

17 **REQUEST NO. 134:**

18       All Documents that that comprise, refer, or relate to communications with any advertisers

19 regarding any of the Accused Devices.

20

21 **RESPONSE TO REQUEST NO. 134:**

22       In addition to its general objections, which it hereby incorporates by reference, Samsung

23 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

24 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

25 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

26 is temporally and substantively overbroad and unduly burdensome in that it is not limited to any

27 reasonable time period and seeks documents and things related to features and functions that are

28 not at issue in this litigation;  (iii)  it seeks documents that are not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence; and  (iv)  it is vague and ambiguous with regard to the terms "comprise," "refer" and

3  "relate to."

4         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

5  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

6  can be located based on a reasonable search.

7

8  **REQUEST NO. 135:**

9         All Documents relating to marketing of the Accused Devices that discuss or refer directly

10  or indirectly to Apple or Apple products, including copies of all advertisements or other

11  promotional materials, marketing plans, market surveys, focus group studies, or other Documents

12  related to testing of advertisements or advertisement messaging.

13

14  **RESPONSE TO REQUEST NO. 135:**

15         In addition to its general objections, which it hereby incorporates by reference, Samsung

16  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

17  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

18  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

19  is temporally and substantively overbroad and unduly burdensome in that it is not limited to any

20  reasonable time period and seeks documents and things related to features and functions that are

21  not at issue in this litigation;  (iii)  it seeks documents that are equally or more readily available to

22  Apple than to Samsung, including documents and things that are publicly available;  (iv)  it is

23  vague and ambiguous with regard to the terms "promotional materials," "marketing plans,"

24  "market surveys," and "focus group studies;" and  (v)  it seeks documents that are not relevant to

25  the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

26  admissible evidence.

27

28

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 136:**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for one of the Accused Devices, or one of the Accused Devices for an Apple product.

**RESPONSE TO REQUEST NO. 136:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people;  (iii)  it is vague and ambiguous with regard to the term "confused;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 137:**

All Documents relating to Samsung's policies for the retention of documents.

**RESPONSE TO REQUEST NO. 137:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond;

(iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the term "relating to;" (v)  it is unduly burdensome in that it would require Samsung to produce again documents already deemed produced in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; and  (vi)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents.

**REQUEST NO. 138:**

All Documents relating to Samsung's policies for the retention of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 138:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond;  (iii)  it is vague and ambiguous with regard to the terms "relating to" and "related to;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents and the efforts taken by Samsung to secure and collect documents relevant to this lawsuit.

**REQUEST NO. 139:**

All Documents relating to Samsung's policies for the destruction or overwriting of documents.

**RESPONSE TO REQUEST NO. 139:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "overwriting;"  (v)  it is unduly burdensome in that it would require Samsung to produce again documents already deemed produced in this action by virtue of the parties' Stipulation and [Proposed] Order Re Discovery, filed March 22, 2012; and  (vi)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents.

**REQUEST NO. 140:**

All Documents relating to Samsung's policies for the destruction or overwriting of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 140:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii)  it is vague and ambiguous with regard to the terms "relating to," "overwriting," and "related to;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents and the efforts taken by Samsung to secure and collect documents relevant to this lawsuit.

**REQUEST NO. 141:**

All Documents relating to the treatment of documents when a Samsung employee leaves the employment of Samsung.

**RESPONSE TO REQUEST NO. 141:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "the treatment of documents;" and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents.

**REQUEST NO. 142:**

All Documents relating to the treatment of documents when a Samsung employee's computer is replaced or ceases to be used by that employee.

**RESPONSE TO REQUEST NO. 142:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "the treatment of documents;" and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents.

**REQUEST NO. 143:**

All Documents relating to the suspension of destruction or overwriting of documents.

1   **RESPONSE TO REQUEST NO. 143:**

2       In addition to its general objections, which it hereby incorporates by reference, Samsung

3 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

4 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

5 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

6 is overly broad and unduly burdensome to the extent it would require undue expense to respond;

7 (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to

8 any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to"

9 and "overwriting;" and  (v)  it seeks documents that are not relevant to the claims or defenses of

10 any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

11       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

12 responsive, non-privileged documents sufficient to show Samsung's policies for retention of

13 documents and the efforts taken by Samsung to secure and collect documents relevant to this

14 lawsuit.

15

16   **REQUEST NO. 144:**

17       All Documents relating to the suspension of destruction or overwriting of documents

18 related to this litigation, the Accused Devices or the Patents-in-Suit.

19

20   **RESPONSE TO REQUEST NO. 144:**

21       In addition to its general objections, which it hereby incorporates by reference, Samsung

22 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

23 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

24 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

25 is overly broad and unduly burdensome to the extent it would require undue expense to respond;

26 (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to

27 any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to,"

28 "related to," and "overwriting;" and  (v)  it seeks documents that are not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.

3      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  responsive, non-privileged documents sufficient to show Samsung's policies for retention of

5  documents and the efforts taken by Samsung to secure and collect documents relevant to this

6  lawsuit.

7

8  **REQUEST NO. 145:**

9      All Documents relating to preventing spoliation of potential evidence.

10

11  **RESPONSE TO REQUEST NO. 145:**

12      In addition to its general objections, which it hereby incorporates by reference, Samsung

13  objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

14  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

15  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

16  is overly broad in that it is not limited to this case;  (iii)  it is temporally and substantively

17  overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is

18  vague and ambiguous with regard to the terms "relating to;" and  (v)  it seeks documents that are

19  not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

20  discovery of admissible evidence.

21      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

22  responsive, non-privileged documents sufficient to show Samsung's policies for retention of

23  documents and the efforts taken by Samsung to secure and collect documents relevant to this

24  lawsuit.

25

26  **REQUEST NO. 146:**

27      All Documents relating to preventing spoliation of potential evidence related to this

28  litigation, the Accused Devices or the Patents-in-Suit.

SAMSUNG'S OBJECTIONS AND RESPONSES TO
APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST NO. 146:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "related to;" and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 147:**

All Documents relating to spoliation of potential evidence.

**RESPONSE TO REQUEST NO. 147:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad in that it is not limited to this case;  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents sufficient to show Samsung's policies for retention of documents and the efforts taken by Samsung to secure and collect documents relevant to this lawsuit.

**REQUEST NO. 148:**

All Documents relating to spoliation of potential evidence related to this litigation, the Accused Devices or the Patents-in-Suit.

**RESPONSE TO REQUEST NO. 148:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it would require undue expense to respond; (iii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period; (iv) it is vague and ambiguous with regard to the terms "relating to" and "related to;" and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 149:**

All Documents relating to the creation or retention of backup and/or archive media.

**RESPONSE TO REQUEST NO. 149:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad in that it is not limited to this case;  (iii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "backup and/or archive media;" and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 150:**

All Documents that refer to, relate to or evidence any communications between Apple (or its representatives) and Samsung (or its representatives, or its affiliates) generally or concerning any of the Patents-in-Suit or related patent applications of Apple, including without limitation any discussion, consideration, or analysis by Samsung or its representatives or affiliates, prior to subsequent to such communications, regarding any of the Patents-in-Suit, and whether Samsung should or would license, buy, acquire or otherwise obtain rights under any of the Patents-in-Suit or related patent applications of Apple.

**RESPONSE TO REQUEST NO. 150:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is vague and ambiguous with regard to the terms "refer to," "relate to," "evidence," "discussion," "consideration," and "analysis;"  (iii)  it seeks documents that are equally or more readily available to Apple than to Samsung; and  (iv)  it seeks documents that are not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.

3        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

5  can be located based on a reasonable search.

6

7  **REQUEST NO. 151:**

8        All Documents that refer to, relate to or evidence any consideration, negotiation,

9  recommendation, or proposal to license, buy, acquire or otherwise obtain rights under any of the

10 Patents-in-Suit or related patent applications of Apple.

11

12 **RESPONSE TO REQUEST NO. 151:**

13       In addition to its general objections, which it hereby incorporates by reference, Samsung

14 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and

15 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

16 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

17 is vague and ambiguous with regard to the terms "refer to," "relate to," "evidence,"

18 "consideration," "negotiation," "recommendation," and "proposal;"  (iii)  it seeks documents that

19 are equally or more readily available to Apple than to Samsung; and  (iv)  it seeks documents that

20 are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to

21 the discovery of admissible evidence.

22       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

23 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

24 can be located based on a reasonable search.

25

26

27

28

1   **REQUEST NO. 152:**

2        All Documents, including, without limitation, claim charts, opinions, tests and technical

3   analyses, relied upon or referred to in determining whether or not to assert any affirmative

4   defenses or counterclaim(s) in this action.

5

6   **RESPONSE TO REQUEST NO. 152:**

7        In addition to its general objections, which it hereby incorporates by reference, Samsung

8   objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

9   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

10  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

11  is overly broad and unduly burdensome to the extent it would require undue expense to respond

12  and seeks documents that are not within the possession, custody, or control of Samsung;  (iii)  it is

13  premature to the extent it seeks documents and things inconsistent with the timeframes set forth in

14  the Northern District of California Patent Local Rules; and  (iv)  it is vague and ambiguous with

15  regard to the term "claim charts," "opinions," "tests" and "technical analyses."

16

17  **REQUEST NO. 153:**

18       All Documents relied upon or consulted in deciding whether to admit or deny any

19  allegation in Apple's Complaint in this action.

20

21  **RESPONSE TO REQUEST NO. 153:**

22       In addition to its general objections, which it hereby incorporates by reference, Samsung

23  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

24  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

25  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

26  is overly broad and unduly burdensome; and  (iii)  it is vague and ambiguous with regard to the

27  terms "relied upon" and "consulted."

28

1

**REQUEST NO. 154:**

2      All Documents that support, refute, or relate to any affirmative defenses asserted by

3   Samsung in this action.

4

5   **RESPONSE TO REQUEST NO. 154:**

6      In addition to its general objections, which it hereby incorporates by reference, Samsung

7   objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

8   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

9   privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

10  is overly broad and unduly burdensome to the extent it would require undue expense to respond

11  and seeks documents that are not within the possession, custody, or control of Samsung;  (iii)  it is

12  premature to the extent it seeks documents and things inconsistent with the timeframes set forth in

13  the Northern District of California Patent Local Rules; and  (iv)  it is vague and ambiguous with

14  regard to the terms "support," "refute" and "relate."

15     Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

16  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

17  can be located based on a reasonable search.

18

19  **REQUEST NO. 155:**

20     All Documents that support, refute, or relate to any counterclaims asserted by Samsung in

21  this action.

22

23  **RESPONSE TO REQUEST NO. 155:**

24     In addition to its general objections, which it hereby incorporates by reference, Samsung

25  objects to this Request on the grounds that:    (i)  it seeks to elicit information subject to and

26  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

27  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it

28  is overly broad and unduly burdensome;  (iii)  it is premature to the extent it seeks documents and

1  things inconsistent with the timeframes set forth in the Northern District of California Patent Local

2  Rules; and  (iv)  it is vague and ambiguous with regard to the terms "support," "refute" and

3  "relate."

4        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

5  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

6  can be located based on a reasonable search.

7

8  DATED: May 11, 2012              QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
9

10

11                                 By  /s/ Patrick M. Shields
                                       Charles K. Verhoeven
12                                     Kevin P.B. Johnson
                                       Victoria F. Maroulis
13                                     William C. Price
                                       Patrick M. Shields
14                                     Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
15                                     INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO
APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
|---|---|
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.    I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On May 11, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA        94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA        94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |

**BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 11, 2012, at Los Angeles, California.

*/s/ Pamela S. Davis*

02198.51981/4750552.1

-1-