# EXHIBIT C

1    JOSH A. KREVITT (CA SBN 208552)          HAROLD J. MCELHINNY (CA SBN 66781)
     jkrevitt@gibsondunn.com                  hmcelhinny@mofo.com
2    H. MARK LYON (CA SBN 162061)             MICHAEL A. JACOBS (CA SBN 111664)
     mlyon@gibsondunn.com                     mjacobs@mofo.com
3    GIBSON, DUNN & CRUTCHER LLP              RICHARD S.J. HUNG (CA SBN 197425)
     1881 Page Mill Road                      rhung@mofo.com
4    Palo Alto, California  94304-1211        MORRISON & FOERSTER LLP
     Telephone: (650) 849-5300                425 Market Street
5    Facsimile: (650) 849-5333                San Francisco, California 94105-2482
                                              Telephone: (415) 268-7000
6                                             Facsimile: (415) 268-7522

7

8    *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

9                         UNITED STATES DISTRICT COURT
10                      NORTHERN DISTRICT OF CALIFORNIA
                               SAN JOSE DIVISION
11   APPLE INC., a California corporation,

12                        Plaintiff,
            v.
13                                                  CASE NO. 12-cv-00630-LHK (PSG)
     SAMSUNG ELECTRONICS CO., LTD., a
14   Korean corporation; SAMSUNG                    **APPLE INC.'S THIRD SET OF
     ELECTRONICS AMERICA, INC., a New               INTERROGATORIES TO
15   York corporation; and SAMSUNG                  DEFENDANTS AND COUNTERCLAIM
     TELECOMMUNICATIONS AMERICA,                    PLAINTIFFS**
16   LLC, a Delaware limited liability company,

17                        Defendants.

18
     SAMSUNG ELECTRONICS CO., LTD., a
19   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a New
20   York corporation, and SAMSUNG
     TELECOMMUNICATIONS AMERICA,
21   LLC, a Delaware limited liability company,

22   Counterclaim-Plaintiffs,
     v.
23
     APPLE INC., a California corporation,
24
     Counterclaim-Defendant.
25

26   APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil

27   Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA,

28   APPLE INC.'S THIRD SET OF
     INTERROGATORIES
     CASE NO. 12-cv-00630-LHK

Gibson, Dunn &
Crutcher LLP

INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, ("Samsung" or "Defendants") respond to Apple's Third Set of Interrogatories.  Apple requests that Defendants answer each interrogatory below and serve their answers on Apple's counsel at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA  94304-1211,  within twenty-one (21) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Interrogatories shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.      "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

4.      "Accused Apple Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Samsung in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

5.      "Accused Features" means any aspect, element or function of any Accused Samsung Product that is alleged to infringe any of the Apple Patents-in-Suit, including each function identified

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

Gibson, Dunn &
Crutcher LLP

in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

6.      "Apple Patents-in-Suit" means U.S. Patent Nos. 5,946,647, 6,847,959, 8,046,721, 8,074,172, 8,014,760, 5,666,502, 7,761,414, and 8,086,604, individually and collectively.

7.      "Non-Preliminary Injunction Patents-in-Suit" means U.S. Patent Nos. 6,847,959, 8,014,760, 5,666,502, and 7,761,414, individually and collectively.

8.      "Samsung Patents-in-Suit" means U.S. Patent Nos. 7,756,087, 7,551,596, 7,672,470, 7,577,757, 7,232,058, 6,292,179, 6,226,449, and 5,579,239, individually and collectively.

9.      "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

10.     "Jelly Bean" means version 4.1 of the Android operating system.

11.     "Ice Cream Sandwich" means version 4.0 of the Android operating system.

12.     "Honey Comb" means version 3 of the Android operating system.

13.     "Gingerbread" means version 2.3 of the Android operating system.

14.     "FroYo" means version 2.2 of the Android operating system.

15.     "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary

16.     "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-LHK (PSG) in the Northern District of California, as well as their officers, directors, employees, agents and attorneys.

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

17.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

18.     "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

19.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

20.     "Identify" means (1) when referring to a person, the person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-patent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); and (3) when referring to patent documents, the country, patent and/or application number, dates of filing, publications, and grant, and the names of patentees or applicants.

21.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

22.     The use of the singular form of any word includes the plural and vice versa.

23.     The singular is to be construed as including the plural and vice versa.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 20:

Separately for each claim of the Apple Patents-in-Suit, identify each secondary consideration

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

1  that you contend supports the obviousness of the invention(s) claimed (e.g., lack of commercial

2  success, lack of long-felt need, lack of commercial acquiescence, lack of expressions of skepticism,

3  copying, lack of commercial acquiescence through acceptance of licenses, adherence to acceptable

4  principles of prior art, or lack of acclaim by industry), and for each such alleged secondary

5  consideration describe in detail the facts underlying the alleged secondary consideration including

6  any related documents and  people most knowledgeable of the secondary consideration.

7  **INTERROGATORY NO. 21**:

8          Identify any and all code names, internal names, nick names, model numbers, or other

9  identifying information used by Samsung to identify or otherwise refer to the Accused Samsung

10  Products as well as any of the Accused Features implemented on the Accused Samsung Products and

11  identify the person(s) most knowledgeable about the response to this interrogatory.

12  **INTERROGATORY NO. 22**:

13          Identify from the Source Code produced in response to Request Nos. 96 and 97 in Apple's

14  Second Set of Requests for Production all files that relate to the Accused Features and functionality

15  of the Accused Samsung Products.  Such identification should include the name of the file, the

16  engineers, designers and authors responsible for that file, the specific Accused Feature to which the

17  identified file relates, and any differences between that file and the publicly available version of the

18  source code for the Jelly Bean, Ice Cream Sandwich, Honey Comb, Gingerbread and FroYo versions

19  of the Android  operating system and the engineers, designers and authors of those differences, and

20  identify the person(s) most knowledgeable about the response to this interrogatory.

21  **INTERROGATORY NO. 23**:

22          Describe the facts and circumstances surrounding Samsung's knowledge of the Non-

23  Preliminary Injunction Patents-in-Suit, including but not limited to, whether or not Samsung was

24  aware of each of the Non-Preliminary Injunction Patents-in-Suit prior to the filing of this lawsuit;

25  when Samsung became aware of each of the Non-Preliminary Injunction Patents-in-Suit; how

26  Samsung became aware of each of the Non-Preliminary Injunction Patents-in-Suit; and any efforts

27  made to avoid infringement of each of the Non-Preliminary Injunction Patents-in-Suit; and, identify

28

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

the person(s) most knowledgeable about the response to this interrogatory, and locate and identify all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

**INTERROGATORY NO. 24**:

If you contend or believe that you do not infringe any asserted claim of the Apple Patents-in-Suit, state with specificity the complete factual and legal bases for such contention or belief, including a claim chart identifying which claim limitations are not found in the Accused Samsung Products, the claim constructions or definitions used in supporting this contention or belief, and if you believe that any claim or claim limitation is governed by 35 U.S.C. 112 ¶ 6, identify the factual and legal basis for that belief and the corresponding structure, material, or acts described in the specification and equivalents thereof and further including an identification of all documents and things supporting such contention or belief, and an identification of the persons most knowledgeable of the facts supporting such contention or belief.

**INTERROGATORY NO. 25**:

If you contend that Samsung and Apple would have engaged in more than one hypothetical negotiation concerning a license for the patents asserted by either party for each and every Accused Samsung Product and Accused Apple Product, state all facts supporting that contention, including the dates of each hypothetical negotiation.

**INTERROGATORY NO. 26**:

Describe and identify each communication between You and any third party concerning any infringement or possible infringement of any of the patents asserted by either party; or concerning any license, request for license, offer to license or possible license, of any of the patents asserted by either party; or concerning notice of any of the patents asserted by either party, the value of the patents asserted by either party; or concerning the validity, invalidity, enforceability, or unenforceability of the patents asserted by either party.  For each such communication identified, identify each person involved in the communication, the date and form of the communication, and provide a brief description of the communication.

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

1  **INTERROGATORY NO. 27**:

2      Identify the person of ordinary skill in the art for each of the Apple Patents-in-Suit and each

3  of the Samsung Patents-in-Suit.

4  **INTERROGATORY NO. 28**:

5      Describe in detail the factual and legal basis (including the identity of all documents and

6  persons) upon which you will rely to establish, or that contradict, each of your affirmative defenses.

7  **INTERROGATORY NO. 29**:

8      Specifically for each of the Apple Patents-in-Suit, identify and explain in detail each design-

9  around and/or alleged alternative technology or method that can be used as an alternative to the

10 patented technology, including but not limited to: (1) a description of the alleged design-around; (2) a

11 description of when and how the alleged design-around was developed; (3) the identity of individuals

12 involved in developing the alleged design-around, including their titles and departments if they are or

13 were Samsung employees; (4) dates when the alleged design-around was incorporated into

14 Samsung's products; and (5) each product available on the market simultaneously with the Accused

15 Samsung Products that would have been an acceptable non-infringing alternative for customers who

16 purchased the Accused Samsung Products.

17 **INTERROGATORY NO. 30**:

18     Identify for each Accused Samsung Product the number of units sold by any defendant in the

19 United States by month, the quarterly gross and net revenues for each device since 2005, the

20 quarterly gross and net incomes for each device since 2005, and the quarterly gross and net profits for

21 each device since 2005.

22 **INTERROGATORY NO. 31**:

23     From 2005 to the present, identify by month the amount of revenue that any defendant has

24 obtained due to the sale of accessories or other goods or services that are designed to work with any

25 Accused Samsung Product.

26 **INTERROGATORY NO. 32**:

27     To the extent Samsung claims to be indemnified or otherwise compensated in connection with

28
APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

2e9d09e7e7f3d95a

this lawsuit by any Third Party, identify that Third Party, state the full basis for the alleged

indemnification, and describe the scope of the alleged indemnification.

Dated:  August 13, 2012                          GIBSON, DUNN & CRUTCHER LLP


By: */s/Mark Lyon*

***Attorneys for Apple Inc.***

APPLE INC.'S THIRD SET OF
INTERROGATORIES
CASE NO. 12-cv-00630-LHK

Gibson, Dunn &
Crutcher LLP

1

<u>CERTIFICATE OF SERVICE</u>

2

3

    I, Phillip K. Lum, hereby certify that on this 13[h] day of August, 2012, I did cause APPLE

INC.'S THIRD SET OF INTERROGATORIES TO DEFENDANTS AND COUNTERCLAIM

4

PLAINTIFFS  to be served on the parties identified below and in the manner so indicated.

5

6

**<u>ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC</u>**

7

Patrick Shields

8

Victoria F. Maroulis

Charles K. Verhoeven

9

Kevin A. Smith

Kevin P.B. Johnson

10

Quinn Emanuel Urquart & Sullivan, LLP

11

555 Twin Dolphin Drive, 5th Floor

Redwood Shores, California  94065

12

(650) 801-5000

victoriamaroulis@quinnemanuel.com

13

kevinjohnson@quinnemanuel.com

patrickshields@quinnemanuel.com

14

charlesverhoeven@quinnemanuel.com

kevinsmith@quinnemanuel.com

15

16

17

  **X**    **BY ELECTRONIC MAIL TRANSMISSION** from plum@gibsondunn.com, by

18

transmitting PDF copies of such documents to each such person identified above, at the
e-mail address listed in their addresses.  The documents were transmitted by electronic

19

transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose

20

direction the service was made.

21

22

Dated:   August 13, 2012           */s/Phillip K. Lum*

23

Phillip K. Lum

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP