# EXHIBIT D

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
| Plaintiff, | **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendant. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") submit the following objections and responses to Plaintiff Apple Inc's ("Apple's") Third Set of Interrogatories to Defendants and Counterclaim Plaintiffs.

Samsung expressly incorporates the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

The following general objections apply to each and every interrogatory propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.      Samsung objects to the "Definitions" contained in Apple's Third Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung objects generally to the logging of

privileged documents dated after April 15, 2011.  Consistent with Paragraph C of the parties' Stipulation Regarding Electronic Discovery dated May 9, 2012, Samsung will not log privileged documents dated after April 15, 2011.  Samsung will exchange with Apple a log of withheld documents pursuant to the parties' Stipulation.

4.      Samsung objects to these interrogatories on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

6.      Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory or other discovery.

8.      Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

9.      Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

10.      Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

11.      Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

14.     Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

15.     Samsung objects to the interrogatories on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.  The following responses reflect the information reasonably available to Samsung at this time.  Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.


## SPECIFIC OBJECTIONS AND RESPONSES


## INTERROGATORY NO. 20:

Separately for each claim of the Apple Patents-in-Suit, identify each secondary consideration that you contend supports the obviousness of the invention(s) claimed (e.g., lack of commercial success, lack of long-felt need, lack of commercial acquiescence, lack of expressions of skepticism, copying, lack of commercial acquiescence through acceptance of licenses, adherence to acceptable principles of prior art, or lack of acclaim by industry), and for each such

alleged secondary consideration describe in detail the facts underlying the alleged secondary consideration including any related documents and people most knowledgeable of the secondary consideration.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that:  (i) it is compound and comprises discrete subparts resulting in separate interrogatories; (ii) it is vague and ambiguous with regard to the phrases "related documents" and "people most knowledgeable"; (iii) it is overly broad, unduly burdensome, and nonsensical to the extent that it asks Samsung to identify facts supporting the "lack of" any secondary indicia; (iv) it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California to the extent that it asks Samsung to prove a negative; (v) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; and (vi) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

With respect to the '502 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims, and Apple has not yet identified any secondary indicia that it contends supports non-obviousness.

With respect to the '647 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims.  Although Apple's expert, Dr. Mowry, referred generally to "various of the secondary considerations" in his Reply Declaration in connection with Apple's Preliminary Injunction papers, Dr. Mowry did not specifically identify any secondary considerations other than commercial success.  Apple has not

demonstrated, and Samsung is not aware of, any nexus between the subject matter of any asserted claims and any commercial success of any device allegedly practicing the asserted claim.

With respect to the '959 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims.  To the extent that Apple contends that commercial success is a secondary indicia of non-obviousness for the '959 patent, Apple has not demonstrated, and Samsung is not aware of, any nexus between the subject matter of any asserted claims and any commercial success of any device allegedly practicing the asserted claim.

With respect to the '414 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims, and Apple has not yet identified any secondary indicia that it contends supports non-obviousness.

With respect to the '760 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims, and Apple has not yet identified any secondary indicia that it contends supports non-obviousness.

With respect to the '721 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims.  Although Apple has asserted that secondary indicia such as commercial success support non-obviousness of the '721 patent, Apple has not demonstrated, and Samsung is not aware of, any nexus between the subject matter of any asserted claims and any commercial success of any device allegedly practicing the asserted claim.

With respect to the '172 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims.  Although Apple has asserted that commercial success supports non-obviousness of the '172 patent, Apple has not demonstrated, and Samsung is not aware of, any nexus between the subject matter of any asserted claims and any commercial success of any device allegedly practicing the asserted claim.

With respect to the '604 patent, Samsung is not currently aware of any secondary indicia that would support non-obviousness of the subject matter of the asserted claims.  Although Apple has asserted that commercial success supports non-obviousness of the '604 patent, Apple has not

1 demonstrated, and Samsung is not aware of, any nexus between the subject matter of any asserted

2 claims and any commercial success of any device allegedly practicing the asserted claim.

3

4 **INTERROGATORY NO. 21:**

5      Identify any and all code names, internal names, nick names, model numbers, or other

6 identifying information used by Samsung to identify or otherwise refer to the Accused Samsung

7 Products as well as any of the Accused Features implemented on the Accused Samsung Products

8 and identify the person(s) most knowledgeable about the response to this interrogatory.

9

10 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

11      In addition to its General Objections above, which it hereby incorporates by reference,

12 Samsung objects to this Interrogatory on the grounds that:  (i) it is compound and comprises

13 discrete subparts resulting in separate interrogatories; (ii) it is overly broad, unduly burdensome,

14 and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to

15 the extent that it seeks "any and all code names, internal names, nick names, model numbers, or

16 other identifying information'; (iii) it seeks to elicit information subject to and protected by the

17 attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the

18 common interest doctrine, and/or any other applicable privilege or immunity; (iv) it is vague and

19 ambiguous, particularly as to the terms "code names," "internal names," "nick names," "model

20 numbers," and "other identifying information"; and (v) it is vague, ambiguous, and unintelligible

21 to the extent it seeks information about any "Accused Samsung Products" that are not specifically

22 identified in the interrogatory.

23      Subject to and without waiving the foregoing general and specific objections, Samsung

24 responds as follows:  The code names for the Accused Products and corresponding model

25 numbers are set forth in the following table.

26

27

28

| Accused Product | Code Name | Model Number |
|---|---|---|
| Galaxy Nexus | Proxima; Nexus Prime | SGH-I515; GT-I9250 |
| Galaxy S II Skyrocket | Celox | SGH-I727 |
| Galaxy S II Epic 4G Touch | Gaudi | SPH-D710 |
| Galaxy S II – T-Mobile | Hercules | SGH-T989 |
| Galaxy S II – AT&T | Seine | SGH-I777 |
| Illusion | Viper1 | SCH-I110 |
| Captivate Glide | Bose | SGH-I927 |
| Exhibit II 4G | Ancora | SGH-T679 |
| Stratosphere | Aegis | SCH-I405 |
| Transform Ultra | Vital2 | SPH-M930 |
| Admire | Rookie | SCH-R720 |
| Conquer 4G | Chief | SPH-D600 |
| Dart smartphones | Tass | SGH-T499 |
| Galaxy Player 4.0 | Palladio | YP-G1 |
| Galaxy Player 5.0 | Venturi | YP-G70 |
| Galaxy Tab 7.0 Plus | P2 | GT-P6210; SGH-T869 |
| Galaxy Tab 8.9 | P5 | GT-P7310/M16 |
| Galaxy S III | Midas | SGH-I747; SGH-T999; SCH-I535; SPH-L710; SCH-R530 |
| Galaxy Note | Quincy | SGH-I717; SGH-T879 |

Additionally, as to other identifying information used by Samsung to refer to the Accused Features, Samsung incorporates by reference its response to Apple's Interrogatory No. 1 of Apple's First Set of Preliminary Injunction Interrogatories to Samsung.

Jisun Park, Principal Engineer, Systems Software, R&D, is knowledgeable regarding the information contained in this response.

**INTERROGATORY NO. 22:**

Identify from the Source Code produced in response to Request Nos. 96 and 97 in Apple's Second Set of Requests for Production all files that relate to the Accused Features and functionality of the Accused Samsung Products. Such identification should include the name of the file, the engineers, designers and authors responsible for that file, the specific Accused Feature to which the identified file relates, and any differences between that file and the publicly available version of the source code for the Jelly Bean, Ice Cream Sandwich, Honey Comb, Gingerbread and FroYo versions of the Android operating system and the engineers, designers and authors of those differences, and identify the person(s) most knowledgeable about the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it is unduly burdensome; (ii) it seeks information that is outside of Samsung's possession, custody, or control, or that is equally available to Apple; (iii) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iv) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all files that relate to the Accused Features and functionality of the Accused Samsung Products"; (v) it is vague and ambiguous, particularly as to the terms "relate to," "responsible for," "differences," "publicly available version of the source code for the Jelly Bean, Ice Cream Sandwich, Honey Comb, Gingerbread and FroYo versions of the Android operating system" and "engineers, designers and authors of those differences"; (vi) it is compound and comprises discrete subparts resulting in separate interrogatories; and (vii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order.

**INTERROGATORY NO. 23:**

Describe the facts and circumstances surrounding Samsung's knowledge of the Non-Preliminary Injunction Patents-in-Suit, including but not limited to, whether or not Samsung was aware of each of the Non-Preliminary Injunction Patents-in-Suit prior to the filing of this lawsuit; when Samsung became aware of each of the Non-Preliminary Injunction Patents-in-Suit; how Samsung became aware of each of the Non-Preliminary Injunction Patents-in-Suit; and any efforts made to avoid infringement of each of the Non-Preliminary Injunction Patents-in-Suit; and, identify the person(s) most knowledgeable about the response to this interrogatory, and locate and identify all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response to this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent that it seeks "facts and circumstances surrounding Samsung's knowledge of the Non-Preliminary Injunction Patents-In-Suit" and "all documents which refer or relate to the facts and assertions in the response or which were reviewed in preparing the response"; (iii) it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (iv) it is vague and ambiguous; (v) it calls for legal conclusions; and (vi) it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:  Samsung was aware of the '760 patent prior to the filing of this lawsuit. Samsung first became aware of the '760 patent on or about December 20, 2011 when one of the foreign counterparts to the '760 patent – AU 2008 203349 – was asserted by Apple against

1  Samsung in a legal proceeding pending in Australia.  Samsung was not aware of the other Non-

2  Preliminary Injunction Apple patents-in-suit prior to the filing of this lawsuit.

3       Young-Soon Lee, Senior Engineer, Patent Analysis Group 3, is knowledgeable regarding

4  the information contained in this response.

5

6  **INTERROGATORY NO. 24:**

7       If you contend or believe that you do not infringe any asserted claim of the Apple Patents-

8  in-Suit, state with specificity the complete factual and legal bases for such contention or belief,

9  including a claim chart identifying which claim limitations are not found in the Accused Samsung

10 Products, the claim constructions or definitions used in supporting this contention or belief, and if

11 you believe that any claim or claim limitation is governed by 35 U.S.C. 112 ¶ 6, identify the

12 factual and legal basis for that belief and the corresponding structure, material, or acts described in

13 the specification and equivalents thereof and further including an identification of all documents

14 and things supporting such contention or belief, and an identification of the persons most

15 knowledgeable of the facts supporting such contention or belief.

16

17 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

18       In addition to its General Objections above, which it hereby incorporates by reference,

19 Samsung objects to this Interrogatory to the extent that:  (i) it seeks to elicit information subject to

20 and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

21 privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

22 is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague,

23 ambiguous, and unintelligible to the extent it seeks information about any "Apple Patents-in- Suit"

24 and "Accused Samsung Products" that are not specifically identified in the interrogatory; (iv) it is

25 premature to the extent that it seeks disclosure of claim construction positions prior to the deadline

26 established in the May 2, 2012 Minute Order and Case Management Order, as adjusted by Order

27 dated August 29, 2012; (v) it is overly broad, unduly burdensome, seeks to impose obligations

28 beyond those required by the Federal Rules of Civil Procedure and the Local Rules of Practice in

1   Civil Proceedings before the United States District Court for the Northern District of California,

2   and seeks to shift the burden of showing non-infringement to Samsung to the extent that it asks

3   Samsung to provide claim charts and to describe "with specificity the complete factual and legal

4   bases" for any non-infringement contention, particularly where Apple's Infringement Contentions

5   are vague, generalized, and do not identify with specificity the complete factual and legal bases for

6   Apple's claims of infringement; (vi) it calls for legal conclusions; (vii) it is premature to the extent

7   that it seeks information that is properly the subject of expert opinion prior to the deadline

8   established in the May 2, 2012 Minute Order and Case Management Order; and (viii) it is

9   temporally and substantively overbroad in that it is not limited to any reasonable time period and

10   seeks "all documents and things" supporting Samsung's response.

11        Subject to and without waiving the foregoing general and specific objections, Samsung

12   responds as follows:

13        Based on Samsung's current understanding of the asserted claims of the '502 patent, and

14   recognizing that Apple has not specifically identified the features and/or functionality of the

15   accused Samsung products that it contends satisfy each limitation of the asserted claims—for

16   example, Apple has failed to identify any "form", "field class", or "history table" in the accused

17   Samsung products—Samsung states that at least the following limitations of the asserted claims of

18   the '502 patent are not satisfied by the accused Samsung products: "a plurality of history tables

19   maintained within said memory system, each of said history tables corresponding to a different

20   field class"; "wherein when inputting data via the input tablet into a field of a form being

21   displayed on said display screen, a list of choices is produced from said history table for the field

22   class corresponding to the field and displayed on said display screen"; "a history list for each of a

23   plurality of field classes"; "a form having at least one field requiring data input, the field being

24   associated with one of the field classes"; "a history list selector for selecting the history list for the

25   field based on the field class associated with the field"; "displaying a form on the display screen of

26   the computer system, the form having at least one field associated with a field class and requiring

27   data entry by a user"; "displaying a history list associated with the field class on the display screen

28   on the computer system"; "providing a history table for each of a plurality of field classes";

"displaying a form on the display screen of the computer system, the form having at least one field requiring data entry by a user"; "producing a history list for the field on the display screen of the computer system based on the history table for the field class associated with the field"; "displaying the history list produced on the display screen of the computer system"; "updating the history table in accordance with the selected item when said determining (e) determines that the user has selected an item from the displayed history list"; "computer readable code devices for displaying a form on the display screen of the computer system, the form having at least one field associated with a field class and requiring data entry by a user"; "computer readable code devices for displaying a history list associated with the field class on the display screen on the computer system".  At least because the accused Samsung products do not satisfy all limitations of claims 1, 8, 11, 16, and 26 of the '502 patent, they also do not infringe dependent claims 2, 4, 5, 13, 14, 15, 17, 20, 22, 23, and 24.

Based on Samsung's current understanding of the asserted claims of the '647 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims—for example, Apple has failed to identify any "analyzer server for detecting structures in the data, and for linking actions to the detected structures" in the accused Samsung products—Samsung states that at a minimum the following limitations of the asserted claims of the '647 patent are not satisfied by the accused Samsung products:  "a memory storing information including program routines"; "an analyzer server for detecting structures in the data, and for linking actions to the detected structures"; "a user interface enabling the selection of a detected structure and a linked action"; "an action processor for performing the selected action linked to the selected structure"; "a processing unit coupled to the input device, the output device, and the memory for controlling the execution of the program routines."  In addition, Samsung incorporates by reference the bases for non-infringement identified in Samsung's Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115), and supporting documentation.  At least because the accused Samsung products do not satisfy all limitations of claim 1 the '647 patent, they also do not infringe dependent claims 2, 4, 6, 8, or 9.

1    Based on Samsung's current understanding of the asserted claims of the '959 patent, and

2  recognizing that Apple has not specifically identified the features and/or functionality of the

3  accused Samsung products that it contends satisfy each limitation of the asserted claims – for

4  example, Apple has failed to identify any "plug-in modules each using a different heuristic" –

5  Samsung states that at a minimum the accused Samsung products do not satisfy at least the

6  "plurality of plug-in modules each using a different heuristic to locate information" limitation of

7  claim 1 of the '959 patent.  In addition, the Court preliminarily construed "modules" in the context

8  of the related '604 patent as "small software programs that are parts of a larger application'

9  meaning they 'must be part of the application and not some service or server to which the

10  application connects.'"  Under at least the Court's preliminary construction of "modules," the

11  accused Samsung products also do not satisfy the "plurality of plug-in modules" limitation of

12  claim 1.  At least because the accused Samsung products do not satisfy all limitations of claim 1

13  the '959 patent, they also do not infringe dependent claims 2, 3, 4, 5, 10, 11, 12, 14, 15, 16 and 17.

14    Based on Samsung's current understanding of the asserted claims of the '959 patent, and

15  recognizing that Apple has not specifically identified the features and/or functionality of the

16  accused Samsung products that it contends satisfy each limitation of the asserted claims – for

17  example, Apple has failed to identify any "plurality of heuristics" – Samsung states that at a

18  minimum the accused Samsung products do not satisfy at least the "plurality of heuristics to locate

19  information in a [the] plurality of locations which include [comprise] the Internet and local storage

20  media" limitations of claims 19, 24, and 29 of the '959 patent.  At least because the accused

21  Samsung products do not satisfy all limitations of independent claims 19, 24, and 29 the '959

22  patent, they also do not infringe dependent claims 20, 22, 23, 25, 27, 28, 30, 32, and 33.

23    Also based on Samsung's current understanding of the asserted claims of the '959 patent

24  and in light of Apple's infringement contentions, Samsung states that at a minimum the accused

25  Samsung products do not satisfy at least the "heuristics locates items of information on the basis

26  of names of files" limitations of claim 9, 22, 27, and 32 of the '959 patent.  At least because the

27  accused Samsung products do not satisfy all limitations of claims 9 and 22, they also do not

28  infringe dependent claims 10 and 23.

1    Based on Samsung's current understanding of the asserted claims of the '414 patent, and

2   recognizing that Apple has not specifically identified the features and/or functionality of the

3   accused Samsung products that it contends satisfy each limitation of the asserted claims—for

4   example, Apple has failed to identify any "synchronization software component which is

5   configured to synchronize the structured data from the first database with the structured data from

6   a second database" that provides "at least one synchronization processing thread" that is executed

7   concurrently with "at least one user-level non-synchronization processing thread" in the accused

8   Samsung products— Samsung states that at least the following limitations of the asserted claims

9   of the '414 patent are not satisfied by the accused Samsung products:  "executing at least one user-

10   level non-synchronization processing thread"; "wherein the at least one user-level

11   nonsynchronization processing thread is provided by a user application which provides a user

12   interface to allow a user to access and edit structured data in a first store associated with a first

13   database"; "executing at least one synchronization processing thread concurrently with the

14   executing of the at least one user-level non-synchronization processing thread"; "wherein the at

15   least one synchronization processing thread is provided by a synchronization software component

16   which is configured to synchronize the structured data from the first database with the structured

17   data from a second database"; "executing at least one non-synchronization processing thread";

18   "wherein the at least one non-synchronization processing thread is provided by a user application

19   which provides a user interface to allow a user to access and edit structured data in a first store

20   associated with a first database"; "executing at least one synchronization processing thread

21   concurrently with the executing of the at least one nonsynchronization processing thread"; "means

22   for executing at least one user-level non-synchronization processing thread that includes means for

23   accessing structured data in a first store associated with a first database"; "executing at least one

24   non-synchronization processing thread that includes means for accessing structured data in a first

25   store associated with a first database"; "means for executing at least one synchronization

26   processing thread concurrently with the executing of the at least one user-level non-

27   synchronization processing thread that includes means for synchronizing the structured data from

28   the first database with the structured data from a second database"; "means for executing at least

one synchronization processing thread concurrently with the executing of the at least one non-synchronization processing thread that includes means for synchronizing the structured data from the first database with the structured data from a second database." At least because the accused Samsung products do not satisfy all limitations of claims 1, 11, 21, 23, 27, and 31 of the '414 patent, they also do not infringe dependent claims 2, 4, 6-7, 10, 12, 14, 16-17, 20, 22, 24, 26, 28, 30, and 32.

Based on Samsung's current understanding of the asserted claims of the '760 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung states that at least the following limitations of the asserted claims of the '760 patent are not satisfied by the accused Samsung products: "immediately in response to detecting a finger gesture on the second interactive displayed portion of the respective user selected item in the list, completely substituting display of the list of interactive items with display of contact information for a respective caller corresponding to the respective user selected item, the displayed contact information including a plurality of contact objects"; "receive a finger tap input in the second interactive displayed portion of the interactive displayed item, and immediately in response to that input to completely substituting display of the list with display of contact information for a caller corresponding to the that interactive displayed item, the displayed contact information including a plurality of contact objects"; "instructions to receive a finger tap input in the second interactive displayed portion of an interactive displayed item associated with both a missed call and contact information, and immediately in response to that input to completely substituting display of the list with display of contact information for a caller corresponding to that interactive displayed item, the displayed contact information including simultaneous display of a plurality of contact objects"; "detecting a finger tap input at a second user selected interactive displayed item associated with both a missed telephone call and contact information, where the finger tap input is with the second interactive displayed portion of the selected interactive displayed item, and immediately in response to that input completely substituting display of the list of items with display of contact information for a caller corresponding to the second user selected interactive displayed item, the

displayed contact information including a plurality of contact objects"; "receive a finger tap input in the second interactive displayed portion of the interactive displayed item, and immediately in response to that input to completely substituting display of the list with display of display of contact information for a caller corresponding to that interactive displayed item, the displayed contact information including a plurality of contact objects"; "detecting a finger tap input at a second user selected interactive displayed item associated with both a missed telephone call and contact information, where the finger tap input is with the second interactive displayed portion of the selected interactive displayed item, and immediately in response to that input completely substituting display of the list of interactive items with display of contact information for a caller corresponding to the second user selected interactive displayed item, the displayed contact information including a plurality of contact objects".  At least because the accused Samsung products do not satisfy all limitations of claims 1, 8, 10, 12, 14, 16, 18, 19, and 21 of the '760 patent, they also do not infringe dependent claims 2, 3, 4, 5, 7, 9, 11, 13, 15, 17, 20, and 22.

Also based on Samsung's current understanding of the asserted claims of the '760 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung states that at least the following limitations of the asserted claims of the '760 patent are not satisfied at least by the Samsung Galaxy S III, Samsung Galaxy S II Epic 4G Touch, Samsung Galaxy Note, Samsung Galaxy S II – AT&T, Samsung Captivate Glide, Samsung Galaxy S II Skyrocket, Samsung Illusion, and Samsung Stratosphere: "each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct from the first interactive displayed portion"; "immediately in response to detecting a finger gesture on the first interactive displayed portion of a respective user selected item in the list, initiating a return telephone call to a return telephone number associated with the respective user selected item"; "each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct from the first interactive displayed portion"; "each interactive displayed item associated with a missed telephone call and also associated with contact information includes a first interactive displayed portion and a second interactive displayed

portion, the second interactive displayed portion being distinct from the first interactive displayed portion"; "receive a finger tap input in the first interactive displayed portion of the interactive displayed item, and immediately in response to that input to initiate a return telephone call to a telephone number associated with that interactive displayed item"; "instructions to receive a finger tap input in the first interactive displayed portion of an interactive displayed item associated with both a missed call and contact information, and immediately in response to that input, to initiate a telephone call to a telephone number associated with that interactive displayed item"; "each such interactive displayed item associated with both a missed telephone call and contact information comprises at least a first interactive displayed portion and a second interactive displayed portion, the second interactive displayed portion being distinct from the first interactive displayed portion"; "detecting a finger tap input at a first user selected interactive displayed item associated with both a missed telephone call and contact information, wherein the finger tap input is with the first interactive displayed portion of the selected interactive displayed item, and immediately in response to that input initiating a telephone call to a telephone number associated with the first user selected interactive displayed item"; "detect a finger tap input at a first user selected interactive displayed item associated with both a missed telephone call and contact information, wherein the finger tap input is with the first interactive displayed portion of the selected interactive displayed item, and immediately in response to that input initiate a telephone call to a telephone number associated with the first user selected interactive displayed item".  Devices that do not satisfy all limitations of claims 1, 8, 10, 12, 14, 16, 18, 19, and 21 of the '760 patent also do not infringe dependent claims 2, 3, 4, 5, 7, 9, 11, 13, 15, 17, 20, and 22.

Also based on Samsung's current understanding of the asserted claims of the '760 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung states that at a minimum the accused Samsung products do not satisfy the "the second interactive displayed portion of the respective user selected item is identified by an icon displayed within the respective user selected item"; "the second interactive displayed portion of each interactive displayed item is identified by an icon displayed within the interactive displayed item"; and "the

1    second interactive displayed portion of each interactive displayed item is identified by an icon

2    displayed within the item" limitations of claims 7, 13, 15, 17, 20, and 22 of the '760 patent.

3        Also based on Samsung's current understanding of the asserted claims of the '760 patent,

4    and recognizing that Apple has not specifically identified the features and/or functionality of the

5    accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung

6    states that at a minimum the Samsung Admire, Samsung Conquer 4G, and Samsung Transform

7    Ultra do not satisfy the "a single item in the list of interactive items corresponds to a plurality of

8    consecutive missed telephone calls", "displaying, within a respective single item in the list, a

9    number indicating a plurality of consecutive missed telephone calls", and "display, within a

10   respective single item in the list, a number indicating a plurality of consecutive missed telephone

11   calls" limitations of claims 4, 5, 9, and 11 of the '760 patent.

12       Based on Samsung's current understanding of the asserted claims of the '721 patent, and

13   recognizing that Apple has not specifically identified the features and/or functionality of the

14   accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung

15   states that at a minimum the following limitations of the asserted claims of the '721 patent are not

16   satisfied by the accused Samsung products:  "unlocking a hand-held electronic device"; "detecting

17   a contact with the touch-sensitive display at a first predefined location corresponding to an unlock

18   image;" "continuously moving the unlock image on the touch-sensitive display in accordance with

19   movement of the contact while continuous contact with the touch screen is maintained"; "wherein

20   the unlock image is a graphical, interactive user-interface object with which a user interacts in

21   order to unlock the device;" "unlocking the hand-held electronic device if the moving the unlock

22   image on the touch-sensitive display results in movement of the unlock image from the first

23   predefined location to a predefined unlock region on the touch-sensitive display"; "modules

24   including… instructions… to detect a contact with the touch-sensitive display at a first predefined

25   location corresponding to an unlock image"; "modules including… instructions… to continuously

26   move the unlock image on the touch-sensitive display in accordance with movement of the

27   detected contact while continuous contact with the touch-sensitive display is maintained";

28   "modules including… instructions… to unlock the hand-held electronic device if the unlock image

1   is moved from the first predefined location on the touch screen to a predefined unlock region on

2   the touchsensitive display"; "displaying an unlock image at a first predefined location on the

3   touch-sensitive display while the device is in a user-interface lock state."  In addition, Samsung

4   incorporates by reference the bases for non-infringement identified in Samsung's Opposition to

5   Apple's Motion for a Preliminary Injunction (ECF No. 115), and supporting documentation.  At

6   least because the accused Samsung products do not satisfy all limitations of claims 1, 7, 11, and 12

7   the '721 patent, they also do not infringe dependent claims 2-6, 8-10, or 13-15.

8        Based on Samsung's current understanding of the asserted claims of the '172 patent, and

9   recognizing that Apple has not specifically identified the features and/or functionality of the

10  accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung

11  states that at least the following limitations of the asserted claims of the '172 patent are not

12  satisfied by the accused Samsung products: "keeping the current character string in the first area if

13  the user performs a second gesture in the second area on the current character string or the portion

14  thereof displayed in the second area"; "the current character string in the first area is kept if the

15  user performs a gesture in the second area on the current character string or the portion thereof

16  displayed in the second area"; "instructions for keeping the current character string in the first area

17  if the user performs a second gesture in the second area on the current character string or the

18  portion thereof displayed in the second area"; "keep the current character string in the first area if

19  the user performs a second gesture in the second area on the current character string or the portion

20  thereof displayed in the second area"; "in response to the further user input, replacing the current

21  character string with the suggested replacement character string, and appending a punctuation

22  mark at the end of the replacement character string, the punctuation mark corresponding to the

23  punctuation mark key through which the further user input was received"; "replacing the current

24  character string with the suggested replacement character string in combination with a first

25  punctuation mark in response to a single user input at a second location, the second location being

26  a first punctuation mark key on the keyboard corresponding to the first punctuation mark"; 

27  "replacing the current character string with the suggested replacement character string in

28  combination with a second punctuation mark in response to a single user input at a third location,

the third location being a second punctuation mark key on the keyboard corresponding to the second punctuation mark"; "accepting the current character string in response to a single user input at a fourth location"; "in response to a second user input at a virtual punctuation mark key corresponding to a first punctuation mark, replacing the current character string with the suggested replacement character string in combination with the first punctuation mark"; "in response to a third user input at a third location, accepting the current character string"; "in response to the single touch user selection input, replacing the current character set with the suggested replacement character set and adding at the end of said character set a punctuation mark corresponding to the virtual punctuation mark key through which the input was received."  In addition, Samsung incorporates by reference the bases for non-infringement identified in Samsung's Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115), and supporting documentation.  At least because the accused Samsung products do not satisfy all limitations of claims 2, 18, 19, 20, 21, 27, 28, 32, and 33 of the '172 patent, they also do not infringe dependent claims 3, 4, 5, 6, 9, 10, 11, 12, 17, 23, 24, 25, 29, 30, 31, 34, 35, 36, and 37.

Based on Samsung's current understanding of the asserted claims of the '604 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims – for example, Apple has failed to identify "heuristic modules" or "different, predetermined heuristic algorithm[s] – Samsung states that at a minimum the accused Samsung products do not satisfy at least the "plurality of heuristic modules," and "each heuristic module corresponds to a respective area of search and employs a different, predetermined heuristic algorithm" limitations of the asserted claims.  The accused Samsung products also do not satisfy at least the "searching by the heuristic modules," "using the predetermined heuristic algorithms," and "located by the heuristic modules" limitations of claims 1 and 11 and the "heuristic modules configured to search," "located by the plurality of heuristic modules" "interface module," and "display module" limitations of claim 6.  The accused Samsung products also do not satisfy the "each of the different heuristic algorithms is particularized to its associated relevant area of search" limitation of claims 16, 18 and 20.  Further, the accused Samsung products do not satisfy the "heuristic

1 modules are configured to search for information that corresponds to the portions of the

2 information descriptor as the portions are being received" limitation of claim 19 or the "wherein

3 each heuristic module searches for information that corresponds to the received portion of the

4 information descriptor" limitation of claims 17 and 21.  In addition, the Court has preliminarily

5 construed "modules" as "small software programs that are parts of a larger application' meaning

6 they 'must be part of the application and not some service or server to which the application

7 connects.'"  Under at least the Court's preliminary construction, the accused Samsung products

8 also do not satisfy the "heuristic modules" limitations of the asserted claims. In addition, Samsung

9 incorporates by reference the bases for non-infringement identified in Samsung's Opposition to

10 Apple's Motion for a Preliminary Injunction (ECF No. 115), Samsung's Motion to Stay and

11 Suspend the June 29, 2012 Preliminary Injunction Pending Appeal or, Alternatively, Pending

12 Decision by Federal Circuit on Stay Pending Appeal, and supporting documentation.

13

14 **INTERROGATORY NO. 25:**

15      If you contend that Samsung and Apple would have engaged in more than one hypothetical

16 negotiation concerning a license for the patents asserted by either party for each and every

17 Accused Samsung Product and Accused Apple Product, state all facts supporting that contention,

18 including the dates of each hypothetical negotiation.

19

20 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**

21      In addition to its General Objections above, which it hereby incorporates by reference,

22 Samsung objects to this Interrogatory to the extent that: (i) it prematurely calls for expert

23 testimony or opinions at this stage of litigation; (ii) it is based upon an incomplete hypothetical;

24 (iii) it seeks to elicit information subject to and protected by the attorney-client privilege, the

25 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

26 any other applicable privilege or immunity; (iv) it is vague, ambiguous, and unintelligible; (v) it

27 seeks information that is not within Samsung's custody, possession, or control; (vi) it is compound

28 and comprises discrete subparts resulting in separate interrogatories; and (vii) it seeks documents

1  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2  to the discovery of admissible evidence.

3

4  **INTERROGATORY NO. 26:**

5       Describe and identify each communication between You and any third party concerning

6  any infringement or possible infringement of any of the patents asserted by either party; or

7  concerning any license, request for license, offer to license or possible license, of any of the

8  patents asserted by either party; or concerning notice of any of the patents asserted by either party,

9  the value of the patents asserted by either party; or concerning the validity, invalidity,

10  enforceability, or unenforceability of the patents asserted by either party. For each such

11  communication identified, identify each person involved in the communication, the date and form

12  of the communication, and provide a brief description of the communication.

13

14  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26:**

15       In addition to its General Objections above, which it hereby incorporates by reference,

16  Samsung objects to this Interrogatory to the extent that:  (i) it is vague and ambiguous, particularly

17  as to the terms "concerning" and "involved"; (ii) it seeks to elicit information subject to and

18  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

19  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (iii) it

20  is compound and comprises discrete subparts resulting in separate interrogatories; (iv) it seeks

21  information that is not within Samsung's custody, possession, or control; (v) it seeks documents

22  containing confidential third party information, including information subject to a non-disclosure

23  or other agreement between Samsung and a third party, or documents subject to a protective order;

24  and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not

25  reasonably calculated to lead to the discovery of admissible evidence.

26

27

28

1    **INTERROGATORY NO. 27:**

2          Identify the person of ordinary skill in the art for each of the Apple Patents-in-Suit and

3    each of the Samsung Patents-in-Suit.

4

5    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27:**

6          In addition to its General Objections above, which it hereby incorporates by reference,

7    Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

8    to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

9    defense privilege, the common interest doctrine, and/or any other applicable privilege or

10   immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories;

11   and (iii) it is premature to the extent that it seeks information that is properly the subject of expert

12   opinion prior to the deadline established in the May 2, 2012 Minute Order and Case Management

13   Order.

14

15   **INTERROGATORY NO. 28:**

16          Describe in detail the factual and legal basis (including the identity of all documents and

17   persons) upon which you will rely to establish, or that contradict, each of your affirmative

18   defenses.

19

20   **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28:**

21          In addition to its General Objections above, which it hereby incorporates by reference,

22   Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

23   to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

24   defense privilege, the common interest doctrine, and/or any other applicable privilege or

25   immunity; (ii) it is unduly burdensome and oppressive; (iii) it calls for legal conclusions; (iv) it is

26   premature to the extent that it seeks information that is properly the subject of expert opinion prior

27   to the deadline established in the May 2, 2012 Minute Order and Case Management Order; (v) it is

28   vague and ambiguous, especially with regard to the terms "rely" and "contradict"; (vi) it is vague,

ambiguous, and unintelligible to the extent it seeks information about any "affirmative defenses" that are not specifically identified in the interrogatory; and (vii) it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:

Failure to state a claim (ECF No. 264 at ¶ 67): Samsung incorporates by reference its Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September 14, 2012, in which Samsung described, based upon information then known to it, the factual bases for every affirmative defense that Samsung asserted in connection with Apple's Amended Complaint. Apple's Complaint fails to state a claim on which relief can be granted. The Apple patents-in-suit are not infringed, invalid, and unenforceable. Samsung incorporates by reference its August 10, 2012 invalidity contentions and its response to Apple's Interrogatory No. 24. Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple.

Waiver, acquiescence, and estoppel (ECF No. 264 at ¶ 70): Samsung incorporates by reference its Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September 14, 2012, in which Samsung described, based upon information then known to it, the factual bases for every affirmative defense that Samsung asserted in connection with Apple's Amended Complaint. Apple, by its words and/or conduct, represented that it would not attempt to enforce its patents against the functionality accused in this case, including, but not limited to, by delay in asserting its patents against the same or similar functionality for months or years. Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a reasonable investigation and further discovery from Apple.

Laches (ECF No. 264 at ¶ 71): Samsung incorporates by reference its Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September 14, 2012, in which Samsung described, based upon information then known to it, the factual bases for every affirmative defense that Samsung asserted in connection with Apple's Amended Complaint. Apple unreasonably delayed in asserting its patents against the accused functionality,

1    causing prejudice to Samsung.  Samsung's investigation is ongoing and Samsung will supplement

2    this interrogatory after a reasonable investigation and further discovery from Apple.

3         Prosecution history estoppel (ECF No. 264 at ¶ 73):  Samsung incorporates by reference its

4    Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on

5    September 14, 2012, in which Samsung described, based upon information then known to it, the

6    factual bases for every affirmative defense that Samsung asserted in connection with Apple's

7    Amended Complaint.  Apple made representations and amendments during prosecution that had

8    the effect of narrowing the scope of the patents-in-suit.  The exact impact Apple's representations

9    and amendment will have on the asserted claims will depend on Apple's proposed claim

10   constructions, and may require expert testimony.  Samsung's investigation is ongoing and

11   Samsung will supplement this interrogatory after a reasonable investigation and further discovery

12   from Apple.

13        Prosecution laches (ECF No. 264 at ¶ 74):  Samsung incorporates by reference its Answer,

14   Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

15   14, 2012, in which Samsung described, based upon information then known to it, the factual bases

16   for every affirmative defense that Samsung asserted in connection with Apple's Amended

17   Complaint.  Samsung's investigation is ongoing and Samsung will supplement this interrogatory

18   after a reasonable investigation and further discovery from Apple.

19        No willful infringement (ECF No. 264 at ¶ 77):  Samsung incorporates by reference its

20   Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on

21   September 14, 2012, in which Samsung described, based upon information then known to it, the

22   factual bases for every affirmative defense that Samsung asserted in connection with Apple's

23   Amended Complaint.  Samsung did not willfully infringe the Apple patents-in-suit.  Samsung's

24   investigation is ongoing and Samsung will supplement this interrogatory after a reasonable

25   investigation and further discovery from Apple.

26        Duplicative claims (ECF No. 264 at ¶ 83):  Samsung incorporates by reference its Answer,

27   Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

28   14, 2012, in which Samsung described, based upon information then known to it, the factual bases

1  for every affirmative defense that Samsung asserted in connection with Apple's Amended

2  Complaint.  Apple's asserted claims raise duplicative issues of infringement and validity.

3  Samsung incorporates by reference Apple's infringement contentions dated June 15, 2012 and

4  Samsung's invalidity contentions dated August 10, 2012.  Samsung's investigation is ongoing and

5  Samsung will supplement this interrogatory after a reasonable investigation and further discovery

6  from Apple.

7         Non-infringement (ECF No. 264 at ¶ 68):

8         *'647, '604, '721, '172*.  With respect to the accused Samsung products, as identified in

9  Apple's Disclosure of Asserted Claims & Infringement Contentions, Samsung incorporates by

10  reference its response to Apple's Interrogatory No. 24.  With respect to the Galaxy Nexus

11  smartphone, Samsung provided certain of its bases for this affirmative defense in its Opposition to

12  Apple's Motion for a Preliminary Injunction (ECF No. 115) and supporting documentation.

13  Samsung's investigation is ongoing and Samsung reserves the right to supplement this

14  interrogatory response after a reasonable investigation and further discovery from Apple.

15         *'959, '760, '502, '414*.  With respect to the accused Samsung products, as identified in

16  Apple's Disclosure of Asserted Claims & Infringement Contentions, Samsung incorporates by

17  reference its response to Apple's Interrogatory No. 24. Samsung's investigation is ongoing and

18  Samsung reserves the right to supplement this interrogatory response after a reasonable

19  investigation and further discovery from Apple.

20         Invalidity (ECF No. 264 at ¶ 69):

21         *'647, '604, '721, '172*.  Samsung provided certain of its bases for this affirmative defense

22  in Samsung's Patent Local Rule 3-3 and 3-4 Disclosures, as well as in Samsung's Opposition to

23  Apple's Motion for a Preliminary Injunction (ECF No. 115) and supporting documentation.

24  Samsung also incorporates by reference its response to Apple's Interrogatory No. 20.  Samsung's

25  investigation is ongoing and Samsung reserves the right to supplement this interrogatory response

26  after a reasonable investigation and further discovery from Apple.

27         *'959, '760, '502, '414*.  Samsung provided certain of its bases for this affirmative defense

28  in Samsung's Patent Local Rule 3-3 and 3-4 Disclosures.  Samsung also incorporates by reference

1   its response to Apple's Interrogatory No. 20.  Samsung's investigation is ongoing and Samsung

2   reserves the right to supplement this interrogatory response after a reasonable investigation and

3   further discovery from Apple.

4         Failure to mitigate (ECF No. 264 at ¶ 72):  Samsung incorporates by reference its Answer,

5   Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

6   14, 2012, in which Samsung described, based upon information then known to it, the factual bases

7   for every affirmative defense that Samsung asserted in connection with Apple's Amended

8   Complaint.  Apple failed to take reasonable steps to mitigate its alleged damages, to the extent any

9   such damages exist.  This includes, without limitation, refusing to make iTunes or other aspects of

10  Apple's alleged "ecosystem" available on non-Apple devices.  Samsung's damages contentions

11  will be detailed in its expert reports that will be served in accordance with the Court's Minute

12  Order and Case Management Order (ECF No. 160).  With respect to the Galaxy Nexus, Samsung

13  provided certain of its bases for this affirmative defense in its Opposition to Apple's Motion for a

14  Preliminary Injunction (ECF No. 115) and supporting documentation.  Samsung's investigation is

15  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

16  further discovery from Apple.

17        Acts of plaintiff (ECF No. 264 at ¶ 75):  Samsung incorporates by reference its Answer,

18  Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

19  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

20  for every affirmative defense that Samsung asserted in connection with Apple's Amended

21  Complaint.  Apple's own conduct has contributed to its alleged damages.  This includes, without

22  limitation, refusing to make iTunes or other aspects of Apple's alleged "ecosystem" available on

23  non-Apple devices.  Samsung's damages contentions will be detailed in its expert reports that will

24  be served in accordance with the Court's Minute Order and Case Management Order (ECF No.

25  160).  With respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative

26  defense in its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and

27  supporting documentation.  Samsung's investigation is ongoing and Samsung will supplement this

28  interrogatory after a reasonable investigation and further discovery from Apple.

1    Actions of others (ECF No. 264 at ¶ 78):  Samsung incorporates by reference its Answer,

2  Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

3  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

4  for every affirmative defense that Samsung asserted in connection with Apple's Amended

5  Complaint.  Apple has alleged infringement of numerous claims, including, for example, method

6  claims, that are performed by consumers or others over whom Samsung has no control.

7  Samsung's damages contentions will be detailed in its expert reports that will be served in

8  accordance with the Court's Minute Order and Case Management Order (ECF No. 160).  With

9  respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative defense in

10  its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and supporting

11  documentation.  Samsung's investigation is ongoing and Samsung will supplement this

12  interrogatory after a reasonable investigation and further discovery from Apple.

13    No equitable relief (ECF No. 264 at ¶ 76):  Samsung incorporates by reference its Answer,

14  Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

15  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

16  for every affirmative defense that Samsung asserted in connection with Apple's Amended

17  Complaint.  Apple has not shown that it will suffer any irreparable harm in the absence of

18  injunctive relieve, that it will suffer any harm that could not be compensated by money damages,

19  or that there is any causal nexus between the alleged infringement and its alleged harm.

20  Samsung's damages contentions will be detailed in its expert reports that will be served in

21  accordance with the Court's Minute Order and Case Management Order (ECF No. 160).  With

22  respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative defense in

23  its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and supporting

24  documentation.  Samsung's investigation is ongoing and Samsung will supplement this

25  interrogatory after a reasonable investigation and further discovery from Apple.

26    No causation (ECF No. 264 at ¶ 79):  Samsung incorporates by reference its Answer,

27  Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

28  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

1    for every affirmative defense that Samsung asserted in connection with Apple's Amended

2    Complaint.  Apple has failed to show any causal nexus between the alleged infringement and its

3    alleged harm.  Samsung's damages contentions will be detailed in its expert reports that will be

4    served in accordance with the Court's Minute Order and Case Management Order (ECF No. 160).

5    With respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative

6    defense in its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and

7    supporting documentation.  Samsung's investigation is ongoing and Samsung will supplement this

8    interrogatory after a reasonable investigation and further discovery from Apple.

9         No damage (ECF No. 264 at ¶ 80):  Samsung incorporates by reference its Answer,

10   Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on September

11   14, 2012, in which Samsung described, based upon information then known to it, the factual bases

12   for every affirmative defense that Samsung asserted in connection with Apple's Amended

13   Complaint.  Apple has failed to show any damages caused by the acts alleged in its Amended

14   Complaint.  Samsung's damages contentions will be detailed in its expert reports that will be

15   served in accordance with the Court's Minute Order and Case Management Order (ECF No. 160).

16   With respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative

17   defense in its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and

18   supporting documentation.  Samsung's investigation is ongoing and Samsung will supplement this

19   interrogatory after a reasonable investigation and further discovery from Apple.

20        No irreparable harm (ECF No. 264 at ¶ 81):  Samsung incorporates by reference its

21   Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on

22   September 14, 2012, in which Samsung described, based upon information then known to it, the

23   factual bases for every affirmative defense that Samsung asserted in connection with Apple's

24   Amended Complaint.  Apple has failed to identify any irreparable harm it will suffer based on the

25   acts alleged in the Amended Complaint, or any alleged harm that could not be compensated by

26   money damages.  Samsung's damages contentions will be detailed in its expert reports that will be

27   served in accordance with the Court's Minute Order and Case Management Order (ECF No. 160).

28   With respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative

1    defense in its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and

2    supporting documentation.  Samsung's investigation is ongoing and Samsung will supplement this

3    interrogatory after a reasonable investigation and further discovery from Apple.

4          Adequate remedy at law (ECF No. 264 at ¶ 82):  Samsung incorporates by reference its

5    Answer, Affirmative Defenses, and Counterclaims to Apple Inc.'s Amended Complaint filed on

6    September 14, 2012, in which Samsung described, based upon information then known to it, the

7    factual bases for every affirmative defense that Samsung asserted in connection with Apple's

8    Amended Complaint.  Apple has failed to identify any irreparable harm it will suffer based on the

9    acts alleged in the Amended Complaint, or any alleged harm that could not be compensated by

10   money damages.  Samsung's damages contentions will be detailed in its expert reports that will be

11   served in accordance with the Court's Minute Order and Case Management Order (ECF No. 160).

12   With respect to the Galaxy Nexus, Samsung provided certain of its bases for this affirmative

13   defense in its Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115) and

14   supporting documentation.  Samsung's investigation is ongoing and Samsung will supplement this

15   interrogatory after a reasonable investigation and further discovery from Apple.

16         Failure to state a claim (ECF No. 263 at ¶ 196):  Samsung incorporates by reference its

17   Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

18   September 14, 2012, in which Samsung described, based upon information then known to it, the

19   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

20   First Amended Counterclaims in Reply.  Apple has failed to state any claim on which relief can be

21   granted.  Samsung's investigation is ongoing and Samsung will supplement this interrogatory after

22   a reasonable investigation and further discovery from Apple.

23         Waiver, acquiescence, and estoppel (ECF No. 263 at ¶ 197):  Samsung incorporates by

24   reference its Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in

25   Reply filed on September 14, 2012, in which Samsung described, based upon information then

26   known to it, the factual bases for every affirmative defense that Samsung has asserted in

27   connection with Apple's First Amended Counterclaims in Reply.  Apple waited years before

28   asserting that Samsung's alleged conduct with respect to Samsung's declared-essential patents-in-

suit gave rise to any claim for relief.  Apple also engaged in similar conduct to that which it

alleges against Samsung as a basis for its Counterclaims in Reply.  Apple, by its words and/or

conduct, represented that Samsung's conduct was consistent with ETSI rules and applicable law.

Samsung's investigation is ongoing and Samsung will supplement this interrogatory after a

reasonable investigation and further discovery from Apple.

Laches (ECF No. 263 at ¶ 198):  Samsung incorporates by reference its Answer and

Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on September

14, 2012, in which Samsung described, based upon information then known to it, the factual bases

for every affirmative defense that Samsung has asserted in connection with Apple's First

Amended Counterclaims in Reply.  Apple unreasonably delayed in asserting its Counterclaims in

Reply, causing prejudice to Samsung.  Samsung's investigation is ongoing and Samsung will

supplement this interrogatory after a reasonable investigation and further discovery from Apple.

Unclean hands (ECF No. 263 at ¶ 199):  Samsung incorporates by reference its Answer

and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

September 14, 2012, in which Samsung described, based upon information then known to it, the

factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

First Amended Counterclaims in Reply.  Apple engaged in similar conduct to that which it alleges

against Samsung as a basis for its Counterclaims in Reply.  In addition, Apple has abused ETSI

FRAND rules by using Samsung's declared-essential patented technology in its products without

paying a FRAND royalty, or any royalty, to Samsung.  Samsung's investigation is ongoing and

Samsung will supplement this interrogatory after a reasonable investigation and further discovery

from Apple.

Nonperformance by Apple (ECF No. 263 at ¶ 200):  Samsung incorporates by reference its

Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

September 14, 2012, in which Samsung described, based upon information then known to it, the

factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

First Amended Counterclaims in Reply.  Apple has abused ETSI FRAND rules by using

Samsung's declared-essential patented technology in its products without paying a FRAND

1  royalty, or any royalty, to Samsung.  Samsung's investigation is ongoing and Samsung will

2  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

3       Frustration of purpose (ECF No. 263 at ¶ 201):  Samsung incorporates by reference its

4  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

5  September 14, 2012, in which Samsung described, based upon information then known to it, the

6  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

7  First Amended Counterclaims in Reply.  Apple's interpretation of the ETSI FRAND rules would

8  frustrate the goals of the ETSI IPR Policy of balancing the interests of IPR holders and the needs

9  of standardization, and of adequately and fairly compensating IPR holders for the use of their IPR

10  in the implementation of standards.  Samsung's investigation is ongoing and Samsung will

11  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

12       Statute of limitations (ECF No. 263 at ¶ 202):  Samsung incorporates by reference its

13  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

14  September 14, 2012, in which Samsung described, based upon information then known to it, the

15  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

16  First Amended Counterclaims in Reply.  Apple's claims for relief are barred, in whole or in part,

17  by the applicable statutes of limitations.  Samsung's investigation is ongoing and Samsung will

18  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

19       Business justification (ECF No. 263 at ¶ 203):  Samsung incorporates by reference its

20  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

21  September 14, 2012, in which Samsung described, based upon information then known to it, the

22  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

23  First Amended Counterclaims in Reply.  To the extent Samsung engaged in any of the acts alleged

24  in Apple's First Amended Counterclaims in Reply, those acts were not anticompetitive but rather

25  were justified as valid business decisions.  Samsung's investigation is ongoing and Samsung will

26  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

27

28

1        Advisory opinion (ECF No. 263 at ¶ 213):  Samsung incorporates by reference its Answer

2   and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

3   September 14, 2012, in which Samsung described, based upon information then known to it, the

4   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

5   First Amended Counterclaims in Reply.  Apple seeks an advisory opinion in that it seeks relief

6   based on ETSI FRAND rules that apply only to patents that are essential to an ETSI standard,

7   while at the same time denying that Samsung's declared-essential patents-in-suit are, in fact,

8   essential.  If, as Apple contends, Samsung's declared-essential patents in suit are not essential,

9   then its claims for relief based on ETSI rules are purely hypothetical.  Samsung's investigation is

10  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

11  further discovery from Apple.

12       Duplicative claims (ECF No. 263 at ¶ 214):  Samsung incorporates by reference its Answer

13  and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

14  September 14, 2012, in which Samsung described, based upon information then known to it, the

15  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

16  First Amended Counterclaims in Reply.  Samsung's investigation is ongoing and Samsung will

17  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

18       Splitting a cause of action (ECF No. 263 at ¶ 215):  Samsung incorporates by reference its

19  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

20  September 14, 2012, in which Samsung described, based upon information then known to it, the

21  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

22  First Amended Counterclaims in Reply.  Apple's Seventeenth, Eighteenth, Nineteenth, and

23  Twentieth Counterclaims in Reply were previously asserted by Apple in *Apple v. Samsung*, Case

24  No. 11-cv-1846-LHK (PSG), based on substantially overlapping facts.  Samsung's investigation is

25  ongoing and Samsung will supplement this interrogatory after a reasonable investigation and

26  further discovery from Apple.

27       No antitrust standing (ECF No. 263 at ¶ 204):  Samsung incorporates by reference its

28  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

1   September 14, 2012, in which Samsung described, based upon information then known to it, the

2   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

3   First Amended Counterclaims in Reply.  Apple has not suffered antitrust injury and will not suffer

4   injury of the type the antitrust laws were designed to prevent.  Samsung's damages contentions

5   will be detailed in its expert reports that will be served in accordance with the Court's Minute

6   Order and Case Management Order (ECF No. 160).  Samsung's investigation is ongoing and

7   Samsung will supplement this interrogatory after a reasonable investigation and further discovery

8   from Apple.

9       No standing under § 17200 (ECF No. 263 at ¶ 205):  Samsung incorporates by reference its

10  Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

11  September 14, 2012, in which Samsung described, based upon information then known to it, the

12  factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

13  First Amended Counterclaims in Reply.  Apple has not suffered injury in fact and has not lost

14  money or property as a result of any alleged unfair competition by Samsung.  Samsung's damages

15  contentions will be detailed in its expert reports that will be served in accordance with the Court's

16  Minute Order and Case Management Order (ECF No. 160).  Samsung's investigation is ongoing

17  and Samsung will supplement this interrogatory after a reasonable investigation and further

18  discovery from Apple.

19      Acts of Apple (ECF No. 263 at ¶ 206):  Samsung incorporates by reference its Answer and

20  Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on September

21  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

22  for every affirmative defense that Samsung has asserted in connection with Apple's First

23  Amended Counterclaims in Reply.  Apple's claimed injuries and damages were not legally or

24  proximately caused by any acts or omissions of Samsung and were caused, if at all, by Apple's

25  own conduct and/or the conduct of others.  Samsung's damages contentions will be detailed in its

26  expert reports that will be served in accordance with the Court's Minute Order and Case

27  Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

28  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

1   Actions of others (ECF No. 263 at ¶ 207):  Samsung incorporates by reference its Answer

2   and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

3   September 14, 2012, in which Samsung described, based upon information then known to it, the

4   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

5   First Amended Counterclaims in Reply.  Apple's claimed injuries and damages were not legally or

6   proximately caused by any acts or omissions of Samsung and were caused, if at all, by Apple's

7   own conduct and/or the conduct of others.  Samsung's damages contentions will be detailed in its

8   expert reports that will be served in accordance with the Court's Minute Order and Case

9   Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

10  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

11  No causation (ECF No. 263 at ¶ 208):  Samsung incorporates by reference its Answer and

12  Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on September

13  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

14  for every affirmative defense that Samsung has asserted in connection with Apple's First

15  Amended Counterclaims in Reply.  Apple's claimed injuries and damages were not legally or

16  proximately caused by any acts or omissions of Samsung and were caused, if at all, by Apple's

17  own conduct and/or the conduct of others.  Samsung's damages contentions will be detailed in its

18  expert reports that will be served in accordance with the Court's Minute Order and Case

19  Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

20  supplement this interrogatory after a reasonable investigation and further discovery from Apple.

21  No damage (ECF No. 263 at ¶ 209):  Samsung incorporates by reference its Answer and

22  Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on September

23  14, 2012, in which Samsung described, based upon information then known to it, the factual bases

24  for every affirmative defense that Samsung has asserted in connection with Apple's First

25  Amended Counterclaims in Reply.  Apple has not suffered any injury or damages as a result of the

26  conduct alleged in the First Amended Counterclaims in Reply.  Samsung's damages contentions

27  will be detailed in its expert reports that will be served in accordance with the Court's Minute

28  Order and Case Management Order (ECF No. 160).  Samsung's investigation is ongoing and

1    Samsung will supplement this interrogatory after a reasonable investigation and further discovery

2    from Apple.

3         Failure to mitigate (ECF No. 263 at ¶ 210):  Samsung incorporates by reference its Answer

4    and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

5    September 14, 2012, in which Samsung described, based upon information then known to it, the

6    factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

7    First Amended Counterclaims in Reply.  Apple failed to take reasonable steps to mitigate its

8    alleged damages, to the extent any such damages exist.  Samsung's damages contentions will be

9    detailed in its expert reports that will be served in accordance with the Court's Minute Order and

10   Case Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

11   supplement this interrogatory after a reasonable investigation and further discovery from Apple.

12        Adequate remedy at law (ECF No. 263 at ¶ 211):  Samsung incorporates by reference its

13   Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

14   September 14, 2012, in which Samsung described, based upon information then known to it, the

15   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

16   First Amended Counterclaims in Reply.  Apple has failed to identify any irreparable harm it will

17   suffer based on the acts alleged in the First Amended Counterclaims in Reply, or any alleged harm

18   that could not be compensated by money damages.  Samsung's damages contentions will be

19   detailed in its expert reports that will be served in accordance with the Court's Minute Order and

20   Case Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

21   supplement this interrogatory after a reasonable investigation and further discovery from Apple.

22        No irreparable harm (ECF No. 263 at ¶ 212):  Samsung incorporates by reference its

23   Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply filed on

24   September 14, 2012, in which Samsung described, based upon information then known to it, the

25   factual bases for every affirmative defense that Samsung has asserted in connection with Apple's

26   First Amended Counterclaims in Reply.  Apple has failed to identify any irreparable harm it will

27   suffer based on the acts alleged in the First Amended Counterclaims in Reply, or any alleged harm

28   that could not be compensated by money damages.  Samsung's damages contentions will be

1   detailed in its expert reports that will be served in accordance with the Court's Minute Order and

2   Case Management Order (ECF No. 160).  Samsung's investigation is ongoing and Samsung will

3   supplement this interrogatory after a reasonable investigation and further discovery from Apple.

4

5   **INTERROGATORY NO. 29:**

6          Specifically for each of the Apple Patents-in-Suit, identify and explain in detail each

7   design-around and/or alleged alternative technology or method that can be used as an alternative to

8   the patented technology, including but not limited to: (1) a description of the alleged design-

9   around; (2) a description of when and how the alleged design-around was developed; (3) the

10  identity of individuals involved in developing the alleged design-around, including their titles and

11  departments if they are or were Samsung employees; (4) dates when the alleged design-around

12  was incorporated into Samsung's products; and (5) each product available on the market

13  simultaneously with the Accused Samsung Products that would have been an acceptable non-

14  infringing alternative for customers who purchased the Accused Samsung Products.

15

16  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

17         In addition to its General Objections above, which it hereby incorporates by reference,

18  Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

19  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

20  defense privilege, the common interest doctrine, and/or any other applicable privilege or

21  immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories;

22  (iii) it is vague, ambiguous, overly broad and unduly burdensome to the extent that seeks

23  information concerning "each design-around and/or alleged alternative technology or method" that

24  "can be used;" (iv) it calls for information that is not within Samsung's possession custody or

25  control; (v) it is premature to the extent that it seeks information that is properly the subject of

26  expert opinion prior to the deadline established in the May 2, 2012 Minute Order and Case

27  Management Order; (vi) it calls for legal conclusions; and (vii) it seeks documents that are not

28

1    relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

2    discovery of admissible evidence.

3           Subject to and without waiving the foregoing general and specific objections, Samsung

4    responds as follows:

5           For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

6    Samsung products do not infringe the asserted claims of the '502 patent; the accused Samsung

7    products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012

8    Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple

9    contends that any of this prior art does not anticipate the asserted claims of the '502 patent, the

10   scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

11          For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

12   Samsung products do not infringe the asserted claims of the '647 patent; the accused Samsung

13   products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012

14   Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple

15   contends that any of this prior art does not anticipate the asserted claims of the '647 patent, the

16   scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

17   Additionally, HTC has implemented a design-around to the invention Apple argues is embodied

18   by the '647 patent.  Information regarding that design-around is as available to Apple as it is to

19   Samsung.

20          For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

21   Samsung products do not infringe the asserted claims of the '959 patent; the accused Samsung

22   products are therefore alternatives to the claimed technology.  In addition, the Samsung Galaxy S

23   III uses non-infringing, alternative technology.  Likewise, any Samsung Galaxy Nexus using the

24   Jelly Bean version of the Android operating system uses non-infringing, alternative technology.

25   Moreover, in its August 10, 2012 Invalidity Contentions, Samsung identified a variety of prior art.

26   At least to the extent that Apple contends that any of this prior art does not anticipate the asserted

27   claims of the '959 patent, the scope and variety of the prior art represents a plethora of alternatives

28   to the claimed technology.

1   For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

2   Samsung products do not infringe the asserted claims of the '414 patent; the accused Samsung

3   products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012

4   Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple

5   contends that any of this prior art does not anticipate the asserted claims of the '414 patent, the

6   scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

7   For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

8   Samsung products do not infringe the asserted claims of the '760 patent; the accused Samsung

9   products are therefore alternatives to the claimed technology.  In addition, in its August 10, 2012

10  Invalidity Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple

11  contends that any of this prior art does not anticipate the asserted claims of the '760 patent, the

12  scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

13  For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

14  Samsung products do not infringe the asserted claims of the '721 patent; the accused Samsung

15  products are therefore alternatives to the claimed technology.  In addition, the Samsung Galaxy S

16  III, Samsung Galaxy Note, Samsung Galaxy Player 4.0, and Samsung Galaxy Player 5.0 each use

17  non-infringing, alternative technology.  Moreover, in its August 10, 2012 Invalidity Contentions,

18  Samsung identified a variety of prior art.  At least to the extent that Apple contends that any of this

19  prior art does not anticipate the asserted claims of the '721 patent, the scope and variety of the

20  prior art represents a plethora of alternatives to the claimed technology.

21  For at least the reasons set forth in response to Interrogatory No. 24, above, the accused

22  Samsung products do not infringe the asserted claims of the '172 patent; the accused Samsung

23  products are therefore alternatives to the claimed technology.  In addition, the Samsung Galaxy S

24  III uses non-infringing, alternative technology.  Moreover, in its August 10, 2012 Invalidity

25  Contentions, Samsung identified a variety of prior art.  At least to the extent that Apple contends

26  that any of this prior art does not anticipate the asserted claims of the '172 patent, the scope and

27  variety of the prior art represents a plethora of alternatives to the claimed technology.

28

For at least the reasons set forth in response to Interrogatory No. 24, above, the accused Samsung products do not infringe the asserted claims of the '604 patent; the accused Samsung products are therefore alternatives to the claimed technology.  In addition, the Samsung Galaxy S III uses non-infringing, alternative technology.  Likewise, any Samsung Galaxy Nexus using the Jelly Bean version of the Android operating system uses non-infringing, alternative technology. Moreover, in its August 10, 2012 Invalidity Contentions, Samsung identified a variety of prior art. At least to the extent that Apple contends that any of this prior art does not anticipate the asserted claims of the '604 patent, the scope and variety of the prior art represents a plethora of alternatives to the claimed technology.

**INTERROGATORY NO. 30:**

Identify for each Accused Samsung Product the number of units sold by any defendant in the United States by month, the quarterly gross and net revenues for each device since 2005, the quarterly gross and net incomes for each device since 2005, and the quarterly gross and net profits for each device since 2005.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "Accused Samsung Product" that is not specifically identified in the interrogatory; (iv) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving the foregoing general and specific objections, Samsung

2  responds as follows:  In accordance with Federal Rule of Civil Procedure 33(d), Samsung will

3  produce and specifically identify documents containing net revenues, net incomes and net profits

4  for the Accused Samsung Products.

5

6  **INTERROGATORY NO. 31:**

7    From 2005 to the present, identify by month the amount of revenue that any defendant has

8  obtained due to the sale of accessories or other goods or services that are designed to work with

9  any Accused Samsung Product.

10

11  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 31:**

12    In addition to its General Objections above, which it hereby incorporates by reference,

13  Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

14  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

15  defense privilege, the common interest doctrine, and/or any other applicable privilege or

16  immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories;

17  (iii) it is vague, ambiguous, and unintelligible to the extent it seeks information about any

18  "Accused Samsung Product" that is not specifically identified in the interrogatory; (iv) it is vague

19  and ambiguous as to the term "revenue" and "other goods or services"; (v)  it seeks documents

20  containing confidential third party information, including information subject to a non-disclosure

21  or other agreement between Samsung and a third party, or documents subject to a protective order;

22  and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not

23  reasonably calculated to lead to the discovery of admissible evidence.

24    Subject to and without waiving the foregoing general and specific objections, Samsung

25  responds as follows:  In accordance with Federal Rule of Civil Procedure 33(d), Samsung will

26  produce and specifically identify documents containing net revenues obtained from the sale of

27  accessories within the U.S.

28

**INTERROGATORY NO. 32:**

To the extent Samsung claims to be indemnified or otherwise compensated in connection with this lawsuit by any Third Party, identify that Third Party, state the full basis for the alleged indemnification, and describe the scope of the alleged indemnification.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 32:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague and ambiguous, particularly as to the term "in connection with"; (iv) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Samsung responds as follows:  Samsung is not currently seeking indemnification from any third party.

DATED:  September 24, 2012          Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By   /s/ Patrick M. Shields
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    William C. Price
    Patrick M. Shields

    John Caracappa (*pro hac vice*)
    Steptoe & Johnson, LLP
    1330 Connecticut Avenue, NW
    Washington DC 20036
    TEL:  202-429-6267
    FAX:  202-429-3902

    Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC