# EXHIBIT F

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

June 6, 2012

**VIA EMAIL**

Ms. Emily Fedman
Gibson, Dunn & Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105-0921

Re:  *Apple v. Samsung Elecs. Co. et al*, Case No 12-cv-0630
 Objections to Printing of Samsung's Highly Confidential Source Code

Dear Emily:

I write in further regard to my letter dated, June 4, 2012, addressing the printing of Samsung's Highly Confidential-Outside Attorneys' Eyes Only-Source Code ("Samsung's Source Code"), pursuant to the terms of parties' Agreed Upon Protective Order Regarding Disclosure and Use of Discovery Materials (the "Protective Order").

In addition to the objections raised in my June 4, 2012 letter, Samsung further objects to those pages printed by Apple's reviewer,[1] Mr. Sowayan, for the reasons provided herein.[2]  Although we are continuing to review these voluminous printouts and reserve our right to raise additional objections, to date we have identified the following grounds for objection:

First, the pages printed by Mr. Sowayan contain no source code.  Rather, the printouts contain lines of 'diff' commands that merely record the difference between source code files.  The Protective Order defines Source Code as "confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer

---

[1]  Samsung does not object to the printing or production of SAMDCA630-SC00000001-SC00000002.

[2]  Samsung has nonetheless provided those pages not exceeding the limitations set in the Protective Order to you, pending resolution of our objection.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661 | TEL 312-705-7400 FAX 312-705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 (0) 20 7653-2000 FAX +44 (0) 20 7653-2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 (0) 3 5561-1711 FAX +81 (0) 3 5561-1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49 (0) 621 43298-6000 FAX +49 (0) 621 43298-6100

Level (RTL files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip." (Protective Order ¶ 2(h).)  The 'diff' commands printed by Mr. Sowayan do not contain source code as commonly known, nor do they qualify as "Source Code" as defined in Paragraph 2(h) of the Protective Order.

Second, the pages printed by Mr. Sowayan circumvent the provision regarding what volume Apple may print: "[p]rinted portions which exceed 50 continuous pages or 10% or more of a specific software release shall be presumed excessive and not done for a permitted purpose. . . .The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purpose of review and analysis elsewhere." (Protective Order ¶ 11(i).)

Using broad recursive 'diff' commands across various directories, the pages printed provide access to an understanding of tens of thousands, if not hundreds of thousands, of source code lines.  This far exceeds the limitations set by the Protective Order and agreed to by Apple.  This volume is presumptively unreasonable, and strongly suggests that Apple seeks to use such printed pages in contravention of the terms of the Protective Order.[3]

Third, the pages printed by Mr. Sowayan do not pertain to Apple's claims or defenses in this matter.  Pursuant to the Protective Order, "[t]he Receiving Party may print limited portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose." (Protective Order ¶ 11(i).)  Contrary to these limitations, our preliminary review of the pages printed by Mr. Sowayan indicates that Apple has sought information regarding a wide variety of source code files, many, if not most of which, are entirely unrelated to Apple's allegations in this action.

Very truly yours,

Jeanine Zalduendo

---

[3]   Apart from violating the specific terms of the Protective Order, the 'diff' commands contained in the pages printed by Mr. Sowayan provide direct access to Samsung's trade secret and competitively sensitive information.  Apple cannot abuse its access to Samsung's highly confidential source code to extract such information.