# EXHIBIT I

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Joshua Furman
Direct: +1 212.351.2461
Fax: +1 212.351.5261
JFurman@gibsondunn.com

December 5, 2012

Shahin Rezvani
Quinn Emanuel
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

Re:   *Apple v. Samsung Elecs. Co. et al, Case No 12-cv-0630*
      *Production of Samsung's Highly Confidential Source Code*

Dear Shahin:

We have received your letter dated November 12, 2012, in which Samsung refuses to produce the following documents based on its mistaken assertion that these documents are consecutive pages of source code exceeding 50 pages in length from a single software release: SAMDCA630-SC00000869-SC00000935; SAMDCA630-SC00001009-SC00001234; SAMDCA630-SC00001335-SC00001410; and SAMDCA630-SC00001487-SC00001555.  As explained below, these documents are "diffs"—not source code—and to the extent they contain any source code excerpts none of those excerpts exceed 50 consecutive pages from a single software release.  Nothing in the Protective Order can reasonably be read to limit their production and Samsung by continuing to withhold these documents has, in fact, violated the same.

All of the documents contained in the Bates ranges above are output from the diff software tool (available with the Cygwin tools) generated during our review of the code on November 7 and 8, 2012.  This tool compares two files and produces an output, referred to as a "diff," indicating whether the files are the same or different and if they are different what those differences are.  This tool may also be used to compare the contents of two directories; meaning comparing file named A in a first directory with another file named A in a second directory and so on iterating through all the files in those two directories.  In that situation, the tool will produce a single output containing information on a number of distinct files.  It is that type of output, *i.e.*, directory comparison, which is contained in the Bates ranges listed above.  None of these documents are actual source code, nor does the information they contain relate to a single source code file.

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Shahin Rezvani
December 5, 2012
Page 2


Accordingly, the Protective Order does not presumptively limit their production. That order in paragraph 11(i) states that "Printed portions which exceed 50 *continuous* pages or 10% more of a specific software release shall be presumed excessive and not done for a permitted purpose" (emphasis added). This provision does not apply to these "diffs" because: (1) they are not source code; and (2) they are not continuous pages of any specific software release. Rather, this is simply printed information identifying the differences, if any, between multiple code files in different software releases.

Indeed, Samsung has in other correspondence acknowledged that Apple is free to run such "diffs" during its inspections in order to identify differences in the different versions of the source code at issue. *See* Nov. 16 Letter from M. Fazio to M. Valek (attempting to justify Samsung's refusal to answer Apple's Interrogatory No. 22 by explaining that Apple's expert "has Cygwin at his disposal to run . . . 'diffs' during his inspection of source code" and that, as a result, Apple is able to identify "differences between the publicly available source code and the source code on used on accused Samsung products"). But now Samsung refuses to provide Apple the same "diffs" it concedes are necessary to identify the differences in relevant source code versions while *simultaneously* refusing to answer Apple's interrogatory asking Samsung to identify those differences itself. There is nothing in the Federal Rules, nor the Protective Order, allows Samsung to refuse to produce this highly-relevant information.

Indeed, Samsung has violated the Protective Order by not producing the printed documents identified above within the allotted time frame of 48 hours. Please confirm that Samsung will immediately produce these documents. If it will not, the parties will need to discuss this matter at the next lead trial counsel meet and confer and ultimately before the Court.

Sincerely,


Joshua Furman

JRF/stw