# EXHIBIT J

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3256**

WRITER'S INTERNET ADDRESS
shahinrezvani@quinnemanuel.com

December 10, 2012

<u>VIA E-MAIL</u>

Joshua Furman, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193

Re:     *Apple v. Samsung Elecs. Co. et al*, Case No 12-cv-0630
        <u>Production of Samsung's Highly Confidential Source Code</u>

Dear Counsel:

I write in response to Apple's letter dated December 5, 2012.  Preliminarily, I note that the issue raised by Apple was already addressed by Samsung in June 2012.  *See, e.g.,* June 6, 2012 letter from J. Zalduendo to E. Fedman.  At that time, Samsung explained why the Protective Order in this case does not support production of "diff printouts" exceeding 50 pages.  *See id*.  Apple never contested Samsung's reasoning.  Now, six months later, and amidst Apple's unprincipled and meritless accusations of a Protective Order violation, Apple revives its contention that it is entitled to diff printouts in excess of 50 pages.  Samsung's response and reasoning on this issue – which Apple still has not addressed – remains unchanged.

As Apple points out, the Protective Order does *not* give the parties *any* right to print out the "diff results" in the first place.  As explained in Ms. Zalduendo's June 6 letter:

> The Protective Order defines Source Code as "confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

>and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip." (Protective Order ¶ 2(h).) The 'diff' commands printed by Mr. Sowayan do not contain source code as commonly known, nor do they qualify as "Source Code" as defined in Paragraph 2(h) of the Protective Order.
>
>Second, the pages printed by Mr. Sowayan circumvent the provision regarding what volume Apple may print: "[p]rinted portions which exceed 50 continuous pages or 10% or more of a specific software release shall be presumed excessive and not done for a permitted purpose. . . .*The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purpose of review and analysis elsewhere*." (Protective Order ¶ 11(i).)
>
>Using broad recursive 'diff' commands across various directories, the pages printed provide access to an understanding of tens of thousands, if not hundreds of thousands, of source code lines. This far exceeds the limitations set by the Protective Order and agreed to by Apple. *This volume is presumptively unreasonable, and strongly suggests that Apple seeks to use such printed pages in contravention of the terms of the Protective Order*.[1]
>
>Third, the pages printed by Mr. Sowayan do not pertain to Apple's claims or defenses in this matter. Pursuant to the Protective Order, "[t]he Receiving Party may print limited portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose." (Protective Order ¶ 11(i).) (emphasis added).

This reasoning remains sound, and Apple still fails to shoulder its burdens.

Even assuming, *arguendo,* that the Protective Order gives Apple the right to print diff results, Apple's December 5 letter does not explain why the printouts sought are "reasonably necessary for a permitted purpose," as required by Paragraph 11(i). Nor does Apple's letter explain why

---

[1] Apart from violating the specific terms of the Protective Order, the "diff" commands contained in the pages printed by Mr. Sowayan provide direct access to Samsung's trade secret and competitively sensitive information. Apple cannot abuse its access to Samsung's highly confidential source code to extract such information.

2

the portions sought are "not merely printed for the purpose of review and analysis elsewhere," as Paragraph 11(i) requires.  Apple's letter also does not explain why the portions sought are "reasonably necessary to facilitate [Apple's] preparation of court filings, expert reports and trial exhibits," and "relevant to the claims and defenses in the case" as Paragraph 11(i) further requires.  Please explain how and why Apple has satisfied the foregoing burdens, as is required under the Protective Order.

Sincerely,

Shahin Rezvani