# EXHIBIT K

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Joshua Furman
Direct: +1 212.351.2461
Fax: +1 212.351.5261
JFurman@gibsondunn.com

January 11, 2013

VIA ELECTRONIC MAIL

Shahin Rezvani
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figeroa St
10th Floor
Los Angeles, California 90017

Re:   *Apple Inc. v. Samsung Electronics Corp.,* Case No. 12-cv-630 – Production of Samsung's Source Code

Dear Shahin:

I write in response to your letter of December 10, 2012, regarding the production of printouts made by Apple's expert, Abdul Sowayan, on November 7 and 8, 2012 (herein referred to as "diffs"). The inconsistency of Samsung's positions on this issue is baffling.

First, your letter wrongly implies that Apple is not entitled to receive printouts of these diffs because the Protective Order does not affirmatively say anything about such documents. That is not how the rules of discovery work. The requested diffs are responsive, highly relevant and unquestionably in Samsung's (but not Apple's) possession—therefore they are discoverable. In theory, the Protective Order could place restrictions on their production, but as Samsung acknowledges in your letter that order does not directly speak to the subject of diffs, only source code. And as Apple has explained before the particular diffs printed by Mr. Sowayan are not source code. *See, e.g.,* December 5, 2012 letter from J. Furman to S. Rezvani.

Second, even if these diffs contain some pieces of source code within them, Samsung has no basis to limit the length of diff printouts to only 50 pages. Indeed, the June 6th letter you cite from Samsung's counsel acknowledges the dispositive facts: "the pages printed by Mr. Sowayan contain no source code. Rather, the printouts contain lines of 'diff' commands that merely record the difference between source code files." Since these diffs are not themselves source code, nor do they contain 50 continuous pages of source code or 10% or more of a specific software release anywhere within, they are not presumptively barred by section 11(i) of the Protective Order.

**GIBSON DUNN**

Shahin Rezvani
January 11, 2013
Page 2

Samsung's refusal to produce these diffs to Apple appears to be aimed at stymieing an efficient review of Samsung's source code.  This is particularly true since Apple's reviewers could very inefficiently and at great expense run the diff program on each file individually thereby generating only a few lines of output per file.  Those resulting files could be printed individually and, consistent with Samsung's previous positions, Samsung would have produced those.  Samsung's objections appear to be motivated not by any substance, but rather an attempt to hinder Apple's expeditious and efficient review of the produced source code.  This problem is exacerbated by Samsung's concurrent refusal to answer Apple's Interrogatory No. 22, which Samsung claims is unnecessary because Apple can simply run diffs and review the output to ascertain the answer itself.  *See e.g.,* November 16, 2012 letter from M. Fazio to M. Valek.

Given that we are at impasse on this issue, Apple expects to discuss the same at the next lead trial counsel meet and confer.

Sincerely,


*/s/ Joshua Furman*


Joshua Furman