# EXHIBIT L

quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3256**

WRITER'S INTERNET ADDRESS
shahinrezvani@quinnemanuel.com

January 22, 2013

<u>VIA E-MAIL</u>

Joshua Furman, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York  10166-0193

Re:   *Apple v. Samsung Elecs. Co. et al*, Case No 12-cv-0630
      <u>Production of Samsung's Highly Confidential Source Code</u>

Dear Counsel:

I write in response to Apple's letter dated January 11, 2013.  Yet again, the parties will have to agree to disagree on what the Protective Order and the "rules of discovery" provide.  We both agree that the Protective Order does not expressly provide for the printing of diff results.  We can also agree Apple's letter does not point to any case authority or Federal Rule that would somehow bring the diff printouts within the scope of the Protective Order.  Our common ground, however, ends there.

Apple's letter rests on a fundamental fallacy that the diff printouts are discoverable documents from Samsung.  But the printouts are unlike any other documents in this case.  They were not created by Samsung employees.  They did not exist until Apple's expert generated and printed them in this litigation.  They are not responsive to any Request for Production propounded by Apple.  The contents of the printouts would not be admissible either as an exhibit to a declaration, or as an exhibit at trial.

As Apple's letter concedes, the diff printouts are shorthand for the comparison of thousands of

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

lines of source code.  The Protective Order would not allow Apple to print those lines of code themselves under the limits imposed by Paragraph 11(i).  Paragraph 11(i) also bars Apple from printing "for the purpose of review and analysis elsewhere."  Despite these facts, and despite Apple's intent to circumvent Paragraph 11(i) by generating diff printouts, Samsung has provided Apple with each and every diff printout that did not exceed 50 pages as an accommodation to Apple.  Therefore, Apple's assertion that Samsung is trying to "stymie" Apple's source code inspection efforts is baseless.

Further, Apple's letter does not address the issues that Samsung raised in its December 17, 2012 letter with respect to your initial correspondence on this matter.  To wit:

> Even assuming, *arguendo,* that the Protective Order gives Apple the right to print diff results, Apple's December 5 letter does not explain why the printouts sought are "reasonably necessary for a permitted purpose," as required by Paragraph 11(i).  Nor does Apple's letter explain why the portions sought are "not merely printed for the purpose of review and analysis elsewhere," as Paragraph 11(i) requires.  Apple's letter also does not explain why the portions sought are "reasonably necessary to facilitate [Apple's] preparation of court filings, expert reports and trial exhibits," and "relevant to the claims and defenses in the case" as Paragraph 11(i) further requires.  Please explain how and why Apple has satisfied the foregoing burdens, as is required under the Protective Order.

It does not further the parties' meet and confer efforts for Samsung to raise issues such as these, and for Apple to ignore them.  Accordingly, please provide the explanations that Samsung requested on these issues.

Sincerely,

Shahin Rezvani