# EXHIBIT 1

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

November 5, 2012

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:    *Apple Inc. v. Samsung Electronics Co. et al.*, No. 12-cv-0630-LHK

Dear Michael:

I write regarding the deficiencies in Samsung's responses (served September 24, 2012) to certain of Apple's interrogatories. Samsung must supplement its responses as explained below.

**Interrogatory No. 21**

This Interrogatory requests the identification of all code names, internal names, nick names, model numbers, or other identifying information used by Samsung to identify the Accused Products "as well as any of the Accused Features."

Samsung fails to provide any such information for the Accused Features. While Samsung does incorporates its response to Apple's Preliminary Injunction Interrogatory No. 1, that response is insufficient to answer this Interrogatory because it relates only to a subset of the Accused Features. Specifically, Samsung's prior response to Interrogatory No. 1 does not refer to features relating to the '760, '414, and '502 Patents, including missed call management, asynchronous data synchronization, and historical lists as identified in Apple's Disclosure of Asserted Claims and Infringement Contentions.

Please confirm that Samsung will supplement its response to this Interrogatory to identify responsive information for these features as well as provide any other responsive information not set forth in its prior responses.

**Interrogatory No. 22**

This Interrogatory seeks the identification of all files in the source code used in the Accused Samsung Products that relate to the Accused Features and functionality. It further seeks

**GIBSON DUNN**

Michael L. Fazio
November 5, 2012
Page 2

specific information about each such file as specified in the Interrogatory. Samsung objects and apparently refuses to answer to this interrogatory.

None of Samsung's objections are a proper basis for it to refuse to respond. It is not unduly burdensome to ask the Samsung, the party who actually makes use of and implements the code in its accused products, to identify those files that provide the Accused Features and functionality. Samsung is in a better position to provide responsive information regarding the source code in its accused products than is Apple. While some of the requested information may be known to third parties, such as Google, that fact does not excuse Samsung from its obligation to provide responsive information that is in its possession, control or custody. Finally, Samsung does not, and it seems likely cannot, provide any reasoned basis for its claim that privilege protects any of the information sought by this Interrogatory, nor has it identified any "non-disclosure" obligations that it claims bar it from providing a proper response to this Interrogatory.

Accordingly, please confirm that Samsung will provide a substantive and complete response to this interrogatory.

**Interrogatory No. 28**

Among other things, this Interrogatory asks Samsung to identify those persons with knowledge of the factual and legal basis for each of its affirmative defenses. Samsung's response fails to identify even one person with knowledge of any facts related to any of its affirmative defenses.

None of Samsung's objections allow it to avoid identifying such persons. The identity of persons with knowledge of the facts related to these defenses is not privileged, nor is it unduly burdensome to ask Samsung to identify persons with knowledge of the defenses that Samsung has chosen to assert in this case. If Samsung is not aware of any person with knowledge of any of the factual bases for any of its affirmative defenses, then please so state. Otherwise, please confirm that Samsung will supplement its response to identify those persons currently known to it with knowledge of the factual and legal basis (on a defense-by-defense basis) for each of Samsung's affirmative defenses.

**Interrogatory No. 30**

This Interrogatory requires that Samsung identify, for each Accused Samsung Product, the number of units sold in the United States by month, the quarterly gross and net revenues for each device since 2005, the quarterly gross and net incomes for each device since 2005, and the quarterly gross and net profits for each device since 2005. All such financial information is non-privileged and relevant to the damages issues in this case. However, Samsung has

**GIBSON DUNN**

Michael L. Fazio
November 5, 2012
Page 3

agreed only to produce and identify documents showing net revenues, net incomes and net profits. Samsung's response is insufficient for several reasons.

First, Samsung apparently intends to try to withhold its *gross* revenue, income and profit numbers. There is no legitimate basis for Samsung to do so as such financial information is pertinent to, *inter alia*, accurately determining Samsung's margins on its accused products. Net margins can be calculated differently, particularly when multiple related corporate entities are involved. In order to conduct a thorough damages analysis, Apple needs access to the gross numbers as well.

Second, Samsung must also identify the number of accused units sold on a month-by-month basis. This information is also necessary for Apple to conduct a rigorous damages analysis and, like the rest of the requested financial information, is not privileged and something that is undoubtedly in Samsung's possession, custody or control.

Third, Samsung's response is ambiguous as to the period of time over which it will provide the requested financial information. Please confirm that Samsung will provide all of the requested financial information, to the extent it exists for each Accused Samsung Product, back to 2005 and that it will regularly supplement its answer to provide new financial information as it becomes available during the pendency of this case.

Fourth, Samsung invokes Rule 33(d) for the limited financial information it agrees to provide, but it does not identify any documents in its current production, nor even specify when documents responsive to this Interrogatory will be produced. Samsung must produce any documents it intends to rely on under Rule 33(d) and supplement its response to specifically identify the same. Indeed, documents showing Samsung's sales volumes and gross and net revenues, profits and costs for each of its accused product are responsive to at least Apple's Requests for Production Nos. 132 and 313-315. Please confirm that these documents will be produced, and that Samsung will supplement its response to this Interrogatory to identify them, by November 21, 2012.

Fifth, Apple may have additional objections relating to the substance and form of those documents after they are identified. For example, it would be improper and not in keeping with Rule 33(d) for Samsung to attempt to obfuscate its response through the production of multiple sets of financial information relating to sales of the same accused products amongst its various corporate entities, rather than simply providing the requested financial information for sales of the accused products to consumers. Please confirm that Samsung will not engage in such gamesmanship here.

**GIBSON DUNN**

Michael L. Fazio
November 5, 2012
Page 4

**Interrogatory No. 31**

This Interrogatory requires that Samsung identify by month the revenue obtained due to the sale of goods or services that are designed to work with the accused products. This information is relevant to damages, in particular to certain of the *Georgia Pacific* factors as well as issues related to damages for possible convoyed sales. Samsung has only agreed to produce and identify documents showing net revenues obtained from the sale of accessories within the U.S. Similar to the deficiencies described above with respect to Interrogatory No. 30, Samsung's response to this Interrogatory is also insufficient for several reasons.

First, Samsung again apparently intends to try to withhold its *gross* revenue numbers for these accessories. As explained above, these gross revenue numbers are pertinent to the damages issues in this case and Samsung has no legitimate basis to refuse to identify them in response to this Interrogatory. Please confirm that Samsung will provide a complete response, including both net and gross revenue numbers on a month by month basis.

Second, this Interrogatory seeks revenue information regarding both physical goods "*and services*," but Samsung agrees to provide a response only for "accessories." Please confirm that Samsung will provide revenue information not only for physical goods, but also for any software and services designed to work with the accused products.

Third, Samsung limits its response to revenue information from only those sales in the U.S. This may be acceptable, but only if Samsung agrees that it will not exclude revenue information for any sales of goods or services that are intended for sale in the U.S., even if such products are first sold or transferred to other entities outside the U.S. Please confirm that Samsung will not withhold any such revenue information from its response.

Fourth, Samsung again invokes Rule 33(d) and, as before, it does not identify any documents in its current production, nor even specify when documents responsive to this Interrogatory will be produced. Samsung must produce any documents it intends to rely on under Rule 33(d) and supplement its response to specifically identify the same. Indeed, documents showing information sought by this Interrogatory are responsive to at least Apple's Request for Production No. 316. Please confirm that these documents will be produced, and that Samsung will supplement its response to this Interrogatory to identify them, by November 21, 2012.

Fifth, as explained above, Apple may have additional objections relating to the substance and form of those documents after they have been produced and identified.

*   *   *

**GIBSON DUNN**

Michael L. Fazio
November 5, 2012
Page 5


As explained above, Samsung's current responses to Apple's Third Set of Interrogatories are deficient.  Please confirm that Samsung will supplement its responses to provide the requested information no later than November 21, 2012.

Sincerely,


*/s/ Michael A. Valek*

MAV/pdd