# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

November 16, 2012

<u>Via E-Mail</u>

Michael A. Valek
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue
Dallas, Texas 75201

Re:    <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-0630</u>

Dear Counsel:

I write in response to Apple's letter dated November 5, 2012 regarding Samsung's objections and responses to Apple's Third Set of Interrogatories (the "Interrogatories").  This letter addresses the issues identified in Apple's November 5th letter, and is by no means intended as an exhaustive explanation of Samsung's objections and responses, or an agreement that any of Samsung's objections to the Interrogatories not addressed herein are thereby waived.  Samsung's responses to the purported issues raised by Apple with Samsung's objections and responses to Apple's Interrogatories are detailed below.

**Interrogatory No. 21**

Samsung will supplement this Interrogatory response to provide the information requested for the '760, '414, and '502 Patents.

**Interrogatory No. 22**

This Interrogatory requests that Samsung "identify from the Source Code produced in response

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

to Request Nos. 96 and 97 in Apple's Second Set of Requests for Production all files that relate to the Accused Features and functionality of the Accused Samsung Products."  As a preliminary matter, Samsung is not withholding information in its own possession, custody or control on the basis that any non-disclosure obligations bar it from providing a response.  But Samsung objected to the Interrogatory on a number of grounds that Apple does not address in its November 5th letter, to include the following:

•   <u>Improperly compound</u>.  Apple's Interrogatory is compound, requesting information concerning:  (1) identification of "all files that relate to the Accused Features and functionality of the Accused Samsung Products"; and (2) a comparison of "any differences between that file and the publicly available version of the source code for the Jelly Bean, Ice Cream Sandwich, Honey Comb, Gingerbread and FroYo versions of the Android operating system."  These two different issues comprise discrete subparts that should result in separate interrogatories.  As such, Apple's Interrogatory attempts to impose an obligation on Samsung that is broader than that imposed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. Pro. 33(a)(1).  Further, given the limit in this case of 50 interrogatories per party, it is improper for Apple to cabin multiple interrogatories under the heading of a single interrogatory in order to avoid the Court's limitation.

•   <u>Equally available</u>.  Apple is incorrect when it states that Samsung is "in a better position" to identify the files that provide the Accused Features and functionality.  As Apple is aware, Apple's expert is equally able to identify the files requested – indeed, that is what the parties contemplated when they entered into the Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery ("Stipulation"), Section 11, <u>Disclosure and Review of Source Code</u>.  Pursuant to subsections (b) and (c) of the parties' Stipulation, Samsung is making its source code available for inspection at STA's offices in San Jose.  This source code is arranged in such a way that Apple's expert can ascertain which files relate to which accused features at issue in this case.  Thus, Apple's Interrogatory attempts to impose a duty on Samsung to undertake a search for and evaluation of information that Apple is equally able to undertake.

•   <u>Information that is outside of Samsung's possession, custody, or control/Unduly Burdensome</u>.  Apple is incorrect in its contention that it would not be unduly burdensome for Samsung to fully respond to this Interrogatory.  The Samsung Patents-at Issue comprise eight different features, and there dozens of versions of source code, implicating potentially ten of thousands – if not hundreds of thousands – of files.  Apple's interrogatory seeks a point-by-point comparison of the differences (assuming, arguendo, that is what Apple means by the term "differences") between the numerous versions of source code implemented on the accused Samsung products and the hundreds of thousands of files implicated in the "publically available" versions of source code for five different operating systems (the Jelly Bean, Ice Cream Sandwich, Honey Comb, Gingerbread and FroYo versions of the Android operating system).  Accordingly, this request is, on its face, unduly burdensome.

Additionally, it is not Samsung's obligation to provide a list of these differences for Apple, as this information constitutes: (1) expert analysis; and (2) such information is equally available to Apple's expert as it is to Samsung.  Importantly, this same issue of identifying differences between source code versions has been addressed by the parties' Stipulation as well. Apple requested, and Samsung agreed, to install the Cygwin tools on Samsung's source code review

2

computer. This software allows Apple's expert, Mr. Sowayan, to compare public versions of the Android open source code to the source code implemented on the accused Samsung products. Mr. Sowayan has Cygwin at his disposal to run several "diffs" during his inspection of source code, including his inspections that most recently occurred on November 7th and 8th. Therefore, Apple cannot rationally complain that it cannot identify differences between the publicly available source code and the source code used on accused Samsung products when Apple has been using software that Apple requested and that Samsung provided to identify those very differences.

**Interrogatory No. 28**

This Interrogatory seeks the factual and legal basis for each of Samsung's affirmative defenses. Apple contends that Samsung's response did not identify those "persons with knowledge" of the information provided. Apple's complaint is disingenuous.

Samsung's Interrogatory No. 16 requested that Apple describe in detail the factual and legal basis (including the identity of all documents *and persons*) upon which Apple will rely to establish, or that contradict, each of its affirmative defenses. In response to Samsung's Interrogatory No. 16, Apple does not list a single person with knowledge of the information provided by Apple, but instead states that Apple is continuing to investigate and "reserves the right to supplement and/or amend its response as appropriate." Thus, it appears that both parties are continuing their investigations. Samsung assumes that *both* parties will identify persons with knowledge of their affirmative defenses. Please confirm that Samsung's understanding is correct.

**Interrogatory No. 30**

This Interrogatory requests that Samsung identify, for each accused Samsung product, the number of units sold in the United States by month, the quarterly gross and net revenues for each such device since 2005, the quarterly gross and net incomes for each such device since 2005, and the quarterly gross and net profits for each such device since 2005. Apple incorrectly contends that Samsung's agreement to "produce and specifically identify documents containing net revenues, net incomes and net profits for the Accused Samsung Products" is not adequate.

First, Apple asserts that there is "no legitimate basis" for Samsung to withhold information related to its gross revenue, income and profit numbers. Samsung's agreement to produce net financial data for the accused Samsung products is consistent with the financial data produced by both Apple and Samsung in the 1846 action. Samsung continues to contend that production of net financial data is not only adequate, but also consistent with the parties' prior practice.

Second, Apple contends that Samsung must "identify the number of accused units sold on a month-by-month basis." In response to Apple's Request No. 314(f), however, Samsung stated that it will produce documents sufficient to show the total quantity of units sold within the U.S. Consistent with the Federal Rules of Civil Procedure, Samsung will produce such responsive non-privileged documents as they are kept in the usual course of business. *See* Fed. R. Civ. Pro.

3

34(b)(2)(E)(i).  Therefore, Samsung is fulfilling its discovery obligations under the Rules through the production of this data as it is kept in the usual course of business.

Third, Apple argues that Samsung's response is "ambiguous as to the period of time over which it will provide the requested information."  Not so.  Samsung stated that it "will produce and specifically identify documents containing net revenues, net incomes and net profits for the accused Samsung products."  This means that Samsung will provide the agreed-to information as of the dates those products became available in the U.S. market.  It should be noted that such information cannot, by its very nature, extend back to 2005 because, as Apple is well aware, the earliest date that any of the accused Samsung products came to market in the U.S. was in 2011.  Accordingly, the financial information sought by Apple does not extend back to 2005.

Fourth, Apple contends that Samsung has not specified when Samsung's financial documents will be produced.  Apple's contention rings hollow given that, to date, Apple itself has produced exactly three financial documents: APLNDC630-0000016037-41, APLNDC630-0000016042-52, and APLNDC630-0000020738-59.  As is clear from Apple's own document production, both parties continue to search for their financial information in anticipation of producing it.  Samsung assumes that *both* parties will produce such financial information.  Please confirm that Samsung's understanding is correct.

Lastly, Apple states that it "may have additional objections relating to the substance and form of [Samsung's financial] documents after they are identified" and preemptively accuses Samsung of attempting to "obfuscate its response through the production of multiple sets of financial information" rather than "simply providing the requested financial information."  Apple bases its allegations of "gamesmanship" upon nothing.  Samsung notes that the Federal Rules of Civil Procedure provide that where "the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. Pro. 33(d)(1); *see also* Fed. R. Civ. Pro. 34(b)(2)(E)(i) (stating that a party may produce documents "as they are kept in the usual course of business.")  Samsung's response is consistent with the Rules.

**Interrogatory No. 31**

This Interrogatory seeks that Samsung "identify by month the amount of revenue that any defendant has obtained due to the sale of accessories or other goods or services that are designed to work with any Accused Samsung Product."  Apple argues that Samsung's agreement to produce and specifically identify documents containing net revenues obtained from the sale of accessories within the U.S. is insufficient.  Here too, Apple's contention is meritless.

First, Apple again contends that it is entitled to gross revenue figures.  Samsung's agreement to produce net financial data is proper, for the reasons stated above regarding Interrogatory No. 30.

Second, Apple states that, while this Interrogatory seeks revenue information regarding both physical goods and services, Samsung agreed to produce information concerning the sale of "accessories."  This is a threshold vagueness issue that Apple has not addressed.  It remains

unclear to Samsung what "other goods" Apple references, or what "services" are encompassed by this Interrogatory. Please clarify these terms and provide Apple's theory of relevance of these other goods or services.

Third, Apple asks Samsung to agree that "it will not exclude revenue information for any sales of goods or services that are intended for sale in the U.S., even if such products are first sold or transferred to other entities outside the U.S." Here too, Apple will need to clarify this request; it is unclear how Samsung is to determine which products are "intended" for sale in the U.S. and those which are not.

Finally, Apple again argues that Samsung has not yet identified the financial documents responsive to the Interrogatory. Samsung's refers Apple to Samsung's statements on this issue, addressed on pages 3-4 above.

Very truly yours,

Michael L. Fazio

5