# EXHIBIT 3

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

February 19, 2013


VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:    *Apple Inc. v. Samsung Electronics Co. et al.*, No. 12-cv-0630

Dear Michael:

I write to summarize our discussions regarding the issues Apple raised during the lead trial counsel meet and confer on February 15 and 16, 2013.

**Samsung's Financial Information and Damages Related Documents**

Samsung indicated that it had not withdrawn its objections to producing gross financial data (revenues, profits, etc.) in the financial summaries it has agreed to provide for its accused products.[1]  Apple maintains its position that both net and gross numbers are relevant and that Samsung must produce that information.  Apple also confirmed that it is willing to supplement its production of such information from the 1846 Case to include the additional time periods and Apple products at issue in the present action.  Samsung agreed to tell Apple whether it would withdraw its objections and produce gross financial data for sales of its accused products in the United States in the relevant time periods by March 1, 2013, and that if it did not agree to produce such information it would not contest that the parties had fulfilled their obligation to fully meet and confer on this issue.

Samsung agreed to produce "Pumi" reports and 2013 business plans for SEC and STA, per Apple Request Nos. 433 and 436.  Samsung indicated that it would inquire regarding the redactions Apple noted in its 2012 business plan production and tell us by March 1, 2013, whether Samsung will produce unredacted versions of both the 2012 and 2013 plans.

---

[1]  *See, e.g.,* Samsung's Responses to Apple's Request Nos. 314 and 316 and Apple Interrogatory Nos. 30 and 31.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Michael L. Fazio
February 19, 2013
Page 2

Samsung agreed to tell Apple by March 1, 2013, whether it will produce profit and loss statements for sales of its accused products in the United States to the extent it maintains such reports, per Apple's Request No. 425.

Samsung agreed to tell Apple by March 1, 2013, whether it will produce "flux analyses" per Apple's Request No. 426.

Apple explained that the "deep dive" documents identified in its January 14, 2013 letter contain market research information and are responsive to, *inter alia*, Apple Request Nos. 44, 45, 49, 55, 135, 295, 297 and 298.[2]  Samsung agreed to tell Apple by March 1, 2013, whether it will produce these "deep dive" documents and any similar market research reports.

Further, Apple explained that it has already produced market research reports (*e.g.*, iPhone Buyer Surveys) containing comparable information in response to Samsung's requests and noted that Samsung has additionally requested *all drafts and documents related to* the same. *See* Samsung Request Nos. 260-261. Apple asked Samsung to indicate whether it would object to producing all drafts and documents related to these "deep dive" documents if served with a specific request for the same and explain any basis it might have for resisting such discovery to the extent it continues to demand additional documents from Apple in response to Samsung's Request Nos. 260-261.

Apple explained that the "PMT," "PSI Variance," and "SMOP" reports as identified in its January 14, 2013 letter appear to contain information pertaining to competition between Samsung's accused products and Apple's own products and are responsive to, *inter alia*, Apple Request Nos. 125 and 298.[3]  Samsung agreed to tell Apple by March 1, 2013, whether it will produce such documents to the extent they related to Samsung's accused products.

Samsung indicated that it would tell Apple whether it would withdraw its objections to producing gross financial data for sales of accessories to its accused products in the United States in the relevant time periods.  Apple agreed to check into the extent to which it is willing to provide similar information for its accessories.

---

[2]  Although these documents are responsive to these requests, Samsung suggested that it did not have to produce such documents absent a specific request for "deep dive" documents.  Apple disagrees.  Nonetheless, the issue is moot in light of Apple's newly-served request for "deep dive" documents.

[3]  Although these documents are responsive to these requests, Samsung suggested that it did not have to produce such documents absent a specific request for the same.  Apple disagrees.  Nonetheless, the issue is moot in light of Apple's newly-served request for these reports.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 3

Finally, Samsung discussed May 1st as a mutual date certain for the production of financial information.  But given upcoming discovery demands, such as fact depositions regarding this financial information and damages expert reports, Apple proposes that the parties agree to produce such information no later than April 1, 2013.

## Apple's Interrogatory No. 22 and Improperly Withheld Diff Printouts

The parties continue to be at impasse with respect to producing the diff printouts identified in Apple's prior correspondence.  Nonetheless, we discussed that this dispute might be moot or at least narrowed if Samsung supplements its response to Apple's Interrogatory No 22 to identify any differences between each version of Android source code in its accused products and the comparable public version of Android source code that Samsung contends are material to the alleged non-infringement of Apple's asserted patent claims in the event the public version were found to infringe.  As Apple explained, Samsung would need to provide this response well in advance of the date for Apple's infringement expert reports as this information is relevant to the same.

Samsung agreed to tell Apple by March 1, 2013 whether it will agree to identify any such differences in response to Interrogatory No. 22.  Apple agreed to explore the extent to which it could forego the production of diff printouts after Samsung provides such a response.[4] However, if Samsung will not agree to so supplement its interrogatory response, Apple will likely seek to compel a full response to this interrogatory as well as production of all the diff printouts Samsung is currently withholding.

## Apple's Second Set of Requests for Production

In discussing Samsung's objections to producing documents relating to its Bada Platform, Samsung confirmed that it is not relying on the Bada Platform and has no present intent to rely on the Bada Platform as a basis for any argument in this case.  Samsung further confirmed that, should it decide to rely on the Bada Platform at a future date, it will provide Apple with immediate notice of this change in position and discovery relating to the Bada Platform in response to existing Apple Requests for Production.[5]  In that event, Samsung agreed that it would not contest that Apple's existing requests for production encompass all Bada-related documents and that Apple would not need to serve additional requests for production of the same.

---

[4]   Apple reserves its right to seek diff printouts relating to the parties' disputes.  For example, if Samsung identifies allegedly material differences between the public code and the version on Samsung's accused products, it will likely be necessary for Apple to obtain diff printouts relating to those alleged differences to respond to Samsung's contentions.

[5]   Apple reserves its right to object should Samsung change its position regarding the Bada Platform.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 4

**Apple's Third and Seventh Set of Requests for Production**

The parties discussed Samsung's objections and responses to certain requests in Apple's Third and Seventh Set of Requests for Production.

Samsung agreed to produce documents in response to Request No. 168 ("documents relating to the research, design, development, manufacture, assembly, testing, or operation of any aspect of any Product that allegedly embodies, falls within the scope of, is, or the use of which is or will be, covered by any claim of the Samsung Patents-in-Suit") if Apple would be willing to narrow the requests from any claim of the Samsung Patents-in-Suit to the asserted claims, as Samsung has narrowed Samsung's Request No. 159.  Further, Samsung agreed to produce documents responsive to Request No. 171 ("all documents relating to the inventorship of any claim of the Samsung Patents-In-Suit") if Apple agreed to narrow the request to conception and reduction to practice documents, as Samsung has narrowed its Request No. 55.  Apple will consider Samsung's proposal.

Apple's Request No. 172 seeks "all documents relating to the identification or determination of the inventors for each of the Samsung Patents-In-Suit."  Samsung noted that it considers invention disclosures documents privileged, and proposed that the parties establish a date certain to produce these documents or provide a privilege log if they are withheld.  Apple asserted that Request No. 172 seeks documents other than invention disclosures, but agreed to consider Samsung's proposal.

Apple's Request No. 204 seeks all documents relating to any disclosure or publication of the subject matter of any claim of such patent sent to, shared with, or disseminated to any person or entity other than Samsung before the filing date of such patent. Samsung tentatively proposed that it would respond if the request were narrowed to the asserted claims rather than the subject matter of the asserted claims.

Apple's Request No. 220 seeks all documents and things evidencing Samsung's licensing program.  Samsung proposed narrowing this request to Samsung's licensing program for the patents and comparable technology.  Samsung would produce documents responsive to this request if Apple would agree to produce documents responsive to a corresponding Request propounded by Samsung.  Both parties will consider this proposal.

Samsung agreed to produce documents responsive to Apple's Request No. 230.  Thank you for your agreement.

Apple's Request No. 232 seeks documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 5

Samsung agrees to produce Pumi reports in response to this request to the extent Apple produces similar pricing-related information.  Apple will consider this proposal.

Apple's Request No. 233 seeks documents sufficient to show Samsung's alleged capacity and ability to manufacture, sell, and/or distribute each Samsung Covered Product.  Samsung agreed to produce documents responsive to this request to the extent Apple agrees to produce documents responsive to similar requests in Samsung's Ninth Set of Requests for Production. Apple will consider requests for summaries of manufacturing capacity, and come up with a bilateral proposal based on what information was produced in the 1846 case.

Apple's Request No. 416 seeks documents and things relating to any standards-setting organizations and specifications in which Samsung participated relating to an "On-Screen Display."  Apple initially proposed that Samsung search the documents of two custodians who would likely have documents responsive to this Request, but Samsung was not amenable to that proposal.  After Apple noted that the parties appeared to be at an impasse on this issue, Samsung proposed that they produce documents related to the submission or consideration of the '470 to the on screen display standard. In response, Apple requested that Samsung produce documents related to the submission or consideration of the subject matter of the '470 to the on screen display standard. Samsung agreed to consider Apple's proposal.

**Apple's Fourth Set of Requests for Production**

The parties discussed Samsung's objections and responses to certain requests in Apple's Fourth Set of Requests for Production.

With respect to Request Nos. 268, 269, and 273, Samsung indicated that it would likely agree to produce responsive documents based on Apple's proposal to limit these requests to documents relating to the accused features.  Samsung agreed to confirm this position by March 1, 2013.

With respect to Request No. 275, Samsung indicated that it would agree to produce responsive documents if the Request were narrowed in scope.  To this end, Apple proposed limiting the request to documents "relating to any internal or external effort to assign a value to any Accused Feature or technology providing functionality similar to an Accused Feature . . . ."  Samsung agreed that it would either confirm its agreement to Apple's proposal or provide its own proposal regarding Request No. 275 by March 1, 2013.

With respect to Request No. 276, Samsung indicated that it believes that it has already produced all agreements between Samsung and Google regarding the design, development or features of the Accused Samsung Products, including the Mobile Application Distribution

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 6

Agreement and common interest agreements between Google and Samsung.  Samsung further stated that, by March 1, 2013, it would confirm that its production of such agreements is complete or produce any remaining responsive agreements.  Samsung confirmed that it is not withholding such documents relating to the Accused Samsung Products, but not specifically to the Accused Features in those products.

With respect to Request Nos. 307 and 308, which seek documents relating to Samsung's business case for and its valuations and assessments of certain versions of the Android operating system Samsung explained that, in its view, it is overbroad to ask for all documents relating to value or demand generally, or even all documents relating to a particular platform (*e.g.,* the Froyo or Gingerbread versions of Android, or iOS 4.0, iOS 5.0, or iOS 6.0).  To this end, Apple proposed limiting these requests to documents relating to Samsung's business case for and its valuations and value assessments of the Samsung Accused Products.  Samsung indicated that it would likely agree to produce responsive documents based on that limitation and agreed to confirm that position by March 1, 2013.  Per Samsung's request, Apple will explore whether a similar limitation could resolve certain of the parties' disputes with respect to Samsung's Ninth Set of Requests for Production, and will similarly respond to Samsung by March 1, 2013.

**Supplementation of Interrogatory Responses**

The parties discussed supplementing their responses to their affirmative defense contention interrogatories to identify those persons most knowledgeable of the facts relating to the same.  The proposed supplement would identify such persons on a defense-by-defense basis and, with respect to non-infringement, a patent-by-patent basis.  Apple proposes that each party supplement their responses to these interrogatories (Apple Interrogatory No. 24; Samsung Interrogatory No. 12) to provide such information by March 15, 2013.  Please let us know whether Samsung will agree to the same or, if it will not, provide an alternate proposal for supplementing the same.

The parties further agreed to meet telephonically on February 25, 2013, at 10 am PST to discuss supplementation of the other interrogatories listed in the table on pages 4 and 5 of Apple's February 14th letter.  Samsung agreed to identify other interrogatories it wished to discuss in advance of that meeting.

**Documents related to conception and reduction to practice of Samsung's '058, '179, and '470 patents**

Samsung represented that it recently made a supplemental production of conception and reduction to practice documents for the '058, '179, and '470 patents.  By March 1, 2013, or

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 7

shortly thereafter, Samsung will, in writing, provide production dates and bates ranges for this supplemental production and will confirm whether its production of conception and reduction to practice documents is complete.

**Former Employee Inventor Documents**

Samsung confirmed that it is no longer in possession of custodial documents for Jae-hoon Lee, Kwang-Bok Lee, Jin-Chul Lee, and Youn-Hyoung Heo, named inventors of the '470 patent, the '058 patent, the '179 patent, and the '087 patent, respectively.

The parties agreed to consider whether they would agree not to seek information regarding when, why, and how the custodial documents for their respective former employee inventors ceased to be retained.

**Resumed Depositions of Young-Bum Kim and Ju-Ho Lee**

Apple proposed that it would take the depositions of Young-Bum Kim and Ju-Ho Lee, named inventors of the allegedly standards-essential patents, under the following conditions. First, the depositions would occur in Seoul.  Second, the depositions would each last no more than 3.5 hours and would occur on the same day.  Third, the depositions would occur on a day adjacent to or in between the deposition of Sung-Ho Choi, which is currently scheduled for April 18-19, and the deposition of Young-Jun Kwak, which is currently scheduled for April 24-25.

Samsung agreed to let Apple know whether this proposal is acceptable by February 28, 2013. Samsung agreed that if it does not accept Apple's offer, Apple will have satisfied its meet and confer obligation as to this issue.

**Samsung's Third Set of Requests for Production**

Samsung and Apple discussed a subset of Samsung's Third Set of Requests for Production. Apple stated that it is willing to produce the same types of financial information that it did in the 1846 matter in response to Requests for Production Nos. 192, 195-196, and 198.

With respect to RFP No. 199 ("All documents relating to the pricing of the Apple Accused Products."), Samsung noted that it produced "Pumi" reports in the 1846 action.  Samsung represented that these reports contain information regarding how Samsung arrives at the final price of its productions, and requested that Apple provide that type of information in response to this Request.  Apple agreed to inform Samsung by March 1, 2013 whether Apple is willing to produce such documents.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 8

Sincerely,


_____*/s/ Michael A. Valek*_____

MAV/pdd