# EXHIBIT 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 1, 2013

<u>VIA E-MAIL</u>

Michael A. Valek
Gibson Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201-6912

Re:   <u>Apple Inc. v. Samsung Electronics Co. et al., Case No. 12-cv-00630-LHK</u>

Dear Counsel:

I write to address continued deficiencies with Apple's source code production, and to respond to Apple's February 19, 2013 letter regarding Apple Interrogatory No. 22 and printed copies of "diff" reports.

Samsung's ongoing analysis of Apple's source code indicates that Apple has improperly limited its source code production. Instead of producing a full source code base for *all* versions of iOS, Apple has only produced selected portions of *one* version of iOS 4 (iOS 4.3.5); a mixed collection of iOS 5 (iOS 5.0, iOS 5.01; and iOS 5.1.1); a mixed collection of iOS 6 (iOS 6.0 and 6.0.1); and one version of Mac OS X (OS X 10.3), with the claim that these selectively produced versions are "representative" of other iOS versions. *See* Apple Response to Samsung Interrogatory No. 13. Samsung is entitled to more than Apple's unproven assertions that these versions are representative of others. Samsung is entitled to what it asked for: the full code base for *all* versions of iOS, Mac OS X, and any other relevant software, in a manner consistent with Samsung's production of its own source code. That is the only way to determine whether Apple's selected versions are, in fact, truly representative.

As Apple is well aware, Samsung is entitled to discover differences between versions of Apple source code. Indeed, Apple has been running "diff" reports to identify the differences between source code in various versions of Samsung's production. Samsung is likewise entitled to

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

identify the differences between source code in various iOS versions.  By refusing to produce *all source code* for *all versions* of iOS, Apple has, without justification, limited Samsung's ability to perform a full and fair infringement analysis.

Additionally, we are surprised by Apple's repeated requests to print and remove "diff" reports from Samsung's source code review room.  As Apple knows, the Protective Order prohibits the parties from using "diff" reports to facilitate "review and analysis" elsewhere.  *See* Protective Order, ¶ 11(i).  Indeed, some of the additional "diff" reports that Apple demands are hundreds of pages long and appear to be wholesale comparisons of entire Android source code versions.  Throughout its source code inspections, Apple has continued to print more and longer "diff" reports, to which Samsung has objected.  *See, e.g.,* Email from Rezvani to Furman dated February 25, 2013.  Since the earliest production of short diffs generated by Apple during its first inspection, Apple has generated numerous and voluminous diffs that suggest Apple is attempting to use these "diff" reports for "review and analysis elsewhere," in contravention of the Protective Order.  *See* Protective Order, ¶ 11(i).  Apple remains free to use the source code review tools its experts and consultants requested, and may continue to generate "diff" reports and analyze these materials in Samsung's source code review facility.

In Apple's February 19th letter, Apple states that it may be willing to "forego the production of diff print-outs" if Samsung agrees to: (1) identify all portions of source code that Samsung intends to rely upon for non-infringement contentions; and (2) identify differences between each version of Android source code for those portions identified in section (1), citing to Apple's Interrogatory No. 22.  Apple's request is improper.  Apple has not provided a detailed identification of the portions of Samsung's source code that Apple accuses of infringement, in *any* version of the accused software – much less for *all* accused versions.  Apple instead leaves Samsung to guess as to the accused source code, and then to further guess as to what code may be relevant to Apple's not-yet-articulated infringement theories, or how those theories might translate between different versions of Samsung's software.  Apple may not shift the burden of developing and articulating its infringement theories to Samsung.

Additionally, Apple's request that Samsung – not Apple – review the accused code to "identify differences between each version of Android source code" is equally improper.  Samsung has already produced the source code itself for Apple's review, and the source code itself is the best source – indeed the only source – for a comprehensive list of differences between versions.  *See* FRCP 33(d).  Rule 33 does not require a narrative response in circumstances where, as here, the information Apple seeks is entirely within documents that Samsung has made available for review.  Notably, Samsung has propounded an interrogatory (Interrogatory No. 13) seeking Apple's explanation of differences in versions of iOS source code.  Apple has refused to provide any response whatsoever.  If Samsung must identify such differences in source code, Apple has a corresponding obligation to do so.

Given the parties' ongoing dispute on this issue, and in order to reach a compromise, Samsung first requires clarification of Apple's proposal.  In that vein, is Apple willing to identify the portions of source code that Apple alleges Samsung has infringed so that Samsung may subsequently identify the portions of source code that it contends support non-infringement?  If so, by what date is Apple able to provide this information to Samsung?

2

Additionally, please confirm that Apple will promptly supplement its source code production to include *all* versions of iOS, as opposed to purported "representative" versions. Once Apple completes its production of code, and Samsung is able to likewise compare versions of iOS, Samsung is amenable to considering a bilateral and mutually applicable agreement regarding "diff" reports.

Finally, I note that in Apple's February 19th letter, Apple states that it may seek to compel a "full response" to Apple's Interrogatory No. 22. But the parties did not discuss the portion of Interrogatory No. 22 asking that Samsung "[i]dentify from the Source Code produced in response to Request Nos. 96 and 97 in Apple's Second Set of Requests for Production all files that relate to the Accused Features and functionality of the Accused Samsung Products" – at the February 15-16 meet and confer or at any prior meet and confer. Accordingly, the parties have not fulfilled the lead trial counsel meet and confer requirement as to Interrogatory No. 22.

Very truly yours,

Michael L. Fazio