# EXHIBIT 5

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

March 12, 2013

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:     Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Michael:

I write in response to Samsung's letter dated March 1, 2013.  We understand that, notwithstanding our efforts to resolve this matter through meet and confer and correspondence, Samsung continues to refuse to respond to Apple's Interrogatory No. 22 and will not produce the "diff" printouts Apple's experts have made during their inspection of Samsung's source code.  We are at impasse and Apple will seek relief from the Court.

Samsung's proposed "compromise" that Apple provide detailed, source code file specific information for each product before Samsung will comply with its discovery obligations is unacceptable.  Apple's infringement contentions properly identify the accused functionality and reference the publicly-available Android code.  Apple, through its Interrogatory No. 22 and printing of "diffs" has attempted to discover exactly the more detailed, file specific information relating to the accused functionality that Samsung now demands as a precondition before it will respond to Apple's discovery requests.  Apple cannot agree to that precondition, particularly given that Samsung has improperly restricted the setup for Apple's source code review and materially impaired Apple's review of the same.[1]

Apple also disagrees with Samsung's claim that we have not met and conferred on the full scope of Interrogatory No. 22.  During our last lead counsel meet and confer, Apple proposed that Samsung could narrow the related dispute as to "diff" printouts by identifying in response to Interrogatory No. 22 any differences in the code Samsung believes are material to Apple's infringement contentions.  That proposal, like Interrogatory No. 22, necessarily required Samsung to identify those code files pertaining to the functionality identified in Apple's infringement contentions before it could identify any differences in the same.  But Samsung refused.  Instead your letter now demands that Apple answer part of Interrogatory

---

[1]  *See, e.g.,* Letter to M. Fazio, dated Feb. 27, 2013.

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Michael L. Fazio
March 12, 2013
Page 2

No. 22 by identifying information uniquely in Samsung's possession (*i.e.*, the identity of the specific Samsung code files providing the functionality identified in Apple's contentions from the myriad of seemingly duplicate code files Samsung has produced for inspection) before Samsung will identify the differences between those code files and their counterparts in the publicly-available code.  Samsung's own response demonstrates that the parties are at impasse as to the full scope of Interrogatory No. 22.

Finally, Samsung's attempt to conflate the issues of "diff" printouts and Interrogatory No. 22 with Apple's source code production is improper.  By letter dated December 23, Samsung identified alleged deficiencies in the production of source code for the accused features and functionalities of the accused Apple products.  Apple responded by letter dated January 8, which included a request for further information about the alleged deficiencies.  To date, Samsung has not responded.  Once Samsung provides the information requested in our January 8 letter, we will respond in due course.  However, Samsung's delay in responding in no way obviates its discovery obligations with respect to the issues discussed during our recent lead counsel meet and confer.  With respect to Samsung's new claim that it is entitled to production of "all source code for all versions of iOS" this is not the case.  Apple is only obligated to produce source code relevant to accused features and functionalities for which Samsung has adequately disclosed its infringement theories in its Patent Local Rule 3-1 contentions.

Sincerely,


*/s/ Michael A. Valek*

MAV/pdd

101468505.1