# EXHIBIT 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 14, 2013

**Via Electronic Mail**

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201

Re:     Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to respond to Apple's letter dated March 12, 2013 regarding Apple Interrogatory No. 22 and Apple's demand that Samsung remove printouts of "diff" analyses from Samsung's secure code review facility, where these printouts are currently available for Apple's use and inspection.

In its letter, Apple contends that the parties have met and conferred on the full scope of Interrogatory No. 22 because, according to Apple, Apple made a proposal that "required Samsung to identify . . . code files pertaining to the functionality identified in Apple's infringement contentions before it could identify any differences in the same."  To be clear, Samsung disagrees with Apple's characterization and notes that not one word of the parties' February 15-16 lead trial counsel meet and confer – nor any meet and confer preceding it – was dedicated to the portion of Apple Interrogatory No. 22 that requests Samsung "[i]dentify from the Source Code produced in response to Request Nos. 96 and 97 in Apple's Second Set of Requests for Production all files that relate to the Accused Features and functionality of the Accused Samsung Products."  Indeed, Apple's meet and confer agenda also omits any reference to this portion of Interrogatory No. 22.  *See* Letter from Valek to Fazio dated February 14, 2013. Because every motion to compel requires a Certification pursuant to Local Rule 37(A)(1) satisfying the meet and confer requirement – which is augmented in this case by the in-person

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

requirement – Samsung trusts that Apple will accurately represent the status of the parties' meet and confer efforts in its Certification.

Apple seems to contend that Samsung should be able to respond to this portion of Interrogatory No. 22 because, according to Apple, its "infringement contentions properly identify the accused functionality and reference the publicly available Android code."  By Apple's own admission, its infringement contentions are insufficient.  The "publicly available Android code" comes from Google, not Samsung.  Apple's responsibility was to identify infringement by Samsung, not Google.  Apple evidently seeks to shift the burden of finding Samsung's alleged infringement to Samsung by making irrelevant allegations against Google, and then requiring Samsung to explain how those allegations are wrong.  This is improper.

Notably, Apple's contention that information responsive to Interrogatory No. 22 is "uniquely in Samsung's possession" is simply incorrect.  The source code that Apple has been inspecting for nearly five months now is equally available to Apple.

In addition, Apple's contentions are far too vague to allow Samsung "to identify . . . code files pertaining to the functionality identified in Apple's infringement contentions."  Apple describes many limitations only with broad descriptions of software or conclusory allegations that provide no insight regarding the source code (if any) actually underlying Apple's infringement theory.  Indeed, there are numerous limitations where Apple identifies no code and, thus, Apple has kept Samsung guessing regarding the code that Apple relies upon for infringement.  Even if it were otherwise obliged to do so – and it is not – Samsung could not identify source code supporting non-infringement when Apple has failed to articulate what it actually accuses of satisfying the asserted claim limitations – and particularly cannot identify code for non-infringement purposes where Apple has not identified code that supposedly supports infringement in the first place.[1]

If, as Apple contends, Apple's infringement charts actually provide details regarding the source code accused of infringement, then there would be no need for anyone – Apple or Samsung – to identify the code Apple will rely on for infringement, because *Apple would already have done so*.  Apple's repeated requests that *Samsung* do *Apple's* job are a telling admission that Apple has not done its own homework.

Nonetheless, Samsung repeats its offer to identify source code supporting non-infringement for each version of Android and accused device, a reasonable time after Apple identifies with precision the source code supporting its allegations of infringement by that version of Android and accused device.  This is a reasonable compromise.  It should obviate the need to burden the Court with this issue.  But Samsung cannot reasonably identify such granular details as source code supporting non-infringement where Apple has yet to provide those granular details for infringement.  We remain open to an exchange of this information, and encourage Apple to reconsider its position.

---

[1]  Apple also makes vague reference to "duplicate code files Samsung has produced for inspection."  It remains unclear to Samsung what code files Apple is referencing.  If Apple maintains this contention, then please detail the basis for Apple's statement.

In its March 12th letter, Apple also contends that it "has attempted to discover exactly the more detailed, file specific information relating to the accused functionality that Samsung now demands" by issuing Interrogatory No. 22.  But Samsung has already responded to Interrogatory No. 22 by producing source code for precisely the applications Apple identified in its contentions.  Apple has had access to this source code since early November 2012, and has printed over 9,000 pages of Samsung's source code.  Yet Apple has yet to inform Samsung in any way how its lengthy and extensive review of Samsung's source code informs Apple's infringement theory.  Indeed, Apple's letter appears to be carefully worded to refer to "publicly available Android code" precisely because Apple has not identified any Samsung confidential source code in support of Apple's infringement contentions.

Apple appears to be asking Samsung – not Apple – to make an initial review of Samsung's confidential source code, and guess as to how Apple's vague narratives translate to specific Samsung source code – then identify those guesses to Apple, and in essence draft Apple's infringement charts.  Rule 33 does not permit such gamesmanship.  As Rule 33(d) contemplates, Apple has full access to the Samsung source code it requested.  The information Apple seeks is found in this source code.  Apple is in the best position to obtain the information it seeks (i.e., an infringement theory) from this source code.  And Samsung remains willing to identify Samsung code that Samsung will rely on for non-infringement, if Apple will first identify the Samsung code that Apple will rely on for infringement.  But we are simply unable to put the cart before the horse and provide a granular rebuttal to infringement allegations that have not been provided at the same level of granularity.

Lastly, Apple contends that it is unable to produce a full code base until Samsung responds to Apple's January 8th letter.  But Samsung already responded to Apple January 8th letter, and did so only *one day later*, on January 9th.  We trust Apple will not further delay in remedying the deficiencies in its source code production by promptly providing a full source code base for *all* versions of iOS and Mac OS X.  Apple's strategy to produce only what Apple considers "representative" versions of source code is improper, as detailed in Samsung's letters dated January 9 and March 1, and Samsung's statements in this regard need not be repeated here, except to state that it remains unclear to Samsung what further articulation Apple seeks on this issue.  Samsung remains amenable to considering a bilateral and mutually applicable agreement regarding "diff" reports once Apple completes its production of code, and Samsung is able to likewise compare versions of iOS.

Very truly yours,

Michael L. Fazio