# EXHIBIT 6

quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

November 21, 2012

**Via E-Mail**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts 02109

Re:   Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write in response to Apple's letter dated November 21, 2012 regarding the depositions of Young-Bum Kim and Ju-Ho Lee.  In its letter, Apple requests that Samsung reschedule these depositions, citing the manner and volume of Samsung's document productions from these two custodians as its basis.  Apple's request is contrary to the parties' prior agreement regarding the timing of the inventors' document productions and the dates for Young-Bum Kim and Ju-Ho Lee's depositions.  Nonetheless, Samsung has conferred with Young-Bum Kim and Ju-Ho Lee to assess alternate deposition dates, but given their work-related commitments, they are not available for deposition on dates other than those previously agreed upon by the parties.  In the spirit of compromise, Samsung will confer with the other two Samsung inventors, Joon-Young Cho and Soeng-Hun Kim – who Apple previously named as two candidates for the pre-December 14, 2012 inventor depositions – to ascertain if either is available for deposition during the weeks of December 3rd or December 10th.  Samsung will inform Apple of Joon-Young Cho and Soeng-Hun Kim's availability for deposition, if any, during this time frame after Samsung has conferred with those inventors.  Importantly, Samsung notes for the reasons detailed below that Apple's request to reschedule is unreasonable.

First, Apple previously requested, and Samsung agreed, that the parties make their document

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

productions from their respective inventors no later than ten days in advance of the inventors' depositions.  *See* Email from Rho to Fazio dated November 9, 2012.  The parties also previously agreed that Young-Bum Kim's and Ju-Ho Lee's depositions will be held on November 28, 2012 and November 30, 2012, respectively, in Suwon.  *See id.*  Samsung served its document productions for Ju-Ho Lee and Young-Bum Kim on November 16, 2012 – 12 days in advance of Young-Bum Kim's deposition and 14 days in advance of Ju-Ho Lee's deposition.  Thus, Samsung fulfilled its obligations under the parties' agreement, and even provided Apple the courtesy of additional time to review documents from these two Samsung inventors.

Second, Apple contends that "Samsung's method of production" – that is, producing files in compressed format – "has hindered Apple's ability to … prepare for the upcoming inventor depositions."  Yet almost every document that Samsung produced in this case has been produced in compressed file format (usually as zip files).  Notwithstanding Samsung's production of hundreds of thousands of documents over the past ten months as compressed files, Apple has never objected.  In its November 21st letter, Apple raises, for the first time, Samsung's production of documents as compressed files as a basis to delay the Young-Bum Kim and Ju-Ho Lee's depositions.  It remains unclear why Apple finds compressed files objectionable, given that this is how Samsung has produced its documents for the duration of this case.

Third, Apple waited until November 21st to raise its purported issues with Samsung's document production for these two custodians.  Indeed, Samsung first informed Apple of its intention to produce these documents on hard drive on November 14th.  *See* Email from Zalduendo to Rho dated November 14, 2012.  Apple did not request that the files contained on that hard drive be formatted a certain way, or be produced as a particular file type.  That Apple did not diligently pursue processing Samsung's documents or timely raise its purported issues is not a reasonable basis for Apple to now attempt to burden Samsung's witnesses by rescheduling their depositions.  Apple's additional contention that the "volume of documents" makes it "impossible for Apple to review all of the documents for which Ju-Ho Lee or Young-Bum Kim is a custodian" is unsupported given that Samsung's hard drive served on November 16th contained documents from multiple Samsung custodians, and Ju-Ho Lee and Young-Bum Kim's documents constituted only a fraction of that production.

Fourth, in its November 21st letter, Apple requests that Samsung "provide the search terms that Samsung used to collect these documents immediately."  Apple's demand, however, is at odds with Apple's own deficient search term disclosures in this case.  As detailed in Samsung's letter of earlier today – and Samsung's letters dated October 12, 2012, October 30, 2012 and November 6, 2012 to which Apple has not responded – Apple continues to refuse to supplement its search term disclosures to correlate its custodians with Apple's documents, thereby frustrating Samsung's attempts to fully assess the adequacy of Apple's searches or for Samsung to properly prepare for the upcoming depositions of Apple's inventors.  Samsung assumes that *both* parties will promptly provide proper search term disclosures, to include correlating the bates numbers of their productions with the inventors from which they came.  Please immediately confirm that Samsung's understanding is correct.

Fifth, Apple also states in its November 21st letter that "if Samsung is unwilling to reschedule these depositions, [Apple] will raise this issue at the upcoming lead counsel meet and confer."  Consistent with Samsung's letter of earlier today, Samsung has raised numerous issues with

2

Apple's discovery responses – each of which has been outstanding for several months now, including Apple's responses to Samsung's Second Set of Preliminary Injunction RFPs as well as Samsung's Second, Third, Fourth and Fifth Set of RFPs. Samsung has diligently raised these issues, and waited patiently to meet and confer on them. Though many of these issues were outstanding at the time of the parties' most recent September 6th meet and confer, Samsung was unable to address them because Apple's counsel only set aside one hour for the parties' meeting. Samsung assumes that Apple has set aside ample time to address *all* of Samsung's issues with Apple's discovery responses at the upcoming meet and confer, and as set forth in Samsung's letter dated November 21, 2012 sent earlier today. Samsung is certainly agreeable to discussing Apple's additional – though belatedly raised – issue, but the parties' issues must be discussed in the order in which they were raised.

Lastly, Apple's stated intention to "raise this issue" at the meet and confer scheduled for November 27th is inadequate, given that Young-Bum Kim's deposition is currently scheduled for that same date (as it will be November 28th in Suwon). Accordingly, please let us know no later than 5:00 p.m. PST on Friday, November 23rd if Apple intends to proceed with Young-Bum Kim's deposition currently scheduled for November 28th.

Very truly yours,

Michael L. Fazio