# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

December 31, 2012

**Via E-Mail**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts  02109

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write in response to Apple's letter dated December 20, 2012 regarding Apple's renewed request to resume the deposition of Young-Bum Kim.  The Court's Case Management Order dated December 11, 2012 disposes of Apple's request.  In its Order, the Court stated:

> Accordingly, a deposition with an interpreter may last up to 14 hours over two days. *If a party wishes to schedule a two-day deposition due to the use of an interpreter, advance notice to the opposing party is required.*

*Id.*  (emphasis added).  Apple omits the italicized sentence from its December 20th letter that requires Apple to provide advance notice to Samsung of a two-day deposition.  Apple does not dispute that it failed to provide this requisite notice for Mr. Kim's deposition.  For this reason, and the additional reasons set forth in Samsung's letter dated December 3, 2012, Apple is not entitled to a second day of deposition with Young-Bum Kim.

Notably, Apple's December 20th letter marks the first time that Apple has requested an additional day of deposition with Ju-Ho Lee.  Here too, Apple did not provide the notice required under the Court's December 11th Order.  Therefore, Apple is not entitled to a second day of deposition with Ju-Ho Lee.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Further, Apple's own actions belie its request to resume the depositions of Young-Bum Kim and Ju-Ho Lee. Indeed, Apple knows well how to provide advance notice for a two-day deposition, as it has done in its latest letter. That Apple did not do so for Messrs. Kim and Lee is striking, and stands in stark contrast to the clear terms of the CMC Order, which requires such notice.

Apple also contends that "as is plain from the transcript, Samsung unilaterally ended the deposition [of Young-Bum Kim] at 7 hours …." Apple is incorrect. Rather, in detailing the events of Young-Bum Kim's deposition, Samsung's counsel stated:

> If you want additional time, you need to let us know in advance. That was never the case. If at any time yesterday counsel had asked me for additional reasonable amount of time to finish the deposition, I would have certainly entertained such a request. At no time yesterday did counsel ever request additional time.

Lee Depo Tr. at 7:21 to 8:2. Apple's counsel challenged none of these statements. Importantly, Apple still has not proffered any additional topics or inquiries that Apple would have covered with either Mr. Kim or Mr. Lee if it had more time.

Apple also contends that Samsung's objections at Mr. Kim's deposition were improper. Though Apple appears to have abandoned its contention that Samsung's objections were improper "speaking" objections, Apple now argues that Samsung's counsel made too many objections. Importantly, the Court declined Apple's request to impose a special rule in this case for objections at deposition. In any event, had Apple simply asked proper, unobjectionable questions at Mr. Kim's deposition, then the parties would not now be engaged in this unproductive colloquy regarding the number of objections in Mr. Kim's deposition transcript.

Lastly, Samsung will confer internally to assess deposition dates for Sung-Ho Choi, Yong-Jun Kwak, Soeng-Hun Kim, Joon-Young Cho and Gert Jan Van Lieshout.

Very truly yours,

Michael L. Fazio

2