# EXHIBIT 11

WILMERHALE

January 15, 2013

**Via Email**

Peter J. Kolovos

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

Michael L. Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:  Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
     Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Michael:

I write in response to your December 31, 2012 letter regarding deposition scheduling for the inventors of the '087 and '596 patents.

First, we reiterate our request that Samsung provide dates in March 2013 for the depositions of Sung-Ho Choi, Soeng-Hun Kim, Yong-Jun Kwak, Joon-Young Cho, and Gert Jan Van Lieshout. If any of these depositions need to be conducted via translation, please provide two back-to-back days.

Second, given the number of letters that we have exchanged regarding our request for additional deposition time with Young-Bum Kim and JuHo Lee, it appears that we are at an impasse on this issue, and therefore we will add it to the agenda for the next lead counsel meet and confer. To help frame that discussion, Apple provides a brief response to your letter.

Given that the depositions of Young Bum Kim and JuHo Lee took place before the Court's December 11, 2012 Order, it is disingenuous for Samsung to suggest that the December 11 Order somehow "disposes of Apple's request." In fact, the December 11, 2012 Order was only necessary *because* of Samsung's improper conduct at those depositions and Samsung's unilateral decision to limit Young-Bum Kim's deposition to seven hours on the record. The Court's December 11, 2012 Order is a clear recognition that Samsung's interpretation of the May 2, 2012 Scheduling Order was incorrect and that Apple is entitled to up to 14 hours of deposition time with Young-Bum Kim and JuHo Lee.

Moreover, contrary to the allegations in your letter, the deposition transcript clearly shows that Samsung unilaterally ended the deposition of Young-Bum Kim at 7 hours (Kim Tr. 134:7-12) and limited Apple's ability to conduct redirect by once again invoking the time limit (*See id.* at 136:6-9, 136:19-20.) Apple promptly sent a letter objecting and reiterated its objections at the beginning of the JuHo Lee deposition. (*See* November 29, 2012 Letter Kolovos to Fazio; Lee Tr. 7:4-12.) The self-serving and after-the-fact statements made by Samsung's counsel at the beginning of the JuHo Lee deposition do not change these facts. Apple would

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WilmerHale

Michael L. Fazio, Esq.
January 15, 2013
Page 2

likely have been able to finish Young-Bum Kim's deposition in only one day had Samsung allowed him to stay beyond the seven hour cut-off Samsung unilaterally imposed and if Samsung had not made so many speaking objections.

   Samsung's letter also ignores that Apple formally held JuHo Lee's deposition open.  (*See* Lee Tr. 160:20-24.)  Samsung's conduct at these depositions, as well as its production of a massive amount of documents for these witnesses just prior to their depositions (as we have described in prior correspondence) has unfortunately necessitated a second day of deposition with both of these witnesses.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos