# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

January 23, 2013

<u>Via E-Mail</u>

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts 02109

Re:   <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Counsel:

I write in response to Apple's letter dated January 15, 2013 regarding Apple's renewed request to resume the depositions of Young-Bum Kim and Ju-Ho Lee. Apple's request to resume these depositions is not only contrary to the Court's Order, but it also ignores the fact that the Court issued its Order *in response to* Samsung's request that the Court preclude Apple from resuming Mr. Kim's deposition.

Specifically, in the parties' Joint Case Management Statement dated December 5, 2012, Samsung requested "that the Court prohibit Apple from resuming Mr. Kim's deposition for a second day, given that Apple did not notify Samsung in advance of scheduling Mr. Kim's deposition that it sought more than one day of testimony." The Court agreed and ordered that "[i]f a party wishes to schedule a two-day deposition due to the use of an interpreter, advance notice to the opposing party is required." Apple's January 15th letter continues to disregard the Court's notice requirement, and Apple's failure to comply with that requirement as to Mr. Kim and Mr. Lee.

Importantly, Samsung notes that although the parties have exchanged multiple rounds of correspondence on this issue, Apple still does not dispute the fact that Apple's counsel: (1) did not object to concluding Mr. Kim's deposition at 7:00 p.m.; (2) did not request additional time at Mr. Lee's deposition; and (3) did not make any proffer of additional topics or inquiries that

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Apple would have covered with Mr. Kim if it had more time.  Given these undisputed facts, Apple's contentions that Samsung "unilaterally ended [Mr. Kim's] deposition" and "limited Apple's ability to conduct redirect" at Mr. Kim's deposition are meritless.

Further, Samsung notes that Apple's renewed attempt to resume Young-Bum Kim's deposition – as well as its attempt to resume Ju-Ho Lee's deposition – is part of an emerging pattern in this case of Apple making agreements, only to disavow them.  As just one example, the parties agreed that Mr. Kim and Mr. Lee would each be deposed on one day – November 28th for Mr. Kim and November 30th for Mr. Lee – with both depositions occurring in Suwon.  *See* Joint Case Management Conference Statement dated December 5, 2012 at 3.  Apple's attempt to resume these depositions is, therefore, not only an attempted end-run around the Court's December 11th Order, but also in contravention of the parties' agreement as to these inventors' depositions.

As another example, the parties agreed that inventor documents would be produced ten days in advance of inventor depositions.  *See* Email from Rho to Fazio dated November 9, 2012.  Though Samsung has complied with this agreement – and even produced its inventor documents early – Apple has repeatedly produced its inventor documents late.[1]  *See, e.g.,* Letter from Fazio to Krevitt dated November 29, 2012 at 2; Letter from Fazio to Buroker dated December 11, 2012.  Apple's failure in this regard was particularly egregious when Apple produced 1.5 million source code files pertaining to iSync and iTunes – a production that was five times the size of Apple's entire document production to date – only one day before Mr. Freedman's deposition.  Indeed, the entire purpose of delaying Mr. Freedman's deposition was so that Samsung would have ample time to review such source code files after Apple produced them.  *See* Letter from Thakur to Buroker dated December 18, 2012.

As yet another example, Apple agreed to conduct a "reasonably diligent search" for all documents responsive to Samsung's Preliminary Injunction Requests for Production Nos. 1 and 3 regarding Apple's second quarter 2012 iPhone buyer survey.  *See* Email from Rho to Fazio dated September 28, 2012.  Apple, however, did not search the files of the Apple executives with managerial responsibilities for the survey.  *See* Letter from Fazio to Valek dated January 14, 2013 at 2.  Samsung hopes that Apple will adhere to the parties' agreements going forward.[2]

Lastly, Samsung is currently assessing deposition dates for Sung-Ho Choi, Yong-Jun Kwak, Soeng-Hun Kim, Joon-Young Cho and Gert Jan Van Lieshout and, by early next week, anticipates providing proposed deposition dates for these inventors.

---

[1]  The ill-timing of Apple's inventor document productions is an issue separate and apart from the numerous substantive deficiencies with those productions, which is the subject of separate correspondence and need not be repeated here.

[2]  As a further example, though the parties' agreed to forgo further letters on the issue of search terms in favor of pursuing such discussions by phone or in-person, Apple is content in continuing its letter writing campaign on the subject.  *See, e.g.,* Letter from Kolovos to Fazio dated December 20, 2012; Letter from Kolovos to Fazio dated January 15, 2013.

Very truly yours,

Michael L. Fazio