# EXHIBIT 2

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION REQUESTS FOR PRODUCTION TO DEFENDANTS** |

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.     Samsung objects to the "Definitions" and "Instructions" contained in Apple's First Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.     Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.     Samsung objects to these document requests on the ground and to the extent they seek information not relevant to a determination of Apple's Motion for a Preliminary Injunction, filed February 8, 2012.  Such discovery is not authorized at this time under the Federal Rules of Civil Procedure or under the Court's February 22, 2012 Order Setting Briefing and Hearing Schedule for Preliminary Injunction Motion.  Samsung will provide information that is reasonably likely to lead to the discovery of admissible evidence relevant to Apple's Motion for a Preliminary Injunction.

4.     Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with

1  Apple a log of withheld documents at a time agreed to by counsel for the parties.  Samsung objects

2  generally to the logging of privileged documents that were created on or after the date of filing of

3  the original Complaint (on February 8, 2012). Samsung will not log privileged documents that

4  were created on or after February 8, 2012.

5       5.     Samsung objects to these document requests on the ground and to the extent they

6  are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague

7  and ambiguous and will assume a reasonable meaning for each such term.

8       6.     Samsung objects generally to the document requests to the extent they seek

9  information from outside a reasonable time period or from a point other than a reasonable time, or

10  seek information about products outside the United States, on the ground that such information is

11  irrelevant.

12       7.     Samsung objects to these document requests to the extent they seek to compel

13  Samsung to generate or create information and/or documents that do not already exist.

14       8.     Samsung objects to each document request to the extent it is duplicative or

15  cumulative of another document request or other discovery.

16       9.     Samsung objects to each document request to the extent it is compound and

17  comprises discrete subparts resulting in separate document requests.

18       10.     Samsung objects generally to the document requests to the extent they seek

19  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to

20  work with third parties to obtain their consent, if necessary, before identifying or producing such

21  information and/or documents.

22       11.     Samsung objects generally to the document requests on the grounds that they are

23  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

24  discovery of admissible evidence.

25       12.     Samsung objects to the document requests on the ground that they are overly broad,

26  unduly burdensome and oppressive to the extent they purport to require Samsung to search its

27  facilities and inquire of their employees other than those in its facilities and employees that would

28  reasonably be expected to have responsive information.  Samsung's responses are based upon (1)

a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

14.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

15.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.  The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All Documents relating to the Samsung Galaxy Nexus or other issues raised in Apple's Motion for Preliminary Injunction in this case that Samsung produced or received from third parties in *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846-LHK.

## OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

1 any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad in that
2 it is not limited to any reasonable time period and seeks documents and things related to products
3 not at issue in this litigation or the motion for preliminary injunction; (iii) it is vague, ambiguous,
4 and unintelligible, including with regard to the phrase "actual or perceived competition;" (iv) it
5 seeks documents that are equally or more readily available to Apple than to Samsung, including
6 documents and things that are publicly available; and (v) it seeks documents that are not relevant
7 to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
8 admissible evidence.

9 Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
10 responsive, non-privileged documents in its possession, custody, or control, that can be located
11 based on a reasonable search.

12

13 **REQUEST FOR PRODUCTION NO. 44:**

14 All Documents relating to actual or perceived competition between Apple and Samsung
15 with regard to Samsung smartphones.

16

17 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

18 In addition to its Objections and Responses Common to All Requests for Production,
19 which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:
20 (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the
21 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
22 any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the
23 extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is
24 temporally and substantively overbroad in that it is not limited to any reasonable time period and
25 seeks documents and things related to products not at issue in this litigation; (iv) it is vague,
26 ambiguous, and unintelligible, including with regard to the phrase "actual or perceived
27 competition;" (v) it seeks documents that are equally or more readily available to Apple than to
28 Samsung, including documents and things that are publicly available; and (vi) it seeks documents

1   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2   to the discovery of admissible evidence.

3

4   **REQUEST FOR PRODUCTION NO. 45:**

5          All Documents relating to actual or perceived competition between Apple and Samsung

6   with regard to Samsung products that use or incorporate the Android platform.

7

8   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

9          In addition to its Objections and Responses Common to All Requests for Production,

10  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

11  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

12  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

13  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

14  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

15  temporally and substantively overbroad in that it is not limited to any reasonable time period and

16  seeks documents and things related to products not at issue in this litigation; (iv) it is vague,

17  ambiguous, and unintelligible, including with regard to the phrase "actual or perceived

18  competition;" (v) it seeks documents that are equally or more readily available to Apple than to

19  Samsung, including documents and things that are publicly available; and (vi) it seeks documents

20  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

21  to the discovery of admissible evidence.

22

23  **REQUEST FOR PRODUCTION NO. 46:**

24         All Documents relating to the competitive impact that the sale of the Samsung Galaxy

25  Nexus would have or has had on any Apple product.

26

27  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

28         In addition to its Objections and Responses Common to All Requests for Production,

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FIRST SET OF PI REQUESTS FOR PRODUCTION

1   or more readily available to Apple than to Samsung, including documents and things that are

2   publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of

3   any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

4

5   **REQUEST FOR PRODUCTION NO. 48:**

6       All Documents relating to the competitive impact that the sale of Samsung products that

7   use or incorporate the Android platform would have or has had on any Apple product.

8

9   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

10      In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

12  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

13  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

14  any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the

15  extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is

16  temporally and substantively overbroad in that it is not limited to any reasonable time period and

17  seeks documents and things related to products not at issue in this litigation; (iv) it is vague and

18  ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally

19  or more readily available to Apple than to Samsung, including documents and things that are

20  publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of

21  any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

22

23  **REQUEST FOR PRODUCTION NO. 49:**

24      All Documents relating to the competitive impact that the sale of Apple iOS products

25  would have or has had on any Samsung product.

26

27  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

28      In addition to its Objections and Responses Common to All Requests for Production,

-37-
Case No. 12-cv-00630-LHK
**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S**
**FIRST SET OF PI REQUESTS FOR PRODUCTION**

which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents relating to the actual or potential competitive impact on any Apple product resulting from the inclusion into any Samsung product of any feature or functionality used by the Samsung Galaxy Nexus that Apple has alleged infringes the Preliminary Injunction Patents, including Slide to Unlock, Text Correction, Unified Search, and Special Text Detection.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the phrase "actual or potential competitive impact;" (v) it is vague,

**REQUEST FOR PRODUCTION NO. 55:**

All Documents relating to actual or perceived competition between any Samsung product that uses or incorporates the Android platform and any Apple product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify the market for the Samsung Galaxy Nexus.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is vague and ambiguous with regard to the term "market"; and (ii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available.

extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people; (v) it is vague and ambiguous with regard to the term "confused"; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

DATED: March 27, 2012          Respectfully submitted,

                               QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By   /s/ Patrick M. Shields
                                  Charles K. Verhoeven
                                  Kevin P.B. Johnson
                                  Victoria F. Maroulis
                                  William C. Price
                                  Patrick M. Shields
                                  Attorneys for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC. and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>         vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New  York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On March 27, 2012, I served or had served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION REQUESTS FOR PRODUCTION TO DEFENDANTS**

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION INTERROGATORIES**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 |

**BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed below their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 27, 2012, at Los Angeles, California.

*/s/ Pamela S. Davis*