# EXHIBIT 3

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, ("Samsung" or "Defendants") respond to Apple's First Set of Requests for Production. Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "You" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Accused Devices" means the Samsung Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II - T-Mobile, Galaxy S II - AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets.

3. "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

4. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

5. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding

to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## INSTRUCTIONS

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All documents should be produced as maintained in the ordinary course of business.

3. If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4. Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 92**

Documents sufficient to show the design, development, and implementation of the Accused Devices.

**REQUEST NO. 93**

Documents sufficient to show the design, development, and implementation of the software running on or used by the Accused Devices, including, but not limited to, each version of the Android operating system utilized by each of the Accused Devices.

**REQUEST NO. 94**

Any and all instructions, manuals, guides, or other documentation for the Accused Devices.

**REQUEST NO. 95**

Documents sufficient to identify the individuals who contributed to, oversaw, or were otherwise involved in the design, development, or implementation of the Accused Devices.

or systems used or services offered by Samsung, or by any third party.

**REQUEST NO. 118**

All Documents relied upon or considered by any declarants of Samsung filed in this case.

**REQUEST NO. 119**

All Documents Samsung intends to use for impeachment or examination of all declarants in this case.

**REQUEST NO. 120**

All Documents considered or relied upon by any expert that Samsung retains in connection with this case.

**REQUEST NO. 121**

All Documents Samsung intends to use for impeachment or examination of all experts in this case.

**REQUEST NO. 122**

All Documents Samsung intends to use for impeachment or examination of any person Samsung will seek to depose in connection with this case.

**REQUEST NO. 123**

All documents and things that Samsung intends to use as exhibits at any hearing in this case, including, but not limited to, a *Markman* hearing, a hearing on a dispositive motion and trial.

**REQUEST NO. 124**

All Documents considered or relied on to respond to any interrogatory in this case.

**REQUEST NO. 125**

All Documents relating to any contention that Apple would not be irreparably harmed in the absence of an injunction.

**REQUEST NO. 126**

All Documents relating to any contention that money damages would be adequate to compensate Apple in this case.

**REQUEST NO. 127**

All Documents relating to any contention that the public interest would not be served by a injunction in this case.

**REQUEST NO. 128**

All Documents relating to any contention that there is no nexus, relationship, or causal link between the alleged infringement of the Patents-in-Suit in this case and the alleged harm to Apple caused by that infringement.

**REQUEST NO. 129**

All Documents relating to any impact an injunction in this case would have on Defendants.

**REQUEST NO. 130**

All Documents relating to any contention that any of the features or functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit, do not drive sales, or are not the basis of consumer demand.

**REQUEST NO. 131**

All Documents relating to any advertising, promotions, actual or considered related to the Accused Devices.

**REQUEST NO. 132**

Documents sufficient to show Samsung's actual sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from the time each of the Accused Devices was first released, through trial.

**REQUEST NO. 133**

Documents sufficient to show Samsung's projected sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, for any period of time for which any such projections were prepared.

**REQUEST NO. 134**

All Documents that that comprise, refer, or relate to communications with any advertisers regarding any of the Accused Devices.

**REQUEST NO. 135**

All Documents relating to marketing of the Accused Devices that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other Documents related to testing of advertisements or advertisement messaging.

**REQUEST NO. 136**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for one of the Accused Devices, or one of the Accused Devices for an Apple product.

**REQUEST NO. 137**

All Documents relating to Samsung's policies for the retention of documents.

**REQUEST NO. 138**

All Documents relating to Samsung's policies for the retention of documents related to this litigation, the Accused Devices or the Patents-in-Suit.

**REQUEST NO. 139**

All Documents relating to Samsung's policies for the destruction or overwriting of documents.

**REQUEST NO. 155**

All Documents that support, refute, or relate to any counterclaims asserted by Samsung in this action.

Dated: April 11, 2012                              GIBSON, DUNN & CRUTCHER LLP


                                                  By: Sarah E. Simmons
                                                  *Attorneys for Apple Inc.*

**CERTIFICATE OF SERVICE**

I, Sarah Simmons, hereby certify that on this 11th day of April, 2012, I did cause Apple Inc.'s Second Set of Requests for Production to be served on the following listed below and in the manner so indicated.

<u>By Electronic Mail</u>

Victoria F. Maroulis
Kevin P.B. Johnson
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com

Dated:  April 11, 2012                    /s/ Sarah E. Simmons
                                          Sarah E. Simmons