# EXHIBIT 4

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:   (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION** |

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's First Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on February 8, 2012). Samsung will not log privileged documents that were created on or after February 8, 2012.

4. Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

6.      Samsung objects to these document requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects to each document request to the extent it is duplicative or cumulative of another document request or other discovery.

8.      Samsung objects to each document request to the extent it is compound and comprises discrete subparts resulting in separate document requests.

9.      Samsung objects generally to the document requests to the extent they seek confidential proprietary or trade secret information of third parties.   Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

10.     Samsung objects generally to the document requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.     Samsung objects to the document requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search Samsung's facilities and inquire of employees other than those facilities and employees that would reasonably be expected to have responsive information.   Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

12.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as to Samsung.

13.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.   Samsung's responses should not be construed to provide legal conclusions.

14.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.   The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS

**REQUEST NO. 92:**

Documents sufficient to show the design, development, and implementation of the Accused Devices.

**RESPONSE TO REQUEST NO. 92:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it is vague and ambiguous with regard to the terms "design," "development," and "implementation;"  (ii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation;  (iii) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

1  **REQUEST NO. 125:**

2  All Documents relating to any contention that Apple would not be irreparably harmed in
3  the absence of an injunction.

4

5  **RESPONSE TO REQUEST NO. 125:**

6  In addition to its general objections, which it hereby incorporates by reference, Samsung
7  objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and
8  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
9  privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it
10 is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily
11 available to Apple than to Samsung, including documents and things that are publicly available;
12 and  (iv)  it is vague and ambiguous with regard to the terms "relating to" and "irreparably
13 harmed."

14 Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
15 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
16 can be located based on a reasonable search.

17

18 **REQUEST NO. 126:**

19 All Documents relating to any contention that money damages would be adequate to
20 compensate Apple in this case.

21

22 **RESPONSE TO REQUEST NO. 126:**

23 In addition to its general objections, which it hereby incorporates by reference, Samsung
24 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and
25 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
26 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it
27 is overly broad and unduly burdensome;  (iii)  it seeks documents that are equally or more readily

28

documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 132:**

Documents sufficient to show Samsung's actual sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, from the time each of the Accused Devices was first released, through trial.

**RESPONSE TO REQUEST NO. 132:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:   (i)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (ii)  it is unduly burdensome to the extent it purports to require Samsung to produce information in a format different from how it is kept in the ordinary course of business;  (iii)  it is vague and ambiguous with regard to the terms "actual sales" and "market share;"  (iv)  it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and  (v)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search, as kept in the regular course of business.

**REQUEST NO. 133:**

Documents sufficient to show Samsung's projected sales and market share for the Accused Devices, in terms of both revenue and unit volume, on a monthly, quarterly, and annual basis, for

any period of time for which any such projections were prepared, as kept in the regular course of business.

**RESPONSE TO REQUEST NO. 133:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period;  (ii)  it is unduly burdensome to the extent it purports to require Samsung to produce information in a format different from how it is kept in the ordinary course of business;  (iii)  it is vague and ambiguous with regard to the terms "projected sales" and "market share;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST NO. 134:**

All Documents that that comprise, refer, or relate to communications with any advertisers regarding any of the Accused Devices.

**RESPONSE TO REQUEST NO. 134:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features and functions that are not at issue in this litigation;  (iii)  it seeks documents that are not relevant to the claims or

1 defenses of any party and/or not reasonably calculated to lead to the discovery of admissible
2 evidence; and  (iv)  it is vague and ambiguous with regard to the terms "comprise," "refer" and
3 "relate to."
4     Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
5 responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
6 can be located based on a reasonable search.
7
8 **REQUEST NO. 135:**
9     All Documents relating to marketing of the Accused Devices that discuss or refer directly
10 or indirectly to Apple or Apple products, including copies of all advertisements or other
11 promotional materials, marketing plans, market surveys, focus group studies, or other Documents
12 related to testing of advertisements or advertisement messaging.
13
14 **RESPONSE TO REQUEST NO. 135:**
15     In addition to its general objections, which it hereby incorporates by reference, Samsung
16 objects to this Request on the grounds that:   (i)  it seeks to elicit information subject to and
17 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
18 privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it
19 is temporally and substantively overbroad and unduly burdensome in that it is not limited to any
20 reasonable time period and seeks documents and things related to features and functions that are
21 not at issue in this litigation;  (iii)  it seeks documents that are equally or more readily available to
22 Apple than to Samsung, including documents and things that are publicly available;  (iv)  it is
23 vague and ambiguous with regard to the terms "promotional materials," "marketing plans,"
24 "market surveys," and "focus group studies;" and  (v)  it seeks documents that are not relevant to
25 the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
26 admissible evidence.
27
28

1  Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
2  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
3  can be located based on a reasonable search.

**REQUEST NO. 136:**

All Documents relating to any instances of consumer confusion in which Samsung was made aware that a person confused an Apple product for one of the Accused Devices, or one of the Accused Devices for an Apple product.

**RESPONSE TO REQUEST NO. 136:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent that it purports to require Samsung to seek information from thousands of people;  (iii)  it is vague and ambiguous with regard to the term "confused;" and  (iv)  it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 137:**

All Documents relating to Samsung's policies for the retention of documents.

**RESPONSE TO REQUEST NO. 137:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i)  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity;  (ii)  it is overly broad and unduly burdensome to the extent it would require undue expense to respond;

1  things inconsistent with the timeframes set forth in the Northern District of California Patent Local
2  Rules; and (iv) it is vague and ambiguous with regard to the terms "support," "refute" and
3  "relate."
4      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
5  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
6  can be located based on a reasonable search.

8  DATED: May 11, 2012                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP

11                                By /s/ Patrick M. Shields
                                  Charles K. Verhoeven
                                  Kevin P.B. Johnson
                                  Victoria F. Maroulis
                                  William C. Price
                                  Patrick M. Shields
                                  Attorney for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC

| | | |
|---|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) charlesverhoeven@quinnemanuel.com | John Caracappa (*pro hac vice*) jcaracappa@steptoe.com |
| 3 | Kevin A. Smith (Bar No. 250814) kevinsmith@quinnemanuel.com | 1330 Connecticut Avenue, NW Washington, D.C. 20036 |
| 4 | 50 California Street, 22nd Floor San Francisco, California 94111 | Telephone: (202) 429-6267 Facsimile: (202) 429-3902 |
| 5 | Telephone: (415) 875-6600 Facsimile: (415) 875-6700 | |

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

02198.51981/4750552.1

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On May 11, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA    94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA    94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |

**BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 11, 2012, at Los Angeles, California.

/s/ Pamela S. Davis