# EXHIBIT 5

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 <br><br> HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 <br><br> MARK D. SELWYN (SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 <br><br> *Attorneys for Plaintiff and <br> Counterclaim-Defendant Apple Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Civil Action No. 12-CV-00630-LHK <br><br> **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 156 - 234) TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby requests that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") produce documents and things responsive to the following requests (the "Requests") at the office of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California, 94304 within thirty (30) days of service of these requests.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Qualcomm" means Qualcomm Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

4. "Intel" means Intel Corp. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

1    5.    "Samsung Patents-In-Suit" shall mean United States Patent Nos. 7,756,087,
2 7,551,596, 7,672,470, 7,577,757, 7,232,058, 6,282,179, 6,226,449, and 5,579,239, individually
3 and collectively.

4    6.    "The '087 Patent" shall mean U.S. Patent No. 7,756,087, issued on July 13, 2010
5 and entitled "Method And Apparatus For Performing Non-Scheduled Transmission In A Mobile
6 Communication System For Supporting An Enhanced Uplink Data Channel."

7    7.    "The '596 Patent" shall mean U.S. Patent No. 7,551,596, issued on June 23, 2009
8 and entitled "Method And Apparatus For Signaling Control Information Of Uplink Packet Data
9 Service In Mobile Communication System."

10    8.    "The '470 Patent" shall mean U.S. Patent No. 7,672,470, issued March 2, 2010
11 and entitled "Audio/Video Device Having A Volume Control Function For An External Audio
12 Reproduction Unit By Using Volume Control Buttons Of A Remote Controller And Volume
13 Control Method Therefor."

14    9.    "The '757 Patent" shall mean U.S. Patent No. 7,577,757, issued on August 18,
15 2009 and entitled "Multimedia Synchronization Method And Device."

16    10.   "The '058 Patent" shall mean U.S. Patent No. 7,232,058, issued on June 19, 2007
17 and entitled "Data Displaying Apparatus And Method."

18    11.   "The '179 Patent" shall mean U.S. Patent No. 6,292,179, issued on September 18,
19 2001 and entitled "Software Keyboard System Using Trace Of Stylus On A Touch Screen And
20 Method For Recognizing Key Code Using The Same."

21    12.   "The '449 Patent" shall mean U.S. Patent No. 6,226,449, issued on May 1, 2001
22 and entitled "Apparatus For Recording And Reproducing Digital Image And Speech."

23    13.   "The '239 Patent" shall mean U.S. Patent No. 5,579,239, issued on November 26,
24 1996 and entitled "Remote Video Transmission System."

25    14.   "Samsung Named Inventors" shall mean the persons named as inventors on any
26 of the Samsung Patents-in-Suit: Young-Bum Kim; Sung-Ho Choi; Soeng-Hun Kim; Ju-Ho Lee;
27 Yong-Jun Kwak; Youn-Hyoung Heo; Joon-Young Cho; Jan Van Lieshout; Jae-hoon Lee; Harry

28

1  Nick Carter; Ronald Cococcia; Zachary Piech; John Reine; Silvan Sauter; Steven Vasquez; Craig
2  Willis; Hyung-Jun Brutus Youn; Kwang-Bok Lee; Jin-chul Lee; Hisashi Inoue; Keiji Nagayama;
3  Tomishige Yatsugi; Mitchael C. Freeman; Richard C. Freeman; Chad Boss; and Michael H.
4  Freeman.

5       15.  "Product" means a machine, manufacture, apparatus, device, instrument,
6  mechanism, appliance, or an assemblage of components/parts (either individually or collectively)
7  that are designed to function together electronically, mechanically, chemically, or otherwise,
8  including any offered for sale or under development.

9       16.  "Software" shall mean and include all forms of code including, but not limited to,
10  source code, object code, firmware, compiled code, byte code, interpreted code, any form of
11  code stored in any storage medium (for example, ROM or Flash RAM chips) on any product, or
12  code transmitted to products.  Software further includes files written in any programming
13  language, including, but not limited to, "C", "C++", assembler, VHDL, Verilog, digital signal
14  processor ("DSP") programming language, "make" files, "include" files, script files, link files,
15  and other human-readable text files used in the generation and/or building of software directly
16  executed on a microprocessor, microcontroller, and/or DSP.

17       17.  "Mobile Wireless Telecommunications Device(s)" shall mean any device capable
18  of transmitting and receiving cellular telephonic communications.

19       18.  "Accused Apple Product" shall mean any "Accused Instrumentality" under Patent
20  Local Rule 3-1 identified by Samsung in its June 15, 2012 Disclosure of Asserted Claims and
21  Infringement Contentions (including any legally permissible supplements thereto).

22       19.  "Samsung Covered Product" shall mean any Product sold or offered for sale at
23  any time by Samsung that Samsung contends practices any of the Samsung Patents-in-Suit.

24       20.  "Litigation" means the above-referenced action, 12-cv-00630 (LHK) in the
25  United States District Court for the Northern District of California.

26       21.  "Answer" shall mean Samsung's Answer, Affirmative Defenses, and
27  Counterclaims to Apple Inc.'s Complaint, filed April 18, 2012, in the above-referenced action.

28

1    22.    "Counterclaims" shall mean the Counterclaims set forth in Apple's Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims, filed May 31, 2012 in the above-referenced action.

    23.    "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

    24.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

    25.    "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

    26.    "Tangible Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

    27.    "Entity" or "Entities" means, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

    28.    "Third Party" or "Third Parties" means all persons who are not parties to this Litigation, as well as their officers, directors, employees, agents and attorneys.

    29.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting,

1   contradicting, comprising, containing, or constituting (in whole or in part), as the context makes
2   appropriate.

3       30.    The use of a verb in any tense shall be construed as the use of the verb in all other
4   tenses.

5       31.    The use of the singular form of any word includes the plural and vice versa.

6       32.    The singular is to be construed as including the plural and vice versa.  "And" as
7   well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest
8   meaning possible, so as to bring within the scope of the Request all information that might
9   otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any"
10  and "each" and vice versa.

11      33.    "Including" shall be construed to mean "including, without limitation" or
12  "including, but not limited to."

## INSTRUCTIONS

14      34.    Each document is to be produced along with all non-identical drafts thereof in
15  their entirety, without abbreviation or redaction, and as maintained in the ordinary course of
16  business.

17      35.    If Samsung withholds any documents on a claim of privilege, provide a statement
18  of the claim of privilege and all facts relied upon in support of that claim as required by Rule
19  26(b)(5) of the Federal Rules of Civil Procedure.

20      36.    Documents responsive to each Request must be produced in full and subject to
21  any Request being narrowed by the parties' meeting and conferring regarding your
22  corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 156**

25  All non-identical complete certified copies of prosecution histories of each of the Samsung
26  Patents-In-Suit.

**REQUEST NO. 229**

All documents relating to any alleged damage or injury that Samsung has suffered or will suffer as a consequence of Apple allegedly using, manufacturing, employing, or selling any Apple Accused Product.

**REQUEST NO. 230**

All documents relating to any sales that Samsung alleges it has lost, or believes it has lost, to Apple.

**REQUEST NO. 231**

Documents sufficient to show budgets, projected revenues and expenses, projected sales, projected profits, or other forecasts of operations concerning each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit.

**REQUEST NO. 232**

Documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning price lists, pricing worksheets, marketing/pricing memoranda, sales correspondence, or price quotations.

**REQUEST NO. 233**

Documents sufficient to show Samsung's alleged capacity and ability to manufacture, sell, and/or distribute each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation all documents and tangible things concerning Samsung's sales, marketing and distribution system, sales force, and geographic locations for manufacturing and warehousing operations.

**REQUEST NO. 234**

All documents that list, describe, detail, or concern the market for each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-

in-Suit, including without limitation documents concerning: (a) actual, projected, or potential market size or market shares; and (b) industry trends or developments.

Dated: July 13, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Heath A. Brooks, hereby certify that on this 13th day of July, 2012, I did cause Apple Inc.'s Third Set of Requests for Production of Documents and Things to be served on the following listed below and in the manner so indicated.

**By electronic mail**

Kevin P.B. Johnson
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Michael F. Peng
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com
michaelpeng@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

Richard S.J. Hung
Michael A. Jacobs
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
rhung@mofo.com
mjacobs@mofo.com

John M. Caracappa
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
jcaracap@steptoe.com

Dated:  July 13, 2012              /s/ Heath A. Brooks
                                       Heath A. Brooks