# EXHIBIT 6

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Kevin A. Smith (Bar No. 250814)
3  kevinsmith@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Patrick M. Shields (Bar No. 204739)
   patrickshields@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
15
   STEPTOE & JOHNSON, LLP
   John Caracappa (*pro hac vice*)
   jcaracappa@steptoe.com
   1330 Connecticut Avenue, NW
   Washington, D.C. 20036
   Telephone: (202) 429-6267
   Facsimile: (202) 429-3902

   Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
16 SAMSUNG ELECTRONICS AMERICA, INC. and
   SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
17
                    UNITED STATES DISTRICT COURT
18
           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
19

20
   APPLE INC., a California corporation,           CASE NO. 12-cv-00630-LHK
21
           Plaintiff,                              **SAMSUNG'S OBJECTIONS AND**
22                                                 **RESPONSES TO APPLE'S THIRD SET**
       vs.                                         **OF REQUESTS FOR PRODUCTION TO**
23                                                 **DEFENDANTS**
   SAMSUNG ELECTRONICS CO., LTD., a
24 Korean business entity; SAMSUNG
   ELECTRONICS AMERICA, INC., a New
25 York corporation; SAMSUNG
   TELECOMMUNICATIONS AMERICA,
26 LLC, a Delaware limited liability company,

27         Defendant.

28

-1-                                                                 Case No. 12-cv-00630-LHK
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
THIRD SET OF REQUESTS FOR PRODUCTION

**OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION**

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Third Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law. Samsung will exchange with Apple a log of withheld documents consistent with provisions of the parties' Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery dated May 9, 2012.

4. Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5. Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or

1  seek information about products outside the United States, on the ground that such information is
2  irrelevant.

3      6.    Samsung objects to these document requests to the extent they seek to compel
4  Samsung to generate or create information and/or documents that do not already exist.

5      7.    Samsung objects to each document request to the extent it is duplicative or
6  cumulative of another document request or other discovery.

7      8.    Samsung objects generally to the document requests to the extent they seek
8  confidential proprietary or trade secret information of third parties.  Samsung will endeavor to
9  work with third parties to obtain their consent, if necessary, before identifying or producing such
10 information and/or documents.

11     9.    Samsung objects generally to the document requests on the grounds that they are
12 overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the
13 discovery of admissible evidence.

14     10.    Samsung objects to the document requests on the ground that they are overly broad,
15 unduly burdensome and oppressive to the extent they purport to require Samsung to search its
16 facilities and inquire of their employees other than those in its facilities and employees that would
17 reasonably be expected to have responsive information.  Samsung's responses are based upon (1)
18 a reasonable search and investigation of facilities and files that could reasonably be expected to
19 contain responsive information, and (2) inquiries of Samsung's employees and/or representatives
20 who could reasonably be expected to possess responsive information.

21     11.    Samsung objects to the document requests on the grounds that they seek
22 information already in the possession of Apple, publicly available, or as readily available to Apple
23 as it is to Samsung.

24     12.    Samsung objects to the document requests on the grounds and to the extent that
25 they seek legal conclusions or call for expert testimony.  Samsung's responses should not be
26 construed to provide legal conclusions.

27     13.    Samsung objects to the document requests on the ground that discovery is
28 continuing in this action, and Samsung has not yet completed its factual investigation.  The

1  following responses reflect the information reasonably available to Samsung at this time.
2  Samsung reserves its right to amend or supplement these responses and any production of
3  documents as additional discovery and investigation continue, in the event that additional
4  information is disclosed, or in the event of error, inadvertent mistake, or omission.

5  Subject to and without waiving the foregoing General Objections, Samsung responds and
6  further objects as follows:

**SPECIFIC OBJECTIONS TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

10 **REQUEST FOR PRODUCTION NO. 156:**

11  All non-identical complete certified copies of prosecution histories of each of the Samsung
12  Patents-In-Suit.

14 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

15  In addition to its Objections and Responses Common to All Requests for Production,
16  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i)
17  it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney
18  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other
19  applicable privilege or immunity; (ii) it seeks documents that are not relevant to the claims or
20  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible
21  evidence; (iii) it seeks documents that (if they exist) are equally or more readily available to Apple
22  than to Samsung, including documents and things that are publicly available; and (iv) it is
23  temporally and substantively overbroad in that it is not limited to any reasonable time period and
24  seeks documents and things related to products not at issue in this litigation.

25  Notwithstanding the foregoing general and specific objections, and without waiving any
26  objections, Samsung will produce responsive, non-privileged documents in its possession,
27  custody, or control, that can be located pursuant to a reasonably diligent search.

1  custody, or control, that can be located pursuant to a reasonably diligent search.

2

3  **REQUEST FOR PRODUCTION NO. 230:**

4  All documents relating to any sales that Samsung alleges it has lost, or believes it has lost,
5  to Apple.

6

7  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

8  In addition to its Objections and Responses Common to All Requests for Production,
9  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:
10 (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the
11 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
12 any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the
13 claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
14 admissible evidence; (iii) it seeks documents containing confidential third party information,
15 including information subject to a non-disclosure or other agreement between Samsung and a third
16 party, or documents subject to a protective order; (iv) it is temporally and substantively overbroad
17 in that it is not limited to any reasonable time period and seeks "all documents" relating to the
18 subject matter of the Request; and (v) it is premature to the extent it seeks expert discovery.

19

20 **REQUEST FOR PRODUCTION NO. 231:**

21 Documents sufficient to show budgets, projected revenues and expenses, projected sales,
22 projected profits, or other forecasts of operations concerning each Samsung Covered Product you
23 claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit.

24

25 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

26 In addition to its Objections and Responses Common to All Requests for Production,
27 which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:
28 (i) it seeks documents that are not relevant to the claims or defenses of any party and/or not

1  reasonably calculated to lead to the discovery of admissible evidence; (ii) it seeks documents
2  containing confidential third party information, including information subject to a non-disclosure
3  or other agreement between Samsung and a third party, or documents subject to a protective order;
4  and (iii) it is vague and ambiguous with respect to the terms "budgets," and "other forecasts."

5  Notwithstanding the foregoing general and specific objections, and without waiving any
6  objections, Samsung will produce responsive, non-privileged documents in its possession,
7  custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 232:**

Documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning price lists, pricing worksheets, marketing/pricing memoranda, sales correspondence, or price quotations.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; and (iv) it is vague and ambiguous with respect to the terms "pricing practice or policies," "pricing worksheets," marketing/pricing memoranda," and "correspondence."

1  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the
2  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
3  any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the
4  claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
5  admissible evidence; (iii) it seeks documents containing confidential third party information,
6  including information subject to a non-disclosure or other agreement between Samsung and a third
7  party, or documents subject to a protective order; (iv) it is vague and ambiguous with respect to
8  the terms "describe," "detail," and "concern"; and (v) it is temporally and substantively overbroad
9  in that it is not limited to any reasonable time period and seeks "all documents" related to the
10 subject matter of the Request.

12 DATED: August 13, 2012                QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP

                                         By /s/ Patrick M. Shields
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            William C. Price
                                            Patrick M. Shields

                                            John Caracappa (*pro hac vice*)
                                            Steptoe & Johnson, LLP
                                            1330 Connecticut Avenue, NW
                                            Washington DC 20036
                                            TEL:  202-429-6267
                                            FAX:  202-429-3902

                                            Attorneys for Defendants
                                            SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.,
                                            and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC

| | | |
|---|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP | STEPTOE & JOHNSON, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151) | John Caracappa (*pro hac vice*) |
| | charlesverhoeven@quinnemanuel.com | jcaracappa@steptoe.com |
| 3 | Kevin A. Smith (Bar No. 250814) | 1330 Connecticut Avenue, NW |
| | kevinsmith@quinnemanuel.com | Washington, D.C. 20036 |
| 4 | 50 California Street, 22nd Floor | Telephone: (202) 429-6267 |
| | San Francisco, California 94111 | Facsimile: (202) 429-3902 |
| 5 | Telephone: (415) 875-6600 | |
| | Facsimile: (415) 875-6700 | |

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **CERTIFICATE OF SERVICE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

02198.51981/4906539.1

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On August 13, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA    94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA    94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA    94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 13, 2012, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　　　*/s/ Michael L. Fazio*