# EXHIBIT 7

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,,<br><br>Counter-Claimant,<br><br>v.<br><br>APPLE INC., a California corporation,,<br><br>Counter-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, (collectively, "Samsung" or "Defendants") respond to Apple's Fourth Set of Requests for Production. Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "Samsung," "you" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.

4. "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604

5. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting,

comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

6. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

7. "Jelly Bean" means version 4.1 of the Android operating system.

8. "Ice Cream Sandwich" means version 4.0 of the Android operating system.

9. "Honey Comb" means version 3 of the Android operating system.

10. "Gingerbread" means version 2.3 of the Android operating system.

11. "FroYo" means version 2.2 of the Android operating system.

12. "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents-in-Suit, including each function identified in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

13. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code.  Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary

14. "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-LHK (PSG) in the Northern District of California, as well as their officers, directors, employees, agents and attorneys.

15. "Competitive Products" means any and all products sold by a person or entity other than Samsung that compete or competed with the Accused Samsung Products.

16. "Person" means natural persons as well as business entities and associations of all

sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

17. "Document" has the broadest possible meaning permitted by federal rules of civil procedure rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in rule 1001 of the federal rules of evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

19. The use of the singular form of any word includes the plural and vice versa.

20. The singular is to be construed as including the plural and vice versa. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

## INSTRUCTIONS

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All documents should be produced as maintained in the ordinary course of business.

3. Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 235:**

All Documents referred to, related to, or consulted in preparing Samsung's Initial Disclosures

**REQUEST NO. 295:**

All Documents relating to any final results and conclusions from customer surveys, studies, analyses or investigations regarding the Accused Samsung Products, including but not limited to documents relating to the reasons why customers purchase, or choose not to purchase, any of the Accused Samsung Products.

**REQUEST NO. 296:**

All Documents relating to the demand for the Accused Features, including but not limited to consumer surveys, consumer focus groups, and comparisons of the benefits, functionality, performance, design, and costs of alternative technologies.

**REQUEST NO. 297:**

All Documents provided by market research firms that relate to or discuss any Accused Samsung Products.

**REQUEST NO. 298:**

All Documents showing or purporting to show the reasons why purchasers of the Competitive Products and Apple products, including iPads, iPhones and iPod touches, make their purchase decisions, and any analyses, evaluations, surveys, and reviews of such decisions during the period 2006 through the present.

**REQUEST NO. 299:**

All Documents relating to the manner, frequency, and duration of any consumer use of each of the Accused Features in the Accused Samsung Products and any reports, evaluations, analyses, or surveys relating to the same subject matter from 2006 through the present

**REQUEST NO. 300:**

All Documents and things relating to accolades and awards given to the Accused Samsung Products.

**REQUEST NO. 301:**

All Documents concerning any of your contentions that the Patents-in-Suit are not enforceable or valid.

**REQUEST NO. 308:**

All Documents relating to any valuation or assessment of the value of the FroYo, Gingerbread, Honey Comb, Ice Cream Sandwich and Jelly Bean versions of the Android operating system and/or platform or any part or portion thereof.

**REQUEST NO. 309:**

All Documents relating to any valuation or assessment of the value of the Accused Features.

**REQUEST NO. 310:**

All Documents concerning Samsung's business case for the Accused Features.

**REQUEST NO. 311:**

All Documents sufficient to show, by month, the amount spent by Samsung for advertising, marketing, and promotion of each of the Accused Samsung Products in the United States on a product-by-product basis, including the advertising, marketing, and promotion for the inclusion of any of the accused features in such products.

**REQUEST NO. 312:**

All Documents reflecting or relating to any actual or projected Samsung revenue and profits in connection with any sales, licenses or any other activity relating to the Accused Samsung Products, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**REQUEST NO. 313:**

All Documents showing the actual costs and projected costs associated with each Accused Samsung Products, including the research, development, creation, design, engineering, manufacturing, importation, marketing, distribution and sale of each product.

**REQUEST NO. 314:**

Quarterly and annual summary documents from which the following may be determined relating to any Accused Samsung Product:

    a. Pricing of each product;
    b. Total gross and net revenues;
    c. Total gross and net profits;

      d. Discounts;
      e. Promotional incentives or rebates;
      f. Total quantity of units sold;
      g. Cost of goods sold;
      h. Sales commissions and selling expenses; and
      i. General and administrative expenses, and any other allocation of the expenses to any of the Accused Samsung Products.

**REQUEST NO. 315:**

All Documents sufficient to show the number of units of each Accused Samsung Product sold by any defendant in the United States by month, the quarterly gross and net revenues for each Accused Samsung Product since 2005, the quarterly gross and net incomes for each Accused Samsung Product since 2005 and the quarterly gross and net profits for each Accused Samsung Product since 2005.

**REQUEST NO. 316:**

All Documents sufficient to show, from 2005 to the present, the amount of revenue that any defendant has obtained by month due to the sale of accessories or other goods or services that are designed to work with any Accused Samsung Product.

Dated: August 13, 2012

                              GIBSON, DUNN & CRUTCHER LLP

                              By: */s/Mark Lyon*
                                  **Attorneys for Apple Inc.**

# CERTIFICATE OF SERVICE

I, Phillip K. Lum, hereby certify that on this 13[h] day of August, 2012, I did cause APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS to be served on the parties identified below and in the manner so indicated.

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

X **BY ELECTRONIC MAIL TRANSMISSION** from plum@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: August 13, 2012            /s/Phillip K. Lum
                                  Phillip K. Lum