# EXHIBIT 8

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FOURTH SET OF REQUESTS FOR PRODUCTION** |

**OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION**

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Fourth Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung objects generally to the logging of privileged documents that were created on or after April 15, 2011.  Samsung will log privileged documents consistent with the parties' Stipulation dated May 9, 2012.

4. Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5. Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or

1  seek information about products outside the United States, on the ground that such information is
2  irrelevant.

3     6.   Samsung objects to these document requests to the extent they seek to compel
4  Samsung to generate or create information and/or documents that do not already exist.

5     7.   Samsung objects to each document request to the extent it is duplicative or
6  cumulative of another document request or other discovery.

7     8.   Samsung objects to each document request to the extent it is compound and
8  comprises discrete subparts resulting in separate document requests.

9     9.   Samsung objects generally to the document requests to the extent they seek
10 confidential proprietary or trade secret information of third parties.  Samsung will endeavor to
11 work with third parties to obtain their consent, if necessary, before identifying or producing such
12 information and/or documents.

13    10.  Samsung objects generally to the document requests on the grounds that they are
14 overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the
15 discovery of admissible evidence.

16    11.  Samsung objects to the document requests on the ground that they are overly broad,
17 unduly burdensome and oppressive to the extent they purport to require Samsung to search
18 Samsung's facilities and inquire of employees other than those facilities and employees that would
19 reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a
20 reasonable search and investigation of facilities and files that could reasonably be expected to
21 contain responsive information, and (2) inquiries of Samsung's employees and/or representatives
22 who could reasonably be expected to possess responsive information.

23    12.  Samsung objects to the document requests on the grounds that they seek
24 information already in the possession of Apple, publicly available, or as readily available to Apple
25 as to Samsung.

26    13.  Samsung objects to the document requests on the grounds and to the extent that
27 they seek legal conclusions or call for expert testimony.  Samsung's responses should not be
28 construed to provide legal conclusions.

1    14.   Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation. The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 235:**

All Documents referred to, related to, or consulted in preparing Samsung's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is vague and ambiguous with regard to the terms "referred to," related to," and "consulted in preparing;" (iii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (iv) it is overbroad with respect to the terms "related to" and "consulted in preparing."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, referred to in preparing Samsung's Initial Disclosures and that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 295:**

All Documents relating to any final results and conclusions from customer surveys, studies, analyses or investigations regarding the Accused Samsung Products, including but not limited to documents relating to the reasons why customers purchase, or choose not to purchase, any of the Accused Samsung Products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 295:**

In addition to its general objections and all objections to any subpoenas served in this case, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous with regard to the terms "relating to," "final results and conclusions," "customer surveys, studies, analyses or investigations," "regarding," and "reasons why customers purchase, or choose not to purchase;" (iv) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 296:**

All Documents relating to the demand for the Accused Features, including but not limited to consumer surveys, consumer focus groups, and comparisons of the benefits, functionality, performance, design, and costs of alternative technologies.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 296:**

In addition to its general objections and all objections to any subpoenas served in this case, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period; (iii) it is vague and ambiguous with regard to the terms "relating to," "demand," "customer surveys," "consumer focus groups," "comparisons of the benefits, functionality, performance, design, and costs," and "alternative technologies;" (iv) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 297:**

All Documents provided by market research firms that relate to or discuss any Accused Samsung Products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 297:**

In addition to its general objections and all objections to any subpoenas served in this case, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (ii) it is vague and ambiguous with regard to the terms "provided by," "market research firms," and "relate to or discuss;" (iii) it seeks the confidential, proprietary

1  and/or trade secret information of third parties, subject to non-disclosure or other confidentiality
2  agreements between Samsung and a third party; and (iv) it seeks documents that are not relevant to
3  the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
4  admissible evidence.

5    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
6  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
7  can be located pursuant to a reasonably diligent search.

8

9  **REQUEST FOR PRODUCTION NO. 298:**

10   All Documents showing or purporting to show the reasons why purchasers of the
11  Competitive Products and Apple products, including iPads, iPhones and iPod touches, make their
12  purchase decisions, and any analyses, evaluations, surveys, and reviews of such decisions during
13  the period 2006 through the present.

14

15  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 298:**

16   In addition to its general objections and all objections to any subpoenas served in this case,
17  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:
18  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the
19  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
20  any other applicable privilege or immunity; (ii) it is substantively overbroad and unduly
21  burdensome in that it seeks documents and things related to features or functionality that are not at
22  issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "showing or
23  purporting to show," "reasons," "purchasers," "Competitive Products and Apple products,"
24  "purchase decisions," and "analyses, evaluations, surveys, and reviews of such decisions;" (iv) it
25  seeks documents that are equally or more readily available to Apple than to Samsung; and (v) it
26  seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably
27  calculated to lead to the discovery of admissible evidence.
28   Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

1  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
2  can be located pursuant to a reasonably diligent search.

3

4  **REQUEST FOR PRODUCTION NO. 299:**

5  All Documents relating to the manner, frequency, and duration of any consumer use of
6  each of the Accused Features in the Accused Samsung Products and any reports, evaluations,
7  analyses, or surveys relating to the same subject matter from 2006 through the present

8

9  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 299:**

10  In addition to its general objections and all objections to any subpoenas served in this case,
11  which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:
12  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the
13  attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
14  any other applicable privilege or immunity; (ii) it is vague and ambiguous with regard to the terms
15  "relating to," "manner, frequency, and duration," "consumer use," and "reports, evaluations,
16  analyses, or surveys;" (iii) it seeks the confidential, proprietary and/or trade secret information of
17  third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a
18  third party; and (iv) it seeks documents that are not relevant to the claims or defenses of any party
19  and/or not reasonably calculated to lead to the discovery of admissible evidence.

20  Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
21  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
22  can be located pursuant to a reasonably diligent search.

23

24  **REQUEST FOR PRODUCTION NO. 300:**

25  All Documents and things relating to accolades and awards given to the Accused Samsung
26  Products.

27

28

1  not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the
2  discovery of admissible evidence.
3        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
4  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that
5  can be located pursuant to a reasonably diligent search and as kept in the ordinary course of
6  business.
7
8  **REQUEST FOR PRODUCTION NO. 312:**
9        All Documents reflecting or relating to any actual or projected Samsung revenue and
10 profits in connection with any sales, licenses or any other activity relating to the Accused
11 Samsung Products, including profit and loss statements, income statements, any other financial
12 statements or projections, and documents that describe, analyze or comment on such actual or
13 projected revenues and profits.
14
15 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 312:**
16       In addition to its general objections, which it hereby incorporates by reference, Samsung
17 objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and
18 protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
19 privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it
20 is temporally and substantively overbroad and unduly burdensome in that it is not limited to any
21 reasonable time period and seeks documents and things related to features or functionality that are
22 not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "reflecting or
23 relating to," "any other activity," and "relating to;" and (iv) it seeks documents that are not relevant
24 to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of
25 admissible evidence.
26       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
27 responsive, non-privileged documents that are in Samsung's possession, custody, or control
28 sufficient to show actual and projected net revenue and net profits in connection with U.S. sales of

the Accused Samsung Products, as kept in the ordinary course of business and that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 313:**

All Documents showing the actual costs and projected costs associated with each Accused Samsung Products, including the research, development, creation, design, engineering, manufacturing, importation, marketing, distribution and sale of each product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 313:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "showing," "actual costs and projected costs," "associated with," and "research, development, creation, design, engineering, manufacturing, importation, marketing, distribution and sale;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control sufficient to show costs and expenses associated with developing or designing the Accused Samsung Products as kept in the ordinary course of business, and that can be located pursuant to a

1  reasonably diligent search.

2

3  **REQUEST FOR PRODUCTION NO. 314:**

4  Quarterly and annual summary documents from which the following may be determined

5  relating to any Accused Samsung Product:

6
- a. Pricing of each product;
- b. Total gross and net revenues;
- c. Total gross and net profits;
- d. Discounts;
- e. Promotional incentives or rebates;
- f. Total quantity of units sold;
- g. Cost of goods sold;
- h. Sales commissions and selling expenses; and
- i. General and administrative expenses, and any other allocation of the expenses to any of the Accused Samsung Products.

12  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 314:**

13  In addition to its general objections, which it hereby incorporates by reference, Samsung

14  objects to this Request on the grounds that: (i) it is temporally and substantively overbroad and

15  unduly burdensome in that it is not limited to any reasonable time period and seeks documents and

16  things related to features or functionality that are not at issue in this litigation; (ii) it is unduly

17  burdensome to the extent it purports to require Samsung to produce information in a format

18  different from how it is kept in the ordinary course of business; (iii) it is vague and ambiguous

19  with regard to the terms "Quarterly and annual summary documents," "relating to," "Pricing,"

20  "Total gross and net revenues," "Total gross and net profits," "Discounts," "Promotional

21  incentives or rebates," "Total quantity of units sold," "Cost of goods sold," "Sales commissions

22  and selling expenses," "General and administrative expenses," and "any other allocation of the

23  expenses;" and (iv) it seeks documents that are not relevant to the claims or defenses of any party

24  and/or not reasonably calculated to lead to the discovery of admissible evidence.

25  Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

26  responsive, non-privileged documents that are in Samsung's possession, custody, or control

27  sufficient to show items (a), (b) (limited to net revenues), (c) (limited to net profits), (f), (g), (h)

28  and (i) for Accused Samsung Products sold in the U.S., and that can be located pursuant to a

1  reasonably diligent search.

2

3  **REQUEST FOR PRODUCTION NO. 315:**

4  All Documents sufficient to show the number of units of each Accused Samsung Product
5  sold by any defendant in the United States by month, the quarterly gross and net revenues for each
6  Accused Samsung Product since 2005, the quarterly gross and net incomes for each Accused
7  Samsung Product since 2005 and the quarterly gross and net profits for each Accused Samsung
8  Product since 2005.

9

10 **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 315:**

11 In addition to its general objections, which it hereby incorporates by reference, Samsung
12 objects to this Request on the grounds that: (i) it is temporally and substantively overbroad and
13 unduly burdensome; (ii) it is unduly burdensome to the extent it purports to require Samsung to
14 produce information in a format different from how it is kept in the ordinary course of business;
15 (iii) it is vague and ambiguous with regard to the terms "sufficient to show," "units," "quarterly
16 gross and net revenues," "quarterly gross and net incomes," and "quarterly gross and net profits;"
17 and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not
18 reasonably calculated to lead to the discovery of admissible evidence.

19 Notwithstanding the foregoing, and without waiving any objections, Samsung will produce
20 responsive, non-privileged documents that are in Samsung's possession, custody, or control
21 sufficient to show the number of units of each Accused Samsung Product sold in the U.S., net
22 revenues, net incomes and net profits for each of the Accused Samsung Products sold in the U.S.,
23 as such documents are kept in the ordinary course of business and that can be located pursuant to a
24 reasonably diligent search.

25

26 **REQUEST FOR PRODUCTION NO. 316:**

27 All Documents sufficient to show, from 2005 to the present, the amount of revenue that
28 any defendant has obtained by month due to the sale of accessories or other goods or services that

| | | |
|---|---|---|
| 1 | DATED: September 24, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Patrick M. Shields |
| | | Charles K. Verhoeven |
| 5 | | Kevin P.B. Johnson |
| | | Victoria F. Maroulis |
| 6 | | William C. Price |
| 7 | | Patrick M. Shields |
| 8 | | John Caracappa (*pro hac vice*) |
| | | Steptoe & Johnson, LLP |
| 9 | | 1330 Connecticut Avenue, NW |
| | | Washington DC 20036 |
| 10 | | TEL:  202-429-6267 |
| 11 | | FAX:  202-429-3902 |
| 12 | | Attorneys for Defendants |
| | | SAMSUNG ELECTRONICS CO., LTD., |
| 13 | | SAMSUNG ELECTRONICS AMERICA, INC., |
| 14 | | and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |