# EXHIBIT 10

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | HAROLD J. MCELHINNY (CA SBN 66781) |
| jkrevitt@gibsondunn.com | hmcelhinny@mofo.com |
| H. MARK LYON (CA SBN 162061) | MICHAEL A. JACOBS (CA SBN 111664) |
| mlyon@gibsondunn.com | mjacobs@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | RICHARD S.J. HUNG (CA SBN 197425) |
| 1881 Page Mill Road | rhung@mofo.com |
| Palo Alto, CA  94304-1211 | MORRISON & FOERSTER LLP |
| Telephone: (650) 849-5300 | 425 Market Street |
| Facsimile: (650) 849-5333 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| | Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>           Counterclaim-Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>           Counterclaim-Defendant. | |

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK

Gibson, Dunn & Crutcher LLP

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Fifth Set of Requests for Production of Documents and Things served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on September 14, 2012 (the "Requests") as follows:

## GENERAL OBJECTIONS

1. Apple incorporates the General Objections included in its Objections and Responses to Samsung's First, Second, Third, and Fourth Sets of Requests for Production, as well as its Objections and Responses to Samsung's Second Preliminary Injunction Requests for Production. Apple also makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Samsung's Fifth Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual requests does not waive any of Apple's General Objections.

2. These responses are made solely for the purpose of the above-entitled action. Apple will respond to the Requests on the basis of the best information available to it at the time of gathering responsive materials, and within the limits and subject to the objections described below. Further investigation may reveal additional information that is responsive to these Requests. Apple reserves the right to continue discovery and investigation into this matter and to present additional information discovered after the date of the present responses. Apple reserves the right, where appropriate, to supplement and/or correct the responses contained herein pursuant to Federal Rule of Civil Procedure 26(e).

3. Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders.

4. Apple's responses herein, or any production of documents by Apple, are not an admission that responsive documents exist or that produced documents are responsive. Further,

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK          1

Gibson, Dunn & Crutcher LLP

Apple's response to any particular request should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the request, or that the response constitutes admissible evidence. No response to any portion of any request shall be deemed a waiver of any objection not set forth herein that could be made to any such portion of the request regarding relevancy of the information or its admissibility. Rather, these responses and any documents produced reflect Apple's attempt to produce non-privileged documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

5. Apple objects to Samsung's definitions of "APPLE" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. Apple will thus define such term, and limit its responses accordingly, to mean Apple Inc.

6. Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" to the extent that it purports to impose conditions, obligations, or duties beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. For purposes of responding to these Requests, Apple interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its ordinary meaning found in the Federal Rules of Civil Procedure.

7. Apple objects to Samsung's definition of the terms "RELATING TO" and "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad. Apple further objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

8. Apple objects to all definitions, instructions, and Requests to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

9. Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects because it is

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK             2

impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

10. Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation. Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced. Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log. Further, all communications between Apple and its legal counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

11. Apple objects to any Request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

12. Apple's responses to these Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK                                                    3

action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

13. Apple objects to the Requests to the extent that they seek documents that are not relevant to the claims or defenses of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

14. Apple objects to the Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning or to include more than their commonly understood definitions.

15. Apple will make, and has made, reasonable efforts to respond to these Requests, to the extent that no objection is made, as Apple reasonably understands and interprets each Request. If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, Apple reserves the right to supplement and amend its objections and responses.

16. Apple objects to the Requests to the extent they seek documents for periods of time that are not relevant to any claim or defense.

17. Apple objects to any Request that seeks irrelevant documents about Apple's products or business operations. Such requests are overbroad and unduly burdensome. Apple will only produce documents that are relevant to the patents-in-suit or are otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

18. Apple objects to the Requests as overbroad, unduly burdensome, and not consistent with the Federal Rules of Civil Procedure and Evidence to the extent that they seek production of documents that are already in the possession, custody, or control of Samsung and/or its legal counsel, publicly available, unreasonably cumulative, duplicative of, already known, and/or equally available to Samsung and/or its legal counsel.

19. Apple objects to each and every Request to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK          4

Gibson, Dunn &
Crutcher LLP

20.     Apple objects to each and every Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise related to the claims or defenses asserted by the parties in this litigation. This includes information covered by confidentiality agreements between Apple and any third party. Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, only where such documents are relevant and as necessary.

21.     Apple objects to the Requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for documents that Apple no longer possesses and/or was under no obligation to maintain.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Fifth Set of Requests for Production as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 259:**

APPLE's iPhone buyer surveys generated between June 1, 2007 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 259:**

Apple objects to this Request as vague and ambiguous, including but not limited to the terms "generated," "buyer surveys," and "Apple's iPhone buyer surveys." Apple further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple also objects to this Request on the grounds and to the extent that it is duplicative of other Requests for Production propounded by Samsung on Apple.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce or has already produced final versions of its "iPhone Buyer Surveys" in its possession, custody, or control, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 260:**

All drafts of APPLE's iPhone buyer surveys generated between June 1, 2007 and present.

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK                    5

Gibson, Dunn &
Crutcher LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

Apple objects to this Request as vague and ambiguous, including but not limited to the terms "drafts," "generated," "buyer surveys," and "Apple's iPhone buyer surveys." Apple further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it seeks "[a]ll drafts." Apple also objects to this Request on the grounds and to the extent that it is duplicative of other Requests for Production propounded by Samsung on Apple.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce or has already produced final versions of its "iPhone Buyer Surveys" in its possession, custody, or control, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 261:**

All DOCUMENTS RELATED TO APPLE's iPhone buyer surveys generated between June 1, 2007 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 261:**

Apple objects to this Request as vague and ambiguous, including but not limited to the terms "drafts," "generated," "buyer surveys," and "Apple's iPhone buyer surveys." Apple further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent that it seeks "[a]ll documents related to Apple's iPhone buyer surveys generated between June 1, 2007 and present." Apple also objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise related to the claims or defenses asserted by the parties in this litigation. Apple also objects to this Request on the grounds and to the extent that it is duplicative of other Requests for Production propounded by Samsung on Apple. Apple further objects to this Request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business and/or user or customer personal information, and otherwise implicates privacy rights.

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK                                6

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce or has already produced final versions of its "iPhone Buyer Surveys" in its possession, custody, or control, to the extent such documents exist.

GIBSON, DUNN & CRUTCHER LLP

Dated: October 15, 2012        By: /s/ H. Mark Lyon
                                    H. Mark Lyon

*Attorneys for Plaintiff Apple Inc.*

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO.: 12-CV-00630-LHK                              7

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Counterclaim-Plaintiffs,<br>　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　Counterclaim-Defendant. | CASE NO. :12-cv-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

I, Angela L. Wilkins, hereby certify that on this 15th day of October, 2012, I did cause the following document to be served in the following manner:

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

On the interested parties in this action addressed as follows:

<u>**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**</u>

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

__X__   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 15, 2012 in Dallas, TX.

Dated:   October 15, 2012                                         *Angela L. Wilkins*

CASE NO. 12-CV-00630-LHK
CERTIFICATE OF SERVICE