# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

January 25, 2013

<u>VIA E-MAIL</u>

Michael A. Valek
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Dallas, TX 75201-6912

Re:   <u>Apple Inc. v. Samsung Elecs. Co, Ltd. et al., Case No. 12-cv-0630</u>

Dear Counsel:

I write in response to Apple's letter dated January 14, 2013, regarding Samsung's document production. Apple's letter fails to respond to the points raised in Samsung's letter dated December 4, 2012 on this same subject.

Specifically, in Samsung's December 4th letter, Samsung noted Apple's numerous deficiencies in responding to comparable Samsung Requests for Production seeking financial documents. As just one example, Samsung's Request for Production Nos. 101 and 197 seek financial documents similar to Apple's Request Nos. 314 and 315. Samsung pointed out that Apple has not produced any financial documents that relate to products at issue in this case that were not at issue in the 1846 action, including the iPhone 4S, iPhone 5, iPod Touch (5th Generation), iPad Mini, iPad 3, iPad 4, iMac, MacBook Air, MacBook Pro, Mac Mini, Mac Pro, Apple TV, and PCs with iTunes. Apple does not dispute this fact. Instead, Apple again demands these same types of documents from Samsung and requests that Samsung "provide Apple with a date certain for the same." Please explain why, in Apple's view, Samsung must produce financial documents related to the accused Samsung products by a date certain while Apple is excused from doing the same.

Apple's letter also sets forth a list of documents delineated as items 1(a) through 1(n), which,

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

according to Apple, Samsung is obligated to produce but has not.  Yet, for many of these categories of documents, Apple first propounded a request for them on January 8, 2013 – less than one week before Apple sent its letter.  *Compare* Request No. 436 (seeking "pumi reports" and "price pumi reports") *with* Apple's January 14th letter, sub-section 1(a) (seeking same documents); *compare* Request No. 425 (seeking "balance sheets" "profit and loss statements" and "income statements") *with* Apple's January 14th letter, sub-sections 1(b)-(c) (seeking same documents); *compare* Request No. 426 (seeking "flux" or "flux analysis" documents) *with* Apple's January 14th letter, sub-section 1(d) (seeking same documents); *compare* Request No. 438 (seeking "weekly sales reports") *with* Apple's January 14th letter, sub-section 1(e) (seeking same documents); *compare* Request No. 428 (seeking "monthly close" or "closing" reports) *with* Apple's January 14th letter, sub-section 1(n) (seeking same documents).  Samsung's objections and responses to these Requests are due on February 7, 2013.  Therefore, Apple's complaints regarding these Requests are premature.

Further, for the remaining categories of documents – sub-categories 1(f) through 1(m) – Apple fails to tether the documents it seeks to any of its Requests for Production.  If Apple continues to contend that it is entitled to the documents set forth in these sub-categories, then please specify the Apple Request that, in Apple's view, properly seeks these documents.

Nor does Apple articulate the relevance of these document demands, other than its blanket contention that they are "relevant to … damages contentions."  In Samsung's December 4th letter, Samsung pointed out that it "disputes the relevance of at least some of the financial information that Apple seeks in this case."  Samsung explained that in the 1846 action, Apple sought disgorgement of Samsung's profits for design patent and trade dress infringement, and Apple specifically emphasized the availability of disgorgement to justify the scope and relevance of its requests for detailed profit and cost data.[1]  Disgorgement, however, is not an available remedy where, as here, only utility patents are at issue.  *See, e.g., Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 506 (1964).  Given that disgorgement is unavailable in this case, Apple still refuses to explain why detailed financial information relating to profits and costs are relevant to Apple's purported damages for utility patent infringement.  Nor has Apple explained why the substantial scope of production to which Samsung has agreed is insufficient for any legitimate purpose that Apple may have in this case.

Apple further contends that Samsung has "not produced reports or other documents" that are responsive to Apple's Request No. 316, which seeks documents related to "goods or services designed to work with any Samsung Accused Product."  Apple, however, has refused to produce documents in response to Samsung's similar Request for Production No. 202.  Additionally, Samsung previously requested that Apple clarify the meaning of "services designed to work with any Samsung Accused Product."  Apple declines to do so.  Accordingly, Samsung again requests that Apple explain why Samsung should produce these types of documents while Apple is excused from doing so, and clarify the ambiguous term noted above.

---

[1]  *See, e.g.,* Dkt. No. 613 at 19; Dkt. No. 759-4h at 154 ("We are entitled, for design patent infringement, to Samsung's profits . . . We have to create a damages model that creates an appropriately allocated modeling of Samsung's profits.").

Apple also contends that Samsung has not produced documents in response to Apple's Request No. 311, which seeks documents "sufficient to show, by month, the amount spent by Samsung for advertising, marketing, and promotion of each of the Accused Samsung Products …."  Apple, however, has objected and refused to produce comparable documents in response to Samsung's Request No. 195.

Further, Apple seems to contend that Samsung is obligated to produce documents "sufficient to show its month-by-month costs for …manufacturing and distribution costs" for the accused Samsung products in response to Apple's Request Nos. 242, 303 and 313.  Apple, however, mischaracterizes Samsung's agreement to produce in response to these three Requests.  Samsung agreed to produce documents "sufficient to show costs and expenses associated with developing or designing the Accused Samsung Products as kept in the ordinary course of business …."  Samsung's collection and production efforts for these documents are ongoing.

Apple also contends that Samsung has not produced documents in response to Request No. 310, which seek documents "concerning Samsung's business case for the Accused Features."  Yet, Samsung objected to this Request and did not agree to produce any such documents.  It would further serve the parties' meet and confer efforts if Apple addressed the merits of Samsung's objections.  With respect to Apple's Request Nos. 295-296, Samsung continues to search for documents responsive to these Requests.

Lastly, and given Apple's refusal to produce the same types of documents that it continues to demand from Samsung, Samsung proposes that the parties select a mutually agreeable date upon which the parties will produce the financial information that each demands from the other, as well as an agreement upon the scope of that production.  Please let us know if Apple is agreeable to discussing the details of such an exchange.

Very truly yours,

Michael L. Fazio