# EXHIBIT 16

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendant.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Counter-Claimant,<br><br>  v.<br><br>APPLE INC., a California corporation,<br><br>  Counter-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION (NOS. 552–556) TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, (collectively, "Samsung" or "Defendants") respond to Apple's Thirteenth Set of Requests for Production. Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1. "Samsung," "you" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.

4. "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604

5. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting,

comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

6. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

7. "Jelly Bean" means version 4.1 of the Android operating system.

8. "Ice Cream Sandwich" means version 4.0 of the Android operating system.

9. "Honey Comb" means version 3 of the Android operating system.

10. "Gingerbread" means version 2.3 of the Android operating system.

11. "FroYo" means version 2.2 of the Android operating system.

12. "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents-in-Suit, including each function identified in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

13. "Samsung Practicing Devices" shall mean any product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit, including, but not limited to, "Products Practicing the Claimed Inventions" under Patent Local Rule Patent L.R. 3-1(g) identified by Samsung in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto. "Samsung Practicing Devices" shall also mean any product sold or offered for sale at any time by Samsung that Samsung does not contend practices any of the Samsung Patents-in-Suit but for which Samsung claims lost profits caused by Apple's alleged infringement of the Samsung Patents-in-Suit.

14. "Samsung Patents-In-Suit" shall mean United States Patent Nos. 7,756,087; 7,551,596; 7,672,470; 7,577,757; 7,232,058; 6,282,179; 6,226,449; and 5,579,239, individually and collectively.

15. "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files

for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code. Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary

16. "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-LHK (PSG) in the Northern District of California, as well as their officers, directors, employees, agents and attorneys.

17. "Competitive Products" means any and all products sold by a person or entity other than Samsung that compete or competed with the Accused Samsung Products.

18. "Person" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

19. "U.S. cellular carrier" means any company selling cellular phone services in the United States.

20. "Document" has the broadest possible meaning permitted by federal rules of civil procedure rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in rule 1001 of the federal rules of evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

21. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

22. The use of the singular form of any word includes the plural and vice versa.

23. The singular is to be construed as including the plural and vice versa. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning

possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

## INSTRUCTIONS

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All documents should be produced as maintained in the ordinary course of business.

3. Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 552:**

All Quarterly ▮▮▮▮ (similar in form or substance to SAMNDCA00380801) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 553:**

All ▮▮▮▮ for any U.S. cellular carrier (similar in form or substance to S-ITC-003860428; S-ITC-500105690-KHL; or S-ITC-005220907) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 554:**

All ▮▮▮▮ (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 555:**

All ▮▮▮▮ for any U.S. cellular carrier (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

1  **REQUEST NO. 556:**

2       All █████████ for any U.S. cellular carrier (similar in form or substance to S-ITC-

3  600000226) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

4

5  Dated: Feburary 22, 2013

                                      GIBSON, DUNN & CRUTCHER LLP

6

7

                           By: */s/Mark Lyon*

8                                  **Attorneys for Apple Inc.**

<u>CERTIFICATE OF SERVICE</u>

I, Heather Fischer, hereby certify that on this 22nd day of February, 2013, I did cause APPLE INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS to be served on the parties identified below and in the manner so indicated.

<u>**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**</u>

William C. Price
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Amar Tharkur
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
amarthakur@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

<u>X</u>   **BY ELECTRONIC MAIL TRANSMISSION** from hfischer@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:   February 22, 2013                   */s/ Heather Fischer*
                                                              Heather Fischer