1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff, | ORDER GRANTING NON-PARTY GOOGLE INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Before the Court is Non-Party Google's motion to seal Exhibit 1 to the Declaration of Scott Leslie ("Leslie Exhibit 1"). *See* ECF No. 239 ("Motion to Seal") (seeking to seal ECF No. 175, Attach. 6). Google asserts that compelling reasons justify granting its motion to seal. The Court agrees.

On May 14, 2012, Apple Inc. ("Apple") filed an administrative motion to file documents under seal, which sought to protect information designated as confidential by Google, including Leslie Exhibit 1. *See* ECF No. 175, Attach. 6. On May 21, 2012, pursuant to Civil Local Rule 79-5(d), Google submitted a declaration explaining the confidentiality of the documents referenced in

**United States District Court**
For the Northern District of California

1  Apple's motion.  ECF No. 188.  On July 18, 2012, the Court denied without prejudice all pending

2  administrative motions to file documents under seal, including Apple's motion, ruling that "this

3  case merits imposition of the heightened 'compelling reasons' standard that governs the sealing of

4  documents attached to dispositive motions or submitted in trial."  ECF No. 238 at 4-5.  The Court

5  invited the parties to file renewed motions to seal by July 25, 2012.  *Id*. at 5.  Google then filed this

6  motion renewing its request to seal Leslie Exhibit 1.

7      Historically, courts have recognized a "general right to inspect and copy public records and

8  documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

9  589, 597 & n.7 (1978).  Unless a particular court record is one traditionally kept secret, a "strong

10  presumption in favor of access" is the starting point.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331

11  F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to seal a judicial record then bears the burden of

12  overcoming this strong presumption by meeting the "compelling reasons" standard.  *Id*.  That is,

13  the party must "articulate[ ] compelling reasons supported by specific factual findings," *id*. (citing

14  *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that

15  outweigh the general history of access and the public policies favoring disclosure, such as the

16  "public interest in understanding the judicial process."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434

17  (9th Cir. 1995) (internal quotation marks and citation omitted).

18      The Ninth Circuit has explained that the "strong presumption of access to judicial records

19  applies fully to dispositive pleadings, including motions for summary judgment and related

20  attachments" because "the resolution of a dispute on the merits, whether by trial or summary

21  judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial

22  process and of significant public events."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d

23  1172, 1177 (9th Cir. 2006).  The Ninth Circuit has also carved out an exception to the strong

24  presumption of openness for pre-trial, non-dispositive motions.  The Ninth Circuit applies a "good

25  cause" showing to keep sealed records attached to non-dispositive motions.  *Id.* at 1180.  Thus the

26  Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated]

27  differently from records attached to non-dispositive motions.  Those who seek to maintain the

28

Case No.: 12-CV-00630-LHK
ORDER GRANTING NON-PARTY GOOGLE INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL

United States District Court
For the Northern District of California

1    secrecy of documents attached to dispositive motions must meet the high threshold of showing that

2    'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages

3    of litigation.  *Id.*

4         In this case, the Court found that the "compelling reasons" standard applied in light of the

5    late stage of the proceedings in the related case involving the same parties, *Apple v. Samsung*, Case

6    No. 11-CV-01846-LHK ("the 1846 case"), and "the presumption of openness" applied to all

7    documents rendering "only documents of exceptionally sensitive information that truly deserve

8    protection will be allowed to be redacted or kept from the public."  ECF No. 238 at 4.  In addition,

9    the Court noted that, "[a]lthough the instant action has not yet progressed to the same stage of

10   litigation as the 1846 case, . . . the related nature of the two actions, the overlapping discovery in

11   both cases, and the exceptional degree of public interest in these two matters counsel in favor of

12   coordinating sealing practices across both cases."  *Id.*  "Moreover, although Apple's motion for

13   preliminary injunction and Samsung's motion to stay are non-dispositive, they cannot fairly be

14   characterized as 'unrelated, or only tangentially related, to the underlying cause of action.'"  *Id.*

15   (citing *Kamakana*, 447 F.3d at 1179).  To the contrary, the Court concluded that "these motions

16   implicate the very core of Apple's claims and Apple's desired relief in bringing suit against

17   Samsung."  *Id.*  Apple's motion for preliminary injunction is akin to a mini-trial, and its request

18   that the sale of Samsung's products be enjoined is a matter of enormous public interest.  Thus,

19   applying the "compelling reasons" standard is appropriate.

20        Google contends that compelling reasons justify sealing all of Leslie Exhibit 1.  Leslie

21   Exhibit 1 is "a ten-page internal Google document that discusses proprietary functionality, reveals

22   internal business strategy and planning, and discloses discussions regarding potential future

23   products, all of which reveal information that is highly confidential and proprietary to Google."

24   ECF No. 239 at 2.  Specifically, Google states that this Exhibit "is a wide-ranging internal

25   discussion that discloses Google's internal plans, discussion, debates and consideration of various

26   products and alternatives."  *Id.*  Google also notes that, aside from a single line referenced by

27

28

Case No.: 12-CV-00630-LHK
ORDER GRANTING NON-PARTY GOOGLE INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL

1   Apple in its Reply Memorandum, "neither Apple nor Samsung asked the Court to consider any

2   portion of Leslie Exhibit 1." *Id.*

3          Based upon its review of Leslie Exhibit 1, the Court finds that Google has set forth

4   compelling reasons to justify sealing Leslie Exhibit 1.  Thus, Google's motion to seal is

5   GRANTED.

6   **IT IS SO ORDERED.**

7

8   Dated: March 19, 2013

9                                                          LUCY H. KOH
                                                           United States District Judge

10

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 12-CV-00630-LHK
ORDER GRANTING NON-PARTY GOOGLE INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL