QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 12-CV-00630-LHK (PSG) <br><br> **SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO PRICING OF APPLE PRODUCTS** <br><br> Date: Tuesday, April 23, 2013 <br> Time: 10:00 a.m. <br> Courtroom: 5, 4th Floor <br> Honorable Paul S. Grewal |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, April 23, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple Inc. ("Apple") to produce documents relating to the pricing of Apple products accused of infringing Samsung's patents.

This motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities; the Declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

# RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce, no later than May 1, 2013, all documents relating to the pricing of Apple products accused of infringing Samsung's patents-in-suit.

# STATEMENT OF ISSUES TO BE DECIDED

Whether Apple should produce all documents relating to the pricing of the Apple products accused of infringing Samsung's patents-in-suit.

# SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's Request No. 199 to Apple is set forth in full below along with Apple's response and objections:

**REQUEST FOR PRODUCTION NO. 199:**

All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Apple objects to the phrase "relating to" and "the pricing" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to infringe.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the price of accused products sold in the U.S. during the relevant time period.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action. Samsung's efforts to resolve this discovery dispute without court intervention are described in paragraphs 4-14 of the Declaration of Amar L. Thakur, submitted herewith.

DATED: March 19, 2013               QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                    By */s/ Victoria F. Maroulis*
                                       Victoria F. Maroulis
                                       Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

## INTRODUCTION

Only four months from the close of fact discovery, with expert deadlines following close at hand, Apple is refusing to provide the *basic discovery* that is indisputably relevant to this case. In its Third Set of Requests for Production, served on July 31, 2012, Samsung requested that Apple produce all documents relating to the pricing of the Apple Accused Products (which include those products Apple claims practice their own patents in suit).    Samsung has explained that such documents are relevant to damage and causation issues.    Nonetheless, Apple refuses to produce anything other than documents "sufficient to show the price of accused products sold in the U.S. during the relevant time period," which are just price lists.    Apple contends that it does "not see the relevance" of documents that show the elements that go into its pricing.

Samsung's Request seeks more than mere price lists.    What Samsung requested is information relating to how Apple *determines* its pricing for the Apple Accused Products.    This information is relevant to Samsung's ability to defend against Apple's claimed damages and to prove its own damages under both lost profits and reasonable royalty theories.    Apple's refusal to produce these documents is unjustified and it should be ordered to produce pricing information.

## BACKGROUND

<u>Samsung's Requests and Apple's Response</u>.    On July 31, 2012, Samsung served its Third Set of Requests for Production (the "Requests").    (Thakur Decl., Ex. A.)    Request No. 199 ("RFP No. 199") seeks "[a]ll DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS."    (*Id.*)    The term "Apple Accused Products" was defined to mean "all iPhones, iPads, iPod Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of Samsung's complaints or infringement contentions served in this action as infringing any claim of any Samsung Patent."    (*Id.*)    As a practical matter, the term "Apple Accused Products" covers all of the Apple products at issue in Apple's complaints or infringement contentions served in this action.

Apple served its Objections and Responses to Samsung's Third Set of Requests for Production (the "Responses") on September 10, 2012.    (Thakur Decl., Ex. B.)    Apple objected

to RFP No. 199 on the grounds that it is purportedly vague and ambiguous, overly broad and unduly burdensome, and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  In response, Apple stated that it would only produce documents "sufficient to show the price of accused products sold in the U.S. during the relevant time period."  (*Id.*)

<u>Meet and Confer Correspondence</u>.  Samsung immediately raised the deficiency of Apple's response.[1]  In its initial meet and confer letter, Samsung pointed out that documents relating to Apple's decision to set the ultimate price of its Accused Products are relevant to the overall valuation of the product and, therefore, Samsung's damage claims.  (Thakur Decl., Ex. C.)  Apple's response, on October 9, 2012, stated: "Apple does not see the relevance regarding documents showing the pricing process of these products."  (Thakur Decl., Ex. D.)  Samsung wrote again on October 22, 2012, requesting that Apple rethink its position, as documents relating to Apple's pricing decisions are relevant to Samsung's damage claims.  (Thakur Decl., Ex. E.)

One month later, Apple had not responded to Samsung's October 22nd letter.  On November 21, 2012, Samsung included RFP No. 199 in a list of issues to be discussed at an upcoming in-person meet and confer, scheduled to take place on November 27, 2012.  (Thakur Decl., Ex. F.)  The parties did not reach issues related to Samsung's Third Set of Requests for Production at the meet and confer and so they tabled the discussion of those issues for another time.  (Thakur Decl., ¶ 8.)

As of February 2013—almost four months later—Apple still had not responded to Samsung's October letter.  Consequently, Samsung wrote a follow-up letter.  (Thakur Decl., Ex. G.)  Two days later, Samsung again included RFP No. 199 on a list of issues to discuss at an upcoming lead trial counsel meet and confer scheduled for February 15-16.  (Thakur Decl., Ex. H.)

---

[1] Although Samsung has issues with several of Apple's responses to other requests for production in Samsung's Third Set, however this motion deals only with RFP No. 199.

1  <u>The Meet and Confer</u>.   Samsung and Apple met for a 2-day in-person, lead trial counsel
2  meet and confer on February 15-16, 2013.   At that meeting, the parties discussed RFP No. 199 in
3  conjunction with Apple's position as to its own requests for pricing information.[2]   Samsung
4  stated that it had produced "Pumi" reports for the accused products in the 1846 litigation.   The
5  Samsung "Pumi" reports produced in the 1846 litigation are internal reports prepared by SEC that
6  include a forecast of profitability at a handset level.   The Pumi reports contained information
7  about how Samsung arrived at the final price of its products.   Samsung told Apple that it was
8  willing to produce Pumi reports containing pricing information relevant to this litigation as well.
9  Apple agreed that it would let Samsung know whether it would agree to produce comparable
10 pricing information.   (Thakur Decl., ¶ 11 and Ex. I.)

11 <u>Follow-Up Correspondence</u>.   On March 8, 2013, Apple again refused to produce
12 information relating to the pricing of its Accused Products, suggesting instead that both sides
13 withdraw their requests for such information.   (Thakur Decl., Ex. J.)   This did not mean,
14 however, that Apple was agreeing Samsung could withdraw production of its Pumi reports.
15 Instead, Apple suggested that Samsung go through its Pumi reports and, to the extent the reports
16 discuss Samsung's strategy for pricing its products, "Samsung could redact such information."
17 *Id*.

18 On March 12, 2013, Samsung informed Apple that it did not agree to Apple's proposal of a
19 mutual withdrawal of Samsung RFP No. 199 and Apple RFP No. 232, for all the reasons
20 previously stated in the correspondence, and requested once more that Apple confirm it would
21 produce all documents responsive to Samsung RFP No. 199.   (Thakur Decl., Ex. K.)   Apple has
22 not done so.   The parties are thus at an impasse.

---

[2]   Apple's own RFP No. 232 sought "Documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning price lists, pricing worksheets, marketing/pricing memoranda, sales correspondence, or price quotations."   (Thakur Decl., ¶ 13 (re Apple's Third Set of Requests for Production to Samsung).

# ARGUMENT

## I. APPLE SHOULD BE ORDERED TO PRODUCE ITS PRICING INFORMATION

Samsung's RFP No. 199 was served over seven months ago and seeks basic information regarding the pricing of Apple's Accused Products. Such documents would encompass: (1) internal analysis by Apple of how it determines pricing for its products; (2) price elasticity/price sensitivity studies relating to the accused products; (3) documents discussing any price premiums for products that incorporate the patented features; and (4) discussions of pricing with wireless carriers, who heavily subsidize Apple's products.

### A. Rebutting Apple's Damage Claims.

Apple's pricing documents are relevant to Samsung's defense against Apple's damages claims. Internal discussions of the prices set by Apple, including comparisons with competitor pricing, may demonstrate the value Apple has concluded the alleged Apple patented technology adds to the overall value of the Apple Products (if any). This "incremental value" of the patented technologies is relevant to rebutting Apple's claim that lost profits were "caused" by Samsung's alleged infringement. *See BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed. Cir. 1993) (to recover lost profits, the claimant must demonstrate "a causal relation between the infringement and its lost profits.")

Apple pricing information is also relevant to show the price disparity between the Apple products at issue and the Samsung accused products, consumer sensitivity to price, and price elasticity—all important information to show that, even but for the alleged infringement, Samsung purchasers would not have purchased an iPhone or iPad. *See Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1355-56 (Fed. Cir. 2001) (requiring consideration of consumer reaction to products' "different prices"); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F. Supp. 2d 1143, 1155-56 (N.D. Cal. 2007); c*f. BIC Leisure Prods*., 1 F.3d at 1218-19.

Apple pricing information is likewise relevant to rebutting any price erosion claim by Apple by showing, for example, that the reasons for Apple's pricing decisions are unrelated to the

Samsung accused products, and that any reduction in price is tied to events like product life cycle and introduction of newer models. *See Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1378 (Fed. Cir. 2003) ("To recover lost profits on a theory of price erosion, a patentee must show that 'but for' the infringement, it would have sold its product at a higher price.").

Apple's pricing documents are further relevant to application of the Entire Market Value Rule, which requires that the party seeking to recover damages based on the entire market value of the accused product prove that the patented feature drives consumer demand for the entire product. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).

Pricing documents are of obvious relevance to a *Georgia-Pacific* analysis to determine, or rebut, the amount of a reasonable royalty claimed by Apple. Pricing information bears directly on factors 9 (the advantages of the patented technology), 10 (the benefits of the patented technology to the user), 11 (Apple's use of the invention and value of that use), and 13 (the portion of profit to be credited to the patented invention). *See Georgia-Pacific Corp. v. United States Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *mod. and aff'd,* 446 F.2d 295 (2d Cir. 1971), *cert. denied,* 404 U.S. 870 (1971).

### B. Proving Samsung's Damage Claims.

Apple's pricing documents are also relevant to *Samsung's* damages claims. Again, this information would be relevant to a *Georgia-Pacific* analysis on Samsung's own claim for reasonable royalty, under the same factors cited above. *See Georgia-Pacific,* 318 F. Supp. at 1120. *See also Biax Corp. v. Nvidia Corp.*, 200 F.R.D. 200, 212-213 (2010) (ordering production of documents related to "pricing strategies," "pricing and profit margins," "factors in determining prices," "projected and actual profit margins," "analysis of market conditions and pricing," and "analysis of competition and pricing" as relevant to *Georgia-Pacific* factors, overruling defendant's objection that only "actual price" is relevant to profitability).

Another possible reasonable royalty approach would require an analysis of Apple's pricing documents. Under the "analytical approach" defined in *TWM Manufacturing Co. v. Dura Corp.,* 789 F. 2d 895, 899 (Fed. Cir. 1986), *cert. denied,* 479 U.S. 852 (1986) (approving special master's so-called "analytical approach," in which she subtracted the infringer's usual or acceptable net

02198.51981/5223570.1
-5-
MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO PRICING OF APPLE PRODUCTS

profit from its anticipated net profit realized from sales of infringing devices), pricing information, including documents discussing price premiums/pricing strategy and the value assigned to specific features, is relevant to show that any excess profits are attributable to the Samsung patented features, and that those features drive consumer demand.

Apple's pricing information is equally relevant to Samsung's lost profits claim. All of the reasons why Apple pricing information is relevant to identifying any incremental value of the patented Apple features in the Apple products at issue applies equally to identifying the incremental value of the *Samsung* patented features in the Apple products, as discussed *supra*.

Other than objecting on relevance grounds, Apple has provided no justification for its refusal to produce. Given the plain relevance of pricing information to the damages issues, Apple should be ordered to produce documents responsive to RFP No. 199.

## II.     APPLE'S OTHER BOILERPLATE OBJECTIONS ARE MERITLESS

Apple has asserted a number of other boilerplate objections to RFP No. 199, but did not press them during the meet and confer process. None has any merit.

RFP No. 199 seeks "All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS." Apple objects that the terms "relating to" and "the pricing" are vague and ambiguous and that the request does not "describe with reasonable particularity the documents sought"; however, Apple never professed an inability to understand either the terms or the category of documents sought in any correspondence or during the in-person meet and confer.

Apple also objects that production of the requested documents would be burdensome, yet it has never explained why this would be so. In fact, at no point in the meet and confer process did Apple provide any facts supporting this purported burden.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court GRANT Samsung's Motion to Compel and order Apple produce documents relating to the pricing of Apple products accused of infringing Samsung's patents-in-suit, including documents containing information regarding the process by which Apple arrives at the final price of such products, by no later than May 1, 2013.

1  DATED: March 19, 2013            QUINN EMANUEL URQUHART &
2                                   SULLIVAN, LLP

3                                   By /s/ Victoria F. Maroulis
                                       Victoria F. Maroulis
4                                      Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
5                                      INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28