1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

15

16                    UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 18  APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
| 19          Plaintiff, | **DECLARATION OF AMAR L. THAKUR IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO PRICING OF APPLE PRODUCTS** |
| 20          vs. | |
| 21  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 24          Defendants. | |

26
27
28

I, Amar L. Thakur, declare as follows:

1. I am a member of the bar of the State of California and a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Motion to Compel Production of Documents Relating to Pricing of Apple Products.  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. A true and correct copy of Samsung's Third Set of Requests for Production of Documents and Things, dated July 31, 2012, is attached hereto as **Exhibit A**.

3. A true and correct copy of Apple Inc.'s Objections and Responses to Samsung's Third Set of Requests for Production, dated September 10, 2012, is attached hereto as **Exhibit B**.

4. Samsung initiated the meet and confer process with respect to Samsung's Third Set of Requests, and, in particular to this motion, Request No. 199, by a letter dated September 21, 2012.  A true and correct copy of that letter from Michael Fazio of Quinn Emanuel to H. Mark Lyon at Gibson Dunn & Crutcher, LLP, is attached hereto as **Exhibit C**.

5. A true and correct copy of a letter from Michael Silhasek of Wilmer Hale to Michael Fazio, dated October 9, 2012, is attached hereto as **Exhibit D**.

6. A true and correct copy of a letter from me to Mr. Lyon, dated October 22, 2012, is attached hereto as **Exhibit E**.

7. A true and correct copy of a letter from Michael Fazio to Josh Krevitt and Jennifer Rho of Gibson Dunn, dated November 21, 2013, is attached hereto as **Exhibit F**.

8. It is my understanding that an in-person meet and confer regarding discovery issues between the parties was held on November 27, 2012, at Quinn Emanuel's offices in Los Angeles. Although issues related to Apple's responses to Samsung's Third Set of Requests were on the agenda for that meet and confer, the parties did not reach those issues at the meet and confer and so they tabled the discussion for another time.

9. A true and correct copy of a letter from Michael Fazio to Mssrs. Silhasek and Lyon, dated February 12, 2013, is attached hereto as **Exhibit G**.

10. A true and correct copy of a letter from me to Brian Buroker of Gibson Dunn and Peter Kolovos of Wilmer Hale, dated February 14, 2013, is attached hereto as **Exhibit H**.

11. On February 15-16, 2013, Samsung and Apple met for a 2-day in-person meet and confer at Quinn Emanuel's offices in Los Angeles. I was present for this meeting. At that meeting, the parties discussed RFP 199 in conjunction with Apple's position as to its own requests for pricing information. At the meeting, Samsung stated that it had produced "Pumi" reports for the accused products in the 1846 litigation, and that those Pumi reports contained information regarding how Samsung arrived at the final price of its products. Samsung told Apple that it was willing to produce Pumi reports containing pricing information relevant to this litigation as well. Apple agreed that it would let Samsung know whether it would agree to produce comparable information.

12. A true and correct copy a letter from me to Mr. Krevitt, dated February 22, 2013, is attached hereto as **Exhibit I**.

13. Apple's Third Set of Requests for Production to Samsung, Request No. 232, sought "Documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation, documents concerning price lists, pricing worksheets, marketing/ pricing memoranda, sales correspondence, or price quotations."

14. A true and correct copy a letter from Michael Valek of Gibson Dunn to Mr. Fazio, dated March 8, 2013, is attached hereto as **Exhibit J**.

15. A true and correct copy a letter from Mr. Fazio to Mr. Krevitt, dated March 12, 2013, is attached hereto as **Exhibit K**.

//

//

1   I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct.

4   Executed on March 19, 2013, at Los Angeles, California.

_____
Amar L. Thakur