# EXHIBIT A

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

           Plaintiff,

      vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

           Defendants.

CASE NO. 12-CV-00630-LHK

**SAMSUNG'S THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
AND THINGS**

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung

2    Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics

3    America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for

4    inspection and copying the documents and things set forth below at the offices of Quinn Emanuel

5    Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017,

6    within 30 days.

7                                     **DEFINITIONS**

8    1.    The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,

9    Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,

10   subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,

11   consultant, staff member, or other representative of Apple, Inc., including counsel and patent

12   agents, in any country.

13   2.    The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co.,

14   Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

15   3.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

16   ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This

17   includes copies which differ from the original in any way, including handwritten notations or other

18   written or printed matter.   It also includes information stored electronically, whether in a

19   computer database or otherwise, regardless of whether such documents are presently also in non-

20   electronic form.

21   4.    "COMMUNICATION," in the plural as well as the singular, means any transmittal

22   and/or receipt of information, whether such was oral or written, and whether such was by chance,

23   prearranged, formal or informal, and specifically includes, but is not limited to, conversations in

24   person, telephone conversations, electronic mail (including instant messages and text messages),

25   voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and

26   video and audio transmissions.

27   5.    The term "RELATING TO " or "RELATED TO" shall mean regarding, referring

28   to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving,

---

1  describing, discussing, commenting on, embodying, responding to, supporting, contradicting,

2  containing, or constituting (in whole or in part).

3       6.     The term "APPLE PATENTS" shall mean U.S. Patent Nos. 5,666,502, 5,946,647,

4  6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, 8,086,604, and all parents, progeny,

5  continuations, applications, divisional applications, reexaminations, or reissues thereof and all

6  foreign counterpart applications and patents.

7       7.     "APPLE PATENTS PRIOR ART" shall mean any reference, publication, patent,

8  physical specimen, use, invention by another, sale, offer for sale, or other activities that are

9  relevant to the validity of the APPLE PATENTS including anything that is relevant to the

10  patentability of any patent claim under 35 U.S.C. §§ 102 and 103.   Prior Art is not limited to

11  references or other activities cited to the United States Patent and Trademark Office during

12  prosecution of any patent.

13       8.     "APPLE'S EXPERTS" shall mean Christopher Vellturo, Todd Mowry, Nathaniel

14  Polish, Ravin Balakrishnan, Karan Singh, and any other expert witnesses retained for purposes of

15  this case by APPLE.

16       9.     "This Lawsuit" shall mean the action captioned, *Apple, Inc. v. Samsung Electronics*

17  *Co., Ltd.*, Case No. 12-CV-00630-LHK (N.D. Cal.).

18       10.     "IDC" shall mean International Data Corporation.

19       11.     "GARTNER" shall mean Gartner, Inc.

20       12.     "APPLE PATENTED FEATURES" shall refer to the alleged inventions claimed

21  by the APPLE PATENTS and their commercial embodiments.

22       13.     "PLATFORM STICKINESS" shall mean the theory that a consumer's first

23  purchase of a smartphone exerts substantial influence over subsequent purchases, locking in a

24  preference for the first-chosen platform long into the future as alleged in APPLE's motion for a

25  preliminary injunction.

26       14.     "WAIS" shall mean the Wide Area Information Servers system developed by

27  APPLE, Thinking Machines Corporation, and others.

28

15.     The term "'087 PATENT" shall mean U.S. Patent No. 7,756,087 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

16.     The term "'596 PATENT" shall mean U.S. Patent No. 7,551,596 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

17.     The term "'470 PATENT" shall mean U.S. Patent No. 7,672,470 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

18.     The term "'757 PATENT" shall mean U.S. Patent No. 7,577,757 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

19.     The term "'058 PATENT" shall mean U.S. Patent No. 7,232,058 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

20.     The term "'179 PATENT" shall mean U.S. Patent No. 6,292,179 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

21.     The term "'449 PATENT" shall mean U.S. Patent No. 6,226,449 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

22.     The term "'239 PATENT" shall mean U.S. Patent No. 5,579,239 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claim the same subject matter.

23.     The term "SAMSUNG PATENTS" shall mean the '087 PATENT, '596 PATENT, '470 PATENT, '757 PATENT, '058 PATENT, '179 PATENT, '449 PATENT, '239 PATENT, and all parents, progeny, continuations, applications, divisional applications, reexaminations, or

1   reissues thereof and all foreign counterpart applications and patents which claim the same subject

2   matter.

3         24.     "SAMSUNG PATENTS PRIOR ART" shall mean any reference, publication,

4   patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that

5   APPLE contends or may contend are relevant to the validity of the SAMSUNG PATENTS,

6   including anything that is relevant to the patentability of any patent claim under 35 U.S.C. §§ 102

7   and 103.   Prior Art is not limited to references or other activities cited to the United States Patent

8   and Trademark Office during prosecution of any patent

9         25.     The term "'087 PATENT ACCUSED PRODUCTS" shall mean the iPhone 4,

10   iPhone 4S, iPad 2, New iPad, and any other products identified in any of SAMSUNG's complaints

11   or infringement contentions served in this action as infringing any claim of the '087 PATENT.

12         26.     The term "'596 PATENT ACCUSED PRODUCTS" shall mean the iPhone 4,

13   iPhone 4S, iPad 2, New iPad, and any other products identified in any of SAMSUNG's complaints

14   or infringement contentions served in this action as infringing any claim of the '596 PATENT.

15         27.     The term "'470 PATENT ACCUSED PRODUCTS" shall mean all iPhones, all

16   iPads, all iPod Touches, all Apple computers, and any other products identified in any of

17   SAMSUNG's complaints or infringement contentions served in this action as infringing any claim

18   of the '470 PATENT.

19         28.     The term "'757 PATENT ACCUSED PRODUCTS" shall mean all iPhones, all

20   iPads, all iPod Touches, all Apple computers, Apple TV, iCloud, iTunes, and any other products

21   identified in any of SAMSUNG's complaints or infringement contentions served in this action as

22   infringing any claim of the '757 PATENT.

23         29.     The term "'058 PATENT ACCUSED PRODUCTS" shall mean all iPads and any

24   other products identified in any of SAMSUNG's complaints or infringement contentions served in

25   this action as infringing any claim of the '058 PATENT.

26         30.     The term "'179 PATENT ACCUSED PRODUCTS" shall mean all iPhones, all

27   iPads, all iPod Touches and any other products identified in any of SAMSUNG's complaints or

28   infringement contentions served in this action as infringing any claim of the '179 PATENT.

31.     The term "'449 PATENT ACCUSED PRODUCTS" shall mean all iPhones, all iPads, all iPod Touches, all Apple computers, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of the '449 PATENT.

32.     The term "'239 PATENT ACCUSED PRODUCTS" shall mean all iPhones, all 3G iPads with cameras, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of the '239 PATENT.

33.     The term "APPLE ACCUSED PRODUCTS" shall mean all iPhones, iPads, iPod Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of any SAMSUNG PATENT.

34.     The term "3GPP" shall mean the organization known as the 3rd Generation Partnership Project which specifies, develops, and promulgates technical specifications for wireless networks.

35.     The term "UMTS" shall mean the Universal Mobile Telecommunications System as developed and promulgated by 3GPP.

36.     The term "WCDMA" shall mean Wideband Code Division Multiple Access, a member of the UMTS family of standards.

37.     The term "GSM" shall means the standard known as Global System for Mobile Communications.

38.     The term "Baseband Processor" shall mean a processor in a mobile telecommunications device that is mainly used to process communication functions.

39.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

40.     The word "each" includes the word "every," and the word "every" includes the word "each," as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

41.     The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

42.     The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

43.     The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

44.     The term "ETSI" shall mean the European Telecommunications Standards Institute.

45.     The term "ESSENTIAL" shall mean necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

## **INSTRUCTIONS**

1.     Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.     In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

4.     These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5.     To the extent these Requests for Production encompass documents or things produced in response to SAMSUNG's preliminary injunction discovery requests, such documents or things need not be produced again in response to these Requests for Production.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 130:**

All DOCUMENTS RELATING TO any of the SAMSUNG PATENTS, including DOCUMENTS RELATING TO any analyses of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 131:**

All DOCUMENTS RELATING TO when and how YOU first became aware of each of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 132:**

All DOCUMENTS RELATING TO whether YOU infringe the SAMSUNG PATENTS, including, without limitation, all DOCUMENTS RELATING TO any analysis, test, study, experimentation, or investigation conducted to determine whether any product designed, manufactured or sold by YOU infringes any of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 133:**

All DOCUMENTS RELATING TO any prior art search concerning the SAMSUNG PATENTS, including search requests, reports, analyses, and references located.

**REQUEST FOR PRODUCTION NO. 134:**

All English language patents or publications on which YOU intend to rely for any purpose in This Lawsuit including SAMSUNG PATENTS PRIOR ART.

**REQUEST FOR PRODUCTION NO. 135:**

Any foreign patents or publications, including all English translations thereof, on which YOU intend to rely for any purpose in This Lawsuit including SAMSUNG PATENTS PRIOR ART.

**REQUEST FOR PRODUCTION NO. 136:**

All DOCUMENTS RELATING TO devices, products, systems, apparatuses, or other instrumentalities that YOU contend are SAMSUNG PATENTS PRIOR ART.

**REQUEST FOR PRODUCTION NO. 137:**

Two fully functional exemplars of any devices, products, systems, apparatuses, or other instrumentalities that YOU contend are SAMSUNG PATENTS PRIOR ART.

**REQUEST FOR PRODUCTION NO. 138:**

All DOCUMENTS that demonstrate or evidence any alleged prior conception and/or reduction to practice of the subject matter claimed in the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS RELATING TO YOUR contention, if any, that the SAMSUNG PATENTS are invalid, including, without limitation, all DOCUMENTS RELATING TO any investigation or analysis thereof.

**REQUEST FOR PRODUCTION NO. 140:**

All DOCUMENTS that support any contention, if any, by YOU that one or more of the SAMSUNG PATENTS is unenforceable for any reason including, without limitation, laches, equitable estoppel, express or implied license, exhaustion, intervening rights, express or implied waiver, inequitable conduct, patent misuse, unclean hands, lack of standing and/or prosecution laches.

**REQUEST FOR PRODUCTION NO. 141:**

All DOCUMENTS RELATING TO (1) any written or oral opinions received or solicited by YOU RELATING TO the validity, enforceability, infringement, or scope of any claims of the SAMSUNG PATENTS and (2) the preparation of any such opinions, including, but not limited to, drafts, notes, and any DOCUMENTS relied on in the preparation of any such opinions.

**REQUEST FOR PRODUCTION NO. 142:**

All opinions of counsel RELATING TO any of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS RELATING TO any of YOUR policies, practices, or guidelines RELATING TO the patent rights of others, including the analysis of patents to ensure YOU do not infringe such patents.

**REQUEST FOR PRODUCTION NO. 144:**

All DOCUMENTS RELATING TO the scope, construction, meaning or interpretation of any term in any asserted claim of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 145:**

All DOCUMENTS RELATING TO any errors in the SAMSUNG PATENTS of which APPLE is aware.

**REQUEST FOR PRODUCTION NO. 146:**

All DOCUMENTS RELATING TO any COMMUNICATIONS with third parties RELATING TO the SAMSUNG patents.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS RELATING TO any of the named inventors of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 148:**

All COMMUNICATIONS with any third parties RELATING TO any of the named inventors of the SAMSUNG PATENT.

**REQUEST FOR PRODUCTION NO. 149:**

All COMMUNICATIONS with or RELATED TO ReQuest, Inc.

**REQUEST FOR PRODUCTION NO. 150:**

All DOCUMENTS RELATED TO any products made or sold by or on behalf of ReQuest, Inc.

**REQUEST FOR PRODUCTION NO. 151:**

All COMMUNICATIONS with any third parties RELATED TO any products made or sold by or on behalf of ReQuest, Inc.

**REQUEST FOR PRODUCTION NO. 152:**

All COMMUNICATIONS with Hitachi, Ltd. or any third party RELATED TO the '449 PATENT.

**REQUEST FOR PRODUCTION NO. 153:**

All COMMUNICATIONS with Hitachi, Ltd. RELATED TO digital still cameras, digital camcorders, or related technology.

**REQUEST FOR PRODUCTION NO. 154:**

All COMMUNICATIONS with any third parties RELATED TO any products, patents, or technology developed by or on behalf of Hitachi, Ltd. RELATED TO digital still cameras, digital camcorders, or related technology.

**REQUEST FOR PRODUCTION NO. 155:**

DOCUMENTS sufficient to show the model number of each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 156:**

DOCUMENTS sufficient to correlate the model number of each APPLE ACCUSED PRODUCT with any and all other internal numbers or designations associated with that product.

**REQUEST FOR PRODUCTION NO. 157:**

DOCUMENTS sufficient to correlate any technical documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial documentation (e.g., documents showing unit sales, revenues, etc.) associated with that product.

**REQUEST FOR PRODUCTION NO. 158:**

All DOCUMENTS RELATED TO the use, operation, intended operation, or intended use of the APPLE ACCUSED PRODUCTS by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 159:**

All DOCUMENTS RELATED TO the design and development of each of the APPLE ACCUSED PRODUCTS, including, without limitation, all notebooks, diagrams, progress reports, studies, internal memoranda, contracts for services, and COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 160:**

All DOCUMENTS RELATING TO any software used to operate or enable any accused functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release notes, algorithms, flowcharts, diagrams, notes, and manuals.

**REQUEST FOR PRODUCTION NO. 161:**

All DOCUMENTS RELATING TO any hardware used to operate or enable any accused functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release notes, algorithms, flowcharts, diagrams, notes, manuals, specifications, photographs, CAD drawings, or bills of materials.

**REQUEST FOR PRODUCTION NO. 162:**

All versions of the source code used to operate or enable any accused functionality for any of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 163:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '087 PATENT ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing, communicating, enabling, or otherwise facilitating the non-scheduled transmission of packetized data from an APPLE ACCUSED PRODUCT through any WCDMA network employing enhanced uplink dedicated channel (E-DCH) technology.

**REQUEST FOR PRODUCTION NO. 164:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '596 PATENT ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing, communicating, enabling, or otherwise facilitating the exchange of control information for

packetized data transmission from an APPLE ACCUSED PRODUCT through any WCDMA network employing enhanced uplink dedicated channel (E-DCH) technology.

**REQUEST FOR PRODUCTION NO. 165:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '470 PATENT ACCUSED PRODUCTS that is RELATED TO controlling the volume of audio playback.

**REQUEST FOR PRODUCTION NO. 166:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '757 PATENT ACCUSED PRODUCTS that is RELATED TO synchronizing multimedia files associated with one or more users and stored across any '757 PATENT ACCUSED PRODUCTS using network transmissions.

**REQUEST FOR PRODUCTION NO. 167:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '058 PATENT ACCUSED PRODUCTS that is RELATED TO displaying content in layers, including expanding portions of the displayed content that are selected by a user.

**REQUEST FOR PRODUCTION NO. 168:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '179 PATENT ACCUSED PRODUCTS that is RELATED TO displaying a keyboard on a touchscreen and processing user input that consists of contact with the displayed keys.

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '449 PATENT ACCUSED PRODUCTS that is RELATED TO the capture, processing, storage, retrieval, or display of still or moving images.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '239 PATENT ACCUSED PRODUCTS that is RELATED TO the capture, processing, and packetized transmission of multimedia data.

**REQUEST FOR PRODUCTION NO. 171:**

A fully operational exemplar of the Baseband Processors used in each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 172:**

DOCUMENTS sufficient to show each Baseband Processor incorporated in each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 173:**

All technical DOCUMENTS describing the structure, function, and/or operation of each Baseband Processor used in each APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 174:**

All software, including executable software, used to operate or enable the function of every Baseband Processor incorporated into each APPLE ACCUSED PRODUCT, whether stored on the Baseband Processor itself or in external memory.

1   **REQUEST FOR PRODUCTION NO. 175**:

2          All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

3   including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

4   with 3GPP Release 6 protocols or later, including but not limited to 3GPP TS 25.321 v6.6.0 or

5   3GPP TS 25.331 v6.6.0.

6

7   **REQUEST FOR PRODUCTION NO. 176**:

8          All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

9   including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

10  with 3GPP Release 5 protocols or later, including but not limited to 3GPP TR 21.905 v5.8.0.

11

12  **REQUEST FOR PRODUCTION NO. 177**:

13         All DOCUMENTS RELATING TO the compliance of the APPLE ACCUSED

14  PRODUCTS with technical specifications for systems utilizing WCDMA, GSM, or UMTS,

15  including, but not limited to, source code, hardware code, user manuals, service manuals, training

16  materials, programming guides, data sheets, schematics, drawings, figures, design materials,

17  packaging materials, marketing materials, and licensing agreements.

18

19  **REQUEST FOR PRODUCTION NO. 178**:

20         DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

21  PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

22  the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules, stations,

23  or systems supporting WCDMA, GSM, or UMTS.

24

25  **REQUEST FOR PRODUCTION NO. 179**:

26         All DOCUMENTS, if any, that YOU contend are RELATED TO whether the SAMSUNG

27  PATENTS are essential to one or more of the WCDMA, GSM, or UMTS standards.

28

**REQUEST FOR PRODUCTION NO. 180:**

All DOCUMENTS RELATING TO the modification or customization of any software of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including but not limited to modification performed by APPLE or at APPLE's direction.

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS prepared by or at the direction of any Baseband Processor manufacturer or supplier RELATED TO the functionality of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the Baseband Processor or the software used therein.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network.

**REQUEST FOR PRODUCTION NO. 184:**

All DOCUMENTS RELATED TO the transmission of images, video, audio, messages, and addresses by the APPLE ACCUSED PRODUCTS, including by email or multimedia message.

**REQUEST FOR PRODUCTION NO. 185**:

All DOCUMENTS RELATED TO image processing by the APPLE ACCUSED PRODUCTS, including capture, processing, storage, display, and transmission of images, messages and addresses.

**REQUEST FOR PRODUCTION NO. 186**:

All DOCUMENTS RELATED TO video processing by the APPLE ACCUSED PRODUCTS, including capture, processing, storage, display, and transmission of images, messages and addresses.

**REQUEST FOR PRODUCTION NO. 187**:

All DOCUMENTS RELATED TO the "Mail" and "Camera" applications for the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 188**:

All DOCUMENTS RELATING TO any consideration, decisions, AND/OR attempts to modify OR redesign the APPLE ACCUSED PRODUCTS in view of any claim of any of the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 189**:

Two fully operational exemplars of each of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 190**:

All DOCUMENTS RELATING TO any research and development efforts by or on behalf of APPLE RELATED TO the APPLE ACCUSED PRODUCTS.

1   **REQUEST FOR PRODUCTION NO. 191:**

2       All DOCUMENTS RELATING TO the manufacture of each of the APPLE ACCUSED

3   PRODUCTS.

4

5   **REQUEST FOR PRODUCTION NO. 192:**

6       DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show

7   the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the

8   location of manufacture, the volume of manufacture, and the time period during which such

9   manufacture occurred.

10

11  **REQUEST FOR PRODUCTION NO. 193:**

12      All DOCUMENTS RELATING TO testing of the functionalities of the APPLE

13  ACCUSED PRODUCTS identified in Samsung's Infringement Contentions.

14

15  **REQUEST FOR PRODUCTION NO. 194:**

16      All DOCUMENTS RELATING TO the use of APPLE ACCUSED PRODUCTS by

17  consumers.

18

19  **REQUEST FOR PRODUCTION NO. 195:**

20      All DOCUMENTS RELATING TO the importation, distribution, marketing, or sale of the

21  APPLE ACCUSED PRODUCTS.

22

23  **REQUEST FOR PRODUCTION NO. 196:**

24      For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show

25  when, where, and by whom the APPLE ACCUSED PRODUCT was sold.

26

27

28

**REQUEST FOR PRODUCTION NO. 197:**

DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from November 2005 for each of the APPLE ACCUSED PRODUCTS, including components thereof:

    a.   Total gross and net revenues (by product, customer, period and location);

    b.   Total quantity of units sold (by product, customer, period and location);

    c.   Cost of goods sold, including but not limited to, direct purchases, direct labor, indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs to the APPLE ACCUSED PRODUCTS;

    d.   Actual total cost or variances from standard costs;

    e.   Gross and net profits; and

    f.   All costs other than standard costs, including but not limited to, selling, advertising, general and administrative expenses, and any allocation of those expenses to the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 198:**

All DOCUMENTS RELATING TO sales forecasts, budgets, expenses, costs, and profitability of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 199:**

All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 200:**

All business plans, strategic plans, operating plans, financial plans, sales plans, and capital or investment plans RELATING TO the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 201:**

All DOCUMENTS and things RELATING TO the market or demand for the APPLE ACCUSED PRODUCTS.

1  **REQUEST FOR PRODUCTION NO. 202:**

2       DOCUMENTS sufficient to show the efforts taken by YOU to sell other products or

3  services together, or in connection, with the APPLE ACCUSED PRODUCTS or to effect the sale

4  thereof by third parties, including, but not limited to, distributors and retailers.

5

6  **REQUEST FOR PRODUCTION NO. 203:**

7       All DOCUMENTS or COMMUNICATIONS RELATING TO PLATFORM

8  STICKINESS of any APPLE ACCUSED PRODUCTS.

9

10  **REQUEST FOR PRODUCTION NO. 204:**

11       All DOCUMENTS and things RELATING TO any product reviews, comparisons, or

12  usability tests or evaluations of any of the APPLE ACCUSED PRODUCTS.

13

14  **REQUEST FOR PRODUCTION NO. 205:**

15       All DOCUMENTS RELATED TO any competitive testing or comparative analysis of the

16  APPLE ACCUSED PRODUCTS and any SAMSUNG products.

17

18  **REQUEST FOR PRODUCTION NO. 206:**

19       All DOCUMENTS RELATED TO competition between APPLE ACCUSED PRODUCTS

20  and any SAMSUNG products.

21

22  **REQUEST FOR PRODUCTION NO. 207:**

23       All DOCUMENTS RELATED TO any competitive testing or comparative analysis of the

24  '449 PATENT ACCUSED PRODUCTS and any Hitachi products.

25

26  **REQUEST FOR PRODUCTION NO. 208:**

27       All DOCUMENTS RELATED TO competition between '449 PATENT ACCUSED

28  PRODUCTS and any Hitachi products.

**REQUEST FOR PRODUCTION NO. 209**:

All DOCUMENTS RELATED TO any competitive testing or comparative analysis of the '757 PATENT ACCUSED PRODUCTS and any ReQuest products.

**REQUEST FOR PRODUCTION NO. 210**:

All DOCUMENTS RELATED TO competition between '757 PATENT ACCUSED PRODUCTS and any ReQuest products.

**REQUEST FOR PRODUCTION NO. 211**:

All DOCUMENTS RELATING TO any Licenses, or the negotiation thereof, relating to the APPLE ACCUSED PRODUCTS or the technology claimed or disclosed by the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 212**:

All licenses in which YOU have received or conveyed rights under a patent RELATING TO the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 213**:

All licenses, whether YOU are the licensor or licensee, RELATED TO any of the APPLE ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies claimed or disclosed by the SAMSUNG PATENTS.

**REQUEST FOR PRODUCTION NO. 214**:

All DOCUMENTS RELATING TO any indemnification request or agreement regarding any APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 215:**

DOCUMENTS sufficient to identify each of YOUR divisions, departments, business units, related companies, partnerships, collaborations, or subdivisions, including without limitation each company involved in the design, development, manufacture, marketing, promotion, importation, distribution, or sale of any APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 216:**

All DOCUMENTS RELATING TO the commercial success AND/OR popularity of ANY features AND/OR functionality of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 217:**

DOCUMENTS sufficient to show, by revenues and units sold, Apple's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

**REQUEST FOR PRODUCTION NO. 218:**

DOCUMENTS sufficient to show, by revenues and units sold, Samsung's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any network effects attributable to any APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 220:**

All DOCUMENTS RELATING TO consumer demand for ANY feature AND/OR functionality of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 221:**

All DOCUMENTS RELATING TO Apple's capacity or lack of capacity to manufacture smartphones or tablets since 2005.

**REQUEST FOR PRODUCTION NO. 222:**

All DOCUMENTS RELATING TO a decline in iPhone sales during 2012 attributable, in whole or in part, to anticipation of the release of the iPhone 5.

**REQUEST FOR PRODUCTION NO. 223:**

All DOCUMENTS referring or RELATING TO YOUR use of litigation as a business strategy in connection with the smartphone and/or tablet markets.

**REQUEST FOR PRODUCTION NO. 224:**

All DOCUMENTS referring or RELATING TO YOUR use of litigation as part of a strategy to address competition from the Android operating system.

**REQUEST FOR PRODUCTION NO. 225:**

All DOCUMENTS referring or RELATING TO YOUR loss of market share in the smartphone market, if any, as a result of YOUR release cycle in connection with YOUR smartphones and/or tablets.

**REQUEST FOR PRODUCTION NO. 226:**

All DOCUMENTS referring or RELATING TO any analysis of the effect on market share of YOUR release cycle in connection with smartphones and/or tablets.

**REQUEST FOR PRODUCTION NO. 227:**

All DOCUMENTS referring or RELATING TO YOUR efforts to coordinate with any other entities in connection with litigation related to the Android operating system.

SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 228:**

All DOCUMENTS referring or RELATING TO YOUR efforts to coordinate with any other entities in competing with the Android operating system.

**REQUEST FOR PRODUCTION NO. 229:**

All DOCUMENTS referring or RELATING TO any COMMUNICATIONS between YOU and any carrier, reseller or distributor of Samsung products in which YOU refer to that entity's sale of Samsung products.

**REQUEST FOR PRODUCTION NO. 230:**

All DOCUMENTS referring or RELATING TO any COMMUNICATIONS between YOU and any carrier, reseller or distributor of Samsung products in which the terms of any proposed business relationship relate to that entity's sale of Samsung products.

**REQUEST FOR PRODUCTION NO. 231:**

All DOCUMENTS referring or RELATING TO any perceived threat posed by the Android operating system, including any perceived threats posed by any individual products based on their use or implementation of the Android operating system.

**REQUEST FOR PRODUCTION NO. 232:**

All DOCUMENTS referring or RELATING TO YOUR plan or strategy to address any perceived threat posed by the Android operating system.

**REQUEST FOR PRODUCTION NO. 233:**

All DOCUMENTS referring or RELATING TO YOUR plan or strategy to acquire patents in order to assert those patents against any Android product or against any manufacturer of Android products.

1 **REQUEST FOR PRODUCTION NO. 234:**

2      All DOCUMENTS referring or RELATING TO any common interest agreement or joint

3 defense agreement between Apple and any other person or entity concerning any litigation related

4 to the Android operating system.

5

6 **REQUEST FOR PRODUCTION NO. 235:**

7      All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence

8 any government entity with respect to rules or policy regarding ESSENTIAL patents.

9

10 **REQUEST FOR PRODUCTION NO. 236:**

11      All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence

12 any standard-setting organization, including, without limitation, ETSI, with respect to rules or

13 policy regarding ESSENTIAL patents.

14 DATED: July 31, 2012                 QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
15

16

17                                      By  /s/ Patrick M. Shields
                                            Charles K. Verhoeven
18                                          Kevin P.B. Johnson
                                            Victoria F. Maroulis
19                                          William C. Price
                                            Patrick M. Shields
20

21                                          John Caracappa (*pro hac vice*)
                                            Steptoe & Johnson, LLP
22                                          1330 Connecticut Avenue, NW
                                            Washington DC 20036
23                                          TEL:   202-429-6267
                                            FAX:   202-429-3902
24

25                                          Attorneys for Defendants
                                            SAMSUNG ELECTRONICS CO., LTD.,
26                                          SAMSUNG ELECTRONICS AMERICA, INC.,
                                            and SAMSUNG TELECOMMUNICATIONS
27                                          AMERICA, LLC

28