# EXHIBIT B

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION** |

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Third Set of Requests for Production served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") on July 31, 2012.

## GENERAL OBJECTIONS

Apple incorporates the General Objections included in its Objections and Responses to Samsung's First Set of Requests for Production and its Objections and Responses to Samsung's Second Set of Requests for Production. Apple makes the following additional general responses and objections ("General Objections") to each definition, instruction, and Request propounded in Samsung's Third Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual Requests does not waive any of Apple's General Objections.

1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.      Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "DOCUMENT" shall have the meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

3.      Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome. Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

4.      Apple objects to Samsung's definition of "RELATING TO" and "RELATED TO" as vague, ambiguous, and potentially overbroad, and because they do not describe with reasonable particularity the documents sought.

5.      Apple objects to Samsung's definition of the term "APPLE PATENTS" as vague, overly broad, and unduly burdensome.

6.      Apple objects to Samsung's definition of the term "APPLE PATENTED FEATURES" as vague, overly broad, and unduly burdensome.

7.      Apple objects to the Requests to the extent that they seek documents not relevant to the claims or defenses of any party in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

8.      Apple objects to the Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

9.      Apple will make, and has made, reasonable efforts to respond to these Requests, to the extent that no objection is made, as Apple reasonably understands and interprets each Request.  If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

10.      To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted in this action pursuant to the March 29, 2012 Stipulation and Order Re Discovery.

11.      Apple objects to any request insofar as it seeks documents regarding (1) products or projects that currently are in development, unreleased, and/or unannounced; and (2) products or projects that were terminated before commercial release and that do not relate to a released product ("Unreleased Product Information").  Apple will redact Unreleased Product Information

1   from otherwise responsive documents and withhold documents that consist entirely of

2   Unreleased Product Information.

3          12.     Apple objects to Samsung's definition of "'087 PATENT" because it is

4   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'087 PATENT"

5   means U.S. Patent No. 7,756,087.

6          13.     Apple objects to Samsung's definition of "'596 PATENT" because it is

7   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'596 PATENT"

8   means U.S. Patent No. 7,551,596.

9          14.     Apple objects to Samsung's definition of "'470 PATENT" because it is

10   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'470 PATENT"

11   means U.S. Patent No. 7,672,470.

12          15.     Apple objects to Samsung's definition of "'757 PATENT" because it is

13   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'757 PATENT"

14   means U.S. Patent No. 7,557,757.

15          16.     Apple objects to Samsung's definition of "'058 PATENT" because it is

16   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'058 PATENT"

17   means U.S. Patent No. 7,232,058.

18          17.     Apple objects to Samsung's definition of "'179 PATENT" because it is

19   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'179 PATENT"

20   means U.S. Patent No. 6,292,179.

21          18.     Apple objects to Samsung's definition of "'449 PATENT" because it is

22   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'449 PATENT"

23   means U.S. Patent No. 6,226,449.

24          19.     Apple objects to Samsung's definition of "'239 PATENT" because it is

25   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'239 PATENT"

26   means U.S. Patent No. 5,579,239.

27          20.     Apple objects to Samsung's definition of "SAMSUNG PATENTS"

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
Case No. 12-cv-00630 (LHK)

1   because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase

2   "SAMSUNG PATENTS" means U.S. Patent Nos. 7,756,087; 7,551,596; 7,672,470; 7,557,757;

3   7,232,058; 6,292,179; 6,226,449; and 5,579,239.

4          21.     Apple objects to Samsung's definition of "'087 PATENT ACCUSED

5   PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

6   information that is neither relevant nor reasonably calculated to lead to the discovery of

7   admissible evidence.  Apple objects to Samsung's definition of "'087 PATENT ACCUSED

8   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'087

9   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

10  identify a comprehensive set of discrete products that Samsung asserts have functionality that

11  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

12  definition of "'087 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

13  not made, used, offered for sale, or sold in the United States.

14         22.     Apple objects to Samsung's definition of "'596 PATENT ACCUSED

15  PRODUCTS"  to the extent it is overly broad and unduly burdensome and to the extent it seeks

16  information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence.  Apple objects to Samsung's definition of "'596 PATENT ACCUSED

18  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'596

19  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

20  identify a comprehensive set of discrete products that Samsung asserts have functionality that

21  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

22  definition of "'596 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

23  not made, used, offered for sale, or sold in the United States.

24         23.     Apple objects to Samsung's definition of "'470 PATENT ACCUSED

25  PRODUCTS"  to the extent it is overly broad and unduly burdensome and to the extent it seeks

26  information that is neither relevant nor reasonably calculated to lead to the discovery of

27  admissible evidence.  Apple objects to Samsung's definition of "'470 PATENT ACCUSED

28

1   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'470

2   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

3   identify a comprehensive set of discrete products that Samsung asserts have functionality that

4   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

5   definition of "'470 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

6   not made, used, offered for sale, or sold in the United States.

7         24.       Apple objects to Samsung's definition of "'757 PATENT ACCUSED

8   PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

9   information that is neither relevant nor reasonably calculated to lead to the discovery of

10  admissible evidence.  Apple objects to Samsung's definition of "'757 PATENT ACCUSED

11  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'757

12  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

13  identify a comprehensive set of discrete products that Samsung asserts have functionality that

14  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

15  definition of "'757 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

16  not made, used, offered for sale, or sold in the United States.

17        25.       Apple objects to Samsung's definition of "'058 PATENT ACCUSED

18  PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

19  information that is neither relevant nor reasonably calculated to lead to the discovery of

20  admissible evidence.  Apple objects to Samsung's definition of "'058 PATENT ACCUSED

21  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'058

22  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

23  identify a comprehensive set of discrete products that Samsung asserts have functionality that

24  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

25  definition of "'058 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

26  not made, used, offered for sale, or sold in the United States.

27

28

26.     Apple objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "'179 PATENT ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.

27.     Apple objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "'449 PATENT ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.

28.     Apple objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that

come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "'239 PATENT ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.

29.     Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.  For purposes of responding to these Requests, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

30.     Apple objects to Samsung's definition of the term "Baseband Processor" as vague and ambiguous.  Apple also objects to Samsung's definition of "Baseband Processor" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to Samsung's definition of the term "Baseband Processor" to the extent it purports to include any baseband chip or other component that is not incorporated in one of the Apple products identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

31.     Apple objects to Samsung's definitions of "any," "all," "every," "each," "and," "or," and "and/or" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests

for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests.  Apple further objects because it is impossible to represent, even after diligent search and consideration, that "any," "all," "every," or "each" document has been located to respond to Samsung's requests.

32.   Apple objects to Samsung's definition of the term "ESSENTIAL" as vague and ambiguous.  Apple also objects to Samsung's definition of "ESSENTIAL" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

33.   Apple objects to Samsung's instruction requiring that drafts of documents must be produced "without abbreviation or redaction" to the extent that it calls for production of any documents protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

34.   Apple objects to Samsung's instructions requiring the identification of information pertaining to documents that are withheld on the basis of a claim of privilege or immunity from discovery to the extent that it purports to impose any requirement or obligation on Apple other than as set forth in the Federal Rules of Civil Procedure or agreed to by the parties.

35.   Apple also reserves the right to object to these requests on any additional grounds.

36.   Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine or immunity shall not constitute a waiver by Apple of such privileges or protections.  Pursuant to the May 9, 2012 Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery, to the extent the Requests call for the production of documents dated after April 15,

2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.

37.     Apple objects to any Request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules of this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

38.     Apple's investigation in this matter is continuing, and Apple will provide the information known to it at the present time.  Apple reserves the right to supplement its responses pursuant to Rule 26(e) with different or additional information obtained during the course of discovery.

39.     Apple's responses to these Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

40.     None of Apple's objections or responses is an admission as to the existence of any documents, the relevance or admissibility of any documents, or the truth or accuracy of any statement or characterization contained in any request.

41.     Apple objects to the Requests to the extent they are not limited in time and seek documents for periods of time that are not relevant to any claim or defense.

42.     Apple objects to any Request that seeks irrelevant documents about Apple's products or business operations.  Such requests are overbroad and unduly burdensome.  Apple will only produce documents that are relevant to the patents-in-suit, or that are otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

43.     Apple objects to the Requests to the extent that they seek documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung.

44.     To the extent that the Requests seek trade secrets or confidential commercial or technical information, including information covered by confidentiality agreements between Apple and any third party, Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, as necessary.

45.     Apple objects to the Requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for documents that Apple no longer possesses and/or was under no obligation to maintain.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Third Set of Requests for Production as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the specific objections below, Apple will conduct a reasonable search for relevant and responsive documents.  In general, Apple will limit its search for responsive documents to the files of a reasonable number of specific Apple custodians who are reasonably expected to have relevant documents.  Apple will employ reasonable means, such as the use of electronic search terms, date limitations, sampling, as part of the process of identifying relevant documents.  Apple will disclose the parameters of its searches, including the names of custodians from whom it has collected documents, search terms used, and other information, pursuant to the May 9, 2012 Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery.

1

2 **REQUEST FOR PRODUCTION NO. 130:**

3       All DOCUMENTS RELATING TO any of the SAMSUNG PATENTS, including

4 DOCUMENTS RELATING TO any analyses of the SAMSUNG PATENTS.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

6       Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

7 and because it does not describe with reasonable particularity the documents sought.  Apple also

8 objects to this request to the extent that it seeks documents and things protected from disclosure

9 by the attorney-client privilege, work product doctrine, joint defense or common interest

10 privilege, or any other applicable privilege, doctrine, or immunity.

11       Subject to and without waiving the foregoing General and Specific Objections, Apple has

12 produced or will produce responsive, non-privileged documents in its possession, custody, or

13 control, if any, located after a reasonable search as discussed in more detail above.

14 **REQUEST FOR PRODUCTION NO. 131:**

15       All DOCUMENTS RELATING TO when and how YOU first became aware of each of

16 the SAMSUNG PATENTS.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 131**:

18       Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

19 and because it does not describe with reasonable particularity the documents sought.  Apple also

20 objects to this request to the extent that it seeks documents and things protected from disclosure

21 by the attorney-client privilege, work product doctrine, joint defense or common interest

22 privilege, or any other applicable privilege, doctrine, or immunity.

23       Subject to and without waiving the foregoing General and Specific Objections, Apple has

24 produced or will produce responsive, non-privileged documents in its possession, custody, or

25 control, if any, located after a reasonable search as discussed in more detail above.

26 **REQUEST FOR PRODUCTION NO. 132:**

27

28

1     All DOCUMENTS RELATING TO whether YOU infringe the SAMSUNG PATENTS,

2     including, without limitation, all DOCUMENTS RELATING TO any analysis, test, study,

3     experimentation, or investigation conducted to determine whether any product designed,

4     manufactured or sold by YOU infringes any of the SAMSUNG PATENTS.

5     **RESPONSE TO REQUEST FOR PRODUCTION NO. 132**:

6     Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

7     and because it does not describe with reasonable particularity the documents sought.  Apple also

8     objects to this request to the extent that it requires a legal conclusion to identify the documents

9     sought.  Apple further objects to this request to the extent that it seeks documents and things

10    protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or

11    common interest privilege, or any other applicable privilege, doctrine, or immunity.

12    Subject to and without waiving the foregoing General and Specific Objections, Apple has

13    produced or will produce responsive, non-privileged documents in its possession, custody, or

14    control, if any, located after a reasonable search on which it intends to rely as evidence of

15    noninfringement.

16    **REQUEST FOR PRODUCTION NO. 133:**

17    All DOCUMENTS RELATING TO any prior art search concerning the SAMSUNG

18    PATENTS, including search requests, reports, analyses, and references located.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 133**:

20    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

21    and because it does not describe with reasonable particularity the documents sought.  Apple also

22    objects to this request to the extent that it seeks documents and things protected from disclosure

23    by the attorney-client privilege, work product doctrine, joint defense or common interest

24    privilege, or any other applicable privilege, doctrine, or immunity.

25    Subject to and without waiving the foregoing General and Specific Objections, Apple has

26    produced or will produce responsive, non-privileged documents in its possession, custody, or

27

28

1  control, if any, located after a reasonable search on which it intends to rely as evidence of

2  invalidity.

3  **REQUEST FOR PRODUCTION NO. 134:**

4      All English language patents or publications on which YOU intend to rely for any

5  purpose in This Lawsuit including SAMSUNG PATENTS PRIOR ART.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134**:

7      In accordance with the Patent Local Rules and the schedule set by the Court, and subject

8  to and without waiving the foregoing General Objections, Apple has produced or will produce

9  responsive English language patents and publications on which it intends to rely as prior art.

10  **REQUEST FOR PRODUCTION NO. 135:**

11      Any foreign patents or publications, including all English translations thereof, on which

12  YOU intend to rely for any purpose in This Lawsuit including SAMSUNG PATENTS PRIOR

13  ART.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135**:

15      In accordance with the Patent Local Rules and the schedule set by the Court, and subject

16  to and without waiving the foregoing General Objections, Apple has produced or will produce

17  responsive English language translations of foreign patents and publications on which it intends

18  to rely as prior art.

19  **REQUEST FOR PRODUCTION NO. 136:**

20      All DOCUMENTS RELATING TO devices, products, systems, apparatuses, or other

21  instrumentalities that YOU contend are SAMSUNG PATENTS PRIOR ART.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136**:

23      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

24  and because it does not describe with reasonable particularity the documents sought.  Apple

25  further objects to this request to the extent that it seeks documents and things protected from

26  disclosure by the attorney-client privilege, work product doctrine, joint defense or common

27  interest privilege, or any other applicable privilege, doctrine, or immunity.

28

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 137:**

Two fully functional exemplars of any devices, products, systems, apparatuses, or other instrumentalities that YOU contend are SAMSUNG PATENTS PRIOR ART.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

Apple objects to the term "fully operational exemplar" as vague and ambiguous.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce or make available for inspection, in accordance with the Patent Local Rules and the schedule set by the Court, any products on which it intends to rely as prior art, to the extent they are within Apple's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 138:**

All DOCUMENTS that demonstrate or evidence any alleged prior conception and/or reduction to practice of the subject matter claimed in the SAMSUNG PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

Subject to and without waiving the foregoing General Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 139:**

All DOCUMENTS RELATING TO YOUR contention, if any, that the SAMSUNG PATENTS are invalid, including, without limitation, all DOCUMENTS RELATING TO any investigation or analysis thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

1    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

2    and because it does not describe with reasonable particularity the documents sought.  Apple

3    further objects to this request to the extent that it purports to require the production of documents

4    and things protected from disclosure by the attorney-client privilege, attorney work product

5    doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

6    or immunity.

7    Subject to and without waiving the foregoing General and Specific Objections, Apple has

8    produced or will produce responsive, non-privileged documents in its possession, custody, or

9    control, if any, located after a reasonable search, in accordance with the Patent Local Rules and

10   the schedule set by the Court, on which it intends to rely to support its invalidity contentions.

11   **REQUEST FOR PRODUCTION NO. 140:**

12   All DOCUMENTS that support any contention, if any, by YOU that one or more of the

13   SAMSUNG PATENTS is unenforceable for any reason including, without limitation, laches,

14   equitable estoppel, express or implied license, exhaustion, intervening rights, express or implied

15   waiver, inequitable conduct, patent misuse, unclean hands, lack of standing and/or prosecution

16   laches.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140**:

18   Apple objects to the request to the extent that it requires a legal conclusion to identify the

19   documents sought.  Apple further objects to this request to the extent that it purports to require

20   the production of documents and things protected from disclosure by the attorney-client

21   privilege, attorney work product doctrine, joint defense or common interest privilege, or any

22   other applicable privilege, doctrine, or immunity.

23   Subject to and without waiving the foregoing General and Specific Objections, Apple has

24   produced or will produce responsive, non-privileged documents in its possession, custody, or

25   control, if any, located after a reasonable search as discussed in more detail above.

26   **REQUEST FOR PRODUCTION NO. 141:**

27

28

1   All DOCUMENTS RELATING TO (1) any written or oral opinions received or solicited

2   by YOU RELATING TO the validity, enforceability, infringement, or scope of any claims of the

3   SAMSUNG PATENTS and (2) the preparation of any such opinions, including, but not limited

4   to, drafts, notes, and any DOCUMENTS relied on in the preparation of any such opinions.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141**:

6   Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

7   and because it does not describe with reasonable particularity the documents sought.  Apple

8   further objects to this request to the extent that it purports to require the production of documents

9   and things protected from disclosure by the attorney-client privilege, attorney work product

10   doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

11   or immunity.

12   Subject to and without waiving the foregoing General and Specific Objections, Apple

13   will determine whether to produce any responsive documents in accordance with Patent Local

14   Rule 3-7.

15   **REQUEST FOR PRODUCTION NO. 142:**

16   All opinions of counsel RELATING TO any of the SAMSUNG PATENTS.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 142**:

18   Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

19   and because it does not describe with reasonable particularity the documents sought.  Apple also

20   objects to the phrase "opinions of counsel" as vague and ambiguous.  Apple further objects to

21   this request to the extent that it purports to require the production of documents and things

22   protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

23   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

24   Subject to and without waiving the foregoing General and Specific Objections, Apple

25   will determine whether to produce any responsive documents in accordance with Patent Local

26   Rule 3-7.

27   **REQUEST FOR PRODUCTION NO. 143:**

28

1    All DOCUMENTS RELATING TO any of YOUR policies, practices, or guidelines

2    RELATING TO the patent rights of others, including the analysis of patents to ensure YOU do

3    not infringe such patents.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 143**:

5    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

6    and because it does not describe with reasonable particularity the documents sought.  Apple

7    objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

8    to the discovery of admissible evidence.  Apple further objects to this request to the extent that it

9    purports to require the production of documents and things protected from disclosure by the

10   attorney-client privilege, attorney work product doctrine, joint defense or common interest

11   privilege, or any other applicable privilege, doctrine, or immunity.

12   Subject to and without waiving the foregoing General and Specific Objections, Apple has

13   produced or will produce responsive, non-privileged documents in its possession, custody, or

14   control, if any, located after a reasonable search as discussed in more detail above.

15   **REQUEST FOR PRODUCTION NO. 144:**

16   All DOCUMENTS RELATING TO the scope, construction, meaning or interpretation of

17   any term in any asserted claim of the SAMSUNG PATENTS.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 144**:

19   Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

20   and because it does not describe with reasonable particularity the documents sought.  Apple

21   further objects to this request as premature insofar as it conflicts with the schedule set by the

22   Court.  Apple objects to the request to the extent that it requires a legal conclusion to identify the

23   documents sought.  Apple objects to this request to the extent that it purports to require the

24   production of documents and things protected from disclosure by the attorney-client privilege,

25   attorney work product doctrine, joint defense or common interest privilege, or any other

26   applicable privilege, doctrine, or immunity.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple

2  will make its claim construction disclosures in accordance with the schedule set by the Court.

3  **REQUEST FOR PRODUCTION NO. 145:**

4    All DOCUMENTS RELATING TO any errors in the SAMSUNG PATENTS of which

5  APPLE is aware.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145**:

7    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

8  and because it does not describe with reasonable particularity the documents sought.  Apple

9  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

10  to the discovery of admissible evidence, including without limitation because it seeks documents

11  relating to terms and claims not at issue in this lawsuit.  Apple further objects to the request to

12  the extent that it requires a legal conclusion to identify the documents sought.  Apple further

13  objects to this request to the extent that it purports to require the production of documents and

14  things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

15  joint defense or common interest privilege, or any other applicable privilege, doctrine, or

16  immunity.

17    Subject to and without waiving the foregoing General and Specific Objections, Apple

18  will produce the documents required by the Patent Local Rules.  To the extent that this request

19  seeks additional documents, Apple is willing to meet and confer with Samsung to discuss the

20  scope of the documents sought.

21  **REQUEST FOR PRODUCTION NO. 146:**

22    All DOCUMENTS RELATING TO any COMMUNICATIONS with third parties

23  RELATING TO the SAMSUNG patents.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146**:

25    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

26  and because it does not describe with reasonable particularity the documents sought.  Apple

27  further objects to this request to the extent that it seeks documents and things protected from

28

1  disclosure by the attorney-client privilege, work product doctrine, joint defense or common

2  interest privilege, or any other applicable privilege, doctrine, or immunity.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4  produced or will produce responsive, non-privileged documents in its possession, custody, or

5  control, if any, located after a reasonable search as discussed in more detail above.

6  **REQUEST FOR PRODUCTION NO. 147:**

7       All DOCUMENTS RELATING TO any of the named inventors of the SAMSUNG

8  PATENTS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147**:

10      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

11 and because it does not describe with reasonable particularity the documents sought.  Apple also

12 objects to this request to the extent it seeks production of documents protected from disclosure

13 by the attorney-client privilege or the work product doctrine, or any other applicable privilege or

14 immunity.

15      Subject to and without waiving the foregoing General and Specific Objections, Apple has

16 produced or will produce responsive, non-privileged documents in its possession, custody, or

17 control, if any, located after a reasonable search as discussed in more detail above.

18 **REQUEST FOR PRODUCTION NO. 148:**

19      All COMMUNICATIONS with any third parties RELATING TO any of the named

20 inventors of the SAMSUNG PATENT.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 148**:

22      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

23 and because it does not describe with reasonable particularity the documents sought.  Apple

24 objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

25 information that is neither relevant nor reasonably calculated to lead to the discovery of

26 admissible evidence, especially insofar as it seeks documents regarding Samsung patents not at

27 issue in this lawsuit.  Apple further objects to this request to the extent that it seeks documents

28

1    and things protected from disclosure by the attorney-client privilege, work product doctrine, joint

2    defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

3         Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce responsive, non-privileged documents in its possession, custody, or

5    control, if any, located after a reasonable search as discussed in more detail above.

6    **REQUEST FOR PRODUCTION NO. 149:**

7         All COMMUNICATIONS with or RELATED TO ReQuest, Inc.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 149**:

9         Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

10   and because it does not describe with reasonable particularity the documents sought.  Apple

11   further objects to this request to the extent that it seeks documents and things protected from

12   disclosure by the attorney-client privilege, work product doctrine, joint defense or common

13   interest privilege, or any other applicable privilege, doctrine, or immunity.

14        Subject to and without waiving the foregoing General and Specific Objections, Apple

15   will produce all documents produced by ReQuest, Inc. in response to Apple's subpoena of

16   Request, Inc. and all communications between Apple and ReQuest, Inc. in connection with the

17   subpoena.

18   **REQUEST FOR PRODUCTION NO. 150:**

19        All DOCUMENTS RELATED TO any products made or sold by or on behalf of

20   ReQuest, Inc.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 150**:

22        Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

23   and because it does not describe with reasonable particularity the documents sought.  Apple

24   further objects to this request to the extent that it seeks documents and things protected from

25   disclosure by the attorney-client privilege, work product doctrine, joint defense or common

26   interest privilege, or any other applicable privilege, doctrine, or immunity.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple

2  will produce all documents produced by ReQuest, Inc. in response to Apple's subpoena of

3  Request, Inc. and all communications between Apple and ReQuest, Inc. in connection with the

4  subpoena.

5  **REQUEST FOR PRODUCTION NO. 151:**

6    All COMMUNICATIONS with any third parties RELATED TO any products made or

7  sold by or on behalf of ReQuest, Inc.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151**:

9    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

10  and because it does not describe with reasonable particularity the documents sought.

11    Subject to and without waiving the foregoing General and Specific Objections, Apple

12  will produce all documents produced by the named inventors of the '757 patent in response to

13  Apple's subpoena of the named inventors and all communications between Apple and the named

14  inventors in connection with the subpoena.

15  **REQUEST FOR PRODUCTION NO. 152:**

16    All COMMUNICATIONS with Hitachi, Ltd. or any third party RELATED TO the '449

17  PATENT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152**:

19    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

20  and because it does not describe with reasonable particularity the documents sought.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple

22  will produce all documents produced by Hitachi, Ltd. in response to Apple's subpoena of

23  Hitachi, Ltd. and all communications between Apple and Hitachi, Ltd. in connection with the

24  subpoena.

25  **REQUEST FOR PRODUCTION NO. 153:**

26    All COMMUNICATIONS with Hitachi, Ltd. RELATED TO digital still cameras, digital

27  camcorders, or related technology.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 153**:

Apple objects to the terms "related to" and "related technology" as vague, ambiguous, and potentially overbroad, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce all documents produced by Hitachi, Ltd. in response to Apple's subpoena of Hitachi, Ltd. and all communications between Apple and Hitachi, Ltd. in connection with the subpoena.

**REQUEST FOR PRODUCTION NO. 154:**

All COMMUNICATIONS with any third parties RELATED TO any products, patents, or technology developed by or on behalf of Hitachi, Ltd. RELATED TO digital still cameras, digital camcorders, or related technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 154**:

Apple objects to the terms "related to" and "related technology" as vague, ambiguous, and potentially overbroad, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce the documents required by the Patent Local Rules.  To the extent that this request seeks additional documents, Apple is willing to meet and confer with Samsung to discuss the scope of the documents sought.

**REQUEST FOR PRODUCTION NO. 155:**

DOCUMENTS sufficient to show the model number of each APPLE ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

1    Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the

2    extent it is overly broad and unduly burdensome and to the extent it seeks information that is

3    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

4    objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

5    Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

6    that it purports to impose a duty on Apple to identify a comprehensive set of discrete products

7    that Samsung asserts have functionality that come within the scope of any claim of the Samsung

8    Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

9    the extent it includes products that are not made, used, offered for sale, or sold in the United

10   States.  For purposes of responding to this Request, Apple interprets the term "APPLE

11   ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

12   Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

13   Subject to and without waiving the foregoing General and Specific Objections, Apple has

14   produced or will produce responsive, non-privileged documents sufficient to show the requested

15   information.

16   **REQUEST FOR PRODUCTION NO. 156:**

17   DOCUMENTS sufficient to correlate the model number of each APPLE ACCUSED

18   PRODUCT with any and all other internal numbers or designations associated with that product.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 156**:

20   Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the

21   extent it is overly broad and unduly burdensome and to the extent it seeks information that is

22   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

23   objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

24   Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

25   that it purports to impose a duty on Apple to identify a comprehensive set of discrete products

26   that Samsung asserts have functionality that come within the scope of any claim of the Samsung

27   Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

28

1    the extent it includes products that are not made, used, offered for sale, or sold in the United

2    States.  For purposes of responding to this Request, Apple interprets the term "APPLE

3    ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

4    Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.  Apple

5    further objects to the term "internal numbers or designations" as undefined and, therefore, vague

6    and ambiguous.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple

8    will provide the requested information in response to an interrogatory.

9    **REQUEST FOR PRODUCTION NO. 157:**

10        DOCUMENTS sufficient to correlate any technical documentation concerning each

11   APPLE ACCUSED PRODUCT with marketing and financial documentation (e.g., documents

12   showing unit sales, revenues, etc.) associated with that product.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 157**:

14        Apple objects to this request because the phrase "sufficient to correlate any technical

15   documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial

16   documentation" is vague and ambiguous, and does not describe with reasonable particularity the

17   documents sought.

18        Subject to and without waiving the foregoing General and Specific Objections, Apple is

19   willing to meet and confer to discuss the scope and relevance of the documents sought by

20   Samsung.

21   **REQUEST FOR PRODUCTION NO. 158:**

22        All DOCUMENTS RELATED TO the use, operation, intended operation, or intended

23   use of the APPLE ACCUSED PRODUCTS by consumers, including, but not limited to,

24   instructions, user manuals, service manuals, training materials, packaging materials, marketing

25   materials, or any materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

27

28

Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents regarding components and/or functionality not at issue in this lawsuit. Apple further objects to the terms "intended operation" and "intended use" as vague and ambiguous. Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce instructions and user manuals provided to customers of the accused Apple products located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 159:**

1    All DOCUMENTS RELATED TO the design and development of each of the APPLE

2    ACCUSED PRODUCTS, including, without limitation, all notebooks, diagrams, progress

3    reports, studies, internal memoranda, contracts for services, and COMMUNICATIONS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 159**:

5    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

6    and because it does not describe with reasonable particularity the documents sought.  Apple

7    objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

8    ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

9    discovery of admissible evidence, including without limitation because it seeks documents

10   regarding components, features, and functionality not identified by Samsung in its Infringement

11   Contentions.  Apple also objects to this request to the extent that it seeks documents and things

12   protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or

13   common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple

14   objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

15   broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

16   reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to

17   Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple

18   also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it

19   purports to impose a duty on Apple to identify a comprehensive set of discrete products that

20   Samsung asserts have functionality that come within the scope of any claim of the Samsung

21   Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

22   the extent it includes products that are not made, used, offered for sale, or sold in the United

23   States.  For purposes of responding to this Request, Apple interprets the term "APPLE

24   ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

25   Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

26   Subject to and without waiving the foregoing General and Specific Objections, Apple has

27   produced or will produce responsive, non-privileged documents in its possession, custody, or

28

1   control, if any, located after a reasonable search as discussed in more detail above, to the extent

2   such documents describe features and functionality accused by Samsung in its Infringement

3   Contentions.

4   **REQUEST FOR PRODUCTION NO. 160:**

5           All DOCUMENTS RELATING TO any software used to operate or enable any accused

6   functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

7   notes, algorithms, flowcharts, diagrams, notes, and manuals.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

9           Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

10  and because it does not describe with reasonable particularity the documents sought.  Apple

11  objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

12  ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

13  discovery of admissible evidence, including without limitation because it seeks documents

14  regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

15  objects to this request to the extent that it seeks documents and things protected from disclosure

16  by the attorney-client privilege, work product doctrine, joint defense or common interest

17  privilege, or any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's

18  definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly

19  burdensome and to the extent it seeks information that is neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's

21  definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to

22  Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to

23  impose a duty on Apple to identify a comprehensive set of discrete products that Samsung

24  asserts have functionality that come within the scope of any claim of the Samsung Patents-In-

25  Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent

26  it includes products that are not made, used, offered for sale, or sold in the United States.  For

27  purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED

28

1   PRODUCTS" to mean those products that are specifically identified and accused in Samsung's

2   Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

3         Subject to and without waiving the foregoing General and Specific Objections, Apple has

4   produced or will produce responsive, non-privileged documents in its possession, custody, or

5   control, if any, located after a reasonable search as discussed in more detail above, to the extent

6   such documents describe features functionality accused by Samsung in its Infringement

7   Contentions.

8   **REQUEST FOR PRODUCTION NO. 161:**

9         All DOCUMENTS RELATING TO any hardware used to operate or enable any accused

10  functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

11  notes, algorithms, flowcharts, diagrams, notes, manuals, specifications, photographs, CAD

12  drawings, or bills of materials.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

14        Apple objects to the terms "relating to" and "used to operate or enable" as vague,

15  ambiguous, and potentially overbroad, and because they do not describe with reasonable

16  particularity the documents sought.  Apple objects to this request as overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

18  including without limitation because it seeks documents regarding components, features, and/or

19  functionality not at issue in this lawsuit.  Apple objects to Samsung's definition of "APPLE

20  ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the

21  extent it seeks information that is neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

23  ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

24  of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

25  identify a comprehensive set of discrete products that Samsung asserts have functionality that

26  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

27  definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

28

1  made, used, offered for sale, or sold in the United States.  For purposes of responding to this

2  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

3  that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

4  Contentions, served on June 15, 2012.

5      Subject to and without waiving the foregoing General and Specific Objections, Apple has

6  produced or will produce responsive, non-privileged documents in its possession, custody, or

7  control, if any, located after a reasonable search, that describe relevant components, features,

8  and/or functionality identified by Samsung in its Infringement Contentions.

9  **REQUEST FOR PRODUCTION NO. 162:**

10      All versions of the source code used to operate or enable any accused functionality for

11  any of the APPLE ACCUSED PRODUCTS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162**:

13      Apple objects to the phrase "used to operate or enable" as vague and ambiguous.  Apple

14  further objects to this request to the extent that it seeks documents outside of Apple's possession,

15  custody, or control.  Apple objects to Samsung's definition of "APPLE ACCUSED

16  PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery of

18  admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED

19  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE

20  ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a

21  comprehensive set of discrete products that Samsung asserts have functionality that come within

22  the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of

23  "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used,

24  offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple

25  interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are

26  specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

27  Contentions, served on June 15, 2012.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2 made or will make available for inspection source code in its possession, custody, or control, if

3 any, located after a reasonable search, regarding the accused functionality as identified by

4 Samsung in its Infringement Contentions.

5 **REQUEST FOR PRODUCTION NO. 163:**

6    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

7 software, firmware, source code, components, circuits, or any other aspect of the '087 PATENT

8 ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

9 communicating, enabling, or otherwise facilitating the non-scheduled transmission of packetized

10 data from an APPLE ACCUSED PRODUCT through any WCDMA network employing

11 enhanced uplink dedicated channel (E-DCH) technology.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

13    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

14 and because it does not describe with reasonable particularity the documents sought.  Apple

15 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

16 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

17 discovery of admissible evidence, including without limitation because it seeks documents

18 regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further

19 objects to the phrase "WCDMA network employing enhanced uplink dedicated channel (E-

20 DCH) technology" as vague and ambiguous.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple has

22 made or will make available for inspection source code in its possession, custody, or control, if

23 any, located after a reasonable search, regarding the accused functionality as identified by

24 Samsung in its Infringement Contentions.

25 **REQUEST FOR PRODUCTION NO. 164:**

26    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

27 software, firmware, source code, components, circuits, or any other aspect of the '596 PATENT

28

1   ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

2   communicating, enabling, or otherwise facilitating the exchange of control information for

3   packetized data transmission from an APPLE ACCUSED PRODUCT through any WCDMA

4   network employing enhanced uplink dedicated channel (E-DCH) technology.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 164**:

6          Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

7   and because it does not describe with reasonable particularity the documents sought.  Apple

8   objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

9   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

10  discovery of admissible evidence, including without limitation because it seeks documents

11  regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further

12  objects to the phrase "WCDMA network employing enhanced uplink dedicated channel (E-

13  DCH) technology" as vague and ambiguous.

14         Subject to and without waiving the foregoing General and Specific Objections, Apple has

15  made or will make available for inspection source code in its possession, custody, or control, if

16  any, located after a reasonable search, regarding the accused functionality as identified by

17  Samsung in its Infringement Contentions.

18  **REQUEST FOR PRODUCTION NO. 165:**

19         All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

20  software, firmware, source code, components, circuits, or any other aspect of the '470 PATENT

21  ACCUSED PRODUCTS that is RELATED TO controlling the volume of audio playback.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165**:

23         Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

24  and because it does not describe with reasonable particularity the documents sought.  Apple

25  objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

26  ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

27  discovery of admissible evidence, including without limitation because it seeks documents

28

1    regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

2    objects to the term "controlling the volume of audio playback" as vague and ambiguous.

3           Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    made or will make available for inspection source code in its possession, custody, or control, if

5    any, located after a reasonable search, regarding the accused functionality as identified by

6    Samsung in its Infringement Contentions.

7    **REQUEST FOR PRODUCTION NO. 166:**

8           All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

9    software, firmware, source code, components, circuits, or any other aspect of the '757 PATENT

10   ACCUSED PRODUCTS that is RELATED TO synchronizing multimedia files associated with

11   one or more users and stored across any '757 PATENT ACCUSED PRODUCTS using network

12   transmissions.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 166**:

14          Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

15   and because it does not describe with reasonable particularity the documents sought.  Apple

16   objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

17   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

18   discovery of admissible evidence, including without limitation because it seeks documents

19   regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further

20   objects to the phrase "synchronizing multimedia files associated with one or more users and

21   stored across any '757 PATENT ACCUSED PRODUCTS using network transmissions" as

22   vague and ambiguous.

23          Subject to and without waiving the foregoing General and Specific Objections, Apple has

24   made or will make available for inspection source code in its possession, custody, or control, if

25   any, located after a reasonable search, regarding the accused functionality as identified by

26   Samsung in its Infringement Contentions.

27   **REQUEST FOR PRODUCTION NO. 167:**

28

1   All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

2   software, firmware, source code, components, circuits, or any other aspect of the '058 PATENT

3   ACCUSED PRODUCTS that is RELATED TO displaying content in layers, including

4   expanding portions of the displayed content that are selected by a user.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 167**:

6   Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

7   and because it does not describe with reasonable particularity the documents sought.  Apple

8   objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

9   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

10  discovery of admissible evidence, including without limitation because it seeks documents

11  regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

12  objects to the phrase "displaying content in layers" as vague and ambiguous.

13  Subject to and without waiving the foregoing General and Specific Objections, Apple has

14  made or will make available for inspection source code in its possession, custody, or control, if

15  any, located after a reasonable search, regarding the accused functionality as identified by

16  Samsung in its Infringement Contentions.

17  **REQUEST FOR PRODUCTION NO. 168:**

18  All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

19  software, firmware, source code, components, circuits, or any other aspect of the '179 PATENT

20  ACCUSED PRODUCTS that is RELATED TO displaying a keyboard on a touchscreen and

21  processing user input that consists of contact with the displayed keys.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168**:

23  Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

24  and because it does not describe with reasonable particularity the documents sought.  Apple

25  objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

26  ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

27  discovery of admissible evidence, including without limitation because it seeks documents

28

1   regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

2   objects to the phrase "processing user input that consists of contact with the displayed keys" as

3   vague and ambiguous.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   made or will make available for inspection source code in its possession, custody, or control, if

6   any, located after a reasonable search, regarding the accused functionality as identified by

7   Samsung in its Infringement Contentions.

8   **REQUEST FOR PRODUCTION NO. 169:**

9        All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

10  software, firmware, source code, components, circuits, or any other aspect of the '449 PATENT

11  ACCUSED PRODUCTS that is RELATED TO the capture, processing, storage, retrieval, or

12  display of still or moving images.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169**:

14       Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

15  and because it does not describe with reasonable particularity the documents sought.  Apple

16  objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

17  ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

18  discovery of admissible evidence, including without limitation because it seeks documents

19  regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

20  objects to the term "processing" as vague and ambiguous.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple has

22  made or will make available for inspection source code in its possession, custody, or control, if

23  any, located after a reasonable search, regarding the accused functionality as identified by

24  Samsung in its Infringement Contentions.

25  **REQUEST FOR PRODUCTION NO. 170:**

26       All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

27  software, firmware, source code, components, circuits, or any other aspect of the '239 PATENT

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
Case No. 12-cv-00630 (LHK)

1   ACCUSED PRODUCTS that is RELATED TO the capture, processing, and packetized

2   transmission of multimedia data.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 170**:

4          Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,

5   and because it does not describe with reasonable particularity the documents sought.  Apple

6   objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

7   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

8   discovery of admissible evidence, including without limitation because it seeks documents

9   regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also

10  objects to the terms "processing" and "capture" as vague and ambiguous.

11         Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  made or will make available for inspection source code in its possession, custody, or control, if

13  any, located after a reasonable search, regarding the accused functionality as identified by

14  Samsung in its Infringement Contentions.

15  **REQUEST FOR PRODUCTION NO. 171:**

16         A fully operational exemplar of the Baseband Processors used in each APPLE

17  ACCUSED PRODUCT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171**:

19         Apple objects to the term "fully operational exemplar" as vague and ambiguous.  Apple

20  objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

21  broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

22  reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to

23  Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple

24  also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it

25  purports to impose a duty on Apple to identify a comprehensive set of discrete products that

26  Samsung asserts have functionality that come within the scope of any claim of the Samsung

27  Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

28

1  the extent it includes products that are not made, used, offered for sale, or sold in the United

2  States.  For purposes of responding to this Request, Apple interprets the term "APPLE

3  ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

4  Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

5      Subject to and without waiving the foregoing General and Specific Objections, Apple is

6  willing to meet and confer to discuss the mutual exchange of an agreed upon number of samples

7  of each accused shipping Apple and Samsung product.

8  **REQUEST FOR PRODUCTION NO. 172:**

9      DOCUMENTS sufficient to show each Baseband Processor incorporated in each APPLE

10 ACCUSED PRODUCT.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 172**:

12     Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the

13 extent it is overly broad and unduly burdensome and to the extent it seeks information that is

14 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

15 objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

16 Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

17 that it purports to impose a duty on Apple to identify a comprehensive set of discrete products

18 that Samsung asserts have functionality that come within the scope of any claim of the Samsung

19 Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

20 the extent it includes products that are not made, used, offered for sale, or sold in the United

21 States.  For purposes of responding to this Request, Apple interprets the term "APPLE

22 ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

23 Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

24     Subject to and without waiving the foregoing General and Specific Objections, Apple has

25 produced or will produce responsive, non-privileged documents in its possession, custody, or

26 control located after a reasonable search that are sufficient to show to the requested information.

27 **REQUEST FOR PRODUCTION NO. 173:**

28
APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
37                          Case No. 12-cv-00630 (LHK)

1        All technical DOCUMENTS describing the structure, function, and/or operation of each

2    Baseband Processor used in each APPLE ACCUSED PRODUCT.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 173**:

4        Apple objects to this request on grounds that it is overly broad, unduly burdensome, and

5    not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as

6    this request seeks documents describing functionality not identified by Samsung in its

7    Infringement Contentions.  Apple objects to Samsung's definition of "APPLE ACCUSED

8    PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

9    information that is neither relevant nor reasonably calculated to lead to the discovery of

10    admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED

11    PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE

12    ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a

13    comprehensive set of discrete products that Samsung asserts have functionality that come within

14    the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of

15    "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used,

16    offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple

17    interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are

18    specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

19    Contentions, served on June 15, 2012.  Apple objects to the extent that this request seeks

20    confidential documents of third parties in Apple's possession; to the extent Apple produces such

21    documents, it will do so after providing notice and receiving consent from such third parties.

22        Subject to and without waiving the foregoing General and Specific Objections, Apple has

23    produced or will produce responsive, non-privileged documents in its possession, custody, or

24    control, if any, located after a reasonable search regarding the accused functionality as identified

25    by Samsung in its Infringement Contentions..

26    **REQUEST FOR PRODUCTION NO. 174:**

27

28

1     All software, including executable software, used to operate or enable the function of

2  every Baseband Processor incorporated into each APPLE ACCUSED PRODUCT, whether

3  stored on the Baseband Processor itself or in external memory.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174**:

5     Apple objects to this request as vague, ambiguous, and unintelligible, in particular with

6  respect to the use of the phrase "function of every Baseband Processor" and the term "external

7  memory." Apple also objects to this request on grounds that it is overly broad, unduly

8  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

9  especially insofar as it seeks "All Software."  Apple objects to Samsung's definition of "APPLE

10  ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the

11  extent it seeks information that is neither relevant nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

13  ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

14  of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

15  identify a comprehensive set of discrete products that Samsung asserts have functionality that

16  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

17  definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

18  made, used, offered for sale, or sold in the United States.  For purposes of responding to this

19  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

20  that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

21  Contentions, served on June 15, 2012.  Apple objects to the extent that this request seeks

22  confidential documents of third parties in Apple's possession; to the extent Apple produces such

23  documents, it will do so after providing notice and receiving consent from such third parties.

24     Subject to and without waiving the foregoing General and Specific Objections, Apple is

25  willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request.

26  **REQUEST FOR PRODUCTION NO. 175:**

27

28

1    All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

2   including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

3   with 3GPP Release 6 protocols or later, including but not limited to 3GPP TS 25.321 v6.6.0 or

4   3GPP TS 25.331 v6.6.0.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 175**:

6    Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and

7   because they do not describe with reasonable particularity the documents sought.  Apple further

8   objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

9   calculated to lead to the discovery of admissible evidence.  Apple also objects to this request to

10   the extent that it seeks the production of documents that are protected from discovery by the

11   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

12   any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's definition of

13   "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and

14   to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

15   discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

16   ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

17   of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

18   identify a comprehensive set of discrete products that Samsung asserts have functionality that

19   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

20   definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

21   made, used, offered for sale, or sold in the United States.  For purposes of responding to this

22   Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

23   that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

24   Contentions, served on June 15, 2012.

25    Subject to and without waiving the foregoing General and Specific Objections, Apple has

26   produced or will produce responsive, non-privileged documents in its possession, custody, or

27   control, if any, located after a reasonable search as discussed in more detail above.

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
40                               Case No. 12-cv-00630 (LHK)

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT, including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT, with 3GPP Release 5 protocols or later, including but not limited to 3GPP TR 21.905 v5.8.0.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple also objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 177:**

All DOCUMENTS RELATING TO the compliance of the APPLE ACCUSED PRODUCTS with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not limited to, source code, hardware code, user manuals, service manuals, training materials, programming guides, data sheets, schematics, drawings, figures, design materials, packaging materials, marketing materials, and licensing agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Apple objects to the phrases "relating to," "compliance, and "technical specifications for systems utilizing WCDMA, GSM, or UMTS" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents pertaining to portions of standards to which the Samsung Patents-In-Suit are not declared essential.  Apple also objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple interprets the term "APPLE

1      ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

2      Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

3          Subject to and without waiving the foregoing General and Specific Objections, Apple is

4      willing to meet and confer to discuss the scope and relevance of the documents sought by

5      Samsung.

6      **REQUEST FOR PRODUCTION NO. 178:**

7          DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

8      PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

9      the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules,

10     stations, or systems supporting WCDMA, GSM, or UMTS.

11     **RESPONSE TO REQUEST FOR PRODUCTION NO. 178**:

12          Apple objects to this request as overly broad, unduly burdensome, and not reasonably

13     calculated to lead to the discovery of admissible evidence, including without limitation because it

14     seeks documents regarding components and/or functionality not at issue in this lawsuit.  Apple

15     objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

16     broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

17     reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to

18     Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple

19     also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it

20     purports to impose a duty on Apple to identify a comprehensive set of discrete products that

21     Samsung asserts have functionality that come within the scope of any claim of the Samsung

22     Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

23     the extent it includes products that are not made, used, offered for sale, or sold in the United

24     States.  For purposes of responding to this Request, Apple interprets the term "APPLE

25     ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

26     Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

27

28

1   Subject to and without waiving the foregoing General and Specific Objections, Apple has

2   produced or will produce responsive, non-privileged documents in its possession, custody, or

3   control, if any, located after a reasonable search as discussed in more detail above.

4   **REQUEST FOR PRODUCTION NO. 179:**

5   All DOCUMENTS, if any, that YOU contend are RELATED TO whether the

6   SAMSUNG PATENTS are essential to one or more of the WCDMA, GSM, or UMTS standards.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

8   Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

9   describe with reasonable particularity the documents sought. Apple objects to this request as

10  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

11  admissible evidence insofar as it seeks documents unrelated to the Technical Specifications or

12  specific portions of standards identified by Samsung in its Infringement Contentions. Apple also

13  objects to this request to the extent that it purports to require the production of documents and

14  things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

15  joint defense or common interest privilege, or any other applicable privilege, doctrine, or

16  immunity.

17  Subject to and without waiving the foregoing General and Specific Objections, Apple has

18  produced or will produce responsive, non-privileged documents in its possession, custody, or

19  control, if any, located after a reasonable search as discussed in more detail above.

20  **REQUEST FOR PRODUCTION NO. 180:**

21  All DOCUMENTS RELATING TO the modification or customization of any software of

22  any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including

23  but not limited to modification performed by APPLE or at APPLE's direction.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

25  Apple objects to the phrases "relating to," "modification," and "customization" as vague

26  and ambiguous, and because they do not describe with reasonable particularity the documents

27  sought.  Apple further objects to this request on grounds that it is overly broad, unduly

28

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

2  especially insofar as it seeks documents relating to the "modification or customization" of any

3  software unrelated to any accused functionality.   Apple objects to the extent that this request

4  seeks confidential documents of third parties in Apple's possession; to the extent Apple produces

5  such documents, it will do so after providing notice and receiving consent from such third

6  parties.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple has

8  produced or will produce responsive, non-privileged documents in its possession, custody, or

9  control describing "modification or customization" of software for the accused functionality, if

10  any, located after a reasonable search as discussed in more detail above.

11  **REQUEST FOR PRODUCTION NO. 181:**

12         All DOCUMENTS prepared by or at the direction of any Baseband Processor

13  manufacturer or supplier RELATED TO the functionality of any Baseband Processor

14  incorporated or used in an APPLE ACCUSED PRODUCT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181**:

16         Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

17  describe with reasonable particularity the documents sought. Apple further objects to this request

18  on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to

19  the discovery of admissible evidence, especially insofar as this request seeks documents

20  describing functionality other than that set forth by Samsung in its Infringement Contentions.

21  Apple objects to the extent that this request seeks confidential documents of third parties in

22  Apple's possession; to the extent Apple produces such documents, it will do so after providing

23  notice and receiving consent from such third parties.

24         Subject to and without waiving the foregoing General and Specific Objections, Apple has

25  produced or will produce responsive, non-privileged documents in its possession, custody, or

26  control describing accused functionality, if any, located after a reasonable search as discussed in

27  more detail above.

28

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the Baseband Processor or the software used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Apple objects to the phrases "reflecting" and "relating to" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.. Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality other than that set forth by Samsung in its Infringement Contentions.  Apple further objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple objects to the extent that this request seeks confidential documents of third parties in Apple's possession; to the extent Apple produces such documents, it will do so after providing notice and receiving consent from such third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Apple objects to the phrases "related to" and "compliance"  as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further

objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents describing functionality not set forth by Samsung in its Infringement Contentions. Apple further objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing testing of accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 184:**

All DOCUMENTS RELATED TO the transmission of images, video, audio, messages, and addresses by the APPLE ACCUSED PRODUCTS, including by email or multimedia message.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Apple objects to the phrase "related to" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality not set forth by Samsung in its Infringement Contentions.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 185:**

1  All DOCUMENTS RELATED TO image processing by the APPLE ACCUSED

2  PRODUCTS, including capture, processing, storage, display, and transmission of images,

3  messages and addresses.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185**:

5  Apple objects to the phrases "related to" and "image processing" as vague and

6  ambiguous, and because they do not describe with reasonable particularity the documents sought.

7  Apple objects to this request on grounds that it is vague, ambiguous, overly broad, unduly

8  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

9  especially insofar as this request seeks documents describing functionality not set forth by

10  Samsung in its Infringement Contentions.

11  Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  produced or will produce responsive, non-privileged documents in its possession, custody, or

13  control describing accused functionality, if any, located after a reasonable search as discussed in

14  more detail above.

15  **REQUEST FOR PRODUCTION NO. 186:**

16  All DOCUMENTS RELATED TO video processing by the APPLE ACCUSED

17  PRODUCTS, including capture, processing, storage, display, and transmission of images,

18  messages and addresses.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186**:

20  Apple objects to the phrases "related to" and "video processing" as vague and

21  ambiguous, and because they do not describe with reasonable particularity the documents sought.

22  Apple objects to this request on grounds that it is vague, ambiguous, overly broad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

24  especially insofar as this request seeks documents describing functionality not set forth by

25  Samsung in its Infringement Contentions.

26  Subject to and without waiving the foregoing General and Specific Objections, Apple has

27  produced or will produce responsive, non-privileged documents in its possession, custody, or

28

1   control describing accused functionality, if any, located after a reasonable search as discussed in

2   more detail above

3   **REQUEST FOR PRODUCTION NO. 187:**

4   All DOCUMENTS RELATED TO the "Mail" and "Camera" applications for the APPLE

5   ACCUSED PRODUCTS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 187**:

7   Apple objects to the phrases "related to" as vague and ambiguous, and because it does not

8   describe with reasonable particularity the documents sought.  Apple objects to this request on

9   grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably

10   calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks

11   documents describing functionality not set forth by Samsung in its Infringement Contentions.

12   Subject to and without waiving the foregoing General and Specific Objections, Apple has

13   produced or will produce responsive, non-privileged documents in its possession, custody, or

14   control describing accused functionality, if any, located after a reasonable search as discussed in

15   more detail above.

16   **REQUEST FOR PRODUCTION NO. 188:**

17   All DOCUMENTS RELATING TO any consideration, decisions, AND/OR attempts to

18   modify OR redesign the APPLE ACCUSED PRODUCTS in view of any claim of any of the

19   SAMSUNG PATENTS.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188**:

21   Apple objects to the phrases "relating to" as vague and ambiguous, and because it does

22   not describe with reasonable particularity the documents sought.  Apple also objects to this

23   request to the extent that it requires a legal conclusion to identify the documents sought.  Apple

24   further objects to this request to the extent that it seeks production of documents and things

25   protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint

26   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

27

28

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 189:**

Two fully operational exemplars of each of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 189**:

Apple objects to the phrase "fully operational exemplars" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the mutual exchange of an agreed upon number of samples of each accused shipping Apple and Samsung product.

**REQUEST FOR PRODUCTION NO. 190:**

All DOCUMENTS RELATING TO any research and development efforts by or on behalf of APPLE RELATED TO the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190**:

Apple objects to the phrases "related to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality not set forth by Samsung in its Infringement Contentions.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 191:**

All DOCUMENTS RELATING TO the manufacture of each of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191**:

Apple objects to the phrases "relating to" and "the manufacture" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality not set forth by Samsung in its Infringement Contentions.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control identifying components used for the manufacture of accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 192:**

DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the location of manufacture, the volume of manufacture, and the time period during which such manufacture occurred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192**:

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to the phrases "the manufacturer" and "volume of manufacture" as vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show sales in the U.S. of accused products during the relevant time period, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 193:**

All DOCUMENTS RELATING TO testing of the functionalities of the APPLE ACCUSED PRODUCTS identified in Samsung's Infringement Contentions.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 193**:

2        Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

3   describe with reasonable particularity the documents sought.  Apple further objects to this

4   request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

5   lead to the discovery of admissible evidence.  Apple further objects to this request to the extent

6   that it seeks the production of documents that are protected from discovery by the attorney-client

7   privilege, work product doctrine, joint defense or common interest privilege, or any other

8   applicable privilege, doctrine, or immunity.

9        Subject to and without waiving the foregoing General and Specific Objections, Apple has

10  produced or will produce responsive, non-privileged documents in its possession, custody, or

11  control describing testing of accused functionality, if any, located after a reasonable search as

12  discussed in more detail above.

13  **REQUEST FOR PRODUCTION NO. 194:**

14       All DOCUMENTS RELATING TO the use of APPLE ACCUSED PRODUCTS by

15  consumers.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 194**:

17       Apple objects to the phrases "relating to" and "the use" as vague and ambiguous, and

18  because they do not describe with reasonable particularity the documents sought.  Apple further

19  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

20  calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

21  documents describing use of functionality not set forth by Samsung in its Infringement

22  Contentions.  Apple further objects to this request to the extent that it seeks the production of

23  documents that are protected from discovery by the attorney-client privilege, work product

24  doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine,

25  or immunity.

26       Subject to and without waiving the foregoing General and Specific Objections, Apple has

27  produced or will produce responsive, non-privileged documents in its possession, custody, or

28

1   control describing use by customers of accused functionality, if any, located after a reasonable

2   search as discussed in more detail above.

3   **REQUEST FOR PRODUCTION NO. 195:**

4       All DOCUMENTS RELATING TO the importation, distribution, marketing, or sale of

5   the APPLE ACCUSED PRODUCTS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 195**:

7       Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

8   describe with reasonable particularity the documents sought.  Apple further objects to this

9   request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

10  lead to the discovery of admissible evidence, especially insofar as it seeks documents describing

11  functionality not set forth by Samsung in its Infringement Contentions.  Apple further objects to

12  this request to the extent that it seeks the production of documents that are protected from

13  discovery by the attorney-client privilege, work product doctrine, joint defense or common

14  interest privilege, or any other applicable privilege, doctrine, or immunity.

15      Subject to and without waiving the foregoing General and Specific Objections, Apple is

16  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

17  Samsung in response to this request that would not already be responsive to another, more

18  narrower request to which Apple has agreed to respond as set forth herein or previously.

19  **REQUEST FOR PRODUCTION NO. 196:**

20      For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show

21  when, where, and by whom the APPLE ACCUSED PRODUCT was sold.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 196**:

23      Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

24  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery

25  of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or

26  for sales not otherwise alleged to infringe.  Apple further objects to this request on the grounds

27

28

that it is unlimited in time.  Apple objects to this request as cumulative of Request for Production No. 195.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to Request for Production No. 195 or another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 197:**

DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from November 2005 for each of the APPLE ACCUSED PRODUCTS, including components thereof:

a. Total gross and net revenues (by product, customer, period and location);

b. Total quantity of units sold (by product, customer, period and location);

c. Cost of goods sold, including but not limited to, direct purchases, direct labor, indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs to the APPLE ACCUSED PRODUCTS;

d. Actual total cost or variances from standard costs;

e. Gross and net profits; and

f. All costs other than standard costs, including but not limited to, selling, advertising, general and administrative expenses, and any allocation of those expenses to the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to infringe and to the extent it seeks documents beyond the time

1  frame relevant to this case.  Apple also objects to this request as vague and ambiguous to the

2  extent that it seeks information regarding "components" of accused products.  Apple further

3  objects to this request to the extent that it seeks documents and things protected from disclosure

4  by the attorney-client privilege, work product doctrine, joint defense or common interest

5  privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to this request as

6  cumulative of other more narrow requests.

7          Subject to and without waiving the foregoing General and Specific Objections, Apple has

8  produced or will produce responsive, non-privileged documents in its possession, custody, or

9  control sufficient to show the requested information for sales in the U.S. of accused products

10  during the relevant time period, if any.  Unless otherwise agreed, Apple will produce sales

11  information in substantially the same format and with substantially the same content as Apple

12  produced sales information in the 11-1846 case.

13  **REQUEST FOR PRODUCTION NO. 198:**

14          All DOCUMENTS RELATING TO sales forecasts, budgets, expenses, costs, and

15  profitability of the APPLE ACCUSED PRODUCTS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 198**:

17          Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

18  describe with reasonable particularity the documents sought.  Apple objects to this request on the

19  grounds that it is overbroad and unduly burdensome, and seeks information that is neither

20  relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example,

21  to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to

22  infringe.

23          Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

25  Samsung in response to this request that would not already be responsive to Request for

26  Production No. 197 or another, more narrower request to which Apple has agreed to respond as

27  set forth herein or previously.

28

**REQUEST FOR PRODUCTION NO. 199:**

All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199**:

Apple objects to the phrase "relating to" and "the pricing" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to infringe.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the price of accused products sold in the U.S. during the relevant time period.

**REQUEST FOR PRODUCTION NO. 200:**

All business plans, strategic plans, operating plans, financial plans, sales plans, and capital or investment plans RELATING TO the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200**:

Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple further objects to the terms "business plans, strategic plans, operating plans, financial plans, sales plans, and capital or investment plans" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.  Apple objects to this request as cumulative of other more narrow requests.

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

3    Samsung in response to this request that would not already be responsive to another, more

4    narrower request to which Apple has agreed to respond as set forth herein or previously.

5    **REQUEST FOR PRODUCTION NO. 201:**

6    All DOCUMENTS and things RELATING TO the market or demand for the APPLE

7    ACCUSED PRODUCTS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

9    Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and

10   not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to the

11   phrases "relating to" and "market or demand" as vague and ambiguous, and because they do not

12   describe with reasonable particularity the documents sought.  Apple further objects to this

13   request to the extent that it seeks documents and things protected from disclosure by the

14   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

15   other applicable privilege, doctrine, or immunity.  Apple objects to this request as cumulative of

16   other more narrow requests.

17   Subject to and without waiving the foregoing General and Specific Objections, Apple is

18   willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

19   Samsung in response to this request that would not already be responsive to another, more

20   narrower request to which Apple has agreed to respond as set forth herein or previously.

21   **REQUEST FOR PRODUCTION NO. 202:**

22   DOCUMENTS sufficient to show the efforts taken by YOU to sell other products or

23   services together, or in connection, with the APPLE ACCUSED PRODUCTS or to effect the

24   sale thereof by third parties, including, but not limited to, distributors and retailers.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

26   Apple objects to this request as overly broad, unduly burdensome, and not reasonably

27   calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

28

1  information regarding sales of products or services that are not analogous to components of a

2  single assembly or do not form a functional unit with the accused products. Apple further objects

3  to the terms "together," "in connection with" and "effect" as vague and ambiguous.  Apple

4  objects to this request to the extent that it seeks documents and things protected from disclosure

5  by the attorney-client privilege, work product doctrine, joint defense or common interest

6  privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to this request as

7  cumulative of other more narrow requests.

8          Subject to and without waiving the foregoing specific objections and General Statement

9  and Objections, Apple is willing to meet and confer to discuss the scope and relevance of the

10  documents sought by Samsung.

11  **REQUEST FOR PRODUCTION NO. 203:**

12          All DOCUMENTS or COMMUNICATIONS RELATING TO PLATFORM

13  STICKINESS of any APPLE ACCUSED PRODUCTS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

15          Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and

16  not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to the

17  phrases "relating to" and "platform stickiness" as vague and ambiguous, and because they do not

18  describe with reasonable particularity the documents sought.  Apple further objects to this

19  request to the extent that it seeks documents and things protected from disclosure by the

20  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

21  other applicable privilege, doctrine, or immunity.  Apple objects to this request as cumulative of

22  other more narrow requests.

23          Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

25  Samsung in response to this request that would not already be responsive to another, more

26  narrower request to which Apple has agreed to respond as set forth herein or previously.

27  **REQUEST FOR PRODUCTION NO. 204:**

28

1    All DOCUMENTS and things RELATING TO any product reviews, comparisons, or

2    usability tests or evaluations of any of the APPLE ACCUSED PRODUCTS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 204**:

4    Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

5    describe with reasonable particularity the documents sought.  Apple further objects to this

6    request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

7    reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

8    seeks documents describing functionality not set forth by Samsung in its Infringement

9    Contentions.  Apple further objects to this request to the extent that it seeks documents and

10   things protected from disclosure by the attorney-client privilege, work product doctrine, joint

11   defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

12   Apple objects to this request as cumulative of other more narrow requests.

13   Subject to and without waiving the foregoing General and Specific Objections, Apple is

14   willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

15   Samsung in response to this request that would not already be responsive to another, more

16   narrower request to which Apple has agreed to respond as set forth herein or previously.

17   **REQUEST FOR PRODUCTION NO. 205:**

18   All DOCUMENTS RELATED TO any competitive testing or comparative analysis of

19   the APPLE ACCUSED PRODUCTS and any SAMSUNG products.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 205**:

21   Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

22   describe with reasonable particularity the documents sought.  Apple further objects to this

23   request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

24   reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

25   seeks documents describing functionality not set forth by Samsung in its Infringement

26   Contentions.  Apple objects to this request to the extent that it seeks documents and things

27   protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or

28

1   common interest privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to

2   this request as cumulative of other more narrow requests.

3          Subject to and without waiving the foregoing General and Specific Objections, Apple is

4   willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

5   Samsung in response to this request that would not already be responsive to another, more

6   narrower request to which Apple has agreed to respond as set forth herein or previously.

7   **REQUEST FOR PRODUCTION NO. 206:**

8          All DOCUMENTS RELATED TO competition between APPLE ACCUSED

9   PRODUCTS and any SAMSUNG products.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 206**:

11         Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

12  describe with reasonable particularity the documents sought.  Apple further objects to this

13  request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

14  reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

15  seeks documents describing functionality not set forth by Samsung in its Infringement

16  Contentions.  Apple objects to this request to the extent that it seeks documents and things

17  protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or

18  common interest privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to

19  this request as cumulative of other more narrow requests.

20         Subject to and without waiving the foregoing General and Specific Objections, Apple is

21  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

22  Samsung in response to this request that would not already be responsive to another, more

23  narrower request to which Apple has agreed to respond as set forth herein or previously.

24  **REQUEST FOR PRODUCTION NO. 207:**

25         All DOCUMENTS RELATED TO any competitive testing or comparative analysis of

26  the '449 PATENT ACCUSED PRODUCTS and any Hitachi products.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 207**:

28

1    Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

2   describe with reasonable particularity the documents sought.  Apple further objects to this

3   request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

4   reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

5   seeks documents describing functionality not set forth by Samsung in its Infringement

6   Contentions.

7    Subject to and without waiving the foregoing General and Specific Objections, Apple has

8   produced or will produce responsive, non-privileged documents in its possession, custody, or

9   control describing accused functionality, if any, located after a reasonable search as discussed in

10   more detail above.

11   **REQUEST FOR PRODUCTION NO. 208:**

12    All DOCUMENTS RELATED TO competition between '449 PATENT ACCUSED

13   PRODUCTS and any Hitachi products.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 208**:

15    Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

16   describe with reasonable particularity the documents sought.  Apple further objects to this

17   request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

18   reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

19   seeks documents describing functionality not set forth by Samsung in its Infringement

20   Contentions.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple has

22   produced or will produce responsive, non-privileged documents in its possession, custody, or

23   control describing accused functionality, if any, located after a reasonable search as discussed in

24   more detail above.

25   **REQUEST FOR PRODUCTION NO. 209:**

26    All DOCUMENTS RELATED TO any competitive testing or comparative analysis of

27   the '757 PATENT ACCUSED PRODUCTS and any ReQuest products.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209**:

Apple objects to the phrase "related to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents describing functionality not set forth by Samsung in its Infringement Contentions.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 210:**

All DOCUMENTS RELATED TO competition between '757 PATENT ACCUSED PRODUCTS and any ReQuest products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 210**:

Apple objects to the phrase "related to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents describing functionality not set forth by Samsung in its Infringement Contentions.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 211:**

1    All DOCUMENTS RELATING TO any Licenses, or the negotiation thereof, relating to

2    the APPLE ACCUSED PRODUCTS or the technology claimed or disclosed by the SAMSUNG

3    PATENTS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 211**:

5    Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not

6    describe with reasonable particularity the documents sought.  Apple further objects to the phrase

7    "claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT" as vague and ambiguous, and

8    because it requires a legal conclusion to interpret and does not describe with reasonable

9    particularity the documents sought.  Apple further objects to this request on grounds that it is

10   vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to

11   the discovery of admissible evidence, especially insofar as it seeks documents for licenses

12   unrelated to functionality set forth by Samsung in its Infringement Contentions.  Apple further

13   objects to this request to the extent that it seeks documents and things protected from disclosure

14   by the attorney-client privilege, work product doctrine, joint defense or common interest

15   privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to the extent that

16   this request seeks confidential documents of third parties in Apple's possession; to the extent

17   Apple produces such documents, it will do so after providing notice and receiving consent from

18   such third parties.

19   Subject to and without waiving the foregoing General and Specific Objections, Apple is

20   willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

21   Samsung in response to this request that would not already be responsive to another, more

22   narrower request to which Apple has agreed to respond as set forth herein or previously.

23   **REQUEST FOR PRODUCTION NO. 212:**

24   All licenses in which YOU have received or conveyed rights under a patent RELATING

25   TO the APPLE ACCUSED PRODUCTS.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 212**:

27

28

Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents for licenses unrelated to functionality set forth by Samsung in its Infringement Contentions.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity. Apple objects to the extent that this request seeks confidential documents of third parties in Apple's possession; to the extent Apple produces such documents, it will do so after providing notice and receiving consent from such third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 213:**

All licenses, whether YOU are the licensor or licensee, RELATED TO any of the APPLE ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies claimed or disclosed by the SAMSUNG PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 213**:

Apple objects to the phrases "related to" and "relating to" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further objects to the phrase "claimed or disclosed by the SAMSUNG PATENTS-IN-SUIT" as vague and ambiguous, and because it requires a legal conclusion to interpret and does not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents for licenses

1  unrelated to functionality set forth by Samsung in its Infringement Contentions.  Apple further

2  objects to this request to the extent that it seeks documents and things protected from disclosure

3  by the attorney-client privilege, work product doctrine, joint defense or common interest

4  privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to the extent that

5  this request seeks confidential documents of third parties in Apple's possession; to the extent

6  Apple produces such documents, it will do so after providing notice and receiving consent from

7  such third parties.

8        Subject to and without waiving the foregoing General and Specific Objections, Apple is

9  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

10  Samsung in response to this request that would not already be responsive to another, more

11  narrower request to which Apple has agreed to respond as set forth herein or previously.

12  **REQUEST FOR PRODUCTION NO. 214:**

13        All DOCUMENTS RELATING TO any indemnification request or agreement regarding

14  any APPLE ACCUSED PRODUCT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

16        Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

17  and because it does not describe with reasonable particularity the documents sought.  Apple

18  objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

19  to the discovery of admissible evidence.  Apple also objects to this request to the extent that it

20  purports to require the production of documents and things protected from disclosure by the

21  attorney-client privilege, attorney work product doctrine, joint defense or common interest

22  privilege, or any other applicable privilege, doctrine, or immunity.  Apple objects to the extent

23  that this request seeks confidential documents of third parties in Apple's possession; to the extent

24  Apple produces such documents, it will do so after providing notice and receiving consent from

25  such third parties.

26

27

28

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 215:**

DOCUMENTS sufficient to identify each of YOUR divisions, departments, business units, related companies, partnerships, collaborations, or subdivisions, including without limitation each company involved in the design, development, manufacture, marketing, promotion, importation, distribution, or sale of any APPLE ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents unrelated to functionality set forth by Samsung in its Infringement Contentions. Apple objects to the phrases "related companies," "partnerships," "collaborations, and "subdivisions" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 216:**

All DOCUMENTS RELATING TO the commercial success AND/OR popularity of ANY features AND/OR functionality of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

Apple objects to the phrases "relating to" and "commercial success AND/OR popularity" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further objects to this request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence, especially insofar as it seeks documents unrelated to features and functionality set forth by Samsung in its Infringement Contentions.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 217:**

DOCUMENTS sufficient to show, by revenues and units sold, Apple's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 217**:

Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks documents beyond the time frame relevant to this case.  Apple objects to the phrase "the relevant market" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity. Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show U.S. market share for accused products, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 218:**

DOCUMENTS sufficient to show, by revenues and units sold, Samsung's market share in

1  the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 218**:

3         Apple objects to this request as overly broad, unduly burdensome, and not reasonably

4  calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks

5  documents beyond the time frame relevant to this case.  Apple objects to the phrase "the relevant

6  market" as vague and ambiguous, and because it does not describe with reasonable particularity

7  the documents sought.  Apple further objects to this request to the extent that it seeks documents

8  and things protected from disclosure by the attorney-client privilege, work product doctrine, joint

9  defense or common interest privilege, or other applicable privilege, doctrine, or immunity.

10 Apple objects to this request as cumulative of other more narrow requests.

11        Subject to and without waiving the foregoing General and Specific Objections, Apple has

12 produced or will produce responsive, non-privileged documents in its possession, custody, or

13 control sufficient to show U.S. market share for accused products, if any, located after a

14 reasonable search as discussed in more detail above.

15 **REQUEST FOR PRODUCTION NO. 219:**

16        All DOCUMENTS or COMMUNICATIONS RELATING TO any network effects

17 attributable to any APPLE ACCUSED PRODUCTS.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 219**:

19        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

20 calculated to lead to the discovery of admissible evidence.  Apple also objects to the phrases

21 "relating to" and "network effects" as vague and ambiguous, and because they do not describe

22 with reasonable particularity the documents sought.  Apple further objects to this request to the

23 extent it seeks production of documents that are protected from discovery by the attorney-client

24 privilege or the work product doctrine, or any other applicable privilege or immunity.  Apple

25 objects to this request as cumulative of other more narrow requests.

26

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

3    Samsung in response to this request that would not already be responsive to another, more

4    narrower request to which Apple has agreed to respond as set forth herein or previously.

5    **REQUEST FOR PRODUCTION NO. 220:**

6    All DOCUMENTS RELATING TO consumer demand for ANY feature AND/OR

7    functionality of the APPLE ACCUSED PRODUCTS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 220**:

9    Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and

10   not reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to the

11   phrases "relating to" and "customer demand" as vague and ambiguous, and because they do not

12   describe with reasonable particularity the documents sought.  Apple further objects to this

13   request on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not

14   reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

15   seeks documents unrelated to features and functionality set forth by Samsung in its Infringement

16   Contentions.  Apple objects to this request to the extent that it seeks documents and things

17   protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or

18   common interest privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to

19   this request as cumulative of other more narrow requests.

20   Subject to and without waiving the foregoing General and Specific Objections, Apple is

21   willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

22   Samsung in response to this request that would not already be responsive to another, more

23   narrower request to which Apple has agreed to respond as set forth herein or previously.

24   **REQUEST FOR PRODUCTION NO. 221:**

25   All DOCUMENTS RELATING TO Apple's capacity or lack of capacity to manufacture

26   smartphones or tablets since 2005.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 221**:

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
69          Case No. 12-cv-00630 (LHK)

1    Apple objects to the phrases "relating to" and "capacity or lack of capacity" as vague and

2    ambiguous, and because they do not describe with reasonable particularity the documents sought.

3    Apple further objects to this request to the extent that it seeks documents and things protected

4    from disclosure by the attorney-client privilege, work product doctrine, joint defense or common

5    interest privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to this

6    request as cumulative of other more narrow requests.

7    Subject to and without waiving the foregoing General and Specific Objections, Apple is

8    willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

9    Samsung in response to this request that would not already be responsive to another, more

10   narrower request to which Apple has agreed to respond as set forth herein or previously.

11   **REQUEST FOR PRODUCTION NO. 222:**

12   All DOCUMENTS RELATING TO a decline in iPhone sales during 2012 attributable, in

13   whole or in part, to anticipation of the release of the iPhone 5.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

15   Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad,

16   and because it does not describe with reasonable particularity the documents sought.  Apple

17   objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead

18   to the discovery of admissible evidence.

19   Subject to and without waiving the foregoing General and Specific Objections, Apple is

20   willing to meet and confer to discuss the scope and relevance of the documents sought by

21   Samsung.

22   **REQUEST FOR PRODUCTION NO. 223:**

23   All DOCUMENTS referring or RELATING TO YOUR use of litigation as a business

24   strategy in connection with the smartphone and/or tablet markets.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

26   Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

27   because it does not describe with reasonable particularity the documents sought.  Apple objects

28

to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

to the extent it seeks production of documents that are protected from discovery by the attorney-

client privilege or the work product doctrine, or any other applicable privilege or immunity.

Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is

willing to meet and confer to discuss the scope and relevance of the documents sought by

Samsung.

**REQUEST FOR PRODUCTION NO. 224:**

All DOCUMENTS referring or RELATING TO YOUR use of litigation as part of a

strategy to address competition from the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

because it does not describe with reasonable particularity the documents sought.  Apple objects

to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

to the extent it seeks production of documents that are protected from discovery by the attorney-

client privilege or the work product doctrine, or any other applicable privilege or immunity.

Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is

willing to meet and confer to discuss the scope and relevance of the documents sought by

Samsung.

**REQUEST FOR PRODUCTION NO. 225:**

All DOCUMENTS referring or RELATING TO YOUR loss of market share in the

smartphone market, if any, as a result of YOUR release cycle in connection with YOUR

smartphones and/or tablets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

Apple objects to the phrases "referring or relating to" and "release cycle" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity. Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 226:**

All DOCUMENTS referring or RELATING TO any analysis of the effect on market share of YOUR release cycle in connection with smartphones and/or tablets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

Apple objects to the phrases "referring or relating to" and "release cycle" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity. Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 227:**

1    All DOCUMENTS referring or RELATING TO YOUR efforts to coordinate with any

2  other entities in connection with litigation related to the Android operating system.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 227**:

4    Apple objects to the phrases "referring or relating to" and "any other entities" as vague

5  and ambiguous, and because they do not describe with reasonable particularity the documents

6  sought.  Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome,

7  and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further

8  objects to this request to the extent it seeks production of documents that are protected from

9  discovery by the attorney-client privilege or the work product doctrine, or any other applicable

10 privilege or immunity.  Apple objects to this request as cumulative of other more narrow

11 requests.

12    Subject to and without waiving the foregoing General and Specific Objections, Apple is

13 willing to meet and confer to discuss the scope and relevance of the documents sought by

14 Samsung.

15 **REQUEST FOR PRODUCTION NO. 228:**

16    All DOCUMENTS referring or RELATING TO YOUR efforts to coordinate with any

17 other entities in competing with the Android operating system.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 228**:

19    Apple objects to the phrases "referring or relating to" and "any other entities" as vague

20 and ambiguous, and because they do not describe with reasonable particularity the documents

21 sought.  Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome,

22 and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further

23 objects to this request to the extent it seeks production of documents that are protected from

24 discovery by the attorney-client privilege or the work product doctrine, or any other applicable

25 privilege or immunity.  Apple objects to this request as cumulative of other more narrow

26 requests.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **REQUEST FOR PRODUCTION NO. 229:**

5    All DOCUMENTS referring or RELATING TO any COMMUNICATIONS between

6  YOU and any carrier, reseller or distributor of Samsung products in which YOU refer to that

7  entity's sale of Samsung products.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

9    Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

10  because it does not describe with reasonable particularity the documents sought.  Apple objects

11  to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

12  calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

13  to the extent it seeks production of documents that are protected from discovery by the attorney-

14  client privilege or the work product doctrine, or any other applicable privilege or immunity.

15  Apple objects to this request as cumulative of other more narrow requests.

16    Subject to and without waiving the foregoing General and Specific Objections, Apple is

17  willing to meet and confer to discuss the scope and relevance of the documents sought by

18  Samsung.

19  **REQUEST FOR PRODUCTION NO. 230:**

20    All DOCUMENTS referring or RELATING TO any COMMUNICATIONS between

21  YOU and any carrier, reseller or distributor of Samsung products in which the terms of any

22  proposed business relationship relate to that entity's sale of Samsung products.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

24    Apple objects to the phrases "referring or relating to" and "any proposed business

25  relationship" as vague and ambiguous, and because they do not describe with reasonable

26  particularity the documents sought.  Apple objects to this request as vague, ambiguous, overly

27  broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28

evidence.  Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.  Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 231:**

All DOCUMENTS referring or RELATING TO any perceived threat posed by the Android operating system, including any perceived threats posed by any individual products based on their use or implementation of the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

Apple objects to the phrases "referring or relating to" and "any perceived threat(s)" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.  Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 232:**

All DOCUMENTS referring or RELATING TO YOUR plan or strategy to address any perceived threat posed by the Android operating system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

1    Apple objects to the phrases "referring or relating to" and "any perceived threat" as vague

2    and ambiguous, and because they do not describe with reasonable particularity the documents

3    sought.  Apple objects to this request as vague, ambiguous, overly broad, unduly burdensome,

4    and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further

5    objects to this request to the extent it seeks production of documents that are protected from

6    discovery by the attorney-client privilege or the work product doctrine, or any other applicable

7    privilege or immunity.  Apple objects to this request as cumulative of other more narrow

8    requests.

9    Subject to and without waiving the foregoing General and Specific Objections, Apple is

10   willing to meet and confer to discuss the scope and relevance of the documents sought by

11   Samsung.

12   **REQUEST FOR PRODUCTION NO. 233:**

13   All DOCUMENTS referring or RELATING TO YOUR plan or strategy to acquire

14   patents in order to assert those patents against any Android product or against any manufacturer

15   of Android products.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 233**:

17   Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

18   because it does not describe with reasonable particularity the documents sought.  Apple objects

19   to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

20   calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

21   to the extent it seeks production of documents that are protected from discovery by the attorney-

22   client privilege or the work product doctrine, or any other applicable privilege or immunity.

23   Apple objects to this request as cumulative of other more narrow requests.

24   Subject to and without waiving the foregoing General and Specific Objections, Apple is

25   willing to meet and confer to discuss the scope and relevance of the documents sought by

26   Samsung.

27   **REQUEST FOR PRODUCTION NO. 234:**

28

1    All DOCUMENTS referring or RELATING TO any common interest agreement or joint

2    defense agreement between Apple and any other person or entity concerning any litigation

3    related to the Android operating system.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 234**:

5    Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

6    because it does not describe with reasonable particularity the documents sought.  Apple objects

7    to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

8    discovery of admissible evidence.  Apple also objects to this request to the extent it seeks

9    production of documents that are protected from discovery by the attorney-client privilege or the

10   work product doctrine, or any other applicable privilege or immunity.  Apple objects to this

11   request as cumulative of other more narrow requests.

12   Subject to and without waiving the foregoing General and Specific Objections, Apple is

13   willing to meet and confer to discuss the scope and relevance of the documents sought by

14   Samsung.

15   **REQUEST FOR PRODUCTION NO. 235:**

16   All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or

17   influence any government entity with respect to rules or policy regarding ESSENTIAL patents.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 235**:

19   Apple objects to the phrase "referring or relating to" as vague and ambiguous, and

20   because it does not describe with reasonable particularity the documents sought.  Apple objects

21   to this request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

22   calculated to lead to the discovery of admissible evidence.  Apple further objects to this request

23   to the extent it seeks production of documents that are protected from discovery by the attorney-

24   client privilege or the work product doctrine, or any other applicable privilege or immunity.

25   Subject to and without waiving the foregoing General and Specific Objections, Apple is

26   willing to meet and confer to discuss the scope and relevance of the documents sought by

27   Samsung.

28

**REQUEST FOR PRODUCTION NO. 236:**

All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence any standard-setting organization, including, without limitation, ETSI, with respect to rules or policy regarding ESSENTIAL patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

Apple objects to the phrase "referring or relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

Dated:  September 10, 2012

   /s/ Mark D. Selwyn

Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100


William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000


JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I, Michael Silhasek, hereby certify that on this 10th day of September, 2012, I did cause

Plaintiff and Counterclaim-Defendant Apple Inc.'s Objections and Responses to Samsung's

Third Set of Requests for Production to be served on the following listed below and in the

manner so indicated.

**By Electronic Mail**

Kevin P.B. Johnson
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Michael F. Peng
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com
michaelpeng@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

John M. Caracappa
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
jcaracap@steptoe.com

Dated:  September 10, 2012                    /s/ Michael Silhasek
                                                    Michael Silhasek