# EXHIBIT D

WILMERHALE

October 9, 2012

**BY ELECTRONIC MAIL**

Michael L. Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Email: michaelfazio@quinnemanuel.com

Re:     Apple Inc. v. Samsung Electronics Co. Ltd., et al.,
        Case No. 12-cv-00630 (N.D. Cal.)

Michael Silhasek

+1 650 858 6083(t)
+1 650 858 6100(f)
michael.silhasek@wilmerhale.com

Dear Michael:

I write in response to your letter dated September 21, 2012 regarding Apple's Objections and Responses to Samsung's Third Set of Requests for Production ("Requests").  Each of your alleged deficiencies is addressed below.

Apple's Objection to the Term "APPLE ACCUSED PRODUCTS"

The definition of Apple Accused Products set forth in Samsung's Requests is not as clear as your letter conveys.  In particular, the Requests define Apple Accused Products by listing general products (e.g. iPhone), rather than particular product models (e.g. iPhone 4), and "any other products identified in any of Samsung's complaints or infringement contentions."  Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012, are controlling as to which products are accused to infringe Samsung's asserted patents in this case.  Apple's objection is clear that, in responding to and producing documents in response to the Requests, Apple is interpreting the phrase Apple Accused Products to mean only the specific products identified for each asserted patent in Samsung's infringement contentions.  To the extent Samsung's requests seek documents about other Apple products, Apple will not produce such documents.

Apple's "Reasonable Search"

We understand that Samsung has reserved its rights in this regard, and Apple does as well.

Apple's "Has Produced" Limitation

Samsung's objection to this "limitation" seeks to create a controversy where none exists, as Samsung omits important language in Apple's response that addresses Samsung's alleged concern.  There is no such "limitation" on the scope of Apple's production.  Rather, in response to a number of Samsung's requests, Apple responds that it "has produced *or will produce* responsive, non-privileged documents in its possession, custody, or control."  Therefore, where Apple has agreed to produce certain documents, and where Apple has not yet produced those documents in this case, the 1846

WilmerHale

Michael L. Fazio, Esq.
October 9, 2012
Page 2

Northern District of California case, the 794 ITC Investigation, or the 796 ITC Investigation, Apple has agreed that it "will produce" those documents here.[1]

Separately, Samsung's claim that it has assiduously searched Apple's production and failed to find documents that Apple already "has produced" in response to these requests is also difficult to understand. Many documents produced in the prior cases would of course also be responsive to Samsung's new requests. We have also already produced thousands of documents responsive to Samsung's new requests. *See, e.g.*, APL630DEF-WH0000000001-APL630DEF-WH0000037636; APL630DEF-WH0000097102 - APL630DEF-WH0000097305; APLNDC630-0000156671-APLNDC630-0000159332; APLNDC630-0000039771-APLNDC630-0000056498.

Request No. 132

As written, Samsung's request seeks documents that are clearly protected from discovery by, among other privileges, the attorney-client privilege and the work-product doctrine. For example, Apple will not produce communications between Apple and its outside counsel regarding any infringement analysis nor will Apple produce documents created at the direction of outside counsel regarding the same. Furthermore, as agreed to by the parties, Apple will not log any privileged documents that were created after April 15, 2011.

Apple already has agreed to produce, in response to multiple requests (e.g., Request Nos. 162 - 170), non-privileged documents regarding the accused functionality as identified by Samsung in its Infringement Contentions. These documents fully satisfy the relevant and non-privileged scope of Request No. 132, which is, as you acknowledge, "documents regarding whether Apple infringes the Samsung patents-in-suit." To the extent Apple intends to rely on additional documents to demonstrate non-infringement, Apple has agreed to produce them.

Request No. 133

Samsung's objection here is unclear.

Apple responded to this request by agreeing to produce "responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search on which it intends to *rely as evidence of invalidity*." While Samsung agrees to this limitation, it seeks confirmation that Apple will produce "all documents *related to* Apple's prior art search concerning the Samsung patents-in-suit that Apple intends to rely upon." But Apple has agreed to produce responsive documents, including documents *related to* any prior art search, as long as Apple also intends to rely on such documents as evidence of invalidity. Therefore, unless we are misunderstanding what you intend by "documents *related to* Apple's prior art search," Samsung's alleged deficiency appears to request the same documents Apple has agreed to produce.

---

[1] While your letter suggests that this "limitation" appears in Apple's responses to Samsung Request Nos. 144 and 145, that is not the case.

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 3

Request No. 134

Subject to its objections and responses, Apple agrees that it will produce English language patents and publications on which it intends to rely for any purpose in this lawsuit.

Request No. 135

Subject to its objections and responses, Apple agrees that it will produce foreign patents and publications on which it intends to rely for any purpose in this lawsuit.  As stated in Apple's response to this request, Apple agrees to produce translations of foreign patents and publications on which it intends to rely as prior art.  With respect to foreign patents and publications on which Apple intends to rely for other purposes, Apple is willing to meet and confer with Samsung to discuss a process for the exchange of translations of foreign language patents or publications that either party intends to rely upon for purposes other than as prior art.

Request No. 141

As stated in response to Samsung's request, Apple will determine whether to produce opinions of counsel in accordance with Patent Local Rule 3-7.  Without additional explanation, your letter states that this request is not limited to opinions of counsel.  To the extent this request seeks disclosure of the opinions of Apple's experts, this request is premature, and Apple will make its expert disclosures according to the schedule set by the Court.  Beyond opinions of counsel and expert witnesses, it is unclear what other responsive, non-privileged documents might exist.  Apple is willing to meet and confer with Samsung to discuss the scope of the documents sought.

Request No. 145

This request seeks documents "relating to any errors in the Samsung patents of which Apple is aware."  Subject to its objections and responses, and to the extent Apple locates any non-privileged documents that indicate Apple's awareness of errors in the Samsung Patents, Apple will produce such documents.

Request Nos. 149 and 150

Apple has agreed to produce all documents produced by ReQuest, Inc. in response to its subpoena and all communications with ReQuest, Inc. in connection with its subpoena.  Samsung's insistence that Apple also search its files for communications with ReQuest, Inc. for documents or communications unrelated to this litigation is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Nevertheless, subject to its objections and responses, Apple will produce communications with ReQuest, Inc. regarding the '757 patent, if any, located after a reasonable search.

Michael L. Fazio, Esq.
October 9, 2012
Page 4

WILMERHALE

Request No. 151

Apple has agreed to produce all documents produced by the named inventors of the '757 patent in response to their subpoenas and all communications with the named inventors of the '757 patent in connection with their subpoenas. Samsung's insistence that Apple also search its files for communications with the named inventors of the '757 patent for documents or communications unrelated to this litigation is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to its objections and responses, Apple will produce communications with the named inventors of the '757 patent regarding the '757 patent, if any, located after a reasonable search.

Request Nos. 152 and 153

Apple has agreed to produce all documents produced by Hitachi, Ltd. in response to its subpoena and all communications with Hitachi, Ltd. in connection with its subpoena. Samsung's insistence that Apple also search its files for communications with Hitachi, Ltd. for documents or communications unrelated to this litigation is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to its objections and responses, Apple will produce communications with Hitachi, Ltd. regarding the '449 patent, if any, located after a reasonable search.

Samsung also attempts to clarify the phrase "related to the '449 patent" in Request No. 152 by stating that it includes "the subject of the patent and not only references to the patent number itself." This response is vague, ambiguous, and provides Apple no insight as to the documents Samsung is seeking. As stated above, Apple will produce communications with Hitachi, Ltd., if any, regarding the '449 patent.

Request No. 156

In response to this request, Apple has agreed to provide the requested information in response to an interrogatory because Apple does not maintain documents that "correlate the model number of each Apple accused product with any and all other internal numbers or designations associated with that product." A search for documents that would enable Samsung to correlate model numbers with internal numbers or designation associated with that product would be unduly burdensome and would result in the production of many irrelevant documents. Therefore, Apple is willing to provide the information Samsung seeks in the form of an interrogatory response (as Apple did in the -1846 case), which will avoid significant searching for and deciphering of documents by both parties.

ActiveUS 101371328v.3

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 5

Request No. 157

Request No. 157 seeks "documents sufficient to correlate any technical documentation concerning each Apple accused product with marketing and financial documentation (e.g., documents showing unit sales, revenues, etc.) associated with that product." This request is vague and ambiguous because it seeks a set of documents that correlate a second set of documents ("technical documentation") to a third set of documents ("marketing and financial documentation"). Your response further confuses the issue by stating that the request actually seeks documents "that connect the technical specifications of the Apple accused products with sales data regarding those accused products." This is clearly a different and separate request than Request No. 157. Nevertheless, Apple is willing to meet and confer with Samsung to discuss the scope of the documents sought.

Request No. 158

Request No. 158 seeks "[a]ll documents related to the use, operation, intended operation, or intended use of the Apple accused products by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the Apple accused products." Samsung's request is incredibly broad, unduly burdensome, and seeks information that neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, in the face of this overbroad request, Apple has agreed to produce a sufficient set of documents that will provide Samsung the information sought in this request that is relevant to the parties' claims and defenses.

Request No. 159

In response to this request, Apple has offered to produce documents that "describe [the] features and functionality accused by Samsung in its Infringement Contentions." Samsung's only issue with this response is that Apple's use of the word "describe" rather than "related to" in its response will, in Samsung's view, exclude a large number of potentially relevant documents. Apple maintains its objections to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple has agreed to produce responsive, non-privileged documents to the extent they describe features and functionalities accused by Samsung. Thus, Apple will produce documents *related to* the design and development of each Apple Accused Product as long as the documents *describe* the accused features and functionality. To the extent Samsung requests information unrelated to the accused features and functionality of the accused products, these materials are not relevant.

Request No. 160

Samsung's understanding of Apple's response to this request is correct.

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 6

Request Nos. 162-170

In response to these requests, Apple has agreed to produce source code regarding the accused functionality of each accused product. Samsung objects to Apple's responses and seeks "documents and things related to the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the [accused products] that is related to [the accused functionality]" beyond source code.

As an initial matter, Apple notes that Samsung has similarly limited its responses to similar document requests served by Apple. *See* Samsung's Objections and Responses to Apple's Requests for Production Nos. 96 and 97. Furthermore, Apple reiterates its objections to these requests as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Although Samsung claims these requests are "narrowly tailored" because they describe aspects of the accused functionality, they are not narrowly tailored in the documents sought. "Documents and things related to" any aspect of the accused products "that is related to" the accused functionality simply does not describe with reasonable particularity the documents sought in this request. Nevertheless, Apple is willing to meet and confer with Samsung to discuss the scope of documents sought beyond source code.

Request No. 171

Apple agrees to make available for inspection an exemplar of each Apple Accused device identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012, at a time and place that is convenient for both parties.

Request No. 174

This request seeks "[a]ll software, including executable software used to operate or enable the function of every Baseband Processor incorporated into each Apple accused product, whether stored on the Baseband Processor itself or in external memory." Samsung's explanation that responsive software "is relevant to infringement of the '087, '058, and '239 patent" does not describe with reasonable particularity the software sought in this request or how it is relevant to these patents. Samsung's request remains vague, overbroad, unduly burdensome, and seeks code that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, Apple remains willing to meet and confer with Samsung to discuss the scope of software sought.

Request No. 177

Samsung's request seeks "[a]ll documents relating to the compliance of the Apple accused products with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not limited to, source code, hardware code, user manuals, service manuals, training materials, programming guides, data sheets, schematics, drawings, figures, design materials, packaging

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 7

materials, marketing materials, and licensing agreements." Apple maintains its objections to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Samsung failed to address these objections in its letter. Samsung has asserted two declared-essential patents, which deal with specific sections of a wireless standard, yet Samsung requests documents regarding "compliance" with the entire standard. This is clearly overbroad.

Further, despite Samsung's attempt at clarifying its request, the phrases "relating to," "compliance," and "technical specification for systems utilizing WCDMA, GSM, or UMTS" remain vague and ambiguous. For example, the phrase "relating to" does not describe with reasonable particularity the documents sought. Apple reiterates its willingness to meet and confer with Samsung to discuss the scope of documents sought by this request.

Request No. 180

In response to this request, Apple has offered to produce documents that "describe 'modification or customization' of software for the accused functionality." Much like Samsung's objection regarding Apple's response to Request No. 159, Samsung's only issue with this response is Apple's use of the word "describe" rather than "related to." Apple maintains its objections to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple has agreed to produce responsive, non-privileged documents to the extent they describe modification or customization of software for the features accused by Samsung. Thus, Apple will produce documents *related to* the modification and customization of any software of any Baseband Processor incorporated or used in an Apple Accused Product as long as the documents *describe* the modification and customization for the accused functionality. To the extent Samsung requests information unrelated to the accused functionality of the accused products, such documents are not relevant.

Request No. 182

Samsung's request, as written, is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it literally seeks all communications between Apple and baseband processor suppliers about the processors or their software regardless of subject matter. Nevertheless, subject to its objections and responses, and in addition to responsive documents describing the accused functionality, Apple also agrees to produce responsive, non-privileged documents in its possession, custody, or control, if any, describing communications with manufacturers and suppliers of Baseband Processors regarding licensing and the location of sale that are located after a reasonable search.

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 8


Request No. 183

Apple has offered to produce documents "describing testing of accused functionality."  With respect to Samsung's objection regarding Apple's use of the word "describe" (rather than "relate to"), please see the discussion above regarding Request Nos. 159 and 180.

Further, Apple maintains that documents describing the testing of 3GPP features other than the accused features are not relevant to this case.  Nevertheless, subject to its objections and responses, Apple will agree to produce relevant test reports by Cetecom and similar organizations for the accused products.

Request No. 187

Samsung's request seeks "[a]ll documents related to the 'Mail' and 'Camera' applications for the Apple accused products."  Apple responded to this request by agreeing to produce all "responsive, non-privileged documents in its possession, custody, or control describing accused functionality."  Samsung objects to this request and "seeks all documents 'related to' these specified applications for the Apple accused products—not just documents 'describing' the accused functionality."  Apple maintains its objections to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple has agreed to produce responsive, non-privileged documents to the extent they describe the functionality accused by Samsung.  With respect to Samsung's objections regarding Apple's use of the word "describe" (rather than "relate to"), please see the discussion above regarding Request Nos. 159 and 180.

Request No. 189

Apple agrees to make available for inspection an exemplar of each Apple Accused device identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012, at a time and place that is convenient for both parties.

Request No. 192

This request seeks, among other things, "charts, schematics, drawings or figures sufficient to show the manufacturers for each Apple accused product in the past five years, including the location of manufacture, the volume of manufacture, and the time period during which such manufacture occurred."  It is unclear to Apple how this information is relevant to the parties' claims or defenses. Nevertheless, Apple is willing to meet and confer with Samsung to discuss the relevance and scope of the documents sought in this request.

ActiveUS 101371328v.3

**WilmerHale**

Michael L. Fazio, Esq.
October 9, 2012
Page 9

<u>Request Nos. 193-194</u>

Samsung's requests seek "[a]ll documents relating to testing of the functionalities of the Apple accused products identified in Samsung's Infringement Contentions" and "[a]ll documents relating to the use of Apple accused products by consumers." Apple maintains its objections to the term "relating to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple nonetheless has agreed to produce responsive, non-privileged documents to the extent they describe testing and the use by customers of the functionality accused by Samsung. With respect to Samsung's objection regarding Apple's use of the word "describe" (rather than "relate to"), please see the discussion above regarding Request Nos. 159 and 180.

<u>Request Nos. 195-196</u>

Samsung's requests seek "[a]ll documents relating to the importation, distribution, marketing, or sale of the Apple accused products" and "[f]or each sale of an Apple accused product, documents sufficient to show when, where, and by whom the Apple accused product was sold." These requests are clearly overbroad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Taken literally, these requests seek the date, location, and merchant for every sale of every accused product. Although Samsung claims this information is necessary for Samsung to prove damages, Apple has already agreed to produce sufficient summary financial data related to the parties' damages claim. *See* Apple's Response to Samsung's Request No. 197. In your letter, Samsung neither addresses Apple's objection nor explains how relevant information sought by this request would also not be provided in response to a narrower request. Nevertheless, Apple's offer to meet and confer remains open.

<u>Request No. 197</u>

We understand that Samsung has reserved its rights in this regard, and Apple does as well.

<u>Request No. 198</u>

Samsung's request seeks "[a]ll documents relating to sales forecasts, budgets, expenses, costs, and profitability of the Apple accused products." With respect to expenses, costs, and profitability, this request is clearly duplicative of Samsung Request for Production No. 197. Despite Apple's offer to meet and confer, Samsung fails to explain how this information would not be disclosed in response to Samsung Request for Production No. 197. With respect to sales forecasts and budgets, Apple does not see the relevance of such information to determining Samsung's damages. Nevertheless, Apple's offer to meet and confer remains open.

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 10

Request No. 199

Samsung's request seeks "[a]ll documents relating to the pricing of the Apple accused products." In response to this request, Apple has agreed to produce documents sufficient to show the price of the accused products, which is consistent with the scope of pricing information that Samsung has agreed to produce. *See* Samsung's Response to Apple's Request for Production No. 314. Apple does not see the relevance regarding documents showing the pricing process of these products.

Request Nos. 200-206, 211-215, 219-236

As stated in Apple's objections, these requests seek a wide range of documents that Apple contends are responsive to other, more narrow requests for which Apple has agreed to produce responsive documents, yet Samsung's letter fails to address this issue. Furthermore, your letter ignores that Apple has offered to meet and confer regarding the scope of potentially relevant documents, if any, that would not be responsive to other requests. Apple's offer to meet and confer regarding these requests remains open.

Request Nos. 207-210

These requests seek documents related to any competitive testing or comparative analysis between the accused products and any Hitachi and ReQuest products. Contrary to the suggestion in your letter, these requests do not seek documents related to competitive testing or comparative analysis between the accused products and any Samsung products. Apple maintains its objections to the term "relating to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple nonetheless has agreed to produce responsive, non-privileged documents to the extent they describe the functionality accused by Samsung. With respect to Samsung's objection regarding Apple's use of the word "describe" (rather than "relate to"), please see the discussion above regarding Request Nos. 159 and 180.

Request No. 216

Samsung's request seeks "[a]ll documents relating to the commercial success and/or popularity of any features and/or functionality of the Apple accused products." Apple maintains its objections to the term "relating to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought.

Apple nonetheless has agreed to produce documents responsive to this request as long as the documents describe the accused functionality of the accused products. With respect to Samsung's objection regarding Apple's use of the word "describe" (rather than "relate to"), please see the discussion above regarding Request Nos. 159 and 180.

WILMERHALE

Michael L. Fazio, Esq.
October 9, 2012
Page 11

Request Nos. 217-18

Samsung's requests seek documents sufficient to show the market share of Samsung and Apple products in the relevant market for Apple accused products. Apple has agreed to produce "responsive, non-privileged documents in its possession, custody, or control sufficient to show U.S. market share for accused products, if any, located after a reasonable search." If Apple has documents sufficient to show market share by revenues and units sold since 2005 in its possession, custody, or control located after a reasonable search, Apple will produce such documents.


Regards,

Michael Silhasek

cc:   Counsel of Record