# EXHIBIT E

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

October 22, 2012

<u>Via E-Mail</u>

H. Mark Lyon
Gibson Dunn & Crutcher, LLP
1881 Page Mill Road
Palo Alto, California 94304-1211

Re:   <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Counsel:

I write in response to Apple's letter dated October 9, 2012 regarding Apple Inc.'s Objections and Responses to Samsung's Third Set of Requests for Production (the "Requests").  The specific deficiencies with Apple's response to Samsung's meet and confer letter of September 21st are detailed below.

## Apple's Objection to the Term "APPLE ACCUSED PRODUCTS"

Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012, *and its Proposed Amended Disclosure of Claims and Infringement Contentions, served on September 28, 2012,* are controlling as to which products are accused to infringe Samsung's asserted patents in this case.  Please confirm that Apple is interpreting the phrase "Apple Accused Products" to include the specific products identified for each asserted patent in each of these sets of Samsung Infringement Contentions, and that Apple is not withholding documents in response to individual requests based on any other Apple objections to this term.

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

**Apple's "Has Produced" Limitation**

Thank you for your confirmation that Apple intends to produce additional documents in response to these Requests. With regard to the documents that Apple contends it has *already* produced, and that are responsive to these Requests, Samsung will review those documents and reserves further comment at this time.

**Request No. 132**

This Request seeks all documents relating to whether Apple *infringes* the Samsung Patents. Apple's original response stated that it would limit its production to documents on which it intends to rely as evidence of *non-infringement*. Samsung's September 21st letter pointed out that this was an improper limitation. Apple's response on October 9 stated that Apple had also agreed to produce documents in response to Request Nos. 162-170 "regarding the accused functionality as identified by Samsung in its infringement contentions," and that these documents "fully satisf[ied] the relevant and non-privileged scope of Request No. 132."

In the context of this particular Request, Apple's reference to its so-called "agreement" to produce documents in response to Request No. 162-170 amounts to sleight-of-hand – what Apple *actually* says in response to Request Nos. 162-170 is that it will not produce anything beyond the "*source code* regarding the accused functionality of each accused product" (an issue I will address below). Thus, Apple has placed yet another improper limitation on the table.

Apple's refusal to produce documents relating to whether Apple has infringed Samsung's patents beyond (1) source code for the accused functionalities; and (2) documents that demonstrate how Apple has *not infringed* in Samsung's patents, is unjustified. There is simply no basis in reason or law for Apple continuing to withhold documents regarding Apple's infringement of the Samsung patents-in-suit. Please provide me with a date on which you are available to meet and confer regarding this Request.

**Request No. 133**

Samsung agrees to Apple statement regarding its production.

**Request No. 135**

Apple has agreed to produce in response to this Request: (1) responsive English language translations of foreign patents and publications *on which Apple intends to rely as prior art*; and (2) foreign language patents and publications on which Apple intends to rely *for any purpose* in this lawsuit. This still leaves the issue of whether Apple will agree to produce English translations for any foreign patents or publications on which Apple intends to rely for any purpose *other than as prior art*.

Apple states that it is willing to meet and confer to discuss a process for the exchange of translations of foreign language patents or publications that either party intends to rely upon for purposes other than as prior art. Samsung agrees to that proposal, but reserves all rights.

**Request No. 141**

This Request seeks documents relating to: (1) any written or oral opinions received or solicited by Apple relating to the validity, enforceability, infringement, or scope of any claims of the Samsung Patents; and (2) the preparation of any such opinions, including, but not limited to, drafts, notes, and *any documents relied on in the preparation of any such opinions*.

Apple states that it will produce opinions of counsel responsive to this Request in accordance with Patent Local Rule 3-7 (if it intends to rely on such opinions), and will produce its expert opinions in accordance with the schedule set by the Court. Beyond this production, Apple states that "it is unclear what other responsive, non-privileged documents might exist."

Neither of the categories Apple has agreed to produce (later) would include internal Apple documents providing the factual underpinnings for any such opinions. In other words, the fact that Apple provided documents containing facts to its counsel or experts for the purpose of preparation of opinions does not shield the documents *themselves* from production. If such documents exist, Samsung is entitled to their production now, not when Apple produces the relevant opinions of its counsel and/or experts.

**Request Nos. 149-150**

These Requests seek communications with or related to, and *documents* related to, any products made or sold by or on behalf of, ReQuest, Inc. Apple's initial response was that it would limit its production only to documents and communications related to Apple's *subpoena* of ReQuest in this litigation. Samsung's September 21st letter asked Apple to confirm that it would produce communications and documents from Apple's files related to products made or sold by or on behalf of ReQuest, Inc. Apple responded by stating that the Requests were overly broad and unduly burdensome and that it would produce *communications* (but not other documents) with ReQuest regarding the *'757* patent.

Apple's unsupported limitations are not proper. The Requests as stated are not unduly burdensome, and Apple's limitation of responsive documents to those involving *only* the '757 Patent is unsupportable. Please provide me with a date on which you are available to meet and confer regarding this Request.

**Request No. 151**

This Request seeks all communications with any third parties related to *any products made or sold by or on behalf of ReQuest, Inc*. Apple's response to this Request contains limitations similar to those in its responses to Request Nos. 149-150.

Apple's unsupported limitations are not proper. The Request as stated is not unduly burdensome, and Apple's limitation of responsive documents to those involving *only* the '757 Patent is supportable. Please provide me with a date on which you are available to meet and confer regarding this Request.

3

**Request No. 152**

Please confirm that Apple's production of documents responsive to this Request will not be limited to communications with Hitachi, Ltd. that contain merely a reference to Patent No. '449, but will also include documents that discuss or otherwise refer to the subject of the '449 Patent itself.

**Request No. 153**

This Request as stated is not unduly burdensome. Please provide me with a date on which you are available to meet and confer regarding this Request.

**Request No. 156**

Apple's refusal to produce documents sufficient to correlate model numbers of the Apple accused products with internal numbers or designations associated with that product appears to be an attempt to force Samsung to use one of its limited interrogatories to obtain this basic information. Apple objects that a search for documents responsive to Samsung's simplified request would be unduly burdensome, but it does not attempt to justify this objection, or explain why a search would "result in the production of many irrelevant documents." Surely the production of documents is in the hands of Apple's attorneys who could limit the document production only to the information sought by this simple request. Please let me know if we have reached an impasse on this issue or confirm that Apple will produce the requested documents.

**Request No. 157**

If Apple has data that breaks down revenue on a feature by feature basis, and that has a tendency to show that consumer demand for a particular feature also drives demand for the product that *includes* that feature, Samsung is entitled to review those documents. Please provide me with a date on which you are available to meet and confer regarding this Request.

**Request No. 158**

This Request seeks documents related to the use, operation, intended operation, or intended use of the Apple Accused Products by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the Apple Accused Products. Apple objects, without explanation, that the Request is "incredibly broad, unduly burdensome, and seeks information that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence."

Instead of agreeing to produce responsive documents, Apple has agreed to produce "a sufficient set of documents that will provide Samsung the information sought in this request that is relevant to the party's claims and defenses." Apple's response is improper. There is no proper basis for Apple to unilaterally select criteria to determine which documents are "sufficient" to provide Samsung the information sought that is "relevant to the parties' claims and defenses."

4

**Request No. 159**

As Samsung pointed out in its initial meet and confer letter, this Request seeks documents *related to* the design and development of each of the Apple Accused Products. Apple's October 9, 2012 letter continues Apple's refusal to produce all responsive documents, and reiterates Apple's offer to produce only documents that *describe* the features and functionality accused by Samsung. Apple's objection to this Request, and several of the Requests below, is that the term "relating to" is too vague and ambiguous, and not particular enough, for Apple to figure out what the Request seeks.

Samsung clarifies the issue with reference to the parties' definitions. Here is the definition contained in Samsung's Requests:

> The term "RELATING TO " or "RELATED TO" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

And here is a definition of the term "Relating" from Apple's most recent set of RFPs (Apple's 6th Set of RFPs – Nos. 323-363) served on October 5, 2012:

> "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

The definitions are almost identical – in fact, Apple's is even more detailed. It is, therefore, disingenuous for Apple to claim that the term "relating to," as used by Samsung, is too vague or not particular enough for Apple to figure out what it means.

Moreover, in attempting to limit Apple's production to only those documents that "describe" rather than "relate to" a particular category, Apple has made no attempt to define what the term "describe" means. Nor have you explained why producing documents responsive to Samsung's Request as written would be overly broad and unduly burdensome, or result in the production of irrelevant documents.

Please provide me with a date on which you are available to meet and confer regarding this Request.

**Request Nos. 162-170**

Apple continues in its refusal to produce documents responsive to these Requests beyond the source code regarding the accused functionality, on the basis that the Requests do not describe the documents sought with "reasonable particularity." As stated in Samsung's earlier letter, these Requests are narrowly tailored to seek documents related to how the software works, how the software is developed, why the software was developed in a manner that it was, and so on.

5

Apple's continued objection that these Requests are vague and ambiguous, and *not* narrowly tailored – on the basis that the phrase "related to" is vague – is unjustified.

Apple's other objections to the Requests similarly remain improper: Apple provides no explanation or support for its assertion that the Requests are overbroad and unduly burdensome, and its objection that the Requests seek information that is irrelevant is belied by Apple's concession that Apple has propounded similar requests on Samsung.

Please provide me with a date on which you are available to meet and confer regarding these Requests.

**Request No. 171**

Apple's letter of October 9th neglected to provide a date when Apple will make available the samples it has agreed to produce. Please provide such a date immediately.

**Request No. 174**

Apple complains that Samsung has not described with reasonable particularity the software sought in the Request. Apple's response ignores Samsung's statement that the Request seeks "all software that allows each Baseband Processor to function in each accused product."

The '087 and '596 patent technology involves the baseband processor source code. The software incorporated into the Apple Accused Products is therefore highly relevant to demonstrate that Apple infringes the '087 and '596 patents. Any baseband processor software within Apple's possession is also relevant to Apple's testing, modifications, design, development, and/or certification of Apple's Accused Products. Please explain the basis for Apple's objection that the Request is overbroad and unduly burdensome, or confirm that Apple will produce the requested software.

**Request No. 177**

As Apple understands, the '087 and '596 patents are standard essential patents. As such, the technology set forth in these patents was adopted and is utilized in the 3GPP standard. The Apple Accused Products all support HSUPA, HSPA, or HSPA+, and therefore must comply with the 3GPP standards. This request is neither ambiguous nor overbroad in light of Samsung's infringement contentions for the '087 and '596 patents. Samsung requests documents that demonstrate that Apple's Accused Products comply with these standards and are certified and/or tested to ensure operability on the WCDMA, GSM, or UMTS network. Thus, the documents are highly relevant to Samsung's case to Samsung's claim of infringement.

**Request No. 180**

See Request No. 159.

**Request No. 183**

See Request No. 159.

Additionally, Apple's agreement to produce "relevant test reports by Cetecom and similar organizations for the accused products" is vague.  Please explain what you mean by "relevant test reports" and "similar organizations."

**Request No. 187**

See Request No. 159.

**Request No. 189**

Apple's letter of October 9 neglected to provide a date when Apple will make available the exemplars it has agreed to produce.  Please provide such a date immediately.

**Request No. 192**

The requested information concerning the manufacturers for the Apple Accused Products, the location of manufacture, the volume of manufacture, and the time period during which such manufacture occurred, is relevant for several reasons.  First, as Apple is no doubt aware, manufacturing an infringing product in the United States is an act of infringement, so the information is relevant to liability.  The volume and timing of manufacture is relevant to damages from that infringement.

Second, Apple has asserted an exhaustion defense to Samsung's patents, based on Samsung's licenses with Intel and Qualcomm.  Exhaustion requires an authorized sale within the United States.  Samsung is entitled to documents and information concerning where the first sales of processors from Intel/Qualcomm to Apple takes place because knowing where the infringing goods are manufactured is a necessary link in the chain of determining where (if anywhere) the alleged first sale occurred.

Please confirm that Apple will produce the requested information.

**Request No. 193-194**

See Request No. 159.

**Request No. 195-196**

Apple's continued refusal to produce these documents, which are clearly relevant to Samsung's claimed damages, is improper.  Samsung is entitled to information regarding the sales, marketing and distribution channels for the Apple Accused Products.  Please let me know when you are available to meet and confer on this issue.

**Request No. 198**

Apple's continued refusal to produce these documents, which are clearly relevant to Samsung's claimed damages, is improper.  Please let me know when you are available to meet and confer on this issue.

**Request No. 199**

Apple's October 9th letter states that "Apple does not see the relevance regarding documents showing the pricing process of [the Apple Accused Products]." Samsung's prior letter clearly articulated the relevance – documents relating to the decision to set the ultimate price are relevant to the overall valuation of the product and Samsung's damages claims. Please let me know when you are available to meet and confer on this issue.

**Request No. 200-206, 211-215, 219-236**

Apple refuses to produce documents responsive to these Requests on the basis that they "seek a wide range or documents" that are otherwise also responsive to "other, more narrow requests for which Apple has agreed to produce documents." This response is improper. That documents and information responsive to these Requests might possibly also be subsumed under other, more narrow, requests, does not operate to make these particular Requests overly broad or irrelevant. Indeed, Apple's continued refusal to produce documents on this basis seems like game-playing to avoid its discovery obligations. Please let me know when you are available to meet and confer on this issue.

**Request No. 207-210**

See Request No. 159.

**Request No. 216**

See Request No. 159.

Further, in Samsung's September 21st letter, Samsung described an example of why the distinction between "relating to" and "describing" is important. As Samsung stated there:

> [L]imiting the Request to documents "describing accused functionality" excludes documents relevant to the nexus requirement as articulated by the Court. Indeed, documents responsive to this Request would necessarily include Apple documents showing the commercial success of the Apple accused products based upon features in those products not accused in this case. Such documents would belie Apple's contention that the Samsung accused features in this case drive product sales while bolstering Samsung's contention that the Samsung accused features do not drive product sales.

Apple does not deny the relevance of the information cited in the example. Nor does it deny that its arbitrary distinction between "relating to" and "describing" would lead to the exclusion of the cited category of documents. Indeed, Apple does not attempt to justify its objection other than to claim that the phrase "relating to" is vague, potentially overbroad, and does not describe the documents sought with reasonable particularity.

Again, Samsung is amenable to meet and confer on this issue, but is ultimately willing to let Judge Grewal decide whether Apple can refuse to produce relevant documents on the basis that it cannot figure out what "related to" means.

8

*****

Please provide a date after Apple's lead trial counsel's ITC proceeding concludes, but within the next two weeks, when Apple is available for an in-person meet and confer regarding these Requests.

Very truly yours,

*Amar L. Thakur*

Amar L. Thakur