# EXHIBIT G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

February 12, 2013

VIA ELECTRONIC MAIL

Michael A. Silhasek                        H. Mark Lyon
Wilmer Cutler Pickering Hale and Dorr, LLP  Gibson, Dunn & Crutcher LLP
950 Page Mill Road                          1881 Page Mill Road
Palo Alto, CA 94304                         Palo Alto, California 94304-1211

Re:      Apple Inc. v. Samsung Elecs. Co., Case No. 12-cv-0630-LHK (PSG)

Dear Counsel:

I write regarding Samsung's Third Set of Requests for Production, and in furtherance of my letter dated October 22, 2012—to which Apple has not responded—concerning the same.  The purpose of this letter is to focus, and hopefully narrow, the parties' disputes with respect to these Requests in advance of the upcoming meet and confer.  Accordingly, Samsung requests Apple's response to the issues addressed below prior to the meet and confer.

**Apple's Objection to the Term "APPLE ACCUSED PRODUCTS"**

Samsung agrees with Apple's position that Samsung's Infringement Contentions govern the meaning of this phrase, provided that Apple interprets this phrase in accordance with Samsung's *Amended* Infringement Contentions.  *See* Dkt. No. 348.  Please confirm that Apple is not withholding any documents on the basis that such documents relate to products identified only in Samsung's Amended Infringement Contentions, and will supplement previous productions to the extent necessary to reflect the full scope of requests incorporating this phrase.

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

**Apple's Objection to the term "RELATING TO"**

Apple contends that Samsung's definition of "RELATING TO" is vague and "potentially overbroad." Apple cites this objection as grounds for withholding documents responsive to at least Request Nos. 152, 159, 163-170, 177, 180, 183, 187, 193-194, 207-210, and 216. For the majority of these Requests, Apple agrees only to produce documents "describing," for instance, the accused functionalities.

Apple's own document requests contain a virtually identical (and thus equally broad) definition of "RELATING TO." Please let us know if Apple will withdraw its vagueness and overbreadth objections to this term if Samsung agrees to adopt Apple's definition in connection with the Requests listed above. If Apple is not agreeable this proposal, please explain Apple's understanding of the term "describing," and how Apple has applied this term in limiting its production. Without this information, Samsung cannot properly assess the adequacy of Apple's offered scope of production.

**Request Nos. 132**

This Request seeks all documents relating to Apple's *infringement* of the Samsung patents-in-suit. Apple only agrees to produce documents on which it intends to rely as evidence of *non-infringement*, stating that its production of documents responsive to Request Nos. 162-170 would "fully satisfy the relevant and non-privileged scope of Request No. 132." As noted in my October 22, 2012 letter, however, Apple's position is disingenuous, as Apple has refused to produce any documents responsive to Request Nos. 162-170 other than source code.

Please confirm that Apple will produce documents, other than source code, relating to whether Apple has infringed Samsung's patents, including any analysis, test, study, experimentation or investigation conducted by Apple related to same. Unless Apple is so willing, please confirm whether Apple believes the parties have reached an impasse on this issue.

**Request Nos. 135**

Please confirm that Apple will produce English translations of any foreign patents or publications on which Apple intends to rely on for any purposes, and not just as prior art.

**Request No. 141**

This Request seeks documents relating to: (1) any opinions received or solicited by Apple relating to any claims of the Samsung patents-in-suit; and (2) the preparation of any such opinions, including, drafts, notes, and any documents relied on in the preparation of any such

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

opinions.  Apple only agrees to produce opinions of counsel in accordance with patent Local Rule 3-7 and expert opinions in accordance with the Court's scheduling order, stating that it is "unclear" what other non-privileged, responsive documents might exist.  Samsung's October 22 letter identifies two such categories: internal Apple documents showing the factual underpinnings for any opinions; and any documents provided to counsel or experts for the purpose of preparing their opinions and consistent with paragraph D of the parties' Stipulation dated May 9, 2012.  Please confirm that Apple will search for and produce these and other categories of non-privileged responsive documents.

**Request Nos. 149-153**

Request Nos. 149-153 seek various communications and documents related to ReQuest, Inc., third party inventors, or Hitachi, Ltd. on certain topics.  Apple has agreed to produce all documents produced by these parties in response to its subpoenas, all communications in connection with its subpoenas, and all communications with ReQuest and Hitachi regarding the '747 and '449 patents.

Apple's responses to date have failed to address three important issues with respect to these Requests.  First, Apple has not explained why searching its own files for responsive *documents*, as opposed to *communications*, would be unduly burdensome.  Second, Apple has yet to confirm whether its agreement to produce communications "regarding" the '757 and '449 patents includes communications discussing or otherwise referencing the subject matter of these patents, rather than explicitly referencing the patents themselves.  Finally, Apple has not explained why communications relating to products made by ReQuest and communications with Hitachi relating to digital still cameras or related technology are "unrelated to this litigation."  Please provide Samsung with Apple's position on these issues prior to the meet and confer.

**Request No. 156**

This Request seeks documents sufficient to correlate the model numbers of the accused products with any other internal designations.  Apple only agrees to provide this information in response to an interrogatory, not a document request.  Samsung, however, maintains that it should not have to use its limited interrogatories to obtain this basic and indisputably relevant information, which Apple does not deny is discernable from documents in its possession.

Nevertheless, Samsung is willing to explore potential solutions that would address Apple's burden objection without forcing Samsung to use one of its interrogatories.  Samsung proposes that Apple agree to waive any compound objection if Samsung were to seek this information in an interrogatory.  That is, if Samsung were to request internal designations as part of a broader interrogatory seeking information relating to damages, for example, Apple would not object or

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

refuse to answer on the ground that the interrogatory is compound.  Please confirm that this is an
agreeable compromise.

**Request No. 157**

Apple has objected to this Request—which seeks documents sufficient to correlate technical
documentation concerning the accused products with marketing and financial documentation
concerning the same—as vague and ambiguous.  Samsung believes that this Request is not vague
or ambiguous, as the purpose of the request is clear:  Samsung seeks documents which would
permit Samsung to correlate technical documents produced by Apple with marketing or financial
documents produced by Apple, in order to evaluate the extent to which a particular feature or
group of features contribute to consumer demand for the accused products or their commercial
success.  Unless Apple is willing to propose a scope of production that would provide Samsung
with this information, it appears the parties have reached an impasse with request to this Request.

**Request No. 158**

Request No. 158 seeks all documents related to the use, operation, and/or intended use or
operation of the accused products by consumers.  Apple has agreed to produce "instructions and
user manuals provided to customers," but objects to the remaining scope of this Request as
overbroad, unduly burdensome, and calling for irrelevant documents.  Apple makes no attempt to
explain its relevance objection, and its agreement to produce instructions and user manuals
demonstrates that Apple recognizes the relevance of the information sought by this Request.

Samsung is entitled all documents responsive to this Request, and not merely Apple's selection
of "a sufficient set of documents that will provide Samsung the information" that Apple
unilaterally decides is "relevant to the parties' claims and defenses."  Apple's contemplated
production would exclude all internal Apple documents.  Apple's production would also exclude
marketing materials, as well as training materials provided to retail or technical support
employees, showing which uses or product features Apple intended to highlight to consumers.
Apple relied on this type of evidence at trial in the 1846 case during its direct examination of
Scott Forstall.  *See* 08/03/2012 Trial Tr. at 759:11-21 (PX12).  Having done so, Apple cannot
now deny that these materials are relevant.

**Request No. 159**

Please confirm that Apple will produce all documents responsive to this Request if Samsung
agrees to adopt Apple's definition of "RELATING TO."

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

## Request No. 162-170

Request Nos. 162-170 seek source code used relating to any accused functionality on any accused products and documents related to the hardware, software, executable software, firmware, source code, components, circuits or any other aspect of each Apple accused product with respect to the specific Samsung patents-in-suit. Apple refuses to produce anything other than source code regarding the accused functionalities. Samsung continues to contend that Apple's overbreadth and irrelevance objections are without merit. These requests are narrowly tailored to documents and things relating to the accused functionalities.[1] The materials sought by these Requests are plainly relevant to infringement, as well as willfulness and damages to the extent they reflect or relate to Apple's decision to design the accused functionalities the way that it did.

Although Apple has indicated its willingness to meet and confer with respect to documents other than source code, Samsung expects Apple to propose a reasonable scope of production responsive to these Requests that includes, at a minimum, documents and things relating to the accused functionalities—including documents relating to hardware, software, executable software, firmware, source code, components, and circuits—that show how the software works, how the software was developed, and why the software was developed in a manner that it was.

## Request No. 174

Apple's complains that this Request—which seeks "***All software***" used to enable the function of the baseband processors incorporated in the accused products—fails to "describe with reasonable particularity the software sought in this request." This Request could not be any clearer—"All software" means "All software." Nor is this Request overbroad, as it is narrowly tailored to the specific component containing the accused functionalities. This software is relevant to Apple's infringement of the '087 and '596 patents, which involve baseband processor source code. Any baseband processor software within Apple's possession is also relevant to Apple's testing, modifications, design, development, and/or certification of the accused products.

Apple has indicated it is willing to meet and confer regarding this request. Unless Apple agrees on a meaningful scope of production, Samsung believes the parties are at an impasse with respect to this Request.

---

[1] Apple's contention that Samsung has placed similar limitations on its responses to Apple's Requests for Production Nos. 96 and 97 overlooks the fact that Apple's requests—unlike Samsung's—are not tailored to the accused functionalities.

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

## Request No. 177

Request No. 177 seeks all documents relating to the accused products' compliance with technical specifications for systems utilizing WCDMA, GSM, or UMTS. Although Apple contends that the terms "compliance" and "technical specification for systems utilizing WCDMA, GSM, or UMTS" are vague, it does not explain the basis for this objection. These terms are not vague, as they are commonplace and widely understood and/or defined by Samsung in its definitions section.

Apple further objects to this Request as overbroad because it is not limited to the "specific sections" of the standards to which Samsung's patents are essential. As an initial matter, documents relating to other sections of these standards are relevant. The fact that Apple took care to ensure compliance with other sections of the standards makes it more likely that Apple's products comply with the sections to which Samsung's patents are essential. Such documents would also indicate that Apple, by deliberately seeking compliance with all sections of the standard, placed considerable value on compliance with the section implicated by Samsung's patents and the technology described by those sections.

More importantly, Apple vigorously opposed Samsung's attempts in the 1846 case to limit discovery to documents relating to particular technical sections, demanding documents relating to *every section* of *every standard* promulgated by *every standards body* comprising 3GPP, and insisting that its requests "easily satisfied" the proportionality requirements of Local Rule 37-2. *See* Dkt. No. 611 at 14-19. In response to Apple's demands, Samsung agreed to produce documents relating to specifications other than those implicated by Samsung's patents. Given this history, Apple cannot now object to the much narrower scope of production that Samsung seeks here.

In the spirit of compromise, and consistent with the parties practice in the 1846 case, Samsung proposes that Apple produce documents relating to Apple's compliance with technical specifications covering HSUPA, HSPA and/or HSPA+ technology, including, but not limited to, the categories of documents listed in Request No. 177 (*i.e.* source code, hardware code, user manuals, etc.)

## Request No. 180

Please confirm that Apple will produce all documents responsive to this Request if Samsung agrees to adopt Apple's definition of "RELATING TO" for purposes of this Request.

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

**Request No. 183**

Request No. 183 calls for all documents related to testing of any accused product for certification of compliance with 3GPP standards or a 3GPP carrier's network.  Apple has agreed to produce documents "describing testing of accused functionality" and "relevant test reports by Cetecom and similar organizations for the accused products."  As noted in Samsung's October 22, 2012 letter, the scope of Apple's offered production is unclear.  Please confirm that Apple's agreement to produce test reports "for the accused products" is not limited to documents relating to (or describing) testing of the accused functionalities.

**Request No. 187**

This Request seeks all documents related to the Mail and Camera applications.  Apple states that it will limit its production to documents "describing accused functionality."  Even if Apple agreed to produce all documents relating to the accused functionalities, Apple's production would still exclude responsive documents relating to the Mail and Camera applications generally, which are relevant to Samsung's damages claims, among other issues.  For example, Apple's production would exclude documents showing the frequency with which Apple customers use these applications, the purpose and value of other functionalities of these applications, Apple's emphasis on these applications in its marketing efforts, and whether and to what extent Apple considered alternatives to the accused functionalities.  These documents are relevant to a variety of damages issues, but would not necessarily relate to (or describe) the accused functionalities.  Please confirm that Apple will produce all documents responsive to this Request.

**Request No. 192**

Request No. 192 seeks documents, including charts, schematics, drawing or figures, sufficient to show the manufacturers of the accused products in the past five years and the location, volume, and the time period of manufacture.  Although Apple has agreed to produce documents "sufficient to show sales in the U.S. of accused products during the relevant time period," it contends that the relevance of the remaining documents sought by this Request is "unclear."  Samsung's October 22 letter explained that documents showing the manufacturers of the accused products and the location, volume and time period of manufacture are relevant to Apple's exhaustion defense, as well as liability for manufacturing an infringing product and damages for such infringement.  Apple has not indicated whether it continues to dispute the relevance of these documents.  If so, please explain the basis for Apple's position.  Otherwise, please confirm that Apple will produce all documents responsive to this Request.

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

**Request Nos. 193-194**

Please confirm that Apple will produce all documents responsive to these Requests if Samsung agrees to adopt Apple's definition of "RELATING TO" for purposes of these Requests.

**Request Nos. 195-196**

These Requests call for all documents relating to the importation, distribution, marketing, or sale of the accused products, and documents sufficient to show when, where, and by whom each accused product was sold.  Apple refuses to produce any documents responsive to these requests on the grounds that "summary financial data" constitutes sufficient discovery for all issues pertaining to Samsung's damages claims.  Unless Apple agrees that its "summary financial data" will indicate the sales, distribution and marketing channels for each sale of the accused products, then Apple's contemplated production is insufficient, and the parties have reached an impasse regarding these Requests.

**Request No. 198**

Request No. 198 seeks all documents relating to sales forecasts, budgets, expenses, costs, and profitability of the accused products.  Apple contends that "all documents" relating to expenses, costs, and profitability are unnecessary because its summary financial data is sufficient.  Apple's position in this regard is inconsistent with the position it has taken with respect to Apple's own requests for financial data, where Apple has sought a wide range of financial documents in addition to summary financial data.  *See, e.g.*, M. Valek letter to M. Fazio, dated January 13, 2013.  This information sought by this Request bears directly on the issue of Apple's claimed lost profits, and Samsung is entitled to complete its own analysis of Apple's lost profits calculation without having to rely on summary numbers provided by Apple.

Apple also contends that sales forecasts and budgets are irrelevant.  Apple's contention ignores the fact that it has sought comparable documents from Samsung (*see* Apple's Fourth Set of RFPs, Request Nos. 248, 312, 314).

**Request No. 199**

Request No. 199 seeks all documents relating to the pricing of the accused products.  Although Apple agreed to produce "documents sufficient to show the price of the accused products," it asserts that documents relating to the pricing process are irrelevant.  Apple has failed to address Samsung's argument that documents relating to the decision to set the ultimate price are relevant to the overall valuation of the product and Samsung's damages claims.  Please confirm whether Apple continues to dispute the relevance of this Request.

Michael A. Silhasek
H. Mark Lyon
February 12, 2013

**Request Nos. 200-206, 211-215, 219-236**

These Requests generally seek documents relating to market demand, platform stickiness, network effects, and licenses related to the accused products, as well as competition between Apple and Samsung or the Android OS.  Apple has refused to produce any documents sought by these Requests, stating that the requested documents "are responsive to other, more narrow requests."  Please identify which "other" requests Apples references, and why Apple believes its production of documents responsive to these other requests satisfies the full scope of relevant documents sought by Request Nos. 200-206, 211-215 and 219-236.

**Request Nos. 207-210**

These requests seek documents related to any competitive testing or comparative analysis between the accused products and any Hitachi and ReQuest products.  Apple has agreed to produce responsive documents to the extent they describe the accused functionalities.  However, in the 1846 case, Apple repeatedly relied on Samsung's comparative analyses between Samsung products and Apple products embodying Apple's patented inventions, contending that such documents were relevant regardless of whether they specifically related to the accused functionalities.  If it is now Apple's contention that the only relevant documents responsive to these requests are those that describe the accused functionalities, then please so state.

**Request No. 216**

Apple has not yet responded to Samsung's previous letters, which explained that the documents sought by this Request are clearly relevant, even if they relate to non-accused functionalities.  For example, documents relating to non-accused functionalities are relevant to the nexus requirement because they reveal the extent to which features not claimed in Apple's asserted patents are the basis for consumer demand.  Indeed, Judge Koh relied on this type of evidence in denying Apple's motion for a permanent injunction in the 1846 case, *see* Dkt. 2197 at 8 (citing DX 572.26), just as the Federal Circuit did in holding that Apple failed to establish the nexus requirement with respect to the '604 patent in this case.  *See* Slip op. at 11 ("[H]ere, the only pertinent evidence—Apple's own survey evidence—shows that unified search is not one of the top five reasons" for consumers' purchasing decisions).  Please confirm that Apple will produce all documents responsive to this request.

Very truly yours,

Amar L. Thakur

Amar L. Thakur

99999.78003/5153069.1

9