# EXHIBIT H

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

February 14, 2013

**Via Electronic Mail**

Brian Buroker                                    Peter J. Kolovos
Gibson, Dunn & Crutcher LLP         Wilmer Cutler Pickering Hale and Dorr LLP
1050 Connecticut Avenue, N.W.       60 State Street
Washington, DC 20036-5306           Boston, Massachusetts 02109


Re:     Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

In advance of the parties' lead trial counsel meet and confer on February 15 and 16, I write to inform you of the  issues that Samsung intends to discuss at the meeting.  This letter contains Samsung's understanding of the issues that remain in dispute with regard to each discovery request detailed below, based on the parties' correspondence to date.  This letter should not, however, be deemed an exhaustive list of all issues that remain between the parties regarding the discovery listed below.

**Apple's Deficient Inventor Productions**

The parties have corresponded about this issue extensively for the past two months.  Since December 18, 2012, Apple has only made a single production containing inventor custodial documents.  For several inventors—including several currently Apple employees—Apple's production consists of just a handful of documents.  Apple's recent production of additional metadata does not remedy the deficiencies of Apple's production of inventor documents.  Apple has offered no plausible justification for its meager productions.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510  | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400  | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

Please be prepared to explain in detail the paucity of documents produced from the custodial files of the Apple inventors identified in Samsung's previous letters, particularly my letter dated January 15, 2013.  Unless Apple intends to further supplement its productions of inventor custodial documents, it appears the parties are at an impasse.

**<u>Source Code and Documents Relating to iTunes, iSync and Sync Services, and the Continued Deposition of Gordon Freedman</u>**

Samsung has sent numerous letters, most recently on February 6, 2013, requesting a complete production of all source code for all versions of iTunes released prior to January 2007, and has explained the relevance of this code on multiple occasions.  Apple is not entitled to limit its production of source code for this prior art software to a subset of code that Apple unilaterally deems relevant.  Similarly, Samsung is entitled to a complete production of source code for all versions of the iSync and Sync Services software, including the specific items most recently identified in my letter dated February 6, 2013. This source code is material prior art and is responsive to Samsung's discovery requests.

Apple must provide a near-term date certain by which it will complete its production of iTunes source code for versions released prior to January 2007, as well as source code for all versions of the iSync and Sync Services software.  In addition to providing dates for Apple's completed production of source code, please provide dates for Mr. Freedman's continued deposition that permit Samsung a reasonable amount of time for review.

With respect to printouts of the iTunes source code, Apple's refusal to produce these printouts is based on a misguided interpretation of section 11(i) of the Protective Order.  Unless Apple's position is that Samsung's printouts cover more than 10% of the *entire* iTunes 6.0.1 software release, rather than the subset of source code that Apple has produced, Apple's refusal to produce the printouts is baseless.  Samsung's inability to review these printouts is continuing to prejudice Samsung, and it intends to promptly pursue motion practice unless Apple withdraws its objection and immediately produces all printouts of iTunes source code.

**<u>Documents and Things Relating to WAIS and Sherlock</u>**

Samsung has sent numerous letters, most recently on February 5, 2013, detailing the deficiencies in Apple's production of WAIS- and Sherlock-related materials, which Apple has unjustifiably withheld since the preliminary injunction phase.  Samsung requested documents related to WAIS nearly 11 months ago, and until last week, Apple had only produced publicly available documents.  Similarly, Sherlock-related documents are responsive to requests that Samsung propounded six months ago, yet Apple failed to produce a single non-public document related to Sherlock until early February and has still failed to produce  – or even indicate when it will produce – source code related to Sherlock.  Furthermore, Apple failed to designate an adequately prepared witness on Topic 10, and persists in its refusal to produce documents related to WAIS-compliant software and documents related to either a server or a client that utilizes WAIS.

2

Apple's decision to withhold or delay production of these materials prejudices Samsung's ability to prepare for depositions, conduct further written discovery, and timely amend its contentions. Accordingly, Samsung has requested specific assurances regarding Apple's document collection efforts, a date certain by which Apple will complete production of these materials—including source code—and provide an adequate 30(b)(6) witness on Topic 10.  Please be prepared to provide these assurances at the meet and confer.

## Documents and Things Relating to Newton and Continuation of Capps Deposition

Apple continues to withhold materials relating to Newton, and has not produced a single document from its own files identifying Mr. Capps as the custodian.  Anything related to Newton, including emails or publications authored by Mr. Capps, whether from his custodial files or not, as well as all Newton developer documentation, should have been produced long ago.  Please promptly produce *all* Newton-related materials responsive to Samsung's Requests for Production.

For months now, Samsung has requested the continuation of Mr. Capps's deposition so that Samsung could complete its claim construction discovery.  Apple refused to provide dates until recently, when it proposed continuing Mr. Capps's deposition on February 22, 2013—the day after the *Markman* hearing.  Apple must propose a date in early March for Mr. Capps's continued deposition and complete its production of Capps and Newton-related materials well in advance of that date.

## Documents and Things Relating to Borland Software

Although Samsung first raised the issue of Borland Turbo C++ on November 21, 2012, Apple failed to respond for more than two months.  Borland Turbo C++ documents, as prior art of record, are responsive to at least Samsung's Request Nos. 59, 62, and 63.  Apple agreed to complete its production of Borland Turbo C++ documents by the end of January 2013, but that date has come and gone.  Unless Apple confirms that it has produced all Borland-related documents in its possession, custody or control and explains its efforts to search for such documents, please be prepared to explain Apple's failure to honor its commitment to complete production by the end of January.

## Apple's Objections and Responses to Samsung's Second Set of Preliminary Injunction Requests for Production

The parties have met and conferred with respect to PI Request Nos. 1 and 3 on several occasions and exchanged a multitude of letters regarding these Requests.  Samsung believes the parties have reached an impasse unless Apple agrees to (1) search for responsive documents in the custodial files of Phillip Schiller, Greg Joswiak and Steve Sinclair; (2) image the hard drives of Art Rangel, James Imahiro, Eric Jue and Stan Ng and conduct fulsome searches thereof; (3) search the database of survey materials described by Mr. Schiller in his trial testimony; and (4) provide a near-term date certain by which Apple will complete production of documents collected as a result of the searches described above.

3

**Apple's Objections and Responses to Samsung's Second Set of RFPs**:

| RFP No. | Issues |
|---------|--------|
| 61 | The parties have reached an impasse as to which cases have a technological nexus with the instant case. |
| 73 | Apple has not confirmed that it has completed production of complaints and communications with third parties asserting infringement of the patents-in-suit.<br><br>Apple's concern that some responsive documents are privileged does not justify its refusal to conduct direct searches for documents other than complaints or communications asserting infringement of the patents-in-suit. |
| 84-86 | The parties have reached an impasse unless Apple agrees to search for responsive documents in the custodial files of Phillip Schiller, Greg Joswiak, Steve Sinclair, Rangel, James Imahiro, Eric Jue and Stan Ng, as well as any other relevant marketing custodian. |
| 92 | Apple limits production to documents from "the two licensing employees referred to in Judge Grewal's June 5, 2012 Order" (re preliminary injunction discovery). |
| 103 | Apple fails to confirm that, given the parties' agreement re the definition of "Apple Patents," that it  is not withholding documents on the basis of its overbreadth or relevance objections. |
| 113 | Apple has stated that its production of documents evidencing ownership pursuant to Local Patent Rule 3-2(d) includes all documents responsive to this Request, and that the ownership of the patents-in-suit has always been with Apple, and the patents have never been transferred outside Apple.  Confirm that Apple is not withholding documents on the basis of any other objection. |
| 116 | Apple improperly objects to the Request as irrelevant and burdensome and improperly refuses to produce responsive documents on the grounds that these cases do not fit within the agreed-upon definition of "technological nexus." |
| 128 | Apple improperly objects to the Request as unduly burdensome, irrelevant, and calling for privileged documents. |
| 129 | Apple improperly objects to the Request as vague, ambiguous, seeking "inaccurate information," seek irrelevant drafts, requests information equally available to Samsung, cumulative, and burdensome. |

Additionally, although Apple has indicated it will produce documents responsive to Samsung Request Nos. 72, 74-76, 83, 95, 124-126, and 89-90, Apple has only agreed to complete its production of these documents prior to the close of fact discovery.  Given that these Requests have been outstanding for nearly a year, Apple's refusal to commit to completing production by a near-term date certain is unacceptable.  Please provide such a date.

**<u>Apple's Objections and Responses to Samsung's Third Set of RFPs</u>**:[1]

As an initial matter, please confirm Apple's agreement that the definition of "APPLE
ACCUSED PRODUCTS" is controlled by Samsung's Amended Infringement Contentions, and
that Apple will supplement past production as needed to comport with this definition.
Additionally, please confirm that Apple with withdraw its vagueness and overbreadth objections
to the term "RELATING TO" if Samsung agrees to adopt Apple's definition of this term for
purposes of Request  Nos. 152, 159, 163-170, 177, 180, 183, 187, 193-194, 207-210, and 216.

| RFP No. | Issues |
|---------|--------|
| 132 | Apple unilaterally limits production to documents relating to *non*-infringement of Samsung's patents.  The parties have reached an impasse unless Apple produces documents, other than source code, relating to *infringement* of Samsung's patents. |
| 135 | Confirm that Apple will produce English translations of foreign patents or publications on which it  intends to rely for any purpose, and not just as prior art. |
| 141 | Apple must search for responsive documents other than opinions of counsel and experts, and cannot delay production on account of P.L.R. 3-7 or the Court's schedule for expert discovery. |
| 149-153 | Apple improperly refuses to produce (1) responsive *documents*, as opposed to communications, from its own files; (2) communications discussing the *subject matter* of the '757 and '449 patents, and (3) communications relating to products made by ReQuest or digital still cameras or related technology. |
| 149 | Apple improperly limits the scope of production; Apple improperly objects to this Request as unduly burdensome. |
| 150 | Apple improperly limits the scope of production; Apple improperly objects to this Request as unduly burdensome. |
| 151 | Apple improperly limits the scope of production; Apple improperly objects to this Request as unduly burdensome. |
| 152 | Confirmation that Apple's production of documents will not be limited to communications with Hitachi, Ltd. that contain merely a reference to Patent No. '449, but will also include documents that discuss or otherwise refer to the subject of the '449 Patent itself. |
| c153 | Apple improperly objects to this Request as unduly burdensome. |
| 156 | Apple improperly insists that Samsung seek this information by way of an interrogatory.  Samsung will agree to seek the information sought by this Request by way of an interrogatory if Apple will not object to that interrogatory as compound. |

---

[1]   Although Samsung sent a separate letter on 2/12/2012 discussing these Requests,
Samsung summarizes the parties' apparent disputes for purposes of the meet and confer agenda.

| RFP No. | Issues |
|---------|--------|
| 157 | Apple improperly objects to this request as vague and ambiguous. |
| 158 | Apple improperly limits its production to instructions and user manuals provided to customers, thereby excluding numerous categories of relevant documents. |
| 159 | Confirm that Apple will produce all documents sought by this Request if the parties resolve the definition of "RELATING TO." |
| 162-170 | Apple improperly limits its production to source code, thereby excluding numerous categories of relevant documents, despite the fact that these Requests are narrowly tailored to the accused functionalities. |
| 171 | Date when Apple will make available the samples it has agreed to produce. |
| 189 | Date when Apple will make available the exemplars it has agreed to produce. |
| 174 | Apple's vagueness objection is unfounded; the software requested is relevant to Samsung's claims; the Request is narrowly tailored to baseband processors. |
| 177 | Apple seeks to improperly limit the scope of discovery to particular specifications of the relevant standards.  The proper scope of responsive documents includes at least all documents relating to compliance with all specifications covering HSUPA, HSPA and/or HSPA+ technology. |
| 180 | Confirm that Apple will produce all documents sought by this Request if the parties resolve the definition of "RELATING TO." |
| 183 | Confirm that Apple's agreement to produce test reports "for the accused products" is not limited to documents relating to (or describing) testing of the accused functionalities. |
| 187 | Apple's proposed production would exclude numerous categories of relevant documents that relate to the Mail and Camera applications but do not specifically relate to (or describe) the accused functionalities |
| 192 | Apple's refusal to produce any responsive documents other than sales data excludes documents relevant to exhaustion defense, liability for manufacturing infringing products, and damages for such infringement. |
| 193-194 | Confirm that Apple will produce all documents sought by these Requests if the parties resolve the definition of "RELATING TO." |
| 195-196 | These Requests are not duplicative of "summary financial data."  The parties are at an impasse unless Apple's "summary financial data" indicates the sales, distribution and marketing channels for each sale of an accused product. |
| 198 | Apple's relevance objection to sales forecasts and budgets is unfounded—such documents are relevant to a reasonable royalty and other damages issues, and Apple itself has requested such documents. |
| 199 | Apple's agreement to produce documents sufficient to show the price of the accused products is insufficient, and Apple fails to address the fact that documents relating to |

| RFP No. | Issues |
|---|---|
| | pricing decisions are relevant to the overall valuation of the product and Samsung's damages claims. |
| 200-206, 211-215, 219-236 | Apple has not explained its assertion that the documents sought by these requests are "are responsive to other, more narrow requests," whether Apple intends to produce all documents sought by those "other, more narrow requests," or why Apple's objection is a legally sound justification for refusing to conduct a reasonable search. |
| 207-210 | Apple's competitive testing or analysis of products embodying the Samsung patents-in-suit are relevant regardless of whether they specifically related to the accused functionalities.  Apple relied on similar documents at trial in the 1846 case. |
| 216 | Apple's proposed production would exclude documents of the same type that Judge Koh and the Federal Circuit have relied on in denying Apple injunctive relief. |

**Apple's Objections and Responses to Samsung's Fourth Set of Requests for Production (Nos. 237-255 and 256-258)**

Apple has improperly sought to limit its search for responsive documents to just two custodians, Boris Teksler and B.J. Watrous.  As Samsung has explained, however, Apple has not disputed—nor could it dispute—that more than two Apple employees are involved in licensing, and that Apple is aware of these individuals' identities.  Apple must produce all documents responsive to these Requests, and not just documents in the possession, custody, or control of Boris Teksler and B.J. Watrous.

In addition to the foregoing, Samsung notes the following additional issues with Apple's Objections and Responses to Samsung's Fourth Set of Requests:

| RFP No. | Issues |
|---|---|
| 237-255 | Apple  improperly limits the scope of its production; Apple's improperly demands that Samsung generate a list of responsive documents. |
| 256-258 | Apple improperly limits the scope of its production. |

**Apple's Objections and Responses to Samsung's Fifth Set of Requests for Production (Nos. 260-261)**

Samsung wrote to Apple on October 17, 2012, October 24, 2012, and again on January 7, 2013, regarding its improper objections to Request Nos. 260 and 261.  Apple's responded by refusing to even discuss these Requests until Samsung reviewed a wholly separate document production, made pursuant to a wholly separate set of preliminary injunction requests.  Apple cannot tether discussion of these Requests to a wholly separate production.  Apple must be prepared to meet and confer on these Requests.

In addition to the foregoing, Samsung notes the following additional issues with Apple's Objections and Responses to Samsung's Fifth Set of Requests:

| RFP No. | Issues |
|---------|--------|
| 260-261 | Apple improperly limits the scope of its production; Apple improperly objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome, implicating privacy issues, and premature. |

**Apple's Objections and Responses to Samsung's Sixth Set of Requests for Production**

| RFP No. | Issues |
|---------|--------|
| 263-266 | Apple offers only boilerplate objections and refuses to produce responsive documents. |
| 270 and 284 | Apple improperly objects that these RFPs seek only protected documents, and claims that the term "concerning" (in No. 284) does not provide meaningful direction as to the scope of documents sought. |
| 262 and 278 | Apple improperly limits its production to documents relating only to the "Apple Patents." |
| 267-269 | Apple improperly limits its scope of production to "non-privileged publications and publicly-available" materials. |
| 273 | Apple improperly limits production to "the claimed invention" where Request clearly seeks documents relating to the "subject matter of the patent." |
| 274 | Apple improperly limits its scope of production. |
| 275 | Apple improperly limits production to omit communications with foreign patent offices  and documents related to "foreign counterparts." |
| 277 | Confirm scope of production. |
| 280 | Apple improperly limits its production to documents "publicly provided." |
| 281 | Apple improperly limits its scope of production |
| 282 | Apple improperly limits its scope of production |
| 285 | Confirm that Apple is producing documents in a timely manner. |
| 289-292 | Issue concerning Apple's agreed-upon scope of production, and meaning of "similar feature." |
| 293-294 | Apple improperly limits its scope of production.  (See also **Source Code and Documents Relating to iTunes, iSync and Sync Services, and the Continued Deposition of Gordon Freedman** above.) |
| 295-296 | Confirm that Apple will produce all responsive, non-privileged documents relating to Newton, including source code. (See also **Documents and Things Relating to Newton and Continuation of Capps Deposition** above.) |
| 297 | Confirm that Apple will produce all responsive, non-privileged documents relating to Sherlock, including source code. (see also **Documents and Things Relating to** |

| | **WAIS and Sherlock** above.) |
|---|---|

## Apple's Objections and Responses to Samsung's Seventh Set of Requests for Production

The parties have exchanged numerous letters regarding these Requests over the past two months. Apple has failed to respond to Samsung's letter dated January 28, 2013, which set forth a detailed rebuttal of each of Apple's objections.

| RFP No. | Issues |
|---|---|
| 315-316 | Apple improperly objects to the *Georgia Pacific* language: "the nature of" and "character of the commercial embodiment," vague and overly broad.  Apple objects that these Requests are duplicative of No. 326, for which Apple has agreed to produce responsive, non-privileged documents in its possession. |
| 328 | Apple improperly limits its production to the documents related to the effect of Apple's brand on consumer demand instead of all documents related to the Apple brand |
| 337-349 | Apple offers only boilerplate objections of vague, over breadth, and irrelevance. |

## Apple's Objections and Responses to Samsung's Eighth Set of Requests for Production (Nos. 350-363)

Samsung has explained, in letters dating back to December 20, 2012, that Apple's attempt to unilaterally impose a "technological nexus" limitation on these Requests is improper.  Moreover, even if the technological nexus limitation applied, the VirnetX litigation satisfies that limitation as the parties have defined it.

## Apple's Objections and Responses to Samsung's Ninth Set of Requests for Production

| RFP No. | Issues |
|---|---|
| 364-424 | Apple's claim that these Requests are duplicative of Request No. 221.  Apple's claim that some of these Requests are "not designed to capture relevant documents." |
| 448-451, 456-457 | Apple's claim that the Requests are "not tied to the patented functionality at issue in this case" and thus irrelevant. |
| 458-459 | Apple's claim that it need not produce responsive documents because it has already agreed to produce documents relating to whether and how the patented features at issue drive demand. |
| 474 | Apple's claim that its refusal to produce responsive documents is justified by the fact that it has agreed to produce documents responsive to other requests that speak to different issues within this same general topic. |
| 475-486 | Apple's unsupported claim that these Requests are irrelevant. |

|  | Apple's claim that it does not understand Samsung's "cannibalization theory." |
|---|---|
| 487-488, 498-499 | Apple's unsupported claim that these Requests are irrelevant. <br><br> Apple's claim that it need not produce in response because it has already agreed to produce documents "relating to whether the patented features at issue drive consumer demand." |
| 491-493 | Apple's claim that these Requests seek irrelevant information because they have "no relationship to the patented features at issue." |
| 500, 569 | Apple's claim that it need not produce in response because these Requests are not "tied to the patented features at issue." |
| 505-508 | Apple's refusal to produce responsive documents because it has already agreed to produce publicly-released advertisements "relating to the patented features." |
| 509-510 | Apple's claim that these Requests seek irrelevant information because they seek "documents that are not related to the patented features at issue". |
| 517-518 | Apple's claim that these Requests are overbroad and that it is justified in refusing to produce because it agreed to produce documents "related to the impact on product sales or demand of the patented features". |
| 525-528 | Apple's claim that these Requests are duplicative of Nos. 21 and 364-424. <br><br> Apple's unsupported claim that these Requests seeks irrelevant information. |
| 535-538 | Apple's claim that its refusal to produce is justified because these Requests only relate to custodian list issues and Apple's custodian list is not inadequate. |
| 557-568 | Apple's claim that these Requests do not have any "connection" to Apple's claim that its damages are not quantifiable. <br><br> Apple's claim that these Requests are "beyond the scope of what Samsung requires in this litigation." |
| 571 | Apple's purported agreement to produce without updating its responses. |
| 574-575, 584-587 | Apple's claim that the Requests are irrelevant and a fishing expedition. |

## **Apple's Objections and Responses to Samsung's Tenth Set of Requests for Production**

Samsung first addressed Request Nos. 588 through 593 on December 31, 2012, asking Apple to confirm its understanding of its production commitments and explaining the relevance of the Requests. Apple has failed to respond to Samsung's most recent letter on this issue, dated January 29, 2013, which addressed each of Apple's objections in detail.

| RFP No. | Issues |
|---|---|
| 588 | Apple erroneously claims that documents relating to features not made public are not relevant. |
| 589 | Apple has failed to confirm it has searched for responsive documents. |

| | |
|---|---|
| 590 | Apple erroneously claims that documents relating to features not made public are not relevant. |
| 591 | Apple claims that it does not have enough information on Smartform, despite publicly available information and the information provided by Samsung. |
| 592 | Apple has failed to confirm it is not withholding any responsive, non-privileged documents because of the version of Newton to which they relate. |

## Apple's Objections and Responses to Samsung's First Set of Interrogatories

Samsung first wrote to Apple regarding deficiencies in its Responses and Objections to Samsung's First Set of Interrogatories on November 30, 2012.  Samsung's latest letter on the topic, sent January 3, 2013, asked Apple for a response by January 10, 2013,  Apple simply failed to respond.

| Interrogatory No. | Issue |
|---|---|
| 1 | Apple's response fails to point to specific dates and individuals, or identify documents by precise Bates range; Apple has failed to provide any supplementary response |
| 2-3 | Apple improperly attempts to rely on its Patent Local Rule Disclosures, although those disclosures do not differentiate between Bates ranges responsive to Samsung's Interrogatory No. 2, and those response to Interrogatory No. 3. |
| 6 | Apple fails to identify documents responsive to this Interrogatory on a patent-by-patent basis; Apple fails to identify any individual |
| 11 | Apple's response fails to identify any secondary consideration of obviousness for each claim of the Samsung patents-in-suit, as called for by this Interrogatory.  Apple fails to explain how "the fact that Samsung itself does not claim to practice the patent" is evidence of obviousness. |
| 12 | Apple's response is mere a list reciting almost every term in each Samsung patent; Apple must supplement its answer to provide the appropriate level of detail. |
| 13 | Apple has failed to explain why software versions found in a particular folder do not correspond to the name of that folder. |
| 18 | For the '058, '179, '757, '239, '470, and '449 Patents, Apple's response simply points to all prior art without identifying and describing in detail, as required, each design-around or alternative for each Patent. |
| 20 | Apple's objections to this Interrogatory on the grounds of irrelevance and privilege are improper and insufficient to justify its complete failure to respond. |
| 21 | Apple fails to name a specific date on which it became aware of the '757 Patent; Apple fails to identify any individuals in the licensing offer from Request. |
| 23 | Apple has failed to provide the full information sought by this interrogatory. |

**Apple's Objections and Responses to Samsung's Second Set of Interrogatories**

Samsung explained several issues with Apple's Objections and Responses to Samsung's Second Set of Interrogatories in its letter of January 29, 2013, and wrote again asking for a response on February 8, 2013. Apple has failed to respond. Apple's Response to Interrogatory No. 25 makes substantially different assertions regarding the practice of the Apple Patents by Apple's own devices when compared to Exhibit 140 Apple's Patent Local Rule 3-1 Infringement Contentions. Samsung has asked Apple to explain why it believes it is permissible to amend its Infringement Contentions in this matter, in light of Patent Local Rule 3-6, which requires an order of court and a showing of good cause before a party's infringement contentions may be amended.

Moreover, Samsung has asked Apple to supplement its response so that it addresses each and every subpart of Interrogatory No. 25. Apple's Response addresses only subparts (i), (ii), and (iv), and omits any answer to parts (iii), (v), (vi), and (vii), even though Apple can easily access this information.

| Interrogatory No. | Issues |
|---|---|
| 25 | Apple has failed to explain its basis for providing a response that differs from its Infringement Contentions; Apple must supplement its response to address each subpart of this Interrogatory. |

**Apple's Objections and Responses to Samsung's Third Set of Interrogatories**

Samsung requested a supplemental response to Apple's Objections and Responses to Samsung's Third Set of Interrogatories in its letter of February 1, 2013, and wrote again asking for a response on February 11, 2013. While Apple has chosen to remain silent, its Response to Samsung's Interrogatory No. 26 indicates it is will meet and confer regarding the scope and relevance of the information sought by the Interrogatory. The information sought by this Interrogatory is clearly relevant, as shown by Apple's own mirror Interrogatory No. 38. Samsung has already committed to supplementing its Answer to Apple's Interrogatory No. 38 in accordance with the Court's May 2, 2012 Case Management Order.

| Interrogatory No. | Issues |
|---|---|
| 26 | Apple has failed to commit to supplementing its response to this Interrogatory. |

**Apple's Objections and Responses to Samsung's Third Amended 30(b)(6) Notice**

The issues upon which Samsung wishes to confer regarding Apple's objections and responses to the Third Amended 30(b)(6) Notice are detailed in Samsung's letter dated February 11, 2013.

**Apple's Search Term Disclosures**

As Samsung has detailed in its letters dated October 12, 2012, October 30, 2012 and November 6, 2012, Apple's Search Term Disclosures do not correlate Apple's bates numbered documents with the Apple custodians from which they came. Apple has, therefore, frustrated Samsung's attempts to determine which Apple documents came from which Apple custodians. Because of this same deficiency, Samsung is unable to fully assess the adequacy of Apple's document productions from the custodians that Apple has disclosed thus far. Apple's refusal to amend its search term disclosures has severely impaired Samsung's ability to prepare for the upcoming depositions of Apple employees (as well as non-employees represented by Apple).

**Apple's Search Terms**

The issues upon which Samsung intends to confer regarding Apple's search terms are set forth in the parties' letters on this subject dated August 23, 2012, September 14, 2012, October 9, 2012, October 12, 2012 and October 30, 2012.  Notably, the issues raised in those letters are not exhaustive.  As Samsung noted in its letters regarding Apple's search terms and, as it notes again here, neither this letter nor Samsung's prior correspondence regarding Apple's search terms is intended to cover all of Samsung's issues with Apple's search terms.

Very truly yours,

Amar L. Thakur