# EXHIBIT I

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

February 22, 2013

**Via Electronic Mail**

Josh A. Krevitt
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304

Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to follow up on the parties' February 15 and 16, 2013 lead trial counsel meet and confer
held at Quinn Emanuel's Los Angeles office regarding a variety of issues raised by both
Samsung and Apple, and to confirm certain agreements made at that meeting.  The specific
discovery issues that were discussed by the parties are detailed below, in the order in which they
were raised at the meet and confer.  Where Samsung does not state a position concerning a
proposal from Apple, Samsung is considering Apple's position and will respond at a later date.
Any proposals offered by Samsung below are offered in the spirit of cooperation and
compromise and without waiving Samsung's right to seek further relief.


**Apple's Objections and Responses to Samsung's Second Set of Preliminary Injunction
Requests for Production**

**Request Nos. 1 and 3:**  These Requests seek documents related to Apple's iPhone Buyer Survey
from the Second Quarter of 2012.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

1.     Apple represented that it has completed a "diligent search" of, and will produce all responsive documents from, the custodial files of Phillip Schiller, Greg Joswiak and Steve Sinclair.

2.     Apple represented that it has interviewed all relevant custodians, completed a "diligent search," and will produce all responsive materials.  Apple will not agree that in all instances a "diligent search" requires imaging hard drives, and it will not acknowledge specifically whether it has imaged the hard drives of Art Rangel, James Imahiro, Eric Jue and Stan Ng.

3.     Apple represented that the database of survey materials described by Mr. Schiller in his trial testimony is not an Apple database, but rather is controlled by the third party marketing company Advanis that prepared the survey.  Thus, Apple stated that it cannot perform a search of the Advanis database for responsive documents.  Apple will not commit to a representation that it will not object to a subpoena from Samsung directed to Advanis.

4.     Samsung requested, but Apple refused to provide, a date certain by when Apple will complete production of documents collected as a result of the searches described above.  Apple is willing to discuss the parties providing a framework for prioritizing custodial searches and production as an overall concept in discovery.  Samsung reiterates its request for a date certain by when Apple will complete production of documents responsive to these requests.

5.     Apple will confirm in writing that it has identified all custodians likely to have responsive documents, that it has searched for such documents, and that it has produced, or will produce such documents.  Samsung reserves all rights with regard to its position as to the sufficiency of Apple's search for, and production of, documents responsive to these Requests.

## Apple's Objections and Responses to Samsung's Fifth Set of Requests for Production

**Request Nos. 259-261:**  These Requests seek documents related to Apple's iPhone Buyer Surveys from June 2007 to the present.  Apple represented it has produced all final copies of the surveys.  Apple continues its refusal to produce drafts, correspondence and other documents related to the surveys.  However, Apple also agrees not to ask Samsung to produce drafts, correspondence and other documents related to its surveys.  Samsung is considering Apple's proposal.

## Apple's Objections and Responses to Samsung's Seventh Set of Requests for Production

**Request Nos. 315-316:**  Apple will confirm that it is not withholding documents on the basis of its objections.  Since Apple has agreed to produce all documents relating to the *Georgia Pacific* factors as those factors relate to Apple's claim for damages, Samsung believes this issue will be

resolved upon Apple's confirmation.  Please inform Samsung immediately if Apple believes otherwise.

**Request Nos. 328, 337-349:**  Apple stated that it will produce all documents that relate to the value of the Apple brand (responsive to Request No. 328) and that it no longer intends to limit its agreement to produce in response to this request to documents relating to the effect of the value of the Apple brand on consumer demand of Apple products.  However, Apple stated it intends to stand on its objections to Request Nos. 337-349 to the extent they seek documents not encompassed by Apple's agreement to produce documents that relate to the value of the Apple brand.  Apple stated that it does not intend to do any specific searches targeted at documents responsive to Request Nos. 337-349.  Samsung reserves all rights with regard to its position as to Apple's refusal to do specific, targeted searches until it has had the opportunity to review Apple's production in response to Request No. 328.

## Apple's Deficient Inventor Productions

1.  Apple represented that it has done a reasonably diligent search and produced all responsive custodial documents.  Apple refuses to provide the details of where it searched or how it performed searches of its custodians, including inventors, beyond the provision of its search terms and names of custodians searched.  However, Apple stated it does not intend to ask for such details from Samsung.  Samsung reserves all rights with regard to its position as to Apple's refusal to provide details of where it searched or how it performed these searches.

2.  For former Apple employee inventors Thomas Bonura, Stephen Capps, Bonnie Nardi, David Wright, and James Miller, Apple represented that it has produced all custodial documents in its possession.  Samsung will consider whether such a representation is sufficient without Apple providing a summary of when and how these former employee inventor documents became unavailable, provided that this is a standard that will apply to both parties' former employee inventors.

3.  Samsung stated that its review of Apple's production indicated Apple had only produced one custodial document from current employee and inventor Keith Mortensen and only a handful from inventor Michael Matas (who left Apple in 2009).  Apple disputed those numbers and said its production of custodial documents from those inventors was significantly larger.  Apple agreed that it will search its production and report by March 1 the Bates ranges for custodial documents from these two inventors.

4.  Samsung's "transparency documents" have, previously, linked each custodian to the Bates ranges of responsive documents corresponding to that custodian.  Apple has not provided similar information, and, as a result, Samsung has suffered a number of hardships.  Apple will consider whether it will provide similar information.  If not, Apple agrees that Samsung will discontinue its practice of

providing this information.  Samsung requests that Apple provide a transparency document that mirrors Samsung's transparency document.

## Apple's Objections and Responses to Samsung's Ninth Set of Requests for Production

Apple was not prepared to discuss these Requests.  Apple acknowledged that it had not agreed to produce any documents pursuant to a significant portion of these Requests: Nos. 364-424, 448-451, 456-459, 474-488, 491-493, 498-500, 505-510, 517-518, 525-528, 535-538, 557-569, 571, 574-575, 584-587.  Apple agreed to revisit the Requests and to send a letter by March 1 withdrawing some of its objections and setting forth its proposal for narrowing the requests it believes are overly burdensome.  If Apple intends to stand on objections to any of the Requests, it will articulate more clearly its grounds for its burden and overbreadth objections.

## Apple's Objections and Responses to Samsung's Third Set of Requests for Production (Financial Documents)

**Request Nos. 192, 195-196, 198:**  Apple will produce documents consistent in scope with what was produced in 1846, but updated for the current litigation.  Apple will memorialize this representation in a letter by March 1.  Samsung agreed to consider this proposal and respond whether the 1846 scope of production will satisfy the needs of this litigation.

**Request No. 199 (pricing information):**  Samsung wants pricing data and information from Apple that compare to the information contained in Samsung's Pumi reports.  Apple will consider and respond.  Both parties agreed to consider whether the scope of pricing information produced in 1846 would be sufficient to satisfy their needs in this litigation.

## Samsung's Requests for Production Related to WAIS

1. The parties agree that Apple should produce all WAIS-related documents, but disagree as to what those documents are.  Samsung's position is that WAIS clients and servers, such as Apple's Rosebud, AppleSearch, and Reporter software, are WAIS-related.  Apple's position is that they are not.  AppleSearch, Rosebud, and other Apple software were designed to work as WAIS clients and WAIS servers, but Apple suggests that its discovery obligation extends only to producing documents that describe this functionality.  Apple is not currently willing to produce the software itself, or the code explaining how this software was implemented.  Apple agreed to decide whether it will produce executables and source code for Rosebud, AppleSearch, Reporter, and other software related to WAIS.  Apple committed to provide an answer by March 1.

2. Apple represented that its production of other documents related to WAIS was mostly complete.  It did not confirm whether it possessed source code for any WAIS clients or servers, but stated that if any source code for WAIS software

exists, it would be produced.  Apple agreed to provide a date certain for the final production of WAIS-related documents by March 1.  Apple estimated that the time required to complete its production of WAIS-related documents would be closer to two weeks than two months.

3.     Samsung reminds Apple that it surely has possession of WAIS-related source code, including source code for WAIS clients and WAIS servers such as AppleSearch and Rosebud, and that Apple should avoid repeating its failures from investigation 337-TA-710, where Apple failed to produce highly relevant prior art source code in Apple's archives until the eleventh hour, requiring an adjustment to the scheduled hearing date.

4.     Regarding the six specific issues raised on pages seven and eight of my February 5, 2013 letter, Apple said it would respond in writing.  Specifically:

   a.     With regard to whether Kevin Tiene, Charles Bedard, David Casseras, Steve Cisler, Tom Erickson, Eric Roth, John Thompson-Rohrlich, Gitta Salomon, and Oliver Steele were current employees or subject to a consulting agreement, Apple said that it would want a mutual agreement to disclose consulting relationships before disclosing the consulting status of these individuals.  Apple agreed to confirm by March 1 whether they are current employees.

   b.     Apple agreed to investigate and respond by March 1 as to whether Ruth Ritter was a former Apple employee.

   c.     With regard to whether WAIS-related documents were collected from employees other than Mr. Tiene, including Kazu Yanagihara, Apple agreed to investigate and respond by March 1.

   d.     Apple confirmed that it has searched and produced all responsive custodial documents from Jane Vratny.

   e.     Apple stated that its search for documents related to WAIS thus far has <u>not</u> included a search for WAIS server software or WAIS client software (such as executable versions of Rosebud or AppleSearch).

   f.     Apple stated that it has not searched and does not intend to search archives and back-up tapes for documents related to WAIS or Sherlock, citing the Stipulation Regarding Electronic Discovery.  Apple stated that the "exceptional circumstances" required by the Stipulation supposedly did not obtain here, although Apple would not explain why it believed there was no "good cause" (the standard applicable under the Stipulation) required to search backups.  Apple represented that it has made reasonable searches of all reasonable sources, but would not confirm the specific sources searched.

5

g.   Apple confirmed that its search for documents related to WAIS included the files from Apple's Advanced Technology Group.

## WAIS 30(b)(6) Witness

Apple stated that it would consider offering Janet Vratny for a second, time-limited deposition if Samsung could articulate the basis for such a deposition on the basis of documents Apple has recently produced.  Samsung explained that another corporate witness is necessary both because Ms. Vratny was unprepared and because Apple waited to produce a substantial volume of WAIS-related documents until after Ms. Vratny's deposition.  In the spirit of cooperation and compromise, and without waiving its rights to seek any further relief, Samsung will consider Apple's proposal once Apple has finished its WAIS production and Samsung has had a chance to review the production.

## Samsung's Requests for Production Related to Sherlock

Apple stated it would produce all documents related to Sherlock.  Apple confirmed that this production would include any source code in Apple's possession.  As noted above, because Sherlock was developed by Apple, Samsung reminds Apple that it surely has possession of the Sherlock source code, and that Apple should avoid repeating its failures from investigation 337-TA-710, where the investigation's schedule had to be adjusted due to Apple's late production of relevant source code.  Apple confirmed that its search for documents related to Sherlock included the files from Apple's Advanced Technology Group.  Apple committed to providing a date certain for the final production of Sherlock documents and will respond by March 1.

## Apple's Objections and Responses to Samsung's 2nd Set of Requests for Production

**Request Nos. 61 and 116:**  Samsung agreed to provide an explanation of the technological nexus between the present case and each of the cases on its list of technological nexus cases by March 1.

**Request No. 73:**  Apple stated it has produced complaints and infringement contentions responsive to this Request.  Samsung asked that Apple identify the licensing custodians who would have been involved in theses suits and search them.  Apple stated that the request then related to the discussion concerning Samsung's Request Nos. 92 and 221, which relate to licensing custodians.

Samsung proposed that both sides agree to identify key custodians and produce responsive documents in their possession, custody, or control.  Both parties agreed to consider the proposal.

**Request Nos. 84-86:**  Samsung asked Apple to confirm that it had imaged the hard drives for Phillip Schiller, Greg Joswiak, Steve Sinclair, Art Rangel, James Imahiro, Eric Jue and Stan Ng.

Apple reiterated its general position had it would not disclose such information, but Apple agreed that, in this case, it would investigate whether it had imaged the hard drives for the six individuals, provided such agreement would not be the basis for Samsung to argue under other requests that Apple should confirm whether other individual hard drives were imaged.

**Request No. 103:**  Apple confirmed it is not withholding any otherwise responsive, non-privileged documents on the basis of its objections to this Request.

**Request No. 113:**  Apple confirmed it is not withholding any otherwise responsive, non-privileged documents on the basis of its objections to this Request.

**Request No. 128:**  Apple stated that it continues to object to this Request on the basis of relevance.  Samsung reserves all rights with regard to its position as to the relevance of this Request.

**Request No. 129:**  Samsung stated that it is producing responsive, non-privileged documents under comparable requests from Apple, and wanted the same from Apple.  Apple stated that it would provide Samsung with a description of documents withheld on the basis of its objections to this Request.


### Samsung's Issues Related to Continued Depositions of Certain Witnesses

1. **Continued Deposition of Gordon Freedman:**  Apple proposed that Mr. Freedman be offered for an additional half day of deposition.  Samsung stated that it would consider the offer, although Samsung notes that, for the reasons stated in, *inter alia,* my February 6, 2013 letter, Samsung is entitled to longer and considers this proposal in the spirit of cooperation and compromise, without waiving its rights to seek additional relief.

2. **Continued Deposition of Stephen Capps:**  Apple said that it was amenable to an additional time-limited deposition of Mr. Capps after the completion of its production of documents relating to Newton.  Samsung will consider that proposal, but notes that, for the reasons stated in, *inter alia,* my February 8, 2013 letter, Samsung is entitled to longer and considers this proposal in the spirit of cooperation and compromise, without waiving its rights to seek additional relief. The parties agreed to discuss a date for the continued deposition of Mr. Capps after completion of Apple's Newton production.


### Samsung's Other Issues

1. **Samsung's Issues Related to Newton:**  Apple agreed to provide a date certain by which its production of Newton documents, including source code, would be complete, by March 1.  Apple also confirmed that its production of Newton documents was not limited by any Newton version number, and that Apple was

producing all Newton related documents located after a reasonable and diligent search.  As noted above, Samsung reminds Apple that it surely has possession of all Newton source code, and that Apple should avoid repeating its failures from investigation 337-TA-710.

2. **Samsung's Issues Related to iTunes Source Code and Printouts:**  Samsung will address these issues in separate correspondence.

3. **Samsung's Issues Related to iSync and Sync Services:**  Apple represented that it had completed its search for iSync and Sync Services source code and was not withholding any code on the basis of relevance.  Apple stated that it therefore believed its production to be complete but that it would investigate if Samsung identified any code it believed it was missing.  Samsung agreed to investigate and get back to Apple.

4. **Documents Relating to the World Wide Development Conference:**  Samsung asked that Apple produce video and documents related to two presentations given at the 2004 Word Wide Development event.  Apple agreed to investigate the issue, and respond to Samsung by March 1.

5. **Samsung's Issues Related to Borland:**  Apple represented that it completed production of Borland C++ Turbo documents on February 13.  Samsung asked whether the production included the commercial version of Borland C++ Turbo and Apple agreed to investigate.

## Mutual Issues Related to the Time Keeping of Depositions

The parties agreed that they would exchange calculations of how much deposition time each party has consumed.

## Mutual Issues Related to the Tallying of Interrogatories

Apple asked that Samsung clarify its position on whether the interrogatories issued during the preliminary injunction phase counted towards the presumptive 50 interrogatory limit.  Samsung stated that it would so clarify.

If Apples understanding of any of the foregoing issues differs, please let us know immediately.

Very truly yours,

Amar L. Thakur