# EXHIBIT J

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

March 8, 2013

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:   Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Michael:

I write to follow up on certain issues relating to discovery of financial information stemming from the parties' meet and confer discussions on February 15-16, 2013. Apple has already detailed many such issues in its letters to you dated February 19, 2013 and February 26, 2013.

First, both sides have served requests for documents describing pricing strategy (*see, e.g.,* Samsung RFP No. 199 and Apple RFP No. 232 and both sides have objected to the relevance of these requests. Apple proposes that the parties agree to a mutual withdrawal of these requests. Of course, both parties would continue their agreement to produce information regarding the actual sales price of their accused products, number of products sold and other financial information.

Likewise, this proposed agreement would not restrict discovery of documents responsive to other document requests. For example, Apple understands that the term "PUMI reports" refers to a broad array of Samsung reports, which include financial, marketing and technical information relating to Samsung's accused products. Samsung must produce responsive PUMI reports and indeed we understand that Samsung has agreed to do so. *See, e.g.,* Samsung's Response to Apple RFP No. 436 ("Samsung will produce responsive, non-privileged PUMI reports…"). To the extent some of these reports also include a discussion of Samsung's strategy for pricing its products, Apple would agree that Samsung could redact such information should Samsung agree to a mutual withdraw of the parties' pricing strategy requests. Accordingly, the underlying PUMI report would still be produced, but in redacted form. Please let us know if Samsung will agree to this proposal.

Second, while Apple does not agree to forego production of bills of materials, Apple does agree to mutually forego production of cost component invoices and documents relating to

**GIBSON DUNN**

Michael L. Fazio
March 8, 2013
Page 2

the number and reasons for returns. Apple understands that this agreement does not prevent discovery of summaries and reports providing information regarding the costs associated with the accused products (and explanations of how the summaries were derived) only that underlying component invoices need not be produced. If Samsung has a different understanding, please let us know.

Finally, Apple will not agree to wait until May 1, 2013 for Samsung to produce the financial information and reports Apple has requested, as this does not leave sufficient time in the schedule to conduct fulsome damages fact discovery prior to the initial expert report deadline. Please tell us whether Samsung will agree to a mutual exchange of financial information on April 1, 2013, as Apple has previously proposed. If Samsung will not agree to this proposal, Apple will ask the Court to order the same.

Sincerely,


*/s/ Michael A. Valek*

MAV/pdd