QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL FURTHER RESPONSES TO SAMSUNG'S PRELIMINARY INJUNCTION INTERROGATORIES (INTERROGATORY NO. 4)**<br><br>Date: June 5, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |

<u>DECLARATION OF MICHAEL L. FAZIO</u>

I, Michael L. Fazio, declare as follows:

1.     I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").   I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     A true and correct copy of Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction, dated March 6, 2012, is attached hereto as **Exhibit A**.

3.     A true and correct copy of Apple Inc.'s Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction, dated March 27, 2012, is attached hereto as **Exhibit B**.

4.     Samsung initiated the meet and confer process on Interrogatory No. 4 by letter dated March 29, 2012.   A true and correct copy of a letter from me to H. Mark Lyon at Gibson Dunn & Crutcher, LLP, dated March 29, 2012, is attached hereto as **Exhibit C**.

5.     A true and correct copy of a letter from Brian M. Buroker of Gibson Dunn & Crutcher to me, dated April 2, 2012, is attached hereto as **Exhibit D**.

6.     A true and correct copy of a letter from me to Mr. Buroker, dated April 3, 2012, is attached hereto as **Exhibit E**.

7.     A true and correct copy of Apple's First Supplemental Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction (No. 4), dated April 9, 2012, is attached hereto as **Exhibit F**.

8.     On April 10, 2012, counsel for Samsung and Apple, including lead trial counsel for both parties, met in person at Quinn Emanuel's Los Angeles office to discuss various discovery issues, including Apple's interrogatory responses.   I was present at this meeting.   At the meeting, Samsung noted two continuing deficiencies with Apple's response to Interrogatory No. 4. Specifically, Samsung pointed out that:   (1) Apple had not represented that the license agreements identified in its Supplemental Response were *all* license agreements for the Preliminary Injunction

1   Patents; and (2) Apple still had not responded to the remainder of Interrogatory No. 4.   Samsung

2   memorialized these points in a letter to Apple after the meeting.   A true and correct copy of a

3   letter from me to Mark Lyon of Gibson Dunn & Crutcher, dated April 10, 2012, is attached hereto

4   as **Exhibit G**.

5          9.     A true and correct copy of an email from Mark Lyon to me (and others), dated

6   April 13, 2012, is attached hereto as **Exhibit H**.   To date, Apple has not provided any information

7   regarding requests, offers, or negotiations for licenses for the Preliminary Injunction patents.

8

9          I declare under penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct.

11         Executed on April 30, 2012, at Los Angeles, California.

12

13                                              _____

14                                                  Michael L. Fazio

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAZIO DECL. ISO SAMSUNG'S MTC FURTHER RESPONSES TO PI ROG #4

# EXHIBIT A

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    Kevin A. Smith (Bar No. 250814)
3   kevinsmith@quinnemanuel.com
    50 California Street, 22nd Floor
4   San Francisco, California 94111
    Telephone: (415) 875-6600
5   Facsimile: (415) 875-6700

6   Kevin P.B. Johnson (Bar No. 177129)
    kevinjohnson@quinnemanuel.com
7   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
8   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
9   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
10
    William C. Price (Bar No. 108542)
11  williamprice@quinnemanuel.com
    Patrick M. Shields (Bar No. 204739)
12  patrickshields@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
13  Los Angeles, California 90017
    Telephone: (213) 443-3000
14  Facsimile: (213) 443-3100

15  Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
16  AMERICA, INC. and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

17

18                    UNITED STATES DISTRICT COURT

19          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20  APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK

21              Plaintiff,

                                                   **SAMSUNG'S INTERROGATORIES TO**
22       vs.                                       **APPLE RELATING TO APPLE INC.'S**
                                                   **MOTION FOR A PRELIMINARY**
23  SAMSUNG ELECTRONICS CO., LTD., a              **INJUNCTION**
    Korean corporation; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,

26
                Defendants.
27

28
                                                              **Exhibit A**

        SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR A
                                                        PRELIMINARY INJUNCTION

1        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Samsung

2  Electronics America, Inc., hereby serves the following interrogatories on Plaintiff Apple Inc.

3  ("Apple").    Apple shall answer each interrogatory below, in accordance with the definitions

4  below, and serve them on Defendant's counsel, Quinn Emanuel Urquhart & Sullivan, LLP, 865

5  South Figueroa Street, 10th Floor, Los Angeles, California 90017, within 21 days, or such time as

6  the parties agree or the Court orders.    These interrogatories are continuing in nature and Plaintiff

7  must timely supplement the answers to them under Fed. R. Civ. P. 26(e) whenever an answer is in

8  some material respect incomplete or incorrect.

9                    **DEFINITIONS**

10     1.     The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,

11  Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,

12  subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,

13  consultant, staff member, or other representative of Apple, Inc., including counsel and patent

14  agents, in any country.

15     2.     The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co.,

16  Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

17     3.     The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

18  ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.    This

19  includes copies which differ from the original in any way, including handwritten notations or other

20  written or printed matter.    It also includes information stored electronically, whether in a

21  computer database or otherwise, regardless of whether such documents are presently also in non-

22  electronic form.

23     4.     The term "RELATING TO " or "RELATED TO" shall mean regarding, referring

24  to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving,

25  describing, discussing, commenting on, embodying, responding to, supporting, contradicting,

26  containing, or constituting (in whole or in part).

27     5.     The term "IDENTIFY" means (1) when referring to a person, the person's full

28  name, present or last known address, and the last known title and place of employment; (2) when

-1-

**Exhibit A**

1  referring to a business, legal, or governmental entity or association, the name and address of the
2  entity or association; (3) when referring to a fact, the fact and the documentary or testimonial
3  support for that fact; (4) when referring to a product, the model name/number, the manufacturer,
4  the date it was first announced, the date it was first released, the date it was first sold and the entity
5  that first sold the product (*e.g.*, the carrier) and a general description of the product or thing; (5)
6  when referring to a written communication, identity of the DOCUMENT(s) in which the
7  communication was made; (6) when referring to an oral communication, the identity of persons
8  participating in the communication; (7) when referring to nonpatent DOCUMENTS, the
9  production number or type of DOCUMENT, its general nature and subject matter, date of
10 creation, and all author(s), addressee(s), and recipient(s); and (8) when referring to patent
11 DOCUMENTS, the country, patent and/or application number, dates of filing, publication, and
12 grant, and the names of patentees or applicants.

13    6.    The term "APPLE PRELIMINARY INJUNCTION PATENTS" shall mean U.S.
14 Patent Nos. 5,946,647, 8,086,604, 8,046,721, 8,074,172 and all parents, progeny, continuations,
15 applications, divisional applications, reexaminations, or reissues thereof and all foreign
16 counterpart applications and patents.

17    7.    "PRIOR ART" shall mean any reference, publication, patent, physical specimen,
18 use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of
19 the APPLE PRELIMINARY INJUNCTION PATENT including anything that is relevant to the
20 patentability of any patent claim under 35 U.S.C. §§ 102 and 103.   Prior Art is not limited to
21 references or other activities cited to the United States Patent and Trademark Office during
22 prosecution of any patent.

23    8.    "PATENTED FEATURES" shall refer to the alleged inventions claimed by the
24 APPLE PRELIMINARY INJUNCTION PATENTS and their commercial embodiments.

25    9.    The connectives "and," "or," and "and/or" shall be construed either disjunctively or
26 conjunctively, as necessary, to bring within the scope of these requests for production all
27 responses that might otherwise be construed to be outside of their scope.

28    10.    The word "each" includes the word "every," and the word "every" includes the

**Exhibit A**

1  word "each," as necessary, to bring within the scope of these requests for production all responses
2  that might otherwise be construed to be outside of their scope.

3    11.    The word "any" includes the word "all," and the word "all" includes the word
4  "any," as necessary to bring within the scope of these requests for production all responses that
5  might otherwise be construed to be outside of their scope.

6    12.    The word "all" includes the word "each," and the word "each" includes the word
7  "all," as necessary to bring within the scope of these requests for production all responses that
8  might otherwise be construed to be outside of their scope.

9    13.    The use of the singular form of any word includes the plural and vice-versa, as
10 necessary to bring within the scope of these requests for production all responses that might
11 otherwise be construed to be outside of their scope.

12                              **INSTRUCTIONS**

13    The following instructions shall apply to each of the Interrogatories herein:

14    1.    In answering the following Interrogatories, furnish all available information,
15 including information in the possession, custody, or control of any of PLAINTIFF's attorneys,
16 directors, officers, agents, employees, representatives, associates, investigators or division
17 affiliates, partnerships, parents or subsidiaries, and persons under PLAINTIFF's control, who have
18 the best knowledge, not merely information known to PLAINTIFF based on PLAINTIFF's own
19 personal knowledge.   If YOU cannot fully respond to the following Interrogatories after
20 exercising due diligence to secure the information requested thereby, so state, and specify the
21 portion of each Interrogatory that cannot be responded to fully and completely.   In the latter
22 event, state what efforts were made to obtain the requested information and the facts relied upon
23 that support the contention that the Interrogatory cannot be answered fully and completely; and
24 state what knowledge, information or belief PLAINTIFF has concerning the unanswered portion
25 of any such Interrogatory.

26    2.    If any information requested is claimed to be privileged or otherwise, provide all
27 information falling within the scope of the Interrogatory which is not privileged, and for each item
28 of information contained in a document to which a claim of privilege is made, identify such

**Exhibit A**

-3-

1  document with sufficient particularity for purposes of a motion to compel, such identification to

2  include at least the following:

3              a.      the basis on which the privilege is claimed;

4              b.      the names and positions of the author of the information and all other

5                      persons participating in the preparation of the information;

6              c.      the name and position of each individual or other person to whom the

7                      information, or a copy thereof, was sent or otherwise disclosed;

8              d.      the date of the information;

9              e.      a description of any accompanying material transmitted with or attached to

10                     such information;

11             f.      the number of pages in such document or information;

12             g.      the particular Interrogatory to which such document is responsive; and

13                     whether any business or non-legal matter is contained or discussed in such

14                     information.[1]

15      3.      In the event YOU contend that any of these Interrogatories is objectionable, in

16  whole or in part, YOU shall state with particularity each such objection and the bases therefore,

17  and shall respond to the remainder of the Interrogatory to the extent you are not objecting to it.

18      4.      For any Interrogatory or portion thereof that YOU determine to be vague,

19  overbroad, or unclear, YOU shall adopt a reasonable meaning for that portion of the Interrogatory,

20  state the adopted meaning in YOUR response to the particular Interrogatory, and produce

21  responsive information accordingly.

22

23

24

25

26  _____

[1]  Provided the parties reach an agreement that neither party needs to log documents and
27  information generated after the start of this Lawsuit on April 15, 2011, this Instruction applies
only to privileged information generated before the start of litigation.
28

**Exhibit A**

-4-

5.       The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "including" means "including without limitation."

6.       The use of the singular form of any word includes the plural and vice versa.

7.       PLAINTIFF's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts supporting YOUR contention that any market share loss YOU have suffered is a result of SAMSUNG'S alleged infringement.

**INTERROGATORY NO. 2:**

State all facts supporting YOUR contention that the incremental improvement of the APPLE PRELIMINARY INJUNCTION PATENTS over the PRIOR ART and design-around options are the basis for consumer demand.

**INTERROGATORY NO. 3:**

State all facts supporting YOUR contention that the PATENTED FEATURES contribute to consumer demand for the iPhone specifically.

**INTERROGATORY NO. 4:**

For each of the APPLE PRELIMINARY INJUNCTION PATENTS, IDENTIFY any and all persons to whom YOU have ever licensed or offered to license, or persons who have requested to license, or to whom YOU have granted or offered to grant any other rights under the Patent, including the status of those requests and offers, whether continuing, successful or terminated, and

-5-

**Exhibit A**

1  IDENTIFY (by Bates number) all DOCUMENTS RELATED TO any such license, offer, request,

2  or other grant of rights.

3

4  **INTERROGATORY NO. 5**:

5      IDENTIFY all current contact information for each Named Inventor of the APPLE

6  PRELIMINARY INJUNCTION PATENTS.

7

8

9  DATED: March 6, 2012          QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP
10

11

12                                  By /s/ Patrick M. Shields
                                    Patrick M. Shields
13                                  Attorney for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
14                                  INC., and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR A
PRELIMINARY INJUNCTION

# EXHIBIT B

# FILED UNDER SEAL

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. :12-cv-00630-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO APPLE INC.'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>***HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY*** |

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S INTERROGATORIES TO APPLE RELATING TO
APPLE INC.'S MOTION FOR PRELIMINARY INJUNCTION
CASE NO.:12-CV-00630-LHK

Gibson, Dunn &
Crutcher LLP

**Exhibit B**

*HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY*

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Plaintiff Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby responds to Samsung Electronics America, Inc.'s ("Defendant's" or "Samsung's") First Set of Interrogatories to Apple (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS TO INTERROGATORIES

1.      These responses are made solely for the purpose of the above-entitled action. Apple will respond to the Interrogatories on the basis of the best information available to it at the time of gathering responsive materials, and within the limits and subject to the objections described below. Further investigation may reveal additional information that is responsive to these Interrogatories. Apple reserves the right to continue discovery and investigation into this matter and to present, during this initial period relating to the preliminary injunction motion and otherwise, additional information discovered after the date of the present responses. Apple reserves the right, where appropriate, to supplement and/or correct the responses contained herein pursuant to rule 26(e).

2.      Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders.

3.      Apple's responses herein, or any production of documents by Apple, are not an admission that responsive documents exist or that produced documents are responsive. Further, Apple's response to any particular Interrogatory should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the interrogatory, or that the response constitutes admissible evidence. No response to any portion of any interrogatory shall be deemed a waiver of any objection not set forth herein that could be made to any such portion of the interrogatory regarding relevancy of the information or its admissibility. Rather, these responses and

**Exhibit B**

any information or documents produced reflect Apple's attempt to produce non-privileged information and documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

4.    Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. Apple will thus define all such terms, and limit its responses accordingly, to mean Apple Inc.

5.    Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" to the extent that it purports to impose conditions, obligations, or duties beyond those required by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure.  For purposes of responding to these Interrogatories, Apple interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its ordinary meaning found in the Federal Rules of Civil Procedure..

6.    Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad.  Apple further objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Samsung's definition of this term renders each interrogatory incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

7.    Apple objects to each and every definition, instruction, and Interrogatory on the grounds and to the extent it is not narrowly tailored to address Apple's preliminary injunction motion, and is thus overbroad, unduly burdensome, and outside the scope of the Court's order governing discovery related to Apple's Motion for a Preliminary Injunction.  The Court's Order of February 22, 2012 allowed that, "[t]he parties may obtain discovery relevant to the preliminary injunction motion....  The Court encourages the parties to make all efforts to keep discovery requests reasonable

in scope and narrowly tailored to address the preliminary injunction motion." (Dkt. No. 37.) In all cases, Apple will respond only to the extent relevant to Apple's Motion for a Preliminary Injunction.

8.      Apple objects to Samsung's definition of the term "IDENTIFY" as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it includes persons or entities that are not now and have never been in the employ of or affiliated with Apple and to the extent that it purports to expand the scope mandated by Rule 34 of the Federal Rules of Civil Procedure or calls for documents outside of the possession, custody, or control of Apple. Samsung's definition is overbroad and unduly burdensome because it would require Apple to include in its responses, for example, the addresses, employer names, and job titles of every individual identified, regardless of their employment at Apple; documents and testimony supporting every fact in Apple's responses; model names/numbers, manufacturers, announcement/release/sales dates, sellers, and descriptions for any product identified in Apple's responses, regardless of whether the product is an Apple product; production numbers, document type, a description of the general nature and subject matter, date of creation, and all authors, addressees, and recipients for every document; and country, patent or application number, filing/publication/grant dates, patentees, and applicants for every patent document. "Identify" has its plain and ordinary meaning.

9.      Apple objects to Samsung's definition of the term "APPLE PRELIMINARY INJUNCTION PATENTS" as vague, overly broad, unduly burdensome and outside the scope of the Court's February 22 order governing discovery related to Apple's Motion for a Preliminary Injunction.  (Dkt. No. 37.)  Samsung's inclusion within the scope of these Requests of patents beyond those asserted by Apple in Apple's Motion for a Preliminary Injunction is beyond the scope of the discovery permitted by the Court in that it is not narrowly tailored to address the preliminary injunction motion.  Accordingly, Apple construes the term "APPLE PRELIMINARY INJUNCTION PATENTS" in Samsung's Requests as limited to U.S. Patent Nos. 5, 946,647; 8,086,604; 8,046,721;

and 8,074,172, and refers to those patents in these objections and responses as the Preliminary

Injunction Patents.

10.     Apple objects to Samsung's definitions of "any," "all," "every," "each," "and," "or,"

and "and/or" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated

to lead to the discovery of admissible evidence. Apple further objects to these definitions because,

according to Samsung, the terms "bring within the scope of these requests for production all

responses that might otherwise be construed to be outside of their scope," which would mean even

non-responsive and cumulative information or documents would fall within the scope of Samsung's

requests. Apple further objects because it is impossible to represent, even after diligent search and

consideration, that "any," "all," "every," or "each" document or relevant information has been

located to respond to Samsung's requests.

11.     Apple objects to all definitions, instructions, and Interrogatories to the extent they seek

to elicit a response that would require Apple to draw a legal conclusion or implicate the mental

impressions of counsel in order to make a proper response, particularly with respect to the term

"PRIOR ART."  Apple further objects to Samsung's definition of "PRIOR ART" as inaccurate,

overly broad, vague, ambiguous, and unduly burdensome, including but not limited to its use of the

phrase "relevant to the validity."

12.     Apple objects to Samsung's definition of the term "PATENTED FEATURES" as

vague, overly broad, and unduly burdensome.   Apple objects to this definition to the extent that it

includes claimed features that are not the subject of Apple's Motion for a Preliminary Injunction and

features from patents not asserted in Apple's Motion for a Preliminary Injunction.  Apple further

objects to this definition as outside the scope of the Court's February 22 order governing discovery

related to Apple's Motion for a Preliminary Injunction.  (Dkt. No. 37.)  Samsung's inclusion within

this definition of features beyond those found in the claims asserted by Apple in Apple's Motion for a

Preliminary Injunction is not narrowly tailored to address the preliminary injunction motion.   For purposes of these responses the term "Patented Features" shall mean the following features: Slide to Unlock, Text Correction, Unified Search and Special Text Detection, as those features are defined in in Apple's First Set of Preliminary Injunction Interrogatories to Defendants pp. 2-4..

13.     Apple objects to Samsung's Instruction No. 1 because it is vague, ambiguous, overly broad, and unduly burdensome, especially in its purported requirement that Apple furnish information from entities that are not Apple, and from persons with "the best knowledge." Apple further objects to this instruction because it calls for the disclosure of information that is privileged and protected by the work product doctrine.

14.     Apple objects to Samsung's Instruction No. 2 because it purports to impose requirements and obligations on Apple other than as set forth in the Federal Rules of Civil Procedure.

15.     Apple objects to any Request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced. Apple's responses to these Interrogatories are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

**Exhibit B**

16.     Apple objects to the Interrogatories to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation.  Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced.  Pursuant to the parties' prior agreement, to the extent the Interrogatories calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.  Further, all communications between Apple and its legal counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

17.     Apple objects to each and every Interrogatory to the extent that it seeks information that is not relevant to a claim or defense of any party, or reasonably calculated to lead to the discovery of admissible evidence.

18.     Apple objects to the Interrogatories to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

19.     Apple will make, and has made, reasonable efforts to respond to these Interrogatories, to the extent that no objection is made, as Apple reasonably understands and interprets each Request.

APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO.

**Exhibit B**

7

Gibson, Dunn &
Crutcher LLP

If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses

20.     Apple objects to the Interrogatories to the extent they are not limited in time and seek documents or information for periods of time that are not relevant to any claim or defense.

21.     Apple objects to the Interrogatories as overbroad, unduly burdensome, and not consistent with the Federal Rules of Civil Procedure and Evidence to the extent that they seek production of information or documents that are already in the possession, custody, or control of Samsung and/or its legal counsel, publicly available, unreasonably cumulative, duplicative of, already known, and/or equally available to Samsung and/or its legal counsel.

22.     Apple objects to each and every Interrogatory to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

23.     Apple objects to each and every Interrogatory as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or the preliminary injunction motion. This includes information covered by confidentiality agreements between Apple and any third party, Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, only where such documents are relevant and as necessary.

24.     Apple objects to the Interrogatories to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents or information, and/or purport to call for documents or information that Apple no longer possesses and/or was under no obligation to maintain.

**Exhibit B**

25.     These General Objections are applicable to and are incorporated by reference in each specific response as if fully set forth therein.

26.     The inclusion of specific objection(s) in response to any Interrogatory shall not be construed as a waiver of such objection(s), or any of these objections, in any other response.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

State all facts supporting YOUR contention that any market share loss YOU have suffered is a result of SAMSUNG'S alleged infringement.

### RESPONSE TO INTERROGATORY NO. 1:

Apple objects to this interrogatory as overbroad and outside the scope of the Court's order governing discovery related to Apple's Motion for a Preliminary Injunction in that Apple has alleged infringement by Samsung that is not addressed in Apple's Motion for Preliminary Injunction.  Apple limits its response to this interrogatory to Samsung's infringement that is detailed in Apple's Motion for Preliminary Injunction.  Apple objects to the phrases "any market share loss" and "is a result of" as vague and ambiguous.  Apple objects that this interrogatory calls for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction.  Apple objects to this interrogatory in that it mischaracterizes the contentions made by Apple in Apple's Motion for a Preliminary Injunction.  Apple objects to this interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney-client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion to respond; or (iii) that would require an opinion of an expert to respond.  Apple objects that Samsung has not yet produced discovery that Apple has requested that may contain information relevant to the response to this interrogatory.

Subject to and incorporating its General Objections and its specific objections, Apple responds as follows: Apple incorporates by reference as if fully set forth herein all facts and evidence contained or identified in Apple's Motion for Preliminary Injunction  (Dkt. No. 10, 44) ("Apple's PI

1   Motion"); Declaration of Christopher Vellturo, Ph.D. (Dkt. No. 12-14, 53-64)  and Exhibits

2   ("Vellturo Decl."); Declaration of Arthur Rangel (Dkt. No. 25, 45-52) and Exhibits ("Rangel Decl.");

3   Declaration of Steven Sinclair (Dkt. No. 26) and Exhibits ("Sinclair Decl.); Declaration of Todd

4   Mowry (Dkt. No. 19-24) and Exhibits ("Mowry Decl."); Declaration of Nathaniel Polish (Dkt. No.

5   16) and Exhibits ("Polish Decl."); Declaration of Ravin Balakrishnan (Dkt. No. 17) and Exhibits

6   ("Balakrishnan Decl."); and Declaration of Karan Singh (Dkt. No. 15) and Exhibits ("Singh Decl.").

7          As explained in Apple's Motion for a Preliminary Injunction, Apple has provided a detailed,

8   expert analysis of the smartphone market, demonstrating conclusively that Apple will lose market

9   share to Samsung as a result of Samsung's continued infringement during the pendency of this case if

10   the Court does not enter a preliminary injunction.

11          For example, Apple and Samsung are fierce competitors, and have been at least ever since

12   Samsung introduced its first Galaxy smartphone in 2009.  Samsung is now Apple's largest

13   smartphone competitor worldwide and is rapidly becoming its largest smartphone competitor in the

14   U.S.  Samsung has also released a pervasive ad campaign designed to capture market share from

15   Apple, focusing much less (if at all) on competing Android devices. And Samsung already has seized

16   critical market share from Apple with its unrelenting infringement and copycat products.  When

17   Samsung introduced the infringing Galaxy phone (the predecessor to the Galaxy Nexus) in this

18   country, Samsung's market share rose more than 400%, while Apple's share decreased.  The

19   Samsung Galaxy Nexus, has been identified by independent commentators as "the most credible

20   competitor to the iPhone so far."  See, Apple's PI Motion; Vellturo Decl.at ¶¶ 1-5, 65-98.

21          As a further example, the smartphone market is in the midst of a critical juncture in which a

22   vast number of consumers will purchase their first smartphone during the course of this litigation.

23   Far more U.S. customers will buy smartphones over the course of this litigation than the combined

24   total number of customers who purchased smartphone ever before.  A large portion of these

25   purchases will be made by first-time adopters.  Samsung recognizes the importance of these first-time

26   buyers; in recent interviews, Samsung marketing executives have noted that Samsung is specifically

27   targeting first-time smartphone buyers.  A consumer's first purchase of a smartphone exerts a

28   substantial influence over subsequent purchases, locking in a preference for the first-chosen platform

1 long into the future. This phenomenon, known as platform "stickiness," renders an initial smartphone
2 purchase critically important. Every new customer that Samsung lures away from experiencing an
3 iPhone—doing so by selling devices that copy the iPhone—results in a loss to apple of a long-term
4 loyal customer and repeat sales of iPhone and other iOS devices in the future. See, Apple's PI
5 Motion; Vellturo Decl.at ¶¶ 1-5, 27-64.

6      Furthermore, Apple has demonstrated that the Samsung Galaxy Nexus infringes claims 1 and
7 8 of the '647 patent, claims 6 and 19 of the '604 patent, claims 7, 8, 12, and 15 of the '721 patent and
8 claims 18, 19, and 27 of the '172 patent (the "asserted claims") through the declarations attached to
9 Apple's PI Motion. See Mowry Decl.; Polish Decl.; Balakrishnan Decl.; Singh Decl. The patented
10 features present on the iPhone and on the Samsung Galaxy Nexus through Samsung's infringement
11 of the asserted clams contribute to consumer demand for both the iPhone and the Samsung Galaxy
12 Nexus. See Apple's PI Motion; Rangel Decl.; Sinclair Decl.

13 **INTERROGATORY NO. 2**:

14      State all facts supporting YOUR contention that the incremental improvement of the APPLE
15 PRELIMINARY INJUNCTION PATENTS over the PRIOR ART and design-around options are the
16 basis for consumer demand.

17 **RESPONSE TO INTERROGATORY NO. 2**:

18      Apple objects to this interrogatory as overbroad and outside the scope of the Court's order
19 governing discovery related to Apple's Motion for a Preliminary Injunction. For example, Samsung
20 has included within its definition of APPLE PRELIMINARY INJUNCTION PATENTS patent and
21 claim not asserted by Apple in Apple's Motion for Preliminary Injunction. Apple's response is
22 limited to the patents and claims asserted in Apple's Motion for Preliminary Injunction. Apple
23 objects to this interrogatory to the extent it calls for a legal conclusion or an expert opinion. Apple
24 objects to the phrases "incremental improvement," "over the prior art," "design-around options," and
25 "basis for consumer demand" as vague and ambiguous. Apple objects that this interrogatory calls for
26 information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary
27 Injunction. Apple objects to this interrogatory to the extent it mischaracterizes the P.I. Order. Apple
28 objects to this interrogatory to the extent that it calls for information: (i) protected from discovery by

1    the attorney-client privilege or the work product doctrine; (ii) that would require Apple to draw a

2    legal conclusion to respond; or (iii) that would require an opinion of an expert to respond. Apple

3    objects that Samsung has not yet produced discovery that Apple has requested that may contain

4    information relevant to the response to this interrogatory. Samsung has not identified any particular

5    alleged prior art or design-around options relevant to the preliminary injunction patents and the

6    asserted claims, Apple therefore objects to this interrogatory as it would require Apple to speculate

7    and perform a comparison against unidentified information.

8        Subject to and incorporating its General Objections and its specific objections, Apple responds as

9    follows: As noted in the objections to this interrogatory, Samsung has not identified any alleged prior

10   art, including art identified during prosecution of the preliminary injunction patents, or design-around

11   options that Samsung believes are relevant to the claims asserted in Apple's Motion for Preliminary

12   Injunction. Further, Samsung has not identified any features of the asserted claims of the preliminary

13   injunction patents that Samsung believes are found in the prior art or any design-around options

14   related to those features. As such, Samsung has provided insufficient information for Apple to

15   answer this Interrogatory. In the event that Samsung clarifies the interrogatory, Apple will reconsider

16   its response.

17   **INTERROGATORY NO. 3**:

18       State all facts supporting YOUR contention that the PATENTED FEATURES contribute to

19   consumer demand for the iPhone specifically.

20   **RESPONSE TO INTERROGATORY NO. 3**:

21       Apple objects to this interrogatory as overbroad and outside the scope of the Court's order

22   governing discovery related to Apple's Motion for a Preliminary Injunction. For example, Samsung

23   has included features within its definition of PATENTED FEATURES that are in patents and claims

24   not asserted by Apple in Apple's Motion for Preliminary Injunction. Apple's response is limited to

25   the patents, claims, and patented features asserted in Apple's Motion for Preliminary Injunction.

26   Apple objects to the phrases "contribute to," and "consumer demand for the iPhone specifically," as

27   vague and ambiguous. Apple objects to this interrogatory to the extent that it calls for information:

28   (i) protected from discovery by the attorney-client privilege or the work product doctrine; (ii) that

1 would require Apple to draw a legal conclusion to respond; or (iii) that would require an opinion of
2 an expert to respond. Apple objects that Samsung has not yet produced discovery that Apple has
3 requested that may contain information relevant to the response to this interrogatory.

4    Subject to and incorporating its General Objections and its specific objections, Apple
5 responds as follows: Apple incorporates by reference as if fully set forth herein all facts and evidence
6 contained or identified in Apple's PI Motion; Vellturo Decl.; Rangel Decl.; Sinclair Decl.; Mowry
7 Decl.; Polish Decl.; Balakrishnan Decl.; and Singh Decl.

8    As explained in Apple's Motion for a Preliminary Injunction and attached declarations,
9 despite Apple's objections to any requirement for such a showing, Apple has demonstrated that that
10 the patented features are "necessary to, or a core functionality of, the products" at issue, and drive
11 consumers' purchases" as described in the Court's earlier December 12, 2011 Order Denying Apple's
12 Motion for a Preliminary Injunction Case No. 11-cv-01846 ("P.I. Order") (Dkt. No. 452). For
13 example, the preliminary injunction patents relate to core functionalities of the Galaxy Nexus and are
14 very likely to drive consumer purchasing decisions. The patents cover important features that enable
15 the "smart" behavior of cutting-edge smartphones that have helped make Apple's products
16 successful. Samsung knows this, and has incorporated these features into the Galaxy Nexus precisely
17 because they are core functionality and will enable Samsung to gain market share by
18 misappropriating Apple technology. *See. e.g.,* Apple's PI Motion at 25-29; Declaration of Arthur
19 Rangel at ¶¶ 1-8 and Exhibits; Declaration of Steven Sinclair at ¶¶ 1-10.

20    Furthermore, since the launch of the first iPhone in 2007, Apple has incorporated the patented
21 features in advertisements. For example, see:

22    "All These Years" (Original iPhone)

23    http://www.youtube.com/watch?v=AbexaqNTppo

24    "How To" (Original iPhone)

25    http://www.youtube.com/watch?v=FLxB4pHH_GY

26    "Amazing" (Original iPhone)

27    http://www.youtube.com/watch?v=IPTgTeLFawM&NR

28    "Family Travel" (iPhone 3GS)

*HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY*

1  http://www.youtube.com/watch?v=yfey1U6ePug

2  "Shopper" (iPhone 3GS)

3  http://www.youtube.com/watch?v=kikTGEGzldY

4  "Retina" (iPhone 4)

5  http://www.youtube.com/watch?v=VHSZFrOfvTY

6  "Siri" (iPhone 4S)

7  http://www.youtube.com/watch?v=5ba0tZ_P5cg)

8  "The Assistant" (iPhone 4S)

9  http://www.youtube.com/watch?v=8uS6d7fsPnM

10  *See also,* Apple's PI Motion; Sinclair Decl. ¶¶ 1-10.

11  **INTERROGATORY NO. 4**:

12  For each of the APPLE PRELIMINARY INJUNCTION PATENTS, IDENTIFY any and all

13  persons to whom YOU have ever licensed or offered to license, or persons who have requested to

14  license, or to whom YOU have granted or offered to grant any other rights under the Patent, including

15  the status of those requests and offers, whether continuing, successful or terminated, and IDENTIFY

16  (by Bates number) all DOCUMENTS RELATED TO any such license, offer, request, or other grant

17  of rights.

18  **RESPONSE TO INTERROGATORY NO. 4**:

19  Apple objects to this interrogatory as overbroad and outside the scope of the Court's order

20  governing discovery related to Apple's Motion for a Preliminary Injunction. Apple objects to the

21  phrase "any other rights" as vague and ambiguous. Apple objects that this interrogatory calls for

22  information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary

23  Injunction. Apple objects to this interrogatory to the extent that it calls for information: (i) protected

24  from discovery by the attorney-client privilege or the work product doctrine; (ii) that would require

25  Apple to draw a legal conclusion to respond; or (iii) is subject to a confidentiality or non-disclosure

26  agreement or governed by a protective order preventing its production.  Apple objects to this

27  interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney-

28  client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion

*HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY*

1    to respond; or (iii) that would require an opinion of an expert to respond.  Apple objects that Samsung

2    has not yet produced discovery that Apple has requested that may contain information relevant to the

3    response to this interrogatory.

4         Subject to and incorporating its General Objections and its specific objections, Apple

5    responds as follows: In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce

6    the relevant portions of agreements from which licenses to the Preliminary Injunction Patents can be

7    determined after obtaining any necessary approvals from the other parties to those agreements.

8    **INTERROGATORY NO. 5**:

9         IDENTIFY all current contact information for each Named Inventor of the APPLE

10   PRELIMINARY INJUNCTION PATENTS.

11   **RESPONSE TO INTERROGATORY NO. 5**:

12        Apple objects to the phrase "current contact information" as vague and ambiguous.  Apple

13   objects to this interrogatory to the extent it requests information from and about third-parties not in

14   Apple's custody or control.

15        Subject to and incorporating its General Objections and its specific objections, Apple

16   responds as follows:  The named inventors of the Preliminary Injunction Patents may be contacted

17   through Apple's undersigned counsel.

18

19   **As to the objections**:                              GIBSON DUNN & CRUTCHER LLP

20

21   Dated:  March 27, 2012                          By:*/s/ H. Mark Lyon*

22                                                         H. Mark Lyon

23                                                  ***Attorneys for Plaintiff Apple Inc.***

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO.

**Exhibit B**

15

# EXHIBIT C

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

March 29, 2012

**Via E-Mail**

H. Mark Lyon
Gibson Dunn & Crutcher, LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211

Re:    Apple v. Samsung Elecs. Co. et al. Case No 12-cv-0630

Dear Mr. Lyon:

Please consider this letter Samsung's request to meet and confer regarding Apple's responses to Samsung's Interrogatories relating to Apple's Preliminary Injunction Motion. The specific deficiencies in Apple's interrogatory responses are detailed below.

In response to Samsung's Interrogatory Nos. 1 and 3, Apple incorporates by reference its Preliminary Injunction Motion and supporting declarations with exhibits. Therefore, Samsung assumes that all facts responsive to Interrogatory Nos. 1 and 3 are contained in these documents. If Samsung's understanding is incorrect – and Apple contends there are additional facts responsive to Interrogatory Nos. 1 and 3 – then confirm that Apple will supplement its responses to Interrogatory Nos. 1 and 3 to provide all such facts.

Additionally, in response to Samsung's Interrogatory No. 4, Apple states that it will produce relevant portions of the agreements from which licenses to the Preliminary Injunction Patents can be determined. Apple, however, qualifies its offer by stating that it will produce these agreements only "after obtaining any necessary approvals from the other parties to those agreements." Apple also provides no date by which it will produce these agreements. Though Samsung does not dispute that Apple may compile and produce documents to partially respond to this interrogatory, it is unacceptable for Apple to contingent its offer to produce upon approvals from third parties who may never provide approval. Therefore, Apple must either promptly produce the license agreements, or simply respond to this interrogatory by providing the requested information.

Importantly, Samsung notes that Apple's production of select portions of these license agreements – assuming Apple indeed promptly produces them – does not fully respond to

**Exhibit C**

Interrogatory No. 4. In addition to licenses to the Preliminary Injunction Patents, Interrogatory No. 4 also seeks to identify persons to whom such licenses were offered; persons who have requested such licenses; and persons to whom Apple has granted or offered to grant any other rights under the Preliminary Injunction Patents (to include the status of those requests and offers). Accordingly, the license agreement excerpts that Apple offers to produce fall far short of responding in full to this interrogatory.

Lastly, Samsung's Interrogatory No. 2 seeks all facts supporting Apple's contention that the "incremental improvement of the Apple Preliminary Injunction Patents over the Prior Art and design-around options are the basis for consumer demand." Preliminarily, if this is not Apple's contention, then please so state. Assuming, however, that Interrogatory No. 2 accurately sets forth Apple's contention, Apple states that it cannot respond because Samsung has "not identified any alleged prior art … or design-around options" or "features of the asserted claims of the Preliminary Injunction Patents that Samsung believes are found in the prior art …." Apple's justification for its non-response is baseless.

Apple filed the Preliminary Injunction Patents. In so doing, Apple obviously represented to the USPTO that its patents were new and innovative over the prior art. Apple should thus identify what it contends was incrementally improved over the prior art. If, on the other hand, Apple made no incremental improvements over the prior art, then please so state. Further, the prior art and design-around options that Samsung may rely upon to show that Apple's Preliminary Injunction Patents are invalid or that no infringement occurred are irrelevant to the prior art and alternative design options that Apple relies upon for its contention that incremental improvement were made. Simply put, only Apple knows what prior art and alternative design features Apple relies upon to show that these incremental improvements were made.

Please confirm not later than 5:00 p.m. on Monday, April 2, 2012 that Apple will supplement its responses to Interrogatory Nos. 1-4 to correct these deficiencies.

Very truly yours,

Michael Fazio

**Exhibit C**

# EXHIBIT D

# FILED UNDER SEAL



# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

Client: 03290-00026

April 2, 2012

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:    Apple v. Samsung Electronics Co et al., No. 12-cv-0630

Dear Michael:

We have received and considered your letter of March 29, 2012 regarding Apple's responses
to Samsung's Interrogatories relating to Apple's Preliminary Injunction Motion. As detailed
below, we believe that Apple's interrogatory responses were responsive and its objections
appropriate.

Interrogatories Nos. 1 and 3

With regard to Interrogatories Nos. 1 and 3, Apple's responses provide the facts supporting
the contentions in Apple's Preliminary Injunction Motion. The motion, its supporting
declarations, and the exhibits submitted with each declaration provide extensive
documentation of the factual basis for Apple's claims. Indeed, Dr. Vellturo's declaration
alone includes over 100 exhibits that provide facts supporting Apple's request for a
preliminary injunction. Apple, therefore, has adequately provided information responsive to
these interrogatories. Samsung, however, by refusing to answer Apple's interrogatories or to
produce documents responsive to Apple's requests for production has impeded Apple's
investigation regarding relevant facts.

Interrogatory No. 4

With regard to your questions regarding Interrogatory No. 4, as you know, the parties have
agreed to, and, since Apple served its response to Interrogatory No. 4, the Court has entered a
cross-use stipulation that permits the parties to use documents and information produced in
the two ITC cases between Apple and Samsung, as well as the earlier Northern District of
California case (Case No. 11-cv-01846-LHK (PSG)). In those cases, Apple produced at least
license agreements it executed with IBM, Microsoft, and Nokia. Samsung, therefore, is fully
familiar with the terms of those agreements and, in fact, has inquired about those agreements
in deposition in at least the first Northern District of California case. Samsung's complaints

**Exhibit D**

# GIBSON DUNN

Michael Fazio
April 2, 2012
Page 2

regarding Apple's response to Interrogatory No. 4 are misplaced. Nonetheless, now that the
Court has entered the stipulation, Apple will supplement its response to identify the
production numbers of the license agreements produced in the earlier litigation.

Interrogatory No. 2

As noted in Apple's response to Interrogatory No. 2, the interrogatory is incomplete and
assumes facts not established or even identified. Indeed, Samsung has neither identified any
alleged prior art nor any alleged design-around options, which would permit Apple even to
contemplate a reasonable response to the interrogatory. Your letter appears to imply that
Apple bears the burden of demonstrating improvements over the prior art as well as alleged
design-arounds. Apple bears no such burden. The patents were duly and legally issued by
the United States Patent and Trademark Office and Apple is entitled to rely on the
presumption of validity that comes with the USPTO's grant of the patents. Apple continues
to stand by its objections to Interrogatory No. 2. To the extent that Samsung provides
sufficient information regarding prior art and alleged design around options, Apple will
reconsider its objections and response.

\*                                        \*                                        \*

We believe that this letter addresses Samsung's concerns and clarifies the adequacy of
Apple's original interrogatory responses. However, should Samsung wish to discuss these
issues further, we remain available to meet and confer regarding any continuing concerns at a
mutually convenient day and time.

Sincerely,

Brian M Buroker

Brian M. Buroker

BMB/jg

**Exhibit D**

# EXHIBIT E

# FILED UNDER SEAL

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 3, 2012

**Via E-Mail**

Brian M. Buroker
Gibson Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Mr. Buroker:

I write to respond to Apple's April 2nd response to Samsung's meet and confer letter regarding
Apple's objections and responses to Samsung's First Set of Interrogatories.

In Samsung's letter dated March 29, 2012, Samsung requested that Apple clarify its responses to
Interrogatory Nos. 1 and 3 by stating whether the facts contained in Apple's Preliminary
Injunction Motion, declaration and exhibits – which Apple incorporated by reference – contained
all facts responsive to these interrogatories.  Apple ignores Samsung's request.  Instead, Apple
again refers Samsung to its Preliminary Injunction Motion, stating that it "provide[s] extensive
documents of the factual basis for Apple's claims."  Apple's statement again fails to respond to
Samsung's request that Apple provide all facts responsive to Interrogatory Nos. 1 and 3.

As to Interrogatory No. 4, Apple previously stated that it was awaiting permission from third
party licensees to produce license agreements to Samsung.  Apple now reverses course,
contending that it "will supplement its response to identify the production numbers of the license
agreements produced in the earlier litigation."  There are three problems with Apple's latest offer.

First, Apple does not say when it intends to supplement its response to provide these production
numbers.  Given that Samsung's Opposition brief is due on April 23, 2012, Samsung requests
that Apple supplement its response to provide these production numbers no later than April 9,
2012.  Please confirm that Apple will do so.

Second, Apple seems to state that it will provide production numbers for its license agreements
with IBM, Microsoft and Nokia only.  Yet Interrogatory No. 2 seeks "all persons" to whom
Apple licensed the Preliminary Injunction Patents.  Apple's agreement to produce three license

**Exhibit E**

agreements falls far short of disclosing the identity of all licensees, as this interrogatory requests, unless Apple supplements its response to clarify that there are no other licensees.

Third, and as Samsung detailed in its March 29, 2012 letter, Interrogatory No. 4 seeks additional information that these license agreements do not provide. Such information includes the identity of persons to whom such licenses were offered; persons who have requested such licenses; and persons to whom Apple has granted or offered to grant any other rights under the Preliminary Injunction Patents (to include the status of those requests and offers). Apple ignores this portion of Samsung's March 29th letter and, therefore, Samsung must assume that Apple refuses to supplement its interrogatory response to provide this information.

Lastly, regarding Apple's response to Interrogatory No. 2, Apple again repeats its contention that it is unable to respond because "Samsung has neither identified any alleged prior art nor any alleged design-around options …." Samsung explained in detail in its March 29th letter why Apple's contention is non-sensical. Apple fails to respond to Samsung's statements in that regard and, instead, Apple makes reference to a presumption of patent validity, which has nothing whatsoever to do with this interrogatory or why Apple still refuses to respond to it.

Given Apple's refusal to supplement these interrogatory responses, please let us know by close of business tomorrow when Apple's lead counsel is available to meet and confer in person in Los Angeles between now and April 10, 2012.

Very truly yours,

Michael Fazio

**Exhibit E**

# EXHIBIT F

# FILED UNDER SEAL

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

Defendants.

CASE NO. :12-cv-00630-LHK

**APPLE INC.'S FIRST SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO
SAMSUNG'S INTERROGATORIES TO
APPLE RELATING TO APPLE INC.'S
MOTION FOR PRELIMINARY
INJUNCTION (NO. 4)**

*HIGHLY CONFIDENTIAL- ATTORNEYS'
EYES ONLY*

APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO SAMSUNG'S  INTERROGATORIES TO APPLE
RELATING TO APPLE INC.'S MOTION FOR PRELIMINARY
INJUNCTION (NO. 4)
CASE NO.:12-CV-00630-LHK

Gibson, Dunn &
Crutcher LLP

**Exhibit F**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Plaintiff Apple Inc. ("Apple"), by and through its undersigned attorneys, hereby supplements the response to Samsung Electronics America, Inc.'s ("Defendant's" or "Samsung's") First Set of Interrogatories to Apple (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS TO INTERROGATORIES

1.      Apple hereby incorporates by reference the General Objections to Interrogatories in Apple Inc.'s Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s Motion for Preliminary Injunction (Nos. 1-5) as if fully set forth herein.

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 4:

For each of the APPLE PRELIMINARY INJUNCTION PATENTS, IDENTIFY any and all persons to whom YOU have ever licensed or offered to license, or persons who have requested to license, or to whom YOU have granted or offered to grant any other rights under the Patent, including the status of those requests and offers, whether continuing, successful or terminated, and IDENTIFY (by Bates number) all DOCUMENTS RELATED TO any such license, offer, request, or other grant of rights.

## RESPONSE TO INTERROGATORY NO. 4:

Apple objects to this interrogatory as overbroad and outside the scope of the Court's order governing discovery related to Apple's Motion for a Preliminary Injunction. Apple objects to the phrase "any other rights" as vague and ambiguous. Apple objects that this interrogatory calls for information that is not relevant to the claims or defenses at issue in Apple's Motion for a Preliminary Injunction. Apple objects to this interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney-client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion to respond; or (iii) is subject to a confidentiality or non-disclosure

APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO SAMSUNG'S INTERROGATORIES TO APPLE
RELATING TO APPLE INC.'S MOTION FOR PRELIMINARY
INJUNCTION (NO. 4)
CASE NO.:12-CV-00630-LHK

Gibson, Dunn &
Crutcher LLP

2

**Exhibit F**

1  agreement or governed by a protective order preventing its production. Apple objects to this

2  interrogatory to the extent that it calls for information: (i) protected from discovery by the attorney-

3  client privilege or the work product doctrine; (ii) that would require Apple to draw a legal conclusion

4  to respond; or (iii) that would require an opinion of an expert to respond. Apple objects that Samsung

5  has not yet produced discovery that Apple has requested that may contain information relevant to the

6  response to this interrogatory.

7      Subject to and incorporating its General Objections and its specific objections, Apple

8  responds as follows: In accordance with Federal Rule of Civil Procedure 33(d), Apple will produce

9  the relevant portions of agreements from which licenses to the Preliminary Injunction Patents can be

10  determined after obtaining any necessary approvals from the other parties to those agreements.

11  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**:

12      Subject to and incorporating its General Objections and its specific objections from Apple

13  Inc.'s Objections and Responses to Samsung's Interrogatories to Apple Relating to Apple Inc.'s

14  Motion for Preliminary Injunction with regard to Samsung's Interrogatory No. 4, Apple provides the

15  following supplemental response:

16      Apple has discussed one or more of the APPLE PRELIMINARY INJUNCTION PATENTS

17  with Samsung, Motorola, HTC, and Nokia.

18      In accordance with Federal Rule of Civil Procedure 33(d), Apple refers to the following

19  documents because the burden of deriving or ascertaining the answer to this Interrogatory from the

20  previously-produced business records is substantially the same for Apple as for Samsung: APL-

21  ITC796-0000000109, APLNDC00038188, APLNDCX0000007220, APL-ITC796-0000010041,

22  APL-ITC796-0000010080, APL-ITC796-0000010084, APLNDC0001221082, APL-ITC796-

23  0000010115, and APLNDC00014215.

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO SAMSUNG'S  INTERROGATORIES TO APPLE
RELATING TO APPLE INC.'S MOTION FOR PRELIMINARY
INJUNCTION (NO. 4)
CASE NO.:12-CV-00630-LHK

**Exhibit F**

3

*HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY*

1

2

3    **As to the objections**:                              GIBSON DUNN & CRUTCHER LLP

4

5    Dated:  April 9, 2012                          By:*/s/ H. Mark Lyon*
                                                          H. Mark Lyon
6
                                                   ***Attorneys for Plaintiff Apple Inc.***
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO SAMSUNG'S  INTERROGATORIES TO APPLE
RELATING TO APPLE INC.'S MOTION FOR PRELIMINARY
INJUNCTION (NO. 4)
CASE NO.:12-CV-00630-LHK

Gibson, Dunn &
Crutcher LLP

4

**Exhibit F**

# EXHIBIT G

**quinn emanuel trial lawyers | los angeles**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 10, 2012

**Via E-Mail**

Mark Lyon
Gibson Dunn & Crutcher, LLP
1881 Page Mill Road
Palo Alto, California 94304

Re:  Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write to follow-up on the parties' lead trial counsel meet and confer held on April 10, 2012 at Quinn Emanuel's Los Angeles office.

During the meet and confer, Samsung noted the deficiency with Apple's response to Samsung's Interrogatory No. 4. Specifically, though Apple supplemented its response to this interrogatory to provide the Bates numbers of certain license agreements, Apple has not represented that those license agreements it identifies constitute <u>all</u> license agreements for the Preliminary Injunction Patents. Similarly, Samsung pointed out that Apple has not responded to the remainder of Interrogatory No. 4. In response, Apple agreed to confer internally and, by close of business on April 13, 2012, confirm that the license agreements listed in Apple's Supplemental Interrogatory Response No. 4 represent all license agreements and whether Apple will further supplement this interrogatory to provide the remaining information that it requests.

With respect to Samsung's Interrogatory Nos. 1 and 3, Samsung pointed out that Apple's response is inadequate because it leaves open the possibility that Apple currently knows of facts relevant to Apple's Preliminary Injunction Motion and yet is saving those facts for Apple's Reply brief. In response, Apple represented that it is not presently aware of any pertinent facts that it is withholding only to insert into its Reply brief.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

02198.51981/4698754.2

**Exhibit G**

As to Samsung's Interrogatory No. 2, Samsung stated that it would be willing to limit the definition of "prior art" as used therein to the prior art of record that Apple disclosed to the USPTO. Notwithstanding Samsung's offer, Apple refuses to provide any further response to Interrogatory No. 2, contending that Apple believes the information sought by this interrogatory is irrelevant and, according to Apple, it is unable to respond because of the terms "incremental improvement," "prior art" and "design-arounds."

The parties also discussed Samsung's responses to Apple's First Set of Interrogatories. With respect to Interrogatory Nos. 2 and 3, and in response to Apple's question regarding whether Apple based its Motion on the "wrong" source code, Samsung stated that Apple has, in fact, based its Preliminary Injunction Motion on the wrong source code – meaning that Apple bases its motion upon the publicly available version of Ice Cream Sandwich ("ICS"). The code that is on the Galaxy Nexus phone, however, is not the open source publicly available version of ICS, but rather a proprietary version that only Google possesses. Samsung again confirmed that it does not have this propriety ICS source code. Accordingly, Samsung cannot presently make a comparison between that proprietary ICS source code and the open source version. Samsung confirmed that to the extent Samsung acquires this propriety ICS source code, Samsung will provide it to Apple and the parties will subsequently meet and confer regarding further discovery obligations related to that source code, if any.

With respect to Samsung's response to Apple's Interrogatory No. 8, Samsung again pointed out that this interrogatory was overbroad as it seeks information regarding "any Samsung smartphone or tablet computer." Samsung also stated that because this interrogatory seeks discovery on all Samsung products, it is irrelevant to Apple's Preliminary Injunction Motion. Apple responded that it believes this interrogatory is relevant to show a pattern of copying which, according to Apple, may be a "secondary consideration" in showing likelihood of success on the merits. Apple added that, in its view, this interrogatory may also be relevant to irreparable harm. Though Samsung disagreed with each of these contentions, Samsung requested a proposal from Apple by which the scope of Interrogatory No. 8 would be narrowed. Apple stated that it will let Samsung know if it has such a proposal, but Samsung should assume that Apple is unwilling to narrow this interrogatory in any way.

As to Interrogatory No. 9, Apple provided Samsung with three bates numbers of documents produced in other cases between Samsung and Apple that Apple claimed are responsive to this interrogatory. Samsung has reviewed these three documents. None deal with Galaxy Nexus or the accused features at issue on Apple's Preliminary Injunction Motion. If you continue to believe these documents are relevant to Interrogatory No. 9, please explain how; if there are additional documents you would like us to consider on this issue, please identify them.

Samsung also reiterated that its investigation is continuing and, if Samsung discovers information or documents responsive to Interrogatory No. 9, then Samsung will supplement its response accordingly. Apple was dissatisfied with Samsung's response and indicated that it intends to bring a motion to compel regardless of Samsung's efforts to respond to this interrogatory. Apple also stated that it may move for an order regarding requirements on Samsung's investigation, but Apple refused to (or was unable to) articulate exactly what relief Apple would seek through such a motion.

2                 **Exhibit G**

Samsung also noted that to the extent Apple's Interrogatory No. 9 requests that Samsung identify certain documents produced in other cases, Apple is equally able to search through those productions and identify such documents. Accordingly, Interrogatory No. 9 really amounts to a request that Samsung do Apple's heavy lifting in identifying these documents.

As to Interrogatory No. 10, Samsung stated that it would consider supplementing its response to this interrogatory. However, Apple responded to Samsung's offer by stating that it could not think of anything that Samsung could say or do in response to Interrogatory No. 10 that would satisfy Apple. Notwithstanding Apple's position, Samsung will let Apple know by close of business on April 11, 2012 if Samsung will supplement its response to Interrogatory No. 10.

As to Apple's Interrogatory Nos. 5, 6 and 7, the parties agreed that they are at an impasse and Apple stated that it "may seek relief" at some later date, without specifying what that relief might be.

The parties also agreed to further meet and confer on Samsung's responses to Apple's production requests on April 11, 2012 at 2:00 pm (after the parties' Rule 26(f) conference).

Lastly, though not specifically discussed, Samsung notes that Apple has not responded to Samsung's letter dated April 6, 2012 regarding Apple's objections and responses to Samsung's Requests for Production. Accordingly, Samsung requests that Apple also be prepared to discuss the issues raised in Samsung's April 6th letter during the continued meet and confer tomorrow.

Very truly yours,

Michael L. Fazio

3 **Exhibit G**

# EXHIBIT H

## Michael Fazio

| | |
|---|---|
| **From:** | Lyon, Mark [MLyon@gibsondunn.com] |
| **Sent:** | Friday, April 13, 2012 3:40 PM |
| **To:** | Michael Fazio; Pam Davis; Krevitt, Josh A.; Reiter, Mark; Apple/Samsung:Jacobs, M.; Apple/Samsung:Hung, R.; Buroker, Brian |
| **Cc:** | Apple/Samsung:Clementine; Patrick Shields |
| **Subject:** | RE: Apple v. Samsung Case #12-cv-00630 |

Michael,

In follow up to our meet and confer of last Tuesday regarding Apple's response to Samsung's interrogatory number 4, Apple confirms that the licenses identified in Apple's First Supplemental Response to Interrogatory No. 4 represent all license agreements for the preliminary injunction patents. In addition, Apple believes that the information contained in the First Supplemental Response provides the information requested by the interrogatory, subject to Apple's stated objections. To the extent that circumstances change, or further investigation reveals additional information, Apple will further supplement its response.

Best regards,
Mark

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Tuesday, April 10, 2012 6:16 PM
**To:** Michael Fazio; Pam Davis; Lyon, Mark; Krevitt, Josh A.; Reiter, Mark; Apple/Samsung:Jacobs, M.; Apple/Samsung:Hung, R.; Buroker, Brian
**Cc:** Apple/Samsung:Clementine; Patrick Shields
**Subject:** Apple v. Samsung Case #12-cv-00630

Counsel,

Please see attached letter.

Michael Fazio

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

**Exhibit H**