| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, California 94304-1211 | San Francisco, California 94105-2482 |
| Telephone: (650) 849-5300 | Telephone: (415) 268-7000 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF APPLE, INC.'S MOTION TO COMPEL DISCOVERY OF DOCUMENTS, INFORMATION, OR OBJECTS FROM NON-PARTY GOOGLE, INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant | |

In accordance with Northern District of California Local Rules 7-11, Apple, Inc. ("Apple") submits this Administrative Motion for an order allowing apple to file the attached Supplemental Declaration Of Emily L. Fedman In Support Of Apple, Inc.'s Motion To Compel Discovery Of Documents, Information, Or Objects From Non-Party Google, Inc. ("Google").

At the Tuesday May 1, 2012 hearing regarding Apple's Motions to Compel, the Court inquired into examples of how Google was delaying or otherwise hampering Apple's ability to obtain documents and deposition testimony in response to Apple's subpoena. Apple requests an opportunity to supplement the record regarding a recent development important to that inquiry.

During the hearing, Google's counsel, Matthew Warren represented repeatedly that Google was ready and willing to make its source code available to Apple. As the Court is aware, he stated that the only impediment preventing Apple's access to the code was a disagreement over subsections of the applicable protective order. Apple and Google resolved these issues after the Tuesday hearing and filed an Agreed Addendum To The Joint Protective Order Regarding Google Source Code Production with this court last night. (D.I. 154).

When Apple's expert arrived at Mr. Warren's office this morning (May 3, 2012) to review the code, he was denied access for two and a half hours. (*See* Supplemental Declaration Of Emily L. Fedman In Support Of Apple, Inc.'s Motion To Compel Discovery Of Documents, Information, Or Objects From Non-Party Google, Inc. ("Fedman Decl."), Exh. B). Once the expert was able to gain access, he found four copies of the Android source code on the computer in four directories: ICL53F; IMM76D; ITL41D; and ITL41F. *Id.* He was given no indication regarding which version of Android each of those directories corresponds to or which versions represent code actually on the Galaxy Nexus. *Id.* It also appears that the publicly available Android source code was not installed on the computer. *Id* Given the importance of the differences, if any, between the public

APPLE INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL DECLARATION
CASE NO. 12-cv-00630-LHK (PSG)

and "private" versions of the Android code in the current litigation, Apple had repeatedly requested that both sets of code be made available for review. *Id.*  Given the restrictions on bringing electronic devices into the source code room, the restrictions on printing and the final production of the source in only hard copy, doing such a comparison between public and private is almost impossible without the two versions installed on the same computer in the source code room.

Further, despite Apple's repeated requests (including a request by Apple's expert and a refusal today), almost none of the requested software has been installed on the source code computer.  This includes Cygwin and software to compare and run a diff or redline between files.  Google's counsel is undoubtedly familiar with these free and freely available software packages as they have been installed on other source code computers Apple's expert has inspected in the same office.

At the same hearing, this Court inquired into the reasons for Google's delay in producing documents at least for the five Google employees who submitted declarations in support of Samsung's Opposition to Apple's Motion for Preliminary Injunction.  In the afternoon following the May 1 hearing, Apple deposed James Miller, a Google employee who submitted a declaration in support of Samsung's Opposition to Apple's Motion for Preliminary Injunction.  During the deposition, Apple inquired into the date when Mr. Miller first "became aware that [he] would be putting together a declaration for the Apple versus Samsung litigation." (May 1, 2012 Deposition of James Miller, 12:12-14:2, Fedman Decl., Exh. A).  Google's counsel, Matthew Warren, inappropriately instructed Mr. Miller not to answer question based on attorney-client privilege, further preventing Apple from learning just how long Google has had to prepare Mr. Miller's document for production.. Mr. Warren, who appeared at the hearing Tuesday morning, gave numerous other similarly inappropriate instructions to Mr. Miller regarding his declaration submitted in support of Samsung's Opposition. (*Id.* at 14:23-15:9, 16:22-19:14, 20:11-21:2).

APPLE INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL DECLARATION
CASE NO. 12-cv-00630-LHK (PSG)

At a minimum, the date Mr. Miller first became aware that he was writing a declaration in this litigation is not privileged information.  Indeed, the date that Mr. Miller became involved bears directly on the amount of notice Google had with regard to the likely need to produce the documents underlying Mr. Miller's declaration and the facts to which he attests, and thus whether Google has acted promptly and reasonably in response to Apple's subpoena.  However, Google seems intent on denying Apple (and this Court) access to such information.

Apple now files this Administrative Motion to supplement the record and bring this incident to the Court's attention, as the time constraints imposed by the schedule for Apple's Motion for a Preliminary Injunction necessitate the need for prompt intervention should the Court agree that Google's response to Apple's subpoena has been deficient.

For the foregoing reasons, Apple respectfully requests an order granting Apple leave to file the attached Supplemental Declaration of Emily L. Fedman In Support Of Apple, Inc.'s Motion To Compel Discovery Of Documents, Information, Or Objects From Non-Party Google, Inc.

Dated:  May 3, 2012                    GIBSON, DUNN & CRUTCHER LLP


By:     /s/ H. Mark Lyon

H. Mark Lyon
***Attorney for Apple Inc.***

APPLE INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL DECLARATION
CASE NO. 12-cv-00630-LHK (PSG)