JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION AND DIFF PROGRAM PRINTOUTS FROM GOOGLE, INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | **HEARING:**<br><br>Date:    April 30, 2013<br>Time:    10 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal<br><br>**FILED UNDER SEAL** |

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2013 at 10 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal, in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple Inc. ("Apple") shall and hereby does move the Court for an order compelling Google, Inc. ("Google") to (1) disclose the search terms that it used in collecting and producing documents responsive to Apple's Subpoena to Produce Documents, Information or Objects (the "Subpoena"), (2) disclose the custodians whose files it reviewed to produce documents responsive to the Subpoena, and (3) provide certain printouts made by Apple's representatives during inspection of Google's produced source code.

## I.   RELIEF REQUESTED

In order to obtain necessary discovery with regard to Apple's Complaint For Patent Infringement and pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Apple seeks an order compelling Google to provide by no later than May 1, 2013, the following:

- A list of the search terms that Google used in collecting and producing documents responsive to the Subpoena;
- A list of the custodians and any other document sources from which Google collected documents to respond to the Subpoena, identifying those search terms applied to each such custodian or document source; and
- All printouts from the output of the "diff program" made by Apple's representatives during the review and inspection of Google's source code.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Under Federal Rules of Civil Procedure 26, 33, and 34, Apple seeks an order compelling Google to: (1) disclose the search terms that it used in collecting documents responsive to the Subpoena; (2) disclose the custodians whose files it reviewed in collecting documents responsive to the Subpoena; and (3) provide all printouts from the output of the "diff program," – a computer

program that compares and identifies differences between two versions of source code – made during

the review and inspection of Google's source code.

### III.    APPLE'S CIVIL LOCAL RULE 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Google that are the subject of this

motion are set forth in full below, with Google's corresponding objections and/or answers following

immediately after each:

### REQUEST FOR PRODUCTION NO. 11

All documents that comprise, refer, or relate to communications between you and Samsung

relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists,

Alternative Call Return, and/or Data Synchronization software, features, or functionality, including

but not limited to any version of any such software, features, or functionality used in any Accused

Product or in any version of Android.

### RESPONSE TO REQUEST NO. 11

Google incorporates by reference its General Objections as though fully set forth herein.

Google further objects to this Request to the extent that the term "Slide to Unlock, Text Correction,

Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data

Synchronization software, features, or functionality" is vague and ambiguous. Google further objects

to this Request to the extent that the term "used in any Accused Product" is vague and ambiguous.

Google further objects to the extent that this Request seeks information that is neither relevant to any

claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome,

oppressive, and duplicative. Google further objects to the extent that this Request seeks information

not within Google's possession, custody or control. Google further objects to the extent that this

Request seeks information protected from disclosure by the attorney client privilege, the attorney

work product doctrine, or any other applicable privilege or immunity, including but not limited to the

common interest or joint defense privileges. Google further objects to the extent that this Request

calls for legal conclusions. Google further objects to the extent that this Request seeks information

Gibson, Dunn &
Crutcher LLP

2

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-cv-00630-LHK (PSG)

already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources. Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

### REQUEST FOR PRODUCTION NO. 12

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

### RESPONSE TO REQUEST NO. 12

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "implementation in Android" is vague and ambiguous. Google further objects to this Request to the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent that this Request seeks information not within Google's possession, custody or control. Google further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to the extent that this Request calls for legal conclusions. Google further objects to the extent that this Request seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Gibson, Dunn &
Crutcher LLP

3

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1   Subject to and without waiver of its general and specific objections, Google will produce non-

2   privileged documents responsive to this Request, located in response to a reasonable search and as

3   relevant to the accused functionality in this action.

4   **REQUEST FOR PRODUCTION NO. 13**

5   Documents related to the design of, development of, implementation of, and/or decision to

6   implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special

7   Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software,

8   features, or functionality.

9   **RESPONSE TO REQUEST NO. 13**

10   Google incorporates by reference its General Objections as though fully set forth herein.

11   Google further objects to this Request to the extent that the term "Slide to Unlock, Text Correction,

12   Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data

13   Synchronization software, features, or functionality" is vague and ambiguous. Google further objects

14   to the extent that this Request seeks information that is neither relevant to any claims or defenses in

15   this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further

16   objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and

17   duplicative. Google further objects to the extent that this Request seeks information not within

18   Google's possession, custody or control. Google further objects to the extent that this Request seeks

19   information protected from disclosure by the attorney-client privilege, the attorney work product

20   doctrine, or any other applicable privilege or immunity, including but not limited to the common

21   interest or joint defense privileges. Google further objects to the extent that this Request calls for

22   legal conclusions. Google further objects to the extent that this Request seeks information already in

23   Apple's possession or available to Apple from other sources that are more convenient, less

24   burdensome or less expensive, including information available to Apple from Samsung or public

25   sources. Subject to and without waiver of its general and specific objections, Google will produce

26   non-privileged documents responsive to this Request, located in response to a reasonable search and

27   as relevant to the accused functionality in this action.

28

4

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-cv-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

1    **REQUEST FOR PRODUCTION NO. 14**

2        All documents relating to any efforts or attempts, including the analysis and decisionmaking

3    to engage in such efforts or attempts, to design around or otherwise imitate without directly copying

4    Apple's products that incorporate any version of the iOS operating system as well as the Slide to

5    Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call

6    Return, and/or Data Synchronization software, features, or functionality.

7    **RESPONSE TO REQUEST NO. 14**

8        Google incorporates by reference its General Objections as though fully set forth herein.

9    Google further objects to this Request on the grounds that the term "any efforts or attempts, including

10   the analysis and decision-making to engage in such efforts or attempts" is vague and ambiguous.

11   Google further objects to this Request on the grounds that the term "design around or otherwise

12   imitate without directly copying" is vague and ambiguous. Google further objects to this Request on

13   the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection,

14   Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or

15   functionality" is vague and ambiguous. Google further objects on the grounds that this Request seeks

16   information that is neither relevant to any claims or defenses in this action nor reasonably calculated

17   to lead to the discovery of admissible evidence. Google further objects on the grounds that this

18   Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on

19   the grounds that this Request seeks information not within Google's possession, custody or control.

20   Google further objects on the grounds that this Request seeks information protected from disclosure

21   by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege

22   or immunity, including but not limited to the common interest or joint defense privileges. Google

23   further objects on the grounds that this Request calls for legal conclusions. Google further objects on

24   the grounds that this Request seeks information already in Apple's possession or available to Apple

25   from other sources that are more convenient, less burdensome or less expensive, including

26   information available to Apple from Samsung or public sources.

27

28

Gibson, Dunn &
Crutcher LLP

5

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-cv-00630-LHK (PSG)

**REQUEST FOR PRODUCTION NO. 15**

All documents relating to any analysis, review, consideration, evaluation, inspection, teardown report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST NO. 15**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "any analysis, review, consideration, evaluation, inspection, tear-down report, or copying" is vague and ambiguous. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects on the grounds that this Request calls for legal conclusions. Google further objects on the grounds that this Request seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Gibson, Dunn &
Crutcher LLP

6

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1    **REQUEST FOR PRODUCTION NO. 16**

2          All documents constituting, reflecting, or otherwise relating to any analysis, review, research,

3    survey, consideration, or evaluation of the importance to consumers and consumer purchasing

4    decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical

5    Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

6    **RESPONSE TO REQUEST NO. 16**

7          Google incorporates by reference its General Objections as though fully set forth herein.

8    Google further objects to this Request to the extent that the term "constituting, reflecting, or

9    otherwise relating to any analysis, review, research, survey, consideration, or evaluation" is vague

10   and ambiguous. Google further objects to this Request to the extent that the term "the importance to

11   consumers and consumer purchasing decisions" is vague and ambiguous. Google further objects to

12   this Request to the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special

13   Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization" is vague and

14   ambiguous. Google further objects to this Request to the extent that the term "on a phone or other

15   mobile device" is vague and ambiguous. Google further objects to the extent that this Request seeks

16   information that is neither relevant to any claims or defenses in this action nor reasonably calculated

17   to lead to the discovery of admissible evidence. Google further objects to the extent that this Request

18   is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent

19   that this Request seeks information not within Google's possession, custody or control. Google

20   further objects to the extent that this Request seeks information protected from disclosure by the

21   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

22   immunity, including but not limited to the common interest or joint defense privileges. Google

23   further objects to the extent that this Request calls for legal conclusions. Google further objects to the

24   extent that this Request seeks information already in Apple's possession or available to Apple from

25   other sources that are more convenient, less burdensome or less expensive, including information

26   available to Apple from Samsung or public sources.

27

28

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 30**

All documents related to communications between you and Samsung related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST NO. 30**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 34**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST NO. 34**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "utilization of any Apple product" is vague and ambiguous. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous.

Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

## IV.  APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Apple hereby certifies that it has in good faith conferred with Google in an effort to obtain the discovery described immediately above without court action.  Apple's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Michael Valek in Support of Apple Inc.'s Motion to Compel Discovery of Document Production Information and Diff Program Printouts from Google, Inc. and exhibits attached thereto, submitted concurrently herewith.

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND AND PROCEDURAL HISTORY ............................................ 2

III.  LEGAL STANDARD............................................................................................ 5

IV.  ARGUMENT ......................................................................................................... 6

     A.    GOOGLE MUST DISCLOSE ITS SEARCH TERMS AND CUSTODIANS ........... 6

     B.    GOOGLE MUST PRODUCE THE DIFF PRINTOUTS APPLE'S REVIEWERS HAVE REQUESTED ........................................................................ 9

V.    CONCLUSION ..................................................................................................... 10

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  No. C 11-1846-LHK (PSG), 2012 WL 1595784 (N.D. Cal. May 4, 2012), *aff'd*, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ............................................................................ 5

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  No. C 11-1846-LHK (PSG), 2012 WL 1595793 (N.D. Cal. May 4, 2012) ................................... 2

*Digital Reg. of Texas, LLC v. Adobe Systems Inc.*,
  2013 WL 633406 (N.D. Cal. 2013) .................................................................................... 6

*FatPipe Networks India Ltd. v. XRoads Networks, Inc.*,
  2010 WL 3064369 (D. Utah 2010) .................................................................................... 6

*FormFactor, Inc v. Micro-Probe, Inc.*,
  Case No. C-10-03095 PJH (JCS), 2012 WL 1575093 (N.D. Cal. May 3, 2012) ......................... 8

*Romero v. Allstate Ins. Co.*,
  271 F.R.D. 96 (E.D. Pa. 2010) ......................................................................................... 8

*Smith v. Life Investors Ins. Co. of Am.*,
  Case No. 2:07-cv-681 (TFM), 2009, WL 2045197 (W.D. Pa. July 9, 2009) ............................... 8

*Viacom Int'l, Inc. v. YouTube, Inc.*,
  2009 U.S. Dist. LEXIS 4220 (N.D. Cal. Jan. 14, 2009) ....................................................... 5

*William A. Gross Constr. Assocs., Inc. v. American Mfrs. Mut. Ins. Co.*,
  256 F.R.D. 134 (S.D.N.Y. 2009) ...................................................................................... 6

### Rules

Fed. R. Civ. P. 26(a)(2)(B)(ii) ........................................................................................... 6

Fed. R. Civ. P. 26(a)(2)(B)(iii) .......................................................................................... 6

Fed. R. Civ. P. 26(b)(1) ................................................................................................... 5

Fed. R. Civ. P. 34(a)(1) ................................................................................................... 6

Fed. R. Civ. P. 45(a)(1)(A)(iii) .......................................................................................... 5

Gibson, Dunn &
Crutcher LLP

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Apple brings this motion to compel to achieve the transparency (*i.e.*, the identification and production of custodian and search term lists) that has become a typical requirement of modern-day electronic discovery.  Six months ago, Apple served a subpoena on Google seeking categories of documents relevant to Apple's infringement claims against Samsung.  Among other things, Apple sought documents relating to the accused functionality, including documents relating to the design, development, and/or implementation of the accused functionality in the Android mobile operating platform.  Google is likely to have such documents because it developed Android.  In addition, the documents are relevant because Android is used in all of Samsung's accused products; indeed, it is Android that provides much of the accused functionality identified in Apple's infringement contentions.  Moreover, Google and Samsung jointly designed and developed the Samsung Galaxy Nexus, which is an accused product.  While Google lodged boilerplate objections, and initially resisted producing any documents to some of the requests at issue here, it has since agreed to produce responsive documents to the extent they relate to the accused functionality.

Unfortunately, Google's production remains grossly deficient.  For example, there does not appear to be a single specification or requirements document relating to the development or design of some of the accused functionalities—even though those functionalities are part of Android and Apple's requests expressly called for the production of documents relating to the same.  The absence of such documents suggests that Google's document production is substantially incomplete, which is inconsistent with what Google has represented for months regarding the thoroughness of its document collection and production efforts.  Nonetheless, when Apple sought transparency into Google's document collection and production process, Google flatly refused.

Accordingly, Apple asks the Court to compel Google to provide Apple with a list of the custodians from which it has collected documents and the search terms it has used to search through the files of those custodians.  It is well settled that such information does not constitute attorney work product and Quinn Emanuel, who simultaneously represents both Samsung and Google in this case,

1

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

has already provided such information for Samsung (similarly, Apple is disclosing its custodians and search terms to Samsung).  If Google has made the diligent search it claims, then it should have no concern about providing Apple with this information.  If not, and Google refuses to modify its search methodology, then subsequent motion practice may be required.

Apple also brings this motion to compel to obtain the "diff" printouts that Apple's experts have created during their inspections of Google's source code.  Like Samsung, Google is refusing to produce the "diff" printouts—even though such printouts are critical to show that there are no material differences between the relevant source code files in the accused products, and even though this Court ordered Google to load Cygwin and software with the ability to compare the relevant source code versions.  *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No. C 11-1846-LHK (PSG), 2012 WL 1595793, at *4 (N.D. Cal. May 4, 2012) (Grewal, J.).  Accordingly, while Apple is moving to compel the production of "diff" printouts from Samsung with respect to other source code, Apple must obtain such printouts with respect to the Galaxy Nexus source code, and other source code produced by Google, which Samsung did not produce.  *See* Apple's Mot. to Compel a Response to Interrogatory No. 22 and Production of Diff Program Printouts, Dkt. 399, at 12-14.

Apple therefore asks this Court to compel Google to:  (1) disclose the list of search terms that it used in collecting and producing documents responsive to Apple's document subpoena; (2) disclose the list of custodians whose files it reviewed in collecting and producing documents responsive to Apple's document subpoena; and (3) provide the "diff" printouts made by Apple's representatives during inspection of Google's produced source code.

## II.     BACKGROUND AND PROCEDURAL HISTORY

On February 8, 2012, Apple filed a complaint for patent infringement alleging that a number of Samsung devices, including both phones and tablets, infringe eight of Apple's patents.  On June 15, 2012 and later through amendments, Apple disclosed its asserted claims and infringement contentions, specifically laying out the features and functionality of the devices accused of infringement.

On October 1, 2012, Apple served a document subpoena and a deposition subpoena on

Gibson, Dunn & Crutcher LLP

2

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-cv-00630-LHK (PSG)

Google.  *See* Declaration of Michael A. Valek ("Valek Decl."), Ex. 1.  Among other things, in its document subpoena Apple sought documents relating to the design, development, and implementation of the accused functionality in Android.  Apple's subpoena refers to these functionalities as: Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization.  *Id.*, Ex. 1 at 2-5.  In response to Apple's subpoena, Google served objections and responses.  *Id.*, Ex. 2.  With respect to Request Nos. 11-16, 30, and 34, which are the requests at issue here, Google agreed to produce responsive documents, but only to the extent that they are "relevant to the accused functionality in this action"— language that Google did not attempt to explain or define.  *Id.*, Ex. 2, at 13-19, 26, and 28.

On November 5, 2012, Apple wrote to Google regarding its responses, and raised the issue of the vague limiting language in Google's responses to Request Nos. 11-16, 30, and 34.  *Id.*, Ex. 3, at 1-2.  Apple expressly requested that Google explain its limitation.  *Id.*  On November 30, 2012, Google responded by stating that it "will provide information regarding the accused functionality." *Id.*, Ex. 6, at 2.  On December 12, 2012, Apple asked Google to confirm that its "response to these requests . . . will include the full scope of subject matter referenced or relied on in Apple's infringement contentions."  *Id.*, Ex. 7, at 2.  In that same letter, Apple also requested an in-person meet and confer.  *Id.* at 1.  For over a month thereafter, Google failed to provide a substantive response to Apple.  Google also failed to provide dates for an in-person meet and confer, despite repeated requests by Apple.  *Id.*, Exs. 7, 8, 9, 10, and 11.  Finally, on January 22, 2013, Google responded to Apple's December 12, 2012 letter.  *Id.*, Ex. 12.  In its letter, Google explained for the first time that it had limited its search for responsive documents to documents relating to Apple's infringement contentions against the Galaxy Nexus.  *Id.*, Ex. 12, at 3.  Apple continued to seek to meet and confer in person with Google on this and other issues, proposing specific dates for such a meeting in February and March.  *Id.*, Exs. 15 and 16.  For over three months, Google either rejected or did not respond to the dates Apple proposed for that meeting.  *Id.*, Ex. 16.

Finally, on March 19, 2013, Google's and Apple's lead counsel met and conferred in person in Palo Alto.  *Id.*, Exs. 19, 20, 21, and 23.  During that meeting, Apple reiterated its concern that

1   Google was improperly limiting its production of documents in response to Request Nos. 11-16, 30,

2   and 34.  *Id.*, ¶ 20.  In response, Google represented that it had not limited its search or production of

3   documents to any particular accused product or to any particular version of Android.  *Id.*  Google also

4   represented that it had used search terms consistent with the full scope of Apple's infringement

5   allegations to identify responsive documents from the documents it had collected from its custodians.

6   *Id.*  But Apple explained that Google's production was seemingly at odds with its representations

7   regarding the thoroughness of its document production efforts.  *Id.*  By way of example, Apple noted

8   that Google had produced only a handful of specification or requirements documents relating to

9   some, but not all, of the accused functionalities, and that even those documents were mostly limited

10  to one of the Android versions (Ice Cream Sandwich) at issue in this lawsuit.  *Id.*

11       In an effort to efficiently resolve the issue, and recognizing that a protracted debate about the

12  parties' respective definitions of accused functionality was an academic exercise given the use of

13  search terms in electronic discovery, Apple asked that Google disclose the search terms and

14  custodians for its document production to date.  *Id.*  Apple explained that the disclosure of Google's

15  search terms and custodians was necessary to provide visibility into its document production, the

16  scope of which seemed inconsistent with Google's representation that it conducted a reasonable

17  search and produced all the responsive documents it found.  *Id.*  Apple further indicated (as requested

18  by Google's counsel) that it would not treat the disclosure of such information as a waiver of

19  privilege or work product immunity.  *Id.*  Google took Apple's proposal under advisement and agreed

20  to respond by March 22.  *Id.*  On March 22, Apple wrote to Google, again explaining that the parties

21  would be at an impasse if Google did not disclose its search terms and custodians.  *See* Valek Decl.,

22  Ex. 19, at 2.  Later that day, Google rejected Apple's request, claiming that its search terms were

23  protected by the work product doctrine.[1]  *See* Valek Decl., Ex. 20, at 3.  In the alternative, Google

24  proposed that Apple suggest search terms, but reserved for itself the right to unilaterally reject

25  Apple's search terms, rendering the entire proposal meaningless.  *Id.*

26       At the March 19 meet and confer, Apple and Google also discussed Google's refusal to

27  _____

28  [1]  Google did not claim—and has not claimed—that its list of custodians is shielded from discovery.
     Even so, Google refuses to provide that information as well.

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1    produce the "diff" printouts.  *Id.*, ¶ 21.  Google took the same position that Samsung had taken earlier

2    and refused to produce the "diff" printouts.  *Id.*  While Google agreed to comply with the Court's

3    ruling on Apple's pending motion to compel against Samsung, Apple briefly raises this issue again

4    here given the importance of this evidence and to ensure that any ruling the Court makes with regard

5    to Samsung applies with equal force to Google.

6         Since the parties are at an impasse on these issues, Apple now asks this Court to intervene.

7    **III.    LEGAL STANDARD**

8         Federal Rule of Civil Procedure 45 "authorizes issuance of a subpoena to command a

9    nonparty to produce designated documents, electronically stored information, or tangible things in its

10   possession, custody or control."  *Viacom Int'l, Inc. v. YouTube, Inc*., 2009 U.S. Dist. LEXIS 4220, at

11   *7 (N.D. Cal. Jan. 14, 2009) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)).  "'[T]he scope of discovery

12   through subpoena is the same as that applicable to Rule 34 and the other discovery rules.'"  *Id*.

13   (quoting Advisory Committee Notes (1970)).  Thus, through a subpoena, "[p]arties may obtain

14   discovery regarding *any nonprivileged matter that is relevant to any party's claim or defense*."  Fed.

15   R. Civ. P. 26(b)(1) (emphasis added).

16        There is no doubt as to the relevance of documents relating to the design, development, and

17   implementation of the accused functionality in a software patent case.  *See Apple, Inc. v. Samsung*

18   *Elecs. Co., Ltd.*, 2012 WL 1511901, *6 (N.D. Cal. Jan. 27, 2012) (ordering production of "highly-

19   relevant information" in Samsung "technical documents" describing the accused functionalities at

20   issue).  Indeed, in the preliminary injunction phase of this action, the Court granted Apple's motion to

21   compel with respect to nearly identical requests.  *See Apple*, 2012 WL 1595793, at *2-4 (granting

22   Apple's motion to compel responses to requests relating to "the accused features and their

23   implementation, design-around efforts, analysis of Apple products, and consumer behavior regarding

24   not only the accused features, but also searching the Internet on a mobile device").

25        There also can be no doubt as to the relevance of requests relating to the source code used in

26   the accused products in a software patent case.  *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No.

27   C 11-1846-LHK (PSG), 2012 WL 1595784, at *3 (N.D. Cal. May 4, 2012) (Grewal, J.) ("[W]hen a

28

Gibson, Dunn &
Crutcher LLP

5

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1    patentee requests relevant source code for one or more accused products, a defendant must produce it.

2    This is especially true when the defendant makes clear that it will challenge any infringement claim

3    at least in part by questioning the patentee's failure to analyze the accused product's source code."),

4    *aff'd*, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) (Koh, J.).

5          When ambiguity exists as to how source code is used to implement the accused

6    instrumentalities, courts have compelled defendants to identify "the specific portion or portions of

7    [Defendant's] source code that perform[s] the function claimed in each element of [an asserted

8    claim]" and held that "[p]roviding the entire source code and expecting the requesting party to

9    discern the function of each line of code is not a sufficient response." *FatPipe Networks India Ltd. v.*

10   *XRoads Networks, Inc.*, 2010 WL 3064369 at *4 (D. Utah 2010).  A party may not bury the relevant

11   source code in a multitude of duplicative code and leave it to the other party to discern which source

12   code is actually used and which is not.

13         Once source code has been made available for inspection, the producing party must further

14   allow the inspecting party to review and test the source code.  *See* Fed. R. Civ. P. 34(a)(1).  Courts

15   have acknowledged the need for "source code analyzer tools" to discern the functionality of

16   particular source code.  *Digital Reg. of Texas, LLC v. Adobe Systems Inc.*, 2013 WL 633406, at *5-6

17   (N.D. Cal. 2013).  Absent such tools, an expert testifying on issues of infringement would not be able

18   to fulfill his obligations under Federal Rule of Civil Procedure 26(a)(2)(B), which requires that an

19   expert report contain "the facts or data considered by the witness in forming" his opinions and "any

20   exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii).

21   **IV.    ARGUMENT**

22       **A.    GOOGLE MUST DISCLOSE ITS SEARCH TERMS AND CUSTODIANS**

23         Apple brings this motion to compel in order to achieve the transparency that courts have

24   recognized is "require[d] . . . in all aspects of preservation and production of [electronically stored

25   information]." *William A. Gross Constr. Assocs., Inc. v. American Mfrs. Mut. Ins. Co.*, 256 F.R.D.

26   134, 136 (S.D.N.Y. 2009).  Indeed, both Apple and Samsung (which is represented by the same

27   lawyers in this case as Google) have provided search term and custodian lists for their document

28

productions.  Not only are such disclosures often made in this District, the disclosures are necessary here to address both the apparent and yet unseen deficiencies in Google's document production.

There is a fundamental disconnect between what Google claims it has searched for and the documents that it has actually produced.  While Google claims it has produced all documents responsive to Request Nos. 11-16, 30, and 34, Apple's review of Google's production reveals an inexplicable paucity of responsive documents.  For instance, even though Request Nos. 12, 13, 14, 15, and 34 call for such documents, there appear to be no specification or requirements documents relating to the development, design, or implementation of the following accused functionality in the accused devices: Historical Lists, Slide to Unlock, and Special Text Detection.  *See* Valek Decl., ¶ 26.  Likewise, there appear to be only a handful of such documents for the other accused functionalities (Text Correction, Data Synchronization, Unified Search, and Alternative Call Return). *Id.*  Moreover, such documents relating to the accused Text Correction and Alternative Call Return functionalities are limited to the Ice Cream Sandwich ("ICS") version of Android.  *Id.*  Similarly, there appear to be only about 50 documents relating to communications between Google and Samsung regarding the accused functionality—even though two separate requests (Nos. 11 and 30) expressly call for such documents.  *Id.*

Google's production is no less deficient if its nomenclature is substituted for Apple's.  For instance, in the preliminary injunction phase of this case,

1    The paucity of responsive documents on these key issues is highly prejudicial to Apple and

2    raises fundamental concerns about the robustness of Google's production.  Google's representations

3    regarding the scope of its document review and production do not square with what it actually

4    produced, which could be a result of searches that used inadequate search terms or the omission of

5    certain relevant custodians.  For that reason, Apple proposed that Google disclose its search terms

6    and custodians.  Unfortunately, Google rejected that proposal, claiming that its search terms are

7    protected from disclosure by the work product doctrine.

8    Google is wrong.  Courts—including in this District—repeatedly have rejected the argument

9    that search terms are protected by the work product doctrine.  *See, e.g.*, *FormFactor, Inc. v. Micro-*

10   *Probe, Inc.*, Case No. C-10-03095 PJH (JCS), 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012)

11   ("To the extent Plaintiff argues that disclosure of search terms would reveal privileged information,

12   the Court rejects that argument.  Such information is not subject to any work product protection

13   because it goes to the underlying facts of what documents are responsive to Defendants' document

14   request, rather than the thought processes of Plaintiff's counsel.") (Spero, M.J.); *Romero v. Allstate*

15   *Ins. Co.*, 271 F.R.D. 96, 110 (E.D. Pa. 2010); *Smith v. Life Investors Ins. Co. of Am.*, Case No. 2:07–

16   cv–6812009, WL 2045197, at *7 (W.D. Pa. July 9, 2009).  Accordingly, Google's privilege objection

17   to the disclosure of its search terms is entirely without merit.[2]

18   Equally without merit is Google's suggestion that Apple first propose search terms that

19   Google is free to accept or reject, as it sees fit.  Apple should not have to shoot in the dark.  Until it

20   has obtained visibility into Google's search methodology, Apple cannot meaningfully propose

21   additional search terms and custodians.  Google's proposal is also illusory, because Google will not

22   even commit itself to running Apple's search terms and producing the resulting hits.  Should there

23   subsequently be disagreements regarding whether additional or different search terms are required, or

24   whether additional custodians' files should be searched, further motion practice may be required to

25   compel Google to perform an adequate search.  At bottom, and with fact discovery closing in July,

26
27
28

---

[2]  Nor is there any realistic concern regarding waiver because Apple has agreed that it will not treat its disclosure as a waiver (although, the information is not privileged).  Moreover, Google is free to designate its custodian and search term disclosures under the Protective Order should it believe they are entitled to such protection.

Gibson, Dunn &
Crutcher LLP

Google's proposal is just an attempt to run out the clock.

Apple asked for these documents in October 2012.  It is now six months later.  While Google claims that it searched for and produced all documents responsive to Request Nos. 11-16, 30, and 34, Google's own document production demonstrates that is not the case.  Apple cannot afford to wait another six months to resolve this issue.  The Court should compel Google to produce its search terms and custodians so that the deficiencies in Google's production can be diagnosed and remedied without further delay.

**B.      GOOGLE MUST PRODUCE THE DIFF PRINTOUTS APPLE'S REVIEWERS HAVE REQUESTED**

Google should be ordered to produce the diff printouts made by Apple's representatives during their review and analysis of Google's Galaxy Nexus source code.  These diff printouts are relevant to show that the accused functionality in the source code produced by Google does not differ in any material way from either the publicly available code cited in Apple's infringement contentions, or from the source code actually used in other accused products.  Apple has already explained the importance of such evidence in its motion to compel diff printouts from Samsung.[3]  *See* Apple's Mot. to Compel a Response to Interrogatory No. 22 and Production of Diff Program Printouts, Dkt. 399, at 12-14.  Indeed, Google's refusal to produce these printouts is particularly egregious in light of this Court's order compelling Google to install the Cygwin analysis tool used to create the diff printouts, as well as public versions of the Android source code, on the source code inspection computers used in this case.  Order Granting-In-Part Apple's Motions to Compel, Dkt. 164, at 8 (ordering that "Google shall load Cygwin and software with the ability to compare the relevant source code versions" onto its source code review machine).  By refusing to produce the diff printouts, Google is trying to end-run the Court's previous order by allowing use of the diff program during inspections, but refusing to produce the output so that it can be used as evidence in this case.

---

[3]  Samsung did not produce code for the Galaxy Nexus.  To obtain comparison evidence regarding the source code for this particular accused product as well as other code produced by Google, Apple must review source code produced by Google.  The diff printouts Apple seeks to compel from Samsung relate to other accused products.

9

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

**V.      CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court GRANT Apple's Motion to Compel Discovery of Document Production Information and Diff Printouts.

.

GIBSON, DUNN & CRUTCHER LLP

Dated:  March 26, 2013                              By:  _____ */s/ H. Mark Lyon* _____

H. Mark Lyon

***Attorneys for Plaintiff Apple Inc.***

Gibson, Dunn &
Crutcher LLP

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.4, and will be served on all counsel for Google, Inc. who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated:  March 26, 2013                    By:  _____/s/ H. Mark Lyon_____

                                                          H. Mark Lyon

Gibson, Dunn & Crutcher LLP