| | |
|---|---|
| JOSH KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA  94304-1211 <br> Telephone: 650.849.5300 <br> Facsimile:  650.849.5333 | MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile:  (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG) <br><br> **DECLARATION OF MICHAEL VALEK IN SUPPORT OF APPLE INC.'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION AND DIFF PROGRAM PRINTOUTS FROM GOOGLE, INC.** <br><br> **REDACTED** |

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

I, Michael Valek, declare and state as follows:

1. I am Of Counsel at the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn"), counsel of record in this action for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"). I am licensed to practice law in the State of Texas. I submit this declaration in support of Apple Inc.'s Motion to Compel Discovery of Document Production Information and Diff Program Printouts From Google Inc. Unless otherwise indicated, I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently as follows.

2. Attached hereto as Exhibit 1 is a true and correct copy of Apple Inc.'s Notice of Third-Party Subpoenas to Google Inc., dated September 28, 2012.

3. Attached hereto as Exhibit 2 is a true and correct copy of Responses and Objections of Non-Party Google Inc. to Subpoena to Produce Documents Served by Plaintiff and Counterclaim-Defendant Apple Inc., dated October 15, 2012.

4. Attached hereto as Exhibit 3 is a true and correct copy of a letter from M. Valek to M. Warren, dated November 5, 2012.

5. Attached hereto as Exhibit 4 is a true and correct copy of a letter from M. Warren to M. Valek, dated November 13, 2012.

6. Attached hereto as Exhibit 5 is a true and correct copy of a letter from M. Valek to M. Warren, dated November 16, 2012.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter from M. Warren to M. Valek, dated November 30, 2012.

8. Attached hereto as Exhibit 7 is a true and correct copy of a letter from M. Valek to M. Warren, dated December 10, 2012.

9. Attached hereto as Exhibit 8 is a true and correct copy of a letter from M. Warren to M. Valek, dated December 10, 2012.

10. Attached hereto as Exhibit 9 is a true and correct copy of a letter from M. Valek to M. Warren, dated December 19, 2012.

11. Attached hereto as Exhibit 10 is a true and correct copy of an email exchange between M. Valek to M. Warren, dated December 27-28, 2012.

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

12. Attached hereto as Exhibit 11 is a true and correct copy of an email from M. Valek to M. Warren, dated January 16, 2013.

13. Attached hereto as Exhibit 12 is a true and correct copy of a letter from M. Warren to M. Valek, dated January 22, 2013.

14. Attached hereto as Exhibit 13 is a true and correct copy of a letter from M. Warren to M. Valek, dated February 4, 2013.

15. Attached hereto as Exhibit 14 is a true and correct copy of a letter from J. Furman to M. Warren, dated February 8, 2013.

16. Attached hereto as Exhibit 15 is a true and correct copy of a letter from M. Valek to M. Warren, dated February 11, 2013.

17. Attached hereto as Exhibit 16 is a true and correct copy of a letter from M. Valek to M. Warren, dated February 13, 2013.

18. Attached hereto as Exhibit 17 is a true and correct copy of a letter from M. Warren to M. Valek, dated February 20, 2013.

19. Attached hereto as Exhibit 18 is a true and correct copy of a letter from M. Valek to M. Warren, dated March 6, 2013.

20. After numerous unsuccessful attempts to resolve these issues by letter, the parties conducted a lead trial counsel in-person meet and confer regarding, *inter alia*, Google's responses to Request Nos. 11-16, 30, and 34 and its refusal to produce the "diff" printouts. During that meeting, Apple reiterated its concern that Google was improperly limiting its production of documents in response to those requests. In response, Google represented that it had not limited its search or production of documents to any particular accused product or to any particular version of Android and that it had used search terms consistent with the full scope of Apple's infringement allegations to identify responsive documents with the documents it had collected from its custodians. Apple explained that Google's document production did not reflect its counsel's representations regarding the thoroughness of document production efforts. As an example, Apple noted that Google had produced only one or two specification or requirements documents relating only some of the accused functionalities, and that even those documents were limited to only one of the Android versions (Ice

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF
DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

Cream Sandwich) at issue in this lawsuit. In an attempt to resolve the parties' dispute, Apple asked that Google disclose the search terms and custodians for its document production to date. Apple explained that the disclosure of Google's search terms and custodians was necessary to provide visibility into its document production. In response to a question from Google's counsel, Apple further indicated that it would not treat the disclosure of such information as a waiver of the attorney-client privilege or work product immunity. Google took Apple's propose under advisement and agreed to respond by March 22.

21. During the meeting, Apple and Google also discussed Google's refusal to produce the "diff" printouts. Google refused to produce the printouts, but agreed to comply with the Court's ruling on Apple's pending motion to compel against Samsung. In response, Apple made clear that it could not agree to Google's proposal, given the immediate need for the printouts and the short time remaining for fact discovery. Since the March 19 in-person meeting, the parties have continued to exchange correspondence on these issues, but despite Apple's good faith efforts to resolve them, the parties are at an impasse and are unable to resolve these issues without court action.

22. Attached hereto as Exhibit 19 is a true and correct copy of a letter from M. Valek to M. Warren, dated March 22, 2013.

23. Attached hereto as Exhibit 20 is a true and correct copy of a letter from M. Warren to M. Valek, dated March 22, 2013.

24. Attached hereto as Exhibit 21 is a true and correct copy of a letter from M. Warren to M. Valek, dated March 25, 2013.

25. Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the transcript from the May 1, 2012 deposition of Jim Miller.

26. Based on the review of Google's document production by Apple's counsel at Gibson Dunn, it appears that Google has produced: (1) no specification or requirements documents relating to the development, design or implementation of the following accused functionality in the accused devices: Historical Lists, Slide to Unlock, Special Text Detection; (2) only a handful of such documents for the other accused functionalities: Text Correction, Data Synchronization, Unified Search, and Alternative Call Return, of which those relating to Text Correction and Alternative Call

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1  Return are limited to Ice Cream Sandwich ("ICS") version of Android; (3) only about 50 documents
2  relating to communications between Google and Samsung regarding the accused functionality;
3  ████████████████████████████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████

8        27.    Attached hereto as Exhibit 23 is a true and correct copy of a letter from M. Valek to
9  M. Warren, dated March 26, 2013.
10       Executed on March 26, 2013 in Dallas, TX

12                                      By:   /s/ Michael Valek
13                                            Michael Valek

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF
DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

## ATTESTATION

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Michael A. Valek has concurred in this filing.

Dated: March 26, 2013

/s/ *H. Mark Lyon*
H. Mark Lyon

Gibson, Dunn & Crutcher LLP

VALEK DECL. ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION & DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)