# EXHIBIT 1

1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA  94304-1211
   Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

7
8  *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  APPLE INC., a California corporation,

14         Plaintiff,

15      v.                                    CASE NO. 12-cv-00630-LHK

16  SAMSUNG ELECTRONICS CO., LTD., a          **APPLE INC.'S NOTICE OF THIRD-**
    Korean corporation; SAMSUNG              **PARTY SUBPOENAS TO GOOGLE INC.**
17  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
19
           Defendants.
20
    SAMSUNG ELECTRONICS CO., LTD., a
21  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
22  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
23  LLC, a Delaware limited liability company,

24         Counterclaim-Plaintiffs,

25      v.

26  APPLE INC., a California corporation,

27         Counterclaim-Defendant.

28

APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.
CASE NO. 12-CV-00630-LHK
101364352.2

Gibson, Dunn &
Crutcher LLP

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

3    the attached subpoenas will be served on Google Inc.

4

5    Dated: September 28, 2012

6                                    GIBSON, DUNN & CRUTCHER LLP

7

8                              By:   _____
                                     H. Mark Lyon
9

10                                   Attorney for APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.
CASE NO. 12-CV-00630-LHK

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| | |
|---|---|
| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: <br><br> 10/19/2012 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/28/2012

|  CLERK OF COURT  | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | *Mark Lyon* /88 <br> *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.        "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2.        "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.        "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.     "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.     "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.     "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.     "Apple" means Apple Inc.

8.     "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.     "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email, Messaging, Contacts, or Calendar applications of the Accused Products.  Text Correction includes but is not limited to the "Enter &

2

Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/ bin/answer.py?hl=en&answer=1646288&topic= 1646287&ctx=topic, and http://developer.android.com/ reference/android/text/AutoText.html that permits a user to enter and edit text.

      10.    "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface. Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/Quick% 20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

      11.    "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address,

3

phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.     "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/adding-recent-query-suggestions.html.

13.     "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not

4

limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.     "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases.  Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the onPerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

15.     "The '604 Reexamination Request" means the Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All documents should be produced as maintained in the ordinary course of business.

3.     If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products.

**REQUEST NO. 2**

A copy of each mobile platform and/or application, in source code form that includes Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 3**

A copy of each Android mobile platform, in source code form, used by Samsung in each of the Accused Products.

**REQUEST NO. 4**

A copy of each version of an Android-based Google Maps Android app provided with any of the Accused Products.

**REQUEST NO. 5**

A copy of each version of an Android-based YouTube Android app provided with any of the Accused Products.

**REQUEST NO. 6**

A copy of each version of an Android-based Google Play or Google Market Android app provided with any of the Accused Products.

**REQUEST NO. 7**

Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean

code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 8**

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the corresponding Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 9**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in each of the Accused Products.

**REQUEST NO. 10**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

**REQUEST NO. 11**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 12**

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 13**

Documents related to the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 14**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 15**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 16**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

**REQUEST NO. 17**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**REQUEST NO. 18**

All documents related to the '604 Reexamination Request.

**REQUEST NO. 19**

All documents related to communications between Google and any other party related to the '604 Reexamination Request.

**REQUEST NO. 20**

All documents related to communications between Motorola Mobility, LLC and any other party related to the '604 Reexamination Request.

**REQUEST NO. 21**

All documents related to communications between Motorola Mobility, LLC and any Samsung entity related to the '604 Reexamination Request.

**REQUEST NO. 22**

All documents related to the source of the references cited in the '604 Reexamination Request.

**REQUEST NO. 23**

All documents related to any financial support provided to Motorola Mobility, LLC from Google, Samsung or any other party related to the '604 Reexamination Request.

**REQUEST NO. 24**

All documents related to communications between King & Spalding and Quinn Emanuel Urquhart & Sullivan, LLP in your possession, custody or control related to the Patents-in-Suit, including, but not limited to, documents related to communications regarding the '604 Reexamination Request.

**REQUEST NO. 25**

All documents related to communications between you and Quinn Emanuel Urquhart & Sullivan related to the '604 Reexamination Request.

**REQUEST NO. 26**

All documents related to the Declaration of Ray Larson Under 37 C.F.R. §1.132 and MPEP 2618(II) filed in connection with the '604 Reexamination Request.

**REQUEST NO. 27**

All documents related to communications between you and Dr. Ray Larson related to U.S. Patent No. 8,086,604.

**REQUEST NO. 28**

All documents related to communications between you and Samsung related to the Patents-in-Suit.

**REQUEST NO. 29**

All documents relating to the litigation between Apple and Samsung, entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.* (12-CV-0630), including, but not limited to, communications between you and any third party related to the preliminary injunction issued in that case, the '604 Patent, Unified Search, the Quick Search Box or any design changes to attempt to design-around the '604 Patent proposed by you.

**REQUEST NO. 30**

All documents related to communications between you and Samsung related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 31**

All documents relating to any of the Patents-in-Suit.

**REQUEST NO. 32**

All documents relating to when you first became aware of any of the Patents-in-Suit.

**REQUEST NO. 33**

All documents relating to any patents or patent applications related to any of the Patents-in-Suit, including continuations, divisionals, continuation-in-parts, parents, grandparents, or any other patent sharing a common family member to one of the Patents-in-Suit.

**REQUEST NO. 34**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 35**

All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 36**

All documents related to meetings, communications and negotiations between Shin Jong-kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Mr. Shin and Mr. Schmidt.

**REQUEST NO. 37**

All documents prepared by you in preparation for the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**REQUEST NO. 38**

All documents received from Samsung related to the planning, coordination, agenda, timing, topics of discussion, or rescheduling of the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT 1.

| Place: 1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/26/2012 9:30 am |

The deposition will be recorded by this method:   stenographically including real-time and videographically

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/28/2012

_CLERK OF COURT_

OR

_____                         _____
_Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____ Apple Inc. _____
(Plaintiff)_____ , who issues or requests this subpoena, are:
H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1   JOSH A. KREVITT (CA SBN 208552)       HAROLD J. MCELHINNY (CA SBN 66781)
    jkrevitt@gibsondunn.com                hmcelhinny@mofo.com
2   H. MARK LYON (CA SBN 162061)           MICHAEL A. JACOBS (CA SBN 111664)
    mlyon@gibsondunn.com                   mjacobs@mofo.com
3   GIBSON, DUNN & CRUTCHER LLP            RICHARD S.J. HUNG (CA SBN 197425)
    1881 Page Mill Road                    rhung@mofo.com
4   Palo Alto, CA  94304-1211              MORRISON & FOERSTER LLP
    Telephone: (650) 849-5300              425 Market Street
5   Facsimile: (650) 849-5333              San Francisco, California 94105-2482
                                           Telephone: (415) 268-7000
6                                          Facsimile: (415) 268-7522

7   *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13  APPLE INC., a California corporation,

14              Plaintiff,

15       v.                                CASE NO. 12-cv-00630-LHK (PSG)

16  SAMSUNG ELECTRONICS CO., LTD., a       **NOTICE OF DEPOSITION OF GOOGLE**
    Korean corporation; SAMSUNG            **INC.**
17  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
19
20              Defendants.

    SAMSUNG ELECTRONICS CO., LTD., a
21  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
22  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
23  LLC, a Delaware limited liability company,

24              Counterclaim-Plaintiffs,

25       v.

26  APPLE INC., a California corporation,

27              Counterclaim-Defendant.

28

    NOTICE OF DEPOSITION OF GOOGLE INC.
    CASE NO. 12-CV-00630-LHK
    101364374.1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil

3    Procedure and as set forth on the attached Subpoena, Plaintiff Apple, Inc., by and through counsel,

4    will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA.

5    94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil

6    Procedure, including discovery and for use at trial.

7    The deposition will begin at 9:30 a.m. on October 26, 2012, and continue day-to-day until

8    completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA.

9    94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may

10   jointly agree.

11   In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers,

12   directors, managing agents, or other persons to testify on its behalf as to the matters known by, or

13   reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

14   YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to

15   be recorded both stenographically and by videotape, and a real-time transcription service such as

16   LiveNote or similar software may be used.  The deposition will be taken by oral examination before a

17   notary public or other person authorized by law to administer oaths.

18

19
     Dated:  September 28, 2012
20

21                                              GIBSON, DUNN & CRUTCHER LLP

22
                                              By:  _Mark Lyon / gg_____
23                                                  H. Mark Lyon

24                                                  Attorney for APPLE INC.

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF DEPOSITION OF GOOGLE INC.                                                      2
CASE NO. 12-CV-00630-LHK

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1. "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2. "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3. "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4. "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5. "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6. "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7. "Apple" means Apple Inc.

8. "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues. Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9. "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email application, Messaging application, Contacts application or Calendar application of the Accused Products. Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/

2

www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py?hl=en&answer=1646288&topic=164628 7&ctx=topic, and http://developer.android.com/reference/android/text/AutoText.html that permits a user to enter and edit text.

10. "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface. Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/ label/Quick%20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11. "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address, phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the

Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.     "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/ adding-recent-query-suggestions.html.

13.     "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call, and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of

missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46
(*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/
www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.     "Data Synchronization" means software, features and functionality in any of the
Accused Products relating to the synchronization of a database concurrently with the execution
of a processing thread that allows user access to the database, such as email, contact information,
calendar, or photograph databases.  Data Synchronization includes but is not limited to the
concurrent execution of a synchronization thread with a user-level processing thread in Android
applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example,
processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97
(*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-
I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the
AbstractThreadedSyncAdapter class and the on PerformSync() process (described in
http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the
SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and
EmailSyncAdapterService classes (Android Source Code at SyncManager.java;
AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as
EmailSyncAdapterService.java, CalendarSyncAdapterService.java,
ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java,
and ExchangeService.java.

15.     "Accused Features" means Slide to Unlock, Text Correction, Unified Search,
Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of
Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all
drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## DEPOSITION TOPICS

1.     All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof.

2.     The Android mobile platforms (including any source code) used in any of the Accused Products.

3.     The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's September 28, 2012 Subpoena for Documents, Information, and Objects to you and the Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.     Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any of the Accused Products or in any version of Android.

5.     Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

6

6.      The design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

7.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

8.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

9.      Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

10.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

11.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

12.     Revenue, profits and costs associated with any of the Accused Features.

13.     The Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685, including communications with any other person or entity related to that reexamination, the alleged prior art identified in that reexamination and all financial or other support received related to that request.

14.      Communications between you or your counsel and Samsung or its counsel related to the '604 Reexamination Request.

15.      The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun of Samsung and Eric Schmidt of Google, and any continuation thereof, including the purposes, intents, and goals of the meeting, preparations made for the meeting, subjects discussed during the meeting, and outcomes of the meeting.

1   JOSH A. KREVITT (CA SBN 208552)          HAROLD J. MCELHINNY (CA SBN 66781)
    jkrevitt@gibsondunn.com                  hmcelhinny@mofo.com
2   H. MARK LYON (CA SBN 162061)             MICHAEL A. JACOBS (CA SBN 111664)
    mlyon@gibsondunn.com                     mjacobs@mofo.com
3   GIBSON, DUNN & CRUTCHER LLP              RICHARD S.J. HUNG (CA SBN 197425)
    1881 Page Mill Road                      rhung@mofo.com
4   Palo Alto, CA  94304-1211                MORRISON & FOERSTER LLP
    Telephone: (650) 849-5300                425 Market Street
5   Facsimile: (650) 849-5333                San Francisco, California 94105-2482
                                             Telephone: (415) 268-7000
6                                            Facsimile: (415) 268-7522

7
    *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*
8

9                       UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                           SAN JOSE DIVISION

12

13   APPLE INC., a California corporation,

14              Plaintiff,

15        v.

16   SAMSUNG ELECTRONICS CO., LTD., a           CASE NO. 12-cv-00630-LHK (PSG)
     Korean corporation; SAMSUNG
17   ELECTRONICS AMERICA, INC., a New          **CERTIFICATE OF SERVICE**
     York corporation; and SAMSUNG
18   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
19
                Defendants.
20
     SAMSUNG ELECTRONICS CO., LTD., a
21   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a New
22   York corporation, and SAMSUNG
     TELECOMMUNICATIONS AMERICA,
23   LLC, a Delaware limited liability company,

24              Counterclaim-Plaintiffs,

25        v.

26   APPLE INC., a California corporation,

27              Counterclaim-Defendant.

28

I, Elizabeth Oldiges, hereby certify that on this 28th day of September, 2012, I did cause the following document to be served in the following manner:

- **Apple Inc.'s Notice of Third-Party Subpoenas to Google Inc.**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

__X__     **BY ELECTRONIC MAIL TRANSMISSION** from eoldiges@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2012 in Palo Alto, CA.

Dated:     September 28 2012

_Elizabeth Oldiges_
Elizabeth Oldiges

# EXHIBIT 2

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Amy H. Candido
2  amycandido@quinnemanuel.com
   Matthew S. Warren
3  matthewwarren@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California  94111
   Telephone:     (415) 875-6600
5  Facsimile:     (415) 875-6700

6  Attorneys for Non-Party Google Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK

12               Plaintiff,                      **RESPONSES AND OBJECTIONS OF
                                                 NON-PARTY GOOGLE INC. TO
13        vs.                                    SUBPOENA TO PRODUCE
                                                 DOCUMENTS SERVED BY PLAINTIFF
14  SAMSUNG ELECTRONICS CO., LTD., a             AND COUNTERCLAIM-DEFENDANT
    Korean business entity, SAMSUNG             APPLE INC.**
15  ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
16  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
17
                 Defendants.
18  _____

19  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity, SAMSUNG
20  ELECTRONICS AMERICA, INC., a New
    York corporation, and SAMSUNG
21  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
22
                 Counterclaim-Plaintiffs,
23
          vs.
24
    APPLE INC., a California corporation,
25
                 Counterclaim-Defendant.
26  _____

27

28

Non-party Google Inc. ("Google") responds and objects to the subpoena *duces tecum* (the "Subpoena") served by Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") on October 1, 2012, and each Request for Production ("Request") therein, set forth as follows:

## GENERAL OBJECTIONS

1.      Google objects to the Subpoena's purported production date of October 19, 2012, to provide documents and things in its possession, custody, or control, which does not provide sufficient time for Google to collect and produce documents.  Subject to its general and specific objections, Google will produce documents as soon as practicable.

2.      Google objects to the Subpoena as unduly burdensome and harassing to the extent that it purports to impose burdens, requirements or obligations that exceed or differ from those permitted by Federal Rules of Civil Procedure 26(b) and 45 and the Local Rules of the United States District Court for the Northern District of California.

3.      Google objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privileges and protections.  Such information will not be provided.  Any inadvertent disclosure of such information shall not constitute a waiver of any privilege, right, or ground for objecting to providing such information and shall not waive Google's right to object to the use of such information.

4.      Google objects to the Subpoena to the extent that it calls for legal conclusions.

5.      Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or other confidential testimony.  Google will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential business information.

6.      Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or confidential source code.  Google will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential source code.

7.      Google objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative

1  or cumulative of other discovery, particularly insofar as it contains the terms "any," "every," "all,"

2  "any and all," and "without limitation."

3      8.      Google objects to the Subpoena to the extent that it seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence or is not limited

5  to a relevant time period.

6      9.      Google objects to the Subpoena to the extent that it seeks information not within

7  Google's possession, custody or control.  An objection on this ground does not constitute a

8  representation or admission that such information does, in fact, exist.

9      10.     Google objects to the Subpoena to the extent that the "Definitions and Instructions"

10 purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific

11 Request where such enlargement, expansion, or alteration renders said Request vague, ambiguous,

12 overbroad, unduly burdensome, harassing, incomprehensible, or calling for production that is

13 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14     11.     Google objects to Apple's definition of the terms "You" and "your" and to any

15 Request incorporating these terms, to the extent that they are unduly broad and purport to impose

16 burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules

17 of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the

18 Northern District of California, particularly insofar as the definitions purports to require the

19 production of documents or testimony about products irrelevant to this action.

20     12.     Google objects to Apple's definition of the term "Samsung," and to any Request

21 incorporating this term, to the extent that it is unduly broad and purports to impose burdens or

22 requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil

23 Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern

24 District of California, particularly insofar as the definition purports to require the production of

25 documents or testimony about products irrelevant to this action.

26     13.     Google objects to Apple's definition of the term "Android 4.0 Ice Cream

27 Sandwich," and to any Request incorporating this term, to the extent that it is unduly broad and

28 purports to impose burdens or requirements upon Google that exceed or differ from the

requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

14.     Google objects to Apple's definition of the term "Android 4.1 Jelly Bean," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

15.     Google objects to Apple's definition of the term "Android," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

16.     Google objects to Apple's definition of the term "Accused Products," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

17.     Google objects to Apple's definition of the term "Apple," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

18.     Google objects to Apple's definition of the term "Slide to Unlock" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

19.     Google objects to Apple's definition of the term "Text Correction" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

20.     Google objects to Apple's definition of the term "Unified Search" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

21.     Google objects to Apple's definition of the term "Special Text Detection" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

22.     Google objects to Apple's definition of the term "Historical Lists" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the

Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

23.     Google objects to Apple's definition of the term "Alternative Call Return" and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

24.     Google objects to Apple's definition of the term "Data Synchronization," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

25.     Google objects to Apple's definition of the term "The '604 Examination Request," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

26.     Google objects to Apple's definition of the term "Document(s)," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

27.     Google objects to Apple's definition of the term "Relating," and to any Request incorporating this term, to the extent that it is unduly broad and purports to impose burdens or

1  requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil

2  Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern

3  District of California, particularly insofar as the definition purports to require the production of

4  documents or testimony about products irrelevant to this action.

5          28.     Google objects to Apple's "Definitions and Instructions" and Requests to the extent

6  that they are unduly burdensome (both in scope and number), overbroad, oppressive, call for

7  production of information that is neither relevant nor reasonably calculated to lead to the discovery

8  of admissible evidence or call for the production of information that is not in Google's possession

9  custody or control.

10         29.     Google objects to the Subpoena as unduly burdensome, overbroad and oppressive

11 to the extent that it calls for the production of documents or testimony that would require Google

12 to perform a technical analysis of the Android software.

13         30.     Any objection by Google does not constitute a representation or admission that

14 such information does in fact exist or is known to Google.

15         31.     Google's production of documents and testimony is based upon such information

16 as is reasonably available to Google at the time of production and testimony.  Further independent

17 discovery, independent investigation, legal research and analysis by Google or its counsel may

18 supply additional facts, information or documents, or add meaning to known facts, information or

19 documents.  Google's productions and testimony are given without prejudice to Google's right to

20 provide evidence of any subsequently discovered or compiled facts, information or documents, or

21 to supplement or modify such Google productions and testimony.

22         32.     Google objects to Apple's Requests to the extent that they seek information

23 confidential or proprietary to third parties, which Google is contractually required to maintain

24 confidential.  To the extent that the Requests call for such information, Google will produce this

25 information, to the extent relevant and responsive, only in accordance with its obligations under

26 these confidentiality agreements or if ordered by the Court.

27         33.     Google objects to Apple's Requests to the extent that they are improperly

28 duplicative or cumulative of other discovery.

34.     Google objects to Apple's Requests to the extent that they seek premature expert testimony.

35.     Google objects to Apple's Requests to the extent that they seek discovery more appropriately obtained from Samsung.

36.     Google objects to Apple's Requests to the extent that they seek information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from public sources.

37.     Google objects to Apple's Requests to the extent that they seek information that is equally available from a party in the litigation.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

A copy of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "Android mobile platform" is vague and ambiguous.  Google further objects to this Request to the extent that the term "provided to Samsung for use in each of the Accused Products" is vague and ambiguous.  Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request is duplicative of Request Nos. 2 and 3.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

1    **REQUEST FOR PRODUCTION NO. 2:**

2        A copy of each mobile platform and/or application, in source code form that includes Slide
to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative
3    Call Return, and/or Data Synchronization software, features, or functionality, including but not
limited to any version of any such software, features, or functionality used in any Accused Product
4    or in any version of Android.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6        Google incorporates by reference its General Objections as though fully set forth herein.

7    Google further objects to this Request on the grounds that the term "Slide to Unlock, Text

8    Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,

9    and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google

10   further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive,

11   and duplicative.  Google further objects on the grounds that this Request seeks information not

12   within Google's possession, custody or control.  Google further objects on the grounds that this

13   Request seeks information protected from disclosure by the attorney-client privilege, the attorney

14   work product doctrine, or any other applicable privilege or immunity, including but not limited to

15   the common interest or joint defense privileges.  Google further objects on the grounds that this

16   Request seeks information already in Apple's possession or available to Apple from other sources

17   that are more convenient, less burdensome or less expensive, including information available to

18   Apple from Samsung or public sources.  Google further objects on the grounds that this Request,

19   to the extent it is not objectionable, is entirely duplicative of Request Nos. 1 and 3.  Google will

20   respond to Request Nos. 1 and 3.

21   **REQUEST FOR PRODUCTION NO. 3:**

22       A copy of each Android mobile platform, in source code form, used by Samsung in each of
the Accused Products.
23
     **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
24
25       Google incorporates by reference its General Objections as though fully set forth herein.

26   Google further objects to this Request to the extent that the term "Android mobile platform" is

27   vague and ambiguous.  Google further objects to this Request to the extent that the term "used by

28   Samsung in each of the Accused Products" is vague and ambiguous.  Google further objects to the

1  extent that this Request seeks information that is neither relevant to any claims or defenses in this

2  action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further

3  objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and

4  duplicative.  Google further objects to the extent that this Request seeks information not within

5  Google's possession, custody or control.  Google further objects to the extent that this Request

6  seeks information already in Apple's possession or available to Apple from other sources that are

7  more convenient, less burdensome or less expensive, including information available to Apple

8  from Samsung or public sources.  Google further objects to the extent that this Request is

9  duplicative of Request Nos. 1 and 2.

10  Subject to and without waiver of its general and specific objections, Google will produce

11  non-privileged documents responsive to this Request, located in response to a reasonable search

12  and as relevant to the accused functionality in this action.

13  **REQUEST FOR PRODUCTION NO. 4:**

14  A copy of each version of an Android-based Google Maps Android app provided with any
of the Accused Products.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

16  Google incorporates by reference its General Objections as though fully set forth herein.

17  Google further objects to this Request to the extent that the term "Android-based" is vague and

18  ambiguous.  Google further objects to this Request to the extent that the term "provided with" is

19  vague and ambiguous.  Google further objects to the extent that this Request seeks information

20  that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to

21  the discovery of admissible evidence.  Google further objects to the extent that this Request is

22  overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to the

23  extent that this Request seeks information not within Google's possession, custody or control.

24  Subject to and without waiver of its general and specific objections, Google will produce

25  non-privileged documents responsive to this Request, located in response to a reasonable search

26  and as relevant to the accused functionality in this action.

27

28

**REQUEST FOR PRODUCTION NO. 5:**

A copy of each version of an Android-based YouTube Android app provided with any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "Android-based" is vague and ambiguous. Google further objects to this Request to the extent that the term "provided with" is vague and ambiguous. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent that this Request seeks information not within Google's possession, custody or control.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of each version of an Android-based Google Play or Google Market Android app provided with any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "Android-based" is vague and ambiguous. Google further objects to this Request to the extent that the term "provided with" is vague and ambiguous. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent that this Request seeks information not within Google's possession, custody or control.

CASE NO. 12-CV-00630-LHK

RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE TO SUBPOENA TO PRODUCE DOCUMENTS FROM APPLE

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "any and all differences" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "Android mobile platform" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "Android 4.1 Jelly Bean code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html" is vague and ambiguous.  Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control.  Google further objects on the grounds that this Request seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the corresponding Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2          Google incorporates by reference its General Objections as though fully set forth herein.

3    Google further objects to this Request on the grounds that the term "any and all differences" is

4    vague and ambiguous.  Google further objects to this Request on the grounds that the term

5    "Android mobile platform" is vague and ambiguous.  Google further objects to this Request on the

6    grounds that the term "Android code publicly available from

7    https://android.googlesource.com/platform/manifest, or through the process described at

8    http://source.android.com/source/downloading.html" is vague and ambiguous.  Google further

9    objects on the grounds that this Request seeks information that is neither relevant to any claims or

10   defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

11   Google further objects on the grounds that this Request is overly broad, unduly burdensome,

12   oppressive, and duplicative.  Google further objects on the grounds that this Request seeks

13   information not within Google's possession, custody or control.  Google further objects on the

14   grounds that this Request seeks information already in Apple's possession or available to Apple

15   from other sources that are more convenient, less burdensome or less expensive, including

16   information available to Apple from Samsung or public sources.

17   **REQUEST FOR PRODUCTION NO. 9:**

18         All documents that comprise, refer, or relate to communications between you and Samsung
     relating to Android, including but not limited to the version of the Android mobile platform as
19   used in each of the Accused Products.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

21         Google incorporates by reference its General Objections as though fully set forth herein.

22   Google further objects to this Request on the grounds that the term "Android mobile platform as

23   used in each of the Accused Products" is vague and ambiguous.  Google further objects on the

24   grounds that this Request seeks information that is neither relevant to any claims or defenses in

25   this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google

26   further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive,

27   and duplicative.  Google further objects on the grounds that this Request seeks information not

28   within Google's possession, custody or control.  Google further objects on the grounds that this

1  Request seeks information protected from disclosure by the attorney-client privilege, the attorney

2  work product doctrine, or any other applicable privilege or immunity, including but not limited to

3  the common interest or joint defense privileges.  Google further objects on the grounds that this

4  Request calls for legal conclusions.  Google further objects on the grounds that this Request seeks

5  information already in Apple's possession or available to Apple from other sources that are more

6  convenient, less burdensome or less expensive, including information available to Apple from

7  Samsung or public sources.

8  **REQUEST FOR PRODUCTION NO. 10:**

9
10  All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

12  Google incorporates by reference its General Objections as though fully set forth herein.

13  Google further objects on the grounds that this Request seeks information that is neither relevant

14  to any claims or defenses in this action nor reasonably calculated to lead to the discovery of

15  admissible evidence.  Google further objects on the grounds that this Request is overly broad,

16  unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this

17  Request seeks information not within Google's possession, custody or control.  Google further

18  objects on the grounds that this Request seeks information protected from disclosure by the

19  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

20  immunity, including but not limited to the common interest or joint defense privileges.  Google

21  further objects on the grounds that this Request calls for legal conclusions.  Google further objects

22  on the grounds that this Request seeks information already in Apple's possession or available to

23  Apple from other sources that are more convenient, less burdensome or less expensive, including

24  information available to Apple from Samsung or public sources.

25  **REQUEST FOR PRODUCTION NO. 11:**

26
27
28  All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects to this Request to the extent that the term "used in any Accused Product" is vague and ambiguous. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent that this Request seeks information not within Google's possession, custody or control. Google further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects to the extent that this Request calls for legal conclusions. Google further objects to the extent that this Request seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 12:**

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request to the extent that the term "implementation in Android" is vague and ambiguous. Google further objects to this Request to the extent that the term "Slide to

1  Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call

2  Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous.

3  Google further objects to the extent that this Request seeks information that is neither relevant to

4  any claims or defenses in this action nor reasonably calculated to lead to the discovery of

5  admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

6  burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

7  seeks information not within Google's possession, custody or control.  Google further objects to

8  the extent that this Request seeks information protected from disclosure by the attorney-client

9  privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

10  including but not limited to the common interest or joint defense privileges.  Google further

11  objects to the extent that this Request calls for legal conclusions.  Google further objects to the

12  extent that this Request seeks information already in Apple's possession or available to Apple

13  from other sources that are more convenient, less burdensome or less expensive, including

14  information available to Apple from Samsung or public sources.

15       Subject to and without waiver of its general and specific objections, Google will produce

16  non-privileged documents responsive to this Request, located in response to a reasonable search

17  and as relevant to the accused functionality in this action.

18  **REQUEST FOR PRODUCTION NO. 13:**

19       Documents related to the design of, development of, implementation of, and/or decision to
    implement in any version of Android the Slide to Unlock, Text Correction, Unified Search,
20  Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization
    software, features, or functionality.
21
    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**
22
         Google incorporates by reference its General Objections as though fully set forth herein.
23
    Google further objects to this Request to the extent that the term "Slide to Unlock, Text
24
    Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,
25
    and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google
26
    further objects to the extent that this Request seeks information that is neither relevant to any
27
    claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible
28

1   evidence.  Google further objects to the extent that this Request is overly broad, unduly

2   burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

3   seeks information not within Google's possession, custody or control.  Google further objects to

4   the extent that this Request seeks information protected from disclosure by the attorney-client

5   privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

6   including but not limited to the common interest or joint defense privileges.  Google further

7   objects to the extent that this Request calls for legal conclusions.  Google further objects to the

8   extent that this Request seeks information already in Apple's possession or available to Apple

9   from other sources that are more convenient, less burdensome or less expensive, including

10  information available to Apple from Samsung or public sources.

11         Subject to and without waiver of its general and specific objections, Google will produce

12  non-privileged documents responsive to this Request, located in response to a reasonable search

13  and as relevant to the accused functionality in this action.

14  **REQUEST FOR PRODUCTION NO. 14:**

15         All documents relating to any efforts or attempts, including the analysis and decision-
    making to engage in such efforts or attempts, to design around or otherwise imitate without
16  directly copying Apple's products that incorporate any version of the iOS operating system as well
    as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists,
17  Alternative Call Return, and/or Data Synchronization software, features, or functionality.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19         Google incorporates by reference its General Objections as though fully set forth herein.

20  Google further objects to this Request on the grounds that the term "any efforts or attempts,

21  including the analysis and decision-making to engage in such efforts or attempts" is vague and

22  ambiguous.  Google further objects to this Request on the grounds that the term "design around or

23  otherwise imitate without directly copying" is vague and ambiguous.  Google further objects to

24  this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search,

25  Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization

26  software, features, or functionality" is vague and ambiguous.  Google further objects on the

27  grounds that this Request seeks information that is neither relevant to any claims or defenses in

28  this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google

-16-

1   further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive,

2   and duplicative.  Google further objects on the grounds that this Request seeks information not

3   within Google's possession, custody or control.  Google further objects on the grounds that this

4   Request seeks information protected from disclosure by the attorney-client privilege, the attorney

5   work product doctrine, or any other applicable privilege or immunity, including but not limited to

6   the common interest or joint defense privileges.  Google further objects on the grounds that this

7   Request calls for legal conclusions.  Google further objects on the grounds that this Request seeks

8   information already in Apple's possession or available to Apple from other sources that are more

9   convenient, less burdensome or less expensive, including information available to Apple from

10  Samsung or public sources.

11  **REQUEST FOR PRODUCTION NO. 15:**

12          All documents relating to any analysis, review, consideration, evaluation, inspection, tear-
    down report, or copying of any Apple product, including but not limited to Apple's products that
13  incorporate any version of the iOS operating system as well as the Slide to Unlock, Text
    Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and
14  Data Synchronization software, features, or functionality.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

16          Google incorporates by reference its General Objections as though fully set forth herein.

17  Google further objects to this Request on the grounds that the term "any analysis, review,

18  consideration, evaluation, inspection, tear-down report, or copying" is vague and ambiguous.

19  Google further objects to this Request on the grounds that the term "Slide to Unlock, Text

20  Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,

21  and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google

22  further objects on the grounds that this Request seeks information that is neither relevant to any

23  claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible

24  evidence.  Google further objects on the grounds that this Request is overly broad, unduly

25  burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request

26  seeks information not within Google's possession, custody or control.  Google further objects on

27  the grounds that this Request seeks information protected from disclosure by the attorney-client

28  privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

1  including but not limited to the common interest or joint defense privileges.  Google further

2  objects on the grounds that this Request calls for legal conclusions.  Google further objects on the

3  grounds that this Request seeks information already in Apple's possession or available to Apple

4  from other sources that are more convenient, less burdensome or less expensive, including

5  information available to Apple from Samsung or public sources.

6  **REQUEST FOR PRODUCTION NO. 16:**

7          All documents constituting, reflecting, or otherwise relating to any analysis, review,
   research, survey, consideration, or evaluation of the importance to consumers and consumer
8  purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection,
   Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile
9  device.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11         Google incorporates by reference its General Objections as though fully set forth herein.

12 Google further objects to this Request to the extent that the term "constituting, reflecting, or

13 otherwise relating to any analysis, review, research, survey, consideration, or evaluation" is vague

14 and ambiguous.  Google further objects to this Request to the extent that the term "the importance

15 to consumers and consumer purchasing decisions" is vague and ambiguous.  Google further

16 objects to this Request to the extent that the term "Slide to Unlock, Text Correction, Unified

17 Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data

18 Synchronization" is vague and ambiguous.  Google further objects to this Request to the extent

19 that the term "on a phone or other mobile device" is vague and ambiguous.  Google further objects

20 to the extent that this Request seeks information that is neither relevant to any claims or defenses

21 in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google

22 further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and

23 duplicative.  Google further objects to the extent that this Request seeks information not within

24 Google's possession, custody or control.  Google further objects to the extent that this Request

25 seeks information protected from disclosure by the attorney-client privilege, the attorney work

26 product doctrine, or any other applicable privilege or immunity, including but not limited to the

27 common interest or joint defense privileges.  Google further objects to the extent that this Request

28 calls for legal conclusions.  Google further objects to the extent that this Request seeks

information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 17:**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "the importance to consumers and consumer purchasing decisions" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "the ability or capability to search the Internet on a phone or other mobile device" is vague and ambiguous.  Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects on the grounds that this Request calls for legal conclusions.  Google further objects on the grounds that this Request seeks information already in Apple's possession or available to Apple from other sources that are more

1  convenient, less burdensome or less expensive, including information available to Apple from

2  Samsung or public sources.

3  **REQUEST FOR PRODUCTION NO. 18:**

4          All documents related to the '604 Reexamination Request.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

6          Google incorporates by reference its General Objections as though fully set forth herein.

7  Google further objects to the extent that this Request seeks information that is neither relevant to

8  any claims or defenses in this action nor reasonably calculated to lead to the discovery of

9  admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

10 burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

11 seeks information protected from disclosure by the attorney-client privilege, the attorney work

12 product doctrine, or any other applicable privilege or immunity, including but not limited to the

13 common interest or joint defense privileges.

14         Subject to and without waiver of its general and specific objections, Google will produce

15 non-privileged documents responsive to this Request, located in response to a reasonable search

16 and as relevant to the accused functionality in this action.

17 **REQUEST FOR PRODUCTION NO. 19:**

18         All documents related to communications between Google and any other party related to
   the '604 Reexamination Request.
19

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

21         Google incorporates by reference its General Objections as though fully set forth herein.

22 Google further objects to the extent that this Request seeks information that is neither relevant to

23 any claims or defenses in this action nor reasonably calculated to lead to the discovery of

24 admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

25 burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

26 seeks information protected from disclosure by the attorney-client privilege, the attorney work

27 product doctrine, or any other applicable privilege or immunity, including but not limited to the

28 common interest or joint defense privileges.  Google further objects to the extent that this Request

1   seeks information already in Apple's possession or available to Apple from other sources that are

2   more convenient, less burdensome or less expensive, including information available to Apple

3   from Samsung or public sources.

4           Subject to and without waiver of its general and specific objections, Google will produce

5   non-privileged documents responsive to this Request, located in response to a reasonable search

6   and as relevant to the accused functionality in this action.

7   **REQUEST FOR PRODUCTION NO. 20:**

8           All documents related to communications between Motorola Mobility, LLC and any other
    party related to the '604 Reexamination Request.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

10          Google incorporates by reference its General Objections as though fully set forth herein.

11  Google further objects to the extent that this Request seeks information that is neither relevant to

12  any claims or defenses in this action nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

14  burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

15  seeks information protected from disclosure by the attorney-client privilege, the attorney work

16  product doctrine, or any other applicable privilege or immunity, including but not limited to the

17  common interest or joint defense privileges.  Google further objects to the extent that this Request

18  seeks information already in Apple's possession or available to Apple from other sources that are

19  more convenient, less burdensome or less expensive, including information available to Apple

20  from Samsung or public sources.

21          Subject to and without waiver of its general and specific objections, Google will produce

22  non-privileged documents responsive to this Request, located in response to a reasonable search

23  and as relevant to the accused functionality in this action.

24  **REQUEST FOR PRODUCTION NO. 21:**

25          All documents related to communications between Motorola Mobility, LLC and any

26  Samsung entity related to the '604 Reexamination Request.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2    Google incorporates by reference its General Objections as though fully set forth herein.

3  Google further objects to the extent that this Request seeks information that is neither relevant to

4  any claims or defenses in this action nor reasonably calculated to lead to the discovery of

5  admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

6  burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

7  seeks information protected from disclosure by the attorney-client privilege, the attorney work

8  product doctrine, or any other applicable privilege or immunity, including but not limited to the

9  common interest or joint defense privileges.  Google further objects to the extent that this Request

10  seeks information already in Apple's possession or available to Apple from other sources that are

11  more convenient, less burdensome or less expensive, including information available to Apple

12  from Samsung or public sources.

13    Subject to and without waiver of its general and specific objections, Google will produce

14  non-privileged documents responsive to this Request, located in response to a reasonable search

15  and as relevant to the accused functionality in this action.

16  **REQUEST FOR PRODUCTION NO. 22:**

17    All documents related to the source of the references cited in the '604 Reexamination
18  Request.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

19    Google incorporates by reference its General Objections as though fully set forth herein.

20  Google further objects to the extent that this Request seeks information that is neither relevant to

21  any claims or defenses in this action nor reasonably calculated to lead to the discovery of

22  admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly

23  burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request

24  seeks information protected from disclosure by the attorney-client privilege, the attorney work

25  product doctrine, or any other applicable privilege or immunity, including but not limited to the

26  common interest or joint defense privileges.

27

28

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 23:**

All documents related to any financial support provided to Motorola Mobility, LLC from Google, Samsung or any other party related to the '604 Reexamination Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "financial support provided" is vague and ambiguous. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects on the grounds that this Request, to the extent it is not objectionable, is entirely duplicative of Request Nos. 19-22. Google will respond to Request Nos. 19-22.

**REQUEST FOR PRODUCTION NO. 24:**

All documents related to communications between King & Spalding and Quinn Emanuel Urquhart & Sullivan, LLP in your possession, custody or control related to the Patents-in-Suit, including, but not limited to, documents related to communications regarding the '604 Reexamination Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or

joint defense privileges.  Google further objects on the grounds that this Request, to the extent it is not objectionable, is entirely duplicative of Request Nos. 19-22.  Google will respond to Request Nos. 19-22.

**REQUEST FOR PRODUCTION NO. 25:**

All documents related to communications between you and Quinn Emanuel Urquhart & Sullivan related to the '604 Reexamination Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects on the grounds that this Request, to the extent it is not objectionable, is entirely duplicative of Request Nos. 19-22.  Google will respond to Request Nos. 19-22.

**REQUEST FOR PRODUCTION NO. 26:**

All documents related to the Declaration of Ray Larson Under 37 C.F.R. § 1.132 and MPEP 2618(II) filed in connection with the '604 Reexamination Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 27:**

All documents related to communications between you and Dr. Ray Larson related to U.S. Patent No. 8,086,604.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to the extent that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to the extent that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to the extent that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

Subject to and without waiver of its general and specific objections, Google will produce non-privileged documents responsive to this Request, located in response to a reasonable search and as relevant to the accused functionality in this action.

**REQUEST FOR PRODUCTION NO. 28:**

All documents related to communications between you and Samsung related to the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

1    **REQUEST FOR PRODUCTION NO. 29:**

2         All documents relating to the litigation between Apple and Samsung, entitled *Apple Inc. v.*
3    *Samsung Electronics Co., Ltd., et al.* (12-CV-0630), including, but not limited to, communications
between you and any third party related to the preliminary injunction issued in that case, the '604
4    Patent, Unified Search, the Quick Search Box or any design changes to attempt to design-around
the '604 Patent proposed by you.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

6         Google incorporates by reference its General Objections as though fully set forth herein.

7    Google further objects on the grounds that this Request seeks information that is neither relevant

8    to any claims or defenses in this action nor reasonably calculated to lead to the discovery of

9    admissible evidence.  Google further objects on the grounds that this Request is overly broad,

10   unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this

11   Request seeks information protected from disclosure by the attorney-client privilege, the attorney

12   work product doctrine, or any other applicable privilege or immunity, including but not limited to

13   the common interest or joint defense privileges.

14   **REQUEST FOR PRODUCTION NO. 30:**

15        All documents related to communications between you and Samsung related to Slide to
Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call
16   Return, and/or Data Synchronization software, features, or functionality.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

18        Google incorporates by reference its General Objections as though fully set forth herein.

19   Google further objects to this Request on the grounds that the term "Slide to Unlock, Text

20   Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,

21   and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google

22   further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive,

23   and duplicative.  Google further objects on the grounds that this Request seeks information

24   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

25   any other applicable privilege or immunity, including but not limited to the common interest or

26   joint defense privileges.

27   **REQUEST FOR PRODUCTION NO. 31:**

28        All documents relating to any of the Patents-in-Suit.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

2        Google incorporates by reference its General Objections as though fully set forth herein.

3    Google further objects on the grounds that this Request seeks information that is neither relevant

4    to any claims or defenses in this action nor reasonably calculated to lead to the discovery of

5    admissible evidence.  Google further objects on the grounds that this Request is overly broad,

6    unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this

7    Request seeks information protected from disclosure by the attorney-client privilege, the attorney

8    work product doctrine, or any other applicable privilege or immunity, including but not limited to

9    the common interest or joint defense privileges.

10   **REQUEST FOR PRODUCTION NO. 32:**

11       All documents relating to when you first became aware of any of the Patents-in-Suit.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

13       Google incorporates by reference its General Objections as though fully set forth herein.

14   Google further objects on the grounds that this Request seeks information that is neither relevant

15   to any claims or defenses in this action nor reasonably calculated to lead to the discovery of

16   admissible evidence.  Google further objects on the grounds that this Request is overly broad,

17   unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this

18   Request seeks information protected from disclosure by the attorney-client privilege, the attorney

19   work product doctrine, or any other applicable privilege or immunity, including but not limited to

20   the common interest or joint defense privileges.

21   **REQUEST FOR PRODUCTION NO. 33:**

22       All documents relating to any patents or patent applications related to any of the Patents-
23   in-Suit, including continuations, divisionals, continuation-in-parts, parents, grandparents, or any
     other patent sharing a common family member to one of the Patents-in-Suit.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

25       Google incorporates by reference its General Objections as though fully set forth herein.

26   Google further objects on the grounds that this Request seeks information that is neither relevant

27   to any claims or defenses in this action nor reasonably calculated to lead to the discovery of

28   admissible evidence.  Google further objects on the grounds that this Request is overly broad,

unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects on the grounds that this Request seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

**REQUEST FOR PRODUCTION NO. 34:**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "utilization of any Apple product" is vague and ambiguous.  Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 35:**

All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Request on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Request seeks information not within Google's possession, custody or control. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 36:**

All documents related to meetings, communications and negotiations between Shin Jong-kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Mr. Shin and Mr. Schmidt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 37:**

All documents prepared by you in preparation for the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

**REQUEST FOR PRODUCTION NO. 38:**

All documents received from Samsung related to the planning, coordination, agenda, timing, topics of discussion, or rescheduling of the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Request seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Request is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege, the attorney

work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.

DATED:  October 15, 2012                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP


                                            */s Matthew S. Warren*
                                            Amy H. Candido
                                            Matthew S. Warren
                                            Quinn Emanuel Urquhart & Sullivan, LLP
                                            50 California Street, 22nd Floor
                                            San Francisco, California 94111
                                            (415) 875-6600
                                            (415) 875-6700 facsimile

                                            *Counsel for Google Inc.*

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is 50 California Street, 22nd Floor, San Francisco, California, 94111-4788.  On October 15, 2012, I served true copies of the following document described as:

**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO PRODUCE DOCUMENTS SERVED BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.**

on the following parties in this action:

**Counsel for Apple Inc.:**

Josh A. Krevitt
H. Mark Lyon
Gibson, Dull & Crutcher LLP
1881 Page Mill Road
Palo Alto, California 94304
Apple/Samsung@gibsondunn.com

**Counsel for Samsung Electronics Co., Ltd.:**

Charles K. Verhoeven
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
(415) 875-6600
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

Kevin P.B. Johnson
Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

William C. Price
Patrick M. Shields
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
(213) 443-3000
williamprice@quinnemanuel.com
patrickshields@quinnemanuel.com

John Caracappa (pro hac vice)
Steptoe & Johnson, LLP
1330 Connecticut Avenue NW
Washington, D.C.  20036
(202) 429-6267
jcaracappa@steptoe.com

**BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart &

Sullivan, LLP for collecting and processing correspondence for mailing with the United States

Postal Service.  Under that practice, it would be deposited with the United States Postal Service

that same day in the ordinary course of business.  At my direction, the foregoing was enclosed in

sealed envelopes addressed as above, and such envelopes were placed for collection and mailing

with postage thereon fully prepaid at San Francisco, California, on that same day following

ordinary business practices.

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from

jeffnardinelli@quinnemanuel.com on October 15, 2012, by transmitting a PDF format copy of the

document to each such person at the email address listed below their address.  The document was

transmitted by electronic transmission and such transmission was reported as complete and

without error.

     I am employed in the office and under the supervision of a member of the bar of this Court

at whose direction service was made.

     Executed on October 15, 2012, at San Francisco, California.


                                    */s Jeff Nardinelli*
                                    Jeff Nardinelli

# EXHIBIT 3

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

November 5, 2012

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:     Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Counsel:

I write in response to Google's Responses and Objections to Apple's Subpoena to Testify at a Deposition and Google's Responses and Objections to Apple's Subpoena to Produce Documents, both dated October 15, 2012.  As explained for each of the particular topics and issues below, Google has improperly sought to withhold highly relevant Rule 30(b)(6) deposition testimony and unjustifiably limit its document production.

**Global Issues**

In its responses, Google makes numerous boilerplate objections asserting, without explanation, objections based on privilege, vagueness and ambiguity, third party confidential information, and others.  With respect to any documents Google has refused to produce on the basis of privilege or discovery immunity, please confirm that Google will log each withheld document.  To the extent Google is withholding documents based on alleged vagueness and ambiguity, specifically identify each term or phrase at issue, along with a detailed reason explaining any purported vagueness or ambiguity.  Finally, please confirm that to the extent such obligations exist Google has obtained or will obtain any necessary approvals or consents from third parties in order to produce documents necessary to comply with its discovery obligations in this case.

**Google's "Accused Functionality" Limitation to Deposition Topics 4, 6, 7 and 10 and Document 11-13 and 16.**

Many of the requests in Apple's Subpoena ask for information related to certain features of the accused products at issue in this case, see Request Nos. 2, 11-16, 30, 34, 35; Deposition Topic Nos. 4, 6-10, 12, and Apple provided specific definitions for these features in its subpoenas.  See Attachment A to Apple's Subpoena to Google to Produce Documents, Information, or Objects, ¶¶ 8-14; Attachment 1 to Apple's Subpoena to Google to Testify at

**GIBSON DUNN**

November 5, 2012
Page 2

a Deposition in a Civil Action, ¶¶ 8-15 (defining "Slide to Unlock," "Text Correction," "Unified Search," "Special Text Detection," "Historical Lists," "Alternative Call Return," and "Data Synchronization").  But in its response, Google objects to these defined terms as vague and qualifies the documents and deposition testimony it agrees to provide, stating that it will only provide information "as relevant to the accused functionality."  *See* Request Nos. 11-13, 16; Deposition Topic Nos. 4, 6, 7, 10.

The problem with this approach is that Google offers no explanation of the difference in scope, if any, between what it refers to as "the accused functionality" and the scope of Apple's requests.  Since the definitions in Apple's subpoenas already place an appropriate limit on these requests, and Google provides no explanation to the contrary, Apple will assume that Google has agreed to provide responsive information consistent with the full scope of Apple's express definitions.

If however, Google is trying to limit the scope of its response in some yet unexplained way, it is incumbent on Google to explain its proposed limitation for each of the identified Topics and Requests so that we might have a meaningful meet and confer to resolve any dispute on this issue.

## Deposition Topic 1

This Topic relates to documents and source code produced by Google in response to Apple's concurrently-served Subpoena to Produce Documents ("Document Subpoena").  Google objects on several grounds and apparently refuses to produce a witness for this Topic.

Google has already agreed to produce responsive documents to many of the requests in Apple's Document Subpoena, thus it cannot be said that Google fails to understand the scope of this deposition topic at least as it relates to those requests.  As it stands now, however, Google's objection to Topic 1 can be interpreted as a blanket refusal to provide a witness to testify on *any* of the documents it may produce in response to Apple's Document Subpoena.  That position is, quite obviously, improper and unsustainable.

Accordingly, please confirm that Google will provide deposition testimony on at least those documents Google has agreed to produce to Apple; and provide a more specific explanation of Google's objection to this Topic such that we might engage in a meaningful meet and confer dialogue on this issue.

**GIBSON DUNN**

November 5, 2012
Page 3

**Deposition Topic 2**

This Topic relates to the Android mobile platforms used in any of the Accused Products. Google has agreed to produce a witness to testify on this topic, but unjustifiably limits it to only "the accused functionality."

First, it is not clear what Google means by the phrase "the accused functionality." As explained above, Apple understands Google's use of that phrase to include at least the Accused Features as defined in paragraphs 8-15 of Apple's subpoena. Such testimony is, of course, highly relevant to and discoverable in this case. Please confirm that Google has agreed to provide testimony regarding the Android mobile platforms (including any source code) used in any of the Accused Products as it relates to the full scope of these Accused Features.

Second, and in addition, Apple is entitled to testimony regarding the overall Android mobile platforms used in the Accused Products. Such information is reasonably calculated to lead to the discovery of admissible evidence regarding a variety of issues in this case, including without limitation issues relating to the value of the patented invention in comparison to the whole product and demand for unpatented features versus demand for the patented one.

Please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this Topic as explained in both the first and second items above. If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 3**

This Topic relates to the differences between the various versions of the Android source code provided by Google to Samsung for use in the Accused Products and the versions of Android that are publicly available at the cited internet locations. Google objects on several grounds and apparently refuses to provide a witness for this Topic.

The basis for Google's objections is unclear. This topic's scope is straightforward and is plainly relevant to identify the versions of Android actually installed in Samsung products and to discover any material difference between the publicly-available versions and the ones used on the Accused Products, which Samsung might rely upon as a basis to advance its positions in this case. As the creator and provider of the Android platform, Google is in a far better position to identify and speak to any differences between the code provided to Samsung and the code that is publicly available. Indeed, Judge Grewal ruled in his May 4, 2012, Order Granting-in-Part Apple's Motions to Compel (D.I. 164) that Google must provide information related to any such differences.

**GIBSON DUNN**

November 5, 2012
Page 4

Please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this Topic.   If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 5**

This Topic relates to communications between Samsung and Google regarding Apple's products incorporating any version of the iOS operating system.  Google objects on several grounds and apparently refuses to provide a witness for this Topic.

Communications between Google and Samsung concerning Apple products, particularly those relating to any attempts to analyze, copy, imitate, design around, or tear down Apple products are calculated to lead to the discovery of admissible evidence regarding at least the willfulness allegations in this case, as well as several *Georgia Pacific* factors, such as the value of the invention, its commercial success and current popularity.  Such communications may also be relevant to considerations of non-obviousness, such as industry acceptance, copying, and praise.  Moreover, the topic does not seek all testimony regarding all communications between Google and Samsung, but rather only those "relating to Apple." Accordingly, Google's objections based on relevance, breadth and burden are without merit.

Google's other objections are likewise unfounded.  There is no legitimate argument that "Communications between *you* and Samsung . . ." are not within Google's possession, custody or control.  To the extent Google thinks privilege attaches to a particular communication or communications between these two separate companies (a position Apple disputes) it may say so during the deposition.  In any event, none of these objections support Google's wholesale refusal to provide a witness on this topic.

Please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this Topic.   If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 8**

This Topic relates to efforts or attempts to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system. Google objects on several grounds and apparently refuses to provide a witness for this Topic.

Any attempts to analyze, copy, imitate, or design around Apple products are calculated to lead to the discovery of admissible evidence regarding at least the willfulness allegations in this case, as well as several *Georgia Pacific* factors, such as the value of the invention, its commercial success and current popularity.  Such information may also be relevant to

**GIBSON DUNN**

November 5, 2012
Page 5

considerations of non-obviousness, such as industry acceptance, copying, and praise. Moreover, the topic does not seek all testimony regarding all efforts, but rather only those relating to Apple's products that incorporate iOS as well as the particular defined features set forward in the Topic.  Accordingly, Google's objections based on relevance, breadth and burden are without merit.

Google's other objections are likewise no basis to refuse deposition on this Topic.  To the extent Google thinks privilege attaches to any efforts to design around or otherwise imitate (a position Apple disputes) it may say so during the deposition. Nor are Google's unfounded assertions that information regarding its efforts to imitate or design around Apple's products is "already in Apples' possession" or available "from other sources" a proper basis to withhold relevant testimony regarding responsive information known to Google.

Please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this Topic.   If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

## Deposition Topic 9

This Topic relates to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product that incorporates any version of the iOS operating system.  Google objects on several grounds and apparently refuses to provide a witness for this Topic.

The deposition testimony sought in response to Topic 9 is calculated to lead to the discovery of admissible evidence regarding at least the willfulness allegations in this case, as well as several *Georgia Pacific* factors, such as the value of the invention, its commercial success and current popularity.  Similarly to Topic 8, this information may also be relevant to considerations of non-obviousness, such as industry acceptance, copying, and praise. Moreover, the topic does not seek all testimony regarding all analyses, reviews, evaluations, etc., but rather only those relating to Apple's products that incorporate iOS as well as the particular defined features set forward in the Topic.  Accordingly, Google's objections based on relevance, breadth and burden are without merit.

Google's other objections are likewise unfounded.  To the extent Google thinks privilege attaches to any efforts to design around or otherwise imitate (a position Apple disputes) it may say so during the deposition.  In any event, none of these objections support Google's wholesale refusal to provide a witness on this topic.  Nor are Google's unfounded assertions that information regarding its efforts to imitate or design around Apple's products is "already in Apples' possession" or available "from other sources" a proper basis to withhold relevant testimony regarding responsive information known to Google.

**GIBSON DUNN**

November 5, 2012
Page 6

Please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this topic.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 11**

This topic relates to the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.  Google again refuses to provide a witness to testify about this topic.

The consumer and general market demand for the ability to search the Internet on a mobile device is reasonably calculated to lead to admissible evidence regarding several issues in this lawsuit, including, *e.g.*, damages and the value of the invention.  To the extent Google has information, such as market research or surveys, regarding the importance consumers place on the ability to search the Internet on a phone or mobile device—testimony regarding such is responsive to this topic.  Likewise, any statements Google has made in internal presentations/memorandums or public statements regarding the same are also responsive, non-privileged and discoverable here.

If it is Google's position that it is entirely unaware of any analysis, surveys, market research, etc. regarding the consumer purchasing decisions as they relate to the ability or capability to search the Internet on a phone or mobile device—a position that, given the nature of Google's business, seems highly suspect—please so state.  Otherwise, please confirm that Google will provide Rule 30(b)(6) testimony consistent with the full scope of this topic.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 12**

Topic 12 is straightforward and asks for testimony regarding the revenue, profits and costs associated with any of the Accused Features.  Google objects on several grounds and again refuses to provide a witness for this topic.

Google's objections are without merit.  This topic is narrowly-tailored to discover financial information relating to the damages issues in this case.  Moreover, there is no legitimate basis for Google's objection that testimony regarding financial information is privileged.

To the extent Google claims that it has no knowledge of such financial information at the requested level of granularity, please so state and explain the extent to which Google tracks revenue, profits and costs associated in any way with features of the Android mobile

**GIBSON DUNN**

November 5, 2012
Page 7

platform so that we might engage in a meaningful meet and confer dialogue to resolve as much of this dispute as we can without having to involve the Court.

**Deposition Topics 13 and 14**

These topics relate to the Inter Partes Reexamination Request of U.S. Patent No. 8,086,604. With regard to Topic 13, Google appears to limit testimony to "the accused functionality in this action." It is unclear how such a restriction would apply to this particular topic. This reexamination request was filed by Motorola Mobility, LLC, a Google-owned company, and applies to one of the patents at issue in this lawsuit. Thus, the reexamination request relates to the validity of the '604 Patent. Google's attempt to limit the scope of its response to only what it regards as "the accused functionality" is both vague and inapplicable in this context.

With regard to Topic 14, Google apparently contends that any and all conversations it or its counsel has had with Samsung regarding this reexamination request are privileged. First, privilege does not attach to any technical communications between non-attorneys at two discrete, unrelated corporations and Apple is entitled to testimony regarding such. Second, Google fails to articulate its position that any privilege relating to legal advice or work product, which may have occurred, between these two separate companies is not waived by the sharing of it. Accordingly, Google's privilege claim over such communications is suspect.

Accordingly, please confirm that Google will: (1) provide Rule 30(b)(6) testimony at least as to the scope of this topic it does not assert is privileged; and (2) either articulate a proper basis for its assertion of privilege or withdraw the same. If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

**Deposition Topic 15**

This topic relates to the September 27, 2012 meeting in Seoul, Korea, between Shin Jong-kyun of Samsung and Eric Schmidt of Google. Google refuses to provide a witness to testify on this Topic.

Information regarding the topics discussed at this meeting between Samsung and Google's top executive is reasonably calculated to lead to the discovery of admissible evidence regarding a variety of issues in this case, including damages, infringement, willfulness and issues related to indirect infringement such as intent. The possibility that issues other than those relating to Apple may have been discussed at this meeting is not a basis to refuse to provide discovery into discussions between these executives that clearly do bear on issues in this case. Moreover, the Topic is narrowly tailored to discover information regarding a

**GIBSON DUNN**

November 5, 2012
Page 8

discrete event, involving particular named individuals, on a specific date.  There is no basis for Google's assertion that such a Topic is overbroad, unduly burdensome, or oppressive.

Google also objects based on privilege, but similarly to Topic 14, it fails to articulate the basis for that position.  Indeed, to Apple's knowledge, the individuals listed in this Topic function as business executives—not lawyers.  Moreover, to the extent Samsung and Google are sharing legal advice or work product with the other, Google has failed to articulate why the sharing of such, between two separate companies, would not constitute a waiver of the same.  And even if that were not the case, any such privilege would not protect discussions between these executives regarding non-legal issues.  Nor would it bar discovery into facts necessary to explore Google's privilege assertions relating to discussions at this meeting.

Accordingly, please confirm that Google will: (1) provide Rule 30(b)(6) testimony at least as to the scope of this topic it does not assert is privileged; and (2) either articulate a proper basis for its assertion of privilege or withdraw the same.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Topic.

## Document Requests 1 and 3

Google has agreed to produce copies of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products, and copies of the platforms actually used, but only "as relevant to the accused functionality in this action."  It is unclear how, if at all, Google intends to limit its source code production per this response.

To properly understand this code it is important that Google provide complete copies of all files pertinent to features at issue in this case.  Redacting or altering any of those files would impermissibly impair a proper technical review of the same.  Likewise, withholding of certain files or portions of code based on the possibility that they may not relate to certain functionality, only to discover later that they had some bearing on the same, would unreasonably multiply the burden and expense of Apple's source code review.

Accordingly, please explain the precise limitations, if any, Google seeks to implement on the scope of the source code produced in response to Requests 1 and 3, such that Apple and Google might engage in a meaningful meet and confer dialogue on this issue.

## Document Request 2

This Request seeks copies of each mobile platform and/or application that includes any of the Accused Features as defined in the Document Subpoena.  Google refuses to produce that

**GIBSON DUNN**

November 5, 2012
Page 9

source code stating that it is entirely duplicative of the code it will produce in response to Requests 1 and 3.

The problem with Google's objection here is two-fold. First, as explained above, Google has sought to limit its source code production to only the "accused functionality"—but has failed to explain how, if at all, it proposes to limit that production. Second, this Request is already limited in scope to particular functionality as set forward in Apple's definitions in paragraphs 8-14 of the Document Subpoena. Google offers no explanation of the difference in scope, if any, between what it refers to as "the accused functionality" and the scope of Apple's Request per these express definitions. To the extent Google is attempting to limit its source code production to something less than what Apple has requested based on any of its objections here, it needs to provide a precise explanation of that source code it intends to withhold on that basis.

Accordingly, please confirm that Google will produce source code responsive to the full scope of Request 2. To the extent, Google intends to limit its source code production in some way, please explain the precise limitations, if any, Google seeks to implement such that Apple and Google might engage in a meaningful meet and confer dialogue on this issue.

**Document Requests 4, 5, and 6**

These Requests seek versions of Android-based Google Maps Android apps, YouTube apps, and Google Play or Google Market apps, respectively, provided with any of the Accused Products. Google again limits its response to documents "relevant to the accused functionality in this action," without further explanation of what, if any, responsive documents it seeks to withhold.

Google's response to these Requests suffers from the same problems identified above. *See, e.g.*, discussion of Requests 1-3 and Topics 4, 6, 7, and 10. Moreover, this "accused functionality" limitation makes no sense in the context of these requests, which are narrowly tailored and seek only copies of particular software applications for particular products. If Google intends to somehow alter or redact the copies of these applications it produces in response to these Requests, likely rendering them inoperable and unreviewable, please so state and provide a detailed explanation of Google's alleged justification for the same.

Please confirm that Google will produce a complete copy of each version responsive to Requests 4, 5, and 6. If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

**GIBSON DUNN**

November 5, 2012
Page 10

**Document Requests 7 and 8**

These requests seek documents sufficient to show the differences, if any, between the Android source code provided to Samsung and the publicly-available Android code.  Google objects on several grounds and apparently refuses to produce any responsive documents.

The same arguments discussed above with respect to Topic 3, apply with equal force here.  Google cannot refuse to produce documents responsive to these narrowly tailored requests, which merely seek documents "sufficient to show" the differences, if any, in the code provided to Samsung.  As the creator and developer of the Android platform, the requested documents are most certainly within Google's control, and Google is in the best position to provide any such responsive documents in its possession, custody or control.

Please confirm that Google will produce all responsive, non-privileged documents consistent with the full scope of these Requests.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

**Document Request 9**

This request seeks documents relating to communications between Google and Samsung regarding Android.  Google objects on several grounds and apparently refuses to produce any responsive documents.

Communications regarding the Android platform are reasonably calculated to lead to the discovery of admissible evidence regarding any of a multitude of issues in this case, including, without limitation, infringement (to the extent such communications may bear on the Accused Features), indirect infringement and willfulness (to the extent such communications evidence knowledge of Apple's patents and products and/or intent to implement functionality protected by the same) and damages (to the extent they may bear on the value of the invention, its commercial success and current popularity, and competition between the parties).  Such communications may also be relevant to considerations of non-obviousness, such as industry acceptance, copying, and praise.  Moreover, the Request is appropriately limited in scope to only those communications "relating to Android." Accordingly, Google's objections based on relevance, breadth and burden are without merit.

Google's other objections are likewise unfounded.  There is no legitimate argument that "communications between *you* and Samsung . . ." are not within Google's possession, custody or control.  To the extent Google thinks privilege attaches to a particular communication or communications between these two separate companies (a position Apple disputes) it may withhold particular documents and list them in its privilege log.  In any

**GIBSON DUNN**

November 5, 2012
Page 11

event, none of these objections support Google's wholesale refusal to produce documents responsive to this Request.

If Google contends that it is too burdensome to produce all such documents, please provide what Google believes is a reasonable approach to collect and produce documents in response to this Request.  At a minimum, Apple expects Google to be able to identify a reasonable subset of its employees most likely to be engaged in responsive communications with Samsung and produce documents from the same.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

**Document Request 10**

This Request seeks communications, and documents relating to any such communications, between Google and Samsung relating to Apple's products incorporating iOS.  Google apparently refuses to produce any documents in possession, custody or control that are responsive to this Request.

The same arguments discussed above with respect to Deposition Topic 5, apply with equal force here.  To the extent Google believes there may be some responsive communications that are irrelevant to the issues in this case, that is no basis to refuse to produce *any* of the communications between Google and Samsung relating to Apple's products incorporating iOS.

If Google contends that it is too burdensome to produce all such documents, please provide what Google believes is a reasonable approach to collect and produce documents in response to this Request.  At a minimum, Apple expects Google to be able to identify a reasonable subset of its employees most likely to be engaged in responsive communications with Samsung and produce documents from the same.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

**Document Requests 14 and 15**

These Requests seek documents relating to attempts to design around, imitate, analyze, evaluate, copy, etc. any Apple product, including certain specifically-defined functionality.  Google apparently refuses to produce any responsive documents in its possession, custody or control that are responsive to this Request.

The same arguments discussed above with respect to Deposition Topics 8 and 9, apply with equal force here.  If Google contends that it is too burdensome to produce all such documents regarding its attempts to analyze, imitate and copy Apple's products, please provide what Google believes is a reasonable approach to collect and produce documents in response to

**GIBSON DUNN**

November 5, 2012
Page 12

this Request.  At a minimum, Apple expects Google to be able to identify a reasonable subset of its employees most likely to be engaged in such activities and produce documents from the same.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

**Document Request 17**

This Request seeks documents relating to analysis of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.  Google apparently refuses to produce any responsive documents in its possession, custody or control that are responsive to this Request.

The same arguments discussed above with respect to Deposition Topic 11, apply with equal force here.  If Google contends that it is too burdensome to produce all such documents regarding its attempts to analyze, imitate and copy Apple's products, please provide what Google believes is a reasonable approach to collect and produce documents in response to this Request.  At a minimum, Apple expects Google to be able to identify a reasonable subset of its employees most likely to be engaged in such activities and produce documents from the same.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

**Document Requests 18-22**

These Requests seeks various documents related to the '604 Reexamination Request.  As explained above in the context of Deposition Topic 13, Google's agreement to produce documents in response to these Requests, but only "as relevant to the accused functionality in this action" is baseless in this context as discovery into all aspects of the '604 Reexamination Request is reasonably calculated to lead to the discovery of admissible evidence.  If Google intends to withhold information relating to the '604 Reexamination Request on the grounds that it is not relevant to what it regards as "the accused functionality," please explain what documents Google seeks to withhold with this qualification and explain, in detail, its position as to its legal basis for doing so.

**Document Request 23**

This Request seeks documents related to financial support Google may have provided to Motorola Mobility for the '604 Reexamination Request.  Such information is reasonably designed to lead to the discovery of admissible evidence, for example, to the extent it might bear on Google's bias in this case.  Nor is the amount of money Google may have paid to Motorola or others to support the 604 Reexamination Request privileged.

**GIBSON DUNN**

November 5, 2012
Page 13

Please confirm that Google will produce responsive, non-privileged documents consistent with the full scope of this Request.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

## Document Requests 24 and 25

These Requests seek documents related to communications between Google and various law firms relating to the '604 Reexamination Request.  Google refuses to any produce documents in its possession, custody or control responsive to these Requests.

To the extent Google claims that any document responsive to either of these Requests is privileged, please confirm that Google will produce a privilege log with an entry for each such document sufficient for Apple to identify the pertinent entries and Google's basis for the assertion of each such privilege. If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

## Document Requests 28-30

These Requests seek documents related to communications between Google and Samsung related to the Patents-in-Suit and certain specifically-defined technical features.  Google apparently refuses to any produce documents in its possession, custody or control responsive to these Requests.

Google's objections are unfounded.  First, they are clearly designed to lead to the discovery of admissible evidence and are not overbroad as they are expressly limited to only those communications relating to the patents-in-suit, or a particular set of technical features.  Moreover, to the extent Google thinks privilege attaches to a particular communication or communications between these two separate companies (a position Apple disputes) it may withhold particular documents and list them in its privilege log.  In any event, none of these objections support Google's wholesale refusal to produce documents responsive to these Requests.

Please confirm that Google will produce all responsive, non-privileged documents consistent with the full scope of these Requests and produce a privilege log with entries for any responsive documents withheld for privilege.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

## Document Requests 31-33

This Request seeks documents relating to any of the Patents-in-Suit, including when Google became aware of the Patents-in-Suit and documents relating to any family member of any of

**GIBSON DUNN**

November 5, 2012
Page 14

the Patents-in-Suit.  Google objects on several grounds and apparently refuses to produce any responsive documents.

Google's contention that these Requests are not reasonably calculated to lead to the discovery of admissible evidence is without merit.  The facts and circumstances surrounding Google's awareness and consideration of any Patents-in-Suit or any of their family members are calculated to lead to the discovery of admissible evidence regarding at least the willfulness and indirect infringement allegations in this case, as well as several *Georgia Pacific* factors, such as the value of the invention, its commercial success and current popularity.  Such communications may also be relevant to considerations of non-obviousness, such as industry acceptance, copying, and praise.  This information is especially relevant given the close working relationship and cooperative development between Google and Samsung of the Accused Products and components thereof.

Google's other objections are likewise unfounded.  The Request is specifically directed to documents relating to the Patents-in-Suit and can be located without any significant burden.  To the extent Google claims that any document responsive to either of these Requests is privileged, please confirm that Google will produce a privilege log with an entry for each such document sufficient for Apple to identify the pertinent entries and Google's basis for the assertion of each such privilege.

Please confirm that Google will produce all responsive, non-privileged documents consistent with the full scope of these Requests and produce a privilege log with entries for any responsive documents withheld for privilege.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

**Document Request 34**

This request seeks documents related to the utilization of any Apple product in the design, development or testing of products or software related to specifically-defined technical features.  Google objects and apparently refuses to produce any responsive documents in its possession, custody or control.

Whether Apple products were used in the design and development of any of the accused functionalities is at least relevant to damages issues, including several *Georgia Pacific* factors, such as the value of the invention, design-arounds, its commercial success and current popularity.  Such information is also relevant to considerations of non-obviousness, such as industry acceptance, copying, and praise.  Accordingly, Google's objections based on relevance, breadth and burden are without merit.

**GIBSON DUNN**

November 5, 2012
Page 15


Likewise, Google's claim that it does not understand what it means to "utiliz[e]" an Apple product is without merit.  This Request seeks documents relating to Google's use of Apple products to design, develop or test specific features of its own products and software.  This use would include any kind of reference to or consideration of an Apple product during the design, development, or testing of products or software related to the features identified in this Request.

Finally, it is difficult to see how documents relating to the design, development or testing of its products and software could properly be protected by privilege or work product, as Google asserts.  But, in any event, Google can log those documents it claims are protected by privilege.  Google's boilerplate privilege objection is not a proper basis to refuse to produce *any* documents in response to this Request.

Please confirm that Google will produce responsive, non-privileged documents consistent with the full scope of this Request.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

## Document Request 35

Documents evidencing the revenues, profits and costs associated with the software features identified in this Request are reasonably calculated to lead to the discovery of admissible evidence for similar reasons as is the information sought by Deposition Topic 12.  Such financial documents are not privileged.

If Google contends that it is too burdensome to produce all such documents, please provide what Google believes is a reasonable approach to collect and produce documents in response to this Request.  At a minimum, Apple expects Google to be able to produce documents sufficient to show the requested financial information.  To the extent Google contends that it does not have the requested information at the requested level of granularity, please explain how Google tracks revenues, profits and costs associated with its Android software so that Apple and Google may engage in meaningful meet and confer dialogue on this issue.

If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding this Request.

## Document Requests 36-38

These Requests seek documents relating to meetings and communications between Google's Eric Schmidt and Shin Jong-kyun, including the September 27, 2012 meeting between the two in Seoul, Korea.  Google objects and apparently refuses to produce any responsive documents in its possession, custody or control.

**GIBSON DUNN**

November 5, 2012
Page 16


As explained above with respect to Deposition Topic 15, information regarding this meeting is discoverable.  If Google contends that any of the documents responsive to these Requests is privileged it should produce a privilege log with an entry for each such document and articulate information sufficient for Apple to properly assess each of Google's privilege assertions.  As explained with respect to Topic 15, Apple has serious concerns regarding such privilege claims.  Moreover, privilege would not protect any documents relating to discussions between these executives regarding non-legal issues.

Please confirm that Google will produce all responsive, non-privileged documents consistent with the full scope of these Requests and produce a privilege log with entries for any responsive documents withheld for privilege.  If Google is unwilling to do so, provide dates on which Google is available for an in-person meet and confer regarding these Requests.

Regards,


*/s/ Michael A. Valek*

MAV/klc

# EXHIBIT 4

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

November 13, 2012

<u>VIA ELECTRONIC MAIL</u>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:    <u>Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)</u>

Dear Mr. Valek:

I write in response to your letter of November 5, regarding the responses and objections of non-party Google Inc. ("Google") to the subpoenas served on Google by plaintiff Apple Inc. ("Apple") on October 1, 2012 (the "Subpoenas").  We are reviewing your letter and preparing a full response, but in the meantime I wanted to point out one apparent misunderstanding.  In a few places, your letter seeks to raise issues regarding Google's production of highly confidential source code, and indicates that you are raising these issues in advance of our production.  But Google already produced highly confidential source code on May 7, May 9 and June 7, 2012, in response to Apple's previous subpoena.  Apple's source code reviewers visited this code and left without complaint.  Google later produced more highly confidential source code, as I noted in my letter of August 24, 2012.  Since our August 24 production, Apple's source code reviewers have not returned to Google's highly confidential review computers.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Michael A. Valek
November 13, 2012
Page 2


Before I respond to the portions of your letter regarding source code, can you confirm how you believe the production we have provided is lacking?  At a minimum, we would expect an Apple reviewer to review our August 24 production before Apple raises any additional issues regarding Google's production of highly confidential source code.

I look forward to your thoughts on these issues.  Thank you for your continued time and courtesy in this matter.

Very truly yours,

/s
Matthew S. Warren

# EXHIBIT 5

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

November 16, 2012

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:     Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Counsel:

I write in response to your letter dated November 13, 2012, regarding Google's production of
source code.

Thank you for your letter referring to production of source code Google made in response to
Apple's April 5, 2012 subpoena.  From our previous review of that code, and Google's letter
dated August 24, 2012, we understand that Google's production to date has been limited to
source code used on the Galaxy Nexus.

However, Apple's subpoena dated September 28, 2012, additionally requests the Android
source code Google provides for use on other Samsung products, specifically the:  Samsung
Galaxy S III – AT&T; Samsung Galaxy S III – Sprint; Samsung Galaxy S III – T-Mobile;
Galaxy S III – Verizon; Galaxy Note; Galaxy S II Skyrocket; Galaxy S II Epic 4G Touch;
Galaxy S II; Galaxy S II – T-Mobile;  Galaxy S II – AT&T;  Illusion; Captivate Glide;
Exhibit II 4G; Stratosphere; Transform Ultra; Admire; Conquer 4G; Dart Smartphones;
Galaxy Player 4.0 and Galaxy Player 5.0 media players; and Galaxy Note 10.1, Galaxy Tab
7.0 Plus and Galaxy Tab 8.9 tablets (the "Additional Devices").  If these products use the
same source code that Google previously provided for the Galaxy Nexus, then please so state
and further please provide a description of what portions of the already produced code have
been provided by Google to Samsung for use on the Additional Devices.  Otherwise we ask
that Google supplement its production to provide any source code for the Android platform
(including all versions, releases or builds) in Google's possession, custody, or control that is
or has been utilized by the Additional Devices or that has been provided to Samsung for use
on the Additional Devices.

In addition, Apple's subpoena seeks production of Google source code for certain
applications that run on the Accused Devices as defined in Apple's subpoena and which

**GIBSON DUNN**

November 16, 2012
Page 2

relate to the accused features and functionality at issue in this lawsuit.  *See, e.g.*, Request Nos. 2, 3, 4, 5 and 6.  Those applications include at least the:  YouTube app; Google Maps app; Gmail app; Google Play app; Google Market app; Browser app; Calendar app; Contacts app; Email app; Gallery app; Google Search Suggestions module for the Quick Search Box (including but not limited to the GoogleSuggestClient); Messaging app (including the app for SMS and MMS messaging); Picasa app; Phone app; and Notes app.  Please confirm that Google will supplement its source code production to include all source code for these applications as provided on each of the Accused Devices (including all versions, releases or builds) to the full extent such code is in Google's possession, custody or control.

If we have misunderstood your prior correspondence and, in fact, Google has already produced some or all of the additional source code described above, please let us know.  We ask that Google notify us regarding the extent of any additions to its source code production in advance of our review so that we might avoid wasting resources reviewing multiple, piecemeal productions of the same.

Regards,


*/s/ Michael A. Valek*

MAV/klc

# EXHIBIT 6

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

November 30, 2012

VIA ELECTRONIC MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:     Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write to further our discussion regarding the responses and objections of non-party Google Inc. ("Google") to the subpoenas served on Google by plaintiff Apple Inc. ("Apple") on October 1, 2012 (the "Subpoenas").  You have sought clarification regarding our source code production and regarding certain aspects of our Responses and Objections served on October 15, 2012, which we now provide.

1.      **Source Code**

We have already produced substantial source code, including applications and the Android framework itself.  So far we have produced versions of Android appearing on the Samsung Galaxy Nexus, including both Ice Cream Sandwich and Jelly Bean.  Your reviewers have seen much of this code, although not the additional code we produced on August 24, 2012, because no

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Michael A. Valek
November 30, 2012
Page 2

one from Apple has been to our facility since then.  In any event, Apple is well familiar with the structure and contents of this code from its prior visits.  In addition to the Galaxy Nexus, you have also asked about code on other Samsung devices, such as the Samsung Galaxy S III.  The framework source code for the other devices you listed, such as the Samsung Galaxy S III, is held by Samsung and Google does not have any source code to produce.  Google does provide Samsung with some applications, and we are working with Samsung to determine which versions of which applications appeared on Samsung's accused devices, and which are therefore potentially relevant to this action.  In the meantime, however, we have already produced substantial application code for the versions of applications appearing on the Samsung Galaxy Nexus.

## 2.      Requests Involving Accused Functionality

You have asked for further clarification on Google's limit on production of information to information "relevant to the accused functionality."  Limiting our production to the accused functionality is consistent with Google's obligations under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26 and 45.  Although Apple purports to limit the scope of the requested discovery according to its definitions, Apple's definitions of the terms "Slide to Unlock," "Text Correction," "Unified Search," "Special Text Detection," "Historical Lists," "Alternative Call Return," and "Data Synchronization" in the Subpoenas are overly broad and encompass information not relevant to any party's claim or defense in the case.  For example, Apple's definition of the term "Text Correction" includes:

> [S]oftware, features, and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email, Messaging, Contacts, or Calendar applications of the Accused Products.

(Subpoena at 2.)  This definition potentially includes keyboard functionality on an Android device not relevant to any assertion in the case, such as deleting text or using the cut-and-paste feature.  Google would be burdened if it were required to search for documents regarding this extremely broad scope, only to provide irrelevant documents to Apple.  Despite the broad definition of "Text Correction," Apple's infringement contentions have accused very specific functionality within Android: the Latin Android Keyboard and associated InputConnection. (*See* Docket No. 270-8.)

Accordingly, in responding to Request Nos. 11-13 and 16, as well as Topic Nos. 4, 6-7, and 10, Google will provide information regarding the accused functionality. Request No. 30 is entirely duplicative of Request No. 11.

Topic No. 11 and corresponding Request No. 17 are overbroad and not relevant to any party's claim or defense in the case.  Apple is not asserting a patent on "the ability or capability to search the Internet on a phone or other mobile device."  Thus, information relating to such a broad scope is outside the scope of Google's obligations under the Federal Rules of Civil Procedure.

Michael A. Valek
November 30, 2012
Page 3

Moreover, damages may not be shown merely because an accused product has one feature of a particular patent, as the Federal Circuit made clear in reversing the preliminary injunction against the Samsung Galaxy Nexus, "[t]o establish a sufficiently strong causal nexus, Apple must show that consumers buy the Galaxy Nexus because it is equipped with the apparatus claimed in the 604 patent – not because it can search in general, and not even because it has unified search." *Apple Inc. v. Samsung Electronics Co.*, No. 2012-1507, slip. op. (Oct. 11, 2012.).

Topic Nos. 8 and 9 and Request Nos. 14 and 15 are overbroad insofar as they inquire into Google's actions regarding "Apple's products that incorporate any version of the iOS operating system." To the extent that these Topics and Requests relate to the accused functionality in this action, they are entirely duplicative of Request Nos. 11-13 and 16, and Topic Nos. 4, 6, 7 and 10. Google has already produced documents on this issue during the preliminary injunction phase, and Google employees have already testified on this issue as it relates to the accused functionality. *See* Miller Dep. at 66:11-14, 81:9-15; Clark Dep. at 66:7-13; Wakasa Dep. at 25:10-14, 31:11-19; Nagel Dep. at 55:24 to 56:1; Hackborn Dep. at 85:5-8.

## 3.  Requests Involving the '604 Reexamination

As you know, Motorola Mobility LLC filed for reexamination of U.S. Patent 8,086,604. Accordingly, Google will produce documents, subject of course to its objections, responsive to Request Nos. 18-22 and 26-27, and a witness to testify to Topic No. 13.

Request Nos. 23-25 and Topic No. 14 call for irrelevant or privileged information. To the extent they do not, they are entirely duplicative of Request Nos. 18-22 and 26-27 and Topic No. 13.

To the extent that Request Nos. 24 and 25 call for privileged documents, they do not call for privileged documents that would require the production of a privilege log. According to the Protective Order governing this case:

> The parties are not required to log Privileged Materials dated after April 15, 2011 (the "cut-off date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log.

(Docket No. 171-1 at 8.) Since the parties have agreed not to create privilege logs for documents dated after April 15, 2011, there is no reason for a non-party to be held to a more onerous obligation than those that are parties to the action. For this reason, I am sure you will agree that Google need not create a privilege log for any privileged documents that may be responsive to these Requests.

## 4.  Requests Involving Google's Communications Relating to This Action

Request No. 29 requests privileged documents describing communications between Google and any third party relating to this action or documents that are not related to any claim or defense in

Michael A. Valek
November 30, 2012
Page 4

this action.  If you believe that this Request seeks relevant and non-privileged documents, please describe them, and we will reevaluate the scope and relevance of this request.

**5.      Requests Involving the Patents-in-Suit**

Request No. 31 is overbroad insofar as it requests the production of "all documents" relating to any of the Patents-in-Suit.  Requests Nos. 28 and 30 are overbroad, irrelevant, and duplicative of Request No. 31, insofar as they request all documents relating to communications between Google and Samsung.

Request No. 33, to the extent that it does not call for privileged information, calls for information which is already in Apple's control or available from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from public sources.

Request No. 32 requests information regarding Google's first awareness of the Patents-in-Suit.  Google is not accused of patent infringement in this case, so the timing of when Google became aware of the Patents-in-Suit is not relevant to the case.

Request No. 35 and Topic 12 request financial information from Google.  Again, Google is not accused of patent infringement in this case, so documents relating to Google's revenue, profits, and costs associated with the Patents-in-Suit are not relevant to the case.  You have not provided any basis for how such information is relevant in your letter.

**6.      Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun**

Request Nos. 36, 37, and 38 and Topic No. 15 are overbroad and call for documents that, if they exist, are both privileged and entirely unrelated to this action.  In your letter, you state that this Topic is "narrowly tailored to discover information regarding a discrete event, involving particular named individuals, on a specific date."  Although this topic describes a discrete event, you have asserted no evidence that this litigation (or anything else relevant) was discussed at that meeting.  If there is evidence, please describe it so that we can intelligently gauge whether discovery regarding the meeting is appropriate.

*      *      *      *      *

I trust this resolves all issues between us, but please contact me if you would like to discuss anything further.  Meanwhile, Google is actively reviewing documents in response to the Subpoena, and we expect to begin our production of documents in the next few weeks.

Very truly yours,

/s

Matthew S. Warren

# EXHIBIT 7

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

December 10, 2012

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:     *Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630*

Dear Counsel:

I write in response to your letter dated November 30, 2012 ("Google's letter") and to follow up on Apple's prior correspondence dated November 5, and November 16, 2012, as well as my December 4, and December 5, 2012 emails to you, all regarding Google's Responses and Objections to Apple's September 28, 2012 subpoena.  As you know, Google's letter does not resolve the issues Apple has identified.  Indeed, for the most part Google has no substantive response to any of Apple's points regarding the discoverability of the documents and testimony it seeks. Accordingly, we are at impasse and Apple again requests to meet and confer in person with Google's lead counsel regarding each of the issues below.  To that end, Apple's counsel is available to meet in Palo Alto or nearby, either after the case management conference on December 12, or on December 13, 2012, and I reiterate (for the third time now) our request that Google's counsel provide us with its availability to meet.

## Global Issues

Google's letter ignores the global issues section in Apple's November 5th letter.  Apple reiterates its request that Google produce a privilege log for any responsive documents it withholds from production on the basis of privilege or work product immunity, and identify the nature of any third party consents Google believes are necessary in order for it to produce documents necessary to comply with its discovery obligations relating to Apple's subpoenas.

## Source Code Issues in Document Requests Nos. 1-3

Apple understands from Google's letter that Samsung—not Google—will be producing the Android source code for Samsung's Accused Products (other than the Nexus).  If this is not the case, please let us know immediately.

# GIBSON DUNN

December 10, 2012
Page 2

With respect to source code for relevant Google applications, Google's letter states that you are "working with Samsung to determine which versions of which applications appeared on Samsung's accused devices."  We appreciate you working to identify the particular versions of those applications used on the accused products, but Google does not say when, or even if, it will produce the source code for all of the Google applications identified by name in Apple's subpoena (*see, e.g.,* Request Nos. 2, 3, 4, 5, 6) and listed in Apple's November 16, 2012 letter.  Please confirm that Google will produce the source code for the applicable versions of all such applications and tell us when Google expects that code to be available for inspection.  Finally, Google's letter states that code for some applications used on the Galaxy Nexus are already available for inspection.  Can you please identify for which of the requested Google applications the source code is currently available for review?

**Google's "Accused Functionality" Response to Deposition Topic Nos. 4, 6, 7 and 10 and Document Request Nos. 11-13, 16 and 30**

Apple understands from Google's letter that Google uses the term "accused functionality" in its responses to refer to all of the functionality referenced or relied on in Apple's infringement contentions in this case, and that Google has agreed to provide documents and testimony relating to such in responses to Apple Request Nos. 11-13 and 16 and Deposition Topic Nos. 4, 6, 7 and 10.

Please confirm that:  (1) Google's response to these requests and topics will include the full scope of subject matter referenced or relied on in Apple's infringement contentions, including Apple's most recent contentions served on November 30, 2012; and (2) Google will not withhold information on the basis that functionality identified in Apple's contentions has been modified or customized to some extent by Samsung and is therefore somehow different from the Android and Google application code that Google provides to Samsung for use in its accused products.

**Deposition Topic Nos. 1-3 and Document Request Nos. 7 and 8**

Google's letter ignores the issues raised in Apple's November 5th letter regarding these requests.  As explained before, these requests seek testimony about Google's source code and documents regarding any material differences between the source code Google has produced and the publicly-available versions of that code referred to in Apple's infringement contentions.  Such information is relevant to the extent Samsung asserts that differences exist between the publicly-available code and the code in its accused products that are somehow material to any of Apple's infringement contentions.  There is no basis for Google to refuse to provide this discovery.

**Deposition Topic Nos. 8 and 9 and Document Request Nos. 14 and 15**

**GIBSON DUNN**

December 10, 2012
Page 3

Apple disagrees that these requests are "entirely duplicative" of Document Request Nos. 11-13 and 16, and Deposition Topic Nos. 4, 6, 7 and 10. While the latter requests concern how the accused functionality works and consumer demand, Deposition Topic Nos. 8 and 9 and Document Request Nos. 14 and 15 seek information relating to attempts to analyze, copy, imitate or design around Apple products that incorporate the particular functionality at issue in this case. The testimony cited in Google's letter is largely non-responsive to the subject matter of these requests and, in any event, does not prevent discovery into the same.

<u>**Deposition Topic No. 11 and Document Request No. 17**</u>

As explained before, the information sought in these requests is relevant to, at a minimum, damages and reasonably calculated to lead to evidence regarding the value of the patented invention. Google points out in its letter that Apple may need to show demand for the apparatus claimed in its search-related patents to establish a "strong causal nexus" for injunctive relief. But that observation only serves to demonstrate one of the reasons why the information sought by these requests regarding the broader question of whether there is demand for search on a phone is discoverable. Indeed, even if such information were not enough in and of itself to satisfy the requisite inquiry—it is still reasonably calculated to lead to the discovery of evidence that goes at least part of the way to satisfying the same.

<u>**Requests Relating to the '604 Reexamination, Including Document Request Nos. 18-27 and Deposition Topic No. 14**</u>

Google refuses to produce testimony and documents in response to Deposition Topic No. 14 and Document Request Nos. 23-25, which seek communications between Google and Samsung's lawyers in this case and the lawyers involved in the *inter partes* reexamination of U.S. Patent No. 8,086,604, as well as documents relating to payments made by Samsung to Motorola Mobility, LLC to finance this reexamination.

First, as explained before, the requested information is reasonably calculated to lead to the discovery of evidence demonstrating that Samsung is directing this *inter partes* reexamination, and that Samsung is acting in privity with Google and Motorola Mobility, LLC with respect to the same. Accordingly, the preclusive effect given to arguments and prior art rejected during this reexamination should apply to Samsung in this case, just as it would if Samsung participated directly in the reexamination as opposed to using Motorola Mobility as a proxy.

Second, even if the substance of some of these requested documents were privileged, the existence of communications between Samsung, Google, Motorola Mobility, and the lawyers

# GIBSON DUNN

December 10, 2012
Page 4

involved in the reexamination proceeding is not relevant to establishing Samsung's involvement in the same.

Thus, to the extent Google claims any of the documents responsive to Request Nos. 18-27 are privileged, Google is required to produce a privilege log.  The agreement in the Protective Order regarding a cutoff date for privilege log entries does not apply to Google. While Google claims that producing a privilege log for such documents is "onerous," there is no burden to doing so unless, in fact, there are extensive communications between Samsung (or its litigation counsel) and Motorola Mobility (or its reexamination counsel) regarding the '604 reexamination, which again would prove Apple's point that Samsung is acting in privity with Motorola Mobility with respect to the same.  There is no basis for Google to refuse to provide this discovery.

**Document Request Nos. 28-31**

Google's claim that documents responsive to Document Request No. 29 are either privileged or irrelevant is wrong.  First, the request seeks "communications between [Google] and any third party." Communications Google may have with a third party are not privileged and, to the extent Google claims otherwise, it must produce a privilege log for the same.

Second, such documents are reasonably calculated to lead to the discovery of admissible evidence on a variety of topics.  For example, communications with third parties regarding this case and the patents-in-suit may be relevant to issues related to Apple's claim for injunctive relief, including harm to third parties, public benefit, and irreparable harm, as well as damages-related issues such as demand for the accused features and the lack of available and acceptable non-infringing alternatives.  Indeed, Apple's prior correspondence explained the relevancy of this request—and Google's letter offers no substantive response to the contrary.

Similarly, Google's letter provides no substantive response to any of the points in Apple's November 5th letter relating to Request Nos. 28, 30 and 31.  Instead, Google asserts that Requests Nos. 28 and 30 are duplicative of Request No. 31, but that objection is absurd because Google has refused to produce documents in response to Request No. 31 as well. There is no duplication because Google has wholly refused to produce any of the highly relevant documents responsive to these requests.

**Deposition Topic No. 12 and Document Requests Nos. 32 and 35**

Document Request No. 35 and Deposition Topic No. 12 seek financial information associated with the Accused Features, including development costs associated with the same, which Apple has explained previously are relevant to the damages issues in this case.

# GIBSON DUNN

December 10, 2012
Page 5


Google's assertion that such information is irrelevant is based on a faulty premise, that is, that such documents are discoverable only if damages were sought from Google.  To the contrary, such documents evidence the profitability of the accused features and may serve to rebut arguments regarding alleged non-infringing alternatives, both of which are relevant to a reasonable royalty analysis.[1]

Google's argument regarding Request No. 32 is based on the same faulty premise.  But, as Apple has explained before, documents showing Google was aware of the patents-in-suit prior to development of the accused functionality may demonstrate copying by others, which is a relevant "secondary consideration" in the non-obviousness analysis.[2]  Moreover, given the apparently close collaboration between Samsung and Google, such documents might serve to rebut arguments from Samsung that it was unaware of the patents-in-suit prior to this lawsuit. There is no basis for Google to refuse to provide this discovery.

**Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun, Including Deposition Topic No. 15 and Document Request Nos. 36-38**

Google states that it will not provide the requested information because Apple has not produced "evidence that this litigation (or anything else relevant) was discussed" at the meeting between Eric Schmidt and Shin Jong-Kyun on September 27, 2012.  But that argument turns discovery on its head and improperly suggests that Apple must prove what was discussed at a confidential business meeting between Google and Samsung's key executives before it may discover anything about the same.  Indeed, it is telling that even Google does not deny that topics relevant to this litigation were discussed at the meeting. Accordingly, there is no basis for Google to refuse to provide this discovery.

Regards,


         /s/ Michael A. Valek
_____


MAV/alw


---

[1]  *See, e.g., Unicol USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1317 (Fed. Cir. 2011).
[2]  *See, e.g., Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1538 (Fed. Cir. 1983).

# EXHIBIT 8

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

December 10, 2012


VIA ELECTRONIC MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:    Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write in response to your letter of earlier today, which provided your response to my letter of
November 30, 2012.  We will review your five-page letter and get back to you.  We are not
available for an in-person meet-and-confer discussion during the dates you propose this week.
Please let me know when your lead counsel is next available for an in-person meet-and-confer
discussion.  Finally, and importantly, please use our mailing list, Quinn-Google-N.D.Cal.-
00630@quinnemanuel.com.  As I made clear to Apple most recently in my email of October 15,
2012, this list goes to our complete team and will engender the promptest response even if I am
traveling, as I have been for more than a week.


Very truly yours,

/s
Matthew S. Warren

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

# EXHIBIT 9

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

December 19, 2012

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:     Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Counsel:

Apple's counsel is available to meet and confer regarding the issues discussed in our prior correspondence[1] on December 28, 2012.  Please let me know if that date will work.  If not, please provide alternate dates when Google's lead counsel is available.

Regards,


/s/ Michael A. Valek

MAV/klc

---

[1]  This includes Apple's letters to Google dated Nov. 5, 2012, Nov. 16, 2012 and Dec. 10, 2012.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# EXHIBIT 10

**Fischer, Heather J.**

| | |
|---|---|
| **From:** | Matthew Warren <matthewwarren@quinnemanuel.com> |
| **Sent:** | Friday, December 28, 2012 7:32 AM |
| **To:** | *** Apple/Samsung |
| **Cc:** | Quinn-Google-N.D.Cal.-00630 |
| **Subject:** | [FS#2571478] RE: Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.) |

Michael:

As I'm sure you understand, the week between Christmas and New Year's Day is not a good time for people to meet, especially in person.  I believe this is only the second date we have not been able to make work but, in any event, we will get back to you with dates in January.

Meanwhile, as you know, we have produced thousands of pages of documents, and will continue to review and produce documents responsive to the subpoena.

Happy Holidays and Happy New Year.

Best Regards,
Matt Warren

--

Matt Warren    matthewwarren@quinnemanuel.com    +1 (415) 895-2928

---

**From:** Valek, Michael A. [mailto:MValek@gibsondunn.com]
**Sent:** Thursday, December 27, 2012 4:36 PM
**To:** Jeff Nardinelli; *** Apple/Samsung
**Cc:** Quinn-Google-N.D.Cal.-00630
**Subject:** RE: Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Counsel:

Google did not respond to Apple's December 19th request to meet and confer.  Given the late hour, Apple's counsel has made other plans for 12/28.

I note that this is the third date Apple has proposed for a meet and confer on the previously-identified issues relating to Apple's subpoenas that Google has either declined or ignored.  Please provide us with dates in early January when Google's counsel is available to meet.  Given Google's apparent scheduling difficulties, Apple requests that Google identify multiple dates when its counsel is available so that we can get a meeting calendared without any further delay.

Thanks,
**Michael A. Valek**
Of Counsel

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Dallas, TX 75201-6912
Tel +1 214.698.3369 • Fax +1 214.571.2916
MValek@gibsondunn.com • www.gibsondunn.com

# EXHIBIT 11

**Fischer, Heather J.**

| | |
|---|---|
| **From:** | Valek, Michael A. |
| **Sent:** | Wednesday, January 16, 2013 5:52 AM |
| **To:** | Matthew Warren; *** Apple/Samsung |
| **Cc:** | Quinn-Google-N.D.Cal.-00630 |
| **Subject:** | [FS#2605133] RE: Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.) |

Matt:

Google has still not responded to Apple's repeated requests to meet and confer regarding the previously-identified issues relating to Apple's subpoenas, much less identified specific "dates in January" when its counsel is available as Google promised to do in your email below.  Apple is available to meet and confer on 1/21 and 1/22 at Gibson Dunn's office in Dallas.  As you know, Samsung's counsel, who is one and the same with Google's counsel in this matter, has previously indicated its availability on those dates and we expect Google to similarly make itself available.  Please confirm whether Google's counsel will meet with us in Dallas on one or both of these dates next week.

Finally, I note that Google has not produced a single document since the date of your email below.  Apple expects to address the delay in Google's document production during our meet and confer discussion, along with all the other issues we have previously raised.

Thanks,

Mike Valek

---

**From:** Matthew Warren [mailto:matthewwarren@quinnemanuel.com]
**Sent:** Friday, December 28, 2012 9:32 AM
**To:** *** Apple/Samsung
**Cc:** Quinn-Google-N.D.Cal.-00630
**Subject:** RE: Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Michael:

As I'm sure you understand, the week between Christmas and New Year's Day is not a good time for people to meet, especially in person.  I believe this is only the second date we have not been able to make work but, in any event, we will get back to you with dates in January.

Meanwhile, as you know, we have produced thousands of pages of documents, and will continue to review and produce documents responsive to the subpoena.

Happy Holidays and Happy New Year.

Best Regards,
Matt Warren

--
Matt Warren      matthewwarren@quinnemanuel.com      +1 (415) 895-2928

**From:** Valek, Michael A. [mailto:MValek@gibsondunn.com]
**Sent:** Thursday, December 27, 2012 4:36 PM
**To:** Jeff Nardinelli; *** Apple/Samsung
**Cc:** Quinn-Google-N.D.Cal.-00630
**Subject:** RE: Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Counsel:

Google did not respond to Apple's December 19th request to meet and confer.  Given the late hour, Apple's counsel has made other plans for 12/28.

I note that this is the third date Apple has proposed for a meet and confer on the previously-identified issues relating to Apple's subpoenas that Google has either declined or ignored.  Please provide us with dates in early January when Google's counsel is available to meet.  Given Google's apparent scheduling difficulties, Apple requests that Google identify multiple dates when its counsel is available so that we can get a meeting calendared without any further delay.

Thanks,
**Michael A. Valek**
Of Counsel

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Dallas, TX 75201-6912
Tel +1 214.698.3369 • Fax +1 214.571.2916
MValek@gibsondunn.com • www.gibsondunn.com

# EXHIBIT 12

# FILED UNDER SEAL

# EXHIBIT 13

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL: (415) 875-6600 FAX: (415) 875-6700

February 4, 2013

VIA ELECTRONIC MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas 75201
Apple/Samsung@gibsondunn.com

Re:     Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write on behalf of non-party Google Inc. ("Google") regarding our production of highly confidential source code in response to the subpoenas served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple"). On January 31, 2013, your reviewers visited our secure review facility in Silicon Valley and printed Bates numbers GOOG-NDCAL630-S-00002010 through GOOG-NDCAL630-S-00002136; GOOG-NDCAL630-S-00002167 through GOOG-NDCAL630-S-00002179; GOOG-NDCAL630-S-00002184 through GOOG-NDCAL630-S-00002249; and GOOG-NDCAL630-S-00002251 through GOOG-NDCAL630-S-00002341. The gaps in these Bates numbers represent misprints.

For at least three reasons, the pages your reviewers printed are improper under the protective order governing confidentiality in this action. First, Apple printed these pages by shrinking each page to fit four pages onto one. This is a violation of the page restrictions in Paragraph 25(d) of the protective order. Second, these pages are not "Source Code" under the protective order,

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401

WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712

MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Michael A. Valek
February 4, 2013
Page 2


which allows Apple to print only "Source Code" from the highly confidential source code computer.  (Protective Order ¶ 2(h), 11(i).)  Finally, these files are printed for "review and analysis elsewhere," which is forbidden under Paragraphs 11(i) and 25(d).

These pages will remain available for review in our secure review facility, and we would be happy to accommodate Apple's continued proper review under the protective order.  Please do not hesitate to contact me if you have any questions or concerns.

Very truly yours,

/s
Matthew S. Warren

# EXHIBIT 14

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Joshua Furman
Direct: +1 212.351.2461
Fax: +1 212.351.5261
JFurman@gibsondunn.com

February 8, 2013

VIA E-MAIL (matthewwarren@quinnemanuel.com)

Matthew Warren
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, California 94111

Re:     *Apple v. Samsung,* 12-cv-630

Dear Matt:

I write in response to your letter of February 4, 2013, refusing to produce the printouts made by Apple's source code reviewers on January 31, 2013. The printouts comprise printouts of two things: (1) output of the diff program; and (2) directory listings of the source code Google has made available for inspection.

As you know since you simultaneously represent both Google and Samsung in this case, Apple has previously printed diff program output during its review of Samsung's source and has explained the relevancy, and indeed necessity, of such documents repeatedly in prior correspondence. *See, e.g.,* Letters from J. Furman to S. Rezvani of December 5, 2012 and January 11, 2013. Moreover, Google has, in the past produced such printouts and has not objected to printing of diff files *per se*. *See* Letter H. Martin to P. Torchia of May 25, 2012 ("The only reasonable compromise is for Apple to limit its printing of diff files to those relevant files necessary to Apple's case.") Google's refusal now to produce such documents runs contrary to your previous position, the protective order, as well as the rules of discovery for the same reasons we have identified before.

The other printouts you have refused to produce are the directory listings of certain source code produced by Google to date. These printouts list the source code files Google has made available for inspection, allowing us to do two things: (1) identify the source code Google has produced for inspection (something Google has refused to do despite Apple's repeated requests); and (2) determine what source code Google has *failed* to produce in response to Apple's subpoenas. The protective order provides no basis for Google to refuse such highly relevant discovery—indeed the restrictions on source code printing that you point to arguably do not apply as these directory listings do not themselves contain any confidential source code.

# GIBSON DUNN

Matthew Warren
February 8, 2013
Page 2


Finally, the specific objections Google makes in your letter do not seem to bear any relation to substantive concerns with confidentiality of the source code information.   The printouts were made four-to-a-page simply to save paper.  The printed material is the same as if it were printed one-to-a-page; the only difference is that the text is smaller.  And whether they are printed four-to-a-page or on single sheets of paper, Apple's printouts do not exceed any of the presumptive limits (e.g., number of consecutive pages) set forth in the protective order. Indeed, not even your letter makes such a claim.  Your suggestion that there is something improper about printing relevant material for future use in this lawsuit is likewise without merit.  The protective order specifically allows for such printouts for a variety of reasons. *See, e.g.*, Protective Order 11(i).  While there are presumptive limits designed to curtail excessive printing, Apple's printouts did not exceed any of them.  Your suggestion that Apple printed the entirety, or even a substantial portion, of Google's source code for review elsewhere is demonstrably false given the limited nature of these printouts.  Indeed, the portion of the Protective Order you cite as the basis for your refusal to produce these printouts refers to "review[ing] blocks *of Source Code* elsewhere in the first instance" and does not apply to the objected-to printouts here.

As explained in prior correspondence and above, the position your firm has taken first with respect to Samsung and now with respect to your other client Google is highly prejudicial and cannot be sustained under any reasoned view of the protective order or the applicable rules of discovery.  Please withdraw your objections and produce the printouts Apple made in its source code inspection.

Sincerely,


        */s/ Joshua Furman*


Joshua Furman

# EXHIBIT 15

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

February 11, 2013


VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California St.
22nd Floor
San Francisco, CA  94111-4788

Re:     Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I am writing in response to your letter dated January 22, 2013 regarding Google's Responses
and Objections to Apple's Subpoena to Testify at a Deposition and Google's Responses and
Objections to Apple's Subpoena to Produce Documents (the "Responses"), both dated
October 15, 2012.  This letter also responds to your letters dated February 8, 2013 and
February 9, 2013.  Unfortunately, we do not agree that Google's letters resolve many, if any,
of the issues Apple has previously raised.

Global Issues:

Google continues to ignore Apple's repeated requests for clarification regarding the alleged
third-party confidentiality issues that Google claims preclude it from complying with its
discovery obligations.  In its Responses, Google generally objected to Apple's requests on
the ground that the information sought was "confidential or proprietary to third parties,
which Google is contractually required to maintain confidential."  To date, Google has failed
to provide any foundation for this objection.  Apple asked Google to identify the third party
consents that it claims are necessary in order to produce all responsive documents; Google
has not done so.  Unless Google promptly provides the requested information, Apple will
assume that Google has no basis for this objection.

Source Code Issues In Document Request Nos. 1-6:

Your statement that Google has already produced the source code called for by Apple's
subpoenas is inaccurate.  As you are aware, Apple's counsel and source code expert visited
Quinn Emanuel's offices in Redwood Shores this past Thursday, Jan. 31.  We inspected all
the Android source code that was available and identified many deficiencies in Google's

**GIBSON DUNN**

Matthew S. Warren
February 11, 2013
Page 2

source code production.  The following is a non-exhaustive list of these deficiencies, which we ask you to remedy as soon as possible.

**First**, as my letter dated November 16, 2012 indicated, and as we confirmed on our January 31 inspection, Google's production thus far has been limited to source code used on the Galaxy Nexus.  However, Apple's subpoena dated September 28, 2012, additionally requests the Android source code Google provides to Samsung for use on other Samsung products, specifically the: Samsung Galaxy S III – AT&T; Samsung Galaxy S III – Sprint; Samsung Galaxy S III – T-Mobile; Galaxy S III – Verizon; Galaxy Note; Galaxy S II Skyrocket; Galaxy S II Epic 4G Touch; Galaxy S II; Galaxy S II – T-Mobile; Galaxy S II – AT&T; Illusion; Captivate Glide; Exhibit II 4G; Stratosphere; Transform Ultra; Admire; Conquer 4G; Dart Smartphones; Galaxy Player 4.0 and Galaxy Player 5.0 media players; and Galaxy Note 10.1, Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets (the "Additional Devices").  If these products use the same source code that Google previously provided for the Galaxy Nexus, please make that clear and provide a description of what portions of the already produced code have been provided by Google to Samsung for use on the Additional Devices.  Otherwise, we ask that Google supplement its production to provide any source code for the Android platform (including all versions, releases or builds) in Google's possession, custody, or control that is or has been utilized by the Additional Devices or that has been provided to Samsung for use on the Additional Devices.

**Second**, even with respect to the source code that is used on the Galaxy Nexus, Google's production is deficient.  Our inspection confirmed that there is no code from any time after August 2012.  This means that you not have produced any code related to build JRO03O (Android version 4.1.1) or build JZO54K (Android version 4.1.2), both of which are used by the Samsung Galaxy Nexus.

**Third**, as my letter dated November 16, 2012 indicated, Apple's subpoena seeks the production of Google source code for certain apps.  Our inspection confirmed that there is no code for the features identified in Apple's infringement contentions relating to the following Google apps:

- Gmail (including both the code for the app and the code that communicates with Google's servers that transfers mail to and from the phone)

- Google Maps

- Google Now

- Google Play

# GIBSON DUNN

Matthew S. Warren
February 11, 2013
Page 3

- Google Market

- Browser app

- Contacts app

- Email app

- Gallery app

- Messaging app

- Picasa app

- Phone app

- Notes app

**Finally**, within the code that you have produced, we examined each of the seven builds and identified some deficiencies in each.  The following lists folders for each build that were either missing or contained substantially no source code:



GIBSON DUNN

Matthew S. Warren
February 11, 2013
Page 4



# GIBSON DUNN

Matthew S. Warren
February 11, 2013
Page 5



We expect Google to provide the missing Android source code (including all versions, releases, or builds) as soon as possible.  By omitting large portions of relevant source code from its production, Google is materially prejudicing Apple's ability to conduct its source code analysis.  Since Google has refused to produce this code despite Apple's repeated requests we are at impasse and Apple expects to meet and confer with you regarding the same.

<u>Google's "Accused Functionality" Responses to Deposition Topic Nos. 4, 6, 7 and 10 and Document Request Nos. 11-13, 16 and 30</u>:

Google's letter does not resolve Apple's concerns regarding Google's use of the term "accused functionality" in its Reponses.  Instead, Google continues to obfuscate.  To avoid any possible confusion, Apple reiterates its request that Google confirm that the term "accused functionality," as used in Google's Responses, refers to all of the functionality referenced or relied on in all of the infringement contentions Apple has served in his case.  Since Google has previously resisted Apple's request that Google so represent, we are at impasse and Apple expects to meet and confer with you regarding this issue as well.

<u>Deposition Topic Nos. 1-3 and Document Request Nos. 7 and 8</u>:

Google continues to ignore Apple's concerns regarding Google's Responses to these requests and topics.[1]  Please confirm that Google has produced, or will produce, testimony and all documents responsive to Deposition Topic Nos. 1-3 and Document Request Nos. 7 and 8.  Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

<u>Deposition Topic Nos. 8 and 9 and Document Request Nos. 14 and 15</u>:

Google continues to ignore Apple's concerns regarding Google's Responses to these requests and topics.[2]  Please confirm that Google has produced, or will produce, testimony and all

---

[1]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).
[2]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).

**GIBSON DUNN**

Matthew S. Warren
February 11, 2013
Page 6


documents responsive to Deposition Topic Nos. 8-9 and Document Request Nos. 14-15. Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

Deposition Topic No. 11 and Document Request No. 17:

Google continues to ignore Apple's concerns regarding Google's Responses to this request and topic.[3]  Please confirm that Google has produced, or will produce, testimony and all documents responsive to Deposition Topic No. 11 and Document Request No. 17.  Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

Documents Relating To the '604 Reexamination, Including Document Request Nos. 18-27 and Deposition Topic No. 14:

As you can imagine, your assurance that Samsung is not directing the '604 reexamination does not discharge Google of its discovery obligations.  Nevertheless, thank you for agreeing that the issue is relevant and that Apple is entitled to know the truth.  Accordingly, Google must agree to produce testimony and all documents responsive to Deposition Topic No. 14 and Request Nos. 23-25, and that Google will produce a privilege log for any such documents it withholds on that basis.  Based on your assurance, it appears that the production should be small and that any privilege log relating to these matters should be short.  Since Google has refused Apple's prior requests that Google produce this information we are at impasse and Apple expects to meet and confer with you regarding the same.

Document Request Nos. 28, 29 and 31:

Google continues to ignore Apple's concerns regarding Google's Responses to these requests.[4]  Please confirm that Google has produced, or will produce, testimony and all documents responsive to Document Request Nos. 28, 29 and 31.  Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

Deposition Topic No. 12 and Document Requests Nos. 32 and 35:

Google continues to ignore Apple's concerns regarding Google's Responses to these requests and topic.[5]  Please confirm that Google has produced, or will produce, testimony and all

---

[3]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).
[4]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).
[5]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).

**GIBSON DUNN**

Matthew S. Warren
February 11, 2013
Page 7

documents responsive to Deposition Topic No. 12 and Document Request Nos. 32 and 35. Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

<u>Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun, Including Deposition Topic No. 15 and Document Request Nos. 36-38</u>

Based on Google's letter, Apple understands that Google will collect, review and produce any non-privileged documents relating to this meeting, to the extent such documents exist. Please let me know if our understanding is correct because if it is not, Apple expects to meet and confer with you regarding this issue as well.

<u>Google's Refusal to Produce Source Code Printouts</u>

As explained in Apple's February 8th letter, Google is improperly withholding production of the printouts made during Apple's latest source code inspection.  If Google will not immediately produce those printouts, we are at impasse and Apple expects to meet and confer with you regarding this issue as well.

* * *

As set forth above, it appears that the parties are far from resolving their differences regarding Google's Responses.  Towards that end, please confirm that Google's lead counsel at Quinn Emanuel is available to meet and confer regarding these important issues on February 15-16.

Sincerely,

*/s/ Michael A. Valek*

MAV/dmh

# EXHIBIT 16

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

February 13, 2013

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111

Re:   Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Counsel:

Please provide specific days and times, occurring during the weeks of March 4th and 11th when Google's counsel at Quinn Emanuel is available for a lead counsel meet and confer regarding the issues raised in Apple's prior correspondence. We ask that you do this in advance of the meet and confer we have scheduled regarding your other client, Samsung, on February 15, 2013.

Setting an imminent date certain for this meeting is necessary because Quinn Emanuel has delayed scheduling such for months. As you know, Apple identified a number of deficiencies in Google's responses to Apple's subpoenas on November 5, 2012, and has been asking to meet and confer with you regarding the same since December 4, 2012. Since then in a long series of correspondence,[1] Apple has identified multiple days in December, January and now February when its lead counsel was available to meet with Quinn Emanuel regarding Google. You have rejected all of Apple's proposed meeting times. And while you previously promised to provide dates in January when Google's counsel would be available for such a meeting—you reneged on that promise.

Instead of providing dates to meet to discuss these issues, Google has offered only a superficial declaration that it thinks it has resolved the deficiencies in its responses to Apple's subpoenas. Unfortunately, that is not true. As Apple has explained, Google has not withdrawn its improper rejections, not produced the relevant source code, and not agreed to provide documents or testimony on many of the topics in Apple's subpoenas.[2]

---

[1]   *See* Apple's correspondence with M. Warren dated December 4-5, 2012; Apple's letter to M. Warren dated December 10, 2012; Apple's correspondence with M. Warren dated January 16, 2013; Apple's correspondence with M. Warren dated February 7, 9 and 11, 2013.

[2]   *See* Apple's Letter to M. Warren dated February 11, 2013 (addressing the inadequacies in Google's written correspondence and reiterating Apple's request for a meet and confer on the issues it has raised); *see also*

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

February 13, 2013
Page 2

Quinn Emanuel's refusal to provide dates for a meet and confer to attempt to resolve these issues in person is particularly troubling because Quinn Emanuel has repeatedly represented that it is available to meet and confer regarding the issues it has raised against Apple on behalf of Samsung.  Your firm's insistence that we meet and confer only on the issues that advantage your clients is highly prejudicial and contrary to the spirit of the Court's discovery orders.  If you will not provide the dates we have requested, Apple will have no choice but to seek relief from the Court.

Regards,


*/s/ Michael A. Valek*

MAV/klc

---

Apple's Letters to M. Warren dated November 16, 2012 and December 10, 2012 (responding to Google's prior correspondence on these issues).

# EXHIBIT 17

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

February 20, 2013

**VIA ELECTRONIC MAIL**

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:    Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write in response to your letter of February 11, 2013, on behalf of non-party Google Inc.
("Google") in response to the subpoenas (the "Subpoenas") served on Google by plaintiff and
counterclaim-defendant Apple Inc. ("Apple").  Your letter ignores the substantial progress
Google and Apple have previously made regarding Google's production of documents in
response to the Subpoenas.  To respond, I will therefore restate some of our prior
correspondence, so you can understand the points we have explained which your letter does not
address.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Michael A. Valek
February 20, 2013
Page 2

**1.     Source Code**

As you know, Google first produced highly confidential source code on May 7, May 9, and June
7, 2012, and updated its source code production on August 24, 2012.  Apple did not send a
reviewer to visit this source code until January 31, 2013.  As a result, until your letter of
February 11, our discussion about source code has been entirely hypothetical.  Now that Apple's
reviewers have visited our highly confidential source code, your letter raises a number of specific
questions raised for the first time that we are now investigating.  I will respond in more detail as
we learn the results of this investigation; in the meantime, I repeat that we plan to produce all
highly confidential source code relevant to Apple's allegations of infringement in this action.

**2.     Requests Involving the Accused Functionality**

We have had a fairly long discussion regarding Apple's requests involving Google's production
of documents relating to the accused functionalities.  Your most recent letter seems to backtrack,
rather than advance, this discussion.  In the Subpoenas, Apple propounded Document Request
Nos. 11-13, 16 and 30, and Deposition Topic Nos. 4, 6, 7 and 10:

> 11.     All documents that comprise, refer, or relate to communications between
> you and Samsung relating to Slide to Unlock, Text Correction, Unified
> Search, Special Text Detection, Historical Lists, Alternative Call Return,
> and/or Data Synchronization software, features, or functionality, including
> but not limited to any version of any such software, features, or
> functionality used in any Accused Product or in any version of Android.

> 12.     Documents related to the design, development, and implementation in
> Android of the Slide to Unlock, Text Correction, Unified Search, Special
> Text Detection, Historical Lists, Alternative Call Return, and Data
> Synchronization software, features, or functionality.

> 13.     Documents related to the design of, development of, implementation of,
> and/or decision to implement in any version of Android the Slide to
> Unlock, Text Correction, Unified Search, Special Text Detection,
> Historical Lists, Alternative Call Return, and/or Data Synchronization
> software, features, or functionality.

> 16.     All documents constituting, reflecting, or otherwise relating to any
> analysis, review, research, survey, consideration, or evaluation of the
> importance to consumers and consumer purchasing decisions of Slide to
> Unlock, Text Correction, Unified Search, Special Text Detection,
> Historical Lists, Alternative Call Return, and/or Data Synchronization on a
> phone or other mobile device.

Michael A. Valek
February 20, 2013
Page 3

30.     All documents related to communications between you and Samsung
        related to Slide to Unlock, Text Correction, Unified Search, Special Text
        Detection, Historical Lists, Alternative Call Return, and/or Data
        Synchronization software, features, or functionality.

4.      Communications between you and Samsung relating to Slide to Unlock,
        Text Correction, Unified Search, Special Text Detection, Historical Lists,
        Alternative Call Return, and/or Data Synchronization software, features,
        or functionality, including but not limited to any version of any such
        software, features, or functionality used in any of the Accused Products or
        in any version of Android.

6.      The design, development, and implementation in Android of the Slide to
        Unlock, Text Correction, Unified Search, Special Text Detection,
        Historical Lists, Alternative Call Return, and/or Data Synchronization
        software, features, or functionality.

7.      The design of, development of, implementation of, and/or decision to
        implement in any version of Android the Slide to Unlock, Text Correction,
        Unified Search, Special Text Detection, Historical Lists, Alternative Call
        Return, and/or Data Synchronization software, features, or functionality.

10.     The importance to consumers and consumer purchasing decisions of Slide
        to Unlock, Text Correction, Unified Search, Special Text Detection,
        Historical Lists, Alternative Call Return, and/or Data Synchronization on a
        phone or other mobile device.

(Document Subpoena ¶¶ 11-13, 16, 30; Deposition Subpoena ¶¶ 4, 6, 7, 10.)  In its Responses
and Objections of October 15, 2012, Google confirmed in response to each Document Request
that, "subject to and without waiver of its general and specific objections, Google will produce
non-privileged documents responsive to this Request, located in response to a reasonable search
and as relevant to the accused functionality in this action." (Document Responses and
Objections ¶¶ 11-13, 16.)  Similarly, Google confirmed in response to each Testimony Topic
that, "subject to and without waiver of its general and specific objections, Google will produce a
witness to testify regarding this Topic, as relevant to the accused functionality in this action."
(Testimony Responses and Objections ¶¶ 4, 6, 7, 10.)

On November 5, 2012, Apple wrote to Google:

        Many of the requests in Apple's Subpoena ask for information related to certain
        features of the accused products at issue in this case, *see* Request Nos. 2, 11-16,
        30, 34, 35; Deposition Topic Nos. 4, 6-10, 12, and Apple provided specific
        definitions for these features in its subpoenas.  *See* Attachment A to Apple's

Michael A. Valek
February 20, 2013
Page 4

> Subpoena to Google to Produce Documents, Information, or Objects, ¶¶ 8-14;
> Attachment 1 to Apple's Subpoena to Google to Testify at a Deposition in a Civil
> Action, ¶¶ 8-15 (defining "Slide to Unlock," "Text Correction," "Unified Search,"
> "Special Text Detection," "Historical Lists," "Alternative Call Return," and "Data
> Synchronization").  But in its response, Google objects to these defined terms as
> vague and qualifies the documents and deposition testimony it agrees to provide,
> stating that it will only provide information "as relevant to the accused
> functionality."  *See* Request Nos. 11-13, 16; Deposition Topic Nos. 4, 6, 7, 10.
>
> The problem with this approach is that Google offers no explanation of the
> difference in scope, if any, between what it refers to as "the accused
> functionality" and the scope of Apple's requests.  Since the definitions in Apple's
> subpoenas already place an appropriate limit on these requests, and Google
> provides no explanation to the contrary, Apple will assume that Google has
> agreed to provide responsive information consistent with the full scope of Apple's
> express definitions.
>
> If however, Google is trying to limit the scope of its response in some yet
> unexplained way, it is incumbent on Google to explain its proposed limitation for
> each of the identified Topics and Requests so that we might have a meaningful
> meet and confer to resolve any dispute on this issue.

(November 5 Letter at 4-6; 11-12.)  In response, we explained exactly what we meant by limiting
our production to the "accused functionality":

> You have asked for further clarification on Google's limit on production of
> information to information "relevant to the accused functionality."  Limiting our
> production to the accused functionality is consistent with Google's obligations
> under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 26 and 45.
> Although Apple purports to limit the scope of the requested discovery according
> to its definitions, Apple's definitions of the terms "Slide to Unlock," "Text
> Correction," "Unified Search," "Special Text Detection," "Historical Lists,"
> "Alternative Call Return," and "Data Synchronization" in the Subpoenas are
> overly broad and encompass information not relevant to any party's claim or
> defense in the case.  For example, Apple's definition of the term "Text
> Correction" includes:
>
> > [S]oftware, features, and functionality in any of the Accused Products
> > relating to editing, correcting, modifying, changing, or replacing typed
> > text such as but not limited to letters, numbers, and punctuation marks, as
> > well as for the keyboards used by such functionality, and such use in the
> > email, Messaging, Contacts, or Calendar applications of the Accused
> > Products.

Michael A. Valek
February 20, 2013
Page 5

(Subpoena at 2.)  This definition potentially includes keyboard functionality on an
Android device not relevant to any assertion in the case, such as deleting text or
using the cut-and-paste feature.  Google would be burdened if it were required to
search for documents regarding this extremely broad scope, only to provide
irrelevant documents to Apple.  Despite the broad definition of "Text Correction,"
Apple's infringement contentions have accused very specific functionality within
Android:  the Latin Android Keyboard and associated InputConnection.  (*See*
Docket No. 270-8.)

Accordingly, in responding to Request Nos. 11-13 and 16, as well as Topic Nos.
4, 6-7, and 10, Google will provide information regarding the accused
functionality.  Request No. 30 is entirely duplicative of Request No. 11.

(November 30 Letter at 2.)  The point of this letter was to explain exactly why Google had
limited the scope of its production in its Responses and Objections to the "accused
functionalities."  In response, Apple wrote:

Apple understands from Google's letter that Google uses the term "accused
functionality" in its responses to refer to all of the functionality referenced or
relied on in Apple's infringement contentions in this case, and that Google has
agreed to provide documents and testimony relating to such in responses to Apple
Request Nos. 11-13 and 16 and Deposition Topic Nos. 4, 6, 7 and 10.

Please confirm that:  (1) Google's response to these requests and topics will
include the full scope of subject matter referenced or relied on in Apple's
infringement contentions, including Apple's most recent contentions served on
November 30, 2012; and (2) Google will not withhold information on the basis
that functionality identified in Apple's contentions has been modified or
customized to some extent by Samsung and is therefore somehow different from
the Android and Google application code that Google provides to Samsung for
use in its accused products.

(December 10 Letter at 2.)  Google confirmed that it would rely on Apple's infringement
contentions against the Galaxy Nexus:

Your letter asks us to confirm that "Google's responses to these requests and
topics will include the full scope of subject matter referenced or relied on in
Apple's infringement contentions, including Apple's most recent contentions
served on November 30, 2012."  That is certainly our plan, and we will do our
best.  If, after we complete our production, you believe our responses do not
satisfy this scope, we would be happy to meet and confer with you at that time.

Michael A. Valek
February 20, 2013
Page 6

> Your letter also asks us to confirm that "Google will not withhold information on
> the basis that functionality identified in Apple's contentions has been modified or
> customized to some extent by Samsung and is therefore different from the
> Android application code that Google provides to Samsung for use in its accused
> products." As we explained to you before, Google has collected, reviewed, and
> produced documents based on Apple's infringement allegations against the
> Galaxy Nexus, which, as you know, contains Google's own implementation of
> Android. Thus I believe we are again in agreement: Google is searching for
> documents regarding Apple's accusations against Google's implementation,
> without regard for Apple's allegations against Samsung's separate
> implementation. Google and Apple have followed this procedure in several other
> litigations against Android OEMs, and it has always worked well. Please let me
> know if you do not agree this is appropriate.

(January 22 Letter at 3.) Apple did not reply, so we understood this issue to be resolved.
On February 11, however, you backtracked, ignoring all of the correspondence that the
parties had had on this issue:

> Google's letter does not resolve Apple's concerns regarding Google's use of the
> term "accused functionality" in its Reponses. Instead, Google continues to
> obfuscate. To avoid any possible confusion, Apple reiterates its request that
> Google confirm that the term "accused functionality," as used in Google's
> Responses, refers to all of the functionality referenced or relied on in all of the
> infringement contentions Apple has served in his case. Since Google has
> previously resisted Apple's request that Google so represent, we are at impasse
> and Apple expects to meet and confer with you regarding this issue as well.

(February 11 Letter at 5.) Your boilerplate language does not address my letter of January 22, or
even mention the points we made. It does not set forth Apple's response or views regarding this
issue. It is therefore not possible for us to determine whether a genuine dispute exists or the
scope of any such dispute. We believe our January 22 letter fully addresses Apple's concerns,
and we have been following the procedure agreed by Apple and Google in prior litigations. If
that is not correct, we believe this issue should be easy for the parties to resolve without
burdening the court.

## 3.     Document Request Nos. 14 & 15; Deposition Topic Nos. 8 & 9

We have also had a fairly long discussion about Google's production of documents in response
to Document Request Nos. 14 and 15, and Deposition Topic Nos. 8 and 9. Again, unfortunately,
your most recent letter seems to backtrack, rather than advance, our discussion.

In the Subpoenas, Apple propounded Document Request Nos. 14 & 15 and Deposition Topic
Nos. 8 and 9:

Michael A. Valek
February 20, 2013
Page 7

14.     All documents relating to any efforts or attempts, including the analysis
        and decision-making to engage in such efforts or attempts, to design
        around or otherwise imitate without directly copying Apple's products that
        incorporate any version of the iOS operating system as well as the Slide to
        Unlock, Text Correction, Unified Search, Special Text Detection,
        Historical Lists, Alternative Call Return, and/or Data Synchronization
        software, features, or functionality.

15.     All documents relating to any analysis, review, consideration, evaluation,
        inspection, tear-down report, or copying of any Apple product, including
        but not limited to Apple's products that incorporate any version of the iOS
        operating system as well as the Slide to Unlock, Text Correction, Unified
        Search, Special Text Detection, Historical Lists, Alternative Call Return,
        and Data Synchronization software, features, or functionality.

8.      Any efforts or attempts, including the analysis and decision-making to
        engage in such efforts or attempts, to design around or otherwise imitate
        without directly copying Apple's products that incorporate any version of
        the iOS operating system as well as the Slide to Unlock, Text Correction,
        Unified Search, Special Text Detection, Historical Lists, Alternative Call
        Return, and/or Data Synchronization software, features, or functionality.

9.      Any analysis, review, consideration, evaluation, inspection, tear-down
        report, or copying of any Apple product, including but not limited to
        Apple's products that incorporate any version of the iOS operating system
        as well as the Slide to Unlock, Text Correction, Unified Search, Special
        Text Detection, Historical Lists, Alternative Call Return, and/or Data
        Synchronization software, features, or functionality.

(Document Subpoena ¶¶ 14-15; Testimony Subpoena ¶¶ 8-9.)  In its Responses and Objections
of October 15, 2012, Google objected to these Requests and Topics.  On November 5, 2012,
Apple wrote to Google:

        Any attempts to analyze, copy, imitate, or design around Apple products are
        calculated to lead to the discovery of admissible evidence regarding at least the
        willfulness allegations in this case, as well as several *Georgia Pacific* factors,
        such as the value of the invention, its commercial success and current popularity.
        Such information may also be relevant to considerations of non-obviousness, such
        as industry acceptance, copying, and praise.  Moreover, the topic does not seek all
        testimony regarding all efforts, but rather only those relating to Apple's products
        that incorporate iOS as well as the particular defined features set forward in the
        Topic.  Accordingly, Google's objections based on relevance, breadth and burden
        are without merit.

Michael A. Valek
February 20, 2013
Page 8

(November 5 Letter at 4.)  In response, we explained that we were not objecting to these requests at all, as long as they concerned the accused functionality:

> Topic Nos. 8 and 9 and Request Nos. 14 and 15 are overbroad insofar as they inquire into Google's actions regarding "Apple's products that incorporate any version of the iOS operating system."  To the extent that these Topics and Requests relate to the accused functionality in this action, they are entirely duplicative of Request Nos. 11-13 and 16, and Topic Nos. 4, 6, 7 and 10.  Google has already produced documents on this issue during the preliminary injunction phase, and Google employees have already testified on this issue as it relates to the accused functionality.  *See* Miller Dep. at 66:11-14, 81:9-15; Clark Dep. at 66:7-13; Wakasa Dep. at 25:10-14; 31:11-19; Nagel Dep. at 55:24 to 56:1; Hackborn Dep. at 85:5-8.

(November 30 Letter at 3.)  Our point in this letter was to explain that *of course* we would permit discovery on Document Request Nos. 14 & 15 and Deposition Topic Nos. 8 & 9, as long as that testimony concerned the accused functionality – and Google has in fact already permitted discovery concerning similar topics under the same conditions.  Nonetheless, Apple seemed to misunderstand us as saying that we had already provided discovery and therefore would not provide further discovery:

> Apple disagrees that these requests are "entirely duplicative" of Document Request Nos. 11-13 and 16, and Deposition Topic Nos. 4, 6, 7 and 10.  While the latter requests concern how the accused functionality works and consumer demand, Deposition Topic Nos. 8 and 9 and Document Request Nos. 15 and 15 seek information relating to attempts to analyze, copy, imitate or design around Apple products that incorporate the particular functionality at issue in this case.  The testimony cited in Google's letter is largely non-responsive to the subject matter of these requests and, in any event, does not prevent discovery into the same.

(December 10 Letter at 3.)  This was a misunderstanding we could conclusively resolve, and I did so on January 22:

> Your letter asks us to confirm that we will produce any non-privileged "information relating to attempts to analyze, copy, imitate or design around Apple products that incorporate the particular functionality at issue in this case."  Once again, I do not believe there is any dispute between us.  We have already agreed to produce all relevant, non-privileged documents regarding the accused functionality – a category that would include these documents.  Indeed, I am surprised that you continue to raise this issue given that Google has already produced documents and provided deposition testimony in response to similar requests related to Apple's motion for a preliminary injunction.

Michael A. Valek
February 20, 2013
Page 9

(January 22 Letter at 3.)  I followed up with extensive excerpts of similar testimony and noted that:

> All of these responses include "information relating to attempts to analyze, copy, imitate or design around Apple products that incorporate the particular functionality at issue in this case."  We also provided any responsive documents during preliminary injunction discovery, and will do so again in response to the current Subpoenas.  Therefore, we appear again to be in complete agreement.  Please let me know if your understanding differs.

(*Id.* at. 5.)  We understood this issue to be resolved.  On February 11, however, you suddenly claimed that Google was ignoring Apple on this issue:

> Google continues to ignore Apple's concerns regarding Google's Responses to these requests and topics.  Please confirm that Google has produced, or will produce, testimony and all documents responsive to Deposition Topic Nos. 8-9 and Document Request Nos. 14-15.  Since Google has refused or ignored Apple's prior requests to confirm that it will produce such we are at impasse and Apple expects to meet and confer with you regarding the same.

(February 11 Letter at 5-6.)  Your boilerplate language fails to address my letter of January 22, or even mention the points we made.  It does not set forth Apple's response or views regarding this issue.  We have been very clear about what we believe is appropriate, but Apple has not explained what it believes we should further provide.  It is simply not correct to state that "Google continues to ignore Apple's concerns regarding Google's Responses to these requests and topics."  Please respond specifically to my letter of January 22 and explain what (if any) categories of information you believe we should provide that we have not already agreed to provide.  Only then can we understand if the parties are truly at an impasse.

**4.      Document Request Nos. 7 & 8; Deposition Topic Nos. 1-3**

We have also come very far in our discussion regarding Google's production in response to Document Request Nos. 7 and 8, and Deposition Topic Nos. 1 through 3 – progress which your letter ignores entirely.  In the Subpoenas, Apple propounded Document Request Nos. Nos. 7 and 8, and Deposition Topic Nos. 1 through 3:

> 7.      Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

Michael A. Valek
February 20, 2013
Page 10

8.      Documents sufficient to show any and all differences between the Android
        mobile platform source code provided in response to Request No. 1 and
        the corresponding Android code publicly available from
        https://android.googlesource.com/platform/manifest, or through the
        process described at http://source.android.com/source/downloading.html.

1.      All documents and source code produced pursuant to Apple's Subpoena to
        Produce Documents, Information, or Objects served upon you on
        September 28, 2012, including without limitation the authenticity thereof.

2.      The Android mobile platforms (including any source code) used in any of
        the Accused Products.

3.      The differences, if any, between the Android mobile platform source code
        produced in response to Request No. 1 of Apple's September 28, 2012
        Subpoena for Documents, Information, and Objects to you and the
        Android code publicly available from
        https://android.googlesource.com/platform/ manifest, or through the
        process described at http://source.android.com/source/ downloading.html.

(Document Subpoena ¶¶ 7,8; Deposition Subpoena ¶¶ 1-3.)  In its Responses and Objections of
October 15, 2012, at least for Testimony Topic 2, Google confirmed that, "subject to and without
waiver of its general and specific objections, Google will produce a witness to testify regarding
this Topic, as relevant to the accused functionality in this action." (Testimony Responses and
Objections ¶¶ 2.)  As I noted above, we have already committed to produce, and will produce, all
source code we have that is relevant to Apple's allegations of infringement in this action.  These
requests, however, demand much more information, including for example all source code "used
in any of the Accused Products."  As I explained to you on November 30,  this source code is not
in Google's custody or control:

        We have already produced substantial source code, including applications and the
        Android framework itself.  So far we have produced versions of Android
        appearing on the Samsung Galaxy Nexus, including both Ice Cream Sandwich
        and Jelly Bean.  Your reviewers have seen much of this code, although not the
        additional code we produced on August 24, 2012, because no one from Apple has
        been to our facility since then.  In any event, Apple is well familiar with the
        structure and contents of this code from its prior visits.  In addition to the Galaxy
        Nexus, you have also asked about code on other Samsung devices, such as the
        Samsung Galaxy S III.  The framework source code for the other devices you
        listed, such as the Samsung Galaxy S III, is held by Samsung and Google does not
        have any source code to produce.  Google does provide Samsung with some
        applications, and we are working with Samsung to determine which versions of
        which applications appeared on Samsung's accused devices, and which are

Michael A. Valek
February 20, 2013
Page 11

therefore potentially relevant to this action.  In the meantime, however, we have
already produced substantial application code for the versions of applications
appearing on the Samsung Galaxy Nexus.

(November 30 Letter at 1-2.)  Rather than address our response, your February 11 letter once
again claims that Google refuses or ignores Apple's concerns:

Google continues to ignore Apple's concerns regarding Google's Responses to
these requests and topics.  Please confirm that Google has produced, or will
produce, testimony and all documents responsive to Deposition Topic Nos. 1-3
and Document Request Nos. 7 and 8.  Since Google has refused or ignored
Apple's prior requests to confirm that it will produce such we are at impasse and
Apple expects to meet and confer with you regarding the same.

(February 11 Letter at 5.)  Again, we cannot know from this boilerplate what categories of
documents you believe are missing from our production.  We have already committed to
produce, and will produce, all source code in Google's custody or control that is relevant to
Apple's allegations of infringement in this action.  If there is some other category of source code
you believe we should produce in response to these requests, please identify it.  Again, we do not
believe that the parties are at an impasse on this issue.

## 5.      Requests Involving the '604 Reexamination

Once again, your letter ignores the points Google has made throughout our discussion of
Google's production regarding the *inter partes* reexamination of U.S. Patent No. 8,086,604.

In the Subpoenas, Apple propounded Document Request Nos. 18-27 and 29, and Deposition
Topic Nos. 13 and 14 on Google seeking documents about the level of Google's involvement in
the *inter partes* reexamination of U.S. Patent No. 8,086,604.  In its Responses and Objections of
October 15, 2012, at least for some, Google confirmed that, "subject to and without waiver of its
general and specific objections, Google will produce non-privileged documents responsive to
this Request, located in response to a reasonable search and as relevant to the accused
functionality in this action."  (Document Responses and Objections ¶¶ 18-22; 26-27.)  Google
also confirmed that it would produce a witness on at least one deposition topic, stating that,
"subject to and without waiver of its general and specific objections, Google will produce a
witness to testify regarding this Topic, as relevant to the accused functionality in this action."
(Testimony Responses and Objections ¶ 13.)

On November 5, 2012, Apple wrote to Google:

## Deposition Topics 13 and 14

These topics relate to the Inter Partes Reexamination Request of U.S. Patent No.
8,086,604.  With regard to Topic 13, Google appears to limit testimony to "the

Michael A. Valek
February 20, 2013
Page 12

accused functionality in this action."  It is unclear how such a restriction would
apply to this particular topic.  This reexamination request was filed by Motorola
Mobility, LLC, a Google-owned company, and applies to one of the patents at
issue in this lawsuit.  Thus, the reexamination request relates to the validity of the
'604 Patent.  Google's attempt to limit the scope of its response to only what it
regards as "the accused functionality" is both vague and inapplicable in this
context.

With regard to Topic 14, Google apparently contends that any and all
conversations it or its counsel has had with Samsung regarding this reexamination
request are privileged.  First, privilege does not attach to any technical
communications between non-attorneys at two discrete, unrelated corporations
and Apple is entitled to testimony regarding such.  Second, Google fails to
articulate its position that any privilege relating to legal advice or work product,
which may have occurred, between these two separate companies is not waived
by the sharing of it.  Accordingly, Google's privilege claim over such
communications is suspect.

Accordingly, please confirm that Google will:  (1) provide Rule 30(b)(6)
testimony at least as to the scope of this topic it does not assert is privileged; and
(2) either articulate a proper basis for its assertion of privilege or withdraw the
same.  If Google is unwilling to do so, provide dates on which Google is available
for an in-person meet and confer regarding this Topic.

**<u>Document Requests 18-22</u>**

These Requests seeks various documents related to the '604 Reexamination
Request.  As explained above in the context of Deposition Topic 13, Google's
agreement to produce documents in response to these Requests, but only "as
relevant to the accused functionality in this action" is baseless in this context as
discovery into all aspects of the '604 Reexamination Request is reasonably
calculated to lead to the discovery of admissible evidence.  If Google intends to
withhold information relating to the '604 Reexamination Request on the grounds
that it is not relevant to what it regards as "the accused functionality," please
explain what documents Google seeks to withhold with this qualification and
explain, in detail, its position as to its legal basis for doing so.

(November 5 Letter at 7, 12.)  In response, we explained that these requests were irrelevant,
duplicative, and burdensome for a non-party:

As you know, Motorola Mobility LLC filed for reexamination of U.S. Patent
8,086,604.  Accordingly, Google will produce documents, subject of course to its

Michael A. Valek
February 20, 2013
Page 13

objections, responsive to Request Nos. 18-22 and 26-27, and a witness to testify to Topic No. 13.

Request Nos. 23-25 and Topic No. 14 call for irrelevant or privileged information. To the extent they do not, they are entirely duplicative of Request Nos. 18-22 and 26-27 and Topic No. 13.

To the extent that Request Nos. 24 and 25 call for privileged documents, they do not call for privileged documents that would require the production of a privilege log.  According to the Protective Order governing this case:

> The parties are not required to log Privileged Materials dated after April 15, 2011 (the "cut-off date").  Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity, or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log.

(Docket No. 171-1 at 8.)  Since the parties have agreed not to create privilege logs for documents dated after April 15, 2011, there is no reason for a non-party to be held to a more onerous obligation than those that are parties to the action.  For this reason, I am sure you will agree that Google need not create a privilege log for any privileged documents that may be responsive to these Requests.

(November 30 Letter at 3.)  In response, Apple wrote:

> Google refuses to produce testimony and documents in response to Deposition Topic No. 14 and Document Request Nos. 23-25, which seek communications between Google and Samsung's lawyers in this case and the lawyers involved in the *inter partes* reexamination of U.S. Patent No. 8,086,604, as well as documents relating to payments made by Samsung to Motorola Mobility, LLC to finance this reexamination.
>
> First, as explained before, the requested information is reasonably calculated to lead to the discovery of evidence demonstrating that Samsung is directing this *inter partes* reexamination, and that Samsung is acting in privity with Google and Motorola Mobility, LLC with respect to the same.  Accordingly, the preclusive effect given to arguments and prior art rejected during this reexamination should apply to Samsung in this case, just as it would if Samsung participated directly in the reexamination as opposed to using Motorola Mobility as a proxy.
>
> Second, even if the substance of some of these requested documents were privileged, the existence of communications between Samsung, Google, Motorola

Michael A. Valek
February 20, 2013
Page 14

> Mobility, and the lawyers involved in the reexamination proceeding is not
> relevant to establishing Samsung's involvement in the same.
>
> Thus, to the extent Google claims any of the documents responsive to Request
> Nos. 18-27 are privileged, Google is required to produce a privilege log.  The
> agreement in the Protective Order regarding a cutoff date for privilege log entries
> does not apply to Google.  While Google claims that producing a privilege log for
> such documents is "onerous," there is no burden to doing so unless, in fact, there
> are extensive communications between Samsung (or its litigation counsel) and
> Motorola Mobility (or its reexamination counsel) regarding the '604
> reexamination, which again would prove Apple's point that Samsung is acting in
> privity with Motorola Mobility with respect to the same.  There is no basis for
> Google to refuse to provide this discovery.

(December 10 Letter at 3.) This was a misunderstanding we could conclusively resolve, and I did
so on January 22:

> Your letter seeks "communications between Google and Samsung's lawyers in
> this case and the lawyers involved in the *inter partes* reexamination of U.S. Patent
> No. 8,086,604, as well as documents relating to payments made by Samsung to
> Motorola Mobility, LLC to finance this reexamination."  As we understand it,
> Apple's sole justification for this request is your desire to confirm whether
> "Samsung is directing this *inter partes* reexamination, and that Samsung is acting
> in privity with Google and Motorola Mobility, LLC with respect to the same."  I
> am happy to confirm that this is not correct.  I believe that assurance should
> resolve this issue; please let me know if it does not.

(January 22 Letter at 5.)  Apple did not reply, so we understood this issue to be resolved.  On
February 11, however, you seem to deliberately mischaracterize my assurance:

> As you can imagine, your assurance that Samsung is not directing the '604
> reexamination does not discharge Google of its discovery obligations.
> Nevertheless, thank you for agreeing that the issue is relevant and that Apple is
> entitled to know the truth.  Accordingly, Google must agree to produce testimony
> and all documents responsive to Deposition Topic No. 14 and Request Nos. 23-
> 25, and that Google will produce a privilege log for any such documents it
> withholds on that basis.  Based on your assurance, it appears that the production
> should be small and that any privilege log relating to these matters should be
> short.  Since Google has refused Apple's prior requests that Google produce this
> information we are at impasse and Apple expects to meet and confer with you
> regarding the same.

Michael A. Valek
February 20, 2013
Page 15

(February 11 Letter at 5-6.)  Needless to say, we did not and do not agree "that the issue is
relevant and that Apple is entitled to know the truth."  In the spirit of cooperation and
compromise, we attempted to provide you a voluntary assurance that mooted your asserted
reason for the relevance of these requests.  You have not asserted any other reason for their
relevance, although you apparently have one as you continue to assert that the topics are
relevant.  Please share that with us, so that we can respond to your proposal.

**6.      Document Request No. 35; Deposition Topic No. 12**

In the Subpoenas, Apple propounded Document Request No. 35, and Deposition Topic No. 12
on Google:

> 35.    All documents related to the revenue, profits, and costs associated with
> Slide to Unlock, Text Correction, Unified Search, Special Text Detection,
> Historical Lists, Alternative Call Return, and/or Data Synchronization
> software, features, or functionality.

> 12.    Revenue, profits and costs associated with any of the Accused Features.

(Document Subpoena ¶ 35; Deposition Subpoena ¶ 12.)  These topics suffer from two distinct
problems.  First, Apple's categories sweep in documents that bear no relation to this action.  As I
explained this in my letter of November 30:

> Apple's definitions of the terms "Slide to Unlock," "Text Correction," "Unified
> Search," "Special Text Detection," "Historical Lists," "Alternative Call Return,"
> and "Data Synchronization" in the Subpoenas are overly broad and encompass
> information not relevant to any party's claim or defense in the case.  For example,
> Apple's definition of the term "Text Correction" includes:

>> [S]oftware, features, and functionality in any of the Accused Products
>> relating to editing, correcting, modifying, changing, or replacing typed
>> text such as but not limited to letters, numbers, and punctuation marks, as
>> well as for the keyboards used by such functionality, and such use in the
>> email, Messaging, Contacts, or Calendar applications of the Accused
>> Products.

> (Subpoena at 2.)  This definition potentially includes keyboard functionality on an
> Android device not relevant to any assertion in the case, such as deleting text or
> using the cut-and-paste feature.  Google would be burdened if it were required to
> search for documents regarding this extremely broad scope, only to provide
> irrelevant documents to Apple.  Despite the broad definition of "Text Correction,"
> Apple's infringement contentions have accused very specific functionality within

Michael A. Valek
February 20, 2013
Page 16

> Android:  the Latin Android Keyboard and associated InputConnection.
> (*See* Docket No. 270-8.)

(November 30 Letter at 2.)  Although Apple has narrowed its technical requests in response to this point, is has not indicated whether it will similarly narrow these non-technical requests. Please let me know if you will do so.

Second and separately, these requests are improper for other reasons.  As I explained to you on November 30:

> Request No. 35 and Topic 12 request financial information from Google.  Again, Google is not accused of patent infringement in this case, so documents relating to Google's revenue, profits, and costs associated with the Patents-in-Suit are not relevant to the case.  You have not provided any basis for how such information is relevant in your letter.

(November 30 Letter at 4.)  In your December 10 letter, you said:

> Document Request No. 35 and Deposition Topic No. 12 seek financial information associated with the Accused Features, including development costs associated with the same, which Apple has explained previously are relevant to the damages issues in this case.
>
> Google's assertion that such information is irrelevant is based on a faulty premise, that is, that such documents are discoverable only if damages were sought from Google.  To the contrary, such documents evidence the profitability of the accused features and may serve to rebut arguments regarding alleged non-infringing alternatives, both of which are relevant to a reasonable royalty analysis.

(December 10 Letter at 4-5.)  In a footnote, you cited to *Unicol USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) for the proposition that "such documents evidence the profitability of the accused features and may serve to rebut arguments regarding alleged non-infringing alternatives, both of which are relevant to a reasonable royalty analysis."  (*Id.* at 5 n.1.)  But the cited page discussed the "25 percent rule," not the propriety of production of documents from non-parties to an action.  If there are cases that are relevant, please let us know; if you believe that *Unicol* itself is relevant, please explain why.

Michael A. Valek
February 20, 2013
Page 17

## 7.      Document Request No. 17 & Deposition Topic No. 11

Apple's Subpoenas asked Google to produce documents in response to Document Request No.
17 and Deposition Topic Nos. 11:

> 17.      All documents constituting, reflecting, or otherwise relating to any analysis,
> review, research, survey, consideration, or evaluation of the importance to
> consumers and consumer purchasing decisions of the ability or capability to
> search the Internet on a phone or other mobile device.

> 11.      The importance to consumers and consumer purchasing decisions of the
> ability or capability to search the Internet on a phone or mobile device.

(Document Subpoena ¶ 17; Testimony Subpoena ¶ 11.)  Google objected to Document Request
17 and Testimony Topic 11 as, among other things, overbroad.  (Document Responses and
Objections ¶ 17; Testimony Responses and Objections ¶ 11.)

Document Request 17 and Testimony Topic 11 are irrelevant and not reasonably calculated to
lead to the discovery of admissible evidence because Apple is not asserting a patent on "the
ability or capability to search the Internet on a phone or other mobile device."  As I explained on
November 30:

> Topic No. 11 and corresponding Request No. 17 are overbroad and not relevant to any
> party's claim or defense in the case.  Apple is not asserting a patent on "the ability or
> capability to search the Internet on a phone or other mobile device."  Thus, information
> relating to such a broad scope is outside the scope of Google's obligations under the
> Federal Rules of Civil Procedure.  Moreover, damages may not be shown merely because
> an accused product has one feature of a particular patent, as the Federal Circuit made
> clear in reversing the preliminary injunction against the Samsung Galaxy Nexus, "[t]o
> establish a sufficiently strong causal nexus, Apple must show that consumers buy the
> Galaxy Nexus because it is equipped with the apparatus claimed in the 604 patent – not
> because it can search in general, and not even because it has unified search."  *Apple Inc.
> v. Samsung Electronics Co.*, No. 2012-1507, slip. op. (Oct. 11, 2012.).

(November 30 Letter at 2-3.)  Your December 10 letter stated:

> As explained before, the information sought in these requests is relevant to, at a
> minimum, damages and reasonably calculated to lead to evidence regarding the value of
> the patented invention.  Google points out in its letter that Apple may need to show
> demand for the apparatus claimed in its search-related patents to establish a "strong
> causal nexus" for injunctive relief.  But that observation only serves to demonstrate one
> of the reasons why the information sought by these requests regarding the broader
> question of whether there is demand for search on a phone is discoverable.  Indeed, even

Michael A. Valek
February 20, 2013
Page 18

> if such information were not enough in and of itself to satisfy the requisite inquiry—it is
> still reasonably calculated to lead to the discovery of evidence that goes at least part of
> the way to satisfying the same.

(December 10 Letter at 3.)  Apple evidently seeks to re-litigate the Federal Circuit's decision of October 11.  The Court has already found that customer demand for "unified search" is, as a matter of law, irrelevant to Apple's claims regarding the '604 patent.  We have already agreed to search for similar documents, if any, that address the specific functionality accused of infringement.  (*E.g.*, Document Responses and Objections ¶ 11-13; Testimony Responses and Objections ¶ 4, 6, 7.)  If Apple believes that additional documents beyond those are relevant to its claims and defenses in this action, despite the Federal Circuit's findings, please explain how.

**8.      Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun**

On October 1, Apple served the Subpoenas on Google requesting:

> 36.     All documents related to meetings, communications and negotiations
> between Shin Jong-kyun of Samsung and Eric Schmidt of Google,
> including, but not limited to, the September 27, 2012 meeting in Seoul,
> Korea between Mr. Shin and Mr. Schmidt.

> 37.     All documents prepared by you in preparation for the September 27, 2012
> meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and
> any continuation thereof.

> 38.     All documents received from Samsung related to the planning,
> coordination, agenda, timing, topics of discussion, or rescheduling of the
> September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and
> Eric Schmidt, and any continuation thereof.

> 15.     The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun
> of Samsung and Eric Schmidt of Google, and any continuation thereof,
> including the purposes, intents, and goals of the meeting, preparations
> made for the meeting, subjects discussed during the meeting, and
> outcomes of the meeting.

(Document Subpoena ¶ 36-38; Testimony Subpoena ¶ 15.)  In its Responses and Objections of October 15, 2012, Google objected to these Requests and Topics.  After a long discussion between Apple and Google, we offered to resolve this issue in my letter of January 22:

> Your letter seeks information "involving the September 27, 2012 meeting
> between Eric Schmidt and Shin Jong-Kyun."  We do not believe this request is
> appropriate, but in the spirit of cooperation and comprise we will search for and

Michael A. Valek
February 20, 2013
Page 19

> produce, to the extent they exist, any relevant, non-privileged documents
> regarding this meeting that concern Apple's allegations of infringement in this
> action.  Therefore, once again, we believe we are in complete agreement on this
> issue.

(January 22 Letter at 5-6.)  Your letter of February 11 appears to misunderstand what we said:

> Based on Google's letter, Apple understands that Google will collect, review and
> produce any non-privileged documents relating to this meeting, to the extent such
> documents exist.  Please let me know if our understanding is correct because if it
> is not, Apple expects to meet and confer with you regarding this issue as well.

(February 11 Letter at 7.)  As I said in my letter of January 22, Google will produce documents
about this meeting to the extent they exist and to the extent they relate to Apple's allegations of
infringement in this action.  If Apple believes that a broader set of documents is relevant, please
explain why this is so.  To the extent the meeting addressed topics entirely unrelated to Apple's
allegations in this action, Google should not be required to produce any documents.

## 9.      Document Request Nos. 28, 29, 31 & 32

In the Subpoenas, Apple propounded Document Request Nos. 28, 29, 31, and 32:

> 28.     All documents related to communications between you and Samsung
> related to the Patents-in-Suit.

> 29.     All documents relating to the litigation between Apple and Samsung,
> entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al*. (12-CV-0630),
> including, but not limited to, communications between you and any third
> party related to the preliminary injunction issued in that case, the '604
> Patent, Unified Search, the Quick Search Box or any design changes to
> attempt to design-around the '604 Patent proposed by you.

> 31.     All documents relating to any of the Patents-in-Suit.

> 32.     All documents relating to when you first became aware of any of the
> Patents-in-Suit.

(Document Subpoena ¶ 28, 29, 31, 32.)  Again, Google is not accused of patent infringement, so
we do not understand the relevance of these requests.  Furthermore, these categories are directed

Michael A. Valek
February 20, 2013
Page 20

entirely at privileged communications.  The Federal Rules of Civil Procedure mandate that courts quash Document Requests like these.[1]

* * * * *

We look forward to Apple's response to our points above.  We expect that Apple will engage with our statements in this and our prior letters and provide responses in good faith, rather than ignore, as did your letter of February 11, the significant progress we have made.  You have also requested a date, within a two-week window, for a lead counsel meet and confer between Apple and Google.  We can confirm that we will be available for this discussion within the Northern District on Friday, March 15, 2013, which is within your requested window.  Again, however, Apple cannot wait until the meet and confer to engage with Google:  in the interim, you must work in good faith to narrow the issues between us.  Once Apple does so, I expect we will quickly resolve most if not all of the matters between us.

Very truly yours,

/s
Matthew S. Warren

---

[1]   Fed. R. Civ. P. 45(c)(3)(A)(iii) ("On timely motion, the issuing court must quash or modify a subpoena that… requires disclosure of privileged or other protected matter").

# EXHIBIT 18

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

March 6, 2013

VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California St.
22nd Floor
San Francisco, CA  94111-4788

Re:     Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I am writing in response to your letter of February 20, 2013 regarding Google's Responses and Objections to Apple's Subpoena to Testify at a Deposition and Google's Responses and Objections to Apple's Subpoena to Produce Documents (the "Responses").  Unfortunately, your letter confirms that we remain at impasse on most of the issues that Apple raised in my prior correspondence.  This letter identifies the issues Apple intends to discuss at our meet and confer on March 15, 2013.

Global Issues:

To date, Google has identified none of the third party consents it claims are necessary in order to produce its responsive documents.  As such, Apple assumes that no documents are being withheld on the basis of alleged third-party confidentiality.  If Apple's assumption is incorrect and Google is withholding documents on the basis of these objections, please let us know as soon as possible.

Additionally, Google still has not provided a privilege log.   As you know, Apple has been asking for a privilege log since November.[1]  Now that Google has begun its production, there can be no justification for any further delay in producing the requested log.  Relatedly, we noticed some questionable redactions in a number of the documents that Google recently produced, including but not limited to GOOG-NDCAL630-00049640, GOOG-NDCAL630-00049682, and GOOG-NDCAL630-00049717.  Accordingly, Apple asks that Google provide at our meet and confer:  (1) a date certain for the production of the privilege log, and (2) an explanation of Google's basis, if any, for the redactions on the above-identified documents.

---

[1]   *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 5, 2012).

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 2


Source Code Issues In Document Request Nos. 1-6:

In Apple's letter of February 11, 2013, we identified numerous deficiencies in Google's source code production.  Many of these same deficiencies were previously identified in Apple's letter of November 16, 2012.   Your letter does not address those deficiencies, nor does it identify Google's position as to whether it will produce the missing source code Apple has requested.


**First**, while your letter states that Google does not intend to withhold responsive source code, Google continues to refuse to confirm that it will produce (and provide a date certain for the same) of the source code for the following Google applications:

- Gmail (including both the code for the app and the code that communicates with Google's servers that transfers mail to and from the phone)

- Google Maps

- Google Now

- Google Play

- Google Play Music

- Google Play Movies and TV

- Google Play Book

- Google Market

- Browser app

- Contacts app

- Email app

- Gallery app

- Messaging app

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 3

- Picasa app

- Phone app

- Notes app

- Calendar app

- YouTube app

- Application Launcher

- Quick Search Box

As you know, Apple has been asking Google to produce code for such applications since November.[2]  Google has had months to investigate and respond to this issue.  Accordingly, please:  (1) confirm that Google will make the requested source code for the above-indicated applications available for inspection; (2) confirm that this code will be available for Apple to inspect beginning on March 15, 2013; and (3) to the extent Google refuses to produce source code for any of these applications, identify Google's position as to the source code it will and will not produce by March 8, 2013, and be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

**Second**, there are deficiencies with respect to each of the seven builds that were produced.  The following list identifies the folders for each build that were either missing or contained substantially no source code:



---

[2]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 16, 2012).

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 4



# GIBSON DUNN

Matthew S. Warren
March 6, 2013
Page 5



As indicated above, please:  (1) confirm that Google will correct the source code deficiencies
identified above; (2) confirm that the corrected source code will be available for Apple to
inspect beginning on March 15, 2013; and (3) to the extent Google refuses to correct any of
these deficiencies, identify Google's position as to the source code it will and will not
produce by March 8, 2013, and be prepared to discuss the same during our meet and confer
so that we can promptly bring it to the Court for resolution.

**Third**, there is no source code from any time after August 2012.  This means that Google has
not produced any code related to build JRO03O (Android version 4.1.1) or build JZO54K
(Android version 4.1.2).  Accordingly, please:  (1) confirm that Google will make the source
code relating to Android versions 4.1.1 and 4.1.2 available for inspection; (2) confirm that
this code will be available for Apple to inspect beginning on March 15, 2013; and (3) to the
extent Google refuses to produce this source code, identify Google's position as to the source
code it will and will not produce by March 8, 2013, and be prepared to discuss the same
during our meet and confer so that we can promptly bring it to the Court for resolution.

**Fourth**, as Apple has repeatedly noted, Google's production thus far has been limited to
source code for the Galaxy Nexus, even though Apple's subpoena dated September 28, 2012
additionally requests the Android source code Google provides to Samsung for use on other
Samsung products, including the: Samsung Galaxy S III – AT&T; Samsung Galaxy S III –
Sprint; Samsung Galaxy S III – T-Mobile; Galaxy S III – Verizon; Galaxy Note; Galaxy S II
Skyrocket; Galaxy S II Epic 4G Touch; Galaxy S II; Galaxy S II – T-Mobile; Galaxy S II –
AT&T; Illusion; Captivate Glide; Exhibit II 4G; Stratosphere; Transform Ultra; Admire;

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 6

Conquer 4G; Dart Smartphones; Galaxy Player 4.0 and Galaxy Player 5.0 media players; and Galaxy Note 10.1, Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets (the "Additional Devices").  Limiting Google's production to the source code used on the Galaxy Nexus is improper and inconsistent with Google's discovery obligations.[3]  Accordingly, please:  (1) confirm that Google will make available for inspection the source code for each of the different versions/releases of Android that it provides to Samsung for use on Samsung's Accused Products; (2) confirm that this code will be available for Apple to inspect beginning on March 15, 2013; and (3) to the extent Google refuses to produce this source code, identify Google's position as to the source code it will and will not produce by March 8, 2013, and be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

<u>Google's "Accused Functionality" Responses to Deposition Topic Nos. 4, 6, 7 and 10 and Document Request Nos. 11-13, 16 and 30:</u>

Based on your letter, it appears that the parties continue to be at impasse on this critical issue. Apple does not agree to the "Galaxy Nexus-only limitation" that Google seeks to impose. No such limitation appears in Deposition Topic Nos. 4, 6, 7 and 10 or Document Request Nos. 11-13, 16 and 30.  And no such limitation appears in Apple's infringement contentions, which are directed at the accused functionality identified therein.  Documents pertaining to that functionality are relevant to whether the accused functionality is added to the Android source code by Samsung or already present in the Android source code that Google provides to Samsung for use in any of Samsung's Accused Products.  Accordingly, responsive documents related to this accused functionality must be produced regardless of whether or not such documents specifically pertain to the Galaxy Nexus.

Google's attempt to withhold such materials from its production is improper.  Your suggestion that Samsung will produce documents for its products other than the Galaxy Nexus misses the point.  Apple subpoenaed Google seeking documents in *Google's* possession, custody or control.  Google cannot refuse to produce such documents because it thinks Samsung may be producing its own documents.  Indeed, given that Google and Samsung are separate companies and the fact that Google developed Android, which provides much of the accused functionality in this case, the set of responsive documents in Google's possession, custody or control is likely to be substantially different than the documents Samsung is producing.

---

[3]  To date, Google has declined to confirm that the Additional Devices use the same source code that was previously provided for the Galaxy Nexus.  Therefore, Apple can only assume that the source code used on those devices is different.

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 7

Apple has now twice asked Google to remove the improper "Galaxy Nexus-only" limitation that Google has imposed on Apple's requests, and Google has now twice refused to do so. Moreover, our review of Google's production to date confirms that Google has improperly limited the same with respect to this point.  We are at impasse.  Accordingly, please:  (1) confirm that Google will not limit its response to these topics to the Galaxy Nexus, but rather will produce responsive documents for the accused functionality identified in Apple's infringement contentions regardless of the specific product or Android build to which such documents might pertain; (2) provide a date certain by which Google will supplement its document production to provide these additional responsive documents and provide dates for deposition on these topics; and (3) to the extent Google refuses to do so in whole or in part, be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

Deposition Topic Nos. 8 and 9 and Document Request Nos. 14 and 15:

Based on your letter, it appears that Google is limiting its Responses to Topic Nos. 8 and 9 and Request Nos. 14 and 15 to documents or testimony relating to Google's attempts to copy, reverse engineer, design around or imitate Apple's products to the extent such attempts relate to the Accused Features in the Galaxy Nexus.  Apple does not agree to such limitation.[4]

By their express terms, these requests seek documents and testimony relating to *any* attempts to copy, reverse engineer, design around or imitate *any* Apple product running iOS.  Such products practice the patented features, and documents or information relating to attempts to copy or imitate both the specific accused functionality as well as those products generally, *e.g.*, documents providing a side-by-side comparison of iOS to Android or noting significant differences between the two, are relevant to the competition between Android-based products and Apple's iOS products.  Moreover, given Google's attempts to improperly limit its production, Apple is concerned that Google has not fairly interpreted the scope of Apple's contentions with respect to these requests and has failed to conduct an adequate search for such materials.  While you point to some deposition testimony on this subject in your prior letters, such testimony is not a substitute for Google's refusal to produce responsive documents, nor can it substitute for the additional deposition testimony Apple has requested.

---

[4]   Google's "Galaxy Nexus-only" limitation is improper for the same reasons indicated above.

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 8

Apple has been asking Google to withdraw its objections to producing documents responsive to these requests since November.[5]  Google has refused to do so.  Thus, we are at impasse.  Accordingly, Apple asks that Google:  (1) agree to produce documents and testimony responsive to the full scope of these requests; (2) provide a date certain by which Google will supplement its document production to provide such documents and provide dates for deposition on these topics; and (3) to the extent Google refuses to do so in whole or in part, be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

Deposition Topic Nos. 1-3 and Document Request Nos. 7 and 8:

Google cannot plausibly claim any confusion as to the source code that is subject to these requests.  Google knows perfectly well what source code it produced, and should have no trouble finding someone to testify about it.  Frankly, it is baffling that Google would continue to refuse to produce a knowledgeable witness to testify regarding its own source code.

Topic No. 2 merely seeks testimony on the Android mobile platforms used in any of the Accused Products.  Again, Google knows perfectly well which Android mobile platforms are used in the Accused Products, and should have no trouble finding one or more persons to testify about them.  For the reasons set forth above, Apple will not agree to limit Topic No. 2 to the Galaxy Nexus, as Google proposes.

Finally, Request Nos. 7 and 8 and Topic No. 3 seek documents and testimony relating to the differences, if any, between the Galaxy Nexus source code that Google has produced and the publicly available source code for Android.  Again, Google knows perfectly well what source code it produced, and should have no trouble providing documents and testimony relating to the differences, if any, between it and the publicly available source code of Android.  If, as it appears, Google is taking the position that it does not have any documents describing the differences between the Galaxy Nexus source code that it has produced and the publicly available source code for Android, then Google should withdraw its objections to Request Nos. 7 and 8 and agree to produce whatever responsive documents it has in its possession, custody or control.  Obviously, if there is nothing to produce, Google cannot legitimately claim burden.  As for Topic Nos. 1 and 3, if Google believes it will be burdensome to prepare a witness with respect to the full scope of this topic, we can explore ways to reduce that burden during our meet and confer discussion, for example, by identifying specific aspects of Google's source code for which Apple seeks testimony in advance of the deposition.  But in any event, Google's objections do not justify its wholesale refusal to produce a knowledgeable witness to testify regarding this topic.

---

[5]  *See* Letter from Michael A. Valek to Matthew S. Warren (Nov. 16, 2012).

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 9

Please confirm that Google will provide the requested documents and testimony.  Absent such confirmation, the parties are at an impasse, and Apple expects to meet and confer with you regarding this issue.

Deposition Topic No. 11 and Document Request No. 17:

Apple is not seeking to re-litigate the Federal Circuit's decision.  Contrary to the statement in your letter of February 20, 2013, the Federal Circuit did not find that customer demand for "unified search" is, as a matter of law, irrelevant to Apple's claims regarding the '604 patent.  To the contrary, the Federal Circuit explained that, in order to establish a causal nexus for irreparable harm, Apple must show that consumers buy the Galaxy Nexus because of demand for the specific accused functionality within unified search and not merely because of demand for unified search.  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 695 F.3d 1370, 1375-76 (Fed. Cir. 2012).  As Apple has explained before, documents relating to consumer demand for unified search generally may lead to the discovery of evidence that consumers demand the accused functionality within unified search specifically.  Thus, such documents are relevant and discoverable.  Because Google refuses to produce such documents, we are at impasse on this issue as well.  Accordingly, Apple asks that Google:  (1) agree to produce documents and testimony responsive to these requests; (2) provide a date certain by which Google will supplement its document production to provide such documents and provide dates for deposition on these topics; and (3) to the extent Google refuses to do so in whole or in part, be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

Documents Relating To the '604 Reexamination, Including Document Request Nos. 18-27 and Deposition Topic No. 14:

Apple repeatedly has explained the relevance of documents relating to the '604 Reexamination.  Indeed, as you acknowledge, I provided the following explanation in my letter of December 12, 2012:

> [T]he requested information is reasonably calculated to lead to the discovery of evidence demonstrating that Samsung is directing this *inter partes* reexamination, and that Samsung is acting in privity with Google and Motorola Mobility, LLC with respect to the same. Accordingly, the preclusive effect given to arguments and prior art rejected during this reexamination should apply to Samsung in this case, just as it would if Samsung participated directly in the reexamination as opposed to using Motorola Mobility as a proxy.[6]

---

[6]   *See* Letter from Michael A. Valek to Matthew S. Warren (Dec. 10, 2012).

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 10

To date, Google has provided no basis for disputing the relevance of this discovery.  Instead, you merely purported to represent, on *Google's* behalf, that Samsung was not directing the *inter pares* reexamination and was not acting in privity with Google and Motorola Mobility, LLC with respect to the same.  But as we previously explained, your assurances that Samsung is not directing the '604 reexamination does not discharge *Google* of its discovery obligations.

Your February 20 letter does not respond to this point.  Instead, Google incorrectly claims that Apple has not explained the relevance of these requests and again refuses to produce responsive documents for Request Nos. 23-25 and a log for documents responsive to any of these requests that Google is withholding on the basis of privilege.  Thus, we are again at impasse.  Accordingly, Apple asks that Google:  (1) agree to produce documents, testimony, and a privilege log for any withheld documents responsive to these requests; (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log and provide dates for deposition on these topics; and (3) to the extent Google refuses to do so in whole or in part, be prepared to discuss the same during our meet and confer so that we can promptly bring it to the Court for resolution.

Document Request Nos. 28, 29 and 31:

As you are aware, Apple repeatedly has explained the relevance of Request Nos. 28, 29 and 31.  Indeed, in my letter of December 12, 2012, I clearly explained that the requested documents are relevant to "issues related to Apple's claims for injunctive relief, including harm to third parties, public benefit, and irreparable harm, as well as damages-related issues such as demand for the accused features and the lack of available and acceptable non-infringing alternatives."[7]  To date, Google has not disputed the relevance of these requests.  At most, Google appears to claim that any responsive documents are, in its view, likely to be privileged.  Even if that were true, it does not justify Google's refusal to produce non-privileged documents, nor would it excuse Google from producing a log for those responsive documents it has withheld on the basis of privilege. Accordingly, Apple asks that Google: (1) agree to produce documents and/or a privilege log for any withheld documents responsive to these requests; (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log; and (3) to the extent Google refuses to do so in whole or in part, be prepared to discuss this issue during our meet and confer so that we can promptly bring it to the Court for resolution.

---

[7]  *See* Letter from Michael A. Valek to Matthew S. Warren (Dec. 10, 2012).

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 11


Deposition Topic No. 12 and Document Requests Nos. 32 and 35:

As Apple previously has explained, Request No. 35 and Topic No. 12 are relevant to damages because Android provides aspects of the accused functionality and the profitability of the Accused Features and Products are relevant factors under the *Georgia-Pacific* analysis.  *See, e.g., Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1209 (Fed. Cir. 2010) (explaining that, under *Georgia-Pacific* factor number 8, "a wide profit margin for accused products supports a higher reasonable royalty"); *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 4008193, at *4-5 (N.D. Ill. Oct. 13, 2010) (explaining that "the profitability of an infringing product is axiomatically relevant to the hypothetically negotiated license for the patented product," because "[i]f two products operate . . . within the claims of the relevant patent, then . . . both are 'product[s] made under the patent' for the purpose of *Georgia–Pacific* factor number 8.").  *See also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 2012 WL 5267014, at *6 (D. Nev. Oct. 25, 2012).  The fact that Google is not a party to this action is entirely irrelevant.  Google provides aspects of the accused functionality. Moreover, it has been widely reported that Google provides Samsung with a 10 percent cut of its mobile ad revenues.[8]  As such, Google's profits are directly relevant.  As for the purported overbreadth concerns that you raise, in the spirit of compromise, Apple will agree to limit Request No. 35 as follows: "Documents sufficient to show the revenue and profits that Google makes on all versions of Android that are used on the Accused Products."

Please confirm that Google will provide the requested documents and testimony.  Absent such confirmation, the parties are at an impasse, and Apple expects to meet and confer with you regarding this issue.

As for Request No. 32, as you are aware, I previously explained the relevance of the requested documents in my letter of December 10, 2012.  As I explained there, documents showing that Google was aware of the patents-in-suit prior to development of the accused functionality may demonstrate copying by others, which is a relevant "secondary consideration" in the non-obviousness analysis.[9]  To date, Google has provided no basis for disputing the relevance of such discovery.  At most, Google appears to be claiming that any responsive documents are privileged.  Even if that were true, it would mean only that Google should log all such documents in a privilege log.  Please confirm that Google will provide the requested documents and/or a privilege log.  Absent such confirmation, the parties are at an impasse, and Apple expects to meet and confer with you regarding this issue.

---

[8]   *See* Amir Efrati, *Samsung Sparks Anxiety at Google*, The Wall Street Journal (Feb. 25, 2013).
[9]   *See* Letter from Michael A. Valek to Matthew S. Warren (Dec. 10, 2012).

**GIBSON DUNN**

Matthew S. Warren
March 6, 2013
Page 12

<u>Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-
Kyun, Including Deposition Topic No. 15 and Document Request Nos. 36-38</u>:

Thank you for again confirming that Google will collect, review and produce any non-
privileged documents relating to this meeting, to the extent such documents exist and to the
extent that they relate to the Accused Features and Products.  To the extent that Google
purports to be limiting its productions to documents relating to the Samsung Galaxy Nexus,
we are at an impasse and Apple expects to meet and confer with you regarding this issue.

<u>Google's Refusal to Produce Diff and Directory List Printouts</u>:

Google continues to withhold production of diff and directory list printouts made during
Apple's source code inspection.  These documents are responsive to at least Request Nos. 7
and 8, are not privileged, and are relevant to show the lack of material differences between
the publicly-available versions of Android noted in Apple's infringement contentions and the
source code used on the accused Galaxy Nexus.[10]  Moreover, such documents are not source
code and thus not subject to the print out limitations imposed by the protective order.
Accordingly, there is no basis for Google to refuse to produce them.  Even more troubling is
Google's concurrent refusal to produce a witness to testify about such differences—thus
preventing Apple from obtaining evidence, either through documents or witness testimony,
on this highly relevant point.

Because Google refuses to produce these documents, we are at impasse on this issue.
Accordingly, Apple asks that Google:  (1) agree to produce these printouts immediately; (2)
confirm that it will produce any diff printouts Apple may make in the future; and (3) to the
extent Google refuses to do so in whole or in part, be prepared to discuss the same during our
meet and confer so that we can promptly bring it to the Court for resolution.

\* \* \*

As set forth above, it appears that the parties are far from resolving their differences
regarding Google's Responses.  Please confirm that Google's lead counsel is available to
meet and confer regarding these important issues on March 15, 2013.

---

[10]   The relevance of the directory listings is explained in Apple's letter of February 8, 2013.

# GIBSON DUNN

Matthew S. Warren
March 6, 2013
Page 13


Sincerely,


*/s/ Michael A. Valek*

MAV/dmh

# EXHIBIT 19

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

March 22, 2013


VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel Urquhart and Sullivan, LLP
50 California St.
22nd Floor
San Francisco, CA  94111-4788

Re:     Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I am writing to follow up on the issues that were discussed at our lead counsel meet and confer on March 19, 2013, regarding Google's Responses and Objections to Apple's Subpoena to Testify at a Deposition and Google's Responses and Objections to Apple's Subpoena to Produce Documents (the "Responses").

Source Code Issues:

Google represented that its production for all builds of the Galaxy Nexus source code—including the source code for the three most recent builds—would be 100% complete by March 29, 2013.  Google also acknowledged that the deficiencies in its production of source code identified by Apple would be fixed by March 29, 2013 as well.

Google represented that it already has produced and made available for inspection the source code for all versions of the following open-source applications: Browser, Contacts, Email, Gallery, Messaging, Phone, Notes, Calendar, and Application Launcher.  To the extent there have been deficiencies in Google's production with respect to these applications, Google represented that any such deficiencies would be corrected by March 29, 2013.

Google represented that it would complete its production of the source code for all versions of all other Google applications identified in Apple's March 6, 2013 letter by March 29, 2013.

Google represented that it would produce source code for the Honeycomb Android release by March 29, 2013.  As Apple explained, this code is relevant to Apple's infringement contentions regarding certain of the accused Samsung tablet products.

**GIBSON DUNN**

Matthew S. Warren
March 22, 2013
Page 2

Finally, Google stated that it would consider representing that Google does not provide any source code to Samsung other than the publicly available Android source code (with the exception of the source code for Honeycomb). As Apple explained, that representation would likely resolve its request for the additional source code identified as the fourth item on page 5 of Apple's March 6, 2013 letter. Please let us know by the close of business today whether Google will provide such a representation.

<u>Google's "Accused Functionality" Limitation (Request Nos. 11-16, 30 and 34; Topics 4, 6-10)</u>:

Google represented that it defined the "accused functionality" in terms of Apple's infringement contentions against the Galaxy Nexus and searched for documents based on that definition, but did not limit its production to Galaxy Nexus-related documents or any specific version or build of Android.

For the reasons previously stated, Apple does not believe that Google's limited definition of the accused functionality is consistent with Apple's definitions in the Subpoenas. In the interests of avoiding disputes where possible, however, please let us know by the close of business today whether Google will agree to search for documents relating to accused functionality in Apple's infringement contentions against the other accused products if Apple identifies the specific functionality, in addition to the functionality in Apple's contentions relating to the Galaxy Nexus, for which it seeks documents.

Finally, please confirm that Google will disclose its search terms and custodians to Apple by the close of business today. Such disclosure is necessary because, as Apple explained, Google's production does not reflect its representation that it has produced documents beyond those relating to the Galaxy Nexus. There appear to be no specification or requirements documents relating to the development or design or consumer research documents (*see* Request No. 16), regarding the following accused functionality: Historical Lists, Slide to Unlock, Data Synchronization, and Special Text Detection. While there is one or two such documents for the other accused functionalities, those documents are limited to the Ice Cream Sandwich version of Android (*see, e.g.*, GOOG-NDCAL630-00012328). Google suggested this was a new issue—it is not. Apple's Subpoena and letters dating back to fall of last year seek documents and testimony regarding the accused functionality as defined in its Subpoena, which is not limited to a particular accused device or Android release. If Google will not provide transparency into its search for responsive documents— we are at impasse and Apple will ask the Court to compel the same.

**GIBSON DUNN**

Matthew S. Warren
March 22, 2013
Page 3

Deposition Topic Nos. 8 and 9 and Document Request Nos. 14, 15 and 34:

Google represented that it would produce documents relating to, and designate a witness to testify regarding, any analysis, inspection, design around, copying, benchmarking, or use or comparisons of Apple's products to the extent that such documents or testimony relates to the accused functionality, including documents or testimony relating to copying generally if such documents encompass or implicate the accused functionality but excluding documents or testimony that relate solely to non-accused functionality.

Please provide a date certain for the completion of Google's production in response to Request Nos. 14, 15 and 34 and the names of Google's designees with respect to Topic Nos. 8 and 9.

Deposition Topic No. 1:

Google represented that it would designate a witness or witnesses on Topic No. 1 to the extent that the testimony sought relates to the accused functionality, with the exception that Google would not designate a witness or witnesses on the authenticity of the source code.

Please let us know as soon as possible whether Google will agree to stipulate to the authenticity of its source code and document production.  If Google will not so stipulate (and given its refusal to provide a witness on the same), we will be at impasse on this issue.

Deposition Topic No. 3 and Document Request Nos. 7 and 8:

Google represented it would produce documents responsive to Request Nos. 7 and 8, including any high-level summaries of any differences between the Galaxy Nexus source code and the publicly available Android source code.  In turn, Apple agreed it will not require Google to create previously non-existing documents in order to satisfy its discovery obligations with respect to Request Nos. 7 and 8.  Please provide a date certain for the production of any such documents.

Finally, Google represented that it would designate a witness or witnesses on Topic No. 3 if Apple makes a good faith effort to identify the specific topics in advance, in which case Google will make a good faith effort to prepare its witness or witnesses to testify regarding the topics that Apple identifies.

Deposition Topic No. 11 and Document Request No. 17:

Apple agreed to limit Topic No. 11 and Request No. 17 to Unified Search, as that term is defined in Apple's subpoenas.  Please confirm by the close of business today that Google

# GIBSON DUNN

Matthew S. Warren
March 22, 2013
Page 4

will withdraw its objections to Topic No. 11 and Request No. 17 and will provide the
requested documents and testimony.

Documents Relating To the '604 Reexamination, Including Document Request Nos. 18-27
and Deposition Topic No. 14:

Google represented that it would agree to log its communications up to the present with
Samsung and/or Motorola as they relate to the '604 reexamination, but would not agree to
log communications between Google's counsel at Quinn Emanuel and reexamination
counsel.  In response, Apple explained that Google's proposal was unacceptable because—
even assuming the communications at issue are privileged, which Apple does not concede—
it would allow Google to avoid having to log communications regarding the '604
reexamination between reexamination counsel and Samsung's lawyers at Quinn Emanuel
who are simultaneously representing Google.

Please let us know whether Google will agree to log communications between its
reexamination counsel and any lawyers at Quinn Emanuel, including yourself, that relate to
the '604 reexamination.  If Google will not agree to log all such communications, we are at
impasse on this issue.

Deposition Topic No. 12 and Document Requests Nos. 35:

Apple agreed to limit these requests to Mobile Ad revenues and profits relating to Android.
Please let us know by the close of business today whether Google will agree to produce
documents sufficient to show Google's mobile ad revenues attributable to the use of Android
on Samsung products as well as any portion of those revenues paid to Samsung by Google,
as well as a witness to testify regarding the same.  If Google will not agree to do so, we are at
impasse on this issue.

In addition, please also let us know whether Google will agree to produce those portions of
its agreements with Samsung that relate to the sharing or splitting of mobile ad revenues.
Such documents are responsive to Request No. 35.

Diff and Directory List Printouts:

Please confirm by the close of business today that Google will produce the directory list print
outs, per Apple's agreement to treat such print outs as printed source code under the
Protective Order.

With respect to diff printouts, Google represented that it would not produce diff printouts
absent a court order to that effect, but that it would agree to be bound by the Court's order on

# GIBSON DUNN

Matthew S. Warren
March 22, 2013
Page 5

Apple's pending motion to compel on this issue.  Please let us know by the close of business today whether Google intends to stand on this position.

<u>Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun, Including Deposition Topic No. 15 and Document Request Nos. 36-38</u>:

Based on the parties' prior correspondence, it is our understanding that Google will produce any non-privileged documents relating to this meeting, to the extent such documents relate to the accused functionality and products.  Please let us know if our understanding is incorrect.  Further, assuming our understanding is correct, please also provide a date certain by which Google will supplement its document production to provide such documents.

<u>Request No. 10 and Topic No. 5</u>:

In my letter dated November 5, 2012, I raised certain deficiencies with respect to Google's responses to Request No. 10 and Topic No. 5.  Please let us know whether Google will (1) agree to produce documents and/or a privilege log for any withheld documents responsive to Request No. 10, (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log, and (3) agree to designate a witness or witnesses on Topic No. 5.

<u>Request Nos. 28-29 and 31-32</u>:

Since November, Apple has been raising certain deficiencies with respect to Google's responses to Request Nos. 28-29 and 31-32.  Accordingly, please let us know whether Google will (1) agree to produce documents and/or a privilege log for any withheld documents responsive to these requests, and (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log.

<u>Third Party Consents</u>

Based on the parties' prior correspondence, it is our understanding that Google is not withholding any documents on the basis of purported third-party confidentiality obligations.  Please let us know if our understanding is incorrect.

<u>Privilege Log</u>

Please confirm a date certain for the production of a privilege log for at least pre-April 15, 2011 communications.  Also, to follow up on an issue that I raised in my letter dated March 6, 2013, please explain the mysterious redactions in a number of Google documents,

**GIBSON DUNN**

Matthew S. Warren
March 22, 2013
Page 6


including but not limited to GOOG-NDCAL630-00049640, GOOG-NDCAL630-00049682, and GOOG-NDCAL630-00049717.

* * *

We look forward to your prompt response to the issues set forth above.


Sincerely,


*/s/ Michael A. Valek*

MAV/dmh

# EXHIBIT 20

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

March 22, 2013

V̲I̲A̲ E̲L̲E̲C̲T̲R̲O̲N̲I̲C̲ M̲A̲I̲L̲

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:    Apple Inc. v. Samsung Electronics Co., Ltd., et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

Thank you for meeting and conferring this past Tuesday, March 19, 2013 regarding the production of non-party Google Inc. ("Google") in response to the subpoenas (the "Subpoenas") served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple").  I write to further our discussions in the hope that we can resolve the issues you raised – many for the first time on Tuesday – without burdening the Court.

1.      **Source Code**

After our discussions, it appears that we have no outstanding disagreements regarding Google's production of source code.  Google has agreed to produce all of the source code for all released

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000  FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

Michael A. Valek
March 22, 2013
Page 2

builds of the Galaxy Nexus, in the structure maintained within Google.  We will complete our production by March 29, 2013.  In addition, Google will produce all of the source code for all released versions of the accused closed-source applications, going back to Cupcake, including Gmail, Google Play Store/Android Market, Google Play Music, Google Play Books, Google Play Movies, Google Maps, and YouTube.  As we discussed, we will complete this production by March 29.  With respect to Apple's request for a source code relating to a "Picasa application," Google does not have this source code in its possession, custody or control and is unaware of a Google-developed "Picasa application" for Android devices.  During our discussion, you indicated that you would provide the source of your belief that a Google-developed Picasa application exists.  We look forward to receiving this information and, if we are incorrect, we will produce the requested source code relating to a "Picasa application."

For the open-source applications, we have produced all versions that have appeared on the Galaxy Nexus.  Samsung's implementation of these applications on its proprietary devices differs from Google's, and Google does not have the source code in its possession, custody, or control.  We therefore have no additional source code to provide with respect to Browser, Contacts, Email, Gallery, Messaging, Phone, Notes, Calendar, and Application Launcher.

Finally, for the first time during Tuesday's meet and confer, Apple requested Honeycomb source code.  Although Google believes that this request is not relevant to any issue in this case because Samsung modifies this code for use in its proprietary devices, in an effort to be cooperative with Apple, Google will produce all Honeycomb source code we provided to Samsung.  Although this is a new request raised for the first time on March 19, we cannot guarantee but will endeavor to produce this source code by the end of March.  At the latest, we expect to produce this source code no later than April 4, 2013.

We are unaware of any remaining issues between us regarding source code, but if you disagree, please let us know.

## 2.      Accused Functionality

After clarification during our discussions, we believe that there is no longer any dispute regarding Google's and Apple's understanding of the accused functionality in the case. Specifically, Google has not limited its production to documents concerning the Galaxy Nexus; instead, we have used Apple's accusations against the Galaxy Nexus because that is the only accused device for which Google has possession, custody, or control.  Google does not have knowledge regarding Samsung-proprietary source code in Samsung-proprietary devices such as the Galaxy S III, because Google did not write the code on those devices.

In your letter of today, you stated:

> In the interests of avoiding disputes where possible, however, please let us know
> by the close of business today whether Google will agree to search for documents

Michael A. Valek
March 22, 2013
Page 3

> relating to accused functionality in Apple's infringement contentions against the
> other accused products if Apple identifies the specific functionality, in addition to
> the functionality in Apple's contentions relating to the Galaxy Nexus, for which it
> seeks documents.

We agree with this approach, and we look forward to receiving your identification of specific
functionalities.

**3.      Efficacy of Google's Document Search**

Apple asserts that Google has not produced "technical specifications and requirements"
documents for certain of the accused functionalities, but that Google had produced these
documents for other accused functionalities.  In your letter of today, you provided a Bates
number as an example of the type of document you're looking for.  We will use this to guide our
renewed search for additional documents of this type.

During our meet and confer, for the first time you asked Google to share its search terms with
Apple.  We do not believe that Apple is entitled to insight into the mental impressions of
attorneys or that your request is either timely or appropriate.  However, in the spirit of
compromise and to cure any concerns you may have regarding the breadth of our search, we are
happy to review any lists of search terms Apple provides, and we will commit either to running
Apple's terms and reviewing the resulting documents, or to explaining why we cannot do so, for
example, because the proposed term is overly burdensome as it generates many false positives.
To the extent that any of Apple's proposed search terms are too broad, we will also work with
you to refine any over inclusive terms.  Of course, this proposal is premised on Apple's
agreement that any communications relating to search terms and Google's search methodology
will not waive any privileges held by Google.  We trust that this compromise will resolve any
concerns you have about the efficacy of Google's production.

**4.      Document Requests Nos. 14 & 15; Testimony Topics Nos. 8 & 9**

Google has already produced documents and testimony regarding Document Requests Nos. 14 &
15 and Testimony Topics Nos. 8 & 9 to the extent they relate to the accused functionality.  Any
dispute regarding this topic has therefore been resolved with our compromise described above
under Section 2.  Of course, to the extent Apple identifies specific functionalities under Section 2
above, we will search for those documents in this category as well.  Our witnesses for these
topics will be the same witnesses that we use for the technical topics, and will be divided by
accused functionality.

Michael A. Valek
March 22, 2013
Page 4

**5.      Testimony Topic No. 1**

On Tuesday, you asked Google to provide a witness to testify about "all documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof." Google has already agreed to produce a witness to testify about each of the accused functionalities.  Apple clarified that this request was simply a request for document authentication.  The burden of providing witnesses to testify about the authenticity of the produced documents and source code is unreasonable for a non-party.  For this reason we noted that Google would be open to working with Apple to formulate a stipulation regarding the authenticity of the production.  Your letter of today agrees.  Please provide a draft stipulation for review.

**6.      Document Requests Nos. 7 & 8; Testimony Topic No. 3**

For the first time on Tuesday, you asked for "high level" documents describing differences between Google's publicly available open-source code, and the source code that appears on the Galaxy Nexus.  Although we do not believe these documents exist in Google's possession, custody or control, and although Google has not excluded documents like this from its search and production, in the spirit of compromise, we agree to search again for these types of documents.  If any responsive, non-privileged documents are found, Google will produce them.

On Tuesday, you also asked Google to prepare a witness to testify about the differences between Google's publicly available open source code and the source code that appears on the Galaxy Nexus.  We explained that such testimony would need to be given by, not just one, but multiple Google engineers, which would be unduly burdensome.  In light of these concerns, Apple agreed to provide a reasonable list of the differences about which you will inquire, in advance of each deposition.  Although we do not believe that Google is required or a proper party to provide this testimony, in the spirit of compromise, we will agree to Apple's proposal as long as we receive this list two weeks in advance of each deposition.  Again, these witnesses will be the same witnesses that we designate for the technical topics, and will be divided by accused functionality. Please confirm your agreement.

**7.      Document Request No. 17; Testimony Topic No. 11**

During our discussions, you agreed to narrow these categories from documents or testimony about consumer demand for "searching the Internet on a phone or other mobile device" to documents or testimony about consumer demand for "unified search."  If it will resolve disputes on this issue, we will search again for documents regarding consumer demand for the functionality accused in Apple's infringement contentions, including the specific functionalities Apple identifies in response to Section 2 above.  Please confirm your agreement.

Michael A. Valek
March 22, 2013
Page 5

**8.       '604 Reexamination**

During our discussions on Tuesday, we attempted to reach a compromise position with Apple regarding the scope of the broad requests relating to the '604 reexamination.  Google offered to log communications between Samsung and either Google or Motorola relating to the '604 reexamination.  Apple rejected this proposal.  In an effort to compromise again, Google proposed to provide a declaration from a Google attorney supervising the reexamination certifying that Samsung is not directing or participating in Motorola's reexamination of the '604 patent, as long as Apple agreed that such declaration would in no way waive any privileges held by Google.  Apple rejected this proposal as well.

Apple's counterproposal was to insist that Google log *any* communications regarding the reexamination of the '604 patent between *any* Quinn Emanuel lawyers, including those who represent Google, and King & Spalding, the outside counsel handling the '604 reexamination.  This is improper, and Apple is not entitled to seek insight into communications between outside counsel for Google and Motorola, both non-parties to this action, simply because it believes (with no basis) that communications between Samsung and Google or Motorola relating to the '604 reexamination exist.  Notwithstanding the parties' agreement not to log documents beyond April 15, 2011, and the general impropriety and unreasonableness of this counterproposal, in an effort to avoid any unnecessary motions regarding a moot issue, without waiving any rights or privileges, we have investigated this issue and confirmed that there have been no communications between attorneys at Quinn Emanuel and attorneys at King & Spalding regarding the '604 reexamination.

**9.       "Diff" Printouts**

During our discussion, I noted that the issue of "diff" source code printouts is currently live between the parties in this case, and the subject of a pending motion to compel filed by Apple.  (*See* Dkt. 398.)  As you know, both Judge Grewal and Judge Koh have repeatedly noted that this litigation and the prior action between Apple and Samsung have unnecessarily consumed judicial time and resources.  Google believes that the most way to resolve this dispute is to agree that the outcome of Apple's pending motion to compel Samsung will control the dispute between Apple and Google as well.  This would enable a full resolution of issues between us without further burdening the Court.  Please let us know if you will agree with this approach.

**10.      Directory Printouts**

In addition to the "diff" printouts, Apple's source code reviewers also created printouts of directory listings when they visited our highly confidential source code computer on January 31, 2013.  In a letter dated February 8, 2013, your colleague Josh Furman took the position that "the restrictions on source code printing that you point to arguably do not apply as these directory listings do not themselves contain any confidential source code."  Google cannot agree to allow Apple to analyze Google's proprietary directory structures outside of the secure source code

Michael A. Valek
March 22, 2013
Page 6

review facility in contravention of at least Paragraphs 11(i) and 25(d) of the protective order. Of course, Google's code (and thus, the directory listings) will remain available for review inside the secure review facility, and Apple may continue to conduct its analysis there. Google does not believe that this protection hinders Apple's ability to analyze these directory listings, and Apple has provided no reason for needing to review the proprietary listings outside of the security facility.

**11.      Document Request No. 35; Testimony Topic No. 12**

Although these requests are limited to the accused functionalities in the Subpoenas, during our meet and confer on Tuesday you asked, for the first time, for documents and testimony regarding "all revenue associated with Android." You confirmed that this broad request included even revenue generated from users of non-Samsung devices, and also requested production of information regarding payments from Google (if any) to OEMs other than Samsung. We remain open to discussions regarding a suitable scope of production, but we do not agree to Apple's overweening request for "all revenue associated with Android." If Apple can narrow its request into a more reasonable and relevant scope, Google would be open to reevaluating this request.

**12.      Other Issues**

Your letter of today raises a number of issues that Apple and Google did not discuss at Tuesday's lead trial counsel meet and confer, including Google's privilege log; requests involving the September 27, 2012 meeting in Seoul, South Korea; Request No. 10 and Topic No. 5; and Request Nos. 28 through 29 and 31 through 32. I will confer with my client regarding these issues, and get back to you next week in the hope that we can resolve them without the necessity of another lead trial counsel meet and confer.

                    *    *    *    *    *

As I emphasized repeatedly in our discussions of Tuesday, Google believes that it has or will meet all of its obligations in responding to the Subpoenas. Google remains open to discussions with Apple in the hope of resolving any further open issues. I look forward to hearing from you.

Very truly yours,

/s
Matthew S. Warren

# EXHIBIT 21

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

March 24, 2013

<u>VIA ELECTRONIC MAIL</u>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:   <u>Apple Inc. v. Samsung Electronics Co., Ltd., et al., Case No. 12-630 (N.D. Cal.)</u>

Dear Mr. Valek:

I write on behalf of non-party Google Inc. ("Google") in response to your letter of March 22, 2013, regarding the subpoenas (the "Subpoenas") served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple").  In your letter, you expressed concern over the lack of "development or design documents" relating to the accused functionalities in Google's production.  Specifically, you stated:

> There appear to be no specification or requirements documents relating to the development or design or consumer research documents (*see* Request No. 16), regarding the following accused functionality:  Historical Lists, Slide to Unlock, Data Synchronization, and Special Text Detection.  While there is one or two

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Michael A. Valek
March 24, 2013
Page 2

such documents for the other accused functionalities, those documents are limited to the Ice Cream Sandwich version of Android (*see, e.g.*, GOOG-NDCAL630-00012328).

In response to your concern, we have reviewed our production and have found many such documents, including documents bearing Bates Nos. GOOG-NDCAL630-00024780 through GOOG-NDCAL630-00024785; GOOG-NDCAL630-00024797 through GOOG-NDCAL630-00024802; GOOG-NDCAL630-00025160 through GOOG-NDCAL630-00025166; GOOG-NDCAL630-00025167 through GOOG-NDCAL630-00025171; GOOG-NDCAL630-00028076 through GOOG-NDCAL630-00028083; GOOG-NDCAL630-00028085 through GOOG-NDCAL630-00028092; GOOG-NDCAL630-00028093 through GOOG-NDCAL630-00028100; GOOG-NDCAL630-00035862 through GOOG-NDCAL630-00035917; GOOG-NDCAL630-00038314 through GOOG-NDCAL630-00038326; GOOG-NDCAL630-00038327 through GOOG-NDCAL630-00038338; GOOG-NDCAL630-00038339 through GOOG-NDCAL630-00038341; GOOG-NDCAL630-00039417 through GOOG-NDCAL630-00039472; GOOG-NDCAL630-00039537 through GOOG-NDCAL630-00039568; GOOG-NDCAL630-00040410 through GOOG-NDCAL630-00040412; GOOG-NDCAL630-00046563 through GOOG-NDCAL630-00046578; GOOG-NDCAL630-00046579 through GOOG-NDCAL630-00046595; GOOG-NDCAL630-00046596 through GOOG-NDCAL630-00046632; and GOOG-NDCAL630-00053028 through GOOG-NDCAL630-00053034.

There are probably even more such documents, but we trust this list is sufficient to resolve your concern.  Please let me know if it does not.

Very truly yours,

/s
Matthew S. Warren

# EXHIBIT 22

# FILED UNDER SEAL

# EXHIBIT 23

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

March 26, 2013


VIA ELECTRONIC MAIL

Matthew S. Warren
Quinn Emanuel
50 California St.
22nd Floor
San Francisco, CA  94111-4788

Re:     Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I am writing in response to your letter dated March 22, 2013, in which you set forth Google's positions with respect to the various issues that were discussed at the lead counsel meet and confer on March 19, 2013, regarding Google's Responses and Objections to Apple's Subpoena to Testify at a Deposition and Google's Responses and Objections to Apple's Subpoena to Produce Documents (the "Responses").

Source Code Issues:

Thank you for confirming that Google will produce the following categories of source code: (1) all of the source code for all released builds of the Galaxy Nexus by March 29, 2013; (2) all of the source code for all versions of the accused closed-source applications, going back to Cupcake, including Gmail, Google Now, Google Play Store/Android Market, Google Play Music, Google Play Books, Google Play Movies, Google Maps, You Tube, and Quick Search Box, by March 29, 2013;[1] and (3) all Honeycomb source code that Google provided to Samsung by April 4, 2013.

While this resolves most of the source code issues, it does not resolve all of them.  During the lead counsel meet and confer on March 19, Google stated that it would consider representing that it does not make available to Samsung any source code other than the publicly available Android source code (with the exception of the source code for Honeycomb).  You did not address this issue in your letter.  Please let us know whether Google will provide such a representation.

---

[1]   You neglected to mention Google Now and Quick Search Box in your letter.  I am assuming this was an oversight on your part.  Please let me know if my assumption is incorrect.

# GIBSON DUNN

Matthew S. Warren
March 26, 2013
Page 2

Google's "Accused Functionality" Limitation (Request Nos. 11-16, 30 and 34; Topics 4, 6-10):

Thank you for confirming that Google will search for documents relating to accused functionality in Apple's infringement contentions against the other accused devices if Apple identifies the specific functionality for which it seeks documents.  We will provide that information shortly.

Unfortunately, Google's refusal to disclose its search terms and custodians leaves us at an impasse.[2]  While Apple is more than happy to propose search terms, it cannot agree to Google's proposal, which provides no visibility into the searches that have been done and no assurances that Google will use the search terms that Apple proposes.  There is a fundamental disconnect between what Google claims it has searched for and the documents that it has produced.  Disclosure of Google's search terms and custodians is necessary to address this issue.[3]

Deposition Topic Nos. 8 and 9 and Document Request Nos. 14, 15 and 34:

At the lead counsel meet and confer, Google represented that it would produce documents relating to, and designate a witness to testify regarding, any analysis, inspection, design around, copying, benchmarking, or use or comparisons of Apple's products to the extent that such documents or testimony relates to the accused functionality, including documents or testimony relating to copying generally if such documents encompass or implicate the accused functionality but excluding documents or testimony that relate solely to non-accused functionality.  In your letter dated March 22, however, you state that Google "has already produced documents and testimony regarding Document Requests Nos. 14 & 15 and Testimony Topics Nos. 8 & 9 to the extent they relate to the accused functionality."   I am confused by this statement.  If it is Google's position that it already has produced *all* documents responsive to Request Nos. 14, 15 and 34—including even documents relating to copying generally if such documents encompass or implicate the accused functionality—please so state.[4]  If it is Google's position that it already has produced *some* documents

---

[2]  You neglected to mention Apple's request that Google disclose its list of custodians.  I am assuming that Google is taking the same position with respect to custodians that is for search terms.  Please let me know if my assumption is incorrect.

[3]  Apple does not agree that such information is privileged.  *See, e.g.*, *FormFactor, Inc. v. Micro-Probe, Inc.*, 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012); *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 110 (E.D. Pa. 2010).   Regardless, Apple made clear at the lead counsel meet and confer that it would agree not to treat any such disclosure as a waiver.  Accordingly, Google's waiver concerns are unfounded.

[4]  You neglected to mention Request No. 34 in your letter.  I am assuming this was an oversight on your part.  Please let me know if my assumption is incorrect.

**GIBSON DUNN**

Matthew S. Warren
March 26, 2013
Page 3

responsive to Request Nos. 14, 15 and 34 but that its production is incomplete, please so state and provide a date certain for the completion of that production.

Deposition Topic No. 1:

Thank you for confirming that Google will designate a witness or witnesses to testify regarding each of the accused functionalities and will agree to stipulate to the authenticity of its documents and source code.  We will provide a draft stipulation.

Deposition Topic No. 3 and Document Request Nos. 7 and 8:

Thank you for confirming that Google will produce "high level" documents describing differences between Google's publicly available open-source code and the Galaxy Nexus source code.  Please provide a date certain for the production of any such documents.

Thank you for confirming that Google will designate witnesses on Topic No. 3 if Apple makes a good faith effort to identify the specific topics two weeks in advance of each deposition.  We will shortly provide an initial list of the differences for which we are seeking testimony.

Deposition Topic No. 11 and Document Request No. 17:

As I indicated in my letter dated March 22, 2013, Apple will agree to limit Topic No. 11 and Request No. 17 to Unified Search, as that term is defined in the Subpoenas, if Google will agree to withdraw its objections to Topic No. 11 and Request No. 17 and provide the requested documents and testimony.  Please let us know whether Google will agree to this proposal.

Documents Relating To the '604 Reexamination, Including Document Request Nos. 18-27 and Deposition Topic No. 14:

Thank you confirming that there have been no communications between attorneys at Quinn Emanuel and attorneys at King & Spalding regarding the '604 reexamination.  Having closed that loophole, please confirm that Google will log its communications up to the present with Samsung and/or Motorola as they relate to the '604 reexamination.

Deposition Topic No. 12 and Document Requests Nos. 35:

In my March 22 letter, I asked you to confirm whether Google will agree to produce documents sufficient to show Google's mobile ad revenues attributable to the use of Android on Samsung products as well as any portion of those revenues paid to Samsung by Google,

**GIBSON DUNN**

Matthew S. Warren
March 26, 2013
Page 4

as well as a witness to testify regarding the same.  In your March 22 letter, you did not respond to this proposal.  Please let us know whether Google will agree to provide such documents and testimony.  If not, the parties will be at an impasse.

In addition, please also let us know whether Google will agree to produce any agreements with Samsung that relate to the sharing or splitting of mobile ad revenues.

Diff and Directory List Printouts:

Your letter confirms that we are at impasse on this issue.

Requests Involving the September 27, 2012 Meeting Between Eric Schmidt and Shin Jong-Kyun, Including Deposition Topic No. 15 and Document Request Nos. 36-38:

Please confirm that Google will produce any non-privileged documents relating to this meeting, to the extent such documents relate to the accused functionality and devices.  Please also provide a date certain by which Google produce such documents.

Request No. 10 and Topic No. 5:

Please confirm that Google will (1) agree to produce documents and/or a privilege log for any withheld documents responsive to Request No. 10, (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log, and (3) agree to designate a witness or witnesses on Topic No. 5.

Request Nos. 28-29 and 31-32:

Please confirm that Google will (1) agree to produce documents and/or a privilege log for any withheld documents responsive to Request Nos. 28-29 and 31-32, and (2) provide a date certain by which Google will supplement its document production to provide such documents and its privilege log.

Third Party Consents

We continue to assume that Google is not withholding any documents on the basis of purported third-party confidentiality obligations.  Please let us know if our assumption is incorrect.

# GIBSON DUNN

Matthew S. Warren
March 26, 2013
Page 5


<u>Privilege Log</u>

Please confirm a date certain for the production of Google's privilege log.  Please also explain the basis for the redactions in such documents as GOOG-NDCAL630-00049640, GOOG-NDCAL630-00049682, and GOOG-NDCAL630-00049717.

* * *

We look forward to your prompt response to the issues set forth above.


Sincerely,


*/s/ Michael A. Valek*

MAV/dmh