# EXHIBIT 1

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendant.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Counter-Claimant,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　　Counter-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION (NOS. 552–556) TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, (collectively, "Samsung" or "Defendants") respond to Apple's Thirteenth Set of Requests for Production.  Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA  94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

### DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "Samsung," "you" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.

4.      "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604

5.      "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting,

comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

6.     "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

7.     "Jelly Bean" means version 4.1 of the Android operating system.

8.     "Ice Cream Sandwich" means version 4.0 of the Android operating system.

9.     "Honey Comb" means version 3 of the Android operating system.

10.    "Gingerbread" means version 2.3 of the Android operating system.

11.    "FroYo" means version 2.2 of the Android operating system.

12.    "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents-in-Suit, including each function identified in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

13.    "Samsung Practicing Devices" shall mean any product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit, including, but not limited to, "Products Practicing the Claimed Inventions" under Patent Local Rule Patent L.R. 3-1(g) identified by Samsung in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.  "Samsung Practicing Devices" shall also mean any product sold or offered for sale at any time by Samsung that Samsung does not contend practices any of the Samsung Patents-in-Suit but for which Samsung claims lost profits caused by Apple's alleged infringement of the Samsung Patents-in-Suit.

14.    "Samsung Patents-In-Suit" shall mean United States Patent Nos. 7,756,087; 7,551,596; 7,672,470; 7,577,757; 7,232,058; 6,282,179; 6,226,449; and 5,579,239, individually and collectively.

15.    "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files

for such source code, including files identifying (a) the date when code was checked in; (b) the identity of persons who coded and checked-in the code; and (2) an identification of such source code, including (a) version number(s), (b) the compiler used in the development of such source code and (c) the operating system used in the development of such source code.  Requests for Source Code cover prototypes, released and unreleased versions, and public and proprietary

16.     "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-LHK (PSG) in the Northern District of California, as well as their officers, directors, employees, agents and attorneys.

17.     "Competitive Products" means any and all products sold by a person or entity other than Samsung that compete or competed with the Accused Samsung Products.

18.     "Person" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

19.     "U.S. cellular carrier" means any company selling cellular phone services in the United States.

20.     "Document" has the broadest possible meaning permitted by federal rules of civil procedure rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in rule 1001 of the federal rules of evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

21.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

22.     The use of the singular form of any word includes the plural and vice versa.

23.     The singular is to be construed as including the plural and vice versa.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning

possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

## INSTRUCTIONS

1.      Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.      All documents should be produced as maintained in the ordinary course of business.

3.      Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 552:**

All Quarterly "Deep Dives" (similar in form or substance to SAMNDCA00380801) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 553:**

All Weekly Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-003860428; S-ITC-500105690-KHL; or S-ITC-005220907) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 554:**

All PSI Variance reports (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 555:**

All SMOP reports for any U.S. cellular carrier (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

1  **REQUEST NO. 556:**

2       All PMT Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-

3  600000226) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

4

5  Dated: Feburary 22, 2013

6                                                    GIBSON, DUNN & CRUTCHER LLP

7

8                                        By:   */s/Mark Lyon*_____
                                                **Attorneys for Apple Inc.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I, Heather Fischer, hereby certify that on this 22nd day of February, 2013, I did cause APPLE

INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND

COUNTERCLAIM PLAINTIFFS to be served on the parties identified below and in the manner so

indicated.

**<u>ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS</u>**
**<u>AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC</u>**

William C. Price
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Amar Tharkur
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
amarthakur@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

 <u>X</u>
   **BY ELECTRONIC MAIL TRANSMISSION** from hfischer@gibsondunn.com, by
   transmitting PDF copies of such documents to each such person identified above, at the e-mail
   address listed in their addresses.  The documents were transmitted by electronic transmission
   and such transmission was reported as complete and without error.

   I declare that I am employed in the office of a member of the bar of this Court at whose direction the
   service was made.

Dated:   February 22, 2013                    */s/ Heather Fischer*
                                              Heather Fischer

APPLE INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 12-cv-00630-LHK (PSG)                                                    7

# EXHIBIT 2

1    QUINN EMANUEL URQUHART &
     SULLIVAN, LLP
2    Charles K. Verhoeven (Bar No. 170151)
     charlesverhoeven@quinnemanuel.com
3    50 California Street, 22nd Floor
     San Francisco, California 94111
4    Telephone: (415) 875-6600
     Facsimile: (415) 875-6700
5
     Kevin P.B. Johnson (Bar No. 177129)
6    kevinjohnson@quinnemanuel.com
     Victoria F. Maroulis (Bar No. 202603)
7    victoriamaroulis@quinnemanuel.com
     555 Twin Dolphin Drive, 5th Floor
8    Redwood Shores, California 94065
     Telephone: (650) 801-5000
9    Facsimile: (650) 801-5100

10   William C. Price (Bar No. 108542)
     williamprice@quinnemanuel.com
11   Michael L. Fazio (Bar No. 228601)
     michaelfazio@quinnemanuel.com
12   865 South Figueroa Street, 10th Floor
     Los Angeles, California  90017-2543
13   Telephone:  (213) 443-3000
     Facsimile:  (213) 443-3100
14
     Attorneys for SAMSUNG ELECTRONICS CO.,
15   LTD., SAMSUNG ELECTRONICS AMERICA,
     INC. and SAMSUNG
16   TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

17                    UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19   APPLE INC., a California corporation,

20                    Plaintiff,

21          vs.

22   SAMSUNG ELECTRONICS CO., LTD., a
     Korean business entity; SAMSUNG
23   ELECTRONICS AMERICA, INC., a New
     York corporation; SAMSUNG
24   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
25
                      Defendants.
26

CASE NO. 12-CV-00630-LHK (PSG)

**SAMSUNG'S OBJECTIONS AND
RESPONSES TO APPLE'S THIRTEENTH
SET OF REQUESTS FOR PRODUCTION
(NOS. 552–556)**

27

28

02198.51990/5203755.2

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every Request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.    Samsung objects to the "Definitions" and "Instructions" contained in Apple's Twelfth Set of Requests for Production to the extent that they are inconsistent with the Federal Rules of Civil Procedure.

2.    Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent that it requires Samsung to pursue information from individuals no longer employed by Samsung and those whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent that it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to Requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.    Samsung objects to the definition of "Relating" as overbroad, vague and ambiguous on the grounds and to the extent that it requires Samsung to pursue information from individuals or entities whose data is not currently in the possession of Samsung.

4.    Samsung objects generally to each Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

5.    Samsung objects to these Requests on the grounds and to the extent that they are vague and ambiguous. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6.      Samsung objects generally to the Requests to the extent that they seek information from a times that is not within a reasonable time period, or seeks information about products outside the United States, on the grounds that such information is irrelevant.

7.      Samsung objects to these Requests to the extent that they seek to compel Samsung to generate or create information and/or documents that do not already exist.

8.      Samsung objects to each Request to the extent that it is duplicative or cumulative of another Request or other discovery.

9.      Samsung objects to each Request to the extent that it is compound and comprises discrete subparts resulting in separate Requests.

10.     Samsung objects generally to the Requests to the extent that they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

11.     Samsung objects generally to the Requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Samsung objects to the Requests on the grounds that they are overly broad, unduly burdensome, and oppressive to the extent that they purport to require Samsung to search Samsung's facilities and inquire of employees other than those facilities and employees that would reasonably be expected to have responsive information. Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the Requests on the grounds that they seek information that is already in the possession of Apple, is publicly available, or is as readily available to Apple as it is to Samsung.

14.     Samsung objects to the Requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony. Samsung's responses should not be construed to provide legal conclusions.

15.     Any objection made by Samsung does not constitute an admission or representation that relevant documents, information, or persons with knowledge exist or are known to Samsung.

16.     All products made on response to these Requests will be made pursuant to the Protective Orders in place in this litigation.

17.     Samsung objects to all Requests to the extent they purport to impose burdens or requirements that exceed or differ from the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

18.     Samsung objects to the Requests to the extent it is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative, or cumulative of other discovery, particularly insofar as they contain the terms "any" and "all."

19.     Samsung objects to the Requests on the grounds that discovery is continuing in this action, and Samsung has not yet completed its factual investigation. The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## SPECIFIC OBJECTIONS TO

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

## REQUEST FOR PRODUCTION NO. 552:

All Quarterly "Deep Dives" (similar in form or substance to SAMNDCA00380801) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

02198.51990/5203755.2

-3-                    Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S THIRTEENTH SET OF
REQUESTS FOR PRODUCTION (NOS. 552–556)

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 552:**

2        In addition to its Objections Common to All Requests for Production, which it hereby

3 incorporates by reference, Samsung objects to this Request to the extent that it seeks information

4 subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the

5 joint defense privilege, the common interest doctrine, and/or any other applicable privilege or

6 immunity. Samsung further objects to the Request to the extent that it is unduly burdensome,

7 and/or would require undue expense to answer. Samsung further objects to the Request to the

8 extent that it seeks documents containing confidential third party information, including

9 information subject to a non-disclosure or other agreement between Samsung and a third party.

10 Samsung further objects to the Request as vague and ambiguous with regard to the phrase "similar

11 in form or substance." Samsung further objects to the Request to the extent that it seeks documents

12 that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

13 to the discovery of admissible evidence. Samsung further objects to this Request to the extent that

14 it is duplicative of other Apple Requests for Production.

15        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

16 Deep Dives similar to document bates numbered SAMNDCA00380801 to the extent that such

17 documents refer or relate to the Accused Samsung Products or Samsung Practicing Devices, and

18 that may be located pursuant to a reasonably diligent search.

19

20 **REQUEST FOR PRODUCTION NO. 553:**

21        All Weekly Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-

22 003860428; S-ITC-500105690-KHL; or S-ITC-005220907) referring or relating to the Accused

23 Samsung Products or Samsung Practicing Devices.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 553:**

26        In addition to its Objections Common to All Requests for Production, which it hereby

27 incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit

28

information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent that it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as vague and ambiguous with regard to the phrase "similar in form or substance." Samsung further objects to the Request to the extent that it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period.  Samsung further objects to the Request to the extent that it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce Weekly Reports similar to documents bates numbered S-ITC- 003860428; S-ITC-500105690-KHL; or S-ITC-005220907 that refer or relate to the Accused Samsung Products or Samsung Practicing Devices, and that may be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 554:**

All PSI Variance reports (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 554:**

In addition to its Objections Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent that it seeks

documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as vague and ambiguous with regard to the phrase "similar in form or substance." Samsung further objects to the Request to the extent that it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period. Samsung further objects to the Request to the extent that it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce PSI Variance reports similar to document bates numbered SAMNDCA10452245 that refer or relate to the Accused Samsung Products or Samsung Practicing Devices, and that may be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 555:**

All SMOP reports for any U.S. cellular carrier (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 555:**

In addition to its Objections Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent that it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as vague and ambiguous with regard to the phrase "similar in form or substance."

Samsung further objects to the Request to the extent that it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period. Samsung further objects to the Request to the extent that it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce SMOP reports similar to document bates numbered SAMNDCA10452245 that refer or relate to the Accused Samsung Products or Samsung Practicing Devices, and that may be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 556:**

All PMT Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-600000226) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 556:**

In addition to its Objections Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent that it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as vague and ambiguous with regard to the phrase "similar in form or substance." Samsung further objects to the Request to the extent that it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period. Samsung further objects to the Request to the extent that

1  it seeks documents that are not relevant to the claims or defenses of any party and/or not

2  reasonably calculated to lead to the discovery of admissible evidence.

3        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  PMT Reports similar to document bates numbered S-ITC- 600000226 that refer or relate to the

5  Accused Samsung Products or Samsung Practicing Devices, and that may be located pursuant to a

6  reasonably diligent search.

7

8  DATED: March 25, 2013              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
9

10

11                                    By   /s/Michael L. Fazio
                                         Charles K. Verhoeven
12                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
13                                       William C. Price
                                         Michael L. Fazio
14                                       Attorneys for SAMSUNG ELECTRONICS CO.,
                                         LTD., SAMSUNG ELECTRONICS AMERICA,
15                                       INC. and SAMSUNG
                                         TELECOMMUNICATIONS AMERICA, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

February 22, 2013

**<u>Via Electronic Mail</u>**

Michael A. Valek
Gibson Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201-6912

Re:     <u>Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)</u>

Dear Counsel:

I write to follow-up on the parties' meet and confer on February 15-16, and to respond, in part, to Apple's letter dated February 19, 2013 on the same subject.  For convenience, the issues below are generally addressed in the same order as set forth in Apple's February 19th letter.  The following letter does not cover all topics addressed by the parties' at the February 15-16 meet and confer, and Samsung's issues with Apple's discovery responses will be addressed by separate letter.

**<u>Apple's Discovery Seeking Samsung Financial Information (Apple Request Nos. 314, 316, 425, 426, 433, 436; Apple Interrogatory Nos. 30-31)</u>**

Apple stated that it seeks gross financial information, such as gross revenues and gross profits responsive to Apple Request No. 314 and Apple Interrogatory No. 30.  Apple confirmed that it will produce such gross figures for the accused Apple products.  In response to Samsung's proposal for a mutual agreement not to produce gross financial information, Apple stated that it was not amenable to such an agreement; that Apple will produce gross financial information for the accused Apple products; and Apple expected a comparable production of gross revenue and gross profit figures for the accused Samsung products from Samsung.  Though Apple did not

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

articulate at the meet and confer why it contends it needs gross financial information, or why the scope of the financial information that Samsung has agreed to produce is insufficient for any purpose, Samsung stated that it would consider whether it will produce gross financial information for the accused Samsung products and it will inform Apple of its position on March 1, 2013.

With respect to PUMI reports that are sought by Apple Request No. 436, Samsung noted that it has sought comparable documents from Apple through Samsung's Request No. 199, and Apple has declined to produce such pricing documents even though Samsung has agreed to produce comparable information through its PUMI reports. Apple agreed to consider whether it will produce the pricing information requested by Samsung in response to Request No. 199 and will inform Samsung of its position on March 1.

As to business plans, Samsung agreed to provide the bates number for the unredacted version of the 2012 STA business plan, to the extent that this document has been produced in unredacted format, on March 1. Additionally, and consistent with Samsung's response to Apple Request No. 433, Samsung proposed producing its 2013 business plans in connection with the parties' mutual exchange of financial information at a date to be determined (though Samsung proposed, and Apple agreed to consider, May 1 as a mutual production date). Apple stated that it would consider including these business plans as part of the parties' mutual exchange of information, and Apple will inform Samsung on March 1 if it is agreeable to including these documents as part of the parties' mutual exchange.

With respect to "flux analyses" (Request No. 426) and profit and loss statements for the accused Samsung products (Request No. 425), we are conferring and will provide a response on March 1.

As to "deep dives," Samsung noted that Apple has not propounded a request seeking such documents. Apple stated it would propound a request for these documents. Though in Apple's February 19th letter, Apple states that the "issue is moot in light of Apple's newly-served request for 'deep dive' documents," Samsung has not yet received such requests for production. Samsung will provide a further response on March 1. Notably, Apple's letter dated February 19 references "similar market research reports." It is unclear to Samsung what documents Apple is referencing.

Additionally, in its February 19th letter, Apple contends that "Apple explained that 'PMT,' 'PSI Variance' and 'SMOP' reports … appear to contain information pertaining to competition between the Samsung accused products and Apple's own products." Samsung's counsel does not recall this discussion at the February 15-16 lead trial counsel meet and confer. To be sure, Samsung stated that Apple had not requested these documents through a request for production, and Apple agreed to propound one. This was the extent of the parties' discussions regarding these documents. Samsung will further consider Apple's request for these documents after Samsung receives Apple's "newly served" document requests referenced in Apple's February 19th letter seeking them.

As to the accessory data sought by Apple Request No. 316 and Apple Interrogatory No. 31, Samsung noted that it has propounded comparable discovery upon Apple (Samsung Request No. 202) and, in response, Apple has declined to produce documents. Apple agreed to let Samsung

2

know on March 1 if Apple is agreeable to producing accessory data and, assuming Apple agrees to produce, whether such production will be consistent with the limitations set forth in Samsung's responses to Request No. 316 and Interrogatory No. 31 to net data.

Lastly, Samsung proposed that the parties agree to a mutual exchange of financial information on May 1.  This mutually exchanged information would include financial spreadsheets for the accused and covered products.  Samsung continues to request this May 1 exchange date, as opposed to the April 1 date proposed by Apple in its letter of February 19.  Samsung also proposed a mutual narrowing of the scope of financial information sought by the parties, to include the parties' agreement to mutually forgo production of bills of materials, cost component data, and data regarding volumes of returns and reasons for returns.  Apple stated that it will consider Samsung's narrowing proposal and respond to it on March 1.

### Apple Interrogatory No. 22 and Diff. Printouts

Samsung will address these issues by separate letter.

### Apple's Second Set of Requests for Production, Requests Nos. 103, 107 and 111

The parties discussed Request Nos. 103, 107 and 111, which generally seek information regarding the bada platform.  Samsung stated that it does not presently intend to rely upon bada, but it could not know with certainty whether it will rely on bada in the future.  The parties agreed that if Samsung's current intention regarding not relying upon bada changes, then Samsung will promptly inform Apple of this change in position and Samsung agreed that Apple's Request Nos. 103, 107 and 111 would properly encompass any document requests related to the bada platform.  Samsung notes that its agreement in this regard is based upon the representations set forth by Apple in its letter dated January 10, 2013 regarding the bada platform.

### Apple's Third and Seventh Requests for Production

### Request No. 168

Samsung proposed that it limit the scope of its production consistent with the limited scope of Apple's production under a comparable request – Samsung's Request No. 159.  Specifically, in response to Samsung's Request No. 159, Apple narrowed the scope of documents it agreed to produce to "documents [that] describe features and functionality accused by Samsung in its Infringement Contentions."  Samsung proposed a comparable limitation with respect to Apple's Request No. 168.  Apple said it would consider the parties' mutual limitations as to these comparable requests and inform Samsung of its position on March 1.

### Request No. 171

Samsung stated that it has limited the scope of its production in response to Request No. 171 to conception/reduction to practice documents because Apple has similarly limited the scope of its production in response to a comparable request propounded by Samsung – Samsung's Request No. 55.  Apple stated that it would consider the parties' mutual limitations and inform Samsung of Apple's position on this issue on March 1.

**Request No. 172**

Samsung stated that, in addition to documents it has agreed to produce in response to this request, invention disclosure forms are also responsive to Apple's Request No. 172.  Samsung noted its view that such forms are privileged.  Samsung stated that it would log the forms on its future privilege logs in accordance with the parties' Stipulation regarding Electronic Discovery.  The parties discussed a mutual exchange of privilege logs containing each other's invention disclosure forms, though no agreement was reached.  Apple did not definitively state whether it was taking the position that its invention disclosure forms are privileged.  Please inform Samsung's of Apple's position on this issue by March 1.

**Request No. 204**

Samsung proposed to produce documents subject to the following narrowing of this Request: For each of the Samsung Patents-In-Suit, all documents relating to any disclosure or publication of the subject matter described by the asserted claims of the Samsung patents in suit, where the parties agree that "subject matter" and "invention claimed" mean the same thing.  Apple stated that it would inform Samsung if this proposal was agreeable by March 1.

**Request No. 220**

The parties discussed the scope of this request, and mutually exchanging information sought by this request and comparable Samsung requests, to include a list of pertinent licensing personnel.  Though no resolution was reached on this issue, the parties agreed to consider such a compromise.

**Request No. 230**

Samsung described its search efforts for documents responsive to this request, to include imaging of hard drives of Samsung employees involved with marketing Samsung products at issue in this case.  Samsung noted that these search efforts had captured, and continued to capture, documents responsive to this request.  Samsung further noted that the financial spreadsheets – comparable to those produced in the 1846 action and which Samsung has proposed the parties mutually exchange on May 1 – would also contain information responsive to this request.  Samsung noted the overbreadth of this request, but nonetheless indicated that if Apple believed any particular document was encompassed by this request that Samsung's search efforts were not capturing, then Samsung was agreeable to discussing whether any such documents identified by Apple should be searched for and produced.  Samsung noted that, at present, Samsung is not withholding documents based upon its objections to this request.  Samsung, however, did not provide an unqualified representation to produce, as Apple seems to state it did in Apple's letter dated February 19, 2013.

**Request No. 232**

Samsung noted that Apple's Request No. 232 is comparable to Samsung's Request No. 199.  Specifically, Samsung seeks information from Apple comparable to Samsung's PUMI reports.

Apple said it would consider whether it is willing to produce such documents in response to Samsung's Request No. 199, and Apple will inform Samsung of its position by March 1.

**Request No. 233**

With respect to Request No. 233, Samsung disagrees with Apple's statement in its February 19th letter that Samsung "agreed to produce documents responsive to this request to the extent Apple agrees to produce documents responsive to similar requests …." Rather, Samsung stated that it will consider the scope of documents sufficient to respond to Apple's Request No. 233, and Samsung understands that Apple is concurrently considering the scope of documents sufficient to respond to Samsung's comparable requests set forth in Samsung's Ninth Set of Requests for Production.

**Request No. 416**

Samsung noted the overbreadth of this request, and that – assuming Samsung propounded a comparable request – Apple was not amenable to producing documents to Samsung in response to such a comparable request – that is, a request that seeks all documents regarding submissions to standards setting organizations that contain a term similar to a term that appears in an Apple patent-in-suit. Samsung noted that Apple's request seeks all documents related to "on-screen displays" even though different terminology is used in the '470 patent (which uses the terms "on screen window display" and "on screen window menu display"). Samsung also noted that Apple did not define the term "on-screen display" and because of the overbreadth of this request, it could potentially encompass documents going back to analog televisions from the 1970s. Samsung further noted that the '470 patent does not require compliance with any standard. Apple did not dispute these points.

Nonetheless, in an effort to narrow the dispute, Samsung stated that it would consider producing submissions to standards setting organizations related to the '470 patent.[1] Apple stated that it would consider narrowing its request to submissions to standards setting organizations related to the subject matter of the '470 patent. The parties stated that they will let each other know if either of these limitations is agreeable by March 1.

**Apple's Fourth Set of Requests for Production**

**Request Nos. 268, 269 and 273**

Apple proposed limiting each of these requests to documents relating to the accused features. Samsung stated that it will consider this offer and respond by March 1.

---

[1]  In this regard, Samsung disagrees with Apple's statement in its February 19th letter that Samsung "proposed that they produce documents related to the submission *or consideration* of the '470 to the on screen display standard." (emphasis added). Rather, Samsung's proposal made at the parties' meet and confer is accurately characterized above.

**Request No. 275**

Apple proposed that Samsung limit the scope of this Request to documents relating to the value of the accused features and similar technology.  Samsung responded that it may be amenable to this limitation if Apple agreed not to use the limitation under this Request to argue that a similar limitation under other requests was therefore reasonable.  Apple said it would consider Samsung's proposal and let Samsung know by March 1 if Samsung's limitation was agreeable. Samsung is likewise considering Apple's proposed limitation and will inform Apple of its position on March 1.

**Request No. 276**

Samsung will confirm the completeness of its production regarding agreements between Samsung and Google regarding the accused Samsung products, and noted that several such agreements previously have been produced in this case.  To the extent that this production is not yet complete, Samsung will supplement its production.

**Request Nos. 307-308**

Apple offered to limit these two requests to the accused Samsung products.  Samsung is considering Apple's offer and will respond on March 1.

**Supplementation of Interrogatories**

With respect to Apple's proposal regarding the parties' interrogatories that seek the identification of persons supporting their affirmative defenses, Samsung will consider Apple's proposal and the parties may resume this conversation during their upcoming telephonic meet and confer.

**Conception and Reduction to Practice Documents for the '058, '179 and '470 patents**

To clarify, Samsung states that it recently made a supplemental production of documents related to conception and reduction to practice for the '470 patent.  Samsung will provide the date and bates range of that production, along with dates of production and bates ranges for additional conception and reduction to practice documents for the '470, '058 and '179 patents on March 1.

**Samsung's Former Employee Inventor Documents**

Samsung noted that as to Apple former employees and inventors, Apple recently stated that "it no longer has any documents at all from their files, namely the files of Thomas Bonura, David Wright, Bonnie Nardi, and Stephen Capps – all of whom left Apple's employ eight or more years ago."  *See* Letter from Silhasek to Fazio dated February 13, 2013 at 1-2.  With respect to former Samsung employees and inventors Jae-Hoon Lee, Kwang-Bok Lee, Jin-Chul Lee and Youn-Hyoung Heo, Samsung made a comparable representation – that Samsung no longer has documents from these four former Samsung employees and inventors.  Samsung also noted that these employees left Samsung several years ago and that the dates of their departure from Samsung are reflected in documents that have been produced.  The parties stated they would

consider whether each would request that the other provide further information regarding retention of former employee documents.

### **Resumed Depositions of Young-Bum Kim and Ju-Ho Lee**

Apple offered to resume Mr. Kim and Mr. Lee's depositions in Seoul; on or around dates of depositions currently scheduled in April 2013 in Seoul; and with both depositions to take place on the same day with a limit of 3.5 hours each.  Given the number of issues that Samsung is separately responding to on March 1, Samsung intends to provide a response to Apple's offer on March 1.

Very truly yours,

Michael L. Fazio

# EXHIBIT 4

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Cal. Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     Kevin A. Smith (Bar No. 250814)
3    kevinsmith@quinnemanuel.com
     50 California Street, 22nd Floor
4    San Francisco, California 94111
     Telephone: (415) 875-6600
5    Facsimile: (415) 875-6700

6    Kevin P.B. Johnson (Cal. Bar No. 177129)
     kevinjohnson@quinnemanuel.com
7    Victoria F. Maroulis (Cal. Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
8    555 Twin Dolphin Drive 5th Floor
     Redwood Shores, California 94065
9    Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
10
     William C. Price (Bar No. 108542)
11   williamprice@quinnemanuel.com
     Patrick M. Shields (Bar No. 204739)
12   patrickshields@quinnemanuel.com
     865 S. Figueroa St., 10th Floor
13   Los Angeles, California 90017
     Telephone: (213) 443-3000
14   Facsimile: (213) 443-3100

15   Attorneys for Samsung Electronics Co., Ltd.,
     Samsung Electronics America, Inc., and Samsung
16   Telecommunications America, LLC

17                          UNITED STATES DISTRICT COURT

18            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
     APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK
20
              Plaintiff,
21
          vs.                                     NOTICE OF DEPOSITION OF BAS
22                                                ORDING
     SAMSUNG ELECTRONICS CO., LTD., a
23   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a
24   New York corporation; SAMSUNG
     TELECOMMUNICATIONS
25   AMERICA, LLC, a Delaware limited liability
     company,
26
              Defendants.
27

28

02198.51981/4983902.1
                                                      Case No. 12-cv-00630-LHK
                                            NOTICE OF DEPOSITION OF BAS ORDING

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4    the deposition upon oral examination of Bas Ording.    The deposition will commence on

5    November 28, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6    Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7    taken before a notary public or other authorized officer and will continue from day to day until

8    concluded, or may be continued until completed at a future date or dates.

9         PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
14

15

16                                   By  /s/ Patrick M. Shields
                                     _____
17                                   Patrick M. Shields
                                     Attorney for SAMSUNG ELECTRONICS CO.,
18                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                     INC., and SAMSUNG
19                                   TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF FREDDY ANZURES** |

Case No. 12-cv-00630-LHK

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3   Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4   the deposition upon oral examination of Freddy Anzures.    The deposition will commence on

5   November 7, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6   Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7   taken before a notary public or other authorized officer and will continue from day to day until

8   concluded, or may be continued until completed at a future date or dates.

9        PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10  30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13  DATED: October 3, 2012              QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
14

15

16                                      By  /s/ Patrick M. Shields
                                           _____
17                                         Patrick M. Shields
                                           Attorney for SAMSUNG ELECTRONICS CO.,
18                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
19                                         TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF GORDON FREEDMAN** |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3  Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4  the deposition upon oral examination of Gordon Freedman.    The deposition will commence on

5  November 29, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6  Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7  taken before a notary public or other authorized officer and will continue from day to day until

8  concluded, or may be continued until completed at a future date or dates.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10  30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13  DATED: October 3, 2012             QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
14

15

16                                     By  /s/ Patrick M. Shields
                                       _____
17                                     Patrick M. Shields
                                       Attorney for SAMSUNG ELECTRONICS CO.,
18                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
19                                     TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF GREG CHRISTIE** |

1        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3   Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4   the deposition upon oral examination of Greg Christie.    The deposition will commence on

5   November 12, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6   Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7   taken before a notary public or other authorized officer and will continue from day to day until

8   concluded, or may be continued until completed at a future date or dates.

9        PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
14

15

16                                      By  /s/ Patrick M. Shields

17                                         Patrick M. Shields
                                           Attorney for SAMSUNG ELECTRONICS CO.,
18                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
19                                         TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **NOTICE OF DEPOSITION OF IMRAN CHAUDHRI** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4    the deposition upon oral examination of Imran Chaudhri.   The deposition will commence on

5    November 19, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6    Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.   The deposition will be

7    taken before a notary public or other authorized officer and will continue from day to day until

8    concluded, or may be continued until completed at a future date or dates.

9       PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012              QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
14

15

16                                       By  /s/ Patrick M. Shields
                                         _____
17                                       Patrick M. Shields
                                         Attorney for SAMSUNG ELECTRONICS CO.,
18                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                         INC., and SAMSUNG
19                                       TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF KEITH MORTENSEN** |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3 Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4 the deposition upon oral examination of Keith Mortensen.   The deposition will commence on

5 November 5, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.   The deposition will be

7 taken before a notary public or other authorized officer and will continue from day to day until

8 concluded, or may be continued until completed at a future date or dates.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10 30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13 DATED: October 3, 2012                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
14

15

16                                By  /s/ Patrick M. Shields
                                  Patrick M. Shields
17                                Attorney for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
18                                INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Charles K. Verhoeven (Cal. Bar No. 170151)
2    charlesverhoeven@quinnemanuel.com
     Kevin A. Smith (Bar No. 250814)
3    kevinsmith@quinnemanuel.com
     50 California Street, 22nd Floor
4    San Francisco, California 94111
     Telephone: (415) 875-6600
5    Facsimile: (415) 875-6700

6    Kevin P.B. Johnson (Cal. Bar No. 177129)
     kevinjohnson@quinnemanuel.com
7    Victoria F. Maroulis (Cal. Bar No. 202603)
     victoriamaroulis@quinnemanuel.com
8    555 Twin Dolphin Drive 5th Floor
     Redwood Shores, California 94065
9    Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
10
     William C. Price (Bar No. 108542)
11   williamprice@quinnemanuel.com
     Patrick M. Shields (Bar No. 204739)
12   patrickshields@quinnemanuel.com
     865 S. Figueroa St., 10th Floor
13   Los Angeles, California 90017
     Telephone: (213) 443-3000
14   Facsimile: (213) 443-3100

15   Attorneys for Samsung Electronics Co., Ltd.,
     Samsung Electronics America, Inc., and Samsung
16   Telecommunications America, LLC

17                          UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19   APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK
20              Plaintiff,
21          vs.                                     NOTICE OF DEPOSITION OF
                                                    KENNETH KOCIENDA
22   SAMSUNG ELECTRONICS CO., LTD., a
23   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a
24   New York corporation; SAMSUNG
     TELECOMMUNICATIONS
25   AMERICA, LLC, a Delaware limited liability
     company,
26
                Defendants.
27

28

1        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3   Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4   the deposition upon oral examination of Kenneth Kocienda.   The deposition will commence on

5   December 4, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6   Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.   The deposition will be

7   taken before a notary public or other authorized officer and will continue from day to day until

8   concluded, or may be continued until completed at a future date or dates.

9        PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10  30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13  DATED: October 3, 2012                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
14

15

16                                        By  /s/ Patrick M. Shields
                                          _____
17                                        Patrick M. Shields
                                          Attorney for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
18                                        INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28

1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven (Cal. Bar No. 170151)
2   charlesverhoeven@quinnemanuel.com
    Kevin A. Smith (Bar No. 250814)
3   kevinsmith@quinnemanuel.com
    50 California Street, 22nd Floor
4   San Francisco, California 94111
    Telephone: (415) 875-6600
5   Facsimile: (415) 875-6700

6   Kevin P.B. Johnson (Cal. Bar No. 177129)
    kevinjohnson@quinnemanuel.com
7   Victoria F. Maroulis (Cal. Bar No. 202603)
    victoriamaroulis@quinnemanuel.com
8   555 Twin Dolphin Drive 5th Floor
    Redwood Shores, California 94065
9   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
10
    William C. Price (Bar No. 108542)
11  williamprice@quinnemanuel.com
    Patrick M. Shields (Bar No. 204739)
12  patrickshields@quinnemanuel.com
    865 S. Figueroa St., 10th Floor
13  Los Angeles, California 90017
    Telephone: (213) 443-3000
14  Facsimile: (213) 443-3100

15  Attorneys for Samsung Electronics Co., Ltd.,
    Samsung Electronics America, Inc., and Samsung
16  Telecommunications America, LLC

17                  UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
    APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK
20
                  Plaintiff,
21                                                 NOTICE OF DEPOSITION OF MARCEL
           vs.                                     VAN OS
22
    SAMSUNG ELECTRONICS CO., LTD., a
23  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a
24  New York corporation; SAMSUNG
    TELECOMMUNICATIONS
25  AMERICA, LLC, a Delaware limited liability
    company,
26
                  Defendants.
27

28

02198.51981/4983915.1
                                                        Case No. 12-cv-00630-LHK

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4    the deposition upon oral examination of Marcel Van Os.    The deposition will commence on

5    November 26, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6    Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7    taken before a notary public or other authorized officer and will continue from day to day until

8    concluded, or may be continued until completed at a future date or dates.

9        PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012                QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
14

15

16                                         By  /s/ Patrick M. Shields
                                              _____
17                                            Patrick M. Shields
                                              Attorney for SAMSUNG ELECTRONICS CO.,
18                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                              INC., and SAMSUNG
19                                            TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF SCOTT FORSTALL** |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4    the deposition upon oral examination of Scott Forstall.    The deposition will commence on

5    November 27, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6    Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7    taken before a notary public or other authorized officer and will continue from day to day until

8    concluded, or may be continued until completed at a future date or dates.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012                QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
14

15

16                                         By  /s/ Patrick M. Shields
                                           _____
17                                         Patrick M. Shields
                                           Attorney for SAMSUNG ELECTRONICS CO.,
18                                         LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
19                                         TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

**NOTICE OF DEPOSITION OF SCOTT FORSTALL**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF SCOTT HERZ** |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3  Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4  the deposition upon oral examination of Scott Herz.   The deposition will commence on

5  November 8, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6  Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.   The deposition will be

7  taken before a notary public or other authorized officer and will continue from day to day until

8  concluded, or may be continued until completed at a future date or dates.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10  30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13  DATED: October 3, 2012              QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
14

15

16                                     By /s/ Patrick M. Shields
                                       _____
17                                     Patrick M. Shields
                                       Attorney for SAMSUNG ELECTRONICS CO.,
18                                     LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
19                                     TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF STEPHEN O. LEMAY** |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4    the deposition upon oral examination of Stephen O. Lemay.    The deposition will commence on

5    November 16, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6    Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.    The deposition will be

7    taken before a notary public or other authorized officer and will continue from day to day until

8    concluded, or may be continued until completed at a future date or dates.

9    PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10   30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13   DATED: October 3, 2012                    QUINN EMANUEL URQUHART &
                                               SULLIVAN, LLP
14

15

16                                         By  /s/ Patrick M. Shields
                                               _____
17                                             Patrick M. Shields
                                               Attorney for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
18                                             INC., and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NOTICE OF DEPOSITION OF YAN ARROUYE** |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

3  Procedure, Defendant Samsung Electronics America, Inc., by and through its attorneys, will take

4  the deposition upon oral examination of Yan Arrouye.   The deposition will commence on

5  November 14, 2012, at 9:30 a.m. at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555

6  Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.   The deposition will be

7  taken before a notary public or other authorized officer and will continue from day to day until

8  concluded, or may be continued until completed at a future date or dates.

9  PLEASE TAKE FURTHER NOTICE that, pursuant to Federal Rule of Civil Procedure

10  30(b)(3), the deposition will be videotaped and recorded stenographically.

11

12

13  DATED: October 3, 2012                QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
14

15

16                                        By  /s/ Patrick M. Shields
                                          _____
17                                          Patrick M. Shields
                                          Attorney for SAMSUNG ELECTRONICS CO.,
18                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
19                                          TELECOMMUNICATIONS AMERICA, LLC

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

1  WILLIAM F. LEE (*pro hac vice*)
   william.lee@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  60 State Street
   Boston, Massachusetts 02109
4  Telephone: (617) 526-6000
   Facsimile: (617) 526-5000
5
6  MARK D. SELWYN (CA SBN 244180)
   mark.selwyn@wilmerhale.com
7  WILMER CUTLER PICKERING
     HALE AND DORR LLP
8  950 Page Mill Road
   Palo Alto, California 94304
9  Telephone: (650) 858-6000
   Facsimile: (650) 858-6100
10
11 Attorneys for Plaintiff and
   Counterclaim-Defendant Apple Inc.

12          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
13              **SAN JOSE DIVISION**

14 APPLE INC., a California corporation,

15              Plaintiff,
           vs.
16                                                  Civil Action No. 12-CV-00630-LHK
   SAMSUNG ELECTRONICS CO., LTD., a
17 Korean business entity, SAMSUNG            **APPLE INC.'S NOTICE OF**
   ELECTRONICS AMERICA, INC., a New           **DEPOSITION OF JU-HO LEE**
18 York corporation, and SAMSUNG
   TELECOMMUNICATIONS AMERICA,
19 LLC, a Delaware limited liability company,

20              Defendants.

21
   SAMSUNG ELECTRONICS CO., LTD., a
22 Korean business entity, SAMSUNG
   ELECTRONICS AMERICA, INC., a New
23 York corporation, and SAMSUNG
   TELECOMMUNICATIONS AMERICA,
24 LLC, a Delaware limited liability company, a
   California corporation,
25
                Counterclaim-Plaintiffs,
26         v.

27 APPLE INC., a California corporation,

28              Counterclaim-Defendant.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take the deposition upon oral examination of Ju-Ho Lee.  The deposition will commence on November 7, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.  The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

Dated:  October 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        The undersigned hereby certifies that a true and correct copy of Apple's Notice of

Deposition of Ju-Ho Lee was served on October 10, 2012, by electronic mail upon the following

4

counsel of record:

5

6

Michael L. Fazio

7        Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor

8        Los Angeles, California  90017
Email:  michaelfazio@quinnemanuel.com

9

Patrick M. Shields

10        Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor

11        Los Angeles, California  90017
Email:  patrickshields@quinnemanuel.com

12

13

14                                          */s/ Michael Silhasek*
                                             Michael Silhasek

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
2   WILMER CUTLER PICKERING
        HALE AND DORR LLP
3   60 State Street
    Boston, Massachusetts 02109
4   Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
5
    MARK D. SELWYN (CA SBN 244180)
6   mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING
7       HALE AND DORR LLP
    950 Page Mill Road
8   Palo Alto, California 94304
    Telephone: (650) 858-6000
9   Facsimile: (650) 858-6100

10  Attorneys for Plaintiff and
    Counterclaim-Defendant Apple Inc.
11
                    **UNITED STATES DISTRICT COURT**
12                **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**
13

14  APPLE INC., a California corporation,

15                    Plaintiff,
                vs.
16                                                  Civil Action No. 12-CV-00630-LHK
    SAMSUNG ELECTRONICS CO., LTD., a
17  Korean business entity, SAMSUNG                 **APPLE INC.'S NOTICE OF**
    ELECTRONICS AMERICA, INC., a New               **DEPOSITION OF YOUNG-BUM KIM**
18  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
19  LLC, a Delaware limited liability company,

20                    Defendants.

21
    SAMSUNG ELECTRONICS CO., LTD., a
22  Korean business entity, SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company, a
    California corporation,
25
                    Counterclaim-Plaintiffs,
26              v.

27  APPLE INC., a California corporation,

28                  Counterclaim-Defendant.

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its

4    attorneys, will take the deposition upon oral examination of Young-Bum Kim.  The deposition

5    will commence on November 13, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering

6    Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location

7    as is agreed to by the parties.  The deposition will be taken before a notary public or other person

8    authorized to administer oaths and will continue day-to-day until completed or will be continued

9    until completed at a future date or dates.

10        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal

11   Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You

12   are invited to attend and cross-examine.

1  Dated:  October 10, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## **CERTIFICATE OF SERVICE**

2

3       The undersigned hereby certifies that a true and correct copy of Apple's Notice of

Deposition of Young-Bum Kim was served on October 10, 2012, by electronic mail upon the

4

following counsel of record:

5

6

Michael L. Fazio

7       Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor

8       Los Angeles, California  90017
Email:  michaelfazio@quinnemanuel.com

9

Patrick M. Shields

10      Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor

11      Los Angeles, California  90017
Email:  patrickshields@quinnemanuel.com

12

13

14                                          */s/ Michael Silhasek*
                                         Michael Silhasek

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  WILLIAM F. LEE (*pro hac vice*)
   william.lee@wilmerhale.com
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  60 State Street
   Boston, Massachusetts 02109
4  Telephone: (617) 526-6000
   Facsimile: (617) 526-5000
5
   MARK D. SELWYN (CA SBN 244180)
6  mark.selwyn@wilmerhale.com
   WILMER CUTLER PICKERING
7     HALE AND DORR LLP
   950 Page Mill Road
8  Palo Alto, California 94304
   Telephone: (650) 858-6000
9  Facsimile: (650) 858-6100

10 Attorneys for Plaintiff and
   Counterclaim-Defendant Apple Inc.
11
                **UNITED STATES DISTRICT COURT**
12              **NORTHERN DISTRICT OF CALIFORNIA**
                     **SAN JOSE DIVISION**
13

14 APPLE INC., a California corporation,

15              Plaintiff,
          vs.
16                                                    Civil Action No. 12-CV-00630-LHK
   SAMSUNG ELECTRONICS CO., LTD., a
17 Korean business entity, SAMSUNG                    **APPLE INC.'S NOTICE OF**
   ELECTRONICS AMERICA, INC., a New                   **DEPOSITION OF GERT JAN VAN**
18 York corporation, and SAMSUNG                      **LIESHOUT**
   TELECOMMUNICATIONS AMERICA,
19 LLC, a Delaware limited liability company,

20              Defendants.

21
   SAMSUNG ELECTRONICS CO., LTD., a
22 Korean business entity, SAMSUNG
   ELECTRONICS AMERICA, INC., a New
23 York corporation, and SAMSUNG
   TELECOMMUNICATIONS AMERICA,
24 LLC, a Delaware limited liability company, a
   California corporation,
25
                Counterclaim-Plaintiffs,
26        v.

27 APPLE INC., a California corporation,

28              Counterclaim-Defendant.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take the deposition upon oral examination of Gert Jan Van Lieshout.  The deposition will commence on November 5, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.  The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

1  Dated:  October 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## **CERTIFICATE OF SERVICE**

2

3       The undersigned hereby certifies that a true and correct copy of Apple's Notice of

4   Deposition of Gert Jan Van Lieshout was served on October 10, 2012, by electronic mail upon

5   the following counsel of record:

6
    Michael L. Fazio
7   Quinn Emanuel Urquhart & Sullivan, LLP
    865 S. Figueroa St., 10th Floor
8   Los Angeles, California  90017
    Email:  michaelfazio@quinnemanuel.com
9

10  Patrick M. Shields
    Quinn Emanuel Urquhart & Sullivan, LLP
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California  90017
12  Email:  patrickshields@quinnemanuel.com

13

14                                          */s/ Michael Silhasek*
                                      _____
15                                        Michael Silhasek

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
2   WILMER CUTLER PICKERING
        HALE AND DORR LLP
3   60 State Street
    Boston, Massachusetts 02109
4   Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
5
6   MARK D. SELWYN (CA SBN 244180)
    mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING
7       HALE AND DORR LLP
8   950 Page Mill Road
    Palo Alto, California 94304
    Telephone: (650) 858-6000
9   Facsimile: (650) 858-6100

10  Attorneys for Plaintiff and
    Counterclaim-Defendant Apple Inc.
11
                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
                           SAN JOSE DIVISION
13

14  APPLE INC., a California corporation,

15              Plaintiff,
            vs.
16                                                  Civil Action No. 12-CV-00630-LHK
    SAMSUNG ELECTRONICS CO., LTD., a
17  Korean business entity, SAMSUNG                 **APPLE INC.'S NOTICE OF
    ELECTRONICS AMERICA, INC., a New                DEPOSITION OF JOON-YOUNG CHO**
18  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
19  LLC, a Delaware limited liability company,

20              Defendants.

21
    SAMSUNG ELECTRONICS CO., LTD., a
22  Korean business entity, SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company, a
    California corporation,
25
                Counterclaim-Plaintiffs,
26          v.

27  APPLE INC., a California corporation,

28              Counterclaim-Defendant.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take the deposition upon oral examination of Joon-Young Cho.  The deposition will commence on November 6, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.  The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

1    Dated:  October 10, 2012                          /s/ Mark D. Selwyn_____
                                                      Mark D. Selwyn (CA SBN 244180)
2                                                     (mark.selwyn@wilmerhale.com)
                                                      WILMER CUTLER PICKERING
3                                                         HALE AND DORR LLP
                                                      950 Page Mill Road
4                                                     Palo Alto, California  94304
                                                      Telephone:  (650) 858-6000
5                                                     Facsimile:   (650) 858-6100
6
                                                      William F. Lee (admitted *pro hac vice*)
7                                                     (william.lee@wilmerhale.com)
                                                      WILMER CUTLER PICKERING
8                                                         HALE AND DORR LLP
                                                      60 State Street
9                                                     Boston, Massachusetts  02109
                                                      Telephone: (617) 526-6000
10                                                    Facsimile: (617) 526-5000
11
12                                                    Attorneys for Plaintiff and
                                                      Counterclaim-Defendant Apple Inc.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **CERTIFICATE OF SERVICE**

2

3        The undersigned hereby certifies that a true and correct copy of Apple's Notice of

4   Deposition of Joon-Young Cho was served on October 10, 2012, by electronic mail upon the

5   following counsel of record:

6

7   Michael L. Fazio
    Quinn Emanuel Urquhart & Sullivan, LLP

8   865 S. Figueroa St., 10th Floor
    Los Angeles, California  90017

9   Email:  michaelfazio@quinnemanuel.com

10  Patrick M. Shields
    Quinn Emanuel Urquhart & Sullivan, LLP

11  865 S. Figueroa St., 10th Floor
    Los Angeles, California  90017

12  Email:  patrickshields@quinnemanuel.com

13

14                                         _/s/ Michael Silhasek_____

15                                              Michael Silhasek

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
2   WILMER CUTLER PICKERING
        HALE AND DORR LLP
3   60 State Street
    Boston, Massachusetts 02109
4   Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
5
    MARK D. SELWYN (CA SBN 244180)
6   mark.selwyn@wilmerhale.com
    WILMER CUTLER PICKERING
7       HALE AND DORR LLP
    950 Page Mill Road
8   Palo Alto, California 94304
    Telephone: (650) 858-6000
9   Facsimile: (650) 858-6100

10  Attorneys for Plaintiff and
    Counterclaim-Defendant Apple Inc.
11
12                      **UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF CALIFORNIA**
13                      **SAN JOSE DIVISION**

14  APPLE INC., a California corporation,

15              Plaintiff,
            vs.
16                                              Civil Action No. 12-CV-00630-LHK
    SAMSUNG ELECTRONICS CO., LTD., a
17  Korean business entity, SAMSUNG            **APPLE INC.'S NOTICE OF**
    ELECTRONICS AMERICA, INC., a New           **DEPOSITION OF SOENG-HUN KIM**
18  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
19  LLC, a Delaware limited liability company,

20              Defendants.

21
    SAMSUNG ELECTRONICS CO., LTD., a
22  Korean business entity, SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company, a
    California corporation,
25
                Counterclaim-Plaintiffs,
26          v.

27  APPLE INC., a California corporation,

28              Counterclaim-Defendant.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take the deposition upon oral examination of Seong-Hun Kim.  The deposition will commence on November 8, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.  The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

Dated:  October 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       The undersigned hereby certifies that a true and correct copy of Apple's Notice of

4   Deposition of Seong-Hun Kim was served on October 10, 2012, by electronic mail upon the

5   following counsel of record:

6

7   Michael L. Fazio
    Quinn Emanuel Urquhart & Sullivan, LLP
8   865 S. Figueroa St., 10th Floor
    Los Angeles, California  90017
9   Email:  michaelfazio@quinnemanuel.com

10  Patrick M. Shields
    Quinn Emanuel Urquhart & Sullivan, LLP
11  865 S. Figueroa St., 10th Floor
    Los Angeles, California  90017
12  Email:  patrickshields@quinnemanuel.com

13

14                                    */s/ Michael Silhasek*
                                     _____
15                                        Michael Silhasek

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM F. LEE (*pro hac vice*)
    william.lee@wilmerhale.com
2   WILMER CUTLER PICKERING
      HALE AND DORR LLP
3   60 State Street
    Boston, Massachusetts 02109
4   Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
5
6   MARK D. SELWYN (CA SBN 244180)
    mark.selwyn@wilmerhale.com
7   WILMER CUTLER PICKERING
      HALE AND DORR LLP
8   950 Page Mill Road
    Palo Alto, California 94304
9   Telephone: (650) 858-6000
    Facsimile: (650) 858-6100

10  Attorneys for Plaintiff and
11  Counterclaim-Defendant Apple Inc.

12              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
13                  SAN JOSE DIVISION

14  APPLE INC., a California corporation,

15                  Plaintiff,
            vs.
16                                              Civil Action No. 12-CV-00630-LHK
    SAMSUNG ELECTRONICS CO., LTD., a
17  Korean business entity, SAMSUNG            **APPLE INC.'S NOTICE OF**
    ELECTRONICS AMERICA, INC., a New          **DEPOSITION OF SUNG-HO CHOI**
18  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
19  LLC, a Delaware limited liability company,

20                  Defendants.

21
    SAMSUNG ELECTRONICS CO., LTD., a
22  Korean business entity, SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability company, a
    California corporation,
25
26                  Counterclaim-Plaintiffs,
            v.
27  APPLE INC., a California corporation,

28                  Counterclaim-Defendant.

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

3

4

Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its

attorneys, will take the deposition upon oral examination of Sung-Ho Choi.  The deposition will

5

6

commence on November 9, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and

7

Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is

8

agreed to by the parties.  The deposition will be taken before a notary public or other person

9

10

authorized to administer oaths and will continue day-to-day until completed or will be continued

until completed at a future date or dates.

11

12

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal

13

Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You

14

are invited to attend and cross-examine.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  October 10, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## **CERTIFICATE OF SERVICE**

2

3          The undersigned hereby certifies that a true and correct copy of Apple's Notice of

4    Deposition of Sung-Ho Choi was served on October 10, 2012, by electronic mail upon the

5    following counsel of record:

6

7    Michael L. Fazio
     Quinn Emanuel Urquhart & Sullivan, LLP
8    865 S. Figueroa St., 10th Floor
     Los Angeles, California  90017
9    Email:  michaelfazio@quinnemanuel.com

10   Patrick M. Shields
     Quinn Emanuel Urquhart & Sullivan, LLP
11   865 S. Figueroa St., 10th Floor
     Los Angeles, California  90017
12   Email:  patrickshields@quinnemanuel.com

13

14                                          */s/ Michael Silhasek*
                                          Michael Silhasek
15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants.<br><br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, a California corporation,<br><br>       Counterclaim-Plaintiffs,<br>    v.<br><br>APPLE INC., a California corporation,<br><br>       Counterclaim-Defendant. | Civil Action No. 12-CV-00630-LHK<br><br>**APPLE INC.'S NOTICE OF DEPOSITION OF YONG-JUN KWAK** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take the deposition upon oral examination of Yong-Jun Kwak.  The deposition will commence on November 12, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.  The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically.  You are invited to attend and cross-examine.

1    Dated:  October 10, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

1

## **CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies that a true and correct copy of Apple's Notice of

Deposition of Yong-Jun Kwak was served on October 10, 2012, by electronic mail upon the

4

following counsel of record:

5

6

Michael L. Fazio

7

Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor

8

Los Angeles, California  90017
Email:  michaelfazio@quinnemanuel.com

9

10

Patrick M. Shields
Quinn Emanuel Urquhart & Sullivan, LLP

11

865 S. Figueroa St., 10th Floor
Los Angeles, California  90017

12

Email:  patrickshields@quinnemanuel.com

13

14

_/s/ Michael Silhasek_____

15

Michael Silhasek

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 6

**quinn emanuel** trial lawyers

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

October 19, 2012

<u>VIA E-MAIL</u>

Michael Silhasek
Wilmer Cutler Pickering Hale and Dorr, LLP
950 Page Mill Road
Palo Alto, CA 94304

Re:     <u>Apple v. Samsung Electronics, et al., Case No. 12-CV-00630-LHK (N.D. Cal.)</u>

Dear Counsel:

I write regarding the depositions of the Samsung employees noticed for deposition by Apple on October 10, 2012.  These Samsung employees are available for deposition on the following dates and at the following locations.

| <u>Deponent</u> | <u>Deposition Date</u> | <u>Deposition Location</u> |
| --- | --- | --- |
| Soeng-Hun Kim | November 21, 2012 | Suwon, South Korea |
| Sung-Ho Choi | November 23, 2012 | Suwon, South Korea |
| Young-Bum Kim | November 28, 2012 | Suwon, South Korea |
| Ju-Ho Lee | November 30, 2012 | Suwon, South Korea |
| Joon-Young Cho | December 5, 2012 | Suwon, South Korea |

quinn emanuel urquhart & sullivan, llp

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

| Yong-Jun Kwak | December 7, 2012 | Suwon, South Korea |
| Gert Jan Van Lieshout | December 12, 2012 | Barcelona, Spain |

Additionally, on October 3, 2012, Samsung served notices of depositions for the inventors of the Apple patents-in-suit.  On October 16, 2012, Samsung requested that Apple confirm that Mr. Ording and Mr. Freedman were available on the dates noticed by Samsung and, if they were not, to provide alternate dates before December 14, 2012 for their depositions.  Apple has not responded to Samsung's request.  Accordingly, Samsung again requests that Apple confirm that Mr. Freedman and Mr. Ording are available on the dates noticed, or provide alternate dates before the December 14, 2012 claim construction discovery cut-off for their depositions. Samsung also requests that Apple promptly confirm whether the other Apple inventors are available on the dates noticed by Samsung and, if not, please provide alternate dates for their depositions before the December 14, 2012 claim construction discovery cut-off.

Lastly, please confirm that Apple will make supplemental document productions for each of Apple's inventors no later than one week in advance of their depositions.

No later than October 24, 2012, please confirm that: (1) Apple will take the depositions of the Samsung employees listed above on the dates and locations offered by Samsung; (2) the dates noticed by Samsung for the Apple inventors' depositions are agreeable, or provide alternate dates before the December 14, 2012 claim construction discovery cut-off for the Apple inventors' depositions; and (3) Apple will make supplemental document productions for the Apple inventors no later than one week in advance of their depositions.

Very truly yours,

Michael L. Fazio

# EXHIBIT 7

WILMERHALE

October 24, 2012

Peter J. Kolovos

+1 617 526 6493(t)
+1 617 526 5000(f)
peter.kolovos@wilmerhale.com

**Via Email**

Michael Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:  Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
      Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Michael:

I write regarding Samsung's deficient production of documents from its current and former
employee inventors and regarding the location for the depositions of Samsung's named
inventors.

Based on our review of Samsung's production to date, it appears that Samsung has only
produced documents from the files of a single current employee inventor (Gert Jan Van
Lieshout) (and this production is incomplete), and has yet to produce any documents in the
above-entitled action from the six other current employee inventors (Young-Bum Kim, Sung-Ho
Choi, Soeng-Hun Kim, Ju-Ho Lee, Yong-Jun Kwak, Joon-Young Cho) and four former
employee inventors (Youn-Hyoung Heo, Jae-hoon Lee, Kwang-Bok Lee, and Jin-Chul Lee).  In
stark contrast, Apple has already produced documents from its inventors, and that production is
substantially complete for documents reflecting the conception and reduction to practice of the
Apple patents.  Indeed, as we are unclear as to what Samsung believes would be contained in the
"supplemental production" referenced in your October 19 letter, please identify what categories
of documents Samsung apparently believes should be produced in advance of an Apple inventor
deposition.

Given the upcoming inventor depositions and deadline for completion of claim construction
discovery, Samsung must promptly remedy the deficiency in its production of inventor
documents.  Please confirm that Samsung will complete its production of all foreign language
documents from each current and former employee inventor no later than two weeks prior to
their depositions, and its production of all English language documents for each inventor no later
than one week prior to their depositions.  Given that Samsung itself proposed a one-week
deadline for the production of documents from the Apple inventors, we trust this timetable will
not pose any concerns for Samsung.

Separately, we are in receipt of your October 19 and October 22 letters, which propose that
Apple take the depositions of the seven current Samsung employee inventors in Korea or Spain.
Under applicable law in the Northern District of California, Samsung – which after all chose this

WilmerHale

Michael Fazio, Esq.
October 24, 2012
Page 2


forum to assert the specific patents at issue in this case against Apple – needs to make its employees available to be deposed in the Northern District of California.  See HTC Corp. v. Technology Properties, 2008 U.S. Dist. LEXIS 103948 (N.D. Cal. Dec. 16, 2008) (plaintiff seeking declaration of patent non-infringement ordered to make Taiwanese employees available for deposition in the Northern District); Dean Foods Co. v. Eastman Chemical Co., 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13, 2001) (ordering defendant Japanese corporation to make its managing agents available for deposition in San Francisco); IO Group Inc. v. GLBT Ltd., 2011 U.S. Dist. LEXIS 63227 (N.D. Cal. June 14, 2011) (requiring individual defendants who are UK citizens to be deposed in California).  The factors that these courts assessed in reaching these decisions - e.g., the location of the parties' lead counsel, whether the foreign party chose to assert its rights in this forum, the relative expense, and the likelihood that the Court will be called upon to resolve discovery disputes regarding these depositions - all weigh in favor of Samsung's employees being deposed in the United States.  Moreover, five of the seven inventors listed in your October 19 and October 22 letters were deposed in the United States last year in Apple Inc. v. Samsung Electronics Co. Ltd. et al., Case No. 11-cv-01846-LHK (N.D. Cal.).  Accordingly, please provide dates before the December 14, 2012 claim construction discovery cut-off for depositions of the Samsung inventors to take place in the United States.


Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos

# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

November 1, 2012

**Via E-Mail**

Peter J. Kolovos                                Brian M. Buroker
Wilmer Cutler Pickering Hale and Dorr, LLP      Gibson Dunn & Crutcher, LLP
60 State Street                                 1050 Connecticut Avenue, N.W.
Boston, Massachusetts  02109                    Washington, D.C.  20036-5306

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write to follow-up on the depositions of the Apple and Samsung inventors of the patents-in-suit that will occur prior to December 14, 2012.  Consistent with the parties' agreement reached on October 31, 2012, please promptly provide dates and locations for the depositions of Stephen Capps, Bas Ording, David Wright, Gordon Freedman and Thomas Bonura.  Please provide their deposition dates no later than Monday, November 5, 2012.

Additionally, in its letter dated October 22, 2012, Samsung offered Soeng-Hun Kim, Gert Jan Van Lieshout, JuHo Lee, Young-Bum Kim and Joon-Young Cho for deposition on the following dates and at the following locations:

| Deponent | Deposition Date | Deposition Location |
|---|---|---|
| Young-Bum Kim | November 28, 2012 | Suwon, South Korea |
| Ju-Ho Lee | November 30, 2012 | Suwon, South Korea |
| Joon-Young Cho | December 5, 2012 | Suwon, South Korea |

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Gert Jan Van Lieshout             December 12, 2012             Barcelona, Spain

Soeng-Hun Kim                     December 12, 2012             Suwon, South Korea

The depositions of Soeng-Hun Kim, Ju-Ho Lee, Young-Bum Kim and Joon-Young Cho will
need to be in Suwon for the reasons detailed in Samsung's letter dated October 30, 2012.
Similarly, Samsung has offered to make Mr. Van Lieshout available for deposition in Barcelona
because of his contemporaneous commitments there which he is unable to alter or cancel.
Importantly, Samsung's inventors and their counsel have been holding these deposition dates
open for ten days now, and Apple has not accepted them.  Because these deponents are
extremely busy and have numerous other commitments between now and December 14, 2012,
please notify us as soon as possible, and no later than November 5, 2012, if Apple accepts the
dates offered for these deponents.

Very truly yours,

Michael L. Fazio

# EXHIBIT 9

WILMERHALE

November 2, 2012

Peter J. Kolovos

+1 617 526 6493(t)
+1 617 526 5000(f)
peter.kolovos@wilmerhale.com

**Via Email**

Michael L. Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:  Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
     Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Michael:

I write in response to the portions of your October 30 and November 1 letters that concern the
depositions of the Samsung inventors (our co-counsel will respond separately on the other issues
raised in your letters).  For the reasons set forth below and in my October 24 letter, Apple
maintains that Samsung is obligated to bring its employee inventors to the United States for
deposition.  Nevertheless, we propose a compromise similar to the one our clients agreed to in
the 1846 action.

First, the case law supports Apple's position that Samsung should bring its employees to the
United States for deposition.  "'Corporate defendants are frequently deposed in places other than
the location of the principal place of business, especially in the forum [where the action is
pending], for the convenience of all parties and in the general interests of judicial economy.'"
*Cadent v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (quoting *Sugarhill Records,
Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985)).

These inventor depositions relate to Samsung's asserted patents, which Samsung chose to assert
in the Northern District of California.  As you correctly note in your letter, the presumption that a
"deposition of a corporate party should be taken at its place of business .… *primarily appl[ies] to
defendants*, since plaintiffs have the luxury of choosing the forum."  *HTC Corp. v. Tech Props.*,
2008 U.S. Dist. LEXIS 103948, *4-*5 (N.D. Cal. Dec. 16. 2008) (emphasis added).  Although
designated as the defendant in the caption, Samsung is the plaintiff vis-à-vis its claims against
Apple for patent infringement, and thus the presumption relied upon by Samsung does not apply
to the depositions of Samsung's inventors in this case.  *See Acer Inc. v. Tech. Properties*, 2008
U.S. Dist. LEXIS 103913, *3-*4 (N.D. Cal. Dec. 16, 2008) ("When the opposing party is a
corporation, both its officers and directors and its employees have been treated as 'opposing
parties,' the same as an *Fed. R. Civ. P. 30(b)(6)* designee" and the "general rule, [for depositions
is that] "plaintiff will be required to make himself or herself available for examination in the
district in which suit was brought."); *Continental Federal Sav. And Loan Ass'n v. Delta Corp of
America*, 71 F.R.D. 697 (W.D. Okla. 1976) (for permissive counterclaim, defendant should be
"in the same position as a party plaintiff which selected the forum.").  The case law cited by

WILMERHALE

Michael L. Fazio, Esq.
November 2, 2012
Page 2

Samsung supports this conclusion. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (to overcome presumption "that a plaintiff may be deposed in the judicial district where the action was brought, …. [a] foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair.").

Other factors frequently considered by courts also support holding the depositions of Samsung's employee inventors in the United States. These factors include "location of counsel for the parties in the forum district, … the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, [and] whether the persons sought to be deposed often engage in travel for business purposes." *See Cadent*, 232 F.R.D. at 629 (quoting *Armsey v. Medshares Mgmt. Servs.*, 184 F.R.D. 569, 571 (W.D. Va. 1998)); *IO Group Inc. v. GLBT Ltd.*, 2011 U.S. Dist. LEXIS 63227, *3-*4 (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2008 U.S. Dist. LEXIS 109319, 2008 WL 1766758, at *1 (N.D. Cal. April 15, 2008)). Both parties' counsel are located in the Northern District of California. Given the time difference between California and Korea, any discovery disputes would be extremely difficult to resolve in a timely fashion if the depositions took place in Korea. *See Dean Foods Co. v. Eastman Chemical Co.*, 2001 U.S. Dist. LEXIS 25447, *19-*20 (N.D. Cal. Aug. 13, 2011) ("Where there is a great distance between a deposition and the court which must resolve any related disputes, the court's ability effectively to resolve those disputes would be seriously impaired."). And many, if not all, of these inventors travel abroad to 3GPP meetings on behalf of Samsung.

The case law cited by Samsung is inapposite, as it concerns the depositions of a defendant's employees. *See Kelora Systems, LLC v. Target Corp.*, 2011 WL 3895303, *2-*3 (N.D. Cal. 2011); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003); *In re Outsidewall Tire Litig.*, 267 F.R.D. at 468-69; *Chris-Craft Indus. Prods. Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999). Further, unlike the plaintiff in *Chris-Craft*, Apple seeks to depose Samsung's inventors to obtain information related to Samsung's counterclaims and it would therefore be fair to treat Samsung as a "counterplaintiff[] for the purposes of these particular depositions." *See Chris-Craft*, 184 F.R.D. 605 at 607 (distinguishing between situation where plaintiff wanted to depose defendant's employees relating to allegations in its complaint and situation where plaintiff wanted to depose defendant's employees to obtain information relating to defendants' counterclaims).

Separately, we disagree that conducting the depositions of Samsung's employee inventors in Suwon would be consistent with the parties' prior practice in the 1846 action. In that action, the parties compromised in the face of Apple's potential motion to compel. Samsung originally took the position that all inventor depositions should take place in Korea, and then proposed (after Apple took issue with this position) to "combine 2-3 inventor depositions with the business trips of those individuals" to the United States. Apple responded by offering to instead take 5-10 of

WilmerHale

Michael L. Fazio, Esq.
November 2, 2012
Page 3

the 33 inventor depositions in Korea, and Samsung largely agreed to Apple's proposal: ultimately, the parties agreed that 20 of the Samsung employees would be deposed in the United States and that 13 employees would be deposed in Korea because of health, family or personal reasons that precluded them from traveling to the United States.  The individuals deposed in Korea were all deposed in Seoul (either live or by videoconference), not Suwon.

While we thus believe that applicable law requires Samsung to make its employee inventors available for deposition in the United States, Apple proposes that the parties reach a similar compromise in this case.  In all, there are seven Samsung current employee inventors, six in Korea and one in Spain.  Apple proposes that Samsung make four of these inventors available for deposition in the United States.  Apple would take the depositions of the other three Samsung employee inventors in Seoul (not Suwon) or Spain.

Apple has separately indicated that it needs to depose five Samsung employee inventors (Soeng-Hun Kim, Gert Jan Van Lieshout, JuHo Lee, Young-Bum Kim and Joon-Young Cho) by the December 14 deadline for claim construction discovery.  To the extent the two other inventors (Sung-Ho Choi and Yong-Jun Kwak) are among the inventors who will be deposed in the United States, we will do our best to accommodate scheduling their depositions after December 14 around other business they may have in the United States.  By the same token, to the extent the Apple inventors who will be deposed after December 14 will be deposed by your firm in more than one matter (and Apple reserves its rights and arguments with respect to these Apple inventor depositions), for the convenience of the witnesses we ask for your firm's cooperation in attempting to schedule those inventor depositions on back-to-back days.

Your October 30 letter also proposes that both parties complete their inventor document productions one week prior to the inventor's deposition, rather than the one week/two week proposal we had made for English language/foreign language documents.  Given the time needed for translation, Apple proposes that both parties complete their inventor document productions (English and foreign language documents) 10 days before the inventor depositions.  Please confirm that this proposal is agreeable.

Your October 30 letter also notes that "Samsung does not understand" Apple's requests that Samsung produce documents from its four former employee inventors (Youn-Hyoung Heo, Jae-hoon Lee, Kwang-Bok Lee, and Jin-Chul Lee).  To the extent Samsung has any custodial files (paper or electronic) for these former employees, Samsung is obligated to review those materials and produce any documents that are responsive to Apple's document requests *to Samsung*.  Apple does not need to issue subpoenas to Samsung's former employees to obtain discovery *from Samsung* of materials from former employees that are *in Samsung's* possession (as opposed to materials now in the possession of the former employees).  Please confirm that Samsung is searching for responsive documents from the files of its former employees.  If Samsung no

WILMERHALE

Michael L. Fazio, Esq.
November 2, 2012
Page 4

longer has any documents from these former employees, please confirm this in writing, state
when the former employees' documents were destroyed and explain the circumstances of that
destruction.

Finally, we understand that your firm is not representing the four former Samsung employee
inventors, and that Samsung is not otherwise providing them counsel in connection with this
matter.  We will notify you once we have set dates for the depositions of these former employee
inventors.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos

# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

November 6, 2012

**Via E-Mail**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts 02109

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write in response to Apple's letter dated November 2, 2012 regarding the depositions of
Samsung's inventors. As a preliminary matter, I note that Apple's November 2nd letter – which
responds to Samsung's October 30th letter – addresses only the issue of the location of the
Samsung inventor depositions and side steps the other issues raised again by Samsung regarding
deficiencies in Apple's inventor document productions and Apple's search term disclosures.
Indeed, in its October 30th letter, Samsung requested that Apple confirm that it will supplement
its inventor document productions and search term disclosures to remedy the deficiencies
detailed by Samsung in its letter. Apple does not respond. Accordingly, Samsung again requests
that Apple respond to these issues raised by Samsung in its October 30th letter.

As to the issue that Apple addresses – the location of the Samsung inventor depositions –
Samsung is not obligated to produce its inventors for deposition in the United States.
Accordingly, and for the reasons detailed below, Samsung cannot agree to the proposal outlined
in Apple's letter.

Apple does not dispute that there is a general presumption that "the deposition of a corporation
by its agents and officers should ordinarily be taken at its principal place of business, especially
when . . . the corporation is the defendant," and that the burden is on the deposing party to show

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

"peculiar circumstances" to rebut this presumption.  *Salter v. Upjohn Co.*, 593 F.2d 649, 651-52 (5th Cir. 1979).  Rather,  Apple contends that Samsung should be treated as the plaintiff in this case because "[t]hese inventor depositions relate to Samsung's asserted patents, which Samsung chose to assert in the Northern District of California." Apple's contention, however, is not supported by case law.

In refusing to require a foreign defendant to travel to the forum district for deposition, courts hold that the presumption in favor of deposing a corporate employee at the corporation's principal place of business applies equally to a defendant that asserts counterclaims.  *See, e.g., Rapoca Energy Co., L.P. v. AMCI Exp. Corp.*, 199 F.R.D. 191, 194 (W.D. Va. 2001) ("the fact that [defendant] has filed a permissive counterclaim" is insufficient to "overcome the presumption that "the depositions of its officers should be taken in the district of [defendant's] principal place of business."); *Irrigation Tech. Leasing Assocs., Inc. v. Superior Farming Co*., 1992 WL 350806, *1 (S.D.N.Y. 1992) (denying motion to compel deposition of counterclaimant defendant, a California corporation, in New York).  Indeed, courts have recognized that regardless of whether a corporate defendant's counterclaim is permissive or compulsory, "it would be unfair to require Defendant's corporate representatives to travel here [to the forum district] simply because it made the determination that economy would be served by the same court hearing" its counterclaims.  *See Tailift USA, Inc. v. Tailift Co., Ltd*., 2004 WL 722244, *4 (N.D. Tex. 2004); *see also Zuckert v. Berkliff Corp.,* 96 F.R.D. 161, 162-163 (D.C. Ill. 1982) (requiring depositions of counterclaimants to be taken at their principal place of business); *Sears v. Am. Ent. Group, Inc.,* 1995 WL 66411, *1-2 (N.D. Ill. 1995) (denying motion to compel deposition of counterclaimant defendant, who resided in Toronto, in the forum district).   Thus, contrary to Apple's assertion, Samsung's counterclaims do not transform Samsung into a plaintiff for purposes of these depositions.

Apple musters one case, *Continental Federal Sav. And Loan Ass'n v. Delta Corp of America*, 71 F.R.D. 697 (W.D. Okla. 1976), that Apple contends supports its position that "for permissive counterclaim[s], defendant should be 'in the same position as a party plaintiff which selected the forum.'"  *Continental* is distinguishable because the plaintiff in that case sought testimony on Rule 30(b)(6) topics relating *solely* to the defendant's counterclaims.  By contrast, here, Apple also seeks to depose Samsung's inventors regarding Apple's affirmative antitrust and FRAND-related causes of action.  *See* Dkt. No. 262, ¶¶ 159-183.  In fact, when Apple deposed six of these seven Samsung inventors in the 1846 action, Apple questioned them at length regarding Samsung's participation in 3GPP and ETSI.  Apple later extensively relied on these inventors' testimony and custodial documents in moving for summary judgment on its FRAND counterclaims.  *See* Dkt. No. 660-3.  Apple even went so far as to argue that it was entitled to maintain its antitrust and FRAND claims, even as to Samsung counterclaims that had been dismissed from the case.   *See* 7/18/2012 Hrg. Tr. at 140:22-144:20.  Therefore, unlike the scenario presented in *Continental*, Apple seeks testimony on issues well beyond Samsung's asserted counterclaim patents.

*Continental* is further distinguishable because the deponents were corporate officers, whereas these seven Samsung inventors are ordinary employees.  Courts distinguish between depositions of corporate officers and ordinary employees, such as the named inventors here, finding that ordinary employees should be deposed where they reside.  *See, e.g., Archer Daniels Midland v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999) (holding plaintiff could insist on

its lower level employees being deposed in the State of their residence, or their principal place of employment); *Armsey v. Medshares Mgmt. Servs.*, 184 F.R.D. 569, 571 (W.D. Va. 1998) (ordering corporation to make available its officers, but not its employees, available for deposition in the forum).

Furthermore, though Apple correctly notes some factors that courts consider in ascertaining whether to order a foreign defendant deposed in the forum district – Apple only addresses one of those factors (location of counsel).  Yet these factors demonstrate that Apple cannot show the "peculiar circumstances" required to rebut the presumption that Samsung's inventors should be deposed in Korea.

First, while Samsung's outside counsel is located in the U.S., Samsung's in-house counsel is located in Suwon.  Samsung's in-house counsel attended the depositions of virtually all SEC witnesses in the 1846 action – including the depositions of Messrs. Cho, Van Lieshout, Lee, Kim and Choi – and would be burdened by traveling to the U.S. in order to attend these depositions.

Second, unlike *Dean Foods Co. v. Eastman Chem. Co*., 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13, 2011) and *IO Group Inc. v. GLBT Ltd.*, 2011 U.S. Dist. LEXIS 63227 (N.D. Cal. June 14, 2011) cited by Apple, Apple has no legitimate reason to anticipate disputes arising from these depositions.  *Cf. Snow Becker Krauss P.C. v. Proyectos E Instalaciones De Desalacion, S.A.*, 1992 WL 395598 (S.D.N.Y. Dec. 11, 1992) ("Discovery disputes can be, and usually are, avoided and the Court will not anticipate disputes by requiring the parties to appear in the forum for deposition.").  Apple conducted dozens of depositions abroad in connection with the 1846 action, and none necessitated Court intervention.

Third, while it may be true that some of the witnesses travel to 3GPP meetings on Samsung's behalf, "the correct inquiry is not whether a deponent is, without more, a frequent traveler . . . [r]ather, the correct inquiry is whether the deponent frequently travels *to the forum district*."  *See In re Outsidewall Tire Litig'n*, 267 F.R.D., 466, 473 (E.D. Va. 2010) (emphasis added).  Apple cannot show that the seven deponents have attended 3GPP meetings, or conducted any business whatsoever, within the Northern District of California.  *See id.* ("a requirement to travel to a place where one does not do business or typically visit is likely to be at least as inconvenient for the frequent traveler as for the occasional traveler.").

Fourth, Apple has identified no burden or hardship that would result if its counsel were required to travel abroad, and certainly no basis to conclude that this burden outweighs the burden to Samsung's inventors if they were forced to travel to the United States.  *See Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 108 ("the convenience of counsel is less compelling than any hardship to the witnesses."); *Rapoca Energy*, 199 F.R.D. at 193 ("this case involves two corporate parties, and [plaintiff] has presented no evidence that incurring the cost of its counsel's travel will result in any hardship.").  Importantly, it was Apple that chose to initiate this litigation just ten miles from its corporate headquarters.  Similar to the facts of *Tailift USA* detailed above, Samsung asserted counterclaims in the interest of economy, particularly in light of the familiarity of Judge Koh and Judge Grewal with the parties and the legal issues surrounding standards-essential patents.  As Apple would have it, corporate defendants would not be able to protect their employees from the burden of traveling to a distant forum for deposition without asserting permissive counterclaims in separate litigation.  Such a position is

not only contrary to the weight of authority, it would encourage wasteful uses of judicial resources.

The additional cases cited by Apple are distinguishable.  In *Cadent Ltd.*, it was the plaintiff, an Israeli corporation that chose to bring suit in the district of defendant's principal place of business, and then plaintiff refused to offer its witnesses for deposition in the district of plaintiffs choosing.  232 F.R.D. at 627-28.  Moreover, in that case, the proposed alternate forums were either "a dangerous place to hold the depositions" or were unrelated to plaintiff's principal place of business.  *Id.* at 630.

Further, Apple's continued reliance upon *Dean Foods v. Eastman Chemical Co.*, 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13, 2011), to argue that Samsung's inventors should travel to the U.S. is misplaced.  In *Dean Foods*, the court denied defendants' motion requesting that its witnesses be deposed in Japan – defendant's principal place of business – because *nine* groups of lawyers representing *nine* different parties would have been required to travel to Japan to depose only two witnesses, both of whom were corporate officers.  *See id.* at *18-19.  By contrast, here, only one or two Apple attorneys would need to travel abroad.  Apple has taken dozens of depositions in Korea over the past year, and the three law firms representing Apple in this case have a combined eighteen offices across Europe and Asia.  Therefore, *Dean Foods* is inapposite.

Additionally, *HTC Corp.*, again cited by Apple, did not involve specific depositions at all.  2008 U.S. Dist. LEXIS 103948.  Rather, before any depositions had been noticed, the Court issued a general order requiring plaintiff's employees and witnesses to appear in the forum jurisdiction for deposition, without prejudice to any party's right to move for an exception for any individual deposition.  *Id.* at *3-6.  *Acer Inc v. Technology Properties,* 2008 U.S. Dist. LEXIS 103913 (N.D. Cal. Dec. 16, 2008)*,* also cited by Apple, is no different.  Indeed, *Acer Inc.* was ordered by the same judge, on the same day, in an action related to *HTC Corp.*  2008 U.S. Dist. LEXIS 103913.  The *Acer* court recognized that where "plaintiffs not only chose [the] forum, but fought for it" in opposing a motion to transfer, "plaintiffs complaints that the forum is inconvenient and costly" carries "little weight."  *Id.* at *5.  That is not the case here.  Like *HTC Corp.*, the *Acer Inc.* court merely issued a general order requiring plaintiff's employees and witnesses to appear without prejudice to exceptions for any individual deposition.  *Id.* at *6.

Notwithstanding the foregoing and in an effort to reach a compromise on this issue, Samsung is agreeable to making two Samsung inventors available for deposition in the U.S., pursuant to the following counter-proposal.

- Samsung will make Ju-Ho Lee available for deposition on November 23, 2012 in Dallas, Texas, and Young-Bum Kim available for deposition on November 25, 2012 in Dallas, Texas;

- Given that the '596 patent – for which Mr. Van Lieshout is an inventor – no longer has terms that either party has proposed for claim construction, Mr. Van Lieshout's deposition will occur after December 14, 2012, and not in the U.S.  By the same token, Samsung will agree to depose Bas Ording after December 14, 2012, given that the '172 patent no longer has terms that either party has proposed for claim construction; and

4

- The remaining depositions of Joon-Young Cho, Soeng-Hun Kim, Sung-Ho Choi and Yong-Jun Kwak will be in Suwon.

Samsung recognizes that the dates offered for Young-Bum Kim and Ju-Ho Lee in the U.S. are shortly after the Thanksgiving holiday. It is equally, if not more, burdensome for Samsung's inventors to be available for deposition in the U.S. during this time period. It is, however, the only dates they are available in the U.S. between now and December 14, 2012.[1]

Apple also requests that "Samsung confirm that [it] is searching for responsive documents from the files of its former employees." Apple's request hits upon a comparable issue raised by Samsung in prior correspondence. Specifically, in Samsung's letter dated September 14, 2012, Samsung requested that Apple confirm "that Apple is no longer in possession of documents of any sort for … former Apple employees" James Miller, Thomas Bonura, David Wright and Bonnie Nardi. After Apple did not respond, Samsung repeated its request in Samsung's letter dated October 9, 2012. Notwithstanding Samsung's two requests over the past two months, Apple has remained silent. Samsung assumes that both parties will search for responsive documents generated by former employees, which includes former Apple employees Messrs. Miller, Bonura, Wright and Ms. Nardi. Please confirm that Samsung's understanding is correct.

Very truly yours,

Michael L. Fazio

---

[1] I note that the agreement of the parties in the 1846 action regarding location of depositions for Samsung's witnesses in that case does not mean that these Samsung inventors in this case should be deposed in the United States. That Samsung made certain concessions in good faith in the 1846 action that Apple now attempts to use against Samsung would appear to demonstrate the adage that "no good deed goes unpunished." Accordingly, and though Samsung disagrees with Apple's recitation of events from the 1846 action, it is irrelevant to the inquiry here regarding location of the Samsung inventor depositions.