# EXHIBIT 11

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Wednesday, November 07, 2012 3:12 PM
**To:** Michael Fazio; Rho, Jennifer; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine@mofo.com; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Michael,

I write in reply to your November 6 letter.  While Apple maintains that applicable law requires Samsung to bring its employee inventors to the United States to be deposed, and therefore reserves all of its rights in that regard, we are hopeful that the parties can reach a compromise on this issue.  However, we don't believe that offering deposition dates over the Thanksgiving weekend is a reasonable proposal.  We offer the following alternative proposal:

- Samsung will agree to make three of its seven employee inventors available for deposition in the United States.
- Apple had previously identified four '087 patent inventors (Soeng-Hun Kim, JuHo Lee, Young-Bum Kim and Joon-Young Cho) for deposition prior to the December 14 claim construction discovery deadline.  We are willing to limit our request for inventor depositions prior to December 14 to any two of those four '087 patent inventors.  Apple would agree to conduct those two depositions in Korea provided that Samsung agrees (a) to Apple's proposal that all documents be produced at least 10 days in advance of the depositions, and (b) to make these two inventors available on consecutive days in Seoul (not Suwon).
- Samsung will agree to schedule any other inventor depositions that will take place in Korea for consecutive days, and in Seoul (not Suwon).

Regarding the deposition of Mr. Ording, while we understand that his deposition does not need to occur before December 14, he remains available to be deposed on the previously offered date (November 28).  Please note that Mr. Ording will not be available to be deposed in December, so if Samsung does not want to proceed with his deposition on November 28, we will need to reschedule for a date after January 1.  Please let us know if you want to proceed on November 28 or if we should schedule a date in 2013.

Finally, David Wright will be available for deposition on November 13, in Gibson Dunn's Palo Alto office.

We look forward to your response.

-- Peter

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Tuesday, November 06, 2012 6:44 PM
**To:** Kolovos, Peter; Rho, Jennifer; Wilkins, Angela L.; kevinjohnson@quinnemanuel.com; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine@mofo.com; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Counsel,

Please see attached.

Michael Fazio

---

**From:** Kolovos, Peter [mailto:Peter.Kolovos@wilmerhale.com]
**Sent:** Friday, November 02, 2012 9:42 AM
**To:** Michael Fazio; Rho, Jennifer; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine@mofo.com; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Counsel,

Please see the attached correspondence.

-- Peter

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Thursday, November 01, 2012 5:15 PM
**To:** Rho, Jennifer; Wilkins, Angela L.; kevinjohnson@quinnemanuel.com; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine@mofo.com; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** Apple v. Samsung, Case No.: 12-cv-630-LHK

Counsel,

Please see attached.

Michael Fazio

# EXHIBIT 12

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Friday, November 09, 2012 7:47 AM
**To:** Kolovos, Peter; Rho, Jennifer; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Peter,

Please note that "November 16" in the third bullet point should read "November 13".

Best regards,

Michael Fazio

---

**From:** Michael Fazio
**Sent:** Thursday, November 08, 2012 1:21 PM
**To:** Kolovos, Peter; Rho, Jennifer; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine@mofo.com; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Peter,

Regarding Apple's offer below, Samsung will agree to the following:

- Samsung will make three of its seven employee inventors available for deposition in the United States.  Those U.S. depositions will occur after December 14, 2012.
- The two pre-December 14 Samsung inventor depositions will be Young-Bum Kim on November 28, 2012 and Ju-Ho Lee on November 30, 2012.  Both depositions will occur in Suwon.
- Samsung will make its document productions from its seven employee inventors 10 days in advance of their depositions.  Apple will make its supplemental document productions from its inventors (both employee inventors and non-employee inventors represented by Apple) 10 days in advance of their depositions.  Given that Mr. Wright's deposition is currently scheduled for November 16, Mr. Wright's supplemental document production, to the extent not already made by Apple, shall be made immediately.
- Mr. Wright's deposition will be taken at Quinn Emanuel's Silicon Valley office.
- Samsung will schedule any additional depositions in Korea on consecutive days.  Such

depositions will occur in Suwon.

With respect to Mr. Ording, Samsung is agreeable to taking his deposition after January 1 and will await a proposed date(s) from Apple.  To clarify Apple's proposal below, Samsung understands that the deposition of Mr. Van Lieshout – whose patent also no longer has terms proposed for construction – will take place after December 14, 2012.

Please let me know if the foregoing is agreeable to Apple.

Thank you.

Best regards,

Michael Fazio

# EXHIBIT 13

**From:** Rho, Jennifer [mailto:JRho@gibsondunn.com]
**Sent:** Friday, November 09, 2012 11:08 AM
**To:** Michael Fazio; Kolovos, Peter; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; hlin@steptoe.com
**Cc:** *** Apple/Samsung; Clementine; WH Apple Samsung NDCal II Service; Liao, Andrew; Miller, Elise; Selwyn, Mark; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: Apple v. Samsung, Case No.: 12-cv-630-LHK

Michael,

Due to various reasons, we prefer that the depositions of Apple's current or former employees be held at our or Wilmer Hale's offices, including the deposition of Mr. Wright.  Given Samsung's insistence that the depositions of its employees should be held in Suwon, rather than Seoul, we presume that holding the Apple current and former employee depositions at our offices should be agreeable.

We agree on the other parts of your proposal, and confirm that Mr. Van Lieshout will be deposed after December 14.  Additionally, with your written confirmation that Mr. Wright will be deposed at Gibson Dunn's Palo Alto office on November 13, an amended deposition notice is not necessary. It is also our understanding that all of Mr. Wright's documents already have been produced.

Thank you,
Jennifer

**Jennifer J. Rho**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

# EXHIBIT 14

| | |
|---|---|
| **From:** | Rho, Jennifer [JRho@gibsondunn.com] |
| **Sent:** | Wednesday, October 31, 2012 12:49 PM |
| **To:** | Michael Fazio; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; Huan-Yi Lin |
| **Cc:** | *** Apple/Samsung; Clementine; Mcelhinny, H.; Jacobs, M.; Hung, R.; Wilmer Hale; Andrew Liao; Elise Miller; Mark Selwyn; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst |
| **Subject:** | RE: 12-cv-630-LHK - Apple v. Samsung - Letter from B. Buroker to M. Fazio |

Michael,

In view of your confirmation, we are in agreement.  Apple reserves its rights and arguments with respect to further depositions, or not, of the remaining inventors.

In addition, as noted in our October 29 letter, Apple is also willing to agree to depose only those Samsung employee inventors relevant to the ongoing claim construction process prior to the December 14 deadline (up to three inventors per patent), and to depose the remaining Samsung employee inventors thereafter.  Apple will need to depose the following Samsung employee inventors prior to the December 14 deadline:  Soeng-Hun Kim, Gert Jan Van Lieshout, JuHo Lee, Young-Bum Kim and Joon-Young Cho.  We will respond separately on the issue of whether these depositions need to take place in the United States or abroad and regarding the other issues raised in your letter of October 30, and Apple reserves all of its rights in that regard.


Best regards,
Jennifer


**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Wednesday, October 31, 2012 11:36 AM
**To:** Rho, Jennifer; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; Huan-Yi Lin
**Cc:** *** Apple/Samsung; Clementine; Mcelhinny, H.; Jacobs, M.; Hung, R.; Wilmer Hale; Andrew Liao; Elise Miller; Mark Selwyn; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: 12-cv-630-LHK - Apple v. Samsung - Letter from B. Buroker to M. Fazio

Jennifer,

As to the first point, Samsung will only take the depositions of these five Apple inventors named in Samsung's email (Bonura, Wright, Freedman, Capps and Ording) before December 14.

As to the second point, though Samsung is not seeking that the depositions of the remaining Apple inventors (i.e. inventors of the Apple patents-in-suit other than these 5 individuals) occur before December 14, Samsung will seek the remaining Apple inventors' depositions (to include inventors both employed and not employed by Apple) after December 14.  Additionally, nothing in this  proposal shall limit Samsung's right to continue to confer with Apple to ensure that the remaining Apple inventors are promptly made available for deposition after

December 14.

As to the third point, Samsung reserves all rights and arguments, including Samsung moving to compel the depositions of the remaining Apple inventors, to the extent that Apple declines to make the remaining Apple inventors available for deposition or Apple attempts to attach conditions to the remaining Apple inventors' depositions.

Lastly, I note that nothing in Samsung's proposal is intended to limit Samsung's rights to pursue relief to the extent that a dispute arises regarding objections asserted by Apple at the depositions of any of its inventors, including these five individuals.

Best regards,

Michael Fazio

---

**From:** Rho, Jennifer [mailto:JRho@gibsondunn.com]
**Sent:** Wednesday, October 31, 2012 8:31 AM
**To:** Michael Fazio; Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; Huan-Yi Lin
**Cc:** *** Apple/Samsung; Clementine; Mcelhinny, H.; Jacobs, M.; Hung, R.; Wilmer Hale; Andrew Liao; Elise Miller; Mark Selwyn; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: 12-cv-630-LHK - Apple v. Samsung - Letter from B. Buroker to M. Fazio

Michael,

In order to be able to respond to your below email of October 30, 2012 by 1pm PT, please confirm the following points about your proposal:

- Samsung will take the depositions of only the 5 individuals named in your email before December 14;
- Samsung is not seeking the depositions of the remaining inventors (employed or non-employed by Apple) before December 14; and
- Both Apple and Samsung reserve all rights and arguments with respect to further depositions, or not, of the remaining inventors.

Thank you,
Jennifer

**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Tuesday, October 30, 2012 6:10 PM
**To:** Wilkins, Angela L.; Kevin Johnson; Victoria Maroulis; John Caracappa; Michael Heimbold; Huan-Yi Lin
**Cc:** *** Apple/Samsung; Clementine; Mcelhinny, H.; Jacobs, M.; Hung, R.; Wilmer Hale; Andrew Liao; Elise Miller; Mark Selwyn; Joby Martin; Anastasia Fernands; Richard Erwine; Ryan Goldstein; Alan Whitehurst
**Subject:** RE: 12-cv-630-LHK - Apple v. Samsung - Letter from B. Buroker to M. Fazio

Dear Counsel,

With respect to the attached letter, I note that Samsung disagrees with Apple's statement that the parties have not meaningfully met and conferred on this issue of the Apple inventor depositions.  The reasons why Samsung disagrees with Apple's statement are set forth in Samsung's letter dated October 25, 2012 and need not be repeated here.

Samsung will need to depose Bas Ording, Gordon Freedman, Thomas Bonura, David Wright and Stephen Capps before the December 14, 2012 claim construction discovery cut-off.  Accordingly, if Apple agrees to make these individuals available for deposition before the December 14, 2012 claim construction discovery cut-off without any of the conditions set forth in Apple's letters dated October 24, 2012 and October 29, 2012, then Samsung will forgo its motion to compel (and its motion to shorten time) the depositions of these five inventors.  With respect to Mr. Wright, given that he was deposed by Samsung for approximately 30 minutes during preliminary injunction discovery in this case, Samsung will agree to limit his resumed deposition to no more than 6.5 hours.  I note that Samsung is ready to make its inventor-employees available for deposition prior to the December 14, 2012 cut-off, and anticipates that Apple will too.

For clarity, this proposal applies only to the depositions of Messrs. Ording, Freedman, Bonura, Wright and Capps.  Samsung reserves all rights to depose the other inventors of the Apple patents-in-suit in this case, as well as Samsung's right to move to compel those inventors' depositions should Apple decline to produce them for deposition or attempt to attach conditions to their depositions with which Samsung disagrees.  Additionally, and consistent with my letter of earlier today, this proposal is separate and distinct from the issues that Samsung continues to pursue regarding the sufficiency of document productions from the named inventors of the Apple patents-in-suit, and nothing in this proposal should be construed to limit Samsung's rights to continue to pursue any such additional documents.

Please let me know if, consistent with the foregoing, Apple will make these five individuals available for deposition before December 14, 2012.  Given that Samsung intends to file its motion to compel and motion to shorten time by close of business on Wednesday, October 31st, please let me know no later than 1 pm pst on October 31 if this proposal is agreeable.

Thank you.

Best regards,

Michael Fazio

---

**From:** Wilkins, Angela L. [mailto:AWilkins@gibsondunn.com]
**Sent:** Monday, October 29, 2012 4:57 PM
**To:** Michael Fazio; Charles K Verhoeven; Kevin Smith; Kevin Johnson; Michael Fazio; Michael Peng; Victoria Maroulis; John Caracappa; Michael Heimbold; Huan-Yi Lin
**Cc:** *** Apple/Samsung; Clementine; Mcelhinny, H.; Jacobs, M.; Hung, R.; Wilmer Hale; Andrew Liao; Elise Miller; Mark Selwyn
**Subject:** 12-cv-630-LHK - Apple v. Samsung - Letter from B. Buroker to M. Fazio

Counsel – Please see attached letter.

Regards,


Angela

**Angela  Wilkins**
Senior Paralegal

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Dallas, TX 75201-6912
Tel +1 214.698.3145 • Fax +1 214.571.2900
AWilkins@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

# EXHIBIT 15

JU-HO LEE  Confidential
APPLE vs. SAMSUNG

November 30, 2012
1–4

Page 1

1           UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3               SAN JOSE DIVISION

4

5   APPLE INC., a California
    corporation,

6           Plaintiff,

7       vs.            CASE NO. 12-CV-00630
                           LHK
8   SAMSUNG ELECTRONICS CO. LTD.,
    a Korean business entity,
9   SAMSUNG ELECTRONICS AMERICA,
10  INC., a New York corporation,
    and SAMSUNG TELECOMMUNICATIONS
11  AMERICA LLC, a Delaware limited
    liability company,

12          Defendants.

13  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

14  AND RELATED CROSS-ACTION.

15  ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

16

17      VIDEOTAPED DEPOSITION OF

18      DEPOSITION OF JU-HO LEE

19          CONFIDENTIAL

20

21      November 30, 2012

22          9:02 a.m.

23      Ramada Plaza Hotel
        Suwon City, Korea

24      Renee Kelch, CSR No. 5063

25

Page 2

1       APPEARANCES OF COUNSEL

2   For Plaintiff and Counterclaim Defendant:

3     WILMER CUTLER PICKERING HALE AND DORR LLP
      KATE SAXTON, ESQ.
4     60 State Street
      Boston, Massachusetts 02109
5     617.526.6000
      617.526.5000 Fax
6     kate.saxton@wilmerhale.com

7     WILMER CUTLER PICKERING HALE AND DORR LLP
      PETER J. SHEN, ESQ.
8     7 World Trade Center
      New York, New York 10007
9     212.230.8895
      212.230.8888 Fax
10    peter.shen@wilmerhale.com

11  For Samsung Electronics Company Ltd., Samsung
12  Electronics America Inc., Samsung Telecommunications
    America LLC:

13
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
14    ALAN L. WHITEHURST, ESQ.
      Suite 825
15    1299 Pennsylvania Avenue NW
      Washington, D.C.  20004
16    202.538.8000
      202.538.8100 Fax
17    alanwhitehurst@quinnemanuel.com

18

19  Also Present:

20    Robert Velasco, Videographer

21    Sangmee Moon, Interpreter

22    Sue-Mi Jones, Check Interpreter

23    Jae Park, Samsung

24

25

Page 3

1           INDEX TO EXAMINATION

2
    WITNESS: JU-HO LEE
3

4   EXAMINATION                    PAGE
5   BY MS. SAXTON                    9

6

7

8

9       QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

10      Page   Line

11      154    12

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4

1           INDEX TO EXHIBITS

2
    EXHIBITS        DESCRIPTION        MARKED
3     1   United States Patent 7,756,087 B2, Bates  10
4         Number ROYLANCENDCA630-00001222 through
          1242
5
      2   Prosecution history for '087 patent.   24
6         Bates Number SAMNDCA630-00834563 through
          835357
7
      3   E-mail chain dated September 2004, Bates  34
8         Number SAMNDCA630-02570082 through
          02570085
9
      4   Excerpt of 3GPP TS 25.331           38
10
      5   3GPP TSG RAN WG1 Meeting Number 40,     87
11        APL630DEF-WH-A0000006462 though 6520

12    6   IPR Information Statement Declaration   90
13        Forms, Bates Number
          APL630DEF-WH-A0000006936 through 6952
14    7   E-mail dated August 12, 2004 and document  95
15        titled, "Autonomous Transmission with TDM
          Approach," Bates Number
          APL630DEF-WH-A0000005971 through 5975
16
      8   Document titled, "Approved Report of 3GPP  107
17        TSG RAN WG1 Number 38," Bates Number
          APL630DEF-WH-A0000006294 through 6356
18
      9   Document titled, "Autonomous transmission  108
19        with TDM approach," Bates Number
          APL630DEF-WH-A0000006357 through 6361
20
      10  Document titled, "Approved Report of 3GPP  113
21        TSG RAN WG1 Number 38-bis in Seoul,"
          Bates Number APL630DEF-WH-A0000006362
22        through 6414

23    11  E-mail dated November 12, 2004 and      115
24        document titled, "Non-scheduled
          Transmission," Bates Number
          APL630DEF-WH-A0000006433 through 6438
25



Case 5:12-cv-00630-LHK   Document 423-5   Filed 04/01/13   Page 16 of 31

JU-HO LEE  Confidential                                        November 30, 2012
APPLE vs. SAMSUNG                                                       5–8

Page 5

1    INDEX TO EXHIBITS (Continued)

2   EXHIBITS          DESCRIPTION          MARKED

3    12   Document titled, "25.309 CR to Rel-6 on   120
         Enhanced Uplink," Bates Number
4        APL630DEF-WH-A0000009009 through 9048

5    13   Document titled, "Approved Report of the   121
         27th 3GPP TSG RAN meeting," Bates Number
6        APL630DEF-WH-A0000006710 through 6768

7    14   Document titled, "LS on Minimum Set       123
         Support HSUPA," Bates Number
8        APL630DEF-WH-A0000006426 and 6427

9    15   E-mail titled, "SRB mapping E-DCH minimum 127
         set and Node B complexity issues," Bates
10       Number APL630DEF-WH-A0000006428 through
         6430

11
     16   Document titled, "Support of low minimum   136
12       rate for EDCH," Bates Number
         APL630DEF-WH-A0000006431 and 6432

13

14   (Original exhibits attached to original

15   transcript)

16

17

18

19

20

21

22

23

24

25

Page 6

1              DEPOSITION OF JU-HO LEE

2               NOVEMBER 30, 2012

3

4        THE VIDEOGRAPHER:  Good morning.  This is Tape

5    Number 1 to the videotaped deposition of Ju-Ho Lee in

6    the matter of Apple Inc., versus Samsung Electronics

7    Company, et al., being heard before the United States

8    District Court, Northern District of California,

9    San Jose Division.  The case number is 12-CV-00630-LHK.

10       This deposition is taking place at the Ramada

11   Plaza Hotel in Suwon, South Korea.  Today's date is

12   November 30th, 2012.  And the time is 9:02 a.m.

13       My name is Robert Velasco, CLVS, and I'm the

14   videographer.  Our court reporter today is Renee Kelch.

15       Counsel present, please introduce yourself and

16   affiliations.

17       MS. SAXTON:  Kate Saxton, WilmerHale, on behalf

18   of Apple Inc.  With me is Pete Chen, also of WilmerHale,

19   on behalf of Apple Inc.

20       MR. WHITEHURST:  Good morning.  My name is Alan

21   Whitehurst.  I'm with the law firm of Quinn Emanuel.  I

22   represent Samsung and the witness, Dr. Ju-Ho Lee.  And

23   with me today is Jae L. Park, from Samsung.  And also

24   with us is Sue-Mi Jones.

25       THE VIDEOGRAPHER:  Thank you very much.

Page 7

1        Would the court reporter please swear in the

2    interpreters and the witness.

3        (Interpreters and witness sworn)

4        MS. SAXTON:  Counsel, before we start this

5    deposition, I understand yesterday -- or the day before,

6    you limited the deposition to seven hours of testimony

7    on the record.

8        I think, as you probably know by now, we sent a

9    letter objecting to Samsung's limiting these depositions

10   to seven hours.  We think that's not consistent with the

11   court's scheduling order in this case, which provides

12   for additional time for depositions with an interpreter.

13       MR. WHITEHURST:  We disagree.  If you guys had

14   requested seven days, we would have certainly taken that

15   request under consideration.  You never gave us such

16   notice.  We have to place reasonable limits on any one

17   given day.

18       We went until close to 7:00 p.m. yesterday.

19       The questioner, the witness, everybody in the room was

20   exhausted, so we stopped the deposition for good reason.

21       If you want additional time, you need to let us

22   know in advance.  That was never the case.

23       If at any time yesterday counsel had asked me

24   for additional reasonable amount of time to finish the

25   deposition, I would have certainly entertained such a

Page 8

1    request.  At no time yesterday did counsel ever request

2    additional time.  So we -- you know, we disagree.

3        Hopefully, we can finish the deposition in a

4    timely fashion today.  Just like two days ago, we just

5    can't agree to let the deposition go on indefinitely

6    until all hours of the night, so.

7        MS. SAXTON:  Well, Counsel, I disagree with

8    your statements about the deposition of Mr. Kim.  I've

9    read the transcript.  I do think that we lodged our

10   objections appropriately here.  I'm not going to argue

11   with you about this on the record now.  You guys are on

12   notice that we intend to seek additional time.  I

13   understood you are unwilling to make your witness

14   available past seven hours today.  That's certainly your

15   prerogative.  But we do intend hold the deposition open,

16   and we will seek additional time with this witness, as

17   well as Mr. Kim.

18       MR. WHITEHURST:  Your objection's noted, and

19   we've also stated our position.  And we just can't agree

20   to an indefinite amount of time on any given day.  And

21   we will limit the deposition to seven hours.

22       MS. SAXTON:  That's fine.  I think we have each

23   other's positions, and we can take this up with the

24   court as necessary.

25       MR. WHITEHURST:  Great.

Page 9

1                 SANGMEE MOON,
2  being called as an interpreter, was duly sworn to
3  translate English to Korean and Korean to English the
4  testimony of the following witness:
5
6                 YOUNG-BUM KIM,
7  having been first duly sworn through the interpreter,
8  testifies as follows:
9
10                 EXAMINATION
11 BY MS. SAXTON:
12    Q.  Good morning, Dr. Lee.
13        You have been deposed before; correct?
14    A.  Yes, correct.
15    Q.  You understand that you are under oath here
16 today; correct?
17    A.  Yes.
18    Q.  You understand that you are to give truthful
19 and accurate testimony to the best of your ability;
20 correct?
21    A.  Yes.
22    Q.  Is there any reason that you are Unable to give
23 truthful and accurate testimony as you sit here today?
24    A.  No.
25        MS. SAXTON:  Let's go ahead and mark our first

Page 10

1  exhibit.
2        (Exhibit 1 marked)
3  BY MS. SAXTON:
4    Q.  Dr. Lee, do you recognize Exhibit 1?
5    A.  I recognize it as patent.
6    Q.  Do you recognize it as the '087 patent?
7    A.  I just saw the number.
8    Q.  So the answer to my question is yes, you
9  recognize it as the '087 patent; correct?
10    A.  I can see that this is the '087 patent, but I
11 don't exactly remember the content of it.
12        THE CHECK INTERPRETER:  Excuse me.  "I can see
13 this is an '087 by the number indicated; however, I do
14 not have an exact recollection as to the substance of
15 it."
16 BY MS. SAXTON:
17    Q.  Are you an inventor on the '087 patent?
18    A.  I see my name here.
19    Q.  Do you have any reason to disagree that you are
20 named as an inventor on the '087 patent?
21    A.  No.
22    Q.  Were you involved in the preparation of the
23 '087 patent or the application that led to the '087
24 patent?
25    A.  Since my name is here, I assume that I must

Page 11

1  have been.
2    Q.  What was your involvement in the preparation of
3  the application that led to the '087 patent?
4    A.  I believe that I must have researched the
5  technology together with those who are listed here.
6    Q.  What is the basis of your belief that you
7  researched the technology together with those who are
8  listed here?
9    A.  So those are listed here are my colleagues.
10 And if I didn't conduct research together with them, my
11 name must not have been listed here.
12    Q.  Did you review any of the office actions from
13 the US Patent Office related to the '087 patent
14 application?
15    A.  So can you elaborate what you mean by "office
16 action"?  I'm not so sure.
17    Q.  Sure.  By "office action," I mean any comments
18 provided by the US Patent Office in response to the
19 application that led to the '087 patent.
20        THE CHECK INTERPRETER:  (Speaking in Korean)
21        THE WITNESS:  There are others who are
22 responsible for legal issues related to patent
23 applications.
24        I am an engineer involved with technology, and
25 I'm not involved with the legal procedures related to

Page 12

1  patent application.
2  BY MS. SAXTON:
3    Q.  So you did not review any of the office actions
4  or comments by the US Patent Office in response to the
5  '087 patent application; is that correct?
6    A.  I don't have a recollection of reviewing
7  official documents or comments from US PTO.
8        But maybe the -- those are responsible for
9  patent application must have asked for my help for
10 specific issues.
11        I don't remember if that was the case for this
12 particular '087 patent.  But if there were such requests
13 from those responsible for patent application, I may
14 have given them assistance.
15        THE CHECK INTERPRETER:  Just quick minor
16 interjection.  Instead of, "They must have," I would
17 like to change that, "They could have."  The middle of
18 the sentence.
19 BY MS. SAXTON:
20    Q.  As you sit here today, you do not recall
21 providing any assistance to anyone at Samsung with
22 respect to the '087 patent application; correct?
23    A.  Yes, I don't recall what happened relating to
24 '087 patent.
25        THE CHECK INTERPRETER:  Oh, "I don't recall



Case 5:12-cv-00630-LHK   Document 423-5   Filed 04/01/13   Page 18 of 31

JU-HO LEE  Confidential                                    November 30, 2012
APPLE vs. SAMSUNG                                                   161–164

Page 161

1  mark the transcript confidential.
2       And before we go off the record, I do just want
3  to make it clear, we've allowed you as much time as you
4  liked.  You're free to ask Dr. Lee any additional
5  questions.  We're allowing you opportunity to fully
6  depose him.  And we're not agreeing to reproduce him.
7       MS. SAXTON:  I understand.  We clearly have a
8  dispute about that.  And I think that that's something
9  that's going to get worked out elsewhere; not here today
10 by us.
11      MR. WHITEHURST:  Good.  Well, it's our position
12 that this concludes the deposition of Dr, Lee.
13      MS. SAXTON:  Dr. Lee, thank you very much for
14 your time.
15      THE VIDEOGRAPHER:  Off the record.  The time is
16 6:02 p.m.
17      (The deposition concluded at 6:02 p.m.)
18
19
20
21
22
23
24
25

Page 162

1       CERTIFICATE OF READER-INTERPRETER
2
3       I, _____,
4  whose address is _____,
5  a person who speaks the language of the deponent;
6  namely Korean, do hereby certify that on the
7  _____ day of _____, 20__,
8  I did translate the foregoing deposition from the
9  English language into the Korean language, reading
10 same to the deponent in his/her native tongue, to the
11 best of my ability;
12      That all corrections and changes requested by the
13 deponent were made and initialed by the deponent;
14      That upon completion of said reading, the deponent
15 did confirm to me that he/she had understood the
16 reading.
17
18
19
20      _____
21            READER-INTERPRETER
22
23
24
25

Page 163

1       REPORTER'S CERTIFICATION
2
3       I, Renee Kelch, a Certified Shorthand Reporter in
4  and for the State of California, do hereby certify:
5
6       That the foregoing witness was by me duly sworn;
7  that the deposition was then taken before me at the time
8  and place herein set forth; that the testimony and
9  proceedings were reported stenographically by me and
10 later transcribed into typewriting under my direction;
11 that the foregoing is a true record of the testimony and
12 proceedings taken at that time.
13
14      IN WITNESS WHEREOF, I have subscribed my name this
15 2nd day of December, 2012.
16
17
18      _____
19            Renee Kelch, CSR No. 5063
20
21
22
23
24
25

Page 164

1       DEPOSITION ERRATA SHEET
2
3
4  Our Assignment No. 489250
5  Case Caption:  Apple vs. Samsung
6
7
8       DECLARATION UNDER PENALTY OF PERJURY
9       I declare under penalty of perjury
10 that I have read the entire transcript of
11 my Deposition taken in the above-captioned
12 matter or the same has been read to me, and
13 the same is true and accurate, save and
14 except for changes and/or corrections, if
15 any, as indicated by me on the DEPOSITION
16 ERRATA SHEET hereof, with the understanding
17 that I offer these changes as if still under
18 oath.
19    Signed on the _____ day of
20 _____, 20_____ ,
21
22 _____
23       JU-HO LEE
24
25



# EXHIBIT 16

WILMERHALE

Peter J. Kolovos

+1 617 526 6493(t)
+1 617 526 5000(f)
peter.kolovos@wilmerhale.com

November 29, 2012

**Via Email**

Michael L. Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:  <u>Apple Inc. v. Samsung Electronics Co. Ltd. et al.,</u>
     Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Michael:

Yesterday, Samsung's counsel enforced a hard-stop of seven "clock" hours for Young-Bum
Kim's deposition in Korea.  This was improper.  Samsung's position that depositions conducted
through an interpreter are subject to the same limit of seven "on the record" hours as depositions
conducted without a interpreter is inconsistent with the Court's May 2 case management order.
As you know, Judge Koh ordered that depositions requiring an interpreter will count as half time
against each party's limit of total deposition time, and thus recognized that one hour of
examination through an interpreter is equivalent to a half hour of examination without an
interpreter.  (Dkt. 160).  In light of that, depositions conducted through an interpreter are subject
to a limit of fourteen "clock" hours, and Apple is entitled to additional deposition time with Mr.
Kim.  Samsung's contrary position is illogical, as it would mean that Samsung has 7 hours of
effective deposition time with each of Apple's witnesses, while Apple has only 3.5 hours with
each of Samsung's witnesses who will be deposed through an interpreter.  Samsung's decision to
cut off yesterday's deposition at seven hours, contrary to the Court's order, is particularly
inappropriate given that Samsung insisted that Apple incur the expense of travelling to Suwon to
conduct Mr. Kim's deposition.

Moreover, the Samsung attorney who defended yesterday's deposition made numerous lengthy
speaking objections, each of which had to be translated, and which thus further cut into the
available deposition time.  Apple objects to the continued use of improper speaking objections
by Samsung's attorneys.

For these reasons, in addition to the reasons outlined in my November 21 letter and November
23 email, Apple again seeks Samsung's agreement to make Mr. Kim available for a second day
of deposition, in the United States.  Apple also seeks Samsung's agreement that any witnesses to
be deposed through a translator will be available to continue his or her deposition beyond seven
"clock" hours in any given deposition day.  If Samsung does not wish to have its witnesses sit for

WILMERHALE

Michael L. Fazio, Esq.
November 29, 2012
Page 2

more than seven deposition hours on any given day, we suggest scheduling future depositions of translated witnesses for two back-to-back days.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos

# EXHIBIT 17

**Jeanine Zalduendo**

---

| | |
|---|---|
| **From:** | Jeanine Zalduendo |
| **Sent:** | Wednesday, November 14, 2012 2:46 PM |
| **To:** | 'Rho, Jennifer J.' |
| **Cc:** | Michael Fazio |
| **Subject:** | Delivery of Inventor Production |

Hi Jennifer,

Samsung will be making a production of inventor documents this Friday.  The documents will be made available on a hard drive sent by FedEx for Saturday delivery.  To ensure secure delivery, to whose attention should I direct this package?

Many thanks,
Jeanine

**Jeanine Zalduendo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3632 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
jeaninezalduendo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 18

| | |
|---|---|
| **From:** | Rho, Jennifer [JRho@gibsondunn.com] |
| **Sent:** | Wednesday, November 14, 2012 2:55 PM |
| **To:** | Jeanine Zalduendo |
| **Cc:** | Michael Fazio; Aglipay, Ernest L. (Ernest.Aglipay@wilmerhale.com); WHAppleSamsungNDCalIIService@wilmerhale.com; *** Apple/Samsung |
| **Subject:** | RE: Delivery of Inventor Production |

Jeanine,

Please send the documents to:

Ernie Aglipay
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304
United States

Thank you very much,
Jennifer

**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

---

**From:** Jeanine Zalduendo [mailto:jeaninezalduendo@quinnemanuel.com]
**Sent:** Wednesday, November 14, 2012 2:46 PM
**To:** Rho, Jennifer
**Cc:** Michael Fazio
**Subject:** Delivery of Inventor Production

Hi Jennifer,

Samsung will be making a production of inventor documents this Friday.  The documents will be made available on a hard drive sent by FedEx for Saturday delivery.  To ensure secure delivery, to whose attention should I direct this package?

Many thanks,
Jeanine

**Jeanine Zalduendo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3632 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
jeaninezalduendo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 19

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

November 29, 2012

**<u>Via E-Mail</u>**

Josh Krevitt                                        Jennifer Rho
Gibson Dunn & Crutcher, LLP            Gibson Dunn & Crutcher, LLP
1881 Page Mill Road                          333 South Grand Avenue
Palo Alto, CA 94304-1211                  Los Angeles, CA 90071-3197

Re:     <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630</u>

Dear Counsel:

I write regarding Apple's production of documents bates numbered APLNDC630-0000197215 - APLNDC630-0000242920 produced on November 28, 2012.  As Ms. Fedman confirmed by email today, there were severe technical problems with Apple's document production.  Those problems have rendered virtually the entire production unreviewable.

Specifically, approximately 90 percent of Apple's 2,373 documents produced on November 28th consisted of non-responsive slip-sheets stating: "Native file could not be processed."  If the native files that Apple sought to produce "could not be processed" through standard production methods, then Apple should have provided Samsung all such documents in their native format. Yet Apple has provided none.  In addition, Apple's November 28th document production omits approximately 375 documents in their entirety, including in image/pdf format.  As a result of Apple's omission, the pertinent data contained in these 375 documents, such as diagrams and charts, cannot be viewed.

Further, due to the incorrect bates labeling of documents associated with Stephen Capps, and Apple's failure to provide any custodial information for documents bates labeled APLNDC630-0000199529-APLNDC630-0000242920, Samsung has been unable to determine which

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

documents in this production are from Mr. Capps and, therefore, require immediate review for his December 7, 2012 deposition.

Moreover, Apple's November 28, 2012 production for Mr. Capps was in violation of the parties' agreement to produce inventors' documents at least ten days prior to their respective depositions. Apple's offer to "mak[e] the documents collected from Stephen Capps included in this production available for inspection" does not cure Apple's non-compliance with the parties' agreement.  Indeed, Apple's offer to make such documents available for inspection will only impose additional burden upon Samsung, by having to now coordinate a document inspection only one week before Mr. Capps' deposition.  Apple's belated and unreviewable document production has substantially prejudiced Samsung's ability to fully prepare for Mr. Capps' deposition.

Notably, Samsung previously requested, and Apple declined, to provide a different date for Mr. Capps' deposition prior to December 14, 2012.  *See* Email from Rho to Fazio dated November 21, 2012.  Because Mr. Capps is not available for deposition on any date other than December 7, 2012, please confirm that Apple will make Mr. Capps available for deposition on an additional date as soon as reasonably possible, and that any testimony obtained during that second day of deposition may be used by Samsung as part of claim construction discovery.  To be clear, this second day is in addition to Mr. Capps' deposition scheduled for December 7, 2012, which Samsung will take pursuant to the parties' prior agreement regarding inventor depositions.

Lastly, Samsung notes that this letter is not intended to waive or in any way limit Samsung's objections regarding the sufficiency of Apple's document production relevant to Mr. Capps' deposition, including but not limited to Samsung's Request for Production Nos. 295 and 296 as set forth in Samsung's letter of earlier today.

Very truly yours,

Michael L. Fazio

2

# EXHIBIT 20

**From:** Rho, Jennifer [mailto:JRho@gibsondunn.com]
**Sent:** Monday, March 18, 2013 11:08 AM
**To:** William Price; Michael Fazio; 'John Caracappa'; Amar Thakur
**Cc:** *** Apple/Samsung; 'Wilmer Hale'; Clementine; Hung, R.; Jacobs, M.
**Subject:** Apple v. Samsung, Case No. 12-cv-630-LHK - Kocienda Deposition

Counsel,

Despite Apple's best efforts to produce Ken Kocienda's custodial documents at least 10 days before his scheduled deposition, we just discovered that certain of his documents were inadvertently not produced.  Those documents were produced yesterday, as soon as this was discovered.  As we are less than 10 days away from Mr. Kocienda's deposition, Apple is willing to postpone his deposition in light of this production.  Should Samsung and Motorola choose to knowingly proceed with Mr. Kocienda's deposition on March 21, despite yesterday's production, Apple will understand that decision to be a waiver of any objection to keep Mr. Kocienda's deposition open in connection with this production.

Regards,
Jennifer

**Jennifer J. Rho**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7103 • Fax +1 213.229.6103
JRho@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.