# EXHIBIT 21

**Jeanine Zalduendo**

| | |
|---|---|
| **From:** | Herriot, Liv [Liv.Herriot@wilmerhale.com] |
| **Sent:** | Tuesday, November 20, 2012 4:21 PM |
| **To:** | Jeanine Zalduendo |
| **Subject:** | RE: Apple/Samsung - Samsung's 11/16/2012 Production |

Jeanine,
I am available right now as well.  I will give you a call.

Thank you,
Liv

**From:** Jeanine Zalduendo [mailto:jeaninezalduendo@quinnemanuel.com]
**Sent:** Tuesday, November 20, 2012 4:18 PM
**To:** Herriot, Liv
**Subject:** RE: Apple/Samsung - Samsung's 12/16/2012 Production

Hi Liv,

I am available to talk now, if you are.  I will be conferencing in a member of our support team that created the hard drive.  Hopefully he will be able to provide clarity to anything confusing about the set-up of the hard drive.

Thanks!

**From:** Michael Fazio
**Sent:** Tuesday, November 20, 2012 4:13 PM
**To:** 'Herriot, Liv'
**Cc:** Scott Florance; 'Rho, Jennifer <JRho@gibsondunn.com> (JRho@gibsondunn.com)'; 'mlyon@gibsondunn.com'; 'WH Apple Samsung NDCal II Service'; Jeanine Zalduendo
**Subject:** RE: Apple/Samsung - Samsung's 12/16/2012 Production

My colleague Jeanine Zaludendo can provide assistance, to the extent necessary. Though it would assist us to know in advance what Apple finds "disorganized" or "confusing" about the data contained on the hard drive delivered to Apple on November 17.  Feel free to communicate directly with Jeanine.

**From:** Herriot, Liv [mailto:Liv.Herriot@wilmerhale.com]
**Sent:** Tuesday, November 20, 2012 4:08 PM
**To:** Michael Fazio
**Cc:** Scott Florance; Rho, Jennifer <JRho@gibsondunn.com> (JRho@gibsondunn.com); mlyon@gibsondunn.com; WH Apple Samsung NDCal II Service
**Subject:** Apple/Samsung - Samsung's 12/16/2012 Production

Michael –
The hard disk Samsung produced on Friday for Saturday delivery is disorganized and confusing.  Who on your team can we speak with tonight or early tomorrow morning to answer our questions about the organization of the hard disk and the load files?

Thank you,
Liv

**Liv Herriot | WilmerHale**
950 Page Mill Road
Palo Alto, CA 94304 USA
+1 650 858 6138 (t)
+1 650 858 6100 (f)
liv.herriot@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

# EXHIBIT 22

WILMERHALE

November 21, 2012

Peter J. Kolovos

+1 617 526 6493(t)
+1 617 526 5000(f)
peter.kolovos@wilmerhale.com

**Via Email**

Michael L. Fazio, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:  Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
      Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Michael:

     I write regarding the upcoming depositions of Young-Bum Kim and JuHo Lee, which are scheduled for November 28 and November 30, 2012.  On Friday, November 16, Apple received 220,663 pages of documents via FTP.  Young-Bum Kim is listed as the custodian for all of these documents.  On Saturday, November 17, Apple received a hard drive containing approximately 2.6 million pages.  JuHo Lee is listed as the custodian for 37.5 GB of compressed data, or approximately 20% of the compressed data produced on this 183 GB hard drive.

     Samsung's method of production has hindered Apple's ability to review these documents and prepare for the upcoming inventor depositions.  Samsung produced documents from JuHo Lee on the same hard drive as documents for other custodians (whose depositions are not yet scheduled).  This has delayed Apple's ability to review JuHo Lee's documents because the entire hard drive had to be processed before we could upload the JuHo Lee materials.  Moreover, the hard drive itself was disorganized and confusing.  The hard drive contained 76 different compressed RAR files.  Because only some of the RAR files contained load files, Apple could not begin loading documents for review until all of the RAR files were uncompressed for a given custodian.  As a result, Apple has not yet been able to begin reviewing JuHo Lee's documents.

     The number of documents for which JuHo Lee and Young Bum Kim are custodians is extremely large.  Please provide the search terms that Samsung used to collect these documents immediately.

     Apple also requests that Samsung not use RAR, or other any type of compression (such as zip files), when making productions via hard disk.  Unlike with ftp productions, compression of files is unnecessary when physical media is used for production.  When there is a large volume of documents, the need to uncompress files can add several hours to the processing time.  Given the short time frame between production and depositions, Apple needs to be able to use all available time in order to review the documents.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Michael L. Fazio, Esq.
November 21, 2012
Page 2


        Given the volume of documents Samsung has produced and the problems with the hard disk Samsung provided, it is impossible for Apple to review all of the documents for which JuHo Lee or Young-Bum Kim is a custodian prior to their depositions.  Apple therefore requests that Samsung provide new dates for these depositions on consecutive dates during either the week of December 3 or December 10, before the close of claim construction discovery.  If Samsung is unwilling to reschedule these depositions, we will raise this issue at the upcoming lead counsel meet and confer.

Very truly yours,

 /s/ Peter J. Kolovos

Peter J. Kolovos

# EXHIBIT 23

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

November 21, 2012

**Via E-Mail**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts  02109

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write in response to Apple's letter dated November 21, 2012 regarding the depositions of
Young-Bum Kim and Ju-Ho Lee.  In its letter, Apple requests that Samsung reschedule these
depositions, citing the manner and volume of Samsung's document productions from these two
custodians as its basis.  Apple's request is contrary to the parties' prior agreement regarding the
timing of the inventors' document productions and the dates for Young-Bum Kim and Ju-Ho
Lee's depositions.  Nonetheless, Samsung has conferred with Young-Bum Kim and Ju-Ho Lee to
assess alternate deposition dates, but given their work-related commitments, they are not
available for deposition on dates other than those previously agreed upon by the parties.  In the
spirit of compromise, Samsung will confer with the other two Samsung inventors, Joon-Young
Cho and Soeng-Hun Kim – who Apple previously named as two candidates for the pre-
December 14, 2012 inventor depositions – to ascertain if either is available for deposition during
the weeks of December 3rd or December 10th.  Samsung will inform Apple of Joon-Young Cho
and Soeng-Hun Kim's availability for deposition, if any, during this time frame after Samsung
has conferred with those inventors.  Importantly, Samsung notes for the reasons detailed below
that Apple's request to reschedule is unreasonable.

First, Apple previously requested, and Samsung agreed, that the parties make their document

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

productions from their respective inventors no later than ten days in advance of the inventors' depositions.  *See* Email from Rho to Fazio dated November 9, 2012.  The parties also previously agreed that Young-Bum Kim's and Ju-Ho Lee's depositions will be held on November 28, 2012 and November 30, 2012, respectively, in Suwon.  *See id.*  Samsung served its document productions for Ju-Ho Lee and Young-Bum Kim on November 16, 2012 – 12 days in advance of Young-Bum Kim's deposition and 14 days in advance of Ju-Ho Lee's deposition.  Thus, Samsung fulfilled its obligations under the parties' agreement, and even provided Apple the courtesy of additional time to review documents from these two Samsung inventors.

Second, Apple contends that "Samsung's method of production" – that is, producing files in compressed format – "has hindered Apple's ability to … prepare for the upcoming inventor depositions."  Yet almost every document that Samsung produced in this case has been produced in compressed file format (usually as zip files).  Notwithstanding Samsung's production of hundreds of thousands of documents over the past ten months as compressed files, Apple has never objected.  In its November 21st letter, Apple raises, for the first time, Samsung's production of documents as compressed files as a basis to delay the Young-Bum Kim and Ju-Ho Lee's depositions.  It remains unclear why Apple finds compressed files objectionable, given that this is how Samsung has produced its documents for the duration of this case.

Third, Apple waited until November 21st to raise its purported issues with Samsung's document production for these two custodians.  Indeed, Samsung first informed Apple of its intention to produce these documents on hard drive on November 14th.  *See* Email from Zalduendo to Rho dated November 14, 2012.  Apple did not request that the files contained on that hard drive be formatted a certain way, or be produced as a particular file type.  That Apple did not diligently pursue processing Samsung's documents or timely raise its purported issues is not a reasonable basis for Apple to now attempt to burden Samsung's witnesses by rescheduling their depositions.  Apple's additional contention that the "volume of documents" makes it "impossible for Apple to review all of the documents for which Ju-Ho Lee or Young-Bum Kim is a custodian" is unsupported given that Samsung's hard drive served on November 16th contained documents from multiple Samsung custodians, and Ju-Ho Lee and Young-Bum Kim's documents constituted only a fraction of that production.

Fourth, in its November 21st letter, Apple requests that Samsung "provide the search terms that Samsung used to collect these documents immediately."  Apple's demand, however, is at odds with Apple's own deficient search term disclosures in this case.  As detailed in Samsung's letter of earlier today – and Samsung's letters dated October 12, 2012, October 30, 2012 and November 6, 2012 to which Apple has not responded – Apple continues to refuse to supplement its search term disclosures to correlate its custodians with Apple's documents, thereby frustrating Samsung's attempts to fully assess the adequacy of Apple's searches or for Samsung to properly prepare for the upcoming depositions of Apple's inventors.  Samsung assumes that *both* parties will promptly provide proper search term disclosures, to include correlating the bates numbers of their productions with the inventors from which they came.  Please immediately confirm that Samsung's understanding is correct.

Fifth, Apple also states in its November 21st letter that "if Samsung is unwilling to reschedule these depositions, [Apple] will raise this issue at the upcoming lead counsel meet and confer."  Consistent with Samsung's letter of earlier today, Samsung has raised numerous issues with

Apple's discovery responses – each of which has been outstanding for several months now, including Apple's responses to Samsung's Second Set of Preliminary Injunction RFPs as well as Samsung's Second, Third, Fourth and Fifth Set of RFPs.  Samsung has diligently raised these issues, and waited patiently to meet and confer on them.  Though many of these issues were outstanding at the time of the parties' most recent September 6th meet and confer, Samsung was unable to address them because Apple's counsel only set aside one hour for the parties' meeting. Samsung assumes that Apple has set aside ample time to address *all* of Samsung's issues with Apple's discovery responses at the upcoming meet and confer, and as set forth in Samsung's letter dated November 21, 2012 sent earlier today.  Samsung is certainly agreeable to discussing Apple's additional – though belatedly raised – issue, but the parties' issues must be discussed in the order in which they were raised.

Lastly, Apple's stated intention to "raise this issue" at the meet and confer scheduled for November 27th is inadequate, given that Young-Bum Kim's deposition is currently scheduled for that same date (as it will be November 28th in Suwon).  Accordingly, please let us know no later than 5:00 p.m. PST on Friday, November 23rd if Apple intends to proceed with Young-Bum Kim's deposition currently scheduled for November 28th.

Very truly yours,

Michael L. Fazio

# EXHIBIT 24

1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K.   Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A.   Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B.   Johnson (Bar No. 177129 (CA)
7   kevinjohnson@quinnemanuel.com
    Victoria F.   Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C.   Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  Michael L. Fazio (Bar No. 228601)
    michaelfazio@quinnemanuel.com
13  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
14  Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100
15
    Attorneys for SAMSUNG ELECTRONICS CO.,
16  LTD., SAMSUNG ELECTRONICS AMERICA,
    INC. and SAMSUNG
17  TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

18

UNITED STATES DISTRICT COURT

19

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20

21   APPLE INC., a California corporation,

                Plaintiff,
22
        vs.
23
     SAMSUNG ELECTRONICS CO., LTD., a
24   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a New
25   York corporation; SAMSUNG
     TELECOMMUNICATIONS AMERICA,
26   LLC, a Delaware limited liability company,

27                Defendants.

CASE NO. 12-CV-00630-LHK (PSG)

**SAMSUNG'S OBJECTIONS AND
RESPONSES TO APPLE INC.'S SIXTH
SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS (NOS.
323-363)**

28

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's Fifth Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung.   Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.   Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects to Apple's Definition of "Product" as overly broad, vague and ambiguous, and irrelevant to the extant it seeks information about products that are under development.

4.      Samsung objects to the definition of "Relating" as overbroad, vague and ambiguous on the ground and to the extent they require Samsung to pursue information from individuals or entities whose data is not currently in the possession of Samsung

5.      Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.   Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.   Samsung will exchange with Apple a log of withheld documents consistent with the parties' Stipulation dated May 9, 2012.

1        6.     Samsung objects to these document requests on the ground and to the extent they

2   are vague and ambiguous.   Samsung in its responses will identify any terms it believes are vague

3   and ambiguous and will assume a reasonable meaning for each such term.

4        7.     Samsung objects generally to the document requests to the extent they seek

5   information from outside a reasonable time period or from a point other than a reasonable time, or

6   seeks information about products outside the United States, on the ground that such information is

7   irrelevant.

8        8.     Samsung objects to these document requests to the extent they seek to compel

9   Samsung to generate or create information and/or documents that do not already exist.

10       9.     Samsung objects to each document request to the extent it is duplicative or

11  cumulative of another document request or other discovery.

12       10.     Samsung objects to each document request to the extent it is compound and

13  comprises discrete subparts resulting in separate document requests.

14       11.     Samsung objects generally to the document requests to the extent they seek

15  confidential proprietary or trade secret information of third parties.   Samsung will endeavor to

16  work with third parties to obtain their consent, if necessary, before identifying or producing such

17  information and/or documents.

18       12.     Samsung objects generally to the document requests on the grounds that they are

19  overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

20  discovery of admissible evidence.

21       13.     Samsung objects to the document requests on the ground that they are overly broad,

22  unduly burdensome and oppressive to the extent they purport to require Samsung to search

23  Samsung's facilities and inquire of employees other than those facilities and employees that would

24  reasonably be expected to have responsive information.   Samsung's responses are based upon (1)

25  a reasonable search and investigation of facilities and files that could reasonably be expected to

26  contain responsive information, and (2) inquiries of Samsung's employees and/or representatives

27  who could reasonably be expected to possess responsive information.

28

14.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as to Samsung.

15.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.   Samsung's responses should not be construed to provide legal conclusions.

16.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.   The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.   Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST NO. 323

To the extent not already produced, all documents relating to or comprising licenses of or agreements to license any IPR related to the UMTS standard, including but not limited to Samsung's Alleged Essential Patents and other patents Essential or declared Essential to the UMTS standard; for the avoidance of doubt, this request includes licenses of such IPR from Samsung to third parties and licenses of such IPR from third parties to Samsung.

## RESPONSE TO REQUEST NO. 323

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

1   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

2   the Request as vague and ambiguous.   For example, the term "any IPR related to the UMTS

3   standard" is vague and ambiguous.   Samsung further objects to the Request as overly burdensome

4   for its use of the term "any IPR related to the UMTS standard."

5          Samsung further objects to the Request to the extent it seeks documents that are not within

6   the possession, custody, or control of Samsung.   Samsung further objects to the Request to the

7   extent it seeks documents equally or more readily available to Apple than to Samsung.   Samsung

8   further objects to the Request to the extent the requested documents are publicly available.

9   Samsung further objects to the Request to the extent it seeks documents containing confidential

10  third party information, including information subject to a non-disclosure or other agreement

11  between Samsung and a third party.

12         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

13  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

14  can be located based on a reasonable search in accordance with the Patent Local Rules.

15  **REQUEST NO. 324**

16         To the extent not already produced, all documents relating to the negotiation of any license

17  responsive to Request No. 323; for the avoidance of doubt, this request includes documents

18  reflecting discussions between the parties, licensing presentations, claim charts, and documents

19  identifying the Samsung personnel who negotiated or authorized any such licenses or license

20  agreement.

21  **RESPONSE TO REQUEST NO. 324**

22         In addition to its Objections and Responses Common to All Requests for Production and

23  its objections to Request for Production No. 323, which it hereby incorporates by reference,

24  Samsung objects to this Request to the extent that it seeks to elicit information subject to and

25  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

26  privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

27  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would

28  require undue expense to answer.   Samsung further objects to the Request as overbroad in that it

1  is not limited to any reasonable time period and seeks documents and things from time periods not

2  at issue in this litigation.   Samsung further objects to the Request to the extent it seeks documents

3  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

4  to the discovery of admissible evidence.   Samsung further objects to the Request to the extent it

5  seeks documents that are not within the possession, custody, or control of Samsung.   Samsung

6  further objects to the Request to the extent it seeks documents equally or more readily available to

7  Apple than to Samsung.   Samsung further objects to the Request to the extent it seeks documents

8  that are publicly available.   Samsung further objects to the Request to the extent it seeks

9  documents containing confidential third party information, including information subject to a non-

10  disclosure or other agreement between Samsung and a third party.

11      Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

12  meet and confer with Apple about the relevance and scope of the information sought by this

13  request.

14  **REQUEST NO. 325**

15      To the extent not already produced, documents sufficient to show all monetary royalty

16  amounts paid by Samsung pursuant to any license responsive to Request No. 323.

17  **RESPONSE TO REQUEST NO. 325**

18      In addition to its Objections and Responses Common to All Requests for Production and

19  its objections to Request for Production No. 323.   Samsung objects to the Request as overbroad in

20  that it is not limited to any reasonable time period and seeks documents and things from time

21  periods not at issue in this litigation.   Samsung further objects to the Request to the extent it seeks

22  documents that are not relevant to the claims or defenses of any party and/or not reasonably

23  calculated to lead to the discovery of admissible evidence.   Samsung further objects to the

24  Request to the extent it seeks documents that are not within the possession, custody, or control of

25  Samsung.   Samsung further objects to the Request to the extent it seeks documents containing

26  confidential third party information, including information subject to a non-disclosure or other

27  agreement between Samsung and a third party.

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

1    Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

2    meet and confer with Apple about the relevance and scope of the information sought by this

3    request.

4    **REQUEST NO. 326**

5    To the extent not already produced, documents sufficient to show all monetary royalty

6    amounts paid to Samsung pursuant to any license responsive to Request No. 323.

7    **RESPONSE TO REQUEST NO. 326**

8    In addition to its Objections and Responses Common to All Requests for Production and

9    its objections to Request for Production No. 323.   Samsung objects to the Request as overbroad in

10    that it is not limited to any reasonable time period and seeks documents and things from time

11    periods not at issue in this litigation.   Samsung further objects to the Request to the extent it seeks

12    documents that are not relevant to the claims or defenses of any party and/or not reasonably

13    calculated to lead to the discovery of admissible evidence.   Samsung further objects to the

14    Request to the extent it seeks documents that are not within the possession, custody, or control of

15    Samsung.   Samsung further objects to the Request to the extent it seeks documents containing

16    confidential third party information, including information subject to a non-disclosure or other

17    agreement between Samsung and a third party.

18    Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

19    meet and confer with Apple about the relevance and scope of the information sought by this

20    request.

21    **REQUEST NO. 327**

22    To the extent not already produced, all documents relating to or constituting any potential

23    or actual agreement—whether formal or informal—among Samsung and any third party or third

24    parties to refrain from disclosing the terms of any license responsive to Request No. 323 to any

25    non-party to the license agreement.

26    **RESPONSE TO REQUEST NO. 327**

27    In addition to its Objections and Responses Common to All Requests for Production,

28    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

4   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

5   the Request as vague and ambiguous.   For example, the term "potential or actual agreement" is

6   vague and ambiguous.   Samsung further objects to the Request as overbroad in that it is not

7   reasonably limited as to the scope of documents and things it seeks.   Samsung further objects to

8   the Request as overly burdensome for its use of the term "any IPR related to the UMTS standard."

9   Samsung further objects to the Request to the extent it seeks documents that are not relevant to the

10   claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

11   admissible evidence.   Samsung further objects to the Request to the extent it seeks documents that

12   are not within the possession, custody, or control of Samsung.   Samsung further objects to the

13   Request to the extent it calls for a legal conclusion.   Samsung further objects to the Request to the

14   extent it seeks documents containing confidential third party information, including information

15   subject to a non-disclosure or other agreement between Samsung and a third party.

16          Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

17   meet and confer with Apple about the relevance and scope of the information sought by this

18   request.

19   **REQUEST NO. 328**

20          To the extent not already produced, all documents relating to the evaluation, valuation, or

21   attempt to estimate the actual or potential value of any patent portfolio or individual patent that is

22   claimed by the patentee to be Essential, in whole or in part, to the UMTS standard, including

23   without limitation documents relating to the technical merit of any such patents or patent

24   portfolios, and estimates of the strength or value of any such patents or patent portfolios.

25   **RESPONSE TO REQUEST NO. 328**

26          In addition to its Objections and Responses Common to All Requests for Production,

27   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2    applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

3    unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

4    the Request as overbroad in that it is not limited to any reasonable time period and seeks

5    documents and things from time periods not at issue in this litigation.   Samsung further objects to

6    the Request as overly burdensome for its use of the term "any patent portfolio or individual patent

7    that is claimed by the patentee to be Essential, in whole or in part, to the UMTS standard."

8    Samsung further objects to the Request to the extent it seeks documents that are not relevant to the

9    claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

10   admissible evidence.   Samsung further objects to the Request to the extent it seeks documents that

11   are not within the possession, custody, or control of Samsung.   Samsung further objects to the

12   Request to the extent it seeks documents equally or more readily available to Apple than to

13   Samsung.   Samsung further objects to the Request to the extent the requested documents are

14   publicly available.   Samsung further objects to the Request to the extent it seeks documents

15   containing confidential third party information, including information subject to a non-disclosure

16   or other agreement between Samsung and a third party.

17         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

18   responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

19   can be located based on a reasonable search in accordance with the Patent Local Rules.

20   **REQUEST NO. 329**

21         To the extent not already produced, all documents relating to or comprising covenants not

22   to sue on any IPR relating to the UMTS standard.

23   **RESPONSE TO REQUEST NO. 329**

24         In addition to its Objections and Responses Common to All Requests for Production,

25   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

26   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

27   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

28   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

1   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

2   the Request as overbroad in that it is not reasonably limited as to the scope of documents and

3   things it seeks.   For example, the Request appears to seek documents regarding IPR that may not

4   be declared essential to the UMTS standard.   Samsung further objects to the Request as overbroad

5   in that it is not limited to any reasonable time period and seeks documents and things from time

6   periods not at issue in this litigation.   Samsung further objects to the Request as vague,

7   ambiguous, and overly burdensome for its use of the term "any IPR relating to the UMTS

8   standard." Samsung further objects to the Request to the extent it seeks documents that are not

9   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

10  discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

11  documents that are not within the possession, custody, or control of Samsung.   Samsung further

12  objects to the Request to the extent it seeks documents equally or more readily available to Apple

13  than to Samsung.   Samsung further objects to the Request to the extent it seeks documents

14  containing confidential third party information, including information subject to a non-disclosure

15  or other agreement between Samsung and a third party.

16      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

17  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

18  can be located based on a reasonable search in accordance with the Patent Local Rules.

19  **REQUEST NO. 330**

20      To the extent not already produced, documents sufficient to show all sales, assignments,

21  distributions, grants, or other disbursements by Samsung of ownership rights in IPR that Samsung

22  claims, has claimed, believes, or has believed are, or were at any point, Essential to the UMTS

23  standard.

24  **RESPONSE TO REQUEST NO. 330**

25      In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

-9-

1   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

2   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

3   the Request as overbroad in that it is not limited to any reasonable time period and seeks

4   documents and things from time periods not at issue in this litigation.   Samsung further objects

5   the Request as vague and ambiguous.   For example, the term "sales, assignments, distributions,

6   grants, or other disbursements" is vague and ambiguous.   Samsung further objects to the Request

7   as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks.

8   Samsung further objects to the Request as overly burdensome for its use of the term "IPR that

9   Samsung claims, has claimed, believes, or has believed are, or were at any point, Essential to the

10  UMTS standard."

11        Samsung further objects to the Request to the extent it seeks documents that are not

12  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

13  discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

14  documents that are not within the possession, custody, or control of Samsung.   Samsung further

15  objects to the Request to the extent the requested documents are publicly available.   Samsung

16  further objects to the Request to the extent it seeks documents containing confidential third party

17  information, including information subject to a non-disclosure or other agreement between

18  Samsung and a third party.

19        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

20  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

21  can be located based on a reasonable search in accordance with the Patent Local Rules.

22  **REQUEST NO. 331**

23        To the extent not already produced, documents sufficient to show all purchases or other

24  acquisitions by Samsung of ownership rights in IPR that Samsung claims, has claimed, believes,

25  or has believed are, or were at any point, Essential to the UMTS standard.

26  **RESPONSE TO REQUEST NO. 331**

27        In addition to its Objections and Responses Common to All Requests for Production,

28  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

4   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

5   the Request as overbroad in that it is not limited to any reasonable time period and seeks

6   documents and things from time periods not at issue in this litigation.   Samsung further objects

7   the Request as vague and ambiguous.   For example, the term "purchases or other acquisitions" is

8   vague and ambiguous.   Samsung further objects to the Request as overbroad in that it is not

9   reasonably limited as to the scope of documents and things it seeks.   Samsung further objects to

10   the Request as overly burdensome for its use of the term "IPR that Samsung claims, has claimed,

11   believes, or has believed are, or were at any point, Essential to the UMTS standard." Samsung

12   further objects to the Request to the extent it seeks documents that are not relevant to the claims or

13   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

14   evidence.   Samsung further objects to the Request to the extent it seeks documents that are not

15   within the possession, custody, or control of Samsung.   Samsung further objects to the Request to

16   the extent the requested documents are publicly available.   Samsung further objects to the

17   Request to the extent it seeks documents containing confidential third party information, including

18   information subject to a non-disclosure or other agreement between Samsung and a third party.

19        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

20   responsive, non-privileged documents sufficient to show the sales price of Samsung's patents

21   declared essential to the UMTS standard that are in Samsung's possession, custody, or control,

22   that can be located based on a reasonable search in accordance with the Patent Local Rules.

23   **REQUEST NO. 332**

24        To the extent not already produced, all documents relating to discussions between

25   Samsung and Apple relating to the licensing of patents rights, including without limitation

26   requests from Samsung to license Apple's patents, offers from Samsung to license Samsung's

27   patents, requests from Apple to license Samsung's patents, offers from Apple to license Apple's

28   patents, responses to any such requests and offers, analyses or discussions of royalties, valuations

1  or attempts to estimate the actual or potential value of the license requested or offered, applicable

2  revenue streams and projections, and Samsung's requests for an option to license certain of

3  Apple's patents at a later date.

4  **RESPONSE TO REQUEST NO. 332**

5      In addition to its Objections and Responses Common to All Requests for Production,

6  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9  applicable privilege or immunity.   Samsung further objects to the Request to the extent it

10  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

11  the Request as overbroad in that it is not limited to any reasonable time period and seeks

12  documents and things from time periods not at issue in this litigation.   Samsung further objects to

13  the Request as overly burdensome for its use of the term "patent rights." Samsung further objects

14  to the Request to the extent it seeks documents that are not within the possession, custody, or

15  control of Samsung.   Samsung further objects to the Request to the extent it seeks documents

16  equally or more readily available to Apple than to Samsung.   Samsung further objects to the

17  Request as premature to the extent it seeks documents and things inconsistent with the timeframes

18  set forth in the Northern District of California Patent Local Rules.   Samsung further objects to the

19  Request to the extent it calls for a legal conclusion.

20      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

21  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

22  can be located based on a reasonable search in accordance with the Patent Local Rules.

23  **REQUEST NO. 333**

24      To the extent not already produced, all documents relating to Samsung's understanding of

25  the meaning of FRAND licensing terms, including without limitation statements made to SSOs,

26  statements made in connection with litigation, statements made to actual or potential licensees of

27  Samsung's patents, and/or presentations or other statements made in public fora.

28

1  **RESPONSE TO REQUEST NO. 333**

2  In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.   Samsung objects to the Request as vague and ambiguous for its

7  use of the phrase "the meaning of FRAND licensing terms." Samsung further objects to the

8  Request to the extent it is unduly burdensome, and/or would require undue expense to answer.

9  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

10  period and seeks documents and things from time periods not at issue in this litigation.   Samsung

11  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

12  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

13  evidence.   Samsung further objects to the Request as premature to the extent it seeks documents

14  and things inconsistent with the timeframes set forth in the Northern District of California Patent

15  Local Rules.   Samsung further objects to the Request to the extent it calls for a legal conclusion.

16  Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

17  meet and confer with Apple about the relevance and scope of the information sought by this

18  request.

19  **REQUEST NO. 334**

20  To the extent not already produced, all documents relating to actual, proposed,

21  contemplated, or appropriate FRAND royalty rates for any of Samsung's Alleged Essential

22  Patents.

23  **RESPONSE TO REQUEST NO. 334**

24  In addition to its Objections and Responses Common to All Requests for Production,

25  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

26  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

27  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

28  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

1   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

2   the Request as overbroad in that it is not limited to any reasonable time period and seeks

3   documents and things from time periods not at issue in this litigation.   Samsung further objects to

4   the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

5   party and/or not reasonably calculated to lead to the discovery of admissible evidence.   Samsung

6   further objects to the Request to the extent it seeks documents containing confidential third party

7   information, including information subject to a non-disclosure or other agreement between

8   Samsung and a third party.   Samsung further objects to the Request as premature to the extent it

9   seeks documents and things inconsistent with the timeframes set forth in the Northern District of

10  California Patent Local Rules.   Samsung further objects to the Request to the extent it calls for a

11  legal conclusion.

12         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

13  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

14  can be located based on a reasonable search in accordance with the Patent Local Rules.

15  **REQUEST NO. 335**

16         To the extent not already produced, all documents relating to discussions between or

17  among Samsung and any other ETSI member regarding (i) any license grant for IPR claimed to be

18  Essential to the UMTS standard; (ii) the FRAND royalty rates to be charged or paid for licenses to

19  IPR claimed to be Essential to the UMTS standard; and/or (iii) any actual or potential cumulative

20  royalty cap of 5% or otherwise (and any components thereof) on royalties paid for IPR claimed to

21  be Essential to the UMTS standard.

22  **RESPONSE TO REQUEST NO. 335**

23         In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

28  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

-14-

1 the Request as overbroad in that it is not limited to any reasonable time period and seeks

2 documents and things from time periods not at issue in this litigation.   Samsung further objects to

3 the Request as overly burdensome for its use of the term "IPR claimed to be Essential to the

4 UMTS standard." Samsung further objects to the Request to the extent it seeks documents that are

5 not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

6 discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

7 documents that are not within the possession, custody, or control of Samsung.   Samsung further

8 objects to the Request to the extent it seeks documents equally or more readily available to Apple

9 than to Samsung.   Samsung further objects to the Request to the extent it seeks documents

10 containing confidential third party information, including information subject to a non-disclosure

11 or other agreement between Samsung and a third party.

12        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

13 relevant, non-privileged executed licenses of UMTS declared essential patents and documents

14 within its possession, custody, or control, if any, regarding cumulative royalty caps for royalties

15 paid for IPR declared essential to the UMTS standard after conducting a reasonable search in

16 accordance with the Patent Local Rules.

17 **REQUEST NO. 336**

18        To the extent not already produced, all documents relating to or comprising

19 communications, statements, submissions, or presentations by Samsung regarding licensor

20 demands—including demands made by Samsung—for licenses of patents not Essential to any

21 standard in exchange for a license to some or all of the licensor's—including Samsung's—patents

22 that are claimed to be Essential to a standard.

23 **RESPONSE TO REQUEST NO. 336**

24        In addition to its Objections and Responses Common to All Requests for Production,

25 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

26 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

27 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

28 applicable privilege or immunity.   Samsung further objects to the Request to the extent it calls for

1  a legal conclusion.   Samsung further objects to the Request to the extent it is unduly burdensome,

2  and/or would require undue expense to answer.   Samsung further objects to the Request as

3  overbroad in that it is not limited to any reasonable time period and seeks documents and things

4  from time periods not at issue in this litigation.   Samsung further objects to the Request since it is

5  vague and ambiguous, and it is unclear what information Apple seeks.   Samsung further objects

6  to the Request to the extent it seeks documents that are not relevant to the claims or defenses of

7  any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

8  Samsung further objects to the Request to the extent it seeks documents that are not within the

9  possession, custody, or control of Samsung.   Samsung further objects to the Request to the extent

10  it seeks documents containing confidential third party information, including information subject

11  to a non-disclosure or other agreement between Samsung and a third party.

12        Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

13  meet and confer with Apple about the relevance and scope of the information sought by this

14  request.

15  **REQUEST NO. 337**

16        To the extent not already produced, all documents relating to any actual or potential

17  resistance, reluctance, or refusal by any person participating in the standardization of the UMTS

18  standard to license its IPR claimed to be essential to the UMTS standard to others on FRAND

19  terms, including without limitation documents relating to Samsung's reaction and positions, public

20  statements by Samsung, and any internal discussions within Samsung concerning any such

21  resistance, reluctance, or refusal.

22  **RESPONSE TO REQUEST NO. 337**

23        In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

28  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

1   the Request as overbroad in that it is not limited to any reasonable time period and seeks

2   documents and things from time periods not at issue in this litigation.   Samsung further objects to

3   the Request as overly burdensome for its use of the overly broad term "IPR claimed to be essential

4   to the UMTS standard." Samsung further objects to the Request since it is vague and ambiguous,

5   and it is unclear what information Apple seeks.   Samsung further objects to the Request to the

6   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

7   reasonably calculated to lead to the discovery of admissible evidence.   Samsung further objects to

8   the Request to the extent it seeks documents that are not within the possession, custody, or control

9   of Samsung.   Samsung further objects to the Request to the extent it seeks documents containing

10  confidential third party information, including information subject to a non-disclosure or other

11  agreement between Samsung and a third party.

12          Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

13  meet and confer with Apple about the relevance and scope of the information sought by this

14  request.

15  **REQUEST NO. 338**

16          To the extent not already produced, all documents relating to industry customs, practices,

17  or policies with respect to the licensing of patents claimed to be Essential to the UMTS standard.

18  **RESPONSE TO REQUEST NO. 338**

19          In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

24  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

25  Request as vague and ambiguous.   For example, the term "industry customs, practices, or

26  policies" is vague and ambiguous.   Samsung further objects to the Request as overbroad in that it

27  seeks documents and things that pertain to products not at issue in this litigation.   Samsung

28  further objects to the Request as overly burdensome for its use of the overly broad term "patents

1  claimed to be Essential to the UMTS standard." Samsung further objects to the Request as

2  overbroad in that it is not limited to any reasonable time period and seeks documents and things

3  from time periods not at issue in this litigation.   Samsung further objects to the Request to the

4  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

5  reasonably calculated to lead to the discovery of admissible evidence.   Samsung further objects to

6  the Request as premature to the extent it seeks documents and things inconsistent with the

7  timeframes set forth in the Northern District of California Patent Local Rules.   Samsung further

8  objects to the Request to the extent it calls for a legal conclusion.

9      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

10  responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

11  can be located based on a reasonable search in accordance with the Patent Local Rules.

12  **REQUEST NO. 339**

13      To the extent not already produced, all documents relating to any plan by Samsung,

14  whether adopted or not, for the development, marketing or licensing of IPR that is Essential or

15  claimed to be Essential to the UMTS standard, including without limitation, business plans, short-

16  term and long-range strategies and objectives, budgets and financial projections, research and

17  development plans, technology licensing plans, valuations or attempts to estimate the actual or

18  potential value of the license, and presentations to management committees, executive committees,

19  and boards of directors.

20  **RESPONSE TO REQUEST NO. 339**

21      In addition to its Objections and Responses Common to All Requests for Production,

22  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

23  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

24  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

25  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

26  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

27  the Request as overbroad in that it is not limited to any reasonable time period and seeks

28  documents and things from time periods not at issue in this litigation.   Samsung further objects to

-18-

1  the Request as overly burdensome for its use of the terms "any Samsung plan, whether adopted or

2  not" and "IPR that is Essential or claimed to be Essential to the UMTS standard." Samsung further

3  objects to the Request to the extent it seeks documents that are not relevant to the claims or

4  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

5  evidence.

6         Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

7  meet and confer with Apple about the relevance and scope of the information sought by this

8  request.

9  **REQUEST NO. 340**

10        To the extent not already produced, all documents relating to any submission, filing, or

11 communication by or between Samsung and 3GPP or ETSI relating to Samsung's licensing of any

12 technology that is Essential or claimed to be Essential to the UMTS standard, including without

13 limitation licensing by Samsung on FRAND terms and any declarations made pursuant to the

14 ETSI IPR Policy.

15 **RESPONSE TO REQUEST NO. 340**

16        In addition to its Objections and Responses Common to All Requests for Production,

17 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20 applicable privilege or immunity.   Samsung further objects to the Request to the extent it

21 unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

22 the Request as overbroad in that it is not reasonably limited as to the scope of documents and

23 things it seeks.   Samsung further objects to the Request as overly burdensome for its use of the

24 overly broad terms "any technology that is Essential or claimed to be Essential to the UMTS

25 standard" and "Defined Wireless Standards." Samsung further objects to the Request to the extent

26 it seeks documents that are not relevant to the claims or defenses of any party and/or not

27 reasonably calculated to lead to the discovery of admissible evidence.   Samsung further objects to

28 the Request to the extent it seeks documents that are not within the possession, custody, or control

1  of Samsung.   Samsung further objects to the Request to the extent the requested documents are

2  publicly available.   Samsung further objects to the Request to the extent it seeks documents

3  containing confidential third party information, including information subject to a non-disclosure

4  or other agreement between Samsung and a third party.

5       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

6  relevant, non-privileged communications by or between Samsung and 3GPP or ETSI relating to

7  Samsung's licensing of any technology that is Essential or claimed to be Essential to the UMTS

8  standard within its possession, custody, or control, if any, after conducting a reasonable search in

9  accordance with the Patent Local Rules.

10 **REQUEST NO. 341**

11      To the extent not already produced, documents sufficient to identify Samsung's

12 membership or participation in 3GPP or ETSI related to the development of the UMTS standard,

13 the dates of any such participation, and the names and titles of individuals representing or

14 affiliated with Samsung in connection with such participation.

15 **RESPONSE TO REQUEST NO. 341**

16      In addition to its Objections and Responses Common to All Requests for Production,

17 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20 applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

21 unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

22 the Request as overbroad in that it is not reasonably limited as to the scope of documents and

23 things it seeks.   Samsung further objects to the Request as overly burdensome for its use of the

24 overly broad term "related to the development of the UMTS standard." Samsung further objects to

25 the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

26 party and/or not reasonably calculated to lead to the discovery of admissible evidence.   Samsung

27 further objects to the Request to the extent the requested documents are publicly available.

28

1    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

2  relevant, non-privileged documents within its possession, custody, or control, if any, after

3  conducting a reasonable search in accordance with the Patent Local Rules.

4  **REQUEST NO. 342**

5    To the extent not already produced, all documents relating to technical proposals,

6  responses to others' technical proposals, reports, change requests, responses to others' change

7  requests, emails or other communications, related to any Samsung technology, that were submitted

8  or sent by Samsung to 3GPP's RAN WG1 or RAN WG2, or were received by or sent to Samsung

9  by a participant in 3GPP's RAN WG1 or RAN WG2.

10  **RESPONSE TO REQUEST NO. 342**

11    In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

16  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

17  the Request as overbroad in that it is not limited to any reasonable time period and seeks

18  documents and things from time periods not at issue in this litigation.   Samsung further objects to

19  the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

20  party and/or not reasonably calculated to lead to the discovery of admissible evidence.   Samsung

21  further objects to the Request as vague, ambiguous, and overly burdensome for its use of the terms

22  "any Samsung technology" and "3GPP's RAN WG1 or RAN WG2." Samsung further objects to

23  the Request to the extent it seeks documents that are not within the possession, custody, or control

24  of Samsung.   Samsung further objects to the Request to the extent it seeks documents equally or

25  more readily available to Apple than to Samsung.   Samsung further objects to the Request to the

26  extent the requested documents containing confidential third party information, including

27  information subject to a non-disclosure or other agreement between Samsung and a third party.

28

1    Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

2  meet and confer with Apple about the relevance and scope of the information sought by this

3  request.

4  **REQUEST NO. 343**

5    To the extent not already produced, all documents relating to the evaluation, adoption, or

6  incorporation by 3GPP of Samsung's Alleged Essential Patents into the UMTS standard.

7  **RESPONSE TO REQUEST NO. 343**

8    In addition to its Objections and Responses Common to All Requests for Production,

9  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

13  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

14  the Request as overbroad in that it is not reasonably limited as to the scope of documents and

15  things it seeks.   Samsung further objects to the Request to the extent it seeks documents that are

16  not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

17  discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

18  documents that are not within the possession, custody, or control of Samsung.   Samsung further

19  objects to the Request to the extent it seeks documents equally or more readily available to Apple

20  than to Samsung.   Samsung further objects to the Request to the extent the requested documents

21  are publicly available.

22    Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

23  relevant, non-privileged documents within its possession, custody, or control, if any, after

24  conducting a reasonable search in accordance with the Patent Local Rules.

25  **REQUEST NO. 344**

26    To the extent not already produced, all documents relating to evaluating, analyzing, or

27  discussing actual or potential alternatives to technologies that Samsung has proposed for inclusion

28  in 3GPP's UMTS Technical Specification 25.321 or UMTS Technical Specification 25.309.

**RESPONSE TO REQUEST NO. 344**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the Request as vague and ambiguous. For example, the term "actual or potential alternatives" is vague and ambiguous. Samsung further objects to the Request as overbroad in that it is not reasonably limited as to the scope of documents and things it seeks. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Samsung further objects to the Request as overly burdensome for its use of the term "technologies that Samsung has proposed for inclusion in 3GPP's UMTS Technical Specification 25.321 or UMTS Technical Specification 25.309." Samsung further objects to the Request as premature to the extent it seeks documents and things inconsistent with the timeframes set forth in the Northern District of California Patent Local Rules. Samsung further objects to the Request to the extent it calls for a legal conclusion.

Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to meet and confer with Apple about the relevance and scope of the information sought by this request.

**REQUEST NO. 345**

To the extent not already produced, documents sufficient to show any incentives, awards, bonuses, compensation, or special payments provided by Samsung to employees, including without limitation inventors of Samsung's Alleged Essential Patents, in consideration for filing patents or patent applications that may be or are declared essential to the UMTS standard, or for having Samsung IPR proposed for adoption or adopted as part of the UMTS standard.

1  **RESPONSE TO REQUEST NO. 345**

2      In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

7  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

8  the Request as overbroad in that it is not limited to any reasonable time period and seeks

9  documents and things from time periods not at issue in this litigation.   Samsung further objects to

10  the Request as overly burdensome for its use of the terms "patents or patent applications that may

11  be or are declared essential to the UMTS standard" and "Samsung IPR proposed for adoption or

12  adopted as part of the UMTS standard."   Samsung further objects to the Request to the extent it

13  seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

14  calculated to lead to the discovery of admissible evidence.

15      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

16  responsive, non-privileged documents that are sufficient to show Samsung's compensation to the

17  inventors of Samsung's Alleged Essential Patents relating to the filing of those patents or

18  declaration of those patents as essential to the UMTS standard in Samsung's possession, custody,

19  or control, that can be located based on a reasonable search in accordance with the Patent Local

20  Rules.

21  **REQUEST NO. 346**

22      To the extent not already produced, all documents relating to Samsung's identification,

23  disclosure, or notification to 3GPP or ETSI of Samsung's technology as Essential or allegedly

24  Essential to the UMTS standard.

25  **RESPONSE TO REQUEST NO. 346**

26      In addition to its Objections and Responses Common to All Requests for Production,

27  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

28  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

1   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

2   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

3   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

4   the Request as overbroad in that it is not reasonably limited as to the scope of documents and

5   things it seeks.   Samsung further objects to the Request as overbroad in that it is not limited to

6   any reasonable time period and seeks documents and things from time periods not at issue in this

7   litigation.   Samsung further objects to the Request as overly burdensome for its use of the overly

8   broad term of "Samsung's technology." Samsung further objects to the Request to the extent it

9   seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

10   calculated to lead to the discovery of admissible evidence.

11       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

12   relevant, non-privileged documents within its possession, custody, or control, if any, sufficient to

13   identify IPR that Samsung has declared essential to the UMTS standard after conducting a

14   reasonable search in accordance with the Patent Local Rules.

15   **REQUEST NO. 347**

16       To the extent not already produced, all documents relating to any technology that was

17   submitted to or considered by 3GPP or ETSI as an actual or potential alternative to Samsung's

18   Alleged Essential Patents in the UMTS standard.

19   **RESPONSE TO REQUEST NO. 347**

20       In addition to its Objections and Responses Common to All Requests for Production,

21   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

22   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

23   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

24   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

25   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

26   the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

27   party and/or not reasonably calculated to lead to the discovery of admissible evidence.   Samsung

28   further objects to the Request as overly burdensome for its use of the overly broad term "any

-25-

1  technology." Samsung further objects the Request as vague and ambiguous.   For example, the

2  term "actual or potential alternatives" is vague and ambiguous.   Samsung further objects to the

3  Request to the extent it seeks documents that are not within the possession, custody, or control of

4  Samsung.   Samsung further objects to the Request to the extent it seeks documents equally or

5  more readily available to Apple than to Samsung.   Samsung further objects to the Request to the

6  extent the requested documents are publicly available.   Samsung further objects to the Request as

7  premature to the extent it seeks documents and things inconsistent with the timeframes set forth in

8  the Northern District of California Patent Local Rules.   Samsung further objects to the Request to

9  the extent it calls for a legal conclusion.

10      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

11  relevant, non-privileged documents within its possession, custody, or control, if any, after

12  conducting a reasonable search in accordance with the Patent Local Rules.

13  **REQUEST NO. 348**

14      To the extent not already produced, all documents relating to Samsung's understanding of,

15  and compliance with, the ETSI IPR Policy.

16  **RESPONSE TO REQUEST NO. 348**

17      In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

22  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

23  Request as vague and ambiguous.   For example, the term "Samsung's understanding of, and

24  compliance with," is vague and ambiguous.   Samsung further objects to the Request as overbroad

25  in that it is not reasonably limited as to the scope of documents and things it seeks.   Samsung

26  further objects to the Request as overbroad in that it is not limited to any reasonable time period

27  and seeks documents and things from time periods not at issue in this litigation.   Samsung further

28  objects to the Request to the extent it seeks documents that are not relevant to the claims or

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.

3        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4  relevant, non-privileged documents within its possession, custody, or control, if any, after

5  conducting a reasonable search in accordance with the Patent Local Rules.

6  **REQUEST NO. 349**

7        To the extent not already produced, all documents relating to any decision by Samsung to

8  disclose or not to disclose the existence of allegedly Essential IPR during development of the

9  UMTS standard, including but not limited to, Samsung's decision to disclose or not to disclose

10  foreign patents and U.S. and foreign patent applications related to Samsung's Alleged Essential

11  Patents.

12  **RESPONSE TO REQUEST NO. 349**

13        In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

18  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

19  the Request as overbroad in that it is not reasonably limited as to the scope of documents and

20  things it seeks.   Samsung further objects to the Request as overbroad in that it is not limited to

21  any reasonable time period and seeks documents and things from time periods not at issue in this

22  litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

23  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

24  discovery of admissible evidence.   Samsung further objects to the Request as duplicative of

25  Apple's Request For Production Nos. 350 and 351.

26        Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

27  relevant, non-privileged documents within its possession, custody, or control, if any, related to the

28

1  decision to declare Samsung's asserted patents essential to the UMTS standard after conducting a

2  reasonable search in accordance with the Patent Local Rules.

3  **REQUEST NO. 350**

4       To the extent not already produced, all documents relating to or comprising

5  communications, statements, submissions, or presentations by Samsung regarding the IPR

6  disclosure practices, policies, or procedures of 3GPP or ETSI.

7  **RESPONSE TO REQUEST NO. 350**

8       In addition to its Objections and Responses Common to All Requests for Production,

9  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

10  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

11  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

12  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

13  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

14  the Request as overbroad in that it is not reasonably limited as to the scope of documents and

15  things it seeks.   Samsung further objects to the Request as overbroad in that it is not limited to

16  any reasonable time period and seeks documents and things from time periods not at issue in this

17  litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

18  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

19  discovery of admissible evidence.   Samsung further objects to the Request as duplicative of

20  Apple's Request For Production Nos. 349 and 351.

21       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

22  relevant, non-privileged documents within its possession, custody, or control, if any, after

23  conducting a reasonable search in accordance with the Patent Local Rules.

24  **REQUEST NO. 351**

25       To the extent not already produced, all documents relating to or comprising any Samsung

26  policy, guidelines, or internal directives regarding Samsung's understanding or interpretation of

27  and/or compliance with the ETSI IPR Policy.

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

1  **RESPONSE TO REQUEST NO. 351**

2      In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

7  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

8  Request as vague and ambiguous.   For example, the term "Samsung's understanding or

9  interpretation of and/or compliance with," is vague and ambiguous.   Samsung further objects to

10  the Request as overbroad in that it is not reasonably limited as to the scope of documents and

11  things it seeks.   Samsung further objects to the Request as overbroad in that it is not limited to

12  any reasonable time period and seeks documents and things from time periods not at issue in this

13  litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

14  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

15  discovery of admissible evidence.   Samsung further objects to the Request as duplicative of

16  Apple's Request For Production No. 349 and 350.

17      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

18  relevant, non-privileged documents within its possession, custody, or control, if any, after

19  conducting a reasonable search in accordance with the Patent Local Rules.

20  **REQUEST NO. 352**

21      To the extent not already produced, all documents relating to or comprising

22  communications, statements, submissions, or presentations by Samsung regarding caps or other

23  limits on cumulative royalties for IPR Essential to the UMTS standard, the determination of a

24  FRAND royalty rate, and/or the effect of standardization on monopoly power in the licensing of

25  IPR Essential to the UMTS standard.

26  **RESPONSE TO REQUEST NO. 352**

27      In addition to its Objections and Responses Common to All Requests for Production,

28  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

4   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

5   the Request as overbroad in that it is not reasonably limited as to the scope of documents and

6   things it seeks.   Samsung further objects to the Request as overbroad in that it is not limited to

7   any reasonable time period and seeks documents and things from time periods not at issue in this

8   litigation.   Samsung further objects to the Request as vague and ambiguous as to the term "the

9   effect of standardization on monopoly power in the licensing of IPR Essential to the UMTS

10   standard." Samsung further objects to the Request as overly burdensome for its use of the overly

11   broad terms "IPR Essential to the UMTS standard." Samsung further objects to the Request to the

12   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

13   reasonably calculated to lead to the discovery of admissible evidence.

14          Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

15   relevant, non-privileged documents within its possession, custody, or control, if any, after

16   conducting a reasonable search in accordance with the Patent Local Rules.

17   **REQUEST NO. 353**

18          To the extent not already produced, all documents relating to actual or potential

19   competition between Samsung and any person or company that designs or sells Mobile Wireless

20   Telecommunications Devices complying or conforming with the UMTS standard.   This request

21   includes, but is not limited to:

22          (a) documents relating to actual or potential market shares of Mobile Wireless

23   Telecommunications Devices;

24          (b) documents relating to the competitive position or relative strengths and weaknesses of

25   Samsung's Mobile Wireless Telecommunications Devices and/or any other competing Mobile

26   Wireless Telecommunications Devices;

27          (c) documents relating to product and/or technology comparisons between Samsung and

28   any of its actual or potential competitors offering Mobile Wireless Telecommunications Devices;

1    (d) documents relating to or comprising actual or projected numbers of customers or

2    revenues from the sale of Mobile Wireless Telecommunications Devices by Samsung or any of its

3    actual or potential competitors;

4    (e) documents relating to or comprising an analysis of actual or potential competition for

5    improvements or innovations in features, functions, ease of operation, performance, cost, or other

6    advantages to customers or users of Mobile Wireless Telecommunications Devices; and

7    (f) documents relating to or comprising policies and strategies for responding to new

8    entrants in the sale of Mobile Wireless Telecommunications Devices, including mobile wireless

9    handsets complying, conforming with the UMTS standard.

10   **RESPONSE TO REQUEST NO. 353**

11   In addition to its Objections and Responses Common to All Requests for Production,

12   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

16   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

17   Request as vague and ambiguous.   For example, the term "actual or potential competition

18   between Samsung and any person or company" is vague and ambiguous.   Samsung further

19   objects to the Request as overbroad in that it is not reasonably limited as to the scope of

20   documents and things it seeks.   Samsung further objects to the Request as overbroad in that it is

21   not limited to any reasonable time period and seeks documents and things from time periods not at

22   issue in this litigation.   Samsung further objects to the Request to the extent it seeks documents

23   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

24   to the discovery of admissible evidence.   Samsung further objects to the Request to the extent it

25   seeks documents that are not within the possession, custody, or control of Samsung.   Samsung

26   further objects to the Request to the extent it seeks documents equally or more readily available to

27   Apple than to Samsung.   Samsung further objects to the Request to the extent the requested

28   documents are publicly available.   Samsung further objects to the Request to the extent it seeks

-31-

1 documents containing confidential third party information, including information subject to a non-

2 disclosure or other agreement between Samsung and a third party.

3          Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

4 meet and confer with Apple about the relevance and scope of the information sought by this

5 request.

6 **REQUEST NO. 354**

7          To the extent not already produced, all documents relating to actual or potential

8 competition between Samsung and Apple.

9 **RESPONSE TO REQUEST NO. 354**

10          In addition to its Objections and Responses Common to All Requests for Production,

11 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14 applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

15 unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

16 Request as vague and ambiguous.   For example, the term "actual or potential competition" is

17 vague and ambiguous.   Samsung further objects to the Request as overbroad in that it seeks

18 documents and things that pertain to products not at issue in this litigation.   Samsung further

19 objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks

20 documents and things from time periods not at issue in this litigation.   Samsung further objects to

21 the Request to the extent it seeks documents that are not relevant to the claims or defenses of any

22 party and/or not reasonably calculated to lead to the discovery of admissible evidence.   Samsung

23 further objects to the Request to the extent it seeks documents that are not within the possession,

24 custody, or control of Samsung.   Samsung further objects to the Request to the extent it seeks

25 documents equally or more readily available to Apple than to Samsung.   Samsung further objects

26 to the Request to the extent the requested documents are publicly available.   Samsung further

27 objects to the Request to the extent it seeks documents containing confidential third party

28

1   information, including information subject to a non-disclosure or other agreement between

2   Samsung and a third party.

3          Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

4   meet and confer with Apple about the relevance and scope of the information sought by this

5   request.

6   **REQUEST NO. 355**

7          To the extent not already produced, all documents relating to actual or potential litigation

8   or arbitration threatened or filed by or against Samsung, including but not limited to *In re Certain*

9   *3G WCDMA Handsets (InterDigital v.   Samsung),* No. 337-TA-601 (I.T.C.); *Samsung v.*

10  *InterDigital*, No. 07-0167 (D.   Del.); *Ericsson v.   Samsung*, No. 06-0063 (E.D.   Tex.); *Rambus v.*

11  *Hynix et al.*, No. 05-0334 (N.D.   Cal.); *In re Rambus*, No. 9302 (F.T.C.); and *Rambus v.   Micron*,

12  No. 04-431105 (Cal.   Super.   Ct.   San Francisco), regarding the licensing of any IPR related to

13  and/or claimed Essential to the UMTS standard, the determination of a FRAND royalty rate for

14  any IPR that is claimed Essential to the UMTS standard, and the propriety of injunctive relief for

15  the infringement of IPR claimed to be Essential to the UMTS standard, including without

16  limitation any and all expert reports and court filings, and transcripts of any deposition, hearing, or

17  other recorded or transcribed proceeding in the arbitrations or litigations.

18  **RESPONSE TO REQUEST NO. 355**

19         In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

24  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

25  Request as vague and ambiguous.   For example, the term "potential litigation or arbitration" is

26  vague and ambiguous.   Samsung further objects to the Request as overbroad in that it is not

27  limited to any reasonable time period and seeks documents and things from time periods not at

28  issue in this litigation.   Samsung further objects to the Request to the extent it seeks documents

1    that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2    to the discovery of admissible evidence.   Samsung further objects to the Request to the extent it

3    seeks documents that are not within the possession, custody, or control of Samsung.   Samsung

4    further objects to the Request to the extent it seeks documents equally or more readily available to

5    Apple than to Samsung.   Samsung further objects to the Request to the extent the requested

6    documents are publicly available.   Samsung further objects to the Request to the extent it seeks

7    documents subject to a protective order or under seal.

8         Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

9    meet and confer with Apple about the relevance and scope of the information sought by this

10   request.

11   **REQUEST NO. 356**

12        To the extent not already produced, all documents relating to any Samsung policy or

13   practice for compliance with any federal or state antitrust, unfair competition, or unfair trade

14   practices law.

15   **RESPONSE TO REQUEST NO. 356**

16        In addition to its Objections and Responses Common to All Requests for Production,

17   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

21   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

22   Request as vague and ambiguous.   For example, the term "compliance" is vague and ambiguous.

23   Samsung further objects to the Request as overbroad in that it seeks documents and things that

24   pertain to products not at issue in this litigation.   Samsung further objects to the Request as

25   overbroad in that it seeks documents and things that bear on occurrences in other countries that are

26   not at issue in this litigation.   Samsung further objects to the Request as overbroad in that it is not

27   limited to any reasonable time period and seeks documents and things from time periods not at

28   issue in this litigation.   Samsung further objects to the Request to the extent it seeks documents

1   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

2   to the discovery of admissible evidence.

3   **REQUEST NO. 357**

4          To the extent not already produced, all transcripts of deposition or other documents

5   containing any testimony and/or statements by Samsung, former Samsung affiliates or employees,

6   or experts retained by Samsung or counsel to Samsung, made in the course of the actions

7   captioned *In re Certain Mobile Electronic Devices, Including Wireless Communication Devices,*

8   *Portable Music & Data Processing Devices, & Tablet Comps.*, No. 337-TA-794 (I.T.C.) and

9   *Apple Inc. v.   Samsung Elecs.   Co.*, No. 11-CV-01846-LHK (N.D.   Cal. 2011), concerning

10  Samsung's participation in ETSI or 3GPP, Samsung's policies or practices with respect to

11  participation in ETSI or 3GPP, Samsung personnel involved in developing standards-essential

12  patents and/or Samsung's IPR disclosure obligations pursuant to the ETSI IPR policy (including,

13  without limitation, Clause 4.1 of the ETSI IPR policy).

14  **RESPONSE TO REQUEST NO. 357**

15         In addition to its Objections and Responses Common to All Requests for Production,

16  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

17  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

18  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

19  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

20  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects the

21  Request as vague and ambiguous.   For example, the terms "participation" and "practices" are

22  vague and ambiguous.   Samsung further objects to the Request as overbroad in that it seeks

23  documents and things that pertain to products not at issue in this litigation.   Samsung further

24  objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks

25  documents and things from time periods not at issue in this litigation.

26         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

27  relevant, non-privileged documents within its possession, custody, or control, if any, after

28  conducting a reasonable search.

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

1    **REQUEST NO. 358**

2         N/A

3    **RESPONSE TO REQUEST NO. 358**

4         Samsung notes that Request No. 358 was not included in Apple's 6th Set of RFPs.

5    **REQUEST NO. 359**

6         To the extent not already produced, all documents relating to competition between the

7    UMTS standard and either the CDMA or CDMA2000 standards.

8    **RESPONSE TO REQUEST NO. 359**

9         In addition to its Objections and Responses Common to All Requests for Production,

10   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

11   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

12   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

13   applicable privilege or immunity.   Samsung further objects to the Request as overbroad in that it

14   seeks documents and things that pertain to products not at issue in this litigation.   Samsung

15   further objects to the Request as overbroad in that it is not limited to any reasonable time period

16   and seeks documents and things from time periods not at issue in this litigation.   Samsung further

17   objects to the Request to the extent it seeks documents that are not relevant to the claims or

18   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

19   evidence.   Samsung further objects to the Request to the extent it seeks documents that are not

20   within the possession, custody, or control of Samsung.   Samsung further objects to the Request to

21   the extent it seeks documents equally or more readily available to Apple than to Samsung.

22   Samsung further objects to the Request to the extent the requested documents are publicly

23   available.   Samsung further objects to the Request to the extent it seeks documents containing

24   confidential third party information, including information subject to a non-disclosure or other

25   agreement between Samsung and a third party.

26         Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

27   relevant, non-privileged documents within its possession, custody, or control, if any, after

28   conducting a reasonable search in accordance with the Patent Local Rules.

1    **REQUEST NO. 360**

2        To the extent not already produced, all documents relating to competition between the

3    UMTS (3G) standard and the LTE (4G) standard.

4    **RESPONSE TO REQUEST NO. 360**

5        In addition to its Objections and Responses Common to All Requests for Production,

6    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9    applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

10   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

11   the Request as overbroad in that it seeks documents and things that pertain to products not at issue

12   in this litigation.   Samsung further objects to the Request as overbroad in that it is not limited to

13   any reasonable time period and seeks documents and things from time periods not at issue in this

14   litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

15   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

16   discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

17   documents that are not within the possession, custody, or control of Samsung.   Samsung further

18   objects to the Request to the extent it seeks documents equally or more readily available to Apple

19   than to Samsung.   Samsung further objects to the Request to the extent the requested documents

20   are publicly available.   Samsung further objects to the Request to the extent it seeks documents

21   containing confidential third party information, including information subject to a non-disclosure

22   or other agreement between Samsung and a third party.

23       Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

24   relevant, non-privileged documents within its possession, custody, or control, if any, after

25   conducting a reasonable search in accordance with the Patent Local Rules.

26

27

28

1   **REQUEST NO. 361**

2        All documents related to meetings, communications and negotiations between Shin Jong-

3   Kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27,

4   2012 meeting in Seoul, Korea between Mr.   Shin and Mr.   Schmidt.

5   **RESPONSE TO REQUEST NO. 361**

6        In addition to its Objections and Responses Common to All Requests for Production,

7   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

11  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

12  the Request as overbroad in that it seeks documents and things that pertain to products not at issue

13  in this litigation.   Samsung further objects to the Request as overbroad in that it is not limited to

14  any reasonable time period and seeks documents and things from time periods not at issue in this

15  litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

16  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

17  discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

18  documents that are not within the possession, custody, or control of Samsung.   Samsung further

19  objects to the Request to the extent it seeks documents equally or more readily available to Apple

20  than to Samsung.   Samsung further objects to the Request to the extent the requested documents

21  are publicly available.   Samsung further objects to the Request to the extent it seeks documents

22  containing confidential third party information, including information subject to a non-disclosure

23  or other agreement between Samsung and a third party.

24       Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

25  meet and confer with Apple about the relevance and scope of the information sought by this

26  request.

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

1    **REQUEST NO. 362**

2          All documents prepared by you in preparation for any meetings between Shin Jong-Kyun

3    and Eric Schmidt, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea

4    between Shin Jong-Kyun and Eric Schmidt.

5    **RESPONSE TO REQUEST NO. 362**

6          In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

11   unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

12   the Request as overbroad in that it seeks documents and things that pertain to products not at issue

13   in this litigation.   Samsung further objects to the Request as overbroad in that it is not limited to

14   any reasonable time period and seeks documents and things from time periods not at issue in this

15   litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

16   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

17   discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

18   documents that are not within the possession, custody, or control of Samsung.   Samsung further

19   objects to the Request to the extent it seeks documents equally or more readily available to Apple

20   than to Samsung.   Samsung further objects to the Request to the extent the requested documents

21   are publicly available.   Samsung further objects to the Request to the extent it seeks documents

22   containing confidential third party information, including information subject to a non-disclosure

23   or other agreement between Samsung and a third party.

24         Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

25   meet and confer with Apple about the relevance and scope of the information sought by this

26   request.

27

28

1  **REQUEST NO. 363**

2       All documents received from Google related to the planning, coordination, agenda, timing,

3  topics of discussion, or rescheduling of meetings between Shin Jong-Kyun and Eric Schmidt,

4  including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Shin Jong-

5  Kyun and Eric Schmidt.

6  **RESPONSE TO REQUEST NO. 363**

7       In addition to its Objections and Responses Common to All Requests for Production,

8  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11  applicable privilege or immunity.   Samsung further objects to the Request to the extent it is

12  unduly burdensome, and/or would require undue expense to answer.   Samsung further objects to

13  the Request as overbroad in that it seeks documents and things that pertain to products not at issue

14  in this litigation.   Samsung further objects to the Request as overbroad in that it is not limited to

15  any reasonable time period and seeks documents and things from time periods not at issue in this

16  litigation.   Samsung further objects to the Request to the extent it seeks documents that are not

17  relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

18  discovery of admissible evidence.   Samsung further objects to the Request to the extent it seeks

19  documents that are not within the possession, custody, or control of Samsung.   Samsung further

20  objects to the Request to the extent it seeks documents equally or more readily available to Apple

21  than to Samsung.   Samsung further objects to the Request to the extent the requested documents

22  are publicly available.   Samsung further objects to the Request to the extent it seeks documents

23  containing confidential third party information, including information subject to a non-disclosure

24  or other agreement between Samsung and a third party.

25       Notwithstanding the foregoing, and without waiving any objections, Samsung is willing to

26  meet and confer with Apple about the relevance and scope of the information sought by this

27  request.

28

-40-

DATED:   November 16, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael L. Fazio

Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

John Caracappa (*pro hac vice*)
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington DC 20036
TEL:   202-429-6267
FAX:   202-429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE INC.'S SIXTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 323-363)

# EXHIBIT 25

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, DC
**Before the Honorable E. James Gildea**
**Administrative Law Judge**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN ELECTRONIC DEVICES,<br>INCLUDING WIRELESS<br>COMMUNICATION DEVICES, PORTABLE<br>MUSIC AND DATA PROCESSING<br>DEVICES, AND TABLET COMPUTERS | Inv. No. 337-TA-794 |

**RESPONDENT APPLE INC.'S REPLY   IN FURTHER SUPPORT OF APPLE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DISCOVERY RESPONSES**

Respondent Apple Inc. ("Apple") respectfully submits the following reply to address new arguments first raised by Complainants Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC (collectively, "Samsung") in their Response to Apple Inc.'s Motion to Compel Production of Documents and Discovery Responses (hereinafter, "Response"), as well as events that have transpired since the filing of this motion.

I.      INTRODUCTION

Order No. 9 required Samsung to complete its production of all inventor files related to conception, diligence, and reduction to practice by November 30 of last year.  (Order No. 9 at 4-5.)  On December 27, 2011, Samsung represented that it had "completed its production of inventor files on November 30."  (Ex. 11, 12/27/11 Letter from Becher to Maselli.)  That representation was not true.

Instead, as Samsung's subsequent conduct has demonstrated, as of November 30, 2011, Samsung had neither conducted a reasonable and diligent search of inventor files, nor made a complete production of the documents required by Order No. 9.  Specifically, since November 30, Samsung has

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

made no fewer than 18 separate productions of inventor custodial documents. These productions

contain substantial materials relating to conception, diligence, and reduction to practice. To maximize

the prejudice to Apple, Samsung has timed its production of these inventor documents to occur less

than 24 hours before, often times during, and in several cases even after the depositions of its inventors

have transpired. By this timing, and because many of the documents contained in these productions are

in the Korean language, Samsung's tactics have perfected this prejudice against Apple.

The experience with Youngbum Kim, the first named inventor of U.S. Patent No. 7,486,644

("'644 patent"), has been typical. By November 30, 2011, Samsung had produced only about 66

custodial documents from Mr. Kim. Mr. Kim's deposition was set for February 14-15, 2012 to take

place in Korea. In correspondence and a Discovery Committee Meeting ("DCM") held January 14-15,

2012, Apple pressed Samsung regarding the dearth of documents produced from Mr. Kim. In response,

Samsung gave repeated assurances that it had produced Mr. Kim's documents. These assurances

proved false. On February 13, 2012, at 6:26 PM local time (after Apple's counsel had already arrived

in Korea), Samsung produced 1,426 pages of documents from Mr. Kim's files. Samsung made yet

another production of Kim custodial documents on February 15, at a time when Mr. Kim's deposition

was nearing the end of its second day. And since February 15, 2012, Samsung has made 3 separate

productions of Kim custodial documents, totaling 38,615 additional pages of documents. These

productions have been chock-full of documents Samsung was ordered to produce by November 30,

2011 in Order No. 9. For example, the '644 patent states that its claimed "rate matching pattern

representing the positions of the punctured bits is <u>simulated</u> in a manner that decreases the change of

BER at each bit position of the rate-matched block and thus improves BLER performance." ('644

patent, col. 6:62-66 (emphasis added).) Samsung first produced some (but not all) of the simulations

Mr. Kim conducted on February 13—nearly three months after Order No. 9's deadline. When asked

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

what Samsung had done to search for his conception and reduction to practice materials, Mr. Kim

testified he had not even turned his laptop over to be searched for responsive documents until about

two weeks before his deposition (i.e., February 1, 2012).[1]  (Ex. 24, Kim 02/14/12 Tr. 69:9-13.)  And the

38,615 pages of documents produced after Mr. Kim's deposition have been similarly loaded with

materials related to conception, reduction, and diligence.

      In short, Samsung has orchestrated its production of documents to deny Apple's ability to

meaningfully question its inventors about conception and reduction to practice documents in derogation

of Order No. 9.  And this tactic is ongoing.  Samsung's Response actually admits that it has found yet

additional files for two inventors a result of Apple's Motion.  (Response at 7, 8.)  True to form,

however, Samsung offers no date for the production of these documents, stating only that they will be

produced at some point in the future, long after these witnesses' depositions.  (*Id.*)

      Instead of addressing its failure to abide by Order No. 9, Samsung's Response is written as

though Order No. 9 did not exist.  Each of the excuses Samsung attempts to offer for its conduct ring

hollow.  Samsung's suggestion that it has complied with Order No. 9 is belied not only by the conduct

outlined above (and discussed further below), but also by the admission in the Response itself that still

further inventor custodial documents have been discovered but as yet not produced.  Samsung's

protestations of "diligent and reasonable" searching are belied by its own inventors' testimony that they

were left to decide for themselves what documents were relevant, resulting in a deficient production

that omits plainly discoverable conception and reduction to practice documents.  (*See, e.g.*, Ex. 3, Cho

12/8/11 Tr. 65:2-4, 65:9-11 ("I searched for documents that I personally viewed to be relevant to the

invention in the '644 patent that I am scheduled to testify on.").)  Finally, Samsung's suggestion that

---

[1]  Before that time, Samsung left Mr. Kim to his own devices to decide what to turn over for
production.  (*See* Ex. 24, Kim 02/14/12 Tr. 33:5-13.)

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

four hours of inventor deposition time (in translation) could cure the prejudice stemming from its failure to comply with Order No. 9 – during which Apple would presumably have to address more than 41,000 pages of documents produced during and after these inventors depositions – simply has no merit.

Samsung's prevarication and delay cannot be permitted to continue.  Samsung should be ordered to show cause why it is not in violation of Order No. 9.  It should be ordered to certify that its production of inventor conception and reduction to practice documents is complete, or to complete its production by a date certain.  Samsung should be ordered to produce the documents it is withholding from the named '644 inventors' participation in 3GPP TSG RAN Working Group #1 ("RAN 1"), or an adverse inference drawn from Samsung's failure to do so by Order No. 9's deadline.[2]  And it should be compelled to re-produce inventors Youngbum Kim and Jeong-Kyu Moon for deposition in the United States to address Samsung's late produced documents.

---

[2]   As discussed below, the named '644 inventors testified that the '644 patent is based on work at RAN 1.  (*See* Ex. 24, Kim 02/14/12 Tr. at 31:8-16 ("I came up with the invention during the time I was working on RAN 1").)  Contemporaneous documents from the named inventors state that they "took" the "concept" for the claimed '644 rate matching pattern from Siemens's RAN 1 teachings on HS-SCCH.  Yet Samsung categorically refuses to produce correspondence the named '644 inventors received from the RAN 1.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

## II.    WITHDRAWN ISSUES

After Apple filed its Motion, Samsung supplemented Interrogatory 28 with names of Samsung employees involved in the prosecution of the patents in suit.  While Apple disagrees with Samsung's legal arguments regarding the information provided, Apple acknowledges that Samsung has partly answered Interrogatory 28 and provided at least some of the information requested in Apple's Motion.  Therefore, the portion of Apple's Motion requesting this information is moot.

Samsung has not yet provided documents sufficient to conduct a comparative analysis of foreign and domestic investment.  However, after months of urging, Samsung has agreed to Apple's request to rely exclusively on Section 337(a)(3)(C) for its alleged satisfaction of the economic prong of the domestic industry requirement.  Therefore, the portion of Apple's Motion requesting Samsung to produce foreign investment documents is moot.

## III.    ARGUMENT

### A.    Samsung's Conduct Violates Order No. 9

Samsung's refusal to make a complete production of inventor conception, reduction to practice, and diligence files violates Order No. 9.  Order No. 9 required Samsung to "complete its production of responsive, unprivileged documents in this category and supplement its responses to related Interrogatories" by November 30, 2011.  Samsung represented during a November 30, 2011 DCM that it was completing its production of all such documents that day, and in follow-on correspondence dated December 27, 2011 specifically represented that Samsung had "completed its production of inventor files on November 30."  (Ex. 11, 12/27/2011 Letter from Becher to Maselli.)

Nevertheless, since November 30, Samsung has made no fewer than 18 separate productions of inventor custodial files.  And despite the fact that all Samsung employee-inventors have already been

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

deposed, Samsung's Response concedes that the drip-drip of inventor custodial files will continue. (Response at 7, 8.)

Samsung started this Investigation on June 28, 2011.  It knew then who the inventor-witnesses were, and knew that these inventors custodial files were relevant and would have to be produced.  But if those events were not fair warning, Order No. 9 <u>ordered</u> Samsung to complete its production of conception, reduction to practice, and diligence materials by November 30th.  As demonstrated by its subsequent conduct, however, Samsung has treated Order No. 9 as a guideline rather than a ruling.

It was not until two weeks <u>after</u> November 30, for example, that Samsung first produced documents from named '644 inventor Juho Lee, totaling more than 4,000 pages in all.  These inventor Lee documents were clearly called for by Order No. 9.  The "Summary of the Invention" in the '644 patent, for example, contends that the "present invention" relates to "a method and apparatus for improving the transmission reliability of … an E-DCH scheduling grant."  ('644 patent, col. 3:17-20.) Among the materials Samsung waited until after November 30th to produce were numerous documents addressing this subject, including successive reports authored by named inventor Kim entitled "E-DCH Absolute Grant Channel Structure Under Consideration" (Ex. 25, S-794-ITC-005511778-91; Ex. 26, S-794-ITC-005504489-510; and Ex. 27, S-794-ITC-005508783-807).

Even more egregiously, at 6:26 PM local Korean time on February 13, 2012, less than 15 hours before the scheduled start of named '644 inventor Kim's deposition, Samsung produced 1,426 pages of new Kim custodial documents.  (Ex. 18, 2/13/12 Letter from Huang to Tallon.)  Samsung also made two productions of Kim documents shortly before that.  These February 2012 productions once again included documents Order No. 9 unquestionably ordered Samsung to produce before November 30, 2011.  For example, the '644 patent states that "the present invention" provides "rate matching" that "minimize[s] the change of BER [Bit Error Rate] at each bit position of one block of control

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

information and thus reduce[s] BLER [Block Error Rate] for the E-AGCH [E-DCH Absolute Grant Channel]…." ('644 patent, col. 6:9-17; *see also id.* at 3:15-28.)  The documents Samsung produced in February 2012 include a 2004 report authored by named co-inventor Yujian Zhang entitled "E-AGCH Rate Matching."  (Ex. 19, S-ITC-003283520-27.)  The "purpose" of this report was "to investigate the performance of different rate matching patterns for E-AGCH."  (*Id.* at S-ITC-003282524.)  Additionally included in Samsung's February 2012 productions were reports by Mr. Kim summarizing simulations performed on various rate-matching patterns, including the pattern claimed in the asserted '644 claims.  (Ex. 20, S-ITC-003296233; Ex. 21, S-ITC-003296572; Ex. 22, S-ITC-003392898; Ex. 23, S-ITC-003393325.)  Samsung's production of these and other conception, reduction to practice, and diligence type documents on the eve of and during Mr. Kim's February 2012 deposition is in clear violation of Order No. 9.

But perhaps most prejudicially, Samsung's production of inventor conception, reduction, and diligence documents has continued even after the depositions of named inventors have taken place. Since February 15, 2012, for example, Samsung has made three separate productions of Inventor Kim's custodial documents totaling more than 38,000 pages of documents.  Once again, these have been conception, reduction, and diligence documents.  During his deposition, for example, Mr. Kim testified that his laptop – the same laptop Samsung waited until approximately February 1, 2012 to collect and search (Ex. 24, Kim 02/14/12 Tr. 69:9-13) – contained the actual simulation data files from the simulations he contends he performed to identify the rate matching pattern claimed in the asserted '644 claims.  This data was not produced by November 30 as required by Order No. 9.  Nor was it completely produced even by February 15, 2012, the last day of Mr. Kim's deposition.  Rather, the first partial production of Mr. Kim's simulations appears to have occurred on February 13, when Samsung produced simulation data at Bates ranges S-ITC-003296233-7663.  Despite Mr. Kim's testimony that

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

he wrote the simulation program he used in identifying the rate-matching pattern (Ex. 24, Kim 02/13/12 Tr. at 62:21-63:3), and that his program exists on his laptop (*id.* at 63:18-20 ("Q.  So, it's on your laptop, this simulation program?  A.  Yes, it is.")), Samsung never produced that program before Mr. Kim's deposition.  In fact, Samsung only produced that program on February 28, 2012, after Apple specifically requested it.  (Ex. 28,  02/28/12 Email from Watson to Gosma.)  And it is clear that even this production remains incomplete.  Nowhere in the simulation data (S-ITC-003296233-7663), for example, does a simulation of the actual rate matching pattern claimed in the '644 claims appear.

Moreover, as discussed further below, Samsung has categorically excluded from its inventor production documents clearly relevant to the issues of conception, reduction to practice, and diligence.  For example, named '644 inventor Kim testified that he came up with the idea for the '644 patent while working on RAN 1 standardization of standard TS 25.212 § 4.10:

> Q.      (BY MR. DOWD:)  The 644 patent grew out of your work on RAN 1, right?
>
> MS. NAMA:  Objection; vague.
>
> A.      I came up with the invention during the time I was working on RAN 1.
>
> Q.      And the 644 patent relates to the absolute grant channel that the RAN 1 was working on, right?
>
> MS. NAMA:  Same objection.
>
> A.      Yes, that's correct.

(Ex. 24, Kim 02/14/12 Tr. at 31:8-16.)  As explained in Apple's invalidity contentions (and detailed in the Expert Report of Wayne Stark Regarding Invalidity of U.S. Patent No. 7,486,644 at 64-88), the named '644 inventors derived their claimed invention under 35 U.S.C. § 102(f) from the work of RAN 1--including that submitted by Siemens and others.[3]  The named '644 inventors received Siemens'

---

[3]   Section 102(f) addresses derivation from the work of another, stating that a person is not entitled to a

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

submissions by means of an email server called the "RAN 1 Reflector," which the inventors have

testified was a means by which RAN 1 submissions were distributed to RAN 1 members (including the

'644 inventors).  (*See* Ex. 24, Kim 02/14/12 Tr. 15:22-16:22; Ex. 29, Lee 02/16/12 Tr. 11:2-22.)  Yet it

is clear that Samsung has deliberately chosen <u>not</u> to search for and produce correspondence the named

'644 inventors received from the RAN 1 Reflector.  When asked specifically "Did you search for e-

mail that you received from the RAN 1 Reflector," for example, Mr. Kim testified "I don't think I

searched for any specific e-mails that I had received in that regard…."  (Ex. 24, Kim 02/14/12 Tr. at

33:15-24.)  Samsung has steadfastly refused to produce correspondence the inventors received from the

RAN 1 Reflector about TS25.212 § 4.10 (the absolute grant channel), while simultaneously arguing

these same inventors were not aware of Siemens's and others' RAN 1 submissions.  Because RAN 1

correspondence falls squarely within Order No. 9's requirement to produce conception, reduction and

diligence documents (*see* Ex. 24, Kim 02/14/12 Tr. at 31:8-16 ("I came up with the invention during

the time I was working on RAN 1")), it should have been produced by November 30, 2011.  Samsung's

refusal to produce this correspondence is a continuing violation of Order No. 9.

>    **B.     Samsung Has Failed To Conduct A Reasonable And Diligent Search For Inventor
>            Documents**

The arguments of Samsung's Response fail to excuse this conduct.  Samsung's attempts to

portray its search of inventor files as "diligent and reasonable," for example, is belied both by the

inventors' own testimony and by the lack of responsive documents produced.  Samsung's reliance on

documents produced without custodial information in an effort to satisfy its discovery obligation under

Order No. 9 is likewise misplaced.  In addition, Samsung's suggestion that Apple's ability to

independently locate documents that ought to have been produced as part of the inventors' files only

---

patent if "he did not himself invent the subject matter sought to be patented."  35 U.S.C. § 102(f).

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

underscores Samsung's failure to produce responsive documents.

### 1.    Samsung Has Intentionally Excluded RAN1 Correspondence From Its Production Of Inventor Conception And Reduction To Practice Documents

As discussed above, Samsung has categorically excluded from its production in this Investigation correspondence named '644 inventors have received from the RAN 1 Reflector.  It is clear from the named inventors' testimony that the "conception" of the claimed '644 patent was based on work at RAN 1.  (*E.g.*, Ex. 24,  Kim 02/14/12 Tr. at 31:8-16 ("I came up with the invention during the time I was working on RAN 1").)  In particular, it is clear from the named inventors' testimony that the E-AGCH rate matching pattern claimed in the '644 patent was derived from Siemens, including the work of Siemens's RAN 1 delegate Jurgen Michael:

> Q.    My question is:  Was your work on HSUPA channel coding with Jurgen Michael related to E-AGCH?
>
> MS NAMA:  Objection; assumes fact.
>
> A.    Yes, it was.
>
> Q.    Was it related, specifically, to the rate matchign used on that channel?
>
> A     Yes, it was.

(Ex. 24, Kim 02/14/12 Tr. at 25:6-13; *see also id.* at 23:19-24 ("Q.  Now, who is Jurgen Michael? … A. To my recollection, I think he is a RAN 1 delegate for GMS -- Siemens.").)  The named '644 inventors own contemporaneous submissions to RAN 1 concede that they "took" the rate matching concept for the E-AGCH from Siemens – specifically, from the pattern that Siemens developed in 2002 for a similar channel called HS-SCCH.  (*See* APL794-A0000012299 ("Alternative algorithm:  we took the similar concept as used for the HS-SCCH which has the benefit for the convolutional coding of short length block."); S-ITC-001020874-78 (Siemens' "Codeing and rate Matching for HS-SCCH").)  Moreover, Siemens contemporaneous submissions to RAN 1 show that it was Siemens (not Samsung)

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

that first proposed using the HS-SCCH rate matching concept for the E-AGCH.  (*See* Siemens Change

Request R1-041483, APL794-N 0000000006-93 at 83 (proposing end puncturing pattern).)  Because

the "concept" for the '644 patent's claimed rate matching pattern was, in the '644 inventors own words,

taken from Siemens HS-SCCH rate matching (APL794-A0000012299), Order No. 9 required Samsung

to produce by November 30, 2011 all correspondence the named inventors received from RAN 1

regarding the E-AGCH (e.g., correspondence about 3GPP standard TS.25.212 § 4.10).  Samsung's

continuing refusal to produce this material is a violation of Order No. 9.

Moreover, it is clear that Samsung has RAN 1 correspondence it is withholding.  Named '644

inventor Juho Lee testified, for example, that he has continually received correspondence from the

RAN 1 Reflector since 2000.  (Ex. 29, Lee 02/16/12 Tr. at 11:13-15 ("Q.  So, have you been registered

on the RAN 1 Reflector continually since October, 2000?  A.  Yes, I have.").)  Dr. Lee maintains a

separate folder in his email files for this RAN 1 correspondence.  (*Id.* at 11:23-25 ("Q.  Do you keep a

folder or file for RAN 1 correspondence?  A.  Yes, I do.").)  The email correspondence Dr. Lee received

from RAN 1 regarding the E-AGCH (TS25.212 § 4.10) has not been produced.  Similarly, named '644

inventor Youngbum Kim testified that he was a member of the RAN 1 Reflector from 2002 onward

(Ex. 24, Kim 02/14/12 Tr. at 16:16-22), and that "as I'm a member of RAN 1 Reflector, then I would be

receiving e-mails containing the contributions that are on the RAN 1 Reflector by other members by

means of automatic e-mail."  (*Id.* at 6-15.)  But, as noted above, Mr. Kim did not search for emails

received from the RAN 1 Reflector and those emails have not been produced.  (*Id.* at 33:15-24.)

Likewise, named '644 inventor Joon-Young Cho was a member of RAN 1, but could not recall

searching for any email correspondence from the RAN 1 Reflector.  (Ex. 2, Cho 12/9/12 Tr. 323:4-7.)

Samsung's Response suggests that correspondence the named '644 inventors received from

RAN 1 regarding the E-AGCH (TS25.212 § 4.10) is somehow not covered by Order No. 9.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

Specifically, Samsung argues that, if RAN 1 correspondence constitutes prior art, it cannot relate to conception. (Response at 14.) Samsung's argument is mistaken. The withheld RAN 1 correspondence is prior art under 35 U.S.C. § 102(f),[4] which provides that a person is not entitled to a patent if their "conception" is derived from the work of another. (*Id.* ("A person shall be entitled to a patent unless … (f) he did not himself invent the subject matter sought to be patented").) The named '644 inventors have testified that their "conception" was based on RAN 1 work (Ex. 24, Kim 02/14/12 Tr. at 31:8-16), and specifically the rate matching work of Siemens. (*Id.* at 25:6-13.) Even the named '644 inventors own contemporaneous proposal to RAN 1 confirms that they "took" their "concept" from Siemens. (*See* APL794-A0000012299 ("we took the similar concept as used for the HS-SCCH").) Order No. 9 thus required Samsung to produce the named inventors' correspondence from RAN 1 back in November 2011. Samsung's continuing refusal to comply is a violation of this order.

## 2.   Samsung Left Its Inventors To Their Own Devices To Determine What Documents To Produce

It is likewise clear that Samsung has failed to conduct an adequate search for responsive documents in this Investigation. This is once again demonstrated, for example, by the testimony of Samsung's inventors. In most cases, inventors were permitted to search their own data for documents they deemed responsive, including documents related to RAN 1 meetings as discussed above. (*See* Response at 5-8.) Rather than creating images of the principal inventors' hard drive and having them searched by outside counsel in every case, inventors typically "manually searched for and turned over relevant documents." (Response at 7.) Allowing these inventors to make final determinations regarding which documents are relevant to Apple's discovery requests is neither diligent nor

---

[4]   *See* Respondent Apple Inc.'s Supplemental Responses to Complainant Samsung Electronics Co., Ltd.'s and Samsung Telecommunications America, LLC's First Set of Interrogatories and Fourth Set of Interrogatories (Jan. 25, 2012) at 35-37 (identifying § 102(f)).

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

reasonable.  This is particularly so because the named inventors repeatedly, and vociferously, testified that they do not understand the legal issues in the Investigation, are not patent attorneys, and "don't have any legal knowledge."  (Ex. 1, Kwak 12/15/2011 Tr. 55:17-56:1; *see also id.* at 93:4-14; Ex. 2, Cho 12/9/2011 Tr. 158:5-17, 211:4-10, 221:16-2, 239:7-15, 236:21-237:4, 271:14-23, 329:23-330:3.)  The testimony of Samsung's employee-inventors, in other words, demonstrates that they have no basis to be making relevance decisions in this case.  These individuals thus cannot be expected to decide which documents in their possession are relevant to an opposing party's case.  Samsung's decision to allow inventors to independently make the decisions on what gets produced in this Investigation is therefore not diligent and reasonable.

Moreover, as Apple explained in its Motion, Samsung gave these inventors no guidance about what to search for.[5]  Named '644 inventor Joon-Young Cho testified, for example, that he had no knowledge of Apple's request for production of documents and "searched for documents that [he] personally viewed as relevant."  (Ex. 3, Cho 12/8/11 Tr. 63:25-64:24, 65:2-11.)  Similarly, named inventor Juho Lee testified:

> Q.     And just so – I want to make sure this is how you want to leave it, you won't tell me what search terms you used, you won't tell me whether that means the entirety of your 4.10 – Section 4.10 of 25.212 was produced; is that right?
>
> MR. WHITEHURST:  Same caution as before.  Dr. Lee, you can answer the question to the extent you don't reveal any communications with Samsung's attorneys.
>
> A.     I don't believe I can answer.

(Ex. 29, Lee 02/16/12 Tr. at 14:21-15:5.)  Samsung's reliance on unguided inventors to have independently effected timely production of all responsive documents is not reasonable.  As a result, it

---

[5]   Samsung has not identified any guidance provided to inventors or revealed any search terms or methods, despite multiple requests to do so.  (Memo. at 9.)

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

is unsurprising Samsung's inventor custodial productions were neither timely nor complete.  (Memo. at 5-9.)

Samsung similarly professes to have *no* custodial documents for named inventors Yujian Zhang and Youn-Hyeon Heo, but its purported justification is not credible.  Samsung does not say what steps it has supposedly taken to search for these inventors files.  Nor does Samsung make any effort to explain how the files of named '644 inventors could have been wholly destroyed by the company upon their departure.  Nor does Samsung reveal whether the company's email server has a record of these inventors' email accounts (or some other image of their email accounts continues to exist).  Moreover, documents produced from co-inventor Youngbum's files demonstrate that Yujian Zhang was heavily involved with the development of the claimed '644 technology.  (*See* Ex. 4, 12/29/2004 E-mail from Yujian Zhang to Young-Bum Kim, Ju-Ho Lee, et al. (S-794-ITC-005511812).)  Accordingly, Samsung should, at the very least, be required to explain where it has searched for these inventors' documents, and, if there are none, when they were destroyed and why it has not maintained *any* documents from its inventors.

### 3.  Samsung's Suggestion That Non-Custodial Documents Satisfy Its Burden Is Incorrect

Samsung contends that its production of documents from sources other than the inventors satisfies its burden.  (Response at 9-12.)  Samsung is incorrect.  Files produced without custodial information do not address the problem identified in Apple's Motion regarding the lack of inventor files produced in this Investigation.  As Samsung readily admits, many of the files it produced had no custodial information for "millions of pages."  (Response at 7.) Yet Samsung provides no explanation for why the documents have no custodial data, or where the documents came from.  In an Investigation where more than 6.2 million documents have been produced (Response at 8), producing documents

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

without custodial data obstructs Apple's ability to meaningfully understand and appropriately question witnesses about them.  Recognizing this prejudice, Samsung had previously agreed to provide custodial data for <u>all</u> productions, and to supplement Apple's Interrogatory No. 59 with this information.  (*See, e.g.*, Ex. 5, 11/21/11 Letter from Lasher to Maselli.)  But Samsung has not honored that commitment.  Given the realities of a matter this size, and Samsung's failure to abide by the parties' agreement, Samsung's reliance on these documents as evidence of their diligence is misplaced.

As importantly, custodial information is not just incidental to an assessment of inventor files.  The source of Samsung's documents bears directly on the validity of the '644 patent under 35 U.S.C. § 102(f).  In its validity contentions, Samsung argues that Apple's 102(f) challenge is flawed because there is supposedly a lack of evidence of which inventor had knowledge of what document when.  (*See* First Supp. to Samsung's February 2, 2012 Supplemental Responses to Apple's Interrogatories, App. L at 10.)  But at the same time Samsung fails to honor its commitment to provide custodial information, and refuses to make a complete production from the named inventors.  Samsung cannot have it both ways.  Samsung should be ordered to provide complete custodial information, and cannot rely on non-custodial documents to excuse its failure to make a complete production from the inventors.

### 4.    Samsung Cannot Avoid Its Duty To Comply With Order No. 9 Merely Because <u>Apple</u> Has Been Diligent

Samsung argues that Apple has had the opportunity to question inventors about certain Siemens 3GPP documents in deposition, and that this discharges Samsung's responsibility to make a complete production of the named inventors documents.  (Response at 11-12.)  Samsung is wrong.  Indeed, Samsung's argument seeks only to distract from the original reason Apple identified the Siemens proposals; namely, to give examples of documents that Samsung failed to produce in the first place.  Samsung neglects to mention in its response that the copies of the Siemens proposals that Apple used

- 15 -

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

during the depositions were produced by Apple, not Samsung.  (*See, e.g.*, Ex. 6, APL794-A0000012917-13004; Ex. 7, APL794-A0000009976-10061; Ex. 8, APL794-A0000013341-13345.)

Had Samsung conducted a diligent and reasonable search of inventor files, it would have produced these documents.  Moreover, had Samsung provided complete custodial information, we would know that the named inventors possess copies of these documents.

It is *Samsung's* responsibility to produce responsive documents from its *own* inventors, and Apple's diligence in obtaining certain of these documents by other means only underscores the deficiencies in Samsung's production -- it does not excuse them.  The documents Apple has been able to obtain are merely the tip of the iceberg: indicators that that *other* similar documents from the inventors' files have not been produced because of Samsung's deficient inventor file searches.  Moreover, as stated in II(B), *supra*, Apple is entitled to complete production of responsive inventor custodial files because one of the issues in this Investigation is whether particular files were in the inventor's possession.  In short, Samsung attempts to argue that Apple's own discovery of certain documents somehow obviates the need for complete production of inventor custodial files should be rejected.

### C.     Samsung's Tardy Productions Entitle Apple To Additional Deposition Days With Inventors Youngbum Kim And Jeong-Kyu Moon

In its discussion of Apple's request to produce Youngbum Kim and Jeong-Kyu Moon for an additional day of deposition, Samsung inexplicably tries to segregate these two inventors from the broader discussion of Samsung's deficient inventor custodial file production.[6]  As detailed in Apple's

---

[6]   Samsung separately suggests that Apple's motion is procedurally improper because it failed to meet-and-confer about its request for additional time to depose Mr. Kim and Mr. Moon.  That is incorrect. Apple requested that Samsung make these witnesses available for further deposition, and that such depositions be included in the joint motion to take certain depositions after the fact discovery deadline.  Samsung refused to include either witness in the joint motion, thus necessitating Apple's

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

Motion, Apple has long identified Samsung's deficient production of inventor files.  (*See* Memo. at 5-8; Ex. 9, 1/14/12 Letter from Dowd to Lasher.)  Despite having opportunity to cure this deficiency, Samsung waited until during and even after these inventors' depositions to produce thousands of relevant documents, thus prejudicing Apple's ability to depose the inventors regarding these documents.  Accordingly, Samsung should produce each witness in the United States for additional days of deposition.

### 1.    Samsung Has Obstructed Apple's Questioning Of Youngbum Kim

Samsung has offered only four additional hours for the deposition of Youngbum Kim and contends that Apple has suffered no prejudice due to the late-produced documents during and after his deposition.  Samsung is incorrect.  Because of the difficulties of translation from the Korean language, and Samsung's insistence that its witnesses be deposed in Korea, the parties agreed to produce documents at least five days prior to depositions.  Failing to honor this agreement, Samsung has repeatedly produced documents (including documents covered by Order No. 9) mere hours before the depositions of their custodians, during the depositions, and often even after the depositions.  For example, as discussed above, Samsung waited until just hours before the start of Youngbum Kim's depositions to produce 1,426 pages of documents from Mr. Kim's files, including a portion of the simulation data Mr. Kim maintained from his work relating to the claimed '644 rate matching pattern.  This simulation data was incomplete, however, as the actual rate matching pattern claimed in the '644 patent was not included among the simulation data produced.  Moreover, Samsung made an additional production of Mr. Kim's custodial documents during his deposition, on February 15, 2012.  And since February 15, 2012, Samsung has made three more productions from Mr. Kim's custodial documents,

---

motion to compel.  (*See* Joint Motion to Extend the Fact Discovery Deadline for the Limited Purpose of Taking Certain Depositions; *see also* Ex. 10, 2/16/12 E-mail from Kaericher to Tallon.)

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

totaling 38,615 additional pages of documents.  Having produced more than 41,000 pages of documents in the moments before, during and even after Mr. Kim's deposition -- 600 times the amount of documents Samsung produced from Mr. Kim before it scheduled him for a two-day deposition -- Samsung's suggestion that this prejudice can be cured in just four hours of questioning in Korean translation lacks merit.  Samsung should be ordered to re-produce Mr. Kim for a full day of questioning on these documents (at a minimum).  And because Apple has already once born the expense of sending counsel to Korea for Mr. Kim's deposition, Samsung should be ordered to reproduce him in the United States.

**2.      Samsung Has Obstructed Apple's Questioning Of Jeong-Kyu Moon**

Samsung opposes Apple's motion for an additional day to depose Mr. Moon by alleging that it produced Mr. Moon's custodial documents prior to his deposition.  That is incorrect.

On January 25, Samsung provided Apple with a defective and unreadable document production, which it now asserts contained Mr. Moon's custodial documents.  (Response at 16.)  Despite Mr. Moon's deposition having long been scheduled for February 2 and 3, however, back in January Samsung gave no indication that it had produced any custodial documents for Mr. Moon -- let alone that it had attempted (and failed) to produce them as part of the January 25 production.  To the contrary, for months, Samsung repeatedly responded to Apple's complaints that no Moon custodial documents had been produced by stating that all of the custodial documents it had for the named inventors had been produced by November 30.  (Ex. 11, 12/27/11 Letter from Becher to Maselli ("Samsung completed its production of inventor files on November 30."); Ex. 12, 1/19/12 Letter from Becher to Dowd (providing Bates ranges for the custodial documents of the inventors of the patents-in-suit, with no custodial documents listed for Mr. Moon).)  Apple thus had no reason to believe that Samsung had attempted to produce Mr. Moon's custodial documents on January 25.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

On January 30, Samsung provided Apple with a purported replacement set for the January 25 defective production.  (Ex. 13, 1/30/12 E-mail from Belville to Miller.)  This production, too, was defective and unreadable.  Despite the fact that Mr. Moon's deposition was due to begin in 24 hours, Samsung once again gave no notice that the defective production contained custodial documents for Mr. Moon, or that the production of such documents was held up because Samsung twice failed to provide a readable version.

Thus, on February 1 (February 2 in Seoul), Apple proceeded with the deposition of Mr. Moon based on Samsung's previous representations that no such custodial documents existed.  (Ex. 15, 2/2/12 Moon Dep. at 185-86.)  During the first day of Mr. Moon's deposition, Apple learned for the first time that Mr. Moon did have relevant custodial documents, which he had turned over to Samsung's attorneys approximately one week earlier  (Ex. 15, 2/2/12 Moon Dep. at 186-87).[7]

On February 2nd at 5:00 pm EST (February 3 at 7:00 am in Seoul), Samsung produced non-defective versions of Mr. Moon's custodial files, consisting of thousands of pages of documents primarily in Korean.  (Ex. 14, Feb. 2, 2012 E-mail from Abramowitz to Maselli.)  With the second day of Mr. Moon's deposition set to begin in two hours, there was plainly no time to conduct a meaningful review of those files – many of which were written in Korean.

Samsung asserts that Apple should have asked to postpone Mr. Moon's deposition once it received the defective January 25 document production.  (Response at 17.)  However, as detailed above, in the months prior to the deposition, Samsung repeatedly represented that it had completed its production of inventor files and did not correct that representation with its January 25 production.

---

[7]   Samsung's counsel admits that he interviewed Mr. Moon about his custodial documents this past November.  (Response at 6; Declaration of Eric Huang at ¶ 4.)  Samsung's Response to Apple's Motion to Compel provides no explanation as to why Samsung waited until the eve of Mr. Moon's deposition to first collect and attempt to produce those documents.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

Moreover, even after it learning that its January 25 production was unreadable, Samsung never informed Apple that the production contained Mr. Moon's custodial documents. Thus, Apple had no reason to believe that any such documents existed or that they could have been included in the defective January 25 production.

Samsung also asserts that Apple was not prejudiced by its failure to produce Mr. Moon's custodial documents prior to his deposition. That is not the case. Mr. Moon's files include numerous documents concerning prior art devices that appear to practice the claims of the '980 patent. To take just the one example addressed in Samsung's Response (Response at 16 n.5), Mr. Moon authored an article discussing several prior art smart phones that allow dialing directly from applications such as E-Mail, Notepad, and Address Book, including the IBM Simon, Nokia Communicator, Ericsson R380 and Qualcomm pdq. (Ex. 17.) Mr. Moon never disclosed this article nor any of these prior art devices to the PTO. (*See* U.S. Patent No. 6,771,980, cover page, showing that the applicant submitted no prior art to the PTO, and that all of the prior art considered by the PTO was gathered by the patent examiner.) Mr. Moon revealed the existence of this article during the first day of his deposition, and Samsung provided a copy of the article (in Korean) to Apple counsel shortly before the second day of Mr. Moon's deposition. However, Apple counsel was not able to translate the article into English prior to the deposition, and thus was not able to adequately question Mr. Moon about its contents. (Ex. 16, 2/3/12 Moon Dep. at 36-38.) Given the relevance of Mr. Moon's custodial documents to numerous issues related to the validity and enforceability of the '980 patent, Samsung should be ordered produce Mr. Moon for one additional day of deposition in the United States.

## IV.    CONCLUSION

In its Response, Samsung has provided no legitimate excuse for its refusal to produce inventor files in violation of Order No. 9. Nor has it shown that it has fulfilled its discovery obligations with

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

respect to its production of inventor custodial files.  Apple is entitled to receive a complete, immediate

production of these files, and to take further depositions of witnesses for whom these files were late

produced.  Accordingly, Apple respectfully requests that Samsung be ordered produce all inventor

custodial files in its possession (or that an adverse inference be drawn that the RAN 1 documents

Samsung continues to withhold demonstrate the named '644 inventors' knowledge of Siemens' RAN 1

submissions) and to produce Youngbum Kim and Jeong-Kyu Moon for an additional day of deposition

in the United States.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

Dated:  March 9, 2012

Respectfully submitted,

Apple Inc.

By its counsel,

  _/s/ Nina S. Tallon_____
William F. Lee
Peter M. Dichiara
Wendy H. Verlander
Richard W. O'Neill
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James L. Quarles III
Michael D. Esch
Nina S. Tallon
Thomas E. Anderson
T. Spence Chubb
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Mark D. Selwyn
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

James M. Dowd
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

- 22 -

*To thIn the Matter of* CERTAIN MOBILE ELECTRONIC DEVICES, INCLUDING
WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA
PROCESSING DEVICES, AND TABLET COMPUTERS
Inv. No. 337-TA-794
U.S. International Trade Commission; Before the Honorable E. James Gildea

## CERTIFICATE OF SERVICE

I, Michael Leonard, herby certify that copies of **RESPONDENT APPLE INC.'S
REPLY TO COMPLAINANT SAMSUNG'S RESPONSE TO APPLE'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND DISCOVERY RESPONSES** were
served upon the following parties as indicated below on this 9th day of March, 2012.

| | | |
|---|---|---|
| The Honorable James R. Holbein<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 112<br>Washington, D.C. 20436 | [ ]<br><br>[X]<br>[ ] | Via Hand Delivery<br>(Original + 2 Copies)<br>Via Electronic Filing (EDIS)<br>Via Overnight Delivery |
| The Honorable E. James Gildea<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317-E<br>Washington, D.C. 20436 | [X]<br>[ ]<br>[ ]<br>[X] | Via Hand Delivery (2 Copies)<br>Via Overnight Delivery<br>Via Facsimile<br>Via Electronic Mail<br>    Sarah.zimmerman@usitc.gov |
| Lisa Murray<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street S.W., Room 401<br>Washington, DC 20436 | [ ]<br>[ ]<br>[ ]<br>[X] | Via Hand Delivery (1 Copy)<br>Via Overnight Delivery<br>Via Facsimile<br>Via Electronic Mail<br>    Lisa.Murray@usitc.gov |

| Charles K. Verhoeven | [ ] | Via Hand Delivery (1 Copy) |
|---|---|---|
| Quinn Emanuel Urquhart & Sullivan LLP | [ ] | Via Overnight Delivery |
| 50 California Street, 22nd Floor | [ ] | Via Facsimile |
| San Francisco, CA 94111 | [X] | Via Electronic Mail |
| Telephone: 415-875-6600 | | SamsungITC@quinnemanuel.com |
| | | S&JSamsung794@Steptoe.com |
| Kevin P.B. Johnson | | |
| Victoria Maroulis | | |
| Quinn Emanuel Urquhart & Sullivan LLP | | |
| 555 Twin Dolphin Drive, 5th Floor | | |
| Redwood Shores, California 94065 | | |
| Telephone: 650-801-5066 | | |
| | | |
| William Price | | |
| Quinn Emanuel Urquhart & Sullivan LLP | | |
| 865 S. Figueroa St., 10th Floor | | |
| Los Angeles, California 90017 | | |
| Telephone: 213-443-3000 | | |
| | | |
| Charles F. Schill | | |
| Jamie B. Beaber | | |
| Steptoe & Johnson LLP | | |
| 1330 Connecticut Avenue, NW | | |
| Washington, DC 20036 | | |
| Telephone: 202-429-8162 | | |

_   /s/ Michael Leonard___
         Michael Leonard

# EXHIBIT 26

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

APPLE INC., a California corporation,

    Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

    Defendants.

Civil Action No. 12-CV-00630-LHK

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 364 -417) TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.**

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby requests that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") produce documents and things responsive to the following requests (the "Requests") at the office of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California, 94304 within thirty (30) days of service of these requests.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1.      "Samsung," "You," "Your," and/or Defendants mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2.      "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Samsung Patents-In-Suit" shall mean United States Patent Nos. 7,756,087, 7,551,596, 7,672,470, 7,577,757, 7,232,058, 6,282,179, 6,226,449, and 5,579,239, individually and collectively.

4.      "Application No. US 2003/0147371" shall mean United States Patent Application Publication 2003/0147371, dated August 7, 2003, and entitled "Apparatus and Method for

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

2

Transmitting/Receiving Serving HS-SCCH Set Information in an HSDPA Communication System."

5.      "The '508 Patent" shall mean United States Patent No. 7,283,508, issued on Oct. 16, 2007, and entitled "Apparatus and Method for Transmitting/Receiving Serving HS-SCCH Set Information in an HSDPA Communication System."

6.      "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium.  "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

7.      "Communication(s)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

8.       "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

10.      The singular is to be construed as including the plural and vice versa.  "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might

PLAINTIFF AND COUNTERCLAIM DEFENDANT APPLE INC.'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

3

1  otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any"

2  and "each" and vice versa.

3      11.    "Including" shall be construed to mean "including, without limitation" or

4  "including, but not limited to."

## INSTRUCTIONS

6      12.    Each document is to be produced along with all non-identical drafts thereof in

7  their entirety, without abbreviation or redaction, and as maintained in the ordinary course of

8  business.

9      13.    If Samsung withholds any documents on a claim of privilege, provide a statement

10  of the claim of privilege and all facts relied upon in support of that claim as required by Rule

11  26(b)(5) of the Federal Rules of Civil Procedure.

12      14.    Documents responsive to each Request must be produced in full and subject to

13  any Request being narrowed by the parties' meeting and conferring regarding your

14  corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

16  **REQUEST NO. 364**

17      All non-identical complete certified copies of the prosecution histories for the '508 Patent

18  and any foreign counterparts.

19  **REQUEST NO. 365**

20      All foreign counterparts to the '508 Patent, including any available English translations.

21  **REQUEST NO. 366**

22      All patent or patent applications to which the '508 Patent claims priority, including

23  Application No. US 2003/0147371.

24  **REQUEST NO. 367**

25      All file histories of all patents or patent applications to which the '508 Patent claims

26  priority, including Application No. US 2003/0147371.

27

28

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

4

**REQUEST NO. 368**

All documents relating to the conception of the subject matter of each claim of the '508 Patent, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate the conception of any claim of any of the '508 Patent.

**REQUEST NO. 369**

All documents relating to the conception of the alleged invention described in Application No. US 2003/0147371, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate the conception of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 370**

All documents relating to any purported reduction to practice of the subject matter of each claim of the '508 Patent, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate the reduction to practice of any claim of any of the '508 Patent.

**REQUEST NO. 371**

All documents relating to any purported reduction to practice of the alleged invention described in Application No. US 2003/0147371, including without limitation any engineering

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

5

notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics, specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate the reduction to practice of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 372**

All documents relating to any purported act of diligence leading to the reduction to practice of the subject matter of each claim of the '508 Patent, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, data sheets, schematics, specifications, diagrams, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate any act of diligence leading to the reduction to practice of any claim of any of the '508 Patent.

**REQUEST NO. 373**

All documents relating to any purported act of diligence leading to the reduction to practice of the alleged invention described in Application No. US 2003/0147371, including without limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports, drawings, data sheets, schematics, specifications, diagrams, electronically stored information, diaries, calendars, test results, invention disclosures, patent prosecution records, or any other documents that Samsung contends corroborate any act of diligence leading to the reduction to practice of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 374**

Documents sufficient to identify all persons involved in Samsung's development of the subject matter of the '508 Patent at any time prior to the filing of the application(s) that resulted in the '508 Patent.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

**REQUEST NO. 375**

Documents sufficient to identify all persons involved in Samsung's development of the subject matter of Application No. US 2003/0147371 at any time prior to the filing of the application(s) that resulted in Application No. US 2003/0147371.

**REQUEST NO. 376**

All documents relating to the inventorship of any claim of the '508 Patent.

**REQUEST NO. 377**

All documents relating to the inventorship of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 378**

All documents relating to the identification or determination of the inventors for the '508 Patent.

**REQUEST NO. 379**

All documents relating to the identification or determination of the inventors for the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 380**

All documents relating to the contribution of each of the named inventors of the '508 Patent to the '508 Patent.

**REQUEST NO. 381**

All documents relating to the contribution of each of the named inventors of Application No. US 2003/0147371 to Application No. US 2003/0147371.

**REQUEST NO. 382**

All documents sent to or from any of the named inventors of the '508 Patent relating to '508 Patent, the prosecution of the '508 Patent, and/or (prior to the filing date of the '508 Patent) the subject matter of any claim of the '508 Patent.

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

7

**REQUEST NO. 383**

All documents sent to or from any of the named inventors of Application No. US 2003/0147371 relating to Application No. US 2003/0147371, the prosecution of Application No. US 2003/0147371, and/or (prior to the filing date of Application No. US 2003/0147371) the subject matter of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 384**

All documents relating to Samsung's decision to seek patent protection for the subject matter of any claim of the '508 Patent.

**REQUEST NO. 385**

All documents relating to Samsung's decision to seek patent protection for the subject matter of the alleged invention described in Application No. US 2003/0147371.

**REQUEST NO. 386**

All documents relating to the preparation, filing, and/or prosecution of the '508 Patent.

**REQUEST NO. 387**

All documents relating to the preparation, filing, and/or prosecution of Application No. US 2003/0147371.

**REQUEST NO. 388**

All references and prior art cited during the prosecution of the '508 Patent.

**REQUEST NO. 389**

All references and prior art cited during the prosecution of Application No. US 2003/0147371.

**REQUEST NO. 390**

All references and prior art cited during the prosecution of any foreign counterparts to the '508 Patent.

**REQUEST NO. 391**

All references and prior art cited during the prosecution of any foreign counterparts to Application No. US 2003/0147371.

**REQUEST NO. 392**

All prior art to the '508 Patent and any foreign counterparts to the '508 Patent in the possession, custody, or control of Samsung or the named inventors of the '508 Patent.

**REQUEST NO. 393**

All prior art to Application No. US 2003/0147371 and any foreign counterparts to the Application No. US 2003/0147371 in the possession, custody, or control of Samsung or the named inventors of Application No. US 2003/0147371.

**REQUEST NO. 394**

All documents relating to any decision as to what reference to cite, or to not cite during the prosecution of the '508 Patent and any foreign counterparts thereto, including without limitation all prior art search results.

**REQUEST NO. 395**

All documents relating to any decision as to what reference to cite, or to not cite during the prosecution of Application No. US 2003/0147371 and any foreign counterparts thereto, including without limitation all prior art search results.

**REQUEST NO. 396**

All documents relating to any prior art, or possible prior art, to the subject matter of any claim of the '508 Patent. This includes without limitation documents or information relating to patents, publications, prior knowledge, public uses, sales, or offers for sale.

**REQUEST NO. 397**

All documents relating to any prior art, or possible prior art, to the subject matter of the alleged invention described in Application No. US 2003/0147371. This includes without

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

9

1  limitation documents or information relating to patents, publications, prior knowledge, public

2  uses, sales, or offers for sale.

3  **REQUEST NO. 398**

4       All documents relating to any communication, meeting, or contact with the U.S. Patent

5  and Trademark Office or any foreign patent office relating to the '508 Patent or any foreign

6  counterparts thereto.

7  **REQUEST NO. 399**

8       All documents relating to any communication, meeting, or contact with the U.S. Patent

9  and Trademark Office or any foreign patent office relating to Application No. US 2003/0147371

10  or any foreign counterparts thereto.

11  **REQUEST NO. 400**

12       All documents relating to the first disclosure to a person (whether employed by Samsung

13  or not), other than a named inventor of the '508 Patent, of the subject matter of any claim of the

14  '508 Patent.

15  **REQUEST NO. 401**

16       All documents relating to the first disclosure to a person (whether employed by Samsung

17  or not), other than a named inventor of Application No. US 2003/0147371, of the subject matter

18  of the alleged invention described in Application No. US 2003/0147371.

19  **REQUEST NO. 402**

20       All documents relating to the first public disclosure, first public use, first public

21  demonstration, first offer for sale, and/or first sale of the subject matter claimed in any claim of

22  the '508 Patent.

23  **REQUEST NO. 403**

24       All documents relating to the first public disclosure, first public use, first public

25  demonstration, first offer for sale, and/or first sale of the subject matter claimed in any claim of

26  the alleged invention described in Application No. US 2003/0147371.

27

28

**REQUEST NO. 404**

All documents relating to any disclosure or publication of the subject matter of any claim of the '508 Patent sent to, shared with, or disseminated to any person or entity other than Samsung before the filing date of the '508 Patent, including without limitation any pre-filing date sales, offers for sale, public uses, demonstrations, announcements, advertisements, or publications.

**REQUEST NO. 405**

All documents relating to any disclosure or publication of the subject matter of any claim of Application No. US 2003/0147371 sent to, shared with, or disseminated to any person or entity other than Samsung before the filing date of Application No. US 2003/0147371, including without limitation any pre-filing date sales, offers for sale, public uses, demonstrations, announcements, advertisements, or publications.

**REQUEST NO. 406**

All documents related to U.S. Patent Application Pub. No. US 2003/0147371 and U.S. Patent No. 7,283,508, and the alleged inventions described therein.

**REQUEST NO. 407**

All documents related to Samsung's consideration of the inclusion of control information, control SDU or control service data unit, control message, and/or scheduling information in a PDU or protocol data unit, including but not limited to an uplink PDU (e.g., MAC-e PDU or a protocol data unit used for enhanced uplink) or downlink PDU (e.g., MAC-hs PDU or a protocol data unit used for enhanced downlink).

**REQUEST NO. 408**

All documents related to Samsung's consideration of the multiplexing of data in a MAC or medium access control layer, including but not limited to the multiplexing of data in an uplink PDU or protocol data unit (e.g., MAC-e PDU or a protocol data unit used for enhanced uplink) or downlink PDU (e.g., MAC-hs PDU or a protocol data unit used for enhanced downlink).

**REQUEST NO. 409**

All documents related to the protocol data unit (or "PDU") format in accordance with the IS-95 standard, including without limitation, the composition of the PDU, the signaling traffic of the PDU, the header of the PDU, and multiplexing of data within the PDU.

**REQUEST NO. 410**

All documents and communications related to any prior art cited or discussed in Apple's Invalidity Contentions.

**REQUEST NO. 411**

All documents and communications related to 3GPP Tdoc R2-042739, and the alleged subject matter described therein.

**REQUEST NO. 412**

All documents and communications related to 3GPP Tdoc R2-042382, and the alleged subject matter described therein.

**REQUEST NO. 413**

All documents and communications related to 3GPP Tdoc R2-042402, and the alleged subject matter described therein.

**REQUEST NO. 414**

All documents and communications related to 3GPP Tdoc R2-041338, and the alleged subject matter described therein.

**REQUEST NO. 415**

All documents and communications related to the 45th TSG-RAN WG2 meeting, and the alleged subject matter discussed at that meeting.

**REQUEST NO. 416**

All documents and things relating to any standards-setting organization and specification in which Samsung participated relating to an "On-Screen Display," including but not limited to Consumer Electronics Association standards CEA-799 and CEA-775-A and Electronic

1  Industries Alliance standard EIA-799, including documents reflecting Samsung's participation in

2  the development of the standard, the identity of who participated on behalf of Samsung, whether

3  Samsung determined that it was obligated to disclose intellectual property, and the identity of

4  any and all intellectual property actually disclosed by Samsung.

5  **REQUEST NO. 417**

6       For each inventor of the Patents-In-Suit who was formerly employed by Samsung,

7  documents sufficient to show what department the inventor worked in while at Samsung and

8  when the inventor left Samsung.

9

10

11  Dated:  November 16, 2012             _____/s/ Mark D. Selwyn_____

Mark D. Selwyn (SBN 244180)

12  (mark.selwyn@wilmerhale.com)

WILMER CUTLER PICKERING

13    HALE AND DORR LLP

950 Page Mill Road

14  Palo Alto, California 94304

Telephone:  (650) 858-6000

15  Facsimile:  (650) 858-6100

16

William F. Lee (admitted *pro hac vice*)

17  (william.lee@wilmerhale.com)

WILMER CUTLER PICKERING

18    HALE AND DORR LLP

60 State Street

19  Boston, Massachusetts 02109

Telephone:  (617) 526-6000

20  Facsimile:  (617) 526-5000

21  *Attorneys for Plaintiff and*

*Counterclaim-Defendant Apple Inc.*

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Elise M. Miller, hereby certify that on this 16 day of November, 2012, I did cause

Apple Inc.'s Seventh Set of Requests for Production of Documents and Things to be served on

the following listed below and in the manner so indicated.

### <u>By Electronic Mail</u>

Kevin P.B. Johnson
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Boris Babic
Michael F. Peng
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
borisbabic@quinnemanuel.com
michaelpeng@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

Richard S.J. Hung
Michael A. Jacobs
425 Market Street
San Francisco, CA 94105-2482
Telephone:  (415) 268-7000
rhung@mofo.com
mjacobs@mofo.com

John M. Caracappa
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
jcaracap@steptoe.com

Dated:  November 16, 2012                    /s/Elise M. Miller_____
                                             Elise M. Miller

PLAINTIFF AND COUNTERCLAIM DEFENDANT
APPLE INC.'S SEVENTH SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

14

# EXHIBIT 27

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S SEVENTH SET OF REQUESTS FOR PRODUCTION (NOS. 364–417)** |

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's Seventh Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects to the definition of "Relating" as overbroad, vague and ambiguous on the ground and to the extent they require Samsung to pursue information from individuals or entities whose data is not currently in the possession of Samsung.

4.      Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents at a time agreed to by counsel for the parties. Samsung objects generally to the logging of privileged documents that were created on or after the date of filing of the original Complaint (on February 8, 2012). Samsung will not log privileged documents that were created on or after February 8, 2012.

5.      Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous. Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6.      Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

7.      Samsung objects to these document requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

8.      Samsung objects to each document request to the extent it is duplicative or cumulative of another document request or other discovery.

9.      Samsung objects to each document request to the extent it is compound and comprises discrete subparts resulting in separate document requests.

10.      Samsung objects generally to the document requests to the extent they seek confidential proprietary or trade secret information of third parties. Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

11.      Samsung objects generally to the document requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12..      Samsung objects to the document requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

13.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

14.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

15.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.  The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

**SPECIFIC OBJECTIONS TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 364:**

All non-identical complete certified copies of the prosecution histories for the '508 Patent and any foreign counterparts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 364:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the

1   Request to the extent it seeks documents equally or more readily available to Apple than to

2   Samsung.  Samsung further objects to the Request to the extent the requested documents are

3   publicly available.  Samsung further objects the Request as vague and ambiguous.  For example,

4   the term "foreign counterparts" is vague and ambiguous.  Samsung further objects to the Request

5   as overbroad in that it is not limited to any reasonable time period and seeks documents and things

6   from time periods not at issue in this litigation.  Samsung further objects to the Request to the

7   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

8   reasonably calculated to lead to the discovery of admissible evidence.

9

10  **REQUEST FOR PRODUCTION NO. 365:**

11          All foreign counterparts to the '508 Patent, including any available English translations.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 365:**

14          In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

20  Request to the extent it seeks documents equally or more readily available to Apple than to

21  Samsung.  Samsung further objects to the Request to the extent the requested documents are

22  publicly available.  Samsung further objects the Request as vague and ambiguous.  For example,

23  the term "foreign counterparts" is vague and ambiguous.  Samsung further objects to the Request

24  as overbroad in that it is not limited to any reasonable time period and seeks documents and things

25  from time periods not at issue in this litigation.  Samsung further objects to the Request to the

26  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

27  reasonably calculated to lead to the discovery of admissible evidence.

28

1    **REQUEST FOR PRODUCTION NO. 366:**

2         All patent or patent applications to which the '508 Patent claims priority, including

3    Application No.  US 2003/0147371.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 366:**

6         In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

11   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

12   Request to the extent it seeks documents equally or more readily available to Apple than to

13   Samsung.  Samsung further objects to the Request to the extent the requested documents are

14   publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to

15   any reasonable time period and seeks documents and things from time periods not at issue in this

16   litigation.  Samsung further objects to the Request to the extent it seeks documents that are not

17   relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

18   discovery of admissible evidence.

19

20   **REQUEST FOR PRODUCTION NO. 367:**

21        All file histories of all patents or patent applications to which the '508 Patent claims

22   priority, including Application No.  US 2003/0147371.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 367:**

25        In addition to its Objections and Responses Common to All Requests for Production,

26   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects to the

Request to the extent it seeks documents equally or more readily available to Apple than to

Samsung.  Samsung further objects to the Request to the extent the requested documents are

publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to

any reasonable time period and seeks documents and things from time periods not at issue in this

litigation.  Samsung further objects to the Request to the extent it seeks documents that are not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence.


**REQUEST FOR PRODUCTION NO. 368:**

All documents relating to the conception of the subject matter of each claim of the '508

Patent, including without limitation any engineering notebooks, laboratory notebooks,

memoranda, design reviews, progress reports, technical reports, drawings, schematics,

specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test

results, invention disclosures, patent prosecution records, or any other documents that Samsung

contends corroborate the conception of any claim of any of the '508 Patent.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 368:**

In addition to its Objections and Responses Common to All Requests for Production,

which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

period and seeks documents and things from time periods not at issue in this litigation.  Samsung

1  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

2  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

3  evidence.

4

5  **REQUEST FOR PRODUCTION NO. 369:**

6      All documents relating to the conception of the alleged invention described in Application

7  No.  US 2003/0147371, including without limitation any engineering notebooks, laboratory

8  notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics,

9  specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test

10  results, invention disclosures, patent prosecution records, or any other documents that Samsung

11  contends corroborate the conception of the alleged invention described in Application No.  US

12  2003/0147371.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 369:**

15      In addition to its Objections and Responses Common to All Requests for Production,

16  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

17  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

18  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

19  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

20  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

21  Request as overbroad in that it is not limited to any reasonable time period and seeks documents

22  and things from time periods not at issue in this litigation.  Samsung further objects to the Request

23  to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

24  not reasonably calculated to lead to the discovery of admissible evidence.

25

26  **REQUEST FOR PRODUCTION NO. 370:**

27      All documents relating to any purported reduction to practice of the subject matter of each

28  claim of the '508 Patent, including without limitation any engineering notebooks, laboratory

1   notebooks, memoranda, design reviews, progress reports, technical reports, drawings, schematics,

2   specifications, diagrams, data sheets, electronically stored information, diaries, calendars, test

3   results, invention disclosures, patent prosecution records, or any other documents that Samsung

4   contends corroborate the reduction to practice of any claim of any of the '508 Patent.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 370:**

7           In addition to its Objections and Responses Common to All Requests for Production,

8   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

12  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

13  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

14  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

15  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

16  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

17  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

18  evidence.

19

20  **REQUEST FOR PRODUCTION NO. 371:**

21          All documents relating to any purported reduction to practice of the alleged invention

22  described in Application No.  US 2003/0147371, including without limitation any engineering

23  notebooks, laboratory notebooks, memoranda, design reviews, progress reports, technical reports,

24  drawings, schematics, specifications, diagrams, data sheets, electronically stored information,

25  diaries, calendars, test results, invention disclosures, patent prosecution records, or any other

26  documents that Samsung contends corroborate the reduction to practice of the alleged invention

27  described in Application No.  US 2003/0147371.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 371:**

2          In addition to its Objections and Responses Common to All Requests for Production,

3   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

7   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

8   Request as overbroad in that it is not limited to any reasonable time period and seeks documents

9   and things from time periods not at issue in this litigation.  Samsung further objects to the Request

10  to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

11  not reasonably calculated to lead to the discovery of admissible evidence.

12

13  **REQUEST FOR PRODUCTION NO. 372:**

14         All documents relating to any purported act of diligence leading to the reduction to practice

15  of the subject matter of each claim of the '508 Patent, including without limitation any

16  engineering notebooks, laboratory notebooks, memoranda, design reviews, progress reports,

17  technical reports, drawings, data sheets, schematics, specifications, diagrams, electronically stored

18  information, diaries, calendars, test results, invention disclosures, patent prosecution records, or

19  any other documents that Samsung contends corroborate any act of diligence leading to the

20  reduction to practice of any claim of any of the '508 Patent.

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 372:**

23         In addition to its Objections and Responses Common to All Requests for Production,

24  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

28  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

1  as vague and ambiguous.  For example, the term "act of diligence" is vague and ambiguous.

2  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

3  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

4  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

5  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

6  evidence.

7

8  **REQUEST FOR PRODUCTION NO. 373:**

9        All documents relating to any purported act of diligence leading to the reduction to practice

10  of the alleged invention described in Application No.  US 2003/0147371, including without

11  limitation any engineering notebooks, laboratory notebooks, memoranda, design reviews, progress

12  reports, technical reports, drawings, data sheets, schematics, specifications, diagrams,

13  electronically stored information, diaries, calendars, test results, invention disclosures, patent

14  prosecution records, or any other documents that Samsung contends corroborate any act of

15  diligence leading to the reduction to practice of the alleged invention described in Application No.

16  US 2003/0147371.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 373:**

19        In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

24  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

25  as vague and ambiguous.  For example, the term "act of diligence" is vague and ambiguous.

26  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

27  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

28  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

1  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

2  evidence.

3

4  **REQUEST FOR PRODUCTION NO. 374:**

5      Documents sufficient to identify all persons involved in Samsung's development of the

6  subject matter of the '508 Patent at any time prior to the filing of the application(s) that resulted in

7  the '508 Patent.

8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 374:**

10      In addition to its Objections and Responses Common to All Requests for Production,

11  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

12  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

13  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

14  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

15  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

16  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

17  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

18  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

19  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

20  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

21  evidence.

22

23  **REQUEST FOR PRODUCTION NO. 375:**

24      Documents sufficient to identify all persons involved in Samsung's development of the

25  subject matter of Application No.  US 2003/0147371 at any time prior to the filing of the

26  application(s) that resulted in Application No.  US 2003/0147371.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 375:**

2          In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

7  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

8  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

9  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

10  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

11  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

12  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

13  evidence.

14

15  **REQUEST FOR PRODUCTION NO. 376:**

16          All documents relating to the inventorship of any claim of the '508 Patent.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 376:**

19          In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

24  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

25  Request as overbroad in that it is not limited to any reasonable time period and seeks documents

26  and things from time periods not at issue in this litigation.  Samsung further objects to the Request

27  to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

28  not reasonably calculated to lead to the discovery of admissible evidence.

1    **REQUEST FOR PRODUCTION NO. 377:**

2        All documents relating to the inventorship of the alleged invention described in

3    Application No.  US 2003/0147371.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 377:**

6        In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

11   burdensome, and/or would require undue expense to answer.  Samsung further objects to the

12   Request as overbroad in that it is not limited to any reasonable time period and seeks documents

13   and things from time periods not at issue in this litigation.  Samsung further objects to the Request

14   to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

15   not reasonably calculated to lead to the discovery of admissible evidence.

16

17   **REQUEST FOR PRODUCTION NO. 378:**

18       All documents relating to the identification or determination of the inventors for the '508

19   Patent.

20

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 378:**

22       In addition to its Objections and Responses Common to All Requests for Production,

23   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

24   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

25   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

26   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

27   burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

28   as vague and ambiguous.  For example, the term "determination" is vague and ambiguous.

1  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

2  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

3  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

4  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

5  evidence.

6

7  **REQUEST FOR PRODUCTION NO. 379:**

8       All documents relating to the identification or determination of the inventors for the

9  alleged invention described in Application No.  US 2003/0147371.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 379:**

12       In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

18  as vague and ambiguous.  For example, the term "determination" is vague and ambiguous.

19  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

20  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

21  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

22  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

23  evidence.

24

25  **REQUEST FOR PRODUCTION NO. 380:**

26       All documents relating to the contribution of each of the named inventors of the '508

27  Patent to the '508 Patent.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 380:**

2      In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

7  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

8  Request as overbroad in that it is not limited to any reasonable time period and seeks documents

9  and things from time periods not at issue in this litigation.  Samsung further objects to the Request

10 to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

11 not reasonably calculated to lead to the discovery of admissible evidence.

12

13 **REQUEST FOR PRODUCTION NO. 381:**

14      All documents relating to the contribution of each of the named inventors of Application

15 No.  US 2003/0147371 to Application No.  US 2003/0147371.

16

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 381:**

18      In addition to its Objections and Responses Common to All Requests for Production,

19 which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20 seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21 work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22 applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

24 Request as overbroad in that it is not limited to any reasonable time period and seeks documents

25 and things from time periods not at issue in this litigation.  Samsung further objects to the Request

26 to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or

27 not reasonably calculated to lead to the discovery of admissible evidence.

28

Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
SEVENTH SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 382:**

All documents sent to or from any of the named inventors of the '508 Patent relating to '508 Patent, the prosecution of the '508 Patent, and/or (prior to the filing date of the '508 Patent) the subject matter of any claim of the '508 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 382:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects the Request as vague and ambiguous. For example, the term "subject matter" is vague and ambiguous. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 383:**

All documents sent to or from any of the named inventors of Application No. US 2003/0147371 relating to Application No. US 2003/0147371, the prosecution of Application No. US 2003/0147371, and/or (prior to the filing date of Application No. US 2003/0147371) the subject matter of the alleged invention described in Application No. US 2003/0147371.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 383:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

1   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

2   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

3   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

4   burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

5   as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

6   Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

7   period and seeks documents and things from time periods not at issue in this litigation.  Samsung

8   further objects to the Request to the extent it seeks documents that are not relevant to the claims or

9   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

10  evidence.

11

12  **REQUEST FOR PRODUCTION NO. 384:**

13      All documents relating to Samsung's decision to seek patent protection for the subject

14  matter of any claim of the '508 Patent.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 384:**

17      In addition to its Objections and Responses Common to All Requests for Production,

18  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

22  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

23  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

24  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

25  period and seeks documents and things from time periods not at issue in this litigation.  Samsung

26  further objects to the Request to the extent it seeks documents that are not relevant to the claims or

27  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

28  evidence.

Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
SEVENTH SET OF REQUESTS FOR PRODUCTION

1    **REQUEST FOR PRODUCTION NO. 385:**

2        All documents relating to Samsung's decision to seek patent protection for the subject

3    matter of the alleged invention described in Application No.  US 2003/0147371.

4

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 385:**

6        In addition to its Objections and Responses Common to All Requests for Production,

7    which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8    seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9    work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

11   burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

12   as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

13   Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

14   period and seeks documents and things from time periods not at issue in this litigation.  Samsung

15   further objects to the Request to the extent it seeks documents that are not relevant to the claims or

16   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

17   evidence.

18

19   **REQUEST FOR PRODUCTION NO. 386:**

20       All documents relating to the preparation, filing, and/or prosecution of the '508 Patent.

21

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 386:**

23       In addition to its Objections and Responses Common to All Requests for Production,

24   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

25   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

26   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

27   applicable privilege or immunity.  Samsung further objects to the Samsung further Request to the

28   extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further

objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 387:**

All documents relating to the preparation, filing, and/or prosecution of Application No. US 2003/0147371.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 387:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

1  **REQUEST FOR PRODUCTION NO. 388:**

2     All references and prior art cited during the prosecution of the '508 Patent.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 388:**

5     In addition to its Objections and Responses Common to All Requests for Production,

6  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

7  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

8  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

9  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

10 burdensome, and/or would require undue expense to answer.  Samsung further objects to the

11 Request to the extent it seeks documents that are not within the possession, custody, or control of

12 Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or

13 more readily available to Apple than to Samsung.  Samsung further objects to the Request to the

14 extent the requested documents are publicly available.  Samsung further objects to the Request to

15 the extent it seeks documents containing confidential third party information, including

16 information subject to a non-disclosure or other agreement between Samsung and a third party.

17 Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time

18 period and seeks documents and things from time periods not at issue in this litigation.  Samsung

19 further objects to the Request to the extent it seeks documents that are not relevant to the claims or

20 defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

21 evidence.

22

23 **REQUEST FOR PRODUCTION NO. 389:**

24    All references and prior art cited during the prosecution of Application No.  US

25 2003/0147371.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 389:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung. Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung. Samsung further objects to the Request to the extent the requested documents are publicly available. Samsung further objects to the Request to the extent it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation. Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 390:**

All references and prior art cited during the prosecution of any foreign counterparts to the '508 Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 390:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous.

Samsung further objects to the Request to the extent it seeks documents that are not within the

possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

objects to the Request to the extent the requested documents are publicly available.  Samsung

further objects to the Request to the extent it seeks documents containing confidential third party

information, including information subject to a non-disclosure or other agreement between

Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

limited to any reasonable time period and seeks documents and things from time periods not at

issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 391:**

All references and prior art cited during the prosecution of any foreign counterparts to

Application No.  US 2003/0147371.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 391:**

In addition to its Objections and Responses Common to All Requests for Production,

which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous.

Samsung further objects to the Request to the extent it seeks documents that are not within the

1   possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

2   it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

3   objects to the Request to the extent the requested documents are publicly available.  Samsung

4   further objects to the Request to the extent it seeks documents containing confidential third party

5   information, including information subject to a non-disclosure or other agreement between

6   Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

7   limited to any reasonable time period and seeks documents and things from time periods not at

8   issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

9   that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

10   to the discovery of admissible evidence.

11

12   **REQUEST FOR PRODUCTION NO. 392:**

13       All prior art to the '508 Patent and any foreign counterparts to the '508 Patent in the

14   possession, custody, or control of Samsung or the named inventors of the '508 Patent.

15

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 392:**

17       In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

19   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

20   work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

21   applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

22   burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

23   as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous.

24   Samsung further objects to the Request to the extent it seeks documents that are not within the

25   possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

26   it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

27   objects to the Request to the extent the requested documents are publicly available.  Samsung

28   further objects to the Request to the extent it seeks documents containing confidential third party

1  information, including information subject to a non-disclosure or other agreement between

2  Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

3  limited to any reasonable time period and seeks documents and things from time periods not at

4  issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

5  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

6  to the discovery of admissible evidence.

7

8  **REQUEST FOR PRODUCTION NO. 393:**

9       All prior art to Application No.  US 2003/0147371 and any foreign counterparts to the

10  Application No.  US 2003/0147371 in the possession, custody, or control of Samsung or the

11  named inventors of Application No.  US 2003/0147371.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 393:**

14       In addition to its Objections and Responses Common to All Requests for Production,

15  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

16  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

17  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

18  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

19  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

20  as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous.

21  Samsung further objects to the Request to the extent it seeks documents that are not within the

22  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

23  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

24  objects to the Request to the extent the requested documents are publicly available.  Samsung

25  further objects to the Request to the extent it seeks documents containing confidential third party

26  information, including information subject to a non-disclosure or other agreement between

27  Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

28  limited to any reasonable time period and seeks documents and things from time periods not at

issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 394:**

All documents relating to any decision as to what reference to cite, or to not cite during the prosecution of the '508 Patent and any foreign counterparts thereto, including without limitation all prior art search results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 394:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 395:**

All documents relating to any decision as to what reference to cite, or to not cite during the prosecution of Application No.  US 2003/0147371 and any foreign counterparts thereto, including without limitation all prior art search results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 395:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "foreign counterparts" is vague and ambiguous. Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 396:**

All documents relating to any prior art, or possible prior art, to the subject matter of any claim of the '508 Patent.  This includes without limitation documents or information relating to patents, publications, prior knowledge, public uses, sales, or offers for sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 396:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "prior knowledge" is vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not within the

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
SEVENTH SET OF REQUESTS FOR PRODUCTION

1  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

2  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

3  objects to the Request to the extent the requested documents are publicly available.  Samsung

4  further objects to the Request to the extent it seeks documents containing confidential third party

5  information, including information subject to a non-disclosure or other agreement between

6  Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

7  limited to any reasonable time period and seeks documents and things from time periods not at

8  issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

9  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

10  to the discovery of admissible evidence.

11

12  **REQUEST FOR PRODUCTION NO. 397:**

13      All documents relating to any prior art, or possible prior art, to the subject matter of the

14  alleged invention described in Application No.  US 2003/0147371.  This includes without

15  limitation documents or information relating to patents, publications, prior knowledge, public

16  uses, sales, or offers for sale.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 397:**

19      In addition to its Objections and Responses Common to All Requests for Production,

20  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

21  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

22  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

23  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

24  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

25  as vague and ambiguous.  For example, the terms "subject matter" and "prior knowledge" are

26  vague and ambiguous.  Samsung further objects to the Request to the extent it seeks documents

27  that are not within the possession, custody, or control of Samsung.  Samsung further objects to the

28  Request to the extent it seeks documents equally or more readily available to Apple than to

1   Samsung.  Samsung further objects to the Request to the extent the requested documents are

2   publicly available.  Samsung further objects to the Request to the extent it seeks documents

3   containing confidential third party information, including information subject to a non-disclosure

4   or other agreement between Samsung and a third party.  Samsung further objects to the Request as

5   overbroad in that it is not limited to any reasonable time period and seeks documents and things

6   from time periods not at issue in this litigation.  Samsung further objects to the Request to the

7   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

8   reasonably calculated to lead to the discovery of admissible evidence.

9

10  **REQUEST FOR PRODUCTION NO. 398:**

11        All documents relating to any communication, meeting, or contact with the U.S.  Patent

12  and Trademark Office or any foreign patent office relating to the '508 Patent or any foreign

13  counterparts thereto.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 398:**

16        In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

22  as vague and ambiguous.  For example, the term "foreign counterpart" is vague and ambiguous.

23  Samsung further objects to the Request to the extent it seeks documents that are not within the

24  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

25  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

26  objects to the Request to the extent the requested documents are publicly available.  Samsung

27  further objects to the Request to the extent it seeks documents containing confidential third party

28  information, including information subject to a non-disclosure or other agreement between

1  Samsung and a third party.  Samsung further objects to the Request as overbroad in that it is not

2  limited to any reasonable time period and seeks documents and things from time periods not at

3  issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents

4  that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead

5  to the discovery of admissible evidence.

6

7  **REQUEST FOR PRODUCTION NO. 399:**

8      All documents relating to any communication, meeting, or contact with the U.S.  Patent

9  and Trademark Office or any foreign patent office relating to Application No.  US 2003/0147371

10  or any foreign counterparts thereto.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 399:**

13      In addition to its Objections and Responses Common to All Requests for Production,

14  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

15  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

16  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

17  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

18  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

19  as vague and ambiguous.  For example, the term "foreign counterpart" is vague and ambiguous.

20  Samsung further objects to the Request to the extent it seeks documents that are not within the

21  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

22  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

23  objects to the Request to the extent the requested documents are publicly available.  Samsung

24  further objects to the Request as overbroad in that it is not limited to any reasonable time period

25  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

26  objects to the Request to the extent it seeks documents that are not relevant to the claims or

27  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

28  evidence.

1  **REQUEST FOR PRODUCTION NO. 400:**

2      All documents relating to the first disclosure to a person (whether employed by Samsung

3  or not), other than a named inventor of the '508 Patent, of the subject matter of any claim of the

4  '508 Patent.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 400:**

7      In addition to its Objections and Responses Common to All Requests for Production,

8  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

9  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

10  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

11  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

12  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

13  as vague and ambiguous.  For example, the terms "first disclosure" is vague and ambiguous.

14  Samsung further objects to the Request to the extent it seeks documents that are not within the

15  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

16  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

17  objects to the Request to the extent the requested documents are publicly available.  Samsung

18  further objects to the Request as overbroad in that it is not limited to any reasonable time period

19  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

20  objects to the Request to the extent it seeks documents that are not relevant to the claims or

21  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

22  evidence.

23

24  **REQUEST FOR PRODUCTION NO. 401:**

25      All documents relating to the first disclosure to a person (whether employed by Samsung

26  or not), other than a named inventor of Application No.  US 2003/0147371, of the subject matter

27  of the alleged invention described in Application No.  US 2003/0147371.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 401:**

2          In addition to its Objections and Responses Common to All Requests for Production,

3  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

4  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

5  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

6  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

7  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

8  as vague and ambiguous.  For example, the term "first disclosure" is vague and ambiguous.

9  Samsung further objects to the Request to the extent it seeks documents that are not within the

10  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

11  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

12  objects to the Request to the extent the requested documents are publicly available.  Samsung

13  further objects to the Request as overbroad in that it is not limited to any reasonable time period

14  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

15  objects to the Request to the extent it seeks documents that are not relevant to the claims or

16  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

17  evidence.

18

19  **REQUEST FOR PRODUCTION NO. 402:**

20          All documents relating to the first public disclosure, first public use, first public

21  demonstration, first offer for sale, and/or first sale of the subject matter claimed in any claim of the

22  '508 Patent.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 402:**

25          In addition to its Objections and Responses Common to All Requests for Production,

26  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

27  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

28  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

as vague and ambiguous.  For example, the terms "first public disclosure," "first public use," "first

public demonstration," "first offer for sale," and "subject matter" are vague and ambiguous.

Samsung further objects to the Request to the extent it seeks documents that are not within the

possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

objects to the Request to the extent the requested documents are publicly available.  Samsung

further objects to the Request as overbroad in that it is not limited to any reasonable time period

and seeks documents and things from time periods not at issue in this litigation.  Samsung further

objects to the Request to the extent it seeks documents that are not relevant to the claims or

defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

evidence.

**REQUEST FOR PRODUCTION NO. 403:**

All documents relating to the first public disclosure, first public use, first public

demonstration, first offer for sale, and/or first sale of the subject matter claimed in any claim of the

alleged invention described in Application No.  US 2003/0147371.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 403:**

In addition to its Objections and Responses Common to All Requests for Production,

which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

as vague and ambiguous.  For example, the terms "first public disclosure," "first public use," "first

public demonstration," "first offer for sale," and "subject matter" are vague and ambiguous.

1   Samsung further objects to the Request to the extent it seeks documents that are not within the

2   possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

3   it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

4   objects to the Request to the extent the requested documents are publicly available.  Samsung

5   further objects to the Request as overbroad in that it is not limited to any reasonable time period

6   and seeks documents and things from time periods not at issue in this litigation.  Samsung further

7   objects to the Request to the extent it seeks documents that are not relevant to the claims or

8   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

9   evidence.

10

11  **REQUEST FOR PRODUCTION NO. 404:**

12          All documents relating to any disclosure or publication of the subject matter of any claim

13  of the '508 Patent sent to, shared with, or disseminated to any person or entity other than Samsung

14  before the filing date of the '508 Patent, including without limitation any pre-filing date sales,

15  offers for sale, public uses, demonstrations, announcements, advertisements, or publications.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 404:**

18          In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

24  as vague and ambiguous.  For example, the terms "disclosure," "publication," "subject matter,"

25  "uses," "demonstrations", "announcements," and "advertisements"  are vague and ambiguous.

26  Samsung further objects to the Request to the extent it seeks documents that are not within the

27  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

28  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

1  objects to the Request to the extent the requested documents are publicly available.  Samsung

2  further objects to the Request as overbroad in that it is not limited to any reasonable time period

3  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

4  objects to the Request to the extent it seeks documents that are not relevant to the claims or

5  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

6  evidence.

7

8  **REQUEST FOR PRODUCTION NO. 405:**

9       All documents relating to any disclosure or publication of the subject matter of any claim

10  of Application No.  US 2003/0147371 sent to, shared with, or disseminated to any person or entity

11  other than Samsung before the filing date of Application No.  US 2003/0147371, including

12  without limitation any pre-filing date sales, offers for sale, public uses, demonstrations,

13  announcements, advertisements, or publications.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 405:**

16       In addition to its Objections and Responses Common to All Requests for Production,

17  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

18  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

19  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

20  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

21  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

22  as vague and ambiguous.  For example, the terms "disclosure," "publication," "subject matter,"

23  "uses," "demonstrations", "announcements," and "advertisements"  are vague and ambiguous.

24  Samsung further objects to the Request to the extent it seeks documents that are not within the

25  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

26  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

27  objects to the Request to the extent the requested documents are publicly available.  Samsung

28  further objects to the Request as overbroad in that it is not limited to any reasonable time period

1   and seeks documents and things from time periods not at issue in this litigation.  Samsung further

2   objects to the Request to the extent it seeks documents that are not relevant to the claims or

3   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

4   evidence.

5

6   **REQUEST FOR PRODUCTION NO. 406:**

7       All documents related to U.S.  Patent Application Pub.  No.  US 2003/0147371 and U.S.

8   Patent No.  7,283,508, and the alleged inventions described therein.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 406:**

11      In addition to its Objections and Responses Common to All Requests for Production,

12  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

13  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

14  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

16  burdensome, and/or would require undue expense to answer.  Samsung further objects to the

17  Request to the extent it seeks documents that are not within the possession, custody, or control of

18  Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or

19  more readily available to Apple than to Samsung.  Samsung further objects to the Request to the

20  extent the requested documents are publicly available.  Samsung further objects to the Request as

21  overbroad in that it is not limited to any reasonable time period and seeks documents and things

22  from time periods not at issue in this litigation.  Samsung further objects to the Request to the

23  extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

24  reasonably calculated to lead to the discovery of admissible evidence.

25

26  **REQUEST FOR PRODUCTION NO. 407:**

27      All documents related to Samsung's consideration of the inclusion of control information,

28  control SDU or control service data unit, control message, and/or scheduling information in a

1     PDU or protocol data unit, including but not limited to an uplink PDU (e.g., MAC-e PDU or a

2     protocol data unit used for enhanced uplink) or downlink PDU (e.g., MAC-hs PDU or a protocol

3     data unit used for enhanced downlink).

4

5     **RESPONSE TO REQUEST FOR PRODUCTION NO. 407:**

6          In addition to its Objections and Responses Common to All Requests for Production,

7     which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

8     seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

9     work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

10     applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

11     burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

12     as vague and ambiguous.  For example, the terms "consideration" and "inclusion" are vague and

13     ambiguous.  Samsung further objects to the Request to the extent it seeks documents that are not

14     within the possession, custody, or control of Samsung.  Samsung further objects to the Request to

15     the extent it seeks documents equally or more readily available to Apple than to Samsung.

16     Samsung further objects to the Request to the extent the requested documents are publicly

17     available.  Samsung further objects to the Request as overbroad in that it is not limited to any

18     reasonable time period and seeks documents and things from time periods not at issue in this

19     litigation.  Samsung further objects to the Request to the extent it seeks documents that are not

20     relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

21     discovery of admissible evidence.

22

23     **REQUEST FOR PRODUCTION NO. 408:**

24          All documents related to Samsung's consideration of the multiplexing of data in a MAC or

25     medium access control layer, including but not limited to the multiplexing of data in an uplink

26     PDU or protocol data unit (e.g., MAC-e PDU or a protocol data unit used for enhanced uplink) or

27     downlink PDU (e.g., MAC-hs PDU or a protocol data unit used for enhanced downlink).

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 408:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "consideration" is vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 409:**

All documents related to the protocol data unit (or "PDU") format in accordance with the IS-95 standard, including without limitation, the composition of the PDU, the signaling traffic of the PDU, the header of the PDU, and multiplexing of data within the PDU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 409:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 410:**

All documents and communications related to any prior art cited or discussed in Apple's Invalidity Contentions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 410:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the

1   extent it seeks documents that are not relevant to the claims or defenses of any party and/or not

2   reasonably calculated to lead to the discovery of admissible evidence.

3          Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

4   responsive, non-privileged documents that are in Samsung's possession, custody, or control, that

5   can be located based on a reasonable search in accordance with the Patent Local Rules.

6

7   **REQUEST FOR PRODUCTION NO. 411:**

8          All documents and communications related to 3GPP Tdoc R2-042739, and the alleged

9   subject matter described therein.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 411:**

12         In addition to its Objections and Responses Common to All Requests for Production,

13  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

14  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

15  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

16  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

17  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

18  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

19  Samsung further objects to the Request to the extent it seeks documents that are not within the

20  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

21  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

22  objects to the Request to the extent the requested documents are publicly available.  Samsung

23  further objects to the Request as overbroad in that it is not limited to any reasonable time period

24  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

25  objects to the Request to the extent it seeks documents that are not relevant to the claims or

26  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

27  evidence.

28

**REQUEST FOR PRODUCTION NO. 412:**

All documents and communications related to 3GPP Tdoc R2-042382, and the alleged subject matter described therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 412:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 413:**

All documents and communications related to 3GPP Tdoc R2-042402, and the alleged subject matter described therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 413:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects the Request as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous. Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 414:**

All documents and communications related to 3GPP Tdoc R2-041338, and the alleged subject matter described therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 414:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

1  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

2  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

3  Samsung further objects to the Request to the extent it seeks documents that are not within the

4  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

5  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

6  objects to the Request to the extent the requested documents are publicly available.  Samsung

7  further objects to the Request as overbroad in that it is not limited to any reasonable time period

8  and seeks documents and things from time periods not at issue in this litigation.  Samsung further

9  objects to the Request to the extent it seeks documents that are not relevant to the claims or

10  defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

11  evidence.

12

13  **REQUEST FOR PRODUCTION NO. 415:**

14      All documents and communications related to the 45th TSG-RAN WG2 meeting, and the

15  alleged subject matter discussed at that meeting.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 415:**

18      In addition to its Objections and Responses Common to All Requests for Production,

19  which it hereby incorporates by reference, Samsung objects to this Request to the extent that it

20  seeks to elicit information subject to and protected by the attorney-client privilege, the attorney

21  work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

22  applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly

23  burdensome, and/or would require undue expense to answer.  Samsung further objects the Request

24  as vague and ambiguous.  For example, the term "subject matter" is vague and ambiguous.

25  Samsung further objects to the Request to the extent it seeks documents that are not within the

26  possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent

27  it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further

28  objects to the Request to the extent the requested documents are publicly available.  Samsung

further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 416:**

All documents and things relating to any standards-setting organization and specification in which Samsung participated relating to an "On-Screen Display," including but not limited to Consumer Electronics Association standards CEA-799 and CEA-775-A and Electronic Industries Alliance standard EIA-799, including documents reflecting Samsung's participation in the development of the standard, the identity of who participated on behalf of Samsung, whether Samsung determined that it was obligated to disclose intellectual property, and the identity of any and all intellectual property actually disclosed by Samsung.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 416:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 417:**

For each inventor of the Patents-In-Suit who was formerly employed by Samsung, documents sufficient to show what department the inventor worked in while at Samsung and when the inventor left Samsung.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 417:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Samsung further objects to the Request to the extent it is unduly burdensome, and/or would require undue expense to answer.  Samsung further objects to the Request to the extent it seeks documents that are not within the possession, custody, or control of Samsung.  Samsung further objects to the Request to the extent it seeks documents equally or more readily available to Apple than to Samsung.  Samsung further objects to the Request to the extent the requested documents are publicly available.  Samsung further objects to the Request as overbroad in that it is not limited to any reasonable time period and seeks documents and things from time periods not at issue in this litigation.  Samsung further objects to the Request to the extent it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search in accordance with the Patent Local Rules.

Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
SEVENTH SET OF REQUESTS FOR PRODUCTION

1 | DATED: December 17, 2012          Respectfully submitted,

2 |                                   QUINN EMANUEL URQUHART &
3 |                                   SULLIVAN, LLP

4 |

5 |                                   By   /s/ Michael L. Fazio
                                          Charles K. Verhoeven
6 |                                        Kevin P.B. Johnson
                                          Victoria F. Maroulis
7 |                                        William C. Price
                                          Michael L. Fazio
8 |

9 |                                   Attorneys for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
10 |                                  INC.  and SAMSUNG
                                     TELECOMMUNICATIONS AMERICA, LLC
11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT 28

YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012

1—4

---

Page 1

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5    APPLE INC., a California
corporation,

6           Plaintiff,

7      vs.        CASE NO. 12-CV-00630
LHK
8    SAMSUNG ELECTRONICS CO. LTD.,
a Korean business entity,

9    SAMSUNG ELECTRONICS AMERICA,
10   INC., a New York corporation,
and SAMSUNG TELECOMMUNICATIONS

11   AMERICA LLC, a Delaware limited
liability company,

12          Defendants.

13   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

14   AND RELATED CROSS-ACTION.

15   ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

16

17        VIDEOTAPED DEPOSITION OF

18      DEPOSITION OF YOUNG-BUM KIM

19            CONFIDENTIAL

20

         November 28, 2012
21
            9:07 a.m.
22
      Ramada Plaza Hotel
23      Suwon City, Korea

24    Renee Kelch, CSR No. 5063

25

---

Page 2

1        APPEARANCES OF COUNSEL

2    For Plaintiff and Counterclaim Defendant:

3    WILMER CUTLER PICKERING HALE AND DORR LLP
PETER J. SHEN, ESQ.
4    7 World Trade Center
New York, New York 10007
5    212.230.8895
212.230.8888 Fax
6    peter.shen@wilmerhale.com

7

For Samsung Electronics Company Ltd., Samsung
8    Electronics America Inc., Samsung Telecommunications
America LLC:

9
QUINN EMANUEL URQUHART & SULLIVAN, LLP
10   ALAN L. WHITEHURST, ESQ.
Suite 825
11   1299 Pennsylvania Avenue NW
Washington, D.C. 20004
12   202.538.8000
202.538.8100 Fax
13   alanwhitehurst@quinnemanuel.com

14

15   Also Present:

16   Robert Velasco, Videographer

17   Sangmee Moon, Interpreter

18   Sue-Mi Jones, Check Interpreter

19   Jae Park, Samsung

20

21

22

23

24

25

---

Page 3

1          INDEX TO EXAMINATION

2    WITNESS: YOUNG-BUM KIM

3

4    EXAMINATION                    PAGE

5    BY MR. SHEN              7

6    BY MR. WHITEHURST            134

7    BY MR. SHEN              135

8

9

10      QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

11          Page    Line

12          31      8

13

14

15

16

17

18

19

20

21

22

23

24

25

---

Page 4

1          INDEX TO EXHIBITS

2    EXHIBITS      DESCRIPTION        MARKED

3    1   United States Patent 7,756,087      17

4    2   Korean Patent 10-0922975, Bates Number   24
SAMNDCA630-03425252 through 03425276

5    3   Document titled, "Autonomous Transmission  53
6       with TDM Approach," Bates Number
APL630DEF-WH-A 0000005973 through 5975

7
4   Prosecution history for '087 patent,      63
8       Bates Number SAMNDCA 630-00834653 through
835357

9
5   Document titled, "Autonomous Transmission  72
10      with TDM Approach," Bates Number
APL630DEF-WH-A 0000006357 through 6361

11
6   Document titled, "Consideration to     80
12      Autonomous Transmission on E-DCH," Bates
Number APL630DEF-WH-A 0000006415 through
13      6418

14   7   Document titled, "SRB Mapping, E-DCH     84
Minimum Set and Node B Complexity
15      Issues," Bates Number APL630DEF-WH-A
0000006428 through 6430

16
8   Document titled, "Support of Low Minimum   85
17      Rate for EDCH," Bates Number
APL630DEF-WH-A 0000006431 through 6432
18   9   Document titled, "LS on Minimum Set     92
Support for HSUPA," Bates Number
19      APL630DEF-WH-A 0000006426 through 6427

20   10   Document titled, "Non-scheduled      102
Transmission," Bates Number
21      APL630DEF-WH-A 0000006435 through 6438

22   11   Report of 3GPP TSG RAN WG1 39, Bates    109
Number APL630DEF-WH-A 0000006462 through
23      6520

24

25

---



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 143 of 173

YOUNG-BUM KIM  Confidential                          November 28, 2012
APPLE INC. vs. SAMSUNG ELECTRONICS                              5–8

Page 5

1        INDEX TO EXHIBITS (Continued)
2  EXHIBITS        DESCRIPTION        MARKED
3   12  3GPP Specification 25.309, Bates Number   125
       APL630DEF-WH-A 0000006935
4
5   13  3GPP TS 25.331            127
6  (Original exhibits attached to original
7  transcript)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 6

1        DEPOSITION OF YOUNG-BUM KIM
2            NOVEMBER 28, 2012
3
4        THE VIDEOGRAPHER:  Good morning.  This is Tape
5  Number 1 to the videotaped deposition of Young-Bum Kim
6  in the matter of Apple, Inc., et al., versus Samsung
7  Electronics Company, et al., being heard before the
8  United States District Court, Northern District of
9  California, San Jose Division, Case Number
10  12-CV-00630-LHK.
11        This deposition is being held at the Ramada
12  Plaza Hotel in Suwon in South Korea.  Today's date is
13  November 28, 2012, and the time is 9:07 a.m.
14        My name is Robert Velasco, CLVS, and I'm the
15  videographer.  Our court reporter today is Renee Kelch.
16        Will counsel present please introduce yourself
17  and affiliations, and then the witness and interpreter
18  will be sworn.
19        MR. SHEN:  This is Peter Shen on behalf Apple
20  from WilmerHale.
21        MR. WHITEHURST:  Good morning.  My name is Alan
22  Whitehurst.  I'm with the law firm of Quinn Emanuel, and
23  represent Samsung and the witness.  And with me today is
24  Jae L. Park from Samsung, and our check interpreter,
25  Sue-Mi Jones.

Page 7

1        THE VIDEOGRAPHER:  Thank you very much.
2        Would the court reporter please swear in the
3  interpreter and the witness.
4
5            SANGMEE MOON,
6  being called as an interpreter, was duly sworn to
7  translate English to Korean and Korean to English the
8  testimony of the following witness:
9
10            YOUNG-BUM KIM,
11  having been first duly sworn through the interpreter,
12  testifies as follows:
13
14            EXAMINATION
15  BY MR. SHEN:
16     Q.  Can we please have your full name for the
17  record?
18     A.  My name is Young-Bum Kim.  Phonetically it's
19  spelled as Y-o-u-n-g-B-u-m K-i-m.
20     Q.  Good morning, Mr. Kim.  You have had your
21  deposition taken before; is that correct?
22     A.  Correct.
23     Q.  If you have any questions about the questions
24  that I ask you, if anything is unclear, please let me
25  know.  Otherwise, we will assume that you understood the

Page 8

1  question and your answer will respond to the question.
2  Does that make sense?
3     A.  Yes.
4     Q.  Did you meet with your attorneys to prepare for
5  today's deposition?
6     A.  Yes.
7     Q.  How many times did you meet with your attorneys
8  to prepare?
9     A.  Once.
10     Q.  When was that?
11     A.  Yesterday.
12     Q.  Who was present?
13     A.  So the three people who are present with me
14  today.
15     Q.  Did you speak with anyone other than your
16  attorneys about your deposition today?
17     A.  Yes.
18     Q.  Who was that?
19     A.  So I told to my colleagues who work with me in
20  the same team that I am scheduled to give my deposition
21  today.
22     Q.  Did you discuss with your colleagues the
23  substance of what the deposition will be today?
24     A.  No.
25     Q.  You're employed by Samsung; correct?



Page 25

1  this year?
2      A.  I don't have the exact recollections, but given
3  that there are several Korean applications, I must have
4  skimmed through one of them.
5      Q.  Can we refer to Exhibit 2 as the '975 Korean
6  patent?
7      A.  Yes.
8      Q.  Okay.  You see in paragraph 30 on the front
9  page of the '975 patent, it lists the '678 patent as its
10  claim of priority; do you see that?
11      A.  Yes.
12      Q.  And that's the same '678 patent that's listed
13  in paragraph 30 on the front page of the '087 patent; do
14  you see that?
15      A.  I see that the number and the dates are the
16  same.
17      Q.  Did you prepare the '678 patent application
18  that led to this Korean '975 patent?
19      A.  As I said before, I prepared the draft for
20  patent applications.
21      Q.  Okay.  If you look at pages 18 through 25.
22      For the record, the Bates number is
23  SAMNDCA 630-03425252 through 5276.  And we're looking at
24  page 18 at 5269.
25      A.  Yes.

Page 26

1      Q.  Did you prepare the drawings in this patent?
2      A.  As far as I remember, yes.
3      Q.  Is it your understanding that the drawings in
4  this '975 Korean patent are identical to the drawings in
5  the '087 patent?
6      MR. WHITEHURST:  Objection.  Vague.
7      THE WITNESS:  I didn't make an apple-to-apple
8  comparison of the two documents, but I think the drawing
9  has to be identical.
10  BY MR. SHEN:
11      Q.  Okay.  If you can just take a look again at
12  Exhibit 1, the '087 patent at Figure 2.
13      A.  Yes.
14      Q.  Can you explain what this figure shows?
15      MR. WHITEHURST:  Objection.  Vague.
16      THE WITNESS:  So my answer would not be
17  accurate, given that I haven't read the relevant
18  explanations.  But overall, this figure seems to explain
19  the process of HSUPA.
20  BY MR. SHEN:
21      Q.  Okay.  You may recall that I asked when the
22  maximum power level is configured for uplink
23  transmissions in a non-scheduled mode.  Do you recall
24  that?
25      A.  Yes.

Page 27

1      Q.  In Figure 2, can you point me to the step where
2  the maximum power level is configured for uplink
3  transmissions in non-scheduled mode?
4      MR. WHITEHURST:  Objection.  Vague.
5      THE WITNESS:  It is difficult to presume the
6  exact step just by looking at this figure.  But I think
7  it might be 202 or 208.
8      THE CHECK INTERPRETER:  "It is difficult to
9  determine which one that would be based on this drawing
10  alone, but if I were to venture a guess, I would think
11  that maybe it is either 202 or 208."
12      MR. WHITEHURST:  We've been going for over an
13  hour.  Is this a good time for a break?
14      MR. SHEN:  Just a couple questions.
15  BY MR. SHEN:
16      Q.  Why may -- strike that.
17      Why do you believe that this configuring of the
18  maximum power level in a non-scheduled mode may occur in
19  steps 202 or 208?
20      A.  I gave you the answer because looking at the
21  direction of setting up from base station to handset, I
22  guessed that step -- either step 202 or 208 might be the
23  correct -- might be the -- might be configuration.
24      Q.  What do you understand occurs in step 202, the
25  E-DCH setup?

Page 28

1      A.  So I cannot give you an exact answer since I
2  haven't read the relevant sentences, but I presume that
3  the base station is setting up HSUPA to the handset.
4      MR. WHITEHURST:  Time for a break?
5      MR. SHEN:  Let's take a break.
6      THE VIDEOGRAPHER:  Off the record.  The time is
7  10:12 a.m.  This marks the end of Media Number 1.
8      (Recess)
9      THE VIDEOGRAPHER:  We're back on the record.
10  The time is 10:31 a.m.  This marks the beginning of
11  Media Number 2.
12  BY MR. SHEN:
13      Q.  Could you turn to Exhibit 2, please.  Look at
14  the page 3, Bates Number 5254, last four digits.
15      Do you see claim 1?
16      A.  Yes.
17      Q.  And do you see claim 2 below there?
18      A.  Yes.
19      Q.  What is your understanding of how claim 1 and
20  claim 2 compare to claim 1 of the '087 patent on
21  Exhibit 1?
22      MR. WHITEHURST:  Objection.  Legal question.
23      THE CHECK INTERPRETER:  How they compare.
24      MR. WHITEHURST:  If I could please make one
25  request on the record, that when I object, the objection



YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
29–32

Page 29
1  gets translated as well.  Okay?
2         THE CHECK INTERPRETER:  Yes.
3         MR. WHITEHURST:  Thank you.
4         THE INTERPRETER:  I did translate.
5         THE WITNESS:  So I'm not very familiar with the
6  legal meanings pertains -- that pertains to claims.  But
7  I compare the claim 1 of the two documents, and it seems
8  the content is very similar.
9         THE CHECK INTERPRETER:  "As I sit here today."
10 BY MR. SHEN:
11     Q.  Did you draft claims 1 and 2 of the -- of
12 Exhibit 2?
13        MR. WHITEHURST:  Objection.  Vague.
14        THE WITNESS:  As far as I recall, I didn't
15 draft those.
16 BY MR. SHEN:
17     Q.  Is it your understanding that the invention
18 described in the '975 Korean patent is intended to be
19 the same invention described in the '087 patent?
20        MR. WHITEHURST:  Objection.  Legal question.
21 Calls for speculation.
22        THE WITNESS:  I don't know the legal meanings
23 attached to it, but I think US patent document must have
24 been prepared based on Korean patent documents.
25 ///

Page 30
1  BY MR. SHEN:
2      Q.  You understand that there is a Korean
3  litigation involving the '975 Korean patent?
4      A.  Yes.
5      Q.  Are you aware that the court decided that
6  claim 1 of the '975 Korean patent is invalid?
7      A.  Yes.
8      Q.  You have read the position issued by the Korean
9  court regarding the '975 Korean patent?
10        MR. WHITEHURST:  Counsel, can you rephrase your
11 question?  Because I need to instruct the witness not to
12 reveal anything -- reveal the substance of any meeting
13 with counsel in preparation for his deposition today.
14 Is it possible for you to rephrase your question?
15 BY MR. SHEN:
16     Q.  This is a yes or no question.  Have you read
17 the court's opinion --
18        MR. WHITEHURST:  But "yes" or "no" would still
19 reveal the substance --
20        MR. SHEN:  It would not.
21        MR. WHITEHURST:  -- the meaning.  Could you
22 reask the question, "Before meeting with your attorneys
23 have you ever read the Korean litigation?"  Otherwise
24 I'm going to instruct him not to answer.
25        MR. SHEN:  Whether he read the patent at any

Page 31
1  time is not privileged.  If you instruct the witness not
2  to answer, you can do so.
3         MR. WHITEHURST:  It does if it reveals the
4  substance of attorney --
5         MR. SHEN:  Fine.
6         MR. WHITEHURST:  -- client communication.
7  BY MR. SHEN:
8      Q.  I ask the same question, then.  Have you read
9  the decision by the Korean court regarding the '975
10 patent?
11        MR. WHITEHURST:  For the reasons I previously
12 stated, I'm going to instruct the witness not to answer
13 now.
14        Now, if you want to rephrase your question,
15 "Prior to meeting with your attorneys have you reviewed
16 the Korean patent decision," I'll allow him to answer
17 that question.
18        MR. SHEN:  Will you follow your attorney's
19 advice not to answer that question?
20        THE CHECK INTERPRETER:  Just a minute.
21 Counsel, do you want the colloquy between you two --
22        MR. WHITEHURST:  Yes.
23        THE CHECK INTERPRETER:  -- be rendered to the
24 witness?
25        MR. WHITEHURST:  Yes.

Page 32
1         (Discussion between interpreters in Korean)
2         MR. WHITEHURST:  Do you want to reask your
3  question?
4         MR. SHEN:  I believe an answer is pending.
5         THE CHECK INTERPRETER:  (Speaking in Korean)
6         MR. WHITEHURST:  Just so it's clear for the
7  witness, do you want to reask the question so he knows
8  what question is pending?
9  BY MR. SHEN:
10     Q.  Do you follow your lawyer's advice not to
11 answer the question about whether you've read the
12 court's decision on the '975 patent?
13     A.  I'll follow my lawyer's advice.
14     Q.  Before you met with your lawyers, did you
15 receive -- strike that.
16        Before you met with your lawyers, did you read
17 the court's decision regarding the '975 Korean patent?
18     A.  No.
19     Q.  What is your understanding of why the court
20 decided that claim 1 of the '975 Korean patent is
21 invalid?
22        MR. WHITEHURST:  Objection.  Assumes facts not
23 in evidence.
24        THE WITNESS:  That I do not know.
25 ///



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 146 of 173

YOUNG-BUM KIM  Confidential                                    November 28, 2012
APPLE INC. vs. SAMSUNG ELECTRONICS                                       33—36

Page 33

1  BY MR. SHEN:
2     Q.  You have no understanding of why the court
3  decided that claim 1 is invalid; is that correct?
4     A.  I do not know why the court had made such a
5  decision.
6     Q.  You do understand that claim 1 is not new in
7  view of the prior art?
8        MR. WHITEHURST:  Objection.  Vague.  Legal
9  question.  Assumes facts not in evidence.
10       THE WITNESS:  I -- I repeat myself.  I do not
11  know the grounds based on which the court made such
12  decision.
13  BY MR. SHEN:
14     Q.  Let's take a look at the '087 patent again,
15  Exhibit 1.
16        At column 6, line 60, do you see where it
17  reads, "A non-scheduled transmission period is denoted
18  by N, and non-scheduled transmission can be performed
19  the predetermined number of times k within the
20  non-scheduled transmission period N."
21     A.  Yes.
22     Q.  What is N?
23        THE CHECK INTERPRETER:  Excuse me, Counsel, do
24  you want the main interpreter to translate the whole
25  verbiage that you just read it off to the witness?

Page 34

1        MR. WHITEHURST:  Yes.
2        THE CHECK INTERPRETER:  Okay.
3        THE INTERPRETER:  (Translating)
4        THE WITNESS:  Yes.
5  BY MR. SHEN:
6     Q.  The question is what is N?
7     A.  So the paragraph N refers to numbers, so the
8  integer.
9        THE CHECK INTERPRETER:  "Positive."
10       THE INTERPRETER:  Positive integer.
11       THE CHECK INTERPRETER:  "A positive integer."
12  BY MR. SHEN:
13     Q.  And does N have -- strike that.
14        Is N expressed in units of TTIs?
15       MR. WHITEHURST:  Objection.  Vague.  Legal
16  question.
17       THE WITNESS:  So in the paragraph that you
18  pointed out, TTI is one of the means to express
19  transmission period.  And I understand that N is -- as I
20  said before, N is the positive integer that expresses
21  how many times -- how many trans periods there are.
22       THE CHECK INTERPRETER:  "Transmission periods."
23  BY MR. SHEN:
24     Q.  So are you telling me that N is a positive
25  integer that is not expressed in any unit?

Page 35

1        MR. WHITEHURST:  Objection.  Asked and
2  answered.
3        THE WITNESS:  So in the paragraph you pointed
4  out, transmission periods are expressed by N.  And as I
5  said before, N refers to positive integer.
6  BY MR. SHEN:
7     Q.  But you see in that same paragraph, the very
8  next sentence says that, "The parameters N and k are
9  expressed in units of TTIs serving as units of E-DCH
10  data transmission."  Do you see that?
11     A.  The sentence that you just -- you just read
12  says likewise.
13     Q.  So do you disagree that, first, N is a
14  parameter?
15       MR. WHITEHURST:  Objection.  Vague.  Legal
16  question.
17       THE WITNESS:  Based on my understanding, N is
18  one of parameters, and is positive integer.
19  BY MR. SHEN:
20     Q.  Second, do you disagree that N is expressed in
21  units of TTI?
22       THE CHECK INTERPRETER:  (Speaking in Korean)
23       THE WITNESS:  So the sentences you pointed out
24  says that N is expressed by the units of TTI.
25  ///

Page 36

1  BY MR. SHEN:
2     Q.  Is N ever expressed in units other than TTIs?
3        MR. WHITEHURST:  Objection.  Mischaracterizes
4  the witness' previous testimony.  Assumes facts not in
5  evidence.
6        THE WITNESS:  So in general sense of the way, N
7  refers to mathematical value.  It is a very general way
8  of expression.  And in this particular document, N is
9  positive integer, and it is -- and it is just expressed
10  as to units of TTI.
11  BY MR. SHEN:
12     Q.  In the '087 patent, isn't it correct that N is
13  always expressed in units of TTIs?
14       MR. WHITEHURST:  Objection.  Mischaracterizes
15  the witness' previous testimony.  Assumes facts not in
16  evidence.
17       THE WITNESS:  I repeat myself, N is positive
18  integer and is expressed by the units of TTI.
19  BY MR. SHEN:
20     Q.  That doesn't answer my question.
21       MR. WHITEHURST:  Objection.  Argumentative.
22  BY MR. SHEN:
23     Q.  My question is, in the '087 patent is N ever
24  expressed in units other than TTIs?
25       MR. WHITEHURST:  Objection.  Mischaracterizes



YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
37–40

Page 37

1  the witness' previous testimony.  Assumes facts not in
2  evidence.
3       THE WITNESS:  So at this time since I haven't
4  read the whole document, it is difficult to give -- it
5  is difficult for me to say for sure, but it seems it is
6  expressed by TTI.
7  BY MR. SHEN:
8       Q.  As recited in this paragraph, beginning on line
9  60 of column 6, what is N?  Strike that.
10      What is k?
11      A.  k refers to the transmission time where handset
12  can execute non-scheduled transmission.
13      THE CHECK INTERPRETER:  "k refers to a point in
14  time when transmission is possible from the terminal; in
15  other words, when the non-scheduled transmission can be
16  performed."
17  BY MR. SHEN:
18      Q.  Is k a parameter?
19      MR. WHITEHURST:  Objection.  Vague.
20      THE WITNESS:  If you look at row 63, k is
21  referred to as parameter.
22  BY MR. SHEN:
23      Q.  So your understanding is that k is a parameter;
24  right?
25      A.  Just like N, k is the expression of -- for

Page 38

1  numbers.  And under this invention, I recall k to be the
2  same or bigger than 0, but smaller than N.
3       Q.  And k is expressed in units of TTIs; right?
4       MR. WHITEHURST:  Objection.  Legal question.
5       THE WITNESS:  I think I can give you the same
6  answer for k as I gave you for N.
7  BY MR. SHEN:
8       Q.  By that do you mean that in the '087 patent k
9  is expressed only in units of TTIs?
10      MR. WHITEHURST:  Objection.  Mischaracterizes
11  the witness' previous testimony.  Assumes facts not in
12  evidence.
13      THE WITNESS:  So it would be a little tricky to
14  give you an answer since I haven't read the whole patent
15  document.  But I want to put it as the number expressed
16  by TTI.
17      THE CHECK INTERPRETER:  "A number."
18  BY MR. SHEN:
19      Q.  In fact, you understand from this line 63
20  through 64 that N -- I'm sorry, k is a number that is
21  expressed in units of TTIs; correct?
22      MR. WHITEHURST:  Objection.  Legal question.
23      THE WITNESS:  As far as I understand, N and k
24  are numbers.  And for this invention, it seems those are
25  the units of TTI.

Page 39

1  BY MR. SHEN:
2       Q.  Is a TTI a point in time?
3       MR. WHITEHURST:  Objection.  Vague.
4       THE WITNESS:  Just as the words say, I can
5  answer it as time interval.
6  BY MR. SHEN:
7       Q.  Did not you just say that k indicates a point
8  in time?
9       MR. WHITEHURST:  Objection.  Mischaracterizes.
10      THE WITNESS:  Yes, I answered that way.
11  BY MR. SHEN:
12      Q.  So if k indicates a point in time, and is
13  expressed in units of TTIs, is TTI a point in time?
14      MR. WHITEHURST:  Objection.  Vague.  Compound.
15      THE WITNESS:  TTI is the terminology used of --
16  for 3GPP standards, and it signifies time interval.
17  BY MR. SHEN:
18      Q.  How, if it at all, is the term "TTI," as it's
19  used in the '087 patent, different from a point in time?
20      A.  So the point in time of a terminal data
21  transmission or receiving could be defined by TTI.
22      THE CHECK INTERPRETER:  "So the point in time
23  of terminal receiving or transmitting data, it can be
24  set by defining TTI."
25  ///

Page 40

1  BY MR. SHEN:
2       Q.  To clarify, is it your understanding that a TTI
3  is different from a point in time?
4       MR. WHITEHURST:  Objection.  Vague.
5       THE WITNESS:  I think TTI refers to the point
6  in time of transmitting -- of transmission and receiving
7  so as to specify the defined time between handset and
8  base station communications.
9  BY MR. SHEN:
10      Q.  Is point in time of transmission and receiving,
11  is that different from a time interval?
12      A.  I do not think there is a big difference.
13      Q.  Does that mean that there is a difference, even
14  if a small difference?
15      MR. WHITEHURST:  Objection.  Vague.
16      THE WITNESS:  So TTI refers to time interval
17  that has a defined length.  For example, as you -- the 2
18  milliseconds or 10 milliseconds that you've mentioned
19  before.
20      And by indexing the given TTI, for example, by
21  TTI 0 and TTI 1, we can determine the actions of base
22  stations or handsets at a specific point in time.
23  BY MR. SHEN:
24      Q.  So let me see if I understand.
25      By indexing TTIs, you can determine a point in



YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
81–84

Page 81

1  lower data rate than maximum data rate during the
2  allocation period."
3       Do you -- strike that.
4       Do you have the same understanding?
5    A.  As I read this portion, as I sit here, it does
6  match my understanding of autonomous transmission.
7    Q.  In the last paragraph on this page, beginning
8  with the second sentence, it states, "Conservative case
9  for autonomous transmission is that E-DCH is allowed
10  with minimum TFC set."  Do you see that?
11   A.  Yes.
12   Q.  And TFC stands for transport format
13  combination; is that correct?
14   A.  Yes.
15   Q.  So is this conservative case an alternative to
16  the TDM approach that was described by Samsung in
17  Exhibit 3 and 5?
18      MR. WHITEHURST:  Objection.  Vague.  Calls for
19  speculation.
20      THE WITNESS:  I do not know how this
21  conservative case that you pointed out relates to the
22  TDM approach explained -- or described in Exhibit 5.
23  BY MR. SHEN:
24   Q.  Okay.  Looking at a couple sentences forward.
25  "Aggressive case for autonomous transmission is that

Page 82

1  E-DCH is allowed with in Node-B controlled TFC subset."
2  Do you see that?
3    A.  Yes.
4    Q.  Do you know if this -- strike that.
5       Do you believe that this aggressive case that's
6  listed -- that's described in Exhibit 6 is an
7  alternative to the TDM approach that's described by
8  Samsung in Exhibit 5?
9       MR. WHITEHURST:  Objection.  Vague.  Calls for
10  speculation.
11      THE WITNESS:  As I said before, as I sit here,
12  I do not exactly know the relationship between the
13  technologies described in Exhibit 5 and 6.
14  BY MR. SHEN:
15   Q.  Isn't the goal of the contributions proposed in
16  Exhibits 5 and 6 to limit the data rate that can be used
17  for autonomous transmission?
18      MR. WHITEHURST:  Objection.  Vague.
19      THE WITNESS:  I just read a portion of
20  Exhibit 5, and this portion mentions about reducing data
21  rate in autonomous transmission.  And as for Exhibit 6,
22  it talks about technologies that execute autonomous
23  transmission within the allowed TFC.
24  BY MR. SHEN:
25   Q.  "Within the allowed TFC," means that there's a

Page 83

1  subset of the TFCs; correct?
2    A.  As I sit here, I do not have the full knowledge
3  relating to Figure 6, but I see that the sentences you
4  pointed out used a word such as "TFC set" and "subset."
5       THE CHECK INTERPRETER:  "As I sit here today, I
6  do not have full knowledge as to the overall technology
7  shown on Figure 6.  However, in the sentences that you
8  mentioned earlier, there's a word 'TFC subset' is being
9  used, that I can see."
10  BY MR. SHEN:
11   Q.  Does TFC subset indicate a subset of TTIs?
12   A.  Based on my understanding, I don't think there
13  is any relevance between TFC subset and TTI.
14   Q.  Looking at the last page, the last sentence of
15  the paragraph on top it states, "It was recommended that
16  threshold in UE for autonomous transmission should be
17  introduced."  Do you see that?
18   A.  Yes.
19   Q.  Do you understand that this submission by
20  Mitsubishi to 3GPP proposes that a threshold for
21  autonomous transmission in the handset should be
22  included in the UMTS standard?
23      MR. WHITEHURST:  Objection.  Vague.  Calls for
24  speculation.
25      THE WITNESS:  By looking at the portion you

Page 84

1  pointed out in Exhibit 6, it seems that Mitsubishi has
2  made such recommendations.
3  BY MR. SHEN:
4    Q.  And that proposal is reflected in Figure 3 of
5  Exhibit 6; is that correct?
6    A.  I see a threshold for autonomous transmission
7  in Figure 3.
8       MR. SHEN:  Mark for identification Exhibit 7.
9       (Exhibit 7 marked)
10  BY MR. SHEN:
11   Q.  Do you recognize this submission to 3GPP?
12   A.  Looking at the first page, it seems this is the
13  contribution submitted to 3GPP by Motorola.
14   Q.  Do you recall seeing this contribution by
15  Motorola before today?
16   A.  This is a long time ago.  I don't recall.
17   Q.  In the second paragraph below the heading, "SRB
18  Mapping and Minimum Set," do you see the sentence, "In
19  the Rel 99 RRC specification, the notion of a TFC
20  minimum set is defined to prioritize necessary services
21  and signaling in power limited scenarios."
22   A.  Yes.
23   Q.  Is it your understanding that in Release 99
24  "TFC minimum set" was defined?
25   A.  Yes, that's how I understand it.



Page 85

1     Q.  It goes on to say at the end of that paragraph,
2  "It has been discussed in RAN2 that similar rules should
3  be applied to the E-TFC selection."
4        Do you see that section?
5     A.  Yes.
6     Q.  Do you recall any such discussions?
7     A.  I don't recall, as I sit here.
8     Q.  Looking at the last page under, "Conclusion,"
9  Motorola presents some proposals for 3GPP.  Do you see
10  that?
11     A.  Yes.
12     Q.  Are these proposals alternatives to the
13  technology that Samsung described in Exhibit 5?
14        MR. WHITEHURST:  Objection.  Vague.  Calls for
15  speculation.
16        THE WITNESS:  As I don't have a full
17  understanding of the document -- or the Exhibit 7, it
18  would be difficult for me to say whether technologies in
19  Exhibit 5 is an alternative to technology in Exhibit 7,
20  or whether the two are entirely different.
21        THE CHECK INTERPRETER:  "Whether they are two
22  separate."
23        MR. SHEN:  Mark for identification Exhibit 8.
24     (Discussion off the record)
25     (Exhibit 8 marked)

Page 86

1  BY MR. SHEN:
2     Q.  Ask you if you recognize this proposal to 3GPP?
3     A.  I don't recall it.
4     Q.  Do you recall any discussions about proposals
5  by Lucent for autonomous transmission in the E-DCH?
6     A.  As I sit here, I don't recall.
7     Q.  Under Section 2, there's a sentence that
8  states, "In this section, two variations of the proposal
9  in 2 are described."  Do you see that?
10     A.  Yes.
11     Q.  And what Lucent is proposing are two variations
12  to Samsung's proposal that's described in Exhibit 3;
13  right?
14     A.  That's what the document says.
15     Q.  You don't recall any discussions at 3GPP about
16  Lucent proposals that are variations of Samsung's
17  proposals regarding TDM approach to autonomous
18  transmission?
19     A.  As I said before, this was a long time ago, so
20  I don't recall.
21     Q.  Well, the first proposal -- strike that.
22        The first variation that Lucent describes is in
23  Section 2.1.  Do you see that?
24     A.  Yes.
25     Q.  And the very first sentence of that section

Page 87

1  states that, "Increasing the number of retransmission
2  would effectively lower the effective, and hence, could
3  reduce the power requirement for sending of the minimum
4  TFC."  Do you see that?
5     A.  Yes.
6     Q.  What is your understanding of that sentence?
7        MR. WHITEHURST:  Objection.  Calls for
8  speculation.
9        THE WITNESS:  By looking at this sentence right
10  now, it seems this sentence indicates that by increasing
11  the number of HARQ retransmission, the transmission
12  power required by the handset could be lowered.
13  BY MR. SHEN:
14     Q.  So increasing the number of HARQ transmissions
15  would be an alternative technology to that proposed by
16  Samsung in Exhibit 3; is that correct?
17        MR. WHITEHURST:  Objection.  Vague.  Calls for
18  speculation.
19        THE WITNESS:  It's difficult for me to
20  determine whether the technologies described in
21  Exhibit A is an alternative to Samsung's proposal or
22  whether this technology is high performing or not.
23  BY MR. SHEN:
24     Q.  It is not necessary for the technology to be
25  high performing to be an alternative to the technology

Page 88

1  proposed by Samsung in Exhibit 3; correct?
2        MR. WHITEHURST:  Objection.  Argumentative.
3  Vague.
4        THE WITNESS:  So generally if a certain
5  technology were to be an alternative to proposed to
6  technologies at 3GPP, that given technology has to be
7  excellent in terms of performance or in other ways.
8  BY MR. SHEN:
9     Q.  From a technical perspective, the technology
10  proposed by Lucent of increasing the number of HARQ
11  transmissions would present a workable alternative to
12  the technology described in Samsung Exhibit 3; right?
13        MR. WHITEHURST:  Objection.  Incomplete
14  hypothetical.
15        THE WITNESS:  As I sit here, I do not have the
16  full knowledge of the technologies proposed in
17  Exhibit 8, specifically.  But it seems by looking at the
18  first sentence under Section 2, Lucent is claiming that
19  its technologies are variations in response to Samsung's
20  technology.
21        THE CHECK INTERPRETER:  "As I sit here today, I
22  do not have a full knowledge of the technology proposed
23  in Exhibit 8; however, in the sentence marked Number 2,
24  particular the first sentence, Lucent seemed to be
25  claiming that to be a variation of Samsung's proposal."



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 150 of 173

YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
89—92

Page 89

1  BY MR. SHEN:
2     Q.  So do you have any reason to believe that the
3  technologies proposed by Lucent in Exhibit 8 would not
4  be a workable solution for limiting the data rate
5  allowed for autonomous transmission?
6     MR. WHITEHURST:  Objection.  Incomplete
7  hypothetical.  Calls for speculation.
8     THE WITNESS:  I believe it would be difficult
9  for me to give you an answer since I do not have the
10  full understanding of this technology.
11  BY MR. SHEN:
12     Q.  Look under Section 2.2.
13     The document indicates that in Exhibit 3, "It
14  is proposed that autonomous transmission of minimum
15  rates is restricted to a subset of allowed TTIs, not
16  every TTI, where each UE is assigned a subset of
17  transmission time at RB setup."  Do you see that?
18     A.  Yes.
19     Q.  What is RB setup?
20     A.  As I sit here, it's difficult for me to fully
21  interpret what this sentence means.
22     Q.  Do you know what RB setup means?
23     A.  This was a long time ago, so as I sit here, I
24  do not recall what the terminology "RB setup" meant.
25     Q.  In the next paragraph, in the middle of the

Page 90

1  next paragraph --
2     THE CHECK INTERPRETER:  Counsel, sorry, what
3  exhibit are we -- were we just looking at?  Because this
4  shows Exhibit 3 on the screen, but I don't think that
5  was the one we were looking at; right?
6     MR. SHEN:  What screen?  I'm sorry.
7     THE CHECK INTERPRETER:  The last question, the
8  transcript's showing Exhibit 3, but I think the last
9  series of questions was on Exhibit 8, wasn't it?
10     MR. SHEN:  Yes, we're looking at Exhibit 8.
11  Exhibit 8 refers to reference number 2 on Exhibit 3.
12  BY MR. SHEN:
13     Q.  So in the middle of the next paragraph, you see
14  that Lucent indicates that compared to Samsung's
15  proposal reflected in Exhibit 3, "in restricting to a
16  subset of HARQ processes rather than being defined in
17  the rigid manner the TTI in which he transmission of
18  minimum TFC is allowed, the UE has the flexibility of
19  chooses --" should be choosing -- "the TTI in which the
20  data could be sent, for example, any two processes out
21  of the six processes."
22     Do you see that?
23     Section 2.2.
24     Let's go off the record for a minute.
25     THE VIDEOGRAPHER:  Off the record.  The time is

Page 91

1  3:26 p.m.
2     (Recess)
3     THE VIDEOGRAPHER:  We're back on the record.
4  The time is 3:45 p.m.  This marks the beginning of Media
5  Number 5.
6  BY MR. SHEN:
7     Q.  Looking again at Section 2.2 of Exhibit 8.  Do
8  you see in the middle of the second paragraph the
9  sentence beginning with, "However"?
10     A.  Yes.
11     Q.  Lucent is proposing restricting autonomous
12  transmission to a subset of HARQ processes.  Do you see
13  that?
14     A.  Yes.
15     Q.  And that again is reflected in the last
16  sentence of Section 2.2, beginning with "Note"; is that
17  correct?
18     A.  Yes.
19     Q.  Do you recall any discussions about Lucent's
20  proposal to use a subset of HARQ processes for
21  autonomous transmission?
22     A.  As I said before, I don't recall.
23     Q.  As of the date of this proposal,
24  September 20th-24th of 2004, Samsung had not proposed to
25  3GPP using a subset of HARQ processes to control the

Page 92

1  rate of autonomous transmission; is that correct?
2     MR. WHITEHURST:  Objection.  Calls for
3  speculation.
4     THE WITNESS:  Given that I don't fully
5  understand the technology proposed by Lucent, it would
6  be difficult for me to give an answer what the
7  differences are between Lucent and Samsung's
8  technologies.
9     But as I read the portion that you pointed out,
10  it seems that limiting the number of HARQ processes
11  bears some similarities to dark shaded boxes on Figure 1
12  of proposed technologies by Samsung in Exhibit 3 and 5.
13     Q.  Neither Exhibit 3 nor 5 mentions subset of HARQ
14  processes; correct?
15     A.  Exhibit 5 or Exhibit 3 mentions the allowed
16  subframes or subsets of TTIs for autonomous
17  transmission.
18     Q.  That's right, they don't refer to the allowed
19  subset of HARQ processes; correct?
20     A.  I cannot find the word "subset of HARQ
21  processes" in either Exhibit 3 nor 5.
22     MR. SHEN:  Mark for identification Exhibit 9.
23     (Exhibit 9 marked)
24  BY MR. SHEN:
25     Q.  Do you recognize this exhibit?



YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
93–96

Page 93

1    A.  Looking at the first page of the document, it
2  seems this is the paper prepared by Motorola to be
3  submitted to 3GPP RAN meeting 1.
4    Q.  So you see in Section C the first line states
5  that, "The potential for a number of UEs to perform
6  autonomous transmissions when not scheduled may require
7  a 'Rise over Thermal' RoT margin to be reserved for
8  these UEs"?
9    A.  Yes.
10    Q.  And that is the problem that the various 3GPP
11  contributions that we've been discussing today are
12  trying to address; correct?
13      MR. WHITEHURST:  Objection.  Calls for
14  speculation.
15      THE WITNESS:  I do not know whether the number
16  of contributions that you've shown me has to do with
17  resolving the problem that is mentioned here.
18  BY MR. SHEN:
19    Q.  Well, let's look at the last paragraph of this
20  page, and the first line of the next page.
21      That paragraph reflects technologies that have
22  been proposed to address the problem that is mentioned
23  under Section C; correct?
24      MR. WHITEHURST:  Objection.  Calls for
25  speculation.

Page 94

1      THE WITNESS:  In the portion you mentioned, I
2  see the list of potential mitigation techniques.
3  BY MR. SHEN:
4    Q.  So is it your understanding that the
5  technologies described in this list address the issue of
6  reducing the rise over thermal margin for UEs when they
7  perform autonomous transmission?
8      MR. WHITEHURST:  Objection.  Vague.
9      THE WITNESS:  As I sit here, I don't think it
10  would be right for me to give out my opinion when I do
11  not fully understand the techniques listed here.  But I
12  see the list of techniques as mentioned in the paper.
13  BY MR. SHEN:
14    Q.  And the first proposed technique is -- strike
15  that.
16      And the first listed technique is the one
17  proposed by Motorola, if you look at reference number 1;
18  correct?
19    A.  Yes.  By looking at the reference 1, it seems
20  this technique has been suggested by Motorola.
21    Q.  Now, we discussed that submission by Motorola,
22  didn't we?
23    A.  It seems reference 1 is equivalent to Exhibit 7
24  that you showed me.
25    Q.  And although you say that you don't fully

Page 95

1  understand the technology proposed by Motorola, RAN1
2  considered the Motorola proposal to address the problem
3  stated in Section C of Exhibit 9; right?
4    A.  The Exhibit 9 states that Motorola's
5  technologies are one of potential mitigation techniques.
6    Q.  And it states that, in the second bullet point,
7  Samsung is another potential mitigation technique, the
8  Samsung proposal reflected in Exhibit 5; correct?
9    A.  That's what the document says, yes.
10    Q.  And RAN also recognized that a potential
11  mitigation technique would be increasing the number of
12  allowed HARQ transmissions for autonomous transmission,
13  as reflected in Lucent's submission, Exhibit 8; correct?
14      MR. WHITEHURST:  Objection.  Calls for
15  speculation.
16      THE WITNESS:  As is mentioned in Exhibit 9,
17  Lucent proposed technology is one of potential
18  mitigation techniques.
19  BY MR. SHEN:
20    Q.  And Lucent's technology reflected in bullet
21  point 4 on top of the second page restricting the number
22  of HARQ processes is seen as a potential alternative to
23  the other proposals reflected in the first three bullet
24  points; correct?
25    A.  It is listed as one of potential mitigation

Page 96

1  techniques.
2      THE CHECK INTERPRETER:  I just want to make
3  a one quick correction to the previous answer.  "As is
4  mentioned in Exhibit 9, Lucent proposed technology is
5  stated as one of the potential mitigation techniques."
6  BY MR. SHEN:
7    Q.  Do you have any reason to disagree that
8  Lucent's technology, as listed in bullet points 3 and 4,
9  are workable alternatives to the proposals listed in
10  bullet points 1 and 2?
11      MR. WHITEHURST:  Objection.  Incomplete
12  hypothetical.
13      THE WITNESS:  Just as the document says, it
14  seems all of these for listed technologies were
15  discussed at potential mitigation techniques at RAN1.
16  BY MR. SHEN:
17    Q.  And as shown in the fourth bullet point,
18  restricting the number of HARQ processes that the UE is
19  allowed to use for autonomous transmissions is an idea
20  that came from Lucent; correct?
21      MR. WHITEHURST:  Objection.  Vague.  Calls for
22  speculation.
23      THE WITNESS:  So if you look at the fourth
24  bullet point, the referenced document is Number 3.  In
25  other words, Lucent.  So by looking at this alone, it



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 152 of 173

YOUNG-BUM KIM  Confidential                    November 28, 2012
APPLE INC. vs. SAMSUNG ELECTRONICS                    97–100

Page 97

1  seems that this technique has been suggested by Lucent.
2  BY MR. SHEN:
3     Q.  Do you have any reason to believe that the idea
4  of restricting the number of HARQ processes that the UE
5  is allowed to use for autonomous transmissions did not
6  come from Lucent?
7       MR. WHITEHURST:  Objection.  Vague.  Calls for
8  speculation.
9       THE WITNESS:  I think I have already answered
10 that I do not have full knowledge of Lucent proposed
11 technology.  Therefore, it would not be right for me to
12 determine whether the fourth bullet point comes from
13 Lucent or not.  However, I can say that this document
14 says that fourth bullet point has its referenced
15 document as Number 3.
16 BY MR. SHEN:
17    Q.  Do you have any reason to believe that Samsung
18 came up with the idea of restricting the number of HARQ
19 processes that the UE is allowed to use for autonomous
20 transmission before Lucent did?
21    A.  I must -- I have to repeat myself.  It's
22 difficult for me to give you an answer since I do not
23 fully understand the Lucent proposed technology.
24    Q.  Do you have any reason to believe that using a
25 subset of the HARQ processes for autonomous transmission

Page 98

1  was ever mentioned at Samsung before Lucent's proposal
2  was distributed to 3GPP?
3     A.  To give you an accurate answer to that
4  question, I'd have to have a full knowledge of the
5  technology proposed by Lucent relating to restricting
6  the number of HARQ processes for autonomous
7  transmission.
8     Q.  I don't believe that you need a full
9  understanding of Lucent's proposal.
10       The question was, do you have any reason to
11 believe whether using a subset of HARQ processes for
12 autonomous transmission was ever mentioned at Samsung
13 before this proposal by Lucent, identified in
14 Reference 3 of Exhibit 9 was submitted to 3GPP?
15       MR. WHITEHURST:  Objection.  Argumentative.
16 Asked and answered.
17       THE WITNESS:  Regardless of whether Lucent made
18 such proposal or not, I need to understand the
19 techniques of restricting the number of HARQ processes
20 as proposed by Lucent to answer your question.
21       THE CHECK INTERPRETER:  Correction.
22 "Irrespective of whether Lucent made such proposal or
23 not, I would need to understand the technology that is
24 restricting the number of HARQ processes that you are
25 repeatedly asking about."

Page 99

1  BY MR. SHEN:
2     Q.  Let's turn again to Exhibit 8.
3        Do you see that there's a date at top left of
4  September 20th to 24th, 2004?
5     A.  Yes.
6     Q.  At Samsung, was there ever any discussion about
7  a subset of HARQ processes in any connection with
8  autonomous transmission before September 20th, 2004?
9     A.  Well, September 2004 is pretty long time ago.
10 So relating to that, I don't have exact recollection.
11    Q.  Is the idea of using a subset of HARQ processes
12 for autonomous transmission your idea?
13       MR. WHITEHURST:  Objection.  Vague.  Legal
14 question.
15       THE WITNESS:  I think we'd first need the
16 definition relating to operation of technologies using
17 subsets of HARQ processes.
18 BY MR. SHEN:
19    Q.  Was it your idea to use a subset of HARQ
20 processes for autonomous transmission?
21       MR. WHITEHURST:  Objection.  Asked and
22 answered.
23       THE WITNESS:  So the Samsung proposed
24 technology has to do with using the allowed subframe or
25 TT -- subsets of TTI for autonomous transmission.  And I

Page 100

1  keep repeating myself, because the relationship between
2  HARQ processes subset and TTI subset or subframe is a
3  little ambiguous.
4  BY MR. SHEN:
5     Q.  Why is it ambiguous?
6     A.  According to the proposals, I recall that there
7  was certain relevance between the number of HARQ
8  processes and the number of TTIs or subframes.
9       THE CHECK INTERPRETER:  Correction.  "Based on
10 my understanding, the number of HARQ processes have a
11 certain relationship as to the number of TTIs, as well
12 as number of subframes.  That's how I recall."
13 BY MR. SHEN:
14    Q.  What is the HARQ process?
15    A.  In wireless telecommunications system, to
16 successfully transmit signals, HARQ process or
17 retransmission techniques are applied.
18       By operating a number of HARQ processes,
19 handsets and base stations could communicate without
20 delay and at a high reliability -- at high reliability.
21       I think HARQ processes has to do with time
22 domain mapping.
23    Q.  Is a HARQ process a process?
24    A.  Based on my understanding, HARQ -- the HARQ
25 process is the unit to support the operation of HARQ.



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 153 of 173

YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
101–104

Page 101

1    Q. And how do you measure in what units -- strike
2  that.
3       In what units do you measure a HARQ process?
4    A. Based on my understanding for HSUPA system,
5  HARQ is mapped to either TTI or subframe.
6    Q. I didn't ask whether it's mapped. My question
7  is, in what unit do you measure a HARQ process?
8    A. Based on my understanding, as for HSUPA, 2
9  milliseconds TTI, eight HARQ processes are operated.
10   Q. So in this particular case, is a HARQ process
11 measured as an integer?
12   A. Yes, correct.
13   Q. And does that integer have any particular unit
14 of measurement?
15   A. It has to do with TTI subframe, if we were to
16 think in terms of time.
17   Q. I believe you said that a HARQ process was a
18 unit to support the operation of HARQ; is that right?
19   A. Yes, correct.
20   Q. And when you mentioned eight HARQ processes,
21 does that refer to eight units to support the operation
22 of HARQ?
23   A. Yes.
24     MR. SHEN: Okay. Mark for identification
25 Exhibit 10.

Page 102

1     (Exhibit 10 marked)
2  BY MR. SHEN:
3    Q. Ask if you recognize this exhibit?
4    A. Looking at the first page of the document, it
5  seems this is the contribution submitted by Samsung to
6  3GPP.
7    Q. Were you involved in preparing this
8  contribution reflected in Exhibit 10?
9    A. I don't recall that part.
10   Q. Do you know who was involved in preparing the
11 contribution that's reflected in Exhibit 10?
12   A. The exhibits that we are discussing today are
13 dated 2004. So it's difficult for me to remember
14 exactly who was involved in what.
15   Q. Do you have any understanding of who would have
16 been involved in preparing this Exhibit 10?
17   A. As I sit here, I cannot give you an accurate
18 answer. But if you turn to page 2, there is a
19 contact -- the name of contact person, Yong Jun Kwak --
20 phonetically spelled as Y-o-n-g-J-u-n K-w-a-k -- and
21 this person must have been involved.
22     THE CHECK INTERPRETER: "So at least I think
23 that he would -- he could have been involved."
24 BY MR. SHEN:
25   Q. Now, since Samsung's contribution reflected in

Page 103

1  Exhibit 10 came after Lucent's contribution, that's
2  reflected in Exhibit 8; correct?
3    A. By comparing the dates of Exhibit 10 and
4  Exhibit 8, it seems Exhibit 10 came after Exhibit 8.
5    Q. In comparing Exhibit 10 to Samsung's prior
6  proposal, as reflected in Exhibit 5, the "allowed
7  subframe," as recited in Exhibit 5 is replaced with the
8  phrase, "allowed HARQ processes," in Exhibit 10; right?
9    A. That's what the document says.
10   Q. Did Samsung take the idea about HARQ processes
11 for autonomous transmission from Lucent?
12     MR. WHITEHURST: Objection. Vague.
13     THE WITNESS: As I skimmed through Exhibit 5
14 and 10, at this moment the content of the two documents
15 are quite similar. But it would be difficult to say
16 that Exhibit 10 borrowed the idea from Exhibit 5, as you
17 said. There -- I believe --
18     THE CHECK INTERPRETER: (Speaking in Korean)
19     THE WITNESS: As I skimmed through Exhibit 5
20 and Exhibit 10, there isn't much big difference in terms
21 of technologies. The difference would be the change in
22 terminologies. Therefore, I do not think Exhibit 10 --
23 that technologies proposed in Exhibit 10 borrow the idea
24 from Exhibit 8.
25 ///

Page 104

1  BY MR. SHEN:
2    Q. Do you believe that you invented the idea of
3  using a subset of allowed HARQ processes for autonomous
4  transmission?
5    A. As I skimmed through Exhibit 3, 5 and 10 and
6  compare Figure 1 of this document, it seems there was a
7  simple change in terminology employed. Therefore, under
8  Samsung's proposal, TTI, subframes, and HARQ processes
9  seem to be sharing the same concept.
10   Q. So do you think you invented using a subset of
11 allowed HARQ processes for autonomous transmission?
12     I'll strike the prior response as
13 nonresponsive.
14     THE CHECK INTERPRETER: (Speaking in Korean)
15     MR. WHITEHURST: Do you want to reask the
16 question so the record's clear?
17     MR. SHEN: Sure.
18 BY MR. SHEN:
19   Q. Do you believe that you invented using a subset
20 of allowed HARQ processes for autonomous transmission?
21     MR. WHITEHURST: Objection. Vague. Legal
22 question. Asked and answered.
23     THE WITNESS: As I said before, my answer to
24 your question could differ, depending on how you defined
25 the relationship been HARQ processes and TTIs.



Case 5:12-cv-00630-LHK   Document 423-6   Filed 04/01/13   Page 154 of 173

YOUNG-BUM KIM  Confidential                            November 28, 2012
APPLE INC. vs. SAMSUNG ELECTRONICS                    133–136

Page 133

1  received any payment for having any of your patents
2  declared essential to a standard?
3     A. No.
4        THE CHECK INTERPRETER:  (Speaking in Korean)
5  BY MR. SHEN:
6     Q. And in addition to your salary, has Samsung
7  made any payments to you in connection with the '087
8  patent?
9     A. Yes.
10    Q. And what specifically in connection with the
11 '087 patent resulted in a payment made to you by Samsung
12 apart from your salary?
13    A. As I said before, a small payment is made when
14 patent is filed and issued.
15    Q. We talked earlier about patent prosecution team
16 that assist you with preparing patent applications.  Do
17 you recall that?
18    A. Yes.
19    Q. Did any of these patent prosecutors accompany
20 you to 3GPP meetings?
21       THE CHECK INTERPRETER:  (Speaking in Korean)
22       THE WITNESS:  Yes.
23 BY MR. SHEN:
24    Q. What is their role at the 3GPP meetings that
25 they attend?

Page 134

1     A. They work -- we work in different teams, so I
2  do not know of their specific roles.
3     Q. When you attended the 40th meeting in
4  Scottsdale, Arizona, were you accompanied by patent
5  prosecutors from Samsung at that meeting?
6     A. I don't recall.
7        MR. WHITEHURST:  Are we at the seven-hour
8  limit?
9        THE VIDEOGRAPHER:  Yes.
10       MR. WHITEHURST:  Okay.  I have -- we're done,
11 as I told you earlier.  We're going to hold you to the
12 seven-hour limit.
13       I do have a few quick questions for the
14 witness.
15          EXAMINATION
16 BY MR. WHITEHURST:
17    Q. Mr. Kim, do you remember being asked questions
18 this morning about whether the '087 patent ever uses the
19 letter N to refer to something other than TTIs?
20       THE CHECK INTERPRETER:  (Speaking in Korean)
21       THE WITNESS:  Yes.
22 BY MR. WHITEHURST:
23    Q. And I believe you have in front of you a copy
24 of the '087 patent, which has been marked as Exhibit 1?
25    A. Yes.

Page 135

1     Q. Mr. Kim, can you identify any instances in the
2  '087 patent where N is referring to something other than
3  TTIs?
4     A. Yes.
5     Q. Can you give us some examples from the '087
6  patent where the letter N is referring to something
7  other than TTIs?
8     A. For example, if you turn to column 13 on
9  Exhibit 1, N equals 8 when it relates to 8-bit bit map
10 signal.  In other means, the letter N represents the
11 length of bit map signal.  And this is the positive
12 integer value that I mentioned in the morning.
13    Q. So when the '087 patent refers to a bit map has
14 having N bits, how is the letter N being used?
15    A. In such case, N refers to numbers, or the
16 positive integer.
17       THE CHECK INTERPRETER:  "In such case N refers
18 to a number, particularly a positive integer."
19       MR. WHITEHURST:  Thank you, Mr. Kim.  I have no
20 further questions.  If we could please mark the
21 transcript confidential.
22       MR. SHEN:  I have some questions.
23          FURTHER EXAMINATION
24 BY MR. SHEN:
25    Q. If we look at column 4, paragraph beginning at

Page 136

1  line 37.  Do you see that?  It begins with the words
2  "the above and other aspects"?
3     A. Yes.
4     Q. When the term N is used in that paragraph, that
5  refers to an N expressed in units of TTIs; correct?
6        MR. WHITEHURST:  Counsel, you're already over
7  your seven-hour limit and this is beyond the scope of my
8  question, but I'll allow the witness to answer this one
9  question.
10       THE WITNESS:  If you turn to line 47 of the
11 same paragraph, N is stated as positive -- as a positive
12 integer.
13 BY MR. SHEN:
14    Q. Is that N you refer to in line 47 expressed in
15 units of TTIs?
16    A. In this instance it is just a number.
17       THE CHECK INTERPRETER:  "In this instance, N is
18 just a number."
19       MR. WHITEHURST:  He answered your question.
20 That concludes the deposition of Mr. Kim.
21       THE VIDEOGRAPHER:  This concludes today's
22 deposition.  The master media will be maintained by
23 Esquire Deposition Solutions.  We're off the record.
24 The time is 6:55 p.m.
25       (The deposition concluded at 6:55 p.m.)



YOUNG-BUM KIM  Confidential
APPLE INC. vs. SAMSUNG ELECTRONICS

November 28, 2012
137–140

Page 137

1              REPORTER'S CERTIFICATION

2

3     I, Renee Kelch, a Certified Shorthand Reporter in

4  and for the State of California, do hereby certify:

5

6     That the foregoing witness was by me duly sworn;

7  that the deposition was then taken before me at the time

8  and place herein set forth; that the testimony and

9  proceedings were reported stenographically by me and

10  later transcribed into typewriting under my direction;

11  that the foregoing is a true record of the testimony and

12  proceedings taken at that time.

13

14     IN WITNESS WHEREOF, I have subscribed my name this

15  29th day of November, 2012.

16

17

18     _____

19          Renee Kelch, CSR No. 5063

20

21

22

23

24

25

Page 138

1              DEPOSITION ERRATA SHEET

2

3

4  Our Assignment No. 489248

5  Case Caption:  Apple vs. Samsung

6

7

8     DECLARATION UNDER PENALTY OF PERJURY

9     I declare under penalty of perjury

10  that I have read the entire transcript of

11  my Deposition taken in the above-captioned

12  matter or the same has been read to me, and

13  the same is true and accurate, save and

14  except for changes and/or corrections, if

15  any, as indicated by me on the DEPOSITION

16  ERRATA SHEET hereof, with the understanding

17  that I offer these changes as if still under

18  oath.

19     Signed on the _____ day of

20  _____, 20_____ ,

21

22  _____

23          YOUNG-BUM KIM

24

25

Page 139

1              DEPOSITION ERRATA SHEET

2  Page No._____Line No._____Change to:_____

3  _____

4  Reason for change: _____

5  Page No._____Line No._____Change to:_____

6  _____

7  Reason for change: _____

8  Page No._____Line No._____Change to:_____

9  _____

10  Reason for change: _____

11  Page No._____Line No._____Change to:_____

12  _____

13  Reason for change: _____

14  Page No._____Line No._____Change to:_____

15  _____

16  Reason for change: _____

17  Page No._____Line No._____Change to:_____

18  _____

19  Reason for change: _____

20  Page No._____Line No._____Change to:_____

21  _____

22  Reason for change: _____

23

24  SIGNATURE:_____DATE_____

25       YOUNG-BUM KIM

Page 140

1              DEPOSITION ERRATA SHEET

2  Page No._____Line No._____Change to:_____

3  _____

4  Reason for change: _____

5  Page No._____Line No._____Change to:_____

6  _____

7  Reason for change: _____

8  Page No._____Line No._____Change to:_____

9  _____

10  Reason for change: _____

11  Page No._____Line No._____Change to:_____

12  _____

13  Reason for change: _____

14  Page No._____Line No._____Change to:_____

15  _____

16  Reason for change: _____

17  Page No._____Line No._____Change to:_____

18  _____

19  Reason for change: _____

20  Page No._____Line No._____Change to:_____

21  _____

22  Reason for change: _____

23

24  SIGNATURE:_____DATE_____

25       YOUNG-BUM KIM



# EXHIBIT 29

Highly Confidential - Attorneys' Eyes Only

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


APPLE INC., a California
corporation,

        Plaintiff,

vs.                CASE NO.  12-cv-00630-LHK

SAMSUNG ELECTRONICS CO.,
LTD., a Korean business
entity; SAMSUNG ELECTRONICS
AMERICA, INC., a New York
corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited
liability company,

        Defendants.
_____/


H I G H L Y   C O N F I D E N T I A L

A T T O R N E Y S'   E Y E S   O N L Y


VIDEOTAPED DEPOSITION OF KENNETH KOCIENDA

REDWOOD SHORES, CALIFORNIA

FRIDAY, APRIL 13, 2012


BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR

CSR LICENSE NO. 9830

JOB NO. 47976

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

Highly Confidential - Attorneys' Eyes Only

Page 2

```
 1       FRIDAY, APRIL 13, 2012
 2            9:30 A.M.
 3
 4
 5
 6   VIDEOTAPED DEPOSITION OF KENNETH KOCIENDA,
 7   taken at QUINN EMANUEL URQUHART & SULLIVAN,
 8   LLP, 555 Twin Dolphin Drive, Redwood Shores,
 9   California, pursuant to Notice, before me,
10   ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,
11   CSR License No. 9830.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1   A P P E A R A N C E S :
 2
 3       FOR APPLE INC.:
 4       GIBSON DUNN & CRUTCHER LLP
 5       By:  BRIAN M. BUROKER, Esq.
 6          JENNIFER RHO, Esq.
 7       1050 Connecticut Avenue, N.W.
 8       Washington, D.C. 20036
 9       Phone:  (202) 955-8500
10       bburoker@gibsondunn.com
11
12
13       FOR SAMSUNG ELECTRONICS CO. LTD:
14       QUINN EMANUEL URQUHART & SULLIVAN, LLP
15       By:  SEAN PAK, Esq.
16       50 California Street, 22nd Floor
17       San Francisco, California 94111
18       Phone:  (415) 875-6600
19       seanpak@quinnemanuel.com
20
21
         ALSO PRESENT:  Benjamin Gerald, Videographer
22
             Lain Cunningham, Apple, Inc.
23
24       ---oOo---
25
```

Page 4

```
 1       REDWOOD SHORES, CALIFORNIA
 2         FRIDAY, APRIL 13, 2012
 3            9:30 A.M.
 4
 5
 6
 7       THE VIDEOGRAPHER:  Good morning.
 8       This marks the beginning of the disc labeled
 9   No. 1 of the videotaped deposition of Kenneth
10   Kocienda.  In the matter Apple Incorporated versus
11   Samsung Electronics Company LTD, et al.
12       Held in the United States District Court for
13   the Northern District of California.  Case number is
14   12-cv-00630-LHK.
15       This deposition is being held at 555 Twin
16   Dolphin Drive in the city of Redwood Shores,
17   California.  Taken on April 13th, 2012, at
18   approximately 9:30 a.m.
19       My name is Benjamin Gerald from
20   TSG Reporting, Incorporated, and I am the legal video
21   specialist.
22       The court reporter is Andrea Ignacio, in
23   association with TSG Reporting.
24       At this time, will counsel please identify
25   themselves for the record.
```

Page 5

```
 1       MR. PAK:  This is Sean Pak of Quinn Emanuel,
 2   representing Samsung.
 3       MR. BUROKER:  Brian Buroker and Jenny Rho of
 4   Gibson Dunn, representing Apple, and also Ian
 5   Cunningham of Apple.
 6       THE VIDEOGRAPHER:  Thank you.
 7       Would the reporter please swear the witness.
 8
 9          KENNETH KOCIENDA,
10       having been sworn as a witness
11       by the Certified Shorthand Reporter,
12          testified as follows:
13
14       THE VIDEOGRAPHER:  Thank you.
15       Please proceed.
16
17          EXAMINATION BY MR. PAK
18   MR. PAK:  Good morning.
19   THE WITNESS:  Good morning.
20       MR. PAK:  Q.  Will you please state your name
21   for the record.
22   A  Yes.
23       Kenneth Luke Kocienda.
24   Q  And can you please spell that.
25   A  Sure.
```

2 (Pages 2 to 5)

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

Highly Confidential - Attorneys' Eyes Only

Page 66

1   action?
2       A   You could hold down the control key on your
3   keyboard and -- and click on the word with your mouse.
4       Q   And at that point, what would happen?
5       A   At that point, the system would display
6   possible spelling corrections for that word.
7       Q   So there would be a -- list of words that
8   the system determined as possible words based on the
9   input provided by the user; fair?
10      A   Yes.
11      Q   And then would the user have the ability to
12  select one of those possible words in the spell
13  checking program?
14      A   Yes.
15      Q   And how would the user do that?
16      A   Perhaps by clicking on one with their mouse.
17      Q   And what would happen next if the user
18  performed that action?
19      A   That spelling correction would be made.
20      Q   When you say "spelling correction would be
21  made," what do you mean exactly?
22      A   It means that the word that you selected would now
23  be in your text document.
24      Q   Let me see if I can summarize what I heard.
25          So if I were a user in 2005 working with the

Page 67

1   text editor with the spell checking functionality on
2   the Mac OS, I could type a word, and if the word that
3   I was typing was misspelled, the system would
4   automatically highlight that misspelled word.
5           Then I could click on that word with the
6   control function key pressed down, a menu of different
7   spellings for that word would appear, and I could
8   select the word that I desired.  And when I made that
9   selection, the correct spelling of that word would
10  replace what I had typed in the document; fair?
11          MR. BUROKER:  Objection; form; compound.
12          THE WITNESS:  Now, specifically, when you
13  would control click on the word, that word would be
14  selected.  And so when you eventually suggest -- chose
15  a spelling replacement, that spelling replacement
16  would replace the selection.
17          MR. PAK:  Thank you.
18      Q   And that correction, would you agree
19  with my characterization?
20          MR. JACOBS:  Objection; vague.
21          THE WITNESS:  No, I would -- I would go with
22  what I said.
23          MR. PAK:  Okay.
24      Q   So in your words, could you explain to me the
25  sequence of events that would cause the misspelled

Page 68

1   word to be replaced in the 2005 --
2       A   Sure.
3       Q   -- version of the text editor --
4       A   Sure.
5       Q   -- for Mac OS.
6       A   To the best of my knowledge, if you had a
7   misspelled word and then control clicked on that word,
8   that word would be selected, and then a -- list of
9   possible spelling corrections for that word would be
10  displayed.  If you clicked on one of those selections
11  with your mouse, that correction would replace the
12  selection in the document.
13      Q   Thank you.
14          So did you disclose the spell checking
15  feature of the text editor for Mac OS as it existed in
16  the 2005 time period to the United States Patent
17  Office?
18          MR. BUROKER:  Objection; form.
19          THE WITNESS:  I did not, no.
20          MR. PAK:  Q.  Did you provide information
21  regarding the spell checking feature of the text
22  editor for the Mac OS as it existed in the 2005 time
23  period to anyone for disclosure to the United States
24  Patent Office?
25      A   I did not.

Page 69

1       Q   But you were aware of that functionality in
2   the 2005 time period; correct?
3       A   Yes.
4       Q   Okay.
5           MR. PAK:  Let's take our break.
6           MR. BUROKER:  Okay.
7           MR. PAK:  Okay.
8           THE VIDEOGRAPHER:  This marks the end of Disc
9   No. 1 in the deposition of Kenneth Kocienda.
10          The time is 11:16 a.m., and we are off the
11  record.
12          (Recess taken.)
13          THE VIDEOGRAPHER:  This marks the beginning
14  of Disc No. 2 in the deposition of Kenneth Kocienda.
15          The time is 11:27 a.m., and we are back on
16  the record.
17          MR. PAK:  Welcome back.
18      Q   So we were talking about the spell checker in
19  Mac OS in the 2005 time period before your break.
20          Do you recall whether there was some type of
21  dictionary of words that was being used to look up the
22  spellings?
23      A   I'm not familiar with how the spell checker
24  is implemented.
25      Q   Do you recall whether you could, as a user,

18 (Pages 66 to 69)

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

Highly Confidential - Attorneys' Eyes Only

Page 70

1  provide words to be included in the spell checking
2  functionality?
3      A  I think that you could, yes.
4      Q  Okay.  Why don't we bring out your patent
5  now, which is Exhibit No. 2.
6      So first of all, why don't we take a look at
7  column 3, line 49 to 59.  If you could read that
8  for -- to yourself, and let me know when you're done.
9      A  Okay.
10     Q  Okay.  So sir, in your patent, you describe
11 that the user interface described in the '172 patent
12 could be applied to other devices, such as personal
13 digital assistants, PDAs; personal computers and
14 laptops, which may include one or more other physical
15 user interface devices.  Do you see that?
16     A  Yes.
17     Q  So you understand that the alleged invention
18 that you're describing in the '172 patent is not just
19 limited to portable devices?
20     MR. BUROKER:  Object to form; calls for a
21 legal conclusion.
22     THE WITNESS:  I'm -- I'm not a lawyer, so,
23 you know, my -- my reading and opinions on what -- you
24 know, the exact language which is chosen is a
25 layperson's understanding.

Page 71

1      MR. PAK:  Fair enough, and I'm -- I
2  understand that, that you're not a lawyer.  I'm still
3  entitled to a response to my question unless your
4  lawyer instructs you not to answer my questions.
5      Q  So can you please respond to my question.
6      A  Could you ask it again --
7      Q  Sure.
8      A  -- please.
9      Q  So based on what you read and as the inventor
10 of the '172 patent, you would agree that the ideas
11 that are described as your invention in the
12 '172 patent can be applied to devices other than
13 portable devices?
14     MR. BUROKER:  Object to form.
15     THE WITNESS:  Again, my -- my layperson's
16 understanding is that it does apply to other devices,
17 such as personal digital assistance, personal
18 computers and laptops.  Again, continuing on, sure.
19     MR. PAK:  Q.  So the user interface problems
20 that you were trying to solve for the '172 patent have
21 applicability to a wide range of devices, not just
22 portable devices; fair?
23     A  You know, the work that I did in the time --
24 at the time was, you know, focused on developing
25 the -- the iPhone.  That was my main focus at the

Page 72

1  time.
2      Q  I understand that.
3      But based on what you just read from your own
4  patent, you'd agree with me that the problems that you
5  were trying to solve from a user interface perspective
6  for the '172 patent would have applications beyond
7  just portable devices; right?
8      A  Perhaps.
9      Q  Well, that's what it says here; right?
10     MR. BUROKER:  Objection; form.
11     THE WITNESS:  Again, I'm not a lawyer.  My --
12 my -- you know, I can say what I did, which was at the
13 time, I was focused on developing software for the
14 iPhone.
15     MR. PAK:  I get that.
16     THE WITNESS:  Yeah.
17     MR. PAK:  I'm asking you a different
18 question.
19     THE WITNESS:  Uh-huh.
20     MR. PAK:  I'm asking you the question as
21 somebody who is an inventor on the '172 patent and who
22 has been designated as a company witness on the
23 subject matter and novelty of the patent on behalf of
24 Apple.
25     Q  You would agree with me that the problems

Page 73

1  that you were trying to solve from a user interface
2  perspective for the '172 patent would have
3  applications beyond just portable devices, as stated
4  in the patent; correct?
5      MR. BUROKER:  Objection; form.
6      THE WITNESS:  Again, at the time, I -- at the
7  time, I was focused on solving problems specifically
8  for the iPhone.  That was my -- that was my focus.
9      MR. PAK:  Q.  But the problems you were
10 trying to solve for the iPhone could have applications
11 beyond portable devices, as stated in your patent;
12 fair?
13     A  Perhaps.
14     Q  Do you have any reason to dispute that?
15     A  No, I have no reason to dispute that.
16     Q  And in fact, your patent says:
17     "It should be understood, however, that user
18 interfaces and associated processes may be applied to
19 other devices beyond portable devices."
20     Right?
21     A  Again, my reading of this document is a
22 layperson's understanding of what it says.
23     Q  And I appreciate that, and that's clear on
24 the record.
25     A  Okay.

19 (Pages 70 to 73)

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

Highly Confidential - Attorneys' Eyes Only

Page 74

1    Q  Based on that, you would agree with what I
2  said; right?
3    A  I would agree that it should be understood,
4  however, that user interfaces and associated
5  processes -- just exactly what it says.
6    Q  And to be clear, before you worked on the
7  iPhone, you had not worked on software development for
8  portable devices; correct?
9    A  That's correct.
10    Q  And before the iPhone, you had not worked on
11  software development for touch screen devices?
12    A  That's correct.
13    Q  Turn to Column 12 on the '172 patent.
14       Can you please read Claim 18 to yourself.
15    A  Yes.
16    Q  Okay.  You talked earlier about the spell
17  checking program for the Mac OS in the 2005 time
18  period.
19       So sir, what is different, if anything, about
20  Claim 18 compared to the spell checking program for
21  the Mac OS?
22    MR. BUROKER:  Objection; form; calls for a
23  legal conclusion.
24    THE WITNESS:  Yeah, I -- I don't think that I
25  can relate the claim language in the patent to the

Page 75

1  spell checking function we were discussing earlier.
2    MR. PAK:  Q.  Why not?
3    A  I'm not a lawyer.
4    Q  Okay.  Fair enough.
5       But I'm asking you as the inventor and as
6  company witness on behalf of Apple, can you do that
7  for me.
8    MR. BUROKER:  Objection; it calls for a legal
9  conclusion.
10    THE WITNESS:  Yeah, I can't -- I can't relate
11  the -- the claim language here to a feature -- the
12  feature we were discussing earlier.
13    MR. PAK:  Q.  Do you even understand
14  Claim 18?
15    A  I have an understanding of the work that I
16  did at the time which con -- contributed to this
17  patent.  Again, my engineering understanding, not a
18  lawyer's understanding.
19    Q  What's your understanding of Claim 18?
20    MR. BUROKER:  Objection; calls for a legal
21  conclusion.
22    THE WITNESS:  My engineer's understanding is
23  that this describes a particular feature which aids
24  users in typing on a keyboard comfortably and
25  efficiently.

Page 76

1    MR. PAK:  Okay.
2    Q  At that general level of description, would
3  you agree with me that the spell checking program for
4  the Mac OS in 2005 also aided users in typing on a
5  keyboard comfortably and efficiently?
6    MR. BUROKER:  Objection; form; calls for a
7  legal conclusion.
8    THE WITNESS:  My engineering understanding of
9  the spell checking feature is that it aided users in
10  spelling words correctly.
11    MR. PAK:  Q.  Does the '172 patent also
12  involve correcting for any misspellings?
13    MR. BUROKER:  Objection; vague.
14    THE WITNESS:  Perhaps.
15    MR. PAK:  Q.  You don't know?
16    A  Could you ask your question again.
17    Q  Sure.
18       Does the '172 patent also involve correcting
19  for any misspellings?
20    MR. BUROKER:  Same objection.
21    THE WITNESS:  Broadly speaking, this patent
22  covers -- again, my engineering understanding is that
23  this patent covers features and functions which help
24  people to type comfortably and efficiently on a --
25  and...

Page 77

1    MR. PAK:  Q.  That includes correcting for
2  misspellings; right?
3    A  Perhaps.
4    Q  You don't know one way or the other?  You
5  don't know whether that's covered in your patent or
6  not?
7    MR. BUROKER:  Objection; form; argumentative;
8  calls for a legal conclusion.
9    MR. PAK:  When you say "perhaps," I need to
10  know what you mean by "perhaps."
11    Q  Are you telling me that you don't know, or
12  are you telling me that it is possible that that is
13  included?
14    A  I would say it's possible that is included.
15    Q  Okay.  And, in fact, let's look at some of
16  the figures in the patent.
17    A  Uh-huh.
18    Q  Let's take a look at Figure 4-D.
19       Can you tell me what's shown in Figure 4-D.
20    A  The figure is labeled "Portable Electronic
21  Device."
22    Q  And what is being depicted in this figure?
23    A  Again, for the purposes of the patent, that
24  may be difficult for me to say.  From, you know,
25  looking at it, it looks like a portable electronic

20 (Pages 74 to 77)

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

Highly Confidential - Attorneys' Eyes Only

---

Page 178

J U R A T

1

2

3

4  I, KENNETH KOCIENDA, do hereby certify under

5  Penalty of perjury that I have read the

6  foregoing transcript of my deposition taken

7  on April 13, 2012; that I have made such

8  corrections as appear noted herein in ink,

9  initialed by me; that my testimony as

10  contained herein, as corrected, is true and

11  correct.

12

13

14  DATED this _____ day of _____, 2012,

15  at _____, California.

16

17

18

19  _____

20     SIGNATURE OF WITNESS

21

22

23

24

25

---

Page 180

I N D E X

1

2

3  DEPOSITION OF KENNETH KOCIENDA

4

5        EXAMINATION

6                         PAGE

7  BY MR. PAK          5, 174

8  BY MR. BUROKER        172

9

10        E X H I B I T S

11  EXHIBIT                    PAGE

12  Exhibit 1   Samsung's First 30(b)(6)      7

13              Deposition Notice to Apple, Inc.;

14              6 pgs.

15  Exhibit 2   U.S. Patent No. 8,704,172 B2;     19

16              24 pgs.

17

18              ---oOo---

19

20

21

22

23

24

25

---

Page 179

1           CERTIFICATE OF REPORTER

2

3

4       I, ANDREA M. IGNACIO HOWARD, hereby certify

5  that the witness in the foregoing deposition was by me

6  duly sworn to tell the truth, the whole truth, and

7  nothing but the truth in the within-entitled cause;

8

9       That said deposition was taken in shorthand

10  by me, a Certified Shorthand Reporter of the State of

11  California, and was thereafter transcribed into

12  typewriting, and that the foregoing transcript

13  constitutes a full, true and correct report of said

14  deposition and of the proceedings which took place;

15

16       That I am a disinterested person to the said

17  action.

18

19       IN WITNESS WHEREOF, I have hereunto set my

20  hand this 13th day of April, 2012.

21

22       _____

23  ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830

24

25

---

Page 181

E R R A T A   S H E E T

1

2

3       I, KENNETH KOCIENDA, make the following

4  changes to my deposition taken in the matter of Apple,

5  Inc., vs. Samsung Electronics, taken on April 13,

6  2012:

7

8  DATE:_____   _____

9                    Signature of Witness

10  Page    Line    Change

11  ____    ____    _____

12  ____    ____    _____

13  ____    ____    _____

14  ____    ____    _____

15  ____    ____    _____

16  ____    ____    _____

17  ____    ____    _____

18  ____    ____    _____

19  ____    ____    _____

20  ____    ____    _____

21  ____    ____    _____

22  ____    ____    _____

23  ____    ____    _____

24  ____    ____    _____

25  ____    ____    _____

---

46 (Pages 178 to 181)

801b6f7a-6d4e-43bc-aafd-2d388a1e89a8

# EXHIBIT 30

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5

   APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
6  CORPORATION,                )
                               )  SAN JOSE, CALIFORNIA
7                 PLAINTIFF,   )
                               )  JULY 18, 2012
8            VS.               )
                               )  PAGES 1-146
9  SAMSUNG ELECTRONICS CO.,    )
   LTD., A KOREAN BUSINESS     )
10 ENTITY; SAMSUNG             )
   ELECTRONICS AMERICA,        )
11 INC., A NEW YORK            )
   CORPORATION; SAMSUNG        )
12 TELECOMMUNICATIONS          )
   AMERICA, LLC, A DELAWARE    )
13 LIMITED LIABILITY           )
   COMPANY,                    )
14                             )
                 DEFENDANTS.   )
15 _____

16            TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE LUCY H. KOH
17          UNITED STATES DISTRICT JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23

24 OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                  CERTIFICATE NUMBER 9595

25

```
 1

 2     A P P E A R A N C E S:

 3     FOR PLAINTIFF          MORRISON & FOERSTER
       APPLE:                 BY:  HAROLD J. MCELHINNY,
 4                                 MICHAEL A. JACOBS,
                                   RACHEL KREVANS
 5                            425 MARKET STREET
                              SAN FRANCISCO, CALIFORNIA  94105
 6

 7     FOR COUNTERCLAIMANT WILMER, CUTLER, PICKERING,
       APPLE:              HALE AND DORR
 8                         BY:  WILLIAM F. LEE
                           60 STATE STREET
 9                         BOSTON, MASSACHUSETTS  02109

10                            BY:  MARK D. SELWYN
                              950 PAGE MILL ROAD
11                            PALO ALTO, CALIFORNIA  94304

12     FOR THE DEFENDANT:  QUINN, EMANUEL, URQUHART,
                           OLIVER & HEDGES
13                         BY:  CHARLES K. VERHOEVEN
                           50 CALIFORNIA STREET, 22ND FLOOR
14                         SAN FRANCISCO, CALIFORNIA  94111

15                            BY:  VICTORIA F. MAROULIS,
                                  KEVIN P.B. JOHNSON
16                            555 TWIN DOLPHIN DRIVE
                              SUITE 560
17                            REDWOOD SHORES, CALIFORNIA  94065

18                            BY:  MICHAEL T. ZELLER,
                                  WILLIAM C. PRICE
19                            865 SOUTH FIGUEROA STREET
                              10TH FLOOR
20                            LOS ANGELES, CALIFORNIA  90017

21     FOR INTERVENOR      RAM, OLSON,
       REUTERS:            CEREGHINO & KOPCZYNSKI
22                         BY:  KARL OLSON
                           555 MONTGOMERY STREET, SUITE 820
23                         SAN FRANCISCO, CALIFORNIA  94111

24

25
```

1      INFLUENCE THE ALJ, IN FACT, SHOWED A PTO, A PATENT

2      AND TRADEMARK OFFICE SMITHSONIAN EXHIBIT WITH JOBS

3      PLASTERED ALL OVER IT.

4               AND THIS IS THE KIND OF THING THAT'S

5      NOT -- THIS SHOULDN'T BE A POPULARITY CONTEST, AND

6      WE SHOULD TAKE THE, THE -- WE SHOULD -- THE WHOLE

7      REASON WE MADE THIS MOTION IS SO THIS CASE IS NOT

8      ABOUT STEVE JOBS AND IT'S ABOUT WHAT THEIR CLAIMS

9      ARE, WHICH IS THEIR INTELLECTUAL PROPERTY.

10              SO THERE'S ABSOLUTELY NO REASON, FOR THEM

11     TO MAKE THEIR CLAIMS, THAT THEY NEED TO SHOW A

12     GLOSSY IMAGE OF STEVE JOBS GOING LIKE THIS WITH THE

13     IPHONE IN THEIR OPENING STATEMENT (INDICATING).

14     THAT'S THE --

15              THE COURT:  SO TWO SLIDES OUT OF THE

16     WHOLE HOUR AND A HALF OPENING?

17              MR. MCELHINNY:  MY OPENING AT THE ITC WAS

18     37 MINUTES.  IT JUST SEEMED LONGER TO

19     MR. VERHOEVEN.

20              BUT SERIOUSLY, THIS IS THE PROBLEM WITH

21     THESE MOTIONS IN LIMINE, BECAUSE THEY SOLD IT TO

22     YOUR HONOR AS SOMETHING WHEN THEY ACTUALLY WANT

23     SOMETHING ELSE.

24              THE FACT THAT THE SMITHSONIAN, THE FACT

25     THAT THE PATENT AND TRADEMARK OFFICE HAVE PUT ON

1    PRESENTATIONS ABOUT THE IMPORTANCE OF THESE DESIGNS

2    AND THE IMPORTANCE OF THESE PATENTS IS A CLASSIC

3    SECONDARY CONSIDERATION ABOUT RECOGNITION OF

4    NOVELTY.

5              THE COURT:  OKAY.  WELL, WHY DON'T WE DO

6    THIS:  I THINK THAT MAKING THESE INDIVIDUAL EXHIBIT

7    RULINGS IN A VACUUM, WITHOUT ACTUALLY SEEING THEM,

8    IS NOT CORRECT.

9              SO IF YOU HAVE ANY SPECIFIC OBJECTION TO

10   ANY DEMONSTRATIVES THAT APPLE IS GOING TO USE IN

11   ITS OPENING, YOU LET ME KNOW.

12             MR. VERHOEVEN:  YES, YOUR HONOR.

13             THE COURT:  AND THEN I CAN REALLY SEE THE

14   FULL PANOPLY OF WHAT'S GOING TO BE PRESENTED.

15             IT'S REALLY HARD FOR ME, IN THE ABSTRACT

16   RIGHT NOW, WITHOUT KNOWING WHAT ELSE YOU'RE GOING

17   TO PRESENT, WITHOUT KNOWING -- I HAVEN'T SEEN

18   THESE, UNLIKE YOU.  I JUST -- IT'S DIFFICULT.

19             MR. VERHOEVEN:  THANK YOU, YOUR HONOR.

20             MR. MCELHINNY:  THANK YOU, YOUR HONOR.

21             THE COURT:  OKAY.  ALL RIGHT.  WHAT ELSE?

22             MS. MAROULIS:  YOUR HONOR, ONE MORE

23   RELATED ISSUE.

24             IN THE COURSE OF PREPARING THE

25   STIPULATION OF THE DISMISSAL AS TO THE CASE

```
 1   NARROWING, WE LEARNED THAT APPLE INTENDS TO
 2   MAINTAIN ITS FRAND AND ANTITRUST CLAIM ON ALL THE
 3   STANDARD ESSENTIAL PATENTS THAT SAMSUNG DROPPED,
 4   AND WE UNDERSTOOD THE COURT'S ORDER NARROWING TO
 5   HAVE THE CASE SMALLER AND LESSER, AND THAT'S WHY
 6   SAMSUNG WENT AHEAD AND DISMISSED WITHOUT PREJUDICE
 7   CERTAIN PATENTS.
 8            WE DID NOT UNDERSTAND, UNTIL JUST A FEW
 9   DAYS AGO, FROM APPLE THAT THEY WILL MAINTAIN THEIR
10   FRAND AND THEIR ANTITRUST COUNTERCLAIMS AS TO THOSE
11   PATENTS, AND WE RESPECTFULLY REQUEST, YOUR HONOR,
12   THAT THEY BE ASKED TO DROP THOSE, BECAUSE THAT
13   DOESN'T NARROW THE CASE IN ANY WAY.
14            THEY PUT THEIR EXPERTS ON THE WITNESS
15   LIST, THEY PUT THE EXHIBITS IN CONNECTION WITH
16   THOSE DISMISSED PATENTS ON THE EXHIBIT LIST.
17            WE'RE GOING TO HAVE TO DISCUSS THE
18   TECHNOLOGY AND ALL THE CIRCUMSTANCES OF THOSE
19   PATENTS.
20            AND SO THE OBJECTIVE THAT YOUR HONOR HAD
21   IN NARROWING THE CASE WAS NOT ACHIEVED.
22            THE COURT:  I DON'T SEE ANY REASON WHY
23   YOU SHOULD DO THAT.
24            MR. LEE:  YOUR HONOR, LET ME SAY TWO
25   THINGS.
```

1          THE FIRST IS IN TERMS OF NARROWING OF THE

2     CASE, THEY NARROWED THE CASE BY DROPPING ONE PATENT

3     THAT WE'D BEEN GRANTED SUMMARY JUDGMENT ON.

4          THE SECOND THING I WOULD SAY IS THAT

5     THE -- AND I HAVE A PROPOSAL FOR YOUR HONOR TO

6     ADDRESS YOUR HONOR'S REQUEST OF BOTH OF US THAT WE

7     NARROW THE CASE.

8          THE ANTITRUST CLAIM IS A SINGLE CLAIM OF

9     A MONOPOLISTIC SCHEME.  THERE WERE SEVEN STANDARD

10    ESSENTIAL PATENTS ASSERTED AGAINST US, ALL OF WHICH

11    HAD THE SAME PATTERN AND PRACTICE OF NONDISCLOSURE,

12    INCORPORATION INTO THE STANDARD THAT SAMSUNG IS

13    URGING, AND THEN A LATE DISCLOSURE.

14         THE PATTERN AND PRACTICE IS RELEVANT TO

15    THE ANTITRUST CLAIM -- IS RELEVANT UNDER THE

16    ANTITRUST LAW.

17         NOW, THERE'S TWO THINGS WE COULD DO, AND

18    YOUR HONOR, IF YOUR HONOR CONSIDERS EXACTLY WHAT

19    SAMSUNG IS SAYING IS, "FOR THE WORST PATENTS, THE

20    ONES WE'VE DROPPED, YOU CAN'T PURSUE IT.  YOU CAN'T

21    DEMONSTRATE THE PATTERN AND PRACTICE."

22         SO -- WE UNDERSTAND WE ONLY HAVE 25

23    HOURS.  HERE IS WHAT WE INTEND TO PURSUE:  THE

24    PATTERN AND PRACTICE OF THESE SEVEN PATENTS OF

25    FILING A SECRET PATENT APPLICATION, NONDISCLOSURE,

1      AND THEN INCORPORATION OF THE STANDARD AND THEN,

2      YEARS LATER, A DISCLOSURE IS RELEVANT.

3              WE DON'T HAVE TO PROVE ALTERNATIVE

4      TECHNOLOGIES FOR THE DROPPED PATENTS.

5              BUT WE WILL PROVE THAT PATTERN FOR THOSE

6      FOUR.

7              WE WILL PROVE THE ALTERNATIVE

8      TECHNOLOGIES FOR THE THREE PATENTS THAT REMAIN IN

9      THE CASE.

10             THAT WILL ELIMINATE WHAT MS. MAROULIS HAS

11     TALKED ABOUT, THESE ADDITIONAL WITNESSES.

12             THE ONLY THING THAT WILL COME IN IS THE

13     FACT THAT THERE WERE SEVEN PATENTS ASSERTED, THAT

14     THE PATTERN AND PRACTICE OF NONDISCLOSURE WAS THE

15     SAME, AND THEN FOR THE SUBSTANTIVE ANTITRUST CLAIM,

16     WE WILL DEMONSTRATE THE ALTERNATIVE TECHNOLOGIES

17     ONLY FOR THE THREE THAT ARE LEFT IN.

18             THAT WILL BE -- THE ADDITIONAL TIME TO

19     PROVE THE PATTERN AND PRACTICE IS ABOUT A HALF

20     HOUR.  IT WILL COME OUT OF OUR 25 HOURS.

21             BUT THE ANTITRUST CASE IS CLEAR, YOUR

22     HONOR.  IT'S A SINGLE MONOPOLISTIC SCHEME.  IT'S

23     NOT SEVEN DIFFERENT MONOPOLISTIC SCHEME.

24             THE COURT:  THE PROBLEM I HAVE IS APPLE'S

25     CASE IS STILL TOO BIG.  THEY'RE TRYING TO GO AFTER

```
 1     31 ACCUSED PRODUCTS.  THAT'S RIDICULOUS.  OKAY?

 2     YOU'VE GOT UTILITY PATENTS, DESIGN PATENTS, YOU'VE

 3     GOT TRADE DRESS CLAIMS, REGISTERED AND

 4     UNREGISTERED, YOU'VE GOT THE DESIGN ON THE IPAD AND

 5     YOU'VE GOT FOUR DIFFERENT ANTITRUST CLAIMS.

 6              I MEAN, I -- YOU KNOW, I COULD EASILY SAY

 7     THIS CASE IS NOT TRIAL READILY AND JUST VACATE THIS

 8     JULY 30TH DATE BECAUSE THIS IS NOT -- THAT'S

 9     RIDICULOUS.  31 ACCUSED PRODUCTS?

10              THE REASON WHY THE VERDICT FORM IS SO BIG

11     IS YOU'RE BEING TOO GREEDY.  YOU WANT EVERYTHING.

12              SO IF YOU'RE NOW MAKING CLAIMS ON PATENTS

13     THAT HAVE BEEN DISMISSED FROM THE CASE, THEN I'M

14     JUST GOING TO SAY THIS IS NOT TRIAL READY AND I'M

15     GOING TO GO ON VACATION IN THE BEGINNING OF AUGUST

16     BECAUSE THIS IS RIDICULOUS.  YOU'VE GOT TOO MUCH IN

17     THIS CASE RIGHT NOW.

18              IF YOU REALLY WANT TO TRY THIS THING,

19     YOU'VE GOT TO NARROW IT MORE.  WE ARE NOT GOING TO

20     GO TO TRIAL ON 26 PRODUCTS.

21              MR. LEE:  AND MR. MCELHINNY ADDRESSED THE

22     26 PRODUCTS.

23              YOUR HONOR, WE HEAR YOU.  WE WANT THE

24     TRIAL DATE.  IF WE COULD ONLY PURSUE THE ANTITRUST

25     CLAIM AS TO THE THREE PATENTS THAT ARE LEFT IN AND
```

```
 1    THE CONTRACT CLAIM, THAT'S WHAT WE'LL DO.  WE WANT

 2    THE TRIAL DATE.

 3              THE COURT:  SO WHAT DOES THAT MEAN,

 4    YOU'RE DROPPING THE UCL CLAIM AND --

 5              MR. LEE:  NO, YOUR HONOR.

 6              THE COURT:  WHAT DOES THAT MEAN?

 7              MR. LEE:  I THINK WE'RE COLLAPSING TWO

 8    DIFFERENT THINGS.

 9              FOR THE UNFAIR COMPETITION LAW CLAIM, THE

10    ANTITRUST CLAIM, THERE ARE SEVEN PREDICATE PATENTS.

11              THEY'VE DROOPED FOUR OF THE SEVEN AND

12    THERE'S THREE LEFT, SO THAT THE THREE PATENTS THAT

13    WILL GET LITIGATED IN ANY EVENT, BECAUSE THEY'RE

14    PURSUING THEIR SUBSTANTIVE CLAIMS, WILL BE THE

15    BASIS OF THE ANTITRUST CLAIM, THE UCL CLAIM, AND

16    THE BREACH OF CONTRACT CLAIM.

17              BUT IT WILL NARROW IT BY ELIMINATING THE

18    FOUR, WHICH IS WHAT SAMSUNG IS TALKING ABOUT.

19              MR. VERHOEVEN:  THAT ADDRESSES OUR

20    OBJECTION, YOUR HONOR.

21              THE COURT:  OKAY.

22              MR. VERHOEVEN:  THANK YOU, YOUR HONOR.

23              THE COURT:  ALL RIGHT.  ANYTHING ELSE?

24    NO?

25              OKAY.  THANK YOU ALL.  SEE YOU ON
```

1

2

3

4                    CERTIFICATE OF REPORTER

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21                    /S/

22            _____
                 LEE-ANNE SHORTRIDGE, CSR, CRR
                 CERTIFICATE NUMBER 9595
23

24

25                    DATED:  JULY 20, 2012