QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION TO COMPEL A RESPONSE TO INTERROGATORY NO. 22 AND PRODUCTION OF DIFF PRINTOUTS** |

I, Michael L. Fazio, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in this action. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Apple's motion for a preliminary injunction accused only a single device, the Samsung Galaxy Nexus. On June 2, 2012, Samsung produced for inspection all source code it had in its possession for the Galaxy Nexus.

3. After Rule 26 discovery commenced and Apple provided infringement contentions, on November 7, 2012, Samsung produced for inspection voluminous source code for the accused devices.

4. Samsung produced this source code for inspection, as kept in the ordinary course of business, at Samsung's secure review facility in San Jose, California. Sitting at the review computers in San Jose, Apple's attorneys and consulting experts could and can view Samsung's actual development efforts as they occur, by viewing Samsung's source code exactly as maintained by Samsung in Korea. When Samsung's engineers update Samsung's codebase, those changes are immediately available to Apple's reviewers. By doing so, Samsung provided Apple not only the source code for all released versions of its source code, but also a window into its ongoing development process.

5. Apple asked Samsung to install the source-code review tools Visual Slick Edit and Cygwin for its reviewers to use on Samsung's source code. Samsung installed both tools and Apple has used them without restriction.

6. Subject to the terms of Paragraph 11 of the Protective Order entered in this case, Samsung has provided Apple with access to a printer at the secure review facility. As of this filing, Apple has printed over 12,500 pages of Samsung's highly confidential source code.

7. On June 2, 2012, Apple conducted its first inspection of Samsung's source code.

8.	During its inspection of Samsung's confidential and proprietary source code, Apple has created "diff" reports.   Some individual "diff" reports are hundreds of pages in length.   One of the "diff" reports exceeds 500 pages in length.   In addition, Apple's "diff" reports have compared Samsung builds with Android Open Source Project builds.

9.	Attached hereto as Exhibit 1 is a true and correct copy of a letter from John Pettit of Wilmer Hale to me, dated September 5, 2012.

10.	Attached hereto as Exhibit 2 is a true and correct copy of a letter from Emily Fedman of Gibson Dunn & Crutcher, LLP to Jeanine Zalduendo, dated June 8, 2012.

11.	Attached hereto as Exhibit 3 is a true and correct copy of Samsung's First Set of Interrogatories to Apple, dated September 25, 2012.

12.	Attached hereto as Exhibit 4 is a true and correct copy of excerpts of Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories, dated November 8, 2012.

13.	Attached hereto as Exhibit 5 is a true and correct copy of Samsung's Fourth Set of Interrogatories to Apple, dated January 11, 2013.

14.	Attached hereto as Exhibit 6 is a true and correct copy of a letter from Michael A. Valek of Gibson Dunn & Crutcher, LLP to me, dated February 14, 2013.

15.	Attached hereto as Exhibit 7 is a true and correct copy of excerpts of Apple Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatories, dated February 14, 2013.

16.	Attached hereto as Exhibit 8 is a true and correct copy of a letter from Joshua Furman of Gibson Dunn & Crutcher, LLP to me, dated February 27, 2013.

17.	Attached hereto as Exhibit 9 is a true and correct copy of a letter from me to Joshua Furman of Gibson Dunn & Crutcher, LLP, dated March 4, 2013.

18.	Attached hereto as Exhibit 10 is a true and correct copy of a letter from Joshua Furman of Gibson Dunn & Crutcher, LLP to me, dated March 6, 2013.

19.	Attached hereto as Exhibit 11 is a true and correct copy of a letter from me to Brian Buroker of Gibson Dunn & Crutcher, LLP, dated March 12, 2013.

20.	Attached hereto as Exhibit 12 is a true and correct copy of a letter from me to Michael A. Valek of Gibson Dunn & Crutcher, LLP, dated March 26, 2013.

1       21.     Attached hereto as Exhibit 13 is a true and correct copy of U.S. Patent No.
2 5,666,502.
3       22.     Attached hereto as Exhibit 14 is a true and correct copy of excerpts of the
4 transcript of proceedings in this case before the Honorable Lucy H. Koh, United States District
5 Judge, on February 14, 2013.
6       23.     Attached hereto as Exhibit 15 is a true and correct copy of U.S. Patent No.
7 6,847,959.
8
9       I declare under penalty of perjury under the laws of the United States of America that the
10 foregoing is true and correct.
11       Executed on April 1, at Los Angeles, California.
12
13                                              */s/ Michael L. Fazio*
14                                               Michael L. Fazio