# EXHIBIT 1

Declaration of Michael Valek In Support of Apple's Opposition

1 │ QUINN EMANUEL URQUHART &
    │ SULLIVAN, LLP
2 │ Charles K. Verhoeven (Bar No. 170151)
    │ charlesverhoeven@quinnemanuel.com
3 │ Kevin A. Smith (Bar No. 250814)
    │ kevinsmith@quinnemanuel.com
4 │ 50 California Street, 22nd Floor
    │ San Francisco, California 94111
5 │ Telephone: (415) 875-6600
    │ Facsimile: (415) 875-6700
6 │
    │ Kevin P.B. Johnson (Bar No. 177129)
7 │ kevinjohnson@quinnemanuel.com
    │ Victoria F. Maroulis (Bar No. 202603)
8 │ victoriamaroulis@quinnemanuel.com
    │ 555 Twin Dolphin Drive, 5th Floor
9 │ Redwood Shores, California 94065
    │ Telephone: (650) 801-5000
10 │ Facsimile: (650) 801-5100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

11 │ William C. Price (Bar No. 108542)
    │ williamprice@quinnemanuel.com
12 │ Patrick M. Shields (Bar No. 204739)
    │ patrickshields@quinnemanuel.com
13 │ 865 South Figueroa Street, 10th Floor
    │ Los Angeles, California  90017-2543
14 │ Telephone:  (213) 443-3000
    │ Facsimile:  (213) 443-3100
15 │
16 │ Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
    │ SAMSUNG ELECTRONICS AMERICA, INC. and
17 │ SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

18 │ UNITED STATES DISTRICT COURT

19 │ NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20 │
21 │ APPLE INC., a California corporation,

          Plaintiff,
22 │
          vs.
23 │
24 │ SAMSUNG ELECTRONICS CO., LTD., a
    │ Korean business entity; SAMSUNG
25 │ ELECTRONICS AMERICA, INC., a New
    │ York corporation; SAMSUNG
26 │ TELECOMMUNICATIONS AMERICA,
    │ LLC, a Delaware limited liability company,
27 │
          Defendant.
28 │

CASE NO. 12-cv-00630-LHK

**SAMSUNG'S OBJECTIONS AND
RESPONSES TO APPLE'S THIRD SET
OF REQUESTS FOR PRODUCTION TO
DEFENDANTS**

## OBJECTIONS COMMON TO ALL REQUESTS FOR PRODUCTION

The following objections apply to each and every document request propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1.      Samsung objects to the "Definitions" and "Instructions" contained in Apple's Third Set of Requests for Production to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2.      Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people.  Samsung will respond to document requests based on a reasonable inquiry of individuals expected to possess the requested information.

3.      Samsung objects generally to each document request to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents consistent with provisions of the parties' Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery dated May 9, 2012.

4.      Samsung objects to these document requests on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

5.      Samsung objects generally to the document requests to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or

seek information about products outside the United States, on the ground that such information is irrelevant.

6.      Samsung objects to these document requests to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

7.      Samsung objects to each document request to the extent it is duplicative or cumulative of another document request or other discovery.

8.      Samsung objects generally to the document requests to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

9.      Samsung objects generally to the document requests on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Samsung objects to the document requests on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information.  Samsung's responses are based upon (1) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Samsung's employees and/or representatives who could reasonably be expected to possess responsive information.

11.     Samsung objects to the document requests on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

12.     Samsung objects to the document requests on the grounds and to the extent that they seek legal conclusions or call for expert testimony.  Samsung's responses should not be construed to provide legal conclusions.

13.     Samsung objects to the document requests on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation.  The

following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

**SPECIFIC OBJECTIONS TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 156:**

All non-identical complete certified copies of prosecution histories of each of the Samsung Patents-In-Suit.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks documents that (if they exist) are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (iv) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation.

Notwithstanding the foregoing general and specific objections, and without waiving any objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or control, that can be located pursuant to a reasonably diligent search.

1   reasonably calculated to lead to the discovery of admissible evidence; (ii) it seeks documents

2   containing confidential third party information, including information subject to a non-disclosure

3   or other agreement between Samsung and a third party, or documents subject to a protective order;

4   and (iii) it is vague and ambiguous with respect to the terms "budgets," and "other forecasts."

5        Notwithstanding the foregoing general and specific objections, and without waiving any

6   objections, Samsung will produce responsive, non-privileged documents in its possession,

7   custody, or control, that can be located pursuant to a reasonably diligent search.

8

9   **REQUEST FOR PRODUCTION NO. 232:**

10       Documents sufficient to show Samsung's pricing, pricing practice or policies, and changes

11   in pricing with respect to each Samsung Covered Product you claim embodies any invention

12   claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation,

13   documents concerning price lists, pricing worksheets, marketing/pricing memoranda, sales

14   correspondence, or price quotations.

15

16   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

17       In addition to its Objections and Responses Common to All Requests for Production,

18   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

19   (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the

20   attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or

21   any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the

22   claims or defenses of any party and/or not reasonably calculated to lead to the discovery of

23   admissible evidence; (iii) it seeks documents containing confidential third party information,

24   including information subject to a non-disclosure or other agreement between Samsung and a third

25   party, or documents subject to a protective order; and (iv) it is vague and ambiguous with respect

26   to the terms "pricing practice or policies," "pricing worksheets," marketing/pricing memoranda,"

27   and "correspondence."

28

**REQUEST FOR PRODUCTION NO. 233:**

Documents sufficient to show Samsung's alleged capacity and ability to manufacture, sell, and/or distribute each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit, including without limitation all documents and tangible things concerning Samsung's sales, marketing and distribution system, sales force, and geographic locations for manufacturing and warehousing operations.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; and (iv) it is vague and ambiguous with respect to the terms "capacity" and "ability."

**REQUEST FOR PRODUCTION NO. 234:**

All documents that list, describe, detail, or concern the market for each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-in-Suit, including without limitation documents concerning: (a) actual, projected, or potential market size or market shares; and (b) industry trends or developments.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:

(i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective order; (iv) it is vague and ambiguous with respect to the terms "describe," "detail," and "concern"; and (v) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks "all documents" related to the subject matter of the Request.


DATED: August 13, 2012                 QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By /s/ Patrick M. Shields
                                          Charles K. Verhoeven
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          William C. Price
                                          Patrick M. Shields

                                          John Caracappa (*pro hac vice*)
                                          Steptoe & Johnson, LLP
                                          1330 Connecticut Avenue, NW
                                          Washington DC 20036
                                          TEL:  202-429-6267
                                          FAX:  202-429-3902

                                          Attorneys for Defendants
                                          SAMSUNG ELECTRONICS CO., LTD.,
                                          SAMSUNG ELECTRONICS AMERICA, INC.,
                                          and SAMSUNG TELECOMMUNICATIONS
                                          AMERICA, LLC

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-CV-00630-LHK

**CERTIFICATE OF SERVICE**

02198.51981/4906539.1

1

## CERTIFICATE OF SERVICE

2      I am employed in the County of Los Angeles, State of California.    I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017.

4      On August 13, 2012, I served true copies of the following documents, described as:

5    **SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**

6

7      on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC**. |
|---|---|
| HAROLD J. MCELHINNY | JOSH A. KREVITT |
| hmcelhinny@mofo.com | jkrevitt@gibsondunn.com |
| MICHAEL A. JACOBS | H. MARK LYON |
| mjacobs@mofo.com | mlyon@gibsondunn.com |
| RICHARD S. J. HUNG | MARK REITER |
| rhung@mofo.com | mreiter@gibsondunn.com |
| MORRISON & FOERSTER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 425 Market Street | 1881 Page Mill Road |
| San Francisco, CA    94105-2482 | Palo Alto, CA    94302-1211 |
| Telephone (415) 268-7000 | Telephone: (650) 849-5300 |
| Facsimile (415) 268-7522 | Facsimile: (650) 849-5333 |
|  | Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC**. |  |
| MARK D. SELWYN |  |
| mark.selwyn@wilmerhale.com |  |
| WILMER CUTLER PICKERING HALE AND DORR LLP |  |
| 950 Page Mill Road |  |
| Palo Alto, CA    94304 |  |
| Telephone: (650) 858-6000 |  |
| Facsimile: (650) 858-6100 |  |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on August 13, 2012, at Los Angeles, California.

                              */s/ Michael L. Fazio*

# EXHIBIT 2

**HIGHLY CONFIDENTIAL -
ATTORNEY'S EYES ONLY
FILED UNDER SEAL**

# EXHIBIT 3

**HIGHLY CONFIDENTIAL -
ATTORNEY'S EYES ONLY
FILED UNDER SEAL**

**Declaration of Michael Valek In Support of Apple's Opposition**

# EXHIBIT 4

**Declaration of Michael Valek In Support of Apple's Opposition**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

March 22, 2013


VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel Urquhart and Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:    Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Michael:

As we discussed during yesterday's meet and confer, Apple requests clarification regarding
the scope of documents Samsung seeks through its motion to compel [Dkt 404]. In its
motion, Samsung states that it is producing "Pumi reports containing pricing information
relevant to this litigation" and that it has asked Apple to produce "comparable pricing
information." Motion, at 3. More specifically, in its motion, Samsung states that its Request
No. 199 encompasses: "(1) internal analysis by Apple of how it determines pricing for its
products; (2) price elasticity/price sensitivity studies relating to the accused products; (3)
documents discussing any price premiums for products that incorporate the patented features;
and (4) discussions of pricing with wireless carriers, who heavily subsidize Apple's
products." Id. at 4. Samsung has not, either in correspondence or in any of our meet and
confers on this subject, identified any source of pricing information in its own documents
other than Pumi reports. However, based on Samsung's own explanation of its Request in its
motion, that Request appears to be much broader than and not at all comparable to what is
found in Samsung's Pumi reports.

Accordingly, Apple asks for clarification on two points. First, is the "pricing information"
Samsung seeks through its motion only that pricing information of comparable scope to that
found in these Pumi reports or does Samsung seek a broader scope of pricing information
from Apple? Second, does Samsung intend to produce a broader scope of "pricing
information" for its products than that provided in the Pumi reports referred to in Samsung's
motion?

Apple believes that a response from Samsung on these points may allow the parties to
narrow, if not resolve, the dispute pending before the Court. This is particularly so in light of
Samsung's representation yesterday that Samsung is not seeking information that it is not
itself willing to produce to Apple.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

Michael L. Fazio
March 22, 2013
Page 2


Sincerely,


*/s/ Michael A.* Valek


MAV/pdd

# EXHIBIT 5

**Declaration of Michael Valek In Support of Apple's Opposition**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 27, 2013

<u>VIA E-MAIL</u>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201

Re:    <u>Apple v. Samsung Elecs., et al, Case No. 12-CV-00630-LHK (N.D. Cal.)</u>

Dear Counsel:

I write in response to your March 22, 2013 letter regarding Samsung's Motion to Compel Production of Documents Relating to Pricing of Apple Products (Docket 404).  The scope of materials Samsung requests is as stated in the motion.  Specifically, Samsung seeks all documents responsive to Request No. 199, including: (1) internal analysis by Apple of how it determines pricing for its products; (2) price elasticity/price sensitivity studies relating to the accused products; (3) documents discussing any price premiums for products that incorporate the patented features; and (4) discussions of pricing with wireless carriers, who heavily subsidize Apple's products.  Docket 404 at 4:4-9.

As Samsung has previously stated, it has produced Pumi reports in the 1846 litigation and will produce any Pumi reports relevant to this litigation.  Samsung also agrees to produce non-privileged documents that are similar in scope to its Request No. 199, as kept in the regular course of business.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 2SF, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

Very truly yours,

Michael L. Fazio

# EXHIBIT 6

**Declaration of Michael Valek In Support of Apple's Opposition**

1   JOSH A. KREVITT (CA SBN 208552)          HAROLD J. MCELHINNY (CA SBN 66781)
    jkrevitt@gibsondunn.com                   hmcelhinny@mofo.com
2   H. MARK LYON (CA SBN 162061)             MICHAEL A. JACOBS (CA SBN 111664)
    mlyon@gibsondunn.com                      mjacobs@mofo.com
3   GIBSON, DUNN & CRUTCHER LLP              RICHARD S.J. HUNG (CA SBN 197425)
    1881 Page Mill Road                       rhung@mofo.com
4   Palo Alto, CA  94304-1211                MORRISON & FOERSTER LLP
    Telephone: (650) 849-5300                 425 Market Street
5   Facsimile: (650) 849-5333                San Francisco, California 94105-2482
                                              Telephone: (415) 268-7000
6                                             Facsimile: (415) 268-7522

7   *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  APPLE INC., a California corporation,

13                      Plaintiff,              CASE NO. 12-cv-00630-LHK (PSG)
            v.
14                                            **APPLE INC.'S OBJECTIONS AND**
    SAMSUNG ELECTRONICS CO., LTD., a          **RESPONSES TO SAMSUNG'S**
15  Korean corporation; SAMSUNG               **SEVENTH SET OF REQUESTS FOR**
    ELECTRONICS AMERICA, INC., a New          **PRODUCTION OF DOCUMENTS AND**
16  York corporation; and SAMSUNG             **THINGS**
    TELECOMMUNICATIONS AMERICA,
17  LLC, a Delaware limited liability company,

18                      Defendants.

19
    SAMSUNG ELECTRONICS CO., LTD., a
20  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
21  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
22  LLC, a Delaware limited liability company,

23                 Counterclaim-Plaintiffs,

24          v.

25  APPLE INC., a California corporation,

26                 Counterclaim-Defendant.

27

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Seventh Set of Requests for Production of Documents and Things served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on October 29, 2012 (the "Requests") as follows:

## GENERAL OBJECTIONS

1. Apple incorporates the General Objections included in its Objections and Responses to Samsung's First, Second, Third, Fourth, Fifth, and Sixth Sets of Requests for Production. Apple also makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Samsung's Seventh Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual requests does not waive any of Apple's General Objections.

2. These responses are made solely for the purpose of the above-entitled action. Apple will respond to the Requests on the basis of the best information available to it at the time of gathering responsive materials, and within the limits and subject to the objections described below. Further investigation may reveal additional information that is responsive to these Requests. Apple reserves the right to continue discovery and investigation into this matter and to present additional information discovered after the date of the present responses. Apple's responses to these Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

3. Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)          2

imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders. Apple also objects to the Requests as overbroad, unduly burdensome, and not consistent with the Federal Rules of Civil Procedure and Evidence to the extent that they seek production of documents that are already in the possession, custody, or control of Samsung and/or its legal counsel, publicly available, unreasonably cumulative, duplicative of, already known, and/or equally available to Samsung and/or its legal counsel.

4.      Apple's responses herein, or any production of documents by Apple, are not an admission that responsive documents exist, that all responsive documents will be produced, or that produced documents are responsive.  Further, Apple's response to any particular request should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the request, or that the response constitutes admissible evidence.  No response to any portion of any request shall be deemed a waiver of any objection not set forth herein that could be made to any such portion of the request regarding relevancy of the information or its admissibility.  Rather, these responses and any documents produced reflect Apple's attempt to produce non-privileged documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

5.      Apple objects to the Requests to the extent that they seek documents that are not relevant to the claims or defenses of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the Requests to the extent they are not limited in time and seek documents for periods of time that are not relevant to any claim or defense.  Apple also objects to any Request that seeks irrelevant documents about Apple's products or business operations.  Such requests are overbroad and unduly burdensome.  Apple will only produce documents that are relevant to the patents-in-suit or are otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

6.      Apple objects to the Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning or to include more than their commonly understood definitions.  Apple will make, and has made, reasonable efforts to respond to

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    3

these Requests, to the extent that no objection is made, as Apple reasonably understands and interprets each Request.  If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, Apple reserves the right to supplement and amend its objections and responses.

7.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple will thus define all such terms, and limit its responses accordingly, to mean Apple Inc.

8.      Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" to the extent that it purports to impose conditions, obligations, or duties beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  For purposes of responding to these Requests, Apple interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its ordinary meaning found in the Federal Rules of Civil Procedure.

9.      Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome.  Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

10.      Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad.  Apple further objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

11.      Apple objects to Samsung's definition of the term "APPLE PATENTS" as inaccurate, vague, overly broad, and unduly burdensome.  Apple shall interpret the phrase "APPLE PATENTS" to mean, collectively and separately, asserted U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, and 8,086,604.

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    4

12. Apple objects to Samsung's definition of the term "PATENTED FEATURES" as vague, overly broad, and unduly burdensome as defined, including but not limited to the grounds that it is not limited to the asserted Apple Patents.

13. Apple objects to the requests on the grounds and to the extent they seek information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.

14. Apple objects to all definitions, instructions, and requests to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

15. Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests. Apple further objects because it is impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

16. Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation.  Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced.  Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.  Further, all communications between Apple and its legal

counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

17.     Apple objects to any Request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

18.     To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted pursuant to the March 29, 2012 Stipulation and Order Regarding Discovery.

19.     Apple objects to each and every Request to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

20.     Apple objects to each and every Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise related to the claims or defenses asserted by the parties in this litigation.  This includes information covered by confidentiality agreements between Apple and any third party.  Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, only where such documents are relevant and as necessary.

21.     Apple objects to the Requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    6

1  persons who might have responsive documents, and/or purport to call for documents that Apple no

2  longer possesses and/or was under no obligation to maintain.

3       Subject to the foregoing qualifications and General Objections and the specific objections

4  made below, Apple objects and responds to Samsung's Seventh Set of Requests for Production and

5  Things as follows:

6  **SPECIFIC OBJECTIONS AND RESPONSES**

7       Subject to its General and Specific Objections, Apple will conduct a reasonable search for

8  relevant and responsive documents.

9  **REQUEST FOR PRODUCTION NO. 300:**

10       All DOCUMENTS RELATING TO the royalty rates paid to YOU by any licensee for the use

11  of other patents YOU contend are comparable to the APPLE PATENTS, including but not limited to

12  licenses granted as a package with other patents YOU contend are not comparable to the APPLE

13  PATENTS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 300:**

15       Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

16  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

17  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

18  terms "ALL DOCUMENTS RELATING TO," "the royalty rates paid to YOU by any licensee,"

19  "use," "other patents," "comparable," "not comparable," "granted as a package with other patents

20  YOU contend are not comparable to the APPLE PATENTS," and "APPLE PATENTS." Apple

21  objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and

22  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

23  admissible evidence on the grounds and to the extent that it seeks documents other than licenses for

24  the asserted Apple Patents, and other than  documents sufficient to show the royalty rates for the

25  licenses to the asserted Apple Patents and "comparable" technology, or that might otherwise be

26  relevant to determining a reasonable royalty rate for a license to the asserted Apple Patents. Apple

27  further objects to this request on the grounds and to the extent that it requires a legal conclusion or

28  otherwise implicates the mental impressions of counsel, particularly to the extent that it requires an

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)          7

1    request as duplicative of Samsung's other requests, including but not limited to Request Nos. 304,

2    309, and 317.

3    **REQUEST FOR PRODUCTION NO. 320:**

4          All DOCUMENTS RELATING TO the extent to which YOU have made use of the

5    PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 320:**

7          Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

8    burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

9    calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

10   terms "ALL DOCUMENTS RELATING TO," "have made use of," "PATENTED FEATURES," and

11   "DOCUMENTS evidencing the value, if any, of that use." Apple objects to this request on the

12   grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably

13   calculated to lead to the discovery of admissible evidence, particularly on the grounds that

14   "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to

15   the asserted Apple Patents. Apple objects to this request on the grounds and to the extent that it seeks

16   information protected from disclosure by the attorney-client privilege, the attorney work product

17   doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine,

18   or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further

19   objects to this request to the extent it seeks confidential or proprietary information not made publicly

20   available. Apple also objects to this request on the grounds and to the extent that it would require

21   Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a

22   proper response, including but not limited to being required to make a legal conclusion about whether

23   a product practices the asserted Apple Patents. Apple objects to this request on the grounds and to

24   the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor

25   reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent

26   that it seeks documents other than those sufficient to show how the products that Apple believes to

27   practice one or more of the asserted Apple Patent claims do practice the asserted Apple Patent claims,

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    30

and the related value.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 305, 306, 311, 312, 313, 314, and 316.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 321:**

All DOCUMENTS reflecting calculations or estimates of the value of the use of the PATENTED FEATURES by anyone YOU contend infringes the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 321:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS reflecting," "calculations," "estimates," "value of the use," "PATENTED FEATURES," "value of the use of the PATENTED FEATURES," "by anyone YOU contend infringes the APPLE PATENTS," and "use."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple further objects to this request as overly broad, unduly burdensome, vague, ambiguous, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents relating to the "value of the use of the PATENTED FEATURES," is not limited to the Apple products that Apple believes to practice one or more of the asserted Apple Patent claims, and is not limited in its temporal or geographic scope appropriately.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

1   this request to the extent it seeks confidential or proprietary information not made publicly available.

2   Apple objects to this request to the extent it seeks premature discovery of analyses performed by or

3   opinions of experts in this litigation.  Apple also objects to this request on the grounds and to the

4   extent that it would require Apple to make a legal conclusion or implicate the mental impressions of

5   counsel in order to make a proper response, including but not limited to being required to make a

6   legal conclusion about whether a third party's product infringes the asserted Apple Patent claims.

7   Apple also objects to this request as duplicative of Samsung's other requests, including but not

8   limited to Request No. 314.

9         Subject to and without waiving the foregoing General and Specific Objections, Apple has

10  produced or will produce non-privileged responsive documents in its possession, custody, or control,

11  if any, that can be located after a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 322:**

13        All DOCUMENTS RELATING TO the portion of the profit or selling price of any

14  smartphone or tablet that may be customary in the industry to allow for the use of the PATENTED

15  FEATURES or comparable patented features.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 322:**

17        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

18  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

19  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

20  terms "ALL DOCUMENTS RELATING TO," "portion," "profit," "selling price," "customary,"

21  "industry," "to allow for the use of," "PATENTED FEATURES," and "comparable patented

22  features."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

23  vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible

24  evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including

25  "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple further objects to

26  this request to the extent it seeks confidential or proprietary information not made publicly available.

27  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or

28  opinions of experts in this litigation.  Apple objects to this request to the extent it seeks premature

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    32

the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, and 343 to 348, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

GIBSON, DUNN & CRUTCHER LLP

Dated:  November 28, 2012            By:   _/s/   H. Mark Lyon_____
                                          H. Mark Lyon

                                          *Attorney for Plaintiff Apple Inc.*

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)            64

Gibson, Dunn &
Crutcher LLP

`

1

## CERTIFICATE OF SERVICE

2

3      I, Angela L. Wilkins, hereby certify that on this 28th day of November, 2012, I did cause the

4   following document to be served in the following manner:

5      **Apple's Objections and Responses to Samsung's Seventh Set of RFPs**

6      On the interested parties in this action addressed as follows:

7   **ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,**
**LTD., SAMSUNG ELECTRONICS AMERICA, INC. and**
8   **SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

9   William Price
10  Victoria F. Maroulis                         John M. Caracappa
    Charles K. Verhoeven                         Huan-Yi Lin
11  Michael Fazio                                Michael Heimbold
    Kevin A. Smith                               **Steptoe & Johnson LLP**
12  Kevin P.B. Johnson                           1330 Connecticut Avenue, NW
13  **Quinn Emanuel Urquart & Sullivan, LLP**    Washington, DC 20036
    555 Twin Dolphin Drive, 5th Floor            Telephone: (202) 429-3000
14  Redwood Shores, California  94065            jcaracappa@steptoe.com
    Telephone: (650) 801-5000                    hlin@steptoe.com
15  williamprice@quinnemanuel.com                mheimbold@steptoe.com
16  victoriamaroulis@quinnemanuel.com
    kevinjohnson@quinnemanuel.com
17  charlesverhoeven@quinnemanuel.com
    kevinsmith@quinnemanuel.com
18  michaelfazio@quinnemanuel.com

19  __X__   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by
        transmitting PDF copies of such documents to each such person identified above, at the e-mail
20      address listed in their addresses.  The documents were transmitted by electronic transmission
        and such transmission was reported as complete and without error.
21
        I declare that I am employed in the office of a member of the bar of this Court at whose direction the
22      service was made.

23      Executed on November 28, 2012 in Dallas, TX.

24
        Dated:  November 28, 2012
25
26                                              *Angela L. Wilkins*
                                                _____
                                                Angela L. Wilkins
27                                              Gibson, Dunn & Crutcher
                                                2100 McKinney Ave., Suite 1100
28                                              Dallas, TX  75201
                                                (214) 698-3145

Gibson, Dunn &     CASE NO. 12-CV-00630-LHK
Crutcher LLP       CERTIFICATE OF SERVICE

# EXHIBIT 7

**Declaration of Michael Valek In Support of Apple's Opposition**

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 364-587)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1

2    In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple

3    Inc. ("Apple") objects and responds to the Ninth Set of Requests for Production of Documents and

4    Things served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and

5    Samsung Telecommunications America, LLC (collectively "Samsung") on November 19, 2012 (the

6    "Requests") as follows:

7    **GENERAL OBJECTIONS**

8        1.       Apple incorporates the General Objections included in its Objections and Responses to

9    Samsung's First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Sets of Requests for

10   Production.  Apple also makes the following general responses and objections ("General Objections")

11   to each definition, instruction, and request propounded in Samsung's Ninth Set of Requests for

12   Production.  These General Objections are hereby incorporated into each specific response.  The

13   assertion of the same, similar, or additional objections or partial responses to the individual requests

14   does not waive any of Apple's General Objections.

15       2.       These responses are made solely for the purpose of the above-entitled action.  Apple

16   will respond to the Requests on the basis of the best information available to it at the time of

17   gathering responsive materials, and within the limits and subject to the objections described below.

18   Further investigation may reveal additional information that is responsive to these Requests.  Apple

19   reserves the right to continue discovery and investigation into this matter and to present additional

20   information discovered after the date of the present responses.  Apple's responses to these Requests

21   are made without waiver and with the preservation of: all issues as to the competency, relevancy,

22   materiality, privilege, and admissibility of the responses and the subject matter thereof for any

23   purpose and in any further proceeding in this litigation and in any other action or matter; the right to

24   object to the use of any such responses or the subject matter thereof on any ground in any further

25   proceeding in this litigation and in any other action or matter; the right to object on any ground at any

26   time to a demand or request for further response; and the right at any time to review, correct, add to,

27   supplement, or clarify any of the responses contained herein.

28

3.        Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, and/or the Court's Orders. Apple also objects to the Requests as overbroad, unduly burdensome, and not consistent with the Federal Rules of Civil Procedure and Evidence to the extent that they seek production of documents that are already in the possession, custody, or control of Samsung and/or its legal counsel, publicly available, unreasonably cumulative, duplicative of, already known, and/or equally available to Samsung and/or its legal counsel.

4.        Apple's responses herein, or any production of documents by Apple, are not an admission that responsive documents exist, that all responsive documents will be produced, or that produced documents are responsive.  Further, Apple's response to any particular request should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the request, or that the response constitutes admissible evidence.  No response to any portion of any request shall be deemed a waiver of any objection not set forth herein that could be made to any such portion of the request regarding relevancy of the information or its admissibility.  Rather, these responses and any documents produced reflect Apple's attempt to produce non-privileged documents as they are kept in the ordinary course of business and within the timeline set forth by the appropriate Court Orders.

5.        Apple objects to the Requests to the extent they seek documents that are not relevant to the claims or defenses of any party in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to the Requests to the extent they are not limited in time and seek documents for periods of time that are not relevant to any claim or defense. Apple also objects to any Request that seeks irrelevant documents about Apple's products or business operations.  Such requests are overbroad and unduly burdensome.  Apple will produce only documents that are relevant to the patents-in-suit or are otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

6.      Apple objects to the Requests to the extent they purport to define words or phrases to have a meaning different from their commonly understood meaning or to include more than their commonly understood definitions.  Apple will make, and has made, reasonable efforts to respond to these Requests, to the extent that no objection is made, as Apple reasonably understands and interprets each Request.  If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, Apple reserves the right to supplement and amend its objections and responses.

7.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control.  Apple will thus define all such terms, and limit its responses accordingly, to mean Apple Inc.

8.      Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" to the extent that it purports to impose conditions, obligations, or duties beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure.  For purposes of responding to these Requests, Apple interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its ordinary meaning found in the Federal Rules of Civil Procedure.

9.      Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome.  Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

10.     Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad.  Apple further objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Samsung's definition of these terms renders each request incorporating the terms overly broad, vague, ambiguous, and unduly burdensome.

11.     Apple objects to Samsung's definition of the term "APPLE PATENTS" as inaccurate, vague, overly broad, and unduly burdensome.  Apple shall interpret the phrase "APPLE PATENTS"

to mean, collectively and separately, asserted U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, and 8,086,604.

12.      Apple objects to Samsung's definition of the term "PATENTED FEATURES" as vague, overly broad, and unduly burdensome as defined, including but not limited to the grounds that it is not limited to the asserted Apple Patents.

13.      Apple objects to the requests on the grounds that and to the extent they seek information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.

14.      Apple objects to all definitions, instructions, and requests to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

15.      Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests.  Apple further objects because it is impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

16.      Apple objects to the Requests to the extent they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation.  Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced.  Pursuant

to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.  Further, all communications between Apple and its legal counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

17.     Apple objects to any Request to the extent it is premature and/or to the extent it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

18.     To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted pursuant to the March 29, 2012 Stipulation and Order Regarding Discovery.

19.     Apple objects to each and every Request to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

20.     Apple objects to each and every Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise related to the claims or defenses asserted by the parties in this litigation.  This includes information covered by confidentiality agreements between Apple and any third party.  Apple will produce such

1

2   document(s) subject to the Protective Order and subject to notice to third parties, only where such

3   documents are relevant and as necessary.

4       21.     Apple objects to each and every Request to the extent it is duplicative of any of

5   Samsung's other Requests.

6       22.     Apple objects to the Requests to the extent they seek documents that are not in the

7   possession, custody, or control of Apple, purport to require Apple to speculate about the identity of

8   persons who might have responsive documents, and/or purport to call for documents that Apple no

9   longer possesses and/or was under no obligation to maintain.

10      Subject to the foregoing qualifications and General Objections and the specific objections

11  made below, Apple objects and responds to Samsung's Ninth Set of Requests for Production and

12  Things as follows:

13  **SPECIFIC OBJECTIONS AND RESPONSES**

14      Subject to its General and Specific Objections, Apple will conduct a reasonable search for

15  relevant and responsive documents.

16

17  **REQUEST FOR PRODUCTION NO. 364:**

18      All DOCUMENTS RELATED TO the effect of insufficient or inaccurate reporting by

19  cellular carriers on the supply of iPhones from 2007 to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 364:**

21      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

22  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

24  terms "All DOCUMENTS RELATED TO," "the effect of," "insufficient or inaccurate reporting,"

25  "by cellular carriers," "supply of," and "2007 to the present."  Apple objects to this request on the

26  grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is

27  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

28  grounds that and to the extent it is not limited in its temporal or geographic scope appropriately.

1

**REQUEST FOR PRODUCTION NO. 432:**

2

3

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any version of the iPhone from 2007 through the present.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 432:**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All DOCUMENTS RELATING TO," and "the value to consumers, or potential consumers, of any specific features or attributes."  Apple further objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited to claims and defenses in the present litigation, including to the extent it seeks information concerning the value of features or attributes not at issue in the present litigation.  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.

23

24

25

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

26

27

28

**REQUEST FOR PRODUCTION NO. 433:**

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any version of the iPad from 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 433:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All DOCUMENTS RELATING TO" and "the value to consumers, or potential consumers, of any specific features or attributes."  Apple further objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited to claims and defenses in the present litigation, including to the extent it seeks information concerning the value of features or attributes not at issue in the present litigation.  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

APPLE," and "including but not limited to any severance or consulting agreement."  Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it seeks documents that bear no relation to any question at issue in this litigation.  Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.



GIBSON, DUNN & CRUTCHER LLP


Dated:  December 19, 2012            By:  _____ /s/ H. Mark Lyon _____

H. Mark Lyon

**Attorney for Plaintiff Apple Inc.**

## CERTIFICATE OF SERVICE

I, Jennifer J. Rho, hereby certify that on this 19th day of December, 2012, I did cause the following document to be served in the following manner:

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 364-587)**
On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**
William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

**X BY ELECTRONIC MAIL TRANSMISSION** from jrho@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

Dated: December 19, 2012                    /s/ Jennifer J. Rho

# EXHIBIT 8

**Declaration of Michael Valek In Support of Apple's Opposition**

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. :12-cv-00630-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SECOND SET OF REQUESTS FOR PRODUCTION** |

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Second Set of Requests for Production served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on April 12, 2012 (the "Requests") as follows:

### GENERAL OBJECTIONS

Apple incorporates the General Objections included in its Objections and Responses to Samsung's First Set of Requests for Production.  Apple makes the following additional general responses and objections ("General Objections") to each definition, instruction, and Request propounded in Samsung's Second Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual Requests does not waive any of Apple's General Objections.

1.     Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome. Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

2.     Apple objects to Samsung's definition of the term "APPLE PATENTS" as vague, overly broad, and unduly burdensome.

3.     Apple objects to Samsung's definition of the term "PATENTED FEATURES" as vague, overly broad, and unduly burdensome.

4.     Apple objects to the Requests to the extent that they seek documents not relevant to the claims or defenses of any party in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Apple objects to the Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

1    6.    Apple will make, and has made, reasonable efforts to respond to these Requests, to the

2  extent that no objection is made, as Apple reasonably understands and interprets each Request. If

3  Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of

4  Apple, then Apple reserves the right to supplement and amend its objections and responses.

5    7.    To the extent any Request seeks the production of software and/or code that is within

6  the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such

7  software, code, and/or computer files, or documents containing such discussion or excerpts of such

8  software and/or code therein, in accordance with the procedures set forth in the terms of the

9  Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action,

10  as adopted pursuant to the March 29, 2012 Stipulation and Order Re Discovery.

11    Subject to the foregoing qualifications and General Objections and the specific objections

12  made below, Apple objects and responds to Samsung's Second Set of Requests for Production as

13  follows:

14  **SPECIFIC OBJECTIONS AND RESPONSES**

15    Subject to its General and Specific Objections, Apple will conduct a reasonable search for

16  relevant and responsive documents.

17  **REQUEST FOR PRODUCTION NO. 54**:

18    All contracts and agreements between APPLE and each named inventor for each of the

19  APPLE PATENTS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

21    Apple objects to this Request to the extent it is overbroad and unduly burdensome,

22  particularly with respect to the term "APPLE PATENTS." Apple further objects to this Request as

23  overbroad and unduly burdensome on the grounds and to the extent that its use of the phrase "[a]ll

24  contracts and agreements" incorporates contracts or agreements not relating to the asserted patents of

25  each named inventor and Apple's contentions relating thereto. Apple objects to this Request to the

26  extent that it seeks to require Apple to identify or produce any information or documents that contain

27  the private, confidential, or privileged information of third parties, including but not limited to third

28

1    **REQUEST FOR PRODUCTION NO. 84**:

2         All DOCUMENTS RELATING TO competition between each version of the iPhone and any

3    product YOU accuse of infringing the APPLE PATENTS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 84**:

5         Apple objects to the terms "competition," "each version," and "APPLE PATENTS" as vague

6    and ambiguous. Apple objects to this Request as overly broad, unduly burdensome, and not

7    reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent it

8    seeks documents related to products other than Samsung's infringing products. Apple objects to this

9    Request as calling for information that is not relevant to the claims or defenses at issue in this case.

10   Apple further objects to this Request as premature, especially insofar as it conflicts with the schedule

11   set by the Court and/or seeks expert discovery or legal conclusions. Apple objects to this Request to

12   the extent that it seeks to require Apple to identify or produce any information or documents that

13   contain the private, confidential, or privileged information of third parties, including but not limited

14   to third party business or technical information and/or user or customer personal information, which

15   Apple is under an obligation not to disclose.  Apple also objects to this Request to the extent it seeks

16   privileged information, information protected by the work product doctrine, information protected by

17   the common interest privilege, and any other privileged and/or doctrines.

18        Subject to and without waiving the foregoing General and Specific Objections, and after a

19   reasonable search, Apple has produced or will produce responsive, non-privileged documents in its

20   possession, custody, or control, if any, sufficient to show the competition between each version of the

21   iPhone and any accused product.

22   **REQUEST FOR PRODUCTION NO. 85**:

23        All DOCUMENTS RELATING TO competition between each version of the iPhone and any

24   other product.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85**:

26        Apple objects to the terms "competition" and "each version" as vague and ambiguous. Apple

27   objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to

28

1   Request as overbroad and unduly burdensome on the grounds and to the extent that it seeks

2   documents that do not relate to the patent claims at issue in this case, This Lawsuit, and/or the claims

3   and defenses at issue in this case.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple is

5   willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

6   **REQUEST FOR PRODUCTION NO. 129**:

7        All DOCUMENTS RELATING TO any efforts by APPLE to promote PLATFORM

8   STICKINESS for APPLE products.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 129**:

10        Apple objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly

11   burdensome, both in its entirety and with respect to the terms "any efforts" and "promote." Apple

12   further objects to the term "PLATFORM STICKINESS" as vague and ambiguous. Apple also objects

13   to this Request to the extent it seeks privileged information, information protected by the work

14   product doctrine, information protected by the common interest privilege, and any other privileged

15   and/or doctrines. Apple further objects to this Request as overbroad and unduly burdensome on the

16   grounds and to the extent that it seeks documents that do not relate to the patent claims at issue in this

17   case, This Lawsuit, and/or the claims and defenses at issue in this case.

18        Subject to and without waiving the foregoing General and Specific Objections, Apple is

19   willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

20

21

22

23   :                                                    GIBSON DUNN & CRUTCHER LLP

24

25   Dated: _____, 2012          By:_____*/s/ H. Mark Lyon*_____

26                                                         ***Attorneys for Apple Inc.***

27

28

`

1   JOSH A. KREVITT (CA SBN 208552)   MICHAEL A. JACOBS (CA SBN 111664)
     jkrevitt@gibsondunn.com            mjacobs@mofo.com
2   H. MARK LYON (CA SBN 162061)     RICHARD S.J. HUNG (CA SBN 197425)
     mlyon@gibsondunn.com              rhung@mofo.com
3   GIBSON, DUNN & CRUTCHER LLP   MORRISON & FOERSTER LLP
     1881 Page Mill Road                425 Market Street
4   Palo Alto, CA  94304-1211         San Francisco, California 94105-2482
     Telephone: (650) 849-5300        Telephone: (415) 268-7000
5   Facsimile: (650) 849-5333         Facsimile: (415) 268-7522

6

7   ***Attorneys for Plaintiff Apple Inc.***

8

9

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13

14   APPLE INC., a California corporation,

15               Plaintiff,

16       v.                          CASE NO. 12-cv-00630-LHK

17   SAMSUNG ELECTRONICS CO., LTD., a
     Korean corporation; SAMSUNG
18   ELECTRONICS AMERICA, INC., a New     **CERTIFICATE OF SERVICE**
     York corporation; and SAMSUNG
19   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
20
              Defendants.
21

22

23

24

25

26

27

28

Case No. 12-cv-00630-LHK
CERTIFICATE OF SERVICE

I, Angela L. Wilkins, hereby certify that on this 11th day of May, I did cause the following document to be served in the following manner:

- **Apple Inc.'s Objections and Responses to Samsung's Second Requests for Production**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**X**   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 11, 2012 in Dallas, TX.

Dated:   May 11, 2012                              *Angela L. Wilkins*
                                                          Angela L. Wilkins

Gibson, Dunn & Crutcher LLP