QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION (RFP NOS. 337 – 349)**<br><br>Date: May 7, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................ 1

RELIEF REQUESTED ............................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED........................................................... 1

SAMSUNG'S CIVIL L.R. 37-2 STATEMENT........................................................... 1

SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1) ........... 17

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

INTRODUCTION....................................................................................................... 1

BACKGROUND......................................................................................................... 1

ARGUMENT .............................................................................................................. 2

I.      THE INFORMATION SOUGHT IS RELEVANT TO APPLE'S CLAIMS FOR
        LOST PROFITS AND INJUNCTIVE RELIEF ............................................... 2

II.     THE INFORMATION SOUGHT RELATES TO ISSUES HIGHLY LIKELY TO
        HAVE HAD A MEANINGFUL IMPACT ON APPLE'S CLAIMED HARMS
        FROM SAMSUNG'S ALLEGED INFRINGEMENT ....................................... 5

        A.      Request Nos. 337-338 ........................................................................... 5

        B.      Request Nos. 339-342 ........................................................................... 5

        C.      Request Nos. 343-349 ........................................................................... 6

III.    APPLE'S BOILERPLATE OBJECTIONS ARE MERITLESS ......................... 7

CONCLUSION ........................................................................................................... 7

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   695 F.3d 1370 (Fed. Cir. 2012) ...................................................................................2

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
   627 F. Supp. 2d 384 (D.N.J. 2009) .............................................................................4

*Concord Boat Corp. v. Brunswick Corp.*,
   207 F.3d 1039 (8th Cir. 2000) ....................................................................................4

*Dolarian Capital, Inc. v. SOC, LLC*,
   2012 WL 4026818 (E.D. Cal. Sept. 12, 2012) ............................................................7

*Education Logistics, Inc. v. Laidlaw Transit, Inc.*,
   2012 WL 761950 (D. Mont. Mar. 8, 2012) .................................................................4

*F.T.C. v. AMG Servs., Inc.*,
   2012 WL 3730561 (D. Nev. Aug. 28, 2012) ...............................................................7

*In re IBM Peripheral EDP Devices Antitrust Litig.*,
   481 F. Supp. 965 (N.D. Cal. 1979) .............................................................................3

*Micro Chem., Inc. v. Lextron, Inc.*,
   318 F.3d 1119 (Fed. Cir. 2003) ..................................................................................2

*Prepaid Wireless Servs., Inc. v. Southwestern Bell Wireless, Inc.*,
   2002 WL 34367328 (S.D. Tex. July 23, 2002) ...........................................................4

*Sebastian Int'l, Inc. v. Russolillo*,
   2005 WL 1323127 (C.D. Cal. Feb. 22, 2005) .............................................................4

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*,
   953 F.2d 1360 (Fed. Cir. 1991) ..................................................................................2

*Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*,
   257 F.3d 449 (5th  Cir. 2001)......................................................................................3

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 7, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple Inc. ("Apple") to produce documents responsive to Samsung's Seventh Set of Requests for Production of Documents, Request Nos. 337-349 (which seek documents related to consumer perception of the Apple brand).

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Under Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce documents responsive to Samsung's Requests for Production Nos. 337-349.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Apple should be compelled to produce documents responsive to Samsung's Requests for Production Nos. 337-349.

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's discovery requests to Apple that are the subject of this Motion are set forth in full below, with Apple's corresponding objections and/or answers following immediately after each:

## REQUEST FOR PRODUCTION NO. 337:

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any third-party product.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 337:**

2        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

3    burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

4    calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

5    terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

6    "any third-party product," "impact on consumer perception of the APPLE brand . . . of any third party

7    product," "and "third-party product." Apple objects to this request on the grounds and to the extent

8    that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither

9    relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that

10   it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple

11   Patents, including but not limited to influences and effects on sales relating to the asserted Apple

12   Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to

13   claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.

14   Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody,

15   or control, and/or seeks information that is publicly available and is equally accessible to Samsung as

16   it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information

17   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

18   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well

19   as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request

20   to the extent it seeks confidential or proprietary information not made publicly available. Apple also

21   objects to this request as duplicative of Samsung's other requests, including but not limited to Request

22   Nos. 328, 333, 334, 336, and 338, certain of which have a scope that is less overly broad, less unduly

23   burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in

24   response to which Apple has agreed to produce non-privileged, responsive documents in its

25   possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple

26   objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and

27   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

28   admissible evidence on the grounds and to the extent that it seeks documents other than those

1  sufficient to show the effects of consumer perception of Samsung's accused products on sales of the

2  Apple products that Apple believes to practice one or more of the asserted Apple Patents.

3

4  **REQUEST FOR PRODUCTION NO. 338:**

5  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

6  (whether negative or positive) of any event.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 338:**

8  Apples [sic] objects to this request on the grounds and to the extent it is overly broad, unduly

9  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

10 calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

11 terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

12 "the impact on consumer perception of the APPLE brand . . . of any event," and "any event." Apple

13 objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome,

14 vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to

15 the discovery of admissible evidence on the grounds that it seeks information generally relating to "the

16 APPLE brand" without connection to the asserted Apple Patents, including but not limited to

17 influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this

18 request on the grounds and to the extent that it is not limited to claims and defenses in the present

19 Litigation and in its temporal or geographic scope appropriately. Apple objects to this request to the

20 extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information

21 that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this

22 request on the grounds and to the extent that it seeks information protected from disclosure by the

23 attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

24 privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

25 Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks

26 confidential or proprietary information not made publicly available. Apple objects to this request on

27 the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is

28 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

SAMSUNG'S MOTION TO COMPEL 7TH SET RFPS

grounds and to the extent that it seeks documents relating to "any event," without regard to whether such event has any connection or relevance to the claims and issues in this Litigation. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, and 337, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 339:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any reports regarding the labor conditions at facilities that manufacture any APPLE product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 339:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any reports regarding the labor conditions at facilities that manufacture any APPLE product," "any reports," "reports," "regarding the labor conditions," "labor conditions," "facilities," "facilities that manufacture any APPLE product," "any APPLE product." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is

equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, and 338, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.


### **REQUEST FOR PRODUCTION NO. 340:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 340:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any reports," "reports," "regarding Hon Hai Precision Industry Co,. Ltd. (trading as Foxconn)," and "any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn)." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the

APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334 and 338, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 341:

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) as a result of the Students and Scholars Against Corporate Misbehavior reports on Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 341:

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

"as a result," and "the Students and Scholars Against Corporate Misbehavior reports on Hon Hai Precision Industry Co,. Ltd. (trading as FoxConn)." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, and 340, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 342:**

1    All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

2  of the hashtag #boycottapple.

3

4  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 342:</u>**

5    Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

6  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

7  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

8  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

9  "hashtag," and "hashtag #boycottapple." Apple objects to this request on the grounds and to the extent

10  that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither

11  relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that

12  it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple

13  Patents, including but not limited to influences and effects on sales relating to the asserted Apple

14  Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to

15  claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.

16  Apple also objects to this request on the grounds and to the extent that it would require Apple to make

17  a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

18  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody,

19  or control, and/or seeks information that is publicly available and is equally accessible to Samsung as

20  it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information

21  protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

22  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well

23  as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request

24  to the extent it seeks confidential or proprietary information not made publicly available. Apple also

25  objects to this request as duplicative of Samsung's other requests, including but not limited to Request

26  Nos. 328, 333, 334, and 338, certain of which have a scope that is less overly broad, less unduly

27  burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in

28  response to which Apple has agreed to produce non privileged, responsive documents in its

possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 343:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 343:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," and "this lawsuit." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request

to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, and 338, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### **REQUEST FOR PRODUCTION NO. 344:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any other lawsuit between APPLE and SAMSUNG.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 344:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any other lawsuit between APPLE and SAMSUNG," and "any other lawsuit." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the

extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343, and 345 to 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 345:

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any other lawsuit between APPLE and a third-party smartphone manufacturer.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 345:

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any other lawsuit between APPLE and a third-party smartphone manufacturer," "smartphone manufacturer," "any other lawsuit," and "third-party smartphone manufacturer." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague,

ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343 to 344, and 346 to 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## **REQUEST FOR PRODUCTION NO. 346:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any other lawsuit between APPLE and a third-party tablet manufacturer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 346:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any other lawsuit between APPLE and a third-party tablet manufacturer," "any other lawsuit," and "third-party tablet manufacturer." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343 to 345, and 347 to 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome,

-13-

SAMSUNG'S MOTION TO COMPEL 7TH SET RFPS

1 and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

2 admissible evidence.

3

4 **REQUEST FOR PRODUCTION NO. 347:**

5 All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

6 (whether negative or positive) of any patent litigation that APPLE has initiated since 2010.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 347:**

8 Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

9 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

10 calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

11 terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

12 "any patent litigation," "any patent litigation that APPLE has initiated since 2010," and "initiated."

13 Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

14 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

15 calculated to lead to the discovery of admissible evidence on the grounds that it seeks information

16 generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including

17 but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further

18 objects to this request on the grounds and to the extent that it is not limited to claims and defenses in

19 the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this

20 request on the grounds and to the extent that it would require Apple to make a legal conclusion or

21 implicate the mental impressions of counsel in order to make a proper response. Apple objects to this

22 request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or

23 seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.

24 Apple objects to this request on the grounds and to the extent that it seeks information protected from

25 disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

26 common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

27 protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the

28 extent it seeks confidential or proprietary information not made publicly available. Apple also objects

to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343 to 346, and 348 to 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### **REQUEST FOR PRODUCTION NO. 348:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of APPLE's patent litigation practices.

### **RESPONSE TO REQUEST FOR PRODUCTION NO. 348:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "APPLE's patent litigation practices," and "patent litigation practices." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside

of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343 to 347, and 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### REQUEST FOR PRODUCTION NO. 349:

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of APPLE's use of intellectual property litigation as a business strategy.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 349:

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "the APPLE brand," "APPLE's use of intellectual property litigation as a business strategy," "use of intellectual property litigation as a business strategy," and "business strategy." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without

connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, and 343 to 348, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(A)(1)

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action.  Samsung's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Amar L. Thakur, and exhibits attached thereto, submitted concurrently herewith.

1

2   DATED: April 2, 2013                QUINN EMANUEL URQUHART & SULLIVAN, LLP

3                                        By /s/ Michael L. Fazio

4                                            Charles K. Verhoeven
                                             Kevin A. Smith
5                                            Kevin P.B. Johnson
                                             Victoria F. Maroulis
6                                            William C. Price
                                             Michael L. Fazio
7
                                             Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
8                                            SAMSUNG ELECTRONICS AMERICA, INC., and
                                             SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Apple is seeking lost profits and injunctive relief on the basis that Samsung's alleged infringement of minuscule feature patents has caused it lost sales and other "irreparable" harms. Yet Apple is refusing to produce documents related to the impact that other factors have had on its sales. Perceptions of the Apple brand, both negative and positive, have a significant impact on the sale of Apple products. The document requests at issue seek Apple documents reflecting the impact of certain widely-reported events and issues on the Apple brand and by extension, Apple sales.

Apple claims that the requests at issue seek "irrelevant" and "collateral" information and that Samsung is merely attempting to impugn Apple's reputation with this discovery. Apple's argument does not square with the actual requests. Samsung is <u>not</u> asking for documents detailing, for example, the actual labor conditions in Apple's factories, or the extent of Apple's investigation into them. Samsung is only seeking documents related to these publicly reported issues in the context of their impact on consumer perception of Apple.

The information sought by these requests is unquestionably relevant. Apple has chosen to seek injunctive relief and lost profits. By doing so, Apple has put at issue the factors that have contributed to or detracted from its sales. Apple should be ordered to produce the documents requested.

## BACKGROUND

On October 29, 2012, Samsung propounded its Seventh Set of Requests for Production of documents, which sought information related to Apple's damages claims. (Thakur Decl. ¶ 2, Ex. A.) On November 28, 2012, Apple served its responses to Samsung's discovery requests, objecting and refusing to produce in response to certain requests, including Nos. 337-349. (*Id.* ¶ 3, Ex. B.) While the parties have resolved disputes over Apple's objections and responses to other document requests included in Samsung's Seventh Set, they have been unable to resolve their disagreement regarding request Nos. 337-349.

Samsung initiated the meet and confer process on Apple's objections and responses to certain requests in the Seventh Set on December 13, 2012, through correspondence from counsel for Samsung. (*Id.* ¶ 4, Ex. C.) The parties corresponded further between January 4, 2013 and February 8,

1   2013.  (*Id.* ¶¶ 5-9, Exs. D-H.)  The parties further discussed this set of document requests during the

2   February 15-16, 2013 lead counsel meet and confer.  (*Id.* ¶ 10.)  On March 1, 2013, Apple sent

3   Samsung a letter memorializing its position as discussed at the meet and confer.  (*Id.* ¶ 10, Ex. I.)

4   Samsung responded on March 14 explaining that based on counsel's representations in its March 1

5   letter, the parties appeared to be at impasse regarding request nos. 336-349. (*Id.* ¶ 11, Ex. J.)  Apple

6   responded on March 19, 2013; however, Apple's position remained unchanged from its March 1

7   letter.  (*Id.* ¶ 12, Ex. K.)

8

9                                    **ARGUMENT**

10  **I.    THE INFORMATION SOUGHT IS RELEVANT TO APPLE'S CLAIMS FOR
            LOST PROFITS AND INJUNCTIVE RELIEF**

11

12          Apple's claims for lost profits damages and injunctive relief require Apple to demonstrate its

13  alleged lost profits and irreparable harm are a result of Samsung's alleged infringement.  *Micro*

14  *Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003) ("To recover lost profits a patentee

15  must show that 'but for' infringement it reasonably would have made the additional profits enjoyed by

16  the infringer."); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1372 (Fed. Cir.

17  1991) ("A lost profits award requires (1) showing that the patent owner would have made the sale but

18  for the infringement, i.e., causation existed, and (2) proper evidence for the computation of the loss of

19  profits."); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012) ("[I]n cases

20  such as this—where the accused product includes many features of which only one (or a small

21  minority) infringe—a finding that the patentee will be at risk of irreparable harm does not alone justify

22  injunctive relief. Rather, the patentee must also establish that the harm is sufficiently related to the

23  infringement."). If sales are lost for another reason, Samsung cannot be liable for them.  The

24  information sought by these requests goes directly to this causation element.

25          Apple's expert declared that in 2011, Apple was the most valuable brand in the world.

26  (Thakur Decl. ¶ 13, Ex. L.)  The Apple brand is major driver of sales of its products, as Apple's own

27  documents demonstrate.  According to an Apple study, the number one reason consumers identified

28  for buying an iPhone instead of another smartphone was "wanted an iPhone/iOS."  (*Id.* ¶ 14, Ex. M.)

According to another Apple survey, the top reasons consumers stated for buying the iPhone 4S were "being a fan of Apple products" and "wanting the newest iPhone." (*Id*.)  And as Apple's own expert explained, according to 2011 iPhone buyer survey, "89% of U.S purchasers of an iPhone cited trust in the Apple brand as an important consideration in purchasing their device." (*Id*. ¶ 13, Ex. L.)  In other words, events that positively affect consumer perception of the Apple brand result in increased sales; events that detract from consumer perception of the brand result in lost sales.  Apple's own expert in the 1846 Action argued that "strong brands have a significant effect on the bottom-line of a firm" and that "[t]he profits generated by strong brands provide the firm with resources to make investments in new products and increases their probability of success in the market." (*Id*. ¶ 15, Ex. N.)

These requests seek documents related to *the impact on consumer perception of the Apple brand* of certain significant events and issues, many of which have been highly publicized in mainstream press, such as labor conditions in Apple's overseas factories.  Samsung is not seeking documents about the truth of these events or details regarding them.  Rather, Samsung is seeking documents that discuss these events in the context of their impact on Apple's brand and, by extension, Apple's sales.  When evaluating lost profit damages in various contexts, courts regularly hold that evidence of other factors likely to have impacted sales must be considered.  "If injury is shown to be attributable to factors for which the defendant cannot be held liable, then a damage case that ignores those factors must fail." *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 1013, 1017-18 (N.D. Cal. 1979) ("In sum, relations between Telex and Transamerica had broken down, Telex's products were technologically outdated and of inferior quality, and investors and customers alike shied away from a company whose accounting practices were publicly criticized. Even if damage to Transamerica by virtue of injuries to Telex were cognizable, Transamerica's damage claim makes no provision for the other factors that materially caused Telex's problems. Transamerica's damage claim also fails to take account of the recession that led to a decrease in demand in 1970 and 1971[.]"); *see also Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 459 (5th Cir. 2001) (trial court reduced jury's award of lost profit damages for tortious interference on the grounds that the "evidence did not support the jury award of $2 million, because it did not adequately address the numerous other factors that probably impacted Carbomedics's sales" and appellate court

-3-

affirmed); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 489 & n.262 (D.N.J. 2009) (declining to award lost profit damages on Lanham Act claim because plaintiff "failed to establish the threshold causation needed for an award of damages as there are other factors present which account for Bracco's lost profits and overshadow GEH's actual false advertising," noting there were "many other factors [] involved that were credible theories of causation").

In the preliminary injunction briefing, Apple pointed to sales declines in certain periods as evidence Samsung was causing lost sales. (Thakur Decl. ¶ 13, Ex. L.)  In response, Samsung's expert opined that various other factors were responsible for the alleged harms Apple was claiming.  (*Id.* ¶ 14, Ex. M.)  Samsung is entitled to discovery that will permit it to establish how any alleged lost profits in fact flow from other factors.  *See, e.g.*, *Sebastian Int'l, Inc. v. Russolillo*, 2005 WL 1323127, *7 (C.D. Cal. Feb. 22, 2005) (excluding expert report as deficient "because it fails to show that Plaintiff's declining sales was attributable to Defendants' [wrongful conduct] and not other causes unrelated to the alleged wrong"); *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, 2012 WL 761950, *5 (D. Mont. Mar. 8, 2012) (excluding expert's testimony on lost profit damages as "inadequate as a matter of law because he relies on unsupported assumptions and fails to consider other plausible causes of a purported decline in revenue growth"); *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) ("Dr. Hall's expert opinion should not have been admitted because it did not incorporate all aspects of the economic reality of the [] market and because it did not separate lawful from unlawful conduct. Because of the deficiencies in the foundation of the opinion, the expert's resulting conclusions were 'mere speculation.'"); *Prepaid Wireless Servs., Inc. v. Southwestern Bell Wireless, Inc.*, 2002 WL 34367328, *3 (S.D. Tex. July 23, 2002) (expert's report defective because damages model failed to account for "the extent to which Defendants' actions—rather than other elements-caused Plaintiff's alleged injuries.").  Apple must prove that its alleged lost sales are due to Samsung's alleged infringement.  If Apple lost sales as a result of factors unrelated to Samsung's alleged infringement, information bearing on those other causes is discoverable.

SAMSUNG'S MOTION TO COMPEL 7TH SET RFPS

II.    **THE INFORMATION SOUGHT RELATES TO ISSUES HIGHLY LIKELY TO HAVE HAD A MEANINGFUL IMPACT ON APPLE'S CLAIMED HARMS FROM SAMSUNG'S ALLEGED INFRINGEMENT**

Apple's claim that these requests seek "irrelevant" and "collateral" information "for the purpose of improper collateral attack on Apple's reputation" (Thakur Decl. ¶ 11, Ex. J)   is contradicted by the type of documents requested and the considerable press on many of the issues cited in the requests.  The existence of significant, mainstream press in and of itself demonstrates that these issues are not collateral and are likely to have had an effect on Apple.  Moreover, the substance of the reporting confirms that is in fact the case.

**A.    Request Nos. 337-338**

Request No. 337 seeks documents related to the impact of third party products on consumer perception of the Apple brand.  If Apple has documents discussing non-Samsung products it believes have contributed to the harms it claims Samsung's alleged infringement has caused, those documents are unquestionably relevant to Apple's ability to prove the causation required by its lost profits and injunctive relief claims as well as Samsung's ability to rebut Apple's proof.

Request No. 338 asks for documents related to any event that has impacted consumer perception of the Apple brand.  If Apple has documents discussing the impact of any event or product on its brand, Samsung is entitled to those documents.   Apple claims, without explanation or justification, that this request is too vague for it to collect and search for responsive documents.  Not so.  If Apple has studies related to its brand and events or issues that have impacted consumer perception of it, those can be located.  Apple's marketing department surely knows what brand studies it has.  Samsung cannot know every event or issue that has impacted consumer perception of the Apple brand or that Apple has studied.  This request ensures that Apple produces the entirety of relevant documents that bear on causation.

**B.    Request Nos. 339-342**

Request Nos. 339-341 seek documents related to the impact of labor conditions at Apple's overseas factories on consumer perception of the Apple brand.  Far from collateral, this issue has been heavily reported on and has undoubtedly (and reportedly) impacted Apple.  In January 2012, the New York Times ran a lengthy article entitled "In China, Human Costs Are Built Into an iPad", which

SAMSUNG'S MOTION TO COMPEL 7TH SET RFPS

reported on the "harsh conditions" inside the plants where "workers assembl[e] iPhones, iPads and other devices".  (*Id.* ¶ 16, Ex. O.)  According to an article in The Observer, these labor conditions and the publicity thereof have been a "public relations disaster" for Apple and its "public image took a dive after revelations about working conditions in the factories[]."  (*Id.* ¶ 17, Ex. P.)

The reporting on this issue has continued for an extended period of time.  In May 2012, CNN reported that "[t]he biggest manufacturer of iconic Apple products including the iPhone and the iPad has again come under fire for the alleged treatment of its workers," noting that Apple has been "severely criticized for conditions at Foxconn[]."  (*Id.* ¶ 18, Ex. Q.)

Request No. 342 seeks documents related to the boycott Apple campaign and its impact on consumer perception of the Apple brand.  It is highly likely Apple has studied this – there is a website devoted to it -- boycottapple.com -- as well as a social media hashtag #boycottapple.  According to the press, the exposure of the labor conditions at Apple's overseas factories triggered the boycott movement.  (*Id.* ¶ 17, Ex. P.)  At least one major city has in fact "boycotted" certain Apple products.  According to the Huffington Post article "San Francisco Boycotts Apple", the city stopped purchasing certain Apple products after Apple withdrew from an environmental ratings registry.  (*Id.* ¶ 19, Ex. R.)

A boycott – by definition – has a direct impact on sales of Apple products.  Samsung is entitled to determine how much of an impact and thus is entitled to discovery into what Apple thinks the impact has been.

**C.      Request Nos. 343-349**

These requests seek documents related to the impact of litigation in which Apple has been involved on consumer perception of the Apple brand.  Apple's litigation practices have also been the subject of significant press.  For example, in October 2012 the New York Times ran a lengthy article entitled "The Patent, Used as a Sword" which reported that Apple has been "the most significant player" in technology companies' "patent battles" and detailed Apple's litigation strategy and its offensive use of its patents.  (*Id.* ¶ 20, Ex. S.)  The Washington Post ran an article about the *Apple v. Samsung I* case entitled "Why Apple needs to lose the Samsung appeal" in which the author, a self proclaimed "huge Apple fan," opined that an "Apple victory will escalate the patent wars and cause more innovative startups to get trampled[.]"  (*Id.* ¶ 21, Ex. T.)

1    According to an article in Forbes, Apple's litigation against Samsung has triggered negative

2    reactions from its own fan base.  The Forbes article entitled "Here's How Apple's Reputation Dived

3    After the Samsung Verdict" stated that "[f]ollowing the [*Apple v. Samsung I*] verdict, a significant

4    portion of comments on the Apple Facebook page were strong reactions against Apple's use of the

5    patent laws for what was seen as trivial innovation[,]" that "the reaction against the [Apple] brand is

6    coming from its own fan base" and that social media studies have concluded that this litigation has

7    "alienated members of Apple's core fan base[.]"  (*Id.* ¶ 22, Ex. U.)

8    These highly publicized issues are reportedly affecting Apple and its brand.  Apple has likely

9    studied the impact of at least some of these events on its brand or sales.  Indeed, if Apple had no

10   documents discussing the impact these events have had on it, it could have just said that.  It has not.

11   Apple's refusal to produce documents related to the impact these other factors have had on the harms

12   it claims Samsung's alleged infringement has caused is unjustified.

13   **III.    APPLE'S BOILERPLATE OBJECTIONS ARE MERITLESS**

14   In addition to its relevance objection, Apple has also asserted a litany of boilerplate objections.

15   However, Apple has not, in correspondence or during the meet and confer, substantiated any of its

16   boilerplate objections.  Such unsubstantiated boilerplate objections are insufficient to justify a refusal

17   to produce.  *Dolarian Capital, Inc. v. SOC, LLC*, 2012 WL 4026818, *2 (E.D. Cal. Sept. 12, 2012)

18   ("Generic, boilerplate objections to discovery are not sufficient."); *F.T.C. v. AMG Servs., Inc.*, 2012

19   WL 3730561, *9 (D. Nev. Aug. 28, 2012) ("party resisting discovery bears the burden of showing

20   why a discovery request should be denied. [citation omitted] The 'objecting party must specifically

21   detail the reasons why each request is irrelevant' and may not rely on boilerplate, generalized,

22   conclusory, or speculative arguments.").

23                    **CONCLUSION**

24   For the foregoing reasons, the Court should grant Samsung's Motion to Compel in full.

25

26

27

28

SAMSUNG'S MOTION TO COMPEL 7TH SET RFPS

1    DATED: April 2, 2013                    QUINN EMANUEL URQUHART &
2                                            SULLIVAN, LLP

3                                            By /s/ Michael L. Fazio
                                            _____
4                                               Charles K. Verhoeven
                                                Kevin A. Smith
5                                               Kevin P.B. Johnson
                                                Victoria F. Maroulis
6                                               William C. Price
                                                Michael L. Fazio
7
8                                               Attorneys for SAMSUNG ELECTRONICS CO.,
                                                LTD., SAMSUNG ELECTRONICS AMERICA,
9                                               INC., and SAMSUNG
                                                TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28