| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF AMAR L. THAKUR IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION (RFP NOS. 337-349)** |

I, Amar L. Thakur, declare as follows:

1. I am a member of the bar of the State of California and a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung").  I submit this declaration in support of Samsung's Motion to Compel Production of Documents Responsive to Samsung's Seventh Set of Requests for Production (RFP Nos. 337-349).  I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. A true and correct copy of Samsung's Seventh Set of Requests for Production of Documents and Things, dated October 29, 2012, is attached hereto as **Exhibit A**.

3. A true and correct copy of Apple Inc.'s Objections and Responses to Samsung's Seventh Set of Requests for Production, dated November 28, 2012, is attached hereto as **Exhibit B**.

4. Samsung initiated the meet and confer process with respect to Samsung's Seventh Set of Requests by a letter dated December 13, 2012.  A true and correct copy of that letter from Scott Watson of Quinn Emanuel to Josh Krevitt and Mark Lyon of Gibson Dunn & Crutcher, LLP, is attached hereto as **Exhibit C**.

5. A true and correct copy of a letter from Scott Watson of Quinn Emanuel to Josh Krevitt and Mark Lyon of Gibson Dunn & Crutcher, LLP, dated January 4, 2013, is attached hereto as **Exhibit D**.

6. A true and correct copy of a letter from Scott Watson of Quinn Emanuel to Josh Krevitt and Mark Lyon of Gibson Dunn & Crutcher, LLP, dated January 11, 2013, is attached hereto as **Exhibit E**.

7. A true and correct copy of a letter from Michael Valek of Gibson Dunn & Crutcher, LLP, to Scott Watson of Quinn Emanuel, dated January 15, 2013, is attached hereto as **Exhibit F**.

8. A true and correct copy of a letter from Scott Watson of Quinn Emanuel to Michael Valek of Gibson Dunn & Crutcher, LLP, dated January 28, 2013, is attached hereto as **Exhibit G**.

9. A true and correct copy of a letter from me to Michael Valek of Gibson Dunn & Crutcher, LLP, dated February 8, 2013, is attached hereto as **Exhibit H**.

10. On February 15-16, 2013, Samsung and Apple met for a 2-day in-person meet and confer at Quinn Emanuel's offices in Los Angeles. I was present for this meeting. At that meeting, the parties discussed Apple's objections and responses to Samsung's Seventh Set of Request for Production, including Apple's objections to Nos. 337-349. Apple's position stated at this meet and confer is accurately memorialized in a letter from Michael Valek of Gibson Dunn & Crutcher, LLP, to Michael Fazio of Quinn Emanuel, dated March 1, 2013, a true and correct copy of which is attached hereto as **Exhibit I**.

11. A true and correct copy of a letter from Scott Watson of Quinn Emanuel to Michael Valek of Gibson Dunn & Crutcher, LLP, dated March 14, 2013, is attached hereto as **Exhibit J**.

12. A true and correct copy a letter from Michael Valek of Gibson Dunn & Crutcher, LLP, to Scott Watson of Quinn Emanuel, dated March 19, 2013, is attached hereto as **Exhibit K**.

13. A true and correct copy of excerpts of the Declaration of Christopher Vellturo, Ph.D. in support of Apple's Motion for a Preliminary Injunction, dated February 8, 2012 is attached hereto as **Exhibit L**.

14. A true and correct copy of excerpts of the Declaration of Michael Wagner in support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction, dated April 23, 2012, is attached hereto as **Exhibit M**.

15. A true and correct copy of excerpts of the Expert Report of Russell Winer from the 1846 Action, dated March 22, 2012, is attached hereto as **Exhibit N**.

16. A true and correct copy of a New York Times article entitled "In China, Human Costs Are Built Into an iPad" dated January 25, 2012, is attached hereto as **Exhibit O**.

17. A true and correct copy of an article in The Observer entitled "Apple hit by boycott call over worker abuses in China" dated January 28, 2012, is attached hereto as **Exhibit P**.

18. A true and correct copy of a CNN article entitled "Report: Poor conditions continue at Apple's China suppliers" dated May 31, 2012, is attached hereto as **Exhibit Q**.

19. A true and correct copy of a Huffington Post article entitled "San Francisco Boycotts Apple: Company's Withdrawal From Environmental Ratings Registry Sparks Anger" dated July 11, 2012, is attached hereto as **Exhibit R**.

20. A true and correct copy of a New York Times article entitled "The Patent, Used as a Sword" dated October 7, 2012, is attached hereto as **Exhibit S**.

21. A true and correct copy of a Washington Post article entitled "Why Apple needs to lose the Samsung appeal" dated August 30, 2012, is attached hereto as **Exhibit T**.

22. A true and correct copy of a Forbes article entitled "Here's How Apple's Reputation Dived After the Samsung Verdict" dated September 6, 2012, is attached hereto as **Exhibit U**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2013, at Los Angeles, California.

*/s/ Amar L. Thakur*
Amar L. Thakur