# EXHIBIT A

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for inspection and copying the documents and things set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017, within 30 days.

## DEFINITIONS

1. The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2. The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

3. The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This includes copies which differ from the original in any way, including handwritten notations or other written or printed matter.   It also includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form.

4. "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

5. The term "RELATING TO " or "RELATED TO" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving,

describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

6. The term "APPLE PATENTS" shall mean U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, 8,086,604, and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents.

7. The term "PATENTED FEATURES" shall mean the alleged inventions claimed by the APPLE PATENTS and their commercial embodiments.

8. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

9. The word "each" includes the word "every," and the word "every" includes the word "each," as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

10. The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

11. The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

12. The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

**INSTRUCTIONS**

1. Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

4. These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5. To the extent these Requests for Production encompass documents or things produced in response to SAMSUNG's preliminary injunction discovery requests, such documents or things need not be produced again in response to these Requests for Production.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 300:**

All DOCUMENTS RELATING TO the royalty rates paid to YOU by any licensee for the use of other patents YOU contend are comparable to the APPLE PATENTS, including but not limited to licenses granted as a package with other patents YOU contend are not comparable to the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 301:**

All DOCUMENTS RELATING TO the nature and scope of any license, current or prior, to any of the APPLE PATENTS, including but not limited to exclusivity terms, territory

1 restrictions, and restrictions as to whom the manufactured product using the PATENTED
2 FEATURES may be sold.

**REQUEST FOR PRODUCTION NO. 302:**

All DOCUMENTS RELATING TO YOUR licensing policies or marketing programs for YOUR patented inventions generally, including but not limited to any policy or program to only grant licenses under special circumstances.

**REQUEST FOR PRODUCTION NO. 303:**

All DOCUMENTS RELATING TO the effect the sale of products practicing the APPLE PATENTS has, or is projected to have, on the sale of any of YOUR licensees' products that do not practice the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

**REQUEST FOR PRODUCTION NO. 304:**

All DOCUMENTS RELATING TO the existing value of the inventions embodied by the APPLE PATENTS to any of YOUR licensees, current or former, as a generator of sales for the licensees' products that do not practice the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

**REQUEST FOR PRODUCTION NO. 305:**

All DOCUMENTS RELATING TO the effect the sale of APPLE products practicing the APPLE PATENTS has, or is projected to have, on the sale of APPLE products that do not practice the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

**REQUEST FOR PRODUCTION NO. 306:**

All DOCUMENTS RELATING TO the existing value of the inventions embodied by the APPLE PATENTS to YOU as a generator of sales for any APPLE products that do not practice the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

**REQUEST FOR PRODUCTION NO. 307:**

All DOCUMENTS RELATING TO the term of any license YOU have granted, or offered, on the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 308:**

DOCUMENTS sufficient to determine the duration of the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 309:**

All DOCUMENTS RELATING TO the established or projected profitability and commercial success of any of YOUR licensees' products that practice any of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 310:**

All DOCUMENTS RELATING TO the current or projected popularity of any of YOUR licensees' products that practice any of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 311:**

All DOCUMENTS RELATING TO the established or projected profitability and commercial success of each APPLE product that practices any of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 312:**

All DOCUMENTS RELATING TO the current or projected popularity of each APPLE product that practices any of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 313:**

All DOCUMENTS RELATING TO the utility and advantages, or lack thereof, of the PATENTED FEATURES over the old modes or devices, if any, that had been used for working out similar results.

**REQUEST FOR PRODUCTION NO. 314:**

All DOCUMENTS RELATING TO any incremental improvement the PATENTED FEATURES offer over alternate, similar features that YOU do not contend infringe.

**REQUEST FOR PRODUCTION NO. 315:**

All DOCUMENTS RELATING TO the nature of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 316:**

All DOCUMENTS RELATING TO the character of the commercial embodiment of the PATENTED FEATURES as owned and produced by YOU.

**REQUEST FOR PRODUCTION NO. 317:**

All DOCUMENTS RELATING TO the benefits of using the PATENTED FEATURES to YOUR licensees, current or former.

**REQUEST FOR PRODUCTION NO. 318:**

All DOCUMENTS RELATING TO the benefits YOU have realized as result of YOUR use of the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 319:**

All DOCUMENTS RELATING TO the extent to which YOUR licensees, current or former, have made use of the PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

**REQUEST FOR PRODUCTION NO. 320:**

All DOCUMENTS RELATING TO the extent to which YOU have made use of the PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

**REQUEST FOR PRODUCTION NO. 321:**

All DOCUMENTS reflecting calculations or estimates of the value of the use of the PATENTED FEATURES by anyone YOU contend infringes the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 322:**

All DOCUMENTS RELATING TO the portion of the profit or selling price of any smartphone or tablet that may be customary in the industry to allow for the use of the PATENTED FEATURES or comparable patented features.

**REQUEST FOR PRODUCTION NO. 323:**

All DOCUMENTS RELATING TO the portion of the realizable profit of any smartphone or tablet that should be credited to the PATENTED FEATURES as distinguished from the non-patented elements, the manufacturing process, business risks, or other significant features or improvements.

**REQUEST FOR PRODUCTION NO. 324:**

All DOCUMENTS supporting the amount of royalty YOU contend YOU and SAMSUNG would have agreed upon at the time YOU allege SAMSUNG began to infringe the APPLE

PATENTS if YOU and SAMSUNG had been reasonably and voluntarily trying to reach a licensing agreement.

**REQUEST FOR PRODUCTION NO. 325:**

All DOCUMENTS RELATING TO any consideration, negotiation, recommendation, or proposal to license, buy, acquire or otherwise obtain rights under any of the APPLE PATENTS or related patent applications.

**REQUEST FOR PRODUCTION NO. 326:**

All DOCUMENTS RELATING TO the *Georgia Pacific* factors as those factors relate to APPLE's claim for damages arising from SAMSUNG's alleged infringement of the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 327:**

All DOCUMENTS reflecting any of YOUR licenses for any of YOUR smartphone or tablet-related patents.

**REQUEST FOR PRODUCTION NO. 328:**

All DOCUMENTS RELATING TO the value of the APPLE brand from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 329:**

All DOCUMENTS RELATING TO the value of the APPLE brand to smartphone consumers from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 330:**

All DOCUMENTS RELATING TO the value of the APPLE brand to tablet consumers from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 331:**

All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the smartphone market from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 332:**

All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the tablet market from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 333:**

All DOCUMENTS RELATING TO the value of the APPLE brand and its effect on consumer demand for APPLE products from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 334:**

All brand tracking studies or similar DOCUMENTS reflecting consumer perception of the APPLE brand from 2007 to the present.

**REQUEST FOR PRODUCTION NO. 335:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any APPLE product.

**REQUEST FOR PRODUCTION NO. 336:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any SAMSUNG product.

**REQUEST FOR PRODUCTION NO. 337:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any third-party product.

**REQUEST FOR PRODUCTION NO. 338:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any event.

**REQUEST FOR PRODUCTION NO. 339:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any reports regarding the labor conditions at facilities that manufacture any APPLE product.

**REQUEST FOR PRODUCTION NO. 340:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

**REQUEST FOR PRODUCTION NO. 341:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) as a result of the Students and Scholars Against Corporate Misbehavior reports on Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

**REQUEST FOR PRODUCTION NO. 342:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand of the hashtag #boycottapple.

**REQUEST FOR PRODUCTION NO. 343:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of this lawsuit.

1  **REQUEST FOR PRODUCTION NO. 344:**

2  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

3  brand (whether negative or positive) of any other lawsuit between APPLE and SAMSUNG.

4

5  **REQUEST FOR PRODUCTION NO. 345:**

6  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

7  brand (whether negative or positive) of any other lawsuit between APPLE and a third-party

8  smartphone manufacturer.

9

10  **REQUEST FOR PRODUCTION NO. 346:**

11  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

12  brand (whether negative or positive) of any other lawsuit between APPLE and a third-party tablet

13  manufacturer.

14

15  **REQUEST FOR PRODUCTION NO. 347:**

16  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

17  brand (whether negative or positive) of any patent litigation that APPLE has initiated since 2010.

18

19  **REQUEST FOR PRODUCTION NO. 348:**

20  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

21  brand (whether negative or positive) of APPLE's patent litigation practices.

22

23  **REQUEST FOR PRODUCTION NO. 349:**

24  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE

25  brand (whether negative or positive) of APPLE's use of intellectual property litigation as a

26  business strategy.

27

28

| | |
|---|---|
| DATED: October 29, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/ Scott L. Watson
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price

John Caracappa (*pro hac vice*)
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington DC 20036
TEL:   202-429-6267
FAX:   202-429-3902

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC