# EXHIBIT B

1  JOSH A. KREVITT (CA SBN 208552)
   jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
   mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   1881 Page Mill Road
4  Palo Alto, CA  94304-1211
   Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333

   HAROLD J. MCELHINNY (CA SBN 66781)
   hmcelhinny@mofo.com
   MICHAEL A. JACOBS (CA SBN 111664)
   mjacobs@mofo.com
   RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
   MORRISON & FOERSTER LLP
   425 Market Street
   San Francisco, California 94105-2482
   Telephone: (415) 268-7000
   Facsimile: (415) 268-7522

7  *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

8
9          UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11
12  APPLE INC., a California corporation,

13                   Plaintiff,

                         v.                          CASE NO. 12-cv-00630-LHK (PSG)

14  SAMSUNG ELECTRONICS CO., LTD., a               **APPLE INC.'S OBJECTIONS AND**
15  Korean corporation; SAMSUNG                    **RESPONSES TO SAMSUNG'S**
    ELECTRONICS AMERICA, INC., a New              **SEVENTH SET OF REQUESTS FOR**
16  York corporation; and SAMSUNG                  **PRODUCTION OF DOCUMENTS AND**
    TELECOMMUNICATIONS AMERICA,                    **THINGS**
17  LLC, a Delaware limited liability company,

18                 Defendants.

19
20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
21  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
22  LLC, a Delaware limited liability company,

23              Counterclaim-Plaintiffs,

24                   v.

25  APPLE INC., a California corporation,

26             Counterclaim-Defendant.

27
28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Seventh Set of Requests for Production of Documents and Things served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on October 29, 2012 (the "Requests") as follows:

## GENERAL OBJECTIONS

1.     Apple incorporates the General Objections included in its Objections and Responses to Samsung's First, Second, Third, Fourth, Fifth, and Sixth Sets of Requests for Production.  Apple also makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Samsung's Seventh Set of Requests for Production.  These General Objections are hereby incorporated into each specific response.  The assertion of the same, similar, or additional objections or partial responses to the individual requests does not waive any of Apple's General Objections.

2.     These responses are made solely for the purpose of the above-entitled action.  Apple will respond to the Requests on the basis of the best information available to it at the time of gathering responsive materials, and within the limits and subject to the objections described below.  Further investigation may reveal additional information that is responsive to these Requests.  Apple reserves the right to continue discovery and investigation into this matter and to present additional information discovered after the date of the present responses.  Apple's responses to these Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any ground at any time to a demand or request for further response; and the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

3.     Apple objects to each and every definition, instruction, and request to the extent it seeks to impose upon Apple any obligations broader than, different from, or in addition to those

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    2

1    imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of

2    the United States District Court for the Northern District of California, and/or the Court's Orders.

3    Apple also objects to the Requests as overbroad, unduly burdensome, and not consistent with the

4    Federal Rules of Civil Procedure and Evidence to the extent that they seek production of documents

5    that are already in the possession, custody, or control of Samsung and/or its legal counsel, publicly

6    available, unreasonably cumulative, duplicative of, already known, and/or equally available to

7    Samsung and/or its legal counsel.

8         4.    Apple's responses herein, or any production of documents by Apple, are not an

9    admission that responsive documents exist, that all responsive documents will be produced, or that

10   produced documents are responsive.  Further, Apple's response to any particular request should not

11   be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the

12   request, or that the response constitutes admissible evidence.  No response to any portion of any

13   request shall be deemed a waiver of any objection not set forth herein that could be made to any such

14   portion of the request regarding relevancy of the information or its admissibility.  Rather, these

15   responses and any documents produced reflect Apple's attempt to produce non-privileged documents

16   as they are kept in the ordinary course of business and within the timeline set forth by the appropriate

17   Court Orders.

18        5.    Apple objects to the Requests to the extent that they seek documents that are not

19   relevant to the claims or defenses of any party in this litigation and not reasonably calculated to lead

20   to the discovery of admissible evidence.  Apple further objects to the Requests to the extent they are

21   not limited in time and seek documents for periods of time that are not relevant to any claim or

22   defense.  Apple also objects to any Request that seeks irrelevant documents about Apple's products

23   or business operations.  Such requests are overbroad and unduly burdensome.  Apple will only

24   produce documents that are relevant to the patents-in-suit or are otherwise related to the claims or

25   defenses of the parties asserted by the parties in this litigation.

26        6.    Apple objects to the Requests to the extent that they purport to define words or phrases

27   to have a meaning different from their commonly understood meaning or to include more than their

28   commonly understood definitions.  Apple will make, and has made, reasonable efforts to respond to

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-CV-00630-LHK (PSG)                    3

1   these Requests, to the extent that no objection is made, as Apple reasonably understands and

2   interprets each Request.  If Samsung subsequently asserts any interpretation of any Request that

3   differs from the interpretation of Apple, Apple reserves the right to supplement and amend its

4   objections and responses.

5           7.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and

6   "YOUR" to the extent they purport to include persons or entities that are separate and distinct from

7   Apple and are not under Apple's control.  Apple will thus define all such terms, and limit its

8   responses accordingly, to mean Apple Inc.

9           8.      Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" to the

10  extent that it purports to impose conditions, obligations, or duties beyond those required by Rules 26

11  and 34 of the Federal Rules of Civil Procedure.  For purposes of responding to these Requests, Apple

12  interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its ordinary meaning

13  found in the Federal Rules of Civil Procedure.

14          9.      Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that

15  it is vague, overly broad, and unduly burdensome.  Samsung's definition of this term renders each

16  Request incorporating the term vague, overly broad, and unduly burdensome.

17          10.     Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED

18  TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad.  Apple further

19  objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate

20  the mental impressions of counsel in order to make a proper response.  Samsung's definition of this

21  term renders each request incorporating the term overly broad, vague, ambiguous, and unduly

22  burdensome.

23          11.     Apple objects to Samsung's definition of the term "APPLE PATENTS" as inaccurate,

24  vague, overly broad, and unduly burdensome.  Apple shall interpret the phrase "APPLE PATENTS"

25  to mean, collectively and separately, asserted U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959,

26  7,761,414, 8,014,760, 8,046,721, 8,074,172, and 8,086,604.

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                                    4

12.     Apple objects to Samsung's definition of the term "PATENTED FEATURES" as vague, overly broad, and unduly burdensome as defined, including but not limited to the grounds that it is not limited to the asserted Apple Patents.

13.     Apple objects to the requests on the grounds and to the extent they seek information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.

14.     Apple objects to all definitions, instructions, and requests to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

15.     Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests. Apple further objects because it is impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

16.     Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation.  Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced.  Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log.  Further, all communications between Apple and its legal

1   counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the

2   joint defense or common interest privilege, or documents reflecting the instructions or advice of

3   counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such

4   communications will be provided.

5         17.    Apple objects to any Request to the extent it is premature and/or to the extent that it:

6   (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of

7   expert testimony; (c) seeks information and/or responses that are dependent on the Court's

8   construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or

9   responses that are dependent on depositions and documents that have not been taken or produced.

10         18.    To the extent any Request seeks the production of software and/or code that is within

11   the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such

12   software, code, and/or computer files, or documents containing such discussion or excerpts of such

13   software and/or code therein, in accordance with the procedures set forth in the terms of the

14   Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action,

15   as adopted pursuant to the March 29, 2012 Stipulation and Order Regarding Discovery.

16         19.    Apple objects to each and every Request to the extent that it seeks to require Apple to

17   identify or produce any information or documents that contain the private, confidential, or privileged

18   information of third parties, including but not limited to third party business or technical information

19   and/or user or customer personal information, which Apple is under an obligation not to disclose.

20         20.    Apple objects to each and every Request as overbroad, unduly burdensome, and

21   irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary,

22   competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise

23   related to the claims or defenses asserted by the parties in this litigation.  This includes information

24   covered by confidentiality agreements between Apple and any third party.  Apple will produce such

25   document(s) subject to the Protective Order and subject to notice to third parties, only where such

26   documents are relevant and as necessary.

27         21.    Apple objects to the Requests to the extent they seek documents that are not in the

28   possession, custody, or control of Apple, purport to require Apple to speculate about the identity of

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)     6

1  persons who might have responsive documents, and/or purport to call for documents that Apple no

2  longer possesses and/or was under no obligation to maintain.

3      Subject to the foregoing qualifications and General Objections and the specific objections

4  made below, Apple objects and responds to Samsung's Seventh Set of Requests for Production and

5  Things as follows:

6                    **SPECIFIC OBJECTIONS AND RESPONSES**

7      Subject to its General and Specific Objections, Apple will conduct a reasonable search for

8  relevant and responsive documents.

9  **REQUEST FOR PRODUCTION NO. 300:**

10     All DOCUMENTS RELATING TO the royalty rates paid to YOU by any licensee for the use

11 of other patents YOU contend are comparable to the APPLE PATENTS, including but not limited to

12 licenses granted as a package with other patents YOU contend are not comparable to the APPLE

13 PATENTS.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 300:**

15     Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

16 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

17 calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

18 terms "ALL DOCUMENTS RELATING TO," "the royalty rates paid to YOU by any licensee,"

19 "use," "other patents," "comparable," "not comparable," "granted as a package with other patents

20 YOU contend are not comparable to the APPLE PATENTS," and "APPLE PATENTS."  Apple

21 objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and

22 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

23 admissible evidence on the grounds and to the extent that it seeks documents other than licenses for

24 the asserted Apple Patents, and other than  documents sufficient to show the royalty rates for the

25 licenses to the asserted Apple Patents and "comparable" technology, or that might otherwise be

26 relevant to determining a reasonable royalty rate for a license to the asserted Apple Patents.  Apple

27 further objects to this request on the grounds and to the extent that it requires a legal conclusion or

28 otherwise implicates the mental impressions of counsel, particularly to the extent that it requires an

Gibson, Dunn & Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                 7

analysis of what constitutes being "comparable."  Apple objects to this request to the extent it seeks

documents outside of Apple's possession, custody, or control.  Apple objects to this request on the

grounds and to the extent that it seeks information protected from disclosure by the attorney-client

privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any

other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil

Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or

proprietary information not made publicly available, including confidential information of third

parties, which Apple is under an obligation not to disclose.  Apple still further objects to this request

on the grounds and to the extent it seeks information outside the scope of discovery ordered by the

Court in its June 5, 2012 Order.  *See* D.I. 202.

Subject to and without waiving the foregoing General and Specific Objections, Apple has

produced or will produce non-privileged responsive documents in its possession, custody, or control,

if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 301:**

All DOCUMENTS RELATING TO the nature and scope of any license, current or prior, to

any of the APPLE PATENTS, including but not limited to exclusivity terms, territory restrictions,

and restrictions as to whom the manufactured product using the PATENTED FEATURES may be

sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 301:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

terms "ALL DOCUMENTS RELATING TO," "nature and scope," "any license, current or prior, to

any of the APPLE PATENTS," "exclusivity terms," "territory restrictions," "restrictions,"

"manufactured product using the PATENTED FEATURES," "PATENTED FEATURES," "may be

sold," "as to whom the manufactured product using the PATENTED FEATURES may be sold," and

"using."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible

1    evidence, particularly on the grounds that "APPLE PATENTS" and "PATENTED FEATURES" are

2    not limited to the asserted Apple Patents.  Apple objects to this request on the grounds and to the

3    extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor

4    reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent

5    that it seeks documents other than licenses for the asserted Apple Patents, as well as on the grounds

6    and to the extent that it is not limited to other documents sufficient to show the terms of such

7    licenses.  Apple objects to this request on the grounds and to the extent that it seeks information

8    protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

9    joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,

10   as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

11   this request to the extent it seeks confidential or proprietary information not made publicly available,

12   including confidential information of third parties, which Apple is under an obligation not to disclose.

13   Apple still further objects to this request on the grounds and to the extent it seeks information outside

14   the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.

15        Subject to and without waiving the foregoing General and Specific Objections, Apple has

16   produced or will produce non-privileged responsive documents in its possession, custody, or control,

17   if any, that can be located after a reasonably diligent search.

18   **REQUEST FOR PRODUCTION NO. 302:**

19        All DOCUMENTS RELATING TO YOUR licensing policies or marketing programs for

20   YOUR patented inventions generally, including but not limited to any policy or program to only

21   grant licenses under special circumstances.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 302:**

23        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

24   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

25   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

26   terms "ALL DOCUMENTS RELATING TO," "licensing policies," "marketing programs,"

27   "licensing policies or marketing programs for YOUR patented inventions generally," "YOUR

28   patented inventions generally," "generally," "any policy of program," "only grant licenses under

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    9

special circumstances," and "special circumstances."  Apple objects to this request on the grounds

and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks

documents other than those sufficient to show Apple's general licensing policy or practices as they

relate to its patents.  Apple objects to this request on the grounds and to the extent that it seeks

information protected from disclosure by the attorney-client privilege, the attorney work product

doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine,

or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further

objects to this request to the extent it seeks confidential or proprietary information not made publicly

available, including confidential information of third parties, which Apple is under an obligation not

to disclose.  Apple still further objects to this request on the grounds and to the extent it seeks

information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I.

202.

Subject to and without waiving the foregoing General and Specific Objections, Apple has

produced or will produce non-privileged responsive documents in its possession, custody, or control,

if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 303:**

All DOCUMENTS RELATING TO the effect the sale of products practicing the APPLE

PATENTS has, or is projected to have, on the sale of any of YOUR licensees' products that do not

practice the APPLE PATENTS, including but not limited to the extent of such derivative or

convoyed sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 303:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

terms "ALL DOCUMENTS RELATING TO," "effect," "the effect the sale of products practicing the

APPLE PATENTS has or is projected to have," "products practicing the APPLE PATENTS," "any

of YOUR licensees' products that do not practice the APPLE PATENTS," "extent," "projected,"

"such derivative or convoyed sales," "derivative," and "convoyed."  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the effect of the Apple Patents or Apple products that Apple believes to practice one or more of the asserted Apple Patent claims upon the sales of Apple's products or services, and otherwise seeks documents other than those reasonably calculated to lead to the discovery of admissible evidence relating to showing the harm to Apple from the Samsung Accused Products.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.  Apple also objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, and would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a licensee's product does or does not practice the asserted Apple Patents.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 304.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 304:**

All DOCUMENTS RELATING TO the existing value of the inventions embodied by the APPLE PATENTS to any of YOUR licensees, current or former, as a generator of sales for the licensees' products that do not practice the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 304:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "existing value," "inventions embodied by the APPLE PATENTS," "to any of YOUR licensees, current or former," "generator of sales," "licensees' products that do not practice the APPLE PATENTs," "such derivative or convoyed sales," "derivative," and "convoyed."  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those relating to the effect of the Apple Patents or products that Apple believes to practice one or more of the asserted Apple Patent claims upon the sales of Apple's products or services, and otherwise seeks documents other than those reasonably calculated to lead to the discovery of admissible evidence relating to showing the harm to Apple from the Samsung Accused Products.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    12

1   to disclose.  Apple also objects to this request on the grounds and to the extent that it is overly broad,

2   unduly burdensome, and would require Apple to make a legal conclusion or implicate the mental

3   impressions of counsel in order to make a proper response, including but not limited to being required

4   to make a legal conclusion about whether a licensee's product does or does not practice the asserted

5   Apple Patents. Apple still further objects to this request on the grounds and to the extent it seeks

6   information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I.

7   202.  Apple also objects to this request as duplicative of Samsung's other requests, including but not

8   limited to Request Nos. 303, 309, 317, and 319.

9       Subject to and without waiving the foregoing General and Specific Objections, Apple has

10   produced or will produce non-privileged responsive documents in its possession, custody, or control,

11   if any, that can be located after a reasonably diligent search.

12   **REQUEST FOR PRODUCTION NO. 305:**

13       All DOCUMENTS RELATING TO the effect the sale of APPLE products practicing the

14   APPLE PATENTS has, or is projected to have, on the sale of APPLE products that do not practice

15   the APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 305:**

17       Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

18   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

19   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

20   terms "ALL DOCUMENTS RELATING TO," "effect," "the effect the sale of APPLE products

21   practicing the APPLE PATENTS has, or is projected to have," "Apple products practicing the

22   APPLE PATENTs," "projected," "sale of APPLE products that do not practice the APPLE

23   PATENTS," "APPLE PATENTS," "derivative or convoyed sales," "derivative," and "convoyed."

24   Apple also objects to this request on the grounds and to the extent that it would require Apple to

25   make a legal conclusion or implicate the mental impressions of counsel in order to make a proper

26   response.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly

27   burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the

28   discovery of admissible evidence on the grounds and to the extent that it seeks documents other than

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    13

1    those relating to the effect of the Apple Patents or products that Apple believes to practice one or

2    more of the asserted Apple Patent claims upon the sales of Apple's products or services, and

3    otherwise seeks documents other than those reasonably calculated to lead to the discovery of

4    admissible evidence relating to showing the harm to Apple from the Samsung Accused Products.

5    Apple objects to this request on the grounds and to the extent that it seeks information protected from

6    disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

7    common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

8    protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

9    the extent it seeks confidential or proprietary information not made publicly available.  Apple also

10   objects to this request as duplicative of Samsung's other requests, including but not limited to

11   Request No. 306.

12        Subject to and without waiving the foregoing General and Specific Objections, Apple has

13   produced or will produce non-privileged responsive documents in its possession, custody, or control,

14   if any, that can be located after a reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 306:**

16        All DOCUMENTS RELATING TO the existing value of the inventions embodied by the

17   APPLE PATENTS to YOU as a generator of sales for any APPLE products that do not practice the

18   APPLE PATENTS, including but not limited to the extent of such derivative or convoyed sales.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 306:**

20        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

21   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

22   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

23   terms "ALL DOCUMENTS RELATING TO," "existing value," "inventions embodied by the

24   APPLE PATENTS," "generator of sales," "any APPLE products that do not practice the APPLE

25   PATENTS," "APPLE PATENTS," "derivative or convoyed sales," "derivative," and "convoyed."

26   Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

27   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

28   calculated to lead to the discovery of admissible evidence particularly to the extent that it is not

Gibson, Dunn &
Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)          14

1  limited in its temporal or geographic scope appropriately.  Apple also objects to this request on the

2  grounds and to the extent that it would require Apple to make a legal conclusion or implicate the

3  mental impressions of counsel in order to make a proper response.  Apple objects to this request on

4  the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is

5  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

6  grounds and to the extent that it seeks documents other than those sufficient to show the effect of the

7  Apple Patents or products that Apple believes to practice one or more of the asserted Apple Patent

8  claims upon the sales of Apple's products or services, and otherwise seeks documents other than

9  those reasonably calculated to lead to the discovery of admissible evidence relating to showing the

10  harm to Apple from the Samsung Accused Products.  Apple objects to this request on the grounds

11  and to the extent that it seeks information protected from disclosure by the attorney-client privilege,

12  the attorney work product doctrine, the joint defense or common interest privilege, or any other

13  applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil

14  Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or

15  proprietary information not made publicly available.  Apple also objects to this request as duplicative

16  of Samsung's other requests, including but not limited to Request No. 305.

17      Subject to and without waiving the foregoing General and Specific Objections, Apple has

18  produced or will produce non-privileged responsive documents in its possession, custody, or control,

19  if any, that can be located after a reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 307:**

21      All DOCUMENTS RELATING TO the term of any license YOU have granted, or offered, on

22  the APPLE PATENTS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 307:**

24      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

25  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

26  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

27  terms "ALL DOCUMENTS RELATING TO," "term," "any license," "have granted, or offered," and

28  "APPLE PATENTS."  Apple objects to this request on the grounds and to the extent it is overly

broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than licenses for the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties that Apple is under an obligation not to disclose.  Apple still further objects to this request on the grounds and to the extent it seeks information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 301.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 308:**

DOCUMENTS sufficient to determine the duration of the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 308:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "determine," "duration," and "APPLE PATENTS."  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the term of the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    16

information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request on the grounds and to the extent that it calls for information equally available to Samsung as to Apple.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 309:**

All DOCUMENTS RELATING TO the established or projected profitability and commercial success of any of YOUR licensees' products that practice any of the PATENTED FEATURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 309:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "established," "projected," "profitability," "commercial success," "any of YOUR licensees' products," "that practice any of the PATENTED FEATURES," and "PATENTED FEATURES."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the commercial success of Apple's asserted Patents and products that Apple that Apple has otherwise concluded practices one or more of the asserted Apple Patent claims.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                    17

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties that Apple is under an obligation not to disclose. Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent that it is not limited in its temporal or geographic scope appropriately, including to profitability in the United States.  Apple also objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, and would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a licensee's product practices the asserted Apple Patents. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 304, 310, 317, and 319.

**REQUEST FOR PRODUCTION NO. 310:**

All DOCUMENTS RELATING TO the current or projected popularity of any of YOUR licensees' products that practice any of the PATENTED FEATURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 310:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "current, "projected," "popularity," "any of YOUR licensees' products that practice any of the PATENTED FEATURES," "any of YOUR licensees' products," "any of the PATENTED FEATURES," "practice any of the PATENTED FEATURES," and "PATENTED FEATURES."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is

defined as including "commercial embodiments" and is not limited to the asserted Apple Patents. Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the commercial success of Apple's asserted Patents and products that Apple has otherwise concluded practice one or more of the asserted Apple Patent claims.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties that Apple is under an obligation not to disclose.  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent that it is not limited in its temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a licensee's product practices the asserted Apple Patents. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 309.

**REQUEST FOR PRODUCTION NO. 311:**

All DOCUMENTS RELATING TO the established or projected profitability and commercial success of each APPLE product that practices any of the PATENTED FEATURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 311:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    19

1  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

2  terms "ALL DOCUMENTS RELATING TO," "established," "projected," "profitability,"

3  "commercial success," "APPLE product," "each APPLE product that practices any of the

4  PATENTED FEATURES," and "product that practices any of the PATENTED FEATURES."  Apple

5  objects to this request on the grounds and to the extent that it seeks information protected from

6  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

7  common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

8  protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

9  the extent it seeks confidential or proprietary information not made publicly available.  Apple objects

10  to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as

11  well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the

12  grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is

13  not limited to the asserted Apple Patents.  Apple objects to this request on the grounds and to the

14  extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is

15  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as not being

16  limited in its temporal or geographic scope appropriately.  Apple objects to this request on the

17  grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither

18  relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and

19  to the extent that it seeks documents other than those sufficient to show profits and commercial

20  success.  Apple also objects to this request as duplicative of Samsung's other requests, including but

21  not limited to Request No. 312.

22      Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce non-privileged responsive documents in its possession, custody, or control,

24  if any, that can be located after a reasonably diligent search.

25  **REQUEST FOR PRODUCTION NO. 312:**

26      All DOCUMENTS RELATING TO the current or projected popularity of each APPLE

27  product that practices any of the PATENTED FEATURES.

28

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-CV-00630-LHK (PSG)                    20

1    **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 312</u>:**

2           Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

3    burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

4    calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

5    terms "ALL DOCUMENTS RELATING TO," "current," "projected," "popularity," "APPLE

6    product," "each APPLE product that practices any of the PATENTED FEATURES," and "product

7    that practices any of the PATENTED FEATURES." Apple objects to this request on the grounds that

8    it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to

9    lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED

10   FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted

11   Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks information

12   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

13   joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,

14   as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

15   this request to the extent it seeks confidential or proprietary information not made publicly available.

16   Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

17   ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence,

18   particularly with respect to seeking information about "each APPLE product that practices any of the

19   PATENTED FEATURES."  Apple objects to this request on the grounds and to the extent that it is

20   overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant

21   nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent

22   that it is not limited in its temporal or geographic scope appropriately.  Apple objects to this request

23   on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is

24   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

25   grounds and to the extent that it seeks documents other than those sufficient to show commercial

26   success, or effect on sales.  Apple also objects to this request as duplicative of Samsung's other

27   requests, including but not limited to Request No. 311.

28

Gibson, Dunn &
Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                21

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 313:**

All DOCUMENTS RELATING TO the utility and advantages, or lack thereof, of the PATENTED FEATURES over the old modes or devices, if any, that had been used for working out similar results.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 313:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "utility," "advantages," "utility and advantages, or lack thereof," "PATENTED FEATURES," "old modes or devices," "used for working out similar results," "working out similar results," and "working out."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, and ambiguous, because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent that it seeks information relating to the "PATENTED FEATURES" rather than the asserted Apple Patent claims, and is not limited in its temporal or geographic scope appropriately.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                                22

1    that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on

2    the grounds and to the extent that it seeks documents other than those sufficient to show the

3    advantages of the inventions claimed in the asserted Apple Patents over the prior art.  Apple also

4    objects to this request as duplicative of Samsung's other requests, including but not limited to

5    Request No. 314.

6            Subject to and without waiving the foregoing General and Specific Objections, Apple has

7    produced or will produce non-privileged responsive documents in its possession, custody, or control,

8    if any, that can be located after a reasonably diligent search.

9    **REQUEST FOR PRODUCTION NO. 314:**

10           All DOCUMENTS RELATING TO any incremental improvement the PATENTED

11   FEATURES offer over alternate, similar features that YOU do not contend infringe.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 314:**

13           Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

14   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

15   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

16   terms "ALL DOCUMENTS RELATING TO," "incremental improvement," "any incremental

17   improvement," "PATENTED FEATURES," "offer over," "alternate," "similar," "any incremental

18   improvement the PATENTED FEATURES offer over alternate similar features that YOU do not

19   contend infringe," and "alternate, similar features that YOU do not contend infringe."  Apple objects

20   to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as

21   well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the

22   grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is

23   not limited to the asserted Apple Patents.  Apple objects to this request on the grounds and to the

24   extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney

25   work product doctrine, the joint defense or common interest privilege, or any other applicable

26   privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure

27   26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary

28   information not made publicly available.  Apple objects to this request on the grounds and to the

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                23

1  extent that it is overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated

2  to lead to the discovery of admissible evidence because it seeks information relating to the

3  "PATENTED FEATURES," not the asserted Apple Patent claims, and is not limited in its temporal

4  or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent

5  that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel

6  in order to make a proper response.  Apple objects to this request on the grounds and to the extent it

7  is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

8  calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it

9  seeks documents relating to a comparison of the "PATENTED FEATURES" and allegedly non-

10  infringing products.  Apple also objects to this request as duplicative of Samsung's other requests,

11  including but not limited to Request No. 313.

12      Subject to and without waiving the foregoing General and Specific Objections, Apple has

13  produced or will produce non-privileged responsive documents in its possession, custody, or control,

14  if any, that can be located after a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 315:**

16      All DOCUMENTS RELATING TO the nature of the PATENTED FEATURES.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 315:**

18      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

19  burdensome, vague, and ambiguous, and seeks information that is neither relevant nor reasonably

20  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

21  terms "ALL DOCUMENTS RELATING TO," "nature," "nature of the PATENTED FEATURES,"

22  and "PATENTED FEATURES."  Apple objects to this request on the grounds that it is overly broad,

23  unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the

24  discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is

25  defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.

26  Apple objects to this request on the grounds and to the extent that it seeks information protected from

27  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

28  common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                24

protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, and ambiguous, because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence particularly to the extent that it seeks information relating to the "PATENTED FEATURES" rather than the asserted Apple Patents, is not limited to the Apple products that Apple believes to practice one or more of the asserted Apple Patent claims, and is not limited in its temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.   Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show how the products that Apple believes to practice one or more of the asserted Apple Patent claims do practice the asserted Apple Patent claims.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 313 and 314.

**REQUEST FOR PRODUCTION NO. 316:**

All DOCUMENTS RELATING TO the character of the commercial embodiment of the PATENTED FEATURES as owned and produced by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 316:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "character," "commercial embodiment," "character of the commercial embodiment," "commercial embodiment of the PATENTED FEATURES," "PATENTED FEATURES," and "owned and produced by YOU."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                    25

the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks

information protected from disclosure by the attorney-client privilege, the attorney work product

doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine,

or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further

objects to this request to the extent it seeks confidential or proprietary information not made publicly

available.  Apple objects to this request as overly broad, unduly burdensome, vague, ambiguous, and

not reasonably calculated to lead to the discovery of admissible evidence, on the grounds that it seeks

information about the "commercial embodiment of the PATENTED FEATURES."  Apple objects to

this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, and

ambiguous, because it seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence particularly to the extent that it is not limited to the Apple

products that Apple believes to practice one or more of the asserted Apple Patent claims, and is not

limited in its temporal or geographic scope appropriately.  Apple objects to this request on the

grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and

to the extent that it seeks documents other than those sufficient to show how the products that Apple

believes to practice one or more of the asserted Apple Patent claims do practice the asserted Apple

Patent claims.  Apple also objects to this request as duplicative of Samsung's other requests,

including but not limited to Request Nos. 311-313.

**REQUEST FOR PRODUCTION NO. 317:**

All DOCUMENTS RELATING TO the benefits of using the PATENTED FEATURES to

YOUR licensees, current or former.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 317:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

terms "ALL DOCUMENTS RELATING TO" "benefits," "using," "using the PATENTED

FEATURES," "to YOUR licensees, current or former," and "PATENTED FEATURES."  Apple

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                    26

objects to this request on the grounds that it is overly broad, unduly burdensome, vague and

ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence,

particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial

embodiments" and is not limited to the asserted Apple Patents.  Apple objects to this request as

overly broad, unduly burdensome, vague, and ambiguous, as well as seeking information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, because it

seeks documents relating to "benefits of using the PATENTED FEATURES to YOUR licensees,

current or former" and because it seeks documents relating to the "benefits of using the PATENTED

FEATURES," and because it is not limited in temporal or geographic scope appropriately.  Apple

objects to this request to the extent it seeks documents outside of Apple's possession, custody, or

control.  Apple objects to this request on the grounds and to the extent that it seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,

as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

this request to the extent it seeks confidential or proprietary information not made publicly available.

Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome,

and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence on the grounds and to the extent that it seeks documents other than those

sufficient to show the value or benefits of the asserted Apple Patent claims to Apple's licensees.

Apple also objects to this request as duplicative of Samsung's other requests, including but not

limited to Request Nos. 304, 309, and 319.

**REQUEST FOR PRODUCTION NO. 318:**

All DOCUMENTS RELATING TO the benefits YOU have realized as result of YOUR use

of the PATENTED FEATURES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 318:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

Gibson, Dunn &
Crutcher LLP

terms "ALL DOCUMENTS RELATING TO," "benefits," "realized," "as a result of YOUR use of the PATENTED FEATURES," "use of the PATENTED FEATURES," "as a result," "benefits . . . realized," and "PATENTED FEATURES."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents. Apple objects to this request as overly broad, unduly burdensome, vague, and ambiguous, as well as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents relating to "benefits . . . realized as a result of . . . use of the PATENTED FEATURES," and because it is not limited in temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the value or benefits of the asserted Apple Patent claims to Apple.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 305, 306, 311, 312, 313, 314, and 316.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                28

**REQUEST FOR PRODUCTION NO. 319:**

All DOCUMENTS RELATING TO the extent to which YOUR licensees, current or former, have made use of the PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 319:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "have made use of," and "value, if any, of that use." Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including but not limited to confidential information of third parties that Apple is under an obligation not to disclose.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the use of the asserted Apple Patent claims by Apple's licensees, and value of such use.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a licensee's product practices or otherwise uses the asserted Apple Patents.  Apple also objects to this

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                29

1  request as duplicative of Samsung's other requests, including but not limited to Request Nos. 304,

2  309, and 317.

3  **REQUEST FOR PRODUCTION NO. 320:**

4        All DOCUMENTS RELATING TO the extent to which YOU have made use of the

5  PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 320:**

7        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

8  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

9  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

10  terms "ALL DOCUMENTS RELATING TO," "have made use of," "PATENTED FEATURES," and

11  "DOCUMENTS evidencing the value, if any, of that use."  Apple objects to this request on the

12  grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably

13  calculated to lead to the discovery of admissible evidence, particularly on the grounds that

14  "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to

15  the asserted Apple Patents.  Apple objects to this request on the grounds and to the extent that it seeks

16  information protected from disclosure by the attorney-client privilege, the attorney work product

17  doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine,

18  or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further

19  objects to this request to the extent it seeks confidential or proprietary information not made publicly

20  available.  Apple also objects to this request on the grounds and to the extent that it would require

21  Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a

22  proper response, including but not limited to being required to make a legal conclusion about whether

23  a product practices the asserted Apple Patents.  Apple objects to this request on the grounds and to

24  the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor

25  reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent

26  that it seeks documents other than those sufficient to show how the products that Apple believes to

27  practice one or more of the asserted Apple Patent claims do practice the asserted Apple Patent claims,

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                30

1    and the related value.  Apple also objects to this request as duplicative of Samsung's other requests,

2    including but not limited to Request Nos. 305, 306, 311, 312, 313, 314, and 316.

3         Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce non-privileged responsive documents in its possession, custody, or control,

5    if any, that can be located after a reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 321:**

7         All DOCUMENTS reflecting calculations or estimates of the value of the use of the

8    PATENTED FEATURES by anyone YOU contend infringes the APPLE PATENTS.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 321:**

10        Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

11   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

12   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

13   terms "ALL DOCUMENTS reflecting," "calculations," "estimates," "value of the use,"

14   "PATENTED FEATURES," "value of the use of the PATENTED FEATURES," "by anyone YOU

15   contend infringes the APPLE PATENTS," and "use."  Apple objects to this request on the grounds

16   that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably

17   calculated to lead to the discovery of admissible evidence, particularly on the grounds that

18   "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to

19   the asserted Apple Patents.  Apple further objects to this request as overly broad, unduly burdensome,

20   vague, ambiguous, and as seeking information not reasonably calculated to lead to the discovery of

21   admissible evidence, because it seeks documents relating to the "value of the use of the PATENTED

22   FEATURES," is not limited to the Apple products that Apple believes to practice one or more of the

23   asserted Apple Patent claims, and is not limited in its temporal or geographic scope appropriately.

24   Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody,

25   or control.  Apple objects to this request on the grounds and to the extent that it seeks information

26   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

27   joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,

28   as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                31

1   this request to the extent it seeks confidential or proprietary information not made publicly available.

2   Apple objects to this request to the extent it seeks premature discovery of analyses performed by or

3   opinions of experts in this litigation.  Apple also objects to this request on the grounds and to the

4   extent that it would require Apple to make a legal conclusion or implicate the mental impressions of

5   counsel in order to make a proper response, including but not limited to being required to make a

6   legal conclusion about whether a third party's product infringes the asserted Apple Patent claims.

7   Apple also objects to this request as duplicative of Samsung's other requests, including but not

8   limited to Request No. 314.

9          Subject to and without waiving the foregoing General and Specific Objections, Apple has

10  produced or will produce non-privileged responsive documents in its possession, custody, or control,

11  if any, that can be located after a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 322:**

13         All DOCUMENTS RELATING TO the portion of the profit or selling price of any

14  smartphone or tablet that may be customary in the industry to allow for the use of the PATENTED

15  FEATURES or comparable patented features.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 322:**

17         Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

18  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

19  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

20  terms "ALL DOCUMENTS RELATING TO," "portion," "profit," "selling price," "customary,"

21  "industry," "to allow for the use of," "PATENTED FEATURES," and "comparable patented

22  features."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome,

23  vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible

24  evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including

25  "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple further objects to

26  this request to the extent it seeks confidential or proprietary information not made publicly available.

27  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or

28  opinions of experts in this litigation.  Apple objects to this request to the extent it seeks premature

discovery of analyses performed by or opinions of experts in this litigation.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the customary percentage of profit or sales price in the industry for use of the inventions claimed in the asserted Apple Patent claims.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 313, 314, 317, 318, 319, and 321.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 323:**

All DOCUMENTS RELATING TO the portion of the realizable profit of any smartphone or tablet that should be credited to the PATENTED FEATURES as distinguished from the non-patented elements, the manufacturing process, business risks, or other significant features or improvements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 323:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "portion," "realizable profit," "should be credited," "PATENTED FEATURES," "as distinguished from," "non-patented elements," "manufacturing process," "business risks," and "other significant features or improvements."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)          33

that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the percentage of profit or sales price attributable to use of the inventions claimed in the asserted Apple Patent claims.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 313, 314, 317, 318, 319, and 321.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 324:**

All DOCUMENTS supporting the amount of royalty YOU contend YOU and SAMSUNG would have agreed upon at the time YOU allege SAMSUNG began to infringe the APPLE PATENTS if YOU and SAMSUNG had been reasonably and voluntarily trying to reach a licensing agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 324:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS supporting," "amount of royalty," "reasonably," and "voluntarily."

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    34

1   Apple objects to this request on the grounds and to the extent that it seeks information protected from

2   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

3   common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

4   protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple objects to this request to the extent

5   it seeks premature discovery of analyses performed by or opinions of experts in this litigation.  Apple

6   objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and

7   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

8   admissible evidence on the grounds and to the extent that it seeks documents other than those

9   supporting Apple's contentions regarding the appropriate damages award in this Litigation.  Apple

10  still further objects to this request on the grounds and to the extent it seeks information outside the

11  scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.  Apple also objects

12  to this request as duplicative of Samsung's other requests, including but not limited to Request Nos.

13  300, 301, 302, 325, 326, and 327.

14         Subject to and without waiving the foregoing General and Specific Objections, Apple has

15  produced or will produce non-privileged responsive documents in its possession, custody, or control,

16  if any, that can be located after a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 325:**

18         All DOCUMENTS RELATING TO any consideration, negotiation, recommendation, or

19  proposal to license, buy, acquire or otherwise obtain rights under any of the APPLE PATENTS or

20  related patent applications.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 325:**

22         Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

23  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

24  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

25  terms "ALL DOCUMENTS RELATING TO," "consideration," "negotiation," "recommendation,"

26  and "proposal."  Apple objects to this request to the extent it seeks documents outside of Apple's

27  possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it

28  seeks information protected from disclosure by the attorney-client privilege, the attorney work

product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those relating to licenses, or offers to license, of the asserted Apple Patents.  Apple still further objects to this request on the grounds and to the extent it seeks information outside the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 300, 301, 302, 324, 326, and 327.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 326:**

All DOCUMENTS RELATING TO the *Georgia Pacific* factors as those factors relate to APPLE's claim for damages arising from SAMSUNG's alleged infringement of the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 326:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "*Georgia Pacific* factors," and "relate."  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation.  Apple

Gibson, Dunn & Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)          36

1  objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and

2  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

3  admissible evidence on the grounds and to the extent that it seeks documents other than those

4  supporting Apple's contentions regarding the appropriate damages award in this Litigation.  Apple

5  still further objects to this request on the grounds and to the extent it seeks information outside the

6  scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.  Apple also objects

7  to this request as duplicative of Samsung's other requests, including but not limited to Request Nos.

8  300, 301, 302, 324, 325, and 327.

9       Subject to and without waiving the foregoing General and Specific Objections, Apple has

10  produced or will produce non-privileged responsive documents in its possession, custody, or control,

11  if any, that can be located after a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 327:**

13       All DOCUMENTS reflecting any of YOUR licenses for any of YOUR smartphone or tablet-

14  related patents.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 327:**

16       Apple objects to this request on the grounds and to the extent it is overly broad, unduly

17  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

19  terms "ALL DOCUMENTS reflecting" and "any of YOUR licenses for any of YOUR smartphone or

20  tablet-related patents."  Apple objects to this request on the grounds and to the extent that it seeks

21  information protected from disclosure by the attorney-client privilege, the attorney work product

22  doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine,

23  or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple

24  objects to this request as overly broad, unduly burdensome, and seeking information that is neither

25  relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it

26  seeks documents relating to licenses other than for the asserted Apple patents.  Apple further objects

27  to this request to the extent it seeks confidential or proprietary information not made publicly

28  available.  Apple objects to this request as overly broad, unduly burdensome, and that it seeks

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    37

1   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

2   evidence to the extent that it seeks documents other the licenses for the asserted Apple Patents.

3   Apple still further objects to this request on the grounds and to the extent it seeks information outside

4   the scope of discovery ordered by the Court in its June 5, 2012 Order.  *See* D.I. 202.  Apple also

5   objects to this request as duplicative of Samsung's other requests, including but not limited to

6   Request Nos. 92, 98, 99, 100, 237-58, 300, 301, 307, 325, and 326, certain of which have a scope that

7   is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery

8   of admissible evidence.

9           Subject to and without waiving the foregoing General and Specific Objections, Apple has

10   produced or will produce non-privileged responsive documents in its possession, custody, or control,

11   if any, that can be located after a reasonably diligent search.

12   **REQUEST FOR PRODUCTION NO. 328:**

13           All DOCUMENTS RELATING TO the value of the APPLE brand from 2007 to the present.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 328:**

15   Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

16   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

17   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

18   terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," and "value of the APPLE

19   brand."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

20   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

21   calculated to lead to the discovery of admissible evidence on the grounds that it seeks information

22   generally relating to "the value of the APPLE brand" without connection to the asserted Apple

23   Patents, including but not limited to influences and effects on sales relating to the asserted Apple

24   Patents, as well as on the grounds that this request is not limited to claims and defenses in the present

25   Litigation, the asserted Apple Patents, the Apple products that Apple believes to practice one or more

26   of the asserted Apple Patent claims, and is not limited in its temporal or geographic scope

27   appropriately.  Apple also objects to this request on the grounds and to the extent that it would require

28   Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a

proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the effects of consumer loyalty, or lack thereof, and other influences on sales of Apple products that Apple believes to practice one or more of the asserted Apple Patents.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, and 334, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 329:**

All DOCUMENTS RELATING TO the value of the APPLE brand to smartphone consumers from 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 329:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," "smartphone consumers," "value of the APPLE brand to smartphone consumers from 2007 to the present," and "value of the APPLE brand."  Apple objects to this request on the grounds and to the extent that it is overly broad,

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                39

unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the value of the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, and 334.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the effects of consumer loyalty, or lack thereof, and other influences on sales of Apple products that Apple believes to practice the asserted Apple Patents.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 330:**

All DOCUMENTS RELATING TO the value of the APPLE brand to tablet consumers from 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 330:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," "tablet consumers," "value of the APPLE brand to tablet consumers from 2007 to the present," "from 2007 to the present," and "value of the APPLE brand."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks

information generally relating to "the value of the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately, particularly as Apple first announced the release of its iPads in January 2010.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, and 334.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show the effects of consumer loyalty, or lack thereof, and other influences on sales of Apple products that Apple believes to practice one or more of the asserted Apple Patents since 2010.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 331:**

All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the smartphone market from 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 331:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

1   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

2   terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," "relative," "competitors,"

3   "smartphone market," "relative to competitors in the smartphone market from 2007 to the present,"

4   and "value of the APPLE brand relative to competitors."  Apple objects to this request on the grounds

5   and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks

6   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

7   evidence on the grounds that it seeks information generally relating to "the value of the APPLE

8   brand" without connection to the asserted Apple Patents, including but not limited to influences and

9   effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the

10  grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in

11  its temporal or geographic scope appropriately.  Apple objects to this request to the extent it seeks

12  documents outside of Apple's possession, custody, or control, and/or seeks information that is

13  publicly available and is equally accessible to Samsung as it is to Apple. Apple also objects to this

14  request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328,

15  333, and 334.  Apple objects to this request on the grounds and to the extent that it seeks information

16  protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

17  joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,

18  as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

19  this request to the extent it seeks confidential or proprietary information not made publicly available.

20  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome,

21  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

22  admissible evidence on the grounds and to the extent that it seeks documents other than those

23  sufficient to show the effects of consumer loyalty, or lack thereof, and other influences on sales of

24  Apple smartphone products that Apple believes to practice one or more of the asserted Apple Patents.

25          Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce non-privileged, responsive documents in its possession, custody, or control,

27  if any, that can be located after a reasonably diligent search.

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    42

**REQUEST FOR PRODUCTION NO. 332:**

All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the tablet market from 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 332:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," "relative to competitors," "value of the APPLE brand relative to competitors," "competitors in the tablet market from 2007 to the present," and "competitors in the tablet market."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the value of the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately, particularly as Apple first announced the release of its iPads in January 2010.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, and 334.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                43

1    the grounds and to the extent that it seeks documents other than those sufficient to show the effects of

2    consumer loyalty, or lack thereof, and other influences on sales of Apple products that Apple believes

3    to practice one or more of the asserted Apple Patents since 2010.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5    produced or will produce non-privileged, responsive documents in its possession, custody, or control,

6    if any, that can be located after a reasonably diligent search.

7    **REQUEST FOR PRODUCTION NO. 333:**

8        All DOCUMENTS RELATING TO the value of the APPLE brand and its effect on consumer

9    demand for APPLE products from 2007 to the present.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 333:**

11       Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

12   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

13   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

14   terms "ALL DOCUMENTS RELATING TO," "value," "APPLE brand," "its effect on consumer

15   demand for APPLE products," "APPLE products," "APPLE products from 2007 to the present,"

16   "effect," and "consumer demand." Apple objects to this request on the grounds and to the extent that

17   it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither

18   relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that

19   it seeks information generally relating to "the value of the APPLE brand" without connection to the

20   asserted Apple Patents, including but not limited to influences and effects on sales relating to the

21   asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is

22   not limited to claims and defenses in the present Litigation and in its temporal or geographic scope

23   appropriately. Apple objects to this request to the extent it seeks documents outside of Apple's

24   possession, custody, or control, and/or seeks information that is publicly available and is equally

25   accessible to Samsung as it is to Apple. Apple also objects to this request as duplicative of Samsung's

26   other requests, including but not limited to Request Nos. 328, 333, and 334. Apple objects to this

27   request on the grounds and to the extent that it seeks information protected from disclosure by the

28   attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                44

1 privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

2 Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it

3 seeks confidential or proprietary information not made publicly available.    Apple objects to this

4 request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information

5 that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on

6 the grounds and to the extent that it seeks documents other than those sufficient to show the effects of

7 consumer loyalty, or lack thereof, and other influences on sales of Apple products that Apple believes

8 to practice one or more of the asserted Apple Patents.

9      Subject to and without waiving the foregoing General and Specific Objections, Apple has

10 produced or will produce non-privileged, responsive documents in its possession, custody, or control,

11 if any, that can be located after a reasonably diligent search.

12 **REQUEST FOR PRODUCTION NO. 334:**

13      All brand tracking studies or similar DOCUMENTS reflecting consumer perception of the

14 APPLE brand from 2007 to the present.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 334:**

16      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

17 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

18 calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

19 terms "brand tracking studies," "similar DOCUMENTS," "reflecting," "consumer perception,"

20 "APPLE brand," and "reflecting consumer perception of the APPLE brand from 2007 to the present."

21 Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

22 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

23 calculated to lead to the discovery of admissible evidence on the grounds that it seeks information

24 generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including

25 but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further

26 objects to this request on the grounds and to the extent that it is not limited to claims and defenses in

27 the present Litigation and in its temporal or geographic scope appropriately.  Apple objects to this

28 request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    45

1   seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.

2   Apple objects to this request on the grounds and to the extent that it seeks information protected from

3   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

4   common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

5   protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

6   the extent it seeks confidential or proprietary information not made publicly available.  Apple also

7   objects to this request as duplicative of Samsung's other requests, including but not limited to

8   Request Nos. 328 and 335 to 349.   Apple objects to this request on the grounds and to the extent it is

9   overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

10  calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it

11  seeks studies or surveys other than those sufficient to show the effects of consumer perception of

12  Apple's products on sales of Apple products that Apple believes to practice one or more of the

13  asserted Apple Patents.

14         Subject to and without waiving the foregoing General and Specific Objections, Apple has

15  produced or will produce non-privileged, responsive documents in its possession, custody, or control,

16  if any, that can be located after a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 335:**

18         All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

19  (whether negative or positive) of any APPLE product.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 335:**

21         Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

22  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

23  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

24  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

25  "any APPLE product," and "impact on consumer perception of the APPLE brand . . . of any APPLE

26  product."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

27  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

28  calculated to lead to the discovery of admissible evidence on the grounds that it seeks information

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                     46

1  generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including

2  but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further

3  objects to this request on the grounds and to the extent that it is not limited to claims and defenses in

4  the present Litigation and in its temporal or geographic scope appropriately.  Apple objects to this

5  request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or

6  seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.

7  Apple objects to this request on the grounds and to the extent that it seeks information protected from

8  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

9  common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

10  protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

11  the extent it seeks confidential or proprietary information not made publicly available.  Apple also

12  objects to this request as duplicative of Samsung's other requests, including but not limited to

13  Request Nos. 328, 333, 334, and 338.  Apple objects to this request on the grounds and to the extent it

14  is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

15  calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it

16  seeks documents other than those sufficient to show the effects of consumer perception of Apple

17  products on sales of Apple products that Apple believes to practice one or more of the asserted Apple

18  Patents.

19      Subject to and without waiving the foregoing General and Specific Objections, Apple has

20  produced or will produce non-privileged, responsive documents in its possession, custody, or control,

21  if any, that can be located after a reasonably diligent search.

22  **REQUEST FOR PRODUCTION NO. 336:**

23      All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

24  (whether negative or positive) of any SAMSUNG product.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 336:**

26      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

27  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

28  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    47

terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"
"any SAMSUNG product," and "the impact on consumer perception of the APPLE brand . . . of any
SAMSUNG product."  Apple objects to this request on the grounds and to the extent that it is overly
broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks
information generally relating to "the APPLE brand" without connection to the asserted Apple
Patents, including but not limited to influences and effects on sales relating to the asserted Apple
Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to
claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.
Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody,
or control, and/or seeks information that is publicly available and is equally accessible to Samsung as
it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information
protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the
joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity,
as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to
this request to the extent it seeks confidential or proprietary information not made publicly available.
Apple also objects to this request as duplicative of Samsung's other requests, including but not
limited to Request Nos. 328, 333, 334, 337, and 338.  Apple objects to this request on the grounds
and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the
extent that it seeks documents other than those sufficient to show the effects of consumer perception
of Samsung's accused products on sales of the Apple products that Apple believes to practice one or
more of the asserted Apple Patents.

Subject to and without waiving the foregoing General and Specific Objections, Apple has
produced or will produce non-privileged, responsive documents in its possession, custody, or control,
if any, that can be located after a reasonably diligent search.

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    48

1   **REQUEST FOR PRODUCTION NO. 337:**

2       All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

3   (whether negative or positive) of any third-party product.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 337:**

5       Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

6   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

7   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

8   terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

9   "any third-party product," "impact on consumer perception of the APPLE brand . . . of any third-

10  party product," "and "third-party product." Apple objects to this request on the grounds and to the

11  extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is

12  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

13  grounds that it seeks information generally relating to "the APPLE brand" without connection to the

14  asserted Apple Patents, including but not limited to influences and effects on sales relating to the

15  asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is

16  not limited to claims and defenses in the present Litigation and in its temporal or geographic scope

17  appropriately. Apple objects to this request to the extent it seeks documents outside of Apple's

18  possession, custody, or control, and/or seeks information that is publicly available and is equally

19  accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent

20  that it seeks information protected from disclosure by the attorney-client privilege, the attorney work

21  product doctrine, the joint defense or common interest privilege, or any other applicable privilege,

22  doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

23  Apple further objects to this request to the extent it seeks confidential or proprietary information not

24  made publicly available. Apple also objects to this request as duplicative of Samsung's other

25  requests, including but not limited to Request Nos. 328, 333, 334, 336, and 338, certain of which

26  have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to

27  lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce

28  non-privileged, responsive documents in its possession, custody, or control, if any, that can be located

after a reasonably diligent search.  Apple objects to this request on the grounds and to the extent it is

overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it

seeks documents other than those sufficient to show the effects of consumer perception of Samsung's

accused products on sales of the Apple products that Apple believes to practice one or more of the

asserted Apple Patents.

**REQUEST FOR PRODUCTION NO. 338:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

(whether negative or positive) of any event.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 338:**

Apples objects to this request on the grounds and to the extent it is overly broad, unduly burdensome,

vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence, including but not limited to its use of the terms "ALL

DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "the impact on

consumer perception of the APPLE brand . . . of any event," and "any event."  Apple objects to this

request on the grounds and to the extent that it is overly broad, unduly burdensome, vague,

ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence on the grounds that it seeks information generally relating to "the

APPLE brand" without connection to the asserted Apple Patents, including but not limited to

influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this

request on the grounds and to the extent that it is not limited to claims and defenses in the present

Litigation and in its temporal or geographic scope appropriately.  Apple objects to this request to the

extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks

information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple

objects to this request on the grounds and to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

1   the extent it seeks confidential or proprietary information not made publicly available.  Apple objects

2   to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks

3   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

4   evidence on the grounds and to the extent that it seeks documents relating to "any event," without

5   regard to whether such event has any connection or relevance to the claims and issues in this

6   Litigation.  Apple also objects to this request as duplicative of Samsung's other requests, including

7   but not limited to Request Nos. 328, 333, 334, and 337, certain of which have a scope that is less

8   overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of

9   admissible evidence, and in response to which Apple has agreed to produce non-privileged,

10  responsive documents in its possession, custody, or control, if any, that can be located after a

11  reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 339:**

13      All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

14  (whether negative or positive) of any reports regarding the labor conditions at facilities that

15  manufacture any APPLE product.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 339:**

17      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

18  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

19  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

20  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

21  "any reports regarding the labor conditions at facilities that manufacture any APPLE product," "any

22  reports," "reports," "regarding the labor conditions," "labor conditions," "facilities," "facilities that

23  manufacture any APPLE product," "any APPLE product."  Apple objects to this request on the

24  grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks

25  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

26  evidence on the grounds that it seeks information generally relating to "the APPLE brand" without

27  connection to the asserted Apple Patents, including but not limited to influences and effects on sales

28  relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the

Gibson, Dunn &
Crutcher LLP

extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, and 338, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 340:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 340:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any reports," "reports," "regarding Hon Hai Precision Industry Co,. Ltd. (trading as Foxconn)," and "any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn)."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague,

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                   52

1   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

2   discovery of admissible evidence on the grounds that it seeks information generally relating to "the

3   APPLE brand" without connection to the asserted Apple Patents, including but not limited to

4   influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this

5   request on the grounds and to the extent that it is not limited to claims and defenses in the present

6   Litigation and in its temporal or geographic scope appropriately.  Apple objects to this request to the

7   extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks

8   information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple

9   objects to this request on the grounds and to the extent that it seeks information protected from

10  disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

11  common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

12  protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

13  the extent it seeks confidential or proprietary information not made publicly available.  Apple also

14  objects to this request as duplicative of Samsung's other requests, including but not limited to

15  Request Nos. 328, 333, 334 and 338, certain of which have a scope that is less overly broad, less

16  unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence,

17  and in response to which Apple has agreed to produce non-privileged, responsive documents in its

18  possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple

19  objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks

20  information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

21  evidence.

22  **REQUEST FOR PRODUCTION NO. 341:**

23      All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

24  (whether negative or positive) as a result of the Students and Scholars Against Corporate

25  Misbehavior reports on Hon Hai Precision Industry Co., Ltd. (trading as Foxconn).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 341:**

27      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

28  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                                    53

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "as a result," and "the Students and Scholars Against Corporate Misbehavior reports on Hon Hai Precision Industry Co,. Ltd. (trading as FoxConn)." Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents. Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, and 340, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search. Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                54

**REQUEST FOR PRODUCTION NO. 342:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand of the hashtag #boycottapple.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 342:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "hashtag," and "hashtag #boycottapple."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, and 338, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                    55

privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 343:**

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 343:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," and "this lawsuit."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly

Gibson, Dunn &
Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                    56

1   available.   Apple also objects to this request as duplicative of Samsung's other requests, including

2   but not limited to Request Nos. 328, 333, 334, and 338, certain of which have a scope that is less

3   overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of

4   admissible evidence, and in response to which Apple has agreed to produce non-privileged,

5   responsive documents in its possession, custody, or control, if any, that can be located after a

6   reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad,

7   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

8   to the discovery of admissible evidence.

9   **REQUEST FOR PRODUCTION NO. 344:**

10          All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

11   (whether negative or positive) of any other lawsuit between APPLE and SAMSUNG.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 344:**

13          Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

14   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

15   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

16   terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

17   "any other lawsuit between APPLE and SAMSUNG," and "any other lawsuit."  Apple objects to this

18   request on the grounds and to the extent that it is overly broad, unduly burdensome, vague,

19   ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

20   discovery of admissible evidence on the grounds that it seeks information generally relating to "the

21   APPLE brand" without connection to the asserted Apple Patents, including but not limited to

22   influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this

23   request on the grounds and to the extent that it is not limited to claims and defenses in the present

24   Litigation and in its temporal or geographic scope appropriately.  Apple also objects to this request on

25   the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the

26   mental impressions of counsel in order to make a proper response.  Apple objects to this request to the

27   extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks

28   information that is publicly available and is equally accessible to Samsung as it is to Apple.  Apple

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)          57

objects to this request on the grounds and to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

the extent it seeks confidential or proprietary information not made publicly available.  Apple also

objects to this request as duplicative of Samsung's other requests, including but not limited to

Request Nos. 328, 333, 334, 338, 343, and 345 to 349, certain of which have a scope that is less

overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of

admissible evidence, and in response to which Apple has agreed to produce non-privileged,

responsive documents in its possession, custody, or control, if any, that can be located after a

reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad,

unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 345:

All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

(whether negative or positive) of any other lawsuit between APPLE and a third-party smartphone

manufacturer.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 345:

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

"any other lawsuit between APPLE and a third-party smartphone manufacturer," "smartphone

manufacturer," "any other lawsuit," and "third-party smartphone manufacturer."  Apple objects to

this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague,

ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence on the grounds that it seeks information generally relating to "the

APPLE brand" without connection to the asserted Apple Patents, including but not limited to

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-CV-00630-LHK (PSG)                    58

1   influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this

2   request on the grounds and to the extent that it is not limited to claims and defenses in the present

3   Litigation and in its temporal or geographic scope appropriately.  Apple also objects to this request on

4   the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the

5   mental impressions of counsel in order to make a proper response. Apple objects to this request to the

6   extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks

7   information that is publicly available and is equally accessible to Samsung as it is to Apple.  Apple

8   objects to this request on the grounds and to the extent that it seeks information protected from

9   disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

10   common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

11   protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

12   the extent it seeks confidential or proprietary information not made publicly available.  Apple also

13   objects to this request as duplicative of Samsung's other requests, including but not limited to

14   Request Nos. 328, 333, 334, 338, 343 to 344, and 346 to 349, certain of which have a scope that is

15   less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of

16   admissible evidence, and in response to which Apple has agreed to produce non-privileged,

17   responsive documents in its possession, custody, or control, if any, that can be located after a

18   reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad,

19   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

20   to the discovery of admissible evidence.

21   **REQUEST FOR PRODUCTION NO. 346:**

22       All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

23   (whether negative or positive) of any other lawsuit between APPLE and a third-party tablet

24   manufacturer.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 346:**

26       Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

27   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

28   calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand," "any other lawsuit between APPLE and a third-party tablet manufacturer," "any other lawsuit," and "third-party tablet manufacturer."  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds and to the extent that it is not limited to claims and defenses in the present Litigation and in its temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328, 333, 334, 338, 343 to 345, and 347 to 349, certain of which have a scope that is less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in response to which Apple has agreed to produce non-privileged, responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                60

1  **REQUEST FOR PRODUCTION NO. 347:**

2  All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

3  (whether negative or positive) of any patent litigation that APPLE has initiated since 2010.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 347:**

5  Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

6  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

7  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

8  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

9  "any patent litigation," "any patent litigation that APPLE has initiated since 2010," and "initiated."

10 Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

11 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

12 calculated to lead to the discovery of admissible evidence on the grounds that it seeks information

13 generally relating to "the APPLE brand" without connection to the asserted Apple Patents, including

14 but not limited to influences and effects on sales relating to the asserted Apple Patents.  Apple further

15 objects to this request on the grounds and to the extent that it is not limited to claims and defenses in

16 the present Litigation and in its temporal or geographic scope appropriately.  Apple also objects to

17 this request on the grounds and to the extent that it would require Apple to make a legal conclusion or

18 implicate the mental impressions of counsel in order to make a proper response.  Apple objects to this

19 request to the extent it seeks documents outside of Apple's possession, custody, or control, and/or

20 seeks information that is publicly available and is equally accessible to Samsung as it is to Apple.

21 Apple objects to this request on the grounds and to the extent that it seeks information protected from

22 disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or

23 common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

24 protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to

25 the extent it seeks confidential or proprietary information not made publicly available.  Apple also

26 objects to this request as duplicative of Samsung's other requests, including but not limited to

27 Request Nos. 328, 333, 334, 338, 343 to 346, and 348 to 349, certain of which have a scope that is

28 less overly broad, less unduly burdensome, and more reasonably calculated to lead to the discovery of

Gibson, Dunn & Crutcher LLP

Apple Inc.'s Objections and Responses to Samsung's
Seventh Set of Requests for Prod. of Documents & Things
Case No.: 12-cv-00630-LHK (PSG)                     61

1  admissible evidence, and in response to which Apple has agreed to produce non-privileged,

2  responsive documents in its possession, custody, or control, if any, that can be located after a

3  reasonably diligent search.  Apple objects to this request on the grounds because it is overly broad,

4  unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

5  to the discovery of admissible evidence.

6  **REQUEST FOR PRODUCTION NO. 348:**

7      All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

8  (whether negative or positive) of APPLE's patent litigation practices.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 348:**

10      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

11  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

12  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

13  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "APPLE brand,"

14  "APPLE's patent litigation practices," and "patent litigation practices."  Apple objects to this request

15  on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and

16  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand"

18  without connection to the asserted Apple Patents, including but not limited to influences and effects

19  on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds

20  and to the extent that it is not limited to claims and defenses in the present Litigation and in its

21  temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to

22  the extent that it would require Apple to make a legal conclusion or implicate the mental impressions

23  of counsel in order to make a proper response.  Apple objects to this request to the extent it seeks

24  documents outside of Apple's possession, custody, or control, and/or seeks information that is

25  publicly available and is equally accessible to Samsung as it is to Apple.  Apple objects to this

26  request on the grounds and to the extent that it seeks information protected from disclosure by the

27  attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

28  privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    62

1   Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it

2   seeks confidential or proprietary information not made publicly available.  Apple also objects to this

3   request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328,

4   333, 334, 338, 343 to 347, and 349, certain of which have a scope that is less overly broad, less

5   unduly burdensome, and more reasonably calculated to lead to the discovery of admissible evidence,

6   and in response to which Apple has agreed to produce non-privileged, responsive documents in its

7   possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple

8   objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks

9   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

10  evidence.

11  **REQUEST FOR PRODUCTION NO. 349:**

12      All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand

13  (whether negative or positive) of APPLE's use of intellectual property litigation as a business

14  strategy.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 349:**

16      Apple objects to this request on the grounds and to the extent that it is overly broad, unduly

17  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence, including but not limited to its use of the

19  terms "ALL DOCUMENTS RELATING TO," "impact," "consumer perception," "the APPLE

20  brand," "APPLE's use of intellectual property litigation as a business strategy," "use of intellectual

21  property litigation as a business strategy," and "business strategy."  Apple objects to this request on

22  the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and

23  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

24  admissible evidence on the grounds that it seeks information generally relating to "the APPLE brand"

25  without connection to the asserted Apple Patents, including but not limited to influences and effects

26  on sales relating to the asserted Apple Patents.  Apple further objects to this request on the grounds

27  and to the extent that it is not limited to claims and defenses in the present Litigation and in its

28  temporal or geographic scope appropriately.  Apple also objects to this request on the grounds and to

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    63

1   the extent that it would require Apple to make a legal conclusion or implicate the mental impressions

2   of counsel in order to make a proper response.  Apple objects to this request to the extent it seeks

3   documents outside of Apple's possession, custody, or control, and/or seeks information that is

4   publicly available and is equally accessible to Samsung as it is to Apple.  Apple objects to this

5   request on the grounds and to the extent that it seeks information protected from disclosure by the

6   attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

7   privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

8   Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it

9   seeks confidential or proprietary information not made publicly available.  Apple also objects to this

10   request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328,

11   333, 334, 338, and 343 to 348, certain of which have a scope that is less overly broad, less unduly

12   burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in

13   response to which Apple has agreed to produce non-privileged, responsive documents in its

14   possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple

15   objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks

16   information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

17   evidence.

18

19

20

21                            GIBSON, DUNN & CRUTCHER LLP

22

23   Dated:  November 28, 2012          By:  */s/  H. Mark Lyon*

24                                H. Mark Lyon

25                              ***Attorney for Plaintiff Apple Inc.***

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)       64

`

## CERTIFICATE OF SERVICE

I, Angela L. Wilkins, hereby certify that on this 28th day of November, 2012, I did cause the following document to be served in the following manner:

**Apple's Objections and Responses to Samsung's Seventh Set of RFPs**

On the interested parties in this action addressed as follows:

### ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

__X__   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2012 in Dallas, TX.

Dated:  November 28, 2012

—

*Angela L. Wilkins*
_____
Angela L. Wilkins
Gibson, Dunn & Crutcher
2100 McKinney Ave., Suite 1100
Dallas, TX  75201
(214) 698-3145

Gibson, Dunn &
Crutcher LLP