# EXHIBIT C

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3203**

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

December 13, 2012

VIA E-MAIL

Josh A. Krevitt
H. Mark Lyon
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304

Re:   Apple v. Samsung Elecs., et al, Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Counsel:

I write regarding Apple's Objections and Responses to Samsung's Seventh Set of Requests for Production.  While this letter points to a number of specific deficiencies in Apple's objections and responses that are of immediate concern, Samsung's investigation is ongoing and this letter should by no means be taken as a final or comprehensive list of deficiencies.

Request Nos. 312, 315, 316:

These Requests seek documents related to specific *Georgia Pacific* factors.  Documents related to these factors are unquestionably relevant to Apple's claimed damages.  In response, Apple asserts several boilerplate objections, all which are without merit.  To the extent Apple has genuine questions about the meaning of a term or other issue that it intended to raise via one of its boilerplate objections, Samsung is more than willing to address any such issues or concerns.  Please specifically identify them.

Request No. 312 seeks documents related to the popularity of each Apple product that Apple contends practices the Apple patents.  The "popularity" of the "product[s] made under the

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

patent" are terms specifically used in factor eight of the *Georgia Pacific* factors. In addition to its boilerplate objections, Apple objects on the ground that it is duplicative of Request No. 311. However, Request No. 311 asks for documents related to the "profitability and commercial success" of the Apple products that practice the patented features; it asks nothing about their "popularity." Factor eight of the *Georgia Pacific* factors expressly lists profitability, commercial success and popularity as three separate inquiries. The Requests are not duplicative.

Request No. 315 seeks documents related to "the nature" of the patented features at issue and Request No. 316 asks for documents related to "the character of the commercial embodiment" of the patented features at issue. The "nature of the patented invention" and the "character of the commercial embodiment" are terms used in factor ten of *Georgia Pacific*. Apple objects to these Requests as duplicative of Request Nos. 311-314. However, those Requests ask for documents related to other *Georgia Pacific* factors – Request Nos. 311 and 312 relate to factor eight and Request Nos. 313 and 314 relate to factor nine, as is clear by comparing the language of those Requests to the language of *Georgia Pacific*. Again, the Requests are not duplicative.

Apple objects to all three Requests on the additional ground that they lack any temporal or geographic limits. While Samsung does not believe the Requests are overbroad as written, Samsung is willing to agree to exclude from these three Requests any documents that are solely related to products sold outside the United States or otherwise are specific to a non-United States market.

Request Nos. 328, 337-349:

These Requests ask for documents related to the value of the Apple brand, including any change in value and reasons underlying those changes. They also include specific Requests targeted at ascertaining whether certain products, events or other circumstances have had an impact on the value of the Apple brand. Apple had asserted various boilerplate objections, none of which justify Apple's refusal to produce.

Apple has asserted that Samsung's alleged infringement has harmed its goodwill, i.e., its brand. (*See* Apple's Mot. for Preliminary Inj. at 24; Decl. of C. Vellturo In Support Of Apple's Mot. for Preliminary Inj. at 54-55.) Samsung is entitled to discovery into whether such harm has occurred and, if so, the source and causes of any such harm. It is Apple's burden to show that any brand injury is the result of Samsung's infringement. *Apple v. Samsung Elecs., Co.*, 2012 WL 4820601 (Fed. Cir. Oct. 11, 2012) ("[T]o satisfy the irreparable harm factor in a patent infringement suit, a patentee must establish both of the following requirements: 1) that absent an injunction, it will suffer irreparable harm, and 2) that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement."); *IGT v. Alliance Gaming Corp.*, 2008 WL 7084605, *4 (D. Nev. Oct. 21, 2008) ("When basing the alleged lost profits on lost sales, the patent owner has an *initial burden* to show a reasonable probability that he would have made the asserted sales 'but for' the infringement . . . . Once the patentee successfully carries this burden, the burden then shifts to the accused infringer to show that [the patent owner's 'but for' causation claim] is unreasonable for some or all of the lost sales.") (internal quotations and citation omitted); *Hunter v. Aispuro,* 976 F.2d 1558, 1577 (9th Cir. 1992) ("The amount of a prevailing party's damages is a finding of fact on which the patent owner bears the burden of proof by a preponderance of the evidence."). Samsung is entitled to rebut Apple's claim by showing that any brand injury is the result of other

factors. Indeed, Apple's own internal documents demonstrate that the Apple brand is a primary driver of sales of Apple products. (*See, e.g.*, APLNDC630-0000167969 ("Fan of Apple products" top reason for purchasing an iPhone).) Samsung is entitled to show that any lost profits Apple may seek are, in fact, the result of fluctuations in the value of Apple's brand attributable to completely unrelated factors.

Apple objects to these Requests on the ground that they "seek information generally relating to the 'value of the APPLE brand' without connection to the asserted Apple Patents." But that is precisely the point. If there are other events, products or circumstances that are causing harm to the Apple brand, that directly bears upon Apple's claim that Samsung's alleged infringement is to blame for its claimed injuries.

Apple also asserts that many of these Requests are duplicative of each other and Request Nos. 333 and 334 (the only two Requests listed in Apple's duplicative objections that Apple actually agreed to produce in response). However, Apple's duplicative objections are without merit. For example, Request No. 337 asks for documents relating to the impact on consumer perception of the Apple brand of any third-party product. Request No. 333 asks for documents relating to the value of the Apple brand and its effect on consumer demand for Apple products, and Request No. 334 asks for brand tracking studies reflecting consumer perception of the Apple brand. Neither of those are duplicative of Request No. 337, which specifically asks for the impact of third party products, i.e., not Samsung products alleged to infringe, on the Apple brand. Apple's duplicative objections to the other Requests raised here likewise fails for similar reasons.

Finally, Apple objects to all of these Requests on the additional ground that they lack any temporal or geographic limits. While Samsung does not believe the Requests are overbroad as written, Samsung is willing to agree to exclude from these Requests any documents that are related to any effects or impact on the Apple brand that were perceived solely outside the United States.

Please confirm by December 20, 2012, that Apple will produce non-privileged documents in response to the full scope of the Requests discussed in this letter. If Apple is unwilling to do so, please provide dates on which Apple is available for an in-person meet and confer regarding these Requests.

Very truly yours,

*/s/ Scott L. Watson*

Scott L. Watson