# EXHIBIT F

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

January 15, 2013


VIA ELECTRONIC MAIL

Scott L. Watson
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

Re:     Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Scott:

I am writing in response to your letter dated December 13, 2012 regarding Apple Inc.'s
Objections and Responses to Samsung's Seventh Set of Requests for Production of
Documents and Things ("Responses").

Request Nos. 312, 315, 316:

I am confused by your statements regarding Apple's Response to Request No. 312.  In its
Response to Request No. 312, Apple agreed to produce any responsive, non-privileged
documents in its possession, custody, or control.  If you inadvertently overlooked that portion
of the Response, it appears at the top of page 22.

Request Nos. 315 and 316 are vague, overly broad, and duplicative, as set forth in Apple's
objections.  The mere fact that the terms "the nature of" and "character of the commercial
embodiment" are used in the *Georgia Pacific* factors does not make them appropriate terms
for document requests.  Document requests are not meant to recite formulaic legal tests, but
to identify real categories of documents to be produced.  The terms "the nature of" and
"character of the commercial embodiment" do not meaningfully describe any real category
of documents with any reasonable degree of specificity, and thus do not provide any basis on
which to search for responsive documents.  Moreover, Request Nos. 315 and 316 are
duplicative of Request No. 326, to which Apple has agreed to produce any responsive, non-
privileged documents in its possession, custody, or control.  *See* Responses, p. 36.  Thus,
Apple's production of documents in response to Request No. 326 should capture documents
responsive Request Nos. 315 and 316.

Brussels · Century City · Dallas · Denver · Dubai · Hong Kong · London · Los Angeles · Munich · New York
Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

# GIBSON DUNN

Scott L. Watson
January 15, 2013
Page 2

Request Nos. 328, 337-349:

Request No. 328 is duplicative of Request No. 333 to the extent that it seeks documents relating to the effect of the value of the Apple brand on consumer demand for Apple products from 2007 to the present.  Request No. 328 seeks "[a]ll DOCUMENTS RELATING TO the value of the APPLE brand from 2007 to the present," while Request No. 333 seeks "[a]ll DOCUMENTS RELATING TO the value of the APPLE brand and its effect on consumer demand for APPLE products from 2007 to the present."  Therefore, to the extent that Request No. 328 seeks documents relating to the effect of the value of the Apple brand on consumer demand for Apple products, Apple will be producing such documents in response to Request No. 333.  To the extent that Request No. 328 purports to seek documents *un*related to the effect of Apple's brand on consumer demand, it is seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Apple will not agree to produce brand-related documents that are *un*related to the effect of the value of Apple's brand on consumer demand for Apple products.

As to Request Nos. 337 through 349, which seek documents relating to the impact on consumer perception of the Apple brand of various events and reports, including Apple's lawsuits with other smartphone and tablet manufacturers and reports regarding alleged labor conditions at facilities that make Apple products, Apple continues to maintain that these Requests are vague, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Request Nos. 337 and 338, which seek all documents relating to the impact on consumer perception of the Apple brand of "any third-party product" and "any event," are particularly vague and overbroad.  Samsung's proposal to limit Request Nos. 339 through 349 to documents relating to the extraterritorial impact on the Apple brand would not cure these defects.

Moreover, these requests are duplicative to the extent they seek information that is already encompassed by Request Nos. 329 through 336, to which Apple has agreed to produce responsive, non-privileged documents.  For example, subject to its stated objections, Apple has agreed to produce responsive, non-privileged documents relating to the value of the Apple brand to smartphone and tablet consumers (Request Nos. 329-30), the value of the Apple brand relative to competitors in the smartphone and tablet markets (Request Nos. 331-32), the value of the Apple brand and its effect on consumer demand for any Apple products (Request No. 333), all brand tracking studies or similar documents reflecting consumer perception of the Apple brand (Request No. 334), and the impact on consumer perception of the Apple brand of any Apple or Samsung product (Request Nos. 335-336).  Thus, to the extent that documents that otherwise would be responsive to Request Nos. 337 through 349 are captured by Apple's search for documents responsive to Request Nos. 329 through 336,

# GIBSON DUNN

Scott L. Watson
January 15, 2013
Page 3


those documents will be produced.  Apple is not withholding documents responsive to Request Nos. 329-336 on the basis of its objections to Request Nos. 337-349.

I look forward to your response to my letter.  It is my hope that the parties can resolve their differences without burdening the Court with unnecessary motion practice.

Sincerely,


*/s/ Michael A. Valek*

MAV/dmh