# EXHIBIT G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3203

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

January 28, 2013

VIA E-MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201

Re:     Apple v. Samsung Elecs., et al, Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Michael:

I write in response to your letter dated January 15, 2013, which was sent in response to my December 13, 2012 letter regarding Apple's Objections and Responses to Samsung's Seventh Set of Requests for Production.

Request No. 312:

Thank you for pointing out the agreement to produce on page 22. We did overlook that portion of Apple's response.

Request Nos. 315-316:

Samsung disagrees with Apple's assertions regarding the appropriateness of these Requests. Request No. 315 seeks documents related to the "nature of the patented features"—a commonly used word that also happens to appear in the leading case. It does, in fact, meaningfully describe a category of documents—those that discuss or identify the character of the patents at issue. For example, if Apple possesses documents addressing the kind of patent, the likely applications of the patent, the characteristics or limitations of the patent, or characterizing the patent more

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

generally, such documents are obviously relevant and responsive.  Request No. 316 seeks similar documents related to the "character of the commercial embodiment" of the feature.  If Apple has documents discussing how its patents are being used in its products (for example, discussing how a particular patent enables a particular feature), such documents are likewise relevant and responsive.  Far from being "formulaic legal tests," these Requests go directly to the type of patents Apple is asserting and how those patents are utilized in commerce.  If, as Apple claims, these Requests are otherwise encompassed within Request No. 326, to which Apple has agreed to produce documents, then Apple should have no objection to agreeing to produce documents responsive to these Requests as well.

Request No. 328:

Samsung disagrees with Apple's assertion that to the extent this Request seeks documents unrelated to the effect of Apple's brand on consumer demand, it seeks irrelevant information.  As stated in my December 13 letter, Apple has asserted that Samsung's alleged infringement has harmed, or will harm, its brand and goodwill and it is Apple's burden to prove that any such injury is attributable to Samsung's alleged infringement.  Apple has placed at issue the value of its brand and likewise all factors that had any effect on that perceived value.  Apple is not entitled to limit its production to documents that discuss the effect of the brand on consumer demand, as Samsung is entitled to challenge Apple's conclusions about the impact of factors affecting brand value on consumer demand.  Your January 15 letter ignores this point entirely, failing to provide any response or explanation as to how this Request is purportedly irrelevant in light of Apple's claimed harm to its brand.

Request Nos. 337-349:

As set forth in further detail in my December 13 letter, these Requests are relevant to Apple's claim that its brand and goodwill have been, or will be, harmed by Samsung's alleged infringement.  It is Apple's burden to prove that any such brand injury is the result of Samsung's alleged infringement and Samsung is entitled to discovery that may rebut that contention.  Again, your January 15 letter contains no response to this.  Instead, it merely repeats the boilerplate objections you already asserted and adds nothing further.  ("As to Request Nos. 337-349, . . . Apple continues to maintain that these Requests are vague, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.").  As you know, such a response does nothing to further the meet and confer process and provides Samsung with no additional information by which to meaningfully evaluate your reasons, if any, for refusing to produce.

There is nothing vague, overly broad or irrelevant about these requests, and Apple offers no basis for assessing its boilerplate claim of burden.  Request No. 337 seeks any documents reflecting any competitive product that has had an effect on consumer perception of the Apple brand.  Request No. 338 seeks documents tying any specific event to an impact on consumer perception of the Apple brand.  Requests Nos. 339-340 ask specifically about documents reflecting the impact on the Apple brand of the widespread reporting on the labor conditions at various Apple-contractor facilities.  Requests Nos. 341-342 seek documents about various protests and boycott campaigns against Apple.  Requests Nos. 343-349 seek documents regarding the effect of Apple's recent litigation strategy on consumer perception of its brand.  As you are aware, there

has been significant press coverage of Apple's litigation strategies, including some recent high-profile articles critical of Apple's use of patent litigation as a business strategy. This type of reporting has likely impacted Apple's brand perception.

In sum, Apple's claims in this case both expressly and implicitly put at issue its documents related to how consumers evaluate the Apple brand. Apple must produce these documents.

Please confirm by February 4, 2013, that you will produce documents responsive to these Requests. If Apple remains unwilling to produce non-privileged documents in response to these Requests, we will address these at the next meeting of lead counsel.

Very truly yours,

*/s/ Scott L. Watson*

Scott L. Watson