# EXHIBIT I

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

March 1, 2013

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:   Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Michael:

I write to follow up on certain issues discussed during the parties' lead counsel meet and confer on February 15-16, 2013, including issues identified in Samsung's letter from Mr. Fazio and its letter from Mr. Thakur both dated February 22, 2013. Apple expects that Samsung will similarly provide its response to the issues we discussed during the meet and confer and specifically those matters identified in my letters to you dated February 19 and 27, 2013.

Apple's Third and Seventh Set of Requests for Production

RFP No. 168: Apple agrees to limit this request to documents that describe the features and functionality accused by Samsung in its Infringement Contentions.

RFP No. 171 and RFP No. 172: With the exception of documents related to the asserted '239 patent, Apple agrees to limit Request 171 to documents related to the conception and reduction to practice of the Samsung Patents-in-Suit, and to limit Request 172 to the production or logging of invention disclosure forms. In addition to these categories, Apple seeks documents relating to inventorship of the '239 patent from the case titled Computerized Automation Technologies v. Piotrowski, Case No. 95-CV-322-H (N.D. Ok.), and any documents about inventorship provided to Samsung by the named inventors of the '239 patent or their representatives.

RFP No. 204: Apple agrees to limit the scope of Request 204 to the asserted claims of the Samsung Patents-In-Suit. Apple also agrees that for purposes of this Request, "subject matter" and "invention claimed" mean the same thing.

**GIBSON DUNN**

Michael L. Fazio
March 1, 2013
Page 2

RFP No. 220: Apple proposes that both parties agree to identify key personnel involved in licensing the patents-in-suit and comparable technology. Please indicate whether Samsung will agree to this proposal.

RFP No. 416: Apple disagrees with Samsung's characterization of certain points of the discussion relating to Request 416. First, the terminology used in the '470 patent refers to many different features relating to "On-screen Display" or "OSD," including "On-screen display (OSD) window," "On-screen display (OSD) menu window," "OSD processing unit," "OSD menu," and "OSD." The '470 patent does not, however, use the terms "on screen window display" and "on screen window menu display," as Samsung indicates. Second, at no point before or during the meet and confer did Apple concede that "the '470 patent does not require compliance with any standard," and Apple does not concede that now. Nonetheless, in an effort to compromise, Apple is amenable to limiting Request 416 to submissions to standards-setting organizations concerning the subject matter of the '470 patent, and documents related to such submissions.

Apple's Fourth Set of Requests for Production

RFP No. 275: Apple agreed to limit this request as indicated in my February 19, 2013 letter, provided Samsung would agree to produce documents in response to the same. Apple agrees that it will not use the fact that Samsung agreed to that limitation with respect to Apple RFP No. 275 to argue that a similar limitation is appropriate for other requests (although Apple reserves the right to argue that a similar limitation is appropriate for other requests irrespective of Samsung's agreement as to Apple RFP No. 275).

Samsung's Second Set of Preliminary Injunction Requests for Production

RFP Nos. 1 and 3: Apple has conducted a reasonably diligent search and identified all custodians likely to have responsive documents. Apple has or will produce responsive, non-privileged documents from these custodians.

Samsung's Second Set of Requests for Production

RFP Nos. 61 and 116: Apple has received Samsung's letter of today regarding the cases it believes have a "technological nexus" to this one and will respond after having an opportunity to consider the same.

RFP No. 73: Apple continues to wait for Samsung to identify its key licensing custodians and produce non-privileged documents from them relating to licensing discussions relating to

**GIBSON DUNN**

Michael L. Fazio
March 1, 2013
Page 3

Samsung's asserted patents.[1]  As we explained, there do not appear to be any licensing custodians on Samsung's disclosures to date.  In contrast, Apple has already identified its key licensing custodians, Mr. Watrous and Mr. Teksler, and agreed to produce such documents (relating to Apple's asserted patents) from them in response to other of Samsung's requests.

RFP Nos. 84-86:  Apple has agreed to conduct a diligent search of the custodial files of Phillip Schiller, Greg Joswiak, Steve Sinclair, Art Rangel, James Imahiro, Eric Jue and Stan Ng.  The specifics of the attorney interviews of these custodians and collections by Apple's counsel are attorney work product.

RFP No. 129:  As explained in our meeting, Samsung's Request No. 129 is overbroad, potentially encompassing any document relating to any effort to sell any of Apple's products.  Moreover, this request is unnecessary given Apple's agreement to produce documents in response to other requests.  Samsung asked Apple to further articulate the scope of documents it has already agreed to produce, which may also be responsive to Request No. 129.  To that end, Apple has, subject to its stated objections, agreed to produce documents in response to Samsung Request Nos. 49, 78, 80, 118-125, 331-333 and 523-524.  Apple has also disclosed search terms for its marketing custodians, which include the following terms:  doctext co (platform) near/10 doctext co (loyalty or stick* or switch*); doctext co (stickiness); and doctext co (sticky).  Apple is producing non-privileged documents responsive to these requests and search terms obtained from these custodians.  Accordingly, Apple believes it has fully met its discovery obligations with respect to any permissible scope of documents within this otherwise overbroad and unduly burdensome request.

Samsung's Third Set of Requests for Production

Apple understands that the parties have agreed to address requests relating to financial documents by March 8.  Apple will memorialize its positions regarding Requests 192, 195-196, 198, and 199 at that time.

Samsung's Fifth Set of Requests for Production

RFP Nos. 259-261:  As discussed during our meeting and in Apple's February 19th letter, Apple has asked Samsung whether it will produce all drafts, correspondence and other documents related to its "deep dive" and other market research report in addition to the final reports themselves.  Such documents are similar in scope to the documents Samsung requests from Apple through these requests.  Samsung has not yet provided any response.

---

[1]  Such documents would be responsive to at least Apple RFP No. 221.

**GIBSON DUNN**

Michael L. Fazio
March 1, 2013
Page 4

Samsung's Seventh Set of Requests for Production

RFP Nos. 315-16: Apple understands these requests to be subsumed within Samsung Request No. 326 to which Apple has already agreed to produce documents. Accordingly, subject to its previously-stated objections, Apple has and will continue to produce documents responsive to these requests to the extent located after a reasonably diligent search.

RFP Nos. 328 and 337-349: Subject to its previously-stated objections, Apple has and will continue to produce documents responsive to Samsung Request No. 328 to the extent located after a reasonably diligent search. Apple continues its objections to Samsung Request Nos. 337-349, which are either too vague for Apple to formulate a reasonable search or seek information regarding irrelevant matters ostensibly for the purpose of improper collateral attack on Apple's reputation. As explained in the meet and confer, Apple is not withholding documents responsive to other requests on the basis of its objections to Samsung Request Nos. 337-349, but neither is it formulating specific searches or search terms for these requests.

Samsung's Ninth Set of Requests for Production

Apple will address these issues by separate letter.

Apple's Inventor Production

Samsung asked that Apple further explain its production from Michael Matas and Keith Mortensen. As you know, Mr. Matas is no longer an Apple employee. Apple collected and ran search terms on the custodial files of Mr. Matas in Apple's possession, custody and control. The search terms Apple used for Mr. Matas have been disclosed to Samsung and Samsung has raised no objections to the same. Apple produced all responsive, non-privileged documents located through this search at least ten days in advance of Mr. Matas's deposition.

Apple also conducted a diligent search for relevant documents from Mr. Mortensen. While Samsung complains that only one document was produced from Mr. Mortensen's files, it ignores the fact that for several of its inventors Samsung has produced no documents at all. Samsung claims this is because these inventors left Samsung prior to this litigation at a time when it was under no obligation to retain their files. The same is true of Mr. Mortensen. Mr. Mortensen left Apple in 2003, after the '959 patent was filed, and was employed elsewhere for several years. Mr. Mortensen has since returned to Apple, but his current employment is unrelated to the subject matter of the '959 and '604 patents. Apple collected and searched those custodial files that remain in its possession, custody or control, including those relating to Mr. Mortensen's most recent employment at Apple, using its disclosed search terms (to

**GIBSON DUNN**

Michael L. Fazio
March 1, 2013
Page 5

which Samsung has not objected).  Apple produced all responsive, non-privileged documents located though this search.

Samsung has proposed that both parties agree not to request further information regarding retention of former employee documents.[2]  In light of the explanation provided above, Apple believes that this agreement should extend to Mr. Matas and Mr. Mortensen as well.  Please indicate whether Samsung will agree to the same.

Apple's Search Term Disclosures

The form of Apple's current search term disclosures is sufficient under the Federal Rules and the Court's orders.  Apple declines Samsung's request to provide "transparency disclosures" that correlate production numbers with custodians as this information is already available through review of the metadata and load files that both parties are already producing.

Samsung's Requests Related to WAIS

Apple responded to Samsung's requests relating to the production of WAIS documents and source code in its letter dated February 22, 2013.

Although it continues its objection to Samsung's request for "WAIS-compliant" documents, Apple has agreed to investigate whether it could locate the source code Samsung has requested for AppleSearch, Rosebud and Reporters and will produce such code to the extent Apple locates it.  Samsung indicated in the meet and confer that the production of such code would likely satisfy its requests related to AppleSearch, Rosebud and Reporters and Apple agreed to look into the same in an effort to provide an acceptable compromise to the parties' dispute on this issue.  Please let us know if Samsung will agree that the production of source code for AppleSearch, Rosebud and Reporters, to the extent Apple can locate such, will resolve this dispute.  Per the requests on page 5 of Samsung's February 22, 2013 letter, Apple confirms that Keven Tiene, Charles Bedard, David Casseras, Steve Cisler, Tom Erickson, Eric Roth, John Thompson-Rohrlich, Gitta Salomon, Oliver Steele and Ruth Ritter are not current Apple employees.  Apple has learned that Ms. Ritter was briefly employed by Apple in 1990, but has searched for and does not have any custodial documents for Ms. Ritter.  Apple has collected documents from Kazu Yanagihara and will produce non-privileged, responsive documents from his custodial files, if any, per the timeline in Apple's February 22nd letter.  Apple has conducted a reasonable search and is not aware of WAIS-related documents from any other employees or former employees, including Ms. Vratny, in its possession, custody or control.

---

[2] *See* Feb. 22 Letter from M. Fazio, at 6-7.

**GIBSON DUNN**

Michael L. Fazio
March 1, 2013
Page 6


Finally, while Samsung suggests in its letter that Apple must search "back-up tapes," it points to no exceptional circumstances or good cause for Apple to undertake the substantial burden and cost of doing so.  Indeed, as Apple explained during the meet and confer, there are numerous areas where Samsung's production is deficient and in fact some areas (such as former employee inventor documents) where Samsung claims not to have any documents whatsoever in its near-term or live storage records.  Apple has not asked Samsung to search "back-up tapes" for additional responsive documents at this time.  It is unproductive for Samsung to continue suggest that Apple has some sort of unilateral obligation to undertake extraordinary and burdensome efforts to respond to its requests, when Samsung has not done the same for Apple's requests.

Samsung's Requests Related to Sherlock

Apple responded to these requests in its letter dated February 22, 2013.

Samsung's Requests Related to iSync and Sync Services

Apple has produced the iSync and Sync Services source code it has located after a reasonably diligent search.  Samsung has not identified any particular deficiencies with respect to the source code Apple has produced.

Apple has located some materials related to the 2004 World Wide Development event and, after reviewing them, will produce non-privileged materials to the extent they are responsive to your request.

Samsung's Requests to iTunes Source Code

Apple will make the user interface source code for iTunes 6.0.1 available for inspection.  As we discussed during our meeting, Apple continues its objection that this code is not pertinent to the functionality identified in Samsung's invalidity contentions, nevertheless Apple has agreed to produce this code as a compromise to attempt to resolve the parties' dispute with respect to production of the same.  Samsung agreed not to seek additional user interface source code for other versions of iTunes unless it articulates a specific and good faith basis for needing to inspect the same.  As Apple has noted, Samsung's invalidity contentions are limited to iTunes 6.0.1 and it is extremely burdensome for Apple to collect user interface code for outdated versions of iTunes.

Sincerely,


*/s/ Michael A. Valek*