# EXHIBIT K

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

March 19, 2013

<u>VIA ELECTRONIC MAIL</u>

Scott Watson
Quinn Emanuel
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017

Re:   *Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 12-cv-0630

Dear Scott:

I write in response to your letter of March 14, 2013, regarding Request Nos. 337-349 of Samsung's Seventh Set of Requests for Production. It appears from your letter that there may be a misunderstanding regarding Apple's position with respect to the production of documents responsive to these requests.

As we have stated previously, subject to its previously stated objections, Apple has and will continue to produce documents responsive to Samsung Request No. 328 to the extent located after a reasonably diligent search. Request No. 328 seeks all documents relating to "the value of the Apple brand since 2007." Thus, within the files of its identified custodians Apple is searching for and producing all documents relating to the value of the Apple brand since 2007. As Requests Nos. 337-349 merely ask for specific subsets of the documents called for by Request No. 328 (*i.e.*, the impact of certain events or issues on consumer perception of the Apple brand), to the extent that Apple locates within the files of its identified custodians documents responsive to Request No. 337-349 they are being produced in response to Request No. 328.

Apple is not withholding any such documents from production based on its objections to Request Nos. 337-349. For example Request No. 340 seeks documents relating to "the impact on consumer perception of the Apple brand (whether negative or positive) of any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn)." If in searching for documents relating to the value of the Apple brand since 2007 in response to Request No. 328 Apple locates a document relating to the impact of reports regarding Hon Hai Precision on consumer perception of the Apple brand those documents are not being withheld and are being produced in response to Request No. 328, notwithstanding Apple's objections to Request No. 340.

# GIBSON DUNN

Scott Watson
March 19, 2013
Page 2


However, based on its objections to these requests as either being too vague for Apple to formulate a reasonable search (*i.e.*, Request No. 338, which seeks all documents relating to the impact on consumer perception of the Apple brand "of any event") or seeking information regarding irrelevant matters ostensibly for the purpose of improper collateral attack on Apple's reputation (such as the requests seeking documents relating the impact of reports regarding the alleged labor practices of Hon Hai Precision or the hashtag #boycottapple), Apple is not identifying custodians or formulating specific search terms specifically related to these requests.  Again using Request No. 340 as an example, Apple is not formulating search terms to locate all documents related to reports about Hon Hai Precision or identifying custodians on the basis that they may possess documents related to reports on Hon Hai Precision.

As we said at the meet and confer, we do not think document requests relating to these kinds of collateral attacks are proper and we expect that Samsung would raise similar objections if Apple were to serve similar requests on it.  In your letter, you claim these types of requests are relevant because they bear on Apple's lost profits claim.  We note that Samsung is also pursuing a lost profits claim in this case and thus this asserted basis of relevance would apply equally to Samsung if Apple were to serve similar requests, *e.g.*, for documents relating to worker safety issues, inadequate labor practices and government investigation involving Samsung that have been reported in the media.

Sincerely,

/s/ *Michael A. Valek*

Michael A. Valek

MAV/dmh