QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**UNOPPOSED MOTION FOR ISSUANCE OF COMMISSION TO CONSULAR OFFICER TO TAKE DEPOSITION IN JAPAN PURSUANT TO ARTICLE 17 OF THE UNITED STATES – JAPAN CONSULAR CONVENTION**<br><br>Date: May 7, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, May 7, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Hon. Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order issuing a commission to take the deposition of Toshiyuki Masui.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the declaration of Ryan S. Goldstein (the "Goldstein Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 28(b) and Article 17 of the United States-Japan Consular Convention, Samsung seeks issuance of a commission for the deposition of Toshiyuki Masui at the United States Embassy in Tokyo, Japan.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Samsung can proceed with the deposition of Toshiyuki Masui on June 11, 2013 at the U.S. Embassy in Tokyo, Japan.

DATED: April 3, 2013        QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP


                            By */s/ Victoria F. Maroulis*
                            Victoria F. Maroulis
                            Attorney for SAMSUNG ELECTRONICS CO.,
                            LTD., SAMSUNG ELECTRONICS AMERICA,
                            INC., and SAMSUNG
                            TELECOMMUNICATIONS AMERICA, LLC

**INTRODUCTION**

Toshiyuki Masui is a professor at Keio University in Tokyo, Japan. During the mid- to late-1990s, Professor Masui invented POBox, a text-entry system with a predictive text function. Professor Masui secured a U.S. patent on the POBox system and published a series of articles describing the predictive text function of the POBox system. Since the preliminary injunction phase of this litigation, Samsung has maintained that Professor Masui's POBox system is prior art to one of Apple's asserted patents in this case, U.S. Patent No. 8,074,172 (the "'172 patent"). And during his employment at Apple, Professor Masui was also involved in the design and development of the Japanese input capabilities in Apple's mobile devices, including the Japanese Kana keyboard. Samsung has accused the Japanese Kana keyboard on all iPhone, iPad, and iPod Touch products of infringing U.S. Patent No. 6,292,179 (the "'179 patent") in this case.

Professor Masui has volunteered his deposition testimony for use in this litigation. Samsung asked Professor Masui to travel to the United States for a deposition, but he declined Samsung's request. Thus, in order to obtain Professor Masui's indisputably relevant testimony, Samsung needs to depose him in Japan, where he resides. In order for Samsung to conduct the deposition in Japan, however, the Court must issue an order pursuant to Article 17 of the United States – Japan Bilateral Consular Convention,[1] commissioning a U.S. consular officer to preside over Professor Masui's deposition.

Samsung's motion is unopposed. Apple does not oppose the issuance of commission to a consular officer to take the deposition of Professor Masui.

**FACTUAL BACKGROUND**

After locating Professor Masui in January 2013, Samsung contacted him via telephone during the first week of February to explain that the POBox references are relevant prior art in this litigation. Goldstein Decl. ¶ 2. During this and follow-up calls, Professor Masui expressed his

---

[1] A copy of the United States – Japan Bilateral Consular Convention is attached as Exhibit 1 to the Declaration of Ryan S. Goldstein In Support of Samsung's Unopposed Motion For Issuance of a Commission ("Goldstein Decl.").

-1-    Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S UNOPPOSED MOTION FOR ISSUANCE OF COMMISSION TO CONSULAR OFFICER

willingness to assist Samsung in gathering information regarding the POBox references.  *Id.* Professor Masui declined Samsung's invitation to travel to the United States for a deposition, but stated that he would be willing to voluntarily appear for a deposition in Tokyo, Japan, if that could be arranged.  *Id.* at ¶ 3.  With Professor Masui's consent, Samsung reserved space at the U.S. Embassy in Tokyo in order to hold Professor Masui's deposition there on June 11, 2013.  *Id.*

## ARGUMENT

I. THE COURT HAS AUTHORITY TO COMMISSION A CONSULAR OFFICIAL TO DEPOSE PROFESSOR MASUI

The Federal Rules of Civil Procedure provide that depositions may be taken in a foreign country in one of four ways:   (1) under an applicable treaty or convention; (2) under a letter of request or letter rogatory, (3) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination, or (4) before a person commissioned by the court to administer any necessary oath and take testimony.  Fed. R. Civ. P. 28(b)(1).

Here, Samsung seeks to depose Mr. Masui pursuant to Article 17 of the United States – Japan Bilateral Consular Convention ("the Convention"), which permits the taking of a deposition in Japan of a willing witness for use in a United States court proceeding provided that a United States federal court authorizes the taking of such voluntary deposition.  *Consular Convention and Protocol*, U.S. - Japan, Art. 17, 15 U.S.T. 768, TIAS 5602 (signed Mar. 22, 1963, effective Aug. 1, 1964).  Article 17 authorizes U.S. consular officers to "take depositions, on behalf of the court or other judicial tribunals or authorities of the sending state, voluntarily given."  *Id.* at Art. 17(1)(e)(ii).  Consular officers may also "administer oaths to any person in the receiving state in accordance with the laws of the [United States] and in a manner not inconsistent with the laws of [Japan]."  *Id.* at Art. 17(1)(e)(ii).

According to the U.S. State Department, "[a]greed upon interpretations" of the Convention and Japanese law permit the taking of a deposition of a willing witness for use in a U.S. court proceeding under the following conditions: (1) if the deposition is presided over by a U.S. consular officer; (2) is conducted on U.S. consular premises; (3) is taken pursuant to an American court order or commission; and (4) if any non-Japanese participant traveling to Japan applies for

1  and obtains a Japanese Special Deposition visa.  Goldstein Decl. Ex. 1, "Japan Judicial
2  Assistance," http://travel.state.gov/law/judicial/judicial_678.html (last visited March 25, 2012).
3      Samsung has complied with all of the procedural requirements of Article 17 of the
4  Convention and the State Department's implementing guidelines.  Samsung secured Professor
5  Masui's agreement to voluntarily appear for deposition, making him a willing witness under
6  Article 17.  Samsung reserved space to conduct the deposition on consular premises (i.e. the U.S.
7  Embassy in Tokyo).  Samsung promptly filed this motion for an order commissioning a U.S.
8  consular officer to preside over the deposition, and will apply for the necessary deposition visas as
9  soon as the Court issues its order.[2]  The requested commission, submitted concurrently herewith,
10 closely tracks the text of the sample commission or order suggested by Japanese authorities.  *See*
11 Goldstein Decl. Ex. 2 at 2-3.  In short, there are no procedural impediments to the Court
12 exercising its authority under Rule 28 and Article 17 to issue the requested commission.
13 II.    <u>PROFESSOR MASUI'S TESTIMONY IS NOT ONLY RELEVANT BUT ESSENTIAL TO SAMSUNG'S CLAIMS AND DEFENSES IN THIS CASE</u>
14
15     In considering requests for depositions pursuant to Rule 28(b), courts apply the standards
16 for discovery set forth in Rule 26.  *See Barnes and Noble, Inc. v. LSI Corp.*, No. 11-02709 EMC
17 (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012) (citing cases); *see also In re Urethane*
18 *Antitrust Litig.*, 267 F.R.D. 361, 365 (D. Kan. 2010) ("courts considering applications for the
19 issuance of letters of request . . . apply the standards for liberal discovery permitted under the
20 Federal Rules of Civil Procedure, making no distinction between discovery sought in the United
21 States and discovery sought abroad") (internal quotation marks omitted).  Under Rule 26, a party
22 may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or
23 defense." Fed. R. Civ. P. 26(b)(1).  Most courts have placed the burden on a party opposing an
24 application for judicial assistance under Rule 28(b) to show a "good reason" why the assistance
25 should not be issued.  *In re Urethane Antitrust Litig.*, 267 F.R.D at 365, n. 17 (citing cases).

---

[2] Samsung cannot apply for deposition visas until after a court order issues.  See Goldstein Decl. Ex. 2 at 2.

-3-    Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S UNOPPOSED MOTION FOR ISSUANCE OF COMMISSION TO CONSULAR OFFICER

Although few courts have applied Article 17 of the Convention, courts considering the analogous context of letters of request pursuant to the Hague Convention on Evidence in patent cases have routinely issued such letters where the requested discovery relates to basic issues of invalidity and infringement.   *See, e.g. Barnes and Noble*, 2012 WL 1808849, at *2 (issuing letters rogatory because documents relating to infringement are "relevant and discoverable under the standards set forth in Rule 26"); *Abbott Labs. v. Impax Labs., Inc.*, No. 03-120-KAJ, 2004 WL 1622223, at *3 (D. Del. 2004) (issuing letter of request for depositions of foreign nationals, one of which was an inventor of a prior art patent, where the requested discovery was "par for the course in any patent litigation"); *Pronova Biopharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452-56 (D. Del. 2010) (issuing letter of request for accused infringer to obtain discovery from non-parties who filed declarations in support of patentability during prosecution of patents-in-suit); *Astrazeneca v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 WL 314627, at *3 (D.N.J. Jan. 29, 2008) (issuing letter of request for accused infringer to obtain "testimony and documents related to invalidity and non-infringement"); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 473-75 (D. Sel. 2003) (issuing letter of request to take discovery from two former employees of patentee who allegedly possessed information relevant to defendant's invalidity and non-infringement defenses).

In this case, Apple has not disputed the relevance of Professor Masui's testimony.   Indeed, parties seek deposition testimony from third-party prior art witnesses as a matter of course in patent litigation.   Professor Masui possesses relevant and discoverable information relating to the POBox references and the state of the art prior to the filing of the '172 patent.   In addition, because of his key role in the design and development of the Japanese Kana keyboard, Professor Masui may possess unique knowledge relevant to infringement, damages, and willfulness with respect to the '179 patent.   Professor Masui's knowledge regarding the POBox references is alone sufficient to warrant issuance of the requested commission, but the relevance of his testimony to several other important issues in this case shows that his testimony is vitally necessary to Samsung's claims and defenses.

Nor is the requested discovery unduly burdensome. Counsel for both parties have traveled to eastern Asia on dozens of occasions to depose witnesses at Samsung headquarters. Furthermore, Professor Masui is beyond the Court's subpoena power, and thus there is no alternative mechanism for Samsung to obtain the requested discovery. Finally, Apple does not oppose the issuance of commission to a consular officer to take the deposition of Professor Masui. As Samsung's motion is unopposed, there is no obstacle to issuance of the requested commission.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Samsung's Unopposed Motion For Issuance of a Commission to take the deposition of Toshiyuki Masui.

DATED: April 3 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC