# EXHIBIT 2

# Japan Judicial Assistance

| | |
|---|---|
| **Party to Hague Service Convention?** | Yes |
| **Party to Hague Evidence Convention?** | No |
| **Party to Hague Apostille Convention?** | Yes |
| **Party to Inter-American Convention?** | No |
| **Service of Process by Mail?** | Yes |

DISCLAIMER: THE INFORMATION IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A SPECIFIC CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO THE APPROPRIATE FOREIGN AUTHORITIES OR FOREIGN COUNSEL.

*Embassies and Consulates*

*List of Attorneys*

*Helpful Links*

*Service of Process*

*Criminal Matters*

*Obtaining Evidence in Civil and Commercial Matters*

*Taking Voluntary Depositions of Willing Witnesses*

Article 17(1) (e) of the U.S. - Japan Consular Convention provides that consular officers may …

"(ii) take depositions, on behalf of the courts or other judicial tribunals or authorities of the sending state, voluntarily given.

(iii) administer oaths to any person in the receiving state in accordance with the laws of the sending state and in a manner not inconsistent with the laws of the receiving state."

This general reference to the authority of consular officers to take depositions has been interpreted by the Government of Japan very strictly. Japanese law and practice, and the mutually agreed upon interpretation of the U.S. - Japan bilateral Consular Convention concerning obtaining evidence in Japan permits the taking of a deposition of a willing witness for use in a court in the United States only

- if the deposition is presided over by a U.S. consular officer;

- is conducted on U.S. consular premises
- is taken pursuant to an American court order or commission;
- and if any non-Japanese participant travelling to Japan applies for and obtains a Japanese Special Deposition visa.

The Japanese Ministry of Foreign Affairs and Ministry of Justice have advised the United States that these requirements apply in civil, criminal and administrative cases. The Japanese requirement for a court order and special deposition visas would apply in all cases.

- The request should be made on letterhead stationery and include the following information: (a) the name and location of the court; (b) name and occupation of each witness; and (c) a summary of the case. Travelers will also be required to present their U.S. passport, complete Japanese Embassy/consulate visa application forms and to provide the requisite photographs. A photocopy of the commission or court order for a U.S. consular officer to take the deposition must accompany the request. Special visas may also be required of deposition participants other than attorneys (stenographers, interpreters, parties, etc.). Inquiries should be made of the appropriate Japanese consular officer in the United States.
- The Japanese Embassy must seek concurrence from the Ministry of Foreign Affairs in every case. The Japanese Embassy or Consulate in the United States will contact the Japanese Foreign Ministry for permission to issue the "special deposition visa".
- The Japanese Foreign Ministry will contact the U.S. Embassy or Consulate to confirm whether the U.S. consular officer has received a photocopy of the court order issued by a court in the United States and whether the deposition has been scheduled. The Japanese Foreign Ministry will authorize the Japanese Embassy or Consulate in the United States to issue the "special deposition visa".

**U.S. Court Order for the Taking of the Depositions:** A certified copy of the court order must be provided to the U.S. Embassy in Tokyo before application is made for the special deposition visa so that the U.S. Embassy is in a position to respond to the inquiry made by the Ministry of Foreign Affairs to the U.S. Embassy before the Ministry authorizes the Japanese Embassy or consulate in the United States to issue the special deposition visa. Japan will not accept orders issued by administrative law judges. Court orders may be obtained from U.S. courts under the All Writs Act, 28 U.S.C. 1651, by various administrative agencies for the taking of depositions in Japan. It is advisable that court orders include the language "on or about" concerning dates so as to afford maximum flexibility in scheduling.

**Sample Suggested Text for Court Order or Commission:**

Japanese authorities have requested that the court order or commission contain the following information:
NAME OF COURT
CAPTION )
TO ANY CONSUL OR VICE CONSUL OF THE UNITED STATES
UNITED STATES (EMBASSY/CONSULATE) (NAME OF CITY)

Upon the application of (plaintiff, defendants), and pursuant to Article 17 of the United States - Japan consular convention,

You have been duly appointed and you are hereby authorized to take oral depositions at the United States (embassy/consulate) in (name of city), Japan, of the following witnesses who will appear voluntarily:

Or

It is ordered that the depositions on notice of the following witnesses be taken at the United States (embassy/consulate) in (name of city), Japan

(names, addresses, and employer of witnesses) commencing on or about (date), (time) and terminating on or about (date), (time), and to mark any documentary exhibits in connection therewith.

Counsel for defendants who will participate in said depositions are (names); and counsel for plaintiffs who will participate in said depositions are (names). The proceedings will be reported by (name of court reporter, if one is travelling to Japan). Please cause the testimony of said witnesses to be reduced to writing and the depositions signed by said witnesses and annex said deposition testimony to your commission and close the same under your seal and make return thereof to this court with all convenient speed.

Date signature of judge
Name of judge
Seal

**Participation of Judges From the United States:** Japan has advised the United States that it will not permit the participation of foreign judges in the deposition of a witness located in Japan.

**Telephone or Video Testimony:** Japanese authorities have informed the United States that Japan does not permit the taking of telephone or video testimony.

**Special Note Regarding American Attorneys Residing in Japan and Voluntary Depositions:** Japanese authorities have informed the United States that Articles 3 and 72 of the Japanese Lawyer Law may prohibit the taking of depositions in Japan outside the procedures established for taking consular depositions under Article 17 of the U.S. Japan bilateral Consular Convention by private attorneys not admitted to practice law in Japan. The Japanese Ministry of Foreign Affairs advised that private American attorneys residing in Japan who wish to participate in depositions at the U.S. Embassy or consulate in Japan under the status of "legal/accounting services" (as "gaikokuhu jimubengoshi"), permanent residents, or their spouses may participate in depositions under their current visa status, that is, without the special deposition visa under certain circumstances. They must notify the Ministry of Foreign Affairs through the U.S. Embassy in Tokyo of their proposed participation. The Embassy will need to provide the names of such lawyers, their company affiliation in Japan,

their address, telephone number, and the type and validity of their visa, in addition to a copy of the requisite commission or court order issued by the court in the United States for the taking of the deposition before the U.S. consular officer on U.S. consular premises. In order to facilitate the notification procedures, the Embassy has prepared a worksheet which each lawyer resident in Japan will need to fill out in order for the Embassy to submit the requisite note verbale.

**Voluntary Depositions on Written Questions:** Voluntary depositions on written questions may be taken in Japan. Requesting counsel should contact the U.S. Embassy or Consulate to arrange a mutually convenient day or days when the deposition may be conducted. The requirements for an American court order, consular fees and scheduling the Embassy special deposition room based on space availability still apply. Counsel must make all the arrangements for the witness to appear and for stenographic or video services and translators if necessary. The U.S. consular officer will administer the oath to the witness, and if necessary to the stenographer, video tape operator or interpreter/translator, and withdraw, subject to recall. If the witness does not speak or read English adequately, a Japanese translation of the English text should be provided. The questions should be sent directly to the U.S. consular officer at the U.S. Embassy or Consulate. If preferred, the witness may write down the answers to the questions, rather than dictate the answers to the stenographer or video tape operator. The U.S. consular officer will affix a closing certificate after the deposition is completed.

**Conducting Informal Interviews:** While the taking of depositions, under the conditions explained above, is a right secured under the U.S.-Japan Consular Convention, 15 U.S.T. 768, conducting interviews and other informal evidence gathering or investigation techniques are entirely subject to the discretion of the Japanese government. The Japanese Ministry of Foreign Affairs has advised the U.S. Embassy in Tokyo that it considers the conducting of information interviews by in Japan to constitute formal evidence gathering and therefore to be subject to the Japanese law on international investigative assistance. Private litigants may need to obtain a special visa for travel to Japan to conduct informal interviews, inspections or other investigations. Contact the Japanese Embassy or consulate in the U.S. for information. Japanese authorities may require that the request to conduct such interviews be made in the form of letters rogatory, or in criminal cases, on behalf of the U.S. Government, a formal letter of request. Local, state and federal prosecutors/attorneys seeking to conduct such interviews/inspections should contact the Office of American Citizens Services for additional information.

**Depositions on U.S. Military Bases:** Japan has further advised that depositions may not take place on U.S. military bases in Japan as that is not sanctioned in the U.S. - Japan Status of Forces Agreement.

*Authentication of Documents*