Timothy T. Scott (State Bar No. 126971)
tscott@kslaw.com
Geoffrey M. Ezgar (State Bar No. 184243)
gezgar@kslaw.com
William R. Pearson (State Bar No. 240791)
bpearson@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone:  +1 650 590 0700
Facsimile:   +1 650 590 1900

Attorneys for Non-Party
INTERNATIONAL BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NON-PARTY INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF ADMINISTRATIVE MOTION FOR A LIMITED SEALING ORDER**<br><br>Judge:   Hon. Lucy H. Koh |

1

1  **ADMINISTRATIVE MOTION FOR A LIMITED SEALING ORDER**

2  Pursuant to the Court's Order of March 28, 2013 (Dkt. No. 397), and Civil Local Rules 7-

3  11 and 79-5, International Business Machines Corporation ("IBM") submits this administrative

4  motion requesting an order sealing information about royalty rates and balancing payments in

5  four documents attached to the Declaration of Daniel C. Posner in support of Samsung's

6  Opposition to Apple's Motion for a Preliminary Injunction ("Posner Declaration"):  Exhibit Q to

7  the Posner Declaration, Patent Cross License Agreement, dated October 1, 1991, bearing bates

8  numbers APL-ITC796-0000010041-10079 (the "1991 Agreement"); Exhibit R to the Posner

9  Declaration, Amendment, dated April 1, 1996, bearing bates numbers APL-ITC796-0000010080-

10  83 (the "1996 Amendment"); and Exhibit V to the Posner Declaration, bearing bates numbers

11  APL-ITC796-0000010084–10114 and Exhibit W to the Posner Declaration, bearing bates

12  numbers APLNDC0001221082–21113, Patent Cross License Agreement, dated October 25, 2002

13  (the "2002 Agreement")[1], which are commercially sensitive to IBM.[2]  There are compelling

14  reasons for a narrowly tailored sealing of this information.

15  Apple informed IBM on March 27, 2013 of the Court's March 18, 2013 Order Denying

16  Administrative Motions to File Documents Under Seal without prejudice in which the Court

17  ordered the documents unsealed, subject to the parties' showing "good cause" or "compelling

18  reasons" to seal the documents in renewed motions to seal, to be filed by April 8, 2013.  *See*, Dkt.

19  No. 397.  The 1991 Agreement, the 1996 Amendment and the 2002 Agreement contain

20  confidential information regarding confidential licensing terms and the consideration exchanged

21  between Apple and IBM for patent licenses.  *See* Declaration of Kenneth S. King in Support

22  Administrative Motion to Seal ("King Dec."), ¶ 3.

23  IBM requests an order sealing the portions of the IBM-Apple Agreements that disclose the

24  amount of royalty rates and balancing payments of the Agreements.  In particular, IBM seeks to

25  seal:  (1) in the 1991 Agreement, the information on page 10041 and Sections 2.1 and 5 that

---

26  [1] Exhibit V and Exhibit W to the Posner Declaration are identical, with the exception of the bates numbers, and IBM seeks to seal the same information in each.

27  [2] This Court previously approved the proposed redactions to the 1991 Agreement and the 2002 Agreement in a related case involving the same parties.  *See Apple v. Samsung*, Case No. 11-CV-01846-LHK, Dkt. Nos. 1660 and

28  2168.  The proposed redactions to the 1996 Amendment are consistent with the Court's prior sealing orders.

1   reflects consideration for the transaction; (2) in the 1996 Agreement, the information on page

2   10080 and Section 2.12 that reflects the consideration for the transaction; and (3) in the 2002

3   Agreement, the information in Section 2.1 that reflects the consideration for the transaction.  If

4   there are other exhibits or testimony that also disclose the consideration for the above-listed

5   transactions, but that were not brought to IBM's attention by Samsung or Apple, IBM also

6   requests sealing that information in such other exhibits or testimony.

7          There are compelling reasons for sealing this commercially sensitive information.  Public

8   disclosure of the consideration under IBM's license agreements would harm IBM in future

9   license and settlement negotiations because potential licensees would be able to derive IBM's

10  business and strategic methodology for negotiating financial agreements, particularly by making

11  public royalty rates and balancing payments that are highly confidential.  King Dec. ¶ 5.  That

12  methodology, which subsumes the exact factors IBM relies upon and how it weights those

13  factors, is a valuable secret.  King Dec. ¶ 4.  The amount of royalty rates and balancing payments

14  in particular agreements, such as the 1991 Agreement, the 1996 Amendment and the 2002

15  Agreement, are significant data points that facilitate the reverse engineering of IBM's pricing

16  methodology.  King Dec. ¶ 5.  Competitors and potential counterparties to licensing and

17  settlement agreements would gain an unfair insight into IBM's analyses, particularly as IBM

18  would know nothing about their methodology for the negotiations.  *Id.*  By using their knowledge

19  of the precise substantive and financial terms of this otherwise nonpublic agreement, this unfair

20  advantage would allow IBM's competitors to calibrate their negotiation strategies to the

21  determent of IBM.  *Id.*  Accordingly, confidential license agreements have been consistently held

22  by courts to meet the "compelling reasons" standard of the Ninth Circuit.  *See, e.g., Electronic*

23  *Arts, Inc. v. United States District Court for the Northern District of California*, 298 Fed. Appx.

24  568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of

25  licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc.*, 2012 U.S.

26  Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license

27  agreement).

28

3

1    In view of the Court's Order of March 28, 2013 (Dkt. No. 397), IBM's request is narrowly

2    tailored to seal only information regarding consideration for the transaction in the IBM-Apple

3    Agreements.  There is little public interest in knowing the specific amounts under these particular

4    proprietary agreements.  The 1991 Agreement, the 1996 Amendment and the 2002 Agreement

5    require the parties to maintain the confidentiality of their terms, King Decl. ¶ 6, and IBM relies

6    upon that confidentiality obligation to protect its sensitive corporate information.  *See In re Adobe*

7    *Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-seal filings

8    preserve third parties' "legitimate expectation that confidential business information, proprietary

9    technology and trade secrets will not be publicly disseminated").  For the reasons stated above,

10   public disclosure of the commercially sensitive royalty rates and balancing payment information

11   specified in the Apple-IBM Agreements would harm IBM's active and substantial patent licensing

12   business.  King Dec. ¶¶ 3, 6.

13   This Motion is accompanied by a declaration of Kenneth S. King, IBM's General

14   Manager, Intellectual Property, and Vice President, Research Business Development, and a

15   Proposed Order.  Apple's counsel has informed IBM that it intends to lodge proposed redacted

16   copies of 1991 Agreement, the 1996 Amendment and the 2002 Agreement with the Court in

17   connection with these motions to seal. IBM references the redactions submitted by Apple for

18   purposes of this motion.

19   DATED:  April 8, 2013                    KING & SPALDING LLP

20

21                                           BY:  _/S/_____

22                                               William R. Pearson
                                                 Attorneys for Non-Party
23                                               INTERNATIONAL BUSINESS MACHINES
                                                 CORPORATION
24

25

26

27

28

4