| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:    (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Honorable Lucy H. Koh |

Pursuant to Civil Local Rules 7-11 and 79-5, General Order No. 62, and the Court's March 18, 2013 Order (ECF No. 397), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this renewed administrative motion for an order to seal documents submitted in connection with Apple's motion for a preliminary injunction.

**RELIEF REQUESTED**

Samsung requests an order granting Samsung's motion to file under seal limited portions of Exhibits 1, 2, 3, 7, 8, 9, 18, 20, 21, and 22 to Samsung's July 25, 2012 Renewed Administrative Motion to File Documents Under Seal (ECF No. 242).[1]

Should the Court find that information included in these documents is not sealable, Samsung requests that any denial of Samsung's motion to seal documents that include confidential financial information—revenues, pricing, cost, and profit data—be without prejudice to Samsung re-filing a renewed motion to seal after the Federal Circuit rules on Samsung's appeal from the Court's August 9, 2012 order in *Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 11-CV-01846-LHK ("N.D. Cal. I") and to stay disclosure of the documents pending the Federal Circuit's ruling.

**STATEMENT OF FACTS**

On July 18, 2012, the Court denied several sealing motions filed by both Apple and Samsung. ECF No. 238. The Court allowed the parties to narrow their sealing requests and file renewed motions to seal by July 25, 2012. *Id.* After conducting a detailed review of the documents, Samsung sought to seal limited portions of 22 documents. ECF No. 242.

On March 18, 2013, the Court denied Samsung's renewed motion without prejudice and invited another renewed motion that only seeks to seal documents that have not been made public

---

[1] Samsung filed partially redacted versions of Exhibits 1-22 to its July 25 Renewed Administrative to File Documents Under Seal and lodged un-redacted versions of the documents. *See* ECF Nos. 242-48. The specific portions of these documents that Samsung now seeks to seal are identified in the Declaration of Daniel W. Shim ("Shim Decl."), filed concurrently with this motion.

either in this litigation or in N.D. Cal. I.  ECF No. 397.  The Court also instructed Samsung to identify those documents that may be sealed pursuant to the Court's orders in N.D. Cal. I and those that include financial data similar to the data included in the documents subject to Samsung's appeal to the Federal Circuit.  *Id.* at 2.  Samsung now seeks to seal limited portions of 10 of the 22 documents it identified in its July 25, 2012 motion.  These documents include either:

1. Highly sensitive and confidential market, business and competitive strategy information, including forward-looking product and business strategy, and projected revenue and sales data, which the Court has found sealable in N.D. Cal. I; or

2. Highly sensitive and confidential financial information, including Samsung's revenues, sales, and profit data, the confidentiality of which is at issue in the N.D. Cal. I Federal Circuit appeal.

**Documents that Include Future Product and Business Strategy**

Exhibits 2, 7, 8, 9, 18, 21 and 22 to Samsung's July 25 Motion include information about Samsung's future product and business strategy.

**Documents that Include Confidential Financial Data**

Exhibits 1, 3, 20, 21 and 22 to Samsung's July 25 Motion include revenue, profit, and sales data.[2]

**ARGUMENT**

**I.   THE "GOOD CAUSE" STANDARD APPLIES.**

All the documents Samsung seeks to seal were submitted in connection with Apple's motion for a preliminary injunction.  While the Ninth Circuit recognizes a "strong presumption" of access to judicial records relating to "the resolution of a dispute on the merits," the presumption does not apply to judicial records that are "unrelated, or only tangentially related" to a party's claims.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (2006).  Documents

---

[2]   Exhibits 21 and 22 include future business plans as well as confidential financial information.

submitted in connection with non-dispositive motions may be sealed upon a showing of "good cause." *Id.* at 1179-80 (internal quotation marks omitted); *accord Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Apple's motion for a preliminary injunction was not dispositive. The outcome of Apple's motion would not have affected either party's ability to pursue its claims or defenses at trial. Indeed, this Court permitted the parties to file documents submitted in connection with Apple's motion for a preliminary injunction in N.D. Cal. I under seal upon a showing of "good cause." *See* N.D. Cal. I ECF Nos. 406-11.[3]

## II. "GOOD CAUSE" AND "COMPELLING REASONS" EXIST TO SEAL CONFIDENTIAL FINANCIAL INFORMATION.

Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or other confidential research, development, or commercial information* not be revealed or revealed only in a specified way." Fed. R. Civ. P. 26(c) (emphasis added).

"The most commonly accepted definition of trade secrets," *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979), which the Ninth Circuit has applied in the sealing context, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (unpublished), is found in comment b to section 757 of the first Restatement of Torts. *Accord, e.g.*, *Union Oil Co. of Cal. v. Fed. Power Comm'n*, 542 F.2d 1036, 1044 (9th Cir. 1976); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). The Restatement defines "trade secret" as "*any* formula, pattern, device or compilation of information which is used in one's business, and which gives him *an opportunity* to obtain an advantage over competitors who do not know or use it." RESTATEMENT OF TORTS § 757, cmt. b (1939) (emphasis added). Thus, for example, in *In re Electronic Arts*, the Ninth Circuit stated that "pricing terms, royalty rates, and guaranteed minimum payment terms … plainly fall[] within the definition of 'trade secrets,'" and held that a district court had abused its discretion in denying

---

[3] In its July 17, 2012 order, the Court explained that the higher "compelling reasons" standard may apply. ECF 238 at 4-5. However, the Court's order granting Apple's motion for a preliminary injunction was not dispositive of any claim or defense.

sealing of such information. 298 Fed. App'x at 569. Indeed, such data is both a paradigmatic trade secret and the precise sort of information that could be used to harm a business's competitive standing— both of which suffice to overcome the public interest in disclosure and thus to justify sealing.

Exhibits 1, 3, 20, 21 and 22 include revenue, pricing, and profit data for the Galaxy Nexus smartphone that fall squarely in the realm of trade secrets. *See* Shim Decl. ¶¶ 7-10, 12, 14, 19-21. This information is extremely valuable to Samsung because the data guides the company's pricing, distribution, financial planning, and other business decisions. Conversely, public disclosure of this information would be a windfall to Samsung's vendors, buyers, and competitors, who could use insight about Samsung's financial data to its substantial detriment. *Id.* ¶¶ 7-10. The documents contain trade secrets, a fact that alone is sufficient to establish "compelling reasons"—and , *a fortiori*, "good cause"—for sealing the selected portions. *Kamakana*, 447 F.3d at 1179; *In re Elec. Arts*, 298 Fed. App'x at 569-70.

Even if the technical definition of trade secrets were not met, the documents should nonetheless be sealed as they clearly meet Rule 26's definition of confidential "commercial information." Competitors could use Samsung's financial data to determine Samsung's pricing "floor" and price its products at a level Samsung would not be able to profitably match, while component suppliers and customers would be able to use the information during negotiations to obtain more favorable pricing. *See id.* ¶¶ 7-10.

It is for this reason that courts in the Ninth Circuit consistently seal confidential financial information even under the "compelling reasons" standard. *See, e.g.*, *Bean v. John Wiley & Sons, Inc.*, No. CV 11-08028-PCT-FJM, 2012 WL 1078662, *5-6 (D. Ariz. Mar. 30, 2012); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, *3-4 (S.D. Cal. May 24, 2012); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, *3-7 (D. Ariz. Dec. 13, 2011). The Court should find the confidential financial information at issue here sealable for the same reasons.

### III.  "GOOD CAUSE" AND "COMPELLING REASONS" EXIST TO SEAL SAMSUNG'S PRODUCT STRATEGY, BUSINESS PLANS, AND PROJECTED SALES AND REVENUES

As this Court has repeatedly found, disclosure of information about unreleased products, future business plans, and future product strategies risks "harm to Samsung's competitive standing, as competitors could use the information to position themselves to undercut Samsung." N.D. Cal. I ECF No. 2179 at 10; ECF No. 1649 at 17-18.   As the Court noted in N.D. Cal. I, "because this adjudication is concerned with Samsung's past and current conduct, information related to Samsung's future is of limited value to the public."   *Id*.   Information about future product strategy, projected sales and revenues, and future business plans may be sealed even under the "compelling reasons" standard.   *Id.*; *see also Bauer Bros. LLC*, 2012 WL 1899838, at *2; *In re Hydroxicut Marketing & Sales Practices Litig.*, 2011 WL 864897, at *1-2 (S.D. Cal. Mar. 11, 2011); *Kreiger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).

Exhibits 2, 7, 8, 9, 18, 21, and 22 describe Samsung's smartphone, tablet, and cross-platform product strategies, its future marketing strategies, and its projected smartphone and tablet revenues and sales through 2015.   Shim Decl. ¶¶ 11, 13, 15, 16, 18, 20, and 21.   Based on the Court's guidance in N.D. Cal. I, this information should be filed under seal.

## IV.   THE COURT SHOULD GRANT SAMSUNG'S REQUEST TO STAY

Should the Court rule that the confidential financial information at issue here may not be sealed, it should deny Samsung's motion without prejudice to Samsung re-filing a renewed motion to seal should the Federal Circuit disagree with this Court's reasoning in the pending appeal from the Court's August 9, 2012 and July 17, 2012 Orders.   Both Apple and Samsung have sought "review of this Court's decision on the sealability of precisely this type of information" (N.D. Cal. I ECF. No. 2210 at 4) and the financial data included in the documents here are subject to the same analysis.   "Thus, the outcome of the appeal of the August 9 Order bears on the present motion."   *Id*., ECF No. 2168 at 8.   In addition, the Court should stay disclosure of the documents pending the Federal Circuit's resolution of the appeal.

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court grant this renewed administrative motion to file under seal.

| | |
|---|---|
| DATED: April 8, 2013 | Respectfully submitted,<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By */s/ Michael L. Fazio*<br><br>Charles K. Verhoeven<br>Kevin A. Smith<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>William C. Price<br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |