| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　Counterclaim-Plaintiffs,<br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　　Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS  UNDER SEAL** |

Pursuant to the Court's March 18, 2013 Order (D.I. 397), Apple Inc. ("Apple") submits this renewed administrative motion to seal a limited number of documents filed in connection with Apple's motion for preliminary injunction. These documents,[1] identified in Exhibits A and B hereto, satisfy the "compelling reasons" standard[2] and Apple respectfully requests that they be sealed.

In its August 9, 2012 Order Granting in Part and Denying in Part Motions to Seal in the earlier-filed case between Apple and Samsung, D.I. 1649, Case No. 11-cv-1846-LHK (PSG) (the "August 9 Order"), this Court found the following categories of documents sealable:

- Third-party confidential research: Research analysis sold by third parties to Apple under specific agreements in order to maintain the confidentiality of such research, and whose public disclosure would severely impact the market for those third parties' work product; and
- Licensing information: Terms of licenses between Apple and its licensing partners.

Apple respectfully requests that these categories of documents continue to remain under seal. In its August 9 Order, this Court found the following categories to be not sealable:

- Apple's non-public financial information: Apple's specific cost data, profit margins, and detailed breakdowns of product line sales, costs, and revenue; and
- Apple's customer base and product positioning analyses: Current analyses and other research of Apple's customer base and product positioning strategies.

Apple respectfully requests that the Court stay any denial of sealing of these documents pending the Federal Circuit's ruling on the appeal of the August 9 Order or, for documents not at issue in that appeal, to provide Apple or third parties an opportunity to appeal.

As discussed below, Apple maintains that each of these categories is precisely the type of information that has been found by courts to "outweigh the public's interest in disclosure and justify sealing court records" under the Ninth Circuit's "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In recognition of the goal of providing the public with insight into the parties' claims, *see* D.I. 238 at 4, Apple is *not* seeking to seal the parties' briefs and expert declarations. Rather, it moves to seal only portions of the documents submitted with those briefs and expert declarations, which contain information that goes well beyond what the

---

[1] Apple does not address in this motion any documents already struck by the Court, D.I. 195, as they are not part of the record. D.I. 221, 238.
[2] Though Apple respectfully maintains that the sealing standard for non-dispositive motions applies here, the documents at issue also satisfy the "compelling reasons" standard. *See Philips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

APPLE'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
12-CV-00630-LHK (PSG)                                1

public needs to understand the parties' positions and the judicial process.  *See, e.g.*, *Richardson v. Mylan Inc.*, No. 09-CV-1041-JM (WVG), 2011 U.S. Dist. LEXIS 23969, at *7-8 (S.D. Cal. Mar. 9, 2011) (information "of comparatively little value to the general public" is sealable); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that "do[es] little to aid the public's understanding of the judicial process," but could cause a party "significant harm").

### A. Licensing Information

Apple moves to seal only the most sensitive terms of certain license agreements, consistent with the redactions of license agreements submitted in the Related Case.  Declaration of Boris Teksler ¶ 6.[3]  Apple carefully protects the confidentiality of its licensing arrangements, within and without Apple.  *Id.* ¶¶ 2-5.  As this Court recognized in its August 9 Order, "disclosing the terms of these licensing agreements will put [Apple] at a disadvantage in negotiations for future licensing deals."  August 9 Order at 10.  Thus this Court sealed the "pricing terms, royalty rates, and minimum payment terms of the licensing agreements [because d]isclosing this information to the public will create an asymmetry of information for Apple in the negotiation of future licensing deals."  *Id.*  Moreover, the license agreements at issue here are at best tangential to the parties' positions; they were submitted only to prove the existence of licenses to certain patents – a fact that Apple does not dispute.  *See* D.I. 114, Samsung's Opp. to Apple's Motion for Pre. Injunction, at 31.

### B. Third-Party Confidential Research

Apple moves to seal data reports purchased from third-party market research companies pursuant to contractual agreements restricting the public disclosure of such information, as well as documents that reproduce such data in substantial detail.  As this Court explained in the August 9, 2012 Order, these companies' "business model[s] revolve[] around gathering and selling these data and reports, so public disclosure of these exhibits could result in substantial commercial harm."

---

[3] Apple has previously submitted in the Related Case, under the "compelling reasons" standard, proposed redacted versions of all but one of the license agreements at issue here.  The last document is an amendment to one of those agreements.  Though Apple believes licenses should be sealed in full pursuant to the "good cause" standard, Apple here submits proposed redactions of these agreements, consistent with the sealing practice followed in the Related Case.  IBM and Nokia, whose confidential information is also at issue here, also seek to seal these terms.  *See* D.I.

August 9 Order at 10; *see also* Declaration of Gregory Joswiak ("Joswiak Decl.") ¶¶ 14, 15; Declaration of Crawford Del Prete ¶¶ 8-15. As in the earlier case between Apple and Samsung, Case No. 11-cv-1846-LHK (PSG) (the "Related Case"), Apple and the relevant third parties object to the public filing of full reports and spreadsheets, or documents that reproduce data in such substantial, relatively unaltered detail that release would be tantamount to releasing the full reports; "the public's interest in access to these underlying documents is low, while the potential for harm to [the third parties] is quite high [and] if these reports were made publically available, [their] customers would have no need to purchase them—disclosure would not only harm [their] competitive standing, it would completely destroy it." August 9 Order at 10. The reports at issue in this motion are similar, if not virtually identical, to those sealed in the Related Case, these documents "are sealable under Ninth Circuit law." *Id*.; *see also Network Appliance*, 2010 U.S. Dist. LEXIS 21721, at *7.

### C. Financial Information

Apple seeks to seal detailed financial documents addressing Apple's sales by model, costs, profit margins, and operating expenses, as well as detailed information about other sources of revenue including licensing revenue. *See* Declaration of Mark Buckley ("Buckley Decl.") ¶¶ 3, 6-11, 13; Joswiak Decl. ¶ 20. Apple strictly protects such data, both inside and outside Apple. Buckley Decl. ¶¶ 3, 4, 6, 12; Joswiak Decl. ¶¶ 21-23. Such financial data provides critical strategic insight into Apple's competitive business strategy and could enable Apple's competitors to tailor their own product offerings and priorities, advertising, pricing, budgets, and business strategies to more effectively compete with Apple. Buckley Decl. ¶¶ 3-13; *see also Bauer Bros v. Nike, Inc.,* No. 09cv500-WQH-BGS, 2012 U.S. Dist. LEXIS 72862, at *7-11 (S.D. Cal. May 24, 2012). For example, the specific profit margins for each iPhone model teach Apple's competitors which models are most profitable and by how much, and could be used as a roadmap to undercut Apple's product pricing. Buckley Decl. ¶¶ 3, 6-8, 11, 13; Joswiak Decl. ¶¶ 20-22. Similarly, Apple's suppliers could use this information to raise prices just enough to extract higher profits without losing Apple's business, as well as learn when Apple has lower margins and is more vulnerable to a cost increase. Buckley Decl. ¶¶ 9, 13. This is equally true for Apple's finances relating to iTunes content and sales, accessories, and license revenue. *Id.* ¶¶ 7, 11, 13.

Disclosure of this data thus would irreparably harm Apple by giving its competitors and suppliers an asymmetric advantage. Other courts have found this to be a compelling reason to seal such financial data. *See, e.g., TriQuint Semiconductor v. Avago Techs., Ltd.*, Case No. CV 09-1531-PHX-JAT, 2011 U.S. Dist. LEXIS 143942, at *10-12 (D. Ariz. Dec. 13, 2011) (sealing "information regarding [] development spending, budgets, and development processes [as] revealing this information to the public would significantly harm its competitive standing [and] allow competitors to tailor their own capital expenditures, budgets, and business strategies to compete against [Plaintiff] more effectively"); *see also Bauer Bros.,* 2012 U.S. Dist. LEXIS 72862, at *7-11; *Nat'l Ass'n of Optometrists & Opticians v. Brown*, 709 F. Supp. 2d 968, 978 (E.D. Cal. 2010), *aff'd by* 682 F.3d 1144 (9th Cir. 2012). Indeed, product line information like that at issue here has been sealed on similar grounds. *See Bean v. John Wiley & Sons., Inc.*, No. CV11-08028-PCT-FJM, 2012 U.S. Dist. LEXIS 44501, at *17-18 (D. Ariz. Mar. 30, 2012) (sealing charts summarizing sales and revenue figures broken out by product).

This information also should be sealed because it would "do little to aid the public's understanding of the judicial process." *Network Appliance,* 2010 U.S. Dist. LEXIS 21721, at *13-14. The parties' positions do not turn on this specific and granular financial data. *See* D.I. 115, 221.

**D.     Apple Customer Base Research and Competitive Analyses**

Apple also seeks to seal its recent, proprietary customer analyses such as its periodic "iPhone Buyer Surveys," which compile and evaluate information provided by Apple iPhone buyers worldwide, as well as competitive analyses used to determine product positioning. Joswiak Decl.¶¶ 4-5. Apple's surveys provide unique, detailed insight into the preferences of its own customers, as opposed to the population at large – information that is critical to Apple's development, production, and marketing of its products and features to its customers. The analyses at issue here further reflect Apple's product positioning plans for the marketplace and the specific product features upon which Apple focuses, as well as its competitive analyses and business strategies. *Id.* ¶¶ 4, 5, 7-10.

Public disclosure of such information would unfairly benefit Apple's competitors by allowing them to identify and examine the key dynamics of Apple's core businesses, as well as provide insight into Apple's strategies for trying to develop features that will be well-received by

existing customers. *Id.* ¶¶ 4, 5, 7-10. Only Apple has such extensive access to its customer base, and as a result it treats both its customer contact information and the data derived from such surveys as trade secrets. *Id.* ¶¶ 4-6, 8-10. Even within Apple, only a restricted group of individuals receive the highly sensitive reports at issue here. *Id.* Apple's competitors could use such information to target the features that Apple expends considerable resources to identify as most desirable to its customers. *Id.* ¶¶ 4, 5, 7-10. Courts have found these to be compelling reasons to seal such documents. *Id.; see Krieger v. Atheros Communs., Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 68033, at *4 (N.D. Cal. June 25, 2011) (finding compelling reasons to seal "discussions of business strategy, and competitive analyses"); *TriQuint,* 2011 U.S. Dist. LEXIS 143942, at *9-10.

Moreover, public disclosure of these analyses would cause Apple harm that far outweighs any potential benefit that they may provide to the public in understanding the proceedings. Apple did rely upon certain data from these analyses to show the importance of the patented features at issue, and how Samsung's infringement relating to those features has a causal nexus with the irreparable harm suffered by Apple in the absence of an injunction – and Apple is not seeking to seal that data. Joswiak Decl. ¶¶ 11, 12; D.I. 10. However, the documents containing that data also include additional proprietary information (such as customer preferences in foreign countries) that has little or no relevance to an injunction of Galaxy Nexus sales in the United States. *Id.* ¶¶ 11, 12. Thus, Apple moves to seal only recent, full customer surveys and competitive analyses, and *not* the specific data points discussed in the parties' briefing and declarations. *Id.*

\* \* \*

Apple respectfully requests that the materials identified in Exhibit A be sealed as they were under the Court's August 9 Order. Apple respectfully requests sealing of the materials identified in Exhibit B, or, in the alternative, a stay of a sealing denial pending appeal, and specifically the Federal Circuit's ruling on the appeal of the August 9 Order. As the Court has previously held, once information is publicly filed, "what once may have been trade secret no longer will be. Thus, the parties may be irreparably injured absent a stay. In contrast, the public interest, which favors disclosure of relevant information in order to understand the proceedings, is not unduly harmed by a short stay." D.I. 2047 at 7, *Apple, Inc. v. Samsung Elecs. Co.,* Case No. 11-cv-1846-LHK (PSG).

Dated: April 8, 2013                                        GIBSON, DUNN & CRUTCHER LLP

                                                  By:   /s/ *H. Mark Lyon*
                                                             H. Mark Lyon

                                          ***Attorney for Apple Inc.***

# Exhibit A

Apple respectfully moves the Court to seal the following documents as they contain similar, if not identical, information to the documents the Court sealed in its August 9 Order:

- Exhibits 22 and 28 and Attachments B-L to the Declaration of Christopher Vellturo filed in Support of Apple's Motion for Preliminary Injunction;

- Exhibits B, R, PP, UU*, and DDD to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction;

- Exhibits Q, R, T, V, W, and CC to the Declaration of Daniel C. Posner filed in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction; and

- Exhibits 22, 27 and 29* to the Declaration of Christopher Vellturo filed in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction.

* Exhibit UU to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction and Exhibit 29 to the Declaration of Christopher Vellturo filed in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction are the same document.

# Exhibit B

Apple respectfully moves the Court to stay an order denying sealing of the following documents pending the Federal Circuit's ruling on the appeal of the Court's August 9 Order:

- Exhibits 1, 2, 3, 5, and 6 to the Declaration of Arthur Rangel in Support of Apple's Motion for Preliminary Injunction;

- Exhibits 53, 82, and 112 to the Declaration of Christopher Vellturo in Support of Apple's Motion for Preliminary Injunction;

- Figure 13 in paragraph 72 of the Declaration of Michael J. Wagner in support of Samsung's Opposition to Apple's Motion for Preliminary Injunction;

- Exhibits B, L, S, UU**, XX, YY, ZZ, AAA, BBB, GGG, HHH*, and III to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction;

- Exhibit Y* to the Declaration of Daniel Posner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction; and

- Exhibits 4, 25, 26, 29**, 30, and 31* to the Reply Declaration of Christopher Vellturo in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction.

*Exhibit HHH to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction, Exhibit Y to the Declaration of Daniel Posner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction, and Exhibit 31 to the Reply Declaration of Christopher Vellturo in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction are the same document.

** Exhibit UU to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction and Exhibit 29 to the Declaration of Christopher Vellturo filed in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction are the same document.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document and supporting documents were filed electronically in compliance with Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated: April 8, 2013                    By:    */s/ H. Mark Lyon*
                                                     H. Mark Lyon