JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**DECLARATION OF BORIS TEKSLER IN SUPPORT OF APPLE'S RENEWED SEALING MOTION** |

I, Boris Teksler, declare and state as follows:

1. I am the Director of Patent Licensing and Strategy at Apple, Inc. ("Apple"). As part of my role, I am familiar with Apple's license agreements and negotiations, and the efforts that Apple takes to ensure that sensitive licensing information is kept confidential. I submit this declaration in support of Apple's motions regarding sealing, filed contemporaneously herewith. I have personal knowledge of the matters set forth below. If called as a witness I could and would competently testify as follows.

2. Apple seeks here to seal the terms of various license agreements. In all cases, these license agreements are subject to strict confidentiality provisions, and oftentimes the very existence of the agreement itself must be kept confidential. Apple has not disclosed the terms of the agreements it is seeking to seal here. Even within Apple, Apple strictly maintains the confidentiality of this information and very few employees have access to these agreements. Apple heavily limits the individuals having knowledge of its licensing strategy, license terms, negotiations, and licensing information to only those individuals in the licensing group, those who are required to make relevant decisions, or who otherwise require such information to perform their normal job responsibilities. As an example of the protections provided for this material, I understand that multiple levels of approval are required before any license agreements may be produced in a litigation, even when produced under a Protective Order with a "Highly Confidential – Outside Attorneys' Eyes Only" confidentiality designation or equivalent. Internally at Apple, the license agreements are maintained in a highly secure manner to prevent any inadvertent disclosure.

3. Moreover, such information is confidential, trade secret information constituting the key terms of the non-public license agreements. If the terms of licenses to patents not subject to any FRAND obligation were disclosed—in particular the pricing terms, amounts paid, royalty rates, and duration—potential licensees, competitors, litigants, and licensors could use this information to gain an unfair negotiating advantage over Apple and the companies involved in the license agreements. Apple is regularly engaged in licensing negotiations and lawsuits around the world, and public disclosure of these license agreements would undermine Apple's position in numerous ongoing negotiations. Disclosure of the terms of these license agreements would reveal what Apple did in the

past, and could permanently damage Apple's negotiations in the future as third parties would expect similar terms, basing their expectations on heavily negotiated agreements that were meant to be confidential. Furthermore, disclosing the terms of these agreements would grant competitors and potential litigants against Apple access to the business and licensing strategies that Apple deliberately works to keep confidential. Competitors would gain unfair insight into Apple's business strategies and business relationships, as well as an unearned glimpse into the strategies and business relationships of third parties. Such knowledge of the terms of previously non-public agreements would thus unduly weight the bargaining power in future licensing negotiations in favor of parties adverse to Apple. Apple protects the confidential status of its licensing arrangements for precisely this reason.

4.  As far as I am aware, none of the licensing-related material discussed above has been disclosed publicly by Apple, nor has this type of information been publicly disclosed by any competitor of whom I am aware. As a result, if Apple's information were disclosed, Apple's competitors would have a valuable insight that Apple would not have. This is not a matter of Apple wanting to keep secret information that most of the world shares—this type of information is generally understood in the industry to be critically important to keep under lock and key and is not publicly disclosed by its competitors either.

5.  In particular, I have reviewed Exhibits Q, R, T, V and W to Daniel C. Posner's Declaration filed in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction. These are complete license agreements between Apple and non-parties to this litigation. The agreements themselves contain strict confidentiality provisions. The terms of these agreements are closely guarded secrets within Apple and their public release would give competitors an unfair business advantage when negotiating with Apple in the future. Apple has redacted these agreements to only protect the most essential information regarding licensing terms and negotiations. For the reasons explained above, the licensing terms in these documents, as redacted by Apple, thus should be sealed.

6.  I also understand that, in an earlier case between Apple and Samsung, this Court has ruled that at least payment terms of licensing agreements may remain sealed, because, for example,

1  disclosure of such information "will create an asymmetry of information for Apple in the negotiation
2  of future licensing deals."  Order Granting in Part and Denying in Part Motions to Seal, D.I. 1649 at
3  10, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 11-cv-1846-LHK (PSG) (Aug. 9,
4  2012).  I further understand that all but one of the license agreements at issue here, namely Exhibits
5  Q, R, T, V, and W to the Posner Declaration, were also at issue in the earlier case between Apple and
6  Samsung.  Accordingly, Apple seeks to seal the terms of these license agreements in a manner
7  consistent with the license agreements at issue in that earlier case between Apple and Samsung—and
8  for those license agreements that are at issue in both this and the earlier case, only to the same extent
9  that Apple sought sealing in the earlier case.

12  I declare under the penalty of perjury under the laws of the United States of America that the
13  foregoing is true and correct to the best of my knowledge.  Executed this 5th day of April, 2013 at
14  Cupertino, CA.

By: _____
Boris Teksler

## **ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Boris Teksler has concurred in this filing.

Dated: April 8, 2013  By:  */s/ H. Mark Lyon*
H. Mark Lyon