JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JENNIFER RHO IN SUPPORT OF APPLE'S RENEWED SEALING MOTION** |

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar, an associate in the law firm of Gibson, Dunn & Crutcher LLP, and counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Apple's Renewed Administrative Motion to File Documents under Seal. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. In its Renewed Motion, Apple seeks to seal only information in its most critically sensitive categories of information: (a) highly sensitive and non-public financial information (including information concerning specific cost data and profit margins, as well as detailed breakdowns of product line sales, costs, and revenue from various sources); (b) third-party confidential research and marketing data created or provided by Apple's secondary vendors; (c) Apple's internal customer base analyses; and (d) specific information relating to Apple's existing licenses with third parties and licensing revenue. If filed publicly, the documents at issue, which contain information falling within one or more of these categories, would expose Apple and/or third-parties to substantial competitive and financial harm.

3. The relief requested by Apple is necessarily and narrowly tailored to protect the confidentiality of such information and, in turn, Apple's and third-parties' businesses.

**A.     Third-Party Confidential Market Research and Analysis**

4. Apple moves to seal the following documents or portions of documents, which constitute or otherwise extensively draw from market analysis reports provided to Apple by third-party market research companies under contractual agreements restricting the public disclosure of such information:

   a. Exhibits 22 and 28, and Attachments B-L to the Declaration of Christopher Vellturo in Support of Apple's Motion for Preliminary Injunction (the "Vellturo Declaration");

   b. Exhibits B, R, PP, UU, DDD and III to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction (the "Wagner Declaration");

      c.    Exhibit CC to the Declaration of Daniel Posner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction ("Posner Declaration"); and

      d.    Exhibits 22, 27, and 29 to the Reply Declaration of Christopher Vellturo in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction (the "Vellturo Reply Declaration").

5.    Apple seeks to seal only those documents that reflect or provide extensive, recent market data and analysis purchased from third-party research companies. That data and analysis has considerable commercial value for those vendors.

6.    I am aware that Apple imposes strict confidentiality restrictions upon this data within Apple. Receipt of complete research data reports and competitive analyses, or substantial portions thereof, is restricted to select groups of individuals who require such information in order to perform their normal job responsibilities, or who otherwise require such information in light of their decision-making authority. Thus, and as one example of how stringently Apple protects the confidentiality of this information, Apple requires multiple levels of approval before any of these documents may be produced in a litigation, even when being produced under a Protective Order with a "Highly Confidential – Outside Attorneys' Eyes Only" confidentiality designation.

7.    In addition, I am aware that the third-party companies that provide this information further impose confidentiality restrictions upon their data. In my capacity as counsel for Apple, I have interacted with such third-party research companies – including, for example, Gartner and the International Data Corporation ("IDC"), which are leading research and analysis firms – and discussed directly their confidentiality requirements. I am familiar with the general business of those third-party companies, the reasons for and the terms under which Apple typically purchases data from these companies, and the confidentiality requirements imposed by these third-party companies in connection with any production that Apple must make of the third parties' data.

8.    I further understand that, for these third-party companies, and particularly a company like IDC, their data and analysis constitutes the backbone of their businesses. IDC, for example, focuses on data and analysis in the smartphone market. These third party companies spend significant resources to compile, analyze, and make available their data, and in turn require

considerable payment in order to recoup those investments. I am aware that it thus costs Apple a substantial amount to obtain this data; an individual report purchased from one of these companies typically costs many thousands, if not hundreds of thousands, of dollars.

9. It is my understanding that these third-party companies would effectively lose any meaningful opportunity to sell their data and analysis if it were to be made publicly available. Public disclosure of the entirety, or even a substantial portion, of this third-party data would completely supplant the market for these reports. For example, many of these vendors provide their research to customers like Apple via a subscription service. However, that subscription service would be critically impaired if the research were instead available for public download from the court's website. Essentially, public disclosure of all or a substantial part of one of these reports would effectively destroy Apple's secondary vendors' businesses.

10. To protect against such consequences, I am aware that each of these third-party market research companies puts into place extensive protective measures specifically designed to avoid public disclosure of their reports and to preserve the reports' confidentiality. For example, in order to produce and otherwise use these reports during the present litigation, Apple was specifically required to provide notice of such disclosure and a copy of the Protective Order entered in this action, as well as agree to ensure that the third-party research would be produced only under the highest confidentiality designation available, i.e., "Highly Confidential – Outside Attorneys' Eyes Only." As another example, IDC, one of the third-party companies, specifically required Apple to enter into a litigation-specific Content Use Agreement containing strict protections and stipulations concerning IDC's proprietary and otherwise confidential information. That Content Use Agreement specifically conditions consent to use IDC content upon that content being afforded the protections of the Protective Order.

11. I, as counsel for Apple, as well as others at Apple and Apple's outside counsel, have reached out to the third-party companies whose data is at issue in these documents, to discuss what marketing information may be disclosed without additional repercussion to Apple beyond this litigation. We have, for example, extensively negotiated with IDC. However, Apple has been unable to resolve these issues except with respect to IDC, which gave permission to publicly disclose only

passing references to its Apple- and Samsung-focused data in the parties' briefs and supporting declarations. During those discussions, IDC reiterated that Apple is contractually obligated to otherwise maintain the confidentiality of all large portions of its data, including any full reports. I am further aware that IDC is submitting its own declaration to explain more fully the harm that it will face upon public disclosure of large portions of its data.

### B. Proposed Redacted Versions of Confidential Documents

12. Attached to Apple's Renewed Sealing Motion are proposed redacted versions of the following documents, each of which contain Apple's and/or third party confidential information, and which Apple is seeking to partially seal:

- Exhibit 82 and Attachments B-L to the Declaration of Christopher Vellturo filed in Support of Apple's Motion for Preliminary Injunction;

- Figure 13 in paragraph 72 of the Declaration of Michael J. Wagner in support of Samsung's Opposition to Apple's Motion for Preliminary Injunction as well as Exhibits B, L, R, S, UU, XX, YY, ZZ, AAA, BBB, GGG, HHH, and III to the Declaration of Michael J. Wagner in Support of Samsung's Opposition to Apple's Motion for Preliminary Injunction;

- Exhibits Q, R, T, V, W, Y, and CC to the Declaration of Daniel C. Posner filed in Support of Samsung's Opposition to Apple's Motion for a Preliminary Injunction; and

- Exhibits 4, 29, and 31 to the Declaration of Christopher Vellturo filed in Support of Apple's Reply in Support of Apple's Motion for Preliminary Injunction; and

- Exhibits 1 and 3 to the Declaration of Arthur Rangel in Support of Apple's Motion for Preliminary Injunction.

13. For those documents containing information that both Apple and Samsung seek to seal, namely Exhibit 4 to the Reply Declaration of Christopher Vellturo filed in support of Apple's Reply in support of Apple's Motion for Preliminary Injunction, Apple is lodging with the Court a copy of the document in question, with appropriate highlighting to reflect the portions that Apple believes to be sealable. For those documents that Apple moves to seal entirely, Apple is lodging copies of the documents with the Court.

14. I, as counsel for Apple, met and conferred with counsel for Samsung regarding the present motion to seal. The parties agreed not to oppose each other's motions filed in response to the Court's March 18, 2013 Order. The parties also agreed that they will work together to file redacted versions of documents upon resolution of the parties' renewed motions to seal.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 8th day of April, 2013 at Palo Alto, CA.

By: /s/ *Jennifer Rho*
      Jennifer Rho

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: April 8, 2013

                                                /s/ *H. Mark Lyon*

                                                H. Mark Lyon