| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF DANIEL W. SHIM** |

I, Daniel Wooseob Shim, declare:

1. I am Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Samsung's Renewed Administrative Motion to File Documents Under Seal.

3. The documents Samsung now moves to seal contain highly confidential financial information, including revenue, pricing, cost, and profit data for the Galaxy S smartphone.

4. This is not the type of information that Samsung reports to investors, regulatory bodies, the press, or business analysts. This information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, data included in the documents can only be accessed by certain personnel on a restricted, need-to-know basis. The data guide Samsung's pricing, distribution, financial planning, and other business decisions.

5. The information contained in these documents was produced in this case to Apple's outside counsel and experts under a Protective Order and was marked "Highly Confidential – Attorneys' Eyes Only."

6. Disclosure of revenues, sales, and profits will permit competitors to undercut Samsung's prices, and allow business partners to gain leverage that can be used to Samsung's disadvantage during negotiations. Release of this information will create an information asymmetry that will affect negotiations to Samsung's detriment—suppliers and business partners would have details of Samsung's financial data, while Samsung would not have access to the same data of its suppliers and business partners.

7. Product-specific revenues, sales, and profits are far more sensitive and confidential than company-wide financial statements because they disclose the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing products lines to target marketing and advertising efforts.

8. Suppliers could use the same information—and knowledge of Samsung's cost ceiling for each product line—as leverage to negotiate higher prices for components.

9. Likewise, carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

10. Exhibits 2 and 3 to the Declaration of Michael Valek in Support of Apple's Opposition to Apple's Motion to Compel Production of Documents Relating to Pricing of Apple Products include product-specific revenue, sales, and profit data. As explained above in paragraphs 6-9, competitors and component suppliers could use Samsung's financial data to undercut Samsung's prices and negotiate higher component prices, while retail and carrier customers could use the data to negotiate lower prices for Samsung's products. Samsung requests that the documents be sealed in their entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Suwon, South Korea on April 10, 2013.



Daniel W. Shim