JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  (650) 849-5300
Facsimile:   (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION (RFP NOS. 337-349)**<br><br><u>**HEARING**</u>:<br><br>Date:     May 7, 2013<br>Time:     10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 3

    A. Apple Has Agreed to Produce Documents Relating to the Value of the Apple Brand in Response to Numerous of Samsung's Other Requests ................................. 3

    B. Apple Objected to Samsung's Other Requests Because They Did Not Seek Any Additional Relevant Information ........................................................................ 4

III. ARGUMENT .................................................................................................................. 5

    A. The Additional Documents Samsung Seeks Are Irrelevant to the Lost Profits Case ................................................................................................................................ 6

    B. The Documents Samsung Seeks Are Irrelevant to the Permanent Injunction Case ................................................................................................................................ 9

IV. CONCLUSION ............................................................................................................. 10

Gibson, Dunn & Crutcher LLP

i

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   695 F.3d 1370 (Fed. Cir. 2012) .................................................................................................. 9

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846-LHK (PSG),
   2013 WL 772525 (N.D. Cal. Mar. 1, 2013) ................................................................................ 7

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
   627 F. Supp. 2d 384 (D.N.J. 2009) ............................................................................................. 8

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) .................................................................................................. 7

*Herbert v. Lando*,
   441 U.S. 153 (1979) .................................................................................................................... 5

*In re IBM Peripheral EDP Devices Antitrust Litig.*,
   481 F. Supp. 965 (N.D. Cal. 1979) ............................................................................................. 8

*Mailhoit v. Home Depot U.S.A., Inc.*,
   285 F.R.D. 566 (C.D. Cal. 2012) ................................................................................................ 5

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990) .................................................................................................. 6

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) .................................................................................................................... 6

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*,
   745 F.2d 11 (Fed. Cir. 1984) .................................................................................................. 7, 9

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) ................................................................................................ 5

*Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*,
   257 F.3d 449 (5th Cir. 2001) ...................................................................................................... 8

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................... 5

ii

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

I.  INTRODUCTION

Samsung has, under the veneer of defending against Apple's claims for damages and an injunction, filed a motion to compel inflammatory documents that are irrelevant to this case. Samsung asks this Court to compel the production of documents on a range of sensationalist topics, including media commentary about labor conditions in China, Apple's environmental practices, and unrelated patent litigation. Samsung suggests that these sensational events *might* have affected the value of Apple's brand, which, in turn, *might* have caused customers to buy Samsung products instead of Apple products. Samsung fails to mention, however, that Apple has already committed to search for and produce documents from 2007 to the present relating to "the value of the Apple brand," "brand tracking studies or similar documents reflecting consumer perception of the Apple brand," and documents relating to the impact of any Apple or Samsung product on "consumer perception of the Apple brand," and Apple has done so based on search terms known to Samsung.

Clearly, Apple's broad commitment to produce brand value documents should satisfy Samsung if it truly cared about brand value and its possible effect on sales. But that is not the focus of Samsung's requests for production, as a cursory review of even a few of the request topics makes apparent:

- "ALL DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether positive or negative) of any reports regarding **labor conditions** at facilities that manufacture any APPLE product." Request No. 339

- "ALL DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether positive or negative) as a result of the **Students and Scholars Against Corporate Misbehavior** reports on Hon Hai Precision Industry Co., Ltd. (trading as Foxconn)." Request No. 341

- "ALL DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand of the hashtag #**boycottapple**." Request No. 342

- "ALL DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether positive or negative) of **APPLE's patent litigation practices**." Request No. 348

This case is not about Apple's patent litigation practices, what Students and Scholars Against Corporate Misbehavior have to say about Apple, or labor conditions in China; rather, this case is about Samsung's infringement of Apple's asserted patents, the harm that infringement has caused to

Gibson, Dunn & Crutcher LLP

1

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Apple, and Samsung's continued efforts to evade responsibility for that conduct. Samsung's motion is, at bottom, an attempt to mount an irrelevant collateral attack on Apple. That is not a valid purpose of discovery.

Indeed, this Court has already ruled that this exact type of evidence of generalized bad press is *irrelevant*. In Case No. 11-cv-1846-LHK (PSG) (the "1846 case"), the Court explained:

> If there is any allegation of mistreatment, *if Apple's gotten bad press on that, I don't think that that's relevant* . . . But if it is related to the hours that employees are working and, thus, whether they can supply the demand, meet the demand I should say, that's relevant and it's coming in. But . . . *if it's mud smearing like tax evasion, it's not coming in*, so if it's some human rights claims about how Apple treats its manufacturing workers.

Decl. of Michael Valek, Apr. 16, 2013 ("Valek Decl."), Exh. 1, at 134-35 (emphases added). The Court then ruled "Samsung may not make reference to alleged working condition abuses." July 19, 2012, Minute Order and Case Mgmt. Order, No. 11-cv-1846-LHK (PSG) (D.I. 1267) ("July 19, 2012, Order"), at 3 (Ruling No. 8). Samsung has not even mentioned this order anywhere in its brief.

Just as in the 1846 case, documents relating to the sensational press reports that Samsung seeks are not relevant to Apple's requests for damages or for an injunction. The lost profits inquiry requires a reconstruction of the market as it would have existed "but for" Samsung's infringement, *i.e.*, a showing that Apple would have made additional sales if Samsung's infringing products were not on the market, and a computation of the profits Apple would have made from those additional sales. Articles from the *Huffington Post* about alleged labor practices at factories in China do not shed any light on that calculation. Indeed, they say nothing about the patents in this case, the sales Samsung captured by infringing Apple's patents, or Apple's ability to make those sales had Samsung not infringed. The injunction inquiry, in turn, requires a showing that Samsung's infringement of Apple's patents irreparably harms Apple in the market place. Again, even if one of these reported events had harmed Apple's business, that would not tend to show that Samsung has not *also* harmed Apple through its infringement. It is for that reason that Samsung has been unable to cite to a single patent case where any court ordered this type of information produced.

Samsung has filed an irresponsible motion to compel that is contrary to the express order of this Court and unsupported by any other case. That motion should be denied.

2

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO
COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

## II. BACKGROUND

**A. Apple Has Agreed to Produce Documents Relating to the Value of the Apple Brand in Response to Numerous of Samsung's Other Requests**

Samsung argues that it needs the documents called for by Request Nos. 337-49 in order to assess the value of Apple's brand. *See* Samsung's Mot. to Compel Production of Documents Responsive to Samsung's Seventh Set of Requests for Production (RFP Nos. 337-349), Apr. 2, 2013 (D.I. 433) ("Mot."), at 19. As noted, Samsung omits from its brief the fact that Apple has already agreed to search for and produce documents relating to the value of its brand in response to *nine* of Samsung's other requests. In particular, Apple agreed to search for and produce documents responsive to all of the following requests, which, unlike the ones at issue in this motion, seek information about the value of Apple's brand without needless reference to sensational and irrelevant issues in the media:

> **Request No. 328**:
>
> All DOCUMENTS RELATING TO the value of the APPLE brand from 2007 to the present.
>
> **Request No. 329:**
>
> All DOCUMENTS RELATING TO the value of the APPLE brand to smartphone consumers from 2007 to the present.
>
> **Request No. 330:**
>
> All DOCUMENTS RELATING TO the value of the APPLE brand to tablet consumers from 2007 to the present.
>
> **Request No. 331:**
>
> All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the smartphone market from 2007 to the present.
>
> **Request No. 332:**
>
> All DOCUMENTS RELATING TO the value of the APPLE brand relative to competitors in the tablet market from 2007 to the present.
>
> **Request No. 333:**
>
> All DOCUMENTS RELATING TO the value of the APPLE brand and its effect on consumer demand for APPLE products from 2007 to the present.

3

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

**Request No. 334:**

> All brand tracking studies or similar DOCUMENTS reflecting consumer perception of the APPLE brand from 2007 to the present.

**Request No. 335:**

> All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any APPLE product.

**Request No. 336:**

> All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any SAMSUNG product.

*See* Decl. of Amar L. Thakur, Apr. 2, 2013 ("Thakur Decl."), Exh. B (D.I. 433-4) (agreeing to search for and produce documents in response to Request Nos. 329-336); *Id.*, Exh. I (D.I. 433-11), Exh. K (D.I. 433-13) (agreeing to produce documents in response to Request No. 328).[1]  Samsung does not explain why Apple's agreement to produce documents in response to all of these requests is insufficient to allow Samsung to assess the value of Apple's brand.

**B.   Apple Objected to Samsung's Other Requests Because They Did Not Seek Any Additional Relevant Information**

During the meet-and-confer process, Apple repeatedly explained that it objected to the requests at issue *not* because they seek information relating to the value of Apple's brand, but rather because they do not seek discovery of relevant matters *beyond* the numerous requests for which Apple has already agreed to produce documents. Specifically, Apple objected to Request Nos. 337 and 338, which seek "All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or positive) of any third-party product" and "All DOCUMENTS RELATING TO the impact on consumer perception of the APPLE brand (whether negative or

---

[1] Apple initially objected to Request No. 328 for a variety of reasons, including that the request was overly broad and unduly burdensome. *See* Thakur Decl., Exh. B (D.I. 433-4), at 38-39.  In an effort to compromise and to avoid unnecessary motion practice on these issues, however, Apple informed Samsung during the parties' lead trial counsel meet and confer that Apple would produce all documents related to the value of the Apple brand since 2007. *See* Valek Decl., ¶ 2; *see also* Thakur Decl., Exh. K (D.I. 433-13); Valek Decl., Exh. 2 (reiterating Apple's proposal). Samsung ignores Apple's prior compromises in its motion.

Gibson, Dunn & Crutcher LLP

4

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

positive) of any event," because these requests seek nothing above and beyond Samsung's broader requests above, and are in fact stated in language that is more vague. Apple then objected to Request Nos. 339-349 because those requests do nothing other than inject irrelevant issues into the case, such as labor practices at Apple's foreign factories (Nos. 339-341), public response to Apple's withdrawal from environmental ratings agencies (No. 342), and reactions to Apple's efforts to enforce its intellectual property rights (Nos. 343-349).

Nonetheless, in an effort to avoid unnecessary motion practice, Apple has made clear that it is not withholding documents on the basis of its objections to the requests in Samsung's motion. As the Court is aware, the parties are using search terms to identify responsive documents from relevant custodians, and Apple is relying on that process to locate documents relating to the value of the Apple brand in response to the requests that Apple had agreed to (Nos. 328-336, above). As Apple has explained to Samsung, to the extent these searches for *brand-related documents* uncover, for example, documents relating to Chinese labor practices, Apple would produce those documents. *See* Thakur Decl., Exh. K (D.I. 433-13). The only thing that Apple did not agree to do is collect from new custodians, or run specific new searches, for the sole purpose of finding documents relating to these additional collateral topics. *Id.* Again, it is telling that Samsung does not mention anywhere in its motion that the only issue in dispute is Apple's objection to running additional searches specifically targeted at irrelevant, potentially-inflammatory material.

### III.   ARGUMENT

Although the scope of discovery under Rule 26 is broad, it has its limits, and Samsung has far exceeded them in these requests. It is Samsung's obligation to demonstrate that the discovery it seeks is relevant. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied"); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[T]he party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26 . . . ."); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012). Moreover, it is within the Court's power to prohibit discovery sought with in improper purpose, such as to embarrass or annoy a litigant.

Gibson, Dunn & Crutcher LLP

5

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information.... [D]iscovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery.").

The Federal Circuit has held that these principles apply in the context of damages discovery in a patent case. The court explained:

> While the Federal Rules of Civil Procedure unquestionably allow broad discovery, a right to discovery is not unlimited.
>
> . . .
>
> Micro Motion's assertion of a claim for damages or even lost profit damages in itself does not provide a mantle of relevancy with respect to all of the information it sought from K-Flow, and the district court erred in essentially adopting that view. The court required no more of Micro Motion than a theoretical argument that the requested information 'somehow relates to its pending California action.' We cannot agree that the district court's test was appropriate here or that, on this record, relevancy of the discovery within the meaning of Rule 26(b) has been otherwise established. The doors of the discovery process may not be so easily opened.

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322, 1325 (Fed. Cir. 1990) (citations omitted).

Samsung has not met its burden of demonstrating relevance. As discussed below, the requested material would not shed any light on the lost profits or injunction inquiries established by the Federal Circuit, and Samsung does not cite a single case that says otherwise.[2]

### A. The Additional Documents Samsung Seeks Are Irrelevant to the Lost Profits Case

Samsung correctly notes that in order to prove lost profits, Apple must show that "but for" Samsung's infringement, Apple would have made additional sales. Mot. at 2. Samsung, however, ignores what those words actually mean. As this Court and the Federal Circuit have held, the "but for" test requires reconstruction of the relevant market as it would have existed had Samsung not placed its infringing products on the market, *i.e.*, a calculation of the difference between the profits

---

[2] To the extent the Court believes that this type of sensationalist material is relevant to this case – it is not – the Court should require Samsung to produce all documents relating to public criticism of its labor practices, tax evasion, bribery, and price-fixing, for example, and how that publicity affects Samsung's brand value. *See, e.g.*, David McNeill, *Tax evasion, bribery, and price-fixing: How Samsung became the giant that ate Korea*, The Independent, Feb. 25, 2013, http://www.independent.co.uk/news/world/asia/tax-evasion-bribery-and-pricefixing-how-samsung-became-the-giant-that-ate-korea-8510588.html.

6

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

Apple actually made in the real world, where Samsung has infringed, and the greater profits Apple would have made in a reconstructed world absent Samsung's infringement. *See, e.g.*, *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1355 (Fed. Cir. 2001). This Court explained that process in its order affirming Apple's award of lost profits in the 1846 case:

> The Federal Circuit has noted that it "has affirmed lost profit awards based on a wide variety of reconstruction theories where the patentee has presented reliable economic evidence of 'but for' causation." *Crystal Semiconductor*, 246 F.3d at 1355. [Apple's damages expert's] *opinion reconstructs the market based on market share, capacity, and demand, thus demonstrating how many additional sales Apple would likely have made, but for Samsung's infringement*. This constitutes exactly the type of economic evidence of causation that the Federal Circuit requires in sustaining an award of lost profits.

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846-LHK (PSG), 2013 WL 772525, at *9 (N.D. Cal. Mar. 1, 2013) (emphasis added).

The fact that negative press might impact Apple's business in some general way has no bearing on the patent damages calculation because it does not have anything to do with Samsung's infringement – again, sales Apple would have made had Samsung not placed its infringing products on the market. Indeed, even if one accepted that media reports about these events affected Apple's business, the impact would be *the same* in both the real and the reconstructed world, and would thus not result in a *difference* that would alter the computed lost profits number. Put another way, any impact caused by these tangential events would already be reflected in Apple's market share in the real world, and would thus be accounted for in the lost profits analysis where Apple seeks to recover its pro-rata share of Samsung's infringing sales. This is why patentees do not need to account for each and every event that might have affected their sales in order to prove lost profits. *See Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 21 (Fed. Cir. 1984) ("The patent holder does not need to negate all possibilities that a purchaser might have bought a different product or might have foregone the purchase altogether."). It is consequently of no surprise that the Court already found this type of sensational, generalized evidence of bad press to be irrelevant in the 1846

7

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

case, and that neither party used it when assessing lost profits at trial.[3]

Samsung ignores all of this relevant authority, and instead cites to a string of non-patent cases in support of its motion. *See* Mot. at 3-4. Nearly all of these cases relate to situations where a plaintiff failed to prove causation entirely because it asserted that some generalized business tort caused it to suffer broad harms to its business, without taking into account obvious other factors that caused some or all of those harms. None of these cases are analogous to a lost profits analysis in a patent case, which is based on rigorous quantification of the harm caused by a discrete and quantifiable number of infringing sales and which, as discussed above, is by definition tied closely to the acts of infringement.

Indeed, *In re IBM Peripheral EDP Devices Antitrust Litigation*, cited by Samsung, is inapt for that exact reason. In that case, Transamerica alleged that IBM had engaged in *predatory pricing* practices that led to the general collapse of Transamerica's business. *See In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 987, 996-98 (N.D. Cal. 1979). The court found that IBM's pricing practices did not appear to have caused the plaintiff's business failure, which was more likely caused by other factors, such as the 1970s recession. *Id.* at 1014-18. Similarly, in *Sulzer*, the plaintiff sought damages for *tortious interference*, alleging that it suffered significant harm to its business because the defendant absconded with a "valued salesman" of the plaintiff. *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 458 (5th Cir. 2001). The Court found that the causation evidence was too attenuated to connect the departure of that salesman to the full amount of the damages the plaintiff had sought because other factors, beyond his departure, impacted the plaintiff's sales. *Id.* at 459. Similarly, in *Bracco Diagnostics*, the Court found that the causal connection between general acts of alleged *false advertising* and lost sales of specific products was too attenuated because many other things beyond mere advertising impacted sales. *See Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 489 & n.262 (D.N.J. 2009).

---

[3] *See* Valek Decl., Exh. 1, at 134-35; July 19, 2012, Order, at 3 (Ruling No. 8). Although the Court did allow Samsung to discuss the number of hours Apple's employees worked for purposes of assessing capacity to meet demand, that is not the information that Samsung seeks with this motion.

Gibson, Dunn & Crutcher LLP

8

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Samsung's other cases, which it quotes but does not explain, are distinguishable for similar reasons: unlike this case, none of them involved the rigorous quantification of lost sales resulting from a discrete, identifiable number of directly competing, infringing products.

Here, Apple does not allege that Samsung committed some generalized business tort with an inherently attenuated connection to specific lost sales.  Rather, Apple will show that Samsung made a *specific number* of sales of infringing products that compete head-to-head with Apple's iOS products.  Apple will then quantify, by reconstructing the market, as Apple did in the 1846 case, a *specific number* of those sales that Apple would have captured had Samsung not infringed.[4]  Once Apple meets that burden of proving lost profits, there is no need for Apple to address other tangential issues that might have impacted its sales.  Accordingly, it is not surprising that Samsung cannot cite a single patent case in which any court has found the kind of generalized, provocative, and sensationalist material that Samsung seeks in this motion to be relevant to lost profits, let alone ordered its production.

**B.     The Documents Samsung Seeks Are Irrelevant to the Permanent Injunction Case**

Samsung does not even try to explain how the sensational material it seeks would be relevant to the permanent injunction inquiry.  All Samsung does is cite to the Federal Circuit's decision on the appeal of the preliminary injunction in this case, where that court held that Apple must establish a "causal nexus," *i.e.*, by showing that the irreparable harm Apple has suffered is "sufficiently related to the infringement."  Mot. at 2 (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012)).  Samsung then argues that "if sales are lost for another reason, Samsung cannot be liable for them."  *Id.*

But it does not follow that Samsung can avoid an injunction by demonstrating that its infringement is not the only thing that has impacted Apple's sales.  The Federal Circuit never said that and, in fact, has expressly rejected that argument in the context of "but for" causation for lost

---

[4] For the reasons Apple has explained in its preliminary injunction papers, even a lost profits damages remedy will not prevent Samsung's infringement from irreparably harming Apple in the marketplace.

9

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO
COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH
SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

profits damages. *See Paper Converting*, 745 F.2d at 21. Rather, as articulated by the Federal Circuit, the analysis focuses on whether Apple's patented features help drive the sales of Samsung's infringing products. Documents relating to media reports about labor conditions or Apple's stance on the environment have nothing to do with that question.

### IV. CONCLUSION

Samsung seeks to inject issues into the case that have nothing to do with the merits, and that are intended only to malign Apple before the jury and the public, when the real focus of this case should be on Samsung's infringement. For all of the forgoing reasons, Samsung's motion should be denied.

GIBSON, DUNN & CRUTCHER LLP

Dated: April 16, 2013        By:        */s/ H. Mark Lyon*

H. Mark Lyon

***Attorney for Plaintiff Apple Inc.***

10

APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL DOCUMENTS RESP. TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated:  April 16, 2013                          By:        /s/ H. Mark Lyon
                                                                    H. Mark Lyon