# EXHIBIT 1

**Declaration of Michael Valek in Support of Apple's Opposition**

```
 1                UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4

 5

     APPLE INC., A CALIFORNIA    )  C-11-01846 LHK
 6   CORPORATION,                )
                                 )  SAN JOSE, CALIFORNIA
 7                PLAINTIFF,     )
                                 )  JULY 18, 2012
 8           VS.                 )
                                 )  PAGES 1-146
 9   SAMSUNG ELECTRONICS CO.,    )
     LTD., A KOREAN BUSINESS     )
10   ENTITY; SAMSUNG             )
     ELECTRONICS AMERICA,        )
11   INC., A NEW YORK            )
     CORPORATION; SAMSUNG        )
12   TELECOMMUNICATIONS          )
     AMERICA, LLC, A DELAWARE    )
13   LIMITED LIABILITY           )
     COMPANY,                    )
14                               )
                  DEFENDANTS.    )
15   _____

16            TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE LUCY H. KOH
17          UNITED STATES DISTRICT JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23

24   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                       CERTIFICATE NUMBER 9595
25
```

```
 1
 2    A P P E A R A N C E S:

 3    FOR PLAINTIFF        MORRISON & FOERSTER
      APPLE:               BY:  HAROLD J. MCELHINNY,
 4                              MICHAEL A. JACOBS,
                                RACHEL KREVANS
 5                         425 MARKET STREET
                           SAN FRANCISCO, CALIFORNIA   94105
 6

 7    FOR COUNTERCLAIMANT  WILMER, CUTLER, PICKERING,
      APPLE:               HALE AND DORR
 8                         BY:  WILLIAM F. LEE
                           60 STATE STREET
 9                         BOSTON, MASSACHUSETTS   02109

10                         BY:  MARK D. SELWYN
                           950 PAGE MILL ROAD
11                         PALO ALTO, CALIFORNIA   94304

12    FOR THE DEFENDANT:   QUINN, EMANUEL, URQUHART,
                           OLIVER & HEDGES
13                         BY:  CHARLES K. VERHOEVEN
                           50 CALIFORNIA STREET, 22ND FLOOR
14                         SAN FRANCISCO, CALIFORNIA   94111

15                         BY:  VICTORIA F. MAROULIS,
                                KEVIN P.B. JOHNSON
16                         555 TWIN DOLPHIN DRIVE
                           SUITE 560
17                         REDWOOD SHORES, CALIFORNIA   94065

18                         BY:  MICHAEL T. ZELLER,
                                WILLIAM C. PRICE
19                         865 SOUTH FIGUEROA STREET
                           10TH FLOOR
20                         LOS ANGELES, CALIFORNIA   90017

21    FOR INTERVENOR       RAM, OLSON,
      REUTERS:             CEREGHINO & KOPCZYNSKI
22                         BY:  KARL OLSON
                           555 MONTGOMERY STREET, SUITE 820
23                         SAN FRANCISCO, CALIFORNIA   94111

24

25
```

1            THE COURT:  THERE'S NO DISPUTE, SO THAT
2    ONE IS GRANTED.
3            MOTION IN LIMINE NUMBER 6, IT'S KIND OF
4    THE FLIP SIDE OF SAMSUNG'S, THAT'S GRANTED, AND
5    THAT'S JUST EXCLUDING HOW OTHER COURTS AND
6    TRIBUNALS HAVE RULED AND CONSTRUED THE PATENTS.
7            NOW, WITH REGARD TO STEVE JOBS, IT'S THE
8    SAME THING.  I DON'T SEE HOW THIS IS RELEVANT.
9    UNDER A 403 ANALYSIS, I DON'T THINK IT COMES IN.  I
10   REALLY DON'T THINK THIS IS A TRIAL ABOUT STEVE JOBS
11   EITHER WAY.  ALL RIGHT?  SO THAT MOTION IS GRANTED.
12           WITH REGARD TO -- NOW, APPLE'S CORPORATE
13   BEHAVIOR OR FINANCIAL CIRCUMSTANCES, I THINK JUST
14   AS SAMSUNG'S FINANCES COME IN, SO DO APPLE'S, AND I
15   THINK BECAUSE THE CAPACITY OF APPLE TO MEET THE
16   DEMAND IS RELEVANT, WHAT THE EMPLOYEES ARE WORKING,
17   HOW MANY HOURS THEY'RE WORKING, I THINK THAT'S
18   RELEVANT.  IT COMES IN.
19           NOW, THERE IS ONE ASPECT OF THIS WHICH
20   MAY BE LIKE THE TAX EVASION ALLEGATION.  I MEAN, IF
21   THERE IS ANY ALLEGATION OF MISTREATMENT, IF APPLE'S
22   GOTTEN BAD PRESS ON THAT, I DON'T THINK THAT THAT'S
23   RELEVANT.
24           I'M NOT SURE IF THAT WAS -- SOME OF THESE
25   MOTIONS ARE VERY VAGUE, SO IT'S REALLY DIFFICULT TO

1    FIND OUT EXACTLY WHAT'S BEING ARGUED HERE.
2                BUT IF IT IS RELATED TO THE HOURS THAT
3    EMPLOYEES ARE WORKING AND, THUS, WHETHER THEY CAN
4    SUPPLY THE DEMAND, MEET THE DEMAND I SHOULD SAY,
5    THAT'S RELEVANT AND IT'S COMING IN.
6                BUT IF IT'S JUST, YOU KNOW, LIKE -- IF
7    IT'S MUD SMEARING LIKE TAX EVASION, IT'S NOT COMING
8    IN, SO IF IT'S SOME HUMAN RIGHTS CLAIM ABOUT HOW
9    APPLE TREATS ITS MANUFACTURING WORKERS.  OKAY?
10               SO THAT MOTION IS DENIED TO THE EXTENT
11   THAT APPLE OPENS THE DOOR IN ITS THEORY OF DAMAGES.
12               NOW, NUMBER 9 IS EXCLUDING SAMSUNG FROM
13   OFFERING PROFITS CALCULATIONS BASED ON A TAX
14   AGREEMENT WITH THE IRS.  THAT'S THE SAME THING AS
15   SAMSUNG'S MOTION IN LIMINE NUMBER 9.  THAT MOTION
16   IS DENIED.
17               WITH REGARD TO NUMBER 10, APPLE'S
18   ACQUISITION OF FINGERWORKS, THE MOTION IS UNOPPOSED
19   AND IT'S GRANTED.
20               OKAY.  ALL RIGHT.  ANYTHING ELSE WE HAVE
21   TO DO TODAY?
22               MR. MCELHINNY:  WELL, NOW I NEED ONE
23   CLARIFICATION.
24               THE COURT:  OKAY.
25               MR. MCELHINNY:  I UNDERSTAND THAT -- IT'S

# EXHIBIT 2

**Declaration of Michael Valek in Support of Apple's Opposition**


**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

April 14, 2013

VIA ELECTRONIC MAIL

Scott Watson
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:   Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Scott:

In light of Judge Grewal's questions at the April 11 hearing regarding whether the parties were communicating fully and clearly in an effort to resolve their disputes, I write once again to clarify Apple's position with respect to Request Nos. 337-349 of Samsung's Seventh Set of Requests for Production, which are the subject of a currently pending motion to compel filed by Samsung. I never received a response to my letter to you dated March 19, 2013, in which I tried to correct what appeared to be a misunderstanding on your part regarding Apple's position with respect to the production of documents responsive to these requests. Instead, Samsung filed its motion to compel.

As I stated in my March 19 letter and previously, subject to its stated objections, Apple has and will continue to produce documents responsive to Samsung Request No. 328 to the extent located after a reasonably diligent search. Request No. 328 seeks all documents relating to "the value of the Apple brand since 2007." Initially, Apple objected to this request and indicated it would produce responsive documents only to the extent they related to the value of the Apple brand as it impacted consumer demand. However, in the spirit of compromise Apple withdrew this objection and agreed to produce all responsive documents. Thus, within the files of its identified custodians Apple is searching for and producing all documents relating to the value of the Apple brand since 2007. In addition, among other categories, Apple has agreed to produce all "brand tracking studies or similar documents reflecting consumer perception of the Apple brand" and all documents relating to the impact of any Apple or Samsung product on "consumer perception of the Apple brand." As Request Nos. 337-349 merely ask for specific subsets of the documents called for by these and other requests to which Apple has agreed to produce responsive documents (*i.e.*, the impact of certain events or issues on consumer perception of the Apple brand), to the extent that Apple locates within the files of its identified custodians documents responsive to Request Nos. 337-349, they are being produced in response to Request No.

**GIBSON DUNN**

Scott Watson
April 14, 2013
Page 2


328. Accordingly, Apple is not withholding any such documents from production based on its objections to Request Nos. 337-349.

In my March 19 letter, I used Samsung's Request No. 340 as an illustrative example. That request seeks documents relating to "the impact on consumer perception of the Apple brand (whether negative or positive) of any reports regarding Hon Hai Precision Industry Co., Ltd. (trading as Foxconn)." If in searching for documents relating to the value of the Apple brand since 2007 in response to Request No. 328 Apple locates a document relating to the impact of reports regarding Hon Hai Precision on consumer perception of the Apple brand, those documents are not being withheld and are being produced in response to Request No. 328, notwithstanding Apple's objections to Request No. 340.

However, as stated in my March 19 letter, Apple is not identifying custodians or formulating specific search terms specifically related to these requests. Again using Request No. 340 as an example, Apple is not formulating search terms to locate all documents related to reports about Hon Hai Precision or identifying custodians on the basis that they may possess documents related to reports on Hon Hai Precision simply so that those files can be searched to see if they contain documents related to the value or perception of the Apple brand. Is Samsung insisting that Apple undertake this burdensome exercise? If so, then it appears that the parties are at an impasse and Samsung should proceed with its motion. However, Apple urges Samsung to reconsider its motion in light of Apple's position as set forth above, which we believe will more than satisfy Samsung's legitimate discovery needs. It is simply not reasonable to ask Apple to designate custodians or formulate search terms for the sole purpose of seeking information regarding irrelevant matters that could only be used to make an improper collateral attack on Apple's reputation (*i.e.*, information relating to the impact of reports regarding the alleged labor practices of Hon Hai Precision or the hashtag #boycottapple).


Sincerely,

*/s/ Michael A. Valek*

MAV/pdd