JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**REPLY IN SUPPORT OF APPLE INC.'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION AND DIFF PROGRAM PRINTOUTS FROM GOOGLE, INC.**<br><br>**HEARING:**<br><br>Date:      May 7, 2013<br>Time:     10 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Paul S. Grewal |

Gibson, Dunn & Crutcher LLP

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ................................................................................................................... 1

    A. Google's Search Methodology Was Clearly Flawed ........................................... 1

    B. Disclosure Of Google's Search Terms And Custodians Would Not Violate Any Privilege And Would Not Impose An Undue Burden .......................................... 2

    C. Disclosure Of Google's Search Terms And Custodians Is Essential To Achieving Transparency And Cooperation And To Correcting Defects In Google's Searches ................................................................................................. 5

III. CONCLUSION ................................................................................................................ 6

i

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*E.E.O.C. v. ABM Indus. Inc.*,
  No. 1:07-cv-01428-LJO-TAG, 2008 WL 5385618 (E.D. Cal. Dec. 23, 2008) .............................. 3

*In re Google Litig.*,
  No. C 08–03172 RMW (PSG), 2011 WL 286173 (N.D. Cal. Jan. 27, 2011) ................................ 3

*Quiroz v. Cate*,
  Case No. C 11–0016 LHK (PR), 2012 WL 3236490 (N.D. Cal. Aug. 06, 2012) ........................ 3

*Romero v. Allstate Ins. Co.*,
  271 F.R.D. 96 (E.D. Pa. 2010) .............................................................................................. 2, 4

*Siano Mobile Silicon, Inc. v. Mavcom, Inc.*,
  No. C–10–04783 LHK (PSG), 2011 WL 1483706 (N.D. Cal. Apr. 19, 2011) ............................ 3

*Smith v. Life Investors Ins. Co. of Am.*,
  Case No. 2:07–cv–6812009, WL 2045197 (W.D. Pa. July 9, 2009) ........................................... 3

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
  250 F.R.D. 251 (D. Md. 2008) .................................................................................................... 3

*William A. Gross Constr. Assocs., Inc. v. American Mfrs. Mut. Ins. Co.*,
  256 F.R.D. 134 (S.D.N.Y. 2009) ................................................................................................. 5

### Other Authorities

The Sedona Conference, "The Case for Cooperation," 10 Sedona Conf. J. 339 (2009) ..................... 5

Gibson, Dunn & Crutcher LLP

i

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

## I. INTRODUCTION

Google's Opposition to Apple's Motion to Compel ("Google's opposition") confirms that it has no legitimate basis to refuse to disclose the search terms and custodian list it used to produce documents in this case. Google has abandoned the position it took during the meet and confer process and no longer contends such information is privileged. Instead, it now claims that requiring the disclosure of its search terms and custodians is unduly burdensome. But Google did not take that position before, offers no evidence to support it now (only attorney argument), and cannot credibly claim burden given that it produced documents based on these search terms and custodians only two months ago. Google's suggestion that Apple propose additional search terms and custodians also lacks credibility. Without visibility into Google's search terms and custodians, Apple cannot identify the defects in Google's search methodology or propose a properly targeted remedial search protocol. Moreover, Google is reserving the right to reject Apple's search terms and custodians, which renders the entire proposal virtually meaningless and all but ensures future disputes and further unnecessary delay. With fact discovery closing in July, Apple cannot afford to engage in an endless back and forth with Google over appropriate search terms and custodians. Disclosure of Google's search terms and custodians will enable Apple to take meaningful advantage of Google's offer to work cooperatively to resolve the already apparent flaws in its current document production, while providing a transparency that will help avoid and resolve electronic discovery disputes.[1]

## II. ARGUMENT

The Court should compel Google to disclose its search terms and custodians. Compelling such disclosure would not violate any privilege, would not impose an undue burden, and is essential to ensuring transparency in the discovery process.

### A. Google's Search Methodology Was Clearly Flawed

There is no question that Google's search methodology was flawed. In its Motion, Apple specifically identified numerous deficiencies in Google's document production to date, including the

---

[1] Given the Court's denial of Apple's Motion to Compel Response to Interrogatory No. 22 and Production of Diff Program Printouts and Supporting Documents, Apple is withdrawing its request that the Court compel Google to provide the "diff" printouts made by Apple's experts during inspection of Google's produced source code.

1   REPLY ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION AND DIFF PRINTOUTS CASE NO. 5:12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

1  fact that Google has produced fewer than five documents with the term ████. *See* Valek
2  Decl., ¶ 26.  Unable to genuinely dispute the deficiencies in its document production, Google offers
3  only that it is "investigating Apple's complaint."[3]  *See* Opp'n at 5.  But the time for such
4  investigation is past.  If Google truly believed it had produced more than five documents with the
5  term ████ it would have come forward with such evidence in opposing Apple's Motion.  It
6  did not.

7       Contrary to the suggestion in Google's opposition, Apple wants to work cooperatively with
8  Google to correct these flaws.  The list of search terms and custodians Apple seeks through this
9  Motion is not the end game.  Rather, it is a necessary first step for Apple to obtain fulsome and
10  meaningful discovery from a key player in the subject matter of this case and Google's opposition
11  offers no legitimate basis for it to refuse to provide such information here.

12      **B.**    **Disclosure Of Google's Search Terms And Custodians Would Not Violate Any Privilege And Would Not Impose An Undue Burden**

13  During the meet and confer process, Google objected to the disclosure of its search terms and
14  custodians on the grounds that such information is privileged.  But as Apple showed in its Motion,
15  courts consistently have rejected claims that search terms are privileged.  *See* Motion at 8.  Unable to
16  identify any authority to support its prior position, Google dropped that argument.  Instead, despite
17  never having previously claimed that disclosing its search terms and custodians would be
18  burdensome, Google now argues that requiring disclosure would impose an unreasonable burden,
19  citing *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 110 (E.D. Pa. 2010).

---

██████████████████████████████████████████████████ The lock screen is one of the accused functionalities in this case, and documents relating to it are unquestionably relevant.

[3] Citing a prior meet and confer letter, Google purports to identify several additional design documents.  *See* Opp'n at 4.  But the vast majority of the documents identified in Google's letter are not design documents████████████████████████████████████████ Therefore, they are not design documents. ████████████████████████ Regardless, even if all of the documents Google references in its letter were design documents relevant to the accused functionality, they would amount to less than 20 documents—a woefully small production.

2   REPLY ISO APPLE'S MOTION TO COMPEL DISCOVERY OF DOCUMENT PRODUCTION INFORMATION AND DIFF PRINTOUTS CASE NO. 5:12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

But Google offers no evidence to support its burden argument. Google's attorney declaration is devoid of such evidence, and Google's opposition contains only attorney argument. Such conclusory allegations of burden are insufficient as a matter of law. *See Quiroz v. Cate*, Case No. C 11–0016 LHK (PR), 2012 WL 3236490, at *4 (N.D. Cal. Aug. 06, 2012) ("A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."); *Siano Mobile Silicon, Inc. v. Mavcom, Inc.*, No. C–10–04783 LHK (PSG), 2011 WL 1483706, at *4-5 (N.D. Cal. Apr. 19, 2011) (rejecting claims of undue burden where resisting party supported its claims of undue burden only "by way of attorney argument"); *E.E.O.C. v. ABM Indus. Inc.*, No. 1:07-cv-01428-LJO-TAG, 2008 WL 5385618, at *8 (E.D. Cal. Dec. 23, 2008) ("Defendants have not offered a declaration or an affidavit sufficiently describing the particulars of the burden compliance with such a request would impose on Defendants. A bare assertion of undue burden without factual allegations does not suffice."). As such, Google has failed to meet *its* burden of showing that disclosure of its search terms and custodians would impose an undue burden. *Quiroz,* 2012 WL 3236490, at *4 ("The party resisting discovery has the burden of establishing . . . undue burden.").[4] Indeed, in prior litigation involving Google, this Court rejected similar and equally unsupported claims of undue burden by Google. *See, e.g.*, *In re Google Litig.*, No. C 08–03172 RMW (PSG), 2011 WL 286173 (N.D. Cal. Jan. 27, 2011) ("[B]eyond generic attorney argument, Google offers no concrete, particularized evidence regarding the undue burden of production. . . . This leads the court to conclude that no such undue burden is present[.]"); *see also id.* at *6 ("Google once again offers no evidence to support its undue burden claims. In particular, Google fails to serve even a single declaration from a competent witness describing the resources required to complete a manual, as opposed to electronic, search of documents responsive to SRA's requests. As a result, no estimate of the number of hours, business distraction, or cost of production

---

[4] *See also Smith v. Life Investors Ins. Co. of Am.*, Case No. 2:07–cv–6812009, WL 2045197, at *7 (W.D. Pa. July 9, 2009) (compelling disclosure of search terms where the responding party failed to "demonstrate that its search for documents was reasonable"); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 262 (D. Md. 2008) ("In this case, the Defendants have failed to demonstrate that the keyword search they performed on the text-searchable ESI was reasonable. . . . [W]hen their production was challenged by the Plaintiff, they failed to carry their burden of explaining what they had done and why it was sufficient.").

3

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

1  is included in the record.  Nor does the record include any specific proposal for a keyword search . . .
2  that demonstrates the efficacy of the proposed search as opposed to manual review.  The court is thus
3  left to presume undue burden, as opposed to evaluating burden in light of an evidentiary record.  This
4  the court will not do.").

5        Google's reliance on *Romero* is also misplaced.  In *Romero*, the court declined to order the
6  disclosure of search terms because discovery in that case had dragged on for ***eight and a half years***.
7  In those extraordinary circumstances, the court concluded that requiring the disclosure of search
8  terms would be unduly burdensome.  *Romero*, 271 F.R.D. at 110 ("To require Defendants to compile
9  a list of all search terms, custodians, and other methods of searching used in the past [eight and half
10 years] would result in an undue burden on Defendants that is not justified by any potential benefit to
11 Plaintiffs.").  No such claim can plausibly be made here.  Google admits it first produced documents
12 in response to Apple's Subpoenas on December 14, 2012—only four months ago.  *See* Opp'n at 2.
13 Google further admits it made its most recent production of documents on February 12, 2013—only
14 two months ago.  *Id.*  There is nothing unduly or unreasonably burdensome about requiring the
15 disclosure of search terms and custodians that were employed only two to four months ago, and
16 Google provides no factual basis for concluding otherwise.

17       Because there is no burden here, it is irrelevant that Google is a third party.  Regardless,
18 characterizing Google as merely a "third party" fails to capture the full extent of Google's
19 involvement and collaboration with Samsung regarding the subject matter of this lawsuit.  Google
20 developed Android, which is used in the accused Samsung products and provides much of the
21 accused functionality.  Google and Samsung jointly developed the Galaxy Nexus, which is one of the
22 accused products.  Indeed, unlike every other third party in this case, Google affirmatively chose to
23 involve itself in this litigation by providing declarations from its engineers to support Samsung's
24 positions during the preliminary injunction phase of the case.  Finally, in connection with Apple's
25 Subpoenas, Google retained the law firm representing Samsung in this case, and used the same
26 lawyers representing Samsung within that law firm.  In addition, both Google and Samsung have
27 repeatedly resorted to claims of a "common interest privilege" in refusing to produce documents in
28

Gibson, Dunn & Crutcher LLP

4

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

this case. As a result, it simply strains credibility for Google to now assert that it should be viewed as a neutral third party. Google is providing material support to Samsung regarding the subject matter of this case; asking it to now provide basic information regarding its document production process is not unduly burdensome.

### C. Disclosure Of Google's Search Terms And Custodians Is Essential To Achieving Transparency And Cooperation And To Correcting Defects In Google's Searches

The Court should order Google to disclose its search terms and custodians. There is nothing unprecedented about disclosing such information. The parties have already exchanged such information as to their respective productions. And as the Sedona Conference and numerous courts have recognized, providing transparency into the electronic discovery process helps to avoid and resolve disputes relating to the same. *See, e.g.*, *William A. Gross Constr. Assocs., Inc. v. American Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI."); The Sedona Conference, "The Case for Cooperation," 10 Sedona Conf. J. 339, 344-45 (2009) ("In place of gamesmanship, cooperation substitutes transparency and communication about the nature and reasons for discovery requests and objections and the means of resolving disputes about them."); *see also id.* at 340 ("Cooperation simply involves maintaining a certain level of candor and transparency in communications between counsel so that information flows as intended by the Rules.").

Such disclosure is also necessary to address the already apparent defects in Google's search methodology. Google's suggestion that Apple first propose additional search terms and custodians puts the cart before the horse. Apple could propose fairly obvious search terms, such as the relevant Apple inventors and the Patents-at-Issue, but Google presumably ran those terms. Apple also could offer general terms describing the accused functionality, but Google likely uses different terms to refer to that functionality internally (for example, use of the term ███████ to refer to what Apple calls "slide-to-unlock"). To be genuinely productive, any dialogue regarding additional search terms and custodians must begin with the disclosure of Google's search terms and custodians. Once it has that information, Apple will be in a position to ask Google about the terms it has run and propose

Gibson, Dunn & Crutcher LLP

5

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

1  meaningful refinements both to its search terms and custodian list.  Moreover, Google's proposal is
2  virtually meaningless because Google is reserving the right to reject Apple's search terms and
3  custodians.  This condition all but ensures future discovery disputes.  With the close of discovery in
4  July, Apple cannot afford to have the resolution of this issue delayed for months.

5  Google's suggestion that the metadata in its production enables Apple to identify Google's
6  custodians misses the point.  *See* Opp'n at 7-8.  Google concedes that Apple will not be able to
7  identify those custodians from whom Google collected and ran search terms, but for whom Google
8  but did not produce documents.  Apple thus could not determine if Google's search terms are
9  resulting in zero hits for certain custodians' document collections – a scenario that may evidence that
10 those terms are too narrow and need to be revised.  Google's refusal to provide Apple with a list of
11 such individuals is inconsistent with its professed desire to cooperate with Apple to provide fulsome
12 discovery in this case.

13 **III.   CONCLUSION**

14 For the foregoing reasons, Apple respectfully requests that the Court issue an order directing
15 Google to:  (1) disclose the search terms that it used in collecting and producing documents
16 responsive to Apple's document subpoena; and (2) disclose the custodians whose files it reviewed in
17 collecting and producing documents responsive to Apple's document subpoena.

                                          GIBSON, DUNN & CRUTCHER LLP

Dated:  April 16, 2013         By:          /s/ H. Mark Lyon
                                              H. Mark Lyon

                                  *Attorneys for Plaintiff and Counterclaim-*
                                         *Defendant Apple Inc.*

Gibson, Dunn & Crutcher LLP

6   REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served on all counsel for Google, Inc. who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: April 16, 2013          By:      /s/ H. Mark Lyon
                                             H. Mark Lyon

1

REPLY ISO APPLE'S MOTION TO COMPEL
DISCOVERY OF DOCUMENT PRODUCTION INFORMATION
AND DIFF PRINTOUTS
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP