[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br><br>Date:    April 24, 2013<br>Time:    2:00 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | |

Pursuant to this Court's Civil Local Rule 16-10(d), the parties jointly submit this Joint Case Management Statement to update their prior Case Management Statement (D.I. 319), submitted by the parties on December 5, 2012, and offer their proposals for the remainder of the case, including with respect to ADR.

### 1. Progress or Changes Since the Last Statement

**Claim Construction**

Since submitting their previous Case Management Statement on December 5, 2012, the parties have participated in the claim construction process. Pursuant to the Patent Local Rules and the Case Management Order, the parties' briefing was limited to ten terms from the sixteen patents asserted in this case. The Court held a *Markman* tutorial hearing on February 14, 2013, and the Claim Construction hearing on February 21, 2013. (D.I. 377, 390.) The Court issued its Claim Construction Order on April 10, 2013. (D.I. 447.)

**Discovery**

Pursuant to the Court's order, the parties each have submitted an identification of their currently accused products and asserted claims. (D.I. 381, 383.)

The parties resolved the motions to amend infringement contentions originally set for hearing on January 8, 2013. (D.I. 304, 306.) The parties filed a stipulation regarding such motions on January 15, 2013, which the Court entered on January 16, 2013. (D.I. 347, 348.) In late 2012, the parties each served additional and supplemental invalidity contentions. The parties reached agreement regarding such invalidity contentions, and on January 4, 2013 filed a joint stipulation that each party should be granted leave to amend their invalidity contentions. (D.I. 343.) The Court entered this stipulation on January 23, 2013. (D.I. 349.) The parties each have since served further proposed supplemental and amended invalidity contentions. The parties are currently meeting and conferring to determine whether they may reach a stipulation regarding amendment for presentation to the Court.

The parties have each filed several motions to compel discovery. Judge Grewal resolved the following motions in an April 12, 2013 order (D.I. 450): (1) Samsung's Motion to Compel Production of iTunes and iSync Source Code, Printouts, and Release Information (D.I. 395); (2)

Apple's Motion to Compel Response to Interrogatory No. 22 and Production of Diff Program Printouts and Supporting Documents (D.I. 398); (3) Apple's Motion to Compel Production of Documents and Things and Continued Depositions of Juho Lee and Young Bum Kim (D.I. 401); and (4) Samsung's Motion to Compel Apple to Producing Pricing Information (D.I. 404).

The parties have also filed the following motions to compel, for which briefing is ongoing: (1) Apple's Motion to Compel Discovery of Document Production Information and Diff Program Printouts from Google, Inc. (D.I. 418); and (2) Samsung's Motion to Compel Production of Documents Responsive to Samsung's Seventh Set of Requests for Production (RFP Nos. 337-349) (D.I. 433). Both motions to compel are set for hearing on May 7, 2013.

The parties also served additional privilege logs and disclosures regarding their search terms pursuant to the proposed Stipulation Regarding Discovery, Protective Order, Privilege Logs, and Expert Discovery filed on May 9, 2012 and entered by the Court on December 17, 2012. (D.I. 171, 328.)

**Apple's Motion for Preliminary Injunction**

In the Federal Circuit, the Court denied Apple's Petition for Rehearing *En Banc* of the panel decision reversing and remanding this Court's order adjudicating Apple's Motion for a Preliminary Injunction. (Docket No. 12-1507, D.I. 113.) The Federal Circuit issued the Mandate on February 7, 2013, in accordance with its October 11, 2012 panel decision. (Docket No. 12-1507, D.I. 114; *see also* Docket No. 12-1507, D.I. 101.)

Pursuant to the Court's March 18, 2013 Order, the parties each have filed renewed motions to seal documents submitted in conjunction with the briefing for Apple's Motion for Preliminary Injunction. (D.I. 440, 442, 443.)

    **2.**    **The Parties' Views on the Remainder of the Case**

Pursuant to the Court's Order (D.I. 394), the parties make the following proposal for streamlining the issues in this action:

    **a.**    **Apple's Case Narrowing Proposal**

        **(i)**    **Limiting Patents, Asserted Claims, and Prior Art**

In accordance with the Court's March 8, 2013 Order, the parties will reduce the number of

asserted patents and asserted claims. In addition, the parties will reduce the number of prior art-based invalidity theories (*i.e.*, primary references, systems, or particular combinations of references).[1]

By April 22, 2013, each side will limit its infringement assertions to no more than 25 patent claims and 25 accused products.

Within 10 days of entry of a case management order adopting Apple's proposal for case narrowing, each side will identify and seek to dismiss from the case, without prejudice, at least two patents (such that neither party is asserting more than six patents).

Before the close of fact discovery, each side will limit its infringement assertions as to the remaining patents to no more than 20 patent claims. Further, each party will reduce the number of prior art-based invalidity theories to no more than 15 per asserted patent.

Before the close of expert discovery, the parties shall identify and seek to dismiss from the case, without prejudice, at least one additional patent (such that neither party is asserting more than five patents). Each party will further reduce the number of asserted claims to 18 per side, and they will reduce the number of prior art-based invalidity theories to no more than 10 per asserted patent.

Within ten days following the issuance of the final order on any motions for summary judgment, each party will further limit its infringement assertions for the patents remaining in the case to no more than 15 patent claims.

Five days before the pre-trial conference, each party will limit its infringement assertions to no more than 12 patent claims, and limit its invalidity theories to no more than five per asserted patent.

By limiting both the asserted claims and the asserted patents, Apple's proposal meaningfully limits the scope of the case prior to the close of discovery and before dispositive motions are due, thus saving both the Court and the parties valuable time and expense. In contrast to the foregoing proposal, Samsung's proposal omits any pre-summary judgment reduction on the number of patents

---

[1] For example, an argument that a claim is invalid under a combination of references A and B is one invalidity theory, whereas an argument that the claim is invalid under a combination of references A and C is a second invalidity theory, and an argument that a claim is anticipated by reference A is a third invalidity theory.

1  in the case, with the result that any patent reduction likely happens only at the end of the case, just
2  prior to trial.
3        Samsung has proposed to limit the number of prior art references, but its proposal is
4  inadequate.  Rather than limiting the number of invalidity theories per patent, Samsung proposes to
5  limit the number of invalidity theories *per claim* – meaning that the parties may continue to assert
6  *dozens* of prior art references with respect to *each* patent, even throughout trial.  Samsung cannot
7  reasonably expect to present eight prior art-based invalidity theories for each claim at trial.  And even
8  if the number of claims were reduced to 10 at trial (as Samsung requests – 5 claims per side), that
9  would result in the parties presenting a possible total of 80 invalidity references and combinations at
10 trial.  Likewise, Samsung's initial proposal to limit the number of invalidity theories to *15 per claim*
11 *across 25 claims* means that *hundreds* of prior art references will remain in the case, even at the time
12 of summary judgment motions.  The number of invalidity theories should be limited by patent, rather
13 than by claim.  Samsung's proposal is unrealistic and unwieldy; it will not achieve a meaningful
14 narrowing of the scope of the case and should be rejected.

15                     **(ii)  Limiting Products**

16       The parties have stipulated to limit the number of accused products to 25 by April 22, 2013.
17 Samsung's proposal includes further, drastic reductions on the number of accused products, which
18 should not be adopted, as these reductions: (1) will provide no material narrowing or simplification of
19 the issues in the case, (2) are highly prejudicial and unfair to Apple, and (3) violate due process.
20       First, Samsung has an extensive array of infringing products, with numerous model names
21 and numbers for those various devices.  Yet these products infringe the asserted patents in virtually
22 identical fashion, with only slight, immaterial variations at best.  Samsung's products are based on a
23 limited number of operating systems (Jellybean, Ice Cream Sandwich, Honeycomb, Gingerbread),
24 and the proof of infringement will hinge in large part on the operation of the devices using those few
25 operating systems.  As a result, the infringement proof at trial will be easily streamlined based on the
26 same implementations across product lines.  Reducing the number of Samsung devices at issue will
27 not provide any material simplification of the infringement proof in this case.
28       Second, Samsung's proposal would be highly prejudicial to Apple, given that Apple creates

comparatively few smartphone and tablet models (e.g., Apple has typically only introduced a single new generation of the iPhone each year). Samsung seeks to take advantage of the asymmetry in the business models of the two companies, where "five accused products" could encompass a substantial portion of Apple's smartphones and tablets, but "five accused products" would barely scratch the surface of the numerous infringing models introduced each year in Samsung's product portfolio.

Thus, rather than narrowing the scope of the proof in the case, the only thing that Samsung's proposed reduction in accused products will accomplish is narrowing the scope of damages to which Apple is entitled. That is highly improper and a violation of Apple's due process rights. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (case narrowing procedure would be a violation if it "risked erroneously depriving [the plaintiff] of its rights and . . . the risk outweighed the added costs associated with a substitute procedure"). As an alternative, the parties could be encouraged to arrive at a stipulation regarding *representative products* – wherein proof of infringement of an exemplary product would constitute proof as to a set of other similarly situated products. *See, e.g.*, *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1350-51 (Fed. Cir. 2010); *see also TiVo, Inc. v. EchoStar Communications Corp.*, 516 F.3d 1290, 1308 (Fed. Cir. 2008) ("While it is true that [plaintiff's expert] testified in detail with respect to only one type of device, there is nothing improper about an expert testifying in detail about a particular device and then stating that the same analysis applies to other allegedly infringing devices that operate similarly, without discussing each type of device in detail."). Samsung's proposal pays lip service to a representativeness approach and focuses its proposal on removing infringing products entirely from the case. Because Samsung's proposal unlawfully restricts Apple's right to seek adequate compensation for patent infringement, it should be rejected.

Finally, it should be noted that Samsung is apparently attempting to count multiple generations of certain Apple products as single products in an attempt to circumvent the 25-product limit that the Court set in its March 8, 2013 Order. For example, Samsung (correctly) counts the six generations of the iPhone (original, 3G, 3GS, 4, 4S, and 5) as six separate products, but apparently counts five generations of the iPod as a single product. Similarly, Samsung counts all generations of Apple TV, iPod touch, Mac mini, MacBook Pro, MacBook Air, Mac Pro, iMac as single products,

when, in fact, they could be viewed as constituting dozens of products.  Furthermore, for certain asserted Samsung patents, Samsung's infringement theory requires a combination of Apple products.  At present, Samsung offers literally hundreds of possible combinations of Apple products – yet counts none of these combinations toward the 25-product limit.  Each of these combinations should be counted as its own product.  Samsung's inconsistent approach counsels against applying a broad-brush approach to reducing the number of accused products.

        **b.**     **Samsung's Case Narrowing Proposal**

            **(i)**     **Reducing the Number of Asserted Claims, Accused Products, and Prior Art**

In accordance with the Court's March 8, 2013 Order, Samsung proposes that the parties narrow the case as follows:

Within 10 days of the issuance of the Claim Construction Order (i.e., April 22, 2013), the parties will narrow their asserted claims and accused products to twenty-five per side.

No later than two weeks before opening expert reports are due, the parties will reduce the number of asserted claims to twenty per side.  The parties will also reduce the number of accused products to twenty per side.  No later than three days after rebuttal expert reports are due, the parties will limit the number of prior art references to no more than fifteen overall references/systems/combinations (any combination of anticipatory references/systems and/or obviousness combinations) per asserted claim.

No later than two weeks before summary judgment motions are due, the parties will reduce the number of asserted claims to fifteen per side.  The parties will also reduce the number of accused products to fifteen per side.

Within ten days of the Court's final order on summary judgment, the parties will reduce the number of asserted claims to ten per side.  The parties will also reduce the number of accused products to ten per side.  Within five days of that narrowing, the parties will further limit the number of prior art references to no more than ten overall references/systems/combinations (any combination of anticipatory references/systems and/or obviousness combinations) per asserted claim.

No later than two weeks before the Pretrial conference, the parties will reduce the number of

asserted claims to five per side. The parties will also reduce the number of accused products to five per side. The parties at their discretion may work out a stipulation for representative products to the extent reasonable and appropriate.

No later than ten days before the Pretrial conference, the parties will further limit the number of prior art references to no more than eight overall references/systems/combinations (any combination of anticipatory references/systems and/or obviousness combinations) per asserted claim.

### (ii) Dropping Patent Claims Rather than Patents

Apple alleges that dropping both patents and asserted claims will spare judicial and party resources. Samsung notes, however, that its proposal does not restrict a party from dropping patents. Samsung's proposal will similarly spare judicial and party resources, and will narrow the case significantly more than Apple's proposal by the time of the Pretrial conference—fewer asserted claims and fewer accused products. Samsung's proposal will result in five asserted claims and five accused products per side; Apple's proposal will result in twelve asserted claims and twenty-five accused products per side.

### (iii) Reducing Invalidity References Per Claim Rather Than Per Patent

Apple proposes limiting the number of prior art-based invalidity theories *per patent* rather than *per claim*. But under Apple's proposal, a defending party could be unfairly prejudiced if the patentee asserts an unbalanced number of claims for one or more patents. For instance, if a party asserts two or more claims from one patent, the defending party will likely need to allocate a corresponding number of prior art references/systems/combinations. But under Apple's proposal, a party is limited to five invalidity theories, regardless of the number of asserted claims. If the number of claims is reduced to twelve at trial (as Apple requests), a party could assert one claim in each of four patents and *eight* claims in a fifth patent, yet for those eight claims, the defending party could only present five invalidity theories and potentially be restricted from presenting *any* theories for one or more claims. This is plainly prejudicial.

### (iv) Limiting Products

Apple also objects to Samsung's proposed reductions on the number of accused products on multiple grounds, all of which should be rejected.

As an initial matter, Samsung notes that its proposal tracks the Court's original narrowing of patent claims and accused products as set forth in the March 8, 2013 Order, and specifically follows the Court's language that "the parties will be required to further narrow their asserted patent claims ***and accused products*** as well as limit their prior art references…." (D.I. 394 (emphasis added).)

Apple first argues that Samsung's proposed reduction will not materially simplify the case because Samsung's accused products purportedly infringe "in virtual identical fashion" based on a limited number of operating systems. Apple is wrong. The Samsung devices Apple accuses of infringement are in many ways very different from one another, running different releases of Android (which Apple does not dispute) and often tailored to different carrier specifications. Reducing the total number of Samsung devices at issue, like the Apple devices, will narrow the issues in dispute and streamline this case for trial.

Apple next contends that Samsung's proposal is prejudicial because Apple allegedly creates "comparatively few smartphone and tablet models." Yet Apple later complains of Samsung's alleged attempt to count multiple generations of certain Apple products as single products in an attempt to circumvent the 25-product limit. Apple argues that the iPod and "all generations of Apple TV, iPod touch, Mac mini, MacBook Pro, MacBook Air, Mac Pro, iMac" should not be treated as single products because "in fact, they constitute dozens of products." Apple cannot have it both ways. Samsung's proposal applies equally to both parties.

Apple further asserts that limiting both sides to the same number of accused devices at trial violates Apple's due process rights, but the authority Apple relies upon shows the opposite is true. In *Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1309-11 (Fed. Cir. 2011), the Federal Circuit rejected appellant's due process argument and upheld the district court's claim selection procedure to limit the number of asserted claims to be addressed in multidistrict litigation proceedings involving 1,975 claims from 31 patents against 165 defendants in 50 groups of related corporate entities. *Id. Katz* demonstrates that in a case with even more patent claims at issue, narrowing those claims for purposes of trial did not impinge upon due process rights. Here, there is no risk of depriving a party of its due process rights because substantially fewer patent claims are at issue, and both sides will be limited to the same number of accused products.

Finally, Apple erroneously contends that Samsung's proposal does not address "representativeness" of products and instead simply proposes to remove products from this case. In fact, Samsung's proposal expressly states that, "[t]he parties at their discretion may work out a stipulation for representative products to the extent reasonable and appropriate."

### c. Testifying Expert Witnesses

Apple proposes that the parties be limited to no more than fifteen testifying experts each.

Samsung proposes that each side may present at trial no more than one expert per patent, plus no more than eight experts for other issues (i.e., damages, FRAND, licensing, PTO expertise, etc.). In the event that the parties require additional experts to appear at trial, they may seek leave from the Court after meeting and conferring with the other side. This provision applies to the appearance of experts at trial and does not limit the number of expert reports that a party may serve.

### 3. Settlement and ADR

The parties do not have any new progress regarding mediation or settlement since submitting their previous Case Management Statement on December 5, 2012. (D.I. 319).

Dated: April 18, 2013

By: /s H. Mark Lyon                      By: /s/ Victoria F. Maroulis

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

Attorney for Defendants and Counterclaim- SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

## ATTESTATION OF E-FILED SIGNATURES

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. In compliance with General Order 45.X.B, I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: April 18, 2013                                          /s/ H. Mark Lyon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: April 18, 2013                                          /s/ H. Mark Lyon