# EXHIBIT 18

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
amarthakur@quinnemanuel.com

January 23, 2013

Joshua Furman
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)

Dear Joshua:

I write regarding last week's deposition of Gordon Freedman, and to follow up yet again on the ongoing deficiencies in Apple's production of iTunes, iSync, and Sync Services source code. As you know, these deficiencies have been the subject of repeated correspondence by Samsung, including letters dated November 29, 2012 and January 11, January 14, and January 16, 2013.

Apple's source code production remains incomplete with respect to numerous releases and programs, including iSync and iTunes prior art. Samsung has been asking for this source code for months, and explained on November 29, 2012 that Samsung would hold Mr. Freedman's deposition open if this code was not produced sufficiently in advance of that deposition. Indeed, at Apple's request, Samsung agreed to postpone the deposition, so that source code could be produced well in advance of Mr. Freedman's examination. Yet on Tuesday, January 15th, less than 24 hours before the start of Mr. Freedman's deposition, Apple produced for the first time over *1.5 million files* of source code, including what appears to be iSync and iTunes materials. Samsung had no opportunity to review this material in advance of Mr. Freedman's deposition, much less examine Mr. Freedman with respect to its contents. And so as counsel for Samsung repeatedly has explained – as early as November 29th and as recently as January 17th – Samsung is holding Mr. Freedman's deposition open and will depose him again on source code issues after Apple completes its production and Samsung has had an adequate opportunity to review.

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

01980.52084/5141128.2

While Samsung is still reviewing Apple's last-minute production, it appears that even this production does not satisfy Apple's outstanding discovery obligations. As just one example, Apple has still not produced the specific iSync files addressed in Samsung's letter dated January 11, 2013. Nor has Apple produced source code for versions of iSync that, according to Mr. Freedman, he was familiar with and helped develop between 2001 and 2003. Similarly, Mr. Freedman testified that he worked on certain versions of the Sync Services platform, which extended and incorporated iSync functionality; yet it appears that Apple has not produced the source code underlying many versions of Sync Services – or, if it has produced this code, has not confirmed its production or identified when and where it was produced. *See*, *e.g.*, *id*. at 31:13-18.

Apple must fulfill its obligations to produce source code for *all versions* of the iSync and SyncServices software as soon as possible. This source code is material prior art, is responsive to Samsung's discovery requests, and is highly relevant to Mr. Freedman's continued deposition, as evidenced by his testimony last week. Samsung also reiterates its demand that Apple complete its production of iTunes source code, including source code underlying the iTunes user interface. Samsung has explained at length why this source code is relevant (*see*, *e.g.*, Samsung's letter dated January 14, 2013), and Apple has no grounds to continue withholding it.

Please promptly confirm that Apple has or will complete its source code production for all versions of iSync, SyncServices, and iTunes. Additionally, please specifically confirm that Apple has or will produce the missing iSync source code files that Samsung requested in its January 11th letter, and source code corresponding to the iSync and SyncServices versions that Mr. Freedman testified about in his deposition. If Apple refuses to produce this missing code, please specify exactly what code is being withheld and Apple's basis for withholding it. If Apple agrees to produce the requested code, please provide a date certain by which Apple will complete its production.

Further, and in order for Samsung to verify which code has been produced, please identify the iSync commercial release version that corresponds with each internal version number. As you know, this is not the first time that Samsung has made this request. *See, e.g.,* Samsung's letter dated January 16, 2013.

Once Apple has completed its source code production, and Samsung has had sufficient time for inspection and review, we will discuss the scheduling of Mr. Freedman's continued deposition. In addition to holding open Mr. Freedman's deposition, Samsung reserves the right to seek any additional relief from the Court relating to Apple's continuing failure to timely produce this and other highly relevant prior art source code.

Very truly yours,

Amar L. Thakur

2