1   JOSH A. KREVITT (CA SBN 208552)
    jkrevitt@gibsondunn.com
2   H. MARK LYON (CA SBN 162061)
    mlyon@gibsondunn.com
3   GIBSON, DUNN & CRUTCHER LLP
    1881 Page Mill Road
4   Palo Alto, CA  94304-1211
    Telephone: (650) 849-5300
5   Facsimile: (650) 849-5333

6   MICHAEL A. JACOBS (CA SBN 111664)
    mjacobs@mofo.com
7   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
8   MORRISON & FOERSTER LLP
    425 Market Street
9   San Francisco, California 94105-2482
    Telephone: (415) 268-7000
10  Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street Boston,
Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

11  **Attorneys for Plaintiff Apple Inc.**

12  UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA
13  SAN JOSE DIVISION

14  APPLE INC., a California Corporation,

15          Plaintiff,

16      v.

17  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
18  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
19  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
20
            Defendants.
21
    SAMSUNG ELECTRONICS CO., LTD., a
22  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
23  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
24  LLC, a Delaware limited liability
    company,
25
            Counterclaim-Plaintiffs,
26      v.
27  APPLE INC., a California corporation,
            Counterclaim-
28          Defendant.

CASE NO. 12-cv-00630-LHK (PSG)

**APPLE INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND
THINGS AND CONTINUED DEPOSITIONS
OF JUHO LEE AND YOUNG BUM KIM**

**HEARING:**

Date:       April 23, 2013
Time:       10 a.m.
Place:      Courtroom 5, 4th Floor
Judge:      Hon. Paul S. Grewal

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 23 at 10 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal, in in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Apple, Inc. ("Apple") shall and hereby does move the Court for an order compelling Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC ("Samsung") to (i) produce certain documents in response to Apple's Requests For Production Nos. 44, 45, 49, 55, 125, 135, 231, 295, 297, 298, 312, 552, 554, 555, and 556, and (ii) produce Samsung employee-inventors JuHo Lee and Young Bum Kim for a second day of deposition each.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37, Apple seeks an order compelling Samsung to produce by no later than June 1, 2013, Samsung employee-inventors JuHo Lee and Young Bum Kim for a second day of deposition in the United States and produce by no later than May 1, 2013, the following reports that refer or relate to the Accused Samsung Products or Samsung Practicing Devises and are responsive to Apple's discovery requests:

- All quarterly "Deep Dive" reports

- All PSI Variance reports, SMOP reports for any U.S. cellular carrier, and PMT reports for any U.S. cellular carrier

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Apple is entitled to a complete production by Samsung of documents responsive to Apple's discovery requests by May 1, 2013, for the document requests that are the subject of this motion.

2.    Whether Samsung should be compelled to produce Samsung employee-inventors JuHo Lee and Young Bum Kim for a second day of deposition in the United States by June 1, 2013.[1]

---

[1]    Alternatively, if the Court grants Apple's Motion, but permits Samsung to make Dr. Lee and Mr. Kim available for deposition in Korea, Apple respectfully requests that Samsung be ordered to schedule such depositions during the same weeks as the already-scheduled depositions of Samsung employee-inventors Yong-Jun Kwak and Sung-Ho Choi.

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

**APPLE'S CIVIL LOCAL RULE 37-2 STATEMENT**

Pursuant to Civil L.R. 37-2, Apple's discovery requests to Samsung relating to Apple's Motion for Preliminary Injunction that are the subject of this motion are set forth in full below, with Samsung's corresponding objections and/or answers following immediately after each:

**REQUEST FOR PRODUCTION NO. 44**:

All Documents relating to actual or perceived competition between Apple and Samsung with regard to Samsung smartphones.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 45**:

All Documents relating to actual or perceived competition between Apple and Samsung with regard to Samsung products that use or incorporate the Android platform.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable

Gibson, Dunn & Crutcher LLP

2

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 49**:

All Documents relating to the competitive impact that the sale of Apple iOS products would have or has had on any Samsung product.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague and ambiguous with regard to the phrase "competitive impact;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 55**:

All Documents relating to actual or perceived competition between any Samsung product that uses or incorporates the Android platform and any Apple product.

**<u>OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 55</u>**:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome to the extent it seeks documents not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is temporally and substantively overbroad in that it is not limited to any reasonable time period and seeks documents and things related to products not at issue in this litigation; (iv) it is vague, ambiguous, and unintelligible, including with regard to the phrase "actual or perceived competition;" (v) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**<u>REQUEST FOR PRODUCTION NO. 125</u>**:

All Documents relating to any contention that Apple would not be irreparably harmed in the absence of an injunction.

**<u>OBJECTIONS AND RESPONSE TO</u> <u>REQUEST FOR PRODUCTION NO. 125</u>**:

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome; (iii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; and (iv) it is vague and ambiguous with regard to the terms "relating to" and "irreparably harmed."

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located based on a reasonable search.

**REQUEST FOR PRODUCTION NO. 135**:

All Documents relating to marketing of the Accused Devices that discuss or refer directly or indirectly to Apple or Apple products, including copies of all advertisements or other promotional materials, marketing plans, market surveys, focus group studies, or other documents related to testing of advertisements or advertisement messaging.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 135**:

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features and functions that are not at issue in this litigation; (iii) it seeks documents that are equally or more readily available to Apple than to Samsung, including documents and things that are publicly available; (iv) it is vague and ambiguous with regard to the terms "promotional materials," "marketing plans," "market surveys," and "focus group studies;" and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 231**:

Documents sufficient to show budgets, projected revenues and expenses, projected sales, projected profits, or other forecasts of operations concerning each Samsung Covered Product you claim embodies any invention claimed in any claim of any of the Samsung Patents-In-Suit.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 231**:

In addition to its Objections and Responses Common to All Requests for Production, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; (ii) it seeks documents containing confidential third party information, including information subject to a non-disclosure or other agreement between Samsung and a third party, or documents subject to a protective  order; and (iii) it

Gibson, Dunn & Crutcher LLP

5

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

1   is vague and ambiguous with respect to the terms "budgets," and "other forecasts."

2   Notwithstanding the foregoing general and specific objections, and without waiving any

3   objections, Samsung will produce responsive, non-privileged documents in its possession, custody, or

4   control, that can be located pursuant to a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 295**:

6   All Documents relating to any final results and conclusions from customer surveys, studies,

7   analyses or investigations regarding the Accused Samsung Products, including but not limited to

8   documents relating to the reasons why customers purchase, or choose not to purchase, any of the

9   Accused Samsung Products.

10   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 295**:

11   In addition to its general objections and all objections to any subpoenas served in this case,

12   which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it

13   seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-

14   product doctrine, the joint defense privilege, the common interest doctrine, and/or any other

15   applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly

16   burdensome; (iii) it is vague and ambiguous with regard to the terms "relating to," "final results and

17   conclusions," "customer surveys, studies, analyses or investigations," "regarding," and "reasons why

18   customers purchase, or choose not to purchase;" (iv) it seeks the confidential, proprietary and/or trade

19   secret information of third parties, subject to non-disclosure or other confidentiality agreements

20   between Samsung and a third party; and (v) it seeks documents that are not relevant to the claims or

21   defenses of any party and/or not reasonably calculated to lead to the discovery of admissible

22   evidence.

23   Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

24   responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can

25   be located pursuant to a reasonably diligent search.

26   **REQUEST FOR PRODUCTION NO. 297**:

27   All Documents provided by market research firms that relate to or discuss any Accused

28   Samsung Products.

Gibson, Dunn &
Crutcher LLP

6

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

**OBJECTIONS AND RESPONSE TO** **REQUEST FOR PRODUCTION NO. 297**:

In addition to its general objections and all objections to any subpoenas served in this case, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (ii) it is vague and ambiguous with regard to the terms "provided by," "market research firms," and "relate to or discuss;" (iii) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 298**:

All Documents showing or purporting to show the reasons why purchasers of the Competitive Products and Apple products, including iPads, iPhones and iPod touches, make their purchase decisions, and any analyses, evaluations, surveys, and reviews of such decisions during the period 2006 through the present.

**OBJECTIONS AND RESPONSE TO** **REQUEST FOR PRODUCTION NO. 298**:

In addition to its general objections and all objections to any subpoenas served in this case, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is substantively overbroad and unduly burdensome in that it seeks documents and things related to features or functionality that are not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "showing or purporting to show," "reasons," "purchasers," "Competitive Products and Apple products," "purchase decisions," and "analyses,

Gibson, Dunn &
Crutcher LLP

7

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

evaluations, surveys, and reviews of such decisions;" (iv) it seeks documents that are equally or more readily available to Apple than to Samsung; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 312**:

All Documents reflecting or relating to any actual or projected Samsung revenue and profits in connection with any sales, licenses or any other activity relating to the Accused Samsung Products, including profit and loss statements, income statements, any other financial statements or projections, and documents that describe, analyze or comment on such actual or projected revenues and profits.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 312**:

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "reflecting or relating to," "any other activity," and "relating to;" and (iv) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will  produce responsive, non-privileged documents that are in Samsung's possession, custody, or control sufficient to show actual and projected net revenue and net profits in connection with U.S. sales of the Accused Samsung Products, as kept in the ordinary course of business and that can be located pursuant to a reasonably diligent search.

Gibson, Dunn &
Crutcher LLP

8

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

1  **APPLE INC.'S NOTICE OF DEPOSITION OF YOUNG-BUM-KIM**:

2          **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

3  Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take

4  the deposition upon oral examination of Young-Bum Kim. The deposition will commence on

5  November 13, 2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950

6  Page Mill Road, Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties.

7  The deposition will be taken before a notary public or other person authorized to administer oaths and

8  will continue day-to-day until completed or will be continued until completed at a future date or

9  dates.

10          **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules

11  of Civil Procedure, the deposition will be videotaped and recorded stenographically. You are invited

12  to attend and cross-examine.

13      **OBJECTIONS TO APPLE INC.'S NOTICE OF DEPOSITION OF YOUNG-BUM**

14  **KIM**:

15          Samsung objects to Apple Inc's Notice of Deposition of Young-Bum Kim as follows:

16          1. Samsung objects to conducting the deposition in the United States given that Mr. Kim

17  resides in South Korea and South Korea is the principal place of business of defendant Samsung

18  Electronics, Co., Ltd. In accordance with its letter dated October 22, 2012, Samsung will make Mr.

19  Kim available in Suwon, South Korea.

20          2. Samsung further objects to the designation of November 13, 2012 at 9:00 a.m. as the date

21  and time for the deposition. In violation of Local Rule 30-1, Apple noticed this deposition before

22  conferring with Samsung regarding scheduling. Samsung will make Mr. Kim available for deposition

23  consistent with the date set forth in Samsung's letter dated October 22, 2012.

24      **APPLE INC.'S NOTICE OF DEPOSITION OF JU-HO LEE**:

25          **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure,

26  Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"), by and through its attorneys, will take

27  the deposition upon oral examination of Ju-Ho Lee. The deposition will commence on November 7,

28  2012 at 9:00 a.m. at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road,

Gibson, Dunn &
Crutcher LLP

9

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

Palo Alto, CA 94304 or at such date, time, and location as is agreed to by the parties. The deposition will be taken before a notary public or other person authorized to administer oaths and will continue day-to-day until completed or will be continued until completed at a future date or dates.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, the deposition will be videotaped and recorded stenographically. You are invited to attend and cross-examine.

**<u>OBJECTIONS TO APPLE INC.'S NOTICE OF DEPOSITION OF JU-HO LEE</u>**:

Samsung objects to Apple Inc's Notice of Deposition of Ju-Ho Lee as follows:

1. Samsung objects to conducting the deposition in the United States given that Mr. Lee resides in South Korea and South Korea is the principal place of business of defendant Samsung Electronics, Co., Ltd. In accordance with its letter dated October 22, 2012, Samsung will make Mr. Lee available in Suwon, South Korea.

2. Samsung further objects to the designation of November 7, 2012 at 9:00 a.m. as the date and time for the deposition. In violation of Local Rule 30-1, Apple noticed this deposition before conferring with Samsung regarding scheduling. Samsung will make Mr. Kim available for deposition consistent with the date set forth in Samsung's letter dated October 22, 2012.

**APPLE'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Apple hereby certifies that it has in good faith conferred with Samsung in an effort to obtain the discovery described immediately above without Court action.  Apple's efforts to resolve this discovery dispute without court intervention are described in the Declaration of Michael A. Valek in Support of Motion to Compel Production of Documents and Things (the "Valek Decl.") and exhibits attached thereto, submitted concurrently herewith, as well as the Declaration of Mark Selwyn in Support of Motion to Compel Documents and Things (the "Selwyn Decl.") and exhibits attached thereto, also submitted concurrently herewith.

Gibson, Dunn & Crutcher LLP

10

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

1   Dated:  March 19, 2013                    GIBSON, DUNN & CRUTCHER LLP

2

3                                             By:  /s/ H. Mark Lyon

4
                                                  Attorneys for Plaintiff
5                                                 APPLE, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   MARKETING AND FINANCIAL REPORTS ................................................... 2

    A.    Procedural History ................................................................................. 2

    B.    Legal Standard ....................................................................................... 4

    C.    Argument ............................................................................................... 4

        1.    These Reports are Highly Relevant .......................................... 5

        2.    Samsung Has No Legitimate Basis to Resist this Discovery ............................ 6

    D.    Requested Relief – Marketing and Financial Reports ................................ 7

III.  DEPOSITIONS OF SAMSUNG ....................................................................... 7

    A.    Apple Should Be Allowed To Continue the Depositions of Samsung Inventors
          JuHo Lee and Young Bum Kim ............................................................... 7

        1.    Samsung's Improper Discovery Conduct Before, During, and After the
              Initial Depositions of JuHo Lee and Young Bum Kim .................................. 7

        2.    Pursuant to the May 2, 2012 Case Management Order and Judge Koh's
              December 11, 2012 Order, Apple is Entitled to a Second Day of
              Deposition with Messrs. Kim and Lee .......................................... 10

        3.    Samsung Should Be Ordered to Produce Young Bum Kim for a Second
              Day ......................................................................................... 11

        4.    Samsung Should Ordered to Produce JuHo Lee for a Second Day ................ 12

        5.    Samsung Should Produce Mr. Kim and Dr. Lee In The United States .......... 13

    B.    Requested Relief – Samsung Depositions ............................................... 14

# TABLE OF AUTHORITIES

**Cases**

Page(s)

*Acer Inc. v. Tech. Properties*,
 2008 U.S. Dist. LEXIS 103913 (N.D. Cal. Dec. 16, 2008) ............................................................. 13

*Aho v. AmeriCredit Fin. Serv., Inc.*,
 2012 WL 928243 (S.D. Cal. 2012) ....................................................................................................... 4

*Blankenship v. Hearst Corp.*,
 519 F.2d 418 (9th Cir.1975)................................................................................................................... 4

*Boston Scientific Corp. v. Cordis Corp.*,
 2004 WL 1945643 (N.D. Cal. Sept. 1, 2004) .................................................................................... 13

*Cadent v. 3M Unitek Corp.*,
 232 F.R.D. 625 (C.D. Cal. 2005) ....................................................................................................... 14

*Continental Federal Sav. And Loan Ass'n v. Delta Corp of America*,
 71 F.R.D. 697 (W.D. Okla. 1976) ...................................................................................................... 14

*DIRECTV, Inc. v. Trone*,
 209 F.R.D. 455 (C.D. Cal. 2002) ......................................................................................................... 4

*Marlborough Holdings Ltd. v. Pliske Marine, Inc.*,
 2010 WL 4614704 (S.D. Fla. Nov. 5, 2010)...................................................................................... 12

*Saca v. J.P. Molyneux Studio Ltd.*,
 2008 WL 802320 (E.D. Cal. Mar. 25, 2008) .................................................................................... 13

*Shu Jin v. Pacific Buffet House, Inc.*,
 2007 WL 4730942 (E.D.N.Y. May 17, 2007) ................................................................................... 12

*Sugarhill Records, Ltd. v. Motown Record Corp.*,
 105 F.R.D. 166 (S.D.N.Y. 1985) ....................................................................................................... 14

*Whitserve, LLC v. Computer Packages, Inc.*,
 694 F.3d 10 (Fed Cir. 2012)................................................................................................................... 6

**Rules**

Civ. L.R. 37-2 .............................................................................................................................................. 2

Fed. R. Civ. P. 26 ..................................................................................................................................... 4, 5

Fed. R. Civ. P. 26(b) .................................................................................................................................... 4

Fed. R. Civ. P. 26(b)(1)............................................................................................................................... 4

Fed. R. Civ. P. 30(b)(6)............................................................................................................................. 13

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

Fed. R. Civ. P. 34(a)-(a)(1)(A) ............................................................................................ 4

4

Fed. R. Civ. P. 37 ................................................................................................................. 1

5

Fed. R. Civ. P. 37(a)(3)(B) .................................................................................................. 4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

iii

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Apple asks the Court to compel the production of specific Samsung marketing and financial reports known as "Deep Dive," "PSI Variance," "SMOP" and "PMT" reports.  Apple issued requests covering these reports long ago, and there can be no dispute that they are relevant.  Indeed, these reports discuss Samsung's efforts to compete with Apple in detail, and further describe specific business impacts of that competition.  They unquestionably provide information relevant to Apple's demands for a reasonable royalty, lost profits, and for an injunction.

Samsung has not only failed to produce these reports, but has refused, after repeated requests, to provide any justification for withholding them.  Apple has been asking Samsung to either produce these reports or set forth a valid objection for months now.  Samsung has instead done everything it can to avoid providing Apple with any definitive statement of its position, all in an apparent effort to run the clock on Apple's ability to file this motion.  Fact discovery is now drawing to a close, and Apple can no longer wait for Samsung to explain why it has refused to produce this critical discovery.  Samsung's delay tactics are seriously prejudicing Apple's ability to prepare its case.  Apple respectfully asks the Court to intervene by ordering Samsung to produce all such reports responsive to Apple's document requests no later than May 1, 2013.

Apple also moves to compel a second day of translated depositions of Samsung inventors JuHo Lee and Young Bum Kim.  Samsung refuses to provide either witness for a second day despite (i) the Court's May 2, 2012 Case Management Order and December 11, 2012 Order, which states that "a deposition with an interpreter may last up to 14 hours over two days," (ii) Samsung's production of *1.7 million* pages of documents (many in Korean) for these witnesses just days before their depositions, (iii) Samsung's production of over 27,000 pages of documents from Dr. Lee's files several weeks *after* his first deposition, and (iv) Samsung's excessive speaking objections during the deposition of Mr. Kim and termination of that deposition at the 7-hour mark.  Because Apple has shown good cause to continue both depositions, Apple requests that Samsung be ordered to produce the witnesses in the United States for one additional 7-hour day each.

1

## II.        MARKETING AND FINANCIAL REPORTS

2

### A.        Procedural History

3

Between March and August 2012, Apple propounded Requests for Production Nos. 44, 45,

4

49, 55, 125, 135, 231, 295, 297, 298, and 312 on Samsung, seeking information central to the

5

damages and injunctive relief contentions in this case.  (Valek Decl. ¶¶ 2-5, Exs. 1, 3, 5, 7.)  For

6

example, Apple requested production of documents relating to any final results and conclusions from

7

customer surveys, studies, analyses or investigations regarding the Accused Samsung Products,

8

documents provided by market research firms that relate to or discuss any Accused Samsung

9

Products, and documents reflecting or relating to any actual or projected Samsung revenue and profits

10

in connection with any sales, licenses or any other activity relating to the Accused Samsung Products.

11

(*Id*. ¶ 5, Ex. 7.)  Samsung agreed to produce documents responsive to these requests.  (*Id*. ¶¶ 2-5, Exs.

12

2, 4, 6, 8.)

13

Apple subsequently learned of two specific categories of relevant reports (collectively, the

14

"Withheld Reports") that are responsive to Apple's requests, but which Samsung has not produced in

15

this case.  The first are Samsung "Deep Dive" reports.  These "Deep Dive" reports are periodic

16

reports created by Samsung or its marketing consultants that discuss Samsung's position in the

17

smartphone and tablet market vis-à-vis Apple, as well as Samsung's strategy for competing with the

18

iPhone and iPad.  (*See id*. ¶ 6, Ex. 9.)  One such report, titled "Samsung Q4 '11 Deep Dive" was

19

produced in the 1846 case and is attached here for exemplary purposes.  (*Id*.)  Apple has sought

20

production of other "Deep Dive" reports relevant to the accused products in this case through its

21

requests for production, including Requests Nos. 44, 45, 49, 55, 125, 135, 295, 297, and 298.

22

The other category of Withheld Reports are "PMT," "PSI Variance," and "SMOP" reports.

23

(*Id*. ¶¶ 8-9, Exs. 11-12.)  These are periodic reports created by Samsung that contain marketing

24

information, and appear to track Samsung's sales and market share including product market

25

performance on various cellular carriers.  They also discuss competition with Apple and connect

26

"variances" in Samsung's sales to competition with Apple's products.  (*Id*. ¶ 9, Ex. 12.)  To the

27

extent they relate to the accused products in this case, these "PMT," "PSI Variance," and "SMOP"

28

reports are responsive to at least Requests Nos. 125, 231, 298, and 312.

2

When Apple learned that, notwithstanding Samsung's responses to Apple's document requests, Samsung had not actually produced any of these reports in this case, Apple wrote to Samsung's counsel regarding this deficiency.  In a January 14, 2013 letter, Apple specifically identified the "Deep Dive," "PMT," "PSI Variance," and "SMOP" reports by name, explained that these reports are responsive to previously propounded requests for production, and requested that Samsung produce them.  (*Id*. ¶ 10, Ex. 13.)  In response, Samsung asserted that Apple "fail[ed] to tether the documents it seeks to any of its Requests for Production" and would not commit to producing the requested Reports.  (*Id*. ¶ 11, Ex. 14.)

On February 15 and 16, 2013, lead counsel for Apple and Samsung met in person to discuss this issue.  During the parties' meet and confer, Apple again explained that the Withheld Reports are responsive to Apple's Requests for Production Nos. 125, 231, 298, and 312.  (*Id*. ¶ 12, Ex. 15.)  Samsung's counsel did not deny that the Withheld Reports are responsive to Request Nos. 125, 231, 298, and 312, and agreed to tell Apple by March 1, 2013, whether it would produce the Withheld Reports.  In addition, Samsung's counsel asked Apple to serve new requests specifically identifying the Withheld Reports by name (as Apple had already done in its January 14, 2013 letter).  (*Id*. ¶ 12.)  While Apple did not believe that such requests were necessary, Apple agreed to serve them in an effort to reach agreement on the production of the Withheld Reports.  (*Id*.)  To that end, Apple served Requests for Production Nos. 552, 554, 555, and 556, which specifically refer to "Deep Dive," "PMT," "PSI Variance" and "SMOP" reports by name, on February 22, 2013.  (*Id*. ¶ 13, Ex. 16.).  Samsung agreed that, notwithstanding Apple's service of these new requests, Samsung would still provide Apple with its definitive position on whether it would produce the Withheld Reports by the agreed March 1st deadline.  (*Id*. ¶ 12.)

Following the parties' meet and confer, Samsung asked to extend the March 1st deadline for telling Apple whether it would produce these Reports and other financial information to March 8, 2013.  (*Id*. ¶ 14.)  Apple obliged, expecting that only a week later Samsung would finally say whether it would voluntarily produce the Withheld Reports.  (*Id*. ¶ 14.)  Samsung did not.  Now it insists that it will not even inform Apple of its position, much less actually produce the requested documents, until near the end of March.  (*Id*. ¶ 15, Ex. 17.)

Gibson, Dunn & Crutcher LLP

3

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

1    Given the limited time left in the discovery period, Apple asks the Court to intervene to avoid

2    further prejudice to Apple from Samsung's failure to produce these reports on a timely basis.  Apple

3    cannot continue to wait months and months for Samsung to decide whether to produce a handful of

4    specifically-identified and highly relevant reports that it has no legitimate basis to refuse to produce

5    in the first place.  Accordingly, Apple asks the Court to order Samsung to produce all of the Withheld

6    Reports by no later than May 1, 2013.

7        **B.     Legal Standard**

8        Parties are entitled to seek "discovery regarding any nonprivileged matter that is relevant to

9    [their] claim or defense."  Fed. R. Civ. P. 26(b)(1).  To obtain this discovery "[a] party may serve on

10   any other party a request within the scope of Rule 26(b): to produce and permit the requesting party

11   or its representative to inspect, copy, test, or sample . . . any designated documents or electronically

12   stored information." Fed. R. Civ. P. 34(a)-(a)(1)(A).  If "a party fails to . . . permit inspection . . .

13   [the] party seeking discovery may move for an order compelling . . . production."  Fed. R. Civ. P.

14   37(a)(3)(B).

15       **C.     Argument**

16       For months, Apple has sought the production of the Withheld Reports.  (Valek Decl. ¶¶ 2-5,

17   10-14, Exs. 1,3,5,7, 13-16.)  Although Samsung has agreed to produce documents responsive to the

18   underlying requests for production, Samsung has not produced these reports and has refused, after

19   repeated requests, to provide any justification for withholding them.  (*See id.* ¶ 15, Ex. 17.)

20       According to the Federal Rules, "[t]he party seeking to compel discovery has the burden of

21   establishing that its request satisfies the relevance requirement of Rule 26."  *Aho v. AmeriCredit Fin.*

22   *Serv., Inc.*, slip op, 2012 WL 928243 *2 (S.D. Cal. 2012).  Once relevance is established, "the party

23   opposing discovery has the burden of showing that the discovery should be prohibited, and the

24   burden of 'clarifying, explaining, and supporting its objections.'" *Id.* (citing *DIRECTV, Inc. v. Trone,*

25   209 F.R.D. 455, 458 (C.D. Cal. 2002) citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

26   Cir.1975)).  As articulated below, the Withheld Reports Apple seeks in this Motion are highly

27   relevant.  Samsung, however, has failed to meet its burden of showing that these reports are

28   objectionable, and its repeated refusal to produce—or explain its refusal to produce—the Withheld

Gibson, Dunn &
Crutcher LLP

4

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

1   Reports is unjustified and contrary to Rule 26.

2           **1.**       **These Reports are Highly Relevant**

3           **1)**       **"Deep Dive" Reports**

4        Samsung's "Deep Dive" reports are relevant to a number of key issues in this case.  First, they

5   are relevant to Apple's claim for lost profit damages and injunctive relief because they describe

6   Samsung's position in the smartphone and tablet markets and its plans for competing with the iPhone

7   and iPad.  (*See* Valek Decl. ¶ 6, Ex. 9.)  For example, the exemplary "Deep Dive" report produced in

8   the 1846 case discusses strategies for competing with Apple, labeling Apple's involvement with

9   certain cellular carriers as "threats" to Samsung.  (*Id*. at SAMNDCA00380805.)  It compares

10  Samsung's brand with Apple, noting that Apple is known for "innovation", whereas Samsung is just

11  the Android leader.  (*See, e.g., id*. at SAMNDCA00380820.)  Moreover, it discusses potential

12  marketing strategies designed to raise Samsung's market share, while taking market share away from

13  Apple.  (*See, e.g., id*. at SAMNDCA00380806.)  Such statements bear directly on the arguments the

14  parties' advanced during the preliminary injunction phase of this case, such as Samsung's argument

15  that at least certain of its products are not as competitive as Apple's and not likely cause irreparable

16  harm if an injunction were not issued.  (Dkt. No. 115 at 22.)  They are also relevant to Apple's

17  damages claims to the extent they show that Samsung's infringement is causing injury to Apple in the

18  marketplace.   Finally, these "Deep Dive" reports are reasonably calculated to lead to the discovery of

19  admissible evidence regarding the nexus between Samsung's infringement and the irreparable harm

20  to Apple because they contain consumer survey and other market demand evidence.  (*See, e.g., id*. at

21  SAMNDCA00380812.)  Accordingly, information contained in these report may demonstrate the

22  connection between Samsung's unlawful use of Apple's patented technology and consumer demand

23  for Samsung's accused products.   Nevertheless, Samsung continues to withhold its production of

24  additional "Deep Dive" or similar reports.

25       Indeed, Samsung has itself demanded –and Apple has produced—market research reports

26  such as the iPhone Buyer Surveys, which contain comparable information to the "Deep Dive" reports

27  Apple seeks.  (*Id.*¶ 7, Ex. 10.)  There is simply no basis for Samsung to withhold its "Deep Dive" and

28  similar reports to the extent they relate to products at issue in this case.

Gibson, Dunn &
Crutcher LLP

5

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

2)     "PSI Variance," "SMOP," and "PMT" Reports

Samsung's "PSI Variance," "SMOP," and "PMT" reports are also relevant to Apple's claim for lost profit damages and injunctive relief.  The "PMT" reports appear to be monthly reports that Samsung creates to track sales and marketing information as well as the development of its strategy for competing with Apple's iPhone and iPad products.  (*Id.* ¶ 8, Ex. 11.)  For instance, an exemplary PMT report produced in the 1846 case refers to Samsung's progress in updating a presentation titled "How to Defeat Apple" as a "[c]ompetitive response to iPhone5."  (*Id.* at S-ITC-600000231.)  The description of Samsung's efforts and strategy for competing with the same Apple products at issue in this case are relevant to irreparable harm, lost profits, and consumer demand for the same reasons described above with respect to "Deep Dive" reports.

In addition, the "PSI Variance," "SMOP," and "PMT" reports discuss Apple and Samsung's competition for sales (*Id.* ¶ 9, Ex. 12.), and contain information appearing to tie "variances" in Samsung's sales to Apple's production.  (*Id.*)  For example, they connect Apple's loss of "grip on the top selling slots" to Samsung's moving "up into the #2 selling slot."   (*Id.*)  Finally, these reports appear to contain product by product sales forecasts and information regarding actual sales.  Such information is relevant to the issue of consumer demand for the accused products, which is one of the *Georgia Pacific* factors for calculating reasonable royalty damages.  *See, e.g., Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 27 n.11 (Fed Cir. 2012) (noting that popularity of accused product is relevant *Georgia Pacific* factor).  Moreover, it tends to demonstrate the connection between sales of Samsung's infringing products and Apple's lost profits.  Accordingly, Apple's request for such reports is reasonably calculated to lead to the discovery of admissible evidence regarding damages, both reasonable royalty and lost profits, as well Apple's injunctive relief contentions.

2.     **Samsung Has No Legitimate Basis to Resist this Discovery**

Samsung cannot meet its burden to justify its failure to produce the Withheld Reports.  Other than some boilerplate objections, Samsung has offered no basis for refusing such production.  Instead, Samsung's strategy appears to be centered on an effort to delay its production of such documents, while simultaneously insisting on the immediate production of comparable Apple reports.

Gibson, Dunn & Crutcher LLP

6

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

Samsung's attempt to put off telling Apple whether it will produce the Withheld Reports, much less actually produce them, until after its responses to Apple Request Nos. 552 and 554-56 are due is improper. First, the Withheld Reports are responsive to other Apple requests, which were served almost a year ago. Second, Apple specifically informed Samsung of the fact that its requests encompassed the Withheld Reports by letter on January 14, 2013. Third, in the parties' meet and confer on February 15, 2013, Apple reiterated these points, referring to specific portions of the exemplary "Deep Dive" report and explained how this "Deep Dive" report was comparable to other marketing and consumer survey reports that Samsung has sought from Apple. There can be no argument that Samsung knows exactly what types of reports Apple seeks through this motion and that it has been well aware of that fact for months now. Accordingly, Apple asks the Court to compel Samsung to produce the Withheld Reports by May 1, 2013.

### D. Requested Relief – Marketing and Financial Reports

Apple respectfully requests that this Court order Samsung to fully and completely respond to Requests Nos. 44, 45, 49, 55, 125, 135, 231, 295, 297, 298, 312, 552, 554, 555, and 556 by producing the Reports identified in this Motion no later than May 1, 2013.

## III. DEPOSITIONS OF SAMSUNG

### A. Apple Should Be Allowed To Continue the Depositions of Samsung Inventors JuHo Lee and Young Bum Kim

#### 1. Samsung's Improper Discovery Conduct Before, During, and After the Initial Depositions of JuHo Lee and Young Bum Kim

On November 8, 2012, Samsung informed Apple that it would make Mr. Kim and Dr. Lee available for deposition on November 28, 2012 and November 30, 2012 in Suwon, South Korea. On November 16, 2012, Samsung made its first production of custodial documents for Mr. Kim and Dr. Lee. This production totaled nearly three million pages for several custodians, and included more than 900,000 pages listing Mr. Kim as the custodian, and more than 800,000 pages listing Dr. Lee as the custodian. (March 18, 2013 Declaration of Mark Selwyn ("Selwyn Decl.") ¶ 3.) Samsung's November 16, 2012 production was not only voluminous, but also rife with technical problems, making a meaningful document review extremely difficult to accomplish in advance of the

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

depositions.[2]  Apple promptly notified Samsung of the many technical problems with its production, and requested Samsung's immediate assistance in resolving them.  (*See id.* ¶ 7, Ex. 1 (November 20, 2012 Email Herriot to Fazio); ¶ 8, Ex. 2 (November 21, 2012 Email Herriot to Zalduendo); ¶ 10, Ex. 4 (November 21, 2012 Letter Kolovos to Fazio); ¶ 11, Ex. 5 (November 23, 2012 Email Kolovos to Fazio).)  On November 26, Samsung sent a new hard drive containing a replacement production, which arrived at counsel for Apple's Palo Alto office at approximately the same time as the deposition of Mr. Kim was occurring in Korea.

On November 21, 2012, Apple informed Samsung that "[g]iven the volume of documents Samsung has produced and the problems with the hard disk Samsung provided, it is impossible for Apple to review all of the documents for which JuHo Lee or Young-Bum Kim is a custodian prior to their depositions.  Apple therefore requests that Samsung provide new dates for these depositions on consecutive dates during either the week of December 3 or December 10, before the close of claim construction discovery."  (*Id.* ¶ 10, Ex. 4 (November 21, 2012 Letter Kolovos to Fazio).)  Samsung refused to provide alternate dates.  (*Id.* ¶ 12, Ex. 6 (November 21, 2012 Letter Fazio to Kolovos).)  Apple notified Samsung that while it would go forward with the depositions,  "[i]n light of the problems with Samsung's production of documents for these two inventors, Apple reserves its right to seek additional deposition time with these witnesses (in the United States), and intends to raise this issue at Tuesday's meet and confer."  (*Id.* ¶ 11, Ex. 5 (November 23, 2012 Email Kolovos to Fazio).)

On November 28 and 30, 2012, Apple deposed Mr. Kim and Dr. Lee in Suwon.  During Mr. Kim's deposition, counsel for Samsung interfered with Apple's ability to fully conduct its examination of Mr. Kim by (1) strictly restricting the total deposition of Mr. Kim to seven "clock"

---

[2]  Samsung's November 16, 2012 production contained 76 different compressed RAR files grouped into five production folders for several different witnesses, including Mr. Kim and Dr. Lee. However, only some of the RAR files contained load files, and after loading the files, Apple discovered that there were errors in two of the five production folders. (*See* Selwyn Decl. ¶ 7, Ex. 1 (November 20, 2012 Email Herriot to Fazio); *id.* ¶ 8, Ex. 2 (November 21, 2012 Email Herriot to Zalduendo); *id.* ¶ 9, Ex. 3 (November 26, 2012 Email Zalduendo to Herriot).)

Gibson, Dunn &
Crutcher LLP

8

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

hours, and refusing to allow Apple additional time to question Mr. Kim, even after Samsung conducted its own examination of its inventor (*see id*. ¶ 13, Ex. 7 (Kim Tr.) at 134:7-12; 136:6-9; 136:19-20); and (2) making numerous non-privileged based objections, each of which counsel for Samsung insisted be translated into Korean, further limiting the seven "clock" hours of Mr. Kim's deposition.  Counsel for Samsung made at least 140 non-privileged based objections in 130 pages of testimony, including on occasion stating three purported bases at once, all of which Samsung's counsel required be translated into Korean.  (*See, e.g.*, *id*. at 28:24-29:4; 68:10-11; 107:12-13; 115:7-8.)

The day after Mr. Kim's deposition, Apple sent a letter objecting to Samsung counsel's behavior during the deposition, and requested Samsung agree "that any witnesses to be deposed through a translator will be available to continue his or her deposition beyond seven 'clock' hours in any given deposition day" or made available for two days, and renewing its request for a second day of deposition with Mr. Kim in the United States.  (*Id*. ¶ 14, Ex. 8 (November 29, 2012 Letter Kolovos to Fazio).)  Samsung refused to provide additional time with Mr. Kim.

Apple raised the parties' dispute regarding the amount of time that should be allowed with translated deponents in the parties' December 5 Joint Case Management Statement.  (Dkt. No. 319.) On December 11, 2012, Judge Koh issued an Order stating that "[c]onsistent with the Court's May 5, 2012 Order, ECF No. 160, each deposition is limited to 7 hours, but depositions requiring an interpreter count as half time.   Accordingly, a deposition with an interpreter may last up to 14 hours over two days."  (Dkt. No. 324.)  In light of Judge Koh's Order, on December 20, 2012, Apple renewed its request that Samsung "make Young-Bum Kim and Ju-Ho Lee available for a second day of deposition, in the United States."  (Selwyn Decl. ¶ 15, Ex. 9 (December 20, 2012 Letter Kolovos to Fazio).)  Samsung again refused, this time asserting that Apple had failed to request a second day in advance of the depositions as required by Judge Koh's December 11 Order, even though that Order

Gibson, Dunn & Crutcher LLP

9

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

was entered *after* the depositions occurred.  (*Id*. ¶ 16, Ex. 10 (December 31, 2012 Letter Fazio to Kolovos).)  On January 15, 2013, Apple renewed its request for further deposition time and added the issue to the next lead counsel meet and confer agenda.  (*Id*. ¶ 17, Ex. 11 (January 15, 2013 Letter Kolovos to Fazio).)  Samsung again refused to make the witnesses available for a second day of deposition.  (*Id*. ¶ 18, Ex. 12 (January 23, 2013 Letter Fazio to Kolovos).)

On February 7, 2013, seventy-nine days after Dr. Lee's deposition, Samsung produced an additional 27,162 pages, corresponding to 6,613 documents, all from Dr. Lee's files. (Selwyn Decl. ¶ 5.) The parties discussed Apple's request for a second day of deposition at the lead counsel meet and confer on February 15 and 16, 2013 but were unable to resolve the issue.  (*Id*. ¶ 22.)  On March 1, 2013, Samsung notified Apple that it would not make the witnesses available for another day of deposition.  (*Id*. ¶ 19, Ex. 13 (March 1, 2013 Letter Fazio to Valek).)

      **2.**      **Pursuant to the May 2, 2012 Case Management Order and Judge Koh's December 11, 2012 Order, Apple is Entitled to a Second Day of Deposition with Mr. Kim and Dr. Lee**

Samsung's refusal to provide either Mr. Kim or Dr. Lee for a second day of deposition contravenes both the May 2 Case Management Order and Judge Koh's December 11, 2012 Order. The May 2 Case Management Order stated that depositions requiring an interpreter will count as half time against each party's limit of total deposition time, and thus recognized that one hour of examination through an interpreter is equivalent to a half hour of examination without an interpreter. (Dkt. 160.)  On December 11, after Apple and Samsung disputed the meaning of this Order during the depositions of Mr. Kim and Dr. Lee, Judge Koh further clarified the Case Management Order by stating:

> "Consistent with the Court's May 5, 2012 Order, ECF No. 160, each deposition is
> limited to 7 hours, but depositions requiring an interpreter count as half time.
> Accordingly, a deposition with an interpreter may last up to 14 hours over two days. If
> a party wishes to schedule a two-day deposition due to the use of an interpreter,
> advance notice to the opposing party is required. If the parties have disputes about

Gibson, Dunn & Crutcher LLP

10

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

specific depositions that they are unable to resolve, motions should be directed to Magistrate Judge Grewal." (Dkt. No. 324.)

This Court's Orders are consistent with Fed. R. Civ. P. 30(d)(1), which states that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

Samsung is incorrect to assert that Apple should not receive a second day of deposition with Mr. Kim and Dr. Lee because it did not request the second day in advance of the depositions. (Selwyn Decl. ¶ 16, Ex. 10 (December 31, 2012 Letter Fazio to Kolovos); *id*. ¶ 18, Ex. 12 (January 23, 2013 Letter Fazio to Kolovos).)  As explained above, Apple did request additional time in advance of the depositions.  (*Id*. ¶ 11, Ex. 5 (November 23, 2012 Email Kolovos to Fazio); *id*. ¶ 14, Ex. 8 (November 29, 2012 Letter Kolovos to Fazio).)  To the extent Samsung is somehow now suggesting that Apple is not entitled to a second day with Mr. Kim and Dr. Lee because it did not make its request pursuant to Judge Koh's December 11, 2012 Order, such assertion is nonsensical. Judge Koh's Order did not issue until ***after*** the initial depositions, so Apple could not have referenced the Order in its prior requests for additional deposition time.

### 3.   Samsung Should Be Ordered to Produce Young Bum Kim for a Second Day

Mr. Kim's deposition was conducted through an interpreter, and pursuant to the Case Management Order and Judge Koh's December 11, 2012 Order, Samsung should present him for a second day of deposition.  Further, Samsung should be ordered to produce Mr. Kim for a second day based on its late and massive production of documents for him and because of its excessive speaking objections during his deposition.  First, Samsung produced 59,694 documents containing 919,050 pages for Mr. Kim just 12 days prior to his deposition in a flawed document production, making it

Gibson, Dunn & Crutcher LLP

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

1   impossible for Apple to complete a thorough document review before the deposition.  (*See* Selwyn

2   Decl. ¶¶ 2-3.)

3        Second, Samsung's lengthy objections during the first day of deposition of Mr. Kim

4   prevented Apple from conducting a complete examination of him.  As detailed above, Samsung

5   ended Mr. Kim's deposition at 7 clock hours (*Id.* ¶ 13, Ex. 7 (Kim Tr.) at 134:7-12) and blocked

6   Apple's ability to conduct redirect by once again invoking the time limit (*see id.* at 136:6-9, 136:19-

7   20.)  Counsel for Samsung further reduced Apple's deposition time by raising at least 140 objections

8   in 130 pages of recorded testimony.  (*See, e.g.*, *id.* at 68:10-11; 107:12-13; 115:7-8.)  Samsung's

9   counsel's further insisted that all objections be translated into Korean (*id.* at 28:24-29:4) ensuring that

10  a significant portion of the 7 clock hours of running time to which Samsung's counsel improperly

11  limited the deposition was in fact allocated to Samsung's counsel.  *See, e.g.*, *Marlborough Holdings*

12  *Ltd. v. Pliske Marine, Inc.*, 2010 WL 4614704, at *3 (S.D. Fla. Nov. 5, 2010) (granting "one

13  additional day of seven hours for its deposition of [defendant's] corporate representative if a

14  translator is used"); *Shu Jin v. Pacific Buffet House, Inc.*, 2007 WL 4730942, at *1 (E.D.N.Y. May

15  17, 2007) ("Ordinarily, the rules contemplate that a witness's deposition be limited to one seven-hour

16  day …. because an interpreter was needed to translate both the questions and the answers during the

17  plaintiff's deposition, more than the usual amount of time for a deposition was clearly warranted.").

18           **4.      Samsung Should Ordered to Produce JuHo Lee for a Second Day**

19       Like Mr. Kim's deposition, Dr. Lee's deposition was conducted through an interpreter, and

20  pursuant to the Case Management Order and Judge Koh's December 11, 2012 Order, Samsung

21  should present him for a second day of deposition.  Further, Samsung should be ordered to produce

22  Dr. Kim for a second day based on its late production of documents for him, including thousands of

23  documents produced ***after*** his first deposition.

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)

Samsung produced 67,273 documents containing 817,149 pages from Dr. Lee's files only 14 days before his first deposition, and an additional 6,613 documents containing 27,162 pages 79 days *after* his deposition.  (Selwyn Decl. ¶¶ 2-3, 5.)  Further, approximately 1,400 of Dr. Lee's documents produced after his first deposition contain Korean language text.  (*Id*. ¶ 5.)Where, as here, a party's document production is such that not all documents can be reviewed by the time of the deposition, or when documents are produced after the deposition has occurred, good cause justifies additional deposition.  *See, e.g.*, *Boston Scientific Corp. v. Cordis Corp.*, 2004 WL 1945643, at *2-3 (N.D. Cal. Sept. 1, 2004) (ordering additional deposition time where 800 slides were produced the day before the second deposition and 80 pages of documents were produced subsequent to that deposition despite five days of deposition that had already taken place); *Saca v. J.P. Molyneux Studio Ltd.*, 2008 WL 802320, at *2 (E.D. Cal. Mar. 25, 2008) (ordering additional deposition time "[i]n light of the documentation produced the day of, and subsequent to, several depositions").

### 5.    Samsung Should Produce Mr. Kim and Dr. Lee In The United States

In an effort to accommodate Samsung's witnesses, Apple agreed to travel to Korea to depose Mr. Kim and Dr. Lee.  (Selwyn Decl. ¶ 20, Ex. 14 (November 9, 2012 Email Rho to Fazio).)  Apple has also agreed to travel to Korea for the depositions of two of the other five inventor depositions relating to Samsung's '087 patent.  (*Id*. ¶ 20, Ex. 14 (November 9, 2012 Email Rho to Fazio); *id*. ¶ 21, Ex. 15 (February 7, 2013 Email Kolovos to Fazio).)  However, Apple should not be required to go through the additional expense and inconvenience of one or two more unnecessary trips to Korea, in addition to the three separate trips it is has already agreed to undertake. (*See id*. ¶ 6.)  Because the second day of deposition is required due to Samsung's improper conduct and because Samsung chose this forum to assert the specific patents at issue in this case against Apple, the second day of deposition of Mr. Kim and Dr. Lee should take place in the Northern District of California.  *See, e.g.*, *Acer Inc. v. Tech. Properties*, 2008 U.S. Dist. LEXIS 103913, *3-4 (N.D. Cal. Dec. 16, 2008) ("When the opposing party is a corporation, both its officers and directors and its employees have been treated as 'opposing parties,' the same as an *Fed. R. Civ. P. 30(b)(6)* designee" . . . . [A]s a

Gibson, Dunn & Crutcher LLP

13

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

general rule, 'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'") (citation omitted); *Cadent v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) ("'[C]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum [where the action is pending], for the convenience of all parties and in the general interests of judicial economy.'") (quoting *Sugarhill Records, Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985)); *Continental Federal Sav. and Loan Ass'n v. Delta Corp. of America*, 71 F.R.D. 697, 700 (W.D. Okla. 1976) (holding that for permissive counterclaims, defendant should be in the same position as a party plaintiff which selected the forum).

**B.     Requested Relief – Samsung Depositions**

Apple respectfully requests that this Court order Samsung to produce Samsung employee-inventors JuHo Lee and Young Bum Kim for a second day of deposition in the United States no later than June 1, 2013.

Dated:  March 19, 2013

Respectfully Submitted,


By:  /s/ H. Mark Lyon                              

Attorneys for Plaintiff
APPLE, INC.

Gibson, Dunn & Crutcher LLP

14

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS AND CONTINUED DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM CASE NO. 5:12-CV-00630-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and all supporting documents and exhibits, was filed electronically in compliance with Civil Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Date ___March 19, 2013___              _/s/ Mark Lyon_____
                                        Mark Lyon

15

APPLE INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND THINGS AND CONTINUED
DEPOSITIONS OF JUHO LEE AND YOUNG BUM KIM
CASE NO. 5:12-CV-00630-LHK (PSG)