# EXHIBIT 13

VALEK DECL ISO APPLE MOTION TO COMPEL
PRODUCTION AND DEPOS
CASE NO. 5:12-CV-00630-LHK (PSG)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

January 14, 2013


VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:     *Apple Inc. v. Samsung Electronics Co. et al.,* No. 12-cv-0630

Dear Michael:

I write to follow up and build on Apple's prior correspondence identifying deficiencies in Samsung's document production to date.  *See, e.g.,* Apple's letters dated Oct. 19, 2012 and Nov. 16, 2012.  This letter identifies only some of the defects in Samsung's production and should not be interpreted as an exhaustive identification of all such problems.

**1.      Missing documents evidencing Samsung's actual and projected sales, profits, and market share (and other financial information) for the Accused Samsung Products**

Samsung has not produced a number of types of documents relevant to its actual and projected sales, market share, profits, and other financial metrics related to the Accused Samsung Products.  Such documents are responsive to at least Apple RFP Nos. 132-133, 248, 312 and 314, as well as the other Requests identified below. These requests are relevant to, *inter alia*, the damages contentions (both lost profits and reasonable royalty) in this case. Examples of particular types of documents missing from Samsung's production include:

> a.   "Pumi reports" or "price pumi reports" reflecting profitability at a handset level, "90-day plan[s]," and annual plans and/or business plans for 2012 and 2013 (to the extent 2013 business plans or drafts exist), as discussed in the January 24, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 54:23–75:20.[1]  Moreover, it appears that Samsung produced what appears to be a draft of its 2012 business plan, *see* SAMNDCA00374342, but that document is heavily redacted.  If Samsung has a legal basis to justify such

---

[1]   Apple previously raised Samsung's failure to produce these reports in its November 21, 2012 letter from M.Valek to M.Fazio.  Samsung has not supplemented its production to provide the missing reports.

**GIBSON DUNN**

Michael L. Fazio
January 14, 2013
Page 2

redactions please identify it, otherwise produce an unredacted version of the same.

b.  Profit and loss statements for the Accused Samsung Products in this case, particularly statements reflecting the unit volumes of Accused Samsung Products sold and the price of the same.

c.  Income statements or balance sheets, as discussed in the January 24, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 31:16-32:7, for 2009 through the present.

d.  "Flux" or "flux analysis" documents, including "P&L flux analys[es]," "income statement flux document[s]," and "balance sheet flux document[s]," as discussed in the January 24, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 28:11–35:25, for 2009 through the present.[2]

e.  Weekly sales reports for Samsung Telecommunications America ("STA"), including the underlying data and/or spreadsheets supporting those reports, as discussed in the January 24, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 97:17-106:19.  While some such reports were produced in the 1846 case, Samsung has not supplemented its production to include more recent versions of the same.  Specifically, Apple has seen no such reports for the period from about May 2012 to present.

f.  Other STA weekly reports, including market share reports, emails, and documents related thereto (similar in form to S-ITC-003848487; SAMNDCA10435018; S-ITC-003855010; and SAMNDCA10437389), relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

g.  STA Product, Services, and Strategy Weekly Reports (similar in form to S-ITC-001730977) relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

---

[2]  Apple previously raised Samsung's failure to produce these reports in its November 21, 2012 letter from M.Valek to M.Fazio.  Samsung has not supplemented its production to provide the missing reports.

**GIBSON DUNN**

Michael L. Fazio
January 14, 2013
Page 3

    h.   STA "Demand Summary" documents (similar in form to S-ITC-500106174-KHL) relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

    i.   "PM Weekly Reports" (similar in form to S-ITC-003057182) relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

    j.   Quarterly "Deep Dives" (similar in form to SAMNDCA00380801) relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

    k.   "GM" weekly reports for Verizon, Sprint, AT&T, T-Mobile, and "National Retail" (similar in form to S-ITC-001720973; S-ITC-005213839; S-ITC-005220907; SAMNDCA10338391 and as discussed in the May 7, 2012 deposition of Kevin Geklinsky, beginning at p. 78, line 3) relating to the Accused Samsung Products.  To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

    l.   Carrier weekly reports as well as "PMT," "PSI Variance," and "SMOP" reports (similar in form to SAMNDCA10452245 and S-ITC-600000226 and/or the documents attached to or underlying the information presented in the email chains beginning at SAMNDCA10436911; S-ITC-600000226; S-ITC-500105687-KHL; S-ITC-500105814; S-ITC-003860428; S-ITC-600000226; and SAMNDCA10450987) relating to the Accused Samsung Products.   To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

    m.   "US Channel Sales Weekly Reports" (similar in form to the one attached to the email beginning at S-ITC-500098124) relating to the Accused Samsung Products.   To the extent some such documents have already been produced in other cases, Apple requests that Samsung supplement its production to include any more recent versions of the same.

**GIBSON DUNN**

Michael L. Fazio
January 14, 2013
Page 4

> n.  "Monthly close" or "closing" reports, "monthly forecasting report[s]," and corresponding "summary report[s]" (as discussed in the January 24, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 36:1–39:25 and the February 29, 2012 deposition of Timothy Sheppard in Case No. 11-cv-1846-LHK at 154:4-16) relating to the Accused Samsung Products. Samsung appears to have produced a few such reports for months between 2010 and 2011—but not a complete set.  Moreover, Samsung has produced no such reports for 2012 to present.

2.    **Missing reports showing Samsung's revenues, costs, and profits for the sale of accessories, goods, or services designed to work with the Accused Samsung Products**

Samsung has not produced reports or other documents sufficient to show Samsung's revenues, costs, and profits for the sale of accessories, goods, or services designed to work with the Accused Samsung Products.[3]  Such documents are responsive to at least Apple RFP No. 316 and relevant, *inter alia*, to Apple's damages contentions (both lost profits and reasonable royalty as well as damages for any convoyed sales) in this case.

3.    **Missing reports showing Samsung's costs for advertising, marketing, and promotion of the Accused Samsung Products**

Samsung has not produced reports or other documents sufficient to show its month-by-month costs for advertising, marketing, and promotion of the Accused Samsung Products.  Such documents are responsive to at least Apple RFP No. 311 and relevant to, *inter alia*, Apple's damages contentions (both lost profits and reasonable royalty) in this case and the irreparable harm resulting caused by Samsung's infringement.

4.    **Missing reports showing Samsung's other costs associated with the Accused Samsung Products**

Samsung has not produced reports or other documents sufficient to show its month-by-month costs for activities *other than* advertising, marketing, and promotion, such as R&D, manufacturing, and distribution costs.  Such documents are responsive to at least Apple RFP Nos. 242, 303, and 313 and relevant, *inter alia*, to Apple's damages contentions (both lost profits and reasonable royalty) in this case.

---

[3]  Apple has previously raised this issue in the context of other discovery requests.  *See, e.g.,* November 5, 2012 letter from M.Valek to M.Fazio regarding Apple Interrogatory No. 31.  Samsung has not supplemented its production to provide the documentation, nor has it updated its interrogatory response.

**GIBSON DUNN**

Michael L. Fazio
January 14, 2013
Page 5

5.      **Missing documents relating to Samsung's assessment of the value of or business case for the Accused Features**

Samsung has not produced any documents evidencing Samsung's assessment of either the value of or the business case for the Accused Features.  Such documents are responsive to at least Apple RFP Nos. 309 and 310[4] and relevant, *inter alia*, to Apple's damages contentions (both lost profits and reasonable royalty) in this case as well as Apple's claim for injunctive relief.

6.      **Missing market research report and buyer surveys relating to the Accused Samsung Products, Accused Features, and any alleged design-arounds**

Aside from a limited number of documents that Samsung produced during the preliminary injunction phase of the case, Samsung has not produced market research reports and buyer surveys relating to the Accused Features and any alleged design-arounds, let alone the full range of Accused Samsung Products.  Such documents are responsive to at least Apple RFP Nos. 295 and 296 and would include the results of any focus groups, consumer surveys, or other market research relating to the reasons customers purchase the Accused Samsung Products.  These documents are relevant to Apple's damages contentions (both lost profits and reasonable royalty) in this case as well as Apple's claim for injunctive relief, particularly to the extent they evidence consumer demand for the infringing devices/features.

\* \* \*

In sum, there is no excuse for these deficiencies in Samsung's production.  Please confirm that Samsung will supplement it production to provide all of the above-identified types of documents and provide Apple with a date certain for the same.  To the extent that Samsung refuses to produce any of the above-identified types of documents, please provide Samsung's complete bases for doing so such that the parties might address the same at the next lead counsel meet and confer.

---

[4]   Samsung's refusal to produce documents responsive to Apple's related RFP Nos. 307 and 308 is addressed in Apple's prior correspondence and set for discussion at the next lead counsel meet and confer.

# GIBSON DUNN

Michael L. Fazio
January 14, 2013
Page 6

Sincerely,


_____/s/ Michael A. Valek_____
Michael A. Valek

MAV/pdd

# EXHIBIT 15

VALEK DECL ISO APPLE MOTION TO COMPEL
PRODUCTION AND DEPOS
CASE NO. 5:12-CV-00630-LHK (PSG)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

February 19, 2013


VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017-2543

Re:     *Apple Inc. v. Samsung Electronics Co. et al.,* No. 12-cv-0630

Dear Michael:

I write to summarize our discussions regarding the issues Apple raised during the lead trial counsel meet and confer on February 15 and 16, 2013.

**Samsung's Financial Information and Damages Related Documents**

Samsung indicated that it had not withdrawn its objections to producing gross financial data (revenues, profits, etc.) in the financial summaries it has agreed to provide for its accused products.[1]  Apple maintains its position that both net and gross numbers are relevant and that Samsung must produce that information.  Apple also confirmed that it is willing to supplement its production of such information from the 1846 Case to include the additional time periods and Apple products at issue in the present action.  Samsung agreed to tell Apple whether it would withdraw its objections and produce gross financial data for sales of its accused products in the United States in the relevant time periods by March 1, 2013, and that if it did not agree to produce such information it would not contest that the parties had fulfilled their obligation to fully meet and confer on this issue.

Samsung agreed to produce "Pumi" reports and 2013 business plans for SEC and STA, per Apple Request Nos. 433 and 436.  Samsung indicated that it would inquire regarding the redactions Apple noted in its 2012 business plan production and tell us by March 1, 2013, whether Samsung will produce unredacted versions of both the 2012 and 2013 plans.

---

[1]   *See, e.g.,* Samsung's Responses to Apple's Request Nos. 314 and 316 and Apple Interrogatory Nos. 30 and 31.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 2

Samsung agreed to tell Apple by March 1, 2013, whether it will produce profit and loss statements for sales of its accused products in the United States to the extent it maintains such reports, per Apple's Request No. 425.

Samsung agreed to tell Apple by March 1, 2013, whether it will produce "flux analyses" per Apple's Request No. 426.

Apple explained that the "deep dive" documents identified in its January 14, 2013 letter contain market research information and are responsive to, *inter alia*, Apple Request Nos. 44, 45, 49, 55, 135, 295, 297 and 298.[2]  Samsung agreed to tell Apple by March 1, 2013, whether it will produce these "deep dive" documents and any similar market research reports.

Further, Apple explained that it has already produced market research reports (*e.g.*, iPhone Buyer Surveys) containing comparable information in response to Samsung's requests and noted that Samsung has additionally requested *all drafts and documents related to* the same. *See* Samsung Request Nos. 260-261. Apple asked Samsung to indicate whether it would object to producing all drafts and documents related to these "deep dive" documents if served with a specific request for the same and explain any basis it might have for resisting such discovery to the extent it continues to demand additional documents from Apple in response to Samsung's Request Nos. 260-261.

Apple explained that the "PMT," "PSI Variance," and "SMOP" reports as identified in its January 14, 2013 letter appear to contain information pertaining to competition between Samsung's accused products and Apple's own products and are responsive to, *inter alia*, Apple Request Nos. 125 and 298.[3]  Samsung agreed to tell Apple by March 1, 2013, whether it will produce such documents to the extent they related to Samsung's accused products.

Samsung indicated that it would tell Apple whether it would withdraw its objections to producing gross financial data for sales of accessories to its accused products in the United States in the relevant time periods.  Apple agreed to check into the extent to which it is willing to provide similar information for its accessories.

_____

[2]  Although these documents are responsive to these requests, Samsung suggested that it did not have to produce such documents absent a specific request for "deep dive" documents.  Apple disagrees. Nonetheless, the issue is moot in light of Apple's newly-served request for "deep dive" documents.

[3]  Although these documents are responsive to these requests, Samsung suggested that it did not have to produce such documents absent a specific request for the same.  Apple disagrees.  Nonetheless, the issue is moot in light of Apple's newly-served request for these reports.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 3

Finally, Samsung discussed May 1st as a mutual date certain for the production of financial information.  But given upcoming discovery demands, such as fact depositions regarding this financial information and damages expert reports, Apple proposes that the parties agree to produce such information no later than April 1, 2013.

<u>**Apple's Interrogatory No. 22 and Improperly Withheld Diff Printouts**</u>

The parties continue to be at impasse with respect to producing the diff printouts identified in Apple's prior correspondence.  Nonetheless, we discussed that this dispute might be moot or at least narrowed if Samsung supplements its response to Apple's Interrogatory No 22 to identify any differences between each version of Android source code in its accused products and the comparable public version of Android source code that Samsung contends are material to the alleged non-infringement of Apple's asserted patent claims in the event the public version were found to infringe.  As Apple explained, Samsung would need to provide this response well in advance of the date for Apple's infringement expert reports as this information is relevant to the same.

Samsung agreed to tell Apple by March 1, 2013 whether it will agree to identify any such differences in response to Interrogatory No. 22.  Apple agreed to explore the extent to which it could forego the production of diff printouts after Samsung provides such a response.[4] However, if Samsung will not agree to so supplement its interrogatory response, Apple will likely seek to compel a full response to this interrogatory as well as production of all the diff printouts Samsung is currently withholding.

<u>**Apple's Second Set of Requests for Production**</u>

In discussing Samsung's objections to producing documents relating to its Bada Platform, Samsung confirmed that it is not relying on the Bada Platform and has no present intent to rely on the Bada Platform as a basis for any argument in this case.  Samsung further confirmed that, should it decide to rely on the Bada Platform at a future date, it will provide Apple with immediate notice of this change in position and discovery relating to the Bada Platform in response to existing Apple Requests for Production.[5]  In that event, Samsung agreed that it would not contest that Apple's existing requests for production encompass all Bada-related documents and that Apple would not need to serve additional requests for production of the same.

---

[4]   Apple reserves its right to seek diff printouts relating to the parties' disputes.  For example, if Samsung identifies allegedly material differences between the public code and the version on Samsung's accused products, it will likely be necessary for Apple to obtain diff printouts relating to those alleged differences to respond to Samsung's contentions.

[5]   Apple reserves its right to object should Samsung change its position regarding the Bada Platform.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 4

<u>**Apple's Third and Seventh Set of Requests for Production**</u>

The parties discussed Samsung's objections and responses to certain requests in Apple's Third and Seventh Set of Requests for Production.

Samsung agreed to produce documents in response to Request No. 168 ("documents relating to the research, design, development, manufacture, assembly, testing, or operation of any aspect of any Product that allegedly embodies, falls within the scope of, is, or the use of which is or will be, covered by any claim of the Samsung Patents-in-Suit") if Apple would be willing to narrow the requests from any claim of the Samsung Patents-in-Suit to the asserted claims, as Samsung has narrowed Samsung's Request No. 159.  Further, Samsung agreed to produce documents responsive to Request No. 171 ("all documents relating to the inventorship of any claim of the Samsung Patents-In-Suit") if Apple agreed to narrow the request to conception and reduction to practice documents, as Samsung has narrowed its Request No. 55.  Apple will consider Samsung's proposal.

Apple's Request No. 172 seeks "all documents relating to the identification or determination of the inventors for each of the Samsung Patents-In-Suit."  Samsung noted that it considers invention disclosures documents privileged, and proposed that the parties establish a date certain to produce these documents or provide a privilege log if they are withheld.  Apple asserted that Request No. 172 seeks documents other than invention disclosures, but agreed to consider Samsung's proposal.

Apple's Request No. 204 seeks all documents relating to any disclosure or publication of the subject matter of any claim of such patent sent to, shared with, or disseminated to any person or entity other than Samsung before the filing date of such patent. Samsung tentatively proposed that it would respond if the request were narrowed to the asserted claims rather than the subject matter of the asserted claims.

Apple's Request No. 220 seeks all documents and things evidencing Samsung's licensing program.  Samsung proposed narrowing this request to Samsung's licensing program for the patents and comparable technology.  Samsung would produce documents responsive to this request if Apple would agree to produce documents responsive to a corresponding Request propounded by Samsung.  Both parties will consider this proposal.

Samsung agreed to produce documents responsive to Apple's Request No. 230.  Thank you for your agreement.

Apple's Request No. 232 seeks documents sufficient to show Samsung's pricing, pricing practice or policies, and changes in pricing with respect to each Samsung Covered Product.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 5

Samsung agrees to produce Pumi reports in response to this request to the extent Apple produces similar pricing-related information.  Apple will consider this proposal.

Apple's Request No. 233 seeks documents sufficient to show Samsung's alleged capacity and ability to manufacture, sell, and/or distribute each Samsung Covered Product.  Samsung agreed to produce documents responsive to this request to the extent Apple agrees to produce documents responsive to similar requests in Samsung's Ninth Set of Requests for Production.  Apple will consider requests for summaries of manufacturing capacity, and come up with a bilateral proposal based on what information was produced in the 1846 case.

Apple's Request No. 416 seeks documents and things relating to any standards-setting organizations and specifications in which Samsung participated relating to an "On-Screen Display."  Apple initially proposed that Samsung search the documents of two custodians who would likely have documents responsive to this Request, but Samsung was not amenable to that proposal.  After Apple noted that the parties appeared to be at an impasse on this issue, Samsung proposed that they produce documents related to the submission or consideration of the '470 to the on screen display standard. In response, Apple requested that Samsung produce documents related to the submission or consideration of the subject matter of the '470 to the on screen display standard. Samsung agreed to consider Apple's proposal.

**Apple's Fourth Set of Requests for Production**

The parties discussed Samsung's objections and responses to certain requests in Apple's Fourth Set of Requests for Production.

With respect to Request Nos. 268, 269, and 273, Samsung indicated that it would likely agree to produce responsive documents based on Apple's proposal to limit these requests to documents relating to the accused features.  Samsung agreed to confirm this position by March 1, 2013.

With respect to Request No. 275, Samsung indicated that it would agree to produce responsive documents if the Request were narrowed in scope.  To this end, Apple proposed limiting the request to documents "relating to any internal or external effort to assign a value to any Accused Feature or technology providing functionality similar to an Accused Feature . . . ."  Samsung agreed that it would either confirm its agreement to Apple's proposal or provide its own proposal regarding Request No. 275 by March 1, 2013.

With respect to Request No. 276, Samsung indicated that it believes that it has already produced all agreements between Samsung and Google regarding the design, development or features of the Accused Samsung Products, including the Mobile Application Distribution

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 6

Agreement and common interest agreements between Google and Samsung.  Samsung further stated that, by March 1, 2013, it would confirm that its production of such agreements is complete or produce any remaining responsive agreements.  Samsung confirmed that it is not withholding such documents relating to the Accused Samsung Products, but not specifically to the Accused Features in those products.

With respect to Request Nos. 307 and 308, which seek documents relating to Samsung's business case for and its valuations and assessments of certain versions of the Android operating system Samsung explained that, in its view, it is overbroad to ask for all documents relating to value or demand generally, or even all documents relating to a particular platform (*e.g.,* the Froyo or Gingerbread versions of Android, or iOS 4.0, iOS 5.0, or iOS 6.0).  To this end, Apple proposed limiting these requests to documents relating to Samsung's business case for and its valuations and value assessments of the Samsung Accused Products.  Samsung indicated that it would likely agree to produce responsive documents based on that limitation and agreed to confirm that position by March 1, 2013.  Per Samsung's request, Apple will explore whether a similar limitation could resolve certain of the parties' disputes with respect to Samsung's Ninth Set of Requests for Production, and will similarly respond to Samsung by March 1, 2013.

**Supplementation of Interrogatory Responses**

The parties discussed supplementing their responses to their affirmative defense contention interrogatories to identify those persons most knowledgeable of the facts relating to the same.  The proposed supplement would identify such persons on a defense-by-defense basis and, with respect to non-infringement, a patent-by-patent basis.  Apple proposes that each party supplement their responses to these interrogatories (Apple Interrogatory No. 24; Samsung Interrogatory No. 12) to provide such information by March 15, 2013.  Please let us know whether Samsung will agree to the same or, if it will not, provide an alternate proposal for supplementing the same.

The parties further agreed to meet telephonically on February 25, 2013, at 10 am PST to discuss supplementation of the other interrogatories listed in the table on pages 4 and 5 of Apple's February 14th letter.  Samsung agreed to identify other interrogatories it wished to discuss in advance of that meeting.

**Documents related to conception and reduction to practice of Samsung's '058, '179, and '470 patents**

Samsung represented that it recently made a supplemental production of conception and reduction to practice documents for the '058, '179, and '470 patents.  By March 1, 2013, or

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 7

shortly thereafter, Samsung will, in writing, provide production dates and bates ranges for this supplemental production and will confirm whether its production of conception and reduction to practice documents is complete.

## Former Employee Inventor Documents

Samsung confirmed that it is no longer in possession of custodial documents for Jae-hoon Lee, Kwang-Bok Lee, Jin-Chul Lee, and Youn-Hyoung Heo, named inventors of the '470 patent, the '058 patent, the '179 patent, and the '087 patent, respectively.

The parties agreed to consider whether they would agree not to seek information regarding when, why, and how the custodial documents for their respective former employee inventors ceased to be retained.

## Resumed Depositions of Young-Bum Kim and Ju-Ho Lee

Apple proposed that it would take the depositions of Young-Bum Kim and Ju-Ho Lee, named inventors of the allegedly standards-essential patents, under the following conditions. First, the depositions would occur in Seoul.  Second, the depositions would each last no more than 3.5 hours and would occur on the same day.  Third, the depositions would occur on a day adjacent to or in between the deposition of Sung-Ho Choi, which is currently scheduled for April 18-19, and the deposition of Young-Jun Kwak, which is currently scheduled for April 24-25.

Samsung agreed to let Apple know whether this proposal is acceptable by February 28, 2013.  Samsung agreed that if it does not accept Apple's offer, Apple will have satisfied its meet and confer obligation as to this issue.

## Samsung's Third Set of Requests for Production

Samsung and Apple discussed a subset of Samsung's Third Set of Requests for Production.  Apple stated that it is willing to produce the same types of financial information that it did in the 1846 matter in response to Requests for Production Nos. 192, 195-196, and 198.

With respect to RFP No. 199 ("All documents relating to the pricing of the Apple Accused Products."), Samsung noted that it produced "Pumi" reports in the 1846 action.  Samsung represented that these reports contain information regarding how Samsung arrives at the final price of its productions, and requested that Apple provide that type of information in response to this Request.  Apple agreed to inform Samsung by March 1, 2013 whether Apple is willing to produce such documents.

**GIBSON DUNN**

Michael L. Fazio
February 19, 2013
Page 8

Sincerely,

_____ /s/ Michael A. Valek _____

MAV/pdd

# EXHIBIT 16

VALEK DECL ISO APPLE MOTION TO COMPEL
PRODUCTION AND DEPOS
CASE NO. 5:12-CV-00630-LHK (PSG)

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendant.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counter-Claimant,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counter-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION (NOS. 552–556) TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS** |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, (collectively, "Samsung" or "Defendants") respond to Apple's Thirteenth Set of Requests for Production.  Apple requests that Defendants produce for inspection and copying the documents and things set forth below at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA  94304-1211, within thirty (30) days, or such other time as the parties agree or the Court orders.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "Samsung," "you" and/or "your" mean Defendants and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3.      "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.

4.      "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604

5.      "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting,

comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

6.      "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

7.      "Jelly Bean" means version 4.1 of the Android operating system.

8.      "Ice Cream Sandwich" means version 4.0 of the Android operating system.

9.      "Honey Comb" means version 3 of the Android operating system.

10.     "Gingerbread" means version 2.3 of the Android operating system.

11.     "FroYo" means version 2.2 of the Android operating system.

12.     "Accused Feature" means any aspect, element or function of any Product at Issue that is alleged to infringe any of the Patents-in-Suit, including each function identified in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

13.     "Samsung Practicing Devices" shall mean any product sold or offered for sale at any time by Samsung that Samsung contends practices any of the Samsung Patents-In-Suit, including, but not limited to, "Products Practicing the Claimed Inventions" under Patent Local Rule Patent L.R. 3-1(g) identified by Samsung in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and any amendments and/or corrections thereto.  "Samsung Practicing Devices" shall also mean any product sold or offered for sale at any time by Samsung that Samsung does not contend practices any of the Samsung Patents-in-Suit but for which Samsung claims lost profits caused by Apple's alleged infringement of the Samsung Patents-in-Suit.

14.     "Samsung Patents-In-Suit" shall mean United States Patent Nos. 7,756,087; 7,551,596; 7,672,470; 7,577,757; 7,232,058; 6,282,179; 6,226,449; and 5,579,239, individually and collectively.

15.     "Source Code" means source code and source code repositories, including but not limited to: (1) all makefiles, history files, or similar code-generation control or version-control files

for such source code, including files identifying (a) the date when code was checked in; (b) the

identity of persons who coded and checked-in the code; and (2) an identification of such source code,

including (a) version number(s), (b) the compiler used in the development of such source code and

(c) the operating system used in the development of such source code.  Requests for Source Code

cover prototypes, released and unreleased versions, and public and proprietary

16.     "Third Party(ies)" means all persons who are not parties to Case No. 12-cv-00630-

LHK (PSG) in the Northern District of California, as well as their officers, directors, employees,

agents and attorneys.

17.     "Competitive Products" means any and all products sold by a person or entity other

than Samsung that compete or competed with the Accused Samsung Products.

18.     "Person" means natural persons as well as business entities and associations of all

sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government

agencies, and unincorporated associations.

19.     "U.S. cellular carrier" means any company selling cellular phone services in the

United States.

20.     "Document" has the broadest possible meaning permitted by federal rules of civil

procedure rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the

terms "writings" or "recordings" as set forth in rule 1001 of the federal rules of evidence, and

specifically and without limitation include tangible things and electronically stored information,

including e-mail and information stored on computer disk or other electronic, magnetic, or optical

data storage medium.  "Document" also includes all drafts or non-final versions, alterations,

modifications, and amendments to any of the foregoing.

21.     The use of a verb in any tense shall be construed as the use of the verb in all other

tenses.

22.     The use of the singular form of any word includes the plural and vice versa.

23.     The singular is to be construed as including the plural and vice versa.  "And" as well

as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning

possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope.  The term "all" is to be construed to mean "any" and "each" and vice versa.

## INSTRUCTIONS

1.      Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.      All documents should be produced as maintained in the ordinary course of business.

3.      Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Plaintiff, if applicable.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 552:**

All Quarterly "Deep Dives" (similar in form or substance to SAMNDCA00380801) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 553:**

All Weekly Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-003860428; S-ITC-500105690-KHL; or S-ITC-005220907) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 554:**

All PSI Variance reports (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

**REQUEST NO. 555:**

All SMOP reports for any U.S. cellular carrier (similar in form or substance to that which is discussed in and attached to SAMNDCA10452245) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

1  **REQUEST NO. 556:**

2       All PMT Reports for any U.S. cellular carrier (similar in form or substance to S-ITC-

3  600000226) referring or relating to the Accused Samsung Products or Samsung Practicing Devices.

4

5  Dated: Feburary 22, 2013

6                                        GIBSON, DUNN & CRUTCHER LLP

7

8                              By:  */s/Mark Lyon*_____
                                  **Attorneys for Apple Inc.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Heather Fischer, hereby certify that on this 22nd day of February, 2013, I did cause APPLE

INC.'S THIRTEENTH SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS AND

COUNTERCLAIM PLAINTIFFS to be served on the parties identified below and in the manner so

indicated.

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

William C. Price
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Amar Tharkur
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
amarthakur@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

 X

**BY ELECTRONIC MAIL TRANSMISSION** from hfischer@gibsondunn.com, by
transmitting PDF copies of such documents to each such person identified above, at the e-mail
address listed in their addresses.  The documents were transmitted by electronic transmission
and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the
service was made.

Dated:    February 22, 2013                     */s/ Heather Fischer*
                                                Heather Fischer

# EXHIBIT 17

VALEK DECL ISO APPLE MOTION TO COMPEL
PRODUCTION AND DEPOS
CASE NO. 5:12-CV-00630-LHK (PSG)

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 8, 2013

**Via Electronic Mail**

Josh A. Krevitt
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94304

Re:     Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to follow-up on the parties' lead trial counsel meet and confer on February 15-16 regarding Apple's Requests for Production seeking certain financial documents.  Samsung agrees to produce documents showing revenues and profits for the accused Samsung products sold in the U.S., as requested by Request for Production Nos. 314 (b)-(c), 315 and Interrogatory No. 30.[1] Samsung also agrees to produce documents showing revenues from sale of accessories for the accused Samsung products within the U.S., as requested by Request for Production No. 316 and Interrogatory No. 31.  Samsung's production in response to each of these discovery requests will include gross financial figures.  Samsung notes that this agreement to produce is with the understanding that Apple has agreed to produce comparable financial data for the accused Apple products.  *See* Letter from Valek to Fazio dated February 26, 2013.

As to the 2012 STA business plan, Samsung previously agreed to provide the bates number for

---

[1]   Consistent with Samsung's response to Apple Interrogatory Nos. 30 and 31, and in accordance with Federal Rule of Civil Procedure 33(d), Samsung intends to specifically identify documents containing the information that Samsung has agreed to produce.

the unredacted version of the 2012 STA business plan.  That bates number is: SAMNDCA00401990 – SAMNDCA00402073.

As to profit and loss statements for the accused Samsung products (Request No. 425), the financial spreadsheets that Samsung is preparing and has offered to mutually exchange on May 1st for the accused Samsung products will contain, for each accused Samsung product, the type of information that would be contained in a profit and loss statement.  This data is being pulled from Samsung's system of record and will be produced in spreadsheet format to Apple.  Samsung does not maintain stand-alone profit and loss statements for the accused Samsung products.

With respect to "flux analyses," Samsung will produce the documents requested by Apple Request No. 426, to the extent that such documents refer to the accused Samsung products and have not already been produced in the 1846 action.

With respect to documents showing Samsung's capacity to manufacture the Samsung covered products, Samsung agrees to produce such documents.  *See* Apple Request for Production No. 233.

As to "deep dive" documents, "PMI," "PSI Variance" and "SMOP" reports, Samsung is in receipt of Apple's 13th Set of Requests for Production that seek these documents.  *See* Apple Request for Production Nos. 552, 554-556.  Samsung will respond to these Requests by March 25, 2013, which is the time prescribed by the FRCP.

Lastly, with respect to a date for the mutual exchange of certain financial documents, Samsung continues to believe a May 1st exchange date is reasonable for the reasons set forth at the parties' February 15-16 meet and confer.  Please let us know if May 1st is agreeable to exchange the parties' financial spreadsheets for the accused and covered products, and accessory data.

Very truly yours,

Michael L. Fazio