QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION (RFP NOS. 337 – 349)**<br><br>Date: May 7, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.   APPLE'S IRRELEVANCE CLAIM RESTS ON A MISCHARACTERIZATION OF THE DOCUMENTS SOUGHT. ................................................................................. 1

II.   APPLE'S ATTEMPT TO EXPLAIN WHY THE DOCUMENTS SOUGHT ARE NOT RELEVANT TO ITS LOST PROFIT DAMAGES CLAIM FAILS ........................... 3

III.   APPLE'S ASSERTION THAT THE DOCUMENTS SOUGHT ARE IRRELEVANT TO ITS CLAIM FOR PERMANENT INJUNCTIVE RELIEF LIKEWISE FAILS .................................................................................................... 5

IV.   APPLE HAS ASSERTED NO OTHER BASIS FOR ITS REFUSAL TO PRODUCE ........................................................................................................... 5

CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

### Cases

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   695 F.3d 1370 (Fed. Cir. 2012) ............................................................................................5

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
   627 F. Supp. 2d 384 (D.N.J. 2009) ....................................................................................3, 4

*Fresenius Med. Care Holding Inc. v. Baxter Int'l., Inc.*,
   224 F.R.D. 644 (N.D. Cal. 2004) ..........................................................................................6

*In re IBM Peripheral EDP Devices Antitrust Litig.*,
   481 F. Supp. 965 (N.D. Cal. 1979) .......................................................................................4

*Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*,
   256 F.R.D. 678 (C.D. Cal. 2009) ..........................................................................................6

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*,
   745 F.2d 11 (Fed. Cir. 1984) .................................................................................................3

*Richardson v. City of Antioch*,
   2009 WL 982118 (N.D. Cal. Apr. 13, 2009) ........................................................................6

*Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*,
   257 F.3d 449 (5th Cir. 2001) .................................................................................................4

# INTRODUCTION

Apple does not dispute that its brand is a major driver of its sales. By seeking lost profits based on alleged sales fluctuations, it has put at issue the factors that affected its sales volumes—including injury to its brand resulting from events unrelated to any alleged infringement. Apple is not entitled to blame Samsung for sales declines and then prohibit Samsung from showing that those declines resulted from other events that negatively impacted its brand. What drives sales is unquestionably relevant to the causation element of Apple's claimed lost profits and request for injunctive relief.

Apple's opposition is based solely on relevance arguments rooted in a mischaracterization of the documents sought and a misunderstanding of the lost profits inquiry. Apple argues that Samsung is seeking "inflammatory" documents on a range of "sensationalist topics" to mount an improper collateral attack on Apple. Apple simply ignores that Samsung is not seeking documents about the details of the events referenced in the Requests, even though Samsung clearly made this point in its moving papers. Apple argues that because it will prove its claimed lost sales were a result of Samsung's alleged infringement, discovery regarding whether other factors caused Apple's claimed lost sales is unnecessary. That is not how discovery works. Samsung is entitled to rebut Apple's arguments.

Apple further argues that because it has agreed that if it stumbles upon documents responsive to these Requests it will not withhold them, that should suffice. But Apple has provided no legitimate justification for refusing to undertake a reasonable and diligent search for discoverable documents, as is its obligation. It is not enough in discovery to agree to produce things if one happens across them—one must actively look for such documents in the files of the pertinent Apple employees. For these reasons and those set forth below, Samsung's motion should be granted.

# ARGUMENT

**I.   APPLE'S IRRELEVANCE CLAIM RESTS ON A MISCHARACTERIZATION OF THE DOCUMENTS SOUGHT.**

Apple's opposition rests largely on its argument that documents related to "sensationalist topics" such as Apple's overseas labor practices and its patent litigation practices are irrelevant. (Opp.

at 1.)  It calls the motion an "irresponsible" attempt to "mount an irrelevant collateral attack on Apple."  (*Id.* at 2.)  This argument is grounded on Apple's repetitive mischaracterization of the documents sought.  (*Id.* at 1 ("motion to compel inflammatory documents"); *id.* ("documents on a range of sensationalist topics"); *id.* at 2 ("documents relating to the sensational press reports"); *id.* at 7 ("this type of sensational, generalized evidence of bad press"); *id.* at 9 ("generalized, provocative, and sensationalist material that Samsung seeks"); *id.* at 10 ("Documents relating to media reports about labor conditions or Apple's stance on the environment").)

As is clear from the language of the Requests, and as Samsung reiterated in its motion, Samsung is not seeking documents about the truth of these events or details regarding them. (Mot. at 24.)  Samsung is only seeking documents that discuss the impact of these events on the Apple brand, and thus sales.  Documents untethered to the impact of these events on the Apple brand are not responsive and Samsung does not seek to compel their production.  Indeed, when the actual Requests are considered, Apple's argument falls apart.  The text of the Requests make clear that Samsung is seeking only documents about impact on brand, not salacious documents about the truth of the negative reporting.

Apple's citation to the Court's motion in limine ruling in the 1846 action provides it no support. (Opp. at 2.)  As an initial matter, the Court *denied* Apple's motion in limine. (Dkt. 1267, No. 11-cv-1846-LHK (PSG) (N.D. Cal. July 19, 2012), at 3; *see also* Opp. at 8 n.3.)  The Court made clear that to the extent the evidence went to issues of supply and capacity – a lost profits factor – it was relevant and was "coming in." (Opp. at 2 (citing Valek Decl. Ex. 1).)  Moreover, this was a motion in limine ruling, where the issue is admissibility (not discoverability) and the Court weighed concerns about prejudicial value on the jury.  That is, of course, an entirely different standard than applies in discovery.

## II. APPLE'S ATTEMPT TO EXPLAIN WHY THE DOCUMENTS SOUGHT ARE NOT RELEVANT TO ITS LOST PROFIT DAMAGES CLAIM FAILS

Apple does not dispute that the Apple brand is a significant driver of its sales.[1] Still, according to Apple, once it meets its "burden of proving lost profits, there is *no need* for Apple to address other tangential issues that might have impacted its sales." (Opp. at 9 (emphasis provided).) But Samsung is entitled to contest Apple's claim that sales were lost because of alleged infringement.

In the preliminary injunction phase, Apple attempted to show the requisite causation existed by pointing to Samsung market share increases during times where Apple's sales declined. (Dkt. 12 at 14.) Samsung is entitled to rebut that by showing that Apple's sales declines are a result of factors unrelated to Samsung's alleged infringement. Samsung will establish that Apple's sales variations are, in part, the result of fluctuations in the Apple brand value that derived, not from a competing Samsung product, but from unrelated causes like those identified in the Requests. Apple claims that minor user interface features such as the manner in which a smartphone unlocks drive sales. Samsung's position is that Apple's lost sales, if any, have no casual relationship to the alleged infringement of these minor features; but rather, they are the result of other factors, such as negative impacts on its most significant sales driver – the Apple brand. Samsung is entitled to make that argument. It is for the fact finder, not Apple, to determine whether these are "tangential" issues.

Apple cites *Paper Converting Machinery Company* for the unremarkable proposition that a patentee "does not need to negate all possibilities that a purchaser might have bought a different product or foregone the purchase altogether." (Opp. at 7 (citing *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 21 (Fed. Cir. 1984).) This does not mean that a defendant is not entitled to offer alternative causes for claimed lost sales. Nor does it mean that information regarding alternative causes of the harm claimed by plaintiffs is not discoverable. Indeed, *Bracco Diagnostics*, cited by Samsung (Mot. at 25), acknowledged that a plaintiff "does not have to negate every conceivable intervening factor which might have caused a decline in sales" but nonetheless found that

---

[1] Nor could it. As Samsung demonstrated in its opening papers, Apple's own documents confirm that the Apple brand is the one the top reasons (often *the* leading reason) consumers cite for purchasing an Apple product. (Mot. at 23-24.)

the plaintiff "failed to establish the threshold causation needed for an award of damages as there are other factors present which account for Bracco's lost profits." *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 489 & n.262 (D.N.J. 2009).  The law is clear that whatever Apple's *prima facie* burden, other factors that cause lost profits are relevant to the inquiry.[2]

Apple largely ignores the authority cited by Samsung in its motion.  (Opp. at 7-8.)[3]  Apple's attempt to distinguish three cases on the grounds that the plaintiffs "failed to prove causation entirely because it [did not] tak[e] into account obvious other factors that caused some or all of those harms" is unavailing.  (Opp. at 8.)  Brand injury *is* an obvious factor to account for where a plaintiff's own documents show its brand is a major sales driver.  Apple's attempt to discredit these cases because they are not "analogous to a lost profits analysis in a patent case" (Opp. at 8) rests on the unsupported implicit contention that lost profit damages in patent actions apply different principles of causation.  Apple's contention that it can prove its claimed lost profits does not permit it to withhold documents with which Samsung can dispute its claim.  The fact that there are other causes that *may* have resulted in plaintiff's alleged harm which are not accounted for by plaintiff is a sufficient basis to hold that a plaintiff has not carried its burden.  *See Sulzer Carbomedics*, *Inc. v. Oregon Cardio-Devices, Inc.,* 257 F.3d 449, 459 (5th Cir. 2001) (holding that jury award of damages could not be sustained because of plaintiff's failure to provide evidence which addressed six factors that "probably impacted Carbomedic's sales"); *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 1017-18 (N.D. Cal. 1979) (holding that other factors, including public criticism of the company, were not properly accounted for by plaintiff, and entering judgment for defendant); *Bracco*, 627 F. Supp. 2d at 489 & n.262 (declining to award lost profits damages, noting that other factors not accounted for presented "credible theories of causation").

---

[2] Apple's citation to a portion of the Court's post-trial order in *Apple v. Samsung I* as support for its convoluted argument that these requests are not relevant to the lost profits inquiry provides it no support. (Opp. at 7.)  In the portion cited, the Court merely held that Apple put forth sufficient evidence to sustain the jury's award of lost profits.  Neither that post-trial inquiry generally nor this ruling specifically has any bearing on whether the information sought by these Requests is discoverable.

[3] Apple does not address any of Samsung's authority excluding as unreliable expert reports which fail to account for other factors that might cause lost profits. (Mot. at 25.)

By choosing to seek lost profits, Apple has put at issue its alleged lost sales and what caused them. Samsung is entitled to discovery from Apple to support its argument that any lost sales were caused by other factors, including harm to its brand.

### III. APPLE'S ASSERTION THAT THE DOCUMENTS SOUGHT ARE IRRELEVANT TO ITS CLAIM FOR PERMANENT INJUNCTIVE RELIEF LIKEWISE FAILS

As with lost profits, Apple must establish causation to prevail on its claim for permanent injunction. *Apple Inc. v. Samsung Elecs. Co., Ltd.* (*Apple II*), 695 F.3d 1370, 1374-75 (Fed. Cir. 2012). Apple argues that Samsung cannot "avoid an injunction by demonstrating that its infringement is not the only thing that has impacted Apple's sales." (Opp. at 9.) Again, Apple misses the mark.

Apple cannot refuse to produce discoverable information by disputing the strength of an argument Samsung is entitled to make. As the Federal Circuit held, Apple's burden is not satisfied by "establish[ing] some insubstantial connection between the alleged harm and the infringement." *Apple II*, 695 F.3d at 1375. "The relevant question is not whether there is some casual relationship between the asserted injury and the infringing conduct[.]" *Id.* Rather, "[t]o establish a sufficiently strong casual nexus, Apple must show that consumers buy [the accused product] because it is equipped with the [patented feature at issue.]" *Id.* at 1376. Samsung contends that brand is a major factor and that variations in consumer demand result from variations in brand perception. Samsung is entitled to this evidence to show that this—not infringement—explains demand fluctuations.

### IV. APPLE HAS ASSERTED NO OTHER BASIS FOR ITS REFUSAL TO PRODUCE

Apple makes no claim of burden, much less a substantiated claim of undue burden. Apple points out that it has agreed to produce documents "relating to the value of its brand" in response to different requests and notes that if it happens upon documents responsive to these Requests while searching for these others, it does not intend to withhold them. (Opp. at 1, 5.) This does not suffice.

Contrary to Apple's assertion, these Requests do not merely seek documents "in order to assess the value of Apple's brand." (Opp. at 3-4.) Rather, these Requests seek documents related to the impact of certain events on the Apple brand. Samsung's requests seeking documents related to the Apple brand's "value" are distinct and Apple's agreement to produce in response to some of them does not justify its refusal to produce in response to the Requests at issue here.

1        According to Apple, "[t]he only thing [it] did not agree to do is collect from new custodians, or run specific new searches" to find documents responsive to these particular requests. (Opp. at 5.) But that is what discovery is—making a reasonable effort to find requested materials. Apple undoubtedly has personnel that track media, that track branding, that track consumer impressions. It should be ordered to search their files for responsive documents.

Apple requests that if the Court grants Samsung's motion, it simultaneously order Samsung to produce "all documents relating to public criticism of its labor practices, tax evasion, bribery, and price-fixing, for example, and how that publicity affects Samsung's brand value." (Opp. at 6 n.2.) That request is improper for several reasons. First, "[d]iscovery is not conducted on a 'tit-for-tat' basis." *Nat'l Acad. of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009); *see also Richardson v. City of Antioch*, 2009 WL 982118, at *1 (N.D. Cal. Apr. 13, 2009) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery."); *Fresenius Med. Care Holding Inc. v. Baxter Int'l., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent."). Second, Apple may not properly seek discovery through a footnote in an opposition brief. Apple has propounded no request that would encompass the documents it seeks and it cites none. Finally, unlike the various U.S. articles Samsung cited in its motion demonstrating widespread reporting that likely impacted Apple's brand (some of which actually reported on injury to the Apple brand), Apple cites to a single UK publication. That is hardly indicative of any U.S. awareness of any of these purported issues.

**CONCLUSION**

For the foregoing reasons, the Court should grant Samsung's Motion to Compel in full.

DATED: April 23, 2013					QUINN EMANUEL URQUHART & SULLIVAN, LLP


						By  */s/ Michael L. Fazio*
						    Charles K. Verhoeven
						    Kevin A. Smith
						    Kevin P.B. Johnson
						    Victoria F. Maroulis
						    William C. Price
						    Michael L. Fazio

						    Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC