| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Michael L. Fazio (Bar No. 228601)<br>michaelfazio@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS**<br><br>Date: June 4, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal<br><br>**[FILED UNDER SEAL]** |

02198.51981/5280913.6

SAMSUNG'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that on Tuesday, June 4, 2013 at 10:00 a.m., or as soon |
| 4 | thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United |
| 5 | States District Court for the Northern District of California, Robert F. Peckham Federal Building, |
| 6 | 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics |
| 7 | America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall |
| 8 | and hereby do move the Court for an order granting Samsung leave to amend its infringement |
| 9 | contentions pursuant to Patent L.R. 3-6.   This motion is based on this notice of motion and |
| 10 | supporting memorandum of points and authorities; the supporting declaration of Todd Briggs (the |
| 11 | "Briggs Decl."); and such other written or oral argument as may be presented at or before the time |
| 12 | this motion is deemed submitted by the Court. |
| 13 | **RELIEF REQUESTED** |
| 14 | Samsung seeks an order granting it leave to amend its infringement contentions pursuant to |
| 15 | Patent L.R. 3-6. |
| 16 | |
| 17 | DATED: April 30, 2013              QUINN EMANUEL URQUHART & |
| 18 | SULLIVAN, LLP |
| 19 | |
| 20 | By                                                    */s/ Victoria Maroulis*<br>Victoria                                                F. Maroulis |
| 21 | Attorney for SAMSUNG ELECTRONICS CO., |
| 22 | LTD., SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG |
| 23 | TELECOMMUNICATIONS AMERICA, LLC |

02198.51981/5280913.6

-ii-
SAMSUNG'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS INFRINGEMENT CONTENTIONS

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................................... II

RELIEF REQUESTED ................................................................................................................ II

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I. INTRODUCTION ............................................................................................................. 1

II. FACTS .............................................................................................................................. 1

III. LEGAL STANDARD ....................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A. Samsung Should Be Permitted To Amend Its Infringement Contentions For the '757 and '239 Patents Based on the Court's Claim Construction Order ............. 3

        1. '757 Claim Construction Amendments ................................................. 4

        2. '239 Claim Construction Amendments ................................................. 4

    B. Samsung Should Be Permitted To Amend Its Infringement Contentions For The '757, '087, '596, and '449 Patents Based On Recent Discovery From Apple And Third Parties ........................................................................................... 6

        1. '757 Willful Infringement Amendments ................................................ 6

        2. '087, '596, and '449 Evidentiary Amendments ..................................... 8

        3. '449 and '757 Doctrine of Equivalents Amendments ........................... 9

    C. Samsung Should Be Permitted To Amend Its Infringement Contentions To Include Doctrine Of Equivalents Arguments On All Asserted Patents .................... 9

    D. Samsung Should Be Permitted To Amend Its Infringement Contentions To Include Two Additional Samsung Practicing Products .......................................... 10

    E. Samsung Should Be Permitted To Amend Its Infringement Contentions For The '239 Patent Based On Recent Federal Circuit Law ........................................... 11

V. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abaxis, Inc. v. Cepheid*,
  10-cv-2840-LHK at Dkt. 199 (N.D. Cal. July 20, 2012) (Koh, J.) ............................................. 7

*Abaxis, Inc. v. Cepheid*,
  at Dkt. 204, 2012 WL 3255601 (N.D. Cal. August 8, 2012) ....................................................... 7

*Acer, Inc. v. Tech. Prop. Ltd.*,
  2010 WL 3618687 (N.D. Cal. 2010) ........................................................................................... 3

*Akamai Tech. v. Limelight Networks, Inc.*,
  692 F.3d 1301 (Fed. Cir. 2012) ................................................................................................ 12

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*,
  2008 WL 624771 (N.D. Cal.2008) ........................................................................................... 11

*Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*,
  2008 WL 2622794 (N.D. Cal. 2008) .......................................................................................... 3

*O2 Micro Int'l Ltd., v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .................................................................................................. 3

*Vasudevan Software Inc. v. IBM Corp.*,
  2011 WL 940263 ......................................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Samsung respectfully requests leave to amend its infringement contentions in response to several recent developments in this litigation. *First*, Samsung seeks to amend its infringement contentions for U.S. Patent Nos. 5,579,239 ("the '239 Patent") and 7,577,757 ("the '757 Patent") in response to the Court's April 11, 2013 claim construction order where the Court adopted constructions that differed from Samsung's proposed constructions. *Second*, Samsung seeks to amend its infringement contentions for the '757 Patent and U.S. Patent Nos. 6,226,449 ("the '449 Patent"), 7,756,087 ("the '087 Patent"), and 7,551,596 ("the '596 Patent") based on the recent production of confidential documents by Apple and third parties. *Third*, Samsung has included doctrine of equivalents arguments for each of Samsung's asserted patents in its amended contentions. These amendments are in response to Apple's failure to meaningfully disclose its noninfringement arguments in response to Samsung's interrogatories. *Fourth*, Samsung's amended contentions add the Galaxy S III and Galaxy Note II to the list of products that practice or reflect certain claims in Samsung's patents in response to Apple's recent addition of these same products to this action. *Finally*, Samsung has refined its indirect infringement theory for claims 1 and 7 of the '239 Patent in light of recent developments in Federal Circuit case law. Good cause exists under Patent L.R. 3-6 for all of Samsung's proposed amendments.

## II. FACTS

The Parties' Initial Infringement Contentions. On May 2, 2012, the Court set deadlines for service of Patent Local Rule 3-1 infringement contentions, ordering both parties to serve their contentions by June 15, 2012. Dkt. 160. The Court set the close of fact discovery for July 8, 2013, with expert discovery to take place after that. *Id*. The parties served their initial infringement contentions on the Court-ordered deadline.

First Motion to Amend Infringement Contentions. On October 1, 2012, Samsung filed a motion to amend its infringement contentions to include the newly released iPhone 5. Dkt. 267. Four days later, on October 5, 2012, Apple filed its own motion to amend infringement contentions to incorporate many changes, including the addition of the Galaxy Note 10.1, Android

JellyBean operating system, and U.S. versions of the Galaxy S III; the correction of certain errors; and the service of additional charts. Dkt. 269. On November 15, 2012, the Court granted the parties' motions, though it expressly limited inclusion of the Jelly Bean operating system to the Galaxy Nexus. Dkt. 302. The Court also indicated it would be open to additional amendments by Samsung to include new products. *Id.*

<u>Second Motion to Amend Infringement Contentions</u>. On November 21, 2012, Samsung filed its second motion to amend infringement contentions, seeking leave to include the iPad 4, iPad mini, and iPod Touch (5th generation), and to make additional corrections to its infringement contentions. Dkt. 304. Two days later, on November 23, 2012, Apple filed its second motion to amend infringement contentions, seeking leave to add the Galaxy S III running the Android Jelly Bean operating system, Galaxy Note II, Galaxy Tab 8.9 WiFi, Galaxy Tab 2 10.1, Rugby Pro, and Galaxy S III Mini. Dkt. 306. After negotiations, the parties entered into a stipulation on January 15, 2013, whereby Apple withdrew its motion to add the Galaxy S III Mini without prejudice, and the parties allowed amendments to add the remaining products. The Court entered the stipulation the following day, January 16, 2013. Dkt. 348.

<u>The Court's Claim Construction Order</u>. On April 11, 2013, the Court issued its claim construction order regarding various claim terms (Dkt. 447), including, "zone specific storage and interface device" for the '757 Patent, and both "means for capturing, digitizing, and compressing at least one composite signal" and "means for transmitting said composite signal" for the '239 Patent. For each of these three terms, the Court adopted a construction that differed from Samsung's proposed constructions.

<u>The Instant Motion</u>. In this motion, Samsung seeks to amend its infringement contentions in response to recent developments in the case, as shown in Samsung's Third Amended Infringement Contentions (Ex. 4).[1] On April 26, 2013, Samsung served these proposed infringement contentions on Apple, and sought to enter into an agreement with Apple regarding

---

[1] All references to Ex. __ refer to exhibits attached to the Declaration of Todd M. Briggs in Support of Samsung's Motion for Leave to Amend and Supplement Its Infringement Contentions.

amendments to the infringement contentions. Ex. 3. Although Samsung requested a response by April 29, 2013, Apple provided no response before the filing of this motion.

### III. LEGAL STANDARD

Patent Local Rule 3-6 allows the parties to amend their infringement contentions "by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. The rule provides a non-exhaustive list of circumstances which may support a finding of good cause: "(a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*.

"Good cause" requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed." *O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006). Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Prop. Ltd.*, 2010 WL 3618687 (N.D. Cal. 2010). "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. 2008), *citing O2 Micro*, 467 F.3d at 1365-1366.

### IV. ARGUMENT

#### A. Samsung Should Be Permitted To Amend Its Infringement Contentions For the '757 and '239 Patents Based on the Court's Claim Construction Order

Samsung seeks leave to amend its infringement contentions in response to the Court's April 11 claim construction order. Samsung's amendments fall squarely within the contours of Patent L. R. 3-6(a), which provides that good cause includes "(a) A claim construction by the Court different from that proposed by the party seeking amendment."

### 1. '757 Claim Construction Amendments

For the '757 Patent, the parties disputed the construction of the term "zone specific storage and interface device." Samsung proposed that the term meant "a storage and interface device associated with a particular viewing and/or listening zone." Dkt. 447 at 38. The Court did not adopt Samsung's proposed construction and instead construed the term to mean "a storage and interface device that <u>resides in an area</u>, such as a room or similar location." *Id.* at 45 (emphasis added); *see also id*. at 39 ("The Court concludes that neither party's construction is completely consistent with the '757 Patent and instead construes "zone specific storage and interface device" as "a storage and interface device that resides in an area, such as a room or similar location.")

Samsung's proposed amendments address the Court's different construction by explaining how each of the accused devices "resides in an area," such as when they are within Apple stores, connected to a dock or other apparatus, or residing in a room generally. Additionally, while Samsung accused Mac computers of infringing the '757 Patent in its original infringement contentions, Samsung now provides additional evidentiary support for Mac computers (along with the iPhone and iPod) to explain in detail how all of Apple's devices "reside[] in an area" and therefore infringe the '757 Patent. In addition, Samsung adds specific doctrine of equivalents arguments for the term "zone-specific storage and interface device," explaining that a mobile device is insubstantially different from a device which "resides in an area" for purposes of the '757 infringement. These doctrine of equivalents arguments follow the reasoning in the Court's order, which explains that the purpose of the patent is not necessarily related to the mobility of the zone specific storage and interface device. Dkt. 447 at 43 ("However, the purpose of 'exclusive or reclusive enjoyment' is not necessarily undermined by the device being mobile….Moreover, for purpose [sic] of multimedia enjoyment, a car is obviously quite similar to a room—it is simply a room on wheels.") These changes fall squarely within the ambit of the Patent Local Rules following claim construction.

### 2. '239 Claim Construction Amendments

For the '239 Patent, the parties disputed the construction of two means plus function terms. Samsung seeks to amend its contentions for both of these terms.

First, Samsung proposed that "means for capturing, digitizing, and compressing at least one composite signal" has a corresponding structure comprising "a video and/or audio capture module, and equivalents." Dkt. 447 at 46. However, the Court determined that the structure includes "an audio capture <u>card</u>, and a video <u>card</u> having a video capture module." *Id.* at 55 (emphasis added). In response to the different construction adopted by the Court, Samsung has added a doctrine of equivalents argument to allege that to the extent Apple's products do not include "cards," the components in Apple's products are insubstantially different from "cards."

Second, Samsung proposed that "means for transmitting said composite signal" has a corresponding structure comprising "one or more cellular telephone transmitters, radio frequency transmitters, telemetric frequency transmitters, and/or standard telephone line transmitters, and equivalents." *Id.* at 55-56. But the Court found that the structure includes "<u>one or more modems</u> connected to one or more cellular telephones, telephone lines, and/or radio transmitters, <u>and software</u> performing a software sequence of initializing one or more communication ports on the remote unit, obtaining the stored data file, and transmitting the stored data file." *Id.* at 63 (emphasis added). Because the Court's construction differs from Samsung's proposed construction by requiring "one or more modems" and "software performing a software sequence of initializing one or more communication ports on the remote unit, obtaining the stored data file, and transmitting the stored data file," Samsung has amended its contentions to clarify how the Apple products infringe under the Court's structure. Sam sung further contends that if Apple does not meet this limitation literally, Apple continues to infringe under the doctrine of equivalents – for example, because the accused components are insubstantially different from a "modem" as construed by the Court.

Finally, Samsung also adds doctrine of equivalents arguments for other claim terms. During the *Markman* process, Apple made new assertions that the structure of the limitations at issue should be significantly narrowed based on the disclosure in the specification. Samsung anticipates that Apple may make the same or similar arguments for other claim terms, and adds doctrine of equivalents arguments accordingly.

Samsung has been diligent in amending its infringement contentions in response to the Court's claim constructions on the '757 and '239 Patents. The Court issued its claim construction order on April 11. Apple was served Samsung's amended infringement contentions only two weeks later, on April 26, and Samsung is now seeking to amend its contentions within three weeks of the Court's order. Thus, Samsung has been diligent in seeking the amendments. *Cf. Vasudevan Software Inc. v. IBM Corp.*, 2011 WL 940263 at *4 (finding that four month period prior to amendment of infringement contentions was sufficiently diligent). Nor is Apple prejudiced by the proposed amendments. As described above, the proposed changes are in direct response to the Court's claim construction order on both the '757 and '239 Patents, and the changes are merely extensions of previously disclosed infringement theories. Accordingly, Samsung has good cause for these amendments.

**B. Samsung Should Be Permitted To Amend Its Infringement Contentions For The '757, '087, '596, and '449 Patents Based On Recent Discovery From Apple And Third Parties**

Samsung seeks to amend its infringement contentions in response to recent, non-public information produced by Apple and third parties. Samsung has good cause to amend under Patent L. R. 3-6(c), which provides that good cause includes "(c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions."

**1. '757 Willful Infringement Amendments**

Based on Patent L.R. 3-6(c), Samsung has good cause to amend its Patent L.R. 3-1(h) disclosures to include Apple's willful infringement of the '757 Patent. In July 2012, Samsung served requests for production on Apple seeking evidence of possible willful infringement by Apple. *See, e.g.,* Ex. 5, Samsung's Third Set of Requests for Production, at No. 146 ("All documents relating to any communications with third parties relating to the Samsung patents."); No. 150 ("All communications with or related to ReQuest, Inc."). Yet Apple failed to produce any responsive documents indicating it had pre-complaint knowledge of the '757 Patent at that time.

Nearly six months later, on February 7, 2013, Samsung obtained documents produced by ReQuest, Inc. indicating ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 6, PC001027-28; Ex. 7, PC001044. Upon reviewing these documents, Samsung complained to Apple about its failure to produce corresponding documents in its possession. Only after that, on March 21, 2012, did Apple finally begin to produce a few documents showing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Ex. 8, APL630DEF-WH0000638565-68. Apple's production still appears to be incomplete, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Just one week later, on March 29, 2012, Samsung contacted Apple and requested that it stipulate to the amendment of Samsung's infringement contentions to include a willful infringement contention for the '757 Patent under Patent Local Rule 3-1(h). Ex. 2. Thus, Samsung diligently sought leave to amend after it learned of Apple's willful infringement of the '757 Patent and obtained confirming documentary evidence that was being improperly withheld by Apple.

Furthermore, Apple cannot claim it is prejudiced when it withheld documents demonstrating its willful infringement. As prior decisions have recognized, "[The Defendant] should not be rewarded for its late production of discovery that even [Defendant] believed was responsive to earlier [Patent-Owner's] discovery requests." *Abaxis, Inc. v. Cepheid*, 10-cv-2840-LHK at Dkt. 199 (N.D. Cal. July 20, 2012) (Koh, J.); *see also Abaxis* at Dkt. 204, 2012 WL 3255601 (N.D. Cal. August 8, 2012) (denying motion for reconsideration).

---

[2] While Samsung was aware ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Samsung had no detailed information regarding communications between ReQuest and Apple before ReQuest's document production.

## 2. '087, '596, and '449 Evidentiary Amendments

Samsung has good cause to amend its infringement contentions for the '087 and '596 Patents to include evidentiary support that was recently disclosed by Apple and third parties Qualcomm, Intel, Alcatel-Lucent, and AT&T. *See* Patent L.R. 3-6(c). These disclosures were not available to Samsung at the time it filed its infringement contentions last year, and all of this evidence was only made available recently. Intel source code was produced in January, AT&T documents were produced in February, Alcatel-Lucent source code and documents were produced in March, and Qualcomm source code was finally produced this month, in April. Each of the additional evidentiary support Samsung cites in its amended '087 and '596 Patent infringement contentions was evidence Samsung derived from these recent disclosures. Samsung amends its infringement contentions to add the following three types of information to support its contentions: (1) confidential Apple, Intel, and Qualcomm source code, (2) confidential Intel, Alcatel-Lucent, and AT&T non-source code documents, and (3) additional cites to the 3GPP standards specifications that Samsung became aware of after reviewing the disclosures from Intel, Alcatel-Lucent, and AT&T. Samsung's amendment is exactly the type of amendment envisioned by Patent L.R. 3-6(c).

Similarly, Samsung has been diligent in amending its infringement contentions for the '449 Patent based on discovery of nonpublic information from Apple. Apple has complained that Samsung has failed to adequately identify a "recording circuit" or a "reproducing circuit" as called for by the '449 Patent. See Ex. 9 at 51-52, Apple's Objs. And Resps. To Samsung's 1st Set of Interrogatories (No. #12). Samsung believes its initial infringement contentions provided adequate notice of its theories to Apple. Nevertheless, on April 4, 2013 Apple produced documents revealing that the accused devices include a "recording circuit" in the form of a flash memory module and a serial interface thereto. (*See, e.g.,* Ex. 10, iPhone 5 Bill of Materials at APL630DEF-WH0001594169). Similarly, these documents and documents produced by third party Cirrus Logic on April 10, 2013 indicate Apple's devices include a "reproducing circuit" that includes an audio codec chip. Thus, these amendments simply supplement previously disclosed theories based on additional non-public evidence from Apple or its suppliers.

### 3. '449 and '757 Doctrine of Equivalents Amendments

Samsung also seeks to add doctrine of equivalents arguments for the '449 and '757 Patents based on non-public information from Apple and third parties. Regarding the '449 Patent, Samsung continues to pursue discovery from Omnivision and Sony to confirm the Apple devices contain an "A/D converter" in addition to a CMOS image sensor, as opposed to an integrated A/D converter. While Samsung believes both infringe literally, Samsung clarifies that an integrated A/D converter certainly infringes under the doctrine of equivalents.

On April 6, Samsung's consultant reviewed source code from Apple (excluding still-missing source code for the Photos application) regarding the terms "classification mode," "classification data," and "a plurality of classifications." This review indicates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ To the extent Apple argues that its devices do not disclose "classifications," Samsung clarifies that Apple infringes under the doctrine of equivalents.

Finally, Apple continues to withhold documents and source code regarding the design architecture and operation of iTunes, iCloud and iTunes Match, despite the fact that these features were identified in numerous Samsung discovery requests. Nevertheless, to the extent that Apple argues that iTunes, iCloud and iTunes Match are not a "central storage and interface device" based on the particular architecture of these services (*e.g.*, the fact that more than one device is used to operate the server), Samsung alleges that they infringe under the doctrine of equivalents.

In each case, Samsung has been diligent in seeking information necessary for amendments. Furthermore, there is no prejudice to Apple. Each of these amendments are minor, and do not significantly change Samsung's theories of infringement.

### C. Samsung Should Be Permitted To Amend Its Infringement Contentions To Include Doctrine Of Equivalents Arguments On All Asserted Patents

Samsung seeks amendment of its infringement contentions to include doctrine of equivalents arguments in order to preserve its rights in the face of Apple's failure to disclose its noninfringement theories. On September 25, 2012, Samsung served an interrogatory on Apple requesting the bases on which Apple asserts it does not infringe Samsung's patents. Had Apple

provided an adequate response by now, Samsung would have been in a position to analyze Apple's positions and develop doctrine of equivalents arguments regarding Apple's points of distinction. However, Apple's sole response came on November 8, 2012, in which Apple quotes nearly every asserted limitation verbatim, and alleges they do not meet the limitation. Ex. 6, Apple's Objs. And Resps. To Samsung's 1st Set of Interrogatories (No. #12).

As shown above, Apple's response deliberately obscures the limitations it may later rely upon to allege noninfringement of Samsung's patents by claiming that its products do not meet any of the claim limitations. As a result of Apple's gamesmanship, Samsung does not know which limitations Apple truly believes it does not literally meet and therefore has no opportunity to develop doctrine of equivalents arguments in response. With the issuance of the claim construction order and with the July 13 close of fact discovery fast approaching, Samsung can no longer afford to wait for Apple to properly present its literal noninfringement theories. Accordingly, Samsung's amendments set forth doctrine of equivalents positions to the extent possible in view of Apple's deficient interrogatory response, thereby preserving Samsung's right to assert specific arguments in response to Apple's further disclosure of noninfringement arguments. These amendments are necessary to address the prejudice against Samsung caused by Apple's gamesmanship.

### D. Samsung Should Be Permitted To Amend Its Infringement Contentions To Include Two Additional Samsung Practicing Products

Samsung also has good cause to amend its infringement contentions to identify the Galaxy S III (Jelly Bean) and Galaxy Note II as products that practice or reflect Samsung's patents. Patent L.R. 3-1(g). Neither of these products were part of the lawsuit between the parties when it was initiated in February 8, 2012. Instead, Apple added the Galaxy S III (Jelly Bean) and Galaxy Note II to its infringement contentions on January 16, 2013.

The following month, on February 28, 2013, Samsung contacted Apple and requested that it be allowed to amend its infringement contention to identify the newly added Galaxy S III (Jelly Bean) and Galaxy Note II as products that practiced Samsung's patents. Ex. 1. Samsung

repeated its request on March 29, 2013. Ex. 2. Apple has not agreed to Samsung's proposed amendments to date.

Following the Court's claim construction order, Samsung promptly sought leave to amend its contentions through the present motion. Thus, Samsung was diligent in notifying and seeking to add these potentially practicing products, despite Apple's repeated refusal to address the proposed amendments. *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 2008 WL 624771, at *2 (N.D. Cal.2008) (granting leave to amend infringement contentions where patentee put defendant on notice within one week).

Samsung should be allowed to demonstrate at trial how its patents practice these products if Apple is allowed to claim they infringe Apple's patents. Moreover, Apple has full discovery on these products and therefore is not prejudiced by the addition of them to Samsung's Patent L.R. 3-1(g) disclosures.

### E. Samsung Should Be Permitted To Amend Its Infringement Contentions For The '239 Patent Based On Recent Federal Circuit Law

Samsung asserted an indirect infringement theory for claims 1 and 7 of the '239 Patent in its original contentions submitted June 15, 2012. Subsequent to this, the Federal Circuit issued *Akamai Tech., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) (en banc), on August 31, 2012. In *Akamai*, the Federal Circuit ruled that there does not need to be a single direct infringer for a party to indirectly infringe. *See, e.g.*, 692 F.3d at 1306. Samsung's amendments simply reflect this theory and further elaborate on its allegations of indirect infringement. Sam sung diligently sought these amendments and there is no prejudice to Apple. Accordingly, Samsung has good cause to amend.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for leave to amend its infringement contentions.

| | | |
|---|---|---|
| DATED: April 30, 2013 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By Victoria | | /s/ Victoria Maroulis<br>F. Maroulis<br>Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |