PERKINS COIE LLP
Christopher L. Kelley, CSB No. 166608
CKelley@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:   650.838.4350

Attorneys for Non-Party
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**NON-PARTY INTEL'S MOTION IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Samsung recently filed a *redacted* version of its Third Infringement Contentions as Exhibit 4 (Dkt. # 476-8) to the Declaration of Todd Briggs (Dkt. # 476-4) in Support of Samsung's Motion for Leave to Amend and Supplement Its Infringement Contentions (Dkt. # 476-3). Samsung also filed an Administrative Motion requesting permission to file the *unredacted* version of the Third Infringement Contentions under seal. (Dkt. # 476) The Third Infringement Contentions include detailed discussion of software provided by Intel and Qualcomm, which will become publicly available if the unredacted contentions are filed without sealing. While Intel does not take a position on whether the unredacted contentions should be filed, Intel supports Samsung's request to seal any unredacted contentions that are filed. Under

1  Civil L.R. 7-11 and 79-5(c), non-party Intel Corporation ("Intel") hereby requests that the Court
2  grant an order allowing the unredacted version of Samsung's Third Amended Infringement
3  Contentions ("Third Contentions") to be sealed if they are filed with the Court.

4  The Third Contentions contain approximately 275 pages of claim charts. Two of these
5  charts, about 70 pages of material, include discussion of proprietary Intel and Qualcomm software
6  products. The right hand column in these two charts contains three types of information: (i)
7  references to the public 3GPP standards documents, (ii) detailed discussions of Intel's 3G
8  protocol stack implementation with citations to Intel software and technical documentation and
9  (iii) technical discussions of Qualcomm's products. Samsung has redacted the Intel and
10 Qualcomm material from the publicly accessible document while retaining the public standards
11 material and the general allegations of infringement. No material is redacted from any other part
12 of the Third Contentions.

13 As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice
14 President of Intel Mobile Communications GmbH, which designs the Intel products used by
15 Apple, the Intel software described in detail in the Third Contentions is kept confidential
16 (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner
17 Decl. at ¶¶ 6-7) Intel has good cause to request that the details of this code be kept under seal.

18 **ARGUMENT**

19 **I.  THERE IS GOOD CAUSE TO PREVENT PUBLIC DISCLOSURE OF INTEL'S SOFTWARE DESIGN**
20

21 Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should
22 be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122,
23 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing
24 non-public engineering designs and other proprietary trade secrets constitutes not only "good
25 cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–
26 CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason"
27 when that heightened standard has been applied in the context of evidence attached to dispositive
28 motions. *Kamakana,* 447 F.3d 1172, 1179 (compelling reason may be found in avoiding release

1  of trade secrets); *Network Appliance,* 2010 WL 841274, at *2 -*4 (compelling reason to seal
2  documents containing source code [at *5], detailed descriptions of source code [*5] and other
3  "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc*., Case No.
4  09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek*, 2010 WL
5  1980189, at *4. This Court has previously found compelling reason to seal technical information
6  pertaining to Intel software design in the litigation between Apple and Samsung tried last year.
7  See *Apple, Inc. v. Samsung Electronics Co., Ltd*., No. 11-CV-01846 (LHK), Order Granting-in-
8  Part and Denying-in-Part Motions to Seal (Dkt. # 1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and
9  Order re: Intel's Request for Clarification (Dkt. # 1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

10  Samsung's Revised Infringement Charts include specific references to Intel software code
11  modules and descriptive passages explaining the operation and interaction of those software
12  modules. *See, e.g.,* (unredacted) Third Contentions (submitted in camera by Samsung), Ex. A at
13  5-6, 11-12, 18-19, 23-24, 27-28, 33-34, etc. Intel derives significant commercial value from the
14  software. Hausner Decl. at ¶¶ 6-7. Part of the commercial advantage conferred by the software
15  results from the manner in which the software is designed and organized. Hausner Decl. at ¶ 7.
16  Intel can reasonably anticipate that disclosure of the parts of the Third Contentions that discuss
17  the way in which Intel code is organized would cause Intel significant commercial harm. Intel's
18  interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing
19  this information.

20  Intel's request is narrowly tailored. Civil L.R. 79-5(a). The public redacted version of the
21  Third Contentions includes detailed discussions of Samsung's theory that implementation of the
22  3GPP wireless standards by Intel (and Qualcomm) parts constitutes infringement of Samsung's
23  patents. *See, e.g.,* Third Contentions (Dkt. # 476-8, Ex. A) at 2-4, 9-10, 15-17, 21-22, etc. Only
24  the detailed descriptions of Intel's (and Qualcomm's) software is omitted. What remains in the
25  public record is more than sufficient for the public to assess Samsung's case.

# CONCLUSION

Intel respectfully requests that the Court prevent disclosure of design details of its proprietary and highly valuable software. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated:  May 6, 2013

Respectfully submitted,

**PERKINS COIE, LLP**

  */s/ Christopher L. Kelley*
Christopher L. Kelley

*Counsel for Non-Party*
*Intel Corporation*