QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS**<br><br>Date: June 11, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on June 11, 2013, at 10:00 am, or as soon thereafter as the

4

matter may be heard by the Hon. Paul S. Grewal in Courtroom 5, United States District Court for

5

the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

6

Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

7

Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court

8

for an order compelling Apple Inc. ("Apple") to produce documents and/or transcripts of

9

testimony from cases involving patents covering similar technologies, features or designs as the

10

Samsung patents-in-suit that are responsive to Samsung's Request Nos. 350-363, 597-605, and

11

620-628 .

12

This motion is based on this notice of motion and supporting memorandum of points and

13

authorities; the declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto;

14

and such other written or oral argument as may be presented at or before the time this motion is

15

deemed submitted by the Court.

16

**RELIEF REQUESTED**

17

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling

18

Apple to produce, no later than seven days after the issuance of such order, documents and/or

19

transcripts of testimony from cases involving patents covering similar technologies, features or

20

designs as the Samsung patents-in-suit, specifically (1) *VirnetX, Inc. v. Apple Inc.,* No. 10-cv-

21

00417 (E.D. Tex. 2013), (2) ITC Investigation No. 337-TA-701, and (3) ITC Investigation No.

22

337-TA-703.

23

**STATEMENT OF ISSUES TO BE DECIDED**

24

Whether Apple must produce documents and/or transcripts of testimony from cases

25

involving patents covering similar technologies, features or designs as the Samsung patents-in-

26

suit.

27

28

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's Request Nos. 350-363, 597-605, and 620-628 are set forth in full below along with Apple's objections and response:

## REQUEST FOR PRODUCTION NO. 350:

All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of U.S. Patent No. 6,502,135 ("the '135 patent"), U.S. Patent No. 6,839,759 ("the '759 patent"), U.S. Patent No. 7,188,180 ("the '180 patent"), U.S. Patent No. 7,418,504 ("the '504 patent"), and U.S. Patent No. 7,490,151 ("the '151 patent"), including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admission.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 350:

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

## REQUEST FOR PRODUCTION NO. 351:

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 351:**

2         Apple objects to this request as not reasonably calculated to lead to the discovery of

3   admissible evidence, on the ground that it does not seek documents relating to the claims and

4   defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

5   present action within the meaning of "technological nexus" agreed to by the parties. Apple also

6   objects to this request on the grounds and to the extent it seeks to require Apple to identify or

7   produce any information or documents that contain the private, confidential, or privileged

8   information of third parties, including but not limited to third party business or technical

9   information.

10  **REQUEST FOR PRODUCTION NO. 352:**

11        All transcripts of depositions, trial transcripts or other DOCUMENTS containing any

12  testimony and or statements RELATING TO Apple's alleged infringement of the '135 patent, the

13  '759 patent, the '180 patent, the '504 patent, and the '151 patent in *VirnetX Inc. v. Cisco Systems,*

14  *Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 352:**

16        Apple objects to this request as not reasonably calculated to lead to the discovery of

17  admissible evidence, on the ground that it does not seek documents relating to the claims and

18  defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

19  present action within the meaning of "technological nexus" agreed to by the parties. Apple also

20  objects to this request on the grounds and to the extent it seeks to require Apple to identify or

21  produce any information or documents that contain the private, confidential, or privileged

22  information of third parties, including but not limited to third party business or technical

23  information.

24  **REQUEST FOR PRODUCTION NO. 353:**

25        All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No.

26  6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO

27  Apple's defenses or counterclaims, including without limitation any and all expert reports,

28  invalidity contentions, responses to interrogatories, and responses to requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 353:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.   The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 354:**

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, Daubert motions, motions in limine, motions to strike, and post-trial motions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 354:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.   The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

1    **REQUEST FOR PRODUCTION NO. 355:**

2         All transcripts of depositions, trial transcripts or other DOCUMENTS containing any

3    testimony and or RELATING TO Apple's defenses or counterclaims in *VirnetX Inc. v. Cisco*

4    *Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 355:**

6         Apple objects to this request as not reasonably calculated to lead to the discovery of

7    admissible evidence, on the ground that it does not seek documents relating to the claims and

8    defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

9    present action within the meaning of "technological nexus" agreed to by the parties. Apple also

10   objects to this request on the grounds and to the extent it seeks to require Apple to identify or

11   produce any information or documents that contain the private, confidential, or privileged

12   information of third parties, including but not limited to third party business or technical

13   information.

14   **REQUEST FOR PRODUCTION NO. 356:**

15        All DOCUMENTS served by any party *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-

16   cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any

17   damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent,

18   the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation

19   any and all expert reports, responses to interrogatories, and responses to requests for admission.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 356:**

21        Apple objects to this request as not reasonably calculated to lead to the discovery of

22   admissible evidence, on the ground that it does not seek documents relating to the claims and

23   defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

24   present action within the meaning of "technological nexus" agreed to by the parties. Apple also

25   objects to this request on the grounds and to the extent it seeks to require Apple to identify or

26   produce any information or documents that contain the private, confidential, or privileged

27   information of third parties, including but not limited to third party business or technical

28   information.

**REQUEST FOR PRODUCTION NO. 357:**

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 357:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 358:**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 358:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

1   present action within the meaning of "technological nexus" agreed to by the parties. Apple also

2   objects to this request on the grounds and to the extent it seeks to require Apple to identify or

3   produce any information or documents that contain the private, confidential, or privileged

4   information of third parties, including but not limited to third party business or technical

5   information.

6   **REQUEST FOR PRODUCTION NO. 359:**

7        All DOCUMENTS, from *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-

8   LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.), to the extent such DOCUMENTS

9   RELATE to Apple, associated with the following docket entry numbers: 179, 190, 195, 196, 224,

10  233, 235, 243, 253, 267, 271, 272, 288, 296, 320, 325-334, 335-338, 344- 345, 350-352, 360-363,

11  367-376, 386, 392-395, 403-410, 419, 441, 442, 445, 447, 456, 459, 460, 463, 464, 480, 481, 487,

12  497-498, 510, 517, 523, 524, 532-533, 537, 538, 539, 545, 546, 551, 570, 574-575, 594, and 599.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 359:**

14       Apple objects to this request as not reasonably calculated to lead to the discovery of

15  admissible evidence, on the ground that it does not seek documents relating to the claims and

16  defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

17  present action within the meaning of "technological nexus" agreed to by the parties. Apple also

18  objects to this request on the grounds and to the extent it seeks to require Apple to identify or

19  produce any information or documents that contain the private, confidential, or privileged

20  information of third parties, including but not limited to third party business or technical

21  information.

22  **REQUEST FOR PRODUCTION NO. 360:**

23       All DOCUMENTS prepared by any expert, including any technical, economic, marketing,

24  licensing or damages experts, in connection with *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No.

25  6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 360:**

27       Apple objects to this request as not reasonably calculated to lead to the discovery of

28  admissible evidence, on the ground that it does not seek documents relating to the claims and

defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 361:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 361:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 362:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's defenses or counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 362:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case.    The VirnetX litigation has no "technological nexus" with the

1    present action within the meaning of "technological nexus" agreed to by the parties. Apple also

2    objects to this request on the grounds and to the extent it seeks to require Apple to identify or

3    produce any information or documents that contain the private, confidential, or privileged

4    information of third parties, including but not limited to third party business or technical

5    information.

6    **REQUEST FOR PRODUCTION NO. 363:**

7           All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco*

8    *Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.)

9    RELATING TO damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of

10   the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 363:**

12          Apple objects to this request as not reasonably calculated to lead to the discovery of

13   admissible evidence, on the ground that it does not seek documents relating to the claims and

14   defenses at issue in this case.   The VirnetX litigation has no "technological nexus" with the

15   present action within the meaning of "technological nexus" agreed to by the parties. Apple also

16   objects to this request on the grounds and to the extent it seeks to require Apple to identify or

17   produce any information or documents that contain the private, confidential, or privileged

18   information of third parties, including but not limited to third party business or technical

19   information.

20   **REQUEST FOR PRODUCTION NO. 597**

21          All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

22   *Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*, Inv. No.

23   337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of U.S. Patent No.

24   6,895,256 ("the '256 patent"), including without limitation any and all expert reports,

25   infringement contentions, responses to interrogatories, and responses to requests for admissions.

26   **RESPONSE TO REQUEST NO. 597**

27          Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

28   Apple further objects to this request because it does not describe with reasonable particularity the

1    documents sought. Apple further objects to this request as unduly burdensome and not reasonably

2    calculated to lead to the discovery of admissible evidence, including without limitation because it

3    does not seek documents relating to the claims and defenses at issue in this case. Apple further

4    objects to this request on the ground and to the extent that there is no "technological nexus"

5    between the Nokia action and the present action within the meaning of "technological nexus"

6    agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

7    it seeks to require Apple to identify or produce any information or documents that contain the

8    private, confidential, or privileged information of third parties, including but not limited to third

9    party business or technical information. Apple further objects to this request to the extent that it

10    seeks to require Apple to produce information or documents in violation of a Protective Order,

11    ground rules, or other applicable authority.

12        Subject to and without waiving the foregoing General and Specific Objections, Apple is

13    willing to meet and confer to discuss the scope and relevance of the documents sought by

14    Samsung.

15    **REQUEST FOR PRODUCTION NO. 598**

16        All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of*

17    *Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*,

18    Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of the '256

19    patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply

20    briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in

21    connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*,

22    motions to strike, and post-trial motions.

23    **RESPONSE TO REQUEST NO. 598**

24        Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

25    Apple further objects to this request because it does not describe with reasonable particularity the

26    documents sought. Apple further objects to this request as unduly burdensome and not reasonably

27    calculated to lead to the discovery of admissible evidence, including without limitation because it

28    does not seek documents relating to the claims and defenses at issue in this case. Apple further

10

1   objects to this request on the ground and to the extent that there is no "technological nexus"

2   between the Nokia action and the present action within the meaning of "technological nexus"

3   agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

4   it seeks to require Apple to identify or produce any information or documents that contain the

5   private, confidential, or privileged information of third parties, including but not limited to third

6   party business or technical information. Apple further objects to this request to the extent that it

7   seeks to require Apple to produce information or documents in violation of a Protective Order,

8   ground rules, or other applicable authority.

9       Subject to and without waiving the foregoing General and Specific Objections, Apple is

10   willing to meet and confer to discuss the scope and relevance of the documents sought by

11   Samsung.

12   **REQUEST FOR PRODUCTION NO. 599**

13       All depositions transcripts, trial transcripts or other DOCUMENTS containing any

14   testimony and or statements RELATING TO Apple's alleged infringement of the '256 patent in

15   the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones,*

16   *Portable Music Players, and Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*).

17   **RESPONSE TO REQUEST NO. 599**

18       Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

19   Apple further objects to this request because it does not describe with reasonable particularity the

20   documents sought. Apple further objects to this request as unduly burdensome and not reasonably

21   calculated to lead to the discovery of admissible evidence, including without limitation because it

22   does not seek documents relating to the claims and defenses at issue in this case. Apple further

23   objects to this request to the extent that it purports to require the production of documents and

24   things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

25   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

26   immunity. Apple further objects to this request on the ground and to the extent that there is no

27   "technological nexus" between the Nokia action and the present action within the meaning of

28   "technological nexus" agreed to by the parties. Apple further objects to this request on the grounds

1   and to the extent that it seeks to require Apple to identify or produce any information or

2   documents that contain the private, confidential, or privileged information of third parties,

3   including but not limited to third party business or technical information. Apple further objects to

4   this request to the extent that it seeks to require Apple to produce information or documents in

5   violation of a Protective Order, ground rules, or other applicable authority.

6       Subject to and without waiving the foregoing General and Specific Objections, Apple is

7   willing to meet and confer to discuss the scope and relevance of the documents sought by

8   Samsung.

9   **REQUEST FOR PRODUCTION NO. 600**

10      All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

11  *Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*, Inv. No.

12  337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses and counterclaims, including

13  without limitation any and all expert reports, invalidity contentions, responses to interrogatories,

14  and responses to requests for admission.

15  **RESPONSE TO REQUEST NO. 600**

16      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

17  Apple further objects to this request because it does not describe with reasonable particularity the

18  documents sought. Apple further objects to this request as unduly burdensome and not reasonably

19  calculated to lead to the discovery of admissible evidence, including without limitation because it

20  does not seek documents relating to the claims and defenses at issue in this case. Apple further

21  objects to this request on the ground and to the extent that there is no "technological nexus"

22  between the Nokia action and the present action within the meaning of "technological nexus"

23  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

24  it seeks to require Apple to identify or produce any information or documents that contain the

25  private, confidential, or privileged information of third parties, including but not limited to third

26  party business or technical information. Apple further objects to this request to the extent that it

27  seeks to require Apple to produce information or documents in violation of a Protective Order,

28  ground rules, or other applicable authority.

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **REQUEST FOR PRODUCTION NO. 601**

5    All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter of*

6  *Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*,

7  Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or counterclaims,

8  including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs,

9  stipulations, supporting declarations, and exhibits to supporting declarations filed in connection

10 and with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to

11 strike, and post-trial motions.

12 **RESPONSE TO REQUEST NO. 601**

13    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

14 Apple further objects to this request because it does not describe with reasonable particularity the

15 documents sought. Apple further objects to this request as unduly burdensome and not reasonably

16 calculated to lead to the discovery of admissible evidence, including without limitation because it

17 does not seek documents relating to the claims and defenses at issue in this case. Apple further

18 objects to this request because it is improper for Samsung to use this lawsuit as a means to obtain

19 discovery pertaining to other proceedings. Apple further objects to this request on the ground and

20 to the extent that there is no "technological nexus" between the Nokia action and the present

21 action within the meaning of "technological nexus" agreed to by the parties. Apple further objects

22 to this request on the grounds and to the extent that it seeks to require Apple to identify or produce

23 any information or documents that contain the private, confidential, or privileged information of

24 third parties, including but not limited to third party business or technical information. Apple

25 further objects to this request to the extent that it seeks to require Apple to produce information or

26 documents in violation of a Protective Order, ground rules, or other applicable authority.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 602**

5    All transcripts of depositions, trial transcripts or other DOCUMENTS containing

6    testimony and OR RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In*

7    *the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

8    *Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*).

9    **RESPONSE TO REQUEST NO. 602**

10    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

11   Apple further objects to this request because it does not describe with reasonable particularity the

12   documents sought. Apple further objects to this request as unduly burdensome and not reasonably

13   calculated to lead to the discovery of admissible evidence, including without limitation because it

14   does not seek documents relating to the claims and defenses at issue in this case. Apple further

15   objects to this request to the extent that it purports to require the production of documents and

16   things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

17   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

18   immunity. Apple further objects to this request on the ground and to the extent that there is no

19   "technological nexus" between the Nokia action and the present action within the meaning of

20   "technological nexus" agreed to by the parties. Apple further objects to this request on the grounds

21   and to the extent that it seeks to require Apple to identify or produce any information or

22   documents that contain the private, confidential, or privileged information of third parties,

23   including but not limited to third party business or technical information. Apple further objects to

24   this request to the extent that it seeks to require Apple to produce information or documents in

25   violation of a Protective Order, ground rules, or other applicable authority.

26    Subject to and without waiving the foregoing General and Specific Objections, Apple is

27   willing to meet and confer to discuss the scope and relevance of the documents sought by

28   Samsung.

**REQUEST FOR PRODUCTION NO. 603**

All DOCUMENTS prepared by any expert, including any technical, economic, marketing, licensing or damages experts, in connection with the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*) .

**RESPONSE TO REQUEST NO. 603**

Apple objects to the phrase "in connection with" as vague, ambiguous, and potentially overbroad. Apple further objects to this request because it does not describe with reasonable particularity the documents sought. Apple further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it does not seek documents relating to the claims and defenses at issue in this case. Apple further objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple further objects to this request on the ground and to the extent that there is no "technological nexus" between the Nokia action and the present action within the meaning of "technological nexus" agreed to by the parties. Apple further objects to this request on the grounds and to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information. Apple further objects to this request to the extent that it seeks to require Apple to produce information or documents in violation of a Protective Order, ground rules, or other applicable authority.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 604**

All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

1    *Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement

2    of the '256 patent.

3    **RESPONSE TO REQUEST NO. 604**

4           Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

5    Apple further objects to this request because it does not describe with reasonable particularity the

6    documents sought. Apple further objects to this request as unduly burdensome and not reasonably

7    calculated to lead to the discovery of admissible evidence, including without limitation because it

8    does not seek documents relating to the claims and defenses at issue in this case. Apple further

9    objects to this request to the extent that there is no "technological nexus" between the Nokia action

10   and the present action within the meaning of "technological nexus" agreed to by the parties. Apple

11   further objects to this request on the grounds and to the extent that it seeks to require Apple to

12   identify or produce any information or documents that contain the private, confidential, or

13   privileged information of third parties, including but not limited to third party business or

14   technical information. Apple further objects to this request to the extent that it seeks to require

15   Apple to produce information or documents in violation of a Protective Order, ground rules, or

16   other applicable authority.

17          Subject to and without waiving the foregoing General and Specific Objections, Apple is

18   willing to meet and confer to discuss the scope and relevance of the documents sought by

19   Samsung.

20   **REQUEST FOR PRODUCTION NO. 605**

21          All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the*

22   *Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

23   *Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or

24   counterclaims.

25   **RESPONSE TO REQUEST NO. 605**

26          Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

27   Apple further objects to this request because it does not describe with reasonable particularity the

28   documents sought. Apple further objects to this request as unduly burdensome and not reasonably

1  calculated to lead to the discovery of admissible evidence, including without limitation because it

2  does not seek documents relating to the claims and defenses at issue in this case. Apple further

3  objects to this request to the extent that there is no "technological nexus" between the Nokia action

4  and the present action within the meaning of "technological nexus" agreed to by the parties. Apple

5  further objects to this request on the grounds and to the extent that it seeks to require Apple to

6  identify or produce any information or documents that contain the private, confidential, or

7  privileged information of third parties, including but not limited to third party business or

8  technical information. Apple further objects to this request to the extent that it seeks to require

9  Apple to produce information or documents in violation of a Protective Order, ground rules, or

10  other applicable authority.

11       Subject to and without waiving the foregoing General and Specific Objections, Apple is

12  willing to meet and confer to discuss the scope and relevance of the documents sought by

13  Samsung.

14  **REQUEST FOR PRODUCTION NO. 620**

15       All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

16  *Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and*

17  *Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*), including without limitation

18  any and all expert reports, infringement contentions, responses to interrogatories, and responses to

19  requests for admissions.

20  **RESPONSE TO REQUEST NO. 620**

21       Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably

22  calculated to lead to the discovery of admissible evidence, including without limitation because it

23  does not seek documents relating to the claims and defenses at issue in this case. Apple further

24  objects to this request on the ground and to the extent that there is no "technological nexus"

25  between the Kodak action and the present action within the meaning of "technological nexus"

26  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

27  it seeks to require Apple to identify or produce any information or documents that contain the

28  private, confidential, or privileged information of third parties, including but not limited to third

1  party business or technical information. Apple further objects to this request to the extent that it

2  seeks to require Apple to produce information or documents in violation of a Protective Order,

3  ground rules, or other applicable authority.

4          Subject to and without waiving the foregoing General and Specific Objections, Apple is

5  willing to meet and confer to discuss the scope and relevance of the documents sought by

6  Samsung.

7  **REQUEST FOR PRODUCTION NO. 621**

8          All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of*

9  *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,*

10  *and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*), including without

11  limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations,

12  supporting declarations, and exhibits to supporting declarations filed in connection with

13  dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike,

14  and post-trial motions.

15  **RESPONSE TO REQUEST NO. 621**

16          Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably

17  calculated to lead to the discovery of admissible evidence, including without limitation because it

18  does not seek documents relating to the claims and defenses at issue in this case. Apple further

19  objects to this request on the ground and to the extent that there is no "technological nexus"

20  between the Kodak action and the present action within the meaning of "technological nexus"

21  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

22  it seeks to require Apple to identify or produce any information or documents that contain the

23  private, confidential, or privileged information of third parties, including but not limited to third

24  party business or technical information. Apple further objects to this request to the extent that it

25  seeks to require Apple to produce information or documents in violation of a Protective Order,

26  ground rules, or other applicable authority.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 622**

5    All depositions transcripts, trial transcripts or other DOCUMENTS containing any

6    testimony and or statements RELATING TO Apple's alleged infringement of camera-related

7    patents in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless*

8    *Communication Devices Featuring Digital Cameras, and Components Thereof*, Inv. No. 337- TA-

9    703 (*Kodak v. Apple et al.*).

10   **RESPONSE TO REQUEST NO. 622**

11   Apple objects to the terms "relating to" and "camera-related" as vague, ambiguous, and

12   potentially overbroad. Apple further objects to this request because it does not describe with

13   reasonable particularity the documents sought. Apple further objects to this request as unduly

14   burdensome and not reasonably calculated to lead to the discovery of admissible evidence,

15   including without limitation because it does not seek documents relating to the claims and

16   defenses at issue in this case. Apple further objects to this request to the extent that it purports to

17   require the production of documents and things protected from disclosure by the attorney-client

18   privilege, attorney work product doctrine, joint defense or common interest privilege, or any other

19   applicable privilege, doctrine, or immunity. Apple further objects to this request on the ground

20   to the extent that there is no "technological nexus" between the Kodak action and the present

21   action within the meaning of "technological nexus" agreed to by the parties. Apple further objects

22   to this request on the grounds and to the extent that it seeks to require Apple to identify or produce

23   any information or documents that contain the private, confidential, or privileged information of

24   third parties, including but not limited to third party business or technical information. Apple

25   further objects to this request to the extent that it seeks to require Apple to produce information or

26   documents in violation of a Protective Order, ground rules, or other applicable authority.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 623**

5    All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

6    *Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and*

7    *Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's

8    defenses and counterclaims, including without limitation any and all expert reports, invalidity

9    contentions, responses to interrogatories, and responses to requests for admission.

10   **RESPONSE TO REQUEST NO. 623**

11   Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence, including without limitation because it

13   does not seek documents relating to the claims and defenses at issue in this case. Apple further

14   objects to this request on the ground and to the extent that there is no "technological nexus"

15   between the Kodak action and the present action within the meaning of "technological nexus"

16   agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

17   it seeks to require Apple to identify or produce any information or documents that contain the

18   private, confidential, or privileged information of third parties, including but not limited to third

19   party business or technical information. Apple further objects to this request to the extent that it

20   seeks to require Apple to produce information or documents in violation of a Protective Order,

21   ground rules, or other applicable authority.

22   Subject to and without waiving the foregoing General and Specific Objections, Apple is

23   willing to meet and confer to discuss the scope and relevance of the documents sought by

24   Samsung.

25   **REQUEST FOR PRODUCTION NO. 624**

26   All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter of*

27   *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,*

28   *and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's

1   defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs,

2   reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting

3   declarations filed in connection and with dispositive motions, discovery motions, Daubert

4   motions, motions in limine, motions to strike, and post-trial motions.

5   **RESPONSE TO REQUEST NO. 624**

6        Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably

7   calculated to lead to the discovery of admissible evidence, including without limitation because it

8   does not seek documents relating to the claims and defenses at issue in this case. Apple further

9   objects to this request on the ground and to the extent that there is no "technological nexus"

10  between the Kodak action and the present action within the meaning of "technological nexus"

11  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

12  it seeks to require Apple to identify or produce any information or documents that contain the

13  private, confidential, or privileged information of third parties, including but not limited to third

14  party business or technical information. Apple further objects to this request to the extent that it

15  seeks to require Apple to produce information or documents in violation of a Protective Order,

16  ground rules, or other applicable authority.

17       Subject to and without waiving the foregoing General and Specific Objections, Apple is

18  willing to meet and confer to discuss the scope and relevance of the documents sought by

19  Samsung.

20  **REQUEST FOR PRODUCTION NO. 625**

21       All transcripts of depositions, trial transcripts or other DOCUMENTS containing

22  testimony and or RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In*

23  *the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital*

24  *Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

25  **RESPONSE TO REQUEST NO. 625**

26       Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

27  Apple further objects to this request because it does not describe with reasonable particularity the

28  documents sought. Apple further objects to this request as unduly burdensome and not reasonably

1  calculated to lead to the discovery of admissible evidence, including without limitation because it

2  does not seek documents relating to the claims and defenses at issue in this case. Apple further

3  objects to this request to the extent that it purports to require the production of documents and

4  things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

5  joint defense or common interest privilege, or any other applicable privilege, doctrine, or

6  immunity. Apple further objects to this request on the ground and to the extent that there is no

7  "technological nexus" between the Kodak action and the present action within the meaning of

8  "technological nexus" agreed to by the parties. Apple further objects to this request on the grounds

9  and to the extent that it seeks to require Apple to identify or produce any information or

10  documents that contain the private, confidential, or privileged information of third parties,

11  including but not limited to third party business or technical information. Apple further objects to

12  this request to the extent that it seeks to require Apple to produce information or documents in

13  violation of a Protective Order, ground rules, or other applicable authority.

14       Subject to and without waiving the foregoing General and Specific Objections, Apple is

15  willing to meet and confer to discuss the scope and relevance of the documents sought by

16  Samsung.

17  **REQUEST FOR PRODUCTION NO. 626**

18       All DOCUMENTS prepared by any expert, including any technical, economic, marketing,

19  licensing or damages experts, in connection with the ITC Investigation, *In the Matter of Certain*

20  *Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and*

21  *Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

22  **RESPONSE TO REQUEST NO. 626**

23       Apple objects to the phrase "in connection with" as vague, ambiguous, and potentially

24  overbroad. Apple further objects to this request because it does not describe with reasonable

25  particularity the documents sought. Apple further objects to this request as unduly burdensome

26  and not reasonably calculated to lead to the discovery of admissible evidence, including without

27  limitation because it does not seek documents relating to the claims and defenses at issue in this

28  case. Apple further objects to this request to the extent that it purports to require the production of

1   documents and things protected from disclosure by the attorney-client privilege, attorney work

2   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

3   doctrine, or immunity. Apple further objects to this request on the ground and to the extent that

4   there is no "technological nexus" between the Kodak action and the present action within the

5   meaning of "technological nexus" agreed to by the parties. Apple further objects to this request on

6   the grounds and to the extent that it seeks to require Apple to identify or produce any information

7   or documents that contain the private, confidential, or privileged information of third parties,

8   including but not limited to third party business or technical information. Apple further objects to

9   this request to the extent that it seeks to require Apple to produce information or documents in

10  violation of a Protective Order, ground rules, or other applicable authority.

11        Subject to and without waiving the foregoing General and Specific Objections, Apple is

12  willing to meet and confer to discuss the scope and relevance of the documents sought by

13  Samsung.

14  **REQUEST FOR PRODUCTION NO. 627**

15        All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In the*

16  *Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital*

17  *Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

18  **RESPONSE TO REQUEST NO. 627**

19        Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably

20  calculated to lead to the discovery of admissible evidence, including without limitation because it

21  does not seek documents relating to the claims and defenses at issue in this case. Apple further

22  objects to this request on the ground and to the extent that there is no "technological nexus"

23  between the Kodak action and the present action within the meaning of "technological nexus"

24  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

25  it seeks to require Apple to identify or produce any information or documents that contain the

26  private, confidential, or privileged information of third parties, including but not limited to third

27  party business or technical information. Apple further objects to this request to the extent that it

28

Case No. 12-CV-00630-LHK (PSG)

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RELATED LITIGATIONS

1  seeks to require Apple to produce information or documents in violation of a Protective Order,

2  ground rules, or other applicable authority.

3      Subject to and without waiving the foregoing General and Specific Objections, Apple is

4  willing to meet and confer to discuss the scope and relevance of the documents sought by

5  Samsung.

6  **REQUEST FOR PRODUCTION NO. 628**

7      All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the*

8  *Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital*

9  *Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO

10  Apple's defenses or counterclaims.

11  **RESPONSE TO REQUEST NO. 628**

12      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

13  Apple further objects to this request because it does not describe with reasonable particularity the

14  documents sought. Apple further objects to this request as unduly burdensome and not reasonably

15  calculated to lead to the discovery of admissible evidence, including without limitation because it

16  does not seek documents relating to the claims and defenses at issue in this case. Apple further

17  objects to this request on the ground and to the extent that there is no "technological nexus"

18  between the Kodak action and the present action within the meaning of "technological nexus"

19  agreed to by the parties. Apple further objects to this request on the grounds and to the extent that

20  it seeks to require Apple to identify or produce any information or documents that contain the

21  private, confidential, or privileged information of third parties, including but not limited to third

22  party business or technical information. Apple further objects to this request to the extent that it

23  seeks to require Apple to produce information or documents in violation of a Protective Order,

24  ground rules, or other applicable authority.

25      Subject to and without waiving the foregoing General and Specific Objections, Apple is

26  willing to meet and confer to discuss the scope and relevance of the documents sought by

27  Samsung.

28

1

## <u>SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)</u>

2      Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

3 obtain the discovery described immediately above without Court action. Samsung's efforts to

4 resolve this discovery dispute without court intervention are described in paragraphs 2-19 of the

5 Declaration of Amar L. Thakur, submitted herewith.

6

7 DATED:   May 7, 2013                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
8

9

10                                  By  */s/ Victoria F. Maroulis*
                                        Victoria F. Maroulis
11                                      Attorney for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
12                                      INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3

4   INTRODUCTION ................................................................................................................ 1

5   FACTUAL BACKGROUND ............................................................................................. 1

6         A.    Apple's Previous Failures to Produce Documents From Related Litigations ........... 1

7         B.    Samsung's Requests For Documents From the *VirnetX* Litigation ......................... 2

8         C.    Samsung's Requests For Documents From the Nokia and Kodak
           Investigations ........................................................................................................ 4

9

      D.    Samsung's Attempts to Resolves the Parties' Dispute Without Court

10             Intervention ........................................................................................................... 5

11  ARGUMENT ..................................................................................................................... 6

12  I.    THE DOCUMENTS REQUESTED BY SAMSUNG FROM RELATED
      LITIGATIONS ARE RELEVANT TO SAMSUNG'S CLAIMS AND DEFENSES ........... 6

13

14        A.    Documents From the *VirnetX* Litigation Are Relevant to Samsung's
           Infringement and Damages Claims ........................................................................ 7

15        B.    The 701 Investigation and 703 Investigations Are Relevant to the
           Infringement and Validity of Samsung's Patents ................................................ 10

16

17  II.   THE REQUESTED DISCOVERY IS NEITHER OVERBROAD NOR UNDULY
      BURDENSOME ............................................................................................................ 12

18  CONCLUSION ................................................................................................................ 13

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2
**Page**

3
### **Cases**

4
*Abel v. Mylan, Inc.*,
No. 09-065 , 2010 WL 3910141 (N.D. Okla. Oct. 4, 2010) .......................................................13

5

*Alloc, Inc. v. Unilin Beheer B.V.*,
6
No. 03-1266, 2006 WL 757871 (E.D. Wisc. March 24, 2006)...................................................8

7
*High Point SARL v. Sprint Nextel Corp.*,
No. 09-2269, 2012 WL 1533213 (D. Kan. Apr. 30, 2012) .......................................................10

8
*Snowden By and Through Victor v. Connaught Labs., Inc.*,
9
137 F.R.D. 325 (1991) ...............................................................................................................12

10
*U.S. Bank Nat'l Assoc. v. PHL Variable Ins., Corp.*,
No. 12-0877, 2013 WL 772695 (D. Minn. Jan. 18, 2013).........................................................9

11

12
*VirnetX, Inc. v. Apple Inc.*,
No. 10-00417, 2013 WL 692652 (E.D. Tex. 2013) ...........................................3, 4, 5, 6, 7, 8, 9

13
### **Statutes**

14

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) .........................................................................7, 12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Court has twice previously ordered Apple to produce documents from other lawsuits that are relevant to the disputes between Apple and Samsung.   Still, Apple refuses to produce documents from three cases that bear a clear technological nexus to the present case.   The documents Samsung seeks reveal the positions Apple has taken and the testimony of its witnesses—including several experts who also serve as experts in this case—on a number of issues relevant to Samsung's direct and indirect infringement claims, the operation of the accused features of the Apple products at issue, and the validity of the Samsung patents-in-suit, as well as Samsung's claims for damages.   In addition to potentially undermining the positions Apple has taken in this case, these documents will aid discovery by identifying knowledgeable individuals and relevant Apple documents, and assist Samsung in preparing its experts by clarifying which issues are or are not likely to be disputed.   Apple is not entitled to hide from the Court and Samsung prior testimony and arguments made to other courts.

Apple attempts to justify withholding documents from related litigations by twisting the Court's technological nexus standard into a heightened standard of relevance, requiring a strict correlation between the specific technical functions disclosed in the patents-in-suit and the patents asserted in prior cases.   Apple contends that the technological nexus standard demands more than overlapping claim limitations, fields of technology, accused product features, and expert witnesses.   Contrary to Apple's contention, the Court adopted the technological nexus standard to clarify familiar Rule 26 standards, not to impose any heightened relevance requirement.   Whether framed in terms of technological nexus or in terms of Rule 26, Samsung is entitled to discover the positions Apple has taken in other cases regarding issues that are relevant to this case.

**FACTUAL BACKGROUND**

A.    Apple's Previous Failures to Produce Documents From Related Litigations

In Case No. 11-cv-1846 ("1846 Case"), the Court granted-in-part Samsung's motion to compel Apple to produce deposition transcripts of Apple employees testifying in cases bearing a "technological nexus" with the 1846 Case.   *See* 1846 Case, 1846 Dkt. No. 536 at 5 ("December

22 Order").    The Court's definition of "technological nexus"—which Apple itself had

proposed—included the following:

> "[P]rior cases involving the patents-in-suit or patents covering the same or similar technologies . . . [W]ith respect to utility patent inventors, this would include the asserted utility patents or other utility patents covering touchbased interface functions, display elements, touch-screen hardware, or touch-screen logic."

*See id.*

Samsung filed a second motion—to enforce the December 22 Order—after Apple failed to

produce a single transcript prior to the deadline set by the Court.    *See* 1846 Case Dkt. No. 782-2.

By the same motion, Samsung sought to compel production of other documents—including

transcripts of testimony from non-employee witnesses, pleadings, declarations, expert reports, and

court rulings—from cases meeting the technological nexus standard.    *See id.*    The Court granted

Samsung's motion, finding that Apple failed to comply with the December 22 Order by "reading

its own limitations" into the Order to exclude transcripts from witnesses who did not testify in the

1846 Case and/or who had testified regarding non-technical matters.    1846 Case Dkt. No. 867

("April 12 Order") at 8-10.    The Court also ordered Apple to produce the "other documents"

requested by Samsung from cases meeting the technological nexus standard.    *Id.* at 12.

Apple's production following the April 12 Order revealed that it withheld over 34,000

pages of transcripts responsive to the December 22 Order until after the close of fact discovery and

the deadline for expert reports.    *See* 1846 Case Dkt. No. 968 at 8-9.    Accordingly, Samsung

filed a third motion, this one for sanctions, which the Court granted-in-part.    1846 Case Dkt. No.

1213.    The Court found "no question that Apple violated the December 22 Order," and imposed

sanctions based on its conclusion that Apple's violation was not substantially justified.    *Id.* at 7,

9-11.

   B.    Samsung's Requests For Documents From the *VirnetX* Litigation

Samsung alleges in this case that the FaceTime feature of Apple's iPhone, iPad, and iPod

Touch, and certain Mac laptops and desktop computers infringe U.S. Patent No. 5,579,239 ("'239

patent"), which discloses a remote video transmission system that uses a portable unit to capture video and then share it with other devices.   Ex. 1.[1]   In litigation between Apple and VirnetX, Inc., the *same* FaceTime feature of the *same* products was accused of infringing patents relating to enhancing the security of data and messages transmitted over the internet or cellular networks. *VirnetX, Inc. v. Apple Inc.,* No. 10-00417, 2013 WL 692652, at *7-8 (E.D. Tex. 2013); Ex. 2 at ¶¶ 37-62.   Judge Davis recently upheld that jury's verdict finding Apple liable for direct and indirect infringement and awarding over $368 million in damages.   *See VirnetX,* 2013 WL 692652 at *8-16.   Apple's damages expert in the *VirnetX* litigation was Dr. Christopher Vellturo (*id*. at 14), who served as Apple's expert at the preliminary injunction phase of this case and is the only damages expert Apple has disclosed to date.

On November 15, 2012, Samsung served RFPs 350-363, seeking documents from the *VirnetX* litigation—including transcripts, pleadings, declarations, expert reports, and court rulings—that are (1) not publicly available, and (2) related to Apple's infringement, Apple's defenses, or any damages suffered by VirnetX.   Ex. 3 at 4-7.   Apple objected to each request on identical grounds, claiming that the *VirnetX* litigation "has no 'technological nexus' with the present action."   Ex. 4.   Notably, Apple did not object on the basis of undue burden.   *See id.*

The parties then exchanged a number of letters over several months.   Samsung took the position that the *VirnetX* litigation shared a technological nexus with the present case because Samsung asserts its '239 patent against the same FaceTime feature of the same products that was at issue in the *VirnetX* litigation, and also because the VirnetX patents relate to the technology which enables FaceTime to transmit video and audio messages—the functionality that forms the basis of Samsung's infringement claims for its '239 patent.   *See, e.g.,* Ex. 5; Ex. 6.   Apple contended that the fact that FaceTime is accused in both cases is insufficient to warrant production of FaceTime-related documents from the *VirnetX* litigation, and the *VirnetX* litigation lacks a

---

[1]   Citations to "Ex. __" are citations to exhibits to the Declaration of Amar L. Thakur in Support of Samsung's Motion to Compel Documents From Related Litigations, submitted herewith.

technological nexus with this case because the VirnetX patents "relate to the establishment of secure communications between computers," which is not "in any way related to any of the patents-in-suit in this litigation."   Ex. 7; Ex. 8.   Thus, although Apple did not dispute the relevance of documents relating to FaceTime, Apple refused to produce FaceTime-related documents from the *VirnetX* litigation.   *Id.*

      C.    <u>Samsung's Requests For Documents From the Nokia and Kodak Investigations</u>

      Samsung alleges in this case that the digital camera technology of Apple's iPhone, iPad, and iPod products infringe U.S. Patent No. 6,226,449 ("'449 patent"), which relates to a digital image recording device with recording and reproducing units for a still image signal and a moving image signal.   Ex. 9.   Many of the same Apple products accused of infringing the '449 patent were previously accused of infringing digital camera patents in two ITC investigations:

- **Inv. No. 337-TA-701 ("701 Investigation")**, in which Nokia asserted that the iPhone, iPod, and MacBook laptops infringed U.S. Patent No. 6,895,256 ("Nokia's '256 patent"), which discloses an apparatus which combines various functions and components of a digital camera into a single chip that communicates with a mobile terminal processor.   Ex. 10. at ¶¶ 41-47, 99-108.

- **Inv. No. 337-TA-703 ("703 Investigation")**, in which Kodak asserted that the iPhone 3G, iPhone 3GS, and iPhone 4 infringed U.S. Patent No. 6,292,218 ("Kodak's '218 patent"), which discloses a camera device capable of capturing still images where generating preview images, and storing captured still images in digital memory. Ex. 11 at ¶¶ 19-24, 40-50.

      On January 15, 2013, Samsung served RFPs 597-605 and 620-628, seeking documents from the 701 and 703 Investigations, respectively.   Ex. 12 at 6-8, 10-13.   These requests generally sought documents—including deposition transcripts, trial and hearing transcripts, pleadings, declarations, expert reports, and court rulings—that are (1) not publicly available, and (2) related to Apple's alleged infringement or Apple's defenses and counterclaims in the 701 and 703 Investigation.   *Id.*   Apple objected to all of these requests as overbroad and unduly burdensome, and also based on a purported lack of a technological nexus between the present case and the 701 and 703 Investigations.   Ex. 13 at 16-21, 31-38.

1    On March 3, 2013, ~~Samsung~~ Apple sent a letter explaining that RFP Nos. 597-605 and

2  620-628 were reasonably limited to particular classes of documents from the 701 and 703

3  Investigations, which are relevant because Nokia's '256 patent and Kodak's '218 patent—like

4  Samsung's '449 patent—relate to digital camera technology designed for mobile devices.   Ex.

5  14.   Apple responded on March 21, 2013, reiterating its overbreadth and relevance objections to

6  RFPs 597-605 and 620-628, and claimed that no technological nexus exists between this case and

7  the 701 and 703 Investigations because Samsung's '449 patent relates to "different aspects" of

8  digital camera technology than the Nokia and Kodak patents.   Ex. 8.   According to Apple, the

9  Samsung '449 patent "pertains to aspects of image data storage and transmission," while the

10  Nokia '256 patent relates to the "control of the image sensor of the camera by the processor" and

11  the Kodak '218 patent relates to "generating preview images of a photo before a photo is actually

12  taken."   *Id.*

13    D.    Samsung's Attempts to Resolves the Parties' Dispute Without Court Intervention

14    On April 12, 2013, Samsung offered to narrow the scope of documents sought by RFPs

15  350-363, 597-605 and 620-628 in return for Apple's commitment to produce documents from the

16  *VirnetX* litigation and 701 and 703 Investigations.   Ex. 15.   Apple did not respond to Samsung's

17  offer until the parties held a lead counsel meet and confer on May 2, 2013.[2]   Thakur Decl. ¶ 17.

18  During the meet and confer, Apple initially refused to produce any documents from the *VirnetX*

19  litigation or the 701 and 703 Investigations, but later stated it would make a written proposal

20  regarding the *VirnetX* litigation.   *Id.*   Apple sent its proposal the following day, offering to

21  produce damages-related expert materials from the *VirnetX* litigation if Samsung agreed to

22  (1) withdraw its requests for documents from the 701 and 703 Investigations, and (2) make a

23  "reciprocal production of damages expert materials from other Samsung litigations which concern

---

24

25    [2]   In addition to Samsung's request for documents from the *VirnetX* litigation and 701 and
26  703 Investigations, which relate to Samsung's patents-in-suit, Samsung's April 12, 2013 letter also
    addressed Samsung's RFP 61, which sought deposition transcripts from other cases relating to
27  *Apple's* patents-in-suit.   *See id.*   The parties were able to reach an agreement as to RFP 61, but
    were unable to resolve their dispute regarding the *VirnetX* litigation and the 701 and 703
28  Investigations.   Thakur Decl. ¶¶ 16-17.

1   technologies similar to those at issue in this case."   Ex. 16.   Apple's proposal was a package

2   deal.   *Id.*

3         As Samsung explained during a telephonic meet and confer on May 7, 2013, Samsung

4   could not accept Apple's proposal for at least two reasons.   First, Samsung could not agree to

5   withdraw its request for documents from the 701 and 703 Investigations.   Thakur Decl. ¶ 19.

6   Second, while Samsung is already collecting and producing documents from certain other cases

7   that the parties have previously agreed have a "technological nexus" with this one, Samsung *could*

8   *not* agree to produce documents from additional, unidentified, cases based on a vague and

9   seemingly retaliatory demand from Apple.   *Id.*

10                              **ARGUMENT**

11   I.   THE DOCUMENTS REQUESTED BY SAMSUNG FROM RELATED LITIGATIONS

12         ARE RELEVANT TO SAMSUNG'S CLAIMS AND DEFENSES

13         This Court has not defined the technological nexus to impose a heightened relevance

14   standard beyond the minimal threshold set by Rule 26.   On the contrary, in the 1846 Case, Apple

15   itself described technological nexus as nothing more than a "reasonable relevance cut."   Ex. 17,

16   12/21/2011 Hearing Tr. at 42:3-11.   According to Apple, technological nexus was necessary to

17   exclude transcripts "that have *nothing* to do" with the issues in the 1846 case, and thus had no

18   value other than the possibility that a witness "might have said something in a *wholly unrelated*

19   *case* that might have some sort of impeachment value in the present action."   1846 Case Dkt. 502

20   at 20-21 (emphasis added).   In adopting the technological nexus standard, the Court likewise

21   made clear that technological nexus simply refocused the application of Rule 26 to Samsung's

22   requests for documents from other cases.   *See* December 22 Order (1846 Dkt. No. 536) at 5

23   (describing technological nexus as "an appropriate measure under the balancing provisions of Rule

24   26(b)(2)(C)(iii)"); *see also* April 12 Order (1846 Case Dkt. No. 867) at 9 (technological nexus

25   "manage[s] the reasonable production of relevant and discoverable deposition transcripts from

26   other actions.").   Consistent with the policy of liberal discovery embodied in Rule 26, the Court

27   defined technological nexus in the 1846 Case by reference to broad categories of technology,

28

1   rather than specific functionalities within those categories.[3]   *See* December 22 Order (1846 Dkt.

2   No. 536) at 5.

3         Apple now seeks to transform "technological nexus" into a much more stringent standard,

4   under which documents from related cases are relevant only if the patents at issue in those cases

5   disclose virtually the same inventive functionalities as the patent-in-suit.   In effect, Apple

6   contends that to resolve a discovery motion the technological nexus standard requires that the

7   Court to conduct an in-depth, limitation-by-limitation comparison of the patents-in-suit and the

8   patents at issue in other cases.   The degree of scrutiny demanded by Apple is inconsistent with

9   the policy of broad discovery under Rule 26, as well as the broad definition of technological nexus

10   previously adopted by this Court.   The Court should reject Apple's cramped interpretation of

11   technological nexus and reaffirm that Apple cannot withhold deposition transcripts and other

12   documents from patent cases involving similar technologies, features or designs.

13         A.   Documents From the *VirnetX* Litigation Are Relevant to Samsung's Infringement

14              and Damages Claims

15         Apple does not dispute that Samsung's '239 patent is from the same technological field as

16   the patents asserted in the *VirnetX* litigation, where VirnetX alleged infringement by the same

17   FaceTime feature in the same Apple products that Samsung accuses of infringing the '239 patent.

18   Instead, Apple refuses to produce a single document from the *VirnetX* litigation based on its

19   contentions that (1) the fact that the same products are accused in both cases does not establish a

20   technological nexus, and (2) the *VirnetX* litigation is irrelevant because the Samsung '239 patent

21   and the VirnetX patents cover different functionalities of FaceTime.   Apple is wrong on both

22   counts.

---

24         [3]   For instance, the Court included all "touchbased interface functions" among the examples

25   of "similar technologies," even though the patents asserted by Apple in the 1846 Case were

     limited to narrow and specific features of touch-based user interface technology—e.g., translating

26   an electronic document in response to reaching the edge of the document ("'381 patent"),

     performing scroll or scale functions in response to two particular types of user input ("'915

27   patent"), and enlarging and substantially centering portions of a structured electronic document in

     response to gestures (U.S. Patent No. 7,864,163).

1    First, courts have ordered production of documents from a separate litigation based solely

2 on the fact that the same products were accused in both cases.   *See Alloc, Inc. v. Unilin Beheer*

3 *B.V.*, No. 03-1266, 2006 WL 757871, at *5 (E.D. Wisc. March 24, 2006).    In *Alloc*, the patentee

4 requested "all depositions and documents" from a separate patent litigation, involving a different

5 patentee, concerning "the development, operation, function, design changes, manufacture, sales

6 and marketing of the accused products in the present case."   *Id.*    Rejecting the accused

7 infringer's objection that this request was "essentially a fishing expedition," the court ordered

8 production.   *Id.*    The connection between the present case and the *VirnetX* litigation is even

9 stronger than in *Alloc*—not only are the same products at issue in both cases, but the *same feature*

10 of the same products.    Documents concerning the development, operation, function, design

11 changes, manufacture, sales and marketing of FaceTime are relevant to this case, and therefore

12 should be produced.    The fact that such documents were generated in the context of a separate

13 litigation is of no consequence.

14    Second, documents from the *VirnetX* litigation are relevant to Samsung's infringement

15 claims regardless of whether Samsung's '239 patent discloses the same inventive features as the

16 VirnetX patents.    While Apple is correct that the VirnetX patents generally relate to enhancing

17 security of FaceTime, both Samsung's '239 patent and the VirnetX patents relate in part to

18 transmitting video over similar means.    For instance, the "means for transmitting" limitation in

19 claim 1 of Samsung's '239 patent includes at least "cellular telephones, telephone lines, and/or

20 radio transmitters."   Dkt. 447 at 59.    The VirnetX patents similarly disclose transmissions using

21 cellular telephone technology such as CDMA, phone lines, and transmitters.    Ex. 18 at 35:6–10,

22 43:37–43.    Documents and testimony concerning Apple's infringement of the VirnetX patents

23 will show the manner in which Apple's products utilize FaceTime to transmit data to host units

24 and receive data transmitted from host units—evidence that is directly relevant to the asserted

25 claims of the Samsung '239 patent.    *See* Ex. 1.

26    Furthermore, as is clear from the limited publicly available materials from the *VirnetX*

27 litigation, Apple and VirnetX litigated a number of issues that will also be litigated in this case.

28 For instance, VirnetX presented evidence at trial that Apple "believed there was a high probability

1  that its customers infringed and took deliberate actions to avoid confirming infringement," as part

2  of a "a clear pattern of behavior by Apple employees."   *See VirnetX*, 2013 WL 692652 at *9.

3  Documents and testimony relating to Apple's efforts to stay apprised of patents relating to

4  FaceTime and the actions taken by Apple employees upon learning of patents relating to

5  FaceTime are relevant to Samsung's indirect and willful infringement claims.   *Cf. U.S. Bank*

6  *Nat'l Assoc. v. PHL Variable Ins.*, Corp., No. 12-0877, 2013 WL 772695, at *5 (D. Minn. Jan. 18,

7  2013) (ordering production of transcripts from other actions where such documents "could contain

8  or lead to admissible evidence" regarding defendant's knowledge).   Moreover, VirnetX presented

9  evidence regarding "how Apple instructs its customers to use the allegedly infringing features" in

10  support of its contention that "Apple intentionally encouraged its customers to infringe the

11  patents-in-suit."   *VirnetX*, 2013 WL 692652 at *9.   Evidence relating to the manner in which

12  Apple instructs or encourages customers to use FaceTime is clearly relevant to Samsung's indirect

13  infringement allegations in this case.   *See, e.g.,* Ex. 1 at 2, 24-25.

14       The *VirnetX* litigation also involved a number of damages issues directly relevant to this

15  case.   Apple and VirnetX litigated issues such as the extent to which Apple consumers use

16  FaceTime; the extent to which FaceTime contributes to consumer demand for Apple's products

17  and Apple's total profits; the incremental profit associated with adding a front-faced camera to the

18  device; the feasibility of alternative methods of transmitting data in terms of service quality and

19  cost effectiveness; and the proper royalty base and license structure for a hypothetical reasonable

20  royalty negotiation.   *VirnetX*, 2013 WL 692652 at *13-16.   All of these issues—and the

21  positions taken by Apple and its expert, Dr. Vellturo, who also serves as Apple's expert in this

22  case—are highly relevant to Samsung's damages claims regardless of the technological

23  differences between the '239 patent and the VirnetX patents.   Indeed, courts have compelled

24  production of damages-related testimony and documents from other patent cases, despite

25  technological differences that are even more pronounced than in this case.   *See, e.g., High Point*

26  *SARL v. Sprint Nextel Corp.*, No. 09-2269, 2012 WL 1533213, at *7-9 (D. Kan. Apr. 30, 2012)

27  (holding that plaintiff's CDMA cellular network patents were sufficiently related to VOIP patents

28

1   asserted against defendant by a different patentee to justify production of licenses, damages expert

2   reports and deposition testimony).

3       B.      The 701 Investigation and 703 Investigations Are Relevant to the Infringement and

4               Validity of Samsung's Patents

5           In the 1846 Case, Apple pointed to the Kodak litigation as an example of a patent case that

6   lacked a technological nexus because the 1846 Case "[did] not involve digital imaging

7   technology."   1846 Dkt. 502 at 20.   Unlike the 1846 Case, however, this case *does* involve

8   digital imaging technology.   Samsung asserts the '449 and '239 patents against many of the same

9   digital camera features of the same Apple products that were at issue in the 701 and 703

10  Investigations.   The similarities between Samsung's patents-in-suit and the patents asserted in the

11  701 and 703 Investigations—as well as the substantial overlap between the accused Apple

12  products—warrant production of documents from those cases.

13          Documents from the 701 Investigation are relevant because Nokia's '256 patent discloses

14  several components and capabilities that correspond to claim limitations found in Samsung's '449

15  and '239 patents.   Nokia's '256 patent claims (1) a "camera module" that processes an optical

16  image signal into an analog signal and then performs an analog-to-digital conversion, and (2) a

17  "mobile terminal processor" that performs data conversion and compression functions on digital

18  image data received by the camera module.   Ex. 19 at 8:14-63.   As set forth in Samsung's

19  Infringement Contentions, Samsung alleges that Apple infringes Samsung's '449 and '239 patents

20  because the accused products include (1) image sensors that convert optical images into analog

21  signals and, and then into digital signals using A/D converters, and (2) processors that receive

22  digital image signals from the image sensors and convert the data into formats such as H.264,

23  MPEG-4 and JPEG.   Ex. 1 at 2-5; Ex. 9 at 2-3.   Testimony, expert opinion, and other

24  documents from the 701 Investigation relating to the manner in which Apple's products capture,

25

26

27

28

1   convert and compress and image data, as claimed in Nokia's '256 patent, are relevant to whether

2   Apple infringes the Samsung '239 patent.[4]

3          Documents from the 703 Investigation are relevant to Samsung's '449 and '239 patents for

4   similar reasons.   Kodak's '218 patent, like Samsung's '449 and '239 patent, also discloses an

5   image sensor capable of capturing image data and components capable of processing that image

6   data.   Ex. 22 at 11:18-47.   In Kodak's '218 patent, the processor applies different processing

7   methods to "motion images" and "still images" (*id.* at 11:26-34, 11:44-47), just as the processor

8   described in Samsung's '449 patent applies different compression methods to "moving image

9   signals" and "still image signals."   (Ex. 9 at 3-6).   The display and digital memory limitations of

10  Kodak's '218 patent (Ex. 22 at 11:35-40, 11:48-49) correspond to the display and recording circuit

11  disclosed in Samsung's '449 patent (Ex. 9 at 5-6) and the "playback unit" and "means for storing"

12  limitations of Samsung's '239 patent (Ex. 1 at 16).

13         Because of the technological similarities between the patents, much of the expert testimony

14  and other evidence presented in the 701 and 703 Investigations overlap with the evidence the

15  parties will present in this case.   One of Apple's experts in this case, James Storer, served as

16  Apple's expert in the 701 Investigation with respect to Nokia's '256 patent.   *See* Ex. 23 at 2-3.

17  Similarly, one of Samsung's experts in this case, Woodward Yang, served as Nokia's expert for

18  the '256 patent.   *See* Ex. 24 at 2-3.   Datasheets, specifications, schematics and sales orders from

19  Omnivision Technologies, Inc, a third-party manufacturer of camera components for Apple,

20  appear on exhibits lists from both the 701 Investigation and the 703 Investigation.   Ex. 25 at 38-

21

22         [4]   The 701 Investigation is also relevant to Samsung's defenses to one of the Apple patents
23  asserted in this case, U.S. Patent No. 5,946,647 ("'647 patent").   In addition to Nokia's '256
    patent, Nokia asserted U.S. Patent No. 6,262,735 ("'735 patent"), which discloses "a system that
24  identifies structures in computer data [e.g. a phone number or URL], associates candidate actions
    with each detected structure, enables the selection of an action, and automatically performs the
25  selected actions on the identified structure."   Ex. 20 at 2:4-10.   Nokia's '735 patent bears a
    striking resemblance to Apple's '647 patent in that it also discloses a system for "utilizing of
26  information from a character-based message relating to different applications" having both "means
    for recognizing character combinations" and "means for activating or launching an application"
27  upon the user selecting a particular character combination.   Ex. 21 at 2:16-32.

28

1   40, 42; Ex. 26 at 39, 54; Ex. 27 at 20-21, 32.    Samsung has subpoenaed Omnivision in this case

2   to obtain documents and testimony regarding the image sensors found in the accused Apple

3   products.   Ex. 28.

4          In addition to valuable evidence regarding infringement, expert testimony and expert

5   reports from the 701 and 703 Investigations likely contain information relevant to the validity of

6   the Samsung '449 and '239 patents.   In addressing the validity of the Nokia '256 patent and

7   Kodak '218 patent, Apple necessarily took positions on issues that will be the subject of expert

8   testimony in this case, including the state of digital imaging technology for mobile phones, the

9   level of ordinary skill in the art of digital imaging technology, the problems known to persons of

10  ordinary skill in the art of digital imaging technology and the inferences and creative steps a

11  person of ordinary skill might take to solve those problems, and the motivations that a person of

12  ordinary skill might have to combine elements of digital imaging technology.   Indeed, Apple has

13  sought leave to amend its invalidity contentions for the Samsung '449 patent to add patents issued

14  to Ken Parulski, the inventor of Kodak's '218 patent.   *See* Dkt. 473-2 at 29, 178, 180, 233-236.

15  Mr. Parulski serves as Samsung's expert in this case, and is also the inventor of a prior art

16  reference cited on the face of Nokia's '256 patent.   Thakur Decl. ¶ 33; Ex. 19 (citing U.S. Patent

17  No. 6,122,526).   Apple has subpoenaed both Kodak and Mr. Parulski in this case to obtain

18  documents and testimony relating to the validity of Samsung's '449 and '239 patents.   Ex. 29;

19  Ex. 30.

20  II.    THE REQUESTED DISCOVERY IS NEITHER OVERBROAD NOR UNDULY

21         BURDENSOME

22         In general, discovery of relevant evidence may be limited only when the burden or expense

23  of the proposed discovery outweighs its likely benefit.   *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

24  Samsung's requests present no significant burden, however; numerous courts have ordered much

25  broader productions from prior litigations.   *See, e.g., Snowden By and Through Victor v.*

26  *Connaught Labs., Inc.*, 137 F.R.D. 325, 328 (1991) (compelling production of all interrogatories,

27  document demands, requests for admission, deposition transcripts, and hearing transcripts from

28  213 different cases); *Abel v. Mylan, Inc.*, No. 09–065 , 2010 WL 3910141, at *2 (N.D. Okla. Oct.

1   4, 2010) (compelling production of all transcripts and expert reports from 112 cases because "[i]t

2   is not inconceivable that testimony from other cases . . . could have a bearing on material

3   facts/issues in this case.")

4          Apple's burden objection is foreclosed by the Court's previous decisions in the 1846 Case,

5   where Samsung requested deposition transcripts and other documents from nearly double the

6   number of cases.    The Court stated there was "no serious burden objection on Apple's part"

7   because Apple could "produce the materials fairly quickly" from central databases with litigation

8   documents that are easily accessed by counsel.[5]   Ex. 31, 6/21/2012 Hearing Tr. at 129:8-130:4,

9   and 130:14-20 ("There's a deposition transcript sitting in Apple's database as I speak that you can

10  produce in about 10 minutes, I suspect, maybe 20.    So there's no burden objection.").    The

11  Court went so far as to describe Samsung's request for deposition transcripts as "essentially

12  burdenless."   *Id.* at 135:1-3.    Indeed, even Apple's counsel admitted that producing transcripts

13  of testimony from non-inventors was "not an immense practical problem."   *Id.* at 144:20-145:4.

## CONCLUSION

15         For the foregoing reasons, Samsung respectfully requests that the Court GRANT

16  Samsung's Motion to Compel Documents From Related Proceedings.

18  DATED:   May 7, 2013                     QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP

21                                    By  */s/ Victoria F. Maroulis*
22                                        Victoria F. Maroulis
                                          Attorney for SAMSUNG ELECTRONICS CO.,
23                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
24                                        TELECOMMUNICATIONS AMERICA, LLC

---

26  [5]     The Court's observation in this regard holds true particularly with respect to Samsung's
27  requests for documents from the 701 Investigation, where Apple was represented by the same
    counsel—Wilmer Cutler Pickering Hale and Dorr, LLP—that represents Apple in this case.   *See,*
    *e.g.,* Ex. 26 at 10.