QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-0630 LHK (PSG)<br><br>**DECLARATION OF AMAR L. THAKUR IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS** |

I, Amar L. Thakur, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Motion to Compel Documents From Related Litigations. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of Samsung's Patent L.R. 3-1(c) chart for U.S. Patent No. 5,579,239, served on November 19, 2012 as Exhibit H to Samsung's Second Amended Disclosure of Asserted Claims and Infringement Contentions.

3. Attached hereto as Exhibit 2 is a true and correct copy of the Third Amended Complaint filed by VirnetX Inc. on March 28, 2012, in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, Case No. 6:10-cv-00417-LED (E.D. Tex.) ("*VirnetX* litigation"), as downloaded from the PACER database.

4. Attached hereto as Exhibit 3 is a true and correct copy of Samsung's Eighth Set of Requests For Production of Documents and Things, dated November 15, 2012.

5. Attached hereto as Exhibit 4 is a true and correct copy Apple's Objections and Responses to Samsung's Eighth Set of Requests For Production of Documents and Things, dated December 17, 2012.

6. Attached hereto as Exhibit 5 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on December 20, 2012.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on March 5, 2013.

8. Attached hereto as Exhibit 7 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on January 11, 2013.

9. Attached hereto as Exhibit 8 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on March 21, 2013.

10. Attached hereto as Exhibit 9 is a true and correct copy of Samsung's Patent L.R. 3-1(c) chart for U.S. Patent No. 6,226,449 ("'449 patent"), served on November 19, 2012 as Exhibit G to Samsung's Second Amended Disclosure of Asserted Claims and Infringement Contentions.

11. Attached hereto as Exhibit 10 is a true and correct copy of the complaint filed against Apple by Nokia Corp. on December 29, 2009 in *In the Matter of Certain Electronic Products, Including Mobile Phones, Portable Music Players and Computers,* Investigation No. 337-TA-701 ("701 Investigation"), as downloaded from the ITC's EDIS database.

12. Attached hereto as Exhibit 11 is a true and correct copy of the complaint filed against Apple by the Eastman Kodak Company on January 14, 2010 in *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof*, Investigation No. 337-TA-703 ("703 Investigation"), as downloaded from the ITC's EDIS database.

13. Attached hereto as Exhibit 12 is a true and correct copy Samsung's Eleventh Set of Requests For Production of Documents and Things, dated January 15, 2013.

14. Attached hereto as Exhibit 13 is a true and correct copy Apple's Objections and Responses to Samsung's Eleventh Set of Requests For Production of Documents and Things, dated February 21, 2013.

15. Attached hereto as Exhibit 14 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on March 3, 2013.

16. Attached hereto as Exhibit 15 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on April 12, 2013. This letter separately addresses Samsung's earlier RFP 61, which seeks deposition transcripts from other cases relating to *Apple's* patents-in-suit.

17. The parties held a lead counsel meet and confer on May 2, 2013. During the meet and confer, the parties were ultimately able to resolve their dispute with respect to RFP 61, but not with respect to Samsung's requests for documents from the *VirnetX* litigation and the 701 and 703 Investigations, which are the subject of this motion. Apple initially refused to produce any

documents from the *VirnetX* litigation or the 701 and 703 Investigations, but later stated it would make a written proposal whereby Apple would produce documents from the *VirnetX* litigation.

18. Attached hereto as Exhibit 16 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on May 3, 2013, setting forth Apple's proposal regarding production of documents from the *VirnetX* litigation.

19. The parties held a telephonic meet and confer on May 7, 2013. During that call, Samsung explained that it could not accept Apple's proposal for at least two reasons. First, Samsung could not agree to withdraw its request for documents from the 701 and 703 Investigations. Second, while Samsung is already collecting and producing documents from certain other cases that the parties have previously agreed have a "technological nexus" with this one, Samsung *could not* agree to produce documents from additional, unidentified, cases based on a vague and seemingly retaliatory demand from Apple.

20. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the transcript of proceedings held in Case No. 11-cv-1846-LHK (PSG) on December 16, 2011.

21. Attached hereto as Exhibit 18 is a true and correct copy of U.S. Patent No. 7,921,211, asserted by VirnetX against Apple in the Eastern District of Texas, as downloaded from the PTO website.

22. Attached hereto as Exhibit 19 is a true and correct copy of U.S. Patent No. 6,895,256 ("Nokia's '256 patent"), which Nokia asserted against Apple in the 701 Investigation, as downloaded from the PTO website.

23. In addition to the '256 patent, Nokia also asserted U.S. Patent No. 6,262,735 ("Nokia's '735 patent") against Apple in the 701 Investigation. Attached hereto as Exhibit 20 is a true and correct copy of Nokia's '735 patent, as downloaded from the PTO website.

24. Attached hereto as Exhibit 21 is a true and correct copy of Apple's U.S. Patent No. 5,946,647 ("Apple's '647 patent").

-3-
THAKUR DECLARATION ISO SAMSUNG'S MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS

25. Attached hereto as Exhibit 22 is a true and correct copy of U.S. Patent No. 6,292,218 ("Kodak's '218 patent"), which Kodak asserted against Apple in the 703 Investigation, as downloaded from the PTO website.

26. Attached hereto as Exhibit 23 is a true and correct copy of Apple's Identification of Expert Witnesses, filed in the 701 Investigation on May 12, 2010, as downloaded from the ITC's EDIS database.

27. Attached hereto as Exhibit 24 is a true and correct copy of Nokia's Expert Witness Identification, filed in the 701 Investigation on May 12, 2010, as downloaded from the ITC's EDIS database.

28. Attached hereto as Exhibit 25 is a true and correct copy of excerpts from Nokia's exhibit list from the 701 Investigation, as downloaded from the ITC's EDIS database.

29. Attached hereto as Exhibit 26 is a true and correct copy of excerpts from Apple's exhibit list from the 701 Investigation, as downloaded from the ITC's EDIS database.

30. Attached hereto as Exhibit 27 is a true and correct copy of excerpts from Apple's exhibit list from the 703 Investigation, as downloaded from the ITC's EDIS database.

31. Attached hereto as Exhibit 28 is a true and correct copy of Samsung's Notice of Third-Party Subpoena to Omnivision Technologies, Inc., dated March 14, 2013, and served in the present case.

32. Attached hereto as Exhibit 29 is a true and correct copy of excerpts from Apple's Notice of Subpoena to Eastman Kodak Company, dated April 5, 2013, and served in the present case.

33. Attached hereto as Exhibit 30 is a true and correct copy of excerpts from Apple's Notice of Subpoena to Kenneth Parulski, dated April 25, 2013, and served in the present case. Mr. Parulski serves as Samsung's expert in the present case.

//

//

//

34. Attached hereto as Exhibit 31 is a true and correct copy of excerpts from the transcript of proceedings held in Case No. 11-cv-1846-LHK (PSG) on April 9, 2012.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on the 7th day of May, 2012, in Los Angeles, California.

*Amar L. Thakur*

Amar L. Thakur