# EXHIBIT 3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung
2  Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics
3  America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for
4  inspection and copying the documents and things set forth below at the offices of Quinn Emanuel
5  Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017,
6  within 30 days.

**DEFINITIONS**

8  1. The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,
9  Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,
10 subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,
11 consultant, staff member, or other representative of Apple, Inc., including counsel and patent
12 agents, in any country.

13 2. The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co.,
14 Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

15 3. The term "THIS LAWSUIT" shall mean the action captioned, *Apple, Inc. v.*
16 *Samsung Electronics Co., Ltd.,* Case No. 12-CV-00630-LHK (N.D. Cal.).

17 4. The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning
18 ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. This
19 includes copies which differ from the original in any way, including handwritten notations or other
20 written or printed matter. It also includes information stored electronically, whether in a
21 computer database or otherwise, regardless of whether such documents are presently also in non-
22 electronic form.

23 5. "COMMUNICATION," in the plural as well as the singular, means any transmittal
24 and/or receipt of information, whether such was oral or written, and whether such was by chance,
25 prearranged, formal or informal, and specifically includes, but is not limited to, conversations in
26 person, telephone conversations, electronic mail (including instant messages and text messages),
27 voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and
28 video and audio transmissions.

1    6.    The term "RELATING TO" or "RELATED TO" shall mean regarding, referring
2 to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving,
3 describing, discussing, commenting on, embodying, responding to, supporting, contradicting,
4 containing, or constituting (in whole or in part).

5    7.    The term "APPLE PATENTS" shall mean U.S. Patent Nos. 5,666,502, 5,946,647,
6 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, 8,086,604, and all parents, progeny,
7 continuations, applications, divisional applications, reexaminations, or reissues thereof and all
8 foreign counterpart applications and patents.

9    8.    "NAMED INVENTORS" shall mean the persons named as inventors on any of the
10 APPLE PATENTS.

11    9.    "PRIOR ART" shall mean any reference, publication, patent, physical specimen,
12 use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of
13 the APPLE PATENT including anything that is relevant to the patentability of any patent claim
14 under 35 U.S.C. §§ 102 and 103. Prior Art is not limited to references or other activities cited to
15 the United States Patent and Trademark Office during prosecution of any patent.

16    10.   "PATENTED FEATURES" shall refer to the alleged inventions claimed by the
17 APPLE PATENTS and their commercial embodiments.

18    11.   As used herein, the term "NEXT" refers to Next, Inc..

19    12.   As used herein, the term "OS X" refers to the operating system developed by
20 APPLE designed to run on Macintosh computers, also referred to as Mac OS X or Hera, Kodiak,
21 Cheetah, Puma, Jaguar, Panther, Tiger, Leopard, Snow Leopard, Leopard, Lion, and Mountain
22 Lion.

23    13.   As used herein, the term "OS X AUTOCOMPLETE" refers to the feature available
24 in OS X applications, wherein a user activating the Escape key, or the Option and Escape keys
25 simultaneously, activates a pop-up menu of word choices.

26    14.   The connectives "and," "or," and "and/or" shall be construed either disjunctively or
27 conjunctively, as necessary, to bring within the scope of these requests for production all
28 responses that might otherwise be construed to be outside of their scope.

15. The word "each" includes the word "every," and the word "every" includes the word "each," as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

16. The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

17. The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

18. The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

**INSTRUCTIONS**

1. Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which you would base your claim of privilege or immunity.

4. These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5. To the extent these Requests for Production encompass documents or things produced in response to SAMSUNG's preliminary injunction discovery requests, such documents or things need not be produced again in response to these Requests for Production.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 350:**

All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of U.S. Patent No. 6,502,135 ("the '135 patent"), U.S. Patent No. 6,839,759 ("the '759 patent"), U.S. Patent No. 7,188,180 ("the '180 patent"), U.S. Patent No. 7,418,504 ("the '504 patent"), and U.S. Patent No. 7,490,151 ("the '151 patent"), including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 351:**

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 352:**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

1   **REQUEST FOR PRODUCTION NO. 353:**

2   All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No.
3   6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO
4   Apple's defenses or counterclaims, including without limitation any and all expert reports,
5   invalidity contentions, responses to interrogatories, and responses to requests for admission.

6

7   **REQUEST FOR PRODUCTION NO. 354:**

8   All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et*
9   *al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING
10  TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs,
11  opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits
12  to supporting declarations filed in connection with dispositive motions, discovery motions,
13  *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

14

15  **REQUEST FOR PRODUCTION NO. 355:**

16  All transcripts of depositions, trial transcripts or other DOCUMENTS containing any
17  testimony and or RELATING TO Apple's defenses or counterclaims in *VirnetX Inc. v. Cisco*
18  *Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

19

20  **REQUEST FOR PRODUCTION NO. 356:**

21  All DOCUMENTS served by any party *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-
22  cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any
23  damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent,
24  the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation
25  any and all expert reports, responses to interrogatories, and responses to requests for admission.

26

27

28

**REQUEST FOR PRODUCTION NO. 357:**

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 358:**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

**REQUEST FOR PRODUCTION NO. 359:**

All DOCUMENTS, from *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.), to the extent such DOCUMENTS RELATE to Apple, associated with the following docket entry numbers: 179, 190, 195, 196, 224, 233, 235, 243, 253, 267, 271, 272, 288, 296, 320, 325-334, 335-338, 344-345, 350-352, 360-363, 367-376, 386, 392-395, 403-410, 419, 441, 442, 445, 447, 456, 459, 460, 463, 464, 480, 481, 487, 497-498, 510, 517, 523, 524, 532-533, 537, 538, 539, 545, 546, 551, 570, 574-575, 594, and 599.

**REQUEST FOR PRODUCTION NO. 360:**

All DOCUMENTS prepared by any expert, including any technical, economic, marketing, licensing or damages experts, in connection with *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

**REQUEST FOR PRODUCTION NO. 361:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent.

**REQUEST FOR PRODUCTION NO. 362:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's defenses or counterclaims.

**REQUEST FOR PRODUCTION NO. 363:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent.

| | |
|---|---|
| DATED: November 15, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

                                    By  /s/ Victoria F. Maroulis
                                       Charles K. Verhoeven
                                       Kevin P.B. Johnson
                                       Victoria F. Maroulis
                                       William C. Price

                                       John Caracappa (*pro hac vice*)
                                     Steptoe & Johnson, LLP
                                     1330 Connecticut Avenue, NW
                                     Washington DC 20036
                                     TEL:   202-429-6267
                                     FAX:   202-429-3902

                                     Attorneys for Defendants
                                     SAMSUNG ELECTRONICS CO., LTD.,
                                     SAMSUNG ELECTRONICS AMERICA, INC.,
                                     and SAMSUNG TELECOMMUNICATIONS
                                     AMERICA, LLC