# EXHIBIT 4

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Case No. 12-CV-00630-LHK
APPLE'S RESPONSE TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Eighth Set of Requests for Production of Documents and Things served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") on November 15, 2012 (the "Requests") as follows:

**GENERAL OBJECTIONS**

1. Apple incorporates the General Objections included in its Objections and Responses to Samsung's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Sets of Requests for Production. Apple also makes the following general responses and objections ("General Objections") to each definition, instruction, and request propounded in Samsung's Eighth Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual requests does not waive any of Apple's General Objections.

2. These responses are made solely for the purpose of the above-entitled action. Apple will respond to the Requests on the basis of the best information available to it at the time of gathering responsive materials, and within the limits and subject to the objections described below. Further investigation may reveal additional information that is responsive to these Requests. Apple reserves the right to continue its discovery and investigation into this matter and to present additional information discovered after the date of the present responses. Apple's responses to these Requests are made without waiver and with the preservation of: all issues as to the competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this litigation and in any other action or matter; the right to object to the use of any such responses or the subject matter thereof on any ground in any further proceeding in this litigation and in any other action or matter; the right to object on any

1  ground at any time to a demand or request for further response; and the right at any time to
2  review, correct, add to, supplement, or clarify any of the responses contained herein.
3      3.     Apple objects to each and every definition, instruction, and request to the
4  extent it exceeds the obligations imposed by the Federal Rules of Civil Procedure, the
5  Federal Rules of Evidence, the Local Rules of the United States District Court for the
6  Northern District of California, and/or the Court's Orders. Apple also objects to the Requests
7  as overbroad, unduly burdensome, and not consistent with the Federal Rules of Civil
8  Procedure and Evidence to the extent that they seek production of documents that are already
9  in the possession, custody, or control of Samsung and/or its legal counsel, publicly available,
10  unreasonably cumulative, duplicative of, already known, and/or equally available to
11  Samsung and/or its legal counsel.
12      4.     Apple's responses herein, or any production of documents by Apple, are not
13  an admission that responsive documents exist or that produced documents are responsive.
14  Further, Apple's response to any particular request should not be taken as an admission that it
15  accepts or admits the existence of any fact set forth or assumed by the request, or that the
16  response constitutes admissible evidence. No response to any portion of any request shall be
17  deemed a waiver of any objection not set forth herein that could be made to any such portion
18  of the request regarding relevancy of the information or its admissibility. Rather, these
19  responses and any documents produced reflect Apple's attempt to produce non-privileged
20  documents as they are kept in the ordinary course of business and within the timeline set
21  forth by the appropriate Court Orders.
22      5.     Apple objects to the Requests to the extent that they seek documents that are
23  not relevant to the claims or defenses of any party in this litigation and not reasonably
24  calculated to lead to the discovery of admissible evidence. Apple further objects to the
25  Requests to the extent they are not limited in time and seek documents for periods of time
26  that are not relevant to any claim or defense. Apple also objects to any Request that seeks

-2-

1  irrelevant documents about Apple's products or business operations. Such requests are
2  overbroad and unduly burdensome. Apple will only produce documents that are relevant to
3  the patents-in-suit or are otherwise related to the claims or defenses of the parties asserted by
4  the parties in this litigation.

5        6.      Apple objects to the Requests to the extent that they purport to define words
6  or phrases to have a meaning different from their commonly understood meaning or to
7  include more than their commonly understood definitions. Apple will make, and has made,
8  reasonable efforts to respond to these Requests, to the extent that no objection is made, as
9  Apple reasonably understands and interprets each Request. If Samsung subsequently asserts
10 any interpretation of any Request that differs from the interpretation of Apple, Apple reserves
11 the right to supplement and amend its objections and responses.

12       7.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU,"
13 and "YOUR" to the extent they purport to include persons or entities that are separate and
14 distinct from Apple and are not under Apple's control. Apple will thus define all such terms,
15 and limit its responses accordingly, to mean Apple Inc.

16       8.      Apple objects to Samsung's definition of "DOCUMENT" and
17 "DOCUMENTS" to the extent that it purports to impose conditions, obligations, or duties
18 beyond those required by Rules 26 and 34 of the Federal Rules of Civil Procedure. For
19 purposes of responding to these Requests, Apple interprets the term "DOCUMENT" and
20 "DOCUMENTS" in accordance with its ordinary meaning found in the Federal Rules of
21 Civil Procedure.

22       9.      Apple objects to Samsung's definition of "COMMUNICATION" on the
23 grounds that it is vague, overly broad, and unduly burdensome. Samsung's definition of this
24 term renders each Request incorporating the term vague, overly broad, and unduly
25 burdensome.

Case No. 12-CV-00630-LHK
APPLE'S RESPONSES TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION

1     10.    Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad. Apple further objects to such terms to the extent they would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response. Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

      11.    Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests. Apple further objects because it is impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

      12.    Apple objects to the Requests to the extent that they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation. Apple reserves the right to object to the introduction or any other use of any privileged or protected document that may be inadvertently produced. Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April

-4-

15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log. Further, all communications between Apple and its legal counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

13. Apple objects to any Request to the extent it is premature and/or to the extent that it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

14. To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted pursuant to the March 29, 2012 Stipulation and Order Regarding Discovery.

15. Apple objects to each and every Request to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

16. Apple objects to each and every Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business,

-5-

1  proprietary, competitively sensitive, or technical information not relevant to the patents-in-
2  suit or otherwise related to the claims or defenses asserted by the parties in this litigation.
3  This includes information covered by confidentiality agreements between Apple and any
4  third party. Apple will produce such document(s) subject to the Protective Order and subject
5  to notice to third parties, only where such documents are relevant and as necessary.

6       17.    Apple objects to the Requests to the extent they seek documents that are not in
7  the possession, custody, or control of Apple, purport to require Apple to speculate about the
8  identity of persons who might have responsive documents, and/or purport to call for
9  documents that Apple no longer possesses and/or was under no obligation to maintain.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 350:**

All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of U.S. Patent No. 6,502,135 ("the '135 patent"), U.S. Patent No. 6,839,759 ("the '759 patent"), U.S. Patent No. 7,188,180 ("the '180 patent"), U.S. Patent No. 7,418,504 ("the '504 patent"), and U.S. Patent No. 7,490,151 ("the '151 patent"), including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 350:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or

-6-

1  privileged information of third parties, including but not limited to third party business or
2  technical information.

3  **REQUEST FOR PRODUCTION NO. 351:**

4  All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc.
5  et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.)
6  RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180
7  patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter
8  briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations,
9  and exhibits to supporting declarations filed in connection with dispositive motions,
10 discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial
11 motions.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 351:**

13 Apple objects to this request as not reasonably calculated to lead to the discovery of
14 admissible evidence, on the ground that it does not seek documents relating to the claims and
15 defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
16 present action within the meaning of "technological nexus" agreed to by the parties.  Apple
17 also objects to this request on the grounds and to the extent it seeks to require Apple to
18 identify or produce any information or documents that contain the private, confidential, or
19 privileged information of third parties, including but not limited to third party business or
20 technical information.

21 **REQUEST FOR PRODUCTION NO. 352:**

22 All transcripts of depositions, trial transcripts or other DOCUMENTS containing any
23 testimony and or statements RELATING TO Apple's alleged infringement of the '135 patent,
24 the '759 patent, the '180 patent, the '504 patent, and the '151 patent in *VirnetX Inc. v. Cisco
25 Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D.
26 Tex.).

27 -7-

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 352:**

2  Apple objects to this request as not reasonably calculated to lead to the discovery of
3  admissible evidence, on the ground that it does not seek documents relating to the claims and
4  defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
5  present action within the meaning of "technological nexus" agreed to by the parties.  Apple
6  also objects to this request on the grounds and to the extent it seeks to require Apple to
7  identify or produce any information or documents that contain the private, confidential, or
8  privileged information of third parties, including but not limited to third party business or
9  technical information.

10 **REQUEST FOR PRODUCTION NO. 353:**

11  All DOCUMENTS served by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*,
12  No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING
13  TO Apple's defenses or counterclaims, including without limitation any and all expert
14  reports, invalidity contentions, responses to interrogatories, and responses to requests for
15  admission.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 353:**

17  Apple objects to this request as not reasonably calculated to lead to the discovery of
18  admissible evidence, on the ground that it does not seek documents relating to the claims and
19  defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
20  present action within the meaning of "technological nexus" agreed to by the parties.  Apple
21  also objects to this request on the grounds and to the extent it seeks to require Apple to
22  identify or produce any information or documents that contain the private, confidential, or
23  privileged information of third parties, including but not limited to third party business or
24  technical information.

25  **REQUEST FOR PRODUCTION NO. 354:**

26
27  -8-
28

1  All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc.*
2  *et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.)
3  RELATING TO Apple's defenses or counterclaims, including without limitation all briefs,
4  letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting
5  declarations, and exhibits to supporting declarations filed in connection with dispositive
6  motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-
7  trial motions.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 354:**

9  Apple objects to this request as not reasonably calculated to lead to the discovery of
10 admissible evidence, on the ground that it does not seek documents relating to the claims and
11 defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
12 present action within the meaning of "technological nexus" agreed to by the parties.  Apple
13 also objects to this request on the grounds and to the extent it seeks to require Apple to
14 identify or produce any information or documents that contain the private, confidential, or
15 privileged information of third parties, including but not limited to third party business or
16 technical information.

17 **REQUEST FOR PRODUCTION NO. 355:**

18 All transcripts of depositions, trial transcripts or other DOCUMENTS containing any
19 testimony and or RELATING TO Apple's defenses or counterclaims in *VirnetX Inc. v. Cisco*
20 *Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D.
21 Tex.).

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 355:**

23 Apple objects to this request as not reasonably calculated to lead to the discovery of
24 admissible evidence, on the ground that it does not seek documents relating to the claims and
25 defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
26 present action within the meaning of "technological nexus" agreed to by the parties.  Apple

27 -9-

28

1  also objects to this request on the grounds and to the extent it seeks to require Apple to
2  identify or produce any information or documents that contain the private, confidential, or
3  privileged information of third parties, including but not limited to third party business or
4  technical information.

**REQUEST FOR PRODUCTION NO. 356:**

All DOCUMENTS served by any party *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10- cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation any and all expert reports, responses to interrogatories, and responses to requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 356:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 357:**

All DOCUMENTS filed under seal by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO any damages suffered by VirnetX Inc. as a result of Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-

-10-

1  reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations
2  filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in*
3  *limine*, motions to strike, and post-trial motions.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 357:**

5  Apple objects to this request as not reasonably calculated to lead to the discovery of
6  admissible evidence, on the ground that it does not seek documents relating to the claims and
7  defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
8  present action within the meaning of "technological nexus" agreed to by the parties.  Apple
9  also objects to this request on the grounds and to the extent it seeks to require Apple to
10 identify or produce any information or documents that contain the private, confidential, or
11 privileged information of third parties, including but not limited to third party business or
12 technical information.

13 **REQUEST FOR PRODUCTION NO. 358:**

14 All transcripts of depositions, trial transcripts or other DOCUMENTS containing any
15 testimony and or statements RELATING TO damages suffered by VirnetX Inc. as a result of
16 Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504
17 patent, and the '151 patent in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-
18 LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 358:**

20 Apple objects to this request as not reasonably calculated to lead to the discovery of
21 admissible evidence, on the ground that it does not seek documents relating to the claims and
22 defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
23 present action within the meaning of "technological nexus" agreed to by the parties.  Apple
24 also objects to this request on the grounds and to the extent it seeks to require Apple to
25 identify or produce any information or documents that contain the private, confidential, or

26

27 -11-

28

1  privileged information of third parties, including but not limited to third party business or
2  technical information.

3  **REQUEST FOR PRODUCTION NO. 359:**

4  All DOCUMENTS, from *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-
5  00417- LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.), to the extent such
6  DOCUMENTS RELATE to Apple, associated with the following docket entry numbers: 179,
7  190, 195, 196, 224, 233, 235, 243, 253, 267, 271, 272, 288, 296, 320, 325-334, 335-338, 344-
8  345, 350-352, 360-363, 367-376, 386, 392-395, 403-410, 419, 441, 442, 445, 447, 456, 459,
9  460, 463, 464, 480, 481, 487, 497-498, 510, 517, 523, 524, 532-533, 537, 538, 539, 545, 546,
10 551, 570, 574-575, 594, and 599.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 359:**

12 Apple objects to this request as not reasonably calculated to lead to the discovery of
13 admissible evidence, on the ground that it does not seek documents relating to the claims and
14 defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
15 present action within the meaning of "technological nexus" agreed to by the parties.  Apple
16 also objects to this request on the grounds and to the extent it seeks to require Apple to
17 identify or produce any information or documents that contain the private, confidential, or
18 privileged information of third parties, including but not limited to third party business or
19 technical information.

20 **REQUEST FOR PRODUCTION NO. 360:**

21 All DOCUMENTS prepared by any expert, including any technical, economic,
22 marketing, licensing or damages experts, in connection with *VirnetX Inc. v. Cisco Systems,*
23 *Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.).

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 360:**

25 Apple objects to this request as not reasonably calculated to lead to the discovery of
26 admissible evidence, on the ground that it does not seek documents relating to the claims and

-12-

1  defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the
2  present action within the meaning of "technological nexus" agreed to by the parties. Apple
3  also objects to this request on the grounds and to the extent it seeks to require Apple to
4  identify or produce any information or documents that contain the private, confidential, or
5  privileged information of third parties, including but not limited to third party business or
6  technical information.

**REQUEST FOR PRODUCTION NO. 361:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's alleged infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151 patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 361:**

Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties. Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

**REQUEST FOR PRODUCTION NO. 362:**

All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D. Tex.) RELATING TO Apple's defenses or counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 362:**

-13-

1   Apple objects to this request as not reasonably calculated to lead to the discovery of

2   admissible evidence, on the ground that it does not seek documents relating to the claims and

3   defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the

4   present action within the meaning of "technological nexus" agreed to by the parties.  Apple

5   also objects to this request on the grounds and to the extent it seeks to require Apple to

6   identify or produce any information or documents that contain the private, confidential, or

7   privileged information of third parties, including but not limited to third party business or

8   technical information.

9   **REQUEST FOR PRODUCTION NO. 363:**

10  All trial exhibits and trial demonstratives used by any party in *VirnetX Inc. v. Cisco*

11  *Systems, Inc. et al.*, No. 6:10-cv-00417-LED (E.D. Tex.) and No. 6:12-cv-00855-LED (E.D.

12  Tex.) RELATING TO damages suffered by VirnetX Inc. as a result of Apple's alleged

13  infringement of the '135 patent, the '759 patent, the '180 patent, the '504 patent, and the '151

14  patent.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 363:**

16  Apple objects to this request as not reasonably calculated to lead to the discovery of

17  admissible evidence, on the ground that it does not seek documents relating to the claims and

18  defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the

19  present action within the meaning of "technological nexus" agreed to by the parties.  Apple

20  also objects to this request on the grounds and to the extent it seeks to require Apple to

21  identify or produce any information or documents that contain the private, confidential, or

22  privileged information of third parties, including but not limited to third party business or

23  technical information.

24

25

26

27  -14-

28

Dated: December 17, 2012

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

-15-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSES TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION

CERTIFICATE OF SERVICE

I, Michael Silhasek, hereby certify that on December 17, 2012, true and correct copies of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL:**

**Charles K. Verhoeven**
**Kevin A. Smith**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**Kevin P.B. Johnson**
**Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

**William C. Price**
**Michael L. Fazio**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com

-16-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSES TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION

**John M. Caracappa**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902
jcaracap@steptoe.com

I declare under the penalty of perjury that the foregoing is true and correct.

<u>/s/ Michael Silhasek</u>
Michael Silhasek

-17-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSES TO SAMSUNG'S EIGHTH SET OF REQUESTS FOR PRODUCTION