# EXHIBIT 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
amarthakur@quinnemanuel.com

December 20, 2012

<u>Via E-Mail</u>

Mark D. Selwyn
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

Re:   Apple Inc. v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write regarding Apple Inc.'s Objections and Responses to Samsung's Eighth Set of Requests for Production of Documents and Things ("Samsung's Requests").

**Apple's Relevancy Objection**

Apple has declined to produce any documents responsive to Samsung's Requests, and instead objects on identical grounds to each and every Request. Apple's objection proceeds as follows:

> Apple objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it does not seek documents relating to the claims and defenses at issue in this case. The VirnetX litigation has no "technological nexus" with the present action within the meaning of "technological nexus" agreed to by the parties.

However, Apple's objection is wholly without merit. Samsung's Requests do not contain any "technological nexus" limitation. Apple may not unilaterally impose its own limitation and then

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

refuse to produce documents because Samsung's Requests purportedly fail to meet Apple's limitation.

Further, documents responsive to Samsung's Requests are relevant for a number of reasons. As an example, Samsung'sRequests require production of documents related to FaceTime, an Apple product at issue both in the VirnetX litigation and in this litigation. Apple is obligated to produce these and any other documents responsive to Samsung's Requests. Please confirm that Apple will do so.

**Apple's Confidentiality Objection**

Apple also objects on grounds of confidentiality to each of Samsung's Requests, stating:

> Apple also objects to this request on the grounds and to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.

Here too, Apple's objection is an insufficient basis upon which to withold production of responsive documents. If Apple has actually determined that responsive documents contain private or confidential information of third parties, it should inform Samsung of exactly what documents, information, and third parties are at issue so that Samsung can assess the basis for Apple's objection. In light of the Protective Order operative in this case, it is difficult to see how Apple's concerns could justify withholding any documents. If Apple contends that it requires permission from third parties to produce any such documents, then Apple should immediately seek such permission. Apple is obligated to produce documents responsive to Samsung's Requests immediately.

Pleaes provide a reponse to the foregoing issues no later than December 28, 2012, including a date by which Samsung can expect Apple's production pursuant to Samsung's Requests. Should Apple choose to stand on its objections, Samsung will raise these issues at the next lead trial counsel meet and confer.

Very truly yours,

*Amar L. Thakur*

Amar L. Thakur