# EXHIBIT 8

WILMERHALE

March 21, 2013

**BY ELECTRONIC MAIL**

Peter J. Kolovos

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

Re:   Apple Inc. v. Samsung Electronics Co. Ltd., et al.,
      Case No. 12-cv-00630 (N.D. Cal.)

Dear Amar:

I write in response to your March 5, 2013 letter regarding Apple's response to Samsung's 8th Set of Requests for Production, and to certain issues raised in your March 3, 2013 letter regarding Apple's responses to Samsung's 11th Set of Requests for Production.

**Samsung's 8th Set of Requests**

Apple maintains its objections as set forth in its responses and our letter of January 11, 2013. Whether measured by the parties' agreed definition of "technological nexus" or not, the point remains the same: the patents asserted and technology at issue in the VirnetX litigation (the establishment of secure communications between computers) are different from those at issue in this case, and Samsung's attempt (in your March 5 letter) to show otherwise is unconvincing. Further, as explained in our January 11 letter, the mere fact that FaceTime is accused in both cases does not entitle Samsung to the wholesale production of all materials from the VirnetX litigation. Indeed, we imagine Samsung would not be amenable to the production of all documents produced, served, or filed by any party in all other cases in which an accused feature of a Samsung accused product is also at issue.

**Samsung's 11th Set of Requests**

Request Nos. 597-605

Samsung claims that Request Nos. 597-605 are "reasonably limited in scope to particular classes of documents from a particular investigation," but this is plainly untrue. Collectively, among other things, Samsung's requests expressly seek *all* expert reports, invalidity contentions, interrogatory responses, requests for admission, briefs, letter briefs, *Daubert* motions, post-trial motions, trial transcripts, deposition transcripts, trial exhibits, demonstratives, all documents prepared by any expert, and all documents relating to Apple's defenses or counterclaims. In sum, Samsung seeks virtually all documents related to the 701 investigation, regardless of whether those documents bear any relation to the issues in this case.

**WilmerHale**

Amar L. Thakur, Esq.
March 21, 2013
Page 2

Samsung also takes issue with Apple's objection that the 701 Investigation does not have a technological nexus to this litigation because the parties have not agreed to a technological nexus limitation for Request Nos. 597-605. Again, whether or not measured by the agreed definition of technological nexus, Samsung's requests must be reasonably calculated to lead to the discovery of admissible evidence. As there is no technological nexus between the 701 Investigation and this case, Samsung should explain why the discovery it seeks would be relevant to any claim or defense at issue here.

Finally, Samsung asserts that its requests are "targeted at relevant evidence" because the '256 patent and the '449 patent both relate to digital cameras for mobile phones. In light of the breadth of the discovery sought by these requests, Samsung's purported justification further demonstrates that these requests are not reasonably tailored. As Samsung notes when discussing Request Nos. 629-637, the '449 patent pertains to aspects of image data storage and transmission. The '256 patent to Nokia covers other, different functionality related to the control of the image sensor of the camera by the processor. As such, the discovery sought by Samsung is improper and not reasonably calculated to lead to the discovery of admissible evidence.

Request Nos. 606-607

Among other things, Apple objected to Request Nos. 606 and 607 as vague and failing to describe with reasonable particularity the documents sought. Nevertheless, Apple agreed to produce responsive, non-privileged communications with AT&T that describe the relevant components, features, and/or functionality accused by Samsung in its Infringement Contentions.

In its correspondence, Samsung now appears to suggest that there are or may be documents that are "related to this lawsuit" that do not relate to the "relevant components, features, and/or functionality accused by Samsung in its contentions." If this is in fact Samsung's contention, it would be helpful in evaluating Samsung's requests if Samsung offered examples of what these documents might be and why Samsung is entitled to such discovery.

Request Nos. 610-612 and Request Nos. 614-619

As indicated in its responses to these requests, Apple is not withholding responsive, non-privileged documents that describe relevant components, features, and/or functionality identified by Samsung in its Infringement Contentions. To the extent that Samsung's requests seek information about features and functionalities beyond what it has accused in its contentions, however, such documents are not relevant to this litigation and will not be produced.

WILMERHALE

Amar L. Thakur, Esq.
March 21, 2013
Page 3

Request Nos. 620-628

For similar reasons as stated above with regard to Request Nos. 597-605, which are nearly identical to Request Nos. 620-628 except that they pertain to a different investigation, Request Nos. 620-628 are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The patent-in-suit in the 703 Investigation, the '218 patent to Kodak, pertains to generating preview images of a photo before a photo is actually taken; it does not pertain to image data storage and transmission.  Thus, the discovery sought by Samsung is inappropriate and not relevant to this case.

Request Nos. 629-637

Samsung's Request Nos. 629-637 are grossly overbroad.  These requests collectively seek ***all transcripts*** and ***all documents*** ever filed, served, or used by ***any party*** in ***any litigation or ITC investigation*** as an exhibit or as a demonstrative that relate to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data.  These requests are not reasonably calculated to lead to the discovery of admissible evidence, including, for example, because Samsung's requests are not even limited to those actions in which Apple was a party.  Since Samsung has not articulated any reasons why the scope of the discovery sought in these requests is appropriate, Apple stands by its objections.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos