# EXHIBIT 12

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 594-647)** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for inspection and copying the documents and things set forth below at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017, within 30 days.

**DEFINITIONS**

1.      The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple, Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Apple, Inc., including counsel and patent agents, in any country.

2.      The term "BOOMERANG" means all versions of the Boomerang software developed by Hiro Yamamoto and/or Zeta Soft, including but not limited to Boomerang 1.0, Boomerang 2.0, Boomerang 2.1, "Super Boomerang" and the software referred to on pages 52 and 53 of Saul Greenberg, *The Computer User as Toolsmith: The Use, Reuse, and Organization of Computer-Based Tools* (attached as Exhibit 1).

3.      The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

4.      "This Lawsuit" shall mean the action captioned, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 12-CV-00630-LHK (N.D. Cal.).

5.      The term "'087 PATENT" shall mean U.S. Patent No. 7,756,087 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claims the same subject matter.

6.      The term "'596 PATENT" shall mean U.S. Patent No. 7,551,596 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claims the same subject matter.

7.     The term "'239 PATENT" shall mean U.S. Patent No. 5,579,239 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claims the same subject matter.

8.     The term "'087 PATENT ACCUSED PRODUCTS" shall mean the iPhone 4, iPhone 4S, iPhone 5, iPad 2, iPad 3, iPad 4, and iPad Mini, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of the '087 PATENT.

9.     The term "'596 PATENT ACCUSED PRODUCTS" shall mean the iPhone 4, iPhone 4S, iPhone 5, iPad 2, iPad 3, iPad 4, and iPad Mini, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of the '596 PATENT.

10.    The term "'239 PATENT ACCUSED PRODUCTS" shall mean all Apple iPhone 4, the Apple iPhone 4S, the iPhone 5, the iPad 2, the iPad 3, the iPad 4, the iPad Mini; the iPod Touch; Macs; iMacs; Macbooks, and PCs running iTunes with cameras, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of the '239 PATENT.

11.    The term "3GPP" shall mean the organization known as the 3rd Generation Partnership Project which specifies, develops, and promulgates technical specifications for wireless networks.

12.    The term "UMTS" shall mean the Universal Mobile Telecommunications System as developed and promulgated by 3GPP.

13.    The term "WCDMA" shall mean Wideband Code Division Multiple Access, a member of the UMTS family of standards.

14.    The term "GSM" shall means the standard known as Global System for Mobile Communications.

15.    The term "Baseband Processor" shall mean a processor in a mobile telecommunications device that is mainly used to process communication functions.

16.    The term "ETSI" shall mean the European Telecommunications Standards Institute.

17.     The term "ESSENTIAL" shall mean necessary for implementation of any mobile wireless standard, such that the standard, or some part of the standard, could not be practiced without infringing the patent or technology to which "essential" refers.

18.     The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.    This includes copies which differ from the original in any way, including handwritten notations or other written or printed matter.    It also includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently also in non-electronic form.    "DOCUMENT" or "DOCUMENTS" shall include, but are not limited to, any "COMMUNICATION" as defined herein.

19.     The term "SOFTWARE" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

20.     The term "EXECUTABLE SOFTWARE" shall mean computer files containing encoded instructions capable of being executed by a processing unit (e.g. central processing unit, microcontroller), and any release notes describing the features or modifications of such files. The term shall include, without limitation, firmware and executable binary files.

21.     The term "SOURCE CODE" shall mean human-readable programming language text that defines SOFTWARE, firmware, or electronic hardware descriptions.    SOURCE CODE files include, but are not limited to, files containing source in "Java," "C," "C++," assembler, VDHL, Verilog, and digital signal processor ("DSP") programming languages.    SOURCE CODE files further includes "Include" files, "make" files, link files, and other human-readable text files used in the generation and/or building of SOFTWARE directly executed on an application processor, micro-controller, or DSP.

22.     The term "Baseband Processor" shall mean a processor in a mobile telecommunications device that is mainly used to process communication functions.

23.     The term "PRIOR ART" shall mean any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that are relevant to any patent claim under 35 U.S.C. §§ 102 and 103.   Prior Art is not limited to references or other activities cited to the United States Patent and Trademark Office during prosecution of any patent.

24.     The term "WEB OBJECTS" refers to APPLE's application development environment and framework of the same name.

25.     The term "ENTERPRISE OBJECTS FRAMEWORK" refers to APPLE's database application development environment and framework of the same name.

26.     The term "MAC OSX" refers to APPLE's operating system of the same name.

27.     The term "ICAL" refers to the calendar application of the same name, developed by Apple.

28.     The term "ADDRESS BOOK" refers to the contacts application of the same name, developed by Apple.

29.     "COMMUNICATION," in the plural as well as the singular, means any transmittal and/or receipt of information, whether such was oral or written, and whether such was by chance, prearranged, formal or informal, and specifically includes, but is not limited to, conversations in person, telephone conversations, electronic mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and video and audio transmissions.

30.     The term "RELATING TO " or "RELATED TO" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

31.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

32.     The word "each" includes the word "every," and the word "every" includes the word "each," as necessary, to bring within the scope of these requests for production all responses

that might otherwise be construed to be outside of their scope.

33.     The word "any" includes the word "all," and the word "all" includes the word "any," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

34.     The word "all" includes the word "each," and the word "each" includes the word "all," as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

35.     The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

## **INSTRUCTIONS**

1.     Each DOCUMENT is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3.     In the event that any DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which YOU would base YOUR claim of privilege or immunity.

4.     These Requests for Production shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

5.     To the extent these Requests for Production encompass documents or things produced in response to SAMSUNG's preliminary injunction discovery requests, such documents or things need not be produced again in response to these Requests for Production.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 594:**

All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles publications, and COMMUNICATIONS relating to any and all versions of BOOMERANG.

**REQUEST FOR PRODUCTION NO. 595:**

All COMMUNICATIONS between YOU and Hiro Yamamoto prior to August 7, 1995.

**REQUEST FOR PRODUCTION NO. 596:**

All COMMUNICATIONS between YOU and Zeta Soft prior to August 7, 1995.

**REQUEST FOR PRODUCTION NO. 597**

All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of U.S. Patent No. 6,895,256 ("the '256 patent"), including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admissions.

**REQUEST FOR PRODUCTION NO. 598**

All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of the '256 patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in

connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 599**

All depositions transcripts, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO Apple's alleged infringement of the '256 patent in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*).

**REQUEST FOR PRODUCTION NO. 600**

All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses and counterclaims, including without limitation any and all expert reports, invalidity contentions, responses to interrogatories, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 601**

All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection and with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 602**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing testimony and or RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In*

*the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*).

**REQUEST FOR PRODUCTION NO. 603**

All DOCUMENTS prepared by any expert, including any technical, economic, marketing, licensing or damages experts, in connection with the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) .

**REQUEST FOR PRODUCTION NO. 604**

All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of the '256 patent.

**REQUEST FOR PRODUCTION NO. 605**

All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or counterclaims.

**REQUEST FOR PRODUCTION NO. 606**

All DOCUMENTS reflecting COMMUNICATIONS with or RELATED TO AT&T.

**REQUEST FOR PRODUCTION NO. 607**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO This Lawsuit.

**REQUEST FOR PRODUCTION NO. 608**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the '087
PATENT.

**REQUEST FOR PRODUCTION NO. 609**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the '596
PATENT.

**REQUEST FOR PRODUCTION NO. 610**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the
enhanced uplink dedicated channel ("E-DCH").

**REQUEST FOR PRODUCTION NO. 611**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO non-
scheduled transmissions.

**REQUEST FOR PRODUCTION NO. 612**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO
transmitting control information relating to uplink packet data.

**REQUEST FOR PRODUCTION NO. 613**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP.

**REQUEST FOR PRODUCTION NO. 614**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP
Technical Specification 25.331 v. 6.0.0 or later.

SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1  **REQUEST FOR PRODUCTION NO. 615**

2      All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP

3  Technical Specification 25.321 v. 6.0.0 or later.

4

5  **REQUEST FOR PRODUCTION NO. 616**

6      All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP

7  Technical Specification 25.309 v. 6.0.0 or later.

8

9  **REQUEST FOR PRODUCTION NO. 617**

10      All COMMUNICATIONS with AT&T RELATED TO any Baseband Processor

11  incorporated or used in any '087 PATENT ACCUSED PRODUCTS.

12

13  **REQUEST FOR PRODUCTION NO. 618**

14      All COMMUNICATIONS with AT&T RELATED TO any Baseband Processor

15  incorporated or used in any '596 PATENT ACCUSED PRODUCTS.

16

17  **REQUEST FOR PRODUCTION NO. 619**

18      All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO testing,

19  certification of compliance testing with 3GPP standards, and/or for compliance with a AT&T

20  3GPP compliant network, including without limitation the following documents:

21      • AT&T Device Requirements Document (AT&T Document # 13340);

22      • Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and

23      • Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T Document

24       # 10776)

25

26  **REQUEST FOR PRODUCTION NO. 620**

27      All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

28  *Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and*

*Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*), including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admissions.

**REQUEST FOR PRODUCTION NO. 621**

All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*), including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 622**

All depositions transcripts, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO Apple's alleged infringement of camera-related patents in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

**REQUEST FOR PRODUCTION NO. 623**

All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's defenses and counterclaims, including without limitation any and all expert reports, invalidity contentions, responses to interrogatories, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 624**

All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection and with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 625**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing testimony and or RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

**REQUEST FOR PRODUCTION NO. 626**

All DOCUMENTS prepared by any expert, including any technical, economic, marketing, licensing or damages experts, in connection with the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

**REQUEST FOR PRODUCTION NO. 627**

All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 628**

All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's defenses or counterclaims.

**REQUEST FOR PRODUCTION NO. 629**

All DOCUMENTS served by any party in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data, including without limitation any and all expert reports, infringement contentions, responses to interrogatories, and responses to requests for admissions.

**REQUEST FOR PRODUCTION NO. 630**

All DOCUMENTS filed under seal by any party in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 631**

All depositions transcripts, trial transcripts or other DOCUMENTS containing any testimony and or statements RELATING TO Apple's alleged infringement of camera-related patents in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data,.

**REQUEST FOR PRODUCTION NO. 632**

All DOCUMENTS served by any party in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data, RELATING TO Apple's defenses and counterclaims, including without limitation any and all expert reports, invalidity contentions, responses to interrogatories, and responses to requests for admission.

**REQUEST FOR PRODUCTION NO. 633**

All DOCUMENTS filed under seal by any party in the ITC Investigation, any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data, RELATING TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection and with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**REQUEST FOR PRODUCTION NO. 634**

All transcripts of depositions, trial transcripts or other DOCUMENTS containing testimony and or RELATING TO Apple's defenses or counterclaims in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data.

**REQUEST FOR PRODUCTION NO. 635**

All DOCUMENTS prepared by any expert, including any technical, economic, marketing, licensing or damages experts, in connection with any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data.

SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 636**

All trial exhibits and trial demonstratives used by any party in the ITC Investigation, any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data.

**REQUEST FOR PRODUCTION NO. 637**

All trial exhibits and trial demonstratives used by any part in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting image data, and/or receiving image data, RELATING TO Apple's defenses or counterclaims.

**REQUEST FOR PRODUCTION NO. 638:**

All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles, publications, and COMMUNICATIONS relating to all versions of APPLE's iTunes software developed prior to January 7, 2007, including but not limited to version 6.0.1.

**REQUEST FOR PRODUCTION NO. 639:**

All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles, publications, and COMMUNICATIONS relating to any and all versions of the ENTERPRISE OBJECT FRAMEWORK.

**REQUEST FOR PRODUCTION NO. 640:**

All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

1  instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

2  relating to WEBOBJECTS's implementation of the ENTERPRISE OBJECT FRAMEWORK.

3

4  **REQUEST FOR PRODUCTION NO. 641:**

5      All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

6  EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

7  instruction manuals, user guides, published articles, publications, presentations, slides, video or

8  audio recordings, and COMMUNICATIONS relating to any presentation concerning the

9  ENTERPRISE OBJECTS FRAMEWORK prepared for and/or presented at the 2004 Worldwide

10  Developers Conference, including but not limited to the presentation titled "Using WebObjects

11  EOF."

12

13  **REQUEST FOR PRODUCTION NO. 642:**

14      DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

15  sale, and/or offer for sale, in the United States, of each version of APPLE's iTunes software prior

16  to January 7, 2007.

17

18  **REQUEST FOR PRODUCTION NO. 643:**

19      DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

20  sale, and/or offer for sale, in the United States, of each version of APPLE's iSync software prior to

21  January 7, 2007.

22

23  **REQUEST FOR PRODUCTION NO. 644:**

24      DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

25  sale, and/or offer for sale, in the United States, of each version of APPLE's ENTERPRISE

26  OBJECTS FRAMEWORK prior to January 7, 2007.

27

28

1    **REQUEST FOR PRODUCTION NO. 645:**

2          All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

3    EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

4    instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

5    relating to thread and/or process scheduling in all versions of MAC OSX developed prior to

6    January 7, 2007, including but not limited to versions 10.3 and 10.4.

7

8    **REQUEST FOR PRODUCTION NO. 646:**

9          All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

10   EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

11   instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

12   relating to ICAL in all versions of MAC OSX developed prior to January 7, 2007, including but

13   not limited to versions 10.3 and 10.4.

14

15   **REQUEST FOR PRODUCTION NO. 647:**

16         All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

17   EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

18   instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

19   relating to ADDRESS BOOK in all versions of MAC OSX developed prior to January 7, 2007,

20   including but not limited to versions 10.3 and 10.4.

21

22

23

24

25

26

27

28

1  DATED: January 15, 2013          QUINN EMANUEL URQUHART &
2                                   SULLIVAN, LLP

3

4                                   By  /s/ Amar Thakur
                                        Charles K. Verhoeven
5                                       Kevin P.B. Johnson
                                        Victoria F. Maroulis
6                                       William C. Price

7

8                                       John Caracappa (*pro hac vice*)
                                        Steptoe & Johnson, LLP
9                                       1330 Connecticut Avenue, NW
                                        Washington DC 20036
10                                      TEL:    202-429-6267
                                        FAX:    202-429-3902
11

12                                      Attorneys for Defendants
                                        SAMSUNG ELECTRONICS CO., LTD.,
13                                      SAMSUNG ELECTRONICS AMERICA, INC.,
                                        and SAMSUNG TELECOMMUNICATIONS
14                                      AMERICA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 50 California St., 22nd Floor, San Francisco, CA 94111.

On January 15, 2013, I served true copies of the following documents, described as:

**SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA        94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA        94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| ATTORNEYS FOR APPLE INC.<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA      94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from alexbinder@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2013, at San Francisco, California.

*/s/ Alex Binder*