# EXHIBIT 13

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

APPLE INC., a California corporation,

    Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

    Defendants.

Case No. 12-CV-00630-LHK

**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S ELEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 594-647)**

1      In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

2   Apple Inc. ("Apple") objects and responds to the Eleventh Set of Requests for Production of

3   Documents and Things served by Defendants Samsung Electronics Co., Ltd., Samsung

4   Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively

5   "Samsung") on January 15, 2013 ("the Requests") as follows:

6                                   **GENERAL OBJECTIONS**

7      1.      Apple incorporates the General Objections included in its Objections and

8   Responses to Samsung's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and

9   Tenth Sets of Requests for Production.  Apple also makes the following general responses and

10  objections ("General Objections") to each definition, instruction, and request propounded in

11  Samsung's Eleventh Set of Requests for Production.  These General Objections are hereby

12  incorporated into each specific response.  The assertion of the same, similar, or additional

13  objections or partial responses to the individual requests does not waive any of Apple's General

14  Objections.

15     2.      These responses are made solely for the purpose of the above-entitled action.

16  Apple will respond to the Requests on the basis of the best information available to it at the time

17  of gathering responsive materials, and within the limits and subject to the objections described

18  below.  Further investigation may reveal additional information that is responsive to these

19  Requests.  Apple reserves the right to continue discovery and investigation into this matter and to

20  present additional information discovered after the date of the present responses.  Apple's

21  responses to these Requests are made without waiver and with the preservation of:  all issues as

22  to the competency, relevancy, materiality, privilege, and admissibility of the responses and the

23  subject matter thereof for any purpose and in any further proceeding in this litigation and in any

24  other action or matter; the right to object to the use of any such responses or the subject matter

25  thereof on any ground in any further proceeding in this litigation and in any other action or

26  matter; the right to object on any ground at any time to a demand or request for further response;

27

28
APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

1    and the right at any time to review, correct, add to, supplement, or clarify any of the responses

2    contained herein.

3        3.    Apple objects to each and every definition, instruction, and request to the extent it

4    seeks to impose upon Apple any obligations broader than, different from, or in addition to those

5    imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules

6    of the United States District Court for the Northern District of California, and/or the Court's

7    Orders.  Apple also objects to the Requests as overbroad, unduly burdensome, and not consistent

8    with the Federal Rules of Civil Procedure and Evidence to the extent that they seek production of

9    documents that are already in the possession, custody, or control of Samsung and/or its legal

10   counsel, publicly available, unreasonably cumulative, duplicative of, already known, and/or

11   equally available to Samsung and/or its legal counsel.

12       4.    Apple's responses herein, or any production of documents by Apple, are not an

13   admission that responsive documents exist, that all responsive documents will be produced, or

14   that produced documents are responsive.  Further, Apple's response to any particular request

15   should not be taken as an admission that it accepts or admits the existence of any fact set forth or

16   assumed by the request, or that the response constitutes admissible evidence.  No response to any

17   portion of any request shall be deemed a waiver of any objection not set forth herein that could

18   be made to any such portion of the request regarding relevancy of the information or its

19   admissibility.  Rather, these responses and any documents produced reflect Apple's attempt to

20   produce non-privileged documents as they are kept in the ordinary course of business and within

21   the timeline set forth by the appropriate Court Orders.

22       5.    Apple objects to the Requests to the extent they seek documents that are not

23   relevant to the claims or defenses of any party in this litigation and not reasonably calculated to

24   lead to the discovery of admissible evidence.  Apple further objects to the Requests to the extent

25   they are not limited in time and seek documents for periods of time that are not relevant to any

26   claim or defense.  Apple also objects to any Request that seeks irrelevant documents about

27   Apple's products or business operations.  Such requests are overbroad and unduly burdensome.

28

1   Apple will produce only documents that are relevant to the patents-in-suit or are otherwise

2   related to the claims or defenses of the parties asserted by the parties in this litigation.

3         6.     Apple objects to the Requests to the extent they purport to define words or

4   phrases to have a meaning different from their commonly understood meaning or to include

5   more than their commonly understood definitions.  Apple will make, and has made, reasonable

6   efforts to respond to these Requests, to the extent that no objection is made, as Apple reasonably

7   understands and interprets each Request.  If Samsung subsequently asserts any interpretation of

8   any Request that differs from the interpretation of Apple, Apple reserves the right to supplement

9   and amend its objections and responses.

10         7.     Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and

11   "YOUR" to the extent they purport to include persons or entities that are separate and distinct

12   from Apple and are not under Apple's control.  Apple will thus define all such terms, and limit

13   its responses accordingly, to mean Apple Inc.

14         8.     Apple objects to the term "BOOMERANG" as vague, overly broad, and unduly

15   burdensome as defined.  Apple further objects to the extent that Samsung has not provided

16   sufficient information regarding the term "BOOMERANG" and that term is not discussed in

17   Samsung's invalidity contentions.

18         9.     Apple objects to the term "ENTERPRISE OBJECTS FRAMEWORK" as vague,

19   overly broad, and unduly burdensome as defined.  Apple further objects to the extent that

20   Samsung has not provided sufficient information regarding the term "ENTERPRISE OBJECTS

21   FRAMEWORK" and that term is not discussed in Samsung's invalidity contentions.

22        10.     Apple objects to the term "WEB OBJECTS" as vague, overly broad, and unduly

23   burdensome as defined.  Apple further objects to the extent that Samsung has not provided

24   sufficient information regarding the term "WEB OBJECTS" and that term is not discussed in

25   Samsung's invalidity contentions.

26        11.     Apple objects to the term "ICAL" as vague, overly broad, and unduly burdensome

27   as defined.  Apple further objects to the extent that Samsung has not provided sufficient

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

1   information regarding the term "ICAL" and that term is not discussed in Samsung's invalidity

2   contentions.

3           12.     Apple objects to the term "ADDRESS BOOK" as vague, overly broad, and

4   unduly burdensome as defined.  Apple further objects to the extent that Samsung has not

5   provided sufficient information regarding the term "ADDRESS BOOK" and that term is not

6   discussed in Samsung's invalidity contentions.

7           13.     Apple objects to Samsung's definition of "'087 PATENT" because it is

8   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'087 PATENT"

9   means U.S. Patent No. 7,756,087.

10           14.     Apple objects to Samsung's definition of "'596 PATENT" because it is

11   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'596 PATENT"

12   means U.S. Patent No. 7,551,596.

13           15.     Apple objects to Samsung's definition of "'239 PATENT" because it is

14   inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'239 PATENT"

15   means U.S. Patent No. 5,579,239.

16           16.     Apple objects to Samsung's definition of "'087 PATENT ACCUSED

17   PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

18   information that is neither relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence.  Apple objects to Samsung's definition of "'087 PATENT ACCUSED

20   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'087

21   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

22   identify a comprehensive set of discrete products that Samsung asserts have functionality that

23   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

24   definition of "'087 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

25   not made, used, offered for sale, or sold in the United States.

26           17.     Apple objects to Samsung's definition of "'596 PATENT ACCUSED

27   PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

28

1   information that is neither relevant nor reasonably calculated to lead to the discovery of

2   admissible evidence.  Apple objects to Samsung's definition of "'596 PATENT ACCUSED

3   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'596

4   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

5   identify a comprehensive set of discrete products that Samsung asserts have functionality that

6   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

7   definition of "'596 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

8   not made, used, offered for sale, or sold in the United States.

9          18.   Apple objects to Samsung's definition of "'239 PATENT ACCUSED

10  PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

11  information that is neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence.  Apple objects to Samsung's definition of "'239 PATENT ACCUSED

13  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'239

14  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

15  identify a comprehensive set of discrete products that Samsung asserts have functionality that

16  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

17  definition of "'239 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

18  not made, used, offered for sale, or sold in the United States.

19         19.   Apple objects to Samsung's definition of the term "ESSENTIAL" as vague and

20  ambiguous.  Apple also objects to Samsung's definition of "ESSENTIAL" to the extent it is

21  overly broad and unduly burdensome and to the extent it seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23         20.   Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS"

24  to the extent that it purports to impose conditions, obligations, or duties beyond those required by

25  Rules 26 and 34 of the Federal Rules of Civil Procedure.  For purposes of responding to these

26  Requests, Apple interprets the term "DOCUMENT" and "DOCUMENTS" in accordance with its

27  ordinary meaning found in the Federal Rules of Civil Procedure.

28

21.     Apple objects to Samsung's definition of "SOFTWARE" as vague and ambiguous.  Apple also objects to Samsung's definition of "SOFTWARE" to the extent it is overly broad and unduly burdensome, including without limitation because Samsung's definition includes release notes.  Apple also objects to Samsung's definition of "SOFTWARE" to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22.     Apple objects to Samsung's definition of "EXECUTABLE SOFTWARE" as vague and ambiguous.  Apple also objects to Samsung's definition of "EXECUTABLE SOFTWARE" to the extent it is overly broad and unduly burdensome, including without limitation because Samsung's definition includes release notes.  Apple also objects to Samsung's definition of "EXECUTABLE SOFTWARE" to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23.     Apple objects to Samsung's definition of "SOURCE CODE" as vague and ambiguous.  Apple also objects to Samsung's definition of "SOURCE CODE" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24.     Apple objects to Samsung's definition of "Baseband Processor" as vague and ambiguous.  Apple also objects to Samsung's definition of "Baseband Processor" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to Samsung's definition of the term "Baseband Processor" to the extent it purports to include any baseband chip or other component that is not incorporated in one of the Apple products identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

25.     Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome. Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

7

26.     Apple objects to Samsung's definition of the terms "RELATING TO" or "RELATED TO," or any variant thereof, on the grounds that it is vague, ambiguous, and overbroad.  Apple further objects to the definition of such terms to the extent it would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.  Samsung's definition of this term renders each request incorporating the term overly broad, vague, ambiguous, and unduly burdensome.

27.     Apple objects to all definitions, instructions, and requests to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

28.     Apple objects to Samsung's definitions of "and," "or," "and/or," "each," "every," "any," and "all" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple further objects to these definitions because, according to Samsung, the terms "bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope," which would mean even non-responsive and cumulative documents would fall within the scope of Samsung's requests.  Apple further objects because it is impossible to represent, even after diligent search and consideration, that "each," "every," "any," or "all" documents have been located to respond to Samsung's requests.

29.     Apple objects to the Requests to the extent they call for information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  The inadvertent production by Apple of documents containing information protected from disclosure by any such privilege, doctrine, or immunity shall not constitute a waiver by Apple of such privileges or protections, and such documents and all copies thereof shall be returned to counsel for Apple, in accordance with the Protective Order entered in this litigation.  Apple reserves the right to object to the introduction or any other use of any privileged or protected document that

may be inadvertently produced.  Pursuant to the parties' agreement, to the extent the Requests calls for the production of documents dated after April 15, 2011 that are protected by such privilege, doctrine, or immunity, such documents will not be included on Apple's privilege log. Further, all communications between Apple and its legal counsel, or between Apple, its legal counsel, and any other party with whom Apple maintains the joint defense or common interest privilege, or documents reflecting the instructions or advice of counsel on or after April 15, 2011 are privileged, will not be produced, and no privilege log for such communications will be provided.

30.    Apple objects to any Request to the extent it is premature and/or to the extent it: (a) conflicts with any schedule entered by the Court; (b) seeks information that is the subject of expert testimony; (c) seeks information and/or responses that are dependent on the Court's construction of the asserted claims of the patents-in-suit; and/or (d) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

31.    To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted pursuant to the March 29, 2012 Stipulation and Order Regarding Discovery.

32.    Apple objects to each and every Request to the extent it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

33.     Apple objects to each and every Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks trade secrets or confidential commercial, business, proprietary, competitively sensitive, or technical information not relevant to the patents-in-suit or otherwise related to the claims or defenses asserted by the parties in this litigation.  This includes information covered by confidentiality agreements between Apple and any third party.  Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, only where such documents are relevant and as necessary.

34.     Apple objects to the Requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for documents that Apple no longer possesses and/or was under no obligation to maintain.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Eleventh Set of Requests for Production and Things as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the specific objections below, Apple will conduct a reasonable search for relevant and responsive documents.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 594

All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles publications, and COMMUNICATIONS relating to any and all versions of BOOMERANG.

### RESPONSE TO REQUEST NO. 594

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited

1  to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

2  SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

3  "COMMUNICATIONS," and "relating to any and all versions of BOOMERANG."  Apple

4  further objects to this request as overly broad, unduly burdensome, vague, ambiguous, seeking

5  information not reasonably calculated to lead to the discovery of admissible evidence, and not

6  specifying with reasonable particularity the documents being sought, particularly with respect to

7  the phrase "any and all versions of BOOMERANG" and the fact this request is not limited in

8  time.  Apple still further objects to this request as vague and ambiguous on the grounds that

9  Samsung has not provided sufficient information to identify or understand what

10  "BOOMERANG" is.  Apple objects to this request to the extent that it seeks documents outside

11  of Apple's possession, custody, or control, including on the grounds that it apparently seeks

12  documents relating to features or programs not offered by Apple.

13       Subject to and without waving the foregoing General and Specific Objections, Apple has

14  produced or will produce non-privileged responsive documents in its possession, custody or

15  control relating to "BOOMERANG," if any,  that can be located after a reasonably diligent

16  search.

17  **REQUEST FOR PRODUCTION NO. 595**

18       All COMMUNICATIONS between YOU and Hiro Yamamoto prior to August 7, 1995.

19  **RESPONSE TO REQUEST NO. 595**

20       Apple objects to this request on the grounds and to the extent that it is overly broad,

21  unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

22  lead to the discovery of admissible evidence, including but not limited to it use of the terms "All

23  COMMUNICATIONS," and "prior to August 7, 1995."  Apple further objects to this request as

24  not sufficiently limited in time in that it seeks "All COMMUNICATIONS . . . prior to August 7,

25  1995," without specifying a beginning time frame.  Apple objects to this request to the extent

26  that it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this

27  request on the grounds and to the extent it seeks information protected from disclosure by the

28

1   attorney-client privilege, the attorney work product doctrine, the joint defense or common

2   interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

3   protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request

4   as vague, ambiguous, and not specifying with reasonable particularity the documents being

5   sought in that there are several individuals named "Hiro Yamamoto," and this request does not

6   specify with reasonable particularity which "Hiro Yamamoto" is intended.  Apple further objects

7   to this request on the grounds and to the extent that it seeks to require Apple to identify or

8   produce any information or documents that contain the private, confidential, or privileged

9   information of third parties, including but not limited to third party business or technical

10  information.

11          Subject to and without waiving the foregoing General and Specific Objections, Apple is

12  willing to meet and confer to discuss the scope and relevance of the documents sought by

13  Samsung.

14  **REQUEST FOR PRODUCTION NO. 596**

15          All COMMUNICATIONS between YOU and Zeta Soft prior to August 7, 1995.

16  **RESPONSE TO REQUEST NO. 596**

17          Apple objects to this request on the grounds and to the extent that it is overly broad,

18  unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

19  lead to the discovery of admissible evidence, including but not limited to it use of the terms "All

20  COMMUNICATIONS," and "prior to August 7, 1995."  Apple further objects to this request as

21  not sufficiently limited in time in that it seeks "All COMMUNICATIONS . . . prior to August 7,

22  1995," without specifying a beginning time frame.  Apple further objects to this request as overly

23  broad, unduly burdensome, vague, ambiguous, seeking information not reasonably calculated to

24  lead to the discovery of admissible evidence, and not specifying with reasonable particularity the

25  documents being sought, particularly with respect to the phrase "Zeta Soft" and "All

26  COMMUNICATIONS."  Apple objects to this request on the grounds and to the extent it seeks

27  information protected from disclosure by the attorney-client privilege, the attorney work product

28

doctrine, the joint defense or common interest privilege, or any other applicable privilege,

doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

Apple still further objects to this request as vague and ambiguous on the grounds that Samsung

has not provided sufficient information to identify or understand what "Zeta Soft" is.   Apple

further objects to this request to the extent that it seeks documents outside of Apple's possession,

custody, or control, including on the grounds that it apparently seeks documents relating to

features or programs not offered by Apple.  Apple further objects to this request on the grounds

and to the extent that it seeks to require Apple to identify or produce any information or

documents that contain the private, confidential, or privileged information of third parties,

including but not limited to third party business or technical information.

Subject to and without waiving the foregoing General and Specific Objections, Apple is

willing to meet and confer to discuss the scope and relevance of the documents sought by

Samsung.

**REQUEST FOR PRODUCTION NO. 597**

All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

*Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No.

337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of U.S. Patent No.

6,895,256 ("the '256 patent"), including without limitation any and all expert reports,

infringement contentions, responses to interrogatories, and responses to requests for admissions.

**RESPONSE TO REQUEST NO. 597**

Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

Apple further objects to this request because it does not describe with reasonable particularity the

documents sought.  Apple further objects to this request as unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence, including without

limitation because it does not seek documents relating to the claims and defenses at issue in this

case.  Apple further objects to this request on the ground and to the extent that there is no

"technological nexus" between the Nokia action and the present action within the meaning of

1    "technological nexus" agreed to by the parties.  Apple further objects to this request on the

2    grounds and to the extent that it seeks to require Apple to identify or produce any information or

3    documents that contain the private, confidential, or privileged information of third parties,

4    including but not limited to third party business or technical information.  Apple further objects

5    to this request to the extent that it seeks to require Apple to produce information or documents in

6    violation of a Protective Order, ground rules, or other applicable authority.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple is

8    willing to meet and confer to discuss the scope and relevance of the documents sought by

9    Samsung.

10   **REQUEST FOR PRODUCTION NO. 598**

11        All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of*

12   *Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,*

13   Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged infringement of the '256

14   patent, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-

15   reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in

16   connection with dispositive motions, discovery motions, *Daubert* motions, motions *in limine,*

17   motions to strike, and post-trial motions.

18   **RESPONSE TO REQUEST NO. 598**

19        Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

20   Apple further objects to this request because it does not describe with reasonable particularity the

21   documents sought.  Apple further objects to this request as unduly burdensome and not

22   reasonably calculated to lead to the discovery of admissible evidence, including without

23   limitation because it does not seek documents relating to the claims and defenses at issue in this

24   case.  Apple further objects to this request on the ground and to the extent that there is no

25   "technological nexus" between the Nokia action and the present action within the meaning of

26   "technological nexus" agreed to by the parties.  Apple further objects to this request on the

27   grounds and to the extent that it seeks to require Apple to identify or produce any information or

28

1   documents that contain the private, confidential, or privileged information of third parties,

2   including but not limited to third party business or technical information.  Apple further objects

3   to this request to the extent that it seeks to require Apple to produce information or documents in

4   violation of a Protective Order, ground rules, or other applicable authority.

5       Subject to and without waiving the foregoing General and Specific Objections, Apple is

6   willing to meet and confer to discuss the scope and relevance of the documents sought by

7   Samsung.

8   **REQUEST FOR PRODUCTION NO. 599**

9       All depositions transcripts, trial transcripts or other DOCUMENTS containing any

10  testimony and or statements RELATING TO Apple's alleged infringement of the '256 patent in

11  the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones,*

12  *Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*).

13  **RESPONSE TO REQUEST NO. 599**

14      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

15  Apple further objects to this request because it does not describe with reasonable particularity the

16  documents sought.  Apple further objects to this request as unduly burdensome and not

17  reasonably calculated to lead to the discovery of admissible evidence, including without

18  limitation because it does not seek documents relating to the claims and defenses at issue in this

19  case.  Apple further objects to this request to the extent that it purports to require the production

20  of documents and things protected from disclosure by the attorney-client privilege, attorney work

21  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

22  doctrine, or immunity.  Apple further objects to this request on the ground and to the extent that

23  there is no "technological nexus" between the Nokia action and the present action within the

24  meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request

25  on the grounds and to the extent that it seeks to require Apple to identify or produce any

26  information or documents that contain the private, confidential, or privileged information of third

27  parties, including but not limited to third party business or technical information.  Apple further

28

objects to this request to the extent that it seeks to require Apple to produce information or documents in violation of a Protective Order, ground rules, or other applicable authority.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 600**

All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses and counterclaims, including without limitation any and all expert reports, invalidity contentions, responses to interrogatories, and responses to requests for admission.

**RESPONSE TO REQUEST NO. 600**

Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad. Apple further objects to this request because it does not describe with reasonable particularity the documents sought. Apple further objects to this request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it does not seek documents relating to the claims and defenses at issue in this case. Apple further objects to this request on the ground and to the extent that there is no "technological nexus" between the Nokia action and the present action within the meaning of "technological nexus" agreed to by the parties. Apple further objects to this request on the grounds and to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information. Apple further objects to this request to the extent that it seeks to require Apple to produce information or documents in violation of a Protective Order, ground rules, or other applicable authority.

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **REQUEST FOR PRODUCTION NO. 601**

5    All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter*

6  *of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

7  *Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or

8  counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs,

9  sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations

10  filed in connection and with dispositive motions, discovery motions, *Daubert* motions, motions

11  *in limine,* motions to strike, and post-trial motions.

12  **RESPONSE TO REQUEST NO. 601**

13    Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

14  Apple further objects to this request because it does not describe with reasonable particularity the

15  documents sought.  Apple further objects to this request as unduly burdensome and not

16  reasonably calculated to lead to the discovery of admissible evidence, including without

17  limitation because it does not seek documents relating to the claims and defenses at issue in this

18  case.  Apple further objects to this request because it is improper for Samsung to use this lawsuit

19  as a means to obtain discovery pertaining to other proceedings.  Apple further objects to this

20  request on the ground and to the extent that there is no "technological nexus" between the Nokia

21  action and the present action within the meaning of "technological nexus" agreed to by the

22  parties.  Apple further objects to this request on the grounds and to the extent that it seeks to

23  require Apple to identify or produce any information or documents that contain the private,

24  confidential, or privileged information of third parties, including but not limited to third party

25  business or technical information.  Apple further objects to this request to the extent that it seeks

26  to require Apple to produce information or documents in violation of a Protective Order, ground

27  rules, or other applicable authority.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 602**

5    All transcripts of depositions, trial transcripts or other DOCUMENTS containing

6    testimony and or RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In*

7    *the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

8    *Computers*, Inv. No. 337-TA-701 (*Nokia v. Apple*).

9    **RESPONSE TO REQUEST NO. 602**

10   Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

11   Apple further objects to this request because it does not describe with reasonable particularity the

12   documents sought.  Apple further objects to this request as unduly burdensome and not

13   reasonably calculated to lead to the discovery of admissible evidence, including without

14   limitation because it does not seek documents relating to the claims and defenses at issue in this

15   case.  Apple further objects to this request to the extent that it purports to require the production

16   of documents and things protected from disclosure by the attorney-client privilege, attorney work

17   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

18   doctrine, or immunity.  Apple further objects to this request on the ground and to the extent that

19   there is no "technological nexus" between the Nokia action and the present action within the

20   meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request

21   on the grounds and to the extent that it seeks to require Apple to identify or produce any

22   information or documents that contain the private, confidential, or privileged information of third

23   parties, including but not limited to third party business or technical information.  Apple further

24   objects to this request to the extent that it seeks to require Apple to produce information or

25   documents in violation of a Protective Order, ground rules, or other applicable authority.

26

27

28

1      Subject to and without waiving the foregoing General and Specific Objections, Apple is

2    willing to meet and confer to discuss the scope and relevance of the documents sought by

3    Samsung.

4    **REQUEST FOR PRODUCTION NO. 603**

5      All DOCUMENTS prepared by any expert, including any technical, economic,

6    marketing, licensing or damages experts, in connection with the ITC Investigation, *In the Matter*

7    *of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

8    *Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) .

9    **RESPONSE TO REQUEST NO. 603**

10      Apple objects to the phrase "in connection with" as vague, ambiguous, and potentially

11    overbroad.  Apple further objects to this request because it does not describe with reasonable

12    particularity the documents sought.  Apple further objects to this request as unduly burdensome

13    and not reasonably calculated to lead to the discovery of admissible evidence, including without

14    limitation because it does not seek documents relating to the claims and defenses at issue in this

15    case.  Apple further objects to this request to the extent that it purports to require the production

16    of documents and things protected from disclosure by the attorney-client privilege, attorney work

17    product doctrine, joint defense or common interest privilege, or any other applicable privilege,

18    doctrine, or immunity.  Apple further objects to this request on the ground and to the extent that

19    there is no "technological nexus" between the Nokia action and the present action within the

20    meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request

21    on the grounds and to the extent that it seeks to require Apple to identify or produce any

22    information or documents that contain the private, confidential, or privileged information of third

23    parties, including but not limited to third party business or technical information.  Apple further

24    objects to this request to the extent that it seeks to require Apple to produce information or

25    documents in violation of a Protective Order, ground rules, or other applicable authority.

26

27

28

1      Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance of the documents sought by

3  Samsung.

4  **REQUEST FOR PRODUCTION NO. 604**

5      All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In

6  the Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

7  *Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's alleged

8  infringement of the '256 patent.

9  **RESPONSE TO REQUEST NO. 604**

10      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

11  Apple further objects to this request because it does not describe with reasonable particularity the

12  documents sought.  Apple further objects to this request as unduly burdensome and not

13  reasonably calculated to lead to the discovery of admissible evidence, including without

14  limitation because it does not seek documents relating to the claims and defenses at issue in this

15  case.  Apple further objects to this request to the extent that there is no "technological nexus"

16  between the Nokia action and the present action within the meaning of "technological nexus"

17  agreed to by the parties.  Apple further objects to this request on the grounds and to the extent

18  that it seeks to require Apple to identify or produce any information or documents that contain

19  the private, confidential, or privileged information of third parties, including but not limited to

20  third party business or technical information.  Apple further objects to this request to the extent

21  that it seeks to require Apple to produce information or documents in violation of a Protective

22  Order, ground rules, or other applicable authority.

23      Subject to and without waiving the foregoing General and Specific Objections, Apple is

24  willing to meet and confer to discuss the scope and relevance of the documents sought by

25  Samsung.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 605**

2      All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the*

3  *Matter of Certain Electronic Devices, Including Mobile Phones, Portable Music Players, and*

4  *Computers,* Inv. No. 337-TA-701 (*Nokia v. Apple*) RELATING TO Apple's defenses or

5  counterclaims.

6  **RESPONSE TO REQUEST NO. 605**

7      Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

8  Apple further objects to this request because it does not describe with reasonable particularity the

9  documents sought.  Apple further objects to this request as unduly burdensome and not

10  reasonably calculated to lead to the discovery of admissible evidence, including without

11  limitation because it does not seek documents relating to the claims and defenses at issue in this

12  case.  Apple further objects to this request to the extent that there is no "technological nexus"

13  between the Nokia action and the present action within the meaning of "technological nexus"

14  agreed to by the parties.  Apple further objects to this request on the grounds and to the extent

15  that it seeks to require Apple to identify or produce any information or documents that contain

16  the private, confidential, or privileged information of third parties, including but not limited to

17  third party business or technical information.  Apple further objects to this request to the extent

18  that it seeks to require Apple to produce information or documents in violation of a Protective

19  Order, ground rules, or other applicable authority.

20      Subject to and without waiving the foregoing General and Specific Objections, Apple is

21  willing to meet and confer to discuss the scope and relevance of the documents sought by

22  Samsung.

23  **REQUEST FOR PRODUCTION NO. 606**

24      All DOCUMENTS reflecting COMMUNICATIONS with or RELATED TO AT&T.

25  **RESPONSE TO REQUEST NO. 606**

26      Apple objects to the terms "reflecting," "COMMUNICATIONS," and "RELATED TO"

27  as vague, ambiguous, and potentially overbroad.  Apple further objects because this request does

28

1    not describe with reasonable particularity the documents sought.  Apple further objects to this

2    request to the extent that it seeks documents and things protected from disclosure by the

3    attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

4    any other applicable privilege, doctrine, or immunity.  Apple further objects to this request on

5    grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant

6    nor reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it

7    seeks "All DOCUMENTS" reflecting communications "with or RELATED TO" a third party.

8           Subject to and without waiving the foregoing General and Specific Objections, Apple has

9    produced or will produce responsive, non-privileged communications with AT&T in Apple's

10   possession, custody, or control, if any, located after a reasonable search, that describe relevant

11   components, features, and/or functionality identified by Samsung in its Infringement

12   Contentions.

13   **REQUEST FOR PRODUCTION NO. 607**

14          All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO This

15   Lawsuit.

16   **RESPONSE TO REQUEST NO. 607**

17          Apple objects to the terms "reflecting," "COMMUNICATIONS," and "RELATED TO"

18   as vague, ambiguous, and potentially overbroad.  Apple further objects because this request does

19   not describe with reasonable particularity the documents sought.  Apple further objects to this

20   request to the extent that it seeks documents and things protected from disclosure by the

21   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

22   any other applicable privilege, doctrine, or immunity.  Apple further objects to this request on

23   grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant

24   nor reasonably calculated to lead to the discovery of admissible evidence.

25          Subject to and without waiving the foregoing General and Specific Objections, Apple has

26   produced or will produce responsive, non-privileged communications with AT&T in Apple's

27   possession, custody, or control, if any, located after a reasonable search, that describe relevant

28

1   components, features, and/or functionality identified by Samsung in its Infringement

2   Contentions.

3   **REQUEST FOR PRODUCTION NO. 608**

4        All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the

5   '087 PATENT.

6   **RESPONSE TO REQUEST NO. 608**

7        Apple objects to the terms "reflecting," "COMMUNICATIONS," and "RELATED TO"

8   as vague, ambiguous, and potentially overbroad.  Apple further objects to this request because it

9   does not describe with reasonable particularity the documents sought.  Apple further objects to

10  this request to the extent that it seeks documents and things protected from disclosure by the

11  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

12  any other applicable privilege, doctrine, or immunity.  Apple further objects to this request to the

13  extent that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor

14  reasonably calculated to lead to the discovery of admissible evidence.

15       Subject to and without waiving the foregoing General and Specific Objections, Apple has

16  produced or will produce responsive, non-privileged communications with AT&T in Apple's

17  possession, custody, or control, if any, located after a reasonable search, that describe relevant

18  components, features, and/or functionality identified by Samsung in its Infringement

19  Contentions.

20  **REQUEST FOR PRODUCTION NO. 609**

21       All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the

22  '596 PATENT.

23  **RESPONSE TO REQUEST NO. 609**

24       Apple objects to the terms "reflecting," "COMMUNICATIONS," and "RELATED TO"

25  as vague, ambiguous, and potentially overbroad.  Apple further objects to this request because it

26  does not describe with reasonable particularity the documents sought.  Apple further objects to

27  this request to the extent that it seeks documents and things protected from disclosure by the

28

1   attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

2   any other applicable privilege, doctrine, or immunity.  Apple further objects to this request to the

3   extent that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence.

5       Subject to and without waiving the foregoing General and Specific Objections, Apple has

6   produced or will produce responsive, non-privileged communications with AT&T in Apple's

7   possession, custody, or control, if any, located after a reasonable search, that describe relevant

8   components, features, and/or functionality identified by Samsung in its Infringement

9   Contentions.

10  **REQUEST FOR PRODUCTION NO. 610**

11      All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO the

12  enhanced uplink dedicated channel ("E-DCH").

13  **RESPONSE TO REQUEST NO. 610**

14      Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase

15  "RELATED TO enhanced uplink dedicated channel" as vague, ambiguous, and overbroad.

16  Apple further objects to this request because it does not describe with reasonable particularity the

17  documents sought.  Apple further objects to this request to the extent that it seeks documents and

18  things protected from disclosure by the attorney-client privilege, work product doctrine, joint

19  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

20  Apple further objects to this request to the extent that it is overbroad, unduly burdensome, and

21  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

22  admissible evidence.

23      Subject to and without waiving the foregoing General and Specific Objections, Apple has

24  produced or will produce responsive, non-privileged communications with AT&T in Apple's

25  possession, custody, or control, if any, located after a reasonable search, that describe relevant

26  components, features, and/or functionality identified by Samsung in its Infringement

27  Contentions.

28

**REQUEST FOR PRODUCTION NO. 611**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO non-scheduled transmissions.

**RESPONSE TO REQUEST NO. 611**

Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase "RELATED TO non-scheduled transmissions" as vague, ambiguous, and overbroad.  Apple further objects to this request because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple further objects to this request to the extent that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged communications with AT&T in Apple's possession, custody, or control, if any, located after a reasonable search, that describe relevant components, features, and/or functionality identified by Samsung in its Infringement Contentions.

**REQUEST FOR PRODUCTION NO. 612**

All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO transmitting control information relating to uplink packet data.

**RESPONSE TO REQUEST NO. 612**

Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase "RELATED TO transmitting control information relating to uplink packet data" as vague, ambiguous, and overbroad.  Apple further objects to this request because it does not describe with reasonable particularity the documents sought.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client

1   privilege, work product doctrine, joint defense or common interest privilege, or any other

2   applicable privilege, doctrine, or immunity.  Apple further objects to this request to the extent

3   that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence.

5          Subject to and without waiving the foregoing General and Specific Objections, Apple has

6   produced or will produce responsive, non-privileged communications with AT&T in Apple's

7   possession, custody, or control, if any, located after a reasonable search, that describe relevant

8   components, features, and/or functionality identified by Samsung in its Infringement

9   Contentions.

10  **REQUEST FOR PRODUCTION NO. 613**

11         All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP.

12  **RESPONSE TO REQUEST NO. 613**

13         Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase

14  "RELATED TO 3GPP" as vague, ambiguous, and overbroad.  Apple further objects to this

15  request because it does not describe with reasonable particularity the documents sought.  Apple

16  further objects to this request to the extent that it seeks documents and things protected from

17  disclosure by the attorney-client privilege, work product doctrine, joint defense or common

18  interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple further objects

19  to this request to the extent that it is overbroad, unduly burdensome, and seeks information that is

20  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

21  especially insofar as this request concerns technical specifications with no technological nexus to

22  this case.

23  **REQUEST FOR PRODUCTION NO. 614**

24         All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP

25  Technical Specification 25.331 v. 6.0.0 or later.

26

27

28

1   **RESPONSE TO REQUEST NO. 614:**

2          Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase

3   "RELATED TO 3GPP Technical Specification 25.331 v.6.0.0 or later" as vague, ambiguous, and

4   overbroad.  Apple further objects to this request because it does not describe with reasonable

5   particularity the documents sought.  Apple further objects to this request to the extent that it

6   seeks documents and things protected from disclosure by the attorney-client privilege, work

7   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

8   doctrine, or immunity.  Apple further objects to this request to the extent that it is overbroad,

9   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

10  lead to the discovery of admissible evidence.

11         Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  produced or will produce responsive, non-privileged communications with AT&T in Apple's

13  possession, custody, or control, if any, located after a reasonable search, that describe relevant

14  components, features, and/or functionality identified by Samsung in its Infringement

15  Contentions.

16  **REQUEST FOR PRODUCTION NO. 615**

17         All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP

18  Technical Specification 25.321 v. 6.0.0 or later.

19  **RESPONSE TO REQUEST NO. 615**

20         Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase

21  "RELATED TO 3GPP Technical Specification 25.321 v.6.0.0 or later" as vague, ambiguous, and

22  overbroad.  Apple further objects to this request because it does not describe with reasonable

23  particularity the documents sought.  Apple further objects to this request to the extent that it

24  seeks documents and things protected from disclosure by the attorney-client privilege, work

25  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

26  doctrine, or immunity.  Apple further objects to this request to the extent that it is overbroad,

27

28

1    unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

2    lead to the discovery of admissible evidence.

3          Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce responsive, non-privileged communications with AT&T in Apple's

5    possession, custody, or control, if any, located after a reasonable search, that describe relevant

6    components, features, and/or functionality identified by Samsung in its Infringement

7    Contentions.

8    **REQUEST FOR PRODUCTION NO. 616**

9          All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO 3GPP

10   Technical Specification 25.309 v. 6.0.0 or later.

11   **RESPONSE TO REQUEST NO. 616**

12         Apple objects to the terms "reflecting" and "COMMUNICATIONS" and the phrase

13   "RELATED TO 3GPP Technical Specification 25.309 v.6.0.0 or later" as vague, ambiguous, and

14   overbroad.  Apple further objects to this request because it does not describe with reasonable

15   particularity the documents sought.  Apple further objects to this request to the extent that it

16   seeks documents and things protected from disclosure by the attorney-client privilege, work

17   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

18   doctrine, or immunity.  Apple further objects to this request to the extent that it is overbroad,

19   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

20   lead to the discovery of admissible evidence.

21         Subject to and without waiving the foregoing General and Specific Objections, Apple has

22   produced or will produce responsive, non-privileged communications with AT&T in Apple's

23   possession, custody, or control, if any, located after a reasonable search, that describe relevant

24   components, features, and/or functionality identified by Samsung in its Infringement

25   Contentions.

26

27

28

1

**REQUEST FOR PRODUCTION NO. 617**

2
      All COMMUNICATIONS with AT&T RELATED TO any Baseband Processor

3
incorporated or used in any '087 PATENT ACCUSED PRODUCTS.

4
**RESPONSE TO REQUEST NO. 617**

5
      Apple objects to the terms "RELATED TO" and "baseband processor" and the phrase

6
"incorporated or used in any '087 patent accused products" as vague, ambiguous, and overbroad.

7
Apple further objects to this request because it does not describe with reasonable particularity the

8
documents sought.  Apple further objects to this request to the extent that it is overbroad, unduly

9
burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to

10
the discovery of admissible evidence, especially insofar as this request seeks communications

11
related to components and/or functionality not at issue in this case.

12
      Subject to and without waiving the foregoing General and Specific Objections, Apple has

13
produced or will produce responsive, non-privileged communications with AT&T in Apple's

14
possession, custody, or control, if any, located after a reasonable search, that describe relevant

15
components, features, and/or functionality identified by Samsung in its Infringement

16
Contentions.

17
**REQUEST FOR PRODUCTION NO. 618**

18
      All COMMUNICATIONS with AT&T RELATED TO any Baseband Processor

19
incorporated or used in any '596 PATENT ACCUSED PRODUCTS.

20
**RESPONSE TO REQUEST NO. 618**

21
      Apple objects to the terms "RELATED TO" and "baseband processor" and the phrase

22
"incorporated or used in any '596 patent accused products" as vague, ambiguous, and overbroad.

23
Apple further objects to this request because it does not describe with reasonable particularity the

24
documents sought.  Apple further objects to this request to the extent that it is overbroad, unduly

25
burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to

26
the discovery of admissible evidence, especially insofar as this request seeks communications

27
related to components and/or functionality not at issue in this case.

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

29

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged communications with AT&T in Apple's

3    possession, custody, or control, if any, located after a reasonable search, that describe relevant

4    components, features, and/or functionality identified by Samsung in its Infringement

5    Contentions.

6    **REQUEST FOR PRODUCTION NO. 619**

7    All DOCUMENTS reflecting COMMUNICATIONS with AT&T RELATED TO testing,

8    certification of compliance testing with 3GPP standards, and/or for compliance with a AT&T

9    3GPP compliant network, including without limitation the following documents:

10   •    AT&T Device Requirements Document (AT&T Document # 13340);

11   •    Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and

12   •    Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T

13        Document # 10776)

14   **RESPONSE TO REQUEST NO. 619**

15   Apple objects to the terms "reflecting" "COMMUNICATIONS," and "RELATED TO"

16   and the phrases "certification of compliance testing with 3GPP standards" and "compliance with

17   a AT&T 3GPP compliant network" as vague, ambiguous, and overbroad.  Apple further objects

18   because this request does not describe with reasonable particularity the documents sought.

19   Apple further objects to this request to the extent that it seeks documents and things protected

20   from disclosure by the attorney-client privilege, work product doctrine, joint defense or common

21   interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple further objects

22   to this request on grounds that it is overbroad, unduly burdensome, and seeks information that is

23   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence,

24   especially insofar as it seeks documents related to 3GPP standards not at issue in this case.

25   Subject to and without waiving the foregoing General and Specific Objections, Apple has

26   produced or will produce responsive, non-privileged communications with AT&T in Apple's

27   possession, custody, or control, if any, located after a reasonable search, that describe relevant

28

1   components, features, and/or functionality identified by Samsung in its Infringement

2   Contentions.

3   **REQUEST FOR PRODUCTION NO. 620**

4       All DOCUMENTS served by any party in the ITC Investigation,  *In the Matter of*

5   *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,*

6   *and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*)*,* including without

7   limitation any and all expert reports, infringement contentions, responses to interrogatories, and

8   responses to requests for admissions.

9   **RESPONSE TO REQUEST NO. 620**

10       Apple objects to this request as vague, overbroad, unduly burdensome, and not

11   reasonably calculated to lead to the discovery of admissible evidence, including without

12   limitation because it does not seek documents relating to the claims and defenses at issue in this

13   case.  Apple further objects to this request on the ground and to the extent that there is no

14   "technological nexus" between the Kodak action and the present action within the meaning of

15   "technological nexus" agreed to by the parties.  Apple further objects to this request on the

16   grounds and to the extent that it seeks to require Apple to identify or produce any information or

17   documents that contain the private, confidential, or privileged information of third parties,

18   including but not limited to third party business or technical information.  Apple further objects

19   to this request to the extent that it seeks to require Apple to produce information or documents in

20   violation of a Protective Order, ground rules, or other applicable authority.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple is

22   willing to meet and confer to discuss the scope and relevance of the documents sought by

23   Samsung.

24   **REQUEST FOR PRODUCTION NO. 621**

25       All DOCUMENTS filed under seal by any party in ITC Investigation, *In the Matter of*

26   *Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,*

27   *and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*), including without

28

1   limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations,

2   supporting declarations, and exhibits to supporting declarations filed in connection with

3   dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike,

4   and post-trial motions.

5   **RESPONSE TO REQUEST NO. 621**

6          Apple objects to this request as vague, overbroad, unduly burdensome, and not

7   reasonably calculated to lead to the discovery of admissible evidence, including without

8   limitation because it does not seek documents relating to the claims and defenses at issue in this

9   case.  Apple further objects to this request on the ground and to the extent that there is no

10  "technological nexus" between the Kodak action and the present action within the meaning of

11  "technological nexus" agreed to by the parties.  Apple further objects to this request on the

12  grounds and to the extent that it seeks to require Apple to identify or produce any information or

13  documents that contain the private, confidential, or privileged information of third parties,

14  including but not limited to third party business or technical information.  Apple further objects

15  to this request to the extent that it seeks to require Apple to produce information or documents in

16  violation of a Protective Order, ground rules, or other applicable authority.

17         Subject to and without waiving the foregoing General and Specific Objections, Apple is

18  willing to meet and confer to discuss the scope and relevance of the documents sought by

19  Samsung.

20  **REQUEST FOR PRODUCTION NO. 622**

21         All depositions transcripts, trial transcripts or other DOCUMENTS containing any

22  testimony and or statements RELATING TO Apple's alleged infringement of camera-related

23  patents in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless*

24  *Communication Devices Featuring Digital Cameras, and Components Thereof,* Inv. No. 337-

25  TA-703 (*Kodak v. Apple et al.*).

26

27

28

1 | **RESPONSE TO REQUEST NO. 622**

2 |     Apple objects to the terms "relating to" and "camera-related" as vague, ambiguous, and

3 | potentially overbroad.  Apple further objects to this request because it does not describe with

4 | reasonable particularity the documents sought.  Apple further objects to this request as unduly

5 | burdensome and not reasonably calculated to lead to the discovery of admissible evidence,

6 | including without limitation because it does not seek documents relating to the claims and

7 | defenses at issue in this case.  Apple further objects to this request to the extent that it purports to

8 | require the production of documents and things protected from disclosure by the attorney-client

9 | privilege, attorney work product doctrine, joint defense or common interest privilege, or any

10 | other applicable privilege, doctrine, or immunity.  Apple further objects to this request on the

11 | ground and to the extent that there is no "technological nexus" between the Kodak action and the

12 | present action within the meaning of "technological nexus" agreed to by the parties.  Apple

13 | further objects to this request on the grounds and to the extent that it seeks to require Apple to

14 | identify or produce any information or documents that contain the private, confidential, or

15 | privileged information of third parties, including but not limited to third party business or

16 | technical information.  Apple further objects to this request to the extent that it seeks to require

17 | Apple to produce information or documents in violation of a Protective Order, ground rules, or

18 | other applicable authority.

19 |     Subject to and without waiving the foregoing General and Specific Objections, Apple is

20 | willing to meet and confer to discuss the scope and relevance of the documents sought by

21 | Samsung.

22 | **REQUEST FOR PRODUCTION NO. 623**

23 |     All DOCUMENTS served by any party in the ITC Investigation, *In the Matter of Certain*

24 | *Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and*

25 | *Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's

26 | defenses and counterclaims, including without limitation any and all expert reports, invalidity

27 | contentions, responses to interrogatories, and responses to requests for admission.

28 |

**RESPONSE TO REQUEST NO. 623**

Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it does not seek documents relating to the claims and defenses at issue in this case.  Apple further objects to this request on the ground and to the extent that there is no "technological nexus" between the Kodak action and the present action within the meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request on the grounds and to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information.  Apple further objects to this request to the extent that it seeks to require Apple to produce information or documents in violation of a Protective Order, ground rules, or other applicable authority.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 624**

All DOCUMENTS filed under seal by any party in the ITC Investigation, *In the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING TO Apple's defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting declarations filed in connection and with dispositive motions, discovery motions, *Daubert* motions, motions *in limine*, motions to strike, and post-trial motions.

**RESPONSE TO REQUEST NO. 624**

Apple objects to this request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it does not seek documents relating to the claims and defenses at issue in this

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

34

1   case.  Apple further objects to this request on the ground and to the extent that there is no

2   "technological nexus" between the Kodak action and the present action within the meaning of

3   "technological nexus" agreed to by the parties.  Apple further objects to this request on the

4   grounds and to the extent that it seeks to require Apple to identify or produce any information or

5   documents that contain the private, confidential, or privileged information of third parties,

6   including but not limited to third party business or technical information.  Apple further objects

7   to this request to the extent that it seeks to require Apple to produce information or documents in

8   violation of a Protective Order, ground rules, or other applicable authority.

9        Subject to and without waiving the foregoing General and Specific Objections, Apple is

10  willing to meet and confer to discuss the scope and relevance of the documents sought by

11  Samsung.

12  **REQUEST FOR PRODUCTION NO. 625**

13       All transcripts of depositions, trial transcripts or other DOCUMENTS containing

14  testimony and or RELATING TO Apple's defenses or counterclaims in the ITC Investigation, *In*

15  *the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring*

16  *Digital Cameras, and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

17  **RESPONSE TO REQUEST NO. 625**

18       Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

19  Apple further objects to this request because it does not describe with reasonable particularity the

20  documents sought.  Apple further objects to this request as unduly burdensome and not

21  reasonably calculated to lead to the discovery of admissible evidence, including without

22  limitation because it does not seek documents relating to the claims and defenses at issue in this

23  case.  Apple further objects to this request to the extent that it purports to require the production

24  of documents and things protected from disclosure by the attorney-client privilege, attorney work

25  product doctrine, joint defense or common interest privilege, or any other applicable privilege,

26  doctrine, or immunity.  Apple further objects to this request on the ground and to the extent that

27  there is no "technological nexus" between the Kodak action and the present action within the

28

1    meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request

2    on the grounds and to the extent that it seeks to require Apple to identify or produce any

3    information or documents that contain the private, confidential, or privileged information of third

4    parties, including but not limited to third party business or technical information.  Apple further

5    objects to this request to the extent that it seeks to require Apple to produce information or

6    documents in violation of a Protective Order, ground rules, or other applicable authority.

7         Subject to and without waiving the foregoing General and Specific Objections, Apple is

8    willing to meet and confer to discuss the scope and relevance of the documents sought by

9    Samsung.

10   **REQUEST FOR PRODUCTION NO. 626**

11        All DOCUMENTS prepared by any expert, including any technical, economic,

12   marketing, licensing or damages experts, in connection with the ITC Investigation, *In the Matter*

13   *of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital Cameras,*

14   *and Components Thereof,* Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

15   **RESPONSE TO REQUEST NO. 626**

16        Apple objects to the phrase "in connection with" as vague, ambiguous, and potentially

17   overbroad.  Apple further objects to this request because it does not describe with reasonable

18   particularity the documents sought.  Apple further objects to this request as unduly burdensome

19   and not reasonably calculated to lead to the discovery of admissible evidence, including without

20   limitation because it does not seek documents relating to the claims and defenses at issue in this

21   case.  Apple further objects to this request to the extent that it purports to require the production

22   of documents and things protected from disclosure by the attorney-client privilege, attorney work

23   product doctrine, joint defense or common interest privilege, or any other applicable privilege,

24   doctrine, or immunity.  Apple further objects to this request on the ground and to the extent that

25   there is no "technological nexus" between the Kodak action and the present action within the

26   meaning of "technological nexus" agreed to by the parties.  Apple further objects to this request

27   on the grounds and to the extent that it seeks to require Apple to identify or produce any

28

1   information or documents that contain the private, confidential, or privileged information of third

2   parties, including but not limited to third party business or technical information.  Apple further

3   objects to this request to the extent that it seeks to require Apple to produce information or

4   documents in violation of a Protective Order, ground rules, or other applicable authority.

5       Subject to and without waiving the foregoing General and Specific Objections, Apple is

6   willing to meet and confer to discuss the scope and relevance of the documents sought by

7   Samsung.

8   **REQUEST FOR PRODUCTION NO. 627**

9       All trial exhibits and trial demonstratives used by any party in the ITC Investigation, *In*

10  *the Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring*

11  *Digital Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*).

12  **RESPONSE TO REQUEST NO. 627**

13      Apple objects to this request as vague, overbroad, unduly burdensome, and not

14  reasonably calculated to lead to the discovery of admissible evidence, including without

15  limitation because it does not seek documents relating to the claims and defenses at issue in this

16  case.  Apple further objects to this request on the ground and to the extent that there is no

17  "technological nexus" between the Kodak action and the present action within the meaning of

18  "technological nexus" agreed to by the parties.  Apple further objects to this request on the

19  grounds and to the extent that it seeks to require Apple to identify or produce any information or

20  documents that contain the private, confidential, or privileged information of third parties,

21  including but not limited to third party business or technical information.  Apple further objects

22  to this request to the extent that it seeks to require Apple to produce information or documents in

23  violation of a Protective Order, ground rules, or other applicable authority.

24      Subject to and without waiving the foregoing General and Specific Objections, Apple is

25  willing to meet and confer to discuss the scope and relevance of the documents sought by

26  Samsung.

27

28

1  **REQUEST FOR PRODUCTION NO. 628**

2        All trial exhibits and trial demonstratives used by any part in the ITC Investigation, *In the*

3  *Matter of Certain Mobile Telephones and Wireless Communication Devices Featuring Digital*

4  *Cameras, and Components Thereof*, Inv. No. 337-TA-703 (*Kodak v. Apple et al.*) RELATING

5  TO Apple's defenses or counterclaims.

6  **RESPONSE TO REQUEST NO. 628**

7        Apple objects to the term "relating to" as vague, ambiguous, and potentially overbroad.

8  Apple further objects to this request because it does not describe with reasonable particularity the

9  documents sought.  Apple further objects to this request as unduly burdensome and not

10  reasonably calculated to lead to the discovery of admissible evidence, including without

11  limitation because it does not seek documents relating to the claims and defenses at issue in this

12  case.  Apple further objects to this request on the ground and to the extent that there is no

13  "technological nexus" between the Kodak action and the present action within the meaning of

14  "technological nexus" agreed to by the parties.  Apple further objects to this request on the

15  grounds and to the extent that it seeks to require Apple to identify or produce any information or

16  documents that contain the private, confidential, or privileged information of third parties,

17  including but not limited to third party business or technical information.  Apple further objects

18  to this request to the extent that it seeks to require Apple to produce information or documents in

19  violation of a Protective Order, ground rules, or other applicable authority.

20        Subject to and without waiving the foregoing General and Specific Objections, Apple is

21  willing to meet and confer to discuss the scope and relevance of the documents sought by

22  Samsung.

23  **REQUEST FOR PRODUCTION NO. 629**

24        All DOCUMENTS served by any party in any litigation or ITC investigation relating to

25  capturing, digitizing, and/or compressing image data, storing image data, transmitting image

26  data, and/or receiving image data, including without limitation any and all expert reports,

27  infringement contentions, responses to interrogatories, and responses to requests for admissions.

28

1  **RESPONSE TO REQUEST NO. 629**

2        Apple objects to this request as vague, overbroad, unduly burdensome, and not

3  reasonably calculated to lead to the discovery of admissible evidence, including without

4  limitation because it seeks documents served by "any party" in "any litigation or ITC

5  investigation," which on its face includes matters in which Apple is not a party.  Apple also

6  objects to the terms "capturing, digitizing, and/or compressing image data," "storing image

7  data," "transmitting image data" and "receiving image data" as vague, ambiguous, and

8  potentially overbroad.  Apple further objects to this request because it does not describe with

9  reasonable particularity the documents sought.  Apple further objects to this request to the extent

10  it seeks information about matters for which there is no "technological nexus" with the present

11  action within the meaning of "technological nexus" agreed to by the parties.  Apple further

12  objects to this request on the grounds and to the extent that it seeks to require Apple to identify

13  or produce any information or documents that contain the private, confidential, or privileged

14  information of third parties, including but not limited to third party business or technical

15  information.  Apple further objects to this request to the extent that it seeks to require Apple to

16  produce information or documents in violation of a Protective Order, ground rules, or other

17  applicable authority.

18  **REQUEST FOR PRODUCTION NO. 630**

19        All DOCUMENTS filed under seal by any party in any litigation or ITC investigation

20  relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting

21  image data, and/or receiving image data, including without limitation all briefs, letter briefs,

22  opposition briefs, reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits

23  to supporting declarations filed in connection with dispositive motions, discovery motions,

24  *Daubert* motions, motions *in limine,* motions to strike, and post-trial motions.

25  **RESPONSE TO REQUEST NO. 630**

26        Apple objects to this request as vague, overbroad, unduly burdensome, and not

27  reasonably calculated to lead to the discovery of admissible evidence, including without

28

1    limitation because it seeks documents served by "any party" in "any litigation or ITC

2    investigation," which on its face includes matters in which Apple is not a party.  Apple also

3    objects to the terms "capturing, digitizing, and/or compressing image data," "storing image

4    data," "transmitting image data" and "receiving image data" as vague, ambiguous, and

5    potentially overbroad.  Apple further objects to this request because it does not describe with

6    reasonable particularity the documents sought.  Apple further objects to this request to the extent

7    it seeks information about matters for which there is no "technological nexus" with the present

8    action within the meaning of "technological nexus" agreed to by the parties.  Apple further

9    objects to this request on the grounds and to the extent that it seeks to require Apple to identify

10   or produce any information or documents that contain the private, confidential, or privileged

11   information of third parties, including but not limited to third party business or technical

12   information.  Apple further objects to this request to the extent that it seeks to require Apple to

13   produce information or documents in violation of a Protective Order, ground rules, or other

14   applicable authority.

15   **REQUEST FOR PRODUCTION NO. 631**

16        All depositions transcripts, trial transcripts or other DOCUMENTS containing any

17   testimony and or statements RELATING TO Apple's alleged infringement of camera-related

18   patents in any litigation or ITC investigation relating to capturing, digitizing, and/or compressing

19   image data, storing image data, transmitting image data, and/or receiving image data,.

20   **RESPONSE TO REQUEST NO. 631**

21        Apple objects to the terms "relating to," "camera-related," "capturing, digitizing, and/or

22   compressing image data," "storing image data," "transmitting image data" and "receiving image

23   data" as vague, ambiguous, and potentially overbroad.  Apple further objects to this request

24   because it does not describe with reasonable particularity the documents sought.  Apple further

25   objects to this request as unduly burdensome and not reasonably calculated to lead to the

26   discovery of admissible evidence, especially insofar as it relates to components and/or

27   functionality not at issue in this case.  Apple further objects to this request to the extent that it

28

1    purports to require the production of documents and things protected from disclosure by the

2    attorney-client privilege, attorney work product doctrine, joint defense or common interest

3    privilege, or any other applicable privilege, doctrine, or immunity.  Apple further objects to this

4    request to the extent it seeks information about matters for which there is no "technological

5    nexus" with the present action within the meaning of "technological nexus" agreed to by the

6    parties.  Apple further objects to this request on the grounds and to the extent that it seeks to

7    require Apple to identify or produce any information or documents that contain the private,

8    confidential, or privileged information of third parties, including but not limited to third party

9    business or technical information.  Apple further objects to this request to the extent that it seeks

10   to require Apple to produce information or documents in violation of a Protective Order, ground

11   rules, or other applicable authority.

12   **REQUEST FOR PRODUCTION NO. 632**

13        All DOCUMENTS served by any party in any litigation or ITC investigation relating to

14   capturing, digitizing, and/or compressing image data, storing image data, transmitting image

15   data, and/or receiving image data, RELATING TO Apple's defenses and counterclaims,

16   including without limitation any and all expert reports, invalidity contentions, responses to

17   interrogatories, and responses to requests for admission.

18   **RESPONSE TO REQUEST NO. 632**

19        Apple objects to the terms "relating to," "capturing, digitizing, and/or compressing image

20   data," "storing image data," "transmitting image data" and "receiving image data" as vague,

21   ambiguous, and potentially overbroad.  Apple further objects to this request because it does not

22   describe with reasonable particularity the documents sought.  Apple further objects to this

23   request as unduly burdensome and not reasonably calculated to lead to the discovery of

24   admissible evidence, especially insofar as it relates to components and/or functionality not at

25   issue in this case.  Apple further objects to this request to the extent that it purports to require the

26   production of documents and things protected from disclosure by the attorney-client privilege,

27   attorney work product doctrine, joint defense or common interest privilege, or any other

28

1   applicable privilege, doctrine, or immunity.  Apple further objects to this request to the extent it

2   seeks information about matters for which there is no "technological nexus" with the present

3   action within the meaning of "technological nexus" agreed to by the parties.  Apple further

4   objects to this request on the grounds and to the extent that it seeks to require Apple to identify

5   or produce any information or documents that contain the private, confidential, or privileged

6   information of third parties, including but not limited to third party business or technical

7   information.  Apple further objects to this request to the extent that it seeks to require Apple to

8   produce information or documents in violation of a Protective Order, ground rules, or other

9   applicable authority.

10  **REQUEST FOR PRODUCTION NO. 633**

11      All DOCUMENTS filed under seal by any party in the ITC Investigation, any litigation

12  or ITC investigation relating to capturing, digitizing, and/or compressing image data, storing

13  image data, transmitting image data, and/or receiving image data, RELATING TO Apple's

14  defenses or counterclaims, including without limitation all briefs, letter briefs, opposition briefs,

15  reply briefs, sur-reply briefs, stipulations, supporting declarations, and exhibits to supporting

16  declarations filed in connection and with dispositive motions, discovery motions, *Daubert*

17  motions, motions *in limine,* motions to strike, and post-trial motions.

18  **RESPONSE TO REQUEST NO. 633**

19      Apple objects to the terms "relating to," "capturing, digitizing, and/or compressing image

20  data," "storing image data," "transmitting image data" and "receiving image data" as vague,

21  ambiguous, and potentially overbroad.  Apple further objects to this request because it does not

22  describe with reasonable particularity the documents sought.  Apple further objects to this

23  request as unduly burdensome and not reasonably calculated to lead to the discovery of

24  admissible evidence, especially insofar as it relates to components and/or functionality not at

25  issue in this case.  Apple further objects to this request to the extent that it purports to require the

26  production of documents and things protected from disclosure by the attorney-client privilege,

27  attorney work product doctrine, joint defense or common interest privilege, or any other

28

1    applicable privilege, doctrine, or immunity.  Apple further objects to this request to the extent it

2    seeks information about matters for which there is no "technological nexus" with the present

3    action within the meaning of "technological nexus" agreed to by the parties.  Apple further

4    objects to this request on the grounds and to the extent that it seeks to require Apple to identify

5    or produce any information or documents that contain the private, confidential, or privileged

6    information of third parties, including but not limited to third party business or technical

7    information.  Apple further objects to this request to the extent that it seeks to require Apple to

8    produce information or documents in violation of a Protective Order, ground rules, or other

9    applicable authority.

10   **REQUEST FOR PRODUCTION NO. 634**

11        All transcripts of depositions, trial transcripts or other DOCUMENTS containing

12   testimony and or RELATING TO Apple's defenses or counterclaims in any litigation or ITC

13   investigation relating to capturing, digitizing, and/or compressing image data, storing image data,

14   transmitting image data, and/or receiving image data.

15   **RESPONSE TO REQUEST NO. 634**

16        Apple objects to the terms "relating to," "capturing, digitizing, and/or compressing image

17   data," "storing image data," "transmitting image data" and "receiving image data" as vague,

18   ambiguous, and potentially overbroad.  Apple further objects to this request because it does not

19   describe with reasonable particularity the documents sought.  Apple further objects to this

20   request as unduly burdensome and not reasonably calculated to lead to the discovery of

21   admissible evidence, especially insofar as it relates to components and/or functionality not at

22   issue in this case.  Apple further objects to this request to the extent that it purports to require the

23   production of documents and things protected from disclosure by the attorney-client privilege,

24   attorney work product doctrine, joint defense or common interest privilege, or any other

25   applicable privilege, doctrine, or immunity.  Apple further objects to this request to the extent it

26   seeks information about matters for which there is no "technological nexus" with the present

27   action within the meaning of "technological nexus" agreed to by the parties.  Apple further

28

1    objects to this request on the grounds and to the extent that it seeks to require Apple to identify

2    or produce any information or documents that contain the private, confidential, or privileged

3    information of third parties, including but not limited to third party business or technical

4    information.  Apple further objects to this request to the extent that it seeks to require Apple to

5    produce information or documents in violation of a Protective Order, ground rules, or other

6    applicable authority.

7    **REQUEST FOR PRODUCTION NO. 635**

8         All DOCUMENTS prepared by any expert, including any technical, economic,

9    marketing, licensing or damages experts, in connection with any litigation or ITC investigation

10   relating to capturing, digitizing, and/or compressing image data, storing image data, transmitting

11   image data, and/or receiving image data.

12   **RESPONSE TO REQUEST NO. 635**

13        Apple objects to this request as vague, overbroad, unduly burdensome, and not

14   reasonably calculated to lead to the discovery of admissible evidence, including without

15   limitation because it seeks documents served by "any expert" in "any litigation or ITC

16   investigation," which on its face includes matters in which Apple is not a party.  Apple also

17   objects to the terms "capturing, digitizing, and/or compressing image data," "storing image

18   data," "transmitting image data" and "receiving image data" as vague, ambiguous, and

19   potentially overbroad.  Apple further objects to this request because it does not describe with

20   reasonable particularity the documents sought.  Apple further objects to this request to the extent

21   it seeks information about matters for which there is no "technological nexus" with the present

22   action within the meaning of "technological nexus" agreed to by the parties.  Apple further

23   objects to this request to the extent that it purports to require the production of documents and

24   things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

25   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

26   immunity.  Apple further objects to this request on the grounds and to the extent that it seeks to

27   require Apple to identify or produce any information or documents that contain the private,

28

1    confidential, or privileged information of third parties, including but not limited to third party

2    business or technical information.  Apple further objects to this request to the extent that it seeks

3    to require Apple to produce information or documents in violation of a Protective Order, ground

4    rules, or other applicable authority.

5    **REQUEST FOR PRODUCTION NO. 636**

6          All trial exhibits and trial demonstratives used by any party in the ITC Investigation, any

7    litigation or ITC investigation relating to capturing, digitizing, and/or compressing image data,

8    storing image data, transmitting image data, and/or receiving image data.

9    **RESPONSE TO REQUEST NO. 636**

10         Apple objects to this request as vague, overbroad, unduly burdensome, and not

11   reasonably calculated to lead to the discovery of admissible evidence, including without

12   limitation because it seeks documents served by "any party" in "any litigation or ITC

13   investigation," which on its face includes matters in which Apple is not a party.  Apple also

14   objects to the terms "capturing, digitizing, and/or compressing image data," "storing image

15   data," "transmitting image data" and "receiving image data" as vague, ambiguous, and

16   potentially overbroad.  Apple further objects to this request because it does not describe with

17   reasonable particularity the documents sought.  Apple further objects to this request to the extent

18   it seeks information about matters for which there is no "technological nexus" with the present

19   action within the meaning of "technological nexus" agreed to by the parties.  Apple further

20   objects to this request on the grounds and to the extent that it seeks to require Apple to identify

21   or produce any information or documents that contain the private, confidential, or privileged

22   information of third parties, including but not limited to third party business or technical

23   information.  Apple further objects to this request to the extent that it seeks to require Apple to

24   produce information or documents in violation of a Protective Order, ground rules, or other

25   applicable authority.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 637**

2      All trial exhibits and trial demonstratives used by any part in any litigation or ITC

3  investigation relating to capturing, digitizing, and/or compressing image data, storing image data,

4  transmitting image data, and/or receiving image data, RELATING TO Apple's defenses or

5  counterclaims.

6  **RESPONSE TO REQUEST NO. 637**

7      Apple objects to the terms "capturing, digitizing, and/or compressing image data,"

8  "storing image data," "transmitting image data" and "receiving image data" as vague,

9  ambiguous, and potentially overbroad.  Apple further objects to this request because it does not

10  describe with reasonable particularity the documents sought.  Apple further objects to this

11  request as unduly burdensome and not reasonably calculated to lead to the discovery of

12  admissible evidence, especially insofar as it relates to components and/or functionality not at

13  issue in this case.  Apple further objects to this request to the extent it seeks information about

14  matters for which there is no "technological nexus" with the present action within the meaning of

15  "technological nexus" agreed to by the parties.  Apple further objects to this request on the

16  grounds and to the extent that it seeks to require Apple to identify or produce any information or

17  documents that contain the private, confidential, or privileged information of third parties,

18  including but not limited to third party business or technical information.  Apple further objects

19  to this request to the extent that it seeks to require Apple to produce information or documents in

20  violation of a Protective Order, ground rules, or other applicable authority.

21  **REQUEST FOR PRODUCTION NO. 638**

22      All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

23  EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

24  instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

25  relating to all versions of APPLE's iTunes software developed prior to January 7, 2007,

26  including but not limited to version 6.0.1.

27

28

1   **RESPONSE TO REQUEST NO. 638**

2        Apple objects to this request on the grounds and to the extent that it is overly broad,

3   unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence, including but not limited

5   to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

6   SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

7   "COMMUNICATIONS," and "relating to all versions of APPLE's iTunes software."  Apple

8   further objects to this request as overly broad, unduly burdensome, vague, ambiguous, seeking

9   information not reasonably calculated to lead to the discovery of admissible evidence, and not

10  specifying with reasonable particularity the documents being sought, particularly to the extent

11  that it is not limited to the identified version 6.0.1 of the iTunes software and does not otherwise

12  identify specific versions of the Apple iTunes software with respect to which it seeks documents.

13  Apple further objects to this request as not sufficiently limited in time in that it seeks all

14  "COMMUNICATIONS … prior to January 7, 2007," without specifying a beginning time

15  frame.  Apple objects to the extent this request is duplicative of previous requests, including, but

16  not limited to Requests 128 and 294.  Apple further objects to the phrase "All DOCUMENTS

17  AND THINGS" and all "COMMUNICATIONS . . . relating to all versions of APPLE's iTunes

18  software" as overly broad, unduly burdensome, vague, ambiguous, and seeking information not

19  reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

20  this request seeks documents that are not relevant to the claims or defenses of any party in this

21  litigation.

22        Subject to and without waving the foregoing General and Specific Objections, Apple has

23  produced or will produce non-privileged responsive documents in its possession, custody or

24  control, if any, that are sufficient to show the syncing operation of iTunes 6.0.1 and can be

25  located after a reasonably diligent search.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 639**

2     All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

3   EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

4   instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

5   relating to any and all versions of the ENTERPRISE OBJECT FRAMEWORK.

6   **RESPONSE TO REQUEST NO. 639**

7     Apple objects to this request on the grounds and to the extent that it is overly broad,

8   unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

9   reasonably calculated to lead to the discovery of admissible evidence, including but not limited

10   to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

11   SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

12   "COMMUNICATIONS," and "relating to any and all versions of the ENTERPRISE OBJECT

13   FRAMEWORK."  Apple further objects to this request as overly broad, unduly burdensome,

14   vague, ambiguous, seeking information not reasonably calculated to lead to the discovery of

15   admissible evidence, and not specifying with reasonable particularity the documents being

16   sought, particularly with respect to the phrase "relating to any and all versions of the

17   ENTERPRISE OBJECT FRAMEWORK" and "COMMUNICATIONS."  Apple further objects

18   to the fact that this request is not limited in time.   Apple further objects to the extent this request

19   seeks documents that are not relevant to the claims or defenses of any party in this litigation.

20   Apple still further objects to this request as vague and ambiguous on the grounds that Samsung

21   has not provided sufficient information to identify or understand what "ENTERPRISE OBJECT

22   FRAMEWORK" is, including but not limited to not referencing or otherwise disclosing

23   "ENTERPRISE OBJECT FRAMEWORK" in its invalidity contentions.   Apple further objects

24   to this request to the extent that it seeks documents outside of Apple's possession, custody, or

25   control, including to the extent it seeks documents relating to features or programs not offered by

26   Apple.

27

28

1    Subject to and without waving the foregoing General and Specific Objections, Apple has

2    produced or will produce non-privileged responsive documents in its possession, custody or

3    control, if any, that can be located after a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 640**

5    All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

6    EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

7    instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

8    relating to WEBOBJECTS's implementation of the ENTERPRISE OBJECT FRAMEWORK.

9    **RESPONSE TO REQUEST NO. 640**

10    Apple objects to this request on the grounds and to the extent that it is overly broad,

11    unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

12    reasonably calculated to lead to the discovery of admissible evidence, including but not limited

13    to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

14    SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

15    "COMMUNICATIONS," and "relating to WEBOBJECTS's implementation of the

16    ENTERPRISE OBJECT FRAMEWORK."  Apple further objects to this request as overly broad,

17    unduly burdensome, vague, ambiguous, seeking information not reasonably calculated to lead to

18    the discovery of admissible evidence, and not specifying with reasonable particularity the

19    documents being sought, particularly with respect to the phrase "relating to WEBOBJECTS's

20    implementation of the ENTERPRISE OBJECT FRAMEWORK" and the fact that this request is

21    not limited in time.  Apple objects to this request to the extent that it seeks documents outside of

22    Apple's possession, custody, or control, including on the grounds that it apparently seeks

23    documents relating to features or programs not offered by Apple.  Apple further objects to this

24    request as overly broad, unduly burdensome, vague, ambiguous, seeking information not

25    reasonably calculated to lead to the discovery of admissible evidence, and not specifying with

26    reasonable particularity the documents being sought, particularly with respect to the phrase

27    "COMMUNICATIONS," and "WEBOBJECTS's implementation of the ENTERPRISE

28

1   OBJECT FRAMEWORK."  Apple further objects to the extent this request seeks documents that

2   are not relevant to the claims or defenses of any party in this litigation.  Apple still further

3   objects to this request as vague and ambiguous on the grounds that Samsung has not provided

4   sufficient information to identify or understand what "ENTERPRISE OBJECT FRAMEWORK"

5   or "WEB OBJECT" is, including but not limited to not referencing or otherwise disclosing

6   "WEBOBJECT" or "ENTERPRISE OBJECT FRAMEWORK" in its invalidity contentions.

7          Subject to and without waving the foregoing General and Specific Objections, Apple has

8   produced or will produce non-privileged responsive documents in its possession, custody or

9   control, if any, that can be located after a reasonably diligent search.

10  **REQUEST FOR PRODUCTION NO. 641**

11         All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

12  EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

13  instruction manuals, user guides, published articles, publications, presentations, slides, video or

14  audio recordings, and COMMUNICATIONS relating to any presentation concerning the

15  ENTERPRISE OBJECTS FRAMEWORK prepared for and/or presented at the 2004 Worldwide

16  Developers Conference, including but not limited to the presentation titled "Using WebObjects

17  EOF."

18  **RESPONSE TO REQUEST NO. 641**

19         Apple objects to this request on the grounds and to the extent that it is overly broad,

20  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

21  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

22  to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

23  SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

24  "COMMUNICATIONS," and "relating to any presentation concerning the ENTERPRISE

25  OBJECTS FRAMEWORK."  Apple further objects that this request is not otherwise limited to

26  particular presentations at the 2004 Worldwide Developers Conference.   Apple objects to

27  producing any "DOCUMENT," "THING," or "COMMUNICATION" other than the final

28

1    version of the presentation at the 2004 Worldwide Developers Conference, as overly broad,

2    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3    evidence.  Apple still further objects to this request as vague and ambiguous on the grounds that

4    Samsung has not provided sufficient information to identify or understand what "ENTERPRISE

5    OBJECT FRAMEWORK" is, including but not limited to not referencing or otherwise

6    disclosing "ENTERPRISE OBJECTS FRAMEWORK" in its invalidity contentions.   Apple

7    further objects to this request to the extent that it seeks documents outside of Apple's possession,

8    custody, or control, including to the extent it seeks documents relating to features or programs

9    not offered by Apple.

10           Subject to and without waving the foregoing General and Specific Objections, Apple has

11   produced or will produce non-privileged responsive documents constituting presentations

12   relating to the Enterprise Objects Framework presented at the 2004 Worldwide Developers

13   Conference, that are in its possession, custody or control, if any, and can be located after a

14   reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 642:**

16           DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

17   sale, and/or offer for sale, in the United States, of each version of APPLE's iTunes software prior

18   to January 7, 2007.

19   **RESPONSE TO REQUEST NO. 642:**

20           Apple objects to this request on the grounds and to the extent that it is overly broad,

21   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

22   lead to the discovery of admissible evidence, including but not limited to its use of the terms

23   "DOCUMENTS and THINGS" and "first public use, public disclosure, sale and/or offer for

24   sale."  Apple objects to this request on the grounds and to the extent that it seeks information

25   protected from disclosure by the attorney-client privilege, attorney work product doctrine, the

26   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

27   immunity as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple

28

1    objects to the extent this request is duplicative of previous requests, including, but not limited to

2    Requests 272, 281, 282, 328, and 638.  Apple further objects to the phrase "each version of

3    APPLE's iTunes software" as overly broad, unduly burdensome, vague, ambiguous, and seeking

4    information not reasonably calculated to lead to the discovery of admissible evidence.  Apple

5    further objects to this request on the grounds and to the extent that it calls for information equally

6    available to Samsung as to Apple.

7            Subject to and without waiving the foregoing General and Specific Objections, Apple has

8    produced or will produce non-privileged responsive documents, if any, that can be located after a

9    reasonably diligent search.

10   **REQUEST FOR PRODUCTION NO. 643:**

11           DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

12   sale, and/or offer for sale, in the United States, of each version of APPLE's iSync software prior

13   to January 7, 2007.

14   **RESPONSE TO REQUEST NO. 643:**

15           Apple objects to this request on the grounds and to the extent that it is overly broad,

16   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

17   lead to the discovery of admissible evidence, including but not limited to its use of the terms

18   "DOCUMENTS and THINGS" and "first public use, public disclosure, sale and/or offer for

19   sale."  Apple objects to this request to the extent it seeks documents outside of Apple's

20   possession, custody, or control.  Apple objects to this request on the grounds and to the extent

21   that it seeks information protected from disclosure by the attorney-client privilege, attorney work

22   product doctrine, the joint defense or common interest privilege, or any other applicable

23   privilege, doctrine, or immunity as well as the protections of Federal Rule of Civil Procedure

24   26(b)(4)(B).  Apple objects to the extent this request is duplicative of previous requests,

25   including, but not limited to Requests 272, 281, 282, and 293.  Apple further objects to the

26   phrase "each version of APPLE's iSync software" as overly broad, unduly burdensome, vague,

27   ambiguous, and seeking information not reasonably calculated to lead to the discovery of

28

1    admissible evidence.  Apple further objects to this request on the grounds and to the extent that it

2    calls for information equally available to Samsung as to Apple.

3           Subject to and without waiving the foregoing General and Specific Objections, Apple has

4    produced or will produce non-privileged responsive documents, if any, that can be located after a

5    reasonably diligent search.

6    **REQUEST FOR PRODUCTION NO. 644:**

7           DOCUMENTS and THINGS sufficient to identify the first public use, public disclosure,

8    sale, and/or offer for sale, in the United States, of each version of APPLE's ENTERPRISE

9    OBJECTS FRAMEWORK prior to January 7, 2007.

10   **RESPONSE TO REQUEST NO. 644:**

11          Apple objects to this request on the grounds and to the extent that it is overly broad,

12   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

13   lead to the discovery of admissible evidence, including but not limited to its use of the terms

14   "DOCUMENTS and THINGS" and "first public use, public disclosure, sale and/or offer for

15   sale."   Apple objects to this request on the grounds and to the extent that it seeks information

16   protected from disclosure by the attorney-client privilege, attorney work product doctrine, the

17   joint defense or common interest privilege, or any other applicable privilege, doctrine, or

18   immunity as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple

19   objects to the extent this request is duplicative of previous requests, including, but not limited to

20   Requests 272, 281 and 282.  Apple further objects to the phrase "each version of APPLE's

21   ENTERPRISE OBJECTS FRAMEWORK" as overly broad, unduly burdensome, vague,

22   ambiguous, and seeking information not reasonably calculated to lead to the discovery of

23   admissible evidence.  Apple further objects to this request on the grounds and to the extent that it

24   calls for information equally available to Samsung as to Apple.  Apple still further objects to this

25   request as vague and ambiguous on the grounds that Samsung has not provided sufficient

26   information to identify or understand what "ENTERPRISE OBJECT FRAMEWORK" is,

27   including but not limited to not referencing or otherwise disclosing "ENTERPRISE OBJECT

28

1   FRAMEWORK" in its invalidity contentions.   Apple further objects to this request to the extent

2   that it seeks documents outside of Apple's possession, custody, or control, including to the extent

3   it seeks documents relating to features or programs not offered by Apple.

4         Subject to and without waiving the foregoing General and Specific Objections, Apple has

5   produced or will produce non-privileged responsive documents, if any, that can be located after a

6   reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 645:**

8         All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

9   EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

10  instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

11  relating to thread and/or process scheduling in all versions of MAC OSX developed prior to

12  January 7, 2007, including but not limited to versions 10.3 and 10.4.

13  **RESPONSE TO REQUEST NO. 645:**

14        Apple objects to this request on the grounds and to the extent that it is overly broad,

15  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

17  to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

18  SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

19  "COMMUNICATIONS," and "relating to thread and/or process scheduling in all versions of

20  MAC OSX."  Apple further objects to this request as overly broad, unduly burdensome, vague,

21  ambiguous, seeking information not reasonably calculated to lead to the discovery of admissible

22  evidence, and not specifying with reasonable particularity the documents being sought,

23  particularly with respect to the phrase "relating to thread and/or process scheduling in all

24  versions of MAC OSX."   Apple objects to this request as overbroad, unduly burdensome, vague

25  and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to

26  the extent this request is not limited to the identified versions of MAC OSX and does not

27  otherwise identify specific versions of MAC OSX with respect to which it seeks documents.

28

1   Apple objects to the extent this request seeks documents that are not relevant to the claims,

2   defenses, or asserted patents of any party in this litigation.

3         Subject to and without waving the foregoing General and Specific Objections, Apple has

4   produced or will produce non-privileged responsive documents in its possession, custody or

5   control, relating to thread and/or process scheduling in MAC OS X version 10.3 and 10.4, if any,

6   that can be located after a reasonably diligent search.

7   **REQUEST FOR PRODUCTION NO. 646:**

8         All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

9   EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

10  instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

11  relating to ICAL in all versions of MAC OSX developed prior to January 7, 2007, including but

12  not limited to versions 10.3 and 10.4.

13  **RESPONSE TO REQUEST NO. 646:**

14        Apple objects to this request on the grounds and to the extent that it is overly broad,

15  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

17  to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

18  SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

19  "COMMUNICATIONS," and "relating to ICAL in all versions of MAC OSX."  Apple further

20  objects to this request as overly broad, unduly burdensome, vague, ambiguous, seeking

21  information not reasonably calculated to lead to the discovery of admissible evidence, and not

22  specifying with reasonable particularity the documents being sought, particularly with respect to

23  the phrase "relating to ICAL in all versions of MAC OSX."  Apple objects to this request to the

24  extent that it seeks documents outside of Apple's possession, custody, or control, including on

25  the grounds that it apparently seeks documents relating to features or programs not offered by

26  Apple.   Apple objects to this request as overbroad, unduly burdensome, vague and ambiguous,

27  and not reasonably calculated to lead to the discovery of admissible evidence to the extent this

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S ELEVENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

55

1   request is not limited to the identified versions of MAC OSX and does not otherwise identify

2   specific versions of MAC OSX with respect to which it seeks documents.  Apple objects to the

3   extent this request seeks documents that are not relevant to the claims, defenses, or asserted

4   patents of any party in this litigation.  Apple still further objects to this request as vague and

5   ambiguous on the grounds that Samsung has not provided sufficient information to identify or

6   understand the aspects of "ICAL" at issue, including but not limited to not referencing or

7   otherwise disclosing ICAL in any version of Mac OSX in its invalidity contentions.

8           Subject to and without waving the foregoing General and Specific Objections, Apple has

9   produced or will produce non-privileged responsive documents in its possession, custody or

10  control, relating to the iCal application in version 10.3 and 10.4 of MAC OSX, if any, that can be

11  located after a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 647:**

13          All DOCUMENTS and THINGS, including but not limited to SOFTWARE,

14  EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions,

15  instruction manuals, user guides, published articles, publications, and COMMUNICATIONS

16  relating to ADDRESS BOOK in all versions of MAC OSX developed prior to January 7, 2007,

17  including but not limited to versions 10.3 and 10.4.

18  **RESPONSE TO REQUEST NO. 647:**

19          Apple objects to this request on the grounds and to the extent that it is overly broad,

20  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

21  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

22  to its use of the terms "All DOCUMENTS and THINGS," "SOFTWARE," "EXECUTABLE

23  SOFTWARE," "technical plans," "diagrams," "workbooks," "manuals,"

24  "COMMUNICATIONS," and "relating to ADDRESS BOOK in all versions of MAC OSX."

25  Apple further objects to this request as overly broad, unduly burdensome, vague, ambiguous,

26  seeking information not reasonably calculated to lead to the discovery of admissible evidence,

27  and not specifying with reasonable particularity the documents being sought, particularly with

28

1   respect to the phrase "relating to ADDRESS BOOK in all versions of MAC OSX."  Apple

2   objects to this request as overbroad, unduly burdensome, vague and ambiguous, and not

3   reasonably calculated to lead to the discovery of admissible evidence the extent this request is

4   not limited to the identified versions of MAC OSX and does not otherwise identify specific

5   versions of MAC OSX with respect to which it seeks documents.  Apple objects to the extent this

6   request seeks documents that are not relevant to the claims, defenses, or asserted patents of any

7   party in this litigation.  Apple still further objects to this request as vague and ambiguous on the

8   grounds that Samsung has not provided sufficient information to identify or understand the

9   aspects of "ADDRESS BOOK" at issue, including but not limited to not referencing or otherwise

10  disclosing "ADDRESS BOOK," or its parameters, in any version of Mac OSX in its invalidity

11  contentions.

12         Subject to and without waving the foregoing General and Specific Objections, Apple has

13  produced or will produce non-privileged responsive documents in its possession, custody or

14  control, relating to the Address Book application in version 10.3 and 10.4 of MAC OSX, if any,

15  that can be located after a reasonably diligent search.

16

17

18  Dated:  February 21, 2013                    WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP

19                                               /s/ Mark D. Selwyn
20                                               Mark D. Selwyn (SBN 244180)
                                                 (mark.selwyn@wilmerhale.com)
21                                               950 Page Mill Road
                                                 Palo Alto, California 94304
22                                               Telephone:  (650) 858-6000
                                                 Facsimile:  (650) 858-6100

23                                               Attorneys for Plaintiff and
24                                               Counterclaim-Defendant Apple Inc.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of **Apple Inc.'s Objections and Responses to Samsung's Eleventh Set of Requests for Production of Documents and Things** was served on February 21, 2013, by electronic mail upon the following counsel of record:

Kevin P.B. Johnson
Victoria F. Maroulis
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

Charles K. Verhoeven
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

Michael Fazio
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
jeaninezalduendo@quinnemanuel.com

John Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
jcaracap@steptoe.com

Dated:  February 21, 2013                          */s/ Andrew Liao*
                                                                          Andrew Liao