# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

March 3, 2013

Michael A. Valek
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Dallas, TX 75201-6912

Re:    Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)

Dear Counsel:

I write regarding Apple's Objections and Responses to Samsung's 11th Set of Requests for Production (Apple's "Response").  The specific deficiencies in Apple's Response are detailed below, however, Samsung's investigation is on-going and Samsung reserves the right to further issues as they are discovered.

**Request No. 595**
This Request pertains to communications between Apple and Hiro Yamamoto prior to August 7, 1995.  Apple has objected on the grounds of relevance, undue burden, and overbreadth; that the Request is not reasonably limited as to scope of time; and claims it does not have sufficient information to identify which Hiro Yamamoto is the subject of this Request.

Apple's objection that it cannot figure out who Hiro Yamamoto does not make sense in light of his recent production.  But to facilitate resolution, the Hiro Yamamoto of Samsung's Request No. 595 is the individual who developed Boomerang software, including but not limited to Boomerang 1.0, Boomerang 2.0, Boomerang 2.1, "Super Boomerang" and the software referred to on pages 52 and 53 of Saul Greenberg, *The Computer User as Toolsmith: The Use, Reuse, and Organization of Computer-Based Tools*.   (SAMNDCA630-00928818, et seq.).

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400  | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan  | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany  | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia  | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany  | TEL +49 40 89728 7000  FAX +49 40 89728 7100

**Request No. 596**
This Request pertains to communications between Apple and Zeta Soft prior to August 7, 1995. Apple has objected on the grounds of relevance and overbreadth, and claims it does not have sufficient information to identify Zeta Soft.

The Zeta Soft of Samsung's Request No. 596 is the company who developed Boomerang software, including but not limited to Boomerang 1.0, Boomerang 2.0, Boomerang 2.1, "Super Boomerang" and the software referred to on pages 52 and 53 of Saul Greenberg, *The Computer User as Toolsmith: The Use, Reuse, and Organization of Computer-Based Tools*. (SAMNDCA630-00928818, et seq.).

**Request Nos. 597-605**
These Requests pertain to the ITC Investigation No. 337-TA-701 (the "701 Investigation").

Apple objects that these Requests do not describe with particularity the documents sought and are unduly burdensome. These are objections are improper as the Requests already contain reasonable limitations and are reasonably limited in scope to particular classes of documents from a particular investigation. Moreover, each of these Requests is limited either to documents relating to U.S. Patent No. 6,895,256 Patent (the "'256 patent"), or Apple's defenses and counterclaims. Moreover, each Request describes the requested documents with sufficient particularity. Apple need simply review the limited universe of documents in its possession, custody, or control relating to the 701 Investigation to determine whether any are responsive to these Requests.

Apple also objects that the 701 Investigation does not share a technological nexus with the present action, under the parties' definition of technological nexus. As Apple is well aware, the parties' discussion of a technological nexus arose in the context of Samsung's Request No. 61, as part of the discussion to limit Apple's production obligations under that *that* request. At no point did the parties agree or even discuss that this "technological nexus" limitation would somehow be imported to *other* Samsung requests for production. Yet, Apple now attempts exactly such a maneuver. This is an improper tactic and Apple's objection is likewise improper.

Apple further objects that these Requests are not reasonably calculated to lead to the discovery of admissible evidence. However, the '256 patent is entitled "Optimized Camera Sensor Architecture for a Mobile Telephone" and relates to digital camera technology for mobile phones. Samsung's asserted patent '449 similarly relates to digital camera technology for mobile phones. Thus, these Requests are targeted at relevant evidence.

Please indicate whether Apple will withdraw its objections to these Requests.

**Request Nos. 606-607**
These Requests pertain to communications with AT&T.

Apple has unilaterally determined that it will limit its production under Request No. 607 to "relevant components, features, and/or functionality identified by Samsung in its infringement contentions," even though this Request is already limited to communications pertaining to "this Lawsuit." Apple may not refuse to produce documents responsive to this request simply because they relate to some area of the lawsuit other than Samsung's infringement contentions. Accordingly, please confirm that Apple will withdraw its unilateral limitation to Request No. 607.

**Request Nos. 610-612 and 614-619**
These Requests pertain to communications with AT&T regarding specific technology and technical specifications. Since each of the technologies referred to in Requests Nos. 610 to 612 relates to the "relevant components, features, and/or functionality identified by Samsung in its infringement contentions," Samsung understands that Apple will not withhold any documents on the basis of its unilateral limitation. Please confirm this is correct.

**Request Nos. 620-628**
These Requests relate to the ITC Investigation No. 337-TA-703 (the "703 Investigation").

Apple objects that these Requests do not describe with particularity the documents sought and are unduly burdensome. These are objections are improper as the Requests are reasonably limited in scope to particular classes of documents from a particular investigation. Apple need simply review the limited universe of documents in its possession relating to the 701 Investigation to determine whether they are responsive to these Requests.

Apple also objects that the 703 Investigation does not share a technological nexus to the present case, under the parties' definition of technological nexus. This objection is identical to Apple's objection to Request Nos. 597 to 605. Please see the discussion of these Requests and objections above. Again, this objection is an improper tactic and Apple's objection is likewise improper.

Apple further objects that these Requests are not reasonably calculated to lead to the discovery of admissible evidence. Yet the single asserted patent in the 703 Investigation, U.S. Patent No. 6,292,218, is entitled, "Electronic Camera for Initiating Capture of Still Images While Previewing Motion Images" and relates to digital camera technology for mobile phones. Samsung's asserted patent '449 similarly relates to digital camera technology for mobile phones. Thus, these Requests are targeted at relevant evidence.

**Request Nos. 629-637**
These Requests related to relevant documents from other actions pertaining to image data storage and transmission.  Apple makes several boilerplate objections, but none of these justify its wholesale refusal to production documents responsive to these Requests.

Apple also objects, without identifying any specific matters, that these Requests pertain to matters that do not share a technological nexus to the present case, under the parties' definition of technological nexus.  This objection is identical to Apple's objection to Request Nos. 597 to 605.  Please see the discussion of these Requests and objections above.  Again, this objection is an improper tactic and Apple's objection is likewise improper.

Please indicate that Apple will withdraw its wholesale refusal to produce documents responsive to these Requests.

**Request No. 638**
This Request pertains to iTunes 6.0.1.  Samsung wrote to you separately on this issue.

Please provide a response to these issues by March 8, 2013.


Very truly yours,

Amar L. Thakur

4