# EXHIBIT 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

April 12, 2013

**VIA ELECTRONIC MAIL**

Brian Buroker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to follow up on the parties' extensive discussions regarding Samsung Requests for Production Nos. 61, 116, 350-363, 597-605 and 620-628, which seek documents from other litigations bearing a technological nexus to the present action.  The parties have debated the scope of the technological nexus standard in dozens of letters and at least three lead counsel meet and confers—in addition to the lengthy history of correspondence, meet and confers and motion practice in the 1846 case—and yet have been unable to agree on the proper application of the technological nexus standard.  As set forth below, Samsung agrees to narrow the scope of its requests in order to resolve the parties' dispute without Court intervention.

**Requests For Production Nos. 61 and 116**

The parties dispute whether Apple is obligated to produce all transcripts of testimony from five cases that involve patents covering touch screen technology and touch-based user interaction, namely *Elan Microelectronics Corp. v. Apple Inc.* (N.D. Cal.), ITC Investigation No. 714 (Elan v. Apple), ITC Investigation No. 750 (Apple v. Motorola), ITC Investigation No. 797 (Apple v.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany  | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

Brian Buroker
Peter J. Kolovos
April 12, 2013

HTC) and *Apple Inc. v. HTC Corp.* (D. Del. 11-cv-00611).  Apple produced a number of
transcripts from the 750 and 797 Investigations pursuant to court orders in the 1846 case.
Apple's productions are incomplete, however.  If Apple produces all remaining transcripts from
the 750 and 797 Investigations by April 17, 2013, Samsung will withdraw its requests for
transcripts from the two *Elan* cases and the HTC Delaware action.

## Requests for Production Nos. 350-363

These requests seek deposition transcripts and other documents from the VirnetX Litigation.
Samsung maintains that such documents are relevant to Samsung's '239 patent because the
patents asserted in the VirnetX Litigation, like the '239 patent, relate to how Apple's products
use the FaceTime applications to transmit messages, images and data between remote devices.
Moreover, Apple and VirnetX litigated a number of issues that are relevant to indirect
infringement, willfulness, and the determination of a reasonable royalty.

In exchange for Apple's commitment to produce documents from the VirnetX Litigation by no
later than May 1, 2013, Samsung agrees to narrow the scope of RFP Nos. 350-363 to deposition
transcripts, trial transcripts, court rulings, infringement and invalidity contentions, expert reports,
responses to requests for admission, responses to interrogatories, documents referenced in
responses to interrogatories, and all documents submitted in connection with claim construction
or motions other than discovery motions, to the extent such documents (1) are not available on
PACER and (2) relate to Apple's alleged infringement, Apple's defenses and/or counterclaims,
or any damages suffered by VirnetX.

## Requests For Production Nos. 597-605 and 620-28

These requests seek deposition transcripts and other documents from the 701 Investigation
(Nokia v. Apple) and 703 Investigation (Kodak v. Apple).  These documents are relevant to
Samsung's '449 and '239 patents because the patents at issue in the 701 and 703 Investigations
involved digital imaging technology.  Furthermore, Nokia's '256 patent and Kodak's '218 patent
disclose numerous claim limitations that are the same as or similar to limitations found in the
'449 and '239 patents.

In exchange for Apple's commitment to produce documents from the 701 and 703 Investigations
by no later than May 1, 2013, Samsung agrees to narrow the scope of RFP Nos. 597-605 and
620-628 to deposition transcripts, trial transcripts, court rulings, infringement and invalidity
contentions, expert reports, responses to requests for admission, responses to interrogatories,
documents referenced in responses to interrogatories, and all documents submitted in connection
with claim construction or motions other than discovery motions, to the extent such documents
(1) are not available on EDIS and (2) relate to Apple's alleged infringement of Nokia's '256

Brian Buroker
Peter J. Kolovos
April 12, 2013

patent or Kodak's '218 patent, or Apple's invalidity or non-infringement defenses to Nokia's '256 and '735 patents or Kodak's '218 patent.

### *Mirror Worlds* litigation

Additionally, Apple has failed to respond to my letter of April 5, 2013, regarding Samsung's Request for Production No. 61 and the *Mirror Worlds* litigation.  In that letter, Samsung asked Apple to confirm by April 9 that it will produce all responsive documents related to the *Mirror Worlds* litigation.  Samsung also asked that Apple produce, by April 10, all missing exhibits to the already-produced *Mirror Worlds* deposition transcripts. Apple has provided no response.

Please confirm by no later than the close of business on Monday, April 17, 2013 whether Apple is agreeable to the proposal outlined above, including providing a date-certain by which Apple will produce the *Mirror Worlds*-related documents responsive to Request for Production No. 61 by April 17, 2013.


Very truly yours,

Amar L. Thakur


Amar L. Thakur