# EXHIBIT 17

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4
       APPLE, INC.,                    )   CV-11-1846-LHK
 5                                     )
                    PLAINTIFF,         )   SAN JOSE, CALIFORNIA
 6                                     )
              VS.                      )
 7                                     )   DECEMBER 16, 2011
       SAMSUNG ELECTRONICS CO.         )
 8     LTD., ET AL,                    )
                                       )   PAGES 1-66
 9                  DEFENDANT.         )
       _____
10

11                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL S. GREWAL
12                 UNITED STATES DISTRICT JUDGE

13

14     A P P E A R A N C E S:

15

16     FOR THE PLAINTIFF:   MORRISON & FOERSTER, LLP
                            BY:  MICHAEL JACOBS
17                               ESTHER KIM
                                 JASON BARTLETT
18                               RICHARD HUNG
                            425 MARKET STREET
19                          SAN FRANCISCO, CA 94105

20     FOR THE DEFENDANT:   QUINN EMANUEL
                            BY:  VICTORIA MAROULIS
21                          555 TWIN DOLPHIN DR., 5TH FL
                            REDWOOD SHORES, CA 94065
22

23           (APPEARANCES CONTINUED ON THE NEXT PAGE)

24

25     OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                                CERTIFICATE NUMBER 13185

                                                              1
```

1           THE COURT: WELL, I GUESS WHAT I WAS
2  THINKING OF IS WHY NOT JUST LOOK FOR ALL OF THE --
3  THE COMPLAINTS ARE CERTAINLY MATTERS OF PUBLIC
4  RECORD, SO WHY NOT IDENTIFY, YOU KNOW, A UNIVERSE
5  OF APPLE CASES, CASES IN WHICH APPLE IS A DEFENDANT
6  IN WHICH THE PRODUCTS HAVE BEEN ACCUSED OF
7  INFRINGEMENT TO START, AND REVIEW THE COMPLAINTS
8  AND YOU COULD PRETTY QUICKLY UNDERSTAND WHAT
9  PATENTS ARE AT ISSUE AND WHAT FUNCTIONS AND
10 FEATURES WERE BEING PUT IN PLAY BY THOSE CASES;
11 ISN'T THAT ONE WAY OF AT LEAST FOCUSING THE REQUEST
12 A LITTLE BIT?
13          MS. MAROULIS: YES, YOUR HONOR. THAT'S
14 DEFINITELY ONE OF THE WAYS.
15          THE COURT: AND THIS WOULD APPLY TO BOTH
16 SIDES. I'M JUST BRAIN STORMING.
17          OKAY. ALL RIGHT.
18          MS. MAROULIS: SO THIS, IN SHORT, IS THE
19 SUBSTANCE OF OUR MOTION, AND I'M SURE YOUR HONOR
20 HAS SOME SPECIFIC QUESTIONS THAT I'M HAPPY TO
21 ANSWER, BUT I'M MINDFUL OF THE CRIMINAL CALENDAR.
22          THE COURT: WELL, I THINK WE STILL HAVE A
23 LITTLE BIT OF TIME, SO LET ME HEAR FROM MR. JACOBS
24 OR ONE OF HIS COLLEAGUES THEN I'LL GIVE YOU A
25 CHANCE FOR REBUTTAL ON THIS ISSUE.

1       MR. JACOBS:  SO LET ME BREAK IT DOWN BY
2   RELEVANCE AND BY CONFIDENTIALITY.
3       ON THE TRANSCRIPT ISSUE IT'S A RELEVANCE
4   QUESTION.  WE DREW A REASONABLE CUT, WE SAID
5   TECHNOLOGICAL NEXUS.
6       APPLE IS IN LITIGATION FOR A VARIETY OF
7   REASONS.  WITNESSES MIGHT BE DEPOSED FOR EMPLOYMENT
8   CASES, THEY MIGHT BE DEPOSED IN A PRODUCT DEFECT
9   CASES WHERE IT'S JUST REMOTE.
10      WE THINK WE MADE A REASONABLE RELEVANCE
11  CUT THERE AND WE WOULD ASK FOR YOU TO SUPPORT IT.
12      SIMILARLY, WE HAVE -- IN SOME CASES THERE
13  ARE REQUESTS WHILE IF NARROWLY CONSTRUED MIGHT BE
14  THOUGHT OF AS TARGETED, THEY GO OFF INTO
15  IRRELEVANCY.
16      SO FOR EXAMPLE ON THE 035 AND IPAD ON
17  MODEL SHOP ORDERS AND OTHER RECORDS, WELL WHAT DOES
18  "OTHER RECORDS" MEAN?  WHAT'S THE RELEVANCE OF
19  OTHER RECORDS WHEN WE ARE TALKING ABOUT A CLAIM
20  THAT A DESIGN PATENT IS INVALID FOR SOME REASON.
21      I SHOULD PAUSE FOR A MINUTE.
22      ONE OF THE BENEFITS OF THE PRELIMINARY
23  INJUNCTION ORDER THAT WE GOT IS I THINK THE ISSUES
24  HAVE BECOME FOCUSED.
25      WE KNOW HOW TO ASSESS VALIDITY, WE KNOW

1     HOW TO ASSESS INFRINGEMENT.  NOT NOW BETWEEN THE
2     BRIEFS OF THE PARTIES, BUT THE JUDGE HAS LAID THAT
3     OUT FOR US.
4              ONE OF THE IMPACTS OF THAT IS I THINK IT
5     HAS NARROWED ON THE VALIDITY SIDE THE SCOPE OF
6     RELEVANT MATERIAL.
7              SO LET'S TAKE THE 035, FOR EXAMPLE, WHICH
8     IS AGAIN KIND OF A MIX OF RELEVANCE AND
9     CONFIDENTIALITY.
10             AS WE NOTED IN OUR BRIEF, THE EXAMINER
11    SPECIFICALLY DISCLAIMED THE RELEVANCE OF THE
12    PHOTOGRAPHS THAT WE SUBMITTED.
13             THEY WANT NOW TO DE-DESIGNATE AS
14    CONFIDENTIAL THE PHOTOGRAPH THEY TOOK OF THE ACTUAL
15    MODEL.  WHY?  BECAUSE THEY ARE MORE DETAILED.
16             WHAT'S THE POSSIBLE RELEVANCE OF MORE
17    DETAILED INFORMATION THAN THAT WHICH WAS SUBMITTED
18    TO THE PATENT OFFICE WHEN THE EXAMINER SAID EVEN
19    THAT WHICH YOU SUBMITTED TO THE PATENT OFFICE IS
20    NOT RELEVANT.
21             WE TAKE THESE MODELS AND THEIR
22    CONFIDENTIALITY VERY SERIOUSLY.  WHEN YOU MIX THE
23    LIMITED RELEVANCE WITH THE CONFIDENTIAL TREATMENT
24    WE GIVE TO THOSE MODELS, THEN IT'S CLEAR THAT THEY
25    SHOULD BE KEEPING THE PHOTOGRAPHS OF THE MODELS AS

43