# EXHIBIT 28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S NOTICE OF THIRD-PARTY SUBPOENA** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, the attached subpoena will be served on Omnivision Technologies, Inc.

DATED: March 14, 2013                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By  /s/ Amar Takur
                                           Amar Thakur
                                           Attorney for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 50 California St. 22nd Fl., San Francisco, California 94111.

On March 14, 2013, I served true copies of the following document, described as:

- **Samsung's Notice of Third-Party Subpoena**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94302<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| ATTORNEYS FOR APPLE INC.<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from alexbinder@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their addresses. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 14, 2013 at San Francisco, California.

*Alex Binder*

-3-

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

March 14, 2013

Omnivision Technologies, Inc.
475 Burton Drive
Santa Clara, California 95054

Re:     Apple Inc. v. Samsung Elecs. Co. et al, Case No 12-cv-630 (N.D.Cal.)

Dear Sir or Madam:

Enclosed please find a Subpoena to Testify at a Deposition in a Civil Action, issued by the United States District Court for the Northern District of California.  This deposition, and the accompanying documents, are sought by Samsung Electronics Co., Ltd. ("Samsung") in connection with litigation against Apple Inc. in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 12-CV-00630-LHK (N.D. Cal.).

We look forward to working with you to make this process as expedient and convenient for you as possible, including agreeing on a convenient time and place for deposition.  Please don't hesitate to contact me with any questions or concerns.

Very truly yours,

*/s/ Amar Thakur*

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Apple, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    5:12-cv-00630-LHK |
| Samsung Electronics Co., LTD, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Omnivision Technologies, Inc. 475 Burton Drive, Santa Clara, California 95054

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Quinn Emanuel Urquhart and Sullivan LLP<br>555 Twin Dolphin Drive, 4th Floor<br>Redwoodshores, CA 94065 | Date and Time:<br><br>03/28/2013 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and by video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      03/14/2013

| *CLERK OF COURT* | OR | *Amar L. Thakur* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Samsung Electronics Company, LTD                                                                                      , who issues or requests this subpoena, are:

Amar Thakur amarthakur@quinnemanuel.com  (213) 443-3263
865 S. Figueroa St., 10th Floor, Los Angeles, California 90017

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   5:12-cv-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                *Server's signature*

                                       _____
                                                *Printed name and title*

                                       _____
                                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA TO OMNIVISION TECHNOLOGIES, INC.
## ATTACHMENT A

### DEFINITIONS

1.       "You," "Your," and "Omnivision" mean and refer collectively to Omnivision

Technologies, Inc., its predecessors in interest, subsidiaries, joint ventures, affiliates, and other

legal entities that are or were wholly or partially owned or controlled by Omnivision

Technologies, Inc., either directly or indirectly, and the principals, directors, officers, owners,

members, representatives, employees, agents, consultants, accountants, and attorneys of these

same entities.

2.       "Apple" means Apple, Inc. and its principals, directors, officers, owners,

members, representatives, employees, agents, consultants, accountants, and attorneys.

3.       "Apple Product(s)" means all models and generations of the iPhone, iPad, iPad

Mini, iPod Touch, iMac, Mac Mini, Mac Pro, Macbook Pro, Macbook Air or other computers

sold by Apple.

4.       "Camera Component" refers to any circuit, chip, processor, CMOS sensor,

camera sensor, camera module or component that is capable of or sold for use in implementing,

supporting, processing, or providing video functionality including processing photo and/or video

signals and data, that is or has been sold to or purchased by Apple or Apple manufacturers or

provided for use in, or otherwise known by You to be used in, an Apple Product.  This includes,

but is not limited to, all circuits, chips, processors, CMOS sensors, camera sensors, camera

modules, or components, including those marked as follows: OV5650, OV531AF, OV290BA,

OV23CB, and OV297AA, or any other product or component sold to or purchased by Apple or

Apple manufacturers, or provided for use in or otherwise known or understood by you to be used

1

in an Apple Product.  This definition relates to Camera Components used for either a "back,"
"front," or any other camera in an Apple Product.

5.      The "'239 Patent" means United States Patent No. 5,579,239, titled "Remote
Video Transmission System," issued November 26, 1996, and all related patents and patent
applications, including foreign counterpart patents and applications, and related foreign patents
and applications.  The '239 Patent is attached as Exhibit 2.

6.      For purposes of this subpoena only, "'239 Patent Functionality" means the ability
of a device to perform any of the following functions:

- Capturing a signal or data including video or image data;

- Digitizing a signal or data including video or image data;

- Converting a signal or data including video or image data from analog to
  digital format;

- Compressing a signal or data including video or image data;

- Storing a signal or data including video or image data;

- Transmitting a signal or data including video or image data;

- Receiving a signal or data including video or image data;

- Exchanging, sending or receiving a signal or video or image data with
  other components;

- Decompressing a signal or data including video or image data.

7.      The "'449 Patent" means United States Patent No. 6,226,449, titled "Apparatus
For Recording And Reproducing Digital Image And Speech," issued May 1, 2001, and all
related patents and patent applications, including foreign counterpart patents and applications,
and related foreign patents and applications.  The '449 Patent is attached as Exhibit 3.

8.      "Exif" means the Exchangeable image file format, an industry standard.

9.      For purposes of this subpoena only, "'449 Patent Functionality" means the ability
of a device to perform any of the following functions:

- Converting an optical image into an analog signal, as may be performed, for example, by a CMOS image sensor or a CCD sensor;

- Converting an analog signal into a digital signal;

- Compressing digital image data, including for example, using MPEG or JPEG formats;

- Recording compressed data in memory;

- Recording classification data or other metadata associated with an image or video in memory, including for example, time, date and other Exif data;

- Decompressing digital image data, including for example, using MPEG or JPEG formats;

- Displaying a list of images and videos captured with a digital camera, or collection of thumbnails representing such images and videos; and/or

- Displaying a list of albums, galleries, folders, or other classifications corresponding to images or videos captured with a digital camera.

10.     For purposes of this subpoena only, "'449 Patent Components" refers to:

- a lens;

- an imaging device which converts an optical image into an analog signal, including, for example a CMOS image sensor or a CCD sensor;

- an A/D converter;

- a compressor which compresses digital image data, including for example, an MPEG or JPEG encoder circuit or device;

- a recording circuit used to store compressed data in memory;

- a decompressor which decompresses digital image data, including for example, an MPEG or JPEG decoder circuit or device; and/or

- a reproducing circuit used to display decompressed image data.

11.     The term "Software" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

12.     The term "Executable Software" shall mean computer files containing encoded instructions capable of being executed (by, e.g., central processing unit, microcontroller, digital signal processor or any other component), and any release notes describing the features or modification of such files.  The term shall include, without limitation, firmware and executable binary files.

13.     The term "source code" shall mean human-readable programming language text that defines Software, firmware, or electronic hardware descriptions.  Source Code files include, but are not limited to, files containing source in "Java", "C", "C++", assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages.  Source Code files further includes "Include" files, "make" files, link files, and other human-readable text files used in the generation or building of Software directly executed on an application processor, microcontroller, or DSP.

4

14.    The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence and includes without limitation the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential or personal:  letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; equipment specifications and operating information; product packaging; designs; instructions; advertisements; literature; work assignments; memoranda of conversations; notes; notebooks; drafts; data sheets; worksheets; contracts; memoranda of agreements; assignments; licenses; minute books of account; orders; invoices; statements; bills; checks; vouchers; photographs; drawings; charts; catalogs; brochures; computer files; computer discs; software; articles; manuals; pamphlets; advertisements; circulars; press releases; drafts of any documents; books; instruments; accounts; bills of sale; tapes; electronic communications including E-mails; telegraphic communications and all other material of any tangible medium of expression; and

original or preliminary notes.  Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

15.     "Thing(s)" has the broadest meaning allowable under Federal Rule of Civil Procedure 34, and includes any tangible object other than a document and, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

16.     "Including" means including, but not limited to.

17.     "Communication" means any document received by, transmitted to, conveyed to, or delivered to you from any person or entity or from you to any person or entity including electronic mail and oral communications reduced to writing.

18.     Unless otherwise indicated by the context, the term "identify":

> a.     when used in connection with documents, means to furnish a brief description of the nature of the document, its title or identifying symbol, its date, and the name and address of the person, if any, to whom it was directed, the location thereof, and its present custodian;
>
> b.     when used in connection with a person or persons, means to furnish a statement of the full name, job title or function, the last known business address and telephone number and the last known home address and telephone number;
>
> c.     when used in connection with things, including products or other physical objects, means to furnish a complete description of the things, including its common designation, its composition, its physical characteristics, its present or last known location, and any other distinguishing characteristics.

19.     "Date" means the exact day, month, and year if ascertainable, or if not, your best approximation thereof.

20.     The term "concerning," in addition to its usual and customary meaning, shall also mean relating to, alluding to, referring to, constituting, describing, discussing, evidencing, or regarding.

21.     The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

22.     The use of the singular form of any word includes the plural and vice versa.

23.     All pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case makes the request more inclusive.

24.     The "630 Litigation" shall mean the action entitled *Apple, Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 12-cv-00630-LHK (N.D. Cal.)

25.     "Apple manufacturer(s)" refers collectively and individually to the manufacturers of the Apple Products, including but not limited to Foxconn Electronics, Inc., Quanta Computer, Inc., Hon Hai Precision Industry Co. Ltd., Pegatron Corp., and all their predecessors, successors, parents, divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and other persons acting on their behalf, or any other person or entity subject to their control or which controls them.

## <u>INSTRUCTIONS</u>

1.      This subpoena seeks all documents and testimony in existence to the full extent permitted by the Federal Rules of Civil Procedure.

2.      Should you seek to withhold any responsive document based on some limitation of discovery (including privilege), you must supply a list of the documents for which limitation of discovery is claimed, indicating:

      a.      the identity(ies) of each document's author(s), writer(s), sender(s), or initiator(s) and their positions;

      b.      the identity(ies) of each document's recipient(s), addressee(s), or party(ies) for whom it was intended and their positions;

      c.      the date of creation or transmittal indicated on each document, or estimate of that date, indicated as such, if no date appears on the document;

      d.      the general subject matter as described on each document, or, if such description does not appear, then some other description sufficient to identify the document; and

      e.      the claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

To the extent such information is contained within a document for which a claim of privilege has been made, you must provide a privileged document list within 10 calendar days of the date upon which answers and objections to these document requests are due.

3.      If any of the documents requested by this subpoena are considered confidential information within the meaning of the attached Protective Order issued by the United States District Court for the Northern District of California ("Protective Order"), such documents should be produced subject to the terms and provisions of the Protective Order.  The Protective Order is Attached as Exhibit 2.

4.      If no documents are responsive to a particular request, you are to state that no responsive documents exist.

5.      If you propound any written answers to the requests in Attachment A, repeat verbatim, immediately before each answer, the request being answered.

6.      Where an identified document is in a language other than English, state whether an English translation of such document exists.  If a document is in a language other than English and an English translation exists, identify and provide both documents.

7.      Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the materials intelligible.  For example, if a document is originally an Excel spreadsheet, then the document should be produced in Excel format.  If a document contains color-coding, then the document should be produced in a format that preserves the color-coding.

8.      File folders with tabs or labels identifying documents called for by these requests must be produced intact with such documents.

9.      Documents attached to each other must not be separated.

## DOCUMENTS TO BE PRODUCED

1.      Manuals, users guides, brochures, and/or promotional materials concerning the Camera Components.

2.      For each Camera Component, Documents sufficient to describe the structure, function, and operation of the Camera Component, including all specification sheets, data sheets, schematics, technical drawings, pinouts, register maps, designer guides, compliance and testing documents, manuals, or related technical documentation associated with each Camera Component.

3.      Documents sufficient to show the operation of the Camera Components.

4.      Documents sufficient to show the function and/or purpose of each pin of the Camera Components.

5.      For each Camera Component, Documents sufficient to describe the design, development, manufacture, certification, and testing of the Camera Component, including documentation created during the conception, design, development, research, testing, simulation, reduction to practice, fabrication, manufacturing, packaging, certification, and analysis of each Camera Components.

6.      For each Camera Components, Documents sufficient to describe the parties involved in the design, development, manufacture, certification, and testing of the Camera Components, including any of Omnivision's subsidiaries, Apple, or Apple manufacturers.

7.      For each Camera Components, Documents sufficient to show the origin and ownership of the design, schematics, technical drawings, specification and/or working drawings used for its manufacture.

8.      Any Software or Executable Software for the Camera Components.

9.      All documents concerning '239 Patent Functionality in the Camera Components, or enabled by the Camera Components.

10.     All documents concerning '449 Patent Functionality in the Camera Components, or enabled by the Camera Components.

11.     All documents concerning '449 Patent Components included in or embodied by the Camera Components, or enabled by the Camera Components.

12.     For each Camera Component, the Software, including source code, associated, tested, sold, distributed, packaged, or integrated with each Camera Component along with any related documentation.

13.     For each Camera Component, Documents or materials regarding the Software or firmware architecture for the Camera Component and/or Executable software.

14.     For each Camera Component, training materials used to teach new employees about the Software and/or firmware architecture for the Camera Component and/or Executable Software.

15.     All source code concerning the '239 Patent Functionality.

16.     All source code concerning '449 Patent Functionality.

17.     For each Camera Component, all Documents and things related to any communication with Apple or Apple Manufacturers concerning its design, manufacture, testing, schematics, technical drawings, specifications and/or working drawings.

18.     All documents provided by Omnivision to Apple or Apple manufacturers regarding the structure, operation, function, or testing of the Camera Components, including documents provided in order to assist Apple or Apple manufacturers in integrating the Camera Component into any Apple Product.

11

19.     Any communications with or from Apple concerning the functionality of the Camera Components.

20.     Any communications with or from Apple concerning the '239 Patent.

21.     Any communications with or from Apple concerning the '239 Patent Functionality.

22.     All documents concerning the '239 Patent.

23.     All documents concerning the '239 Patent Functionality.

24.     Any communications with or from Apple concerning the '449 Patent.

25.     Any communications with or from Apple concerning '449 Patent Functionality.

26.     Any communications with or from Apple concerning '449 Patent Components.

27.     All documents concerning the '449 Patent.

28.     All documents concerning the '449 Patent Functionality.

29.     All documents concerning Apple's product requirements, including engineering requirements specifications, for the Camera Components, including all communications from Apple to You regarding same.

30.     Documents sufficient to identify the Camera Components incorporated into each Apple Product, including by product model and generation, and the quantity of each Camera Component sold or otherwise provided to Apple or Apple manufacturer.

31.     Documents sufficient to show into which Apple products each Camera Components was integrated.

32.     All licenses, agreements, product purchase agreements, purchase orders or other contracts with Apple that refer to or in any way relate to Camera Components.

33.     All Documents and things including but not limited to work orders, statements of work or requests for bid, that describe or relate to the actual or intended use of the Camera Components sold to Apple or an Apple manufacturer.

34.     For each Camera Component, all sales invoices to Apple or Apple manufacturers.

35.     Documents sufficient to identify all persons knowledgeable about the design, development, structure and/or operation of any Camera Components sold to or purchased by Apple or Apple manufacturers.

36.     Documents that reference the 630 Litigation.

37.     All communications with Apple regarding the 630 Litigation.

38.     For each of the Documents produced in response to this subpoena, all Documents necessary to understand, determine, and interpret the meaning of all codes, acronyms, symbols, abbreviations, or other methods of identification necessary to completely and fully interpret those documents.

39.     All existing English translations of each foreign language Document produced in response to this Subpoena.

## DEPOSITION TOPICS

1.      The functionality and operation of each Camera Component, and associated Software, including Source Code.

2.      The structure, of each Camera Component, including all specification sheets, data sheets, schematics, technical drawings, pinouts, register maps, and circuit diagrams describing the components of the Camera Components and their function.

3.      The structure and function of each pin of the Camera Components.

4.      Apple's product requirements for the Camera Components.

5.      The design, development, manufacture, certification, research, simulation, reduction to practice, fabrication, manufacturing, packaging, and testing of each Camera Component.

6.      The origin and ownership of the design, schematics, specifications, technical drawings and/or working drawings used to manufacture the Camera Components and associated Software.

7.      The process by which Software or Executable Software for the Camera Components is designed, written, tested, created, licensed, implemented, and incorporated for storage or execution on the Camera Components.

8.      The '239 Patent Functionality in the Camera Components, or enabled by the Camera Component.

9.      The '239 Patent Functionality in each Apple Product.

10.     The '449 Patent Functionality in the Camera Components, or enabled by the Camera Component.

11.     The '449 Patent Components included in or embodied by the Camera Components, or enabled by the Camera Components.

12.     The '449 Patent Functionality in each Apple Product.

13.     All communications with Apple or Apple manufacturers.

14.     All persons knowledgeable about the design, development, structure and/or operation of any Camera Components.

15.     An identification of each Camera Component incorporated into each Apple product, including product model and generation, and the quantity of each Camera Component sold or otherwise provided to Apple or Apple manufacturer.

16.     An identification of which Apple product each Camera Component was integrated.

17.     All proposals and sales of Camera Components to Apple or Apple manufacturers.

18.     All documents and Software, including source code produced in response to the document subpoena being served concurrently with this subpoena.

19.     The content of all Documents and Software, including source code, produced in response to the document subpoena being served concurrently with this subpoena.

20.     Authentication of all documents and Software, including source code produced in response to the document subpoena being served concurrently with this subpoena.

21.     The identity, location, organization, revision history, and custodians of all Documents concerning each topic in this subpoena, and the identity of the persons most knowledgeable about each topic in this subpoena.

22.     The organization and personnel at Omnivision responsible for the design, development, fabrication, and deployment of the Camera Components.

23.    The involvement of Apple or an Apple manufacturer in the development of the design, schematics, specifications, technical drawings and/or working drawings used to manufacture the Audio ICs.

24.    Apple's or Apple's Manufacturer's access to or possession, custody, or control of any documentation or Software or Executable Software relating to the Camera Components.

25.    The identity, nature, extent, and intent of any and all agreements, licenses or other contracts between Apple or Apple Manufacturers and Omnivision regarding the Apple Products or Camera Components.

26.    Omnivision's relationship with Apple or Apple Manufacturers with respect to the Apple products or Camera Components.

27.    The design, manufacture, testing, assembly, sale, and chain of distribution of Camera Components that are ultimately incorporated in Apple Products, including identification of all entities involved (including intermediaries), a description of the involvement of each entity in the activities that are the subject of this topic, including the geographic location of each such activity, and the identification and description of any contracts, licenses, agreements or informal understandings between Omnivision and another, without limitation, Apple, concerning these activities.

28.    The business activities of Omnivision relating to the design, manufacture and sale or distribution of Camera Components.

29.    The ability of the Camera Components to perform the '239 Patent Functionality.

30.    The ability of the Camera Components to perform '449 Patent Functionality.