# EXHIBIT 29

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>              Defendant. | Case No.   12-cv-00630-LHK<br><br>**APPLE INC.'S NOTICE OF SUBPOENA TO EASTMAN KODAK COMPANY** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc., by and through its attorneys, will serve the attached subpoena on Eastman Kodak Company.

Dated: April 5, 2013                          MORRISON & FOERSTER LLP

                                              By:  /s/ Nathan B. Sabri
                                                   Nathan B. Sabri

                                              Attorneys for Plaintiff
                                              APPLE INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on April 5, 2013, I served a copy of:

**APPLE INC.'S NOTICE OF SUBPOENA TO EASTMAN KODAK COMPANY**

☐ **BY FACSIMILE, [Fed. Rule Civ. Proc. rule 5(b)]** by sending a true copy from Morrison & Foerster LLP's facsimile transmission telephone number 415.268.7522 to the fax number(s) set forth below, or as stated on the attached service list. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be transmitted by facsimile on the same date that it (they) is (are) placed at Morrison & Foerster LLP for transmission.

☐ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

Certificate of Service
sf-3271163

☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by _____, at 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by _____ or delivered to an authorized courier or driver authorized by _____ to receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.

☐ **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>kevinjohnson@quinnemanuel.com<br>victoriamaroulis@quinnemanuel.com | Charles K. Verhoeven<br>Kevin A. Smith<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>charlesverhoeven@quinnemanuel.com<br>kevinsmith@quinnemanuel.com |

| | | |
|---|---|---|
| 1 | William Price | John Caracappa |
| 2 | Michael Fazio<br>Amar Thakur | Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW |
| 3 | Jeanine M. Zalduendo<br>Quinn Emanuel Urquhart & Sullivan | Washington, DC 20036<br>Telephone: (202) 429-3000 |
|   | LLP | jcaracap@steptoe.com |
| 4 | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | |
| 5 | Telephone: (213) 443-3000<br>williamprice@quinnemanuel.com | |
| 6 | michaelfazio@quinnemanuel.com<br>amarthakur@quinnemanuel.com | |
| 7 | jeaninezalduendo@quinnemanuel.com | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 5th day of April, 2013.

_____          __/s/ Edith E. Perez_____
   Edith E. Perez                         /s/ Edith E. Perez
      (typed)                              (signature)

Certificate of Service                    3
sf-3271163

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  12-cv-00630-LHK |
| Samsung Electronics Co., Ltd. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Eastman Kodak Company (3 State St., Rochester, NY 14650), c/o Corporation Service Company, 830 Bear Tavern Road, West Trenton, NJ 08628

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A.  Testimony to be given on May 3, 2013, after the production of documents and things on April 19, 2013.

| Place: Advanced Depositions Alliance Offices<br>183 East Main St., Ste. 1500<br>Rochester, NY 14604 | Date and Time:<br>05/03/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:  Videotaped and recorded stenographically.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/5/2013

*CLERK OF COURT*

                                                OR

_____                _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Apple Inc.
_____ , who issues or requests this subpoena, are:
Nathan B. Sabri, Morrison & Foerster LLP, 425 Market St., San Francisco, CA 94105, nsabri@mofo.com, 415-268-6641

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12-cv-00630-LHK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A**

**<u>DEFINITIONS</u>**

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1. "Samsung" shall mean and refer to Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, including without limitation all of their corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., or Samsung Telecommunications America, LLC, and others acting on behalf of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., or Samsung Telecommunications America, LLC.

2. "Kodak" means Eastman Kodak Company, and each predecessor, successor, division, subsidiary, joint venture, parent, or related company thereof, whether or not organized under the laws of the United States.

3. "Kodak Still Video Transceiver" means the Kodak SV9600 Still Video Transceiver and any version of the Kodak SV9600 Still Video Transceiver publicly released before February 16, 1994, including, but not limited to, the Kodak SV9610 Still Video Transceiver, the SV9600-S Still Video Transceiver, and the Kodak SV9650 Still Video Transceiver.

4. "Image Capture, Transmission, and Decompression" means any means or method of capturing an image or video, digitizing it, compressing it, storing it, transmitting it, receiving

- 1 -

the transmitted image or video, then decompressing it.

5. "Kodak Digital Cameras" means the Kodak DCS, Kodak DCS 100, Kodak DCS 200, Kodak DCS 465, Apple QuickTake 100, and Apple QuickTake 150.

6. "The '678 patent" means U.S. Patent No. 5,633,678.

7. The "Parulski patent" means the '678 patent.

8. "Related patents" means and refers to any patent or patent application that concerns the same or similar subject matter as the '678 patent, as well as any continuation, continuation-in-part, divisional, or any other patent or patent application (including rejected, abandoned, or pending applications) derived in whole or in part from said application, and all foreign counterpart patents or patent applications (including rejected, abandoned, or pending applications).

9. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and includes without limitation any written, printed, typed, electronic, photostated, photographed, recorded, or otherwise reproduced communication or representation, including source code. "Document(s)" includes all drafts, non-final versions, alterations, modifications, and amendments to any of the foregoing. A draft or non-identical copy or copy with notations or markings of any sort that do not appear on other copies is a separate document within the meaning of this term.

10. "Communication(s)" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing, or describing the contents of the transmission, meetings, and discussions, telephone and/or video conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary, or description, or identifying the time, place,

subject matter, medium of transmission, and/or participants in the transmission.

11. "Relating to" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

12. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes this subpoena more inclusive, and "any" shall mean each and every.

13. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions are applicable herein:

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business. If multiple copies of a document exist, please produce every copy with notations or markings of any sort that do not appear on other copies.

2. This subpoena covers documents that exist in electronic form (including without limitation, source code, electronic mail, Microsoft Word or other word processing documents, and Portable Document Format (PDF) documents, stored on any type of storage device, including flash memory devices, hard drives, back-up tapes, magnetic tapes, and diskettes).

3. Provide the following information for any responsive document or thing withheld from production on the grounds that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege:

      a)      The author of the document;

      b)      The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

      c)      The date of the document;

      d)      The subject matter of the document;

      e)      The type of document (*e.g.*, letter, memorandum, note, report, etc.);

      f)      The number of pages and attachments; and

      g)      The nature and the basis for the claim of privilege.

4. If you object to a request, or any part of a request, please produce all documents to which your objection does not apply.

## **DOCUMENT AND THINGS TO BE PRODUCED**

1. Documents relating to the implementation of Image Capture, Transmission, and Decompression functions in the Kodak Still Video Transceiver, including without limitation, user manuals, user guides, operation manuals, operation guides, maintenance manuals, maintenance guides, troubleshooting manuals, troubleshooting guides, hardware and/or software design specifications, technical memoranda, marketing requirement documents, marketing literature, and product documents.

2. Documents sufficient to show the capabilities and technical specifications of the Kodak Still Video Transceiver, including but not limited to components and processes for capturing images or video, digitizing images or video, storing images or video, transmitting images or video, receiving transmitted images or video, and compression and decompression of images or video.

3. Documents, such as circuit diagrams, sufficient to show the components of each of the Kodak Digital Cameras, including at least:

  (a)  the lens;

  (b)  the image sensor (*e.g.*, a CCD image sensor);

  (c)  the analog-to-digital converter;

  (d)  the compression circuit for compressing images, for example, according to the JPEG standard;

  (e)  the recording circuit for recording compressed data such as images;

  (f)  the decompression circuit for decompressing stored data such as compressed images;

  (g)  the circuit for reproducing images from memory for display to a user; and

  (h)  the display for displaying stored images.

4. Documents sufficient to show how a user could use each of the Kodak Digital Cameras and/or associated software to search for, or otherwise retrieve, images.

5. Documents sufficient to show how a user could use each of the Kodak Digital Cameras and/or associated software to organize image data into electronic photo albums and/or folders.

6. Documents sufficient to show how a user could use each of the Kodak Digital Cameras and/or associated software to view or display images in electronic photo albums and/or folders.

7. Documents sufficient to establish where and when the Kodak Still Video Transceiver and each of the Kodak Digital Cameras were first used in the United States, first publicly used in the United States, first offered for sale in the United States or for inclusion in a product to be used in the United States, and first sold in the United States or for inclusion in a product to be used in the United States.

## **TOPICS FOR TESTIMONY**

1. The subject matter of all requests for the production of documents and things.

2. The authentication and public availability of all documents produced in response to this subpoena.