# EXHIBIT 30

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| Apple Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-cv-00630-LHK |
| Samsung Electronics Co., Ltd. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Kenneth A. Parulski
      225 Imperial Circle, Rochester, NY 14617

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A.  Testimony to be given on May 23, 2013, after the production of documents and things on May 9, 2013.

| Place: TBD | Date and Time: |
|---|---|
| | 05/23/2013 9:00 am |

The deposition will be recorded by this method:   Videotaped and recorded stenographically.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/25/2013

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
_____, who issues or requests this subpoena, are:
Michael Silhasek, Esq., WilmerHale LLP, 950 Page Mill Road, Palo Alto, CA 94304, michael.silhasek@wilmerhale.com, (650) 858-6083

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1.  "Samsung" shall mean and refer to Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, including without limitation all of their corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., or Samsung Telecommunications America, LLC, and others acting on behalf of Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., or Samsung Telecommunications America, LLC.

2.  "Kodak" means Eastman Kodak Company, and each predecessor, successor, division, subsidiary, joint venture, parent, or related company thereof, whether or not organized under the laws of the United States.

3.  "Kodak and Apple Digital Cameras" means the Kodak DCS , Kodak DCS 100, Kodak DCS 200, Kodak DCS 465, Apple QuickTake 100, and Apple QuickTake 150.

4.  "The '678 patent" means U.S. Patent No. 5,633,678.

5.  The "Parulski Patent" means the '678 patent.

6.  "Related Patents" means and refers to any patent or patent application that concerns the same or similar subject matter as the '678 patent, as well as any continuation,

continuation-in-part, divisional, or any other patent or patent application (including rejected, abandoned, or pending applications) derived in whole or in part from said application, and all foreign counterpart patents or patent applications (including rejected, abandoned, or pending applications).

7.  "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and includes without limitation any written, printed, typed, electronic, photostated, photographed, recorded, or otherwise reproduced communication or representation, including source code.  "Document(s)" includes all drafts, non-final versions, alterations, modifications, and amendments to any of the foregoing.  A draft or non-identical copy or copy with notations or markings of any sort that do not appear on other copies is a separate document within the meaning of this term.

8.  "Communication(s)" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing, or describing the contents of the transmission, meetings, and discussions, telephone and/or video conversations, electronic communications, telegraphic communications, or any document containing a recording, transcription, summary, or description, or identifying the time, place, subject matter, medium of transmission, and/or participants in the transmission.

9.  "Relating to" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

10. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes this subpoena more inclusive, and "any" shall mean each and every.

11. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions are applicable herein:

1. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business. If multiple copies of a document exist, please produce every copy with notations or markings of any sort that do not appear on other copies.

2. This subpoena covers documents that exist in electronic form (including without limitation, source code, electronic mail, Microsoft Word or other word processing documents, and Portable Document Format (PDF) documents, stored on any type of storage device, including flash memory devices, hard drives, back-up tapes, magnetic tapes, and diskettes).

3. Provide the following information for any responsive document or thing withheld from production on the grounds that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege:

   a) The author of the document;

   b) The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

   c) The date of the document;

   d) The subject matter of the document;

   e) The type of document (*e.g.*, letter, memorandum, note, report, etc.);

    f)  The number of pages and attachments; and

    g)  The nature and the basis for the claim of privilege.

  4.  If you object to a request, or any part of a request, please produce all documents to which your objection does not apply.

### DOCUMENT AND THINGS TO BE PRODUCED

  1.  Documents, including, but not limited to, circuit diagrams, sufficient to show the components of each of the Kodak and Apple Digital Cameras, including:

    (a)  the lens;

    (b)  the image sensor (*e.g.*, a CCD image sensor);

    (c)  the analog-to-digital converter;

    (d)  the compression circuit for compressing images, for example, according to the JPEG standard;

    (e)  the recording circuit for recording compressed data such as images;

    (f)  the decompression circuit for decompressing stored data such as compressed images;

    (g)  the circuit for reproducing images from memory for display to a user; and

    (h)  the display for displaying stored images.

  2.  Documents sufficient to show how a user could use each of the Kodak Digital Cameras and/or associated software to search for, or otherwise retrieve, images.

3. Documents sufficient to show how a user could use each of the Kodak and Apple Digital Cameras and/or associated software to organize image data into electronic photo albums and/or folders.

4. Documents sufficient to show how a user could use each of the Kodak and Apple Digital Cameras and/or associated software to view or display images in electronic photo albums and/or folders.

5. Documents sufficient to establish where and when the Kodak and Apple Digital Cameras were first used in the United States, first publicly used in the United States, first offered for sale in the United States or for inclusion in a product to be used in the United States, and first sold in the United States or for inclusion in a product to be used in the United States.

6. Documents sufficient to show the design and development of the Kodak and Apple Digital Cameras, including your role in designing and developing the Kodak and Apple Digital Cameras.

7. All documents concerning the conception and/or reduction to practice—whether actual or constructive—of the subject matter of the Parulski Patent and/or any Related Patents.

8. All documents relating to any work, research, tests, experiments, studies, or prototypes, whether complete, incomplete, or prematurely terminated, relating to the alleged inventions claimed in the Parulski Patent and/or any Related Patents.

9. All employment agreements, severance agreements, consulting agreements, and/or other documents describing any obligations to Kodak and/or its licensees or assigns regarding any patents, including the Parulski Patent.