# EXHIBIT 31

```
 1
 2                IN THE UNITED STATES DISTRICT COURT
 3             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 4                         SAN JOSE DIVISION
 5
    APPLE, INC.,                    )  CV-11-1846-LHK
 6                                  )
                   PLAINTIFF,       )  SAN JOSE, CALIFORNIA
 7                                  )
            VS.                     )
 8                                  )  APRIL 9, 2012
    SAMSUNG ELECTRONICS CO.         )
 9  LTD., ET AL,                    )
                                    )  PAGES 1-189
10                 DEFENDANT.       )
                   _____
11
12                   TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL S. GREWAL
13                 UNITED STATES DISTRICT JUDGE
14
15  A P P E A R A N C E S:
16  FOR THE PLAINTIFF:  MORRISON & FOERSTER, LLP
                        BY:  ALLISON TUCHER
17                           NATHAN SABRI
                             JOBY MARTIN
18                      425 MARKET STREET
                        SAN FRANCISCO, CA  94105
19
20  FOR THE DEFENDANT:  QUINN EMANUEL
                        BY:  VICTORIA MAROULIS
21                           SARA JENKINS
                        555 TWIN DOLPHIN DRIVE, 5TH FL
22                      REDWOOD SHORES, CA  94065
23          (APPEARANCES CONTINUED ON THE NEXT PAGE)
24
25  OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                             CERTIFICATE NUMBER 13185

                                                             1
```

1  ITS MOTION WAS A CASE THAT WOULD NOT ALLOW
2  PRODUCTION OF PRIOR DEPOSITION TESTIMONY WHERE THE
3  DEPONENTS WERE NOT WITNESSES IN THE CASE AT ISSUE.
4          THE WHOLE THRUST OF THAT MOTION AND ORDER
5  WAS PRIOR TESTIMONY OF APPLE WITNESSES, NOT ALL
6  EMPLOYEES.
7          SO THAT'S THE ONE DIRECTION SAMSUNG IS
8  NOW ATTEMPTING TO EXPAND
9          THE COURT: I WANT TO UNDERSTAND APPLE'S
10 VIEW.
11         ARE YOU TELLING ME MY ORDER LIMITS
12 APPLE'S OBLIGATION TO THOSE INDIVIDUALS WHO WILL
13 TESTIFY AT TRIAL?
14         MR. SABRI: OR WHO WERE DEPOSED IN THIS
15 CASE.
16         THE COURT: IS THERE ANY LANGUAGE IN MY
17 ORDER THAT YOU CAN POINT ME TO THAT SUPPORTS THAT
18 POSITION?
19         MR. SABRI: WITNESSES, WE BELIEVE IS
20 CLEAR, YOUR HONOR.
21         APPLE'S -- PRIOR DEPOSITION OF APPLE
22 WITNESSES TESTIFYING IN AN EMPLOYEE CAPACITY.
23         THE COURT: SO YOUR POSITION IS WHEN I
24 SAID WITNESSES I MEANT WITNESSES IN THIS CASE, I.E.
25 DEPOSITION WITNESSES OR TRIAL WITNESSES, I WASN'T

1    REFERRING FOR EXAMPLE TO DEPOSITION WITNESSES IN
2    THE PRIOR CASE?
3              MR. SABRI:  YES, YOUR HONOR.
4              WE DO BELIEVE THAT IS WHAT THE ORDER
5    REFERRED TO.  AND WE BELIEVE THE ORDER READ IN THE
6    CONTEXT OF THE MOTION WOULD ONLY HAVE GONE THAT
7    FAR.
8              THE COURT:  DON'T YOU AGREE, COUNSEL,
9    THAT THERE'S NO BURDEN OBJECTION HERE, NO SERIOUS
10   BURDEN OBJECTION ON APPLE'S PART.  YOU CAN PRODUCE
11   THE MATERIALS FAIRLY QUICKLY IF YOU HAD TO.
12             MR. SABRI:  PRODUCTION OF ALL EMPLOYEES
13   WOULD BE SIGNIFICANTLY MORE BURDENSOME.    ONE
14   ITEM --
15             THE COURT:  YOU DON'T HAVE A DATABASE AT
16   MORRISON & FOERSTER THAT HAS ALL OF THESE
17   DEPOSITION TRANSCRIPTS AVAILABLE TO YOU?
18             MR. SABRI:  WE DO FOR WITNESSES.
19   APPLE'S DATABASE -- SO AS WE EXPLAINED IN THE
20   BRIEFING, APPLE STORES THESE TRANSCRIPTS ON A
21   WITNESS-BY-WITNESS BASIS.
22             SO WHEN WE SEARCH FOR TRANSCRIPTS WE
23   DON'T GO NOKIA DELAWARE, LET'S PULL ALL
24   TRANSCRIPTS, WE SAY WITH WHO ARE THE PEOPLE WE
25   NEED.

1             THE COURT: RIGHT. SO YOU GO GET THE
2    LIST OF PEOPLE WHO TESTIFIED IN NOKIA, DELAWARE AND
3    PULL EACH ONE MANUALLY, RIGHT?
4             MR. SABRI: WE COULD DO THAT EXTRA STEP.
5             HOWEVER, WHAT WAS DISCUSSED IN THE
6    EARLIER ARGUMENT, WHAT WE ARE HERE ON IS A MOTION
7    TO ENFORCE THE PRIOR ORDER, NOT A MOTION TO COMPEL.
8             THE PARTIES HAVE NOT MET AND CONFERRED ON
9    THE POINT THAT YOUR HONOR IS DISCUSSING NOW. THE
10   ISSUE HAS NEVER BEEN BRIEFED OVER WHETHER SUCH A
11   BROAD PRODUCTION --
12            THE COURT: SO LET'S TALK ABOUT THE
13   ANALYSIS. OUR TIME IS LIMITED.
14            WHAT OBJECTION HAS APPLE HAD IN PRODUCING
15   TRANSCRIPTS FROM INDIVIDUALS OTHER THAN THOSE THAT
16   THEY HAVE ALREADY PRODUCED?
17            WHAT'S THE PROBLEM? THERE'S A DEPOSITION
18   TRANSCRIPT SITTING IN AN APPLE DATABASE AS I SPEAK
19   THAT YOU CAN PRODUCE IN ABOUT 10 MINUTES, I
20   SUSPECT, MAYBE 20. SO THERE'S NO BURDEN OBJECTION.
21            WHAT IS THE OBJECTION TO PRODUCING,
22   SUBJECT TO THE PROTECTIVE ORDER IN THIS LITIGATION
23   OF ALL THE BELLS AND WHISTLES, WHAT'S YOUR
24   OBJECTION?
25            MR. SABRI: THE ONLY OBJECTIONS, YOUR

1          MR. SABRI:  SO IT WAS REDUCED -- WE DO
2     HAVE A MEMORIALIZATION OF IT WHICH IS WHAT YOU ARE
3     LOOKING FOR, THE PROTECTIVE ORDERS THAT WERE
4     PROPOSED IN THIS CASE BY BOTH SIDES.
5          SO MS. HUTNYAN BEGAN WITH THE ND CAL
6     PROTECTIVE ORDER.  SHE SAID WE AGREED TO CROSS USE
7     OF DOCUMENTS AND WE CAN SEEK MORE.
8          WHAT SHE LEFT OUT, IT'S THE SENTENCE
9     RIGHT AFTER, "WE AGREE TO CROSS USE OF DOCUMENTS"
10    AND THIS PROVISION DOES NOT APPLY TO TRANSCRIPTS.
11    THAT WAS IN WHAT BOTH PARTIES PROPOSED IN JANUARY.
12         THE REASON BEHIND THAT LANGUAGE WAS THIS
13    AGREEMENT THAT I'VE JUST BEEN DISCUSSING.  I DON'T
14    KNOW TO WHAT EXTENT THAT AGREEMENT WAS, OVER THE
15    PHONE OR VIA E-MAIL AND LETTERS.  I DO KNOW IT WAS
16    VERY CLEAR THERE'S A LIMIT IN THIS CASE, THERE'S NO
17    LIMIT IN THAT CASE.  WE JUST CAN'T AGREE TO HAVE
18    ALL DEPOSITION TESTIMONY FROM AN UNLIMITED SOURCE
19    APPLY IN A CASE WHERE THERE IS A LIMIT.
20         SO APPLE ABIDED BY THE LIMIT, MADE TOUGH
21    CALLS, AND NOW SAMSUNG WANTS TO AVOID THE
22    CONSEQUENCES OF THOSE TOUGH CALLS AND THAT
23    AGREEMENT.
24         THE COURT:  SO I WANT TO MAKE SURE I
25    UNDERSTAND APPLE'S POSITION.

1            REALLY, YOUR ONLY OBJECTION TO PRODUCING

2   THE TRANSCRIPTS THAT ARE ESSENTIALLY BURDENLESS IS

3   THAT IT WOULD BREAK THE DEAL YOU CUT WITH SAMSUNG?

4            MR. SABRI:  IT WOULD BREAK THE DEAL.  IT

5   WOULD ALLOW SAMSUNG TO GET THIS BENEFIT OF AN

6   IMMENSE SOURCE OF DEPOSITION AT THE END OF THE

7   GAME.  IT'S CHANGING THE RULES AFTER THE CLOSE OF

8   DISCOVERY THAT BOTH PARTIES OPERATED UNDER.  AND IT

9   ALLOWS SAMSUNG TO REAP THE BENEFITS OF IMPROPER USE

10  OF THAT PROCEEDING FOR THAT CASE.

11           SO WHAT WE'VE SEEN IS QUESTIONS ASKED IN

12  ITC DEPOSITIONS THAT RELATES SOLELY TO ND CAL.

13           WHAT WE SAW AFTER JUDGE KOH DENIED THE

14  REQUEST FOR ADMINISTRATIVE RELIEF, AS YOUR HONOR

15  MAY KNOW, DISCOVERY MUST END RELEVANCE COULD BE A

16  LIMITLESS -- A BOTTOMLESS PIT, THAT'S NOT HER

17  LANGUAGE, THAT'S MY PARAPHRASE.

18           THEN WE SAW WAS A WHOLESALE DUMPING OF

19  THE LETTERS FROM THIS CASE TO THE ITC CASE WHERE IN

20  A SPAN OF THREE DAYS, EIGHT LETTERS, 40 CATEGORIES

21  OF DOCUMENTS ALL FROM THE NORTHERN DISTRICT OF

22  CALIFORNIA --

23           THE COURT:  IS IT REALLY TRUE THAT THE

24  ITC DOESN'T IMPOSE ANY LIMITS, DO THEY AGREE WITH

25  THAT CHARACTERIZATION?

1              MR. SABRI:  I BELIEVE THEY WOULD.  THERE
2     ARE NO LIMITS ON THE DEPOSITION HOURS IN THAT CASE.
3              THE COURT:  WELL, THERE MAY NOT BE ANY
4     LIMITS ON THE NUMBER OF HOURS SO LONG AS THE
5     DEPOSITIONS ARE OTHERWISE APPROPRIATE IN THIS CASE.
6              THE ITC DOESN'T ALLOW YOU TO JUST START
7     TAKING DEPOSITIONS WILLY NILLY.
8              MR. SABRI:  SURE.  A LIMIT OF REASON,
9     THIS IS TRUE.
10             HOWEVER WHEN YOU HAVE, AS WE DO, HUNDREDS
11    OF DEPOSITIONS GOING ON, MANY, MANY DIFFERENT
12    PATENTS, IT IS THE LIMIT OF REASON -- IT'S NOT EVEN
13    A LIMIT OF REASON, IT'S A LIMIT OF HOW MANY HOURS
14    ARE IN EACH DAY AND HOW MANY DAYS DO WE HAVE BEFORE
15    THE CLOSE OF DISCOVERY.
16             AND WHAT YOU SAW IS BECAUSE THERE'S NO
17    HOURS COUNT, THE 250-HOUR LIMIT SEEMS PRETTY HIGH.
18             THE COURT:  IT IS HIGH, WOULDN'T YOU
19    AGREE?
20             MR. SABRI:  I WOULD AGREE.
21             THE COURT:  YOU WOULD AGREE JUDGE KOH WAS
22    EXTREMELY GENEROUS IN PERMITTING THE PARTIES
23    DISCOVERY IN THIS CASE?
24             MR. SABRI:  I WOULD ABSOLUTELY AGREE.
25             AND YET BOTH PARTIES STILL USED A GREAT

```
 1    LEVEL OF THE WITNESSES, OKAY, AND WE'VE ALREADY
 2    ESTABLISHED THAT THE CASE BARES A TECHNOLOGICAL
 3    NEXUS TO THIS CASE, WHAT'S APPLE'S BASIS OR
 4    ARGUMENT THAT MY ORDER ALLOWED APPLE NOT TO PRODUCE
 5    THAT TRANSCRIPT?
 6              MR. SABRI:  YOUR HONOR, BECAUSE THE
 7    QUESTION IS, DOES THE CASE HAVE A TECHNOLOGICAL
 8    NEXUS WITH RESPECT TO THE INDIVIDUAL AT ISSUE?
 9              THE COURT:  IS THAT THE QUESTION?  IS
10    THAT THE QUESTION I ANSWERED IN MY ORDER?  SKU
11    NUMBERS?
12              MR. SABRI:  WE BELIEVE IT IS, YOUR HONOR.
13              SO THE DEFINITION -- I'M GOING TO TURN TO
14    A FOOTNOTE, I KNOW YOU MADE THE COMMENT --
15              THE COURT:  I'M THE ONE WHO PUTS THE
16    FOOTNOTES IN, SO YOU ALL SHOULD FEEL FREE TO CITE
17    TO THEM.
18              MR. SABRI:  THE DEFINITION EXPLAINS WITH
19    RESPECT TO THE DESIGN PATENT INVENTORS, THEN THE
20    DEFINITION IS LISTED, WITH RESPECT TO THE UTILITY
21    PATENT INVENTORS, AND THEN THE DEFINITION IS
22    LISTED.
23              AND THE FOCUS HERE, AS YOUR HONOR NOTED,
24    WAS SCOPE OF PATENTS.  SO WHEN ONE LOOKS AT THE
25    CASE, ONE CAN'T ASK DOES THIS HAVE A NEXUS IN THE
```

1     ABSTRACT.  ONE MUST ASK, DOES THIS HAVE A NEXUS
2     WITH RESPECT TO THE WITNESSES AT ISSUE?
3              NOW APPLE DID GO WELL BEYOND INVENTORS.
4     APPLE PRODUCED PRODUCT DESIGN TRANSCRIPTS, PRODUCT
5     MARKETING TRANSCRIPTS.  APPLE -- THE OTHER POINT I
6     NOTED IS PRIOR TESTIMONY.  APPLE PRODUCED MORE THAN
7     JUST PRIOR TESTIMONY, APPLE PRODUCED SUBSEQUENT
8     TESTIMONY.
9              AND AS YOUR HONOR MAY HAVE NOTED IN THE
10    OPPOSITION, AFTER SAMSUNG ASKED APPLE TO REVISIT
11    ITS PRODUCTION OF TRANSCRIPTS, APPLE PRODUCED
12    TRANSCRIPTS THAT HAD COME ABOUT FROM DEPOSITIONS
13    AFTER JANUARY 15TH.
14             SO CLEARLY SUBSEQUENT TESTIMONY WELL
15    AFTER THE ORDER HAD ISSUED.
16             SO APPLE DID GO WELL BEYOND THIS.  BUT
17    THE ORDER ITSELF DOES, WE BELIEVE, CLEARLY REQUIRE
18    A DEFINITION OF NEXUS TO BE APPLIED IN TERMS OF THE
19    WITNESS AT ISSUE.
20             THE COURT:  SO LET'S ASSUME YOU GOT ME ON
21    THAT ONE AND MY ORDER WAS AT NARROWLY DRAFTED AS
22    YOU SUGGEST IT WAS.
23             PRACTICALLY, WHAT IS THE PROBLEM WITH
24    PRODUCING SOME CONTROLLER'S DEPOSITION TRANSCRIPT
25    FOR A DELAWARE LITIGATION IN THIS CASE SUBJECT TO A

1     PROTECTIVE ORDER AND EVERYTHING ELSE?
2              MR. SABRI:  SO FINANCIAL TESTIMONY,
3     YOUR HONOR, NOT AN IMMENSE PRACTICAL PROBLEM,
4     CORRECT.
5              WE DON'T THINK THERE'S RELEVANCE, WE
6     DON'T THINK THAT WOULD FALL WITHIN SAMSUNG'S MOTION
7     WHICH WAS FOR SCOPE OF THE PATENTS.
8              THE COURT:  NO, BUT YOU ALL BROUGHT A
9     DISPUTE TO ME AND ASKED ME TO DRAW A LINE.
10             WHEN YOU DRAW A LINE, SOMETIMES THINGS
11    FALL ON ONE SIDE OR THE OTHER THAT COULD BE ARGUED
12    THE OTHER WAY.
13             THE PROBLEM I SEEM TO BE HAVING HERE IS
14    THAT WHENEVER I DRAW THE LINE YOU THEN ARGUE ABOUT
15    WHAT THE LINE MEANS, WHERE THE LINE IS, HOW WIDE OR
16    NARROW THE LINE IS -- AND I APOLOGIZE, I AM GOING
17    OFF A LITTLE QUICKLY.
18             IN THIS PARTICULAR INSTANCE I JUST DON'T
19    UNDERSTAND WHY IT ISN'T APPLE'S INTEREST TO ARGUE
20    AND FIGHT AND SPEND THE MONEY AND INDULGE THE TIME
21    AND EFFORT OF BOTH OF YOUR CLIENT AND THE COURT
22    OVER CERTAIN TRANSCRIPTS THAT REALLY DON'T SEEM TO
23    MAKE ALL THAT MUCH OF A DIFFERENCE TO YOUR
24    POSITION, DO THEY?  IF THEY ARE IRRELEVANT, WHAT DO
25    YOU CARE?

1       MR. SABRI: YOUR HONOR, THE MEET AND
2  CONFER HISTORY, AND THE REAL FIGHT HERE WASN'T
3  CERTAINLY FINANCIALS, THAT EXPLAINS WHY APPLE
4  DIDN'T PRODUCE CERTAIN FINANCIAL TRANSCRIPTS. IT'S
5  NOT THAT OUR WHOLE OPPOSITION IS ON THAT, IN FACT
6  THAT'S DEFINITELY A SIDE POINT.
7       THE COURT: SO MR. BUCKLEY, FOR EXAMPLE,
8  THERE WAS NO REAL SERIOUS BEEF HERE WITH PRODUCING
9  HIS DEPO TRANSCRIPT, WAS THERE?
10      MR. SABRI: THAT'S NOT A HUGE BEEF,
11 YOUR HONOR.
12      THE EXPLANATION IS WHY WE DON'T BELIEVE
13 IT FELL WITHIN THE CONFINES OF THIS ORDER, AND WE
14 EXPLAINED TO SAMSUNG WHY THEY HADN'T BEEN PRODUCED.
15      THE REAL FIGHT IS THE '796 LITIGATION
16 WHICH WE SAY IS NOT AN ISSUE OF PRODUCTION AND
17 SAMSUNG SHOULDN'T BE ALLOWED TO CIRCUMVENT WHAT
18 I'VE OUTLINED TO YOUR HONOR.
19      AND THEN OF COURSE APPLE WITNESSES, APPLE
20 DOESN'T BELIEVE IT SHOULD BE REQUIRED TO DIG UP
21 THROUGH ALL OF ITS EMPLOYEES, LOOK THROUGH ALL OF
22 THOSE POSSIBLY RELATED PROCEEDINGS AND PRODUCE ALL
23 OF THOSE TRANSCRIPTS.
24      THE COURT: IF I WERE TO REQUEST COPIES
25 OF THE TRANSCRIPTS IN THE '796 AND TRANSCRIPTS OF