# EXHIBIT 6

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, A 94304-1211 | San Francisco, CA 94105-2482 |
| Telephone: (650) 849-5300 | Telephone: (415) 268-7000 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 268-7522 |

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|       Plaintiffs, | |
|       v. | Case No. 12-CV-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S INVALIDITY CONTENTIONS** |
|       Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, | |

LLC, a Delaware limited liability company,

     Counterclaim-Plaintiff,

  v.

APPLE INC., a California corporation,

     Counterclaim-Defendant.

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT
APPLE INC.'S INVALIDITY CONTENTIONS**

## I. INTRODUCTION

Pursuant to Rule 3-3 of the Local Rules of Practice for Patent Cases Before the United States District Court for the Northern District of California ("Patent L.R.") and the Court's Minute Order and Case Management Order [Dkt. No. 160], Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby serves Invalidity Contentions with respect to the asserted claims of U.S. Patent Nos. 7,756,087 ("the '087 patent"), 7,551,596 ("the '596 patent"), 7,672,470 ("the '470 patent"), 7,577,757 ("the '757 patent"), 7,232,058 ("the '058 patent"), 6,292,179 ("the '179 patent"), 6,226,449 ("the '449 patent"), and 5,579,239 ("the '239 patent") (collectively, the "Patents-In-Suit") identified by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Samsung") in Samsung's Disclosure of Asserted Claims and Infringement Contentions served on June 15, 2012.

Samsung has asserted the following claims against Apple:

- '087 patent:  claims 1-2, 6-10, 14-16, 34-35, 39-40
- '596 patent:  claims 1, 4, 6, 13, 16, 18
- '470 patent:  claims 7-16
- '757 patent:  claims 1-5, 11, 12, 14, 15

- '058 patent:  claims 1, 4, 9, 12, 17
- '179 patent:  claims 1, 3-8, 10-11
- '449 patent:  claims 25 and 27
- '239 patent:  claims 1-7, 15-17

With respect to each asserted claim and based on its investigation to date, Apple hereby: (a) identifies each item of prior art that anticipates each asserted claim or renders it obvious; (b) specifies whether each such item of prior art anticipates each asserted claim or renders it obvious, and, if it renders it obvious, explains why the prior art renders the asserted claim obvious and identifies any combinations of prior art showing obviousness; (c) submits a chart identifying where specifically in each item of prior art each limitation of each asserted claim is found, including, for each limitation that is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; (d) identifies the grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

In addition, pursuant to Patent L.R. 3-4, and based on its investigation to date, Apple is producing concurrently with these Invalidity Contentions documents within its possession, custody, and control required to accompany the Invalidity Contentions.  In addition, at a mutually convenient time, Apple will make available the source code in its possession sufficient to show the operation of the accused functionality.

## II.     RESERVATIONS

Consistent with Patent L.R. 3-6, Apple reserves the right to amend these Invalidity Contentions.