# EXHIBIT 8

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION** |

1  made, used, offered for sale, or sold in the United States.  For purposes of responding to this
2  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products
3  that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement
4  Contentions, served on June 15, 2012.
5      Subject to and without waiving the foregoing General and Specific Objections, Apple has
6  produced or will produce responsive, non-privileged documents in its possession, custody, or
7  control, if any, located after a reasonable search, that describe relevant components, features,
8  and/or functionality identified by Samsung in its Infringement Contentions.
9  **REQUEST FOR PRODUCTION NO. 162:**
10     All versions of the source code used to operate or enable any accused functionality for
11 any of the APPLE ACCUSED PRODUCTS.
12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 162**:
13     Apple objects to the phrase "used to operate or enable" as vague and ambiguous.  Apple
14 further objects to this request to the extent that it seeks documents outside of Apple's possession,
15 custody, or control.  Apple objects to Samsung's definition of "APPLE ACCUSED
16 PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks
17 information that is neither relevant nor reasonably calculated to lead to the discovery of
18 admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED
19 PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE
20 ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a
21 comprehensive set of discrete products that Samsung asserts have functionality that come within
22 the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of
23 "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used,
24 offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple
25 interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are
26 specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement
27 Contentions, served on June 15, 2012.
28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
30     Case No. 12-cv-00630 (LHK)

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has
2 made or will make available for inspection source code in its possession, custody, or control, if
3 any, located after a reasonable search, regarding the accused functionality as identified by
4 Samsung in its Infringement Contentions.

5 **REQUEST FOR PRODUCTION NO. 163:**

6    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
7 software, firmware, source code, components, circuits, or any other aspect of the '087 PATENT
8 ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,
9 communicating, enabling, or otherwise facilitating the non-scheduled transmission of packetized
10 data from an APPLE ACCUSED PRODUCT through any WCDMA network employing
11 enhanced uplink dedicated channel (E-DCH) technology.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 163**:

13    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
14 and because it does not describe with reasonable particularity the documents sought.  Apple
15 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
16 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
17 discovery of admissible evidence, including without limitation because it seeks documents
18 regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further
19 objects to the phrase "WCDMA network employing enhanced uplink dedicated channel (E-
20 DCH) technology" as vague and ambiguous.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple has
22 made or will make available for inspection source code in its possession, custody, or control, if
23 any, located after a reasonable search, regarding the accused functionality as identified by
24 Samsung in its Infringement Contentions.

25 **REQUEST FOR PRODUCTION NO. 164:**

26    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
27 software, firmware, source code, components, circuits, or any other aspect of the '596 PATENT

28

1  ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,
2  communicating, enabling, or otherwise facilitating the exchange of control information for
3  packetized data transmission from an APPLE ACCUSED PRODUCT through any WCDMA
4  network employing enhanced uplink dedicated channel (E-DCH) technology.
5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164**:
6       Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
7  and because it does not describe with reasonable particularity the documents sought.  Apple
8  objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
9  ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
10 discovery of admissible evidence, including without limitation because it seeks documents
11 regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further
12 objects to the phrase "WCDMA network employing enhanced uplink dedicated channel (E-
13 DCH) technology" as vague and ambiguous.
14      Subject to and without waiving the foregoing General and Specific Objections, Apple has
15 made or will make available for inspection source code in its possession, custody, or control, if
16 any, located after a reasonable search, regarding the accused functionality as identified by
17 Samsung in its Infringement Contentions.
18 **REQUEST FOR PRODUCTION NO. 165:**
19      All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
20 software, firmware, source code, components, circuits, or any other aspect of the '470 PATENT
21 ACCUSED PRODUCTS that is RELATED TO controlling the volume of audio playback.
22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 165**:
23      Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
24 and because it does not describe with reasonable particularity the documents sought.  Apple
25 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
26 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
27 discovery of admissible evidence, including without limitation because it seeks documents

1  regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also
2  objects to the term "controlling the volume of audio playback" as vague and ambiguous.
3          Subject to and without waiving the foregoing General and Specific Objections, Apple has
4  made or will make available for inspection source code in its possession, custody, or control, if
5  any, located after a reasonable search, regarding the accused functionality as identified by
6  Samsung in its Infringement Contentions.

7  **REQUEST FOR PRODUCTION NO. 166:**

8          All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
9  software, firmware, source code, components, circuits, or any other aspect of the '757 PATENT
10 ACCUSED PRODUCTS that is RELATED TO synchronizing multimedia files associated with
11 one or more users and stored across any '757 PATENT ACCUSED PRODUCTS using network
12 transmissions.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 166**:

14         Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
15 and because it does not describe with reasonable particularity the documents sought.  Apple
16 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
17 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
18 discovery of admissible evidence, including without limitation because it seeks documents
19 regarding components, features, and/or functionality not at issue in this lawsuit.  Apple further
20 objects to the phrase "synchronizing multimedia files associated with one or more users and
21 stored across any '757 PATENT ACCUSED PRODUCTS using network transmissions" as
22 vague and ambiguous.
23         Subject to and without waiving the foregoing General and Specific Objections, Apple has
24 made or will make available for inspection source code in its possession, custody, or control, if
25 any, located after a reasonable search, regarding the accused functionality as identified by
26 Samsung in its Infringement Contentions.

27 **REQUEST FOR PRODUCTION NO. 167:**

28

1    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
2 software, firmware, source code, components, circuits, or any other aspect of the '058 PATENT
3 ACCUSED PRODUCTS that is RELATED TO displaying content in layers, including
4 expanding portions of the displayed content that are selected by a user.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 167**:

6    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
7 and because it does not describe with reasonable particularity the documents sought.  Apple
8 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
9 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
10 discovery of admissible evidence, including without limitation because it seeks documents
11 regarding components, features, and/or functionality not at issue in this lawsuit.  Apple also
12 objects to the phrase "displaying content in layers" as vague and ambiguous.

13    Subject to and without waiving the foregoing General and Specific Objections, Apple has
14 made or will make available for inspection source code in its possession, custody, or control, if
15 any, located after a reasonable search, regarding the accused functionality as identified by
16 Samsung in its Infringement Contentions.

17 **REQUEST FOR PRODUCTION NO. 168:**

18    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable
19 software, firmware, source code, components, circuits, or any other aspect of the '179 PATENT
20 ACCUSED PRODUCTS that is RELATED TO displaying a keyboard on a touchscreen and
21 processing user input that consists of contact with the displayed keys.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 168**:

23    Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
24 and because it does not describe with reasonable particularity the documents sought.  Apple
25 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
26 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
27 discovery of admissible evidence, including without limitation because it seeks documents

28

regarding components, features, and/or functionality not at issue in this lawsuit. Apple also objects to the phrase "processing user input that consists of contact with the displayed keys" as vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Apple has made or will make available for inspection source code in its possession, custody, or control, if any, located after a reasonable search, regarding the accused functionality as identified by Samsung in its Infringement Contentions.

**REQUEST FOR PRODUCTION NO. 169:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '449 PATENT ACCUSED PRODUCTS that is RELATED TO the capture, processing, storage, retrieval, or display of still or moving images.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 169**:

Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents regarding components, features, and/or functionality not at issue in this lawsuit. Apple also objects to the term "processing" as vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Apple has made or will make available for inspection source code in its possession, custody, or control, if any, located after a reasonable search, regarding the accused functionality as identified by Samsung in its Infringement Contentions.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits, or any other aspect of the '239 PATENT

1 ACCUSED PRODUCTS that is RELATED TO the capture, processing, and packetized
2 transmission of multimedia data.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 170**:

4 Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad,
5 and because it does not describe with reasonable particularity the documents sought. Apple
6 objects to this request on the grounds that it is overly broad, unduly burdensome, vague and
7 ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the
8 discovery of admissible evidence, including without limitation because it seeks documents
9 regarding components, features, and/or functionality not at issue in this lawsuit. Apple also
10 objects to the terms "processing" and "capture" as vague and ambiguous.

11 Subject to and without waiving the foregoing General and Specific Objections, Apple has
12 made or will make available for inspection source code in its possession, custody, or control, if
13 any, located after a reasonable search, regarding the accused functionality as identified by
14 Samsung in its Infringement Contentions.

15 **REQUEST FOR PRODUCTION NO. 171:**

16 A fully operational exemplar of the Baseband Processors used in each APPLE
17 ACCUSED PRODUCT.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 171**:

19 Apple objects to the term "fully operational exemplar" as vague and ambiguous. Apple
20 objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly
21 broad and unduly burdensome and to the extent it seeks information that is neither relevant nor
22 reasonably calculated to lead to the discovery of admissible evidence. Apple objects to
23 Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple
24 also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it
25 purports to impose a duty on Apple to identify a comprehensive set of discrete products that
26 Samsung asserts have functionality that come within the scope of any claim of the Samsung
27 Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

28

**REQUEST FOR PRODUCTION NO. 236:**

All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence any standard-setting organization, including, without limitation, ETSI, with respect to rules or policy regarding ESSENTIAL patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236**:

Apple objects to the phrase "referring or relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

Dated:  September 10, 2012         /s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
78                    Case No. 12-cv-00630 (LHK)

1
2
3

GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Michael Silhasek, hereby certify that on this 10th day of September, 2012, I did cause Plaintiff and Counterclaim-Defendant Apple Inc.'s Objections and Responses to Samsung's Third Set of Requests for Production to be served on the following listed below and in the manner so indicated.

**By Electronic Mail**

Kevin P.B. Johnson
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Michael F. Peng
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com
michaelpeng@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

John M. Caracappa
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com


Dated: September 10, 2012                         /s/ Michael Silhasek
                                                      Michael Silhasek