# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

September 21, 2012

<u>VIA E-MAIL</u>

H. Mark Lyon
Gibson Dunn & Crutcher, LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211

Re:     <u>Apple v. Samsung Elecs. Co. et al, Case No. 12-cv-00630</u>

Dear Counsel:

I write regarding Apple Inc.'s Objections and Responses to Samsung's Third Set of Requests for Production (the "Requests").  The specific deficiencies in Apple's objections and responses are detailed below.

**Apple's Objection to the Term "APPLE ACCUSED PRODUCTS"**

Apple objects to the term "APPLE ACCUSED PRODUCTS" in its General Objections and Request Nos. 155-156, 158-162, and 171-178.  Samsung defined this term to "mean all iPhones, iPads, iPod Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of any SAMSUNG PATENT."  Apple objected on the basis that the term is "vague and ambiguous" and that "it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit" and "to the extent it includes products that are not made, used, offered for sale, or sold in the United States" Apple further objects. These objections are meritless.  Samsung precisely defined this term to mean specific products

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

identified in Samsung's counter-claims and infringement contentions.  Accordingly, there is no ambiguity and Apple is not left to identify any products, as Apple contends.  Please clarify whether Apple is withholding documents in response to individual requests based upon Apple's objection to this term.

## Apple's "Reasonable Search"

Apple states in its preamble to the "Specific Objections and Responses" that "[i]n general, Apple will limit its search for responsive documents to the files of a reasonable number of specific Apple custodians who are reasonably expected to have relevant documents. Apple will employ reasonable means, such as the use of electronic search terms, date limitations, sampling, as part of the process of identifying relevant documents. Apple will disclose the parameters of its searches, including the names of custodians from whom it has collected documents, search terms used, and other information, pursuant to the May 9, 2012 Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery."  Samsung reserves the right to object to the specific custodians identified by Apple, Apple's search terms, and date limitations imposed by Apple upon its searches.

## Apple's "Has Produced" Limitation

In response to dozens of Samsung's Requests for Production, Apple responds that "Apple has produced … responsive, non-privileged documents in its possession, custody or control" responsive to the Requests.  *See, e.g.*, Apple's Responses to Samsung's Requests for Production Nos. 130-133; 136-140; 143-148.  Samsung has assiduously searched through Apple's document productions to date, and has found few, if any, documents responsive to the Requests that Apple has indicated it "has produced" documents in response to.  Indeed, Samsung propounded its Third Set of Requests for Production precisely because Apple had not produced documents in response to the Requests for Production contained therein.  Accordingly, please confirm that Apple does not contend that its prior document productions serve to fulfill Apple's discovery obligations to produce documents in response to Samsung's Third Set of Requests for Production and that Apple does, in fact, intend to produce additional documents.

## Request No. 132

This Request seeks: "All DOCUMENTS RELATING TO whether YOU infringe the SAMSUNG PATENTS, including, without limitation, all DOCUMENTS RELATING TO any analysis, test, study, experimentation, or investigation conducted to determine whether any product designed, manufactured or sold by YOU infringes any of the SAMSUNG PATENTS." Apple states that it "has produced or will produce responsive, non-privileged documents non-privileged documents in its possession, custody, or control, if any, located after a reasonable search on which it intends to rely as evidence of noninfringement."  Apple's response improperly limits its production to evidence of non-infringement.  Yet any documents regarding Apple's *infringement* of the Samsung patents-in-suit is plainly relevant, which Apple does not dispute.

Additionally, Apple's boilerplate objections do not justify withholding these documents.  For example, Apple objects that the term "relating to" is vague, ambiguous and potentially overbroad.  However, the Request is narrowly defined to include documents regarding whether Apple infringes the Samsung patents-in-suit.  Nor is Apple's suggestion that the Request calls for a legal conclusion well taken as Apple has indicated that it is able to identify any documents regarding non-infringement and, thus, Apple can identify documents regarding infringement as well.  Apple also objects on the basis of privilege.  If Apple is withholding any documents on the basis of this objection, please explain the grounds for doing so and include them on a privilege log.  Please confirm that Apple will produce all non-privileged documents responsive to this Request.

**Request No. 133**

This Request seeks: "All DOCUMENTS RELATING TO any prior art search concerning the SAMSUNG PATENTS, including search requests, reports, analyses, and references located."  Apple limits its production of documents to those in which it intends to "rely as evidence of invalidity."  Samsung's agrees to Apple's limitation for this Request with the notable exception that Samsung is entitled to all documents *related to* Apple's prior art search concerning the Samsung patent-in-suit that Apple intends to rely upon.  Please confirm that all such documents related to these searches will be produced.

**Request No. 134**

Request No. 134 calls for: "All English language patents or publications on which YOU intend to rely for any purpose in This Lawsuit including SAMSUNG PATENTS PRIOR ART."  Apple agrees to produce only "English language patents and publications on which it intends to rely as prior art."  Samsung's Request seeks English Language Patents or Publications on which Apple intends to rely *for any purpose* in this lawsuit.  Apple has not asserted any objections against this Request and is obligated to produce all responsive materials.  Please confirm that Apple will do so.

**Request No. 135**

Request No. 135 seeks "Any foreign patents or publications, including all English translations thereof, on which YOU intend to rely for any purpose in This Lawsuit including SAMSUNG PATENTS PRIOR ART."  Apple again does not include any objections to this Request, but only agrees to produce "responsive English language translations of foreign patents and publications on which it intends to rely as prior art."  Please confirm that Apple will produce any foreign patents or publications (in addition to English translations), and that Apple will produce patents on which it intends to rely for *any* purpose.

**Request No. 141**

Request No. 141 seeks: "All DOCUMENTS RELATING TO (1) any written or oral opinions received or solicited by YOU RELATING TO the validity, enforceability, infringement, or scope of any claims of the SAMSUNG PATENTS and (2) the preparation of any such opinions, including, but not limited to, drafts, notes, and any DOCUMENTS RELIED ON in the preparation of

any such opinions."  Apple states that it "will determine whether to produce any responsive documents in accordance with Patent Local Rule 3-7."  However, as this Request is phrased, it is not limited to opinions of counsel and, therefore, documents fall into this Request that are not covered by Patent Local Rule 3-7.  Accordingly, Samsung is not seeking disclosure of Rule 3-7 materials ahead of schedule and Apple is obligated to produce all non-privileged materials responsive to Request No. 141.   Please confirm that Apple will do so.

**Request No. 145**

Request No. 145 calls for "All DOCUMENTS RELATING TO any errors in the SAMSUNG PATENTS of which APPLE is aware."  Apple asserts a variety of objections including that the Request is vague, ambiguous and overbroad, and states that it "will produce the documents required by the Patent Local Rules.  To the extent that this Request seeks additional documents, Apple is willing to meet and confer with Samsung to discuss the scope of documents sought." The scope of this Request is clear – Samsung seeks all documents relating to errors in the Samsung patents-in-suit.  By contrast, Apple's response that it will "produce the documents required by the Patent Local Rules" is unhelpful.  The Patent Local Rules do not define the entirety of Apple's discovery obligations.  Please confirm that Apple will produce all non-privileged, responsive documents.

**Request Nos. 149-153**

Request Nos. 149-153 seek various communications and documents related to ReQuest, Inc., third party inventors, and Hitachi, Ltd. on certain topics.  Apple has agreed to produce all documents produced by the individual third parties in response to Apple's subpoenas, as well as all communications between Apple and the third parties in connection with the subpoenas. Apple, however, is also obligated to search for and produce any non-privileged, responsive communications and/or documents from *Apple's* files; not just those documents produced by ReQuest, Inc., third party inventors, and Hitachi, Ltd. in response to the subpoena or any communications regarding those subpoenas.

Additionally, it is Samsung's understanding that "RELATED TO the '449 PATENT" in Request No. 152 includes the subject of the patent and not only references to the patent number itself. Please confirm that Apple will produce all such responsive documents and/or communications.

**Request No. 156**

Request No. 156 seeks: "DOCUMENTS sufficient to correlate the model number of each APPLE ACCUSED PRODUCT with any and all other internal numbers or designations associated with that product."  Apple objects that Samsung seeks information that "is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  However, information which helps Samsung correlate each APPLE ACCUSED PRODUCT with the internal numbers and designations is essential to allow Samsung to identify communications and documents regarding the accused products.

Apple also responds that it will provide the requested information in an interrogatory.  Apple's response is inadequate.  As an initial matter, Samsung is entitled to discovery of documents that

correlate model numbers of the Apple accused products with other internal numbers and designations.  Additionally, Samsung will not use one of its interrogatories on a topic of Apple's choosing because Apple refuses to produce the underlying documents.  Indeed, the Request itself only seeks documents "sufficient to correlate" models numbers with internal numbers or designations.  Thus, Samsung is agreeable to Apple producing documents that do just that.  Please confirm that Apple will produce the requested documents.

## Request No. 157

Request No. 157 calls for "DOCUMENTS sufficient to correlate any technical documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial documentation (e.g., documents showing unit sales, revenues, etc.) associated with that product."  Apple objects that the phrase "sufficient to correlate any technical documentation concerning each APPLE ACCUSED PRODUCT with marketing and financial documentation" is "vague and ambiguous, and does not describe with reasonable particularity the documents sought" but "is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung."  Apple's response is inadequate.

The purportedly vague phrase quoted by Apple is intended to encompass documents that connect the technical specifications of the Apple accused products with sales data regarding those accused products.  As just one example, if Apple has documents that match up a feature, such as Siri, with sales of the iPhone, then Samsung is entitled to discovery of those documents.  Samsung cautions that for reasons stated in prior correspondence, Samsung will not engage in the exercise of generating a hypothetical list of all documents encompassed by this Request.  They are, after all, Apple's documents.  Accordingly, please confirm that Apple will produce all non-privileged documents responsive to this Request.

## Request No. 158

Request No. 158 calls for "All DOCUMENTS RELATED TO the use, operation, intended operation, or intended use of the APPLE ACCUSED PRODUCTS by consumers, including, but not limited to, instructions, user manuals, service manuals, training materials, packaging materials, marketing materials, or any materials used to assist consumers to use the APPLE ACCUSED PRODUCTS.  Apple asserts a variety of boilerplate objections, then agrees to "produce instructions and user manuals provided to customers of the accused Apple products…"  Apple again improperly limits its response to a subset of the requested documents.  Samsung's Request seeks "ALL DOCUMENTS RELATED TO the use, operations, intended operations, or intended use of the APPLE ACCUSED PRODUCTS."  Apple has provided no basis for its refusal to produce some of the requested documents.  Accordingly, please confirm that Apple will produce all non-privileged documents responsive to this Request, and not just the documents selected by Apple in its response to this Request.

## Request No. 159

Request No. 159 calls for "All DOCUMENTS RELATED TO the design and development of each of the APPLE ACCUSED PRODUCTS, including, without limitation, all notebooks,

diagrams, progress reports, studies, internal memoranda, contracts for services, and COMMUNICATIONS."  Apple states that it will produce responsive, non-privileged documents "to the extent such documents *describe* features and functionality accused by Samsung in its Infringement Contentions."  Apple's unilateral limitation to produce only documents that "describe" the accused features and functionality is improper.  Indeed, Apple's limitation would exclude swaths of responsive documents relating to the accused features and functionality, such as communications between Apple employees or between Apple employees and third parties regarding the design and development of the accused features and functionality as well as the specific types of documents noted in the Request itself (i.e. progress reports, internal memoranda, etc.).  Accordingly, please confirm that Apple will produce all non-privileged documents related to the accused functionality that are responsive to this Request, and not just those limited documents specified in Apple's response.

**Request No. 160**

Request No. 160 seeks: "All DOCUMENTS RELATING TO any software used to operate or enable any accused functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release notes, algorithms, flowcharts, diagrams, notes, and manuals."  Apple's response states that it will produce responsive documents "to the extent such documents describe features functionality [sic] accused by Samsung in its Infringement Contentions."  Samsung assumes that Apple meant to state that Apple will produce documents that "describe features *and/or* functionality accused by Samsung in its Infringement Contentions" as Apple stated in response to Request No. 161.  Please confirm that Samsung's understanding in this regard is correct.

**Request Nos. 162-170**

Request Nos. 162-170 seek source code used to operate or enable any accused functionality on any of the Apple accused products and documents related to the hardware, software, executable software, firmware, source code, components, circuits or any other aspect of each Apple accused product with respect to the specific Samsung patents-in-suit.  Apple responds that it "will make available for inspection source code in its possession, custody, or control, if any, located after a reasonable search, regarding the accused functionality as identified by Samsung in its Infringement Contentions."  While Apple has agreed to make source code available for inspection, Apple's limited response implies that Apple is withholding "DOCUMENTS and THINGS RELATED TO the hardware, software, executable software, firmware, source code, components, circuits or any other aspect of each APPLE ACCUSED PRODUCT."

Apple provides no basis for its apparent refusal to produce these documents.  It asserts objections that the term "related to" is vague, ambiguous, and potentially overbroad, does not "describe with reasonable particularity the documents sought," and that the Requests "seek[] information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  However, the Requests seek plainly relevant information and are narrowly tailored to seek documents related to how the software works, how this software is developed, why the software was developed in the manner that it was, and so on.  Apple has conceded as much by agreeing to produce the source code used to operate or enable any accused functionality for any of the Apple

accused products.  Documents and things related to the same topic are discoverable.  Please confirm that Apple will produce all non-privileged documents and things called for by these Requests.

**Request No. 171**

Request No. 171 calls for "A fully operational exemplar of the Baseband Processors used in each APPLE ACCUSED PRODUCT."  Apple states that it "is willing to meet and confer to discuss the mutual exchange of an agreed upon number of samples of each accused shipping Apple and Samsung product."   Apple has not identified any basis for its condition that samples be mutually exchanged.  Apple does not deny that Samsung is entitled to these samples.  If Apple chooses to propound reciprocal discovery, then it should promptly do so.  But Apple fulfilling its discovery obligations in response to this Request should not be made contingent upon Apple propounding, at some indefinite point in time, reciprocal discovery.  Please confirm that Apple will promptly produce these samples.

**Request No. 174**

Request No. 174 seeks: "All software, including executable software, used to operate or enable the function of every Baseband Processor incorporated into each APPLE ACCUSED PRODUCT, whether stored on the Baseband Processor itself or in external memory."  Apple objects that this Request is "vague, ambiguous, and unintelligible" with respect to the terms "function of every Baseband Processor" and "external memory."  Apple also states that it "is willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request." Samsung's Request is clear: it seeks all software that allows each Baseband Processor to function in each accused product.  This is relevant to infringement of the '087, '058 and '239 patents. Please confirm that Apple will produce the requested software.

**Request No. 177**

Request No. 177 seeks: "All DOCUMENTS RELATING TO the compliance of the APPLE ACCUSED PRODUCTS with technical specifications for systems utilizing WCDMA, GSM, or UMTS, including, but not limited to, source code, hardware code, user manuals, service manuals, training materials, programming guides, data sheets, schematics, drawings, figures, design materials, packaging materials, marketing materials, and licensing agreements." Apple's objections that the terms are vague and ambiguous are not well taken.

As one example, Apple objects to the terms "relating to" and "compliance."  These are common terms that do not require further explanation.  The acronyms "WCDMA, GSM, or UMTS" are all defined in Samsung's definitions section.  Nor are Apple's objections about Samsung's definition of "APPLE ACCUSED PRODUCTS" tenable given the straightforward definition of "all iPhones, iPads, iPod Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of SAMSUNG's complaints or infringement contentions served in this action as infringing any claim of any SAMSUNG PATENT."  In light of the clear scope of this Request, Apple's "willing[ness] to meet and confer to discuss the scope and relevance of the

documents sought by Samsung" is disingenuous.  Please confirm that Apple will produce all non-privileged, responsive documents.

## Request No. 180

Request No. 180 calls for: "All DOCUMENTS RELATING TO the modification or customization of any software of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including but not limited to modification performed by APPLE or at APPLE's direction."  Apple states that it will produce documents "describing 'modification or customization' of software for the accused functionality."  Apple's narrowing of its production to documents "describing" rather than "relating to" the modification of software excludes relevant documents.  Please indicate whether Apple intends to produce all documents relating to the modification and customization of any software of any Baseband Processor incorporated or used in an Apple accused product for the accused functionality.

## Request Nos. 182

Request No. 182 seeks: "All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the Baseband Processor or the software used therein."  Apple states that it will "produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any…."  However, in addition to seeking communications about accused functionality, Samsung also seeks information related to Apple's patent exhaustion defense, including any communications regarding licensing of Baseband Processors used in Apple accused products as well as the location of sale.  Please confirm that Apple will produce all documents responsive to this Request, and not just the limited documents specified by Apple in its response.

## Request No. 183

Request No. 183 calls for "All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network."  Apple has agreed to produce documents limited to "describing testing of accused functionality."  Documents limited to "describing" the testing are insufficient.  Samsung is entitled to all documents related to this testing, including test results.  Additionally, Samsung's Infringement Contentions implicate Apple's compliance with 3GPP specifications.  Therefore, Samsung is also entitled to documents related to the Apple accused products regarding Apple's compliance with 3GPP standards, even if such documents are not at the level of specificity of the specific accused features.  Please confirm that Apple will also produce these documents.

## Request No. 187

Request No. 187 seeks "All DOCUMENTS RELATED TO the 'Mail' and 'Camera' applications for the APPLE ACCUSED PRODUCTS." Apple states that it will produce documents limited to "describing accused functionality."  This Request, however, seeks all documents "RELATED TO" these specified applications for the Apple accused products – not

just documents "describing" the accused functionality.  Please confirm that Apple will produce all documents responsive to this Request, and not just the limited documents noted by Apple in its response.

**Request No. 189**

Request No. 189 calls for "[t]wo fully operational exemplars of each of the APPLE ACCUSED PRODUCTS."  Apple states that it "is willing to meet and confer to discuss the mutual exchange of an agreed upon number of samples of each accused shipping Apple and Samsung product."  Apple's response to Request No. 189 is inadequate for the same reasons as those set forth in response to Request No. 171, *supra.*

**Request No. 192**

Request No. 192 seeks: "DOCUMENTS, including, any charts, schematics, drawing or figures, sufficient to show the manufacturer(s) for each APPLE ACCUSED PRODUCT in the past five years, including the location of manufacture, the volume of manufacture, and the time period during which such manufacture occurred."  Apple states that it will "produce responsive, non-privileged documents in its possession, custody, or control sufficient to show sales in the U.S. of accused products during the relevant time period."  Apple's agreement to produce these documents misses the mark.  The Request seeks "charts, schematics, drawings or figures sufficient to show the manufacturers" for the Apple accused products, including location of manufacturer, volume of manufacture and time period of manufacture.  The sales data Apple agrees to produce is not responsive to this Request.  Accordingly, please confirm that Apple will provide all documents sought by this Request.

**Request Nos. 193-194**

Request No. 193 calls for "All DOCUMENTS RELATING TO testing of the functionalities of the APPLE ACCUSED PRODUCTS identified in Samsung's Infringement Contentions."  Apple states that it will produce responsive documents "describing testing of accused functionality."  Request No. 194 seeks: "All DOCUMENTS RELATING TO the use of APPLE ACCUSED PRODUCTS by consumers." Apple similarly states that it will produce documents "describing use by customers of accused functionality."  While Samsung accepts the limitation to the accused functionality, Apple's statement that it will produce documents "describing" rather than "relating to" testing (Request No. 193) or use by consumers (Request No. 194) is too narrow and excludes relevant documents.  Please confirm that Apple will produce all responsive non-privileged documents sought by these two Requests.

**Request Nos. 195-196**

Request No. 195 calls for: "All DOCUMENTS RELATING TO the importation, distribution, marketing, or sale of the APPLE ACCUSED PRODUCTS."  Request No. 196 seeks: "For each sale of an APPLE ACCUSED PRODUCT, DOCUMENTS sufficient to show when, where, and by whom the APPLE ACCUSED PRODUCT was sold."  Apple objects to both Requests on the grounds that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Apple adds that it "is willing to meet and confer to discuss the

scope and relevance, if any, of the documents sought by Samsung in response to this Request that would not already be responsive to [another Request]."  Apple's response is improper. Samsung is entitled to documents "relating to" the importation, distribution, marketing, or sale of the Apple accused products and documents sufficient to show when, where, and by whom the Apple accused products were sold.  These documents are relevant to Samsung's damages claims. If Apple intends to withhold these documents from production, then please specify the objection that Apple is standing on and the basis for Apple's refusal to produce these documents.

## Request No. 197

Request No. 197 seeks documents sufficient to show certain financial data from November 2005 for each of the APPLE ACCUSED PRODUCTS.  Apple agrees to produce the requested data "in substantially the same format and with substantially the same content as Apple produced sales information in the 11-1846 case."  Samsung reserves all objections to Apple's forthcoming document production in response to this Request, including objections to the format of Apple's production.

## Request No. 198

Request No. 198 seeks: "All DOCUMENTS RELATING TO sales forecasts, budgets, expenses, costs, and profitability of the APPLE ACCUSED PRODUCTS."  Apple states that it "is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung …."  Apple's relevance objection is meritless.

Sales forecasts, budgets, expenses, and other documents of this type are relevant to determining damages figures on Samsung's claims.  Indeed, Apple has propounded virtually these same requests for production upon Samsung and Samsung has agreed to produce these same types of documents.  *See* Samsung's Objections and Responses to Apple's Fourth Set of RFPs, Request Nos. 248, 312, 314.

Additionally, Apple's comment about the "scope" of the requested documents is unclear.  If Apple intends to stand on this objection as to scope, then please so state.  Otherwise, please confirm that Apple will produce the requested documents.

## Request No. 199

Request No. 199 seeks: "All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS."  Apple objects to the terms "relating to" and "the pricing" as vague and ambiguous and to the entire Request as "overly broad and unduly burdensome" and requests information not "reasonably calculated to lead to the discovery of admissible evidence."  Apple instead states that it will produce documents "sufficient to show the price of accused products sold in the U.S. during the relevant time period."

While Samsung is plainly entitled to the documents Apple has agreed to produce, documents *relating to* the decision to set the ultimate price are relevant to the overall valuation of the product and Samsung's damages claims.  Please confirm that Apple will produce all such non-privileged, responsive documents.

**Request Nos. 200-206, 211-215, 219-236**

Request Nos. 200-206 and 211-215 generally seek documents relating to market demand, platform stickiness, network effects, competitive testing and licenses related to the APPLE ACCUSED PRODUCTS.  Apple objects to each of these Requests as "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."  Yet Samsung has identified documents that are plainly relevant to the parties' damages claims. For example, Request No. 201 seeks "all DOCUMENTS and things RELATING TO the market or demand for the APPLE ACCUSED PRODUCTS."  Request No. 220 calls for "All DOCUMENTS RELATING TO consumer demand for ANY feature AND/OR functionality of the APPLE ACCUSED PRODUCTS."  These Requests are relevant to whether consumer demand for Apple's accused products relates in any way to the accused features at issue in this case.

Additionally, Samsung's Requests are also relevant to defenses asserted by Apple in this action. For example, Request No. 213 seeks: "All licenses, whether YOU are the licensor or licensee, RELATED TO any of the APPLE ACCUSED PRODUCTS, including but not limited to licenses relating to the technologies claimed or disclosed by the SAMSUNG PATENTS."  Request No. 214 calls for "All DOCUMENTS RELATING TO any indemnification request or agreement regarding any APPLE ACCUSED PRODUCT."  The items sought in many of the above Requests relate to purported defenses asserted by Apple, including its defense of patent exhaustion.  These same Requests are also relevant to the *Georgia Pacific* factors.  *See also* Apple's Request No. 212.

Further, Apple asserts a variety of objections to various terms in these Requests, claiming that terms such as "business plans," "relating to," "together," "in connection with," and "effect" are vague.  Yet the terms that Apple claims to not understand are, in fact, common and Samsung's Requests use them consistent with their everyday meanings.  Accordingly, this objection is likewise meritless.  Please indicate whether Apple will continue to withhold documents responsive to these Requests and, if so, please state with specificity the basis for Apple's objection as to each Request.

**Request Nos. 207-210**

In response to Request Nos. 207-210, which seek documents related to competitive testing and competitive analysis of the Apple accused products and Samsung, Hitachi and ReQuest products, Apple states that it will produce documents "describing accused functionality."  However, Samsung seeks "all documents related to" this competitive testing and analysis – not just those "describing" accused functionality.  Please confirm that Apple will produce all non-privileged, responsive documents *relating to* comparative testing and analysis of Apple accused products and Samsung, Hitachi and ReQuest products in connection with Request Nos. 207-210.

**Request No. 216**

The Request seeks: "All DOCUMENTS RELATING TO the commercial success AND/OR popularity of ANY features AND/OR functionality of the APPLE ACCUSED PRODUCTS."

Apple again states that it will produce documents "describing accused functionality." However, Apple's response is too narrow, and excludes relevant documents that "relate to" the commercial success or popularity of features or functionality of the accused products.

As just one example, limiting the Request to documents "describing accused functionality" excludes documents relevant to the nexus requirement as articulated by the Court. Indeed, documents responsive to this Request would necessarily include Apple documents showing the commercial success of the Apple accused products based upon features in those products not accused in this case. Such documents would belie Apple's contention that the Samsung accused features in this case drive product sales while bolstering Samsung's contention that the Samsung accused features do not drive product sales. Of course, this is but one example of the relevance of the requested documents. Please confirm that all non-privileged responsive documents will be produced.

**Request Nos. 217-218**

Request No. 217 seeks: "DOCUMENTS sufficient to show, by revenues and units sold, Apple's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005." Request No. 218 seeks: "DOCUMENTS sufficient to show, by revenues and units sold, Samsung's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005." Apple objects to both Requests as seeking data "beyond the time frame relevant to this case" claims that the Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

Apple cannot maintain that documents showing the parties' market share are not discoverable as such documents are central to any damages allegations and claims in this action. Apple has stated that it will produce documents "sufficient to show U.S. market share for the accused products…." However, Apple does not state the time period in which it will provide this U.S. market share data; nor does Apple indicate that it will provide documents with any information by revenues and units. Please clarify Apple's response and, specifically, confirm if Apple intends to provide documents sufficient to show this information.

Please provide a response to the foregoing issues no later than September 28, 2012.

Very truly yours,

Michael L. Fazio