# EXHIBIT 15

WILMERHALE

March 29, 2013

Peter J. Kolovos

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:     Apple Inc. v. Samsung Electronics Co. Ltd., et al.,
        Case No. 12-cv-00630 (N.D. Cal.)

Dear Amar:

I write in response to Samsung's letters of March 9, March 14 and March 26, 2013, to the extent they relate to Apple's production of source code for the accused Apple products, and in follow-up to our meet and confer on March 21 on this topic.

First, regarding Samsung's request that Apple produce the full source code base for all versions of iOS and Mac OS X for each accused device, regardless of functionality or relevance, we reiterate the position stated in our letters of January 8 and March 12 and during our meet and confer:  Apple is only obligated to produce source code relevant to the accused features or functionalities that Samsung has disclosed in its infringement contentions.  Samsung has not explained any basis for its broad request that Apple produce irrelevant source code that is unrelated to the accused features, and your conclusory assertion that Apple is "obligated" to produce the entire code base is simply not sufficient to meet Samsung's burden of establishing the relevance of the request.

Second, to date, Apple has produced the source code files relevant to the accused functionality for versions 4.3.5, 5.1.1, and 6.0.1 of iOS source code and version 10.3 of Mac OS source code.  Although Apple maintains that this production is sufficient, during our meet and confer Apple offered to supplement its production with the corresponding source code files for the initial release of each of these numbered versions (i.e., versions 4.0, 5.0, 6.0), which we explained would allow Samsung to see how each version changed over time (for example, from release 4.0 to release 4.3.5).  Samsung rejected that proposal.

In a further effort to resolve Samsung's complaint, Apple will supplement its production to include the source code files relevant to the accused features and functionalities identified in Samsung's infringement contentions for all relevant versions and releases of iOS and Mac OS X.  The supplemental production will go back to the first version of iOS and to version 10.4 of Mac OS.  If this is still unsatisfactory, please explain why, including any case law you have to support your position.

WILMERHALE

Third, you are incorrect in your assertion that Apple's source code production is "organized for the purposes of litigation." Apple has produced source code files as they are kept in the ordinary course of business, omitting those files that are irrelevant to Samsung's contentions. To the extent you believe that Apple has not produced source code related to "features and functionality specifically identified in Samsung's infringement contentions," please identify those features and functionality and where they are disclosed in Samsung's infringement contentions. Apple will not produce source code for features that are not identified in Samsung's infringement contentions without an explanation from Samsung of its relevance.

Samsung's request for CoreData and SQLite source code are examples of code Apple has no obligation to produce without more information from Samsung. In our January 8 letter, we requested an explanation of the relevance of that source code, including where it was referenced in Samsung's Infringement Contentions. Your March 9 response only mentions that "[t]his source is relevant to at least functionality included in Samsung's infringement contentions for the '058 patent, functionality for which Samsung included a corresponding screenshot." But CoreData and SQLite are not identified in Samsung's infringement contentions for the '058 patent, and your letter does not identify any specific screen shot, much less shed any light on how it is relevant to any screenshot in the '058 patent infringement contentions.

With respect to your other requests:

- "applications processor code" and baseband and WiFi chip source code: We do not understand your requests for code that "prepares the video and/or audio data," "communicates with the baseband processor or WiFi chip," and "send[s] the data to the WiFi or baseband, without omitting any intermediary steps." What do you mean by "prepares" the data? What code are you seeking with this request? Where in Samsung's infringement contentions is this step and the other steps for which you request code identified?

  We also do not understand your request for "non-iOS Mac/Mac OS code that is utilized for this functionality." Samsung has only identified iOS products as transmitting video. Accordingly, Apple's source code production will be limited to the iOS products and functions identified in Samsung's infringement contentions.

  We are in the process of supplementing our production of the relevant parts of source code for the Mail, Message, and FaceTime apps and for YouTube upload and WiFi sync for iOS devices. We will also supplement our source code production with, to the extent it exists, code that performs the functions of the "transmitting" software identified in the patent.

WILMERHALE

Amar L. Thakur, Esq.
March 29, 2013
Page 3

- source code for "receiving data that could include video and/or audio data":  Samsung has not identified any product other than "Apple's computers" – i.e., specific Mac computers listed in the contentions – and "non-Apple PCs" as a "host unit" or any apps or functions other than Wi-Fi sync and FaceTime as "means for receiving."  Accordingly, Apple will produce relevant Mac Wi-Fi sync and FaceTime source code and Wi-Fi sync source code for PCs only.

- "applications processor (or computer processor) code that transfers video and/or audio data between software and hardware components":  This request does not appear to be relevant.   The '239 patent does not contain any terms directed to "transferring" between software and hardware components.  Assuming this request is directed to the "means for exchanging" in claim 1, Apple will evaluate whether there is any additional Mac QuickTime code that has not yet been produced and that is relevant as identified in Samsung's contentions.

With respect to the other requests in your March 9 letter, Apple believes that it has produced all other source code relevant to Samsung's infringement contentions for the '239 patent, subject to supplementation of the corresponding files from additional versions as indicated above.

Last, Samsung's March 14 letter states that Samsung responded to our January 8 letter regarding the production of source code for the accused Apple products on January 9.  As we mentioned during the March 21 meet and confer, we are not aware of any January 9 letter that responds to our January 8 letter.  We note that your March 9 letter states that it is in response to our January 8 letter and a follow up to your December 23 and March 1 letters, but makes no reference to a January 9 letter (but if there is such a letter, please forward it).  Accordingly, with respect to the source code requested in your December 23 letter, our response remains the same as that set forth in our letter of January 8 (and reiterated in our letter of March 12):  the specific source code sought in your letter of December 23 appears to be for applications or functionalities that are either absent from Samsung's contentions or about which Samsung's contentions are insufficient.  Nonetheless, if Samsung can explain the relevance of the requested code (with reference to its infringement contentions), we remain willing to assess the appropriateness of each request.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos