# EXHIBIT 16

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

April 5, 2013

Peter J. Kolovos, Esq.
WilmerHale
60 State Street
Boston, Massachusetts 02109

Re:  Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630 (N.D.Cal.)

Dear Counsel:

I write in response to Apple's letter of March 29, 2013 (your "Letter") regarding Apple's production of source code.

Samsung disagrees with Apple's representation that the source code was produced as kept in the ordinary course of business.  It is unclear why Apple is willing to undergo additional burdens to re-organize and omit significant portions of source code.  Unlike Samsung's own production, Apple's incomplete source code production appears designed to make source code review inefficient and cumbersome for both parties.

Your Letter claiming that "Apple is only obligated to produce source code relevant to the accused features or functionalities that Samsung has disclosed in its infringement contentions" illustrates exactly what is wrong with Apple's approach.  Initially, Samsung disagrees that the Apple has produced all the source code relevant to the functions and features disclosed in Samsung's Infringement Contentions.  Apple has not.  Apple has unilaterally determined what is and is not relevant in this case.  In many circumstances, this position is directly contrary to Apple's own representations to the Court.  Second, Apple insists that Samsung provide detailed arguments – arguments over which Apple alone will preside – for every bit of code – code that Samsung has never seen – before deciding whether to eventually produce it.

For instance, Samsung's March 9, 2013 letter requested "Applications processor code that:

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

prepares the video and/or audio data for transmission . . . ."  In response, Apple asks, "What do you mean by 'prepares' the data?"  Apple, not Samsung, has access to the full code at issue.  Further, Apple's own Markman briefs and presentations make it clear it understands this phrase.  Yet, Apple does not represent that there is no portion of code that could be characterized as 'preparing data.'  Apple does not even represent that it has reviewed any code at all.  Apple merely dismisses out-of-hand Samsung's argument as too vague for its liking, stonewalling and further delaying Samsung's efforts to develop infringement theories.

A similar fate befalls Samsung's requests for CoreData and SQLite source code made in its March 9 letter.  Apple, without making any argument of its own or representing that it has reviewed CoreData or SQLite code, handily dismisses Samsung's argument as too vague and failing to "shed any light on how it [sic] is relevant" because Samsung did not limit its relevance argument to a specific screen shot.  Apple again acts as the final judge as to what is relevant to Samsung's infringement case (and takes 20 days to issue its judgment).

In short, Apple requires Samsung present fully developed infringement theories *before* producing the very code from which the theories arise.

This is, of course, backwards.  The fact is that all source code for Apple's accused products is relevant and discoverable.  Samsung is entitled to review the complete code to determine for itself how it infringes Samsung's patents.

Samsung's Infringement Contentions give sufficient notice of Samsung's infringement theories as to the Apple products accused of infringement, and Apple is obligated under Patent Local Rule 3-4(a) to make available source code showing the operation of the accused products.

Samsung also propounded any number of document requests calling for a complete source code production.  For instance, Samsung's Request No. 160 seeks "All versions of the source code used to operate or enable any accused functionality for any of the APPLE ACCUSED PRODUCTS."  Yet, even now, long after Samsung has completed its production of *all* versions of accused source code, Apple continues to restrict its production of iOS and MAC OS X code to "*relevant* versions." (March 29, 2013 letter from Kolovos to Thakur, emphasis added.)  Naturally, Apple means those versions *Apple* deems relevant.  Apple must produce *all* versions of iOS and Mac OS X.

Apple's source production deficiencies are of course not limited to iOS and Mac OS X.  Samsung's March 9 letter provides an illustrative list.  If Apple believes that non-iOS and Mac OS X code is not relevant to infringement, it is free to put forth such defenses through its experts' reports.

Lastly, you are correct that Samsung did not respond to Apple's January 8, 2013 letter on January 9, 2013.

While Apple's proposed concessions at the March 21, 2013 meet and confer, and in your Letter, are appreciated, anything less than a complete source code production (including all code

2

illustrated in Samsung's March 9 letter) is unacceptable.  The parties have reached an impasse on this issue.

Very truly yours,

Amar L. Thakur