# EXHIBIT 18

# WILMERHALE

May 1, 2013

**Peter J. Kolovos**

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

<u>**VIA ELECTRONIC MAIL**</u>

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

Re:  Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Amar:

We write in response to your April 5 letter about Apple's alleged deficiencies in its source code production.

As an initial matter, the source code is being produced in the same manner as was done by both parties in the previous cases.  Further, your allegations that Apple's production is deficient rings hollow in that Samsung has sent a reviewer to inspect code here over 30 times.  And those reviewers have printed over 8,500 pages of source code.

Turning to your specific points, for example with CoreData and SQLite, we asked for some explanation of the relevance of those source code requests, to which you replied that "[t]his source is relevant to at least functionality included in Samsung's infringement contentions for the '058 patent, functionality for which Samsung included a corresponding screenshot."  We are simply asking for any indication of how this source code is relevant, but you either refuse to, or cannot, provide any reason or identify any "corresponding screenshot."  Rather, you choose to try to paint our request as arbitrariness on Apple's part.

The crux of the issue is Samsung's incorrect premise.  It is not the case, as you assert, that all of the source code for Apple's accused products is relevant and discoverable – presumably, that belief is why you do not feel the need to explain the relevance of your requests.  Rather, the extent of the obligation is to produce the source code for the accused functionality identified in the infringement charts, as Samsung is aware having taken that position in other litigations. (*See, e.g., Ameranth, Inc. v. Pizza Hut, Inc.*, 2013 U.S. Dist. LEXIS 23378 (S.D. Cal. Feb. 20, 2013) (denying plaintiffs motion to compel production of entire source code for accused products rather than only the portions of source code that show the aspects identified in plaintiffs infringement charts); *Nazomi Comm's Inc. v. Samsung Telecomms. Inc.*, 2012 U.S. Dist LEXIS 76468 (N.D. Cal. June 1, 2012) (stating that plaintiff had not demonstrated the necessity of "fully understand[ing] the operation of Samsung's products" as opposed to understanding the portion that is covered by its infringement claims); *Kelora Sys., LLC v. Target Corp.*, 2011 U.S. Dist. LEXIS 96724 (N.D. Cal. Aug 29, 2011) (concluding that benefit of producing the entire source

WILMERHALE

Amar L. Thakur, Esq.
May 1, 2013
Page 2

code of accused products did not outweigh the burden where plaintiff's proposal would effectively require source code for the entire accused website even though the vast majority of the source code for each accused website is completely unrelated to the accused functionality); *In re Google Litig.*, 2011 U.S. Dist. LEXIS 9924 (N.D. Cal. Jan 27, 2011) (ordering production of only the source code for the alleged components); *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 2001 U.S. Dist. LEXIS 23155 (D. Minn. Dec. 14, 2001) (holding that plaintiff "was not entitled to the whole universe of source code for the products at issue because . . . there are many function within the relevant products which have no bearing on the case").)

Apple has produced an extensive amount of source code covering the accused features, and, as we explained in our letter of March 29, we are in the process of producing additional source code for your relevant requests. As for the other requests, again, we again ask that Samsung explain the relevance of the requested code. Without any indication of relevance, the requests are nothing more than an unwarranted fishing expedition into the Apple's trade secrets.

Best regards,

/s/ Peter Kolovos

Peter J. Kolovos