# EXHIBIT 21

# WILMERHALE

March 29, 2013

**By E-mail**

Peter J. Kolovos

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles CA 90017-2543

Re:   Apple Inc. v. Samsung Electronics Co. Ltd. et al.,
      Case No. 12-cv-00630-LHK (N.D. Cal.)

Dear Amar:

I write in response to your February 28 and March 6 letters, and to follow-up on our discussion during last week's meet and confer regarding the subjects set forth in those letters.

Apple maintains its objections to Samsung's Interrogatory No. 27.  Your attempt to re-write this interrogatory in your March 6 letter is telling.  The interrogatory does not seek the identification of "all documents containing information supporting" Apple's allegations and defenses, but rather seeks the identification of "all documents or things on which Apple intends to rely at trial."  That request is premature, and Apple will identify the documents or things on which it intends to rely at trial in its pre-trial disclosures pursuant to the schedule set by the Court.

As we indicated during last week's meeting, while Apple maintains that Interrogatory Nos. 28 and 29 are overbroad (among its other objections), Apple will supplement its responses to these interrogatories, including with the identification of more recent documents about the baseband processors used in the accused Apple products and the models accused of infringing the '239 patent.  This supplementation also will include information about Build IDs, software release numbers, and "internal code names" for the baseband processors, to the extent available to Apple.  Regarding subparts (3) – (6) of Interrogatory No. 28, as I noted during our meeting, Apple is still investigating whether it has that information.  To the extent it does, Apple will include it in its supplemental responses.

Regarding the scope of Interrogatory Nos. 28 and 29, Apple's responses will be limited to the accused functionality as identified by Samsung in its infringement contentions for the '596 and '087 patents, and to the specific software identified in the '239 patent (to the extent that there is any such code in the baseband).  To the extent Samsung is seeking information about additional functionality through these interrogatories, Apple stands on its objections.

WILMERHALE

Amar L. Thakur, Esq.
March 29, 2013
Page 2

On February 10, Samsung identified Qualcomm source code for a particular functionality that it believed was missing from Apple's source code production. As I indicated last week, Apple is continuing to investigate this issue, and will produce the identified source code to the extent Apple is able to identify it.

With regards to documents, Apple is working to collect additional documents in its possession related to the Qualcomm chips in the iPhone 5, iPad Mini (3G), iPad 3 (3G) and iPad 4 (4G), and will produce those non-privileged documents that can be located after a reasonable search after obtaining any necessary third party consents.

Apple maintains that its response to Interrogatory No. 30 is appropriate, and indeed has already provided testimony to Samsung that confirms the appropriateness of this response. In the 1846 matter, Jason Shi testified that while Apple could confirm that its 3G products "can operate on UMTS networks" as well as "on HSUPA capable networks," Apple could not answer whether those products are compliant with the UMTS standards, which was instead a question to be posed to the manufacturer of the baseband processor (Shi Dep. Tr. 15:1-16; 37:10-38:14). Because the information available to Apple is insufficient to enable it to respond to the interrogatory as drafted, no supplementation is needed.

With respect to Interrogatory Nos. 31 and 35, Apple maintains that responding to these interrogatories by reference to Rule 33(d) is appropriate. Apple is continuing to collect and produce documents that provide the information requested by these interrogatories, including final versions of advertising materials relevant to the features and functionality accused by Samsung, updated testing documents, and user manuals. Apple will supplement its responses to identify these documents once Apple has produced them.

With respect to Interrogatory No. 32, although Samsung's request for a "final submitted and completed version" of each document is ambiguous, Apple is working to collect and produce relevant, non-privileged documents that can be located after a reasonable search, and will supplement its interrogatory response to identify those documents by bates number once Apple has done so.

WILMERHALE

Amar L. Thakur, Esq.
March 29, 2013
Page 3

With respect to Interrogatory Nos. 33, 34, and 36, Apple maintains that responding to these interrogatories by reference to Rule 33(d) is appropriate. Apple is continuing to collect and produce documents that provide the information requested by these interrogatories, and will supplement its responses to identify these documents once Apple has done so. Apple is also working to determine whether there is additional source code relevant to the functions identified by Samsung in its infringement contentions, and will supplement its responses to Interrogatory Nos. 33, 34 and 36 to provide the folder names in which the relevant code can be found on the source code computer.

With respect to Interrogatory No. 37, again, Apple's reliance on Rule 33(d) is entirely appropriate, and Apple has listed the documents where the responsive information can be found. However, Apple will review the list of documents, produce any additional documents that provide the requested information, and supplement its interrogatory response to list any additional documents and briefly describe the categories of documents that provide the information requested by this interrogatory.

Very truly yours,

*/s/ Peter J. Kolovos*

Peter J. Kolovos