# EXHIBIT 23

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 4, 2013

<u>VIA E-MAIL</u>

Joshua Furman, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166-0193

Re:     <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-0630</u>

Dear Counsel:

I write to respond to Apple's letter dated February 27, 2013 regarding Apple's inspection of source code at Samsung's offices in San Jose.  Apple contends that the source code review "setup is in violation of the protective order."  According to Apple, the Protective Order requires "a local copy of the source code on the source code computers."  There is no such provision in the Protective Order.  Rather, paragraph 11(b) of the Protective Order requires that the source code be "available" on the review machines, which Samsung's source code indisputably is.  The Protective Order does not require that a copy physically reside on the machines, as Apple seems to contend.

Samsung trusts that Apple understands the volume of source code that Apple has requested – which, as Apple acknowledges, encompasses source code for "at least forty device/carrier/Android versions" – constitutes terabytes of data, which cannot fit on a local hard drive.  Accordingly, the source code must be on high capacity servers, readily accessed by the review machines.  This is the arrangement the parties agreed to months ago.  Apple's counsel personally visited the inspection site in early November 2012 and reviewed Samsung's configuration.  As I am sure you recall, Apple's expert, Mr. Sowayan, made two trips in early November, and you accompanied him on one of his visits.  Apple made no objection during

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

either of those visits to the source code "setup," nor at any time over the following months until Apple's letter of February 27th.

Apple points out that it can take hours to download one "workspace." It remains unclear, however, how this download time (assuming the time asserted by Apple is accurate) handicaps Apple's source code reviewers. Presumably, the reviewers would download data in the background, while concurrently reviewing other, previously downloaded source code. Stated differently, despite Apple's assertions of long download times for large files, Apple notably does not say its reviewers are sitting idle while source code is downloading. Logically, they would first download some smaller files and review those while larger files are downloading. Indeed, Apple's reviewers have printed approximately 7,500 pages of source code to date, further showing that their review has not been hindered.

Further, Apple asserts that Samsung's source code computers "are not 'stand-alone' because they have network access to other computers." Apple asserts this violates the Protective Order. Preliminarily, the computers do not allow for the unauthorized access to the Internet. Rather, and consistent with the Protective Order, each laptop has only a secured, port-to-port connection directly to Samsung servers that contain exclusively source code. If Apple is now contending that its source code reviewers have attempted to obtain Internet or some other network access during their inspections, then please promptly inform us of this fact.

Importantly, Apple seems to misunderstand the provision restricting Internet and network access. The provision is for the protection of the Producing Party. As expressly stated in paragraph 11(b) of the Protective Order, the restrictions on Internet and network access are to prevent unauthorized copying, and are limited to those:

> necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source code outside or away from the computer on which the Source Code is provided for inspection.

Apple also contends that Samsung's source code is "not text searchable." Samsung has confirmed that the source code made available for inspection on both laptops is, in fact, text searchable. To the extent that Apple continues to contend to the contrary, then please explain why this issue is only being raised now after months of access. Is Apple contending it never conducted a text search before February 27, 2013?

Apple's letter also complains of an outage. There has only been one outage and this lone event lasted fifty minutes. Apple's letter omits the fact that Mr. Rezvani immediately contacted you on February 26th and informed you of the outage. *See* Email from Rezvani to Furman dated February 26, 2012. Apple was also informed that the reviewers could make up for the approximately fifty minute outage by staying past 7:00 p.m. Notwithstanding Samsung's offer, the reviewers chose to leave for the day before 7:00 p.m. In any event, Samsung apologizes for this rare event. Servers do, on isolated occasions, go down. Samsung remains agreeable to permitting Apple's reviewers to come early or stay late on any day of Apple's choosing to make up for this fifty minutes.

Additionally, Apple requests that Samsung "immediately augment both hard drives with the open source copy of Android with the most up to date versions, including 4.1.x and 4.2.x." As Apple is undoubtedly aware, the Android open source code is publicly available on the Internet. Nothing in the Protective Order requires Samsung to make that source code available to Apple's reviewers during their inspection of Samsung's code; and the provision of such code at the review site thus far has been a courtesy. Samsung will further extend this courtesy and endeavor to make the requested Android open source code available at the inspection site. Samsung notes that it is amenable to continuing to extend to Apple professional courtesies of this sort, but Samsung believes that Apple's latest request that Samsung reconfigure its entire source code laptop configuration, which Apple has been using for four months, is simply unreasonable.

Lastly, by separate letter dated March 1, 2013, Samsung raised several issues with Apple's source code, including that Apple has not produced a full code base for all versions of iOS, Mac OS X, and any other relevant software, in a manner consistent with Samsung's production of its own source code. Given the diligence that Samsung has exercised in addressing Apple's purported issues with Samsung's source code, Samsung trusts that Apple will be equally diligent in addressing this critical issue regarding Apple's missing source code, and we look forward to Apple's prompt response.

Very truly yours,

Michael L. Fazio