# EXHIBIT 24

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

March 12, 2013

<u>VIA E-MAIL</u>

Brian Buroker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306

Re:    <u>Apple v. Samsung Elecs. Co. et al, Case No 12-cv-0630</u>

Dear Counsel:

I write to respond to Apple's letter dated March 6, 2013.  In order to understand why Apple's purported complaints are disingenuous, it is necessary to recount some background.

As Apple is well aware, Apple has refused to produce full source code base for all versions of iOS.  *See* Letter from Fazio to Valek dated March 1, 2013.  Rather, Apple has only produced selected portions of one version of iOS 4 (iOS 4.3.5); a mixed collection of iOS 5 (iOS 5.0, iOS 5.01; and iOS 5.1.1); a mixed collection of iOS 6 (iOS 6.0 and 6.0.1); and one version of Mac OS X (OS X 10.3), with the claim that these selectively produced versions are "representative of other iOS versions."  *See id*.  Apple does not dispute the incompleteness of its source code production.  Samsung raised the deficiencies with Apple's source code production again as part of Samsung's March 4th letter, to which Apple's March 6th letter responds.  Apple, however, completely ignores this portion of Samsung's letter and instead focuses on the *manner* of Samsung's source code production.  Needless to say, Apple's complaints about the configuration of Samsung's source code production – which is production of a full code base – ring hollow *given that Apple refuses to produce a full code base in the first place.*

Indeed, Apple does not dispute that Samsung has provided full versions of its source code – not

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

just selective snippets or "representative" samples as Apple has.  Nor does Apple dispute that it conducted numerous source code inspections this past November using the existing source code set-up and did not object to that configuration then or at any time during the subsequent four months.  Instead Apple plays semantics with what it means for source code to be "available."  As Samsung has already explained, the source code is "available" "on" the review machines: Apple's reviewers have been looking at the code by using the review machines and not by any other means.  The code is thus "available" in the ordinary sense of that term – *i.e.*, "capable of being made use of, at one's disposal."  *See* Oxford English Dictionaries Online at http://oxforddictionaries.com/definition/english/available?q=available.  Also, as Apple has noted on more than one occasion, when the reviewers download a workspace they are, in fact, looking at a copy of code that resides "on" the machine.  And Apple concedes by its silence that the Protective Order does not that state that the source code must "reside" on the review machines.

Apple's letter also states that Samsung "offer[ed] various solutions to overcome the admittedly unacceptable download times and network outages."  It remains unclear what Apple's statement references.  To be sure, in its letter of March 4th, Samsung offered a common sense way for Apple's source code reviewers to review code.  *See* Letter from Fazio to Furman dated March 4, 2013 ("Presumably, the reviewers would download data in the background, while concurrently reviewing other, previously downloaded source code.  Stated differently, despite Apple's assertions of long download times for large files, Apple notably does not say its reviewers are sitting idle while source code is downloading").  The remainder of Apple's statements regarding "solutions that [Samsung] is proposing" appears to be based upon Apple's misreading of Samsung's March 4th letter.  To be clear, because the configuration of Samsung's source code review machines complies with the Protective Order, there is no need for Samsung to propose a "solution."

Wordplay notwithstanding, in an effort to reach an accommodation on Apple's purported issue, Samsung proposes the following: Given that Apple raised its issue regarding the configuration of Samsung's source code review machines only recently, the source code for the devices that was made available since the initial inspection will remain accessible through the Perforce servers.  As for the source code for the newly accused devices – *i.e.*, Galaxy Note 10.1, Galaxy Nexus (Jelly Bean), Galaxy S III (Jelly Bean), Galaxy Note II, Galaxy Tab 8.9 (Ice Cream Sandwich), Galaxy Tab 2 10.1, and Rugby Pro – Samsung will make the source code for these recently added devices available on a physical drive residing in the inspection room.  Please let us know if this compromise proposal is agreeable.

Apple also asserts that "the client-side path for the workspace SGH-T999_Galaxy S3 at port 1713 was moved from /ICS_PROD/MIDAS/SGH-T999_USA_TMO_MR to /."  That path was not moved.  In any event, it remains unclear why the location of a given workspace on the Perforce servers matters once the reviewers have downloaded it.  Please explain why Apple seems to contend that file locations on the Perforce servers are germane after the reviewers have downloaded those files.  Further, Samsung notes that merely moving the location of a workspace for a given device does not change the contents of a workspace for a given device.  Stated differently, changing the directory in which the workspace for a given device resides does not change: the contents of the folders within the workspace; the names of the folders in the workspace; the contents of the subfolders within those folders; the names of the subfolders within those folders; or the lines of code in within those folders or subfolders.

2

Moreover, Samsung is not in a position to comment on how Apple's reviewers should keep track of what they have reviewed and what they have not reviewed. Samsung's obligation is to allow Apple to review the files and workspaces in the manner they are kept in the ordinary course of Samsung's business, which Samsung has done. Samsung also notes that it has verbally informed Apple's reviewers of the addition of source code for several devices, and separately followed up with written notification on March 1, 2013.

In any event, Samsung confirms that the four workspaces identified in your letter – to wit, SCH-I535_Galaxy S3 at port 1714, SCH-R530_Galaxy S3 at port 1714, SCH-R950_Galaxy Note2 at port 1714, and SPH-L710_Galaxy S3 at port 1714 – had additional source code added on or about March 5, 2013. That additional source code concerns the modification of one or more functionalities not at issue in this litigation. Apple's reviewers are free to examine this source code and to use the comparison software at Apple's disposal to ascertain the precise additions.

Apple also complains that it has not received copies of the source code that Apple's reviewers printed during this most recent inspection. Notably, during the two inspections in November 2012, Apple was provided with source code printouts at the close of each inspection. Apple did not object to the timing of these prior source code productions. Apple's past consent to this practice evidences Apple's understanding that Paragraph 11(j) contemplates printouts will be produced within 48 hours from the end of an inspection, and not within 48 hours from the end of each day during an inspection. The fact that Paragraph 11(j) does not include language that the printed copies be delivered or produced to outside counsel within 48 *after printing* also supports Samsung's reading.

More to the point, the delivery of printouts is now an issue only because Apple chose to schedule a four-week long inspection (which it apparently seeks to extend by an additional two weeks), but does not want to wait until the inspection concludes. Nonetheless, and as an accommodation to Apple, Samsung will commence preparing copies of the source code printed by Apple during its recent inspection for production starting this week, to the extent that such printouts comply with the Protective Order. Samsung also notes that Apple's reviewers have resorted to using the smallest legible font size when printing in an attempt to circumvent the 50 page limit of Paragraph 11(i), thus violating the spirit of the Protective Order. Please confirm that Apple will not further manipulate font size in its printouts to attempt to circumvent the 50 page limit on source code printouts.

Additionally, Apple demands a lead trial counsel meet and confer this week. As Apple's counsel is well aware, the parties agreed at the February 15-16 lead trial counsel meet and confer to attempt to streamline the meet and confer process by meeting in a non-lead trial counsel setting in order to resolve as many issues as possible. The parties' agreement in this regard was designed to avoid the precise scenario that Apple now contemplates – a proposed lead trial counsel meet and confer with inadequate notice. In any event, Samsung's lead trial counsel is unavailable on the dates requested by Apple and the parties have since agreed to meet in-person in a non-lead trial counsel setting on March 21, 2013 in Los Angeles.

Lastly, Samsung is in receipt of Apple's letter of today regarding purported re-mapping of certain source code directories. Notably, Apple has had nearly five months to review Samsung's source code and now Apple seems to demand a response to its recent purported issue regarding

directory locations within five days.  Nonetheless, we are reviewing Apple's letter and investigating the issues raised therein, and anticipate responding as soon as reasonably possible.

Very truly yours,

Michael L. Fazio