UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendants. | Case No.: 12-CV-0630-LHK (PSG)<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>(**Re: Docket Nos. 418)** |

In this patent infringement case between Plaintiff Apple, Inc. ("Apple") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), Apple moves to compel third-party Google Inc. ("Google") to produce search terms and a list of custodians that Google used in response to requests for production Apple served on it.[1]  Because the facts of this case are familiar to the parties and are widely available, the court dispenses with an explanation of that background here.  Instead, the court begins with a recitation of the applicable legal standards and then addresses the merits of each motion in turn.

---

[1] *See* Docket No. 418.

1

Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

## I. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce designated documents, electronically stored information, or tangible things in their possession, custody, or control.[2] "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules."[3] Rule 34, in turn, provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Rule 26 states that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[4]

The court must limit the frequency or extent of discovery if it determines that: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit."[5]

## II. DISCUSSION

Apple seeks from Google a list of the search terms and custodians Google used to find and produce documents responsive to Apple's subpoena. Despite suggestions in its brief that Google's

---

[2] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).

[3] *See* Fed. R. Civ. P. 45, Advisory Committee Notes (1970); *see also Viacom Int'l, Inc. v. Youtube, Inc.*, Case No. C-08-80211 MISC. JF (PVT), 2009 WL 102808, at *2 (N.D. Cal. Jan. 14, 2009).

[4] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[5] Fed. R. Civ. P. 26(b)(2).

2
Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

production is deficient, Apple at this time is not seeking to compel more complete production from Google nor is it directly opposing Google's objections to the requests. Apple's request is far more basic: it wants to know how Google created the universe from which it produced documents. Using this information, Apple wants to evaluate the adequacy of Google's search, and if it finds that search wanting, it then will pursue other courses of action[6] to obtain responsive discovery. Apple notably seeks this information not as part of a formal Request for Production nor as an Interrogatory but rather as a request following meet-and-confer with Google regarding Apple's concerns about the deficiency of Google's production.[7]

Google opposed Apple's request during their meet-and-confer[8] and continues to oppose it before the court, although its arguments have shifted. During their meetings, Google maintained that its search terms and choice of custodians were privileged under the work-product immunity doctrine,[9] an argument it has abandoned no doubt in part because case law suggests otherwise.[10] In its opposition brief, Google asserts that producing the terms and the custodians would be unduly burdensome, but it provides no evidence from which the court could find that collecting a list of search terms and custodians compiled within the last six months would be oppressive or burdensome.[11] Google also offers to consider search terms and custodians that Apple believes should be used, but it refuses to explain its own search efforts.[12]

---

[6] Hopefully beginning with good-faith meet-and-confer as required by Civil L.R. 37-1.

[7] *See* Docket No. 418 Exs. 19, 20.

[8] *See id.* Ex. 20.

[9] *See id.*

[10] *See Formfactor, Inc. v. Micro-Probe, Inc.*, Case No. C-10-03095 PJH (JCS), 2012 WL 1575093, at *7 n.4 (N.D. Cal. May 3, 2012) (listing cases explaining why search terms are not work product). At the hearing, Google disagreed that search terms and custodians are not work product but admitted that courts generally have not found protection for that type of information.

[11] The court cannot help but note the irony that Google, a pioneer in searching the internet, is arguing that it would be unduly burdened by producing a list of how it searched its own files.

3
Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

At the heart of its opposition, however, is Google's belief that its status as a third party to this litigation exempts it from obligations parties may incur to show the sufficiency of their production,[13] at least absent a showing by Apple that its production is deficient. It suggests instead that Apple should figure out what documents are missing or what terms it thinks would generate more responsive hits; in essence, the parties should be "forward-looking." Google complains that "the impact of requiring non-parties to provide complete 'transparency' into their search methodology and custodians in responding to non-party subpoenas whenever unsubstantiated claims of production deficiencies are made would be extraordinary."[14] At the hearing, Google explained that providing custodians or search terms would open it to further burdensome discovery by Apple.

Google raises an important question: is it "extraordinary" to expect third parties to be transparent about their discovery methods? Underlying Google's premise is that transparency in the discovery process is a burden or that the methods of discovery are somehow sacrosanct, and that revealing those methods opens the floodgates to more requests for discovery.

Although neither party cited to it, the court finds *DeGeer v. Gillis* instructive.[15] There, the court addressed search terms, custodians, and cost-shifting in conjunction with an ongoing dispute between the defendants in the case and a third party on whom the defendants had served a subpoena.[16] The defendants sought additional search terms and custodians based on their belief

---

[12] Apple refused Google's offer to suggest new terms.

[13] According to Apple, it exchanges search terms and custodians with Samsung.

[14] Docket No. 445.

[15] 755 F. Supp. 2d 909 (N.D. Ill. 2010).

[16] *See id.* at 911-17 (detailing the background of the discovery dispute and the meet-and-confer efforts).

4
Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

that the third party's terms and custodians did not lead to production of all responsive documents.[17] The defendants and the third party earlier had reached an impasse not unlike the one before this court: the third party refused to turn over its search terms and the defendants refused to offer new terms for the third party to consider for new searches.[18]  To resolve that threshold conflict, the court notably ordered the third party to produce to the defendants the search terms and custodians it had used in an effort to facilitate meaningful discussions between the parties regarding the deficiencies.[19]

In her discussion of cost-shifting, Judge Nolan provided what this court considers a persuasive answer to the question Google raises. She noted that the third party's "failure to promptly disclose the list of employees or former employees whose emails it proposed to search and the specific search terms it proposed to be used for each individual violated the principles of an open, transparent discovery process."[20]  But Judge Nolan also noted that the third party's intransigence was no excuse for the defendants' failure to suggest any search terms or custodians of its own.[21]  Looking to the principles of "cooperative, collaborative, and transparent discovery, electronic or conventional,"[22] she explained that "[t]he proper and most efficient course of action would have been agreement by [the third party and the defendants] as to search terms and data custodians prior to [the third party's] electronic document retrieval."[23]  As Judge Nolan observed,

---

[17] *See id.* at 917.

[18] *See id.* at 929.

[19] *See id.*

[20] *Id.* at 929.

[21] *See id.*

[22] *See* The Sedona Conference, *The Sedona Conference Cooperation Proclamation* Preface (Nov. 2012).

[23] *DeGeer*, 755 F. Supp. 2d at 929.

5
Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

"[s]electing search terms and data custodians should be a matter of cooperation and transparency among parties and non-parties."[24]

As the *DeGeer* court observed, transparency and collaboration is essential to meaningful, cost-effective discovery. Google's attempt to stand outside of these tenets because of its third-party status is unpersuasive. Although it should not be required to "subsidize" litigation to which it is not a party,[25] it confuses undue burden with its obligations, once subject to a subpoena, to participate in transparent and collaborative discovery. Third-party status does not confer a right to obfuscation or obstinacy.

Apple likewise failed to collaborate in its efforts to secure proper discovery from Google. It requested search terms and custodians only after it suspected that Google's discovery was insufficient, and when Google offered to run additional terms on additional custodians, Apple made no effort to explore meaningful collaboration on obtaining the documents it believed were not produced.

Admonishments about cooperation aside, the court must resolve the issue before it. The court finds that production of Google's search terms and custodians to Apple will aid in uncovering the sufficiency of Google's production and serves greater purposes of transparency in discovery. Google shall produce the search terms and custodians no later than 48 hours from this order. Once those terms and custodians are provided, no later than 48 hours from the tender, the parties shall meet and confer in person to discuss the lists and to attempt to resolve any remaining disputes regarding Google's production. The court notes that its order does not speak to the sufficiency of Google's production nor to any arguments Google may make regarding undue burden in producing any further discovery.

---

[24] *Id.*

[25] *See* The Sedona Conference, *The Sedona Conference Commentary on Non-Party Production & Rule 45 Subpoenas*, 9 Sedona Conf. J. 197, 198-99 (2008).

6
Case No: 12-0630 LHK (PSG)
ORDER GRANTING MOTION TO COMPEL

**IT IS SO ORDERED.**

Dated:   May 9, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge