JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 5:12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S LIST OF ACCUSED PRODUCTS PURSUANT TO COURT ORDER OF APRIL 24, 2013** |

Pursuant to the Court's April 24, 2013 Order, Apple Inc. ("Apple") hereby identifies the 22 accused products to which it has limited its infringement assertions. (D.I. 471.)

**Accused Products**[1]

1. Admire
2. Captivate Glide
3. Conquer 4G
4. Dart
5. Exhibit II 4G
6. Galaxy Nexus
7. Galaxy Note
8. Galaxy Note 10.1
9. Galaxy Note II
10. Galaxy Player 4.0
11. Galaxy Player 5.0
12. Galaxy Rugby Pro
13. Galaxy SII
14. Galaxy SII Epic 4G Touch
15. Galaxy SII Skyrocket
16. Galaxy S III
17. Galaxy Tab 7.0 Plus
18. Galaxy Tab 8.9
19. Galaxy Tab 2 10.1
20. Illusion
21. Stratosphere

---

[1] Samsung recently released its newest smartphone, the Galaxy S4, which began shipping in late April 2013. Based on Apple's analysis of the Galaxy S4, Apple has concluded that it is an infringing device and accordingly intends to move for leave to add the Galaxy S4 as an infringing product. Upon the grant of such motion, Apple will eliminate (without prejudice) one of the Accused Products named herein, so that it will continue to accuse only 22 products of infringement at this stage of the litigation.

      22.    Transform Ultra

Consistent with this Court's Order, and the Court's guidance at the April 24 Case Management Conference, Apple has identified (and separately counted) specific Samsung products – not product lines. *See* April 24, 2013 CMC at 38-40. For example, Apple separately accuses the Samsung Galaxy Nexus, the Samsung Galaxy SII, and the Samsung Galaxy SIII, rather than singularly accusing the Samsung Galaxy product line. Indeed, Apple identifies Samsung's products in the same way that *Samsung* identifies its own products to its customers. This approach is consistent with the Court's orders, and will simplify the presentation to the jury because products – as opposed to product lines – share common features and, hence, common infringement theories and proof.

As Apple explained during the CMC, Samsung has sought to limit the exposure it faces in this case by limiting the number of products at issue (despite common liability issues and proof). *Id.* at 20-22. Over Apple's objections, this Court ordered that each party was limited to presenting a maximum of ten specific products at trial – a number Samsung gladly accepted. Not content with that ten-product limitation, during the parties' recent discussions, Samsung has further contended that Apple must actually count each specific Samsung product as *multiple* products. Specifically, Samsung asserted that Apple must separately count each product by (1) carrier and (2) operating system version; thus, a single product would count as multiple products if it is used with different carriers or if it uses different versions of operating system. According to Samsung, for example, the Galaxy Nexus activated on Sprint must be counted separately from the Galaxy Nexus activated on Verizon; and the Galaxy Nexus operating on Sprint running Android version 4.0 must be counted separately from the Galaxy Nexus operating on Sprint, but running Android version 4.1. In combination with this Court's prior ruling, Samsung's methodology would drastically limit the accused Samsung products (and Samsung's exposure) because Samsung has offered the Galaxy Nexus alone on more than five carriers (*e.g.,* AT&T, Verizon, Sprint, T-Mobile, MetroPCS), and with more than one Android operating system version on each network.

There is no justification – nor has Samsung offered one – for counting a single Samsung product (such as the Galaxy Nexus) as multiple products just because multiple carriers offer the

product, especially considering that the infringement issues will be the same. Indeed, Apple's preliminary injunction motion concerned a single product – the Galaxy Nexus – even though that product was on more than one carrier; at no time did either party or the Court refer to, or otherwise treat, that single device as somehow constituting multiple products, nor is there any principled reason for doing so. Furthermore, during the parties' recent discussions, Apple asked Samsung to identify any relevant differences between carriers and operating system versions that justified its proposed granular approach – Samsung refused.[2]

Moreover, Samsung does not itself apply the same methodology that Samsung insists Apple must apply. Indeed, in its identification of accused Apple products, Samsung does not count separately Apple products by carrier or by operating system. For example, with respect to Apple's iPhone, Samsung has accused the iPhone 3G, 3GS, 4, 4S, and 5. But Samsung's list of products does *not* separately count the iPhone 4S offered on AT&T from the iPhone 4S offered on Verizon or on any other carrier. Neither does Samsung separately count the iPhone 4S running iOS 5, from the iPhone 4S running iOS 6. The same is true for the other iPhone products. Samsung's approach to the iPhone properly matches Apple's approach to the Samsung Galaxy phones.

Finally, with respect to accused Apple products other than iPhone, iPad, iPod touch, and Apple TV, Samsung continues to identify entire product lines as single accused products in an attempt to circumvent the Court's limit on accused products.[3] For example, Samsung continues to accuse all computers in the MacBook Air product line as a single accused product and all computers in the MacBook Pro product line as a single accused product. *Cf.* CMC Transcript at 39. As Apple explained during the parties' discussions, each of these product lines contains multiple different

---

[2] The Court has further ordered the parties to confer regarding representative products among the 22 accused products. To the extent that Samsung contends differences exist in the 22 products identified by Apple, and identifies those differences, the parties have been ordered to confer and work toward identifying a mechanism to establish representative products.

[3] Samsung now properly recognizes that different generations of the iPod touch, e.g., third, fourth, fifth generations, are separate accused products within the iPod touch product line. Such is also true for the various accused MacBook Air, MacBook Pro, iMac, Mac Pro, and Mac mini product lines - each generation within those lines is a separate product, even if the generation does not carry a new product name. However, for these product lines, Samsung's list of accused products wrongly combines separate generations into a single accused product.

models or "generations" of products, introduced over many years. *See*, *e.g.,* http://support.apple.com/kb/HT4132, which identifies different MacBook Pro models within the MacBook Pro product line from 2006 to the present, or http://support.apple.com/kb/HT1758, which identifies numerous generations of iMac models within the iMac product line from 2004 to the present. At the CMC, the Court ordered the parties to identify "products," not "product lines." Apple has done that, and Samsung has done that in part, such as by identifying the iPhone 3G, 3GS, 4, 4S, and 5 as five different products, not one. Where Samsung is deficient, *e.g.,* for the MacBook Pro, MacBook Air, iMac, Mac Mini, Mac Pro and iTunes, the Court should require Samsung to identify the specific products within those product lines that Samsung accuses.[4]

GIBSON, DUNN & CRUTCHER LLP

Dated: May 13, 2013                    By: /s/ H. Mark Lyon

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

---

[4] Equally concerning, as Apple noted in the recent Joint Case Management Statement (Dkt. 464 at 5-6), is the fact that, even though Samsung's infringement theories for certain asserted Samsung patents require a combination of Apple products, Samsung failed to count any of these combinations as a distinct accused product toward the 22-product limit. This failure is repeated in Samsung's latest proposed list of accused Apple products.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated: May 13, 2013                    By:      */s/ H. Mark Lyon*
                                                H. Mark Lyon