# EXHIBIT 8

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br><br>Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendant. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S THIRD SET OF INTERROGATORIES** |

1  Samsung in a legal proceeding pending in Australia.  Samsung was not aware of the other Non-
2  Preliminary Injunction Apple patents-in-suit prior to the filing of this lawsuit.
3        Young-Soon Lee, Senior Engineer, Patent Analysis Group 3, is knowledgeable regarding
4  the information contained in this response.
5
6  **INTERROGATORY NO. 24:**
7        If you contend or believe that you do not infringe any asserted claim of the Apple Patents-
8  in-Suit, state with specificity the complete factual and legal bases for such contention or belief,
9  including a claim chart identifying which claim limitations are not found in the Accused Samsung
10 Products, the claim constructions or definitions used in supporting this contention or belief, and if
11 you believe that any claim or claim limitation is governed by 35 U.S.C. 112 ¶ 6, identify the
12 factual and legal basis for that belief and the corresponding structure, material, or acts described in
13 the specification and equivalents thereof and further including an identification of all documents
14 and things supporting such contention or belief, and an identification of the persons most
15 knowledgeable of the facts supporting such contention or belief.
16
17 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**
18       In addition to its General Objections above, which it hereby incorporates by reference,
19 Samsung objects to this Interrogatory to the extent that:  (i) it seeks to elicit information subject to
20 and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense
21 privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it
22 is compound and comprises discrete subparts resulting in separate interrogatories; (iii) it is vague,
23 ambiguous, and unintelligible to the extent it seeks information about any "Apple Patents-in- Suit"
24 and "Accused Samsung Products" that are not specifically identified in the interrogatory; (iv) it is
25 premature to the extent that it seeks disclosure of claim construction positions prior to the deadline
26 established in the May 2, 2012 Minute Order and Case Management Order, as adjusted by Order
27 dated August 29, 2012; (v) it is overly broad, unduly burdensome, seeks to impose obligations
28 beyond those required by the Federal Rules of Civil Procedure and the Local Rules of Practice in

1  Civil Proceedings before the United States District Court for the Northern District of California,
2  and seeks to shift the burden of showing non-infringement to Samsung to the extent that it asks
3  Samsung to provide claim charts and to describe "with specificity the complete factual and legal
4  bases" for any non-infringement contention, particularly where Apple's Infringement Contentions
5  are vague, generalized, and do not identify with specificity the complete factual and legal bases for
6  Apple's claims of infringement; (vi) it calls for legal conclusions; (vii) it is premature to the extent
7  that it seeks information that is properly the subject of expert opinion prior to the deadline
8  established in the May 2, 2012 Minute Order and Case Management Order; and (viii) it is
9  temporally and substantively overbroad in that it is not limited to any reasonable time period and
10 seeks "all documents and things" supporting Samsung's response.
11       Subject to and without waiving the foregoing general and specific objections, Samsung
12 responds as follows:
13       Based on Samsung's current understanding of the asserted claims of the '502 patent, and
14 recognizing that Apple has not specifically identified the features and/or functionality of the
15 accused Samsung products that it contends satisfy each limitation of the asserted claims—for
16 example, Apple has failed to identify any "form", "field class", or "history table" in the accused
17 Samsung products—Samsung states that at least the following limitations of the asserted claims of
18 the '502 patent are not satisfied by the accused Samsung products: "a plurality of history tables
19 maintained within said memory system, each of said history tables corresponding to a different
20 field class"; "wherein when inputting data via the input tablet into a field of a form being
21 displayed on said display screen, a list of choices is produced from said history table for the field
22 class corresponding to the field and displayed on said display screen"; "a history list for each of a
23 plurality of field classes"; "a form having at least one field requiring data input, the field being
24 associated with one of the field classes"; "a history list selector for selecting the history list for the
25 field based on the field class associated with the field"; "displaying a form on the display screen of
26 the computer system, the form having at least one field associated with a field class and requiring
27 data entry by a user"; "displaying a history list associated with the field class on the display screen
28 on the computer system"; "providing a history table for each of a plurality of field classes";

"displaying a form on the display screen of the computer system, the form having at least one field requiring data entry by a user"; "producing a history list for the field on the display screen of the computer system based on the history table for the field class associated with the field"; "displaying the history list produced on the display screen of the computer system"; "updating the history table in accordance with the selected item when said determining (e) determines that the user has selected an item from the displayed history list"; "computer readable code devices for displaying a form on the display screen of the computer system, the form having at least one field associated with a field class and requiring data entry by a user"; "computer readable code devices for displaying a history list associated with the field class on the display screen on the computer system".  At least because the accused Samsung products do not satisfy all limitations of claims 1, 8, 11, 16, and 26 of the '502 patent, they also do not infringe dependent claims 2, 4, 5, 13, 14, 15, 17, 20, 22, 23, and 24.

Based on Samsung's current understanding of the asserted claims of the '647 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims—for example, Apple has failed to identify any "analyzer server for detecting structures in the data, and for linking actions to the detected structures" in the accused Samsung products—Samsung states that at a minimum the following limitations of the asserted claims of the '647 patent are not satisfied by the accused Samsung products:  "a memory storing information including program routines"; "an analyzer server for detecting structures in the data, and for linking actions to the detected structures"; "a user interface enabling the selection of a detected structure and a linked action"; "an action processor for performing the selected action linked to the selected structure"; "a processing unit coupled to the input device, the output device, and the memory for controlling the execution of the program routines."  In addition, Samsung incorporates by reference the bases for non-infringement identified in Samsung's Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115), and supporting documentation.  At least because the accused Samsung products do not satisfy all limitations of claim 1 the '647  patent, they also do not infringe dependent claims 2, 4, 6, 8, or 9.

1       Based on Samsung's current understanding of the asserted claims of the '959 patent, and
2  recognizing that Apple has not specifically identified the features and/or functionality of the
3  accused Samsung products that it contends satisfy each limitation of the asserted claims – for
4  example, Apple has failed to identify any "plug-in modules each using a different heuristic" –
5  Samsung states that at a minimum the accused Samsung products do not satisfy at least the
6  "plurality of plug-in modules each using a different heuristic to locate information" limitation of
7  claim 1 of the '959 patent.  In addition, the Court preliminarily construed "modules" in the context
8  of the related '604 patent as "small software programs that are parts of a larger application'
9  meaning they 'must be part of the application and not some service or server to which the
10 application connects.'"  Under at least the Court's preliminary construction of "modules," the
11 accused Samsung products also do not satisfy the "plurality of plug-in modules" limitation of
12 claim 1.  At least because the accused Samsung products do not satisfy all limitations of claim 1
13 the '959 patent, they also do not infringe dependent claims 2, 3, 4, 5, 10, 11, 12, 14, 15, 16 and 17.
14      Based on Samsung's current understanding of the asserted claims of the '959 patent, and
15 recognizing that Apple has not specifically identified the features and/or functionality of the
16 accused Samsung products that it contends satisfy each limitation of the asserted claims – for
17 example, Apple has failed to identify any "plurality of heuristics" – Samsung states that at a
18 minimum the accused Samsung products do not satisfy at least the "plurality of heuristics to locate
19 information in a [the] plurality of locations which include [comprise] the Internet and local storage
20 media" limitations of claims 19, 24, and 29 of the '959 patent.  At least because the accused
21 Samsung products do not satisfy all limitations of independent claims 19, 24, and 29 the '959
22 patent, they also do not infringe dependent claims 20, 22, 23, 25, 27, 28, 30, 32, and 33.
23      Also based on Samsung's current understanding of the asserted claims of the '959 patent
24 and in light of Apple's infringement contentions, Samsung states that at a minimum the accused
25 Samsung products do not satisfy at least the "heuristics locates items of information on the basis
26 of names of files" limitations of claim 9, 22, 27, and 32 of the '959 patent.  At least because the
27 accused Samsung products do not satisfy all limitations of claims 9 and 22, they also do not
28 infringe dependent claims 10 and 23.

Based on Samsung's current understanding of the asserted claims of the '414 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims—for example, Apple has failed to identify any "synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database" that provides "at least one synchronization processing thread" that is executed concurrently with "at least one user-level non-synchronization processing thread" in the accused Samsung products— Samsung states that at least the following limitations of the asserted claims of the '414 patent are not satisfied by the accused Samsung products:  "executing at least one user-level non-synchronization processing thread"; "wherein the at least one user-level nonsynchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database"; "executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread"; "wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database"; "executing at least one non-synchronization processing thread"; "wherein the at least one non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database"; "executing at least one synchronization processing thread concurrently with the executing of the at least one nonsynchronization processing thread"; "means for executing at least one user-level non-synchronization processing thread that includes means for accessing structured data in a first store associated with a first database"; "executing at least one non-synchronization processing thread that includes means for accessing structured data in a first store associated with a first database"; "means for executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread that includes means for synchronizing the structured data from the first database with the structured data from a second database"; "means for executing at least

1  one synchronization processing thread concurrently with the executing of the at least one non-
2  synchronization processing thread that includes means for synchronizing the structured data from
3  the first database with the structured data from a second database."  At least because the accused
4  Samsung products do not satisfy all limitations of claims 1, 11, 21, 23, 27, and 31 of the '414
5  patent, they also do not infringe dependent claims 2, 4, 6-7, 10, 12, 14, 16-17, 20, 22, 24, 26, 28,
6  30, and 32.

7      Based on Samsung's current understanding of the asserted claims of the '760 patent, and
8  recognizing that Apple has not specifically identified the features and/or functionality of the
9  accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung
10 states that at least the following limitations of the asserted claims of the '760 patent are not
11 satisfied by the accused Samsung products: "immediately in response to detecting a finger gesture
12 on the second interactive displayed portion of the respective user selected item in the list,
13 completely substituting display of the list of interactive items with display of contact information
14 for a respective caller corresponding to the respective user selected item, the displayed contact
15 information including a plurality of contact objects"; "receive a finger tap input in the second
16 interactive displayed portion of the interactive displayed item, and immediately in response to that
17 input to completely substituting display of the list with display of contact information for a caller
18 corresponding to the that interactive displayed item, the displayed contact information including a
19 plurality of contact objects"; "instructions to receive a finger tap input in the second interactive
20 displayed portion of an interactive displayed item associated with both a missed call and contact
21 information, and immediately in response to that input to completely substituting display of the list
22 with display of contact information for a caller corresponding to that interactive displayed item,
23 the displayed contact information including simultaneous display of a plurality of contact objects";
24 "detecting a finger tap input at a second user selected interactive displayed item associated with
25 both a missed telephone call and contact information, where the finger tap input is with the second
26 interactive displayed portion of the selected interactive displayed item, and immediately in
27 response to that input completely substituting display of the list of items with display of contact
28 information for a caller corresponding to the second user selected interactive displayed item, the

displayed contact information including a plurality of contact objects"; "receive a finger tap input in the second interactive displayed portion of the interactive displayed item, and immediately in response to that input to completely substituting display of the list with display of display of contact information for a caller corresponding to that interactive displayed item, the displayed contact information including a plurality of contact objects"; "detecting a finger tap input at a second user selected interactive displayed item associated with both a missed telephone call and contact information, where the finger tap input is with the second interactive displayed portion of the selected interactive displayed item, and immediately in response to that input completely substituting display of the list of interactive items with display of contact information for a caller corresponding to the second user selected interactive displayed item, the displayed contact information including a plurality of contact objects".  At least because the accused Samsung products do not satisfy all limitations of claims 1, 8, 10, 12, 14, 16, 18, 19, and 21 of the '760 patent, they also do not infringe dependent claims 2, 3, 4, 5, 7, 9, 11, 13, 15, 17, 20, and 22.

Also based on Samsung's current understanding of the asserted claims of the '760 patent, and recognizing that Apple has not specifically identified the features and/or functionality of the accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung states that at least the following limitations of the asserted claims of the '760 patent are not satisfied at least by the Samsung Galaxy S III, Samsung Galaxy S II Epic 4G Touch, Samsung Galaxy Note, Samsung Galaxy S II – AT&T, Samsung Captivate Glide, Samsung Galaxy S II Skyrocket, Samsung Illusion, and Samsung Stratosphere: "each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct from the first interactive displayed portion"; "immediately in response to detecting a finger gesture on the first interactive displayed portion of a respective user selected item in the list, initiating a return telephone call to a return telephone number associated with the respective user selected item"; "each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct from the first interactive displayed portion"; "each interactive displayed item associated with a missed telephone call and also associated with contact information includes a first interactive displayed portion and a second interactive displayed

1  portion, the second interactive displayed portion being distinct from the first interactive displayed
2  portion"; "receive a finger tap input in the first interactive displayed portion of the interactive
3  displayed item, and immediately in response to that input to initiate a return telephone call to a
4  telephone number associated with that interactive displayed item"; "instructions to receive a finger
5  tap input in the first interactive displayed portion of an interactive displayed item associated with
6  both a missed call and contact information, and immediately in response to that input, to initiate a
7  telephone call to a telephone number associated with that interactive displayed item"; "each such
8  interactive displayed item associated with both a missed telephone call and contact information
9  comprises at least a first interactive displayed portion and a second interactive displayed portion,
10 the second interactive displayed portion being distinct from the first interactive displayed portion";
11 "detecting a finger tap input at a first user selected interactive displayed item associated with both
12 a missed telephone call and contact information, wherein the finger tap input is with the first
13 interactive displayed portion of the selected interactive displayed item, and immediately in
14 response to that input initiating a telephone call to a telephone number associated with the first
15 user selected interactive displayed item"; "detect a finger tap input at a first user selected
16 interactive displayed item associated with both a missed telephone call and contact information,
17 wherein the finger tap input is with the first interactive displayed portion of the selected interactive
18 displayed item, and immediately in response to that input initiate a telephone call to a telephone
19 number associated with the first user selected interactive displayed item".  Devices that do not
20 satisfy all limitations of claims 1, 8, 10, 12, 14, 16, 18, 19, and 21 of the '760 patent also do not
21 infringe dependent claims 2, 3, 4, 5, 7, 9, 11, 13, 15, 17, 20, and 22.
22       Also based on Samsung's current understanding of the asserted claims of the '760 patent,
23 and recognizing that Apple has not specifically identified the features and/or functionality of the
24 accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung
25 states that at a minimum the accused Samsung products do not satisfy the "the second interactive
26 displayed portion of the respective user selected item is identified by an icon displayed within the
27 respective user selected item"; "the second interactive displayed portion of each interactive
28 displayed item is identified by an icon displayed within the interactive displayed item"; and "the

1  second interactive displayed portion of each interactive displayed item is identified by an icon
2  displayed within the item" limitations of claims 7, 13, 15, 17, 20, and 22 of the '760 patent.
3      Also based on Samsung's current understanding of the asserted claims of the '760 patent,
4  and recognizing that Apple has not specifically identified the features and/or functionality of the
5  accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung
6  states that at a minimum the Samsung Admire, Samsung Conquer 4G, and Samsung Transform
7  Ultra do not satisfy the "a single item in the list of interactive items corresponds to a plurality of
8  consecutive missed telephone calls", "displaying, within a respective single item in the list, a
9  number indicating a plurality of consecutive missed telephone calls", and "display, within a
10 respective single item in the list, a number indicating a plurality of consecutive missed telephone
11 calls" limitations of claims 4, 5, 9, and 11 of the '760 patent.
12     Based on Samsung's current understanding of the asserted claims of the '721 patent, and
13 recognizing that Apple has not specifically identified the features and/or functionality of the
14 accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung
15 states that at a minimum the following limitations of the asserted claims of the '721 patent are not
16 satisfied by the accused Samsung products:  "unlocking a hand-held electronic device"; "detecting
17 a contact with the touch-sensitive display at a first predefined location corresponding to an unlock
18 image;" "continuously moving the unlock image on the touch-sensitive display in accordance with
19 movement of the contact while continuous contact with the touch screen is maintained"; "wherein
20 the unlock image is a graphical, interactive user-interface object with which a user interacts in
21 order to unlock the device;" "unlocking the hand-held electronic device if the moving the unlock
22 image on the touch-sensitive display results in movement of the unlock image from the first
23 predefined location to a predefined unlock region on the touch-sensitive display"; "modules
24 including… instructions… to detect a contact with the touch-sensitive display at a first predefined
25 location corresponding to an unlock image"; "modules including… instructions… to continuously
26 move the unlock image on the touch-sensitive display in accordance with movement of the
27 detected contact while continuous contact with the touch-sensitive display is maintained";
28 "modules including… instructions… to unlock the hand-held electronic device if the unlock image

1  is moved from the first predefined location on the touch screen to a predefined unlock region on
2  the touchsensitive display"; "displaying an unlock image at a first predefined location on the
3  touch-sensitive display while the device is in a user-interface lock state."  In addition, Samsung
4  incorporates by reference the bases for non-infringement identified in Samsung's Opposition to
5  Apple's Motion for a Preliminary Injunction (ECF No. 115), and supporting documentation.  At
6  least because the accused Samsung products do not satisfy all limitations of claims 1, 7, 11, and 12
7  the '721 patent, they also do not infringe dependent claims 2-6, 8-10, or 13-15.
8        Based on Samsung's current understanding of the asserted claims of the '172 patent, and
9  recognizing that Apple has not specifically identified the features and/or functionality of the
10 accused Samsung products that it contends satisfy each limitation of the asserted claims, Samsung
11 states that at least the following limitations of the asserted claims of the '172 patent are not
12 satisfied by the accused Samsung products: "keeping the current character string in the first area if
13 the user performs a second gesture in the second area on the current character string or the portion
14 thereof displayed in the second area"; "the current character string in the first area is kept if the
15 user performs a gesture in the second area on the current character string or the portion thereof
16 displayed in the second area"; "instructions for keeping the current character string in the first area
17 if the user performs a second gesture in the second area on the current character string or the
18 portion thereof displayed in the second area"; "keep the current character string in the first area if
19 the user performs a second gesture in the second area on the current character string or the portion
20 thereof displayed in the second area"; "in response to the further user input, replacing the current
21 character string with the suggested replacement character string, and appending a punctuation
22 mark at the end of the replacement character string, the punctuation mark corresponding to the
23 punctuation mark key through which the further user input was received"; "replacing the current
24 character string with the suggested replacement character string in combination with a first
25 punctuation mark in response to a single user input at a second location, the second location being
26 a first punctuation mark key on the keyboard corresponding to the first punctuation mark";
27 "replacing the current character string with the suggested replacement character string in
28 combination with a second punctuation mark in response to a single user input at a third location,

1 the third location being a second punctuation mark key on the keyboard corresponding to the
2 second punctuation mark"; "accepting the current character string in response to a single user
3 input at a fourth location"; "in response to a second user input at a virtual punctuation mark key
4 corresponding to a first punctuation mark, replacing the current character string with the suggested
5 replacement character string in combination with the first punctuation mark"; "in response to a
6 third user input at a third location, accepting the current character string"; "in response to the
7 single touch user selection input, replacing the current character set with the suggested
8 replacement character set and adding at the end of said character set a punctuation mark
9 corresponding to the virtual punctuation mark key through which the input was received."  In
10 addition, Samsung incorporates by reference the bases for non-infringement identified in
11 Samsung's Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 115), and
12 supporting documentation.  At least because the accused Samsung products do not satisfy all
13 limitations of claims 2, 18, 19, 20, 21, 27, 28, 32, and 33 of the '172 patent, they also do not
14 infringe dependent claims 3, 4, 5, 6, 9, 10, 11, 12, 17, 23, 24, 25, 29, 30, 31, 34, 35, 36, and 37.
15       Based on Samsung's current understanding of the asserted claims of the '604 patent, and
16 recognizing that Apple has not specifically identified the features and/or functionality of the
17 accused Samsung products that it contends satisfy each limitation of the asserted claims – for
18 example, Apple has failed to identify "heuristic modules" or "different, predetermined heuristic
19 algorithm[s] – Samsung states that at a minimum the accused Samsung products do not satisfy at
20 least the "plurality of heuristic modules," and "each heuristic module corresponds to a respective
21 area of search and employs a different, predetermined heuristic algorithm" limitations of the
22 asserted claims.  The accused Samsung products also do not satisfy at least the "searching by the
23 heuristic modules," "using the predetermined heuristic algorithms," and "located by the heuristic
24 modules" limitations of claims 1 and 11 and the "heuristic modules configured to search,"
25 "located by the plurality of heuristic modules" "interface module," and "display module"
26 limitations of claim 6.  The accused Samsung products also do not satisfy the "each of the
27 different heuristic algorithms is particularized to its associated relevant area of search" limitation
28 of claims 16, 18 and 20.  Further, the accused Samsung products do not satisfy the "heuristic

1  modules are configured to search for information that corresponds to the portions of the
2  information descriptor as the portions are being received" limitation of claim 19 or the "wherein
3  each heuristic module searches for information that corresponds to the received portion of the
4  information descriptor" limitation of claims 17 and 21.  In addition, the Court has preliminarily
5  construed "modules" as "small software programs that are parts of a larger application' meaning
6  they 'must be part of the application and not some service or server to which the application
7  connects.'"  Under at least the Court's preliminary construction, the accused Samsung products
8  also do not satisfy the "heuristic modules" limitations of the asserted claims. In addition, Samsung
9  incorporates by reference the bases for non-infringement identified in Samsung's Opposition to
10 Apple's Motion for a Preliminary Injunction (ECF No. 115), Samsung's Motion to Stay and
11 Suspend the June 29, 2012 Preliminary Injunction Pending Appeal or, Alternatively, Pending
12 Decision by Federal Circuit on Stay Pending Appeal, and supporting documentation.
13
14 **INTERROGATORY NO. 25:**
15      If you contend that Samsung and Apple would have engaged in more than one hypothetical
16 negotiation concerning a license for the patents asserted by either party for each and every
17 Accused Samsung Product and Accused Apple Product, state all facts supporting that contention,
18 including the dates of each hypothetical negotiation.
19
20 **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**
21      In addition to its General Objections above, which it hereby incorporates by reference,
22 Samsung objects to this Interrogatory to the extent that: (i) it prematurely calls for expert
23 testimony or opinions at this stage of litigation; (ii) it is based upon an incomplete hypothetical;
24 (iii) it seeks to elicit information subject to and protected by the attorney-client privilege, the
25 attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or
26 any other applicable privilege or immunity; (iv) it is vague, ambiguous, and unintelligible; (v) it
27 seeks information that is not within Samsung's custody, possession, or control; (vi) it is compound
28 and comprises discrete subparts resulting in separate interrogatories; and (vii) it seeks documents

| | | |
|---|---|---|
| 1 | DATED:  September 24, 2012 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By   */s/ Patrick M. Shields*
   Charles K. Verhoeven
   Kevin P.B. Johnson
   Victoria F. Maroulis
   William C. Price
   Patrick M. Shields

   John Caracappa (*pro hac vice*)
   Steptoe & Johnson, LLP
   1330 Connecticut Avenue, NW
   Washington DC 20036
   TEL:  202-429-6267
   FAX:  202-429-3902

   Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC