| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> HAROLD J. MCELHINNY (CA SBN 66781) <br> hmcelhinny@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, CA 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 12-cv-00630-LHK (PSG) <br><br> **NOTICE OF MOTION AND APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> (Declaration of Joshua Furman and [Proposed] Order filed concurrently herewith) <br><br> <u>HEARING</u>: <br> Date: June 25, 2013 <br> Time: 10:00 a.m. <br> Place: Courtroom 5 <br> Judge: Honorable Paul S. Grewal |

1
2  SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG
3  ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG
   TELECOMMUNICATIONS AMERICA,
4  LLC, a Delaware limited liability company,
5           Counterclaim-Plaintiffs,
      v.
6
   APPLE INC., a California corporation,
7
            Counterclaim-Defendant.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 25, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled court, located at United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiff Apple Inc. ("Apple") will and hereby does move the Court pursuant to Patent Local Rule 3-6 for the Northern District of California for an Order granting leave to supplement Apple's Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions").

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joshua Furman, the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, the records and files in this action, and any other matters of which this Court may take judicial notice.

Dated: May 21, 2013               GIBSON, DUNN & CRUTCHER LLP


                                  By:   /s/ H. Mark Lyon
                                        H. Mark Lyon
                                        ***Attorney for Apple Inc.***

# TABLE OF CONTENTS

**Page**

I. Introduction ...................................................................................................................... 1

II. Statement of Relevant Facts ............................................................................................. 1

III. Argument .......................................................................................................................... 4

    A. Legal Standard ...................................................................................................... 4

    B. Apple Was Diligent In Seeking To Amend Its Infringement Contentions ................... 5

        1. Apple was diligent in accusing the recently released Galaxy S4. .................... 5

        2. Apple was diligent in identifying source code citations. ................................. 6

        3. Apple was diligent in amending its contentions related to the '959 and '604 patents. .................................................................................................. 7

    C. Samsung Will Suffer No Prejudice Should This Motion Be Granted ......................... 9

IV. Conclusion ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ......................................................................................... 5, 9

*Network Appliance Inc. v. Sun Microsystems Inc.*,
  2009 WL 2761924 (N.D. Cal. Aug. 31, 2009) ........................................................................ 5

*Nuance Communications, Inc. v. ABBYY Software House, et al.*,
  2012 WL 2427160, *3 (N.D. Cal. June 26, 2012) .................................................................. 6

*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................... 5

**Other Authorities**

Pat. L.R. 3-6 .................................................................................................................................... 5

Patent L.R. 3-6(c) ........................................................................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **Introduction**

Since the Court entered Apple's last amendment of its Disclosure of Asserted Claims & Infringement Contentions ("Infringement Contentions") on January 16, 2013, (1) Samsung released a new phone – the Galaxy S4, (2) Samsung and third-party Google produced volumes of confidential source code, (3) Samsung served interrogatory answers that matched source code to accused products, and (4) the Federal Circuit issued its mandate that altered this Court's preliminary injunction claim construction covering two of Apple's asserted patents – U.S. Patent Nos. 6,847,959 ("the '959 patent") and 8,086,604 ("the '604 patent").  As such, and pursuant to Patent Local Rule 3-6, Apple moves for leave to amend its Infringement Contentions to include the Galaxy S4, add citations to confidential source code to the previously served claim charts, and to conform its contentions to the Federal Circuit's claim construction.  Good cause exists for these amendments; Apple has acted diligently in its investigation, and Samsung suffers no prejudice by the requested amendments.  Given Apple's diligence and the absence of prejudice to Samsung, Apple respectfully requests that the Court grant its Motion to amend its Infringement Contentions.[1]

II. **Statement of Relevant Facts**

Pursuant to the Court's Scheduling Order, the parties served their Patent Local Rule 3-1 infringement contentions on June 15, 2012.  Since that time, the Court has twice allowed the parties to amend their respective infringement contentions.  On November 15, 2012, this Court granted the parties' motions to amend their respective infringement contentions to include additional products and to include citations to newly released operating systems for existing products. (Dkt. 302.)  That Order contemplated that further amendments reflecting other newly released products might be allowed. (*See id*, at 12.)  Indeed, on January 16, 2013, the Court accepted an agreed stipulation with regard to the parties' later motions to amend their respective contentions, again, to add products and to include

---

[1] As explained below, Samsung is also moving to amend its infringement contentions to add confidential source code citations, among other things. (*See* Dkt. 476-3, at 8.)  While Samsung's improperly attempts to amend its contentions on other grounds, Apple does not oppose amendment to identify recently produced confidential information.

citations to newly released operating systems for existing products.  (*See* Dkt. 348.)  Several important developments have occurred since the January 2013 amendments.

***Changed Claim Construction.***  On February 7, 2013, the Federal Circuit issued a mandate putting into effect a claim construction different from the one provided by this Court in its Preliminary Injunction Order (D.I. 221) and the one advocated by Apple.  The Federal Circuit's ruling overturned this Court's construction of the claim term "each," which appears in claim 6 of the '604 patent and also claim 1 of the '959 patent.  The Federal Circuit's construction required Apple to perform additional investigation and analysis, which was delayed and complicated by late productions of source code and changes in product functionality, as explained below.

***Samsung Introduced the Galaxy S4.***  Beginning April 27, 2013, and continuing throughout May 2013, Samsung commenced offering its Galaxy S4 in the United States.  (Declaration of Joshua Furman ("Furman Decl."), Ex. 2.)  Apple diligently obtained the S4 as soon as it became available, purchasing the AT&T version on April 27, 2013, the Sprint version on May 3, 2012, and the T-Mobile version on May 15, 2013.  (Furman Decl., ¶ 5.)[2]  Apple immediately began its analysis on the AT&T version, including Samsung's customizations of the Android Jelly Bean platform, and confirmed, as with the other accused products, that the infringement analysis is the same on other carriers.  (*Id*.)  As a result of this analysis, Apple determined that the Galaxy S4 product practices many of the same claims already asserted by Apple, and that the Galaxy S4 practices those claims in the same way as the already-accused Samsung devices.[3]  (*Id*.)  Apple served Samsung with proposed infringement claim charts for the Galaxy S4, specifying the claims practiced of each Apple patent.  (*Id*., Ex. 5.)

***Continued Production and Review of Source Code.***  Apple has been diligently reviewing confidential source code made available for inspection by Samsung and Google.  Apple began reviewing Samsung source code when it was first made available in June 2012 and has continued to

---

[2] The currently scheduled release date for the Galaxy S4 on Verizon is May 23, 2013.  (Furman Decl., Ex. 3.)  Apple intends to promptly acquire and analyze the Verizon offering as well.  Because, for purposes of the infringement analysis, the Galaxy S4 products offered by the other three major carriers are the same, Apple expects the Verizon offering to infringe in exactly the same way as previously analyzed Galaxy S4 products, and thus seeks leave to include the Galaxy S4 product regardless the carrier on which such product is activated.

[3] Based on Apple's analysis, the Galaxy S4 infringes the '959 and '604 patents as well as U.S. Patent Nos. 5,666,502 ("the '502 patent"); 5,946,647 ("the '647 patent"); and 7,761,414 ("the '414 patent").

review additional code since Samsung originally made the code available, with the inspections continuing week-to-week since February.  (*Id.*, ¶ 9.)  During that time, Samsung continued to produce relevant code for the accused products, and it did not complete its production of source code for all accused products until April 9, 2013.  (*Id.*)

As Apple previously explained to the Court in its Motion to Compel Interrogatory No. 22, Apple encountered a number of problems with the review. (Dkt. 398-3, at 2-4.)  For instance, Samsung initially made source code for its accused products available for inspection on computers connected to a live copy of Samsung's development servers in Korea (*See* Dkt. 424, at 2).  These servers "provided Apple not only the source code for released versions of its source code, but also a window into its ongoing development process," (*id.*), thereby complicating the review process. Comingled with the source code actually used on the accused devices, there appeared constantly-changing versions of unreleased source code and works-in-progress. (*See, e.g.*, Furman Decl., Ex. 8.) Beyond the confusing setup and constantly changing production, this arrangement resulted in several other issues, including long delays in downloading the relevant code as well as server outages and changes in the source code that prevented Apple from effectively reviewing the relevant accused code. (*Id.*, ¶ 10.)  Through lengthy negotiations, the parties ultimately avoided motion practice regarding these issues, with Samsung finally agreeing to make a local copy of its complete source code (as required by the Protective Order entered by this court) available for inspection on May 13, 2013. (*Id.*)

Recognizing the complexity and volume of the source code – Samsung produced a total of approximately 1.9 terabytes of source code – Apple also propounded additional discovery so that it could decipher Samsung's production.  Indeed, Apple served an interrogatory in early March 2013, asking Samsung to correlate its source code with the accused products. (*Id.*, ¶ 11.)  Samsung first answered the interrogatory on April 5, 2013 and supplemented its response on April 12, 2013. (*Id.*) Using these interrogatory answers, Apple has been able to match its analysis of the source code produced by Samsung to the accused products.

In addition to the issues with reviewing code produced by Samsung, Apple has also had to review source code obtained from third-party Google.  Despite having received a subpoena from Apple on September 28, 2012, Google (represented by the same law firm as Samsung) did not make

APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

3

available the bulk of its source code until March 31, 2013, and did not complete its production until May 13, 2013.  (*Id.*, ¶ 12.)  Apple promptly and diligently reviewed this code in order to supplement its infringement contentions.

Based on its source code analysis, Apple has been able to consolidate its previously produced charts to reflect the significant overlap in relevant functionality across Samsung's accused products.  (*See id.*, Ex. 1.)  The consolidated charts demonstrate that, as indicated from publicly available versions of the accused source code, the proof of infringement related to the accused functionalities overlaps substantially across operating systems and carriers.  Thus, the consolidated charts reduce the overall volume of contentions without altering their substance.

On May 8, 2013, Apple informed Samsung that it would be amending its contentions to include the Galaxy S4 and also to provide additional evidentiary support to its existing contentions.  (*Id.*, Ex. 4.)  On May 14, 2013, Apple served on Samsung the proposed contentions regarding the Galaxy S4.  (*Id.*, Ex. 5.)  On May 20, 2013, Samsung indicated that it opposed the addition of the S4 to Apple's contentions, although Samsung provided no basis for its opposition.  (*Id.*, Ex. 6.)  On May 21, 2013, Apple served the remaining proposed contentions that are the subject of this motion.  (*Id.*, Ex. 11.)   Samsung has not responded to Apple's additional charts, and Apple assumes that Samsung opposes Apple's motion.  Apple is willing to continue to meet and confer to see if the parties can reach an agreement.

### III. Argument

#### A. Legal Standard

A party may amend its infringement contentions upon a showing of good cause and by order of the Court.  Pat. L.R. 3-6.  The "good cause" requirement disallows infringement contentions from becoming moving targets throughout the lawsuit.  *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (internal citation omitted).  This good cause inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party.  *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).  The governing Patent Local Rule provides "non-exhaustive" examples of circumstances that may support a finding of good cause, including "[a] claim construction by the Court different from

that proposed by the party seeking amendment" and "discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6(a), (c). Courts in this District have also found good cause to amend infringement contentions to add the newly-released products as of the date it served its infringement contentions. *See Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, *3 (N.D. Cal. Aug. 31, 2009) (granting leave to include products released after service of infringement contentions); *see also* Dkt. 302, 348. Apple's proposed amendments fall squarely within the examples of good cause found in these cases and the Local Rules.

### B.  Apple Was Diligent In Seeking To Amend Its Infringement Contentions.

As explained above, Apple has diligently pursued the information reflected in these proposed amendments.

#### 1.  Apple was diligent in accusing the recently released Galaxy S4.

On March 14, 2013, at Radio City Music Hall in New York City, Samsung announced its newest flagship product, the Galaxy S4. Little information of direct relevance to the patents at issue in this case was providing during that announcement, or in press reports leading up to its actual introduction. Over six weeks later, on April 27, Samsung first began selling the phone in the United States on AT&T. As explained above, Apple obtained the Galaxy S4 on April 27 and immediately began its infringement analysis, including Samsung's customizations of the Android Jelly Bean platform, covering the eight asserted patents. As also explained above, that analysis revealed that the Galaxy S4 infringes five of Apple's asserted patents in the same ways as Samsung's already accused products. Indeed, Apple has determined that the Galaxy S4 infringes one or more of the asserted claims of the '502, '647, '959, '414, and '604 patents. As Samsung released the Galaxy S4 on additional carriers (Sprint and T-Mobile) in the first half of May 2013, Apple continued its analysis and confirmed the same instances of infringement.[4] Apple promptly served infringement charts on Samsung that reflect its analysis of the purchased phones and demonstrate that the Galaxy S4 infringes in the same way as Samsung's other products.

---

[4]  When Samsung releases the Galaxy S4 on Verizon – now scheduled for May 23, 2013 – Apple will continue its analysis.

APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

5

Obviously, Apple could not have included the Galaxy S4 in its original contentions. Hence, Apple's proposed amendment to add the Galaxy S4 falls squarely within the scope of this Court's Local Rules regarding amendments to contentions, as well as the Court's prior practice in this case. Indeed, in this case this Court has permitted amendments to allow the addition of newly released products. (*See* Dkt. 302, 348.). Samsung can point to no delay in Apple's request to add the Galaxy S4 to Apple's Infringement Contentions.

### 2. Apple was diligent in identifying source code citations.

Similarly, Apple's amendments to its existing contentions to add source code citations satisfy the good cause standard envisioned by the Local Rules and this Court's common practice. *See, e.g., Nuance Communications, Inc. v. ABBYY Software House, et al.*, 2012 WL 2427160, *3 (N.D. Cal. June 26, 2012) (permitting amendment of infringement contentions under Patent L.R. 3-6 to add citations to confidential source code produced in discovery). Apple does not seek to add any new theories. Rather, as explained above, Apple has amended its existing contentions by adding citations to confidential source code produced by Samsung and Google, which citations are found in appendices that identify the location of the accused source code files. Using this source code analysis, Apple has also been able to consolidate previously served charts to reflect the overlapping proof of Samsung's infringement. These appendices and consolidated charts are the product of months of intensive effort.

Despite diligent efforts, because of delays and issues with Samsung's on-going production of source code, as well as delays in Google's production of source code, Apple was only recently able to complete its analysis of the relevant confidential code. Despite having been served with a subpoena on September 28, 2012, Google did not make available the bulk of its source code until March 31, 2013, and did not complete its production until May 13, 2013. (Furman Decl., ¶ 12.) Moreover, as noted above, and as Apple explained in its earlier motion to compel (Dkt. No. 398), Apple's review of Samsung's source code was continually hampered by both technical issues caused by Samsung and by its failure to make relevant source code available. Indeed, Samsung continued to produce relevant source code as late as April 9, 2013. Nonetheless, Apple and Samsung were able to resolve these

problems without involving the Court, and, as a result of those efforts, Samsung made a local copy of its source code available for inspection on May 13, 2013. (*Id*., ¶ 10.)

As Apple became more familiar with Samsung's production, it became apparent that determining which of the nearly two terabytes of source code files produced by Samsung was incorporated in the accused products was a difficult task. This was information Samsung uniquely possessed, and it was not readily apparent from the manner in which the files were produced. As such, in early March, by way of Interrogatory No. 41, Apple requested that Samsung identify the specific location of the source code files for each accused device. (*Id*., ¶ 11.) Samsung provided its original response on April 5, 2013 and a supplemental response on April 12, 2013. Through these answers and accessible source code files, Apply was thus able to identify the code used in each device and appropriately complete its analysis.

In short, Apple worked diligently to overcome the issues with Samsung's source code production and has quickly moved to supplement its contentions now that Samsung's production is complete. And Samsung cannot deny the propriety of amending infringement contentions to add citations to confidential information produced in discovery. Indeed, Samsung recently (on April 30, 2013) moved to amend its own infringement contentions directed at Apple's products to add, *inter alia*, citations to confidential source code citations and citations to other documents produced by Apple months ago.[5] (*See* Dkt. 476-3, at 8.) As Apple indicated in its Opposition, Apple does not oppose amendment to cite recently obtained discovery in further support of previously disclosed infringement theories. (*See* Dkt. 516-2, at 2, 11-15.) That is precisely what Apple's proposed amendments do here.

### 3.  Apple was diligent in amending its contentions related to the '959 and '604 patents.

As the Court knows, when Apple filed its complaint on February 8, 2012, Apple also moved for a preliminary injunction covering four of the eight asserted patents. This Court granted Apple's motion for a preliminary injunction based on U.S. Patent No. 8,086,604. Samsung appealed the

---

[5] Unlike Apple's amended contentions, Samsung seeks to add new theories, including, for the first time, doctrine of equivalents theories for each of Samsung's asserted patents. Samsung also seeks to amend its infringement contentions to identify additional *Samsung* products that practice Samsung's patents.

APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

7

preliminary injunction, and the Federal Circuit reversed.  In its order, the Federal Circuit adopted a construction for one of the claim terms appearing in the '604 patent that is different from the construction adopted by the District Court and the one advocated by Apple.

More specifically, the Federal Circuit's ruling overturned this Court's construction of the claim term "each," which appears in claim 6 of the '604 patent.  Previously, this Court held that the term "each" found in the phrase "a plurality of heuristic modules . . . wherein: each heuristic module … employs a different, predetermined heuristic algorithm," meant that "each of at least two heuristic modules' and not 'each of every heuristic module.'"[6]  (Dkt. 221, at 15.)  In other words, under this Court's construction the limitation required only two different heuristic modules.  The Federal Circuit disagreed, holding that the claim has an "express limitation that requires *every* module to have a unique heuristic algorithm."  *Apple, Inc. v. Samsung Electronics Co., Ltd*., 695 F.3d 1370, 1379 (Fed. Cir. 2012) (emphasis added).  Because the Federal Circuit's mandate, which issued on February 7, 2013, put into effect a ruling different from the one advocated by Apple, Apple seeks to clarify how the accused Samsung devices infringe under the Federal Circuit's construction.

To further complicate matters, Apple's infringement analysis of the '604 and '959 patents focuses on Google functionality that Samsung incorporates into its devices.  For example, in its original contentions, Apple identified Google's "Quick Search Box" found on the accused Samsung phones as satisfying the limitations of the '604 and the '959 patents.  Since Apple initially served those infringement contentions, however, Google released the Google Now search application, which, in some instances, replaces the Quick Search Box, but incorporates the relevant '604 and '959 patented functionality.  Google did not begin production of the source code for this application until at least the beginning of April.  (*See* Furman Decl., Ex. 9.)  Moreover, as a direct result of the new claim construction, Apple was required to investigate the Google Play Books, Google Play Music, Google Play Movies and TV, Google Play Store and Android Market developed by Google.  Google did not fully produce the source code for these apps until May 13, 2013.  (*See id*., Ex. 10.)[7]

---

[6] Claim 1 of the '959 patent uses a similar phrase "a plurality of plug-in modules each using a different heuristic…."

[7] Google had not even begun production of the source code for the modules for any device other that the Galaxy Nexus (only one of the 22 accused devices) until March 31, 2013.  (*See* Furman Decl., Ex. 10.)

APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

8

Thus, the Federal Circuit's construction of "each," required Apple to investigate every heuristic or plug-in module on every accused device to demonstrate that "every module [has] a unique heuristic algorithm." This investigation necessitated an expanded review of Samsung's devices, Google apps, and the source code of each. Apple diligently pursued that analysis and diligently pursued the source code from Samsung and Google.

### C. Samsung Will Suffer No Prejudice Should This Motion Be Granted.

Samsung will suffer no prejudice as a result of Apple's proposed amendments. Nothing about Apple's amendments implicates the concern that infringement contentions become moving targets throughout a lawsuit. *See CBS Interactive, Inc.*, 257 F.R.D. at 201.

As explained above, with respect to the Galaxy S4, Apple's infringement theories regarding the S4 are identical to Apple's infringement theories against the already accused products. Given the overlap in proof, Samsung faces no further burden of defending the S4, and there is adequate time during fact discovery for Samsung to produce relevant documents regarding the S4. In order to comply with the Court's limits on accused products, moreover, Apple will substitute the Galaxy S4 for one of the twenty-two currently identified accused products. Simply put, adding the S4 will not complicate any issue in the case.

With respect to the addition of source code citations, Samsung cannot credibly claim prejudice. Apple has merely provided the identification of source code file locations based on Apple's analysis of Samsung's and Google's source code and recent discovery responses. Moreover, Apple had already put Samsung on notice of the accused functionalities long ago through citations to publicly available code, where available, and Apple's amendments simply identify the location of this functionality in Samsung's production. Nothing in these amendments should be of any surprise to Samsung.

Finally, the amendments regarding the '959 and '604 patents are a direct result of the Federal Circuit's claim construction ruling. Not only did Apple have to perform an additional analysis under these new constructions, Apple had to perform this analysis on source code that was not fully produced until just last week. As with the source code citations, Samsung cannot complain that these are untimely given its (and Google's) delay in providing information necessary for Apple's analysis.

**IV.     Conclusion**

Apple thus respectfully requests that its Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions be granted.

Dated: May 21, 2013                                                                            GIBSON, DUNN & CRUTCHER LLP


                                                                                               By:    /s/ H. Mark Lyon
                                                                                                      H. Mark Lyon
                                                                                                      ***Attorney for Apple Inc.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF system.

Dated: May 21, 2013                    /s/ *H. Mark Lyon*
                                       H. Mark Lyon