QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK (PSG) |
| Plaintiff, | **DECLARATION OF DANIEL W. SHIM** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

I, Daniel Wooseob Shim, declare:

1. I am a Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2. I submit this declaration in support of Apple's Administrative Motion to Seal Exhibit 1 to the Declaration of Mark D. Selwyn in Support of Apple's Opposition to Samsung's Motion for Leave to Amend and Supplement Its Infringement Contentions ("Exhibit 1").

3. Exhibit 1 was produced to Apple's outside counsel in this litigation and marked "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. The document consists of an email chain between Samsung and third-party ReQuest discussing Samsung's potential acquisition of a patent owned by ReQuest. One page of Exhibit 1—SAMNDCA630-06439449—includes the payment amount Samsung offered for the patent. This Court has previously found licensing payment terms sealable under the "compelling reasons" standard. *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.), Dkt. No. 1649 at 10-11 (granting requests to seal "pricing terms, royalty rates, and minimum payment terms of [] licensing agreements" since they could be used to a party's disadvantage in future licensing negotiations if disclosed). Samsung's purchase offer should be sealed for the same reasons. Samsung frequently negotiates patent licensing and purchase agreements and disclosure of the amount Samsung offered for the ReQuest patent will create an asymmetry of information in future negotiations that could be used to Samsung's disadvantage. A proposed redacted version of Exhibit 1 is attached to this declaration as Exhibit A.

1     I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct.  Executed in Suwon, South Korea on May 21, 2013.

3

4

5                                                    _____

6

7                                                    Daniel W. Shim

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28