# EXHIBIT 1

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
amarthakur@quinnemanuel.com

March 1, 2013

Michael A. Valek
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Dallas, Texas 75201-6912

Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)

Dear Counsel:

I write to follow up on the parties' ongoing correspondence related to Apple's Responses and Objections to Samsung's Second Set of Request for Production No. 61, and pursuant to the parties' agreement at the February 15, 2013 lead counsel meet and confer at which Samsung agreed to provide explanation for those cases which Apple disputes have a technological nexus to the present case.

**Definition of 'Technological Nexus'**
The parties have discussed the definition of 'technological nexus' through several rounds of correspondence and have agreed upon the following definition:

> Prior cases involving the Apple patents-in-suit or patents covering the same or similar technologies, features or designs as the Apple patents-in-suit.  With respect to patent inventors, this would include the asserted utility patents or other utility patents covering touch-sensitive user interaction to perform unlock functions, asynchronous sync functionality, word correction and recommendation functions, missed call management functionality, search functionality, historical list functions, and special text detection.

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

**Cases Both Parties Agree Bear a Technological Nexus**
Samsung provided Apple a list of those cases it contends bear a technological nexus to the present case on December 10, 2012. (*See* December 10, 2012 letter from Fazio to Krevitt and Rho.) On December 20, 2012, Apple identified an additional case bearing a technological nexus to the instant case and objected to only some of Samsung's cases. (*See* December 20, 2012 letter from Valek to Fazio.) Thus, the parties have reached an agreement that the following cases bear a technological nexus to the present case:

*Apple Inc. et al. v. High Tech Computer Corp. et al.* (D. Del. 10-cv-00166-GMS)

*Apple Inc. v. High Tech Computer Corp. et al.* (D. Del. 10-cv-00167-GMS)

*Apple Inc. v. High Tech Computer Corp. et al.* (D. Del. 10-cv-00544-GMS)

*Motorola Mobility Inc. v. Apple Inc. et al.* (D. Del. 10-cv-00867-GMS)

*Motorola Mobility, Inc. v. Apple, Inc.* (S.D. Fla. 10-cv-23580)

*Apple, Inc. v. Motorola, Inc. et al.* (W.D. Wis. 10-cv-00662-bbc)

*Apple, Inc. v. Motorola, Inc. et al.* (N.D. Ill. 11-cv-08540)

*Motorola Mobility Inc. v. Apple Inc. et al.* (N.D. Ill. 12-cv-00079)

*Motorola Mobility LLC v. Apple Inc.* (S.D. Fla. 12-cv-20271-RNS)

*Apple Inc. v. HTC Corp.* (D. Del. 12-cv-01004-GMS)

*MobileMedia Ideas LLC v. Apple Inc.* (D. Del. 10-cv-00258-SLR-MPT)

*Nokia Corporation v. Apple Inc.,* 3:10-cv-00249-WMC (W.D. Wis.), transferred to 1:11-cv-00015-GMS (D. Del.)

*In the Matter of Certain Personal Data and Mobile Communications Devices and Related Software* (ITC Case *Apple v. HTC* 337-TA-710), including materials relating to Apple's institution of an enforcement action

Apple has already agreed to produce "deposition and trial transcripts of named inventors, experts, and other witnesses from cases having a technological nexus with the present case." (*See* July 25, 2012 letter from Buroker to Fazio.) On December 21, 2012, Samsung asked that Apple accordingly "produce all documents from these cases responsive to Samsung's Request for Production No. 61." (*See* December 21 letter from Fazio to Valek.)

Apple has yet to make its promised production or respond to Samsung's request. Therefore, please immediately inform Samsung of Apple's plan for production of these documents, including a date or dates certain upon which completion can be expected.

**Cases Bearing a Technological Nexus to the Present Case**
Samsung hereby offers the following explanations of the technological nexus shared by certain disputed cases.

*Elan Microelectronics Corp. v. Apple, Inc.* (N.D. Cal. 09-cv-01531-RS)

The patents at issue in *Elan Microelectronics Corp. v. Apple, Inc.* (the "*Elan* case") are, as required by the parties' definition, "patents covering the same or similar technologies . . . as the Apple patents-in-suit." Indeed, as the Northern District of California said in the *Elan* case, "[t]he four patents-in-suit in this action . . . all claim advances in the field of 'touchpad' technology. Touchpads are computer input devices that sense presence, position, and movements of a user's finger or a stylus on or very close to the surface." (Dkt. No. 183, Claim Construction Order at p.1). The court noted, "use of the term 'touchpads' in this order should generally be understood to include any touchscreens that embody the same inventions." (*Id.* at p.1-2, fn. 1.)

Indeed, the patents at issue in *Elan* do relate to touch-screen technology. For instance, Elan asserted U.S. Patent. No. 5,825,352 patent, which relates to the detection of multiple fingers on a touchpad or touch-sensitive input device to the enable the detection and use of multi-finger gestures in various applications.

And, at least one patent relates to touch sensitive user interactions. Apple's asserted U.S. Patent No. 5,764,218 relates to technology that enables a touch-screen user to interact with a touch-screen button.

In the present case, meanwhile, Apple asserts U.S. Patent No. 8,046,721, which, like the *Elan* patents, relates to touch-screen technology and touch sensitive user interaction.

In light of the technological nexus shared by Apple's asserted '721 Patent and the subject matter of the *Elan* patents, Apple is obligated to produce non-privileged documents from this litigation responsive to Samsung's Request for Production No. 61.

*In the Matter of Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens* (ITC Case *Elan v. Apple* 337-TA-714)

*In the Matter of Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens* (the "*Elan* Investigation") is a parallel action to the *Elan* Northern District of California case described above. In this Investigation, Elan asserted the same touchscreen-related patents asserted in the Northern District of California action. Thus, for the reasons mentioned above, this case too shares a technological nexus with the present case. Apple is therefore obligated to produce non-privileged documents from this investigation responsive to Samsung's Request for Production No. 61.

3

*In the Matter of Certain Portable Electronic Devices and Related Software*
(ITC Case *Apple v. HTC* 337-TA-797)

The patents at issue in this investigation are, as required by the parties' definition, "patents covering the same or similar technologies . . . as the Apple patents-in-suit." The patents at issue in 797 relate to touch-screen technology. For instance, in that investigation Apple asserted U.S. Patent No. 7,920,129, which relates, explicitly, to touch-sensitive panels. Similarly, Apple also asserted U.S. Patent No. 7,084,859, which also relates to tactile touch screen displays. As explained above, in this case Apple has asserted U.S. Patent No. 8,046,721, which, like the 797 patents, relates to touch-screen technology and touch sensitive user interaction.

In light of the technological nexus shared by Apple's asserted '721 Patent and the subject matter of the 797 patents, Apple is obligated to produce non-privileged documents from this investigation responsive to Samsung's Request for Production No. 61.

*In the Matter of Certain Mobile Devices and Related Software* (ITC Case *Apple v. Motorola* 337-TA-750)

In this investigation, Apple asserted, *inter alia*, U.S. Patent No. 7,663,607, (the "'607 Patent") entitled Ellipse Fitting for Multi-Touch Surfaces. This patent "cover[s] the same or similar technologies . . . as the Apple patents-in-suit" because it relates to technology enabling a user to perform touch sensitive interactions with a touch screen. As mentioned above, Apple's asserted '721 Patent, relates to the exact same touch-screen and touch sensitive user interaction technology.

In light of the technological nexus shared by Apple's asserted '721 Patent and the subject matter of the '607 Patent, Apple is obligated to produce non-privileged documents from this litigation responsive to Samsung's Request for Production No. 61.

*Apple Inc. v. HTC Corp. et al.* (D. Del. 11-cv-00611-GMS)

This case (the "11-cv-611 case") is one of three cases, along with *Apple Inc. v. High Tech Computer Corp. et al.* (D. Del. 10-cv-00167-GMS) (the "10-cv-167" case") and *Apple Inc. v. High Tech Computer Corp. et al.* (D. Del. 10-cv-00544-GMS) (the "10-cv-544 case"), that comprise a family of cases concerning similar technology and patents. While Apple agrees with Samsung that the 10-cv-167 and 10-cv-544 cases do bear a technological nexus to the present case (see above), Apple inexplicably objects to the 11-cv-611 case. Yet, Judge Sleet held, in granting a stay of all three cases in light of a particular ITC investigation, that "the technology claimed in Apple's patents before the ITC is notably similar to the technology and subject matter protected by its non-ITC challenged patents such that Apple cannot successfully argue that the subject matter is dissimilar." (Dkt. No. 23, Order at p.5.) The court granted a stay pending resolution of the parallel ITC on the basis that all three district court actions involved similar technology. (*See id.* at p.6.)

5

Apple cannot successfully argue that the 11-cv-611 case does not involve similar technologies to the present case. Apple is therefore obligated to produce non-privileged documents from this case responsive to Samsung's Request for Production No. 61.

Please provide a response to each of the issues raised herein by March 8, 2013.

Very truly yours,

*Amar L. Thakur*

Amar L. Thakur