# EXHIBIT 2

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. :12-cv-00630-LHK <br><br> **APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SECOND SET OF REQUESTS FOR PRODUCTION** |

Request as premature, especially insofar as it conflicts with the schedule set by the Court and/or seeks expert discovery or legal conclusions, and to the extent that Samsung has not yet identified what it considers to be design arounds or alternatives. Apple further objects to this Request to the extent it requires the production of materials not already known to Apple to relate to design arounds or alternatives to the asserted patents.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

**REQUEST FOR PRODUCTION NO. 61**:

All transcripts of testimony given at a deposition, hearing, trial, or other proceeding RELATING TO the APPLE PATENTS, including expert testimony and testimony provided by any alleged inventors of the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

Apple objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "APPLE PATENTS" and "expert testimony and testimony provided by any alleged inventors." Apple further objects to this Request to the extent that this Request is premature and purports to impose conditions, obligations, or duties with respect to expert disclosures beyond those required by the Federal Rules of Civil Procedure and/or any other applicable rules. Apple objects to this Request to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose. Apple also objects to this Request to the extent it seeks privileged information, information protected by the work product doctrine, information protected by the joint defense or common interest privilege, and any other privileges and/or doctrines.

Subject to and without waiving the foregoing General and Specific Objections, Apple will produce deposition transcripts in its possession, custody, or control, if any, located after a reasonable

search, of the named inventors to the asserted patents, where such depositions were taken of the inventors in their capacity as an inventor of one of the asserted patents.

**REQUEST FOR PRODUCTION NO. 62**:

All PRIOR ART known to APPLE RELATING TO the APPLE PATENTS, including all PRIOR ART cited or identified by other individuals or companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

Apple objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "[a]ll PRIOR ART known to APPLE," "APPLE PATENTS" and "cited or identified by other individuals or companies." Apple objects to this Request to the extent that the overly broad term "RELATING TO" seeks information regarding patents and patent claims not asserted by Apple in This Lawsuit. Apple also objects to this Request to the extent it seeks privileged information, information protected by the work product doctrine, information protected by the joint defense or common interest privilege, and any other privileges and/or doctrines.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search, that constitute or identify alleged prior art disclosed during the respective course of prosecution of the asserted patents, or of which Apple has otherwise been made aware of as relating to the validity of the asserted patents.

**REQUEST FOR PRODUCTION NO. 63**:

All DOCUMENTS RELATING TO the prosecution of the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Apple objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, both in its entirety and with respect to the phrase "the prosecution of the APPLE PATENTS." Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that the overly broad term "RELATING TO" seeks information regarding patents and patent claims not asserted by