# EXHIBIT 3

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3227**

WRITER'S INTERNET ADDRESS
**michaelfazio@quinnemanuel.com**

November 28, 2012

<u>Via E-Mail</u>

| | |
|---|---|
| Josh Krevitt | Jennifer Rho |
| Gibson Dunn & Crutcher, LLP | Gibson Dunn & Crutcher, LLP |
| 1881 Page Mill Road | 333 South Grand Avenue |
| Palo Alto, CA 94304-1211 | Los Angeles, CA 90071-3197 |

Re:   Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write to follow-up on the parties' November 27th lead trial counsel meet and confer held at Gibson Dunn's Century City office regarding: (1) Apple's Objections and Responses to Samsung's Second Set of Preliminary Injunction Requests for Production to Apple ("Samsung's PI Requests"), and (2) Apple's Objections and Responses to Samsung's Second Set of Requests for Production ("Samsung's Requests"). The specific Requests for Production and issues related thereto that were discussed by the parties are detailed below.

**Apple's Objections and Responses to Samsung's Second Set of Preliminary Injunction Requests for Production**

**Request Nos. 1 and 3**:

Apple stated that it has, in Apple's view, determined the individuals who might have drafts of, and correspondence related to, Apple's second quarter 2012 iPhone Buyer Survey and that it has performed a search of those custodians' files for documents responsive to these Requests. Samsung noted that Apple has produced only 16 emails responsive to these Requests. Apple agreed to provide the parameters of its searches, including the individuals whose files were

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

searched, the search terms used, date restrictions applied, and any other pertinent details involved in this document collection.  Samsung requests that Apple provide this information no later than Monday, December 3, 2012.  Samsung reserves all rights with regard to its position as to the sufficiency of Apple's search for documents responsive to these Requests.

**Apple's Objections and Responses to Samsung's Second Set of Requests for Production**:

**Request No. 60**:

The parties agreed that Samsung will withdraw this Request, and Apple will withdraw its comparable Request (which is Apple's Request for Production No. 205).  The parties' agreement to withdraw these Requests is without prejudice to Apple's right to seek documents related to alternative technology for Samsung's standard essential patents-in-suit and Samsung preserves all objections to any such Apple Requests for Production.

**Request No. 61**:

Apple has proposed the following definition of "technological nexus":

> [P]rior cases involving the Apple patents-in-suit or patents covering the same or similar technologies, features or designs as the Apple patents-in-suit.  With respect to the patent inventors, this would include the asserted utility patents or other utility patents covering touch-based device unlock functions, asymmetric sync functionality, word correction and recommendation functions, missed call management functionality, search functionality, historical list functions, and special text detection.

Samsung proposes changing "touch-based device unlock functions" to "touch-sensitive user interaction."  Please let us know if this change is agreeable.

Additionally, and consistent with the parties' discussion at the November 27th meet and confer, the parties will also need to agree upon a framework for their respective lists of cases that each believe would fall under this definition.  Samsung, therefore, proposes that on December 10, 2012, the parties simultaneously exchange lists of cases that they contend are covered under this definition.  The parties will then telephonically meet and confer no later than December 17, 2012 regarding which cases fall under the definition of "technological nexus" and those that do not.  Please let us know if this proposal is agreeable.

**Request No. 72**:

In response to this Request, Apple has agreed to produce documents, for all Apple Patents[1], pursuant to its March 22, 2012 proposal, including:

---

[1]   The definition of Apple Patents is set forth in Samsung's Second Set of RFPs.

2

- Deposition transcripts and exhibits for the named inventors;

- Deposition transcripts and exhibits for Apple's experts that provided deposition testimony regarding issues of validity or claim construction covering the asserted patents;

- Deposition transcripts and exhibits for witnesses who were identified as relevant to alleged prior art to the asserted patents;

- Documents produced in response to subpoenas to the '647 patent named inventors as part of those litigations;

- Claim construction briefing and orders related to the asserted patents;

- Invalidity claim charts and identified references asserted against the asserted patents; and

- Answers setting out defenses relevant to the asserted patents.

Apple also agreed to produce the inventor transcripts from prior enforcement of the Apple Patents. Pursuant to its September 14, 2012 proposal, Apple also agreed to produce additional documents relating to the Apple Patents, including:

- The infringement and validity contentions served by Apple in those cases in which it has previously asserted the patents at issue in the '630 case; and

- The final expert reports prepared by experts on behalf of Apple, in redacted form.

Samsung stated that it will need these documents as soon as reasonably possible, and requested that Apple produce the non-confidential documents first, to be followed immediately thereafter by any confidential documents.

Additionally, and by end of this week, Apple agreed to provide a date by which Apple will produce the responsive expert reports. Samsung will promptly review these reports upon receipt and identify documents noted in the reports for which Samsung also seeks production. The parties will then meet and confer regarding the timing and logistics for Apple's production of these additional documents cited in the expert reports.

**Request No. 73**:

Apple agreed to produce documents responsive to this Request pursuant to its September 26, 2012 letter, including: (1) Complaints in which Apple previously accused products of infringing any of the patents asserted by Apple in this case; and (2) correspondence to a third party in which Apple asserted that the third party's products infringed any of the patents asserted by Apple in this case.

Samsung's position remains that the Request is broader than the two categories of production agreed to thus far by Apple. Samsung, however, agrees that this Request should be included as

part of a broader discussion involving Apple's search terms.  Accordingly, Samsung reserves all rights with regard to its position as to the sufficiency of Apple's search for documents responsive to this Request, and Samsung continues to preserve its additional contentions with regard to this Request.

**Request Nos. 74-76, 83, 95, 124-126**:

•       <u>Final reports</u>:  Apple agreed to withdraw the "purchased by Apple" limitation from its response to these Requests.  Apple stated that it is producing responsive documents from a "curated server" accessed by persons responsible for survey and market research reports.  The search is not limited by person or date, and it is updated periodically to catch new reports.  Apple also confirmed that it is not withholding documents on the basis of whether they are publicly available.  Samsung reserves all rights with regard to its position as to the sufficiency of Apple's search for final reports.  Apple also agreed that Samsung is entitled to a similar resolution for any requests propounded by Apple that mirror these Requests.

•       <u>Draft reports and correspondence "related to"</u>:  Apple restated its contention that the portions of these Requests that seek draft survey and market research reports, and/or correspondence related to the same, pose an undue burden upon Apple.  Apple agreed to discuss this issue internally and inform Samsung by the end of this week if Apple will produce draft reports and correspondence responsive to these Requests.

•       <u>Other internal documents "related to"</u>:  Apple will consider this portion of these Requests and will inform Samsung by end of this week if Apple will produce internal documents responsive to these Requests.

**Request Nos. 84-86**:

Apple agreed to provide: (1) a list of the custodians whose files were searched to gather documents responsive to these Requests; and (2) the search terms used to search for such responsive documents.  Samsung reserves all rights with regard to its position as to the sufficiency of Apple's search for documents responsive to these Requests.

**Request Nos. 89-90**:

Apple will confirm in writing that it is producing market research reports for the smartphone and tablet markets that will cover all competing products.

Additionally, the parties did not reach the following Samsung Requests for Production.

•       Samsung's 2nd Set of Requests for Production, Request Nos. 92, 103, 113, 116, 128, 129; and

•       The Requests at issue in Samsung's 3rd Set of Requests for Production, Samsung's 4th Set of Requests for Production, and Samsung's 5th Set of Requests for Production (a complete listing of which is set forth in Samsung's letter dated November 21, 2012).

4

The parties also did not reach several other issues outlined in Samsung's November 21, 2012, including Apple's search terms disclosures, non-production of documents in response to certain Requests for Production and Apple's search terms. Though, as Samsung noted, it believes the parties would be better served by setting aside a separate meet and confer session to exclusively discuss the parties' search terms.

Lastly, the parties agreed to explore options for conferring telephonically in the future, though doing so in a manner that remains consistent with Court's prior Order on this issue. In that regard, Samsung notes that Apple, in previously considering this issue, articulated its position as follows:

> It is Apple's position, consistent with the events of the preliminary injunction phase and our understanding of the parties' practice in the 1846 matter, that a lead trial counsel meet and confer may continue by telephone regarding those RFPs discussed during the in-person meet and confer, as well as RFPs that are substantially similar to those RFPs discussed at the in-person meet and confer. However, we believe that we are required to hold an in-person lead trial counsel meet and confer for new RFPs having different subject matter and issues.

*See* email from Rho to Fazio dated October 11, 2012. As Samsung noted during the November 27th meet and confer, Samsung is agreeable to considering a proposal from Apple regarding ways to streamline the parties' issues for future meet and confers.

If Apple's understanding of any of the foregoing issues differs, please let us know immediately.

Very truly yours,

Michael L. Fazio