# EXHIBIT 4

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

December 1, 2012

VIA ELECTRONIC MAIL

Michael L. Fazio
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:     *Apple Inc. v. Samsung Electronics Co. et al.*, No. 12-cv-0630

Dear Michael:

I write in response to your November 28, 2012 letter regarding the parties' November 27, 2012 lead trial counsel meet and confer.

**Apple's Objections and Responses to Samsung's Second Set of Preliminary Injunction Requests for Production**

As Apple explained during the November 27, 2012 lead trial counsel meet and confer, and as Apple committed to do in its September 26, 2012 letter, Apple conducted a reasonably diligent search for the drafts of the Q2 2012 iPhone Buyer Survey, as well as "[i]nternal correspondence between the appropriate Apple employees having responsibility for the Q2 2012 iPhone Buyer Survey pursuant to their job duties" and "[a]ll documents received from Advanis, Apple's independent, third party market research firm that fielded the Q2 2012 iPhone Buyer Survey." Apple further explained that it produced those documents it found. Accordingly, Apple believes it has fully complied with its prior agreement to produce drafts and related documents for the Q2 2012 iPhone Buyer Survey. Nonetheless, Apple will provide the search terms used to search for such documents, to the extent they were used, as well as other parameters of its search for the same by December 4th.

**Apple's Objections and Responses to Samsung's Second Set of Requests for Production**

**Request No. 60**

In your letter, Samsung accepts Apple's proposed definition of "technological nexus," with the exception of the phrase "touch-based unlock functions." Regarding the single phrase in contention, Samsung has proposed replacing the phrase "touch-based unlock functions" with "touch-sensitive user interaction." This proposed change is overbroad and results in

Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich • New York
Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

December 1, 2012
Page 2

ambiguity that potentially extends the definition of "technical nexus" far beyond the "slide-to-unlock" functionality at issue. Apple will accept this phrase if modified to "touch-sensitive user interaction to perform unlock functions." This change removes the ambiguity in Samsung's proposal and more appropriately matches the definition to the functionality at issue.

Regarding the process for determining the list of cases having a "technological nexus" with the present case, Apple proposes that Samsung provide its list of the cases that it believes have a "technological nexus" on December 10, 2012. Then by December 17, 2012, Apple will supplement this list with any additional cases it believes to have a "technological nexus" and identify those cases on Samsung's list that Apple believes do not have a "technological nexus." The parties could then discuss any disagreements they may have.

**Request No. 72**

Apple confirms that it will produce those categories of documents set forth in its March 22, 2012 and September 14, 2012 proposals with respect to the Apple Patents asserted in this litigation, redacted for third party confidential information, subject to the parties' subsequent agreements regarding the definitions in Samsung's Second Set of Requests for Production, particularly the definition of "APPLE PATENTS," as set forth in the July 25, 2012 letter sent by Brian Buroker. Apple notes that it already has produced a significant portion of materials in March 2012, and in recent supplemental productions. Apple expects that it will be able to begin producing the expert reports in question within the next few weeks, subject to the need to review and redact such materials. With respect to the deposition transcripts for the inventors of the asserted Apple Patents, Apple agreed to produce such inventor deposition transcripts while reserving all of its rights and objections that further depositions of Apple's inventors would be overly burdensome and duplicative of such deposition transcripts, and further notes Samsung's acknowledgment of these concerns and the overlapping scope of such prior deposition transcripts with depositions that could be taken in the present case. Apple further notes that the deposition transcripts for those inventors scheduled for deposition in November and December 2012 have already been produced.

**Request No. 73**

Apple confirms that the parties agreed that any dispute regarding this Request was subsumed by the parties' respective concerns regarding each side's selected search terms and the discussion can be resumed in connection with the parties' discussion of their search terms.

**GIBSON DUNN**

December 1, 2012
Page 3

**Request Nos. 74-76, 83, 95, 124-26**

Apple confirms that, with respect to those final reports that it has already agreed to produce, Apple is producing the responsive, relevant, and non-privileged final reports from the curated server upon which they are stored. Apple further confirms that it is not withholding any reports from said server on the bases of public availability, date, or custodian.

With respect to draft reports, correspondence, and other internal documents relating to these Requests, which generally seek documents relating to competition and market share, valuations of good will, consumer loyalty, and the state of the smartphone market as being at a "critical juncture," among other topics, Apple reasserts its objections that seeking documents other than Apple's final reports, questionnaires, and market research reports would be overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The limited relevance, if any, and burden of producing such documents is particularly significant in light of concerns with preserving the confidentiality of such documents should such documents be publicly filed or otherwise provided to the Court. Moreover, we note that Samsung has raised similar relevance, confidentiality, and overbreadth objections with respect to Apple's RFPs regarding market research. *See, e.g.*, Samsung's Objections and Responses to Apple RFP Nos. 135, 217, and 294-298.

Nonetheless, Apple would like to reach agreement regarding these Requests if Samsung is willing to help mitigate Apple's above-mentioned concerns by agreeing to the following: (1) in any filings, declarations, or expert reports, Samsung will quote and/or attach only the portions of these documents upon which it actually relies and will not unnecessarily attach the entirety of such documents, which often contain highly sensitive business information that has nothing to do with the specific issues for which the document is being relied upon; and (2) Samsung will agree to a reciprocal production with respect to such documents in its own possession, custody or control. If Samsung is willing to agree to these reasonable accommodations, Apple believes the parties will be able to resolve their dispute regarding these Requests in short order.

**Request Nos. 84-86**

As Apple explained before, these Requests remain vague and overbroad. Nonetheless, Apple is searching for and producing documents from custodians it reasonably believes might have relevant documents, including those which may be responsive to these particular Requests. Per Samsung's request, Apple will provide a list of custodians and search terms by December 4th.

**GIBSON DUNN**

December 1, 2012
Page 4

**Request Nos. 89-90**

In response to Request Nos. 89 and 90, which seek documents "sufficient to identify the respective market share of each product that competes with the iPhone or the iPad," as well as "documents sufficient to identify all projections . . . reviewed or considered as to what the respective market share of the iPhone and iPad, and each product competes with the iPhone or the iPad, are likely to be at any future point," Apple confirms that it has produced or will produce documents sufficient to show market share in the U.S. smartphone and tablet markets that are in its possession, custody, and control.

* * *

Finally, as you know, the parties were unable to reach most of the issues set for discussion on November 27, 2012, including all of the issues identified in Apple's November 26th letter and discussed at length in our prior correspondence. As such, the parties agreed to explore ways to streamline the issues to be raised at future lead trial counsel meet and confer discussions. One possibility is meeting beforehand to try to reduce or better group together the particular items to be subsequently discussed with lead trial counsel. Please let us know if Samsung is amenable to such, or if you have alternate ideas, consistent with the Court's orders and rules, to suggest. In any event, and to the extent they are not resolved in the interim, Apple expects to address all of the issues it has previously identified at the next lead trial counsel meet and confer.

Regards,

*/s/ Michael A. Valek*

MAV/klc