# EXHIBIT 6

**WILMERHALE**

January 11, 2013

**Peter J. Kolovos**

+1 617 526 6493 (t)
+1 617 526 5000 (f)
peter.kolovos@wilmerhale.com

Amar Thakur
Quinn, Emanuel, Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017

Re:  Apple Inc., vs. Samsung Electronics Co., Ltd., Case No. 12-CV-00630-LHK (PSG)

Dear Amar:

I write in response to Samsung's December 20, 2012 letter alleging deficiencies in Apple's Objections and Responses to Samsung's Eighth Set of Requests for Production of Documents and Things.

**Apple's Relevancy Objection**

Samsung's requests seek documents relating to *VirnetX Inc. v. Cisco Systems, Inc*. et al., No. 6:10-cv-00417-LED (E.D. Tex.) and *VirnetX Inc. v. Apple, Inc*. No. 6:12-cv-00855-LED (E.D. Tex.) (the "VirnetX litigation"), including all documents served by any party in that action and all deposition and trial transcripts.  Apple objected that the requests are not reasonably calculated to lead to the discovery of admissible evidence, and noted in addition that the VirnetX litigation lacks any technological nexus with this case.  While Samsung complains that its requests "do not contain any 'technological nexus' limitation," that misses the point.  The subject matter of the VirnetX litigation is not relevant to either party's claims or defenses in this case *because* it has no technological nexus with this case.  Therefore, Samsung's omnibus request for all materials pertaining to the VirnetX litigation is outside the scope of allowable discovery.

The VirnetX litigation has no technological nexus with this case under the parties' definition. That patents-in-suit in the VirnetX cases include:

- U.S. Patent No. 6,502,135, entitled "Agile Network Protocol for Secure Communications with Assured System Availability";
- U.S. Patent No. 6,839,759, entitled "Method for Establishing Secure Communication Link Between Computers of Virtual  Private Network Without User Entering Any Cryptographic Information";
- U.S. Patent No. 7,188,180, entitled "Method for Establishing Secure Communication Link Between Computers of Virtual Private Network";
- U.S. Patent No. 7,418,504, entitled "Agile Network Protocol for Secure Communications Using Secure Domain Names";
- U.S. Patent No. 7,490,151, entitled "Establishment of a Secure Communication Link Based on a Domain Name Service (DNS) Request";
- U.S. Patent No. 7,921,211, entitled "Agile Network Protocol for Secure Communications Using Secure Domain Names" (collectively, "VirnetX patents-in-suit").

WILMERHALE

January 11, 2013
Page 2

  The VirnetX patents-in-suit are not asserted in this litigation. Moreover, the VirnetX patents-in-suit relate to the establishment of secure communications between computers—an area of technology not covered by or in any way related to any of the patents-in-suit in this litigation.

  Samsung's only example of why the documents from the VirnetX litigation might be relevant here exposes its flimsy basis for undertaking what amounts to an impermissible fishing expedition. Samsung argues that the requests "require production of documents related to FaceTime, an Apple product at issue both in the VirnetX litigation and in this litigation." To the extent documents related to FaceTime are relevant to this case, Samsung has already issued more targeted requests calling for the production of documents relating to the features and functionalities that are accused in this action. The fact that the same product is accused of infringement in both cases is not a sufficient basis to request, for example, the production of all documents served by any party that relate to infringement in an unrelated matter. *See* Request for Production No. 350.

**Apple's Confidentiality Objection**

  Apple has also objected to the requests to the extent they require Apple to produce documents that contain the confidential information of third parties. Samsung complains that this "objection is an insufficient basis upon which to withhold production of responsive documents." Apple will only produce such documents where the documents are relevant and, as necessary, subject to the Protective Order and proper notice to third parties. As discussed above, the documents sought by these requests are not relevant to either party's claims or defenses.

Best regards,

*/s/ Peter J. Kolovos*

Peter J. Kolovos