# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

March 5, 2013

<u>Via Email</u>

Michael A. Valek
Gibson Dunn & Crutcher, LLP
2100 McKinney Avenue
Dallas, Texas 75201-6912

Re:  Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)

Dear Counsel:

I write as a follow-up to my letter of January 14, 2013 regarding Apple's Objections and Responses to Samsung's 8th Set of Requests for Production and to further the parties' discussion regarding the topic, despite the apparent impasse earlier reached.

As you know, Apple has objected to every request in Samsung's 8th Set of Requests for Production (Samsung's "8th Requests") on the grounds that the 8th Requests seek irrelevant documents because "[t]he VirnetX litigation has no 'technological nexus' with the present action within the meaning of 'technological nexus' agreed to by the parties."  (Apple's Responses and Objections to Samsung's 8th Set of Requests for Production.)  Apple has wholly refused to produce documents responsive to these Requests.

<u>Samsung Has Not Agreed to Import Limitations from Other Requests.</u>

As you know, the parties have agreed to a definition of 'technological nexus' as an appropriate limitation to the scope of Samsung's Request for Production No. 61.  But the parties never agreed that any other Request for Production should be similarly limited, and certainly never

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

agreed to apply the definition of 'technological nexus' in any context other than Request No. 61.

Indeed, even if some 'technological nexus' limitation were to apply to Samsung's 8th Requests, it would be nonsensical to apply the definition from Request No. 61.  Because Request No. 61 targets documents "RELATING TO the APPLE PATENTS," the parties reasonably agreed to limit the Request to cases having a technological nexus with the Apple Patents.  It is inappropriate for Apple to apply a limitation based on the Apple Patents to a request that does not target documents related to the Apple Patents in the first place.

The 8th Requests, as the case in point, do not contain any reference to the Apple Patents.  To the extent that Apple objects on the basis of the definition of technological nexus, it is seeking to improperly import an agreement from an entirely different context to imply that Samsung has somehow already agreed that VirnetX litigation documents are irrelevant.  Samsung has agreed to no such thing.  Any attempt by Apple to imply otherwise is improper and no basis for refusing to produce responsive documents.

Samsung's 8th Requests Target Relevant Documents Relating to an Accused Apple Product.

Apple also makes a more general objection that, "the requests are not reasonably calculated to the lead to the discovery of admissible evidence."  But the 8th Requests do seek relevant documents because both the VirnetX Litigation and the present litigation involve the same accused Apple product: FaceTime.

Indeed, Apple acknowledges as much when it admits that Samsung has requested other documents related to FaceTime, which Apple has agreed to produce.  (January 11, 2013 Letter From Kolovos to Thakur.)  For example, Samsung's Request for Production No. 184 requests, "All DOCUMENTS RELATED TO the transmission of images, video, audio, messages, and addresses by the APPLE ACCUSED PRODUCTS, including by email or multimedia message."  Samsung's Request for Production No. 185, as a further example, requests, "All DOCUMENTS RELATED TO video processing by the APPLE ACCUSED PRODUCTS, including capture, processing, storage, display, and transmission of images, messages and addresses."

Apple has agreed to produce non-privileged documents responsive to these (and other) overlapping Requests, and yet refuses to produce documents responsive to Samsung's 8th Requests, despite acknowledging such an overlap.  Apple's relevance objection is no basis to wholly refuse production.

The VirnetX Litigation and the Present Case Share a Technological Nexus Because They Involve the Same Apple Product and Technology.

As Apple further acknowledges, the patents at issue in the VirnetX Litigation relate to establishing a virtual private network (January 11, 2013 Letter from Kolovos to Thakur).  This technology enables FaceTime to transmit video and audio messages.  And it is this FaceTime functionality that is at issue in both the VirnetX Litigation and the present case.

Apple cannot deny that this FaceTime functionality is at issue in, and relevant to, the present litigation, especially in light of its agreement to produce documents relating to FaceTime's

3

transmission of audio and video messages under separate Samsung Requests (such as Request Nos. 184 and 185, cited above). Indeed, the FaceTime functionality at issue in both cases establishes that, in fact, there is a technological nexus shared by the VirnetX Litigation and the present case.

Apple, therefore, has no basis to wholly refuse to produce any documents under any of Samsung's 8th Requests for Production. Please indicate whether Apple is willing to withdraw its objections and discuss the appropriate scope of production of documents responsive to Samsung's 8th Requests.

Please respond to these issues by March 11, 2013.

Very truly yours,

*Amar L. Thakur*

Amar L. Thakur