# EXHIBIT A

MARK D. FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
ERIK R. FUEHRER (Bar. No. 252578)
erik.fuehrer@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

JOHN HARRIMAN (Bar No. 117175)
john.harriman@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars
Suite 400
Los Angeles, CA  90067-6023
Phone: (310) 595-3000
Fax: (310) 595-3300

Attorneys for Defendants
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, SAMSUNG ELECTRONICS
CO., LTD., and SAMSUNG ELECTRONICS
AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAZOMI COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC *et al.*, <br><br> Defendants. | CASE NO.  10-CV-05545-RMW <br><br> **SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S OPPOSITION TO NAZOMI'S MOTION TO COMPEL DISCOVERY** <br><br> Date: May 25, 2012 <br> Time: 9:00 a.m. <br> Location: Courtroom 6, 4th Floor |

1  Pursuant to Local Rules 37 and 7-3, Defendants Samsung Electronics America, Inc.
2  ("SEA"), Samsung Telecommunications America, LLC ("STA") and Samsung Electronics Co.,
3  Ltd. ("SEC") (collectively, "Samsung") respectfully submit this memorandum in opposition to
4  Nazomi's Motion to Compel Discovery. Dkt. No. 176.

**I.  INTRODUCTION**

Nazomi's Motion to Compel is nothing more than an attempt to subvert the early *Markman* hearing and the motion for summary judgment of non-infringement concerning U.S. Patent Nos. 7,080,362 ("the '362 patent") and 7,225,436 ("the '436 patent") that defendants have sought for almost a year and which the Court has expressly granted defendants leave to pursue. Nazomi requests that the Court compel Samsung to produce information and source code regarding products with an ARM processor core with Jazelle, whether Jazelle is enabled or not. However, if defendants are successful in their motion for summary judgment, then only products containing an ARM processor core in which Jazelle is <u>enabled</u> will be relevant. Accordingly, Nazomi's request for information regarding those products in which Jazelle is not enabled is premature and the Court should not issue any order concerning that category of information until after the Court has issued its order concerning defendants' re-filed motion for summary judgment.

Nazomi also requests that Samsung produce information regarding products that contain a Dalvik Virtual Machine. Nazomi alleges that products containing a Dalvik Virtual Machine relate to its accusations of infringement under United States Patent No. 6,338,160 ("the '160 patent"). Although this request ignores the Court's April 16, 2012, Order that cautioned the parties to focus on issues relevant to the initial, limited claim construction issue and pending motion for summary judgment, Samsung agrees to supplement its discovery responses to include those products within a reasonable period of time.

Concerning Nazomi's specific discovery requests, the Court should deny Nazomi's motion to the extent that it seeks to compel a response to Interrogatory No. 7 because Nazomi failed to establish the relevance of any such information. Samsung also requests that the Court limit any order for Samsung to produce source code for additional products to relevant, non-public portions of Samsung's source code.

## II. FACTUAL BACKGROUND

### A. Samsung's Responses to Nazomi's Discovery

On July 25, 2011, Nazomi served its infringement contentions against Samsung. Nazomi's infringement contentions identified approximately 40 Samsung products, including smartphones and tablets. Declaration of Matthew Durell in Support of Nazomi's Motion to Compel Discovery ("Durell Decl."), ¶3, Ex. A. On June 22, 2011, Nazomi served its first set of interrogatories and requests for production to Samsung. Durell Decl., ¶4. On July 25, 2011, Samsung responded to Nazomi's discovery requests. Declaration of Erik Fuehrer in Support of Samsung's Opposition to Nazomi's Motion to Compel ("Fuehrer Decl."), ¶2. On November 7, 2011, Samsung produced relevant, public Android source code for numerous versions of Dalvik and offered certain additional confidential source code for inspection. Fuehrer Decl., ¶3, Ex. A. Nazomi inspected Samsung's source code on or about February 10, 2012. Fuehrer Decl., ¶4.

On January 31, 2012, Nazomi served its Second Set of Interrogatories to Samsung. Durell Decl., ¶4. On March 5, 2012, Samsung served its objections and responses to Nazomi's Second Set of Interrogatories. In its response, Samsung identified the requested information for all Samsung products accused of infringement in Nazomi's July 2011, infringement contentions. Fuehrer Decl., ¶5. On February 7, 2012, Samsung supplemented its interrogatory responses to Nazomi's First Set Of Interrogatories Nos. 1-3 with information for all Samsung products accused in Nazomi's July 2011, infringement contentions. Fuehrer Decl., ¶6.

### B. Correspondence Between Samsung and Nazomi

As described in Nazomi's Motion, Samsung and Nazomi exchanged correspondence and held meet and confer telephone conferences regarding Samsung's responses to Nazomi's discovery requests and the scope of discovery. Durell Decl., ¶¶5-9. However, Nazomi's last communication to Samsung regarding the scope of accused products was Nazomi's January 31, 2012, letter. Fuehrer Decl., ¶7. At no time between January 31, 2012, and the filing of this Motion did Nazomi inform Samsung by letter, e-mail, or telephone conference of Nazomi's intent to file this Motion to Compel. Fuehrer Decl., ¶7.

### C. Defendants' Motion for Summary Judgment of Non-Infringement

At least as early as the June 10, 2011 initial case management conference before the Honorable Jeremy Fogel (prior to the transfer of this case to this Court), Defendants informed Nazomi of their intent to seek early summary judgment on the issue of whether the claims of the '362 and '436 patents require that ARM technology be enabled in the accused products to practice the patents. Specifically, during that case management conference, counsel for ARM, Ltd., who is a party in the related case *Nazomi Communications, Inc. v. Nokia et al.* (5:10-cv-4686-RMW) ("*Nazomi I*") and who has since intervened in the present action, informed the Court of Defendants' intention to file an early motion for summary judgment of non-infringement of the '362 and '436 patents.

On November 18, 2011, the Court held a further case management conference in this case. Prior to that conference, on November 16, 2011, the parties submitted a further Case Management Statement. Dkt. No. 127. In that Case Management Statement, ARM again raised the issue with the Court of an early summary judgment motion and requested leave to file that motion. Dkt. No. 127 at 7.

After the Court set a briefing schedule, on February 10, 2012, defendants in *Nazomi I* (Sling Media Inc. ("Sling"), Western Digital Corporation and Western Digital Technologies Inc. (collectively, "Western Digital")) filed a motion for summary judgment of non-infringement of the '362 and '436 patents. *Nazomi I*, Dkt. No. 334. Plaintiff did not file a substantive opposition, but rather sought relief under Fed. R. Civ. P. 56(d). *Nazomi I*, Dkt. No. 335 at 3.

On March 14, 2012, the Court issued an order in *Nazomi I* denying the motion without prejudice. *Nazomi I*, Dkt. No. 335. In denying Western Digital and Sling's motion, the Court held that "whether plaintiff's asserted claims require actual or mere capability of processing stack-based instructions is a claim construction issue." *Id.* at 3. Further, with respect to Nazomi's discovery request, the Court stated that it would set a schedule for "specific discovery that needs to be completed in order to oppose the motion." *Id.* at 6. The Court set a further case management conference to discuss these issues.

On March 23, 2012, the parties filed a further Case Management Statement setting forth

the parties' proposals for early summary judgment motions. Dkt. No. 163 at 7. On April 16, 2012, after a further case management conference was held concerning the issue of an early *Markman* hearing and summary judgment motion, the Court issued an order setting an early *Markman* hearing and setting a briefing schedule for defendants to:

> re-file their pending motion for summary judgment based upon their contention that the accused products cannot perform the recited functions without modification because the claims-at-issue require that the patented processing unit or system perform the recited functions without modification and their accused products do not or cannot do so.

Dkt. No. 173 at 2. The Court also set a date for an early *Markman* and motion for summary judgment hearing on these issues for August 9, 2012. *Id.* In that Order, the Court also noted that "scope of discovery is not limited at this time, but ***the parties are cautioned to focus on issues relevant to the initial, limited claim construction issue and pending motion for summary judgment*** related thereto as that discovery must be completed by July 18, 2012." *Id.* at 3 (emphasis added).

### III. ARGUMENT

#### A. The Motion To Compel Information Regarding Samsung Products With "An ARM Processor Core With Jazelle" Is Premature In Light Of The Court's Early *Markman* And Summary Judgment Schedule.

The relief requested in Nazomi's Motion to Compel is premature in light of the Court's April 16, 2012, Order setting a schedule for an early *Markman* briefing schedule and hearing and permitting defendants to file a motion for summary judgment of non-infringement. Dkt. No. 173. Specifically, Nazomi argues that Samsung should be required to produce information and documents, including source code, for any Samsung products equipped with: "(1) an ARM processor core with Jazelle; and/or (2) the Dalvik Virtual Machine." Motion at 1. Nazomi's request for all products containing "an ARM processor core with Jazelle" relates only to the '362 and '436 patents and is an attempt to circumvent the Court's April 16, 2012, Order regarding defendants' renewed motion for summary judgment that will be filed on June 29, 2012. Dkt. No. 173 at 3.

The issue that Defendants sought leave of Court to brief is whether defendants' products

1   cannot infringe as a matter of law because they are not "capable of" processing stack-based
2   instructions. *Nazomi I*, Dkt. No. 329 at 12. The Court determined, in denying Western Digital
3   and Sling's motion for summary judgment without prejudice, that this issue is one that requires
4   claim construction. The purpose of the early *Markman* hearing and motion for summary
5   judgment is to narrow the issues before the Court and prevent the unnecessary litigation of
6   irrelevant issues. However, Nazomi's Motion to Compel seeks to subvert this goal by
7   prematurely requiring Samsung to collect and produce information regarding all of its products, if
8   any, that have an ARM core processor with Jazelle, whether or not Jazelle is enabled. However,
9   if Defendants are successful in their motion for summary judgment of non-infringement, then
10  only the likely small number of Samsung products that contain an ARM core processor in which
11  Jazelle <u>is enabled</u> will be relevant to this case for the '362 and '436 patents. Under Rule 26(b)(1),
12  Nazomi does not have a right to seek discovery regarding products that <u>cannot infringe as a</u>
13  <u>matter of law</u> and those products would not be "reasonably similar" as Nazomi argues in its
14  Motion. Accordingly, the Court should withhold its ruling on this portion of Nazomi's Motion to
15  Compel until that issue has been resolved.[1] Fed. R. Civ. P. 26(b)(1); *see also Funai Elec. Co.,*
16  *Ltd. v. Orion Elec. Co., Ltd.*, 2002 WL 1808419, at *3, *7-8 (S.D.N.Y. Aug. 7, 2002) (denying
17  motion to compel Funai to respond to document requests relating to "technical aspects of current
18  Funai products that are not related to any claim in this case").

19  Moreover, it would be prejudicial and overly burdensome to require Samsung to
20  prematurely collect information regarding Samsung products in which Jazelle is not enabled. In
21  the Court's April 16, 2012, Order, it noted that "the parties are cautioned to focus on issues
22  relevant to the initial, limited claim construction issue and pending motion for summary
23  judgment." Dkt. No. 173 at 2. Nazomi's Motion to Compel does not state, because it cannot, any
24  reason why it is necessary for Samsung to provide information regarding Samsung products in
25  which Jazelle is not enabled to defend against Defendants' motion for summary judgment. As
26  such, Nazomi's request is premature and the Court should deny the Motion to Compel without

---

[1] Nazomi admits that Samsung has produced relevant information and source code that Nazomi has requested in its Motion to Compel for all of the products identified in Nazomi's Infringement Contentions. Motion at 3 n.1

prejudice to Nazomi to refiling its motion after the Court has issued an order on defendants' motion for summary judgment, should the issues be relevant at that time.

### B. Samsung Is Willing To Produce Information Concerning Products That Contain The Dalvik Virtual Machine.

Nazomi's Motion to Compel also requests that Samsung produce information and source code for Samsung products that include the "Dalvik Virtual Machine." This request relates to Nazomi's allegations of infringement for United States Patent No. 6,338,160 ("the '160 patent"). Although Samsung believes that Nazomi's request for information and documents relating to the '160 patent fails to adhere to the Court's April 16, 2012, Order, that "the parties are cautioned to focus on issues relevant to the initial, limited claim construction issue and pending motion for summary judgment," Samsung is willing to supplement its interrogatory responses within a reasonable period of time and provide additional relevant portions of non-public source code for its products that include the Dalvik virtual machine. In that regard, Samsung proposes that it produce this additional information on or before June 30, 2012.

### C. Nazomi's Requests For Information And Documents Are Overly Broad And Should Be Limited.

Samsung has provided the information requested in Interrogatory Nos. 1-3 and 15 for products identified in Nazomi's July 2011, Infringement Contentions. Fuehrer Decl., ¶¶5-6. However, as explained below, Nazomi's request that Samsung provide responses to Interrogatory No. 7 is inappropriate at this time because Nazomi has failed to identify the relevance of that interrogatory. Further, as explained below, Nazomi's request that Samsung produce "a complete copy of the source code compiled onto each Samsung device" is overly broad and unduly burdensome and should be limited to the production of non-public source code relevant to the accused functionality of Samsung's products.

First, Samsung opposes Nazomi's Motion to Compel to the extent that Nazomi seeks a complete copy of Samsung's source code under Request No. 16 for every accused product because that is unduly burdensome and requests information irrelevant to this case. Because source code is a trade secret, it is Nazomi's burden to establish that "the disclosure of the source code is both relevant and necessary to the action." *Synopsys, Inc. v. Nassda Corp.*, 2002

1 WL 32749138, *1 (N.D. Cal. Sept. 16, 2002) (citing *Coca–Cola Bottling Co. of Shreveport, Inc.*
2 *v. Coca–Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985)). Accordingly, because Nazomi cannot
3 identify any reasonable need for a complete copy of Samsung's source code for each accused
4 product, Samsung should only be required to produce portions of its source code that are relevant
5 to the technology at issue in the patents-in-suit. Moreover, because Samsung's accused products
6 utilize Google's Android operating system, the only source code that is not already publicly
7 available to Nazomi is that code where Samsung has modified the public version of Android.

8 Contrary to Nazomi's claims in its Motion to Compel, it would be extremely burdensome
9 to require Samsung to collect a complete copy of all source code for every accused product in this
10 case because Nazomi has already identified approximately 40 accused products and seeks
11 discovery concerning many more. Samsung has offered non-public, relevant portions of source
12 code for inspection for other products in this case and Nazomi has inspected that source code.
13 Fuehrer Decl., ¶¶3-4, Ex. A. Therefore, the scope of Samsung's source code production is
14 appropriate and Samsung should not be required to produce irrelevant public source code for each
15 accused product.

16 Second, Samsung opposes Nazomi's Motion to Compel as irrelevant and premature to the
17 extent that Nazomi seeks an order compelling Samsung to identify the first, last, and time period
18 during which each product was imported, made, used (including any test use), sold or offered for
19 sale in the United States. Durell Decl., ¶4, Ex. B at 5. Samsung will produce relevant sales
20 information at the appropriate time that will disclose any relevant information regarding when,
21 and for how long, the accused products have been sold. Moreover, for reasons stated above, it
22 would be burdensome to require Samsung to collect this information for products that may be
23 irrelevant if defendants are successful in their upcoming motion for summary judgment.

24 Nazomi makes no attempt in its Motion to Compel to explain why it requires the
25 information sought in Interrogatory No. 7 at this time. Moreover, Nazomi has not requested that
26 Samsung provide the information identified in Interrogatory No. 7 since Nazomi's September 27,
27 2011, meet and confer letter to Samsung, nor has Nazomi previously provided any reason why
28 such information is relevant to its determination of infringement. Durell Decl., Ex. C.

### D. Nazomi's Motion to Compel Should Be Denied Because Nazomi Has Not Complied With The Local Rules.

Nazomi's Motion to Compel also should be denied because Nazomi has failed to comply with the requirements of Local Rule 37-2, which requires:

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied.

Nazomi's Motion to Compel fails to set forth the language of each of the interrogatories and request for production for which Nazomi seeks to compel responses from Samsung. Moreover, Nazomi fails to attach, let alone set forth in its Motion, Samsung's responses and objections to each of these discovery requests. Nazomi's Motion also fails to set forth the relevant time period for which it seeks discovery of additional products. Accordingly, Nazomi has failed to comply with the Local Rules and this Motion may be denied on that ground alone.

## IV. **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court withhold ruling on Nazomi's Motion to Compel until after the Court has issued an order on defendants' renewed motion for summary judgment that will be filed on June 29, 2012, should the issues be relevant at that time, concerning Nazomi's request for information and source code regarding products that include an ARM processor core with Jazelle. Samsung is willing to supplement its interrogatory responses within a reasonable period of time and provide additional relevant portions of non-public source code for its products that include the Dalvik virtual machine and proposes that it produce this additional information on or before June 30, 2012. Samsung further requests that the Court deny Nazomi's request to compel Samsung to provide information responsive to Interrogatory No. 7 at this time and limit any requirement that Samsung produce source code to relevant and non-public portions of Samsung's source code.

Dated: May 3, 2012

                                        DLA PIPER LLP (US)

By */s/ Erik R. Fuehrer*
    MARK D. FOWLER
    JOHN HARRIMAN
    ROBERT BUERGI
    ERIK R. FUEHRER

Attorneys for Defendants
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, SAMSUNG
ELECTRONICS CO., LTD., and SAMSUNG
ELECTRONICS AMERICA, INC.