# EXHIBIT A

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129 (CA))
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
15
   Attorneys for SAMSUNG ELECTRONICS CO.,
16 LTD., SAMSUNG ELECTRONICS AMERICA,
   INC. and SAMSUNG
17 TELECOMMUNICATIONS AMERICA, LLC

18                    UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| 20 | APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
|---|---|---|
| 21 | Plaintiff, | **SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY** |
| 22 | vs. | |
| 23 | SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 24 | ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | **FILED UNDER SEAL** |
| 25 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | Date:   July 11, 2013 |
| 26 | Defendants. | Time:   1:30 p.m.<br>Place:  Courtroom 8, 4th Floor |
| 27 | | Judge:  Hon. Lucy H. Koh |
| 28 | | |

02198.51981/5315937.5

Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, to amend the Case Management Order issued by the Court on April 2, 2012 (Dkt. 160), to permit Samsung to amend its answer to Apple's counterclaims in reply after the deadline set for such an amendment, and to grant Samsung leave to amend its answer according to the proposed amended answer attached to this motion.   This motion is based on this notice of motion and supporting memorandum, the evidence cited therein, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

**RELIEF REQUESTED**

Samsung seeks an order (1) permitting Samsung to amend its answer to Apple's counterclaims in reply after the deadline set by the Case Management Order, and (2) granting Samsung leave to amend its answer.

DATED:   May 23, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Victoria F. Maroulis*
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

02198.51981/5315937.5

-2-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

    A. Apple's Counterclaims ............................................................................................ 2

    B. The Apple I Litigation ............................................................................................. 3

    C. The Parties' Settlement Negotiations ...................................................................... 5

    D. *Apple II* Schedule .................................................................................................... 5

III. LEGAL STANDARD ......................................................................................................... 5

    A. Amendment Under Rules 15 and 16 ....................................................................... 5

    B. Claim and Issue Preclusion ..................................................................................... 6

IV. ARGUMENT ....................................................................................................................... 7

    A. Good Cause Exists to Amend the Scheduling Order and Permit Samsung's Amendment Because the Court's *Apple I* JMOL Order Made Samsung's Defense Possible, the Parties' Negotiations Recently Broke Down, and No Disruption of the Case Schedule Will Occur ........................................................... 7

    B. Having Shown Good Cause, Leave to Amend Should Be Granted Freely, and Samsung's Amendment Satisfies Rule 15 ....................................................... 9

V. CONCLUSION .................................................................................................................. 11

02198.51981/5315937.5

-i-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adams v. California Dept. of Health Services*,
  487 F.3d 684 (9th Cir. 2007) ................................................................................. 3, 9, 10

*Adams v. Washington*,
  No. C08-15RSM, 2008 WL 5119510 (W.D. Was. Dec. 3, 2008) ............................................ 11

*Aldan v. World Corp.*,
  267 F.R.D. 346 (D.N.M.I. 2010) .................................................................................. 6, 8

*Berlyn, Inc. v. Gazette Newspapers, Inc.*,
  214 F. Supp. 2d 530 (D. Md. 2002) .................................................................................. 9

*C.F. v. Capistrano Unified School Dist.*,
  656 F. Supp. 2d 1190 (C.D. Cal. 2009) ....................................................................... 6, 7, 8

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ......................................................................................... 6

*Griggs v. Pace Am. Group, Inc.*,
  170 F.3d 877 (9th Cir. 1999) ........................................................................................... 6

*Hartsel Springs Ranch of Col., Inc. v. Bluegreen Corp.*,
  296 F.2d 982 (10th Cir. 2002) ......................................................................................... 3

*Johnson v. Mammoth Recreations, Inc.*,
  975 F.2d 604 (9th Cir. 1992) ........................................................................................... 7

*Jones v. Marriott Hotel Services, Inc.*,
  No. C 12-00587, 2013 WL 593656 (N.D. Cal. Feb. 14, 2013) ........................................... 6, 8, 9

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ......................................................................................... 6

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1990) ......................................................................................... 6

*Navarro v. Eskanos & Adler, No. C 06-02231*,
  2006 WL 3533039 (N.D. Cal. Dec. 7, 2006) .................................................................... 6, 8

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ..................................................................................... 10, 11

*Paulo v. Holder*,
  669 F.3d 911 (9th Cir. 2011) ........................................................................................... 7

*Rants v. WHPacific Inc.*,
  No. C10-05273, 2010 WL 4622164 (W.D. Was. Nov. 4, 2010) ............................................ 6, 8

02198.51981/5315937.5

-ii-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

*Rebel Oil Co. v. Atl. Richfield Co.*,
 51 F.3d 1421 (9th Cir. 1995).................................................................................................9

*Rhoades v. Avon Prods.*,
 504 F.3d 1151 (9th Cir. 2007).................................................................................................5

*Rivera v. Anaya*,
 726 F.2d 564 (9th Cir. 1984)................................................................................................11

*Stewart v. U.S. Bancorp*,
 297 F.3d 953 (9th Cir. 2002)...................................................................................................7

*United States v. Webb*,
 655 F.2d 977 (9th Cir. 1981)................................................................................................11

*Weiner v. Original Talk Radio Network,*
 C 10-5785 SI, 2011 WL 873246 (N.D. Cal. Mar. 14, 2011) .....................................................5

**Statutes**

Fed. R. Evid. 408......................................................................................................................................5

02198.51981/5315937.5

-iii-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

I.  **INTRODUCTION**

Samsung seeks to amend its Answer and Affirmative Defenses to Apple Inc.'s First Amended Counterclaims in Reply ("Answer to Apple's Reply") to update its claim splitting defense to allege claim preclusion (i.e., res judicata) and issue preclusion (i.e., collateral estoppel). Samsung based its claim-splitting defense on Apple's simultaneous assertion of antitrust and FRAND-related breach of contract claims in this litigation and in the earlier-filed action between these parties before this Court.   Samsung's claim splitting defense has now matured into a defense of preclusion because the jury in that case found in Samsung's favor and, more recently, the Court denied Apple's JMOL on these claims.

Samsung's motion for leave to amend will aid the Court in streamlining this case.   There is no reason the Court and the jury should have to sit through a retrial of Apple's complex technology market-based antitrust claims, and related breach of contract claims, to the extent that preclusion can be demonstrated.   Permitting Samsung to raise preclusion can only simplify the trial dramatically and potentially eliminate the need to call numerous witnesses on both sides.   It would also permit the parties to reduce the discovery they would otherwise need to take and thereby eliminate discovery disputes that the Court would otherwise need to resolve.

Good cause under Rule 16 exists to amend the current Case Management Order to allow Samsung's amendment.   Samsung prudently waited until after the Court considered and ultimately rejected Apple's JMOL motion, holding that Apple was not entitled to judgment as a matter of law on its breach of contract and antitrust claims.   In addition, from December 2012 through March 2013, Apple had engaged with Samsung in what ultimately proved to be fruitless licensing and settlement discussions.   Moreover, entry of the requested amended pleading will permit efficient adjudication of this action.   The proposed amendment does not require any adjustment to the case schedule, will not require discovery, and offers the prospect of conserving the Court's resources by reducing the issues that need to be tried.

Samsung's amendment is also appropriate under Rule 15 because (1) there is no undue delay, bad faith, or dilatory motive on Samsung's part, (2) the amendment will not be futile, and (3) Apple will not be prejudiced by the amendment.

02198.51981/5315937.5

-1-

Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

1  Accordingly, Samsung respectfully requests that the Court amend the Case Management
2  Order and grant Samsung leave to amend its answer.

3  II.  **STATEMENT OF FACTS**

4  **A.  Apple's Counterclaims**

5  Apple first sued Samsung in this Court, alleging patent infringement, in April 2011.   No.
6  11-cv-1846-LHK-PSG ("*Apple I*").   Samsung's counterclaims for patent infringement included
7  seven patents that it had previously declared were or might become essential to the UMTS
8  standard promulgated by ETSI.   Apple filed counterclaims in reply, alleging that Samsung
9  breached contractual obligations to timely disclose intellectual property rights ("IPR") to ETSI,
10 breached contractual obligations to license its UMTS-related patents to Apple on fair, reasonable,
11 and non-discriminatory ("FRAND") terms and conditions, and violated Section Two of the
12 Sherman Act.   *Apple I*, Dkt. 381.

13 Apple filed this second action ("*Apple II*") on February 8, 2012.   Following Samsung's
14 assertion of patent infringement for two additional patents that had been declared as potentially
15 essential to UMTS, Dkt. 107, Apple again asserted counterclaims in reply.   Dkt. 262.   Apple's
16 relevant counterclaims in this case are nearly identical to counterclaims that were tried to the jury
17 in *Apple I* and uniformly rejected.   For example:

- Apple's Seventeenth Counterclaim ("Breach of Contract – FRAND and Other Standard-Related Misconduct") is substantially identical to its Twenty-Fifth Counterclaim in *Apple I*.   Compare *Apple II*, Dkt. 262, at 56, *with Apple I*, Dkt. 381, at 78.

- Apple's Eighteenth Counterclaim ("Declaratory Judgment that Apple is Entitled to a License to Samsung's Declared-Essential Patents") is substantially identical to its Twenty-Seventh Counterclaim in *Apple I*.   Compare *Apple II*, Dkt. 262, at 56, *with Apple I*, Dkt. 381, at 80.

- Apple's Nineteenth Counterclaim ("Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2") is substantially identical to its Twenty-Eighth Counterclaim in *Apple I*.   Compare *Apple II*, Dkt. 262, at 57, *with Apple I*, Dkt. 381, at 80.

- Apple's Twentieth Counterclaim ("Unfair Competition Under Cal. Bus. & Prof. Code § 17200 ") is substantially identical to its Twenty-Ninth Counterclaim in *Apple I*. *Compare Apple II*, Dkt. 262, at 60, *with Apple I*, Dkt. 381, at 82.

In connection with each of these counterclaims, Apple contended that Samsung had failed to license its declared-essential UMTS patents on fair, reasonable, and non-discriminatory ("FRAND") terms. *Apple I*, Dkt. 381, at 78. The substance of these allegations was that Samsung's offers for a license to its entire UMTS declared-essential patent portfolio, which included the declared-essential patents asserted in *Apple I*, were not FRAND.

In view of this duplication, Samsung pled its Twentieth Affirmative Defense, Splitting a Cause of Action, which stated: "Apple's Amended Counterclaims in Reply are barred, in whole or in part, because Apple has asserted the same claims for relief in multiple lawsuits." *See, e.g.*, *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688-89 (9th Cir. 2007); *Hartsel Springs Ranch of Col., Inc. v. Bluegreen Corp.*, 296 F.2d 982, 987 n.1 (10th Cir. 2002) ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."). Samsung now seeks to clarify that at least some of those claims have been finally adjudged, have preclusive effect in this litigation, and should not be retried.[1] (Wall Decl. Ex. 3.)

**B.   The *Apple I* Litigation**

Before trial in *Apple I*, prompted by the Court's request that the parties voluntarily narrow the scope of the issues to be tried, Samsung dismissed its claims for infringement of five of the asserted declared essential UMTS patents. *Apple I*, Dkt. 981. In response, Apple initially refused to restrict its breach of contract or antitrust counterclaims to the remaining asserted UMTS patents. Pressed by the Court to explain why it would not narrow its case when Samsung had, counsel for Apple explained: "The antitrust claim is a *single claim* of a monopolistic scheme. There were seven standard essential patents asserted against us, all of which had the same pattern

---

[1] Rather than burden the Court with this motion, Samsung requested that Apple stipulate to the proposed amendment. (Wall Decl. Ex. 4.) Apple declined to do so. (*Id.* Ex. 5.)

02198.51981/5315937.5

-3-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

1  and practice of nondisclosure . . . It's a *single* monopolistic scheme. It's not seven different
2  monopolistic schemes."   Wall Decl. Ex. 1 (*Apple I*, 7/18/12 H'ng Tr.) at 142:8-11, 143:22-23
3  (emphasis added).   Apple, however, eventually dismissed its contract and antitrust counterclaims
4  with reference to patents Samsung did not assert at trial and attempted to establish at trial this
5  alleged single monopolistic scheme based on the two remaining declared essential patents-in-suit.
6  *Apple I*, Dkt. 1880.

7       *Apple I* was tried to a jury from July 30 to August 21, 2012, and the jury rendered its
8  verdict on August 24, 2012.   With respect to the single monopolistic scheme at the heart of
9  Apple's counterclaims in reply, the jury was asked:

- Has Apple proven by a preponderance of the evidence that Samsung breached its contractual obligations by failing to timely disclose its intellectual property rights ("IPR") during the creation of the UMTS standard or by failing to license its "declared essential" patents on fair reasonable and non-discriminatory ("FRAND") terms?
- Has Apple proven by a preponderance of the evidence that Samsung has violated Section 2 of the Sherman Antitrust Act by monopolizing one or more technology markets related to the UTMS standard?

18  The jury answered "NO" to each question and stated that Apple was not entitled to any award on
19  its claims.   *Apple I*, Dkt. 1931, at 19.   Importantly, the jury unequivocally found that Samsung
20  had not breached any contractual obligation, and had not monopolized any properly defined
21  market.   These questions are at the heart of Apple's current counterclaims since (1) Apple relies
22  on the exact same negotiation offers between Samsung and Apple in contending that Samsung is
23  liable for breach of contract and (2) in connection with its antitrust claims, Apple contends that
24  Samsung's conduct during these same negotiations constitutes anticompetitive conduct.

25       The Court subsequently set a schedule for post-trial proceedings.   Apple moved for
26  judgment as a matter of law on its breach of contract and antitrust claims on September 21, 2012,
27  after the deadline for amending pleadings in the instant action passed.   The Court heard Apple's
28  motion on December 6, 2012, and denied the motion on January 29, 2013.   *Apple I*, Dkt. 2219.

02198.51981/5315937.5
-4-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER

### C. The Parties' Settlement Negotiations

[redacted]

### D. *Apple II* Schedule

The Court issued a Case Management Order in the instant case on May 2, 2012. Dkt. 160. That Order set a deadline of August 31, 2012 to amend pleadings. Currently, fact discovery is set to end on July 8, expert discovery will run from July 26 to August 30, and trial is to begin on March 31, 2014. On April 24, 2013, the Court issued another Case Management Order setting out requirements for the parties to streamline the case before trial. Dkt. 471.

## III. LEGAL STANDARD

### A. Amendment Under Rules 15 and 16

Federal Rule of Civil Procedure 15 usually governs the amendment of pleadings. Under Rule 15, a district court "shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting FRCP 15(a)). This policy is to be applied "with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether leave to amend is appropriate, the district court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

---

[2] Samsung does not submit these negotiations in order to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" and they are therefore admissible. Fed. R. Evid. 408. In any event, the Court is entitled to consider such evidence for purposes of this motion, even if it is not ultimately admissible. *Rhoades v. Avon Prods.*, 504 F.3d 1151, 1161 (9th Cir. 2007) ("[S]tatements made in settlement negotiations are only excludable under the circumstances protected by the Rule."); *Weiner v. Original Talk Radio Network*, C 10-5785 SI, 2011 WL 873246, at *4 n.3 (N.D. Cal. Mar. 14, 2011) (considering settlement evidence on motion to compel arbitration).

1    When a court enters a scheduling order setting a deadline for the amendment of pleadings, a motion for leave to amend an answer is in essence a motion to amend the scheduling order, and is governed by Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16(b), a showing of "good cause" is required in order to justify amending a case scheduling order. The good cause inquiry focuses on the diligence of the moving party. *Id.*

Courts find good cause to amend when the facts necessary to sustain the amendment were not known at the time the deadline passed. *Navarro v. Eskanos & Adler*, No. C 06-02231, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006). Courts also find good cause to grant leave to amend when the party seeking leave to amend was engaged in sincere settlement efforts that subsequently broke down, *Aldan v. World Corp.*, 267 F.R.D. 346, 358 (D.N.M.I. 2010) (finding good cause despite a delay of several months), or when it is not apparent that the contemplated defense will be successful until after the deadline for amendment passes. *C.F. v. Capistrano Unified School Dist.*, 656 F. Supp. 2d 1190 (C.D. Cal. 2009). Finally, consistent with the purpose of Rule 16(b), to "facilitate judicial control over a case and to set a schedule for pretrial steps," courts may exercise their discretion to modify the case schedule when the proposed amendment will create no "meaningful issues of case management and [will] not impair the efficient adjudication of the action." *Rants v. WHPacific Inc.*, No. C10-05273, 2010 WL 4622164, at *2 (W.D. Was. Nov. 4, 2010); *see also Jones v. Marriott Hotel Services, Inc.*, No. C 12-00587, 2013 WL 593656 (N.D. Cal. Feb. 14, 2013).

After determining that good cause exists to amend the scheduling order, the moving party must demonstrate that the amendment is also proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

**B.    Claim and Issue Preclusion**

The doctrine of claim preclusion "prohibits lawsuits on any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955 (9th Cir. 2002) (internal quotations omitted). Claim preclusion applies when there exists: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.* Issue preclusion prohibits relitigation of issues necessary to the prior decisions of a court or jury.

Issue preclusion applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding." *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011).

## IV.   ARGUMENT

### A.   Good Cause Exists to Amend the Scheduling Order and Permit Samsung's Amendment Because the Court's *Apple I* JMOL Order Made Samsung's Defense Possible, the Parties' Negotiations Recently Broke Down, and No Disruption of the Case Schedule Will Occur

Good cause to amend is present here because the Court's decisions on judgment as a matter of law did not issue until January 29, 2013, five months after the deadline to amend pleadings. It was prudent for Samsung to await the Court's judgment on the *Apple I* JMOL motions, as they substantially determined the likelihood of Samsung's success on a preclusion defense. Had the Court reversed or vacated the jury's verdict on Apple's contract and antitrust claims, Samsung would have had no basis to pursue preclusion.

Courts have granted motions for leave to amend even after the passing of a deadline where the party waited for a ruling that would have a material impact on the success of the defense that would be the subject of the amendment. In *C.F. v. Capistrano Unified School District*, a student asserted a claim for relief for violation of his First Amendment rights because of statements made by his European History teacher, alleged to be hostile to religion. 656 F. Supp. 2d at 1191. After the court found in ruling on a motion for summary judgment that only one statement made by the teacher violated the Establishment Clause, defendants moved for leave to amend to assert a qualified immunity defense. *Id.* at 1193. The Court found good cause to amend under Rule 16(b) because, although the facts of the case permitted the assertion of the defense before the deadline, the summary judgment order was "difficult to predict, [and] made it far more likely that [the defendants] would succeed on a qualified immunity defense." *Id.* Here, as in *Capistrano*, the Court's JMOL order, issued months after the deadline for amending pleadings in this case,

02198.51981/5315937.5

-7-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

1  made it "far more likely" that Samsung will succeed on a preclusion defense, and good cause to
2  amend the scheduling order exists.
3      Indeed, good cause is also present because ████████████████████████
4  ████████████████████████████████████████████████████████████████████████
5  ████████████  ██████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████
8  ████████████████████████████████ *(Id.)* As in *Alden v. World Corp.*, where the
9  court modified the scheduling order after the deadline because waiting on settlement negotiations
10 was a "judicious decision about allocating or saving resources," 267 F.R.D. at 368, it was in the
11 interest of both parties and the Court to await the results of settlement negotiations between
12 Samsung and Apple before amending Samsung's answer to Apple's counterclaims in reply.
13     Finally, the Court enjoys broad discretion to modify the scheduling order and control the
14 Court's docket, especially where doing so creates no delay or other case management issues.  In
15 *Rants v. WHPacific Inc.*, the court modified its scheduling order to allow the plaintiff to add two
16 additional defendants to the case.  2010 WL 4622164, at *2.  Even though the plaintiffs knew
17 the information necessary to make the amendment in May, they did not request leave until
18 September, after the August deadline for amendment passed.  *Id.*  But because the amendment
19 would not "impair the efficient adjudication of the action," and would "prevent the potential for
20 multiple lawsuits," good cause existed to modify the scheduling order.  *Id.*  Further, in *Jones v.*
21 *Marriott Hotel Services, Inc.*, Judge Alsup modified his scheduling order to allow the plaintiff to
22 seek leave to file an amended complaint (filed previously without leave), despite a five-month
23 delay after the deadline expired, because the amendment would not be futile.  2013 WL 593656,
24 at *2.
25     As in *Rants* and *Jones*, permitting Samsung to clarify that its claim splitting defense has
26 matured into a preclusion defense will cause no disruption of the case schedule and will create no
27 delay or other management issues.  Samsung's preclusion defense will require no discovery to
28 evaluate; even were discovery necessary, Apple has had ample opportunity to pursue it with

1  respect to Samsung's claim splitting defense, which uses an identical legal test.  *Adams v. Calif.*
2  *Dept. of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) ("To determine whether a suit is
3  duplicative, we borrow from the test for claim preclusion.").

4       Granting Samsung's motion for leave to amend will be consistent with Court's orders to
5  streamline this case.  (Dkt. 471 (limiting the parties to 15 opening expert reports and 12 testifying
6  experts); Dkt. 394 at 2 ("the Court will require the parties to streamline the issues raised in this
7  action significantly"); Wall Decl. Ex. 2 (2-21-2013 Hrg. Tr.) at 5 ("so we're going to have a more
8  focussed [sic] and streamlined case if this doesn't get stayed.").  Apple's antitrust counterclaims
9  complicate this case.  These claims require proof of a relevant antitrust market, which is "crucial"
10 to the analysis but "no simple task."  *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th
11 Cir. 1995);  *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 537 (D. Md. 2002).
12 Apple's breach of contract claims require the jury to evaluate bilateral negotiations between two of
13 the world's largest electronics companies, determining whether those negotiations violated
14 contractual obligations imposed by a standards body governed by French law.

15      In *Apple I*, Apple called three experts to testify on issues relating to its breach of contract
16 and antitrust counterclaims.  These counterclaims also required burdening the Court and jury
17 with ten complicated jury instructions.  *Apple I*, Dkt. 1893.  Samsung's preclusion defense
18 would significantly reduce this unnecessary burden on the Court and the jury, and streamline the
19 case in the manner desired by the Court.  (Dkt. 471.)

20     **B.**    **Having Shown Good Cause, Leave to Amend Should Be Granted Freely, and Samsung's Amendment Satisfies Rule 15**

22      There is a reasonable basis for Samsung to assert preclusion against Apple's contract and
23 antitrust claims in this case.  None of the factors to consider—bad faith, undue delay, prejudice to
    the opposing party, and/or futility—counsel against permitting Samsung leave to amend.

25      Apple would face no prejudice as a result of Samsung's proposed amendment.  Rather
26 than cause prejudice, Samsung's amendment will potentially save substantial resources of both the
    parties and the Court, in expressly permitting Samsung to raise, consistent with its previously-pled
28 claim splitting defense, that certain FRAND-related issues and claims should not be retried,

1  thereby avoiding unnecessary retrial of claims that Apple has already litigated and had adjudged.

2  *See Owens*, 244 F.3d at 713 (finding assertion of preclusion non-prejudicial because it would have

3  been dispositive of the case from the outset, and would not cause the non-moving party to incur

4  additional legal expenses).   Indeed, Samsung has already pled a claim splitting defense, which

5  relies on a test identical to the claim preclusion inquiry.   *Adams*, 487 F.3d at 689.   Accordingly,

6  Samsung's request for leave to assert claim and issue preclusion as part of this claim should come

7  as no surprise to Apple.

8  Samsung's amendment will not be futile.   Both claim preclusion and issue preclusion

9  require that there is a final judgment on the merits and identity or privity between parties.   There

10 can be no dispute that judgment on Apple's counterclaims in *Apple I* is final and that the parties to

11 the two litigations are identical.   Thus, the remaining question is whether there an identity of

12 claims (in the case of claim preclusion) or issues pending in the second litigation that were

13 necessarily decided in the first litigation (issue preclusion).

14 Apple is seeking to re-litigate an identical claim that Samsung violated Section Two of the

15 Sherman Antitrust Act.   *Compare Apple II*, Dkt. 262, at 57, *with Apple I*, Dkt. 381, at 80.

16 Although different patents are at issue in *Apple II*, counsel for Apple has already represented to the

17 Court that there is only a "*single* monopolistic scheme" that Apple accuses Samsung of engaging

18 in.   Wall Decl. Ex. 1 (*Apple I*, 7/18/12 H'ng Tr.) at 142:8-11, 143:22-23 (emphasis added).

19 Thus, there is also good basis to assert the defense of claim preclusion against Apple's

20 monopolization counterclaims.

21 At a minimum, there is no question under the specific factual circumstances at hand that

22 issue preclusion attached with regard to the issues of whether Samsung breached its contractual

23 obligations to ETSI or violated Section 2 of the Sherman Antitrust Act by failing to license its

24 declared-essential patents on FRAND terms.   Apple's allegations in both cases focus on the

25 negotiations between the two parties, which involve the same offers to license Samsung's UMTS

26 declared-essential patent portfolio.   Thus, Apple is seeking to re-litigate the identical issues that

27 Samsung breached FRAND obligations by allegedly failing to offer Apple a FRAND license in

28

02198.51981/5315937.5

-10-  Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

pre-suit negotiations.   *Compare Apple II*, Dkt. 262, at 40, 56, *with Apple I*, Dkt. 381, at 56-57, 78. The jury clearly and necessarily rejected Apple's claims by answering "No" to the question

> Has Apple proven by a preponderance of the evidence that Samsung breached its contractual obligations by failing to timely disclose its intellectual property rights ("IPR") during the creation of the UMTS standard or by failing to license its "declared essential" patents on fair reasonable and non-discriminatory ("FRAND") terms?

*Apple I*, Dkt. 1931, at 19.   Accordingly, there is sound basis to assert that Apple is precluded from reasserting this claim.

Apple cannot plausibly claim that this amendment is made in bad faith.   Samsung properly waited until the Court had concluded that the jury's verdict would stand, and the latest round of licensing and settlement negotiations with Apple had failed.   Moving to amend the complaint at an earlier time would have wasted both the parties' and the Court's resources, particularly with Samsung's Rule 54(b) motion pending until recently.   Further, Samsung has not attempted to surprise Apple with respect to this defense and will supplement its interrogatory responses to account for it, and Apple will have a full opportunity to argue against it.

With respect to Rule 15, "delay alone – no matter how lengthy – is an insufficient ground for denial of leave to amend."   *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).   The Ninth Circuit has previously found it acceptable to amend and add a defense of preclusion in a motion for judgment on the pleadings after filing an answer, see *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), and on a motion for summary judgment, *Adams v. Washington*, No. C08-15RSM, 2008 WL 5119510, at *1 n.1 (W.D. Was. Dec. 3, 2008), *citing Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984), so long as the assertion does not prejudice the opposing party.   For the reasons set forth above, Samsung has not unduly delayed amending its claims and Apple will not be prejudiced by the amendment.

V.  **CONCLUSION**

Good cause to amend the case scheduling order exists, and leave to amend pleadings should be granted freely otherwise.   Samsung respectfully requests the Court enter an order

02198.51981/5315937.5

-11-   Case No. 12-CV-00630-LHK
SAMSUNG'S MOTION TO AMEND THE CASE MANAGEMENT ORDER
AND FOR LEAVE TO AMEND ITS ANSWER TO APPLE'S COUNTERCLAIMS IN REPLY

1  amending the case management order permitted Samsung to amend its pleadings and grant

2  Samsung leave to do so.

3

4  DATED:   May 23, 2013            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
5

6
                                    By   */s/ Victoria F. Maroulis*
7                                       Charles K. Verhoeven
                                        Kevin P.B. Johnson
8                                       Victoria F. Maroulis
                                        Michael T. Zeller
9
                                        Attorneys for SAMSUNG ELECTRONICS CO.,
10                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
11                                      TELECOMMUNICATIONS AMERICA, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28