# EXHIBIT 2

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4

 5

        APPLE INC., A CALIFORNIA          )   C-12-00630 LHK
 6      CORPORATION,                      )
                                          )   SAN JOSE, CALIFORNIA
 7                        PLAINTIFF,      )
                                          )   FEBRUARY 21, 2013
 8                 VS.                    )
                                          )   PAGES 1-179
 9      SAMSUNG ELECTRONICS CO., LTD.,    )
        A KOREAN BUSINESS ENTITY;         )
10      SAMSUNG ELECTRONICS AMERICA,      )
        INC., A NEW YORK CORPORATION;     )
11      SAMSUNG TELECOMMUNICATIONS        )
        AMERICA, LLC, A DELAWARE          )
12      LIMITED LIABILITY COMPANY,        )
                                          )
13                        DEFENDANTS.     )
                                          )
14                                        )
                                          )
15

16                      TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE LUCY H. KOH
17                    UNITED STATES DISTRICT JUDGE

18

19

20                       APPEARANCES ON NEXT PAGE

21

22

23      OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                    CERTIFICATE NUMBER 9595
24

25             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                    TRANSCRIPT PRODUCED WITH COMPUTER


                       UNITED STATES COURT REPORTERS
```

| | |
|---|---|
| 1 | MR. JOHNSON: RIGHT. |
| 2 | THE COURT: WE'LL TREAT THAT AS OUR -- THAT'LL BE OUR |
| 3 | DROP DEAD TIME. WE CAN STOP MID-SENTENCE AT 3:30. |
| 4 | OKAY. I SAW WHAT YOU ALL FILED AS FAR AS ACCUSED PRODUCTS |
| 5 | AND CLAIMS AND IT'S JUST TOO MUCH, SO WE'RE GOING TO HAVE A |
| 6 | MORE FOCUSSED AND STREAMLINED CASE IF THIS DOESN'T GET STAYED, |
| 7 | AND SO I'M GOING TO REQUIRE THAT YOU ALL LIMIT YOURSELVES TO 25 |
| 8 | PATENT CLAIMS TOTAL, EACH SIDE, AS WELL AS 25 ACCUSED PRODUCTS, |
| 9 | AND WE'LL KEEP NARROWING AND NARROWING. |
| 10 | BUT I WANT THIS TO BE DONE -- CAN YOU DO THAT RIGHT NOW OR |
| 11 | DO YOU NEED A CLAIM CONSTRUCTION RULING? I MEAN, YOU'VE |
| 12 | ALREADY BEEN LITIGATING THIS THING FOR OVER A YEAR. YOU'VE |
| 13 | ALREADY HAD A MINI TRIAL IN THE FORM OF A PRELIMINARY |
| 14 | INJUNCTION. YOU'VE ALREADY GONE UP ON APPEAL. YOU MUST KNOW |
| 15 | SOMETHING ABOUT WHAT'S YOUR BEST CASE. |
| 16 | MR. KREVITT: YOUR HONOR, IT CERTAINLY WOULD BE |
| 17 | HELPFUL TO HAVE A SENSE OF WHAT YOUR CLAIM CONSTRUCTION RULING |
| 18 | WILL BE. WE RECEIVED TENTATIVES LAST WEEK. WE MAY RECEIVE |
| 19 | ADDITIONAL GUIDANCE FROM YOUR HONOR TODAY OR IN THE NEAR |
| 20 | FUTURE. |
| 21 | WE WILL BE IN A POSITION TO MEET WHATEVER DEADLINE YOUR |
| 22 | HONOR SETS, OF COURSE, IN TERMS OF NARROWING THE NUMBER OF |
| 23 | CLAIMS, BUT WOULD REQUIRE -- OR AT LEAST WOULD REQUEST SOME |
| 24 | TIME WITHIN WHICH TO DO THAT. |
| 25 | THE COURT: AND WHAT IS THAT? BECAUSE I'M NOT GOING |

```
 1      TO DO A PROVE-IT-UP SUMMARY JUDGMENT MOTION LIKE I DID LAST
 2      TIME.  THAT IS JUST NOT HAPPENING.
 3           SO I'M GOING TO REQUIRE THAT THERE BE FURTHER NARROWING
 4      NOW, FURTHER NARROWING MAYBE BEFORE EXPERT DISCOVERY, AND
 5      FURTHER NARROWING BEFORE SUMMARY JUDGMENT.
 6           I'M NOT GOING TO HAVE A SUMMARY JUDGMENT THAT IS EVERYTHING
 7      UNDER A CIRCUS TENT.  IT'S NOT GOING TO BE LIKE THAT THIS TIME
 8      AROUND.
 9           SO YOU TELL ME.  HOW IS THIS CASE GOING TO GET MORE
10      FOCUSSED AND MORE STREAMLINED?
11                MR. KREVITT:  YOUR HONOR, IF WE CAN HAVE AN
12      OPPORTUNITY TO CONFER INTERNALLY AND CONFER WITH SAMSUNG, WE
13      MIGHT BE ABLE TO, WITHIN A SHORT PERIOD OF TIME, MAKE A
14      PROPOSAL TO YOUR HONOR BOTH WITH RESPECT TO TIMING AND SEQUENCE
15      CONCERNING THAT NARROWING.
16                THE COURT:  WELL, NO, BECAUSE I KNOW WHAT'S GOING TO
17      HAPPEN.  I'M GOING TO GET, LIKE, THREE FILINGS AND YOU'RE NOT
18      GOING TO REACH AN AGREEMENT.
19           I WANT TO KNOW, IT'S GOING TO BE 25 CLAIM TERMS -- 25
20      CLAIMS PER SIDE AND 25 ACCUSED PRODUCTS NOW IN THE MIDST OF --
21      YOUR FACT DISCOVERY CUT OFF IS IN JULY, SO YOU --
22                MR. JOHNSON:  MAYBE IF WE COULD JUST TAKE, EVEN
23      DURING THE BREAK TODAY, IF MR. KREVITT AND I CAN JUST CONFER
24      AND COME UP WITH A PROPOSED SCHEDULE THAT WE THINK MAKES SENSE,
25      WE CAN REPORT BACK TO YOU IN THE COURSE OF TODAY.
```

1      BUT I THINK IT WOULD BE HELPFUL TO AT LEAST TALK TO THE

2  OTHER SIDE A LITTLE BIT ABOUT WHAT THE PLANS ARE, BECAUSE I

3  COULD SEE, FRANKLY, BOTH SIDES DROPPING CLAIMS IN LIGHT OF SOME

4  OF YOUR HONOR'S -- DEPENDING ON WHAT YOUR HONOR IS GOING TO DO

5  ON CLAIM CONSTRUCTION, AND THAT MAY FURTHER HELP WINNOW IT

6  DOWN.

7      BUT I THINK COMING UP WITH A SCHEDULE BETWEEN THE TWO OF

8  US -- AND WE UNDERSTAND YOUR HONOR'S GUIDANCE.  IT'S NOT GOING

9  TO BE LIKE LAST TIME.  WE HAVE THAT IN MIND.

10     BUT AT LEAST TALKING TO THE OTHER SIDE ABOUT A PROPOSAL

11  EVEN FOR A FEW MINUTES DURING THE BREAK.

12          THE COURT:  WELL, MY ONLY CONCERN IS THAT THERE ARE

13  SO MANY CLAIMS THAT ARE IDENTIFIED IN YOUR FILINGS, AND I

14  UNDERSTAND THERE ARE EVEN MORE PATENTS OUT THERE THAT AREN'T

15  EVEN ON THIS LIST.  IS THAT CORRECT?  OR IS THIS THE ENTIRE

16  UNIVERSE OF THE CASE?

17          MR. LYON:  FOR THIS CASE, YOUR HONOR, THESE ARE THE

18  PATENTS.  WHAT APPLE SUBMITTED WAS THE EIGHT APPLE PATENTS THAT

19  ARE ASSERTED.  WE'RE ONLY DEALING WITH FOUR OF THOSE PATENTS

20  TODAY.

21          THE COURT:  ALL RIGHT.

22          MR. LYON:  BUT THERE ARE OTHER PATENTS.

23     THE OTHER THING, IF I MIGHT POINT OUT, I BELIEVE THERE'S A

24  CASE MANAGEMENT CONFERENCE ON THE COURT'S CALENDAR FOR THIS

25  CASE TOWARDS THE END OF MARCH.  PERHAPS WHAT WE COULD DO -- AND

```
1        I DON'T KNOW WHAT YOUR HONOR IS GOING TO BE ABLE TO DO AS FAR
2    AS ISSUING A MARKMAN RULING BEFORE THEN, BUT PERHAPS THAT WOULD
3    BE A GOOD TIME TO REVISIT THIS AND HAVE SOME DISCUSSION.
4         THAT WOULD GIVE US TIME TO TALK TO OUR CLIENTS, MAYBE
5    ASSESS THE CASE AND ASSESS WHATEVER GUIDANCE YOUR HONOR CAN
6    PROVIDE ON CLAIM CONSTRUCTION.
7              THE COURT:  WELL, YOU KNOW, ON THIS CASE, AS IT IS
8    CURRENTLY FRAMED, I'M REFUSING TO GO FORWARD ON THIS CASE.
9    OKAY?  SO I'M EITHER GOING TO VACATE EVERYTHING AND LET THIS
10   SIMMER FOR ABOUT FIVE YEARS AND YOU CAN COME BACK TO ME AFTER
11   THE APPEAL IS DECIDED, OR YOU'RE GOING TO NARROW THIS AND
12   STREAMLINE THIS, BECAUSE I REFUSE TO DO THIS.  OKAY?
13        SO I'M GOING TO REQUIRE THAT YOU NARROW THE NUMBER OF
14   PATENT CLAIMS PER SIDE TO 25 AFTER THE MARKMAN ORDER, AND THAT
15   YOU NARROW THE NUMBER OF ACCUSED PRODUCTS TO 25.  OKAY?
16        NOW, BEYOND THAT, WHEN WE MEET AGAIN AT OUR NEXT CASE
17   MANAGEMENT CONFERENCE, YOU CAN TELL ME HOW YOU'RE GOING TO
18   NARROW THAT FURTHER BEFORE EXPERT -- LET ME LOOK AT THE CASE
19   SCHEDULE.
20        SO YOU HAVE FACT DISCOVERY CUT OFF JULY 8, EXPERT
21   DISCOVERY IS JULY AND AUGUST, AND THEN YOU FILE DISPOSITIVE
22   MOTIONS IN SEPTEMBER.
23        SO WHAT I'M GOING TO REQUIRE, IF YOU DON'T STAY THE CASE,
24   IS A NARROWING OF THE CASE AFTER THE MARKMAN RULING; A FURTHER
25   NARROWING -- AND IT'S GOING TO BE A NARROWING THAT INCLUDES NOT
```

```
 1    ONLY PATENT CLAIMS AND ACCUSED PRODUCTS, BUT IT'S ALSO GOING TO
 2    INCLUDE PRIOR ART, OKAY?  EVERYTHING IS GOING TO BE NARROWED
 3    AND FOCUSSED.
 4         JUST TAKE YOUR BEST SHOTS.  I DON'T WANT A LOT OF SAUSAGE
 5    FILLER.
 6         SO YOU'RE GOING TO NARROW IT AGAIN BEFORE EXPERT
 7    DISCOVERY, AND YOU'RE GOING TO NARROW IT BEFORE SUMMARY
 8    JUDGMENT, AND THEN YOU'RE GOING TO NARROW IT FURTHER AGAIN
 9    AFTER DISPOSITIVE MOTIONS.  OKAY?
10         SO I JUST -- I WANT IT TO BE CLEAR THAT THIS IS GOING TO
11    BE A FOCUSSED AND STREAMLINED CASE.
12              MR. JOHNSON:  UNDERSTOOD, YOUR HONOR.  JUST SO
13    THERE'S NO MISINTERPRETATION, FROM OUR SIDE, WE INTEND TO MOVE
14    TO STAY AND WE HAVE -- WE WILL BE DOING THAT, AND YOUR HONOR
15    GAVE US UNTIL MARCH 7TH, I THINK, TO CONFER WITH THE OTHER SIDE
16    AND TALK ABOUT STAYING THE CASE, BUT WE DO THINK THIS CASE
17    OUGHT TO BE STAYED.
18              MR. KREVITT:  YOUR HONOR, WE -- WE'LL ADDRESS THAT AT
19    THE APPROPRIATE TIME, OR WE'RE HAPPY TO ADDRESS IT NOW.
20         IT'S OUR STRONG VIEW, OF COURSE, THAT THIS CASE SHOULD NOT
21    BE STAYED.
22         AS WE IDENTIFIED IN OUR LIST OF PRODUCTS THAT YOUR HONOR
23    REQUESTED, THERE'S NOT A SINGLE PATENT IN COMMON BETWEEN THIS
24    CASE AND THE 1846 CASE.  WITH THE EXCEPTION OF A FEW PRODUCTS,
25    FOUR OUT OF 23, THERE'S NOT A SINGLE PRODUCT IN COMMON.
```

```
 1         THE CASES HAVE NO OVERLAP OTHER THAN THE FACT THAT IT IS
 2   APPLE AND SAMSUNG AS THE PARTIES.  DIFFERENT PATENTS, DIFFERENT
 3   PRODUCTS, DIFFERENT ISSUES, AND THERE'S NO REASON THAT THIS
 4   CASE SHOULD BE STAYED IN LIGHT OF THE 1846 CASE.
 5        THERE'S NO REASON THAT THE 1846 CASE SHOULD HAVE ANY IMPACT
 6   ON THIS CASE GIVEN THAT, AS I SAID, IT IS DIFFERENT PATENTS,
 7   DIFFERENT PRODUCTS.
 8             THE COURT:  ALL RIGHT.  WELL, I WILL LOOK AT THAT
 9   WHEN IT'S FILED, AFTER YOU FILE YOUR STATUS REPORT AND THE
10   MOTION IS FILED.
11        IF THE CASE IS NOT STAYED, THOUGH, YOU CAN ASSUME THAT YOU
12   WILL BE DOING THIS NARROWING AND STREAMLINING AFTER THE MARKMAN
13   ORDER, BEFORE EXPERT DISCOVERY, BEFORE SUMMARY JUDGMENT, AND
14   AFTER SUMMARY JUDGMENT.
15        HOW MUCH TIME WILL YOU NEED AFTER THE MARKMAN ORDER TO
16   IDENTIFY THE 25 CLAIMS AND 25 ACCUSED PRODUCTS?
17             MR. JOHNSON:  YOUR HONOR, FROM OUR STANDPOINT, I
18   WOULD SAY ABOUT A WEEK.
19             MR. KREVITT:  WE WERE GOING TO SUGGEST TWO WEEKS,
20   YOUR HONOR.
21             THE COURT:  WE'LL SPLIT THE BABY AND DO TEN DAYS.
22   OKAY?  SO TEN DAYS AFTER THE MARKMAN ORDER, YOU'RE -- BOTH
23   SIDES WILL NARROW THIS CASE TO 25 PATENT CLAIMS PER SIDE, 25
24   ACCUSED PRODUCTS PER SIDE, WITH FURTHER NARROWING AT THREE
25   DIFFERENT SUBSEQUENT INFLECTION POINTS.
```