# EXHIBIT 4

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5022**

WRITER'S INTERNET ADDRESS
**victoriamaroulis@quinnemanuel.com**

May 21, 2013

<u>VIA E-MAIL</u>

William Lee                             Mark Selwyn
WilmerHale                              WilmerHale
60 State Street                         950 Page Mill Road
Boston, Massachusetts 02109             Palo Alto, California 94304

Re:     _Apple v. Samsung Electronics, et al., Case No. 12-CV-00630-LHK (N.D. Cal.)_

Dear Counsel:

In its Answer to Apple's Counterclaims in Reply, Samsung pled the defense of claim splitting, based on Apple's identical assertion of licensing-related claims between the 1846 and 0630 actions. Apple's claims in the 1846 action have now been litigated and finally decided. To reflect this, Samsung intends to amend its Answer to assert the defense of res judicata along with the defense of claim splitting. A redline showing Samsung's proposed amendment to its answer is attached hereto.  To avoid burdening the Court with unnecessary motion practice, Samsung asks that Apple stipulate to filing of this amendment. Please let us know by noon on Thursday, May 23, whether Apple will stipulate or will oppose Samsung's motion to amend its answer.

Very truly yours,

/s/ Victoria F. Maoulis

Victoria F. Maroulis

quinn emanuel urquhart & sullivan, llp

02198.51981/5326344.1ds ANGELES | NEW YORK | SAN FRANCISCO | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. ShieldsMichael L. Fazio (Bar No. 204739228601)
patrickshieldsmichaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>      Plaintiff and Counterclaim Defendant,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>      Defendants and Counterclaimants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO APPLE INC.'S FIRST AMENDED COUNTERCLAIMS IN REPLY;**<br><br>**DEMAND FOR JURY TRIAL** |

# I. ANSWER TO AMENDED COUNTERCLAIMS IN REPLY

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") by and through their undersigned counsel, in response to the First Amended Counterclaims in Reply of Apple Inc. ("Apple"), filed August 31, 2012 (D.I. 262) deny Apple's allegations of breach of contract, violation of the Sherman Act, unfair competition, and inequitable conduct, and answer as follows:

## RESPONSE TO INTRODUCTORY STATEMENT

1.      Samsung admits that Apple's pleading is styled as a responsive pleading under Fed. R. Civ. P. 12, but denies the defenses and counterclaims set forth therein.

2.      Samsung admits that Apple has responded to Samsung's Counterclaims, but denies that Apple's overview is accurate or appropriate.

3.      Denied.

4.      Samsung lacks knowledge sufficient to form a belief as to whether the Universal Telecommunications Standard ("UMTS") is the world's most widely adopted telecommunications standard and therefore denies the same.  Samsung admits that the European Telecommunications Standards Institute ("ETSI") promulgated UMTS.  Samsung admits that Samsung has identified the patent application that issued as the '087 Patent as IPR that is, or is likely to become, essential IPR in relation to an ETSI standard, and notified ETSI that Samsung is prepared to grant irrevocable licenses to that patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the standard, to the extent that it remains essential to that standard.  Samsung admits that Samsung has identified the '596 Patent as a patent that may be or may become essential in relation to at least one ETSI standard, and notified ETSI that Samsung is prepared to grant irrevocable licenses to that patent on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, to the extent that it is or becomes and remains essential in respect of that standard.  Samsung admits that Samsung provided a written declaration to ETSI that, with respect to the W-CDMA technology being elaborated by ETSI as a standard for

1   UMTS, Samsung is prepared to grant licenses to its essential IPRs on a fair, reasonable, and

2   non-discriminatory basis in accordance with the terms and conditions set forth in Clause 6.1 of the

3   ETSI IPR Policy.  Except as expressly admitted, Samsung denies the remaining allegations of

4   Paragraph 4.

5                   **RESPONSE TO AMENDED COUNTERCLAIMS IN REPLY**

6                           **NATURE OF THE ACTION**

7       1.      Denied.

8       2.      Samsung admits that Apple and Samsung discussed Apple's allegations of patent

9   infringement in late summer 2010.  Samsung admits that Samsung informed Apple of Apple's

10  infringement of Samsung's patents during those discussions.  Except as expressly admitted,

11  Samsung denies all other allegations set forth in Paragraph 2.

12      3.      Samsung admits that Apple sued Samsung in this Court, bringing claims that

13  included claims styled as patent, trade dress, and trademark infringement, in an action captioned as

14  *Apple Inc. v. Samsung Electronics Co., Ltd.*, et al., Case No. 11-cv-01846-LHK.  Samsung admits

15  that Samsung counterclaimed against Apple for infringement of certain Samsung patents.

16  Samsung admits that Apple filed counterclaims in reply asserting claims including claims styled as

17  breach of contract, promissory estoppel, violation of Section 2 of the Sherman Act, and unfair

18  competition.  Except as expressly admitted, Samsung denies all other allegations set forth in

19  Paragraph 3.

20      4.      Samsung admits that it filed counterclaims against Apple in this action for

21  infringement of certain Samsung patents.  Except as expressly admitted, Samsung denies all other

22  allegations set forth in Paragraph 4.

23      5.      Samsung admits that Samsung entities have sued Apple for patent infringement in

24  at least eight jurisdictions outside the United States.  Samsung admits that the European

25  Commission opened an investigation regarding EU competition laws, but denies that Samsung's

26  conduct violates any competition laws.  Except as expressly admitted, Samsung denies all other

27  allegations set forth in Paragraph 5.

28

6.      Samsung admits that Apple's Amended Counterclaims in Reply 1 through 16 are styled as claims for declaratory relief of non-infringement and invalidity.  Except as expressly admitted, Samsung denies all other allegations set forth in Paragraph 6.

7.      Samsung admits that Apple's Amended Counterclaims in Reply 17 through 19 are styled as claims for relief under theories of breach of contract, declaratory judgment, violation of Section 2 of the Sherman Act, and unfair competition.  Except as expressly admitted, Samsung denies all other allegations set forth in Paragraph 7.

<u>**PARTIES**</u>

8.      Samsung lacks knowledge sufficient to form a belief about the allegations in Paragraph 8 and therefore denies them.

9.      Samsung admits that Apple designs and markets the iPod, iPhone, and iPad, and that one or more Apple entities are or have been members of ETSI.  Except as expressly admitted, Samsung denies all other allegations set forth in Paragraph 9.

10.     Samsung admits that SEC is a corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

11.     Samsung admits that SEA is a New York corporation, was formed in 1978, and is a subsidiary of SEC.  Samsung admits that SEA's principal offices are located at 85 Challenger Road, Ridgefield Park, NJ 07660.  Samsung admits that SEA offers a full range of award-winning consumer electronics and IT products including, but not limited to, televisions, Blu-ray disc players, digital cameras and camcorders, certain memory storage devices, portable audio devices, printers and monitors.  Samsung admits that STA, Samsung Electronics Canada, and Samsung Electronics Mexico S.A. de C.V. are affiliates of SEA.  Except as expressly admitted, Samsung denies all other allegations set forth in Paragraph 11.

12.     Samsung admits that STA is a limited liability company organized under the laws of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

13.     Samsung admits that Samsung entities own many patents, including the '087 Patent and the '596 Patent.  Samsung admits that Samsung has identified the patent application that issued as the '087 Patent as IPR that is, or is likely to become, essential IPR in relation to an ETSI standard.  Samsung admits that Samsung has identified the '596 Patent as a patent that may be or may become essential in relation to at least one ETSI standard.  Except as expressly admitted, Samsung denies all other allegations set forth in Paragraph 13.

**JURISDICTION AND VENUE**

14.     Samsung admits that Apple's Amended Counterclaims in Reply purport to allege claims over which this Court has subject matter jurisdiction.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 14.

15.     Samsung admits that Apple's Amended Counterclaims in Reply purport to allege claims over which this Court has supplemental jurisdiction.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 15.

16.     Samsung will not challenge personal jurisdiction over it by this Court for purposes of this action.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 16.

17.     Samsung will not contest the propriety of venue or intradistrict assignment.  Samsung admits that pursuant to Civil L.R. 3-2(c), Intellectual Property Actions are assigned on a district-wide basis and admits, on information and belief, that Apple's principal place of business is within this District.  Samsung admits that Samsung has filed counterclaims against Apple in this District.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 17.

**APPLE UMTS CHIPSET SUPPLIERS**

18.     Samsung admits that Apple first sold the iPhone 3G in early 2008 and the iPad in Spring 2010.  Samsung admits that both products and subsequent versions incorporate UMTS baseband chipsets.  Samsung admits that Apple purchases UMTS baseband chipsets from third party manufacturers.  Samsung admits that Apple's iPhone and iPad practice at least certain of

1    Samsung's declared-essential patents.  Samsung lacks knowledge sufficient to form a belief about

2    the remaining allegations of Paragraph 18 and therefore denies them.

3         19.    Samsung lacks knowledge sufficient to form a belief about the allegations of

4    Paragraph 19 and therefore denies them.

5         20.    Samsung admits that by summer 2010, it was aware that the iPhone baseband

6    chipsets and iPad baseband chipsets were used to enable wireless communication using the UMTS

7    standard.  Samsung admits that it sells components for the iPhone and iPad to Apple.  Samsung

8    admits that by Summer 2010, it informed Apple that Apple infringed certain patents owned by

9    Samsung.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph

10   20.

11        21.    Samsung admits that it notified Apple of Apple's infringement of Samsung patents

12   during patent licensing discussions between Apple and Samsung.  Except as expressly admitted,

13   Samsung denies the remaining allegations of Paragraph 21.

14        22.    Denied.

15        23.    Admitted.

16        24.    Denied.

17        25.    Admitted.

18        26.    Denied.

19        27.    Denied.

20        28.    Denied.

21        **STANDARDS IN THE WIRELESS COMMUNICATIONS INDUSTRY**

22        29.    Samsung admits that Apple and Samsung sell handsets that include a computer

23   chipset that can communicate with cellular networks.  Except as expressly admitted, Samsung

24   lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 29 and

25   therefore denies them.

26        30.    Samsung lacks knowledge sufficient to form a belief about the allegations of

27   Paragraph 30 and therefore denies them.

28

31.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 31 and therefore denies them.

32.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 32 and therefore denies them.

33.     SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on that basis Samsung denies that "Samsung" made the quoted statement.  Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 33 and therefore denies them.

34.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 34 and therefore denies them.

35.     Samsung admits that the following statement appears on page 87 of the July 8, 2008 Hearing Transcript of *Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof*, Inv. No. 337-TA-601:  "FRAND is a construct, a concept that comes out of standard setting bodies because the whole point of a standard setting body is to create a standard that everyone can follow without fear of lawsuits that are going to stop the standard."  Except as expressly admitted, Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 35 and therefore denies them.

36.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 36 and therefore denies them.

37.     Denied.

38.     SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns Corp.*, No. 07-0167 (D. Del.), and on that basis Samsung denies that "Samsung" made the quoted statements.  Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 38 and therefore denies them.

39.     Samsung denies that it has breached any FRAND commitments.  Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 39 and therefore denies them.

1    **THE EVOLUTION OF MOBILE WIRELESS TELECOMMUNICATIONS STANDARDS**

2        40.     Samsung lacks knowledge sufficient to form a belief about the allegations of

3    Paragraph 40 and therefore denies them.

4        41.     Samsung lacks knowledge sufficient to form a belief about the allegations of

5    Paragraph 41 and therefore denies them.

6        42.     Samsung lacks knowledge sufficient to form a belief about the allegations of

7    Paragraph 42 and therefore denies them.

8        43.     Samsung admits that some carriers have introduced Long Term Evolution for

9    Global Systems for Mobile Communication based networks.  Except as expressly admitted,

10   Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph

11   43 and therefore denies them.

12       44.     Samsung lacks knowledge sufficient to form a belief about the allegations of

13   Paragraph 44 and therefore denies them.

14       45.     Samsung admits that ETSI is a non-profit standards-setting organization, and is

15   headquartered in France.  Samsung lacks knowledge sufficient to form a belief about the

16   remaining allegations of Paragraph 45 and therefore denies them.

17       46.     Samsung admits that some carriers have adopted GPRS and EDGE technology.

18   Except as expressly admitted, Samsung lacks knowledge sufficient to form a belief about the

19   allegations of Paragraph 46 and therefore denies them.

20       47.     Samsung admits that UMTS employs WCDMA and is referred to as third

21   generation technology.  Except as expressly admitted, Samsung lacks knowledge sufficient to form

22   a belief about the allegations of Paragraph 47 and therefore denies them.

23       48.     Samsung admits that 3GPP is a collaboration of six SSOs from around the world,

24   including ETSI, the Telecommunications Technology Association ("TTA"), the Association of

25   Radio Industries and Businesses ("ARIB"), the Alliance for Telecommunications Industry

26   Solutions ("ATIS"), the China Communications Standards Association ("CCSA"), and the

27   Telecommunication Technology Committee ("TTC").  Samsung admits that UMTS and LTE are

28

SAMSUNG'S AMENDED ANSWER & AFFIRMATIVE DEFENSES
TO APPLE'S 1ST AM. COUNTERCLAIMS IN REPLY

1   standards developed by 3GPP.  Except as expressly admitted, Samsung lacks knowledge sufficient

2   to form a belief about the remaining allegations of Paragraph 48 and therefore denies them.

3           49.      Samsung lacks knowledge sufficient to form a belief about the allegations of

4   Paragraph 49 and therefore denies them.

5   **APPLE'S ALLEGATIONS REGARDING NON-DISCLOSURE OF AND FALSE**

6   **COMMITMENTS CONCERNING ESSENTIAL INTELLECTUAL PROPERTY**

7           50.      Denied.

8           51.      Samsung admits that it was and is a member of ETSI and agreed to comply with the

9   ETSI IPR Policy.  Except as expressly admitted, Samsung lacks knowledge sufficient to form a

10  belief about the remaining allegations of Paragraph 51 and therefore denies them.

11          52.      Denied.

12          53.      Samsung admits that, on or about December 14, 1998, Samsung provided a written

13  declaration to ETSI that, with respect to the W-CDMA technology being elaborated by ETSI as a

14  standard for UMTS, Samsung is prepared to grant licenses to its essential IPRs on a fair,

15  reasonable, and non-discriminatory basis in accordance with the terms and conditions set forth in

16  Clause 6.1 of the ETSI IPR Policy.  Except as expressly admitted, Samsung denies the remaining

17  allegations of Paragraph 51.

18          54.      Denied.

19          55.      Denied.

20          56.      Samsung admits that ETSI promulgated an IPR policy, set forth in Annex 6 of its

21  Rules of Procedure.  Except as expressly admitted, Samsung lacks knowledge sufficient to form a

22  belief about the remaining allegations of Paragraph 56 and therefore denies them.

23          57.      Samsung admits that Clause 4 of the ETSI IPR Policy dated April 8, 2009 states:

24          4.1      Subject to Clause 4.2 below, each MEMBER shall use its reasonable
                     endeavours, in particular during the development of a STANDARD or
25                   TECHNICAL SPECIFICATION where it participates, to inform ETSI of
                     ESSENTIAL IPRs in a timely fashion.  In particular, a MEMBER submitting a
26                   technical proposal for a STANDARD or TECHNICAL SPECIFICATION shall, on
                     a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which
27                   might be ESSENTIAL if that proposal is adopted.

28

4.2     The obligations pursuant to Clause 4.1 above do however not imply any obligation on MEMBERS to conduct IPR searches.

4.3     The obligations pursuant to Clause 4.1 above are deemed to be fulfilled in respect of all existing and future members of a PATENT FAMILY if ETSI has been informed of a member of this PATENT FAMILY in a timely fashion.  Information on other members of this PATENT FAMILY, if any, may be voluntarily provided.

Samsung admits that definition 7 of the ETSI IPR Policy, dated April 8, 2009, states:

"IPR" shall mean any intellectual property right conferred by statute law including applications therefor other than trademarks.  For the avoidance of doubt rights relating to get-up, confidential information, trade secrets or the like are excluded from the definition of IPR.

Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 57.

58.     Samsung admits that the quotation from Clause 6.1 of the April 8, 2009 ETSI IPR Policy is set forth accurately in Paragraph 58.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 58.

59.     Samsung admits that Section 8 of the April 8, 2009 ETSI IPR policy states:

8     Non-availability of Licences

8.1     Non-availability of licences prior to the publication of a STANDARD or a TECHNICAL SPECIFICATION

8.1.1     Existence of a viable alternative technology

Where prior to the publication of a STANDARD or a TECHNICAL SPECIFICATION an IPR owner informs ETSI that it is not prepared to license an IPR in respect of a STANDARD or TECHNICAL SPECIFICATION in accordance with Clause 6.1 above, the General Assembly shall review the requirement for that STANDARD or TECHNICAL SPECIFICATION and satisfy itself that a viable alternative technology is available for the STANDARD or TECHNICAL SPECIFICATION which:

•     is not blocked by that IPR; and

•     satisfies ETSI's requirements.

8.1.2     Non-existence of a viable alternative technology

Where, in the opinion of the General Assembly, no such viable alternative technology exists, work on the STANDARD or TECHNICAL SPECIFICATION shall cease, and the Director-General of ETSI shall observe the following procedure:

a)     If the IPR owner is a MEMBER,

      i)  the Director-General of ETSI shall request that MEMBER to reconsider its position.

      ii)  If that MEMBER however decides not to withdraw its refusal to license the IPR, it shall then inform the Director-General of ETSI of its decision and provide a written explanation of its reasons for refusing to license that IPR, within three months of its receipt of the Director-General's request.

      iii)  The Director-General of ETSI shall then send the MEMBER's explanation together with relevant extracts from the minutes of the General Assembly to the ETSI Counsellors for their consideration.

    b)  If the IPR owner is a third party,

      i)  the Director-General of ETSI shall, wherever appropriate, request full supporting details from any MEMBER who has complained that licences are not available in accordance with Clause 6.1 above and/or request appropriate MEMBERS to use their good offices to find a solution to the problem.

      ii)  Where this does not lead to a solution the Director-General of ETSI shall write to the IPR owner concerned for an explanation and request ultimately that licences be granted according to Clause 6.1 above.

      iii)  Where the IPR owner refuses the Director-General's request and decides not to withdraw its refusal to license the IPR or does not answer the letter within three months after the receipt of the Director-General's request, the Director-General shall then send the IPR owner's explanation, if any, together with relevant extracts from the minutes of the General Assembly to the ETSI Counsellors for their consideration.

8.1.3  Prior to any decision by the General Assembly, the COMMITTEE should in consultation with the ETSI Secretariat use their judgment as to whether or not the COMMITTEE should pursue development of the concerned parts of the STANDARD or a TECHNICAL SPECIFICATION based on the non-available technology and should look for alternative solutions.

8.2  Non-availability of licences after the publication of a STANDARD or a TECHNICAL SPECIFICATION

Where, in respect of a published STANDARD or TECHNICAL SPECIFICATION, ETSI becomes aware that licences are not available from an IPR owner in accordance with Clause 6.1 above, that STANDARD or TECHNICAL SPECIFICATION shall be referred to the Director-General of ETSI for further consideration in accordance with the following procedure:

i)     The Director-General shall request full supporting details from any MEMBER or third party who has complained that licences are not available in accordance with Clause 6.1 above.

ii)     The Director-General shall write to the IPR owner concerned for an explanation and request that licences be granted according to Clause 6.1 above.  Where the concerned IPR owner is a MEMBER, it shall inform the Director-General of ETSI of its decision and provide a written explanation of its reasons in case of continuing refusal to license that IPR.

iii)     Where the IPR owner refuses the Director-General's request or does not answer the letter within three months, the Director-General shall inform the General Assembly and, if available, provide the General Assembly with the IPR owner's explanation for consideration.  A vote shall be taken in the General Assembly on an individual weighted basis to immediately refer the STANDARD or TECHNICAL SPECIFICATION to the relevant COMMITTEE to modify it so that the IPR is no longer ESSENTIAL.

iv)     Where the vote in the General Assembly does not succeed, then the General Assembly shall, where appropriate, consult the ETSI Counsellors with a view to finding a solution to the problem. In parallel, the General Assembly may request appropriate MEMBERS to use their good offices to find a solution to the problem.

v)     Where (iv) does not lead to a solution, then the General Assembly shall request the European Commission to see what further action may be appropriate, including nonrecognition of the STANDARD or TECHNICAL SPECIFICATION in question.

In carrying out the foregoing procedure due account shall be taken of the interest of the enterprises that have invested in the implementation of the STANDARD or TECHNICAL SPECIFICATION in question.

Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 59.

60.     Samsung admits that Clause 3 of the April 8, 2009 ETSI IPR Policy is titled "Policy Objectives," and states:

3.1     It is ETSI's objective to create STANDARDS and TECHNICAL SPECIFICATIONS that are based on solutions which best meet the technical objectives of the European telecommunications sector, as defined by the General Assembly.  In order to further this objective the ETSI IPR POLICY seeks to reduce the risk to ETSI, MEMBERS, and others applying ETSI STANDARDS and TECHNICAL SPECIFICATIONS, that investment in the preparation, adoption and application of STANDARDS could be wasted as a result of an ESSENTIAL IPR for a STANDARD or TECHNICAL SPECIFICATION being unavailable.  In achieving this objective, the ETSI IPR POLICY seeks a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs.

3.2    IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS.

3.3    ETSI shall take reasonable measures to ensure, as far as possible, that its activities which relate to the preparation, adoption and application of STANDARDS and TECHNICAL SPECIFICATIONS, enable STANDARDS and TECHNICAL SPECIFICATIONS to be available to potential users in accordance with the general principles of standardization.

Samsung admits that Clause 12 of the April 8, 2009 ETSI IPR Policy states in part: "The POLICY shall be governed by the laws of France." Except as expressly admitted, Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 60 and therefore denies them.

61.    Samsung admits that it was and is a member of ETSI and agreed to comply with the ETSI Rules of Procedure, including the ETSI IPR Policy. Samsung admits that it participated in the development of the UMTS standard. Samsung admits that it submitted declarations to ETSI that contained lists of patents and this statement: "The SIGNATORY and/or its AFFILIATES hereby declare that they are prepared to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL." Except as expressly admitted, Samsung lacks knowledge sufficient to form a belief about the remaining allegations of Paragraph 61 and therefore denies them.

62.    Samsung admits that it has represented to Apple that Samsung owns patents that are essential to the UMTS standard. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 62.

63.    Samsung admits that Samsung employees participated in ETSI Working Groups. Except as expressly admitted, Samsung denies the remaining allegations of the preamble to Paragraph 63.

(a)    Samsung admits that the '087 Patent is entitled "Method and Apparatus for Performing Non-Scheduled Transmission in a Mobile Communication System for Supporting an Enhanced Uplink Data Channel." Samsung admits that Young-Bum Kim, Sung-Ho Choi,

-12-

1   Sueng-Hun Kim, Ju-Ho Lee, Yong-Jun Kwak, Youn-Hyoung Heo, and Joon-Young Cho are

2   named inventors of the '087 Patent.  Samsung admits that the claimed priority date for the '087

3   Patent, based on the filing of a related Korean patent application, is July 16, 2004.  Samsung

4   admits that another related Korean patent application was filed on August 11, 2004.  Samsung

5   admits that, on or about May 16, 2006, Samsung identified the patent application that issued as the

6   '087 Patent as IPR that is, or is likely to become, essential IPR in relation to version 6.2.0 of

7   UMTS specification 25.309.  Samsung denies that it concealed the existence of its IPR during the

8   standards-setting process.  Except as expressly admitted, Samsung lacks knowledge sufficient to

9   form a belief about the remaining allegations of Paragraph 63(a) and therefore denies them.

10           (b)       Samsung admits that the '596 Patent is entitled "Method and Apparatus for

11   Signaling Control Information of Uplink Packet Data Service in Mobile Communication System."

12   Samsung admits that Seong-Hun Kim and Gert Jan Van Lieshout are named inventors of the '596

13   Patent.  Samsung admits that the claimed priority date for the '596 patent, based on the filing of a

14   related Korean patent application, is November 9, 2004.  Samsung admits that, on or about May 6,

15   2010, Samsung identified the '596 Patent as a patent that may be or may become essential in

16   relation to UMTS specification 25.321.  Samsung denies that it concealed the existence of its IPR

17   during the standards-setting process.  Except as expressly admitted, Samsung lacks knowledge

18   sufficient to form a belief about the remaining allegations of Paragraph 63(b) and therefore denies

19   them.

20           64.      Samsung denies the allegations of the preamble to Paragraph 64.

21           (a)       Samsung admits that the '087 Patent relates to a method and apparatus for

22   handling non-scheduled data transmissions so as to reduce interference from user equipment

23   devices.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph

24   64(a).

25           (b)       Samsung admits that the '596 Patent relates to a method and apparatus for

26   transmitting control information relating to an uplink packet data service.  Except as expressly

27   admitted, Samsung denies the remaining allegations of Paragraph 64(b).

28

65.     Samsung admits that by letter dated December 14, 1998, signed by Young Ky Kim, addressed to ETSI SMG2, Samsung stated:

> This declaration is given on December 14, 1998 by Samsung Electronics Corporation ("SEC") of Seoul Korea to the European Telecommunications Standards Institute (ETSI) of Sophia Antipolis France.
>
> With regard to the W-CDMA technology being elaborated by ETSI as a standard for the UMTS Terrestrial Radio Access (UTRA) FDD mode, SEC is prepared to grant licenses to its essential IPRs on a fair, reasonable, and non-discriminatory basis in accordance with the terms and conditions set forth in Clause 6.1 of the ETSI IPR Policy.

Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 65.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Samsung denies the allegations of the preamble to Paragraph 69.

(a)     Samsung admits that, on or about May 16, 2006, Seung Gun Park, Vice President, signed an IPR Information Statement and Licensing Declaration that Samsung submitted to ETSI.  Samsung admits that Annex 2 to that document lists the Korean patent application to which the '087 patent claims priority, as well as the U.S. patent application that issued as the '087 Patent.  Samsung admits that the May 16, 2006 IPR Information Statement and Licensing Declaration states that "The SIGNATORY and/or its AFFILIATES hereby declare that they are prepared to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL."

(b)     Samsung admits that, on or about May 6, 2010, Heungmo Lee, Vice President, signed an IPR Information Statement and Licensing Declaration that Samsung submitted to ETSI.  Samsung admits that the IPR Information Statement Annex to that document lists the '596 Patent.  Samsung admits that the May 6, 2010 IPR Information Statement and Licensing Declaration states that "To the extent that the IPR(s) disclosed in the attached IPR Information Statement Annex are or become, and remain ESSENTIAL in respect of the ETSI

1   Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached IPR

2   Information Statement Annex, the Declarant and/or its AFFILIATES are prepared to grant

3   irrevocable licences under this/these IPR(s) on terms and conditions which are in accordance with

4   Clause 6.1 of the ETSI IPR Policy."

5   Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 69.

6          70.      Denied.

7          71.      Denied.

8          72.      Denied.

9          73.      Denied.

10         74.      SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns*

11  *Corp.*, No. 07-0167 (D. Del.), and on that basis Samsung denies that "Samsung" made the quoted

12  statements.  Samsung denies the remaining allegations of Paragraph 74.

13         75.      Denied.

14         76.      SEA and STA were not parties to *Samsung Elec. Co. v. InterDigital Commc'ns*

15  *Corp.*, No. 07-0167 (D. Del.), and on that basis Samsung denies that "Samsung" made the quoted

16  statement.  SEA and STA were not parties to *Telefonaktiebolaget LM Ericsson v Samsung*

17  *Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007), and on that basis Samsung denies that

18  "Samsung" made the quoted statement.  Samsung lacks knowledge sufficient to form a belief

19  about Apple's allegations regarding investments Apple has made in developing and marketing the

20  iPhone and iPad.  Except as expressly stated, Samsung denies the remaining allegations of

21  Paragraph 76.

22         **APPLE'S ALLEGATIONS REGARDING ALLEGED BREACH OF FRAND**

23           **OBLIGATIONS REGARDING ESSENTIAL PATENTS**

24         77.      Denied.

25         78.      Samsung admits that the iPhone was introduced in 2007.  Samsung admits that

26  Apple and Samsung have a continuing business relationship.  Samsung admits that it informed

27

28

1    Apple of Apple's infringement of Samsung's patents in summer 2010.  Except as expressly

2    admitted, Samsung denies the remaining allegations of Paragraph 78.

3           79.     Samsung admits that it notified Apple of Apple's infringement of Samsung patents

4    during patent licensing discussions between Apple and Samsung.  Except as expressly admitted,

5    Samsung denies the remaining allegations of Paragraph 79.

6           80.     Samsung admits that Apple sued Samsung, bringing claims that included claims

7    styled as patent, trade dress, and trademark infringement.  Except as expressly admitted, Samsung

8    denies the remaining allegations of Paragraph 80.

9           81.     Samsung admits that it filed counterclaims against Apple seeking, among other

10   things, to enjoin Apple from selling products that infringe Samsung's patents.  Except as expressly

11   admitted, Samsung denies the remaining allegations of Paragraph 81.

12          82.     Samsung admits that it has filed counterclaims against Apple in this action seeking,

13   among other things, to enjoin Apple from selling products that infringe Samsung's patents.  Except

14   as expressly admitted, Samsung denies the remaining allegations of Paragraph 82.

15          83.     Samsung admits that Apple has requested terms to a unilateral license to Samsung's

16   UMTS declared-essential patent portfolio.  Samsung admits that Apple requested the royalty base

17   to which a rate would apply and information regarding Samsung's confidential license agreements

18   with other companies.  Except as expressly admitted, Samsung denies the remaining allegations of

19   Paragraph 83.

20          84.     Samsung admits that it offered Apple a license to its UMTS declared-essential

21   patents on July 25, 2011.  Except as expressly admitted, Samsung denies the remaining allegations

22   of Paragraph 84.

23          85.     Samsung admits that a Netherlands court made a preliminary finding that Samsung

24   had not made a FRAND offer.  Except as expressly admitted, Samsung denies the remaining

25   allegations of Paragraph 85.

26

27

28

1      86.    Samsung admits that, at this time, it has not sought an injunction against any other

2 implementer of the UMTS standard for infringing Samsung's declared-essential patents in suit.

3 Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 86.

4      87.    Denied.

5      88.    Samsung admits that it is a party to a cross-license agreement with Qualcomm.

6 Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 88.

7      89.    Samsung admits that by letters to Derek Aberle of Qualcomm, dated April 21, 2011

8 and February 2, 2012, because Apple sued Samsung for patent infringement and made an

9 Exhaustion Claim (as that term is defined in the cross-license with Qualcomm), Samsung

10 exercised certain rights granted to it under the cross-license with Qualcomm to "limit the scope of

11 any applicable Samsung covenants to Qualcomm and its customers to exclude any products made

12 for, used by, sold to or otherwise transferred to Apple or any affiliate of Apple."  Except as

13 expressly admitted, Samsung denies the remaining allegations of Paragraph 89.

14      90.    Denied.

15      91.    Samsung admits that it notified Apple of Apple's infringement of Samsung patents

16 in summer 2010 during patent licensing discussions between Apple and Samsung.  Except as

17 expressly admitted, Samsung denies the remaining allegations of Paragraph 91.

18      92.    Denied.

19      93.    Denied.

20      94.    Samsung admits that the following statement appears on page 92 of the July 8,

21 2008 Hearing Transcript of *Certain 3G Wideband Code Division Multiple Access (WCDMA)*

22 *Mobile Handsets and Components Thereof*, Inv. No. 337-TA-601:

> What InterDigital demanded was not that but much, much more.  They demanded a nonassert by Samsung, i.e., an agreement by Samsung that it would not assert any of its patents against any of InterDigital's potential products, well beyond what ETSI rules permitted and, therefore, clearly not FRAND.

Samsung admits that the following statement appears on pages 88-89 of the July 8, 2008 Hearing Transcript of Certain 3G Wideband Code Division Multiple Access (WCDMA) Mobile Handsets and Components Thereof, Inv. No. 337-TA-601:

First, they condition our taken a license under the standard of ETSI, which is the WCDMA license, on our taking another license that's not covered by that standard. So, in other words, they are not just going to offer us a license on what they are obligated to license us. They say if you take that, you have also got to take another license. So they are tying the two.

ETSI rules don't permit that. And that obviously increases dramatically the cost of the license to Samsung. That is not consonant with their FRAND obligation.

Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 94.

## APPLE'S ALLEGATIONS REGARDING ANTICOMPETITIVE AND UNFAIR CONDUCT

95.     Denied.

96.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 96 and therefore denies them.

97.     Samsung lacks knowledge sufficient to form a belief about the allegations of Paragraph 97 and therefore denies them.

98.     Denied.

99.     Denied.

100.     Denied.

101.     SEA and STA were not parties to *Telefonaktiebolaget LM Ericsson v Samsung Electronics UK Ltd.*, HC06 C00618 (Mar. 15, 2007), and on that basis Samsung denies that "Samsung" made the quoted statement.

102.     Samsung admits that Samsung has identified the patent application that issued as the '087 Patent as IPR that is, or is likely to become, essential IPR in relation to an ETSI standard. Samsung admits that Samsung has identified the '596 Patent as a patent that may be or may become essential in relation to at least one ETSI standard. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 102.

103.     Samsung admits that its declared-essential patents concern specific aspects of radio signal transmission in a UMTS network. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 103.

104.     Denied.

1    105.    Samsung admits that UMTS is employed in various different counties.  Except as
2  expressly admitted, Samsung denies the remaining allegations of Paragraph 105.

3    106.    Denied.

4    107.    Denied.

5    108.    Denied.

6    109.    Denied.

7    110.    Denied.

8                            **FIRST COUNTERCLAIM**

9          **(Declaratory Judgment of Non-Infringement of the '087 Patent)**

10    111.    Samsung incorporates and realleges its responses to Paragraphs 1 through 110
11  above as if fully set forth herein.

12    112.    Denied.

13    113.    Denied.

14                          **SECOND COUNTERCLAIM**

15          **(Declaratory Judgment of Invalidity of the '087 Patent)**

16    114.    Samsung incorporates and realleges its responses to Paragraphs 1 through 113
17  above as if fully set forth herein.

18    115.    Denied.

19    116.    Denied.

20                           **THIRD COUNTERCLAIM**

21          **(Declaratory Judgment of Non-Infringement of the '596 Patent)**

22    117.    Samsung incorporates and realleges its responses to Paragraphs 1 through 116
23  above as if fully set forth herein.

24    118.    Denied.

25    119.    Denied.

1

**FOURTH COUNTERCLAIM**

2

**(Declaratory Judgment of Invalidity of the '596 Patent)**

3        120.    Samsung incorporates and realleges its responses to Paragraphs 1 through 119

4   above as if fully set forth herein.

5        121.    Denied.

6        122.    Denied.

7

**FIFTH COUNTERCLAIM**

8

**(Declaratory Judgment of Non-Infringement of the '470 Patent)**

9        123.    Samsung incorporates and realleges its responses to Paragraphs 1 through 122

10  above as if fully set forth herein.

11       124.    Denied.

12       125.    Denied.

13

**SIXTH COUNTERCLAIM**

14

**(Declaratory Judgment of Invalidity of the '470 Patent)**

15       126.    Samsung incorporates and realleges its responses to Paragraphs 1 through 125

16  above as if fully set forth herein.

17       127.    Denied.

18       128.    Denied.

19

**SEVENTH COUNTERCLAIM**

20

**(Declaratory Judgment of Non-Infringement of the '757 Patent)**

21       129.    Samsung incorporates and realleges its responses to Paragraphs 1 through 128

22  above as if fully set forth herein.

23       130.    Denied.

24       131.    Denied.

25

26

27

28

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '757 Patent)**

132.   Samsung incorporates and realleges its responses to Paragraphs 1 through 131 above as if fully set forth herein.

133.   Denied.

134.   Denied.

**NINTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '058 Patent)**

135.   Samsung incorporates and realleges its responses to Paragraphs 1 through 134 above as if fully set forth herein.

136.   Denied.

137.   Denied.

**TENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '058 Patent)**

138.   Samsung incorporates and realleges its responses to Paragraphs 1 through 137 above as if fully set forth herein.

139.   Denied.

140.   Denied.

**ELEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '179 Patent)**

141.   Samsung incorporates and realleges its responses to Paragraphs 1 through 140 above as if fully set forth herein.

142.   Denied.

143.   Denied.

1          <u>**TWELFTH COUNTERCLAIM**</u>

2          <u>**(Declaratory Judgment of Invalidity of the '179 Patent)**</u>

3          144.    Samsung incorporates and realleges its responses to Paragraphs 1 through 143

4    above as if fully set forth herein.

5          145.    Denied.

6          146.    Denied.

7          <u>**THIRTEENTH COUNTERCLAIM**</u>

8          <u>**(Declaratory Judgment of Non-Infringement of the '449 Patent)**</u>

9          147.    Samsung incorporates and realleges its responses to Paragraphs 1 through 146

10   above as if fully set forth herein.

11         148.    Denied.

12         149.    Denied.

13         <u>**FOURTEENTH COUNTERCLAIM**</u>

14         <u>**(Declaratory Judgment of Invalidity of the '449 Patent)**</u>

15         150.    Samsung incorporates and realleges its responses to Paragraphs 1 through 149

16   above as if fully set forth herein.

17         151.    Denied.

18         152.    Denied.

19         <u>**FIFTEENTH COUNTERCLAIM**</u>

20         <u>**(Declaratory Judgment of Non-Infringement of the '239 Patent)**</u>

21         153.    Samsung incorporates and realleges its responses to Paragraphs 1 through 152

22   above as if fully set forth herein.

23         154.    Denied.

24         155.    Denied.

25

26

27

28

1

**SIXTEENTH COUNTERCLAIM**

2

**(Declaratory Judgment of Invalidity of the '239 Patent)**

3        156.    Samsung incorporates and realleges its responses to Paragraphs 1 through 155

4    above as if fully set forth herein.

5        157.    Denied.

6        158.    Denied.

7

**SEVENTEENTH COUNTERCLAIM**

8

**(Breach of Contract – FRAND and Other Standard-Related Misconduct)**

9        159.    Samsung incorporates and realleges its responses to Paragraphs 1 through 158

10   above as if fully set forth herein.

11       160.    Denied.

12       161.    Denied.

13       162.    Denied.

14       163.    Denied.

15       164.    Denied.

16       165.    Denied.

17

**EIGHTEENTH COUNTERCLAIM**

18

**(Declaratory Judgment that Apple is Entitled to a License**

19

**to Samsung's Declared-Essential Patents)**

20       166.    Samsung incorporates and realleges its responses to Paragraphs 1 through 165

21   above as if fully set forth herein.

22       167.    Samsung denies that Apple has pleaded a claim on which it is entitled to relief and,

23   on that basis, denies the allegations of Paragraph 167.

24       168.    Samsung denies that Apple has pleaded a claim on which it is entitled to relief and,

25   on that basis, denies the allegations of Paragraph 168.

26       169.    Denied.

27       170.    Denied.

28

**NINETEENTH COUNTERCLAIM**

**(Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2)**

171.    Samsung incorporates and realleges its responses to Paragraphs 1 through 170 above as if fully set forth herein.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

**TWENTIETH COUNTERCLAIM**

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

176.    Samsung incorporates and realleges its responses to Paragraphs 1 through 175 above as if fully set forth herein.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

**TWENTY-FIRST COUNTERCLAIM**

**(Inequitable Conduct Before the United States Patent and Trademark**

**Office During Prosecution of the '596 Patent)**

184.    Samsung incorporates and realleges its responses to Paragraphs 1 through 183 above as if fully set forth herein.

185.    Denied.

186.    Samsung admits that the '596 patent names Soeng-Hun Kim and Gert Jan Van Lieshout as inventors.  Samsung admits it has alleged, among other things, that Apple has

1   infringed claims 1, 4, 6, 13, 16 and 18 of the '596 patent.  Samsung admits those claims recite the

2   language quoted by Apple in Paragraph 186.  Except as expressly admitted, Samsung denies the

3   remaining allegations of Paragraph 186.

4      187. Samsung admits that the '371 Application was filed on February 6, 2003 and

5   published on August 7, 2003.  Samsung admits that Mr. Kim is named as an inventor of the '371

6   Application.  Except as expressly admitted, Samsung denies the remaining allegations of

7   Paragraph 187.

8      188. Denied.

9      189. Denied.

10     190. Denied.

11     191. Denied.

12     192. Denied.

13     193. Denied.

14     194. Denied.

15            **PRAYER FOR RELIEF**

16     Samsung denies that Apple is entitled to any relief sought by the Apple Amended

17  Counterclaims in Reply in its Prayer for Relief.

18

19          **II.  AFFIRMATIVE DEFENSES**

20     195. By alleging the Affirmative Defenses set forth below, Samsung does not agree or

21  concede that it bears the burden of proof or the burden of persuasion on any of these issues,

22  whether in whole or in part.  For its Affirmative Defenses to Apple's Amended Counterclaims in

23  Reply, Samsung alleges as follows:

24          **FIRST AFFIRMATIVE DEFENSE**

25           **(Failure to State a Claim)**

26     196. Apple's Amended Counterclaims in Reply, or one or more claims for relief set forth

27  therein, fails to state a claim upon which relief can be granted.

28

1  **SECOND AFFIRMATIVE DEFENSE**

2  **(Waiver, Acquiescence, and Estoppel)**

3      197.    Each of the purported claims for relief set forth in Apple's Amended Counterclaims

4  in Reply is barred by the doctrines of waiver, acquiescence, and estoppel.

5  **THIRD AFFIRMATIVE DEFENSE**

6  **(Laches)**

7      198.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, under the

8  doctrine of laches.

9  **FOURTH AFFIRMATIVE DEFENSE**

10  **(Unclean Hands)**

11      199.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, under the

12  doctrine of unclean hands.

13  **FIFTH AFFIRMATIVE DEFENSE**

14  **(Nonperformance by Apple)**

15      200.    Apple failed to perform all conditions, covenants and promises required to be

16  performed in accordance with the alleged agreements upon which Apple bases its claims for relief,

17  and Apple is therefore not entitled to any benefits thereunder.

18  **SIXTH AFFIRMATIVE DEFENSE**

19  **(Frustration of Purpose)**

20      201.    Apple is not entitled to the relief sought, in whole or in part, because enforcing the

21  agreements alleged in the Amended Counterclaims in Reply would result in frustration of purpose.

22  **SEVENTH AFFIRMATIVE DEFENSE**

23  **(Statute of Limitations)**

24      202.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, by the

25  statute of limitations.

26

27

28

**EIGHTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

203.    Apple's Nineteenth Counterclaim in Reply is barred, in whole or in part, because to the extent that Samsung engaged in any of the actions alleged, Samsung's actions were justified as valid business decisions.

**NINTH AFFIRMATIVE DEFENSE**

**(No Antitrust Standing)**

204.    Apple's Nineteenth Counterclaim in Reply is barred, in whole or in part, because Apple did not suffer antitrust injury and did not suffer injury of the type the antitrust laws were designed to prevent.

**TENTH AFFIRMATIVE DEFENSE**

**(No Standing Under § 17200)**

205.    Apple's Twentieth Counterclaim in Reply is barred, in whole or in part, because Apple has not suffered injury in fact and has not lost money or property as a result of unfair competition by Samsung.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Acts of Apple)**

206.    On information and belief, the damages, if any, that were allegedly sustained by Apple as a result of the acts complained of in its Amended Counterclaims in Reply were caused in whole or in part or were contributed to by reason of the acts, omissions, negligence, and/or intentional misconduct of Apple, its agents, predecessors, and/or related entities.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Actions of Others)**

207.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

208.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, because Apple's damages, if any, were not caused by Samsung.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

209.    Without admitting that Apple's Amended Counterclaims in Reply state a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Samsung in Apple's Amended Counterclaims in Reply, and the relief prayed for in the Amended Counterclaims in Reply therefore cannot be granted.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

210.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, because of Apple's failure to mitigate damages, if such damages exist.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

211.    The alleged injury or damage suffered by Apple, if any, would be adequately compensated by damages.  Accordingly, Apple has a complete and adequate remedy at law and is not entitled to equitable relief.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

212.    Apple's claims for injunctive relief are barred because Apple cannot show that it will suffer any irreparable harm from Samsung's actions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Advisory Opinion)

213.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, because they seek an advisory opinion.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

214.    Without admitting that Apple's Amended Counterclaims in Reply state a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Samsung or others for any alleged single wrong.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Res Judicata and/or Splitting a Cause of Action)**

215.    Apple's Amended Counterclaims in Reply are barred, in whole or in part, because Apple has asserted the same claims for relief in multiple lawsuits and its claims have been litigated and finally decided in *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-cv-1846-LHK (N.D. Cal.).

**ADDITIONAL DEFENSES**

216.    Samsung reserves the right to assert additional defenses based on information learned or obtained during discovery.

**PRAYER FOR RELIEF ON AMENDED COUNTERCLAIMS IN REPLY**

Wherefore, Samsung respectfully requests entry of judgment on Apple's Amended Counterclaims in Reply as follows:

A.    That the Court dismiss with prejudice any and all claims of Apple's Amended Counterclaims in Reply and order that Apple take nothing as a result of the Amended Counterclaims in Reply and that all of Apple's prayers for relief are denied;

B.    That the Court enter judgment in favor of Samsung and against Apple on the Amended Counterclaims in Reply;

C.    That Apple be ordered to pay all costs associated with this action; and

D.    That the Court grant to Samsung such other and further relief as may be deemed just and appropriate.

1

**DEMAND FOR JURY TRIAL**

2

      SEC, SEA, and STA hereby demand a jury trial on all issues.

3

4   DATED:  ~~September 14, 2012~~May 23,    QUINN EMANUEL URQUHART & SULLIVAN,

5   2013                             LLP

6

7                                      By */s/* ~~*Patrick M*~~*Victoria F*~~*. Shields*~~*Maroulis*

8                                         Charles K. Verhoeven
Kevin P.B. Johnson

9                                         Victoria F. Maroulis
William C. Price

10                                     ~~Patrick M. Shields~~

11                                       Attorneys for Defendants and Counterclaimants

12                                       SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,

13                                       and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S AMENDED ANSWER & AFFIRMATIVE DEFENSES
TO APPLE'S 1ST AM. COUNTERCLAIMS IN REPLY

Document comparison by Workshare Compare on Tuesday, May 21, 2013
11:58:40 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\alexbaxter\Downloads\4953616_2_Samsung_s Answer to Amended Counterclaims in Reply.DOC |
| Description | 4953616_2_Samsung_s Answer to Amended Counterclaims in Reply |
| Document 2 ID | interwovenSite://USSF-DMS/QuinnEmanuel/5260786/2 |
| Description | #5260786v2<QuinnEmanuel> - [Draft] Samsung's Amended Answer to Amended Counterclaims in Reply |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 15 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 27 |