QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**DECLARATION OF AMAR L. THAKUR IN SUPPORT OF SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS** |

DECLARATION OF AMAR L. THAKUR

I, Amar L. Thakur, declare as follows:

1. I am a member of the bar of the State of California, admitted to practice before this Court, and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") in this action. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Attached hereto as Exhibit 1 is a true and correct copy of Apple Inc.'s Disclosure of Asserted Claims & Infringement Contentions, dated June 15, 2012.

3. Attached hereto as Exhibit 2 is a true and correct copy of Samsung's First Set of Interrogatories to Apple, dated September 25, 2012.

4. Attached hereto as Exhibit 3 are true and correct excerpts from Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories, dated November 8, 2012.

5. Attached hereto as Exhibit 4 is a true and correct copy of U.S. Patent No. 8,014,760.

6. Attached hereto as Exhibit 5 is a true and correct copy of U.S. Patent No. 5,666,502.

7. Attached hereto as Exhibit 6 is a true and correct copy of a subpoena dated August 31, 2012 to Microsoft Corporation, without attachment.

8. Attached hereto as Exhibit 7 is a true and correct copy of an e-mail dated January 4, 2013 from Gary H. Levin.

9. Attached hereto as Exhibit 8 is a true and correct copy of a subpoena dated February 21, 2013 to Palm, Inc., without attachment.

10. Attached hereto as Exhibit 9 is a true and correct copy of a subpoena to Embarcadero Technologies, dated November 16, 2012, without attachment.

11. Attached hereto as Exhibit 10 are true and correct excerpts Apple Inc.'s Second Supplemental Objections and Responses to Samsung's First Set of Interrogatories, dated April 10, 2013.

12. Attached hereto as Exhibit 11 is a true and correct copy of an e-mail dated May 21, 2013 from John McKee.

13. Attached hereto as Exhibit 12 is a true and correct copy of an e-mail dated May 24, 2013 from Jacob Danziger.

14. Attached hereto as Exhibit 13 is a true and correct copy of Samsung's Second Amended Patent Local Rules 3-3 and 3-4 Disclosures (Dkt. 473-1).

15. Attached hereto as Exhibit 14 is a true and correct copy of Samsung's proposed Third Amended Patent Local Rules 3-3 and 3-4 Disclosures.

16. Attached hereto as Exhibit 15 is a true and correct copy of Amended Exhibit A-7, which was part of the amendments entered pursuant to Stipulation and Order Regarding Amended Invalidity Contentions entered April 29, 2013 (Dkt. 474).

17. Attached hereto as Exhibit 16 is a true and correct copy of proposed Second Amended Exhibit A-7.

18. Attached hereto as Exhibit 17 is a true and correct copy of Amended Exhibit A-9, which was part of the amendments entered pursuant to Stipulation and Order Regarding Amended Invalidity Contentions entered April 29, 2013 (Dkt. 474).

19. Attached hereto as Exhibit 18 is a true and correct copy of proposed Second Amended Exhibit A-9.

20. Attached hereto as Exhibit 19 are true and correct copies of Amended Exhibits E-1 through E-7 and Exhibit E-9, which were part of the amendments entered pursuant to Stipulation and Order Regarding Amended Invalidity Contentions entered April 29, 2013 (Dkt. 474).

21. Attached hereto as Exhibit 20 is a true and correct copy of Amended Exhibit E-8, which was part of the amendments entered pursuant to Stipulation and Order Regarding Amended Invalidity Contentions entered April 29, 2013 (Dkt. 474).

22. Attached hereto as Exhibit 21 are true and correct copies of proposed Second Amended Exhibits E-1 through E-7 and Amended Exhibit E-9.

23. Attached hereto as Exhibit 22 is a true and correct copy of proposed Second Amended Exhibit E-8.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 28, 2013, at Los Angeles, California.

By_____
Amar L. Thakur