# EXHIBIT 2

1 │ QUINN EMANUEL URQUHART &
SULLIVAN, LLP
2 │ Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
3 │ Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
4 │ 50 California Street, 22nd Floor
San Francisco, California 94111
5 │ Telephone: (415) 875-6600
Facsimile: (415) 875-6700
6
│ Kevin P.B. Johnson (Bar No. 177129)
7 │ kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
8 │ victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
9 │ Redwood Shores, California 94065
Telephone: (650) 801-5000
10 │ Facsimile: (650) 801-5100

11 │ William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
12 │ Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
13 │ 865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
14 │ Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100
15
│ Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
16 │ SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
17

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

18 │ UNITED STATES DISTRICT COURT

19 │ NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20 │ APPLE INC., a California corporation,

21 │        Plaintiff,

22 │     vs.

23 │ SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
24 │ ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
25 │ TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,
26
│        Defendants.
27

28

CASE NO. 12-CV-00630-LHK

**SAMSUNG'S FIRST SET OF
INTERROGATORIES TO APPLE**

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung

2  Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics

3  America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for

4  inspection and copying the documents and things set forth below at the offices of Quinn Emanuel

5  Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017,

6  within 30 days.

7                                        **DEFINITIONS**

8    1.    The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,

9  Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,

10  subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,

11  consultant, staff member, or other representative of Apple, Inc., including counsel and patent

12  agents, in any country.

13    2.    The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co.,

14  Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

15    3.    The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

16  ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.   This

17  includes copies which differ from the original in any way, including handwritten notations or other

18  written or printed matter.   It also includes information stored electronically, whether in a

19  computer database or otherwise, regardless of whether such documents are presently also in non-

20  electronic form.

21    4.    "COMMUNICATION," in the plural as well as the singular, means any transmittal

22  and/or receipt of information, whether such was oral or written, and whether such was by chance,

23  prearranged, formal or informal, and specifically includes, but is not limited to, conversations in

24  person, telephone conversations, electronic mail (including instant messages and text messages),

25  voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and

26  video and audio transmissions.

27

28

1    5.    The terms "DATE" and "DATES" mean the exact date(s), if known, or the closest

2 approximation to the exact date(s) as can be specified, including without limitation the year,

3 month, week in a month, or part of a month.

4    6.    The phrases "THIRD PARTY" and/or "THIRD PARTIES" mean all persons who

5 are not parties to this LITIGATION, as well as their officers, directors, employees, agents and

6 attorneys.

7    7.    The term "RELATING TO " or "RELATED TO" shall mean regarding, referring

8 to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving,

9 describing, discussing, commenting on, embodying, responding to, supporting, contradicting,

10 containing, or constituting (in whole or in part).

11    8.    The term "COMPLAINT" refers to APPLE's "Amended Complaint for Patent

12 Infringement" filed August 31, 2012, in the Litigation.

13    9.    The phrase "ANSWER AND COUNTERCLAIMS IN REPLY" refers to "Apple

14 Inc.'s Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims" filed May 31,

15 2012 in the LITIGATION.

16    10.    The term "APPLE PATENTS" shall mean U.S. Patent Nos. 5,666,502, 5,946,647,

17 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, 8,086,604, and all parents, progeny,

18 continuations, applications, divisional applications, reexaminations, or reissues thereof and all

19 foreign counterpart applications and patents.

20    11.    The phrase "APPLE COVERED PRODUCT" means any PRODUCT sold or

21 offered for sale at any time by APPLE that APPLE contends practices any of the APPLE

22 PATENTS.

23    12.    "PRIOR ART" shall mean any reference, publication, patent, physical specimen,

24 use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of

25 the APPLE PATENT including anything that is relevant to the patentability of any patent claim

26 under 35 U.S.C. §§ 102 and 103. Prior Art is not limited to references or other activities cited to

27 the United States Patent and Trademark Office during prosecution of any patent.

28

1    13.    "PATENTED FEATURES" shall refer to the alleged inventions claimed by the

2  APPLE PATENTS and their commercial embodiments.

3    14.    The term "SAMSUNG ACCUSED PRODUCTS" shall refer to the products

4  identified in Apple Inc.'s Disclosure of Asserted Claims & Infringement Contentions and/or

5  Apple's Amended Complaint for Patent Infringement.

6    15.    The term "'087 PATENT" shall mean U.S. Patent No. 7,756,087 and all parents,

7  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

8  and all foreign counterpart applications and patents which claim the same subject matter.

9    16.    The term "'596 PATENT" shall mean U.S. Patent No. 7,551,596 and all parents,

10 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

11 and all foreign counterpart applications and patents which claim the same subject matter.

12    17.    The term "'470 PATENT" shall mean U.S. Patent No. 7,672,470 and all parents,

13 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

14 and all foreign counterpart applications and patents which claim the same subject matter.

15    18.    The term "'757 PATENT" shall mean U.S. Patent No. 7,577,757 and all parents,

16 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

17 and all foreign counterpart applications and patents which claim the same subject matter.

18    19.    The term "'058 PATENT" shall mean U.S. Patent No. 7,232,058 and all parents,

19 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

20 and all foreign counterpart applications and patents which claim the same subject matter.

21    20.    The term "'179 PATENT" shall mean U.S. Patent No. 6,292,179 and all parents,

22 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

23 and all foreign counterpart applications and patents which claim the same subject matter.

24    21.    The term "'449 PATENT" shall mean U.S. Patent No. 6,226,449 and all parents,

25 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

26 and all foreign counterpart applications and patents which claim the same subject matter.

27

28

1      22.     The term "'239 PATENT" shall mean U.S. Patent No. 5,579,239 and all parents,

2  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof

3  and all foreign counterpart applications and patents which claim the same subject matter.

4      23.     The term "SAMSUNG PATENTS" shall mean the '087 PATENT, '596 PATENT,

5  '470 PATENT, '757 PATENT, '058 PATENT, '179 PATENT, '449 PATENT, '239 PATENT,

6  and all parents, progeny, continuations, applications, divisional applications, reexaminations, or

7  reissues thereof and all foreign counterpart applications and patents which claim the same subject

8  matter.

9      24.     The term "APPLE ACCUSED PRODUCTS" shall mean all iPhones, iPads, iPod

10  Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of

11  SAMSUNG's complaints or infringement contentions served in this action as infringing any claim

12  of any SAMSUNG PATENT.

13      25.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or

14  conjunctively, as necessary, to bring within the scope of these requests for production all

15  responses that might otherwise be construed to be outside of their scope.

16      26.     The word "each" includes the word "every," and the word "every" includes the

17  word "each," as necessary, to bring within the scope of these requests for production all responses

18  that might otherwise be construed to be outside of their scope.

19      27.     The word "any" includes the word "all," and the word "all" includes the word

20  "any," as necessary to bring within the scope of these requests for production all responses that

21  might otherwise be construed to be outside of their scope.

22      28.     The word "all" includes the word "each," and the word "each" includes the word

23  "all," as necessary to bring within the scope of these requests for production all responses that

24  might otherwise be construed to be outside of their scope.

25      29.     The use of the singular form of any word includes the plural and vice-versa, as

26  necessary to bring within the scope of these requests for production all responses that might

27  otherwise be construed to be outside of their scope.

28

1            **INSTRUCTIONS**

2            The following instructions shall apply to each of the Interrogatories herein:

3            1.        In answering the following Interrogatories, furnish all available information,

4    including information in the possession, custody, or control of any of PLAINTIFF's attorneys,

5    directors, officers, agents, employees, representatives, associates, investigators or division

6    affiliates, partnerships, parents or subsidiaries, and persons under PLAINTIFF's control, who have

7    the best knowledge, not merely information known to PLAINTIFF based on PLAINTIFF's own

8    personal knowledge. If YOU cannot fully respond to the following Interrogatories after exercising

9    due diligence to secure the information requested thereby, so state, and specify the portion of each

10   Interrogatory that cannot be responded to fully and completely. In the latter event, state what

11   efforts were made to obtain the requested information and the facts relied upon that support the

12   contention that the Interrogatory cannot be answered fully and completely; and state what

13   knowledge, information or belief PLAINTIFF has concerning the unanswered portion of any such

14   Interrogatory.

15           2.        If any information requested is claimed to be privileged or otherwise, provide all

16   information falling within the scope of the Interrogatory which is not privileged, and for each item

17   of information contained in a document to which a claim of privilege is made, identify such

18   document with sufficient particularity for purposes of a motion to compel, such identification to

19   include at least the following:

20                    a.        the basis on which the privilege is claimed;

21                    b.        the names and positions of the author of the information and all other

22                              persons participating in the preparation of the information;

23                    c.        the name and position of each individual or other person to whom the

24                              information, or a copy thereof, was sent or otherwise disclosed;

25                    d.        the date of the information;

26                    e.        a description of any accompanying material transmitted with or attached to

27                              such information;

28                    f.        the number of pages in such document or information;

g. the particular Interrogatory to which such document is responsive; and

whether any business or non-legal matter is contained or discussed in such information.

3. In the event YOU contend that any of these Interrogatories is objectionable, in whole or in part, YOU shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent you are not objecting to it.

4. For any Interrogatory or portion thereof that YOU determine to be vague, overbroad, or unclear, YOU shall adopt a reasonable meaning for that portion of the Interrogatory, state the adopted meaning in YOUR response to the particular Interrogatory, and produce responsive information accordingly.

5. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "including" means "including without limitation."

6. The use of the singular form of any word includes the plural and vice versa.

7. PLAINTIFF's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately identify and describe in detail each and every instance in which APPLE or anyone else has ever given notice to SAMSUNG of the existence and/or the alleged infringement of the APPLE PATENTS, including without limitation: the date of notice; the manner in which notice was given; the patent(s) and the patent claim(s) at issue; the sum and substance of the notice; and the identity of all documents or oral communications constituting such notice.

1  **INTERROGATORY NO. 2:**

2        Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has

3  infringed or is infringing, describe in detail all facts relevant to the conception of that claimed

4  invention, including without limitation: the date of conception, the name of each person who

5  contributed to the conception, the specific contribution made by each such person to the claimed

6  invention, how these persons arrived at their claimed invention, and the identity of all documents

7  (by Bates numbers) relating to such conception.

8

9  **INTERROGATORY NO. 3:**

10       Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has

11  infringed or is infringing, describe in detail all facts relevant to the first reduction to practice of

12  that claimed invention, including without limitation: the date of the first reduction to practice, the

13  name of each person who contributed to the reduction to practice, the nature of each person's

14  contribution, all facts and circumstances relating to any alleged diligence between the asserted

15  conception and reduction to practice dates, the identity of each person with knowledge of such

16  diligence, the nature of each person's participation, involvement, and/or contribution to the

17  diligence in reduction to practice, and the identity of all documents (by Bates numbers) relating to

18  such diligence and reduction to practice.

19

20  **INTERROGATORY NO. 4:**

21       Separately for each of the APPLE PATENTS, identify each APPLE COVERED

22  PRODUCT, which of the APPLE PATENTS are embodied in the APPLE COVERED

23  PRODUCT, the date each APPLE COVERED PRODUCT was first sold in the United States, and

24  whether each APPLE COVERED PRODUCT was marked pursuant to 35 U.S.C. § 287 or

25  otherwise, how each APPLE COVERED PRODUCT was marked including the location and

26  manner of the marking, the individuals or entities that marked each APPLE COVERED

27  PRODUCT, and any interruptions or other changes in the practice of marking the APPLE

28  COVERED PRODUCT since it was first marked. The APPLE COVERED PRODUCTS shall be

1  identified by commercial name, commercial model number, telecommunications carrier (if

2  applicable), date of product announcement, date of product release, "code name," and any other

3  identifiers used internally and/or externally to identify or refer to the product at any point during

4  its research, design, development, manufacture, marketing, sale, transfer, distribution, testing,

5  qualification, importation, export, or otherwise.

6

7  **INTERROGATORY NO. 5:**

8  　　　　Separately for each claim of the APPLE PATENTS, identify each secondary consideration

9  that YOU contend supports the non-obviousness of the invention(s) claimed (e.g., commercial

10  success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching

11  away, simultaneous development, failure of others, unexpected results, commercial acquiescence

12  through acceptance of licenses, departure from acceptable principles of prior art, or acclaim by

13  industry), and for each such alleged secondary consideration describe in detail the facts underlying

14  the alleged secondary consideration.

15

16  **INTERROGATORY NO. 6:**

17  　　　　Please IDENTIFY EACH PERSON who was involved in the prosecution of the APPLE

18  PATENTS -- including without limitation, ALL engineers, developers, programmers, designers,

19  testers, patent agents, attorneys, AND draftsmen -- AND DESCRIBE the role EACH such

20  PERSON played in the prosecution of the APPLE PATENTS.

21

22  **INTERROGATORY NO. 7:**

23  　　　　For each SAMSUNG ACCUSED PRODUCT, describe the circumstances under which

24  APPLE first became aware of each SAMSUNG ACCUSED PRODUCT's alleged infringement,

25  including, but not limited to, the date(s) upon which APPLE first became aware of such

26  SAMSUNG ACCUSED PRODUCT; the date upon which APPLE first became aware that such

27  SAMSUNG ACCUSED PRODUCT allegedly infringed one or more of the APPLE PATENTS;

28  any investigations, reverse engineering, analyses, tests, or studies done on any SAMSUNG

1  ACCUSED PRODUCT by or on the behalf of APPLE with respect to possible infringement of

2  any claim of one or more of the APPLE PATENTS, including without limitation the date,

3  procedures, and results of such analyses, tests, or studies; and an identification of all persons

4  involved in any such analyses, tests, or studies and any related documents.

5

6  **INTERROGATORY NO. 8:**

7      Describe in detail all communications with THIRD PARTIES relating to actual or

8  potential licenses, sublicenses, settlement agreements, technology sharing agreements, or other

9  agreements regarding the APPLE PATENTS, including by identifying by Bates range all

10  documents relating to any such communications.

11

12  **INTERROGATORY NO. 9:**

13      For EACH of the APPLE PATENTS, please set forth the royalty (expressed as a

14  percentage to be applied to gross revenue in the case of a running royalty, AND expressed as a

15  dollar amount in the case of a lump sum royalty, AND expressed as the royalty base) which

16  APPLE believes is appropriate for a non-exclusive license to use such patent.

17

18  **INTERROGATORY NO. 10:**

19      Separately for each of the APPLE PATENTS, state the complete factual and legal basis for

20  YOUR contentions that APPLE is entitled to injunctive relief against infringement of the APPLE

21  PATENTS, including but not limited to: (a) what irreparable injury APPLE has suffered; (b) why

22  other remedies such as monetary damages are inadequate to compensate for that injury; (c) why

23  the balance of hardships between APPLE and SAMSUNG warrants a permanent injunction; and

24  (d) why the public interest would not be disserved by an injunction.

25

26  **INTERROGATORY NO. 11:**

27      Separately for each claim of the SAMSUNG PATENTS, identify each secondary

28  consideration that YOU contend supports the obviousness of the invention(s) claimed, and for

1  each such alleged secondary consideration describe in detail the facts underlying the alleged

2  secondary consideration including any related documents and people most knowledgeable of the

3  secondary consideration.

4

5  **INTERROGATORY NO. 12:**

6      If YOU contend or believe that YOU do not infringe any asserted claim of the SAMSUNG

7  PATENTS, state with specificity the complete factual and legal bases for such contention or

8  belief.

9

10 **INTERROGATORY NO. 13:**

11     Separately for all SOFTWARE produced by APPLE including, but not limited to iOS

12 SOURCE CODE, IDENTIFY: (a) each version of SOFTWARE that corresponds to commercially

13 distributed versions of SOFTWARE; (b) which APPLE ACCUSED PRODUCT was

14 commercially distributed with which version of the SOFTWARE produced by APPLE; and (c) all

15 material differences between the commercially distributed versions of SOFTWARE that are

16 relevant to any aspect, element or function of any APPLE ACCUSED PRODUCT that is alleged

17 to infringe any of the SAMSUNG PATENTS.

18

19 **INTERROGATORY NO. 14:**

20     Describe and identify each communication between YOU and any THIRD PARTY

21 concerning any infringement or possible infringement of any of the patents asserted by either

22 party; or concerning any license, request for license, offer to license or possible license, of any of

23 the patents asserted by either party; or concerning notice of any of the patents asserted by either

24 party, the value of the patents asserted by either party; or concerning the validity, invalidity,

25 enforceability, or unenforceability of the patents asserted by either party. For each such

26 communication identified, identify each person involved in the communication, the date and form

27 of the communication, and provide a brief description of the communication.

28

1   **INTERROGATORY NO. 15:**

2        Identify the person of ordinary skill in the art for each of the APPLE PATENTS and each

3   of the SAMSUNG PATENTS.

4

5   **INTERROGATORY NO. 16:**

6        Describe in detail the factual and legal basis (including the identity of all documents and

7   persons) upon which you will rely to establish, or that contradict, each of YOUR affirmative

8   defenses.

9

10   **INTERROGATORY NO. 17:**

11        Describe in detail the factual and legal basis (including the identity of all documents and

12   persons) upon which you will rely to establish, or that contradict, each of the denials AND

13   allegations set forth in the ANSWER AND COUNTERCLAIMS IN REPLY.

14

15   **INTERROGATORY NO. 18:**

16        Specifically for each of the SAMSUNG PATENTS, identify and explain in detail each

17   design-around and/or alleged alternative technology or method that can be used as an alternative to

18   the patented technology, including but not limited to: (1) a description of the alleged design-

19   around; (2) a description of when and how the alleged design-around was developed; (3) the

20   identity of individuals involved in developing the alleged design-around, including their titles and

21   departments if they are or were Samsung employees; (4) dates when the alleged design-around

22   was incorporated into APPLE's products; and (5) each product available on the market

23   simultaneously with the APPLE ACCUSED PRODUCTS that would have been an acceptable

24   non-infringing alternative for customers who purchased the APPLE ACCUSED PRODUCTS.

25

26   **INTERROGATORY NO. 19:**

27        With respect to each of the APPLE PATENTS and foreign counterparts to each of the

28   APPLE PATENTS, identify any prior art references YOU found or of which YOU were aware but

1   that YOU did not cite or otherwise provide to the United States Patent and Trademark Office prior

2   to the issuance of the patent.

3

4   **INTERROGATORY NO. 20:**

5          If YOU contend or believe that any of the asserted claims of the APPLE PATENTS are not

6   practiced by any of the APPLE COVERED PRODUCTS, identify each such asserted claim and

7   explain in detail the reasons why the respective APPLE COVERED PRODUCT does not practice

8   each such claim, including a description of the differences between the respective APPLE

9   COVERED PRODUCT and any APPLE COVERED PRODUCT that YOU do contend or believe

10   practices the same claim of the APPLE PATENTS.

11

12   **INTERROGATORY NO. 21:**

13          Identify the date on which APPLE first became aware of the SAMSUNG PATENTS, the

14   circumstances by which APPLE first became aware of the SAMSUNG PATENTS, and the

15   identity of each PERSON at APPLE who became aware of the SAMSUNG PATENTS at that

16   time.

17

18   **INTERROGATORY NO. 22:**

19          Please set forth APPLE'S DOCUMENT retention policy in its entirety.

20

21   **INTERROGATORY NO. 23:**

22          Please DESCRIBE when APPLE instituted ANY litigation hold RELATING to the

23   LITIGATION; how APPLE implemented ANY litigation hold RELATING to the LITIGATION;

24   who was responsible for monitoring compliance with such litigation hold; AND ANY instances of

25   non-compliance with such litigation hold.

26

27

28

Case No. 12-CV-00630-LHK
SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE

1   **INTERROGATORY NO. 24:**

2        Please IDENTIFY AND DESCRIBE EACH AND every litigation, dispute OR proceeding

3   -- prior OR current -- RELATING to the validity, enforceability OR ownership of ANY APPLE

4   PATENTS or foreign counterparts to any APPLE PATENTS, including but not limited to: the

5   parties involved in such litigation OR dispute; the court in which such litigation was/is pending,

6   OR the arbitral body before which such dispute was/is pending, or the administrative body before

7   which such proceeding was/is pending; the current status of such litigation, dispute OR

8   proceeding; AND the non-attorney PERSONS at APPLE who are most knowledgeable about such

9   litigation, dispute OR proceeding.

10

11   DATED: September 25, 2012                QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
12

13

14                                    By  /s/ Patrick M. Shields
                                         Charles K. Verhoeven
15                                       Kevin P.B. Johnson
                                         Victoria F. Maroulis
16                                       William C. Price
                                         Patrick M. Shields
17

18                                       John Caracappa (*pro hac vice*)
                                         Steptoe & Johnson, LLP
19                                       1330 Connecticut Avenue, NW
                                         Washington DC 20036
20                                       TEL:   202-429-6267
                                         FAX:   202-429-3902
21

22                                       Attorneys for Defendants
                                         SAMSUNG ELECTRONICS CO., LTD.,
23                                       SAMSUNG ELECTRONICS AMERICA, INC.,
                                         and SAMSUNG TELECOMMUNICATIONS
24                                       AMERICA, LLC

25

26

27

28