# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

February 21, 2013

Palm, Inc.
950 W Maude Ave.
Sunnyvale, CA 94085

Re:   <u>Apple Inc. v. Samsung Electronics Co., Ltd. et al., No. 12-CV-00630-LHK (N.D. Cal.)</u>

Dear Sir or Madam:

Enclosed please find a Subpoena to Produce Documents, Information, or Objects, issued by the United States District Court for the Northern District of California.  These documents are being sought by Samsung Electronics Co., Ltd. ("Samsung") in connection with litigation against Apple Inc. in *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 12-CV-00630-LHK (N.D. Cal.).

Although Samsung has not sought to subpoena deposition testimony from any employees of your company at this time, Samsung expressly reserves the right to do so once counsel for Samsung has had the opportunity to review all documents and materials responsive to the enclosed subpoena.

We look forward to working with you to make this process as expedient and convenient for you as possible.  Please don't hesitate to contact me with any questions or concerns.

Very truly yours,

Amar L. Thakur

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| Apple Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-cv-00630-LHK |
| | ) | |
| Samsung Electronics Co., Ltd. et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Palm, Inc.
     950 W Maude Ave., Sunnyvale, CA 94085

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: | Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive<br>Redwood Shores, CA 94065 | Date and Time:<br>March 5, 2013<br>10 am PST |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   Feb. 21, 2013

                    *CLERK OF COURT*
                                                    OR           *Amar L. Thakur* (signature)

            _____                      _____
            *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Samsung Electronics Co., Ltd. et al.                          , who issues or requests this subpoena, are:
Amar Thakur  amarthakur@quinnemanuel.com  (213) 443-3263
865 S. Figueroa St., 10th Floor, Los Angeles, California 90017

Case 5:12-cv-00630-LHK   Document 540-10   Filed 05/28/13   Page 4 of 14

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    12-cv-00630-LHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 5:12-cv-00630-LHK  Document 540-10  Filed 05/28/13  Page 5 of 14

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
    **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### INSTRUCTIONS

1. This subpoena seeks documents in existence as of the date of service hereof or coming into your possession, custody, or control before the date of the production, and to the full extent permitted by the Federal Rules of Civil Procedure.

2. This subpoena shall apply to all documents in your possession, custody or control as of the date of service hereof or coming into your possession, custody, or control before the date of the production, and to the full extent permitted by the Federal Rules of Civil Procedure.

3. Should you seek to withhold any document based on some limitation of discovery (including privilege), you must supply a list of the documents for which limitation of discovery is claimed, indicating:

    a. the identity(ies) of each document's author(s), writer(s), sender(s), or initiator(s) and their positions;
    b. the identity(ies) of each document's recipient(s), addressee(s), or party(ies) for whom it was intended and their positions;
    c. the date of creation or transmittal indicated on each document, or estimate of that date, indicated as such, if no date appears on the document;
    d. the general subject matter as described on each document, or, if such description does not appear, then some other description sufficient to identify the document; and
    e. the claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

To the extent such information is contained within a document for which a claim of privilege has been made, you must provide a privileged document list within 10 calendar days of the date upon which answers and objections to these interrogatories are due

4. If any of the documents requested by this subpoena are considered confidential information within the meaning of the Patent Local Rule 2-2 Interim Model Protective Order for the United States District Court for the Northern District of California ("Protective Order"), such documents should be produced subject to the terms and provisions of the Protective Order.

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If you propound any written answers to the requests in Exhibit A, repeat verbatim, immediately before each answer, the request being answered.

7. Where an identified document is in a language other than English, state whether an English translation of such document exists. If a document is in a language other than English and an English translation exists, identify and provide both documents.

8. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which they were derived sufficient to permit rendering the materials intelligible.

9. File folders with tabs or labels identifying documents called for by these requests must be produced intact with such documents.

10. Documents attached to each other must not be separated.

## DEFINITIONS

1. "You," "Your," and "HP" mean and refer collectively to the Hewlett-Packard Company, its predecessors in interest, subsidiaries, joint ventures, affiliates, and other legal entities that are or were wholly or partially owned or controlled by HP, including without limitation Palm, Inc., either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of these same entities.

2. "Palm OS 3-5 devices" means all mobile computing devices capable of running the Palm Operating system versions 3, 4, and 5.

3. "Palm device" means any portable electronic device manufactured or sold by Palm, Inc.

4.	The "'614 Patent" means United States Patent No. 7,289,614, entitled "Making a Call from an Address List or a Call History List," issued October 30, 2007 and assigned to PalmSource, Inc. and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

5.	The "'229 Patent" means United States Patent No. 7,231,229, entitled "Communication Device Interface," issued June 12, 2007 and assigned to Palm, Inc., and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

6.	The term "Software" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

7.	The term "Executable Software" shall mean computer files containing encoded instructions capable of being executed by a processing unit (e.g. central processing unit, microcontroller, digital signal processor), and any release notes describing the features or modification of such files.  The term shall include, without limitation, firmware and executable binary files.

8.	The term "source code" shall mean human-readable programming language text that defines Software, firmware, or electronic hardware descriptions.  Source Code files include, but are not limited to, files containing source in "Java", "C", "C++", assembler, VHDL, Verilog, and digital signal processor ("DSP") programming languages.  Source Code files further includes "Include" files, "make" files, link files, and other human-readable text files used in the

generation or building of Software directly executed on an application processor, microcontroller, or DSP.

9.  "Apple" means Apple, Inc. and its principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys.

10. "The '849 Patent" means United States Patent No. 7,657,849 and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

11. "The '721 Patent" means United States Patent No. 8,046,721 and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications. Including without limitation continuation United States Patent Nos. 8,286,103 and 8,209,637.

12. "The '870 Patent" means United States Patent No. 7,480,870 and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

13. "The '225 Patent" means United States Patent No. 7,793,225 and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

14. "The ''760 Patent" means United States Patent No. 8,014,760, entitled "Missed Telephone Call Management For a Portable MultiFunction Device," issued September 6, 2011 and assigned to Apple, Inc., and all related patents and patent applications, including foreign counterpart patents and applications and related foreign patents and applications.

15. The term "documents" includes all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence and

includes without limitation the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, or recorded in any other way, and whether or not claimed to be privileged or confidential or personal: letters; correspondence; memoranda; notes; reports; records; agreements; working papers; communications (including intradepartmental and interdepartmental communications); summaries or records of personal conversations; calendars; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; opinions or reports of consultants; patents and patent application materials; patent appraisals; printed publications; trademark applications, certificates of registration, opinions of counsel; memoranda of agreements, assignments, licenses; reports of or summaries of either negotiations within or without the corporation or preparations for such; bulletins; material and manufacturing specifications; material packaging; manufacturing logs; equipment specifications and operating information; product packaging; designs; instructions; advertisements; literature; work assignments; memoranda of conversations; notes; notebooks; drafts; data sheets; worksheets; contracts; memoranda of agreements; assignments; licenses; minute books of account; orders; invoices; statements; bills; checks; vouchers; photographs; drawings; charts; catalogs; brochures; computer files; computer discs; software; articles; manuals; pamphlets; advertisements; circulars; press releases; drafts of any documents; books; instruments; accounts; bills of sale; tapes; electronic communications including E-mails; telegraphic communications and all other material of any tangible medium of expression; and original or preliminary notes. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

16. "Thing(s)" has the broadest meaning allowable under Federal Rule of Civil Procedure 34, and includes any tangible object other than a document and, without limitation, objects of every kind and nature, as well as prototypes, models, or physical specimens thereof.

17. "Including" means including, but not limited to.

18. "Communication" means any document received by, transmitted to, conveyed to, or delivered to you from any person or entity or from you to any person or entity including electronic mail and oral communications reduced to writing.

19. Unless otherwise indicated by the context, the term "identify":

   a. when used in connection with documents, means to furnish a brief description of the nature of the document, its title or identifying symbol, its date, and the name and address of the person, if any, to whom it was directed, the location thereof, and its present custodian;

   b. when used in connection with a person or persons, means to furnish a statement of the full name, job title or function, the last known business address and telephone number and the last known home address and telephone number;

   c. when used in connection with things, including products or other physical objects, means to furnish a complete description of the things, including its common designation, its composition, its physical characteristics, its present or last known location, and any other distinguishing characteristics.

20. "Date" means the exact day, month, and year if ascertainable, or if not, your best approximation thereof.

21. The term "concerning," in addition to its usual and customary meaning, shall also mean relating to, alluding to, referring to, constituting, describing, discussing, evidencing, or regarding.

22. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

23. The use of the singular form of any word includes the plural and vice versa.

24. All pronouns shall be construed to refer to the masculine, feminine, or neutral gender, in singular or plural, as in each case makes the request more inclusive.

**DOCUMENT REQUESTS**

1. Documents sufficient to show any sales within the United States prior to December 23, 2005 of any Palm devices running Palm OS 3-5 , including without limitation purchase orders, invoices, shipping labels, and/or packaging lists.

2. Documents sufficient to show marketing, advertising, or promotional efforts related to Palm devices running Palm OS 3-5 prior to December 23, 2005.

3. Documents sufficient to identify every type of Palm device on which Windows Mobile 5.0 was installed prior to September 6, 2006.

4. Documents sufficient to identify the quantity of each type of Palm device sold prior to September 6, 2006 with Windows Mobile 5.0 installed.

5. Documents sufficient to identify the quantity of Palm Treo 700w devices sold prior to September 6, 2006 with Windows Mobile 5.0 installed.

6. Documents sufficient to identify the quantity of each type of Palm device on which Windows Mobile 5.0 was installed prior to September 6, 2006.

7. Manuals, users guides, brochures, and/or promotional materials concerning the use of Windows Mobile 5.0 on any Palm device prior to September 6, 2006.

8. Documents and Things, including but not limited to representative samples of Software and Executable Software, for Windows Mobile 5.0 as installed on any Palm device prior to September 6, 2006.

9. Documents sufficient to identify any commercial embodiment of the inventions described and claimed in the '614 Patent.

10. Documents sufficient to identify the quantity of any devices practicing the '614 Patent that were sold prior to September 6, 2006.

11. Documents and Things, including but not limited to representative samples of Software and Executable Software, for any embodiment of the '614 Patent that was part of a commercial product prior to September 6, 2006.

12. Documents sufficient to identify any commercial embodiment of the inventions described and claimed in the '229 Patent.

13. Documents sufficient to identify the quantity of any devices practicing the '229 Patent that were sold prior to September 6, 2006.

14. Documents and Things, including but not limited to representative samples of Software and Executable Software, for any embodiment of the '229 Patent that was part of a commercial product prior to September 6, 2006.

15. Any communications with Apple concerning the '849 Patent, the '721 Patent, the '870 Patent, the '225 Patent and/or the '760 Patent.