# EXHIBIT 9

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| Apple Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:12-cv-00630-LHK |
| | ) | |
| Samsung Electronics Co., LTD, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of California   ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Custodian of Records, Embarcadero Technologies, 5617 Scotts Valley Drive #200, Scotts Valley, CA 95066

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: | Quinn Emanuel Urquhart and Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 | Date and Time:<br>9:00 am PST<br>November 30, 2012 |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   Nov. 16, 2012

CLERK OF COURT

OR

_____                    *Amar L. Thakur*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Samsung Electronics Company, LTD                                                                          , who issues or requests this subpoena, are:
Amar Thakur amarthakur@quinnemanuel.com  (213) 443-3263
865 S. Figueroa St., 10th Floor, Los Angeles, California 90017

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     5:12-cv-00630-LHK

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

### DEFINITIONS

The requests for production, as well as the Instructions provided above, are subject to and incorporate the following definitions and instructions as used herein:

1. The term "DOS" means Disk Operating System.

2. The terms "EMBARCADERO TECHNOLOGIES," "YOU," and "YOUR" shall refer to Embarcadero Technologies, Inc. and any predecessor or successor of Embarcadero Technologies, Inc., and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Embarcadero Technologies, Inc.

3. The term "SIDEKICK" means the personal information manager software for use on the DOS operating system, sold and offered for sale by Borland beginning on or about 1983 and continuing at least through 1995, both bundled with other products, such as modem hardware, and as a standalone product, an example of which is described in *Sidekick – Owner's Handbook* (Borland Int'l 1985), attached hereto as Exhibit 3.

4. The terms "BORLAND SOFTWARE," and "BORLAND" shall refer to the Borland Software Corporation and any predecessor or successor of Borland, and any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, or other representative of Borland.

5. The term "BORLAND TURBO C++" means the C++ integrated development environment developed and sold by Borland beginning in about 1990 and marketed under the name "Borland Turbo C++" and as part of the "Borland Turbo Suite."

6. The term "BORLAND C++" means the C++ integrated development environment developed and sold by Borland beginning in about 1991 and marketed under the name "Borland C++."

7. The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning

ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. The term shall include within its meaning, by way of example and not limitation, any and all accounts, analyses, books, CDs, calendars, commercial paper, communications, correspondence, DVDs, process flows, manuals, e-mail, films, financial statements, floppy disks, hard disks, inter-office memoranda, invoices, ledgers, letters, licenses, logs, memoranda, microfilms, minutes, notes, notes of conversations, notes of meetings, notes of telephone calls, office communications, photographs, printouts, recordings of conversations (whether written or electronic), reports, schedules, storage tape, task lists, telegrams, telephone bills, videotapes or other video recordings, and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ from the original in any way, including handwritten notations or other written or printed matter. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. A draft or non-identical copy of a Document is a separate Document within the meaning of this term.

    8.    The term "SOFTWARE" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

    9.    The term "EXECUTABLE SOFTWARE" shall mean computer files containing encoded instructions capable of being executed by a processing unit (e.g. central processing unit, microcontroller), and any release notes describing the features or modifications of such files. The term shall include, without limitation, firmware and executable binary files.

    10.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications

and electronic mail.

11. "IDENTIFY" when used in reference to:

(1) An individual, means to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, history of employment of that individual;

(2) A firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation and to identify each agent that acted for it with respect to the matters relating to the request or answer;

(3) A DOCUMENT, means to state the date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the persons to whom the writing was distributed, the production number, and the type of document, *i.e.*, publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying the document, and its present location and custodian;

(4) A Communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it;

(5) A date, means to state the date and set forth the basis for Your contention that the date is responsive to the request; and

(6) A product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently. For a product, provide all designations for the product, from the most specific to the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations.

12. The term "person" or "persons" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies. The masculine includes the feminine and vice

versa; the singular includes the plural and vice versa.

13. The terms "any," "all," "every," and "each" shall each mean and include the other as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of their scope.

14. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

15. The term "THING" refers to any physical specimen or tangible item in Your possession, custody or control, including research and development samples, prototypes, production samples, and the like.

16. The terms "referring to," "relating to," "concerning" or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising or are otherwise pertinent to the matter or any aspect thereof.

17. The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of these requests for production all responses that might otherwise be construed to be outside of its scope.

18. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

1. This subpoena seeks DOCUMENTS in existence as of the date of service hereof and to the full extent permitted by the Federal Rules of Civil Procedure.

2. This subpoena shall apply to all DOCUMENTS in your possession, custody or control as of the date of service hereof or coming into your possession, custody, or control before the date of the production.

3. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copyee(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the DOCUMENT's subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the persons who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

4. Should you seek to withhold any DOCUMENT based on some limitation of discovery (including privilege), you must supply a list of the DOCUMENT for which limitation of discovery is claimed, indicating:

   a. the identity(ies) of each DOCUMENT's author(s), writer(s), sender(s), or initiator(s) and their positions;

   b. the identity(ies) of each DOCUMENT's recipient(s), addressee(s), or party(ies) for whom it was intended and their positions;

   c. the date of creation or transmittal indicated on each DOCUMENT, or estimate of that date, indicated as such, if no date appears on the DOCUMENTS;

   d. the general subject matter as described on each DOCUMENT, or, if such description does not appear, then some other description sufficient to identify the Document; and

   e. the claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

5. If any of the DOCUMENTS are considered "confidential business information" or "source code," as those terms are defined in the protective order attached as Exhibit 2 ("Protective Order"), such DOCUMENTS should be produced subject to the terms and provisions of the Protective Order.

6.  If no Documents are responsive to a particular request, you are to state that no responsive DOCUMENTS exist.

7.  If you propound any written answers to the requests for DOCUMENTS to be Produced, repeat verbatim, immediately before each answer, the request being answered.

8.  Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

9.  File folders with tabs or labels identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

10. DOCUMENTS attached to each other must not be separated.

## DOCUMENTS TO BE PRODUCED

1.  All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles and publications relating to any and all versions of Borland Turbo C++, including floppy disk and/or CDs for installing and running such products, that were manufactured, sold, publicly used, publicly known, or offered for sale in the U.S. prior to August 7, 1995.

2.  DOCUMENTS sufficient to identify, by build name or number, Borland Turbo C++ products that You manufactured, sold, publicly used, offered for sale or that were publicly known, in the U.S. prior to August 7, 1995.

3.  For each Borland Turbo C++ product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to August 7, 1995, DOCUMENTS sufficient to show Your marketing, advertising or promotional efforts related to those products.

4.  For each Borland Turbo C++ product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to August 7, 1995, DOCUMENTS sufficient to show the time period during which each such product was sold and the total quantity of products sold.

5.  For each Borland Turbo C++ product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to August 7, 1995, DOCUMENTS that identify any persons knowledgeable about the creation, design, development, and operation of such products.

6. All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles and publications relating to any and all versions of Borland C++, including floppy disk and/or CDs for installing and running such products, that were manufactured, sold, publicly used, publicly known, or offered for sale in the U.S. prior to August 7, 1995.

7. DOCUMENTS sufficient to identify, by build name or number, Borland C++ products that You manufactured, sold, publicly used, offered for sale or that were publicly known in the U.S. prior to August 7, 1995.

8. For each Borland C++ product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to August 7, 1995, DOCUMENTS sufficient to show Your marketing, advertising or promotional efforts related to those products.

9. For each Borland C++ product that You manufactured, sold, publicly used, publicly known, or offered for sale in the U.S. prior to August 7, 1995, DOCUMENTS sufficient to show the time period during which each such product was sold and the total quantity of products sold.

10. For each Borland C++ product that You manufactured, sold, publicly used, publicly known, or offered for sale in the U.S. prior to August 7, 1995, DOCUMENTS that identify any persons knowledgeable about the creation, design, development, and operation of such products.

11. All DOCUMENTS and THINGS, including but not limited to SOFTWARE, EXECUTABLE SOFTWARE, technical plans, diagrams, workbooks and other descriptions, instruction manuals, user guides, published articles and publications relating to any and all versions of Sidekick, including floppy disk and/or CDs for installing and running such products, that were manufactured, sold, publicly used, publicly known, or offered for sale in the U.S. prior to February 1, 1995.

12. DOCUMENTS sufficient to identify, by build name or number, Sidekick products that You manufactured, sold, publicly used, offered for sale or that were publicly known in the U.S. prior to February 1, 1995.

13. For each Sidekick product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to February 1, 1995, DOCUMENTS sufficient to show Your marketing, advertising or promotional efforts related to those products.

14. For each Sidekick product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to February 1, 1995, DOCUMENTS sufficient to show the time period during which each such product was sold and the total quantity of products sold.

15. For each Sidekick product that You manufactured, sold, publicly used, offered for sale or that was publicly known in the U.S. prior to February 1, 1995, DOCUMENTS that identify any persons knowledgeable about the creation, design, development, and operation of such products.