QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-CV-00630-LHK (PSG)

**SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION**

Date: July 2, 2013
Time: 10:00 a.m.
Courtroom: 5, 4th Floor
Honorable Paul S. Grewal

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 2, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order precluding Apple, Inc. ("Apple") from asserting dates of conception for U.S. Patent Nos. 5,666,502 ("the '502 Patent"), 7,761,414 ("the '414 Patent"), 8,014,760 ("the '760 Patent"), and 8,074,172 ("the '172 Patent") earlier than those dates identified in Apple's November 8, 2012 response to Samsung's Interrogatory No. 2.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Samsung seeks an order precluding Apple from asserting dates of conception for Apple's asserted patents earlier than those dates identified in Apple's November 8, 2012 response to Samsung's Interrogatory No. 2.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Apple should be precluded from asserting dates of conception for Apple's asserted patents earlier than those dates identified in Apple's November 8, 2012 response to Samsung's Interrogatory No. 2.

**SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

Pursuant to Civil L.R. 37-2, Samsung's Interrogatory No. 2 is set forth in full below along with Apple's objections and responses:

**INTERROGATORY NO. 2:**

Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has infringed or is infringing, describe in detail all facts relevant to the conception of that claimed invention, including without limitation: the date of conception, the name of each person who contributed to the conception, the specific contribution made by each such person to the claimed invention, how these persons arrived at their claimed invention, and the identity of all documents (by Bates numbers) relating to such conception.

**RESPONSE TO INTERROGATORY NO. 2:**

[redacted]





-v

SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**







[redacted]

## SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action. Samsung's efforts to resolve this dispute without court intervention are described in paragraphs 13-15 of the Declaration of Amar Thakur ("Thakur Decl."), submitted herewith.

DATED: May 28, 2013

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By */s/ Victoria Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

## INTRODUCTION

Early in discovery, Samsung served interrogatories seeking all facts relevant to the conception of Apple's asserted patents, including the dates of conception for those patents. Apple answered those interrogatories on November 8, 2012. For the next five months, Samsung took follow-up discovery based on Apple's responses, which included taking the depositions of named inventors of each of Apple's '502, '414, '760, and '172 patents.

With just over three months remaining before the close of fact discovery, and the deadline for expert reports rapidly approaching, Apple served supplemental interrogatory responses that move back the alleged dates of conception of four of its asserted patents—by as much as eighteen months. Questions and answers regarding conception during six inventor depositions for these patents have been rendered obsolete by Apple's "shifting sands" approach to its contentions. To correct this deficiency, Samsung will be forced to use remaining—and already limited—deposition hours to retake inventor depositions.

Additionally, in reliance on Apple's asserted date of conception for its '414 and '760 patents, Samsung has taken prior art discovery, involving source code, from third party Microsoft, that must be revisited. Samsung has spent months pursuing, reviewing, and analyzing that discovery. Apple's change in its conception date for these patents, and its delay in providing notice of the changed date, has forced Samsung to go back to Microsoft and request production of source code for earlier versions of its products. Apple should not be allowed to wait until the end of discovery to change the purported conception dates for its own patents—information that was readily available to Apple when it commenced this litigation in February of 2012. The Court should preclude Apple from relying on these new dates.

## FACTUAL BACKGROUND

Apple filed its Complaint on February 8, 2012, asserting Samsung infringed eight patents, including U.S. Patent Nos. 8,074,172; 8,014,760; 5,666,502; and 7,761,414. On May 2, 2012, the Court issued a Minute Order and Case Management Order setting the briefing and hearing schedule for this matter along with setting several discovery deadlines related to this case. Dkt. No. 160. The Court adopted the parties' joint proposals regarding discovery limitations, ordered

that the parties provide Disclosures of Asserted Claims and Infringement Contentions in accordance with the Local Rules by June 15, 2012, and set a Fact Discovery Cut Off deadline of July 8, 2013. *Id.*

On June 15, 2012, Apple served its Disclosure of Asserted Claims and Infringement Contentions ("Apple's Disclosure") as required by Patent Local Rules 3-1 and 3-2. Thakur Decl., Ex. A. Patent Local Rule 3-2(b) requires that parties "produce to each opposing party or make available for inspection and copying . . . [a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier." Patent L.R. 3-2(b). Apple's Disclosure included a large set of documents allegedly "evidencing conception, reduction to practice, design and development of the claimed inventions." Thakur Decl., Ex. A at 5-8.

Samsung served its first set of Interrogatories to Apple on September 25, 2012. Thakur Decl., Ex. B. Interrogatory No. 2 seeks all facts relevant to the conception of Apple's asserted patents, "including without limitation: the date of conception, the name of each person who contributed to the invention, how these persons arrived at their claimed invention, and the identity of all documents (by Bates numbers) relating to such conception." *Id.* Apple responded on November 8, 2012, and asserted dates of conception for the following asserted Apple Patents relevant to this Motion: [redacted] Thakur Decl., Ex. C at 9-11.

With Apple's interrogatory responses in hand, Samsung began to take discovery regarding the Apple patents, including by deposing Apple's named inventors. Samsung took the deposition of six named inventors of these patents during the period of November 8, 2012 to April 10, 2013.[1]

---

[1] Samsung deposed Stephen Capps, named inventor of the '502 patent, on December 7, 2012; Gordon Freedman, named inventor of the '414 patent, on January 16 and 17, 2013; Michael Matas, named inventor of the '760 patent, on January 24, 2013; Scott Herz, named inventor of the '760 patent, on March 14, 2013; Scott Forstall, named inventor of the '760 patent, on March 29,

Samsung questioned these inventors about the conception of the subject matter of their patent at their depositions. *See, e.g.,* Thakur Decl., Ex. G at 55:8-10 [2] *see also* Thakur Decl., Ex. D at 45:15-16, 69:14-71:16; Ex. E at 8:22-9:5; Ex. F at 167:11-170:9; Ex. I at 114:9-14; Ex. J at 54:6-64:17.

Five months later (on April 10, 2013), Apple supplemented its responses to Samsung's Interrogatory No. 2. Thakur Decl., Ex. K. With no explanation as to why the "new" information was not available earlier, Apple's supplemental responses now assert earlier dates of conception for four of its asserted patents: Thakur Decl., Ex. K at 5-9. Apple's supplemental response also references new documents in support of Apple's assertions, but Apple did not update its Disclosure of Asserted Claims and Infringement Contentions under Patent Local Rule 3-6, nor has Apple sought leave of court to do so.

On May 1, 2013, Samsung wrote to meet and confer with Apple regarding a number of issues relating to Apple's supplemental response to Interrogatory No. 2, including Apple's newly asserted conception dates for the '502, '414, '760 and '172 patents. Thakur Decl., Ex. L. Samsung pointed out that the new dates were highly prejudicial to Samsung, given that Apple changed the dates a mere three months before the close of fact discovery, as Apple's assertions would require new prior art searches and efforts to locate new witnesses in light of the earlier conception dates. *Id.* Samsung requested that Apple agree to withdraw the new dates. *Id.*

Apple never responded to the portion of Samsung's letter regarding Apple's new conception dates. Thakur Decl., ¶ 13. Samsung raised the issue at the parties' Lead Counsel Meet

---

2013; and Bas Ording, named inventor of the '172 patent, on April 4, 2013. Thakur Decl., Exs. D-J.

[2] Mr. Matas is a named inventor of the '760 patent. At the time of Mr. Matas' deposition, Apple was asserting a date of conception for the '760 of September 6, 2006. Samsung spent a considerable amount of deposition time discussing Mr. Matas' activity in late 2006. *See, e.g.,* Thakur Decl. Ex. G at 91:15-95:3.

and Confer, held on May 15, 2013. Thakur Decl., ¶ 15, and Ex. M at 2. Apple refused to withdraw the newly asserted dates. Thakur Decl., ¶ 15.

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE APPLE FROM ASSERTING EARLIER DATES OF CONCEPTION

#### A. Dates of Conception are Critical in Patent Litigation

To establish an invention date prior to the date of the patent filing date, a patentee must demonstrate "conception coupled with reasonable diligence in reducing the invention to practice . . . ." *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed.Cir. 2003). It is presumed that the invention date is the filing date of the asserted patent, or the asserted patent's parent, until an earlier date is proved. *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 449 (Fed.Cir. 1986). Once a party challenging a patent's validity makes a prima facie case of invalidity based on prior art, the burden shifts to the patentee to come forth with evidence of an earlier invention date. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed.Cir. 2008).

Accurate information concerning the date of conception of an asserted patent is necessary for any defense or claim that a patent is invalid as anticipated or obvious. *See* 35 U.S.C. §§ 102 & 103; *see also Lamoureux v. Genesis Pharmacy Services, Inc.*, 226 F.R.D. 154, 160 (D. Conn. 2004). An interrogatory seeking such information is fully appropriate and expected, and the information is "patently relevant." *Lamoureux*, 226 F.R.D. at 160 (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

Here, Samsung's Interrogatory No. 2 seeks such information and Apple provided its responses over six months ago. Since that time, Samsung has taken significant discovery and prepared its invalidity defenses based on the dates of conception that appeared in Apple's November 2012 interrogatory responses. Patent searches by Samsung and its experts relied on those dates of conception. Thakur Decl. ¶ 4. Samsung has deposed Apple's inventors. Apple's new responses will force Samsung to re-do this work.

1. Apple's dilatory supplementation of critical interrogatory responses renders Samsung's prior depositions useless at a time where such harm cannot easily be cured.

This is no small point—the parties in this case are *strictly limited* in the amount of time they have available to take depositions. *See* Dkt. No. 160. The court has limited the parties to 140 hours of total deposition time, with each deposition counting for a minimum of three and a half hours. *Id.*[3] Samsung has expended almost eleven hours—7.8% of its total deposition allowance—across multiple inventor depositions inquiring about conception dates that Apple's supplemental responses have now rendered irrelevant.[4] *See, e.g.*, Thakur Decl., Ex. D at 45:15-16, 69:14-71:16; Ex. E at 8:22-9:5; Ex. F at 167:11-170:9; Ex. G at 55:8-10 and 91:15-95:3; Ex. I at 114:9-14; Ex. J at 54:6-64:17. One of these depositions occurred *within seven days* of Apple's supplemental answers. *See* Thakur Decl., Ex. J. Yet Apple failed to notify Samsung that it was preparing to amend its critical allegations concerning the material changes to its dates of conception, as it was required to do. *See* Fed. R. Civ. P. 26(e)(1)(A) (party must supplement or correct its Interrogatory response "if the additional or corrective information has not otherwise been made known to the other parties").

Samsung expended time and effort organizing and attending these depositions at a time that would not disrupt the procedural schedule. Now, with little over a month remaining in fact discovery, Samsung is forced to retake all of these depositions while maintaining its current

---

[3] The parties have agreed that depositions shared between this case and *Motorola Mobility LLC v. Apple Inc.* (S.D. Fla. 12-cv-20271-RNS), which shares similar issues and many of the same patents, only count for half time, and have an adjusted minimum of one hour and forty five minutes. Furthermore, any time spent discussing patents that are at issue in only one of the cases does not count against the total time in the other case. Thakur Decl., ¶ 19.

[4] The exact times were as follows: Scott Forstall: two hours and two minutes (four hours and four minutes in total, halved since shared with Motorola); Gordon Freedman: four hours and fifty-eight minutes (no special treatment); Scott Herz: one hour and forty five minutes (three hours and twenty eight minutes in total, halved since shared with Motorola, raised to half minimum time); Bas Ording: two hours and eight minutes (six hours and fourteen minutes in total, one hour and fifty nine minutes spent discussing patents only at issue in the Motorola case, remaining four hours and fifteen minutes halved since shared with Motorola). Stephen Capps and Michael Matas were deposed as third parties, and thus their deposition time does not count against Samsung's total. *See* Dkt. No. 160.

deposition commitments.[5] Furthermore, Samsung has already made several compromises regarding depositions due to the strict time commitments set in this case. It will be highly prejudicial to force Samsung to retake multiple depositions while rebalancing its current deposition schedule in enough time to allow for follow-up discovery during the fact discovery period.

2. Apple's dilatory supplementation of critical interrogatory responses ignores the requirements of the Patent Local Rules.

Required Patent Local Rule disclosures, which are designed to pinpoint the parties' contentions early in the case, were due almost a year ago (in June 2012)—and Samsung is entitled to rely on them. *See Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1123 (N.D.Cal. 2006) ("The patent local rules were adopted by this district in order to give claim charts more "bite." The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.") (quoting *Integrated Circuit Systems v. Realtek Semiconductor Co.,* 308 F.Supp.2d 1106, 1107 (N.D.Cal. 2004)). Apple's late amendment prejudices Samsung's ability to prepare invalidity defenses and to adequately defend itself by, in effect, requiring Samsung to start over at the beginning with regard to four of the Apple asserted patents.

Indeed, Apple's "vexatious shuffling of positions" creates the very "kind of legal musical chairs" that the Patent Local Rules were designed to prevent. *See Rambus Inc. v. Hynix Semiconductor Inc.,* 569 F. Supp. 2d 946, 980 (N.D. Cal. 2008) (quoting *Atmel Corp. v. Information Storage Devices Inc.*, 1998 WL 775115, *2 (N.D.Cal.1998)) (noting that the Patent Local Rules "strongly discourage" a party from shifting its claim construction positions). The Patent Local Rules are designed to promote efficient and equitable access to justice. Waiting until after depositions to change key facts relevant to that deposition is inequitable. *See Rambus,* 569 F. Supp. 2d at 980 (holding that shifting claim construction positions after an expert's deposition is a "clear inequity" where it prevented timely depositions on the new positions prior to opening and reply briefs). Apple's dilatory approach to this critical information should not be tolerated.

---

[5] Samsung and Apple have noticed a total of 118 depositions between now and July 8, 2013. However, the dates of many of those depositions are unconfirmed.

3. Apple's belated supplementation prejudices Samsung's ability to defend itself.

Apple's eleventh-hour update to its alleged dates of conception greatly prejudices Samsung's ability to adequately prepare a full defense. First, Apple's delay in providing notice of the alleged conception date of the '414 patent—which is based entirely upon information Apple has had in its possession since at least the filing of this lawsuit—came nearly three months after the deposition of the sole named inventor of the '414 patent, Gordon Freedman. The fact that Apple did not identify documents it believes support a prior date of conception in advance of Mr. Freedman's deposition prejudiced Samsung in its ability to examine Mr. Freedman regarding these documents, or to establish his inability to corroborate the alleged date.

Second, Samsung is relying on the Microsoft Windows Vista Operating System ("Vista") as prior art against the '414 patent. On December 17, 2012, Samsung served a subpoena on Microsoft Corporation ("Microsoft") seeking documentation and source code about Vista, including two specific versions of the software, Vista Beta 1 and Vista Beta 2. Thakur Decl. Ex. N. Vista Beta 1 was released in July 2005—prior to Apple's newly alleged conception date—and Vista Beta 2 was released in May 2006—after the new date. In response to the subpoena, Microsoft made Vista source code available for inspection on March 1, 2013, in the offices of its outside counsel in Philadelphia, PA. Since that date, Samsung has invested considerable time and effort analyzing the produced source, with the understanding that Vista Beta 2 would sufficiently predate the '414 patent. In light of Apple's newly alleged conception date for the '414 patent, however, Samsung can no longer rely on Vista Beta 2 and must expend additional resources evaluating Vista Beta 1 exclusively. Thakur Decl., ¶ 16.

Similarly, Samsung is relying on the Microsoft Windows Mobile operating system ("Windows Mobile") as prior art against the '760 patent. On August 31, 2012, Samsung served a subpoena on Microsoft seeking documentation and source code concerning Windows Mobile 5, a version of the Windows Mobile operating system that was released in 2005. Thakur Decl., Ex. O In early January 2013, Microsoft made the Windows Mobile source code available for inspection, and Samsung inspected the source code on January 16-18, 2013. Samsung has analyzed that

source code and included references to that code in the Amended Invalidity Contentions that it served on Apple on March 25, 2013. Thakur Decl., ¶ 17. However, in light of Apple's new date of conception, Samsung has had to go back to third-party Microsoft to request production of source code for earlier versions of the Windows Mobile operating system. Thakur Decl., ¶ 18 and Ex. P. As of the date of this motion, Microsoft has not produced source code for the earlier version of Windows Mobile, and even assuming Microsoft completes its production by June 1, Samsung will be left with little more than one month to analyze the source code and amend its invalidity contentions accordingly.

Apple's delay in providing notice of the alleged conception dates of the '414 and '760 patents has not only prejudiced Samsung in preparing its invalidity contentions, but also has prejudiced and will continue to prejudice third party Microsoft by forcing it to revisit subpoena obligations it believed were already satisfied, and host ongoing source code review so that Samsung may evaluate earlier versions of the Vista and Windows Mobile source code. Furthermore, Apple's vastly fluctuating dates raise concerns whether these new dates will be further supplemented and changed. Apple's late supplementation is highly disruptive and should not be tolerated.

B. Preclusion Is An Appropriate Sanction In This Situation

An excessive delay of information concerning dates of conception can deny fair adjudication where the date of conception is critically important. *See Caron v. QuicKUTZ, Inc.*, 2012 WL 5497869 at *17 (D.Ariz. 2012) (dismissing a suit for patent infringement with prejudice where plaintiff patent holder failed to produce documents related to the date of conception in a timely manner). In such situations, preclusion and even dismissal with prejudice is an appropriate sanction. *See id.*, *see also* Fed. R. Civ. P. 37(d) (when party fails to respond to interrogatories, court "may make such orders in regard to the failure as are just," including any sanction authorized under Rule 37(b)(2)). Apple's assertion of new conception dates up to a year and a half earlier than its prior conception dates effectively requires Samsung to restart its efforts into determining the validity of Apple's patents. Thus, the Court should preclude Apple from relying on those new dates.

If the Court does not preclude Apple from relying on its unfairly amended dates of conception, Samsung requests that the Court either (i) allow Samsung to reopen these depositions to ask about the new dates of conception without such depositions counting towards Samsung's 140 hour total deposition time, or (ii) credit Samsung with additional deposition time to compensate Samsung for the time it wasted investigating Apple's false interrogatory responses.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Samsung's Motion to Preclude Apple from Asserting Untimely Dates of Conception and preclude Apple from asserting the amended dates of conception for the '502, '414, '760, and '172 patents, or, in the alternative, should GRANT Samsung's request for additional depositions or deposition time.

DATED: May 28, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC