# EXHIBIT B

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>Patrick M. Shields (Bar No. 204739)<br>patrickshields@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:    (213) 443-3000<br>Facsimile:    (213) 443-3100 | STEPTOE & JOHNSON, LLP<br>John Caracappa (*pro hac vice*)<br>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 429-6267<br>Facsimile: (202) 429-3902 |

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE** |

1  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung
2  Electronics, Co. Ltd., Samsung Telecommunications America, LLC and Samsung Electronics
3  America, Inc., (collectively "Samsung") request that Plaintiff Apple Inc. ("Apple") produce for
4  inspection and copying the documents and things set forth below at the offices of Quinn Emanuel
5  Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017,
6  within 30 days.

## DEFINITIONS

8  1.  The terms "APPLE," "PLAINTIFF," "YOU," and "YOUR" shall refer to Apple,
9  Inc., any predecessor or successor of Apple, Inc., and any past or present parent, division,
10 subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee,
11 consultant, staff member, or other representative of Apple, Inc., including counsel and patent
12 agents, in any country.

13 2.  The term "DEFENDANTS" or "SAMSUNG" means Samsung Electronics Co.,
14 Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC.

15 3.  The terms "DOCUMENT" and "DOCUMENTS" shall have the broadest meaning
16 ascribed to them by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.  This
17 includes copies which differ from the original in any way, including handwritten notations or other
18 written or printed matter.  It also includes information stored electronically, whether in a
19 computer database or otherwise, regardless of whether such documents are presently also in non-
20 electronic form.

21 4.  "COMMUNICATION," in the plural as well as the singular, means any transmittal
22 and/or receipt of information, whether such was oral or written, and whether such was by chance,
23 prearranged, formal or informal, and specifically includes, but is not limited to, conversations in
24 person, telephone conversations, electronic mail (including instant messages and text messages),
25 voicemail, letters, memoranda, statements, media releases, magazine and newspaper articles, and
26 video and audio transmissions.

5. The terms "DATE" and "DATES" mean the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

6. The phrases "THIRD PARTY" and/or "THIRD PARTIES" mean all persons who are not parties to this LITIGATION, as well as their officers, directors, employees, agents and attorneys.

7. The term "RELATING TO " or "RELATED TO" shall mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, identifying, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

8. The term "COMPLAINT" refers to APPLE's "Amended Complaint for Patent Infringement" filed August 31, 2012, in the Litigation.

9. The phrase "ANSWER AND COUNTERCLAIMS IN REPLY" refers to "Apple Inc.'s Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims" filed May 31, 2012 in the LITIGATION.

10. The term "APPLE PATENTS" shall mean U.S. Patent Nos. 5,666,502, 5,946,647, 6,847,959, 7,761,414, 8,014,760, 8,046,721, 8,074,172, 8,086,604, and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents.

11. The phrase "APPLE COVERED PRODUCT" means any PRODUCT sold or offered for sale at any time by APPLE that APPLE contends practices any of the APPLE PATENTS.

12. "PRIOR ART" shall mean any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that are relevant to the validity of the APPLE PATENT including anything that is relevant to the patentability of any patent claim under 35 U.S.C. §§ 102 and 103. Prior Art is not limited to references or other activities cited to the United States Patent and Trademark Office during prosecution of any patent.

1        13.     "PATENTED FEATURES" shall refer to the alleged inventions claimed by the
2   APPLE PATENTS and their commercial embodiments.
3        14.     The term "SAMSUNG ACCUSED PRODUCTS" shall refer to the products
4   identified in Apple Inc.'s Disclosure of Asserted Claims & Infringement Contentions and/or
5   Apple's Amended Complaint for Patent Infringement.
6        15.     The term "'087 PATENT" shall mean U.S. Patent No. 7,756,087 and all parents,
7   progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
8   and all foreign counterpart applications and patents which claim the same subject matter.
9        16.     The term "'596 PATENT" shall mean U.S. Patent No. 7,551,596 and all parents,
10  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
11  and all foreign counterpart applications and patents which claim the same subject matter.
12       17.     The term "'470 PATENT" shall mean U.S. Patent No. 7,672,470 and all parents,
13  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
14  and all foreign counterpart applications and patents which claim the same subject matter.
15       18.     The term "'757 PATENT" shall mean U.S. Patent No. 7,577,757 and all parents,
16  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
17  and all foreign counterpart applications and patents which claim the same subject matter.
18       19.     The term "'058 PATENT" shall mean U.S. Patent No. 7,232,058 and all parents,
19  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
20  and all foreign counterpart applications and patents which claim the same subject matter.
21       20.     The term "'179 PATENT" shall mean U.S. Patent No. 6,292,179 and all parents,
22  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
23  and all foreign counterpart applications and patents which claim the same subject matter.
24       21.     The term "'449 PATENT" shall mean U.S. Patent No. 6,226,449 and all parents,
25  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
26  and all foreign counterpart applications and patents which claim the same subject matter.
27
28

1       22.     The term "'239 PATENT" shall mean U.S. Patent No. 5,579,239 and all parents,
2  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
3  and all foreign counterpart applications and patents which claim the same subject matter.
4       23.     The term "SAMSUNG PATENTS" shall mean the '087 PATENT, '596 PATENT,
5  '470 PATENT, '757 PATENT, '058 PATENT, '179 PATENT, '449 PATENT, '239 PATENT,
6  and all parents, progeny, continuations, applications, divisional applications, reexaminations, or
7  reissues thereof and all foreign counterpart applications and patents which claim the same subject
8  matter.
9       24.     The term "APPLE ACCUSED PRODUCTS" shall mean all iPhones, iPads, iPod
10 Touches, Apple computers, Apple TV, iCloud, iTunes, and any other products identified in any of
11 SAMSUNG's complaints or infringement contentions served in this action as infringing any claim
12 of any SAMSUNG PATENT.
13      25.     The connectives "and," "or," and "and/or" shall be construed either disjunctively or
14 conjunctively, as necessary, to bring within the scope of these requests for production all
15 responses that might otherwise be construed to be outside of their scope.
16      26.     The word "each" includes the word "every," and the word "every" includes the
17 word "each," as necessary, to bring within the scope of these requests for production all responses
18 that might otherwise be construed to be outside of their scope.
19      27.     The word "any" includes the word "all," and the word "all" includes the word
20 "any," as necessary to bring within the scope of these requests for production all responses that
21 might otherwise be construed to be outside of their scope.
22      28.     The word "all" includes the word "each," and the word "each" includes the word
23 "all," as necessary to bring within the scope of these requests for production all responses that
24 might otherwise be construed to be outside of their scope.
25      29.     The use of the singular form of any word includes the plural and vice-versa, as
26 necessary to bring within the scope of these requests for production all responses that might
27 otherwise be construed to be outside of their scope.
28

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of PLAINTIFF's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under PLAINTIFF's control, who have the best knowledge, not merely information known to PLAINTIFF based on PLAINTIFF's own personal knowledge. If YOU cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief PLAINTIFF has concerning the unanswered portion of any such Interrogatory.

2. If any information requested is claimed to be privileged or otherwise, provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a. the basis on which the privilege is claimed;

    b. the names and positions of the author of the information and all other persons participating in the preparation of the information;

    c. the name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed;

    d. the date of the information;

    e. a description of any accompanying material transmitted with or attached to such information;

    f. the number of pages in such document or information;

1          g.      the particular Interrogatory to which such document is responsive; and

2                  whether any business or non-legal matter is contained or discussed in such information.

3. In the event YOU contend that any of these Interrogatories is objectionable, in whole or in part, YOU shall state with particularity each such objection and the bases therefore, and shall respond to the remainder of the Interrogatory to the extent you are not objecting to it.

4. For any Interrogatory or portion thereof that YOU determine to be vague, overbroad, or unclear, YOU shall adopt a reasonable meaning for that portion of the Interrogatory, state the adopted meaning in YOUR response to the particular Interrogatory, and produce responsive information accordingly.

5. The words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request for production; the word "including" means "including without limitation."

6. The use of the singular form of any word includes the plural and vice versa.

7. PLAINTIFF's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Separately identify and describe in detail each and every instance in which APPLE or anyone else has ever given notice to SAMSUNG of the existence and/or the alleged infringement of the APPLE PATENTS, including without limitation: the date of notice; the manner in which notice was given; the patent(s) and the patent claim(s) at issue; the sum and substance of the notice; and the identity of all documents or oral communications constituting such notice.

1  **INTERROGATORY NO. 2:**

2  Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has
3  infringed or is infringing, describe in detail all facts relevant to the conception of that claimed
4  invention, including without limitation: the date of conception, the name of each person who
5  contributed to the conception, the specific contribution made by each such person to the claimed
6  invention, how these persons arrived at their claimed invention, and the identity of all documents
7  (by Bates numbers) relating to such conception.

8

9  **INTERROGATORY NO. 3:**

10  Separately for each claim of the APPLE PATENTS that APPLE contends SAMSUNG has
11  infringed or is infringing, describe in detail all facts relevant to the first reduction to practice of
12  that claimed invention, including without limitation: the date of the first reduction to practice, the
13  name of each person who contributed to the reduction to practice, the nature of each person's
14  contribution, all facts and circumstances relating to any alleged diligence between the asserted
15  conception and reduction to practice dates, the identity of each person with knowledge of such
16  diligence, the nature of each person's participation, involvement, and/or contribution to the
17  diligence in reduction to practice, and the identity of all documents (by Bates numbers) relating to
18  such diligence and reduction to practice.

19

20  **INTERROGATORY NO. 4:**

21  Separately for each of the APPLE PATENTS, identify each APPLE COVERED
22  PRODUCT, which of the APPLE PATENTS are embodied in the APPLE COVERED
23  PRODUCT, the date each APPLE COVERED PRODUCT was first sold in the United States, and
24  whether each APPLE COVERED PRODUCT was marked pursuant to 35 U.S.C. § 287 or
25  otherwise, how each APPLE COVERED PRODUCT was marked including the location and
26  manner of the marking, the individuals or entities that marked each APPLE COVERED
27  PRODUCT, and any interruptions or other changes in the practice of marking the APPLE
28  COVERED PRODUCT since it was first marked. The APPLE COVERED PRODUCTS shall be

1  identified by commercial name, commercial model number, telecommunications carrier (if
2  applicable), date of product announcement, date of product release, "code name," and any other
3  identifiers used internally and/or externally to identify or refer to the product at any point during
4  its research, design, development, manufacture, marketing, sale, transfer, distribution, testing,
5  qualification, importation, export, or otherwise.

**INTERROGATORY NO. 5:**

Separately for each claim of the APPLE PATENTS, identify each secondary consideration that YOU contend supports the non-obviousness of the invention(s) claimed (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, simultaneous development, failure of others, unexpected results, commercial acquiescence through acceptance of licenses, departure from acceptable principles of prior art, or acclaim by industry), and for each such alleged secondary consideration describe in detail the facts underlying the alleged secondary consideration.

**INTERROGATORY NO. 6:**

Please IDENTIFY EACH PERSON who was involved in the prosecution of the APPLE PATENTS -- including without limitation, ALL engineers, developers, programmers, designers, testers, patent agents, attorneys, AND draftsmen -- AND DESCRIBE the role EACH such PERSON played in the prosecution of the APPLE PATENTS.

**INTERROGATORY NO. 7:**

For each SAMSUNG ACCUSED PRODUCT, describe the circumstances under which APPLE first became aware of each SAMSUNG ACCUSED PRODUCT's alleged infringement, including, but not limited to, the date(s) upon which APPLE first became aware of such SAMSUNG ACCUSED PRODUCT; the date upon which APPLE first became aware that such SAMSUNG ACCUSED PRODUCT allegedly infringed one or more of the APPLE PATENTS; any investigations, reverse engineering, analyses, tests, or studies done on any SAMSUNG

1 ACCUSED PRODUCT by or on the behalf of APPLE with respect to possible infringement of
2 any claim of one or more of the APPLE PATENTS, including without limitation the date,
3 procedures, and results of such analyses, tests, or studies; and an identification of all persons
4 involved in any such analyses, tests, or studies and any related documents.
5
6 **INTERROGATORY NO. 8:**
7 Describe in detail all communications with THIRD PARTIES relating to actual or
8 potential licenses, sublicenses, settlement agreements, technology sharing agreements, or other
9 agreements regarding the APPLE PATENTS, including by identifying by Bates range all
10 documents relating to any such communications.
11
12 **INTERROGATORY NO. 9:**
13 For EACH of the APPLE PATENTS, please set forth the royalty (expressed as a
14 percentage to be applied to gross revenue in the case of a running royalty, AND expressed as a
15 dollar amount in the case of a lump sum royalty, AND expressed as the royalty base) which
16 APPLE believes is appropriate for a non-exclusive license to use such patent.
17
18 **INTERROGATORY NO. 10:**
19 Separately for each of the APPLE PATENTS, state the complete factual and legal basis for
20 YOUR contentions that APPLE is entitled to injunctive relief against infringement of the APPLE
21 PATENTS, including but not limited to: (a) what irreparable injury APPLE has suffered; (b) why
22 other remedies such as monetary damages are inadequate to compensate for that injury; (c) why
23 the balance of hardships between APPLE and SAMSUNG warrants a permanent injunction; and
24 (d) why the public interest would not be disserved by an injunction.
25
26 **INTERROGATORY NO. 11:**
27 Separately for each claim of the SAMSUNG PATENTS, identify each secondary
28 consideration that YOU contend supports the obviousness of the invention(s) claimed, and for

1 each such alleged secondary consideration describe in detail the facts underlying the alleged
2 secondary consideration including any related documents and people most knowledgeable of the
3 secondary consideration.

**INTERROGATORY NO. 12:**

If YOU contend or believe that YOU do not infringe any asserted claim of the SAMSUNG PATENTS, state with specificity the complete factual and legal bases for such contention or belief.

**INTERROGATORY NO. 13:**

Separately for all SOFTWARE produced by APPLE including, but not limited to iOS SOURCE CODE, IDENTIFY: (a) each version of SOFTWARE that corresponds to commercially distributed versions of SOFTWARE; (b) which APPLE ACCUSED PRODUCT was commercially distributed with which version of the SOFTWARE produced by APPLE; and (c) all material differences between the commercially distributed versions of SOFTWARE that are relevant to any aspect, element or function of any APPLE ACCUSED PRODUCT that is alleged to infringe any of the SAMSUNG PATENTS.

**INTERROGATORY NO. 14:**

Describe and identify each communication between YOU and any THIRD PARTY concerning any infringement or possible infringement of any of the patents asserted by either party; or concerning any license, request for license, offer to license or possible license, of any of the patents asserted by either party; or concerning notice of any of the patents asserted by either party, the value of the patents asserted by either party; or concerning the validity, invalidity, enforceability, or unenforceability of the patents asserted by either party. For each such communication identified, identify each person involved in the communication, the date and form of the communication, and provide a brief description of the communication.

**INTERROGATORY NO. 15:**

Identify the person of ordinary skill in the art for each of the APPLE PATENTS and each of the SAMSUNG PATENTS.

**INTERROGATORY NO. 16:**

Describe in detail the factual and legal basis (including the identity of all documents and persons) upon which you will rely to establish, or that contradict, each of YOUR affirmative defenses.

**INTERROGATORY NO. 17:**

Describe in detail the factual and legal basis (including the identity of all documents and persons) upon which you will rely to establish, or that contradict, each of the denials AND allegations set forth in the ANSWER AND COUNTERCLAIMS IN REPLY.

**INTERROGATORY NO. 18:**

Specifically for each of the SAMSUNG PATENTS, identify and explain in detail each design-around and/or alleged alternative technology or method that can be used as an alternative to the patented technology, including but not limited to: (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of individuals involved in developing the alleged design-around, including their titles and departments if they are or were Samsung employees; (4) dates when the alleged design-around was incorporated into APPLE's products; and (5) each product available on the market simultaneously with the APPLE ACCUSED PRODUCTS that would have been an acceptable non-infringing alternative for customers who purchased the APPLE ACCUSED PRODUCTS.

**INTERROGATORY NO. 19:**

With respect to each of the APPLE PATENTS and foreign counterparts to each of the APPLE PATENTS, identify any prior art references YOU found or of which YOU were aware but

that YOU did not cite or otherwise provide to the United States Patent and Trademark Office prior to the issuance of the patent.

**INTERROGATORY NO. 20:**

If YOU contend or believe that any of the asserted claims of the APPLE PATENTS are not practiced by any of the APPLE COVERED PRODUCTS, identify each such asserted claim and explain in detail the reasons why the respective APPLE COVERED PRODUCT does not practice each such claim, including a description of the differences between the respective APPLE COVERED PRODUCT and any APPLE COVERED PRODUCT that YOU do contend or believe practices the same claim of the APPLE PATENTS.

**INTERROGATORY NO. 21:**

Identify the date on which APPLE first became aware of the SAMSUNG PATENTS, the circumstances by which APPLE first became aware of the SAMSUNG PATENTS, and the identity of each PERSON at APPLE who became aware of the SAMSUNG PATENTS at that time.

**INTERROGATORY NO. 22:**

Please set forth APPLE'S DOCUMENT retention policy in its entirety.

**INTERROGATORY NO. 23:**

Please DESCRIBE when APPLE instituted ANY litigation hold RELATING to the LITIGATION; how APPLE implemented ANY litigation hold RELATING to the LITIGATION; who was responsible for monitoring compliance with such litigation hold; AND ANY instances of non-compliance with such litigation hold.

1   **INTERROGATORY NO. 24:**

2   Please IDENTIFY AND DESCRIBE EACH AND every litigation, dispute OR proceeding

3   -- prior OR current -- RELATING to the validity, enforceability OR ownership of ANY APPLE

4   PATENTS or foreign counterparts to any APPLE PATENTS, including but not limited to: the

5   parties involved in such litigation OR dispute; the court in which such litigation was/is pending,

6   OR the arbitral body before which such dispute was/is pending, or the administrative body before

7   which such proceeding was/is pending; the current status of such litigation, dispute OR

8   proceeding; AND the non-attorney PERSONS at APPLE who are most knowledgeable about such

9   litigation, dispute OR proceeding.

10

11  DATED: September 25, 2012            QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP
12

13

14                                       By  /s/ Patrick M. Shields
                                             Charles K. Verhoeven
15                                           Kevin P.B. Johnson
                                             Victoria F. Maroulis
16                                           William C. Price
                                             Patrick M. Shields
17

18                                           John Caracappa (*pro hac vice*)
                                             Steptoe & Johnson, LLP
19                                           1330 Connecticut Avenue, NW
                                             Washington DC 20036
20                                           TEL:   202-429-6267
                                             FAX:   202-429-3902
21

22                                           Attorneys for Defendants
                                             SAMSUNG ELECTRONICS CO., LTD.,
23                                           SAMSUNG ELECTRONICS AMERICA, INC.,
                                             and SAMSUNG TELECOMMUNICATIONS
24                                           AMERICA, LLC

25

26

27

28