# EXHIBIT M

quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

May 14, 2013

<u>Via Electronic Mail</u>

Brian Buroker                              Peter J. Kolovos
Gibson, Dunn & Crutcher LLP                Wilmer Cutler Pickering Hale and Dorr LLP
1050 Connecticut Avenue, N.W.              60 State Street
Washington, DC 20036-5306                  Boston, Massachusetts 02109


Re:   Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

In advance of the parties' lead trial counsel meet and confer on May 15, 2013, I write to inform you of the issues that Samsung intends to discuss at the meeting.  This letter contains Samsung's understanding of the issues that remain in dispute with regard to each discovery request detailed below, based on the parties' correspondence to date.  This letter should not however, be deemed an exhaustive list of all issues that remain between the parties regarding discovery.

**Director Files**

We are in receipt of Apple's correspondence dated May 10, 2013, in which you confirm that Apple will provide supplemental responses to Samsung's Interrogatory Nos. 2 and 3 by May 17, 2013 to identify by file name the exhaustive set of Director files that Apple relies on to support the conception and reduction to practice of the '760, '721, and '172 patents.

However, Apple still has not provided Samsung with a suitable software format for recording the animation contained in the relevant Director files, even though Apple promised such a proposal back on *April 22, 2013*.  Apple's delay is severely prejudicing Samsung in its lack of ability to

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

properly view and analyze these files. Samsung also notes, as stated in its letter of April 30, 2013, animation is not the only aspect of Director files that cannot be captured via printouts; the location of interactive portions on the GUI, as well as the behavior they trigger when actuated, is paramount to assessing whether Apple had conceived of the invention as of the last modified date of the Director file. Please remedy this deficiency at or before the lead counsel meet and confer.

Finally, as raised in Samsung's May 1, 2013 letter, Apple has asserted earlier conception dates for the '502, '414, '760, '172 and '721 patents. For all but the '721 patent, Apple did not assert this earlier conception date until April 10—a mere three months before the close of fact discovery. This assertion is highly prejudicial to Samsung, as it necessitates new prior art searches and efforts to locate witnesses in light of the earlier conception dates. Apple has not responded to Samsung's letter. Samsung and Apple are at an impasse on this issue.

### Apple's Technical, Software and Design Documents

Apple's failure to timely produce technical documents and software development and design documents, as raised in Samsung's letters dated March 12, March 13, April 8, and May 3, 2013.

### Apple's Deficient Production

Apple's failure to produce, as raised by Samsung's letter dated May 9, 2013:

- relevant documents from HC11 C028226, HC11 C02703 and HC11 C03080, *Apple Inc. and HTC Corporation/HTC Europe Co., LTD* in the High Court of Justice Chancery Division Patents Court (see also Samsung's letters dated February 19, and March 4);  and

- all documents relating to the prosecution of the APPLE PATENTS, including documents related to the numerous continuation patents Apple continues to prosecute on the eight asserted Apple patents.

### Financial and Marketing Documents

Apple's failure to produce documents responsive to Samsung's 9th and 13th Sets of Requests for Production, as raised in Samsung's letters dated April 23, April 25, May 3, and May 6, 2013, and at the lead counsel meet and confer held on May 2, 2013.

Also at issue is Apple's failure to produce a significant number of marketing and consumer behavior documents in response to RFPs where Apple has agreed to produce documents, as raised in Samsung's letter dated March 14, 2013.

### Apple's Continuing Deficiencies with Regard to Search Term Disclosures

Please be prepared to address the issues raised in Samsung's letters dated April 24 and May 13, 2013, regarding Apple's continued deficiencies related to search term disclosures.

**Deposition Dates for Samsung Employees**

Apple's failure to confirm deposition dates offered for all of the Samsung employees, as raised in Samsung's letter dated May 10, 2013.

**iPhone Buyer and iPad Tracking Surveys**

Apple's failure to produce iPhone Buyer Surveys for Q3 FY2012, Q4 FY2012, Q1 FY2013 or Q2 FY2013, and iPad Tracking Surveys for Q4 FY2012, Q1 FY2013 or Q2 FY2013, as raised by Samsung's letter dated May 10, 2013.

**Apple's Objections and Responses to Samsung's First Set of Requests for Admission**

Apple's refusal to provide substantive responses to the Requests for Admission.

**Samsung's RFP 46**

Apple's failure to produce documents and things in response to RFP 46, including the following issues, as raised in Samsung's letter dated April 30, 2013:

- AppleSearch 1.5 server source code;

- Native files for all versions of AppleSearch Software;

- "Information Retrieval" video produced in part at APLDNC630-0000346092;

- Documents referred to in Dow Jones's production at DOW00031, including the WAIS Exploratory Agreement, and related documents;

- Transparency into Apple's Searching efforts: Apple has not made disclosures as required under the Stipulation Regarding Electronic Production.

**Samsung's RFP 297**

Apple has not confirmed that it has produced all responsive, non-privileged documents relating to Sherlock, including source code, and has not confirmed production of all such documents.

**Forstall Deposition**

Samsung requests a continuation of the deposition of Scott Forstall deposition in light of Apple's recent production of custodial documents for Forstall.

**"Iron Mountain" as Custodian Issue**

Please confirm, as raised by Samsung's letters dated April 19 and May 8, 2013, that Apple will identify an Apple employee (present or former) as the custodian for all documents that currently

3

list "Iron Mountain" as custodian, and that future productions will not list "Iron Mountain" as a document custodian.

**Apple's Failure to Comply with Court's Order re Pricing Documents**

Apple's failure to produce pricing documents, in a full and timely fashion, pursuant to Judge Grewal's Order dated April 12, 2013.

**Documents Relating to iSync Source Code and Software**

Apple's failure to adequately search for documents regarding iSync – particularly documents relating to the process of building iSync code into iSync software, as raised in Samsung's letter dated April 24, 2013.

**Documents Relating to Newton**

Apple's failure to provide clarification regarding its Newton production, as raised in Samsung's April 22 and May 13, 2013 letters.

**Apple's Failure to Produce Documents or Designate a Witness in Response to Samsung's Twelfth Set of Requests for Production and Fifth 30(b)(6) Notice**

As raised in Samsung's letter of April 16, Apple must produce documents responsive to RFP Nos. 648 through 671 from Samsung's 12th Set.  These documents must include: (1) all "reimbursable expense documents" compelled in Order 68 (Dec. 21, 2010) from ITC Inv. No. 337-TA-710; (2) all other documents relating to corporate purchases or reimbursable expenses of Samsung, Android, and/or third party smartphones and/or tablet computers; (3) all documents relating to testing, analysis, review, consideration, evaluation, inspection, teardown, or reverse engineering of Samsung, Android, and/or third party smartphones or tablet computers; and( 4) all documents relating to Apple's copying of any Samsung, Android, and/or third party smartphones and/or tablet computers.

Apple must also provide a corporate designee on the following consolidated topics:
1. Identification of each APPLE PURCHASE or REIMBURSABLE PURCHASE of any SAMSUNG, ANDROID, or THIRD-PARTY smartphone or tablet computer, including:
   a. identification of each SAMSUNG, ANDROID, or THIRD-PARTY smartphone or tablet computer purchased by APPLE or any APPLE PURCHASER for any purpose, including for purposes of copying; and
   b. identification of each SAMSUNG, ANDROID, or THIRD-PARTY smartphone or tablet computer purchased by APPLE or any APPLE PURCHASER for any purpose, including for purposes of testing, analysis, review, consideration, evaluation, inspection, teardown, or reverse engineering.

(5th Set Topics 1-3, 10-15)

2. APPLE's testing, analysis, review, consideration, evaluation, inspection, teardown, or reverse engineering of any SAMSUNG, ANDROID, or THIRD-PARTY product, feature, or functionality, including:
    a. any comparisons between any SAMSUNG, ANDROID, or THIRD-PARTY product, feature, or functionality and any actual or contemplated features or functionality APPLE included or considered including in its smartphones, tablet computers or other products; and
    b. APPLE's policies or practices regarding testing, analysis, review, consideration, evaluation, inspection, teardown, or reverse engineering of SAMSUNG, ANDROID, or THIRD-PARTY smartphones or tablet computers.

(5th Set Topics 4, 6, 8, 19, 21, 23)

3. APPLE's copying of any SAMSUNG, ANDROID, or THIRD-PARTY product, feature, or functionality, including:
    a. any comparisons between any SAMSUNG, ANDROID, or THIRD-PARTY product, feature, or functionality and any actual or contemplated features r functionality APPLE included or considered including in its smartphones, tablet computers or other products;
    b. any COMMUNICATIONS among or with YOUR personnel that discuss whether or how to copy or implement any feature or functionality of any SAMSUNG, ANDROID, or THIRD-PARTY smartphone or tablet computer; and
    c. APPLE's policies or practices regarding copying of SAMSUNG, ANDROID, or THIRD-PARTY smartphones or tablet computers.

(5th Set Topics 5, 7, 9, 16-18, 20, 22, 24)

**Apple's Representation by Former Quinn Emanuel Associate Josh Furman**

Please be prepared to address the issues raised in Samsung's letters dated April 16 and May 8, 2013, regarding Apple's representation by Gibson Dunn associate (and former Quinn Emanuel associate) Josh Furman.

**Apple's Objections and Responses to Samsung's Third Set of RFPs**:

To the extent these issues cannot be resolved at the lead counsel meet and confer, Samsung intends to declare an impasse.

| RFP No. | Issues |
|---|---|
| 135 | Confirm that Apple will produce English translations of foreign patents or publications on which it intends to rely for any purpose, and not just as prior art. |
| 141 | Apple must search for responsive documents other than opinions of counsel and experts, and cannot delay production on account of P.L.R. 3-7 or the Court's schedule for expert discovery. These documents are relevant to issues of notice and willfulness. |
| 149-153 | Improper scope of production; Apple's undue burden objection. |

| RFP No. | Issues |
|---|---|
| 156 | Apple improperly insists that Samsung seek this information by way of an interrogatory. Samsung will agree to seek the information sought by this Request by way of an interrogatory if Apple will not object to that interrogatory as compound. |
| 157 | Apple improperly objects to this request as vague and ambiguous. |
| 158 | Apple improperly limits its production to instructions and user manuals provided to customers, thereby excluding numerous categories of relevant documents. These documents are relevant to consumer demand and the value of the patented features. |
| 163-170 | Apple improperly limits its production to source code, thereby excluding numerous categories of relevant documents, despite the fact that these Requests are narrowly tailored to the accused functionalities. Apple has given no explanation for its assertion that the Requests are overbroad and unduly burdensome, and its objection that the Requests seek information that is irrelevant is belied by Apple's concession that Apple has propounded similar requests on Samsung. |
| 171 | Provide a date certain by which Apple will complete production of the samples it has agreed to produce. |
| 174 | Apple's vagueness objection is unfounded; the software requested is relevant to Samsung's claims; the Request is narrowly tailored to baseband processors. |
| 177 | Apple seeks to improperly limit the scope of discovery to particular specifications of the relevant standards. The proper scope of responsive documents includes at least all documents relating to compliance with all specifications covering HSUPA, HSPA and/or HSPA+ technology. For instance, Samsung is entitled to all documents that relate to whether the Accused Apple products satisfy the requirements set forth in TS 25.321, TS 25.331, and TS 25.309, releases 6 and 7 for all documents, including but not limited to testing documents, compliance forms sent to the carriers, code used when testing the products, training manuals, service manuals, guides, and data sheets. |
| 180 | Apple has not explained why producing documents responsive to Samsung's Request as written would be overly broad and unduly burdensome. |
| 183 | Confirm that Apple's agreement to produce test reports "for the accused products" is not limited to documents relating to (or describing) testing of the accused functionalities. |
| 187 | Apple's proposed production would exclude numerous categories of relevant documents that relate to the Mail and Camera applications but do not specifically relate to the accused functionalities. |
| 189 | Provide a date certain by which Apple will make available all of the exemplars it has agreed to produce. |
| 192 | Apple's offer to produce only "documents consistent in scope with what was produced in 1846 but updated for the current litigation" is not sufficient. |

| RFP No. | Issues |
|---|---|
| 193-194 | Confirm that Apple will produce all documents sought by these Requests. |
| 195-196 | Apple's offer to produce only "documents consistent in scope with what was produced in 1846 but updated for the current litigation" is not sufficient. Documents related to distribution channels go to competitive relationship, which is a *Georgia-Pacific* factor. |
| 198 | Apple's offer to produce only "documents consistent in scope with what was produced in 1846 but updated for the current litigation" is not sufficient. |
| 200-206, 211-215, 219-222 224-226 230-234 | Apple has not explained its assertion that the documents sought by these requests are "responsive to other, more narrow requests," whether Apple intends to produce all documents sought by those "other, more narrow requests," or why Apple's objection is a legally sound justification for refusing to conduct a reasonable search. These documents are relevant to show consumer demand and the value of the patented features. |
| 207-210 | Apple's competitive testing or analysis of products embodying the Samsung patents-in-suit are relevant regardless of whether they specifically related to the accused functionalities. Apple relied on similar documents at trial in the 1846 case. |
| 216 | Apple's proposed production would exclude documents of the same type that Judge Koh and the Federal Circuit have relied on in denying Apple injunctive relief. |

**Apple's Objections and Responses to Samsung's Fourth Set of Requests for Production (Nos. 237-255 and 256-258)**

| RFP No. | Issues |
|---|---|
| 237-255 | Apple improperly limits the scope of its production; Apple's improperly demands that Samsung generate a list of responsive documents. |
| 256-258 | Apple improperly limits the scope of its production. |

**Apple's Objections and Responses to Samsung's Ninth Set of Requests for Production**

See above.

**Apple's Objections and Responses to Samsung's Eleventh Set of Requests for Production**

| RFP No. | Issues |
|---|---|
| 595 | Apple objections: relevance, undue burden, overbreadth, scope of time, lack of sufficient information. <br><br> In light of Samsung's letter dated March 3 identifying Hiro Yamamoto, please confirm that Apple will produce responsive documents. |
| 596 | Apple objections: relevance, overbreadth, lack of sufficient information. <br><br> In light of Samsung's letter dated March 3 providing identifying information |

7

| | |
|---|---|
| | regarding Zeta Soft, please confirm that Apple will produce responsive documents. |
| 639-641; 644 | Please confirm that Apple will perform a diligent search and produce *all* responsive documents. |
| 642 | Please provide a date certain by which Apple will produce documents showing the first public use, public disclosure, sale and/or offer for sale of each iTunes version. |
| 643 | Please provide a date certain by which Apple will produce documents showing the first public use, public disclosure, sale and/or offer for sale of each iSync version. |
| 645-647 | Please provide Apple's position on whether it will produce source code and documents responsive to these requests for all versions of Mac OSX released with or after the initial release of iSync, and a date certain by which Apple will produce these materials. |

**Apple's Objections and Responses to Samsung's Thirteenth Set of Requests for Production**

See above.

**Apple's Objections and Responses to Samsung's Fourteenth Set of Requests for Production**

Please be prepared to discuss the issues raised in Samsung's letter dated April 30, 2013 with regard to the following RFPS.

| RFP No. | Issues |
|---|---|
| 733-736, 739-742 | Apple's boilerplate objections; improper limit on scope of production. |
| 737-738, 743-744, 781-783, 802, 804, 811-813, 815-816, 819, 880-881, 883, 891, 893, 896, 923, 926, 935 | Apple's improper limitation on scope of production. |
| 745-748 | Apple's boilerplate objections; improper limit on scope of production. |
| 773-776, 787, 805-809, 852, 858-859, 862, 868, 877-878, 886, 888, 909, 911, 917, 930 | Apple's boilerplate objections; refusal to produce documents. |
| 777-780 | Apple's boilerplate objections; improper limit on scope of production. |
| 785 | Apple's boilerplate objections; improper limit on scope of production. |
| 786 | Apple's boilerplate objections; improper limit on scope of production. |
| 788-790 | Apple's boilerplate objections; improper limit on scope of production. |
| 791 | Apple's boilerplate objections; improper limit on scope of production. |

8

| | |
|---|---|
| 792 | Apple's boilerplate objections; improper limit on scope of production. |
| 793-796 | Apple's boilerplate objections; refusal to produce documents. |
| 797-800 | Apple's boilerplate objections; improper limit on scope of production. |
| 801, 803 | Apple's boilerplate objections; improper limit on scope of production. |
| 814 | Apple's boilerplate objections; improper limit on scope of production. |
| 817 | Apple's boilerplate objections; improper limit on scope of production. |
| 818 | Apple's boilerplate objections; improper limit on scope of production. |
| 820-821 | Apple's boilerplate objections; improper limit on scope of production. |
| 824-825 | Apple's boilerplate objections; improper limit on scope of production. |
| 826-838 | Apple's boilerplate objections; improper limit on scope of production. |
| 839, 885 | Apple's boilerplate objections; improper limit on scope of production. |
| 841-843 | Apple's boilerplate objections. |
| 853 | Apple's boilerplate objections; refusal to produce documents. |
| 854, 860-861, 863-867, 869-872, 915, 933-934 | Apple's boilerplate objections; improper limit on scope of production. |
| 856 | Apple's boilerplate objections; refusal to produce documents. |
| 857 | Apple's boilerplate objections; refusal to produce documents. |
| 873-876 | Apple's boilerplate objections; refusal to produce documents. |
| 879 | Apple's boilerplate objections; improper limit on scope of production. |
| 884, 897 | Apple's boilerplate objections; refusal to produce documents. |
| 890 | Apple's boilerplate objections; improper limit on scope of production. |
| 892 | Apple's boilerplate objections; improper limit on scope of production. |
| 914 | Apple's boilerplate objections; improper limit on scope of production. |
| 918 | Apple's boilerplate objections; refusal to produce documents. |
| 925 | Apple's boilerplate objections; refusal to produce documents. |
| 927, 936-937 | Apple's boilerplate objections; improper limit on scope of production. |
| 928-929 | Apple's boilerplate objections; improper limit on scope of production. |

**Apple's Objections and Responses to Samsung's Fifteenth Set of Requests for Production**

| RFP No. | Issues |
|---|---|
| 976-977 | Apple's refusal to produce responsive documents. Please be prepared to address the |

| | |
|---|---|
| | issues raised in Samsung's letter dated May 8, 2013. |
| 980-986, 988-989 | Apple objections and failure to propose a scope of production. These documents are relevant to establishing the value of the FaceTime feature, and consumer use of FaceTime, and, consequently, Samsung's damages claims. Please be prepared to address the issues raised in Samsung's letter dated May 8, 2013. |
| 987 | Please confirm that Apple will produce documents related or relevant to the accused features and functionality. |

**Apple's Objections and Responses to Samsung's First Set of Interrogatories**

| Interrogatory No. | Issues |
|---|---|
| 2 and 3 | Apple has failed to make available software capable of ensuring an appropriate review of the director files; Apple has promised to provide supplemental response by May 17, 2013 stating which Director files Apple relies on to support its C/RTP dates for the '760, '721, and '172 Patents. |
| 13 | Apple has failed to supplement its response to account for all source code productions. |
| 20 | Apple refuses to provide a substantive response. |

**Apple's Objections and Responses to Samsung's Second Set of Interrogatories**

Samsung explained several issues with Apple's Objections and Responses to Samsung's Second Set of Interrogatories in its letter of January 29, 2013, and wrote again asking for a response on February 8, 2013. Apple has failed to respond. Apple's Response to Interrogatory No. 25 makes substantially different assertions regarding the practice of the Apple Patents by Apple's own devices when compared to Exhibit 140 Apple's Patent Local Rule 3-1 Infringement Contentions. Samsung has asked Apple to explain why it believes it is permissible to amend its Infringement Contentions in this matter, in light of Patent Local Rule 3-6, which requires an order of court and a showing of good cause before a party's infringement contentions may be amended.

Moreover, Samsung has asked Apple to supplement its response so that it addresses each and every subpart of Interrogatory No. 25. Apple's Response addresses only subparts (i), (ii), and (iv), and omits any answer to parts (iii), (v), (vi), and (vii), even though Apple can easily access this information.

| Interrogatory No. | Issues |
|---|---|
| 25 | Apple has failed to explain its basis for providing a response that differs from its Infringement Contentions; whether Apple will agree to supplement as to the '604, '959, '414' and '502 Patents by May 28, 2013, and remaining patents by June 7, 2013. |

10

**Apple's Objections and Responses to Samsung's Third Set of Interrogatories**

| Interrogatory No. | Issues |
|---|---|
| 26 | Samsung is reviewing Apple's supplemental response, which was received at 11:53 p.m. on May 13, 2013, and is reserving all rights. |

**Apple's Objections and Responses to Samsung's Fourth Set of Interrogatories**

Samsung wrote to Apple regarding its Responses and Objections to Samsung's Fourth Set of Interrogatories on March 6, 2013. The Interrogatories have been the subject of ongoing meet and confer, including Samsung's most recent letter on the topic dated May 13, 2013.

| Interrogatory No. | Issues |
|---|---|
| 28 | Apple has failed to identify build IDs, software release versions, and code names; Apple's failure to identify which versions and subversions of the 3GPP standard and HSUPA, HSDPA, or HSPA+ that each device supports; Apple's claim that it is not in possession of Intel information; Apple's delay in supplementing continues to cause prejudice |
| 29 | Apple has failed to identify build IDs, software release versions, and line numbers; Apple's claim that it is not in possession of Intel information; Apple's delay in supplementing continues to cause prejudice; |
| 30 | Apple has failed to provide a substantive response; Apple must supplement with respect to TS 25.309; Apple may not rely on 33(d) |
| 31 | Apple has failed to provide its promised supplemental response; Apple's response will be limited to 33(d) citations. |
| 32 | Apple's "ambiguous" objection is improper; Apple has failed to provide its promised supplemental response. |
| 33 | Apple has failed to respond as to each subpart of this interrogatory; Apple's response is limited to 33(d) citations, though it possesses responsive information that cannot be found in the citations; Apple's citations are insufficient because they do not address each subpart of the interrogatories; review of the documents is overly burdensome on Samsung because the citations are too lengthy and the documents are incomplete or illegible; the documents cannot be understood without information in only Apple's possession; whether Apple is withholding information based on its contention that executable software is irrelevant; whether Apple contends that all of the software for the components identified in Interrogatory No. 33 is third party software; whether Apple's response to Interrogatory No. 33, subpart (8) will encompass any camera or image related standard. |
| 34 | Apple has failed to respond as to each subpart of this interrogatory; Apple's |

11

|  | response is limited to 33(d) citations, though it possess responsive information that cannot be found in the citations; Apple's citations are insufficient because they do not address each subpart of the interrogatories; review of the documents is overly burdensome on Samsung because the citations are too lengthy and the documents are incomplete or illegible; the documents cannot be understood without information in only Apple's possession; Apple's burden objection is improper. |
|---|---|
| 35 | Apple has failed to provide its promised supplemental response; Apple must provide draft versions of advertisements, as well as market research surveys, and any other information responsive to this Interrogatory. |
| 36, 37 | Apple has failed to respond as to each subpart of these interrogatories; Apple's response is limited to 33(d) citations, though it possess responsive information that cannot be found in the citations; Apple's citations are insufficient because they do not address each subpart of the interrogatories; review of the documents is overly burdensome on Samsung because the citations are too lengthy and the documents are incomplete or illegible; the documents cannot be understood without information in only Apple's possession; Apple is withholding information based on its contention that executable software is irrelevant. |

**Apple's Objections and Responses to Samsung's Fifth Set of Interrogatories**

Samsung served its Fifth Set of Interrogatories (No. 38) on April 2, 2013. Samsung is reviewing Apple's response, which was received on May 13, 2013, and is reserving all rights.

**Apple's Objections and Responses to Samsung's Seventh Set of Interrogatories**

| 40 | Apple's proposal as to scope and timing for supplementation of these rogs: Apple promised to send a written proposal but has failed to do so; timing of supplementation. |
|---|---|

Very truly yours,

Amar L. Thakur