QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENTS FROM RELATED LITIGATIONS**<br><br>Date: June 11, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

## INTRODUCTION

In the previous litigation between the parties, Apple was sanctioned for withholding documents from other cases showing Apple's positions on issues relating to *Apple's* patents-in-suit.   In this case, while Apple claims that it has agreed to produce thousands of documents from other litigations, not a single one relates to *Samsung's* patents-in-suit.   Apple refuses to produce deposition transcripts and other documents from three cases where Apple took positions on issues relevant to Samsung's infringement and damages claims.

The three cases in dispute—the *VirnetX* Litigation and the *Nokia* and *Kodak* Investigations—bear a clear technological nexus to the instant litigation because, not only are the accused products in those cases the same products that are accused here, several claim limitations of the patents asserted in those cases directly correspond to claim limitations that appear in the Samsung patents-in-suit.   Not surprisingly, in light of these similarities, the parties in the *VirnetX* and the *Nokia* and *Kodak* Investigations litigated many of the same issues that will arise in this case; they offered testimony from the same experts who will testify in this case; and they introduced evidence that will appear on the exhibit lists for trial in this case.

Apple does not deny that these cases involved overlapping claim limitations, accused products, experts, and evidence.   Apple nevertheless insists that the technological nexus standard this Court defined in the earlier litigation allows Apple to withhold every single document from these cases because the non-obvious features of the patents in *VirnetX* and the *Nokia* and *Kodak* Investigations are not the same as the non-obvious features of the Samsung patents-in-suit.   The technological nexus standard, intended to reflect the broad standards for relevance under Rule 26, is not so limited.   Regardless of whether the overlapping claim elements are what make Samsung's patents non-obvious, Samsung nevertheless cannot prevail on its infringement claims without proving that those elements are present in the accused products—the same products that were accused in *VirnetX* and the *Nokia* and *Kodak* Investigations.   Under that formulation, the technological nexus between the disputed litigations and this one is clear.

# ARGUMENT

## I. THE COURT SHOULD COMPEL APPLE TO PRODUCE DOCUMENTS FROM THE VIRNETX LITIGATION

Contrary to Apple's assertion, Samsung does not contend that the technological nexus standard "encompass[es] nearly all litigation where a cellular phone is an accused product." *See* Opp. at 8. Instead, Samsung contends that the scope of discoverable material in this case includes documents and deposition testimony from a case where the alleged infringement was based on the use of the *same feature* (FaceTime) of the *same products* (iPhone, iPad, iPod Touch, and Apple laptops and desktops) to transmit video messages over the *same means* (cellular networks and the Internet); and where the *same experts and Apple employees* testified regarding *common issues related to damages, willfulness and indirect infringement*. By fixating on a limited comparison of the '239 patent and the VirnetX patents in the abstract, Apple ignores the multitude of issues that were actually litigated in the *VirnetX* Litigation and are certain to be litigated in this case.

As noted in Samsung's Motion, courts have ordered production of documents from other cases solely based on the fact that the same product was at issue. *See Alloc. Inc. v. Unilin Beheer B. V.*, No. 03-1266, 2006 WL 757871 (E.D. Wisc. March 24, f2006). Apple attempts to distinguish *Alloc* on the grounds that the patents asserted in *Alloc* and the patents at issue in the related case all "'related to methods for connecting floor covering." *See* Opp. at 8. Apple offers no support for this claim, however, and thus fails to explain why the nexus between those patents is any greater than the '239 patent and the VirnetX patents, all of which relate to the transmission of data over networks, including the Internet.[1] More importantly, the *Alloc* court did not rely on any technological similarity between the patents-in-suit and the patents at issue in the related case.

---

[1] Apple acknowledges that the both the '239 patent and the VirnetX patents disclose "transmissions using cellular telephone technology such as CDMA, phone lines and transmitters." See Opp. at 8. While Apple makes much of the fact that the '239 patent does not expressly mention the internet, Apple overlooks the fact that Samsung's infringement contentions allege that the accused products infringe the '239 patent based on the use of FaceTime in conjunction with "a wireless chip for transmitting the compressed composite signal across Wi-Fi frequencies." Ex. 1 to Samsung's Motion, at 9.

1   Rather, the court agreed with the plaintiff that the scope of discoverable material included "all
2   depositions and documents concerning the development, operation, function, design changes,
3   manufacture, sales and marketing of the accused *products* in the present case."[2]  *Id.* at *5
4   (emphasis added).

5         Apple essentially ignores that VirnetX dealt with many of the same damages issues that
6   will arise in this case, including the extent to which Apple consumers use FaceTime; the extent to
7   which FaceTime contributes to consumer demand for Apple's products and Apple's total profits;
8   the incremental profit associated with adding a front-faced camera to the device; the feasibility of
9   alternative methods of transmitting data in terms of service quality and cost effectiveness; and the
10  proper royalty base and license structure for a hypothetical reasonable royalty negotiation.
11  *VirnetX*, 2013 WL 692652 at *13-16.   Apple only makes the bald assertion that documents from
12  *VirnetX* will not be relevant to Samsung's damages because "the patents do not cover similar
13  functionality."[3]   *See* Opp. at 9.

14        The differences between the VirnetX patents and the '239 patent are no more significant
15  than those addressed in *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2012 WL 1533213
16  (D. Kan. Apr. 30, 2012), however.   In *High Point*, the patents-in-suit related to network
17  infrastructure for CDMA telephone systems, while the patents asserted in the previous litigation
18  related to VOIP technology that used the internet to connect phone calls between traditional
19  telephone lines.   *Id.* at *6-7.   Despite the fact that the patents related to completely different
20  means for transmitting packetized voice data—cellular networks versus the internet—the court

---

[2]   *Alloc* also undermines Apple's assertion that Samsung's request for documents from VirnetX is cumulative in light of Apple's vague agreement to produce "documents . . . relating to the functionality accused by Samsung in its infringement contentions (including FaceTime)." *See* Opp. at 10.   The *Alloc* court ordered production of deposition transcripts and litigation documents relating to the accused products while also separately ordering production of documents relating to the development, manufacture, marketing and sales of the accused products. *See Alloc,* 2006 WL 757871 at *2-5.

[3]   This is unsurprising, given that Apple has indicated willingness to produce damages-related materials from *VirnetX*, albeit leveraged with an improper demand that Samsung forego its request for relevant materials from the *Nokia* and *Kodak* Investigations.

found the patents sufficiently comparable "for purposes of discovery."  *Id.*   In reaching this conclusion, the court *rejected* the same argument that Apple advances here (Opp. at 9-10), namely that cases such *ResQNet.com v. Lansa, Inc.*, 594 F.3d 860, 871 (Fed. Cir. 2010) limit the scope of discovery to documents from cases involving closely similar patented technology.   *See id.* at *7 ("reliance on . . . *ResQNet* is misplaced in the context of a discovery dispute.").

Documents from *VirnetX* are not only relevant to Samsung's damages, but also to Samsung's efforts to rebut Apple's claims for injunctive relief and lost profits based on the entire market value rule.   For example, Apple and its expert challenged VirnetX's position that FaceTime was a key driver of consumer demand for Apple's products.   By contrast, in the present litigation, Apple and Dr. Vellturo have claimed that trivial features, such as unified search, auto-correct, and slide-to-unlock, drive consumer demand for smartphones and tablets.   *See* Dkt. No. 44 at 27-29; Dkt. No. 178 at ¶¶ 74-89, 96-106; Dkt. No. 175-4 at 12-13.   Thus, if Apple and Dr. Vellturo previously claimed that FaceTime—a central feature of the accused products which Apple has extensively promoted to customers—is not a driver of consumer demand, this undermines the Apple's claim for an injunction and lost profits based on the relatively trivial features claimed in the Apple patents-in-suit.

Apple cites a number of non-patent cases denying motions to compel documents from other litigations based on considerations that are inapposite in this case.   For example, in *Chen v. Ampco Systems Parking*, Case No. 08-cv-0422-BEN, 2009 WL 2496729, *2-3 (S.D. Cal. Aug. 14, 2009), the court declined to compel production of documents from other cases based on substantive legal differences in the causes of action asserted in each case, and the fact that the plaintiff was "not entitled to full-scale discovery prior to conditional [class] certification."   In *Oklahoma, ex rel. Edmondson v. Tyson Foods, Inc.,* Case No. 05-cv-329-TCK, 2006 WL 2862216, *1-2 (N.D. Okla. Oct. 4, 2006), the plaintiff sought documents from a similar "poultry waste pollution lawsuit" despite the fact that the two cases "involve[d] separate watersheds, different water bodies, and different poultry farms located on separate watersheds," and "the

expert witnesses in the two cases [were] different." Here, the *VirnetX* Litigation involves the same feature of the same product, and the same expert.[4] Finally, in *Payne v. Howard*, 75 F.R.D. 465 (D.D.C. 1977), the plaintiff offered no justification whatsoever for its request, other than the fact that the defendant was a party to both cases.

II. THE COURT SHOULD COMPEL APPLE TO PRODUCE DOCUMENTS FROM THE *NOKIA* AND *KODAK* INVESTIGATIONS

Apple concedes, as it must, that the Nokia and Kodak patents "share various camera hardware limitations" with Samsung's '239 and '449 patents. *See* Opp. at 12. Apple's argument that the Nokia and Kodak patents are "fundamentally different" from Samsung's '239 and '449 patents completely ignores what is actually claimed in these patents. Tellingly, Apple does not cite to a single claim of any of the patents. Instead, Apple offers a superficial analysis that compares Apple's characterization of what the Nokia and Kodak patents "primarily concern[ ]"—which itself is based on a single sentence from the summary of the invention, not the claims—with statements that Samsung made in response to an interrogatory concerning secondary considerations of non-obviousness. *See* Opp. at 11-12. Apple's argument proves nothing except that, at a high-enough level of abstraction, differences exist between Samsung's patents and the Nokia and Kodak patents.

Looking at the actual *claims* of the patents confirms that the *Nokia* and *Kodak* Investigations share a technological nexus with this case. As discussed in Samsung's Motion, the Kodak and Nokia patents disclose *numerous* claim limitations that are also found in the '239 and '449 patents. These include an image sensor that captures and converts image signals, a processor that performs compression functions on image data received from the image sensor— including different compression methods on moving and still images), a display element for

---

[4] Samsung also notes that the plaintiff in *Oklahoma* requested all documents from the related case—a scope of production that far exceeds what Samsung has requested in this case. The court denied this request, but expressly indicated that the plaintiff would be entitled to documents responsive to "more specific discovery requests detailing the documents or topics requested." *Oklahoma* at *3. Here, Samsung already has limited its requests to particular classes of documents relating to issues that almost certainly will be litigated in this case.

displaying images and digital memory for storing them.   *See* Motion at 10-11.   The fact that the parties in this case chose to retain experts that also served as experts in the *Kodak* and *Nokia* Investigations, and will rely on the same documentary evidence at trial, reinforces the technological nexus between the patents.[5]

While Apple attempts to dismiss the overlapping limitations as "generic camera requirements" (Opp. at 12), Apple has flatly denied that its products meet the overlapping limitations.   *See* Reply Declaration of Amar L. Thakur in Support of Samsung's Motion to Compel Documents from Related Litigations, Ex. A, at 61-64, 79-80, filed concurrently herewith. As Apple acknowledges, however, Samsung cannot prevail on its infringement claims without proving that the accused products—including many of the same products accused of infringing the Nokia and Kodak patents—meet these claim limitations.   *See* Opp. at 13 (noting that "infringement ... require[s] proof on a limitation-by-limitation basis.")   Thus, unless Apple is willing to stipulate that its products infringe these limitations, documents from the *Nokia* and *Kodak* Investigations directly relate to disputed issues of infringement that will be litigated at trial. That Samsung has not identified the overlapping claim limitations as what makes the '239 and '449 patents non-obvious is completely beside the point.

In addition to having a technological nexus with Samsung's '239 and '449 patents, the *Nokia* Investigation shares a technological nexus with this case due to the striking similarities between Nokia's '735 patent and Apple's '647 patent.   Nokia describes the problem addressed by the '735 in the following terms:

> With early messaging applications, a user could receive information in a message that could be used in another application, such as a URL to use in a web browser or a phone number to use with a phone. But, to use that information, one would either need to remember it or write it down before exiting the messaging application to launch the other application.

---

[5]   Contrary to Apple's suggestion (Opp. at 14), the fact that Samsung has requested documents from Omnivision does not somehow preclude Samsung from seeking discovery from Apple relating to Apple's own products.

1  *See* Declaration of Amar L. Thakur in Support of Samsung's Motion to Compel Documents from
2  Related Litigations, dated May 7, 2013, Ex. 10 (Nokia Complaint) at 66-67.   Apple provided
3  virtually the same description of the problem addressed by the '647 patent:

> Previously, when a user found information such as a telephone number on a web page, the user would have to write down the telephone number, open a phone application, and then manually punch the number into the phone application before being able to call the number.

7  Dkt. No. 44 at 11.   Apple and Nokia arrived at substantially similar solutions to this problem—
8  the ability to detect text as representing certain forms of information, and launching corresponding
9  applications upon the user selecting that test.   Thus, the *Nokia* Investigation satisfies even the
10 "more granular" definition of technological nexus that the parties adopted in connection with RFP
11 No. 61 because the '735 patent relates to "special text detection."

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court GRANT Samsung's Motion to Compel Documents From Related Proceedings.

DATED:   June 3, 2013          QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By */s/ Victoria F. Maroulis*
                                  Victoria F. Maroulis
                                  Attorney for SAMSUNG ELECTRONICS CO.,
                                  LTD., SAMSUNG ELECTRONICS AMERICA,
                                  INC., and SAMSUNG
                                  TELECOMMUNICATIONS AMERICA, LLC