# EXHIBIT 4

```
 1                   UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                        SAN JOSE DIVISION

 4


 5
       APPLE INC., A CALIFORNIA        )  C-12-00630 LHK
 6     CORPORATION,                    )
                                       )  SAN JOSE, CALIFORNIA
 7                    PLAINTIFF,       )
                                       )  APRIL 24, 2013
 8              VS.                    )
                                       )  PAGES 1-74
 9     SAMSUNG ELECTRONICS CO., LTD.,  )
       A KOREAN BUSINESS ENTITY;       )
10     SAMSUNG ELECTRONICS AMERICA,    )
       INC., A NEW YORK CORPORATION;   )
11     SAMSUNG TELECOMMUNICATIONS      )
       AMERICA, LLC, A DELAWARE        )
12     LIMITED LIABILITY COMPANY,      )
                                       )
13                    DEFENDANTS.      )
                                       )
14                                     )
                                       )
15

16                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE LUCY H. KOH
17                  UNITED STATES DISTRICT JUDGE

18

19

20               APPEARANCES ON NEXT PAGE

21

22

23     OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                   CERTIFICATE NUMBER 9595
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED WITH COMPUTER
```

1        THE OTHER ISSUE, WHICH IS VERY SIGNIFICANT, YOUR HONOR, IS
2   WITH RESPECT TO THE REDUCTION OF PRODUCTS.
3        THE ISSUE HERE, YOUR HONOR, IS THERE IS VIRTUALLY NO
4   DIFFERENCE IN PROOF AMONG THE DIFFERENT PRODUCTS THAT APPLE HAS
5   ACCUSED IN THIS CASE.  WE HAVE SERVED CLAIM CHARTS ON ALL OF
6   THE PRODUCTS.
7        SAMSUNG HAS NOT IDENTIFIED ANY DIFFERENCES IN PROOF AMONG
8   THOSE PRODUCTS.  IN THEIR CMC STATEMENT, THERE'S NOTHING MORE
9   THAN A CONCLUSORY STATEMENT THAT THERE WILL BE DIFFERENCES, NOT
10  EVEN A CONCLUSORY STATEMENT THAT THERE WILL BE DIFFERENCES WITH
11  RESPECT TO THE INFRINGEMENT READS, AND THE REASON FOR THAT,
12  YOUR HONOR, IS THERE WILL BE NO DIFFERENCES.
13       REDUCING PRODUCTS WILL NOT SIMPLIFY THE ISSUES FOR TRIAL AT
14  ALL BECAUSE THE PROOF IS THE SAME.
15       AND WE CAN'T ELIMINATE PRODUCTS.  WE'RE ENTITLED TO A
16  REMEDY ON ALL OF THE INFRINGING PRODUCTS.
17            THE COURT:  ANY REDUCTION IS A DISMISSAL WITHOUT
18  PREJUDICE, SO YOU CAN SEEK ANOTHER TRIAL.  YOU CAN SEEK OTHER
19  RELIEF.
20            MR. KREVITT:  I UNDERSTAND THAT, YOUR HONOR.
21            THE COURT:  I'M NOT DISMISSING ANYTHING WITH
22  PREJUDICE.
23            MR. KREVITT:  I UNDERSTAND THAT, YOUR HONOR, AND I
24  HAD ASSUMED THAT.
25       BUT THIS IS THE POINT THAT I'M MAKING.

```
1                THE COURT:  UM-HUM.
2                MR. KREVITT:  GIVEN THE FACT THAT THE PROOFS ARE
3    VIRTUALLY IDENTICAL ONE PRODUCT TO THE NEXT, IN MOST CASES
4    IDENTICAL, THERE'S VERY FEW OPERATING SYSTEMS THAT ARE ON THESE
5    DEVICES, IN SOME INSTANCES, VIRTUALLY IDENTICAL.
6         I'LL JUST GIVE YOUR HONOR ONE EXAMPLE.  WE HAVE THE '721
7    PATENT, WHICH IS THE SLIDE TO UNLOCK PATENT THAT YOUR HONOR
8    ADDRESSED AT THE PRELIMINARY INJUNCTION HEARING.
9         THE -- ONE DEVICE USES A CIRCLE THAT'S MOVED ACROSS THE
10   SCREEN.  ANOTHER DEVICE USES A PUZZLE PIECE.
11        OTHERWISE THE INFRINGEMENT IS IDENTICAL.  WHETHER YOU USE A
12   CIRCLE OR A PUZZLE PIECE HAS NO RELEVANCE WHATSOEVER TO THE
13   PROOF AT TRIAL.  IT HAS NO RELEVANCE AT ALL TO THE INFRINGEMENT
14   CLAIM.  IT HAS NOTHING TO DO WITH THE CLAIMS, WITH THE CLAIM
15   ELEMENTS.
16        AND SO ARBITRARILY REDUCING THE NUMBER OF PRODUCTS WHEN
17   THERE'S NO SIMPLIFICATION --
18              THE COURT:  THERE IS.  I JUST WENT THROUGH POST-TRIAL
19   MOTIONS, JUST WENT THROUGH IN EXCRUCIATING DETAIL OVER THE
20   VERDICT FORM.  THE NUMBER OF PRODUCTS DOES INCREASE THE BURDEN
21   ON THE COURT AND ON THE PARTIES AND ON THE JURY.
22              MR. KREVITT:  BUT, YOUR HONOR, IT DOES WHEN, A, THE
23   PROOF IS DIFFERENT; AND B, THERE ARE DIFFERENT TYPES OF PROOF.
24        SO IN THE 1846 CASE, THERE WERE DIFFERENT TYPES OF
25   INTELLECTUAL PROPERTY THAT WERE AT ISSUE THAT PRODUCED
```

1    DIFFERENT DAMAGES THEORIES, DIFFERENT PROOFS, DIFFERENT ISSUES
2    FOR YOUR HONOR TO ADDRESS.  THERE WERE DESIGN PATENTS, THERE
3    WERE TRADE DRESS CLAIMS, THERE WERE UTILITY PATENTS.
4         IN THIS CASE IT IS ALL UTILITY PATENTS.
5         GIVEN THAT THE PROOFS ARE IDENTICAL AMONG THE DIFFERENT
6    PRODUCTS YOUR HONOR, AND THIS IS VERY IMPORTANT, THE ONLY
7    BENEFIT, SUCH AS THERE IS, TO REDUCING PRODUCTS IS SAMSUNG WILL
8    BE ABLE TO EVADE A REMEDY ON THOSE PRODUCTS.
9         WE WILL ONE DAY HAVE TO HAVE ANOTHER TRIAL ON THE EXACT
10   SAME PATENTS WITH THE EXACT SAME PROOF WHEN WE'RE ALL HERE AND
11   THE PROOFS AT TRIAL WILL BE IDENTICAL.
12        THE ONLY STATEMENT THAT SAMSUNG HAS MADE ON THIS SUBJECT,
13   YOUR HONOR, IS IN THE CMC STATEMENT, AS I SAID, A CONCLUSORY
14   STATEMENT, NOTWITHSTANDING HAVING HUNDREDS OF PAGES OF
15   INFRINGEMENT CONTENTIONS BY APPLE, THAT THE PROOFS ARE
16   DIFFERENT.
17        WHAT WE WOULD SUGGEST TO YOUR HONOR, IF YOUR HONOR IS AT
18   ALL INCLINED, AND IT'S CLEAR THAT YOUR HONOR IS INCLINED --
19             THE COURT:  YES, I AM.
20             MR. KREVITT:  -- TO CONSIDER REDUCING THE NUMBER OF
21   PRODUCTS, WE WOULD RESPECTFULLY SUGGEST THAT THE TIME TO DO
22   THAT IS AFTER EXPERT REPORTS.
23        LET THE PARTIES COME FORWARD AT THAT TIME, SAMSUNG CAN
24   ARGUE "THE PROOFS ARE VERY DIFFERENT.  IN ORDER TO SIMPLIFY FOR
25   TRIAL, WE NEED TO REDUCE THE NUMBER OF PRODUCTS," AND APPLE