# EXHIBIT 1

# EXHIBIT A

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br> HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**APPLE INC.'S FURTHER SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

Case No. 12-CV-00630-LHK
APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule
2  33, Apple Inc. ("Apple") hereby objects and provides its further supplemental responses to
3  the First Set of Interrogatories to Apple Inc. (No. 12) served by Samsung Electronics Co.,
4  Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC
5  (collectively, "Samsung") on September 25, 2012.  These responses are based on information
6  reasonably available to Apple at the present time.  Apple reserves the right to continue
7  discovery and investigation into this matter and reserves the right to amend and supplement
8  these responses when and if additional information becomes available.  Apple's objections as
9  set forth herein are made without prejudice to Apple's right to assert any additional or
10 supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

12 The General Objections set forth in Apple's Objections and Reponses to Samsung's
13 First Set of Interrogatories, served on November 8, 2012, are incorporated herein by
14 reference.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

16 Subject to the foregoing qualifications and General Objections and the specific
17 objections made below, Apple objects and responds to Samsung's First Set of Interrogatories
18 as follows:

19 **INTERROGATORY NO. 12:**

20 If YOU contend or believe that YOU do not infringe any asserted claim of the
21 SAMSUNG PATENTS, state with specificity the complete factual and legal bases for such
22 contention or belief.

23 **RESPONSE TO INTERROGATORY NO. 12:**

24 Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with
25 the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal
26 Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court,
27 and/or any other applicable rule; (c) seeks information that is the subject of expert testimony;

-1-

1  (d) seeks information and/or responses that are dependent on the Court's construction of the
2  asserted claims of the patents-in-suit; or (e) seeks information and/or responses that are
3  dependent on depositions and documents that have not been taken or produced. Apple also
4  objects to this Interrogatory as premature on the ground that Samsung's infringement
5  contentions under Patent Local Rule 3-1 fail to specifically identify the features and/or
6  functionality of the accused Apple products that Samsung contends satisfy each limitation of
7  the asserted claims of the patents-in-suit and otherwise lack sufficient detail to allow Apple
8  to identify "the complete factual and legal bases" for its noninfringement arguments.
9        Apple also objects to this Interrogatory on the grounds that it is overbroad, unduly
10 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,
11 especially to the extent it seeks information about the accused Apple products beyond the
12 components or technologies of those products that may be relevant to Samsung's patents-in-
13 suit, and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.
14 Apple further objects to this Interrogatory to the extent it requires information outside
15 Apple's possession, custody, and control, including, for example, information concerning
16 components that Apple has purchased from third parties.
17       Subject to and without waiving the foregoing General and Specific Objections, Apple
18 responds as follows:
19 **'087 PATENT**
20       Apple denies that it infringes the '087 patent and denies that the '087 patent is
21 essential to any standard. Nevertheless, Samsung's submission of declarations to ETSI
22 covering the '087 patent obligates Samsung to license the '087 patent FRAND terms.
23       Apple has not directly infringed, induced infringement of, or contributed to
24 infringement of the '087 patent. Samsung's infringement contentions fail to demonstrate
25 direct or indirect infringement of the '087 patent by Apple. Samsung's contentions also fail
26 to allege any facts to support its allegations of indirect infringement, including with respect
27 to the critical issues of whether Apple intended to induce others to infringe the '087 patent,
28

-2-

1  that other Apple products infringe, those products do not infringe for the same reasons as
2  stated below.
3       Based on Apple's current understanding of the asserted claims of the '449 patent,
4  including how Samsung has applied those claims in its contentions Samsung cannot prove
5  infringement of asserted claims 25 or 27 for at least the following reasons in addition to the
6  reasons set forth above.

7  **VIII.  <u>CLAIM 25</u>**

8       A.    **"A digital camera"**

9       The accused products are not "digital cameras," as required by claim 25.  The
10 cameras of the accused products are merely component parts of a larger multimedia system
11 that includes at least a phone, computer, digital music player, video player, global positioning
12 device, game player, email device, online store, and numerous other component parts.

13      B.    **"an A/D converter which converts said analog signal from said imaging device to a digital signal"**
14

15      Samsung has failed to identify "an A/D converter which converts said analog signal
16 from said imaging device to a digital signal," as required by claim 25.  Samsung identifies
17 only a "CMOS Image Sensor" as satisfying both the "imaging device" and "A/D converter"
18 limitations, not "an A/D converter" which receives analog signals "from said imaging
19 device," as required by the claims.  Because Samsung has failed to articulate an infringement
20 theory with respect to each requirement of this limitation, Samsung cannot prove
21 infringement and Apple cannot fully respond to Samsung's infringement contentions.  In any
22 event, the accused Apple products do not have "an A/D converter which converts said analog
23 signal from said imaging device to a digital signal."  ███████████████████████
24 ███████████████████████████████████
25
26
27
28

-61-

1  **C.  "a compressor which compresses said digital signal outputted from said A/D converter, and generates compressed data by using a different compressing method for moving image signals and for still image signals"**

Samsung has failed to identify "a compressor which compresses said digital signal outputted from said A/D converter, and generates compressed data by using a different compressing method for moving image signals and for still image signals," as required by claim 25.  Samsung asserts only that "[o]n information and belief," the accused devices have "a compressor which compresses the digital signal outputted by the A/D converter," and neither identifies a component nor addresses the second part of the limitation.  Because Samsung has failed to articulate its infringement theory with respect to each requirement of this limitation, Samsung cannot prove infringement, and Apple cannot fully respond to Samsung's infringement contentions.

In any event, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In the accused products, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**D.  "a decompressor which decompresses said compressed data by using a different decompressing method according to whether said recorded compressed data is a moving image signal or a still image signal"**

Samsung asserts only that "[o]n information and belief," the accused devices have "a decompressor which decompresses the compressed digital data."  But Samsung has failed to identify any component(s) that supposedly meet the limitation "a decompressor which decompresses said compressed data by using a different decompressing method according to whether said recorded compressed data is a moving image signal or a still image signal."  Instead, Samsung provides only a picture of the A6 processor without any indication of what within the processor it asserts meets this limitation.  Because Samsung has failed to articulate its infringement theory with respect to each requirement of this limitation, Samsung cannot prove infringement and Apple cannot fully respond to Samsung's infringement contentions.

In any event, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In the accused products, ▮▮

-62-

1  ████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ██████████████████████████████

### E.  "a recording circuit which records compressed data, said compressed data including a moving image signal, and a still image signal"

Samsung asserts only that "[o]n information and belief," the accused devices have "a recording circuit that records both compressed moving image data and compressed still image data to a NAND flash module for storage."  But Samsung has failed to identify any component(s) that supposedly meet the limitation "a recording circuit which records compressed data, said compressed data including a moving image signal, and a still image signal."  Because Samsung has failed to articulate its infringement theory with respect to each requirement of this limitation, Samsung cannot prove infringement and Apple cannot fully respond to Samsung's infringement contentions.

### F.  "a reproducing circuit which reproduces a moving image signal, a sound signal in synchronous to said moving image signal, and a still image signal"

Samsung has failed identify "a reproducing circuit which reproduces a moving image signal, a sound signal in synchronous to said moving image signal, and a still image signal" in any accused product, as required by claim 25.  Samsung asserts only that "[o]n information and belief," the accused devices have "a reproducing circuit which can reproduce a moving image signal, a sound signal that is synchronous to a moving image signal, and a still image signal," and generally mentions a "graphical processing unit" in some of the accused products' processors.  Samsung has not identified any "circuit" that allegedly performs the required functionality.  Because Samsung has failed to articulate its infringement theory with respect to each requirement of this limitation, Samsung cannot prove infringement and Apple cannot fully respond to Samsung's infringement contentions.

-63-

Case No. 12-CV-00630-LHK
APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**G.    "a display which displays said moving image signals and still image signals outputted from said reproducing circuit, and a list of said moving image signal and still image signal as a search mode, and a list of classifications as a classification mode"**

Samsung has failed to show that the accused products contain "a display which displays said moving image signals and still image signals outputted from said reproducing circuit, and a list of said moving image signal and still image signal as a search mode, and a list of classifications as a classification mode." Samsung contends that the "Camera Roll" View satisfies the "list of said moving image signal and still image signal as a search mode" limitation. The Camera Roll View of the accused products is neither a "list," nor does it incorporate a "search mode." Camera Roll does not allow users to search for particular images or videos and uses a thumbnail grid structure for displaying images and videos.

Samsung further contends that the Album List View of certain iPhone and iPod touch products satisfies the "list of classifications as a classification mode" limitation. Samsung omits iPad products from its infringement contentions for this limitation. Because Samsung has failed to articulate its infringement theory with respect to each requirement of this limitation, Samsung cannot prove infringement and Apple cannot fully respond to Samsung's infringement contentions. In any event, the iPad products do not display a "list of classifications as a classification mode." The iPad products display albums as thumbnails in a grid structure, and the Album List View does not allow users to designate Album settings for particular image or video files.

**H.    "wherein said recording circuit records each one of said plurality of image signals with classification data"**

Samsung asserts that "[o]n information and belief," the accused devices have "a recording circuit that records the classification data (i.e., the identification of the Albums that contain a particular image signal) for each moving image signal and still image signal that is recorded." But Samsung has failed to identify any functionality or component(s) in the accused Apple products that supposedly satisfies the limitation "said recording circuit

-64-

## XV. CLAIM 1

### A. "means for capturing, digitizing, and compressing at least one composite signal"

The Court has construed the limitation to be a means-plus-function claim limitation for which the corresponding structure is "an audio capture card, and a video card having a video capture module." Samsung has not identified an audio capture card or a video card with video capture module in any iOS device, or any equivalent. Apple iOS devices do not use either an audio capture card or a video card having a video capture module, or any equivalent. Because the required components any equivalents do not exist in the accused Apple iOS devices, Apple does not infringe claim 1.

Samsung contends that the "Mobile Remote Units have a means for capturing, digitizing, and compressing a composite signal into a digital file" and has identified iOS devices as "Mobile Remote Units."[1] The components identified by Samsung – a CMOS Image Sensor that "uses an A/D converter," a processor with a graphical processing unit, and a video encoder – do not constitute a video card with a video capture module or an audio capture card, and therefore Apple does not infringe. An audio capture card and a video capture card with video capture module are (outdated) add-on components for personal computers that are used to receive video and audio signals ("capture") from an external device (such as a video camera). (*See* '239 patent at 4:28-31, 4:39-40, 5:44-46.) In contrast, a CMOS image sensor includes thousands of individual pixels that receive light. The light received by each pixel is converted into a digital value. Those digital values are then compiled into a video image. A CMOS image sensor cannot receive a video from an external device and does not receive or record audio signals. In addition, the claimed "composite signal" necessarily must be an analog signal; otherwise, there would be no need for the composite signal to be digitized. ███████████████████████████████

---

[1] Apple iOS devices refers to the accused Apple products that operate Apple iOS operating systems.

-79-

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  Samsung has also failed to identify any audio components of any kind in its infringement contentions, much less an "audio capture card."  For this additional reason, Samsung cannot prove infringement of claim 1 with respect to this limitation.

Samsung also cannot prove infringement of claim 1 with respect to this limitation for several of the accused iOS devices – the original iPad, and the 1st, 2nd, and 3rd generation iPod touch – even under Samsung's theory because these products do not have a camera or a CMOS image sensor.

Samsung has also failed to articulate any theory of infringement of equivalents under 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of an audio capture card, and a video card having a video capture module.  For this reason, Samsung cannot prove infringement under any theory of equivalents.

**B.    "means for storing"**

Samsung contends that the "Mobile Remote Unit has a means for storing the composite signal, such as a NAND flash module or RAM."  Samsung has failed to provide a means plus function analysis for this limitation.  The only corresponding structure disclosed in the '239 patent for performing the function required by the "means for storing" limitation is a hard disk drive.  None of the Apple iOS devices has a hard disk, and neither NAND flash memory nor RAM is a hard disk drive.  Moreover, both the NAND flash memory and RAM store only digital data and cannot store an analog "composite signal."  For these reasons, Samsung cannot prove infringement of claim 1 with respect to this limitation.

Samsung has also failed to articulate any theory of infringement of equivalents under 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of a hard disk drive.  For this reason, Samsung cannot prove infringement under any theory of equivalents.

-80-

Case No. 12-CV-00630-LHK
APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Apple reserves its right to supplement this response with regard to the '239 patent as fact and expert discovery continue.

Apple reserves its right to supplement this response with regard to the '239 patent as fact and expert discovery continue.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

**'239 AND '449 PATENTS:**

Subject to and without waiving the foregoing General and Specific Objections, Apple supplements its response as follows:

Apple identifies the following additional documents and other evidence that support its contentions set forth above:

- APL630DEF-WH0004031426-4031563, APL630DEF-WH0004031564-4031633, APL630DEF-WH0004031634-4032171.

Discovery is still ongoing and Apple is continuing to investigate. Apple reserves the right to supplement and/or amend its response as appropriate.

**'470 PATENT:**

Subject to and without waiving the foregoing General and Specific Objections, Apple supplements its response as follows:

Apple identifies the following additional documents and other evidence that support its contentions set forth above:

- APL630DEF-WH0004031426-4031563, APL630DEF-WH0004031564-4031633, APL630DEF-WH0004031634-4032171.
- APL-ITC796-0000524516 - APL-ITC796-0000524691.

Discovery is still ongoing and Apple is continuing to investigate. Apple reserves the right to supplement and/or amend its response as appropriate.

-94-

Case No. 12-CV-00630-LHK
APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | Dated: May 14, 2013 | */s/ Mark D. Selwyn* |
| 2 | | Mark D. Selwyn (SBN 244180) |
| | | (mark.selwyn@wilmerhale.com) |
| 3 | | WILMER CUTLER PICKERING |
| | |   HALE AND DORR LLP |
| 4 | | 950 Page Mill Road |
| | | Palo Alto, California 94304 |
| 5 | | Telephone: (650) 858-6000 |
| | | Facsimile: (650) 858-6100 |

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

-95-

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document, Apple Inc.'s Further Supplemental Responses to Samsung's First Set of Interrogatories (No. 12), was served on counsel for Samsung via electronic mail on May 14, 2013.

*/s/ Liv Herriot*
Liv Herriot

-96-

Case No. 12-CV-00630-LHK
APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY