# Exhibit C

# Public Redacted Version

# EXHIBIT 3
# FILED UNDER SEAL

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**APPLE INC.'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES (NO. 38)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

1   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides its response to Interrogatory No. 38 (the "Interrogatory") served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on April 2, 2013.  These responses are based on information reasonably available to Apple at the present time.  Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available.  Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

Apple makes the following general responses and objections ("General Objections") to each definition, instruction, and interrogatory propounded in Samsung's Fifth Set of Interrogatories to Apple Inc.  These General Objections are hereby incorporated into each specific response.  The assertion of the same, similar, or additional objections or partial responses to the Interrogatory does not waive any of Apple's General Objections. Apple incorporates its General Objections from its Responses to Samsung's First and Second Set of Preliminary Injunction Interrogatories.

1. Apple provides these objections and responses to the best of its current knowledge. Discovery or further investigation may reveal additional or different information warranting amendment of these objections and responses.  Apple reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good-faith error, mistake, or oversight, or the relevance of which Apple has not presently identified.  Apple's response to the Interrogatory should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the Interrogatory, or that the response constitutes admissible evidence.  No response to any portion of the Interrogatory shall be deemed a waiver of any objection not set forth herein

1  that could be made to any such portion of the Interrogatory regarding relevancy of the
2  information or its admissibility.  Rather, these responses and any information or documents
3  produced reflect Apple's attempt to produce non-privileged information and documents as
4  they are kept in the ordinary course of business and within the timeline set forth by the
5  appropriate Court Orders.

6      2. Apple objects to each and every definition, instruction, and request to the extent it
7  seeks to impose upon Apple any obligations broader than, different from, or in addition to
8  those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
9  Local Rules of the United States District Court for the Northern District of California, and/or
10 the Court's Orders.  Apple further objects to Samsung's Instructions to the extent they
11 purport to impose requirements and obligations on Apple other than as set forth in the
12 Federal Rules of Civil Procedure and the Stipulation Regarding Electronic Discovery,
13 Protective Order, Privilege Logs, and Expert Discovery, entered into by the parties on May 9,
14 2012.

15     3. Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and
16 "YOUR" to the extent they purport to include persons or entities that are separate and distinct
17 from Apple and are not under Apple's control.  "Apple" refers only to Apple Inc.

18     4. Apple objects to Samsung's definition of "'757 PATENT" because it is inaccurate,
19 overly broad, vague, ambiguous, and unduly burdensome.

20     5. Apple objects to Samsung's definition of "'757 ACCUSED FEATURES" to the
21 extent it is overly broad and unduly burdensome and to the extent it seeks information that is
22 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
23 Apple further objects to Samsung's definition of "Apple Accused Products" to the extent that
24 it requires a legal conclusion.  For purposes of responding to the Interrogatory, Apple
25 interprets the term "'757 ACCUSED FEATURES" to mean only those features that are
26 specifically identified and accused in Samsung's Infringement Contentions.

27
28

-2-

6. Apple objects to Samsung's definition of the term "APPLE SYNCHRONIZATION PATENTS" as inaccurate, vague, overly broad, and unduly burdensome.

7. Apple objects to all definitions, instructions, and the Interrogatory to the extent they seek to elicit a response that would require Apple to draw a legal conclusion or implicate the mental impressions of counsel in order to make a proper response.

8. Apple objects to the Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or discovery immunity.  The inadvertent production by Apple of information protected from disclosure by any such privilege, doctrine, or immunity shall not be deemed a waiver by Apple of such privileges or protections.  Pursuant to the parties' agreement, to the extent the Interrogatory calls for the identification of information dated after April 15, 2011 that is protected by such privilege, doctrine, or immunity, such information will not be included on Apple's privilege log.

9. Apple objects generally to the Interrogatory to the extent it seeks confidential, proprietary, or trade secret information of third parties.  Apple will endeavor to work with third parties in order to obtain their consent, if necessary, before providing such information. To the extent the Interrogatory seeks information of a confidential or proprietary nature to Apple, or to others to whom Apple is under an obligation of confidentiality, Apple will respond pursuant to the terms of the protective order to be entered in this case and subject to notice to third parties, as necessary.

10. Apple objects to the Interrogatory to the extent it is premature and/or to the extent that it: (a) conflicts with the schedule entered by the Court; (b) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any other applicable rule; (c) seeks information that is the subject of expert testimony; (d) seeks information and/or responses that are dependent on the

-3-

Court's construction of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that are dependent on depositions and documents that have not been taken or produced.

11. Apple objects to the Interrogatory as overbroad and unduly burdensome to the extent that it calls for information that is neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

12. Apple objects to the Interrogatory and to Samsung's "Definitions" and "Instructions" to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or purport to impose upon Apple any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, or any other applicable rule.

13. Apple objects to the Interrogatory to the extent it seeks irrelevant information about Apple's products or business operations. Such requests are overbroad and unduly burdensome. Apple will only produce information that is relevant to the patents-in-suit, or that is otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

14. Apple objects to the Interrogatory to the extent that it would impose a duty on Apple to undertake a search for or an evaluation of information, documents, or things for which Samsung is equally able to search for and evaluate. In particular, Apple objects to the Interrogatory to the extent that it seeks information or documents that are publicly available or readily available to Samsung. Apple further objects to the Interrogatory to the extent that it seeks information that can be derived or ascertained from documents produced in discovery or uniquely in Samsung's possession, custody, and control.

15. Apple objects to any Definition, Instruction, or Interrogatory to the extent that it purports to require identification of oral communications. Such Definition, Instruction, or Interrogatory is overbroad, vague, ambiguous, and unduly burdensome.

-4-

-5-

16. Apple objects to the Interrogatory to the extent that it purports to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

17. In Apple's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

18. Apple objects to the Interrogatory to the extent it purports to require Apple to identify or describe or identify "every," "each," "any," "all," or other similarly expansive, infinite, or all-inclusive terms to the extent that such Interrogatory is overbroad and unduly burdensome.

19. Apple objects to the Interrogatory to the extent it seeks information that is not in the possession, custody, or control of Apple, purports to require Apple to speculate about the identity of persons who might have responsive documents, and/or purports to call for any description of documents that Apple no longer possesses and/or was under no obligation to maintain.

20. Apple objects to the Interrogatory to the extent it is not limited in time and seeks information for periods of time that are not relevant to any claim or defense.

21. Apple responds to each and every Interrogatory, definition, and instruction without waiving, or intending to waive, but to the contrary, preserving and intending to preserve: (a) the right to object to the use of any information or documents for any purpose in whole or in part, in any subsequent proceeding in this litigation or in any other action on the grounds of competency, privilege, relevance or materiality, or requests for production, interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatory to which Apple responds herein, and (b) the right at any time to revise, correct, add to, or clarify any of the responses made herein.

22. Apple will make, and has made, reasonable efforts to respond to Samsung's Fifth Set of Interrogatories, to the extent that no objection is made, as Apple reasonably

1  understands and interprets the Interrogatory.  By responding to the Interrogatory, Apple does
2  not concede the relevance or materiality of the Interrogatory or of the subjects to which it
3  refers.  Apple's responses are made subject to, and without waiving any objections as to the
4  competency, relevancy, materiality, privilege, or admissibility of any of the responses, or of
5  the subject matter to which they concern, in any proceeding in this action or in any other
6  proceeding.  If Samsung subsequently asserts any interpretation of the Interrogatory that
7  differs from the interpretation of Apple, then Apple reserves the right to supplement and
8  amend its objections and responses.
9       23. Nothing stated herein shall be treated as an admission or suggestion that Apple
10 agrees with Samsung regarding either the scope of any asserted claim or the claim
11 constructions Samsung advances in its Infringement Contentions or anywhere else.  To the
12 extent that Apple's Responses reflect constructions of claim limitations consistent with or
13 suggested by Samsung's Infringement Contentions, no inference is intended nor should any
14 be drawn that Apple agrees with Samsung's claim constructions.  Nor shall anything in these
15 Responses be treated as an admission that Apple's accused technology meets any limitation
16 of any asserted claim.  Apple denies that it infringes any claim of the Patents-In-Suit.  Apple
17 expressly reserves the right to contest any claim construction asserted by Samsung.

18 **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

19      Subject to the foregoing qualifications and General Objections and the specific
20 objections made below, Apple objects and responds to Samsung's Fifth Set of Interrogatories
21 as follows:

22 **INTERROGATORY NO. 38:**

23      DESCRIBE in detail the process or processes by which the '757 ACCUSED
24 FEATURES (including iCloud, iTunes, iTunes with iCloud, Photostream, and Apple ID)
25 track, store, replicate, and distribute a user's music, photos, and associated files, and allow a
26 user to access a user's music, photos, and associated files from "whatever device you're on,"
27
28

-6-

as represented by YOU at http://www.apple.com/icloud/, including an of identification of (1) all products, features, and services that allow a user to access the user's music, photos, and associated files from "whatever device you're on"; and (2) all servers and software, by name and location, operated by YOU or under YOUR control or direction, that allow a user to access the user's music, photos, and associated files from "whatever device you're on."

**RESPONSE TO INTERROGATORY NO. 38:**

Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about the accused Apple products beyond the components or technologies of those products that may be relevant to the '757 patent, and/or that Samsung has placed at issue in this case in its Infringement Contentions.  Apple further objects to this Interrogatory to the extent it requires information outside Apple's possession, custody, and control, including, for example, information in the possession of third parties.

Apple objects to the terms "process or processes," "track, store, replicate, and distribute," and "associated files" as undefined, overbroad, vague, ambiguous, and unduly burdensome.  Apple also objects to the term "operated by YOU or under YOUR control or direction" as that term requires a legal conclusion, and is overbroad, vague, ambiguous, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds as follows:

The features described at http://www.apple.com/icloud are a group of services designed to provide Apple's customers the ability to download or stream from a library of media, while at the same time maintaining privacy protection and navigating a complex set of DRM restrictions.  The features involve numerous clients, servers, and processes including

-7-

-8-

1  iOS devices, various Macintosh computers, Apple TVs, Apple data centers, and third-party
2  hosting services.
3       iTunes in the Cloud is one service designed to provide a client the ability to
4  redownload or stream media purchased through iTunes.  iTunes in the Cloud operates with
5  compatible client devices such as certain iOS devices, Macintosh computers with iTunes, and
6
7  Apple TV devices.  Initially, a client device receives authorization for its activities by
8  signing-in with an Apple ID. ███████████████████████████████
9  ████████████████████████████████████
10 ██████████████
11      ███████████████████████████████
12 ████████████████████████████████████
13
14 ████████████████████████████████████
15 ████████████████████████████████████
16 ███████████████████████
17      ████████████████████████████ ███
18 ████████████████████████████████████
19 ████████████████████████████████████
20
21 ████████████████████████████████████
22 ████████████████████████████████
23 ████████████████████████████████
24 ████████████████████████████████████
25 █████████████████████████████
26
27 ─────────────────────
   [1] Daap stands for "digital audio access protocol."
28

-8-

-9-

1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26
27
28

| | |
|---|---|
| 1 | ███████████████████████████████████████████ |
| 2 | ███████████████████████████████████████████ |
| 3 | ██████████████ |
| 4 | |
| 5 | ████████████████████████████████████████ |
| 6 | ██████████████████████████████████████ |
| 7 | ███████████████████████████████████████ |
| 8 | ██████████████████████████████████████ |
| 9 | ██████████████████████████████████████ |
| 10 | ██████████████████████████████████████ |
| 11 | |
| 12 | █████████████████████████████████████ |
| 13 | ██████████████████████████████████████ |
| 14 | ████████████████████████████████████ |
| 15 | ████████████████████████████████████ |
| 16 | ███████████████████████████████████████ |
| 17 | ███████████████████████████████████████ |
| 18 | ██████████████████████████████████ |
| 19 | ██████████████████████████████████ |
| 20 | ██████████████████████ |
| 21 | |
| 22 | ██████████████████████████████████ |
| 23 | ███████████████████████████████████████ |
| 24 | ███████████████████████████████████████ |
| 25 | ███████████████████████████████████ |
| 26 | ███████████████████████████████████ |
| 27 | |
| 28 | |

-10-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES

ActiveUS 108576668v.8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-11-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES

ActiveUS 108576668v.8

-12-

1  ██████████████████████████████████████████████████████████████
2  ████████████████████████████
3        ████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████
5
6  ██████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████
8  ██████████████████████████████
9        ██████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████████████████
11
12 ██████████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████████████
15 ██████████████████████████████████████████████████████████████
16 ██████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████████
18 ██████████████████████████████████████████████████████████
19 ██████████████████████████████████████████████████████████████
20
21 ████████████████████████████████████████
22        ██████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████████
24 ██████████████████████████████████████████████████████████████
25 ██████████████████████████████████████████████████████████
26 ██████████████████████████████████████████████████████████
27
28

Case No. 12-CV-00630-LHK
APPLE'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES

1  ████████████████████████████████████████████████████████

2  ███████████████████████████████

3     Discovery is ongoing and Apple is continuing to investigate.  Apple reserves the right
4  to supplement and/or amend its response as appropriate.

5
   Dated: May 13, 2013                    */s/ Mark S. Selwyn*
6                                          Mark D. Selwyn (SBN 244180)
                                           (mark.selwyn@wilmerhale.com)
7                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
8                                          950 Page Mill Road
                                           Palo Alto, California 94304
9                                          Telephone:  (650) 858-6000
                                           Facsimile:  (650) 858-6100
10

11                                         William F. Lee (admitted *pro hac vice*)
                                           (william.lee@wilmerhale.com)
12                                         WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
13                                         60 State Street
                                           Boston, Massachusetts 02109
14                                         Telephone:  (617) 526-6000
                                           Facsimile:  (617) 526-5000
15

16                                         JOSH A. KREVITT (CA SBN 208552)
                                           jkrevitt@gibsondunn.com
17                                         H. MARK LYON (CA SBN 162061)
                                           mlyon@gibsondunn.com
18                                         GIBSON, DUNN & CRUTCHER LLP
                                           1881 Page Mill Road
19                                         Palo Alto, California 94304-1211
                                           Telephone: (650) 849-5300
20                                         Facsimile: (650) 849-5333

21                                         *Attorneys for Plaintiff and*
                                           *Counterclaim-Defendant Apple Inc.*
22

23

24

25

26

27

28
                                        -13-

                                                          Case No. 12-CV-00630-LHK
                         APPLE'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES
ActiveUS 108576668v.8

CERTIFICATE OF SERVICE

I, Michael Silhasek, hereby certify that on May 13, 2013, true and correct copies of the foregoing document, Apple Inc.'s Response to Samsung's Fifth Set of Interrogatories (No. 38), was served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL:**

**Charles K. Verhoeven**
**Kevin A. Smith**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**Kevin P.B. Johnson**
**Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

**William C. Price**
**Michael L. Fazio**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com

I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Michael Silhasek*
Michael Silhasek

-14-

Case No. 12-CV-00630-LHK
APPLE'S RESPONSE TO SAMSUNG'S FIFTH SET OF INTERROGATORIES

ActiveUS 108576668v.8