JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**REPLY IN SUPPORT OF APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS**<br><br>**(Supplemental Declaration of Joshua Furman filed concurrently herewith)**<br><br>**HEARING:**<br>Date:          June 25, 2013<br>Time:         10:00 a.m.<br>Place:        Courtroom 5<br>Judge:       Honorable Paul S. Grewal |

1

2 | SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
3 | York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
4 | LLC, a Delaware limited liability company,

5 | Counterclaim-Plaintiffs,
v.
6

APPLE INC., a California corporation,
7

Counterclaim-Defendant.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Page

I.   Introduction ........................................................................................................... 1

II.  Argument................................................................................................................ 3

    A.   Good Cause Exists For Allowing Apple To Add The Galaxy S4................................ 3

        1.   Judicial Estoppel Does Not Preclude Apple's Motion ..................................... 3

        2.   Adding The Galaxy S4 Would Not Prejudice Samsung ................................... 5

        3.   Judge Koh's Case Management Orders Do Not Preclude Apple's Motion ........................................................................................................... 7

    B.   Good Cause Exists For Allowing Apple's Supplementation Of Its Infringement Contentions With Respect To Claims 24, 25 and 27 of the '959 Patent ...................... 8

III. Conclusion............................................................................................................ 10

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

i

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

3   **Cases**

4   *Apple Inc. v. Samsung Electronics Co.,*
5       695 F.3d 1370 (Fed. Cir. 2012)...........................................................................8

    *Baughman v. Walt Disney World Co.,*
6       685 F.3d 1131 (9th Cir. 2012)..............................................................................5

7   *Hamilton v. State Farm Fire & Cas. Co.,*
        270 F.3d 778 (9th Cir. 2001)................................................................................5
8
    *Milton H. Green Archives, Inc. v. Marilyn Monroe LLC,*
9       692 F.3d 983 (9th Cir. 2012)................................................................................5

10  *New Hampshire v. Maine,*
        532 U.S. 742 (2001) .............................................................................................3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      Introduction**

3
       Samsung opposes only two aspects of Apple's proposed amendments to its infringement

4
contentions:  (1) the addition of the newly-released Galaxy S4—Samsung's current flagship

5
smartphone—as an accused product for five of the eight asserted Apple patents, and (2) the addition of

6
specific source code citations and other detail with respect to claims 24, 25 and 27 of the '959 patent.

7
Good cause clearly exists for adding the Galaxy S4 and the additional infringement details.  Moreover,

8
there is no prejudice to Samsung from these amendments because neither involves substantive

9
changes in Apple's infringement theories or proof.

10
       Indeed, in opposing Apple's motion to add the Galaxy S4, Samsung makes several arguments

11
that are so misleading they reveal the extent to which Samsung lacks a legitimate basis upon which to

12
oppose, and instead seeks only to limit its exposure in this case by keeping out its latest flagship

13
product.  Samsung first claims that Apple is "judicially estopped" from adding the Galaxy S4 because

14
Apple successfully opposed Samsung's attempt to add the iPhone 4S toward the close of discovery in

15
the 1846 case.  But, Samsung seriously mischaracterizes – or omits entirely – the relevant facts.

16
Apple contends that the Galaxy S4 infringes Apple's patents *in exactly the same way* as the other

17
Samsung accused devices, and that adding the Galaxy S4 does not require *any* substantive

18
amendments to Apple's infringement contentions.  Samsung knows this, of course, because it has

19
Apple's claim charts.  Samsung also knows that these circumstances could not be more different than

20
those involved in Samsung's request to add the iPhone 4S in the 1846 case.  The infringement

21
contentions in that case would have substantially changed because the iPhone 4S used a *different*

22
*baseband processor* that used *different software* and that was sourced from a *different supplier* from

23
the other Apple products accused in that case of infringing Samsung's declared standards-essential

24
patents.  Those significant differences concededly would have required substantive revisions to

25
Samsung's infringement contentions and substantial additional discovery, including numerous

26
additional party and third-party depositions.  Nothing like that would happen as a consequence of

27
adding the Galaxy S4 here.  None of the salient differences with the situation in the 1846 case was

28
revealed to the Court by Samsung in its opposition.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1    Samsung also claims that the addition of the device would require "massive" and

2    "burdensome" additional discovery.  That, too, is false.  Because Apple contends that the Galaxy S4

3    infringes Apple's patents in exactly the same way as the other Samsung accused devices – as Samsung

4    knows from Apple's claim charts – any supplemental discovery required will be very limited, for

5    example (1) the Galaxy S4 source code, and (2) financial information for the Galaxy S4 showing

6    sales, revenues and costs for the accused devices.  Apple has no intention of reopening closed

7    depositions – despite Samsung's claims here and in stark contrast to what Samsung demanded in the

8    1846 case.  Samsung's claim that *it* will need "massive" discovery to show non-infringement is

9    misleading for this same reason.  As Apple is contending that the S4 infringes in the same way as the

10   other accused devises, there is no reason why Samsung would need "massive" additional discovery to

11   show non-infringement.  Indeed Samsung's brief provides no explanation for why its non-

12   infringement contentions would differ *in any way* as to the S4.  And Samsung has in its own

13   possession the discovery it claims to need.  Thus, while Samsung tells the Court that "massive"

14   discovery would result, the truth is the opposite.

15   Samsung also contends that Apple's request to add the Galaxy S4 is inconsistent with Judge

16   Koh's case narrowing orders, but that, too, is untrue.  Judge Koh has set a limit on the number of

17   accused products, with ten products at trial.  As Samsung knows, by seeking to add the Galaxy S4,

18   Apple does not seek to exceed that limit.  To the contrary, Apple has explicitly agreed to drop one of

19   the currently accused Samsung products if the Court allows it to add the Galaxy S4.

20   Finally, with respect to Apple's proposed amendments related to claims 24, 25 and 27 of the

21   '959 patent, Samsung takes a position that is inconsistent with the positions it is taking with other

22   proposed amendments.[1]  With the exception of the Galaxy S4, Samsung does not oppose any of

23   Apple's proposed amendments to its infringement contentions relating to the '502, '647, '172, '721,

24   '760, and '414 patents, stating that it does not oppose these proposed amendments because they

25   merely "add detail and evidence to Apple's infringement contentions."  *See* Opposition, at 1.  But, this

26   is all that Apple's proposed amendments to claims 24, 25 and 27 do.  Apple is not substantively

---

[1]    Apple has already informed Samsung that it is agreeing to withdraw its motion to amend its contentions with
regard to the '604 patent and claim 1 of the '959 patent.  As such, the only amendments that Samsung challenges, apart
from those pertaining to the Galaxy S4, relate to claims 24, 25 and 27 of the '959 patent.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

changing its infringement theories, but is merely fleshing out its contentions with source code references for the modules that were referenced in Apple's prior infringement contentions. The additional citations were not available to Apple until after Google's recent document production, and Apple's update was made promptly after review of the documents.

Accordingly, as good cause exists for allowing all of the amendments Apple now proposes, the Court should grant Apple's Motion.

## II. Argument

### A. Good Cause Exists For Allowing Apple To Add The Galaxy S4

Samsung does not—and cannot—dispute that Apple was diligent in moving to add the Galaxy S4 as an accused device. The Galaxy S4 was first released on April 27, 2013. Apple promptly analyzed the phone and moved to add it less than one month later. Instead, Samsung argues that (1) judicial estoppel bars Apple's request; (2) Samsung will be prejudiced because adding the Galaxy S4 will necessitate "massive" additional discovery; and (3) Apple's request is inconsistent with Judge Koh's case narrowing orders. Samsung's arguments are meritless, and are based on misstatements of fact and distortions of the record.

#### 1. Judicial Estoppel Does Not Preclude Apple's Motion

Samsung contends that arguments made by Apple in the 1846 case judicially estop Apple from adding the Galaxy S4 to this case. But Samsung fails to mention key facts that plainly distinguish the circumstances of the 1846 case and that render the doctrine entirely inapplicable here.

In considering whether to invoke judicial estoppel, courts consider (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party successfully persuaded the court to adopt its earlier position such that "judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) whether the party seeking to assert the allegedly inconsistent position would "derive an unfair advantage or impose an unfair detriment on the opposing party." *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001). None of these factors is present here.

Apple is not taking a position "clearly inconsistent" with its earlier position in the 1846 action. In that action, Apple opposed Samsung's request to add a new product—the iPhone 4S—because that

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1   product differed from the other accused Apple products in an important and material respect that

2   would have necessitated significant additional discovery and substantive changes in Samsung's

3   infringement contentions.  *See* Apple's Opposition to Samsung's Motion for Leave to Supplement Its

4   Infringement Contentions, Case No. 5:11-cv-01846-LHK, Dkt. No. 713, filed Feb. 3, 2012, at 1.[2]

5   Specifically, the iPhone 4S used a different baseband processor that used different software and that

6   was sourced from a different third-party supplier—Qualcomm, not Intel, which provided baseband

7   chips for the already accused devices.  *Id.*  Because the accused functionality for seven of Samsung's

8   12 asserted patents was implemented by the baseband processor, the addition of a new processor

9   would have necessitated many substantive changes to Samsung's infringement contentions and

10  substantial additional discovery, including the production, review and analysis of Qualcomm's source

11  code and the depositions of the relevant Qualcomm employees.  *Id.* at 5-6.   Under those

12  circumstances, Apple could not agree to Samsung's proposed amendment without assurances from

13  Samsung that it would not seek to reopen the depositions of *Apple's* utility and design patent

14  inventors.  *Id.* at 4-5.  Samsung, however, refused to provide such assurances, which left Apple with

15  no choice but to oppose Samsung's proposed amendment.  *Id.*  Samsung fails to inform the Court of

16  any these critical distinctions.

17          The circumstances here are dramatically different.   Samsung's Galaxy S4 runs the Android

18  operating system just like every other accused product in this litigation.  An examination of the

19  Galaxy S4 device shows that it performs the accused functionality in the same way as Samsung's

20  previously accused products; Apple's proposed claim charts covering the Galaxy S4 make that point

21  clear.  Thus, adding the Galaxy S4 does not require Apple to make any substantive amendments to the

22  theories in its infringement contentions.  Rather, because the Galaxy S4 infringes five of Apple's

23  asserted patents in exactly the same way as Samsung's other accused products, all Apple will need to

24  do is review the source code for the Galaxy S4 and make the same identification of source code files

25  that Apple has done with regard to its infringement assertions against other Samsung products.  While

26  Samsung purports to dispute Apple's contention that the S4 infringes in the same way (a merits-based

27

28
        [2]     A copy of Apple's Opposition is attached as Exhibit 4 to the Supplemental Furman Declaration.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1    argument that has no place here), it fails to identify any relevant functional differences between the

2    Galaxy S4 and other accused Samsung products, such as the Galaxy S III.  Nor does Samsung point to

3    any difference in the theories identified in the claim charts provided by Apple for the Galaxy S4 and

4    the other accused Samsung products.

5            Contrary to Samsung's inaccurate characterizations, adding the Galaxy S4 will not result in

6    some prejudicial change in the scope of the litigation.  Apple's proposal will not require any more

7    depositions, the reopening of any closed depositions, or any discovery from a new third-party supplier,

8    as would have been required had Samsung been allowed to add the iPhone 4S to the 1846 case.

9    Indeed, unlike Samsung in the 1846 case, Apple has agreed not to reopen any depositions and has

10   specified exactly what limited additional discovery it needs—*i.e.*, the production of the Galaxy S4

11   source code and inclusion of sales and revenue data for the Galaxy S4 on the financial spreadsheet

12   Samsung has prepared for the accused products.  The bases for Apple's to opposition to Samsung's

13   request to add the iPhone 4S in the 1846 case are absent here.  There is no inconsistency between the

14   position that Apple took in the earlier litigation and the one it takes here and thus as a threshold matter

15   the doctrine of judicial estoppel does not even apply.[3]

16                    **2.       Adding The Galaxy S4 Would Not Prejudice Samsung**

17           Adding the Galaxy S4 as an accused device would not require "massive" additional discovery

18   or prevent Samsung from developing its Galaxy S4-specific defenses, as Samsung misleadingly

19

20   [3]   The cases cited by Samsung in which courts have found a clear inconsistency bear no similarity to the situation
     here.  For instance, in *Baughman v. Walt Disney World Co.*, 685 F.3d 1131 (9th Cir. 2012), the plaintiff sued Walt
     Disney World under the American with Disabilities Act for refusing her request to use a Segway in Disneyland.  *Id.* at
21   1132.  The plaintiff claimed she could not use a wheelchair or motorized scooter and that Disney's refusal to allow the
     use of a Segway denied her full and equal access to the park.  *Id.*  In three prior lawsuits, however, the plaintiff had
22   claimed she relied on a wheelchair or scooter for mobility.  *Id.* at 1133.  Based on her earlier positions, the Ninth
     Circuit held that the plaintiff was judicially estopped from claiming she cannot use a wheelchair or scooter.  *Id.* at 1134.
     Likewise, in *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001), the plaintiff filed for bankruptcy
23   but failed to list a pending claim against State Farm on his bankruptcy schedules.  *Id.* at 781.  Based on the misleading
     bankruptcy schedules, the bankruptcy court discharged the plaintiff's debts.  *Id.*  Shortly thereafter, the plaintiff sued
24   State Farm.  *Id.*  The district court granted State Farm's motion for summary judgment, holding that the plaintiff was
     judicially estopped to assert claims against State Farm that he failed to disclose in his bankruptcy schedules.  *Id.* at 782.
25   On appeal, the Ninth Circuit affirmed, holding that the plaintiff "clearly asserted inconsistent positions" because "[h]e
     failed to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the
26   same claims."  *Id.* at 874.  *See also Milton H. Green Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir.
     2012) (holding that the owner of the assets of Marilyn Monroe's estate was judicially estopped from claiming that
27   Monroe was domiciled in California at the time of her death, because "[u]ntil this litigation, in every prior judicial and
     quasi-judicial proceeding, the Monroe entities took the position that Monroe died domiciled in New York").  Here,
28   Apple did not oppose Samsung's motion in the 1846 case because it was opposed in general to motions to amend; it
     opposed Samsung's motion because of the unique circumstances of that case.  Those circumstances are absent here.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

contends.  Because Apple contends that the Galaxy S4 performs the accused functionality in the same way as Samsung's previously accused products, it does not anticipate needing significant supplemental discovery.  Certainly, Apple does not intend to seek to reopen any closed depositions based on the addition of the Galaxy S4.   Indeed, Apple would require very limited supplemental discovery, such as the production of the Galaxy S4 source code and the inclusion of Galaxy S4 financial data on the spreadsheet Samsung already produced regarding sales and revenues for the other accused products.[4]  Such supplemental discovery obviously is not unduly burdensome or unworkable in the time remaining for fact discovery.  Samsung maintains its source code in a single repository and need only download it, as it has done for all of its other accused products, for inspection by Apple's reviewers.  The sales and revenue data for the Galaxy S4 is also likely readily available, and Samsung does not even attempt to claim otherwise.

Samsung offers a conclusory claim that adding the Galaxy S4 will impede it from developing its defenses, but that argument fails on the record Apple presents here.  Because Apple's infringement contentions are the same as for the current accused products, Samsung's defenses (which do not vary substantially by product) are already developed.  Indeed, Samsung fails to identify a single new defense that might be relevant to the Galaxy S4 that it has not already asserted with respect to the other accused products.[5]  While Samsung claims that it will have little time to revise its invalidity contentions, it fails to identify any of its invalidity contentions that will require modifications based on the addition of the Galaxy S4—even though it has had Apple's amended infringement contentions since May 14.  Samsung's failure in this regard is not surprising.  The infringement analysis Apple has provided for the Galaxy S4 is the same as for other accused Samsung products; thus, no change to invalidity contentions is warranted.

---

[4]   Apple recently served interrogatories, including one (No. 50) seeking information regarding features of the accused products that Samsung believes drive sales of the accused devices.  Since the responses to those interrogatories are not due until July 8, certain information related to the Galaxy S4 may also be called for in those responses if it is added as an accused product.  Likewise, to the extent Samsung has yet to produce deposition witnesses who are designated to cover topics that would include the Galaxy S4 as an accused device, Apple would anticipate that the witness would be prepared accordingly.

[5]   Samsung claims that its products, including the Galaxy S4, function differently across carriers and that these carrier-specific differences will somehow require substantial additional discovery, but Samsung fails to identify a single carrier-specific difference or provide a single concrete example of the additional discovery that will be necessary. Regardless, Apple does not believe that there are any carrier-specific differences that are relevant to its infringement contentions.  And, in any event, the S4 is *Samsung's* product, and it is well aware of any relevant differences.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1        Samsung also provides no support for its claim that adding the Galaxy S4 will prevent it from

2 arguing that consumer demand for the Galaxy S4 is driven by features and factors other than the

3 accused functionality.  Throughout this case, Samsung has identified certain non-accused features—

4 such as screen size—that it claims drive consumer demand for the accused devices.  Nothing prevents

5 it from making that claim with respect to the Galaxy S4.  To the extent that Samsung intends to argue

6 that demand for the Galaxy S4 is driven by new features that are not accused here (such as "Air

7 Gesture"), nothing prevents it from making that argument at trial if it so chooses.  Reports indicate

8 that Samsung has already sold between 6 and 10 million units of the Galaxy S4.  Samsung has

9 undoubtedly done extensive market research on the product and nothing prevents Samsung from

10 producing—right now—any market research that informed the design, development, and marketing of

11 the Galaxy S4.

12            **3.**        **Judge Koh's Case Management Orders Do Not Preclude Apple's Motion**

13        Samsung's argument that Apple's request to add the Galaxy S4 conflicts with Judge Koh's

14 case management orders limiting the number of products the parties could accuse is without merit.

15 Judge Koh's orders did not limit *which* products the parties may accuse, only the *number* of products

16 the parties may accuse.  *See, e.g.*, Case Management Order, Case No. 5:12-cv-00630-LHK, Dkt.

17 No. 471, filed Apr. 24, 2013, at 1 ("By May 8, 2013, each side shall file a Case Narrowing Statement

18 with a revised list of no more than 22 accused products."); Order Regarding Stay and Case Narrowing

19 and Continuing the Case Management Conference, Case No. 5:12-cv-00630-LHK, Dkt. No. 394, filed

20 Mar. 8, 2013, at 2 ("[W]ithin ten days after the Court issues its Claim Construction Order, the parties

21 will be required to limit their asserted patent claims and accused products to twenty-five per side.").

22 Apple expressly has agreed to substitute the Galaxy S4 for one of the 22 currently accused products.

23 *See* Motion at 9.  Apple made this clear both in the meet and confer process and in its brief.

24 Accordingly, Apple's request to add the Galaxy S4 is perfectly consistent with Judge's Koh's orders.

25        Samsung's argument to the contrary turns entirely on its contention—raised for the first time

26 only *after* Judge Koh entered the Case Management Order on April 24—that "Samsung makes

27 multiple products within the Galaxy S4 product line, each customized to carrier specifications." *See*

28 Opposition, at 5.  While Apple disagrees with Samsung's litigation-inspired contention, it is not

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1  relevant here.  Even if Judge Koh were to adopt Samsung's interpretation, such interpretation would

2  not preclude the addition of one or more of what Samsung contends are the Galaxy S4 "products."

3  Apple would merely have to drop an equivalent number of currently accused Samsung "products."

4  Samsung's contention regarding Judge Koh's order is, therefore, a red herring, at best.[6]

**B.      Good Cause Exists For Allowing Apple's Supplementation Of Its Infringement
Contentions With Respect To Claims 24, 25 and 27 of the '959 Patent**

6          On June 7, 2013, Apple informed Samsung that it would withdraw its amendments to every

7  claim to which Samsung objects except claims 24, 25 and 27 of the '959 patent.  That is, Apple agreed

8  to withdraw amendments to any claim that has the "each" term construed by the Federal Circuit in

9  *Apple Inc. v. Samsung Electronics Co.*, 695 F.3d 1370 (Fed. Cir. 2012)—*i.e.*, all asserted claims of

10  the '604 patent and claim 1 of the '959 patent—if Samsung would not oppose Apple's

11  supplementation of its infringement contentions with regards to claims 24, 25 and 27 of the '959

12  patent for all accused devices, which do not include the "each" limitation.  *See* Supplemental

13  Declaration of Josh Furman ("Furman Supp. Decl."), Ex. 1.  To date, Samsung has not responded to

14  Apple's offer.  Regardless, Apple has decided to withdraw its amended infringement contentions

15  relating to the "each" claims of the '604 and '959 patents.  Due to the withdrawal of the "each"

16  claims, Apple's contentions for the '959 patent do not add any new theories and, in line with the other

17  amendments that Samsung has not opposed, merely "add detail and evidence to Apple's infringement

18  contentions," including citations to source code (including Google source code that was only produced

19  in May 2013).  *See* Opposition, at 1.  Thus, the only issue remaining with regard to Samsung's

20  objections for the amendments relating to these patents is whether the Court should allow Apple to

21  supplement its infringement contentions as to claims 24, 25 and 27 of the '959 patent for all accused

22  devices, as shown in the substitute chart that Apple provided to Samsung.  *Id.*, Ex. 2.  Samsung cannot

23  genuinely oppose Apple's inclusion of such detail and evidence.

---

[6]      Samsung's reference to a statement made by Apple's counsel at a November 2012 hearing is also a red herring.
*See* Opposition, at 3.  That statement was made in the context of claim construction, and reflected Apple's belief that
products should not be added while "claim construction was underway."  *Id.*  However, subsequently, both parties
stipulated to adding additional products to the case, showing that neither party was ultimately opposed to further
additions not affecting claim construction proceedings.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

1   Samsung also cannot genuinely dispute that Apple was diligent in seeking to amend its

2   infringement contentions to add such detail.[7]  It is undisputed that Google did not produce the bulk of

3   its source code—including the source code for the Google applications—until March 31, 2013 and did

4   not complete its source code production until May 13, 2013.  *See* Motion, at 4.  The fact that Google

5   produced *some* source code in August 2012 that was responsive to Apple's earlier subpoena in the

6   preliminary injunction phase is irrelevant.  Apple served a new subpoena on Google in September

7   2012 that called for the production of the source code for Google's applications, and Google did not

8   produce the bulk of *that* source code until March 31, 2013.  Until that time, there was nothing Apple

9   could do to expedite its analysis of Google's source code.  However, once Google produced its

10  application source code, Apple promptly reviewed it and updated its infringement contentions.  All

11  told, it took Apple only about a month and a half to complete its review of Google's source code and

12  serve its amended contentions.  Apple has good cause to provide this additional information now

13  because it was not available earlier.  Samsung cannot plausibly claim lack of diligence on these facts,

14  or any prejudice to its position.[8]

15      Finally, Samsung's argument that Apple is proposing a new definition of "heuristic" is moot,

16  now that Apple is withdrawing its request to amend its contentions with regard to the '604 patent and

17  claim 1 of the '959 patent.  *See* Opposition, at 10 (arguing that "Apple's new contentions effectively

18  render meaningless the word 'heuristic,'" and that Apple's "new theory turns 'unique' 'heuristic' into

19  a tautology").  As Apple's revised charts with regard to claims 24, 25 and 27 of the '959 patent clearly

20  show, Apple's infringement contentions apply Judge Koh's construction of "heuristic," as they always

21  have.  *See* Furman Supp. Decl., Ex. 2.

22

23

24

25  [7]  The focus of Samsung's Opposition is on Apple's purported delay in seeking to amend its infringement
26  contentions with respect to the "each" claims in the '604 patent and claim 1 of the '959 patent.  But that argument is
    now moot as Apple is withdrawing its request to amend its contentions as to those claims.

27  [8]  The fact that Apple's analysis ultimately showed that there are no material differences between the source code
    that Google produced in August 2012 and the source code it produced in May 2013 does not mean that Apple could
28  have skipped reviewing and analyzing Google's source code, as Samsung now appears to suggest.  Apple had to review
    and analyze the source code in order to confirm that there are no material differences.

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

**III.    Conclusion**

Apple thus respectfully requests that its Motion for Leave to Amend its Disclosure of Asserted Claims & Infringement Contentions be granted.

Dated: June 11, 2013                                                    GIBSON, DUNN & CRUTCHER LLP


                                                                        By:   /s/ H. Mark Lyon
                                                                              H. Mark Lyon
                                                                              *Attorneys for Apple Inc.*

REPLY IN SUPPORT OF APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE
OF ASSERTED CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)

10

1

**CERTIFICATE OF SERVICE**

2

     The undersigned hereby certifies that the foregoing document was filed electronically in

3

compliance with Civil 5 Local Rule 5.4, and will be served on all counsel for Samsung Electronics

4

Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who

5

have consented to electronic service in accordance with Civil Local Rule 5.4 via the Court's ECF

6

7

system.

8

9

Dated: June 11, 2013                                  /s/ *H. Mark Lyon*
                                                    H. Mark Lyon

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED
CLAIMS & INFRINGEMENT CONTENTIONS 12-cv-00630-LHK (PSG)