# EXHIBIT 4

| | |
|---|---|
| HAROLD J. MCELHINNY (CA SBN 66781) | WILLIAM F. LEE |
| hmcelhinny@mofo.com | william.lee@wilmerhale.com |
| MICHAEL A. JACOBS (CA SBN 111664) | WILMER CUTLER PICKERING |
| mjacobs@mofo.com | HALE AND DORR LLP |
| JENNIFER LEE TAYLOR (CA SBN 161368) | 60 State Street |
| jtaylor@mofo.com | Boston, MA 02109 |
| ALISON M. TUCHER (CA SBN 171363) | Telephone: (617) 526-6000 |
| atucher@mofo.com | Facsimile: (617) 526-5000 |
| RICHARD S.J. HUNG (CA SBN 197425) | |
| rhung@mofo.com | |
| JASON R. BARTLETT (CA SBN 214530) | MARK D. SELWYN (SBN 244180) |
| jasonbartlett@mofo.com | mark.selwyn@wilmerhale.com |
| MORRISON & FOERSTER LLP | WILMER CUTLER PICKERING |
| 425 Market Street | HALE AND DORR LLP |
| San Francisco, California 94105-2482 | 950 Page Mill Road |
| Telephone: (415) 268-7000 | Palo Alto, California 94304 |
| Facsimile: (415) 268-7522 | Telephone: (650) 858-6000 |
| | Facsimile: (650) 858-6100 |

Attorneys for Plaintiff and
Counterclaim-Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | |
| Plaintiff, | Case No. 11-cv-01846-LHK |
| v. | **APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO SUPPLEMENT ITS INFRINGEMENT CONTENTIONS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 5

I.   With the Close of Discovery Just Four Weeks Away, Adding the iPhone 4S Will Complicate Both Parties' Discovery Burdens, Risk Delaying the Trial, and Prejudice Apple.. ............................................................................................................... 5

II.  Apple Is Not Engaging in "Gamesmanship." ..................................................................... 6

III. The Difficulties Faced by the Parties' in Their Attempts to Resolve This Motion Confirm that No New Products Should be Added at This Time. ........................................ 7

CONCLUSION ............................................................................................................................... 9

**INTRODUCTION**

The Court should deny Samsung's motion to add the iPhone 4S. The close of discovery is just over four weeks away, which leaves the parties little time to conduct discovery and even less time to resolve any discovery disputes that might arise from its addition. Adding the iPhone 4S product at this very late date also risks delaying the existing expedited trial schedule.

Besides heightening and adding to the parties' burdens in the final weeks of discovery, adding the iPhone 4S would complicate the ultimate issues for trial. This Court has previously raised the need for the parties to consider ways of streamlining the trial in this action. (*See* Declaration of Richard Hung ("Hung Decl.") Ex. L (Jan. 17, 2012 Hrg. Tr. at 7:19-23) (inquiring as to the parties' thoughts on case simplification).) Samsung's proposal would do the exact opposite. As Samsung readily admits, the iPhone 4S differs from the other accused Apple products in several ways. Critically, it uses a different baseband chip from the iPhone 4 – one that is sourced from a different supplier. (Mot. at 6 n.1.) But the baseband chip is where the accused functionality relevant to ***seven of the twelve asserted Samsung patents*** is implemented.

At the Court's suggestion in its order shortening time (Dkt. No. 665), the parties met and conferred in good faith over the past seven days about possible compromises to Samsung's motion. (Hung Decl. ¶ 11.) The parties tried in earnest to resolve this dispute, conferring late into the night and exchanging nine drafts of a stipulation. The parties ultimately were willing to agree on all issues but one – the scope of additional discovery that would be warranted by the addition of new products. Samsung proposed that it be allowed to re-take inventor depositions "upon good cause," while Apple proposed that no depositions be re-taken because of the looming close of fact discovery and Samsung's representations that its theories of infringement had largely remained unchanged.

The parties' lingering dispute over the scope of necessary discovery underscores why no additional products should be added to this case at this time. During their discussions about what constituted "good cause," Samsung suggested that the parties' addition of new products might justify re-deposing Apple's utility patent and design patent inventors. But these individuals have

1  already been deposed once, if not twice or three times, in this action and the co-pending

2  International Trade Commission investigations involving the parties.

3  Furthermore, the parties' inability to agree on this fundamental question foreshadows the

4  inevitability of discovery disputes that will arise if the parties add accused products now.  Over

5  the past four months, the parties have filed no fewer than a dozen discovery motions.  As Judge

6  Grewal noted (understandably) in hearing the parties' most recent disputes, he has "struggled in

7  this case like no other in constructing a procedure that would allow [him] to address [the parties']

8  disputes efficiently and reasonably given [his] other demands."  (Hung Decl. Ex. M (Jan. 19,

9  2012 Hrg. Tr. at 274:14-17).)

10  The burdens on the Court and Judge Grewal are real and continuing.  Past history strongly

11  suggests that they would be exacerbated by the addition of new products now, without any

12  meaningful, agreed upon constraints on discovery.  Three discovery motions remain pending

13  before Judge Grewal, who recently declined to expedite briefing on two of these motions.  (Dkt.

14  Nos. 679, 692, 699.)  For these reasons, allowing Samsung (or Apple) to add new products now,

15  when just over four weeks of discovery remains, is likely to tax the Court's limited resources

16  further.  The Court therefore should deny Samsung's motion.

17  **STATEMENT OF FACTS**

18  **The Expedited Trial Schedule:**  Early in this litigation, Apple moved for an expedited

19  trial.  Apple did so because Samsung's pervasive, obvious, and continued copying of Apple's

20  intellectual property rights demanded prompt relief.  The Court agreed, entering a modified,

21  expedited schedule for both parties' claims and counterclaims and setting the trial for July 30,

22  2012.  (Dkt. 187.)

23  **Apple's Initial Infringement Contentions:**  On August 26, 2011, Apple served its Patent

24  Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions ("Infringement

25  Contentions") on Samsung.  That disclosure identified 27 products including the Galaxy Tab,

26  Galaxy S 2, Captivate, Epic 4G, Exhibit 4G, Nexus S, Showcase Galaxy S, and Transform.  One

27  product, the Gravity Smart, was mistakenly identified as the "Gravity."  (Hung Decl. ¶ 2.)

28

APPLE'S OPP. TO SAMSUNG'S MOT. FOR LEAVE TO SUPP. INFRINGEMENT CONTENTIONS
CASE NO. 11-CV-01846-LHK

2

**Samsung's New Product Releases, and the Parties' Subsequent Discussions:** Since Apple served its Infringement Contentions, Samsung's copying has continued. It has released product upon product borrowing heavily from the patented and trademarked features of Apple's iPhone and iPad products.

Accordingly, on November 9, 2011, Apple approached Samsung about adding five of these newly released products to this litigation. (Hung Decl. Ex. A.) In particular, based on its continuing review of Samsung's products, Apple proposed that the Galaxy Player 4.0, Galaxy Player 5.0, Galaxy Tab 7.0 Plus, Galaxy Tab 8.9, and Galaxy S II Skyrocket be added to this lawsuit. (*Id.*) Central to Apple's proposal to Samsung was that the addition of these products not affect the trial date. Indeed, Apple's draft proposal stated this expressly. (*Id.*)

In response (and only in response) to Apple's overture, Samsung proposed to add the iPhone 4S on November 22, 2011. (Hung Decl. Ex. B.) The iPhone 4S was released on October 14, 2011. Over the next six weeks, the parties conferred about how adding these products would impact the case. Specifically, the parties discussed whether the parties could change their infringement theories, as compared to previously disclosed theories, for these products. While the parties' discussions were ongoing, Samsung continued to release new products. These new products included the Samsung Galaxy Nexus, which was released on December 15, 2011. (Hung Decl. ¶ 6.)

**Apple's January 6, 2012 Draft Stipulation:** On January 6, 2012, at Samsung's request, Apple agreed to draft a stipulation regarding the products that the parties sought to be added. (Hung Decl. Ex. G.) In doing so, Apple included all additional products of which it was then aware that infringed the intellectual property identified in its Amended Complaint. (*Id.*) The products included:

- 5 products that were previously identified in Apple's earlier draft of the stipulation (*i.e.,* the Galaxy Tab 7.0 Plus, the Galaxy Tab 8.9, the Galaxy Player 4.0, the Galaxy Player 5.0, and the Galaxy S II Skyrocket);

- 1 product that was identified to avoid confusion over its slightly different product names (*i.e.,* the Showcase i500, which is identical

to the Showcase Galaxy S listed in Apple's original Infringement Contentions);

- 1 product that had been mislabeled in Apple's Infringement Contentions (*i.e.,* the Gravity Smart, mistakenly identified as the "Gravity");

- 1 product that Apple had overlooked in its original Infringement Contentions (the Dart); and

- 10 products that were released between August 21, 2011 (just before Apple served its Infringement Contentions) and December 15, 2011 (the Conquer 4G, Admire, Galaxy S II Epic 4G Touch, Focus S, Stratosphere, Transform Ultra, Captivate Glide, and Galaxy Nexus).

(Hung Decl. ¶ 8.)

Samsung rejected this proposed stipulation. Three weeks later, on January 25, it filed the instant motion. (Dkt. No. 658.)

**The Parties' Attempts at Compromise:** Concurrently with its motion to supplement its infringement contentions, Samsung moved to shorten time. In granting that motion on January 27, the Court encouraged the parties to confer about possible compromises. (Dkt. 665 at 1.)

Over the next seven days, the parties conferred in good faith about such compromises. To this end, they exchanged nine drafts of a proposed stipulation to add new products. Samsung ultimately was willing to agree that, in return for adding the iPhone 4S to this case, Apple could add one new product -- the Galaxy Nexus. Apple also could add (or clarify the earlier inclusion of) six other products as Accused Instrumentalities -- the Galaxy Tab 7.0 Plus, the Galaxy Tab 8.9, the Galaxy S II Epic 4G Touch, the Galaxy S II SkyRocket, the Showcase i500, and the Gravity Smart. The parties were even willing to agree that any supplemental infringement contentions would not change from theories previously disclosed. Finally, the parties were willing to agree that the added products would not require amendments to the parties' claim construction positions or invalidity contentions, the discovery cutoff, or the trial schedule. (Hung Decl. Exs. J, K.)

The parties disagreed on one critical issue, however – whether discovery on the newly-added products should be narrowly cabined. In view of the rapidly approaching March 8, 2012

discovery cutoff, Apple proposed that no depositions – whether of utility inventors, design inventors, or any other witnesses – be retaken. (Hung Decl. Ex. J; ¶ 11.)

Although agreeing that neither the discovery cutoff nor trial date needed to be changed, Samsung disagreed that discovery should be limited in this manner. (Hung Decl. ¶ 12.) In particular, Samsung desired the flexibility to re-depose witnesses upon a showing of "good cause." (Hung Decl. Ex. K, ¶ 12.) During the parties' meet and confer discussions, Samsung could not identify witnesses for whom this standard could be met. Samsung did indicate, however, that "good cause" might warrant re-taking the depositions of Apple's utility and design patent inventors. But these individuals have been deposed *at least* once in this litigation already, and many of them have been (or will be) deposed yet again in the co-pending ITC actions.

## **ARGUMENT**

### I. **With the Close of Discovery Just Four Weeks Away, Adding the iPhone 4S Will Complicate Both Parties' Discovery Burdens, Risk Delaying the Trial, and Prejudice Apple.**

Apple is mindful of this Court's efforts to set an early trial date in this matter and its diligence in guiding the parties to an expedited resolution of their claims. Apple has also heeded the Court's instructions to the parties to begin narrowing the issues for trial so that a more manageable version of the case will be ready for presentation to the jury. Nor has Magistrate Judge Grewal's desire to streamline what remains of the discovery process been lost on Apple.

Unfortunately, at this point in discovery, Samsung's proposed addition of the iPhone 4S would cut against all of these goals. Adding the iPhone 4S now would greatly increase Apple's discovery burdens and the issues for trial. While Samsung claims that adding the iPhone 4S would not "materially expand[]" the scope of the case (Mot. at 7), Samsung readily admits that this addition will require "substantive supplements" to its infringement contentions for three of its patents in suit (*id*. at 6). Samsung also concedes that it will need to take discovery on the "different [baseband] chip" in the iPhone 4S – a new chip supplied by Qualcomm (*id*. at 6 n.1). Critically, Samsung further insists that it be allowed to take additional depositions – or re-take

APPLE'S OPP. TO SAMSUNG'S MOT. FOR LEAVE TO SUPP. INFRINGEMENT CONTENTIONS
CASE NO. 11-CV-01846-LHK

5

them with "good cause" – if new products are added. This is on top of the *115+ depositions* that have already been taken in this action. (Hung Decl. ¶ 15.)

For all these reasons, the Court should apply its inherent power to manage its docket and deny Samsung's request. *See Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. 05-cv-04158, 2007 U.S. Dist. LEXIS 59161, at *8 (N.D. Cal. July 30, 2007) (denying leave to accuse additional products because, *inter alia*, "the addition of new products would likely derail the case management schedule, require additional claim construction, and delay trial"). There is no question that adding the iPhone 4S would dramatically impact this litigation.

If new products are added now, the parties' and the Court's activities during the final month of discovery will be busier still. As it currently stands, 50+ depositions have been noticed and remain to be taken across three continents. If the iPhone 4S is added, both parties will need to conduct third party discovery relating to the baseband chip. This is because the accused iPhone 4S functionality for seven of Samsung's standards-essential patents is implemented by a Qualcomm baseband chip, which is not used in the iPhone 4, and thus far not at issue in this case. Apple further would need to develop its defenses to Samsung's new infringement claims against the iPhone 4S in short order (four weeks), and to its great prejudice.

**II. Apple Is Not Engaging in "Gamesmanship."**

Samsung attempts to justify its request for unilateral supplementation based on Apple's alleged "gamesmanship." (Mot. at 9). This, however, ignores the history of the parties' discussions and Samsung's rapid new product proliferation. Importantly, it was *Apple* that initiated discussions with Samsung in early November 2011 about adding new products. And it was *Apple* that agreed that, if it added new products, those products would be subject to the same infringement theories as those for previously accused products. (Hung Decl. Ex. J; ¶ 11.)

In the six weeks that followed Apple's making of this request, and during the parties' continued discussions about the scope and impact of any supplementation, Samsung continued to release new products. Between early August 2011 (when Apple prepared its original Infringement Contentions) and early January 2012 (when Apple sent a draft new product

stipulation), Samsung released no fewer than 16 products. Apple continued to analyze these new releases. Apple's identification of 18 additional products in its January 6, 2012 draft stipulation therefore was the result of Samsung's actions, not Apple's.[1]

### III. The Difficulties Faced by the Parties' in Their Attempts to Resolve This Motion Confirm that No New Products Should be Added at This Time.

With the Court's encouragement, the parties discussed Apple's addition of these products as a potential compromise solution – with both parties reserving all their rights with respect to other products. To this end, the parties met and conferred in good faith and exchanged draft stipulations for seven days. The parties ultimately were unable to agree on a single key issue, however: whether, and to what extent, the parties should be able to re-open depositions if the additional products were added. Apple proposed that no depositions be re-taken as a result of the addition of new products in light of the rapidly approaching close of fact discovery close and expedited trial date. Samsung, in contrast, proposed that it be able to re-take depositions upon a showing of "good cause," even though it had represented that its theories of infringement had essentially remained unchanged.[2]

The parties' dispute over this key issue confirms that no additional products – whether Apple's or Samsung's -- should be added to this case at this time. In discussing what constituted "good cause," Samsung suggested that the addition of new products might justify re-deposing Apple's utility patent and design patent inventors. Yet this proposal makes no sense, as Samsung

---

[1] As noted previously, one of the eighteen products, the Gravity Smart, was identified because it had been misidentified as the "Gravity" in Apple's infringement contentions. Apple had overlooked another, the Dart, in preparing those contentions. The remaining sixteen products issued on or after August 1, 2011.

[2] The parties took varying positions on this issue during their discussions. Apple initially proposed no depositions be re-taken, but Samsung disagreed. (Hung Decl. Ex. I, ¶ 11.) Apple then suggested a "good cause" requirement, but still Samsung disagreed. (*Id*.) Apple next proposed that the new products could not constitute grounds for taking "discovery that is not reasonably and directly necessitated by the addition of these instrumentalities (such as the re-taking of any depositions)." (Hung Decl. Ex. J, ¶ 11.) Samsung still disagreed, but suggested that the parties revert to Apple's prior "good cause" proposal. (Hung Decl. Ex. K, ¶ 12.)

Because the parties' discussions in the interim clarified Samsung's belief that "good cause" might justify re-taking utility and design inventor depositions, Apple could not agree.

APPLE'S OPP. TO SAMSUNG'S MOT. FOR LEAVE TO SUPP. INFRINGEMENT CONTENTIONS  7
CASE NO. 11-CV-01846-LHK

cannot possibly claim that the inventors, whose testimony focused, predictably, on the circumstances surrounding their inventions, and not infringement by accused products, should each be subject to another seven hours of questioning simply because of the addition of accused Samsung products.[3] All of these individuals have already been deposed ***once***, if not ***twice***, in this action. In conjunction with the co-pending ITC actions between Apple and Samsung, some witnesses have been, or are scheduled to be, deposed ***three times or more***. It is unclear how the addition of the iPhone 4S (which shares the exterior design of the iPhone 4) warrants re-opening any of these depositions, and Samsung has been unable to provide any justification for this demand.

That the parties are unable to agree, with four weeks of discovery remaining, whether "good cause" exists for re-opening any depositions underscores the fact that no new products should be added. Adding new products at this late juncture will inevitably lead to future discovery disputes. The parties have filed over a dozen discovery motions. They also have taken 115+ depositions, with 50+ more remaining (and still more to be scheduled in the co-pending ITC actions). (Hung Decl. ¶ 15.) Agreement on "good cause" to re-take any of these depositions is likely to be elusive.

If such discovery disputes arise, they would further burden the parties and potentially the Court in view of the very short time remaining before the close of discovery. As the Court is unfortunately all too aware, both parties have raised a large number of discovery disputes for the Court's resolution. At least two of these disputes remain pending, and Judge Grewal has denied shortened time to resolve them. (*See, e.g.,* Dkt. No. 699 (denying motions to shorten time).) In doing so, he explained that "the court cannot overlook its duty to balance the legitimate needs of the parties in this case against the impact on other litigants who seek to be heard on a reasonable schedule." *Id.* at 2.

---

[3] The converse also is true – Samsung's addition of the iPhone 4S could not justify, under a "good cause" rationale, Apple's re-taking of Samsung's inventor depositions.

APPLE'S OPP. TO SAMSUNG'S MOT. FOR LEAVE TO SUPP. INFRINGEMENT CONTENTIONS
CASE NO. 11-CV-01846-LHK

8

Thus, the resolution of any future discovery disputes is likely to occur after the close of discovery. This risks de-railing the trial schedule – an outcome that both parties have agreed is undesirable.

## CONCLUSION

Only four weeks remain in the discovery period. Adding the iPhone 4S (or any product) to this case at this late date would complicate and expand the scope of the rapidly approaching July trial and inevitably give rise to additional discovery disputes, which could delay the trial date. For at least these reasons, Samsung's motion should be denied.

Dated: February 3, 2012

MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
Richard S.J. Hung

Attorneys for Plaintiff APPLE INC.