JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION**<br><br><u>**HEARING**</u>**:**<br><br>Date: July 2, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Honorable Paul S. Grewal |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND .................................................................................................................. 2

    A.   The Parties' Patent Rule Disclosures and Interrogatories Regarding Conception Dates ............................................................................................... 2

    B.   The Parties' Agreement to Supplement Interrogatory Responses ............................ 3

    C.   Inventor Depositions ................................................................................................ 5

III. ARGUMENT ........................................................................................................................ 5

    A.   The Parties' Agreement To Supplement Interrogatory Responses Precludes Any Claim That These Responses Are "Untimely" ................................ 5

    B.   Even Without An Agreement, Apple's Supplemental Interrogatory Responses Are Timely And Proper ......................................................................... 6

        1.   Apple's Supplementation Was Made In Accordance With The Rules ............................................................................................................ 6

        2.   There Is No Prejudice To Samsung ............................................................. 8

IV.  CONCLUSION ................................................................................................................... 10

Gibson, Dunn & Crutcher LLP

i

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
 69 F.3d 337 (9th Cir. 1995) ................................................................................................... 8

*Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*,
 2009 U.S. Dist. LEXIS 32380 (N.D. Cal. Apr. 2, 2009) ........................................................ 7

*Caluori v. One World Techs., Inc.*,
 2012 U.S. Dist. LEXIS 77924 (C.D. Cal. June 4, 2012) ........................................................ 8

*Caron v. QuicKUTZ, Inc.*,
 2012 WL 5497869 (D. Ariz. 2012) ........................................................................................ 8

*Genentech, Inc. v. Trs. of the Univ. of Pa.*,
 2012 U.S. Dist. LEXIS 16959 (N.D. Cal. Feb. 9, 2012) ........................................................ 7

*Litle & Co. v. Mann*,
 1998 U.S. App. LEXIS 8461 (9th Cir. Cal. Apr. 28, 1998) ................................................... 8

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
 467 F.3d 1355 (Fed. Cir. 2006) .............................................................................................. 7

*Potlatch Corp. v. United States*,
 679 F.2d 153 (9th Cir. 1982) .................................................................................................. 8

*Vaca v. Rio Props.*,
 2011 U.S. Dist. LEXIS 151551 (D. Nev. Mar. 18, 2011) ...................................................... 7

### Rules

Fed. R. Civ. P. 26 ............................................................................................................................ 7

Fed. R. Civ. P. 26(e) ....................................................................................................................... 7

Fed. R. Civ. P. 26(e)(1)(A) ............................................................................................................. 6

Gibson, Dunn & Crutcher LLP

ii

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

I.     INTRODUCTION

Samsung's motion to preclude Apple's conception dates, which were provided months before the fact discovery cut-off, is without merit and is, in fact, inconsistent with the parties' explicit agreement.  Specifically, both parties agreed during the meet-and-confer process to supplement numerous interrogatory responses, including the very interrogatory at issue here concerning conception dates, and they agreed to do so by April 10, 2013.  While the parties placed certain restrictions on the supplementation of other interrogatories, none applied to the conception date interrogatory.  Pursuant to the parties' agreement, on April 10, 2013, *both* parties served supplemental interrogatory responses, and *both* parties identified *new conception dates*.  Yet, despite the fact that both Apple and Samsung provided their supplementations pursuant to the parties' agreement, on precisely the date agreed, and both parties modified conception dates, Samsung now contends that Apple's supplemental response identifying conception dates for Apple's '502, '414, '760, and '172 patents is "untimely."

The parties' explicit agreement, with which Apple complied fully, is dispositive, and Samsung's motion should be denied on that basis alone.  Indeed, that Samsung makes this motion despite the parties' agreement is inappropriate; that Samsung makes this motion without even advising the Court of the parties' agreement, or Samsung's own supplementation per that agreement, is not only misleading – it renders this motion frivolous at best.

Even absent any agreement by the parties, Apple's supplementation – made three months before the close of fact discovery – was timely and entirely appropriate under the Federal Rules, and there is no basis for preclusion, which is an extraordinary remedy.  In fact, Samsung does not cite any legal precedent to support the preclusive remedy it now seeks, with the exception of a single unreported decision from the District of Arizona that is entirely distinguishable.  Parties routinely supplement interrogatory responses during the course of discovery, sometimes even at the end of fact discovery.  Samsung has done, and continues to do, the exact same thing.  Samsung cannot – and indeed has not attempted to – show any deliberate delay or malfeasance on the part of Apple in supplementing this particular interrogatory response.

Gibson, Dunn & Crutcher LLP

1

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Samsung's conclusory claim of prejudice fares no better. Samsung argues that inventor depositions will be rendered "obsolete" by Apple's supplemental responses. But Samsung spent only a small sliver of time questioning the inventors about conception dates, and their testimony makes it clear that the inventors answered the questions based on their recollection – not based on Apple's interrogatory answer. Indeed, the witnesses did not recall exact dates of conception and instead referred to documents already in Samsung's possession. Likewise, Samsung's claim that Apple's interrogatory response affected Samsung's prior art investigation is equally unavailing. Samsung began its prior art analysis and served its original Invalidity Contentions well before receiving Apple's original interrogatory responses; in fact, the vast majority of the references identified in Samsung's original Invalidity Contentions predate the conception dates contained in Apple's supplemental responses. To the extent that Samsung actually relied on Apple's original conception dates and has sought to amend its contentions accordingly, Apple does not object (as set forth in Apple's response to Samsung's co-pending motion for leave to amend the Invalidity Contentions). Samsung has made no showing of prejudice – not with respect to the inventors or the prior art – because there is no prejudice.

In short, Samsung agreed to a date for mutual supplementation and now seeks to undermine that agreement. Even without the agreement, Samsung's motion seeks a remedy for which it has no basis, to address a prejudice that simply does not exist. For all of these reasons, discussed more fully below, Samsung's motion should be denied.

## II.   BACKGROUND

**A.   The Parties' Patent Rule Disclosures and Interrogatories Regarding Conception Dates**

On May 2, 2012, the Court entered an Order setting forth the case schedule, including the deadline to file Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions") as well as the Fact Discovery Cut Off. (Dkt. No. 160.) In accordance with the Order, Apple served its Infringement Contentions on June 15, 2012. As required by Patent Local Rule 3-2(b), Apple produced documents evidencing the conception, reduction to practice, design, and development of its asserted patents. (Thakur Decl., Ex. A at 5-8.) Notably, while the Local Patent Rules require the production of documents evidencing conception and reduction to practice, they do

Gibson, Dunn & Crutcher LLP

2

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

1  not require the identification of a party's contentions regarding the dates of conception and reduction
2  to practice.  The latter information can be ascertained through interrogatories or other discovery tools.
3        On July 7, 2012, Apple served its Second Set of Interrogatories to Samsung. (Declaration of
4  Brian M. Buroker ("Buroker Decl.") ¶ 3.)  In Interrogatory No. 12, Apple requested that Samsung
5  provide the dates of conception for each of the patents it asserted in this case. (Buroker Decl., Ex. B
6  at 6.) On August 20, 2012, Samsung served its Responses to Apple's Second Set of Interrogatories,
7  identifying conception dates and their supporting evidence. (*Id.*) Samsung also generally objected to
8  the set of interrogatories ████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████████
10 (*Id.* at 3-4.)
11       On August 12, 2012, Samsung served its Patent L.R. 3-3 Invalidity Contentions and identified
12 numerous alleged prior art references. (Buroker Decl., Ex. A.)  For instance, Samsung identified 77
13 references for the '502 patent and 88 references for the '760 patent. (*Id.* at 5-8, 57-59.) Without
14 having yet served any interrogatory to Apple seeking Apple's conception dates, Samsung asserted
15 that all of these references for the '502 and '760 patents were "commercially sold, publicly known or
16 used before the priority date of the [respective] patent." (*Id.*)
17       On September 25, 2012, a month and a half *after* its Invalidity Contentions, Samsung finally
18 served its First Set of Interrogatories to Apple. (Thakur Decl. Ex. B.)  Samsung's Interrogatory No. 2
19 requested Apple's contention regarding the dates of conception for each of its patents.  On
20 November 8, Apple served its response. (Thakur Decl. Ex. C.)  As Apple's investigation of its facts
21 was ongoing, Apple expressly noted – just as Samsung had done – that its responses were being
22 provided "to the best of its current knowledge," and that "[d]iscovery or further investigation may
23 reveal additional or different information warranting amendment." (*Id.* at 1.)
24 **B.**    **The Parties' Agreement to Supplement Interrogatory Responses**
25       In March 2013, the parties discussed supplementing their respective interrogatory responses
26 with information obtained during discovery and further investigation.   Following several telephonic
27 meet-and-confer discussions, the parties agreed to exchange supplemental responses to 13 different
28 interrogatories – per side – according to a mutually agreed schedule. (Buroker Decl., Ex. K.)

Gibson, Dunn & Crutcher LLP

3

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Correspondence from Samsung confirmed this schedule:

| Samsung Interrogatory | Apple Interrogatory | Supplemental Response Due |
|---|---|---|
| 1 | 11 | April 10, 2013 |
| 2, 3 | 12, 13 | April 10, 2013 |
| 11, 5 | 15, 20 | April 30, 2013 |
| 10 | 19 | April 10, 2013 |
| 5 | 20 | April 30, 2013 |
| 12 | 24 | April 30, 2013 |
| 18 | 29 | April 30, 2013 |
| 7 | 23 | April 10, 2013 |
| 8, 14 | 17, 26 | April 30, 2013 |
| 16 | 28 | April 1, 2013 |

(*Id.*)  In addition to the schedule for serving these responses, the parties also agreed to limit the scope of the supplementation for certain responses.  For instance, the parties agreed that supplemental responses to interrogatories about the factual and legal bases for their respective affirmative defenses "would be limited to up to three individuals with knowledge regarding each affirmative defense." (*Id.*)  In contrast, the parties did not limit the supplementation of the responses to Samsung's Interrogatory No. 2 and Apple's Interrogatory No. 12—the two interrogatories seeking conception dates.  (*Id.*)  To the contrary, Samsung wrote that "[w]ith respect to each interrogatory [being supplemented], both parties stated that fact discovery is on-going, and reserve the right to further supplement their responses pursuant to Federal Rule of Civil Procedure 26(e)."  (*Id.*)

Consistent with the agreement, on April 10, 2013, Apple served its supplemental interrogatory response to Samsung's Interrogatory No. 2. (Thakur Decl., Ex. K.)  In its supplemental response, Apple amended the conception date for the '760 patent from September 6, 2006 to March 3, 2005; the conception date for the '502 patent was amended from August 7, 1995 to December 21, 1994; the conception date for the '414 patent was amended from January 7, 2007 to February 24, 2006; and the conception date for the '172 patent was amended from January 5, 2007 to April 14, 2006. (*Id*. at 5-10.)  Likewise, on the same day, Samsung served its supplemental response to Apple's Interrogatory No. 12.  (Buroker Decl., Ex. L.)  Samsung changed the conception date for its '757 patent from █████████████████████████████████████████████████████████████ (*Id*. at 6-8.)  In addition, Samsung substantively modified its answer to

Gibson, Dunn & Crutcher LLP

4

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

this interrogatory by identifying for the first time numerous additional documents in support of the conception dates for its patents. (*Id*. at 8-9.)

**C.     Inventor Depositions**

Samsung has now taken seven inventor depositions, but two of these inventors (Capps and Freedman) are slated for further deposition, and several more – including at least one inventor for each patent at issue in this motion – are still scheduled to be taken. Samsung claims that it has expended eleven hours, or "7.8% of its total deposition allowance . . . inquiring about conception dates." (Motion at 5.) This statement is wrong and misleading. Samsung spent eleven hours questioning the inventors *about their inventions*, and only a sliver of time asking about conception dates. For example, with Mr. Capps, Samsung's questions regarding conception occupy *one page* of the total transcript. (See Thakur Decl., Ex. D at 45:12-23; Buroker Decl., Ex. C at 45:12-46:13.) With Scott Forstall, Samsung's conception questions cover *seven lines* of the transcript. (Thakur Decl., Ex. H at 114:7-14.) With Scott Herz, Samsung did not ask *any* questions about conception dates. With Michael Matas, Samsung alleges that it "spent a considerable amount of deposition time asking Mr. Matas about his activities in "late 2006." (Motion at 3, n.2.) Samsung fails to acknowledge, however, that it also asked Mr. Matas numerous questions about earlier activities. (Buroker Decl., Ex. F at 14:13-17:17, 18:8-20, 25:14-17, 95:14-96:21.) And, contrary to its claims, Samsung never questioned Mr. Matas about when he conceived of the invention claimed in the '760 patent.

In all instances, the inventors testified to the best of their knowledge but were unable to recall the exact dates of conception, deferring instead to the conception documents that had already been produced to Samsung. (Buroker Decl., Ex. C at 45:12-46:13, Ex. E at 167:11-17, Ex. I at 142:2-24; Thakur Decl., Ex. H at 114:7-14; Ex. J at 60:19-62:25.) In its motion, Samsung does not tie a single deposition question or answer to the dates contained in Apple's original interrogatory response. Indeed, Samsung did not even ask the inventors about the original interrogatory response.

**III.     ARGUMENT**

**A.    The Parties' Agreement To Supplement Interrogatory Responses Precludes Any Claim That These Responses Are "Untimely"**

As noted above, during the course of meet-and-confer discussions concerning the parties'

Gibson, Dunn & Crutcher LLP

5

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

interrogatory responses, the parties agreed to a detailed schedule for mutual supplementation of their responses by April 2013. (Buroker Decl., Ex. K.) Apple served its supplemental response to Samsung's Interrogatory No. 2 in accordance with the agreed schedule, and Samsung likewise served its supplemental response to Apple's Interrogatory No. 12 on the same day. *Both* parties modified the conception date for a subset of the asserted patents. Both parties did so subject to the agreed scope of supplementation.[1]

Thus, Samsung's claim that Apple's supplemental response is "untimely" flies in the face of the parties' explicit agreement. The basic premise of Samsung's motion is completely wrong: Apple did not spring these supplemental interrogatory responses on Samsung, without warning, at the end of the fact discovery period. Rather, the parties negotiated a time for mutual supplementation of this information, as well as other information, and they did so with three months still to go in fact discovery. There can be no dispute: the supplementation was the product of the discovery meet-and-confer process. Apple respectfully requests that the Court reject Samsung's effort to turn Apple's good-faith negotiation and agreement into the basis for an unnecessary motion.

**B.    Even Without An Agreement, Apple's Supplemental Interrogatory Responses Are Timely And Proper**

   **1.    Apple's Supplementation Was Made In Accordance With The Rules**

In addition to being consistent with the parties' agreement, Apple's supplemental interrogatory response is consistent with the mandates of the Federal Rules, which require timely supplementation of discovery responses with later-acquired information. *See* Fed. R. Civ. P 26(e)(1)(A). As additional information was discovered by both parties, both parties supplemented their interrogatory responses concerning conception dates on April 10, 2013. The Advisory Committee notes for Rule 26(e) provides that "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals *during the discovery*

---

[1] Notably, in its second supplemental interrogatory response, Samsung explains that the changed conception date for its '757 patent is based on depositions that were completed in January 2013, which is well before the April 2013 supplementation. Samsung has little basis to complain about timeliness when its own supplementation of a conception date occurred months after the events upon which it is allegedly based.

Gibson, Dunn & Crutcher LLP

6

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-cv-00630-LHK (PSG)

*period.*" Fed. R. Civ. P. 26, Cmt, 1993 Amendments (emphasis added). Apple's supplementation of its response to Interrogatory No. 2 was made in the middle of the discovery period, five months after the original response, three months before the end of fact discovery, and at an interval agreed to by the parties. (*See* Thakur Decl., Ex. K.)

Unlike disclosures that are mandated by the Patent Rules, the information at issue here is simply the subject of an interrogatory. Under Rule 26(e), there is no "good cause" requirement or need to seek leave of court to supplement interrogatory responses. *See* Fed. R. Civ. P. 26(e). The standard for supplementing discovery responses is not the same as the standard for amending Infringement Contentions or Invalidity Contentions under the local patent rules. *Compare* Fed. R. Civ. P. 26(e) *with* L.R. 3-6; *see also O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365-1366 (Fed. Cir. 2006) (contrasting Infringement Contentions and contention interrogatories, the latter of which are "amended as a matter of course during the discovery period"). Indeed, parties in federal court routinely supplement interrogatory responses up until the close of fact discovery and even, in many cases, after the close of fact discovery, without such responses being stricken. *See Genentech, Inc. v. Trs. of the Univ. of Pa.*, 2012 U.S. Dist. LEXIS 16959, at *16-17 (N.D. Cal. Feb. 9, 2012) (denying motion to strike portions of expert report that incorporated information contained in supplemental interrogatory responses served at the close of discovery) (Grewal, J.); *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2009 U.S. Dist. LEXIS 32380, at *6-9 (N.D. Cal. Apr. 2, 2009) (denying motion to strike supplemental interrogatory responses after the close of discovery where defendant "promptly supplemented its answer as soon as it had obtained and reviewed relevant documents and deposed the witnesses involved in the underlying events").

Failing to recognize the liberal standard associated with supplementation of interrogatories, Samsung seeks, essentially, to impose a sanction without having first shown the existence of a discovery violation. *See Vaca v. Rio Props.*, 2011 U.S. Dist. LEXIS 151551, at *6 (D. Nev. Mar. 18, 2011) ("[P]reclusion sanction may not come into play unless there first has been a violation of a disclosure obligation . . . or the duty to amend prior responses . . . ."); *accord Litle & Co. v. Mann, 1998 U.S. App. LEXIS 8461*, at *2-4 (9th Cir. Cal. Apr. 28, 1998). Preclusion is generally reserved for extreme cases involving deliberate delay. *E.g., Potlatch Corp. v. United States*, 679 F.2d 153 (9th

Gibson, Dunn & Crutcher LLP

7

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Cir. 1982) (holding that exclusion of defendant's evidence where there was no unjustified delay was an abuse of discretion). It has no application here, where Apple investigated its conception dates and supplemented its interrogatory responses, again, at an interval agreed to by the parties. Courts, moreover, have refused to grant preclusive sanctions even where the parties presented conception date contentions shortly before the close of discovery. *E.g.*, *Caluori v. One World Techs., Inc.*, 2012 U.S. Dist. LEXIS 77924, at *23-24 (C.D. Cal. June 4, 2012) (denying defendant's motion to strike plaintiff's date of conception, even though plaintiff never disclosed the existence of the relevant evidence until approximately two weeks before the close of fact discovery*)*.

The sole case relied upon by Samsung to support its proposed remedy, an unreported decision from Arizona, involved facts that are starkly different from those presented here. *See Caron v. QuicKUTZ, Inc.*, 2012 WL 5497869 at *17 (D. Ariz. 2012). In *Caron*, the plaintiff engaged in a series of extreme discovery abuses, including: (1) failing to preserve a computer and a hand-held device containing relevant emails, (2) failing to search his own residence for prototypes evidencing his reduction to practice until two weeks before the close of discovery, and (3) refusing to produce until a month *after* the close of discovery a transcript of plaintiff's deposition testimony in another case that directly contradicted his testimony in the case at hand. *Id* at *5-17. The Court granted the motion only after concluding that the plaintiff had deliberately violated the rules of discovery, withholding critical and responsive evidence. *Id*. *Caron* therefore confirms that these types of sanctions, which were granted under the court's inherent powers to control discovery, require a showing of "willfulness, fault, or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

Here, by contrast, Apple has taken discovery in this case very seriously. Apple served its amended interrogatory responses promptly, on the date agreed to by the parties. Samsung offers no evidence of deliberate delay or subterfuge by Apple, and instead relies on its conclusory claim that Apple's interrogatory responses are "untimely," which is simply wrong.

### 2. There Is No Prejudice To Samsung

Even setting aside the parties' agreement on serving supplemental interrogatory responses, Samsung's motion is unwarranted because Samsung has failed to demonstrate any prejudice caused

Gibson, Dunn & Crutcher LLP

8

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

by Apple's supplementation. First, Samsung claims that Apple's supplemental interrogatory responses will render "obsolete" the inventor depositions that Samsung has already taken and will require Samsung to retake each of those depositions if they are allowed. Samsung's argument is belied by the deposition transcripts, which show that Samsung spent virtually no time questioning the inventors regarding conception dates. (Buroker Decl., Exs. C-I.) Further, where Samsung did question the witnesses about conception, it did not rely in any way on Apple's original interrogatory answer. (Buroker Decl., Ex. C at 45:12-46:13, Ex. E at 167:11-17, Ex. I at 142:2-24; Thakur Decl., Ex. H at 114:7-14; Ex. J at 60:19-62:25.)

To the extent that the inventors had any knowledge related to conception dates, the inventors provided it. Four of the inventors testified that they could not recall the exact date of conception and instead offered ranges of years—all of which cover Apple's revised dates—and the inventors instead deferred to documents that had already been produced to Samsung. (*Id.*) Samsung did not even ask Mr. Herz and Mr. Matas about when they first conceived of the invention claimed in the '760 patent. Samsung has not identified a single minute of any inventor deposition that is "obsolete" as a result of its reliance on Apple's original interrogatory response. Indeed, Samsung never even mentioned its request to re-take these depositions during the meet-and-confer discussions leading up to this motion. Instead, it raises this proposed remedy for the first time in its motion.

Samsung also claims that it will be prejudiced because Apple's supplemental discovery responses will require new prior art searches. This claim is equally baseless. Samsung served its original Invalidity Contentions *three months* before, not after, the service of Apple's original interrogatory responses. Thus, Samsung did not conduct its prior art searches in reliance on any conception dates provided by Apple – and there is no evidence that Samsung stopped looking for earlier prior art in reliance on Apple's original interrogatory responses. Indeed, *60 out of 88* of the prior art references in Samsung's original Invalidity Contentions are dated earlier than the March 3, 2005 conception date for the '760 patent provided in the supplemental responses. Similarly, for the '502 patent, *61 out of 74* of the prior art references are dated earlier than the December 21, 1994 conception date provided by Apple in the supplemental responses. (Buroker Decl., Ex. A.) Thus, it is clear that Samsung conducted a search for prior art going back as far as possible in time, and that

Gibson, Dunn & Crutcher LLP

9

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

1  any conception date asserted by Apple had no bearing on the breadth of Samsung's prior art searches.

2  Moreover, Samsung makes no attempt to show that it has actually performed any new prior art searching based on these revised conception dates during the three months remaining in fact discovery, and that this searching has actually yielded any results that it is unable to develop. It should be noted that three months is still *twice as long* as Samsung had to prepare its P.R. 3-3 Invalidity Contentions, which were due *45 days* after receiving Apple's P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions. Yet, in the months that have elapsed since Apple's supplemental response to Interrogatory No. 2, Samsung has not identified any additional prior art search efforts. At best, Samsung's claim of prejudice is hypothetical.

Similarly, there is nothing to support the notion that Apple's interrogatory responses have hindered Samsung's third-party prior art discovery efforts. Samsung has served over two hundred third-party subpoenas to date—including eight on Microsoft—and continues to do so today. Samsung's focus on Microsoft is in fact a red herring, as Apple is willing to allow Samsung to update its Invalidity Contentions to take account of earlier versions of Microsoft software (*e.g.*, Microsoft Windows Mobile 2003) in its Invalidity Contentions. As noted in Apple's concurrent opposition to Samsung's co-pending motion for leave to amend the invalidity contentions, to the extent that Samsung relied on Apple's original conception dates in citing later versions of prior art systems in its Invalidity Contentions, Apple consents to having Samsung to add citations to earlier versions of those same prior art systems. This nullifies any alleged prejudice arising out of Samsung's supposed reliance on Apple's original conception dates.

## IV. CONCLUSION

In sum, Samsung's motion turns a blind eye to its own agreement with Apple to supplement the parties' interrogatory responses. Moreover, Samsung's proposed remedy of preclusion is without any legal or factual basis, and its proposed alternative of allowing the unfettered reopening of Apple's inventor depositions—without counting any of this time against Samsung's deposition time allocation—is unreasonable. Apple respectfully submits that Samsung's motion should be denied.

Gibson, Dunn & Crutcher LLP

10

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

|   |   |
|---|---|
| Dated: June 11, 2013 | GIBSON, DUNN & CRUTCHER LLP<br><br>By:     */s/ H. Mark Lyon*<br>         H. Mark Lyon<br>         ***Attorney for Plaintiff Apple Inc.*** |

Gibson, Dunn & Crutcher LLP

11

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated: June 11, 2013  By:  */s/ H. Mark Lyon*

H. Mark Lyon

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP