| | |
|---|---|
| 20JOSH KREVITT, SBN 208552<br>    jkrevitt@gibsondunn.com<br>H. MARK LYON, SBN 162061<br>    mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone:  650.849.5300<br>Facsimile:  650.849.5333<br><br>MICHAEL A. JACOBS (CA SBN 111664)<br>    mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>    rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | WILLIAM F. LEE (pro hac vice)<br>    william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>MARK D. SELWYN (CA SBN 244180)<br>    mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, ,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendant.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>**HEARING:**<br><br>Date:   July 2, 2013<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Honorable Paul S. Grewal |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 2

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. To The Extent That Samsung's Conception Date Motion Is Denied, Apple Consents To Most Of Samsung's Proposed Amendments To The Invalidity Contentions ................................................................................................................ 4

    B. Apple Opposes Samsung's Proposal To Add Prior Art That Could Have Been Previously Disclosed. ............................................................................................... 5

    C. To The Extent That Samsung's Motion To Preclude Apple's Conception Dates Is Granted, Then There Is No Basis For This Motion ............................................. 6

V. CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acer, Inc. v. Tech. Properties Ltd.*,
　2010 WL 3618687 (N.D. Cal 2010) .................................................................................. 3

*Berger v. Rossignol Ski Co.*,
　2006 WL 1095914 (N.D. Cal. 2006) ................................................................................. 4

*Google, Inc. v. Netlist, Inc.*,
　2010 WL 1838693 (N.D. Cal. 2010) ............................................................................. 4, 5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
　467 F.3d 1355 (Fed. Cir. 2006) ......................................................................................... 3

**Rules**

Patent L.R. 3-1 ........................................................................................................................... 1

Patent L.R. 3-2 ........................................................................................................................... 1

Patent L.R. 3-2(b) ...................................................................................................................... 2

Patent L.R. 3-3 ........................................................................................................................... 2

Patent L.R. 3-4 ........................................................................................................................... 2

Patent L.R. 3-6 ........................................................................................................................... 3

I.  INTRODUCTION

Samsung seeks to amend its invalidity contentions based *solely* on Apple's amended conception dates for certain patents. Samsung simultaneously moved to preclude Apple's amended conception dates; that motion to preclude is without merit, as explained in Apple's concurrent opposition, and should be denied. To the extent that the Court denies that motion to preclude Apple's conception dates, Apple does not oppose the instant motion in which Samsung seeks to amend its invalidity contentions, with just three exceptions noted below.

Most of Samsung's proposed amendments to its invalidity contentions merely add earlier versions of alleged prior art references previously cited and charted against the patents for which Apple has provided amended conception dates. In light of Apple's amended conception dates, Apple does not object to Samsung's amended invalidity contentions that cover those previously identified references. To the extent that the Court precludes Apple from asserting earlier dates of conception for one or more of the patents, on the other hand, then Samsung has failed to show good cause to make any amendments to its invalidity contentions – and, in fact, has not even attempted to do so – and the Court should deny this motion to amend in its entirety.

Three of Samsung's proposed invalidity amendments, however, bear no relationship to Apple's amended conception dates at all, and for those Samsung has failed to demonstrate any cause to amend – let alone the requisite good cause – and the Court should reject them. In particular, Samsung seeks to add (1) a Nokia user manual, (2) a discussion of a Kyocera phone, and (3) a discussion regarding touch screens to its invalidity contentions covering the '502 and '760 patents. Samsung had not previously identified these references, and Samsung fails to explain or demonstrate why it could not have identified these references until Apple first provided revised conception dates. Indeed, prior to Apple's amendment of its conception dates, Samsung identified numerous references that predate both the original and the amended conception dates. Samsung has failed to show why it could not have included these new references with its original Invalidity Contentions, or at least why it could not have identified these references prior to May 21, 2013. Instead, Samsung misleadingly suggests that Apple's amended conception dates somehow justify the amendments. Thus, with

1  respect to these three amendments, Samsung's motion to amend its invalidity contentions should be
2  denied even if Apple's amended conception dates are allowed to stand.

## II.   BACKGROUND

On June 15, 2012, Apple served its Disclosure of Asserted Claims and Infringement Contentions ("Apple's Disclosure") as required by Patent Local Rules 3-1 and 3-2. (Thakur Decl., Ex. 1.) Under Patent L.R. 3-2(b), Apple produced documents evidencing the conception, reduction to practice, design, and development of its asserted patents that were then known to Apple. (Thakur Decl., Ex. 1 at 5-8.) Likewise, pursuant to Patent Local Rules 3-3 and 3-4, on August 10, 2012, Samsung served its invalidity contentions. Samsung's invalidity contentions identified numerous alleged prior art references, and Samsung provided these contentions well before it even served an interrogatory asking for the conception dates of the asserted patents. (Declaration of Brian Buroker ("Buroker Decl."), Ex. 1 at 5-9, 57-60.) Most of the references identified in Samsung's original invalidity contentions predated not only Apple's original conception date – which Samsung had yet to receive – but also Apple's amended conception dates. (*See Id.*) In fact, it was not until September 25, 2012, that Samsung served its First Set of Interrogatories to Apple, including Interrogatory No. 2, which sought Apple's contention regarding the dates of conception for each of its patents. (Thakur Decl. Ex. 2.) On November 8, 2012, Apple served its responses. (Thakur Decl. Ex. 3.) And, consistent with an agreement between the parties to supplement interrogatories, Apple supplemented its response to Interrogatory No. 2 on April 10, 2013 – three months before the close of fact discovery. (*See* Buroker Decl., Ex. 2.) In its supplemental response to Interrogatory No. 2, Apple amended the conception dates for the '414, '502, '172 and '760 patents. (Thakur Decl., Ex. 10.)

Following Apple's service of its supplemental interrogatory responses, and pursuant to a stipulation between the parties, Samsung served its second amended invalidity contentions on April 25, 2013. Although Samsung added new arguments that the '414 patent is invalid as indefinite, and that the '959 and '604 patents are invalid as obvious in view of the state of the art, it did not include any of the prior art it now seeks to include with its proposed third amended invalidity contentions (or any new prior art at all). (*See* Buroker Decl., Ex. 3.)

On May 21, 2013, Samsung served Apple with its proposed third amended invalidity contentions, including claim charts. (Thakur Decl. Ex. 11.) On May 24, 2013, Samsung served further amended claim charts concerning the '760 patent, as well as two amended invalidity claim charts concerning the '502 patent.[1] (Thakur Decl. Ex. 12.) With respect to the '502 patent, Samsung sought to introduce additional details concerning versions of Codewright and Borland Turbo C++ and Turbo C++, systems that were previously disclosed in Samsung's original Invalidity Contentions. With respect to the '760 patent, Samsung sought to include screen shots and information for earlier versions of the Windows Mobile operating system, which was also part of Samsung's original Invalidity Contentions. Additionally, Samsung sought to include completely new prior art references – namely, a (1) Nokia 5140 User Manual, ©2004, as an alternative combination reference for dependent claim 11, (2) discussion of the Kyocera 7135 phone, available by 2003, and (3) earlier references for its discussion concerning the knowledge of touch screens. For these latter three new references, Samsung did not provide any explanation regarding diligence or good cause to support its proposed amendments.

### III.   LEGAL STANDARD

A party may amend its invalidity contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Rule 3-6 further provides a non-exhaustive list of examples of circumstances that may support a finding of good cause, including "[r]ecent discovery of material, prior art *despite earlier diligent search*." *Id.* (emphasis added). "Good cause" requires a showing that "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). Once the moving party shows that it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Properties Ltd.*, 2010 WL 3618687, at *3 (N.D. Cal 2010) (citing *O2 Micro*, 467 F.3d at 1366-68). The critical question when assessing diligence is not

---

[1] In Samsung's Facts section, it details the parties' agreements regarding their first amended invalidity contentions and second amended invalidity contentions. Those agreements, however, concerned different issues and are not relevant to the current motion.

when the moving party discovered the new information, "but rather, whether they *could have* discovered it earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, 2010 WL 1838693, at *2 (N.D. Cal. 2010). "Carelessness or mere errors . . . are insufficient to establish good cause." *Berger v. Rossignol Ski Co.*, 2006 WL 1095914, at *5 (N.D. Cal. 2006).

## IV. ARGUMENT

### A. To The Extent That Samsung's Conception Date Motion Is Denied, Apple Consents To Most Of Samsung's Proposed Amendments To The Invalidity Contentions

Samsung premises its motion for leave to amend its invalidity contentions on Apple's amended answer to Samsung's Interrogatory No. 2, which seeks Apple's contention regarding the conception dates for the asserted patents. As noted above, on April 10, 2013, three months before the close of fact discovery, and pursuant to an agreement between the parties whereby *both* parties amended interrogatory answers concerning dates of conception for their respective patents, Apple amended its response to Interrogatory No. 2. Given the relationship between its amended interrogatory answer, and Samsung's motion to amend its invalidity contentions, Apple does not oppose the majority of Samsung's proposed amendments to the extent that Samsung's motion to preclude Apple's amended conception dates is denied. In particular, to the extent that Samsung's proposed amendments merely concern earlier versions of previously cited prior art references (and, again, to the extent that the Court denies Samsung's co-pending motion to preclude the amended conception dates), then Apple consents to such amendments to the invalidity contentions.

In the event the Court grants Samsung's motion to preclude the amended conception dates, however, Samsung's motion to amend its invalidity contentions should be denied entirely. In particular, Samsung fails to explain why, with respect to the references it had previously identified and charted, it could not have identified the earlier-dated information it now seeks to add. Samsung's original invalidity contentions make clear that Samsung did not limit its prior art search to references dated around the time of the preliminary conception dates identified by Apple – Samsung could not have so limited the contentions. Indeed, Samsung did not serve Interrogatory No. 2 requesting conceptions dates until six weeks after it served its original invalidity contentions, and Apple did not answer Interrogatory No. 2 until November 8, 2012, *three months after Samsung served its original*

1  *invalidity contentions*.  In those original invalidity contentions Samsung identified numerous prior art
2  references that predated both the original conception dates and the revised conception dates provided
3  by Apple.  Specifically Samsung's original invalidity contentions contain *60 out of 88* prior art
4  references that are dated earlier than the *amended* conception date for the '760 patent, and *61 of the*
5  *74* prior art references are dated earlier than the *amended* conception date for the '502 patent.  Thus,
6  it is clear that regardless of the earlier conception dates, Samsung "*could have* discovered [the prior
7  art] earlier had it acted with the requisite diligence."  *Google, Inc.*, 2010 WL 1838693, at *2.  Again,
8  to the extent the Court grants Samsung's motion to strike Apple's amended conception dates,
9  Samsung failed to demonstrate or provide evidence of good cause that justifies its proposed amended
10  invalidity contentions.

**B.    Apple Opposes Samsung's Proposal To Add Prior Art That Could Have Been Previously Disclosed.**

Samsung's motion goes beyond simply citing earlier versions of previously disclosed prior art.  Apple opposes Samsung's request to amend its invalidity contentions to add three entirely new prior art items:  (1) a Nokia 5140 User Manual, ©2004, as an alternative combination reference for dependent claim 11, (2) the Kyocera 7135 phone, and (3) further touch screen references to bolster its discussion of the knowledge of a person of ordinary skill.[2]  Samsung has provided no evidence of diligence related to its search for these references, has failed to explain what precluded it from identifying these references sooner, and provides absolutely no explanation that ties its request to add these *new* references to Apple's amended conception dates.  As explained above, Samsung prepared and served its original invalidity contentions without the benefit of an answer to its interrogatory seeking conception dates.  Samsung fails to demonstrate why or how the amended conception dates suddenly opened Samsung's eyes to these three entirely new references.  Thus, Samsung has failed to

---

[2]  These references include:  (1) Nicolas Mokhoff, *Microsoft Touts 'Thumb-As-Stylus' Interface Progress* (Apr. 2005) ("Thumb-As-Stylus"), published at least by Apr. 5, 2005; (2) U.S. Patent No. 4,686,332 to Greanias *et al.* ("Greanias"), filed June 26, 1986, issued August 11, 1987; (3) U.S. Patent App. Pub. No. 2002/0084991 to Harrison *et al.* ("Harrison"), filed Jan. 4, 2001, published July 4, 2002; (4) U.S. Patent App. Pub. No. 2005/0052427 to Wu *et al.* ("Wu"), filed Sep. 10, 2003, published March 10, 2005.

provide evidence of diligence or good cause that would, at this late date, permit it to add entirely new references.

In contrast to the "earlier version" citations covering previously identified references, Samsung cannot point to anything in Apple's original interrogatory responses that would have led it to omit these three categories of prior art from its original invalidity charts. Samsung certainly did not *exclude* the Nokia manual, Kyocera phone, and touch screen references from its Invalidity Contentions based on Apple's original interrogatory responses; these are references that could easily have been identified before. Because these proposed amendments by Samsung are not tied to Apple's assertion of an earlier conception date, the Court should deny Samsung's motion to amend.

**C.   To The Extent That Samsung's Motion To Preclude Apple's Conception Dates Is Granted, Then There Is No Basis For This Motion**

Of course, because this motion is premised on a denial of Samsung's co-pending motion, if that motion is ultimately granted, then there is no basis for any of Samsung's proposed amendments, and Samsung's motion for leave should be denied in its entirety.

### V.   CONCLUSION

In sum, Samsung has not shown the necessary due diligence for seeking to add a third set of amendments to its Invalidity Contentions. Nevertheless, if Apple is not precluded from asserting earlier conception dates, then Apple does not oppose Samsung's request to add citations to earlier versions of previously cited prior art to its contentions. Samsung's motion should be denied at least in part, however, to the extent that it seeks to add prior art that should have been previously disclosed: *i.e.*, the Nokia 5140 User Manual, the Kyocera 7135 phone, and additional touch screen references.

Dated: June 11, 2013

                              GIBSON, DUNN & CRUTCHER LLP

                              By:   /s/ H. Mark Lyon
                                    Josh Krevitt
                                    H. Mark Lyon

                            Attorneys for Plaintiff Apple Inc.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated:  June 11, 2013                              By:      */s/ H. Mark Lyon*

                                                                  H. Mark Lyon