# EXHIBIT 1

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | Inv. No. 337-TA-794 |

**NOTICE OF THE COMMISSION'S FINAL DETERMINATION FINDING A VIOLATION OF SECTION 337; ISSUANCE OF A LIMITED EXCLUSION ORDER AND A CEASE AND DESIST ORDER; TERMINATION OF THE INVESTIGATION**

**AGENCY:**    U.S. International Trade Commission.

**ACTION:**    Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has found a violation of section 337 in this investigation and has issued a limited exclusion order prohibiting respondent Apple Inc. of Cupertino, California ("Apple"), from importing wireless communication devices, portable music and data processing devices, and tablet computers that infringe claims 75-76 and 82-84 of U.S. Patent No. 7,706,348 ("the '348 patent"). The Commission has also issued a cease and desist order against Apple prohibiting the sale and distribution within the United States of articles that infringe claims 75-76 and 82-84 of the '348 patent. The Commission has found no violation based on U.S. Patent Nos. 7,486,644 ("the '644 patent"), 7,450,114 ("the '114 patent"), and 6,771,980 ("the '980 patent"). The Commission's determination is final, and the investigation is terminated.

**FOR FURTHER INFORMATION:** Clark S. Cheney, Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2661. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server (*http://www.usitc.gov*). The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION:** The Commission instituted this investigation on August 1, 2011, based on a complaint filed by Samsung Electronics Co., Ltd. of Korea and Samsung Telecommunications America, LLC of Richardson, Texas (collectively, "Samsung").

76 *Fed. Reg*. 45860 (Aug. 1, 2011).  The complaint alleges violations of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain electronic devices, including wireless communication devices, portable music and data processing devices, and tablet computers, by reason of infringement of various U.S. patents.  The notice of investigation names Apple as the only respondent.  The patents remaining in the investigation are the '348, '644, '114, and '980 patents.  The complaint also alleged infringement of U.S. Patent No. 6,879,843, but the investigation with respect to that patent was previously terminated based on withdrawn allegations.

On September 14, 2012, the presiding administrative law judge ("ALJ") issued his final initial determination ("ID") finding no violation of section 337 based on the four patents remaining at issue.  The ALJ determined that the '348, '644, and '980 patents are valid but not infringed and that the '114 patent is both invalid and not infringed.  The ALJ further determined that the economic prong of the domestic industry requirement was satisfied with respect to the remaining asserted patents, but that the technical prong was not satisfied for any of those patents.

On October 1, 2012, complainant Samsung and the Commission investigative attorney ("IA") filed petitions for review of the ID, while Apple filed a contingent petition for review.

On November 19, 2012, the Commission determined to review the ID in its entirety. 77 *Fed. Reg*. 70464 (Nov. 26, 2012).  The Commission issued a public notice requesting written submissions from the parties and the public on various topics, many of which concerned the Commission's authority to issue a remedy for the importation of articles that infringe patents that the patent owner has stated it will license on fair, reasonable, and non-discriminatory ("FRAND") terms.  Other topics concerned patent issues specific to this investigation.  The Commission received written submissions from Samsung, Apple, and the IA addressing all of the Commission's questions.  In response to the FRAND-related topics posed to the public, the Commission received responses from the following:  Association for Competitive Technology; Business Software Alliance; Ericsson Inc.; GTW Associates; Hewlett Packard Company; Innovation Alliance; Intel Corporation; Motorola Mobility LLC; Qualcomm Incorporated; Research In Motion Corporation; and Sprint Spectrum, L.P.

On March 13, 2013, the Commission issued another public notice requesting written submissions from the parties and the public on various additional topics, including some FRAND-related topics.  78 *Fed. Reg*. 16865 (March 19, 2013).  The Commission received written submissions from Samsung, Apple, and the IA addressing all of the Commission's questions.  In response to the FRAND-related topics posed to the public, the Commission received responses from the following:  Association for Competitive Technology; Business Software Alliance; Cisco Systems, Inc.; Hewlett Packard Company; Innovation Alliance; Micron Technology, Inc.; and Retail Industry Leaders Association.

Having examined the record of this investigation, including the ALJ's final ID and submissions from the parties and from the public, the Commission has determined that Samsung has proven a violation of section 337 based on articles that infringe claims 75-76 and 82-84 of the '348 patent.  The Commission has determined to modify the ALJ's construction of certain terms in the asserted claims of the '348 patent, including "controller," "10 bit TFCI

2

information," and "puncturing."  Under the modified constructions, the Commission has determined that Samsung has proven that the accused iPhone 4 (AT&T models); iPhone 3GS (AT&T models); iPhone 3 (AT&T models); iPad 3G (AT&T models); and iPad 2 3G (AT&T models) infringe the asserted claims of the '348 patent.  The Commission has further determined that the properly construed claims have not been proven by Apple to be invalid and that Samsung has proven that a domestic industry exists in the United States with respect to the '348 patent.  The Commission has determined that Apple failed to prove an affirmative defense based on Samsung's FRAND declarations.

The Commission has determined that Samsung has not proven a violation based on alleged infringement of the '644, '980, and '114 patents.  With some modifications to the ALJ's analysis, the Commission has determined that the asserted claims of the '644 and '980 patents are valid but not infringed and that the asserted claims of the '114 patent are not infringed and are invalid.  The Commission has further determined that Samsung did not prove a domestic industry exists in the United States relating to articles protected by the '644, '980, and '114 patents.

The Commission has determined that the appropriate remedy is a limited exclusion order and a cease and desist order prohibiting Apple from importing into the United States or selling or distributing within the United States wireless communication devices, portable music and data processing devices, and tablet computers that infringe claims 75-76 and 82-84 of the '348 patent.  The Commission has determined that the public interest factors enumerated in section 337(d)(1) and (f)(1) do not preclude issuance of the limited exclusion order and cease and desist order.  The Commission has determined that Samsung's FRAND declarations do not preclude that remedy.

Finally, the Commission has determined that a bond in the amount of zero percent of the entered value is required to permit temporary importation during the period of Presidential review (19 U.S.C. § 1337(j)) of wireless communication devices, portable music and data processing devices, and tablet computers that are subject to the order.  The Commission's order and opinion were delivered to the President and to the United States Trade Representative on the day of their issuance.

Commissioner Pinkert dissents on public interest grounds from the determination to issue an exclusion order and cease and desist order.

  The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in Part 210 of the Commission's Rules of Practice and Procedure (19 C.F.R. Part 210).

  By order of the Commission.

*[signature]*

          Lisa R. Barton
          Acting Secretary to the Commission

Issued: June 4, 2013