QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION**<br><br>Date: July 2, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal |

**INTRODUCTION**

Apple's entire Opposition rests on a misstated premise. Apple argues that its April 10, 2013 supplementation to add new, earlier, conception dates to its response to Samsung's interrogatory was not untimely because, according to Apple, the parties had negotiated an agreement in March to allow for such supplementation. Not so. Samsung met and conferred with Apple because Apple's earlier response to the interrogatory was *insufficient*, in that it did not contain the requested specific citations to documents that supported its asserted conception dates. The result of that meet and confer, Samsung believed, was an agreement by Apple to provide such citations. Samsung never agreed, nor did it expect, that Apple would supplement its response with entirely new dates.

Importantly, Apple makes no attempt to explain what prompted its amendment of the conception dates for half of its asserted patents, and certainly nothing that could support the changes Apple now purports to assert which range from eight to eighteen months.[1] Apple does not argue it did not have this information in November 2012, nor does it offer any facts that came to light between November 2012 and April 2013 that might allow for the changes in dates. Apple instead argues that a private agreement between the parties made in *March* allowed Apple to assert information in *April* that it should have disclosed the previous *November*. Unfortunately for Apple, however, there was no such agreement. Moreover, and despite Apple's assertions to the contrary, a private agreement between two parties does not excuse either party's duties under the Federal Rules of Civil Procedure. Because Apple provides no grounds whatsoever for its decision to withhold vital information from November through March, its insistence that it is allowed to change its core contentions as often as it likes – and for no asserted reason – flies in the face of the Patent Local Rules and this Court's interpretation of them.

---

[1] Apple changed the date of conception of U.S. Patent No. 8,074,172 by nine months, 8,014,760 by eighteen months, 5,666,502 by eight months, and 7,761,414 by eleven months. (*See* Dkt. No. 543 at 1-3.)

1  Furthermore, Apple's arguments that Samsung was not prejudiced are meritless.  Apple's
2  assertion that Samsung failed to extensively question each witness about conception dates ignores
3  its own circular logic – Samsung was prejudiced because Samsung was denied an opportunity to
4  ask about the supplemented dates of conception, and Samsung could not possibly have questioned
5  witnesses about supplemented dates before Apple's supplementation of those dates.  Apple's
6  arguments concerning prior art are even less convincing.  First, Apple implies that Samsung's
7  prior art efforts have been dormant since its original Invalidity Contentions, ignoring Samsung's
8  diligent efforts to supplement its invalidity contentions, including by providing three amended
9  Patent Local Rule 3-3 and 3-4 Disclosures between November 2012 and April 2013.  Second,
10 while Apple correctly states that Samsung has served over 200 subpoenas to date, 130 of these
11 subpoenas – including five to Microsoft – predate Apple's supplementation of conception dates on
12 April 10, 2013.  Contrary to Apple's assertions (or implications), however, Samsung's diligent
13 efforts to pursue third-party discovery in a timely matter do not excuse Apple's decision to
14 withhold critical facts.  Samsung decided who to subpoena and what information to ask for in
15 part by relying on Apple's Infringement Contentions and interrogatory responses to determine
16 what was relevant to Samsung's defenses.  Apple's deliberate effort to hide behind a distorted
17 and untenable reading of the Federal Rules should not be permitted, and Samsung's motion should
18 be granted.

## ARGUMENT

I.  THERE WAS NO "AGREEMENT" BETWEEN THE PARTIES THAT ALLOWED APPLE TO CIRCUMVENT THE FEDERAL RULES TO HIDE KEY EVIDENCE AND INFORMATION

Apple argues that its supplementation in April 10, 2013 that added new, earlier conception dates for four of its eight asserted patents was not untimely because the "supplementation was the product of the meet and confer process."  Opp. at 6.  Apple's argument, however, misstates the parties' negotiations.  Samsung did indeed meet and confer with Apple concerning its response to Interrogatory No. 2, which requested Apple's contentions regarding the dates of conception for each of its patents.  The Interrogatory also sought "the identity of all documents (by Bates numbers) relating to such contentions."  (Declaration of Amar Thakur in Support of Samsung's

Motion to Preclude Apple from Asserting Untimely Dates of Conception ("May 28 Thakur Decl."), Exhibit B at 7.)   Apple's original response was insufficient in that it did not contain the document citations to support its conception dates.   (*See* May 28 Thakur Decl., Ex. C at 8-12.) Samsung communicated this insufficiency to Apple on January 3, 2013, when it began the meet and confer process.   (*See* Declaration of Amar L. Thakur in Support of Samsung's Reply in Support of its Motion to Preclude Apple from Asserting Untimely Dates of Conception, Exhibit A at 2, and ¶ 3.)   When Apple agreed to "supplement" its response by April 10, Samsung assumed Apple would add document citations.   Samsung did *not* expect Apple's "supplementation" would contain wholesale new dates of conception for four of Apple's asserted patents three months before the close of fact discovery.

Apple's focus on this mischaracterized agreement is an attempt to distract from the real problem with Apple's supplementation – it has not explained (1) why the information regarding its newly asserted conception dates was not included in its original November 2012 response, and (2) because it was not, then why it was not disclosed before March of 2013.

As to the first point, there is nothing more to say.   Apple has not even attempted to explain why information concerning the conception dates for its own patents, that its own employees worked on and for which it is presumably the sole repository of documents, was not available to it or disclosed when it first responded to Samsung's interrogatory in November 2012. (It was, after all, Apple who brought this litigation in the first place.)   For that reason alone, Samsung's motion should be granted.   *See Walls v. Paulson,* 250 F.R.D. 48, 53 (D.C.C. 2008) (holding that sanctions are appropriate where a party egregiously delays in providing supplemental interrogatory responses and provides no reason for that delay); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*§ 2049.1 (3d ed. 2011) (Rule 26(e) "is not an invitation to hold back material items and disclose them at the last moment.... Belated disclosure gives rise to a motion for sanctions under Rule 37(c).").

As to the second point, Apple's attempt to hide behind the – mischaracterized – March 2013 agreement does not explain its lack of supplementation for the almost five months that went by between its earlier interrogatory response in November and its eventual agreement to

1  supplement in March.   Indeed, in arguing that a March "agreement" between the parties made its
2  late supplementation of crucial information somehow timely, Apple ignores the plain text of
3  Federal Rule of Civil Procedure 26, which states: "A party who . . . has responded to an
4  interrogatory . . . *must* supplement or correct its disclosure or response *in a timely manner* if the
5  party learns that in some material respect the disclosure or response is incomplete or incorrect... ."
6  Fed. R. Civ. P. 26(e)(1)(A) (emphasis added).    Under case law construing the Federal Rules, a
7  supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible after the
8  party learns that its response was inaccurate or incomplete.   *See Insight Tech., Inc. v. SureFire,*
9  *LLC*, 2009 WL 3242557 at *2 (D.N.H. Oct. 8, 2009) ("Rule 26(e)(1)(A) does not provide an
10 unlimited escape from the restrictions imposed by Federal Rule of Civil Procedure 37(c)(1).
11 Rule 26(e) requires supplementation of discovery responses 'in a timely manner.' A supplemental
12 disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible after the party learns
13 that its response was inaccurate or incomplete.") (citing *AVX Corp. v. Cabot Corp.,* 252 F.R.D. 70,
14 78 (D.Mass. 2008) (supplementation untimely where a party withheld partial supplementation of
15 an interrogatory despite possessing key information on the grounds that it did not possess all key
16 information); *Malozienc v. Pac. Rail Servs.,* 572 F.Supp.2d 939, 943 (N.D.Ill. 2008)
17 (supplementation timely when party provided notice of new information "as soon as possible"
18 upon discovery of it); *Walls,* 250 F.R.D. at 53 (party must provide a reason for a delay in
19 providing supplemental interrogatory responses); *see also* Fed. R. Civ. P. 26, Cmt, 1993
20 Amendments.    Even where, as Apple argues, there is a "liberal standard" for interrogatory
21 supplementation (Opp. at 7), Apple has not met this standard where it provides *no justification* for
22 its delay.   The Court could reasonably conclude that Apple's delay was deliberate and preclusion
23 is justified.
24     In a misguided attempt to explain its recalcitrance, Apple cites to an Advisory Committee
25 note for Rule 26(e), which provides that "[s]upplementation need not be made as each new item of
26 information is learned but should be made at appropriate intervals during the discovery period."
27 Opp at 6-7, citing Fed. R. Civ. P. 26, Cmt, 1993 Amendments (emphasis added by Apple).
28 Apple's citation is unavailing, as it ignores the rest of that very same note: "The obligation to

supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." Fed. R. Civ. P. 26, Cmt, 1993 Amendments. The Federal Circuit has interpreted this Rule and comment as "prohibit[ing] parties who are aware of their deficient response from 'hold[ing] back material items and disclos[ing] them at the last moment.'" *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1 (3d ed. 2011)). Again, Apple has provided no explanation as to when it discovered its purported new conception dates, or why waiting until March does not constitute "holding back" the information.

This Court has established Patent Local Rules and extensive precedent expressly rejecting the kind of legal shenanigans Apple is attempting here; rules that are purposefully designed to avoid a "shifting sands" approach to patent litigation. *See, e.g., CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) ("The 'good cause' requirement disallows infringement contentions from becoming moving targets throughout the lawsuit."); *West v. Jewelry Innovations, Inc.*, 2008 WL 4532558, at *1 (N.D. Cal. Oct. 8, 2008) (rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed.Cir.2006)); *Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd.*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (The Patent Local Rules "require the plaintiff to carefully prepare for the filing of a patent suit"); *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002); *Atmel Corp. v. Info. Storage Devices Inc.*, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998) ("The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."). Apple should not be allowed to bring back the "vexatious shuffling of positions" designed simply to "thwart the very intention behind the patent local rules." *Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F. Supp. 2d 946, 980 (N.D.Cal. 2008) (quoting *Atmel Corp. v. Information Storage Devices Inc.,* 1998 WL 775115, *2 (N.D.Cal.1998)).

## II.     APPLE WILLFULLY IGNORES THE PREJUDICE IT HAS CAUSED DESPITE ACKNOWLEDGING IT

Apple claims there is no prejudice to Samsung because, according to Apple, Samsung spent "virtually no deposition time" asking questions about conception dates.   (Opp. at 9.) Apple claims the inventors provided all the information they had about the conception dates. (*Id*.)   Apple has, once again, ignored the issue.   Samsung, at the time of these depositions, did not know Apple was planning to change its conception dates by at least eight months each for a total of almost four years of additional conception time.   Samsung had diligently pursued discovery and developed defenses based on the conception dates Apple had asserted for over five months.   Samsung had spent months studying Apple's contentions and supporting documentation.   Samsung, therefore, had no reason to intensively question these witnesses on Apple's *supplemented* dates of conception, **because the supplementation had not happened yet**. Apple's argument puts the cart before the horse – it would require parties to depose witnesses based on interrogatory responses from the future.   Moreover, Apple's argument that Samsung did not spend page upon page intensively questioning Apple's inventors on its conception dates *in general*, does not mean that Samsung would not have done so had it received the earlier dates in November, or that Samsung does not have questions based on the changes.

The inventors provided their knowledge, or lack of it, on Apple's earlier asserted dates of conception – the only dates at the time of the depositions that Samsung could possibly question them about.   Samsung does not possess a clean record demonstrating the witnesses' knowledge, or lack of it, regarding the new, supplemented dates.   Apple acknowledges the problem – Samsung's lack of questioning on the new, supplemented dates – but fails to draw the connection to its dilatory supplementation of those dates, which was required before Samsung could ask questions on it.

Apple also identifies the prejudice to Samsung's efforts to locate prior art, yet fails to acknowledge that very prejudice.   (Opp. at 9-10.)   Apple claims that Samsung could not have relied on Apple's original interrogatory responses, as Samsung served its Invalidity Contentions three months earlier.   But Apple ignores two sets of Amended Invalidity Contentions that

Samsung diligently provided between November and April.   Apple cites statistics regarding how many of Samsung's prior art references are dated earlier than its supplemented conception dates, *ignoring the remaining number that are now dated later than its conception dates*.   For example, Apple points out that "60 out of 88" of Samsung's prior art references are dated earlier than the supplemented interrogatory responses (Opp. at 9), but ignores that Samsung has lost 28 prior art references that it diligently searched for while relying on Apple's original interrogatory responses. Apple identifies 41 prior art references it has invalidated for just two patents – 41 prior art references that Samsung diligently expended time and resources finding, analyzing, and disclosing.   (Opp. at 9.)   Apple's arguments deliberately attempt to obscure the purposes of individual prior art references by focusing on *quantity*.   Some prior art references were selected to address specific elements of the claims, and the loss of one piece of prior art is not necessarily compensated by the retention of another.[2]

Apple also claims that its actions have not hindered Samsung's third-party prior art discovery efforts because Samsung continues to serve subpoenas today, pointing to Microsoft as an example.   (Opp. at 10.)   But Samsung has been forced to re-subpoena multiple parties based on Apple's supplementation, including three new subpoenas to Microsoft since April 10, 2013. It is not enough that Apple is "willing" to allow Samsung to update its Invalidity Contentions – Samsung's ability to update its Invalidity Contentions is dependent on a showing of good cause, not Apple's whims – the prejudice caused stems from obligating Samsung to restart some of its third-party discovery with only a few months to issue subpoenas, meet and confer with the third-parties, complete any subpoena enforcement, and prepare an expert report.   Samsung's continued need to subpoena third parties is not evidence of *lack* of prejudice as Apple claims, it is the *direct*

---

[2]   For example, Apple's assertion of a conception date eighteen months earlier than previously asserted for U.S Patent No. 8,014,760 would eliminate all of Samsung's prior art related to dependant claim 11.   No other current prior art reference could establish the state of the industry in early 2005 instead of late 2006, so Samsung has been required to seek out new prior art references such as the Nokia 5140 User Manual, ©2004.   (*See* Dkt. No. 540-1.)   *See* Samsung's Reply in Support of Its Motion For Leave to Amend Its Invalidity Contentions, filed concurrently herewith.

-7-
REPLY IN SUPPORT OF MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

*result* of the prejudice that Samsung has suffered – the need to redo much of Samsung's previous work in preparing defenses for this case.   Apple once more acknowledges the problem and fails to admit its own fault in causing it.

## CONCLUSION

Samsung's motion did not turn a blind eye to an agreement with Apple.   Rather, Apple has mischaracterized its agreement with Samsung in an attempt to play fast and loose with the Federal Rules and this Court's jurisprudence.   For the foregoing reasons, Samsung respectfully requests that the Court GRANT Samsung's Motion to Preclude Apple from Asserting Untimely Dates of Conception.

DATED:   June 18, 2013                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC