**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

January 3, 2013

**Via E-Mail**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

Re:     Apple Inc. v. Samsung Elecs. Co. et al, Case No 12-cv-630

Dear Counsel:

I write in response to your letter of December 20, 2012 (your "Letter") regarding Apple's
Response to Samsung's First Set of Interrogatories (Apple's "Response").

**Samsung's Interrogatory No. 1**

This Interrogatory pertains to alleged notice to Samsung of each the Apple Patents, including the
date of notice, the manner in which notice was given, the patent claims noticed, the sum and
substance of the notice, and asks Apple to identify all documents or oral communications
constituting such alleged notice.

Your Letter complains of Samsung's Response to Apple's Interrogatory No. 11, yet Samsung's
Response provides a level of detail that Apple's Response lacks.  For example,  Samsung's
Response points to specific dates and individuals, and identifies documents by precise Bates
range.  Moreover, Samsung has *already* provided supplementary responses to Apple's
Interrogatory No. 11.  Apple has yet to provide any supplemental response to *any* interrogatory.
Finally, Samsung's Response addresses three patents, while Apple's addresses only 2.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Samsung is willing to discuss a timeline for further supplementation of these interrogatories after Apple has supplemented its Response to Samsung's Interrogatory No. 1 with at least as much information as Samsung has provided in its Response to Apple's Interrogatory No. 11.

**Samsung's Interrogatories Nos. 2 and 3**

Samsung's Interrogatories Nos. 2 and 3 call for Apple to provide information concerning conception and reduction to practice for each asserted Apple Patent.  In your Letter, Apple attempts to rely on its "Local Patent Rule [sic] Disclosures served on June 15, 2012."  However, Apple's disclosures are not a sufficient response because they do not differentiate between Bates ranges that are responsive to Samsung's Interrogatory No. 2, and those responsive to Samsung's Interrogatory No. 3.  Samsung's Responses to Apple's Interrogatories Nos. 12 and 13, by contrast, provide a specific Bates range for each Response.  Samsung is willing to discuss a timeline for further supplementation of these responses when Apple has supplemented its Responses to Samsung's Interrogatories Nos. 2 and 3 with at least as much information as Samsung has provided in its Response to Apple's Interrogatories Nos. 12 and 13.

**Samsung's Interrogatory No. 6**

This Interrogatory asks Apple to identify each person involved in the prosecution of the Apple Patents, including all engineers, programmers, designers, testers, patent agents, attorneys and draftsmen.  In your Letter, Apple attempts to hinge any supplementary response on Samsung's own supplementary response to Apple's Interrogatory No. 18.  This is inappropriate because Samsung's Response is not comparable to Apple's.  Samsung's Response identifies a Bates range for the prosecution of each patent, while Apple's Response merely lists a series of Bates ranges.  Samsung is willing to discuss a timeline for further supplementation of these responses.

**Samsung's Interrogatory No. 11**

This Interrogatory asks Apple to identify, for each claim of the Samsung Patents, each secondary consideration that supports the *obviousness* of the invention claimed.  Apple's response indicates it is unaware of evidence that would "support non-obviousness."  In your Letter, Apple claims that its Response to Interrogatory No. 11 "identifies factors that support the obviousness of the claim."  As Samsung explained in its letter of November 30, 2012, Apple's Response appears to address only the absence of secondary-indicia of *non*-obviousness.  Apple cannot merely point to an alleged lack of evidence of *non*-obviousness as evidence of *obviousness*.  Apple's Response is deficient.

In your Letter, Apple claims that "the fact that Samsung itself does not claim to practice the patent" is evidence of obviousness.  It is not at all clear how Samsung's practice of a patent is evidence of obviousness of the invention claimed in that patent.  Please explain how this part of Apple's Response is responsive to Interrogatory No. 11.

**Samsung's Interrogatory No. 12**

This interrogatory pertains to Apple's contentions that it does not infringe the Samsung Patents. Samsung's position that Apple's Response to Interrogatory No. 12 is a mere laundry list lacking sufficient detail is appropriate. Apple has provided a disingenuous list that merely recites almost every term in each patent. Apple must provide a sufficiently detailed response for the claims that it contends it does not practice.

Samsung is willing to discuss a timeline for further supplementation of Samsung's Response to Interrogatory No. 12 and Apple's Response to Interrogatory No. 24. Samsung proposes that both parties provide supplementary responses by January 31, 2013.

**Samsung's Interrogatory No. 13**

As indicated in my letter of November 30, 2011, Apple's Response indicates that software versions found in a particular folder do not correspond to the name of that folder. For instance, some files found in folders named "4.0" are apparently from version "4.3.5." Please explain this discrepancy.

**Samsung's Interrogatory No. 18**

This Interrogatory requires Apple to "identify" and "explain in detail" each design-around and/or alleged alternative technology, and includes four subparts. However, Apple's Response for the '058, '179, '757, '239, '470, and '449 Patents are deficient. Apple's Response simply points to all prior art and and Apple products and provides no detail whatsoever. Apple must identify and explain in detail, as required by the four subparts of the Interrogatory, each design-around or alternative technology for each Patent. Please provide a supplementary response to this Interrogatory.

**Samsung's Interrogatory No. 20**

This Interrogatory concerns Apple Covered Products that Apple contends do not practice claims of the Apple Patents. Apple has failed to provide any response. Apple complains this Interrogatory is "not reasonably calculated to lead to the discovery of admissible evidence." However, Apple's contentions concerning which asserted claims the Apple Covered Products do, and do not, practice, as well as Apple's bases for such contentions, are highly relevant.

Furthermore, Apple's objection in your Letter that Interrogatory No. 20 "[i]mproperly seeks attorney work product and legal conclusions," is likewise not a sufficient basis on which to completely refuse to respond. Apple is obligated to respond on the basis of all information available to it. Please provide a supplementary response to this Interrogatory.

**Samsung's Interrogatory No. 21**

This Interrogatory asks Apple to identify the date of, circumstances surrounding, and person most knowledgeable about Apple's first awareness of the Samsung Patents-in-Suit. At least Apple's Response pertaining to the '757 Patent is deficient. Apple's Response fails to name the

specific day on which Apple became aware of the '757 Patent and does not identify any of the individuals involved in the licensing offer from Request.  Please provide a supplementary response to this Interrogatory.

## Samsung's Interrogatory No. 23

This Interrogatory asks Apple when it instituted any litigation holds, how it implemented any litigation hold, the person responsible for monitoring compliance, and any instances of non-compliance with such litigation holds.  In your Letter, you wrote that "Apple is investigating whether supplementation is appropriate and will get back you shortly."  Please inform us about the result of Apple's investigation and whether it will provide a supplementary response to this Interrogatory.

Please provide a response to this letter by January 10, 2013.

Very truly yours,

Amar L. Thakur