QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Date:     July 2, 2013<br>Time:     10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:    Hon. Paul S. Grewal<br><br>**[PUBLIC REDACTED]** |

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ........................................................................................................... I

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 1

I. SAMSUNG SHOULD BE PERMITTED TO AMEND ITS INVALIDITY CONTENTIONS AS TO THE DISPUTED REFERENCES ............................................. 1

    A. Nokia 5140 User Manual ............................................................................................ 1

    B. Kyocera 7135 ............................................................................................................. 3

    C. Further Touch Screen References .............................................................................. 3

II. SAMSUNG'S MOTION SHOULD BE GRANTED EVEN IF THE COURT ALSO GRANTS SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION ........................................................ 4

III. CONCLUSION ................................................................................................................... 5

# INTRODUCTION

Apple concedes that good cause exists for the vast majority of Samsung's amendments to its invalidity contentions. The only dispute before the Court concerns three prior art items: 1) the Nokia 5140 User Manual, 2) the Kyocera 7135 phone, and 3) further touch screen references. Apple argues that these amendments are not tied to Apple's untimely conception dates. Not so. All three of these prior art items pre-date Apple's new conception dates, and in fact replace existing references that Apple is attempting to swear behind. Apple also argues that these prior art items can be distinguished from Samsung's other proposed amendments, but fails to identify a meaningful distinction that would rebut Samsung's showing of good cause. The Court should grant Samsung's Motion in full.

# ARGUMENT

## I. SAMSUNG SHOULD BE PERMITTED TO AMEND ITS INVALIDITY CONTENTIONS AS TO THE DISPUTED REFERENCES

### A. Nokia 5140 User Manual

The Nokia 5140 user manual is prior art to U.S. Patent No. 8,014,760 ("the '760 patent"). In its April 10, 2013 supplemental interrogatory response, Apple moved the asserted date of conception for the '760 back by a total of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬.

In its amended invalidity contentions, Samsung charts how the Nokia 5140 user manual, in combination with at least the primary references identified in each chart, renders obvious an element of dependent Claim 11 of the '760 patent. *See* Dkt. No. 540-2 ("Thakur Declaration"), Ex. 21. In its previous contentions, Samsung had relied on one or more of four additional references to show obviousness of that element of dependent Claim 11.[1] *Id.*, Ex. 19. However, of these four references, only *two* will qualify as prior art if Apple succeeds in

---

[1] U.S. Patent No. 7,280,652 to Bocking *et al.* ("Bocking"); U.S. Patent No. 7,685,530 to Sherrard *et al.* ("Sherrard"); U.S. Patent App. Pub. No. 2007/0133771 to Stifelman *et al.* ("Stifelman"); and European Patent App. No. EP 1 069 791 A1 to Richard ("Richard").

asserting its earlier conception date.[2]  *Id.*  Therefore Samsung's amendment to add the Nokia 5140 is directly responsive to Apple's new conception date for the '760 patent.

Further, contrary to Apple's arguments in its Opposition, Samsung was diligent in locating and identifying this prior art once Apple served its supplemental interrogatory response.  Based on the filing date of the patent, and Apple's November interrogatory response, Samsung searched for and identified the prior art it intended to rely on to demonstrate the invalidity of the '760 patent.  It was not until April, when Apple changed the asserted date of conception by [redacted], that it became necessary for Samsung to locate additional prior art to try to replace references that were no longer prior art under Apple's untimely conception date.  Once on notice, Samsung located the prior art and served Apple with the amended charts in less than six weeks.  Samsung therefore acted with diligence.  *See, e.g., Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007) (granting leave to amend invalidity contentions where defendant put the patentee on notice of its intention to supplement three weeks after discovering the art); *Vasudevan Software, Inc. v. Int'l Business Machines Corp.*, 2011 WL 940263, *3 (N.D. Cal. Feb. 18, 2011) (granting leave to amend invalidity contentions where discovery had not been completed, even after the claim construction hearing had taken place).

Nor has Apple identified any prejudice it would suffer were Samsung permitted to assert the Nokia 5140 user manual, which does not add a new theory of invalidity but rather replaces existing references that Apple's new conception date seeks to eliminate as prior art.  *See Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794, at *4 (N.D. Cal. 2008) (holding that where the defendant's proposed amended invalidity contentions "do not raise new issues but instead merely supplement its initial contentions, [the plaintiff is] already on notice regarding the substance of [the] proposed amendments.").  There is good cause for this amendment.

---

[2]  Stifelman was filed June 14, 2005, and published June 14, 2007; Sherrard was filed April 10, 2006, and issued March 23, 2010.

B.  **Kyocera 7135**

The Kyocera 7135 touch screen phone is also prior art to the '760 patent. The Kyocera 7135 was available at least in 2003. *See* Thakur Declaration, Ex. 21. It is therefore prior art to the '760 patent even if Apple prevails on its untimely asserted conception date of ▮▮▮▮. Like the Nokia 5140 user manual, the Kyocera 7135 does not add any new theory to Samsung's invalidity contentions. Rather, it could be used to replace later examples of smart phones with call history lists that would no longer be prior art under Apple's new conception date, such as the Treo 700w (which was available by at least January 2006). *Id.* Therefore there is also good cause for leave to amend to add this device: Samsung was diligent in locating and identifying the prior art after Apple served its supplemental interrogatory response and Apple will not be prejudiced.

C.  **Further Touch Screen References**

Samsung's previous invalidity contentions included a discussion of the state of the art at the time that the '760 patent was conceived and reduced to practice.[3] Samsung's proposed amendments add four additional state of the art references: Nicolas Mokhoff, *Microsoft Touts 'Thumb-As-Stylus' Interface Progress* (Apr. 2005) ("Thumb-As-Stylus"); U.S. Patent No. 4,686,332 to Greanias *et al.* ("Greanias"); U.S. Patent App. Pub. No. 2002/0084991 to Harrison *et al.* ("Harrison"); and U.S. Patent App. Pub. No. 2005/0052427 to Wu *et al.* ("Wu"). *See* Thakur Declaration, Ex. 21   These references, which relate to touch screens, are relevant to the knowledge of a person of ordinary skill in the art of the '760 patent.

As an initial matter, to the extent these references are being offered to establish the state of the art, Samsung is under no obligation to identify them in its invalidity contentions. Patent Local Rule 3-3 requires a party to disclose "[t]he identity of each item of prior art that allegedly

---

[3] Apple's Opposition erroneously states that the touch screen references are also included in Samsung's amended charts for the '502 patent. *See* Opposition at 1:19-20. This is incorrect. The further touch screen references are only part of Samsung's amendments to the '760 patent. *See* Thakur Declaration, Exs. 16, 18, 21, and 22. In fact, none of the disputed prior art items are included in Samsung's amendments to the '502 patent invalidity contentions. *Id.*

anticipates each asserted claim or renders it obvious" and "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1)." Patent L.R. 3-3(a) and (d). It does not require a party to identify documents showing the state of the art. *See, e.g., PSN Illinois, LLC v. Abbott Laboratories*, 2012 WL 5381278, at *4 (N.D. Ill. Oct. 31, 2012) (denying motion *in limine* to preclude references not identified in invalidity contentions where "the references will be used for the limited purpose of showing the 'state of the art'"). Samsung included a state of the art discussion in its previous invalidity contentions as a courtesy to Apple, and is updating that discussion in its amended contentions for the same reason. Patent Local Rule 3-6 does not apply to these references.

Yet even if these state of the art references were required under Patent Local Rule 3-3, good cause exists for leave to amend. Apple changed its asserted conception dates for the '760 by ▓▓▓▓▓▓. Certain references cited in Samsung's discussion of the state of the art, such as Agenda Fusion (available by at least April 2006) and Agendus Professional 10.0 (available by at least September 19, 2005), may become irrelevant if Apple asserts its new conception date. *See* Thakur Declaration, Ex. 21. The four references Samsung seeks to add through amendment, however, are relevant to the state of the art even under Apple's earlier conception date: Thumb-As-Stylus was published at least by April 5, 2005; Greanias was filed June 26, 1986; Harrison was filed January 4, 2001; and Wu was filed September 10, 2003. *Id.* These references were diligently located and disclosed after Apple asserted the new conception date, and they are not prejudicial to Apple because they merely reinforce previously disclosed references that Apple is trying to swear behind.

### II. SAMSUNG'S MOTION SHOULD BE GRANTED EVEN IF THE COURT ALSO GRANTS SAMSUNG'S MOTION TO PRECLUDE APPLE FROM ASSERTING UNTIMELY DATES OF CONCEPTION

Although as a matter of fundamental fairness this Motion should be granted if the Court denies Samsung's concurrently filed Motion to Preclude Apple from Asserting Untimely Dates of Conception, Samsung should be permitted to amend its invalidity contentions regardless of the outcome of that motion. Because of Apple's late disclosure of earlier purported conception

dates, Samsung was required to expend time and resources to locate additional references and prepare amendments to its invalidity contentions. The additional references and devices are prior art and relevant to the state of the art. It is therefore in the public interest to include them in Samsung's invalidity defenses to the '760 patent. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993) (emphasizing "the importance to the public at large of resolving questions of patent validity.") (*citing Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)); *see also Yodlee*, 2007 WL 1454259, at *1, 4 (finding that when art is material, "it would be unjust for… the merits to be avoided on the basis of such mere technicalities") (internal quotations and citations omitted). Therefore Samsung should be permitted to use this prior art in its invalidity contentions even if the Court rejects Apple's untimely conception dates.

## III. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant Samsung's motion for leave to amend its invalidity contentions.

DATED: June 18, 2013                QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By */s/ Michael L. Fazio*
                                    Michael L. Fazio
                                    Attorney for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC., and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC