# EXHIBIT 4

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL: (415) 875-6600  FAX: (415) 875-6700

March 22, 2013

<u>VIA ELECTRONIC MAIL</u>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
Apple/Samsung@gibsondunn.com

Re:    <u>Apple Inc. v. Samsung Electronics Co., Ltd., et al., Case No. 12-630 (N.D. Cal.)</u>

Dear Mr. Valek:

Thank you for meeting and conferring this past Tuesday, March 19, 2013 regarding the production of non-party Google Inc. ("Google") in response to the subpoenas (the "Subpoenas") served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple").  I write to further our discussions in the hope that we can resolve the issues you raised – many for the first time on Tuesday – without burdening the Court.

1.     **Source Code**

After our discussions, it appears that we have no outstanding disagreements regarding Google's production of source code.  Google has agreed to produce all of the source code for all released

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Michael A. Valek
March 22, 2013
Page 2

builds of the Galaxy Nexus, in the structure maintained within Google.  We will complete our production by March 29, 2013.  In addition, Google will produce all of the source code for all released versions of the accused closed-source applications, going back to Cupcake, including Gmail, Google Play Store/Android Market, Google Play Music, Google Play Books, Google Play Movies, Google Maps, and YouTube.  As we discussed, we will complete this production by March 29.  With respect to Apple's request for a source code relating to a "Picasa application," Google does not have this source code in its possession, custody or control and is unaware of a Google-developed "Picasa application" for Android devices.  During our discussion, you indicated that you would provide the source of your belief that a Google-developed Picasa application exists.  We look forward to receiving this information and, if we are incorrect, we will produce the requested source code relating to a "Picasa application."

For the open-source applications, we have produced all versions that have appeared on the Galaxy Nexus.  Samsung's implementation of these applications on its proprietary devices differs from Google's, and Google does not have the source code in its possession, custody, or control.  We therefore have no additional source code to provide with respect to Browser, Contacts, Email, Gallery, Messaging, Phone, Notes, Calendar, and Application Launcher.

Finally, for the first time during Tuesday's meet and confer, Apple requested Honeycomb source code.  Although Google believes that this request is not relevant to any issue in this case because Samsung modifies this code for use in its proprietary devices, in an effort to be cooperative with Apple, Google will produce all Honeycomb source code we provided to Samsung.  Although this is a new request raised for the first time on March 19, we cannot guarantee but will endeavor to produce this source code by the end of March.  At the latest, we expect to produce this source code no later than April 4, 2013.

We are unaware of any remaining issues between us regarding source code, but if you disagree, please let us know.

**2.    Accused Functionality**

After clarification during our discussions, we believe that there is no longer any dispute regarding Google's and Apple's understanding of the accused functionality in the case. Specifically, Google has not limited its production to documents concerning the Galaxy Nexus; instead, we have used Apple's accusations against the Galaxy Nexus because that is the only accused device for which Google has possession, custody, or control.  Google does not have knowledge regarding Samsung-proprietary source code in Samsung-proprietary devices such as the Galaxy S III, because Google did not write the code on those devices.

In your letter of today, you stated:

> In the interests of avoiding disputes where possible, however, please let us know by the close of business today whether Google will agree to search for documents


Michael A. Valek
March 22, 2013
Page 3

>relating to accused functionality in Apple's infringement contentions against the other accused products if Apple identifies the specific functionality, in addition to the functionality in Apple's contentions relating to the Galaxy Nexus, for which it seeks documents.

We agree with this approach, and we look forward to receiving your identification of specific functionalities.

**3.     Efficacy of Google's Document Search**

Apple asserts that Google has not produced "technical specifications and requirements" documents for certain of the accused functionalities, but that Google had produced these documents for other accused functionalities. In your letter of today, you provided a Bates number as an example of the type of document you're looking for. We will use this to guide our renewed search for additional documents of this type.

During our meet and confer, for the first time you asked Google to share its search terms with Apple. We do not believe that Apple is entitled to insight into the mental impressions of attorneys or that your request is either timely or appropriate. However, in the spirit of compromise and to cure any concerns you may have regarding the breadth of our search, we are happy to review any lists of search terms Apple provides, and we will commit either to running Apple's terms and reviewing the resulting documents, or to explaining why we cannot do so, for example, because the proposed term is overly burdensome as it generates many false positives. To the extent that any of Apple's proposed search terms are too broad, we will also work with you to refine any over inclusive terms. Of course, this proposal is premised on Apple's agreement that any communications relating to search terms and Google's search methodology will not waive any privileges held by Google. We trust that this compromise will resolve any concerns you have about the efficacy of Google's production.

**4.     Document Requests Nos. 14 & 15; Testimony Topics Nos. 8 & 9**

Google has already produced documents and testimony regarding Document Requests Nos. 14 & 15 and Testimony Topics Nos. 8 & 9 to the extent they relate to the accused functionality. Any dispute regarding this topic has therefore been resolved with our compromise described above under Section 2. Of course, to the extent Apple identifies specific functionalities under Section 2 above, we will search for those documents in this category as well. Our witnesses for these topics will be the same witnesses that we use for the technical topics, and will be divided by accused functionality.

Michael A. Valek
March 22, 2013
Page 4

### 5. Testimony Topic No. 1

On Tuesday, you asked Google to provide a witness to testify about "all documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof." Google has already agreed to produce a witness to testify about each of the accused functionalities. Apple clarified that this request was simply a request for document authentication. The burden of providing witnesses to testify about the authenticity of the produced documents and source code is unreasonable for a non-party. For this reason we noted that Google would be open to working with Apple to formulate a stipulation regarding the authenticity of the production. Your letter of today agrees. Please provide a draft stipulation for review.

### 6. Document Requests Nos. 7 & 8; Testimony Topic No. 3

For the first time on Tuesday, you asked for "high level" documents describing differences between Google's publicly available open-source code, and the source code that appears on the Galaxy Nexus. Although we do not believe these documents exist in Google's possession, custody or control, and although Google has not excluded documents like this from its search and production, in the spirit of compromise, we agree to search again for these types of documents. If any responsive, non-privileged documents are found, Google will produce them.

On Tuesday, you also asked Google to prepare a witness to testify about the differences between Google's publicly available open source code and the source code that appears on the Galaxy Nexus. We explained that such testimony would need to be given by, not just one, but multiple Google engineers, which would be unduly burdensome. In light of these concerns, Apple agreed to provide a reasonable list of the differences about which you will inquire, in advance of each deposition. Although we do not believe that Google is required or a proper party to provide this testimony, in the spirit of compromise, we will agree to Apple's proposal as long as we receive this list two weeks in advance of each deposition. Again, these witnesses will be the same witnesses that we designate for the technical topics, and will be divided by accused functionality. Please confirm your agreement.

### 7. Document Request No. 17; Testimony Topic No. 11

During our discussions, you agreed to narrow these categories from documents or testimony about consumer demand for "searching the Internet on a phone or other mobile device" to documents or testimony about consumer demand for "unified search." If it will resolve disputes on this issue, we will search again for documents regarding consumer demand for the functionality accused in Apple's infringement contentions, including the specific functionalities Apple identifies in response to Section 2 above. Please confirm your agreement.

Michael A. Valek
March 22, 2013
Page 5


**8.      '604 Reexamination**

During our discussions on Tuesday, we attempted to reach a compromise position with Apple regarding the scope of the broad requests relating to the '604 reexamination.  Google offered to log communications between Samsung and either Google or Motorola relating to the '604 reexamination.  Apple rejected this proposal.  In an effort to compromise again, Google proposed to provide a declaration from a Google attorney supervising the reexamination certifying that Samsung is not directing or participating in Motorola's reexamination of the '604 patent, as long as Apple agreed that such declaration would in no way waive any privileges held by Google.  Apple rejected this proposal as well.

Apple's counterproposal was to insist that Google log *any* communications regarding the reexamination of the '604 patent between *any* Quinn Emanuel lawyers, including those who represent Google, and King & Spalding, the outside counsel handling the '604 reexamination.  This is improper, and Apple is not entitled to seek insight into communications between outside counsel for Google and Motorola, both non-parties to this action, simply because it believes (with no basis) that communications between Samsung and Google or Motorola relating to the '604 reexamination exist.  Notwithstanding the parties' agreement not to log documents beyond April 15, 2011, and the general impropriety and unreasonableness of this counterproposal, in an effort to avoid any unnecessary motions regarding a moot issue, without waiving any rights or privileges, we have investigated this issue and confirmed that there have been no communications between attorneys at Quinn Emanuel and attorneys at King & Spalding regarding the '604 reexamination.

**9.      "Diff" Printouts**

During our discussion, I noted that the issue of "diff" source code printouts is currently live between the parties in this case, and the subject of a pending motion to compel filed by Apple.  (*See* Dkt. 398.)  As you know, both Judge Grewal and Judge Koh have repeatedly noted that this litigation and the prior action between Apple and Samsung have unnecessarily consumed judicial time and resources.  Google believes that the most way to resolve this dispute is to agree that the outcome of Apple's pending motion to compel Samsung will control the dispute between Apple and Google as well.  This would enable a full resolution of issues between us without further burdening the Court.  Please let us know if you will agree with this approach.

**10.     Directory Printouts**

In addition to the "diff" printouts, Apple's source code reviewers also created printouts of directory listings when they visited our highly confidential source code computer on January 31, 2013.  In a letter dated February 8, 2013, your colleague Josh Furman took the position that "the restrictions on source code printing that you point to arguably do not apply as these directory listings do not themselves contain any confidential source code."  Google cannot agree to allow Apple to analyze Google's proprietary directory structures outside of the secure source code

Michael A. Valek
March 22, 2013
Page 6

review facility in contravention of at least Paragraphs 11(i) and 25(d) of the protective order.  Of course, Google's code (and thus, the directory listings) will remain available for review inside the secure review facility, and Apple may continue to conduct its analysis there.  Google does not believe that this protection hinders Apple's ability to analyze these directory listings, and Apple has provided no reason for needing to review the proprietary listings outside of the security facility.

**11.     Document Request No. 35; Testimony Topic No. 12**

Although these requests are limited to the accused functionalities in the Subpoenas, during our meet and confer on Tuesday you asked, for the first time, for documents and testimony regarding "all revenue associated with Android."  You confirmed that this broad request included even revenue generated from users of non-Samsung devices, and also requested production of information regarding payments from Google (if any) to OEMs other than Samsung.  We remain open to discussions regarding a suitable scope of production, but we do not agree to Apple's overweening request for "all revenue associated with Android."  If Apple can narrow its request into a more reasonable and relevant scope, Google would be open to reevaluating this request.

**12.     Other Issues**

Your letter of today raises a number of issues that Apple and Google did not discuss at Tuesday's lead trial counsel meet and confer, including Google's privilege log; requests involving the September 27, 2012 meeting in Seoul, South Korea; Request No. 10 and Topic No. 5; and Request Nos. 28 through 29 and 31 through 32.  I will confer with my client regarding these issues, and get back to you next week in the hope that we can resolve them without the necessity of another lead trial counsel meet and confer.

*     *     *     *     *

As I emphasized repeatedly in our discussions of Tuesday, Google believes that it has or will meet all of its obligations in responding to the Subpoenas.  Google remains open to discussions with Apple in the hope of resolving any further open issues.  I look forward to hearing from you.

Very truly yours,

/s
Matthew S. Warren