EXHIBIT 5

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL: (415) 875-6600 FAX: (415) 875-6700

April 9, 2013

<u>VIA ELECTRONIC MAIL</u>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas 75201
Apple/Samsung@gibsondunn.com

Re: <u>Apple Inc. v. Samsung Electronics Co., Ltd., et al., Case No. 12-630 (N.D. Cal.)</u>

Dear Mr. Valek:

I write on behalf of non-party Google Inc. ("Google") in response to your letter of March 26, 2013 regarding the subpoenas (the "Subpoenas") served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple").

1.      Source Code

Your letter of March 26 asked us to inventory the Android source code Google has provided to Samsung. Most of the Android code in Samsung devices comes from the Android Open Source Project; Google posts this code publicly and Samsung downloads it from our public site. For the Honeycomb versions of Android, Google provided framework builds directly to Samsung; we

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Michael A. Valek
April 9, 2013
Page 2

have already produced all of those builds.  Finally, Google provided Samsung with source code for the Sprint versions of the Samsung Nexus S and Galaxy Nexus.  Apple did not accuse the Nexus S in this action, and Samsung has already produced source code for the Sprint Galaxy Nexus.  Aside from these, we are not aware of any other Android source code that Google gave to Samsung.  In the unlikely event that we discover any, we will inform you promptly.

**2.     Document Request Nos. 14, 15 & 34; Testimony Topic Nos. 8 & 9**

Google has already agreed to produce non-privileged documents and designate a witness to testify regarding these topics concerning the accused functionality.  To the extent non-privileged documents in this category concern the accused functionality, we have already produced any that we found.  Of course, if we find any additional documents, we will produce them on a rolling basis as soon as possible, but no later than May 6, 2013.

**3.     Document Requests Nos. 7 & 8; Testimony Topic No. 3**

Your letter asks for a date certain for the production of "high level" documents describing differences between Google's publicly available open-source code and the Galaxy Nexus source code.  Should any such documents exist, we will produce them on a rolling basis as soon as possible, but no later than May 6, 2013.

**4.     Document Request No. 17; Testimony Topic No. 11**

As you know, we have already agreed to produce all documents concerning the accused functionality, including documents regarding consumer demand for the accused functionality.  Your Subpoenas requested documents and testimony regarding:

> 17.   All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

> 11.   The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

We tendered timely objections to this request and topic.  During the March 19 in-person lead trial counsel meet-and-confer discussions, you suggested that we produce documents or testimony about consumer demand for "Unified Search" as defined in the Subpoenas.  The Subpoenas define "Unified Search" to include, among other things:

> Software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to

Michael A. Valek
April 9, 2013
Page 3

> be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface.

Setting aside whether this is a reasonable definition, by adopting it, your March 19 suggestion would seek information that Apple did not request in the Subpoenas. For at least this reason, as well as those we have previously discussed, we continue to believe this request is not appropriate.

As I mentioned before, Google has already agreed to produce documents concerning consumer demand for the accused functionality. Can you explain why you believe a broader scope is appropriate here?

**5.     '604 Reexamination**

Your letter asks us to "confirm that Google will log its communications up to the present with Samsung and/or Motorola as they relate to the '604 reexamination." This appears to be a typographical error. What we believe you meant to ask was whether Google will log communications between Samsung on one side, and either Google or Motorola on the other side. Although we do not believe this production is relevant or required, if it will resolve this dispute, Google will log those communications (if any), even if they occurred after April 15, 2011.

**6.     Document Request No. 35; Testimony Topic No. 12**

In the Subpoenas, you limited these topics to particular functionalities:

> 35.    All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

> 12.    Revenue, profits and costs associated with any of the Accused Features.

During our in-person lead trial counsel meet-and-confer discussions last Tuesday, you asked for all documents and testimony about "all revenue associated with Android." Obviously, this is broader than the requests in the Subpoenas. In your letter of March 26, you reduced your request, and now seek documents and testimony "sufficient to show Google's mobile ad revenues attributable to the use of Android on Samsung products as well as any portion of those revenues paid to Samsung by Google." But this request too is broader than those in the Subpoenas. Google has already agreed to produce non-privileged documents regarding these topics as they relate to the accused functionality. To the extent non-privileged documents in this

Michael A. Valek
April 9, 2013
Page 4

category relate to consumer demand for the accused functionality, we will also produce those documents.

**7.    September 27, 2012 Meeting in Seoul, South Korea**

We did not discuss this topic at the March 19 meet and confer.  In my letter of January 22, 2013, I confirmed that "we will search for and produce, to the extent they exist, any relevant, non-privileged documents regarding this meeting that concern Apple's allegations of infringement in this action."  Your letter of February 11 appeared to misunderstand what I said, so I reconfirmed on February 20 that "Google will produce documents about this meeting to the extent they exist and to the extent they relate to Apple's allegations of infringement in this action."  Despite this, your March 26 letter asked me to "confirm that Google will produce any non-privileged documents relating to this meeting, to the extent such documents relate to the accused functionality and devices."

As I have previously confirmed, Google will produce any non-privileged documents relating to this meeting, to the extent such documents relate to the accused functionality.  To the extent any such documents concerning the accused functionality exist, we will produce them on a rolling basis as soon as possible, but no later than May 6, 2013.  Thus, it seems that our only dispute is whether Google needs to produce non-privileged documents that concern the accused devices, but do *not* concern the accused functionality.  If you believe this broader scope is appropriate, please explain why.

**8.    Document Request No. 10; Testimony Topic No. 5**

We did not discuss this topic at the March 19 in-person lead trial counsel meet-and-confer discussion.  Your letter asks that Google agree to produce "all documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system."  As you know, Google has already agreed to produce all non-privileged documents concerning the accused functionality.  If you seek documents in this category that do *not* concern the accused functionality for Document Request No. 10 and Testimony Topic No. 5, please explain why.

**9.    Document Request Nos. 28-29 & 31-32**

We did not discuss this topic at the March 19 in-person lead trial counsel meet-and-confer discussion.  Your letter asks that Google agree to produce documents regarding Google's first awareness of the patents-in-suit; documents regarding Google's communications with Samsung related to the patents-in-suit; and documents relating to this litigation between Apple and Samsung, including but not limited to communications between Google and any third party related to the preliminary injunction issued in that case.  Your letter further states that, "to date, Google has not disputed the relevance of these requests."  To the contrary, Google disputed the

Michael A. Valek
April 9, 2013
Page 5

relevance of these requests in its responses and objections served on October 15, 2012.  In response to our request that you justify these requests, you stated only that they relate to "issues related to Apple's claims for injunctive relief, including harm to third parties, public benefit, and irreparable harm, as well as damages-related issues such as demand for the accused features and the lack of available and acceptable non-infringing alternatives."  You did not, however, provide any connection between these requests and the legal concepts you briefly listed.  Without such a connection, your listing of those legal concepts cannot suffice.  Please explain why this information is relevant to Apple's claims in this action.

**10.    Third Party Consents**

We did not discuss this topic at the March 19 in-person lead trial counsel meet-and-confer discussion.  Your letter asks us to confirm that "Google is not withholding any documents on the basis of purported third-party confidentiality obligations."  We are not, and we will tell you if that changes.

**11.    Privilege Log**

We did not discuss this topic at the March 19 in-person lead trial counsel meet-and-confer discussion.  Your letter asks us to "confirm a date certain for the production of Google's privilege log."  Since you have separately asked about redactions, we have accelerated the production of our redaction log.  We expect to produce our redaction log to you on Monday, April 15, and our privilege log by Friday, June 7, 2013.

*   *   *   *   *

I believe I have responded to all open issues between us.  Please let me know forthwith if I have not.

Very truly yours,

/s
Matthew S. Warren