# EXHIBIT 6

quinn emanuel trial lawyers | san francisco
50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

May 19, 2013

<u>VIA ELECTRONIC MAIL</u>

Frederick S. Chung
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA  94304
apple/samsung@gibsondunn.com

Re:   <u>Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)</u>

Dear Mr. Chung:

Thank you for meeting and conferring this past Friday, May 17, regarding the response by non-party Google Inc. ("Google") to the subpoenas served by plaintiff and counterclaim-defendant Apple Inc. ("Apple").  We write to memorialize the only two outstanding issues from our discussions.

1.      **Deposition Topic No. 15**

As we have previously discussed, and as I reconfirmed during our discussion, in response to Request for Production Nos. 36, 37, and 38, Google agreed to produce responsive, non-privileged documents to the extent they concern the accused functionality, the patents-in-suit, or this litigation.  The only outstanding issue is Deposition Topic No. 15; during our meeting, you asked for a witness on this topic.  As I explained during our discussion, this topic is not relevant to any of Apple's claims in this action, and seeks an improper apex deposition.  You did not respond to these points during our meeting; if you have any responses, please let me know.

2.      **Apple's Payment for Google's Supplemental Production**

As we explained during our meeting, Apple has identified no deficiency in Google's document production, and has provided no excuse for its 8-week delay in providing its proposed additional

Frederick S. Chung
May 19, 2013
Page 2

search terms.  For these reasons, Apple's request for greatly expedited document review is extremely improper:  you have shown no grounds to seek *any* additional production, let alone the highly expedited production you have requested.  Despite all this, in an attempt to resolve all discovery issues and focus on substance, Google agreed to take extraordinary measures outside the ordinary practices it takes to respond to non-party discovery requests by running the additional search terms and searching the additional custodians as we agreed on Friday.  We also agreed to try to meet your proposed schedule and phasing – although, as I noted on Friday, before we can confirm what we can do, you must first send us the specific custodians you want in each phase. Despite your repeated protestations of extreme urgency, you have not taken this simple initial step.  Please do so as soon as possible.  Although Apple has taken no action since our meeting, Google has already started running the agreed search terms and collecting documents from the agreed new custodians.  Until we receive your priority list, we will start our review with the deponents identified in my letter of May 16, in the order that we have offered their testimony.

Again, only one issue remains relating to the requested document production:  whether Apple will reimburse Google for Google's actual costs expended to meet Apple's proposed schedule.  As we discussed on Friday, the schedule you have requested will require Google to depart from its normal review procedures by hiring additional personnel through an outside vendor, causing Google to incur actual additional costs.  Apple has shown no deficiency in Google's initial production, and Apple's delays are the sole cause of any need to expedite Google's supplemental production.  Thus, Apple must bear any actual additional cost Google incurs.

Very truly yours,

/s
Matthew S. Warren