| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 12-cv-00630-LHK <br><br> **DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Samsung filed an Administrative Motion to File Documents Under Seal (Dkt. No. 601) in connection with Samsung's Reply Brief in Support of Samsung's Motion to Amend the Case Management Order ("the Reply"). Samsung has moved to seal portions of the Reply, and Exhibit 2 to the Declaration of Alex Baxter ("Baxter Declaration") submitted therewith. Samsung has submitted the Declaration of Daniel Shim (Dkt. No. 601-1) in support of sealing these materials.

3. The portions of the Reply that Samsung has moved to seal and Exhibit 2 to the Baxter Declaration reflect information regarding confidential patent license negotiations between Apple and Samsung. The Court has previously allowed Apple to seal "pricing terms, royalty rates, and minimum payment terms of the [third party] licensing agreements." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). The Court noted that disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Id*. at 16. A similar rationale applies here. For the reasons stated in the Declaration of Erica Tierney in Support of Apple's Corrected Renewed Motion to Seal (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 2250-1 at 6-7)), disclosing the existence and outcome of Apple's negotiations with Samsung, as well as the terms that Apple considered and responded to during such negotiations, would put Apple at a significant disadvantage in the negotiation of future patent licenses.

4.   The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding: (i) Apple's communications with Samsung regarding the parties' patent licensing negotiations, (ii) Apple's licensing practices, and (iii) the Parties' proposed pricing terms and royalty rates, which the Court has previously deemed appropriate to seal, as noted above.

5.   Samsung has already lodged with the Court for *in camera* review a copy of the unredacted versions of Samsung's Reply and Exhibit 2 to the Baxter Declaration.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 20th day of June, 2013, in Boston, Massachusetts.

Dated:  June 20, 2013                               */s/ Peter J. Kolovos*
                                                            Peter J. Kolovos

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 20, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                                */s/ Mark. D Selwyn*
                                                Mark D. Selwyn

ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:   June 20, 2013                        */s/ Mark D. Selwyn*
                                                     Mark D. Selwyn