1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
13  Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100
14
    Attorneys for SAMSUNG ELECTRONICS
15  CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
16  TELECOMMUNICATIONS AMERICA, LLC

17              UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19  APPLE INC., a California corporation,       CASE NO. 12-CV-00630-LHK (PSG)

20              Plaintiff,                       **SAMSUNG'S MOTION TO COMPEL
                                                 PRODUCTION OF DOCUMENTS AND
21      vs.                                      RESPONSE TO INTERROGATORY NO.
                                                 32**
22  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG              Date: July 30, 2013
23  ELECTRONICS AMERICA, INC., a New         Time: 10:00 a.m.
    York corporation; SAMSUNG               Courtroom: 5, 4th Floor
24  TELECOMMUNICATIONS AMERICA,              Honorable Paul S. Grewal
    LLC, a Delaware limited liability company,
25
                Defendants.                      **FILED UNDER SEAL**
26

27

28

02198.51990/5387475.1

1

## NOTICE OF MOTION AND MOTION

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on July 30, 2013, at 10:00 am, or as soon thereafter as the

4

matter may be heard by the Hon. Paul S. Grewal in Courtroom 5, United States District Court for

5

the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

6

Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung

7

Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court

8

for an order compelling Apple to produce documents and information relating to Qualcomm and

9

the Qualcomm baseband processors found in the accused products.

10

This motion is based on this notice of motion and supporting memorandum of points and

11

authorities; the declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto;

12

and such other written or oral argument as may be presented at or before the time this motion is

13

deemed submitted by the Court.

14

## RELIEF REQUESTED

15

16

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling

17

Apple to produce, no later than seven days after the issuance of such order, documents and

information relating to Qualcomm and the Qualcomm baseband processors found in the accused

18

products.

19

## STATEMENT OF ISSUES TO BE DECIDED

20

Whether Apple should be compelled to produce documents and information relating to

21

Qualcomm and the Qualcomm baseband processors found in the accused products.

22

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

23

Pursuant to Civil L.R. 37-2, Samsung's Request Nos. 160-170, 173, 175-176, and 178-183

24

and Samsung's Interrogatory No. 32 are set forth in full below along with Apple's objections and

25

responses:

26

27

28

**REQUEST FOR PRODUCTION NO. 173:**

All technical DOCUMENTS describing the structure, function, and/or operation of each Baseband Processor used in each APPLE ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

Apple objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality not identified by Samsung in its Infringement Contentions. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012. Apple objects to the extent that this request seeks confidential documents of third parties in Apple's possession; to the extent Apple produces such documents, it will do so after providing notice and receiving consent from such third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search regarding the accused functionality as identified by Samsung in its Infringement Contentions.

1  **REQUEST FOR PRODUCTION NO. 175:**

2       All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

3  including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

4  with 3GPP Release 6 protocols or later, including but not limited to 3GPP TS 25.321 v6.6.0 or

5  3GPP TS 25.331 v6.6.0.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

7       Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and

8  because they do not describe with reasonable particularity the documents sought. Apple further

9  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

10  calculated to lead to the discovery of admissible evidence. Apple also objects to this request to the

11  extent that it seeks the production of documents that are protected from discovery by the attorney-

12  client privilege, work product doctrine, joint defense or common interest privilege, or any other

13  applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE

14  ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent

15  it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

16  admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

17  as vague and ambiguous. Apple also objects to Samsung's definition

18  of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

19  identify a comprehensive set of discrete products that Samsung asserts have functionality that

20  come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the

21  definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

22  made, used, offered for sale, or sold in the United States. For purposes of responding to this

23  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that

24  are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

25  Contentions, served on June 15, 2012.

26       Subject to and without waiving the foregoing General and Specific Objections, Apple has

27  produced or will produce responsive, non-privileged documents in its possession, custody, or

28  control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT, including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT, with 3GPP Release 5 protocols or later, including but not limited to 3GPP TR 21.905 v5.8.0.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple also objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

1

**REQUEST FOR PRODUCTION NO. 178:**

2

DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

3

PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

4

the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules, stations,

5

or systems supporting WCDMA, GSM, or UMTS.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

7

Apple objects to this request as overly broad, unduly burdensome, and not reasonably

8

calculated to lead to the discovery of admissible evidence, including without limitation because it

9

seeks documents regarding components and/or functionality not at issue in this lawsuit. Apple

10

objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

11

broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

12

reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's

13

definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to

14

Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to

15

impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts

16

have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple

17

further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes

18

products that are not made, used, offered for sale, or sold in the United States. For purposes of

19

responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean

20

those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1

21

Infringement Contentions, served on June 15, 2012.

22

Subject to and without waiving the foregoing General and Specific Objections, Apple has

23

produced or will produce responsive, non-privileged documents in its possession, custody, or

24

control, if any, located after a reasonable search as discussed in more detail above.

25

**REQUEST FOR PRODUCTION NO. 179:**

26

All DOCUMENTS, if any, that YOU contend are RELATED TO whether the SAMSUNG

27

PATENTS are essential to one or more of the WCDMA, GSM, or UMTS standards.

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

2     Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

3  describe with reasonable particularity the documents sought. Apple objects to this request as

4  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

5  admissible evidence insofar as it seeks documents unrelated to the Technical Specifications or

6  specific portions of standards identified by Samsung in its Infringement Contentions. Apple also

7  objects to this request to the extent that it purports to require the production of documents and

8  things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

9  joint defense or common interest privilege, or any other applicable privilege, doctrine, or

10  immunity.

11     Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  produced or will produce responsive, non-privileged documents in its possession, custody, or

13  control, if any, located after a reasonable search as discussed in more detail above.

14  **REQUEST FOR PRODUCTION NO. 180:**

15     All DOCUMENTS RELATING TO the modification or customization of any software of

16  any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including but

17  not limited to modification performed by APPLE or at APPLE's direction.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180**:

19     Apple objects to the phrases "relating to," "modification," and "customization" as vague

20  and ambiguous, and because they do not describe with reasonable particularity the documents

21  sought. Apple further objects to this request on grounds that it is overly broad, unduly burdensome,

22  and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as

23  it seeks documents relating to the "modification or customization" of any software unrelated to

24  any accused functionality. Apple objects to the extent that this request seeks confidential

25  documents of third parties in Apple's possession; to the extent Apple produces such documents, it

26  will do so after providing notice and receiving consent from such third parties.

27     Subject to and without waiving the foregoing General and Specific Objections, Apple has

28  produced or will produce responsive, non-privileged documents in its possession, custody, or

1  control describing "modification or customization" of software for the accused functionality, if

2  any, located after a reasonable search as discussed in more detail above.

3  **REQUEST FOR PRODUCTION NO. 181:**

4       All DOCUMENTS prepared by or at the direction of any Baseband Processor

5  manufacturer or supplier RELATED TO the functionality of any Baseband Processor incorporated

6  or used in an APPLE ACCUSED PRODUCT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

8       Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

9  describe with reasonable particularity the documents sought. Apple further objects to this request

10  on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence, especially insofar as this request seeks documents describing

12  functionality other than that set forth by Samsung in its Infringement Contentions. Apple objects

13  to the extent that this request seeks confidential documents of third parties in Apple's possession;

14  to the extent Apple produces such documents, it will do so after providing notice and receiving

15  consent from such third parties.

16       Subject to and without waiving the foregoing General and Specific Objections, Apple has

17  produced or will produce responsive, non-privileged documents in its possession, custody, or

18  control describing accused functionality, if any, located after a reasonable search as discussed in

19  more detail above.

20  **REQUEST FOR PRODUCTION NO. 182:**

21       All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of

22  any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the

23  Baseband Processor or the software used therein.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

25       Apple objects to the phrases "reflecting" and "relating to" as vague and ambiguous, and

26  because they do not describe with reasonable particularity the documents sought.. Apple further

27  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

28  calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks

1  documents describing functionality other than that set forth by Samsung in its Infringement

2  Contentions. Apple further objects to this request to the extent that it seeks the production of

3  documents that are protected from discovery by the attorney-client privilege, work product

4  doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or

5  immunity. Apple objects to the extent that this request seeks confidential documents of third

6  parties in Apple's possession; to the extent Apple produces such documents, it will do so after

7  providing notice and receiving consent from such third parties.

8  Subject to and without waiving the foregoing General and Specific Objections, Apple has

9  produced or will produce responsive, non-privileged documents in its possession, custody, or

10  control describing accused functionality, if any, located after a reasonable search as discussed in

11  more detail above.

12  **REQUEST FOR PRODUCTION NO. 183:**

13  All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT,

14  including by or with any third party, for certification of compliance with 3GPP standards and/or

15  for compliance with a 3GPP carrier's network.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

17  Apple objects to the phrases "related to" and "compliance" as vague and ambiguous, and

18  because they do not describe with reasonable particularity the documents sought. Apple further

19  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

20  calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents

21  describing functionality not set forth by Samsung in its Infringement Contentions. Apple further

22  objects to this request to the extent that it seeks the production of documents that are protected

23  from discovery by the attorney-client privilege, work product doctrine, joint defense or common

24  interest privilege, or any other applicable privilege, doctrine, or immunity.

25  Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control describing testing of accused functionality, if any, located after a reasonable search as

28  discussed in more detail above.

1 **REQUEST FOR PRODUCTION NO. 160:**

2     All DOCUMENTS RELATING TO any software used to operate or enable any accused

3 functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

4 notes, algorithms, flowcharts, diagrams, notes, and manuals.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

6     Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

7 because it does not describe with reasonable particularity the documents sought. Apple objects to

8 this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

9 seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

10 admissible evidence, including without limitation because it seeks documents regarding

11 components, features, and/or functionality not at issue in this lawsuit. Apple also objects to this

12 request to the extent that it seeks documents and things protected from disclosure by the attorney-

13 client privilege, work product doctrine, joint defense or common interest privilege, or any other

14 applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE

15 ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent

16 it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

17 admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

18 as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED

19 PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive

20 set of discrete products that Samsung asserts have functionality that come within the scope of any

21 claim of the Samsung Patents-In- Suit. Apple further objects to the definition of "APPLE

22 ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for

23 sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the

24 term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified

25 and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15,

26 2012.

27     Subject to and without waiving the foregoing General and Specific Objections, Apple has

28 produced or will produce responsive, non-privileged documents in its possession, custody, or

1   control, if any, located after a reasonable search as discussed in more detail above, to the extent

2   such documents describe features functionality accused by Samsung in its Infringement

3   Contentions.

4   **REQUEST FOR PRODUCTION NO. 161:**

5         All DOCUMENTS RELATING TO any hardware used to operate or enable any accused

6   functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

7   notes, algorithms, flowcharts, diagrams, notes, manuals, specifications, photographs, CAD

8   drawings, or bills of materials.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

10         Apple objects to the terms "relating to" and "used to operate or enable" as vague,

11   ambiguous, and potentially overbroad, and because they do not describe with reasonable

12   particularity the documents sought. Apple objects to this request as overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

14   including without limitation because it seeks documents regarding components, features, and/or

15   functionality not at issue in this lawsuit. Apple objects to Samsung's definition of "APPLE

16   ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent

17   it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

18   admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

19   as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED

20   PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive

21   set of discrete products that Samsung asserts have functionality that come within the scope of any

22   claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE

23   ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for

24   sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the

25   term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified

26   and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15,

27   2012.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2   produced or will produce responsive, non-privileged documents in its possession, custody, or

3   control, if any, located after a reasonable search, that describe relevant components, features,

4   and/or functionality identified by Samsung in its Infringement Contentions.

5   **REQUEST FOR PRODUCTION NO. 163:**

6    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

7   software, firmware, source code, components, circuits, or any other aspect of the '087 PATENT

8   ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

9   communicating, enabling, or otherwise facilitating the non-scheduled transmission of packetized

10  data from an APPLE ACCUSED PRODUCT through any WCDMA network employing enhanced

11  uplink dedicated channel (E-DCH) technology.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

13   Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

14  because it does not describe with reasonable particularity the documents sought. Apple objects to

15  this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

16  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence, including without limitation because it seeks documents regarding

18  components, features, and/or functionality not at issue in this lawsuit. Apple further objects to the

19  phrase "WCDMA network employing enhanced uplink dedicated channel (EDCH) technology" as

20  vague and ambiguous.

21   Subject to and without waiving the foregoing General and Specific Objections, Apple has

22  made or will make available for inspection source code in its possession, custody, or control, if

23  any, located after a reasonable search, regarding the accused functionality as identified by

24  Samsung in its Infringement Contentions.

25  **REQUEST FOR PRODUCTION NO. 164:**

26   All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

27  software, firmware, source code, components, circuits, or any other aspect of the '596 PATENT

28  ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

communicating, enabling, or otherwise facilitating the exchange of control information for

packetized data transmission from an APPLE ACCUSED PRODUCT through any WCDMA

network employing enhanced uplink dedicated channel (E-DCH) technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

because it does not describe with reasonable particularity the documents sought. Apple objects to

this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, including without limitation because it seeks documents regarding

components, features, and/or functionality not at issue in this lawsuit. Apple further objects to the

phrase "WCDMA network employing enhanced uplink dedicated channel (EDCH) technology" as

vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, Apple has

made or will make available for inspection source code in its possession, custody, or control, if

any, located after a reasonable search, regarding the accused functionality as identified by

Samsung in its Infringement Contentions.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

software, firmware, source code, components, circuits, or any other aspect of the '239 PATENT

ACCUSED PRODUCTS that is RELATED TO the capture, processing, and packetized

transmission of multimedia data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

because it does not describe with reasonable particularity the documents sought. Apple objects to

this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence, including without limitation because it seeks documents regarding

1   components, features, and/or functionality not at issue in this lawsuit. Apple also objects to the

2   terms "processing" and "capture" as vague and ambiguous.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4   made or will make available for inspection source code in its possession, custody, or control, if

5   any, located after a reasonable search, regarding the accused functionality as identified by

6   Samsung in its Infringement Contentions.

7   **INTERROGATORY NO. 32**

8       For each APPLE ACCUSED PRODUCT, IDENTIFY by Bates Number the final

9   submitted and completed version (completed by Apple and submitted to AT&T) of the following

10  documents:

11      (1) AT&T Device Requirements Document (AT&T Document # 13340);

12      (2) Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and

13      (3) Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T

14  Document #10776).

15  **RESPONSE TO INTERROGATORY NO. 32**

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32



5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32**

15  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32**

1

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

2      Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain

3  the discovery described immediately above without Court action.   Samsung's efforts to resolve

4  this discovery dispute without court intervention are described in paragraphs 7-22, 30-39, and 44-45

5  of the Declaration of Amar L. Thakur, submitted herewith.

6

7  DATED:    June 25, 2013                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
8

9

10                                          By _/s/ Victoria F. Maroulis_____
                                               Victoria F. Maroulis
11                                             Attorney for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
12                                             INC., and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 1

     A.     Samsung's Requests For Documents Related to Baseband Processors ................... 1

     B.     Apple's Failure to Produce Documents Related to Qualcomm Baseband Processors ................................................................................................................. 3

     C.     Samsung's Efforts to Obtain Discovery From Qualcomm ...................................... 6

     D.     Apple's Failure to Fully Respond to Samsung's Interrogatory No. 32 ................... 6

ARGUMENT ................................................................................................................... 8

I.     THE COURT SHOULD COMPEL APPLE TO PRODUCE QUALCOMM-RELATED DOCUMENTS FOR PRODUCTS THAT WERE NOT ACCUSED IN PRIOR CASES ............................................................................................................. 8

     A.     The Documents Sought Are Relevant to Samsung's Claims and Defenses ............ 8

     B.     Apple's Limited Production of Documents At Least Indicates That Apple Has Responsive Documents In Its Possession, Custody or Control ....................... 12

II.     THE COURT SHOULD COMPEL APPLE TO SUPPLEMENT ITS PREVIOUS PRODUCTIONS OF QUALCOMM-RELATED DOCUMENTS ................................... 13

III.     THE COURT SHOULD COMPEL APPLE TO RESPOND TO SAMSUNG'S INTERROGATORY NO. 32 ......................................................................................... 14

CONCLUSION .............................................................................................................. 16

# TABLE OF AUTHORITIES

Page

### Cases

*3Com Corp. v. D-Link Sys., Inc.,*
   No. 03-2177, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007).........................................................8

*Bayer AG v. Sony Elecs., Inc.,*
   202 F.R.D. 404 (D. Del. 2001)......................................................................................................8

*Cornell Research Found., Inc. v. Hewlett Packard Co.,*
   223 F.R.D. 55 (N.D.N.Y. 2003).....................................................................................................8

*IXYS Corp. v. Advanced Power Tech., Inc., No. C 02-03942 MHP,*
   2004 WL 1368860 (N.D.Cal.2004)...............................................................................................8

*Implicit Networks, Inc. v. Microsoft Corp., No. C 09-1478 SI,*
   2009 WL 4251146 (N.D.Cal. Nov. 23, 2009)................................................................................8

*MEMC Elec's Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
   420 F.3d 1369 (Fed. Cir. 2005)...................................................................................................10

*Ninestar Tech. Co. v. Int'l Trade Comm'n,*
   667 F.3d 1373 (Fed. Cir. 2012).....................................................................................................9

### Statutes

Fed. R. Civ. Proc. 33(d) ............................................................................................................. xiii

### Rules

Patent Local Rule 3-1 ............................................................ ii, iii, iv, v, ix, x, xiii

Patent Local Rule 3-4(a) ...............................................................................................................8

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1

## INTRODUCTION

2    Apple is refusing to produce technical documents and information relating to Qualcomm

3    baseband processor chips present in iPhone and iPad products that Samsung contends infringe two

4    patents Samsung has declared essential to the 3GPP standard.   These documents show the

5    operation of aspects or elements of the accused baseband processor chips identified by Samsung in

6    its Patent L.R. 3-1 claim charts, and are critical, to both Samsung's infringement claims for its

7    Standards Patents, and to defend against Apple's exhaustion defense.   Apple knows this.   But

8    for months Apple has asserted one excuse after another as to why it has not yet produced the

9    information.

10    There is no question of relevance—Apple has agreed to produce the documents.   There is

11   no question of entitlement—the types of documents sought are called for under the Patent Local

12   Rules and produced as a matter of course in software patent cases such as this.   The issue is

13   Apple's excuses and delay.   Although these requests have been pending since July of last year,

14   Apple has produced only a small number of documents, most of which relate to an earlier

15   litigation and do not cover products at issue here that were not accused in the previous case.

16   Moreover, the limited production Apple *has* made demonstrates that Apple actually possesses

17   documents regarding the accused Qualcomm chips that it has not produced.   Apple cannot

18   continue to withhold this vitally important evidence.

19

## FACTUAL BACKGROUND

20    A.    Samsung's Requests For Documents Related to Baseband Processors

21    Samsung alleges that the baseband processor chips present in certain iPhone and iPad

22   products infringe two patents that Samsung has declared essential to the 3GPP standard.[1]   Thakur

23

24

25

---

26    [1]    U.S. Patent No. 7,756,087 ("'087 patent") and U.S. Patent No. 7,551,596 ("'596 patent")
(collectively, the "Standards Patents").   Samsung also alleges that the baseband processor chips

27   are part of the "means for transmitting" disclosed in U.S. Patent No. 5,579,239 ("'239 patent"),
although the '239 patent is not standards-essential.   *See* Thakur Decl. Ex. 3 at 4, 10, 16.

28

1  Decl. Ex. 1 at 2; Ex. 2 at 2.[2]  ██████████████████████████

2  ████████████████████████████████████████  Ex. 4 at 8-9.

3  During previous litigations between the parties, Samsung only asserted declared-essential patents

4  against Apple products with Intel baseband processors, and of those products only the iPhone 4

5  and iPad 2 are accused of infringing Samsung's declared-essential patents in this case.    Thus, at

6  least five of the accused products in this case and their newer, Qualcomm baseband processors—

7  iPhone 4S with the MDM6610, the iPad 3 with the MDM9600/9610 and the iPhone, iPad 4, and

8  iPad Mini with the MDM9615—were not accused of infringement during prior litigations.

9       On July 31, 2012, Samsung propounded its Third Set of Requests For Production

10  ("RFPs").    In addition to general requests for technical documents related to the accused

11  products, Samsung's Third Set of RFPs included a number of requests directed to the baseband

12  processors found in the accused products.    More specifically, RFP Nos. 173, 175-176 and 178-

13  183 generally seek all documents relating to: (1) the structure, operation or function of Apple's

14  baseband processors; (2) Apple's compliance with 3GPP protocols; (3) communications with

15  baseband processor manufacturers; (4) documents prepared by or at the direction of baseband

16  processor manufacturers; and (5) any modifications to the baseband processor software Apple

17  receives from the chip manufacturers.    Ex. 5 at 14-16.

18       Apple served its objections and responses to Samsung's Third Set of RFPs on September

19  10, 2012.    Ex. 6.    Apple agreed to produce documents responsive to several of Samsung's

20  requests, including all documents relating to Apple's compliance with 3GPP protocols and

21  documents sufficient to show the location within each accused product of components enabling

22  communication with systems supporting HSUPA, HSPA, WCDMA, GSM, or UMTS technology.

23  *See* Ex. 6 at 40-41, 43-44.    For a number of Samsung's requests, Apple objected to the term

24

25  _____

26  [2]    Citations to "Ex. __" are citations to exhibits to the Declaration of Amar L. Thakur in

27  Support of Samsung's Motion to Compel Production of Documents and Response to Interrogatory

28  No. 32, submitted herewith.

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1    "related to" as vague, ambiguous, and overly broad (*see id.* at 39, 44-45), although it later agreed

2    to drop this semantic distinction and produce documents "related to . . . ."   Thakur Decl. ¶ 7.

3           B.      Apple's Failure to Produce Documents Related to Qualcomm Baseband Processors

4           Despite Apple's agreement to produce documents related to the baseband processors found

5    in the accused products, Apple did not make any substantial production of documents in this case

6    related to Qualcomm or the Qualcomm baseband processors.   As of February 2013, Apple's

7    production of Qualcomm-related documents consisted entirely of documents produced during

8    previous litigations between the parties, primarily the 794 Investigation.   Thakur Decl. ¶ 8.

9    However, the only product accused of infringement in this case that was also accused in the 794

10   Investigation is the iPhone 4, which contains an Intel baseband processor rather than a Qualcomm

11   processor.   *Id.*   Thus, Apple's production at that time was (and remains) almost entirely devoid

12   of documents relating to the Qualcomm baseband processors found in products that were not

13   accused in prior cases—for example, documents relating to the MDM6610 found in the iPhone

14   4S; the MDM9600 and MDM9610 found in the iPad 3; and the MDM9615 found in the iPhone 5,

15   iPad 4, and iPad Mini.   *Id*; *see also*, Ex. 5 at 8-9.   Similarly, Apple has not produced documents

16   for the newer model transceivers—the RTR8600 and RTR8605 transceivers—which relate to the

17   operation and structure of the baseband processors as they send and receive the signals processed

18   and created by the processors, while also having electrical connections with the baseband

19   processors.   Thakur Decl. ¶ 9.

20          Samsung brought these deficiencies to Apple's attention in a letter dated February 28,

21   2013, asking Apple to commit to supplementing its production of Qualcomm-related documents

22   by a date certain.   Ex. 7.   Several weeks passed without any response from Apple, so Samsung

23   raised the issue of Apple's incomplete production of Qualcomm-related documents during a

24   telephonic meet and confer on March 21, 2013.   Thakur Decl. 11 ¶.   During the meet and

25   confer, Apple represented that it had collected additional Qualcomm-related documents and would

26   begin producing them as early as the following week.   *Id.*; *see also* Ex. 8.   On March 29, 2013,

27   Apple stated that it was "working to collect additional documents in its possession related to the

28   Qualcomm chips in the iPhone 5, iPad Mini (3G), iPad 3 (3G) and iPad 4 (4G), and [would]

1   produce those non-privileged documents that can be located after a reasonable search after

2   obtaining any necessary third party consents."   Ex. 9.

3       Contrary to these representations, however, Apple still did not produce the documents.   In

4   a letter dated April 8, 2013, Samsung identified several categories of Qualcomm-related

5   documents that Samsung needed in order to proceed with additional discovery and to prepare for

6   upcoming depositions.   Ex. 10.   Specifically, Samsung requested: (1) documents related to the

7   Qualcomm chips in products that were not accused in prior cases; (2) an updated and supplemental

8   production of documents related to products that were accused in prior cases; and (3) documents

9   that were attached to or discussed in the communications between Apple and Qualcomm produced

10  during the prior cases, such as technical specifications, test reports, and design documents.   *Id.* at

11  6.   On April 24, 2013, more than a month after Apple committed to supplementing its production

12  of Qualcomm-related documents, Samsung sent another letter reminding Apple of its

13  commitments and asking Apple to complete its production of Qualcomm-related documents by

14  May 10, 2013.   Ex. 11.

15      Apple responded to these letters on May 1, 2013.   █████████████████████

16  ███████████████████████████████████████████████████

17  ███████████████████████████████████████████

18  ████   Ex. 12 at 8.   █████████████████████████████

19  ███████████████████████████████████████████████

20  ████   *Id.*   ████████████████████████████████████

21  ███████████████████████████████████████████████████

22  ████████████████████████   ████████████████████

23  █████████████████████████████████████████████

24  █████████████████████████████   *Id.*

25      The parties discussed Samsung's requests for documents relating to Qualcomm baseband

26  processors at a lead counsel meet and confer on May 2, 2013.   Thakur Decl. ¶ 17.   In the

27  interest of compromise, Samsung agreed to provide Apple with a list of technical documents for

28  which Samsung needed expedited production.   *Id.*, and Ex. 13.   With respect to Qualcomm-

1   related documents, Samsung limited its request to a single category: documents "describing the

2   structure and operation of each Qualcomm baseband chip."   *Id.* at 2.   Apple did not respond to

3   Samsung's letter, nor did it produce the requested documents.

4        On May 29, 2013, Samsung again asked Apple—for the fourth time—to commit to

5   completing its production of Qualcomm-related documents by a date certain, this time by June 5,

6   2013.   Ex. 14.   In response, Apple stated that it had "produced many documents describing the

7   structure and operation of the Qualcomm baseband chips contained in the accused Apple

8   products."   Ex. 15.   Again, Apple made no representations regarding the completeness of its

9   production, or when it would complete its production.   Instead, Apple cited twelve documents

10   purportedly describing the structure and operation of the Qualcomm baseband processors.   *Id.*

11   Samsung responded the next day on June 5, 2013, pointing out that the documents to which Apple

12   cited were not responsive to this case, as they were produced during the 794 Investigation and do

13   not relate to the newer Apple accused products, and that one of the twelve documents consisted of

14   software bug fixes, with no discussion of compliance with 3GPP specifications or whether Apple

15   modifies the Qualcomm software, and was thus is largely irrelevant.   Ex. 16.

16        Almost 10 days passed without response, prompting Samsung to write its sixth letter, on

17   June 14, 2013, asking Apple to make good on its March statement that it would supplement its

18   production of Qualcomm documents.   Ex. 17.   The parties again discussed Samsung's issues

19   with Apple's Qualcomm-related production at the next lead counsel meet and confer on June 20,

20   2013.   Thakur Decl. ¶ 22.   Apple produced more documents on June 20 and June 22, along with

21   assurances that each would satisfy Samsung's request.   Thakur Decl. ¶ 22; and Ex. 18.   Despite

22   Apple's assurances, however, the documents Apple provided do not contain information that

23   would allow Samsung to understand the 3GPP compliance or structure and operation of the

24   Qualcomm chips.   Rather, Apple's most recent production includes largely irrelevant

25   documents—software debugging lists, documents related to wireless standards that are not at issue

26   in this case (*i.e.*, 2G and LTE), and Qualcomm chips that do not relate to HSUPA networks and

27   that Samsung has not accused of infringing the '087 and '596 patents (*e.g.*, documents regarding

28   Qualcomm's QSC6055 chip for CDMA networks).   Thakur Decl. ¶ 22.

C.      Samsung's Efforts to Obtain Discovery From Qualcomm

In addition to seeking discovery from Apple, Samsung issued subpoenas to Qualcomm on October 16, 2012, requesting documents and testimony related to the baseband processors purchased by Apple.    Exs. 19-22.    Following the entry of a supplemental protective order, *see* Dkt. No. 438, Qualcomm produced source code responsive to Samsung's subpoena and directed Samsung to seek technical documentation from Apple.    Thakur Decl. ¶ 28.    Qualcomm's discovery responses stated that it was not the proper custodian to produce the technical documents requested because, according to Qualcomm, the relevant documents were in Apple's possession. See e.g., Ex. 21 at 13-15, 21-22, 31-33, 36-37 (as just a few examples).

D.      Apple's Failure to Fully Respond to Samsung's Interrogatory No. 32

On January 11, 2013, Samsung propounded its Fourth Set of Interrogatories, including Interrogatory No. 32.    Ex. 23.    This interrogatory asks Apple to identify by Bates Number the final and submitted and completed version (i.e., completed by Apple and submitted to AT&T) of the following testing documents that indicate the Apple products conform with the 3GPP standard:

1)      *AT&T Device Requirements Document* (Document # 13340)[3];

2)      *Handset Specification Compliance Spreadsheet* (Document # 13289)[4]; and

3)      *Lab and Field Test Requirements for Terminal Unit Acceptance* (AT&T Document # 10776)[5].

Samsung requires these specific documents because these requirements and compliance documents indicate which 3GPP functionalities the Apple products use while operating on AT&T's network as different carriers have different requirements.

---

[3] ████████████████████████████████████████████████████

████████████████████████████ *See* Ex. 25.

████████████████████████████████████████████████████

██████████ *See* Ex. 26 at 68:1-24.

████████████████████████████████████████████████████

████████████ Ex. 26 at 84:17-87:14.

1    Apple served its initial objections and responses to Samsung's Fourth Set of

2    Interrogatories on February 14, 2013, failing to cite any responsive documents.   Ex. 24.   In meet

3    and confer correspondence on March 6, 2013, Samsung noted that Apple's corporate

4    representative testified in the 794 Investigation that Apple submits one final version of these

5    documents per product to AT&T.   Ex. 27.   Samsung again raised the issue of Apple's

6    nonresponsive reply in an April 23, 2013 letter that reminded Apple that the same employee had

7    also testified that he knows which Apple department houses this information.   Ex. 28.   Apple

8    supplemented its response on May 14, 2013, listing just two documents.   Apple's response,

9    ████████████████████████████████████████████

10   ████████████████████████████████████ Ex. 29.

11   ██████████████████████████████████████████

12   ████████████████████████████████████████

13   ██████████████████████████ Thus, Apple's supplemental response

14   was again nonresponsive, failing to produce any documents, let alone responding to the actual

15   Interrogatory which seeks the final version of each requirement document that corresponds to *each*

16   Apple product.   *Id.*

17    Samsung raised the issue of Apple's incomplete response at the May 15, 2013 lead trial

18   counsel meet and confer, at which Apple agreed to supplement its response by May 24, 2013.

19   Thakur Decl. ¶ 35.   After no response was forthcoming, and after following up at the June 20,

20   2013 lead trial counsel meet and confer, Samsung sent Apple a letter on June 21, 2013 requesting

21   a response by June 24, 2013 or Samsung would be forced to resort to motion practice.   Ex. 30.

22   On June 22, 2013, Apple supplemented its production with 13289 and 10776 requirements

23   documents dated late-2012, but again failed to indicate *the final submitted version of each of the*

24   *three relevant AT&T requirements documents, **one for each Apple product***.   Thakur Decl. ¶ 37.

25

26   //

27   //

28

# **ARGUMENT**

I.   **THE COURT SHOULD COMPEL APPLE TO PRODUCE QUALCOMM-RELATED DOCUMENTS FOR PRODUCTS THAT WERE NOT ACCUSED IN PRIOR CASES**

   A.   The Documents Sought Are Relevant to Samsung's Claims and Defenses

Samsung's Motion seeks discrete categories of technical documents relating to the specific component that performs the functionalities accused of infringing Samsung's Standards Patents, which Samsung requires in order to prove Apple's infringement of Samsung's patents and to defend against Apple's exhaustion defense.   Notably, Apple has never disputed the relevance of documents relating to the Qualcomm baseband processors.   Nor could it, as most of the requested documents should have been produced pursuant to the Patent Local Rules.   *See* Patent L.R. 3-4(a) (requiring production of "specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart").

Courts routinely order production of technical documents relating to the accused products or components pursuant to Patent L.R. 3-4(a).   *Implicit Networks, Inc. v. Microsoft Corp.*, No. C 09–1478 SI, 2009 WL 4251146, at *1 (N.D.Cal. Nov. 23, 2009) (ordering production of product requirement documents and engineering specifications concerning infringing aspects of the accused device under Patent L.R. 3-4(a) where defendants produced incomplete set of technical specifications); *3Com Corp. v. D-Link Sys., Inc.*, No. 03-2177, 2007 WL 949596, at *3 (N.D. Cal. Mar. 27, 2007) (compelling production of "technical information detailing the internal design and operation of the accused chips"); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, *3 (N.D.Cal.2004) (requiring the alleged infringer to turn over "any and all documents describing the operation or structures of [the patentee's] accused devices" under L.R. 3-4(a)); *see also Cornell Research Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 74 (N.D.N.Y. 2003) ("[T]he technical specifications in drawings related to . . . [are] not only directly and highly relevant, but indeed [are] critical to the infringement claims asserted in the case."); *Bayer AG v. Sony Elecs., Inc.*, 202 F.R.D. 404, 408 (D. Del. 2001) (ordering production of all

02198.51990/5387475.1

1  documents "which relate, reflect or refer to conception, design, research, product improvement,

2  testing, evaluation or development" of the accused products).

3      Samsung requires discovery of Qualcomm's documents to prove Apple's infringement of

4  Samsung's patents and to defend against Apple's exhaustion defense.   In terms of Qualcomm

5  technical documents related to infringement, *first*, Samsung seeks documents relating to the

6  conformance of each accused baseband processor (MDM6610, MDM9600, MDM9610, and

7  MDM9615) with HSUPA/HSPA/HSPA+ as described in the 3GPP technical specifications (TSs)

8  25.309, 25.321, and 25.331 Release 6 or later relating to implementation of the accused

9  functionality.   Such conformance is indicated in documents including: Qualcomm- or Apple-

10 authored presentations regarding 3G, UMTS, or HSUPA functionality; testing documentation or

11 spreadsheets for either the Qualcomm processors or Apple products indicating conformance with

12 the relevant 3GPP standards; and conformance testing pursuant to 3GPP TS 34.123-1.   *Second*,

13 Samsung seeks documents relating to the structure, operation or function of Apple's baseband

14 processors, including their physical, electrical, or hardware connection with the transceivers in the

15 accused devices (at least RTR8600 and RTR8605) and any interaction with an applications

16 processor that may be used to perform the accused functionality.   *Third*, Samsung seeks

17 communications between Apple and baseband processor manufacturers such as Qualcomm

18 relating to 3GPP conformance and support, chip development or testing, or technical marketing

19 documents and sales briefs with high-level overview of the processor's and transceiver's

20 functionalities (including attachments to such communications).   *Fourth*, Samsung seeks

21 documents prepared by or at the direction of baseband processor manufacturers such as

22 Qualcomm.   *Fifth*, Samsung seeks documents related to any modifications to the baseband

23 processor software or source code that Apple receives from the chip manufacturers.

24      In terms of exhaustion, Apple contends that Samsung's patents are exhausted by

25 Qualcomm's sale of baseband processors to Apple's overseas device manufacturers.   Apple must

26 show that these transactions occurred in the United States.   *Ninestar Tech. Co. v. Int'l Trade*

27 *Comm'n*, 667 F.3d 1373, 1378 (Fed. Cir. 2012).   To show a United States sale, Apple must

28 demonstrate that the "essential activities" of the transaction occurred in the United States.

1  *MEMC Elec's Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375–77

2  (Fed. Cir. 2005).    To Samsung's knowledge, Qualcomm's baseband processors are manufactured

3  overseas, shipped to Apple's overseas contract manufacturers, and never enter the United States

4  before being assembled by those manufacturers into complete devices.   Invoices showing the

5  location of Qualcomm's chip manufacturing, sales, and shipment, as well as documents showing

6  the location of negotiation and execution of any contracts between Apple and Qualcomm, are

7  critical to evaluating Apple's exhaustion defense.

8      In short, Samsung requests that the Court order Apple to produce at least the following

9  categories of documents, pursuant to Samsung's Requests for Production and Patent L.R. 34(a),

10  for *each* of the MDM66100, MDM9600, MDM9610, and MDM9615 baseband processors and the

11  RTR8600 and RTR8605 transceivers:

- Technical marketing documents and sales briefs with a high-level overview of the processors' and/or transceivers' functions, dated from January 2011 to the present.   To the extent these are customized, the documents relating to Apple.

- Pictures of each processor/transceiver showing hardware components and interconnections with other chip or Apple product components.

- Overall technical specifications and/or data sheets for the processors/transceivers, including documents sufficient to show the physical connections and digital hardware specifications for each processor and the connections between (1) an applications processor and each baseband processor; (2) an applications processor and each transceiver; and (3) each transceiver and baseband processor.

- For each of the MDM6610, MDM9600, MDM9610, and MDM9615 baseband processors, documents that describe the fact that the processors may be used in HSUPA, HSPA, HSPA+, 3GPP Release 6, and/or 3GPP Release 7 compliant phones.

- Documents describing the design and implementation of any hardware components or peripherals that are involved in the formation and transmission of (1) MAC-es PDUs and MAC-e PDUs and (2) scheduled transmissions, and (3) non-scheduled transmissions by the processors and/or transceivers at issue.

- Documentation relating to conformance testing of each processor against 3GPP 34.123-1, including in particular the sections of that document that relate the accused functionality, such as: (1) 7.1.6.2.3 MAC-es/e non-scheduled transmissions; (2) 7.1.6.2.8 MAC-es/e combined non-scheduled and scheduled transmissions; (3) 7.1.6.4.1 MAC-es/e process handling; and (4) 7.1.6.1.1 MAC-es/e multiplexing without RRC restrictions.

- Documents relating to the processors' implementation of 3GPP TS 25.331, in particular: the receipt and use of information regarding non-scheduled transmission grant information, specifically the Information Element "2ms non-scheduled transmission grant HARQ process allocation," which is described in, e.g., 3GPP TS 25.331 v. 6.21.0 § 10, especially §§ 10.3.5.1b, 10.2.33, 10.3.5.2.

- Documents describing the processors' implementation of 3GPP TS 25.331, in particular, the design, implementation, and usage of the functions l1_edch_req_control_info(), l1_phy_edch_build_frame_ind(), process_added_reconfig_e_dch_info(), rrcllcpcie_process_e_rgch_information(), rrcllcpcie_process_e_agch_infio(), and calc_frnum_or_subfn(), and the functions these functions call.

- Documents describing the processors' implementation of 3GPP Technical Specification 25.309, in particular: The "2ms non-scheduled transmission grant HARQ process allocation" and characteristics of non-scheduled transmissions.   (See 3GPP TS 25.309 v. 6.6.0 § 10.)

- Documents relating to the processors' implementation of 3GPP TS 25.321, in particular:   (1) the formation and contents of MAC-es PDUs and MAC-e PDUs pursuant to § 9 (especially § 9.1.5 and figs. 9.1.5.1 and 9.1.5.2a); (2) the formation and contents of MAC-e headers (including Data Description Indicators ("DDI") and information about the number of MAC-d PDUs ("N")) pursuant to § 9.2.4.2; and (3) inclusion of control information in the MAC-e PDUs, particularly "$DDI_0$" and "SI" pursuant to § 9.2.5.3.2 and fig. 9.2.5.3.2-1.

- Documents describing the processors' implementation of 3GPP TS 25.321, in particular, the design, implementation, and usage of the functions l1_edch_req_control_info(), l1_phy_edch_build_frame_ind() (both also discussed above), and rlc_ul_edch_build_pdus(), as well as the functions that they call.

- Documents indicating whether Apple modifies the baseband processors' software and/or source code, in particular, the software and/or software relating to non-scheduled transmissions and the MAC-e PDU structure or formation.

- Communications between Qualcomm and Apple regarding: (1) HSUPA or HSPA support by the Qualcomm chips and/or Apple phones; (2) roadmaps and project lists relating to chip testing, research, and development; (3) the operation of non-scheduled transmission or the transmission of data via the MAC-e PDU described in TS 25.321; and (4) 3GPP conformance testing of the accused baseband processor and/or Apple products against 3GPP TS 25.309 (§ 10), 25.321 (§ 9.1.5, § 9.2.4.2, § 9.2.5.3.2, Fig. 9.1.5.1, Fig. 9.1.5.2a, and Fig.9.2.5.3.2-1 ), and 25.331 (§§ 10.3.5.1b, 10.2.33, 10.3.5.2) or the related sections of 34.123-1.

- Communications with Apple or other third parties pertaining to (a) the letter regarding "Notice of Limit of Samsung's Covenant to Qualcomm and Its Customer" sent by Samsung to Qualcomm on April 21, 2011, and/or (b) the notice letter pursuant to Section 5.3.3 of the 2009 Samsung/Qualcomm Amendment to Infrastructure and Subscriber Unit

License and Technical Assistance Agreement, sent by Samsung to Qualcomm on February 2, 2012.

- Agreements between Qualcomm and Apple, any Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit), or any other entity concerning the manufacture and/or transfer or sale of the baseband processors/transceivers for use in Apple products.

- Documents sufficient to show the chain of custody for the baseband processors/transceivers at issue from placement of the order to manufacture to delivery to an Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit) to their entry into the U.S. either as chips or incorporated in downstream products.

**B.**   **Apple's Limited Production of Documents At Least Indicates That Apple Has Responsive Documents In Its Possession, Custody or Control**

Not only are the documents Samsung seeks relevant and called for under the Patent Local Rules, but Apple's production of documents in this case, while limited, demonstrates that Apple actually possesses documents regarding the newly accused Qualcomm chips that it has not produced.   For instance, Apple produced a single document dated from 2011 indicating ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ the fact that Apple only produced one such document means that testing data was only provided for one chip, despite there being four different MDM-chips accused in this case.   Thakur Decl. ¶ 38.   But the existence of this document instructs that there are others that *are* relevant.   Apple should thus supplement its production to include 3GPP compliance documentation, such as compliance with TS 34.123-1, from more recent 2012 and 2013 testing dates for *all* of the chips in products accused in this case.   As another example, Apple produced ████████████████████████ ████████████████████████████████████ Ex. 31.   The existence of this email is instructive in two ways.   First, ███████████████████████████████████████████ ███████████████████████████████████████████████.   Second, and perhaps more importantly, it suggests that Apple possesses technical documentation regarding other chips that are also accused in this case.   *Id.* (████████████████████████████████████████

1    ██████████████████ ).   Apple should be ordered to produce more recent emails, and

2 any technical documents that they reference concerning the accused chips.

3       Apple's production of Qualcomm documents in the 794 Investigation also illustrates that

4 Apple is withholding relevant documents related to the Qualcomm chips in newly accused

5 products.   For example, Apple ███████████████████████████████████

6 ███████████████████████████████ Ex. 32.   Similar documents describe ██

7 ███████████████████████████████████. Ex. 33.   Apple also

8 produced ███████████████████████████████████████

9 ████ *See e.g.*, Ex. 34.   Apple should produce all similar documents related to products accused

10 in this case that were not accused in previous litigations.

11 II.      <u>THE COURT SHOULD COMPEL APPLE TO SUPPLEMENT ITS PREVIOUS</u>

12        <u>PRODUCTIONS OF QUALCOMM-RELATED DOCUMENTS</u>

13       As noted above, the vast majority of Apple's Qualcomm-related production consists of

14 documents produced in the 794 Investigation and the 1846 Case for products that were accused in

15 those cases.   Discovery in those cases, however, ended more than a year ago.[6]   Thus, most of

16 the documents produced in those previous litigations are at least as old as 2011, with many

17 relating to chips and testing dating back as far as 2008.   Apple should be compelled to

18 supplement its production with up-to-date documents from 2012 and 2013 relating to the

19 Qualcomm baseband processors found in products that were accused in previous litigations that

20 are also at issue here.

21       Additionally, there are a number of flaws in Apple's productions from the 794

22 Investigation and 1846 case that need to be remedied here as Apple is clearly withholding

23 discoverable information.   First, Apple produced under 40 email chains between Apple and

24 Qualcomm.   It is unbelievable that Apple and Qualcomm would exchange such a limited number

25

---

26    [6]   Fact discovery in the 794 Investigation ended in February 2012.   Thakur Decl. ¶ 43.

27 Discovery in the 1846 Case ended on March 8, 2012, although Apple produced almost half a
million pages of documents after the close of fact discovery.   *Id.*

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1   of emails regarding the four different baseband processors over the past 5 years.   In fact, Apple's

2   corporate representative, Jason Shi, testified in the 794 Investigation that ███████████████

3   ██████████████████████████████████████████████████████████████

4   ███████████████   Ex. 26.   Second, the emails Apple did produce refer ██████████

5   ██████████████████████████████████████████████████

6   ███████████   As just one example, one such email ████████████████████

7   ████████████████████   Ex. 35.   ████████████████████████████

8   ██████████████████████████████████

III.   THE COURT SHOULD COMPEL APPLE TO RESPOND TO SAMSUNG'S
        INTERROGATORY NO. 32

11   Interrogatory No. 32 pertains to three specific categories of technical documents related to

12   Apple's use of AT&T's cellular networks.   These documents are highly relevant to Apple's

13   implementation of 3GPP standards, and thus to Samsung's infringement claims.   The AT&T

14   Device Requirements Document ██████████████████████████████

15   ██████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████████

17   █████████████████████   *See, e.g.*, Ex. 25 at 7-7 ("████████████████

18   ████████████████████████████████████"); *see also id.*

19   at 3-2 ("██████████████████████████"); *id.* at 8-1 ████████

20   ████████████████████████████   ██████████

21   ██████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████████

23   ██████████████████████   *See* Ex. 26 at 68:1-24.   ████████████

24   ██████████████████████████████████████████

25   ██████████████████████████████████████████   *See*

26   *id.* at 84:17-87:14.

27   Despite the relevance of these documents, their value in terms of proof at trial is limited by

28   two factors.   First, Samsung has no way of demonstrating the Apple product to which each

1  document applies.    Second, Apple has produced multiple versions of these documents, and

2  Samsung cannot easily determine which ones are the final versions that Apple and AT&T actually

3  used.    Without this information, nothing would prevent Apple from asserting at trial that the

4  documents offered by Samsung do not apply to any of the accused products, or that the documents

5  are not the final versions that Apple and AT&T relied on in the ordinary course of business.

6        Samsung propounded Interrogatory No. 32 to eliminate these concerns, asking Apple to

7  identify the final version of each of these documents on a per-product basis.    Apple's initial

8  response ███████████████.    Apple's supplemental response ████████████████

9  ███████████████████████████████████████████

10 ███████████████████████████████████████████

11 █████████████████████████████████ Ex. 29.    Apple also failed

12 to identify which of the cited documents are final versions and ████████████████

13 ████████████████████████████████████. *Id.*

14        The information needed to fully respond to Interrogatory No. 32 is uniquely within

15 Apple's possession, and it is readily available to Apple.   ████████████████

16 ███████████████████████████████████████████

17 (*see* Ex. 26 at 69:3-6, 81:14-82:11; Ex. 36 at 46:11-47:13), that same employee (Apple's corporate

18 representative in the 1846 litigation) testified ████████████████████

19 ███████████████████████████████████████████

20 ████████ Ex. 26 at 75:5-76:9, 78:9-14).   ████████████████████

21 ██████████████████████████████ But Apple has access to

22 the individuals who can provide this information; indeed, ████████████████

23 ███████████████████████████████████████

24 ████████████ Ex. 36 at 49:9-21.    Apple has no excuse for withholding

25 this information from Samsung.    Therefore, the Court should compel Apple to provide a full and

26 complete response to Samsung's Interrogatory No. 32.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For the foregoing reasons, Samsung respectfully requests that the Court GRANT

Samsung's Motion to Compel Production of Documents and Response to Interrogatory No. 32.


DATED:    June 25, 2013                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


                                   By  _/s/ Victoria F. Maroulis_
                                       Victoria F. Maroulis
                                       Attorney for SAMSUNG ELECTRONICS CO.,
                                       LTD., SAMSUNG ELECTRONICS AMERICA,
                                       INC., and SAMSUNG
                                       TELECOMMUNICATIONS AMERICA, LLC

-16-
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32