QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-0630 LHK (PSG)<br><br>**DECLARATION OF AMAR L. THAKUR IN SUPPORT OF SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY NO. 32** |

I, Amar L. Thakur, declare as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I submit this declaration in support of Samsung's Motion to Compel Complete Production of Source Code. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached hereto as Exhibit 1 is a true and correct copy of Samsung's Patent L.R. 3-1(c) chart for U.S. Patent No. 7,756,087 ("'087 patent"), served on November 19, 2012 as Exhibit A to Samsung's Second Amended Infringement Contentions.

3. Attached hereto as Exhibit 2 is a true and correct copy of Samsung's Patent L.R. 3-1(c) chart for U.S. Patent No. 7,551,596 ("'596 patent"), served on November 19, 2012 as Exhibit B to Samsung's Second Amended Infringement Contentions.

4. Attached hereto as Exhibit 3 is a true and correct copy of Samsung's Patent L.R. 3-1(c) chart for U.S. Patent No. 5,579,239 ("'239 patent"), served on November 19, 2012 as Exhibit H to Samsung's Second Amended Infringement Contentions.

5. Attached hereto as Exhibit 4 is a true and correct copy of Apple's Third Supplemental Objections and Responses to Samsung's Fourth Set of Interrogatories (Nos. 28, 29, 31, 32 and 34).

6. Attached hereto as Exhibit 5 is a true and correct copy of Samsung's Third Set of Requests For Production of Documents and Things, dated July 31, 2012.

7. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from Apple's Objections and Responses to Samsung's Third Set of Requests For Production of Documents and Things, dated September 10, 2012. When Apple responded to these requests, it objected to the term "related to" as vague, ambiguous, and overly broad (*see id.* at 39, 44-45), although it later agreed to drop this semantic distinction.

8. Despite Apple's agreement to produce documents related to the baseband processors found in the accused products, Apple did not make any substantial production of documents in this case related to Qualcomm or the Qualcomm baseband processors. As of February 2013, Apple's production of Qualcomm-related documents consisted entirely of documents produced during previous litigations between the parties, primarily the 794 Investigation. However, the only product accused of infringement in this case that was also accused in the 794 Investigation is the iPhone 4, which contains an Intel baseband processor rather than a Qualcomm processor. Thus, Apple's production at that time was (and remains) almost entirely devoid of documents relating to the Qualcomm baseband processors found in products that were not accused in prior cases—for example, documents relating to the MDM6610 found in the iPhone 4S; the MDM9600 and MDM9610 found in the iPad 3; and the MDM9615 found in the iPhone 5, iPad 4, and iPad Mini.

9. Similarly, Apple has not produced documents for the newer model transceivers— the RTR8600 and RTR8605 transceivers—which relate to the operation and structure of the baseband processors as they send and receive the signals processed and created by the processors, while also having input and output electrical connections with the baseband processors.

10. Attached hereto as Exhibit 7 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on February 28, 2013.

11. After several weeks passed without any response from Apple to Samsung's February 28 letter, Samsung raised the issue of Apple's incomplete production of Qualcomm-related documents during a telephonic meet and confer on March 21, 2013. During the meet and confer, Apple represented that it had collected additional Qualcomm-related documents and would begin producing them as early as the following week.

12. Attached hereto as Exhibit 8 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on March 25, 2013.

13. Attached hereto as Exhibit 9 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on March 29, 2013.

1    14.    Attached hereto as Exhibit 10 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on April 8, 2013.

15.    Attached hereto as Exhibit 11 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on April 24, 2013.

16.    Attached hereto as Exhibit 12 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on May 1, 2013.

17.    The parties discussed Samsung's requests for documents relating to Qualcomm baseband processors at a lead counsel meet and confer on May 2, 2013.  In the interest of compromise, Samsung agreed to provide Apple with a list of technical documents for which Samsung needed expedited production.   Attached hereto as Exhibit 13 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on May 3, 2013.  With respect to Qualcomm-related documents, Samsung limited its request to a single category: documents "describing the structure and operation of each Qualcomm baseband chip."  Apple did not respond to Samsung's letter, nor did it produce the requested documents.

18.    Attached hereto as Exhibit 14 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on May 29, 2013.

19.    Attached hereto as Exhibit 15 is a true and correct copy of a letter sent from Apple's counsel to Samsung's counsel on June 4, 2013.

20.    Attached hereto as Exhibit 16 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on June 5, 2013.

21.    Attached hereto as Exhibit 17 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on June 14, 2013.

22.    The parties again discussed Samsung's issues with Apple's Qualcomm-related production at the next lead counsel meet and confer on June 20, 2013.  Apple produced more documents on June 20 and June 22, along with assurances that each would satisfy Samsung's request.  A true and correct copy of a June 22, 2013 email from Apple's counsel to Samsung's counsel is attached hereto as Exhibit 18.  Despite Apple's assurances, however, the documents

Apple provided do not contain information that would allow Samsung to understand the 3GPP compliance or structure and operation of the Qualcomm chips.  Rather, Apple's most recent production includes largely irrelevant documents—software debugging lists, documents related to wireless standards that are not at issue in this case (i.e., 2G and LTE), and Qualcomm chips that Samsung has not accused of infringing the '087 and '596 patents (*e.g.*, QSC6055).

23. In addition to seeking discovery from Apple, Samsung issued subpoenas to Qualcomm on October 16, 2012, requesting documents and testimony related to the baseband processors purchased by Apple.

24. Attached hereto as Exhibit 19 is a true and correct copy of Samsung's Subpoena to Produce Documents directed at Qualcomm, Inc. dated October 16, 2012.

25. Attached hereto as Exhibit 20 is a true and correct copy of Samsung's Subpoena to Testify at a Deposition in a Civil Action directed at Qualcomm, Inc. dated October 16, 2012.

26. Attached hereto as Exhibit 21 is a true and correct copy of excerpts from Non-Party Qualcomm Incorporated's Responses and Objections to Samsung's Subpoena for Documents dated November 8, 2012.

27. Attached hereto as Exhibit 22 is a true and correct copy of excerpts from Non-Party Qualcomm Incorporated's Responses and Objections to Samsung's Subpoena to Testify at a Deposition in a Civil Action dated November 8, 2012.

28. Following the entry of a supplemental protective order, *see* Dkt. No. 438, Qualcomm produced source code responsive to Samsung's subpoena and directed Samsung to seek technical documentation from Apple.

29. Attached hereto as Exhibit 23 is a true and correct copy of Samsung's Fourth Set of Interrogatories to Apple (Nos. 27-37).  Samsung requires a particularized response concerning the specific documents referenced in Interrogatory No. 32 because these requirements and compliance documents indicate which 3GPP functionalities the Apple products use while operating on AT&T's network, as different carriers have different requirements.

30. Attached hereto as Exhibit 24 is a true and correct copy of excerpts from Apple's Objections and Responses to Samsung's Fourth Set of Interrogatories to Apple (Nos. 27-37).

31. Attached hereto as Exhibit 25 is a true and correct copy of excerpts from AT&T Device Requirements Document Number 13340, Revision 5.0.1, and is dated August 27, 2012. The document details thousands of specific requirements with which Apple's product must comply in order to operate on AT&T's 3G and 4G networks. The document in its entirety bears Bates Nos. APL630DEF-WH0003871749-3058, and was produced by Apple in this litigation.

32. Attached hereto as Exhibit 26 is a true and correct copy of excerpts from the Confidential Videotaped Deposition of Apple employee Jason Shi, Ph.D., dated February 24, 2012 in the case styled In the Matter of: Certain Electronic Devices, Investigation No. 337-TA-794, U.S. International Trade Commission (the "794 Investigation").

33. Attached hereto as Exhibit 27 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on March 6, 2013.

34. Attached hereto as Exhibit 28 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on April 23, 2013.

35. Attached hereto as Exhibit 29 is a true and correct copy of excerpts from Apple's Second Supplemental Objections and Responses to Samsung's Fourth Set of Interrogatories (including No. 32).

36. Samsung raised the issue of Apple's incomplete response at the May 15, 2013 lead trial counsel meet and confer. Apple agreed to supplement its response by May 24, 2013.

37. Attached hereto as Exhibit 30 is a true and correct copy of a letter sent from Samsung's counsel to Apple's counsel on June 21, 2013.

38. On June 22, 2013, Apple supplemented its production with 13289 and 10776 requirements documents dated late-2012, but again failed to indicate the final submitted version of each of the three relevant AT&T requirements documents, one for each Apple product.

39. Apple's production of documents in this case, while limited, demonstrates that Apple possesses documents regarding the newly accused Qualcomm chips that it has not

produced. For instance, Apple produced a single document dated from 2011 indicating compliance with the 3GPP Technical Specification 34.123-1—a specification which indicates testing for the chip's ability to perform the functionality in the claims of the '087 and '596 patents. This document relates to a prototype chip that is not accused in this case; moreover, the fact that Apple only produced one such document means that testing data was only provided for one chip, despite there being four different MDM-chips accused in this case. But the existence of this document argues that there are others that *are* relevant.

40. Attached hereto as Exhibit 31 is a true and correct copy of an email trail produced by Apple in this litigation at Bates Nos. APL630DEF-WH0005808206-8208.

41. Attached hereto as Exhibit 32 is a true and correct copy of a document entitled "Maverick MDM Roadmap" produced by Apple in the 794 Investigation at Bates Nos. APL7940007762954-2973.

42. Attached hereto as Exhibit 33 is a true and correct copy of excerpts from a document entitled "Maverick Projects' Status" produced by Apple in the 794 Investigation. The document in its entirety bears Bates Nos. APL7940003914076-4123.

43. Attached hereto as Exhibit 34 is a true and correct copy of an email trail produced by Apple in the 794 Investigation at Bates Nos. APL7940007784744-4745.

44. Fact discovery in the 794 Investigation ended in February 2012. Discovery in the 1846 Case ended on March 8, 2012, although Apple produced approximately 430,430—almost half a million—pages of documents after the close of fact discovery.

45. Samsung's review of documents has revealed that Apple has produced fewer than 40 email chains between itself and Qualcomm.

46. Attached hereto as Exhibit 35 is a true and correct copy of an email trail produced by Apple in the 794 Investigation at Bates Nos. APL7940018596291-6294.

//

//

//

47. Attached hereto as Exhibit 36 is a true and correct copy of excerpts from the Confidential Videotaped Deposition of Apple employee Jason Shi, Ph.D., dated March 1, 2012 in 1846 litigation. Dr. Shi was Apple's corporate representative in the 1846 litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 25th day of June, 2013, in Los Angeles, California.

*Amar L. Thakur*

Amar L. Thakur