# EXHIBIT 6

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

APPLE INC., a California corporation,

      Plaintiff,

    vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

      Defendants.

Civil Action No. 12-CV-00630-LHK

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Apple Inc. ("Apple") objects and responds to the Third Set of Requests for Production served by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") on July 31, 2012.

## GENERAL OBJECTIONS

Apple incorporates the General Objections included in its Objections and Responses to Samsung's First Set of Requests for Production and its Objections and Responses to Samsung's Second Set of Requests for Production. Apple makes the following additional general responses and objections ("General Objections") to each definition, instruction, and Request propounded in Samsung's Third Set of Requests for Production. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar, or additional objections or partial responses to the individual Requests does not waive any of Apple's General Objections.

1.      Apple objects to Samsung's definitions of "APPLE," "PLAINTIFF," "YOU," and "YOUR" to the extent they purport to include persons or entities that are separate and distinct from Apple and are not under Apple's control. "Apple" refers only to Apple Inc.

2.      Apple objects to Samsung's definition of "DOCUMENT" and "DOCUMENTS" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. "DOCUMENT" shall have the meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

3.      Apple objects to Samsung's definition of "COMMUNICATION" on the grounds that it is vague, overly broad, and unduly burdensome. Samsung's definition of this term renders each Request incorporating the term vague, overly broad, and unduly burdensome.

4.      Apple objects to Samsung's definition of "RELATING TO" and "RELATED TO" as vague, ambiguous, and potentially overbroad, and because they do not describe with reasonable particularity the documents sought.

5.      Apple objects to Samsung's definition of the term "APPLE PATENTS" as vague, overly broad, and unduly burdensome.

6.      Apple objects to Samsung's definition of the term "APPLE PATENTED FEATURES" as vague, overly broad, and unduly burdensome.

7.      Apple objects to the Requests to the extent that they seek documents not relevant to the claims or defenses of any party in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

8.      Apple objects to the Requests to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meaning, or to include more than their commonly understood definitions.

9.      Apple will make, and has made, reasonable efforts to respond to these Requests, to the extent that no objection is made, as Apple reasonably understands and interprets each Request.  If Samsung subsequently asserts any interpretation of any Request that differs from the interpretation of Apple, then Apple reserves the right to supplement and amend its objections and responses.

10.      To the extent any Request seeks the production of software and/or code that is within the possession, custody, or control of Apple, and is relevant and responsive, Apple will produce such software, code, and/or computer files, or documents containing such discussion or excerpts of such software and/or code therein, in accordance with the procedures set forth in the terms of the Protective Order agreed to by Apple and Samsung in the prior Northern District of California Action, as adopted in this action pursuant to the March 29, 2012 Stipulation and Order Re Discovery.

11.      Apple objects to any request insofar as it seeks documents regarding (1) products or projects that currently are in development, unreleased, and/or unannounced; and (2) products or projects that were terminated before commercial release and that do not relate to a released product ("Unreleased Product Information").  Apple will redact Unreleased Product Information

from otherwise responsive documents and withhold documents that consist entirely of Unreleased Product Information.

12.     Apple objects to Samsung's definition of "'087 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'087 PATENT" means U.S. Patent No. 7,756,087.

13.     Apple objects to Samsung's definition of "'596 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'596 PATENT" means U.S. Patent No. 7,551,596.

14.     Apple objects to Samsung's definition of "'470 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'470 PATENT" means U.S. Patent No. 7,672,470.

15.     Apple objects to Samsung's definition of "'757 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'757 PATENT" means U.S. Patent No. 7,557,757.

16.     Apple objects to Samsung's definition of "'058 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'058 PATENT" means U.S. Patent No. 7,232,058.

17.     Apple objects to Samsung's definition of "'179 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'179 PATENT" means U.S. Patent No. 6,292,179.

18.     Apple objects to Samsung's definition of "'449 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'449 PATENT" means U.S. Patent No. 6,226,449.

19.     Apple objects to Samsung's definition of "'239 PATENT" because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The "'239 PATENT" means U.S. Patent No. 5,579,239.

20.     Apple objects to Samsung's definition of "SAMSUNG PATENTS"

1  because it is inaccurate, overly broad, vague, ambiguous, and unduly burdensome.  The phrase

2  "SAMSUNG PATENTS" means U.S. Patent Nos. 7,756,087; 7,551,596; 7,672,470; 7,557,757;

3  7,232,058; 6,292,179; 6,226,449; and 5,579,239.

4       21.     Apple objects to Samsung's definition of "'087 PATENT ACCUSED

5  PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

6  information that is neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.  Apple objects to Samsung's definition of "'087 PATENT ACCUSED

8  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'087

9  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

10  identify a comprehensive set of discrete products that Samsung asserts have functionality that

11  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

12  definition of "'087 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

13  not made, used, offered for sale, or sold in the United States.

14       22.     Apple objects to Samsung's definition of "'596 PATENT ACCUSED

15  PRODUCTS"  to the extent it is overly broad and unduly burdensome and to the extent it seeks

16  information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence.  Apple objects to Samsung's definition of "'596 PATENT ACCUSED

18  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'596

19  PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

20  identify a comprehensive set of discrete products that Samsung asserts have functionality that

21  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

22  definition of "'596 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

23  not made, used, offered for sale, or sold in the United States.

24       23.     Apple objects to Samsung's definition of "'470 PATENT ACCUSED

25  PRODUCTS"  to the extent it is overly broad and unduly burdensome and to the extent it seeks

26  information that is neither relevant nor reasonably calculated to lead to the discovery of

27  admissible evidence.  Apple objects to Samsung's definition of "'470 PATENT ACCUSED

28

1    PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'470

2    PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

3    identify a comprehensive set of discrete products that Samsung asserts have functionality that

4    come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

5    definition of "'470 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

6    not made, used, offered for sale, or sold in the United States.

7         24.    Apple objects to Samsung's definition of "'757 PATENT ACCUSED

8    PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

9    information that is neither relevant nor reasonably calculated to lead to the discovery of

10   admissible evidence.  Apple objects to Samsung's definition of "'757 PATENT ACCUSED

11   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'757

12   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

13   identify a comprehensive set of discrete products that Samsung asserts have functionality that

14   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

15   definition of "'757 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

16   not made, used, offered for sale, or sold in the United States.

17        25.    Apple objects to Samsung's definition of "'058 PATENT ACCUSED

18   PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

19   information that is neither relevant nor reasonably calculated to lead to the discovery of

20   admissible evidence.  Apple objects to Samsung's definition of "'058 PATENT ACCUSED

21   PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'058

22   PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

23   identify a comprehensive set of discrete products that Samsung asserts have functionality that

24   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

25   definition of "'058 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

26   not made, used, offered for sale, or sold in the United States.

27

28

26.     Apple objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'179 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "'179 PATENT ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.

27.     Apple objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'449 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of "'449 PATENT ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States.

28.     Apple objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "'239 PATENT ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that

1   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

2   definition of "'239 PATENT ACCUSED PRODUCTS" to the extent it includes products that are

3   not made, used, offered for sale, or sold in the United States.

4        29.   Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to

5   the extent it is overly broad and unduly burdensome and to the extent it seeks information that is

6   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

7   objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

8   Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

9   that it purports to impose a duty on Apple to identify a comprehensive set of discrete products

10   that Samsung asserts have functionality that come within the scope of any claim of the Samsung

11   Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

12   the extent it includes products that are not made, used, offered for sale, or sold in the United

13   States.  For purposes of responding to these Requests, Apple interprets the term "APPLE

14   ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

15   Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

16        30.   Apple objects to Samsung's definition of the term "Baseband Processor" as vague

17   and ambiguous.  Apple also objects to Samsung's definition of "Baseband Processor" to the

18   extent it is overly broad and unduly burdensome and to the extent it seeks information that is

19   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

20   further objects to Samsung's definition of the term "Baseband Processor" to the extent it purports

21   to include any baseband chip or other component that is not incorporated in one of the Apple

22   products identified in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on

23   June 15, 2012.

24        31.   Apple objects to Samsung's definitions of "any," "all," "every," "each," "and,"

25   "or," and "and/or" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably

26   calculated to lead to the discovery of admissible evidence.  Apple further objects to these

27   definitions because, according to Samsung, the terms "bring within the scope of these requests

28

1    for production all responses that might otherwise be construed to be outside of their scope,"

2    which would mean even non-responsive and cumulative documents would fall within the scope

3    of Samsung's requests.  Apple further objects because it is impossible to represent, even after

4    diligent search and consideration, that "any," "all," "every," or "each" document has been

5    located to respond to Samsung's requests.

6        32.    Apple objects to Samsung's definition of the term "ESSENTIAL" as vague and

7    ambiguous.  Apple also objects to Samsung's definition of "ESSENTIAL" to the extent it is

8    overly broad and unduly burdensome and to the extent it seeks information that is neither

9    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10       33.    Apple objects to Samsung's instruction requiring that drafts of documents must be

11   produced "without abbreviation or redaction" to the extent that it calls for production of any

12   documents protected from discovery by the attorney-client privilege, the work product doctrine,

13   or any other applicable privilege or immunity.

14       34.    Apple objects to Samsung's instructions requiring the identification of

15   information pertaining to documents that are withheld on the basis of a claim of privilege or

16   immunity from discovery to the extent that it purports to impose any requirement or obligation

17   on Apple other than as set forth in the Federal Rules of Civil Procedure or agreed to by the

18   parties.

19       35.    Apple also reserves the right to object to these requests on any additional grounds.

20       36.    Apple objects to the Requests to the extent that they call for information or

21   documents protected from disclosure by the attorney-client privilege, the attorney work product

22   doctrine, the joint defense or common interest privilege, or any other applicable privilege,

23   doctrine, or discovery immunity.  The inadvertent production by Apple of documents containing

24   information protected from disclosure by any such privilege, doctrine or immunity shall not

25   constitute a waiver by Apple of such privileges or protections.  Pursuant to the May 9, 2012

26   Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert

27   Discovery, to the extent the Requests call for the production of documents dated after April 15,

28

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
Case No. 12-cv-00630 (LHK)

1    2011 that are protected by such privilege, doctrine, or immunity, such documents will not be

2    included on Apple's privilege log.

3          37.    Apple objects to any Request to the extent it is premature and/or to the extent that

4    it: (a) conflicts with any schedule entered by the Court; (b) conflicts with obligations that are

5    imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, the Patent Local Rules

6    of this Court, and/or any other applicable rules; (c) seeks information that is the subject of expert

7    testimony; (d) seeks information and/or responses that are dependent on the Court's construction

8    of the asserted claims of the patents-in-suit; and/or (e) seeks information and/or responses that

9    are dependent on depositions and documents that have not been taken or produced.

10         38.    Apple's investigation in this matter is continuing, and Apple will provide the

11   information known to it at the present time.  Apple reserves the right to supplement its responses

12   pursuant to Rule 26(e) with different or additional information obtained during the course of

13   discovery.

14         39.    Apple's responses to these Requests are made without waiver and with the

15   preservation of: all issues as to the competency, relevancy, materiality, privilege, and

16   admissibility of the responses and the subject matter thereof for any purpose and in any further

17   proceeding in this litigation and in any other action or matter; the right to object to the use of any

18   such responses or the subject matter thereof on any ground in any further proceeding in this

19   litigation and in any other action or matter; the right to object on any ground at any time to a

20   demand or request for further response; and the right at any time to review, correct, add to,

21   supplement, or clarify any of the responses contained herein.

22         40.    None of Apple's objections or responses is an admission as to the existence of any

23   documents, the relevance or admissibility of any documents, or the truth or accuracy of any

24   statement or characterization contained in any request.

25         41.    Apple objects to the Requests to the extent they are not limited in time and seek

26   documents for periods of time that are not relevant to any claim or defense.

27

28

42.     Apple objects to any Request that seeks irrelevant documents about Apple's products or business operations.  Such requests are overbroad and unduly burdensome.  Apple will only produce documents that are relevant to the patents-in-suit, or that are otherwise related to the claims or defenses of the parties asserted by the parties in this litigation.

43.     Apple objects to the Requests to the extent that they seek documents that are already in Samsung's possession, are in the public domain, or are equally available to Samsung.

44.     To the extent that the Requests seek trade secrets or confidential commercial or technical information, including information covered by confidentiality agreements between Apple and any third party, Apple will produce such document(s) subject to the Protective Order and subject to notice to third parties, as necessary.

45.     Apple objects to the Requests to the extent they seek documents that are not in the possession, custody, or control of Apple, purport to require Apple to speculate about the identity of persons who might have responsive documents, and/or purport to call for documents that Apple no longer possesses and/or was under no obligation to maintain.

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Third Set of Requests for Production as follows:

### SPECIFIC OBJECTIONS AND RESPONSES

Subject to the specific objections below, Apple will conduct a reasonable search for relevant and responsive documents.  In general, Apple will limit its search for responsive documents to the files of a reasonable number of specific Apple custodians who are reasonably expected to have relevant documents.  Apple will employ reasonable means, such as the use of electronic search terms, date limitations, sampling, as part of the process of identifying relevant documents.  Apple will disclose the parameters of its searches, including the names of custodians from whom it has collected documents, search terms used, and other information, pursuant to the May 9, 2012 Stipulation Regarding Electronic Discovery, Protective Order, Privilege Logs, and Expert Discovery.

1  the extent it includes products that are not made, used, offered for sale, or sold in the United

2  States.  For purposes of responding to this Request, Apple interprets the term "APPLE

3  ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

4  Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

5      Subject to and without waiving the foregoing General and Specific Objections, Apple is

6  willing to meet and confer to discuss the mutual exchange of an agreed upon number of samples

7  of each accused shipping Apple and Samsung product.

8  **REQUEST FOR PRODUCTION NO. 172:**

9      DOCUMENTS sufficient to show each Baseband Processor incorporated in each APPLE

10  ACCUSED PRODUCT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172**:

12      Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the

13  extent it is overly broad and unduly burdensome and to the extent it seeks information that is

14  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple

15  objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

16  Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

17  that it purports to impose a duty on Apple to identify a comprehensive set of discrete products

18  that Samsung asserts have functionality that come within the scope of any claim of the Samsung

19  Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

20  the extent it includes products that are not made, used, offered for sale, or sold in the United

21  States.  For purposes of responding to this Request, Apple interprets the term "APPLE

22  ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

23  Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

24      Subject to and without waiving the foregoing General and Specific Objections, Apple has

25  produced or will produce responsive, non-privileged documents in its possession, custody, or

26  control located after a reasonable search that are sufficient to show to the requested information.

27  **REQUEST FOR PRODUCTION NO. 173:**

28  

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
THIRD SET OF REQUESTS FOR PRODUCTION
37      Case No. 12-cv-00630 (LHK)

1    All technical DOCUMENTS describing the structure, function, and/or operation of each

2  Baseband Processor used in each APPLE ACCUSED PRODUCT.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173**:

4    Apple objects to this request on grounds that it is overly broad, unduly burdensome, and

5  not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as

6  this request seeks documents describing functionality not identified by Samsung in its

7  Infringement Contentions.  Apple objects to Samsung's definition of "APPLE ACCUSED

8  PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks

9  information that is neither relevant nor reasonably calculated to lead to the discovery of

10  admissible evidence.  Apple objects to Samsung's definition of "APPLE ACCUSED

11  PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition of "APPLE

12  ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a

13  comprehensive set of discrete products that Samsung asserts have functionality that come within

14  the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the definition of

15  "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used,

16  offered for sale, or sold in the United States.  For purposes of responding to this Request, Apple

17  interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are

18  specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

19  Contentions, served on June 15, 2012.  Apple objects to the extent that this request seeks

20  confidential documents of third parties in Apple's possession; to the extent Apple produces such

21  documents, it will do so after providing notice and receiving consent from such third parties.

22    Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce responsive, non-privileged documents in its possession, custody, or

24  control, if any, located after a reasonable search regarding the accused functionality as identified

25  by Samsung in its Infringement Contentions..

26  **REQUEST FOR PRODUCTION NO. 174:**

27

28

1    All software, including executable software, used to operate or enable the function of

2    every Baseband Processor incorporated into each APPLE ACCUSED PRODUCT, whether

3    stored on the Baseband Processor itself or in external memory.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 174**:

5    Apple objects to this request as vague, ambiguous, and unintelligible, in particular with

6    respect to the use of the phrase "function of every Baseband Processor" and the term "external

7    memory." Apple also objects to this request on grounds that it is overly broad, unduly

8    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

9    especially insofar as it seeks "All Software."  Apple objects to Samsung's definition of "APPLE

10   ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the

11   extent it seeks information that is neither relevant nor reasonably calculated to lead to the

12   discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

13   ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

14   of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

15   identify a comprehensive set of discrete products that Samsung asserts have functionality that

16   come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

17   definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

18   made, used, offered for sale, or sold in the United States.  For purposes of responding to this

19   Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

20   that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

21   Contentions, served on June 15, 2012.  Apple objects to the extent that this request seeks

22   confidential documents of third parties in Apple's possession; to the extent Apple produces such

23   documents, it will do so after providing notice and receiving consent from such third parties.

24   Subject to and without waiving the foregoing General and Specific Objections, Apple is

25   willing to meet and confer to discuss the meaning, scope, and relevance of Samsung's request.

26   **REQUEST FOR PRODUCTION NO. 175:**

27

28

1    All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

2   including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

3   with 3GPP Release 6 protocols or later, including but not limited to 3GPP TS 25.321 v6.6.0 or

4   3GPP TS 25.331 v6.6.0.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 175**:

6    Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and

7   because they do not describe with reasonable particularity the documents sought.  Apple further

8   objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

9   calculated to lead to the discovery of admissible evidence.  Apple also objects to this request to

10  the extent that it seeks the production of documents that are protected from discovery by the

11  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

12  any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's definition of

13  "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and

14  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

15  discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

16  ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

17  of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

18  identify a comprehensive set of discrete products that Samsung asserts have functionality that

19  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

20  definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

21  made, used, offered for sale, or sold in the United States.  For purposes of responding to this

22  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

23  that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

24  Contentions, served on June 15, 2012.

25   Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control, if any, located after a reasonable search as discussed in more detail above.

28

1  **REQUEST FOR PRODUCTION NO. 176:**

2      All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

3  including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

4  with 3GPP Release 5 protocols or later, including but not limited to 3GPP TR 21.905 v5.8.0.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176**:

6      Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and

7  because they do not describe with reasonable particularity the documents sought.  Apple further

8  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

9  calculated to lead to the discovery of admissible evidence.  Apple also objects to this request to

10  the extent that it seeks the production of documents that are protected from discovery by the

11  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

12  any other applicable privilege, doctrine, or immunity.  Apple objects to Samsung's definition of

13  "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and

14  to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the

15  discovery of admissible evidence.  Apple objects to Samsung's definition of "APPLE

16  ACCUSED PRODUCTS" as vague and ambiguous.  Apple also objects to Samsung's definition

17  of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

18  identify a comprehensive set of discrete products that Samsung asserts have functionality that

19  come within the scope of any claim of the Samsung Patents-In-Suit.  Apple further objects to the

20  definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

21  made, used, offered for sale, or sold in the United States.  For purposes of responding to this

22  Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products

23  that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

24  Contentions, served on June 15, 2012.

25      Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control, if any, located after a reasonable search as discussed in more detail above.

28

1  **REQUEST FOR PRODUCTION NO. 177:**

2       All DOCUMENTS RELATING TO the compliance of the APPLE ACCUSED

3  PRODUCTS with technical specifications for systems utilizing WCDMA, GSM, or UMTS,

4  including, but not limited to, source code, hardware code, user manuals, service manuals,

5  training materials, programming guides, data sheets, schematics, drawings, figures, design

6  materials, packaging materials, marketing materials, and licensing agreements.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

8       Apple objects to the phrases "relating to," "compliance, and "technical specifications for

9  systems utilizing WCDMA, GSM, or UMTS" as vague and ambiguous, and because they do not

10 describe with reasonable particularity the documents sought.  Apple further objects to this

11 request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

12 lead to the discovery of admissible evidence, especially insofar as it seeks documents pertaining

13 to portions of standards to which the Samsung Patents-In-Suit are not declared essential.  Apple

14 also objects to this request to the extent that it seeks the production of documents that are

15 protected from discovery by the attorney-client privilege, work product doctrine, joint defense or

16 common interest privilege, or any other applicable privilege, doctrine, or immunity.  Apple

17 objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

18 broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

19 reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to

20 Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple

21 also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it

22 purports to impose a duty on Apple to identify a comprehensive set of discrete products that

23 Samsung asserts have functionality that come within the scope of any claim of the Samsung

24 Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

25 the extent it includes products that are not made, used, offered for sale, or sold in the United

26 States.  For purposes of responding to this Request, Apple interprets the term "APPLE

27

28

1    ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

2    Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

3           Subject to and without waiving the foregoing General and Specific Objections, Apple is

4    willing to meet and confer to discuss the scope and relevance of the documents sought by

5    Samsung.

6    **REQUEST FOR PRODUCTION NO. 178:**

7           DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

8    PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

9    the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules,

10   stations, or systems supporting WCDMA, GSM, or UMTS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 178**:

12          Apple objects to this request as overly broad, unduly burdensome, and not reasonably

13   calculated to lead to the discovery of admissible evidence, including without limitation because it

14   seeks documents regarding components and/or functionality not at issue in this lawsuit.  Apple

15   objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

16   broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

17   reasonably calculated to lead to the discovery of admissible evidence.  Apple objects to

18   Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.  Apple

19   also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it

20   purports to impose a duty on Apple to identify a comprehensive set of discrete products that

21   Samsung asserts have functionality that come within the scope of any claim of the Samsung

22   Patents-In-Suit.  Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

23   the extent it includes products that are not made, used, offered for sale, or sold in the United

24   States.  For purposes of responding to this Request, Apple interprets the term "APPLE

25   ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in

26   Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

27

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2 produced or will produce responsive, non-privileged documents in its possession, custody, or

3 control, if any, located after a reasonable search as discussed in more detail above.

4 **REQUEST FOR PRODUCTION NO. 179:**

5    All DOCUMENTS, if any, that YOU contend are RELATED TO whether the

6 SAMSUNG PATENTS are essential to one or more of the WCDMA, GSM, or UMTS standards.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 179**:

8    Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

9 describe with reasonable particularity the documents sought. Apple objects to this request as

10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

11 admissible evidence insofar as it seeks documents unrelated to the Technical Specifications or

12 specific portions of standards identified by Samsung in its Infringement Contentions. Apple also

13 objects to this request to the extent that it purports to require the production of documents and

14 things protected from disclosure by the attorney-client privilege, attorney work product doctrine,

15 joint defense or common interest privilege, or any other applicable privilege, doctrine, or

16 immunity.

17    Subject to and without waiving the foregoing General and Specific Objections, Apple has

18 produced or will produce responsive, non-privileged documents in its possession, custody, or

19 control, if any, located after a reasonable search as discussed in more detail above.

20 **REQUEST FOR PRODUCTION NO. 180:**

21    All DOCUMENTS RELATING TO the modification or customization of any software of

22 any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including

23 but not limited to modification performed by APPLE or at APPLE's direction.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 180**:

25    Apple objects to the phrases "relating to," "modification," and "customization" as vague

26 and ambiguous, and because they do not describe with reasonable particularity the documents

27 sought.  Apple further objects to this request on grounds that it is overly broad, unduly

28

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

2  especially insofar as it seeks documents relating to the "modification or customization" of any

3  software unrelated to any accused functionality.   Apple objects to the extent that this request

4  seeks confidential documents of third parties in Apple's possession; to the extent Apple produces

5  such documents, it will do so after providing notice and receiving consent from such third

6  parties.

7          Subject to and without waiving the foregoing General and Specific Objections, Apple has

8  produced or will produce responsive, non-privileged documents in its possession, custody, or

9  control describing "modification or customization" of software for the accused functionality, if

10  any, located after a reasonable search as discussed in more detail above.

11  **REQUEST FOR PRODUCTION NO. 181:**

12          All DOCUMENTS prepared by or at the direction of any Baseband Processor

13  manufacturer or supplier RELATED TO the functionality of any Baseband Processor

14  incorporated or used in an APPLE ACCUSED PRODUCT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181**:

16          Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

17  describe with reasonable particularity the documents sought. Apple further objects to this request

18  on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to

19  the discovery of admissible evidence, especially insofar as this request seeks documents

20  describing functionality other than that set forth by Samsung in its Infringement Contentions.

21  Apple objects to the extent that this request seeks confidential documents of third parties in

22  Apple's possession; to the extent Apple produces such documents, it will do so after providing

23  notice and receiving consent from such third parties.

24          Subject to and without waiving the foregoing General and Specific Objections, Apple has

25  produced or will produce responsive, non-privileged documents in its possession, custody, or

26  control describing accused functionality, if any, located after a reasonable search as discussed in

27  more detail above.

28

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the Baseband Processor or the software used therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Apple objects to the phrases "reflecting" and "relating to" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.. Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks documents describing functionality other than that set forth by Samsung in its Infringement Contentions. Apple further objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple objects to the extent that this request seeks confidential documents of third parties in Apple's possession; to the extent Apple produces such documents, it will do so after providing notice and receiving consent from such third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control describing accused functionality, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Apple objects to the phrases "related to" and "compliance"  as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought.  Apple further

1   objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

2   calculated to lead to the discovery of admissible evidence, especially insofar as it seeks

3   documents describing functionality not set forth by Samsung in its Infringement Contentions.

4   Apple further objects to this request to the extent that it seeks the production of documents that

5   are protected from discovery by the attorney-client privilege, work product doctrine, joint

6   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

7        Subject to and without waiving the foregoing General and Specific Objections, Apple has

8   produced or will produce responsive, non-privileged documents in its possession, custody, or

9   control describing testing of accused functionality, if any, located after a reasonable search as

10  discussed in more detail above.

11  **REQUEST FOR PRODUCTION NO. 184:**

12       All DOCUMENTS RELATED TO the transmission of images, video, audio, messages,

13  and addresses by the APPLE ACCUSED PRODUCTS, including by email or multimedia

14  message.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184**:

16       Apple objects to the phrase "related to" as vague and ambiguous, and because they do not

17  describe with reasonable particularity the documents sought.  Apple objects to this request on

18  grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably

19  calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks

20  documents describing functionality not set forth by Samsung in its Infringement Contentions.

21       Subject to and without waiving the foregoing General and Specific Objections, Apple has

22  produced or will produce responsive, non-privileged documents in its possession, custody, or

23  control describing accused functionality, if any, located after a reasonable search as discussed in

24  more detail above.

25  **REQUEST FOR PRODUCTION NO. 185:**

26

27

28

**REQUEST FOR PRODUCTION NO. 236:**

All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence any standard-setting organization, including, without limitation, ETSI, with respect to rules or policy regarding ESSENTIAL patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

Apple objects to the phrase "referring or relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple further objects to this request to the extent it seeks production of documents that are protected from discovery by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance of the documents sought by Samsung.

Dated:  September 10, 2012

     /s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100


William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000


JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com

1

GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and*
*Counterclaim-Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I, Michael Silhasek, hereby certify that on this 10th day of September, 2012, I did cause

Plaintiff and Counterclaim-Defendant Apple Inc.'s Objections and Responses to Samsung's

Third Set of Requests for Production to be served on the following listed below and in the

manner so indicated.

**By Electronic Mail**

Kevin P.B. Johnson
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Michael F. Peng
Jeanine M. Zalduendo
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com
michaelpeng@quinnemanuel.com
jeaninezalduendo@quinnemanuel.com

John M. Caracappa
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  (202) 429-3000
jcaracap@steptoe.com

Dated:  September 10, 2012                    /s/ Michael Silhasek
                                          Michael Silhasek