# EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

March 25, 2013

<u>Via Electronic Mail</u>

Rod Stone
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, Massachusetts 02109

Re: Apple Inc. v. Samsung Elecs. Co., Ltd., Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write to follow up on the parties' March 21, 2013 non-lead trial counsel meet and confer held at Gibson Dunn's Los Angeles office regarding issues raised by both Samsung and Apple, and to confirm certain agreements made at that meeting. The Samsung discovery issues that were discussed by the parties are detailed below generally in the order in which they were raised at the meet and confer. Where Samsung does not state a position concerning a proposal from Apple, Samsung is considering Apple's position and will respond at a later date. Any proposals offered by Samsung below are offered in the spirit of cooperation and compromise and without waiving Samsung's right to seek further relief.

**Apple's Continuing Deficient Inventor Productions**

Apple confirmed it has produced all custodial documents related to inventor Keith Mortensen. Apple also confirmed it has now produced all custodial documents related to inventor Ken Kocienda. Apple is ascertaining new dates for Mr. Kocienda's deposition.

Apple stated that it has produced all custodial documents for Scott Forstall, subject to its stated

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

02198.51990/5229502.3

objections to Samsung's Requests for Production. Apple stated its position, since confirmed by letter, that the documents requested by Samsung in its March 18, 2013 letter (including documents concerning Mr. Forstall's termination from Apple), "have no relevance to this case." The parties are at impasse on this issue.

### Apple's Source Code Printer

Samsung pointed out that, in apparent violation of the Protective Order in this case, Apple has not provided a functional printer for review of its source code for at least the past six weeks. Apple disagreed that the lack of a printer was a violation of the Protective Order but stated that it will hook up the source code printer. Apple also plans to provide a second printer.

### Anticipation/Obviousness Interrogatories (Samsung's Third Set of Interrogatories, No. 26; and Apple's Fifth Set of Interrogatories, Nos. 37 and 38)

Both parties propounded reciprocal interrogatories seeking the legal and factual bases for each parties' contentions as to why each asserted claim of the patents in suit is not invalid under 35 U.S.C. §§ 102, 103 and/or 112. *See* Samsung's Third Set of Interrogatories, Interrogatory No. 26, and Apple's Fifth Set of Interrogatories, Interrogatory Nos. 37 and 38.

The parties discussed supplementing their respective responses to these interrogatories. Samsung proposed that each party prepare a supplemental response that contains only anticipation (102) references, but not obviousness (103) references.

Apple proposed that each side supplement its responses to contain only three references, whether related to anticipation or obviousness. Each party will tell the other side which references it wants a response on. Samsung agreed to let Apple know at the next discussion regarding the interrogatories currently scheduled for Friday, March 29, 2013 if it could agree to Apple's proposal.

### Apple's Conception and Reduction to Practice Documents

Both sides will confirm completion of production of conception and reduction to practice documents by April 10, 2013. Each side reserves the right to supplement production if more documents are discovered.

### Qualcomm Documents and Source Code

The parties discussed Apple's deficient document production and production of source code related to Qualcomm baseband chips in the Apple accused products. Samsung raised these issues in its February 28, 2013 letter, related to Samsung's Third Set of Requests for Production of Documents (including at least Request Nos. 159-164, 173-178 and 182) and the missing relevant source code in Apple's Production of Qualcomm Source Code.

Apple stated that its position on production continues to be that if Qualcomm code relates to an accused function, it will be produced. Apple stated that it will supplement its production,

pursuant to these parameters, by April 10, 2013.  Apple also stated that it has a production of Qualcomm documents that are ready to be produced, pending permission from Qualcomm.

Finally, Apple stated that it will not produce "all" Qualcomm code because Apple's position is that "all" code is not relevant.  Apple is providing the code that relates to accused functionality.  The parties are at impasse on this issue.

**Apple Source Code**

The parties discussed Apple's ongoing deficiencies with regard to Apple's production of source code, specifically those issues raised by Mr. Thakur's March 9, 2013 letter to Mr. Pettit.  Apple took the same position regarding its own source code as it did with the Qualcomm code – by stating that it is providing code that is "representative" of all versions, but that it is not willing to provide full source code for all versions.

Samsung explained its position regarding the need for full source code, noting that Samsung's source code reviewers frequently find that within the code Apple *has* made available are multiple references to other source code files, which Apple has not made available.  The process for Samsung to request these additional source code files in order to conduct a proper and complete review, and for Apple to subsequently make the files available if it agrees to do so, has proven unworkable.  Further, and though Apple contends that the versions it has selected for inspection are "representative" of all other versions, Samsung is entitled to test Apple's assertion.  Apple's refusal to make all versions of iOS and Mac OS X available for inspection has made this impossible.

Apple stated that it will put its position in writing by Friday, March 29, 2013 but it did not believe that it would commit to provide the full code for any version.

**Documents and Things Relating to Newton and Continuation of Capps Deposition**

Apple stated it will confirm by Friday, March 29, 2013 that it will either complete its production of Newton documents by April 5, 2013, or provide a new date certain for completion.  Samsung will respond regarding the resumption of Mr. Capps' deposition once it has reviewed the forthcoming documents.  Samsung is reserving all rights as to this issue.

**Documents and Things Relating to Borland Software**

Apple will confirm in writing that it has completed production of Borland documents.

**"Technological Nexus" Issue**

The parties discussed various requests for production propounded by Samsung that seek documents and things related to other litigation in which Apple was a party, and which Samsung believes has a "technological nexus" to this litigation that requires such documents to be produced.  *See* Samsung's Second Set of Requests for Production, RFP Nos. 61 and 116; Samsung's Eighth Set of Requests for Production, RFP Nos. 350-363; and Samsung's Eleventh Set of Requests for Production, RFP Nos. 597-605 and 620-628.

Apple has agreed to produce documents related to cases having a "technological nexus" with the present case. The parties disagree, however, on whether certain cases have the appropriate "technological nexus." *See* Samsung's letters dated March 1, 2013 (discussing Samsung's Second Set of RFPs); March 5, 2013 (discussing Samsung's Eighth Set of RFPs), and March 3, 2013 (discussing Samsung's Eleventh Set of RFPs).

Regarding Samsung's Second Set of RFPs, Samsung seeks documents related to five cases listed in its March 1, 2013 letter as having a "technological nexus" to this case. Apple stated its position that those five cases all deal with touch sensitivity but not touch sensitivity "to perform unlock functions," and, thus, do not fall within the definition of "technological nexus" as previously agreed to by the parties.

Samsung's Eighth Set of RFPs seek documents related to the *VirnetX* litigation. Apple stated that it is maintaining its objections and its refusal to produce documents. Apple's position is that just because Facetime was accused in *VirnetX* litigation does not make it relevant here.

Samsung's Eleventh Set of RFPs seek documents related to the ITC Investigation No. 337-TA-701 and the ITC Investigation No. 337-TA-703. Apple takes the same position as above—it does not believe this litigation is relevant and it will not compromise. Subsequent to the March 21, 2013 meet and confer, Samsung received letters on March 22, 2013 wherein Apple provided written confirmation of the positions stated above. Samsung believes the parties are at impasse.

**Apple Document Production**

The parties discussed various deficiencies related to Apple's document production in this case. Apple stated that it will respond in writing to Samsung's letters of March 12, 2013 (requesting that Apple produce technical documents related to new products) and March 13, 2013 (requesting that Apple produce software and design documents). Apple stated that it is producing documents, limited to accused features and accused functionality. (Samsung subsequently received Apple's letter dated March 21, 2013 addressing these issues).

Samsung requested that Apple agree to produce all documents related to a particular 30(b)(6) topic at least 10 days in advance of the 30(b)(6) deposition for the witness designated to testify on that topic. Apple stated that it cannot agree to do so. The suggestion was made that both sides come up with a set of materials that each can agree to produce to prepare for upcoming 30(b)(6) depositions. Samsung agreed to consider a proposal as to what kinds of documents it wants on that list.

**Apple's Deficiency Related to Production of Unreadable Sherlock Code**

The parties discussed the unreadable Sherlock files that Apple has made "available" on its source code review computers. Apple confirmed that the unreadable files identified by Samsung are, in fact, source code under the terms of the protective order. Apple also confirmed it does not know how to access this source code, and has not installed a tool to review these files, as required under the terms of the protective order. Samsung is preparing a separate letter to address this issue.

**Issues Related to the Parties' 30(b)(6) Deposition Topics**

1. Apple agreed to provide Samsung with objections to Samsung's Fourth and Fifth 30(b)(6) notices on Monday, March 25, 2013.

2. Apple confirmed that it will designate a witness for each of its asserted patents for topics 1(a)-(f) and 1(h)-(k) from Samsung's Third Amended 30(b)(6) Notice, subject to Apple's objections.

3. Apple and Samsung will consider dropping topic 1(l) from Samsung's Third Amended 30(b)(6) Notice and topic 6 from Apple's Third 30(b)(6) Notice related to the prosecution of the asserted patents. The parties will inform each other of their positions by the end of next week.

4. Apple and Samsung will consider dropping topics 1(m), 1(n) and 1(g) from Samsung's Third Amended 30(b)(6) Notice and topics 7,8, and 14 from Apple's Third 30(b)(6) Notice related to novelty, level of ordinary skill in the art, and best mode/preferred embodiment of the asserted patents. The parties will inform each other of their positions by the end of next week.

5. Apple and Samsung will consider dropping topics 2-5 from Samsung's Third Amended 30(b)(6) Notice and topics 20-39 from Apple's Third 30(b)(6) notice related to foreign counterparts and will inform each other of their positions by the end of next week.

6. Apple and Samsung will consider dropping topic 1(d) from Samsung's Third Amended 30(b)(6) Notice and topic 12 from Apple's Third 30(b)(6) Notice related to prior art known to the inventors.

7. Samsung will consider whether it will designate a witness regarding topics 17-19 of Apple's Third 30(b)(6) Notice and will inform Apple of its decision.

8. Apple will provide proposed limiting language related to topics 1(h) and 1(f) from Samsung's Third Amended 30(b)(6) Notice and topics 15 and 13 from Apple's Third 30(b)(6) notice.

9. Both parties will attempt to begin designating witnesses and providing dates for 30(b)(6) depositions by Friday, March 29, 2013.

**Apple's Objections and Responses to Samsung's Ninth Set of Requests for Production**

Samsung pointed out that Apple has not yet responded to its March 13, 2013 letter from Scott Watson regarding Apple's objections and responses to Samsung's Ninth Set of RFPs. Apple implied that there might be some middle ground it could suggest regarding the parties' reciprocal financial document production, but did not make a proposal. Samsung invited Apple to do so. In any event, Samsung stated that it will not agree to accept merely what was produced in 1846

litigation, as that information was geared towards summaries. Samsung seeks the documents and information that underlie the summary information.

**MISCELLANEOUS ISSUES**

**Production of Conception/Reduction to Practice Documents**

Apple raised the issue of completeness of Samsung's document production regarding conception and reduction to practice for the '058, '179 and '470 patents. Samsung confirmed that its production is complete, though Samsung reserves its right to supplement its production if additional documents are discovered. Apple requested, and Samsung agreed, to provide the bates numbers for these conception and reduction to practice documents. Samsung will do so in its cover document to be concurrently served with Samsung's amended infringement contentions. The foregoing also constitutes Samsung's response to Apple's letter dated March 19, 2013 on this same subject.

**Document Production Related to '239 Patent**

Apple also raised the issue of the completeness of Samsung's document production regarding the '239 patent. In response, Samsung stated that it had conducted a reasonably diligent search and produced all responsive, non-privileged documents requested by Apple relating to the '239 patent. Accordingly, Samsung's production is complete, though Samsung reserves its right to supplement its production if additional documents are discovered.

With respect to documents relating to the *Computerized* litigation, Samsung noted that case is nearly 20 years old and Samsung continues to contend that such documents are not relevant to this case. Nonetheless, and in the spirit of compromise, Samsung has not withheld any documents on this ground and all such documents, to the extent they came into Samsung's possession, would have been produced.

Lastly, Samsung noted that to the extent privileged documents relating to the '239 patent have not been logged, Samsung will log them consistent with the parties' Stipulation regarding Electronic Discovery. The foregoing responds to Apple's letter dated March 18, 2013 on this same subject.

**SCHEDULING ISSUES**

- On Wednesday March 27, 2013 at 1:30 pm Pacific time, the parties will continue their discussion of both sides' 30(b)(6) topics.

- On Friday, March 29, 2013 at 11:00 am Pacific time, the parties will continue their telephonic discussion of interrogatories, including Apple Interrogatory Nos. 28-29, and Samsung's and Apple's Interrogatories listed in the parties' agenda letters dated March 20, 2013 that have not yet been discussed.

- The parties will reconvene telephonically regarding the rest of the Requests for Production that were listed in the parties' March 20, 2013 agenda letters but were not included in the March 21, 2013 discussion. The date and time of this telephonic meet and confer is to be determined, but the parties have agreed that it is to occur during the week of April 1, 2013.

- The parties agreed to work to schedule the next lead counsel meet and confer which, in any event, is to take place no later than April 24, 2013.

If Apple's understanding of any of the foregoing issues differs, please let us know immediately.

Very truly yours,

Amar L. Thakur