# EXHIBIT 21

1   DAVID H. DOLKAS (State Bar No. 111080)
    ddolkas@mwe.com
2   McDERMOTT WILL & EMERY LLP
    275 Middlefield Road
3   Suite 100
    Menlo Park, CA  94025-4004
4   Telephone:     +1 650 815 7400
    Facsimile:     +1 650 815 7401
5
    BRETT E. BACHTELL
6   bbachtell@mwe.com
    McDERMOTT WILL & EMERY LLP
7   227 West Monroe Street
    Suite 4400
8   Chicago, IL 60606-5055
    Telephone:     +1 312 372 7000
9   Facsimile:     +1 312 984 7700

10  Attorneys for Non-Party
    QUALCOMM INCORPORATED
11

12              **UNITED STATES DISTRICT COURT**

13                          **FOR THE**

14          **SOUTHERN DISTRICT OF CALIFORNIA**

15

16  APPLE INC.,                    )   Case No. 12-cv-00630-LHK (N.D. Cal.)
                                   )
17          Plaintiff,             )   **NON-PARTY QUALCOMM**
                                   )   **INCORPORATED'S RESPONSES AND**
18          v.                     )   **OBJECTIONS TO SAMSUNG**
                                   )   **ELECTRONICS CO., LTD'S SUBPOENA**
19  SAMSUNG ELECTRONICS CO., LTD., )   **FOR DOCUMENTS**
                                   )
20          Defendant.             )
                                   )
21  ─────────────────────────────  )

22              **PRELIMINARY STATEMENT**

23          Qualcomm Incorporated ("Qualcomm"), a non-party to this dispute, provides the

24  following objections and responses to the Subpoena to Produce Documents, Information, or

25  Objects in a Civil Action (the "Subpoena") served by Defendant Samsung Electronics Co., Ltd.,

26  ("Samsung").

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## GENERAL OBJECTIONS

1.     Qualcomm, below, sets forth its General Objections to Samsung's Subpoena. These General Objections apply to each and every document request whether or not they are specifically set forth in the objections and responses to each such document request.  Qualcomm's General Objections are based solely on the information that is presently available and specifically known to Qualcomm.

2.     Qualcomm's objections and responses are made without in any way waiving or intending to waive, but, on the contrary, preserving and intending to preserve: (1) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; (2) the right to object on any ground to the use of said objections and responses, or the subject matter thereof, in any subsequent proceeding in or in the trial of this or any other action; and (3) the right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of this subpoena.

3.     Qualcomm objects to the instructions and document requests to the extent they attempt to impose obligations extending beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California.  Qualcomm also objects to the extent that the Definitions and Instructions are overly broad, unduly burdensome, and vague and ambiguous.  Qualcomm will respond to Samsung's document requests only to the extent required by the Rules.

4.     Qualcomm objects to these document requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection.  Qualcomm hereby asserts all such applicable privileges, immunities, and protections, and excludes privileged, immune, and protected

information from its responses to these document requests.  Any disclosure of privileged, immune, or protected information is inadvertent and shall not be deemed a waiver of any privilege, immunity, or protection.

5.      Qualcomm objects to these document requests to the extent that they purport to require that Qualcomm produce documents by a date certain.  Qualcomm will conduct a reasonable investigation to identify and produce documents responsive to these document requests as soon as reasonably practicable.

6.      Qualcomm objects to these document requests to the extent they seek information that is not relevant to the issues in this case, or is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Qualcomm objects to these document requests to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or require the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

8.      Qualcomm objects to these document requests as imposing undue expense on a non-party to this dispute, and as unduly burdensome and irrelevant to the action, especially to the extent they may purport to require testimony about documents or information that requires a search and production from electronic mail systems.

9.      Qualcomm objects to these document requests to the extent that they may purport to require testimony about documents or information, either electronically stored or stored in hard copy, that is not readily accessible.

10.      Qualcomm objects to these document requests to the extent they call for information not in the possession, custody, or control of Qualcomm.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

11.     Qualcomm objects to these document requests to the extent they call for information already in Samsung's possession, custody or control, information that is publicly available, or information that has not first been sought from parties to this dispute or that is equally available from parties to this dispute.

12.     Qualcomm objects to these document requests to the extent that they seek the disclosure or documents about information that Qualcomm is not permitted to disclose pursuant to confidentiality obligations or agreements with parties and/or non-parties to this action.

13.     Qualcomm objects to these document requests to the extent that they seek the disclosure or documents about confidential information that is not relevant to this action, including, but not limited to, confidential business information, proprietary and/or competitively sensitive information, and trade secrets.

14.     Qualcomm generally objects to the scope of the document requests to the extent that they would seek information beyond that regarding any current products that are at issue in this case and have been sold by the plaintiff or to the defendant, as opposed to any other products that are not relevant.

15.     Qualcomm objects to these document requests to the extent they call for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.

16.     Qualcomm objects to these document requests to the extent they seek information protected by constitutional, statutory and/or common law rights to personal privacy and confidentiality.

17.     Qualcomm objects generally to the protective order stipulated to by the parties to this action and submits that the Protective Order as agreed to by the parties is deficient and would not adequately protect Qualcomm's confidential business information, including sensitive

technical documents and source code, from certain potential disclosure and/or misuse. Qualcomm will continue to meet and confer with the parties to this action in an attempt to reach a stipulation supplementing the Protective Order.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

18.     Qualcomm objects to the term "Qualcomm" as vague, ambiguous, and overly broad in that it purports to seek documents and information beyond the custody and control of Qualcomm Incorporated.

19.     Qualcomm objects to the terms "you" and "your" as vague, ambiguous, and overly broad in that they purport to seek documents beyond the custody and control of Qualcomm Incorporated.

20.     Qualcomm objects to the terms "Apple" and "Plaintiff" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

21.     Qualcomm objects to the terms "Samsung" and "Defendants" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

22.     Qualcomm objects to the terms "Software" and "Related Documentation" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Software" to the extent it calls for disclosure of highly confidential and competitively sensitive information, including source code, object code, firmware, compiled code, byte code, interpreted code, or any form of code stored in any storage or code, absent an appropriate protective order and an escrow agreement governing the proper handling of code, as well as other appropriate protections.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Qualcomm cannot provide any such disclosures until such appropriate protections of its highly confidential and competitively sensitive information are in place.

23.     Qualcomm objects to the terms "Executable Software" and "Related Documentation" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Executable Software" to the extent it calls for disclosure of highly confidential and competitively sensitive information, including source code, object code, firmware, compiled code, byte code, interpreted code, or any form of code stored in any storage or code, absent an appropriate protective order and an escrow agreement governing the proper handling of code, as well as other appropriate protections.  Qualcomm cannot provide any such disclosures until such appropriate protections of its highly confidential and competitively sensitive information are in place.

24.     Qualcomm objects to the term "Hardware" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Hardware" to the extent it calls for disclosure of highly confidential and competitively sensitive information absent an appropriate protective order and an escrow agreement governing the proper handling of code, as well as other appropriate protections.  Qualcomm cannot provide any such disclosures until such appropriate protections of its highly confidential and competitively sensitive information are in place.

25.     Qualcomm objects to the term "Related Patent/Application" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to this term to the extent that it seeks testimony on patents and/or applications not at issue in the current action.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

26.     Qualcomm objects to the terms "Apple Accused Instrumentality" and "Apple Accused Instrumentalities" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it calls for information regarding components used in products not at issue in the current action and/or sold outside the United States.

27.     Qualcomm objects to the term "Apple Manufacturer(s)" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it requests information regarding non-parties to this action.

28.     Qualcomm objects to the term "Qualcomm Baseband Processor(s)" as vague ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it calls for information regarding circuits, chips, or processors not used in any of the accused products in the current action.

29.     Qualcomm objects to the term "Wireless Standard(s)" as overly broad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Also, the phrase "any wireless standard or wireless technical specifications" renders the definition and all requests in which the term appears overly broad, vague, ambiguous, and unintelligible, and would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.  Further, standards and protocols include hundreds of sections.  Samsung fails to describe or explain any particular relevant section to which any of its deposition topics are directed.  Apple presumably does not seek third party discovery concerning the entirety of various standards and protocols and knows the particular sections that it believes are relevant, and the definition is vague, unreasonable and seeks to impose undue burden in that regard.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

30.     Qualcomm objects to the term "Communication(s)" as overly broad and unduly burdensome to the extent the term purports to impose obligations on Qualcomm beyond the requirements of the Rules, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  Qualcomm will respond to the requests in accordance with the Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.  Furthermore, Qualcomm objects to the definition of "Communication(s)" to the extent it incorporates defined terms objected to below, including "Document(s)."

31.     Qualcomm objects to the term "Document(s)" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

32.     Qualcomm objects to the term "identify" as vague, ambiguous, and overly broad in that it purports to seek documents beyond the custody and control of Qualcomm. Qualcomm further objects this term to the extent it requires the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

33.     Qualcomm objects to the term "Person(s)" as vague, ambiguous, and overly broad to the extent that it purports to seek documents and information beyond the custody and control of Qualcomm.

34.     Qualcomm objects to the terms "Any," "all," "every," and "each" as vague, ambiguous, and overly broad to the extent that it purports to seek documents and information beyond the custody and control of Qualcomm. Qualcomm further objects this term to the extent it requires the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules

of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

35.    Qualcomm objects to the terms "and," "or," and "and/or" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

36.    Qualcomm objects to the term "Thing" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

37.    Qualcomm objects to the terms "referring to," "relating to," "concerning" and "regarding" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

38.    Qualcomm objects to Definitions 24-25 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

39.    Qualcomm objects to Instruction 1 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California and to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated.  Qualcomm further objects to this instruction to the extent this instruction calls for information regarding components used in products not at issue in the current action.  Qualcomm also objects to this instruction to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm will respond to the requests in accordance with the Rules, including the

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California.

40.     Qualcomm objections to Instruction 2 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California and to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated.  Qualcomm further objects to this instruction to the extent this instruction calls for information regarding components used in products not at issue in the current action.  Qualcomm also objects to this instruction to the extent it calls for documents and information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm will respond to the requests in accordance with the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California.

41.     Qualcomm objects to Instruction 3 as vague, ambiguous, overly broad  and unduly burdensome.  For example, the phrase "has been destroyed or discarded" is vague and ambiguous.  Qualcomm also objects to Instruction 3 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California and to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated.  For example, if Qualcomm does not have a document in its possession, custody or control, Qualcomm may not know the information requested in Instruction 4.  Qualcomm further objects to this definition to the extent it requires a conclusion or opinion of counsel in violation of the attorney work-product doctrine. Qualcomm also objects to

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

this instruction to the extent it purports to require Qualcomm to search for documents and information without regard to constitutional, statutory and/or common law rights to personal privacy and confidentiality.  Qualcomm further objects to Instruction 4 to the extent that it would require Qualcomm to conduct a document search that would subject Qualcomm to unreasonable annoyance, oppression, burden, and expense.

42.    Qualcomm objects to Instruction 4 to the extent that its subparts seek to require Qualcomm, a non-party, to identify anything other than the specific claim of privilege or work-product being made and the basis for such claim, on the ground that the additional information sought by Samsung would subject Qualcomm to unreasonable and undue annoyance, oppression, burden, and expense, and constitutes information protected from discovery by privilege and as work-product.  Qualcomm further objects to Instruction 4 to the extent it purports to impose obligations on Qualcomm beyond the requirements of the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Southern District of California and any and all other applicable rules.  Qualcomm will respond to the requests in accordance with the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Rules of the Southern District of California.

43.    Qualcomm objects to Instruction 5 to the extent the Protective Order stipulated to by the parties is deficient and may not adequately protect Qualcomm's confidential business information, including testimony about sensitive technical documents and source code from potential disclosure and/or misuse.  Qualcomm will continue to meet and confer with the parties to this action in an attempt to supplement the Protective Order that adequately protects Qualcomm's confidential business information.

44.    Qualcomm objects to Instruction 6 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil

Procedure, the Federal Rules of Evidence, the Local Rules of the Southern District of California, and any and all other applicable rules. Qualcomm objects to this instruction to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated.  For example, if Qualcomm does not have a document in its possession, custody or control, Qualcomm may not know the information requested in Instruction 6.  Qualcomm will respond to the requests in accordance with the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California.

45.     Qualcomm objects to Instruction 7 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California and to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated.  Qualcomm will respond to the requests in accordance with the Rules.

46.     Qualcomm objects to Instruction 8 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California.  Qualcomm will respond to the requests in accordance with the Rules. Qualcomm further objects on the grounds that the requested form of production is burdensome, would impose undue costs and burden on a non-party to this action, and would not facilitate appropriate bates labeling and Protective Order designations.  Qualcomm objects to producing documents in response to this Subpoena in native file format.

47.     Qualcomm objects to Instruction 9 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Procedure, the Federal Rules of Evidence, the Local Rules of the Southern District of California, and any and all other applicable rules. Qualcomm will respond to the requests in accordance with the Rules. Qualcomm further objects on the grounds that the requested form of production is burdensome, would impose undue costs and burden on a non-party to this action, and would not facilitate appropriate bates labeling and Protective Order designations.

48.    Qualcomm objects to Instruction 10 to the extent that it purports to impose obligations broader than those imposed by the Rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Southern District of California and to the extent the instruction is not reasonably limited to documents or information within the possession, custody, and control of Qualcomm Incorporated. Qualcomm will respond to the requests in accordance with the Rules.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to Identify—including the internal and external part name and number, model name or number, manufacturer, source, supplier and any version number—each Qualcomm Baseband Processor sold to or purchased by Apple or Apple Manufacturers, or provided for use in or otherwise known by you to be or intended to be used in an Apple Accused Instrumentality.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, and Objections to Instructions, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases

2   "Documents sufficient to Identify," "source," "supplier," "version number," "Qualcomm

3   Baseband Processor," "Apple," "Apple Manufacturers," "provided for use in," "otherwise known

4   by," "you," and "Apple Accused Instrumentality" as vague and ambiguous.

5

6        Qualcomm objects to this request to the extent it calls for information or documents

7   concerning products that are sold outside the United States, or which have not been

8   commercialized, or which have not been sold to any party to this action. Qualcomm further

9   objects to this request to the extent it requests information regarding components used in products

10  not at issue in the current action. Qualcomm also objects to this request to the extent it calls for

11  information within the public domain or documents and information not in Qualcomm's

12  possession or are equally available and more appropriately obtained from the parties to this

13  action. Qualcomm further objects to this request to the extent it seeks documents or information

14  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

15  defense or any other applicable privileges or protections. Qualcomm also objects to this request

16  the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

17  product doctrine. Qualcomm further objects to this request to the extent it calls for information

18  containing proprietary, confidential, trade secret, and/or private information, and declines to

19  provide any such information that could subject Qualcomm to competitive disadvantage or

20  business injury or violate confidentiality agreements or the privacy interests of individuals.

21

22        Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

23  Qualcomm is not the proper custodian of the information and documents requested in this request

24  and, thus, will not produce documents responsive to this request. Qualcomm will continue to

25  meet and confer with Samsung in order to understand the asserted relevance and narrow the scope

26  of this request and identify the relevant, non-privileged information, if any, Samsung seeks that

cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 2:**

For each Qualcomm Baseband Processor, Documents sufficient to describe the structure, function, and operation of the Qualcomm Baseband Processor, including all specification sheets, datasheets, schematics, technical drawings, pinouts, compliance and testing documentation, manuals, or related technical documentation associated with each Qualcomm Baseband Processor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "each Qualcomm Baseband Processor" "Documents," "sufficient to describe," "structure, function, and operation of," "specification sheets," "datasheets," "schematics," "technical drawings," "pinouts," "compliance and testing documentation," "manuals," and "related technical documentation" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   possession or are equally available and more appropriately obtained from the parties to this

2   action.  Qualcomm further objects to this request to the extent it seeks documents or information

3   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

4   defense or any other applicable privileges or protections.  Qualcomm also objects to this request

5   the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

6   product doctrine.

7

8        Qualcomm further objects to this request to the extent it calls for information containing

9   proprietary, confidential, trade secret, and/or private information, and declines to provide any

10  such information that could subject Qualcomm to competitive disadvantage or business injury or

11  violate confidentiality agreements or the privacy interests of individuals.

12       Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

13  Qualcomm will not produce documents responsive to this request without an appropriate

14  protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will

15  continue to meet and confer with Samsung in order to understand the asserted relevance and

16  narrow the scope of this request and identify the relevant, non-privileged information, if any,

17  Samsung seeks that cannot be obtained from a party to this action.

18

19  **REQUEST FOR PRODUCTION NO. 3:**

20       For each Qualcomm Baseband Processor, Documents sufficient to describe the design,

21  development, manufacture, certification, and testing of the Qualcomm Baseband Processor,

22  including documentation created during the conception, design, development, research, testing,

23  simulation, reduction to practice, fabrication, manufacturing, packaging, certification, and

24  analysis of each Qualcomm Baseband Processor.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

27       In addition to its General Objections to Document Requests and Deposition Topics,

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

2   which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

3   it is overly broad, unduly burdensome, vague, and ambiguous.   Qualcomm also objects to this

4   request to the extent that it calls for information and/or documents that are neither relevant nor

5   reasonably calculated to lead to the discovery of admissible evidence.   Qualcomm also objects to

6   the terms and phrases "Qualcomm Baseband Processor," "Documents," "sufficient to describe the

7   design, development, manufacture, certification, and testing of," "documentation created,"

8   "conception," "simulation," "reduction to practice," "fabrication," "packaging," "certification,"

9   and "analysis" as vague and ambiguous.

10      Qualcomm objects to this request to the extent it calls for information or documents

11  concerning products that are sold outside the United States, or which have not been

12  commercialized, or which have not been sold to any party to this action.   Qualcomm further

13  objects to this request to the extent it requests information regarding components used in products

14  not at issue in the current action.   Qualcomm also objects to this request to the extent it calls for

15  information within the public domain or documents and information not in Qualcomm's

16  possession or are equally available and more appropriately obtained from the parties to this

17  action.   Qualcomm further objects to this request to the extent it seeks documents or information

18  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

19  defense or any other applicable privileges or protections.   Qualcomm also objects to this request

20  the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

21  product doctrine.

22      Qualcomm further objects to this request to the extent it calls for information containing

23  proprietary, confidential, trade secret, and/or private information, and declines to provide any

24  such information that could subject Qualcomm to competitive disadvantage or business injury or

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm will not produce documents responsive to this request without an appropriate protective order and an agreement to limit any production to a reasonable scope. Qualcomm will continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 4:**

For each Qualcomm Baseband Processor, Documents sufficient to describe the parties involved in the design, development, manufacture, certification, and testing of the Qualcomm Baseband Processor, including any of Qualcomm's subsidiaries, Apple or Apple Manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Qualcomm Baseband Processor" "Documents," "sufficient to describe," "parties involved," "design, development, manufacture, certification, and testing of," "Qualcomm's subsidiaries," "Apple," and "Apple Manufacturers" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1  such information that could subject Qualcomm to competitive disadvantage or business injury or

2  violate confidentiality agreements or the privacy interests of individuals.

3      Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

4  Qualcomm will not produce documents responsive to this request without an appropriate

5  protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will

6  continue to meet and confer with Samsung in order to understand the asserted relevance and

7  narrow the scope of this request and identify the relevant, non-privileged information, if any,

8

9  Samsung seeks that cannot be obtained from a party to this action.

10  **REQUEST FOR PRODUCTION NO. 6:**

11      For each Qualcomm Baseband Processor, all Documents and things relating to any

12  communications with Apple or Apple Manufacturers concerning its design, manufacture, testing,

13  schematics, technical drawings, specifications and/or working drawings.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16      In addition to its General Objections to Document Requests and Deposition Topics,

17  Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

18  which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

19  it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this

20  request to the extent that it calls for information and/or documents that are neither relevant nor

21  reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to

22  the terms and phrases "Qualcomm Baseband Processor," "Documents and things," "relating to

23  any communication," "Apple," "Apple Manufacturers," "concerning," "manufacture," "testing,"

24  "schematics," "technical drawings," "specifications," and "working drawings" as vague and

25

26  ambiguous.

27      Qualcomm objects to this request to the extent it calls for information or documents

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm is not the best source of information and documents requested in this request. Qualcomm will not produce documents for this request because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

For each Qualcomm Baseband Processor, all Documents concerning any certifications of compliance with or support for any wireless standard or technical specification including the Wireless Standards, and any testing with respect to wireless standards or technical specifications compliance including the Wireless Standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "Qualcomm Baseband Processor," "Documents," "concerning," "certifications of compliance with," "including," "support for," "any wireless standard," "technical specification," "Wireless Standards," "testing," and "with respect to" as vague and ambiguous.  Qualcomm further objects to this request to the extent it uses "wireless standard" for a meaning other than that defined for "Wireless Standard(s)" in the Definition No. 14.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm's chips alone are not capable of complying with the standards identified by Samsung for this request and, thus, Qualcomm does not have any information responsive to this request and will not produce documents for this request. Qualcomm will continue to continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

## REQUEST FOR PRODUCTION NO. 8:

For each Qualcomm Baseband Processor, the Software associated, test, sold, distributed, packaged, or integrated with each Qualcomm Baseband Processor along with any Related Documentation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Qualcomm Baseband Processor," "Software," "associated, tested, sold, distributed, packaged, or integrated with," and "Related Documentation" as vague and

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

concerning products that are sold outside the United States, or which have not been

commercialized, or which have not been sold to any party to this action.  Qualcomm further

objects to this request to the extent it requests information regarding components used in products

not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

information within the public domain or documents and information not in Qualcomm's

possession or are equally available and more appropriately obtained from the parties to this

action.  Qualcomm further objects to this request to the extent it seeks documents or information

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing

proprietary, confidential, trade secret, and/or private information, and declines to provide any

such information that could subject Qualcomm to competitive disadvantage or business injury or

violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

Qualcomm will not produce documents responsive to this request without an appropriate

protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will

continue to meet and confer with Samsung in order to understand the asserted relevance and

narrow the scope of this request and identify the relevant, non-privileged information, if any,

Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents provided by Qualcomm to Apple or Apple Manufacturers regarding the

structure, operation, function, or testing of the Qualcomm Baseband Processors, including

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1  documents provided in order to assist Apple or Apple Manufacturers in integrating the Qualcomm

2  Baseband Processors into any Apple Accused Instrumentality.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

4  In addition to its General Objections to Document Requests and Deposition Topics,

5  Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

6  which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

7  it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this

8  request to the extent that it calls for information and/or documents that are neither relevant nor

9  reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to

10  the terms and phrases "Documents provided by" "Qualcomm," "Apple or Apple Manufacturers,"

11  "structure, operation, function, or testing of," "Qualcomm Baseband Processors," "documents

12  provided in order to assist," "integrating," and "Apple Accused Instrumentality" as vague and

13  ambiguous.

14  Qualcomm objects to this request to the extent it calls for information or documents

15  concerning products that are sold outside the United States, or which have not been

16  commercialized, or which have not been sold to any party to this action.  Qualcomm further

17  objects to this request to the extent it requests information regarding components used in products

18  not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

19  information within the public domain or documents and information not in Qualcomm's

20  possession or are equally available and more appropriately obtained from the parties to this

21  action.  Qualcomm further objects to this request to the extent it seeks documents or information

22  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

23  defense or any other applicable privileges or protections.  Qualcomm also objects to this request

24  the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm is not the best source of information and documents requested in this request. Qualcomm will not produce documents for this request because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, Communications, Software, Executable Software, HDL code, and things relating to performing non-scheduled transmissions in the Qualcomm Baseband Processors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "Documents," "Communications," "Software," "Executable Software," "HDL code," "things," "relating to performing," "non-scheduled transmissions," and "Qualcomm Baseband Processors" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

commercialized, or which have not been sold to any party to this action.  Qualcomm further

objects to this request to the extent it requests information regarding components used in products

not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

information within the public domain or documents and information not in Qualcomm's

possession or are equally available and more appropriately obtained from the parties to this

action.  Qualcomm further objects to this request to the extent it seeks documents or information

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing

proprietary, confidential, trade secret, and/or private information, and declines to provide any

such information that could subject Qualcomm to competitive disadvantage or business injury or

violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

Qualcomm will not produce documents responsive to this request without an appropriate

protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will

continue to meet and confer with Samsung in order to understand the asserted relevance and

narrow the scope of this request and identify the relevant, non-privileged information, if any,

Samsung seeks that cannot be obtained from a party to this action.

## REQUEST FOR PRODUCTION NO. 15:

All Documents, Communications, Software, Executable Software, HDL code, and things

relating to transmitting control information for uplink packet data in the Qualcomm Baseband

Processors.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Documents, Communications, Software, Executable Software, HDL code, and things," "relating to," "transmitting," "control information," "uplink packet data," and "Qualcomm Baseband Processors" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action. Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections. Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any

such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm will not produce documents responsive to this request without an appropriate protective order and an agreement to limit any production to a reasonable scope. Qualcomm will continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, Communications, and things related to the Qualcomm baseband Processors' compliance with 3GPP Technical Specification 25.331.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Documents, Communications, and things," "related to," "Qualcomm Baseband Processors," "compliance with," and "3GPP Technical Specification 25.331" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

objects to this request to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm's chips alone are not capable of complying with the standards identified by Samsung for this request and, thus, Qualcomm does not have any information responsive to this request and will not produce documents for this request. Qualcomm will continue to continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents, Communications, and things related to the Qualcomm baseband Processors' compliance with 3GPP Technical Specification 25.321.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2

In addition to its General Objections to Document Requests and Deposition Topics,

3

Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

4

which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

5

it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this

6

request to the extent that it calls for information and/or documents that are neither relevant nor

7

reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to

8

the terms and phrases "Documents, Communications, and things," "related to," "Qualcomm

9

Baseband Processors," "compliance with," and "3GPP Technical Specification 25.321" as vague

10

and ambiguous.

11

Qualcomm objects to this request to the extent it calls for information or documents

12

concerning products that are sold outside the United States, or which have not been

13

commercialized, or which have not been sold to any party to this action.  Qualcomm further

14

objects to this request to the extent it requests information regarding components used in products

15

not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

16

information within the public domain or documents and information not in Qualcomm's

17

possession or are equally available and more appropriately obtained from the parties to this

18

action.  Qualcomm further objects to this request to the extent it seeks documents or information

19

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

20

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

21

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

22

product doctrine.

23

Qualcomm further objects to this request to the extent it calls for information containing

24

proprietary, confidential, trade secret, and/or private information, and declines to provide any

25

26

27

28

such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm's chips alone are not capable of complying with the standards identified by Samsung for this request and, thus, Qualcomm does not have any information responsive to this request and will not produce documents for this request. Qualcomm will continue to continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 18:**

All Communications with or from Apple or Apple Manufacturers regarding the use of testing of Qualcomm Baseband Processors in any Apple Accused Instrumentality

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Communications with or from," "Apple or Apple Manufacturers," "regarding the use or testing of," "Qualcomm Baseband Processors," and "Apple Accused Instrumentality" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

commercialized, or which have not been sold to any party to this action.  Qualcomm further

objects to this request to the extent it requests information regarding components used in products

not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

information within the public domain or documents and information not in Qualcomm's

possession or are equally available and more appropriately obtained from the parties to this

action.  Qualcomm further objects to this request to the extent it seeks documents or information

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

product doctrine.

      Qualcomm further objects to this request to the extent it calls for information containing

proprietary, confidential, trade secret, and/or private information, and declines to provide any

such information that could subject Qualcomm to competitive disadvantage or business injury or

violate confidentiality agreements or the privacy interests of individuals.

      Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

Qualcomm is not the best source of information and documents requested in this request.

Qualcomm will not produce documents for this request because this request is not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:**

      All Communications with or from Apple regarding this Lawsuit, the Apple Accused

Instrumentalities, or the Qualcomm Baseband Processors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

      In addition to its General Objections to Document Requests and Deposition Topics,

Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

1   which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

2   it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this

3   request to the extent that it calls for information and/or documents that are neither relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to

5   the terms and phrases "All communications with or from," "Apple," "regarding," "this Lawsuit,"

6   "Apple Accused Instrumentalities," and "Qualcomm Baseband Processors" as vague and

7   ambiguous.

8

9         Qualcomm objects to this request to the extent it calls for information or documents

10  concerning products that are sold outside the United States, or which have not been

11  commercialized, or which have not been sold to any party to this action.  Qualcomm further

12  objects to this request to the extent it requests information regarding components used in products

13  not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

14  information within the public domain or documents and information not in Qualcomm's

15  possession or are equally available and more appropriately obtained from the parties to this

16  action.  Qualcomm further objects to this request to the extent it seeks documents or information

17  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

18  defense or any other applicable privileges or protections.  Qualcomm also objects to this request

19  the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

20  product doctrine.

21

22

23        Qualcomm further objects to this request to the extent it calls for information containing

24  proprietary, confidential, trade secret, and/or private information, and declines to provide any

25  such information that could subject Qualcomm to competitive disadvantage or business injury or

26  violate confidentiality agreements or the privacy interests of individuals.

27        Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Qualcomm is not the best source of information and documents requested in this request. Qualcomm will not produce documents for this request because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications with or from Apple regarding the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "All communications with or from," "Apple," "regarding," and "Patents-in-Suit" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action. Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections. Qualcomm also objects to this request

information within the public domain or documents and information not in Qualcomm's

possession or are equally available and more appropriately obtained from the parties to this

action.  Qualcomm further objects to this request to the extent it seeks documents or information

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing

proprietary, confidential, trade secret, and/or private information, and declines to provide any

such information that could subject Qualcomm to competitive disadvantage or business injury or

violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

Qualcomm is not the best source of information and documents requested in this request.

Qualcomm will not produce documents for this request because this request is not reasonably

calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

For each Qualcomm Baseband Processor, Documents and things sufficient to identify and

describe any contracts, licenses, agreements, or informal understandings between Qualcomm

(including any Qualcomm subsidiaries) and another, including, without limitation, Apple,

concerning the design, manufacture, testing, assembly, sale and chain of distribution of

Qualcomm Baseband Processors to Apple or Apple Manufacturers

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to its General Objections to Document Requests and Deposition Topics,

Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Qualcomm Baseband Processor," "Documents and things," "sufficient to identify and describe," "contracts, licenses, agreements, or informal understandings between," "Qualcomm (including any Qualcomm subsidiaries) and another, including, without limitation, Apple," "concerning the design, manufacture, testing, assembly, sale and chain of distribution of," and "Apple or Apple Manufacturers" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action. Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections. Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm is not the best source of information and documents requested in this request. Qualcomm will not produce documents for this request because this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

For each Qualcomm Baseband Processor, all sales invoices to Apple or Apple Manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Qualcomm Baseband Processor," "sales invoices," and "Apple or Apple Manufacturers" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm will not produce documents responsive to this request without an appropriate protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 40:**

For each chip identified in response to Request No. 30, Documents, Communications, and things related to the chips' compliance with 3GPP Technical Specification 25.331.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "each chip identified in response to Request No. 30," "Documents, Communications, and things," "related to," "chips,'" "compliance with," and "3GPP Technical

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Specification 25.331" as vague and ambiguous.

Qualcomm objects to this request to the extent it calls for information or documents concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this request to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this request to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this request the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm's chips alone are not capable of complying with the standards identified by Samsung for this request and, thus, Qualcomm does not have any information responsive to this request and will not produce documents for this request. Qualcomm will continue to continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
MENLO PARK

1

**REQUEST FOR PRODUCTION NO. 41:**

2

3

For each chip identified in response to Request No. 30, Documents, Communications, and

things related to the chips' compliance with 3GPP Technical Specification 25.321.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

5

6

In addition to its General Objections to Document Requests and Deposition Topics,

7

Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1,

8

which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that

9

it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this

10

request to the extent that it calls for information and/or documents that are neither relevant nor

11

reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to

12

the terms and phrases "each chip identified in response to Request No. 30," "Documents,

13

Communications, and things," "related to," "chips,'" "compliance with," and "3GPP Technical

14

Specification 25.321" as vague and ambiguous.

15

16

Qualcomm objects to this request to the extent it calls for information or documents

17

concerning products that are sold outside the United States, or which have not been

18

commercialized, or which have not been sold to any party to this action.  Qualcomm further

19

objects to this request to the extent it requests information regarding components used in products

20

not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

21

information within the public domain or documents and information not in Qualcomm's

22

possession or are equally available and more appropriately obtained from the parties to this

23

action.  Qualcomm further objects to this request to the extent it seeks documents or information

24

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

25

defense or any other applicable privileges or protections.  Qualcomm also objects to this request

26

the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

27

28

product doctrine.

Qualcomm further objects to this request to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm's chips alone are not capable of complying with the standards identified by Samsung for this request and, thus, Qualcomm does not have any information responsive to this request and will not produce documents for this request. Qualcomm will continue to continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this request and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

**REQUEST FOR PRODUCTION NO. 42:**

For each of the Documents produced in response to this subpoena, all Documents necessary to understand, determine, and interpret the meaning of all codes, acronyms, symbols, abbreviations, or other methods of identification necessary to completely and fully interpret those Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, Objections to Instructions, and Specific Objections to Request No. 1, which are hereby incorporated by reference, Qualcomm objects to this request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this request to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1  the extent it would require a conclusion or opinion of counsel in violation of the attorney work-

2  product doctrine.

3       Qualcomm further objects to this request to the extent it calls for information containing

4  proprietary, confidential, trade secret, and/or private information, and declines to provide any

5  such information that could subject Qualcomm to competitive disadvantage or business injury or

6

7  violate confidentiality agreements or the privacy interests of individuals.

8       Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

9  Qualcomm will not produce documents responsive to this request without an appropriate

10  protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will

11  continue to meet and confer with Samsung in order to understand the asserted relevance and

12

13  narrow the scope of this request and identify the relevant, non-privileged information, if any,

14  Samsung seeks that cannot be obtained from a party to this action.

15                                        Respectfully submitted,

16  Dated:  November 8, 2012              McDERMOTT WILL & EMERY LLP

17

18                                        By: /s/ David H. Dolkas
                                              David H. Dolkas
19                                            ddolkas@mwe.com
                                              McDERMOTT WILL & EMERY LLP
20                                            275 Middlefield Road, Suite 100
                                              Menlo Park, California 94025
21                                            Telephone:  +1 650 815 7400
                                              Facsimile:   +1 650 815 7401
22
                                              Brett E. Bachtell
23                                            bbachtell@mwe.com
                                              McDERMOTT WILL & EMERY LLP
24                                            227 West Monroe Street, Suite 4400
                                              Chicago, Illinois 60606
25                                            Telephone:  +1 312 372 2000
                                              Facsimile:  +1 312 984 7700
26
                                              Attorneys for Non-Party
27                                            QUALCOMM INCORPORATED

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Apple Inc. v. Samsung Electronics Co., Ltd.                    Case No. 12-cv-00630-LHK
                                                               (N.D. Cal.)

## CERTIFICATE OF SERVICE

I, Ashleigh Ricardo, hereby certify that a copy of **NON-PARTY QUALCOMM**

**INCORPORATED'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS**

**CO., LTD'S SUBPOENA FOR DOCUMENTS** were served November 7, 2012 as follows:

☒     **BY MAIL**:  I placed a true copy in a sealed envelope addressed as
       indicated above, on the above-mentioned date.  I am familiar with the firm's
       practice of collection and processing correspondence for mailing.  It is
       deposited with the U.S. Postal Service or an express mail service on that
       same day in the ordinary course of business.  I am aware that on motion of
       party served, service is presumed invalid if postal cancellation date or
       postage meter date is more than one day after date of deposit for mailing in
       affidavit.

☒     **BY ELECTRONIC MAIL**:  I transmitted via electronic mail the
       documents listed above to the electronic mail addresses as set forth below

☐     **BY PERSONAL SERVICE**:  I served a true copy to each person[s] named
       at the address[es] shown.

Attorney for Samsung Electronics Co., Ltd.

Michael R. Heimbold                          By Email AND Federal Express
**Steptoe & Johnson LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 734-3200
mheimbold@steptoe.com

*Counsel for Samsung Electronics Co., Ltd.*

                                        _____
                                        Ashleigh Ricardo

DM_US 39396383-1.050278.0424