# EXHIBIT 22

1  DAVID H. DOLKAS (State Bar No. 111080)
   ddolkas@mwe.com
2  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road
3  Suite 100
   Menlo Park, CA  94025-4004
4  Telephone:     +1 650 815 7400
   Facsimile:      +1 650 815 7401
5
6  BRETT E. BACHTELL
   bbachtell@mwe.com
   McDERMOTT WILL & EMERY LLP
7  227 West Monroe Street
   Suite 4400
8  Chicago, IL 60606-5055
   Telephone:     +1 312 372 7000
9  Facsimile:      +1 312 984 7700

10 Attorneys for Non-Party
   QUALCOMM INCORPORATED
11

12                **UNITED STATES DISTRICT COURT**

13                        **FOR THE**

14            **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 APPLE INC.,                    )   Case No. 12-cv-00630-LHK (N.D. Cal.)
                                  )
17        Plaintiff,              )   **NON-PARTY QUALCOMM**
                                  )   **INCORPORATED'S OBJECTIONS AND**
18        v.                      )   **RESPONSES TO SAMSUNG**
                                  )   **ELECTRONICS CO., LTD'S SUBPOENA**
19 SAMSUNG ELECTRONICS CO., LTD., )   **TO TESTIFY AT A DEPOSITION IN A**
   et al.                         )   **CIVIL ACTION**
20                                )
          Defendant.              )
21 _____    )

22                **PRELIMINARY STATEMENT**

23        Qualcomm Incorporated ("Qualcomm"), a non-party to this dispute, provides the

24 following objections and responses to the Subpoena to Testify at a Deposition in a Civil Action

25 (the "Subpoena") served by Defendant Samsung Electronics Co., Ltd., ("Samsung").

26                **GENERAL OBJECTIONS**

27        1.      Qualcomm, below, sets forth its General Objections to Samsung's Subpoena.

28 These General Objections apply to each and every topic whether or not they are specifically set

McDermott Will & Emery LLP
Attorneys at Law
Menlo Park

forth in the objections and responses to each such topic.  Qualcomm's General Objections are based solely on the information that is presently available and specifically known to Qualcomm.

2.      Qualcomm's objections and responses are made without in any way waiving or intending to waive, but, on the contrary, preserving and intending to preserve: (1) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; (2) the right to object on any ground to the use of said objections and responses, or the subject matter thereof, in any subsequent proceeding in or in the trial of this or any other action; and (3) the right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of this subpoena.

3.      Qualcomm objects to the deposition topics to the extent they attempt to impose obligations extending beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California.  Qualcomm also objects to the extent that the Definitions are overly broad, unduly burdensome, and vague and ambiguous.  Qualcomm will respond to Samsung's deposition topics only to the extent required by the Rules.

4.      Qualcomm objects to these deposition topics to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection.  Qualcomm hereby asserts all such applicable privileges, immunities, and protections, and excludes privileged, immune, and protected information from its responses to these deposition topics.  Any disclosure of privileged, immune, or protected information is inadvertent and shall not be deemed a waiver of any privilege, immunity, or protection.

5.      Qualcomm objects to these deposition topics to the extent that they purport to require that Qualcomm produce a person to testify by a date certain.  Qualcomm will conduct a reasonable investigation to identify and produce a person (or persons) to testify in responsive to these deposition topics as soon as reasonably practicable.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

6.      Qualcomm objects to these deposition topics to the extent they seek information that is not relevant to the issues in this case, or is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Qualcomm objects to these deposition topics to the extent they are unreasonably vague, overly broad, repetitious, unduly burdensome, or require the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

8.      Qualcomm objects to these deposition topics as imposing undue expense on a non-party to this dispute, and as unduly burdensome and irrelevant to the action, especially to the extent they may purport to require testimony about documents or information that requires a search and production from electronic mail systems.

9.      Qualcomm objects to these deposition topics to the extent that they may purport to require testimony about documents or information, either electronically stored or stored in hard copy, that is not readily accessible.

10.     Qualcomm objects to these deposition topics to the extent they call for information not in the possession, custody, or control of Qualcomm.

11.     Qualcomm objects to these deposition topics to the extent they call for information already in Samsung's possession, custody or control, information that is publicly available, or information that has not first been sought from parties to this dispute or that is equally available from parties to this dispute.

12.     Qualcomm objects to these deposition topics to the extent that they seek the disclosure or testimony about information that Qualcomm is not permitted to disclose pursuant to confidentiality obligations or agreements with parties and/or non-parties to this action.

13.     Qualcomm objects to these deposition topics to the extent that they seek the disclosure or testimony about confidential information that is not relevant to this action, including, but not limited to, confidential business information, proprietary and/or competitively sensitive information, and trade secrets.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

14.     Qualcomm generally objects to the scope of the deposition topics to the extent that they would seek information beyond that regarding any current products that are at issue in this case and have been sold to any party to this action, as opposed to any other products that are not relevant.

15.     Qualcomm objects to these deposition topics to the extent they call for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.

16.     Qualcomm objects to these deposition topics to the extent they seek information protected by constitutional, statutory and/or common law rights to personal privacy and confidentiality.

17.     Qualcomm objects generally to the protective order stipulated to by the parties to this action and submits that the Protective Order as agreed to by the parties is deficient and would not adequately protect Qualcomm's confidential business information, including sensitive technical documents and source code, from certain potential disclosure and/or misuse. Qualcomm will continue to meet and confer with the parties to this action in an attempt to supplement the Protective Order that adequately protects Qualcomm's confidential business information.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

18.     Qualcomm objects to the term "Qualcomm" as vague, ambiguous, and overly broad in that it purports to seek documents and information beyond the custody and control of Qualcomm Incorporated.

19.     Qualcomm objects to the terms "you" and "your" as vague, ambiguous, and overly broad in that they purport to seek documents beyond the custody and control of Qualcomm Incorporated.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

20.     Qualcomm objects to the terms "Apple" and "Plaintiff" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

21.     Qualcomm objects to the terms "Samsung" and "Defendants" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

22.     Qualcomm objects to the terms "Software" and "Related Documentation" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Software" to the extent it calls for disclosure of highly confidential and competitively sensitive information, including source code, object code, firmware, compiled code, byte code, interpreted code, or any form of code stored in any storage or code, absent an appropriate protective order and an escrow agreement governing the proper handling of code, as well as other appropriate protections. Qualcomm cannot provide any such disclosures until such appropriate protections of its highly confidential and competitively sensitive information are in place.

23.     Qualcomm objects to the terms "Executable Software" and "Related Documentation" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Executable Software" to the extent it calls for disclosure of highly confidential and competitively sensitive information, including source code, object code, firmware, compiled code, byte code, interpreted code, or any form of code stored in any storage or code, absent an appropriate protective order and an escrow agreement governing the proper handling of code, as well as other appropriate protections.  Qualcomm cannot provide any such disclosures until such appropriate protections of its highly confidential and competitively sensitive information are in place.

24.     Qualcomm objects to the term "Hardware" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Qualcomm further objects to the term "Hardware" to the extent it calls for

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1   disclosure of highly confidential and competitively sensitive information absent an appropriate

2   protective order and an escrow agreement governing the proper handling of code, as well as other

3   appropriate protections.  Qualcomm cannot provide any such disclosures until such appropriate

4   protections of its highly confidential and competitively sensitive information are in place.

5       25.     Qualcomm objects to the term "Related Patent/Application" as vague, ambiguous,

6   overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

7   relevant or admissible evidence.  Qualcomm further objects to this term to the extent that it seeks

8   testimony on patents and/or applications not at issue in the current action.

9       26.     Qualcomm objects to the terms "Apple Accused Instrumentality" and "Apple

10  Accused Instrumentalities" as vague, ambiguous, overly broad, unduly burdensome, and not

11  reasonably calculated to lead to the discovery of relevant or admissible evidence to the extent it

12  calls for information regarding components used in products not at issue in the current action

13  and/or sold outside the United States.

14      27.     Qualcomm objects to the term "Apple Manufacturer(s)" as vague, ambiguous,

15  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

16  relevant or admissible evidence to the extent it requests information regarding non-parties to this

17  action.

18      28.     Qualcomm objects to the term "Qualcomm Baseband Processor(s)" as vague

19  ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

20  discovery of relevant or admissible evidence to the extent it calls for information regarding

21  circuits, chips, or processors not used in any of the accused products in the current action.

22      29.     Qualcomm objects to the term "Wireless Standard(s)" as overly broad, vague,

23  ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant

24  or admissible evidence.   Also, the phrase "any wireless standard or wireless technical

25  specifications" renders the definition and all requests in which the term appears overly broad,

26  vague, ambiguous, and unintelligible, and would require a conclusion or opinion of counsel in

27  violation of the attorney work-product doctrine.   Further, standards and protocols include

28  hundreds of sections.  Samsung fails to describe or explain any particular relevant section to

which any of its deposition topics are directed.  Samsung presumably does not seek third party discovery concerning the entirety of various standards and protocols and knows the particular sections that it believes are relevant, and the definition is vague, unreasonable and seeks to impose undue burden in that regard.

30.    Qualcomm objects to the term "Communication(s)" as overly broad and unduly burdensome to the extent the term purports to impose obligations on Qualcomm beyond the requirements of the Rules, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  Qualcomm will respond to the requests in accordance with the Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.  Furthermore, Qualcomm objects to the definition of "Communication(s)" to the extent it incorporates defined terms objected to below, including "Document(s)."

31.    Qualcomm objects to the term "Document(s)" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

32.    Qualcomm objects to the term "identify" as vague, ambiguous, and overly broad in that it purports to seek documents beyond the custody and control of Qualcomm. Qualcomm further objects this term to the extent it requires the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Rules of the Southern District of California, and any and all other applicable rules.

33.    Qualcomm objects to the term "Person(s)" as vague, ambiguous, and overly broad to the extent that it purports to seek documents and information beyond the custody and control of Qualcomm.

34.    Qualcomm objects to the terms "Any," "all," "every," and "each" as vague, ambiguous, and overly broad to the extent that it purports to seek documents and information beyond the custody and control of Qualcomm. Qualcomm further objects this term to the extent it requires the disclosure of information beyond the scope of permissible discovery as allowed, defined, clarified, agreed to, or limited by the Federal Rules of Civil Procedure, the Federal Rules

1  of Evidence, or the Local Rules of the Southern District of California, and any and all other

2  applicable rules.

3       35.    Qualcomm objects to the terms "and," "or," and "and/or" as vague, ambiguous,

4  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

5  relevant or admissible evidence.

6       36.    Qualcomm objects to the term "Thing" as vague, ambiguous, overly broad, unduly

7  burdensome, and not reasonably calculated to lead to the discovery of relevant or admissible

8  evidence.

9       37.    Qualcomm objects to the terms "referring to," "relating to," "concerning" and

10 "regarding" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably

11 calculated to lead to the discovery of relevant or admissible evidence.

12      38.    Qualcomm objects to Definitions 24-25 as vague, ambiguous, overly broad,

13 unduly burdensome, and not reasonably calculated to lead to the discovery of relevant or

14 admissible evidence.

15      39.    To the extent that Samsung relies on and incorporates its Instructions set forth in

16 its October 16, 2012 Subpoena for Documents, Qualcomm incorporates by reference its

17 objections to the Instructions as stated in Qualcomm's November 7, 2012 Responses and

18 Objections to Samsung's Subpoena for Documents served concurrently herewith.

19                           **DEPOSITION TOPICS**

20 **DEPOSITION TOPIC NO. 1:**

21      The operation, structure, function, and implementation of Wireless Standards in the

22 Qualcomm Baseband Processors, including the source, operation, function, and implementation

23 of Software and Executable Software therein.

24 **RESPONSE TO DEPOSITION TOPIC NO. 1:**

25      In addition to its General Objections to Document Requests and Deposition Topics,

26 Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

27 reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

28 burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "operation, structure, function, and implementation," "Wireless Standards," "Qualcomm Baseband Processors," "source, operation, function, and implementation," "Software," and "Executable Software" as vague and ambiguous.

Qualcomm objects to this topic to the extent it calls for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this topic to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue to meet and confer with Samsung in order to understand the asserted relevance and narrow the scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be obtained from a party to this action.

McDermott Will & Emery LLP
Attorneys at Law
Menlo Park

1

**DEPOSITION TOPIC NO. 2:**

2

      The function and operation of Software and Executable Software associated, tested, sold,

3

distributed, packaged, or integrated with the Qualcomm Baseband Processors.

4

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

5

      In addition to its General Objections to Document Requests and Deposition Topics,

6

Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

7

reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

8

burdensome, vague, and ambiguous. Qualcomm also objects to this topic to the extent that it calls

9

for information and/or documents that are neither relevant nor reasonably calculated to lead to the

10

discovery of admissible evidence. Qualcomm also objects to the terms and phrases "function and

11

operation," "Software," "Executable Software," "associated, tested, sold, distributed, packaged,

12

or integrated with," and "Qualcomm Baseband Processors" as vague and ambiguous.

13

      Qualcomm objects to this topic to the extent it calls for information or testimony

14

concerning products that are sold outside the United States, or which have not been

15

commercialized, or which have not been sold to any party to this action. Qualcomm further

16

objects to this topic to the extent it requests information regarding components used in products

17

not at issue in the current action. Qualcomm also objects to this topic to the extent it calls for

18

information within the public domain or documents and information not in Qualcomm's

19

possession or are equally available and more appropriately obtained from the parties to this

20

action. Qualcomm further objects to this topic to the extent it seeks documents or information

21

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

22

defense or any other applicable privileges or protections. Qualcomm also objects to this topic the

23

extent it would require a conclusion or opinion of counsel in violation of the attorney work-

24

product doctrine.

25

      Qualcomm further objects to this topic to the extent it calls for information containing

26

proprietary, confidential, trade secret, and/or private information, and declines to provide any

27

such information that could subject Qualcomm to competitive disadvantage or business injury or

28

violate confidentiality agreements or the privacy interests of individuals.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

2    Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

3    order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

4    to meet and confer with Samsung in order to understand the asserted relevance and narrow the

5    scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

6    that cannot be obtained from a party to this action.

7    **DEPOSITION TOPIC NO. 3:**

8    The design, development, certification, and testing of the Qualcomm Baseband

9    Processors.

10   **RESPONSE TO DEPOSITION TOPIC NO. 3:**

11   In addition to its General Objections to Document Requests and Deposition Topics,

12   Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

13   reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

14   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

15   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

16   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "all facts and

17   circumstances relating to," "design, development, certification, and testing of," and "Qualcomm

18   Baseband Processors," as vague and ambiguous.

19   Qualcomm objects to this topic to the extent it calls for information or testimony

20   concerning products that are sold outside the United States, or which have not been

21   commercialized, or which have not been sold to any party to this action.  Qualcomm further

22   objects to this topic to the extent it requests information regarding components used in products

23   not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

24   information within the public domain or documents and information not in Qualcomm's

25   possession or are equally available and more appropriately obtained from the parties to this

26   action.  Qualcomm further objects to this topic to the extent it seeks documents or information

27   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

28   defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

2  product doctrine.

3        Qualcomm further objects to this topic to the extent it calls for information containing

4  proprietary, confidential, trade secret, and/or private information, and declines to provide any

5  such information that could subject Qualcomm to competitive disadvantage or business injury or

6  violate confidentiality agreements or the privacy interests of individuals.

7        Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

8  Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

9  order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

10  to meet and confer with Samsung in order to understand the asserted relevance and narrow the

11  scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

12  that cannot be obtained from a party to this action.

13  **DEPOSITION TOPIC NO. 4:**

14        The origin and ownership of the design, schematics, specifications, technical drawings

15  and/or working drawings used to manufacture the Qualcomm Baseband Processors.

16  **RESPONSE TO DEPOSITION TOPIC NO. 4:**

17        In addition to its General Objections to Document Requests and Deposition Topics,

18  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

19  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

20  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

21  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "origin and

23  ownership of," "design, schematics, specifications, technical drawings and/or working drawings,"

24  "used to manufacture," and "Qualcomm Baseband Processors" as vague and ambiguous.

25        Qualcomm objects to this topic to the extent it calls for information or testimony

26  concerning products that are sold outside the United States, or which have not been

27  commercialized, or which have not been sold to any party to this action.  Qualcomm further

28  objects to this topic to the extent it requests information regarding components used in products

1    not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

2    information within the public domain or documents and information not in Qualcomm's

3    possession or are equally available and more appropriately obtained from the parties to this

4    action.  Qualcomm further objects to this topic to the extent it seeks documents or information

5    covered by the attorney-client privilege, the work-product doctrine, common interest, joint

6    defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

7    extent it would require a conclusion or opinion of counsel in violation of the attorney work-

8    product doctrine.

9            Qualcomm further objects to this topic to the extent it calls for information containing

10   proprietary, confidential, trade secret, and/or private information, and declines to provide any

11   such information that could subject Qualcomm to competitive disadvantage or business injury or

12   violate confidentiality agreements or the privacy interests of individuals.

13           Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

14   Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

15   order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

16   to meet and confer with Samsung in order to understand the asserted relevance and narrow the

17   scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

18   that cannot be obtained from a party to this action.

19   **DEPOSITION TOPIC NO. 5:**

20           The specification of and compliance with Wireless Standards related to the Qualcomm

21   Baseband Processors.

22   **RESPONSE TO DEPOSITION TOPIC NO. 5:**

23           In addition to its General Objections to Document Requests and Deposition Topics,

24   Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

25   reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

26   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

27   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

28   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "specification

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1  of and compliance with," "Wireless Standards," "related to," and "Qualcomm Baseband

2  Processors" as vague and ambiguous.

3      Qualcomm objects to this topic to the extent it calls for information or testimony

4  concerning products that are sold outside the United States, or which have not been

5  commercialized, or which have not been sold to any party to this action.  Qualcomm further

6  objects to this topic to the extent it requests information regarding components used in products

7  not at issue in the current action.  Qualcomm also objects to this request to the extent it calls for

8  information within the public domain or documents and information not in Qualcomm's

9  possession or are equally available and more appropriately obtained from the parties to this

10  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

11  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

12  defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

13  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

14  product doctrine.

15      Qualcomm further objects to this topic to the extent it calls for information containing

16  proprietary, confidential, trade secret, and/or private information, and declines to provide any

17  such information that could subject Qualcomm to competitive disadvantage or business injury or

18  violate confidentiality agreements or the privacy interests of individuals.

19      Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

20  Qualcomm's products alone are not capable of complying with the standards identified by

21  Samsung for this topic and, thus, Qualcomm does not have any information responsive to this

22  topic and will not produce a 30(b)(6) witness for this topic. Qualcomm will continue to meet and

23  confer with Samsung in order to understand the asserted relevance and narrow the scope of this

24  topic and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be

25  obtained from a party to this action.

26

27

28

**DEPOSITION TOPIC NO. 6:**

The process by which Software and Executable Software for the Qualcomm Baseband Processors is designed, written, tested, created, licensed, implemented, and incorporated for storage or execution on the Qualcomm Baseband Processors.

**RESPONSE TO DEPOSITION TOPIC NO. 6:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, and Objections to Instructions, which are hereby incorporated by reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "process by which," "Software," "Executable Software," "Qualcomm Baseband Processors," "designed, written, tested, created, licensed, implemented, and incorporated," and "for storage or execution" as vague and ambiguous.

Qualcomm objects to this topic to the extent it calls for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this topic to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**DEPOSITION TOPIC NO. 10:**

Apple's or Apple Manufacturer's access to or possession, custody, or control of any documentation or Software or Executable Software relating to the Qualcomm Baseband Processors.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, and Objections to Instructions, which are hereby incorporated by reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this topic to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "Apple's," "Apple Manufacturer's," "access to or possession, custody, or control," "documentation," "Software," "Executable Software," "relating to," and "Qualcomm Baseband Processors" as vague and ambiguous.

Qualcomm objects to this topic to the extent it calls for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this topic to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action. Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections. Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any

1   such information that could subject Qualcomm to competitive disadvantage or business injury or

2   violate confidentiality agreements or the privacy interests of individuals.

3       Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

4   Qualcomm is not the best source of information requested in this topic.  Qualcomm will not

5   produce a witness for this topic because this topic is not reasonably calculated to lead to the

6   discovery of admissible evidence.

7   **DEPOSITION TOPIC NO. 11:**

8       The identity, nature, extent, and intent of any and all agreements and licenses between

9   Apple or Apple Manufacturers and Qualcomm concerning the Apple Accused Instrumentalities or

10  Qualcomm Baseband Processors.

11  **RESPONSE TO DEPOSITION TOPIC NO. 11:**

12      In addition to its General Objections to Document Requests and Deposition Topics,

13  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

14  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

15  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

16  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

17  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "identity,"

18  "nature," "extent," "intent," "any and all agreements and licenses," between," "Apple," "Apple

19  Manufacturers," "Qualcomm," "Apple Accused Instrumentalities"  and "Qualcomm Baseband

20  Processors" as vague and ambiguous.

21      Qualcomm objects to this topic to the extent it calls for information or testimony

22  concerning products that are sold outside the United States, or which have not been

23  commercialized, or which have not been sold to any party to this action.  Qualcomm further

24  objects to this topic to the extent it requests information regarding components used in products

25  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

26  information within the public domain or documents and information not in Qualcomm's

27  possession or are equally available and more appropriately obtained from the parties to this

28  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

2   defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

3   extent it would require a conclusion or opinion of counsel in violation of the attorney work-

4   product doctrine.

5          Qualcomm further objects to this topic to the extent it calls for information containing

6   proprietary, confidential, trade secret, and/or private information, and declines to provide any

7   such information that could subject Qualcomm to competitive disadvantage or business injury or

8   violate confidentiality agreements or the privacy interests of individuals.

9          Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

10   Qualcomm is not the best source of information requested in this topic.  Qualcomm will not

11   produce a witness for this topic because this topic is not reasonably calculated to lead to the

12   discovery of admissible evidence.

13   **DEPOSITION TOPIC NO. 12:**

14          Qualcomm's relationship with Apple or Apple Manufacturers with respect to the Apple

15   Accused Instrumentalities or Qualcomm Baseband Processors.

16   **RESPONSE TO DEPOSITION TOPIC NO. 12:**

17          In addition to its General Objections to Document Requests and Deposition Topics,

18   Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

19   reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

20   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

21   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

22   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases

23   "Qualcomm's," "relationship with," "Apple," "Apple Manufacturers," "with respect to," "Apple

24   Accused Instrumentalities," and "Qualcomm Baseband Processors" as vague and ambiguous.

25          Qualcomm objects to this topic to the extent it calls for information or testimony

26   concerning products that are sold outside the United States, or which have not been

27   commercialized, or which have not been sold to any party to this action.  Qualcomm further

28   objects to this topic to the extent it requests information regarding components used in products

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm is not the best source of information requested in this topic.  Qualcomm will not produce a witness for this topic because this topic is not reasonably calculated to lead to the discovery of admissible evidence.

**DEPOSITION TOPIC NO. 13:**

The design, manufacture, testing, assembly, sale, and chain of distribution of Qualcomm Baseband Processors that are ultimately incorporated in Apple Accused Instrumentalities, including identification of all entities involved (including all intermediaries), a description of the involvement of each entity (including any Qualcomm subsidiaries) in the activities that are the subject of this topic, including the geographic location of each such activity, and the identification and description of any contracts, licenses, agreements, or informal understandings between Qualcomm and another, including, without limitation, Apple, concerning these activities.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, and Objections to Instructions, which are hereby incorporated by reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "design, manufacture, testing, sale, and chain of custody," "Qualcomm Baseband Processors," "ultimately incorporated," "Apple Accused Instrumentalities," "identification of all entities involved (including all intermediaries)," "activities that are subject of this topic," "geographic location of each such activity," "identification and description," "contracts, licenses, agreements, or informal understandings," "between," "Qualcomm," "another," "without limitation," "Apple," and "concerning these activities" as vague and ambiguous.

Qualcomm objects to this topic to the extent it calls for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action.  Qualcomm further objects to this topic to the extent it requests information regarding components used in products not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action.  Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any such information that could subject Qualcomm to competitive disadvantage or business injury or violate confidentiality agreements or the privacy interests of individuals.

Subject to the foregoing General and Specific Objections, Qualcomm responds as follows: Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    to meet and confer with Samsung in order to understand the asserted relevance and narrow the

2    scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

3    that cannot be obtained from a party to this action.

4    **DEPOSITION TOPIC NO. 14:**

5          The ability of Qualcomm Baseband Processors to perform non-scheduled transmissions.

6    **RESPONSE TO DEPOSITION TOPIC NO. 14:**

7          In addition to its General Objections to Document Requests and Deposition Topics,

8    Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

9    reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

10   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

11   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

12   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "ability,"

13   "Qualcomm Baseband Processors," "perform," and "non-scheduled transmissions" as vague and

14   ambiguous.

15         Qualcomm objects to this topic to the extent it calls for information or testimony

16   concerning products that are sold outside the United States, or which have not been

17   commercialized, or which have not been sold to any party to this action.  Qualcomm further

18   objects to this topic to the extent it requests information regarding components used in products

19   not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

20   information within the public domain or documents and information not in Qualcomm's

21   possession or are equally available and more appropriately obtained from the parties to this

22   action.  Qualcomm further objects to this topic to the extent it seeks documents or information

23   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

24   defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

25   extent it would require a conclusion or opinion of counsel in violation of the attorney work-

26   product doctrine.

27         Qualcomm further objects to this topic to the extent it calls for information containing

28   proprietary, confidential, trade secret, and/or private information, and declines to provide any

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1   such information that could subject Qualcomm to competitive disadvantage or business injury or

2   violate confidentiality agreements or the privacy interests of individuals.

3          Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

4   Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

5   order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

6   to meet and confer with Samsung in order to understand the asserted relevance and narrow the

7   scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

8   that cannot be obtained from a party to this action.

9   **DEPOSITION TOPIC NO. 15:**

10         The ability of Qualcomm Baseband Processors to transmit control information for uplink

11  packet data.

12  **RESPONSE TO DEPOSITION TOPIC NO. 15:**

13         In addition to its General Objections to Document Requests and Deposition Topics,

14  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

15  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

16  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

17  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

18  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "ability,"

19  "Qualcomm Baseband Processors," "transmit," "control information," and "uplink packet data"

20  as vague and ambiguous.

21         Qualcomm objects to this topic to the extent it calls for information or testimony

22  concerning products that are sold outside the United States, or which have not been

23  commercialized, or which have not been sold to any party to this action.  Qualcomm further

24  objects to this topic to the extent it requests information regarding components used in products

25  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

26  information within the public domain or documents and information not in Qualcomm's

27  possession or are equally available and more appropriately obtained from the parties to this

28  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

2   defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

3   extent it would require a conclusion or opinion of counsel in violation of the attorney work-

4   product doctrine.

5          Qualcomm further objects to this topic to the extent it calls for information containing

6   proprietary, confidential, trade secret, and/or private information, and declines to provide any

7   such information that could subject Qualcomm to competitive disadvantage or business injury or

8   violate confidentiality agreements or the privacy interests of individuals.

9          Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

10  Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

11  order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

12  to meet and confer with Samsung in order to understand the asserted relevance and narrow the

13  scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

14  that cannot be obtained from a party to this action.

15  **DEPOSITION TOPIC NO. 16:**

16         The ability of Qualcomm Baseband Processors to comply with 3GPP Technical

17  Specification 25.331.

18  **RESPONSE TO DEPOSITION TOPIC NO. 16:**

19         In addition to its General Objections to Document Requests and Deposition Topics,

20  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

21  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

22  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

23  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "ability,"

25  "Qualcomm Baseband Processors," "comply with," and "3GPP Technical Specification 25.331"

26  as vague and ambiguous.

27         Qualcomm objects to this topic to the extent it calls for information or testimony

28  concerning products that are sold outside the United States, or which have not been

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   commercialized, or which have not been sold to any party to this action. Qualcomm further

2   objects to this topic to the extent it requests information regarding components used in products

3   not at issue in the current action. Qualcomm also objects to this topic to the extent it calls for

4   information within the public domain or documents and information not in Qualcomm's

5   possession or are equally available and more appropriately obtained from the parties to this

6   action. Qualcomm further objects to this topic to the extent it seeks documents or information

7   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

8   defense or any other applicable privileges or protections. Qualcomm also objects to this topic the

9   extent it would require a conclusion or opinion of counsel in violation of the attorney work-

10  product doctrine.

11          Qualcomm further objects to this topic to the extent it calls for information containing

12  proprietary, confidential, trade secret, and/or private information, and declines to provide any

13  such information that could subject Qualcomm to competitive disadvantage or business injury or

14  violate confidentiality agreements or the privacy interests of individuals.

15          Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

16  Qualcomm's products alone are not capable of complying with the standards identified by

17  Samsung for this topic and, thus, Qualcomm does not have any information responsive to this

18  topic and will not produce a 30(b)(6) witness for this topic. Qualcomm will continue to meet and

19  confer with Samsung in order to understand the asserted relevance and narrow the scope of this

20  topic and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be

21  obtained from a party to this action.

22  **DEPOSITION TOPIC NO. 17:**

23          The ability of Qualcomm Baseband Processors to comply with 3GPP Technical

24  Specification 25.321.

25  **RESPONSE TO DEPOSITION TOPIC NO. 17:**

26          In addition to its General Objections to Document Requests and Deposition Topics,

27  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

28  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

1  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

2  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

3  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "ability,"

4  "Qualcomm Baseband Processors," "comply with," and "3GPP Technical Specification 25.321"

5  as vague and ambiguous.

6        Qualcomm objects to this topic to the extent it calls for information or testimony

7  concerning products that are sold outside the United States, or which have not been

8  commercialized, or which have not been sold to any party to this action.  Qualcomm further

9  objects to this topic to the extent it requests information regarding components used in products

10  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

11  information within the public domain or documents and information not in Qualcomm's

12  possession or are equally available and more appropriately obtained from the parties to this

13  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

14  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

15  defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

16  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

17  product doctrine.

18        Qualcomm further objects to this topic to the extent it calls for information containing

19  proprietary, confidential, trade secret, and/or private information, and declines to provide any

20  such information that could subject Qualcomm to competitive disadvantage or business injury or

21  violate confidentiality agreements or the privacy interests of individuals.

22        Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

23  Qualcomm's products alone are not capable of complying with the standards identified by

24  Samsung for this topic and, thus, Qualcomm does not have any information responsive to this

25  topic and will not produce a 30(b)(6) witness for this topic. Qualcomm will continue to meet and

26  confer with Samsung in order to understand the asserted relevance and narrow the scope of this

27  topic and identify the relevant, non-privileged information, if any, Samsung seeks that cannot be

28  obtained from a party to this action.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

**DEPOSITION TOPIC NO. 18:**

2

Communications between Apple or Apple Manufacturers and Qualcomm regarding the

3

Apple Accused Instrumentalities or the Qualcomm Baseband Processors.

4

**RESPONSE TO DEPOSITION TOPIC NO. 18:**

5

In addition to its General Objections to Document Requests and Deposition Topics,

6

Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

7

reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

8

burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

9

for information and/or documents that are neither relevant nor reasonably calculated to lead to the

10

discovery of admissible evidence.  Qualcomm also objects to the terms and phrases

11

"Communications," "Apple, "Apple Manufacturers," "Qualcomm," "regarding," "Apple Accused

12

Instrumentalities," and "Qualcomm Baseband Processors" as vague and ambiguous.

13

Qualcomm objects to this topic to the extent it calls for information or testimony

14

concerning products that are sold outside the United States, or which have not been

15

commercialized, or which have not been sold to any party to this action.  Qualcomm further

16

objects to this topic to the extent it requests information regarding components used in products

17

not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

18

information within the public domain or documents and information not in Qualcomm's

19

possession or are equally available and more appropriately obtained from the parties to this

20

action.  Qualcomm further objects to this topic to the extent it seeks documents or information

21

covered by the attorney-client privilege, the work-product doctrine, common interest, joint

22

defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

23

extent it would require a conclusion or opinion of counsel in violation of the attorney work-

24

product doctrine.

25

Qualcomm further objects to this topic to the extent it calls for information containing

26

proprietary, confidential, trade secret, and/or private information, and declines to provide any

27

such information that could subject Qualcomm to competitive disadvantage or business injury or

28

violate confidentiality agreements or the privacy interests of individuals.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1    Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

2    Qualcomm is not the best source of information requested in this topic.  Qualcomm will not

3    produce a witness for this topic because this topic is not reasonably calculated to lead to the

4    discovery of admissible evidence.

5    **DEPOSITION TOPIC NO. 19:**

6    Communications between Apple or Apple Manufacturers and Qualcomm regarding the

7    Patents-in-Suit and Apple's infringement thereof, or this lawsuit.

8    **RESPONSE TO DEPOSITION TOPIC NO. 19:**

9    In addition to its General Objections to Document Requests and Deposition Topics,

10   Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

11   reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

12   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

13   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

14   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases

15   "Communications," "Apple," "Apple Manufacturers," "Qualcomm," "Patents-in-Suit," "Apple's

16   infringement," and "this lawsuit" as vague and ambiguous.

17   Qualcomm objects to this topic to the extent it calls for information or testimony

18   concerning products that are sold outside the United States, or which have not been

19   commercialized, or which have not been sold to any party to this action.  Qualcomm further

20   objects to this topic to the extent it requests information regarding components used in products

21   not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

22   information within the public domain or documents and information not in Qualcomm's

23   possession or are equally available and more appropriately obtained from the parties to this

24   action.  Qualcomm further objects to this topic to the extent it seeks documents or information

25   covered by the attorney-client privilege, the work-product doctrine, common interest, joint

26   defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

27   extent it would require a conclusion or opinion of counsel in violation of the attorney work-

28   product doctrine.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1   Qualcomm further objects to this topic to the extent it calls for information containing

2   proprietary, confidential, trade secret, and/or private information, and declines to provide any

3   such information that could subject Qualcomm to competitive disadvantage or business injury or

4   violate confidentiality agreements or the privacy interests of individuals.

5   Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

6   Qualcomm is not the best source of information requested in this topic.  Qualcomm will not

7   produce a witness for this topic because this topic is not reasonably calculated to lead to the

8   discovery of admissible evidence.

9   **DEPOSITION TOPIC NO. 20:**

10   The design, development, certification, and testing of each Qualcomm Baseband

11   Processor, including the parties involved.

12   **RESPONSE TO DEPOSITION TOPIC NO. 20:**

13   In addition to its General Objections to Document Requests and Deposition Topics,

14   Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

15   reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

16   burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

17   for information and/or documents that are neither relevant nor reasonably calculated to lead to the

18   discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "design,

19   development, certification, and testing," "each," "Qualcomm Baseband Processor ," and "parties

20   involved" as vague and ambiguous.

21   Qualcomm objects to this topic to the extent it calls for information or testimony

22   concerning products that are sold outside the United States, or which have not been

23   commercialized, or which have not been sold to any party to this action.  Qualcomm further

24   objects to this topic to the extent it requests information regarding components used in products

25   not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

26   information within the public domain or documents and information not in Qualcomm's

27   possession or are equally available and more appropriately obtained from the parties to this

28   action.  Qualcomm further objects to this topic to the extent it seeks documents or information

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

2  defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

3  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

4  product doctrine.

5  Qualcomm further objects to this topic to the extent it calls for information containing

6  proprietary, confidential, trade secret, and/or private information, and declines to provide any

7  such information that could subject Qualcomm to competitive disadvantage or business injury or

8  violate confidentiality agreements or the privacy interests of individuals.

9  Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

10  Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

11  order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

12  to meet and confer with Samsung in order to understand the asserted relevance and narrow the

13  scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

14  that cannot be obtained from a party to this action.

15  **DEPOSITION TOPIC NO. 21:**

16  The origin and ownership of the design, schematics, technical drawings, specifications

17  and/or working drawings used to manufacture the Qualcomm Baseband Processors.

18  **RESPONSE TO DEPOSITION TOPIC NO. 21:**

19  In addition to its General Objections to Document Requests and Deposition Topics,

20  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

21  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

22  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

23  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

24  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "origin and

25  ownership of," "design," "schematics," "technical drawings," "specifications," "and/or,"

26  "working drawings," "used to manufacture," and "Qualcomm Baseband Processors" as vague and

27  ambiguous.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1  commercialized, or which have not been sold to any party to this action.  Qualcomm further

2  objects to this topic to the extent it requests information regarding components used in products

3  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

4  information within the public domain or documents and information not in Qualcomm's

5  possession or are equally available and more appropriately obtained from the parties to this

6  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

7  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

8  defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

9  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

10  product doctrine.

11      Qualcomm further objects to this topic to the extent it calls for information containing

12  proprietary, confidential, trade secret, and/or private information, and declines to provide any

13  such information that could subject Qualcomm to competitive disadvantage or business injury or

14  violate confidentiality agreements or the privacy interests of individuals.

15      Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

16  Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

17  order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

18  to meet and confer with Samsung in order to understand the asserted relevance and narrow the

19  scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

20  that cannot be obtained from a party to this action.

21  **DEPOSITION TOPIC NO. 28:**

22      For each chip identified in response to Topic No.24 above, the ability of the chip to

23  perform non-scheduled transmissions.

24  **RESPONSE TO DEPOSITION TOPIC NO. 28:**

25      In addition to its General Objections to Document Requests and Deposition Topics,

26  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

27  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

28  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

2  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "For each

3  chip," "identified," "in response to Topic No.24 above," "ability of the chip," "perform," and

4  "non-scheduled transmissions" as vague and ambiguous.

5         Qualcomm objects to the topic to the extent it requires information beyond that required

6  by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Southern District

7  of California.  Qualcomm objects to this topic to the extent it calls for information or testimony

8  concerning products that are sold outside the United States, or which have not been

9  commercialized, or which have not been sold to any party to this action.  Qualcomm further

10  objects to this topic to the extent it requests information regarding components used in products

11  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

12  information within the public domain or documents and information not in Qualcomm's

13  possession or are equally available and more appropriately obtained from the parties to this

14  action.  Qualcomm further objects to this topic to the extent it seeks documents or information

15  covered by the attorney-client privilege, the work-product doctrine, common interest, joint

16  defense or any other applicable privileges or protections.  Qualcomm also objects to this topic the

17  extent it would require a conclusion or opinion of counsel in violation of the attorney work-

18  product doctrine.

19         Qualcomm further objects to this topic to the extent it calls for information containing

20  proprietary, confidential, trade secret, and/or private information, and declines to provide any

21  such information that could subject Qualcomm to competitive disadvantage or business injury or

22  violate confidentiality agreements or the privacy interests of individuals.

23         Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

24  Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

25  order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

26  to meet and confer with Samsung in order to understand the asserted relevance and narrow the

27  scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

28  that cannot be obtained from a party to this action.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

**DEPOSITION TOPIC NO. 29:**

For each chip identified in response to Topic No. 24 above, the ability of the chip to transmit control information for uplink packet data.

**RESPONSE TO DEPOSITION TOPIC NO. 29:**

In addition to its General Objections to Document Requests and Deposition Topics, Objections to Definitions, and Objections to Instructions, which are hereby incorporated by reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous. Qualcomm also objects to this topic to the extent that it calls for information and/or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Qualcomm also objects to the terms and phrases "For each chip," "identified," "in response to Topic No.24 above," "ability of the chip," "transmit," "control information," and "uplink packet data" as vague and ambiguous.

Qualcomm objects to the topic to the extent it requires information beyond that required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Southern District of California. Qualcomm objects to this topic to the extent it calls for information or testimony concerning products that are sold outside the United States, or which have not been commercialized, or which have not been sold to any party to this action. Qualcomm further objects to this topic to the extent it requests information regarding components used in products not at issue in the current action. Qualcomm also objects to this topic to the extent it calls for information within the public domain or documents and information not in Qualcomm's possession or are equally available and more appropriately obtained from the parties to this action. Qualcomm further objects to this topic to the extent it seeks documents or information covered by the attorney-client privilege, the work-product doctrine, common interest, joint defense or any other applicable privileges or protections. Qualcomm also objects to this topic the extent it would require a conclusion or opinion of counsel in violation of the attorney work-product doctrine.

Qualcomm further objects to this topic to the extent it calls for information containing proprietary, confidential, trade secret, and/or private information, and declines to provide any

1   such information that could subject Qualcomm to competitive disadvantage or business injury or

2   violate confidentiality agreements or the privacy interests of individuals.

3          Subject to the foregoing General and Specific Objections, Qualcomm responds as follows:

4   Qualcomm will not produce a 30(b)(6) witness for this topic without an appropriate protective

5   order and an agreement to limit any production to a reasonable scope.  Qualcomm will continue

6   to meet and confer with Samsung in order to understand the asserted relevance and narrow the

7   scope of this topic and identify the relevant, non-privileged information, if any, Samsung seeks

8   that cannot be obtained from a party to this action.

9   **DEPOSITION TOPIC NO. 30:**

10         For each chip identified in response to Topic No. 24 above, the ability of the chip to

11  comply with 3GPP Technical Specification 25.331.

12  **RESPONSE TO DEPOSITION TOPIC NO. 30:**

13         In addition to its General Objections to Document Requests and Deposition Topics,

14  Objections to Definitions, and Objections to Instructions, which are hereby incorporated by

15  reference, Qualcomm objects to this topic on the grounds that it is overly broad, unduly

16  burdensome, vague, and ambiguous.  Qualcomm also objects to this topic to the extent that it calls

17  for information and/or documents that are neither relevant nor reasonably calculated to lead to the

18  discovery of admissible evidence.  Qualcomm also objects to the terms and phrases "For each

19  chip," "identified," "in response to Topic No.24 above," "ability of the chip," "comply with," and

20  "3GPP Technical Specification 25.331" as vague and ambiguous.

21         Qualcomm objects to the topic to the extent it requires information beyond that required

22  by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Southern District

23  of California.  Qualcomm objects to this topic to the extent it calls for information or testimony

24  concerning products that are sold outside the United States, or which have not been

25  commercialized, or which have not been sold to any party to this action.  Qualcomm further

26  objects to this topic to the extent it requests information regarding components used in products

27  not at issue in the current action.  Qualcomm also objects to this topic to the extent it calls for

28  information within the public domain or documents and information not in Qualcomm's

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

Respectfully submitted,

Dated:  November 8 , 2012

McDERMOTT WILL & EMERY LLP


By: /s/ David H. Dolkas
David H. Dolkas
ddolkas@mwe.com
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, California 94025
Telephone:  +1 650 815 7400
Facsimile:   +1 650 815 7401

Brett E. Bachtell
bbachtell@mwe.com
McDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606
Telephone:  +1 312 372 2000
Facsimile:   +1 312 984 7700

Attorneys for Non-Party
QUALCOMM INCORPORATED

Apple Inc. v. Samsung Electronics Co., Ltd.                    Case No. 12-cv-00630-LHK
                                                               (N.D. Cal.)

### CERTIFICATE OF SERVICE

I, Ashleigh Ricardo, hereby certify that a copy of **NON-PARTY QUALCOMM**

**INCORPORATED'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS**

**CO., LTD'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** were

served November 7, 2012 as follows:

☒  **BY MAIL:**  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service or an express mail service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  **BY ELECTRONIC MAIL:**  I transmitted via electronic mail the documents listed above to the electronic mail addresses as set forth below

☐  **BY PERSONAL SERVICE:**  I served a true copy to each person[s] named at the address[es] shown.

Attorney for Samsung Electronics Co., Ltd.

Michael R. Heimbold                              By Email AND Federal Express
**Steptoe & Johnson LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
(310) 734-3200
mheimbold@steptoe.com

*Counsel for Samsung Electronics Co., Ltd.*

_____
Ashleigh Ricardo

DM_US 39392714-1.050278.0424

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park