# EXHIBIT 23

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for Defendants
   SAMSUNG ELECTRONICS CO., LTD.,
14 SAMSUNG ELECTRONICS AMERICA, INC.
   and SAMSUNG TELECOMMUNICATIONS
15 AMERICA, LLC

16                    UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18

19 APPLE INC., a California corporation,         CASE NO. 12-cv-00630-LHK

20            Plaintiff,                         **SAMSUNG'S FOURTH SET OF**
                                                 **INTERROGATORIES TO APPLE**
21     vs.                                       **(NOS. 27 - 37)**

22 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
23 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
24 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
25
              Defendants.
26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants and Counterclaimants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (together, "Samsung") request that Apple Inc. answer the following interrogatories ("Interrogatories"), in writing and under oath, within 30 days from the date of service hereof.

To the extent that any of these Interrogatories may at any time be supplemented, changed, or otherwise affected by information acquired by Apple subsequent to the service of its answers, Samsung directs Apple to promptly serve supplemental answers reflecting such changes pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The terms and phrases used in the Interrogatories have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms and phrases shall have the meanings set forth below whenever used in any Interrogatory:

1. The terms "SAMSUNG" and/or "DEFENDANTS" mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. The terms "APPLE," "YOU," "YOUR" and/or "PLAINTIFF" mean Apple Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in any of them, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on its behalf.

3. The term "'087 PATENT" shall mean U.S. Patent No. 7,756,087 and all parents, progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof and all foreign counterpart applications and patents which claims the same subject matter.

1       4.      The term "'596 PATENT" shall mean U.S. Patent No. 7,551,596 and all parents,
2  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
3  and all foreign counterpart applications and patents which claims the same subject matter.
4       5.      The term "'470 PATENT" shall mean U.S. Patent No. 7,672,470 and all parents,
5  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
6  and all foreign counterpart applications and patents which claims the same subject matter.
7       6.      The term "'757 PATENT" shall mean U.S. Patent No. 7,577,757 and all parents,
8  progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
9  and all foreign counterpart applications and patents which claims the same subject matter.
10      7.      The term "'058 PATENT" shall mean U.S. Patent No. 7,232,058 and all parents,
11 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
12 and all foreign counterpart applications and patents which claims the same subject matter.
13      8.      The term "'179 PATENT" shall mean U.S. Patent No. 6,292,179 and all parents,
14 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
15 and all foreign counterpart applications and patents which claims the same subject matter.
16      9.      The term "'449 PATENT" shall mean U.S. Patent No. 6,226,449 and all parents,
17 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
18 and all foreign counterpart applications and patents which claims the same subject matter.
19      10.     The term "'239 PATENT" shall mean U.S. Patent No. 5,579,239 and all parents,
20 progeny, continuations, applications, divisional applications, reexaminations, or reissues thereof
21 and all foreign counterpart applications and patents which claims the same subject matter.
22      11.     The phrase "SAMSUNG PATENTS-IN-SUIT" means the '087 PATENT, the '596
23 PATENT, the '470 PATENT, the '757 PATENT, the '058 PATENT, the '179 PATENT, the '449
24 PATENT, the '239 PATENT.
25      12.     The phrase "APPLE PATENTS-IN-SUIT" means United States Patent Nos.
26 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; 8,086,604, and
27 each of them.
28

1          13.     The phrase "APPLE ACCUSED PRODUCT" shall mean electronic devices that
2  allow for communications and data transfer over networking including establishing data
3  connections, execution of user operations and audio play back of digital data that are
4  manufactured, distributed, and/or sold by You or Your parent, subsidiary, or affiliate companies or
5  on Your behalf, or on behalf of Your parent, subsidiary, or affiliate companies anywhere in the
6  world, at any time between September 14, 2012 through the pendency of the LITIGATION,
7  including each and every Apple product that Samsung has identified as infringing in any of its
8  complaints or infringement contentions served in this action.  The term shall include, without
9  limitation, the following devices: all versions of the Apple iPhone 4, the Apple iPhone 4S, the
10 iPhone 5, the iPad 2, the iPad 3, the iPad 4, the iPad Mini; the iPod Touch; Macs; iMacs;
11 Macbooks, and PCs running iTunes.  To the extent any additional products are added to the case,
12 either by order or stipulation, those products are also subject to this definition.
13         14.     The term "LITIGATION" means the above-referenced action, 12-cv-00630 (LHK)
14 in the United States District Court for the Northern District of California.
15         15.     The term "COMPLAINT" refers to APPLE's "Complaint for Patent Infringement"
16 filed February 8, 2012, in the Litigation.
17         16.     The phrase "ANSWER AND COUNTERCLAIMS" refers to SAMSUNG's
18 "Answer, Defenses, and Counterclaims to Apple's Amended Complaint" filed May 31, 2012, in
19 the LITIGATION.
20         17.     The phrase "ANSWER AND COUNTERCLAIMS IN REPLY" refers to "Apple
21 Inc.'s Answer, Defenses, and Counterclaims in Reply to Samsung's Counterclaims" filed
22 September 14, 2012, in the LITIGATION.
23         18.     The term "3GPP" shall mean the organization known as the 3rd Generation
24 Partnership Project which specifies, develops, and promulgates technical specifications for
25 wireless networks.
26         19.     The term "HSDPA" shall mean High-Speed Downlink Packet Access, the mobile
27 telecommunications protocol.
28

20. The term "HSUPA" shall mean High-Speed Uplink Packet Access, the mobile telecommunications protocol.

21. The term "HSPA+" shall mean Evolved High-Speed Packet Access, the mobile telecommunications protocol.

22. The term "Software" shall include source code, hardware code, machine code, assembly code, or code written in any programming language, and code that can be compiled or acted upon by a processor, any listings or printouts thereof, and any release notes describing the features or modifications of such code.

23. The term "Executable Software" shall mean computer files containing encoded instructions capable of being executed by a processing unit (e.g., central processing unit, micro-controller), and any release notes describing the features or modifications of such files. The term shall include, without limitation, firmware and executable binary files.

24. The term "Hardware" includes all constituted parts of a device including, but not limited to, assemblies, subassemblies, modules, individual integrated circuits, chipset, chipsets, software, hardware-based capabilities, and/or application specific integrated circuits.

25. The term "Baseband Processor" shall mean a processor in a mobile telecommunications device that is mainly used to process communication functions.

26. The term "PERSON(S)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

27. The term "DOCUMENT(S)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation include tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "DOCUMENT(S)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

28. The term "COMMUNICATION(S)" means the transmittal of information in the form of facts, ideas, inquiries, and any exchange or transfer of information whether written, oral, electronic, or in any form.

29. The phrase "TANGIBLE THING(S)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law.

30. The term "DATE(S)" means the exact date(s), if known, or the closest approximation to the exact date(s) as can be specified, including without limitation the year, month, week in a month, or part of a month.

31. The terms "ENTITY" and/or "ENTITIES" mean, including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or PERSONS other than a natural PERSON.

32. The phrases "THIRD PARTY" and/or "THIRD PARTIES" mean all persons who are not parties to this LITIGATION, as well as their officers, directors, employees, agents and attorneys.

33. The terms "RELATING," "RELATED," and "RELATES" mean regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

34. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

35. The use of the singular form of any word includes the plural and vice versa.

36. The singular is to be construed as including the plural and vice versa. "AND" as well as "OR" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope. The term "ALL" is to be construed to mean "ANY" and "EACH" and vice versa.

1        37.     "INCLUDING" shall be construed to mean "including, without limitation" or
2 "including, but not limited to."

3        38.     The term "IDENTIFY" means (1) when referring to a PERSON, the PERSON'S
4 full name, present OR last known address AND telephone number, AND the last known title AND
5 place of employment; (2) when referring to non-patent DOCUMENTS, the production number OR
6 type of DOCUMENT, its general nature AND subject matter, DATE of creation, AND ALL
7 author(s), addresses(s), and recipient(s); AND (3) when referring to patent DOCUMENTS, the
8 country, patent AND/OR application number, dates of filing, publications, AND grant, AND the
9 names of patentees OR applicants.

10       39.     The term "DESCRIBE," when used in relation to an act, event, instance, occasion,
11 transaction, conversation, OR COMMUNICATION, means (a) to state the DATE AND place
12 thereof; (b) to identify the individual participants; (c) to summarize separately for EACH
13 individual participant what he said OR did; AND (d) to IDENTIFY each DOCUMENT used OR
14 prepared in connection therewith OR making ANY reference thereto.

## INSTRUCTIONS

16       1.      If APPLE contends that ANY Interrogatory is objectionable in whole OR in part,
17 please state with particularity each objection, the basis for it, AND the categories of information to
18 which the objection applies, AND respond to the Interrogatory insofar as it is not deemed
19 objectionable.

20       2.      If APPLE finds the meaning of ANY term OR phrase in these Interrogatories
21 unclear, please assume a reasonable meaning, state what the assumed meaning is, AND respond to
22 the Interrogatory according to the assumed meaning.

23       3.      If APPLE is withholding OR intends to withhold ANY information requested by an
24 Interrogatory by reason of the attorney-client privilege, work-product doctrine, OR other privilege,
25 doctrine, OR immunity, please provide a privilege log identifying: (i) the information,
26 DOCUMENT, OR COMMUNICATION alleged to be so protected by author, subject matter,
27 DATE, number of pages, attachments, AND appendices; (ii) the names AND job titles of ALL
28 recipients of the information, DOCUMENT, OR COMMUNICATION, including blind copy

1  recipients AND ANY individual to whom the information, DOCUMENT, OR
2  COMMUNICATION was distributed, shown, OR explained; (iii) the information, DOCUMENT,
3  OR COMMUNICATION'S current custodian; AND (iv) ALL bases, factual AND legal, on which
4  such protection from discovery rests. Please provide this log at the time YOU serve YOUR
5  responses to these Interrogatories.
6      4.   The following Interrogatory shall be deemed continuing so as to require
7  supplementation in the event that APPLE obtains additional knowledge OR information
8  responsive to the Interrogatories.
9
10                        **INTERROGATORIES**
11 **INTERROGATORY NO. 27**
12      Identify by Bates Number all DOCUMENTS or things on which APPLE intends to rely at
13 trial in this LITIGATION, including but not limited to all DOCUMENTS APPLE will use to
14 support its claims of infringement on the APPLE PATENTS-IN-SUIT, its claims that the APPLE
15 PATENTS-IN-SUIT are valid and enforceable, its damages and injunctive relief claims for the
16 APPLE PATENTS-IN-SUIT, its claims that it does not infringe the SAMSUNG PATENTS-IN-
17 SUIT, its claims that the SAMSUNG PATENTS-IN-SUIT are invalid or unenforceable, its claims
18 RELATING to Samsung's claims for damages and injunctive relief on the SAMSUNG
19 PATENTS-IN-SUIT, and any other claims, affirmative defense, or counterclaim APPLE has or
20 will assert in this LITIGATION.
21
22 **INTERROGATORY NO. 28**
23      Separately for each APPLE ACCUSED PRODUCT, IDENTIFY: (1) the Baseband
24 Processor used (listed by name, model number, serial number, part number, and internal code
25 name); (2) the Executable Software incorporated or installed in the Baseband Processor (listed by
26 file name, Build ID, and Software release version); (3) the 3GPP Release(s) supported (including
27 which versions and subversions of the 3GPP specification are supported within each Release); (4)
28

1  the version(s) of HSUPA supported; (5) the version(s) of HSDPA supported, and (6) the version(s)
2  of HSPA+ supported, and IDENTIFY any documents which reflect these categories of documents.
3
4  **INTERROGATORY NO. 29**
5      Separately for each APPLE ACCUSED PRODUCT and each Baseband Processor,
6  IDENTIFY the Software or portions of Software, including corresponding Software Build IDs,
7  Software release versions, file name, and line numbers, for (1) performing non-scheduled
8  transmissions, and (2) forming and transmitting control information for an uplink packet data
9  service, including forming and transmitting a MAC-e PDU, or state which of these functions are
10 not performed by the APPLE ACCUSED PRODUCT or Baseband Processor.
11
12 **INTERROGATORY NO. 30**
13     For each APPLE ACCUSED PRODUCT, IDENTIFY whether APPLE contends that
14 product complies with the 3GPP Standard, including compliance with 3GPP Technical
15 Specification 25.331 v.6.0.0 or later, 25.321 v.6.0.0 or later, and 25.309 v.6.0.0 or later.  If APPLE
16 contends that an APPLE ACCUSED PRODUCT does not comply with the 3GPP Standard or
17 Technical Specification, APPLE should so state.
18
19 **INTERROGATORY NO. 31**
20     Describe any testing performed on each APPLE ACCUSED PRODUCT, including by or
21 with any third party, for certification of compliance with 3GPP standards and/or for compliance
22 with a 3GPP carrier's network.
23
24 **INTERROGATORY NO. 32**
25     For each APPLE ACCUSED PRODUCT, IDENTIFY by Bates Number the final
26 submitted and completed version (completed by Apple and submitted to AT&T) of the following
27 documents:
28     (1) AT&T Device Requirements Document (AT&T Document # 13340);

(2) Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and

(3) Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T Document # 10776)

**INTERROGATORY NO. 33**

Separately for each APPLE ACCUSED PRODUCT, IDENTIFY: (1) each and every still and video camera used (listed by manufacturer, name, model number, serial number, part number, and internal code name); (2) each and every camera module and/or camera processor used (listed by manufacturer, name, model number, serial number, part number, and internal code name); (3) each and every image and/or image signal processor used (listed by manufacturer, name, model number, serial number, part number, and internal code name); (4) each and every RF communication module used (identified by manufacturer, name, model number, serial number, part number, and internal code name); (5) each and every applications processor used (identified by manufacturer, name, model number, serial number, part number, and internal code name; (6) each and every physical or electrical connection between each of these components, each other, and each baseband processor; (7) the Executable Software incorporated or installed in each of these components (listed by file name, Build ID, and Software release version); (8) to the extent any of the software complies with any camera or image related standard, IDENTIFY the standards and portions of the standards the software complies with, and IDENTIFY any documents which reflect these categories of documents.

**INTERROGATORY NO. 34**

Separately for each APPLE ACCUSED PRODUCT and each component identified in Interrogatory No. 28, IDENTIFY (1) the Software or portions of Software, including corresponding Software Build IDs, Software release versions, file name, module names, and line numbers, (2) the location of that software (e.g., the applications processor), and (3) the author and/or authors of that software, for: capturing image signals and/or data; digitizing image signals and/or data; compressing image signals and/or data; storing image signals and/or data;

1  transmitting image signals and/or data; receiving image signals and/or data; exchanging signals
2  and/or data with another device; storing image signals and/or data received from another device;
3  decompressing image signals and/or data; splitting image data and/or signals; organizing image
4  data and/or signals; or state which of these functions are not performed by any component in an
5  APPLE ACCUSED PRODUCT.

7  **INTERROGATORY NO. 35**
8  For each feature identified in Samsung's infringement contentions for each SAMSUNG
9  PATENT, describe each way Apple markets, promotes, teaches, instructs, demonstrates,
10 advertises, or otherwise shows customers and/or end users each identified feature for each APPLE
11 ACCUSED PRODUCT, and identify any documents which reflect the same.

13 **INTERROGATORY NO. 36**
14 Separately for each APPLE ACCUSED PRODUCT, IDENTIFY (including, where
15 applicable, by manufacturer, name, model number, serial number, part number, internal code
16 name, circuit, and circuit schematic and/or portion thereof); (1) each and every component that
17 converts an optical image into an analog signal, including without limitation each CMOS image
18 sensor; (2) each and every component that converts an optical analog signal to a digital signal,
19 including without limitation each analog-to-digital converter; (3) each and every component that
20 compresses image and/or video signals, including, for example and without limitation, the image
21 and/or video encoder module(s) or logic block(s) of an A4, A5 or A6 processor; (4) each and
22 every component which stores compressed image and/or video signals into memory, including, for
23 example and without limitation, the interface circuit to NAND flash memory; (5) each and every
24 component which decompresses image and/or video signals, including, for example and without
25 limitation, the image and/or video decoder module(s) or logic block(s) of an A4, A5 or A6
26 processor; (6) each and every component which reproduces and displays a decompressed image
27 and/or video signal, including, for example and without limitation, the graphics module(s) or
28 GPU(s) of an A4, A5 or A6 processor; (7) each and every component which reproduces a sound

1  signal associated with a video signal; (8) each and every compression method used to store or
2  record images captured with the APPLE ACCUSED PRODUCT's camera(s), including, for
3  example and without limitation, JPEG; (9) each and every compression method supported for
4  display and/or playback of stored or recorded images, including, for example and without
5  limitation, JPEG; (10) each and every compression method used to store or record videos captured
6  with the APPLE ACCUSED PRODUCT's camera, including, for example and without limitation,
7  MPEG4 and H.264; (11) each and every compression method supported for display and/or
8  playback of stored or recorded videos, including, for example and without limitation, MPEG4 and
9  H.264.

**INTERROGATORY NO. 37**

Separately for each APPLE ACCUSED PRODUCT, IDENTIFY (including, where applicable, by manufacturer, name, model number, serial number, part number, internal code name, circuit, and circuit schematic and/or portion thereof); (1) each and every speaker; (2) each and every stereo headphone jack; (3) each and every audio processing component, including, for example and without limitation, each audio codec chip; (4) each and every display; (5) each and every processor; (6) each and every touchscreen control and/or sensor circuit, including, for example and without limitation, each touchscreen or trackpad controller chip.

| | | |
|---|---|---|
| 1 | DATED:  January 11, 2013 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | |
| 5 | | By  */s/ Amar L. Thakur* |
| 6 | | Charles K. Verhoeven<br>Kevin P.B. Johnson |
| 7 | | Victoria F. Maroulis<br>William C. Price |
| 8 | | Attorneys for Defendants<br>SAMSUNG ELECTRONICS CO., LTD., |
| 9 | | SAMSUNG ELECTRONICS AMERICA, INC. |
| 10 | | and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

**CERTIFICATE OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 50 California St., 22nd Floor, San Francisco, CA 94111.

On January 11, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S THIRD SET OF INTERROGATORIES TO APPLE**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC**. | **ATTORNEYS FOR APPLE INC.** |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA   94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from alexbinder@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 11, 2012, at San Francisco, California.

*/s/ Alex Binder*