# EXHIBIT 27

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL: (213) 443-3000  FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

March 6, 2013

**VIA E-MAIL**

Peter J. Kolovos
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Re:   *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 12-cv-0630 LHK (PSG)

Dear Counsel:

I write regarding Apple's Objections and Responses to Samsung's Fourth Set of Interrogatories (Apple's "Responses").  While this letter points to a number of deficiencies in Apple's Responses that are of immediate concern, Samsung's investigation is on-going and this letter should by no means be taken as a final or comprehensive list of deficiencies.  Please note that further details concerning Apple's Responses—as they relate to the Qualcomm baseband chips in the Apple accused products—are also contained in my letter dated February 28, 2013, and therefore this letter should be reviewed in conjunction with my February 28 letter.  As explained below, Apple's on-going failures to correct these deficiencies continue to significantly prejudice Samsung.

**Global Issues**

Apple has made numerous boilerplate objections on such bases as vagueness, ambiguity, or overbreadth; confidentiality; third party confidentiality; containing subparts; irrelevance; undue burden; and requiring information outside of Apple's control.  For each instance in which Apple

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000  FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

02198.51990/5201169.1

is relying on its vagueness, ambiguity, or overbreadth objections as a basis for a refusal to respond, or a refusal or inability to respond in full, please provide a detailed explanation of the basis for Apple's position, including by identifying each allegedly vague, ambiguous, or overbroad term along with an explanation of what Apple purports not to understand about the same. With regard to any other objection that Apple relies on as a basis for a refusal or inability to answer in full, please articulate the specific objection, along with a detailed explanation of how it affects Apple's response.

**Apple's Response to Interrogatory No. 27**

This Interrogatory seeks the identity by Bates Number of all documents or things on which Apple intends to rely at trial, including documents that support Apple's claims of infringement, its claims that Apple's patents-in-suit are valid and enforceable, its damages and injunctive relief claims, its claims that it does not infringe Samsung's patent-in-suit and/or that the Samsung patents-in-suit are invalid or unenforceable, its claims relating to Samsung's claims for damages and injunctive relief, and any other claims, affirmative defense, or counterclaim Apple has or will assert in this litigation. Apple objects that the interrogatory is "premature in light of deadlines for the disclosure of trial exhibits." Apple's response then simply incorporates by reference its invalidity and infringement contentions.

Apple's refusal to provide a complete response to this Interrogatory is untenable. The Interrogatory does not seek a list of Apple's trial exhibits or other pre-trial disclosures. Rather, it seeks all documents containing information supporting Apple's allegations based on its patents-in-suit, as well as defenses for the Samsung patents-in-suit, all of which Samsung is entitled to at this point in discovery. Apple cannot wait until it files its pre-trial disclosures to disclose the information it intends to rely upon at trial in support of its claims and defenses, as it will then be too late for Samsung to seek depositions and other discovery regarding this information.

Moreover, Apple's incorporation by reference of its invalidity and infringement contentions is not fully responsive to the Interrogatory, which seeks information related to Apple's damages and injunctive relief claims and defenses, as well as any other affirmative defenses Apple plans to assert in this case. Please provide a supplemental response to this Interrogatory.

**Apple's Response to Interrogatory No. 28**

This Interrogatory seeks, for each Apple Accused Product, the identity of: (1) the Baseband Processor used (listed by name, model number, serial number, part number, and internal code name); (2) the Executable Software incorporated or installed in the Baseband Processor (listed by file name, Build ID, and Software release version); (3) the 3GPP Release(s) supported (including which versions and subversions of the 3GPP specification are supported within each Release); (4) the version(s) of HSUPA supported; (5) the version(s) of HSDPA supported, and (6) the version(s) of HSPA+ supported, and IDENTIFY any documents which reflect these categories of documents. There are a number of deficiencies with Apple's response.

First, Apple improperly and unilaterally restricted its response to this Interrogatory to only the '087 and '596 patents, and accordingly, did not respond for any products that are accused of infringing other patents. This Interrogatory is applicable to other patents, such as the '239

patent, which includes such claim terms as "means for transmitting the composite signal." Please confirm that Apple will supplement its response to this Interrogatory for all versions of products accused of infringing the '239 patent.

Next, to the extent Apple did provide a response, it is woefully inadequate. Apple responded only to part (1) of this Interrogatory (a response that, in itself, is incomplete), and then simply failed to respond to parts (2) through (6).

There are at least two issues with regard to Apple's response to part (1). First, in addition to identification of the Baseband Processor used, this interrogatory also requests "internal code names" for the Baseband Processor(s). Samsung is aware that Apple uses internal codenames, such as "Maverick" to refer to its baseband processors. Please confirm Apple will supplement its response to identify each and every internal code name that has been used by Apple to refer to each baseband processor. Second, Samsung notes that the documents that were identified in Apple's response are almost two years old. Please confirm that Apple will supplement its response to include recent responsive information.

With regard to parts (2) through (6), there is no justification for Apple's refusal to respond, as this information is easily obtainable by Apple. For example, for (2), Apple already made available for inspection the relevant Intel and Qualcomm source code found on the baseband processors in the accused Apple products. Since Apple has already identified and made this code available, it has essentially already collected information regarding the file names, Build IDs, and Software Release versions of the relevant code. There is no justification for Apple's refusal to provide the information collected and determined at this point. For Parts (3) – (6), this information is also readily available to Apple. In fact, Apple has already made admissions related to these questions for the products that were at issue in the previous cases (all accused products for the standards patents except the iPhone 5, iPad Mini, iPad 3, iPad 4). These are *Apple* products, so the burden for Samsung to ascertain this information is not the same as the burden for Apple. Indeed, it is reasonable to assume that Apple would know its products better than Samsung would know Apple's products, and that Apple can more easily provide information related to the relevant documents and custodians with this information. Moreover, the documents Apple identified as responsive to this Interrogatory do not provide the information requested, but instead appear to be only partial testing documents that do not provide Samsung with a complete list of 3GPP versions supported by the Apple Accused Products.

Please note that further specific details concerning Apple's response to this Interrogatory as it relates to the Qualcomm baseband clips in the Apple accused products are also contained in my letter dated February 28, 2013. Please confirm that Apple will supplement this Interrogatory response to correct the deficiencies noted above and in my February 28 letter.

**Apple's Response to Interrogatory No. 29**

This Interrogatory seeks, for each Apple Accused Product and each Baseband Processor, the identity of the Software or portions of Software, including corresponding Software Build IDs, Software release versions, file name, and line numbers, for (1) performing nonscheduled transmissions, and (2) forming and transmitting control information for an uplink packet data

service, including forming and transmitting a MAC-e PDU, or state which of these functions are not performed by the Apple Accused Product or Baseband Processor.

Apple states in its response that this Interrogatory involves third party software and therefore "the information currently available to Apple is insufficient to permit Apple to identify the software of portions of software that perform the identified functions." Samsung challenges this representation. Apple made available for inspection the relevant Intel and Qualcomm code; it therefore follows that Apple must understand the code to determine which portions of the code were relevant to performing the functionality set forth in the Interrogatory. Furthermore, just like for part (2) in Interrogatory No. 28, Apple already made available for inspection the relevant Intel and Qualcomm source code so it already has within its possession the Software Build IDs and Software release versions.

Please note that further specific details concerning Apple's response to this Interrogatory as it relates to the Qualcomm baseband clips in the Apple accused products are also contained in my letter dated February 28, 2013. Please confirm that Apple will supplement its response to this Interrogatory.

**Apple's Response to Interrogatory No. 30**

This Interrogatory asks Apple to identify, for each Apple Accused Product, whether it contends that product complies with the 3GPP Standard, including compliance with 3GPP Technical Specification 25.331 v. 6.0.0 or later, 25.321 v. 6.0.0 or later, and 25.309 v. 6.0.0 or later. If Apple contends that an Apple accused product does *not* comply with the 3GPP Standard or Technical Specification, the interrogatory asks Apple to so state. Apple responds that the information in its possession is "insufficient" to enable it state whether it contends that the Apple products that Samsung has accused of infringing the '087 and '596 patents comply with the 3GPP Standard.

This information is readily available to Apple. Regardless of whether the software for the baseband processors at issue is third party software, it is contained in *Apple* products; it is reasonable to assume that Apple can identify the software or portions of software that perform the identified functions and to fully respond to this interrogatory. Please confirm that Apple will supplement its response.

**Apple's Response to Interrogatory No. 31**

This Interrogatory asks Apple to "[d]escribe any testing performed on each Apple Accused Product, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network." Apple again responds that the burden of ascertaining the information responsive to this Interrogatory is substantially the same for Apple as it is for Samsung. Again, not so. This Interrogatory seeks information on *Apple* products, so the burden for Samsung to ascertain this information is not the same as the burden for Apple. It is reasonable to assume that Apple would know its products better than Samsung would know Apple's products and that Apple would know the testing procedures it takes to test

its products better than Samsung would know Apple's procedures.  Apple knows the relevant documents and knows the custodians with this information.
In addition, Apple's response contains a list of documents similar (if not exactly the same as) the list it cites in response to Interrogatory No. 28.  The documents Apple identified as responsive to Interrogatory No. 31 – partial testing documents that are almost two years old – do not provide the information requested in Interrogatory No. 31.  Please confirm that Apple will supplement its response to this Interrogatory.

**Apple's Response to Interrogatory No. 32**

This Interrogatory requests:

> For each APPLE ACCUSED PRODUCT, IDENTIFY by Bates Number the final submitted and completed version (completed by Apple and submitted to AT&T) of the following documents:
>
> (1) AT&T Device Requirements Document (AT&T Document # 13340);
>
> (2) Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and
>
> (3) Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T Document # 10776).

Notably, Apple does not dispute the relevance of this request to the extent the Interrogatory seeks information about the Apple accused products that does not extend beyond "the components, functionalities, or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or that Samsung has placed at issues in this case in its Patent Rule 3-1 Disclosures." Yet once again, Apple responds only that it will produce documents, and that the "burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as it is for Samsung."

Apple's response is wholly improper.  This Interrogatory seeks information regarding *Apple created documents*.  Therefore, it is clearly easier for Apple to obtain the responsive information than it would be for Samsung to obtain this information.  Apple submits one final version of these documents per product to AT&T, so it can easily determine which documents are the final version and which documents are drafts.  *See, e.g.*, Jason Shi Feb. 24, 2012 Dep. Tr. at 69:3-6, 81:14-82:11.  Furthermore, Jason Shi, Apple's corporate representative in the '794 Investigation, testified that he could not determine what product the documents applied to or whether the document was a final or a draft version simply by looking at the document.  *See, e.g.*, Jason Shi Feb. 24, 2012 Dep. Tr. at 75:5-76:9, 78:9-14.  If Apple's own corporate representative could not ascertain this information simply by looking at the documents, Samsung cannot ascertain this information.  But Apple itself will know and have access to the individuals who will be able to ascertain this information.  Please confirm that Apple will supplement its response to provide the requested information.

**Apple's Response to Interrogatory Nos. 33 and 36**

These Interrogatories seek specific identifying information about each Apple Accused Product, with regard to features of the '239 patent (Interrogatory No. 33) and the '449 patent (Interrogatory No. 36). In both instances, Apple does not dispute the relevance of the requests to the extent the Interrogatories seek information about the Apple accused products that does not extend beyond "the components, functionalities, or technologies of those products that may be relevant to the Samsung's patents-in-suit, and/or that Samsung has placed at issues in this case in its Patent Rule 3/1 Disclosures." Instead, in response to each, Apple improperly invoked Federal Rule of Civil Procedure 33(d), by citing Bates Numbers for enough documents to fill over 20 banker's boxes.

Apple's assertion that "the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung" is not true. Unlike Apple, Samsung does not have access to engineers and records held at Apple. Samsung does not have the knowledge regarding the documents to properly interpret them and ascertain the information. Samsung served this Interrogatory to ascertain this information prior to deposing Apple's engineers, and Samsung is entitled to the discovery it seeks before deposing Apple's engineers.

For example, Apple cites APL630DEF-WH0000041556-43165. This is a 1600+ page document that was apparently, at one point, an excel document. Although the document lists apparent "part numbers," it is impossible for Samsung to ascertain (1) what product it is related to; (2) how to identify each part; (3) how to find the requested information in the 1600+ pages of excel document entries; and (4) whether the manufacturer is even identified in the document, and if so, where to find that manufacturer. This is just one of many documents of this sort that Apple cited in response to interrogatories 33 and 36.

As further evidence of the insufficiency of Apple's responses, Apple cited the exact same documents for Interrogatory Nos. 33 and 36, even though the two interrogatories ask for different information and relate to different patents.

Finally, it is improper to shift the burden of determining whether Apple has provided information regarding all accused products to Samsung. For at least these reasons, please confirm that Apple will provide a complete response to this Interrogatory.

**Apple's Response to Interrogatory No. 34**

This Interrogatory requests:

> Separately for each APPLE ACCUSED PRODUCT and each component identified in Interrogatory No. 28, IDENTIFY (1) the Software or portions of Software, including corresponding Software Build IDs, Software release versions, file name, module names, and line numbers, (2) the location of that software (e.g., the applications processor), and (3) the author and/or authors of that software, for: capturing image signals and/or data; digitizing image signals and/or data; compressing image signals and/or data; storing image signals and/or data; transmitting image signals and/or data; receiving image signals and/or data;

>exchanging signals and/or data with another device; storing image signals and/or data received from another device; decompressing image signals and/or data; splitting image data and/or signals; organizing image data and/or signals; or state which of these functions are not performed by any component in an APPLE ACCUSED PRODUCT.

Apple has failed to provide a response to this Interrogatory.  Notably, Apple invoked Federal Rule of Civil Procedure 33(d), but failed to even identify any documents from which Samsung could ascertain an answer.  Moreover, Samsung notes that any reference to 33(d) will likely also be insufficient, particularly given Apple's response to Interrogatory 33.  Please confirm Apple will provide a complete response to this Interrogatory.

**Apple's Response to Interrogatory No. 35**

This Interrogatory seeks, for each feature identified in Samsung's infringement contentions for each Samsung patent, a description of "each way Apple markets, promotes, teaches, instructs, demonstrates, advertises, or otherwise shows customers and/or end users each identified feature for each APPLE ACCUSED PRODUCT, and identify any documents which reflect the same."

Again Apple's response is woefully inadequate.  Like its responses to Interrogatory Nos. 33 and 36, Apple does not dispute the general relevance of the information, but instead cites an incredible number of documents with no explanation, leaving Samsung to guess Apple's response to the Interrogatory.

First, most of the documents Apple cites are prior art, which are not only unresponsive to this Interrogatory but also make it more difficult for Samsung to identify the information it seeks because it requires Samsung to sift through numerous unresponsive documents to find what it requested.  Second, the remaining documents are public user manuals for a handful of accused products.  Notably absent from Apple's response is at least:  (1) internal marketing plans or other information; (2) advertisements; (3) Apple's advertisement plans; (4) information regarding advice, insight and hands-on technical support provided at Apple's Genius Bars; and (5) any other information responsive to this Interrogatory.

Moreover, even the user guides identified by Apple are inadequate, as Apple did not identify user guides for all accused products.  For example, there is no user guide identified for the iPad Mini.  Nor is there a user guide for computer operating systems other than Mac OS X, iOS 6.0, iOS 5.0, iOS 4.0, iOS 3.0, or the iPhone 3GS, 4, 4S, or 5.  There are no user guides for the various Apple computers accused of infringement, nor are there user guides for the various versions of Mac OS X such as Panther, Tiger, Lion, Mountain Lion, Leopard, and Snow Leopard.  Moreover, certain user guides for certain versions of operating systems are produced for only certain products.  Please confirm that Apple will provide a complete response to this Interrogatory, and produce all responsive documents that have not yet been produced.

**Apple's Response to Interrogatory No. 37**

This Interrogatory requests:

> Separately for each APPLE ACCUSED PRODUCT, IDENTIFY (including, where applicable, by manufacturer, name, model number, serial number, part number, internal code name, circuit, and circuit schematic and/or portion thereof); (1) each and every speaker; (2) each and every stereo headphone jack; (3) each and every audio processing component, including, for example and without limitation, each audio codec chip; (4) each and every display; (5) each and every processor; (6) each and every touchscreen control and/or sensor circuit, including, for example and without limitation, each touchscreen or trackpad controller chip.

Rather than provide a substantive response, Apple has once again simply cited a long list of documents with no explanation, leaving Samsung to guess Apple's response to the Interrogatory. Apple's reliance on Federal Rule of Civil Procedure 33(d) in its response to this request highlights the inadequacy of its responses to this entire set of Interrogatories. Apple cannot credibly argue, for example, that the burden of ascertaining which audio codec chip corresponds to which Apple accused product is substantially the same for Apple and Samsung. Just one of the documents cited by Apple in response to this Interrogatory comprises more than 46,000 pages (APL630DEF-WH0000039902 – APL630DEF-WH0000086511). Nothing in this document, or any other documents cited by Apple, identifies for Samsung the "manufacturer, name, model number," etc., of the audio codec chip used in each accused Apple product. Only Apple can ascertain and produce that information and, as we stated before, Samsung is entitled to the discovery it seeks before deposing Apple's engineers.

****

For at least all the reasons noted above, Apple's failure to adequately respond to Samsung's Interrogatories is unjustified and continues to prejudice Samsung's ability to conduct discovery and develop its case. Please confirm no later than March 13, 2013 that Apple will supplement its interrogatory responses and produce all responsive documents to correct the deficiencies noted above.

Very truly yours,

*Amar L. Thakur*

Amar L. Thakur

02198.51990/5201169.1