# EXHIBIT 28

quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

April 23, 2013

Peter J. Kolovos, Esq.
WilmerHale
60 State Street
Boston, Massachusetts 02109

Re: Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630 (N.D.Cal.)

Dear Counsel:

I write in response to your letter of March 29, 2013 (Apple's "Letter") regarding Apple's Supplemental Objections and Responses to Samsung's Fourth Set of Interrogatories (Apple's "Response") and Apple's Supplemental Objections and Responses to Samsung's Fourth Set of Interrogatories (Apple's "Supplemental Response").

**Interrogatory No. 28**

Interrogatory No. 28 requests certain information related to the baseband processors found in the Apple Accused Products. Though this interrogatory is limited to the Apple Accused Products, your Supplemental Response renews Apple's unmeritorious over-breadth objection.

Subparts (1) and (2) ask, among other things, that Apple identify the model number, serial number, part number, and internal code name for each baseband processor; and file name, build ID and software release version for the executable software on each baseband processor. As explained in Samsung's letter of February 28, 2013, this information is readily available to Apple, and indeed, Apple must have already determined (at least) the Qualcomm source code releases that are incorporated in the accused Apple products, since it has produced Qualcomm source code.

Your Letter does not dispute this fact. Indeed, Apple's Supplemental Response does provide some responsive information. However, Apple's response remains deficient. Apple fails to provide the code names for every baseband chip it identifies; fails to provide any Build IDs for the software versions loaded onto each accused device; and fails to provide any Build IDs for the software release versions.

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666 FAX +7 495 797 3667

Please provide a further supplemental response immediately.

**Interrogatory No. 29**

Your Letter appears to ignore Interrogatory No. 29, which requests that Apple identify for each baseband processor in an accused product, the "Software or portions of Software, including corresponding Software Build IDs, Software release versions, and line numbers for (1) performing non-scheduled transmissions; and (2) forming and transmitting control information for an uplink packet data service; or state which of these functions are not performed by the accused products."

Meanwhile, Apple's Supplemental Response provides, again, only some responsive information. Apple's Supplemental Response to Interrogatory No. 29 fails to identify any software Build IDs, Software release versions, or line numbers. Moreover, Apple's Supplemental Response includes only references to Qualcomm code, and no references to Intel code. Apple's must identify all responsive code.

Please provide a further supplemental response immediately.

**Interrogatory No. 30**

This Request asks "whether Apple contends that [each Apple Accused] Product complies with the 3GPP Standard, including compliance with 3GPP Technical Specifications 25.331 v.6.0.0 or later, 25.321 v.6.0.0 or later, and 25.309 v.6.0.0 or later." Apple's Response states that it has insufficient information available to it to state whether it contends that the Apple Accused Products comply with the 3GPP standards, while Apple fails to address this Interrogatory at all in its Supplemental Response. Apple's Response is simply not credible and, in any event, is not responsive.

Your Letter relies on the testimony of Jason Shi in the 1846 matter to support its position that Apple does not know whether its own products are 3GPP compliant. This reliance is inappropriate for at least three reasons, and ignores the fact that Apple's own documents show that Apple does not know which products comply with the 3GPP standards.

*First*, Jason Shi (who did not even review any documents to prepare for his deposition) (Shi Dep. Tr. 10:2-13), was not necessarily the most knowledgeable Apple employee about standards, or even necessarily properly prepared. *See Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003) (30(b)(6) witness need not be the most knowledgeable person about the matters designated). When responding to interrogatories, however, Apple must answer on the basis of all available information, including information known to counsel and other agents. Fed. R. Civ. P. No. 26(e); William Schwarzer, Federal Civil Procedure Before Trial, The Rutter Group (2012) at 11:1661 ("Interrogatories require the answering party to disclose all information *available* to him, her or it, not just matters actually known." Emphasis in original).

Apple, as mentioned, has access to the publicly available documents that define the 3GPP standards. And Apple has access to the code running on its own products. In fact, Apple has already performed extensive analysis of the code. (Shi Dep. Tr. 14:1-4.) Apple's statement that

it does not have the information needed to determine whether its products are standards-compliant is simply not credible.

Moreover, as Apple is well aware, Apple submits Device Requirements Documents to carriers such as AT&T that require Apple to list every 3GPP specification with which each Apple device complies and supports. *See, e.g.* APL7940018569170. Only Apple, and not Samsung, can determine which among the huge quantity of Device Requirement Documents it has produced are the final versions, and which document corresponds to which product.

*Second*, Mr. Shi merely testified that the question of whether the iPhone 4 complies with the UMTS standard was "an extremely broad question." (Shi Dep. Tr. 15:1-6.) Interrogatory No. 30 (besides relating to an entirely different standard) is far more specific, asking about precise versions and Technical Specifications (for instance, 25.331 v.6.0.0). Mr. Shi also testified merely that Apple "[doesn't] really care if the product conforms to a particular standard like 25.214." (*Id.* 38:2-3.) Mr. Shi did *not* testify that Apple could not figure out whether a product conforms to a particular standard. As mentioned, Apple submits Device Requirements to AT&T which list every 3GPP specification with which each device complies. Thus, Apple not only can, but in fact already has, figured out which of its products conforms to the 3GPP standards.

*Third*, Interrogatory No. 30 (unlike the question posed to Mr. Shi) does not ask whether Apple *knows* whether its products are standards-compliant. Rather, this Interrogatory asks whether Apple *contends* its products are compliant with specific standards, and specifically requires that "If Apple contends that an Apple Accused Product does not comply with the 3GPP Standard or Technical Specification, Apple should so state." Thus, even if Apple does not know whether its products are standards-compliant (which it does), it nevertheless has access to facts that may support a legal contention. Apple's Response is nonresponsive because it fails to disclose any contention at all.

Please immediately supplement Apple's Response to Interrogatory No. 30.

**Interrogatory No. 31**
This Interrogatory asks Apple to "[d]escribe any testing performed on each Apple Accused Product, including by or with any third party, for certification of compliance with 3GPP standards and/or for compliance with a 3GPP carrier's network." Your Letter promises that Apple will supplement its response to identify additional documents responsive to the Interrogatory, yet Apple's Supplemental Response fails to address this Interrogatory at all.

Please provide a date certain by which Apple will produce these additional documents and immediately supplement Apple's Response to Interrogatory No. 31. Please also confirm that, to the extent Apple's 33(d) citations do not provide a complete answer to each subpart of this Interrogatory, Apple will pursue other means of obtaining the required information, and will provide a complete supplementary answer. Samsung reserves the right to raise the sufficiency of Apple's response to this Interrogatory after reviewing Apple's supplemental production.

**<u>Interrogatory No. 32</u>**
This Interrogatory requests that Apple identify by Bates number the final versions of certain documents. Apple objects to this Interrogatory as "ambiguous" based on the term "final submitted and completed version." Apple's objection is disingenuous. The Interrogatory clearly refers to the final versions (as opposed to drafts) of documents transmitted to AT&T. Indeed Jason Shi testified that Apple submits specific requirements documents to AT&T for each product. (Shi Dep. Tr. 46:11 to 47:13.)

Apple's Response states that Apple "will produce documents responsive to this Interrogatory," yet Apple's Supplemental Response fails to address this Interrogatory at all. Moreover, Jason Shi testified as to the specific group within Apple that houses responsive information. (*Id* at 49:9-21.) Thus, Apple is in possession of the requested information and knows exactly where to find it.

Please immediately supplement Apple's Response to Interrogatory No. 32.

**<u>Interrogatory No. 35</u>**
This Interrogatory relates to the manner in which Apple advertises the accused features of the Accused Apple Products. Your Letter promises that Apple will supplement its response to identify additional documents responsive to the Interrogatory. Yet, Apple's Supplemental Response does not address this Interrogatory. Please provide a date certain by which Apple will produce these additional documents. Your Letter also suggests that Apple will produce only "final versions of advertising materials." Responsive information, however, is not so limited and includes draft versions, as well as market research and surveys. Indeed, Apple has already committed to producing certain market research in response to (at least) Samsung's Request for Production Nos. 436 to 439. Please confirm that Apple will provide these documents as well.

Samsung reserves the right to raise the sufficiency of Apple's response to this Interrogatory after reviewing Apple's supplemental production.

**<u>Interrogatory Nos. 33, 34, 36, and 37</u>**
Each of these interrogatories asks Apple to identify with particularity components in each Apple Accused Product that are relevant to the technologies of Samsung's Patents-in-Suit. Apple's Supplemental Response merely cites to documents, and while Samsung's review of these documents is ongoing, it is clear that Apple's Supplemental Responses are deficient, as explained in Samsung's letter of March 6, 2013.

For instance, Apple's Supplemental Response to Interrogatory No. 33 purports to identify camera module and processors; RF communications modules; and functionality performing video decompression, but does not even purport to respond to every subpart, omitting at least part (7) pertaining to Executable Software, and (8) pertaining to standards compliance.

Similarly, Apple's Supplemental Response to Interrogatory No. 36 purports to identify each CMOS image sensor; image and video compression functionality; memory components; display; graphics processing units; and other components; but does not even purport to respond to every subpart, including at least subparts (8) through (11). Apple's Supplemental Response to

Interrogatory No. 34 does not address subparts (2) or (3), and fails to provide line numbers as required by subpart (1). Apple's Supplemental Response to Interrogatory No. 37 does not even purport to address subparts (2), (4), and (5).

Moreover, Apple's Supplemental Responses to each of these Interrogatories do nothing more than make Rule 33(d) citations, even though Apple possesses responsive information that cannot be found in the cited documents. For instance, it is a matter of public knowledge that Apple's Accused Products incorporate components, such as sensors and processors, supplied by third parties. For example, press reports suggest that the CMOS sensors referred to in interrogatory No. 36 may be supplied by third parties, including Omnivision. Yet, Apple has not identified a single third party supplier or third party product model number in its responses to Interrogatory Nos. 28, 29, 33, 34, 36 or 37.

Apple's reliance on Fed. R. Civ. P. 33(d) in response to these interrogatories is improper for other reasons as well. The information requested in these interrogatories is known only to Apple, and cannot be discerned from the documents produced by Apple to date. First, Apple's production of the cited documents, including Bills of Materials, is inadequate[1]. The documents produced do not have a consistent format, and are missing parts or are illegible. In addition, some of the documents appear to be printouts from a searchable database of products accessible to Apple but not to Samsung. In light of these facts, Apple cannot credibly argue, as it states in its Response and Supplemental Response, that "the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung." Apple has no excuse for failing to provide the essential information requested in Samsung's interrogatories.

As explained in Samsung's March 6, 2013 letter, Apple's continuing and unjustified failure to provide adequate interrogatory responses continues to prejudice Samsung's ability to conduct discovery and develop its case. Samsung is entitled to complete responses well in advance of the depositions of Apple's engineers.

Very truly yours,

Amar L. Thakur

Amar L. Thakur

---

[1] *See, e,g,* purported Bills of Materials at APL630DEF-WH0000039946-86511 (unintelligible 1600 page printout of a spreadsheet containing columns A – BD); APL630DEF-WH0000088266- 90345 (apparent system diagrams for an unspecified product); APL630DEF-WH0000094540-95739 (two-hundred page printout of a table with columns on the right cut off); APL630DEF-WH0000095740-97088 (table printout using illegibly small text).