1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

5

6   APPLE INC., A CALIFORNIA        )  C-12-00630 LHK
    CORPORATION,                    )
                                    )  SAN JOSE, CALIFORNIA
7             PLAINTIFF,            )
                                    )  JUNE 25, 2013
8        VS.                        )
                                    )  PAGES 1-60
9   SAMSUNG ELECTRONICS CO., LTD.,  )
    A KOREAN BUSINESS ENTITY;       )
10  SAMSUNG ELECTRONICS AMERICA,    )
    INC., A NEW YORK CORPORATION;   )
11  SAMSUNG TELECOMMUNICATIONS      )
    AMERICA, LLC, A DELAWARE        )
12  LIMITED LIABILITY COMPANY,      )
                                    )
13            DEFENDANTS.           )
    _____ )
14                                  )
                                    )
15

16          TRANSCRIPT OF PROCEEDINGS
       BEFORE THE HONORABLE PAUL S. GREWAL
17        UNITED STATES MAGISTRATE JUDGE

18

19

20          APPEARANCES ON NEXT PAGE

21

22

23  OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
              CERTIFICATE NUMBER 9595

24

25      PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
          TRANSCRIPT PRODUCED WITH COMPUTER

```
1

2       A P P E A R A N C E S:

3       FOR APPLE:              GIBSON, DUNN & CRUTCHER
                                BY:  JOSH A. KREVITT
4                               200 PARK AVENUE
                                NEW YORK, NEW YORK  10166
5
                                BY:  H. MARK LYON
6                               1881 PAGE MILL ROAD
                                PALO ALTO, CALIFORNIA  94304
7

8

9       FOR SAMSUNG:            QUINN, EMANUEL, URQUHART,
                                OLIVER & HEDGES
10                              BY:  WILLIAM C. PRICE
                                865 SOUTH FIGUEROA STREET
11                              10TH FLOOR
                                LOS ANGELES, CALIFORNIA  90017
12
                                BY:  SEAN S. PAK
13                                   JORDAN R. JAFFE
                                50 CALIFORNIA STREET, FLOOR 22
14                              SAN FRANCISCO, CALIFORNIA  94111

15

16

17

18

19

20

21

22

23

24

25
```

```
 1     SAN JOSE, CALIFORNIA                    JUNE 25, 2013

 2                    P R O C E E D I N G S

 3        (COURT CONVENED AND THE FOLLOWING PROCEEDINGS WERE HELD:)

 4             THE COURT:  MR. RIVERA, WOULD YOU CALL THE NEXT

 5     MATTER, PLEASE?

 6             THE CLERK:  YES, YOUR HONOR.

 7        CALLING APPLE, INC. VERSUS SAMSUNG ELECTRONICS, ET AL, CASE

 8     NUMBER CV-12-630 PSG, MATTER ON FOR PLAINTIFF'S MOTION FOR

 9     LEAVE TO AMEND ITS DISCLOSURES OF CERTAIN CLAIMS AND

10     INFRINGEMENT CONTENTIONS.

11        COUNSEL, PLEASE STATE YOUR APPEARANCES.

12             MR. KREVITT:  GOOD MORNING, YOUR HONOR.  JOSH KREVITT

13     FROM GIBSON, DUNN ON BEHALF OF APPLE.  WITH ME TODAY IS MY

14     COLLEAGUE, MARK LYON.

15             MR. LYON:  GOOD MORNING.

16             THE COURT:  MR. KREVITT, MR. LYON, GOOD MORNING TO

17     EACH OF YOU.

18             MR. PRICE:  GOOD MORNING, YOUR HONOR.  BILL PRICE

19     FROM QUINN, EMANUEL FOR SAMSUNG, ALONG WITH SEAN PAK, MY

20     PARTNER.

21             THE COURT:  MR. PAK, MR. PRICE, GOOD MORNING.

22        MR. PRICE, WOULD YOU LIKE TO INTRODUCE YOUR COLLEAGUE AS

23     WELL?

24             MR. JAFFE:  JORDAN JAFFE.

25             THE COURT:  MR. JAFFE, GOOD MORNING, SIR.
```

1          MR. JAFFE:  THANK YOU.

2          THE COURT:  ALL RIGHT.  I HAVE BEFORE ME A MOTION BY

3     APPLE TO -- FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS.

4          MR. KREVITT, I WANT TO BEGIN JUST BY ASKING YOU EXACTLY

5     WHAT IT IS THAT REMAINS IN DISPUTE.

6          FROM THE PAPERS, IT APPEARS THAT APPLE HAS WITHDRAWN ITS

7     REQUEST TO AMEND ITS CONTENTIONS REGARDING THE '959 AND '604

8     PATENTS.  IS THAT CORRECT?

9          MR. KREVITT:  IT ISN'T, YOUR HONOR.  I THINK OUR

10    PAPERS COULD HAVE BEEN CLEARER IN THAT REGARD.

11         LET ME -- RATHER THAN MENTION ALL THE THINGS THAT WERE

12    WITHDRAWN, LET ME IDENTIFY THE THINGS THAT WE WOULD LIKE TO

13    ADDRESS WITH YOUR HONOR.

14         THE COURT:  I WOULD APPRECIATE THAT.  GO AHEAD.

15         MR. KREVITT:  SO THE PARTIES HAVE AGREED WITH RESPECT

16    TO ALL OF THE AMENDMENTS EXCEPT TWO.  ONE IS, AS YOU KNOW,

17    APPLE IS SEEKING TO ADD THE GALAXY S IV, THE NEW PRODUCT THAT

18    SAMSUNG HAS LAUNCHED, AND I'LL BE ADDRESSING THAT, YOUR HONOR.

19         THE ONLY OTHER ISSUE THAT REMAINS IN DISPUTE IS CERTAIN

20    AMENDMENTS THAT WERE MADE TO OUR CLAIM CHARTS REGARDING THE

21    '959 PATENT.  MR. LYON WILL ADDRESS THOSE, BUT ESSENTIALLY,

22    YOUR HONOR, THOSE RELATE TO ADDITIONS OF SOURCE CODE CITATIONS,

23    SOME EXPLANATION WITH RESPECT TO THE SOURCE CODE, ISSUES ALONG

24    THOSE LINES.

25         ALL OF THE OTHER AMENDMENTS THAT WE HAVE MADE THAT WERE THE

1     SUBJECT INITIALLY OF OUR REQUEST FOR PERMISSION TO AMEND HAVE

2     BEEN AGREED TO BY SAMSUNG AT THIS POINT, LEAVING JUST THE S IV

3     AND THE AMENDMENTS TO THE '959 CHARTS.

4            THE COURT:  AND IF I MIGHT, JUST TO PROPERLY SET THE

5     TABLE BEFORE WE DIG INTO THE MEAL, ON THE '959 SOURCE CODE

6     AMENDMENTS, ARE WE TALKING NOW ONLY ABOUT SOURCE CODE THAT WAS

7     PRODUCED BY GOOGLE?

8          MR. LYON, MAYBE YOU CAN SPEAK TO THAT.

9            MR. LYON:  I'LL SPEAK TO THAT RIGHT NOW IF YOU'D

10    LIKE, YOUR HONOR.

11           THE COURT:  SURE.  AND I'LL GIVE YOU A CHANCE TO

12    ADDRESS THE MERITS IN FULL, BUT I JUST WANT TO UNDERSTAND THIS.

13           MR. LYON:  YEAH.  SO THE SOURCE CODE THAT WE'RE

14    TALKING ABOUT, THERE'S THREE COMPONENTS I GUESS I WOULD SAY.

15    ONE IS SOURCE CODE THAT WAS PRODUCED BY GOOGLE THAT HAS TO DO

16    WITH THE PLAY, THE PLAY MOVIES AND VARIOUS APPLICATIONS THAT

17    ARE LIKE THAT.

18       THERE'S ALSO SOME SOURCE CODE THAT WENT WITH THE GOOGLE NOW

19    AND OTHER APPLICATIONS THAT TIE INTO THOSE THINGS AND DO PARTS

20    OF THE SEARCH.

21       AND THEN THERE'S SOME SOURCE CODE THAT'S BEING PIN CITED

22    THAT IS SAMSUNG'S SOURCE CODE THAT WE WERE ABLE TO COMPILE

23    AFTER WE DID ALL OF THE ANALYSIS AND WE WERE ABLE TO GET THE

24    PIN CITES FOR THOSE.  SO IT'S ALL A COMBINATION.

25           THE COURT:  ALL RIGHT.  I APPRECIATE THAT

```
 1        CLARIFICATION.
 2              MR. LYON:  SURE.  OH, AND I WOULD MAKE ONE MORE
 3        CLARIFICATION.
 4              THE COURT:  SURE.
 5              MR. LYON:  WITH RESPECT TO THE '604 PATENT, TOO, WE
 6        ARE WITHDRAWING OUR REQUEST TO AMEND THOSE CLAIMS, SO I JUST
 7        WANTED TO MAKE SURE THAT WAS CLEAR ON THE RECORD AS WELL.
 8              THE COURT:  I APPRECIATE THAT.  ALL RIGHT.  THANK
 9        YOU, MR. LYON.
10           MR. KREVITT, WHY DON'T WE BEGIN WITH YOU, AND LET'S TALK
11        ABOUT THE S IV.
12              MR. KREVITT:  YES, YOUR HONOR.  THANK YOU.
13           SO, YOUR HONOR, OBVIOUSLY WE HAVE SUBMITTED PAPERS.  YOUR
14        HONOR MAY HAVE QUESTIONS.
15           THERE'S A FEW THINGS THAT, AT THE OUTSET, I THINK WOULD BE
16        HELPFUL TO EXPLAIN WHAT IS GOING ON HERE, AND SOME ALLEGATIONS
17        OR RESPONSES HAVE BEEN MADE BY SAMSUNG THAT WARRANT A RESPONSE.
18           SO THE -- WITH RESPECT TO DILIGENCE, FIRST AND FOREMOST, OF
19        COURSE THAT'S A THRESHOLD ISSUE YOUR HONOR MUST ADDRESS.
20           THERE'S NO DISPUTE THAT APPLE WAS DILIGENT IN SEEKING TO
21        AMEND ITS CONTENTION.
22              THE COURT:  THE PRODUCT -- AND OF COURSE THERE'S SOME
23        DISPUTE AS TO WHETHER WE'RE TALKING ABOUT MERELY A PRODUCT OR A
24        PRODUCT LINE.
25              MR. KREVITT:  YES, YOUR HONOR.
```

1        THE COURT:  THE S IV WAS RELEASED IN APRIL OF THIS

2   YEAR.  IS THAT CORRECT?

3        MR. KREVITT:  THE S IV WAS RELEASED ON APRIL 27TH OF

4   THIS YEAR.

5        ON APRIL 27TH, THE DAY IT WAS RELEASED, APPLE PURCHASED AN

6   S IV AND BEGAN ANALYZING IT LITERALLY THE DAY IT WAS RELEASED.

7        WITHIN A WEEK AND A HALF WE HAD DONE A SUFFICIENT

8   INFRINGEMENT ANALYSIS, MOBILIZING LITERALLY, YOUR HONOR,

9   EXPERTS AROUND THE WORLD TO ANALYZE THE PRODUCT.

10       WITHIN TWO WEEKS, YOUR HONOR, WE SERVED -- EXCUSE ME --

11  WITHIN TWO AND A HALF WEEKS WE SERVED OUR CONTENTIONS.  SO WE

12  SERVED FULL INFRINGEMENT CHARTS WITH RESPECT TO THE S IV.

13       I CONCEDE, YOUR HONOR, THAT'S ACTUALLY NOT AS DIFFICULT AS

14  IT SOUNDS BECAUSE THEY'RE THE SAME AS THE S III CHARTS, AND

15  WE'LL GET INTO THAT IN A MOMENT.  THE INFRINGEMENT ALLEGATIONS

16  ARE THE SAME, PERIOD, AND THAT'S A CRITICAL ISSUE THAT

17  PERMEATES THROUGH ALL OF THE VARIOUS ALLEGATIONS THAT HAVE BEEN

18  MADE BY SAMSUNG, AND WE'LL ADDRESS THOSE, YOUR HONOR.

19       SO WE SERVED OUR INFRINGEMENT CONTENTIONS RIGHT AWAY, YOUR

20  HONOR, AND THEN MOVED WITHIN, I THINK, SIX DAYS AFTER THAT.

21       SO THE MOTION WAS FILED THREE WEEKS AND A FEW DAYS FROM THE

22  TIME THE PRODUCT LAUNCHED.  THEY HAD OUR INFRINGEMENT

23  CONTENTIONS A WEEK BEFORE THAT.

24       SAMSUNG HAS NOT CHALLENGED DILIGENCE, YOUR HONOR, GIVEN

25  THOSE FACTS, BUT I WANTED TO ADDRESS IT BECAUSE I KNOW, AGAIN,

1    THAT IS A THRESHOLD ISSUE AND YOUR HONOR ASKED A QUESTION ABOUT

2    IT.

3              THE COURT:  OKAY.  SO IT SOUNDS LIKE WE ALL, AT LEAST

4    YOU AND I, ARE ON THE SAME PAGE THAT, PROPERLY UNDERSTOOD, I

5    HAVE TO FIRST ESTABLISH TO MY SATISFACTION THAT APPLE HAS BEEN

6    DILIGENT BEFORE I GET TO ISSUES OF PREJUDICE AND THE REST UNDER

7    THE GOOD CAUSE ANALYSIS.

8              MR. LYON:  WELL --

9              THE COURT:  GO AHEAD, MR. KREVITT.

10             MR. KREVITT:  THE ONLY FOOTNOTE I WOULD DROP TO THAT,

11   YOUR HONOR, BECAUSE I THINK IT WON'T BE RELEVANT GIVEN THE

12   DILIGENCE HERE, IS THE COURTS HAVE ALLOWED AMENDMENTS EVEN WHEN

13   A PARTY ISN'T DILIGENT.  THERE ARE CASE AFTER CASE IN WHICH

14   COURTS HAVE FOUND THE PARTY WASN'T DILIGENT, WAITED MONTHS IN

15   ORDER TO SEEK TO AMEND --

16             THE COURT:  YEAH, BUT YOUR FRIENDS FROM A COUPLE

17   WEEKS BACK PROBABLY WOULDN'T BE TOO KEEN ON YOUR HIGHLIGHTING

18   THAT, RIGHT?  I MEAN, APPLE HAS TAKEN A FAIRLY AGGRESSIVE VIEW

19   WHEN IT COMES TO SAMSUNG'S AMENDMENTS, RIGHT?

20             MR. KREVITT:  THAT'S WHY IT'S A FOOTNOTE, YOUR HONOR.

21             THE COURT:  UNDERSTOOD.  OKAY.

22             MR. KREVITT:  BUT THE TRUTH HERE, AGAIN, YOUR HONOR,

23   IS THAT IT CERTAINLY WARRANTS THAT INQUIRY, WERE WE DILIGENT?

24   AND THE ANSWER IS YES, AND THAT HASN'T BEEN CHALLENGED BY

25   SAMSUNG.

```
 1              THE COURT:  OKAY.  SO LET'S, FOR THE SAKE OF OUR

 2    CONVERSATION, PRESUME I'M INCLINED TO AGREE WITH YOU ON THE

 3    ISSUE OF DILIGENCE.

 4         LET'S TALK ABOUT THE OTHER ELEMENTS, IN PARTICULAR

 5    PREJUDICE HERE.

 6              MR. KREVITT:  RIGHT.  AND THAT IS THE ELEMENT, YOUR

 7    HONOR, IS PREJUDICE, WHAT PREJUDICE EXISTS?

 8         SO LET ME TALK FIRST -- AND AGAIN, YOUR HONOR, I'M HAPPY TO

 9    ADDRESS ANY QUESTIONS YOU MAY HAVE -- ABOUT OUR VIEW OF WHY

10    THERE IS NO PREJUDICE, NONE, AND THEN LET ME ADDRESS WHAT

11    SAMSUNG HAS SAID, AND OF COURSE YOU HAVE THESE PAPERS.

12         THERE IS NO PREJUDICE -- AND AGAIN, YOUR HONOR, I CAN -- I

13    APOLOGIZE IN ADVANCE IF I'M REPETITIVE ON THE POINT THAT I'M

14    ABOUT TO MAKE, BUT IT IS CRITICAL.

15         OUR S IV ALLEGATIONS ARE THE SAME AS OUR S III ALLEGATIONS.

16    WE HAVE RED LINES, WHICH I'M HAPPY TO HAND UP IF YOU WANT, THAT

17    COMPARE THE CHARTS FROM THE S IV AND THE S III, AND WHAT YOU

18    WILL SEE AS YOU GO THROUGH THOSE, YOUR HONOR, IS WE CROSS OUT

19    S III AND WE INSERT S IV.

20         WE CROSS OUT THE CITATIONS TO CERTAIN CODE FROM THE S III,

21    AND IN CERTAIN INSTANCES WE DON'T HAVE THE COMPLETE CODE YET,

22    SO WE DON'T HAVE CITATIONS, OR WE SAY ON INFORMATION AND

23    BELIEF.

24         THE ALLEGATIONS FOR THE PATENTS THAT WE ARE ASSERTING

25    AGAINST THE S IV ARE IDENTICAL TO THE ALLEGATIONS THAT WE ARE
```

1    ASSERTING AGAINST THE S III.  THAT'S CRITICAL, YOUR HONOR.

2        THERE IS NO NEW CLAIM CONSTRUCTION ISSUES, NO VALIDITY

3    ISSUES, NO NEW INFRINGEMENT ISSUES, NO NEW NON-INFRINGEMENT

4    ISSUES, NONE, BECAUSE THE ALLEGATIONS ARE THE SAME.  SO THERE

5    IS NO PREJUDICE.

6        AND THE ISSUES THAT THE COURTS LOOK AT IN THIS CONTEXT, AS

7    YOUR HONOR, KNOWS, AS YOUR HONOR HAS, ARE WILL IT AFFECT THE

8    SCHEDULE?

9        ABSOLUTELY NOT.  THE ISSUES ARE THE SAME.

10        WILL IT REQUIRE NEW CLAIM CONSTRUCTION ISSUES?  WILL

11    DISCOVERY GET BUMPED OUT?  ARE WE GOING TO TAKE DEPOSITIONS

12    THAT WE OTHERWISE WOULDN'T HAVE TAKEN?  ARE WE GOING TO REOPEN

13    DEPOSITIONS?

14        THE ANSWER TO ALL OF THOSE QUESTIONS IS NO.

15            THE COURT:  BUT YOU'RE NOT SUGGESTING, MR. KREVITT,

16    THAT BY MERELY SUBSTITUTING THE S IV, ADDING THE S IV TO THE

17    S III ALLEGATIONS BEFORE THAT SAMSUNG HAS NO ADDITIONAL WORK TO

18    DO HERE, RIGHT?  THEY'RE GOING TO HAVE TO DO A LOT MORE WORK.

19            MR. KREVITT:  WHY, YOUR HONOR?

20            THE COURT:  WHY?  WELL, I'LL ANSWER YOUR QUESTION.

21    IT'S NOT NORMALLY THE CUSTOM IN THIS EXCHANGE --

22            MR. KREVITT:  I UNDERSTAND.

23            THE COURT:  -- BUT I'LL ANSWER.

24        BECAUSE YOU'RE ASKING THEM TO TAKE YOUR WORD THAT THE TWO

25    ARE ONE AND THE SAME, RIGHT?  THEY HAVE TO GO THROUGH AND

```
 1        INVESTIGATE EACH AND EVERY ONE OF THE LIMITATIONS AS TO EACH
 2     AND EVERY ONE OF THE ACCUSED ELEMENTS IN EVERY ONE OF THOSE
 3     VERSIONS OF EVERY ONE OF THOSE S IV PRODUCTS.  RIGHT?
 4              MR. KREVITT:  YOUR HONOR, AND THE REASON I ASKED --
 5              THE COURT:  WELL, YOU ASKED ME TO ANSWER YOUR
 6     QUESTION, SO YOU ANSWER MINE.
 7              MR. KREVITT:  I'M GOING TO.
 8              THE COURT:  AM I RIGHT ABOUT THAT?
 9              MR. KREVITT:  I DON'T BELIEVE SO, YOUR HONOR, AND
10     HERE'S WHY.
11              THE COURT:  OKAY.
12              MR. KREVITT:  I THINK YOUR HONOR, IN THE PAPERS --
13     THE COURT HAS BEEN MISLED TO SOME EXTENT IN SAMSUNG'S PAPERS,
14     AND HERE'S WHY:  THE S III USES THE JELLY BEAN ANDROID
15     OPERATING SYSTEM.
16        OUR ALLEGATIONS FOR THE PATENTS THAT WE ASSERT AGAINST THE
17     S III, AND THE SAME PATENTS ARE ASSERTED AGAINST THE S IV,
18     RELATE TO THE JELLY BEAN ANDROID OPERATING SYSTEM.
19        SAMSUNG -- AND SO THE ALLEGATIONS ARE THE SAME.  THEY'RE
20     AGAINST THE SAME OPERATING SYSTEM.  IN THAT RESPECT, THE
21     ALLEGATIONS ARE THE SAME.
22        THEY HAVE HAD OUR -- THEY HAD OUR CHARTS FOR THREE WEEKS
23     BEFORE FILING THEIR OPPOSITION BRIEF.  THEY'VE NOW HAD OUR
24     CHARTS FOR SIX WEEKS.
25        THEY HAVE NOT IDENTIFIED A SINGLE ISSUE, YOUR HONOR.  IT
```

1    DOESN'T REQUIRE THE EXTENSIVE DISCOVERY, THE EXTENSIVE

2    INVESTIGATION THAT YOUR HONOR POSITED THAT MIGHT EXIST IN THE

3    NORMAL COURSE WHEN A PARTY COMES TO THE COURT AND SAYS, "OH,

4    ALL OF OUR ALLEGATIONS ARE THE SAME."

5         THE COURT:  IS THAT BECAUSE YOU'RE SAYING THAT THE

6    INFRINGING ELEMENT OF THE ACCUSED PRODUCT IS ESSENTIALLY THE

7    ANDROID SOURCE CODE DROP THAT COMES FROM GOOGLE?

8         MR. KREVITT:  YES, YOUR HONOR, TO THE SAME EXACT

9    EXTENT AS THE S III.

10   SO YES, OUR --

11        THE COURT:  SO NO MODIFICATIONS THAT MAY BE

12   IMPLEMENTED BY SAMSUNG ARE RELEVANT HERE?

13        MR. LYON:  YOUR HONOR, WE -- I CAN ANSWER IT THIS

14   WAY:  WE DO NOT BELIEVE SO.

15   AND TO THE EXTENT THAT THERE MAY BE, THE PHONE, WHEN WE DID

16   OUR INVESTIGATION -- AND AGAIN, WE DID AN INVESTIGATION.  WE

17   LOOKED AT THE SOURCE CODE, WE EXAMINED THE SOURCE CODE, IT'S

18   IDENTICAL TO THE EXTENT THAT WE WERE ABLE TO TELL, AND WE

19   LOOKED AT THE PRODUCT AND IT'S IDENTICAL.

20   SO IT IS CONCEIVABLE, AND SAMSUNG IS IN POSSESSION OF THIS

21   INFORMATION.  THERE ARE ONLY FIVE PATENTS THAT WE ARE ASSERTING

22   AGAINST THE S IV.  IF THERE ARE FEATURES, YOUR HONOR, THAT ARE

23   DIFFERENT, SAMSUNG CAN COME AND SAY SO.  THEY CAN IDENTIFY A

24   FEATURE --

25        THE COURT:  ISN'T THAT THE PREJUDICE, THOUGH?

```
 1            MR. KREVITT:  NO, YOUR HONOR.

 2            THE COURT:  WHY NOT?  BECAUSE IF YOU'RE NOW SAYING

 3   THAT YOU CAN'T CONFIRM THAT WE'RE SIMPLY TALKING ABOUT THE DROP

 4   AS IT COMES TO SAMSUNG, YOU'RE SAYING THAT SAMSUNG NOW HAS TO

 5   GO THROUGH AND SEE IF ANY OF THE PARTICULAR IMPLEMENTATIONS OR

 6   STITCHING FOR THE S IV MAKE A DIFFERENCE, ISN'T THAT THE

 7   PREJUDICE?  AND IT MAY BE NOT UNDUE PREJUDICE, BUT ISN'T THAT

 8   PREJUDICE?

 9            MR. KREVITT:  NO, YOUR HONOR, FOR THIS REASON:  IT'S

10   IN SAMSUNG'S POSSESSION.  THEY KNOW IF THEY MADE A CHANGE.

11       WE'RE TALKING ABOUT VERY NARROW FEATURES.  WE'RE TALKING

12   ABOUT THE WAY THE PHONE SYNCS.  WE'RE TALKING ABOUT THE WAY THE

13   PHONE DOES CERTAIN SEARCHING.

14       AND THAT'S STRAIGHT OUT OF GOOGLE, THE SEARCHING, THE '959

15   THAT MR. LYON WILL DISCUSS.

16       IF SAMSUNG MADE ANY CHANGES WHATSOEVER TO THOSE FEATURES,

17   SAMSUNG KNOWS IT.  THEY'VE HAD SIX WEEKS.  THEY KNOW THAT, YOUR

18   HONOR.

19       THIS ISN'T A QUESTION OF US SAYING BOTH PHONES INFRINGE

20   SOME PATENT AND SO, THEREFORE, THERE'S NO PREJUDICE.

21       WE'RE SAYING BOTH PHONES INFRINGE THE PATENT FOR THE

22   IDENTICAL REASONS, USING THE IDENTICAL CODE IMPLEMENTED

23   IDENTICALLY.

24            THE COURT:  OKAY.  SO IF YOU'RE SAYING IT'S THE

25   IDENTICAL CODE, AS YOU MAY HAVE SURMISED, I TEND TO LOOK AT
```

```
1    THAT AS ONE THING.

2         BUT I TOOK YOUR EARLIER COMMENT AS SUGGESTING YOU'RE NOT

3    PREPARED TO SHUT THAT DOOR JUST YET.  YOUR POSITION IS THAT IF

4    THERE IS SAMSUNG SPECIFIC IMPLEMENTATION, CODE THAT SAMSUNG

5    WROTE OR MODIFIED IN SOME WAY, THAT SHOULD REMAIN FAIR GAME FOR

6    YOUR INFRINGEMENT.

7              MR. KREVITT:  NO, YOUR HONOR.  I -- THAT'S NOT WHAT

8    I'M SAYING, AND HERE'S WHY.  IT'S CLOSE, BUT NOT EXACTLY THAT.

9              THE COURT:  ALL RIGHT.  GO AHEAD.

10             MR. KREVITT:  THIS IS WHAT I'M SAYING:  FOR PURPOSES

11   OF APPLE, AND THIS I WANT TO ADDRESS BECAUSE REPEATEDLY SAMSUNG

12   SAYS IN ITS BRIEF THIS WOULD REQUIRE MASSIVE DISCOVERY -- I

13   THINK THEY HAVE THAT PHRASE THREE OR FOUR TIMES -- ENORMOUS

14   DISCOVERY.

15        I WANT TO BE VERY CLEAR.  WE'RE NOT SEEKING ANY DISCOVERY.

16   FROM APPLE'S PERSPECTIVE, IT'S IDENTICAL BASED ON THE

17   INFORMATION WE HAVE, OUR REVIEW OF THE CODE.

18        ALL WE WANT IS THE CODE.  PRODUCE THE CODE FOR THE PHONE

19   AND WE WILL CONFIRM IT.

20        IF --

21             THE COURT:  ISN'T THAT THE DISCOVERY, THOUGH?  I

22   MEAN, ISN'T THAT THE POINT?

23             MR. KREVITT:  YOUR HONOR, CODE CAN BE PRODUCED WITH

24   THE PRESS -- THE PUSH OF A BUTTON.

25             THE COURT:  I UNDERSTAND.  BUT YOU JUST TOLD ME ON
```

1    THE ONE HAND YOU WEREN'T SEEKING ANY ADDITIONAL DISCOVERY, BUT

2    THAT'S NOT ENTIRELY CORRECT.

3              MR. KREVITT:  YOUR HONOR, WHAT I -- I'M SORRY.  WHAT

4    I'M SAYING IS ASIDE FROM THE CODE -- AND THIS IS WHAT WE PUT IN

5    OUR PAPERS -- WE WANT TWO THINGS:  WE WANT THE SOURCE CODE; AND

6    WE WANT THEM TO UPDATE THEIR SUMMARY SHEET ON NUMBER OF SALES,

7    FINANCIAL INFORMATION.

8              THE COURT:  OKAY.  SO YOU DO WANT ADDITIONAL

9    DISCOVERY.

10             MR. KREVITT:  YOUR HONOR, WE WANT THOSE TWO THINGS.

11             THE COURT:  THAT'S ADDITIONAL DISCOVERY.

12             MR. KREVITT:  OKAY.

13             THE COURT:  CAN WE JUST AGREE ON THAT?

14             MR. KREVITT:  YES, WE WANT THAT ADDITIONAL DISCOVERY.

15             THE COURT:  ALL RIGHT.

16             MR. KREVITT:  BUT, YOUR HONOR, IF IT WERE A

17   DIFFERENCE BETWEEN GETTING THE S IV IN OR NOT GETTING THE S IV

18   IN AND THEM NOT PRODUCING THE FINANCIAL INFORMATION WHICH,

19   AGAIN, IS IN A DATABASE WITH THE PUSH OF A BUTTON -- WE ARE

20   CONFINING THE THINGS WE ARE REQUESTING TO THINGS THAT CAN BE

21   PRODUCED WITH THE PUSH OF A BUTTON.

22        BUT SAMSUNG SAYS WE ARE SEEKING TO REDEPOSE PEOPLE.  WE ARE

23   NOT.  SAMSUNG SAYS WE ARE SEEKING PRODUCTION OF DOCUMENTS.  WE

24   ARE NOT, YOUR HONOR.  WE DON'T NEED THE DISCOVERY, AND THE

25   REASON WE DON'T NEED THE DISCOVERY IS BECAUSE THE PRODUCTS ARE

1    THE SAME, AGAIN, BASED ON EVERYTHING WE KNOW.

2        IF THE PRODUCTS AREN'T THE SAME, SAMSUNG'S COUNSEL WILL

3    STAND UP AND EXPLAIN TO YOU WHY, WHY ARE THE PRODUCTS NOT THE

4    SAME IN RELEVANT RESPECTS?  WHY IS THE NARROW, FEWER THAN HALF

5    A DOZEN FEATURES THAT WE HAVE ACCUSED OF INFRINGEMENT AND HAVE

6    PROVIDED CLAIM CHARTS A MONTH AND A HALF AGO, WHAT ARE THE

7    DIFFERENCES?

8            THE COURT:  SO YOU'RE NOT GOING TO ASK ANY DEVELOPER

9    FROM SAMSUNG ABOUT HOW CODE WORKS IN THE S IV DURING A

10   DEPOSITION?

11           MR. KREVITT:  YOUR HONOR, WE DON'T BELIEVE WE NEED TO

12   ASK A DEVELOPER THAT QUESTION BECAUSE OUR UNDERSTANDING IS IT

13   WORKS IDENTICALLY.

14       THERE ARE SOME DEPOSITIONS THAT ARE COMING UP -- NO NEW

15   DEPOSITIONS, WE WOULDN'T SERVE A NEW NOTICE, WE WOULDN'T SEEK

16   TO REDEPOSE ANYBODY.

17       THERE ARE DEPOSITIONS COMING UP.  WE HAVE A JULY 8TH FACT

18   DISCOVERY CUT OFF, AS YOUR HONOR IS AWARE, BUT THE PARTIES HAVE

19   AGREED TO TAKE CERTAIN DEPOSITIONS FOLLOWING THAT DATE PURSUANT

20   TO MUTUAL AGREEMENT.

21       WE WOULD -- TO THE EXTENT THAT A WITNESS, A 30(B)(6)

22   WITNESS HAD RELEVANT INFORMATION WITH RESPECT TO THE S IV, WE

23   WOULD EXPECT THE WITNESS TO BE ABLE TO TESTIFY.

24           THE COURT:  SO IN YOUR 30(B)(6) NOTICE -- HAVE YOU

25   SERVED YOUR 30(B)(6) NOTICES YET?

```
 1              MR. KREVITT:  YES, YOUR HONOR.  AND THEY --

 2              THE COURT:  OKAY.  SO DO YOUR 30(B)(6) NOTICES SPEAK

 3    TO THE S IV?

 4              MR. KREVITT:  THE 30(B)(6) NOTICES, YOUR HONOR, SPEAK

 5    TO ACCUSED PRODUCTS.

 6              THE COURT:  OKAY.  SO LET'S JUST REVIEW THE BIDDING

 7    HERE SO THAT WE'RE CLEAR.  EARLIER YOU SUGGESTED YOU DID NOT

 8    REQUIRE ANY ADDITIONAL DISCOVERY FROM SAMSUNG, AND YET NOW

 9    YOU'RE TELLING ME YOU NEED CODE, YOU NEED REVENUE DATA, YOU

10    NEED DEPOSITION TESTIMONY.

11              MR. KREVITT:  I DON'T NEED THE LATTER, YOUR HONOR.

12     WHAT I -- YOUR HONOR ASKED THE QUESTION AND WHAT I'M SAYING

13    IS WE WOULD -- WE'RE NOT SEEKING ANY NEW DISCOVERY.  WE WOULD

14    EXPECT WITNESSES TO BE PREPARED ON ALL ACCUSED PRODUCTS.

15              THE COURT:  BUT THAT'S NEW DISCOVERY, RIGHT?  THAT'S

16    ADDITIONAL TESTIMONY THEY'RE GOING TO HAVE TO PRESENT, AND IF

17    THEY DON'T PRESENT -- LET'S PLAY THIS FORWARD FOR A MOMENT.

18     COME JULY OR AUGUST, IF THEIR WITNESS IS UTTERLY UNPREPARED

19    TO SPEAK TO CODE IMPLEMENTATIONS IN THE S IV, I SUSPECT I'M

20    GOING TO GET AT LEAST A PHONE CALL, IF NOT A MOTION.  RIGHT?

21              MR. KREVITT:  IF YOUR HONOR ORDERED THAT, YES, WE

22    WOULD BE WILLING TO FORGO THAT ALSO, YOUR HONOR.

23     I WANT TO BE VERY CLEAR.  I'M NOT STANDING HERE SAYING WE

24    DON'T NEED DISCOVERY AND THEN, THROUGH THE BACK DOOR, ASKING

25    YOUR HONOR TO ORDER DISCOVERY.
```

```
 1        THE DISCOVERY THAT WE BELIEVE IS ESSENTIAL, THE ONLY

 2    INFORMATION, AGAIN, IS THE CODE JUST SO THAT -- WE HAVE THE

 3    PUBLICLY AVAILABLE CODE, JUST TO CONFIRM SO OUR EXPERTS CAN SAY

 4    "WE REVIEWED THE CODE AND -- THE ACTUAL CODE IN THE DEVICE."

 5    WE NEED THAT, AND WE DO NEED INFORMATION WITH RESPECT TO SALES.

 6        AS TO FURTHER DEPOSITIONS, YOUR HONOR, IF YOUR HONOR

 7    BELIEVED THAT THAT, EVEN THOUGH THOSE HAVE NOT TAKEN PLACE YET,

 8    WOULD TIP THE BALANCE BETWEEN REASONABLE AND NOT REASONABLE, WE

 9    WOULD FORGO THAT.

10        HERE'S THE CRITICAL POINT FROM OUR PERSPECTIVE, YOUR HONOR,

11    AND I THINK IT'S HELPFUL TO TAKE A STEP BACK.

12            THE COURT:  OKAY.

13            MR. KREVITT:  FROM OUR PERSPECTIVE, THE S IV, AS I

14    HAVE NOW SAID SEVERAL TIMES, IS IDENTICAL IN RELEVANT RESPECTS,

15    IN RELEVANT RESPECTS TO THE S III.

16        WHAT SAMSUNG DOES IS IT LAUNCHES THESE PRODUCTS -- AND YOUR

17    HONOR HAS HAD PLENTY OF EXPERIENCE WITH APPLE AND SAMSUNG.

18    THESE PRODUCTS GET LAUNCHED OVER AND OVER AGAIN, AND THE ONLY

19    THING THAT'S KEEPING THE S IV OUT, GIVEN THAT THE INFRINGEMENT

20    ISSUES ARE THE SAME, GIVEN THAT ALL THE ISSUES ARE THE SAME,

21    THERE WOULD BE NO CHANGE IN THE SCHEDULE, IS LIMITING SAMSUNG

22    EXPOSURE.

23        AND MORE THAN THAT, YOUR HONOR, IT WOULD REQUIRE APPLE TO

24    FILE YET ANOTHER LAWSUIT.  IT WOULD REQUIRE APPLE TO CONSTANTLY

25    BE TRYING TO KEEP UP AS NEW PRODUCTS GET LAUNCHED, AS NEW
```

```
 1      PRODUCTS GET LAUNCHED, SO THAT WHEN WE GET TO TRIAL -- AND THIS

 2      IS SAMSUNG'S OBJECTIVE IN FIGHTING TO KEEP THE S IV OUT -- IS

 3      WHEN WE GET TO TRIAL, WE WILL HAVE THE TRIAL ON PRODUCTS THAT

 4      ARE OLD AND THEN WE'LL HAVE TO BRING A NEW CASE.

 5           AND IN FACT, YOUR HONOR, ONE OF THE ISSUES THAT SAMSUNG,

 6      WITH RESPECT I BELIEVE IN A HIGHLY MISLEADING WAY, ADDRESSES IN

 7      ITS BRIEFING IS THIS JUDICIAL ESTOPPEL QUESTION.

 8           SAMSUNG ARGUES THAT WHEN IT SOUGHT TO ADD THE IPHONE 4S,

 9      ROUGHLY THE SAME PERIOD, IT WAS ACTUALLY A LITTLE BIT SHORTER,

10      BUT ROUGHLY THE SAME PERIOD OF TIME, APPLE OPPOSED IT.

11           BUT THERE'S HUGE DIFFERENCES, YOUR HONOR.  SAMSUNG ADMITTED

12      THAT -- NONE OF THIS IS MENTIONED IN SAMSUNG'S BRIEF -- BUT AT

13      THE TIME THERE WAS NO DISPUTE -- AND WE HAVE THE BRIEFING FROM

14      THAT MOTION HERE, YOUR HONOR -- THE NEW PRODUCT, THE 4S, USED A

15      DIFFERENT BASEBAND PROCESSOR, SUPPLIED BY A DIFFERENT SUPPLIER

16      AND PULLING DIFFERENT SOFTWARE, RELEVANT TO SEVEN OF THE TWELVE

17      PATENTS.

18                THE COURT:  WAS THE IPHONE 4S THE FIRST QUALCOMM

19      PHONE?

20                MR. KREVITT:  I BELIEVE IT WAS THE FIRST QUALCOMM

21      PHONE, YES, YOUR HONOR.

22                THE COURT:  ALL RIGHT.

23                MR. KREVITT:  IT WAS THE FIRST QUALCOMM PHONE.  THERE

24      WAS NO DISPUTE IT WOULD HAVE REQUIRED SUBSTANTIAL ADDITIONAL

25      DISCOVERY.
```

```
 1         IN FACT, YOUR HONOR -- AND THIS IS A CRITICAL POINT, I

 2    BELIEVE -- APPLE AND SAMSUNG CAME VERY CLOSE TO AGREEING TO

 3    ALLOWING THE 4S IN THAT CASE, IN THE 1846 CASE.  THERE WERE

 4    NINE, TEN STIPULATIONS THAT WENT BACK AND FORTH.  THERE WERE

 5    NEGOTIATIONS RIGHT UP UNTIL THE TIME MOTIONS WERE FILED.

 6         AND ULTIMATELY, THE REASON THE NEGOTIATIONS BROKE DOWN IS

 7    SAMSUNG INSISTED ON HAVING THE ABILITY, THE ABILITY AT LEAST TO

 8    ASK AND DEMONSTRATE GOOD CAUSE TO REDEPOSE APPLE WITNESSES AND

 9    APPLE WASN'T PREPARED TO AGREE TO THAT AND THE ISSUE WAS

10    SUBMITTED TO JUDGE KOH.

11         WE ARE -- I'M STANDING HERE TODAY TO TELL YOU THAT WE WILL

12    NOT REDEPOSE ANY WITNESSES.

13         I HAVE ASKED TO HAVE WITNESSES WE HAVE NOT YET DEPOSED

14    PREPARED.  WE WOULD FORGO THAT ALSO, YOUR HONOR.

15         THERE IS NO ADDITIONAL INFORMATION.

16         THIS CASE IS VERY SIMILAR IN THAT RESPECT, YOUR HONOR, TO

17    THE NUANCE COMMUNICATIONS CASE THAT CHIEF MAGISTRATE

18    JUDGE JAMES ADDRESSED JUST LAST YEAR.  IN THAT CASE THE

19    DEFENDANT CAME FORWARD -- AND INCIDENTALLY, IT WAS AFTER THE

20    FACT DISCOVERY CUT OFF, AFTER THE FACT DISCOVERY CUT OFF -- AND

21    THE DEFENDANT CAME IN AND SAID IT WOULD CAUSE SEVERE PREJUDICE,

22    IT WOULD CAUSE ENORMOUS WORK, IT WOULD DERAIL THE SCHEDULE --

23    THAT'S A QUOTE -- IT WOULD DELAY THE TRIAL, IT WOULD REQUIRE

24    NEW CLAIM CONSTRUCTION ISSUES.

25         AND MAGISTRATE JUDGE JAMES SAID THERE'S NO "THERE" THERE.
```

1    IT'S JUST CONCLUSORY HAND WAVING.  THAT'S MY PARAPHRASE, YOUR

2    HONOR.  THERE IS NO ACTUAL PREJUDICE.  THERE IS NO SINGLE CLAIM

3    CONSTRUCTION ISSUE IDENTIFIED.  THERE IS NO SINGLE REASON THAT

4    THE TRIAL WOULD BE DELAYED.  IT'S JUST CONCLUSORY, PERFUNCTORY

5    STATEMENTS.

6        AND THAT'S WHAT WE HAVE IN THEIR BRIEF.  THEY SAY THAT THEY

7    WOULD NEED ENORMOUS TIME TO DEVELOP NON-INFRINGEMENT ARGUMENTS.

8    WHY?  THEY HAVE NOT IDENTIFIED A SINGLE REASON THAT THEY WOULD

9    HAVE ANY NEW NON-INFRINGEMENT ARGUMENTS.

10       WE BELIEVE A NEW NON-INFRINGEMENT ARGUMENT AT THIS TIME

11   WOULD BE IMPROPER GIVEN THE FACT THAT IT'S IDENTICAL.

12       IF IT ISN'T IDENTICAL, THAT --

13           THE COURT:  LET ME ASK YOU ABOUT THAT.  LET'S ASSUME,

14   FOR THE SAKE OF CONVERSATION, THAT YOU GET THE S IV IN.  ARE

15   YOU SAYING THAT THEY WOULD BE, AT THE SAME TIME, BARRED FROM

16   INTRODUCING ANY UNIQUE OR DISTINCT NON-INFRINGEMENT ARGUMENT

17   FROM THE S III POSITION?

18           MR. KREVITT:  OF COURSE NOT, YOUR HONOR, AND NOT AT

19   ALL.

20       THE POINT I WAS SIMPLY MAKING IS IF YOU ACCEPT OUR

21   PREMISE -- AND I UNDERSTAND THAT YOUR HONOR HAS NOT, BUT IF YOU

22   ACCEPT THE PREMISE THAT THE PRODUCT IS IDENTICAL AND WE HAVE

23   LITIGATED A CASE WITH OUR INFRINGEMENT THEORIES,

24   WELL-DEVELOPED, SET FORTH IN DETAIL, AND NON-INFRINGEMENT

25   THEORIES HAVE BEEN IDENTIFIED, TO COME UP WITH A NEW

```
 1    NON-INFRINGEMENT THEORY WOULD BE TANTAMOUNT TO COMING UP WITH A

 2    NEW NON-INFRINGEMENT THEORY FOR PRODUCTS THAT HAVE ALREADY BEEN

 3    IN THE CASE.  THAT WAS MY ONLY POINT.

 4        IF THERE WAS SOMETHING UNIQUE, SAMSUNG PRESUMABLY WOULD

 5    HAVE IDENTIFIED IT IN ITS BRIEF, HAVING HAD OUR PAPERS FOR

 6    THREE WEEKS WHEN THEY FILED, OR WILL DO SO TODAY, YOUR HONOR.

 7        IN THE EVENT THAT THERE IS SOMETHING UNIQUE, IN THE EVENT

 8    THAT THERE IS SOMETHING UNIQUE, OF COURSE SAMSUNG SHOULD HAVE

 9    THE RIGHT AND WILL HAVE OUR AGREEMENT TO IDENTIFY THAT AND

10    DEVELOP THAT.

11        WE -- I CAN REPRESENT TO YOUR HONOR, AS AN OFFICER OF THE

12    COURT, THAT HAVING DONE THE EXAMINATION OF THE PRODUCT, HAVING

13    HAD OUR EXPERTS AROUND THE WORLD STUDY THESE PRODUCTS FOR

14    WEEKS, REVIEWING EVERY ASPECT OF THE CODE THAT WE COULD GET OUR

15    HANDS ON, PLAYING WITH THE PHONES LEFT, RIGHT, AND SIDEWAYS,

16    THE PRODUCTS ARE IDENTICAL.

17        AND HERE'S AN INTERESTING THING, YOUR HONOR.  THE NEW S IV

18    DOES NOT INFRINGE ONE OF THE PATENTS ASSERTED AGAINST THE

19    S III.  WE DID NOT JUST KNEE JERKILY REVISE OUR CLAIM CHARTS

20    AND SUBMIT THEM AND PUT THE BURDEN ON SAMSUNG TO IDENTIFY

21    SOMETHING THAT'S DIFFERENT.

22            THE COURT:  SO WHICH PATENT IS OFF THE TABLE FOR THE

23    S IV?

24            MR. KREVITT:  THE '760, YOUR HONOR.

25        WITH RESPECT TO THE '760 -- AND WE HAD TO DO THIS QUICKLY.
```

1      WE MAY ONE DAY REGRET THIS, BUT WITH RESPECT TO THE '760, YOUR

2      HONOR, APPLE'S EXAMINATION, WHICH WE DID IN THE TIMEFRAME THAT

3      I IDENTIFIED FOR YOUR HONOR, INDICATED THAT IT DID NOT

4      INFRINGE, AT LEAST DID NOT INFRINGE IN THE SAME WAY AS THE

5      S III.

6          AND THAT'S A CRITICAL POINT, TOO.  WE THOUGHT, DO WE WOULD

7      HAVE A DIFFERENT INFRINGEMENT THEORY?  CAN WE ASSERT AN

8      INFRINGEMENT CLAIM?  AND WITHOUT REVEALING THE -- OUR

9      CONCLUSIONS ON THAT QUESTION, WHAT WE DID CONCLUDE IS WE CANNOT

10     ALLEGE INFRINGEMENT IN THE SAME WAY.

11         AND WE MADE A JUDGMENT, YOUR HONOR.  OUR CLIENT, WHO IS

12     HERE, MADE THE JUDGMENT THAT IT WAS WORTH NOT ASSERTING THE

13     PATENT AGAINST -- THAT PATENT, THE '760 -- AGAINST THE S IV

14     BECAUSE I COULD NOT STAND AT THIS PODIUM AND REPRESENT TO YOUR

15     HONOR THAT IT INFRINGES THE '760 PATENT IN THE SAME WAY THAT

16     THE S III INFRINGES.

17             THE COURT:  LET ME ASK YOU THIS, MR. KREVITT.  IF

18     YOUR THEORY IS THAT IT'S THE JELLY BEAN DROP WHICH ULTIMATELY

19     RESULTS IN INFRINGEMENT, WHY DO YOU NEED ANY OF THEIR

20     ADDITIONAL CODE AT ALL?

21             MR. KREVITT:  YOUR HONOR, IT'S A GOOD QUESTION, WHICH

22     I WAS -- I HAVE ASKED IT MANY TIMES AND WAS HOPING TO BE ABLE

23     TO TELL YOUR HONOR WE DON'T NEED IT.

24         I THINK, AS A PRACTICAL MATTER, WE DON'T NEED IT TO MAKE --

25     I KNOW THAT WE DON'T NEED IT TO MAKE THE CLAIMS THAT I HAVE

1    MADE.

2         BUT THE CODE THAT WE HAVE IS THE PUBLICLY AVAILABLE CODE.

3              THE COURT:  YEAH.  YOU CAN GO ON TO THE WEB AND GET

4    IT.  WHY DO YOU NEED THEIR CODE?

5              MR. KREVITT:  AND WE HAVE DONE THAT, YOUR HONOR, AND

6    OUR CHARTS REFLECT THAT.

7         WHAT WE ARE -- WHAT WE NEED TO AVOID, YOUR HONOR, ONE DAY

8    IS AN EXPERT STANDING UP AT TRIAL AND SAYING, "THEY REVIEWED

9    THE PUBLIC CODE.  THEY DIDN'T REVIEW THE CODE ON THE DEVICE.  I

10   DON'T HAVE AN OPINION ON THAT, I'M NOT TELLING YOU IT'S

11   DIFFERENT, BUT IT'S A FAILURE OF PROOF ON APPLE'S PART."

12        THIS IS SIMPLY TO -- IT'S PROPHYLACTIC TO PROTECT THAT

13   ARGUMENT.

14        IF THERE WERE A REPRESENTATION THAT WITH RESPECT TO THE,

15   THE RELEVANT ASPECTS OF THE CODE, THAT IT'S IDENTICAL, WE MAY

16   BE ABLE TO AVOID HAVING THE CODE PROVIDED TO US.

17        IT REALLY IS PROPHYLACTIC IN THAT RESPECT, YOUR HONOR, IN

18   EFFORT TO AVOID ONE DAY HAVING TO STAND UP AND EXPLAIN, "WELL,

19   WE ONLY HAD THE PUBLIC CODE, BUT TAKE OUR WORD, IT'S THE SAME

20   AS THE CODE ON THE DEVICE."

21        SO IT IS NOT -- IT IS OUR VIEW THAT IT IS NOT AT ALL

22   NECESSARY, OR I WOULDN'T MAKE THE REPRESENTATIONS THAT I'VE

23   MADE TO YOUR HONOR, TO STAND UP AND MAKE THE REPRESENTATIONS

24   THAT THE INFRINGEMENT IS THE SAME.

25        SO, YOUR HONOR, YOU'VE HEARD OUR VIEW, AND I KNOW I'VE

1       MENTIONED THE NUANCE COMMUNICATIONS CASE WHERE PRODUCTS WERE

2       ADDED AFTER DISCOVERY, AND THE COURT IN THAT CASE, MAGISTRATE

3       JUDGE JAMES AS I MENTIONED, SAID IF THERE ARE ISSUES, THE

4       DEFENDANT IS NOT IMPOTENT TO COME FORWARD AND EXPLAIN WHAT

5       THOSE ARE NOW OR LATER.  IF DISCOVERY ARISES AND THEY HAVE

6       SOMETHING THEY WANT TO PUT INTO THE CASE, THEY CERTAINLY COULD

7       COME AND MAKE A MOTION.

8              AND WE -- I CAN TELL YOU THAT I WOULD ANTICIPATE THAT YOUR

9       HONOR WOULD BE VERY REASONABLE WITH RESPECT TO ANY REQUEST THAT

10      SAMSUNG MIGHT MAKE IN THAT REGARD AND WE ABSOLUTELY, I CAN TELL

11      YOU NOW, WOULD NOT TRY TO PREVENT SAMSUNG FROM RAISING ANY

12      DEFENSE IT MAY HAVE WITH RESPECT TO THE S IV.

13             WE JUST, BASED ON ALL OF THE INFORMATION THAT WE HAVE, THAT

14      WE HAVE PUT FORWARD IN CHARTS -- AGAIN, THIS IS NOT CONCLUSORY,

15      PERFUNCTORY STATEMENTS IN A BRIEF.  THESE ARE CLAIM CHARTS,

16      DETAILED, AN INCH THICK CLAIM CHARTS -- WE BELIEVE THE

17      ALLEGATIONS ARE THE SAME.

18             WE WOULD THEREFORE, YOUR HONOR, FORGO ANY ADDITIONAL

19      DISCOVERY BEYOND THE DISCOVERY YOU CORRECTLY IDENTIFIED AS

20      DISCOVERY WHICH IS THE CODE, WHICH I'VE EXPLAINED WHY WE WOULD

21      LIKE THAT, AND THE SALES INFORMATION TO WHICH WE HAVE NO ACCESS

22      UNLESS IT IS PRODUCED SO OUR DAMAGES EXPERT CAN INCLUDE THAT.

23             BEYOND THAT, YOUR HONOR, ALTHOUGH WE WOULD ASK THAT

24      WITNESSES BE PREPARED WITH RESPECT TO THE S IV, THEY'RE BEING

25      PRODUCED ANYWAY -- WE WON'T REDEPOSE, AS I SAID, ANYONE ELSE OR

1    ASK FOR FURTHER DEPOSITIONS -- IN THE EVENT THAT THAT IS A

2    WEDGE ISSUE THAT LEANS YOUR HONOR LEFT OR RIGHT ON THIS ISSUE,

3    WE WOULD FORGO THAT AS WELL.

4        THERE IS, WITH RESPECT YOUR HONOR, NO REASONABLE BASIS, NO

5    LEGITIMATE PREJUDICE TO KEEPING THE S IV -- TO ALLOWING THE

6    S IV IN THE CASE.

7        THE ONLY PREJUDICE, AND I USE THAT TERM IN QUOTES HERE, IS

8    THAT A NEW FLAGSHIP PRODUCT BY SAMSUNG THAT USES THE SAME CODE

9    IN THE SAME WAY AND INFRINGES OUR PATENTS IN THE SAME EXACT WAY

10   WOULD BE INSULATED FROM THIS LAWSUIT, REQUIRING US TO FILE YET

11   ANOTHER LAWSUIT TO CAPTURE IT.

12       AND IF I MAY JUST SAY ONE THING ON THAT?

13           THE COURT:  YOU MAY.

14           MR. KREVITT:  IT GOES BACK TO THE 1846 CASE AND THE

15   JUDICIAL ESTOPPEL POINT THAT SAMSUNG RAISED, AND I HOPE I'VE

16   ADDRESSED THAT, HOW DIFFERENT THOSE FACTS WERE.

17           THE COURT:  SO YOU'VE EXPLAINED THE DIFFERENCE IN

18   HARDWARE.

19       AM I ALSO CORRECT -- I BELIEVE I KNOW THE ANSWER, SO LET ME

20   CONFIRM THIS -- THE OPERATING SYSTEM IS DIFFERENT, TOO?  THE

21   SOFTWARE IS DIFFERENT?

22           MR. KREVITT:  YES, YOUR HONOR.  YES.

23       AND THERE WAS -- IN THAT CASE, YOUR HONOR, THERE WAS NO

24   DISPUTE BETWEEN THE PARTIES.  THERE WAS A DISPUTE AS TO HOW

25   MUCH DISCOVERY AND HOW BURDENSOME, OF COURSE.  THE PARTIES

1    FOUGHT ON THAT.

2         THERE WAS NO DISPUTE THAT ADDITIONAL DISCOVERY WAS

3    NECESSARY.  THERE WAS NO DISPUTE THAT THEY NEEDED TO DEPOSE

4    QUALCOMM, THAT THEY NEEDED TO SEEK DISCOVERY FROM QUALCOMM,

5    THAT THEY WANTED TO DEPOSE THE PARTIES' WITNESSES, SO THERE WAS

6    NO DISPUTE ON THAT, AND THAT THE CHANGES TO THE IPHONE 4S WERE

7    GERMANE TO THE INFRINGEMENT ISSUES.  AGAIN, NO DISPUTE.

8    SAMSUNG DIDN'T DISPUTE THAT AT ALL.

9         THIS -- THE OTHER ISSUE THAT I WANTED TO MENTION WITH

10   RESPECT TO JUDICIAL ESTOPPEL IS IN JUDGE KOH'S ORDER IN WHICH

11   SHE DENIED THE MOTION TO ADD THE APPLE 4S, SHE NOTED THAT IN

12   THE WINDOW OF TIME BETWEEN THE MOTION BEING FILED AND HER

13   HEARING, OR AT LEAST RULING ON THE MOTION, THIS LAWSUIT WAS

14   FILED, THE SECOND LAWSUIT.

15        AND SHE NOTED THAT, GIVEN THE STATE OF THE CASE AND THE

16   FACT THAT THERE IS A NEW LAWSUIT AND THAT THERE WAS NEW

17   DISCOVERY REQUIRED, NEW INFRINGEMENT ALLEGATIONS, THAT THE

18   ALLEGATIONS WITH RESPECT TO THE 4S COULD BE INCLUDED IN THIS

19   LAWSUIT, AND THEY WERE, AND THE OTHER PRODUCTS THAT WERE AT

20   ISSUE IN THAT MOTION PRACTICE.

21        WE DON'T HAVE A NEW LAWSUIT, YOUR HONOR.  WE -- THIS IS THE

22   SECOND LAWSUIT.  WE DON'T WANT TO HAVE TO KEEP FILING LAWSUIT

23   AFTER LAWSUIT.  I'M SURE YOUR HONOR WOULD NOT DISAGREE WITH

24   THAT.

25        WE HAVE A LAWSUIT.  WE UNDERSTAND THAT AT SOME POINT WE'RE

1    GOING TO HAVE TO GO TO TRIAL ON SOME SET OF PRODUCTS AND WE'RE

2    NOT GOING TO BE ABLE TO ADD A PRODUCT, YOU KNOW, DURING VOIR

3    DIRE.  WE CERTAINLY UNDERSTAND THAT, YOUR HONOR.

4        TWO MONTHS BEFORE THE FACT DISCOVERY CUT OFF, THOUGH, WE

5    SERVED CLAIM CHARTS THAT DEMONSTRATED THAT THE PRODUCT'S

6    IDENTICAL.  ALL WE'RE ASKING FOR IS THE LIMITED INFORMATION

7    THAT I'VE IDENTIFIED FOR YOUR HONOR.

8        AND IN A RELATIVELY RECENT CASE, A CASE INVOLVING STANFORD

9    UNIVERSITY, THE FACT THAT IT WOULD REQUIRE YET ANOTHER LAWSUIT

10   TO BE FILED WAS YET ANOTHER REASON THAT THE JUDGE IN THAT CASE

11   ALLOWED THE PRODUCT TO COME IN, NOTWITHSTANDING THE FACT THAT

12   IN THAT CASE -- IN COMING FULL CIRCLE TO WHAT WE TALKED ABOUT

13   AT THE OUTSET -- THE PLAINTIFF HAD NOT SHOWN DILIGENCE IN

14   SEEKING TO AMENDED CONTENTIONS, BUT IT WOULD NOT DERAIL THE

15   SCHEDULE AND IT WOULD HAVE REQUIRED YET ANOTHER NEW LAWSUIT TO

16   BE FILED.  FOR THOSE REASONS THE AMENDMENT WAS ALLOWED.

17           THE COURT:  ALL RIGHT.  THANK YOU, MR. KREVITT.

18           MR. KREVITT:  THANK YOU.

19           THE COURT:  MR. LYON, I'D LIKE TO HEAR FROM YOU AND

20   THEN I'M GOING TO GIVE SAMSUNG A CHANCE TO RESPOND TO BOTH

21   ARGUMENTS.

22           MR. LYON:  THANK YOU, YOUR HONOR.

23       SO WITH RESPECT TO THE REST OF THE CLAIM CHART, ONE THING I

24   WANTED TO MAKE CLEAR IS WE HAVE EIGHT PATENTS IN THE CASE AND

25   WE AMENDED ALL OF OUR CLAIM CHARTS FOR THOSE TO ADD IN SOURCE

1    CODE CITATIONS AND SOME EXPLANATION FOR WHY WE'RE POINTING TO

2    THOSE FILES.

3        WITH RESPECT TO EVERYTHING OTHER THAN THE '604 AND '959,

4    SAMSUNG IS NOT OBJECTING TO THOSE AMENDMENTS, SO ALL SIX OF

5    THOSE WE WOULD SUBMIT SHOULD BE ALLOWED.

6        WITH RESPECT TO -- WELL, AND LET ME STEP BACK A LITTLE BIT

7    IN HOW THIS HAPPENED.

8        WE PROVIDED THEM, ABOUT A WEEK OR A WEEK AND A HALF BEFORE

9    WE FILED OUR MOTION, THE DRAFT CLAIM CHARTS AND ASKED THEM TO

10   COMMENT AND TELL US WHETHER THEY OBJECTED.  THEY SAID, "WE

11   OBJECT," NO EXPLANATION.

12       AND SO WE FILED OUR MOTION BECAUSE WE HAD TO BE PROMPT WITH

13   IT.

14       AND I APOLOGIZE FOR HAVING TO FILE ALL THE CLAIM CHARTS

15   WITH YOUR HONOR, BUT I HAD NO CHOICE THERE.

16       AND WITH RESPECT TO THE -- AND THEN WE KEPT TRYING TO

17   ENGAGE IN DIALOGUE.

18       WE FOUND OUT, WITH THEIR OPPOSITION, WHAT THEIR OBJECTIONS

19   WERE.  WE HAD NOT HAD ANY OBJECTIONS BEFORE THEN.  SO WHEN WE

20   SAW THEIR OBJECTIONS TO THE '604 PATENT AMENDMENTS AND TO CLAIM

21   1 OF THE '959 PATENT, WHICH HAS THIS "EACH" TERM THAT WAS

22   INTERPRETED BY THE FEDERAL CIRCUIT, WE DECIDED THAT RATHER THAN

23   FIGHT THE BATTLES -- WE DISAGREED, BUT RATHER THAN FIGHT THE

24   BATTLES, WE WOULD JUST WITHDRAW THOSE AMENDMENTS AND WE SERVED

25   SUPPLEMENTAL CHARTS TO THEM, ONE OF WHICH IS AN EXAMPLE THAT WE

1    ATTACHED TO OUR REPLY BRIEF, AND ASKED THEM TO SAY, "WOULD THIS

2    BE ENOUGH?  WOULD YOU AGREE WITH THIS?"

3        THEY RESPONDED ASKING FOR RED LINES, WE PROVIDED THEM RED

4    LINES; WE SENT BACK AND FORTH FOR A COUPLE WEEKS, BUT WE NEVER

5    GOT A SUBSTANTIVE RESPONSE FROM THEM AS TO WHETHER THEY HAD ANY

6    OBJECTIONS TO THIS OR NOT UNTIL 8:00 P.M. LAST NIGHT IN WHICH

7    THEY SAID, "WE OBJECT FOR THE SAME REASONS IN OUR OPPOSITION

8    BRIEF."

9        SO I, AT THIS POINT, DON'T REALLY KNOW, BECAUSE WE BELIEVE

10   WE HAVE ADDRESSED ALL OF THEIR OBJECTIONS BY TAKING OUT THE

11   "EACH" CLAIM, BY AVOIDING ANY CONFLICT OVER WHAT HEURISTIC IS

12   BEING USED.

13       WE HAVE TAKEN OUT THE MODULES THAT THEY OBJECTED TO WHERE

14   WE DIDN'T HAVE SOURCE CODE.  THOSE ARE NO LONGER PART OF THE

15   AMENDED CONTENTIONS.

16       THEY WERE -- I BELIEVE THE AMAZON MODULES WERE AN EXAMPLE

17   OF THAT WHERE WE DIDN'T HAVE SOURCE CODE AND THEY COMPLAINED

18   THAT THAT WAS INTERPRETING HEURISTIC TOO BROADLY, SO WE TOOK

19   THOSE MODULES OUT OF CONTENTIONS, BECAUSE UNDER THE REMAINING

20   CLAIMS FOR THE '959, WE DON'T --

21           THE COURT:  WHICH ARE ALL THE CLAIMS OTHER THAN CLAIM

22   1.

23           MR. LYON:  YES.  IT'S CLAIMS 24, 25, AND 27.

24       WE DON'T HAVE TO SHOW THAT EACH MODULE IS DIFFERENT, SO ALL

25   WE HAVE TO SHOW IS THAT THEY HAVE HEURISTICS IN THEM.  WE DON'T

1      HAVE TO SHOW EVERY SINGLE ONE.

2           SO WE DON'T HAVE THE SAME BURDEN OF PROOF, SO WE DON'T EVEN

3      HAVE TO TALK ABOUT THOSE MODULES, SO WE'VE ELIMINATED THOSE

4      FROM THE CLAIM CHARTS.

5           AND WHAT WE'RE LEFT WITH IS SOME ADDITIONAL ONES FROM

6      GOOGLE THAT THEY PRODUCED SOURCE CODE IN THE APRIL AND INTO

7      MID-MAY TIMEFRAME AND WE WERE ABLE TO TURN AROUND THESE CHARTS

8      WITHIN ABOUT A WEEK OF WHEN WE FINALLY GOT ALL OF THE SOURCE

9      CODE PRODUCED.

10              THE COURT:  CAN I ASK YOU ABOUT THE PRODUCTION?  WHY

11     DO YOU NEED SOURCE CODE FROM GOOGLE?  ISN'T THIS AVAILABLE ON

12     THE WEB?

13              MR. LYON:  SO SOME OF THEM ARE.  THE OPERATING SYSTEM

14     IN OPEN SOURCE IS AVAILABLE ON THE WEB, AND OF COURSE WE HAD

15     ACCESS TO THE DEVICES.

16              THE COURT:  WE'RE NOT TALKING ABOUT THOSE FILES HERE?

17              MR. LYON:  NO.  WHAT WE'RE TALKING ABOUT ARE MODULES

18     THAT GOOGLE PROVIDES TO SAMSUNG IN OBJECT CODE FORMAT AS I

19     UNDERSTAND IT.

20              THE COURT:  I SEE.

21              MR. LYON:  AND SO WE HAD TO --

22              THE COURT:  SO THESE ARE BINARY DROPS?

23              MR. LYON:  BINARY DROPS, RIGHT.

24           THE GOOGLE PLAYBOOKS, PLAY MOVIES, PLAY MUSIC, THE GOOGLE

25     NOW, THOSE ARE THE TYPES OF MODULES WE'RE TALKING ABOUT HERE.

```
1        SO AT THIS POINT, WE BELIEVE THAT WE HAVE DONE EVERYTHING

2    WE CAN.

3        I REALIZED, AS WE WERE PREPARING FOR THE HEARING, THAT WHAT

4    WE HAVE DONE AT THIS POINT IS GIVEN THE COURT AN EXAMPLE

5    AMENDED CHART FOR THE S III THAT REMOVES THESE CLAIMS, BUT WE

6    DIDN'T DO ALL THE OTHER ONES.

7        IF THE COURT WOULD LIKE TO SEE ALL OF THE OTHER CHARTS, I'M

8    HAPPY TO LODGE THOSE, BUT WE TRIED NOT TO BURDEN YOU WITH

9    PAPER.

10            THE COURT:  I THINK I HAVE ENOUGH ALREADY.

11            MR. LYON:  I THOUGHT YOU MIGHT.

12            THE COURT:  I APPRECIATE YOUR EXPLANATION.

13            MR. LYON:  IF YOU HAVE ANY OTHER QUESTIONS, I'M

14   WILLING TO -- OTHERWISE --

15            THE COURT:  UNDOUBTEDLY I WILL, BUT I'D LIKE TO GIVE

16   SAMSUNG AN OPPORTUNITY.

17            MR. LYON:  THANK YOU VERY MUCH, YOUR HONOR.

18            THE COURT:  THANK YOU MR. LYON.

19        MR. PRICE.

20            MR. PRICE:  THANK YOU, YOUR HONOR.

21        I THINK THE QUESTION IS, AS YOU'VE POINTED OUT, PREJUDICE.

22    AND I LISTENED CAREFULLY AND FOR THE MOST PART I THINK YOUR

23    CONCERNS ARE OUR CONCERNS, BUT WE HAVE A FEW ADDITIONAL ONES.

24        FIRST OF ALL, MY UNDERSTANDING IS THAT, IN FACT, THE CLAIMS

25    AREN'T THE SAME.  THE CLAIM CHARTS AREN'T THE SAME.
```

1        ON THE '959 PATENT, MY UNDERSTANDING IS THAT THAT HAS BEEN

2    AMENDED AS TO THE S III, BUT NOT AS TO THE S IV.  AND SO,

3    AGAIN, WE HAVE TO INVESTIGATE, OBVIOUSLY, EACH AND EVERY ONE OF

4    THESE INFRINGEMENT ALLEGATIONS SEPARATELY.

5        THE SECOND THING IS IT WILL REQUIRE A MASSIVE AMOUNT OF

6    WORK ON BEHALF OF SAMSUNG TO REVIEW THE CODE, PERHAPS TO

7    PREPARE WITNESSES, CERTAINLY TO PREPARE WITNESSES, YOU KNOW,

8    FOR THE CASE, EVEN IF NOT DISCOVERY.

9        AND IN ADDITION, YOUR HONOR, THE '959 AND '604 PATENTS, AS

10   INTERPRETED BY THE FEDERAL CIRCUIT, REQUIRE THAT EACH

11   APPLICATION THAT'S BEING SEARCHED HAVE A DIFFERENT HEURISTIC

12   METHOD OF SEARCH.

13       AND THESE PHONES HAVE DIFFERENT APPLICATIONS.  THEY VARY BY

14   CARRIER.  IN FACT, SOME OF THE APPLICATIONS ARE THIRD PARTY

15   APPLICATIONS, AND SO THERE WOULD -- THERE WOULD HAVE TO BE

16   DISCOVERY ON EACH OF THESE APPLICATIONS BECAUSE IF ANY TWO ARE

17   DIFFERENT, THERE'S NO INFRINGEMENT.

18       SO THERE'S A MASSIVE AMOUNT OF WORK THAT YOU'RE GOING TO

19   NEED JUST TO LOOK AT INFRINGEMENT.

20       BUT LET ME TALK ABOUT SOMETHING WHICH WASN'T MENTIONED AT

21   ALL, AND IT'S A HUGE PART OF THIS CASE UNDER THE FEDERAL

22   CIRCUIT'S GOVERNING LAW, AND THAT IS THE CAUSATION AND DAMAGES

23   QUESTIONS FOR THESE PRODUCTS.

24       IN ORDER TO PROVE CAUSATION, DAMAGES, YOU KNOW, APPLE HAS

25   TO PROVE, AMONG OTHER THINGS -- FOR EXAMPLE, IF IT WANTS AN

```
 1        INJUNCTION -- THAT THESE FEATURES ARE DRIVING THE SALES OF
 2     THESE PRODUCTS.
 3        SO YOU HAVE TO LOOK AT EACH PRODUCT DIFFERENTLY.  AND THAT
 4     ALSO AFFECTS WHAT LOST PROFITS ARE, OR REASONABLE ROYALTY RATE.
 5        NOW, APPLE SAYS WE KEEP COMING OUT WITH NEW PRODUCTS, AND
 6     THIS -- I'VE HEARD THE PHRASE "WHACK-A-MOLE" IN DIFFERENT
 7     HEARINGS.  IT'S PROBABLY BEEN USED HERE.
 8        BUT LOOK WHAT HAPPENED HERE.  I MEAN, WE COME OUT WITH A
 9     NEW PHONE, IT HAS INCREDIBLE NEW FEATURES, AND YOU'VE SEEN THEM
10     ADVERTISED, BUT IT'S EYE SCROLLING AND EYE PAUSING AND
11     INCREDIBLE PICTURE, INCREDIBLE CAMERA, AND THE SALES ARE
12     PHENOMENAL.  THEY'RE TERRIFIC SALES.
13        BY THE WAY, ACCORDING TO APPLE, WE NO LONGER INFRINGE ONE
14     OF THEIR PATENTS, WHICH IS LOOKING AT THE CALL HISTORY.  IT
15     MIGHT SUGGEST CALL HISTORY ISN'T WHY PEOPLE ARE BUYING THESE.
16        IN ANY EVENT, IT'S SORT OF LIKE THE GAME PONG.  WHEN IT
17     CAME OUT, IT WAS KIND OF VALUABLE.  BUT IF THE GAME PONG WERE
18     ON AN IPHONE OR GALAXY RIGHT NOW, IT WOULDN'T BE WORTH MUCH.
19     IT WOULDN'T BE DRIVING SALES.
20        SO FOR EACH OF THESE PRODUCTS, YOU KNOW, WE ARE DOING --
21     AND I'M SURE APPLE IS, TOO -- AN ANALYSIS, EXPERT ANALYSIS AS
22     TO WHETHER THESE FEATURES ARE IMPORTANT IN THESE PRODUCTS.
23        AND HERE WE HAVE A BRAND NEW PRODUCT WITH SUBSTANTIAL NEW
24     FEATURES.
25        AND SO, AS YOU MIGHT GUESS, WE HAVE EXPERTS WORKING.  YOU
```

 1        KNOW, THEY HAVE TO DO THEIR WORK IN ADVANCE.  THEY HAVE TO DO

 2        CAREFULLY PREPARED STUDIES.

 3             AND NOW ALL OF A SUDDEN, APPLE IS SAYING, OH, HERE'S A NEW

 4        PRODUCT WITH SUBSTANTIALLY DIFFERENT FEATURES THAT ARE BEING

 5        ADVERTISED AND THAT ARE BEING WRITTEN UP IN THE PRESS.

 6             I THINK CONSUMER REPORTS YESTERDAY SAID, YOU KNOW, THE

 7        GALAXY S IV IS THE BEST ONE OUT THERE BECAUSE OF THE NEW

 8        VISUALS AND BECAUSE OF THE NEW SENSORS AND BECAUSE OF THE

 9        CAMERA.

10             AND SO ALL OF A SUDDEN, WELL, NOW WE'RE THROWING THAT IN

11        THE MIX AND WE'RE GOING TO HAVE TO DO SURVEYS ON THAT AND WE'RE

12        GOING TO HAVE TO HAVE EXPERT ANALYSIS ON THAT, AND THAT'S A

13        HUGE PART OF THIS TRIAL BECAUSE WHAT APPLE IS DOING, FROM OUR

14        PERSPECTIVE, IS TAKING VERY, VERY NARROW PATENTS, WHICH OF

15        COURSE WE BELIEVE AREN'T VALID TO BEGIN WITH, AND --

16             THE COURT:  I'M SHOCKED.

17             I THINK I HAVE A FAIRLY CLEAR PICTURE OF WHAT EACH OF YOU

18        IS TRYING TO DO HERE.

19             MR. PRICE:  RIGHT.  SO --

20             THE COURT:  LET ME ASK YOU THIS, MR. PRICE:  YOU

21        HAVE, AS YOU SHOULD, RIGHTLY FOCUSSED ON THE MYRIAD OF ISSUES

22        ON THE REMEDY SIDE THAT MAY BY IMPLICATED BY AN ADDITIONAL

23        PRODUCT, PARTICULARLY A FAIRLY SUCCESSFUL ONE.

24             WOULD YOU AT LEAST CONCEDE ON LIABILITY, ON INFRINGEMENT,

25        THAT IF THIS IS REALLY ABOUT JELLY BEAN AND JELLY BEAN ALONE,

```
1     THERE REALLY ISN'T MUCH MORE TO DO THERE OTHER THAN TO

2     SIMPLY --

3              MR. PRICE:  WELL, NO, BECAUSE THERE ARE

4     MODIFICATIONS.  SAMSUNG MAKES MODIFICATION.

5         AND FOR EXAMPLE, FOR THE '959 AND '604, THERE ARE DIFFERENT

6     APPLICATIONS IN EVERY CARRIER PHONE.  AND AGAIN, EACH OF THOSE

7     APPLICATIONS HAS TO BE SEARCHED WITH A DIFFERENT HEURISTIC OR

8     ELSE THERE'S NOT GOING TO BE INFRINGEMENT.

9         SO THERE'S A SUBSTANTIAL AMOUNT OF WORK TO DO TO SEE

10    WHETHER OR NOT THIS NEW PHONE WITH ITS MODIFICATIONS, AND THE

11    CARRIER TO CARRIER VARIATIONS AS TO WHAT APPLICATIONS ARE ON

12    THOSE PHONES, THAT'S A HUGE AMOUNT OF WORK TO EVEN COME TO A

13    CONCLUSION AS TO WHETHER OR NOT THERE'S INFRINGEMENT.

14             THE COURT:  ALL RIGHT.  WITH RESPECT TO YOUR JUDICIAL

15    ESTOPPEL THEORY, I MEAN, I CAN GO GOOSE AND GANDER ON THIS ONE.

16    I FEEL LIKE I'M HEARING THE REVERSE ARGUMENT THAT JUDGE KOH

17    HEARD JUST A LITTLE WHILE AGO WITH RESPECT TO THE IPHONE 4.

18        SO WHY ISN'T IT MATERIALLY DIFFERENT HERE THAT WE'RE

19    TALKING ABOUT THE SAME HARDWARE?  I THINK YOU'VE SPOKEN TO THE

20    SOFTWARE PIECE, BUT I CERTAINLY LOOKED AT THE EARLIER DISPUTE

21    AS SUBSTANTIALLY DIFFERENT IN THAT WE'RE TALKING ABOUT AN

22    ENTIRELY DIFFERENT BASEBAND PROCESSOR FROM AN ENTIRELY

23    DIFFERENT SUPPLIER.  WHY ISN'T THAT SIGNIFICANT?

24             MR. PRICE:  WELL, I THINK YOU HAVE TO LOOK, AGAIN, AT

25    THE AMOUNT OF EFFORT THAT WOULD BE REQUIRED TO INCORPORATE THAT
```

1   INTO THE CASE.

2       AND PREVIOUSLY, ALTHOUGH IT DID INVOLVE A DIFFERENT

3   PROCESSOR, IT WAS A VERSION OF AN IOS PROCESSOR, AND FOR NINE

4   OF THE TWELVE, I THINK WE ESTABLISHED IN OUR PAPERS, THERE WERE

5   REALLY NO DIFFERENCES WHATSOEVER.  AT LEAST, THAT WAS CERTAINLY

6   OUR CONTENTION.

7           THE COURT:  UM-HUM.

8           MR. PRICE:  AND FOR THREE, THEY WERE MINOR.  BUT FOR

9   NINE, VIRTUALLY NO DIFFERENCE WHATSOEVER AND IT WOULD HAVE

10  REQUIRED ALMOST NO ADDITIONAL PROOF.

11      SO WE THINK ACTUALLY IT'S THE FACT -- IT'S SIMILAR TO THE

12  EXTENT THAT THERE WOULD HAVE BEEN LESS EFFORT REQUIRED THERE

13  THAN WOULD BE REQUIRED HERE.

14      AND YOU'VE GOT TO REMEMBER, THOSE WERE STANDARD ESSENTIAL

15  PATENTS; THAT IS, THE ALLEGATION WAS TO PRACTICE THE STANDARD

16  IN ORDER TO FUNCTION, YOU KNOW, YOU'RE BREACHING THOSE PATENTS.

17      HERE YOU'RE TALKING ABOUT FEATURE PATENTS AND A KEY ISSUE

18  IS THAT THE FEATURES ARE DIFFERENT FROM CARRIER TO CARRIER AND

19  PHONE TO PHONE, WHICH IMPLICATES LIABILITY AND OBVIOUSLY ALSO

20  WOULD INDICATE, OR RELATE TO THE "SO WHAT" QUESTION.

21          THE COURT:  I'M CURIOUS, MR. PRICE.  WITH RESPECT TO

22  THE S III, I TAKE IT THERE ARE DIFFERENT IMPLEMENTATIONS ACROSS

23  CARRIERS FOR THE S III.  CORRECT?

24          MR. PRICE:  I BELIEVE THAT'S TRUE.

25          THE COURT:  OKAY.  ARE ANY OF -- AND HAVE YOU SERVED

```
 1        EITHER INTERROGATORY RESPONSES OR ANY OTHER DISCOVERY WHICH HAS

 2        LAID OUT AT LEAST YOUR CURRENT NON-INFRINGEMENT POSITIONS WITH

 3        RESPECT TO THE S III?

 4            MR. PAK, DO YOU WANT TO SPEAK TO THAT?

 5                MR. PAK:  YOUR HONOR, GOOD TO SEE YOU.

 6            YES.  IF YOU LOOK AT SOME OF THE CONTENTIONS -- AND I'M

 7        GOING TO BE ADDRESSING THE SECOND MOTION WITH RESPECT TO THE

 8        '959 AND THE '604 -- BUT AS YOU CAN SEE IN THE CONTENTIONS,

 9        THEY'RE GOING AFTER YELP, THEY'RE GOING AFTER VERIZON CARRIER

10        SPECIFIC APPLICATIONS, AND THE REALITY IS WE HAVE TO LOOK AT

11        WHETHER THOSE APPLICATIONS THAT THEY'VE ACCUSED, AND THAT

12        THEY'RE GOING TO BE ACCUSING WITH RESPECT TO THE S IV, HAVE

13        HEURISTICS, NUMBER ONE; NUMBER TWO, IF THEY HAVE HEURISTICS,

14        WHETHER THEY'RE DIFFERENT OR NOT UNDER THE FEDERAL CIRCUIT'S

15        GUIDANCE ON THE '604 AND THE '959.

16            SO WE THINK THAT FROM AN ANALOGY PERSPECTIVE, JUST AS IN

17        THE IPHONE 4S, WE WERE DEALING WITH A DIFFERENT BROADBAND

18        PROCESSOR, AND ALTHOUGH THEY'RE STANDARD ESSENTIAL COMPLIANCE

19        CLAIMS, YOU HAVE TO LOOK AT THE PROCESSOR SPECIFIC ANALOGIES TO

20        DETERMINE WHETHER THERE ARE ADDITIONAL NON-INFRINGEMENT

21        ARGUMENTS.

22            WE HAVE THE SAME ISSUE WITH RESPECT TO THE SOFTWARE

23        PATENTS.  THIS ISN'T SIMPLY -- I REALLY DO THINK THERE'S A

24        FUNDAMENTAL DISCONNECT HERE.  THIS CASE ISN'T ABOUT JELLY BEAN

25        AND THE ANDROID STOCK CODE FROM GOOGLE.
```

```
 1        IT'S ABOUT A SPECIFIC SET OF APPLICATIONS AND THE SPECIFIC

 2   THINGS THAT SAMSUNG HAS DONE WITH THE CARRIERS TO LOAD SPECIFIC

 3   APPLICATIONS ONTO THESE PHONES, AT LEAST FOR THE TWO PATENTS

 4   THAT ARE AT ISSUE CURRENTLY WITH RESPECT TO THE SECOND MOTION.

 5        THE COURT:  OKAY.  SO AS -- WITH RESPECT TO THE

 6   S III, I WANT TO FOCUS ON THE S III --

 7        MR. PAK:  YES.

 8        THE COURT:  -- HAS SAMSUNG TAKEN THE POSITION THAT

 9   DIFFERENT CARRIER IMPLEMENTATIONS HAVE DIFFERENT

10   NON-INFRINGEMENT POSITIONS?

11        MR. PAK:  YES, YOUR HONOR.  AND THAT'S PART OF OUR

12   BURDEN OF PROOF PROBLEM FOR THEM AND THAT'S WHY I THINK THESE

13   TWO PATENTS ARE GOING TO BE ULTIMATELY IMPOSSIBLE FOR APPLE TO

14   PROVE INFRINGEMENT UNDER THE FEDERAL CIRCUIT GUIDANCE, BECAUSE

15   THEY CHOSE NOT TO CONDUCT ANY OF THAT DISCOVERY.  THEY HAD THE

16   OPPORTUNITY TO SEEK DISCOVERY FROM THE THIRD PARTY CARRIERS

17   AND, IN FACT, THEY'VE CHOSEN NOT TO DO THAT.

18        AND WHAT THE FEDERAL CIRCUIT GUIDANCE HAS GIVEN US IS A

19   CLEAR ROADMAP THAT SAYS YOU CAN'T INFRINGE THESE PARTICULAR

20   CLAIMS THAT SAY THAT EACH OF THESE HEURISTICS HAVE TO BE

21   DIFFERENT BY ONLY LOOKING AT TWO HEURISTICS.  IF YOU HAVE TEN

22   DIFFERENT HEURISTICS ON THE PHONE, OR 20 DIFFERENT

23   APPLICATIONS, YOU HAVE TO LOOK AT EACH AND EVERY ONE, AND I

24   THINK THAT'S A BURDEN OF PROOF PROBLEM THAT APPLE IS GOING TO

25   FACE.  WE'VE MADE THAT POSITION VERY CLEAR.
```

```
 1          WE'RE GOING TO BE MAKING THE ARGUMENT IN DIFFERENT WAYS
 2     WITH THE S IV BECAUSE WE'RE LOOKING AT A DIFFERENT COMBINATION
 3     OF APPLICATIONS, DIFFERENT SET OF CONTENTIONS, AND MR. PRICE IS
 4     ABSOLUTELY RIGHT THAT WITH RESPECT TO EVEN THE '959 THAT WE'LL
 5     BE TALKING ABOUT A LITTLE BIT LATER, THEY'VE AMENDED THEIR
 6     CONTENTIONS WITH RESPECT TO S III IN WAYS THAT WE THINK ARE
 7     IMPERMISSIBLE.
 8          BUT FOR THE S IV, THEY HAVE NOT MADE THOSE AMENDMENTS.
 9          SO RIGHT NOW BEFORE YOU ARE TWO DIFFERENT SETS OF
10     CONTENTIONS, ONE FOR S III AND ONE FOR S IV.
11          AND, AGAIN, FOR US AND OUR TEAM AND OUR EXPERTS AND OUR
12     FACT WITNESSES TO BE ABLE TO DECIPHER WHAT APPLE REALLY MEANS
13     BY THESE CONTENTIONS AND WHETHER, IN FACT, THE REPRESENTATION
14     FROM MR. KREVITT ABOUT WHETHER THERE ARE, IN FACT, SUBSTANTIAL
15     IDENTICAL SETS OF CONTENTIONS BEING APPLIED, THAT'S GOING TO BE
16     AN ENORMOUS AMOUNT OF WORK, AND I THINK GIVEN THAT WE'RE ONLY
17     LITERALLY WEEKS AWAY FROM FACT DISCOVERY CUT OFF, THIS REALLY
18     ISN'T THE TIME, AND THAT'S A POSITION THAT I'M HAPPY TO GO INTO
19     FURTHER.
20          THE COURT:  ALL RIGHT.  THANK YOU.
21          MR. PRICE, I INTERRUPTED YOU, SIR.  DO YOU WANT TO MAKE ANY
22     FURTHER POINTS ON THIS ONE?
23          MR. PRICE:  I THINK THAT I'VE HAD MY SAY, YOUR HONOR,
24     AND I'LL TURN IT OVER TO MR. PAK.
25          THE COURT:  OKAY.  THANK YOU VERY MUCH, MR. PRICE.
```

```
 1            MR. PRICE:  THANK YOU.

 2            MR. PAK:  THANK YOU, YOUR HONOR.

 3        SO JUST TO PICK UP WHERE WE LEFT OFF, AND I WANT TO CUT TO

 4    THE CHASE HERE BECAUSE FOR THE MOST PART, I THINK MR. LYON IS

 5    CORRECT THAT WE RAISED OUR OPPOSITION TO THE VARIOUS AMENDMENTS

 6    THAT THEY WERE SEEKING TO THEIR CONTENTIONS FOR THE '604 AND

 7    '959, AND I THINK IN RECOGNITION OF THE ARGUMENTS THAT WE SET

 8    FORTH -- AND JUST TO BE CLEAR, WHAT WE SAID IN THAT OPPOSITION

 9    WERE THE FOLLOWING:

10        WE SAID, NUMBER ONE, THAT THERE WAS NO GOOD FAITH BASIS TO

11    HAVE WAITED THIS LONG IF, IN FACT, APPLE IS TRUE THAT THE

12    SOURCE CODE WAS THE SAME FROM THE MAY 2012 DROP TO WHAT THEY

13    GOT IN MAY OF 2013.

14        AS YOUR HONOR KNOWS, WITH THE LOCAL RULES, YOU'RE NOT

15    SUPPOSED TO WAIT UNTIL THE END OF DISCOVERY.  AS SOON AS YOU

16    DISCOVER THAT YOU HAVE A BASIS TO ALLEGE NEW THINGS OR CHANGE

17    YOUR INFRINGEMENT THEORIES, YOU'RE OBLIGATED TO PROVIDE A

18    MOTION TO SUPPLEMENT YOUR CONTENTIONS.

19        THEY WAITED FIVE MONTHS BETWEEN AUGUST OF 2012 TO JANUARY

20    OF 2013 TO EVEN COME LOOK AT THE CODE THAT THEY'RE COMPLAINING

21    ABOUT NOW.

22        AND EVEN AFTER THAT POINT, THEY HAD AN OPPORTUNITY, IF YOUR

23    HONOR RECALLS, IN JANUARY OF 2013, WHEN THEY SUPPLEMENTED WITH

24    RESPECT TO JELLY BEAN, THEY COULD HAVE EASILY AMENDED THE

25    CONTENTIONS TO FOCUS ON SOME OF THE NEW CHANGES THAT WE'RE
```

```
 1     SEEING.  THEY CHOSE NOT TO DO THAT.

 2          BUT MORE IMPORTANTLY, YOUR HONOR, THE ISSUE THAT WE RAISED

 3     WAS ABOUT THE WORD "HEURISTIC," AND THAT'S A VERY IMPORTANT

 4     WORD BECAUSE IT'S NOT ABOUT JUST THE WORD "EACH" THAT THE

 5     FEDERAL CIRCUIT ANALYZED.

 6          THE WORD "HEURISTIC" APPEARS IN EACH OF THE ASSERTED

 7     CLAIMS, INCLUDING THE CLAIMS THAT ARE CURRENTLY AT ISSUE IN

 8     THIS MOTION, AND THAT'S CLAIMS 24, 25, AND 27.

 9          AND YOUR HONOR, I JUST PREPARED FOR YOUR HONOR'S REFERENCE

10     A FEW DEMONSTRATIVES HERE THAT ACTUALLY LAY OUT THE SPECIFIC

11     CONTENTIONS THAT ARE --

12               THE COURT:  SURE.  IF YOU HAVE A COPY FOR MR. LYON?

13               MR. PAK:  ABSOLUTELY.

14          MAY I APPROACH, YOUR HONOR?

15               THE COURT:  HAND IT TO MR. RIVERA.

16               MR. PAK:  SO IF YOU TURN, YOUR HONOR, TO THE FIRST

17     PAGE OF THE PRESENTATION, WHAT WE HAVE ARE THE ACTUAL OPERATIVE

18     INFRINGEMENT CONTENTIONS AS OF TODAY, ASSUMING THAT THE MOTION

19     IS NOT GRANTED.  SO THIS IS WHAT'S CURRENTLY IN EFFECT WITH

20     RESPECT TO THE '959 PATENT, AND THIS IS ON SLIDE 2, CLAIM 1.

21          AND WHAT WE DID WAS WE FOCUSSED ON THE HEURISTIC ELEMENT OF

22     THAT PARTICULAR CLAIM CONTENTION.

23          AND HERE THEY'VE IDENTIFIED IN THE S III WHAT THEY BELIEVE

24     ARE HEURISTICS, AND IF YOUR HONOR RECALLS FROM JUDGE KOH'S

25     RULING, "HEURISTIC" WAS DEFINED IN A NARROW WAY BASED ON THE
```

1      PROSECUTION HISTORY.

2          APPLE URGED, AND JUDGE KOH ADOPTED ULTIMATELY, A

3      CONSTRUCTION OF "HEURISTIC" THAT FOCUSSED ON HOW YOU DO THE

4      SEARCH; SPECIFICALLY, IT HAD TO REQUIRE SOME RULE OF THUMB, AND

5      IT ALSO COULD NOT CONSIST ENTIRELY OF SATISFYING WHAT ARE

6      CALLED SEARCH CONSTRAINT PARAMETERS.

7          SO IT HAD TO BE SOMETHING BEYOND SIMPLY TAKING INPUT

8      PARAMETERS, SEARCHING WHETHER THOSE INPUT PARAMETERS ARE

9      PRESENT IN A PARTICULAR SET OF DATA.

10         AND IN THESE OPERATIVE CONTENTIONS, THEY GO THROUGH AND

11     THEY IDENTIFY WAYS IN WHICH THEY THINK THESE PARTICULAR

12     HEURISTIC MODULES THAT THEY'VE IDENTIFIED SATISFY THAT

13     PARTICULAR CONSTRUCTION WHICH REQUIRES LOOKING AT HOW.

14         ONE THING YOU WILL NOTE IS THERE'S NO MENTION OF WHAT

15     YOU'RE SEARCHING.  SO THE ISSUE HERE WAS HOW YOU SEARCH, NOT

16     WHAT YOU SEARCH.

17         IN FACT, JUDGE KOH, IN HER OPINION, STATED SPECIFICALLY

18     THAT "I CAN'T TELL WHETHER SOMETHING IS HEURISTIC BY LOOKING AT

19     SIMPLY THE LIST OF THINGS THAT IT'S SEARCHING.  WHAT I NEED IS

20     TO BE ABLE TO UNDERSTAND HOW IT'S DOING THE SEARCH."

21         AND THE EXPERT FOR APPLE, DURING THE DEPOSITION PROCESS,

22     ADMITTED THAT YOU COULD SEARCH THE SAME SET OF DATA IN A

23     HEURISTIC MANNER VERSUS A NON-HEURISTIC MANNER.

24         THE QUESTION IS HOW YOU SEARCH, NOT WHAT YOU SEARCH.

25         SO THEN IF YOU LOOK AT, ON SLIDE 4, THIS WAS WHAT APPLE HAD

1     FILED WITH ITS MOVING PAPERS.  THESE WERE THE CONTENTIONS THAT

2     WE OBJECTED TO AND THEN LATER APPLE WITHDREW AS PART OF THE

3     MOTION PRACTICE.

4         AND SPECIFICALLY WHAT WE COMPLAINED ABOUT ARE THE THINGS

5     THAT ARE HIGHLIGHTED IN BOLD, BECAUSE WHAT WE SEE IS A

6     DIFFERENT CONSTRUCTION OF HEURISTIC FOR THE VERY FIRST TIME

7     THAT WE'VE NEVER SEEN IN THIS LITIGATION BEFORE THAT SAYS

8     SOMETHING IS A HEURISTIC BECAUSE IT FORMULATES AN APPROPRIATE

9     QUERY BASED ON THE TYPE OF DATA IT'S SEARCHING.

10         SO NOW, FOR EXAMPLE, IF YOU TAKE A VERY -- A LOT OF THESE

11    DATABASES THAT WE'RE TALKING ABOUT ARE SQL, S-Q-U-L, SO WHAT

12    APPLE IS SAYING FOR THE FIRST TIME IS --

13             THE COURT:  I THINK IT'S S-Q-L.

14             MR. PAK:  S-Q-L.  SORRY, YOUR HONOR.  SO S-Q-L.

15         AND WHAT APPLE IS SAYING FOR THE FIRST TIME IS, "IF I TAKE

16    THE SAME SQL QUERY AND I HAPPEN TO RUN IT ON A PARTICULAR

17    DATABASE, AN ORACLE DATABASE THAT HAS MUSIC, BUT I TAKE THE

18    SAME QUERY AND I RUN IT AGAINST, SAY, AN IBM DATABASE THAT

19    CONTAINS MUSIC, THAT ALL OF A SUDDEN, THE MERE FACT THAT I'VE

20    RUN THE SAME QUERY FOR DIFFERENT TYPES OF DATA SOURCES MAKES IT

21    INTO A HEURISTIC EVEN THOUGH THE QUERY ITSELF IS A LOGICAL

22    QUERY, DIDN'T INVOLVE A RULE OF THUMB, AND ONLY INVOLVES

23    LOOKING FOR A PARTICULAR SEARCH CONSTRAINT, FOR EXAMPLE, DOES

24    THE TITLE OF A SONG CONTAIN THE WORD 'PURPLE'?"

25         THIS IS A BRAND NEW THEORY.  WE LAID OUT, IN OUR

1  OPPOSITION, WHY THIS IS, FIRST OF ALL, DIFFERENT THAN

2  JUDGE KOH'S CONSTRUCTION; NUMBER 2, IT'S PREJUDICIAL BECAUSE IF

3  WE ARE NOW FACING A DIFFERENT CONSTRUCTION, WE'RE AT THE POINT

4  WHERE WE'VE DEPOSED THEIR INVENTORS, WE'VE GONE OUT AND

5  SEARCHED FOR PRIOR ART, WE'VE DEPOSED DOZENS OF PRIOR ART

6  WITNESSES, PROVIDED OUR INVALIDITY CONTENTIONS.

7      IF THERE'S A NEW THEORY OF INFRINGEMENT THAT IS DIFFERENT

8  THAN WHAT JUDGE KOH FOUND FOR HEURISTIC, WE WOULD HAVE TO REDO

9  ALL OF THAT DISCOVERY AND WE WOULD BE COMING BACK TO YOUR HONOR

10  SAYING, "THIS IS A BRAND NEW ALLEGATION THAT SWEEPS IN PRIOR

11  ART THAT WE HAVEN'T CONSIDERED BEFORE" AND THAT WOULD CAUSE ALL

12  KINDS OF HAVOC WITH THE CASE.

13      I THINK APPLE ACKNOWLEDGES THE MERITS OF OUR POSITION

14  BECAUSE THEY'VE WITHDRAWN THESE CONTENTIONS.

15      BUT THE ISSUE THAT WE'RE HAVING IS, IF YOU TURN TO SLIDE

16  6 --

17          THE COURT:  SO IF THEY'RE WITHDRAWN, WHY ARE WE

18  TALKING ABOUT IT?

19          MR. PAK:  EXACTLY.  SO, YOUR HONOR, THE PROBLEM THAT

20  WE'RE HAVING IS THE ONES THAT THEY ARE STILL MOVING FOR ON

21  CLAIM 24 -- AND THIS IS SLIDE 8 -- SLIDE 7, YOUR HONOR.

22          THE COURT:  I HAVE IT.

23          MR. PAK:  -- HAS THE SAME LANGUAGE REPEATEDLY.

24      SO THE VERY CONTENTIONS THAT MR. LYON CLAIMS WERE SOMEHOW

25  SCRUBBED TO TAKE OUT REFERENCES TO A NEW CONSTRUCTION OF

1    HEURISTIC STILL HAS ALL OF THESE CONTENTIONS IN IT.

2        THE COURT:  BUT IF THE ISSUE -- IF YOUR PROBLEM, OR

3    ISSUE, WITH THE PROPOSED AMENDED CONTENTION IS ITS FIDELITY, OR

4    LACK THEREOF, TO JUDGE KOH'S CONSTRUCTION, ISN'T THAT AN ISSUE

5    THAT'S ULTIMATELY RESOLVED, BEST RESOLVED AT SUMMARY JUDGMENT

6    OR AT TRIAL?  WHY IS THAT A CONSIDERATION, AN APPROPRIATE

7    CONSIDERATION FOR ME?

8        MR. PAK:  YOUR HONOR, IT'S AN APPROPRIATE

9    CONSIDERATION FOR YOU BECAUSE IT GOES TO THE QUESTION OF

10   PREJUDICE.

11       THE REPRESENTATION THAT APPLE HAS MADE TO YOU IS THAT

12   THERE'S NO PREJUDICE WITH RESPECT TO THESE LIMITED SET OF

13   CLAIMS THAT THEY'RE TRYING TO AMEND BECAUSE THEY HAVEN'T

14   CHANGED THEIR POSITION, AND WHAT I'M ASSERTING TO YOU, YOUR

15   HONOR, AND POINTING OUT THROUGH THIS DEMONSTRATIVE AND

16   ARGUMENT, IS THAT THAT'S NOT ACTUALLY TRUE.

17       IF YOU COMPARE, FOR EXAMPLE, ON THE LAST SLIDE THE

18   DISCUSSION OF HEURISTIC ELEMENTS IN THE ORIGINAL OPERATIVE SET

19   OF CONTENTIONS AND COMPARE IT TO WHAT'S ACTUALLY BEING

20   PRESENTED FOR YOUR CONSIDERATION NOW, THEY'RE DIFFERENT.

21       THE COURT:  OKAY.  SO YOUR POINT REALLY, THOUGH, IS

22   WITH THE FACT OF THE DELTA, NOT WHAT THE DELTA IS?  THE FACT

23   THAT WE NOW HAVE ADDITIONAL THEORIES OR POSITIONS AS COMPARED

24   TO WHAT IS CURRENTLY OPERATIVE, THAT'S -- ON THE MERITS, THAT'S

25   SOMETHING YOU'RE GOING TO DEAL WITH WITH JUDGE KOH AT THE

```
 1          APPROPRIATE TIME, RIGHT?

 2               MR. PAK:  YES, YOUR HONOR.

 3          BUT THE ISSUE IS ABOUT WHETHER WE SHOULD ALLOW, AT THIS

 4     POINT -- BECAUSE IT GOES TO THE ISSUE OF THE DISCOVERY PROCESS,

 5     YOUR HONOR, BECAUSE, AGAIN, IF WE HAD KNOWN ABOUT THIS SIX

 6     MONTHS AGO, THEN WE WOULD HAVE TAKEN THE OPPORTUNITY TO STUDY

 7     THESE POSITIONS.  WE WOULD HAVE HAD THE OPPORTUNITY TO ASK

 8     DIFFERENT KINDS OF QUESTIONS OF THEIR INVENTORS, PURSUED

 9     DIFFERENT PRIOR ART THEORIES.

10          ALL OF THAT IS FORECLOSED FOR US.

11          SO YOU'RE RIGHT, YOUR HONOR, THAT WE COULD GO BACK TO

12     JUDGE KOH AND ASK FOR HER CONSIDERATION ON THE MERITS OF THIS

13     POSITION.

14          THE PROBLEM IS THAT WE DON'T HAVE THE DISCOVERY AT THIS

15     POINT TO DEAL WITH THESE NEW POSITIONS.

16               THE COURT:  YOU IDENTIFIED ONE EXAMPLE, AND I JUST

17     WANT TO MAKE SURE I UNDERSTAND THE SITUATION CORRECTLY.

18               MR. PAK:  YES.

19               THE COURT:  YOU'VE TAKEN THE INVENTOR DEPOSITIONS

20     ALREADY?

21               MR. PAK:  YES, WE HAVE.

22               THE COURT:  SO IN ORDER FOR YOU TO EXPLORE THESE NEW

23     THEORIES, IN YOUR VIEW, WITH THOSE INVENTORS, YOU WOULD HAVE TO

24     BE GIVEN A FURTHER OPPORTUNITY FOR DEPOSITION AT A MINIMUM?

25               MR. PAK:  AT A MINIMUM, YOUR HONOR.
```

```
1        WE'VE ALSO DEPOSED, I THINK, OVER A DOZEN PRIOR ART

2   WITNESSES WITH RESPECT TO THESE TWO PATENTS.

3        AND AGAIN, TO THE EXTENT THAT THIS SWEEPS IN NEW

4   FUNCTIONALITY OF EXISTING PRIOR ART, OR EVEN MORE

5   FUNDAMENTALLY, IF THIS SWEEPS IN NEW PRIOR ART THAT WE WERE

6   AWARE OF BUT RULED OUT BECAUSE WE DIDN'T THINK THIS WAS WITHIN

7   THE CONFINES OF WHAT A HEURISTIC MEANT, WE WOULD HAVE ISSUES.

8        AND JUST GOING BACK TO MR. LYON'S LAST POINT, AND I'LL TURN

9   IT OVER TO YOU, YOUR HONOR, FOR ANY FURTHER QUESTIONS, IS WE

10  DIDN'T OBJECT TO THE OTHER SIX PATENTS AND THE AMENDMENTS THAT

11  THEY WERE SEEKING BECAUSE THEY WERE MERELY JUST ADDING PINPOINT

12  SITES TO EXISTING LANGUAGE SHOWING WHERE THEY THOUGHT THERE WAS

13  SOME FURTHER EVIDENCE OF SOURCE CODE.

14       THIS IS A VERY DIFFERENT SITUATION, AS YOU SEE HERE.  WE

15  THINK, TO THE SAME EXTENT THAT APPLE RECOGNIZED THAT THE

16  ORIGINAL CONTENTIONS THAT THEY WERE SEEKING TO AMEND WERE

17  PROBLEMATIC, THE SAME PROBLEM EXISTS WITH CLAIM 24 AND THE

18  INDEPENDENT CLAIMS AND THAT'S WHY WE'RE HERE TODAY.

19            THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH, MR. PAK.

20            MR. PAK:  THANK YOU, YOUR HONOR.

21            THE COURT:  MR. KREVITT OR MR. LYON, REBUTTAL?

22            MR. LYON:  MAYBE I'LL JUST RESPOND REAL QUICKLY TO

23  MR. PAK IF I MAY?

24            THE COURT:  GO AHEAD, MR. LYON.

25            MR. LYON:  SO I WOULD SAY FIRST THIS IS THE PERFECT
```

1    EXAMPLE OF WHY IT WOULD HAVE BEEN GREAT IF WE COULD HAVE MET

2    AND CONFERRED BEFORE THIS MOTION, BECAUSE I ACTUALLY THINK THIS

3    IS A BIT OF A MISUNDERSTANDING IN A LOT OF WAYS.

4        WE'RE NOT CHANGING OUR THEORY AT ALL.  THIS LANGUAGE IS

5    JUST TRYING --

6            THE COURT:  YOU WERE THE ONE WHO BROUGHT THE MOTION;

7    RIGHT?

8            MR. LYON:  TRUE, TRUE, TRUE.  AND WE'VE BEEN TRYING

9    TO MEET AND CONFER, YOUR HONOR.

10            THE COURT:  NORMALLY THAT'S NOT THE PARTY THAT

11    COMPLAINS ABOUT THE QUALITY OF THE MEETING.

12            MR. LYON:  I AGREE WITH THAT.  BUT WE'VE BEEN TRYING

13    TO MEET AND CONFER WITH THEM AND UNFORTUNATELY, UNTIL THIS

14    MOMENT, I HADN'T SEEN WHAT THEIR REAL OBJECTION WAS.

15            THE COURT:  WELL, HERE'S YOUR CHANCE.  GO AHEAD.

16            MR. LYON:  SO THIS -- ALL THIS IS IS EXPLAINING WHAT

17    THE HEURISTIC DOES.

18        IF YOU LOOK RIGHT BELOW THAT, IT POINTS TO A JAVA FILE.

19    THAT'S WHERE THE HEURISTIC IS.  WE'RE POINTING TO EXACTLY WHERE

20    THEY NEED TO GO TO SEE WHAT'S BEING DONE.

21        IF YOU LOOK AT EXHIBIT -- UNFORTUNATELY, I DON'T HAVE EXTRA

22    COPIES, BUT IT'S PART OF OUR REPLY BRIEF -- EXHIBIT 4 TO THE --

23    EXCUSE ME -- 3 TO THE FURMAN DECLARATION, ON PAGES 10 AND 11 WE

24    GO THROUGH EACH OF THE DIFFERENT HEURISTICS -- AND I THINK IT

25    CONTINUES ON TO 12 -- AND THIS IS A RED LINE COMPARING OUR

```
 1         SUPPLEMENTAL VERSUS THE ONES THAT WE FILED WITH THE MOTION.

 2             AND IT GOES THROUGH AND WE GET RID OF THE LANGUAGE THAT

 3    THEY REALLY COMPLAINED ABOUT IN THE OPPOSITION, AND ALL THAT'S

 4    LEFT IS SAYING THAT EACH OF THE HEURISTICS IN THE LIST -- THIS

 5    IS PAGE 10 -- EACH OF THE HEURISTICS IN THE LIST BELOW

 6    CORRESPONDS TO A DIFFERENT LOCATION AND EMPLOYS A RULE OF

 7    THUMB -- WHICH IS WHAT JUDGE KOH SAID -- TO SEARCH FOR

 8    INFORMATION IN THAT LOCATION.

 9             AND THEN WE GO THROUGH WITH EACH OF THESE APPS AND SAY

10    WHERE IT IS.

11             AND ALL OF THIS LANGUAGE THAT THEY'RE COMPLAINING ABOUT

12    SAYING THAT IT'S SOMEHOW WIDENING THE SCOPE OF HEURISTIC,

13    THAT'S NOT TRUE.

14             WE'RE SAYING IT'S THE RULE OF THUMB, AS JUDGE KOH HAS SAID,

15    BUT WE'RE THEN POINTING TO THE SOURCE CODE FILE WHERE YOU FIND

16    THAT.

17             THE COURT:  SO WHY ARE YOU CHANGING THE LANGUAGE AT

18    ALL?  IF ALL YOU'RE SIMPLY DOING IS CITING TO THE CODE FILES,

19    WHY NOT JUST DO THAT?

20             MR. LYON:  WE CAN DO THAT.  I MEAN, I'M HAPPY TO DO

21    THAT.  I DON'T -- WE DON'T NEED THAT LANGUAGE, BECAUSE ALL THIS

22    IS IS SAYING WHAT THE HEURISTIC DOES, THERE IT IS.

23             AND SO WE'RE NOT -- THAT'S ALL THE CHANGE, I THINK.

24             THE COURT:  OKAY.  THANK YOU, MR. LYON.

25             MR. KREVITT, DO YOU WANT TO HAVE THE FINAL WORD?
```

```
 1              MR. KREVITT:  YES, YOUR HONOR.  I APPRECIATE IT.

 2         YOUR HONOR, MR. PRICE'S PRESENTATION WOULD, WITH MR. PAK'S

 3    ADDITIONS, DEMONSTRATE I THINK CLEARLY WHY THE S IV SHOULD BE

 4    ALLOWED HERE.

 5         THEY HAVE HAD OUR CLAIM CHARTS FOR SIX WEEKS NOW, THREE

 6    WEEKS WHEN THEY WROTE THEIR BRIEF.  I WAS SOMEWHAT APPREHENSIVE

 7    MAYBE THEY WOULD SPRING SOMETHING ON US TODAY, AND I

 8    REPRESENTED TO YOUR HONOR, OUT ON A LIMB, THAT THERE IS NO

 9    DIFFERENCE.  THEY HAVE HAD THEM FOR A MONTH AND A HALF.  THEY

10    HAVE AN ARMY OF LAWYERS, AN ARMY OF EXPERTS, AND THEY HAVE NOT

11    IDENTIFIED A SINGLE DIFFERENCE THAT'S RELEVANT BETWEEN THE S IV

12    AND THE S III.

13         WHAT MR. PAK SAID IS THAT SAMSUNG DOES SPECIFIC THINGS TO

14    THE GOOGLE CODE.  THESE ARE VERY, VERY NARROW PATENTS INSOFAR

15    AS THEY GO TO SPECIFIC FEATURES.  THERE ARE PEOPLE RESPONSIBLE

16    FOR THESE AREAS.  SAMSUNG COULD, AT ANY TIME IN THE LAST MONTH

17    AND A HALF, HAVE CALLED SAMSUNG AND ASKED, "HEY, DID WE MAKE

18    ANY CHANGES TO THESE FEATURES?"

19         THEY EITHER DIDN'T MAKE THAT CALL, FOR WHICH THERE IS NO

20    EXCUSE TO COME BEFORE YOUR HONOR, WITH RESPECT, WHEN I AM

21    REPRESENTING THAT THEY ARE IDENTICAL AND THEY HAVE OUR CHARTS

22    WHICH DEMONSTRATE THAT THEY ARE IDENTICAL, AND HAVE NOT MADE

23    THAT INVESTIGATION, THAT EVEN CURSORY, PRELIMINARY

24    INVESTIGATION; OR THEY HAVE AND THE TRUTH IS WHAT I REPRESENTED

25    TO YOUR HONOR, THERE ARE NO DIFFERENCES.
```

1        WHAT MR. PRICE SAID, TWICE, IN HIS SHORT PRESENTATION IS

2    THAT IT WOULD BE A HUGE AMOUNT OF WORK.

3        WHAT WORK?  TO CALL SAMSUNG AND SAY, "DID WE MAKE CHANGES?

4    ARE THERE ANY CHANGES?  AND IF SO, WHAT ARE THEY?"

5        AND THEN THEY COULD HAVE COME TO YOUR HONOR AND SAID,

6    "MR. KREVITT'S ALL WRONG.  HE TELLS YOU THERE ARE NO -- THE

7    PRODUCTS ARE IDENTICAL, BUT IN FACT, THAT'S CRAZY AND HERE'S

8    WHY."

9        IT ISN'T CRAZY.  THE PRODUCTS ARE IDENTICAL.  THEY'VE HAD

10   OUR CHARTS FOR SIX WEEKS AND CAN'T IDENTIFY ANYTHING.

11       AND THIS GOES TO THE NUANCE COMMUNICATIONS CASE, I KNOW I

12   MENTIONED EARLIER, AND I -- HAVING NOW MENTIONED IT SEVERAL

13   SOMETIMES, I'LL GIVE THE COURT THE CITATION, AS I SHOULD HAVE

14   EARLIER.  IT'S 2012 WEST LAW 2427160, CHIEF MAGISTRATE

15   JUDGE JAMES, AS I MENTIONED.

16       AND IN THAT CASE, AGAIN, YOUR HONOR, THE DEFENDANT HAD SAID

17   MASSIVE DISCOVERY, GOING TO DERAIL THE SCHEDULE, DELAY THE

18   TRIAL, NEW CLAIM CONSTRUCTION ISSUES.

19       AND MAGISTRATE JUDGE JAMES SAID THERE'S NO PREJUDICE HERE,

20   NO ACTUAL PREJUDICE, NOTHING SPECIFIC.  IT'S HAND WAVING.

21       AND THAT'S NOT -- AND THIS WAS AFTER THE FACT DISCOVERY CUT

22   OFF, AFTER THE FACT DISCOVERY CUT OFF, AND MAGISTRATE

23   JUDGE JAMES SAID, "GIVEN THAT THERE IS NO ACTUAL, SPECIFIC,

24   IDENTIFIABLE PREJUDICE, WE'RE GOING TO ALLOW THE PRODUCT IN."

25       AND IT'S THE SAME THING HERE.  THEY'VE HAD THE OPPORTUNITY

1    TO IDENTIFY ANY DIFFERENCES, THEY REPRESENTED TO YOUR HONOR

2    THAT ANY DIFFERENCES WOULD COME FROM SAMSUNG, AND THERE ARE NO

3    DIFFERENCES THAT THEY HAVE IDENTIFIED.

4            THE COURT:  SO IS IT YOUR VIEW THAT IF THE ONLY

5    ADDITIONAL INVESTIGATION AND WORK TO BE DONE IS INVESTIGATIONAL

6    WORK WITHIN THE CLIENT OR WITHIN THE COMPANY, THERE'S NO

7    PREJUDICE?

8            MR. KREVITT:  YOUR HONOR, I DON'T KNOW THAT I NEED TO

9    PAINT WITH THAT BROAD BRUSH IN ALL CIRCUMSTANCES.  IT MAY BE

10   THAT THERE ARE CERTAIN FACT SCENARIOS THAT AN INVESTIGATION,

11   EVEN WITHIN A COMPANY, COULD REQUIRE SPEAKING TO MANY, MANY,

12   MANY PEOPLE AND IT COULD THEREFORE BE BURDENSOME.

13       WHAT I'M REPRESENTING TO YOUR HONOR, THOUGH, IS THAT WE

14   HAVE SPECIFIC FEATURES.  CHANGES TO DEVICES, AS YOUR HONOR

15   KNOWS, DON'T HAPPEN MAGICALLY.  SOMEONE MAKES A JUDGMENT, "HEY,

16   WE'RE GOING TO CHANGE FEATURE X TO FEATURE Y."  OR "WE'RE GOING

17   TO CHANGE FEATURE X SO IT STILL LOOKS LIKE FEATURE X, BUT WE'RE

18   GOING TO MAKE SOME CHANGES TO IT."

19       THERE ARE ONE, TWO, THREE PEOPLE THAT YOU CAN CALL AND GET

20   THE ANSWERS TO THAT QUESTION.

21       AS TO WHAT THE CHANGES WERE, HOW GERMANE TO A

22   NON-INFRINGEMENT ARGUMENT, WHETHER THEY WOULD REQUIRE

23   ADDITIONAL DISCOVERY, THOSE ARE OTHER ISSUES POTENTIALLY.

24       BUT TO IDENTIFY, JUST TO IDENTIFY WHETHER THERE HAVE BEEN

25   CHANGES MADE AND, IF SO, WITH RESPECT TO WHAT FEATURES IS A

1    VERY EASY MATTER, AND THE FACT THAT THEY HAVE NOT DONE SO IN

2    SIX WEEKS, WITH RESPECT YOUR HONOR, SPEAKS VOLUMES.  THEY

3    EITHER DIDN'T DO IT OR -- MY STRONG SUSPICION IS THEY DID AND

4    THERE'S NOTHING TO REPORT TO YOUR HONOR.

5         THE COURT:  YOU FOCUS, THOUGH, ALMOST EXCLUSIVELY ON

6    THE BURDEN ASSOCIATED WITH RESPECT TO LIABILITY ISSUES.  IF YOU

7    THROW THE S IV IN HERE, YOU'RE GOING TO HAVE TO UNDERTAKE --

8    THEY'RE GOING TO HAVE TO UNDERTAKE A COMPLETELY NOVEL DEMAND

9    ANALYSIS; CORRECT?

10        MR. KREVITT:  LET ME ADDRESS THAT, YOUR HONOR,

11   BECAUSE I THINK THAT AT THE END OF THE DAY, IT BOILS DOWN TO

12   THAT, BECAUSE THERE IS NOTHING ON LIABILITY, AND I JUST WANTED

13   TO NOTE THAT THAT HAS BECOME MORE CLEAR TODAY.

14       AND BEFORE GETTING INTO THAT QUESTION, IF I COULD ADD ONE

15   POINT?  MR. PAK REPRESENTED TO YOUR HONOR THAT, IN RESPONSE TO

16   A DIRECT QUESTION FROM THE COURT, THAT IN THEIR INTERROGATORY

17   RESPONSES DEALING WITH NON-INFRINGEMENT, THEY DRAW DISTINCTIONS

18   AMONG CARRIERS, AND THAT STATEMENT IS FALSE.  THEY DO NOT DRAW

19   DISTINCTIONS AMONG CARRIERS.

20       I HAVE -- BECAUSE I DIDN'T EXPECT THIS QUESTION, WE ONLY

21   HAVE THE CHARTS MOST RECENT RELATING TO THE '959 PATENT BECAUSE

22   OBVIOUSLY -- AND I'M HAPPY TO HAND THAT UP.  YOUR HONOR WILL

23   SEARCH PAGE AFTER PAGE AFTER PAGE OF SAMSUNG'S INTERROGATORY

24   RESPONSES AND WILL NEVER FIND, NOT A SINGLE INSTANCE, IN WHICH

25   THEY SAY "VERIZON DOES IT THIS WAY AND AT&T DOES IT THIS WAY."

1    THOSE DISTINCTIONS DO NOT EXIST.

2         THAT IS, WITH RESPECT YOUR HONOR, WHAT HAS MADE THIS

3    MOTION, CANDIDLY, SOMEWHAT FRUSTRATING IS STATEMENTS ARE JUST

4    THROWN OUT THERE.  "IT WOULD BE AN ENORMOUS AMOUNT OF WORK.

5    MAYBE THERE ARE CHANGES.  MAYBE THERE AREN'T."

6         THERE'S NO "THERE" THERE.  THERE ARE NO CHANGES.  THEY HAVE

7    NEVER IDENTIFIED CARRIER DISTINCTIONS IN THE WAY THAT THEY

8    REPRESENTED TO YOUR HONOR, AND TO RELY UPON THAT AND SOME

9    SPECULATIVE, POSSIBLE, HYPOTHETICAL CHANGES TO KEEP A FLAGSHIP

10   PRODUCT OUT, YOUR HONOR, THERE IS NO LEGITIMATE BASIS.

11        AND SO IT --

12             THE COURT:  I'M NOT SPECULATING.  I'M ASKING ABOUT

13   DEMAND ANALYSIS ON THE S IV.

14             MR. KREVITT:  RIGHT.

15             THE COURT:  SO WHY DON'T YOU TELL ME?

16             MR. KREVITT:  SO AS TO THE DEMAND ANALYSIS ON THE

17   S IV, THERE'S AN IMPORTANT QUESTION.  AND YOUR HONOR ACTUALLY

18   HAD TWO PARTS:  WON'T I NEED SUBSTANTIAL DISCOVERY; AND WON'T

19   SAMSUNG NEED SUBSTANTIAL DISCOVERY?

20        I'VE ALREADY TOLD YOU THAT WE'RE NOT GOING TO TAKE THE

21   DISCOVERY, SO WHETHER I NEED IT OR DON'T NEED IT, WE'RE NOT

22   DOING IT AND I'VE MADE THAT REPRESENTATION TO THE COURT.

23        THIS IS -- DAMAGES, OF COURSE, ARE OUR BURDEN.  DAMAGES ARE

24   OUR BURDEN.  WE WILL COME FORWARD WITH EVIDENCE AT TRIAL AND WE

25   WILL TRY TO ESTABLISH THAT THESE FEATURES ARE REALLY IMPORTANT.

```
1         I KNOW MR. PRICE -- I NOTE THAT MR. PRICE MENTIONED THAT

2    ONE FEATURE IS MISSING AND ISN'T THAT RELEVANT TO WHETHER THAT

3    FEATURE IS ACTUALLY DRIVING SALES?

4         THERE ARE STILL FIVE OF OUR PATENTED FEATURES THAT ARE IN

5    THE DEVICE.  IF THEY WANTED TO DESIGN AROUND THOSE OR THOUGHT

6    THEY WEREN'T IMPORTANT, PRESUMABLY THEY WOULD HAVE PULLED THOSE

7    OUT.

8         THAT'S ALL FOR TRIAL ONE DAY AND I UNDERSTAND THAT.

9         BUT THE FACT IS THE PRODUCT STILL INFRINGES OUR DEVICE, OUR

10   PATENTS, AND WE WILL HAVE TO COME FORWARD AND ESTABLISH LOST

11   PROFITS IF WE SEEK THAT, AN INJUNCTION, AND THAT WILL REQUIRE

12   CERTAIN EVIDENCE REGARDING THE IMPORTANCE OF THESE FEATURES TO

13   THE DEMAND.

14        WE BELIEVE THAT WE CAN DO THAT, YOUR HONOR.  THERE HAS BEEN

15   EXTENSIVE DISCOVERY IN THIS CASE ABOUT THE IMPORTANCE OF OUR

16   FEATURES, ABOUT WHETHER THESE FEATURES ARE IMPORTANT, WHETHER

17   THEY AREN'T IMPORTANT.

18        WE'VE SOUGHT DISCOVERY, SAMSUNG HAS PRODUCED WHAT IT HAS,

19   WE'VE PRODUCED WHAT WE HAVE, THE PARTIES WILL HAVE EXPERTS

20   ADDRESS IT PRESUMABLY AT THE APPROPRIATE TIME.

21        THERE IS NOT A NEED, FROM APPLE'S PERSPECTIVE, TO TAKE S IV

22   SPECIFIC DISCOVERY REGARDING THE IMPORTANCE OF THESE FEATURES.

23        MR. PRICE REPRESENTED TO YOUR HONOR, AND I ASSUME IT'LL BE

24   THE ARGUMENT THEY MAKE AT TRIAL, THAT THE S IV HAS THESE NEAT,

25   NEW, COOL FEATURES TO WHICH HE REFERRED.  THEY WILL COME
```

```
1      FORWARD AND MAKE THAT ARGUMENT PRESUMABLY.

2             THE COURT:  HOW ARE THEY GOING TO BACK UP THAT

3      ARGUMENT WITHOUT HAVING TO UNDERTAKE A MASSIVE INVESTIGATION,

4      INTERNALLY OR OTHERWISE, FOR EVIDENCE IN SUPPORT OF THEIR

5      POSITION?

6             MR. KREVITT:  ACTUALLY, YOUR HONOR, THEY MAKE THE

7      OPPOSITE POINT IN THEIR BRIEF.  WHAT THEY SAY IN THEIR BRIEF IS

8      THAT THE INFORMATION DOES NOT YET EXIST BECAUSE THE PRODUCT IS

9      NEW.

10        THERE HAS NEVER BEEN A CASE, YOUR HONOR, IN ALL OF OUR

11     RESEARCH -- IT'S POSSIBLE THERE'S SOMETHING WE MISSED, AND WE

12     SEARCHED HARD -- IN WHICH A COURT HAS NOT ALLOWED A PRODUCT

13     BECAUSE -- AN AMENDMENT BECAUSE ONE DAY SOME NEW INFORMATION

14     MIGHT BE DEVELOPED THAT DOESN'T YET EXIST AND THAT INFORMATION

15     MIGHT BE USEFUL TO ANOTHER PARTY REBUTTING A CLAIM THAT THE

16     OTHER PARTY HAS THE BURDEN OF PROOF ON.

17        WE HAVE THE BURDEN OF PROOF TO COME FORWARD WITH PROOF ON

18     DAMAGES.

19        THEY HAVE -- WITH RESPECT TO THE DAMAGES, THEY HAVE NOT

20     MADE THE CLAIM IN THEIR BRIEFING, NOR TODAY BECAUSE THE PRODUCT

21     IS SO NEW, THAT IT WOULD BE A MASSIVE UNDERTAKING.

22        TO THE CONTRARY.  THEY HAVE SAID THAT THEY ARE PREJUDICED

23     BECAUSE THERE ISN'T SUFFICIENT INFORMATION, AND THAT, YOUR

24     HONOR, IS AN INSUFFICIENT BASIS TO KEEP A PRODUCT OUT.

25            DISCOVERY AT SOME POINT CLOSES.  THEY HAVE THE ABILITY TO
```

 1    MAKE WHATEVER CLAIMS THAT THEY WANT TO MAKE TO REBUT OUR

 2    DAMAGES CLAIM.

 3        AND, YOUR HONOR, TO JUST COME BACK TO THE ISSUE, IT'S

 4    EXACTLY WHAT HAPPENED IN THESE OTHER CASES, INCLUDING THE

 5    NUANCE COMMUNICATIONS CASE THAT I MENTIONED.  IN THE EVENT THAT

 6    THEY FIND ONE DAY OR SOMETHING IS CREATED THAT'S RELEVANT AFTER

 7    THE FACT DISCOVERY CUT OFF, PRESUMABLY THEY WILL COME FORWARD

 8    AND THEY WILL TELL US WHY THEY WANT TO ADD IT; WE'LL EITHER

 9    AGREE OR NOT; AND YOUR HONOR MAY HAVE TO CALL A BALL OR STRIKE

10    ON THAT.

11        BUT THEY ARE NOT IMPOTENT TO COME FORWARD ONE DAY AND

12    EXPLAIN WHY SOME NEW PIECE OF EVIDENCE THAT DOESN'T YET

13    EXIST -- THAT'S WHAT THEY'RE TALKING ABOUT -- MIGHT BE RELEVANT

14    TO REBUT OUR CLAIM OF DAMAGES.

15        SO GIVEN THE FACT THAT THERE ARE NO DIFFERENCES THAT HAVE

16    BEEN IDENTIFIED WITH RESPECT TO LIABILITY -- AND WE BELIEVE

17    THAT IS, IN FACT, BECAUSE THERE ARE NONE, VALIDITY,

18    INFRINGEMENT, NONE -- IT BOILS DOWN TO A QUESTION OF WHETHER

19    THEY WILL BE ABLE TO, WITH RESPECT TO THE S IV, IDENTIFY, MAKE

20    A DEMAND ANALYSIS.

21        THEIR INTERROGATORY RESPONSES, YOUR HONOR, DO NOT DO IT ON

22    A PRODUCT-BY-PRODUCT BASIS.  IN OTHER WORDS, THEY DO NOT SAY,

23    "WELL, THE DEMAND FOR THE ACCUSED FEATURES IN THE S III ARE NOT

24    IMPORTANT BECAUSE OF THESE FEATURES IN THE S III VERSUS IN THE

25    S II" -- THEY DON'T DO IT PRODUCT-BY-PRODUCT.

1          INSTEAD WHAT THEY SAY, AND IT'S WHAT YOU HEARD TODAY, IS

2     "OUR FEATURES ARE NO GOOD.  OUR FEATURES ARE NARROW.  OUR

3     FEATURES ARE," I THINK PONG THEY WERE COMPARED TO TODAY.

4          THAT'S THEIR ARGUMENT.  THEIR ARGUMENT ISN'T "OUR FEATURES

5     ARE PONG IN THE S II AND THEY ARE SOMETHING ELSE IN THE S III,

6     AND WHEN YOU COMPARE THEM TO FEATURES IN THE S IV, THEY'RE YET

7     SOMETHING NEW."

8               THE COURT:  PRESUMABLY IF THEY WERE PONG IN THE EARLY

9     RELEASES, THEY'RE EVEN GREATER PONG IN THE LATER RELEASE.  SO I

10    TAKE YOUR POINT.

11              MR. KREVITT:  THAT'S EXACTLY RIGHT, YOUR HONOR.

12              THE COURT:  ALL RIGHT.  THE MATTER IS SUBMITTED.  I

13    WILL GET MY ORDER OUT AS QUICKLY AS I CAN.

14              MR. KREVITT:  THANK YOU, YOUR HONOR.

15              MR. PRICE:  MAY I --

16              THE COURT:  I'LL GIVE YOU ONE LAST POINT, MR. PRICE.

17              MR. PRICE:  AND THAT'S JUST -- OF COURSE YOU CAN LOOK

18    AT OUR BRIEFS, AT OUR BRIEFING AS TO WHETHER OR NOT WE TALKED

19    ABOUT WHETHER WE NEED TO GET THIRD PARTY INFORMATION.

20         BUT ON THE STATEMENT THAT WE SAID THE INFORMATION DOESN'T

21    EXIST, THAT'S TRUE.  WE HAVEN'T DONE SURVEYS YET ON THE S IV.

22    THAT WAS IN RESPONSE TO APPLE SAYING "YOU'VE ALREADY GOT THE

23    INFORMATION."

24         THE POINT IS, WE HAVE TO DEVELOP IT.  THE POINT IS, WE

25    WOULD HAVE TO GET EXPERTS, WE WOULD HAVE TO DO OUR OWN SURVEYS,

1      YOU KNOW, AS TO WHAT ARE THE IMPORTANCE OF THESE FEATURES IN

2    THIS NEW GROUND BREAKING PRODUCT, AND THAT IS A MASSIVE AMOUNT

3    OF WORK.

4              THE COURT:  ALL RIGHT.  YOU HAVE THE LAST WORD.

5        THE MATTERS ARE SUBMITTED.  THANK YOU.

6              MR. PRICE:  THANK YOU, YOUR HONOR.

7              MR. KREVITT:  THANK YOU, YOUR HONOR.

8          (THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                          CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16    _____
      LEE-ANNE SHORTRIDGE, CSR, CRR
17    CERTIFICATE NUMBER 9595

18         DATED:  JUNE 27, 2013

19

20

21

22

23

24

25