RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for Non-Party
NOKIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 12-CV-0630-LHK<br><br>**NON-PARTY NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO SEAL NOKIA'S MOTION FOR PROTECTIVE ORDER AND SUPPORTING DOCUMENTS** |

Pursuant to Civil L.R. 7-11 and 79-5, non-party Nokia Corporation ("Nokia") respectfully submits this administrative motion for an order to seal Nokia's accompanying motion for

protective order and the supporting declarations and exhibits thereto.

## Legal Standard

Nokia's accompanying motion for protective order is non-dispositive, and Nokia therefore need show only "good cause" to submit it under seal. "Good cause" is sufficient for sealing nondispositive filings or documents exchanged between private parties in discovery. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery.").[1] Nokia's accompanying motion relates to a dispute that has arisen in the course of Samsung's document requests, including an apparent failure to protect Nokia's confidential information under the terms of existing protective orders. Nokia is unaware of any dispositive motion related to this issue.

## Good Cause Exists to Grant Nokia's Motion

Good cause exists to grant this motion. The underlying motion relates to confidential communications between Nokia and Samsung, which are subject to a non-disclosure agreement (*See* Koppelman Decl. Supp. Nokia's Mot. Seal). Disclosing the purpose of the NDA could itself violate the NDA. The attached confidential declaration of Ryan Koppelman, as well as the underlying motion for protective order and its supporting materials, provide additional context and explanation of the sensitive nature of the information at issue.

Certain aspects of the underlying motion for protective order also relate to Nokia's license agreement with Apple. Such information even meets the stricter "compelling reasons" standard. *See, e.g., Powertech Tec., Inc., v. Tessera, Inc., No.* C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (details of license agreement sealable); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267 (N.D. Cal. 2007) (sealing financial terms of contract); *In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) (under-seal filings preserve "legitimate expectation that confidential business information,

---

[1] There are two alternative Ninth Circuit standards not applicable to the present situation. In some other situations, a party must establish a "compelling reason" to seal documents, including where documents are attached to dispositive motions. *See Pintos v. Pacific Creditors Ass'n,* 605 F.3d at 677-79. A third standard involves categories of documents traditionally kept secret for policy reasons. *See id.* at 678 n.4.

proprietary technology and trade secrets will not be publicly disseminated") (citing *Johnson Controls, Inc. v. Phoenix Control Systems*, 886 F.2d 1173, 1176 (9th Cir. 1989) and *Henry Hope X-Ray Products Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1343 (9th Cir. 1982)).

### Conclusion

For the reasons set forth above and as more fully set forth in the underlying briefing to be sealed, Nokia asks the Court leave to file under seal its accompanying motion for protective order and the supporting declarations and exhibits thereto.

DATED: July 1, 2013

Respectfully submitted,

By: */s/ Patrick J. Flinn*
ALSTON & BIRD, LLP

*Attorneys for Non-Party Nokia Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil L.R. 5-1(h)(1). As such, this document was served on all counsel who have consented to electronic service, Civil L.R. 5-1(h)(1) and 5-5(a). The documents to be sealed have been served on all counsel via overnight delivery.

DATED: July 1, 2013                                         */s/ Patrick J. Flinn*