JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Samsung filed an Administrative Motion to File Documents Under Seal (Dkt. No. 632), including portions of Samsung's Motion to Compel Production of Documents and Response to Interrogatory No. 32 ("Samsung's Motion"), and Exhibits 4, 12, 24-26, 29 and 31-36 to the Declaration of Amar L. Thakur in Support of Samsung's Motion.

3. Attached hereto as Exhibit A is a proposed redacted version of Samsung's Motion. The proposed redactions describe highly confidential technical documents Apple exchanges with AT&T or receives from AT&T and Qualcomm; Apple's communications with Qualcomm regarding the highly confidential technical details of Apple's and Qualcomm's products; and the testimony of Apple's engineers describing these highly confidential third party technical documents. I understand that Qualcomm is submitting a declaration providing further detail why these highly confidential technical documents should be sealed. The Court has previously granted Apple's request to seal confidential technical information that contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). The Court has also previously allowed Intel to seal its technical information. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. # 1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. # 1959) at 2-3 (N.D. Cal. Sept. 7, 2012). For the same reasons, the discussions in this motion about these third-party documents, Apple's communications regarding the technical

1  details of Apple's and Qualcomm's products, and Apple's testimony regarding these third-party
2  documents should all be sealed.

3    4.   Attached hereto as Exhibit B is a proposed redacted version of Exhibit 4 to the
4  Thakur Declaration, which is Apple's Third Supplemental Objections and Responses to
5  Samsung's Fourth Set of Interrogatories.  The portions redacted in Exhibit B include a detailed
6  description of Apple's accused products and filenames and descriptions or alleged descriptions
7  of the source code for iOS software used in the accused Apple products.  Exhibit B contains
8  proprietary Apple information and the public disclosure of this information would be harmful to
9  Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's
10 Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-
11 cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the
12 configuration of Apple's products because detailed information of this kind constitutes trade
13 secret information)). The Court has previously granted Apple's request to seal confidential
14 technical information that contains a similar level of detail regarding the accused Apple products.
15 *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.)
16 (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and
17 iSight).  The Court has also previously allowed the parties to seal source code information.  *See,*
18 *e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012
19 N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819
20 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).)  Apple does not seek to seal any other portions of
21 Exhibit B.

22    5.   Attached hereto as Exhibit C is a proposed redacted version of Exhibit 12, which
23 is a letter from Apple's counsel to Samsung's counsel dated May 1, 2013.  The portions redacted
24 in Exhibit C include filenames of the source code for iOS software used in the accused Apple
25 products.  The Court has previously allowed the parties to seal source code information.  *See,*
26 *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012
27 N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819
28

1  F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).)  Apple does not seek to seal any other portions of
2  Exhibit C.

3        6.     Exhibit 25 is an excerpt from a highly confidential AT&T document produced by
4  Apple.  This non-public document provides detailed information about AT&T's device
5  requirements.  Public disclosure of this information would be harmful to AT&T and Apple.  The
6  Court has previously granted Apple's request to seal confidential technical information that
7  contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v.*
8  *Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8)
9  (granting Apple's request to seal schematics related to the Apple iBook and iSight).

10        7.     Attached hereto as Exhibit D is a proposed redacted version of Exhibit 26 to the
11  Thakur Declaration, which is an excerpt from the deposition of Apple engineer Jason Shi in *In re*
12  *the Matter of Certain Electronic Devices*, ITC Investigation No. 337-TA-794.  Apple seeks to
13  seal two categories of information.  The first category of information Apple seeks to seal
14  includes discussions of third party highly confidential technical documents, including quotations
15  from those documents, and highly confidential Apple technical information relating to those
16  third party documents.  The second category of information Apple seeks to seal includes
17  discussions of third party source code and discussions of Apple's implementation of that source
18  code.  The Court has previously granted Apple's request to seal confidential technical
19  information that contains a similar level of detail regarding the accused Apple products. *See, e.g.*,
20  *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
21  1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).
22  The Court has also previously allowed the parties to seal source code information.  *See, e.g.*,
23  *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (August 9, 2012 N.D.
24  Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F.
25  Supp. 2d 1001, 1017 (E.D. Cal. 2011).)  Apple does not seek to seal any other portions of Exhibit
26  D.

27
28

1    8.    Exhibit 31 is an email chain consisting of internal Apple emails and emails
2 between Apple and Qualcomm regarding confidential technical details about Apple's products
3 and Qualcomm components in Apple's products. Exhibit 31 contains proprietary Apple
4 information and the public disclosure of this information would be harmful to Apple for similar
5 reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal
6 Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D.
7 Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's
8 products because detailed information of this kind constitutes trade secret information)). The
9 Court has previously granted Apple's request to seal confidential technical information that
10 contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v.
11 Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8)
12 (granting Apple's request to seal schematics related to the Apple iBook and iSight).

13    9.    Exhibits 32 and 33 are highly confidential Qualcomm presentations produced by
14 Apple. These non-public documents provide detailed information about Qualcomm's products.
15 Public disclosure of this information would be harmful to Qualcomm. To the extent the
16 Qualcomm components described in these presentations are incorporated into Apple products,
17 the public disclosure of this information would be harmful to Apple for similar reasons as stated
18 in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits
19 (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
20 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because
21 detailed information of this kind constitutes trade secret information)). The Court has previously
22 granted Apple's request to seal confidential technical information that contains a similar level of
23 detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co.,
24 Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to
25 seal schematics related to the Apple iBook and iSight). Moreover, Apple's and Qualcomm's
26 request to seal these Exhibits is narrowly tailored under Civ. L.R. 79-5(a), and the public's
27 interest in these document is low, because Samsung's Motion to Compel only cites to Exhibits
28

1  32 and 33 to support Samsung's contention that Apple is withholding Qualcomm documents.
2  See Mot. to Compel (Dkt. 633) at 13, lines 5-7.  The public does not need to view these
3  documents in order to understand Samsung's argument.

4      10.    Exhibit 34 is an email chain consisting of emails between Apple and Qualcomm
5  regarding confidential technical details about Apple's products and Qualcomm components in
6  Apple's products.  Exhibit 34 contains proprietary Apple information and the public disclosure
7  of this information would be harmful to Apple for similar reasons as stated in the Declaration of
8  Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung*
9  *Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting
10 sealing schematics showing the configuration of Apple's products because detailed information
11 of this kind constitutes trade secret information)). The Court has previously granted Apple's
12 request to seal confidential technical information that contains a similar level of detail regarding
13 the accused Apple products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case
14 No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics
15 related to the Apple iBook and iSight).

16     11.    Exhibit 35 is an email chain consisting of internal Apple emails and emails
17 between Apple and Qualcomm regarding confidential technical details about Apple's products
18 and Qualcomm components in Apple's products. Exhibit 35 contains proprietary Apple
19 information and the public disclosure of this information would be harmful to Apple for similar
20 reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal
21 Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D.
22 Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's
23 products because detailed information of this kind constitutes trade secret information)). The
24 Court has previously granted Apple's request to seal confidential technical information that
25 contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v.*
26 *Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8)
27 (granting Apple's request to seal schematics related to the Apple iBook and iSight).
28

12. Attached hereto as Exhibit E is a proposed redacted version of Exhibit 36 to the Thakur Declaration, which is an excerpt from the deposition of Apple engineer Jason Shi in *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.). Apple seeks to seal discussions of third party highly confidential technical documents, including quotations from those documents, and highly confidential Apple technical information relating to those third party documents. The Court has previously granted Apple's request to seal confidential technical information that contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). Apple does not seek to seal any other portions of Exhibit E.

13. Apple does not maintain a claim of confidentiality over Exhibits 24 and 29.

14. The relief requested by Apple is necessary and narrowly tailored to protect Apple and third-party confidential information regarding source code and trade secret information pertaining to the accused Apple products.

15. I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 2nd day of July, 2013, in Palo Alto, California.

Dated: July 2, 2013          */S/ Peter J. Kolovos*
                              Peter J. Kolovos

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 2, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  July 2, 2013

*/s/ Mark D. Selwyn*
Mark D. Selwyn