# EXHIBIT A

1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
13 Telephone:   (213) 443-3000
   Facsimile:   (213) 443-3100
14
   Attorneys for SAMSUNG ELECTRONICS
15 CO., LTD., SAMSUNG ELECTRONICS
   AMERICA, INC. and SAMSUNG
16 TELECOMMUNICATIONS AMERICA, LLC

17              UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19 APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK (PSG)

20              Plaintiff,                      **SAMSUNG'S MOTION TO COMPEL
                                                PRODUCTION OF DOCUMENTS AND
21         vs.                                  RESPONSE TO INTERROGATORY NO.
                                                32**
22 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation; SAMSUNG               Date: July 30, 2013
23 ELECTRONICS AMERICA, INC., a New         Time: 10:00 a.m.
   York corporation; SAMSUNG                 Courtroom: 5, 4th Floor
24 TELECOMMUNICATIONS AMERICA,              Honorable Paul S. Grewal
   LLC, a Delaware limited liability company,
25
                Defendants.                    **FILED UNDER SEAL**
26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 30, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Hon. Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling Apple to produce documents and information relating to Qualcomm and the Qualcomm baseband processors found in the accused products.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Apple to produce, no later than seven days after the issuance of such order, documents and information relating to Qualcomm and the Qualcomm baseband processors found in the accused products.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Apple should be compelled to produce documents and information relating to Qualcomm and the Qualcomm baseband processors found in the accused products.

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Samsung's Request Nos. 160-170, 173, 175-176, and 178-183 and Samsung's Interrogatory No. 32 are set forth in full below along with Apple's objections and responses:

1   **REQUEST FOR PRODUCTION NO. 173:**

2       All technical DOCUMENTS describing the structure, function, and/or operation of each

3   Baseband Processor used in each APPLE ACCUSED PRODUCT.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

5       Apple objects to this request on grounds that it is overly broad, unduly burdensome, and

6   not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as this

7   request seeks documents describing functionality not identified by Samsung in its Infringement

8   Contentions. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the

9   extent it is overly broad and unduly burdensome and to the extent it seeks information that is

10  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple

11  objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous.

12  Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent

13  that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that

14  Samsung asserts have functionality that come within the scope of any claim of the Samsung

15  Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to

16  the extent it includes products that are not made, used, offered for sale, or sold in the United States.

17  For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED

18  PRODUCTS" to mean those products that are specifically identified and accused in Samsung's

19  Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012. Apple objects to the

20  extent that this request seeks confidential documents of third parties in Apple's possession; to the

21  extent Apple produces such documents, it will do so after providing notice and receiving consent

22  from such third parties.

23      Subject to and without waiving the foregoing General and Specific Objections, Apple has

24  produced or will produce responsive, non-privileged documents in its possession, custody, or

25  control, if any, located after a reasonable search regarding the accused functionality as identified

26  by Samsung in its Infringement Contentions.

27

28

1    **REQUEST FOR PRODUCTION NO. 175:**

2    All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT,

3    including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT,

4    with 3GPP Release 6 protocols or later, including but not limited to 3GPP TS 25.321 v6.6.0 or

5    3GPP TS 25.331 v6.6.0.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

7    Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and

8    because they do not describe with reasonable particularity the documents sought. Apple further

9    objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

10   calculated to lead to the discovery of admissible evidence. Apple also objects to this request to the

11   extent that it seeks the production of documents that are protected from discovery by the attorney-

12   client privilege, work product doctrine, joint defense or common interest privilege, or any other

13   applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE

14   ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent

15   it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

16   admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

17   as vague and ambiguous. Apple also objects to Samsung's definition

18   of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to

19   identify a comprehensive set of discrete products that Samsung asserts have functionality that

20   come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the

21   definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not

22   made, used, offered for sale, or sold in the United States. For purposes of responding to this

23   Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that

24   are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement

25   Contentions, served on June 15, 2012.

26   Subject to and without waiving the foregoing General and Specific Objections, Apple has

27   produced or will produce responsive, non-privileged documents in its possession, custody, or

28   control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 176:**

All DOCUMENTS concerning the compliance of any APPLE ACCUSED PRODUCT, including any Baseband Processor incorporated or used in that APPLE ACCUSED PRODUCT, with 3GPP Release 5 protocols or later, including but not limited to 3GPP TR 21.905 v5.8.0.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Apple objects to the terms "concerning" and "compliance" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Apple also objects to this request to the extent that it seeks the production of documents that are protected from discovery by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

1  **REQUEST FOR PRODUCTION NO. 178:**

2        DOCUMENTS sufficient to show the location within each of the APPLE ACCUSED

3  PRODUCTS of any chipsets, chips, processors, integrated circuits, or other hardware that enable

4  the APPLE ACCUSED PRODUCTS to communicate, operate, or interface with modules, stations,

5  or systems supporting WCDMA, GSM, or UMTS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

7        Apple objects to this request as overly broad, unduly burdensome, and not reasonably

8  calculated to lead to the discovery of admissible evidence, including without limitation because it

9  seeks documents regarding components and/or functionality not at issue in this lawsuit. Apple

10  objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly

11  broad and unduly burdensome and to the extent it seeks information that is neither relevant nor

12  reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's

13  definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to

14  Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to

15  impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts

16  have functionality that come within the scope of any claim of the Samsung Patents-In-Suit. Apple

17  further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes

18  products that are not made, used, offered for sale, or sold in the United States. For purposes of

19  responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean

20  those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1

21  Infringement Contentions, served on June 15, 2012.

22        Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce responsive, non-privileged documents in its possession, custody, or

24  control, if any, located after a reasonable search as discussed in more detail above.

25  **REQUEST FOR PRODUCTION NO. 179:**

26        All DOCUMENTS, if any, that YOU contend are RELATED TO whether the SAMSUNG

27  PATENTS are essential to one or more of the WCDMA, GSM, or UMTS standards.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Apple objects to the phrase "related to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks documents unrelated to the Technical Specifications or specific portions of standards identified by Samsung in its Infringement Contentions. Apple also objects to this request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control, if any, located after a reasonable search as discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 180:**

All DOCUMENTS RELATING TO the modification or customization of any software of any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT, including but not limited to modification performed by APPLE or at APPLE's direction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Apple objects to the phrases "relating to," "modification," and "customization" as vague and ambiguous, and because they do not describe with reasonable particularity the documents sought. Apple further objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents relating to the "modification or customization" of any software unrelated to any accused functionality. Apple objects to the extent that this request seeks confidential documents of third parties in Apple's possession; to the extent Apple produces such documents, it will do so after providing notice and receiving consent from such third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or

1   control describing "modification or customization" of software for the accused functionality, if

2   any, located after a reasonable search as discussed in more detail above.

3   **REQUEST FOR PRODUCTION NO. 181:**

4        All DOCUMENTS prepared by or at the direction of any Baseband Processor

5   manufacturer or supplier RELATED TO the functionality of any Baseband Processor incorporated

6   or used in an APPLE ACCUSED PRODUCT.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

8        Apple objects to the phrase "related to" as vague and ambiguous, and because it does not

9   describe with reasonable particularity the documents sought. Apple further objects to this request

10  on grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

11  discovery of admissible evidence, especially insofar as this request seeks documents describing

12  functionality other than that set forth by Samsung in its Infringement Contentions. Apple objects

13  to the extent that this request seeks confidential documents of third parties in Apple's possession;

14  to the extent Apple produces such documents, it will do so after providing notice and receiving

15  consent from such third parties.

16       Subject to and without waiving the foregoing General and Specific Objections, Apple has

17  produced or will produce responsive, non-privileged documents in its possession, custody, or

18  control describing accused functionality, if any, located after a reasonable search as discussed in

19  more detail above.

20  **REQUEST FOR PRODUCTION NO. 182:**

21       All DOCUMENTS reflecting COMMUNICATIONS with any manufacturer or supplier of

22  any Baseband Processor incorporated or used in an APPLE ACCUSED PRODUCT relating to the

23  Baseband Processor or the software used therein.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

25       Apple objects to the phrases "reflecting" and "relating to" as vague and ambiguous, and

26  because they do not describe with reasonable particularity the documents sought.. Apple further

27  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

28  calculated to lead to the discovery of admissible evidence, especially insofar as this request seeks

-viii-

1  documents describing functionality other than that set forth by Samsung in its Infringement

2  Contentions. Apple further objects to this request to the extent that it seeks the production of

3  documents that are protected from discovery by the attorney-client privilege, work product

4  doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or

5  immunity. Apple objects to the extent that this request seeks confidential documents of third

6  parties in Apple's possession; to the extent Apple produces such documents, it will do so after

7  providing notice and receiving consent from such third parties.

8      Subject to and without waiving the foregoing General and Specific Objections, Apple has

9  produced or will produce responsive, non-privileged documents in its possession, custody, or

10  control describing accused functionality, if any, located after a reasonable search as discussed in

11  more detail above.

12  **REQUEST FOR PRODUCTION NO. 183:**

13      All DOCUMENTS RELATED TO testing of any APPLE ACCUSED PRODUCT,

14  including by or with any third party, for certification of compliance with 3GPP standards and/or

15  for compliance with a 3GPP carrier's network.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

17      Apple objects to the phrases "related to" and "compliance" as vague and ambiguous, and

18  because they do not describe with reasonable particularity the documents sought. Apple further

19  objects to this request on grounds that it is overly broad, unduly burdensome, and not reasonably

20  calculated to lead to the discovery of admissible evidence, especially insofar as it seeks documents

21  describing functionality not set forth by Samsung in its Infringement Contentions. Apple further

22  objects to this request to the extent that it seeks the production of documents that are protected

23  from discovery by the attorney-client privilege, work product doctrine, joint defense or common

24  interest privilege, or any other applicable privilege, doctrine, or immunity.

25      Subject to and without waiving the foregoing General and Specific Objections, Apple has

26  produced or will produce responsive, non-privileged documents in its possession, custody, or

27  control describing testing of accused functionality, if any, located after a reasonable search as

28  discussed in more detail above.

**REQUEST FOR PRODUCTION NO. 160:**

All DOCUMENTS RELATING TO any software used to operate or enable any accused functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release notes, algorithms, flowcharts, diagrams, notes, and manuals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and because it does not describe with reasonable particularity the documents sought. Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it seeks documents regarding components, features, and/or functionality not at issue in this lawsuit. Apple also objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive set of discrete products that Samsung asserts have functionality that come within the scope of any claim of the Samsung Patents-In- Suit. Apple further objects to the definition of "APPLE ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15, 2012.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1   control, if any, located after a reasonable search as discussed in more detail above, to the extent

2   such documents describe features functionality accused by Samsung in its Infringement

3   Contentions.

4   **REQUEST FOR PRODUCTION NO. 161:**

5        All DOCUMENTS RELATING TO any hardware used to operate or enable any accused

6   functionality of any of the APPLE ACCUSED PRODUCTS, including but not limited to release

7   notes, algorithms, flowcharts, diagrams, notes, manuals, specifications, photographs, CAD

8   drawings, or bills of materials.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

10       Apple objects to the terms "relating to" and "used to operate or enable" as vague,

11  ambiguous, and potentially overbroad, and because they do not describe with reasonable

12  particularity the documents sought. Apple objects to this request as overly broad, unduly

13  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,

14  including without limitation because it seeks documents regarding components, features, and/or

15  functionality not at issue in this lawsuit. Apple objects to Samsung's definition of "APPLE

16  ACCUSED PRODUCTS" to the extent it is overly broad and unduly burdensome and to the extent

17  it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

18  admissible evidence. Apple objects to Samsung's definition of "APPLE ACCUSED PRODUCTS"

19  as vague and ambiguous. Apple also objects to Samsung's definition of "APPLE ACCUSED

20  PRODUCTS" to the extent that it purports to impose a duty on Apple to identify a comprehensive

21  set of discrete products that Samsung asserts have functionality that come within the scope of any

22  claim of the Samsung Patents-In-Suit. Apple further objects to the definition of "APPLE

23  ACCUSED PRODUCTS" to the extent it includes products that are not made, used, offered for

24  sale, or sold in the United States. For purposes of responding to this Request, Apple interprets the

25  term "APPLE ACCUSED PRODUCTS" to mean those products that are specifically identified

26  and accused in Samsung's Patent Local Rule 3-1 Infringement Contentions, served on June 15,

27  2012.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2    produced or will produce responsive, non-privileged documents in its possession, custody, or

3    control, if any, located after a reasonable search, that describe relevant components, features,

4    and/or functionality identified by Samsung in its Infringement Contentions.

5    **REQUEST FOR PRODUCTION NO. 163:**

6    All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

7    software, firmware, source code, components, circuits, or any other aspect of the '087 PATENT

8    ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

9    communicating, enabling, or otherwise facilitating the non-scheduled transmission of packetized

10   data from an APPLE ACCUSED PRODUCT through any WCDMA network employing enhanced

11   uplink dedicated channel (E-DCH) technology.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

13   Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

14   because it does not describe with reasonable particularity the documents sought. Apple objects to

15   this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

16   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

17   admissible evidence, including without limitation because it seeks documents regarding

18   components, features, and/or functionality not at issue in this lawsuit. Apple further objects to the

19   phrase "WCDMA network employing enhanced uplink dedicated channel (EDCH) technology" as

20   vague and ambiguous.

21   Subject to and without waiving the foregoing General and Specific Objections, Apple has

22   made or will make available for inspection source code in its possession, custody, or control, if

23   any, located after a reasonable search, regarding the accused functionality as identified by

24   Samsung in its Infringement Contentions.

25   **REQUEST FOR PRODUCTION NO. 164:**

26   All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

27   software, firmware, source code, components, circuits, or any other aspect of the '596 PATENT

28   ACCUSED PRODUCTS that is RELATED TO transmitting, receiving, processing,

1    communicating, enabling, or otherwise facilitating the exchange of control information for

2    packetized data transmission from an APPLE ACCUSED PRODUCT through any WCDMA

3    network employing enhanced uplink dedicated channel (E-DCH) technology.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

5        Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

6    because it does not describe with reasonable particularity the documents sought. Apple objects to

7    this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

8    seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

9    admissible evidence, including without limitation because it seeks documents regarding

10    components, features, and/or functionality not at issue in this lawsuit. Apple further objects to the

11    phrase "WCDMA network employing enhanced uplink dedicated channel (EDCH) technology" as

12    vague and ambiguous.

13        Subject to and without waiving the foregoing General and Specific Objections, Apple has

14    made or will make available for inspection source code in its possession, custody, or control, if

15    any, located after a reasonable search, regarding the accused functionality as identified by

16    Samsung in its Infringement Contentions.

17    **REQUEST FOR PRODUCTION NO. 170:**

18        All DOCUMENTS and THINGS RELATED TO the hardware, software, executable

19    software, firmware, source code, components, circuits, or any other aspect of the '239 PATENT

20    ACCUSED PRODUCTS that is RELATED TO the capture, processing, and packetized

21    transmission of multimedia data.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

23        Apple objects to the term "related to" as vague, ambiguous, and potentially overbroad, and

24    because it does not describe with reasonable particularity the documents sought. Apple objects to

25    this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and

26    seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

27    admissible evidence, including without limitation because it seeks documents regarding

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1  components, features, and/or functionality not at issue in this lawsuit. Apple also objects to the

2  terms "processing" and "capture" as vague and ambiguous.

3      Subject to and without waiving the foregoing General and Specific Objections, Apple has

4  made or will make available for inspection source code in its possession, custody, or control, if

5  any, located after a reasonable search, regarding the accused functionality as identified by

6  Samsung in its Infringement Contentions.

7  **INTERROGATORY NO. 32**

8      For each APPLE ACCUSED PRODUCT, IDENTIFY by Bates Number the final

9  submitted and completed version (completed by Apple and submitted to AT&T) of the following

10  documents:

11      (1) AT&T Device Requirements Document (AT&T Document # 13340);

12      (2) Handset Specification Compliance Spreadsheet (AT&T Document # 13289); and

13      (3) Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T

14  Document #10776).

15  **RESPONSE TO INTERROGATORY NO. 32**

16      Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

17  and not reasonably calculated to lead to the discovery of admissible evidence, especially to the

18  extent it seeks information about the accused Apple products beyond the    components,

19  functionalities, or technologies of those products that may be relevant to Samsung's patents-in-suit,

20  and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.

21      Apple also objects to this Interrogatory to the extent it seeks information that is subject to a

22  confidentiality or non-disclosure agreement or governed by a protective order preventing its

23  production, or otherwise seeks confidential, proprietary, or trade secret information of third parties.

24  Apple further objects to this Interrogatory to the extent it requires information outside Apple's

25  possession, custody, and control, including, for example, information concerning components that

26  Apple has purchased from third parties. Subject to and without waiving the foregoing General and

27  Specific Objections, Apple responds that in accordance with Federal Rule of Civil Procedure 33(d),

28  Apple will produce documents responsive to this Interrogatory to the extent they exist, and are

-xiv-

1   located after a reasonable search, and that the burden of ascertaining the answer to this

2   Interrogatory from the produced business records is substantially the same for Apple as for

3   Samsung. Discovery is still in its early stages and Apple is continuing to investigate. Apple

4   reserves the right to supplement and/or amend its response as appropriate.

5   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32**

6        In addition to the objections above, Apple further objects to Samsung's interrogatory on

7   the grounds that "final submitted and completed version" is vague and ambiguous.

8   Subject to and without waiving the foregoing General and Specific Objections, Apple supplements

9   its Response to Interrogatory No. 32 as follows:

10       Apple identifies the following responsive documents, although notes that these documents

11  are not necessarily final, submitted or completed versions: APL630DEFWH0003870431-

12  APL630DEFWH0003871748; APL630DEF-WH0003871749- APL630DEF-WH0003873058.

13       Discovery is still ongoing and Apple is continuing to investigate. Apple reserves the right

14  to supplement and/or amend its response as appropriate.

15  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32**

16       Subject to and without waiving the foregoing General and Specific Objections, Apple

17  supplements its Response to Interrogatory No. 32 as follows:

18       Apple identifies Revision 5.2 with a revision date of 3/22/2013 as the most recent version

19  of AT&T Document Number 13340. Apple is seeking AT&T's permission to produce this

20  document and will supplement its response with bates numbers once it obtains consent and this

21  document is produced.

22       With respect to AT&T Document Numbers 13289 and 10776, Apple has identified the

23  versions of those documents that were submitted when each Apple accused product was launched.

24  Apple is seeking AT&T's permission to produce these documents and will supplement its

25  response with bates numbers once it obtains consent and produces these documents.

26       Discovery is still ongoing and Apple is continuing to investigate. Apple reserves the right

27  to supplement and/or amend its response as appropriate.

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

## <u>SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)</u>

Samsung hereby certifies that it has in good faith conferred with Apple in an effort to obtain the discovery described immediately above without Court action.    Samsung's efforts to resolve this discovery dispute without court intervention are described in paragraphs 7-22, 30-39, and 44-45 of the Declaration of Amar L. Thakur, submitted herewith.


DATED:    June 25, 2013                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP



                                           By  */s/ Victoria F. Maroulis*
                                           Victoria F. Maroulis
                                           Attorney for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ................................................................................... 1

    A.    Samsung's Requests For Documents Related to Baseband Processors ................... 1

    B.    Apple's Failure to Produce Documents Related to Qualcomm Baseband Processors .......................................................................................................... 3

    C.    Samsung's Efforts to Obtain Discovery From Qualcomm ...................................... 6

    D.    Apple's Failure to Fully Respond to Samsung's Interrogatory No. 32 ................... 6

ARGUMENT ............................................................................................................ 8

I.     THE COURT SHOULD COMPEL APPLE TO PRODUCE QUALCOMM-RELATED DOCUMENTS FOR PRODUCTS THAT WERE NOT ACCUSED IN PRIOR CASES ...................................................................................................... 8

    A.    The Documents Sought Are Relevant to Samsung's Claims and Defenses ............ 8

    B.    Apple's Limited Production of Documents At Least Indicates That Apple Has Responsive Documents In Its Possession, Custody or Control ....................... 12

II.    THE COURT SHOULD COMPEL APPLE TO SUPPLEMENT ITS PREVIOUS PRODUCTIONS OF QUALCOMM-RELATED DOCUMENTS ................................... 13

III.    THE COURT SHOULD COMPEL APPLE TO RESPOND TO SAMSUNG'S INTERROGATORY NO. 32 ................................................................................... 14

CONCLUSION ........................................................................................................ 16

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4

*3Com Corp. v. D-Link Sys., Inc.,*
  No. 03-2177, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) .........................................................8

5

*Bayer AG v. Sony Elecs., Inc.,*
6
  202 F.R.D. 404 (D. Del. 2001) .........................................................8

7
*Cornell Research Found., Inc. v. Hewlett Packard Co.,*
  223 F.R.D. 55 (N.D.N.Y. 2003) .........................................................8

8
*IXYS Corp. v. Advanced Power Tech., Inc., No. C 02-03942 MHP,*
9
  2004 WL 1368860 (N.D.Cal.2004) .........................................................8

10
*Implicit Networks, Inc. v. Microsoft Corp., No. C 09-1478 SI,*
  2009 WL 4251146 (N.D.Cal. Nov. 23, 2009) .........................................................8
11

*MEMC Elec's Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
12
  420 F.3d 1369 (Fed. Cir. 2005) .........................................................10

13
*Ninestar Tech. Co. v. Int'l Trade Comm'n,*
  667 F.3d 1373 (Fed. Cir. 2012) .........................................................9
14

15

### **Statutes**

16
Fed. R. Civ. Proc. 33(d) .......................................................... xiii

17

### **Rules**

18
Patent Local Rule 3-1 .......................................................... ii, iii, iv, v, ix, x, xiii
19
Patent Local Rule 3-4(a) .........................................................8

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

## INTRODUCTION

Apple is refusing to produce technical documents and information relating to Qualcomm baseband processor chips present in iPhone and iPad products that Samsung contends infringe two patents Samsung has declared essential to the 3GPP standard.   These documents show the operation of aspects or elements of the accused baseband processor chips identified by Samsung in its Patent L.R. 3-1 claim charts, and are critical, to both Samsung's infringement claims for its Standards Patents, and to defend against Apple's exhaustion defense.   Apple knows this.   But for months Apple has asserted one excuse after another as to why it has not yet produced the information.

There is no question of relevance—Apple has agreed to produce the documents.   There is no question of entitlement—the types of documents sought are called for under the Patent Local Rules and produced as a matter of course in software patent cases such as this.   The issue is Apple's excuses and delay.   Although these requests have been pending since July of last year, Apple has produced only a small number of documents, most of which relate to an earlier litigation and do not cover products at issue here that were not accused in the previous case. Moreover, the limited production Apple *has* made demonstrates that Apple actually possesses documents regarding the accused Qualcomm chips that it has not produced.   Apple cannot continue to withhold this vitally important evidence.

## FACTUAL BACKGROUND

A.   Samsung's Requests For Documents Related to Baseband Processors

Samsung alleges that the baseband processor chips present in certain iPhone and iPad products infringe two patents that Samsung has declared essential to the 3GPP standard.[1]   Thakur

---

[1]   U.S. Patent No. 7,756,087 ("'087 patent") and U.S. Patent No. 7,551,596 ("'596 patent") (collectively, the "Standards Patents").   Samsung also alleges that the baseband processor chips are part of the "means for transmitting" disclosed in U.S. Patent No. 5,579,239 ("'239 patent"), although the '239 patent is not standards-essential.   *See* Thakur Decl. Ex. 3 at 4, 10, 16.

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY NO. 32

1    Decl. Ex. 1 at 2; Ex. 2 at 2.[2]   Apple purchases these baseband processors from third-party

2    manufacturers such as Qualcomm Inc. ("Qualcomm") and Intel Corp. ("Intel").   Ex. 4 at 8-9.

3    During previous litigations between the parties, Samsung only asserted declared-essential patents

4    against Apple products with Intel baseband processors, and of those products only the iPhone 4

5    and iPad 2 are accused of infringing Samsung's declared-essential patents in this case.   Thus, at

6    least five of the accused products in this case and their newer, Qualcomm baseband processors—

7    iPhone 4S with the MDM6610, the iPad 3 with the MDM9600/9610 and the iPhone, iPad 4, and

8    iPad Mini with the MDM9615—were not accused of infringement during prior litigations.

9         On July 31, 2012, Samsung propounded its Third Set of Requests For Production

10   ("RFPs").   In addition to general requests for technical documents related to the accused

11   products, Samsung's Third Set of RFPs included a number of requests directed to the baseband

12   processors found in the accused products.   More specifically, RFP Nos. 173, 175-176 and 178-

13   183 generally seek all documents relating to: (1) the structure, operation or function of Apple's

14   baseband processors; (2) Apple's compliance with 3GPP protocols; (3) communications with

15   baseband processor manufacturers; (4) documents prepared by or at the direction of baseband

16   processor manufacturers; and (5) any modifications to the baseband processor software Apple

17   receives from the chip manufacturers.   Ex. 5 at 14-16.

18        Apple served its objections and responses to Samsung's Third Set of RFPs on September

19   10, 2012.   Ex. 6.   Apple agreed to produce documents responsive to several of Samsung's

20   requests, including all documents relating to Apple's compliance with 3GPP protocols and

21   documents sufficient to show the location within each accused product of components enabling

22   communication with systems supporting HSUPA, HSPA, WCDMA, GSM, or UMTS technology.

23   *See* Ex. 6 at 40-41, 43-44.   For a number of Samsung's requests, Apple objected to the term

24

25   _____

26        [2]    Citations to "Ex. __" are citations to exhibits to the Declaration of Amar L. Thakur in

27   Support of Samsung's Motion to Compel Production of Documents and Response to Interrogatory
     No. 32, submitted herewith.

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

"related to" as vague, ambiguous, and overly broad (*see id.* at 39, 44-45), although it later agreed to drop this semantic distinction and produce documents "related to . . . ."   Thakur Decl. ¶ 7.

> B.    Apple's Failure to Produce Documents Related to Qualcomm Baseband Processors

Despite Apple's agreement to produce documents related to the baseband processors found in the accused products, Apple did not make any substantial production of documents in this case related to Qualcomm or the Qualcomm baseband processors.   As of February 2013, Apple's production of Qualcomm-related documents consisted entirely of documents produced during previous litigations between the parties, primarily the 794 Investigation.   Thakur Decl. ¶ 8. However, the only product accused of infringement in this case that was also accused in the 794 Investigation is the iPhone 4, which contains an Intel baseband processor rather than a Qualcomm processor.   *Id.*   Thus, Apple's production at that time was (and remains) almost entirely devoid of documents relating to the Qualcomm baseband processors found in products that were not accused in prior cases—for example, documents relating to the MDM6610 found in the iPhone 4S; the MDM9600 and MDM9610 found in the iPad 3; and the MDM9615 found in the iPhone 5, iPad 4, and iPad Mini.   *Id*; *see also*, Ex. 5 at 8-9.   Similarly, Apple has not produced documents for the newer model transceivers—the RTR8600 and RTR8605 transceivers—which relate to the operation and structure of the baseband processors as they send and receive the signals processed and created by the processors, while also having electrical connections with the baseband processors.   Thakur Decl. ¶ 9.

Samsung brought these deficiencies to Apple's attention in a letter dated February 28, 2013, asking Apple to commit to supplementing its production of Qualcomm-related documents by a date certain.   Ex. 7.   Several weeks passed without any response from Apple, so Samsung raised the issue of Apple's incomplete production of Qualcomm-related documents during a telephonic meet and confer on March 21, 2013.   Thakur Decl. 11 ¶.   During the meet and confer, Apple represented that it had collected additional Qualcomm-related documents and would begin producing them as early as the following week.   *Id.*; *see also* Ex. 8.   On March 29, 2013, Apple stated that it was "working to collect additional documents in its possession related to the Qualcomm chips in the iPhone 5, iPad Mini (3G), iPad 3 (3G) and iPad 4 (4G), and [would]

1  produce those non-privileged documents that can be located after a reasonable search after

2  obtaining any necessary third party consents."   Ex. 9.

3      Contrary to these representations, however, Apple still did not produce the documents.   In

4  a letter dated April 8, 2013, Samsung identified several categories of Qualcomm-related

5  documents that Samsung needed in order to proceed with additional discovery and to prepare for

6  upcoming depositions.   Ex. 10.   Specifically, Samsung requested: (1) documents related to the

7  Qualcomm chips in products that were not accused in prior cases; (2) an updated and supplemental

8  production of documents related to products that were accused in prior cases; and (3) documents

9  that were attached to or discussed in the communications between Apple and Qualcomm produced

10 during the prior cases, such as technical specifications, test reports, and design documents.   *Id.* at

11 6.   On April 24, 2013, more than a month after Apple committed to supplementing its production

12 of Qualcomm-related documents, Samsung sent another letter reminding Apple of its

13 commitments and asking Apple to complete its production of Qualcomm-related documents by

14 May 10, 2013.   Ex. 11.

15      Apple responded to these letters on May 1, 2013.   With respect to Samsung's request for

16 documents relating to newly accused products, Apple stated that it had already agreed to produce

17 such documents, but made no commitment as to when it would complete (or even begin) its

18 production.   Ex. 12 at 8.   Instead, Apple "refer[red] Samsung to [Apple's] responses to

19 Samsung's Third Set of Requests for Production," which Apple had served nearly nine months

20 prior.   *Id.*   Apple refused to supplement its previous production of additional Qualcomm-related

21 documents—documents that Apple had already committed to producing—claiming that Samsung

22 had not explained the relevance of the requested documents.   For similar reasons, Apple refused

23 to produce documents that were attached to or discussed in communications between Apple and

24 Qualcomm that were produced during prior cases.   *Id.*

25      The parties discussed Samsung's requests for documents relating to Qualcomm baseband

26 processors at a lead counsel meet and confer on May 2, 2013.   Thakur Decl. ¶ 17.   In the

27 interest of compromise, Samsung agreed to provide Apple with a list of technical documents for

28 which Samsung needed expedited production.   *Id.*, and Ex. 13.   With respect to Qualcomm-

-4-

related documents, Samsung limited its request to a single category: documents "describing the structure and operation of each Qualcomm baseband chip." *Id.* at 2.   Apple did not respond to Samsung's letter, nor did it produce the requested documents.

On May 29, 2013, Samsung again asked Apple—for the fourth time—to commit to completing its production of Qualcomm-related documents by a date certain, this time by June 5, 2013.   Ex. 14.   In response, Apple stated that it had "produced many documents describing the structure and operation of the Qualcomm baseband chips contained in the accused Apple products."   Ex. 15.   Again, Apple made no representations regarding the completeness of its production, or when it would complete its production.   Instead, Apple cited twelve documents purportedly describing the structure and operation of the Qualcomm baseband processors.   *Id.* Samsung responded the next day on June 5, 2013, pointing out that the documents to which Apple cited were not responsive to this case, as they were produced during the 794 Investigation and do not relate to the newer Apple accused products, and that one of the twelve documents consisted of software bug fixes, with no discussion of compliance with 3GPP specifications or whether Apple modifies the Qualcomm software, and was thus is largely irrelevant.   Ex. 16.

Almost 10 days passed without response, prompting Samsung to write its sixth letter, on June 14, 2013, asking Apple to make good on its March statement that it would supplement its production of Qualcomm documents.   Ex. 17.   The parties again discussed Samsung's issues with Apple's Qualcomm-related production at the next lead counsel meet and confer on June 20, 2013.   Thakur Decl. ¶ 22.   Apple produced more documents on June 20 and June 22, along with assurances that each would satisfy Samsung's request.   Thakur Decl. ¶ 22; and Ex. 18.   Despite Apple's assurances, however, the documents Apple provided do not contain information that would allow Samsung to understand the 3GPP compliance or structure and operation of the Qualcomm chips.   Rather, Apple's most recent production includes largely irrelevant documents—software debugging lists, documents related to wireless standards that are not at issue in this case (*i.e.*, 2G and LTE), and Qualcomm chips that do not relate to HSUPA networks and that Samsung has not accused of infringing the '087 and '596 patents (*e.g.*, documents regarding Qualcomm's QSC6055 chip for CDMA networks).   Thakur Decl. ¶ 22.

1    C.  <u>Samsung's Efforts to Obtain Discovery From Qualcomm</u>

2     In addition to seeking discovery from Apple, Samsung issued subpoenas to Qualcomm on

3 October 16, 2012, requesting documents and testimony related to the baseband processors

4 purchased by Apple. Exs. 19-22. Following the entry of a supplemental protective order, *see*

5 Dkt. No. 438, Qualcomm produced source code responsive to Samsung's subpoena and directed

6 Samsung to seek technical documentation from Apple. Thakur Decl. ¶ 28. Qualcomm's

7 discovery responses stated that it was not the proper custodian to produce the technical documents

8 requested because, according to Qualcomm, the relevant documents were in Apple's possession.

9 See e.g., Ex. 21 at 13-15, 21-22, 31-33, 36-37 (as just a few examples).

10    D.  <u>Apple's Failure to Fully Respond to Samsung's Interrogatory No. 32</u>

11    On January 11, 2013, Samsung propounded its Fourth Set of Interrogatories, including

12 Interrogatory No. 32. Ex. 23. This interrogatory asks Apple to identify by Bates Number the

13 final and submitted and completed version (i.e., completed by Apple and submitted to AT&T) of

14 the following testing documents that indicate the Apple products conform with the 3GPP standard:

15    1) *AT&T Device Requirements Document* (Document # 13340)[3];

16    2) *Handset Specification Compliance Spreadsheet* (Document # 13289)[4]; and

17    3) *Lab and Field Test Requirements for Terminal Unit Acceptance* (AT&T Document

18     # 10776)[5].

19 Samsung requires these specific documents because these requirements and compliance

20 documents indicate which 3GPP functionalities the Apple products use while operating on

21 AT&T's network as different carriers have different requirements.

22

23 ————————————————

24 ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

25 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬

26 ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

27 ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬

28 ▮ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  Ex. 26 at 84:17-87:14.

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1    Apple served its initial objections and responses to Samsung's Fourth Set of

2    Interrogatories on February 14, 2013, failing to cite any responsive documents.   Ex. 24.   In meet

3    and confer correspondence on March 6, 2013, Samsung noted that Apple's corporate

4    representative testified in the 794 Investigation that Apple submits one final version of these

5    documents per product to AT&T.   Ex. 27.   Samsung again raised the issue of Apple's

6    nonresponsive reply in an April 23, 2013 letter that reminded Apple that the same employee had

7    also testified that he knows which Apple department houses this information.   Ex. 28.   Apple

8    supplemented its response on May 14, 2013, listing just two documents.   Apple's response,

9    however, expressly disclaimed any representation that the cited documents were final versions,

10   stating that "these documents are not necessarily final, submitted or completed versions."   Ex. 29.

11   Moreover, Apple's supplemental response, merely referred to the "most recent" version of AT&T

12   requirement document 13340—without producing that document—and agreed to supplement its

13   answer in the future for the 13289 and 10776 documents.   Thus, Apple's supplemental response

14   was again nonresponsive, failing to produce any documents, let alone responding to the actual

15   Interrogatory which seeks the final version of each requirement document that corresponds to *each*

16   Apple product.   *Id.*

17       Samsung raised the issue of Apple's incomplete response at the May 15, 2013 lead trial

18   counsel meet and confer, at which Apple agreed to supplement its response by May 24, 2013.

19   Thakur Decl. ¶ 35.   After no response was forthcoming, and after following up at the June 20,

20   2013 lead trial counsel meet and confer, Samsung sent Apple a letter on June 21, 2013 requesting

21   a response by June 24, 2013 or Samsung would be forced to resort to motion practice.   Ex. 30.

22   On June 22, 2013, Apple supplemented its production with 13289 and 10776 requirements

23   documents dated late-2012, but again failed to indicate *the final submitted version of each of the*

24   *three relevant AT&T requirements documents, **one for each Apple product***.   Thakur Decl. ¶ 37.

25

26   //

27   //

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1

**ARGUMENT**

2

I.      THE COURT SHOULD COMPEL APPLE TO PRODUCE QUALCOMM-RELATED DOCUMENTS FOR PRODUCTS THAT WERE NOT ACCUSED IN PRIOR CASES

3

A.      The Documents Sought Are Relevant to Samsung's Claims and Defenses

4

5

Samsung's Motion seeks discrete categories of technical documents relating to the specific component that performs the functionalities accused of infringing Samsung's Standards Patents, which Samsung requires in order to prove Apple's infringement of Samsung's patents and to defend against Apple's exhaustion defense.    Notably, Apple has never disputed the relevance of documents relating to the Qualcomm baseband processors.    Nor could it, as most of the requested documents should have been produced pursuant to the Patent Local Rules.    *See* Patent L.R. 3-4(a) (requiring production of "specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart").

6

7

8

9

10

11

12

13

Courts routinely order production of technical documents relating to the accused products or components pursuant to Patent L.R. 3-4(a).    *Implicit Networks, Inc. v. Microsoft Corp.*, No. C 09–1478 SI, 2009 WL 4251146, at *1 (N.D.Cal. Nov. 23, 2009) (ordering production of product requirement documents and engineering specifications concerning infringing aspects of the accused device under Patent L.R. 3-4(a) where defendants produced incomplete set of technical specifications); *3Com Corp. v. D-Link Sys., Inc.*, No. 03-2177, 2007 WL 949596, at *3 (N.D. Cal. Mar. 27, 2007) (compelling production of "technical information detailing the internal design and operation of the accused chips"); *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 1368860, *3 (N.D.Cal.2004) (requiring the alleged infringer to turn over "any and all documents describing the operation or structures of [the patentee's] accused devices" under L.R. 3-4(a)); *see also Cornell Research Found., Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 74 (N.D.N.Y. 2003) ("[T]he technical specifications in drawings related to . . . [are] not only directly and highly relevant, but indeed [are] critical to the infringement claims asserted in the case."); *Bayer AG v. Sony Elecs., Inc.*, 202 F.R.D. 404, 408 (D. Del. 2001) (ordering production of all

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY NO. 32

1  documents "which relate, reflect or refer to conception, design, research, product improvement,

2  testing, evaluation or development" of the accused products).

3      Samsung requires discovery of Qualcomm's documents to prove Apple's infringement of

4  Samsung's patents and to defend against Apple's exhaustion defense.   In terms of Qualcomm

5  technical documents related to infringement, *first*, Samsung seeks documents relating to the

6  conformance of each accused baseband processor (MDM6610, MDM9600, MDM9610, and

7  MDM9615) with HSUPA/HSPA/HSPA+ as described in the 3GPP technical specifications (TSs)

8  25.309, 25.321, and 25.331 Release 6 or later relating to implementation of the accused

9  functionality.   Such conformance is indicated in documents including: Qualcomm- or Apple-

10  authored presentations regarding 3G, UMTS, or HSUPA functionality; testing documentation or

11  spreadsheets for either the Qualcomm processors or Apple products indicating conformance with

12  the relevant 3GPP standards; and conformance testing pursuant to 3GPP TS 34.123-1.   *Second*,

13  Samsung seeks documents relating to the structure, operation or function of Apple's baseband

14  processors, including their physical, electrical, or hardware connection with the transceivers in the

15  accused devices (at least RTR8600 and RTR8605) and any interaction with an applications

16  processor that may be used to perform the accused functionality.   *Third*, Samsung seeks

17  communications between Apple and baseband processor manufacturers such as Qualcomm

18  relating to 3GPP conformance and support, chip development or testing, or technical marketing

19  documents and sales briefs with high-level overview of the processor's and transceiver's

20  functionalities (including attachments to such communications).   *Fourth*, Samsung seeks

21  documents prepared by or at the direction of baseband processor manufacturers such as

22  Qualcomm.   *Fifth*, Samsung seeks documents related to any modifications to the baseband

23  processor software or source code that Apple receives from the chip manufacturers.

24      In terms of exhaustion, Apple contends that Samsung's patents are exhausted by

25  Qualcomm's sale of baseband processors to Apple's overseas device manufacturers.   Apple must

26  show that these transactions occurred in the United States.   *Ninestar Tech. Co. v. Int'l Trade*

27  *Comm'n*, 667 F.3d 1373, 1378 (Fed. Cir. 2012).   To show a United States sale, Apple must

28  demonstrate that the "essential activities" of the transaction occurred in the United States.

1  *MEMC Elec's Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375–77

2  (Fed. Cir. 2005).   To Samsung's knowledge, Qualcomm's baseband processors are manufactured

3  overseas, shipped to Apple's overseas contract manufacturers, and never enter the United States

4  before being assembled by those manufacturers into complete devices.   Invoices showing the

5  location of Qualcomm's chip manufacturing, sales, and shipment, as well as documents showing

6  the location of negotiation and execution of any contracts between Apple and Qualcomm, are

7  critical to evaluating Apple's exhaustion defense.

8       In short, Samsung requests that the Court order Apple to produce at least the following

9  categories of documents, pursuant to Samsung's Requests for Production and Patent L.R. 34(a),

10  for ***each*** of the MDM66100, MDM9600, MDM9610, and MDM9615 baseband processors and the

11  RTR8600 and RTR8605 transceivers:

12  - Technical marketing documents and sales briefs with a high-level overview of the
13     processors' and/or transceivers' functions, dated from January 2011 to the present.   To the
   extent these are customized, the documents relating to Apple.

14  - Pictures of each processor/transceiver showing hardware components and interconnections
15     with other chip or Apple product components.

16  - Overall technical specifications and/or data sheets for the processors/transceivers,
17     including documents sufficient to show the physical connections and digital hardware
   specifications for each processor and the connections between (1) an applications
18     processor and each baseband processor; (2) an applications processor and each transceiver;
   and (3) each transceiver and baseband processor.

19  - For each of the MDM6610, MDM9600, MDM9610, and MDM9615 baseband processors,
20     documents that describe the fact that the processors may be used in HSUPA, HSPA,
   HSPA+, 3GPP Release 6, and/or 3GPP Release 7 compliant phones.
21

22  - Documents describing the design and implementation of any hardware components or
   peripherals that are involved in the formation and transmission of (1) MAC-es PDUs and
23     MAC-e PDUs and (2) scheduled transmissions, and (3) non-scheduled transmissions by
   the processors and/or transceivers at issue.

24  - Documentation relating to conformance testing of each processor against 3GPP 34.123-1,
25     including in particular the sections of that document that relate the accused functionality,
   such as: (1) 7.1.6.2.3 MAC-es/e non-scheduled transmissions; (2) 7.1.6.2.8 MAC-es/e
26     combined non-scheduled and scheduled transmissions; (3) 7.1.6.4.1 MAC-es/e process
   handling; and (4) 7.1.6.1.1 MAC-es/e multiplexing without RRC restrictions.
27

28

- Documents relating to the processors' implementation of 3GPP TS 25.331, in particular: the receipt and use of information regarding non-scheduled transmission grant information, specifically the Information Element "2ms non-scheduled transmission grant HARQ process allocation," which is described in, e.g., 3GPP TS 25.331 v. 6.21.0 § 10, especially §§ 10.3.5.1b, 10.2.33, 10.3.5.2.

- Documents describing the processors' implementation of 3GPP TS 25.331, in particular, the design, implementation, and usage of the functions l1_edch_req_control_info(), l1_phy_edch_build_frame_ind(), process_added_reconfig_e_dch_info(), rrcllcpcie_process_e_rgch_information(), rrcllcpcie_process_e_agch_infio(), and calc_frnum_or_subfn(), and the functions these functions call.

- Documents describing the processors' implementation of 3GPP Technical Specification 25.309, in particular: The "2ms non-scheduled transmission grant HARQ process allocation" and characteristics of non-scheduled transmissions.   (See 3GPP TS 25.309 v. 6.6.0 § 10.)

- Documents relating to the processors' implementation of 3GPP TS 25.321, in particular:   (1) the formation and contents of MAC-es PDUs and MAC-e PDUs pursuant to § 9 (especially § 9.1.5 and figs. 9.1.5.1 and 9.1.5.2a); (2) the formation and contents of MAC-e headers (including Data Description Indicators ("DDI") and information about the number of MAC-d PDUs ("N")) pursuant to § 9.2.4.2; and (3) inclusion of control information in the MAC-e PDUs, particularly "$DDI_0$" and "SI" pursuant to § 9.2.5.3.2 and fig. 9.2.5.3.2-1.

- Documents describing the processors' implementation of 3GPP TS 25.321, in particular, the design, implementation, and usage of the functions l1_edch_req_control_info(), l1_phy_edch_build_frame_ind() (both also discussed above), and rlc_ul_edch_build_pdus(), as well as the functions that they call.

- Documents indicating whether Apple modifies the baseband processors' software and/or source code, in particular, the software and/or software relating to non-scheduled transmissions and the MAC-e PDU structure or formation.

- Communications between Qualcomm and Apple regarding: (1) HSUPA or HSPA support by the Qualcomm chips and/or Apple phones; (2) roadmaps and project lists relating to chip testing, research, and development; (3) the operation of non-scheduled transmission or the transmission of data via the MAC-e PDU described in TS 25.321; and (4) 3GPP conformance testing of the accused baseband processor and/or Apple products against 3GPP TS 25.309 (§ 10), 25.321 (§ 9.1.5, § 9.2.4.2, § 9.2.5.3.2, Fig. 9.1.5.1, Fig. 9.1.5.2a, and Fig.9.2.5.3.2-1 ), and 25.331 (§§ 10.3.5.1b, 10.2.33, 10.3.5.2) or the related sections of 34.123-1.

- Communications with Apple or other third parties pertaining to (a) the letter regarding "Notice of Limit of Samsung's Covenant to Qualcomm and Its Customer" sent by Samsung to Qualcomm on April 21, 2011, and/or (b) the notice letter pursuant to Section 5.3.3 of the 2009 Samsung/Qualcomm Amendment to Infrastructure and Subscriber Unit

License and Technical Assistance Agreement, sent by Samsung to Qualcomm on February 2, 2012.

- Agreements between Qualcomm and Apple, any Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit), or any other entity concerning the manufacture and/or transfer or sale of the baseband processors/transceivers for use in Apple products.

- Documents sufficient to show the chain of custody for the baseband processors/transceivers at issue from placement of the order to manufacture to delivery to an Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit) to their entry into the U.S. either as chips or incorporated in downstream products.

B.     Apple's Limited Production of Documents At Least Indicates That Apple Has Responsive Documents In Its Possession, Custody or Control

Not only are the documents Samsung seeks relevant and called for under the Patent Local Rules, but Apple's production of documents in this case, while limited, demonstrates that Apple actually possesses documents regarding the newly accused Qualcomm chips that it has not produced.    For instance, Apple produced a single document dated from 2011 indicating compliance with the 3GPP Technical Specification 34.123-1—a specification which indicates testing for the chip's ability to perform the functionality in the claims of the '087 and '596 patents. This document relates to a prototype chip that is not accused in this case; moreover, the fact that Apple only produced one such document means that testing data was only provided for one chip, despite there being four different MDM-chips accused in this case.    Thakur Decl. ¶ 38.    But the existence of this document instructs that there are others that *are* relevant.    Apple should thus supplement its production to include 3GPP compliance documentation, such as compliance with TS 34.123-1, from more recent 2012 and 2013 testing dates for *all* of the chips in products accused in this case.    As another example, Apple produced ██████████████████████ ████████████████████████ Ex. 31.    The existence of this email is instructive in two ways.    First, ██████████████████████████████ ████████████████████████████████████ Second, and perhaps more importantly, it suggests that Apple possesses technical documentation regarding other chips that are also accused in this case.    *Id.* ████████████████

-12-

1  █████████████████████████████   Apple should be ordered to produce more recent emails, and

2  any technical documents that they reference concerning the accused chips.

3  Apple's production of Qualcomm documents in the 794 Investigation also illustrates that

4  Apple is withholding relevant documents related to the Qualcomm chips in newly accused

5  products.   For example, █████████████████████████████████████████████

6  ████████████████████████████████   Ex. 32.   Similar documents describe███

7  █████████████████████████████████████████████   Ex. 33.   Apple also

8  produced ████████████████████████████████████████████████

9  ████   *See e.g.*, Ex. 34.   Apple should produce all similar documents related to products accused

10  in this case that were not accused in previous litigations.

11  II.   THE COURT SHOULD COMPEL APPLE TO SUPPLEMENT ITS PREVIOUS

12  PRODUCTIONS OF QUALCOMM-RELATED DOCUMENTS

13  As noted above, the vast majority of Apple's Qualcomm-related production consists of

14  documents produced in the 794 Investigation and the 1846 Case for products that were accused in

15  those cases.   Discovery in those cases, however, ended more than a year ago.[6]   Thus, most of

16  the documents produced in those previous litigations are at least as old as 2011, with many

17  relating to chips and testing dating back as far as 2008.   Apple should be compelled to

18  supplement its production with up-to-date documents from 2012 and 2013 relating to the

19  Qualcomm baseband processors found in products that were accused in previous litigations that

20  are also at issue here.

21  Additionally, there are a number of flaws in Apple's productions from the 794

22  Investigation and 1846 case that need to be remedied here as Apple is clearly withholding

23  discoverable information.   First, Apple produced under 40 email chains between Apple and

24  Qualcomm.   It is unbelievable that Apple and Qualcomm would exchange such a limited number

25  ─────────────────────

26  [6]   Fact discovery in the 794 Investigation ended in February 2012.   Thakur Decl. ¶ 43.

27  Discovery in the 1846 Case ended on March 8, 2012, although Apple produced almost half a
million pages of documents after the close of fact discovery.   *Id.*

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO
INTERROGATORY NO. 32

1  of emails regarding the four different baseband processors over the past 5 years.    In fact, Apple's

2  corporate representative, Jason Shi, testified in the 794 Investigation that ███████████████

3  █████████████████████████████████████████████████████████████████████

4  █████████████████  Ex. 26.    Second, the emails Apple did produce refer ██████████

5  █████████████████████████████████████████████████████████████████

6  ████████████        As just one example, one such email ███████████████████████

7  ████████████████████  Ex. 35.    ████████████████████████████████████████

8  ████████████████████████████████

9  **III.    THE COURT SHOULD COMPEL APPLE TO RESPOND TO SAMSUNG'S**
10  **INTERROGATORY NO. 32**

11        Interrogatory No. 32 pertains to three specific categories of technical documents related to

12  Apple's use of AT&T's cellular networks.    These documents are highly relevant to Apple's

13  implementation of 3GPP standards, and thus to Samsung's infringement claims.    The AT&T

14  Device Requirements Document ████████████████████████████████████████████

15  █████████████████████████████████████████████████████████████████████

16  █████████████████████████████████████████████████████████████████████

17  ████████████████████████  *See, e.g.*, Ex. 25 at 7-7 █████████████████████████

18  ██████████████████████████████████████████████████████████; *see also id.*

19  at 3-2 ████████████████████████████████████████████; *id.* at 8-1 █████████

20  █████████████████████████████████████████████  ████████████████

21  █████████████████████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████████████████████

23  ████████████████████████████  *See* Ex. 26 at 68:1-24.    █████████████████

24  ███████████████████████████████████████████████████████████

25  █████████████████████████████████████████████████  *See*

26  *id.* at 84:17-87:14.

27        Despite the relevance of these documents, their value in terms of proof at trial is limited by

28  two factors.    First, Samsung has no way of demonstrating the Apple product to which each

1   document applies.    Second, Apple has produced multiple versions of these documents, and

2   Samsung cannot easily determine which ones are the final versions that Apple and AT&T actually

3   used.    Without this information, nothing would prevent Apple from asserting at trial that the

4   documents offered by Samsung do not apply to any of the accused products, or that the documents

5   are not the final versions that Apple and AT&T relied on in the ordinary course of business.

6         Samsung propounded Interrogatory No. 32 to eliminate these concerns, asking Apple to

7   identify the final version of each of these documents on a per-product basis.    Apple's initial

8   response provided no information.    Apple's supplemental response cited to more than 2,600

9   pages of documents, yet fails to provide the critical information requested by this interrogatory.

10  Apple failed to identify documents on a per-product basis or provide Samsung with any way to

11  determine the accused product to which each cited document relates.    Ex. 29.    Apple also failed

12  to identify which of the cited documents are final versions and even expressly disclaimed any

13  representations that the cited documents were the final or completed versions.    *Id.*

14        The information needed to fully respond to Interrogatory No. 32 is uniquely within

15  Apple's possession, and it is readily available to Apple ████████████████████████████

16  ██████████████████████████████████████████████████████████████████████████

17  (*see* Ex. 26 at 69:3-6, 81:14-82:11; Ex. 36 at 46:11-47:13), that same employee (Apple's corporate

18  representative in the 1846 litigation) testified ████████████████████████████

19  ██████████████████████████████████████████████████████████████████████████

20  █████████████(Ex. 26 at 75:5-76:9, 78:9-14).   ████████████████████████████

21  █████████████████████████████████   But Apple has access to

22  the individuals who can provide this information; indeed, ████████████████████████████

23  ██████████████████████████████████████████████████████████████

24  ████████████████████   Ex. 36 at 49:9-21.    Apple has no excuse for withholding

25  this information from Samsung.    Therefore, the Court should compel Apple to provide a full and

26  complete response to Samsung's Interrogatory No. 32.

27

28

-15-

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court GRANT Samsung's Motion to Compel Production of Documents and Response to Interrogatory No. 32.


DATED:    June 25, 2013                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By  /s/ Victoria F. Maroulis
                                           Victoria F. Maroulis
                                           Attorney for SAMSUNG ELECTRONICS CO.,
                                           LTD., SAMSUNG ELECTRONICS AMERICA,
                                           INC., and SAMSUNG
                                           TELECOMMUNICATIONS AMERICA, LLC