# EXHIBIT C

# EXHIBIT 12

# WILMERHALE

May 1, 2013

Elise Miller

+1 202 663 6332 (t)
+1 202 663 6363 (f)
elise.miller@wilmerhale.com

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

Re: *Apple v. Samsung Electronics Co. et al.,* Case No 12-cv-630 (N.D.Cal.)

Dear Amar:

  We write in response to your April 8 letter and in follow-up to our meet and confer call on April 29 regarding Apple's production of technical and software development documents.

  Samsung complains that Apple has failed to produce technical documents for the accused products, some of which "were accused from the beginning of the case." However, since the beginning of the case, Samsung's list of accused products has been vague and ambiguous. For example, in its Amended Answer to Apple's Complaint, Samsung accused broad categories of products (e.g., "all Apple computers"). Samsung's infringement contentions, served on June 15, 2012, in many instances fail to specify which generations of products are accused of infringement (e.g. "iMac, MacBook Air, MacBook Pro, Mac Mini, Mac Pro, Apple TV, and PCs with iTunes"). Even Samsung's Case Narrowing Statement, served on April 22, 2013, includes non-existent products (e.g. "Mac") and fails to specify which generation of product is accused for more than half of the accused products.[1] This lack of specificity, which Samsung has failed to resolve despite Apple's repeated identification of these deficiencies, has created an undue burden on Apple in collecting and producing technical documents.

  Nonetheless, as discussed below and in Apple's letters dated March 21 and March 29, Apple has produced technical documents and source code for the accused Apple products, to the extent the documents relate to the accused functionality identified in Samsung's infringement contentions. Further, Apple has provided Samsung with the bates numbers for many of these technical documents in its Supplemental Objections and Responses to Samsung's Fourth Set of Interrogatories. Finally, as described in detail below, discovery is ongoing and Apple will continue to produce technical and software development documents as expeditiously as possible, and in advance of the depositions of the custodians of those documents and Apple's 30(b)(6) designees on the accused features and functionality.

---

[1] Samsung specifies which generations of iPhones and iPads are accused, but fails to specify which generations, let alone which models, of other products are accused. Instead, Samsung simply lists "iPod Touch," "Mac," "iMac," "MacBook," "MacBook Air," "MacBook Pro," "Mac Mini," "Mac Pro," "iTunes," "iCloud," and "Apple TV."

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing Berlin Boston Brussels Frankfurt London Los Angeles New York Oxford Palo Alto Waltham Washington

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.  
May 1, 2013  
Page 2

**WILMERHALE**

### '757 Patent

Samsung requests "[s]oftware development requirements documents . . . used to implement the '757 Accused Features." Apple has been producing any such documents to the extent they have been located, and will continue to produce such documents as they are identified.

Samsung's letter also requests "software design documents" and "user interface design documents" described on a variety of Apple webpages. Those documents are publicly available on the identified webpages, and easily obtainable by Samsung itself to the extent they have not already been produced. Nevertheless, Apple will download those documents for Samsung and produce them by May 15, 2013.

Samsung's letter requests "documents related to the planning, execution, analysis, and review of all phases of testing, including unit testing, system testing, integration testing, user/user interface/human interface testing, performance testing, and burn-in testing." It is unclear what the requested testing is supposed to relate to. Presuming this request relates to testing of the '757 Accused Features, Apple has already produced documents related to testing (*see, e.g.*, APL630DEF-WH0000228677, APL630DEF-WH0002941175, APL630DEF-WH0000228330, APL630DEF-WH0000161280, APL630DEF-WH0000119704, APL630DEF-WH0000105420), and will continue to produce such documents as they are identified.

Regarding Samsung's request for "documents identifying and describing the logical and physical location of each piece of software and hardware necessary" for iCloud and iTunes, Apple has already produced such documents (*see, e.g.*, APL630DEF-WH0000628373, APLE630DEF-WH0000156261). To the extent any other documents exist, Apple will produce those documents as they are identified.

Finally, Samsung requests "documents provided to third-party partners, including Apple's business partners, and Apple Developer Members." Apple has already produced some of the requested documents (*see, e.g.,* APL630DEF-WH0000628368, APL630DEF-WH0000628373). Apple is also in the process of identifying documents provided to Apple Developer Members regarding iCloud, and will produce those documents by May 15, 2013.

### '239 Patent

Samsung's letter requests numerous broad categories of source code and documents purportedly related to the '239 patent, including (1) "[s]ource code for all application processors in the Accused Devices"; and (2) technical documents and "[s]ource code for any component in the Accused Devices that implements, supports, processes, or provides wireless communication functions." As we have stated repeatedly, including in our March 29, 2013 letter and Apple's recent supplemental responses to Interrogatory Nos. 33 and 34, Apple is only obligated to

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.
May 1, 2013
Page 3

**WilmerHale**

produce source code for the functions identified in Samsung's infringement contentions, and Apple has produced and is continuing to produce that source code.

These specific requests far exceed the scope of the accused components and functionalities identified in Samsung's infringement contentions. The iOS devices contain millions of lines of code executed on the application processors to implement hundreds of functions that have nothing to do with the '239 patent, including applications and operating system functions that are not accused of infringing the '239 patent. In addition, Samsung's new request for source code "for any component in the Accused Devices that implements, supports, processes, or provides wireless communication functions" is both vague and appears to seek irrelevant code. As discussed below, the Court has identified the relevant software functions and hardware components. Samsung has made no attempt to explain the relevance of source code for "any component" that performs functions other than those identified by the Court.

Samsung's request for "source code related to transfer data between the application processor and the baseband processor, wireless communication chip, and/or WiFi chip including application processor code that initializes the baseband processor, wireless communications chip, and/or WiFi chip, or called to initialize the baseband processor, wireless communication chip, and/or WiFi chip" also seeks irrelevant information. The Court's claim construction order requires the use of "one or more modems connected to the remote unit" (presumably via "one or more communications ports on the remote unit") and software that "initialize[es]" the communications ports. Samsung' contentions do not identify any "modem connected to" any accused product or any "communications ports" in the accused products. Based on its investigation to date, Apple is not aware of any source code that performs the function of the claims using the required structure.

Regarding Samsung's request for "source code related to capturing, digitizing, or compressing audio and/or video data," again, we have previously addressed this request. Apple has already produced this source code for iOS versions 5.0.1 and 6.0.1, and as we agreed in our March 29 letter, will produce all other relevant versions of iOS and Mac OS X code.[2] Apple has also produced technical documents responsive to this request and identified those documents in its response to Samsung's Interrogatory No. 33, including Bills of Material, Schematics, Image Sensor Datasheets, and System on a Chip manuals. Apple will continue to produce documents from those categories as more are located.

Regarding Samsung's requests for User Guides, Demo Guides, Finger Tips, Reviewer's Guides, and Sales Guides, Apple has produced many documents responsive to these requests (*see*, *e.g.*, APL630DEF-WH0003928147, APL630DEF-WH0003928172-84, APL630DEF-WH0003928186, APL630DEF-WH0003928204, APL630DEF-WH0003928230, APL630DEF-

---

[2] Apple is not in possession of source code owned by third parties Cirrus, Omnivision, or Sony. In any event, Samsung has already subpoenaed all three entities seeking this same information.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.
May 1, 2013
Page 4

**WilmerHale**

WH0003928250, APL630DEF-WH0003928278, APL630DEF-WH0003928302, APL630DEF-WH0003928327, APL630DEF-WH0003928362, APL630DEF-WH0003928396, APL630DEF-WH0003928431, APL630DEF-WH0003928466, APL630DEF-WH0003928499, APL630DEF-WH0003928528, APL630DEF-WH0003928557, APL630DEF-WH0003928573, APL630DEF-WH0003928578, APL630DEF-WH0003928583, APL630DEF-WH0003928589, APL-ITC796-0000091022, APLNDC0001864778, APLNDC0001867428), and will continue to produce these documents as more are located. Once Samsung complies with the Court's order to narrow its list of accused products to 25 discrete products, we will provide a date for the completion of our production of these types of documents.

### **'449 Patent**

Regarding Samsung's request for "documents showing the following elements of the digital cameras in each Accused Device: . . . A/D converter connected to output of image sensor," based on its investigation to date, Apple is unaware of any documents responsive to this request. None of the accused products includes an A/D converter that is "connected to [the] output of [the] image sensor."

Regarding Samsung's requests for (i) "[d]ocuments showing the following elements of the digital cameras in each Accused Device: lens, CMOS image sensor"; (ii) "[d]ocuments showing the data paths of images and videos captured with the digital cameras in each Accused Device"; (iii) "[d]ocuments showing the data paths for playback for images and videos captured with the digital cameras in each Accused Devices"; (iv) "[d]ocuments relating to the application processors identifying the components used for compression, decompression, playback, and display of images and videos"; (v) "[d]ocuments relating to the interface circuit of the NAND flash memory module in each Accused Device"; and (vi) "documents sufficient to identify, by manufacturer, model, and revision number, the components in each Accused Device relating to capturing, digitizing, or compressing audio and/or video data," Apple has produced documents responsive to this request, including Bills of Materials, Image Sensor Datasheets, and System on a Chip User Manuals. These documents are identified in Apple's response to Samsung Interrogatory No. 36. Apple will produce additional documents from these categories in the event that they exist and can be located after a reasonably diligent search.

Regarding Samsung's request for source code relating to the PhotoApp features and functionalities identified in Samsung's infringement contentions, source code relating to storing images and videos captured with the digital cameras, and other source code relating to the storage, playback, and display of images and videos, Apple already produced this source code (which is identified in Apple's response to Samsung Interrogatory No. 13), and will produce the other requested versions as set forth in our March 29 letter. Further, Apple has already produced source code relating to image and video compression/decompression to the extent such source code is in Apple's possession.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.  **WilmerHale**
May 1, 2013
Page 5

Regarding Samsung's request for "source code related to capturing, digitizing, or compressing audio and/or video data," and related "technical specifications," Apple has already produced the source code identified in Apple's response to Samsung Interrogatory No. 13, and will produce the other requested versions to the extent that such source code is in Apple's possession. Apple has also produced technical documents responsive to this request, including Bills of Materials, Image Sensor Datasheets, and System on a Chip User Manuals. These documents are identified in Apple's response to Samsung Interrogatory No. 36. Apple believes its production of these documents is substantially complete and will promptly produce any additional documents from these categories in the event that they exist and can be located after a reasonably diligent search.

Regarding Samsung's requests for engineering requirement documents for image sensors and User Guides, Demo Guides, and Reviewer's Guides for each accused Apple device, as discussed above in connection with the '239 patent, Apple has produced many of these documents and will continue to produce as additional documents are located.

### **'470 Patent**

Samsung's request for "[s]ource code for the Music application in each Accused Device" is too broad and far exceeds the scope of the accused feature and functionality identified in Samsung's infringement contentions. As we have stated repeatedly, including in our March 29, 2013 letter, Apple is only obligated to produce source code for the features and functionalities identified in Samsung's infringement contentions. Because Samsung has not explained—and cannot explain—why all source code for the Music application is allegedly relevant to Samsung's infringement contentions, Apple will not produce the full scope of source code that Samsung seeks. Instead, Apple has already produced the following source code:

- ■ [REDACTED]
- ■ [REDACTED]
- ■ [REDACTED]
- ■ [REDACTED]
- ■ [REDACTED]
- ■ [REDACTED]
- ■ [REDACTED]

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.
May 1, 2013
Page 6

**WilmerHale**

Regarding Samsung's request for source code relating to the accused volume control feature and functionality identified in Samsung's infringement contentions, Apple already produced this source code (which is identified in Apple's response to Samsung Interrogatory No. 13), and will produce the other requested versions as agreed in our March 29 letter.

Regarding Samsung's requests for (i) "[d]ocuments showing the [ ] components [ ] present in each Accused Device," (ii) "[d]ocuments showing the data paths for audio playback," (iii) "[d]ocuments relating to the application processors identifying the components used for audio playback, volume control, and the display of volume control bars," (iv) "[t]echnical specifications" for the audio codecs, and (v) "[d]ocuments sufficient to identify, by manufacturer, model, and revision number, the audio components in each Accused Device," Apple has produced documents responsive to this request, including Bills of Materials, Schematics, Cirrus Logic Codec Datasheets, and System on a Chip User Manuals. These documents are identified in Apple's supplemental response to Samsung Interrogatory No. 37. Apple will produce additional documents from these categories in the event that they exist and can be located after a reasonably diligent search.

Regarding Samsung's requests for engineering requirement documents for audio codecs and User Guides, Demo Guides, and Reviewer's Guides for each accused Apple device, as discussed above in connection with the '239 patent, Apple has produced many of these documents and will continue to produce as additional documents are located.

**'058 Patent**

Samsung's letter requests a variety of documents "relating to the UIKit software package," but does not limit those requests to the specific Notes and Mail features accused of infringement for the '058 patent. Apple does not intend to produce documents "relating to" UIKit for non-accused features and applications unless Samsung satisfactorily explains how those documents are relevant to this litigation. Moreover, despite Samsung's claim to the contrary, Apple has already produced documents (e.g., APL7940011850081-96) and source code "relating to the UIKit software package," including source code for UIKit, Notes, and Mail, and the magnification text loupe used with these applications. Nevertheless, to the extent Apple locates any other relevant responsive documents relating to UIKit, Apple will continue to produce as additional documents are located.

Samsung requests "[d]esign documents and software specifications for Safari, Notes, Contacts, Calendar, and Mail applications." As an initial matter, Apple does not intend to produce any documents for the Contacts, Calendar, and Safari applications related to the '058 patent—given that Samsung did not chart any of those applications in its infringement contentions for the '058 patent. With respect to Notes and Mail, Apple has already produced source code for those applications, as well as for the magnification loupe feature used with these

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.
May 1, 2013
Page 7

**WILMERHALE**

applications  At present, Apple is not aware of any unproduced "design documents" or "software specification" for either of those products.

Regarding Samsung's requests for User Guides, Demo Guides, Finger Tips, Reviewer's Guides, and Sales Guides, Apple has already produced many of these types of documents (e.g., APL630DEF-WH0000026337-480; APL630DEF-WH0000026481-659; and APL630DEF-WH0000031235-354).  Apple has produced many of these documents and will continue to produce as additional documents are located.

### **'179 Patent**

Samsung's letter requests "[d]ocuments describing testing and development of keyboard input methods for the Japanese Kana keyboard or other 'flick' keyboards" and "[d]ocuments related to the planning, execution, analysis, and review of all phases of testing, including unit testing, system testing, integration testing, user/user interface/human interface testing, performance testing, and burn-in testing."  In its infringement contentions, however, Samsung only accused the Japanese Kana and Chinese Stroke keyboards.  Therefore, Apple has no obligation to produce "documents describing testing and development of . . . other 'flick' keyboards," if any, and no obligation to produce generic "testing" documents regardless of the feature involved.  In any event, Apple has searched for and produced documents regarding testing of the Japanese Kana keyboard (e.g., APL630DEF-WH0000247580-82; APL630DEF-WH0000103664-65).  At present, Apple is not aware of any other "development" documents for either accused keyboard.

Samsung requests "[d]ocuments identifying and describing the logical and physical location of each piece of software and hardware necessary to allows[sic] a user to access and use the Japanese Kana keyboard and/or the Chinese Stroke keyboard."  But that request would cover numerous hardware components (e.g., a battery) and software features (e.g., boot up software) that are "necessary" for those keyboards to operate, but have nothing to do with the claims at issue.  That said, Apple has already produced source code for the accused international keyboards and schematics and engineering requirement specifications that detail the hardware components involved in the operation of those keyboards—including schematics and engineering requirement specifications relating to the ASIC chips used in the accused products (e.g., APL630DEF-WH0001559346-68; APL630DEF-WH0001805126-29; APL630DEF-WH0003833254-70).  In addition, Apple is in the process of collecting relevant firmware code for the accused features, and expects to produce those materials shortly.

Samsung requests "[s]oftware development requirements documents, including documents defining and describing each Object, Framework, and Project used to implement the '179 Accused Features."  But Apple is not obligated to produce *all* "software development requirements documents" for every feature of the accused Apple products.  And with respect to the two accused international keyboards, Apple has already produced documents relating to

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.
May 1, 2013
Page 8

**WilmerHale**

touch-processing software (e.g., APL630DEF-WH0003833254-70).  In addition, as noted above, Apple has already produced source code for the accused keyboards, and expects to produce relevant firmware code soon as well.

Samsung requests "[d]ocuments provided to third-party partners, including Apple's business partners and Apple Developer Members, describing the international keyboard capabilities of the '179 Accused Devices with respect to the Japanese Kana keyboard and/or Chinese Stroke keyboard."  Apple is not aware of any such documents.

Regarding Samsung's requests for User Guides, Demo Guides, Finger Tips, Reviewer's Guides, and Sales Guides, Apple has already produced many of these types of documents (e.g., APL630DEF-WH0000026337-480; APL630DEF-WH0000026481-659; and APL630DEF-WH0000031235-354).  Apple has produced many of these documents and will continue to produce as additional documents are located.

### '087 and '596 Patents

Samsung seeks documents that "identify the Build ID and Software Release Numbers for each Qualcomm baseband chip found in the Accused Devices."  Apple agrees to identify Build ID and/or Software Release Numbers for Qualcomm chips found in the Accused Devices, to the extent such information is in Apple's possession, custody, or control, and will do by way of a supplemental response to Samsung's Interrogatory No. 28.

Samsung seeks documents relating to Samsung's Third Set of Requests for Production, and particularly documents relating to Accused Devices that were not accused in Apple v. Samsung, Case No. 11-cv-1846-LHK.  As explained in our prior correspondence, Apple agrees to produce documents related to the accused features and functionality for all accused Apple products, and otherwise refers Samsung to our responses to Samsung's Third Set of Requests for Production.

Samsung seeks *all* "Qualcomm documents that date prior to 2012 and relate to products in the previous litigations (e.g. all email chains regarding Apple's consideration to include the Qualcomm baseband chips in its products)."  Samsung has not sufficiently narrowed its request, nor explained the relevance of the documents sought, and thus Apple cannot agree to produce all Qualcomm documents that date prior to 2012 and relate to products in previous litigations.

Samsung seeks *all* "attachments and documents discussed in communications between Apple and Qualcomm produced in U.S. International Trade Commission Investigation No. 337-TA-794, U.S. International Trade Commission Investigation No. 337-TA-796, and in Apple v. Samsung, Case No. 11-cv-1846-LHK."  Samsung has not sufficiently narrowed its request, nor explained the relevance of the documents sought, and thus Apple cannot agree to analyze all

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Amar L. Thakur, Esq.  
May 1, 2013  
Page 9

**WILMERHALE**

attachments and documents discussed in communications between Apple and Qualcomm produced in the ITC investigations referenced above.

  Samsung seeks three sets of AT&T documents for all Accused Devices, AT&T Requirements Documents (AT&T Document # 13340); AT&T Handset Compliance Spreadsheet (AT&T Document # 13289); and Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T Document #10776).  Apple has already agreed to produce these documents, to the extent any such documents describe the accused features and functionality identified by Samsung in its Infringement Contentions (see our response to RFP 619).  We further note that several examples of the documents sought by Samsung have already been produced.  (*See, e.g.,* APL630DEF-WH0003870431-APL630DEF-WH0003871748; APL630DEF-WH0003871749-APL630DEF-WH0003873058).  In addition, we have located additional versions of these documents in Apple's possession, and are readying them for production by May 10, 2013.  Barring unforeseen circumstances, we will complete the production of these documents on or before 10 days before the deposition of Apple's designated 30(b)(6) witness relating to the functionality accused of infringing the '087 and '596 patents.

  Samsung seeks "Qualcomm source code that receives and processes RRC peer messages that include the information elements (IEs) as related to HARQ processes."  It is unclear to us, however, what Samsung means by "code that receives and processes RRC peer messages that include the information elements (IEs) as related to HARQ processes."  If Samsung will identify the source files from Qualcomm's production that it contends receives and processes RRC peer messages that include the information elements (IEs) as related to HARQ processes, Apple will endeavor to locate the same or similar files in its possession.

Best regards,

*/s/ Elise Miller*

Elise Miller

ActiveUS 108075234v.8