# EXHIBIT D

# EXHIBIT 26

CONFIDENTIAL BUSINESS INFORMATION

Page 1

1           UNITED STATES INTERNATIONAL TRADE COMMISSION

2                       WASHINGTON, D.C.

3                           --o0o--

4      In the Matter of:

5      CERTAIN ELECTRONIC DEVICES

6                               Investigation No. 337-TA-794

7      _____/

8

9    REVISED

                CONFIDENTIAL BUSINESS INFORMATION

10

                           --o0o--

11

                    FRIDAY, FEBRUARY 24, 2012

12

                           --o0o--

13

           VIDEOTAPED DEPOSITION OF JASON SHI, Ph.D.

14

                           --o0o--

15

       Reported By:  CAROL S. NYGARD

16                    California CSR No. 4018

                      Nevada CCR No. 915

17                    Registered Merit Reporter

18

19

20

21

22

23

24

25    JOB NO: 46713

CONFIDENTIAL BUSINESS INFORMATION

```
 1              APPEARANCES:
 2     For the Complainants:
 3     QUINN EMANUEL URQUHART & SULLIVAN
       BY:  MARISSA DUCCA, Attorney at Law
 4     1299 Pennsylvania Avenue NW
       Suite 825
 5     Washington D.C.  20004
       202.598.8109
 6     marissaducca@quinnemanuel.com
 7
       QUINN EMANUEL URQUHART & SULLIVAN
 8     BY:  KETAN PATEL, Attorney at Law
       51 Madison Avenue
 9     New York, New York  10010
       212.849.7000
10     ketanpatel@quinnemanuel.com
11
       STEPTOE & JOHNSON
12     BY:  THOMAS G. PASTERNAK, Attorney at Law
       115 South LaSalle Street
13     Suite 3100
       Chicago, Illinois  60603
14     312.577.1265
       tpasternak@steptoe.com
15
16     STEPTOE & JOHNSON
       BY:  HUAN-YI LIN, Attorney at Law
17     2121 Avenue of the Stars
       Suite 2800
18     Los Angeles, California 90067
       310.734.1930
19     hlin@steptoe.com
20
       For the Respondent:
21
       WILMERHALE
22     BY:  JAMES M. DOWD, Attorney at Law
       350 South Grand Avenue
23     Suite 2100
       Los Angeles, California  90071
24     213.443.5300
       james.dowd@wilmerhale.com
25
```

CONFIDENTIAL BUSINESS INFORMATION

Page 3

1      Videographer:

2      PETE SAIS

3

       Also Present:

4

       JOSHUA GOSHORN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL BUSINESS INFORMATION

Page 4

1                          INDEX

2                 EXAMINATION BY COUNSEL

3                                      Page No.

4        Examination by Ms. Ducca            8

5        Examination by Mr. Lin            227

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL BUSINESS INFORMATION

1                              EXHIBITS
2       For the Complainants  Description              Page No.
3       Exhibit 1   N82/N82A Wireless Hardware,
                    Bates Staped APL7940003112085
4                   Through APL7940003112175              56
5       Exhibit 2   AT&T Device Requirements,
                    Bates Stamped APL7940013032125
6                   Through APL7940013033474              65
7       Exhibit 3   AT&T Spreadsheet Document Number
                    13289, Bates Stamped APL7940009552069
8                   Through APL7940009552188              73
9       Exhibit 4   N90 Platform Wireless System
                    Architecture, Bates Stamped
10                  APL7940011357128 Through
                    APL7940011357148                     103
11
        Exhibit 5   Source Code
12                  (Returned to Counsel, not Retained)  128
13      Exhibit 6   Respondent Apple Inc.'s Responses to
                    Complainants Samsung Electronics
14                  Co., Ltd. And Samsung
                    Telecommunications America, LLC's
15                  First Set of Interrogatories
                    (Nos. 1-63)                          133
16
        Exhibit 7   Annex C: ICS/IXIT Information,
17                  Bates Stamped APL7940011143160
                    Through APL7940011143179             133
18
        Exhibit 8   UMTS Full Test Report Apple
19                  User Equipment Type A1332, Bates
                    Stamped APL7940001420762 Through
20                  APL7940001420941                     133
21      Exhibit 9   iPhone/iPod Wireless/Location
                    Test Role & Responsibility, Bates
22                  Stamped APL7940011276117 Through
                    APL79400189                          133
23
        Exhibit 10  InterLab Conformance Report on
24                  iPhone 3G A1241, Bates Stamped
                    APL7940001420081 Through
25                  APL7940001420106                     189

CONFIDENTIAL BUSINESS INFORMATION

Page 6

```
 1      Exhibit 11    InterLab Conformance Report on
                      iPhone 3G A1241, Bates Stamped
 2                    APL7940001420271 Through
                      APL7940001420363                    190
 3
        Exhibit 12    Partial UMP Test Report, Type iPhone
 4                    3G A1241, Bates Stamped
                      APL7940001420364 Through
 5                    APL7940001420418                     192
 6      Exhibit 13    Partial UMTS Test Report, Type
                      A1303, Bates Stamped APL7940001420469
 7                    Through APL7940001420529             194
 8      Exhibit 14    UMTS Partial Test Report, Annex C:
                      ICS/IXIT Information, Bates Stamped
 9                    APL7940011143140 Through
                      APL7940011143159                     195
10
        Exhibit 15    UMTS Partial Report, Annex C:
11                    (P)ICS(P)IXIT Information, Bates
                      Stamped APL7940011143180 Through
12                    APL7940011143200                     197
13      Exhibit 16    GSM Partial Test Report, Apple
                      User Equipment Type: A1387, Bates
14                    Stamped APL7940011143201 Through
                      APL79400111433361                    200
15
        Exhibit 17    UMTS Partial Test Report, Apple
16                    User Equipment Type: A1387, Bates
                      Stamped APL7940011143362 Through
17                    APL7940011143626                     202
18      Exhibit 18    AT&T 3Q 2010 Drvice Release
                      Document Master List, Bates
19                    Stamped APL7940003855092 Through
                      APL7940003855099                     205
20
        Exhibit 19    AT&T Terminal Unit & Accessory
21                    Technical Acceptance Process,
                      Bates Stamped APL7940009552189
22                    Through APL7940009552422             207
23      Exhibit 20    July 14, 2011 E-mail From Jason
                      Shi to Debra Murelaga, Bates
24                    Stamped APL7940017316427 Through
                      APL7940017316457                     266
25
```

CONFIDENTIAL BUSINESS INFORMATION

1    UNITED STATES INTERNATIONAL TRADE COMMISSION

2       WASHINGTON, D.C.

3        --o0o--

4  In the Matter of:

5  CERTAIN ELECTRONIC DEVICES

6          Investigation No. 337-TA-794

7  _____/

8

9

10        --o0o--

11      BE IT REMEMBERED, that on Friday,

12  February 24, 2012, commencing at the hour of 9:16 a.m.

13  thereof, at the offices of Quinn Emanuel Urquhart &

14  Sullivan, 555 Twin Dolphin Drive, Suite 560, Redwood

15  Shores, California, before me, Carol S. Nygard, a

16  Certified Shorthand Reporter of the State of California,

17  there personally appeared

18      JASON SHI, Ph.D.,

19  called as a witness by the Complainant, who, being by me

20  first duly sworn, was thereupon examined and

21  interrogated as hereinafter set forth.

22     VIDEOGRAPHER:  Good morning.

23    This is the start of disk labeled number one

24  in the videotaped deposition of Jason Shi in the matter

25  of Certain Electronic Digital Media Devices and

CONFIDENTIAL BUSINESS INFORMATION

1    Components Thereof in the United States International

2    Trade Commission in Washington, D.C., Investigation

3    Number 337-TA-796.

4           This deposition is being held at 555 Twin

5    Dolphin Drive in Redwood Shores, California on February

6    24th, 2012 at approximately 9:16 a.m.

7           My name is Pete Sais, and I'm the legal video

8    specialist from TSG Reporting, Inc., headquartered at

9    747 Third Avenue, New York, New York.

10           The Court Reporter is Carol Nygard in

11    association with TSG Reporting.

12           Will counsel please introduce yourself and the

13    Court Reporter can swear in the witness and we can

14    proceed.

15           MS. DUCCA:  I'm Marissa Ducca from Quinn

16    Emanuel Urquhart & Sullivan representing the Complainant

17    Samsung.

18           With me today is Ketan Patel also from Quinn

19    Emanuel and Joshua Goshorn.

20           MR. DOWD:  Jim Dowd of WilmerHale on behalf of

21    the Respondent Apple and Mr. Shi.

22           (Thereupon the oath was administered to the

23           witness by the Court Reporter.)

24                        EXAMINATION

25    BY MS. DUCCA:

CONFIDENTIAL BUSINESS INFORMATION

Page 9

1       Q.      Good morning, Mr. Shi.

2       A.      Good morning.

3       Q.      Thank you for coming today.

4               Have you ever been deposed before?

5       A.      Yes, I have.

6       Q.      About how many times?

7       A.      I believe this is third time.

8       Q.      The third time?

9       A.      Yeah.

10      Q.      Okay.  When was the first time you were

11 deposed?

12      A.      I think that was last year.

13      Q.      Okay.  And do you remember what case it was?

14      A.      It was a case against Motorola.

15      Q.      What was the general subject matter of your

16 deposition against Motorola?

17      A.      I think the general subject is about some

18 cellular technologies.

19      Q.      Any particular cellular technology?

20      A.      If I remember correctly, I think it is more

21 related to GPRS.

22      Q.      Okay.  Was it at all related to UMTS?

23      A.      I don't think so.

24      Q.      HSUPA?

25      A.      It's not related to HSUPA.

Page 67

1   applicable to our products.

2        Q. ███████████████████████

█    ███████████████████████████

█     ███   ███████████████

█         ███████████████  ██████████

█    ████████████████████████████████

█   ████████████████████

█         ███████████████████████

█     ██  █████  █████████████████████

█   ████████████████████████

█   █████████████████████

█     ███   ██████████████

█     ███   █████████████████████

█   ████████████████████████

█     ███   ████████████████

16       Q.   Can you turn to the page that ends in Bates

17   number 2179.

18       A.   Yes.

19      ███   █████████████████████████████

█   ████████████████████████

█   ████████████████████████

█     ███   █████

23       Q.   Are the Apple products that it sells at AT&T

24   3GPP, GSM, and UMTS products?

25       A.   Yes.

CONFIDENTIAL BUSINESS INFORMATION

Page 68



1        Q.    Can you turn to the page that ends in 2180.

2

19            MR. DOWD:  Objection.

20

CONFIDENTIAL BUSINESS INFORMATION

Page 69



13          MR. DOWD:  Objection.

14

16     BY MS. DUCCA:

CONFIDENTIAL BUSINESS INFORMATION

Page 70



1

3        MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION

Page 74

1       BY MS. DUCCA:



12             MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION



Page 75

2          MR. DOWD:  Objection.  Mischaracterizes.

7          MR. DOWD:  Objection.  Foundation.

Page 76



2          MR. DOWD:  Objection.  Vague.

13          MR. DOWD:  Objection.  Vague.

22          MR. DOWD:  Objection.

23          Counsel, the document's over a hundred pages

24    of single-lined text.

25          If there's a particular aspect of the document

CONFIDENTIAL BUSINESS INFORMATION

Page 77

1    the witness has asked you to point him to.

2             MS. DUCCA:  Well, we can't read this document,

3    so I'm trying to see if he can read the document.

4             MR. DOWD:  Well, there's a lot you can read in

5    the document.

▮                        ████████████████████████████████████

▮            ██████████████████

8             There's page after page you can read.

9             If you don't have a page to point to, then --

10            MS. DUCCA:  Well, counsel, if you can read

11   it -- if you can read it, well, that will be fine, but

12   we've requested this in narrative form twice now and

13   Apple has not produced it.

14            MR. DOWD:  I believe --

15            I don't know this particular document, but if

16   you're referring to the correspondence that took place

17   over the last day, we asked if you would provide an FTP

18   of what it is that you're looking at so we could see

19   whether it was something that was legible or not because

20   our copy was legible.

21            MS. DUCCA:  This was correspondence from last

22   week.  It was a different correspondence that you've --

23   you've ignored?

24            MR. DOWD:  I'm certain we have not ignored

25   your correspondence.  The question goes back to --

Page 78

1          I'm happy to talk to you about this for as

2     long as you want to talk, but the question the witness

3     asked was is there a page you're pointing to, and that's

4     what I would like to find out.

5          MS. DUCCA:  No.  I'm asking him specifically

6     where you would look in this document to see if --

7          Well, strike that.

8     BY MS. DUCCA:

11         MR. DOWD:  Objection.

13    BY MS. DUCCA:

14     Q.    We'll agree on that.

15         Let's turn in Exhibit 2 to the -- that's the

16    big document --

17     A.    Uh-huh.

18     Q.    -- to the page ending in Bates number 2259.

CONFIDENTIAL BUSINESS INFORMATION

Page 79



 9          MR. DOWD:  Objection.

11     BY MS. DUCCA:

13          MR. DOWD:  Objection.

20          MR. DOWD:  Objection.



CONFIDENTIAL BUSINESS INFORMATION

Page 80

12          MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION

Page 81



MR. DOWD:  Objection.  Vague and compound.

BY MS. DUCCA:

MR. DOWD:  Objection.  Vague and compound.

BY MS. DUCCA:

CONFIDENTIAL BUSINESS INFORMATION

Page 82



12      Q.    Who maintains copies of those forms at Apple?

13      A.    I think Brian Cassidy's group.

14      Q.    Would Laura Hickman have them?

15      A.    She should have.

16      Q.    Does Ms. Hickman ultimately submit those to

17   AT&T?

18            MR. DOWD:   Objection.

19            THE WITNESS:   Either herself or someone on her

20   team.

21   BY MS. DUCCA:

22      Q.    How many people are on her team?

23      A.    I don't know.   A few.

CONFIDENTIAL BUSINESS INFORMATION

Page 83

1          MR. DOWD:  Objection.



4    BY MS. DUCCA:

7          MR. DOWD:  Objection.

11          MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION

Page 84



CONFIDENTIAL BUSINESS INFORMATION

Page 85



3          MR. DOWD:  Objection.

13          MR. DOWD:  Objection.  Vague.  Scope.

21          MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION

Page 86



1          MR. DOWD:  Objection.

6          MR. DOWD:  Objection.

11         MR. DOWD:  Objection.

15         MR. DOWD:  Objection.  Mischaracterizes.

21         MR. DOWD:  Objection.  Vague.  Scope.

CONFIDENTIAL BUSINESS INFORMATION

Page 87

```
 1              MR. DOWD:  Same objections.

 2   ████████████      ████████████████████

 3      ██████
 4   BY MS. DUCCA:

 5   ████      ███   ███████████████████

 6              MR. DOWD:  Same objections.

 7   ████████████      ████████████████████

 8      ██████
 9   BY MS. DUCCA:

10   ███   ███   █████████████████████████

11   ███   ██████
12              MR. DOWD:  Objection.

13   ███   ████████████   ███████████████████

14   ███   ████████████
15   BY MS. DUCCA:

16   ███   ███   █████████████████████████

17   ███   ██████
18              MR. DOWD:  Same objections.

19   ███   ████████████      █████████████████

20   ███   █████████████
21   BY MS. DUCCA:

22   ███   ███   ██████████████████████████

23   ███   ████████████
24              MR. DOWD:  Same objections.

     ███      ████████████   ████████
```

Page 88

1    BY MS. DUCCA:



6              MR. DOWD:  Objection.  Same objections.

10             MR. DOWD:  Same objections.

15             MR. DOWD:  Same objections.

20             MR. DOWD:  Same objections.

CONFIDENTIAL BUSINESS INFORMATION

Page 89



2            MR. DOWD:  Same objections.  Compound.

6    BY MS. DUCCA:

13            MR. DOWD:  Objection.

CONFIDENTIAL BUSINESS INFORMATION

Page 234

1          MR. DOWD:  Objection.  Vague.  Assumes facts.

2     Incomplete hypothetical.

3          THE WITNESS:  You need to define, clarify,

4     what you mean by "being compatible."

5     BY MR. LIN:

6        ████     ████████████████████████████████████

███     ██████████████████████████████████████████████

8          MR. DOWD:  Same objections.

9          THE WITNESS:  Is your question about hardware

10    or software?

11         MR. LIN:  Both.  But you can answer hardware

12    first.

13         MR. DOWD:  Objection.  Scope.  Vague.

14         THE WITNESS:  Well, I don't work in hardware

15    group, so I cannot speak to hardware.

16          ██████████████████████████████████████

██     ████████████████████████████████████████████

██     ████████████████████████████████████

19    BY MR. LIN:

20        ████     ██████████████████████████████████████

██     █████████████████████████████████████

22         MR. DOWD:  Objection.  Vague.

23            ████████████████   ██████████████

██     ██████████████████

██        ████     ██████████████████████████████████████

CONFIDENTIAL BUSINESS INFORMATION

Page 235

███  ████████████████

2          MR. DOWD:  Objection.  Compound and vague.

███       █████████████  ████████████████████████

███  ████████████████████████

5    BY MR. LIN:

███       ██  ███████████████████████████████████████████

███  ████████

8          MR. DOWD:  Objection.  Vague.

███       █████████████████  ███████████████

10   BY MR. LIN:

███       ██  ██████████████████████████████████

███  ███████████████████

███       ██  ████████████████████████████████

███  ████████████████████████████████

███       ████████████████████████████████████

███       ██  ████████████████████████████████████

███  █████████████

███       ██  ██████████████████████████████

███  ████████████████████████

███       ██  ████████████████████████████████████████

███  █████████████████████████████████████████████████

22         MR. DOWD:  Objection.

███       █████████████████  ███████████████████

███  █████████████████████████████████████████

███  ████████████████████

CONFIDENTIAL BUSINESS INFORMATION

Page 236



16          MR. DOWD:  Objection.

21   BY MR. LIN:

24          MR. DOWD:  Objection.  Vague.

CONFIDENTIAL BUSINESS INFORMATION

Page 267

1    one, disk four, in the deposition of Jason Shi.

2              The time is 6:30 p.m., and we're off the

3    record.

4              MS. DUCCA:  We don't have to go off the record

5    even though there's no video.

6              VIDEOGRAPHER:  You guys can go.

7              I can put another disk on.

8              I'm not allowed to turn these in with more.

9              MR. DOWD:  We're done.

10             You've had well more than four hours.  We're

11   at about seven-and-a-half hours now.

12             MS. DUCCA:  I understand you're closing the

13   deposition, but it's our position that this deposition

14   is not closed.

15             The first reason is that we still have more

16   questions for this witness.  Second reason is there were

17   several topics he was not prepared for.

18             We're going to keep the 30(b)(6) open.

19             It may be he's not the right witness for

20   certain topics, but Apple does have to designate a

21   witness for certain areas.

22             MR. DOWD:  Our position is that Mr. Shi was

23   absolutely prepared to testify and did testify about all

24   the questions that you asked, and he testified about all

25   of the topics that he was designated for.

CONFIDENTIAL BUSINESS INFORMATION

Page 268

1        You had ample time to ask him any questions

2    you wanted to, and the deposition is closed.

3        Thank you.

4        We're off the record.

5        (Thereupon the deposition was recessed at

6        6:31 p.m.)

7                    --o0o--

8        Signed under penalty of perjury:

9        _____

10                JASON SHI, Ph.D.

11       _____

12                    DATE

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL BUSINESS INFORMATION

Page 269

1          I, CAROL S. NYGARD, a Certified Shorthand

2    Reporter of the State of California, duly authorized to

3    administer oaths, do hereby certify:

4          That the foregoing proceedings were taken

5    before me at the time and place herein set forth; that

6    any witnesses in the foregoing proceedings, prior to

7    testifying, were duly sworn; that a record of the

8    proceedings was made by me using machine shorthand which

9    was thereafter transcribed under my direction; that the

10   foregoing transcript is a true record of the testimony

11   given.

12         Further, that if the foregoing pertains to the

13   original transcript of a deposition in a Federal Case,

14   before completion of the proceedings review of the

15   transcript [x] was [ ] was not requested.

16         I further certify I am neither financially

17   interested in the action nor a relative or employee of

18   any attorney or party to this action.

19         IN WITNESS WHEREOF, I have this date

20   subscribed my name:

21         Dated: February 25, 2012.

22

23   _____

24         CAROL S. NYGARD, CSR #4018

25