| | |
|---|---|
| JOSH KREVITT (CA SBN 208552) | MICHAEL A. JACOBS (CA SBN 111664) |
| jkrevitt@gibsondunn.com | mjacobs@mofo.com |
| H. MARK LYON (CA SBN 162061) | RICHARD S.J. HUNG (CA SBN 197425) |
| mlyon@gibsondunn.com | rhung@mofo.com |
| GIBSON, DUNN & CRUTCHER LLP | MORRISON & FOERSTER LLP |
| 1881 Page Mill Road | 425 Market Street |
| Palo Alto, CA 94304-1211 | San Francisco, California 94105-2482 |
| Telephone: 650.849.5300 | Telephone: (415) 268-7000 |
| Facsimile: 650.849.5333 | Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF MICHAEL VALEK IN SUPPORT OF APPLE INC.'S OPPOSITION TO GOOGLE INC.'S MOTION TO QUASH APPLE'S SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TESITMONY** |

I, Michael Valek, declare and state as follows:

1. I am Of Counsel at the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn"), counsel of record in this action for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"). I am licensed to practice law in the State of Texas. I submit this declaration in support of Apple Inc.'s Opposition to Google Inc.'s Motion to Quash Apple's Subpoenas for the Production of Documents and Testimony ("Motion to Quash"), and specifically to address the declaration of Kristin J. Madigan submitted on behalf of Google Inc. ("Google"), in which Ms. Madigan describes Google's purported efforts to meet and confer with Apple in advance of filing Google's Motion to Quash. I have personal knowledge of the matters set forth below. If called as a witness, I could and would testify competently as follows.

2. On June 4, 2013, Apple served on Google subpoenas for documents and for Rule 30(b)(6) testimony from Google. The document subpoena called for Google to produce documents by June 18, 2013; the deposition subpoena is returnable on June 28, 2013. (The two subpoenas are referred to herein, collectively, as "the June 4 subpoenas").

3. On June 8, 2013, I spoke with Google's counsel, Matthew Warren of Quinn Emanuel Urquhart & Sullivan, LLP, by telephone. During that conversation, I asked Mr. Warren whether Google planned to produce documents and a witness in response to the June 4, 2013 subpoenas. Mr. Warren refused at that time to indicate how Google would respond.

4. At no time between June 8, 2013 and June 18, 2013 (the return date for the document subpoena) was I contacted by any attorney for Google to discuss Google's response to the June 4 subpoenas. During this same time, I regularly corresponded with Google's counsel regarding the scheduling of the depositions of Google witnesses. Specifically, Mr. Warren and I exchanged letters on June 10, June 13, June 15, June 16, and June 17.

5. On June 18, 2013, at approximately 1 pm CDT, I received a voicemail from Kristen Madigan, an associate with the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, Google's counsel. Ms. Madigan stated that Google was "calling in regard to depositions of Google witnesses and document production" and asking me to return the call. When I returned that call a short time later, Google's counsel did not discuss any deposition of Google witnesses or document production,

but instead stated that if Apple would not agree to withdraw its June 4 subpoenas in full, Google was moving to quash them that day. This was the first time Google indicated any intent to move to quash the June 4 subpoenas.

6. Ms. Madigan and I engaged in several follow up calls later that day. During these calls, I indicated to Ms. Madigan that Apple would not agree to Google's blanket demand to withdraw the subpoena, and I requested an explanation of the basis for Google's announced but unfiled motion to quash. Ms. Madigan stated that the basis was "undue burden" as identified in Federal Rule of Civil Procedure 45. I asked for an explanation of the facts Google alleged in support of that claim, but Ms. Madigan refused to provide that explanation. I further indicated that Apple was surprised that Google waited until June 18th to inform Apple that it would seek to quash these subpoenas, but Google's counsel did not provide any explanation for that delay. Instead, Google's counsel indicated that it would only discuss proposals for a shortened briefing schedule for Google's intended motion to quash at that time.

7. Ms. Madigan and I discussed several proposals for a shortened briefing schedule, but were unable to reach agreement. At approximately 11:45 p.m. CDT on June 18, 2013, Apple's counsel received an email from Google's counsel, Ms. Madigan, proposing a particular shortened briefing schedule for its motion. Attached hereto as Exhibit 1 is a true and correct copy of that email. Given the late hour, Apple was unable to respond to that proposal prior to the filing of Google's motion to quash and administrative motion to shorten the briefing schedule. *See* Dkt. Nos. 614-615.

8. Shortly after 10 p.m. Pacific Time on June 18, 2013, Google served objections to Apple's June 4 subpoenas, refusing to produce documents or provide testimony in response to any of the requests or topics therein. Attached hereto as Exhibit 2 is a true and correct copy of those objections.

9. On June 24, 2013, I wrote to Mr. Warren regarding the June 4 subpoenas. In the letter, Apple stated that it was unwilling to withdraw the subpoenas, but was "willing to meet in order to understand, and explore ways to mitigate, the alleged burden to Google on a request-by-request basis." In addition, Apple asked Google to confirm that it would produce a knowledgeable corporate

representative or representatives for deposition on June 28, 2013, as required by Apple's subpoena. Attached hereto as Exhibit 3 is a true and correct copy of my June 24 letter

10. On June 26, 2013, Mr. Warren responded to my June 24 letter. In the letter, Mr. Warren indicated that Google would not produce a corporate representative for deposition on June 28, 2013. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Warren's June 26 letter.

11. On June 27, 2013, I replied to Mr. Warren's June 26 letter. In the letter, I explained Apple's position that Google must produce a corporate representative because Google had not obtained an order quashing the deposition subpoena or staying Google's compliance therewith. I also provided dates on which I would be available to meet and confer. Attached hereto as Exhibit 5 is a true and correct copy of my June 27 letter.

12. Google did not produce a corporate representative or representatives for deposition on June 28, 2013.

13. Attached hereto as Exhibit 6 is a true and correct copy of a letter dated June 30, 2013 from M. Warren to M. Valek.

14. On July 1, 2013, Google and Apple met and conferred telephonically regarding the June 4 subpoenas. Apple requested that Google explain any burden that might exist in responding to the requests in the June 4 subpoenas apart from the generalized burden relating to the timing of the subpoenas or relevancy of Apple's requests. Google referred Apple to the arguments in Google's motion to quash, but did not identify any facts or arguments beyond those in its briefing to support its claim that each of Apple's requests was unduly burdensome. Apple indicated that it was willing to consider proposals to narrow its requests to allow Google to produce documents from only those custodians that were most likely to have responsive documents, but that Google would have to identify the relevant custodians. Google did not agree to do so during the call and would not commit to produce any documents in response to Apple's June 4 subpoena at that time. Google's counsel indicated that they would confer with their client regarding the matters we discussed.

15. On March 19, 2013 and May 17, 2013, counsel for Apple met and conferred in person with counsel for Google regarding a document and deposition subpoena served on Google on October 1, 2012. I attended the meet and confer on March 19, 2013, and I participated by phone in

the meet and confer on May 17, 2013. At no point during either of those meet and confers did Google ask Apple for assurances that Apple would not serve another subpoena or condition its production of documents and testimony in response to Apple's prior subpoenas on Apple's agreement not to serve another subpoena. At no point during either of those meet and confers did Apple represent that it would not serve another subpoena.

Executed on July 2, 2013 in Dallas, TX.

By: */s/ Michael Valek*
    Michael Valek

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Michael A. Valek has concurred in this filing.

Dated: July 2, 2013                    By:  /s/ *H. Mark Lyon*
                                            H. Mark Lyon