# EXHIBIT 1
**to Declaration of Michael Valek**

| | |
|---|---|
| **From:** | Kristin Madigan <kristinmadigan@quinnemanuel.com> |
| **Sent:** | Wednesday, June 19, 2013 12:47 AM |
| **To:** | Valek, Michael A.; *** Apple/Samsung |
| **Cc:** | Quinn-Google-N.D.Cal.-00630 |
| **Subject:** | Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.) |

Michael:

Thank you for speaking with me this afternoon and just now in an effort to reach agreement regarding the briefing schedule for Google's motion to quash Apple's subpoenas.  Unfortunately, we cannot accept your proposal that Apple file its opposition on Wednesday, June 26, and Google file its reply on Friday, June 28, because that schedule would not allow sufficient time for Google to prepare its response.  Should you reconsider, we are willing to stipulate to the following briefing schedule instead:

Wednesday, June 26:  Apple's opposition due
Sunday, June 30:  Google's reply due
The Court, in its discretion, may set a hearing date or resolve the motion on the papers.

This proposal addresses your sole concern that our previous proposal did not maintain the 2:1 ratio of time available for preparing the opposition and reply briefs.

Please confirm whether Apple agrees.  Otherwise, we intend to file an administrative motion this evening to request that the Court set the above briefing schedule.

Best Regards,
Kristin Madigan

**Kristin Madigan**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6324 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
kristinmadigan@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 2

**to Declaration of Michael Valek**

**CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL - ATTORNEY'S
EYES ONLY
FILED UNDER SEAL**

# EXHIBIT 3
## to Declaration of Michael Valek

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

June 24, 2013

VIA ELECTRONIC MAIL

Matthew Warren
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, California 94111

Re:   Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I write regarding the motion to quash Apple's June 4, 2013 subpoenas that Google filed shortly after midnight on June 19, 2013, as well as the objections to the same that Google served concurrently.

First, please confirm that Google will produce a knowledgeable corporate representative or representatives for deposition on June 28, 2013 as required by Apple's subpoena, and identify the name(s) and designated topics for each such witness. As you know, Apple's subpoena remains in force and Google is obligated under the Federal Rules to respond. Google's objections do not provide a basis for it to ignore its obligation to provide a witness. *In re Coan*, 2007 WL 128010, n. 3 (N.D. Cal. 2007) ("[A] written objection may excuse compliance with a subpoena duces tecum; it does not, however, excuse compliance with a deposition subpoena.") Nor does filing a motion to quash stay Google's obligation to respond to Apple's deposition subpoena. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("Rule 30(b) places the burden on the proposed deponent to get an order, not just make a motion."); *see also King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) ("[A] motion to quash must be not only made but ***granted*** before the scheduled deposition to excuse compliance.") (emphasis in original).

Second, Google has not made any good faith attempt to resolve or even narrow the disputes relating to either of Apple's June 4, 2013 subpoenas. Google has never had a substantive meet and confer – let alone one involving lead counsel – regarding Google's motion to quash. While Apple is unwilling simply to withdraw the important discovery requests in its subpoenas, we are willing to meet in order to understand, and explore ways to mitigate, the alleged burden to Google on a request-by-request basis. Google's blanket refusal to respond to ***any*** of the requests in Apple's subpoenas because of the alleged burden of responding to

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Matthew Warren
June 24, 2013
Page 2


*some* of them is both improper and highly prejudicial to Apple given the upcoming discovery deadlines in this case.   Rather than engage in an extensive letter writing campaign, which is unlikely to be productive, please let us know whether and, if so, when Google will meet and confer in a good faith effort to resolve these issues.

Finally, there are several other pending issues that Google has not addressed in Apple's recent correspondence, specifically Apple's letter of June Apple's letter of June 17, 2013 (re production of documents from newly-identified Rule 30(b)(6) representative, Mr. Gold), Apple's letter of June 18, 2013 (re preparedness of Google's Rule 30(b)(6) witnesses), Apple's letter of June 19, 2013 (re bringing Mr. Wakasa to the Northern District of California for deposition) and Apple's letter of June 19, 2013 (re production of documents from newly-identified witness, Hiroshi Lockheimer).  These issues need to be discussed promptly to avoid further prejudice to Apple.  Apple's lead counsel is available to meet and confer on either Tuesday afternoon or Wednesday this week, please confirm when during those times Google's counsel is available.

Sincerely,

*/s/ Michael A. Valek*

Michael A. Valek

MAV

# EXHIBIT 4
## to Declaration of Michael Valek

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

June 26, 2013

VIA ELECTRONIC MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas 75201
apple/samsung@gibsondunn.com

Re:   Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write on behalf of non-party Google Inc. ("Google") in response to your letter of June 24, 2013, regarding Google's pending motion to quash Apple's fifth subpoena for documents (the "Fifth Subpoena"), and Apple's sixth subpoena for testimony (the "Sixth Subpoena"), served on June 4, 2013. I want to make sure I understand correctly the argument you make in your letter, so I will restate it here. You argue that although Google served timely written objections to Apple's Sixth Subpoena under Fed. R. Civ. P. 45(c)(2)(B), and *also* filed a timely motion to quash the Sixth Subpoena under Fed. R. Civ. P. 45(c)(3)(A), Google is *still* obliged to prepare and produce a corporate representative to testify regarding each and every testimony topic demanded by Apple in its Sixth Subpoena. If that is truly Apple's position – and it would be quite a shift for Apple if it were – then Apple's position finds no support in either the law or long-standing litigation practice.

None of the three cases cited in your letter support Apple's view. You quote *In re Coan*, No. C 06-80350 MISC SI, 2007 WL 128010 at *2 n.3 (N.D. Cal. Jan. 12, 2007) for the proposition that "a written objection may excuse compliance with a subpoena *duces tecum*; it does not, however, excuse compliance with a deposition subpoena." *Id.* You neglect to quote, however, the *very next sentence*, which states that "[o]bjections to a deposition subpoena must be voiced either by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order pursuant to Rule 26(c)." *Id.* Google did move

Michael A. Valek
June 26, 2013
Page 2

to quash -- hence your letter -- and *Coan* thus undercuts, rather than bolsters, Apple's arguments in your letter.

Next you cite *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). But 1964 was a long time ago, and *Pioche* has not been good law at least since 1993, when the Ninth Circuit succinctly stated that "[a]lthough a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance." *Palmer v. Ellsworth*, 12 F.3d 1107 (9th Cir. 1993) (table) (*citing Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983)). Finally, you cite *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188 (5th Cir. 1983), but fail to address its rejection by courts in this Circuit, *see, e.g., North American Co. for Life and Health Ins. v. Philpot*, No. 08-270, 2010 WL 4917065 (S.D. Cal. Nov. 24, 2010), as they must under *Palmer* and *Pennwalt*.

The rule Apple proposes in your letter not only finds no support in the law, but also would upend modern litigation practice, which avoids needless trips into Court. Under Apple's incorrect conception of the law, every motion to quash and every set of objections to a subpoena would be useless; if the deposition was noticed to occur very soon, total compliance would always be required. This system would make no sense, which is precisely why the Ninth Circuit confirmed, twenty years ago, that "[a]lthough a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance." *Palmer*, *supra*. In light of all this, I trust Apple withdraws any novel and ill-supported contention that Google is obliged to respond to the Sixth Subpoena regardless of its objections and its motion to quash. Of course, please let me know immediately if that is not correct.

Having dispensed with this detour, we should of course try to narrow the issues between us if we can do so, as we have so many times before. Google's lead counsel is not available this week, and none of us are available to meet in person as we scatter to various depositions, but we suggest a telephonic meet-and-confer discussion on June 27, 2013, at 11:30 a.m. PDT. Please let us know if that time works for your team or, if it does not, propose an alternative.

Very truly yours,

/s
Matthew S. Warren

# EXHIBIT 5
**to Declaration of Michael Valek**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

June 27, 2013

VIA ELECTRONIC MAIL

Matthew Warren
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
22nd Floor
San Francisco, California 94111

Re:   Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Matthew:

I write in response to your letter of last night responding to my letter of June 24, 2013, which asked for confirmation that Google would produce a Rule 30(b) (6) designee this Friday, in response to Apple's June 4 2013 deposition subpoena, and proposed that lead counsel meet and confer regarding the parties' disagreement over Apple's June 4, 2013 document subpoena, as well as other issues identified in my letter. Your response correctly identifies Apple's position that the mere making of a motion for a protective order does not relieve Google of its obligation to comply with the properly-served deposition subpoena, but makes clear that Google will not be producing a corporate representative for deposition on June 28, 2013. You also propose a meet and confer discussion today, at 11:30 a.m. PDT. I address these topics, briefly, in turn.

First, Google's refusal to produce a witness for deposition despite having not obtained a protective order or an order quashing the June 4, 2013 subpoena is entirely unsupported by the Federal Rules of Civil Procedure or any published authority from this Court or the Ninth Circuit Court of Appeals. The Rules are clear that the filing of written objections, while a sufficient response to a document subpoena, is not a procedure applicable to deposition subpoenas. In response to a proper subpoena, the subpoenaed party must move for a protective order or to quash the subpoena promptly, so as to allow the motion *to be heard and granted* before the scheduled deposition. Google elected to wait until the last possible minute to file its motion to quash; chose not to meet and confer in advance thereto; and failed to establish an appropriate basis for expediting the motion. Having not proceeded in a manner that allowed the motion to be heard in advance of the return date, much less granted, Google's obligation to produce a corporate designee remains extant. We understand from your letter, however, that Google has refused to agree to produce such a witness. Given the clarity of your letter in that regard, we will not attend the scheduled deposition or require a

**GIBSON DUNN**

Matthew Warren
June 27, 2013
Page 2

court reporter to document Google's failure to produce a witness pursuant to the subpoena. Google's election to not produce a witness will, of necessity, be addressed in Apple's opposition to Google's motion to quash, where Apple will maintain its position that Google's act of self-help was unwarranted, and constitutes a waiver to any objection that Google may have had to the June 4, 2013 deposition subpoena.

As to the other issues referenced in my June 24 letter, most notably Google's assertion of undue burden in regard to the June 4, 2013 document subpoena, a lead counsel meet and confer session is clearly needed. Despite Google's failure to seek the same in advance of making its motion, Apple remains desirous of better understanding Google's objections to the scope of the subpoena, in the hope that disputed issues may be narrowed or even eliminated without judicial intervention. This morning is inconvenient for Apple because I will be in the Landau deposition (defended by your firm) at the suggested time, but I will be available to meet tomorrow morning or afternoon. Please let me know what time would work for Google.

Sincerely,

*/s/ Michael A. Valek*

Michael A. Valek

MAV

# EXHIBIT 6
**to Declaration of Michael Valek**

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

June 30, 2013

VIA ELECTRONIC MAIL

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas 75201
apple/samsung@gibsondunn.com

Re:   Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Valek:

I write on behalf of non-party Google Inc. ("Google") in response to your letter of Thursday, June 27, regarding Google's pending motion to quash Apple's fifth subpoena for documents (the "Fifth Subpoena"), and Apple's sixth subpoena for testimony (the "Sixth Subpoena"), served on June 4, 2013. First, your letter makes the following sweeping statement:

> Google's election to not produce a witness will, of necessity, be addressed in Apple's opposition to Google's motion to quash, where Apple will maintain its position that Google's act of self-help was unwarranted, and constitutes a waiver to any objection that Google may have had to the June 4, 2013 deposition subpoena.

But your letter provides neither citations nor any other hint of legal support for this assertion. If you have any authority to back up this assertion, please provide it.

Separately, your letter requests that we meet and confer regarding potential narrowing of Apple's Fifth and Sixth Subpoenas. We are of course happy to do so; on June 26, we offered to meet and confer with you on June 27, but this time was inconvenient for Apple due to the busy deposition schedule. In return you suggested a meet-and-confer call on Friday, June 28, but we could not be available for the same reason.

Michael A. Valek
June 30, 2013
Page 2

We suggest a meet-and-confer call on Monday, July 1, at 4:30 p.m. PDT.  Please let us know if that time works for your team or, if it does not, propose an alternative.

Very truly yours,

/s
Matthew S. Warren