# EXHIBIT 1

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **SAMSUNG'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS RELATING TO APPLE INC.'S MOTION FOR A PRELIMINARY INJUNCTION** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS RELATING TO other manufacturers' practice of the APPLE PRELIMINARY INJUNCTION PATENTS.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS RELATING TO analysis of smart phone browsers.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS showing that it is Siri's ability to search across multiple databases that is a basis for consumer demand, as opposed to other Siri features.

**REQUEST FOR PRODUCTION NO. 21:**

IDC and GARTNER reports RELATING TO sales of smartphones and tablets by APPLE and SAMSUNG and their projections.

**REQUEST FOR PRODUCTION NO. 22:**

All customer survey and market research DOCUMENTS RELATING TO the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO competition and market share of APPLE versus SAMSUNG or other competitors.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS RELATING TO competition and market share of iOS versus Android and/or other operating systems.

1   **REQUEST FOR PRODUCTION NO. 32:**

2      All DOCUMENTS RELATING TO APPLE'S contention that the Galaxy Nexus will erode

3   the distinctiveness and goodwill associated with APPLE'S products.

4

5   **REQUEST FOR PRODUCTION NO. 33:**

6      DOCUMENTS RELATING TO competition between each version of the iPhone and any

7   product YOU accuse of infringing the APPLE PRELIMINARY INJUNCTION PATENTS.

8

9   **REQUEST FOR PRODUCTION NO. 34:**

10     DOCUMENTS sufficient to identify the respective markets of each version of the iPhone

11  and the iPad.

12

13  **REQUEST FOR PRODUCTION NO. 35:**

14     DOCUMENTS sufficient to identify the respective market shares of each version of the

15  iPhone and the iPad.

16

17  **REQUEST FOR PRODUCTION NO. 36:**

18     DOCUMENTS sufficient to identify the respective market share of each product that

19  competes with the iPhone or the iPad.

20

21  **REQUEST FOR PRODUCTION NO. 37:**

22     DOCUMENTS sufficient to identify all projections YOU have reviewed or considered as

23  to what the respective market share of the iPhone and iPad, and each product that competes with

24  the iPhone or the iPad, are likely to be at any future point.

25

26  **REQUEST FOR PRODUCTION NO. 38:**

27     DOCUMENTS RELATING TO any communications with third-parties relating to the

28  APPLE PRELIMINARY INJUNCTION PATENTS.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS RELATING TO licenses, covenants not to sue, or the granting of any rights relating to the APPLE PRELIMINARY INJUNCTION PATENTS.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS considered or relied on by any individual in their declarations submitted in support of YOUR Motion for Preliminary Injunction.

**REQUEST FOR PRODUCTION NO. 41:**

DOCUMENTS RELATING to PLATFORM STICKINESS in the smartphone market, including, but not limited to studies on consumer switches between Android and iOS.

**REQUEST FOR PRODUCTION NO. 42:**

DOCUMENTS RELATING TO the frequency with which consumers of new phones transfer applications from an old phone to the new phone.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS RELATING TO APPLE advertisements depicting the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS RELATING TO the valuation of APPLE'S goodwill and the effect SAMSUNG has had on that goodwill.

**REQUEST FOR PRODUCTION NO. 45:**

DOCUMENTS RELATING TO APPLE'S contention that the Galaxy Nexus will harm APPLE'S "ecosystem."

1

**REQUEST FOR PRODUCTION NO. 53:**

2

DOCUMENTS RELATED TO APPLE'S contention that SAMSUNG (as opposed to

3

another entity) has copied any APPLE patent or product.

4

5

DATED: March 6, 2012                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

6

7

8

By/s/ Patrick M. Shields
                                        Patrick M. Shields

9

Attorney for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,

10

INC., and SAMSUNG

11

TELECOMMUNICATIONS AMERICA, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

**to Declaration of Shannon Mader**

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoena will be served on Google Inc.

Dated: April 5, 2012

GIBSON, DUNN & CRUTCHER LLP

By: _Mah Lya/Sm_____

**Attorneys for Apple Inc.**

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | ) |
| | )                                      ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

      See Attachment A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time:                           04/16/2012 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      04/05/2012

                  CLERK OF COURT

                                                      OR    *Mark Lyon /smyk*
      _____                    _____
         *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:
 H. Mark Lyon, Gibson Dunn & Crutcher LLP
 1881 Page Mill Road, Palo Alto, CA 94304-1211, 650-849-5300, MLyon@gibsondunn.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

### DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

5.     "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

6.     "Apple" means Apple Inc.

7.     "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

8.     "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

9.      "Unified Search" means software, features and functionality for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search within the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched and the functionality or interface to make the software, applications, modules or other sources searchable through the single user interface.  Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/ Quick%20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

10.      "Special Text Detection" means software, features and functionality relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address, phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## INSTRUCTIONS

1.    Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.    All documents should be produced as maintained in the ordinary course of business.

3.    If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.    Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of the Android mobile platform, in source code form, provided to Samsung for use in the Samsung Galaxy Nexus.

### REQUEST NO. 2

A copy of the Android mobile platform, in source code form, used by Samsung in the Samsung Galaxy Nexus.

### REQUEST NO. 3

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

### REQUEST NO. 4

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

### REQUEST NO. 5

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

### REQUEST NO. 6

All documents that comprise, refer, or relate to communications between you and

5

Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

**REQUEST NO. 7**

Documents sufficient to show the design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

**REQUEST NO. 8**

Documents sufficient to show the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 9**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 10**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

## REQUEST NO. 11

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

## REQUEST NO. 12

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 04/27/2012 9:30 am |

The deposition will be recorded by this method:   <u>stenographically including Realtime and videographically</u>

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   <u>04/05/2012</u>

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Mark Lyon /sm* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Apple Inc.
_____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn and Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                                                          *Server's signature*

                                                                 _____
                                                                          *Printed name and title*

                                                                 _____
                                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**NOTICE OF DEPOSITION OF GOOGLE INC.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and as set forth on the attached Subpoena, Plaintiff Apple Inc., by and through counsel, will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and for use at trial.

The deposition will begin at 9:30 a.m. on April 27, 2012, and continue day-to-day until completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto 94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may jointly agree.

In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to the matters known by, or reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to be recorded both stenographically and by videotape, and a real-time transcription service such as LiveNote or similar software may be used.  The deposition will be taken by oral examination before a notary public or other person authorized by law to administer oaths.

Dated:  April 5, 2012

GIBSON, DUNN & CRUTCHER LLP

By: _____

*Attorneys for Apple Inc.*

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

     5.     "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

     6.     "Apple" means Apple Inc.

     7.     "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

     8.     "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

9.    "Unified Search" means software, features and functionality for searching of a

plurality of resources such as contacts, email, messages, search history, and other resources using

a single interface, including but not limited to the Android Quick Search Box, as well as the

functionality for software, applications, modules or other sources to be available for search

within the Android Quick Search Box, and the ability to select which software, applications,

modules or other sources will be searched and the functionality or interface to make the software,

applications, modules or other sources searchable through the single user interface.  Unified

Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User

Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/

www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android

Quick Search Box" described at http://android-developers.blogspot.com/search/label/

Quick%20Search%20Box, and further includes the ability to make software or modules

"Searchable items" as described in the Galaxy Nexus User Guide at 13 and

http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions

[that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

10.    "Special Text Detection" means software, features and functionality relating to

the recognition of text within a web page, email message, text message, SMS message, MMS

message or other displayed text that represents an email address, phone number, physical

address, date, time, calendar entry or fax number, including text containing partial

representations of those items and the ability to select the text and perform an action with the text

such as placing a telephone call, looking up an address or storing in the Contacts

application.  Special Text Selection includes but is not limited to the ability to "place calls from

the Phone app, the People app, or other apps or widgets that display contact information,"

described in the Galaxy Nexus User Guide at 43 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## DEPOSITION TOPICS

1.    All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on April 5, 2012, including without limitation the authenticity thereof.

2.    The Android mobile platform (including any source code) used in the Samsung Galaxy Nexus.

3.    The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's April 5, 2012 Subpoena for Documents, Information, and Objects to you and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.    Communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

5.      Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

6.      Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

7.      The design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

8.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

9.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

10.     Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

5

11.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

12.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

`

1  JOSH A. KREVITT (CA SBN 208552)        MICHAEL A. JACOBS (CA SBN 111664)
   jkrevitt@gibsondunn.com                 mjacobs@mofo.com
2  H. MARK LYON (CA SBN 162061)           RICHARD S.J. HUNG (CA SBN 197425)
   mlyon@gibsondunn.com                    rhung@mofo.com
3  GIBSON, DUNN & CRUTCHER LLP            MORRISON & FOERSTER LLP
   1881 Page Mill Road                     425 Market Street
4  Palo Alto, CA  94304-1211              San Francisco, California 94105-2482
   Telephone: (650) 849-5300              Telephone: (415) 268-7000
5  Facsimile: (650) 849-5333              Facsimile: (415) 268-7522

6

7  ***Attorneys for Plaintiff Apple Inc.***

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13

14  APPLE INC., a California corporation,

15              Plaintiff,

16        v.                                        CASE NO. 12-cv-00630-LHK

17  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG                     **CERTIFICATE OF SERVICE**
18  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
19  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
20
                Defendants.
21

22

23

24

25

26

27

28

Gibson, Dunn &      CASE NO. 12-cv-00630-LHK
Crutcher LLP        CERTIFICATE OF SERVICE

1    I, Irina Zyubina, hereby certify that on this 5th day of April, 2012, I did cause the following

2    documents to be served in the following manner:

3

4    • **APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.**

5    On the interested parties in this action addressed as follows:

6

7    **ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,**
     **LTD., SAMSUNG ELECTRONICS AMERICA, INC. and**
8    **SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

9    Patrick Shields
     Victoria F. Maroulis
10   Charles K. Verhoeven
     Kevin A. Smith
11   Kevin P.B. Johnson
12   Quinn Emanuel Urquart & Sullivan, LLP
     555 Twin Dolphin Drive, 5th Floor
13   Redwood Shores, California  94065
     (650) 801-5000
14   victoriamaroulis@quinnemanuel.com
15   kevinjohnson@quinnemanuel.com
     patrickshields@quinnemanuel.com
16   charlesverhoeven@quinnemanuel.com
     kevinsmith@quinnemanuel.com
17

18

19   **X**    **BY ELECTRONIC MAIL TRANSMISSION** from izyubina@gibsondunn.com, by
            transmitting PDF copies of such documents to each such person identified above, at the e-mail
20          address listed in their addresses.  The documents were transmitted by electronic transmission
            and such transmission was reported as complete and without error.

21          I declare that I am employed in the office of a member of the bar of this Court at whose direction the
            service was made.
22

23          Executed on April 5, 2012, at Palo Alto, California.

24

25   Dated:    April 5, 2012                          *Irina Zyubina*
26                                                     Irina Zyubina

27

28

# EXHIBIT 3

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

**REQUEST FOR PRODUCTION NO. 70:**

All trial and deposition transcripts from other litigations in which APPLE'S EXPERTS testified.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS from any prior or current litigation or dispute RELATING TO infringement, validity, enforceability, or ownership of the APPLE PATENTS and any foreign counterparts to the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS RELATING TO prior enforcement of the APPLE PATENTS or any foreign counterparts to the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS RELATING TO other manufacturers' practice of the APPLE PATENTS.

**REQUEST FOR PRODUCTION NO. 74:**

All customer survey and market research DOCUMENTS RELATING TO the PATENTED FEATURES.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS RELATING TO competition and market share of APPLE versus SAMSUNG or other competitors.

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS RELATING TO competition and market share of iOS versus Android and/or other operating systems.

1   **REQUEST FOR PRODUCTION NO. 84:**

2      All DOCUMENTS RELATING TO competition between each version of the iPhone and

3   any product YOU accuse of infringing the APPLE PATENTS.

4

5   **REQUEST FOR PRODUCTION NO. 85:**

6      All DOCUMENTS RELATING TO competition between each version of the iPhone and

7   any other product.

8

9   **REQUEST FOR PRODUCTION NO. 86:**

10      All DOCUMENTS RELATING TO competition between each version of the iPad and any

11   other product.

12

13   **REQUEST FOR PRODUCTION NO. 87:**

14      All DOCUMENTS sufficient to identify the respective markets of each version of the

15   iPhone and the iPad.

16

17   **REQUEST FOR PRODUCTION NO. 88:**

18      All DOCUMENTS sufficient to identify the respective market shares of each version of

19   the iPhone and the iPad.

20

21   **REQUEST FOR PRODUCTION NO. 89:**

22      All DOCUMENTS sufficient to identify the respective market share of each product that

23   competes with the iPhone or the iPad.

24

25   **REQUEST FOR PRODUCTION NO. 90:**

26      All DOCUMENTS sufficient to identify all projections YOU have reviewed or considered

27   as to what the respective market share of the iPhone and iPad, and each product that competes

28   with the iPhone or the iPad, are likely to be at any future point.

DATED: April 12, 2012                    QUINN EMANUEL URQUHART &
                                         SULLIVAN, LLP


                                         By/s/ Patrick M. Shields
                                         _____
                                            Patrick M. Shields
                                            Attorney for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                            INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC

# EXHIBIT 4

**to Declaration of Shannon Mader**

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Patrick M. Shields (Bar No. 204739)
11 patrickshields@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS CO.,
   LTD., SAMSUNG ELECTRONICS AMERICA,
15 INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

16

17                    UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20 APPLE INC., a California corporation,          CASE NO. 12-cv-00630-LHK

21              Plaintiff,                        **SAMSUNG'S OBJECTIONS AND
                                                  RESPONSES TO APPLE'S FIRST SET OF
22         vs.                                    PRELIMINARY INJUNCTION
                                                  INTERROGATORIES**
23 SAMSUNG ELECTRONICS CO., LTD., a
   Korean business entity; SAMSUNG
24 ELECTRONICS AMERICA, INC., a New
   York corporation; SAMSUNG
25 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited liability company,
26
                Defendant.
27

28

1  ambiguous; and (v) it is compound and comprises discrete subparts resulting in separate

2  interrogatories.

3

4  **INTERROGATORY NO. 9:**

5      For each of the accused features, including Slide to Unlock, Text Correction, Unified

6  Search and Special Text Detection, identify and describe in detail any analysis, whether internal or

7  external, including, but not limited to, any consumer study, consumer demand analysis, survey, or

8  report, or other analysis or discussion, and identify all documents and things relating to your

9  response, and any persons with knowledge regarding your response.

10

11  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

12      In addition to its General Objections above, which it hereby incorporates by reference,

13  Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject

14  to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint

15  defense privilege, the common interest doctrine, and/or any other applicable privilege or

16  immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to

17  Apple's Motion for a Preliminary Injunction; (iii) it is vague and ambiguous, especially with

18  regard to the terms "analysis," consumer study," "consumer demand analysis," "survey," "report,"

19  and "other analysis or discussion"; (iv) it is vague, ambiguous, and unintelligible to the extent it

20  seeks information about any "accused features" that are not specifically identified in the

21  interrogatory; and (v) it is compound and comprises discrete subparts resulting in separate

22  interrogatories.

23      Subject to and without waiving the foregoing general and specific objections, Samsung

24  responds as follows:

25      The features identified in this interrogatory – Slide to Unlock, Text Correction, Unified

26  Search and Special Text Detection – were developed by Google, not Samsung.  Samsung is

27  presently unaware of any consumer studies, analyses, or reports regarding these features.

28  Samsung's investigation is ongoing and, to the extent that Samsung's investigation subsequently

reveals the existence of any such consumer studies, analyses, or reports regarding these features, then Samsung will supplement this response accordingly as well as produce responsive non-privileged documents regarding any such consumer studies, analyses, or reports regarding these features.

**INTERROGATORY NO. 10:**

For each of the following, identify all discussions, internally or with third parties, regarding, or consideration of, the design, and implementation of, any of the accused features, including (i) Slide to Unlock, (ii) Text Correction, (iii) Unified Search, and (iv) Special Text Detection as implemented in any Samsung product, including but not limited to Samsung smartphones and tablet computers, and identify the three persons most knowledgeable about such discussions, designs, and implementation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the ground that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is overly broad and unduly burdensome in that it seeks information not relevant to Apple's Motion for a Preliminary Injunction; (iii) it is overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks "all discussions . . . or consideration of" "any of the accused features"; (iv) it seeks confidential proprietary or trade secret information of a third party (Google); (v) it is vague and ambiguous, especially with regard to the term "consideration of"; (vi) it is vague, ambiguous, and unintelligible to the extent it seeks information about any "accused features" that are not specifically identified in the interrogatory; and (vii) it is compound and comprises discrete subparts resulting in separate interrogatories.

1    Subject to and without waiving the foregoing general and specific objections, Samsung

2 responds as follows:

3    Samsung is presently unaware of any non-privileged discussions, internally or externally,

4 regarding design or implementation of the four accused features – Slide to Unlock, Text

5 Correction, Unified Search and Special Text Detection – of Galaxy Nexus.  Samsung's

6 investigation is ongoing and, to the extent that Samsung's investigation subsequently reveals the

7 existence of any such discussions, then Samsung will supplement this response accordingly as

8 well as produce responsive non-privileged documents regarding such discussions.

9

10 DATED: March 27, 2012                    Respectfully submitted,

11                                          QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
12

13

14                                          By   /s/ Patrick M. Shields
                                               Charles K. Verhoeven
15                                             Kevin P.B. Johnson
                                               Victoria F. Maroulis
16                                             William C. Price
                                               Patrick M. Shields
17                                             Attorneys for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
18                                             INC. and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New  York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-CV-00630-LHK

**CERTIFICATE OF SERVICE**

1

## CERTIFICATE OF SERVICE

2

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

3

4

On March 27, 2012, I served or had served true copies of the following documents, described as:

5

6

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION REQUESTS FOR PRODUCTION TO DEFENDANTS**

7

**SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S FIRST SET OF PRELIMINARY INJUNCTION INTERROGATORIES**

8

9

on the interested parties in this action addressed as follows:

10

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 |

11

12

13

14

15

16

17

**BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed below their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

18

19

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

20

21

Executed on March 27, 2012, at Los Angeles, California.

22

23

*/s/ Pamela S. Davis*

24

25

26

27

28

# EXHIBIT 5
**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc. and Samsung
Telecommunications America LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** |

1    Pursuant to Rule 26(a)(1) of the <u>Federal Rules of Civil Procedure</u>, Defendants Samsung

2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3  America, LLC (collectively "Samsung") hereby make their initial disclosures.

4    Samsung makes these disclosures subject to and without waiving any applicable privilege,

5  doctrine, or right, including without limitation the attorney-client privilege, the work product

6  doctrine, and all other rights and privileges recognized under the laws of the United States, the

7  State of California and all other relevant jurisdictions.  Samsung does not concede the relevance or

8  admissibility of any particular information or witness.  Samsung's investigation is ongoing, and

9  makes these disclosures based on information currently available to it.  Thus, Samsung reserves

10  the right to amend or supplement these disclosures and to present additional evidence to support

11  its claims and defenses with any filing or during any other proceeding in this action.

12  **I.    WITNESSES**

13    Pursuant to Rule 26(a)(1)(A)(i), Samsung identifies the following witnesses who are likely

14  to have discoverable information that Samsung may use to support its claims or defenses, along

15  with their possible subjects of testimony.  Samsung reserves the right to supplement or amend this

16  witness disclosure pursuant to Rule 26(e) if additional witnesses or subjects are identified.  All

17  communications with those individuals whose contact information specifies "Quinn Emanuel

18  Urquhart & Sullivan, LLP" should be made through Samsung's undersigned counsel.  Samsung

19  does not purport to identify any retained experts in these disclosures.  Such experts will be

20  disclosed pursuant to Rule 26(a)(2).

| Name | Contact Information | Subject |
|------|--------------------|---------| 
| Freddie Allen Anzures | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Yan Arrouye | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Timothy Benner | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Marketing related to some of the accused devices |

| Thomas Bonura | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
|---|---|---|
| Chad Boss | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Björn Bringert | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Mark Buckley | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Stephen P. Capps | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Harry Nick Carter | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Paul Chapple | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Sales data for some of the accused devices. |
| Imran Chaudri | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Joon-Young Cho | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| SeoYoung Cho | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance network testing for some accused products. |
| Byeong Seok Choi | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some accused devices. |
| Sung-Ho Choi | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Greg Christie | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Tom Chun | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Marketing and sales for some of the accused devices |
| Cary Clark | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Ronald Cococcia | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |

| Justin Denison | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Marketing and sales for some of the accused devices |
|---|---|---|
| Scott Forstall | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Gordon J. Freedman | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Michael H. Freeman | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Mitchael C. Freeman | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Richard C. Freeman | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Kevin Geklinsky | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Sales of Galaxy Nexus in the United States of America |
| Dianne Hackborn | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Nawoong Han | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Youn-Hyoung Heo | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Scott Herz | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Hisashi Inoue | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Greg Joswiak | Apple | Marketing and sales for Apple devices that allegedly practice one or more of Apple's Patents-in-Suit |
| Young Suk Jun | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Marketing for some of the accused devices |
| Byong Jin Kang | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Product planning for some of the accused devices |
| Corey Kerstetter | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Business planning for some of the accused devices |
| Hyunjung Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Inho Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |

| Jinyung Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
|---|---|---|
| Kyoung Su Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Soeng-Hun Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Young-Bum Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Youngmi Kim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Kenneth Kocienda | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Yong-Jun Kwak | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jae-Hoon Lee | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jin-Chul Lee | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jubeam Lee | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Research and development of Galaxy Nexus |
| Ju-Ho Lee | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Kwang-Bok Lee | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Sang Bong Lee | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Research and development of Galaxy Nexus |
| Stephen O. Lemay | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Chaehwan Li | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Youngseok Lim | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Michael Matas | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Travis Merrill | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Marketing and sales for some of the accused devices |

| James R. Miller | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
|---|---|---|
| Jim Miller | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Hongseok Moon | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Keith Mortenson | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Daewoon Myoung | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Keiji Nagayama | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jens Nagel | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Jae Hoo Nam | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some of the accused devices. |
| Bonnie Nardi | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Bas Ording | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Jisun Park | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Research and development of Galaxy Nexus |
| Junho Park | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Product planning for some of the accused devices |
| Seon Joon Park | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some accused devices |
| Suk Hyun Park | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some accused devices |
| Sunggeun Park | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity/Noninfringement of one or more of Apple's Patents-in-Suit |
| Zachary Piech | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Catherine Plaisant | University of Maryland Institute for Advanced Computer Studies, College Park, Maryland | Invalidity of one or more of Apple's Patents-in-Suit |

| Arthur Rangel | Apple | Marketing and sales for Apple devices that allegedly practice one or more of Apple's Patents-in-Suit |
|---|---|---|
| John Reine | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jaehun Rhee | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some accused devices |
| Silvan Sauter | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Michael W. Schaffer | c/o Quinn Emanuel Urquhart & Sullivan, LLP | Invalidity of one or more of Apple's Patents-in-Suit |
| Youngsub Seo | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance network testing for some accused products. |
| Jaegwan Shin | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance testing for some accused devices |
| Steven Sinclair | Apple | Marketing and sales for Apple devices that allegedly practice one or more of Apple's Patents-in-Suit |
| Gert Jan Van Lieshout | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Marcel Van Os | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Steven Vasquez | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Ken Wakasa | Google Inc. c/o Matthew Warren, Quinn Emanuel Urquhart & Sullivan, LLP | Noninfringement/invalidity of one or more of Apple's Patents-in-Suit |
| Craig Willis | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| David Wright | Apple | Conception, reduction to practice and inventorship of one or more of Apple's Patents-in-Suit |
| Tomishige Yatsugi | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |
| Jung You | Samsung c/o Quinn Emanuel Urquhart & Sullivan, LLP | Quality assurance network testing for some accused products |
| Hyung-Jun Brutus Youn | | Conception, reduction to practice and inventorship of one or more of Samsung's Patents-in-Suit |

1      In addition to those individuals identified above, Samsung hereby incorporates by

2   reference the witnesses and their possible subjects of testimony disclosed by Apple in its initial

3   disclosures pursuant to Rule 26(a), those individuals indentified by Samsung or Apple through

4   discovery, declaration or other means, those individuals whose names appear on produced

5   documents, inventors, and co-inventors of patents and other materials identified as prior art in the

6   course of this litigation, and authors and co-authors of references identified as prior art in the

7   course of this litigation, as if set forth fully herein.

8   **II.      DESCRIPTION OF DOCUMENTS**

9      Pursuant to Rule 26(a)(1)(A)(ii), Samsung identifies the following documents,

10  electronically stored information, and tangible things currently in its possession, custody, or

11  control that it may use to support its claims or defenses, unless the use would be solely for

12  impeachment.  Samsung is not providing categories of documents or information not reasonably

13  available at this time.  Documents that are available include, but are not necessarily limited to the

14  following:

15  - File histories and prior art references cited by the United States Patent Office during
16    prosecution of the Samsung Patents-in-Suit asserted in the Samsung Counterclaims;

17  - Documents and source code reflecting the conception and reduction to practice of the
18    inventions claimed in the Samsung Patents-in-Suit;

19  - Documents reflecting Apple's willful infringement of the Samsung Patents-in-Suit;

20  - Documents reflecting the damages and irreparable harm resulting from Apple's willful
21    infringement of the Samsung Patents-in-Suit;

22  - Prior art to the Apple Patents-in-Suit;

23  - Documents sufficient to show certain financial information for the accused Samsung
24    products;

25  - Documents reflecting licensing negotiations between Samsung and Apple;

26  - Engineering and design documents concerning the design and operation of Samsung's
27    accused products; and

28

1  • Documents relating to and supporting Samsung's defenses and counterclaims, as set forth

2     in Samsung's Answer and Counterclaims.

3     Samsung's investigation into its claims and defenses is ongoing and, therefore, Samsung

4  reserves all rights to supplement or amend this disclosure pursuant to Rule 26(e) and to use

5  additional documents and information as its discovery and investigation proceeds.  Samsung may

6  rely on documents that are produced by any party to this litigation.  Furthermore, Samsung

7  reserves the right to supplement or modify this disclosure based on information or documents

8  subsequently identified as pertinent to disputed facts.  Finally, Samsung reserves the right to

9  object to the production of documents and things on any basis, including that the information

10  sought:  (i) is not relevant; (ii) is protected from disclosure by any applicable privilege, doctrine,

11  or immunity; (iii) would be unduly burdensome to produce or is not reasonably accessible; (iv)

12  contains third party confidential information and cannot be produced without that party's

13  notification and consent; or (v) constitutes proprietary or trade secret information that should not

14  be produced before an appropriate protective order has been entered.

15  **III.    DAMAGES**

16     Pursuant to Rule 26(a)(1)(A)(iii), Samsung seeks damages, including enhanced or treble

17  damages, for Apple's deliberate and willful infringement of the Samsung Patents-in-Suit, and pre-

18  and post-judgment interest, in addition to permanent injunctive relief.  The amount of damages

19  arising from Apple's conduct is not yet ascertainable as some if not all of the conduct is ongoing,

20  requires additional discovery, and may require expert testimony.  Samsung does not believe that

21  Apple has suffered any damages as a result of any conduct by Samsung and intends to seek its

22  attorneys' fees and costs and other relief as appropriate.  These amounts are not susceptible to

23  calculation at this time.

24  **IV.    INSURANCE AGREEMENTS**

25     Pursuant to Rule 26(a)(1)(A)(iv), Samsung is not presently aware of any insurance

26  agreements under which an insurance business may be liable to satisfy all or part of a possible

27  judgment in this action, or to indemnify or reimburse for payments made to satisfy such a

28  judgment.

1   DATED:  May 16, 2012                QUINN EMANUEL URQUHART &
2                                       SULLIVAN, LLP

3

4                                       By /s/ Patrick M. Shields
                                          Charles K. Verhoeven
5                                         Kevin A. Smith
                                          Kevin P.B. Johnson
6                                         Victoria F. Maroulis
                                          William C. Price
7                                         Patrick M.Shields

8
                                          John Caracappa (*pro hac vice*)
9                                         Steptoe & Johnson, LLP
                                          1330 Connecticut Avenue, NW
10                                        Washington DC 20036
                                          TEL:  202-429-6267
11                                        FAX:  202-429-3902

12
                                          Attorneys for SAMSUNG ELECTRONICS CO.,
13                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
14                                        TELECOMMUNICATIONS AMERICA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td>1</td><td>QUINN EMANUEL URQUHART &amp;<br>SULLIVAN, LLP</td><td>STEPTOE &amp; JOHNSON, LLP<br>John Caracappa (<em>pro hac vice</em>)</td></tr>
<tr><td>2</td><td>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com</td><td>jcaracappa@steptoe.com<br>1330 Connecticut Avenue, NW</td></tr>
<tr><td>3</td><td>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com</td><td>Washington, D.C. 20036<br>Telephone: (202) 429-6267</td></tr>
<tr><td>4</td><td>50 California Street, 22nd Floor<br>San Francisco, California 94111</td><td>Facsimile: (202) 429-3902</td></tr>
<tr><td>5</td><td>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700</td><td></td></tr>
</table>

6

Kevin P.B. Johnson (Bar No. 177129 (CA);
7  2542082 (NY))
kevinjohnson@quinnemanuel.com
8  Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
9  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
10  Telephone: (650) 801-5000
Facsimile: (650) 801-5100

11

William C. Price (Bar No. 108542)
12  williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
13  patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
14  Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
15  Facsimile:  (213) 443-3100

16  Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
17  INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

18

19  UNITED STATES DISTRICT COURT

20  NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

21  APPLE INC., a California corporation,   CASE NO. 12-CV-00630-LHK

22       Plaintiff,   **CERTIFICATE OF SERVICE**

23       vs.

24  SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
25  ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
26  TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

27       Defendants.

28

02198.51981/4758043.1

CERTIFICATE OF SERVICE

1

## CERTIFICATE OF SERVICE

2    I am employed in the County of Los Angeles, State of California.    I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017.

4    On May 16, 2012, I served true copies of the following documents, described as:

5    **SAMSUNG'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV P. 26(a)(1)**

6    on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC.** | **ATTORNEYS FOR APPLE INC.** |
|---|---|
| MICHAEL A. JACOBS | JOSH A. KREVITT |
| mjacobs@mofo.com | jkrevitt@gibsondunn.com |
| RICHARD S. J. HUNG | H. MARK LYON |
| rhung@mofo.com | mlyon@gibsondunn.com |
| MORRISON & FOERSTER LLP | MARK REITER |
| 425 Market Street | mreiter@gibsondunn.com |
| San Francisco, CA    94105-2482 | GIBSON, DUNN & CRUTCHER LLP |
| Telephone (415) 268-7000 | 1881 Page Mill Road |
| Facsimile (415) 268-7522 | Palo Alto, CA    94302-1211 |
| | Telephone: (650) 849-5300 |
| | Facsimile: (650) 849-5333 |
| | Apple/Samsung@gibsondunn.com |

15

16    **BY ELECTRONIC MAIL TRANSMISSION** from pamdavis@quinnemanuel.com, by
transmitting PDF format copies of such documents to each such person identified above, at the e-
17    mail address listed in their address(es). The documents were transmitted by electronic
transmission and such transmission was reported as complete and without error.

18

19    I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

20    Executed on May 16, 2012, at Los Angeles, California.

21

22    _/s/ Pamela S. Davis_

23

24

25

26

27

28

# EXHIBIT 6

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

1  **REQUEST FOR PRODUCTION NO. 197:**

2      DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from

3  November 2005 for each of the APPLE ACCUSED PRODUCTS, including components thereof:

4          a.  Total gross and net revenues (by product, customer, period and location);

5          b.  Total quantity of units sold (by product, customer, period and location);

6          c.  Cost of goods sold, including but not limited to, direct purchases, direct labor,

7              indirect and/or overhead costs, and any allocation of those direct, indirect and/or

8              overhead costs to the APPLE ACCUSED PRODUCTS;

9          d.  Actual total cost or variances from standard costs;

10         e.  Gross and net profits; and

11         f.  All costs other than standard costs, including but not limited to, selling, advertising,

12             general and administrative expenses, and any allocation of those expenses to the

13             APPLE ACCUSED PRODUCTS.

14

15 **REQUEST FOR PRODUCTION NO. 198:**

16     All DOCUMENTS RELATING TO sales forecasts, budgets, expenses, costs, and

17 profitability of the APPLE ACCUSED PRODUCTS.

18

19 **REQUEST FOR PRODUCTION NO. 199:**

20     All DOCUMENTS RELATING TO the pricing of the APPLE ACCUSED PRODUCTS.

21

22 **REQUEST FOR PRODUCTION NO. 200:**

23     All business plans, strategic plans, operating plans, financial plans, sales plans, and capital

24 or investment plans RELATING TO the APPLE ACCUSED PRODUCTS.

25

26 **REQUEST FOR PRODUCTION NO. 201:**

27     All DOCUMENTS and things RELATING TO the market or demand for the APPLE

28 ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 215:**

DOCUMENTS sufficient to identify each of YOUR divisions, departments, business units, related companies, partnerships, collaborations, or subdivisions, including without limitation each company involved in the design, development, manufacture, marketing, promotion, importation, distribution, or sale of any APPLE ACCUSED PRODUCT.

**REQUEST FOR PRODUCTION NO. 216:**

All DOCUMENTS RELATING TO the commercial success AND/OR popularity of ANY features AND/OR functionality of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 217:**

DOCUMENTS sufficient to show, by revenues and units sold, Apple's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

**REQUEST FOR PRODUCTION NO. 218:**

DOCUMENTS sufficient to show, by revenues and units sold, Samsung's market share in the relevant market for the APPLE ACCUSED PRODUCTS since 2005.

**REQUEST FOR PRODUCTION NO. 219:**

All DOCUMENTS or COMMUNICATIONS RELATING TO any network effects attributable to any APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 220:**

All DOCUMENTS RELATING TO consumer demand for ANY feature AND/OR functionality of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 221:**

All DOCUMENTS RELATING TO Apple's capacity or lack of capacity to manufacture smartphones or tablets since 2005.

**REQUEST FOR PRODUCTION NO. 222:**

All DOCUMENTS RELATING TO a decline in iPhone sales during 2012 attributable, in whole or in part, to anticipation of the release of the iPhone 5.

**REQUEST FOR PRODUCTION NO. 223:**

All DOCUMENTS referring or RELATING TO YOUR use of litigation as a business strategy in connection with the smartphone and/or tablet markets.

**REQUEST FOR PRODUCTION NO. 224:**

All DOCUMENTS referring or RELATING TO YOUR use of litigation as part of a strategy to address competition from the Android operating system.

**REQUEST FOR PRODUCTION NO. 225:**

All DOCUMENTS referring or RELATING TO YOUR loss of market share in the smartphone market, if any, as a result of YOUR release cycle in connection with YOUR smartphones and/or tablets.

**REQUEST FOR PRODUCTION NO. 226:**

All DOCUMENTS referring or RELATING TO any analysis of the effect on market share of YOUR release cycle in connection with smartphones and/or tablets.

**REQUEST FOR PRODUCTION NO. 227:**

All DOCUMENTS referring or RELATING TO YOUR efforts to coordinate with any other entities in connection with litigation related to the Android operating system.

1  **REQUEST FOR PRODUCTION NO. 234:**

2       All DOCUMENTS referring or RELATING TO any common interest agreement or joint

3  defense agreement between Apple and any other person or entity concerning any litigation related

4  to the Android operating system.

5

6  **REQUEST FOR PRODUCTION NO. 235:**

7       All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence

8  any government entity with respect to rules or policy regarding ESSENTIAL patents.

9

10 **REQUEST FOR PRODUCTION NO. 236:**

11      All DOCUMENTS referring or RELATING TO any efforts by YOU to lobby or influence

12 any standard-setting organization, including, without limitation, ETSI, with respect to rules or

13 policy regarding ESSENTIAL patents.

14 DATED: July 31, 2012              QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
15

16

17                                  By  /s/ Patrick M. Shields
                                        Charles K. Verhoeven
18                                      Kevin P.B. Johnson
                                        Victoria F. Maroulis
19                                      William C. Price
                                        Patrick M. Shields
20

21                                      John Caracappa (*pro hac vice*)
                                        Steptoe & Johnson, LLP
22                                      1330 Connecticut Avenue, NW
                                        Washington DC 20036
23                                      TEL:   202-429-6267
                                        FAX:   202-429-3902
24

25                                      Attorneys for Defendants
                                        SAMSUNG ELECTRONICS CO., LTD.,
26                                      SAMSUNG ELECTRONICS AMERICA, INC.,
                                        and SAMSUNG TELECOMMUNICATIONS
27                                      AMERICA, LLC

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>        vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California, 90017.

On July 31, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA      94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA      94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA      94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |  |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es).

The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.   Executed on July 31, 2012, at Los Angeles, California.

*/s/ Michael L. Fazio*

# EXHIBIT 7

**to Declaration of Shannon Mader**

1
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

2
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com

3
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com

4
50 California Street, 22nd Floor
San Francisco, California 94111

5
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

6

7
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com

8
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com

9
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065

10
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

11
William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com

12
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com

13
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543

14
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

15

16
Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

17

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19

20

21
APPLE INC., a California corporation,

Plaintiff,

22
vs.

23
SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity; SAMSUNG

24
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG

25
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

26

27
Defendant.

28

CASE NO. 12-cv-00630-LHK

**SAMSUNG'S OBJECTIONS AND
RESPONSES TO APPLE'S FOURTH SET
OF REQUESTS FOR PRODUCTION**

02198.51981/4920243.6

regarding the operation and implementation of the accused features in the Accused Samsung Products, and that may be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 260:**

All Documents and things concerning the sale and/or marketing of each and every version of the Accused Samsung Products, including, without limitation, engineering drawings, system architecture, schematics, prototypes, alpha or beta versions, invention records, laboratory notebooks, Source Code, flow charts, memoranda, correspondence, project plans, test plans, technical documentation, operating manuals, maintenance manuals, software engineering manuals, instructions, guides, revision histories, release notes, user guides, data dictionaries, and specifications.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 260:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "concerning," "sale and/or marketing," "version," and "engineering drawings, system architecture, schematics, prototypes, alpha or beta versions, invention records, laboratory notebooks, Source Code, flow charts, memoranda, correspondence, project plans, test plans, technical documentation, operating manuals, maintenance manuals, software engineering manuals, instructions, guides, revision histories, release notes, user guides, data dictionaries, and specifications;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality

agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control regarding sales/marketing of the Accused Samsung Products within the U.S., and that may be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 261:**

All Documents relating to the development of the Accused Samsung Products that mention or refer to Apple, "Company A" or any Apple Products that embody the Accused Features.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 261:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (iii) it is vague and ambiguous with regard to the terms "relating to," "development," and "mention or refer to;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

1   responsive, non-privileged documents that are in Samsung's possession, custody, or control

2   relating to development of the accused features in the Accused Samsung Products that mention or

3   refer to Apple or Apple Products, and that may be located pursuant to a reasonably diligent search.

4

5   **REQUEST FOR PRODUCTION NO. 262:**

6       All Documents and things relating to any prior project that led to the development of the

7   Accused Features, including but not limited to, CAD images or files, prototype 3D models

8   (mockups), design history files, emails, notebooks, photographs, sketches, design specifications,

9   models, mock-ups, Source Code, and other Documents.

10

11  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 262:**

12      In addition to its general objections, which it hereby incorporates by reference, Samsung

13  objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and

14  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

15  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

16  is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous

17  with regard to the terms "relating to," "any prior project that led to the development of the

18  Accused Features" and "CAD images or files, prototype 3D models (mockups), design history

19  files, emails, notebooks, photographs, sketches, design specifications, models, mock-ups, Source

20  Code;" (iv) for devices in which the accused features were designed by Google or another third

21  party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it

22  seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-

23  disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks

24  documents that are not relevant to the claims or defenses of any party and/or not reasonably

25  calculated to lead to the discovery of admissible evidence.

26

27  **REQUEST FOR PRODUCTION NO. 263:**

28      All Documents relating to each change Samsung made, is now making, or will make to the

1   Accused Samsung Products in response to Apple's allegations in this lawsuit.

2

3   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 263:**

4   In addition to its general objections, which it hereby incorporates by reference, Samsung

5   objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and

6   protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

7   privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

8   is vague and ambiguous with regard to the terms "relating to," "change," and "in response to;" (iii)

9   it calls for speculation; and (iv) it seeks documents that are not relevant to the claims or defenses

10  of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

11  Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

12  responsive, non-privileged documents that are in Samsung's possession, custody, or control

13  relating to each change Samsung made to the accused features in the Accused Samsung Products,

14  and that may be located pursuant to a reasonably diligent search.

15

16  **REQUEST FOR PRODUCTION NO. 264:**

17  All Documents concerning alternative designs or technology considered by Samsung

18  during the development of the Accused Samsung Products.

19

20  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 264:**

21  In addition to its general objections, which it hereby incorporates by reference, Samsung

22  objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and

23  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

24  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

25  is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous

26  with regard to the terms "concerning," "alternative designs or technology," "considered," and

27  "during the development;" (iv) for devices in which the accused features were designed by Google

28  or another third party, it seeks documents that are not within Samsung's possession, custody, or

control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 265:**

All Documents relating to functional and cost considerations that constrained or altered the design of the Accused Samsung Products.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 265:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous with regard to the terms "relating to," "functional and cost considerations," "constrained or altered," and "design;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 266:**

Documents sufficient to show when each of the accused features was first designed including the date each feature was first designed, the date each feature was first incorporated into each of the Accused Samsung Products, who incorporated such feature, who approved such incorporation, and documents concerning such incorporation.

1   **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 266:**

2       In addition to its general objections, which it hereby incorporates by reference, Samsung

3   objects to this Request on the grounds that:  (i) it is vague and ambiguous with regard to the terms

4   "sufficient to show," "designed," "incorporated," "approved," "concerning," and "incorporation;"

5   (ii) for devices in which the accused features were designed by Google or another third party, it

6   seeks documents that are not within Samsung's possession, custody, or control; (iii) it seeks the

7   confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure

8   or other confidentiality agreements between Samsung and a third party; and (iv) it seeks

9   documents that are not relevant to the claims or defenses of any party and/or not reasonably

10  calculated to lead to the discovery of admissible evidence.

11      Notwithstanding the foregoing, and without waiving any objections, Samsung will produce

12  responsive, non-privileged documents sufficient to show when each of the accused features was

13  first designed that are in Samsung's possession, custody, or control, that can be located pursuant to

14  a reasonably diligent search.

15

16  **REQUEST FOR PRODUCTION NO. 267:**

17      All documents showing, for each of the Accused Samsung Products, the evolution and

18  version history of each Accused Feature installed in the Accused Samsung Products, including but

19  not limited to the dates during which each version of each application was installed, and the

20  identity of each product in which the application was installed.

21

22  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 267:**

23      In addition to its general objections, which it hereby incorporates by reference, Samsung

24  objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and

25  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

26  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

27  is temporally and substantively overbroad and unduly burdensome in that it is not limited to any

28  reasonable time period; (iii) it is vague and ambiguous with regard to the terms "showing,"

"evolution," "version history," "installed," "version," "application," "identity," and "product;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung will produce responsive, non-privileged documents that are in Samsung's possession, custody, or control, that can be located pursuant to a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 268:**

All Documents identifying, for each of the Accused Samsung Products, any updates to each Samsung application installed in the Accused Samsung Products, including, but not limited to, the date or dates when such updates were made available.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 268:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous with regard to the terms "identifying," "updates," "Samsung application," "installed," and "made available;" (iv) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably

1  calculated to lead to the discovery of admissible evidence.

2

3  **REQUEST FOR PRODUCTION NO. 269:**

4      All Documents referring or relating to the features, operations, characteristics of, or

5  changes made to each version of any Samsung application installed in the Accused Samsung

6  Products, including, but not limited to, those relating to deployment, installation, maintenance, and

7  upgrade procedures.

8

9  **OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 269:**

10      In addition to its general objections, which it hereby incorporates by reference, Samsung

11  objects to this Request on the grounds that:  (i) it seeks to elicit information subject to and

12  protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense

13  privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it

14  is temporally and substantively overbroad and unduly burdensome; (iii) it is vague and ambiguous

15  with regard to the terms "referring or relating to," "features," "characteristics," "changes,"

16  "version," "Samsung application," "installed," and "deployment, installation, maintenance, and

17  upgrade procedures;" (iv) for devices in which the accused features were designed by Google or

18  another third party, it seeks documents that are not within Samsung's possession, custody, or

19  control; (v) it seeks the confidential, proprietary and/or trade secret information of third parties,

20  subject to non-disclosure or other confidentiality agreements between Samsung and a third party;

21  and (vi) it seeks documents that are not relevant to the claims or defenses of any party and/or not

22  reasonably calculated to lead to the discovery of admissible evidence.

23

24  **REQUEST FOR PRODUCTION NO. 270:**

25      All Source Code and executables for any software, firmware, program, library or other

26  system used by any Samsung Product in performing any Accused Feature.

27

28

SAMSUNG'S OBJECTIONS AND RESPONSES TO APPLE'S
FOURTH SET OF REQUESTS FOR PRODUCTION

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 270:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is temporally and substantively overbroad and unduly burdensome; (ii) it is vague and ambiguous with regard to the terms "Source Code," "executables," "software, firmware, program, library or other system," "used," and "performing;" (iii) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (iv) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence; and (vi) it is unduly burdensome and duplicative to the extent that it seeks documents already requested (*see e.g.*,  RFP No. 96).

Notwithstanding the foregoing and without waiving any objections, Samsung has made, and will continue to make, available for inspection source code for the Accused Samsung Products at the offices of Samsung Telecommunications America, LLC in San Jose, California.   Such inspection is permitted consistent with and contingent upon Apple's compliance with paragraphs 10 and 11 of the Parties' Agreed Upon Protective Order.

**REQUEST FOR PRODUCTION NO. 271:**

Documents sufficient to show, for each of the Accused Samsung Products, the evolution and version history for any software, firmware, program, library or other system used in performing any Accused Feature, including, but not limited to, the dates during which each version was used in the Accused Samsung Products, and the identity of each product in which the version was installed.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 271:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is temporally and substantively overbroad and

unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (ii) it is vague and ambiguous with regard to the terms "sufficient to show," "evolution and version history," "software, firmware, program, library or other system," "used in performing," "version," "used," "identity," "product," and "installed;" (iii) for devices in which the accused features were designed by Google or another third party, it seeks documents that are not within Samsung's possession, custody, or control; (iv) it seeks the confidential, proprietary and/or trade secret information of third parties, subject to non-disclosure or other confidentiality agreements between Samsung and a third party; and (v) it seeks documents that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing, and without waiving any objections, Samsung has made, and will continue to make, available for inspection source code for the Accused Samsung Products at the offices of Samsung Telecommunications America, LLC in San Jose, California.   Such inspection is consistent with and contingent upon Apple's compliance with paragraphs 10 and 11 of the Parties' Agreed Upon Protective Order.

**REQUEST FOR PRODUCTION NO. 272:**

Documents sufficient to identify, for each Product at Issue, any updates to the software, firmware, program, library or other system used in performing each Accused Feature, including but not limited to the date or dates when such updates were made available.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

In addition to its general objections, which it hereby incorporates by reference, Samsung objects to this Request on the grounds that:  (i) it is temporally and substantively overbroad and unduly burdensome in that it is not limited to any reasonable time period and seeks documents and things related to features or functionality that are not at issue in this litigation; (ii) it is vague and ambiguous with regard to the terms "sufficient to identify," "updates," "software, firmware, program, library or other system," "used in performing," and "made available;" (iii) for devices in

1  DATED:  September 24, 2012          QUINN EMANUEL URQUHART &
2                                      SULLIVAN, LLP

3

4                                      By /s/ Patrick M. Shields
                                           Charles K. Verhoeven
5                                          Kevin P.B. Johnson
                                           Victoria F. Maroulis
6                                          William C. Price
                                           Patrick M. Shields
7

8                                          John Caracappa (*pro hac vice*)
                                           Steptoe & Johnson, LLP
9                                          1330 Connecticut Avenue, NW
                                           Washington DC 20036
10                                         TEL:  202-429-6267
                                           FAX:  202-429-3902
11

12                                         Attorneys for Defendants
                                           SAMSUNG   ELECTRONICS   CO.,   LTD.,
13                                         SAMSUNG ELECTRONICS AMERICA, INC.,
                                           and  SAMSUNG  TELECOMMUNICATIONS
14                                         AMERICA, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 8

**to Declaration of Shannon Mader**

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

CASE NO. 12-cv-00630-LHK

**APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.**

Gibson, Dunn &
Crutcher LLP

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

3  the attached subpoenas will be served on Google Inc.

4

5  Dated: September 28, 2012

6  GIBSON, DUNN & CRUTCHER LLP

7

8  By: _____
       H. Mark Lyon

9

10  Attorney for APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.
CASE NO. 12-CV-00630-LHK

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/19/2012 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/28/2012

*CLERK OF COURT*

OR

_____               _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  12-CV-00630-LHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this
Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil
Procedure.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them
under the Federal Rules of Civil Procedure and the Local Rules of the United States District
Court for the Northern District of California.  In addition, the following terms shall have the
meanings set forth below whenever used in any Request.

1.       "You" and/or "your" mean Google Inc. and all predecessors, successors,
predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates,
past or present, any companies that have a controlling interest in Google Inc., and any current or
former employee, officer, director, principal, agent, consultant, sales representative, or attorney
thereof, including, without limitation, Motorola Mobility, LLC.

2.       "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America,
Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors,
predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates,
past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any
current or former employee, officer, director, principal, agent, consultant, sales representative, or
attorney thereof.

3.       "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred
to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream
Sandwich."

4. "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5. "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6. "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7. "Apple" means Apple Inc.

8. "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues. Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9. "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email, Messaging, Contacts, or Calendar applications of the Accused Products. Text Correction includes but is not limited to the "Enter &

2

Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/ bin/answer.py?hl=en&answer=1646288&topic= 1646287&ctx=topic, and http://developer.android.com/ reference/android/text/AutoText.html that permits a user to enter and edit text.

     10.    "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface. Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/Quick% 20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

     11.    "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address,

phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

      12.    "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/adding-recent-query-suggestions.html.

      13.    "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not

limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.    "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases.  Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the onPerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

15.    "The '604 Reexamination Request" means the Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All documents should be produced as maintained in the ordinary course of business.

3.     If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products.

**REQUEST NO. 2**

A copy of each mobile platform and/or application, in source code form that includes Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 3**

A copy of each Android mobile platform, in source code form, used by Samsung in each of the Accused Products.

**REQUEST NO. 4**

A copy of each version of an Android-based Google Maps Android app provided with any of the Accused Products.

**REQUEST NO. 5**

A copy of each version of an Android-based YouTube Android app provided with any of the Accused Products.

**REQUEST NO. 6**

A copy of each version of an Android-based Google Play or Google Market Android app provided with any of the Accused Products.

**REQUEST NO. 7**

Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean

code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 8**

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the corresponding Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 9**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in each of the Accused Products.

**REQUEST NO. 10**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

**REQUEST NO. 11**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 12**

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 13**

Documents related to the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 14**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 15**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 16**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

**REQUEST NO. 17**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**REQUEST NO. 18**

All documents related to the '604 Reexamination Request.

**REQUEST NO. 19**

All documents related to communications between Google and any other party related to the '604 Reexamination Request.

**REQUEST NO. 20**

All documents related to communications between Motorola Mobility, LLC and any other party related to the '604 Reexamination Request.

**REQUEST NO. 21**

All documents related to communications between Motorola Mobility, LLC and any Samsung entity related to the '604 Reexamination Request.

**REQUEST NO. 22**

All documents related to the source of the references cited in the '604 Reexamination Request.

**REQUEST NO. 23**

All documents related to any financial support provided to Motorola Mobility, LLC from Google, Samsung or any other party related to the '604 Reexamination Request.

**REQUEST NO. 24**

All documents related to communications between King & Spalding and Quinn Emanuel Urquhart & Sullivan, LLP in your possession, custody or control related to the Patents-in-Suit, including, but not limited to, documents related to communications regarding the '604 Reexamination Request.

**REQUEST NO. 25**

All documents related to communications between you and Quinn Emanuel Urquhart & Sullivan related to the '604 Reexamination Request.

**REQUEST NO. 26**

All documents related to the Declaration of Ray Larson Under 37 C.F.R. §1.132 and MPEP 2618(II) filed in connection with the '604 Reexamination Request.

**REQUEST NO. 27**

All documents related to communications between you and Dr. Ray Larson related to U.S. Patent No. 8,086,604.

**REQUEST NO. 28**

All documents related to communications between you and Samsung related to the Patents-in-Suit.

**REQUEST NO. 29**

All documents relating to the litigation between Apple and Samsung, entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.* (12-CV-0630), including, but not limited to, communications between you and any third party related to the preliminary injunction issued in that case, the '604 Patent, Unified Search, the Quick Search Box or any design changes to attempt to design-around the '604 Patent proposed by you.

**REQUEST NO. 30**

All documents related to communications between you and Samsung related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 31**

All documents relating to any of the Patents-in-Suit.

**REQUEST NO. 32**

All documents relating to when you first became aware of any of the Patents-in-Suit.

**REQUEST NO. 33**

All documents relating to any patents or patent applications related to any of the Patents-in-Suit, including continuations, divisionals, continuation-in-parts, parents, grandparents, or any other patent sharing a common family member to one of the Patents-in-Suit.

**REQUEST NO. 34**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 35**

All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 36**

All documents related to meetings, communications and negotiations between Shin Jong-kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Mr. Shin and Mr. Schmidt.

**REQUEST NO. 37**

All documents prepared by you in preparation for the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**REQUEST NO. 38**

All documents received from Samsung related to the planning, coordination, agenda, timing, topics of discussion, or rescheduling of the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Samsung Electronics Co., Ltd., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    12-CV-00630-LHK

(If the action is pending in another district, state where:

                                                                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT 1.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/26/2012 9:30 am |

The deposition will be recorded by this method:   stenographically including real-time and videographically

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    09/28/2012

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Apple Inc.
(Plaintiff)                                                                                         , who issues or requests this subpoena, are:
H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  12-CV-00630-LHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

  ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

  ❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**NOTICE OF DEPOSITION OF GOOGLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil Procedure and as set forth on the attached Subpoena, Plaintiff Apple, Inc., by and through counsel, will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA. 94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and for use at trial.

The deposition will begin at 9:30 a.m. on October 26, 2012, and continue day-to-day until completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA. 94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may jointly agree.

In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to the matters known by, or reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to be recorded both stenographically and by videotape, and a real-time transcription service such as LiveNote or similar software may be used.  The deposition will be taken by oral examination before a notary public or other person authorized by law to administer oaths.

Dated:  September 28, 2012

GIBSON, DUNN & CRUTCHER LLP

By:   _Mark Lyon /gg_
H. Mark Lyon

Attorney for APPLE INC.

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.      "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.      "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.      "Apple" means Apple Inc.

8.      "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.      "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email application, Messaging application, Contacts application or Calendar application of the Accused Products.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/

2

www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py?hl=en&answer=1646288&topic=164628 7&ctx=topic, and http://developer.android.com/reference/android/text/AutoText.html that permits a user to enter and edit text.

10.    "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface.  Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/ label/Quick%20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11.    "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address, phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the

Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.     "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/adding-recent-query-suggestions.html.

13.     "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call, and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of

missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.     "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases.  Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the on PerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

15.     "Accused Features" means Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## DEPOSITION TOPICS

1.     All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof.

2.     The Android mobile platforms (including any source code) used in any of the Accused Products.

3.     The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's September 28, 2012 Subpoena for Documents, Information, and Objects to you and the Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.     Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any of the Accused Products or in any version of Android.

5.     Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

6.      The design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

7.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

8.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

9.      Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

10.      The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

11.      The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

12.      Revenue, profits and costs associated with any of the Accused Features.

13.      The Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685, including communications with any other person or entity related to that reexamination, the alleged prior art identified in that reexamination and all financial or other support received related to that request.

14.      Communications between you or your counsel and Samsung or its counsel related to the '604 Reexamination Request.

15.      The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun of Samsung and Eric Schmidt of Google, and any continuation thereof, including the purposes, intents, and goals of the meeting, preparations made for the meeting, subjects discussed during the meeting, and outcomes of the meeting.

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**CERTIFICATE OF SERVICE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

I, Elizabeth Oldiges, hereby certify that on this 28th day of September, 2012, I did cause the following document to be served in the following manner:

- **Apple Inc.'s Notice of Third-Party Subpoenas to Google Inc.**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

**X**    **BY ELECTRONIC MAIL TRANSMISSION** from eoldiges@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2012 in Palo Alto, CA.

Dated:    September 28 2012

_Elizabeth Oldiges_
Elizabeth Oldiges

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 9
**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
(415) 875-6600
(415) 875-6700 facsimile

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION SERVED BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Counterclaim-Plaintiffs,<br><br>    vs.<br><br>APPLE INC., a California corporation,<br><br>        Counterclaim-Defendant. | |

Non-party Google Inc. ("Google") responds and objects to the subpoena *ad testificandum* (the "Subpoena") served by Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") on October 1, 2012, and each Topic for Examination ("Topic") therein, set forth as follows:

## **GENERAL OBJECTIONS**

1.      Google objects to the Subpoena's purported deposition date of October 26, 2012, which does not provide sufficient time for Google to prepare for deposition, and to the noticed location of the deposition.  Subject to its general and specific objections, Google will produce witnesses to testify at a time and place mutually agreed with Apple.

2.      Google objects to the Subpoena as unduly burdensome and harassing to the extent that it purports to impose burdens, requirements or obligations that exceed or differ from those permitted by Federal Rules of Civil Procedure 26(b) and 45 and the Local Rules of the United States District Court for the Northern District of California.

3.      Google objects to the Subpoena to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privileges and protections.  Such information will not be provided.  Any inadvertent disclosure of such information shall not constitute a waiver of any privilege, right, or ground for objecting to providing such information and shall not waive Google's right to object to the use of such information.

4.      Google objects to the Subpoena to the extent that it calls for legal conclusions.

5.      Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or other confidential testimony.  Google will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential business information.

6.      Google objects to the Subpoena to the extent that it calls for the disclosure of proprietary or confidential source code.  Google will only provide such disclosure subject to and in reliance upon an appropriate protective order governing confidential source code.

7.      Google objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative

or cumulative of other discovery, particularly insofar as it contains the terms "any," "every," "all," "any and all," and "without limitation."

8. Google objects to the Subpoena to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or is not limited to a relevant time period.

9. Google objects to the Subpoena to the extent that it seeks information not within Google's possession, custody or control. An objection on this ground does not constitute a representation or admission that such information does, in fact, exist.

10. Google objects to the Subpoena to the extent that the "Definitions and Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Topic where such enlargement, expansion, or alteration renders said Topic vague, ambiguous, overbroad, unduly burdensome, harassing, incomprehensible, or calling for production that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11. Google objects to Apple's definition of the terms "You" and "your" and to any Topic incorporating these terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definitions purports to require the production of documents or testimony about products irrelevant to this action.

12. Google objects to Apple's definition of the term "Samsung," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

13. Google objects to Apple's definition of the term "Android 4.0 Ice Cream Sandwich," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the

requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

14.     Google objects to Apple's definition of the term "Android 4.1 Jelly Bean," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

15.     Google objects to Apple's definition of the term "Android," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

16.     Google objects to Apple's definition of the term "Accused Products," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

17.     Google objects to Apple's definition of the term "Apple," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

18.     Google objects to Apple's definition of the term "Slide to Unlock" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

19.     Google objects to Apple's definition of the term "Text Correction" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

20.     Google objects to Apple's definition of the term "Unified Search" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

21.     Google objects to Apple's definition of the term "Special Text Detection" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

22.     Google objects to Apple's definition of the term "Historical Lists" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern

District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

23.     Google objects to Apple's definition of the term "Alternative Call Return" and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents about products irrelevant to this action.

24.     Google objects to Apple's definition of the term "Data Synchronization," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

25.     Google objects to Apple's definition of the term "The '604 Examination Request," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

26.     Google objects to Apple's definition of the term "Document(s)," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

27.     Google objects to Apple's definition of the term "Relating," and to any Topic incorporating this term, to the extent that it is unduly broad and purports to impose burdens or

requirements upon Google that exceed or differ from the requirements of Federal Rules of Civil Procedure 26(b) and 45, and the Local Rules of the United States District Court for the Northern District of California, particularly insofar as the definition purports to require the production of documents or testimony about products irrelevant to this action.

28.     Google objects to Apple's "Definitions and Instructions" and Topics to the extent that they are unduly burdensome (both in scope and number), overbroad, oppressive, call for production of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence or call for the production of information that is not in Google's possession custody or control.

29.     Google objects to the Subpoena as unduly burdensome, overbroad and oppressive to the extent that it calls for the production of documents or testimony that would require Google to perform a technical analysis of the Android software.

30.     Any objection by Google does not constitute a representation or admission that such information does in fact exist or is known to Google.

31.     Google's production of documents and testimony is based upon such information as is reasonably available to Google at the time of production and testimony.  Further independent discovery, independent investigation, legal research and analysis by Google or its counsel may supply additional facts, information or documents, or add meaning to known facts, information or documents.  Google's productions and testimony are given without prejudice to Google's right to provide evidence of any subsequently discovered or compiled facts, information or documents, or to supplement or modify such Google productions and testimony.

32.     Google objects to Apple's Topics to the extent that they seek information confidential or proprietary to third parties, which Google is contractually required to maintain confidential.  To the extent that the Topics call for such information, Google will produce this information, to the extent relevant and responsive, only in accordance with its obligations under these confidentiality agreements or if ordered by the Court.

33.     Google objects to Apple's Topics to the extent that they are improperly duplicative or cumulative of other discovery.

34.     Google objects to Apple's Topics to the extent that they seek premature expert testimony.

35.     Google objects to Apple's Topics to the extent that they seek discovery more appropriately obtained from Samsung.

36.     Google objects to Apple's Topics to the extent that they seek information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from public sources.

37.     Google objects to Apple's Topics to the extent that they seek information that is equally available from a party in the litigation.


**SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS FOR EXAMINATION**

**TOPIC FOR EXAMINATION NO. 1:**

All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 1:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects on the grounds that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on the grounds that this Topic is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Topic seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects on the grounds that this Topic seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

**TOPIC FOR EXAMINATION NO. 2:**

The Android mobile platforms (including any source code) used in any of the Accused Products.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 2:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic to the extent that the term "Android mobile platforms" is vague and ambiguous. Google further objects to this Topic to the extent that the term "used in any of the Accused Products" is vague and ambiguous. Google further objects to the extent that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that this Topic is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects to the extent that this Topic seeks information not within Google's possession, custody or control. Google further objects to the extent that this Topic seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Subject to and without waiver of its general and specific objections, Google will produce a witness to testify regarding this Topic, as relevant to the accused functionality in this action.

**TOPIC FOR EXAMINATION NO. 3:**

The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's September 28, 2012 Subpoena for Documents, Information, and Objects to you and the Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 3:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "differences, if any" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "Android mobile platform" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "Android code publicly available from https://android.googlesource.com/platform/manifest,

1    or through the process described at http://source.android.com/source/downloading.html" is vague

2    and ambiguous.  Google further objects on the grounds that this Topic seeks information that is

3    neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the

4    discovery of admissible evidence.  Google further objects on the grounds that this Topic is overly

5    broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds

6    that this Topic seeks information not within Google's possession, custody or control.  Google

7    further objects on the grounds that this Topic seeks information already in Apple's possession or

8    available to Apple from other sources that are more convenient, less burdensome or less

9    expensive, including information available to Apple from Samsung or public sources.

10   **TOPIC FOR EXAMINATION NO. 4:**

11         Communications between you and Samsung relating to Slide to Unlock, Text Correction,
     Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data
12   Synchronization software, features, or functionality, including but not limited to any version of
     any such software, features, or functionality used in any of the Accused Products or in any version
13   of Android.

14   **RESPONSE TO TOPIC FOR EXAMINATION NO. 4:**

15         Google incorporates by reference its General Objections as though fully set forth herein.

16   Google further objects to this Topic to the extent that the term "Slide to Unlock, Text Correction,

17   Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data

18   Synchronization software, features, or functionality" is vague and ambiguous.  Google further

19   objects to this Topic to the extent that the term "used in any of the Accused Products" is vague and

20   ambiguous.  Google further objects to the extent that this Topic seeks information that is neither

21   relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery

22   of admissible evidence.  Google further objects to the extent that this Topic is overly broad,

23   unduly burdensome, oppressive, and duplicative.  Google further objects to the extent that this

24   Topic seeks information not within Google's possession, custody or control.  Google further

25   objects to the extent that this Topic seeks information protected from disclosure by the attorney-

26   client privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

27   including but not limited to the common interest or joint defense privileges.  Google further

28   objects to the extent that this Topic calls for legal conclusions.  Google further objects to the

1  extent that this Topic seeks information already in Apple's possession or available to Apple from

2  other sources that are more convenient, less burdensome or less expensive, including information

3  available to Apple from Samsung or public sources.

4         Subject to and without waiver of its general and specific objections, Google will produce a

5  witness to testify regarding this Topic, as relevant to the accused functionality in this action.

6  **TOPIC FOR EXAMINATION NO. 5:**

7         Communications between you and Samsung relating to Apple, including but not limited to
   communications relating to Apple's products incorporating any version of the iOS operating

8  system.

9  **RESPONSE TO TOPIC FOR EXAMINATION NO. 5:**

10        Google incorporates by reference its General Objections as though fully set forth herein.

11 Google further objects on the grounds that this Topic seeks information that is neither relevant to

12 any claims or defenses in this action nor reasonably calculated to lead to the discovery of

13 admissible evidence.  Google further objects on the grounds that this Topic is overly broad, unduly

14 burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Topic

15 seeks information not within Google's possession, custody or control.  Google further objects on

16 the grounds that this Topic seeks information protected from disclosure by the attorney-client

17 privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

18 including but not limited to the common interest or joint defense privileges.  Google further

19 objects on the grounds that this Topic calls for legal conclusions.  Google further objects on the

20 grounds that this Topic seeks information already in Apple's possession or available to Apple

21 from other sources that are more convenient, less burdensome or less expensive, including

22 information available to Apple from Samsung or public sources.

23 **TOPIC FOR EXAMINATION NO. 6:**

24        The design, development, and implementation in Android of the Slide to Unlock, Text
   Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,

25 and/or Data Synchronization software, features, or functionality.

26 **RESPONSE TO TOPIC FOR EXAMINATION NO. 6:**

27        Google incorporates by reference its General Objections as though fully set forth herein.

28 Google further objects to this Topic to the extent that the term "implementation in Android" is

---

-10-

vague and ambiguous.  Google further objects to this Topic to the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous. Google further objects to the extent that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to the extent that this Topic is overly broad, unduly burdensome, oppressive, and duplicative.  Google further objects to the extent that this Topic seeks information not within Google's possession, custody or control.  Google further objects to the extent that this Topic seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges.  Google further objects to the extent that this Topic calls for legal conclusions.  Google further objects to the extent that this Topic seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

Subject to and without waiver of its general and specific objections, Google will produce a witness to testify regarding this Topic, as relevant to the accused functionality in this action.

**TOPIC FOR EXAMINATION NO. 7:**

The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 7:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic to the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google further objects to the extent that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

1   Google further objects to the extent that this Topic is overly broad, unduly burdensome,

2   oppressive, and duplicative.  Google further objects to the extent that this Topic seeks information

3   not within Google's possession, custody or control.  Google further objects to the extent that this

4   Topic seeks information protected from disclosure by the attorney-client privilege, the attorney

5   work product doctrine, or any other applicable privilege or immunity, including but not limited to

6   the common interest or joint defense privileges.  Google further objects to the extent that this

7   Topic calls for legal conclusions.  Google further objects to the extent that this Topic seeks

8   information already in Apple's possession or available to Apple from other sources that are more

9   convenient, less burdensome or less expensive, including information available to Apple from

10  Samsung or public sources.

11          Subject to and without waiver of its general and specific objections, Google will produce a

12  witness to testify regarding this Topic, as relevant to the accused functionality in this action.

13  **TOPIC FOR EXAMINATION NO. 8:**

14          Any efforts or attempts, including the analysis and decision-making to engage in such
    efforts or attempts, to design around or otherwise imitate without directly copying Apple's
15  products that incorporate any version of the iOS operating system as well as the Slide to Unlock,
    Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,
16  and/or Data Synchronization software, features, or functionality.

17  **RESPONSE TO TOPIC FOR EXAMINATION NO. 8:**

18          Google incorporates by reference its General Objections as though fully set forth herein.

19  Google further objects to this Topic on the grounds that the term "[a]ny efforts or attempts,

20  including the analysis and decision-making to engage in such efforts or attempts" is vague and

21  ambiguous.  Google further objects to this Topic on the grounds that the term "design around or

22  otherwise imitate without directly copying" is vague and ambiguous.  Google further objects to

23  this Topic on the grounds that the term "Slide to Unlock, Text Correction, Unified Search, Special

24  Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software,

25  features, or functionality" is vague and ambiguous.  Google further objects on the grounds that this

26  Topic seeks information that is neither relevant to any claims or defenses in this action nor

27  reasonably calculated to lead to the discovery of admissible evidence.  Google further objects on

28  the grounds that this Topic is overly broad, unduly burdensome, oppressive, and duplicative.

1   Google further objects on the grounds that this Topic seeks information not within Google's

2   possession, custody or control.  Google further objects on the grounds that this Topic seeks

3   information protected from disclosure by the attorney-client privilege, the attorney work product

4   doctrine, or any other applicable privilege or immunity, including but not limited to the common

5   interest or joint defense privileges.  Google further objects on the grounds that this Topic calls for

6   legal conclusions.  Google further objects on the grounds that this Topic seeks information already

7   in Apple's possession or available to Apple from other sources that are more convenient, less

8   burdensome or less expensive, including information available to Apple from Samsung or public

9   sources.

10  **TOPIC FOR EXAMINATION NO. 9:**

11       Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying
     of any Apple product, including but not limited to Apple's products that incorporate any version of
12   the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special
     Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software,
13   features, or functionality.

14  **RESPONSE TO TOPIC FOR EXAMINATION NO. 9:**

15       Google incorporates by reference its General Objections as though fully set forth herein.

16  Google further objects to this Topic on the grounds that the term "[a]ny analysis, review,

17  consideration, evaluation, inspection, tear-down report, or copying" is vague and ambiguous.

18  Google further objects to this Topic on the grounds that the term "Slide to Unlock, Text

19  Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,

20  and/or Data Synchronization software, features, or functionality" is vague and ambiguous.  Google

21  further objects on the grounds that this Topic seeks information that is neither relevant to any

22  claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible

23  evidence.  Google further objects on the grounds that this Topic is overly broad, unduly

24  burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Topic

25  seeks information not within Google's possession, custody or control.  Google further objects on

26  the grounds that this Topic seeks information protected from disclosure by the attorney-client

27  privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

28  including but not limited to the common interest or joint defense privileges.  Google further

1   objects on the grounds that this Topic calls for legal conclusions.  Google further objects on the

2   grounds that this Topic seeks information already in Apple's possession or available to Apple

3   from other sources that are more convenient, less burdensome or less expensive, including

4   information available to Apple from Samsung or public sources.

5   **TOPIC FOR EXAMINATION NO. 10:**

6         The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text
    Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return,
7   and/or Data Synchronization on a phone or other mobile device.

8   **RESPONSE TO TOPIC FOR EXAMINATION NO. 10:**

9         Google incorporates by reference its General Objections as though fully set forth herein.

10  Google further objects to this Topic to the extent that the term "importance to consumers and

11  consumer purchasing decisions" is vague and ambiguous.  Google further objects to this Topic to

12  the extent that the term "Slide to Unlock, Text Correction, Unified Search, Special Text Detection,

13  Historical Lists, Alternative Call Return, and/or Data Synchronization" is vague and ambiguous.

14  Google further objects to this Topic to the extent that the term "on a phone or other mobile device"

15  is vague and ambiguous.  Google further objects to the extent that this Topic seeks information

16  that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to

17  the discovery of admissible evidence.  Google further objects to the extent that this Topic is overly

18  broad, unduly burdensome, oppressive, and duplicative.  Google further objects to the extent that

19  this Topic seeks information not within Google's possession, custody or control.  Google further

20  objects to the extent that this Topic seeks information protected from disclosure by the attorney-

21  client privilege, the attorney work product doctrine, or any other applicable privilege or immunity,

22  including but not limited to the common interest or joint defense privileges.  Google further

23  objects to the extent that this Topic calls for legal conclusions.  Google further objects to the

24  extent that this Topic seeks information already in Apple's possession or available to Apple from

25  other sources that are more convenient, less burdensome or less expensive, including information

26  available to Apple from Samsung or public sources.

27        Subject to and without waiver of its general and specific objections, Google will produce a

28  witness to testify regarding this Topic, as relevant to the accused functionality in this action.

**TOPIC FOR EXAMINATION NO. 11:**

The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 11:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "importance to consumers and consumer purchasing decisions" is vague and ambiguous. Google further objects to this Topic on the grounds that the term "the ability or capability to search the Internet on a phone or mobile device" is vague and ambiguous. Google further objects on the grounds that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Topic is overly broad, unduly burdensome, oppressive, and duplicative. Google further objects on the grounds that this Topic seeks information not within Google's possession, custody or control. Google further objects on the grounds that this Topic seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, including but not limited to the common interest or joint defense privileges. Google further objects on the grounds that this Topic calls for legal conclusions. Google further objects on the grounds that this Topic seeks information already in Apple's possession or available to Apple from other sources that are more convenient, less burdensome or less expensive, including information available to Apple from Samsung or public sources.

**TOPIC FOR EXAMINATION NO. 12:**

Revenue, profits and costs associated with any of the Accused Features.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 12:**

Google incorporates by reference its General Objections as though fully set forth herein. Google further objects to this Topic on the grounds that the term "the Accused Features" is vague and ambiguous. Google further objects on the grounds that this Topic seeks information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. Google further objects on the grounds that this Topic is overly

broad, unduly burdensome, oppressive, and duplicative.  Google further objects on the grounds

that this Topic seeks information not within Google's possession, custody or control.  Google

further objects on the grounds that this Topic seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

immunity, including but not limited to the common interest or joint defense privileges.

**TOPIC FOR EXAMINATION NO. 13:**

The Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685, including communications with any other person or entity related to that reexamination, the alleged prior art identified in that reexamination and all financial or other support received related to that request.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 13:**

Google incorporates by reference its General Objections as though fully set forth herein.

Google further objects to the extent that this Topic seeks information that is neither relevant to any

claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  Google further objects to the extent that this Topic is overly broad, unduly burdensome,

oppressive, and duplicative.  Google further objects to the extent that this Topic seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

any other applicable privilege or immunity, including but not limited to the common interest or

joint defense privileges.

Subject to and without waiver of its general and specific objections, Google will produce a

witness to testify regarding this Topic, as relevant to the accused functionality in this action.

**TOPIC FOR EXAMINATION NO. 14:**

Communications between you or your counsel and Samsung or its counsel related to the '604 Reexamination Request.

**RESPONSE TO TOPIC FOR EXAMINATION NO. 14:**

Google incorporates by reference its General Objections as though fully set forth herein.

Google further objects on the grounds that this Topic seeks information that is neither relevant to

any claims or defenses in this action nor reasonably calculated to lead to the discovery of

admissible evidence.  Google further objects on the grounds that this Topic seeks information

protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

1  any other applicable privilege or immunity, including but not limited to the common interest or

2  joint defense privileges.

3  **TOPIC FOR EXAMINATION NO. 15:**

4      The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun of Samsung
   and Eric Schmidt of Google, and any continuation thereof, including the purposes, intents, and
5  goals of the meeting, preparations made for the meeting, subjects discussed during the meeting,
   and outcomes of the meeting.

6
   **RESPONSE TO TOPIC FOR EXAMINATION NO. 15:**
7
       Google incorporates by reference its General Objections as though fully set forth herein.
8
   Google further objects on the grounds that this Topic seeks information that is neither relevant to
9
   any claims or defenses in this action nor reasonably calculated to lead to the discovery of
10
   admissible evidence.  Google further objects on the grounds that this Topic is overly broad, unduly
11
   burdensome, oppressive, and duplicative.  Google further objects on the grounds that this Topic
12
   seeks information protected from disclosure by the attorney-client privilege, the attorney work
13
   product doctrine, or any other applicable privilege or immunity, including but not limited to the
14
   common interest or joint defense privileges.
15

16  DATED:  October 15, 2012            QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
17

18

19                                      */s Matthew S. Warren*
                                        _____
20                                      Amy H. Candido
                                        Matthew S. Warren
21                                      Quinn Emanuel Urquhart & Sullivan, LLP
                                        50 California Street, 22nd Floor
22                                      San Francisco, California 94111
                                        (415) 875-6600
23                                      (415) 875-6700 facsimile

24                                      *Counsel for Google Inc.*

25

26

27

28

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is 50 California Street, 22nd Floor, San Francisco, California, 94111-4788.  On October 15, 2012, I served true copies of the following document described as:

**RESPONSES AND OBJECTIONS OF NON-PARTY GOOGLE INC. TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION SERVED BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.**

on the following parties in this action:

**Counsel for Apple Inc.:**

Josh A. Krevitt
H. Mark Lyon
Gibson, Dull & Crutcher LLP
1881 Page Mill Road
Palo Alto, California 94304
Apple/Samsung@gibsondunn.com

**Counsel for Samsung Electronics Co., Ltd.:**

Charles K. Verhoeven
Kevin A. Smith
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
(415) 875-6600
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

Kevin P.B. Johnson
Victoria F. Maroulis
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

William C. Price
Patrick M. Shields
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
(213) 443-3000
williamprice@quinnemanuel.com
patrickshields@quinnemanuel.com

John Caracappa (pro hac vice)
Steptoe & Johnson, LLP
1330 Connecticut Avenue NW
Washington, D.C.  20036
(202) 429-6267
jcaracappa@steptoe.com

**BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart &

Sullivan, LLP for collecting and processing correspondence for mailing with the United States

Postal Service.  Under that practice, it would be deposited with the United States Postal Service

that same day in the ordinary course of business.  At my direction, the foregoing was enclosed in

sealed envelopes addressed as above, and such envelopes were placed for collection and mailing

with postage thereon fully prepaid at San Francisco, California, on that same day following

ordinary business practices.

**BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from

jeffnardinelli@quinnemanuel.com on October 15, 2012, by transmitting a PDF format copy of the

document to each such person at the email address listed below their address.  The document was

transmitted by electronic transmission and such transmission was reported as complete and

without error.

I am employed in the office and under the supervision of a member of the bar of this Court

at whose direction service was made.

Executed on October 15, 2012, at San Francisco, California.


*/s Jeff Nardinelli*
_____
Jeff Nardinelli

# EXHIBIT 10

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

**REQUEST FOR PRODUCTION NO. 431:**

All DOCUMENTS RELATING TO which features drive demand for tablets from 2010 through the present.

**REQUEST FOR PRODUCTION NO. 432:**

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any version of the iPhone from 2007 through the present.

**REQUEST FOR PRODUCTION NO. 433:**

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any version of the iPad from 2010 through the present.

**REQUEST FOR PRODUCTION NO. 434:**

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any smartphone from 2007 through the present.

**REQUEST FOR PRODUCTION NO. 435:**

All DOCUMENTS RELATING TO the value to consumers, or potential consumers, of any specific features or attributes of any tablet from 2010 through the present.

**REQUEST FOR PRODUCTION NO. 436:**

All market research conducted by YOU, on YOUR behalf or by any third party that YOU received between 2007 and the present that RELATES TO smartphones, including but not limited to any DOCUMENT regarding the drivers of consumer demand for smartphones, either generally or as particular models or brands, and the reasons consumers purchase particular brands or models of smartphones.

1   **REQUEST FOR PRODUCTION NO. 437:**

2       All market research conducted by YOU, on YOUR behalf or by any third party that YOU

3   received between 2010 and the present that RELATES TO tablets, including but not limited to any

4   DOCUMENT regarding the drivers of consumer demand for tablets, either generally or as to

5   particular models or brands, and the reasons consumers purchase particular brands or models of

6   tablets.

7

8   **REQUEST FOR PRODUCTION NO. 438:**

9       All smartphone market research conducted by YOU, on YOUR behalf or by any third

10  party that YOU received between 2007 and the present that contains comparisons of any version

11  of the iPhone with other smartphones.

12

13  **REQUEST FOR PRODUCTION NO. 439:**

14      All tablet market research conducted by YOU, on YOUR behalf or by any third party that

15  YOU received between 2010 and the present that contains comparisons of any version of the iPad

16  with other tablets.

17

18  **REQUEST FOR PRODUCTION NO. 440:**

19      All DOCUMENTS RELATING TO the effect screen size has on consumer demand for

20  any smartphone.

21

22  **REQUEST FOR PRODUCTION NO. 441:**

23      All DOCUMENTS RELATING TO the effect screen size has on consumer demand for

24  any tablet.

25

26  **REQUEST FOR PRODUCTION NO. 442:**

27      All DOCUMENTS RELATING TO the effect price has on consumer demand for any

28  smartphone.

-15-

DATED: November 19, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  /s/ Scott L. Watson
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price


John Caracappa (*pro hac vice*)
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington DC 20036
TEL:   202-429-6267
FAX:   202-429-3902

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129 (CA);
2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>     Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On November 19, 2012, I served true copies of the following documents, described as:

**SAMSUNG'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties in this action addressed as follows:

| ATTORNEYS FOR APPLE INC. | ATTORNEYS FOR APPLE INC. |
|---|---|
| HAROLD J. MCELHINNY<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA      94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA      94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA      94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 19, 2012, at Los Angeles, California.

*/s/ Michael L. Fazio*



# EXHIBIT 11
to Declaration of Shannon Mader

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

Attorneys for SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S FOURTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 733-938)** |

1  **REQUEST FOR PRODUCTION NO. 756:**

2      All DOCUMENTS RELATING TO the impact of any feature or functionality of the

3  APPLE ACCUSED PRODUCTS on consumer preferences or purchasing decisions.

4

5  **REQUEST FOR PRODUCTION NO. 757:**

6      All DOCUMENTS RELATING TO the impact of any the APPLE ACCUSED

7  FEATURES on consumer preferences or purchasing decisions.

8

9  **REQUEST FOR PRODUCTION NO. 758:**

10     All DOCUMENTS RELATING TO the reasons why consumers purchase, or choose not to

11  purchase, any of the APPLE ACCUSED PRODUCTS, including but not limited to competitive

12  market analyses and consumer surveys.

13

14  **REQUEST FOR PRODUCTION NO. 759:**

15     All DOCUMENTS RELATING TO which features or attributes drive consumer demand

16  for any of the APPLE ACCUSED PRODUCTS.

17

18  **REQUEST FOR PRODUCTION NO. 760:**

19     All DOCUMENTS RELATING TO consumer demand for any of the APPLE ACCUSED

20  FEATURES.

21

22  **REQUEST FOR PRODUCTION NO. 761:**

23     All DOCUMENTS RELATING TO the impact of any feature or functionality of the

24  APPLE ACCUSED PRODUCTS on consumer demand for any of the APPLE ACCUSED

25  PRODUCTS.

26

27

28

**REQUEST FOR PRODUCTION NO. 780:**

All DOCUMENTS RELATING TO comparisons of any feature or functionality of any of the APPLE ACCUSED PRODUCTS with any feature or functionality of any non-accused APPLE product.

**REQUEST FOR PRODUCTION NO. 781:**

All DOCUMENTS RELATING TO competitive assessments of any of the APPLE ACCUSED FEATURES, including any comparison of any of the APPLE ACCUSED FEATURES with any feature or functionality of any competing product.

**REQUEST FOR PRODUCTION NO. 782:**

All DOCUMENTS RELATING TO comparisons of any of the APPLE ACCUSED FEATURES with any features or functionality of any non-accused APPLE product.

**REQUEST FOR PRODUCTION NO. 783:**

All DOCUMENTS RELATING TO competitive assessments of any technology claimed or disclosed by the SAMSUNG PATENTS, including any comparison of any technology claimed or disclosed by the SAMSUNG PATENTS with any technology, feature or functionality of any competing product.

**REQUEST FOR PRODUCTION NO. 784:**

All DOCUMENTS RELATING TO price elasticity, elasticity of demand, or consumer price sensitivity for the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 785:**

All DOCUMENTS RELATING TO whether any APPLE ACCUSED PRODUCT has taken or will take market share from SAMSUNG or otherwise caused SAMSUNG to lose sales.

1   **REQUEST FOR PRODUCTION NO. 786:**

2       All DOCUMENTS RELATING TO whether purchasers of APPLE ACCUSED

3   PRODUCTS are less likely to purchase SAMSUNG products in the future.

4

5   **REQUEST FOR PRODUCTION NO. 787:**

6       All DOCUMENTS RELATING TO whether SAMSUNG will be able to regain any

7   market share allegedly lost as a result of the sale of any APPLE ACCUSED PRODUCT.

8

9   **REQUEST FOR PRODUCTION NO. 788:**

10       DOCUMENTS sufficient to identify on a monthly and quarterly basis the respective

11   market shares of each version of the APPLE ACCUSED PRODUCTS.

12

13   **REQUEST FOR PRODUCTION NO. 789:**

14       DOCUMENTS sufficient to identify on a monthly and quarterly basis the respective

15   market shares of each of the SAMSUNG COVERED PRODUCTS.

16

17   **REQUEST FOR PRODUCTION NO. 790:**

18       DOCUMENTS sufficient to identify on a monthly or quarterly basis the respective market

19   shares of each product that competes with any version of the APPLE ACCUSED PRODUCTS.

20

21   **REQUEST FOR PRODUCTION NO. 791:**

22       All DOCUMENTS RELATING TO competition between any version of the APPLE

23   ACCUSED PRODUCTS and any SAMSUNG product.

24

25   **REQUEST FOR PRODUCTION NO. 792:**

26       All DOCUMENTS RELATING TO market share and market share projections for mobile

27   phones based on the operating system employed from 2007 through the present.

28

**REQUEST FOR PRODUCTION NO. 912:**

All DOCUMENTS RELATING TO any security interest in or lien against any of the APPLE PATENTS or any related patents.

**REQUEST FOR PRODUCTION NO. 913:**

All DOCUMENTS referred to, RELATED TO, or consulted in preparing APPLE's Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**REQUEST FOR PRODUCTION NO. 914:**

All DOCUMENTS and things constituting or pertaining to business plans, market studies, strategic plans, competitive analyses, board meeting minutes and the like involving the design, development, maintenance, programming, or support of the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 915:**

DOCUMENTS sufficient to show costs and expenses associated with developing or designing the APPLE ACCUSED PRODUCTS as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 916:**

All DOCUMENTS RELATED TO the opinion testimony of individuals you contend are qualified experts.

**REQUEST FOR PRODUCTION NO. 917:**

All DOCUMENTS and things pertaining to the factual basis for SAMSUNG's request for damages as it appears in SAMSUNG's Counterclaims.

**REQUEST FOR PRODUCTION NO. 918:**

All DOCUMENTS regarding sales or marketing of the APPLE ACCUSED PRODUCTS within the United States.

1 **REQUEST FOR PRODUCTION NO. 924**:

2      All DOCUMENTS discussing, analyzing, or evaluating any of the intellectual property

3 rights that SAMSUNG has asserted in this lawsuit.

4

5 **REQUEST FOR PRODUCTION NO. 925**:

6      DOCUMENTS sufficient to identify retailers in the United States to whom APPLE sells

7 the APPLE ACCUSED PRODUCTS.

8

9 **REQUEST FOR PRODUCTION NO. 926**:

10      All DOCUMENTS RELATED TO the APPLE ACCUSED FEATURES .

11

12 **REQUEST FOR PRODUCTION NO. 927**:

13      DOCUMENTS sufficient to show the date when and location where each of the APPLE

14 ACCUSED PRODUCTS was first offered for sale in the United States.

15

16 **REQUEST FOR PRODUCTION NO. 928**:

17      All DOCUMENTS provided by market research firms that relate to or discuss any APPLE

18 ACCUSED PRODUCTS.

19

20 **REQUEST FOR PRODUCTION NO. 929**:

21      All DOCUMENTS showing or purporting to show the reasons why purchasers of any and

22 all products sold by a person or entity other than APPLE that competes with the APPLE

23 ACCUSED PRODUCTS, including smartphones and tablets, make their purchase decisions, and

24 any analyses, evaluations, surveys, and reviews of such decisions.

25

26 **REQUEST FOR PRODUCTION NO. 930**:

27      To the extent not already produced, all DOCUMENTS RELATING TO discussions

28 between SAMSUNG and APPLE RELATING TO the licensing of patents rights, including

**REQUEST FOR PRODUCTION NO. 936:**

DOCUMENTS sufficient to show which APPLE device, including but not limited to smartphones, tablets, and media players, whether or not that device is an APPLE ACCUSED PRODUCT, first incorporated each of the APPLE ACCUSED FEATURES.

**REQUEST FOR PRODUCTION NO. 937:**

DOCUMENTS sufficient to show the existence of any APPLE ACCUSED FEATURE in any APPLE product other than the APPLE ACCUSED PRODUCTS.

**REQUEST FOR PRODUCTION NO. 938:**

DOCUMENTS sufficient to show the design, development, implementation, usability and product planning of the SOFTWARE running on or used by the APPLE ACCUSED FEATURES of the APPLE ACCUSED PRODUCTS.

DATED: March 1, 2013            QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By  */s/ Scott L. Watson*
                                   Charles K. Verhoeven
                                   Kevin P.B. Johnson
                                   Victoria F. Maroulis
                                   William C. Price


                                   John Caracappa (*pro hac vice*)
                                   Steptoe & Johnson, LLP
                                   1330 Connecticut Avenue, NW
                                   Washington DC 20036
                                   TEL:   202-429-6267
                                   FAX:   202-429-3902

                                   Attorneys for Defendants
                                   SAMSUNG ELECTRONICS CO., LTD.,
                                   SAMSUNG ELECTRONICS AMERICA, INC.,
                                   and SAMSUNG TELECOMMUNICATIONS
                                   AMERICA, LLC

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.   I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On March 1, 2013, I served true copies of the following document(s) described as

- **SAMSUNG'S FOURTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 733-938)**

on the interested parties in this action as follows:

| **ATTORNEYS FOR APPLE INC.** | **ATTORNEYS FOR APPLE INC.** |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA        94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA      94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE<br>AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA      94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION:**   By electronic mail transmission from michaelfazio@quinnemanuel.com on March 1, 2013 by transmitting a PDF format copy of such document(s) to each such person at the e mail address listed below their address(es).   The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2013, at Los Angeles, California.

*/s/ Amar Thakur*
Amar Thakur

# EXHIBIT 12

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc. and Samsung
Telecommunications America LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** |

1    Pursuant to Rule 26(a)(1) of the <u>Federal Rules of Civil Procedure</u>, Defendants Samsung

2    Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3    America, LLC (collectively "Samsung") hereby make the following Amended and Supplemental

4    Initial Disclosures.

5    Samsung makes these Amended and Supplemental Initial Disclosures subject to and

6    without waiving any applicable privilege, doctrine, or right, including without limitation the

7    attorney-client privilege, the work product doctrine, and all other rights and privileges recognized

8    under the laws of the United States, the State of California and all other relevant jurisdictions.

9    Samsung does not concede the relevance or admissibility of any particular information or witness.

10   Samsung's investigation is ongoing, and makes these disclosures based on information currently

11   available to it.  Thus, Samsung reserves the right to further amend or supplement these disclosures

12   and to present additional evidence to support its claims and defenses with any filing or during any

13   other proceeding in this action.

14   **<u>WITNESSES</u>**

15   Pursuant to Rule 26(a)(1)(A)(i), Samsung identifies the following additional witnesses who

16   are likely to have discoverable information that Samsung may use to support its claims or

17   defenses, along with their possible subjects of testimony.  Samsung reserves the right to further

18   supplement or amend this witness disclosure pursuant to Rule 26(e) if additional witnesses or

19   subjects are identified.  Samsung does not purport to identify any retained experts in these

20   disclosures.  Such experts will be disclosed pursuant to Rule 26(a)(2).

21

22

23

24

25

26

27

28

| Witness | Contact Information | Subject |
|---|---|---|
| David Ascher | Mozilla Inc.<br>c/o Desiree D. Almendral,<br>Legal Counsel<br>Mozilla Corporation<br>650 Castro Street, Ste. 300<br>Mountain View CA  94041 | Prior Art to one or more of Apple's Patents-in-Suit |
| Björn Bringert | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Cary Clark | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Bonnie Cohen | c/o Quinn Emanuel Urquhart & Sullivan, LLP | Prior Art to one or more of Apple's Patents-in-Suit |
| Dianne Hackborn | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Jeff Hamilton | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Judi Heher | 184 Bobs Lane<br>Scotts Valley, CA  95066 | Prior Art to one or more of Apple's Patents-in-Suit |
| David Intersimone | c/o Neil D. Greenstein<br>Techmark<br>3525 Del Mar Heights Road,<br>Suite 780<br>San Diego, CA  92130 | Prior Art to one or more of Apple's Patents-in-Suit |
| Sidney Markowitz | c/o Quinn Emanuel Urquhart & Sullivan, LLP | Prior Art to one or more of Apple's Patents-in-Suit |
| Jim Miller | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Jens Nagel | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Srini Nimmala | Apple | Infringement of one or more of Samsung's Patents-in-Suit |
| Fred Quintana | Google Inc.<br>c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |

| Witness | Contact Information | Subject |
|---|---|---|
| Employees of T-Mobile USA Inc. | Upon information and belief: T-Mobile USA Inc. 12920 SE 38th Street Bellevue WA, 98006 | Infringement of one or more of Samsung's Patents-in-Suit |
| Ken Wakasa | Google Inc. c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |
| Paul Westbrook | Google Inc. c/o Quinn Emanuel Urquhart & Sullivan, LLP | Design, development, and functionality of Google's Android products |

DATED:  June 8, 2013                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                   By /s/ Victoria F. Maroulis
                                        William C. Price
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis

                                        Attorneys for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On June 8, 2013, I served true copies of the following documents, described as:

**SAMSUNG'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC.** | **ATTORNEYS FOR APPLE INC.** |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.**<br><br>MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WHAppleSamsungNDCalIIService@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND<br>DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA   94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es).  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2013 at Los Angeles, California.

*/s/ Michael L. Fazio*
Michael L. Fazio

# EXHIBIT 13

**to Declaration of Shannon Mader**

**CONTAINS INFORMATION DESIGNATED
HIGHLY CONFIDENTIAL - ATTORNEY'S
EYES ONLY
FILED UNDER SEAL**

# EXHIBIT 14

**to Declaration of Shannon Mader**

1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  Michael L. Fazio (Bar No. 228601)
    michaelfazio@quinnemanuel.com
13  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
14  Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

15
    Attorneys for Samsung Electronics Co., Ltd.,
16  Samsung Electronics America, Inc. and Samsung
    Telecommunications America LLC
17

18                  UNITED STATES DISTRICT COURT

19        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

20  APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK

21                Plaintiff,                     **SAMSUNG'S AMENDED AND
                                                SUPPLEMENTAL INITIAL
22         vs.                                  DISCLOSURES PURSUANT TO FED. R.
                                                CIV. P. 26(a)(1)**
23  SAMSUNG ELECTRONICS CO., LTD., a
    Korean business entity; SAMSUNG
24  ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
25  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
26
                  Defendants.
27

28

1    Pursuant to Rule 26(a)(1) of the <u>Federal Rules of Civil Procedure</u>, Defendants Samsung

2  Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications

3  America, LLC (collectively "Samsung") hereby make the following Amended and Supplemental

4  Initial Disclosures.

5    Samsung makes these Amended and Supplemental Initial Disclosures subject to and

6  without waiving any applicable privilege, doctrine, or right, including without limitation the

7  attorney-client privilege, the work product doctrine, and all other rights and privileges recognized

8  under the laws of the United States, the State of California and all other relevant jurisdictions.

9  Samsung does not concede the relevance or admissibility of any particular information or witness.

10  Samsung's investigation is ongoing, and makes these disclosures based on information currently

11  available to it.  Thus, Samsung reserves the right to further amend or supplement these disclosures

12  and to present additional evidence to support its claims and defenses with any filing or during any

13  other proceeding in this action.

14    **WITNESSES**

15    Pursuant to Rule 26(a)(1)(A)(i), Samsung identifies the following additional witnesses who

16  are likely to have discoverable information that Samsung may use to support its claims or

17  defenses, along with their possible subjects of testimony.  Samsung reserves the right to further

18  supplement or amend this witness disclosure pursuant to Rule 26(e) if additional witnesses or

19  subjects are identified.  Samsung does not purport to identify any retained experts in these

20  disclosures.  Such experts will be disclosed pursuant to Rule 26(a)(2).

| Witness | Contact Information | Subject |
|---------|--------------------|---------|
| Hiroshi Lockheimer | Google Inc.<br>c/o Quinn Emanuel Urquhart<br>& Sullivan, LLP | Development and management of Google's Android products |

1  DATED:  June 17, 2013                QUINN EMANUEL URQUHART &
2                                        SULLIVAN, LLP

3                                        By /s/ Victoria F. Maroulis
                                             William C. Price
4                                            Kevin P.B. Johnson
                                             Victoria F. Maroulis
5
                                             Attorneys for SAMSUNG ELECTRONICS CO.,
6                                            LTD., SAMSUNG ELECTRONICS AMERICA,
                                             INC., and SAMSUNG
7                                            TELECOMMUNICATIONS AMERICA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             -2-                CASE NO. 12-CV-00630-LHK
                      SAMSUNG'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On June 17, 2013, I served true copies of the following documents, described as:

**SAMSUNG'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

on the interested parties in this action addressed as follows:

| **ATTORNEYS FOR APPLE INC.** | **ATTORNEYS FOR APPLE INC.** |
|---|---|
| MICHAEL A. JACOBS<br>mjacobs@mofo.com<br>RICHARD S. J. HUNG<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA   94105-2482<br>Telephone (415) 268-7000<br>Facsimile (415) 268-7522 | JOSH A. KREVITT<br>jkrevitt@gibsondunn.com<br>H. MARK LYON<br>mlyon@gibsondunn.com<br>MARK REITER<br>mreiter@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94302-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333<br>Apple/Samsung@gibsondunn.com |
| **ATTORNEYS FOR APPLE INC.** | |
| MARK D. SELWYN<br>mark.selwyn@wilmerhale.com<br>WHAppleSamsungNDCalIIService@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND<br>DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA   94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**BY ELECTRONIC MAIL TRANSMISSION** from michaelfazio@quinnemanuel.com, by transmitting PDF format copies of such documents to each such person identified above, at the e-mail address listed in their address(es). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 17, 2013 at Los Angeles, California.

_/s/ Michael L. Fazio_
Michael L. Fazio

CASE NO. 12-CV-00630-LHK
SAMSUNG'S AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES

# EXHIBIT 15

**to Declaration of Shannon Mader**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Patrick M. Shields (Bar No. 204739)
patrickshields@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung
Telecommunications America, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S NOTICE OF THIRD PARTY SUBPOENAS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the attached subpoenas will be served respectively on Hitachi, America Ltd., Gary Hall, Adobe, Electronic Arts, LG Electronics, Xerox, ABF Software, Adam Cheyer, Benjamin Pierce, Bill Luciw, Blakely Sokoloff Taylor & Zafman LLP, Bonnie Nardi, Brad Hochberg, Bruce Horn, Buchanan Ingersoll & Rooney PC, C. Douglass Thomas, Charles Bedard, Chris Brigham, Dag Kittlaus, David Casseres, David Orange, David Wright, Deanna Thomas, Eric Proul, Eric Roth, Frank Canova, Gitta Salomon, Hyung Sohn, Ivan Yurtin, James LaBarre, James R. Miller, James Scheller, Jean Luc Lebrun, Jeremy Wyld, Joakim Ingers, John F. Guay, John Thompson-Rohrlich, Kevin Tiene, Kumar Vora, Matthew Holloway, Mike Kobb, Mike Mallie, Oliver Steele, Patrick Holleran, Ralph Sprague, Robert Beyers, Robert Bowers, Ruth Ritter, Scott Shwarts, Stephen P. Capps, Steve Ashburn, Steve Sasson, Steve Wolfe, Tatiana Rossin, Thomas Bonura, Tim Harrington, Tim Oren, and Wayne Yurtin.

.

DATED:    June 18, 2013              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By  /s/ Amar Takur
                                     _____
                                        Amar Thakur
                                        Attorney for SAMSUNG ELECTRONICS CO.,
                                        LTD., SAMSUNG ELECTRONICS AMERICA,
                                        INC., and SAMSUNG
                                        TELECOMMUNICATIONS AMERICA, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 16

**to Declaration of Shannon Mader**

**Third Parties Who Have Recieved Multiple Samsung Subpoenas**

| Date Received | Recipient | Type |
|---|---|---|
| 3/9/2012 | Bonura, Thomas | Deposition/Docs. |
| 3/9/2012 | Miller, James R | Deposition/Docs. |
| 3/9/2012 | Nardi, Bonnie | Deposition/Docs. |
| 3/9/2012 | Wright, David | Deposition/Docs. |
| 3/19/2012 | Wright, David | Deposition/Docs. |
| 7/12/2012 | Microsoft Corp | Docs. |
| 7/13/2012 | Micro Focus Int'l | Docs. |
| 8/2/2012 | Microsoft Corp | Docs. |
| 8/31/2012 | Microsoft Corp | Docs. |
| 8/31/2012 | Tealpoint Software | Docs. |
| 9/10/2012 | Tealpoint Software | Docs. |
| 10/5/2012 | Miller, James R | Deposition/Docs. |
| 10/5/2012 | Capps, Stephen P | Deposition/Docs. |
| 10/5/2012 | Matas, Michael | Deposition/Docs. |
| 10/10/2012 | Nardi, Bonnie | Deposition/Docs. |
| 10/16/2012 | Bonura, Thomas | Deposition/Docs. |
| 10/16/2012 | Wright, David | Deposition/Docs. |
| 11/16/2012 | Nardi, Bonnie | Deposition/Docs. |
| 11/16/2012 | Sage North America | Docs. |
| 11/20/2012 | Micro Focus Int'l | Docs. |
| 11/20/2012 | Embarcadero Technologies | Docs. |
| 11/20/2012 | Palo Alto Research Center | Docs. |
| 11/26/2012 | Micro Focus Int'l | Deposition /Docs. |
| 11/26/2012 | Sage North America | Deposition /Docs. |
| 11/26/2012 | Embarcadero Technologies | Deposition /Docs. |
| 11/26/2012 | Palo Alto Research Center | Deposition /Docs. |
| 11/29/2012 | Sage North America | Objections/Responses |
| 12/4/2012 | Microsoft Corp | Deposition/Docs. |
| 12/4/2012 | Adobe | Deposition/Docs. |
| 12/17/2012 | Microsoft Corp | Deposition/Docs. |
| 12/24/2012 | Palo Alto Research Center | Deposition/Docs. |
| 12/24/2012 | T-Mobile USA | Docs. |
| 12/27/2012 | Stanford University | Deposition/Docs. |
| 12/31/2012 | Novell Inc. | Deposition/Docs. |
| 1/8/2013 | Embarcadero Technologies | Deposition/Docs. |
| 1/8/2013 | Stanford University | Deposition/Docs. |
| 1/9/2013 | Novell Inc. | Deposition/Docs. |
| 1/14/2013 | Yamamoto, Hiroaki | Docs. |
| 1/24/2013 | Yamamoto, Hiroaki | Docs. |
| 1/31/2013 | AT&T Inc. | Deposition/Docs. |
| 2/4/2013 | Yamamoto, Hiroaki | Docs. |
| 2/8/2013 | Nuance | Docs. |
| 2/25/2013 | Cycling '74 | Docs. |
| 3/14/2013 | Nuance | Docs. |
| 3/19/2013 | Blakely Sokolof | Deposition/Docs. |

**Third Parties Who Have Recieved Multiple Samsung Subpoenas**

| | | |
|---|---|---|
| 3/19/2013 | Buchanan, Ingersoll & Rooney | Deposition/Docs. |
| 3/19/2013 | Buchanan, Ingersoll & Rooney | Deposition/Docs. |
| 3/19/2013 | Thomas, Douglass | Deposition/Docs. |
| 3/19/2013 | Bedard, Charles | Deposition/Docs. |
| 3/19/2013 | Orange, David | Deposition/Docs. |
| 3/19/2013 | Casseres, David | Deposition/Docs. |
| 3/19/2013 | Thomas, Deanna | Deposition/Docs. |
| 3/19/2013 | Proul, Eric | Deposition/Docs. |
| 3/19/2013 | Roth, Eric | Deposition/Docs. |
| 3/19/2013 | Salomon, Gitta | Deposition/Docs. |
| 3/19/2013 | Sohn, Hyung | Deposition/Docs. |
| 3/19/2013 | LaBarre, James | Deposition/Docs. |
| 3/19/2013 | LaBarre, James | Deposition/Docs. |
| 3/19/2013 | Scheller, James | Deposition/Docs. |
| 3/19/2013 | Peterson, James | Deposition/Docs. |
| 3/19/2013 | Peterson, James | Deposition/Docs. |
| 3/19/2013 | Lebrun, Jean-Luc | Deposition/Docs. |
| 3/19/2013 | Guay, John | Deposition/Docs. |
| 3/19/2013 | Guay, John | Deposition/Docs. |
| 3/19/2013 | Thompson-Rohrlich, John | Deposition/Docs. |
| 3/19/2013 | Parng, Kuocheng | Deposition/Docs. |
| 3/19/2013 | Holloway, Matthew | Deposition/Docs. |
| 3/19/2013 | Mallie, Michael | Deposition/Docs. |
| 3/19/2013 | Erickson, Tom | Docs. |
| 3/19/2013 | Holleran, Patrick | Deposition/Docs. |
| 3/19/2013 | Sprague, Ralph | Deposition/Docs. |
| 3/19/2013 | Ritter, Ruth | Deposition/Docs. |
| 3/19/2013 | Wolfe, Steve | Deposition/Docs. |
| 3/19/2013 | Ashburn, Steven | Deposition/Docs. |
| 3/19/2013 | Rossin, Tatiana | Deposition/Docs. |
| 3/19/2013 | Oren, Tim | Deposition/Docs. |
| 4/2/2013 | Horn, Bruce | Deposition/Docs. |
| 4/8/2013 | Cycling '74 | Deposition/Docs. |
| 4/17/2013 | Horn, Bruce | Deposition/Docs. |
| 4/18/2013 | Microsoft Corp | Depositions/Docs. |
| 4/18/2013 | Brigham, Chris | Deposition/Docs. |
| 4/18/2013 | Cheyer, Adam | Deposition/Docs. |
| 4/18/2013 | Kittlaus, Dag | Deposition/Docs. |
| 4/18/2013 | Luciw, Bill | Deposition/Docs. |
| 4/18/2013 | Yurtin, Ivan | Deposition/Docs. |
| 4/18/2013 | Wyld, Jeremy | Deposition/Docs. |
| 4/18/2013 | Shwarts, Scott | Deposition/Docs. |
| 4/18/2013 | Yurtin, Wayne | Deposition/Docs. |
| 4/18/2013 | Harrington, Tim | Deposition/Docs. |
| 4/19/2013 | Horn, Bruce | Deposition/Docs. |
| 4/19/2013 | Beyers, Robert | Deposition/Docs. |
| 4/25/2013 | Erickson, Tom | Deposition |

**Third Parties Who Have Recieved Multiple Samsung Subpoenas**

| | | |
|---|---|---|
| 4/29/2013 | AT&T Inc. | Deposition/Docs. |
| 4/29/2013 | Wyld, Jeremy | Deposition/Docs. |
| 4/30/2013 | Tiene, Kevin | Deposition/Docs. |
| 4/30/2013 | Vora, Kumar | Deposition/Docs. |
| 4/30/2013 | Hochberg, Brad | Deposition/Docs. |
| 4/30/2013 | Bowers, Robert | Deposition/Docs. |
| 4/30/2013 | Kobb, Mike | Deposition/Docs. |
| 5/1/2013 | Wyld, Jeremy | Deposition/Docs. |
| 5/1/2013 | Harrington, Tim | Deposition/Docs. |
| 5/3/2013 | Parng, Kuocheng | Deposition/Docs. |
| 5/3/2013 | Wolfe, Steve | Deposition/Docs. |
| 5/3/2013 | Wyld, Jeremy | Deposition/Docs. |
| 5/6/2013 | Microsoft Corp | Deposition/Docs. |
| 5/6/2013 | Steele, Oliver | Deposition/Docs. |
| 5/17/2013 | Yurtin, Ivan | Deposition/Docs. |
| 5/20/2013 | Wolfe, Steve | Deposition/Docs. |
| 5/20/2013 | Harrington, Tim | Deposition/Docs. |
| 5/20/2013 | University of Washington | Deposition/Docs. |
| 5/21/2013 | T-Mobile USA | Deposition/Docs. |
| 5/21/2013 | Hochberg, Brad | Deposition/Docs. |
| 5/23/2013 | University of Washington | Deposition/Docs. |
| 5/24/2013 | Horn, Bruce | Deposition/Docs. |
| 5/30/2013 | Harrington, Tim | Deposition/Docs. |
| 6/4/2013 | Hitachi | Deposition/Docs. |
| 6/5/2013 | Thomas, Douglass | Deposition/Docs. |
| 6/5/2013 | Lenell, Jack | Deposition/Docs. |
| 6/5/2013 | Tek Law Group | Deposition/Docs. |
| 6/6/2013 | Microsoft Corp | Deposition/Docs. |
| 6/6/2013 | Lenell, Jack | Deposition/Docs. |
| 6/6/2013 | Tek Law Group | Deposition/Docs. |
| 6/10/2013 | Nuance | Deposition/Docs. |
| 6/11/2013 | Broadcomm | Deposition/Docs. |
| 6/17/2013 | Nuance | Docs. |
| 6/18/2013 | Bonura, Thomas | Docs. |
| 6/18/2013 | Miller, James R | Docs. |
| 6/18/2013 | Nardi, Bonnie | Docs. |
| 6/18/2013 | Wright, David | Docs. |
| 6/18/2013 | Capps, Stephen P | Docs. |
| 6/18/2013 | Adobe | Deposition/Docs. |
| 6/18/2013 | Blakely Sokolof | Docs. |
| 6/18/2013 | Buchanan, Ingersoll & Rooney | Docs. |
| 6/18/2013 | Thomas, Douglass | Docs. |
| 6/18/2013 | Bedard, Charles | Docs. |
| 6/18/2013 | Orange, David | Docs. |
| 6/18/2013 | Casseres, David | Docs. |
| 6/18/2013 | Thomas, Deanna | Docs. |
| 6/18/2013 | Proul, Eric | Docs. |

**Third Parties Who Have Recieved Multiple Samsung Subpoenas**

| | | |
|---|---|---|
| 6/18/2013 | Roth, Eric | Docs. |
| 6/18/2013 | Salomon, Gitta | Docs. |
| 6/18/2013 | Sohn, Hyung | Docs. |
| 6/18/2013 | LaBarre, James | Docs. |
| 6/18/2013 | Scheller, James | Docs. |
| 6/18/2013 | Lebrun, Jean-Luc | Docs. |
| 6/18/2013 | Guay, John | Docs. |
| 6/18/2013 | Thompson-Rohrlich, John | Docs. |
| 6/18/2013 | Holloway, Matthew | Docs. |
| 6/18/2013 | Mallie, Michael | Docs. |
| 6/18/2013 | Holleran, Patrick | Docs. |
| 6/18/2013 | Sprague, Ralph | Docs. |
| 6/18/2013 | Ritter, Ruth | Docs. |
| 6/18/2013 | Wolfe, Steve | Docs. |
| 6/18/2013 | Ashburn, Steven | Docs. |
| 6/18/2013 | Rossin, Tatiana | Docs. |
| 6/18/2013 | Oren, Tim | Docs. |
| 6/18/2013 | Horn, Bruce | Docs. |
| 6/18/2013 | Brigham, Chris | Docs. |
| 6/18/2013 | Cheyer, Adam | Docs. |
| 6/18/2013 | Kittlaus, Dag | Docs. |
| 6/18/2013 | Luciw, Bill | Docs. |
| 6/18/2013 | Yurtin, Ivan | Docs. |
| 6/18/2013 | Wyld, Jeremy | Docs. |
| 6/18/2013 | Shwarts, Scott | Docs. |
| 6/18/2013 | Yurtin, Wayne | Docs. |
| 6/18/2013 | Harrington, Tim | Docs. |
| 6/18/2013 | Beyers, Robert | Docs. |
| 6/18/2013 | Tiene, Kevin | Docs. |
| 6/18/2013 | Vora, Kumar | Docs. |
| 6/18/2013 | Hochberg, Brad | Docs. |
| 6/18/2013 | Bowers, Robert | Docs. |
| 6/18/2013 | Kobb, Mike | Docs. |
| 6/18/2013 | Steele, Oliver | Docs. |
| 6/18/2013 | Hitachi | Deposition/Docs. |
| 6/18/2013 | Pierce, Benjamin | Docs. |
| 6/21/2013 | Matas, Michael | Docs. |
| 6/28/2013 | Broadcomm | Deposition |
| 7/1/2013 | Pierce, Benjamin | Deposition/Docs. |