[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 5:12-cv-00630-LHK |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF TIME TO CONDUCT DEPOSITIONS** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| APPLE INC., a California corporation, | |
| Counterclaim-Defendant. | |

Pursuant to Civil L.R. 6-2, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively "Samsung") and Apple Inc. ("Apple") file this Stipulation regarding the deposition schedule for several witnesses.

WHEREAS, on May 2, 2012, the Court entered a scheduling order setting forth July 8, 2013 as the fact discovery cut-off;

WHEREAS, due to witness unavailability, the parties have agreed to conduct certain party witness and third party witness depositions after the July 8, 2013 fact discovery cut-off and no later than July 29, 2013;

WHEREAS, each of the party witness depositions listed below were noticed during the fact discovery period, and each of the third party witnesses listed below were served with a subpoena during the fact discovery period;

WHEREAS, neither party seeks to depose witnesses who were not noticed or served with a subpoena for deposition during the fact discovery period;

WHEREAS, Google was served with multiple subpoenas on June 4, 2013; on June 18, 2013 Google moved to quash those subpoenas; and Google's motion to quash is pending.

WHEREAS, by resolving that pending motion to quash, the Court will determine whether Google has any outstanding discovery obligations relating to the June 4, 2013 subpoenas;

WHEREAS, the parties agree that depositions of the following party witnesses may be conducted after July 8, 2013 and no later than July 29, 2013: Mark Buckley, Greg Joswiak, Sung Sik Lee, B.J. Watrous, Thomas Deniau, Justin Denison, Heungmo Lee, Todd Pendleton, Philip Schiller, Eric Jue, Kenneth Kocienda, Gordon Freedman, Patrick Murphy, and Kenneth McLeod;

WHEREAS, the parties agree to conduct the following third party depositions, and further agree that these third parties may produce documents reasonably in advance of such depositions, after July 8, 2013 and no later than July 29, 2013: Craig Anderson, Catherine Plaisant, David Potter, Chris Brigham, Hiroshi Lockheimer, Ken Wakasa, Jim Miller, Jeff Hamilton, Ann Hsieh, Gary Hall, Yan Balducci, Brewster Kahle, Mike Kobb, Brad Hochberg, Kevin Tiene, Chris Toshok, Steve Sasson, Dan Winship,   Novell Inc., Mozilla, TBWA Worldwide, Inc., OMD USA

1  LLC, Nokia, Akamai, Microsoft Corporation, Kyocera Communications, DeveloperOne, Nuance
2  Communications, Omnivision Technologies, Inc., Hitachi America Ltd., LG Corp., Intel,
3  Broadcom, Suzanne Chapman, Sony, Ericsson Inc., T-Mobile, Cornell University Library, IEEE,
4  AT&T, ReQuest Serious Play, Stewart Cheifet Productions, Kenneth Parulski, TI Law Group,
5  Douglass Thomas, Tek Law Group, Jack Lenell, Justin Ko, Sylvia Hall-Ellis, Ulrich Pfeiffer,
6  Norbert Fuhr, and Norbert Govert;

7  WHEREAS, the parties hereby stipulate and agree that if Google provides deposition
8  testimony or produces documents in connection with the June 4th subpoenas, neither party will
9  object to any such document production or deposition testimony occurring after July 8, 2013;

10  WHEREAS, either party may use these depositions for all permissible purposes in this
11  case and they shall be treated the same as depositions taken before the fact discovery cut-off;

12  WHEREAS, nothing in this agreement precludes either party from moving the Court to
13  take a deposition not listed above upon a showing of good cause.

14  WHEREAS, nothing in this agreement alters or in any way effects the parties' time
15  limitations for depositions as set forth in the Court's scheduling order entered on May 2, 2012;

16  WHEREAS, this stipulation and extension of time will not require altering any other
17  deadline presently on calendar in this matter.

18  NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the
19  parties that the foregoing party and third party witness depositions may occur after the July 8,
20  2013 fact discovery cut-off and no later than July 29, 2013.

21  IT IS SO STIPULATED.

22  DATED: July 6, 2013

23  By  /s/ H. Mark Lyon                              By  /s/ Victoria F. Maroulis

   Attorney for Plaintiff and Counterclaim-        Attorney for Defendants and Counterclaim-
   Defendant APPLE INC.                            Plaintiff SAMSUNG ELECTRONICS CO.,
                                                   LTD., SAMSUNG ELECTRONICS
                                                   AMERICA, INC., AND SAMSUNG
                                                   TELECOMMUNICATIONSAMERICA,
                                                   LLC

| | |
|---|---|
| Josh A. Krevitt (CA SBN 208552) | Charles K. Verhoeven (Bar No. 170151) |
| jkrevitt@gibsondunn.com | charlesverhoeven@quinnemanuel.com |
| H. Mark Lyon (CA SBN 162061) | Kevin A. Smith (Bar No. 250814) |
| mlyon@gibsondunn.com | kevinsmith@quinnemanuel.com |
| GIBSON, DUNN & CRUTCHER LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 1881 Page Mill Road | 50 California Street, 22nd Floor |
| Palo Alto, CA  94304-1211 | San Francisco, California 94111 |
| Telephone: (650) 849-5300 | Telephone: (415) 875-6600 |
| Facsimile: (650) 849-5333 | Facsimile: (415) 875-6700 |
| | |
| Michael A. Jacobs | Kevin P.B. Johnson |
| (CA SBN 111664) | (Bar No. 177129 (CA); 2542082 (NY)) |
| mjacobs@mofo.com | kevinjohnson@quinnemanuel.com |
| Richard S.J. Hung (CA SBN 197425) | Victoria F. Maroulis (Bar No. 202603) |
| rhung@mofo.com | victoriamaroulis@quinnemanuel.com |
| MORRISON & FOERSTER LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 425 Market Street | |
| San Francisco, California 94105-2482 | 555 Twin Dolphin Drive, 5th Floor |
| Telephone: (415) 268-7000 | Redwood Shores, California 94065 |
| Facsimile: (415) 268-7522 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| William F. Lee (pro hac vice) | William C. Price (Bar No. 108542) |
| William.lee@wilmerhale.com | williamprice@quinnemanuel.com |
| WILMER CUTLER PICKERING HALE AND DORR LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 60 State Street | 865 South Figueroa Street, 10th Floor |
| Boston, Massachusetts 02109 | Los Angeles, California 90017-2543 |
| Telephone: (617) 526-6000 | Telephone: (213) 443-3000 |
| Facsimile: (617) 526-5000 | Facsimile: (213) 443-3100 |
| | |
| Mark D. Selwyn (CA SBN 244180) | |
| mark.selwyn@wilmerhale.com | |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| 950 Page Mill Road | |
| Palo Alto, CA 94304 | |
| Telephone: (650) 858-6000 | |
| Facsimile: (650) 858-6100 | |

* * *

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

(1) The following depositions of party witnesses may be conducted after July 8, 2013 and no later than July 29, 2013: Mark Buckley, Greg Joswiak, Sung Sik Lee, B.J. Watrous, Steve Sasson, Thomas Deniau, Justin Denison, Heungmo Lee, Todd Pendleton, Philip Schiller, Eric Jue, Kenneth Kocienda, Gordon Freedman, Patrick Murphy, and Kenneth McLeod.

(2) The following third parties may be deposed, as well as produce documents reasonable in advance of such depositions, after July 8, 2013 and no later than July 29, 2013: Craig Anderson, Catherine Plaisant, David Potter, Chris Brigham, Hiroshi Lockheimer, Ken Wakasa, Jim Miller, Jeff Hamilton, Ann Hsieh, Gary Hall, Yan Balducci, Brewster Kahle, Mike Kobb, Brad Hochberg, Kevin Tiene, Chris Toshok, Steve Sasson, Dan Winship, Novell Inc., Mozilla, TBWA Worldwide, Inc., OMD USA LLC, Nokia, Akamai, Microsoft Corporation, Kyocera Communications, DeveloperOne, Nuance Communications, Omnivision Technologies, Inc., Hitachi America Ltd., LG Corp., Intel, Broadcom, Suzanne Chapman, Sony, Ericsson Inc., T-Mobile, Cornell University Library, IEEE, AT&T, ReQuest Serious Play, Stewart Cheifet Productions, Kenneth Parulski, TI Law Group, Douglass Thomas, Tek Law Group, Jack Lenell, Justin Ko, Sylvia Hall-Ellis, Ulrich Pfeiffer, Norbert Fuhr, and Norbert Govert.

(3) Subject to the Court's ruling on Google's pending motion to quash, if Google provides deposition testimony or produces documents in connection with the June 4th subpoenas, neither party will object to any such document production or deposition testimony occurring after July 8, 2013.

(4) Either party may use these depositions for all permissible purposes in this case and they shall be treated the same as depositions taken before the fact discovery cut-off.

(5)     Nothing in this agreement precludes either party from moving the Court to take a deposition not listed above upon a showing of good cause.

Dated:   July __, 2013

By: _____
HONORABLE LUCY H. KOH

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Extension of Time to Conduct Depositions.  In compliance with General Order 45.X.B, I hereby attest that Victoria Maroulis has concurred in this filing.

Dated: July 6, 2013                                    */s/ H. Mark Lyon*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: July 6, 2013                                    */s/ H. Mark Lyon*