QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND TO ENFORCE THE APRIL 12, 2013 ORDER**<br><br>Date: August 13, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |

02198.51981/5390630.8

1    PLEASE TAKE NOTICE that on August 13, 2013, at 10:00 am, or as soon thereafter as

2 the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District

3 Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st

4 Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.,

5 and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do

6 move the Court for an order compelling Apple Inc. ("Apple") to produce financial information and

7 pricing documents related to the accused Apple products and make available a witness to testify

8 regarding Apple's pricing strategies.

9    This motion is based on this Notice of Motion and supporting Memorandum of Points and

10 Authorities; the Declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached

11 thereto; and such other written or oral argument as may be presented at or before the time this

12 motion is deemed submitted by the Court.

13

14                  **RELIEF REQUESTED**

15    Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling

16 Apple to (1) produce, no later than August 15, 2013, documents showing monthly or quarterly

17 U.S. revenues, margins, profits, and cost breakdowns by product by memory size, (2) produce, no

18 later than August 15, 2013, all documents responsive to the Court's April 12 Order concerning

19 pricing documents, and (3) make available a witness to testify regarding Apple's pricing strategies.

20

21        **STATEMENT OF ISSUES TO BE DECIDED**

22    (1)    Whether Apple must produce financial data, such as revenues, margins, profits, and

23 cost breakdowns, on a per-product basis, rather than aggregated data for entire product lines;

24    (2)    Whether Apple must produce financial data for the U.S. market only, rather than the

25 worldwide financial data relating to its product lines that Apple has currently produced;

26    (3)    Whether Apple has complied with the Court's April 12, 2013 Order granting

27 Samsung's Motion to Compel Documents Relating to Pricing of Apple Products; and

28

-ii-

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

1    (4)    Whether Apple must make a witness available to testify regarding its belatedly

2    produced pricing documents to cure the prejudice caused by Apple's failure to produce all such

3    documents pursuant to the Court's April 12, 2013 Order in advance of Apple's witnesses'

4    depositions.

5

6    **SAMSUNG'S CIVIL L.R. 37-2 STATEMENT**

7    Pursuant to Civil L.R. 37-2, Samsung's Request Nos. 101, 197, 539-556, 854, 860-861,

8    and 863-865 to Apple is set forth in full below along with Apple's response and objections:

9

10   **REQUEST FOR PRODUCTION NO. 101:**

11   All DOCUMENTS sufficient to determine, on a month-by-month basis, the income

12   received by APPLE RELATING TO the sale of any products embodying any of the APPLE

13   PATENTS, including DOCUMENTS sufficient to determine APPLE's units sold, gross revenue,

14   net revenue, fixed costs, overhead, variable costs, gross margin, net margin, gross profit, and net

15   profit for each embodying product.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

17   Apple objects to this Request to the extent it is vague, ambiguous, overbroad and unduly

18   burdensome, particularly with respect to the phrases "sufficient to determine," "income received

19   by APPLE," "sale of any products," "embodying any of the APPLE PATENTS" and "each

20   embodying product."   Apple objects to this Request as overly broad, unduly burdensome, and not

21   reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that

22   the overly broad term "RELATING TO" seeks information regarding patents and patent claims

23   not asserted by Apple in This Lawsuit.   Apple also objects to this Request to the extent it seeks

24   privileged information, information protected by the work product doctrine, information protected

25   by the common interest privilege, and any other privileged and/or doctrines.   Apple further

26   objects to this Request as premature, especially insofar as it conflicts with the schedule set by the

27   Court and/or seeks expert discovery or legal conclusions.   Apple objects to this Request to the

28   extent that it seeks to require Apple to identify or produce any information or documents that

1  contain the private, confidential, or privileged information of third parties, including but not

2  limited to third party business or technical information and/or user or customer personal

3  information, which Apple is under an obligation not to disclose.

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5  produced or will produce responsive, non-privileged documents in its possession, custody, or

6  control, if any, located after a reasonable search and only after Apple has satisfied all disclosure

7  obligations required for the pertinent parties.

8

9  **REQUEST FOR PRODUCTION NO. 197:**

10        DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from

11  November 2005 for each of the APPLE ACCUSED PRODUCTS, including components thereof:

12      a.    Total gross and net revenues (by product, customer, period and location);

13      b.    Total quantity of units sold (by product, customer, period and location);

14      c.    Cost of goods sold, including but not limited to, direct purchases, direct labor,
   indirect and/or overhead costs, and any allocation of those direct, indirect and/or
15  overhead costs to the APPLE ACCUSED PRODUCTS;

16      d.    Actual total cost or variances from standard costs;

17      e.    Gross and net profits; and

18      f.    All costs other than standard costs, including but not limited to, selling, advertising,
   general and administrative expenses, and any allocation of those expenses to the
19  APPLE ACCUSED PRODUCTS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

21        Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

22  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

23  admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for

24  sales not otherwise alleged to infringe and to the extent it seeks documents beyond the time frame

25  relevant to this case.   Apple also objects to this request as vague and ambiguous to the extent that

26  it seeks information regarding "components" of accused products.   Apple further objects to this

27  request to the extent that it seeks documents and things protected from disclosure by the attorney-

28  client privilege, work product doctrine, joint defense or common interest privilege, or other

applicable privilege, doctrine, or immunity.    Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the requested information for sales in the U.S. of accused products during the relevant time period, if any.    Unless otherwise agreed, Apple will produce sales information in substantially the same format and with substantially the same content as Apple produced sales information in the 11-1846 case.

**REQUEST FOR PRODUCTION NO. 539:**

DOCUMENTS sufficient to identify YOUR annual budget for U.S. marketing and advertising activities related to each version of the iPhone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 539:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "YOUR annual budget for U.S. marketing and advertising activities" and "related to each version of the iPhone."    Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope appropriately, and is not limited to claims and defenses in the present litigation.    Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 540:**

DOCUMENTS sufficient to identify YOUR annual budget for U.S. marketing and advertising activities related to each version of the iPad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 540:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "YOUR annual budget for U.S. marketing and advertising activities" and "related to each version of the iPad."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope appropriately, and is not limited to claims and defenses in the present litigation.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 541:**

DOCUMENTS sufficient to identify YOUR expenses, on a monthly basis, for U.S. marketing and advertising activities related to each version of the iPhone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 541:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "identify YOUR expenses, on a monthly basis," "for U.S. marketing and advertising activities," and "related to each version of the iPhone."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope appropriately.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.


**REQUEST FOR PRODUCTION NO. 542:**

DOCUMENTS sufficient to identify YOUR expenses, on a monthly basis, for U.S. marketing and advertising activities related to each version of the iPad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 542:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

1   the terms "identify YOUR expenses, on a monthly basis," "for U.S. marketing and advertising

2   activities," and "related to each version of the iPad."   Apple objects to this request on the grounds

3   that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither

4   relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds

5   that and to the extent it is not limited in its temporal scope appropriately.   Apple objects to this

6   request on the grounds that and to the extent it seeks information protected from disclosure by the

7   attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

8   privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

9   Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it

10  seeks confidential or proprietary information not made publicly available.

11      Subject to and without waiving the foregoing General and Specific Objections, Apple has

12  produced or will produce non-privileged responsive documents in its possession, custody, or

13  control, if any, that can be located after a reasonably diligent search.

14

15  **REQUEST FOR PRODUCTION NO. 543:**

16      DOCUMENTS sufficient to show YOUR profits, on a monthly basis, from the sale of each

17  version of the iPhone on a product by product basis from 2007 through the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 543:**

19      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

20  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

22  the terms "YOUR profits," "on a monthly basis," "from the sale of each version of the iPhone," "a

23  product by product basis," and "2007 through the present."   Apple objects to this request on the

24  grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is

25  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the

26  grounds that and to the extent it is not limited in its temporal or geographic scope appropriately.

27  Apple also objects to this request as duplicative of Samsung's other requests, including but not

28  limited to Request No. 101, and incorporates by reference its objections to Request No. 101.

Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 544:**

DOCUMENTS sufficient to show YOUR profits, on a monthly basis, from the sale of each version of the iPad on a product by product basis from 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 544:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "YOUR profits," "on a monthly basis," "from the sale of each version of the iPad," "a product by product basis," and "2010 through the present."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope appropriately. Apple also objects to and incorporates by reference its objections to Request No. 101.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

1       Subject to and without waiving the foregoing General and Specific Objections, Apple has

2   produced or will produce non-privileged responsive documents in its possession, custody, or

3   control, if any, that can be located after a reasonably diligent search.

4

5   **REQUEST FOR PRODUCTION NO. 545:**

6       All DOCUMENTS RELATING TO YOUR gross margin on each version of the iPhone

7   from 2007 through the present.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 545:**

9       Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

10   burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

11   calculated to lead to the discovery of admissible evidence, including but not limited to its use of

12   the terms "All DOCUMENTS RELATING TO," "YOUR gross margin," "on each version of the

13   iPhone," and "2007 through the present."   Apple objects to this request on the grounds that and to

14   the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor

15   reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to

16   the extent it is not limited in its temporal or geographic scope appropriately, and/or to the extent it

17   requests documents beyond those sufficient to show Apple's gross margin.   Apple objects to this

18   request on the grounds that and to the extent it seeks information protected from disclosure by the

19   attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

20   privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

21   Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it

22   seeks confidential or proprietary information not made publicly available.

23       Subject to and without waiving the foregoing General and Specific Objections, Apple has

24   produced or will produce non-privileged responsive documents in its possession, custody, or

25   control, if any, that can be located after a reasonably diligent search.

26

27

28

-x-
SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

**REQUEST FOR PRODUCTION NO. 546:**

All DOCUMENTS RELATING TO YOUR gross margin on each version of the iPad from 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 546:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All DOCUMENTS RELATING TO," "YOUR gross margin," "on each version of the iPad," and "2010 through the present."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope appropriately, and/or to the extent it requests documents beyond those sufficient to show Apple's gross margin.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available, including confidential information of third parties, which Apple is under an obligation not to disclose.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.


**REQUEST FOR PRODUCTION NO. 547:**

All DOCUMENTS RELATING TO projected U.S. sales, in either units or dollars, of each version of the iPhone from 2007 through the present.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 547:**

2      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

3  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

4  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

5  the terms "All DOCUMENTS RELATING TO," "projected U.S. sales, in either units or dollars,"

6  "each version of the iPhone," and "2007 through the present."   Apple objects to this request on

7  the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information

8  that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

9  on the grounds that and to the extent it is not limited in its temporal scope appropriately and/or

10  requests documents other than projections of U.S. sales.   Apple objects to this request on the

11  grounds that and to the extent it seeks information protected from disclosure by the attorney-client

12  privilege, the attorney work product doctrine, the joint defense or common interest privilege, or

13  any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of

14  Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks

15  confidential or proprietary information not made publicly available.

16      Subject to and without waiving the foregoing General and Specific Objections, Apple has

17  produced or will produce non-privileged responsive documents in its possession, custody, or

18  control, if any, that can be located after a reasonably diligent search.

19

20  **REQUEST FOR PRODUCTION NO. 548:**

21      All DOCUMENTS RELATING TO projected U.S. sales, in either units or dollars, of each

22  version of the iPad, from 2010 through the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 548:**

24      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

25  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

26  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

27  the terms "All DOCUMENTS RELATING TO," "projected U.S. sales, in either units or dollars,"

28  "each version of the iPad," and "2010 through the present."   Apple objects to this request on the

grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope appropriately, and/or requests documents other than projections of U.S. sales.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 549:**

All DOCUMENTS RELATING TO profitability projections for each version of the iPhone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 549:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All DOCUMENTS RELATING TO," "profitability projections," and "each version of the iPhone."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it requests documents that have no bearing on any relevant question in this litigation, and to the extent it is not limited in its temporal or geographic scope appropriately, and/or requests documents other than profitability projections.   Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation.   Apple objects to this

1  request to the extent it seeks documents outside of Apple's possession, custody, or control.

2  Apple objects to this request on the grounds that and to the extent it seeks information protected

3  from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

4  defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as

5  well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).    Apple further objects to

6  this request to the extent it seeks confidential or proprietary information not made publicly

7  available.

8      Subject to and without waiving the foregoing General and Specific Objections, Apple has

9  produced or will produce non-privileged responsive documents in its possession, custody, or

10  control, if any, that can be located after a reasonably diligent search.

11

12  **REQUEST FOR PRODUCTION NO. 550:**

13      All DOCUMENTS RELATING TO profitability projections for each version of the iPad.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 550:**

15      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

16  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

17  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

18  the terms "All DOCUMENTS RELATING TO," "profitability projections," and "each version of

19  the iPad."    Apple objects to this request on the grounds that and to the extent it is overly broad,

20  unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to

21  lead to the discovery of admissible evidence on the grounds that and to the extent it requests

22  documents that have no bearing on any relevant question in this litigation, and to the extent it is

23  not limited in its temporal or geographic scope appropriately, and/or requests documents other

24  than profitability projections.    Apple objects to this request to the extent it seeks premature

25  discovery of analyses performed by or opinions of experts in this litigation.    Apple objects to this

26  request to the extent it seeks documents outside of Apple's possession, custody, or control.

27  Apple objects to this request on the grounds that and to the extent it seeks information protected

28  from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 551:**

All financial reporting DOCUMENTS circulated internally on a regular or periodic basis that RELATE TO U.S. sales, either in units or dollars, of any version of the iPhone.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 551:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic basis," "that RELATE TO U.S. sales, either in units or dollars," and "any version of the iPhone." Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope appropriately, and is not limited to claims and defenses in the present litigation. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 555, and incorporates by reference its objections to Request No. 555. Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to

1  this request to the extent it seeks confidential or proprietary information not made publicly

2  available.

3       Subject to and without waiving the foregoing General and Specific Objections, Apple has

4  produced or will produce non-privileged responsive documents in its possession, custody, or

5  control, if any, that can be located after a reasonably diligent search.

6

7  **REQUEST FOR PRODUCTION NO. 552:**

8       All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

9  that RELATE TO U.S. sales, either in units or dollars, of any version of the iPad.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 552:**

11      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

12 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

13 calculated to lead to the discovery of admissible evidence, including but not limited to its use of

14 the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic

15 basis," "that RELATE TO U.S. sales, either in units or dollars," and "any version of the iPad."

16 Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

17 burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the

18 discovery of admissible evidence on the grounds that and to the extent it is not limited in its

19 temporal scope appropriately, and is not limited to claims and defenses in the present litigation.

20 Apple also objects to this request as duplicative of Samsung's other requests, including but not

21 limited to Request No. 556, and incorporates by reference its objections to Request No. 556.

22 Apple objects to this request on the grounds that and to the extent it seeks information protected

23 from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

24 defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as

25 well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to

26 this request to the extent it seeks confidential or proprietary information not made publicly

27 available.

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple has

2 produced or will produce non-privileged responsive documents in its possession, custody, or

3 control, if any, that can be located after a reasonably diligent search.

4

5 **REQUEST FOR PRODUCTION NO. 553:**

6    All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

7 that RELATE TO YOUR profitability margins on any version of the iPhone.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 553:**

9    Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

10 burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

11 calculated to lead to the discovery of admissible evidence, including but not limited to its use of

12 the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic

13 basis," "that RELATE TO YOUR profitability margins," and "any version of the iPhone."   Apple

14 objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome,

15 and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

16 admissible evidence on the grounds that and to the extent it is not limited in its temporal or

17 geographic scope appropriately, and is not limited to claims and defenses in the present litigation.

18 Apple also objects to this request as duplicative of Samsung's other requests, including but not

19 limited to Request No. 555, and incorporates by reference its objections to Request No. 555.

20 Apple objects to this request on the grounds that and to the extent it seeks information protected

21 from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

22 defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as

23 well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to

24 this request to the extent it seeks confidential or proprietary information not made publicly

25 available.

26    Subject to and without waiving the foregoing General and Specific Objections, Apple has

27 produced or will produce non-privileged responsive documents in its possession, custody, or

28 control, if any, that can be located after a reasonably diligent search.

1    **REQUEST FOR PRODUCTION NO. 554:**

2        All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

3    that RELATE TO YOUR profitability margins on any version of the iPad.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 554:**

5        Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

6    burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

7    calculated to lead to the discovery of admissible evidence, including but not limited to its use of

8    the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic

9    basis," "that RELATE TO YOUR profitability margins," and "any version of the iPad."    Apple

10   objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome,

11   and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

12   admissible evidence on the grounds that and to the extent it is not limited in its temporal or

13   geographic scope appropriately, and is not limited to claims and defenses in the present litigation.

14   Apple also objects to this request as duplicative of Samsung's other requests, including but not

15   limited to Request No. 556, and incorporates by reference its objections to Request No. 556.

16   Apple objects to this request on the grounds that and to the extent it seeks information protected

17   from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint

18   defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as

19   well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).    Apple further objects to

20   this request to the extent it seeks confidential or proprietary information not made publicly

21   available.

22        Subject to and without waiving the foregoing General and Specific Objections, Apple has

23   produced or will produce non-privileged responsive documents in its possession, custody, or

24   control, if any, that can be located after a reasonably diligent search.

25

26   **REQUEST FOR PRODUCTION NO. 555:**

27        All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

28   that RELATE TO the financial performance in the U.S. of any version of the iPhone.

-xviii-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 555:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic basis," "that RELATE TO the financial performance," and "any version of the iPhone."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope appropriately, and is not limited to claims and defenses in the present litigation. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 551 and 553, and incorporates by reference its objections to Request Nos. 551 and 553.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.


**REQUEST FOR PRODUCTION NO. 556:**

All financial reporting DOCUMENTS circulated internally on a regular or periodic basis that RELATE TO the financial performance in the U.S. of any version of the iPad.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 556:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic basis," "that RELATE TO the financial performance," and "any version of the iPad."    Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope appropriately, and is not limited to claims and defenses in the present litigation. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 552 and 554, and incorporates by reference its objections to Request Nos. 552 and 554.    Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 854:**

DOCUMENTS sufficient to show the following on a monthly or quarterly for each of the APPLE ACCUSED PRODUCTS:

(a) A breakdown of each of the cost categories that makes up cost of goods sold and the amount of the costs for each such category; and

(b) A breakdown of each of the cost categories for all cost other than standard costs and the amount of the costs for each such category.

1  **RESPONSE TO REQUEST NO. 854:**

2      Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

3  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

4  admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for

5  sales not otherwise alleged to infringe and to the extent it seeks documents beyond the time frame

6  relevant to this case.   Apple also objects to this request as vague and ambiguous to the extent that

7  it seeks information regarding "cost categories" of accused products.   Apple further objects to

8  this request to the extent that it seeks documents and things protected from disclosure by the

9  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

10  other applicable privilege, doctrine, or immunity.   Apple also objects to this request as

11  duplicative of Samsung's other requests, including but not limited to Request No. 197, and

12  incorporates by reference its objections to Request No. 197.

13      Subject to and without waiving the foregoing General and Specific Objections, Apple has

14  produced or will produce documents sufficient to show the requested information for sales in the

15  U.S. of accused products during the relevant time period, if any.   Unless otherwise agreed, Apple

16  will produce sales information in substantially the same format and with substantially the same

17  content as Apple produced sales information in the 11-1846 case.

18

19  **REQUEST FOR PRODUCTION NO. 860:**

20      DOCUMENTS sufficient to show YOUR gross and net margin, on a monthly or quarterly

21  basis, on each version of the APPLE ACCUSED PRODUCTS.

22  **RESPONSE TO REQUEST NO. 860:**

23      Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

24  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

25  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

26  the terms "YOUR gross and net margin," "on each version of the APPLE ACCUSED

27  PRODUCTS."   Apple objects to this request on the grounds that and to the extent it is overly

28  broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope, and/or to the extent it requests documents beyond those sufficient to show Apple's gross margin.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).   Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce documents sufficient to show the requested information for sales in the U.S. of accused products during the relevant time period, if any.   Unless otherwise agreed, Apple will produce sales information in substantially the same format and with substantially the same content as Apple produced sales information in the 11-1846 case.


**REQUEST FOR PRODUCTION NO. 861:**

All DOCUMENTS RELATING TO YOUR gross and net margin on each version of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST NO. 861:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All DOCUMENTS RELATING TO," "YOUR gross and net margin," "on each version of the APPLE ACCUSED PRODUCTS."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal or geographic scope and/or to the extent it requests documents beyond those sufficient to show Apple's gross margin.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the

-xxii-

attorney-client privilege, the attorney work product doctrine, the joint defense or common interest

privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of

Federal Rule of Civil Procedure 26(b)(4)(B).    Apple also objects to this request as duplicative of

Samsung's other requests, including but not limited to Request Nos. 545-546, and incorporates by

reference its objections to Request Nos. 545-546.

Subject to and without waiving the foregoing General and Specific Objections, Apple has

produced or will produce documents sufficient to show the requested information for sales in the

U.S. of accused products during the relevant time period, if any.    Unless otherwise agreed, Apple

will produce sales information in substantially the same format and with substantially the same

content as Apple produced sales information in the 11-1846 case.

**REQUEST FOR PRODUCTION NO. 863:**

All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

that RELATE TO U.S. sales, either in units or dollars, of any version of the APPLE ACCUSED

PRODUCTS.

**RESPONSE TO REQUEST NO. 863:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence, including but not limited to its use of

the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic

basis," "that RELATE TO U.S. sales, either in units or dollars," and "any version of the APPLE

ACCUSED PRODUCTS."    Apple objects to this request on the grounds that and to the extent it

is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is

not limited in its temporal scope, and is not limited to claims and defenses in the present litigation.

Apple also objects to this request as duplicative of Samsung's other requests, including but not

limited to Request Nos. 551-552 and incorporates by reference its objections to Request Nos. 551-

552.    Apple objects to this request on the grounds that and to the extent it seeks information

1  protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the

2  joint defense or common interest privilege, or any other applicable privilege, doctrine, or

3  immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

4        Subject to and without waiving the foregoing General and Specific Objections, Apple has

5  produced or will produce financial information about the accused Apple products in substantially

6  the same format and with substantially the same content as Apple produced financial information

7  about the accused Apple products in the 11-1846 case.

8

9  **REQUEST FOR PRODUCTION NO. 864:**

10       All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

11  that RELATE TO YOUR profitability margins on any version of the APPLE ACCUSED

12  PRODUCTS.

13  **RESPONSE TO REQUEST NO. 864:**

14       Apple objects to this request on the grounds that and to the extent it is overly broad, unduly

15  burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably

16  calculated to lead to the discovery of admissible evidence, including but not limited to its use of

17  the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic

18  basis," "that RELATE TO U.S. YOUR profitability margins," and "any version of the APPLE

19  ACCUSED PRODUCTS."   Apple objects to this request on the grounds that and to the extent it

20  is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is

22  not limited in its temporal or geographic scope, and is not limited to claims and defenses in the

23  present litigation.   Apple also objects to this request as duplicative of Samsung's other requests,

24  including but not limited to Request Nos. 553-554 and incorporates by reference its objections to

25  Request Nos. 553-554.   Apple objects to this request on the grounds that and to the extent it

26  seeks information protected from disclosure by the attorney-client privilege, the attorney work

27  product doctrine, the joint defense or common interest privilege, or any other applicable privilege,

28  doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce financial information about the accused Apple products in substantially the same format and with substantially the same content as Apple produced financial information about the accused Apple products in the 11-1846 case.

**REQUEST FOR PRODUCTION NO. 865:**

All financial reporting DOCUMENTS circulated internally on a regular or periodic basis that RELATE TO the financial performance in the U.S. of any version of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST NO. 865:**

Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a regular or periodic basis," "that RELATE TO the financial performance," and "any version of the APPLE ACCUSED PRODUCTS."   Apple objects to this request on the grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to the extent it is not limited in its temporal scope, and is not limited to claims and defenses in the present litigation. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 555-556, and incorporates by reference its objections to Request Nos. 555-556.   Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce financial information about the accused Apple products in substantially

1  the same format and with substantially the same content as Apple produced financial information

2  about the accused Apple products in the 11-1846 case.

3

4  **SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

5  Samsung hereby certifies that it has in good faith conferred with Apple in an effort to

6  obtain the discovery described immediately above without Court action.    Samsung's efforts to

7  resolve this discovery dispute without court intervention are described in paragraphs 8-12, 29-34,

8  and 39-40 of the Declaration of Amar L. Thakur, submitted herewith.

9

10  DATED: July 8, 2013                      QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
11

12                                          By  /s/ Victoria F. Maroulis
                                               Victoria F. Maroulis
13                                             Attorney for SAMSUNG ELECTRONICS CO.,
                                               LTD., SAMSUNG ELECTRONICS AMERICA,
14                                             INC., and SAMSUNG
                                               TELECOMMUNICATIONS AMERICA, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.      APPLE SHOULD BE ORDERED TO PRODUCE U.S. FINANCIAL DATA BY
        SPECIFIC PRODUCT. ............................................................................................ 2

        A.      Background. ................................................................................................. 2

        B.      Apple Must Produce Revenue, Margin, Profit and Cost Data By Product
                and Memory Size. ....................................................................................... 4

                1.      Per-Product Financial Data Is Relevant to Samsung's Damages
                        Claims and Defenses to Apple's Claims. .......................................... 5

                2.      Apple's Claim That It Produced All Financial Data "Maintained In
                        the Ordinary Course" Is Not Credible and Should Be Rejected. ........ 7

II.     THE COURT SHOULD ENFORCE ITS APRIL 12, 2013 REGARDING
        PRICING DOCUMENTS. ......................................................................................... 9

        A.      Background. ................................................................................................. 9

        B.      Apple Has Not Complied With the Court's April 12th Order Regarding
                Production of Pricing Documents. ............................................................ 10

        C.      The Court Should Permit Samsung Limited Additional Discovery To
                Remedy the Prejudice Caused By Apple's Violation of the Order. ........ 11

CONCLUSION ..................................................................................................................... 12

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*3Com Corp. v. D-Link Sys., Inc.*,
  No. 03-2177, 2007 WL 949596 (N.D. Cal. Mar. 27, 2007) ..........................................................9

*BIC Leisure Products, Inc. v. Windsurfing Int'l, Inc.*,
  1 F.3d 1214 (Fed. Cir. 1993) ..................................................................................................6

*Elan Microelecs. Corp. v. Apple, Inc.*,
  No. 09-1531, 2011 WL 4048378 (N.D. Cal. Sept. 9, 2011) .......................................................4

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) .................................................................................2, 6

*Phase Four Indus., Inc. v. Marathon Coach, Inc.*,
  No. C-04-4801 JW, 2007 WL 2429448 (N.D. Cal. Aug. 23, 2007) ...........................................4

## **INTRODUCTION**

Apple has failed to produce financial documents that are relevant to Samsung's damages case, including documents that Apple agreed to produce or that the Court ordered Apple to produce.   The close of fact discovery in this case is now at hand, the depositions of Apple's marketing and financial employees will soon be completed, and the deadlines for Samsung's damages expert reports are fast approaching.   Apple should be ordered to immediately remedy the deficiencies in its production of financial data and pricing documents.

With the exception of a handful of financial metrics, all financial information that Apple has produced combines multiple generations of a given Apple product line, many of which are not or may not be at issue during trial. ███████████████████████████████████ ███████████████████████████████████████████████████████ ████████   ██████████████████████████████████████████████ ██████████████████████████████████████████████████████ Apple's aggregated financial document production would be akin to Samsung grouping together all financials for the entire Galaxy series of smartphones.   Samsung has not done this.   Indeed, Samsung complied with its discovery obligations by producing the categories, and level of detail, of financial information on a product-by-product basis that Samsung continues to request from Apple.

Furthermore, Apple has produced (aggregated) profit and non-standard data on a worldwide basis, even though only U.S. sales are relevant to the parties' damages claims.   Apple has justified its failure to produce U.S. and/or product-level financial data by asserting that ████ ██████████████████████████████████████████   But Apple must search for and produce documents showing U.S. financial data for each accused Apple product, regardless of whether ███████████████████████████.   Given that Apple's own documents show that Apple either possesses or is capable of generating such information, Apple has no basis for withholding it.

The financial data that Samsung seeks through this Motion is central to damages.   Such information will permit the jury to assess Samsung's damages based on U.S. sales of each

1  individual accused Apple product found to infringe the Samsung patents-in-suit.    Additionally,

2  the aggregated financial data produced by Apple hinders Samsung's ability to evaluate the

3  profitability of each accused Apple product – which is relevant under the *Georgia Pacific* factors.

4  Per-product data specific to the U.S. market –as opposed to the aggregated worldwide data Apple

5  has produced – also permits Samsung to rebut Apple's lost profits claim because differing profit

6  margins among specific Apple products sold in different geographic markets directly impact the

7  amounts that Apple may reasonably claim in lost profits.

8      Lastly, Samsung also moves to enforce the Court's April 12th Order requiring production

9  of certain pricing documents.    Notwithstanding the fact that nearly three months have passed

10  since that Order was entered, Apple still has not completed its production.    To cure the prejudice

11  caused by Apple's non-compliance with the Court's Order, Apple should be compelled to make a

12  witness available for continued deposition after completing production of its pricing documents.

13

14                    **ARGUMENT**

15  **I.    APPLE SHOULD BE ORDERED TO PRODUCE U.S. FINANCIAL DATA BY
        SPECIFIC PRODUCT.**

16

17      **A.    Background.**

18      Since the outset of this case, Samsung has served numerous Requests For Production

19  ("RFPs") seeking financial data for the Apple products accused of infringing Samsung's patents

20  and/or allegedly practicing Apple's patents.    Samsung's RFPs sought basic financial information,

21  including: (1) units sold, gross and net revenue, gross and net margin, and gross and net profits for

22  each Apple product (RFP Nos. 101, 197, 543-546, 860-861); (2) financial reports and projections

23  of U.S. sales, profitability margins, and financial performance for each version of the iPhone and

24  iPad (RFP Nos. 547-556, 863-865); and (3) categorical breakdowns of all costs comprising costs

25  of goods sold and all costs other than standard costs for each of the accused products (RFP No.

26  854).    Apple agreed to produce documents responsive to all of the Requests outlined above, as

27

28

1   set forth in Samsung's Civil L.R. 37-2 Statement.    Ex. 1 at 35-36; Ex. 2 at 54-55; Ex. 3 at 177-

2   189; Ex. 4 at 117-118, 122-123, 125-127.[1]

3          Although Apple produced financial documents on April 15, 2013, Apple's production was

4   deficient in a number of ways:

5      •   For the iPhone, Apple produced ████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████

7   ███████████████████████████████████████████████    ████████████

8   ████████████████████████████████████████████████████████████████████████

9          *See* Ex. 5.

10     •   For all accused Apple products, including the iPhone, Apple produced ████████████

11  ████████████████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████████████████

13  ████████████████████████           *See* Ex. 6.

14         On May 6, 2013, Samsung requested financial data by product, memory size and carrier.

15  Ex. 7.    On May 31, 2013, Apple refused to produce more granular financial data.    Ex. 8.

16  Apple claimed ███████████████████████████████████████████████

17  ███████████████████████████████           *Id.*    Apple similarly refused to produce documents

18  showing ████████████████████████████████████████████████████████

19  ████████████████████████████████    ██    In response to Apple's letter, Samsung withdrew

20  its request for financial information by carrier, but contended that Apple must produce documents

21  showing ████████████████████████████████████████████████████████

22  ████████████████████████████           Ex. 9.

23         The parties discussed Samsung's requests for additional financial information at a lead trial

24  counsel meet and confer on June 20, 2013, during which Apple stated that it would set forth its

25  final position in writing.    Thakur Decl. ¶ 11.    In a letter dated June 24, 2013, Apple again

26  _____

27      [1]    All citations to "Ex. _" are to the exhibits attached to the Declaration of Amar L. Thakur,
    submitted herewith.

28

1    insisted that it had produced ██████████████████████████████ Ex.

2    10.   Specifically, Apple reiterated the claim that ████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████████

5    ████████████████   *Id.*

**B.   Apple Must Produce Revenue, Margin, Profit and Cost Data By Product and Memory Size.**

8         Apple does not dispute the financial information Samsung seeks—U.S. revenue, margin,

9    profit, and expense/cost breakdown for each accused product—is relevant to both parties' damages

10   claims.   Indeed, Apple agreed to produce the information sought by Samsung's document

11   requests.   Ex. 1 at 35-36; Ex. 2 at 54-55; Ex. 3 at 177-189; Ex. 4 at 117-118, 122-123, 125-127.

12   Courts routinely compel parties to produce such information in patent litigation.   *See, e.g., Elan*

13   *Microelecs. Corp. v. Apple, Inc.*, No. 09–1531, 2011 WL 4048378, at *2 (N.D. Cal. Sept. 9, 2011)

14   (ordering Apple to produce sales volume, unit price, cost, revenue, and profit data); *Phase Four*

15   *Indus., Inc. v. Marathon Coach, Inc.*, No. C-04-4801 JW, 2007 WL 2429448, at *11 (N.D. Cal.

16   Aug. 23, 2007) (compelling productions of documents showing actual sales and revenues,

17   projected sales, fixed and variable costs).

18        Despite Apple's commitment, Apple's production to date remains inadequate.   Rather than

19   produce financial data for each of the accused Apple products, Apple has produced ████████

20   █████████████████████████████████████

21        Furthermore, Apple produced █████████████████████████████

22   ████████   rather than the U.S. sales that will be the basis for the parties' damages claims.

23   This lack of granularity impairs Samsung's ability to effectively present its damages claims to the

24   jury and to rebut Apple's damages claims.   As shown below, Apple's own documents indicate

25   that Apple either possesses, or is capable of generating, documents showing per-product financial

26   data.   Thus, Apple's claim that ████████████████████████████████ is

27   not a legitimate basis for withholding this discovery

28

1

**1.** <u>**Per-Product Financial Data Is Relevant to Samsung's Damages Claims**</u>

2 <u>**and Defenses to Apple's Claims.**</u>

3      The jury in this case will be asked to award damages based on U.S. sales of each individual

4 accused product found to infringe any of the patents-in-suit.   Apple, however, has frustrated that

5 task by producing financial documents that lump together multiple generations of the accused

6 products—many of which may not even be at issue at trial—into single documents and line items.

7      As one example, with the exception of ████████████████████████████

8 ████████████████████████████████████████████████████████

9 ██████ *See, e.g.,* Ex. 5; Ex. 6 at 1-2.   Similarly, Apple's production of ████████████

10 ████████████████████████████████████████████████████████████

11 ██████████████████████ *See* Ex. 6.   As another example, Apple's

12 production of ████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████

15      The requested categories of financial data at the product level are all the more important in

16 light of the Court's case management order, which requires Samsung to reduce the current list of

17 22 accused products to 10 accused products for trial.   *See* Dkt. No. 471 at 2.   Apple's current

18 production of financial information aggregates products accused of infringement with those that

19 may no longer be accused of infringement by the time this case goes to trial.   Samsung is entitled

20 to per-product financial information to account for the case narrowing required by the Court's case

21 management order.   *See id.*

22      Apple's aggregated financial data is inadequate for a number of other reasons.   For

23 instance, different generations of the iPhone, iPad, and other accused products will likely have

24 different profit margins.   Samsung is entitled to evaluate the profit margin of each accused

25

26

27

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

1  product as part of the *Georgia Pacific* analysis, particularly factors 6, 8, 10, and 12-13.[2]

2  Furthermore, not all generations of Apple's products are accused of infringing all Samsung

3  patents-in-suit—the iPhone 3GS is not accused of infringing the '239 patent, for instance.

4  Thakur Decl. ¶ 13.    Yet Apple lumps together revenue and cost data for all iPhone models.

5       Samsung is also entitled to U.S. financial data for each product to rebut Apple's lost profits

6  and reasonable royalty claims.    Differing profit margins between products—and between the

7  U.S. and worldwide versions of those products—directly impacts the amount Apple may recover

8  in lost profits.    Furthermore, Apple sells different generations of its products at vastly different

9  prices—the carrier-subsidized price of the iPhone 5 is currently $199, compared to the iPhone 4S

10 ($99) and iPhone 4 (free)—meaning that many of the products lumped within Apple's aggregate

11 financial data may be ineligible for lost profits to the extent that they are not competitively priced.

12 *See BIC Leisure Products, Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218-19 (Fed. Cir. 1993).

13      With respect to Apple's reasonable royalty claims, per-product financial data is key

14 because ███████████████████████████████████████████████████

15 ████████████████████████████████████████████.[3]   Ex. 11

16

17  _____

   [2] "6.    The effect of selling the patented specialty in promoting sales of other products of the

18 licensee; that existing value of the invention to the licensor as a generator of sales of his non-
   patented items; and the extent of such derivative or convoyed sales. . .

19   8.    The established profitability of the product made under the patent; its commercial success;
   and its current popularity. . .

20   10. The nature of the patented invention; the character of the commercial embodiment of it as
   owned and produced by the licensor; and the benefits to those who have used the invention.

21   11.    The extent to which the infringer has made use of the invention; and any evidence
   probative of the value of that use.

22   12.    The portion of the profit or of the selling price that may be customary in the particular

23 business or in comparable businesses to allow for the use of the invention or analogous inventions.
    13.    The portion of the realizable profit that should be credited to the invention as

24 distinguished from non-patented elements, the manufacturing process, business risks, or
   significant features or improvements added by the infringer."

25
   *Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

26
   [3]    For similar reasons, per-product financial data is relevant to Samsung's obviousness

27 defense—the aggregate commercial success of the iPhone or iPad is not relevant for purposes of
   non-obviousness when fewer than half those models embody certain of the Apple patents-in-suit.

28

at 3-5.     Other than unit sales, however, Apple's aggregate financial data provides no visibility at the product level.

**2.        Apple's Claim That It Produced All Financial Data ███████████ ▬**
**██████████ Is Not Credible and Should Be Rejected.**

Apple's sole justification for failing to produce the requested financial data for each accused product is the carefully worded assertion that ███████████████████████████
███████████████████████████ The Court should reject this assertion.

Apple has never claimed that it does not *possess* documents showing U.S. financial information per-product—or even that it *searched* for such documents.    Nor has Apple denied that it is able to *generate* documents showing U.S. financial data per-product.    Apple has produced numerous documents in this case demonstrating that Apple does, in fact, track U.S. financial data on a per-product basis, and is well capable of producing or generating per-product financial data.

First, Apple contends that ████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████  ██████  ████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███  ████████████████████████████████████████████

Second, while Apple claims that ████████████████████████
████████████████, Apple's documents suggest otherwise.  ██████████████████
██████████████████████████████████████████████████████
██████████████████████████  ████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████  ████████████████████████████
██████████████████████████████  ████████  ████████████



1 ██████████████████████████████████████████████

2 ████████████████████████  Ex. 19 at 12, 16; Ex. 20 at 12, 16.

3     Finally, Apple's contention ███████████████████████████

4 ██████████████████  ████████████████████████

5 ████████████████████████████████████████████████

6 ████████████████████████████  ██████  ████████████

7 ████████████████████████████████████████████████

8 █████████████████  ████████████████████████████

9 ████████████████  ████████████████████████████

10 ████████████████████████████████████████████

11 ██████████████████████████████████████

12 ████████

13     Regardless of whether Apple ████████████████████████████

14 these documents show that Apple possesses documents showing U.S. financial data per-product—

15 or at least can *generate* such documents, something that Apple successfully moved to compel

16 Samsung to do in the previous litigation.   There, Apple moved to compel per-product revenue

17 data and reports showing per-product gross margins, standard costs and "other expenses."  *See*

18 Case No. 11-cv-1846 ("1846 Case"), Dkt. No. 616 at 8-9.[4]   Apple dismissed Samsung's objection

19 that it did not maintain such documents in the ordinary course, because Samsung "has the ability

20 to generate reports reflecting financial data simply by pressing a few buttons."   1846 Case, Dkt.

21 No. 613 at 21 ("Samsung also objects . . . that Samsung must only produce documents maintained

22 'in the ordinary course of business.'   By this, Samsung apparently means that it need not produce

23 comprehensive financial information contained in its accounting and operational databases unless

24 it was previously printed out by an employee.").

25 

26     [4]    In later moving for sanctions, Apple specifically complained that financial reports
produced by Samsung did not "provide[ ] product–level data or in any way allow[ ] for
27 apportionment to accused Samsung products versus those not at issue in this case."  *See* 1846
Case, Dkt. No. 759 at 6, n.1.

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER

Here, Apple has the same ability to generate comprehensive data.   To the extent Apple possesses or is capable of generating documents showing U.S. revenue, cost and profits data for each accused Apple product, Apple should be compelled to do so.   *See 3Com Corp. v. D-Link Sys., Inc.*, No. 03-2177, 2007 WL 949596, at *5 (N.D. Cal. Mar. 27, 2007) (ordering defendant to generate documents showing "sales by product and profits by product" in light of evidence that such information existed on defendant's financial databases).

## II.   THE COURT SHOULD ENFORCE ITS APRIL 12, 2013 REGARDING PRICING DOCUMENTS.

### A.   Background.

On March 19, 2013, Samsung filed a motion to compel production of "all documents relating to the pricing of Apple products accused of infringing Samsung's patents-in-suit," including: "(1) internal analysis by Apple of how it determines pricing for its products; (2) price elasticity/price sensitivity studies relating to the accused products; (3) documents discussing any price premiums for products that incorporate the patented features; and (4) discussions of pricing with wireless carriers."   *See* Dkt. No. 404 at ii, 4; Dkt. No. 404-13.   The Court granted Samsung's motion to compel production of these documents on April 12, 2013.   Dkt. No. 431 at 5 ("April 12th Order").

Four days after the Court issued the April 12th Order, Samsung requested Apple's production of responsive pricing documents by April 23, 2013.   Ex. 26.   Apple responded the next day, refusing to produce responsive documents by April 23, 2013.   Ex. 27.   Samsung responded by insisting that Apple promptly produce documents consistent with the scope of the Court's Order.   Ex. 28.   As Samsung further explained, while Samsung was willing to accommodate Apple if more time was needed to complete production of responsive documents, Apple needed to identify a near-term date certain for its production.   *Id.*   In response, Apple again refused to identify a date certain by which it would complete its production of pricing documents.   Ex. 29.

Apple subsequently produced nine pricing-related documents, comprising 59 pages, from the custodial files of Mark Buckley.   Thakur Decl. ¶ 33.   After Samsung noted the paucity of

Apple's production of documents responsive to the Court's April 12th Order (Ex. 7 at 2), Apple represented that it would produce "all documents responsive to the Court's Order . . . found via direct searches" by May 31, 2013 (Ex. 30).   Apple produced an additional 78 documents on May 31, 2013, all sourced to Apple employee Mark Donnelly.   Thakur Decl. ¶ 35.   At least a dozen of these documents consist of a single page with one word or phrase printed on them, █████ ██████████████████████████████████████████ (*see, e.g.,* Exs. 31-33), while other documents █████████████████████████ (*see, e.g.,* Exs. 34-35).   The overwhelming majority of these documents are heavily redacted, despite the fact that many documents are more than two years old.   *See, e.g.,* Exs. 36 - 38.

On June 15, 2013, Samsung asserted that Apple's production of pricing documents remained incomplete, and asked Apple to identify all documents produced pursuant to the April 12th Order.   Ex. 39.   After Apple did not respond, Samsung reiterated this request in an email dated June 30, 2013, and by letter dated July 5, 2013.   Exs. 40-41.   Apple did not respond to this correspondence.

**B.    Apple Has Not Complied With the Court's April 12th Order Regarding Production of Pricing Documents.**

The Court's April 12th Order required Apple to produce the following: (1) internal analysis by Apple of how it determines pricing for its products; (2) price elasticity/price sensitivity studies relating to the accused products; (3) documents discussing any price premiums for products that incorporate the patented features; and (4) discussions of pricing with wireless carriers.   Although the Court did not expressly set a deadline for Apple's production of these documents, nearly three months have passed since the Court compelled Apple to produce pricing documents.   Despite ample time for compliance with the April 12th Order, Apple's production of pricing documents to date falls far short of the production contemplated by the Court, for at least the following reasons.

Samsung has been unable to locate within Apple's production a single communication to or from a wireless carrier that relates to the pricing of Apple's products—one of the four categories of documents expressly required by the Order.   Thakur Decl. ¶ 41.   Although Apple's production of pricing-related documents includes a number of emails, all of these emails are internal to Apple.

-10-

1  *See id.*   Apple's production also does not appear to include price elasticity/price sensitivity

2  studies or documents discussing any price premiums (*id.* at ¶ 42), and Apple has ignored

3  Samsung's repeated requests that Apple identify any such documents (Exs. 39-41).

4       Additionally, Apple has not made a complete production of documents that are responsive

5  to the April 12th Order, such ████████████████████████████████████████████

6  ██████████     As is apparent from the face of these documents, the ███████████ meets on a

7  monthly basis—███████████████████████████████.   *See, e.g.,* Exs. 42-44.   Yet Apple

8  has produced ██████████████ reports from December 2006 to present—less than half the

9  number of such reports that would be expected—and has not produced any minutes from any of

10  those meetings.   Thakur Decl. ¶ 43.

11       **C.**   **The Court Should Permit Samsung Limited Additional Discovery To Remedy**
             **the Prejudice Caused By Apple's Violation of the Order.**

12

13       Apple's non-compliance with the Court's April 12th Order has substantially prejudiced

14  Samsung.   The fact discovery cut-off in this matter is here.   Had Apple complied with its

15  obligations under the April 12th Order, Samsung would have had all responsive pricing

16  documents with ample time left in the discovery period to examine Apple's witnesses upon these

17  documents.

18       These documents undoubtedly would have assisted Samsung in crafting its discovery

19  strategy, by identifying documents and information for follow-on discovery requests or deposition

20  questions, and identifying Apple employees knowledgeable about Apple's pricing strategies.   By

21  the time the Court considers this Motion, the fact discovery period will have closed, and Apple

22  will have succeeded in thwarting Samsung's ability to use these key documents throughout

23  discovery.   The only way to provide an effective remedy is for the Court to require Apple to

24  immediately produce all responsive pricing documents, and to allow Samsung additional

25  deposition time with Apple witnesses who are knowledge about the pricing of Apple's products.

26

27

28

1

2                                  **<u>CONCLUSION</u>**

3          For the reasons stated, Samsung's Motion should be granted.

4

5   DATED: July 8, 2013                 QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
6

7                                       By  */s/ Victoria F. Maroulis*
                                            William Price
8                                           Victoria F. Maroulis
                                            Michael L. Fazio
9                                           Attorney for SAMSUNG ELECTRONICS CO.,
                                            LTD., SAMSUNG ELECTRONICS AMERICA,
10                                          INC., and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND
TO ENFORCE THE APRIL 12, 2013 ORDER