# EXHIBIT 1

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. :12-cv-00630-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SECOND SET OF REQUESTS FOR PRODUCTION** |

if any, located after a reasonable search and only after Apple has satisfied all disclosure obligations required for the pertinent parties.

**REQUEST FOR PRODUCTION NO. 101**:

All DOCUMENTS sufficient to determine, on a month-by-month basis, the income received by APPLE RELATING TO the sale of any products embodying any of the APPLE PATENTS, including DOCUMENTS sufficient to determine APPLE's units sold, gross revenue, net revenue, fixed costs, overhead, variable costs, gross margin, net margin, gross profit, and net profit for each embodying product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101**:

Apple objects to this Request to the extent it is vague, ambiguous, overbroad and unduly burdensome, particularly with respect to the phrases "sufficient to determine," "income received by APPLE," "sale of any products," "embodying any of the APPLE PATENTS" and "each embodying product." Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent that the overly broad term "RELATING TO" seeks information regarding patents and patent claims not asserted by Apple in This Lawsuit. Apple also objects to this Request to the extent it seeks privileged information, information protected by the work product doctrine, information protected by the common interest privilege, and any other privileged and/or doctrines. Apple further objects to this Request as premature, especially insofar as it conflicts with the schedule set by the Court and/or seeks expert discovery or legal conclusions. Apple objects to this Request to the extent that it seeks to require Apple to identify or produce any information or documents that contain the private, confidential, or privileged information of third parties, including but not limited to third party business or technical information and/or user or customer personal information, which Apple is under an obligation not to disclose.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control,

if any, located after a reasonable search and only after Apple has satisfied all disclosure obligations required for the pertinent parties.

**REQUEST FOR PRODUCTION NO. 102**:

All DOCUMENTS RELATING TO APPLE'S contention that it is owed lost profits damages as a result of SAMSUNG'S alleged infringement of the APPLE PATENTS, including without limitation DOCUMENTS RELATING TO the amount of any lost profits allegedly owed to APPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102**:

Apple objects to this Request as premature, especially insofar as it conflicts with the schedule set by the Court and/or seeks expert discovery or legal conclusions. Apple further objects to the term "[a]ll DOCUMENTS RELATING TO" to the extent that the Request exceeds those documents sufficient to show that Apple is owed lost profits as a result of Samsung's infringement of its patents. Apple also objects to this Request to the extent it seeks privileged information, information protected by the work product doctrine, information protected by the common interest privilege, and any other privileged and/or doctrines.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents that are in its possession, custody, or control, if any, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 103**:

All DOCUMENTS RELATING TO settlement of any litigation or other adversarial proceeding RELATING TO any of the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103**:

Apple objects to this Request as overbroad and unduly burdensome on the grounds and to the extent that it seeks documents that do not relate to the patent claims at issue in this case, This Lawsuit, and/or the claims and defenses at issue in this case. Apple further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the phrases "settlement" and "any litigation or other adversarial proceeding." Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery