# EXHIBIT 2

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF REQUESTS FOR PRODUCTION** |

that it is unlimited in time.  Apple objects to this request as cumulative of Request for Production No. 195.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to Request for Production No. 195 or another, more narrower request to which Apple has agreed to respond as set forth herein or previously.

**REQUEST FOR PRODUCTION NO. 197:**

DOCUMENTS sufficient to determine the following on a monthly or quarterly basis from November 2005 for each of the APPLE ACCUSED PRODUCTS, including components thereof:

a. Total gross and net revenues (by product, customer, period and location);

b. Total quantity of units sold (by product, customer, period and location);

c. Cost of goods sold, including but not limited to, direct purchases, direct labor, indirect and/or overhead costs, and any allocation of those direct, indirect and/or overhead costs to the APPLE ACCUSED PRODUCTS;

d. Actual total cost or variances from standard costs;

e. Gross and net profits; and

f. All costs other than standard costs, including but not limited to, selling, advertising, general and administrative expenses, and any allocation of those expenses to the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197**:

Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to infringe and to the extent it seeks documents beyond the time

frame relevant to this case.  Apple also objects to this request as vague and ambiguous to the extent that it seeks information regarding "components" of accused products.  Apple further objects to this request to the extent that it seeks documents and things protected from disclosure by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege, doctrine, or immunity.  Apple objects to this request as cumulative of other more narrow requests.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the requested information for sales in the U.S. of accused products during the relevant time period, if any.  Unless otherwise agreed, Apple will produce sales information in substantially the same format and with substantially the same content as Apple produced sales information in the 11-1846 case.

**REQUEST FOR PRODUCTION NO. 198:**

All DOCUMENTS RELATING TO sales forecasts, budgets, expenses, costs, and profitability of the APPLE ACCUSED PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198**:

Apple objects to the phrase "relating to" as vague and ambiguous, and because it does not describe with reasonable particularity the documents sought.  Apple objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or for sales not otherwise alleged to infringe.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request that would not already be responsive to Request for Production No. 197 or another, more narrower request to which Apple has agreed to respond as set forth herein or previously.