# EXHIBIT 4

1   JOSH A. KREVITT (CA SBN 208552)        WILLIAM F. LEE (*pro hac vice*)
    jkrevitt@gibsondunn.com                 william.lee@wilmerhale.com
2   H. MARK LYON (CA SBN 162061)            WILMER CUTLER PICKERING
    mlyon@gibsondunn.com                      HALE AND DORR LLP
3   GIBSON, DUNN & CRUTCHER LLP            60 State Street
    1881 Page Mill Road                     Boston, Massachusetts 02109
4   Palo Alto, California 94304-1211        Telephone: (617) 526-6000
    Telephone: (650) 849-5300               Facsimile: (617) 526-5000
5   Facsimile: (650) 849-5333

6   MICHAEL A. JACOBS (CA SBN 111664)      MARK D. SELWYN (SBN 244180)
    mjacobs@mofo.com                        mark.selwyn@wilmerhale.com
7   RICHARD S.J. HUNG (CA SBN 197425)      WILMER CUTLER PICKERING
    rhung@mofo.com                            HALE AND DORR LLP
8   MORRISON & FOERSTER LLP               950 Page Mill Road
    425 Market Street                       Palo Alto, California 94304
9   San Francisco, California  94105-2482   Telephone: (650) 858-6000
    Telephone:  (415) 268-7000              Facsimile: (650) 858-6100
10  Facsimile:  (415) 268-7522

11                                          *Attorneys for Plaintiff and*
                                            *Counterclaim-Defendant Apple Inc.*

12                  **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
13                       **SAN JOSE DIVISION**

14

15  APPLE INC., a California corporation,

16           Plaintiff,                          Case No. 12-CV-00630-LHK

17       vs.

18  SAMSUNG ELECTRONICS CO., LTD., a       **APPLE INC.'S OBJECTIONS AND**
    Korean business entity; SAMSUNG         **RESPONSES TO SAMSUNG'S**
19  ELECTRONICS AMERICA, INC., a New        **FOURTEENTH SET OF REQUESTS**
    York corporation; SAMSUNG              **FOR PRODUCTION OF DOCUMENTS**
20  TELECOMMUNICATIONS AMERICA,            **AND THINGS (NOS. 733-938)**
    LLC, a Delaware limited liability company,
21
22           Defendants.

23

24

25

26

27

28

1   Samsung in response to this request.

2

3   **REQUEST FOR PRODUCTION NO. 853**

4        DOCUMENTS sufficient to show APPLE's accounting practices pertaining to the

5   APPLE ACCUSED PRODUCTS, including but not limited to APPLE's methods of accounting

6   for revenues, costs and profits, royalty payments, methods of depreciation, allocation of

7   expenses, inventory measurements, profit allocation, losses and assignments of debts, and

8   APPLE's methods of allocating between United States and worldwide revenue.

9   **RESPONSE TO REQUEST NO. 853**

10       Apple objects to this request as untimely, overly broad in scope; vague; unduly

11  burdensome; not limited to the issues, parties or products in this action; unnecessary; and not

12  reasonably calculated to lead to the discovery of admissible evidence. Apple objects to this

13  request to the extent it seeks production of documents that are protected from discovery by the

14  attorney-client privilege, work product doctrine, joint defense or common interest privilege, or

15  any other applicable privilege or immunity.  Apple further objects to this request to the extent it

16  seeks production of documents that are not relevant to the claims or defenses at issue in the case.

17  Apple further objects to this request on the grounds that it is unlimited in time. Finally, Apple

18  further objects to Samsung's request as overbroad to the extent it purports to require Apple to

19  conduct a search for documents that is more extensive than is reasonable under the

20  circumstances.

21

22  **REQUEST FOR PRODUCTION NO. 854**

23       DOCUMENTS sufficient to show the following on a monthly or quarterly for each of the

24  APPLE ACCUSED PRODUCTS:

25       (a) A breakdown of each of the cost categories that makes up cost of goods sold and the

26  amount of the costs for each such category; and

27       (b) A breakdown of each of the cost categories for all cost other than standard costs and

28

1  the amount of the costs for each such category.

2  **RESPONSE TO REQUEST NO. 854**

3      Apple objects to this request on the grounds that it is overbroad and unduly burdensome,

4  and seeks information that is neither relevant nor reasonably calculated to lead to the discovery

5  of admissible evidence, for example, to the extent it seeks sales information for non U.S. sales or

6  for sales not otherwise alleged to infringe and to the extent it seeks documents beyond the time

7  frame relevant to this case. Apple also objects to this request as vague and ambiguous to the

8  extent that it seeks information regarding "cost categories" of accused products. Apple further

9  objects to this request to the extent that it seeks documents and things protected from disclosure

10  by the attorney-client privilege, work product doctrine, joint defense or common interest

11  privilege, or other applicable privilege, doctrine, or immunity. Apple also objects to this request

12  as duplicative of Samsung's other requests, including but not limited to Request No. 197, and

13  incorporates by reference its objections to Request No. 197.

14      Subject to and without waiving the foregoing General and Specific Objections, Apple has

15  produced or will produce documents sufficient to show the requested information for sales in the

16  U.S. of accused products during the relevant time period, if any.  Unless otherwise agreed, Apple

17  will produce sales information in substantially the same format and with substantially the same

18  content as Apple produced sales information in the 11-1846 case.

19

20  **REQUEST FOR PRODUCTION NO. 855**

21      DOCUMENTS sufficient to show intra-company fees and/or transfer prices associated

22  with each of the APPLE ACCUSED PRODUCTS.

23  **RESPONSE TO REQUEST NO. 855**

24      Apple objects to this request as untimely, overly broad, vague, unduly burdensome, and

25  not reasonably calculated to lead to the discovery of admissible evidence, including because it is

26  unlimited as to time. Apple objects to this request to the extent it seeks production of documents

27  that are protected from discovery by the attorney-client privilege, work product doctrine, joint

28

1    Subject to and without waiving the foregoing General and Specific Objections, Apple is

2  willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by

3  Samsung in response to this request.

4

5  **REQUEST FOR PRODUCTION NO. 860**

6    DOCUMENTS sufficient to show YOUR gross and net margin, on a monthly or

7  quarterly basis, on each version of the APPLE ACCUSED PRODUCTS.

8  **RESPONSE TO REQUEST NO. 860**

9    Apple objects to this request on the grounds that and to the extent it is overly broad,

10  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

12  to its use of the terms "YOUR gross and net margin," "on each version of the APPLE

13  ACCUSED PRODUCTS."  Apple objects to this request on the grounds that and to the extent it

14  is overly broad, unduly burdensome, and seeks information that is neither relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence on the grounds that and to

16  the extent it is not limited in its temporal or geographic scope, and/or to the extent it requests

17  documents beyond those sufficient to show Apple's gross margin. Apple objects to this request

18  on the grounds that and to the extent it seeks information protected from disclosure by the

19  attorney-client privilege, the attorney work product doctrine, the joint defense or common

20  interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the

21  protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request

22  to the extent it seeks confidential or proprietary information not made publicly available.

23    Subject to and without waiving the foregoing General and Specific Objections, Apple has

24  produced or will produce documents sufficient to show the requested information for sales in the

25  U.S. of accused products during the relevant time period, if any.  Unless otherwise agreed, Apple

26  will produce sales information in substantially the same format and with substantially the same

27  content as Apple produced sales information in the 11-1846 case.

28

1

2 **REQUEST FOR PRODUCTION NO. 861**

3    All DOCUMENTS RELATING TO YOUR gross and net margin on each version of the

4 APPLE ACCUSED PRODUCTS.

5 **RESPONSE TO REQUEST NO. 861**

6    Apple objects to this request on the grounds that and to the extent it is overly broad,

7 unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

8 reasonably calculated to lead to the discovery of admissible evidence, including but not limited

9 to its use of the terms "All DOCUMENTS RELATING TO," "YOUR gross and net margin,"

10 "on each version of the APPLE ACCUSED PRODUCTS."  Apple objects to this request on the

11 grounds that and to the extent it is overly broad, unduly burdensome, and seeks information that

12 is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on

13 the grounds that and to the extent it is not limited in its temporal or geographic scope and/or to

14 the extent it requests documents beyond those sufficient to show Apple's gross margin. Apple

15 objects to this request on the grounds that and to the extent it seeks information protected from

16 disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense

17 or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as

18 the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple also objects to this request

19 as duplicative of Samsung's other requests, including but not limited to Request Nos. 545-546,

20 and incorporates by reference its objections to Request Nos. 545-546.

21    Subject to and without waiving the foregoing General and Specific Objections, Apple has

22 produced or will produce documents sufficient to show the requested information for sales in the

23 U.S. of accused products during the relevant time period, if any.  Unless otherwise agreed, Apple

24 will produce sales information in substantially the same format and with substantially the same

25 content as Apple produced sales information in the 11-1846 case.

26

27

28

1 **REQUEST FOR PRODUCTION NO. 863**

2      All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

3 that RELATE TO U.S. sales, either in units or dollars, of any version of the APPLE ACCUSED

4 PRODUCTS.

5 **RESPONSE TO REQUEST NO. 863**

6      Apple objects to this request on the grounds that and to the extent it is overly broad,

7 unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

8 reasonably calculated to lead to the discovery of admissible evidence, including but not limited

9 to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a

10 regular or periodic basis," "that RELATE TO U.S. sales, either in units or dollars," and "any

11 version of the APPLE ACCUSED PRODUCTS." Apple objects to this request on the grounds

12 that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither

13 relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds

14 that and to the extent it is not limited in its temporal scope, and is not limited to claims and

15 defenses in the present litigation. Apple also objects to this request as duplicative of Samsung's

16 other requests, including but not limited to Request Nos. 551-552 and incorporates by reference

17 its objections to Request Nos. 551-552. Apple objects to this request on the grounds that and to

18 the extent it seeks information protected from disclosure by the attorney-client privilege, the

19 attorney work product doctrine, the joint defense or common interest privilege, or any other

20 applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil

21 Procedure 26(b)(4)(B).

22      Subject to and without waiving the foregoing General and Specific Objections, Apple has

23 produced or will produce financial information about the accused Apple products in substantially

24 the same format and with substantially the same content as Apple produced financial information

25 about the accused Apple products in the 11-1846 case.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 864**

2      All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

3  that RELATE TO YOUR profitability margins on any version of the APPLE ACCUSED

4  PRODUCTS.

5  **RESPONSE TO REQUEST NO. 864**

6      Apple objects to this request on the grounds that and to the extent it is overly broad,

7  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

8  reasonably calculated to lead to the discovery of admissible evidence, including but not limited

9  to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a

10  regular or periodic basis," "that RELATE TO U.S. YOUR profitability margins," and "any

11  version of the APPLE ACCUSED PRODUCTS."  Apple objects to this request on the grounds

12  that and to the extent it is overly broad, unduly burdensome, and seeks information that is neither

13  relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds

14  that and to the extent it is not limited in its temporal or geographic scope, and is not limited to

15  claims and defenses in the present litigation. Apple also objects to this request as duplicative of

16  Samsung's other requests, including but not limited to Request Nos. 553-554 and incorporates by

17  reference its objections to Request Nos. 553-554. Apple objects to this request on the grounds

18  that and to the extent it seeks information protected from disclosure by the attorney-client

19  privilege, the attorney work product doctrine, the joint defense or common interest privilege, or

20  any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule

21  of Civil Procedure 26(b)(4)(B).

22      Subject to and without waiving the foregoing General and Specific Objections, Apple has

23  produced or will produce financial information about the accused Apple products in substantially

24  the same format and with substantially the same content as Apple produced financial information

25  about the accused Apple products in the 11-1846 case.

26

27

28

1

**REQUEST FOR PRODUCTION NO. 865**

2      All financial reporting DOCUMENTS circulated internally on a regular or periodic basis

3 that RELATE TO the financial performance in the U.S. of any version of the APPLE ACCUSED

4 PRODUCTS.

5 **RESPONSE TO REQUEST NO. 865**

6      Apple objects to this request on the grounds that and to the extent it is overly broad,

7 unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor

8 reasonably calculated to lead to the discovery of admissible evidence, including but not limited

9 to its use of the terms "All," "financial reporting DOCUMENTS circulated internally on a

10 regular or periodic basis," "that RELATE TO the financial performance," and "any version of

11 the APPLE ACCUSED PRODUCTS." Apple objects to this request on the grounds that and to

12 the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant

13 nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that and

14 to the extent it is not limited in its temporal scope, and is not limited to claims and defenses in

15 the present litigation. Apple also objects to this request as duplicative of Samsung's other

16 requests, including but not limited to Request Nos. 555-556, and incorporates by reference its

17 objections to Request Nos. 555-556. Apple objects to this request on the grounds that and to the

18 extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

19 work product doctrine, the joint defense or common interest privilege, or any other applicable

20 privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure

21 26(b)(4)(B).

22      Subject to and without waiving the foregoing General and Specific Objections, Apple has

23 produced or will produce financial information about the accused Apple products in substantially

24 the same format and with substantially the same content as Apple produced financial information

25 about the accused Apple products in the 11-1846 case.

26

27

28