# EXHIBIT 27

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Rod Stone
Direct: +1 213.229.7256
Fax: +1 213.229.6256
RStone@gibsondunn.com

April 17, 2013

VIA ELECTRONIC MAIL

Amar Thakur
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017

Re:   *Apple Inc. v. Samsung Elecs. Co., Ltd., et al.*, Case No. 12-cv-0630

Dear Amar:

I write in response to your April 16, 2013, letter regarding the Court's April 12, 2013, Order Re: Motions to Compel, and specifically the Court's grant of Samsung's motion to compel certain pricing information.

Contrary to your letter, the Court did not order Apple to produce "all documents responsive to Samsung's Request for Production No. 199." Indeed, Samsung itself narrowed the scope of documents it sought via Request No. 199 both in its motion and at the hearing of that motion. As the Court noted in its order, Samsung "specifically request[ed] documents revealing" the following four categories of information: (1) "internal analysis by Apple of how it determines pricing for its products"; (2) "price elasticity/price sensitivity studies relating to the accused products"; (3) "documents discussing any price premiums for products that incorporate the patented features"; and (4) "discussions of pricing with wireless carriers." Order Re: Motions to Compel, Apr. 12, 2013, (D.I. 450), at 8. Samsung further represented during the hearing that it was limiting its requests for pricing documents to Apple's iPhone and iPad products.

In accordance with Samsung's representations and the Court's order, Apple will correspondingly limit its production to pricing documents that relate to the iPhone and iPad. Moreover, Apple will produce such pricing documents to the extent they are within the four categories of information that Samsung identified in its motion and that the Court cited in its Order.

I note as well that Samsung previously represented that it is not seeking pricing information that it is not itself willing to produce to Apple. *See, e.g.*, Mar. 22, 2013, Letter from Valek to Fazio, at 1. Apple therefore expects that Samsung will produce pricing documents for the

GIBSON DUNN

Amar Thakur
April 17, 2013
Page 2

Samsung phones and tablets at issue in this case within the same four categories set forth above. As Apple explained in briefing on Samsung's motion, these four categories encompass more than just Samsung's "Pumi reports." Please let us know immediately if Samsung refuses to produce the full breadth of pricing documents within the above categories.

Finally, nothing in the Court's order requires the production of pricing information by April 23, let alone requires Apple to make such a production unilaterally by that date, as demanded in your letter. Apple therefore proposes that the parties agree upon a date for the mutual exchange of pricing documents. Please let us know when Samsung proposes for that exchange to take place.

Sincerely,

*/s/ Rod Stone*

Rod Stone

RJS/jla