# EXHIBIT 28

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

April 17, 2013

Rod Stone
Gibson Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Re:   <u>Apple Inc. v. Samsung Elecs. Co., Ltd., et al., Case No. 12-cv-00630 (N.D. Cal.)</u>

Dear Counsel:

I write in response to your letter of today regarding the Court's order granting Samsung's Motion to Compel Apple to Produce Pricing Information. Apple is correct that the Court ordered it to produce the four categories of pricing information as noted. However, Apple is *incorrect* in stating that Apple's production may be limited to pricing documents that relate only to iPhone and iPad products. That issue was raised at the hearing but, notably, nothing in the Court's Order imposed that limitation.

Additionally, Apple "proposes" to withhold the documents it has been ordered to produce until such time as the parties can make a "mutual exchange of pricing documents." The Court has not ordered a mutual exchange. In any event, Samsung has produced its pricing information, as encompassed in its PUMI reports.

As for the date of production, as you are aware, these requests have been pending for nine months. Although you take issue with Samsung's requested date of April 23, 2013, notably, you do not state that Apple is unable to complete its production by that date. If Apple needs additional days, Samsung will be cooperative. But it is not cooperative for Apple to simply say no. Samsung expects that Apple will comply with Samsung's request to produce the documents by April 23, or tell us when, in the near future, it will be able to comply. I am sure Judge Grewal

2

does not want to see the parties in front of him again to discuss Apple's refusal to either produce the documents it was ordered to produce or to say when it would be able to do so.

Very truly yours,

Amar L. Thakur