# EXHIBIT 29

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Rod Stone
Direct: +1 213.229.7256
Fax: +1 213.229.6256
RStone@gibsondunn.com

April 22, 2013

VIA ELECTRONIC MAIL

Amar Thakur
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017

Re:   *Apple Inc. v. Samsung Elecs. Co., Ltd.* (Case No. 12-cv-630):  Production of Pricing Information

Dear Amar:

I write in response to your April 17, 2013, letter regarding the parties' production of pricing documents.  Apple will search for and produce the four categories of pricing documents that the Court ordered Apple to produce, as limited by Samsung at the April 11, 2013, hearing before Judge Grewal.  At the hearing, in response to Apple's argument that Samsung's requests were overly burdensome because they sought documents with respect to too many products, Samsung clearly represented to the Court that it would limit the scope of its requests to pricing documents related to iPhone and iPod products.  The fact that Judge Grewal did not enumerate this limitation in his written order is immaterial.  Samsung cannot make representations to the Court to convince the Court to grant its motion and then subsequently disavow those representations to broaden the scope of Apple's production obligations.  Samsung must live up to the commitments it made before the Court regarding the scope of pricing documents it sought.

You have inquired into the timing of Apple's production.  Apple is conducting its investigation now, and will produce the documents as quickly as possible and fully in accordance with the schedule in this case.  The Court did not order Apple to produce these documents by April 23, 2013, as Samsung now requests, and Apple will not be able to complete its production in that very short amount of time.  Indeed, Apple notes that in its motion papers, Samsung sought a production date of May 1, 2013, not April 23, 2013, further evidencing the unreasonableness of your April 17 letter's demand that Apple produce all responsive documents in six days.

Moreover, Apple will comply with the Court's order despite Samsung's refusal to engage in a mutual exchange of the categories of pricing documents listed in the Court's order.  Apple

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

Amar Thakur
April 22, 2013
Page 2

is surprised by Samsung's refusal to agree on a date for such a mutual exchange given that Samsung has previously represented that it will produce the same scope of pricing documents and the parties' have previously made agreements to mutually exchange similar categories of documents.

While Apple will not insist on a mutual exchange on a date certain, Apple will hold Samsung to its promises to produce its own pricing-related documents in accordance with the full scope of the Court's order. It is our hope that motion practice on this issue will not be necessary, as clearly Samsung cannot expect it will be able to avoid mutuality regarding the production of this type of pricing information. Your suggestion, for the first time, that Samsung's *past* production of Pumi reports should fully satisfy its obligations is not well taken. Samsung's Pumi reports do not contain the four categories of information sought by Samsung's motion and noted in the Court's order, *i.e.*, they do not include (1) "internal analysis by [Samsung] of how it determines pricing for its products"; (2) "price elasticity/price sensitivity studies relating to the accused products"; (3) "documents discussing any price premiums for products that incorporate the patented features"; and (4) "discussions of pricing with wireless carriers." Order Re: Motions to Compel, Apr. 12, 2013 (D.I. 450), at 8. If Samsung contends otherwise, please identify those Pumi reports that contain this information by control number, and explain, with specific reference to representative documents, where the information is located. Furthermore, regardless whether the Pumi reports contain some pricing information, simply producing the Pumi reports will not satisfy Samsung's obligation to produce documents responsive to the four categories set forth above. Please let us know the date by which Samsung proposes to make this production.

Sincerely,

*/s/ Rod Stone*

Rod Stone

RJS/jla

**GIBSON DUNN**