1   JOSH A. KREVITT (CA SBN 208552)          WILLIAM F. LEE (*pro hac vice*)
    jkrevitt@gibsondunn.com                  william.lee@wilmerhale.com
2   H. MARK LYON (CA SBN 162061)             WILMER CUTLER PICKERING
    mlyon@gibsondunn.com                       HALE AND DORR LLP
3   GIBSON, DUNN & CRUTCHER LLP              60 State Street
    1881 Page Mill Road                      Boston, Massachusetts  02109
4   Palo Alto, California  94304-1211        Telephone:  (617) 526-6000
    Telephone:  (650) 849-5300               Facsimile:  (617) 526-5000
5   Facsimile:  (650) 849-5333

6   MICHAEL A. JACOBS (CA SBN 111664)        MARK D. SELWYN (CA SBN 244180)
    mjacobs@mofo.com                         mark.selwyn@wilmerhale.com
7   RICHARD S.J. HUNG (CA SBN 197425)        WILMER CUTLER PICKERING
    rhung@mofo.com                             HALE AND DORR LLP
8   MORRISON & FOERSTER LLP                  950 Page Mill Road
    425 Market Street                        Palo Alto, California  94304
9   San Francisco, California  94105-2482    Telephone:  (650) 858-6000
    Telephone:  (415) 268-7000               Facsimile:  (650) 858-6100
10  Facsimile:  (415) 268-7522

11  *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

12              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
13                  SAN JOSE DIVISION

14  APPLE INC., a California corporation,

15          Plaintiff,

16      vs.

17                                           Case No. 12-cv-00630-LHK

18  SAMSUNG ELECTRONICS CO., LTD., a         **APPLE'S OPPOSITION TO SAMSUNG'S
    Korean business entity; SAMSUNG          MOTION TO COMPEL PRODUCTION
19  ELECTRONICS AMERICA, INC., a New         OF DOCUMENTS AND RESPONSE TO
    York corporation; SAMSUNG                INTERROGATORY NO. 32**
20  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
21                                           Date: July 23, 2013
          Defendants.                        Time: 10:00 a.m.
22                                           Courtroom: 5, 4th Floor
                                             Honorable Paul S. Grewal
23
                                             **FILED UNDER SEAL**
24

25

26

27

28

## I.   INTRODUCTION

Samsung's motion to compel Apple to produce technical Qualcomm documents should be denied because Apple is not refusing to produce, and in fact has produced, copious technical documents and information relating to the Qualcomm baseband processor chips in the accused Apple products, including Qualcomm source code for the accused features.  During the parties' negotiations over Samsung's demands, Samsung repeatedly failed to explain, in response to direct questions, why the additional documents it sought might include information of particular relevance to the accused functionality of the '087 and '596 patents, or were non-duplicative of the many documents and the source code already produced relating to those patents.  Nonetheless, Apple has essentially agreed in meet-and-confers to each additional Samsung request that Apple search for more Qualcomm-related documents.  Apple has produced Qualcomm source code (and Samsung does not complain about that production).  Apple has produced documents from multiple custodians, including custodians added at Samsung's request, and has disclosed to Samsung the search terms Apple used to identify responsive documents in each custodial production, without complaint from Samsung regarding the search terms for the '087 or '596 patents.  Apple has produced UMTS test reports for all the accused products and has identified those test reports in interrogatory responses.  At Samsung's additional request, Apple has searched for and is producing more than 700 documents from a ███████████  ███████████  Apple's production of Qualcomm documents has been comprehensive and covers each Qualcomm baseband chip incorporated in the accused products.  But at each step, Samsung has refused to take yes for an answer, and still continues, unfortunately, to press a motion that was moot when filed.

Moreover, despite focusing on specific categories of technical documents during the meet-and-confers, Samsung's motion now also sweeps in three categories of additional, non-technical documents that Samsung argues are necessary to rebut Apple's exhaustion defense.  Samsung never identified those documents during the meet-and-confer process and, indeed, could not have done so because they were not covered by any Samsung document request to

1    which Apple was due to respond as of the date of Samsung's motion.  To the contrary, Apple's

2    responses to requests seeking those documents were not due until *yesterday*, July 8, 2013.

3    Samsung's motion to compel these documents is therefore premature and procedurally defective.

4         Samsung's demands regarding Interrogatory No. 32 also lack merit.  Apple has never

5    refused to supplement its response to this interrogatory.  To the contrary, *before* Samsung filed

6    its motion, Apple notified Samsung that Apple had already produced the relevant documents and

7    would supplement its response to Interrogatory No. 32 to identify those documents by Bates

8    number by July 1 (and Apple did so).  *After* Samsung filed its motion, Samsung informed Apple

9    for the first time that there were additional documents it wanted included in Apple's

10   interrogatory response.  Apple has agreed to provide Samsung with documents that are sufficient

11   for Samsung to obtain the information that it seeks for Interrogatory No. 32, and will have fully

12   supplemented its response to this interrogatory by the end of the week, i.e., before this motion is

13   heard.  This portion of Samsung's motion is also therefore moot.

14        For these reasons, and as explained in more detail below, Samsung's motion should be

15   denied in its entirety.

16   II.    **BACKGROUND**

17          A.    **Legal Standard**

18        The scope of discovery is limited to "any nonprivileged matter that is relevant to any

19   party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  The burden of proving that requested

20   discovery is relevant falls on the moving party.  *See Louisiana Pac. Corp. v. Money Mkt. 1

21   Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) ("The party seeking to compel

22   discovery has the burden of establishing that its request satisfies the relevancy requirements of

23   Rule 26(b)(1)."); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[T]he party

24   seeking to compel discovery bears the burden of showing that his request satisfies the relevance

25   requirement of Rule 26[.]").  The Federal Rules of Civil Procedure allow relevant discovery

26   requests to be denied if the Court "determines that: the discovery sought is unreasonably

27   cumulative or duplicative . . . or the burden or expense of the proposed discovery outweighs its

28

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

likely benefit[.]"  *See* Fed. R. Civ. P. 26(b)(2)(C)(i-iii) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the discovery sought is unreasonably cumulative or duplicative . . . or the burden or expense of the proposed discovery outweighs its likely benefit[.]").

**B.      Apple Has Agreed to Produce, and Has Produced, Relevant Technical Documents and Information Relating to the Qualcomm Baseband Processor Chips**

Samsung seeks five broad categories of technical Qualcomm documents: (1) "documents relating to the conformance of each accused baseband processor" to 3GPP technical specifications, (2) "documents relating to the structure, operation or function of Apple's baseband processors," (3) communications between Apple and Qualcomm relating to 3GPP conformance, testing, or "technical marketing" documents, (4) "documents prepared by or at the direction of…Qualcomm," and (5) documents related to any modification of the Qualcomm source code by Apple.  (Mot. at 9.)[1]  With the exception of the fifth category, Apple has in fact produced a substantial number of technical documents relating to each category.  ███████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████

*First*, Apple has produced "documents relating to the conformance of each accused baseband processor" to 3GPP technical specifications.  Specifically, Apple has made a comprehensive production of documents describing the testing of the accused Apple products for conformance with the 3GPP/UMTS test specifications, including 3GPP TS 34.123-1.  These tests are performed by Cetecom, an independent testing laboratory.  Apple has produced more than thirty test reports for all the accused products, and has identified those test reports by bates number to Samsung in interrogatory responses.  (Walden Decl. ¶ 3; Thakur Decl. ¶ 5, Ex. 4

---

[1]      As used herein, "Mot." refers to Samsung's Motion to Compel Production of Documents and Response to Interrogatory No. 32.

1   (responses to Interrogatory No. 31).)[2]  Apple has produced all such test reports for the accused

2   products that it has located and is not aware of any additional reports to produce.  Apple has also

3   produced all relevant test results for the stand-alone Qualcomm chipsets located through searches

4   of the files of the relevant Apple custodians identified to Samsung.  (Walden Decl. ¶ 4.)

5          *Second*, Apple has produced all relevant "documents relating to the structure, operation

6   or function of Apple's baseband processors" that Apple has located.  To date, Apple has

7   produced over 1,500 Qualcomm-confidential documents from Apple engineers and document

8   repositories, including over 700 additional documents from ████████████████████████

9   ████.[3]  In total, Apple has produced over 615,668 pages of documents that are marked

10  Qualcomm confidential.  (Walden Decl. ¶ 5.)  In addition, both Apple and Qualcomm have made

11  a substantial production of source code, which are the true documents needed to understand the

12  relevant structure, function, and operation of Qualcomm's baseband chips.  Apple has also

13  identified the relevant Qualcomm source code to Samsung in its interrogatory responses.

14  (Thakur Decl. ¶ 5, Ex. 4 (responses to Interrogatories Nos. 28-29).)

15         *Third*, Apple has produced correspondence between Apple and Qualcomm regarding the

16  accused functionality.  Apple has collected this correspondence using search terms and

17  custodians identified by Apple to Samsung.  These custodians include Srinivasan Nimmala,

18  Jason Shi, Louis Sanguinetti, and Steve Schell.  Messrs. Sanguinetti and Schell were added as

19  custodians specifically at Samsung's request.  Apple has disclosed the search terms it used to

20  identify responsive documents for each of these custodians, and Samsung has not objected to

21  those terms relating to the '087 and '596 patents.  (Walden Decl. ¶ 6.)

22         *Fourth*, Apple has produced all relevant "documents prepared by or at the direction

23  of…Qualcomm" that Apple has located from server and custodian searches.  These documents

24  include the source code as identified above, and over 1,500 Qualcomm confidential documents

25  ─────────────────────
    [2]     Citations to the "Thakur Decl." refer to the Declaration of Amar L. Thakur in Support of
26  Samsung's Motion to Compel Production of Documents and Response to Interrogatory No. 32
    (Dkt. 633-1.).
27  [3]
    ████████████████████████████████████████████████████████████████
28

that were generated by Qualcomm.  Samsung does not complain about Apple's production of

Qualcomm source code, and has never explained why high-level technical specifications are

relevant to the low-level 3GPP UMTS functionality claimed in the '596 and '087 patents (the

'596 patent claims a method and apparatus for forming a MAC-e PDU in a UMTS system; the

'087 patent claims a method and apparatus for receiving and using a particular non-scheduled

transmission parameter in a UMTS system).  Nonetheless, Apple has searched for and produced

these irrelevant technical specifications.

### 1.   Apple's Initial Document Collection and Production

Apple's collection and production of documents has been diligent, comprehensive and

transparent.  Consistent with the parties' e-discovery practices and this Court's local rules, Apple

disclosed its custodians and search terms to Samsung, including custodians likely to have

documents about the relevant Qualcomm chips and communications with Qualcomm about the

relevant functionality.  Apple initially collected and produced documents from two Apple

engineers.  Apple identified Jason Shi as a custodian with documents potentially relevant to the

'087 and '596 patents on September 13, 2012 and Srinivasan Nimmala as a relevant custodian on

May 10, 2013.  (Walden Decl. ¶ 7.)  On April 25, 2013, Apple produced 352 Qualcomm

confidential documents from Mr. Shi and 83 documents from Mr. Nimmala.  (*Id*.)  Apple

produced an additional five Qualcomm documents from Mr. Shi and 17 Qualcomm documents

from Mr. Nimmala on June 14, 2013.  (*Id.*)  Apple produced an additional three Qualcomm

documents from Mr. Shi on July 8.  On May 10, 2013, Apple provided Samsung with the search

terms it used for these two custodians.  (*Id.*)  Samsung has never requested Apple run additional

'087 or '596 related search terms for these custodians, and does not contend that Apple did not

produce Mr. Nimmala's documents sufficiently far in advance of his deposition.  (*Id.* at ¶¶ 6-7.)

On May 10, 2013, in response to a request by Samsung, Apple agreed to add Apple

engineers Steve Schell and Louis Sanguinetti as custodians.  (Walden Decl. ¶ 8.)  Apple

immediately began collecting from those two custodians.  Apple produced 18 Qualcomm

confidential documents from Mr. Sanguinetti on June 21, 2013.  Apple produced 11 documents

1  from Mr. Schell and an additional 183 documents from Mr. Sanguinetti on July 8, 2013.  (*Id.*)[4]

2  On June 28, 2013, Apple provided Samsung with the search terms it used for these two

3  custodians, and Samsung has not suggested any deficiency in the search terms.  Samsung has not

4  requested that Apple search the files of any other Apple engineers relating to the '087 or '596

5  patents.  (*Id.*)

6                  2.    <u>June 20, 2013 Lead Counsel Meet and Confer and Subsequent Document</u>

7                      <u>Production</u>

8       On June 20, 2013, during the parties' lead-trial counsel meet-and-confer, Samsung, for

9  the first time, requested that Apple search for and produce responsive documents from ███

10 ████████████████████.  Other than ████████████, Samsung did not

11 identify any other repositories of Qualcomm documents from which it sought production of

12 documents (and Apple has not located any other repositories from which it has not searched).

13 (Walden Decl. ¶ 10.)

14 ████████████████████████████████

15 ██████████████████████  Samsung has not explained why it has failed to

16 produce documents from ████████████████████

17 ████████████████████████████

18 ████████████████████████████████

19 ████████████████████████████

20 (Walden Decl. ¶ 10.)  Apple immediately contacted Qualcomm to obtain Qualcomm's consent

21 for this collection.  On June 24, Apple located and collected documents obtained from

22 ████████████, and immediately began reviewing these documents for production.  Apple

23 completed review of these documents on July 3 and promptly requested Qualcomm's consent to

24 produce approximately 700 documents.  (*Id.* at ¶ 11.) Apple produced the vast majority of these

25

26 ──────────────────────

27 [4]    On July 8, Apple also produced over 850 additional Qualcomm confidential documents
from its collection of documents from ████████████████████ and other targeted

28 collections.  (Walden Decl. ¶ 9.)

1   documents yesterday and expects to complete production this week (once it resolves remaining

2   third party consent issues).  (*Id.*)

3       Samsung knew at the time it filed this motion that Apple would produce documents

4   Apple obtained from ███████████████████████.  Before Samsung filed its motion

5   (which was only three business days after the lead counsel meeting), Apple notified Samsung

6   that it ██████████████████████████████████████████████████████████

7   ████████████.  To the extent we identify non-duplicative responsive documents, we will

8   endeavor to produce them as soon as possible.  Thus, there does not appear to be any

9   disagreement between the parties on this issue."  (Walden Decl. ¶ 12, Ex. B (June 25, 2013

10  Email Kolovos to Thakur).)  Instead of responding to Apple's email, Samsung filed its motion to

11  compel.

12      Apple continues to attempt to resolve this dispute.  Apple reached out to Samsung on July

13  2 and requested "a teleconference tomorrow [July 3] to discuss Samsung's Motion to Compel

14  Production of Documents and Response to Interrogatory No. 32" because it was "hopeful that

15  recent discovery activities by Apple have and/or will moot all or at least portions of Samsung's

16  motion."  (Walden Decl. ¶ 13, Ex. C (July 2 Email Walden to Thakur).)  On July 3, Apple and

17  Samsung met and conferred again regarding Samsung's demand for Qualcomm documents.

18  Samsung declined to provide further guidance about what documents would satisfy it until after

19  it had reviewed Apple's forthcoming supplemental productions.  The parties have agreed to

20  speak again on the morning of July 10.  (Walden Decl. ¶ 14.)

21      **C.    Samsung's Request for Patent Exhaustion-Related Documents is Premature
            and Procedurally Defective**

22

23      Samsung's motion seeks three categories of patent exhaustion-related documents,

24  described in detail in Section III.C, below.  But for each of these three categories of documents,

25  Samsung either (i) failed to request the documents in an actual request for production of

26  documents; or (ii) requested these documents for the first time in a set of document requests

27

28

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

served on June 8, 2013[5]—making Apple's timely responses due *yesterday*, July 8, 2013.  With respect to the categories of exhaustion-related documents arguably sought by the requests for production that Samsung served on June 8, 2013, Apple has already produced its contracts with Qualcomm relating to the supply of baseband processors for use in Apple's products, which show the commercial terms of Apple's role in the purchase of those chips, and documents sufficient to show where Qualcomm chips are incorporated into Apple products by its contract manufacturers.  Apple's production of these documents moots Samsung's untimely motion on these exhaustion-related documents.

> **D.    Apple Will Have Fully Answered Samsung's Interrogatory No. 32 By The Time This Motion Is Heard**

Samsung served Interrogatory No. 32 on January 11, 2013.  Apple's initial response, dated February 14, stated it would produce and identify documents from which the answer to this interrogatory could be derived in accordance with Federal Rule of Civil Procedure 33(d) (much as Samsung has responded to various interrogatories).  Samsung contended this was insufficient because ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████  (Thakur Decl. ¶ 33, Ex. 27.)  On May 9, 2013, at Samsung's request, Apple agreed to provide a supplemental response.  (Walden Decl. ¶ 15, Ex. D (May 9, 2013 Letter Silhasek to Thakur).)  On May 25, Apple supplemented its response to explain to Samsung that it had "identified the versions of those [AT&T Document Numbers 13289 and 10776] documents that were submitted when each Apple accused product was launched and was working to obtain AT&T's consent for the production of those documents."  Apple also informed Samsung that "Revision 5.2 with a revision date of 3/22/2013 as the most recent version of AT&T Document Number 13340." (Thakur Decl. ¶ 5, Ex. 4.)

---

[5]     The last day to serve requests for production of documents was June 7.  While Samsung served this set a few minutes after midnight on June 8, Apple has fully responded to them and is not maintaining any objection on the basis that these requests for production were untimely served (although in fact they were).

1    Once Apple obtained AT&T's consent, it promptly produced the AT&T documents

2    requested by Samsung and notified Samsung that the documents had been produced and that

3    Apple would be "provid[ing] an updated interrogatory response by Monday, July 1st." (Walden

4    Decl. ¶ 16, Ex. E (June 25, 2013 Email Kolovos to Binder).)  Samsung did not respond to this

5    email, but once again, as with the Qualcomm confidential documents, chose instead to file its

6    motion to compel.

7    On July 1, 2013, Apple supplemented its response to Interrogatory No. 32.  (Walden

8    Decl. ¶ 17, Ex. F.)  This supplemental response provided bates numbers for the most recent

9    version of AT&T Document Number 13340 and for all but one of the AT&T Document

10   Numbers 13289 and 10776 that were submitted when each Apple accused product was launched.

11   (*Id.*)  Based on its understanding of Samsung's complaints, Apple believed this response was

12   complete and fully addressed Samsung's complaints except for one missing bates number.

13   Apple produced that missing document on July 8, 2013.  On the July 3 teleconference with

14   Samsung's counsel, Samsung identified, for the first time, additional documents it contended

15   should be included in Apple's supplemental interrogatory responses.[6]  In the interest of finally

16   resolving this issue, Apple has agreed to provide Samsung with a subset of documents requested

17   by Samsung that are sufficient for Samsung to obtain the information it seeks and will have

18   supplemented its interrogatory response by the end of the week.  (Walden Decl. ¶ 18.)

19   III.    **ARGUMENT**

20       A.    **Samsung's Motion Regarding Apple's Qualcomm-Related Production**
             **Should be Denied as Moot**

21       Samsung's assertion that Apple has not produced relevant Qualcomm confidential

22   documents is demonstrably incorrect.  Apple has produced the relevant source code in its

23   possession relating to the functionality accused of infringing the '596 and '087 patents, and

24   Samsung does not complain about that production.  Apple has also produced over 1,500

25   _____

26   [6]   Specifically ████████████████████████████████████████████

27   ████████  Samsung had never previously requested this information, nor did it outline this
     alleged deficiency in its motion.  (Walden Decl. ¶ 18.)

28

Qualcomm confidential documents that relate to the structure and operation of the accused Apple products, including technical documents from ███████████████████████ relevant to the accused Apple products.[7]

*First,* the source code for the functionality accused of infringing the '596 and '087 patents provide the most accurate reflection of the relevant structure and operation of the accused Apple products and the Qualcomm baseband processors used in those products.  Apple has produced the relevant Qualcomm source code in its possession for the functionality accused by Samsung of infringing the '596 and '087 patents, and has further identified that source code in its interrogatory responses.  (Walden Decl. ¶ 19.)  Qualcomm has also produced the relevant code.  (*Id.*)[8]  Samsung does not complain that it needs more source code, and its motion is notably silent with respect to Apple's and Qualcomm's production of source code for the Qualcomm chips.

*Second,* Apple's production of Qualcomm materials has not been limited to source code.  Apple has also produced device specifications and similar technical documents for the Qualcomm MDM6610, MDM9600, MDM9610, and MDM9615 chipsets.  For example, Apple has produced device specifications, release notes and testing documents for the MDM6610, MDM9615 and MDM9600/MDM9610,[9] and reference schematics for the MDM9615 and MDM9600/MDM9610.  Apple has also produced many other Qualcomm documents regarding relevant chipsets, such as Qualcomm training presentations on the MDM6x00 chips, software user manuals for the MDM9615, a User Guide for the MDM9600/MDM9610, Chipset Master Documents for the MDM9x15, and a MDM9610 Mobile Data Modem Revision Guide.  (Walden Decl. ¶ 20.)

---

[7]      The production of approximately 40 documents are still pending third-party consent. Apple expects to produce them this week.  The remainder of the Qualcomm confidential documents were produced yesterday.  (Walden Decl. ¶ 5.)

[8]      Samsung has had the opportunity to question both Qualcomm and Apple about this code. Remarkably, Samsung chose not to question Apple's 30(b)(6) witness about the Qualcomm code and did not even request Apple bring any source code to the deposition.  (Walden Decl. ¶ 19.)

[9]      ████████████████████████████████████████████████.

*Third,* Apple has produced from the relevant custodians (including all custodians specifically requested by Samsung) email communications identified using the search terms Apple has provided to Samsung.  Samsung has never requested Apple run additional search terms or search the emails of additional custodians (other than the ones it previously identified and Apple agreed to search).  Yet, Samsung now requests Apple produce additional communications falling into four broad categories: (1) "HSUPA or HSPA support by the Qualcomm chips and/or Apple phones," (2) 3GPP conformance testing of both the accused products and chips, (3) "roadmaps and project lists relating to chip testing, research, and development," and (4) "the operation of non-scheduled transmission or the transmission of data via the MAC-e PDU described in TS 25.321."  (Mot. at 11-12.)  To the extent relevant communications in these categories were in the custody of the custodians Apple identified and identified using the search terms Apple disclosed to Samsung (and which Samsung never complained about, even in its motion), these documents have been produced.[10]  To the extent Samsung is now asking in this motion to have Apple to collect *all* emails from *every* employee who communicates with Qualcomm and/or all emails from a given custodian regardless of whether those emails hit on a search term, such a request would be premature because Samsung never made such a request during any meet-and-confer, and is further unduly burdensome and inconsistent with the parties' agreement on the use of search terms and the transparency protocol regarding custodians.

*Fourth*, Apple has produced 3GPP related conformance test results for all the accused products, including Cetecom UMTS test results, and has further identified the bates ranges for

---

[10]     In addition to producing relevant email communications, Apple has produced Cetecom UMTS test results for all the accused products and source code for the functionality accused of infringing the '596 and '087 patents.  The Cetecom test results would render any emails discussing "HSUPA or HSPA support by the Qualcomm chips and/or Apple phones" or "3GPP conformance testing" of the baseband processors or Apple accused products duplicative.  Similarly, any communications relating to research and development of the accused functionality in the baseband processors or the operation of the accused functionality in the baseband processors are duplicative of the source code Apple has produced.

1   these documents in its interrogatory responses.  (Walden Decl. ¶ 3.)[11]  Apple has produced all

2   such test reports for the accused products that it has located and is not aware of any additional

3   reports to produce.  Apple has also produced all relevant test results located for the stand-alone

4   Qualcomm chipsets from the files of the Apple custodians it has identified to Samsung, including

5   custodians requested by Samsung.[12]  (*Id.* at ¶ 4.)

6          *Fifth,* ██████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████

9   ████████████████████████████████████████████

10  █████████████████████████████████████  (Walden Decl. ¶

11  21.)[13]  Apple has produced the relevant source code relating to the functionality accused of

12  infringing the '596 and '087 patents and the technical documents found on the ███████

13  ████████████████  relating to the relevant chipsets.  (Walden Decl. ¶¶ 5, 19)███████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████  That is, based on its search

17  and collection, Apple is aware of no additional responsive documents in this category to produce.

18         *Sixth,* Apple does not have access to the documents detailing the internal implementation

19  of the hardware of the Qualcomm chipsets.  ██████████████████████████████

20  ████████████████████████████████████

21

---

22  [11]     The  Cetecom UMTS tests are conducted in accordance with 34.123-1 and therefore fully
    satisfy Samsung's request for "documentation relating to conformance testing of each processor
23  against 3GPP 34.123-1."  (Walden Decl. ¶ 3.)

24  [12]     These test results for the stand-alone Qualcomm chipsets, while duplicative of the
    Cetecom UMTS test reports produced by Apple, were collected via search terms disclosed in
25  advance to Samsung as part of the e-discovery procedures in this matter.  (Walden Decl. ¶ 4.)

26  [13]     Samsung's request for "documents describing the processors' implementation of 3GPP
    Technical Specification 25.309" should be dismissed as irrelevant since Samsung was not
27  allowed to add 25.309 to its infringement contentions.  (Order re Samsung's and Apple's Motion
    for Leave to File Amended Infringement Contentions and Samsung's Motions to Compel, Dkt.
    636 at 23.)

28

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

1   ███████████████████████████████████████████████████████████

2   ███████████████████████████████████████████████████

3   ███████████████████████████████████████████████████

4   ██████████████████████████████████████████████

5   ████████████████████████████   (Mot. at 10; Walden Decl. ¶ 22.)  Samsung, of

6   course, has also subpoenaed Qualcomm for these same materials, and █████████████

7   ███████████████████████████████████████████████████████████

8   █████████████████████████████████████████████████   (Walden Decl. ¶

9   23.)

10       *Finally*, ██████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████

13   █████████████████████████   Walden Decl. ¶ 2, Ex. A.)

14       **B.      Samsung's Document Categories Are Irrelevant**

15       Samsung devotes much of its motion to complaining about Apple's allegedly deficient

16   production, without ever explaining why it believes the categories of additional information it

17   requests are relevant to this litigation.  This omission is telling – many of the categories

18   identified in Samsung's motion are irrelevant, as explained below.  *See* Fed. R. Civ. P.

19   26(b)(2)(C)(i-iii) ("the court must limit the frequency or extent of discovery otherwise allowed

20   by these rules or by local rule if it determines that: the discovery sought is unreasonably

21   cumulative or duplicative . . . or the burden or expense of the proposed discovery outweighs its

22   likely benefit[.]").

23       Baseband processors have many different functions involved in the transmission and

24   reception of data and only a tiny fraction of the HSUPA functionality performed in the baseband

25   processor is allegedly relevant to the '087 and '596 patents.  Samsung contends that the '596

26   patent covers the formation and structures for forming a MAC-e PDU for transmission in

27   HSUPA and that the '087 patent covers the HARQ process allocation for non-scheduled

28

transmissions in HSUPA.  (*See* Dkt. 660, Ex. A ('087 Third Amended Infringements); Dkt. 660, Ex. B ('596 Third Amended Infringement Contentions).)  These two patents cover narrow functions within the expansive HSUPA standard, yet Samsung's requests, and its motion to compel, broadly seek, for example, "[o]verall technical specifications and/or data sheets for the processors/transceivers, including documents sufficient to show the physical connections and digital hardware specifications for each processor and the connections between (1) an applications processor and each baseband processor; (2) an applications processor and each transceiver; and (3) each transceiver and baseband processor" and "[c]ommunications between Qualcomm and Apple regarding … roadmaps and project lists relating to chip testing, research, and development." (Mot. at 10-11.)  "Technical specifications and data sheets" covering 3GPP functionalities other than those claimed in the '087 and '596 patents are clearly irrelevant.

In addition, Samsung now improperly expands its requests *beyond* the Qualcomm baseband processor.  For example, Samsung now requests documents regarding the Qualcomm RTR8600 and RTR8605 transceiver chips.  (Mot. at 10.)  ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████.[14]  Indeed, the term "transceiver" does not appear a single time in Samsung's infringement contentions for the two patents.  (*See* Dkt. 660, Ex. A ('087 Third Amended Infringements); Dkt. 660, Ex. B ('596 Third Amended Infringement Contentions).)

Samsung's further requests for "[p]ictures of each processor/transceiver showing hardware components and interconnections with other chip or Apple product components" and "documents sufficient to show the physical connections and digital hardware specifications for each processor and the connections between (1) an applications processor and each baseband

---

[14]     While Apple considers the RTR8600 and RTR8605 to be irrelevant, it has produced technical specifications for both chips.  (Walden Decl. at ¶ 24.)

1   processor; (2) an applications processor and each transceiver; and (3) each transceiver and

2   baseband processor" are equally irrelevant and inexplicable.  Samsung does not need photos or

3   documents showing how the baseband processor connects with other chips or components in the

4   Apple accused products in order to determine if the accused functionality in the baseband

5   processors located in the Apple accused products infringe the '087 or '596 patents, because the

6   purportedly relevant functionality for these products is found in the source code, not how the

7   chips connect with other chips or components.[15]

8          Finally, Samsung is also now requesting, for the first time, what it calls  "technical

9   marketing documents and sales briefs with a high-level overview of the processors' and/or

10  transceivers' functions, dated from January 2011 to the present." (Mot. at 10.)  Samsung never

11  requested these documents during the meet and confer process, and Apple is unsure what

12  _____

13  [15]     It appears that the true purpose of Samsung's motion is to seek documents that it believes
    are relevant to U.S. Patent No. 5,579, 239 ("'239 patent") – even though this patent was only

14  mentioned in a footnote in Samsung's motion (Motion at 1, n.1) and never the subject of any
    meet and confer discussions.  This Court has previously ruled that raising an issue in a footnote

15  is insufficient to have that issue heard in a motion to compel.  (See Order re Samsung's and
    Apple's Motion for Leave to File Amended Infringement Contentions and Samsung's Motions to

16  Compel, Dkt. 636 at 41.)  In addition, Samsung never met and conferred with Apple about the
    '239 patent with respect to any issue presented by its motion to compel.  Not only did Samsung

17  not confer with Apple about the '239 patent before it filed its motion, Samsung did not confer
    with Apple to discuss these issues after the Court allowed it to amend its infringement

18  contentions on June 26.  The '239 patent relates to the capture and transmission of video data
    files using dial-up modems connected to cellular phones, and is not declared essential to any

19  standard.  Prior to the newly allowed amended infringement contentions, the only mention of the
    baseband processor in Samsung's infringement contentions for the '239 patent was a statement

20  that each accused product contained a baseband processor and that this baseband processor
    transmits a compressed composite signal or a captured video over a cellular frequency.  (See,

21  e.g., Dkt. 305, Ex. 10, Ex. H ('239 Second Amended Infringement Contentions) at 182, 189, and
    209.)  However, there was no mention in the '239 patent infringement contentions of

22  transceivers or any specific software functions for initializing, obtaining, or transmitting a stored
    data file until Samsung's amended infringement contentions for the '239 patent were allowed on

23  June 26.  Accordingly, to the extent Samsung's requests for documents relating to the RTR8600
    and RTR8605 transceivers, and pictures or documents showing the "interconnections" of those

24  transceivers and the baseband chips with other components are relevant to the '239 patent, they
    were not relevant before June 26.  In any event, Apple has endeavored to account for the '239

25  patent during its recent document collection of Qualcomm-related documents.  (Walden Decl. ¶
    24 (providing examples of RTR8600 and RTR8605 related documents Apple has produced).)

26

27

28

                                        Apple's Opposition to Samsung's Motion to Compel
                                        Case No. 12-cv-00630 (LHK)

Samsung means when it refers to "technical marketing documents."  To the extent Samsung is seeking documents describing the relevant structure, function, and operation of the accused products, as discussed above, Apple has produced such documents (and Apple has not withheld production of any document because it is a "marketing" document).  To the extent Samsung seeks non-technical Qualcomm marketing documents, such documents would be completely irrelevant to this case.

**C.  Samsung's Motion To Compel Certain Documents Related to the Patent Exhaustion Issue Is Premature and Procedurally Defective**

While Samsung's motion purports to seek "discrete categories of technical documents," it actually tries to sneak in three categories of non-technical documents—documents that Samsung argues are necessary to rebut Apple's patent exhaustion defense.  But Samsung fails to mention that at least one category of these exhaustion-related documents was never requested by Samsung in a request for production of documents, and that the two other categories of exhaustion-related documents identified in Samsung's motion were sought by requests for production that Samsung did not serve until ***June 8, 2013*** (thereby making Apple's responses to these requests due yesterday—July 8, 2013—two weeks after Samsung filed its motion).

Because these documents were either never requested, or were requested late, it would have been impossible for the parties to have met and conferred on these exhaustion-related documents.  Samsung's failure to comply with the Court's lead counsel meet and confer requirement before filing this motion is confirmed by the lengthy account in Samsung's moving papers of the parties' meet and confer correspondence and meetings, which includes no mention of any efforts by Samsung to discuss, or otherwise seek the production of, these exhaustion-related documents.

For all these reasons, in addition to those set forth below, the portion of Samsung's Motion seeking exhaustion-related documents is procedurally defective and should be denied.

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

1.      <u>Samsung Failed To Request And/Or To Meet And Confer On The Three
Categories Of Exhaustion-Related Documents Sought By Its Motion</u>

Samsung has identified three categories of documents that it alleges are "critical to evaluating Apple's exhaustion defense." (Mot. at 10-12.)  The categories are as follows:

•      Communications with Apple or other third parties pertaining to (a) the letter regarding "Notice of Limit of Samsung's Covenant to Qualcomm and Its Customer" sent by Samsung to Qualcomm on April 21, 2011, and/or (b) the notice letter pursuant to Section 5.3.3 of the 2009 Samsung/Qualcomm Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement, sent by Samsung to Qualcomm on February 2, 2012.  (*Id.* at 11-12.)

•      Agreements between Qualcomm and Apple, any Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit), or any other entity concerning the manufacture and/or transfer or sale of the baseband processors/transceivers for use in Apple products.  (*Id.* at 12.)

•      Documents sufficient to show the chain of custody for the baseband processors/transceivers at issue from placement of the order to manufacture to delivery to an Apple Manufacturer (including Hon Hai (a/k/a Foxconn), Pegatron, Quanta, IAC, and Ambit) to their entry into the U.S. either as chips or incorporated in downstream products.  (*Id.* at 12.)

Although the first category above (communications among Apple and third parties about two letters Samsung wrote to Qualcomm in 2011 and 2012) is set forth in Samsung's motion as if it were the subject of a Rule 34 document request, none of the over 1,000 requests for production served by Samsung includes any reference to the two letters Samsung identifies in this bullet. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  Having never even requested these documents, Samsung has no basis to move to compel their production.

1    Samsung cannot remedy its failure to seek these documents during fact discovery by

2    appending brand new requests onto a motion that seeks to compel unrelated technical documents.

3    As such, Samsung's attempt to compel the production of Apple communications related to two

4    Samsung/Qualcomm letters—documents that Samsung never requested during discovery—

5    should be denied.  *See, e.g.*, *E. & J. Gallo Winery v. Proximo Spirits, Inc.*, No. 1:10-cv-00411,

6    2011 WL 6002923, at *4 (E.D. Cal. Nov. 30, 2009) (denying motion to compel where "neither

7    the requests nor the meet and confer efforts placed [non-movant] on notice" as to the information

8    sought. . . .  [T]he Court will not compel a response to discovery that was not propounded.");

9    *Brooks v. Alameida*, No. CIV S-03-2343, 2009 WL 1307138, at *1 (E.D. Cal. Apr. 30, 2011)

10   ("Plaintiff now seeks in his motion documents that he did not request in his discovery request . . .

11   . Because plaintiff never sought such documents in discovery, his motion is denied as to this

12   request.").

13   The second and third categories of exhaustion-related documents included in Samsung's

14   Motion—agreements between Qualcomm and Apple or any third party handset manufacturer;

15   and documents sufficient to show the chain of custody for the baseband processors—are, at least

16   in part, requested by Samsung's 19th Set of Requests for Production, which Samsung served on

17   June 8, 2013.  Apple served its responses to these requests yesterday, and included many

18   agreements to provide the documents requested by Samsung's 19th Set of Requests for

19   Production.  But instead of waiting for Apple's responses—which timely came at the close of

20   fact discovery only because of Samsung's delay in propounding them—Samsung now attempts

21   to preempt the discovery rules and this Court's meet and confer requirement by rushing to Court

22   before it even knew whether Apple would agree to produce the relevant contracts between itself

23   and Qualcomm and documents sufficient to show where Qualcomm baseband processors are

24   incorporated into Apple products.  Such a failure to meet and confer, alone, constitutes sufficient

25   basis to deny Samsung's motion with respect to the exhaustion-related documents.  *See, e.g.,*

26   *Gaspard v. Hedgpeth*, No. 12-1058, 2013 WL 1819335, at *3 (N.D. Cal. Apr. 30, 2013) ("In

27   general, the Court is not involved with discovery matters unless and until the parties have

28

satisfied the 'meet and confer' requirements of the discovery rules."); *Histon v. Tilton*, No. C 09-0979, 2012 WL 476388, at *8 (N.D. Cal. Feb. 14, 2012) (denying motion to compel where movant "has not in good faith attempted to meet and confer with [non-movant] prior to filing his motion"); *Callegari v. Lee*, No. C 08-2420, 2011 WL 6012940, at *3 (N.D. Cal. Dec. 1, 2011) (denying motion to compel where "there is no indication [movant] has fulfilled the meet and confer requirement"); *Fosselman v. Evans*, No. C 07-2606, 2011 WL 939616, at *2 (N.D. Cal. Mar. 15, 2011) (denying motion to compel where movant "does not identify any specific communication that he contends constituted compliance with the meet and confer requirement, nor does he provide the required certificate.").  In light of the foregoing, Samsung's procedurally defective attempt to compel the production of documents weeks before the relevant discovery responses were due, should be denied.

### D.   Apple Will Have Fully Answered Samsung's Interrogatory No. 32 By The Time This Motion Is Heard

Samsung's motion as it relates to Interrogatory No. 32 should be denied as moot.  On May 25, in Apple's supplemental response to this interrogatory, Apple clearly articulated its understanding of what information was required in order to fully answer Samsung's Interrogatory.  The interrogatory requests that Apple identify for each accused product "the final submitted and completed version (completed by Apple and submitted to AT&T)" of AT&T Document Numbers 13340, 13289, 10776.  (Thakur Decl. ¶ 30, Ex. 24.) ████████ ████████████████████████████████████████ Apple understood Samsung to request the current version of that document.  Accordingly, in its supplemental interrogatory response, Apple identified the most recent version of AT&T Document Number 13340, stated it had identified the versions of AT&T Document Numbers 13289 and 10776 that were submitted when each Apple accused product was launched, and committed to supplement its response with bates numbers once they were produced.  (Thakur Decl. ¶ 5, Ex. 4.)  In response, Samsung complained that Apple had not identified bates numbers for "*any* final version of the identified AT&T documents for *any* of the accused Apple product" but did not tell Apple that Apple's

1   understanding of the scope of Samsung's request with respect to AT&T Document Number

2   13340 was incorrect.  (Thakur Decl., ¶ 37, Ex. 30 (June 21, 2013 Letter Thakur to Kolovos).)

3          Apple notified Samsung before Samsung filed this motion that it would fully supplement

4   its response to this interrogatory.  (Walden Decl. ¶ 16, Ex. E.)  Consistent with Apple's

5   understanding of Samsung's interrogatory, Apple produced the most recent version of AT&T

6   Document Number 13340 and the AT&T Document Numbers 13289 and 10776 that were

7   submitted when each Apple accused product was launched.  Apple then supplemented its

8   interrogatory response with this bates numbers for all but one of these documents on July 1.

9   ████████████████████████████████████████████████, Apple did not

10  understand Samsung to have sought multiple versions of AT&T Document Number 13340.

11  Samsung never suggested to Apple that its understanding was incorrect until Apple's

12  teleconference with Samsung on July 3.  (Walden Decl. ¶ 18.)

13         During the July 3 teleconference, Samsung explained for the first time that it not only

14  wanted Apple to identify multiple versions of AT&T Document Number 13340, but it also

15  wanted Apple to identify several versions of AT&T Document Number 13340 for each accused

16  product.  (Walden Decl. ¶ 18.)  Samsung's request goes far beyond its interrogatory seeking "the

17  final submitted and completed version (completed by Apple and submitted to AT&T) of … (1)

18  AT&T Device Requirements Document (AT&T Document # 13340)" for each Apple accused

19  product.  (Thakur Decl. ¶ 30, Ex. 24.)  Samsung has also not explained what relevant information

20  it seeks with its new request.  ████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████   Nevertheless, Apple is willing to identify for each accused product the most recent

23  version of AT&T Document Number 13340 that was in existence when each Apple accused

24  product was launched.  ████████████████████████████████

25  ████████████████████████████████████████

26  ████████████████████████████████████.  Now that

27  Samsung has further articulated its demands with respect to Interrogatory No. 32, Apple is in the

28

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

process of collecting and producing those documents and expects to have fully supplemented its response to Samsung's Interrogatory No. 32 with the bates numbers for these additional AT&T Document Number 13340 documents by the end of this week.  Based on Apple's understanding of Samsung's purpose for seeking the various versions of AT&T Document #13340, Apple believes this response should fully satisfy Samsung's request for information.

IV.     **CONCLUSION**

       For the foregoing reasons, Apple respectfully requests that Samsung's Motion to Compel be denied.

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 9, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

Apple's Opposition to Samsung's Motion to Compel
Case No. 12-cv-00630 (LHK)