Amy H. Candido (Bar No. 237829)
amycandido@quinnemanuel.com
Matthew S. Warren (Bar No. 230565)
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Non-Party Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York  corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Case No. 5:12-cv-630-LHK-PSG<br><br>**GOOGLE'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE'S SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TESTIMONY**<br><br>**Hearing:**<br><br>Date:  July 23, 2013<br>Time:  10:00 a.m.<br>Place:  Courtroom 5, Fourth Floor<br>Judge:  Hon. Paul S. Grewal |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York  corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. Apple's Opposition Confirms That Google's Relevant Knowledge Has Already Been Fully Explored ............................................................................................. 2

II. Apple Has Failed to Demonstrate That Its Fifth and Sixth Subpoenas are Not Unduly Burdensome, Overbroad, Duplicative, and Seek Irrelevant Materials ..................... 5

    A. Apple's Requests Concerning Google's Confidential Patent Licenses and Related Communications (Request Nos. 25-28; Topic Nos. 25-27) ......................... 6

    B. Apple's Requests Concerning Discussions and Agreements Between Google and Samsung (Request Nos. 24, 29, 30; Topic Nos. 24, 28, 29) .................. 7

    C. Apple's Requests Concerning Communications Between Google and Samsung About Apple's Patents Beyond Those at Issue In This Action (Request No. 31; Topic No. 30) ............................................................................. 8

    D. Apple's Requests Concerning Consumer Demand and Google's Market Analysis (Request and Topic Nos. 1-8) ................................................................... 9

    E. Apple's Requests Concerning Desirability of the Accused Features (Request and Topic No. 13) ................................................................................... 10

    F. Apple's Requests Concerning Accused Functionality and Alterations Thereto (Request and Topic Nos. 9-12, 14-17, 18-23) ......................................... 11

III. Apple Has Failed to Show That Its Need For Discovery From Google In Response to the Fifth and Sixth Subpoenas Outweighs the Undue Burden to Google ...................... 11

IV. Google Fully Complied With Its Discovery Obligations Under the Fifth and Sixth Subpoenas by Timely Serving Objections and Moving to Quash ..................................... 13

V. Apple Has Unreasonably Refused to Narrow the Fifth and Sixth Subpoenas ................... 13

CONCLUSION ............................................................................................................................. 14

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allen v. United States*,
  Case No. 2:03-cv-01358, 2012 WL 5354943 (D. Nev. Oct. 26, 2012) ............................. 14

*Barnes and Noble, Inc. v. LSI Corp.*,
  Case No. 11-2709, 2012 WL 1029939 (N.D. Cal. Mar. 26, 2012) ...................................... 7

*Borders v. Chase Home Fin., LLC*,
  Case No. 09-3020, 2010 U.S. Dist. LEXIS 33164 (E.D. La. Mar. 5, 2010) .................... 7, 8

*Brocklesby v. United States*,
  767 F.2d 1288 (9th Cir. 1985) ........................................................................................... 7

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
  649 F.2d 646 (9th Cir. 1980) ............................................................................................. 9

*Echostar Satellite LLC v. Freetech Inc.*,
  Case No. 07-6124, 2008 WL 4460236 (N.D. Cal. Sept. 29, 2008) ..................................... 9

*Fernandez v. Penske Truck Leasing Co., L.P.*,
  Case No. 12-0295, 2013 U.S. Dist. LEXIS 14786 (D. Nev. Feb. 1, 2013) ...................... 13

*Haber v. ASN 50th St., LLC*,
  272 F.R.D. 377 (S.D.N.Y. 2011) ................................................................................. 9, 11

*Haworth, Inc. v. Herman Miller, Inc.*,
  998 F.2d 975 (Fed. Cir. 1993) ......................................................................................... 10

*Hertenstein v. Kimberly Home Health Care, Inc.*,
  189 F.R.D. 620 (D. Kan. 1999) ....................................................................................... 14

*In re Google Litig.*,
  Case No. 08-3172, 2011 WL 286173 (N.D. Cal. Jan. 27, 2011) ....................................... 5

*In re Lloyd's Am. Trust Fund. Litig.*,
  Case No. 96-1262, 1998 WL 50211 (S.D.N.Y. Feb. 6, 1998) ....................................... 7, 8

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
  Case Nos. 09-cv-01967 CW (NC), 11-mc-80300 CW (NC), 12-mc-80020 CW
  (NC), 2012 WL 629225 (N.D. Cal. Feb. 27, 2012) ......................................................... 12

*Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*,
  Case No. 09-115, 2010 WL 2079675 (D. Utah May 24, 2010) .................................. 9, 11

*Intermec Techs. Corp. v. Palm, Inc.*,
  Case No. 09-80098 (N.D. Cal. May 15, 2009) ............................................................. 4, 5

*King v. Fidelity Nat'l Bank of Baton Rouge*,
    712 F.2d 188 (5th Cir. 1983) .................................................................................................. 13

*Micron Tech., Inc. v. Tessera, Inc.*,
    Case No. C06-80096, 2006 WL 1646133 (N.D. Cal. June 14, 2006) ................................. 12

*Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005) ........................................................................................ 12

*North Am. Co. for Life and Health Ins. v. Philpot*,
    Case No. 08-270, 2010 WL 4917065 (S.D. Cal. Nov. 24, 2010) ....................................... 13

*Pioche Mines Consol., Inc. v. Dolman*,
    333 F.2d 257 (9th Cir. 1964) ............................................................................................... 13

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
    Case No. 11-2226, 2013 WL 1209338 (N.D. Cal. Mar. 25, 2013) ....................................... 7

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) ............................................................................................... 6

*Robinson v. Stanley*,
    Case No. 06-5158, 2010 WL 1005736 (N.D. Ill. Mar. 17, 2012) ......................................... 9

*Rombeiro v. Unum Life Ins. Co. of Am.*,
    Case No. C 02-04018, 2011 WL 1152270 (N.D. Cal. Mar. 27, 2011) ............................... 10

*Viacom Int'l, Inc. v. YouTube, Inc.*,
    Case No. C 08-81029 SI, 2008 WL 3876142 (N.D. Cal. Aug. 18, 2008) ........................... 12

*Visto Corp. v. Smartner Info. Sys., Ltd.*,
    Case Nos. 06-80339 MISC RMW (RS), 06-80352 MISC RMW (RS), 2007 WL
    218771 (N.D. Cal. Jan. 29, 2007) ........................................................................................ 12

*Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010) ............................................................................................. 6

**STATUTES**

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................................................ 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Apple's Fifth and Sixth Subpoenas to Google should be quashed. Apple has already fully explored Google's nexus to the subject matter of this case – Google's role in the development of the accused software features in accused Android devices. Google does not dispute the relevance of that subject. Apple and Google agree: Google developed the Android platform, and Google's nexus to this case is grounded in its technical knowledge regarding accused functionality. (Opp. at 10 (noting Google's "connection to the subject matter of this case" is that "Google developed Android," which "provides much of the accused functionality").) But Google has already provided extensive discovery on precisely those technical issues, in response to Apple's *four* prior subpoenas in this case. Apple fully explored Google's relevant knowledge as the developer of the Android platform – including Google's role in the development of the accused software functionality. Google has gone to great lengths to accommodate Apple in its discovery requests on those issues. Indeed, following this Court's instruction to the parties to discuss search terms related to Apple's first four subpoenas, Google voluntarily undertook an extraordinary task: despite the fact that Google's production was already complete, Google agreed to run nearly *one hundred* additional search terms hand-picked by Apple, against more than *fifty* document custodians, at a cost of *hundreds of thousands of dollars* to Google, in order to demonstrate that Google's production was already substantially complete. (Madigan Decl. Exs. 6-8.) As Apple admits, this extraordinary effort by Google, voluntarily undertaken to avoid burdening the Court with unnecessary motion practice, resulted in only a few additional documents being produced – demonstrating that Google had *already* produced all relevant technical discovery. (Opp. at 5.)

Google's effort to diligently provide Apple with technical discovery regarding Google's role in developing the accused software features, and to cooperatively resolve disputes and avoid bothering the Court with unnecessary disputes, was repaid by Apple with two duplicative and overbroad new subpoenas, served more than a year after Google began providing discovery in this case. These two new subpoenas sought irrelevant discovery unrelated to Google's nexus to this case. Apple's request to *restart* discovery against Google after four prior subpoenas, to depose

-1- Case No. 5:12-cv-630-LHK-PSG
GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE INC.'S SUBPOENAS FOR DOCUMENTS AND TESTIMONY

1  countless new witnesses and re-depose countless others, and to probe "damages" issues unrelated
2  to Google's actual technical nexus to this action, is undoubtedly burdensome.  Yet Apple refuses
3  to explain why some of its requests are even arguably *relevant*, or to specify what additional
4  discovery Apple could possibly require after having *already* received discovery on the accused
5  functionality and Google's role in developing that software.  Indeed, despite the substantial
6  discovery Apple already received from Google, Apple is unwilling to narrow *even one* of its new
7  requests.  In light of this history, Google asks the Court to quash Apple's Fifth and Sixth
8  Subpoenas.

## ARGUMENT

**I.    Apple's Opposition Confirms That Google's Relevant Knowledge Has Already Been Fully Explored**

In its opposition, Apple attempts to blame *Google* for *Apple's* failure to mention that Apple was secretly planning to serve Fifth and Sixth Subpoenas on various "damages" topics in June, shortly after Apple agreed that if Google ran extensive new search terms across multiple custodians on a highly accelerated timetable, this would extinguish Google's subpoena obligations.  (Opp. at 9.)  This is incredible.  Google could not know what Apple failed to disclose in good faith, and certainly could not know that Apple intended to serve Google with requests unrelated to Google's relevant technical knowledge, under the banner of a "damages" theory.  Apple's decision not to disclose its plan to serve additional subpoenas shows that Apple is not participating openly and in good faith in discussions to narrow discovery obligations or reduce discovery burdens, leaving Google with no choice but to file this Motion.

To briefly recap, Apple implored this Court to force Google to produce the search terms Google used when searching for documents responsive to Apple's prior subpoenas.  (Docket No. 418.)  According to Apple, if the term "keyguard" had not been run as a search term, Apple would have been deprived of critical discovery relating to Google's technical knowledge.  (Docket No. 418-3 at 7.)  But Apple's conduct after this Court ordered Google to provide its search terms (Docket No. 501) is telling:  while Apple asked Google to run more than one hundred new search terms, the supposedly critical search term that launched Apple's earlier motion – "keyguard" –

was *never mentioned again*, as it was not a term Apple was actually ever interested in receiving discovery on. (Madigan Decl. Ex. 7.)

Following a full-day in-person meet and confer, Google agreed to voluntarily run nearly one *hundred* additional search terms requested by Apple, against more than *fifty* document custodians, at a cost of *hundreds of thousands of dollars*, in connection with Apple's Third and Fourth Subpoenas. (Madigan Decl. Exs. 6-8.) Google entered into this agreement despite the fact that Google's production was already complete – a fact confirmed by the very search terms Apple asked Google to run at great expense – because, as Google explained, Google wanted to bring Apple's subpoenas to a close without unnecessary judicial intervention. (*Id.*) Apple does not deny that while it was negotiating these extraordinary measures as a way to supposedly end Google's discovery obligations, Apple lay in wait with *two more subpoenas* that it did not mention.

This course of conduct is not consistent with Apple's duty to meet and confer in good faith. There was no basis to hold back the Fifth and Sixth Subpoenas until after Google had undertaken – at Apple's insistence – expensive and accelerated discovery obligations on the first four subpoenas. Apple's opposition tries to manufacture a basis for the timing of these subpoenas, claiming that Apple only recently "concluded that it should seek further discovery from Google on damages related-issues," based on various discovery responses served in this action. (Opp. at 5.) But the discovery responses Apple points to *undercut* that claim: they are dated long prior to Apple's June 4, 2013 subpoenas on "damages" issues (Opp. at 5 (citing Mader Decl. Exs. 4, 7 (dated March 27, 2012 and September 24, 2012)) and undercut any claim of diligence. Other responses Apple points to are dated *after* Apple served its two new subpoenas (Opp. at 5 (citing Valek Decl. Ex. 2, dated June 18, 2013, and Mader Decl. Ex. 13, dated June 10, 2013)), and could not form the basis for Apple's June 4 decision to serve broad new "damages" topics on Google, only after Google agreed to extensive additional discovery efforts on technical topics, at Apple's insistence.

Moreover, while Apple claims to have only recently realized it would need testimony on certain technical issues raised in the Fifth and Sixth Subpoenas, since June 4 Apple has deposed

-3-  Case No. 5:12-cv-630-LHK-PSG
GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE INC.'S SUBPOENAS FOR DOCUMENTS AND TESTIMONY

*six* Google witnesses on various accused features, and has had ample opportunity to ask questions on the development, design, and implementation of the functionality Apple accuses.  Google is already providing extensive technical discovery, and Apple's request for leave to re-take depositions that have already been offered is unnecessary and burdensome.  There is no reason earlier depositions could not have been used to explore the same topics in Apple's new subpoenas. Allowing additional depositions on the same topics because Apple served Fifth and Sixth Subpoenas with duplicative topics would unduly burden Google and circumvent the Federal Rules.

Apple waited until the end of a year-long discovery process in which Google provided extensive discovery on Google's knowledge of the accused features of Android, to serve two new and overbroad subpoenas.  By serving these two new subpoenas at the end of that year-long process – and by requesting that Google respond in under one month, before the end of the fact discovery period in this case – the burden to Google was greatly multiplied.  Apple expected Google to comply within an unreasonable time period; even now, Apple complains that Google did not provide deposition testimony on *thirty-one deposition topics* on just twenty-four days' notice. (Opp. at 17-18.)  This is plainly improper.  As courts in this District have found, "[f]or a bone-crushing subpoena like the one in question, one month was too short and too unreasonable." *Intermec Techs. Corp. v. Palm, Inc.*, Case No. 09-80098, slip op. at 5 (N.D. Cal. May 15, 2009). In *Intermec*, as in this case, a third party subpoena was "drawn in massively overbroad and burdensome terms," seeking broad categories of discovery such as "the manner in which Google Applications … store and access data." *Id.* at 3-4.  There, as in this case, the issuing party offered only unexplained *ipse dixit* as to the relevance of the discovery sought, and failed to make any showing of the "relevance and need for upending [the third party] to search for and to produce so much material and testimony." *Id.*  Rather, the scope of discovery sought was analogous to "asking for all documents to explain how an F-16 operates." *Id.*  For good reason, the *Intermec* court determined "this exercise has all the hallmarks of a classic fishing expedition," and granted the motion to quash. *Id.*  The same reasoning holds true here and warrants quashing Apple's Fifth and Sixth Subpoenas.

II. **Apple Has Failed to Demonstrate That Its Fifth and Sixth Subpoenas are Not Unduly Burdensome, Overbroad, Duplicative, and Seek Irrelevant Materials**

Apple argues that Google has offered no evidence to support its claim of undue burden. (Opp. at 11.) Not so. Google's efforts to date, including fully responding to four prior subpoenas, show that Apple's unending discovery requests are unduly burdensome. (Mot. at 2.) Unable to refute this history, Apple argues that yet more evidence of Google's undue burden is required. But the sole authority Apple relies on, *In re Google Litig.*, Case No. 08-3172, 2011 WL 286173 (N.D. Cal. Jan. 27, 2011), unlike this case, did not concern the undue burden posed by successive and duplicative subpoenas to a non-party. Moreover, Apple's Fifth and Sixth Subpoenas are overbroad and unduly burdensome on their face, seeking "all" documents in response to a variety of irrelevant issues, including patent licenses "relating to Android" in its entirety—not limited to the technology in this case – as well as irrelevant common interest agreements, indemnity agreements, communications with Samsung, and generalized consumer demand information. (Mot. at 4.)[1] Under similar facts, courts routinely grant motions to quash where the subpoena is drawn in massively overbroad and burdensome terms. *See, e.g.*, *Intermec Techs. Corp.*, Case No. 09-80098, slip op. at 4-6.

---

[1] For instance, Apple's new subpoenas include the following requests: "Request No. 1: ***All Documents and Communications relating to actual or perceived competition among mobile device operating systems***, including but not limited to Android, Apple's iOS, Microsoft's Windows Phone, and RIM's BlackBerry OS or BlackBerry 10"; "Request No. 4: ***All Documents and Communications*** relating to ***the likelihood that a user of a mobile device operating system*** (e.g., Android or iOS) will, if purchasing another mobile device, ***purchase another mobile device that utilizes the same operating system***"; "Request No. 7: ***All Documents and Communications*** relating to ***the importance***, or lack thereof, ***of sales to first-time buyers of smartphones or tablets***"; "Request No. 26: ***All patent licenses*** between you and any third party ***relating to Android***"; "Request No. 27: ***All Documents and Communications*** relating to ***any patent license*** between you and any third party ***relating to Android***"; "Request No. 31: ***All Communications between Google and Samsung relating to*** *any Apple patent* occurring prior to August 18, 2010." (Madigan Decl. Ex. 13 at 11-16.)

-5- Case No. 5:12-cv-630-LHK-PSG
GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE INC.'S SUBPOENAS FOR DOCUMENTS AND TESTIMONY

**A.     Apple's Requests Concerning Google's Confidential Patent Licenses and Related Communications (Request Nos. 25-28; Topic Nos. 25-27)**

Apple does not dispute that its subpoenas broadly seek unbounded categories of documents and testimony concerning Google's patent licenses with any other parties if those licenses or those discussions are arguably "relating to Android" – including licenses that have no conceivable relevance to the technologies at issue in this lawsuit. Instead, Apple contends that it is entitled to irrelevant discovery because the Court will decide the ultimate issue of admissibility at trial. Yet at the same time, Apple admits that only "comparable" license agreements could have any conceivable relevance to any reasonable royalty calculation. (Opp. at 13-14.)

Apple's broad request for discovery on unrelated technologies ignores the Court's prior instruction to Apple that discovery should be limited to the accused functionality of the accused devices: "[T]he court can think of no line it can draw, other than one focused on the accused features, that would respect the norms of proportionality applicable under Rule 26 even in a well-resourced, high-stakes case like this." (Mot. at 8 (quoting Docket No. 164 at 7).) The licenses Apple seeks fail this test. They are not technologically comparable to the functionality Apple accuses of infringement, are not relevant to determining a reasonable royalty or likely to lead to the discovery of admissible evidence, and are not within the scope of discovery permitted by Rule 26. Instead, Apple seeks discovery that relates to the hundreds of other discrete components and technologies incorporated in the accused products that have nothing to do with Apple's allegations in this case. Apple makes no attempt to explain how any of these other technologies are comparable to the asserted patents, and yet asserts without any supporting authority that "Google is not entitled to determine unilaterally what technologies are 'non-comparable.'" (Opp. at 14.)

Absent a link to the technology of the patents-in-suit, the licenses Apple seeks are neither comparable nor relevant. *See, e.g.*, *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) (finding licenses incomparable because they "covered different material"); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010) (rejecting licenses showing no "discernible link to the claimed technology"). Indeed, Apple's own authorities agree and do not allow unbounded discovery of any and all patent licenses and related

communications that are not tailored to a party's damages case.  *See, e.g.*, *Positive Techs., Inc. v. Sony Elecs., Inc.*, Case No. 11-2226, 2013 WL 1209338, at *2 (N.D. Cal. Mar. 25, 2013) (allowing discovery of "patent licenses related to the accused instrumentalities"); *Barnes and Noble, Inc. v. LSI Corp.*, Case No. 11-2709, 2012 WL 1029939, at *4 (N.D. Cal. Mar. 26, 2012) (quoting the court's prior order which "clearly states that only 'relevant licensing agreements' need be included").

### B. Apple's Requests Concerning Discussions and Agreements Between Google and Samsung (Request Nos. 24, 29, 30; Topic Nos. 24, 28, 29)

Apple's sole argument in support of its requests for a variety of information regarding privileged communications and irrelevant issues, including agreements between Google and Samsung which have nothing to do with any claim or defense in this lawsuit, is that this information is allegedly relevant to "explaining potential bias of trial witnesses employed by Google."  (Opp. at 13.)  But Apple has not explained why it could not rely on public information, or information from Samsung, to support any such "bias" agreement.  And more directly, multiple courts have recognized that the information Apple claims to need are in fact not necessary, and not even discoverable, to show alleged "bias" in any event.  *See, e.g.*, *In re Lloyd's Am. Trust Fund. Litig.*, Case No. 96-1262, 1998 WL 50211, at *20 (S.D.N.Y. Feb. 6, 1998) (denying motion to compel indemnity agreement where the details of any agreements that may exist "add nothing"); *Borders v. Chase Home Fin., LLC*, Case No. 09-3020, 2010 U.S. Dist. LEXIS 33164 (E.D. La. Mar. 5, 2010) (granting motion to quash a Rule 45 subpoena seeking indemnity agreements over plaintiff's argument that the agreement would be "relevant to the scope of duties and relationship" between the defendant and non-party).

Contrary to Apple's arguments in its opposition, *In re Lloyd's* and *Borders* are directly on point.[2]  *In re Lloyd's*, 1998 WL 50211, at *20; *Borders*, 2010 U.S. Dist. LEXIS 33164, at *4.  In

---

[2] Though Apple argues that "[b]ias is a well-established basis to allow the discovery of indemnity agreements" (Opp. at 13), *Brocklesby v. United States*, 767 F.2d 1288, 1293-94 (9th Cir. 1985), concerns admissibility at trial and not Rule 45 discovery from a non-party.

*In re Lloyd's*, the court specifically denied a motion to compel production of an indemnification agreement where the relationship between Lloyd's – a trustor – and Citibank – its trustee – is "itself, sufficient to demonstrate potential bias." *In re Lloyd's*, at *20.  The court noted that "the relationship between Lloyd's and Citibank will certainly be raised by plaintiffs in their effort to show bias, and the details of any indemnification agreements that may exist add nothing to that argument." *Id.*  Similarly, the *Borders* court granted a motion to quash a Rule 45 subpoena seeking an indemnity agreement over the plaintiff's argument that the agreement was "relevant to the scope of duties and relationship" between the defendant and non-party as co-insurers. *Borders*, at *4.  Like the relationships at issue in *Lloyd's* and *Borders*, the relationship between Samsung and Google is "itself, sufficient to demonstrate potential bias," *Lloyd's*, at *20, to the extent Apple intends to argue "bias" to the jury, and Apple has already exploited this relationship before the Court without evidence.

### C. Apple's Requests Concerning Communications Between Google and Samsung About Apple's Patents Beyond Those at Issue In This Action (Request No. 31; Topic No. 30)

Apple's opposition is silent as to discovery of "[a]ll Communications between Google and Samsung relating to any Apple patent occurring prior to August 18, 2010."  As set forth in Google's motion, these requests are facially overbroad, as they are not limited to patents *actually at issue* in this case, and Apple has offered no explanation for their relevance.  (Mot. at 9-10.)  Further, to the extent Apple does seek discovery on patents actually at issue here, Google already searched for *exactly these documents* – using search terms that Apple *itself requested* – by agreeing to run Apple-selected search terms, such as **"patent /3 Apple"**, on Apple's hand-selected list of custodians.[3]  (Mot. at 9-10.)

Additionally, Apple's First Subpoena already included requests for "[a]ll documents that comprise, refer, or relate to communications between you and Samsung relating to Apple."  (Mot.

---

[3] Thus to the extent Apple's Fifth and Sixth Subpoenas seek "All Communications between Google and Samsung relating to any of the Patents-in-Suit occurring prior to February 8, 2012" (Madigan Decl. Ex. 13 at 17, 28 (Document Request No. 32; Deposition Topic No. 31)), Google has already provided that discovery as well.

at 9-10 (citing Docket No. 135-4).)  The Court should quash these requests and topics both because Apple has failed to oppose Google's motion on these requests, and because it would be unduly burdensome to make Google undertake this exercise for a third time.  *Robinson v. Stanley*, Case No. 06-5158, 2010 WL 1005736, at *3 (N.D. Ill. Mar. 17, 2012) (granting motion to quash where non-party had "already testified twice on the matter of the investigation"; "a third time would not only be cumulative and duplicative, it would be an undue burden for a non-party"); *see also Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (quashing a subpoena that was duplicative of already answered document requests); *Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*, Case No. 09-115, 2010 WL 2079675, at *2 (D. Utah May 24, 2010) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)'s limitation on unreasonably cumulative and duplicative discovery to quash a subpoena that sought documents "likely" already produced).

### D. Apple's Requests Concerning Consumer Demand and Google's Market Analysis (Request and Topic Nos. 1-8)

Apple asserts that its requests for information relating to "the market for smartphones and smartphone operating systems" are highly relevant to its claims for lost profits and injunctive relief.  (Opp. at 14.)  But Apple's sole justification for burdening Google with these overbroad requests is that Apple seeks to test Samsung's contention that non-accused features drive demand for the accused devices.  (Opp. at 15.)  Apple has already obtained the discovery it seeks from another, less burdensome source – party discovery.  In its opposition Apple points to document requests Samsung has served on Apple (Opp. at 14), but Apple itself served nearly identical requests on Samsung.  (Docket No. 105-1 (*See, e.g.*, Request Nos. 58, 60, 65, 66, 69, 71, and 73).)  Under these circumstances, there is no justification for burdening a non-party to search for and produce the same information Apple already has.

It is well-settled that broad and invasive non-party discovery is properly refused where "alternate, less intrusive avenues to obtain the information needed for that purpose are available." *Echostar Satellite LLC v. Freetech Inc.*, Case No. 07-6124, 2008 WL 4460236, at *3 (N.D. Cal. Sept. 29, 2008) (granting motion for protective order); *see also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery restrictions may be even broader

where target is non-party); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than non-party); *Rombeiro v. Unum Life Ins. Co. of Am.*, Case No. C 02-04018, 2011 WL 1152270, at *4 (N.D. Cal. Mar. 27, 2011) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (internal citations and quotations omitted).  The same reasoning holds true here.

### E.   Apple's Requests Concerning Desirability of the Accused Features (Request and Topic No. 13)

Apple's generalized request for "pre-marketing surveys, focus group studies, or other marketing analyses related to the ***desirability of features or capabilities*** of any of the Accused Products" is unduly burdensome and cumulative of discovery Google already provided.  (Madigan Decl. Ex. 13 at 13 (Document Request and Deposition Topic No. 13).)  As set forth in Google's motion, to the extent these requests extend beyond the features of Android actually accused by Apple, they are overbroad (Docket No. 164 at 7); to the extent these requests *do* concern the features accused of infringement, Apple seeks to re-open discovery that has already been provided.  Google has already provided extensive discovery on technical issues relating to Google's knowledge of the accused functionality in this case, *four times before*:

- Apple's First and Second Subpoenas sought Google's marketing analyses related to the four features accused at the preliminary injunction phase: "any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device."  (Docket No. 135-4, at 7.)

- Apple's Third and Fourth Subpoenas made nearly identical requests, merely modified to include three additional accused features:  "any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device."  (Docket No. 418, Ex. 1.)

Because the parties resolved these requests through extensive meet and confers, and Google searched for and produced responsive documents, Apple's attempt to reopen this topic now through Fifth and Sixth Subpoenas is improper, and Apple's failure to respond to Google's motion

on these issues confirms the Court should quash these requests.  *See, e.g.*, *Haber*, 272 F.R.D. at 382; *Int'l Coal Grp., Inc.*, 2010 WL 2079675, at *2.  Apple has not offered any reasonable proposal to narrow these requests, requiring Google to seek judicial relief.

### F. Apple's Requests Concerning Accused Functionality and Alterations Thereto (Request and Topic Nos. 9-12, 14-17, 18-23)

Apple's assertion that Google "fails to identify a single request from Apple's prior subpoenas" seeking information relating to alterations of the accused functionalities (Opp. at 16) is erroneous.  Google *already* provided substantial discovery on the development of these accused functionalities, and various alterations to those functionalities, when responding to Apple's *Third* and *Fourth* Subpoenas – including testimony on these issues by no less than *six* engineering witnesses:  Paul Westbrook, Fred Quintana, Dianne Hackborn, Cary Clark, Bjorn Bringert, and Ken Wakasa.  Apple had ample opportunity to obtain the discovery it now demands.  Indeed, while Apple claims to now require additional information on certain alterations to Google's Quick Search Box product, Google *already* produced the source code and offered the witness testimony of Mr. Bringert on this very issue. (Mot. at 2.)  If Apple had questions about any implementation details or various alternative designs, Apple could have asked those questions of the many Google engineers Apple has deposed in this case.  Two more subpoenas are not required for this issue.

Apple's requests are unduly burdensome, as they would invite Apple to re-open already completed depositions of numerous Google engineers, unnecessarily giving Apple a second bite at the same witnesses and needlessly burdening Google.  Apple should not be rewarded for its lack of diligence with yet more depositions and discovery.  Again, having not offered any reasonable proposal to narrow its requests or alleviate the burdens they would impose, Google has been forced to seek judicial relief, and asks this Court to quash these requests.

### III. Apple Has Failed to Show That Its Need For Discovery From Google In Response to the Fifth and Sixth Subpoenas Outweighs the Undue Burden to Google

Apple claims that its "need" for additional discovery outweighs Google's "generalized" assertions of burden.  Not so.  As discussed above, Apple *already* has all of the discovery it needs and has no basis to unduly burden Google with the same requests a second time.

-11-  Case No. 5:12-cv-630-LHK-PSG
GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE INC.'S SUBPOENAS FOR DOCUMENTS AND TESTIMONY

Further, to the extent Apple claims it needs yet more discovery, Apple already served document requests on Samsung that mirror the Fifth Subpoena, thus confirming Apple's demands are more properly the subject of party discovery. When a party seeks from a non-party information that it can get elsewhere, including from parties to the litigation, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, Case Nos. 09-cv-01967 CW (NC), 11-mc-80300 CW (NC), 12-mc-80020 CW (NC), 2012 WL 629225, at *2 (N.D. Cal. Feb. 27, 2012) (denying motion to compel documents from non-parties where discovery could be "obtained from a source that is more convenient or less burdensome"); *Micron Tech., Inc. v. Tessera, Inc.*, Case No. C06-80096, 2006 WL 1646133, at *2 (N.D. Cal. June 14, 2006) (tailoring non-party's discovery obligations to "avoid undue burden on third parties" in light of Fed. R. Civ. P. 45(c)(1)); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party . . . and, in particular, requires the court to consider . . . the need of the party for the documents").

By contrast, the cases Apple cites for the proposition that duplicative discovery is appropriate from a non-party concern circumstances not present here. *Visto Corp. v. Smartner Info. Sys., Ltd.*, Case Nos. 06-80339 MISC RMW (RS), 06-80352 MISC RMW (RS), 2007 WL 218771, at *3 (N.D. Cal. Jan. 29, 2007) (observing that production from a third party is sometimes necessary where "there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions"); *Viacom Int'l, Inc. v. YouTube, Inc.*, Case No. C 08-81029 SI, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008) (compelling production where there was "reason to believe that [the non-party's] files may contain additional material"). Apple has not – and cannot – prove that it "needs" to obtain from Google what Apple admits it could seek from Samsung.

1  **IV.  Google Fully Complied With Its Discovery Obligations Under the Fifth and Sixth Subpoenas by Timely Serving Objections and Moving to Quash**
2

3  Apple takes the unsupported position that timely served written objections coupled with a
4  motion to quash a deposition subpoena somehow did not excuse Google from appearing for
5  deposition at the location, date, and time Apple hand-picked and noticed without any prior meet
6  and confer.  (Opp. at 17-18.)  Apple's position is at odds with the Order of this Court (Docket No.
7  617) and settled case law.

8  Apple cites *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) and
9  *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188 (5th Cir. 1983) for the proposition that
10 "Rule 30(b) places the burden on the proposed deponent to get an order, not just make a motion."
11 (Opp. at 18.)  But Apple fails to acknowledge more recent decisions by courts in this Circuit
12 rejecting Apple's position.  *See, e.g.*, *North Am. Co. for Life and Health Ins. v. Philpot*, Case No.
13 08-270, 2010 WL 4917065, at *2 (S.D. Cal. Nov. 24, 2010).  Moreover, resuscitating *Pioche*
14 would force courts to rapidly respond to discovery disputes when their dockets are already full,
15 and would force parties to moot their own motions by the appearance at a deposition that is
16 objectionable.  Google did not ignore a court order but instead complied with Rule 45 and opposed
17 Apple's unduly burdensome subpoenas.  *See, e.g.*, *Fernandez v. Penske Truck Leasing Co., L.P.*,
18 Case No. 12-0295, 2013 U.S. Dist. LEXIS 14786, at *6-8 (D. Nev. Feb. 1, 2013) (distinguishing
19 *Pioche* and sanctioning plaintiff who moved to compel depositions where defendant objected).

20 **V.  Apple Has Unreasonably Refused to Narrow the Fifth and Sixth Subpoenas**
21 Apple contends that Google did not meet and confer in good faith, but mischaracterizes the
22 discussions held before and after Google filed its motion.  (Opp. at 10.)  Before filing its motion,
23 Google asked Apple to withdraw the Fifth and Sixth Subpoenas to avoid burdening the Court, and
24 explained the discovery sought was unduly burdensome.  Apple refused.  (Mot. at 5.)  Similarly,
25 Apple refused Google's request that the parties stipulate to expedited briefing of the motion.
26 Nevertheless, Google met and conferred with Apple again after filing its motion during an hour-
27 long conference joined by multiple attorneys for Apple and Google.  During that conference, the
28 parties discussed many of Apple's requests and Google specifically asked Apple to explain the

-13- Case No. 5:12-cv-630-LHK-PSG
GOOGLE INC.'S REPLY IN SUPPORT OF MOTION TO QUASH APPLE INC.'S SUBPOENAS FOR DOCUMENTS AND TESTIMONY

1 relevance of the discovery sought and Apple's proposals to narrow the Fifth and Sixth Subpoenas.
2 Once again, Apple refused, had no proposal of its own, and only offered to listen.
3       Apple, not Google, knows what discovery Apple seeks and is in the best position to narrow
4 its discovery requests. Yet Apple did nothing and could not even articulate exactly what Apple
5 seeks and why it is non-duplicative, relevant, not unduly burdensome, and not available from
6 another less burdensome source. Though Apple claims that Google's objections "can be
7 substantially narrowed and even resolved through the meet and confer process" (Opp. at 11),
8 Apple has not approached meet and confer discussions in good faith to this point.[4]

## CONCLUSION

For all the foregoing reasons, the Court should grant Google's motion to quash.

DATED: July 9, 2013                QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                    By: */s Matthew S. Warren*
                                        Amy H. Candido
                                        amycandido@quinnemanuel.com
                                        Matthew S. Warren
                                        matthewwarren@quinnemanuel.com
                                        QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                        50 California Street, 22nd Floor
                                        San Francisco, California  91111-4788
                                        (415) 875-6600
                                        (415) 875-6700 facsimile

                                        *Attorneys for Non-Party Google Inc.*

---

[4] Apple's authorities fail to support its suggestion that the Court deny Google's motion based on meet and confer discussions. (Opp. at 11.) In *Allen v. United States*, Case No. 2:03-cv-01358, 2012 WL 5354943, at *2 (D. Nev. Oct. 26, 2012), unlike this case, the court considered whether Local Rule 26-7 of the District of Nevada was satisfied by sending one letter and leaving a telephone message. Similarly, in *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999), unlike this case, the court considered whether District of Kansas Local Rule 37.2 was met where no conference occurred. Neither rule applies here, and in any event, Google and Apple conferred in good faith in connection with Google's motion as set forth above.