QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-cv-00630-LHK (PSG)

**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

**[PUBLIC REDACTED VERSION]**

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Samsung will and hereby does move this Court for relief from Magistrate Judge Grewal's Order Re: Samsung's and Apple's Motions for Leave to File Amended Infringement Contentions and Samsung's Motions to Compel (Dkt. 636). In particular, Samsung seeks relief from the limited portion of Judge Grewal's Order denying Samsung's motion to amend its infringement contentions to allege willful infringement of U.S. Patent No. 7,577,757 (Dkt. 636 at 18-20). This motion is based on the memorandum of points and authorities below, and all pleadings, papers, and all other matters or arguments that may be presented in connection with this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Samsung respectfully moves this Court for relief from the portion of Judge Grewal's June 26, 2013, order denying Samsung's motion for leave to amend its infringement contentions to include an allegation of willful infringement of U.S. Patent No. 7,577,757 ("the '757 patent"). Judge Grewal denied Samsung's motion to for leave to amend to add willfulness finding that Samsung failed to show diligence. Dkt. 636 at 19-20. However, Samsung was diligent in seeking to amend its infringement contentions [redacted] , Samsung carefully sought confirmatory evidence before bringing allegations of willful infringement against Apple, and only sought to add allegations of willful infringement after it had a reasonable basis for doing so. Samsung respectfully submits that it should not be penalized for taking care to be judicious in asserting willful infringement, while Apple is rewarded for withholding for six months documents it had to know would lead to allegations of willful infringement.

**FACTS**

On June 15, 2012, the parties served their initial infringement contentions pursuant to the Court's deadline. [redacted], Samsung's initial infringement contentions did not assert that Apple willfully infringed the '757 patent.

On April 30, 2013, Samsung sought leave of court to amend its infringement contentions. Dkt. 476-3. Sa msung's revised contentions included an amendment asserting willful infringement by Apple of the '757 patent. [redacted] Samsung filed a reply emphasizing that Samsung's prior knowledge was an insufficient basis to assert willful infringement, [redacted]

Samsung sought leave to file a supplemental brief on June 6, 2013 [redacted] Apple opposed. Dkt. 582. A hearing was held on Samsung's motion on June 11, 2013.

On June 26, 2013, Judge Grewal issued an order on Samsung's motion which, among other things, granted Samsung's motion to file a supplemental brief but denied Samsung's motion for leave to amend its infringement contentions to assert Apple's willful infringement of the '757 patent. Dkt. 636 at 18-20. The Court found that Samsung had not diligently sought to amend its infringement contentions because "Samsung had all of the information it needed to assert a willful infringement theory when this case began." Dkt. 636 at 19-20. The instant motion seeks relief from that limited portion Judge Grewal's order.

## LEGAL STANDARD

A party may amend its infringement contentions "by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. Examples of good cause include "Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." P at. L.R. 3-6. "Good cause" requires a showing that "the party seeking leave to amend acted with diligence promptly when new evidence is revealed." *O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363, 1366 (Fed. Cir. 2006). Once the moving party shows it was diligent in amending its contentions, the court considers whether the non-moving party "would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Prop. Ltd.*, 2010 WL 3618687 (N.D. Cal. 2010).

## ARGUMENT

### I. SAMSUNG COULD NOT HAVE ASSERTED WILLFUL INFRINGEMENT OF THE '757 PATENT BECAUSE IT LACKED SUFFICIENT EVIDENCE

Judge Grewal denied Samsung's motion for leave to amend for lack of diligence, holding that Samsung had all the information it needed to assert willful infringement at the outset of the litigation. Dkt. 636 at 18-20. But Samsung had been told only by a third party that Apple had been informed of the patent [redacted] *See* Dkt. 516, Ex. 1 (email between Julie Shin and Peter Cholnoky) [redacted]

[redacted] With only the word of a third party company and its CEO, Samsung lacked sufficient basis for asserting willful infringement of the ’757 patent.

Requiring Samsung to have asserted willful infringement prior to obtaining concrete evidence is contrary to the purpose of the Patent Local Rules. The Patent Local Rules “seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.” *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. 2008), *citing O2 Micro,* 467 F.3d at 1365-1366. Requiring parties to include willfulness allegations without adequate factual support will encourage speculation and potentially unfounded assertions of reckless conduct, and more fundamentally deprives plaintiffs of a fair opportunity to develop information during discovery, while rewarding a defendant for delaying its document production until the close of discovery (here, Apple produced more than a million pages of documents on the last day of discovery).

## II. SAMSUNG DILIGENTLY PURSUED EVIDENCE OF WILLFUL INFRINGEMENT OF THE ’757 PATENT AND AMENDED PROMPTLY AFTER OBTAINING SUCH EVIDENCE

Samsung’s actions subsequent to the commencement of the lawsuit demonstrate its diligence. After serving its infringement contentions on June 15, 2012, on July 31, Samsung promptly served discovery on Apple seeking documents regarding willful infringement. Dkt. 476, Ex. 5 (Samsung’s Third Set of Requests for Production No. 150, served July 31, 2012, seeking “All communications with or related to ReQuest, Inc”). Without any suggestion that it was doing so, [redacted] Samsung told Apple of its intent to seek leave to amend by March 29, 2013, Dkt. 476, Ex. 2, and by April 30, 2013, filed its motion to for leave to amend. Dkt. 476. Samsung proceeded with reasonable diligence in moving to amend after seeking and

finally obtaining documents from a third party and Apple.

As this Court's prior decisions have recognized, "[The Defendant] should not be rewarded for its late production of discovery that even [Defendant] believed was responsive to earlier [Patent-Owner's] discovery requests." *Abaxis, Inc. v. Cepheid*, 10-cv-2840-LHK at Dkt. 199 (N.D. Cal. July 20, 2012) (Koh, J.) (reversing a magistrate judge's denial of leave to amend based on newly produced evidence of willful infringement); *see also Abaxis* at Dkt. 204, 2012 WL 3255601 (N.D. Cal. August 8, 2012) (denying motion for reconsideration).

## III. APPLE IS NOT PREJUDICED BY THE ADDITION OF WILLFUL INFRINGEMENT ALLEGATIONS

Finally, Apple is not prejudiced by the addition of a willful infringement allegation. [REDACTED] Second, there is no dispute that Samsung has long sought discovery of such information from Apple, providing notice of its possible theories. Furtherm ore, Apple has had ample opportunity to develop its defenses to willful infringement, [REDACTED] Finally, any prejudice caused by Samsung's amendment is of Apple's own making, as Apple withheld evidence of its willful infringement for months following Samsung's discovery requests.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that it be permitted to amend its infringement contentions to assert willful infringement of the '757 patent.

DATED: July 10, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Victoria Maroulis*
Victoria F. Maroulis
Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC