| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 |

***Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Counterclaim-Plaintiffs,<br>     v.<br><br>APPLE INC., a California corporation,<br><br>          Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CYNDI WHEELER IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND TO ENFORCE THE APRIL 12, 2013 ORDER AND SUPPORTING DOCUMENTS)** |

I, Cyndi Wheeler, declare and state as follows:

1. I am an attorney at Apple Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion to File Documents under Seal (Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents), D.I. 669, to confirm that certain documents and information contained in Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents ("Motion to Compel"), and supporting Exhibits, are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. The requested relief is necessarily and narrowly tailored to protect the confidentiality of the information contained in the following documents and exhibits attached therewith.

3. As part of my role at Apple, I am familiar with the development of Apple's source code and Apple's efforts to ensure that its source code is not disclosed outside of a select group of individuals at Apple. I understand that Apple's source code is provided with the highest level of protection and security within Apple. With very few exceptions, Apple's source code is not publicly available.

4. Physical access to Apple's source code, and particularly the source code used for the applications and functionality of iOS, is limited to select groups of authorized Apple employees, with access being provided only to portions of code on a need-to-know basis. Access is limited to employees directly involved in software development, management, and security. The employees with such access must be approved by management as authorized employees; their accounts must be specifically granted access.

5. Virtually all of Apple's iOS code, and particularly the source code for the underlying features, applications, and functionality of iOS code, is provided the highest level of protection and

security within Apple because it is not public information and it controls how certain of Apple's software and devices operate. While Apple has made very limited portions of iOS code available as open source code, Apple has restricted such open source portions to certain tools and projects. Apple considers its source code to be extremely valuable – indeed, of utmost importance to Apple – and, at least in part, this value exists because Apple's source code is unique to Apple. Apple thus has invested millions of dollars in conjunction with the development of this source code. .

6. To preserve this uniqueness, Apple does not share its source code with others or make it available to the public. Accordingly, disclosure of information relating to Apple's source code, including source code file names, and information that would permit identification of all of the source code necessary for particular features, functionality, and applications, would cause Apple significant competitive harm. If this information were to enter the public record, Apple's competitors could utilize such information to copy Apple's extremely valuable source code. The ability to copy Apple's source code would give its competitors an unfair competitive advantage, to the significant detriment to the investment that Apple has made in developing its source code and particularly the specific source code at issue here.

7. Any dissemination of source code outside the tight controls maintained within Apple's or its counsel's facilities poses the risk of unauthorized disclosure and great injury to Apple. In fact, even in cases such as this one in which source code must be produced (under the strict guidelines of the additional protections and provisions for source code set forth in the Protective Order), Apple does not permit its own experts to have electronic or hard copies of this source code during litigation.

8. Apple's restrictions on access to its source code by third parties and its employees are especially necessary because the electronic nature of source code renders the code easily copied.

9. The specific portions of Apple source code which we are asking this Court to seal have always been non-public, and their exposure would cause Apple to lose significant competitive advantage.

10. Exhibit 11 to the Declaration of Amar Thakur in support of Samsung's Motion to Compel identifies the names of certain source code files associated with particular features and functionality of its currently-available iOS software. Moreover, the information provided in Exhibit 11 could be used to determine how Apple implements such features and functionality, and thus replicate such features and functionality using this roadmap. Apple considers this information about its source code files to be trade secrets. Public disclosure of this information would be extremely harmful to Apple for the reasons described above.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: July 15, 2013                    By:    /s/    *Cyndi Wheeler*
                                                       Cyndi Wheeler

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45.X.B, I hereby attest that Cyndi Wheeler has concurred in this filing.

Dated: July 15, 2013 /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: July 15, 2013 /s/ H. Mark Lyon