# EXHIBIT 8
# FILED UNDER SEAL

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Rod Stone
Direct: +1 213.229.7256
Fax: +1 213.229.6256
RStone@gibsondunn.com

Client: 03290-00026

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

May 31, 2013

VIA ELECTRONIC MAIL

Scott L. Watson
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: *Apple Inc. v. Samsung Electronics Co.*, No. 12-cv-0630

Dear Scott:

I write regarding your May 6, 2013, letter requesting that Apple supplement its April 15-16, 2013, production of financial documents. At the outset, Apple notes that Samsung fails to identify any specific requests for production, and Apple disagrees that its production contained "deficiencies," as Samsung claims. Moreover, Samsung's letter seeks documents "sufficient to show" a variety of data "in addition to what [Apple has] produced." To the extent Samsung seeks additional documents beyond those covered by Samsung's existing document requests, Samsung's requests are properly handled through formal document requests rather than via correspondence. Nonetheless, Apple addresses each of Samsung's numbered requests below.

1. Samsung requests that Apple produce documents sufficient to show "U.S. units for the iPhone 4S and iPhone 5 by carrier and by memory size" and states that

   I note as well that Samsung did not provide financial data broken out by carrier for the Samsung products at issue in this case.

2. Samsung requests that Apple produce documents sufficient to show "U.S. sales revenue for all iPhone models by carrier and by memory size." I note as well that Samsung did not provide financial data broken out along these lines for the Samsung products at issue in this case.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Hong Kong • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

3. Samsung requests that Apple produce documents sufficient to show "U[redacted] I note as well that Samsung did not provide financial data broken out along these lines for the Samsung products at issue in this case.

4. Samsung requests that Apple produce documents sufficient to show "U.S. P&L data by product line." [redacted]

5. Samsung requests that Apple produce documents sufficient to show "[e]xpenses/costs broken out by category for all products accused of infringing the Samsung patents by model and by carrier where applicable." [redacted] I note as well that Samsung did not provide financial data broken out along these lines for the Samsung products at issue in this case.

6. Samsung requests that Apple produce documents sufficient to show "[u]nit sales and revenue for the products and services set forth in the document with beginning Bates number APLNDC630-Y00000452 going back to 2006 (the information provided begins in January 2009) and cost and standard margin data for the entire period." First, the column labeled "Net Sales" in the document identified by Samsung indicates the number of paid unit sales in the period listed, while "Net Actual Price" indicates the revenue from those sales. Data going back to 2006 for these products and services is not relevant to this case, and Samsung has failed to explain otherwise. Finally, [redacted]

7. Samsung requests that Apple produce documents sufficient to show "[t]he product names by model that correspond with the product codes used in the documents produced, including the documents with beginning Bates numbers

GIBSON DUNN

> APLNDC630-Y00000008, APLNDC630-Y00000043 and APLNDC630-Y00000452." These product codes are how Apple tracks product models internally. Nonetheless, Apple included the corresponding products and release dates for the product codes used in the document beginning at Bates number APLNDC630-Y00000043. To the extent Samsung believes that a particular request for production asks for additional documents beyond that which Apple has already produced here, please identify that request.

Samsung also asks Apple to "confirm whether the documents produced include accessory data for all accused products and whether the app data includes all app sales for the time period stated or only app sales made through iTunes."

Finally, the parties have addressed Apple's production of pricing documents via separate correspondence.

Sincerely,

*/s/ Rod Stone*

Rod Stone
RJS/cjm