QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY NO. 32**<br><br>Date: July 23, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |

**INTRODUCTION**

Apple has not mooted Samsung's motion to compel production of technical documents relating to the Qualcomm baseband processor chips in Apple's Accused Products.[1] In a belated attempt to moot Samsung's motion, Apple made a large production on July 8th. Apple claims in its Opposition that this production moots Samsung's motion. This is not true. Instead, Apple's July 8th production confirms that Samsung's motion should be granted. In its Opposition, Apple argues that Samsung's motion should be denied because (i) it is moot, (ii) Samsung did not provide search terms or identify custodians, and (iii) Samsung's requests are irrelevant. These three arguments fail for the reasons below.

**ARGUMENT**

**I.   Apple's July 8th Production Did Not Moot Samsung's Motion**

Apple has not completed its production for the following categories of documents enumerated in Samsung's motion to compel:

(1) documents relating to the conformance of each accused baseband processor to 3GPP technical specifications;

(2) documents relating to the structure, operation or function of Apple's baseband processors;

(3) communications between Apple and Qualcomm relating to 3GPP conformance, testing, or technical marketing documents; and

(4) documents prepared by or at the direction of Qualcomm.

There are glaring holes in Apple's production. For example, on July 8th, Apple produced ████████████████████████████████████████████████████████████████

████████████████████████████████████ Drezdzon Decl. ¶ 3, Ex. 37. This document ████████

---

[1] In light of recent document productions and supplemental interrogatory responses, Samsung hereby withdraws its motion to compel exhaustion-related documents and a response to Interrogatory No. 32.

1   ███████████████████████████████ Apple produced the following
2   documents for some of the baseband processor chips, but not all of them[2]:

3   █████████████
4   ████████████████████████████████
5   ██████████████████
6   ███████████████████████
7   █████████████
8   █████████████████████
9
10  █████████████████████████████
11  ██████████████████████████████████
12  █████████████████████
13  ███████████████████████
14  ████████████████
15  █████████████████████████
16  ██████████████████████████
17  ██████████████████████
18  ████████████████████
19  █████████████████████████████
20  ██████████████████████████

---

[2] Apple's letter dated today, July 16, 2013, falsely claims that all of ██████████████ ████████████████████. Drezdzon Decl. ¶ 4, Ex. 38.   Even a cursory review of that letter shows that Apple fails to cite documents for each chip ██████████████. *Id.*   Additionally, Apple's letter incorrectly claims that Samsung has limited the scope of its motion to the documents listed in Samsung's July 12, 2013 letter.   Drezdzon Decl. ¶ 5, Ex. 39 (Samsung's July 12th letter states: "Moreover, Apple has not remedied the other outstanding document production issues enumerated in Samsung's motion to compel.").

-2-
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY NO. 32

1  For example, Apple has not produced ▮▮▮▮▮▮▮▮ nor has Apple produced ▮▮▮

2  ▮▮▮▮▮▮ or the MDM9610, MDM9600, and MDM6610 chips.

3  In addition to the documents listed above, Apple has not produced all of the relevant

4  testing and conformance documents.  Apple argues in its Opposition that it does not need to

5  produce any more test results because it produced ▮▮▮▮▮▮▮.  This argument fails for

6  three reasons.  ***First***, the production of ▮▮▮▮▮▮ is incomplete.  ▮▮▮▮▮▮

7  

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮  However, Apple did not produce ▮▮▮▮▮▮ for

10 each of the accused product models.  For the ▮▮▮▮▮▮ Apple did produce, they do not

11 all ▮▮▮▮▮▮▮▮▮▮ Drezdzon Decl. ¶ 6, Ex. 40.  Thus, Apple must

12 supplement its production to provide ▮▮▮▮▮▮ test results indicating testing against

13 3GPP TS 34.123-1 for all accused Apple product models.  ***Second***, the ▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮  *Id.*  Apple must produce ▮▮▮▮▮▮

15 ▮▮▮▮▮▮  ***Third***, Apple did not produce ▮▮▮▮▮▮▮▮▮▮

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Thus, Apple

19 must produce ▮▮▮▮▮ for each of the accused baseband processor chips.

20 **II.     Samsung is Not Required to Provide Search Terms or Identify Custodians**

21 In its Opposition, Apple faults Samsung for not providing search terms or identifying

22 custodians.  Apple also faults Samsung for not requesting documents from Apple's customer-

23 facing Qualcomm Internet site earlier than June.  However, these are not Samsung's burdens.

24 Apple's failure to locate responsive documents is not a valid reason for denying Samsung's

25 motion to compel.  Samsung is entitled to this discovery from *Apple*, and *Apple* has a duty to

-3-
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
RESPONSE TO INTERROGATORY NO. 32

1  conduct a reasonable search apply appropriate search terms to the files of the correct custodians.

2  As explained in Samsung's motion, Qualcomm represented to Samsung that Apple possesses

3  relevant documents concerning the Qualcomm chips in the Apple products.   *See, e.g.*, Ex. 21 at

4  13-15, 21-22, 31-33, 36-37.   Thus, Samsung can discover from *Apple* these Qualcomm

5  documents that are in *Apple*'s possession.

6

7       Apple's argument that it is excused from Samsung's requests because Samsung did not

8  identify additional custodians or request that Apple search its customer intranet site until June 20th

9  is without merit.   The fact that Samsung does not know where Apple maintains its Qualcomm

10  documents does not absolve Apple of its duty to produce responsive documents, nor negate the

11  fact that Samsung has been following up via correspondence and meeting and conferring

12  regarding these requests since February.   Apple has no excuse for waiting until June 24th – the

13  day before Samsung said it would file its motion – to locate and collect documents from

14  Qualcomm's intranet.   And Apple has no excuse for waiting until July 3 – a week after Samsung

15  filed its motion – to review these documents for relevance.

16

17  **III.**   **Samsung Seeks Relevant Information that Must Be Obtained From Apple**

18       Finally, Apple argues that Samsung seeks documents that are not relevant to this litigation.

19  This argument fails for at least three reasons.

20       *First*, Apple's argument disregards the parties' numerous correspondences and meet and

21  confers where Samsung explained at length why the requested documents are relevant to

22  infringement.   *See, e.g.*, Ex. 7 (discussing the relevance of communications regarding chip

23  development and technical specifications related to the accused 3GPP standards); Ex. 10

24  (providing a bulleted list of relevant documents); Ex. 11 (requesting documents related to chips

25  accused in this litigation); Ex. 14 ("These Qualcomm documents are undeniably relevant and

26  discoverable because Samsung identifies Qualcomm chips within the Apple products as capable of

27  practicing the functionality of Samsung's '087, '596, and '239 patents.").   Apple's argument also

28  disregards the unmistakable connection between 3GPP test results (e.g., ▮▮▮▮▮▮▮▮▮▮

-4-
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
RESPONSE TO INTERROGATORY NO. 32

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ est results) and the 3GPP standards enumerated in
2  Samsung's infringement contentions.

3  **Second**, Apple's own Opposition acknowledges the relevance of certain documents.
4  Apple's Opposition states that Apple has produced "relevant test results [and] all relevant
5  'documents relating to the structure, operation or function of Apple's baseband processors.'"
6  Apple cannot have it both ways – claiming ignorance as to what qualifies as relevant in one
7  instance and asserting it produced all relevant documents in another.

8  Additionally, Apple's argument that transceivers are not relevant because the term
9  "transceiver" does not appear a single time in Samsung's infringement contentions is disingenuous.
10  While "transceiver" does not appear in Samsung's infringement contentions, the words "transmit"
11  and "receive" do – putting these words together makes "transceiver," which is a device that can
12  both transmit and receive.   Apple's feigned ignorance as to the relevance of transceivers to the
13  asserted claims is incredulous.

14  **Third**, Apple had the opportunity to object on the grounds of relevance in its responses and
15  objections to Samsung's requests for production regarding the Qualcomm chips.   Instead, it
16  agreed to produce documents relevant to all of Samsung's request.   Thus, Apple's argument that
17  Samsung's requests are not relevant is untimely.   *Richmark Corp. v. Timber Falling Consultants*,
18  959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery
19  requests within the time required constitutes a waiver of any objection.").   Plus, Apple's
20  argument that it produced source code for the baseband processors does not negate the relevance
21  of the other categories of documents that Apple already agreed to produce.   Source code does not
22  provide a block diagram showing connections between the processor and transceiver in an Apple
23  product; source code does not provide ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for each of the
24  chips; and source code cannot substitute information contained within communications regarding
25  the accused chips and relevant 3GPP specifications.

26
27
28

-5-
SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
RESPONSE TO INTERROGATORY NO. 32

**CONCLUSION**

For the reasons above, Samsung's motion to compel production of technical documents relating to the Qualcomm baseband processor chips in Apple's Accused Products should be granted.

DATED:   July 16, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Victoria F. Maroulis*
Victoria F. Maroulis
Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC