| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (*pro hac vice*) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com |   HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts  02109 |
| Palo Alto, California  94304-1211 | Telephone:  (617) 526-6000 |
| Telephone:  (650) 849-5300 | Facsimile:  (617) 526-5000 |
| Facsimile:  (650) 849-5333 | |
| | |
| MICHAEL A. JACOBS (CA SBN 111664) | MARK D. SELWYN (CA SBN 244180) |
| mjacobs@mofo.com | mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) | WILMER CUTLER PICKERING |
| rhung@mofo.com |   HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, California  94304 |
| San Francisco, California  94105-2482 | Telephone:  (650) 858-6000 |
| Telephone:  (415) 268-7000 | Facsimile:  (650) 858-6100 |
| Facsimile:  (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | |
|         Plaintiff, | |
| vs. | Case No. 12-cv-00630-LHK |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
|         Defendants. | |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Samsung filed an Administrative Motion to File Documents Under Seal (Dkt. No. 689), including portions of Samsung's Reply in Support of its Motion to Compel Production of Documents and Response to Interrogatory No. 32 ("Samsung's Reply"), Declaration of Samuel Drezdzon in Support of Samsung's Reply ("Drezdzon Declaration") and Exhibits 37-40 to the Drezdzon Declaration.

3. Exhibit 37 is a highly confidential Qualcomm technical document produced by Apple. This non-public document provides detailed information about Qualcomm's products. Public disclosure of this information would be harmful to Qualcomm. Because at least some of the Qualcomm products described in this technical document are incorporated into Apple's products, public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal confidential technical information that contains a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). Moreover, Apple's and Qualcomm's request to seal this Exhibit is narrowly tailored under Civ. L.R. 79-5(a), and the public's interest in these document is low, because Samsung's Motion to Compel only cites to Exhibit 37 to support Samsung's contention that Apple is withholding Qualcomm documents. See Mot. to

1  Compel (Dkt. 689) at 1-2.  The public does not need to view this document in order to
2  understand Samsung's argument.

3        4.      Attached hereto as Exhibit A is a proposed redacted version of Exhibit 38, which
4  is a letter from Peter Kolovos to Amar Thakur, dated July 16, 2013. Footnote 9 contains highly
5  confidential information about Qualcomm chipsets incorporated into Apple's products.  Public
6  disclosure of this information would be harmful to Apple for similar reasons as stated in the
7  Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc.*
8  *v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3)
9  (supporting sealing schematics showing the configuration of Apple's products because detailed
10 information of this kind constitutes trade secret information)). The Court has previously granted
11 Apple's request to seal confidential technical information that contains a similar level of detail
12 regarding the accused Apple products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et*
13 *al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal
14 schematics related to the Apple iBook and iSight). Apple does not seek to seal any other portions
15 of Exhibit A.

16       5.      Attached hereto as Exhibit B is a proposed redacted version of Exhibit 39, which
17 is a letter from Amar Thakur to Peter Kolovos, dated July 12, 2013.  The bottom paragraph
18 contains an alleged description of highly confidential information about Qualcomm chipsets
19 incorporated into Apple's products.  Public disclosure of this information would be harmful to
20 Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's
21 Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-
22 cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the
23 configuration of Apple's products because detailed information of this kind constitutes trade
24 secret information)). The Court has previously granted Apple's request to seal confidential
25 technical information that contains a similar level of detail regarding the accused Apple products.
26 *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.)
27
28

1  (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and
2  iSight).  Apple does not seek to seal any other portions of Exhibit B.

3        6.     Exhibit 40 is a highly confidential Cetecom test report for one of the Apple
4  accused products. This non-public document contains a detailed description of the technical
5  details and operation of Apple's accused products.  It contains proprietary Apple information and
6  the public disclosure of this information would be harmful to Apple for similar reasons as stated
7  in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits
8  (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
9  1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because
10 detailed information of this kind constitutes trade secret information)). The Court has previously
11 granted Apple's request to seal confidential technical information that contains a similar level of
12 detail regarding the accused Apple products. *See, e.g., Apple Inc. v. Samsung Electronics Co.,*
13 *Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to
14 seal schematics related to the Apple iBook and iSight).  Moreover, Apple's request to seal this
15 Exhibit is narrowly tailored under Civ. L.R. 79-5(a), and the public's interest in these document
16 is low, because Samsung's Motion to Compel only cites to Exhibit 40 to support Samsung's
17 contention that not all Cetecom documents show the same types of testing.  See Mot. to Compel
18 (Dkt. 689) at 3 lines 10-11.  The public does not need to view this document in order to
19 understand Samsung's argument.

20       7.     Apple does not seek to seal Samsung's Reply or the Drezdzon Declaration.  I
21 understand that Qualcomm also does not seek to seal either document.

22       8.     The relief requested by Apple is necessary and narrowly tailored to protect Apple
23 and third-party confidential information regarding the technical details of Apple's and third party
24 products and trade secret information pertaining to the accused Apple products.  Moreover, the
25 public's interest in Apple's requested redactions is low as Samsung's motion to compel has been
26 withdrawn.

27
28

1      9.      I declare under the penalty of perjury under the laws of the United States of
2  America that the forgoing is true and correct to the best of my knowledge and that this
3  Declaration was executed this 23rd day of July, 2013, in Palo Alto, California.
4
5
   Dated:  July 23, 2013                    */S/ Peter J. Kolovos*
6                                            Peter J. Kolovos

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 23, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  July 23, 2013            /s/ Mark D. Selwyn
                                 Mark D. Selwyn