UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>    Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 12-CV-0630-LHK (PSG)<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>(**Re: Docket No. 614**) |

Parties to federal litigation do not surrender their personal or proprietary information simply by virtue of their appearance on a court's docket. And so courts must take all necessary steps to protect confidential information in their custody, even if the parties ultimately fall short of proving that confidentiality – and even if the tidiness of a given judge's chambers is ruffled a bit in the process. Filling the court's chambers with unsealed documents not offered on the public docket is, of course, perfectly reasonable to protect that confidentiality. Except where, as here, a third party such as Google seeks to seal perhaps the most basic, public information one could imagine – published case citations in support of its motion to quash.

1

Case No: 12-0630 LHK (PSG)
ORDER

If erroneous claims to confidentiality alone explained the flood of sealing requests like those in this case, the court might simply deny Google's motion and move on. The docket already bears sufficient evidence of this court's frustration about sealing motions.[1] The court cannot help but sense, however, that it has failed in its own obligation to educate the parties and others interested about exactly what drives that frustration. And so rather than simply gnash its teeth or upbraid the latest offending party, the court takes this opportunity to shed some light on the burden that sealing imposes – a burden that others with equally legitimate claims to this court's time and energy ultimately bear.

Because of the impossibility of unringing the bell that is the disclosure of material ultimately deemed confidential, parties enjoy the benefits of confidentiality even before the court evaluates the merit of their requests. In practical terms, this means that parties file on the public docket only redacted versions of their motions or exhibits or do not file the motions or exhibits at all. They instead lodge with the court unredacted hard copies of the papers, generally in large grey envelopes marked "sealed documents." Ideally, the chamber's copies include highlights of the proposed redactions, although not every party identifies the sections they want sealed. In those situations, the court must engage in a side-by-side comparison between the redacted copy filed on the docket and the clean copy in chambers to determine the merit of the sealing request.

Some parties provide only one copy of the unredacted papers, while others, perhaps in recognition that not only the undersigned but also his staff read the papers, file two or three versions. In a case such as this one where the undersigned shares duties with a district judge, the papers may get sent to the wrong chambers, resulting in two chambers' staffs sorting through piles

---

[1] *See Apple Inc. v. Samsung Elecs., Co. Ltd.*, Case No. 11-1846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012) (noting that "[r]equests for sealing continue to consume the resources of both the parties and the court").

2

Case No: 12-0630 LHK (PSG)
ORDER

of documents in an effort to find the unredacted versions. And, of course, when parties file only hard copies, the court cannot access any of the papers electronically.

A substantive motion, such as a motion to compel or in this case a motion to quash, often generates three or four motions to seal – one for the motion and its exhibits, a second for the opposition and its exhibits, and a third for the reply and any remaining exhibits. For example, in this particular dispute, Google moved to redact parts of its motion and several exhibits offered in support, and Apple in turn moved to redact portions of its opposition and exhibits because those papers included information that Google and Samsung had designated as confidential.[2] Google and Samsung then each filed declarations in support of Apple's motion to seal.[3] Sealing declarations serve essentially as derivative requests to seal that at times change the scope of the original motion as parties withdraw confidentiality designations. The net result is that for this one withdrawn motion to quash, the court will have reviewed four overlapping but distinct requests to seal.

Even if the particular exhibit for which the parties have requested sealing bears no relevance on the outcome of the particular dispute – a good example is a meet-and-confer letter offered to illustrate just how big a jerk opposing counsel is – the court must review the details of the exhibit to determine whether the information in fact should remain confidential. Sometimes the court can review the documents and determine the appropriateness of sealing simultaneously with its decision. Other times, perhaps because the underlying dispute is time-sensitive or the order is lengthy, the court postpones review of the various sealing motions because the parties need their decision quickly and consideration of potentially hundreds of pages of exhibits and motion papers requires a significant amount of time. Either way, valuable resources in this era of growing scarcity that could be spent on the merits of this or another case are consumed. And none of this,

---

[2] *See* Docket No. 656.

[3] *See* Docket Nos. 673, 674.

Case No: 12-0630 LHK (PSG)
ORDER

3

of course, speaks to the burden on any member of the public looking to understand what her tax dollars are being spent on.

Sealing requests require serious consideration from the court.  The court happily engages in that consideration, as is its duty.  It does so to ensure that the parties' interests in confidentiality are adequately protected, along with the interests of the public.  But understand – please – that these requests come at a real cost.  Especially when the request is to seal case citations.

**IT IS SO ORDERED.**

Dated: July 24, 2013

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

4

Case No: 12-0630 LHK (PSG)
ORDER