[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing:**<br><br>Date:     July 31, 2013<br>Time:    2:00 p.m.<br>Place:    Courtroom 8, 4th Floor<br>Judge:   Hon. Lucy H. Koh |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Counterclaim-Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br><br>  Counterclaim-Defendant. | |

Pursuant to this Court's Civil Local Rule 16-10(d), the parties respectfully submit this Joint Supplemental Case Management Statement to provide some additional updates to their prior Case Management Statement (D.I. 624), submitted on June 20, 2013, for which conference that had been scheduled for June 27 was postponed until July 31.

**1.    Progress or Changes Since the Last Statement**

In addition to the matters set forth in the parties' prior Case Management Statement, the parties filed a joint stipulation regarding additional time to prepare discovery responses, which the Court entered on July 8, 2013 (D.I. 659, 664); a joint stipulation regarding extension of time to reduce invalidity references, which the Court entered on July 8, 2013 (D.I. 661, 665); a joint stipulation regarding extension of time to conduct depositions, which the Court entered on July 8, 2013 (D.I. 663, 666); and a joint stipulation extending and consolidating deadline to file motions to compel, which the Court entered on July 10 (D.I. 675, 683). On July 5, 2013, Samsung filed a stipulation modifying the Protective Order as to Nuance Communications (D.I. 662).

In addition, the parties filed their Case Narrowing Statements on June 28, 2013 and July 8, 2013 (D.I. 645-646, 670-671), Samsung filed its Third Amended Disclosure of Asserted Claims and Infringement Contentions on July 4, 2013 (D.I. 660) pursuant to Judge Grewal's June 26, 2013 Order (D.I. 636), and Apple filed Amended Infringement Contentions on July 10 (D.I. 681) also pursuant to Judge Grewal's June 26, 2013 Order.

Since submitting the April 19, 2013 and June 20, 2013 Case Management Statements, the parties have filed additional motions with the Court. Samsung filed a Motion to Amend the Case Management Order and for Leave to Amend Its Answer to Apple's Counterclaims in Reply on May 23, 2013, which is set for hearing on July 31, 2013 (D.I. 684). On June 25, 2013, Samsung filed a Motion to Compel Production of Documents and Response to Interrogatory No 32 (D.I. 633). The parties have resolved this motion and filed a joint stipulation accordingly on July 18, 2013 (D.I. 695, entered by the Court on July 22, 2013 (D.I. 696)). On July 8, 2013, Samsung filed a Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order (D.I. 669), which is set for hearing on August 13, 2013. On July 16, 2013, the parties stipulated to a change in the briefing schedule for that motion, which the Court granted on July 17, 2013 (D.I. 688, 691). On

July 10, 2013, Samsung filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (D.I. 680).

In addition, Nokia filed a Motion for a Protective Order on July 1, 2013 (D.I. 647), which is set for a hearing on August 27, 2013.  Nokia and Samsung stipulated to an extension of the briefing schedule on July 10, 2013 (D.I. 679), which was granted on July 17, 2013 (D.I. 690).  Nokia and Samsung stipulated to a second extension of the briefing schedule on July 22, 2013 (D.I. 697), which was granted that same day (D.I. 698).

The following discovery motions, which were previously pending at the time of the June 20, 2013 Case Management Statement, have since been resolved:  (1) the parties' motions to amend their infringement contentions (D.I. 476, 525); (2) Samsung's Motion to Compel Documents from Related Litigations (D.I. 496); (3) Samsung's Motion to Compel Complete Production of Source Code (D.I. 498-99); (4) Samsung's Motion to Preclude Apple from Asserting Untimely Dates of Conception (D.I. 543); (5) Samsung's Motion to Amend Invalidity Contentions (D.I. 540); and  (6) non-Party Google's Motion to Quash Apple's Subpoenas for the Production of Documents and Testimony.  The Court resolved both motions to amend the parties' infringement contentions and Samsung's Motions to Compel in an Order dated June 26, 2013 (D.I. 636).  The parties resolved Samsung's Motion to Preclude and Motion to Amend Invalidity Contentions and filed a joint stipulation to that effect on July 1, 2013 (D.I. 648-649, entered by the Court on July 3, 2013 (D.I. 658)).  Apple and Google resolved Google's Motion to Quash and filed a joint stipulation accordingly on July 22, 2013 (*See* D.I. 699).

The parties also have served additional privilege logs and disclosures regarding their search terms pursuant to the proposed Stipulation Regarding Discovery, Protective Order, Privilege Logs, and Expert Discovery filed on May 9, 2012 and entered by the Court on December 17, 2012 (D.I. 171, 328).

### 2.     Additional Issues Regarding Disputed Claim Terms

Apple's Position

As the parties explained in their Joint Claim Construction and Prehearing Statement Pursuant to Patent Local Rule 4-3 (D.I. 300), the parties' dispute with respect to claim construction "extends to

more than the ten terms proposed" (D.I. 300 at 2).  For example, Samsung asserts three claims in its '239 patent that include 6 means plus function terms that the Court has not yet construed.  Because these are means plus function terms, the Court must construe the claimed function and structure – a task that may not be left to the jury.  *See In re Aoyama*, 656 F.3d 1293, 1296 (Fed. Cir. 2011) ("'[d]etermining the claimed function and the corresponding structure for a claim limitation written in means-plus-function format are both matters of claim construction . . . present[ing] issues of law[.]'") (*citing WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1347 (Fed. Cir. 1999)); *see also* Model Patent Jury Instructions for the Northern District of California, B.3 §3.5 ("For purposes of this trial, I [the Court] have interpreted each means-plus-function requirement for you [the jury] and identified the structure in the patent specification that corresponds to these means-plus-function requirements.")  The process of exchanging responses to contention interrogatories has also highlighted certain other terms whose construction is disputed and will require construction by the Court.

   Accordingly, Apple would like to discuss with the Court an appropriate process to identify and construe additional disputed claim terms before trial.  Because the resolution of claim construction disputes may affect what issues are presented for summary judgment, Apple believes this issue is appropriate for the Court's consideration in the near future.  Apple has no objection to the parties agreeing to an earlier date for each party to drop a final patent from the case (currently set to occur on September 30, 2013).

   <u>Samsung's Position</u>

   Samsung agrees that additional claim terms and phrases *may* require construction by the Court.  But Samsung believes this issue is more appropriate for the Court's consideration after additional patents and claims have been dropped and after summary judgment, when fewer claim construction disputes will likely need to be resolved.  Samsung does not believe the resolution of any claim construction disputes is necessary in advance of summary judgment briefing.

   **3.**   **<u>Objection to Judge Grewal's Order Re: Willful Infringement of '757 Patent</u>**

   <u>Samsung's Position</u>:  Samsung also requests that the Court set a briefing schedule for its

motion for relief from Judge Grewal's Order Re: Samsung's and Apple's Motions for Leave to File Amended Infringement Contentions and Samsung's Motions to Compel filed pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). (Dkt. No. 680). In that motion, Samsung seeks relief from the limited portion of Judge Grewal's Order denying Samsung's motion to amend its infringement contentions to allege willful infringement of U.S. Patent No. 7,577,757 (Dkt. 636 at 18-20). Apple's citation below to Local Rule 72-2 is incomplete. That rule further states that "The Clerk shall notify parties when a motion has been deemed denied." Because the Clerk has not notified the parties that Samsung's Motion for Relief has been denied, it is still pending resolution. *See Abaxis, Inc. v. Cepheid*, 2012 WL 3255601 at *1 (N.D. Cal. Aug 8, 2012) (Court granted-in-part Abaxis's motion for relief from Magistrate's Order, noting that even though there was no order denying the motion or setting a briefing schedule under Local-Rule 72-2 within fourteen days of filing, the parties were never notified of a denial of the motion and it was subsequently considered by the Court).

Apple's Position: Samsung's motion has already been denied by operation of Local Rule 72-2, so there is no need or procedural basis to set a briefing schedule. Samsung filed its motion on July 10, 2013, and due to the passage of more than 14 days, the motion is deemed denied. Local Rule 72-2 ("If no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied."). The language of the Local Rule is mandatory ("shall be deemed denied"), and the denial of the motion does not in any way depend on the timing of when the clerk notifies the parties of the denial. *See Feist v. RCN Corp.*, No. 12-mc-80135 SI, 2012 WL 5412362, at *2 (N.D. Cal. Nov. 6, 2012) ("This Court did not set a briefing schedule on Paxfire's objections within fourteen days, and therefore, the motion was deemed denied.").

**4.   Settlement and ADR**

The parties do not have any new progress regarding mediation or settlement since submitting their previous Case Management Statement on June 20, 2013. (D.I. 624).

Dated: July 29, 2013

| | |
|---|---|
| By: */s/ H. Mark Lyon* | By: */s/ Victoria F. Maroulis* |

| | |
|---|---|
| Attorney for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |
| Josh A. Krevitt (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. Mark Lyon (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| Michael A. Jacobs<br>(CA SBN 111664)<br>mjacobs@mofo.com<br>Richard S.J. Hung (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | Kevin P.B. Johnson<br>(Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| William.lee@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State StreetWilliam F. Lee (pro hac vice)<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 | William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Joint Supplemental Case Management Conference Statement. In compliance with General Order 45.X.B, I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: July 29, 2013                         /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: July 29, 2013                         /s/ H. Mark Lyon

JOINT SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 5:12-CV-00630-LHK