1   Amy H. Candido (Bar No. 237829)
    amycandido@quinnemanuel.com
2   Matthew S. Warren (Bar No. 230565)
    matthewwarren@quinnemanuel.com
3   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    50 California Street, 22nd Floor
4   San Francisco, California   94111-4788
    (415) 875-6600
5   (415) 875-6700 facsimile

6   *Attorneys for Non-Party Google Inc.*

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  APPLE INC., a California Corporation,            Civil Case No. 5:12-cv-630-LHK-PSG

13           Plaintiff,                              **GOOGLE'S MOTION TO QUASH
                                                     APPLE'S SUBPOENAS FOR THE
14       v.                                          PRODUCTION OF DOCUMENTS AND
                                                     TESTIMONY**
15  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
16  ELECTRONICS AMERICA, INC., a New                 **Hearing:**
    York  corporation; and SAMSUNG
17  TELECOMMUNICATIONS AMERICA,                       Date:    TBD
    LLC, a Delaware limited liability company,        Time:    TBD
18                                                    Place:   Courtroom 5, Fourth Floor
             Defendants.                              Judge:   Hon. Paul S. Grewal
19

20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG
21  ELECTRONICS AMERICA, INC., a New
    York  corporation; and SAMSUNG
22  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
23
             Counterclaim-Plaintiffs,
24       v.

25  APPLE INC., a California corporation,

26           Counterclaim-Defendant.

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 2, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, non-party Google Inc. ("Google") shall and hereby does move the Court for an order to quash the subpoena for documents and the subpoena for testimony served June 4, 2013 by Apple Inc. ("Apple") on Google.  These subpoenas mark Apple's fifth and sixth subpoenas to Google in this action.

Concurrently with this motion to quash, Google has filed an administrative motion to shorten time for briefing and hearing.  As set forth therein, Google has no objection to the Court deciding Google's motion to quash without a hearing once briefing is completed under the proposed shortened schedule.

This motion is based on this notice of motion and supporting memorandum of points and authorities; the Declaration of Kristin J. Madigan ("Madigan Decl."); and such other written or oral argument as may be presented at or before the time the Court deems this motion submitted.

**RELIEF REQUESTED**

Google seeks an order quashing the subpoena for documents ("Fifth Subpoena") and the subpoena for testimony ("Sixth Subpoena") that Apple served on Google on June 4, 2013.  Fed. R. Civ. P. 26(b)(2)(C); 45(c)(3).

**STATEMENT OF ISSUES TO BE DECIDED**

Under Federal Rules of Civil Procedure 26(b)(2)(C) and 45(c)(3), non-party Google seeks an order quashing in their entirety Apple's subpoenas for documents and testimony served on Google on June 4, 2013, on the grounds that the subpoenas are unduly burdensome.  The discovery sought by Apple's Fifth Subpoena and Sixth Subpoena seek irrelevant and cumulative material that could have been sought long ago, rather than at the eleventh hour.  The Fifth and Sixth Subpoenas are not reasonably calculated to lead to the discovery of admissible evidence; seek information that could more easily and inexpensively be obtained from sources other than

non-party Google; call for the disclosure of information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges and immunities; and seek discovery non-party Google already provided in response to Apple's first two subpoenas served April 5, 2012 ("First and Second Subpoenas") or Apple's next two subpoenas served October 1, 2012 ("Third and Fourth Subpoenas").

DATED:  June 18, 2013                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s Matthew S. Warren*
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  91111-4788
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Non-Party Google Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

    A.    Apple Serves the First and Second Subpoenas in April 2012 And Google Satisfies Its Discovery Obligations ................................................. 1

    B.    Apple Serves the Third and Fourth Subpoenas in October 2012 and Google Again Satisfies Its Discovery Obligations ......................................... 2

    C.    Despite Google's Productions in Response to the Existing Subpoenas and the Parties' Agreements, Apple Serves the Fifth and Sixth Subpoenas Which Include Over Sixty Discovery Requests ........................................ 4

    D.    Google's Efforts to Meet and Confer With Apple ................................... 5

ARGUMENT ........................................................................................................................ 5

I.    The Court Should Quash Apple's Last-Minute Subpoenas As Untimely ............................ 6

II.    Apple's Fifth and Sixth Subpoenas are Unduly Burdensome, Overbroad, Duplicative, and Seek Irrelevant Materials ........................................................ 7

    A.    Apple's Requests Concerning Google's Confidential Patent Licenses and Related Communications are Not Tailored to Apple's Damages Case .................. 7

    B.    Apple's Requests Concerning Discussions And Agreements Between Google and Samsung Seek Information That Has No Relevance to Any of Apple's Claims or Defenses ........................................................ 8

    C.    Apple's Requests For Communications Between Google And Samsung About Apple's Patents Beyond Those At Issue In This Action Are Irrelevant, Overly Burdensome and Cumulative .......................................... 9

    D.    Apple's Requests Concerning Consumer Demand and Google's Market Analysis Are Not Narrowly Tailored to the Issues in the Case ......................... 10

    E.    Apple's Requests Concerning Desirability of the Accused Features Are Unduly Burdensome and Cumulative of Discovery Already Provided ................... 12

    F.    Apple's Requests Concerning Accused Functionality and Alterations Thereto Are an Improper Attempt to Redo Discovery Google Already Provided ........................................................................ 13

CONCLUSION .................................................................................................................... 15

1

## TABLE OF AUTHORITIES

2
**Page**

3

4 ## CASES

5 *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
    649 F.2d 646 (9th Cir. 1980)................................................................ 13
6
*Echostar Satellite LLC v. Freetech Inc.*,
7     Case No. 07-6124, 2008 WL 4460236 (N.D. Cal. Sept. 29, 2008)................ 13

8 *Emhart Indus., Inc. v. New England Container Co., Inc.*,
    Case No. 06-218S, 2008 WL 5340134 (D.R.I. Dec. 19, 2008) .......................... 9
9
*Gonzales v. Google, Inc.*,
10     234 F.R.D. 674 (N.D. Cal. 2006) ...................................................... 5

11 *Haber v. ASN 50th St., LLC*,
    272 F.R.D. 377 (S.D.N.Y. 2011)................................................ 10, 12, 13
12
*Haworth, Inc. v. Herman Miller, Inc.*,
13     998 F.2d 975 (Fed. Cir. 1993) ........................................................ 13

14 *In re Lloyd's Am. Trust Fund Litig.*,
    Case No. 96-1262, 1998 WL 50211 (S.D.N.Y. Feb. 6, 1998) ...................... 9
15
*In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*,
16     Case No. 09-096, 2010 WL 4715951 (D. Ariz. Nov. 15, 2010) ...................... 9

17 *Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*,
    Case No. 09-115, 2010 WL 2079675 (D. Utah May 24, 2010) ................ 10, 12, 13
18
*Intermec Techs. Corp. v. Palm, Inc.*,
19     Case No. 09-80098 (N.D. Cal. May 15, 2009)...................................... 6

20 *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*,
    206 F.R.D. 525 (D. Del. 2002)........................................................ 5
21
*Mattel, Inc. v. Walking Mountain Prods.*,
22     353 F.3d 792 (9th Cir. 2003)........................................................ 11

23 *Methode Elecs., Inc. v. DPH-DAS LLC*,
    Case No. 09-13078, 2011 WL 2118951 (E.D. Mich. May 27, 2011) .................... 9
24
*Micro Motion Inc. v. Kane Steel Co., Inc.*,
25     894 F.2d 1318 (Fed. Cir. 1990) ...................................................... 5

26 *Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005) .................................................. 5, 6
27
*ResQNet.com, Inc. v. Lansa, Inc.*,
28     594 F.3d 860 (Fed. Cir. 2010) .................................................... 8, 11

*Robinson v. Stanley*,
    Case No. 06-5158, 2010 WL 1005736 (N.D. Ill. Mar. 17, 2012) ...................................... 10

*Rombeiro v. Unum Life Ins. Co. of Am.*,
    Case No. C 02-04018, 2011 WL 1152270 (N.D. Cal. Mar. 27, 2011) .............................. 13

## **STATUTES**

Fed. R. Civ. P. 26(b)(2)(C)(i) ........................................................................................................ 10

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) ................................................................................................... 5

Fed. R. Civ. P. 45(c)(3)(A)(iv) ......................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff and counter-claim Defendant Apple Inc. ("Apple") has already subpoenaed non-party Google Inc. ("Google") four times in this action.  Now, at the close of fact discovery, Apple served fifth and sixth subpoenas on Google seeking sixty-three new discovery requests, including significant document production and extensive deposition testimony on multiple topics, all of which must occur before the close of fact discovery on July 8.

The Court should quash Apple's fifth and sixth subpoenas.  These new requests, served at the eleventh hour, have no connection to the technology actually at issue in this case.  They target information unrelated to Apple's claims or defenses, including a wide array of patent licenses for non-accused technologies; generalized analysis of consumer demand for smartphones, without any connection to the accused technologies; and irrelevant communications regarding common interest agreements, indemnity agreements, and Apple patents not asserted in this action.  These requests would impose an undue burden on Google if served at *any* point in the case—but do so particularly now, when they seek extensive document collection and review in advance of numerous depositions, all in a matter of days before July 8.  Worse still, many of these new discovery requests simply rehash topics Google *already fully addressed* in its response to Apple's earlier four subpoenas.  Apple's fifth and sixth subpoenas would unduly burden Google, and the Court should grant Google's motion to quash them in their entirety.

## BACKGROUND

### A.   Apple Serves the First and Second Subpoenas in April 2012 And Google Satisfies Its Discovery Obligations

Apple served its first subpoena for documents ("First Subpoena") and subpoena for testimony ("Second Subpoena") on Google on April 5, 2012, each including twelve requests for production and twelve topics for deposition.  (Docket No. 135-4.)  Among many other requests, the First Subpoena included the following:

- DOCUMENT REQUEST NO. 5:  *All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple*, including but not

limited to communications relating to Apple's products incorporating any version of the iOS operating system.

- DOCUMENT REQUEST NO. 11: All documents constituting, reflecting or otherwise relating to *any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions* of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

- DOCUMENT REQUEST NO. 12: All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

(*Id.*, at 5, 7.) On April 16, 2012, Google timely objected to Apple's document requests and deposition topics. (Docket No. 135-5.) Following meet and confer discussions between Google and Apple and this Court's partial grant of Apple's first motion to compel against Google (Docket No. 135), all outstanding issues concerning the First and Second Subpoenas were resolved. Google produced documents to Apple (Docket No. 418-5, Ex. 12 at 1) including highly confidential source code (*id.*, Ex. 12 at 2) and offered witnesses for deposition in both California and Hong Kong. (Docket No. 145-3.)

### B.    Apple Serves the Third and Fourth Subpoenas in October 2012 and Google Again Satisfies Its Discovery Obligations

On October 1, 2012, Apple issued two more subpoenas on Google, included an additional thirty-eight requests for production ("Third Subpoena") and fifteen topics for deposition. ("Fourth Subpoena," Docket No. 418-5, Ex. 1.) On October 15, 2012, Google timely objected to the Third Subpoena and the Fourth Subpoena (*Id.*, Ex. 2 at 14-19, 26, 28), but again offered witnesses for deposition and agreed to produce voluminous documents including source code, documents showing the design and development of the accused functionality, and all other non-privileged documents relating to the accused functionality located in its search. (Docket No. 418-5, Ex. 2 at 15-16, 19; Ex. 12 at 1-3; Docket No. 445-1, Exs. A-B.) In addition, Google offered eight witnesses for deposition, including witnesses in California, Texas, Hong Kong, and the U.K. (Madigan Decl. Exs. 1-3.) During this production effort, Google repeatedly sought to satisfy Apple's seemingly-endless demand for additional discovery. Since October 1, 2012, Apple and Google exchanged more than thirty-eight letters regarding Apple's existing subpoenas, and held

Case No. 5:12-cv-630-LHK-PSG

two in-person lead trial counsel meet and confer sessions to discuss the scope of non-party Google's subpoena responses, one of which lasted more than eight hours.  Google continued to work with Apple to resolve any issues relating to Apple's Third and Fourth Subpoenas, offering to produce documents that it did not believe were even relevant and offering to re-search (and sometimes re-re-search) for certain types of documents when Apple asserted Google had not located and produced enough.  All of Google's effort was for the sole and explicit purpose of concluding the third-party subpoena process and avoiding meritless motion practice.  (*E.g.*, Madigan Decl. Exs. 4-5 (Mar. 22 Letter from M.Warren to M.Valek; "If it will resolve disputes on this issue, we will search again for documents regarding consumer demand for the functionality accused in Apple's infringement contentions.").)

During the last two months, Google has gone even further.  Although Apple *never* demonstrated a *single deficiency* in Google's production, following the Court's order that Google disclose its search terms to Apple, Apple responded with a massive list of 100 *additional* search terms it requested Google run—and run immediately, so as not to disrupt the close of discovery by July 8.  Following a marathon, day-long meet and confer session with Apple, Google bent over backwards and agreed to collect, review, and produce additional documents in response to 71 additional search terms and nine additional custodians hand-picked by Apple.  (Madigan Decl. Ex. 6-8.)  These search terms yielded a massive number of "hits," or documents that must be reviewed.  Faced with repeated protestations of urgency from Apple's counsel, Google not only agreed to undertake this massive additional review of documents, but did so on a highly expedited basis, and in the order and manner Apple dictated.  (Madigan Decl. Ex. 7 at 5-7.)  After all that, Apple's additional search terms proved largely fruitless, locating only 3,048 pages of responsive documents compared to the 60,684 pages of documents Google found using its own search terms. (*Compare* Docket No. 418-5, Exs. 1-2, Docket No. 445-1, Exs. A-B, and Madigan Decl. Ex. 9 *with* Madigan Decl. Exs. 10-12.)

Google was willing to agree to Apple's demands and expedited schedule because Apple's counsel repeatedly represented to Google that their chief concern was to *finish* Google's document production in time for depositions—not to drag out discovery.  For this reason, Google met every

1    single one of Apple's unilateral demands and deadlines.  (Madigan Decl. Exs. 9-12.)  At no time

2    during this extensive negotiation process, or in the eight months since Apple issued its Third and

3    Fourth Subpoenas, did Apple inform Google it would serve *further* subpoenas or seek additional

4    discovery *beyond* the scope of the parties' ongoing discussions.

5         **C.    Despite Google's Productions in Response to the Existing Subpoenas and the**
         **Parties' Agreements, Apple Serves the Fifth and Sixth Subpoenas Which**
6         **Include Over Sixty Discovery Requests**

7         On June 4, 2013, less than five weeks before the fact discovery cut-off, Apple served

8    Google with two new subpoenas—its fifth and sixth subpoenas to Google in this action—

9    including *thirty-two* requests for production ("Fifth Subpoena") and *thirty-one* topics for

10   deposition ("Sixth Subpoena").  (Madigan Decl. Ex. 13.)  Apple's new requests broadly seek

11   discovery on a variety of irrelevant issues, including patent licenses "relating to Android" in its

12   entirety—not limited to the technology in this case—as well as irrelevant common interest

13   agreements, indemnity agreements, communications with Samsung, and generalized consumer

14   demand information.  For example, Apple's new subpoenas include the following requests:

- Request No. 1:  ***All Documents and Communications relating to actual or
  perceived competition among mobile device operating systems***, including but not
  limited to Android, Apple's iOS, Microsoft's Windows Phone, and RIM's
  BlackBerry OS or BlackBerry 10.

- Request No. 4:  ***All Documents and Communications*** relating to ***the likelihood
  that a user of a mobile device operating system*** (e.g., Android or iOS) will, if
  purchasing another mobile device, ***purchase another mobile device that utilizes
  the same operating system***.

- Request No. 7:  ***All Documents and Communications*** relating to ***the importance***,
  or lack thereof, ***of sales to first-time buyers of smartphones or tablets***.

- Request No. 26:  ***All patent licenses*** between you and any third party ***relating to
  Android***.

- Request No. 27:  ***All Documents and Communications*** relating to ***any patent
  license*** between you and any third party ***relating to Android***.

- Request No. 31:  ***All Communications*** between Google and Samsung relating to
  ***any Apple patent*** occurring prior to August 18, 2010.

26   (Madigan Decl. Ex. 13 at 11-16.)  Apple's requests are not narrowly tailored to seek information

27   that is relevant to any claim or defense in the case.

28

**D.     Google's Efforts to Meet and Confer With Apple**

On June 18, 2013, Google and Apple met and conferred regarding the Fifth and Sixth Subpoenas.  During that conference, Google requested that Apple withdraw the subpoenas due to their unduly burdensome nature, to avoid burdening the Court with additional and unnecessary motion practice.  Apple refused.  (Madigan Decl. ¶ 15.)  Accordingly, Google timely objected to Apple's new document requests and deposition topics, and filed the instant motion to quash. (Madigan Decl. Ex. 14-15.)

## <u>ARGUMENT</u>

Rule 26 and Rule 45 protect a non-party from any subpoena that subjects the non-party to "undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) ("Undue burden to the non-party is evaluated under both Rule 26 and Rule 45."). "[U]nder Rule 45(c)(3)(A), an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party . . . and, in particular, requires the court to consider such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (internal quotations and citations omitted).  Similarly, Rule 26 requires that discovery methods be limited where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive," "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  "[D]iscovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit."  *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) (citing *Micro Motion Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).  "[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves."  *Intermec Techs. Corp. v. Palm, Inc.*, Case No. 09-80098,

1    slip op. at 4 (N.D. Cal. May 15, 2009).  "Requests to non-parties should be narrowly drawn to

2    meet specific needs for information."  *Id.*

3    **I.       The Court Should Quash Apple's Last-Minute Subpoenas As Untimely**

4              The Court can and should quash Apple's Fifth and Sixth Subpoenas based on two facts,

5    neither of which Apple can contest:  first, there is nothing in either the Fifth or Sixth Subpoenas

6    that Apple could not have served months ago; and second, while the many requests in the Fifth

7    and Sixth Subpoenas would require extraordinary time and resources to complete on any schedule,

8    the burden posed by the more than sixty discovery requests in the Fifth and Sixth subpoenas is

9    compounded by requesting this discovery now, in the few days remaining before the July 8 fact

10   discovery cut-off.  The breadth of Apple's more than *sixty* new requests for documents and

11   depositions, and the burden they would impose, far outweigh whatever claimed need or

12   questionable relevance Apple may identify.  The Court should quash the Fifth Subpoena and Sixth

13   Subpoena in their entirety because their burden outweighs any potential relevance.  *See Moon*, 232

14   F.R.D. at 637.

15            Apple's Fifth and Sixth Subpoenas are particularly problematic for at least two reasons.

16   First, Apple did not serve the Fifth and Sixth Subpoenas—indeed, its counsel did not even

17   mention their existence—throughout Google's extensive negotiations with Apple regarding

18   Apple's request that Google voluntarily assume additional discovery burdens, despite its already-

19   complete production.  Google met and conferred in good faith, and in the spirit of cooperation and

20   transparency that this Court urged.  (*See supra* at D.)  While Google was negotiating a procedure

21   with the explicit intent of extinguishing its discovery obligations to Apple, however, Apple was

22   silently preparing the additional Fifth and Sixth Subpoenas.  Second, the Fifth and Sixth

23   Subpoenas request extensive new discovery efforts while Google's responses to Apple's Third and

24   Fourth Subpoenas are still underway as a result of Apple's continued demands.  As Apple knows,

25   Google has already offered 10 witnesses for deposition on various topics literally around the

26   world, including testimony to occur in California, Texas, Hong Kong, and the U.K.  (Madigan

27   Decl. Exs. 1-3.)  By filing the Fifth and Sixth Subpoenas, Apple now unreasonably demands that

28   Google offer multiple witnesses for deposition on three continents in response to Apple's Third

1  and Fourth subpoenas *while simultaneously* fielding more than sixty *new* requests for *additional*

2  documents and *additional* depositions via Apple's Fifth and Sixth subpoenas.  Apple cannot

3  unnecessarily and unduly increase Google's burden by waiting until the eleventh hour to request

4  extensive discovery it could have sought months ago, and particularly not at the same time it seeks

5  extensive additional and unnecessary discovery regarding Apple's Third and Fourth subpoenas.

6  Given Apple's inexplicable failure to request this extensive discovery earlier in the case, including

7  as part of the Court-ordered meet and confer process, and given Apple's own recent request for

8  extensive additional search terms, custodians, and depositions, the Court should quash Apple's

9  Fifth and Sixth Subpoenas.

10  **II.     Apple's Fifth and Sixth Subpoenas are Unduly Burdensome, Overbroad, Duplicative,
11           and Seek Irrelevant Materials**

12         In addition to the undue burdens imposed by the inexplicable timing of Apple's discovery

13  requests, Apple's requests are improper on their face.  They seek irrelevant information, are

14  duplicative of prior requests in the first four subpoenas and, despite this Court's contrary

15  instruction, seek information unrelated to the accused functionality.  Google addresses these

16  improper requests by category below.

17         **A.     Apple's Requests Concerning Google's Confidential Patent Licenses and
18                 Related Communications are Not Tailored to Apple's Damages Case**

19         Apple's subpoenas broadly seek unbounded categories of documents and testimony

20  concerning Google's patent licenses with any other parties if those licenses or those discussions

21  are arguably "relating to Android"—including licenses that have no conceivable relevance to the

22  technologies at issue in this lawsuit.  (Madigan Decl. Ex. 13 at 15-16 (Document Request Nos. 25-

23  28; Deposition Nos. 25-27).)  For example, Apple's subpoenas seek, "*[a]ll* patent licenses

24  between you and any third party relating to Android" (*id.* (Document Request and Deposition

25  Topic No. 26)); "*[a]ll* Documents and Communications relating to any patent license between you

26  and any third party relating to Android" (*id.* (Document Request No. 27)); "[r]oyalties paid by or

27  to you for patent licenses relating to Android" (*id.* (Document Request No. 28; Deposition Topic

28  No. 27)); and "[c]ommunications between you and *any* third party relating to *any* actual,

1   considered, or potential suspension of, or modification to, *any* feature or functionality in Android

2   relating to possible or actual infringement of third party patent rights" (*id.* (Document Request and

3   Deposition Topic No. 25)).

4           The requests are facially overbroad and seek discovery that is irrelevant to any of Apple's

5   claims or defenses in the case, including any claim for a reasonable royalty.  Apple cannot

6   credibly claim that *all* of Google's patent licenses covering any technology somehow arguably

7   "relating to Android" are pertinent here:  only *particular accused features relevant to Apple's*

8   *asserted patents* are at issue in this case.  As this Court previously instructed Apple: "[T]he court

9   can think of no line it can draw, other than one focused on the accused features, that would respect

10   the norms of proportionality applicable under Rule 26 even in a well-resourced, high-stakes case

11   like this."  (Docket. 163 at 7.)  Apple has not accused each and every aspect of every release of

12   Android, and so its pan-Android, pan-version request for license information is improper.  As the

13   Federal Circuit has emphasized, damages proof must be narrowly tailored to the technologies at

14   issue.  *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("the trial

15   court must carefully tie proof of damages to the claimed invention's footprint in the market place.

16   . . .  Any evidence unrelated to the claimed invention does not support compensation for

17   infringement but punishes beyond the reach of the statute.") (internal citations and quotations

18   omitted).  Apple would unduly burden Google with demands for information unrelated to the

19   accused functionality—precisely the type of license information that the Federal Circuit will not

20   allow in a damages analysis—and these topics are therefore improper.

21       **B.**    **Apple's Requests Concerning Discussions And Agreements Between Google**
                **and Samsung Seek Information That Has No Relevance to Any of Apple's**

22                **Claims or Defenses**

23           Apple's Fifth and Sixth Subpoenas also seek a variety of information regarding privileged

24   communications and irrelevant issues, including agreements between Google and Samsung which

25   have nothing to do with any claim or defense in this lawsuit.  Specifically, Apple broadly requests

26   information regarding any common interest agreement between Google and Samsung (Madigan

27   Decl. Ex. 13 at 16 (Document Request No. 30; Deposition Topic No. 29)); and all documents

28   concerning any discussions between Google and Samsung relating to any claim of indemnification

related to this litigation (*id.* (Document Request Nos. 24, 29; Deposition Topics No. 24, 28).)  But

Apple cannot satisfy the threshold showing of relevance under Rule 26.  Under settled caselaw,

information concerning indemnity is not within the scope of discoverable material in cases that do

not arise out of an indemnity obligation.  *See, e.g.*, *Methode Elecs., Inc. v. DPH-DAS LLC*, Case

No, 09-13078, 2011 WL 2118951, at *2-3 (E.D. Mich. May 27, 2011) (denying motion to compel

all documents and communications relating to indemnification in patent infringement suit on

relevance grounds); *In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*,

Case No. 09-096, 2010 WL 4715951, at *1 (D. Ariz. Nov. 15, 2010) (denying motion to compel

production of indemnity agreement, despite alleged relevance to "settlement position" of parties,

because claims at issue did not arise out of any indemnity agreement, meaning any indemnity "is

not within the scope of discoverable material"); *Emhart Indus., Inc. v. New England Container

Co., Inc.*, Case No. 06-218S, 2008 WL 5340134, at *1 (D.R.I. Dec. 19, 2008) (granting motion to

quash and denying cross-motion to compel on the grounds that subpoena request was not

"narrowly tailored" to relevant information surrounding indemnity or insurance); *In re Lloyd's

Am. Trust Fund Litig.*, Case No. 96-1262, 1998 WL 50211, at *20 (S.D.N.Y. Feb. 6, 1998)

(denying motion to compel "any agreements for indemnification or contribution in connection

with this action").  The same is true here.  The Court should quash Apple's irrelevant requests.

### C.   Apple's Requests For Communications Between Google And Samsung About Apple's Patents Beyond Those At Issue In This Action Are Irrelevant, Overly Burdensome and Cumulative

Apple seeks discovery of Google's communications with Samsung regarding Apple's non-

asserted patents, as opposed to communications involving the patents-in-suit, which Google

previously already agreed to provide.  Apple's Fifth and Sixth Subpoenas broadly seek discovery

of "[a]ll Communications between Google and Samsung relating to *any* Apple patent occurring

prior to August 18, 2010" (Madigan Decl. Ex. 13 at 16 (Document Request No. 31; Deposition

Topic No. 30)) (emphasis added).  These requests are facially overbroad, as they are not limited to

patents *actually at issue* in this case, and Apple has offered no explanation for their relevance.

To the extent Apple does seek discovery on patents actually at issue here, Apple's new

requests are duplicative of Google's prior responses to Apple's First and Third Subpoenas—

efforts Apple agreed were sufficient.  For example, with respect to the Third Subpoena, Google already searched for *exactly these documents*—using search terms that Apple *itself requested*—by agreeing to run Apple-selected search terms, such as **"patent /3 Apple"**, on Apple's hand-selected list of custodians.  (Madigan Decl. Ex. 7 at 2.)  Likewise, Apple's First Subpoena already included requests for "All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple."  (Docket No. 135-4.)  Apple's new subpoenas seek to *reopen* discovery on these topics after they have already been *resolved*.  Google ran Apple's requested search terms against all of Apple's requested custodians, capturing any non-privileged, responsive documents Apple could legitimately want regarding the asserted patents or the accused functionalities.  Apple knew this long before serving its Fifth and Sixth Subpoenas.  (Madigan Decl. Ex 7-8.)  It would be unduly burdensome to make Google undertake this exercise for a third time.  *Robinson v. Stanley*, Case No. 06-5158, 2010 WL 1005736, at *3 (N.D. Ill. Mar. 17, 2012) (granting motion to quash where non-party had "already testified twice on the matter of the investigation"; "a third time would not only be cumulative and duplicative, it would be an undue burden for a non-party"); *see also Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (quashing a subpoena that was duplicative of already answered document requests); *Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*, Case No. 09-115, 2010 WL 2079675, at *2 (D. Utah May 24, 2010) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)'s limitation on unreasonably cumulative and duplicative discovery to quash a subpoena that sought documents "likely" already produced).

### D. Apple's Requests Concerning Consumer Demand and Google's Market Analysis Are Not Narrowly Tailored to the Issues in the Case

Apple's subpoenas broadly seek *any* analysis of the smartphone market, including analysis of demand for mobile devices or operating systems generally.  (Madigan Decl. Ex. 13 at 11-13 (Document Request and Deposition Topic Nos. 1-8)), including "actual or perceived competition among mobile device operating systems," (*id.* (Document Request and Deposition Topic No. 1)); "the likelihood that a user of a mobile device operating system (*e.g.*, Android or iOS) will, if purchasing another mobile device, purchase another mobile device that utilizes the same operating system" (*id.* (Document Request and Deposition Topic No. 4)); "any attempt to quantify, or any

1  quantification of, the monetary value to Google from a user using an Android smartphone or

2  tablet" (*id.* (Document Request and Deposition Topic No. 6)); and "the importance, or lack

3  thereof, of sales to first-time buyers of smartphones or tablets" (*id.* (Document Request and

4  Deposition Topic No. 7)).  Google has already agreed to produce, and has searched for and

5  produced, documents concerning consumer demand for the functionalities accused of infringement

6  in this action.  (Madigan Decl. Ex. 4 at 4.)  Apple still wants more, however, now seeking *any*

7  documents about *any* kind of consumer demand for *anything*.

8          These overbroad requests are in no way tailored to the issues in this case.  As noted above,

9  the Federal Circuit prohibits damages theories based on generalized evidence unrelated to the

10  technologies actually claimed in particular patents.  *See, e.g.*, *ResQNet.com*, 594 F.3d at 869 ("the

11  trial court must carefully tie proof of damages to the claimed invention's footprint in the market

12  place. . . .  Any evidence unrelated to the claimed invention does not support compensation for

13  infringement but punishes beyond the reach of the statute").  And the Federal Circuit specifically

14  instructed Apple – in this very case – not to use generalized market data unconnected to the

15  accused features of accused devices as the basis for any theories of relief.  *Apple Inc. v. Samsung*

16  *Electronics Co., Ltd.*, 695 F.3d 1370, 1376 (Fed. Cir. 2012) (evidence of customer demand for a

17  generalized feature in the marketplace, as opposed to evidence of demand for a specific feature in

18  a specific product, was not sufficient).  Apple's request for *any* and *all* analysis of the smartphone

19  and tablet market *generally*—tied in no way to the technologies actually claimed in Apple's

20  patents or any demand for those particular technologies—are facially overbroad and should be

21  quashed.  *See, e.g., Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)

22  (affirming district court's motion to quash where district court concluded subpoena was "way too

23  broad" and where district court found "no attempt had been made to try to tailor the information

24  request to the immediate needs of the case," including requests for information on "advertising

25  markets" and "sales channels" generally).

26

27

28

**E.      Apple's Requests Concerning Desirability of the Accused Features Are Unduly Burdensome and Cumulative of Discovery Already Provided**

Apple's subpoenas seek generalized "pre-marketing surveys, focus group studies, or other marketing analyses related to the ***desirability of features or capabilities*** of any of the Accused Products." (Madigan Decl. Ex. 13 at 13 (Document Request and Deposition Topic No. 13)). Again, as this Court already noted, to the extent these requests extend beyond the features of Android actually accused by Apple of patent infringement in this case, they are overbroad. (Docket. 163 at 7.)  To the extent these requests *do* concern the features actually accused of infringement, Apple merely seeks to re-open discovery sought and provided *four times before*, in response to each of Apple's first four subpoenas.  Apple's First and Second Subpoenas sought Google's marketing analyses related to the four features accused at the preliminary injunction phase: "any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device."  (Docket No. 135-4, at 7.)  Apple's Third and Fourth Subpoenas made nearly identical requests, merely modified to include three additional accused features:  "any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device."   (Docket No. 418, Ex. 1.)  The parties resolved these requests through extensive meet and confer negotiations, and Google searched for and produced documents.  Apple's attempt to reopen this topic now through Fifth and Sixth Subpoenas is improper.  *See, e.g.*, *Haber*, 272 F.R.D. at 382; *Int'l Coal Grp., Inc.*, 2010 WL 2079675, at *2.  And to the extent Apple seeks discovery beyond the scope of these earlier topics, by seeking discovery on non-accused functionality, the requests are plainly improper, as this Court has already ruled.  (Docket. 163 at 7.)

Finally, despite the immense burden on Google to search for and produce responsive documents and prepare a witness to testify about such broad topics, Apple has made no showing whatsoever that the generalized market analysis information it seeks is not available from another

less burdensome source.  "While the requested information might assist in determining the extent of damages incurred by plaintiffs," courts in this district have refused to allow broad and invasive non-party discovery where "alternate, less intrusive avenues to obtain the information needed for that purpose are available." *Echostar Satellite LLC v. Freetech Inc.*, Case No. 07-6124, 2008 WL 4460236, at *3 (N.D. Cal. Sept. 29, 2008) (granting motion for protective order); *see also Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (discovery restrictions may be even broader where target is non-party); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming order requiring party to first attempt to obtain documents from opposing party rather than non-party); *Rombeiro v. Unum Life Ins. Co. of Am.*, Case No. C 02-04018, 2011 WL 1152270, at *4 (N.D. Cal. Mar. 27, 2011) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery.") (internal citations and quotations omitted).

### F.    Apple's Requests Concerning Accused Functionality and Alterations Thereto Are an Improper Attempt to Redo Discovery Google Already Provided

Apple's subpoenas broadly seek information about Google's alterations of any accused functionalities, which Apple defines as "Accused Feature Alterations" (Madigan Decl. Ex. 13 at 13-14 (Document Request and Deposition Topic Nos. 9-12 and 14-17).)  Additionally, Apple's subpoenas seek information about certain versions of the accused "Quick Search Box" application (*id.* (Document Request and Deposition Topic Nos. 18-23).)

As Apple well knows, however, Google already produced material on these topics in response to Apple's First, Second, Third, and Fourth Subpoenas.  (Docket No. 145-3; Docket No. 418-5, Ex. 12; Docket Nos. 445-1, Exs. A-B (Document Request and Deposition Topic Nos. 9-12 and 14-17).)  For this reason alone, these topics in the Fifth Subpoena and Sixth Subpoena should be quashed.  *See Haber*, 272 F.R.D. at  382; *Int'l Coal Grp., Inc.*, 2010 WL 2079675, at *2.  Apple's request to redo this discovery, including new depositions on topics already addressed in earlier subpoenas, can only serve to harass and burden Google.  In response to Apple's first *four* subpoenas, Google produced voluminous documents and source code regarding the accused functionality and offered numerous witnesses to testify regarding the accused functionality,

1  including documents, source code, and multiple depositions regarding the "Quick Search Box."

2  (Docket No. 418-5, Exs. 1-2; Docket No. 445-1, Exs. A-B; Madigan Decl. Ex. 9.)  There is no

3  good cause to revisit this discovery for a fifth and sixth time.

4         Indeed, if Apple wanted additional discovery on these topics, it should have raised those

5  issues during the parties' Court-ordered meet and confer sessions regarding the Third and Fourth

6  Subpoenas.  (Docket No. 501.)  Pursuant to the Court's order regarding search terms and

7  custodians, Apple knew *exactly* which search terms and *exactly* which custodians Google

8  employed when responding to those Third and Fourth Subpoenas, including in its response to

9  requests for information on the accused functionalities.  Indeed, Apple and Google negotiated in

10  person for an entire day about additional search terms and custodians Google might utilize

11  regarding these issues, and in that process Apple specifically requested nine additional document

12  custodians (Madigan Decl. Ex. 7), and over seventy-one new search terms that Apple believed—

13  incorrectly—were necessary to obtain complete discovery on the accused functionality.  (*Id.*)

14  Even though Google's existing production was complete, and Apple had not shown any deficiency

15  in that production, Google collected materials from Apple's requested custodians, including

16  several custodians Apple believed were relevant to the "Quick Search Box" application (Madigan

17  Decl. Ex. 7), and Google ran all seventy-one new search terms, including eight new Apple-

18  requested search terms targeting specific aspects of the "Quick Search Box," against more than

19  sixty custodians.  (*Id.*)  This extraordinary cooperation was not an invitation to serve additional

20  subpoenas and reopen discovery on the accused functionality.  If Apple wanted to propose

21  alternative search terms or custodians for these issues, it should have done so previously, during

22  negotiations over Apple's *first four* subpoenas—including the Court-ordered meet and confer

23  process regarding Apple's Third and Fourth Subpoenas.  Because Google already ran the search

24  terms Apple itself requested, against the custodians Apple itself requested, Google's production

25  regarding the accused functionality is complete, and these topics should be quashed.

26

27

28

1

## **CONCLUSION**

2

For all the foregoing reasons, the Court should grant Google's motion to quash.

3

4   DATED:  June 18, 2013            QUINN EMANUEL URQUHART & SULLIVAN, LLP

5
                                   By: */s Matthew S. Warren*
6                                       Amy H. Candido
                                        amycandido@quinnemanuel.com
7                                       Matthew S. Warren
                                        matthewwarren@quinnemanuel.com
8                                       QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                        50 California Street, 22nd Floor
9                                       San Francisco, California  91111-4788
                                        (415) 875-6600
10                                      (415) 875-6700 facsimile

11
                                        *Attorneys for Non-Party Google Inc.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28