JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND TO ENFORCE THE APRIL 12, 2013 ORDER**<br><br>**HEARING:**<br><br>Date:   August 13, 2013<br>Time:   10 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................3

    A. THE LAW IS CLEAR THAT APPLE SHOULD NOT BE COMPELLED TO CREATE FINANCIAL DATA FOR PRODUCTION.................. 3

    B. APPLE HAS PRODUCED U.S. FINANCIAL DATA AND DATA BY PRODUCT MODEL ██████████████. ................................................ 4

    C. THE APPLE DOCUMENTS TO WHICH SAMSUNG POINTS DO NOT SUPPORT SAMSUNG'S MOTION. .................................................... 8

III. CONCLUSION ....................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*3Com Corp. v. D-Link Systems, Inc.*,
  2007 WL 949596 (N.D. Cal. Mar. 27, 2007) .................................................................................. 8

*Chandler v. Carroll*, Case No.
  2013 WL 2323048 (D. Vt. May 28, 2013) .................................................................................... 3

*Edeh v. Equifax Information Services, LLC*,
  2013 WL 1749912 (D. Minn. April 23, 2013) .............................................................................. 3

*Elan Microelecs. Corp. v. Apple, Inc*,
  2011 WL 4048378 (N.D. Cal. Sep 9, 2011) .................................................................................. 4

*Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish, Louisana*,
  1999 WL 61568 (E.D. La. Aug. 12, 1999) .................................................................................... 3

*International Business Machines Corp. v. BGC Partners, Inc.*,
  2013 WL 1775373 (S.D.N.Y. Apr. 25, 2013) ............................................................................... 3

*Phase Four Industries, Inc. v. Marathon Coach, Inc.*,
  2007 WL 2429448 (N.D.Cal. Aug. 23, 2007) ............................................................................... 4

*Thomas v. Lawler*,
  2013 WL 3367488 (M.D. Pa. July 3, 2013) .................................................................................. 3

*Van v. Wal-Mart Stores, Inc.*,
  2011 WL 62499 (N.D. Cal. Jan. 7, 2011) ................................................................................. 1, 3

*Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*,
  2007 WL 915209 (D.D.C. Mar. 26, 2007) .................................................................................... 3

## I. INTRODUCTION

Apple has produced a host of U.S. and worldwide financial data for Apple's products and product lines at issue in this case, which includes the data that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The bulk of that production occurred in mid-April, following several rounds of negotiation among the parties. Now, months later and on the last day of fact discovery, Samsung moves to compel Apple to undertake the substantial burden of creating *new* financial documents to produce in this litigation. Apple's counsel repeatedly explained to Samsung in correspondence that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung's Mot. to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order, July 8, 2013 (Dkt. No. 669) ("Mot."), at ii ("Relief Requested"), 4.[1] Apple's Rule 30(b)(6) designee on financial topics confirmed under oath that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[2] Accordingly, Samsung's motion, which seeks to compel further production in response to requests for production, not further responses to interrogatories, should be denied. It is black-letter law that "[a] party responding to a Rule 34 document request cannot be compelled to prepare or create new documents." *Van v. Wal-Mart Stores, Inc.*, Case No. C 08-5296, 2011 WL 62499, at *1 n.1 (N.D. Cal. Jan. 7, 2011) (Grewal, Mag. J.).

---

[1] In correspondence exchanged following Samsung's filing of the instant motion, Samsung has withdrawn items (2) and (3) of its "Relief Requested" (*see* Mot. at ii), which relate to pricing documents and testimony and are discussed in Part II of Samsung's brief, based on Apple's production of such documents prior to the close of fact discovery and Apple's offer of a witness to speak to those issues. *See* Decl. of Rod Stone, July 30, 2013 ("Stone Decl."), Exh. 1. Thus, of the three items of "Relief Requested" in Samsung's motion, only the first item remains at issue.

[2] Notably, however, after waiting more than two months after Apple's production of financial documents, Samsung chose to file the instant motion the night before Apple's Rule 30(b)(6) designee on financial topics was scheduled to testify. Samsung filed its motion on Monday, July 8, 2013, and the deposition of Apple's designee took place on Tuesday, July 9. Despite having spent significant portions of that deposition testing Apple's witness on the existence (or lack thereof) of various categories of U.S.-level financial data, Samsung nevertheless continues to press Apple to create such documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1    Samsung attempts to justify its stark departure from well-settled case law by claiming that the
2    documents it wants Apple to create would aid Samsung's damages case, and that Apple similarly
3    moved to compel Samsung to generate financial data in the 1846 case.  But the situation here is not at
4    all like that in the 1846 case.  In that case, Apple moved to compel the production of financial data
5    that Samsung actually tracked and maintained in its accounting systems in the ordinary course of
6    business, and which Samsung witnesses testified could be provided "simply by pressing a few
7    buttons."  Mot. at 8.  ███████████████████████████████████████████
8    ███████████████████████████████████████████████████████████
9    █████████████████ as explained in the accompanying Declaration of Mark Buckley.
10   Samsung claims that a handful of documents Apple has produced indicate that ████████
11   ██████████████████████████████████████████████████.  But the
12   documents Samsung cites do not support Samsung's contention.  ███████████████
13   ███████████████████████████████████████████████████
14   ████████████████████████████ Samsung cites no testimony or other evidence
15   showing that ██████████████████████████████████████████████
16   ████████████████████████████████████
17   Fact discovery in this case closed on July 8.  Expert reports are due on August 9, four days
18   before the hearing on this motion, and thus the financial information Samsung seeks would not be
19   available for use by the experts in their reports.  As Samsung's counsel stated in a letter dated July
20   19, 2013, regarding Apple's request that Samsung produce additional financial documents identified
21   by Samsung's 30(b)(6) designee in his deposition, "Samsung concluded, however, that at this point of
22   the litigation – that is, after fact discovery has closed – and particularly in light of the parties'
23   extensive back and forth negotiations regarding each other's financial document productions,
24   Samsung is not inclined to search for further financial documents outside the scope of the parties'
25   agreement."  Stone Decl., Exh. 2.  These words apply equally to the documents sought by Samsung's
26   motion.  Samsung's motion should be denied.

## II. ARGUMENT

### A. THE LAW IS CLEAR THAT APPLE SHOULD NOT BE COMPELLED TO CREATE FINANCIAL DATA FOR PRODUCTION

Although Apple has repeatedly explained ▌ ▌ (Mot. at ii ("Relief Requested"))—Samsung claims that it is Apple's obligation to "*generate* such documents" ▌ Mot. at 8 (emphasis in original). Samsung's demand has no support in the law.

As numerous courts, including this one, have held, Federal Rule of Civil Procedure 34 "only requires a party to produce documents that already exist," and "[a] party responding to a Rule 34 document request cannot be compelled to prepare or create new documents." *Van v. Wal-Mart Stores, Inc.*, Case No. C 08-5296, 2011 WL 62499, at *1 n.1 (N.D. Cal. Jan. 7, 2011); *see also International Business Machines Corp. v. BGC Partners, Inc.*, Case No. 10 Civ. 128, 2013 WL 1775373, at *1 (S.D.N.Y. Apr. 25, 2013) ("Parties are only required to produce documents that exist; they have no obligation to create documents to support their adversary's theory of the case."); *Chandler v. Carroll*, Case No. 2:11-cv-167, 2013 WL 2323048, at *3 (D. Vt. May 28, 2013) (same); *Thomas v. Lawler*, Case No. CV-10-2437, 2013 WL 3367488, at *5 (M.D. Pa. July 3, 2013) (holding that parties "are only obligated to produce items in their 'possession, custody, or control'" and "are not required to create documents" to respond to document requests).

This is particularly true where a party seeks to compel the creation of financial documents ▌ ▌ *See, e.g., Edeh v. Equifax Information Services, LLC*, Case No. 11-2671, 2013 WL 1749912, at *13-14 (D. Minn. April 23, 2013) (denying motion to compel budgetary projections that were not in defendant's possession despite plaintiff's claims that such projections could and should be generated); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, Case No. 03-CV-00769, 2007 WL 915209, at *4 (D.D.C. Mar. 26, 2007) (denying motion to compel financial calculations that did not already exist because defendant was "not required to create documents under the Federal Rules of Civil Procedure"); *Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish, Louisana*, Case No. Civ. A. 98-3337, 1999 WL 61568, at

1  *1 (E.D. La. Aug. 12, 1999) (denying motion to compel documents reflecting gross and net, as well as annual and monthly, income where plaintiff did not allocate income on a sufficiently detailed basis, because a party "cannot produce what it does not have and is not required to create documents to present information in a format that [its adversary] desires").

Samsung ignores the weight of this authority, instead citing cases that do not actually support its motion.  For example, in *Elan Microelecs. Corp. v. Apple, Inc.*, the Court required Apple to produce "sales, profit and cost information" for "*product lines*" such as "iPod" and "MacBook," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Case No. 09-1531, 2011 WL 4048378, at *2 (N.D. Cal. Sept. 9, 2011) (emphasis added).  By contrast, Samsung seeks documents that are far more onerous for Apple to produce—namely, ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Similarly, in *Phase Four Industries, Inc. v. Marathon Coach, Inc.*, the Court ordered Phase Four to produce documents showing "sales and gross profits" information underlying a summary spreadsheet generated for purposes of litigation.  Case No. C-04-4801 JW, 2007 WL 2429448, at *1-2 (N.D. Cal. Aug. 23, 2007).  But again, Apple has produced sales and gross profit information for its product lines in this case.  What Samsung now seeks is far more granular, and as Apple has repeatedly explained, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Phase Four* says nothing about compelling a party to create data ▓▓▓▓▓▓▓▓▓▓▓▓.

**B.   APPLE HAS PRODUCED U.S. FINANCIAL DATA AND DATA BY PRODUCT MODEL** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Samsung's motion glosses over what Apple *has* already produced in this case.  Specifically, Apple has produced a wealth of financial data for the products at issue, and in fact has provided Samsung with information similar in scope and form to that produced in the 1846 case.  For example, Apple has provided Samsung with Line of Business Reports for every relevant Apple product line ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See, e.g.*, Decl. of Amar L. Thakur, July 8, 2013 (Dkt. No. 699) ("Thakur Decl."), Exh. 6.  Apple also produced sales summaries for iPhone

1  showing units sold for each model and storage capacity offered by Apple, as well as total iPhone
2  revenue or billings, average selling price, and average standard cost for the iPhone product line on
3  both a U.S. and worldwide basis.  *See id.*, Exh. 5.  Moreover, Apple produced unit sales, revenue, and
4  standard cost data per model—again on a U.S. and worldwide basis—for the other product lines at
5  issue in this case.  *See id.*, Exh. 12.

6  Apple's production reflects ████████████████████████████████████████.
7  *See* Decl. of Mark Buckley in Support of Apple's Opposition, July 30, 2013 ("Buckley Decl."), ¶ 4.
8  Yet Samsung now argues that "Apple must produce documents showing U.S. financial data by
9  product and memory size *regardless* of whether Apple maintains such data in the ordinary course."
10 Mot. at 3 (emphasis added).  Specifically, Samsung seeks "U.S. revenues, margins, profits, and cost
11 breakdowns by product by memory size."  *Id.*, at ii ("Relief Requested").  But the simple fact is that
12 ████████████████████████████████████████

13 For example, as Apple's corporate designee Mark Buckley explained during his recent
14 deposition, Apple's Line of Business Reports are ████████████████████████████
15 ████████████████████████████████████████.  Stone Decl.,
16 Exh. 4, at 21:3-21. ████████████████████████████████████
17 ████████████, as Mr. Buckley also explained.  *See id.* at 53:2-54:18.
18 ████████████████████████████████████████
19 ████████████████████████  *See id.*, at 26:3-28:24; Buckley Decl., ¶ 8.
20 Similarly, ████████████████████████████████████
21 ████████████████████████████████████████
22 ████  *See* Stone Decl., Exh. 4, at 45:18-46:8; 47:12-20; 48:20-23; 49:16-50:8.[3]  ████████

---

[3] Although Mr. Buckley explained that ████████████████████████████
████████████████████████  (*see* Stone Decl., Exh. 4, at 65:9-14), Samsung's
motion is expressly limited to specific U.S.-level data.  *See* Mot. at ii ("Relief Requested").
Regardless, in exchange for Apple's agreement to drop its request to Samsung for certain
financial documents, Samsung has expressly agreed *not* to seek production of ████████
████████████████████████████████████████  As Samsung gave up its
request for these reports in exchange for discovery concessions from Apple, Samsung cannot
*(Cont'd on next page)*

1  ████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████. *See id.*, at 133:23-24.[4] In short, ████████████

4  ████████████████████████████████████████████████████████ *See* Buckley

5  Decl., ¶¶ 3-9.

6        Finally, Samsung contends that because the Court compelled Samsung to produce financial data in the 1846 case, the Court must similarly compel Apple to do so here. But the two situations are not at all alike. As Samsung states, Apple's motion to compel in the 1846 case was based on the fact that Samsung "has the ability to generate reports reflecting financial data simply by pressing a few buttons." Mot. at 8 (citing 1846 case, Dkt. No. 613, at 21). In other words, Samsung maintained the data in question, and could print reports from its accounting system of record with ease. Thus, Samsung was not compelled to *create* any financial documents based on ████████████ as Samsung is seeking to compel Apple to do here. ████████████████████████████

---

*(Cont'd from previous page)*

obtain such information by now compelling Apple to generate *new* reports reflecting the same information.

[4] As Mr. Buckley noted during his deposition, ████████████████████████████████ ████████████ *See* Stone Decl., Exh. 4, at 59:5-10. ████████████████████████████████ *See id.*, at 56:18-22. ████████████████████████████████████████████████████ *See id.*, at 59:22-60:3; 134:8-24. But none of this data falls within the bounds of what Samsung seeks in its motion—*i.e.*, "U.S. revenues, margins, profits, and cost breakdowns by product by memory size." Mot. at ii ("Relief Requested"). Nowhere in its motion does Samsung mention ████████████ as a document it is seeking. Having chosen to file this motion, which seeks very specific relief, the night before Mr. Buckley was deposed, Samsung cannot now expand the scope of the relief sought by its motion to encompass additional data identified in Mr. Buckley's deposition. In any event, such data would not be relevant, ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ *See* Buckley Decl., ¶ 6. Indeed, to do so would be substantially burdensome for Apple, and may not even yield ████████████ ████████████████████████████████████████████ *See id.* Finally, ████████████████████ are precisely the type of detailed "back up" data that the parties have generally agreed—following extensive negotiation— would not be produced by either side. *See* Stone Decl., ¶ 3, and Exhs. 2 and 3.

1  ▌. For example, as Mr. Buckley testified, ▌

2  ▌

3  ▌

4  ▌. Stone Decl., Exh. 4, at 45:18-23 (emphasis added);

5  *see also id.* at 47:12-18 ("Q. ▌

6  ▌ . . . THE WITNESS: ▌

7  ▌").[5]

8  ▌

9  ▌. *See* Decl. of

10  Mark Buckley, July 30, 2013 ("Buckley Decl."), ¶¶ 5-9. ▌

11  ▌

12  ▌

13  ▌. Buckley

14  Decl., ¶ 8. Moreover, ▌

15  ▌

16  ▌

17  ▌ *See, e.g.*,

18  Stone Decl., Exh. 4, at 28:20-24 ("▌

19  ▌

20  ▌"). That is not a proper subject of

21  fact discovery and certainly not of Rule 34 document requests. Samsung also cites *3Com Corp. v. D-*

---

[5] Mr. Buckley also explained during his deposition that ▌
▌ Stone Decl., Exh. 4, at 45:23-46:2.
▌ *Id.*, at 46:1-2, 47:8-11; *see also* Buckley Decl. ¶¶ 9, 11. Moreover,
▌
▌ *See* Stone Decl., Exh. 4, at 46:20-25.

1  *Link Systems, Inc.* for the proposition that "[t]o the extent Apple possesses or is capable of generating
2  documents showing U.S. revenue, cost and profits data for each accused Apple product, Apple should
3  be compelled to do so." Mot. at 9 (citing Case No. 03-2177, 2007 WL 949596, at *5 (N.D. Cal. Mar.
4  27, 2007). But in *3Com*, the defendant maintained the requested worldwide sales and profits data in a
5  database, and did not establish that compiling that data for production would be at all burdensome.
6  *3Com*, 2007 WL 949596, at *5. By contrast, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮, in the form of its Line of Business Reports and other financial documents
8  (including those showing revenue, unit sales, and standard cost on a model-by-model level).
9  Moreover, Apple's corporate representative for financial issues, Mark Buckley, testified that the
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮ As Mr. Buckley explained during his recent deposition (which took place
12 *after* Samsung filed the instant motion), Apple is a "worldwide company" that ▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Stone Decl., Exh. 4, at 27:1-5 ▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; 28:2-6 ("And we're a worldwide company. . .
16 . ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). Similarly, due to
18 difficulties in accounting, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮ as Mr. Buckley also made clear. *See id.*, at 28:20-24; 58:12-17 ▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also* Buckley Decl., ¶¶ 5-9.

23  **C.    THE APPLE DOCUMENTS TO WHICH SAMSUNG POINTS DO NOT
24         SUPPORT SAMSUNG'S MOTION.**

25  Despite the fact that Apple has already produced relevant financial data, Samsung claims that
26 other documents produced by Apple show that there is more that Apple should provide or that Apple
27 is capable of generating. Mot. at 7. None of the documents cited by Samsung, however, support the
28 conclusions Samsung asks the Court to draw. In particular, as Samsung itself admits, the documents

to which it points reflect mere "estimates" and "projected" financial data, not actual data from Apple's accounting system of record. *See* Mot. at 7 (discussing Thakur Decl. Exhs. 13-18). As Mr. Buckley, Apple's designee on financial topics, explained, Apple documents reflecting estimated data are not "a full picture" of relevant financial issues. Stone Decl., Exh. 4, at 31:17-19.

For example, Samsung's motion identifies various documents showing "projected U.S. gross margins for iPhone" by model. Mot. at 7. But as Mr. Buckley noted, these documents are not intended to be used "to figure out what . . . the actual gross margin [is] in the U.S." for Apple products. Stone Decl., Exh. 4, at 31:24-32:4. Specifically, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* at 35:10-36:10. The same is true with respect to the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mot. at 7-8 (discussing Thakur Decl., Exhs. 19 and 20). In fact, Samsung expressly asked Mr. Buckley about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." Stone Decl., Exh. 4, at 38:17-24 (emphasis added). Again, because Samsung filed the instant motion the night *before* it took Mr. Buckley's deposition, Samsung misconstrues the Apple financial documents upon which it bases its motion and fails to take into account Apple's direct testimony on these issues.[6]

Ultimately, Samsung's motion—brought before Samsung ever asked Apple's financial designee about particular documents and data maintained by Apple—▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ and should not have to generate based on the overwhelming weight of legal authority. Apple has produced a host of financial data to Samsung, which is the same type of financial data produced and relied upon by the parties in the 1846 case. Samsung cannot now ignore

---

[6] Samsung also cites various Apple documents reflecting, according to Samsung, "breakdowns of material costs and other costs of goods sold." Mot. at 8. First, to the extent Samsung seeks detailed breakdowns of material costs for each product model, Apple has produced such data in the form of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Buckley Decl., ¶ 9. Second, and in any event, the documents Samsung cites in its motion regarding cost breakdowns again reflect estimated or target costs, not actual per-model costs at the U.S. level. *See id.*, ¶ 9.

Apple's clear testimony on these issues, and compel Apple to produce additional documents that simply do not exist, particularly at this late stage of the case.

### III. CONCLUSION

For the reasons set forth above, Apple respectfully submits that Samsung's motion should be denied.

GIBSON, DUNN & CRUTCHER LLP

Dated: July 30, 2013         By:    /s/ H. Mark Lyon
                                    H. Mark Lyon
                                    ***Attorney for Plaintiff Apple Inc.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated: July 30, 2012                    By:            */s/ H. Mark Lyon*
                                                       H. Mark Lyon

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO
COMPEL PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 5:12-CV-00630-LHK (PSG)