JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF ROD STONE IN SUPPORT OF APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND TO ENFORCE THE APRIL 12, 2013 ORDER** |

I, Rod Stone, declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher ("Gibson Dunn"), counsel of record in this action for Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple"). I am licensed to practice law in the State of California. I make this declaration in support of Apple's Opposition to Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013, Order. I have personal knowledge of the matters set forth herein, except where stated otherwise, and if called to testify, I could and would competently testify thereto.

2. Attached as Exhibit 1 is a true and correct copy of an email dated July 22, 2013, from Michael Fazio to me in which Mr. Fazio confirms that "Apple's July 8 document production (in conjunction with its prior document productions) and Apple's offer of Mr. Donnelly's deposition satisfies the portion of Samsung's pending motion regarding enforcement of the Court's April 12th order pertaining to pricing documents, and Samsung will not further pursue that portion of its motion."

3. Attached as Exhibit 2 is a true and correct copy of excerpts from a letter dated July 19, 2013, from Michael Fazio to Peter J. Kolovos and me regarding the Lead Trial Counsel Meet and Confer that took place on July 18, 2013. Regarding Apple's request that Samsung produce certain financial documents mentioned in the deposition of Joseph Cheong, Samsung's Rule 30(b)(6) designee regarding financial topics, that had not been produced as part of Samsung's financial document production, Mr. Fazio states that "Samsung concluded, however, that at this point of the litigation – that is, after fact discovery has closed – and particularly in light of the parties' extensive back and forth negotiations regarding each other's financial document productions, Samsung is not inclined to search for further financial documents outside the scope of the parties' agreement." Mr. Fazio is correct that the parties have extensively negotiated the scope of financial document production in this case, which generally has involved the production of summary financial documents and information. With the exception of certain expressly identified exceptions, such as the parties' agreement to produce bills of materials, the parties have agreed that they would not seek "back-up" documents underlying the summary financial data. As Mr. Fazio's letter indicates, Samsung has

taken the position that it is not required to produce back up documents underlying the summary financial spreadsheet it produced in this case.

4. Attached as Exhibit 3 is a true and correct copy of an email dated July 21, 2013, from Michael Fazio to me in which Mr. Fazio confirms that "Samsung will not seek gross margin reports referenced by Mr. Buckley at his deposition and, in exchange, Samsung understands that Apple will not seek further detailed back-up documentation related to Samsung's financial document productions, such as that set forth in document bates numbered SAMNDCA-D-0000012-14."

5. Attached as Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Mark Buckley, dated July 9, 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Rod Stone
Rod Stone

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Rod Stone has concurred in this filing.

Dated:  July 30, 2013        By:   /s/ H. Mark Lyon
                                   H. Mark Lyon