QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO COMPEL DEPOSITION TESTIMONY, OR IN THE ALTERNATIVE, A DECLARATION, REGARDING AUTHENTICATION OF DOCUMENTS FROM INTEL CORPORATION**<br><br>Date: September 10, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |

PLEASE TAKE NOTICE that on September 10, 2013, at 10:00 am, or as soon thereafter as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order compelling third party Intel Corporation ("Intel") to produce a witness for a deposition to authenticate documents produced by Intel pursuant to Samsung's duly-served subpoenas, or, in the alternative, to provide a declaration authenticating those documents.

This Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities; the Declaration of Amar L. Thakur ("Thakur Decl.") and any exhibits attached thereto; and such other written or oral argument as may be presented at or before the time this motion is deemed submitted by the Court.

**RELIEF REQUESTED**

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Samsung seeks an order compelling Intel to produce, no later than September 13, 2013, a witness capable of authenticating documents produced by Intel pursuant to Samsung's duly-served subpoenas, or, in the alternative, to provide a declaration authenticating such documents.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Intel must produce a witness capable of testifying to the authenticity of documents produced by Intel, or, in the alternative, to provide a declaration to authenticate such documents. The documents for which Samsung seeks authentication are as follows:

- 160DOC001526 to 160DOC001581 ███████████ ;
- 160DOC001582 to 160DOC001833 ███████████ ;

- <u>160DOC001834 to 160DOC002105</u> ███████████;
- 593DOC00158 ██████████████████████.

2. Whether Intel must produce a witness capable of testifying to the authenticity of documents produced by Intel, or, in the alternative, to provide the authenticating declaration that Intel agreed to provide on August 2, 2013, but, as of the filing of this motion, has not yet provided. The documents for which Samsung seeks authentication are as follows:

- <u>160DOC001179 to 160DOC001224</u> ████████████████████████;
- 160DOC001225 to 160DOC001301 ████████████████████;
- <u>160DOC001302 to 160DOC001525</u> ██████████████████████;
- 160DOC002106 to 160DOC002893 ███████████████████;
- 593DOC000325 to 593DOC000357 ███████████████████;
- 750DOC000873 to 750DOC000897 ███████████████████;
- 750DOC000899 to 750DOC001007 ███████████████████;
- 750DOC001018 to 750DOC001051 ███████████████████;
- 593DOC000325 to 593DOC000357 ███████████████████;
- 750DOC001086 to 750DOC001171 ██████████████████;
- <u>160DOC000100 to 160DOC000307</u> ██████████████████████;
- 593DOC00158, ██████████████;
- 593DOC00159, ████████; and
- 593DOC000358, an invoice record.

## SAMSUNG'S CIVIL L.R. 37-2 STATEMENT

Pursuant to Civil L.R. 37-2, Topic No. 7 in <u>Samsung's October 15, 2012 deposition subpoena</u> and Topic No. 18 from <u>Samsung's May 23, 2013 deposition subpoena</u> to Intel are set forth in full below along with Intel's responses and objections:

**TOPIC NO. 7**:

The identity, location, organization, revision history, and custodians of all Documents concerning Topics 1-6, and the identity of the persons most knowledgeable about Topics 1-6.

**RESPONSE TO TOPIC NO. 7**:

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel.  Intel further objects that this topic because is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

Intel does not intend to make a witness available for a second time on this topic.  Intel refers Samsung to the testimony previously provided in the 1846 action and, subject to agreement between Intel and the parties regarding entry of a suitable amendment to the protective order protecting Intel Confidential Information, consents to Samsung's use of that testimony in this matter.

**TOPIC NO. 18:**

Authentication of all Documents and Software, including source code, produced in response to this subpoena.

**RESPONSE TO TOPIC NO. 18:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic on the basis that authentication of a document under Federal Rule of Evidence 901 involves evidence that a document is what its proponent claims it is.  Intel does not know what Samsung claims the various documents produced by Intel are.

**SAMSUNG'S CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1)**

Samsung hereby certifies that it has in good faith conferred with Intel in an effort to obtain the discovery described immediately above without Court action.  Samsung's efforts to resolve this discovery dispute without court intervention are described in paragraphs 9-28 of the Declaration of Amar L. Thakur, submitted herewith.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 5, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  */s/ Victoria F. Maroulis* |
| 5 | | Victoria F. Maroulis<br>Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

## INTRODUCTION

After repeatedly asking Intel to confirm that it had finished producing relevant documents, Samsung took Intel's deposition pursuant to duly-authorized subpoenas. Although Intel had confirmed it was done producing documents, Intel's witnesses identified *further* responsive documents that had not yet been produced. Intel thereafter produced the newly-identified documents and – *after Intel had agreed to authenticate documents via an agreed-upon declaration* – Samsung agreed to forego a follow-up deposition. On July 8, 2013, Samsung provided that draft declaration for Intel's review. Intel stated that it was working on a revised version. Then it went radio-silent. Samsung left repeated emails, calls, and voicemails to no avail.

On August 2, Intel finally sent a list of the 14 documents it said it would authenticate. Unfortunately, Intel's list did not include certain documents that Intel had identified at the June depositions. Samsung sent a detailed email requesting that these four documents be added to the list, but Samsung has received no response to its email request. Nor has it received the declaration authenticating the 14 documents Intel agreed to provide on August 2.

The documents for which Samsung seeks authentication are relevant to this litigation and responsive to Samsung's subpoenas. Samsung cannot get these authentications from any other source. Intel agreed to provide an authenticating declaration and Samsung relied on that promise. Intel should be compelled to provide a witness to authenticate these documents at a short, follow-up deposition, or to provide the full and complete declaration it has promised all along.

## FACTUAL BACKGROUND

On October 15, 2012, Samsung served subpoenas for documents and deposition testimony on Intel. Thakur Decl. Exs. A and B (the "2012 Subpoenas"). Intel served its responses and objections to the subpoenas on October 26, 2012. Thakur Decl. Ex. C. After Intel produced documents pursuant to the 2012 Subpoenas, the parties met and conferred over the course of several months concerning Intel's document production and depositions, during which Samsung stated it would not take the deposition of Intel's corporate representative until Intel's document production was complete. Thakur Decl. ¶ 5. On May 23, 2013, Samsung served a second subpoena for documents and deposition testimony on Intel. Thakur Decl. Ex. D (the "2013

-1-
SAMSUNG'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM INTEL CORPORATION

1  Subpoena").  Intel served its responses and objections to this subpoena on June 20, 2013 (Thakur
2  Decl. Ex. E), and produced more documents on June 21, 2013.  Thakur Decl. Ex. F.
3       Despite Intel's initial objections to the authenticating topics in Samsung's deposition
4  subpoenas, Samsung deposed Intel's corporate representatives on Topic No 7 and other topics
5  from the 2012 Deposition Subpoena.  Thakur Decl. Ex. G at 10 and 21 and ¶ 9.  During the June
6  Depositions, both of Intel's witnesses identified relevant and responsive documents they had
7  reviewed while preparing for their depositions that had not been produced by Intel.  Among these
8  documents were ███████████████████████████████████████, which related to
9  the functionality at issue in this case.  Thakur Decl. Ex. H and ¶ 10.
10      On June 27, 2013, Samsung requested that Intel produce the documents identified by its
11  witnesses, and provide an additional witness to testify regarding the authenticity of the documents.
12  Thakur Decl. Ex. H.  After the parties met and conferred, Intel agreed to produce the documents,
13  with one exception: Intel refused to produce the ███████, claiming that locating these documents
14  would be unduly burdensome.  Intel pointed to a ██████████████████████████
15  ████████████████████████████████████████████████████████████
16  ████████████████████████████████████████████ in order to
17  obviate the need for a purportedly burdensome document search.  Samsung accepted that
18  compromise in exchange for Intel's agreement to authenticate the ████████.  Thakur Decl. ¶
19  11.  Intel also suggested that it would provide a declaration authenticating all of the documents
20  identified by Samsung, including the ████████, to avoid the need for additional depositions.
21  *Samsung agreed to forego a follow-up deposition authenticating the requested documents in*
22  *exchange for Intel's promised declaration.*  Thakur Decl. ¶ 11.
23      Intel then produced the new documents on July 8, 2013, including documents relevant to
24  whether Apple products incorporating certain Intel chipsets infringe two of Samsung's asserted
25  patents – U.S. Patent Nos. 7,756,087 and 7,551,596.[1]  Thakur Decl. Ex. I and ¶ 12.  That same
26
27      [1]  These documents are responsive to Request Nos. 2-8, 11-17, and 49 of Samsung's
    October 15, 2012 document subpoena (*see* Thakur Decl. Ex. A at 9-14), as well as deposition
28      (footnote continued)

-2-
SAMSUNG'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM INTEL CORPORATION

1  day, Samsung provided Intel with a draft declaration, pursuant to the parties' agreement.  Thakur

2  Decl. Exs. J and K.  The draft declaration ultimately requested that Intel authenticate 22

3  documents.  *Id*.  Two days later, on July 10, 2013, Samsung followed up, asking Intel whether it

4  had any comments.  Thakur Decl. Ex. L.  Intel responded by stating that it was "working on [a]

5  revised draft."  Thakur Decl. Ex. M.

6  Intel then went radio-silent for the next two weeks, failing to respond to multiple attempts

7  by Samsung to contact Intel:

8  •  On July 16, 2013, Samsung sent an email asking Intel for comments on the

9  declaration in advance of a meet and confer between Apple and Samsung regarding authentication

10  issues.  Intel did not respond.  Thakur Decl. Ex. N and ¶ 17.

11  •  On July 19, 2013, Samsung left voicemail with Intel's counsel and sent another

12  email, again asking for an update on the declaration.  Intel did not respond.  Thakur Decl. Ex. O

13  and ¶ 18-19.

14  •  Samsung left additional voicemails with Intel's counsel on July 22, 2013 and July

15  23, 2013.  Thakur Decl. ¶ 20-21.

16  •  On July 24, 2013, Samsung sent an email noting Intel's failure to respond to

17  Samsung's emails and voicemail, and raising the possibility of motion practice if Intel did not

18  provide the requested declaration.  Thakur Decl. Ex. P.

19  Intel ignored all of Samsung's communications until July 25, 2013.  Thakur Decl. ¶ 23.

20  Knowing that the deadline to conduct depositions or receive declarations from third parties was

21  just four days away, on July 29,[2] Samsung requested a final declaration as soon as possible.

22  Thakur Decl. ¶ 23.  Intel stated that it believed it could provide an updated declaration on

---

subpoena Topic No. 7 ("The identity, location, organization, revision history, and custodians of all Documents concerning Topics 1-6, and the identity of the persons most knowledgeable about Topics 1-6.").  Thakur Decl. Ex. B at 7.

[2]   On July 8, 2013, the Court granted a stipulation giving the parties until July 29, 2013 to conduct certain depositions, including that of Intel.  Dkt. No. 666 at 2.  On July 29, 2013, Apple and Samsung entered into another stipulation that would further extend the deadline to conduct certain depositions—including that of Intel—until August 31, 2013 (*see* Dkt. No 771 at 1), but the Court had not yet entered the stipulation as of the filing of this Motion.

1  Monday, July 29, 2013.  Thakur Decl. ¶ 23.  Intel did not provide its declaration on July 29,
2  2013, however.  Thakur Decl. ¶ 24.
3       During the week prior to the deadline to file this Motion,[3] Samsung has continued in its
4  efforts to secure the declaration, including emails on July 29, July 30, July 31, and August 2.
5  Thakur Decl. Ex. Q.
6       On Friday, August 2, 2013, Samsung tried once again to obtain the long-promised
7  declaration, informing Intel that Samsung would have to proceed with a motion to compel if Intel
8  failed to respond.  Thakur Decl. Ex. R.  In response, Intel claimed that "[t]he hang up with the
9  declaration has been the number of documents," and stated that it was "able to provide
10 authentication for the majority of the documents."  *Id*.  Samsung requested that Intel provide the
11 declaration that day.  *Id*.  Intel responded by listing 14 documents it was prepared to
12 authenticate, but provided no explanation as to why it would not authenticate the remaining
13 documents.  *Id*.  Samsung pointed out that Intel's list omitted (at least) three documents that
14 Intel had produced *after* the June Depositions, as well as the spreadsheet of testing results that
15 Intel had promised to authenticate.  *Id*.  Intel did not respond.

**ARGUMENT**

**I.  INTEL MUST PROVIDE A WITNESS TO AUTHENTICATE DOCUMENTS AS PROMISED**

Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce documents and witnesses in their possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).  "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules."  *See* Fed. R. Civ. P. 45, Advisory Committee Notes (1970); *see also Viacom Int'l, Inc. v. Youtube, Inc.*, 2009 WL 102808, at *2 (N.D. Cal. Jan. 14, 2009).  The Federal Rules provide that a party "may obtain discovery

---

[3] Civil L.R. 37-3 states that where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off.  Because the July 8, 2013 Order granting the parties' Stipulation Regarding Extension of Time to Conduct Depositions extended the deadline for the parties to conduct certain depositions to July 29, 2013 (Dkt. No. 666), Samsung's Motion is timely.

1  regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.
2  P. 26(b)(1).
3  During the June Depositions, Intel's representatives identified a number of documents
4  relevant to this litigation and responsive to Samsung's subpoenas (some of which they had used to
5  prepare for their testimony) that *had not* been produced by Intel.  Samsung immediately
6  requested these documents, and, two weeks later, Intel produced a further 1,714 pages of
7  documents.
8  Assuming Intel honors its promise to provide a declaration authenticating the 14
9  documents identified in its email dated August 2, 2013, Samsung seeks authentication of just four
10 *remaining* documents, three of which were part of Intel's late production, and one of which is a
11 spreadsheet that Samsung accepted as the result of a meet and confer compromise:

- 160DOC001526 to ██████████████████████████████;
- 160DOC001582 to 160DOC001833 ████████████████████████;
- 160DOC001834 to 160DOC002105 ████████████████████████;
- 593DOC00158 ██████████████████████████.

The documents listed above are indisputably relevant.  These documents will help Samsung establish that Apple products incorporating certain Intel chipsets infringe two of Samsung's patents-in-suit – U.S. Patent No. 7,756,087 ("'087 patent) and U.S. Patent No. 7,551,596 ("'596 patent") – which Samsung has asserted against baseband processors that Apple purchases from Intel.  The documents identified above specify ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████.  Thakur Decl. ¶ 27.  Simply put, these documents are evidence of infringement.  Because they are Intel documents, only Intel can authenticate them.

1  Unfortunately, because these late-produced documents were not available to Samsung
2 prior to the June Depositions, Samsung was unable to question Intel's witnesses regarding the
3 documents.   Samsung, therefore, is entitled to inquire regarding the late-produced documents at a
4 supplemental deposition.   *See Vietnam Veterans of Am. v. CIA*, 2012 WL 1156398, at *9-10
5 (N.D. Cal. Apr. 6, 2012) (granting extra depositions where key documents were produced
6 following original depositions); *Apple Inc., v. Samsung Elecs. Co., Ltd*, 2012 WL 762240, at *3
7 (N.D. Cal. Mar. 8, 2012) (granting extra depositions limited to foreign-language documents
8 produced shortly before scheduled depositions); *see also Chavez v. Blue Sky Natural Beverage
9 Co.*, 2011 WL 4830997, at *4 (N.D. Cal. Oct. 12, 2011) (ordering parties to meet and confer to
10 schedule further depositions to authenticate document if the parties could not agree to a stipulation
11 of authenticity).

12  If Intel *does not* honor the commitment made in its August 2, 2013 email, then Samsung
13 *also* requests authentication for the fourteen documents identified by Intel in that email:

- 160DOC001179 to 160DOC001224 ███████████████;
- 160DOC001225 to 160DOC001301 ███████████████
- 160DOC001302 to 160DOC001525 ███████████████
- 160DOC002106 to 160DOC002893 ███████████████
- 593DOC000325 to 593DOC000357 ███████████████
- 750DOC000873 to 750DOC000897 ███████████████
- 750DOC000899 to 750DOC001007 ███████████████
- 750DOC001018 to 750DOC001051 ███████████████
- 593DOC000325 to 593DOC000357 ███████████████
- 750DOC001086 to 750DOC001171 ███████████████
- 160DOC000100 to 160DOC000307 ███████████████;
- 593DOC00158, ███████████████;
- 593DOC00159, ████████; and

-6-
SAMSUNG'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM INTEL CORPORATION

1       •       593DOC000358, an invoice record.

2 *See* Exhibit R, August 2, 2013 email from Chris Kelley to Alan Whitehurst.  Each of these

3 documents are relevant to issues in this case, including the '087 and '596 patents, as well as

4 documents relevant to the "means for transmitting" limitation in claim 1 of the '239 patent, which

5 the Court has construed to include modems and software steps that initialize ports (such as the port

6 to the baseband processor or to the RF or antenna), obtaining the data to be transmitted, and

7 transmitting the data.  Thakur Decl. ¶ 28.  Again, because these are Intel's documents, only Intel

8 can authenticate them.

9 **II.    SAMSUNG HAS NEGOTIATED IN GOOD FAITH, TO NO RESULT**

10      On June 27, 2013, two days after the June Depositions, where the new, relevant documents

11 were first identified, Samsung requested that Intel produce the documents identified by its

12 witnesses and authenticate them.  At that time, Samsung made clear that it was prepared to bring

13 this matter before the Court if Intel did not comply with Samsung's requests.  Thakur Decl. Ex.

14 H at 2.  Intel repeatedly assured Samsung it would produce the documents *and* authenticate them,

15 without judicial intervention.  Indeed, because Intel produced the documents within two weeks of

16 Samsung's request, Samsung had little reason to believe that Intel would resist Samsung's efforts

17 to authenticate the documents.

18      Samsung does not seek deposition testimony concerning the *substance* of the documents.

19 Samsung has made it clear that all it seeks is a declaration *authenticating* the documents.  Intel

20 repeatedly has promised to provide an authenticating declaration – including as recently as August

21 2, 2013.  As is apparent now, however, Intel has been stringing Samsung along the entire time.

22 Samsung has no guarantee that Intel will ever cooperate and provide this discovery absent an order

23 from the Court.

24

25                              **CONCLUSION**

26      For the reasons stated above, Samsung's Motion to Compel deposition testimony, or, in the

27 alternative, an authentication declaration, from Intel should be granted.

28

DATED: August 5, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Victoria F. Maroulis
　　William Price
　　Victoria F. Maroulis
　　Michael L. Fazio
　　Attorney for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC