# EXHIBIT C

1  Christopher L. Kelley, Bar No. 166608
   CKelley@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  Attorneys for Non-Party
   INTEL CORPORATION

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 APPLE INC.,                          Case No. 12-cv-00630-LHK

13              Plaintiff,              **NON-PARTY INTEL CORPORATION'S
                                        RESPONSES AND OBJECTIONS TO
14    v.                                SAMSUNG ELECTRONICS CO., LTD.'S
                                        SUBPOENA TO TESTIFY AT A
15 SAMSUNG ELECTRONICS CO., LTD.,       DEPOSITION IN A CIVIL CASE**

16              Defendant.

17

18        Non-Party Intel Corporation ("Intel") hereby submits its responses and objections to the

19 Subpoena to Testify, issued on October 15, 2012 by Defendant Samsung Electronics Co., Ltd.

20 ("Samsung").

21        Intel makes the objections and responses herein (collectively, the "Responses") to

22 Samsung's subpoena based solely on its current knowledge, understanding, and belief as to the

23 facts and information available to it as of the date of the Responses. Additional discovery and

24 investigation may lead to additions to, changes in, or modifications of these Responses.

25        Intel does not waive any objection made in these Responses, nor any claim of privilege,

26 whether expressly asserted or not. Intel further does not waive its right to object on any basis

27

28

1    permitted by law to any other discovery request involving or relating to the subject matter of the

2    subpoena or Responses.

3    **<u>GENERAL OBJECTIONS</u>**

4         The following general objections apply to, and are incorporated by reference in the

5    Response to each and every subpoena topic. Intel's specific objections to any topic are not

6    intended to preclude, override, or withdraw any of the general objections to that topic.

7         1.    Intel objects to the noticed location and date for deposition, which is unreasonable.

8    Samsung served the subpoena on Intel on October 15, and called for testimony on November 2.

9    This is not sufficient time to allow Intel to identify individuals with the most relevant knowledge

10   and to collect the information requested.

11        2.    Intel objects to the deposition topics to the extent that they call for information

12   protected by: (i) the attorney-client privilege; (ii) the work product doctrine; (iii) the joint defense

13   or common interest privilege; (iv) any other privilege or protection from disclosure afforded by

14   state or federal law; and/or (v) any other privilege or protection from disclosure afforded by any

15   foreign laws where the documents sought are located. Intel will provide only such responsive

16   testimony not subject to any such privilege or protection. Intel does not intend to disclose

17   information that is privileged or otherwise immune from discovery. Disclosure of any information

18   protected by the attorney-client privilege, work-product doctrine, joint defense or common

19   interest privilege, or any other applicable privilege or rule of confidentiality, including, but not

20   limited to, the trade-secret privilege, would be inadvertent, except pursuant to a specific written

21   agreement covering such information. Disclosure of any such information shall not constitute a

22   waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to

23   any such information, nor shall the disclosure waive or prejudice Intel's right to object to the use

24   of any such information during this or any subsequent proceeding.

25        3.    Intel objects to any deposition topic to the extent that it purports to require Intel to

26   disclose confidential, proprietary, or other trade-secret information as overly broad and unduly

27   burdensome and requesting information that is neither relevant nor reasonably calculated to lead

28   to the discovery of admissible evidence. Intel has requested the imposition of a protective order

-2-

1  sufficient to protect Intel's confidential, proprietary, or other trade-secret information, including

2  the provision of a patent prosecution bar adequate to ensure that none of the information produced

3  by Intel could be used, even inadvertently, during the prosecution or reexamination of any patents

4  or patent applications.

5        4.     Intel objects to the deposition topics seeking information about the design and

6  operating details of the products of Intel Mobile Communications GmbH ("IMC"), a separate

7  business entity organized under the laws of Germany. Requests pertaining to those topics should

8  be directed to IMC.  Intel further objects to the production of any information in the possession,

9  custody, control of IMC to the extent Intel does not have a legal right of access or such

10  production would conflict with a European, German, or other law or regulation.

11        5.     Intel objects to any deposition topic to the extent that it seeks information more

12  easily obtained from Apple or from other third parties.

13        6.     Intel objects to topics that are duplicative of topics already presented and

14  testimony already provided in the -1846 action. Intel does not intend to make a witness available

15  for a second time on these topics. For Intel's response to these topics Intel refers Samsung to the

16  testimony previously provided in the -1846 action and, subject to agreement between Intel and the

17  parties regarding entry of a suitable amendment to the protective order protecting Intel

18  Confidential Information, consents to Samsung's use of that testimony in this matter.

19  **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

20        1.     Intel objects to the Definitions and Instructions as set forth in the Subpoena to the

21  extent that they purport to impose obligations upon Intel other than those authorized and required

22  by the Federal Rules, Local Court Rules, and any Court Orders.

23        2.     Intel objects to the definition of "You," "Your," and "Intel" as vague, ambiguous,

24  overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or

25  control to the extent the definition encompasses all Intel "predecessors and successors (merged,

26  acquired, or otherwise), and any past or present parent, division, subsidiary, affiliate, joint

27  venture, associated organization, director, officer, agent, employee, consultant, staff member, or

28  other representative of Intel, including counsel and patent agents, in any country" and includes

"Intel Americas, Inc. ('IAI'), Intel Mobile Communications ('IMC') and Infineon Technologies AG's former Wireless Solutions Business." IAI is a separate business entity. IMC is a separate business entity organized under the laws of Germany.

3.     Intel objects to the definition of "Apple Manufacturers" as overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or control to the extent that the definition requires Intel to determine which business entities manufacture iPhone and iPad products for Apple and the business relationships of these entities.

4.     Intel objects to the definition of "Infineon" as overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or control to the extent the definition encompasses "Infineon Technologies AG and all of its predecessors or successors (merged, acquired, or otherwise), parents, divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and other persons acting on its behalf, or any other person or entity subject to Infineon's control, or which controls Infineon." Intel cannot respond on behalf of Infineon, its predecessors or its successors, nor will Intel attempt to determine the nature of relationships between Infineon Technologies AG and any individual or entity other than Intel.

5.     Intel objects to the definition of "Intel Baseband Processors" as overly broad, unduly burdensome, and seeking information that is not reasonably calculated to the discovery of admissible information to the extent that it encompasses chips that are unrelated to any of the functionality relevant to the asserted patents. Intel interprets "Intel Baseband Processors" as referring to the X-GOLD 608, and X-GOLD 618 products.

6.     Intel objects to the definition of "Wireless Standards" as vague, ambiguous, overly broad, open-ended, unduly burdensome, and seeking information that is not reasonably calculated to the discovery of admissible information, particularly given its reference to "any" wireless standard or specification.  Intel will interpret "Wireless Standards" as limited to WCDMA, UMTS, HSUPA, HSDPA, HSPA+, 3GPP Release 5, 3GPP Release 6, and 3GPP Release 7 as Intel understands those designations.

20336-1338/LEGAL25017135.1

7.     Intel objects to the definition of "Documents" on the grounds that it is overly broad and unduly burdensome to the extent that it purports to impose a definition broader than that reflected in Rule 34 of the Federal Rules of Civil Procedure.

8.     Intel objects to the definition of "Identify" as overly broad, unduly burdensome, unsupported by law and unreasonable to the extent that it attempts to impose an obligation on Intel to assemble information that is not presently aggregated at Intel and for which no need or relevant purpose has been identified by Samsung. The undertaking required to fulfill Samsung's request would be unduly burdensome, is not relevant to the matters at issue in the present litigation and would not be likely to lead to the discovery of admissible evidence.

## OBJECTIONS TO SPECIFIC DEPOSITION TOPICS

**TOPIC NO. 1:**

The operation, structure, function, and implementation of Wireless Standards in the Intel Baseband Processors, including the source, operation, function, and implementation of Software and Executable Software therein.

**RESPONSE TO TOPIC NO. 1:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects that the topic is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, which would make it impossible to identify and prepare any witness.

**REQUEST NO. 2:**

The function and operation of Software and Executable Software associated, tested, sold, distributed, packaged, or integrated with the Intel Baseband Processors.

**RESPONSE TO TOPIC NO. 2:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects that the topic is overbroad, unduly burdensome and is not

1  reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and

2  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to

3  identify and prepare any witness.

4  **REQUEST NO. 3:**

5      The design, development, certification, and testing of the Intel Baseband Processors.

6  **RESPONSE TO TOPIC NO. 3:**

7      Without waiving any of its general objections, which are hereby incorporated by

8  reference, Intel objects to this topic because it is directed to information within the knowledge of

9  IMC, not Intel. Intel further objects that this topic is overbroad, unduly burdensome and is not

10  reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and

11  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to

12  identify and prepare any witness.

13  **REQUEST NO. 4:**

14      The origin and ownership of the design, schematics, specifications, technical drawings

15  and working drawings used to manufacture the Intel Baseband Processors.

16  **RESPONSE TO TOPIC NO. 4:**

17      Without waiving any of its general objections, which are hereby incorporated by

18  reference, Intel objects to this topic because it is directed to information within the knowledge of

19  IMC, not Intel. Intel further objects that this topic because is overbroad, unduly burdensome and

20  is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too

21  broad and fails to identify the specific matters for which Samsung seeks evidence, making it

22  impossible to identify and prepare any witness.  Intel further objects that the scope of what

23  Samsung intends by reference to the "origin" of a design is unclear. Intel further objects to this

24  topic to the extent that it seeks information that is exempt from discovery under the attorney-

25  client communication privilege or the attorney work product doctrine.

26      Intel does not intend to make a witness available for a second time on this topic. Intel

27  refers Samsung to the testimony previously provided in the -1846 action and, subject to

28  agreement between Intel and the parties regarding entry of a suitable amendment to the protective

20336-1338/LEGAL25017135.1

1  order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

2  this matter.

3  **TOPIC NO. 5:**

4         The specification of and compliance with Wireless Standards related to the Intel Baseband

5  Processors.

6  **RESPONSE TO TOPIC NO. 5:**

7         Without waiving any of its general objections, which are hereby incorporated by

8  reference, Intel objects to this topic because it is directed to information within the knowledge of

9  IMC, not Intel. Intel further objects that this topic because is overbroad, unduly burdensome and

10  is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too

11  broad and fails to identify the specific matters for which Samsung seeks evidence, making it

12  impossible to identify and prepare any witness. Intel further objects because the phrase "[t]he

13  specification of and compliance with Wireless Standards related to the Intel Baseband

14  Processors" is vague and ambiguous.

15         Intel does not intend to make a witness available for a second time on this topic. Intel

16  refers Samsung to the testimony previously provided in the -1846 action and, subject to

17  agreement between Intel and the parties regarding entry of a suitable amendment to the protective

18  order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

19  this matter.

20  **TOPIC NO. 6:**

21         The process by which Software or Executable Software for the Intel Baseband Processors

22  is designed, written, tested, created, licensed, implemented, and incorporated for storage or

23  execution on the Intel Baseband Processors.

24  **RESPONSE TO TOPIC NO. 6:**

25         Without waiving any of its general objections, which are hereby incorporated by

26  reference, Intel objects to this topic because it lacks foundation and is directed to information

27  within the knowledge of IMC, not Intel. Intel further objects that this Topic because is overbroad,

28  unduly burdensome and is not reasonably calculated to lead to the discovery of admissible

20336-1338/LEGAL25017135.1

1    evidence. This topic is too broad and fails to identify the specific matters for which Samsung

2    seeks evidence, making it impossible to identify and prepare any witness. Intel further objects that

3    this topic is vague and ambiguous.

4        Intel does not intend to make a witness available for a second time on this topic. Intel

5    refers Samsung to the testimony previously provided in the -1846 action and, subject to

6    agreement between Intel and the parties regarding entry of a suitable amendment to the protective

7    order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

8    this matter.

9    **TOPIC NO. 7:**

10       The identity, location, organization, revision history, and custodians of all Documents

11   concerning Topics 1-6, and the identity of the persons most knowledgeable about Topics 1-6.

12   **RESPONSE TO TOPIC NO. 7:**

13       Without waiving any of its general objections, which are hereby incorporated by

14   reference, Intel objects to this topic because it is directed to information within the knowledge of

15   IMC, not Intel. Intel further objects that this topic because is overbroad, unduly burdensome and

16   is not reasonably calculated to lead to the discovery of admissible evidence.

17       Intel does not intend to make a witness available for a second time on this topic. Intel

18   refers Samsung to the testimony previously provided in the -1846 action and, subject to

19   agreement between Intel and the parties regarding entry of a suitable amendment to the protective

20   order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

21   this matter.

22   **TOPIC NO. 8:**

23       The organization and personnel at Intel responsible for the design, development,

24   fabrication, and deployment of the Intel Baseband Processors.

25   **RESPONSE TO TOPIC NO. 8:**

26       Without waiving any of its general objections, which are hereby incorporated by

27   reference, Intel objects to this topic because it is directed to information within the knowledge of

28

NON-PARTY INTEL'S RESPONSES & OBJECTIONS
TO SAMSUNG'S SUBPOENA TO TESTIFY
Case No. 12-cv-0630-LHK

20336-1338/LEGAL25017135.1

1  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

2  is not reasonably calculated to lead to the discovery of admissible evidence.

3          Intel does not intend to make a witness available for a second time on this topic. Intel

4  refers Samsung to the testimony previously provided in the -1846 action and, subject to

5  agreement between Intel and the parties regarding entry of a suitable amendment to the protective

6  order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

7  this matter.

8  **TOPIC NO. 9:**

9          The involvement of Apple or an Apple Manufacturer in the development of the design,

10  schematics, specifications, technical drawings and/or working drawings used to manufacture the

11  Intel Baseband Processors.

12  **RESPONSE TO TOPIC NO. 9:**

13          Without waiving any of its general objections, which are hereby incorporated by

14  reference, Intel objects to this topic because it is directed to information within the knowledge of

15  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

16  is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects

17  that this topic seeks information that can more readily be obtained from Apple, a party to the

18  litigation.

19          Intel does not intend to make a witness available for a second time on this topic. Intel

20  refers Samsung to the testimony previously provided in the -1846 action and, subject to

21  agreement between Intel and the parties regarding entry of a suitable amendment to the protective

22  order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

23  this matter.

24  **TOPIC NO. 10:**

25          Apple's or Apple Manufacturer's access to or possession, custody, or control of any

26  documentation or Software or Executable Software relating to the Intel Baseband Processors.

27

28

NON-PARTY INTEL'S RESPONSES & OBJECTIONS
TO SAMSUNG'S SUBPOENA TO TESTIFY
Case No. 12-cv-0630-LHK

20336-1338/LEGAL25017135.1

**RESPONSE TO TOPIC NO. 10:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to the extent that this topic seeks information that can be more readily obtained from Apple, a party to this litigation.  Intel further objects to this topic because it seeks information that is outside Intel's knowledge.

Intel does not intend to make a witness available for a second time on this topic. Intel refers Samsung to the testimony previously provided in the -1846 action and, subject to agreement between Intel and the parties regarding entry of a suitable amendment to the protective order protecting Intel Confidential Information, consents to Samsung's use of that testimony in this matter.

**TOPIC NO. 11:**

The identity, nature, extent, and intent of any and all agreements and licenses between Apple or Apple Manufacturers and Intel concerning the Apple Accused Instrumentalities or Intel Baseband Processors.

**RESPONSE TO TOPIC NO. 11:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this topic to the extent that it seeks information that is exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine.

Intel further objects that the request seeks testimony regarding "intent" of an agreement, which is a legal contention and not a reasonable subject for 30(b)(6) testimony from a non-party.

**TOPIC NO. 12:**

Intel's relationship with Apple or Apple Manufacturers with respect to the Apple Accused Instrumentalities or Intel Baseband Processors.

**RESPONSE TO TOPIC NO. 12:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects because the phrase "Intel's relationship with Apple" is vague and ambiguous. Intel also objects to this topic to the extent that it seeks information that is exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine.

Intel does not intend to make a witness available for a second time on this topic. Intel refers Samsung to the testimony previously provided in the -1846 action and, subject to agreement between Intel and the parties regarding entry of a suitable amendment to the protective order protecting Intel Confidential Information, consents to Samsung's use of that testimony in this matter.

**TOPIC NO. 13:**

The design, manufacture, testing, assembly, sale, and chain of distribution of Intel Baseband Processors that are ultimately incorporated in Apple Accused Instrumentalities, including identification of all entities involved (including all intermediaries), a description of the involvement of each entity (including any Intel subsidiaries such as IAI or IMC) in the activities that are the subject of this topic, including the geographic location of each such activity, and the identification and description of any contracts, licenses, agreements, or informal understandings between Intel and another, including, without limitation, Apple, concerning these activities.

**RESPONSE TO TOPIC NO. 13:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness. Intel also objects to this topic to the extent that it

20336-1338/LEGAL25017135.1

1   seeks information that is exempt from discovery under the attorney-client communication

2   privilege or the attorney work product doctrine.

3       Intel does not intend to make a witness available for a second time on this topic. Intel

4   refers Samsung to the testimony previously provided in the -1846 action and, subject to

5   agreement between Intel and the parties regarding entry of a suitable amendment to the protective

6   order protecting Intel Confidential Information, consents to Samsung's use of that testimony in

7   this matter.

8   **TOPIC NO. 14:**

9       The extension of any right provided to Intel Corporation under the Samsung/Intel

10  Agreement to any of its subsidiaries or affiliates, including IAI and/or IMC.

11  **RESPONSE TO TOPIC NO. 14:**

12      Without waiving any of its general objections, which are hereby incorporated by

13  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not

14  reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and

15  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to

16  identify and prepare any witness. Intel further objects that the topic calls for legal conclusions and

17  seeks testimony regarding the interpretation of a contract, which is outside what is reasonable to

18  request in a 30(b)(6) deposition of a non-party. Intel further objects to the extent that the request

19  seeks discovery of any information protected by the attorney-client privilege or the work product

20  doctrine.  In view of these objections, Intel will not provide a witness on this topic as stated but is

21  willing to meet and confer with Samsung in an effort to narrow the topic.

22  **TOPIC NO. 15:**

23      The identification of any documents, or other evidence, reflecting or otherwise

24  corroborating any extension of any right provided to Intel Corporation under the Samsung/Intel

25  Agreement, to any of its subsidiaries or affiliates.

26  **RESPONSE TO TOPIC NO. 15:**

27      Without waiving any of its general objections, which are hereby incorporated by

28  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not

-12-

20336-1338/LEGAL25017135.1

1   reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the

2   topic calls for legal conclusions and seeks testimony regarding the identification of documents

3   that are claimed to corroborate a legal position, which is beyond what is reasonable to request

4   from a non-party in a 30(b)(6) deposition. Intel also objects to this topic to the extent that it seeks

5   information that is exempt from discovery under the attorney-client communication privilege or

6   the attorney work product doctrine.  In view of these objections, Intel will not provide a witness

7   on this topic as stated but is willing to meet and confer with Samsung in an effort to narrow the

8   topic.

9   **TOPIC NO. 16:**

10       The provisions of the Samsung/Intel Agreement and the negotiation of that Agreement.

11  **RESPONSE TO TOPIC NO. 16:**

12       Without waiving any of its general objections, which are hereby incorporated by

13  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not

14  reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this

15  topic because it seeks evidence that is within the control of Samsung, the requesting party.  Intel

16  further objects to the extent that this topic calls for legal conclusions seeks information that is

17  exempt from discovery under the attorney-client communication privilege or the attorney work

18  product doctrine.  In view of these objections, Intel will not provide a witness on this topic as

19  stated but is willing to meet and confer with Samsung in an effort to narrow the topic.

20  **TOPIC NO. 17:**

21       The business activities of IAI relating to the design, manufacture and sale or distribution

22  of Intel Baseband Processors.

23  **RESPONSE TO TOPIC NO. 17:**

24       Without waiving any of its general objections, which are hereby incorporated by

25  reference, Intel objects to this topic because much of what is requested pertains to the design,

26  testing and manufacturing processes of Intel Americas Inc., a separate business entity. Discovery

27  on this topic must be directed to Intel Americas Inc. rather than Intel Corp.

28

20336-1338/LEGAL25017135.1

1  Without waiving any of its general objections, which are hereby incorporated by
2  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not
3  reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and
4  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to
5  identify and prepare any witness.
6  **TOPIC NO. 18:**
7  The business activities of IMC relating to the design, manufacture and sale or distribution
8  of Intel Baseband Processors.
9  **RESPONSE TO TOPIC NO. 18:**
10  Without waiving any of its general objections, which are hereby incorporated by
11  reference, Intel objects to this topic because it is directed to information within the knowledge of
12  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and
13  is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too
14  broad and fails to identify the specific matters for which Samsung seeks evidence, making it
15  impossible to identify and prepare any witness.
16  Intel does not intend to make a witness available for a second time on this topic. Intel
17  refers Samsung to the testimony previously provided in the -1846 action and, subject to
18  agreement between Intel and the parties regarding entry of a suitable amendment to the protective
19  order protecting Intel Confidential Information, consents to Samsung's use of that testimony in
20  this matter.
21  **TOPIC NO. 19:**
22  The ability of Intel Baseband Processors to perform non-scheduled transmissions.
23  **RESPONSE TO TOPIC NO. 19:**
24  Without waiving any of its general objections, which are hereby incorporated by
25  reference, Intel objects to this topic because it is directed to information within the knowledge of
26  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and
27  is not reasonably calculated to lead to the discovery of admissible evidence. This topic is vague
28

NON-PARTY INTEL'S RESPONSES & OBJECTIONS
TO SAMSUNG'S SUBPOENA TO TESTIFY
Case No. 12-cv-0630-LHK

20336-1338/LEGAL25017135.1

1    and ambiguous, too broad, and fails to identify the specific matters for which Samsung seeks

2    evidence, making it impossible to identify and prepare any witness.

3    **TOPIC NO. 20:**

4        The ability of Intel Baseband Processors to transmit control information for uplink packet

5    data.

6    **RESPONSE TO TOPIC NO. 20:**

7        Without waiving any of its general objections, which are hereby incorporated by

8    reference, Intel objects to this topic because it is directed to information within the knowledge of

9    IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

10   is not reasonably calculated to lead to the discovery of admissible evidence. This topic is vague,

11   too broad, and fails to identify the specific matters for which Samsung seeks evidence, making it

12   impossible to identify and prepare any witness.

13   **TOPIC NO. 21:**

14       The ability of Intel Baseband Processors to comply with 3GPP Technical Specification

15   25.331.

16   **RESPONSE TO TOPIC NO. 21:**

17       Without waiving any of its general objections, which are hereby incorporated by

18   reference, Intel objects to this topic because it is directed to information within the knowledge of

19   IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

20   is not reasonably calculated to lead to the discovery of admissible evidence. This topic is vague,

21   too broad, and fails to identify the specific matters for which Samsung seeks evidence, making it

22   impossible to identify and prepare any witness. Intel objects to "comply with" as vague.

23   **TOPIC NO. 22:**

24       The ability of Intel Baseband Processors to comply with 3GPP Technical Specification

25   25.321.

26   **RESPONSE TO TOPIC NO. 22:**

27       Without waiving any of its general objections, which are hereby incorporated by

28   reference, Intel objects to this topic because it is directed to information within the knowledge of

IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is vague, too broad, and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness. Intel objects to "comply with" as vague.

**TOPIC NO. 23:**

Communications between Apple or Apple Manufacturers and Intel regarding the Apple Accused Instrumentalities, Intel Baseband Processors, Infineon.

**RESPONSE TO TOPIC NO. 23:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness. Intel further objects to the extent that this request calls for legal conclusions and seeks testimony in matters that are secured by attorney-client communication privilege or attorney work product doctrine. Testimony on this topic can be obtained more readily from Apple.

**TOPIC NO. 24:**

Communications between Apple or Apple Manufacturers and Intel regarding the Patents-in-Suit and Apple's infringement thereof, or this Lawsuit.

**RESPONSE TO TOPIC NO. 24:**

Intel objects to this topic on the basis that it calls for legal conclusions and seeks testimony regarding matters that are protected from discovery under the attorney-client communication privilege and the work product doctrines. Testimony on this topic can be obtained more readily from Apple.

**TOPIC NO. 25:**

Changes in the design, manufacture, sale or distribution of Intel Baseband Processors resulting from Intel's acquisition of Infineon.

-16-

**RESPONSE TO TOPIC NO. 25:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects to this topic because it is vague and ambiguous, lacking in foundation, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness. Intel also objects to this topic to the extent that it seeks information that is exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine.

**TOPIC NO. 26:**

The design, development, certification, and testing of each Intel Baseband Processor, including the parties involved.

**RESPONSE TO TOPIC NO. 26:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness.

Intel does not intend to make a witness available for a second time on this topic. Intel refers Samsung to the testimony previously provided in the -1846 action and, subject to agreement between Intel and the parties regarding entry of a suitable amendment to the protective order protecting Intel Confidential Information, consents to Samsung's use of that testimony in this matter.

**TOPIC NO. 27:**

The origin and ownership of the design, schematics, technical drawings, specifications and/or working drawings used to manufacture the Intel Baseband Processors.

20336-1338/LEGAL25017135.1

**RESPONSE TO TOPIC NO. 27:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is directed to information within the knowledge of IMC, not Intel. Intel further objects that this topic because is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. This topic is too broad and fails to identify the specific matters for which Samsung seeks evidence, making it impossible to identify and prepare any witness.  Intel further objects that the scope of what Samsung intends by reference to the "origin" of a design is unclear. Intel further objects to this topic to the extent that it seeks information that is exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine.

Intel does not intend to make a witness available for a second time on this topic. Intel refers Samsung to the testimony previously provided in the -1846 action and, subject to agreement between Intel and the parties regarding entry of a suitable amendment to the protective order protecting Intel Confidential Information, consents to Samsung's use of that testimony in this matter.

**TOPIC NO. 28:**

The identification of the Intel subsidiary or subsidiaries which sell(s) the Intel Baseband Processors to Apple or Apple Manufacturer(s) (e.g. the specific entity that sells the Infineon X-GOLD 616 or 618), including the country or countries in which the sales take place.

**RESPONSE TO TOPIC NO. 28:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this Topic because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the question of "the country or countries in which the sales take place" is a legal question and not a proper subject for a Rule 30(b)(6) deposition of a non-party. Intel further objects to this topic to the extent it seeks information exempt from discovery under the attorney-client communication privilege and the attorney work product doctrine.

**TOPIC NO. 29:**

Identification of whether Apple or Apple Manufacturer(s) purchase(s) the Intel Baseband Processors from Intel (e.g. the specific entity that purchases the Infineon X-GOLD 616 or 618), including the country or countries in which the sales take place.

**RESPONSE TO TOPIC NO. 29:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this Topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the question of "the country or countries in which the sales take place" is a legal question and not a proper subject for a Rule 30(b)(6) deposition of a non-party.  Intel further objects to this topic to the extent that it seeks information exempt from discovery under the attorney-client communication privilege and the attorney work product doctrine.

**TOPIC NO. 30**

Identification of all chips Intel manufactured for or have been sold to, provided to, purchased by, or used by Samsung.

**RESPONSE TO TOPIC NO. 30:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this topic on the basis that the information sought is already within Samsung's possession.  Intel further objects that the information sought is irrelevant to any issue in this proceeding.

**TOPIC NO. 31:**

The operation, structure, function, and implementation of Wireless Standards, including the source, operation, function, and implementation of Software and Executable Software therein, in the chips identified in response to Topic No. 30 above.

NON-PARTY INTEL'S RESPONSES & OBJECTIONS
TO SAMSUNG'S SUBPOENA TO TESTIFY
Case No. 12-cv-0630-LHK

1  **RESPONSE TO TOPIC NO. 31:**

2        Without waiving any of its general objections, which are hereby incorporated by

3  reference, Intel objects to this topic because it is directed to information within the knowledge of

4  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

5  is not reasonably calculated to lead to the discovery of admissible evidence. The topic is too

6  broad and fails to identify the specific matters for which Samsung seeks evidence, making it

7  impossible to identify and prepare a witness.  Intel also objects to this topic on the basis that the

8  information sought is already within Samsung's possession.  Intel further objects that the

9  information sought is irrelevant to any issue in this proceeding.

10  **TOPIC NO. 32:**

11        The function and operation of Software and Executable Software associated, tested, sold,

12  distributed, packaged, or integrated with the chips identified in response to Topic No. 30 above.

13  **RESPONSE TO TOPIC NO. 32:**

14        Without waiving any of its general objections, which are hereby incorporated by

15  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not

16  reasonably calculated to lead to the discovery of admissible evidence. The topic is too broad and

17  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to

18  identify and prepare a witness. Intel also objects to this topic on the basis that the information

19  sought is already within Samsung's possession.  Intel further objects that the information sought

20  is irrelevant to any issue in this proceeding.

21  **TOPIC NO. 33:**

22        The design, development, certification, and testing of the chips identified in response to

23  Topic No. 30 above.

24  **RESPONSE TO TOPIC NO. 33:**

25        Without waiving any of its general objections, which are hereby incorporated by

26  reference, Intel objects to this topic because it is overbroad, unduly burdensome and is not

27  reasonably calculated to lead to the discovery of admissible evidence. The topic is too broad and

28  fails to identify the specific matters for which Samsung seeks evidence, making it impossible to

1  identify and prepare a witness.  Intel also objects to this topic on the basis that the information

2  sought is already within Samsung's possession.  Intel further objects that the information sought

3  is irrelevant to any issue in this proceeding.

4  **TOPIC NO. 34:**

5        For each chip identified in response to Topic No. 30 above, the ability of the chip to

6  perform non-scheduled transmissions.

7  **RESPONSE TO TOPIC NO. 34:**

8        Without waiving any of its general objections, which are hereby incorporated by

9  reference, Intel objects to this topic because it is directed to information within the knowledge of

10  IMC, not Intel. Intel further objects to this topic because it is vague, ambiguous, overbroad,

11  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12  evidence. Intel also objects to this topic on the basis that the information sought is already within

13  Samsung's possession.  Intel further objects that the information sought is irrelevant to any issue

14  in this proceeding.

15  **TOPIC NO. 35:**

16        For each chip identified in response to Topic No. 30 above, the ability of the chip to

17  transmit control information for uplink packet data.

18  **RESPONSE TO TOPIC NO. 35:**

19        Without waiving any of its general objections, which are hereby incorporated by

20  reference, Intel objects to this topic because it is directed to information within the knowledge of

21  IMC, not Intel. Intel further objects to this topic because it is vague, ambiguous, overbroad,

22  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23  evidence. Intel also objects to this topic on the basis that the information sought is already within

24  Samsung's possession.  Intel further objects that the information sought is irrelevant to any issue

25  in this proceeding.

26  **TOPIC NO. 36:**

27        For each chip identified in response to Topic No. 30 above, the ability of the chip to

28  comply with 3GPP Technical Specification 25.331.

1   **RESPONSE TO TOPIC NO. 36:**

2          Without waiving any of its general objections, which are hereby incorporated by

3   reference, Intel objects to this topic because it is directed to information within the knowledge of

4   IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

5   is not reasonably calculated to lead to the discovery of admissible evidence. The topic is too

6   broad and fails to identify the specific matters for which Samsung seeks evidence, making it

7   impossible to identify and prepare a witness.  Intel also objects to this topic on the basis that the

8   information sought is already within Samsung's possession.  Intel further objects that the

9   information sought is irrelevant to any issue in this proceeding. Intel objects to "comply with" as

10  vague and ambiguous.

11  **TOPIC NO. 37:**

12         For each chip identified in response to Topic No. 30 above, the ability of the chip to

13  comply with 3GPP Technical Specification 25.321.

14  **RESPONSE TO TOPIC NO. 37:**

15         Without waiving any of its general objections, which are hereby incorporated by

16  reference, Intel objects to this topic because it is directed to information within the knowledge of

17  IMC, not Intel. Intel further objects to this topic because it is overbroad, unduly burdensome and

18  is not reasonably calculated to lead to the discovery of admissible evidence. The topic is too

19  broad and fails to identify the specific matters for which Samsung seeks evidence, making it

20  impossible to identify and prepare a witness.  Intel also objects to this topic on the basis that the

21  information sought is already within Samsung's possession.  Intel further objects that the

22  information sought is irrelevant to any issue in this proceeding. Intel objects to "comply with" as

23  vague and ambiguous.

24  **TOPIC NO. 38:**

25         The names, locations, titles, and responsibilities of the persons most knowledgeable about

26  each of the topics above.

27

28

**RESPONSE TO TOPIC NO. 38:**

       Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that for many of the topics identified the persons most knowledgeable about the topic will be employees of IMC, not Intel, and that information will be reasonably available only to IMC, not Intel.  Intel objects that "most knowledgeable" is vague, ambiguous, subjective, and open-ended.

**TOPIC NO. 39:**

       The identity and location of all persons, documents, and things consulted, reviewed, communicated with or relied on in preparation for testifying about each of the topics above, including, on a topic-by-topic basis, an identification by production number or range of each document or thing associated with each topic and, for each person, her or her name, location, title and responsibilities.

**RESPONSE TO TOPIC NO. 39:**

       Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this Topic because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Intel also objects to this topic to the extent that it seeks information that is exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine.

Dated: October 26, 2012

PERKINS COIE LLP

By: _Christopher Kelley/CH_
     Christopher L. Kelley, Bar No. 166608
     CKelley@perkinscoie.com

Attorneys for Non-Party
INTEL CORPORATION

20336-1338/LEGAL25017135.1

<u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 3150 Porter Drive, Palo Alto, California 94304-1212.

On October 26, 2012, I served on the interested parties in said action the within:

**NON-PARTY INTEL CORPORATION'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS CO., LTD.'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL CASE**

X     (BY ELECTRONIC MAIL) I caused a copy of the document described above to be sent to the person(s) at the email address listed below. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

X     (FIRST CLASS MAIL) I placed the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☐     (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, a true copy of the foregoing document in a sealed envelope, addressed as stated below, with fees for overnight delivery paid or provided for.

☐     (PERSONAL SERVICE) I personally delivered the document listed above to the person(s) at the address(es) set forth below.

**Michael L. Fazio, Esq.**
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
**865 S. Figueroa St., 10th Floor**
**Los Angeles, California 90017**
**Email: michaelfazio@quinnemanuel.com**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 26, 2012, at Palo Alto, California.

_____
Christina Henderson

CERTIFICATE OF SERVICE
Case No. 12-cv-00630-LHK

-1-

20336-1338/LEGAL25017135.1