# EXHIBIT E

1  Christopher L. Kelley, Bar No. 166608
   CKelley@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304
   Telephone: 650.838.4300
4  Facsimile:  650.838.4350

5  Attorneys for Non-Party
   INTEL CORPORATION

6

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12  APPLE INC.,                          Case No. 12-CV-00630-LHK

13              Plaintiff,               **NON-PARTY INTEL CORPORATION'S
                                         RESPONSES AND OBJECTIONS TO
14     v.                                SAMSUNG ELECTRONICS CO., LTD.'S
                                         SUBPOENA IN A CIVIL CASE**
15  SAMSUNG ELECTRONICS CO., LTD.,

16              Defendant.

17

18          Non-Party Intel Corporation ("Intel") hereby submits its responses and objections to the

19  Subpoena to Produce Documents, issued by Defendant Samsung Electronics Co., Ltd.

20  ("Samsung"). Intel accepted service of this subpoena on June 6, 2013.

21          Intel makes the objections and responses herein (collectively, the "Responses") to

22  Samsung's subpoena based solely on its current knowledge, understanding, and belief as to the

23  facts and information available to it as of the date of the Responses. Additional discovery and

24  investigation may lead to additions to, changes in, or modifications of these Responses.

25          Intel does not waive any objection made in these Responses, nor any claim of privilege,

26  whether expressly asserted or not. Intel further does not waive its right to object on any basis

27  permitted by law to any other discovery request involving or relating to the subject matter of the

28  subpoena or Responses.

**GENERAL OBJECTIONS**

The following general objections apply to, and are incorporated by reference in the Response to each and every subpoena topic. Intel's specific objections to any topic are not intended to preclude, override, or withdraw any of the general objections to that topic.

1.      Intel objects to the date set for deposition, which is unreasonable. Intel accepted informal service of the subpoena on June 6 and the subpoena calls for production of documents and a deposition on June 7. This was not sufficient time to allow Intel to identify and collect responsive material and to prepare for a deposition.

2.      Intel objects to the document requests to the extent that they call for information protected by: (i) the attorney-client privilege; (ii) the work product doctrine; (iii) the joint defense or common interest privilege; (iv) any other privilege or protection from disclosure afforded by state or federal law; and/or (v) any other privilege or protection from disclosure afforded by any foreign laws where the documents sought are located. Intel will provide only responsive documents that are not subject to any such privilege or protection. Intel does not intend to disclose information that is privileged or otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work-product doctrine, joint defense or common interest privilege, or any other applicable privilege or rule of confidentiality, including, but not limited to, the trade-secret privilege, would be inadvertent, except pursuant to a specific written agreement covering such information. Disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the disclosure waive or prejudice Intel's right to object to the use of any such information during this or any subsequent proceeding.

3.      Intel objects to any document request to the extent that it seeks information more easily or appropriately obtained from Apple, Samsung, or other third parties.

4.      Intel objects to requests that seek documents already produced in response to discovery requests in the ITC investigation or -1846 action. Intel will not produce these

documents a second time in response to this subpoena. For Intel's response to these requests Intel refers Samsung to the documents previously produced in the ITC investigation or -1846 action.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1. Intel objects to the Definitions and Instructions as set forth in the Subpoena to the extent that they purport to impose obligations upon Intel other than those authorized and required by the Federal Rules, Local Court Rules, and any Court Orders.

2. Intel objects to any request that it provide a list of documents withheld, such as a privilege log. Preparation of a withheld document log would be unreasonably burdensome where, as here, Intel is not a party and the client communications or work product of its counsel is not relevant to any issue in the present case. Intel also will not provide a list of discarded documents, nor will it provide a statement as to whether or not responsive documents have been found or produced for specific document requests.

3. Intel objects to the definition of "You," "Your," and "Intel" as vague, ambiguous, overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or control to the extent the definition encompasses all Intel predecessors or joint ventures, owners, consultants, etc. or other legal entities only partially owned by Intel.

4. Intel objects to the definition of "Apple Manufacturers" as overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or control to the extent that the definition requires Intel to determine which business entities manufacture accused iPhone and iPad products for Apple and the business relationships of these entities.

5. Intel objects to the definition of "Infineon" as overly broad, unduly burdensome and seeking information not in Intel's possession, custody, or control to the extent the definition encompasses "Infineon Technologies AG and all of its predecessors or successors (merged, acquired, or otherwise), parents, divisions, subsidiaries, and affiliates thereof, and all officers, agents, employees, counsel and other persons acting on its behalf, or any other person or entity subject to Infineon's control, or which controls Infineon." Intel cannot respond on behalf of Infineon, its predecessors or its successors, nor will Intel attempt to determine the nature of relationships between Infineon Technologies AG and any individual or entity other than Intel.

6.      Intel objects to the definition of "Documents" on the grounds that it is overly broad and unduly burdensome to the extent that it purports to impose a definition broader than that reflected in Rule 34 of the Federal Rules of Civil Procedure.

7.      Intel objects to the definition of "Identify" as overly broad, unduly burdensome, unsupported by law and unreasonable to the extent that it attempts to impose an obligation on Intel to assemble information that is not presently aggregated at Intel and for which no need or relevant purpose has been identified by Samsung. The undertaking required to fulfill Samsung's request would be unduly burdensome, is not relevant to the matters at issue in the present litigation and would not be likely to lead to the discovery of admissible evidence.

**OBJECTIONS TO SPECIFIC DOCUMENT PRODUCTION REQUESTS**

**REQUEST NO. 1:**

For each Baseband Processor and Transceiver, Documents sufficient to describe the structure, function, and operation of the Baseband Processor and Transceiver, including all specification sheets, data sheets, schematics, technical drawings, pinouts, register maps, designer guides, compliance and testing documents, manuals, user guides, related technical documentation, brochures, and promotional materials associated with each Baseband Processor and Transceiver as those documents relate to the '239 Patent Functionality.

**RESPONSE TO REQUEST NO. 1:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. The phrase "'239 Patent Functionality" is characterized generically and could encompass almost any modem function and, therefore, Intel is unable to determine which features of its basebands in transceivers are actually relevant to Samsung's claims. Intel further objects that it has already produced documents describing the functions performed by Intel modem and transceiver devices used by Apple and that further production would not provide additional information relevant to Samsung's contentions regarding the '239 Patent.

1    **REQUEST NO. 2:**

2    All Documents concerning the '239 Patent Functionality in the Baseband Processor and

3    Transceiver, or enabled by the Baseband Processor and Transceiver.

4    **RESPONSE TO REQUEST NO. 2:**

5    Without waiving any of its general objections, which are hereby incorporated by

6    reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably

7    calculated to lead to the production of admissible evidence. The phrase "'239 Patent

8    Functionality" is characterized generically and could encompass almost any modem function

9    and, therefore, Intel is unable to determine which features of its basebands in transceivers are

10   actually relevant to Samsung's claims. Intel further objects that it has already produced

11   documents describing the functions performed by Intel modem and transceiver devices used by

12   Apple and that further production would not provide additional information relevant to

13   Samsung's contentions regarding the '239 Patent.

14   **REQUEST NO. 3:**

15   For each Baseband Processor and Transceiver, all Software, including source code,

16   associated, tested, sold, distributed, packaged, or integrated with each Baseband Processor and

17   Transceiver along with any related documentation, as those documents relate to the '239 Patent

18   Functionality.

19   **RESPONSE TO REQUEST NO. 3:**

20   Without waiving any of its general objections, which are hereby incorporated by

21   reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably

22   calculated to lead to the production of admissible evidence. The phrase "'239 Patent

23   Functionality" is characterized generically and could encompass almost any modem function

24   and, therefore, Intel is unable to determine which features of its basebands in transceivers are

25   actually relevant to Samsung's claims. Intel further objects that it has already produced

26   documents describing the functions performed by Intel modem and transceiver devices used by

27   Apple and that further production would not provide additional information relevant to

28

Samsung's contentions regarding the '239 Patent. Intel further objects that modem software is
not relevant to Samsung's allegations regarding the '239 patent.

**REQUEST NO. 4:**

For each Baseband Processor and Transceiver, Documents or materials regarding the
Software or firmware architecture for the Baseband Processor and Transceiver and/or Executable
software, as those documents relate to the '239 Patent Functionality.

**RESPONSE TO REQUEST NO. 4:**

Without waiving any of its general objections, which are hereby incorporated by
reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably
calculated to lead to the production of admissible evidence. The phrase "'239 Patent
Functionality" is characterized generically and could encompass almost any modem function
and, therefore, Intel is unable to determine which features of its basebands in transceivers are
actually relevant to Samsung's claims. Intel further objects that it has already produced
documents describing the functions performed by Intel modem and transceiver devices used by
Apple and that further production would not provide additional information relevant to
Samsung's contentions regarding the '239 Patent. Intel further objects that modem software is
not relevant to Samsung's allegations regarding the '239 patent.

**REQUEST NO. 5:**

For each  Baseband Processor and Transceiver, all Documents and Things related to any
Communication with Apple or Apple Manufacturers concerning its design, manufacture, testing,
schematics, technical drawings, specifications, sale, chain of distribution, and/or working
drawings.

**RESPONSE TO REQUEST NO. 5:**

Without waiving any of its general objections, which are hereby incorporated by
reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably
calculated to lead to the production of admissible evidence. Communications between Apple and
Intel have no inherent relevance to Samsung's contentions regarding the '239 Patent or to any

other issue in the case. Intel further objects that, to the extent such communications are relevant, they can be obtained more readily from party Apple.

**REQUEST NO. 6:**

All Documents provided by Intel and/or Infineon to Apple or Apple manufacturers regarding the structure, operation, function, or testing of the Baseband Processor and Transceiver, including Documents provided in order to assist Apple or Apple manufacturers in integrating the Baseband Processor and Transceiver into any Apple Product.

**RESPONSE TO REQUEST NO. 6:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the request is overbroad, unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. Intel objects that the fact that documents provided to Apple or its manufacturers are not inherently relevant to Samsung's contentions regarding the '239 Patent. Intel further objects that it has already produced documents and software describing the functions performed by Intel modem and transceiver devices used by Apple and that further production would not provide additional information relevant to Samsung's contentions regarding the '239 Patent. Intel further objects that, to the extent documents provided to Apple or manufacturers are relevant, they can be obtained more readily from party Apple.

**REQUEST NO. 7:**

Documents sufficient to show the chain of title of each of the Baseband Processors and Transceivers incorporated into an Apple Product, from the time of manufacture until the time they are incorporated into an Apple Product, including where title changes, between what parties, and on what terms.

**RESPONSE TO REQUEST NO. 7:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case. Intel further objects

that this request is duplicative of discovery in document requests 27 through 31 and deposition topics 13, 17-18, and 28-29  in Samsung's subpoena of October 15, 2012.

Intel previously provided documents sufficient to show the chain of title for baseband processors and transceivers sold to Apple in the earlier ITC investigation and -1846 action. Intel refers Samsung to those documents.

**REQUEST NO. 8:**

Documents sufficient to show the locations where each of the Baseband Processors and Transceivers incorporated into an Apple Product are manufactured.

**RESPONSE TO REQUEST NO. 8:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case. Intel further objects that this request is duplicative of discovery in document requests 32-33 and deposition topic 13 in Samsung's subpoena of October 15, 2012.

Subject to the foregoing objections, Intel will produce documents sufficient to identify the location where Intel basebands and transceiver parts supplied to Apple are manufactured.

**REQUEST NO. 9:**

Documents sufficient to show the locations where each of the Baseband Processors and Transceivers incorporated into an Apple Product are shipped, from the time of manufacture until the time they are incorporated into an Apple Product.

**RESPONSE TO REQUEST NO. 9:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case. Intel further objects that this request is duplicative of discovery in document requests 27 through 33 and deposition topics 13 and 17-18  in Samsung's subpoena of October 15, 2012.

-8-

Intel previously provided discovery regarding the shipment of Intel basebands and transceivers in the earlier ITC investigation and -1846 action. Intel refers Samsung to those documents.

**REQUEST NO. 10:**

Documents sufficient to show the role of any Apple manufacturer in ordering Baseband Processor and Transceivers, negotiating price or quantity of orders, or setting product requirements for Baseband Processor and Transceivers.

**RESPONSE TO REQUEST NO. 10:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case. Intel further objects that the requested information can more readily be obtained directly from Apple.

**REQUEST NO. 11:**

Any Communications with or from Apple concerning the '239 Patent or '239 Patent Functionality.

**RESPONSE TO REQUEST NO. 11:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request to the extent it seeks production of documents or information exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine. Intel further objects that the requests are overbroad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. Intel further objects that any non-privileged material can be more readily obtained directly from Apple.

**REQUEST NO. 12:**

Documents sufficient to identify the Baseband Processors and Transceivers incorporated into each Apple Product, including by product model and generation, and the quantity of each Baseband Processor and Transceiver sold or otherwise provided to Apple or Apple manufacturer,

including sales invoices to Apple or Apple manufacturers and any documents showing location of delivery of each Baseband Processor.

**RESPONSE TO REQUEST NO. 12:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case, at least in part as Intel has no information about which devices sold to Apple are used in products sold in the United States. Intel further objects that the requested information can more readily be obtained directly from Apple.

**REQUEST NO. 13:**

All licenses, agreements, product purchase agreements, purchase orders or other contracts with Apple or Apple manufacturers that refer to or in any way relate to Baseband Processors and Transceivers.

**RESPONSE TO REQUEST NO. 13:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that the request seeks production of documents that are not relevant to any issue in this case, at least in part as Intel has no information about which devices sold to Apple are used in products sold in the United States. Intel further objects that the requested information can more readily be obtained directly from Apple.

**REQUEST NO. 14:**

All Documents and Things including but not limited to work orders, statements of work or requests for bid, that describe or relate to the actual or intended use of the Baseband Processors and Transceivers sold to Apple or to an Apple manufacturer.

1  **RESPONSE TO REQUEST NO. 14:**

2      Without waiving any of its general objections, which are hereby incorporated by

3  reference, Intel objects to this request because it is overbroad, unduly burdensome and is not

4  reasonably calculated to lead to the discovery of admissible evidence. Intel further objects that

5  the request seeks production of documents that are not relevant to any issue in this case. Intel

6  further objects that the requested information can more readily be obtained directly from Apple.

7  **REQUEST NO. 15:**

8      Documents sufficient to identify all persons knowledgeable about the design,

9  development, structure and/or operation of any Baseband Processor and Transceiver sold to or

10 purchased by Apple or Apple manufacturers.

11 **RESPONSE TO REQUEST NO. 15:**

12     Without waiving any of its general objections, which are hereby incorporated by

13 reference, Intel objects to this request because it is overbroad, unduly burdensome and is not

14 reasonably calculated to lead to the discovery of admissible evidence.

15 **REQUEST NO. 16:**

16     Documents that reference the 630 Litigation, including all Communications with Apple

17 regarding the 630 Litigation.

18 **RESPONSE TO REQUEST NO. 16:**

19     Without waiving any of its general objections, which are hereby incorporated by

20 reference, Intel objects to this request on the basis that it seeks production of documents or

21 information exempt from discovery under the attorney-client communication privilege or the

22 attorney work product doctrine. Intel further objects to this request because it is overbroad,

23 unduly burdensome and is not reasonably calculated to lead to the discovery of admissible

24 evidence.

25 **REQUEST NO. 17:**

26     Documents sufficient to identify each Intel product or prototype described in the IUI

27 Reference.

28

1  **RESPONSE TO REQUEST NO. 17:**

2       Without waiving any of its general objections, which are hereby incorporated by

3  reference, Intel objects to this request because it is unduly burdensome. Subject to the foregoing

4  objections, Intel will produce relevant responsive documents sufficient to describe relevant

5  aspects of the IUI reference that can be found after a reasonable search.

6  **REQUEST NO. 18:**

7       All Documents, including without limitation algorithms, source code, and/or software,

8  relating to the design, structure and/or operation of each Intel product or prototype described in

9  the IUI Reference, including without limitation the following functionality described in the IUI

10  reference:

11       a.     "recogniz[ing] geographical names, dates, email addresses, Usenet newsgroup

12              name components, world-wide web site names (URLs), and phone numbers";

13       b.     "perform[ing] operations that are relevant to the recognized text object, …. [such

14              as] start[ing] a web browser on a page referenced by a selected URL, or

15              download[ing] a Usenet newsgroup's list of Frequently Asked Questions

16              (FAQs)"; and

17       c.     "automatically turn[ing] plain text into a kind of hypertext by quickly recognizing

18              selected text, and then linking it to related information and applications."

19  **RESPONSE TO REQUEST NO. 18:**

20       Without waiving any of its general objections, which are hereby incorporated by

21  reference, Intel objects to this request because it is overbroad and unduly burdensome. Subject to

22  the foregoing objections, Intel will produce relevant responsive documents sufficient to describe

23  relevant aspects of the IUI reference that can be found after a reasonable search.

24  **REQUEST NO. 19:**

25       Documents sufficient to identify each Pandit Product.

26  **RESPONSE TO REQUEST NO. 19:**

27       Without waiving any of its general objections, which are hereby incorporated by

28  reference, Intel objects to this request because it is unduly burdensome. Subject to the foregoing

objections, Intel will produce relevant responsive documents sufficient to identify software developed by Milind Pandit for Intel described in the IUI reference that can be found after a reasonable search.

**REQUEST NO. 20:**

All Documents relating to the design, structure and/or operation of each Pandit Product.

**RESPONSE TO REQUEST NO. 20:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is overbroad and unduly burdensome. Subject to the foregoing objections, Intel will produce relevant responsive documents sufficient to describe relevant aspects of software developed by Milind Pandit for Intel described in the IUI reference that can be found after a reasonable search.

**REQUEST NO. 21:**

All Documents relating to the design, structure and/or operation of each Intel product or prototype described in or claimed by the '636 patent (including without limitation the operation, structure, and/or function disclosed by Figures 1a, 1b, 1c, 1d, 1e and 1f of the '636 patent), including without limitation source code, software, libraries and any corresponding subroutines.

**RESPONSE TO REQUEST NO. 21:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request because it is overbroad and unduly burdensome. Subject to the foregoing objections, Intel will produce relevant responsive documents sufficient to describe relevant aspects of Intel software embodying the features described in the '636 patent that can be found after a reasonable search.

**REQUEST NO. 22:**

Documents relating to any invention disclosure statement or form submitted by Milind Pandit that led to the issuance of the '636 patent, or Intel's decision to file the patent application that led to the issuance of the '636 patent, and the timing of any such submission.

**RESPONSE TO REQUEST NO. 22:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request on the basis that it seeks production of documents or information exempt from discovery under the attorney-client communication privilege or the attorney work product doctrine. Intel further objects to this request because it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

Documents sufficient to identify any monetary amounts paid to Milind Pandit by Intel in connection with the submission of any invention disclosure statement or form by Milind Pandit that led to the issuance of the '636 patent, or Intel's decision to file the patent application that led to the issuance of the '636 patent, and the timing of any such payments.

**RESPONSE TO REQUEST NO. 23:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request on the basis that it is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24:**

For each of the Documents produced in response to this subpoena, all Documents necessary to understand, determine, and interpret the meaning of all codes, acronyms, symbols, abbreviations, or other methods of identification necessary to completely and fully interpret those Documents, including all existing English translations of each foreign language Document produced in response to this Subpoena.

**RESPONSE TO REQUEST NO. 24:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this request on the basis that it is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All existing English translations of each foreign language Document produced in response to this Subpoena.

1

**RESPONSE TO REQUEST NO. 25:**

2      Without waiving any of its general objections, which are hereby incorporated by

3   reference, Intel objects to this request on the basis that it is overbroad and unduly burdensome.

4   Intel will produce any preexisting non-privileged English translation of a document in another

5   language produced in response to this subpoena if such translation is kept with the produced

6   document or is known to exist and can be found with a reasonable search.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**OBJECTIONS TO SPECIFIC DEPOSITION TOPICS**

2

**TOPIC NO. 1:**

3

The functionality and operation of each Baseband Processor and Transceiver, and

4

associated Software, including source code, related to the '239 Patent Functionality.

5

**RESPONSE TO TOPIC NO. 1:**

6

Without waiving any of its general objections, which are hereby incorporated by

7

reference, Intel objects that the topic is overbroad and would require unduly burdensome

8

preparation. Intel objects that the generic description of the referenced functions provided by

9

Samsung fails to identify the specific functionality about which Samsung seeks testimony. Intel

10

further objects that given the vague identification of the subject matter of the requested testimony

11

that it cannot meaningfully determine the information sought by Samsung and Intel cannot

12

reasonably prepare a witness or witnesses to address all of the topic as characterized.

13

**REQUEST NO. 2:**

14

The Software, including source code, for each Baseband Processor and Transceiver

15

responsible for any '239 Patent Functionality.

16

**RESPONSE TO TOPIC NO. 2:**

17

Without waiving any of its general objections, which are hereby incorporated by

18

reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation

19

and is not reasonably calculated to lead to the discovery of admissible evidence. Intel objects that

20

the generic description of the referenced functions provided by Samsung fails to identify the

21

specific functionality about which Samsung seeks testimony. Intel further objects that given the

22

vague identification of the '239 Patent Functionality subject matter that it cannot meaningfully

23

determine the information sought by Samsung and Intel cannot reasonably prepare a witness or

24

witnesses to address all of the topic as characterized.

25

**REQUEST NO. 3:**

26

The structure of each Baseband Processor and Transceiver, including all specification

27

sheets, data sheets, schematics, technical drawings, pinouts, register maps, and circuit diagrams

28

describing the components of the Baseband Processor and Transceivers and their function, related to the ''239 Patent Functionality.

**RESPONSE TO TOPIC NO. 3:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad and would require unduly burdensome preparation. Intel further objects that identification of all technical and design documents pertaining to a baseband and transceiver device is irrelevant to any issues in the case. Intel objects that the generic description of the referenced functions provided by Samsung fails to identify the specific functionality about which Samsung seeks testimony. Intel further objects that given the vague identification of the '239 Patent Functionality it cannot meaningfully determine the information sought by Samsung and Intel cannot reasonably prepare a witness or witnesses to address all of the topic as characterized.

**REQUEST NO. 4:**

The structure and function of each pin of the Baseband Processor and Transceivers as related to the '239 Patent Functionality.

**RESPONSE TO TOPIC NO. 4:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad and would require unduly burdensome preparation. Intel further objects that the structure and function of each pin of its baseband and transceiver devices is not relevant to any issue pertaining to '239 Patent Functionality. Intel objects that the generic description of the referenced functions provided by Samsung fails to identify the specific functionality about which Samsung seeks testimony.

**TOPIC NO. 5:**

Apple's product requirements, including engineering requirements specifications, for the Baseband Processor and Transceivers.

**RESPONSE TO TOPIC NO. 5:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad and would require unduly burdensome

preparation. Intel further objects that identification of Apple's product requirements is irrelevant to any issue in the case. Intel further objects that the requested information can be obtained more directly from party Apple.

**TOPIC NO. 6:**

The design, development, manufacture, certification, research, simulation, reduction to practice, fabrication, manufacturing, packaging, and testing of each Baseband Processor and Transceiver.

**RESPONSE TO TOPIC NO. 6:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. Intel's design, development and manufacturing, fabrication and testing processes are not relevant to any issue in this present case.

**TOPIC NO. 7:**

The '239 Patent Functionality in the Baseband Processor and Transceivers, or enabled by the Baseband Processor and Transceivers.

**RESPONSE TO TOPIC NO. 7:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad and would require unduly burdensome preparation. Intel objects that the characterizations of '239 Patent Functionality are so generically phrased that they fail to identify the specific functionality about which Samsung seeks testimony. Intel further objects that given the vague identification of the '239 Patent Functionality it cannot meaningfully determine the information sought by Samsung, and Intel cannot reasonably prepare a witness or witnesses to address all of the topic as characterized.

**TOPIC NO. 8:**

The '239 Patent Functionality in each Apple product.

**RESPONSE TO TOPIC NO. 8:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. Intel objects that the characterizations of '239 Patent Functionality are so generically phrased that they fail to identify the specific functionality about which Samsung seeks testimony. Intel further objects that given the vague identification of the '239 Patent Functionality it cannot meaningfully determine the information sought by Samsung, and Intel cannot reasonably prepare a witness or witnesses to address all of the topic as characterized. Intel further objects that it lacks information on what capabilities Apple has enabled or disabled in its mobile devices and that the requested information can be obtained more readily from Apple.

**TOPIC NO. 9:**

All communications with Apple or Apple Manufacturers.

**RESPONSE TO TOPIC NO. 9:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further objects to the extent that this request seeks discovery of information protected by the attorney-client privilege or the work product doctrine. Intel further objects that communications with Apple have no inherent relevance to the matters at issue in this case and that, to the extent the communications are discoverable, the requested information can be more readily obtained from Apple.

**TOPIC NO. 10:**

The role of Apple Manufacturer(s) in ordering Baseband Processor and Transceivers, negotiating price or quantity of orders, and setting product requirements for Baseband Processor and Transceivers.

1   **RESPONSE TO TOPIC NO. 10:**

2          Without waiving any of its general objections, which are hereby incorporated by

3   reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation

4   and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further

5   objects that the topic has no relevance to any issue in the present case. Intel further objects that it

6   has previously provided discovery regarding the process by which Apple's orders for Intel

7   basebands and transceivers are handled by Intel.

8          Intel does not intend to make a witness available for a second time on the process by

9   which Apple's orders for Intel basebands and transceivers are handled. Intel refers Samsung to

10  the testimony and other evidence provided in the earlier litigation between Samsung and Apple

11  (i.e. the ITC investigation and the -1846 action).

12  **TOPIC NO. 11:**

13         Negotiation of Intel's 1993 license agreement with Samsung, including the 2003 and

14  2004 amendments thereto.

15  **RESPONSE TO TOPIC NO. 11:**

16         Without waiving any of its general objections, which are hereby incorporated by

17  reference, Intel objects that the negotiation of these license agreements is not relevant to the

18  licensing dispute in the case. Intel further objects that this topic is duplicative of discovery

19  previously sought document request 23 in Samsung's subpoena of October 15, 2012.   Intel

20  previously provided documents containing relevant information responsive to this request in

21  earlier litigation between Samsung and Apple. Intel refers Samsung to that discovery.

22  **TOPIC NO. 12:**

23         All persons knowledgeable about the design, development, structure and/or operation of

24  any Baseband Processor and Transceivers.

25  **RESPONSE TO TOPIC NO. 12:**

26         Without waiving any of its general objections, which are hereby incorporated by

27  reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation

28  and is not reasonably calculated to lead to the discovery of admissible evidence. Intel further

objects that the identity of all persons with knowledge of its baseband and transceiver is not relevant to any issue in the case.

**TOPIC NO. 13:**

An identification of each Baseband Processor and Transceiver incorporated into each Apple product, including product model and generation, and the quantity of each Baseband Processor and Transceiver sold or otherwise provided to Apple or Apple Manufacturers.

**RESPONSE TO TOPIC NO. 13:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. The quantity of basebands and transceivers sold to Apple is not relevant to this case. Intel lacks any information about how many of the basebands and transceivers sold to Apple are imported into the United States. Intel further objects to this topic because Samsung already has possession of the identity of the parts sold to Apple. Intel further objects that the requested information could be obtained more directly from Apple.

**TOPIC NO. 14:**

All proposals and sales of Baseband Processors and Transceivers to Apple or Apple Manufacturers.

**RESPONSE TO TOPIC NO. 14:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the topic is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. The quantity of basebands and transceivers sold to Apple is not relevant to this case. Intel lacks any information about how many of the basebands and transceivers sold to Apple are imported into the United States. Intel further objects to this topic because Samsung already has possession of the identity of the parts sold to Apple. Intel further objects that the requested information could be obtained more directly from Apple.

**TOPIC NO. 15:**

The chain of possession, custody or commerce of each Baseband Processor from manufacture to integration into an Apple Product.

**RESPONSE TO TOPIC NO. 15:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects that the chain of custody is not relevant to any dispute in this case. Intel further objects that this request is duplicative of discovery in document requests 27 through 31 and deposition topics 13, 17-18, and 28-29 in Samsung's subpoena of October 15, 2012. Intel further objects that it has previously provided discovery on this issue in the earlier litigation between Samsung and Apple (i.e. the ITC investigation and the -1846 action).

Intel does not intend to make a witness available for a second time on the topic of the chain of possession, custody or commerce for basebands sold to Apple. Intel refers Samsung to the testimony and other evidence previously provided on chain of custody.

**TOPIC NO. 16:**

All Documents and Software, including source code, produced in response to this subpoena.

**RESPONSE TO TOPIC NO. 16:**

Without waiving any of its general objections, which are hereby incorporated by reference, Intel objects to this topic because it is overbroad, would require unduly burdensome preparation and is not reasonably calculated to lead to the discovery of admissible evidence. Samsung can determine for itself what documents have been produced in response to this subpoena. Intel further objects that it is not reasonable to demand that it prepare a witness or witnesses to testify regarding the identity and/or contents a set of documents addressing a wide variety of different subject matters.

**TOPIC NO. 17:**

The content of all Documents and Software, including source code, produced in response to this subpoena.

1 | **RESPONSE TO TOPIC NO. 17:**

2 | Without waiving any of its general objections, which are hereby incorporated by
3 | reference, Intel objects to this topic because it is overbroad, would require unduly burdensome
4 | preparation and is not reasonably calculated to lead to the discovery of admissible evidence. Intel
5 | further objects that it is not reasonable to demand that it prepare a witness or witnesses to testify
6 | regarding the identity and/or contents a set of documents addressing a wide variety of different
7 | subject matters.

8 | **TOPIC NO. 18:**

9 | Authentication of all Documents and Software, including source code, produced in
10 | response to this subpoena.

11 | **RESPONSE TO TOPIC NO. 18:**

12 | Without waiving any of its general objections, which are hereby incorporated by
13 | reference, Intel objects to this topic on the basis that authentication of a document under Federal
14 | Rule of Evidence 901 involves evidence that a document is what its proponent claims it is. Intel
15 | does not know what Samsung claims the various documents produced by Intel are.

16 | Dated: June 20, 2013

PERKINS COIE LLP

By: _Christopher Kelley / CH_
Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com

Attorneys for Non-Party
INTEL CORPORATION

NON-PARTY INTEL'S RESPONSES & OBJECTIONS
TO SAMSUNG'S SUBPOENA
Case No. 12-CV-0630-LHK

## CERTIFICATE OF SERVICE

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 3150 Porter Drive, Palo Alto, California 94304-1212.

On June 20, 2013, I served on the interested parties in said action the within:

**NON-PARTY INTEL CORPORATION'S RESPONSES AND OBJECTIONS TO SAMSUNG ELECTRONICS CO., LTD.'S SUBPOENA IN A CIVIL CASE**

[x]   (BY ELECTRONIC MAIL) I caused a copy of the document described above to be sent to the person(s) at the email address listed below. I did not receive, within a reasonable time after the submission, any electronic message or other indication that the transmission was unsuccessful.

[x]   (FIRST CLASS MAIL) I placed the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

[ ]   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, a true copy of the foregoing document in a sealed envelope, addressed as stated below, with fees for overnight delivery paid or provided for.

[ ]   (PERSONAL SERVICE) I personally delivered the document listed above to the person(s) at the address(es) set forth below.

**Amar L. Thakur, Esq.**
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
**865 S. Figueroa St., 10th Floor**
**Los Angeles, California  90017**
**Tel.: 213-443-3000 - Fax:  213-443-3100**
**Email: amarthakur@quinnemanuel.com**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 20, 2013, at Palo Alto, California.

_____

Christina Henderson