# EXHIBIT 4

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Michael A. Valek
Direct: +1 214.698.3369
Fax: +1 214.571.2916
MValek@gibsondunn.com

Client: 03290-00026

February 26, 2013

VIA ELECTRONIC MAIL

Michael L. Fazio
Quinn Emanuel
865 S. Figueroa St., 10th Floor
Los Angeles, CA 9017

Re:   Apple Inc. v. Samsung Electronics Co. et al., No. 12-cv-0630

Dear Michael:

I write in response to your letter dated February 22, 2013, regarding the parties' lead counsel meet and confer and in particular certain statements you made regarding Apple's requests for financial information from Samsung.

First, your letter suggests that Apple has not previously explained the importance of the gross financial information it seeks from Samsung, but this is not so. Apple's letters to you dated October 29 and November 5, 2012, explain that net financial information is not enough and that gross financial information is needed to: "accurately determin[e] Samsung's margins on its accused products. Net margins can be calculated differently, particularly when multiple related corporate entities are involved. In order to conduct a thorough damages analysis, Apple needs access to the gross numbers as well."[1] In other words, the requested gross financial information is necessary for Apple's experts to be able to accurately assess the profitability of the accused products, which as we have explained before is a relevant consideration in the reasonable royalty damages analysis.[2] We understand that Samsung will tell us by March 8, 2013, whether it will agree to produce this gross financial information or whether it will continue its objection to producing the same—in which case Apple will be free to move to compel the same.

Second, Apple explained in the meet and confer that the deep dives, PMT, PSI Variance and SMOP reports related to the accused products are responsive to a number of existing RFPs,

---

[1] Letter to M. Fazio dated Nov. 5, 2012, at 3; See also Letter to M. Fazio dated Oct. 29, 2012 (explaining that "Apple is not required to accept Samsung's position as to net revenues, incomes and profits associated with the Accused Samsung Products and is entitled into discovery of the gross numbers to explore, inter alia, whether costs Samsung includes in its net profits are properly allocated to the Accused Samsung Products and other issues bearing on the profitability of the Accused Samsung Products.")

[2] See Letter to M. Fazio dated Feb. 14, 2013, at 1 n. 1.

**GIBSON DUNN**

Michael L. Fazio
February 26, 2013
Page 2

including the ones identified in Apple's February 19, 2013 letter.  Per your request, we have also served Apple's 13th Set of Requests for Production, which include additional requests for these materials.[3]  We understand that Samsung will tell us by March 8, 2013, whether it will produce these materials.

Third, Apple confirms that it will produce gross and net financial data for accessory sales in the United States consistent with the information it produced in the 1846 case.  Accordingly, we understand that Samsung will tell us by March 8, 2013, whether it will agree to produce gross financial information for sales of accessories to the accused products or whether it will continue its objection to producing the same.

Fourth, Apple responded to Samsung's proposal regarding a mutual date certain for the production of financial information in its February 19th letter.  As we indicated there, Apple proposes that both sides complete this production by April 1, 2013.  Please tell us whether Samsung will agree to do so.

* * *

As for the other follow up issues in your letter and Apple's February 19th letter, Apple will respond by separate letter per our prior agreements.

Sincerely,


*/s/ Michael A. Valek*

MAV/pdd

---

[3] These are the "newly served" requests referred to in my February 19th letter.