JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF MARK BUCKLEY IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (SAMSUNG'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS AND SUPPORTING DOCUMENTS)** |

I, Mark Buckley, declare and state as follows:

1. I am an employee of Apple, Inc. ("Apple"), where I am employed as a Finance Manager. As part of my role, I am very familiar with financial information and systems at Apple, and the efforts Apple takes to ensure that sensitive financial information is kept confidential. I submit this declaration in support of Samsung's motion regarding sealing, filed on August 6, 2013, as docket no. 721. I have personal knowledge of the matters set forth below. If called as a witness, I could and would competently testify as follows.

2. Apple seeks to seal the following documents, or portions thereof, which contain or reference highly sensitive, non-public Apple financial data and Apple's proprietary practices regarding such financial data, the public release of which would critically harm Apple:

   a. Samsung's Reply in support of Its Motion to Compel Production of Financial Documents; and

   b. Exhibit 1 to the Reply Declaration of Michael L. Fazio in support of Motion to Compel Financial Documents (the "Fazio Declaration").

3. I note that Exhibit 1 to the Fazio Declaration is the transcript of my July 9, 2013 deposition in this case, excerpts of which were submitted in support of Apple's Opposition to Samsung's Motion to Compel, as Exhibit 4 to the Stone Declaration, and which I discussed in my earlier sealing declaration, filed on July 30, 2013, in docket no. 711.

4. I have reviewed each of the documents listed in paragraph 2 and am aware that, like the documents discussed in my earlier sealing declarations submitted in connection with Samsung's Motion to Compel and Apple's Opposition to such Motion to Compel, filed in docket nos. 685 and 711, these documents contain discussion of Apple's specific and current financial information, and in particular Apple's confidential and proprietary processes regarding the specific financial data that it does (and does not) track and reference in the ordinary course of business. These documents further contain discussions of how and where Apple would generate certain financial data, as well as the processes by which it stores the underlying data. Such information would provide substantial insight into Apple's operating practices and finances – far more insight than Apple has previously disclosed to the public or that is disclosed in practice by other companies in Apple's industry, and particularly

Apple's competitors. Exposure of this information, which Apple maintains under strict confidentiality protections, to the public would cause Apple severe harm.

5. As I explained in my earlier declarations, Apple strictly maintains the confidentiality of this information even within Apple. Apple goes to extensive lengths to protect the confidentiality of its financial information. Apple's highly sensitive financial data – both the exact numbers and types of information that Apple does and does not consider in conducting its business – is among the most highly protected information at the company. Only a limited number of individuals are authorized to receive this information, even within Apple, and on a need-to-know basis. Apple limits the individuals knowledgeable about this detailed financial information to only those who need to know in order to perform their normal job responsibilities, and requires those individuals to maintain this data in the strictest of confidentiality. For example, Apple restricts system access to its nonpublic financial information to a small list of individuals who have been approved by a Vice-President of Finance. This is reviewed at least once every quarter and revised as appropriate to ensure that Apple employees who no longer need access do not receive the information. I am not aware of Apple ever sharing this information with its vendors, or of Apple informing its vendors about the scope of financial information that it considers regarding components provided by such vendors.

6. Additionally, while Apple endeavors to not share its nonpublic financial data with third parties, in the rare instance when it is required to share any nonpublic financial data with third parties, Apple insists on very restrictive nondisclosure agreements and/or protective orders. Apple therefore maintains this information as highly confidential in the ordinary course of business and does not disclose it publicly.

7. As explained in my prior declarations submitted in this matter in connection with Samsung's Motion to Compel and Apple's Opposition to Samsung's Motion to Compel, *see* D.I. 685 and 711, disclosure of the specific financial information at issue here, and particularly how Apple generates it and would generate other financial data, would cause Apple severe harm. The information that Apple seeks to seal here is critical to Apple. For example, this data would give Apple's competitors and vendors insight into Apple's cost structure and financial data processes, as well as how and why Apple has made strategic decisions based on such financial information. The

financial data that Apple maintains as part of its business operations, and that it has deemed necessary for consideration during those business operations, is highly proprietary and confidential to Apple. Indeed, such information is only shared with a very limited group of individuals at Apple. It is not shared externally. Apple even precludes its original equipment manufacturer ("OEM") suppliers from having visibility into its cost structure.

8. For the reasons explained above, and as explained below, it would cause severe competitive harm to Apple if the information contained in these documents were publicly disclosed. The financial information contained in these documents provides a detailed overview of the types of financial information for Apple's products that Apple relies upon in determining which products to sell and how to position them in the market, including how to price those products. Public disclosure of this information would thus permit Apple's competitors to gain insight into how Apple considers its product offerings and the financial information that it deems relevant to such product offerings – and, once armed with such information, to gain intelligence regarding the details of such information and then tailor their product offerings, prices, advertising, costs, budgets, and business strategies to more effectively compete with Apple.

9. Access to this information would also harm Apple with respect to component suppliers and competitors. Apple's suppliers could use this information to leverage its knowledge of the level of detail at which Apple considers component costs – both how individualized an analysis is conducted for particular components and whether such analysis is conducted at a global or a national scale – by, for example, gaining asymmetric advantages during contract negotiations from knowing the size of the order that Apple would ideally place with such suppliers.

10. None of the information described above is disclosed publicly by Apple or any competitor of whom I am aware. As a result, if Apple's information were disclosed, it would not simply be harmed—it would have no defense, as it has no access to similar data from the competitors that would use the information against Apple. This is not a matter of Apple wanting to keep secret information that most of the world shares.

11. As explained generally above, there are substantial harms to Apple that will result if the information at issue in Samsung's Reply in support of Its Motion to Compel Production of

Financial Documents and Exhibit 1 to the Fazio Declaration is publicly disclosed.  Below is a chart detailing the specific items in each that are sealable for the reasons explained herein.  Apple is also lodging proposed redacted versions of these documents in highlighted form with the Court.

| Document to be Sealed | Sensitive Information to be Redacted | Notes |
|---|---|---|
| Samsung's Reply in support of Its Motion to Compel Financial Documents | Discusses the scope and nature of Apple's processes for maintaining financial information, identifies the information kept and considered by Apple in its business operations, explains the contents of specific proprietary financial records kept by Apple, and references the processes by which Apple would generate certain information not kept in the ordinary course of business | Apple seeks to seal, in very limited nature, only the particular statements in Samsung's Reply in support of Its Motion to Compel Financial Documents that reveal the nature and scope of financial information that Apple maintains, or does not maintain, in the ordinary course of business, as well as Apple's highly confidential and proprietary processes for generating certain financial data not kept in the ordinary course of business and the contents of certain specific proprietary financial records that kept by Apple.<br><br>Disclosure of this information, such as the contents of Apple's proprietary, non-public financial records, and, by implication, the decisions that Apple makes regarding which financial information to collect and use in its ordinary course of business would be extremely harmful to Apple.  It would, for example, allow Apple's competitors, investors, suppliers, and the market more generally to know exactly what types of financial information Apple maintains, and act accordingly in their own business with Apple.  Similarly, revealing information about Apple's highly proprietary processes for considering and tracking financial information, and how and where Apple would look to generate certain financial information, would permit Apple's competitors and suppliers, as well as the market more generally, to predict, using Apple's confidential information, what Apple's revenues, profits, margins, costs, and potentially its new prices may be and how they will be determined.  The scope of Apple's financial information processes, and its particular contours, is thus deemed by Apple to be highly proprietary and confidential.  Indeed, the information about the particular financial information that Apple maintains, as well as the scope of such financial information that is kept and considered by Apple |

| Document to be Sealed | Sensitive Information to be Redacted | Notes |
|---|---|---|
| | | as part of its business operations, is maintained on a need to know basis at Apple; access to and knowledge of such information is restricted to a limited set of individuals at Apple. |
| Exhibit 1 to the Fazio Declaration | Contains information that reveals the scope and nature of Apple's processes for maintaining financial information, identifies the information kept and considered by Apple in its business operations, and explains the processes by which Apple would generate certain information not kept in the ordinary course of business | As explained in my declaration supporting sealing of excerpts of my deposition transcript filed in connection with Apple's Opposition to Samsung's Motion to Compel, Apple seeks to seal, in limited nature, only certain statements in Exhibit 1 to the Fazio Declaration (excerpts from the transcript of my July 2013 deposition). Specifically, Apple seeks to seal statements that reveal the nature and scope of financial information that Apple maintains, or does not maintain, in the ordinary course of business, as well as explain Apple's highly confidential and proprietary processes for generating certain financial data not kept in the ordinary course of business. Exhibit 1 does so in painstaking and significant detail, as it involves questioning about very particular and very specific items of Apple financial information; during my deposition, Samsung's counsel delved deeply into the heart of Apple's financial processes to ask about very specific categories of financial information, such as standard costs, research and development expenses, costs of certain components, etc., and particularly how they are tracked, the scope of the information that is tracked, who would consider that data and where it may be found, and how Apple would generate such information, if it could even do so.<br><br>Disclosure of this information, and, by implication, the decisions that Apple makes regarding which financial information to collect and use in its ordinary course of business would be extremely harmful to Apple. It would, for example, allow Apple's competitors, investors, suppliers, and the market more generally to know exactly what types of financial information Apple maintains, and act accordingly in their own business with Apple. Similarly, revealing information about Apple's highly proprietary processes for considering and tracking financial information would permit Apple's competitors |

| Document to be Sealed | Sensitive Information to be Redacted | Notes |
|---|---|---|
| | | and suppliers, as well as the market more generally, to predict, using Apple's confidential information, what Apple's revenues, profits, margins, costs, and potentially its new prices may be and how they will be determined.  The scope of Apple's financial information processes, and its particular contours, is thus deemed by Apple to be highly proprietary and confidential.  Indeed, the information about the particular financial information that Apple maintains, as well as the scope of such financial information that is kept and considered by Apple as part of its business operations, is maintained on a need to know basis at Apple; access to and knowledge of such information is restricted to a limited set of individuals at Apple. |

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.  Executed this 13th day of August, 2013 at Cupertino, CA.

By:   */s/ Mark Buckley*
      Mark Buckley

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Declaration. In compliance with General Order 45.X.B, I hereby attest that Mark Buckley has concurred in this filing.

Dated: August 13, 2013                    /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: August 13, 2013                    /s/ H. Mark Lyon