QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>          Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS**<br><br>Date: August 13, 2013<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Honorable Paul S. Grewal<br><br>**FILED UNDER SEAL** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I.    APPLE DOES NOT DISPUTE THAT RELEVANT FINANCIAL DATA EXISTS WHICH APPLE REFUSES TO PRODUCE. ......................................................................... 2

    A.    Apple Admits That It Maintains Certain Financial Data In The Ordinary Course of Its Business. ................................................................................................ 2

    B.    Apple's Own Documents Show That Apple Possesses Further Financial Documents That It Has Not Produced. ...................................................................... 6

II.    APPLE NEED ONLY QUERY ITS OWN FINANCIAL DATABASES TO PROVIDE THE REMAINING INFORMATION REQUESTED BY SAMSUNG. ............ 8

    A.    Rule 34 And Applicable Case Law Does Not Excuse Production Merely Because Apple May Need To Compile New Data. .................................................... 8

    B.    The Case Law Cited By Apple Is Inapposite. .......................................................... 10

    C.    Apple Has Failed To Demonstrate That It Is Unduly Burdensome To Produce The Requested Data. .................................................................................. 11

III.    THE DOCUMENTS SOUGHT BY SAMSUNG ARE CONSISTENT WITH THE PARTIES' AGREEMENT. .............................................................................................. 12

CONCLUSION .............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Beckman Indus., Inc. v. International Ins. Co.*,
    966 F.2d 470 (9th Cir.1992) ..................................................................................................12

*Burkybile v. Mitsubishi Motors Corp.*,
    2006 U.S. Dist. LEXIS 84864 (N.D. Ill. Oct. 17, 2006) ........................................................10

*Chandler v. Carroll*,
    2013 WL 2323048 (D. Vermont May 28, 2013) ...................................................................10

*In re eBay Seller Antitrust Litigation*,
    2009 WL 3613511 (N.D. Cal. Oct. 28, 2009) ...................................................................9, 12

*Edeh v. Equifax, LLC*,
    2013 WL 1749912 (D. Minn. Apr. 23, 2013) ........................................................................11

*Gonzales v. Google, Inc.*,
    234 F.R.D. 674 (N.D. Cal. 2006) .............................................................................................9

*Gulf Oil Co. v. Bernard*,
    452 U.S. 89 (1981) .................................................................................................................12

*IBM v. BGC Partners, Inc.*,
    2013 WL 1775373 (S.D.N.Y. April 25, 2013) .......................................................................11

*Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish*,
    1999 WL 61568 (E.D. La. Aug. 12, 1999) .............................................................................11

*Jinks-Umstead v. England*,
    227 F.R.D. 143 (D.D.C. 2005) ...............................................................................................10

*Kennedy v. Jackson Natl Life Ins. Co.*,
    2010 WL 1644944 (N.D. Cal. Apr. 22, 2010) ........................................................................12

*Phase Four Indus., Inc. v. Marathon Coach, Inc.*,
    2006 WL 1465313 (N.D. Cal. 2006) ........................................................................................8

*Thomas v. Lawler*,
    2013 WL 3367488 (M.D. Pa. July 3, 2013) ...........................................................................10

*Van v. Wal-Mart Stores, Inc.*,
    2011 WL 62499 (N.D. Cal. Jan. 7, 2011) ..............................................................................10

*Vasudevan Software, Inc. v. MicroStrategy Inc.*,
    2013 WL 597655 (N.D. Cal. 2013) ..........................................................................................8

*Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*,
    2007 WL 915209 (D.D.C. Mar. 26, 2007) .............................................................................11

## INTRODUCTION

Apple does not dispute that the financial data sought by Samsung is relevant. Apple's 30(b)(6) designee on financial topics, Mark Buckley, confirmed that Apple ████████████ ██████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████ ██████  Similarly, Apple's documents show that Apple ████████████████████ ██████████████████████████████████████████████████████████████████████████████ Apple should be ordered to produce that data without further delay.

What remains in dispute is a handful of additional categories of financial data for which Apple contends it cannot produce documents without creating a new dataset. Apple argues that it should not have "to prepare or create new documents" and concludes this principle excuses Apple from querying pre-existing financial databases in order to provide basic financial information, such as ████████████████████████████████████████████████████████████████ ████████  But courts hold that "the need to create a new dataset … does not excuse production" and discovery obligations include creating "new code to format and extract query and URL data from many computer banks."  The Court should require the same of Apple.

As a fallback, Apple asserts that it would be unduly burdensome to query its databases to provide the documents that Samsung seeks. Yet to substantiate its undue burden argument, Apple must point to specific facts. Here, Apple cites none, instead relying upon conclusory statements that querying its databases will be a "lengthy process" that will take "several months." Moreover, a company that touts its computing capabilities is hardly credible in claiming that it would be too burdensome to create a new dataset from financial data that already exists.

Lastly, Apple seems to contend that the financial documents requested by Samsung are outside the scope of the parties' prior agreement regarding financial document productions. Apple, however, cites nothing evidencing that agreement. Indeed, the parties' agreement regarding financials supports production of the documents at issue here. For these reasons and those set forth below, Samsung's Motion to Compel should be granted.

1 **ARGUMENT**

2 **I. APPLE DOES NOT DISPUTE THAT RELEVANT FINANCIAL DATA EXISTS**

3 **WHICH APPLE REFUSES TO PRODUCE.**

4 **A. Apple Admits That It Maintains Certain Financial Data In The Ordinary**

5 **Course of Its Business.**

6 Apple contends that it ███████████████████████████████████

7 ██████████████████████████████████████ *Opp.* at 1:7-9.

8 To be clear – and to unpack Apple's statement – Samsung's seeks this type of financial data for

9 either *the U.S. market* or for *each accused Apple product* and, if it can reasonably be extracted, for

10 both.   Samsung's "Statement of Issues" in its Motion made clear the relief that Samsung seeks:

11    (1) Whether Apple must produce financial data, such as revenues,
          margins, profits, and cost breakdowns, on a per-product basis,
12        rather than aggregated data for entire product lines;

13    (2) Whether Apple must produce financial data for the U.S. market
          only, rather than the worldwide financial data relating to its
14        product lines that Apple has currently produced.

15 The evidence shows that this precise data – segregated either on a per-product basis *or* for the U.S.

16 market – is maintained by Apple and yet has not been produced.   This data includes:

17 • ████████████████████████████████████████████
18 • ████████████████████████████████████████████
19 
20 • ████████████████████████████████████████████
21 
22 • ████████████████████████████████████████████
23 • ████████████████████████████████████████████
24 
25 • ████████████████████████████████████████████

26 **1.  Apple Has Failed to Produce** ████████████████████

27 Apple concedes (in a footnote) that "[a]s Mr. Buckley testified during his deposition,

28 ████████████████████████████████████████ " *See* Opp. at 6, fn. 4

1  (emphasis added).   Mr. Buckley's testimony regarding ▆▆▆▆ makes this point clear:

2      Q.   ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

                                is that correct?

3      A.   ▆▆▆▆▆▆▆▆

    Q.   Okay.

4      A.   ▆▆▆▆▆▆▆▆▆▆

5  Reply Declaration of Michael L. Fazio In Support of Samsung's Motion to Compel Financial

6  Documents ("Fazio Reply Decl.") Ex. 1, Buckley Tr. at 59:5-10 (emphasis added).

7        Apple attempts to dismiss Mr. Buckley's admission of ▆▆▆▆▆▆▆▆▆▆▆▆

8  ▆▆▆▆▆▆▆▆ – and which Apple has not produced – by contending that '▆▆▆▆▆▆▆

9  ▆▆▆▆▆▆▆▆▆▆▆....'"   Opp. at 6, n.4.   Apple ignores that Mr. Buckley made no such

10 distinction in either his deposition testimony or in his subsequent declaration.   Indeed, Mr.

11 Buckley, in his declaration, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆"   *See* Declaration

12 of Mark Buckley dated July 30, 2013 ("Buckley Decl.") ¶ 5.   Furthermore, the aggregate revenue

13 data that Apple produced for the iPhone likewise notes that the difference between billings and

14 revenue is "immaterial."   Declaration of Amar L. Thakur dated July 8, 2013 ("Thakur Decl.") Ex.

15 5 ("Difference between Billing Amt and Revenue Amt deemed immaterial").   In any event, even

16 if Apple's statement is credited, the result is unchanged – ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

17 ▆▆▆▆ are relevant to determining Apple's revenues attributable to the accused Apple products.

18       Apple also seems to contend that Samsung did not request this revenue data on a per-

19 product basis.   *See* Opp. at 6, fn. 4.   Yet these documents were requested by Samsung's Request

20 for Production Nos. 101, 197, 543, 544, 551, 552, 555 and 556, which Samsung has moved on.

21       **2.**   **Apple Has Failed To Produce** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

22 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

23 ▆▆▆▆▆▆▆▆▆▆

24       Similarly, Apple does not dispute that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

25 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mr.

26 Buckley testified:

27     Q.   Okay. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

28 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

1  A.  ▮
2     ▮ I'd have to research.
3  Q.  And I just -- I want to make sure that we're on the same page.
4     ▮
5     ▮
6  A.  ▮

Fazio Reply Decl. Ex. 1, Buckley Tr. at 59:11- 60:3; *see also id. at* 70:18-71:1 (admitting that Apple calculates deferral amounts per phone sold).   Such ▮ are relevant to determining Apple's net revenue for the accused Apple products and should be ordered produced.

Apple argues against their production, contending that it "▮ ▮ ▮" Opp. at 6, n. 4.   Apple's argument misses the mark.   The test for discoverability is not whether Apple has used ▮ ▮ data in a particular manner.   Rather, and consistent with the Rules, this data regarding ▮ is discoverable because it is relevant to Samsung's claims or defenses and, specifically, an accurate determination of net revenue from sales of the accused Apple products. *See Fed. R. Civ. P*. 26(b).

### 3. **Apple Has Failed to Produce ▮**.

Apple also contends that its "Rule 30(b)(6) designee on financial topics confirmed under oath that Apple ▮." Opp. at 1.   Apple's vague statement seems to imply that Apple does no ▮ Mr. Buckley, however, testified to the contrary:

Q.  ▮
A.  ▮

Fazio Reply Decl. Ex. 1, Buckley Tr. at 23:8-10.

Notably, in Mr. Buckley's declaration submitted in support of Apple's opposition brief, Apple carefully avoids the issue of ▮.   Indeed, though Mr.

1  Buckley declares that "Apple does maintain *gross* margin data by product line at the *worldwide*

2  level," (*see* Buckley Decl. ¶ 7), ██████████████████████████████ –

3  which Apple plainly possesses and can produce.

4      **4.**  **Apple Has Failed To Produce** ████████████████████.

5  ████████████████████████████

6   Apple also maintains documents showing ████████████████████████

7  ████████████████████  Specifically, Mr. Buckley testified that "████████

8  ████████████████████████████████████ ████████

9  ████████████████████████  Fazio Reply Decl. Ex. 1,

10  Buckley Tr. at 116:23-117:9 (emphasis added). Mr. Buckley noted that these ████████

11  ████████████████████████████████████████████

12  ████████ *See id.* Apple's Opposition brief does not address these categories of data. Apple

13  should be ordered to produce this data without further delay.

14      **5.**  **Apple Has Failed to Produce** ████████████████████

15  ████████

16   Apple contends that "Samsung gave up its request for ████████████ in exchange

17  for discovery concessions from Apple" and, thus, Samsung is barred from obtaining ████████

18  ████████████████ *See* Opp. at 5-6, n. 3. Apple's argument is incorrect for two reasons.

19   First, ████████████████████████████████

20  ████████████████████████" *See* Fazio Reply Decl., Ex. 1, Buckley Tr. at

21  31:13-19 (emphasis added). Apple separately ████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████ *See id.* at 63:7-

24  64:24; 67:26-68:14. Merely because Samsung agreed not to pursue ████████████ cannot

25  rationally be construed to mean that Samsung cannot obtain ████████████████

26  ████████████████████████  Samsung is entitled to these documents showing

27  Apple's ████████████████████████████

28   Second, merely because Samsung agreed not to pursue a specific type of document – ████

1   ▓▓▓▓▓▓▓▓ does not mean that Samsung forfeited its right to other Apple documents that
2   may show ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Ex. 3 to Declaration of Rod Stone
3   filed July 30, 2013.   For this additional reason, Apple should be compelled to produce the ▓▓
4   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that Samsung seeks in its Motion.

5   **B.    Apple's Own Documents Show That Apple Possesses Further Financial**
6   **Documents That It Has Not Produced.**

7        In his declaration, Mr. Buckley carefully cabins his statements to the purported effort
8   Apple would have to undertake to generate financial data on a "per-model, U.S. basis."   Mr.
9   Buckley thus slams together both *U.S.* financial data and *per-product* financial data in his analysis.
10  However, Mr. Buckley's declaration is silent as to whether Apple ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓   As detailed below, it is a provable fact
12  that for certain additional categories of financial data, Apple does in fact maintain such data for
13  either the U.S. market or per-product.
14       First, Apple concedes that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓s (Opp. at 5,
15  n.3), and therefore, tacitly admits that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16  ▓▓▓▓▓▓▓▓▓▓▓   Indeed, as Apple's own documents show, Apple cannot ▓▓▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19  ▓▓  *See* Thakur Decl. Ex. 5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22  Apple should be compelled to produce such documents.
23       Second, additional Apple documents confirm that Apple ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  For example, Exhibits 21 and 24 to the Thakur Declaration show ▓▓▓▓▓▓▓▓▓▓▓
26  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
27  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See, e.g.,* Thakur Decl. Ex. 21 at APLNDC630-
28  0000875192-195 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; Thakur Decl. Ex. 24 at APLNDC630-

1  0000875000-015 ████████████████████████████

2  Apple dismisses these documents, contending that they merely reflect "target costs" (Opp. 9, n.

3  6).[1]  Yet Apple ignores the fact that both Exhibits 21 and 24 ████████████████

4  ████████████████████████████████ *See, e.g.,* Thakur Decl. Ex. 21 at

5  APLNDC630-0000875190 ██████████████ Thakur Decl. Ex. 24 at APLNDC630-

6  0000875002-003 ██████████████  Apple points to nothing in the documents themselves

7  suggesting that they show anything other than actual costs.[2]

8      Lastly, Samsung's Motion cited numerous other documents showing that Apple regularly

9  generates ████████████████████████████████████████  Although

10 financial projections are responsive to document requests that are the subject of Samsung's

11 Motion (*see* RFP Nos. 547-550, 553-554, 864-865), Apple asserts that it may withhold documents

12 that Apple deems "overly simplistic" or "likely inaccurate."  Opp. at 9.  Apple's cites no

13 authority for this proposition, and the law is to the contrary.

14      Financial projections, by definition, do not reflect "actual data" and are therefore "likely

15 inaccurate;" yet courts routinely compel parties to produce such documents.  *See, e.g., Vasudevan*

16 *Software, Inc. v. MicroStrategy Inc.*, 2013 WL 597655, *1 (N.D. Cal. Feb. 15, 2013) (granting

17 motion to compel production of "documents relating to [the accused infringer's] financial

18 projections"); *Phase Four Indus., Inc. v. Marathon Coach, Inc.*, 2006 WL 1465313, *3–*8 (N.D.

19 Cal. May 24, 2006) (granting patentee's motion to compel accused infringer to produce sales

20 projections and price estimates).  Here too, Apple should not be permitted to withhold financial

21 projections on the grounds that they may contain information ultimately deemed inaccurate.

---

[1]  Apple's only support for this assertion is Mr. Buckley's blanket statement that documents cited by Samsung "████████████████████████████████████████ ████████  Buckley Decl. ¶ 10 (emphasis added).  Notably, Mr. Buckley does not claim to have any knowledge of these documents, which were not produced from his custodial files.

[2]  Apple's suggestion that its production of costed BOMs satisfies Samsung's request for product-level cost data is disingenuous.  As Apple admits, costed BOMs are limited to the costs of components.  Buckley Decl. ¶ 9.  The documents cited by Samsung ██████████████ ████████████—that are absent from Apple's costed BOMs.  *See* Thakur Decl. Exs. 21-24.

## II. APPLE NEED ONLY QUERY ITS OWN FINANCIAL DATABASES TO PROVIDE THE REMAINING INFORMATION REQUESTED BY SAMSUNG.

### A. Rule 34 And Applicable Case Law Does Not Excuse Production Merely Because Apple May Need To Compile New Data.

Apple contends that it "should not be compelled to create financial data for production." *See* Opp. at 3:2-3. Apple's argument, however, overlooks a critical difference. Samsung has not asked Apple to create new financial data where there is no underlying database from which such data may be derived. Rather, Samsung requests that Apple merely query its existing financial data in order to produce financial information that its Rule 30(b)(6) designee testified that Apple is capable of deriving.[3] Importantly, Apple does not deny that the financial data that Samsung seeks is ascertainable, but claims that Apple's discovery obligations do not extend to querying its pre-existing data. Federal Rule of Civil Procedure 34 and case law, however, provide to the contrary.

Rule 34 specifically allows for a party to serve on any other party a request for "any designated documents or electronically stored information ... stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." *Fed. R. Civ. P.* 34(a)(1)(A). In 2006, Rule 34 was amended to make explicit that dynamic databases were subject to Rule 34 production: "Electronically stored information *may exist in dynamic databases* and other forms far different from fixed expression on paper. Rule 34(a) is amended to confirm that *discovery of electronically stored information stands on equal footing with discovery of paper documents.*" *Fed. R. Civ. P.* 34, Advisory Committee notes (2006 Amendment) (emphasis added). Even 45 years ago, the Advisory Committee recognized the importance of electronic data compilations and the necessity of requiring a party to translate this data into usable form:

---

[3] As discussed below, this financial data consists of: (1) gross margins for the accused Apple products for the U.S. market; (2) sales expenses for the U.S. market; (3) operating margins for the U.S. market; and (4) amounts spent on advertising on a per-model basis.

> Rule 34 applies to electronics data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form.

*Fed. R. Civ. P.* 34, Advisory Committee notes (1970 Amendment).

Numerous courts have found that Rule 34 requires the production of reports from dynamic databases, such as Apple's financial databases here.  As just one example, in *In re eBay Seller Antitrust Litigation*, 2009 WL 3613511, *1 (N.D. Cal. Oct. 28, 2009), plaintiff sought to compel defendant eBay to produce records regarding certain transactional data.  Defendant argued, as does Apple here, that production of this transactional data would necessitate expending significant time and resources in order to "creat[e] new data solely for the instant litigation."  *See id.*  The district court rejected defendant's argument, and upheld the magistrate judge's order finding that, consistent with Rule 34, "the technical burden to [defendant] of *creating a new dataset* for the instant litigation does not excuse production."  *Id.* at *2 (emphasis added).

As another example, in *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006), the Court denied Google's motion to quash a government subpoena that required production of search query and URL information from databases, over Google's objection that it "does not maintain search query or URL information in the ordinary course of business."  Notwithstanding the "general rule" that parties "are not required to create documents that do not exist," the Court compelled Google to produce the requested information despite the need for Google to create "*new code to format and extract query and URL data from many computer banks*."  *Id.* (emphasis added).

Additional courts similarly hold that a party's discovery obligations under Rule 34 extend to querying data in the manner requested by Samsung here.  *See, e.g., Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 84864, *10-14 (N.D. Ill. Oct. 17, 2006) (ordering production of data from database where the information existed, but was accessible in some form); *Jinks-Umstead v. England*, 227 F.R.D. 143, 148 (D.D.C. 2005) (requiring party to formulate queries and consult reports in order to recover information from its database to produce in

discovery).  Consistent with the rulings of these cases, the Court should require Apple to perform the necessary searches to produce the requested data.

### B. The Case Law Cited By Apple Is Inapposite.

Each of the cases cited by Apple is distinguishable because they involved requests for paper documents or underlying data that did not exist – and had never existed – in any form.  *Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499, *1, n.1 (N.D. Cal. Jan. 7, 2011) (denying motion to compel seeking that defendant alter an existing document by labeling previously produced floor plans); *Chandler v. Carroll*, 2013 WL 2323048, *3 (D. Vermont May 28, 2013) (plaintiff requested medical records and audio/visual tapes of his incarceration, but he admitted he had never been treated by defendant's medical personnel, and defendant's counsel attested that there were no tapes of his incarceration); *Thomas v. Lawler*, 2013 WL 3367488, *5 (M.D. Pa. July 3, 2013) (denying plaintiff's motion requesting that defendant photograph the prison chapel in order to then produce the photograph as a document responsive to plaintiff's document requests).

Similarly, Apple contends that this rule "is particularly true where a party seeks to compel the creation of financial documents that do not otherwise exist in the ordinary course of business." Opp. at 3:19-21.  Not so.  Rather, in each of the cases cited by Apple that purportedly involved financial information, the moving party failed to provide sufficient evidence showing that the financial data it sought could be extracted from an underlying database.  *See Illinois Cent. R.R. v. 16.032 Acres of Land in Jefferson Parish*, 1999 WL 61568, *1 (E.D. La. Aug. 12, 1999) (plaintiff offered no evidence disputing defendant's statement that "it does not possess the means to generate those figures").[4]

---

[4] *See also Edeh v. Equifax, LLC*, 2013 WL 1749912, *13-14 (D. Minn. Apr. 23, 2013) (plaintiff had not presented "any evidence to counter [defendant's] assertion that it does not have any responsive documents"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 WL 915209, *4 (D.D.C. Mar. 26, 2007) (same).  Additionally, one of the cases cited by Apple, *IBM v. BGC Partners, Inc.*, 2013 WL 1775373 (S.D.N.Y. April 25, 2013), did not involve a motion to compel.  Rather, in that case, the court denied a motion for adverse inference instruction because defendant could not be sanctioned for failing to collect information that it did not otherwise collect in the ordinary course.  *See id.* at *1.

1  By contrast, here, Apple's 30(b)(6) designee on financial topics conceded that ▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Fazio Reply
4  Decl. Ex. 1, Buckley Tr. at 28:7-12. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8
9  *Id.* at 42:7-17; *see also id.* at 51:19-52:1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 Similarly, for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮ *Id.* at 45:18-46:8.   Mr. Buckley's proffer of a simple way of ▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ further supports production.
17    **C.   Apple Has Failed To Demonstrate That It Is Unduly Burdensome To Produce**
18         **The Requested Data.**
19 Apple contends that production of the data that Samsung seeks ▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮  Opp. at 7:7-9.   Importantly, Apple does *not* contend that this data is
22 inaccessible – only that it would be a "lengthy process" to obtain it.
23    Undue burden requires Apple to make a "particular and specific demonstration of fact, as
24 distinguished from stereotyped and conclusory statements …."  *Gulf Oil Co. v. Bernard*, 452
25 U.S. 89, 102 n.16 (1981); *Kennedy v. Jackson Nat'l Life Ins. Co.,* 2010 WL 1644944, *1 (N.D.
26 Cal. Apr. 22, 2010) ("Broad allegations of harm, unsubstantiated by specific examples or
27 articulated reasoning, do not satisfy the Rule 26(c) test") (quoting *Beckman Indus., Inc. v.*
28 *International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).   Apple's conclusory statements that

1  ████████████████████████████████████" (*see* Buckley Decl. ¶ 6) are insufficient.

2  Moreover, Apple does not address the factors under Rule 26(b) for assessing undue
3  burden, which include "likely benefit, the needs of the case, the amount in controversy, the parties'
4  resources, the importance of the issues at stake in the action and the important of the discovery in
5  resolving the issues."  Here, the relevant time period in this case spans several years.  This time
6  dimension alone – and the fact that discovery is aimed at such a substantial time frame – makes
7  the needs of the case great.  The amount in controversy, is at least hundreds of millions of dollars
8  and, thus, dwarfs the purported burden to Apple.  And with respect to resources, Apple does not
9  dispute that few parties are as well resourced as it – indeed, having three law firms litigating this
10 case on its behalf.  *See In re eBay Seller Antitrust Litig.*, 2009 WL 3613511 at *2 (requiring eBay
11 to create a new dataset notwithstanding eBay's claim that production would require creating new
12 programs and spending more than 6 months and costing as much as $300,000).  Accordingly,
13 Apple fails to show that the burden of production is undue.

14 **III.   THE DOCUMENTS SOUGHT BY SAMSUNG ARE CONSISTENT WITH THE**
15 **PARTIES' AGREEMENT.**

16 Apple also seems to contend that the parties' prior agreement regarding the scope of
17 financial document production weighs in favor of denying Samsung's Motion.  *See* Opp. at 2:18-
18 25.  Yet Apple cites nothing detailing the parties' agreement.  The parties' correspondence
19 demonstrates that the documents Samsung seeks are well within that agreement and are documents
20 that Samsung itself has produced.

21 Both parties propounded requests for production seeking numerous financial documents, to
22 include gross and net revenues; gross and net incomes; gross and net profits; costs of good sold;
23 commissions; selling expenses; and general and administrative expenses.  *Compare* Apple RFP
24 Nos. 314-315 (Fazio Reply Decl. Ex. 2) *with* Samsung RFP No. 197 (Mot. at iv).  Samsung
25 agreed to produce these financial documents "for the accused Samsung products sold in the U.S."
26 *See* Fazio Reply Decl. Ex. 3, letter from Fazio to Krevitt dated March 8, 2013.  Samsung
27 confirmed *both* parties' agreement to produce these financial documents, stating:

28

> This agreement to produce is with the understanding that Apple has agreed to produce comparable financial data for the accused Apple products.

*See id.*

Indeed, it was Apple that initially demanded production of at least some of this financial data, to include gross financial information, for the accused Samsung products. *See* Fazio Reply Decl. Ex. 4, letter from Valek to Fazio dated Feb. 26, 2013 ("[G]ross financial information is needed to accurately determin[e] Samsung's margins on its accused products … We understand that Samsung will tell us by March 8, 2013, whether it will agree to produce this gross financial information or whether it will continue its objection to produce the same – in which case Apple will be free to move to compel the same") (internal quotations omitted). Apple cannot have it both ways – it cannot demand production of gross financial information from Samsung and then, after Samsung produces such information, refuse to provide Apple's own comparable gross financial data. For this further additional reason, Samsung's Motion should be granted.

## CONCLUSION

Samsung respectfully requests that the Court grant Samsung's Motion to Compel.

DATED:   August 6, 2013           QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By  */s/ Victoria F. Maroulis*
                                      Victoria F. Maroulis
                                      Attorney for SAMSUNG ELECTRONICS CO.,
                                      LTD., SAMSUNG ELECTRONICS AMERICA,
                                      INC., and SAMSUNG
                                      TELECOMMUNICATIONS AMERICA, LLC