UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 12-CV-0630-LHK (PSG)<br><br>**ORDER DENYING MOTION TO COMPEL AND MOTION TO ENFORCE**<br><br>(**Re: Docket No. 669**) |

In this patent infringement case between Plaintiff Apple, Inc. ("Apple") and Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), Samsung moves to compel Apple to produce certain financial documents and to enforce the court's April 12, 2013 discovery order. Apple opposes. On August 13, 2013, the court held a hearing. By this point, the parties and the community at large are well-versed in the background of this case, and so the court delves directly into the latest disputes.

## I. LEGAL STANDARDS

Rule 26(b) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."[1]

Fed. R. Civ. P. 26(b)(2) provides one such a limit, mandating that the court limit the frequency or extent of discovery if: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." Upon a motion to compel brought pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance.[2]

## II. DISCUSSION

**A. Samsung's request that Apple produce U.S. financial data according to specific product.**

Samsung asks the court to compel further responses to its Requests for Production ("RFPs"), which seek financial documents from Apple regarding: (1) units sold, gross and net revenue, gross and net margin, and gross and net profits for each Apple product (RFPs 101, 197, 543,-546, 860-861); (2) reports and projections of U.S. sales, profitability margins, and financial performance for each version of the iPhone and iPad (RFPs 547-556, 863-865); and (3) all costs

---

[1] *See Gonzales v. Google Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (internal citations and quotations omitted).

[2] *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

2
Case No: 12-0630 LHK (PSG)
ORDER DENYING MOTIONS TO COMPEL

comprising costs of goods sold and all costs other than standard costs for each of the accused products (RFP 854). In its reply, Samsung further elaborates that these documents would include:

- System billings on a per-product basis;
- Revenue adjustments – amortization, deferrals, commissions, and carrier subsidies – on a per-product basis;
- Standard margins for the U.S. market;
- Advertising and marketing expenses for "hero products" for the U.S. market;
- Gross margins on a per-product basis;
- Projected iPhone revenues on a per-product basis for the U.S. market; and
- Projected gross margins on a per-product basis for the U.S. market.

On April 15, 2013, Apple produced certain documents responsive to Samsung's requests. Samsung objects that this production was deficient in two broad respects. First, most of the data presented was worldwide rather than U.S.-specific. Second, the data was compiled at the "product line level" (e.g., iPhone and iPad) rather than the "model level" (e.g., iPhone 4S, iPhone 5). Apple refused to present more "granular" financial data, claiming that it does not maintain reports of such data in its "ordinary course of business."

Apple does not dispute that the data is relevant under the generous Rule 26 standard. Indeed, the U.S.-specific, model level data is highly relevant to both Samsung's own damages claims as well as Samsung's defenses against Apple's damages claim. To calculate its own damages, Samsung must limit its damages figures to infringement that occurred in the U.S. only.[3] Samsung also requires data specific to each accused product; generalized data spread across several different models will not suffice.[4] Not all generations of Apple's products are accused of infringing the same patents – for example, the '239 patent is asserted against several iPhone

---

[3] See 35 U.S.C. § 271 ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent").

[4] An expert must "carefully tie" his assessment of damages to "the claimed invention's footprint in the market place." *ResQNet.com, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311 (Fed. Cir. 2011). Additionally, several of the *Georgia-Pacific* factors used to calculate a reasonable royalty focus on the profitability of each particular product. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

3
Case No: 12-0630 LHK (PSG)
ORDER DENYING MOTIONS TO COMPEL

models, but not the iPhone 3GS.[5] Different generations of iPhone products, priced anywhere from "free" to $199, are almost guaranteed to have different profit margins. Model-specific data is especially important in light of Judge Koh's recent case management order, which requires Samsung to reduce its current list of 22 accused products to 10 accused products.[6] Should Samsung decide to trim several generations of the iPhone product, the aggregated data currently provided would include products no longer in the case. For similar reasons, the data sought by Samsung are also relevant to rebut Apple's damages claim. Again, because different patents are asserted against different iPhone models, each likely to have different profit margins, model-specific financial data is crucial to computing lost profits accurately. Moreover, as some iPhone products are "free," Samsung may argue that those models are ineligible for lost profits to the extent that they are not competitively priced.[7] Samsung is entitled to develop these defenses.

It is therefore uncontroversial that if Apple had reports of the data at issue, or could generate such reports with only reasonable efforts, Apple would have to produce them. But Apple insists that it does not have reports of the nature Samsung would like and that only a herculean effort could produce even a subset of the reports demanded. Samsung presents evidence insinuating otherwise, submitting Apple documents showing that it does report at least some of the data at issue that is specific to the U.S. market and to individual product models.[8] Apple also admits that it maintains "systems billings" and other "revenue line items" on a model-specific basis, but argues these are imperfect representations of revenue.[9]

---

[5] *See* Docket No. 669-2 ¶ 13.

[6] *See* Docket No. 471 at 2.

[7] *See BIC Leisure Products, Inc. v. Windsurfing Int'l, Inc.* 1 F.3d 1214, 1218-19 (Fed. Cir. 1993).

[8] *See, e.g.,* Docket No. 669, Ex. 12-14 (tracking financial data, including revenue estimates and costs, for different generations of iPhones).

[9] *See* Docket No. 711 at 6.

4

Case No: 12-0630 LHK (PSG)
ORDER DENYING MOTIONS TO COMPEL

What emerges from the parties' arguments is that Apple does have financial databases that it could query to generate at least some of the reports sought by Samsung.[10] While this court has held that a party should not required to create completely new documents,[11] that is not the same as requiring a party to query an existing dynamic database for relevant information.[12] Courts regularly require parties to produce reports from dynamic databases, holding that "the technical burden… of creating a new dataset for the instant litigation does not excuse production."[13] Compelling production here would therefore not violate any established discovery principles.

The court may nevertheless limit production if the producing party shows that the electronically-stored information is "not reasonably accessible because of undue burden or cost."[14] To demonstrate undue burden or cost, Apple must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[15] Apple argues broadly that it would be immensely burdened by an order requiring it to compile the reports required by Samsung's demands because doing so would engage "multiple financial groups" in what is "likely

---

[10] Mark Buckley, Apple's 30(b)(6) witness, provided a roadmap for querying the database to generate the financial figures. *See* Docket No. 720-2 at 42:7-17, 51:19-52:1, 45:18-46:8.

[11] *See Van v. Wal-Mart Stores, Inc.*, Case No. 08-5296, 2011 WL 62499, at *1 n.1 (N.D. Cal. Jan. 7, 2011) (denying motion to compel because it would require defendant to relabel existing floor plans).

[12] *See Gonzales*, 234 F.R.D. at 683 (notwithstanding general rule that parties "are not required to create documents that do not exist," compelling Google to produce requested information by using a new code to "format and extract query and URL data from many computer banks").

[13] *In re eBay Seller Antitrust Litigation,* Case No. C 07-1882 JF(RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009) (requiring, under Rule 34 ESI production guidelines, that the defendant produce records regarding certain transactional data from its dynamic database).

[14] Fed. R. Civ. P. 26(b)(2)(B).

[15] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). *See also Kennedy v. Jackson Nat'l Life Ins. Co.*, Case No. C07-0371 CW MEJ, 2010 WL 1644944, at *1 (N.D. Cal. Apr. 22, 2010).

**United States District Court**
For the Northern District of California

[to be] several months of coordinated effort."[16] The court is generally dubious of such generalized claims of burden in complying with discovery obligations.

But there is an additional, more persuasive reason to limit Apple's production – the court is required to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit."[17] This is the essence of proportionality – an all-to-often ignored discovery principle. Because the parties have already submitted their expert damages reports, the financial documents would be of limited value to Samsung at this point. Although counsel was not able to shed light on exactly what was done, Samsung's experts were clearly somehow able to apportion the worldwide, product line inclusive data to estimate U.S. and product-specific damages. It seems, well, senseless to require Apple to go to great lengths to produce data that Samsung is able to do without. This the court will not do.

One other matter gives the court pause. To be sure, Samsung's damages experts are still open to an attack by Apple for their failure to use more granular financial data, either at pretrial hearings or at the trial itself. While Apple clearly could not impeach Samsung with any newly-compiled financial data that was not produced,[18] in fairness it also is precluded more broadly from challenging Samsung's damages experts for failing to allocate geographically or by product model in any way that could have been supported by the reports disputed here that were requested but not

---

[16] Docket No. 711 at 7 (citing Docket No. 711-5 ¶ 5-9).

[17] *Id.* section (b)(2)(C).

[18] *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at a trial").

6
Case No: 12-0630 LHK (PSG)
ORDER DENYING MOTIONS TO COMPEL

produced.[19] This is enough to protect Samsung from any undue prejudice arising from Apple's reporting limitations.

**B.     Samsung's request to enforce the court's April 12, 2013 order regarding pricing documents**

In its April 12, 2013 order, the court agreed with Samsung in ruling that the following pricing documents were relevant and had to be produced: "(1) internal analysis by Apple of how it determines pricing for its products; (2) price elasticity/price sensitivity studies relating to the accused products; (3) documents discussing any price premiums for products that incorporate the patented features; and (4) discussions of pricing with wireless carriers, who heavily subsidize Apple's products."[20] The court found such strategy documents relevant to Samsung's reasonable royalty and entire market value theories.[21] The parties represented to the court at the hearing that since the briefing this issue was resolved and did not require further court intervention. The court accordingly does not address this issue further.

### IV. CONCLUSION

Apple need not produce the financial documents sought by Samsung. But Apple is estopped from challenging Samsung's experts on any ground that would be rebutted by reference to documents that Samsung requested but did not receive.

**IT IS SO ORDERED.**

Dated: August 14, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *Cf. Texas Instruments Inc. v. Powerchip Semiconductor Corp.*, Case No. 06CIV2305(SHS)(RLE), 2007 WL 1541010, at *11 (S.D.N.Y. May 24, 2007) (imposing fact preclusion sanction based on failure to produce required database reports).

[20] Docket No. 404 at 11 (internal quotations omitted).

[21] *See* Docket No. 450 at 8-10.