UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**STIPULATION AND [PROPOSED] ORDER RE MOTION FOR PROTECTIVE ORDER BY NOKIA CORPORATION**<br><br>FILED UNDER SEAL |

WHEREAS, on July 1, 2013, Nokia Corporation filed its Motion for Protective Order by Nokia Corporation (Dkt. 647);

WHEREAS the Court entered the parties' Stipulation and [Proposed] Order Modifying Briefing Schedule for Motion for Protective Order by Nokia Corporation (Dkt. 698) and extended the briefing schedule and moved the hearing date;

WHEREAS the Court entered the parties' Stipulation and [Proposed] Order Modifying Briefing Schedule for Motion for Protective Order by Nokia Corporation (Dkt. 730) and extended the briefing schedule;

WHEREAS the parties have agreed to a process for addressing the issues in Nokia's Motion for Protective Order;

THEREFORE, the parties, through their undersigned counsel of record, stipulate as follows ("Stipulation"):

1. Nokia hereby withdraws its Motion for Protective Order, dated July 1, 2013, without prejudice.

2. Samsung hereby withdraws its request for additional Nokia confidential data in this case. Samsung also agrees not to use in any legal or business matter any Nokia Confidential Business Information ("CBI") designated as Confidential or higher under the protective orders of the following cases: (i) Apple Inc. v. Samsung Elecs. Co. Ltd., No. 11-cv-1846 LHK (PSG) (the "NDCA I case"), (ii) Apple Inc. v. Samsung Elecs. Co. Ltd., No. 12-cv-00630 LHK (PSG) (the "NDCA II case"), and (iii) Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers, Investigation No. 337-TA-794 ("The 794 ITC case"), with the only exception being that Samsung may continue to rely on the Apple/Nokia agreement in Samsung's defense against the permanent injunction on the '381 patent sought by Apple in the NDCA I case, including any appeals on that issue.

3. Samsung, through its outside counsel Quinn Emanuel, sent letters to Nokia, through its outside counsel Alston & Bird, on July 16, 2013 and August 1, 2013, (the "Letters") advising Nokia of "the inadvertent disclosure to Samsung" of information designated as

confidential Nokia claims that the disclosed information identified in the Letters ("Disclosed Information") is Nokia CBI subject to the protective orders of this Court. To address this issue, Quinn Emanuel will take the agreed upon steps set forth below. The agreed steps will be performed with the objective of identifying and reporting on the totality of all disseminations to, references about and uses of, the Disclosed Information to or by parties not subject to the Protective Orders of this Court. Samsung and Quinn Emanuel will use best efforts to complete the process below within 45 days from filing of this Stipulation.

4. Quinn Emanuel will determine whether any Disclosed Information has been further disseminated or used by the outside law firms and outside lawyers other than Quinn Emanuel listed in the Letters as recipients of the Disclosed Information (the "Firms"). A partner from Quinn Emanuel will provide Nokia with a sworn statement reporting on its performance of this task, its findings, and identifying any further dissemination of the Disclosed Information by the Firms, and, if so, including when, to whom, a description of the circumstances of disclosure, and an identification of any Documents [1] that reflect or contain such further dissemination. The statement will also explain the reasons why the Disclosed Information was forwarded to the Firms.

5. In addition, Quinn Emanuel will retain Stroz Friedberg, at no cost to Nokia, to conduct an independent audit of the files of the Samsung employees identified in the Letters as recipients of the Disclosed Information. The purpose of the audit will be to collect and preserve any Documents within Samsung evidencing: (i) receipt or dissemination of the Disclosed Information and/or (ii) any use of, or reference to, the Disclosed Information by Samsung. In the

---

[1] "Document" shall have the meaning under the Federal Rules of Civil Procedure and include any document or electronically stored information—including, without limitation, all originals, copies (if the originals are not available), non-identical copies and drafts, including but not limited to letters, correspondence, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, notes, opinions, analyses, opinions or reports of experts or consultants, reports, calendars, appointment books, speeches, or electronically transmitted messages (including "e-mail"), including but not limited to any information contained in any computer, Blackberry, personal digital assistant (PDA) or similar. For purposes of clarity, back up media shall be handled as discussed in paragraph 6.

event that Stroz Friedberg's audit reveals that the Disclosed Information was forwarded to, referenced by, or used by employees of Samsung who are not identified in the Letters, the audit will be expanded to include those persons as well.

6. Quinn Emanuel and Alston & Bird will work together with Stroz Friedberg to develop and agree upon sufficient guidelines, including appropriate search terms and/or search parameters for conducting the audit and the searching of backup media as necessary. The guidelines to be utilized by Stroz Friedberg shall be reasonably focused to search for, locate and obtain Documents relating to any use, reference or further dissemination of the Disclosed Information. Stroz Friedberg's audit search will not exclude Documents that are claimed to be attorney-client privileged, attorney work product or to contain third party confidential information, but any located Documents that are claimed to be attorney-client privileged, attorney work product or to contain third party confidential information will not be provided to Nokia at the time of the reporting of the audit results. Samsung and Quinn Emanuel will fully cooperate with Stroz Friedberg in conducting these audit procedures.

7. Based on the audit, Stroz Friedberg will prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees. The log shall identify the author or sender and all recipients of any identified Documents; the date and time; the subject line and a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information. Stroz Friedberg shall ensure that the log and any information it obtains during its audit are kept confidential. Samsung's counsel shall be entitled to review the log and the documents referenced in the log before the log is provided to Nokia and redact any claimed attorney-client privileged information, attorney work product or third party confidential information, but shall indicate that redactions have occurred in each instance, including the nature of and basis for the redaction at the level of detail that is appropriate for a privilege log. Stroz Friedberg will not disclose information about the dissemination, reference, or use of the Disclosed Information beyond what is contained in the log. After reviewing the log with any Quinn Emanuel redactions, Nokia shall be entitled to request and receive copies of all

1  Documents further disseminating, referencing or using the Disclosed Information provided the
2  copies of the Documents are redacted, at least in the first instance, to eliminate any claimed
3  attorney-client privileged information, attorney work product or third party confidential
4  information.   Nokia reserves its right to seek complete, unredacted copies of Documents obtained
5  from Samsung evidencing further dissemination, reference to or use of the Disclosed Information,
6  as well as the right to seek unredacted versions of certain log entries.   Nokia further reserves the
7  right to challenge all claims of privilege, work product or third party confidentiality.

8         8.     Quinn Emanuel will also review its own firm Documents to determine
9  whether there were additional instances in which the Disclosed Information was disclosed or
10 disseminated to Samsung or others outside the Protective Orders of this Court.   Stroz Friedberg
11 will conduct an independent review of Quinn Emanuel's investigation and collection process as is
12 necessary to ensure that Quinn Emanuel's search of its own firm Documents is complete and
13 accurate.   Stroz Friedberg will interview the relevant employees of Quinn Emanuel and report to
14 Alston & Bird whether the investigation by Quinn Emanuel was adequate or whether additional
15 measures should be implemented for searching, but StrozFriedberg's report shall not disclose any
16 information provided by Quinn Emanuel to StrozFriedberg that is protected by the attorney-client
17 privilege or attorney work product doctrine.   During the review process, Quinn Emanuel will
18 provide sufficient information to Stroz Friedberg in order for Stroz Friedberg to determine
19 whether the Quinn Emanuel investigation was adequate and complete, including at least the
20 following information:
21         a.  Identity of all persons interviewed,
22         b.  Identity of all custodians from who Documents were collected and
23            preserved,
24         c.  Identity of all custodians whose Documents were electronically
25            searched,
26         d.  Description of the process or methodology used to determine the
27            existence or extent of disclosure of the Disclosed Information,
28         e.  Identity of all search terms used in any searches,

      f.   Identity of all Documents that indicated a disclosure occurred,

      g.   Identity of all Documents that indicated first awareness that a disclosure occurred, and

      h.   A description of all relevant information learned about the disclosures.

9.     After completion of the all above steps, Quinn Emanuel will, upon Nokia's request, take all necessary steps within its power to secure the return or verified destruction of the Disclosed Information or any Documents containing the Disclosed Information in the possession of the Firms, Samsung, Quinn Emanuel, and any persons to whom the Disclosed Information was further disseminated.   In the meantime, Quinn Emanuel will take all necessary steps to preserve copies of the Documents which contain the Disclosed Information in the possession of the Firms, Samsung, Quinn Emanuel, and any persons to whom the Disclosed Information was further disseminated.   Following the completion of this process, Nokia and Samsung will work together to determine whether any additional steps, including depositions or the production of unredacted Documents, will be necessary to obtain a complete understanding of the disclosure and/or use of the Disclosed Information.   In the event the parties are unable to agree on what additional steps are necessary they will present any disputed issues to the Court for resolution.

10.    The parties may ask the Court to enforce the terms of the Stipulation and resolve disputes regarding the procedures implemented under the Stipulation on an expedited basis.   If Nokia seeks the courts assistance to enforce the stipulation or resolve disputes regarding its implementation, Nokia shall be entitled to its reasonable attorneys' fees and costs associated with the any such meritorious motion.

11.    Nothing contained in this Stipulation will constitute a waiver of any claim of attorney-client privilege, attorney work product or other claims of confidentiality, and Nokia will not argue that this Stipulation constitutes any such waiver, and the Court's order confirms that under Federal Rule of Evidence 502(d) this Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.   The review of Samsung's documents by Stroz Friedberg will not constitute a waiver of any claim of attorney-client privilege, attorney work product or other

1  claims of confidentiality and Nokia will not argue that Stroz Friedberg's review of Samsung's
2  Documents constitutes any such waiver, and the Court's order confirms that under Federal Rule of
3  Evidence 502(d) the review of Samsung's documents by Stroz Friedberg shall not be deemed a
4  waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other
5  federal or state action or administrative proceeding.  The parties agree and the Court's order
6  confirms under Federal Rule of Evidence 502(d) that Samsung's voluntary or inadvertent
7  production of documents pursuant to this stipulation shall not be deemed a waiver of any claimed
8  privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action
9  or administrative proceeding.  Nothing contained in this Stipulation shall constitute a waiver of
10 any rights of Nokia with respect to the assertion of any claims relating to the disclosure and/or use
11 of the Disclosed Information, including but not limited to remedies or selection of any forum for
12 the resolution of disputes arising or relating thereto, and Nokia will be permitted to use the
13 information derived from the process in this Stipulation in any proceeding involving any claims
14 relating to the disclosure and/or use of the Disclosed Information.

16          IT IS SO STIPULATED.

18 DATED: August 18, 2013            ALSTON & BIRD, LLP

20                                   By  /s/ Ryan W. Koppelman
21                                       Randall L. Allen
                                         Ryan W. Koppelman
22                                       Attorneys for NOKIA CORPORATION

1  DATED: August 18, 2013                QUINN EMANUEL URQUHART &
2                                         SULLIVAN, LLP

4                                         By  /s/ Victoria F. Maroulis
                                              Charles K. Verhoeven
5                                             Kevin P.B. Johnson
                                              Victoria F. Maroulis
6                                             Attorneys for
7                                             SAMSUNG ELECTRONICS CO., LTD.,
                                              SAMSUNG ELECTRONICS AMERICA, INC.,
8                                             and SAMSUNG TELECOMMUNICATIONS
                                              AMERICA, LLC

### ORDER

Based on the foregoing stipulation, and for good cause shown,

**IT IS SO ORDERED.**

DATED:  October 2, 2013

The Honorable Paul S. Grewal
United States Magistrate Judge

-7-                              Case No. 12-cv-00630-LHK
STIPULATION AND [PROPOSED] ORDER RE MOTION FOR
PROTECTIVE ORDER BY NOKIA CORPORATION

DATED: August 18, 2013                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By  */s/ Victoria F. Maroulis*
                                           Charles K. Verhoeven
                                           Kevin P.B. Johnson
                                           Victoria F. Maroulis
                                           Attorneys for
                                           SAMSUNG ELECTRONICS CO., LTD.,
                                           SAMSUNG ELECTRONICS AMERICA, INC.,
                                           and SAMSUNG TELECOMMUNICATIONS
                                           AMERICA, LLC


### ORDER

Based on the foregoing stipulation, and for good cause shown,

**IT IS SO ORDERED.**

DATED:  October 2, 2013

The Honorable Paul S. Grewal
United States Magistrate Judge

## ATTESTATION

I, Victoria F. Maroulis, am the ECF User whose ID and password are being used to file this Stipulation.   In compliance with General Order 45 X.B., I hereby attest that Ryan W. Koppelman has concurred in this filing.

Dated:   August 18, 2013                              By:  */s/ Victoria F. Maroulis*
                                                                    Victoria F. Maroulis