1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16
                    UNITED STATES DISTRICT COURT
17
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
18

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 5:12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION TO (1) SHORTEN TIME FOR BRIEFING AND HEARING RE SAMSUNG'S EMERGENCY ADMINISTRATIVE REQUEST FOR A STAY AND (2) SET A BRIEFING SCHEDULE FOR SAMSUNG'S MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS (DKT. 2483, NO. 11-CV-01846; DKT. 785, NO. 12-CV-00630) RE APPLE'S MOTION FOR SANCTIONS AND MOTION FOR PROTECTIVE ORDER BY NOKIA CORPORATION**<br><br>[PROPOSED] ORDER<br><br>DECLARATION OF ROBERT J. BECHER |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court, pursuant to Civil Local Rules 6-1(b) and 6-3, to order and/or shorten the briefing schedule on:

(1) Samsung's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. 2483, in Case No. 11-01846;

(2) Samsung's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, Dkt. 785 in Case No. 12-00630;

(3) Samsung's Emergency Miscellaneous Administrative Request Pursuant to Civil L.R. to Stay October 2, 2013 Orders Pending Resolution of Samsung's Fed. R. Civ. P. 72 Objections and, if Necessary, Resolution of Petition for a Writ of Mandamus, in Case Nos. 11-01846 and 12-00630.

To ensure that Samsung has the opportunity to obtain relief before compliance with Magistrate Judge Grewal's October 2, 2013 Orders is required, Samsung respectfully requests that Apple's response to Samsung's Request to Stay be due on October 7, 2013, and that its response to Samsung's Motion for Relief be due on October 9, 2013.

## MEMORANDUM OF POINTS AND AUTHORITIES

Magistrate Judge Grewal's October 2 Order in Case No. 11-08147 (Dkt. 2483, the "Apple Order") directs Samsung to produce—***by October 16, 2013***—up to seven witnesses (many of whom will be attorneys) and thousands of irrelevant documents, rather than permit the orderly and focused procedures Samsung and Nokia agreed to use to investigate an alleged violation of the Protective Order in this case (*Apple Inc. v. Samsung*, Case No. 12-630, Dkt. 647; *see id.*, Dkt. 742; Case No. 11-1846, Dkt. 687; 2395-3). The Order sweeps far beyond the alleged violation at issue—an inadvertent disclosure of certain terms of Apple's license agreements that had been left unredacted in an otherwise heavily-redacted report—by compelling sweeping production of any communication regarding Apple's licenses with Nokia, Sharp, Ericsson and Phillips, even though three of these companies have not even appeared in this dispute. The Order also disregards

attorney-client privilege and work-product protection and invades the province of the ITC and foreign tribunals and the protective orders governing proceedings therein.

Magistrate Judge Grewal also entered on October 2 a so-ordered stipulation in Case No. 12-00630 (Dkt. 785, the "Nokia Order"), which Samsung and Nokia had submitted on August 18, 2013. The Nokia Order addresses the same issues as the Apple Order, but the two Orders conflict. For example, the Nokia Order states that Samsung's privileges are *preserved*, and yet requires Samsung to engage in activities—in particular, to give documents to a vendor, Stroz Friedberg ("Stroz")—that Apple has argued (*see* Becher Declaration in Support of Samsung's Non-dispositive Motions for Relief, Ex. A (Hearing Tr. at 71:9-12)) will lead to a waiver of privilege. Compliance with the Nokia Order will be rendered effectively moot by the Apple Order, since the Apple Order enables Nokia to receive documents it was not entitled to receive under the Stipulation and to take discovery it would not be authorized to take unless it demonstrated a sufficient need following the completion of the investigation contemplated by the stipulation. *See* Becher Motions for Relief Decl., ¶¶ 3, 7; Case No. 12-0630, Dkt. 785, at ¶ 9.

Samsung has filed concurrent Motions for Relief from each of these Orders, as well as an Emergency Miscellaneous Administrative Request Pursuant to Civil L.R. to Stay October 2, 2013 Orders Pending Resolution of Samsung's Fed. R. Civ. P. 72 Objections and, if Necessary, Resolution of Petition for a Writ of Mandamus, in Case Nos. 11-01846 and 12-00630. The default schedule for these motions, however, does not provide sufficient time for Samsung to obtain review of the magistrate judge's order before compliance is required. Apple's opposition to Samsung's Request to Stay normally would be due under the Rules by October 10, 2013, L.R. 7-11(b), but Samsung cannot wait that long to determine whether Magistrate Judge Grewal's Orders will be stayed given the October 16, 2013 deadline. In particular, if Samsung cannot promptly obtain a stay from this Court of the magistrate judge's unprecedented order, it will need to file a petition for a writ of mandamus and seek a stay in the Federal Circuit well in advance of the October 16 deadline. *E.g., Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (party suffers irreparable harm by erroneous disclosure of privileged documents).

Accordingly, Samsung respectfully requests that the Court shorten the briefing schedule for its Motions for Stay and order the following briefing schedule for its Motions for Relief:

1. Apple's Oppositions to Samsung's Motions for Stay will be filed on or before October 7, 2013;
2. Apple's Oppositions to Samsung's Motions for Relief will be filed on or before October 9, 2013;
3. Samsung will waive any reply; and
4. Samsung requests any hearing be held on October 11, 2013 or at the Court's earliest availability.

Counsel for Samsung contacted counsel for Apple in an effort to reach agreement with respect to the briefing and hearing schedule outlined above.   *See* Becher Motion to Shorten Decl., ¶ 7 and Ex. A.   Apple did not agree to Samsung's proposed schedule, and indicated that it would oppose Samsung's Motion.   *Id.*

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court shorten time for briefing and hearing on Samsung's Emergency Administrative Request for Stay and set a briefing schedule for Samsung's Motions for Relief from Non Dispositive Pretrial Orders of Magistrate Judge.

| | | |
|---|---|---|
| 1 | DATED: October 6, 2013 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ Victoria F. Maroulis
Charles K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael T. Zeller

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC