QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S EMERGENCY MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO CIVIL L.R. 7-11 TO STAY OCTOBER 2, 2013 ORDERS PENDING RESOLUTION OF SAMSUNG'S FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY, RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS;**<br><br>**DECLARATION OF ROBERT J. BECHER**<br><br>**[PROPOSED] ORDER** |

02198.51855/5549856.4

Case No. 12-cv-00630-LHK
SAMSUNG'S EMERGENCY ADMINISTRATIVE MOTION FOR STAY OF OCTOBER 2, 2013 ORDERS PENDING RESOLUTION OF ITS FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY, RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS

Pursuant to Local Rule 7-11, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order staying Magistrate Grewal's October 2 Orders (Dkt. 2483 in Case No. 11-1846 and Dkt. 785 in Case No. 12-630) pending resolution of Samsung's objections to those Orders under Fed. R. Civ. P. 72 and, if necessary, resolution of a petition for a writ of mandamus to the United States Court of Appeals for the Federal Circuit.[1]

**Introduction**

Magistrate Judge Grewal's October 2 Order in Case No. 11-1846 (Dkt. 2483, the "Order") directs Samsung to produce—in two weeks' time—up to seven witnesses (many of whom will be attorneys) and thousands of irrelevant documents, rather than permit the orderly and focused procedures Samsung and Nokia agreed to use to investigate an alleged violation of the Protective Order in this case.  *Apple Inc. v. Samsung*, Case No. 12-630, Dkt. 647; *see id.*, Dkt. 742; Case No. 11-1846, Dkt. 687; Dkt. 2395, at 4-5.  The Order sweeps far beyond the alleged violation at issue—an inadvertent disclosure of certain terms of Apple's license agreements that had been left unredacted in an otherwise heavily-redacted report—by compelling sweeping production of ***any communication*** regarding Apple's licenses with ***Nokia, Sharp, Ericsson and Phillips***, even though three of these companies have not even appeared in this dispute.  The Order also disregards attorney-client privilege and work-product protection and invades the province of the ITC and foreign tribunals.

Magistrate Judge Grewal also entered on October 2 a so-ordered stipulation in Case No. 12-630 (Dkt. 785, the "Stipulation"), which Samsung and Nokia had submitted on August 18, 2013. The Stipulation addresses the same issues as the Order, but the Order goes far beyond the

---

[1] While rare in other contexts, the writ of mandamus is an appropriate remedy for orders that, as here, erroneously require disclosure of attorney-client privileged documents, as the Federal Circuit has repeatedly recognized.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1376 (Fed. Cir. 2007) (*en banc*); *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1297-98 (Fed. Cir. 2006); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1373-74 (Fed. Cir. 2001); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 808 (Fed. Cir. 2000); *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390-91 (Fed. Cir. 1996).

02198.51855/5549856.4

-1-                           Case No. 12-cv-00630-LHK
SAMSUNG'S EMERGENCY ADMINISTRATIVE MOTION FOR STAY OF OCTOBER 2, 2013 ORDERS
PENDING RESOLUTION OF ITS FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY,
RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS

Stipulation. The Stipulation states that Samsung's privileges are **preserved**, and yet requires Samsung to engage in activities—in particular, to give documents to a vendor, Stroz Friedberg ("Stroz")—that Apple has (wrongly) argued and Magistrate Judge Grewal has suggested (*see* Becher Decl., Ex. A (Hearing Tr. at 71:9-12)) will lead to a waiver of privilege.  Compliance with the Stipulation will be rendered effectively moot by the Order, since the Order enables Nokia to receive documents it was not entitled to receive under the Stipulation and to take discovery it would not be authorized to take unless it demonstrated a sufficient need following the completion of the investigation contemplated by the Stipulation.  *See* Becher Decl., ¶¶ 3, 7; Case No. 12-0630, Dkt. 785, at ¶ 9.

Both Orders should be stayed pending appeals to this Court, and proceedings before the Federal Circuit which will follow absent relief here.  This Court should exercise its discretion to enter the stay.  *First*, a stay is necessary to preserve Samsung's privileges.  Apple has insisted that the Order requires the production of vast amounts of privileged documents *en masse* without any findings to justify piercing the privilege; and that compliance with the Stipulation would amount to a wholesale waiver of the privilege.  To require Samsung to produce privileged documents before its motions are heard could moot its privilege objections entirely, thus unfairly defeating Samsung's appellate rights altogether.  *Second*, a stay is necessary because the Order imposes enormous burdens and raises fundamental issues relating to the ITC proceeding and protective orders entered in that and other proceedings.  *Third*, if these Orders are not stayed and reversed, Samsung will have to seek discovery against Apple, and a stay will prevent a major round of satellite litigation that will be a burden and distraction at a time when this Court and the parties are preparing for trial.

## Argument

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez,* 558 F.3d 896, 896 (9th Cir. 2009); *see Coleman v. Schwarzenegger*, 2008 WL 4415324, at *5 (N.D. Cal. and E.D. Cal. Sept. 25, 2008) (applying factors to stay of magistrate judge order).  These factors also

apply in determining whether a stay pending a petition for writ of mandamus is warranted. *Powertech Tech. Inc. v. Tessera, Inc.*, 2013 WL 1164966, *1 (N.D. Cal. Mar. 20, 2013). Each factor is satisfied here.

*First*, for all the reasons discussed in its Rule 72 objections, Samsung is likely to succeed in vacating the overbroad and unprecedented October 2 Orders. The Order directs Samsung to disclose vast amounts of information without any analysis or inquiry into issues of privilege and work-product protection, let alone the required document-by-document inquiry that must be undertaken before important privileges are overruled. The Order also imposes a disproportionate and substantial burden on Samsung. It requires Samsung to produce documents that have no connection to the alleged protective order violation. Further, compliance would invade the jurisdiction of the ITC and potentially require the disclosure of confidential business information to Nokia in violation of the ITC protective order. The Stipulation is also fundamentally flawed in light of Apple's insistence that, notwithstanding the agreement between Samsung and Nokia as to privilege issues, compliance with the procedure set forth in the Stipulation would result in waiver of privilege.

The Orders are thus subject to reversal by this Court, both under the *de novo* standard of review that applies, *see* Samsung's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Re: Dkt. 2483) at 2, and under any less stringent other standard of review. Fed. R. Civ. P. 72. The Orders also constitute the "clear abuse of discretion" required for mandamus relief, *In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012), particularly given Apple's position that they overrule Samsung's privilege objections without any supporting factual findings or legal authority or other basis. *See generally id.* at 1342 ("mandamus may properly be used as a means of immediate appellate review of orders compelling the production of documents claimed to be protected by privilege or other interests of confidentiality"); *In re U.S.*, 669 F.3d 1333, 1336 (Fed. Cir. 2012) ("[T]his court has issued the writ in appropriate cases to prevent the wrongful exposure of privileged or confidential communications.").

*Second*, absent a stay, Samsung will be seriously and irreparably harmed. Compliance in gathering and producing the irrelevant, overbroad information that goes far beyond the alleged

protective order violation will be costly, and Apple has demanded that these documents be produced literally in a matter of days, in advance of the depositions, an impossible burden. Becher Decl., ¶ 9, Ex. B.  Compliance may also improperly force Samsung and its witnesses to produce documents and testify on matters that are subject to the protective orders entered by the ITC, which cannot be modified due to the government shutdown.  *See In re Grand Jury Subpoena Duces Tecum Dated Apr. 19, 1991*, 945 F.2d 1221, 1226 (2d Cir. 1991) (suggesting a court issuing an order which would require a party to violate a protective order in another matter "might well consider staying its ruling to allow the parties to ask the sealing court to modify the protective order").  Moreover, Apple is arguing that compliance requires Samsung to disclose information that is protected by the attorney-client privilege and that constitutes attorney work-product—and such disclosures cannot be undone later.  *See, e.g.*, *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (noting the "irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications"); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again."); *accord In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 804-05 (Fed. Cir. 2000).

***Third***, the balance of the equities favors Samsung because a stay will not cause any harm to Apple or any third party, but will protect Samsung from the potentially wrongful and irrevocable disclosure of privileged information.  If a stay is entered and Samsung is successful in challenging the October 2 Orders in this Court or in the Federal Circuit, then the only injury that can be claimed by Apple is that it will not receive information to which it was not entitled.  If a stay is entered and Samsung is unsuccessful in obtaining *vacatur*, then Apple and Nokia will suffer only a short delay, which is "occasioned by almost all interlocutory appeals" and "does not constitute substantial harm," *U.S. v. Philip Morris*, 314 F.3d 612, 622 (D.D.C. 2003), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 104 n.1 (2009), particularly given that this entire dispute relates to a collateral investigation of an alleged protective order violation.  Conversely, the denial of a stay would cause Samsung immediate and irreparable harm, as set forth above.

*Finally*, the public interest favors a stay. As the Supreme Court has recognized, the attorney-client privilege is intended to advance the "broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Spalding*, 203 F.3d at 804 ("[T]he maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice[.]"). It is therefore in the public interest to ensure that privileged information is not erroneously disclosed pursuant to order. It is also in the public interest, and in the interests of comity, to ensure that this Court does not impinge upon the protective order of other tribunals such as the ITC. *See Feller v. Brock*, 802 F.2d 722, 727 (4th Cir. 1986) (courts should avoid issuing conflicting orders). The public has no interest in the materials that must be produced pursuant to October 2 Orders, as those materials would remain subject to the protective order entered in this action even if produced. Thus, as with the other factors, the public-interest factor weighs in favor of granting a stay so that Samsung is not required to disclose privileged materials before Magistrate Judge Grewal's Orders have been subjected to appellate review.

## Conclusion

For the foregoing reasons, the Court should stay the October 2, 2013 Orders pending resolution of Samsung's objections under Fed. R. Civ. P. 72 and, if necessary, resolution of a petition for a writ of mandamus to the Federal Circuit.

DATED: October 6, 2013         QUINN EMANUEL URQUHART &
                               SULLIVAN, LLP


                               By  /s/ *Victoria F. Maroulis*
                                   Charles K. Verhoeven
                                   Kevin P.B. Johnson
                                   Victoria F. Maroulis
                                   William C. Price
                                   Michael T. Zeller
                                   Attorneys for SAMSUNG ELECTRONICS
                                   CO., LTD., SAMSUNG ELECTRONICS
                                   AMERICA, INC., and SAMSUNG
                                   TELECOMMUNICATIONS AMERICA, LLC

02198.51855/5549856.4

-5-   Case No. 12-cv-00630-LHK
SAMSUNG'S EMERGENCY ADMINISTRATIVE MOTION FOR STAY OF OCTOBER 2, 2013 ORDERS
PENDING RESOLUTION OF ITS FED. R. CIV. P. 72 OBJECTIONS AND, IF NECESSARY,
RESOLUTION OF PETITION FOR A WRIT OF MANDAMUS