QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 5:12-cv-00630-LHK (PSG)<br><br>**SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (RE: DOCKET NO. 785), STIPULATION AND ORDER RE MOTION FOR PROTECTIVE ORDER BY NOKIA CORPORATION;**<br><br>**DECLARATION OF ROBERT J. BECHER**<br><br>**[PROPOSED] ORDER** |

02198.51855/5550504.6

Case No. 12-cv-00630-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL
ORDER OF MAGISTRATE JUDGE RE: DOCKET NO. 785

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Local Rules 7-11 and 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Samsung will and hereby does move the Court to vacate Magistrate Judge Grewal's Stipulation and Order re Motion for Protective Order by Nokia Corporation, entered October 2, 2013. Dkt. 785.

This is an appeal from a so-ordered stipulation whose purpose has now been defeated or preempted by Magistrate Judge Grewal's simultaneous entry of a related Order on October 2 on Apple's motion for compelled discovery or sanctions (Case No. 11-1846, Dkt. 2483 ("Order")). Samsung agreed to the stipulation with Nokia in August 2013 after learning from Nokia that there may have been inadvertent disclosure to Samsung of the terms of an Nokia-Apple license. The stipulation was intended to create a carefully-tailored approach to investigating any use of the disclosure and Samsung been complying with it since then. The stipulation provided for document review and then production of a log with the assistance of an e-discovery vendor (Stroz Friedberg), and Samsung had invited Apple to suggest search terms and offered to make available to Apple the results of the investigation provided that Apple agreed, as Nokia had, that doing so would not waive the privilege. In contrast, the Magistrate Judge has now ordered, upon Apple's motion, sweeping discovery of documents ranging far beyond the inadvertent Nokia-Apple license disclosure, which Apple claims is without regard to attorney-client privilege and work-product objections, and without consideration of conflicting protective orders in other jurisdictions, unleashing a wide-ranging satellite litigation on the eve of a new trial in that case.

Following the entry of the Order, Samsung has no choice but to seek relief from the stipulation. The Order would provide for production—to Apple and Nokia, not just Stroz—of everything that might ultimately be included in the log called for by the stipulation and voluminous additional information as well that is irrelevant to the reasons for the initial investigation. Similarly, while Samsung was prepared to offer by declaration all relevant information relating to the inadvertent disclosures in foreign proceedings, the Apple Order now requires testimony by a Samsung 30(b)(6) witness on that issue. The stipulation is thus redundant of the Order, except to the extent that its enforcement, through use of outside vendor Stroz, would

02198.51855/5550504.6

-1-   Case No. 12-cv-00630-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL
ORDER OF MAGISTRATE JUDGE RE: DOCKET NO. 785

give Apple a basis to argue (incorrectly[1]) that Samsung has waived the privilege by disclosing documents to Stroz, and would give Nokia a basis for seeking even more discovery once the log is completed. Samsung stands ready to comply with the stipulation, and to withdraw this appeal, should the Court reverse or narrowly limit the Order and reject Apple's waiver argument. Absent such relief, the stipulation should be vacated because it has been gutted of its intended purpose and benefits.

## Statement of Facts

**Nokia's Motion and Quinn Emanuel's Investigation.** Nokia first notified Samsung of the possibility that Samsung employees had obtained information regarding the alleged confidential financial terms of Apple's license with Nokia on July 1, 2013, when Nokia moved for a protective order in this case. Case No. 11-1846, Dkt. 2395-03, Declaration of Thomas Pease ("Pease Decl."), ¶ 3. In accordance with the terms of the Protective Order provision governing such inadvertent disclosures, Samsung and Quinn Emanuel promptly initiated an investigation and determined that Quinn Emanuel had sent an expert report to Samsung that had been redacted to remove confidential information, but that had inadvertently left in a statement concerning certain terms of the royalties due under the Nokia-Apple license. *Id.* ¶¶ 4, 6. On July 16, 2013, Quinn Emanuel notified Nokia of the inadvertent disclosures it had identified; on August 1, following completion of its initial investigation, Quinn Emanuel provided additional information to Nokia and also notified Apple. *Id.* ¶¶ 10-13, Exhs. A, B, C.

**The Stipulation Between Samsung and Nokia.** On August 18, 2013, Samsung and Nokia filed a stipulation that set forth their agreement regarding Samsung's continued investigation of the inadvertent disclosures and Nokia's withdrawal of its motion for a protective order (Dkt. 742, the "Stipulation"). Nokia and Samsung had negotiated a detailed agreement so

---

[1] A disclosure to Stroz is not a waiver. *E.g.*, *S.E.C. v. Roberts*, 254 F.R.D. 371, 381-82 (N.D. Cal. 2008) (disclosure to independent third-party auditors did not waive privilege where assistance was "necessary for [party] to properly conduct [its] investigation"); *Samuels v. Mitchell*, 155 F.R.D. 195, 201 (N.D. Cal. 1994) (similar); *S.E.C. v. Schroeder*, 2009 WL 1125579, at *6 (N.D. Cal. April 27, 2009) ("Work product protection is not waived by any disclosure to third parties.").

that the issue would be handled effectively, cooperatively and without burdening the Court. Samsung agreed to use its best efforts to do the following within 45 days, "with the objective of identifying and reporting on the totality of all disseminations to, references about and uses of" the confidential information "to or by parties not subject to the Protective Orders of this Court":

1) Retain computer forensics firm Stroz Friedberg, at its own expense, "to conduct an independent audit of the files of the Samsung employees identified [by Samsung] as recipients of the Disclosed Information," for the purpose of collecting and preserving any documents within Samsung evidencing "(i) receipt or dissemination of the Disclosed Information and/or (ii) any use of, or reference to, the Disclosed Information by Samsung," and expanding the audit to include any additional Samsung employees who are identified as having received or used the information (*id*. ¶ 5); and

2) Request Stroz Friedberg to "prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees," including by identifying "the author or sender and all recipients of any identified Documents; the date and time; the subject line and a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information" (*id*. ¶ 7).

Pursuant to the Stipulation, Nokia was permitted to request documents only "[a]fter reviewing the log with any Quinn Emanuel redactions." *Id.* ¶¶ 7, 9. The Stipulation expressly provided (*id.* ¶ 11) that Stroz's work would not waive privilege or work-product protection:

> Nothing contained in this Stipulation will constitute a waiver of any claim of attorney-client privilege, attorney work product or other claims of confidentiality, and Nokia will not argue that this Stipulation constitutes any such waiver, and the Court's order confirms that under Federal Rule of Evidence 502(d) this Stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding. The review of Samsung's documents by Stroz Friedberg will not constitute a waiver of any claim of attorney-client privilege, attorney work product or other claims of confidentiality and Nokia will not argue that Stroz Friedberg's review of Samsung's Documents constitutes any such waiver, and the Court's order confirms that under Federal Rule of Evidence 502(d) the review of Samsung's documents by Stroz Friedberg shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding. The parties agree and the Court's order confirms under Federal Rule of Evidence 502(d) that Samsung's voluntary or inadvertent production of documents pursuant to this stipulation shall not be deemed a waiver of any claimed privilege or protection in the NDCA II case, the NDCA I case or any other federal or state action or administrative proceeding.

**Apple's Motion to Compel Further Discovery and for Sanctions.** On August 23, Apple filed its own motion to compel and for sanctions. Although Apple acknowledged that "some of the procedures identified in that stipulation may be appropriate to investigate the scope"

of the inadvertent disclosures, it sought additional discovery, including the production of Samsung's privileged documents. Case No. 11-1846, Dkt. 2374-2, at 3 n.1. In Opposition, Samsung argued that Apple identified no authority that entitled it to the production of privileged documents (Case No. 11-1846, Dkt. 2395-03, at 10), but offered to provide Apple with the materials created by Stroz "provided that Apple, like Nokia, agrees that Samsung's provision of this information will not result in a waiver of the attorney-client privilege" or attorney work product protection (*id.* at 1). In reply, Apple for the first time suggested that the privilege had been vitiated by the crime-fraud exception and asked the Magistrate Judge to "[a]t the very least" order *in camera* review. Case No. 11-1846, Dkt. 2410-02, at 6-10.

**The October 1, 2013 Hearing.** During the October 1, 2013 hearing on Apple's Motion, Magistrate Judge Grewal posited that Quinn Emanuel's provision of documents to Stroz for review resulted in a privilege waiver. Becher Decl. Ex. A (Tr. 40:7-41:14). Quinn Emanuel explained that the terms of the (not yet ordered) Stipulation provided that Stroz's work would not result in a waiver. *Id.* at 41:1-6. The Magistrate Judge responded: "They [Nokia] may have agreed, but what does that say vis a vi [sic] other third parties?" *Id.* at 41:7-8. Quinn Emanuel further explained that it had retained and was supervising Stroz, had not allowed Nokia access to any privileged information and that Stroz's deliverable was a log that would be redacted to eliminate any privileged information. *Id.* at 56:12-19, 57:21-58:2, 61:14-62:1. After the Magistrate Judge's comments, Apple's counsel stated for the first time: "Now, we are not a party to this Stipulation. If Stroz really is independent and they look at the information, that's not privileged. Certainly not privileged as to us who is not a party to this stipulation and hasn't signed it." *Id.* at 71:9-12.

**The October 2, 2013 Orders.** The Magistrate Judge entered the Stipulation at the same time as it entered the Order. Dkt. 785; Case No. 11-1846, Dkt. 2483. As discussed in Samsung's concurrent appeal, the Order requires overbroad and burdensome discovery that goes well beyond any alleged violation of the protective order in this case and that is far in excess of discovery contemplated under the Stipulation. While the Order does not address privilege, Apple maintains that it requires production of un-redacted copies of all documents covered by the Order, including

privileged and work-product documents. Becher Decl., ¶ 11, Exs. D-G.

**Argument**

The Stipulation should be vacated because the orderly procedure it contemplated has been abrogated by the Order, because compliance could (wrongly) put Samsung's privileged documents at risk, and because it invites yet another round of burdensome depositions and discovery.

**I.    The Stipulation Should Be Vacated To Protect Privilege**

The Magistrate Judge materially altered one of the fundamental conditions upon which the Stipulation was based through his statements at the hearing that it may not preserve privilege with respect to non-signatories such as Apple. Seizing on these statements, Apple maintains that Samsung cannot assert any privilege in response to the Apple Order. *See* Becher Decl., ¶ 11, Exs. D-G. Although Samsung believes the privilege is preserved regardless, the entry of the Apple Order has created a "double whammy" for Samsung whereby Samsung's compliance with the Stipulation itself will give Apple a basis to argue for waiver. Absent assurance that the non-waiver provisions of the Stipulation apply as to Nokia and Apple alike, the Stipulation has been materially altered in a manner that renders it impossible for Samsung to comply with it.

**II.    The Stipulation Should Be Vacated Because It Has Been Effectively Abrogated**

The Stipulation provided a carefully-negotiated process to ensure the thorough investigation of Samsung's and Quinn Emanuel's compliance with the protective order on a step-by-step basis. Now, however, the processes set forth in the Stipulation are wholly subsumed by the requirements in the Order. Both the so-ordered Stipulation and the Order address the same alleged Protective Order violations. Both require Samsung to collect and produce information, with the Order in Case No. 11-1846 requiring Samsung to produce everything encompassed by the Stipulation and much more. Nokia's agreement in the Stipulation to receive a log and then, if necessary and justified, seek additional targeted discovery from Samsung is effectively mooted because the Order already permits Nokia to obtain such discovery (and much more). In light of the entry of the Order, Samsung should not be required to simultaneously comply with the Stipulation, and, unless the Order is reversed or substantially limited, the Magistrate Judge's order entering the Stipulation should be vacated.

1  DATED: October 6, 2013         QUINN EMANUEL URQUHART &
2                                                      SULLIVAN, LLP
3
4                                                      By /s/ *Victoria F. Maroulis*
                                                           Charles K. Verhoeven
5                                                          Kevin P.B. Johnson
                                                           Victoria F. Maroulis
6                                                          William C. Price
                                                           Michael T. Zeller
7
8                                                      Attorneys for SAMSUNG ELECTRONICS CO.,
                                                       LTD., SAMSUNG ELECTRONICS AMERICA,
9                                                      INC. and SAMSUNG
                                                       TELECOMMUNICATIONS AMERICA, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02198.51855/5550504.6

-6-                               Case No. 12-cv-00630-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL
ORDER OF MAGISTRATE JUDGE RE: DOCKET NO. 785