# Exhibit A

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                           SAN JOSE DIVISION

 4


 5
       APPLE, INC.,                    )    CV-11-1846-LHK
 6                                     )
                      PLAINTIFF,       )    SAN JOSE, CALIFORNIA
 7                                     )
                VS.                    )    OCTOBER 1, 2013
 8                                     )
       SAMSUNG ELECTRONICS, ET AL,     )    PAGES 1-76
 9                                     )
                      DEFENDANT.       )
10                                     )

11

12                       TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE PAUL S. GREWAL
13                     UNITED STATES DISTRICT JUDGE

14

15     A P P E A R A N C E S:

16     FOR THE PLAINTIFF:      WILMER PICKERING HALE & DORR LLP
                               BY:  WILLIAM F. LEE
17                                  JOSEPH J. MUELLER
                               60 STATE STREET
18                             BOSTON, MA 02109

19     FOR THE DEFENDANT:      THE LAW CENTER/USC
                               BY:  SUSAN ESTRICH
20                             UNIVERSITY PARK
                               LOS ANGELES, CA 90089-0071
21


22     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
       PRODUCED WITH COMPUTER.
23

24               APPEARANCES CONTINUED ON THE NEXT PAGE

25     OFFICIAL COURT REPORTER:        SUMMER FISHER, CSR, CRR
                                       CERTIFICATE NUMBER 13185
```

```
 1    FOR THE PLAINTIFF:      WILMER HALE
                              BY:  MARK SELWYN
 2                            950 PAGE MILL ROAD
                              PALO ALTO, CA 94304
 3

 4    FOR THE DEFENDANT:      QUINN EMANUEL
                              BY:  ROBERT BECHER
 5                            865 SOUTH FIGUEROA STREET
                              LOS ANGELES, CA 90017
 6

 7    FOR THE MOVANT:         ALSTON AND BIRD
      NOKIA                   BY:  RANDALL ALLEN
 8                            275 MIDDLEFIELD ROAD, SUITE 150
                              MENLO PARK, CA 94025
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      BEEN DIFFERENT.
2           OUR BIGGER CONCERN IS THIS YOUR HONOR, AND THIS GOES TO
3      THE SECOND HALF OF MY SECOND POINT, THE ISSUE OF APPLE'S
4      LICENSING ACTIVITIES WITH SAMSUNG WAS AN ISSUE IN THE 1846
5      CASE, IT'S AN ISSUE IN THE 630 CASE, JUST TWO WEEKS AGO SAMSUNG
6      FILED EXPERT REPORTS SPECIFICALLY RELYING UPON THE LICENSING
7      HISTORY AMONG THE PARTIES.
8           THE ISSUE IS ALSO AN ISSUE PRESENTLY BEING LITIGATED ALL
9      OVER THE WORLD IN JAPAN, KOREA, GERMANY, EUROPEAN COMMISSION
10     BEFORE THE DG COMP, AUSTRALIA, AND A NUMBER OF OTHER
11     JURISDICTIONS.
12              THE COURT:  NETHERLANDS.
13              MR. LEE:  YES.
14         AND ALL OF OUR INFORMATION HAS GONE -- THIS CONFIDENTIAL
15     INFORMATION WHICH I THINK YOUR HONOR KNOWS EXTENDS BEYOND
16     NOKIA, IT EXTENDS TO ERICSSON, SHARP AND PHILLIPS.
17         AND INCIDENTALLY YOUR HONOR, SAMSUNG IS IN LITIGATION WITH
18     ERICSSON.  AND OUR CONFIDENTIAL INFORMATION ABOUT OUR
19     AGREEMENTS WITH ERICSSON HAS GONE TO THEM AS WELL.
20          ALL OF THIS INFORMATION AS WELL HAS GONE TO THE LAWYERS
21     WHO ARE LITIGATING THIS ISSUE IN THE FOREIGN JURISDICTIONS.  SO
22     THERE ARE TWO EXAMPLES OF MISUSE BEFORE YOUR HONOR.
23          THERE IS THE ONE THAT'S IN THE DECLARATION THAT WAS FILED
24     ON JULY 1ST, AND I THINK YOUR HONOR, ONE VERY IMPORTANT POINT
25     IS THIS, THAT DECLARATION HAS BEEN BEFORE YOU FOR 90 DAYS.  NO

1    ONE HAS SAID IT'S NOT TRUE.  AND IT'S QUITE SPECIFIC.  NO ONE
2    HAS SAID IT'S NOT TRUE.
3         AND WE THEN HAVE ALL THIS INFORMATION GOING TO OTHER
4    VENUES WHERE THE ISSUE OF OUR LICENSING ACTIVITY IS BEING
5    LITIGATED WHERE FRANKLY SAMSUNG HAS BEEN CONSTRUCTING AN UN
6    WILLING LICENSEE DEFENSE OR ATTACK ON US.  AND THE CHRONOLOGY
7    WOULD SUGGEST THIS MATERIAL HAS BEEN USEFUL AND USED.
8         THE THIRD POINT IS THIS, YOUR HONOR, SOMETIMES PROTECTIVE
9    ORDER VIOLATIONS ARE JUST SEEKING SANCTIONS THAT ARE
10   RETROSPECTIVE OR PARTIALLY REVIEWABLE IN ORDER, AND THAT
11   CLEARLY MIGHT BE AN ISSUE AT THE END OF THE DAY HERE.  BUT THIS
12   ONE IS DIFFERENT BECAUSE OF ALL THESE LITIGATION PROCEEDINGS.
13        WE ARE GOING TO LITIGATE THIS IN THE 630 CASE IN MARCH.
14   WE ARE GOING TO LITIGATE IT IN JAPAN, KOREA, GERMANY,
15   AUSTRALIA, DG COMP.  IT IS BEING LITIGATED ON A DAILY BASIS.
16   AND EVERYBODY LITIGATING AGAINST US IS ARMED WITH OUR
17   CONFIDENTIAL INFORMATION.
18        SO THERE IS AN IMMEDIACY AND A PROSPECTIVE NATURE THAT IS
19   A LITTLE DIFFERENT THAN MANY PROTECTIVE ORDER ISSUES.
20             THE COURT:  CAN I ASK YOU, MR. LEE, WITH RESPECT TO
21   THE 630 CASE IN PARTICULAR, IT WOULD SEEM THAT THE PREJUDICE
22   THAT YOU'VE JUST DESCRIBED IS LESS SIGNIFICANT.  AFTER ALL,
23   SAMSUNG IS YOUR ADVERSARY IN THAT PROCEEDING, WE'RE IN THE SAME
24   COURT, JUDGE KOH IS THE SAME JUDGE.
25        SO COULD YOU ARTICULATE THE BURDEN OR THE PREJUDICE YOU

1  FACE IN THIS CASE.
2          MR. LEE:  SURE.
3       YOUR HONOR, IT'S A GOOD QUESTION BECAUSE IF THE
4  INFORMATION HAD JUST GONE TO THEIR OUTSIDE COUNSEL, THEY COULD
5  HAVE CONSTRUCTED, THEY MIGHT HAVE USED IT TO CONSTRUCT A
6  DEFENSE.
7       BUT THIS IS DIFFERENT.  YOUR HONOR HAS FREQUENTLY SEEN
8  PROTECTIVE ORDERS THAT PROHIBIT INFORMATION ABOUT A DEFENDANT'S
9  PRODUCT FROM GOING TO LAWYERS THAT PROSECUTE A PATENT.
10       THIS IS OUR INFORMATION GOING TO PEOPLE OUTSIDE OF QUINN
11  EMANUEL WHO HAVE NO RIGHT TO SEE IT WHO ARE ACTUALLY
12  CONSTRUCTING A DEFENSE BASED UPON EVENTS IN REAL TIME.
13       SO THIS IS MORE AKIN TO SOMEONE CONSTRUCTING A CLAIMS OF
14  A PENDING PATENT APPLICATION BASED UPON INFORMATION THEY
15  SHOULDN'T HAVE.  AND BECAUSE THE LICENSING ACTIVITY, RIGHT, FOR
16  THE 630 IS NOT JUST HISTORICAL, IN TERMS OF WHAT OCCURRED
17  BEFORE THE FILING OF THE COMPLAINT
18          THE COURT:  NO, IT'S PROSPECTIVE BY DEFINITION,
19  RIGHT.
20          MR. LEE:  IT'S PROSPECTIVE.
21       AND ALL THE EVENTS OCCURRED -- AND AGAIN WITHOUT GETTING
22  INTO CONFIDENTIAL INFORMATION, THE ITC'S DECISION OF THE 794
23  PATENT, THE PUBLIC VERSION TALKS ABOUT THE LICENSING
24  DISCUSSIONS THAT OCCURRED BETWEEN US AFTER THE TRIAL WAS OVER.
25          SO THIS -- THAT'S THE IMMEDIACY OF THE ISSUE AND THE

```
 1   TO GET THE INFORMATION, THERE'S A MECHANISM WE HAVE IN PLACE TO
 2   PROVIDE THAT INFORMATION TO NOKIA, AND AGAIN, AND TO APPLE WE
 3   INVITED TO COME IN TO THAT.
 4        AND THEN FROM THERE IF THEY ARE NOT SATISFIED, WE CAN GO
 5   FURTHER.
 6             THE COURT:  ALL RIGHT.
 7       SO IN THE INTEREST OF NOT BEING CAGEY, ARE THERE ANY
 8   RESTRICTIONS WHATSOEVER ON WHAT NOKIA CAN LEARN ABOUT /STROE'S
 9   INVESTIGATION.
10             MS. ESTRICH:  THE ONLY RESTRICTIONS WOULD BE
11   PRIVILEGE, YOUR HONOR.  AND WE HAVE A PROCEDURE.
12             THE COURT:  WELL, IF YOU DISCLOSE IT TO STROZ THEY
13   ARE NOT YOUR AGENT, CORRECT?
14             MR. ZELLER:  THERE'S A PROVISION IN THE STIPULATION.
15             MS. ESTRICH:  THERE IS A PROVISION IN THE STIPULATION
16   THAT STROZ IS SEEKING, AND THEN WE WILL PREPARE THE LOG.  AND
17   IF THERE ARE ISSUES OF PRIVILEGE IF THERE ARE DOCUMENTS ON THAT
18   LOG AS TO WHICH NOKIA OR APPLE HAS AN INTEREST IN SEEING IN AN
19   UNREDACTED FORM, RAISING PRIVILEGE ISSUES, WE WOULD ADDRESS
20   THOSE ISSUES AT THAT TIME COME TO THE COURT FOR THE COURT TO
21   ADDRESS THIS.
22             THE COURT:  SO IS STROZ WORKING FOR QUINN OR IS STROZ
23   WORKING FOR SAMSUNG OR NOKIA?
24             MS. ESTRICH:  STROZ IS INDEPENDENT.  WE ARE PAYING
25   THEM.  WE ARE WITH THEM BECAUSE OF THE PRIVILEGE ISSUES.
```

```
 1             THE COURT:  SO HOW CAN YOU PRESERVE A PRIVILEGE BY
 2    DISCLOSING INFORMATION TO THEM?
 3             MR. ZELLER:  BECAUSE YOUR HONOR, THEY -- UNDER THE
 4    TERMS OF THE STIPULATION, THEY HAVE AGREED THAT IT IS NOT A
 5    WAIVER.
 6             MS. ESTRICH:  THAT IS WHY.
 7             THE COURT:  THEY MAY HAVE AGREED, BUT WHAT DOES THAT
 8    SAY VIS A VI OTHER PARTIES?
 9         I'M AT A BIT OF A LOSS.  IT'S ONE THING IF THEY ARE YOUR
10    AGENT OR UNDER YOUR CUSTODY OR CONTROL.  YOU ARE TELLING ME
11    THEY ARE INDEPENDENT ON THE ONE HAND, AND ON THE OTHER HAND YOU
12    ARE SAYING YOU CAN DISCLOSE ALL SORTS OF PRIVILEGE AND WORK
13    PRODUCT INFORMATION TO THEM WITHOUT ANY WAIVER WHATSOEVER.
14             MR. ZELLER:  THAT'S THE AGREEMENT, YOUR HONOR.
15             MS. ESTRICH:  CORRECT.  THAT WAS OUR AGREEMENT.
16          STROZ WAS SUGGESTED NOT BY US WE SUGGESTED A DIFFERENT
17    VENDOR FRANKLY WHO HAD WORKED WITH US IN THE PAST.  NOKIA ASKED
18    THAT WE USE STROZ.  WE AGREED.
19          STROZ HAS COME IN UNDER THE TERMS OF THE STIPULATION IN
20    ORDER TO DO A FULL AND THOROUGH INVESTIGATION.
21         WE ARE LITERALLY AN OPEN BOOK.  NOT ONLY IN KOREA BUT
22    AROUND THE WORLD TO STROZ.  AND THEY ARE IN TURN PROVIDING A
23    PRIVILEGE LOG WHICH WOULD THEN BE THE BASIS FOR ANY, A FULL
24    LOG, SOME OF WHICH WILL HAVE PRIVILEGED INFORMATION, AND AT THE
25    APPROPRIATE TIME IF APPLE FEELS THERE ARE DOCUMENTS ON THAT LOG
```

1    THAT THEY HAVE A RIGHT TO SEE IN AN UNREDACTED FORM, WE WOULD
2    COME TO YOUR HONOR AND ADDRESS THOSE ISSUES.
3         THE STIPULATION ALSO PROVIDES THAT THE CONCLUSION OF THIS
4    INITIAL INVESTIGATION, WHICH IS A VERY BROAD INVESTIGATION, WE
5    ARE IMAGING THE HARD DRIVES OF EVERY SINGLE PERSON WHO RECEIVED
6    ANY E-MAIL ON ANY ONE OF THESE E-MAILS.
7         THE COURT:  SO YOU ARE SAYING AS TO E-MAIL, YOU HAVE
8    IMAGED THE HARD DRIVES OF EACH OF THE INDIVIDUALS WHO RECEIVED
9    ONE OF THE E-MAILS.
10        MS. ESTRICH:  CORRECT.
11        THE COURT:  IS THAT ALSO TRUE FOR EACH INDIVIDUAL
12   THAT ACCESSED THE FTP SITE?
13        MR. BECHER:  YES, YOUR HONOR.  TO THE EXTENT --
14        THE COURT:  SO YOU ARE TELLING ME THAT EVERY PERSON
15   AT SAMSUNG WHO HAD ACCESS TO THAT FTP SITE HAS HAD THEIR ENTIRE
16   HARD DRIVE IMAGES?
17        MR. ZELLER:  YOUR HONOR, EVERY PERSON WHO RECEIVED AN
18   E-MAIL.
19        THE COURT:  NO, NO, NOT E-MAIL.
20        MS. ESTRICH:  THE INSTRUCTIONS AS TO THE FTP SITE.
21        THE COURT:  I WANT TO KNOW IF THE HARD DRIVES FROM
22   EACH INDIVIDUAL WHO, TO USE YOUR DESCRIPTION, RECEIVED AN
23   E-MAIL INSTRUCTION HAS HAD THE HARD DRIVE IMAGES.
24        MR. BECHER:  YES, YOUR HONOR, HAS OR IT'S IN PROCESS
25   FOR SEVERAL PEOPLE BECAUSE THIS PROCESS HAS RESULTED IN THE

1    WE HAD NO INVOLVEMENT IN PICKING THEM.  I HAVE NOTHING
2    BAD TO SAY ABOUT THEM, BUT WE DIDN'T PICK THEM.  WE HAVE AT
3    LEAST THREE OTHER PARTIES WHO HAVE CONFIDENTIAL INFORMATION
4    THAT ARE AT ISSUE.  AND UNLIKE NOKIA WHICH HAS THE MISUSE
5    THAT'S DESCRIBED IN THE DECLARATION, WE HAVE WHAT WE BELIEVE IS
6    MISUSE IN ONGOING PROCEEDINGS.
7         SO LET'S ME GO TO THAT POINT THIRD, YOUR HONOR.
8         SO YOUR HONOR UNDERSTANDS OUR ARGUMENT.  WHAT HAS
9    HAPPENED IS THIS:  WE MADE DISCLOSURES IN THE ITC AND HERE.
10   THAT INFORMATION HAS UNDISPUTEDLY BEEN SENT, AS YOUR HONOR
11   KNOWS, THAT WAS ALL OVER THE WORLD.
12        WE KNOW THAT THAT INFORMATION FROM THESE DISCLOSURES WAS
13   USED TO CRAFT ARGUMENTS AT THE ITC, I'M NOW RESPONDING TO
14   MR. ZELLER'S STATEMENT.
15        THE ITC ISSUED AN OPINION ON THE LICENSING NEGOTIATIONS
16   THAT SPECIFICALLY ACCEPTED SAMSUNG'S ARGUMENT IN WHICH THIS
17   CONFIDENTIAL INFORMATION WAS USED.
18        THAT DECISION IT'S THE U.S. TRADE REPRESENTATIVE HAS
19   DISPROVED IT, THAT DECISION NOW HAS BECOME A FOCUS OF THE 630
20   CASE IN THE EXPERT PHASE.  AND IN OTHER FOREIGN PROCEEDINGS.
21        AND IT'S PARTICULARLY EGREGIOUS IN THE FOREIGN
22   PROCEEDINGS BECAUSE AS YOUR HONOR KNOWS THERE'S NOT DISCOVERY
23   IN MANY FOREIGN PROCEEDINGS.  THOSE FOREIGN LAWYERS WHO GOT
24   THAT INFORMATION HAVE NO ACCESS TO THEM.
25        THESE LICENSE AGREEMENTS HAVE NEVER BEEN PRODUCED IN THE

1  FOREIGN PROCEEDINGS.  THEY HAVE THAT INFORMATION ONLY AS A

2  RESULT OF THE VIOLATIONS OF THE PROTECTIVE ORDER.

3      THE STIPULATIONS ALSO IS NOT ACCEPTABLE YOUR HONOR

4  BECAUSE MR. BECHER WAS VERY CAREFUL.  BUT ALL OF THE EVIDENCE

5  OF THE MISUSE OF THIS IS GOING TO BE, MOST OF IT'S GOING TO BE

6  IN COMMUNICATIONS BETWEEN SAMSUNG EMPLOYEES AND LAWYERS.

7  THAT'S HOW WE ARE GOING TO FIGURE OUT WHAT USE WAS MADE OF IT.

8  WE DON'T THINK THAT'S PRIVILEGED.

9      NOW, WE ARE NOT A PARTY TO THIS STIPULATION.  IF STROZ

10  REALLY IS INDEPENDENT AND THEY LOOK AT THE INFORMATION, THAT'S

11  NOT PRIVILEGED.  CERTAINLY NOT PRIVILEGED AS TO US WHO IS NOT A

12  PARTY TO THIS STIPULATION AND HASN'T SIGNED IT.

13      THE LAST TWO POINTS, YOUR HONOR, ARE THESE:  YOUR HONOR

14  MENTIONED THE SEALING ISSUES FROM LAST SUMMER.  YOUR HONOR WILL

15  RECALL AT THE UNDERSTAND OF THE DAY WHEN JUDGE KOH FOUND SOME

16  THINGS SEALABLE AND SOME NOT, ONE OF THE THINGS SHE SAID WAS

17  SEALABLE WERE LICENSE TERMS OF LICENSES.  THAT NEVER BECAME AN

18  ISSUE.

19      AND DURING THE TRIAL SHE WAS SUFFICIENTLY CONCERNED ABOUT

20  IT THAT IT WAS PUT UP ON THE SCREEN THAT ONLY THE JURORS COULD

21  SEE AND THE PUBLIC WAS PRECLUDED FROM SEEING.

22      SO THE VERY INFORMATION THAT COURT HAS HELD AS

23  CONFIDENTIAL AND FOR THOSE COMPELLING REASONS DID NOT LET THE

24  PUBLIC SEE IT DURING THE TRIAL HAS NO BEEN DISSEMINATED ALL

25  OVER THE WORLD.

1         AND THE LAST POINT IS THIS:  THIS MAY SEEM MORE GRANULAR
2    THAN THE COURT WANTS TO CONSIDER, BUT I THINK IT REALLY WILL
3    INDICATE TO YOU THE REASON WE NEED THE COURT'S AUTHORITY BEHIND
4    A DISCOVERY PROCESS.
5         MS. ESTRICH AND MR. BECHER MADE REPRESENTATIONS TO YOU
6    ABOUT THIS DECEMBER 2012 DISCLOSURE.  YOUR HONOR, I WOULD JUST
7    DRAW YOUR ATTENTION TO THE AUGUST 16TH, 2013 LETTER THAT'S
8    BEFORE YOU FROM MR. BECHER AND TO THE SECOND PARAGRAPH ON THE
9    SECOND PAGE.  THIS IS THE FIRST TIME THEY ADDRESS THE ISSUE AND
10   WHAT YOU WILL SEE YOUR HONOR ARE TWO THINGS.
11        THEY NEVER MENTION THE MICROUNITY LITIGATION, BUT MORE
12   IMPORTANTLY, NOTWITHSTANDING SAMSUNG'S EFFORT TODAY TO MAKE
13   THIS INADVERTENT DISCLOSURE OF INCONSEQUENTIAL INFORMATION,
14   THAT PARAGRAPH MR. BECHER SAID SAMSUNG IMMEDIATELY RECOGNIZED
15   THAT IT SHOULD HAVE BEEN REDACTED, IMMEDIATELY RECOGNIZED THAT
16   IT SHOULD NOT HAVE BEEN TRANSMITTED AND NEITHER THE LAWYER OR
17   ANYBODY ELSE DISSEMINATED IT, RIGHT.
18        THAT'S DECEMBER 2012.  SO WITHOUT A DOUBT THEY KNOW IT
19   HASN'T BEEN REDACTED, WITHOUT A DOUBT THEY KNOW IT'S
20   CONFIDENTIAL.
21        WHAT HAPPENS AFTER DECEMBER 2012 AS YOUR HONOR KNOWS,
22   MORE DISCLOSURES.  HOW COULD THAT HAPPEN.
23        AND THEN LASTLY YOUR HONOR ON THE AUTO DELETE FEATURE,
24   JUST SO WE ARE CLEAR ON THE DATES, WHAT THEY SAY IS THEY PUT
25   THIS PROCESS IN PLACE IN AUGUST OF LAST YEAR, AUGUST 2012 GOING