# Exhibit B

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | Inv. No. 337-TA-794 |

**ORDER NO. 1:    PROTECTIVE ORDER**

(August 4, 2011)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information. The term "confidential

business information" includes "proprietary information" within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a). Any information submitted, in pre hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this Investigation, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b). The Administrative Law Judge or the Commission may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein. If such a determination is made by the Administrative Law Judge or the Commission, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Commission or the Administrative Law Judge, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to this Investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts

and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this Investigation); (iv) the Commission, the Administrative Law Judge, the Commission Investigative Staff, and personnel of any governmental agency as authorized by the Commission; and (v) the Commission, its employees, and contract personnel who are acting in the capacity of Commission employees, for developing or maintaining the records of this Investigation or related proceedings for which this information is submitted, or in internal audits and investigations relating to the programs and operations of the Commission pursuant to 5 U.S.C. Appendix 3.[1]

    4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and (iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the Secretary of this Commission: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of this Investigation.

    5. If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the Investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions

---

[1]     *See* Commission Administrative Order 97-06 (Feb. 4, 1997).
[2]     Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

3

pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6. Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this Investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this Investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto. Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

4

8. The Commission, the Administrative Law Judge, and the Commission Investigative Staff acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge. When such information is made part of a pleading or is offered into the evidentiary record, the data set forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is pending before the Administrative Law Judge. During that time, the party offering the confidential business information must, upon request, provide a statement as to the claimed basis for its confidentiality.

9. Unless a designation of confidentiality has been withdrawn, or a determination has been made by the Commission or the Administrative Law Judge that information designated as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and the Commission Investigative Staff shall take all necessary and proper steps to preserve the confidentiality of, and to protect each supplier's rights with respect to, any confidential business information designated by the supplier in accordance with paragraph 2 above, including, without limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the substance of or access to such confidential business information, other than those authorized pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and (ii) any proposal to redesignate or make public any such confidential business information; and (b) providing the supplier at least seven days after receipt of such inquiry or request within which to take action before the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights in, and to, such confidential business information.

10. If while the Investigation is before the Administrative Law Judge, a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the Investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter. The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

11. No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefor prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative

6

Law Judge for a ruling. If the Investigation is before the Commission the matter shall be submitted to the Commission for resolution. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge. The terms of this paragraph shall be inapplicable to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14. Upon final termination of this Investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the

Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this Investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17. The Secretary shall serve a copy of this order upon all parties.

*E. James Gildea*
E. James Gildea
Administrative Law Judge

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____ , do solemnly swear or affirm that I will not divulge any information communicated to me in any confidential portion of the Investigation or hearing in the matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers, Investigation No. 337-TA-794, except as permitted in the Protective Order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with my official duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the Investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the participants in said Investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment of up to ten (10) years, or both.

Signed

Dated

Firm or affiliation

| | |
|---|---|
| CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS | 337-TA-794 |

## PUBLIC CERTIFICATE OF SERVICE

I, James R. Holbein, hereby certify that the attached **ORDER** has been served by hand upon the Commission Investigative Attorney, **Anne Goalwin, Esq.**, and the following parties as indicated on AUG 0 4 2011

_____
James R. Holbein
Secretary to the Commission
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C. 20436


### ON BEHALF OF COMPLAINANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC:

| | |
|---|---|
| Charles K. Verhoeven, Esq.<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>P: 415-875-6600 | ( ) Via Hand Delivery<br>( ) Via Overnight Mail<br>(✓) Via First Class Mail<br>( ) Other: _____ |

### ON BEHALF OF RESPONDENT APPLE INC.:

| | |
|---|---|
| Nina S. Tallon. Esq.<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>1875 Pennsylvania Ave. NW<br>Washington, DC 20006<br>P: 202-663-6000 | ( ) Via Hand Delivery<br>( ) Via Overnight Mail<br>(✓) Via First Class Mail<br>( ) Other: _____ |

1

| | |
|---|---|
| **CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | 337-TA-794 |

## PUBLIC MAILING LIST

Heather Hall
**LEXIS - NEXIS**
9443 Springboro Pike
Miamisburg, OH 45342

( ) Via Hand Delivery
( ) Via Overnight Mail
(X) Via First Class Mail
( ) Other: _____

Kenneth Clair
**THOMSON WEST**
1100 13th Street, NW, Suite 200
Washington, DC  20005

( ) Via Hand Delivery
( ) Via Overnight Mail
(X) Via First Class Mail
( ) Other: _____