# Exhibit C

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | **Inv. No. 337-TA-794** |
|---|---|

**ORDER NO. 25: GRANTING IN PART JOINT MOTION TO AMEND PROTECTIVE ORDER TO ADD ENHANCED CONFIDENTIALITY PROVISIONS AND CROSS-USE OF DOCUMENTS**

(February 1, 2012)

On January 18, 2012, the private parties jointly requested an amendment to the Protective Order (*see* Order No. 1) to add enhanced source code protections and a provision for cross-use of documents produced in other proceedings. (Motion Docket No. 794-022.) Movants represent that their request is unopposed by the Commission Investigative Staff. (Mot. at 1.) They set forth detailed bases for why enhanced source code protections are necessary in this Investigation and explain how the proposed protections are tailored to meet the discovery needs in this case. (*Id.* at 2-5; Wright Decl.; Lee Decl.) With respect to the request for provisions permitting cross-use of documents from related litigation, the moving parties explain that they would like to avoid duplicative productions of documents. (*Id.* at 5.)

It is further noted that although they do not address this in their caption or introductory paragraphs, the private parties have also slipped in proposed provisions regarding a patent prosecution bar. (*Compare* Mot. at 1 with 5-6.) Movants indicate that they are "in agreement" as

to whether the *Deutsche Bank*[1] requirements have been met. (Mot. at 6-7.)

The Administrative Law Judge has reviewed the private parties' reasons for why enhanced source code provisions are necessary for the Protective Order in this Investigation and finds that this portion of the motion should be GRANTED as set forth in Attachment A below. In addition, the Administrative Law Judge finds that the portion of the motion requesting cross-use provisions should be GRANTED as set forth in Attachment A below. The parties are ordered to promptly serve copies of Attachment A on any nonparties subject to pending discovery requests (subpoenas) seeking production of source code.

With respect to the private parties' request relating to a patent prosecution bar, and proposed paragraphs 22[2] and 24 submitted in support of the instant motion, the Administrative Law Judge finds that this portion of the parties' motion should be DENIED. Rather than submit the support required in *Deutsche Bank*, the parties instead have chosen to indicate that they are "in agreement" as to whether the *Deutsche Bank* requirements have been met. (Mot. Mem. at 5-7.) However, the parties have not provided the Administrative Law Judge with the means to evaluate whether these requirements have been met such that the provisions of proposed paragraphs 22 and 24 should be added to the Protective Order in this Investigation. In other words, the private parties seek official action with respect to this Investigation, yet seem to think they can bypass any threshold showing. The Administrative Law Judge takes no position as to the freedom of the parties to privately stipulate as to the terms of proposed paragraphs 22 and 24. However, if the parties do so stipulate, they are responsible for resolving disputes relating to such a stipulation on their own.

The Administrative Law Judge reminds the parties, their attorneys, and experts that even

---

[1] *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 (Fed. Cir. 2010) ("*Deutsche Bank*").

without the explicit entry of a patent prosecution bar, any person who has reviewed confidential information under the Protective Order of this Investigation may not use that information for any purpose other than this Investigation. (*See* Order No. 1.) This restriction includes using or disclosing confidential information in patent prosecution. "Where there is any indication of disclosure of confidential information, particularly with regard to expanding patent claims, the Commission will fully investigate the matter." *Certain Amorphous Metal Alloys and Amorphous Metal Particles*, Inv. No. 337-TA-143, Comm'n Op., 1983 ITC LEXIS 213, *10 (U.S.I.T.C., Aug. 4, 1983).

Consequently, the Administrative Law Judge finds that Motion Docket No. 794-022 should be GRANTED IN PART as set forth herein.

**SO ORDERED.**

E. James Gildea
Administrative Law Judge

---

[2] This paragraph sets forth a ban on writing source code, which is similar to a patent prosecution restraint.

**ATTACHMENT A**

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

**Washington, D.C.**

| **In the Matter of**<br><br>**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS** | **Inv. No. 337-TA-794** |
|---|---|

## ADDENDUM TO PROTECTIVE ORDER

18. "Confidential Source Code" means highly confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any application-specific integrated circuit (ASIC) or other chip, and CAD files. Confidential Source Code is a form of, and shall be afforded all of the same protections as, confidential business information as defined in paragraph 1 hereto unless otherwise provided in paragraphs 18–22.

19. The following provisions apply to the production of Confidential Source Code that is designated "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER," unless otherwise agreed by the supplier:

a. All Confidential Source Code shall be made available by the supplier to the receiving party in a secure room on at least two secured, stand-alone computers (running a reasonably current operating system) per software platform produced, without Internet access or network access to other computers, as necessary and

appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Confidential Source Code outside or away from the computer on which the Confidential Source Code is provided for inspection (hereinafter "Confidential Source Code Computer"). If it should be necessary, the Confidential Source Code Computer may be configured by the supplier to run other mutually agreed upon operating systems. No more than a total of twenty-five (25) individuals identified by the receiving party, which includes outside counsel of record in this Investigation, shall have access to the secure room in which the supplier produces its Confidential Source Code.

b. The supplier shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the supplier's business. The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the receiving party possesses an appropriate license to such software tools; (b) the supplier approves such software tools; and (c) such other software tools are reasonably necessary for the receiving party to perform its review of the Source Code consistent with all of the protections herein. The receiving party must provide the supplier with the CD or DVD containing such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Confidential Source Code Computer. Specific tools may include but are not limited to: Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or other

similar programs. The receiving party shall not at any time use any compilers, interpreters or simulators in connection with the supplier's Confidential Source Code.

c. The supplier shall make the Confidential Source Code available electronically and in text searchable form in a secure room at the offices of the supplier's outside counsel as defined in paragraph 3(i) or any other location mutually agreed by the parties.

d. In order to verify that its Confidential Source Code has not later been altered, the supplier may benchmark the materials before and after they are provided but shall not install any keystroke or other monitoring software on the Confidential Source Code Computer.

e. The Confidential Source Code Computer shall be made available from 9:00 a.m. to 7:00 p.m. local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request until the close of expert discovery in this Investigation. Access on weekends or after hours shall be permitted only on at least three (3) days' advance written notice.

f. Prior to the first inspection of any requested piece of Confidential Source Code, the requesting party shall provide fourteen (14) days' notice of the Confidential Source Code that it wishes to inspect. The requesting party shall provide two (2) days' notice prior to any additional inspections of the same Confidential Source Code, although the parties will be reasonable in accommodating requests of less than two (2) days. The receiving party shall identify any individual who will be given access to the Confidential Source Code at least ten (10) days prior to the first time any such

individual is given access to the Confidential Source Code, and, during that 10-day period, the supplier may object to providing access to any persons so identified. The receiving party shall provide two (2) days' notice any time each such individual is given access to the Confidential Source Code after the first time, although the parties will be reasonable in accommodating notice of less than two (2) days. If an objection to an individual is made by the supplier, it will be the burden of the supplier to prove that the individual should not be authorized to inspect the supplier's Confidential Source Code. The above requirements notwithstanding, any party's disclosure of Confidential Source Code to a proposed consultant or expert is subject to Paragraph 11.

g. Proper identification of all authorized persons shall be provided prior to any access to the secure room or to the Confidential Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Confidential Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

h. The Confidential Source Code Computer shall be equipped with a printer (with commercially reasonable printing speeds to print copies of the Confidential Source Code on watermarked pre-Bates numbered paper, which shall be provided by the supplier. The receiving party may print limited portions of the Confidential Source Code only when reasonably necessary to facilitate the receiving party's preparation

of court filings, expert reports, and trial exhibits, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The receiving party shall not print Confidential Source Code in order to review blocks of Confidential Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Confidential Source Code electronically on the Confidential Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere. If the supplier objects that the printed portions are excessive and/or not done for a permitted purpose, the supplier shall make such objection known to the receiving party within five (5) days. Printed portions which exceed fifty (50) continuous pages or ten percent (10%) or more of a specific software release shall be presumed excessive and not done for a permitted purpose. If, after meeting and conferring, the supplier and the receiving party cannot resolve the objection, the supplier shall be entitled to seek the Administrative Law Judge's resolution of whether the printed Confidential Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the receiving party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. No more than a total of forty (40) individuals identified by the receiving party shall have access to the printed portions of Confidential Source Code (except insofar as such code appears in any filing with the Commission or Administrative Law Judge or expert report in this case).

i. The printed Confidential Source Code shall be labeled with "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER." Outside counsel for the supplier will keep the originals of these printed documents, and copies shall be made for outside counsel for the receiving party on watermarked paper within forty-eight (48) hours. It is the responsibility of the supplier to ensure delivery of the printed documents to outside counsel for the receiving party within forty-eight (48) hours. The receiving party's outside counsel may make no more than ten (10) additional paper copies of any portions of the Confidential Source Code received from a supplier, not including copies attached to court filings or used at depositions.

j. In addition to other reasonable steps to maintain the security and confidentiality of the supplier's Confidential Source Code, printed copies of the Confidential Source Code maintained by the receiving party must be kept in a locked storage container at the offices of the receiving party's outside counsel when not in use. No electronic copies of the Confidential Source Code shall be provided by the supplier beyond the Confidential Source Code Computer. Outside counsel for the supplier shall provide the Commission Investigative Staff with a copy of any Confidential Source Code provided to outside counsel for the receiving party.

k. Except as provided herein, absent express written permission from the supplier, the receiving party may not create electronic images, or any other images, or make electronic copies, of the Confidential Source Code from any paper copy of Confidential Source Code for use in any manner (including, by way of example only, the receiving party may not scan the Confidential Source Code to a PDF or

photograph the code). Images or copies of Confidential Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of Confidential Source Code as part of a filing with the Commission or Administrative Law Judge, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Confidential Source Code and such filing will not be made absent agreement from the supplier that the confidentiality protections will be adequate. If a supplier agrees to produce an electronic copy of all or any portion of its Confidential Source Code or to provide written permission to the receiving party to produce an electronic or any other copy of Confidential Source Code for purposes of a Commission or Administrative Law Judge filing, the receiving party's communication and/or disclosure of electronic files or other materials containing any portion of Confidential Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Confidential Source Code under the provisions of this Order, and all such individuals must be identified, in accordance with paragraph 19(q), on the Confidential Source Code Access Log as reviewers and/or recipients of paper copies. In the case where the supplier has provided the express written permission required under this provision for a receiving party to create electronic copies of Confidential Source Code, the electronic copies shall be included on the log required by paragraph 19(q); and any other information required by paragraph 19(q) shall be included on the log. Additionally, any such electronic copies must be

labeled "[SUPPLIER'S NAME] CONFIDENTIAL SOURCE CODE — OUTSIDE ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" as provided for in this Order.

l. For depositions, the receiving party shall not bring copies of any printed Confidential Source Code. Rather, at least five (5) days before the date of the deposition, the receiving party shall notify the supplier about the specific portions of Confidential Source Code it wishes to use at the deposition, and the supplier shall bring printed copies of those portions to the deposition for use by the receiving party. Copies of Confidential Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Confidential Source Code brought to the deposition shall be returned to the supplier and securely destroyed in a timely manner following the deposition.

m. Other than the Confidential Source Code Computer and printer provided by the supplier, no electronic devices, including but not limited to laptops, floppy drives, zip drives or other hardware, shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, telephone jacks, or other devices be permitted inside the secure room. No non-electronic devices capable of similar functionality shall be permitted in the secure room. The receiving party shall be entitled to take notes relating to the Confidential Source Code but may not copy the Confidential Source Code into the notes and may not take such notes electronically on the Confidential

Source Code Computer itself or any other computer. No copies of all or any portion of the Confidential Source Code may leave the room in which the Confidential Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Confidential Source Code is permitted except as otherwise provided herein. The supplier may visually monitor the activities of the receiving party's representatives during any Confidential Source Code review, but only to ensure that no unauthorized records of the Confidential Source Code and no information concerning the Confidential Source Code are being created or transmitted in any way.

n. Other than as provided in paragraph 19(i), the receiving party will not copy, remove, or otherwise transfer any Confidential Source Code from the Confidential Source Code Computer including, without limitation, copying, removing, or transferring the Confidential Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. The receiving party will not transmit any Confidential Source Code in any way from the supplier's facilities or the offices of the supplier's outside counsel.

o. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Confidential Source Code is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the secure room. The supplier shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room

following each inspection session without a prior agreement to that effect.

p. The Commission Investigative Staff shall have the same rights to review and receive Confidential Source Code as outside counsel for any party has under this Order. The Commission Investigative Staff shall have the same obligations as any party under this Order, including obligations related to the storage and maintenance of Confidential Source Code.

q. The receiving party shall maintain a Confidential Source Code Access Log identifying each hard copy (or electronic copy as permitted by paragraph 19(k)) of Confidential Source Code that it has in its possession and, for each and every time the hard copy (or electronic copy permitted by paragraph 19k)) of the Confidential Source Code is viewed, the following additional information: (i) the name of each person who viewed the Confidential Source Code; and (ii) whether any portion of the Confidential Source Code was copied and, if so, what portion was copied. The supplier shall be entitled to a copy of the log upon one (1) day's advance notice to the receiving party. Within thirty (30) days after the issuance of a final, nonappealable decision resolving all issues in the Investigation, the receiving party must serve upon the supplier the Confidential Source Code Access Log. Additionally, within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in the Investigation, all persons to whom the paper copies of the Confidential Source Code were provided must certify in writing that all copies of the Confidential Source Code were returned to Counsel of Record for the supplier and that they will make no use of the Confidential Source Code or of any knowledge gained from the Confidential Source Code in any future endeavor.

20. Nothing herein shall be deemed a waiver of a party's right to object to the production of Confidential Source Code. Absent a subsequent and specific court or agency order, nothing herein shall obligate a party to breach any non-party license agreement relating to such Confidential Source Code.

21. The parties further acknowledge that some or all of the Confidential Source Code may be owned by non-parties and not in a party's possession, custody, or control. Nothing herein shall be deemed a waiver of any non-party's right to object to the production of Confidential Source Code or object to the manner of any such production.

22. Documents that have been or are produced (with appropriate Bates numbering) in the below-referenced pending United States proceedings involving Apple and Samsung are deemed produced in the above-captioned Investigation, and neither party shall be deemed to have violated a protective order in the below listed matters by using such documents in the above-captioned Investigation: *Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846- LHK (N.D. Cal.) and *In the Matter of Certain Electronic Digital Media Devices and Components Thereof*, USITC Inv. No. 337-TA-796. This paragraph shall not extend to cross-use of confidential materials produced by third parties in such matters. This cross-use provision also does not apply to other forms of discovery, including, without limitation, deposition transcripts and videos, deposition exhibits, expert reports and responses to interrogatories or requests for admission. Nothing in this paragraph, however, prohibits a party from seeking such other forms of discovery through service of formal discovery requests in this Investigation.

**SO ORDERED.**

E. James Gildea
E. James Gildea
Administrative Law Judge

**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS**

**337-TA-794**

## PUBLIC CERTIFICATE OF SERVICE

I, James R. Holbein, hereby certify that the attached **ORDER** has been served by hand upon the Commission Investigative Attorney, **Reginald D. Lucas, Esq.**, and the following parties as indicated on February 1 **, 2012.**

James R. Holbein
Secretary to the Commission
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, D.C. 20436

**ON BEHALF OF COMPLAINANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC:**

Charles K. Verhoeven, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
P: 415-875-6600

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: ___________

**ON BEHALF OF RESPONDENT APPLE INC.:**

Nina S. Tallon, Esq.
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave. NW
Washington, DC 20006
P: 202-663-6000

( ) Via Hand Delivery
( ) Via Overnight Mail
(✓) Via First Class Mail
( ) Other: ___________

**CERTAIN ELECTRONIC DEVICES, INCLUDING WIRELESS COMMUNICATION DEVICES, PORTABLE MUSIC AND DATA PROCESSING DEVICES, AND TABLET COMPUTERS**

**337-TA-794**

**PUBLIC MAILING LIST**

Heather Hall
**LEXIS - NEXIS**
9443 Springboro Pike
Miamisburg, OH 45342

( ) Via Hand Delivery
( ) Via Overnight Mail
(X) Via First Class Mail
( ) Other: __________

Kenneth Clair
**THOMSON WEST**
1100 13th Street, NW, Suite 200
Washington, DC 20005

( ) Via Hand Delivery
( ) Via Overnight Mail
(X) Via First Class Mail
( ) Other: __________