1   [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6

7

8

9               UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

| | |
|---|---|
| 12 APPLE INC., a California corporation, | CASE NO. 5:12-cv-00630-LHK |
| 13             Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING THIRD PARTY** |
| 14       v. | **DECLARATIONS** |
| 15 SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | |
| 16 ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG | |
| 17 TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 18 | |
| 19            Defendants. | |
| 20 SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | |
| 21 ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG | |
| 22 TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 23 | |
| 24         Counterclaim-Plaintiffs, | |
| 25       v. | |
| 26 APPLE INC., a California corporation, | |
| 27         Counterclaim-Defendant. | |
| 28 | |

1    Pursuant to Civil L.R. 7-12, Samsung Electronics Co., Ltd., Samsung Electronics America,

2 Inc. and Samsung Telecommunications America, LLC (collectively "Samsung") and Apple Inc.

3 ("Apple") file this Stipulation regarding certain declarations signed by third parties.

4    WHEREAS, Apple commenced the above-captioned action (the "Litigation") against

5 Samsung on February 8, 2012;

6    WHEREAS, Samsung subsequently filed counterclaims against Apple;

7    WHEREAS, the parties have determined that it is in their mutual interest to avoid the

8 significant burden and expense associated with taking depositions of certain third parties in order

9 to authenticate documents, and that stipulating to the authenticity of certain documents

10 authenticated by these third parties via declaration will promote the orderly and efficient progress

11 of the Litigation;

12    WHEREAS, the parties agree that the third party declarations listed below are sufficient to

13 authenticate the documents or exhibits referred to therein as business records as of the date of the

14 declaration, and that the sworn testimony in these declarations will not be subject to any objection

15 that the declaration is hearsay or any ground that could have been raised in a deposition eliciting

16 such testimony, in the same fashion as if this testimony were the deposition testimony of an

17 unavailable witness:

18 **Samsung**

19    • <u>AT&T Services, Inc.</u>    Declaration of Paula Phillips for AT&T Services, Inc., dated

20      July 8, 2013.

21    • <u>Broadcom Corporation.</u>    Declaration of Suzanne Chapman for Broadcom

22      Corporation, dated July 5, 2013.

23    • <u>Carnegie Mellon University.</u>    Declaration of Walter Wong for Carnegie Mellon

24      University, dated July 8, 2013.

25    • <u>Hitachi America, Ltd.</u>:

26      1.    Declaration of Steven J. Hodgman for Hitachi America Ltd., dated July 25,

27        2013.

28

2.    Declaration of Daryl Chambers for Hitachi America Ltd., dated July 26, 2013.

3.    Declaration of Robert Davis for Hitachi America Ltd., dated July 26, 2013.

- iambic, Inc.    Declaration of Barbara Prince for iambic, Inc., dated May 21, 2013.

- Internet Archive:

    1.    Affidavit of Christopher Butler for Internet Archive, dated May 24, 2013.

    2.    Affidavit of Christopher Butler for Internet Archive, dated June 21, 2013.

    3.    Affidavit of Christopher Butler for Internet Archive, dated June 25, 2013.

- Kyocera Communications, Inc.:

    1.    Declaration of Laurie Rogers for Kyocera Communications, Inc., dated July 26, 2013.

    2.    Declaration of Maria K. Nelson for Kyocera Communications, Inc., dated July 29, 2013.

- Microsoft Corporation.    Declaration of Patrick Gogerty for Microsoft Corporation, dated July 16, 2013.

- Mozilla Corporation.    Declaration of David Ascher, Ph.D. for Mozilla Corporation, dated July 3, 2013.

- Novell, Inc.:

    1.    Declaration of Jim F. Lundberg for Novell, Inc., dated June 25, 2013.

    2.    Declaration of Jim F. Lundberg for Novell, Inc., dated July 15, 2013.

- OMD USA, LLC.    Declaration of Monica Karo for OMD USA, LLC, dated July 31, 2013.

- Palm, Inc.:

    1.    Declaration of Mike Allison for Palm, Inc., dated May 16, 2013.

    2.    Declaration of Christian Denappe for Palm, Inc., dated June 14, 2013.

- Sony Electronics, Inc.    Declaration of Eita Yanagisawa for Sony Electronics, Inc., dated July 25, 2013.

1     •   <u>Textware Solutions.</u>   Declaration of Marianne Ichbiah for JDI Technology, Inc. d/b/a

2         Textware Solutions, dated April 30, 2013.

3     •   <u>T-Mobile USA, Inc.</u>   Declarations of Ed Eiker for T-Mobile USA, Inc., dated July 29,

4         2013 and August 20, 2013.

5     •   <u>Vitei, Inc.</u>   Declaration of Giles Goddard for Vitei, Inc., dated July 8, 2013.

6

7 **<u>Apple</u>**

8     •   <u>Arcsoft, Inc.</u>   Declaration of Mike Lin for Arcsoft, Inc., dated July 18, 2013.

9     •   <u>Digigram.</u>   Declaration of Philippe Delacroix for Digigram, Inc. and Digigram SA,

10         dated July 3, 2013.

11     •   <u>ICAP Patent Brokerage LLC.</u>   Declaration of Daniel L. French for ICAP Patent

12         Brokerage LLC, dated June 28, 2013.

13     •   <u>Internet Archive.</u>   Affidavit of Christopher Butler for Internet Archive, dated June 21,

14         2013.

15     •   <u>Eastman Kodak Company.</u>   Declaration of Nancy E. Wahl for Eastman Kodak

16         Company, dated July 8, 2013.

17     •   <u>Microsoft Corporation.</u>   Declaration of Patrick Gogerty for Microsoft Corporation,

18         dated July 19, 2013.

19     •   <u>Nuance Communication, Inc.</u>   Declaration of Lee Patch for Nuance Communications,

20         Inc., dated August 20, 2013.

21     •   <u>Oracle America, Inc.</u>   Declaration of Robert Crews for Oracle America, Inc., dated

22         June 28, 2013.

23     •   <u>Sony Electronics, Inc.</u>   Declaration of Neal Manowitz for Sony Electronics, Inc.,

24         dated July 12, 2013.

25     •   <u>Qualcomm Inc.</u>   Declaration of Eduardo Castro for Qualcomm Inc., dated

26         August 13, 2013.

27     •   <u>Intel Corp.</u>   Declaration of Tracey Mazur for Intel Corp., dated August 29, 2013.

28

1      • <u>Ericsson Inc.</u>   Declaration of Joakim Bergstrom for Ericsson Inc., dated

2        September 23, 2013.

3        WHEREAS, the parties agree that the documents or exhibits referred to in the foregoing

4 third party declarations and the sworn testimony in these declarations will be admissible as

5 substantive evidence and may be used for all permissible purposes in this case, unless a party

6 raises one or more of the following objections on or before November 4, 2013 (in which case the

7 objection(s) will be preserved).

8      • The evidence is irrelevant because it relates only to a patent or accused product that has

9        been dropped from the case.

10      • FRE 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay,

11        wasting time, or cumulative evidence).

12      • Evidence relates only to a theory that was not timely disclosed.

13      • Limiting instruction required to limit the document or evidence to a relevant, timely

14        disclosed and non-prejudicial (subject to FRE 403) issue.

15      • Hearsay objection for hearsay within a document.

16      • Document or evidence is insufficiently corroborated to establish it as an alleged prior

17        art system or publication on one or more of the following specific grounds:

18         o  the document or evidence is not shown to be a "printed publication" under section

19           102;

20         o  the document or evidence is not shown to have been public used or on sale prior to

21           the effective filing date of an asserted patent for which the document or evidence is

22           asserted to be prior art;

23          o  the evidence is computer source code and it has not been established that the source

24           code was used in a configuration alleged by the offering party to have been in

25           public use or on sale prior to the effective filing date of the asserted patent

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING THIRD PARTY DECLARATIONS

1           o   the evidence is computer source code and it is not established that the computer

2               source code was ever compiled in the manner alleged by the offering party to

3               establish how a system operated;

4           o   the evidence is computer source code and it is not established that any person

5               downloaded that computer source code and compiled it for execution in the United

6               States prior to the effective filing date of the asserted patent.

7

8           NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the

9 parties that:

10          (1)    the foregoing declarations signed by third parties are sufficient to authenticate the

11 documents or exhibits referred to therein as business records as of the date of the declaration, and

12 that the sworn testimony in these declarations will not be subject to any objection that the

13 declaration is hearsay or any ground that could have been raised in a deposition eliciting such

14 testimony, in the same fashion as if this testimony were the deposition testimony of an unavailable

15 witness.

16          (2)    the documents or exhibits referred to in the foregoing third party declarations and

17 the sworn testimony in these declarations will be admissible as substantive evidence and may be

18 used for all permissible purposes in this case unless a party raises on or before November 4, 2013

19 one or more of the following objections (in which case the objection(s) will be preserved).

20       •   The evidence is irrelevant because it relates only to a patent or accused product that has

21           been dropped from the case.

22       •   FRE 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay,

23           wasting time, or cumulative evidence).

24       •   Evidence relates only to a theory that was not timely disclosed.

25       •   Limiting instruction required to limit the document or evidence to a relevant, timely

26           disclosed and non-prejudicial (subject to FRE 403) issue.

27       •   Hearsay objection for hearsay within a document.

28

- Document or evidence is insufficiently corroborated to establish it as an alleged prior art system or publication on one or more of the following specific grounds:
  - the document or evidence is not shown to be a "printed publication" under section 102;
  - the document or evidence is not shown to have been public used or on sale prior to the effective filing date of an asserted patent for which the document or evidence is asserted to be prior art;
  - the evidence is computer source code and it has not been established that the source code was used in a configuration alleged by the offering party to have been in public use or on sale prior to the effective filing date of the asserted patent;
  - the evidence is computer source code and it is not established that the computer source code was ever compiled in the manner alleged by the offering party to establish how a system operated;
  - the evidence is computer source code and it is not established that any person downloaded that computer source code and compiled it for execution in the United States prior to the effective filing date of the asserted patent;

(3)     to the extent T-Mobile or Internet Archive and/or Brewster Kahle provide additional declarations similar in nature to those listed above on or before November 4, 2013, the parties will enter into a further stipulation for those declarations.

IT IS SO STIPULATED.


DATED: October 8, 2013


By   /s/ H. Mark Lyon                        By   /s/ Victoria F. Maroulis

1 | Attorney for Plaintiff and Counterclaim-
2 | Defendant APPLE INC.

Attorney for Defendants and Counterclaim-
Plaintiff SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS
AMERICA,   INC., AND SAMSUNG
TELECOMMUNICATIONSAMERICA,
LLC

Josh A. Krevitt (CA SBN 208552)
jkrevitt@gibsondunn.com
H. Mark Lyon (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA   94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Michael A. Jacobs
(CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Kevin P.B. Johnson
(Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William F. Lee (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

* * *

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2013

By: _____
        HONORABLE LUCY H. KOH

**ATTESTATION OF E-FILED SIGNATURES**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Third Party Declarations.   In compliance with General Order 45.X.B, I hereby attest that H. Mark Lyon has concurred in this filing.

Dated: October 8, 2013                                   */s/ Victoria F. Maroulis*
                                                                          Victoria F. Maroulis

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 8, 2013                                   */s/ Victoria F. Maroulis*