[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THIRD PARTY DECLARATIONS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1  Pursuant to Civil L.R. 7-12, Samsung Electronics Co., Ltd., Samsung Electronics America,
2  Inc. and Samsung Telecommunications America, LLC (collectively "Samsung") and Apple Inc.
3  ("Apple") file this Stipulation regarding certain declarations signed by third parties.
4  WHEREAS, Apple commenced the above-captioned action (the "Litigation") against
5  Samsung on February 8, 2012;
6  WHEREAS, Samsung subsequently filed counterclaims against Apple;
7  WHEREAS, the parties have determined that it is in their mutual interest to avoid the
8  significant burden and expense associated with taking depositions of certain third parties in order
9  to authenticate documents, and that stipulating to the authenticity of certain documents
10 authenticated by these third parties via declaration will promote the orderly and efficient progress
11 of the Litigation;
12 WHEREAS, the parties agree that the third party declarations listed below are sufficient to
13 authenticate the documents or exhibits referred to therein as business records as of the date of the
14 declaration, and that the sworn testimony in these declarations will not be subject to any objection
15 that the declaration is hearsay or any ground that could have been raised in a deposition eliciting
16 such testimony, in the same fashion as if this testimony were the deposition testimony of an
17 unavailable witness:

**Samsung**

- <u>AT&T Services, Inc.</u>   Declaration of Paula Phillips for AT&T Services, Inc., dated July 8, 2013.
- <u>Broadcom Corporation.</u>   Declaration of Suzanne Chapman for Broadcom Corporation, dated July 5, 2013.
- <u>Carnegie Mellon University.</u>   Declaration of Walter Wong for Carnegie Mellon University, dated July 8, 2013.
- <u>Hitachi America, Ltd.</u>:
    1. Declaration of Steven J. Hodgman for Hitachi America Ltd., dated July 25, 2013.

      2.    Declaration of Daryl Chambers for Hitachi America Ltd., dated July 26, 2013.

      3.    Declaration of Robert Davis for Hitachi America Ltd., dated July 26, 2013.

- <u>iambic, Inc.</u>   Declaration of Barbara Prince for iambic, Inc., dated May 21, 2013.
- <u>Internet Archive:</u>
    1. Affidavit of Christopher Butler for Internet Archive, dated May 24, 2013.
    2. Affidavit of Christopher Butler for Internet Archive, dated June 21, 2013.
    3. Affidavit of Christopher Butler for Internet Archive, dated June 25, 2013.
- <u>Kyocera Communications, Inc.:</u>
    1. Declaration of Laurie Rogers for Kyocera Communications, Inc., dated July 26, 2013.
    2. Declaration of Maria K. Nelson for Kyocera Communications, Inc., dated July 29, 2013.
- <u>Microsoft Corporation.</u>   Declaration of Patrick Gogerty for Microsoft Corporation, dated July 16, 2013.
- <u>Mozilla Corporation.</u>   Declaration of David Ascher, Ph.D. for Mozilla Corporation, dated July 3, 2013.
- <u>Novell, Inc.:</u>
    1. Declaration of Jim F. Lundberg for Novell, Inc., dated June 25, 2013.
    2. Declaration of Jim F. Lundberg for Novell, Inc., dated July 15, 2013.
- <u>OMD USA, LLC.</u>   Declaration of Monica Karo for OMD USA, LLC, dated July 31, 2013.
- <u>Palm, Inc.:</u>
    1. Declaration of Mike Allison for Palm, Inc., dated May 16, 2013.
    2. Declaration of Christian Denappe for Palm, Inc., dated June 14, 2013.
- <u>Sony Electronics, Inc.</u>   Declaration of Eita Yanagisawa for Sony Electronics, Inc., dated July 25, 2013.

1  • <u>Textware Solutions.</u>   Declaration of Marianne Ichbiah for JDI Technology, Inc. d/b/a
2     Textware Solutions, dated April 30, 2013.
3  • <u>T-Mobile USA, Inc.</u>   Declarations of Ed Eiker for T-Mobile USA, Inc., dated July 29,
4     2013 and August 20, 2013.
5  • <u>Vitei, Inc.</u>   Declaration of Giles Goddard for Vitei, Inc., dated July 8, 2013.

7  **<u>Apple</u>**
8  • <u>Arcsoft, Inc.</u>   Declaration of Mike Lin for Arcsoft, Inc., dated July 18, 2013.
9  • <u>Digigram.</u>   Declaration of Philippe Delacroix for Digigram, Inc. and Digigram SA,
10    dated July 3, 2013.
11 • <u>ICAP Patent Brokerage LLC.</u>   Declaration of Daniel L. French for ICAP Patent
12    Brokerage LLC, dated June 28, 2013.
13 • <u>Internet Archive.</u>   Affidavit of Christopher Butler for Internet Archive, dated June 21,
14    2013.
15 • <u>Eastman Kodak Company.</u>   Declaration of Nancy E. Wahl for Eastman Kodak
16    Company, dated July 8, 2013.
17 • <u>Microsoft Corporation.</u>   Declaration of Patrick Gogerty for Microsoft Corporation,
18    dated July 19, 2013.
19 • <u>Nuance Communication, Inc.</u>   Declaration of Lee Patch for Nuance Communications,
20    Inc., dated August 20, 2013.
21 • <u>Oracle America, Inc.</u>   Declaration of Robert Crews for Oracle America, Inc., dated
22    June 28, 2013.
23 • <u>Sony Electronics, Inc.</u>   Declaration of Neal Manowitz for Sony Electronics, Inc.,
24    dated July 12, 2013.
25 • <u>Qualcomm Inc.</u>   Declaration of Eduardo Castro for Qualcomm Inc., dated
26    August 13, 2013.
27 • <u>Intel Corp.</u>   Declaration of Tracey Mazur for Intel Corp., dated August 29, 2013.
28

- **Ericsson Inc.**   Declaration of Joakim Bergstrom for Ericsson Inc., dated September 23, 2013.

WHEREAS, the parties agree that the documents or exhibits referred to in the foregoing third party declarations and the sworn testimony in these declarations will be admissible as substantive evidence and may be used for all permissible purposes in this case, unless a party raises one or more of the following objections on or before November 4, 2013 (in which case the objection(s) will be preserved).

- The evidence is irrelevant because it relates only to a patent or accused product that has been dropped from the case.
- FRE 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulative evidence).
- Evidence relates only to a theory that was not timely disclosed.
- Limiting instruction required to limit the document or evidence to a relevant, timely disclosed and non-prejudicial (subject to FRE 403) issue.
- Hearsay objection for hearsay within a document.
- Document or evidence is insufficiently corroborated to establish it as an alleged prior art system or publication on one or more of the following specific grounds:
  - the document or evidence is not shown to be a "printed publication" under section 102;
  - the document or evidence is not shown to have been public used or on sale prior to the effective filing date of an asserted patent for which the document or evidence is asserted to be prior art;
  - the evidence is computer source code and it has not been established that the source code was used in a configuration alleged by the offering party to have been in public use or on sale prior to the effective filing date of the asserted patent

1        o   the evidence is computer source code and it is not established that the computer
2            source code was ever compiled in the manner alleged by the offering party to
3            establish how a system operated;
4        o   the evidence is computer source code and it is not established that any person
5            downloaded that computer source code and compiled it for execution in the United
6            States prior to the effective filing date of the asserted patent.

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the parties that:

(1)   the foregoing declarations signed by third parties are sufficient to authenticate the documents or exhibits referred to therein as business records as of the date of the declaration, and that the sworn testimony in these declarations will not be subject to any objection that the declaration is hearsay or any ground that could have been raised in a deposition eliciting such testimony, in the same fashion as if this testimony were the deposition testimony of an unavailable witness.

(2)   the documents or exhibits referred to in the foregoing third party declarations and the sworn testimony in these declarations will be admissible as substantive evidence and may be used for all permissible purposes in this case unless a party raises on or before November 4, 2013 one or more of the following objections (in which case the objection(s) will be preserved).

- The evidence is irrelevant because it relates only to a patent or accused product that has been dropped from the case.
- FRE 403 (unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or cumulative evidence).
- Evidence relates only to a theory that was not timely disclosed.
- Limiting instruction required to limit the document or evidence to a relevant, timely disclosed and non-prejudicial (subject to FRE 403) issue.
- Hearsay objection for hearsay within a document.

-5-
STIPULATION AND [PROPOSED] ORDER REGARDING THIRD PARTY DECLARATIONS

- Document or evidence is insufficiently corroborated to establish it as an alleged prior art system or publication on one or more of the following specific grounds:
    - the document or evidence is not shown to be a "printed publication" under section 102;
    - the document or evidence is not shown to have been public used or on sale prior to the effective filing date of an asserted patent for which the document or evidence is asserted to be prior art;
    - the evidence is computer source code and it has not been established that the source code was used in a configuration alleged by the offering party to have been in public use or on sale prior to the effective filing date of the asserted patent;
    - the evidence is computer source code and it is not established that the computer source code was ever compiled in the manner alleged by the offering party to establish how a system operated;
    - the evidence is computer source code and it is not established that any person downloaded that computer source code and compiled it for execution in the United States prior to the effective filing date of the asserted patent;

(3) to the extent T-Mobile or Internet Archive and/or Brewster Kahle provide additional declarations similar in nature to those listed above on or before November 4, 2013, the parties will enter into a further stipulation for those declarations.

IT IS SO STIPULATED.

DATED: October 8, 2013

By  /s/ H. Mark Lyon                    By  /s/ Victoria F. Maroulis

| | |
|---|---|
| Attorney for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA,   INC., AND SAMSUNG TELECOMMUNICATIONSAMERICA, LLC |
| Josh A. Krevitt (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. Mark Lyon (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA   94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| Michael A. Jacobs<br>(CA SBN 111664)<br>mjacobs@mofo.com<br>Richard S.J. Hung (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | Kevin P.B. Johnson<br>(Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| William F. Lee (pro hac vice)<br>William.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 | William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100 | |

* * *

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  _ October 9 _, 2013

By: _Lucy H. Koh_
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT COURT

**ATTESTATION OF E-FILED SIGNATURES**

I, Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Third Party Declarations.  In compliance with General Order 45.X.B, I hereby attest that H. Mark Lyon has concurred in this filing.

Dated: October 8, 2013              */s/ Victoria F. Maroulis*
                                     Victoria F. Maroulis

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 8, 2013              */s/ Victoria F. Maroulis*