JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

CASE NO. 12-cv-00630-LHK (PSG)

**APPLE INC. 'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT)**

In accordance with Civil L.R. 7-11 and 79-5, and General Order No. 62, Apple Inc. ("Apple") hereby moves this Court for an order to seal:

1. Portions of the confidential, unredacted version of Apple Inc.'s Motion for Partial Summary Judgment;
2. Portions of the confidential, unredacted versions of Exhibits D-1 and E-6 to the Declaration of Jennifer J. Rho ("Rho Declaration");
3. Exhibits A-1, A-2, B-1, B-2, B-3, B-4, B-5, C-1, C-2, C-4, C-5, C-6, D-2, E-4, E-5, E-6, and E-7 to the Rho Declaration; and
4. Exhibits 1 to 3 to the Declaration of Andrew Cockburn ("Cockburn Declaration").

Item numbers 1, 3, and 4 above contain or discuss information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") and/or third party Google Inc. ("Google") pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential by Samsung or Google. Such confidential information has been highlighted in green in Apple's Motion for Partial Summary Judgment. Apple expects that Samsung and/or Google will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

The documents in item number 2, Exhibits D-1 and E-6 to the Rho Declaration, contain and discuss Apple's highly confidential and proprietary information, such as its proprietary source code and detailed technical information regarding its products. Apple has established compelling reasons to permit the filing of the above Apple confidential information under seal through the Declarations of Cyndi Wheeler and Peter Kolovos filed in support of this Administrative Motion to File Documents Under Seal, filed herewith.

**<u>Exhibit D-1</u>**

As further detailed in the Declaration of Cyndi Wheeler, the Apple confidential

financial information referenced within Exhibit D-1 to the Rho Declaration includes discussion of and actual excerpts from Apple's highly proprietary source code. Wheeler Declaration at ¶¶ 9-10. Apple provides its source code with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id.* ¶¶ 3-7. Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* ¶¶ 5-10.

As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). The source code information at issue in this motion thus should be considered to be the type of information that has been found by the courts to "outweigh the public's interest and justify sealing court records" under the Ninth Circuit's "compelling reasons" standard, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and was found by this Court to be sealable in trial exhibits. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012). The specific Apple source code at issue here is non-public, and its exposure would cause Apple to lose significant competitive advantage. *Id.* ¶¶ 6-10. Indeed, even in this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *See* D.I. 512 at ¶ 11. The ability to copy and otherwise learn Apple's source code – including how Apple implements particular feature and functionality of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code – including the source code for the client and server software product at issue here. *Id.* In particular, and as explained in the Wheeler Declaration, Apple goes to significant lengths to protect its source code, as the disclosure and copying of its source code by third parties would provide Apple's

competitors with an unfair competitive advantage and would undermine the independent economic value that Apple derives from that source code. Wheeler Declaration ¶ 10.

The requested relief is thus necessary and narrowly tailored to protect the confidentiality of Apple's confidential information contained in Exhibit D-1 to the Rho Declaration. Indeed, Apple is seeking not to seal its brief relying upon this exhibit, but rather moving only to seal the very limited portions of the document – constituting less than one percent of the underlying document – containing only very specific quotations from, citations to, and discussions of Apple's highly proprietary source code; Apple has not sought to seal any information not specifically and closely tied to the source code contained in Exhibit D-1 to the Rho Declaration. Such information - providing a few technical details about one of the products discussed in the document – is not necessary for the public to understand the parties' positions and the issues of the underlying brief. *See, e.g.*, *id.*; *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.,* 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm"). For example, the purpose of Exhibit D-1 to the Rho Declaration in Apple's Motion for Summary Judgment is merely to illustrate Samsung and Dr. Rinard's theory of invalidity. *See* Apple's Motion for Partial Summary Judgment. In using this exhibit, Apple does not address the cited source code, and neither Apple nor Samsung require the cited source code in order to understand Apple's argument in its motion for partial summary judgment. The precise contours of the source code quoted in the document are thus unnecessary to the public to understand the issues in Apple's motion for partial summary judgment.

**Exhibit E-6**

Exhibit E-6 to the Rho Declaration contains and discusses detailed technical

information regarding the components and configuration for accused Apple products, including information about the location and manner in which data is stored. This information is highlighted in yellow. Apple has established compelling reasons to permit the filing of the above Apple confidential information under seal through the Kolovos Declaration filed in support of this Administrative Motion to File Documents Under Seal, filed herewith. As further detailed in the Kolovos Declaration, the Apple confidential technical information referenced within Exhibit E-6 to the Rho Declaration includes discussion of and actual excerpts from Apple's highly proprietary source code. Exhibit E-6 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). Apple has not included this information in its motion because it is not necessary for the motion. For this reason, the public interest in this information is low. *See Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *12 (Fed. Cir. Aug. 23, 2013).

Exhibit E-6 to the Rho Declaration also contains or discusses information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). Apple does not support the sealing of the information that is not highlighted in this exhibit. Apple expects that Samsung will file the required supporting declarations in

accordance with Civil Local Rule 79-5 as necessary in order to confirm whether its information should be sealed.

* * *

Pursuant to General Order No. 62, the complete, unredacted versions of these documents will be lodged with the Court for in camera review and served upon Samsung. The Apple confidential information contained within item no. 2's documents, Exhibits D-1 and E-6 to the Rho Declaration, has been highlighted in yellow. Further, in accordance with this Court's Civil Standing Order regarding Motions to File Under Seal, a proposed public redacted version of Exhibit D-1 to the Rho Declaration, which contains only Apple's confidential information and of which Apple seeks to file portions under seal, as well as a proposed public redacted version of Apple's Motion for Partial Summary Judgment, will be publicly e-filed as an attachments to this Motion to Seal.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal (Apple's Motion for Partial Summary Judgment) as a procedural mechanism for filing portions of Apple's Motion for Partial Summary Judgment and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

For the foregoing reasons, Apple respectfully requests sealing of the information contained in:

1. Portions of the confidential, unredacted version of Apple Inc.'s Motion for Partial Summary Judgment;
2. Portions of the confidential, unredacted versions of Exhibits D-1 and E-6 to the Rho Declaration;
3. Exhibits A-1, A-2, B-1, B-2, B-3, B-4, B-5, C-1, C-2, C-4, C-5, C-6, D-2, E-4, E-5, E-6, and E-7 to the Rho Declaration; and
4. Exhibits 1 to 3 to the Cockburn Declaration.

Dated: October 10, 2013

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *H. Mark Lyon*
H. Mark Lyon
***Attorney for Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 10, 2013 *<u>/s/ H. Mark Lyon</u>*