QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO ENFORCE APPLE'S COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING**<br><br>Date:  TBD<br>Time: TBD<br>Place: Courtroom 8<br>Judge: Honorable Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

BACKGROUND .................................................................................................................................... 1

    A.    The Court Required The Parties To Reduce Their Asserted Claims ........................ 1

    B.    Apple Failed to Comply With the Court's Order ....................................................... 2

    C.    Apple Refused Samsung's Request To Honor the Court's Order ............................. 3

    D.    Apple's Failure To Comply With The Court's Order Will Prejudice Samsung ..................................................................................................................... 3

        1.    Claim 34 of the '959 Patent ............................................................................. 4

        2.    Claim 27 of the '172 Patent ............................................................................. 4

        3.    Claim 11 of the '414 Patent ............................................................................. 5

ARGUMENT .......................................................................................................................................... 5

I.    This Court Has Inherent Authority To Enforce Its Own Orders ........................................... 5

II.    The Court Should Enforce Its Case Narrowing Order Against Apple's Overreach ............. 5

CONCLUSION ....................................................................................................................................... 6

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, before the Honorable Lucy H. Koh in Courtroom 8, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South First Street, San Jose, California, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall and hereby do move the Court for an order against Apple Inc. ("Apple") enforcing the Court's case narrowing order requiring the parties to "limit their asserted claims to 10 per side" by October 4, 2013. (Dkt. 471; Dkt. 713; Dkt. 778.)

Samsung moves based on this notice of motion and supporting memorandum of points and authorities, the concurrently filed Declaration of Michael L. Fazio ("Fazio Decl."), briefing in reply to Apple's opposition to this Motion, and such other written or oral argument as Samsung may present to the Court.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Apple has complied with the Court's case narrowing order by filing a case narrowing statement on October 4, 2013, that lists 10 claims of the patents-in-suit "to which Apple will limit its infringement assertions going forward in this action" (Dkt. 786), but nonetheless continuing to assert three additional claims of the patents-in-suit, for purposes including its alleged practice of the patents and its claimed damages for Samsung's alleged infringement:

- Claim 34 of U.S. Patent No. 6,847,959 (the "'959 Patent");
- Claim 27 of U.S. Patent No. 8,074,172 (the "'172 Patent"); and
- Claim 11 of U.S. Patent No. 7,761,414 (the "'414 Patent").

## RELIEF REQUESTED

This Court should enforce its case narrowing order requiring Apple and Samsung to "limit their asserted claims to 10" by striking Apple's contentions that it practices Claim 34 of the '959

-ii-  Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S MOTION TO ENFORCE APPLE'S COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING

1  Patent, Claim 27 of the '172 Patent, or Claim 11 of the '414 Patent, as well as any portion of its

2  expert reports that rely on those contentions.

3

4  DATED:  October 10, 2013          QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
5

6                                    By */s/ Victoria F. Maroulis*
                                        Charles K. Verhoeven
7                                       Kevin P.B. Johnson
                                        Victoria F. Maroulis
8                                       William C. Price

9                                       Attorneys for
10                                      SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC.,
11                                      and SAMSUNG TELECOMMUNICATIONS
                                        AMERICA, LLC
12

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court must resolve a simple but significant dispute regarding its case narrowing order: whether its requirement that Apple and Samsung "limit their asserted claims to 10 per side" means that each party can assert only ten total claims – as Samsung contends – or instead means, as Apple argues, that each party can assert ten claims regarding *infringement*, plus an unlimited number of *additional* claims regarding other issues. Apple's interpretation not only contradicts the text of the Court's order, but also undermines its purpose: to ensure an orderly presentation of a reasonable number of issues to the jury. The Court should enforce its order by barring Apple from pursuing additional asserted claims beyond those in its case narrowing statement, and by striking any contention that Apple practices Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, or Claim 11 of the '414 Patent, as well as any portion of Apple's expert reports that rely on those contentions.

**BACKGROUND**

**A.    The Court Required The Parties To Reduce Their Asserted Claims**

To streamline the issues in this litigation and to allow an orderly presentation to a jury, this Court ordered Apple and Samsung to limit the patent claims they assert, the products they accuse of infringement, and the theories of invalidity they advance. In its Case Management Order of March 8, 2013, the Court stated that it would "require the parties to streamline the issues raised in this action significantly," in part by reducing the number of asserted claims per side before trial. (Dkt. 394.) At case management hearings, the Court repeatedly emphasized the importance of narrowing the assertions in this action to a "focused and streamlined case" including strict limits on "patent claims," "accused products," and "prior art." (Fazio Decl. Ex. 1 at 8:23-9:3, 9:10-11.) As the Court explained in response to a question from Apple, this narrowing would reduce the asserted claims to "what the jury can handle." (Fazio Decl. Ex. 2 at 48:23-25.) On April 24, 2013, the Court ordered a phased reduction of asserted patent claims, accused products, and asserted prior art. (Dkt. 471.) Following short extensions requested by the parties and granted by the Court, by the most recent deadline of October 4, 2013, the Court's narrowing order required

Apple and Samsung each to "limit their asserted claims to 10 per side and limit their accused products to 15 per side." (Dkt. 471; Dkt. 713; Dkt. 778.) The parties face one final phase of the narrowing process: "By February 6, 2014, the parties will be required to limit their asserted claims to 5 per side and limit their accused products to 10 per side. In addition, the parties will be required to reduce their invalidity references/systems/combinations to 15 per side." (Dkt. 713.)

### B.   Apple Failed to Comply With the Court's Order

Under the Court's case narrowing order, by October 4, 2013, Apple and Samsung were each required to "limit their asserted claims to 10 per side and limit their accused products to 15 per side." (Dkt. 471; Dkt. 713; Dkt. 778.) In response, however, Apple filed a submission purporting to comply with the Court's order, but which unilaterally interpreted the Court's command to "limit their asserted claims to 10 per side" as applying only to claims of *infringement*. Thus Apple has limited its infringement claims to ten, but continues to assert three *additional* claims of the patents-in-suit for purposes including its alleged practice of the patents and its claimed damages for Samsung's alleged infringement:

- Claim 34 of U.S. Patent No. 6,847,959 (the "'959 Patent");
- Claim 27 of U.S. Patent No. 8,074,172 (the "'172 Patent"); and
- Claim 11 of U.S. Patent No. 7,761,414 (the "'414 Patent").

Under Apple's interpretation of the Court's case narrowing order, it can currently maintain thirteen asserted claims instead of ten, and can arrive at trial with eight claims instead of five. To oppose Apple's claims of practicing these patents, Samsung must offer an element-by-element examination of Apple's products, the prior art, and the claims themselves – the precise equivalent of an infringement analysis. Thus Apple's interpretation not only would violate the Court's clear limits on "patent claims" or "asserted claims" – not "infringement assertions" – but also would undermine the Court's intent of achieving a "focused and streamlined case" including only "what the jury can handle." (Fazio Decl. Ex. 1 at 8:23-9:3, 9:10-11; Fazio Decl. Ex. 2 at 48:23-25.)

### C. Apple Refused Samsung's Request To Honor the Court's Order

After reviewing Apple's case narrowing statement filed on October 4, 2013, on October 8 Samsung wrote to Apple to seek its compliance with the Court's case narrowing order. (Fazio Decl. Ex. 10.) Samsung asked Apple to confirm that it would pursue only the patent claims set forth in the case narrowing statement, and would not also pursue the three additional claims referenced in some of its expert reports. (*Id.*) Apple did not respond to this letter. During a meet-and-confer discussion on October 10, 2013, Apple confirmed its view that the Court's requirement that Apple and Samsung "limit their asserted claims to 10 per side" applied only to claims asserted for *infringement*, and not to claims asserted for any other purpose, including claimed practice of a patent or alleged damages.

### D. Apple's Failure To Comply With The Court's Order Will Prejudice Samsung

Unless remedied by the Court, Apple's failure to comply with the Court's narrowing order will significantly prejudice Samsung. To rebut Apple's claims that its products practice the three extra claims, Samsung must argue (among other things) that Apple's products *do not* actually practice the three extra claims, or that the three extra claims are invalid, or both. Under black letter law, "[a] validity analysis must be conducted on a claim-by-claim basis," so Samsung must make separate arguments about the invalidity of each extra claim. *Nat'l Steel Car, Ltd. v. Canadian Pacific Ry., Ltd.*, 357 F.3d 1319, 1334 (Fed. Cir. 2004). Similarly, Samsung's arguments against Apple's claims to practice the three extra claims must analyze those claims separately from Samsung's rebuttal to Apple's allegations it infringes *other* claims. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). Finally, Apple's assertion of three extra claims will harm Samsung another way – by unfairly constraining Samsung's invalidity case. The Court's case narrowing order has already required Samsung to "reduce their invalidity references/systems/combinations to 25," and will by trial require Samsung to "reduce their invalidity references/systems/combinations to 15." (Dkt. 471; Dkt. 713; Dkt. 778.) Under Apple's view of the order, however, Samsung must use those 15 references to

1  invalidate Apple's up-to-*eight* claims asserted at trial, while Apple will have the same number of
2  references, 15, to use against Samsung's five claims asserted at trial.

### 1. Claim 34 of the '959 Patent

Although Apple's case narrowing statement of October 4, 2013, lists only Claims 24 and 25 of the '959 Patent (Dkt. 786), Apple *also* contends that it practices Claim 34 of the '959 Patent, which Apple has never even accused Samsung of infringing.  Apple's technical expert, Dr. Alex Snoeren, opined that Apple practices Claim 34 of the '959.  (Fazio Decl. Ex. 3 ¶¶ 360-67.)  Another Apple expert, Professor John Hauser, conducted a survey of the allegedly patented features of the '959 Patent that ignored the differences between Claims 24 and 25, which Apple asserts against Samsung for infringement, and Claim 34, which Apple asserts for practice and damages.  (*See*, *e.g.*, Fazio Decl. Ex. 4 ¶¶ 42, 43, 74.)  In turn, another Apple expert, Dr. Christopher Vellturo, relied on Professor Hauser's consumer demand studies to analyze damages allegedly owed to Apple for the '959 Patent.  (*See*, *e.g.*, Fazio Decl. Ex. 5 ¶¶ 13, 164, 255-58, 280-88, 293, 310-17, 324, 395-96, 481, 489, 500.)  To rebut these allegations Samsung must argue that Apple's products do not practice Claim 34 of the '959 Patent and that Claim 34 is invalid, subjecting the jury to additional infringement and invalidity analysis of this claim.

### 2. Claim 27 of the '172 Patent

Similarly, although Apple's case narrowing statement lists only Claim 18 of the '172 Patent (Dkt. 786), Apple *again also* contends that it practices Claim 27 of the '172 Patent.  (Fazio Decl. Ex. 6 at 42-53.)  Again, Apple's technical expert, Professor Andrew Cockburn, opined that Apple's products practice Claim 27 of the '172 patent.  (Fazio Decl. Ex. 7, ¶¶ 470-73; Dkt. 645.)  Again, Professor Hauser's study ignored the differences between Claim 18 and Claim 27, and Dr. Vellturo relied on Professor Hauser's survey to calculate damages allegedly owed to Apple.  (Fazio Decl. Ex. 4, ¶¶ 42-43, 74; Fazio Decl. Ex. 5, ¶¶ 13, 164, 255-58, 280-84, 395-96, 481, 489, 500.)  Again, to rebut these allegations Samsung must argue that Claim 27 is invalid, requiring the jury to consider validity of two claims, Claim 18 and Claim 27, instead of the one intended by the Court's order.

### 3. Claim 11 of the '414 Patent

Finally, in its case narrowing statement of October 4, 2013, Apple dropped its "infringement assertions" regarding Claim 11 of the '414 Patent. (*Compare* Dkt. 645 *with* Dkt. 786.) But Apple still contends that its products *practice* Claim 11, and seeks damages on that basis. (*See*, *e.g.*, Fazio Decl. Ex. 8 at 16-18.) Apple's technical expert, Dr. Snoeren, also opined that Apple's products practice Claim 11. (Fazio Decl. Ex. 3 ¶¶ 525-28; Fazio Decl. Ex. 9 ¶ 627.) Professor Hauser purported to test consumer demand for Claim 11 of the '414 Patent, while still *another* Apple expert, Dr. Vellturo, relied on Professor Hauser's tests to calculate damages allegedly owed to Apple. (Fazio Decl. Ex. 4 ¶¶ 42-43, 74; Fazio Decl. Ex. 9 ¶ 620; Fazio Decl. Ex. 5 ¶¶ 13, 164, 255-58, 280-88, 293, 310-17, 324, 395-96, 481, 489, 500.) As with Claim 34 of the '959 Patent and Claim 27 of the '172 Patent, Samsung will be forced to rebut these allegations regarding Claim 11 '414 Patent by seeking to show that Apple's products do not practice Claim 11 and that Claim 11 is invalid. Thus Apple's interpretation of the Court's order would require the jury to consider both Claim 11 and Claim 20, although only Claim 20 appears on Apple's case narrowing statement.

## ARGUMENT

### I. This Court Has Inherent Authority To Enforce Its Own Orders

This Court has inherent authority to enforce its own orders. *See, e.g., TiVo, Inc. v. EchoStar Corp.*, 646 F.3d 869, 887 (Fed. Cir. 2011) (en banc); *Sarytchev v. Korolev*, 2013 WL 1501440, *5 (N.D. Cal. Apr. 11, 2013). Because Apple has violated the Court's case narrowing order, the Court can and should exercise its inherent authority to redress Apple's violation and restore the balance it originally intended. *Id.*

### II. The Court Should Enforce Its Case Narrowing Order Against Apple's Overreach

If allowed to stand, Apple's interpretation would undermine both the letter and the spirit of the Court's case narrowing order. Under Apple's view, it can currently maintain thirteen asserted claims instead of ten, and can bring eight claims to trial instead of five. Apple's proposal would needlessly confuse the jury, and would require Samsung to expend precious trial time performing

1  an element-by-element examination of Apple's products and the claims themselves – even though
2  Apple has not preserved these claims through the case narrowing process.  Apple would thus
3  frustrate the purposes behind the Court's case narrowing order: "to streamline the issues raised in
4  this action significantly" and to limit the issues to "what the jury can handle." (Dkt. 394; Fazio
5  Decl. Ex. 2 at 48:23-25.)  Using its inherent authority, this Court should enforce Apple's
6  compliance with its case narrowing order by striking Apple's contentions that it practices Claim
7  11 of the '414 Patent, Claim 27 of the '172 Patent, and Claim 34 of the '959 Patent, and by
8  striking all portions of its expert reports that rely on those contentions.

## CONCLUSION

For the foregoing reasons, this Court should issue an order striking Apple's contentions that it practices Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent, and striking all portions of Apple's expert reports that rely on those contentions.

DATED: October 10, 2013              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By */s/ Victoria F. Maroulis*
                                        Charles K. Verhoeven
                                        Kevin P.B. Johnson
                                        Victoria F. Maroulis
                                        William C. Price

                                        Attorneys for
                                        SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC.,
                                        and SAMSUNG TELECOMMUNICATIONS
                                        AMERICA, LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Matthew Warren, am the ECF user whose ID and password are being used to file Samsung's Notice of Motion and Motion to Enforce Apple's Compliance With The Court's Order Regarding Case Narrowing.  In compliance with General Order 45.X.B, I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  October 10, 2013                    */s/ Matthew Warren*
                                                                  Matthew Warren