JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:   650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JORDAN BEKIER IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE'S MOTION TO EXCLUDE CERTAIN UNRELIABLE AND IMPERMISSIBLE SAMSUNG EXPERT TESTIMONY)** |

I, Jordan Bekier, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Apple's Administrative Motion To File Documents Under Seal (Apple's Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony) ("Apple's Motion to Seal"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. Concurrent with Apple's Motion to Seal, Apple has filed its Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony ("Apple's Motion to Exclude"), including the Declaration of Casey McCracken in Support of Apple's Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony ("McCracken Declaration") and exhibits thereto.

3. Apple hereby seeks to seal documents and testimony referenced in Apple's Motion to Exclude, the McCracken Declaration, and exhibits thereto. Certain of these documents and testimony contain information designated as highly confidential by Apple and/or Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"). Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow. Where a document references information that Samsung has designated as confidential, Apple hereby submits that document with information that Samsung has designated as confidential highlighted in green. If a document has been designed as highly confidential in its entirety by Samsung, Apple has not highlighted any material in green but has filed the document entirely under seal.

**Apple's Confidential Information**

4. Apple hereby seeks to file under seal certain documents and testimony that relate to Apple's non-public financial information and its confidential, non-public license agreements and negotiations. This information is highly confidential, and this Court and the Federal Circuit have previously ruled that the potential harm to Apple in publicizing such information is not outweighed by the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-

1  CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*,
2  2013 WL 4487610 at *9-10 (Fed. Cir. 2013).  For example, the Federal Circuit held that the Apple's
3  and Samsung's "strong interest in keeping their detailed financial information sealed and the public's
4  relatively minimal interest in this particular information" warranted filing such information under
5  seal.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10.  Similarly, this Court
6  previously permitted licensing information to be filed under seal due to Apple's, Samsung's, and
7  third party Interdigital's descriptions of "the harm that would befall each of them if the financial and
8  licensing information at issue lost its confidential status."  *Apple, Inc. v. Samsung Electronics Co.,*
9  *Ltd.*, Case No. 11-CV-01846, D.I. 2397 at 2-3.

10         5.       Attached to Apple's Motion to Seal is a copy of Apple's Motion to Exclude, along
11  with the supporting McCracken Declaration and exhibits thereto.  Apple seeks to file certain portions
12  of these documents under seal as they contain references to Apple's confidential, non-public
13  information.  The specific portions to be filed under seal are described in the paragraphs that follow.

14         6.       The portions of Apple's Motion to Exclude highlighted in yellow, at pages 1, 2, and 4-
15  10, contain references to Apple's confidential, non-public license agreements and negotiations,
16  confidential financial data, confidential technical information regarding the components and
17  configurations for accused Apple products, and market research regarding customer use of accused
18  Apple products and should remain under seal.

19         7.       Exhibit A-1 to the McCracken Declaration contains excerpts of the Expert Report of
20  Judith A. Chevalier, Ph. D. ("Chevalier Report"), as well as Exhibits 69-85 to the Chevalier Report.
21  The portions of Exhibit A-1 highlighted in yellow, including at pages 13, 165, 169, 172-82, 184-85,
22  191, 199-205, 210-11 of the Chevalier Report and Exhibits 69-70 and 74-81 to the Chevalier Report,
23  contain references to Apple's confidential, non-public license agreements and negotiations, as well as
24  to Apple's confidential, non-public financial data, and should remain under seal.

25         8.       Exhibit A-2 to the McCracken Declaration contains excerpts from the October 3, 2013
26  deposition of Dr. Judith Chevalier.  The portions of pages 278, 281, 282-83, and 285-86 highlighted
27  in yellow in Exhibit A-2 contain references to Apple's confidential, non-public license agreements
28  and negotiations and should remain under seal.

9. Exhibit A-3 to the McCracken Declaration contains excerpts from the March 16, 2012 deposition of Boris Teksler. The portions of pages 46, 48-73 highlighted in yellow in Exhibit A-3 contain references to Apple's confidential, non-public license agreements and negotiations and should remain under seal.

10. Exhibit B-1 to the McCracken Declaration contains excerpts of the Expert Report of Dr. James R. Kearl ("Kearl Report"). The portions of Tables 17b-f, 21b-e, 25b, 30, and 32 highlighted in yellow in Exhibit B-1 contain references to Apple's confidential, non-public financial data, and should remain under seal.

11. Exhibit C-5 to the McCracken Declaration contains excerpts of the Report of Dan Schonfeld, Ph.D. Regarding Infringement of U.S. Patent Nos. 5,579,239 and 7,577,757 ("Schonfeld Report"). The portions of pages 826-30, 855-56, 858, 870-73, and 1253 highlighted in yellow in Exhibit C-5 contain detailed technical information regarding the components and configuration for accused Apple products. Exhibit C-5 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. See, e.g., *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). Apple has not included this information in its motion because it is not necessary for the motion. For this reason, the public interest in this information is low. *See id.* at *12.

12. The portions of pages 1251-53 highlighted in blue in Exhibit C-5 contain detailed market research information regarding customer use of the accused Apple products, which Apple is not citing to in its Motion. Exhibit C-5 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v.

*Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable time series of information that shows how customer preference have evolved)).  The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding the accused Apple products.  See, e.g., *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (overturning district court's denial of motion to seal marketing documents).  Apple has not included this information in its motion because it is or unrelated to the motion.  For this reason, the public interest in this information is low.  *See id.* at *12.

**Samsung's Confidential Information**

13. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that have been designated as highly confidential by Samsung.

14. Apple's Motion to Exclude references documents or testimony designated as highly confidential by Samsung.  These portions of Apple's Motion to Exclude, at pages i, and 1-25, have been highlighted in green and should remain under seal.

15. Exhibit A-1 to the McCracken Declaration contain excerpts of the Chevalier Report and Exhibits 71-73, 75-85 to the Chevalier Report, which have been designated highly confidential by Samsung.  Apple seeks only to maintain the portion of Exhibit A-1 that has been highlighted in yellow, but has filed the entire document under seal given Samsung's designation of the document as highly confidential.

16. Exhibit A-2 to the McCracken Declaration contains deposition testimony of Dr. Judith Chevalier designated as highly confidential by Samsung.  Apple seeks only to maintain the portion of Exhibit A-2 that has been highlighted in yellow, but has filed the entire document under seal given Samsung's designation of the document as highly confidential.

17. Exhibit A-3 to the McCracken Declaration contains deposition testimony of Boris Teksler referencing information designated as highly confidential by Samsung.  Apple seeks only to

1  maintain the portion of Exhibit A-3 that has been highlighted in yellow, but has filed the entire
2  document under seal given Samsung's designation of the document as highly confidential.

3     18.   Exhibit B-1 to the McCracken Declaration contains excerpts of the Kearl Report,
4  which has been designated highly confidential by Samsung. Apple seeks only to maintain the portion
5  of Exhibit B-1 that has been highlighted in yellow, but has filed the entire document under seal given
6  Samsung's designation of the document as highly confidential.

7     19.   Exhibit B-2 to the McCracken Declaration contains excerpts from the October 4, 2013
8  deposition of Dr. James R. Kearl, designated highly confidential by Samsung. Apple does not seek to
9  maintain any part of this document under seal, but Apple has filed this document under seal given
10 Samsung's designation of the document as highly confidential.

11    20.   Exhibit B-3 to the McCracken Declaration contains excerpts of the Expert Report of
12 Dr. Sanjay K. Rao, which has been designated highly confidential by Samsung. Apple does not seek
13 to maintain any part of this document under seal, but Apple has filed this document under seal given
14 Samsung's designation of the document as highly confidential.

15    21.   Exhibit B-4 to the McCracken Declaration contains excerpts from the October 1, 2013
16 deposition of Dr. Sanjay K. Rao, designated highly confidential by Samsung. Apple does not seek to
17 maintain any part of this document under seal, but Apple has filed this document under seal given
18 Samsung's designation of the document as highly confidential.

19    22.   Exhibit B-7 to the McCracken Declaration is an excel spreadsheet with bates number
20 RAONDCA630-00001750, designated highly confidential by Samsung. Apple does not seek to
21 maintain any part of this document under seal, but Apple has filed this document under seal given
22 Samsung's designation of the document as highly confidential.

23    23.   Exhibit B-8 to the McCracken Declaration contains information from an excel
24 spreadsheet with bates number RAONDCA630-00001750, designated highly confidential by
25 Samsung. Apple does not seek to maintain any part of this document under seal, but Apple has filed
26 this document under seal given Samsung's designation of the document as highly confidential.

27    24.   Exhibit B-10 to the McCracken Declaration contains excerpts from the Rebuttal
28 Expert Report of Christopher A. Vellturo, Ph.D., dated September 13, 2013, which discuss in detail

1  portions of the Kearl Report, which has been designated highly confidential by Samsung.  Apple does
2  not seek to maintain any part of this document under seal, but Apple has filed this document under
3  seal given Samsung's designation of the document as highly confidential.

4       25.     Exhibit C-1 to the McCracken Declaration contains excerpts from the Rebuttal Expert
5  Report of Dan Schonfeld Regarding the Validity of U.S. Patent No. 7,557,757, dated September 13,
6  2013, which has been designated highly confidential by Samsung.  Apple does not seek to maintain
7  any part of this document under seal, but Apple has filed this document under seal given Samsung's
8  designation of the document as highly confidential.

9       26.     Exhibit C-2 to the McCracken Declaration contains excerpts from the October 3-4,
10  2013 deposition of Dr. Dan Schonfeld.  Although Samsung has not designated any portion of the
11  transcript as confidential, the time for Samsung to do so pursuant to the parties' Protective Order has
12  not yet expired.  Apple does not seek to maintain any part of the excerpts in this document under seal,
13  but Apple has filed this document under seal because Samsung may designate the transcript as
14  confidential.

15       27.     Exhibit C-5 to the McCracken Declaration contains excerpts of the Schonfeld Report,
16  which has been designated highly confidential by Samsung.  Apple seeks only to maintain the portion
17  of Exhibit C-5 that has been highlighted in yellow, but has filed the entire document under seal given
18  Samsung's designation of the document as highly confidential.

19  **Apple's Attempt to Meet and Confer**

20       28.     Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's
21  counsel regarding this motion.  Samsung does not oppose Apple's Administrative Motion to File
22  Documents Under Seal (Motion to Exclude Certain Unreliable and Impermissible Samsung Expert
23  Testimony) as a procedural mechanism for filing portions of Apple's Motion to Exclude Certain
24  Unreliable and Impermissible Samsung Expert Testimony and supporting documents under
25  seal.  Samsung reserves the right to challenge any proposed redactions to the extent it believes those
26  redactions improperly seal non-confidential information.

27
28

BEKIER DECL. ISO APPLE'S ADMIN.
MOTION TO FILE UNDER SEAL      6
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

29. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public financial information and its confidential, non-public license agreements and negotiations.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: October 10, 2013

*/s/ Jordan Bekier*
Jordan Bekier

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Jordan Bekier has concurred in this filing.


Dated: October 10, 2013

/s/ *H. Mark Lyon*

H. Mark Lyon