# EXHIBIT 32

JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR ADMISSION TO APPLE INC. (NOS. 1-7)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | |

Gibson, Dunn &
Crutcher LLP

APPLE'S SUPP. RESPONSES TO SAMSUNG'S
FIRST REQUESTS FOR ADMISSIONS
Case No. 5:12-cv-00630-LHK (PSG)

Pursuant to Federal Rules of Civil Procedure 26 and 35, Plaintiff Apple Inc. ("Apple") submits the following Supplemental Responses to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") First Set of Requests for Admission ("Requests").

## OBJECTIONS COMMON TO ALL REQUESTS FOR ADMISSIONS

The following objections apply to each and every Request for Admission propounded by Samsung and are incorporated into each of the following responses by reference as if set forth fully therein:

1.        Apple objects to the "Definitions" contained in the Requests to the extent that they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any applicable Orders of Judge Koh.

2.        Apple objects to each and every Request to the extent that it purports to impose any requirement or discovery obligation on Apple other than those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California or any applicable Orders of Judge Koh.

3.        Apple objects to the definition of "APPLE," "PLAINTIFF," "YOU," and "YOUR" on the grounds that it is overbroad.  Apple will respond to these requests based on the information in the possession, custody and control of Apple Inc.

4.        Apple objects to the definition of the term "ASSERTED CLAIMS" as ambiguous and overbroad.  Pursuant to the Court's Order Apple has narrowed the claims at issue in this litigation.

5.        Apple objects to each and every Request to the extent that it uses words and phrases that are not defined in an understandable manner. Apple will interpret the terms and phrases used in these Requests as those terms and phrases are understood by Apple.

6.        Apple objects to each and every Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine, joint-defense privilege, the common-interest privilege, and/or any other applicable privilege or immunity. Any

disclosure of such protected and privileged information is inadvertent and is not intended to waive those privileges or protections.

7.        Apple objects to each and every Request to the extent that it seeks information that is not relevant to a claim or defense of any party, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

8.        Apple objects to each and every request to the extent it seeks expert opinion and is thereby premature.

9.        The subject matter of these Requests is under continuing investigation. Apple will respond to these Requests with current knowledge and reserves the right to supplement these responses if any additional information is identified at a later time and to make any additional objections that may become apparent. Apple expressly reserves the right to make any use of, or introduce at any hearing or at trial, any information not known of or thought to be responsive at the time of response.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO FIRST SET OF REQUESTS FOR ADMISSION

Subject to the foregoing general objections and the specific objections set forth below, and without waiving any objections Apple may interpose in the future, Apple responds to each Request as follows and incorporates by reference each of the General Objections above into each response:

## REQUEST FOR ADMISSION NO. 1:

Admit that the term "heuristic" has the same meaning in all of the ASSERTED CLAIMS of the '959 and '604 Patents.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Apple objects to this Request as vague and ambiguous, particularly with regard to the phrases "same," "meaning," and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent

claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple provides the following supplemental response: Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that "locat[ing] items of information on the basis of names of files" (Claim 9 of the `959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Apple objects to this Request as vague and ambiguous, particularly with regard to the phrases "heuristic," "used," and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been

construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] items of information on the basis of names of files" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] items of information on the basis of names of files" is not what a "heuristic" does.  In view of the foregoing, and because this request lacks any application to a specific set of facts, Apple denies the request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that "locat[ing] items of information on the basis of contents of files" (Claim 10 of the '959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Apple objects to this Request as vague and ambiguous, particularly with regard to the phrases "heuristic," "used" and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been

construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] items of information on the basis of contents of files" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] items of information on the basis of contents of files" is not what a "heuristic" does.  In view of the foregoing, and because this request lacksany application to a specific set of facts, Apple denies the request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that "locat[ing] items of information on the basis of most recently accessed items" (Claim 11 of the '959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Apple objects to this Request as vague as ambiguous, particularly with regard to the phrases "heuristic," "used," and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] items of information on the basis of most recently accessed items" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] items of information on the basis of most recently accessed items" is not what a "heuristic" does  In view of the foregoing, and because this request lacksany application to a specific set of facts, Apple denies the request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that "locat[ing] items of information that are stored locally on the computer system" (Claim 12 of the '959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Apple objects to this Request as vague and ambiguous, particularly with regard to the phrases "heuristic," "used," and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] items of information that are stored locally on the computer system" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] items of information that are stored locally on the computer system" is not what a "heuristic" does.  In view of the foregoing, and because this request lacksany application to a specific set of facts, Apple denies the request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that "locat[ing] items of information that are stored on remote computer systems" (Claim 14 of the '959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Apple objects to this Request as vague and ambiguous, particularly with regard to the phrases "heuristic," "used" and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] items of information that are stored on remote computer systems" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] items of information that are stored on remote computer systems" is not what a "heuristic" does.  In view of the foregoing, and because this request lacksany application to a specific set of facts, Apple denies the request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that "locat[ing] Internet web pages" (Claim 15 of the '959 Patent) is a "heuristic" as that term is used in the ASSERTED CLAIMS of the '604 and '959 Patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Apple objects to this Request as vague as ambiguous, particularly with regard to the phrases "heuristic," "used," and "ASSERTED CLAIMS." Apple further objects to this Request as overbroad in particular to the extent it seeks information about patents and patent claims not at issue in this litigation.  Apple further objects to this Request to the extent it calls for expert opinion. Apple further objects to this Request as outside the scope of Fed R. Civ. P. 36 in that it calls for a conclusion of law. Apple further objects to this Request as vague and ambiguous, in particular to the extent that the term "heuristic" has already been construed by the Court.  The request calls for a conclusion of law (claim interpretation) that is inappropriate for a Request for Admission under Rule 36, thus no response is required.

1

2

3

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

4

5

6

7

8

9

Apple reasserts the foregoing general and specific objections, as originally set forth in its Objections and Responses to Samsung's First Set of Requests for Admissions.  Subject to and without waiving the foregoing, Apple responds that "locat[ing] Internet web pages" can be what a "heuristic" does, but there may be certain circumstances in which "locat[ing] Internet web pages" is not what a "heuristic" does.  In view of the foregoing, and because this request lacksany application to a specific set of facts, Apple denies the request.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3  Dated:  May 31, 2013                    By:   /s/ H. Mark Lyon

4                                          JOSH A. KREVITT (CA SBN 208552)
                                           jkrevitt@gibsondunn.com
5                                          H. MARK LYON (CA SBN 162061)
                                           mlyon@gibsondunn.com
6                                          GIBSON, DUNN & CRUTCHER LLP
                                           1881 Page Mill Road
7                                          Palo Alto, California 94304-1211
                                           Telephone: (650) 849-5300
8                                          Facsimile: (650) 849-5333

9                                          MICHAEL A. JACOBS (CA SBN 111664)
                                           mjacobs@mofo.com
10                                         RICHARD S.J. HUNG (CA SBN 197425)
                                           rhung@mofo.com
11                                         MORRISON & FOERSTER LLP
                                           425 Market Street
12                                         San Francisco, California  94105-2482
                                           Telephone:  (415) 268-7000
13                                         Facsimile:  (415) 268-7522

14                                         MARK D. SELWYN (SBN 244180)
                                           (mark.selwyn@wilmerhale.com)
15                                         WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
16                                         950 Page Mill Road
                                           Palo Alto, California 94304
17                                         Telephone:  (650) 858-6000
                                           Facsimile:  (650) 858-6100

18                                         WILLIAM F. LEE (admitted *pro hac vice*)
                                           (william.lee@wilmerhale.com)
19                                         WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
20                                         60 State Street
                                           Boston, Massachusetts 02109
21                                         Telephone:  (617) 526-6000
22                                         Facsimile:  (617) 526-5000

23                                         ***Attorneys for Plaintiff and Counterclaim-***
                                           ***Defendant Apple Inc.***
24

25

26

27

28

APPLE'S SUPP. RESPONSES TO SAMSUNG'S FIRST
REQUESTS FOR ADMISSIONS
CASE NO. 5:12-CV-00630-LHK (PSG)

I, Jennifer Rho, hereby certify that on this 31st day of May, 2013, I did cause the following document to be served in the following manner:

**APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF REQUESTS FOR ADMISSIONS**

On the interested parties in this action addressed as follows:

<u>**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**</u>

| | |
|---|---|
| William Price | Stanley Fisher |
| Victoria F. Maroulis | Dov Philip Grossman |
| Charles K. Verhoeven | David Krinsky |
| Michael Fazio | **Williams & Connolly LLP** |
| Kevin A. Smith | 725 Twelfth Street, NW |
| Kevin P.B. Johnson | Washington, DC 20005 |
| Amar Thakur | Telephone: (202) 434-5812 |
| **Quinn Emanuel Urquart & Sullivan, LLP** | sfisher@wc.com |
| 555 Twin Dolphin Drive, 5th Floor | dgrossman@wc.com |
| Redwood Shores, California  94065 | dkrinsky@wc.com |
| Telephone: (650) 801-5000 | |
| williamprice@quinnemanuel.com | |
| victoriamaroulis@quinnemanuel.com | |
| kevinjohnson@quinnemanuel.com | |
| charlesverhoeven@quinnemanuel.com | |
| kevinsmith@quinnemanuel.com | |
| michaelfazio@quinnemanuel.com | |
| amarthakur@quinnemanuel.com | |

<u>X</u>      **BY ELECTRONIC MAIL TRANSMISSION** from jrho@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am admitted pro hac vice as a member of the bar of this Court.

Executed on May 31, 2013 in Los Angeles, CA.

| | |
|---|---|
| Dated:      May 31, 2013 | /s/ *Jennifer Rho* |
| | Jennifer Rho |
| | Gibson, Dunn & Crutcher, LLP |

APPLE'S SUPP. RESPONSES TO SAMSUNG'S FIRST
REQUESTS FOR ADMISSIONS
CASE NO. 5:12-CV-00630-LHK (PSG)