UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case Nos.: 11-CV-01846-LHK<br>12-CV-00630-LHK<br><br>ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY |

Samsung has filed three motions which are the subject of this order: (1) motion for relief from Magistrate Judge Grewal's nondispositive pretrial order compelling discovery; (2) motion for relief from Magistrate Judge Grewal's nondispositive pretrial order approving the Nokia-Samsung stipulation; and (3) motion to stay both Magistrate Judge Grewal's nondispositive pretrial orders pending resolution of Samsung's motions for relief from these orders and pending the resolution of any petition for writ of mandamus that Samsung may file with the Federal Circuit Court of Appeals. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES the motions for relief and DENIES the motion to stay.

1

## I. Procedural History

On October 2, 2013, Magistrate Judge Paul Grewal issued a nondispositive pretrial order compelling discovery. ECF No. 2483, Case No. 11-CV-01846 ("Order One"). On October 2, 2013, Magistrate Judge Paul Grewal issued a nondispositive pretrial order approving the Nokia-Samsung stipulation. ECF No. 785, Case No. 12-CV-00630 ("Order Two").

On October 7, 2013, Samsung filed three motions: (1) Samsung's motion for relief from Order One, ECF No. 2495, Case No. 11-CV-01846 ("Samsung Motion One"); (2) Samsung's motion for relief from Order Two, ECF No. 790, Case No. 12-CV-00630 ("Samsung Motion Two"); and (3) Samsung's motion to stay Orders One and Two pending resolution of Samsung's motions for relief from these orders and pending the resolution of any petition for writ of mandamus Samsung may file, ECF No. 789, Case No. 12-CV-00630; ECF No. 2494, Case No. 11-CV-01846.

On October 7, 2013, Samsung accompanied its three motions with a motion to shorten time for briefing on the motions for relief and to stay. ECF No. 788, Case No. 12-CV-00630; ECF No. 2493, Case No. 11-CV-01846. In its motion to shorten time, Samsung asked that the Court order Apple to file on October 7, 2013, Apple's opposition to Samsung's motion to stay, and to file on October 9, 2013, Apple's oppositions to Samsung's motions for relief. ECF No. 2493, Case No. 11-CV-01846, at 1. Samsung also waived its replies to Apple's opposition briefs. ECF No. 788, Case No. 12-CV-00630, at 3.

On October 7, 2013, the Court ordered Apple to file its oppositions to all three of Samsung's motions on October 9, 2013. ECF No. 2498, Case No. 11-CV-1846. In its October 7, 2013 Order, the Court stated: "There is no stay of Judge Grewal's orders while these motions are pending unless otherwise ordered by the Court." *Id.* at 2.

Apple filed its oppositions to all three Samsung motions on October 9, 2013. ECF No. 800-1, Case No. 12-CV-00630. Non-party Nokia Corporation ("Nokia") also filed its oppositions on October 9, 2013. ECF Nos. 2500 and 2502, Case No. 11-CV-01846.

## II. Legal Standards

2
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

### A. Relief from Magistrate Judge's Order Pursuant to Federal Rule of Civil Procedure 72

The district court may designate any nondispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter will be modified or set aside only if "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.3d 236, 241 (9th Cir. 1991). Samsung argues that the *de novo* standard applies to Order One because rulings "regarding privilege" are reviewed *de novo*. Samsung Motion One at 2 (citing *Aronson v. McKesson HBOC, Inc.*, No. 99-CV-20743, 2005 WL 934331 at *3 (N.D. Cal. Mar. 31, 2005)). Samsung is incorrect. In Order One, in contrast to *Aronson*, Magistrate Judge Grewal did not make any "determinations regarding the scope of the attorney-client privilege" and thus this Court is not reviewing any finding by Magistrate Judge Grewal regarding privilege. *Aronson*, 2005 WL 934331 at *3.

In reviewing for clear error, the district judge may not simply substitute his or her judgment for that of the magistrate judge. *See Grimes*, 951 F.3d at 241. Rather, a magistrate judge's nondispositive ruling is clearly erroneous only when the district judge is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). "[A]ny motion not listed [under §636(b)(1)(A)], nor analogous to a motion listed in this category, falls within the nondispositive group of matters which a magistrate may determine." *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citations omitted).

### B. Motion for Stay of Magistrate Judge Grewal's Orders

Federal Rule of Civil Procedure 62(c) vests the power to stay an order pending appeal with the district court. *See* FED. R. CIV. P. 62(c). For both the appellate court and the district court, "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties' interest] in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Deciding whether to grant a stay of an order pending an appeal is an

3
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

equitable inquiry, and each factor in the analysis need not be given equal weight. *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990).

### III.   Motions to Seal

In connection with Samsung's motions for relief, Samsung and Apple have filed administrative motions to file documents under seal. Samsung filed an administrative motion to seal portions of Exhibit A to Susan Estrich's declaration in support of Samsung's motions for relief. ECF No. 2496, Case No. 11-CV-01846 (motion to file under seal); ECF No. 2497-1 (Exhibit A to Estrich Declaration). The portions Samsung seeks to seal include royalty rates for various licensing agreements to which Apple and Samsung are parties. *Id*. The Court GRANTS Samsung's administrative motion to seal, as the Court has already held that "'pricing terms, royalty rates, and guaranteed minimum payment terms' of a license agreement" are sealable. ECF No. 1649 at 7, 10-11 (quoting *In re Elec. Arts*, 298 F. App'x 568, 569 (9th Cir. 2008)).

Apple also filed an administration motion to seal Exhibit 2 to Mark D. Selwyn's declaration in support of Apple's opposition to Samsung's motions for relief and motion to stay. ECF No. 801, Case No. 12-CV-00630 (motion to file under seal); ECF No. 800-4, Case No. 12-CV-00630 (Exhibit 2 to Selwyn declaration). The portions Apple seeks to seal include confidential terms of Apple's licensing agreements. *Id*. The Court GRANTS Apple's motion, as the Court has already held that that "'pricing terms, royalty rates, and guaranteed minimum payment terms' of a license agreement" are sealable. *See* ECF No. 1649, Case No. 11-CV-01846, at 7, 10-11.

### IV.   Samsung's Motion for Relief from Order One

Samsung moves for relief from Order One. Samsung Motion One at 1. As explained below, the Court DENIES Samsung's motion because the conclusions in Order One are well-supported, and Order One is not clearly erroneous or contrary to law.

First, the Court summarizes the substance of Order One. In essence, as a result of Samsung's alleged violation of the protective order, Magistrate Judge Grewal ordered Samsung to produce to Apple emails and communications by Samsung employees that would shed light on the

scope of the violation and to make available for deposition various witnesses by October 16, 2013. Order One at 5. Before mandating this discovery, Magistrate Judge Grewal described the factual circumstances which led him to believe that there may have been a violation. *Id.* at 2-4. First, Judge Grewal described how Apple had given to Samsung, during discovery, copies of four of Apple's patent license agreements, all of which were designated "Highly Confidential –Attorney Eyes' Only" pursuant to the protective order. *Id.* at 2; ECF No. 687, Case No. 11-CV-01846, at 3 (protective order). One of these licenses was a June 2011 license between Apple and Nokia. Order One at 2. During expert discovery, Samsung's outside counsel, Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), sent Samsung an expert report which should have redacted, but critically did not, some confidential information regarding Apple's license agreements. *Id.* Magistrate Judge Grewal cited how Quinn Emanuel then posted that report "on an FTP site that was accessible by Samsung personnel" and that the information was also "sent, over several different occasions, to over fifty Samsung employees, including high-ranking licensing executives. Specifically, on at least four occasions between March 24, 2012 and December 21, 2012, Samsung's outside counsel emailed a copy of some version of the report to Samsung employees, as well as various counsel representing Samsung in courts and jurisdictions outside the United States." *Id.* at 3.

Critically, Magistrate Judge Grewal went on to describe how a declaration from Nokia's Chief Intellectual Property Officer noted that in June 2013, during a meeting between Samsung and Nokia licensing executives, Dr. Seungho Ahn, a Samsung executive who leads the Intellectual Property Center of Samsung Electronics, *see* ECF No. 1843, Case No. 11-CV-01846, at 3547:17-20, "informed Nokia that the terms of the Apple-Nokia license were known to him." Order One at 3. Magistrate Judge Grewal wrote that according to the declaration, "Dr. Ahn stated that Apple had produced the Apple-Nokia license in its litigation with Samsung, and that Samsung's outside counsel had provided his team with the terms of the Apple-Nokia license. [The declaration] recounts that to prove to Nokia that he knew the confidential terms of the Apple-Nokia license, Dr. Ahn recited the terms of the license, and even went so far as to tell Nokia that 'all information

5

leaks.' [The declaration] also reports that Dr. Ahn and Samsung then proceeded to use his knowledge of the terms of the Apple-Nokia license to gain an unfair advantage in their negotiations with Nokia, by asserting that the Apple-Nokia terms should dictate terms of a Samsung-Nokia license." *Id.*

After describing these events, Magistrate Judge Grewal noted that Samsung had provided insufficient information to rebut this declaration, as Samsung had not provided any sworn testimony by Dr. Ahn or any evidence regarding other uses by Samsung of the four Apple licensing agreements, despite acknowledging that "dozens of individuals at Samsung and its other counsel have knowledge of confidential license terms that they had no right to access." *Id.* Magistrate Judge Grewal further noted that at the hearing on Apple's motion for sanctions for Samsung's alleged violation of the protective order, Samsung's counsel denied any violation and was unable to provide even basic information about who had and now has access to Apple's confidential information. *Id.* at 3-4.

Because Magistrate Judge Grewal could not determine whether sanctions were appropriate without more information, he ordered Samsung to produce to Apple emails and communications sent or received by Samsung employees who received the confidential information, and to make available for deposition Dr. Ahn; a witness to "speak to the dissemination of and use by Samsung of the confidential information, including the use of the confidential information in any proceeding before the United States International Trade Commission and in any court or jurisdiction outside the United States"; and "[u]p to five additional Samsung employees" who could address any communications they have had regarding Apple's licenses. *Id.* at 5.

Samsung's motion for relief from Order One raises the following three arguments: (1) Order One would "improperly abrogate privilege and work-product protection," (2) Order One may "require Samsung to violate other protective orders," and (3) Order One's "scope of compelled information is grossly overbroad." Samsung Motion One at 2-5. The Court addresses each of these arguments in turn.

6

Samsung's first argument is that Order One is contrary to law because it either "ignore[d] Samsung's objections based on attorney-client privilege and work-product protection" or "*sub silentio* rejected Samsung's privilege and work product assertions." Samsung Motion One at 2. Samsung's argument lacks merit.

First, Magistrate Judge Grewal did not make *any* ruling on privilege, either on the record at the hearing or in Order One. Citing one of Magistrate Judge Grewal's statements at the hearing, Samsung argues that Judge Grewal suggested that allowing Samsung's e-discovery third party vendor Stroz Friedberg to access the documents waived the attorney-client privilege. Samsung Motion One at 4 (citing Hearing Transcript, ECF No. 2485, Case No. 11-CV-01846, at 41-42 which is a statement by Magistrate Judge Grewal: "You are telling me [Stroz is] independent on the one hand, and on the other hand you are saying you can disclose all sorts of privilege and work product information to them without any waiver [of privilege] whatsoever.") The Court finds that this statement does not constitute a ruling on privilege and does not provide a basis upon which to infer that Order One *sub silentio* found a waiver of privilege. Samsung's claim that Order One abrogates Samsung's claim for privilege or applies the crime-fraud exception to privilege, *see* Samsung Motion One at 2-3, is unfounded because Magistrate Judge Grewal did not issue any privilege ruling.

Second, contrary to Samsung's claim, Magistrate Judge Grewal did not ignore Samsung's objections based on privilege. Samsung appears to have asserted broad, blanket privilege objections that were not tied to any specific document or testimony. Thus, Magistrate Judge Grewal was under no obligation to issue prospective, broad, blanket privilege rulings not tied to any specific document or testimony. Moreover, Samsung has cited no authority requiring Magistrate Judge Grewal to do so.

Finally, and most importantly, Samsung may assert privilege objections during the course of the compelled discovery and follow the normal protocol regarding privilege disputes, as set forth in the protective order. *See* ECF No. 687, Case No. 11-CV-01846, at 27-28. Any court rulings on privilege disputes will be decided according to the protocol set forth in the protective order. Thus,

7
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

the Court need not reach the question of whether there is any basis for waiver of privilege at this time.

For the reasons stated above, the Court rejects Samsung's first argument that Order One improperly abrogated privilege and work product protection. The Court finds that Order One is not clearly erroneous or contrary to law on this basis.

Samsung's second argument is similarly unavailing. Samsung objects to providing information and testimony about the use of confidential information in proceedings before the ITC or other courts on the grounds that "[t]hese proceedings are subject to their own protective orders." Samsung Motion One at 4. The Court is not persuaded. To the extent that these other proceedings have their own protective orders, the Court finds that the interests underlying Order One, namely investigating and remedying alleged protective order violations and preventing and deterring ongoing or future protective order violations in this case, outweigh any possible dilemma Samsung will face by having "to choose between coordinate courts." Samsung Motion One at 4 (citation omitted). Samsung cites no law in the Ninth Circuit that holds that a magistrate judge or district judge may not order discovery regarding information that is allegedly covered by a protective order in another tribunal. Thus, the Court rejects Samsung's second argument and finds that Order One is not clearly erroneous or contrary to law on this basis.

Samsung's last argument is that Order One is "overly broad" because Order One requires Samsung to produce all emails and communications relating not just to the Apple-Nokia license that was apparently disclosed to Samsung employees, but also to Apple's other three license agreements that Apple produced to Samsung during discovery. Samsung Motion One at 5. Samsung claims that the "millions of dollars" Samsung will spend to comply with Order One would be disproportionate to the benefit of this discovery in terms of shedding light on the alleged violation of the protective order. *Id.* at 1, 5. The Court rejects Samsung's argument, as Magistrate Judge Grewal's decision regarding the scope of the discovery was not clearly erroneous or contrary to law. On the contrary, Order One is a highly appropriate and necessary mechanism for determining answers to basic questions that Samsung has been unable to provide thus far. Namely,

8
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

the discovery compelled by Order One has been necessitated by Samsung's deficient investigation into the improper disclosures for the past three months. Quinn Emanuel was placed on notice of its alleged violation of the protective order when Nokia filed a motion for a protective order on July 1, 2013, along with the accompanying declaration from Nokia's Chief Intellectual Property Officer which highlighted how Dr. Ahn had told Nokia that Dr. Ahn had knowledge of the terms of the Apple-Nokia licensing agreement. ECF No. 647, Case No. 12-CV-00630; Hearing Transcript, ECF No. 2485, Case No. 11-CV-01846, at 8, 10, 35, 50. Despite the fact that three months had passed since the alleged violation came to Quinn Emanuel's attention, Samsung and Quinn Emanuel still had no answers for Magistrate Judge Grewal at the hearing regarding the extent of the disclosures, to whom they were made and what was disclosed, and how the disclosed information has been used and is currently being used. *See generally* Hearing Transcript, ECF No. 2485, Case No. 11-CV-01846, at 24-70. As Magistrate Judge Grewal noted, "[E]ven though three months [have passed], Samsung is unable to provide evidence on even the most basic questions, such as: who has now had access to the confidential licensing information? For what purpose? When? Where? How? Has Samsung relied on any of the confidential information in taking any position before any other court or jurisdiction? Exactly what steps has Samsung taken to prevent dissemination and use of the confidential information in the future? In each instance, the only response available seems to be, 'We're working on it.'" Order One at 4. Samsung's lack of information after three months is inexcusable, and necessitates Court-supervised discovery.

Further, Magistrate Judge Grewal did not err by requiring discovery regarding the other three Apple license agreements. Apple's counsel claims that Quinn Emanuel failed to redact information relating to the other three licenses in Quinn Emanuel's communications with Samsung's employees.[1] Hearing Transcript, ECF. No. 2485, Case No. 11-CV-01846, at 11. In

---

[1] Samsung's exhibits to its motions for relief show that Quinn Emanuel did in fact improperly disclose information about the other Apple licenses to Samsung's employees. Exhibit A to Susan Estrich's declaration in support of Samsung's motions for relief is the expert report with the confidential information that was sent to Samsung's employees. ECF No. 2497-1, Case No. 11-CV-01846 (Exhibit A to Estrich Declaration); ECF No. 2497, Case No. 11-CV-01846, at 1 (Estrich noting that this report was the "incompletely redacted report" sent to Samsung employees). That

9
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

response, Samsung has not provided the Court with "any sworn declarations from its employees, or even its lawyers, stating that no breach occurred with respect" to these other licenses. Apple Opp. at 9. Moreover, at the hearing Samsung was unable to answer Judge Grewal's questions about the full extent of Quinn Emanuel's improper disclosures to Samsung's employees. Thus, Magistrate Judge Grewal's decision to require Samsung to produce all communications relating to Apple's other licenses was eminently reasonable, as it was intended to assist the Court in discovering the extent to which information about these other license agreements had been disclosed to and used by Samsung employees or others, in violation of the protective order.

Of further concern to the Court is that not only is there evidence that Samsung employees received confidential information and used it in their licensing negotiations with Nokia in violation of the protective order, but also this information may have been used by Samsung's lawyers in other courts. Apple's counsel noted at the hearing that "information from these disclosures was used to craft arguments at the ITC . . . . The ITC issued an opinion on the licensing negotiations that specifically accepted Samsung's argument in which this confidential information was used." Hearing Transcript, ECF No. 2485, Case No. 11-CV-01846, at 70. Such use of this information, if true, is particularly egregious, given that the protective order states that "Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever" and that "[a]ll Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings . . . ." ECF No. 687, Case No. 11-CV-01846, at 3, 5.

In light of the fact that Samsung has been unable to produce satisfactory answers to any questions about the extent and use of the improper disclosures despite having three months to

---

report contains unredacted information not only relating to the Apple-Nokia license agreement, but also confidential information about the other Apple licenses. ECF No. 2497-1, Case No. 11-CV-01846, at ¶¶ 89, 191-193.

investigate, this Court finds that it was necessary for Magistrate Judge Grewal to order Court-supervised discovery and that the scope of his order was not "overly broad."

For all these reasons, Magistrate Judge Grewal's decision to require Court-supervised discovery was not clearly erroneous or contrary to law, and the Court DENIES Samsung's motion for relief from Order One.

**V.     Samsung's Motion for Relief from Order Two**

Samsung moves the Court to vacate Order Two. Samsung Motion Two at 1. As set forth below, Samsung's motion is DENIED because the Court finds that Order Two is not clearly erroneous or contrary to law.

In Order Two, Magistrate Judge Grewal adopted a stipulation entered between Nokia and Samsung. Order Two at 1. After Nokia filed its July 1, 2013 motion for a protective order because of Quinn Emanuel's disclosure of the confidential terms of the Apple-Nokia licensing agreement to Samsung's employees, Nokia withdrew its motion, and Samsung and Nokia filed a stipulation, which Magistrate Judge Grewal granted in full, providing that Samsung would investigate the disclosures. The stipulation provided that Samsung would hire a third party computer forensics firm, Stroz Friedberg, to "conduct an independent audit of the files of the Samsung employees identified [by Samsung] as recipients of the Disclosed Information," for the purpose of collecting and preserving any documents within Samsung evidencing "(i) receipt or dissemination of the Disclosed Information and/or (ii) any use of, or reference to, the Disclosed Information by Samsung." *Id.* at ¶ 5. The stipulation also noted that Stroz Friedberg would "prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees," including by identifying "the author or sender and all recipients of any identified Documents; the date and time; the subject line and a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information." *Id*. at ¶ 7. The stipulation also states that "[n]othing contained in this Stipulation will constitute a waiver of any claim of attorney-

11
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

client privilege, attorney work product or other claims of confidentiality, and Nokia will not argue that this Stipulation constitutes any such waiver . . . ." *Id.* at ¶ 11.

Samsung seeks relief from Order Two granting the stipulation on the grounds that the stipulation is (1) "redundant" of Order One, and (2) would "put Samsung's privileged documents at risk" by "giv[ing] Apple a basis to argue (incorrectly) that Samsung has waived the privilege by disclosing documents to Stroz." Samsung Motion Two at 2-3, 5. For reasons provided below, the Court rejects Samsung's arguments.

The Court first addresses Samsung's claim that Order Two should be vacated because "the processes set forth in the stipulation are wholly subsumed by the requirements in [] [Order One]." Samsung Motion Two at 5. While there may be some overlap, the stipulation and thus Order Two impose obligations on Samsung above and beyond what is required in Order One. For example, the stipulation requires Stroz Friedberg to use computer forensics to audit the files of Samsung employees. Order Two at ¶¶ 5-7. Order One does not require a forensic audit. Furthermore, the stipulation and Order Two require that Stroz Friedberg "conduct an independent review of Quinn Emanuel's investigation and collection process as is necessary to ensure that Quinn Emanuel's search of its own firm Documents is complete and accurate." *Id.* at ¶ 8. Order One does not require such a review of Quinn Emanuel's search.

The stipulation and Order Two also require that a partner from Quinn Emanuel "provide Nokia with a sworn statement . . . identifying any further dissemination of the Disclosed Information" by other Samsung law firms and "also explain the reasons why the Disclosed Information was forwarded" to the firms. *Id.* at ¶ 4. Order One does not require such a sworn statement. In the stipulation and Order Two, Samsung agrees that "[i]f Nokia seeks the courts [*sic*] assistance to enforce the stipulation or resolve disputes regarding its implementation, Nokia shall be entitled to its reasonable attorneys' fees and costs associated with the any [*sic*] such meritorious motions." *Id.* at ¶ 10. Order One does not provide for such fees and costs.

Samsung negotiated for, agreed to, and jointly proposed the procedures set forth in the stipulation that Magistrate Judge Grewal adopted in full in Order Two. ECF No. 798, Case No. 12-

12
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

CV-630, at 8. Samsung has not provided any valid basis to vacate Samsung's own stipulation. Magistrate Judge Grewal's Order adopting Samsung's stipulation which imposes additional obligations beyond Order One was not clearly erroneous or contrary to law.

Samsung's second argument is that "the stipulation should be vacated to protect privilege." Samsung Motion Two at 5. In support of its argument, Samsung claims Magistrate Judge Grewal "materially altered one of the fundamental conditions upon which the Stipulation was based through his statements at the hearing that it may not preserve privilege with respect to non-signatories such as Apple." *Id.* Samsung cites Magistrate Judge Grewal's question at the hearing that "[Nokia] may have agreed [to the stipulation, which provides that Samsung does not waive any privilege by giving the third party company Stroz Friedberg access to documents], but what does that say vis a vi[s] other parties." *Id.* at 4 (citing Hearing Transcript, ECF No. 2485, Case No. 11-CV-01846, at 41). The Court rejects Samsung's argument that this Court must vacate Order Two in order to protect the attorney-client privilege Samsung claims it has over certain documents. Samsung's argument boils down to an assertion that Magistrate Judge Grewal's question at the hearing means Samsung has lost its opportunity to assert that it has privilege over documents vis-à-vis Apple. This argument fails for two reasons. First, Magistrate Judge Grewal's question does not constitute an actual ruling on the issue of whether Samsung's transmission of documents to Stroz Friedberg will constitute a waiver of any assertions of privilege Samsung wants to advance against Apple. Thus, Samsung will still have the chance to argue that its documents are privileged vis-à-vis Apple even after giving information to Stroz Friedberg pursuant to the stipulation. Second, to the extent that Magistrate Judge Grewal's question suggests he may eventually rule against Samsung by finding waiver of privilege vis-à-vis Apple, Samsung was on notice when it entered the stipulation that the stipulation's language only stated that Nokia, not any other party like Apple, could not argue waiver of privilege based on Samsung's transfer of documents to Stroz Friedberg.

Because the Court finds that Magistrate Judge Grewal's order is not clearly erroneous or contrary to law, the Court DENIES Samsung's motion for relief from Order Two.

13
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

**VI.     Samsung's Motion to Stay Orders One and Two**

Pursuant to Local Rule 7-11, Samsung moves the Court to stay Order One and Order Two pending resolution of Samsung's motions for relief from these orders, and pending resolution of any petition for a writ of mandamus to the Federal Circuit Court of Appeals.  ECF No. 789, Case No. 12-CV-00630; ECF No. 2494, Case No. 11-CV-01846.  "[T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other [parties' interest] in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Court hereby DENIES a stay pending resolution of any petition for a writ of mandamus that Samsung may file with the Federal Circuit Court of Appeals.  First, the Court finds that, for the reasons set forth above, Samsung has not shown a likelihood of succeeding on the merits of its motions, which is the first element of obtaining a stay.  *Id.* at 776.  Second, while Samsung claims it will face "irreparable harm" absent the stay because Samsung will have to disclose privileged information, which cannot be undone, the Court disagrees.  Samsung will have the opportunity to assert privilege as to specific documents and testimony, and Samsung may seek a stay from the Federal Circuit if Samsung files a petition for writ of mandamus.

Third, an issuance of a stay will "substantially injure" the interests of all parties whose confidential information Quinn Emanuel improperly disclosed to Samsung's employees.  These parties' interests require the determination of the full extent of the improper disclosures and the full extent of the improper uses of the improper disclosures and the immediate termination and remedying of such improper disclosures and uses.

Furthermore, a stay is not in the public interest.  To preserve the integrity of protective orders, which are essential to all litigation, the Court must act swiftly in ensuring that protective orders are complied with and that violations are dealt with appropriately.  Delaying such action may undermine the authority of the Court and litigants' confidence in our judicial system.  *See Valdez v. City & Cnty. of Denver*, 878 F.2d 1285, 1289 (10th Cir. 1989) (noting that the public has

14

Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY

an interest in enforcing court orders because that is "essential to the effective functioning of our judicial process").

Finally, the public and Apple have a strong interest in having the two Apple v. Samsung cases proceed to a decision on the merits and to not have unresolved alleged protective order violations pending after the trial in these two cases. The damages retrial in the first case, Case No. 11-CV-1846, will begin on November 12, 2013, and the pre-trial hearings in this case are on October 10 and 17, 2013. The summary judgment hearing in the second case, Case No. 12-CV-00630, will be on December 12, 2013, and trial will begin in that case in March 2014.

For the reasons set forth above, the Court DENIES Samsung's motion to stay Orders One and Two.

VII.   **Conclusion**

For the foregoing reasons, the Court DENIES Samsung's motions for relief and DENIES Samsung's motion to stay.

**IT IS SO ORDERED.**

Dated: October 15, 2013

_____
LUCY H. KOH
United States District Judge

15
Case Nos.: 11-CV-01846-LHK, 12-CV-00630-LHK
ORDER DENYING SAMSUNG'S MOTIONS FOR RELIEF FROM MAGISTRATE JUDGE GREWAL'S
NONDISPOSITIVE PRETRIAL ORDERS AND DENYING SAMSUNG'S MOTION TO STAY