JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.| CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CASEY J. MCCRACKEN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S MOTION TO EXCLUDE CERTAIN OF APPLE'S EXPERTS** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant.| |

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

I, Casey McCracken, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Motion to Exclude Certain of Apple's Experts.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. On October 10, 2013, Samsung filed an Administrative Motion to File Documents Under Seal Relating To Samsung's Motion to Exclude Opinions of Certain Apple Experts.  D.I. 802, 807.  The motion seeks to seal over fifty documents consisting of portions of Samsung's Motion to Exclude Opinions of Certain Apple Experts and exhibits to the Declaration of Michael L. Fazio filed in support thereof.  D.I. 802.  Samsung filed a declaration of Daniel Wooseob Shim in support of its motion to seal these documents.

3. Samsung's Motion to Exclude Opinions of Certain Apple experts and certain of the attached exhibits contain Apple confidential information.  These documents include information regarding: (1) Apple's confidential financial information; (2) confidential technical information relating to source code; (3) confidential terms of Apple's license agreements; (4) Apple's proprietary, trade secret, market research; (5) proprietary market data obtained from third parties at Apple's expense; and (6) email addresses of Apple employees.

4. Each of the types of confidential information identified above is highly confidential, with the potential harm to Apple from publicizing the information outweighing the public's interest in this case.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).

**Apple's Confidential Financial and Capacity Information**

5. The Federal Circuit held that the Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

1

Gibson, Dunn & Crutcher LLP

particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10. The harm that would befall Apple if its financial and capacity information were to be unsealed is detailed in in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in Case No. 11-cv-01846 (the "1846 case"). As Mr. Buckley explained, if competitors gained access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has excess capacity, and could alter their production timing accordingly. With the addition of product line information, this data is even more critically sensitive, as competitors will see what specific lines of products Apple is increasing its supply of and what it is decreasing its supply of, giving a significant insight into Apple's current and future business plans. Product line sales and revenue information would similarly reveal to competitors what precise products they need to counter, and how much they should invest in that specific area. Competitors will know exactly what products they need to release in order to counter Apple, and in what categories—for example, the specific size of phone or tablet that Apple is focusing the majority of its attention on. Case No. 11-cv-01846, D.I. 1416 at 1-2.

6. The portions of the following documents that are highlighted in yellow contain Apple's sensitive financial information, including information relating to Apple's capacity to produce its products. This capacity information is sealable for the reasons described above.

7. Exhibit M, which is excerpts of the Opening Expert Report of Christopher A. Vellturo, Ph.D. Pages 109-110 quantify Apple's monthly and quarterly manufacturing capacity. Paragraph 322 on page 121 gives detailed information regarding Apple's finances. Table 6 on page 171 gives financial information that can be used to calculate Apple's profit margin and other financial information. This exhibit also contains confidential licensing and market research information as described below.

8. Exhibit O consists of a chart containing Apple's detailed capacity information over time. It gives specific manufacturing capacity numbers, which are confidential for the reasons discussed above.

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts Case No. 5:12-cv-00630-LHK (PSG)

2

Gibson, Dunn & Crutcher LLP

9. Exhibit FF consists of a chart containing Apple's detailed capacity information over time. It gives specific manufacturing capacity numbers, which are confidential for the reasons discussed above.

10. Exhibit GG consists of a chart containing Apple's detailed capacity information over time. It gives specific manufacturing capacity numbers, which are confidential for the reasons discussed above.

11. Exhibit KK, pages 16, 51, 62, 63, 76, 78, contain information regarding Apple's manufacturing capacity, what could be done to change that capacity, Apple's demand forecast, and other non-public capacity information. Release of this information could allow competitors to react to the increasing and decreasing supply of specific Apple products.

12. Exhibit MM is an email that describes in detail manufacturing capacity numbers for specific products. Release of this information could allow competitors to react to the increasing and decreasing supply of specific Apple products.

**Apple's Technical Information and Source Code**

13. As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). The specific Apple technical information at issue here is non-public. In this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *See* D.I. 512 at ¶ 11; Declaration of Cyndi Wheeler, D.I. 803-2. The technical information at issue here, derived from source code, is similar to other information the Court has ordered sealed. Apple in-house attorney Cyndi Wheeler explained that Apple has extremely tight controls on its source code to limit access and that revelation of source code or the underlying functionality of its products would cause Apple competitive harm. Declaration of Cyndi Wheeler, D.I. 685.

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

3

Gibson, Dunn & Crutcher LLP

14. The portions of the following documents that are highlighted in yellow contain Apple's sensitive technical information, including information relating to source code.

15. Exhibit CCC, at pages 67-68, 101 contains information relating to the operation of Safari that is derived from source code. Page 101 also discusses specific code files. The information provided in Exhibit CCC could be used to determine how Apple implements features and functionality in Safari, and thus could be used to replicate such features and functionality. This would cause Apple significant competitive harm.

16. Apple maintains confidentiality in the following portions of Samsung's Motion to Exclude Opinions of Certain Apple Experts. These portions of the Motion disclose the functionality and operation of Siri, which is not publicly known or readily observable, but is only known by reviewing source code.

- The highlighted portions of pages 9-10, which discuss specific operations and implementation of Siri that could be learned only through review and analysis of Apple's highly proprietary source code.

**The Terms of Apple's License Agreements**

17. This Court previously permitted licensing information to be filed under seal on the grounds that such information, and particularly "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). Apple would be subjected to significant "harm . . . if the financial and licensing information at issue lost its confidential status." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846, D.I. 2397 at 2-3 (sealing licensing-related information of Apple, Samsung, and third party InterDigital). Apple's Director of Patent Licensing and Strategy testified in his declaration dated April 8, 2013 that Apple's licensing agreements are subject to strict confidentiality provisions and that the revelation of the terms of the agreements would give companies an unfair negotiating advantage over Apple. D.I. 442-4 at ¶¶ 2-4. The portions of documents referencing the terms of

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

4

Gibson, Dunn & Crutcher LLP

licensing agreements Apple seeks to seal here constitute the same information the Court has previously sealed.

18. The portions of the following documents that are highlighted in yellow contain terms of license agreements, which are not public. The revelation of this information would cause significant harm to Apple as well as to third party licensees or licensors because other parties will know the terms of these agreements and be able to use that information in potential negotiations.

19. Exhibit M, which is excerpts of the Opening Expert Report of Christopher A. Vellturo, Ph.D. Pages 175-176, and 178-179 contain non-public information regarding the terms of Apple's licenses. This information consists of pricing, royalty rates, and other terms, the revelation of which would harm Apple's negotiation position. The information regarding these licenses has been sealed by the Court when the license agreement itself was filed with the Court.

20. Exhibit P, which is excerpts of the deposition of Christopher Vellturo, contains non-public information regarding licensing terms at pages 166 and 184. Similarly, revelation of these licensing terms could cause harm to Apple and third parties.

21. Exhibit EE, which is a copy of Apple's license agreement with HTC. This license agreement was sealed in part in the 1846 case. Case No. 11-cv-1846, D.I. 2182-5. Apple requests that the exact same portions be sealed in this case.

22. Exhibit JJ, the deposition testimony of Boris Teksler, at pages 59-72. The testimony discusses the specific terms and other details of Apple's licensing negotiations, none of which are public and whose public disclosure would harm Apple's ability to negotiate future licenses because, for example, third parties would know what bargaining strategies Apple uses and licensing offers Apple offers. Disclosure would also harm Apple's licensing partners for the same reason.

23. Apple maintains confidentiality in the following portions of Samsung's Motion to Exclude Opinions of Certain Apple Experts. These portions of the Motion disclose the same information discussed above—terms of Apple's licensing agreements.

- The highlighted portion on page 11, which discusses the financial terms of a licensing agreement, which are not public.

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

5

Gibson, Dunn & Crutcher LLP

- The highlighted portion on page 14, which discusses terms of a licensing agreement, which are not public.

**Apple's Confidential Market Research**

24. Apple has a substantial interest in keeping the results and conclusions of its marketing research confidential from its competitors. The Federal Circuit has held that the harm to Apple if its market research were made public outweighs the public interest in that information, and these materials have accordingly been previously filed under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013). The Court reasoned that access to Apple's market surveys could give competitors a "head-start" and provide them with "an enormous benefit— to Apple's detriment." *Id.* at *11. The confidentiality of this market research and the competitive harm to Apple if the research is unsealed were explained in the Declarations of Greg Joswiak filed in this and the 1846 case. D.I. 442; Case No. 11-cv-01846, D.I. 416, 1496. Mr. Joswiak explained that no competitor has access to these studies, and such access would be enormously beneficial because a competitor trying to take away market share from Apple would know the value of certain attributes to those customers. This, among other uses of the data, would cause significant competitive harm to Apple. D.I. 1496 at 1-2. The Apple market research documents Apple seeks to have sealed here are substantially identical to documents the Court has sealed previously. Where portions of these documents have been made public, Apple does not seek to seal those portions.

25. The portions of the following documents that are highlighted in yellow contain Apple's proprietary market research. These are of the very same type of customer research surveys and other documents that Mr. Joswiak explains are of critical value to Apple, are kept highly protected and confidential by Apple, and would cause harm to Apple should they be disclosed.

26. Exhibit M, which is excerpts of the Opening Expert Report of Christopher A. Vellturo, Ph.D. Pages 71-72 contain summaries and extracts of information on Apple's surveys and other proprietary market research. Revelation of this information would cause competitive harm as described above.

27. Exhibit DDD is a confidential Apple survey. The entirety of the document is confidential except for pages with bates ending in '025, '026, '027, '028, '035, '038, and '046, which pages were

MCCRACKEN DECL. ISO SAMSUNG'S MOTION TO FILE UNDER SEAL DOCUMENTS RELATED TO SAMSUNG'S MOTION TO EXCLUDE APPLE EXPERTS CASE NO. 5:12-CV-00630-LHK (PSG)

6

made public during the 1846 trial.  Revelation of the remainder of this document would cause competitive harm to Apple as described by Mr. Joswiak (D.I. 1496) and as found by the Federal Circuit.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).

28. Exhibit EEE is a confidential Apple survey, no portion of which has been made public.  Revelation of the remainder of this document would cause competitive harm to Apple as described by Mr. Joswiak (D.I. 1496) and as found by the Federal Circuit.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).  Apple therefore seeks to maintain confidentiality in the entirety of this document.

29. Exhibit FFF is a confidential Apple survey, no portion of which has been made public.  Revelation of the remainder of this document would cause competitive harm to Apple as described by Mr. Joswiak (D.I. 1496) and as found by the Federal Circuit.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).  Apple therefore seeks to maintain confidentiality in the entirety of this document.

30. Exhibit GGG is a confidential Apple survey, no portion of which has been made public.  Revelation of the remainder of this document would cause competitive harm to Apple as described by Mr. Joswiak (D.I. 1496) and as found by the Federal Circuit.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *11-12 (Fed. Cir. 2013).  Apple therefore seeks to maintain confidentiality in the entirety of this document.

31. Apple maintains confidentiality in the following portions of Samsung's Motion to Exclude Opinions of Certain Apple Experts.  These portions of the Motion disclose the contents of the market research surveys discussed above.

- The highlighted portion on page 5, which discusses the results of Apple surveys and cites to those surveys.

**Third-Party Research**

32. Certain documents identified below contain information from data reports purchased from third-party market research companies pursuant to contractual agreements restricting public disclosure of such information.  As this Court explained in the August 9, 2012 Order, these

MCCRACKEN DECL. ISO SAMSUNG'S MOTION TO FILE UNDER SEAL DOCUMENTS RELATED TO SAMSUNG'S MOTION TO EXCLUDE APPLE EXPERTS CASE NO. 5:12-CV-00630-LHK (PSG)

7

Gibson, Dunn & Crutcher LLP

companies' "business model[s] revolve[] around gathering and selling these data and reports, so public disclosure of these exhibits could result in substantial commercial harm." *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10). "The public's interest in access to these underlying documents is low, while the potential for harm to [the third parties] is quite high [and] if these reports were made publically available, [their] customers would have no need to purchase them—disclosure would not only harm [their] competitive standing, it would completely destroy it." *Id.*

33. The portions of the following documents that are highlighted in yellow contain third party confidential research.

34. Exhibit I, pages ending in '183-'185. These slides contain data from Yankee Group and Nielsen reports, which are third party market research vendors who provide this information to Apple pursuant to contract. Publicly revealing this information would inhibit these companies' abilities to sell the information to others.

35. Exhibit OO, pages ending in '183-'185. These slides contain data from Yankee Group and Nielsen reports, which are third party market research vendors who provide this information to Apple pursuant to contract. This is the same document as Exhibit I.

**Employee Email Addresses**

36. Apple also seeks to maintain confidentiality in the specific email addresses of its employees to protect the privacy interests of those employees. This information is sealable because these employees have a compelling interest in maintaining the privacy of their email addresses and the public has no interest in the specific email addresses. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Apple does not seek to maintain confidentiality in the names of the employees on these email documents, only the email addresses; therefore, the public has all the information it needs to understand and evaluate the documents.

37. The portions of the following documents that are highlighted in yellow contain email addresses of Apple employees.

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts Case No. 5:12-cv-00630-LHK (PSG)

8

Gibson, Dunn & Crutcher LLP

38. Exhibit K.  The email addresses in this document do not add any information to the document and should be redacted for privacy purposes.

39. Exhibit BBB.  The email addresses in this document do not add any information to the document and should be redacted for privacy purposes.

\* \* \*

40. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public financial information, technical information, confidential market research, and its confidential, non-public license agreements and negotiations.

41. As the ECF system does not provide a mechanism for filing the foregoing exhibits under seal, Apple will lodge with the Court copies with proposed material to be sealed highlighted in yellow.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: October 15, 2013

*/s/ Casey McCracken*
Casey McCracken

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

9

Gibson, Dunn & Crutcher LLP

## ATTESTATION

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Casey McCracken has concurred in this filing.

Dated: October 15, 2013

/s/ *H. Mark Lyon*
H. Mark Lyon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 15, 2013                    */s/ H. Mark Lyon*

McCracken Decl. ISO Samsung's Motion to File Under Seal Documents Related to Samsung's Motion to Exclude Apple Experts
Case No. 5:12-cv-00630-LHK (PSG)

10

Gibson, Dunn & Crutcher LLP