JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JORDAN BEKIER IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S MOTION FOR SUMMARY JUDGMENT** |

I, Jordan Bekier, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion To File Documents Under Seal Relating to Samsung's Motion for Summary Judgment ("Samsung's Motion to Seal"), D.I. 805, to confirm that certain documents and information contained in Samsung's Motion for Summary Judgment are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. On October 10, 2013, Samsung filed its Motion to Seal. Concurrent with Samsung's Motion to Seal, Samsung filed its Notice of Motion and Motion for Summary Judgment ("Samsung's Motion for Summary Judgment"), including the Declaration of Michael L. Fazio in Support of Samsung's Motion for Summary Judgment ("Fazio Declaration") and exhibits thereto.

3. Certain exhibits to Samsung's Motion for Summary Judgment contain Apple confidential information and should remain under seal. These documents include information related to Apple's technical information and source code.

4. As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). Additionally, this Court has previously allowed Apple to seal "technical information that is closely related to Apple's source code." *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013). In this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *See* D.I. 512 at ¶ 11.

5. Apple's in-house attorneys have detailed the significant harm that Apple would experience if its source code-related technical information were disclosed publicly. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 12-cv-00630, D.I. 685 (July 15, 2013). Apple's in-house

1  attorneys have further explained to the Court that Apple takes significant precautions to protect the
2  confidentiality of its source code and prevent disclosure of its source code – including restricting
3  access to such source code even within Apple. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case
4  No. 12-cv-00630, D.I. 685 (Declaration of Cyndi Wheeler in Support of Samsung's Motion to Seal)
5  (July 15, 2013).  The technical information at issue now is of the same character and nature as that
6  previously sealed by the Court, and is thus sealable for the same reasons.

7        6.  Exhibits 10, 11, and 12 to the Fazio Declaration contain information about specifically
8  where in Apple's source code certain functionality of Apple's products is located.  They list
9  identifying information for source code, provided in conjunction with information that explains the
10 specific functionality of such source code.  The information in Exhibits 10, 11, and 12 is identical or
11 substantially similar to the information sought to be sealed under the Declaration of Cyndi Wheeler in
12 Support of Samsung's Motion to File Documents Under Seal (Samsung's Motion to Compel
13 Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting
14 Documents).  D.I. 685.  This source code-related information, like the information discussed in Ms.
15 Wheeler's prior declaration, is protected by the same confidentiality measures and is considered by
16 Apple to be just as highly confidential and valuable.  As Ms. Wheeler explained in her declaration,
17 Apple considers its source code to constitute its trade secret, and public disclosure of such
18 information would be "extremely harmful to Apple."  D.I. 685 at 4.  Accordingly, Apple seeks to
19 seal:

20     • The portions of the Exhibit 10 to the Fazio Declaration highlighted in yellow, at pp. 14-19;
21     • The portions of the Exhibit 11 to the Fazio Declaration highlighted in yellow, at pp. 10-18;
22     • The portions of the Exhibit 12 to the Fazio Declaration highlighted in yellow, at pp. 50-59.

23       7.  Exhibit 14 to the Fazio Declaration contains discussion of the functionality of Apple's
24 confidential source code.  Specifically, Exhibit 14 discusses the source code for Apple's iTunes
25 software and the functionality associated with that source code.  As such, as with Exhibits 10-12 to
26 the Fazio Declaration, this information is a trade secret and its public disclosure would be "extremely
27 harmful to Apple."  D.I. 685 at 4.  Accordingly, Apple seeks to seal the portions of Exhibit 14
28 highlighted in yellow, at p. 168.

8. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public technical information.

9. As the ECF system does not provide a mechanism for filing the foregoing exhibits under seal, Apple will lodge with the Court copies with proposed material to be sealed highlighted in yellow.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: October 15, 2013

          */s/ Jordan Bekier*
          Jordan Bekier

Gibson, Dunn & Crutcher LLP

BEKIER DECL. ISO SAMSUNG'S ADMIN. MOT. TO FILE UNDER SEAL DOCS. RE MOT. FOR SUMM. J. CASE NO. 5:12-CV-00630-LHK (PSG)   3

# ATTESTATION

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jordan Bekier has concurred in this filing.

Dated: October 15, 2013

/s/ *H. Mark Lyon*

H. Mark Lyon

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: October 15, 2013                    */s/ H. Mark Lyon*