| | |
|---|---|
| 1 | PERKINS COIE LLP |
| | Christopher L. Kelley, CSB No. 166608 |
| 2 | CKelley@perkinscoie.com |
| | 3150 Porter Drive |
| 3 | Palo Alto, CA  94304 |
| | Telephone: 650.838.4300 |
| 4 | Facsimile:  650.838.4350 |
| 5 | Attorneys for Non-Party |
| | INTEL CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 12-cv-00630-LHK (PSG) |
| Plaintiff, | |
| v. | **NON-PARTY INTEL'S DECLARATION IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT #841)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Samsung recently filed an administrative motion to file under seal (Dkt. #841) two exhibits to an earlier motion (Dkt #660-1 and Dkt #660-2) that contained highly confidential information from Intel and Qualcomm. Samsung did not request that these documents be filed under seal at the time that they were originally filed with the Court. Given the sensitive nature of this highly confidential material, Intel supports Samsung's request to seal the Exhibit A to Samsung's Third Amended Disclosures of Asserted Claims and Infringement Contentions (Dkt. #660-1) and Exhibit B to Samsung's Third Amended Disclosures of Asserted Claims and Infringement Contentions (Dkt. #660-2) (collectively "Third Amended Disclosures").

The Intel engineering material contained within these exhibits describes features incorporated within Intel's baseband chip and identifies the modules within Intel's parts that implement these features. As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs the Intel products used by Apple, the Intel software described in detail in the Third Amended Disclosures is kept confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner Decl. at ¶¶ 6-7) Intel has good cause to request that the details of this code be kept under seal.

Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing non-public engineering designs and other proprietary trade secrets constitutes not only "good cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel software design in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

1 | The Samsung Third Amended Disclosures that are the subject of this motion identify where specific functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. Hausner Decl. at ¶¶ 6-7. Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. Hausner Decl. at ¶ 7. Intel can reasonably anticipate that disclosure of the discussion of its software in the Third Amended Disclosures filed at docket numbers Dkt. #660-1 and Dkt. #660-2 could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). The Third Amended Disclosures are simply infringement charts filed by Samsung that were filed as a procedural step and not as part of any dispositive motion. The public does not need access to third party engineering documents describing where functions are implemented in Intel's modems in order to understand the nature of Samsung's infringement allegations..

Intel respectfully requests that the Court seal the Third Amended Disclosures (Dkt. #660-1 and Dkt. #660-2) to prevent disclosure of design details of its proprietary and highly valuable software. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated:  October 24, 2013

Respectfully submitted,

PERKINS COIE, LLP

By: ___/s/ Christopher L. Kelley___
         Christopher L. Kelley

*Counsel for Non-Party Intel Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2013, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

By: */s/ Christopher L. Kelley*
*Christopher L. Kelley*