JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | **HEARING**:<br><br>Date:  December 12, 2013<br>Time:  1:30 p.m.<br>Place:  Courtroom 8<br>Judge:  Honorable Lucy H. Koh |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT..........................................................................................................................2

    A. Apple Has Complied with the Court's Case Narrowing Order ....................................2

    B. Samsung's Suggestion That Apple Has Violated the Spirit of the Court's Order is False ................................................................................................................3

III. CONCLUSION.......................................................................................................................4

Gibson, Dunn & Crutcher LLP

i

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING
CASE NO. 5:12-CV-00630-LHK (PSG)

## I.   INTRODUCTION

Samsung's assertion that Apple has failed to comply with this Court's case narrowing order is demonstrably false. This Court ordered Apple to limit its asserted claims to ten by October 4, 2013. Apple complied with this Court's order, timely filing a statement limiting itself, in absolute and unqualified terms, to the ten currently asserted claims. D.I. 786.

Samsung does not dispute that Apple made its reduction as ordered. Instead, Samsung mischaracterizes Apple's expert reports in an effort to suggest that Apple still "asserts" three additional claims, solely by virtue of the fact that Apple has presented evidence that Apple's own products practice these claims. That characterization is flatly incorrect: Apple does not "assert" a claim by arguing that Apple, and *not Samsung*, practices it. Samsung also suggests that Apple seeks damages for these unasserted claims. Again, that argument is demonstrably false. Apple does not seek any remedy, of any kind, for unasserted claims. Apple asserts and seeks damages only for the ten claims identified in its case narrowing statement, and no others. There is no basis for Samsung's motion.

Samsung's arguments have nothing to do with case narrowing as an appropriate tool of case management. That fact is made clear by the relief Samsung seeks, *i.e.,* an Order "striking Apple's contentions that it practices Claim 34 of the '959 Patent, Claim 27 of the '172 Patent or Claim 11 of the '414 Patent, and striking all portions of Apple's expert reports that rely on those contentions." Mot. at 6. Samsung is not looking to limit the number of Apple's asserted claims, but rather to cabin Apple's evidence relevant to the asserted claims. Indeed, Samsung seeks through its motion to eviscerate Apple's lost profits and reasonable royalty case under the guise that Apple's survey expert witness, Dr. Hauser, purportedly relied upon opinions of Apple's technical experts that Apple practices the invention of the '959, '172 and '414 patents. Even if that argument was factually accurate, which it is not, any dispute about the fairness of Dr. Hauser's survey questions must be resolved at trial through examination and cross-examination.

Recognizing that it is unlikely to preclude qualified experts from offering relevant evidence through *Daubert* or summary judgment motions (or unwilling to try to do so in light of the page limits imposed by the Court), Samsung has utilized a contrived vehicle, self-styling its motion as a

"Motion To Enforce Apple's Compliance With The Court's Order Regarding Case Narrowing," but its goal is to obtain *Daubert* or summary judgment-type relief.  No amount of creativity in captioning a motion can make the extraordinary relief that Samsung seeks appropriate under this Court's case narrowing order.  Apple has complied with the letter and spirit of the Court's case narrowing order.  Samsung's motion should be denied.

## II.   ARGUMENT

### A.   Apple Has Complied with the Court's Case Narrowing Order

Apple has complied with this Court's case narrowing order.  The Court ordered the parties to limit their asserted claims to ten by October 4, 2013, and to further limit their asserted claims to five per side by February 6, 2014.  *See* D.I. 471; D.I. 713; D.I. 778.  Apple has filed its statement limiting itself to the ten currently asserted claims.  D.I. 786.  Those asserted claims are:

- U.S. Patent No. 5,946,647: Claims 1, 4, 6, 8, and 9.
- U.S. Patent No. 6,847,959: Claims 24 and 25.
- U.S. Patent No. 7,761,414: Claim 20.
- U.S. Patent No. 8,046,721: Claim 8.
- U.S. Patent No. 8,074,172: Claim 18.

Nowhere does Apple purport to assert in this case any claim that is not on this list, or reserve any right to do so.  Apple will further reduce its allegations to five asserted claims on February 6, 2014, in accordance with this Court's order.

Samsung cannot dispute the basic and fundamental fact that Apple fully complied with this Court's order when it filed this statement limiting Apple to ten asserted claims.  Rather, Samsung has incorrectly stated that Apple has "asserted" three additional claims "for practice and damages [*sic*]." Mot. at 4.  Samsung crafted this tortured language—found nowhere in any of Apple's papers—so that Samsung could argue that Apple did not comply with the Court's order.  That is flatly wrong:  Apple has not "asserted" the three claims referenced in Samsung's motion; instead it has disclosed evidence that it practices those claims, which fact is directly relevant to its claims for relief as to the ten asserted claims currently at issue.

**B.      Samsung's Suggestion That Apple Has Violated the Spirit of the Court's Order is False**

Because it is clear that Apple has complied with the letter of the Court's order, Samsung wrongly suggests that Apple has nevertheless violated the "spirit" of the order by presenting certain evidence relating to unasserted claims. That argument is predicated on the unstated and false proposition that evidence about unasserted claims cannot be relevant to the asserted claims that remain in the case. The Federal Circuit, in *Rite-Hite v. Kelley*, for example, has unequivocally held the opposite. In that case the plaintiff, like Apple, sought lost profits damages. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1543 (Fed. Cir. 1995) (en banc). The Federal Circuit analyzed whether plaintiff's own commercial embodiment was an available non-infringing alternative given that it did not practice the claims of the patent-in-suit. *Id.* at 1548. The court held that this product was not a non-infringing alternative because it was protected by the claims of a different, *unasserted patent*. *Id.* Under the rationale in *Rite Hite*, Apple's evidence, which relates to Apple's practice of unasserted claims of patents that are already in the case, would clearly be appropriate to rebut an argument by Samsung that Apple's products are non-infringing alternatives merely because they do not embody *asserted* claims. Apple will present evidence relating to its practice of *unasserted* claims only to the extent it is relevant to issues of liability or damages with respect to the *asserted* claims.

Finally, Samsung argues, without any support, that Dr. Hauser's survey questions are improperly based on unasserted claims.[1] That is not correct. The survey questions fairly capture the patented invention. Any dispute in that regard must be resolved at trial through examination and cross examination; arguments directed to the phraseology of a survey question cannot be the basis for *Daubert* relief, much less through a non-*Daubert* motion.[2] The quality of Dr. Hauser's questions has

---

[1] Indeed, all that Samsung does in support of this argument is point to sections of Dr. Hauser's report, without any explanation. Notably, Samsung does not and cannot point to any statement in Dr. Hauser's report where he states that he based his survey on claims that Apple has elected not to assert. Samsung appears to base its argument solely on its own wholly incorrect interpretation of Dr. Hauser's survey questions.

[2] Samsung, however, has raised this complaint in its *Daubert* motion attacking Dr. Hauser's survey. *See* D.I. 802. Although Samsung's complaints about Dr. Hauser's questions go to weight and not to admissibility (*see Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 11-CV-01846-LHK, 2012 WL 2571332, at *10 (N.D. Cal. June 30, 2012)) and are not the proper subject of a *Daubert* motion, Apple will address Samsung's complaints in response to that motion.

no bearing on whether Apple has complied with a case narrowing order.[3]

### III.     CONCLUSION

Nothing in this Court's case narrowing order even bears on the issue of whether Apple is entitled to use evidence that Apple practices unasserted patent claims to support its damages claims with respect to the asserted claims to be tried.  The case narrowing order requires (as of this date) only one thing—that the parties narrow their respective cases to ten asserted claims.  Apple has done just that.  Accordingly, Samsung's Motion should be denied.

GIBSON, DUNN & CRUTCHER LLP

Dated:  October 24, 2013           By:     */s/ H. Mark Lyon*
                                        H. Mark Lyon
                                        **Attorney for Plaintiff Apple Inc.**

---

[3] Samsung argues that Dr. Vellturo's damages report is improper for its reliance on Dr. Hauser's report.  Samsung does not present any independent complaint that Dr. Vellturo's report violates the case narrowing order.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule 5-1, and will be served on all counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC who have consented to electronic service in accordance with the Northern District of California Local Rules via the Court's ECF system.

Dated:  October 24, 2013           By:      /s/ H. Mark Lyon
                                                         H. Mark Lyon

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO ENFORCE COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING
CASE NO. 5:12-CV-00630-LHK (PSG)