1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  Michael L. Fazio (Bar No. 228601)
    michaelfazio@quinnemanuel.com
13  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
14  Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100

15

16                          UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18  APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK (PSG)

19              Plaintiff,                         **DECLARATION OF DANIEL WOOSEOB
                                                   SHIM IN SUPPORT OF SAMSUNG'S
20        vs.                                      ADMINISTRATIVE MOTION TO FILE
                                                   UNDER SEAL DOCUMENTS RELATING
21  SAMSUNG ELECTRONICS CO., LTD., a               TO SAMSUNG'S REPLY IN SUPPORT
    Korean business entity; SAMSUNG                OF ITS MOTION TO ENFORCE
22  ELECTRONICS AMERICA, INC., a New               APPLE'S COMPLIANCE WITH THE
    York corporation; SAMSUNG                      COURT'S ORDER REGARDING CASE
23  TELECOMMUNICATIONS AMERICA,                    NARROWING**
    LLC, a Delaware limited liability company,
24
                Defendants.
25

26

27

28

                                                   Case No. 12-CV-00630-LHK (PSG)
                                                   DECLARATION OF DANIEL WOOSEOB SHIM

1   I, Daniel Wooseob Shim, declare:

2       1.     I am Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC").  I have

3   personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if

4   called as a witness, could and would testify to those facts under oath.

5       2.     I submit this declaration in support of Samsung's administrative motion to file

6   under seal documents relating to Samsung's Reply In Support Of Its Motion To Enforce Apple's

7   Compliance With The Court's Order Regarding Case Narrowing ("Reply In Support Of Its Motion

8   to Enforce").

9
10       3.     Specifically, Samsung seeks to seal portions of:

11       &bull;  Exhibit 4 to the Supplemental Declaration of Michael Fazio In Support of
        Samsung's Motion to Enforce.

12

13       4.     I understand that the document Samsung seeks to seal includes information

14   designated "Highly Confidential – Attorneys' Eyes Only" by Apple and/or third parties.  I have

15   reviewed a partially redacted version of the document that excludes Apple and third-party

16   confidential information.

17       5.     The document Samsung seeks to seal includes confidential information regarding

18   Samsung's licensing practices, product development, and highly confidential financial data

19   (including sales, profits, costs, and margins for the accused Samsung products).  The portions of

20   the exhibit in support of Samsung's Reply In Support Of Its Motion to Enforce that Samsung

21   seeks to seal and the type of information are identified below:

| Document | Portions Samsung Seeks to Seal | Type of Information |
|---|---|---|
| Supplemental Fazio Mot. to Enforce Decl. Ex. 4 (excerpts of Apple's Opening Expert Report of Dr. Christopher Vellturo, served August 12, 2013) | p. 123 ¶ 330; p. 165 ¶ 414; p. 185 ¶ 458. | Confidential information regarding Samsung's licensing practices. |
| *Id.* | p. 75 ¶ 206; | Confidential information about |

| Document | Portions Samsung Seeks to Seal | Type of Information |
|---|---|---|
|  | p. 90-91 ¶ 254; p. 91 ¶ 255; p. 135-137 ¶ 361 & n. 582, 584. | Samsung's non-infringing alternatives, product development process, and analysis of consumer purchasing decisions. |
| *Id.* | p. 189 ¶ 470 | Samsung's confidential financial data, including calculations that reflect sales and profits, and Samsung's pricing information. |

6.      Samsung considers the product-specific financial data included in this document to be highly confidential, including detailed information about profits, and profit margins on various Samsung products.  Samsung does not report the type of product-specific revenue, profit or margin data included in these documents to investors, regulatory bodies, the press, or business analysts.  This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information.  Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis.  This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

7.      Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Samsung took special precautions when producing detailed financial data, including restricting the distribution of soft copies, copying, and inspection.

8.      Product-specific profit data are far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products.  Armed with that information, a competitor could charge a lower price in an effort to gain market share.  Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

1    9.    Suppliers could use the same information as leverage to negotiate higher prices for

2  components, and carrier and retail partners would be able to leverage knowledge of Samsung's

3  margins to negotiate lower prices for Samsung's smart phone and tablet products.

4    10.    Information about Samsung's internal product development processes and design-

5  around times are likewise highly confidential because competitors could use the information to

6  estimate Samsung's development time frames and release dates.  Competitors could then try to

7  beat Samsung to the market, removing any first-mover advantage Samsung may otherwise enjoy.

8    11.    Samsung considers its internal cost accounting categorizations highly confidential.

9  Samsung takes extraordinary steps to maintain the secrecy of the information; only a limited set of

10  personnel within Samsung's finance and accounting groups know how Samsung develops its

11  internal cost accounting categories.

12    12.    In conjunction with the product-specific cost, profit, and profit margin data

13  disclosed publicly during this litigation, an understanding of Samsung's internal cost accounting

14  categorizations can be used to obtain a more granular understanding of the costs and expenses that

15  drive the profit margins on the accused products.  Suppliers and business partners may use that

16  information to Samsung's disadvantage during negotiations.

17

18    I declare under penalty of perjury under the laws of the United States of America that the

19  foregoing is true and correct.  Executed in Washington, DC on October 31, 2013.

20

21



22  _____

23    Daniel Wooseob Shim

24

25

26

27

28

1     **ATTESTATION OF E-FILED SIGNATURE**

2          I, Matthew Warren, am the ECF user whose ID and password are being used to file the

3     foregoing document.  I hereby attest pursuant to Civil L.R. 5-1(i)(3) that concurrence in the

4     electronic filing of this document has been obtained from Daniel Shim.

5

6     Dated:  October 31, 2013                          */s/ Matthew Warren*
                                                        Matthew Warren

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28