# EXHIBIT A-3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>                Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**REBUTTAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                Counterclaim-Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br>                Counterclaim-Defendant. | |

149. Sidekick also fails to disclose this limitation because Sidekick does not "creat[e] a specified connection" to or association with any "action", i.e., "computer subroutine that causes the CPU to perform a sequence of operations *on the particular structure to which it is linked*." '647 Patent at 2:31-34 (emphasis added). Indeed, Dr. Jeffay has not pointed out any statement in the Sidekick Handbook that discloses that software is actually operating on a telephone number structure. Rather, systems such as Sidekick that enable the dialing of a telephone number would simply send the string of numbers it had identified to a hardware modem. *See*, *e.g.*, Sidekick Handbook at 29 ("The Dialer turns your computer into an automatic dialer provided you have a modem connected to your computer."). In my opinion, sending a string of digits to a piece of hardware, such as a modem, does not constitute an "action" as understood in light of Judge Posner's construction or the disclosure of the '647 Patent.

150. Ultimately, Dr. Jeffay's assessment of the Sidekick system, and specifically its Dialer functionality, ignores the fact that the '647 Patent inventors specifically informed the PTO about prior art references similar to Sidekick by including in the body of the patent a discussion of the limited functionality of these systems. '647 Patent at 1:52-65. Indeed, the patentees gave the specific example of systems only able to detect telephone numbers, and only able to allow dialing of those numbers, as prior art systems over which they were inventing. '647 Patent at 1:52-65. The patent was therefore granted over background art that was functionally identical to Sidekick.[5]

### 4. "a user interface enabling the selection of a detected structure and a linked action; and;"

151. The Sidekick Dialer does not disclose a "user interface enabling the selection of a detected structure and a linked action." First, the "selection of a detected structure," as written in the claim limitation, requires that a particular detected structure can be chosen from a set of structures. Sidekick, however, not the user, dictates which phone number will be highlighted. Sidekick will only "detect" one structure at a time, and the user has no control over which number will be selected.

---

[5] Notably, claims 1, 4, 6, 8, and 9, among others, were recently reaffirmed in reexamination as well.

REBUTTAL EXPERT REPORT OF TODD C.                                    HIGHLY CONFIDENTIAL
MOWRY REGARDING VALIDITY OF U.S.                                     ATTORNEYS' EYES ONLY
PATENT NO. 5,946,647                        55

Gibson, Dunn & Crutcher LLP

Jeffay Validity Report, ¶ 333 ("If you have more than one number on the screen that looks like a phone number, the first one will be chosen. You can then move to the next one by pressing [RIGHT ARROW]….") (citing SAMNDCA0963825, Sidekick Handbook, at 30).  At no point does Sidekick allow a user to select from a multitude of structures.  This can be seen from the screenshot that Dr. Jeffay relies upon in paragraph 331 of his declaration, wherein only one phone number has been identified by Sidekick and highlighted for the user, with no indication that Sidetrack has recognized, or will recognize, a second phone number appearing further down on the screen :

**Sidekick Screenshot**

152.     This is contrary to the teachings of the '647 Patent, in which a user can select one structure from among multiple structures and can choose any one on which to perform an operation via the user interface.  '647 Patent at 3:5-14 ("In a display-type environment, application program interface 230 retrieves the locations in document 210 of the presentation regions for the detected structures from application 167.  Application program interface 230 then transmits this location information to user interface 240, which highlights the detected structures, although other presentation mechanisms can be used.  User interface 240 enables selection of an identified structure

REBUTTAL EXPERT REPORT OF TODD C.                                         HIGHLY CONFIDENTIAL
MOWRY REGARDING VALIDITY OF U.S.                                         ATTORNEYS' EYES ONLY
PATENT NO. 5,946,647                          56

Gibson, Dunn &
Crutcher LLP

by making the presentation regions mouse-sensitive, i.e. aware when a mouse event such as mouse-down operation is performed while the cursor is over the region.").

153.     Similarly, Sidekick does not perform the claim limitation of a "user interface enabling the selection of . . . a linked action." As with the selection of a detected structure, the selection of an action requires that there be a set of multiple actions from which to select. When the Sidekick Dialer recognizes a telephone number, however, only a single operation – using the computer's modem to make a telephone call to the number – is available.[6] In addition, the '647 Patent teaches that when a user selects a portion of detected data, the system presents to the user a context menu of actions to perform on the data selected. '647 Patent at 4:23-31 ("Upon selection of this structure, user interface 240 presents and enables selection of the linked candidate actions using any selection mechanism, such as a conventional pull-down or pop-up menu.")). It is from that menu that a user will then be able to "select" a particular action. Sidekick does not perform this functionality, but instead has a single menu that is persistently present to the user at the bottom of the screen when the Sidekick software is running, both before and after a particular phone number is highlighted. Indeed, as described above, the user invokes the "Dial" feature before any phone numbers are "detected."

### 5. "an action processor for performing the selected action linked to the selected structure; and;"

154.     It is my opinion that the Sidekick system does not disclose "an action processor for performing the selected action linked to the selected structure" for at least the reason that the Sidekick system does not allow the performance of a "selected" linked action. Instead, as discussed above, Sidekick allows only a single operation – calling a telephone number – to be performed relative to any information that has been highlighted in a document. This is contrary to the teachings of the '647 Patent of presenting a menu of candidate actions to be performed on a specific type of data detected. '647 Patent at 4:23-31 ("Upon selection of this structure, user interface 240 presents

---

[6] As shown in the screenshot above, the user may also hit an arrow key to move to another number, if one can be identified by Sidekick, as well as hit other keys to bring up a "Help" menu, visit a general telephone directory, or exit the program. However, none of these are actions that can be said to be "linked" to a particular detected "structure", or phone number.

REBUTTAL EXPERT REPORT OF TODD C.
MOWRY REGARDING VALIDITY OF U.S.
PATENT NO. 5,946,647                              57

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Gibson, Dunn &
Crutcher LLP

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/13/13                               _____
                                             Todd C. Mowry

REBUTTAL EXPERT REPORT OF TODD C.
MOWRY REGARDING VALIDITY OF U.S.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Gibson, Dunn &