# EXHIBIT B-11

Highly Confidential - Attorneys' Eyes Only

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN JOSE DIVISION
 4
 5   APPLE INC., a California corporation,
 6
                     Plaintiff,
 7
     vs.                          CASE NO.  11-cv-00630-LHK
 8
     SAMSUNG ELECTRONICS CO.,
 9   LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                   Defendants.
     _____/
14
15
16         H I G H L Y   C O N F I D E N T I A L
17           A T T O R N E Y S'  E Y E S   O N L Y
18
19       VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
20               PALO ALTO, CALIFORNIA
21             WEDNESDAY, JANUARY 16, 2013
22
23   BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24   CSR LICENSE NO. 9830
25   JOB NO. 56774
```

Page 2

```
 1        WEDNESDAY, JANUARY 16, 2013
 2              1:13 p.m.
 3
 4
 5
 6    VIDEOTAPED DEPOSITION OF GORDON FREEDMAN,
 7    taken at Gibson, Dunn & Crutcher LLP,
 8    1881 Page Mill Road, Palo Alto, CA,
 9    Pursuant to Notice, before me,
10    ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,
11    CSR License No. 9830.
12
```

Page 3

```
 1    APPEARANCES:
 2
 3        FOR APPLE INC.:
 4        Gibson, Dunn & Crutcher
 5        By:  Brian M. Buroker Esq.
 6           Joshua Furman Esq.
 7        1050 Connecticut Avenue, N.W.
 8        Washington, DC  20036
 9
10
11
12
13        FOR SAMSUNG ELECTRONICS CO. LTD:
14        Quinn Emanuel Urquhart & Sullivan
15        By:  Patrick D. Curran Esq.
16           JARED W. NEWTON, Esq.
17        51 Madison Avenue
18        New York, NY  10010
19
20
21
22        ALSO PRESENT:  Aric Kerhoulas, Videographer
23                Erica Tierney, Apple, Inc.
24
25              ---oOo---
```

Page 4

```
 1          PALO ALTO, CALIFORNIA
 2         WEDNESDAY, JANUARY 16, 2013
 3              1:13 P.M.
 4
 5
 6
 7       THE VIDEOGRAPHER:  Good afternoon.  This
 8    marks the beginning of tape 1 of the videotaped
 9    deposition of Gordon Freedman.  In the matter Apple
10    Incorporated versus Samsung Electronics Company
11    Limited.  Case No. 12-CV-00630-LHK.
12       This deposition is being held at Gibson Dunn
13    at 1881 Page Mill Road in Palo Alto, California.  The
14    date today is January 16th, 2013.  The time is
15    approximately 1:14 p.m.
16       My name is Aric Kerhoulas from TSG Reporting,
17    Incorporated.  Our court reporter today is Andrea
18    Ignacio in association with TSG.
19       Will counsel please introduce yourselves,
20    starting with the questioning attorney.
21       MR. CURRAN:  Patrick Curran, Quinn Emanuel
22    Urquhart & Sullivan, for Samsung.
23       MR. NEWTON:  Jared Newton from Quinn Emanuel,
24    also on behalf of Samsung.
25       MR. BUROKER:  Brian Buroker, Gibson Dunn, on
```

Page 5

```
 1    behalf of Apple, and with me Joshua Furman, also from
 2    Gibson Dunn, and in-house counsel Erica Tierney.
 3       And just for the record, there's another
 4    gentleman in the room.  May he announce his presence.
 5       MR. CURRAN:  Frank Jackson.
 6       MR. BUROKER:  Thank you.
 7       THE VIDEOGRAPHER:  The court reporter will
 8    please swear in the witness, and we can proceed.
 9
10           GORDAN FREEDMAN,
11       having been sworn as a witness
12       by the Certified Shorthand Reporter,
13          testified as follows:
14
15       THE VIDEOGRAPHER:  You may proceed.
16
17        EXAMINATION BY MR. CURRAN
18       MR. CURRAN:  Good afternoon, Mr. Freedman.
19    Q  Can you state your full name for the record.
20    A  Gordon Freedman.
21    Q  And currently, what is your job title?
22    A  I'm a senior engineer at Apple.
23    Q  And in your current position, what are your
24    responsibilities at Apple?
25    A  I work on software development.
```

Highly Confidential - Attorneys' Eyes Only

Page 10

1  corporate knowledge?
2      MR. BUROKER:  Well, no, it's -- right.  It's
3  to the knowledge -- the way that this topic could be
4  read could in theory mean all prior art.  He's not
5  going to be testifying on Apple's behalf as to all
6  prior art that he's -- including the prior art he was
7  not aware of; only prior art to which he was aware.
8      MR. CURRAN:  Just so I understand, he's being
9  designated to testify as the corporate representative,
10 but only based on his personal knowledge, not based on
11 the corporate entity's knowledge?
12     MR. BUROKER:  Correct.
13     MR. CURRAN:  Okay.  We'll -- I think we --
14 we'll object to that designation as not truly a
15 30(b)(6) designation, but we'll move along, and we'll
16 reserve our rights on that issue.
17   Q  Topic D, are you prepared to testify on
18 behalf of Apple today concerning all known prior art
19 to the '414 patent, including any prior art of which
20 Apple or you first became aware after applying for the
21 patent?
22     MR. BUROKER:  That's the same qualification
23 that we made in the designation.  It was knowledge
24 that he had as to the prior art.
25     But you can answer.

Page 11

1      THE WITNESS:  Yes, with the qualification
2  just noted.
3      MR. CURRAN:  And I'll make the same
4  objection.
5   Q  Moving on to E, are you prepared to testify
6  today on behalf of Apple with regard to the alleged
7  contribution of each named inventor to each claim of
8  the '414 patent?
9   A  Yes.
10  Q  With respect to subtopic F, are you prepared
11 to testify on behalf of Apple today concerning the
12 meaning of each claim of the '414 patent to you as the
13 named inventor?
14     MR. BUROKER:  And we qualified that, Counsel,
15 as to what he understands the claim terms to mean.  He
16 is designated as such.
17     But you can answer.
18     THE WITNESS:  Yes, with the qualifications
19 just noted.
20     MR. CURRAN:  And just to speed this up, I'll
21 just have a standing objection, if you don't mind, to
22 these qualifications.
23  Q  Okay.  Moving on to sub- --
24     MR. BUROKER:  And for the record, we think
25 that they're appropriate, and you think -- you're

Page 12

1  objecting.  I understand that.  But we believe they're
2  appropriate qualifications.
3      MR. CURRAN:  Okay.  I think we've both stated
4  our objections.
5   Q  For subtopic G, are you prepared to testify
6  on behalf of Apple today concerning the novelty of
7  each claim of the '414 patent insofar as it relates to
8  the problems solved by the invention?
9      MR. BUROKER:  We have the same qualification
10 as to knowledge of -- his knowledge of the prior art,
11 not all prior art.
12     But subject to that qualification, you can
13 answer.
14     THE WITNESS:  Yes, with the qualification
15 just noted.
16     MR. CURRAN:  Q.  With respect to subtopic H,
17 are you testifying on behalf of Apple today regarding
18 the prosecution history of the patent, including but
19 not limited to any prior art of which the named
20 inventor was aware during any prior prosecution of the
21 patent?
22     MR. BUROKER:  He was not designated on that
23 topic.
24     You may -- you can answer.
25     THE WITNESS:  No.

Page 13

1      MR. CURRAN:  And so just so I understand,
2  the -- the topic here that's -- that explicitly
3  references the named inventor's knowledge, he's not
4  being designated on?
5      MR. BUROKER:  Well, the prosecution history
6  of the patent he's not designated on.  You can ask him
7  about what knowledge he had of the prior art, but he
8  is not familiar with the prosecution history.
9      MR. CURRAN:  We'll certainly explore his
10 personal knowledge.
11     MR. BUROKER:  Sure.
12     MR. CURRAN:  But -- okay.  So he's not
13 designated on topic H.
14  Q  Topic I, are you prepared to testify on
15 behalf of Apple today with regard to all facts and
16 circumstances concerning the decision to seek patent
17 protection for the patent?
18  A  I'm reading through that, sorry, to be clear.
19     Can you clarify what that means.
20  Q  Well, let me ask you first:  Are you prepared
21 to testify on behalf of Apple today concerning all
22 facts and circumstances concerning the decision to
23 seek patent protection for the '414 patent?
24  A  I'm sorry, but I'm not really familiar with
25 how broad that is and what exactly that means.

Highly Confidential - Attorneys' Eyes Only

Page 134

1    J U R A T
2
3
4    I, GORDON FREEDMAN, do hereby certify
5    under penalty of Perjury that I have read the
6    foregoing transcript of my deposition taken
7    on January 16, 2013; that I have made such
8    corrections as appear noted herein in ink,
9    initialed by me; that my testimony as
10   contained herein, as corrected, is true and
11   correct.
12
13
14   DATED this ____ day of _____, 2013,
15   at _____, California.
16
17
18
19   _____
20      SIGNATURE OF WITNESS
21
22
23
24
25

Page 135

1              CERTIFICATE OF REPORTER
2
3
4       I, ANDREA M. IGNACIO HOWARD, hereby certify
5    that the witness in the foregoing deposition was by me
6    duly sworn to tell the truth, the whole truth, and
7    nothing but the truth in the within-entitled cause;
8
9       That said deposition was taken in shorthand
10   by me, a Certified Shorthand Reporter of the State of
11   California, and was thereafter transcribed into
12   typewriting, and that the foregoing transcript
13   constitutes a full, true and correct report of said
14   deposition and of the proceedings which took place;
15
16      That I am a disinterested person to the said
17   action.
18
19      IN WITNESS WHEREOF, I have hereunto set my
20   hand this 16th day of January 2013.
21
22      _____
23   ANDREA M. IGNACIO HOWARD, RPR, CCRR, CLR, CSR No. 9830
24
25

Page 136

1              I N D E X
2
3    DEPOSITION OF GORDON FREEDMAN
4
5         EXAMINATION
6                   PAGE
7      BY MR. CURRAN          5
8
9           E X H I B I T S
10   EXHIBIT                    PAGE
11   Exhibit 1   Samsung's Amended Third 30(b)(6)   8
12       Deposition Notice to Apple, Inc.
13       7 pgs.
14   Exhibit 2   2-5-03 E-mail, Subject: ERS for   62
15       iSync 1.1 (first draft), Bates
16       APLNDC630-0000195085 - '103;
17       19 pgs.
18   Exhibit 3   U.S. Patent 7,761,414 B2, Bates   75
19       APLNDC630-0000173140 - '83; 44 pgs.
20   Exhibit 4   File Wrapper Application No.   76
21       11/650,624, Bates
22       APLNDC630-0000049779 - '50667;
23       889 pgs.
24          ---oOo---
25

Page 137

1           E R R A T A  S H E E T
2
3       I, GORDON FREEDMAN, make the following
4    changes to my deposition taken in the matter of
5    Apple Inc., vs. Samsung Electronics, et al., taken on
6    January 16, 2013:
7
8    DATE:_____     _____
9              Signature of Witness
10   Page    Line    Change
11   ____    ____    _____
12   ____    ____    _____
13   ____    ____    _____
14   ____    ____    _____
15   ____    ____    _____
16   ____    ____    _____
17   ____    ____    _____
18   ____    ____    _____
19   ____    ____    _____
20   ____    ____    _____
21   ____    ____    _____
22   ____    ____    _____
23   ____    ____    _____
24   ____    ____    _____
25   ____    ____    _____