# EXHIBIT 19

**ATTORNEYS' EYES ONLY – CONTAINS HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

**SECOND AMENDED EXHIBIT C-9**
**INVALIDITY CLAIM CHART FOR U.S. PATENT NO. 6,847,959**

The Wide Area Information Server system, composed of at least one WAIS client or WAIS server using the WAIS protocol (collectively, "WAIS"), was known, sold, offered for sale, and in public use before January 5, 2000, and is prior art to U.S. Patent No. 6,847,959 (the "'959 patent") under 35 U.S.C. §§ 102(a), (b), and (g) & 103.

As shown below, Apple's Rosebud and AppleSearch software was designed as a WAIS client and/or WAIS server, and was used in a manner that anticipates the asserted claims of the '959 patent prior to January 5, 2000.  This functionality is described in various materials, including APLNDC630-0000110443-59, APLNDC630-0000117688-715, APLNDC630-0000261235-70, APLNDC630-0000261341-44, APLNDC630-0000261375-91, APLNDC630-0000261415, APLNDC630-0000261429-32, APLNDC630-0000261437-38, APLNDC630-0000261445-48, APLNDC630-0000261466-93, APLNDC630-0000377679-721, APLNDC630-0000380377-79, APLNDC630-0000380384-475, APLNDC630-0000380477-86, APLNDC630-0000380488-89, APLNDC630-0000380495-96, APLNDC630-0000382158-64, APLNDC630-0000382173-77, APLNDC630-0000382203-09, APLNDC630-0000382306-23, SAMNDCA630-04523640-53, SAMNDCA630-04524909-13, SAMNDCA630-04524914-24, SAMNDCA630-05349477-80, SAMNDCA630-04524969-79, SAMNDCA630-04524995-97, SAMNDCA630-04525668-79-92, SAMNDCA630-04526334-38, SAMNDCA630-06026792-93, SAMNDCA630-06029952-53.

Apple's production of materials related to Rosebud and AppleSearch is incomplete, and Samsung has not yet had an opportunity to inspect any source code for this software.  Samsung's investigation of this software is ongoing.  However, Samsung contends that Rosebud and AppleSearch each anticipate the asserted claims of the '959 patent based on Samsung's understanding of the design and use of these software programs prior to January 5, 2000, including functionality described below in this chart and discussed in APLNDC630-0000110443-59, APLNDC630-0000117688-715, APLNDC630-0000261235-70, APLNDC630-0000261341-44, APLNDC630-0000261375-91, APLNDC630-0000261415, APLNDC630-0000261429-32, APLNDC630-0000261437-38, APLNDC630-0000261445-48, APLNDC630-0000261466-93, APLNDC630-0000377679-721, APLNDC630-0000380377-79, APLNDC630-0000380384-475, APLNDC630-0000380477-86, APLNDC630-0000380488-89, APLNDC630-0000380495-96, APLNDC630-0000382158-64, APLNDC630-0000382173-77, APLNDC630-0000382203-09, APLNDC630-0000382306-23, SAMNDCA630-04523640-53, SAMNDCA630-04524909-13, SAMNDCA630-04524914-24, SAMNDCA630-05349477-80, SAMNDCA630-04524969-79, SAMNDCA630-04524995-97, SAMNDCA630-04525668-79-92, SAMNDCA630-04526334-38, SAMNDCA630-06026792-93, SAMNDCA630-06029952-53.  Samsung's investigation to date indicates that both Rosebud and AppleSearch anticipate the asserted claims of the '959 patent when used in a variety of different ways, including but not limited to using these software programs as WAIS clients or WAIS servers, or when using these software programs in other manners as discussed in APLNDC630-0000110443-59, APLNDC630-0000117688-715, APLNDC630-0000261235-70, APLNDC630-0000261341-44, APLNDC630-0000261375-91, APLNDC630-0000261415, APLNDC630-0000261429-32, APLNDC630-

**ATTORNEYS' EYES ONLY – CONTAINS HIGHLY CONFIDENTIAL BUSINESS INFORMATION**

To the extent any limitation is found not to be literally disclosed, such a limitation would be obvious because the '959 patent is merely a collection of prior art elements that fails to meet the statutory requirement of nonobviousness under § 103, and the factors delineated in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007), weigh against a finding of nonobviousness.

For example, it would have been obvious to a person of ordinary skill in the art to combine the teaching of WAIS with the teachings of the references listed below and in Samsung's Patent Local Rule 3-3 And 3-4 Disclosures for the '959 patent served herewith; such references are in the same field of art, and discuss various techniques and improvements that would have been known to yield predictable results when applied to the technology claimed in the '959 patent, and a person of ordinary skill therefore would have been motivated to so combine them in view of the disclosures therein. Below included in this chart are examples of specific teachings from references that, combined with WAIS, render the '959 patent invalid under § 103.

Samsung reserves the right to use the entirety of the reference cited in its contentions to show that the asserted claims are anticipated and/or are obvious. Moreover, to the extent that any of the below claim limitations are found to not be expressly disclosed by the below reference, it is Samsung's contention that any such limitation would be obvious, either based on the knowledge of one of ordinary skill in the art or based on any of the art cited in Samsung's invalidity contentions. It is also Samsung's contention that one of ordinary skill in the art would find such limitation obvious for at least one or more of the following reasons: (1) the combination would unite old elements with no change in their respective function; (2) the combination would have been a predictable variation of a work in the same or a different field of endeavor; (3) the modification would have used a known technique to improve a similar device in the same way; (4) the modification was a known problem for which there was an obvious solution; (5) the modification would have been "obvious to try"; (6) the modification was known work in one field of endeavor that would have prompted variations of it for use in either the same or different field based on design incentives or other market forces; (7) there was an explicit teaching, suggestion, or motivation in the prior art for the modification.

WAIS anticipates at least claims 1-5, 9-12, 14-17, 19-20, 22-25, 27-30 and 32-33 of the '959 patent 35 U.S.C. §§ 102(a), (b), and (g) and renders obvious at least the asserted claims of the '959 patent under 35 U.S.C. § 103, alone and/or in combination with one or more of the following references:

- U.S. Patent No. 5,019,806 to Jef Raskin et al et al ("Raskin"), filed Apr 11, 1989, issued May 28, 1991

- U.S. Patent No. 5,337,347 to Richard H. Halstead-Nussloch *et al.* ("Halstead-Nussloch"), filed Jun 25, 1992, issued Aug 9, 1994

- U.S. Patent No. 5,671,426 to John Armstrong, III ("Armstrong"), filed June 22, 1993, issued Sep. 23, 1997