# EXHIBIT L

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4


 5
     APPLE INC., A CALIFORNIA         )  C-11-01846 LHK
 6   CORPORATION,                     )
                                      )  SAN JOSE, CALIFORNIA
 7                 PLAINTIFF,         )
                                      )  OCTOBER 17, 2013
 8            VS.                     )
                                      )  PAGES 1-200
 9   SAMSUNG ELECTRONICS CO., LTD.,   )
     A KOREAN BUSINESS ENTITY;        )
10   SAMSUNG ELECTRONICS AMERICA,     )
     INC., A NEW YORK CORPORATION;    )
11   SAMSUNG TELECOMMUNICATIONS       )
     AMERICA, LLC, A DELAWARE         )
12   LIMITED LIABILITY COMPANY,       )
                                      )
13                 DEFENDANTS.        )
                                      )
14

15

16              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LUCY H. KOH
17              UNITED STATES DISTRICT JUDGE

18

19

20              APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                         CERTIFICATE NUMBER 9595
24

25       PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1        DEPOSED ON IT.  THERE'S NO WITNESSES ABOUT IT.  IT WILL ALL BE
 2        COMPLETELY NOVEL.
 3             AND THEN SHE SAYS, "HOWEVER, IF THE COURT ULTIMATELY LETS
 4        IT IN, THIS IS MY VIEW."
 5             BUT WHAT WE STUCK WITH -- WE TOOK OUR -- WE HAD TO
 6        PROTECT, IN CASE YOUR HONOR RULES AGAINST US, SO THAT SHE COULD
 7        REBUT WHATEVER THEY WANTED TO SAY.  BUT WHAT SHE SAYS IS IT'S
 8        NOT RELEVANT AND SHE'S NOT GOING TO MENTION IT AT ALL IN HER
 9        DIRECT TESTIMONY, EVER.
10                 MS. MAROULIS:  YOUR HONOR, IT'S A HIGHLY RELEVANT
11        LICENSE.  I CANNOT GO INTO ANY DETAILS AT ALL REGARDING WHY
12        IT'S RELEVANT.  IT DID HAPPEN AFTER TRIAL, ABSOLUTELY, BUT IT'S
13        VERY MUCH ON POINT AND MAKES THIS AN EXCEPTION TO THE GROUND
14        HOG DAY.
15             BUT IT ALSO WAS IN MS. DAVIS'S REPORT AND WE NEED TO
16        RESPOND TO THAT.
17                 THE COURT:  WELL, THIS IS MY CONCERN.  I DEFINITELY
18        AGREE THAT IT IS POST-TRIAL EVIDENCE.  MY ONE CONCERN IS IT MAY
19        BE PERHAPS ONE OF THE MOST INFORMATIVE --
20                 MR. MCELHINNY:  OUR VIEW OF --
21                 THE COURT:  -- PIECES OF EVIDENCE.
22                 MR. MCELHINNY:  OUR VIEW ABOUT THAT IS THAT IT'S NOT.
23                 THE COURT:  I UNDERSTAND, AND YOU CAN MAKE THAT
24        ARGUMENT.
25                 MR. MCELHINNY:  WELL, BUT NO -- I'M SORRY.  I KEEP --
```

AND IT IS LATE.

WE CAN'T BECAUSE WE DON'T KNOW WHAT WITNESSES THEY'RE GOING TO CALL. NO ONE HAS BEEN DEPOSED ON IT. WE DON'T HAVE A WITNESS ON OUR LIST THAT IS KNOWLEDGEABLE AND INTENDS TO ADDRESS IT.

WE ONLY HAVE EIGHT HOURS. IF I HAVE TO SPEND AN HOUR EXPLAINING THAT IN SEPARATE LITIGATION, THIS WAS A RESOLUTION OF A LITIGATION AND WHAT IT MEANT, THEN, ONE, WE'RE GOING TO HAVE TO CLOSE YOUR COURTROOM; BUT, TWO, IT IS COMPLETELY A SIDESHOW THAT COMPLETELY CHANGES ALL OF THE, ARGUABLY, ALL OF THE THINGS THAT YOU HAVE FIXED FROM THE EARLIER TRIAL.

MS. MAROULIS: YOUR HONOR, WE WILL BE PRESENTING MR. WAGNER TO TALK ABOUT THIS LICENSE.

MR. MCELHINNY: HE'S NEVER BEEN DEPOSED ON IT.

MS. MAROULIS: HE HAS BEEN DEPOSED IN THIS CASE.

MR. MCELHINNY: NOT ON THIS LICENSE.

MS. MAROULIS: YOUR HONOR, I BELIEVE HE WAS DEPOSED ON HTC LICENSE, BUT I CANNOT QUOTE THE TRANSCRIPT. I WAS THERE, I WAS DEFENDING HIM, SO I SHOULD KNOW, BUT I JUST CAN'T REMEMBER EXACTLY.

THE COURT: DID YOU CHOOSE NOT TO ASK HIM ABOUT IT?

MR. MCELHINNY: NO. WE THINK IT'S NOT RELEVANT, YOUR HONOR. WE DON'T HAVE A WITNESS. WE DON'T HAVE ANYBODY WHO'S GOING TO TALK ABOUT IT. IF YOUR HONOR LETS HIM TALK ABOUT IT, I'M GOING TO HAVE TO PUT SOMEBODY ON IN REBUTTAL THAT'S NOT ON

```
1      MY WITNESS LIST, IT'S GOING TO TAKE MY TIME, AND IT'S
2      COMPLETELY POST-TRIAL.
3              THE COURT:  WOULD SAMSUNG OBJECT IF APPLE IDENTIFIED
4      A NEW WITNESS ON THE HTC LICENSE?
5              MS. MAROULIS:  YOUR HONOR, THEY HAVE THEIR LICENSING
6      REPRESENTATIVE, MR. TEKSLER, ON THE LIST, SO PRESUMABLY HE CAN
7      ADDRESS THAT.
8              THE COURT:  WELL, I DON'T KNOW IF HE WAS INVOLVED IN
9      THAT LICENSE.
10             MR. MCELHINNY:  HE'S NOT A CURRENT EMPLOYEE, YOUR
11     HONOR.
12             MS. MAROULIS:  MAY I CONFER WITH MR. PRICE FOR ONE
13     SECOND?
14         WE'RE NOT GOING TO OBJECT.
15         AND, YOUR HONOR, YES, I'M TOLD THAT MR. WAGNER WAS ASKED
16     ABOUT THE LICENSE SPECIFICALLY.  IT'S AT PAGE 220 OF HIS MOST
17     RECENT DEPOSITION -- I'M SORRY -- IT'S 907 OF THE DEPOSITION
18     DATED AUGUST 20, 2013.
19             MR. MCELHINNY:  FRANKLY, I'M MOST CONCERNED ABOUT THE
20     TIME, YOUR HONOR, PERSONALLY.
21             THE COURT:  UM-HUM.
22             MR. MCELHINNY:  THAT'S --
23             THE COURT:  WELL, I WILL THINK ABOUT THIS FURTHER,
24     BUT I'M ACTUALLY INCLINED TO ALLOW IT IN JUST BECAUSE I THINK
25     IT'S HIGHLY PROBATIVE.
```

1      ON THE OTHER HAND, I HAVE ESTABLISHED THIS GROUND HOG DAY
2  RULE AND I DON'T WANT YOU TO BE PREJUDICED BY THAT.
3      IF I ALLOWED ADDITIONAL LIMITED DISCOVERY ON THIS ISSUE,
4  WHAT WOULD YOU WANT?
5          MR. MCELHINNY:  YOUR HONOR, I HAVE A RULING FROM THE
6  ITC THAT HAS FOUND THAT SAMSUNG COPIED.  IT'S A DIRECT FINDING
7  BY AN ITC JUDGE THAT HAPPENED AFTER THIS TRIAL THAT I WOULD
8  LIKE TO BRING INTO THE TRIAL BECAUSE IT'S HIGHLY PROBATIVE,
9  IT'S A FINDING OF FACT, IT'S COLLATERAL ESTOPPEL, AND I WOULD
10 LOVE TO BRING IN POST-TRIAL STUFF THAT HAPPENED IN THIS CASE.
11         THE COURT:  IS IT THE SAME I.P.?
12         MS. MAROULIS:  NO, YOUR HONOR, IT'S NOT REMOTELY THE
13 SAME I.P.
14         THE COURT:  HTC IS THE SAME, OVERLAPPING?
15         MR. MCELHINNY:  IT'S NOT THE SAME PATENTS, BUT IT'S
16 THE SAME PRODUCT LINE, IT'S THE SAME INVENTORS, AND IT'S A
17 DIRECT FINDING OF FACT THAT COPYING OCCURRED.
18         MS. MAROULIS:  THE ITC --
19         MR. MCELHINNY:  IT COULD NOT BE MORE PROBATIVE.
20         MS. MAROULIS:  -- INVOLVES COMPLETELY DIFFERENT I.P.,
21 DIFFERENT PRODUCTS.
22         MR. MCELHINNY:  BUT IT'S POST-TRIAL AND IT REQUIRES A
23 WHOLE BIG STORY FROM SAMSUNG ABOUT WHY THE JURY SHOULDN'T PAY
24 ATTENTION TO IT.  IT'S EXACTLY THE MIRROR IMAGE OF THIS.
25         MS. MAROULIS:  AND MOST IMPORTANTLY, THE COURT RULED

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED:  OCTOBER 21, 2013