# EXHIBIT QQ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| APPLE, INC., a California corporation, | Case No.: 11-CV-01846-LHK |
|---|---|
| Plaintiff, <br> v. <br> SAMSUNG ELECTRONICS CO., LTD., A Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br> Defendants. | ORDER RE: OBJECTIONS TO GREG JOSWIAK, TIM SHEPPARD, MICHAEL WAGNER, TONY BLEVINS, PAUL DOURISH, TONY GIVARGIS, DAN DZUBAN, EMILIE KIM, RICHARD LUTTON, AND MANI SRIVASTAVA; ORDER RE: SAMSUNG'S MOTION TO EXCLUDE EMILIE KIM, GREG CHAPMAN, AND SONY CUSTODIAN OF RECORDS |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence 403, the Court rules on the parties' objections as follows:

**A. Greg Joswiak**

  **1. Samsung's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Joswiak: Depo 273:20-274:21 | Sustained. Apple's counter-designation was intended to rebut Samsung's designation of Joswiak Depo 238:1-9. The Court has sustained Apple's objection to Joswiak Depo 238:1-9. Accordingly, Apple's counter-designation is moot. |

  **2. Apple's Objections**

1

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Joswiak: Depo 238:1-9 | Sustained. Joswiak testified in deposition that he was not aware of any consumer who had bought a Samsung phone mistaking it for an Apple phone. Absence of consumer confusion is not relevant to trade dress dilution, which merely requires consumer association.<br><br>Samsung argues that Joswiak's testimony that consumers do not confuse Apple and Samsung phones is relevant to design patent infringement. Consumer confusion is not required to establish design patent infringement. Instead, design patent infringement is established by considering whether the accused device creates the same overall visual impression as the patent in suit. Lack of consumer confusion is not strongly probative of the issue of whether the accused devices do not infringe. In contrast, this testimony is outweighed by the risk that the jury would draw an improper inference. |

### B. Tim Sheppard

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Sheppard: PDX62.2 | Sustained-in-part and overruled-in-part. The Court has held that the flaws in Samsung's financial disclosures are relevant evidence that the jury may consider. The Court has limited discussion of Judge Grewal's sanctions order to avoid prejudice to Samsung. However, PDX62.2 makes no reference to Judge Grewal's Sanctions Order or any other Court findings. Accordingly, the probative value of PDX62.2 for impeachment outweighs the risk of prejudice.<br><br>Samsung also argues that it is improper to characterize its February 10 and March 29 disclosures as "incomplete" when the disclosures were simply missing phones that Samsung asserts were not yet at issue in the case. However, Judge Grewal's sanctions order, ECF No. 880, stated, "The merits of Samsung's basis for excluding sales and revenue data for the Galaxy S II Skyrocket, Galaxy S II Epic 4G edition, and Galaxy Tab 10.1 LTE is not the subject of the motion before the court. The court merely notes that having not sought court intervention to establish those models as being outside the scope of Apple's claims and contentions or to otherwise limit Samsung's obligation respecting damages production, Samsung was obligated to produce responsive discovery under the liberal standard set by Fed. R. Civ. P. 26(b)." ECF No. 880 at 12, n. 42.<br><br>Although the Court overrules Samsung's objection as to the content of PDX62.2, the Court finds that the large red stamps are unnecessarily prejudicial. Apple must use a more restrained graphic to convey the flaws in Samsung's financial disclosures. |

2

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| | The Court agrees with Samsung that the title of PDX62.2, "Samsung's Financial Disclosures" implies that all of Samsung's financial disclosures are addressed on the slide. Accordingly, the Court sustains Samsung's objection to the title of PDX62.2. |
|---|---|

### 2. Apple's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Sheppard: DX616 | Sustained. Apple objects that DX616 consists of irrelevant sale and shipping documents for a 2006 phone not at issue in this case. These documents are not evidence of how any of the accused devices are imported, transported, or sold. Thus, under FRE 403, DX 616 would waste time and confuse the jury. |
| Sheppard: SDX3960.003 | Sustained. Apple objects that Sheppard cannot testify as to SEC expenses in SDX3960.003 because Sheppard testified at his January 24, 2012, and Febuary 29, 2012 depositions that he has personal knowledge of only SEA and STA, and no personal knowledge of financial documents prepared at SEC.<br><br>Apple deposed Sheppard as to SEC on December 21, 2011, pursuant to Sheppard's 30(b)(6) designation. However, Sheppard's designation was later modified to cover only SEA and STA. Sheppard clearly disclaimed personal knowledge of certain SEC financial and accounting details. *See* Hung Decl., Ex. 6 at 51:11-24 ("I don't have visibility to – to the factories or supplies involved"); Hung Decl., Ex. 6 at 39:23-40:10 ("I have no personal knowledge of what [types of financial documents are] prepared at SEC [in the ordinary course of business]."); Hung Decl. Ex. 7 at 134:7-18 ("Q: If you look at Exhibit 1922 and 1923, at line 20, there's an item that says others and a number of more going down to line 34. Do you see that? A: Yeah, one of them stops at 33, and one of them goes to 34, yeah. Q: Is it correct you are not here to speak on behalf of any Samsung entity with respect to the information that is found in those lines as to these spreadsheets? A: That is correct."). Thus, Sheppard has not established that he has personal knowledge regarding the information in SDX3960.003. |

### C. Michael Wagner

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX2317.42-43 | Overruled. Mr. Wagner's statements from a treatise on patent damages are potentially relevant impeachment evidence. Apple does not seek to have Mr. Wagner's damages treatise PX2317 admitted to the jury. Instead, Apple seeks to impeach Mr. Wagner with his prior inconsistent statements contained in PX2317. Mr. Wagner's general statements made in a treatise present substantially lower risk of creating a time-wasting sideshow than evidence from a past trial that involved specific parties, facts, and law distinct from those at issue in this case. |
| PDX61.13-14 | Sustained-in-part and overruled-in-part. PDX61.13 is highly similar to PDX62.2. The Court overrules Samsung's objection to the content of PDX61.13 for the |

3

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| | |
|---|---|
| | same reasons as PDX62.2. Furthermore, the validity of the underlying financial data used in Mr. Wagner's damages calculations is relevant to his expert testimony. However, the Court sustains Samsung's objection as to the prejudicial use of large red stamps. Apple must use a more restrained graphic. |
| | PDX61.14 presents accurate and relevant quotations from deposition testimony of Mr. Sim. Samsung does not object to the use of the testimony but objects to the slide title and the use of red font to emphasize admissions of "error." Apple has modified the title such that it now accurately represents the content of Mr. Sim's quoted testimony without the use of objectionable scare quotes. Apple is entitled to change its demonstrative's font color to emphasize portions of Mr. Sim's testimony that it considers most relevant. Accordingly, the Court overrules Samsung's objection to PDX61.14. |

### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX702 | Reserved. Apple objects that the basis for Mr. Wagner's hypothetical damage calculations have been excluded by Judge Grewal's order, *see* ECF No. 1106, and therefore Mr. Wagner's testimony lacks foundation. Apple's objection, however, ignores that Mr. Wagner's testimony concerns the cost of *hypothetical* design-arounds, which are not excluded by Judge Grewal's order, as opposed to actual design-arounds, which are excluded. *See* ECF No. 1163 at 35:20-36:13. However, it is unclear where Wagner obtained his hypothetical cost information. If these hypothetical costs were created by Wagner, then he may testify. If Wagner obtained the cost information from Samsung, then he may not testify regarding this topic. Samsung shall file a proffer regarding the basis of Wagner's hypothetical cost figures by 7:30 a.m. on Thursday, August 16, 2012. |

### D. Tony Blevins

#### 1. Samsung's Objections

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| Blevins: PDX59 and PDX60 | Overruled. PDX59 and PDX60 are a disassembled iPhone4 and the iPhone4 logic board. An iPhone4, including its internal parts, has already been admitted into evidence. PDX59 and PDX60 are simply demonstratives to more easily display the internal logic board without disassembling the device entered into evidence. PDX59 and PDX60 were timely disclosed according to the schedule for disclosing demonstrative exhibits. Accordingly, the Court overrules Samsung's objection that PDX59 and PDX60 were untimely disclosed. |

### E. Paul Dourish

#### 1. Samsung's Objections

4

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| PX112, PDX42.7-.25 | Overruled. Samsung objects that Dr. Dourish's expert report is insufficiently particular with regard to his opinion that the '893 patent is invalid in light of KR '792 patent. Upon review, however, the Court finds that both Dr. Dourish's expert report and claim chart for the '893 patent cite specific portions of the KR '792 patent. *See, e.g.*, Dourish Expert Report ¶ 115 ("The KR '792 patent discloses setting the digital image processing apparatus in the reproduction mode. *See, e.g.*, KR '792 patent, pp. 5-2 to 5-4 and Drawings 1-3."). Although Samsung cites Apple's invalidity contention for claim 10 of the '893 patent, which "consists of over 10 pages of block quotes, including over four pages of quotes from KR '792 alone," as a particularly egregious example of insufficient specifics, the invalidity contentions provide specific excerpts from the relevant patents, element-by-element, for each of claim 10's eight elements. Thus, Dr. Dourish has provided Samsung with sufficient notice of his opinions regarding the invalidity of the '893 patent based on KR '792. |
| PX124 | Sustained-in-part and overruled-in-part. Apple argues that PX124, the iBook System, is relevant as prior art to claim 10 of the '893 patent. However, Samsung objects that Dr. Dourish has not identified any evidence that this system was ever "known or used by others" in the manner that Dr. Dourish asserts anticipates claim 10 prior to the original filing date of the '893 patent. *See* 25 U.S.C. 102(a). Apple has not addressed this issue. Because the relevance of PX124 depends on evidence of actual use of this system on a date prior to the filing date, and Apple has not proffered admissible evidence that this exhibit meets that requirement, Samsung's objection is sustained. However, if Apple is able to present relevant, admissible evidence such that a reasonable jury could find that the iBook is prior art, then the iBook would be admissible. |

**2. Apple's Objections**

| WITNESS AND EXHIBIT NO. | COURT'S RULING ON OBJECTION |
|---|---|
| DX2635 | Sustained. Samsung has agreed to use PX112 in place of DX2635. |

### F. Tony Givargis

**1. Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX113 | Sustained-in-part and overruled-in-part. Samsung objects to PX113, documents reflecting sales of certain Sony products and the affidavit of Lee Hill authenticating them. The Court agrees that the affidavit of Lee Hill is hearsay, and Apple identifies no relevant hearsay exceptions. Therefore, Lee Hill's affidavit is inadmissible under Rule 802. However, Lee Hill's affidavit, though inadmissible, does serve to authenticate the attached documents as records regularly kept in the ordinary course of business. Thus, the attached documents qualify for the business records exception, *see* Fed. R. Evid. 803(6), and are self- |

| | |
|---|---|
| | authenticating under Rule 902(11). Thus, Lee Hill's affidavit is not admissible, but the attached business records are.<br><br>Moreover, Mr. Dzuban, as a custodian of records for Sony, can authenticate the business records and lay the foundation to establish that the records are regularly kept in the ordinary course of business. |
| PX114 | Sustained. PX114, a printout of a website that Apple argues is probative to the common understanding of the term "midlet" in the art. Accordingly, PX114 is only relevant if it uses "midlet" in the same way that a person of ordinary skill in the art would have at the time of filing of the '711 patent. Apple has provided no evidence that the word "midlet" is used in PX114 consistent with how a person or ordinary skill in the art would have used it at the time of filing of the '711 patent. Therefore, Apple has not established the relevancy of this document. |

2. **Apple's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| SDX3922.003/ SDX3922.004/ DX2634 | Overruled. Apple objects, under Rule 403, to Samsung's exhibits which point out that Dr. Givargis's initial expert report applied a definition of "applet" that was different than the definition that the Court later adopted in claim construction. In his rebuttal report, after the claim construction, Dr. Givargis confirmed that his opinions were unchanged, even adopting the Court's construction of "applet," Samsung is entitled to question Dr. Givargis about the basis of his opinions, including the definition of the word "applet" that he applied. The probative value of such testimony is not substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. If Apple believes Samsung is misrepresenting Dr. Givargis's opinions, it is free to re-direct him on this point. |
| SDX3922.015 | Sustained. Samsung has agreed not to use this exhibit with Dr. Givargis. |

**G. Dan Dzuban (Sony Record Keeper)**

1. **Samsung's Objections**

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX113 | Sustained-in-part and overruled-in-part. Samsung objects to PX113, documents reflecting sales of certain Sony products and the affidavit of Lee Hill authenticating them. The Court agrees that the affidavit of Lee Hill is hearsay, and Apple identifies no relevant hearsay exceptions. Therefore, Lee Hill's affidavit is inadmissible under Rule 802. However, Lee Hill's affidavit, though inadmissible, does serve to authenticate the attached documents as records regularly kept in the ordinary course of business. Thus, the attached documents qualify for the business records exception, *see* Fed. R. Evid. 803(6), and are self-authenticating under Rule 902(11). Thus, Lee Hill's affidavit is not admissible, but the attached business records are.<br><br>Moreover, Mr. Dzuban, as a custodian of records for Sony, can authenticate the |

6

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| | |
|---|---|
| | business records and lay the foundation to establish that the records are regularly kept in the ordinary course of business. |
| PX116 | Overruled. PX116 is a Sony Ericsson K700i user guide. Apple has indicated that Mr. Dzuban will lay the proper foundation regarding the authenticity of this document. Moreover, the Court finds that this document meets the requirements for Rule 807, the residual hearsay exception. This document has circumstantial guarantees of trustworthiness because the second page establishes that the document is a manual published by Sony Ericsson. Presumably this document will be used to establish the functionality of the device according to the manufacturer. *See* FRE 807(a)(2)-(3) (statement must be offered as evidence of a material fact and be more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"). Finally, the Court finds that admission would best serve the purposes of these rules and the interests of justice. Accordingly, this document is admissible pursuant to FRE 807(a)(2)-(3).<br><br>Moreover, Mr. Dzuban, as a custodian of records for Sony, can also lay the foundation to establish that the document is regularly kept in the ordinary course of business and is admissible pursuant to FRE 803(6). |

### H. Emilie Kim

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX111 | This objection has been resolved. |
| PX124 | This objection has been resolved. |

#### 2. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX2635 | This objection has been resolved. Samsung has agreed to use PX112 in place of DX2635. |

### I. Richard Lutton

#### 1. Apple's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| DX531 | Sustained. Samsung seeks to use this exhibit, which is a settlement presentation given in September 2010 by Samsung to Apple. Apple objects that this exhibit is (1) hearsay and (2) barred by FRE 408 as a confidential settlement negotiation. Samsung argues that the document is neither hearsay nor barred by FRE 408 because it is being offered to establish that Apple had notice of Samsung's patents, a permissible use under both FRE 408 and FRE 802. In response, Apple argues that the fact that Apple had notice of the '941 and '516 patents is no longer in dispute because Apple conceded that it had notice of these patents in its |

7

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| | |
|---|---|
| | response to interrogatory number 13. *See* Kolovos Decl. Ex. 28. Thus, according to Apple, the exhibit is not admissible because it does not make any fact *in dispute* more likely.<br><br>The Court agrees. Apple has conceded that it had notice of these two patents in September 2010, which is the only purpose for which Samsung has sought to introduce this exhibit. Therefore, the probative value of the exhibit is very low. In contrast, introducing this exhibit would be an unnecessary waste of time and duplication of evidence. Additionally, there is also the risk that the jury will consider the evidence for an improper purpose. For example, that the exhibit establishes the valuation or validity of a claim in dispute. Accordingly, this exhibit is excluded pursuant to FRE 403. *See Old Chief v. United States*, 519 U.S. 172, 184-85 (1997). Samsung may, instead, introduce Apple's interrogatory response number 13 to establish notice. |
| Deposition Testimony 161:13-162:16 | Sustained. The Lutton deposition testimony identified by Apple relates to the September 2010 settlement negotiations. For the same reasons identified above with respect to DX 531, this testimony is also excluded under FRE 403. |

### J. Mani Srivastava

#### 1. Samsung's Objections

| EXHIBIT NUMBER | COURT'S RULING ON OBJECTION |
|---|---|
| PX118 | Overruled. Samsung objects that Dr. Srivastava's expert report is insufficiently particular with regard to his opinion that the '460 patent is invalid in light of PX118, the "Suso" patent. Upon review, however, the Court finds that both Dr. Strivastava's expert report and claim chart for the '460 patent cite specific portions of the Suso patent. *See, e.g.*, Strivastava Expert Report ¶ 76 ("The [Suso] patent discloses sequentially displaying other images stored in a memory through the use of scroll keys. *See, e.g.*, '648 patent, col. 6 ll. 8-10, col. 7 ll. 37-49, and FIGS. 7 and 8a-8b."). Thus, Dr. Strivastava has provided Samsung with sufficient notice of his opinions regarding the invalidity of the '460 patent based on Suso. |
| PX119 | Overruled. Samsung objects that Dr. Strivastava's expert report is insufficiently particular with regard to his opinion that the '460 patent is invalid in light of PX119, the "Yoshida" patent. Upon review, however, the Court finds that both Dr. Strivastava's expert report and claim chart for the '460 patent cite specific portions of the Yoshida patent. *See, e.g.*, Strivastava Expert Report ¶ 317 ("The '417 patent states: 'the digital camera 100 is provided with the communicating function, such as telephone, electronic mail, etc., and as shown in FIG. 1 (which shows the outer appearance of the apparatus), there are provided on the front of the digital camera 100 a shutter button 102, a mode dial 101, a lens 108, and a stroboscope 109 which is arranged above the lens 108.' '417 patent, col. 5, ll. 24–30."). Thus, Dr. Strivastava has provided Samsung with sufficient notice of his opinions regarding the invalidity of the '460 patent based on Yoshida. |

#### 2. Apple's Objections

| EXHIBIT | COURT'S RULING ON OBJECTION |
|---|---|

8

Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES

| NUMBER | |
|---|---|
| DX2635 | Overruled. Samsung has agreed to use PX112 in place of DX2635, mooting Apple's objection. |

### K. Greg Chapman

**COURT'S RULING ON MOTION TO EXCLUDE**

Samsung moves to exclude the testimony of Greg Chapman. ECF No. 1747. Apple filed an opposition. ECF No. 1763. For the reasons set forth below, the Court GRANTS Samsung's motion.

Federal Rule of Civil Procedure 26(a)(1)(A) requires the disclosure of the name and contact information of individuals likely to have discoverable information. FRCP 26(e) requires timely supplementation or amendment of a party's initial disclosures. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Apple did not disclose that Greg Chapman had information relevant to this proceeding in its initial disclosures. Although Mr. Chapman appears to have been involved in the ITC case, Apple did not amend the initial disclosures to include Greg Chapman as a potential witness in this litigation until March 4, 2012, four days before the close of discovery. Samsung claims it was not able to depose Mr. Chapman as a result of this late disclosure. The Court finds that Samsung was prejudiced by Apple's failure to amend its initial disclosures to give notice to Samsung that Mr. Chapman likely held discoverable information. Moreover, the Court cannot say that the failure was substantially justified or harmless. Apple has given no satisfactory reason for its delayed disclosure.

Apple claims that Samsung was not prejudiced by its late disclosure because Judge Grewal permitted Samsung to depose 5 Apple witnesses of its choosing for 10 hours after the discovery cut off, and Samsung failed to select Mr. Chapman as one of the deponents. However, the remedy crafted by Judge Grewal arose to mitigate the prejudice that Samsung suffered from Apple's failure to produce deposition transcripts of Apple employees in the ITC case. This remedy was not directly related to Mr. Chapman. It is not clear how many individuals were involved in the ITC case, from which Samsung was required to select. In short, the Court finds that given the specific circumstances of this case, Mr. Chapman was not timely disclosed in Apple's amended initial disclosures, or in any interrogatory response, such that Samsung had timely notice in order to conduct a deposition. Nor can the Court say that the failure to timely disclose was substantially justified or harmless. Therefore Samsung's motion is GRANTED.

### L. Emilie Kim

**COURT'S RULING ON MOTION TO EXCLUDE**

Samsung moves to exclude the testimony of Emilie Kim with respect to Apple's prior art. ECF No. 1747. Apple has filed an opposition. ECF No. 1763. For the reasons set forth below, the Court GRANTS Samsung's motion.

Federal Rule of Civil Procedure 26(a)(1)(A) requires the disclosure of the name and contact information of individuals likely to have discoverable information. FRCP 26(e) requires timely supplementation or amendment of a party's initial disclosures. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Apple initially disclosed Ms. Kim as a witness regarding "design and development of . . . Software." Hutnyan Decl. Ex. E. Apple did not disclose that it intended to introduce Ms. Kim as a

**United States District Court**
For the Northern District of California

witness regarding Apple's prior art (iBook and iSight) until the July 6, 2012 witness list. Apple's disclosure is untimely, and Ms. Kim will not be permitted to testify regarding Apple's prior art. Apple appears to concede this as it has stated that it "will not to [sic] inquire about the iBook and iSight during Ms. Kim's direct examination." Apple's Response at 3.

### M. Sony Keeper of Records

**COURT'S RULING ON MOTION TO EXCLUDE**

Samsung moves to exclude the testimony of Dan Dzuban, a record keeper for third party Sony. ECF No. 1747. Apple has filed an opposition. ECF No. 1763. The Court GRANTS-in-part and DENIES-in-part Samsung's motion.

Federal Rule of Civil Procedure 26(a)(1)(A) requires the disclosure of the name and contact information of individuals likely to have discoverable information. FRCP 26(e) requires timely supplementation or amendment of a party's initial disclosures. A party may not use untimely disclosed evidence at trial except upon a showing that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Sony Record Keeper was not disclosed on Apple's witness list until July 6, 2012. However, Apple has explained that it only intends to introduce Mr. Dzuban's testimony to authenticate and lay the foundation for third party Sony documents. The Court finds that although Mr. Dzuban was not timely disclosed under Rule 26(a), Apple has established that under Rule 37(c) that this failure to disclose was harmless. Samsung has been aware of this prior art since October 2011. Thus, Mr. Dzuban may testify only to authenticate and lay the foundation for Sony's documents. Mr. Dzuban may not offer any other testimony in this matter. If Samsung is willing to stipulate to the authenticity of the Sony documents, Mr. Dzuban need not testify.

**IT IS SO ORDERED.**

Dated: August 15, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

10
Case No.: 11-CV-01846-LHK
ORDER ON OBJECTIONS TO EXHIBITS; ORDER ON SAMSUNG'S MOTION TO EXCLUDE WITNESSES