1  JOSH KREVITT (CA SBN 208552)                    WILLIAM F. LEE (pro hac vice)
   jkrevitt@gibsondunn.com                         william.lee@wilmerhale.com
2  H. MARK LYON (CA SBN 162061)                    WILMER CUTLER PICKERING
   mlyon@gibsondunn.com                            HALE AND DORR LLP
3  GIBSON, DUNN & CRUTCHER LLP                     60 State Street
   1881 Page Mill Road                             Boston, Massachusetts 02109
4  Palo Alto, CA  94304-1211                       Telephone: (617) 526-6000
   Telephone:  650.849.5300                        Facsimile: (617) 526-5000
5  Facsimile:   650.849.5333

6
   MICHAEL A. JACOBS (CA SBN 111664)               MARK D. SELWYN (CA SBN 244180)
7  mjacobs@mofo.com                                mark.selwyn@wilmerhale.com
   RICHARD S.J. HUNG (CA SBN 197425)               WILMER CUTLER PICKERING
8  rhung@mofo.com                                  HALE AND DORR LLP
   MORRISON & FOERSTER LLP                         950 Page Mill Road
9  425 Market Street                               Palo Alto, CA 94304
   San Francisco, California 94105-2482            Telephone: (650) 858-6000
10 Telephone: (415) 268-7000                       Facsimile: (650) 858-6100
   Facsimile: (415) 268-7522

11 ***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

12                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
13                        SAN JOSE DIVISION

14 APPLE INC., a California Corporation,

15               Plaintiff,

16        v.

17 SAMSUNG ELECTRONICS CO., LTD., a
   Korean corporation; SAMSUNG
18 ELECTRONICS AMERICA, INC., a New          CASE NO. 12-cv-00630-LHK (PSG)
   York corporation; and SAMSUNG
19 TELECOMMUNICATIONS AMERICA,               **DECLARATION OF JORDAN BEKIER
   LLC, a Delaware limited liability company, IN SUPPORT OF APPLE'S
20                                            ADMINISTRATIVE MOTION TO FILE
                 Defendants.                  DOCUMENTS UNDER SEAL
21 ─────────────────────────────────────     RELATING TO ITS OPPOSITION TO
   SAMSUNG ELECTRONICS CO., LTD., a           SAMSUNG'S MOTION TO EXCLUDE
22 Korean corporation; SAMSUNG               OPINIONS OF CERTAIN OF APPLE'S
   ELECTRONICS AMERICA, INC., a New          EXPERTS**
23 York corporation; and SAMSUNG
   TELECOMMUNICATIONS AMERICA,
24 LLC, a Delaware limited liability
   company,
25
                 Counterclaim-Plaintiffs,
26        v.

27 APPLE INC., a California corporation,

28               Counterclaim-Defendant.

Gibson, Dunn &
Crutcher LLP

I, Jordan Bekier, declare and state as follows:

1.    I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion To File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts ("Opposition to Samsung's Motion to Exclude") to confirm that certain documents and information contained in Apple's Opposition to Samsung's Motion to Exclude are confidential and sealable.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2.    Concurrent with Apple's Motion to Seal, Apple has filed its Opposition to Samsung's Motion to Exclude, including the Declaration of Casey J. McCracken in Support of Apple's Opposition to Samsung's Motion to Exclude ("McCracken Declaration") and exhibits thereto.

3.    Apple hereby seeks to seal documents and testimony referenced in Apple's Opposition to Samsung's Motion to Exclude and exhibits to the McCracken Declaration.  Certain of these documents and testimony contain information designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Apple, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), and/or third party Google Inc. ("Google") pursuant to the Protective Order entered in this case, or is otherwise believed to be deemed confidential by these parties. Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow.  Where Apple has submitted a proposed redacted version of a document containing grey highlighting, that grey highlighting represents information that has been designated confidential by Samsung or Google.  For those documents that Apple seeks to entirely under seal because they contain only information designated as highly confidential by Samsung or Google, Apple has not highlighted any material in grey but has moved to file the document entirely under seal.

Gibson, Dunn & Crutcher LLP

BEKIER DECL. IN SUPPORT OF APPLE'S MOTION TO FILE OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL
-1-        CASE NO. 12-CV-00630-LHK (PSG)

**Apple's Confidential Information**

4.   Apple's Opposition to Samsung's Motion to Exclude as well as certain exhibits to the McCracken Declaration contain Apple's highly sensitive and non-public information and should remain under seal.  The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public information.

5.   As explained in Apple's previously-filed declarations concerning this same information, these documents include information related to Apple's confidential capacity information, confidential technical information including source code, and the confidential terms of Apple's license agreements.  *See, e.g.,* Buckley Declaration, D.I. 442; Buckley Declaration, D.I. 685; Buckley Declaration, Case No. 11-cv-1846, D.I. 1416; Teksler Declaration, D.I. 442; Kellerman Declaration, Case No. 11-cv-01846, D.I. 1504; Bean Declaration, Case No. 11-cv-1846, D.I. 1502; Tierney Declaration, Case No. 11-cv-1846, D.I. 2250.

6.   Each of these types of confidential information is highly confidential, with the potential harm to Apple from publicizing the information outweighing the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).

**Apple's Confidential Capacity Information**

7.   The Federal Circuit held that the Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10.  As explained in the previously-filed declarations of, for example, Jim Bean, dated July 30, 2012, filed as D.I. 1502 in Case No. 11-cv-1846, and of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in Case No. 11-cv-01846 (the "1846 case"), Apple strictly maintains the confidentiality of the financial information

1    at issue in Exhibits A-9 and A-10 to the McCracken Declaration.  Moreover, as Mr. Buckley

2    detailed at length in his declarations, disclosure of Apple's highly sensitive financial information

3    – and particularly the information about Apple's manufacturing capacity and profit margins

4    contained in Exhibits A-9 and A-10 to the McCracken Declaration, which is far more detailed

5    and extensive than the information that is disclosed in practice by Apple's competitors – would

6    cause Apple severe harm.  Virtually all of this confidential information relates to products in

7    lines of products that Apple continues to sell.  Disclosure of this information would thus provide

8    far more insight into Apple's operations and finances than Apple has previously disclosed to the

9    public – or is disclosed in practice by other companies in Apple's industry, and particularly

10   Apple's competitors.  As just one example, and as Mr. Buckley explained, if competitors gained

11   access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has

12   excess capacity, and could alter their production timing accordingly.  *See, e.g.,* July 27, 2012

13   Declaration, Case No. 11-cv-01846, D.I. 1416 at 1-2.  Similarly, gaining insight into Apple's

14   profit margins and other highly sensitive confidential information could permit Apple's

15   competitors and suppliers to identify where and how Apple is vulnerable to cost and price

16   increases.  This information would give Apple's competitors and suppliers an unfair advantage,

17   including giving them an asymmetric advantage in negotiations with Apple as well as in terms of

18   determining future business strategies for product roll-outs in the market.  This capacity

19   information is sealable for the reasons described above.

20        8.    In particular, Exhibit A-9, which is excerpts of the Opening Expert Report of

21   Christopher A. Vellturo, Ph.D., contains very specific information regarding Apple's monthly

22   and quarterly manufacturing capacity as well as information that could be used to calculate

23   Apple's profit margin and other financial information.  Page 109 quantifies Apple's monthly and

24   quarterly manufacturing capacity. Page 171 contains financial information that could be used to

25   calculate Apple's profit margin and other financial information.  Apple has limited its sealing

26   request to seal to only this highly sensitive, non-public financial information, whose public

27   disclosure would, as explained above and in the declarations of Mark Buckley, cause Apple

28

Gibson, Dunn &
Crutcher LLP

1    significant harm because it would at least give Apple's competitors and suppliers valuable

2    insight into Apple's specific financial and business operations regarding products in a line of

3    products that are currently available.  In addition, and as explained in further detail below, this

4    exhibit also contains Apple and third party confidential licensing information (relating to HTC)

5    as well as Samsung confidential information as described below.

6          9.   Exhibit A-10, which is excerpts of the September 25, 2013 Deposition of Christopher

7    A. Vellturo, Ph.D., also contains detailed information regarding Apple's manufacturing capacity

8    at pages 119-22.  As with Exhibit A-9, Apple moves to seal only the limited portions of Exhibit

9    A-10 that contain this highly sensitive Apple financial information, whose disclosure would

10   cause significant harm to Apple as detailed above and in the declarations of Mark Buckley.  For

11   example, as explained in, for example, Mr. Buckley's July 15, 2013 declaration, the public

12   revelation of information that could be used to determine Apple's profit margins would give

13   Apple's competitors and suppliers with an asymmetric advantage and the unfair ability to

14   pinpoint where and how to undercut Apple's margins and better compete with Apple.  This

15   exhibit also contains confidential licensing information as described below.

16          **Apple's Confidential Technical Information**

17          10. Exhibits D-2 and D-3 to the McCracken Declaration contain excerpts from Apple

18   Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories

19   to Apple (No. 12) and the Report of Dan Schonfeld, Ph.D. Regarding Infringement of U.S.

20   Patent Nos. 5,579,239 and 7,577,757 ("Schonfeld Report").  The portions of pages 164-66 and

21   168-69 highlighted in yellow in Exhibit D-2 contain detailed technical information regarding the

22   components and configuration for accused Apple products, as well as source code.  The same is

23   true for the portion of page 955 highlighted in yellow in Exhibit D-3.  Exhibits D-2 and D-3

24   contain proprietary Apple information, and the public disclosure of this information would be

25   harmful to Apple for the reasons stated in the Declaration of Beth Kellermann in Support of

26   Apple's Motion to Seal Trial Exhibits, Case No. 11-cv-01846, D.I. 1504 at 3 (Dkt. No. 1504 at

27   3) (supporting sealing schematics showing the configuration of Apple's products because

28

Gibson, Dunn &
Crutcher LLP

1  detailed information of this kind constitutes trade secret information)). The Court has previously

2  granted Apple's request to seal source code and product schematics that contain a similar level of

3  detail regarding the accused Apple products. See, e.g., *Apple Inc. v. Samsung Electronics Co.,*

4  *Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to

5  seal source code and schematics related to the Apple iBook and iSight) (citing *Agency*

6  *Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011))

7  (granting Apple's request to seal trial exhibits containing highly confidential source code)).

8  Apple has not included this information in its motion because it is not necessary for the motion.

9  For this reason, the public interest in this information is low.

10  **Apple's (and Third Parties') Confidential Licensing Information**

11       11. This Court previously permitted licensing information to be filed under seal on the

12  grounds that such information, and particularly "pricing terms, royalty rates, and guaranteed

13  minimum payment terms" of license agreements falls within the definition of "trade secrets."

14  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9,

15  2012 N.D. Cal.) (D.I. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th

16  Cir. 2008)).  Apple would be subjected to significant "harm . . . if the financial and licensing

17  information at issue lost its confidential status." *Apple, Inc. v. Samsung Electronics Co., Ltd.*,

18  Case No. 11-CV-01846, D.I. 2397 at 2-3 (sealing licensing-related information of Apple,

19  Samsung, and third party InterDigital); *see also* Case No. 11-cv-1846, D.I. 2192 (Dec. 11, 2012).

20  As Apple's Director of Patent Licensing and Strategy explained in his April 8, 2013 declaration,

21  Apple's license agreements are subject to strict confidentiality provisions and that the revelation

22  of the terms of the agreements would give companies an unfair negotiating advantage over

23  Apple. *See* D.I. 442-4 at ¶¶ 2-4.  The portions of documents referencing the terms of licensing

24  agreements Apple seeks to seal here constitute the same information the Court has previously

25  sealed.

26       12. The portions of the following documents that are highlighted in yellow contain highly

27  sensitive, non-public information regarding confidential license agreement terms and

28

Gibson, Dunn &
Crutcher LLP

1    negotiations.  The public disclosure of this information would cause significant harm and

2    competitive risk to Apple as well as to Apple's licensing partners – HTC Corporation ("HTC"),

3    in this circumstance – at least because it would provide third parties with an unfair advantage in

4    future negotiations with Apple and Apple's licensing partners in the future.

5          13. I note that I am aware that HTC, whose information is implicated in these documents,

6    also may seek to seal this information, as it previously has done.  *See, e.g.,* D.I. 839; Case No.

7    11-cv-1846, D.I. 2186.

8          14. Apple's Opposition to Samsung's Motion to Exclude contains highly confidential

9    information relating to Apple's license agreements.  These portions of Apple's Opposition to

10   Samsung's Motion to Exclude, at page 16, have been highlighted in yellow and should remain

11   under seal.

12         15. Exhibit A-9, which is excerpts of the Opening Expert Report of Christopher A.

13   Vellturo, Ph.D.  Pages 177-179 contain non-public information regarding the terms of Apple's

14   licenses.  This information consists of pricing, royalty rates, and other terms the revelation of

15   which would harm Apple's negotiation position.  The information regarding these licenses has

16   been sealed by the Court when the license agreement itself was filed with the Court, and its

17   public disclosure would cause Apple and Apple's licensing partner, HTC, significant harm and

18   competitive risk, as explained in Apple's and HTC's previously-filed declarations.  *See, e.g.,* D.I.

19   442; D.I. 839.

20         16.  Exhibit A-10, which is excerpts of the September 25, 2013 Deposition of Christopher

21   A. Vellturo, Ph.D., contains similarly sensitive and non-public licensing information.  In

22   particular, pages 182-185 contain non-public information regarding the terms of Apple's

23   licenses.  This information consists of royalty rates and negotiation efforts the revelation of

24   which would harm Apple's negotiation position.  The information regarding these licenses has

25   been sealed by the Court when the license agreement itself was filed with the Court, and the

26   disclosure of this information would as well cause Apple and its licensing partners significant

27

28

Gibson, Dunn &
Crutcher LLP

1    harm and competitive risk, as explained in Apple's previously-filed declarations. *See, e.g.,* D.I.

2    442; Tierney Declaration, Case No. 11-cv-1846, D.I. 2250.

3           17. Additionally, I am aware that information related to licensing negotiations between

4    Apple and Samsung has been designated confidential by Samsung as well.

5    **Samsung's Confidential Information**

6           18. In addition to the aforementioned information that Apple requests be filed under seal,

7    Apple further seeks to file under seal certain materials and information that have been designated

8    as highly confidential by Samsung and Google.

9           19. Apple's Opposition to Samsung's Motion to Exclude references documents or

10   testimony designated as highly confidential by Samsung or believed to contain Samsung's highly

11   confidential information. These portions of Apple's Opposition to Samsung's Motion to Exclude

12   have been highlighted in grey.

13          20. Exhibit A-3 to the McCracken Declaration constitutes excerpts of the Rebuttal Expert

14   Report of David Reibstein, which contain information that has been designated highly

15   confidential by Samsung.

16          21. Exhibit A-4 to the McCracken Declaration consists of excerpts of the September 27,

17   2013 deposition of David Reibstein, which contain information that has been designated highly

18   confidential by Samsung.

19          22. Exhibit A-5 to the McCracken Declaration consists of excerpts of the October 3, 2013

20   deposition of Judith Chevalier, which contain information that has been designated highly

21   confidential by Samsung.

22          23. Exhibit A-6 to the McCracken Declaration consists of excerpts of the September 25,

23   2013 deposition of Alex Snoeren, which contain information that has been designated highly

24   confidential by Samsung.

25          24. Exhibit A-7 to the McCracken Declaration consists of excerpts of the September 26,

26   2013 deposition of Andrew Cockburn, which contain information that has been designated

27   highly confidential by Samsung.

28

Gibson, Dunn &
Crutcher LLP

BEKIER DECL. IN SUPPORT OF APPLE'S MOTION TO FILE OPPOSITION
TO SAMSUNG'S MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)

1    25. Exhibit A-8 to the McCracken Declaration consists of excerpts of the September 19,

2    2013 deposition of Todd Mowry, which contain information that has been designated highly

3    confidential by Samsung.

4    26.  Exhibit A-9 to the McCracken Declaration consists of excerpts of the Opening

5    Expert Report of Christopher A. Vellturo, Ph.D., and contains information that has been

6    designated highly confidential, including the entirety of Exhibit 11 to the Opening Report.

7    Apple seeks only to maintain the portion of Exhibit A-9 that has been highlighted in yellow

8    under seal.  The remainder is filed under seal because contains information that has been

9    designated highly confidential by Samsung.

10    27. Exhibit A-10 to the McCracken Declaration consists of excerpts of the Deposition of

11    Christopher A. Vellturo, Ph.D.  Apple supports sealing of the portion of Exhibit A-10 that has

12    been highlighted in yellow. The remainder has been filed under seal because it contains

13    information that has been designated highly confidential by Samsung.

14    28. Exhibit A-11 to the McCracken Declaration contains excerpts of the October 1, 2013

15    deposition of Jeffrey Chase, which contain information that has been designated highly

16    confidential by Samsung and Google.

17    29. Exhibit B-1 to the McCracken Declaration consists of excerpts of the Initial Expert

18    Report of Dr. Todd C. Mowry Regarding Infringement of U.S. Patent No. 5,946,647, which

19    contain information that has been designated highly confidential by Samsung and Google.

20    30. Exhibit C-3 to the McCracken Declaration consists of excerpts of the Expert Report

21    of Jeffrey Chase, Ph.D Regarding the Invalidity of the Asserted Claims of U.S. Patent No.

22    7,761,414, which contain information that has been designated highly confidential by Samsung.

23    31. Exhibit D-1 to the McCracken Declaration contains excerpts of the Expert Report of

24    Kenneth A. Parulski Regarding Infringement of U.S. Patent No. 6,226,449, which contain

25    information that has been designated highly confidential by Samsung.

26    32. Exhibit D-3 to the McCracken Declaration consists of excerpts of the Schonfeld

27    Report, which have been designated highly confidential by Samsung. Apple seeks only to

28

Gibson, Dunn &
Crutcher LLP

1  maintain the portion of Exhibit D-3 that has been highlighted in yellow as confidential.  The

2  remainder of the document has been filed under seal because it contains information that has

3  been designated highly confidential by Samsung.

4  **Meet and Confer**

5        33. Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's

6  counsel regarding this motion. Samsung does not oppose Apple's Administrative Motion to File

7  Documents Under Seal (Apple's Opposition to Samsung's Motion to Exclude Opinions of

8  Certain of Apple's Experts) as a procedural mechanism for filing portions of Apple's Opposition

9  to Samsung's Motion to Exclude and supporting documents under seal. Samsung reserves the

10  right to challenge any proposed redactions to the extent it believes those redactions improperly

11  seal non-confidential information.

12

13        I declare under the penalty of perjury under the laws of the United States of America that

14  the forgoing is true and correct to the best of my knowledge.

15

16  Dated: November 1, 2013

17                                            _/s/ Jordan Bekier_____
                                              Jordan Bekier
18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Jordan Bekier has concurred in this filing.

Dated: November 1, 2013

/s/ *H. Mark Lyon*_____

H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 1, 2013                /s/ *H. Mark Lyon*

Gibson, Dunn & Crutcher LLP

BEKIER DECL. IN SUPPORT OF APPLE'S MOTION TO FILE OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE EXPERT TESTIMONY UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)