# EXHIBIT B-2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>  v.<br><br>APPLE INC., a California corporation,<br>    Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**REBUTTAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND AND QUALIFICATIONS ................................................................. 1

III. MATERIALS REVIEWED ............................................................................................ 1

IV. SUMMARY OF OPINIONS .......................................................................................... 2

V. LEGAL PRINCIPLES .................................................................................................... 2

    A. Presumption of Validity ..................................................................................... 2

    B. Priority Date ....................................................................................................... 3

    C. Prior Art ............................................................................................................. 3

    D. Anticipation ........................................................................................................ 4

    E. Obviousness ....................................................................................................... 4

    F. Indefiniteness ..................................................................................................... 5

    G. Conception and Reduction to Practice ............................................................... 5

VI. PERSON OF ORDINARY SKILL IN THE ART ......................................................... 6

VII. FURTHER BACKGROUND OF THE '647 PATENT AND RELATED TECHNOLOGY ............................................................................................................. 8

    A. The '647 patent .................................................................................................. 8

    B. '647 Patent Prosecution History ......................................................................... 9

    C. Technology Background .................................................................................. 11

VIII. CLAIM ANALYSIS ..................................................................................................... 26

    A. Disputed '647 Patent Terms and Constructions .............................................. 27

    B. Claim 6 Is Not Indefinite ................................................................................. 33

IX. CONCEPTION AND REDUCTION TO PRACTICE OF THE '647 PATENT .................... 33

X. THE '647 PATENT CLAIMS ARE NOT ANTICIPATED BY THE PRIOR ART ............. 44

    A. Introduction ...................................................................................................... 44

    B. Case Narrowing ............................................................................................... 45

REBUTTAL EXPERT REPORT OF TODD C.  
MOWRY REGARDING VALIDITY OF U.S.  
PATENT NO. 5,946,647                                              i

HIGHLY CONFIDENTIAL  
ATTORNEYS' EYES ONLY

Gibson, Dunn &  
Crutcher LLP

| | | | |
|---|---|---|---|
| | C. | Sidekick & Sidekick Owner's Manual | 46 |
| | | 1. Claim 1: "A computer-based system for detecting structures in data and performing actions on detected structures:" | 48 |
| | | 2. "an input device for receiving data; an output device for presenting the data; a memory storing information including program routines including;" | 52 |
| | | 3. "an analyzer server for detecting structures in the data, and for linking actions to the detected structures;" | 52 |
| | | 4. "a user interface enabling the selection of a detected structure and a linked action; and;" | 55 |
| | | 5. "an action processor for performing the selected action linked to the selected structure; and;" | 57 |
| | | 6. "a processing unit coupled to the input device, the output device, and the memory for controlling the execution of the program routines." | 58 |
| | | 7. Claim 4: "The system recited in claim 1, wherein the analyzer server includes grammars and a parser for detecting structures in data." | 58 |
| | | 8. Claim 6: "The system recited in claim 1, wherein the analyzer server includes a string library and a fast string search function for detecting string structures in the data." | 59 |
| | | 9. Claim 8: "The system recited in claim 1, wherein the user interface highlights detected structures." | 60 |
| | | 10. Claim 9: "The system recited in claim 1, wherein the user interface enables selection of an action by causing the output device to display a pop-up menu of the linked actions." | 60 |
| | D. | Mosaic Web Browser/MHonArc System | 60 |
| | | 1. Overview of Mosaic | 60 |
| | | 2. Overview of Hypertext Markup Language Applications such as the Mosaic Web browser | 62 |
| | | 3. The MHonArc/Mosaic system Does Not Anticipate Claim 1 of the '647 patent | 65 |
| | | 4. Claim 4: "The system recited in claim 1, wherein the analyzer server includes grammars and a parser for detecting structures in data." | 75 |
| | | 5. Claim 6: "The system recited in claim 1, wherein the analyzer server includes a string library and a fast string search function for detecting string structures in the data." | 75 |
| | | 6. Claim 8: The system recited in Claim 1, wherein the user interface | |

|   |   |   | |
|---|---|---|---|
| | | highlights detected structures. | 75 |
| | 7. | Claim 9: "The system recited in claim 1, wherein the user interface enables selection of an action by causing the output device to display a pop-up menu of the linked actions." | 76 |
| E. | | Perspective Software | 76 |
| | 1. | Overview of Perspective | 76 |
| | 2. | Claim 1 | 78 |
| | 3. | Claim 4: "The system recited in claim 1, wherein the analyzer server includes grammars and a parser for detecting structures in data." | 97 |
| | 4. | Claim 6: "The system recited in claim 1, wherein the analyzer server includes a string library and a fast string search function for detecting string structures in the data." | 97 |
| | 5. | Claim 8: The system recited in Claim 1, wherein the user interface highlights detected structures. | 97 |
| | 6. | Claim 9: "The system recited in claim 1, wherein the user interface enables selection of an action by causing the output device to display a pop-up menu of the linked actions." | 97 |
| F. | | Embedded Buttons | 97 |
| | 1. | Overview of Embedded Buttons | 97 |
| | 2. | Claim 1: "A computer-based system for detecting structures in data and performing actions on detected structures:" | 105 |
| | 3. | "a user interface enabling the selection of a detected structure and a linked action; and;" | 108 |
| | 4. | "an action processor for performing the selected action linked to the selected structure; and;" | 108 |
| | 5. | "a processing unit coupled to the input device, the output device, and the memory for controlling the execution of the program routines." | 109 |
| | 6. | Claim 4: "The system recited in claim 1, wherein the analyzer server includes grammars and a parser for detecting structures in data." | 109 |
| | 7. | Claim 6: "The system recited in claim 1, wherein the analyzer server includes a string library and a fast string search function for detecting string structures in the data." | 109 |
| | 8. | Claim 8: "The system recited in claim 1, wherein the user interface highlights detected structures." | 110 |
| | 9. | Claim 9: "The system recited in claim 1, wherein the user interface |

REBUTTAL EXPERT REPORT OF TODD C.  
MOWRY REGARDING VALIDITY OF U.S.  
PATENT NO. 5,946,647

HIGHLY CONFIDENTIAL  
ATTORNEYS' EYES ONLY

iii

Gibson, Dunn &  
Crutcher LLP

enables selection of an action by causing the output device to display a pop-up menu of the linked actions." ............................................................. 110

XI. THE SUBJECT MATTER OF THE '647 PATENT CLAIMS WOULD NOT HAVE BEEN OBVIOUS. ................................................................................................ 110

    A. Introduction .................................................................................................. 110

    B. The Scope and Content of the Prior Art ....................................................... 111

    C. Differences Between the Prior Art and the Claims at Issue .......................... 117

        1. Sidekick combined with "the knowledge of a person of ordinary skill in the art ................................................................................................. 117

        2. Embedded Buttons System combined with "the knowledge of a person of ordinary skill in the art ............................................................. 119

        3. MHonArc System/Mosaic System combined with "the knowledge of a person of ordinary skill in the art ................................................... 120

        4. Perspective System combined with "the knowledge of a person of ordinary skill in the art ............................................................................. 121

        5. Sidekick combined with Grune, Salton, and HIG ......................................... 123

        6. U.S. Patent No. 5,437,036 ("Stamps") combined with Larry Koved & Ben Shneiderman, Embedded Menus: Selecting Items in Context ("Koved") ........................................................................................... 125

    D. Level of Ordinary Skill in the Art ................................................................. 134

    E. Objective Indicia of Non-Obviousness ......................................................... 135

        1. Commercial Success ..................................................................................... 135

        2. Copying ......................................................................................................... 137

        3. Praise and Recognition of Others ................................................................. 140

        4. Long-Felt but Unresolved Need .................................................................... 143

        5. No Acceptable Non-Infringing Alternatives ................................................. 144

        6. No Simultaneous Invention ........................................................................... 144

XII. REEXAMINATION OF THE '647 PATENT ...................................................... 145

    A. December 10, 2010 Non-Final Office Action .............................................. 146

    B. February 10, 2011 Response to Non-Final Office Action ........................... 146

    C. June 27, 2011 Non-Final Office Action ....................................................... 149

D. August 11, 2011 Examiner Interview .......................................................................... 149

E. August 29, 2011 Response to Office Action............................................................. 149

F. December 16, 2011 Final Office Action ................................................................... 151

G. February 16, 2012 Response to Office Action......................................................... 153

H. June 20, 2013 Board of Patent Appeals Decision .................................................... 154

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647                    v                              HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Gibson, Dunn & Crutcher LLP

147. Second, as Dr. Jeffay notes, Judge Posner construed "linking actions to the detected structures" to mean "creating a specified connection between each detected structure and at least one computer subroutine that causes the CPU to perform a sequence of operations on that detected structure." Jeffay Report, ¶¶ 326, 364. However, Dr. Jeffay fails to mention that in his claim construction order, Judge Posner expressly acknowledged that the patent refers to "structures" and "actions" in the plural sense. *See* March 9, 2012 Order at 10-11 ("the ability to link a structure to a single action still comports with the patent's plural reference, so long as other structures are linked to other actions. An analyzer that links dates to the calendar and phone numbers to the phone book still 'links structures to actions.'")). Dr. Jeffay's opinion that detecting only phone numbers satisfies the asserted claims contradicts Judge Posner's caution that "the ability to link a structure to a single action still comports with the patent's plural reference, *so long as other structures are linked to other actions*. An analyzer that links dates to the calendar and phone numbers to the phone book still 'links structures to actions.'" March 9, 2012 Order, at 10-11 (emphasis added). Because the Sidekick Dialer can identify only a single type of structure and allow only a single operation to be performed on that structure, the system requires no "linking" or "specific connection" between different structures and actions. The Sidekick system must logically detect **multiple types of structures** in data and link those structures to actions in order to anticipate the '647 patent. But as is evident from the Sidekick Handbook, Sidekick is able to recognize *only a single type of structure*, and has available only a single function related to all instances of that structure type that it detects.

148. This is yet another reason that systems such as Sidekick are specifically discussed in the '647 Patent as background art over which the patent invented. As the patent describes, these systems "do not enable the performance of other candidate actions such as moving the [phone] number to an electronic telephone book. That is, if a user wishes to perform a different action on an identified telephone number, such as storing the number in an address book, the user cannot automatically perform the action but must select and transfer the number to the appropriate data base." '647 Patent at 1:52-65. One of the many reasons the '647 Patent was novel was that it enabled the linking and performance of multiple actions for different data structures, which Sidekick does not do.

REBUTTAL EXPERT REPORT OF TODD C. MOWRY REGARDING VALIDITY OF U.S. PATENT NO. 5,946,647 — 54 — HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Gibson, Dunn & Crutcher LLP

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/13/13

_____
Todd C. Mowry

REBUTTAL EXPERT REPORT OF TODD C.
MOWRY REGARDING VALIDITY OF U.S.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Gibson, Dunn &