# EXHIBIT C-1

Highly Confidential - Attorneys' Eyes Only

Page 1

1         UNITED STATES DISTRICT COURT
2         NORTHERN DISTRICT OF CALIFORNIA
3              SAN JOSE DIVISION
4
5  APPLE INC., a California corporation,
6
              Plaintiff,
7
   vs.                         CASE NO.   11-cv-00630-LHK
8
   SAMSUNG ELECTRONICS CO.,
9  LTD., a Korean business
   entity; SAMSUNG ELECTRONICS
10 AMERICA,INC., a New York
   corporation; SAMSUNG
11 TELECOMMUNICATIONS AMERICA,
   LLC, a Delaware limited
12 liability company,
13            Defendants.
   _____/
14
15
16      H I G H L Y   C O N F I D E N T I A L
17        A T T O R N E Y S'   E Y E S   O N L Y
18
19    VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
20             PALO ALTO, CALIFORNIA
21           WEDNESDAY, JANUARY 16, 2013
22
23 BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24 CSR LICENSE NO. 9830
25 JOB NO. 56774

Highly Confidential - Attorneys' Eyes Only

Page 2

1    WEDNESDAY, JANUARY 16, 2013
2         1:13 p.m.
3
4
5
6    VIDEOTAPED DEPOSITION OF GORDON FREEDMAN,
7    taken at Gibson, Dunn & Crutcher LLP,
8    1881 Page Mill Road, Palo Alto, CA,
9    Pursuant to Notice, before me,
10   ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,
11   CSR License No. 9830.
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 3

1    APPEARANCES:
2
3        FOR APPLE INC.:
4        Gibson, Dunn & Crutcher
5        By:  Brian M. Buroker Esq.
6            Joshua Furman Esq.
7        1050 Connecticut Avenue, N.W.
8        Washington, DC  20036
9
10
11
12
13       FOR SAMSUNG ELECTRONICS CO. LTD:
14       Quinn Emanuel Urquhart & Sullivan
15       By:  Patrick D. Curran Esq.
16           JARED W. NEWTON, Esq.
17       51 Madison Avenue
18       New York, NY  10010
19
20
21
22       ALSO PRESENT:  Aric Kerhoulas, Videographer
23                      Erica Tierney, Apple, Inc.
24
                        ---oOo---
25

Page 4

1         PALO ALTO, CALIFORNIA
2         WEDNESDAY, JANUARY 16, 2013
3              1:13 P.M.
4
5
6
7         THE VIDEOGRAPHER:  Good afternoon.  This
8    marks the beginning of tape 1 of the videotaped
9    deposition of Gordon Freedman.  In the matter Apple
10   Incorporated versus Samsung Electronics Company
11   Limited.  Case No. 12-CV-00630-LHK.
12        This deposition is being held at Gibson Dunn
13   at 1881 Page Mill Road in Palo Alto, California.  The
14   date today is January 16th, 2013.  The time is
15   approximately 1:14 p.m.
16        My name is Aric Kerhoulas from TSG Reporting,
17   Incorporated.  Our court reporter today is Andrea
18   Ignacio in association with TSG.
19        Will counsel please introduce yourselves,
20   starting with the questioning attorney.
21        MR. CURRAN:  Patrick Curran, Quinn Emanuel
22   Urquhart & Sullivan, for Samsung.
23        MR. NEWTON:  Jared Newton from Quinn Emanuel,
24   also on behalf of Samsung.
25        MR. BUROKER:  Brian Buroker, Gibson Dunn, on

Page 5

1    behalf of Apple, and with me Joshua Furman, also from
2    Gibson Dunn, and in-house counsel Erica Tierney.
3         And just for the record, there's another
4    gentleman in the room.  May he announce his presence.
5         MR. CURRAN:  Frank Jackson.
6         MR. BUROKER:  Thank you.
7         THE VIDEOGRAPHER:  The court reporter will
8    please swear in the witness, and we can proceed.
9
10           GORDAN FREEDMAN,
11       having been sworn as a witness
12       by the Certified Shorthand Reporter,
13            testified as follows:
14
15        THE VIDEOGRAPHER:  You may proceed.
16
17           EXAMINATION BY MR. CURRAN
18        MR. CURRAN:  Good afternoon, Mr. Freedman.
19   Q   Can you state your full name for the record.
20   A   Gordon Freedman.
21   Q   And currently, what is your job title?
22   A   I'm a senior engineer at Apple.
23   Q   And in your current position, what are your
24   responsibilities at Apple?
25   A   I work on software development.

Page 78

1  your signature; do you see that?
2    A  Yes.
3    Q  When applying for the '414 patent, you signed
4  this declaration that was submitted to the Patent and
5  Trademark Office; correct?
6    A  Yes.
7    Q  This declaration says on the page ending
8  control No. '81:
9       "I hereby state that I have reviewed and
10 understand the contents of the above-identified
11 specification, including the claims, as amended by any
12 amendment specifically referred to above."
13      Do you see that?
14   A  Yes.
15   Q  If you'll turn to the next page.
16      Above your signature, it says:
17      "I hereby declare that all statements made
18 herein of my own knowledge are true, and that all
19 statements made on information and belief are believed
20 to be true.  And further, that these statements were
21 made with the knowledge that willful false statements
22 and the like so made are punishable by fine or
23 imprisonment or both under 18 U.S.C. 1001, and that
24 such willful false statements may jeopardize the
25 validity of the application or any patent issued

Page 79

1  thereon."
2       Do you see that?
3    A  Yes.
4    Q  Sir, when you were applying for the
5  '414 patent, you signed a declaration under penalty of
6  perjury saying that you have reviewed and understood
7  the contents of your patent application, including the
8  claims; correct?
9    A  Yes.
10   Q  And that statement was true when you signed
11 your declaration; correct?
12   A  Yes.
13   Q  At the time you signed this declaration, you
14 understood the contents of your application included
15 the claims; true?
16   A  Yes.
17   Q  And you're named as an inventor on this
18 patent; correct?
19   A  Yes.
20   Q  And in your application to the patent office,
21 you identified yourself as the sole inventor of the
22 '414 patent; correct?
23   A  Yes.
24   Q  Do you consider yourself an inventor of the
25 '414 -- of the subject matter discussed in the

Page 80

1  '414 patent?
2    A  Yes.
3    Q  So what is it that you invented in the
4  '414 patent?
5       MR. BUROKER:  Objection; vague.
6       But you can answer.
7       THE WITNESS:  I invented what the patent
8  claims.
9       MR. CURRAN:  Q.  And what's your
10 understanding of what the patent claims?
11   A  Starting in column 32, line 55, it describes
12 what is claimed.  I could read that, as I think that's
13 the best way to state that information.
14   Q  I'd like to get your understanding, sir, of
15 what the claims mean, your understanding of -- of the
16 claims, not just reading out loud what the document
17 says.
18      So let's start with your understanding of a
19 machine-implemented method; do you see that phrase in
20 Claim 1?
21   A  Yes.
22   Q  What's your understanding of a
23 machine-implemented method?
24   A  That is something which is implemented such
25 that it is embodied on a machine.

Page 81

1    Q  Take a step back.
2       In your mind, sir, what does it mean to be an
3  inventor of a patent?
4    A  An inventor?
5    Q  Yes, sir.
6    A  That you have conceived of the ideas.
7    Q  Do those ideas have to be new?
8       MR. BUROKER:  Objection; calls for a legal
9  conclusion.
10      THE WITNESS:  I don't know.
11      MR. CURRAN:  Q.  So, in considering yourself
12 an inventor of the '414 patent, you're not sure that
13 any of your ideas were new in that patent; correct?
14   A  Can you clarify, given the broad number of
15 things that may exist in the world?
16   Q  Do you believe that you invented something
17 new or novel in the '414 patent?
18   A  Yes.
19   Q  What is that?
20   A  The mechanisms of synchronizing data between
21 the iPhone and the computer.
22   Q  Can you summarize how those mechanisms of
23 synchronizing data between the iPhone and the computer
24 worked.
25      MR. BUROKER:  Objection; vague.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 138

```
 1            UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN JOSE DIVISION
 4
 5   APPLE INC., a California
     corporation,
 6
                   Plaintiff,
 7
     vs.                        CASE NO.  11-cv-00630-LHK
 8
     SAMSUNG ELECTRONICS CO.,
 9   LTD., a Korean business
     entity; SAMSUNG ELECTRONICS
10   AMERICA,INC., a New York
     corporation; SAMSUNG
11   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited
12   liability company,
13                 Defendants.
     _____/
14
15
             H I G H L Y   C O N F I D E N T I A L
16
              A T T O R N E Y S'  E Y E S  O N L Y
17
18
          VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
19
                VOLUME II PAGES 138 - 197
20
                  PALO ALTO, CALIFORNIA
21
                THURSDAY, JANUARY 17, 2013
22
     JOB NO. 56775
23
     BY:  ANDREA M. IGNACIO HOWARD, CSR, RPR, CCRR, CLR
24
     CSR LICENSE NO. 9830
25
```

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 139

1 THURSDAY, JANUARY 17, 2013
2      1:11 p.m.
3
4
5
6 VIDEOTAPED DEPOSITION OF GORDON FREEDMAN,
7 taken at GIBSON DUNN & CRUTCHER LLP,
8 1881 Page Mill Road, Palo Alto, California,
9 Pursuant to Notice, before me,
10 ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,
11 CSR License No. 9830.

Page 140

1 APPEARANCES:
2
3   FOR APPLE INC.:
4   GIBSON DUNN & CRUTCHER
5   By: BRIAN M. BUROKER, Esq.
6   1050 Connecticut Avenue, N.W.
7   Washington, D.C. 20036-5306
8
9
10
11
12   FOR SAMSUNG ELECTRONICS CO. LTD:
13   QUINN EMANUEL URQUHART & SULLIVAN
14   By: PATRICK D. CURRAN, Esq.
15       JARED W. NEWTON, Esq. (Washington, D.C.)
16   51 Madison Avenue
17   New York, New York 10010
18
19
20
21   ALSO PRESENT: Aric Kerhoulas, Videographer
22                 Cyndi Wheeler, Apple, Inc.
23
             ---oOo---

Page 141

1         PALO ALTO, CALIFORNIA
2         THURSDAY, JANUARY 17, 2013
3              1:11 P.M.
4
5
6
7     THE VIDEOGRAPHER: Good afternoon. This
8 marks the beginning of Tape 1, Volume II, in the
9 continuation of the deposition of Gordon Freedman.
10     In the case captioned Apple Incorporated
11 versus Samsung Electronics Company. Case
12 No. 12-CV-00630-LHK.
13     We are once again located at 1881 Page Mill
14 Road in Palo Alto, California. The date today is
15 January 17, 2013.
16     Will counsel please identify themselves for
17 the record, starting with the questioning attorney.
18     MR. CURRAN: Patrick Curran, Quinn Emanuel
19 Urquhart & Sullivan, for Samsung.
20     MR. NEWTON: Jared Newton from Quinn Emanuel
21 for Samsung.
22     MR. BUROKER: Brian Buroker, Gibson Dunn, for
23 Apple. And Cyndi Wheeler, in-house counsel for Apple,
24 will be joining us.
25     THE VIDEOGRAPHER: The time is 1:11 p.m.

Page 142

1     We are on the record.
2
3     FURTHER EXAMINATION BY MR. CURRAN
4     MR. CURRAN: Good afternoon, Mr. Freedman.
5  Q  Do you know you're still under oath here
6 today?
7  A  Yes.
8  Q  Since we left the deposition yesterday, have
9 you spoken to anyone about the subject matter of your
10 deposition?
11  A  No.
12  Q  Since we left the deposition yesterday, did
13 you meet with your lawyers?
14     MR. BUROKER: You can answer that yes or no.
15     THE WITNESS: Yes.
16     MR. CURRAN: Q. And when did that happen?
17  A  Right after the deposition.
18  Q  So yesterday you spoke to your lawyers just
19 after the deposition?
20  A  Yes.
21  Q  For how long?
22  A  I'm not sure.
23  Q  And did you speak to your lawyers again
24 today?
25  A  Just to say hello when I came in.

Page 187

1  quick subject line.
2     Q  You think there was anything wrong with
3  looking at Android devices or evaluating Android
4  ideas?
5     A  Do I think there was anything wrong with
6  doing that?
7     Q  As an Apple employee, do you believe there
8  was anything wrong with evaluating Android phones in
9  2008?
10    A  I don't know.
11       MR. BUROKER:  Objection; hypothetical; calls
12 for speculation.
13       MR. CURRAN:  Q.  Do you believe one way or
14 the other there's anything wrong with you evaluating
15 Android ideas in 2008?
16       MR. BUROKER:  Same objection.
17       THE WITNESS:  I don't know.
18       MR. CURRAN:  Q.  Since 2008, do you know
19 whether Apple has implemented any of the ideas you
20 identified as "Good Android ideas"?
21    A  These are extremely vague.  I don't know what
22 they even mean.
23    Q  Mr. Freedman, you're saying you don't know
24 what you meant when you identified "drag down status
25 bar to see stuff" as a good Android idea?

Page 188

1     A  That is correct.
2     Q  Do you know what you meant when you
3  identified these ideas as "Good Android ideas" in
4  May 2008?
5     A  No; it could have meant anything.
6     Q  You have no recollection of what you were
7  doing that led you to write this e-mail to yourself in
8  May 2008 entitled "Good Android ideas"?
9     A  I don't remember specifics.  I was probably
10 thinking of ideas and sent them to myself.
11    Q  And you would agree that you found these
12 ideas in the Android operating system; true?
13    A  I would not agree.
14    Q  Why is that?
15    A  I don't know where I found them.
16    Q  And you're not sure if you were using an
17 Android device in May of 2008?
18    A  I don't recall.
19    Q  So, Mr. Freedman, we would like to ask you
20 questions about source code today, but we have not yet
21 received a full production of Apple source code.
22       There are a number of software releases and
23 programs that are missing from Apple's software
24 production, and we have received recently about
25 1.5 million new source code files the day before your

Page 189

1  deposition.  We haven't had a chance to look at those.
2        So we're going to be holding your deposition
3  open until after we have an opportunity to review
4  those so we can ask you questions about relevant
5  source code in this case.
6        But, for today, those are all of my questions
7  today.  So thank you very much.
8        MR. BUROKER:  And just for the record, we
9  object to the holding of the deposition open.  We
10 think that all of the relevant code was produced, but
11 we'll deal with counsel on that issue.
12       I have a few questions for Mr. Freedman.
13
14          EXAMINATION BY MR. BUROKER
15       MR. BUROKER:  Q.  Earlier in the deposition
16 yesterday, you were asked questions about collection
17 of documents; do you recall that, sir?
18    A  Yes.
19    Q  Okay.  You are aware, sir, that documents
20 were collected from you for this litigation; is that
21 correct?
22       MR. CURRAN:  Objection; leading.
23       THE WITNESS:  Yes.
24       MR. BUROKER:  Q.  And you worked with legal
25 department at Apple to collect documents; correct?

Page 190

1        MR. CURRAN:  Same objection.
2        THE WITNESS:  Yes.
3        MR. BUROKER:  Okay.
4     Q  And you were asked some questions about
5  iTunes.  Just for clarification, have you ever worked
6  on any source code related to the iTunes product?
7        Strike that.
8        Have you ever worked on any iTunes source
9  code previously?
10    A  No.
11    Q  Sir, you were asked some questions about your
12 development of the ideas that led to the '414 patent;
13 do you remember that?
14    A  When was that?
15       MR. CURRAN:  Objection; vague.
16       MR. BUROKER:  Q.  Today, Mr. Curran asked you
17 some questions about when you first started working on
18 the project that led to the filing of the '414 patent;
19 do you recall that?
20    A  Yes.
21    Q  And you recall saying you were not sure
22 exactly when you first started working on that
23 project?
24       MR. CURRAN:  Objection; form.
25       THE WITNESS:  Yes, I remember.

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

Page 191

1  MR. BUROKER: Q. Approximately when did you
2  first -- first start working on the iPhone sync
3  project?
4  A  I believe beginning of February 2006 was when
5  it really started to come together.
6  Q  And did you continue to work on the iPhone
7  sync project starting in February 2006 through January
8  of 2007?
9  A  Yes.
10  Q  Was that your primary job responsibility
11  during that period of time?
12  A  Yes.
13  Q  And were you working on source code and
14  developing products during that period of time?
15  A  Yes.
16  MR. BUROKER: Okay. I have no further
17  questions.
18
19      FURTHER EXAMINATION BY MR. CURRAN
20  MR. CURRAN: Mr. Freedman, just a quick
21  follow-up question.
22  Q  As you sit here today, do you believe that
23  you identified, in your mind, all of the elements of
24  the '414 patent claims by February of 2006?
25  MR. BUROKER: Objection; calls for a legal

Page 192

1  conclusion.
2  THE WITNESS: I'm not sure.
3  MR. CURRAN: Q. So you are not sure, as you
4  sit here today, whether you had conceived of all of
5  the ideas in the '414 patent claims by February of
6  2006; true?
7  MR. BUROKER: Objection; calls for a legal
8  conclusion.
9  THE WITNESS: It's possible, but I'm not
10  absolutely certain.
11  MR. CURRAN: Q. And there's no additional
12  investigation that you wanted to perform on that issue
13  that you were not able to perform before your
14  testimony today; true?
15  A  Can you state that again?
16  Q  Are there any investigations that you wanted
17  to perform in order to prepare for your testimony
18  today that you were not able to conduct?
19  A  No.
20  MR. CURRAN: Thank you, Mr. Freedman.
21  MR. BUROKER: Yeah, just for clarification,
22  we marked the transcript yesterday. I want to make
23  sure that it applied to today's transcript as well.
24  Otherwise, we have no further questions. The
25  witness will want to read and sign the transcript.

Page 193

1  MR. VIDEOGRAPHER: This marks the end of
2  Tape 1 and concludes the deposition for today.
3  All tapes will be held by TSG. We're off the
4  record at 2:49.
5  (WHEREUPON, the deposition ended
6  at 2:49 p.m.)
7       ---oOo---

Page 194

1       J U R A T
2
3
4  I, GORDON FREEDMAN, do hereby certify
5  under penalty of perjury that I have read the
6  foregoing transcript of my deposition taken
7  on January 17, 2013; that I have made such
8  corrections as appear noted herein in ink,
9  initialed by me; that my testimony as
10  contained herein, as corrected, is true and
11  correct.
12
13
14  DATED this ____ day of _____, 2013,
15  at _____, California.
16
17
18
19  _____
20      SIGNATURE OF WITNESS
21
22
23
24
25

Highly Confidential - Outside Attorneys' Eyes Only  - Source Code

Page 198

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4
 5   APPLE INC., a California
     corporation,
 6
                  Plaintiff,
 7
        vs.                              Case No.
 8                                       12-cv-00630-LHK (PSG)
     SAMSUNG ELECTRONICS CO., LTD.,
 9   a Korean business entity;
     SAMSUNG ELECTRONICS AMERICA,
10   INC., a New York corporation;
     and SAMSUNG TELECOMMUNICATIONS
11   AMERICA, LLC, a Delaware
     limited liability company,
12
                  Defendants.
13   _____
14
                    HIGHLY CONFIDENTIAL
15
         OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE
16
17       VIDEOTAPED DEPOSITION OF GORDON FREEDMAN
18
19              Palo Alto, California
20             Thursday, July 25, 2013
21
22
23   Job No. 63998
24   BY:  LESLIE ROCKWOOD, RPR
25   CSR LICENSE NO. 3462
```

| | |
|---|---|
| 1 | Thursday, July 25, 2013 |
| 2 | 1:14 P.M. |

6  Videotaped deposition of GORDON FREEDMAN, held
7  at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page
8  Mill Road, Palo Alto, California, before Leslie
9  Rockwood, a Registered Professional Reporter, Certified
10 Shorthand Reporter No. 3462 for the State of California.

1  APPEARANCES:

3  FOR APPLE INC. AND THE WITNESS:
4      GIBSON DUNN & CRUTCHER
5      BY:  MICHAEL A. VALEK, ESQ.
6      2100 McKinney Avenue
7      Dallas, Texas 75201

10 FOR DEFENDANTS SAMSUNG ELECTRONICS COMPANY LTD., SAMSUNG
11 ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS
12 AMERICA, LLC:
13     QUINN EMANUEL URQUHART & SULLIVAN
14     BY:  PATRICK D. CURRAN, ESQ.
15     51 Madison Avenue
16     New York, New York 10010

19 Also Present:
20     Frank Quirarte, Videographer
21     Cyndi Wheeler, Apple Inc.
22          --oOo--

1             PALO ALTO, CALIFORNIA
2             THURSDAY, JULY 25, 2013
3                  1:14 P.M.
4                    --oOo--
5      THE VIDEOGRAPHER:  Good afternoon, Ladies and    01:12
6  Gentlemen.  This is the start of disk labeled number 1
7  in the videotaped deposition of Gordon Freedman in the
8  matter Apple Inc. vs. Samsung Electronics Company.  It's
9  being held in the United States District Court for the
10 Northern District of California, San Jose Division, Case    01:12
11 Number CV-00630-LHK.
12     This deposition is being held at 1881 Page Mill
13 Road in the offices of Gibson Dunn & Crutcher on
14 July 25, 2013, at approximately 1:14 p.m.
15     My name is Frank Quirarte from TSG Reporting,    01:12
16 Inc.  I'm the legal video specialist, here with our
17 court reporter, Leslie Rockwood, also in association
18 with TSG Reporting.
19     At this time will counsel and all present
20 please identify yourselves for the record.    01:13
21     MR. CURRAN:  Patrick Curran, Quinn Emanuel
22 Urquhart & Sullivan for Samsung.
23     MR. VALEK:  Michael Valek of Gibson Dunn for
24 the witness and Apple.  And with me also is Cyndi
25 Wheeler of Apple.    01:13

1      THE WITNESS:  Gordon Freedman from Apple.

3            GORDON FREEDMAN,
4  having been previously duly sworn, was examined
5  and testified as follows:

7             EXAMINATION
8  BY MR. CURRAN:
9      Q.  Good morning, Mr. Freedman.
10     A.  Good morning.    01:13
11     Q.  Do you understand that you're still under oath
12 here today?
13     A.  Yes.
14     MR. VALEK:  Pat, just before we begin, I want    01:13
15 to make this very clear on the record.  Mr. Freedman has
16 already been deposed, as you know.  Samsung held that
17 depo open for a limited purpose, specifically to
18 question Mr. Freedman about particular source code that
19 it claimed it did not have time to review prior to his
20 last deposition.    01:13
21     Apple has agreed to bring Mr. Freedman back for
22 the limited purpose of questioning him about that source
23 code and the conception date for the '414 patent.  And
24 per our prior correspondence, specifically our June 20th
25 email and the discussions we've had, this deposition is    01:14

Page 215

1  but maybe you could just -- I think what you're asking
2  is do I want to change any testimony from before.
3     BY MR. CURRAN:
4        Q. (Attorney nods head.)
5        A. Which you asked before.              01:29
6        Q. (Attorney nods head.)
7        A. So same answer. No.
8        Q. Can I ask you to take a look at Claim 11 of the
9  '414 patent in Exhibit 3.
10       A. Okay.                                 01:30
11       Q. Do you believe you ever had a working version
12 of the ideas that are expressed in Claim 11 of this
13 patent?
14       A. I'm not sure what you mean by a working -- I
15 had a working version. Can you just clarify?   01:31
16       Q. Sure. Did you ever create a piece of software
17 that you felt included all of the ideas in Claim 11 of
18 the patent?
19       A. Just in this claim or all the claims?
20       Q. Claim 11.                             01:31
21       A. Just Claim 11? Yes.
22       Q. What's the first piece of software that you
23 believe you ever created that had all the ideas in
24 Claim 11?
25          MR. VALEK: I'll object to the extent it calls  01:32

Page 216

1  for a legal conclusion.
2           You can answer.
3           THE WITNESS: Again, just to clarify, you're
4  limiting this to Claim 11 and not --
5     BY MR. CURRAN:                              01:32
6        Q. Yes, sir.
7        A. -- all the claims put together as a whole?
8        Q. Yes, sir.
9        A. Right, uh-huh.
10          MR. VALEK: Same objection. That it calls for  01:32
11 a legal conclusion.
12          THE WITNESS: I'm not sure.
13    BY MR. CURRAN:
14       Q. Sir, before your counsel objected, you told me
15 that yes, you believed that you had. So I want to  01:32
16 follow up on your answer saying that, yes, you do
17 believe you created software that included the ideas in
18 Claim 11.
19       A. Uh-huh.
20       Q. So when you answered my question "yes," what  01:32
21 did you have in mind as the software that you had
22 created that included all of the ideas in Claim 11?
23       A. The software on the iPhone in the first
24 release.
25       Q. What software on the iPhone are you referring  01:32

Page 217

1  to?
2        A. I had prototype which allowed synchronization
3  while you also used applications on the iPhone.
4        Q. And what was the name of that prototype?
5        A. Well, it didn't -- I'm not sure if it had a   01:33
6  name other than the project names, and it's been quite a
7  while, but that was the iPhone Contact and Calendar
8  syncing code.
9        Q. How about for Claim 20 of the patent?
10       A. Claim 20, including 21?                01:33
11       Q. Uh-huh. I'm sorry, Claim 20. Just Claim 20.
12       A. Just 20, not 21?
13       Q. Yes, sir.
14       A. And this is a dependent claim based on Claim 11
15 since it references that; correct?             01:34
16       Q. That's correct.
17          MR. VALEK: I'll object that it calls for a
18 legal conclusion.
19          THE WITNESS: Okay. I read the claim. Just to
20 clarify your question was what about Claim 20? Can you  01:35
21 just narrow that to specifically what you're asking?
22    BY MR. CURRAN:
23       Q. Do you believe that you ever created a piece of
24 software that embodied all the ideas in Claim 20 of the
25 '414 patent?                                    01:35

Page 218

1        A. Yes.
2        Q. And what was the first such piece of software
3  you wrote that included those ideas?
4        A. The one I'm thinking of when you asked that
5  question is the same one I described for Claim 11.  01:35
6        Q. And this is an iPhone synchronization
7  prototype?
8        A. This was actually -- excuse me, when you asked
9  about the first, we prototyped it, and then we built it
10 out for the shipping product. So it's essentially what  01:36
11 was in the shipping product.
12       Q. Sir, you specifically mentioned Contact and
13 Calendar sync earlier.
14       A. Uh-huh.
15       Q. Why did you mention Contact and Calendar sync?  01:36
16          MR. VALEK: Objection. Vague.
17          THE WITNESS: I guess that was just a concrete
18 example that I could see.
19    BY MR. CURRAN:
20       Q. What were the different types of data that     01:36
21 could be synchronized by the iPhone prototype -- iPhone
22 synchronization prototype software you discussed?
23          MR. VALEK: Objection. Vague.
24          THE WITNESS: When you say "types," can you
25 clarify that?                                   01:36

6 (Pages 215 to 218)

Page 303

1       C E R T I F I C A T E
2
3    STATE OF CALIFORNIA    )
4                           ) ss.:
5    COUNTY OF MARIN        )
6
7        I, LESLIE ROCKWOOD, a Certified Shorthand
8    Reporter for the State of California, do hereby certify:
9        That GORDON FREEDMAN, the witness whose
10   deposition is hereinbefore set forth, was duly sworn by
11   me and that such deposition is a true record of the
12   testimony given by such witness.
13       I further certify that I am not related to any
14   of the parties to this action by blood or marriage; and
15   that I am in no way interested in the outcome of this
16   matter.
17       IN WITNESS WHEREOF, I have hereunto set my
18   hand this 25th day of July, 2013.
19       _____
20        LESLIE ROCKWOOD, RPR, CSR 3462
21
22
23
24
25

Page 305

1              E X H I B I T S
2    NO.     DESCRIPTION              PAGE  LINE
3    Exhibit 7   Apple Inc.'s Second      224    1
              Supplemental Objections and
4             Responses to Samsung's
              First Set of
5             Interrogatories, 4/10/13
     Exhibit 8   Apple Inc.'s Third       226   20
6             Supplemental Objections and
              Responses to Samsung's
7             Second Set of
              Interrogatories, 6/19/13
8    Exhibit 9   Email from Gordie Freedman  229   5
              to Henri Lamiraux, 2/8/06,
9             APLNDC630-000163586 - 589
     Exhibit 10  Email from Gordie Freedman  238   4
10            to Henri Lamiraux, et al.,
              7/12/06,
11            APLNDC630-0000163621 - 625
     Exhibit 11  Email from Gordie Freedman  247   8
12            to Henri Lamiraux, Andy
              Belk, 2/24/06,
13            APLNDC630-0000163592 - 593
     Exhibit 12  Sync Services, Session 427,  276   7
14            APLNDC630-0000196081 - 245
     Exhibit 13  Sync Services, Session 432,  279   9
15            APLNDC630-0000196246 - 320
16
17
18
19
20
21
22
23
24
25

Page 304

1                  I N D E X
2    WITNESS:         EXAMINATION BY       PAGE
3    GORDON FREEDMAN
4             BY MR. CURRAN           202
5
6
7        QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:
8            Page    Line
9             207     6
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 306

1          ERRATA SHEET FOR THE TRANSCRIPT OF:
2    Case Name:       Apple vs. Samsung
     Dep. Date:       July 25, 2013
3    Deponent:        Gordon Freedman
4    Reason codes:
     1. To clarify the record.
5    2. To conform to the facts.
     3. To correct transcription errors.
6
             CORRECTIONS:
7
     Pg. Ln. Now Reads     Should Read    Reason
8    ___ ___ _____  _____  _____
9    ___ ___ _____  _____  _____
10   ___ ___ _____  _____  _____
11   ___ ___ _____  _____  _____
12   ___ ___ _____  _____  _____
13   ___ ___ _____  _____  _____
14   ___ ___ _____  _____  _____
15   ___ ___ _____  _____  _____
16   ___ ___ _____  _____  _____
17   ___ ___ _____  _____  _____
18   ___ ___ _____  _____  _____
19   ___ ___ _____  _____  _____
20   ___ ___ _____  _____  _____
21
22               _____
23                Signature of Deponent
24   SUBSCRIBED AND SWORN BEFORE ME
25   THIS___DAY OF_____, 2013.