# EXHIBIT D-2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California  94304-1211<br>Telephone:  (650) 849-5300<br>Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>             Plaintiff,<br><br>      vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE (NO. 12)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides further supplemental responses to Interrogatory No. 12 served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on September 25, 2012. These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available. Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

The General Objections set forth in Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories, served on November 8, 2012, are incorporated herein by reference.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Interrogatories as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 12:**

If YOU contend or believe that YOU do not infringe any asserted claim of the SAMSUNG PATENTS, state with specificity the complete factual and legal bases for such contention or belief.

**RESPONSE TO INTERROGATORY NO. 12:**

Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Apple reserves the right to supplement and/or amend its response as appropriate.

**'449 PATENT:**

Samsung cannot prove infringement of claim 1 of the '449 patent for at least the following reasons:

**CLAIM 25**

A.     **"A digital camera"**

The accused products are not "digital cameras," as required by claim 25.  The claimed "digital camera" cannot be a system or device in which a digital camera is merely a component part.  Claim 25 was narrowed from "[a]n image recording and reproducing apparatus" to a "digital camera" to overcome certain prior art cited during prosecution, and Samsung may not now recapture what was surrendered.  *See, e.g.*, '449 File History, July 31, 2000 Amendment at 10-11, 15-17.  Apple engineer Tim Millet unequivocally testified that the accused products are not "digital cameras" as required by the asserted claims.  *See* Millet Dep. at 44-45.

B.     **"an A/D converter which converts said analog signal from said imaging device to a digital signal"**

As an initial matter, Samsung has failed to comply with the Court's order denying Samsung's attempt to pursue an infringement theory premised on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as the asserted '449 claims require.  Samsung attempted to amend its contentions to state that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung's Motion for Leave to Amend and Supplement Infringement Contentions, Apr. 30, 2013, Exh. G at 3.  The Court concluded that Samsung did not have good cause to assert its ▮▮▮▮▮▮▮▮▮▮▮▮▮ theory.  Order re: Samsung's and Apple's Motions for Leave to File Amended Infringement Contentions and Samsung's Motions to Compel [Dkt. No. 636], June 26, 2013, at 25.  Samsung's continued assertion of its ▮▮▮▮▮▮▮▮▮▮▮▮▮ theory is improper.

In any event, the claims require an A/D converter to receive an analog signal *from* the imaging device, *i.e.*, an A/D converter distinct from the imaging device.  Samsung identifies ▮▮▮▮

- 164 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *See* Samsung's Third Amended Infringement Contentions, July 4, 2013, Exh. G at 3.  Accordingly, the accused products do not have "an A/D converter which converts said analog signal from said imaging device to a digital signal."  *See, e.g.*, Image Sensor Datasheets at APL630DEF-WH0000097306-97400, APL630DEF-WH0000097401-97727, APL630DEF-WH0000097728-97941, APL630DEF-WH0000097942-98045, APL630DEF-WH0000098046-98143, APL630DEF-WH0000098144-98243, APL630DEF-WH0001708357-1708434, APL630DEF-WH0001712049-1712162, APL630DEF-WH0001712166-1712279, APL630DEF-WH0001712281-1712348, APL630DEF-WH0001712349-1712426, APL630DEF-WH0001712430-1712507, APL630DEF-WH0001712508-1712583, APL630DEF-WH00017261801726248, APL630DEF-WH0001726252-1726351, APL630DEF-WH0001726353-1726452, APL630DEF-WH0001726464-1726601, APL630DEF-WH0005214335-5214457, APL630DEF-WH0005224613-5224751, APL630DEF-WH0005224752-5224847, APL630DEF-WH0005226539-5226707, OMNI0001-1385.

**C.      "a compressor which compresses said digital signal outputted from said A/D converter, and generates compressed data by using a different compressing method for moving image signals and for still image signals"**

In its third supplemental infringement contentions, Samsung contends that the accused products have "a video encoder that utilizes at least the H.264 and MPEG-4 standards for compressing moving images and the JPEG standard for compressing still images."  Samsung is wrong.  As Apple ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 █████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ████████████████████████████████ *See, e.g.*, Millet Dep. at 28-31; *see also id.* at 47-

4 48. ████████████████████████████████ *See, e.g.*, Millet Dep. at 103; *see* 

5 *also, e.g.*, SOC User's Manuals at APL630DEF-WH0001708435-1708676, APL630DEF-

6 WH0001708681-1712045, APL630DEF-WH0001712585-1717115, APL630DEF-

7 WH0001717117-1721647, APL630DEF-WH0001721649-1726179, APL630DEF-

8 WH0001726602-1732790, APL630DEF-WH0001732791-1738775, APL630DEF-

9 WH0001738776-1744368, APL630DEF-WH0001744369-1749888, APL630DEF-

10 WH0001749889-1757765, APL630DEF-WH0004002318-4008422, APL630DEF-

11 WH0005307879-5310811, APL630DEF-WH0007009869-7016101.

**D.      "a decompressor which decompresses said compressed data by using a different decompressing method according to whether said recorded compressed data is a moving image signal or a still image signal"**

As with the "compressor" claim element, Samsung alleges that the accused products have "a video decoder that utilizes the H.264 and MPEG-4 standards for decompressing moving images and the JPEG standard for decompressing still images." Samsung's Third Amended Infringement Contentions, July 4, 2013, at 5. Again, this is incorrect, as Mr. Millet confirmed. *See, e.g.*, Millet Dep. at 101-02. *See, e.g.*, SOC User's Manuals at APL630DEF-WH0001708435-1708676, APL630DEF-WH0001708681-1712045, APL630DEF-WH0001712585-1717115, APL630DEF-WH0001717117-1721647, APL630DEF-WH0001721649-1726179, APL630DEF-WH0001726602-1732790, APL630DEF-WH0001732791-1738775, APL630DEF-WH0001738776-1744368, APL630DEF-WH0001744369-1749888, APL630DEF-WH0001749889-1757765, APL630DEF-WH0004002318-4008422, APL630DEF-WH0005307879-5310811, APL630DEF-WH0007009869-7016101.

**E.      "a display which displays said moving image signals and still image signals outputted from said reproducing circuit, and a list of said moving image**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**signal and still image signal as a search mode, and a list of classifications as a classification mode"**

In its third amended infringement contentions, Samsung contends that the "Camera Roll" of the Photos App satisfies the claimed "search mode" limitation. However, the Camera Roll does not allow users to search for particular images or videos, but rather uses a thumbnail grid structure for allowing users to browse through all of the images and videos that have been recorded using the device's front or back camera components. *See* Titi Dep. at 29 ("The Camera Roll contains all the photos and videos taken with that device."), 60 ("The user can use the Camera Roll to browse and scroll through their photos."). Nor does the Camera Roll provide a data list from which a user may select and retrieve images or videos. *See* Samsung's First Supp. Response to Interrogatory No. 37, June 21, 2013 at 7 (citing, for example, Figures 7, 8, 4:64-5:4, and 7:3-7 as support for the limitation "search mode"). The Camera Roll does not, for example, display the time or date the image or video was recorded to the user. The accused products therefore do not infringe this limitation.

Finally, the Camera Roll is not a "list," as required by claim 25, but is rather a grid of thumbnail images, and therefore Samsung cannot show that the accused products meet the "list … as a search mode" limitation. *See, e.g.*, Titi Dep. at 62-63.

**F.       "wherein said recording circuit records each one of said plurality of image signals with classification data"**

In its third supplemental infringement contentions, Samsung contends that "classification data" is "the identification of the album or albums that contain a particular image signal, for each moving image signal and still image signal that is stored." Samsung's Third Amended Infringement Contentions, July 4, 2013, at 7. Samsung claims that the "Camera Roll" and user-created "Albums" meet its definition of "identification of an album." However, images and videos are not associated with any user-created Albums when they are recorded, nor is the

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Camera Roll an Album.  Titi Dep. at 100-02; *see also id.* at 18-19.  Accordingly, the accused products do not have a recording circuit that "records each one of said plurality of image signals with classification data," as the asserted claims require.

Apple reserves its right to supplement this response with regard to the '449 patent as fact and expert discovery continue.

Apple identifies the following additional documents and other evidence that support its contentions set forth above:

- APL630DEF-WH0005010231-5010249, APL630DEF-WH0005010250-5010281, APL630DEF-WH0005223991-5224116, APL630DEF-WH0005224117-5224215, APL630DEF-WH0005224216-5224314, APL630DEF-WH0005224315-5224413, APL630DEF-WH0005224414-5224512, APL630DEF-WH0005224513-5224610, APL630DEF-WH000522046-5225150, APL630DEF-WH0005280189-5283269, APL630DEF-WH0005283270-5283540, APL630DEF-WH0005283563-5286701, APL630DEF-WH0005313127-5317088.
- APL630DEF-WH0005214335-5214457, APL630DEF-WH0005224613-5224751, APL630DEF-WH0005224752-5224847, APL630DEF-WH0005226539-5226707, OMNI0001-1385.
- APL630DEF-WH0004002318-4008422, APL630DEF-WH0005307879-5310811, APL630DEF-WH0007009869-7016101.
- Source code produced in this case, including at least the following:
    - 

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

[REDACTED] and files produced at APL630DEF-WH-SC151136-183, APL630DEF-WH-SC15287-371, APL630DEF-WH-SC1540.

- Other potential trial witnesses:
    - Anup Sharma
- Deposition and trial testimony of:
    - Timothy Millet
    - Justin Titi

Apple reserves the right to supplement and/or amend its response as appropriate.

**'757 PATENT:**

Apple has not directly or indirectly infringed the '757 patent, and Samsung's amended infringement contentions remain vague, unspecific, unsupported, and deficient.  As detailed below, Samsung fails to explain the basis for its amended infringement contentions with respect to many limitations of the asserted claims (thereby precluding Apple from identifying all its potential non-infringement arguments for the '757 patent), and Samsung has accused products and features that do not fall within the scope of the asserted claims.  Samsung has also limited its amended infringement contentions to iTunes in the Cloud (redownloading), iTunes automatic downloading of new purchases, iTunes Match, Photo Stream, Syncing with iTunes, and Home

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  Dated: July 15, 2013                     /s/ Mark D. Selwyn
                                            Mark D. Selwyn (CA SBN 244180)
2                                           (mark.selwyn@wilmerhale.com)
                                            WILMER CUTLER PICKERING
3                                              HALE AND DORR LLP
                                            950 Page Mill Road
4                                           Palo Alto, California  94304
                                            Telephone:  (650) 858-6000
5                                           Facsimile:   (650) 858-6100

6                                           *Attorneys for Plaintiff and
                                            Counterclaim-Defendant Apple Inc.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  - 207 -
                                                 Case No. 12-CV-00630-LHK
                                      APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
                                      SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## **CERTIFICATE OF SERVICE**

I, Andrew Liao, hereby certify that on July 15, 2013, a true and correct copy of the foregoing document, Apple Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories (No. 12), was served on counsel for Samsung via electronic mail.

*/s/ Andrew Liao*
Andrew Liao

- 208 -
Case No. 12-CV-00630-LHK
APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)