1   JOSH KREVITT (CA SBN 208552)                WILLIAM F. LEE (pro hac vice)
    jkrevitt@gibsondunn.com                     william.lee@wilmerhale.com
2   H. MARK LYON (CA SBN 162061)                WILMER CUTLER PICKERING
    mlyon@gibsondunn.com                        HALE AND DORR LLP
3   GIBSON, DUNN & CRUTCHER LLP                 60 State Street
    1881 Page Mill Road                         Boston, Massachusetts 02109
4   Palo Alto, CA  94304-1211                   Telephone: (617) 526-6000
    Telephone: 650.849.5300                     Facsimile: (617) 526-5000
5   Facsimile:  650.849.5333

6   MICHAEL A. JACOBS (CA SBN 111664)           MARK D. SELWYN (CA SBN 244180)
    mjacobs@mofo.com                            mark.selwyn@wilmerhale.com
7   RICHARD S.J. HUNG (CA SBN 197425)           WILMER CUTLER PICKERING
    rhung@mofo.com                              HALE AND DORR LLP
8   MORRISON & FOERSTER LLP                     950 Page Mill Road
    425 Market Street                           Palo Alto, CA 94304
9   San Francisco, California 94105-2482        Telephone: (650) 858-6000
    Telephone: (415) 268-7000                   Facsimile: (650) 858-6100
10  Facsimile: (415) 268-7522

11  *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

12                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
13                      SAN JOSE DIVISION

14  APPLE INC., a California Corporation,

15                        Plaintiff,
                  v.
16
    SAMSUNG ELECTRONICS CO., LTD., a
17  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
18  York corporation; and SAMSUNG            CASE NO. 12-cv-00630-LHK (PSG)
    TELECOMMUNICATIONS AMERICA,
19  LLC, a Delaware limited liability company,   **DECLARATION OF JENNIFER RHO
                                                 IN SUPPORT OF SAMSUNG'S
20                        Defendants.            ADMINISTRATIVE MOTION TO FILE
                                                 UNDER SEAL DOCUMENTS
21  SAMSUNG ELECTRONICS CO., LTD., a            RELATING TO SAMSUNG'S REPLY
    Korean corporation; SAMSUNG                 IN SUPPORT OF ITS MOTION TO
22  ELECTRONICS AMERICA, INC., a New           ENFORCE APPLE'S COMPLIANCE
    York corporation; and SAMSUNG              WITH THE COURT'S ORDER
23  TELECOMMUNICATIONS AMERICA,                 REGARDING CASE NARROWING**
    LLC, a Delaware limited liability
24  company,

25                  Counterclaim-Plaintiffs,
                  v.
26
    APPLE INC., a California corporation,
27
                  Counterclaim-Defendant.
28

Gibson, Dunn &
Crutcher LLP

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Reply in support of Its Motion to Enforce Apple's Compliance with the Court's Order regarding Case Narrowing ("Samsung's Reply") to confirm that certain documents and information contained in Samsung's Reply are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. Samsung filed an Administrative Motion to File Under Seal Documents Relating to Samsung's Reply in support of Its Motion to Enforce Apple's Compliance with the Court's Order regarding Case Narrowing on October 31, 2013. The motion sought to seal portions of Samsung's Reply and certain documents filed in support thereof. D.I. 852. Samsung filed the declaration of Daniel Wooseob Shim in support of its motion to seal those documents. *Id.*

3. Apple hereby seeks to seal the information highlighted in yellow in paragraph 470 of Exhibit 4 to the Declaration of Michael Fazio ("Fazio Declaration") submitted in support of Samsung's reply. This document, which is the expert report of Apple's damages expert (which Samsung has also moved to seal for containing its confidential information as detailed in the Shim Declaration, D.I. 852), contains Apple's highly sensitive and non-public financial information and should remain under seal. The relief requested by Apple is necessary and narrowly tailored to protect Apple's confidential, non-public information.

4. In particular, paragraph 470 of Exhibit 4 to the Fazio Declaration constitutes excerpts of the Opening Expert Report of Christopher A. Vellturo, Ph.D., and contains detailed information about Apple's gross profit and operating margin for Apple's iPhone and iPad products between 2007, when the iPhone first released, until the last complete fiscal year. Apple has limited its sealing request to only this highly sensitive, non-public financial information, whose public disclosure would, as explained above and in the declarations of

Mark Buckley, cause Apple significant harm because it would at least give Apple's competitors and suppliers valuable insight into Apple's specific financial and business operations regarding lines of currently-available products from which Apple continues to release new models.

5.   As explained in the previously-filed declarations of, for example, Jim Bean, dated July 30, 2012, filed as D.I. 1502 in Case No. 11-cv-1846, and of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in Case No. 11-cv-01846 (the "1846 case"), Apple strictly maintains the confidentiality of the financial information at issue in Exhibit 4 to the Fazio Declaration.  According to Mr. Buckley, a Finance Manager for Apple, Apple's "financial data is in fact among the most painstakingly protected information at the company, on par with source code.  Only a limited number of individuals are authorized to receive this information, even within Apple, and on a need-to-know basis."  D.I. 442 at 2; *see also* Buckley Declaration, D.I. 685; Buckley Declaration, Case No. 11-cv-1846, D.I. 1416; Bean Declaration, Case No. 11-cv-1846, D.I. 1502.

6.   Moreover, as Mr. Buckley detailed at length in his declarations, disclosure of Apple's highly sensitive financial information – and particularly information about Apple's margins, which Apple does not disclose publicly and which is also not disclosed by Apple's industry competitors in practice – would cause Apple severe harm.  This confidential information relates to products in lines of products that Apple continues to sell.  Disclosure of this information would provide far more insight into Apple's operations and finances than Apple has previously disclosed to the public – or is disclosed in practice by other companies in Apple's industry, and particularly Apple's competitors.  As just one example, and as Mr. Buckley explained, if competitors gained access to Apple's financial information, and particularly information such as Apple's profit margins, Apple's competitors would utilize the asymmetric advantage gained from learning this information to undercut Apple's offerings by pricing their products just below the levels profitable for Apple.  Similarly, this information would permit Apple's competitors to understand Apple's business strategies with respect to

decisions made to sell their products. *See, e.g.,* D.I. 442 at 8-9. Similarly, gaining insight into Apple's profit margins and other highly sensitive confidential information could permit Apple's competitors and suppliers to identify where and how Apple is vulnerable to cost and price increases. This information would give Apple's competitors and suppliers an unfair advantage, including giving them an asymmetric advantage in negotiations with Apple as well as in terms of determining future business strategies for product roll-outs in the market.

7. The financial information at issue here is thus highly confidential, and the potential harm from its public disclosure outweighs the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013). The Federal Circuit also has held that Apple's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10.

8. As the ECF system does not provide a mechanism for e-filing the foregoing Exhibit 4 to the Fazio Declaration under seal, Apple will lodge with the Court a copy of Exhibit 4 in which the proposed material in paragraph 470 to be sealed will be highlighted in yellow.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: November 4, 2013

                                        */s/ Jennifer Rho*
                                        Jennifer Rho

Gibson, Dunn &
Crutcher LLP

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: November 4, 2013                    _/s/ H. Mark Lyon_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 4, 2013                    _/s/ H. Mark Lyon_____

Gibson, Dunn &
Crutcher LLP