JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CASEY J. MCCRACKEN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S OPPOSITION TO APPLE INC.'S MOTION TO EXCLUDE CERTAIN UNRELIABLE AND INADMISSIBLE SAMSUNG EXPERT TESTIMONY** |

McCracken Decl. ISO Samsung's Mot. Seal
Its Opp. To Apple's Mot. To Exclude
Case No. 12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

I, Casey McCracken, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Opposition to Apple's Motion to Exclude Certain Unreliable and Inadmissible Samsung Expert Testimony. D.I. 856. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. On November 1, 2013, Samsung filed an Administrative Motion to File Documents Under Seal Relating to Samsung's Opposition to Apple's Motion to Exclude Certain Unreliable and Inadmissible Samsung Expert Testimony ("Samsung's Opposition to Apple's Motion to Exclude"). D.I. 856. The motion seeks to seal portions of Samsung's Opposition to Apple's Motion to Exclude as well as 18 exhibits to the Declaration of Michael L. Fazio filed in support thereof. D.I. 856. Samsung filed a declaration of Daniel Wooseob Shim in support of its motion to seal these documents. D.I. 858.

3. Samsung's Opposition to Apple's Motion to Exclude and certain of the attached exhibits contain Apple confidential information. Specifically, Apple supports the sealing of:

- Portions of Samsung's Opposition to Apple's Motion to Exclude referencing confidential licensing terms and financial information;
- Portions of Exhibit B to the Declaration of Michael L. Fazio in Support of Samsung's Opposition to Apple's Motion to Exclude ("Fazio Declaration"), which contain confidential licensing terms;
- Portions of Exhibit C to the Fazio Declaration, which contain confidential licensing terms;
- Portions of Exhibit J to the Fazio Declaration, which contain confidential licensing terms.

4. Apple has lodged with the Court copies of these documents with the portions it seeks to have sealed highlighted in yellow.

Gibson, Dunn & Crutcher LLP

McCracken Decl. ISO Samsung's Mot. Seal Its Opp. To Apple's Mot. To Exclude
-1-   Case No. 12-cv-00630-LHK (PSG)

5. These documents include information regarding: (1) Apple's confidential financial information; and (2) confidential terms of Apple's license agreements. Each of the two types of confidential information identified above is highly confidential, with the potential harm to Apple from publicizing the information outweighing the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).

**Apple's Confidential Financial Information**

6. Information disclosing Apple's profit margins on current products is highly sensitive to Apple, would cause Apple competitive harm if disclosed, and is of limited interest to the public. The Federal Circuit held that Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10. The harm that would befall Apple if its financial information, including profit margins, were to be unsealed is detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in Case No. 11-cv-01846 (the "1846 case"). As Mr. Buckley explained, Apple considers its profit margin information to be competitively sensitive because severe harm would be caused to Apple if it were publicly disclosed. D.I. 442 at 3. Knowledge of Apple's profit margins would give competitors insight into its cost structure, which would allow competitors to tailor their products and pricing to undercut and better compete with Apple. *See id.* at ¶ 8. Component suppliers could also use this cost information to alter pricing of their components and gain advantages in pricing negotiations. *Id.* at ¶ 9. For these reasons, Apple strictly maintains the confidentiality of its financial information, including its profit margins on various products. Even within Apple, this information is shared only on a "need to know" basis—to a small list of individuals approved by a Vice-President of Finance.

Gibson, Dunn & Crutcher LLP

McCracken Decl. ISO Samsung's Mot. Seal Its Opp. To Apple's Mot. To Exclude
Case No. 12-cv-00630-LHK (PSG)

1  *Id.* at ¶ 4. Mr. Buckley explained that "financial data is in fact among the most painstakingly
2  protected information in the company, on par with source code." *Id.* at 2.

3        7.     Page 1, footnote 1 of Samsung's Opposition to Apple's Motion to Exclude
4  contains financial information that can be used, in combination with other information filed in
5  this case in the Expert Report of Christopher Vellturo, Ph.D., to determine Apple's profit
6  margin on smartphone and tablet products that Apple currently sells. The public disclosure of
7  this information, therefore, would cause competitive injury to Apple as described above, as it is
8  equivalent to disclosing Apple's profit margin.

**Apple's (and Third Parties') Confidential Licensing Information**

      8.     This Court previously permitted licensing information to be filed under seal on the grounds that such information, and particularly "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements falls within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). Apple would be subjected to significant "harm . . . if the financial and licensing information at issue lost its confidential status." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846, D.I. 2397 at 2-3 (sealing licensing-related information of Apple, Samsung, and third party InterDigital). Apple's Director of Patent Licensing and Strategy testified in his declaration dated April 8, 2013 that Apple's licensing agreements are subject to strict confidentiality provisions and that the revelation of the terms of the agreements would give companies an unfair negotiating advantage over Apple. D.I. 442-4 at ¶¶ 2-4. The portions of documents referencing the terms of licensing agreements Apple seeks to seal here constitute the same or very similar information the Court has previously sealed.

      9.     The portions of the following documents that are highlighted in yellow contain highly sensitive, non-public information regarding confidential license agreement terms and negotiations. The public disclosure of this information would cause significant harm and competitive risk to Apple as well as to Apple's licensing partners – HTC Corporation ("HTC"),

in this circumstance – at least because it would provide third parties with an unfair advantage in negotiations with Apple and Apple's licensing partners in the future.

10. I am aware that HTC, whose information is implicated in these documents, also may seek to seal this information, as it previously has done. *See, e.g.,* D.I. 839; Case No. 11-cv-1846, D.I. 2186.

11. Exhibit B to the Fazio Declaration consists of excerpts of the deposition of Dr. Judith Chevalier, in which she discusses in detail certain settlement discussions between Apple and Samsung relating to potential licensing, as well as the scope of patent coverage in the Apple-HTC license agreement. The highlighted portion of this exhibit contains specific details regarding those discussions, including alleged licensing terms, and the license scope. That information, if publicly disclosed, would severely harm Apple in future negotiations with potential licensing partners as described above. Further, HTC could be harmed if this information revealing the confidential terms of its license agreement with Apple were to be publicly disclosed.

12. Exhibit C to the Fazio Declaration consists of a chart depicting Dr. Chevalier's patent valuations based on various methods, including based on an analysis of Apple's licensing agreement with HTC and Apple's settlement licensing discussions with Samsung. The information in those highlighted portions of the chart can be used to determine terms of the HTC licensing agreement and alleged terms discussed between Samsung and Apple. Thus, similarly, the release of this information could competitively harm Apple in future licensing negotiations. Further, HTC would likely be harmed if information in this exhibit relating to the Apple-HTC license agreement were released.

13. Exhibit J to the Fazio Declaration consists of an expert report of Dr. Vellturo filed in a different case. The highlighted portions consist of a detailed analysis of multiple of Apple's licenses with third parties, including the number, form, and terms of these licenses. Such information is proprietary to Apple for the reasons discussed above, and would cause Apple competitive harm if released.

McCracken Decl. ISO Samsung's Mot. Seal Its Opp. To Apple's Mot. To Exclude
Case No. 12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

14. Samsung's Opposition to Apple's Motion to Exclude references and paraphrases the information in the above-listed exhibits. The highlighted information on pages 1 and 2 reference the terms of multiple Apple licenses. The highlighted information on page 10 reveals details of the licensing discussions between Samsung and Apple. This licensing information, which includes pricing terms, is confidential to Apple and should be sealed. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11).

**Third Party Confidential Information**

15. Additionally, portions of Exhibit J to the Fazio Declaration appear to contain confidential information of third parties Microsoft Corporation and VirnetX, Inc. Exhibit J is a confidential expert report of Dr. Vellturo filed in another matter. In that report, Dr. Vellturo analyzes various licenses including licenses of VirnetX, the plaintiff in that case. Similarly portions of Exhibits B and C appear to contain confidential information of third party HTC. . That information appears to constitute the same type of confidential licensing information that this Court has previously found to be sealable. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). Apple requests that the court allow time for Apple to notify these third parties about their confidential information disclosed in these exhibits (where Samsung has not already done so) so that these third parties can file declarations in support of sealing if appropriate.

\* \* \*

16. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public financial information and non-public license agreements and negotiations.

17. As the ECF system does not provide a mechanism for filing the foregoing exhibits under seal, Apple will lodge with the Court copies with proposed material to be sealed highlighted in yellow.

Gibson, Dunn & Crutcher LLP

McCracken Decl. ISO Samsung's Mot. Seal Its Opp. To Apple's Mot. To Exclude
Case No. 12-cv-00630-LHK (PSG)

1    I declare under the penalty of perjury under the laws of the United States of America
2    that the forgoing is true and correct to the best of my knowledge.

4    Dated: November 5, 2013

                                    /s/ Casey McCracken
                                    Casey J. McCracken

# ATTESTATION

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Casey McCracken has concurred in this filing.

Dated: November 5, 2013          /s/ H. Mark Lyon

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 5, 2013          /s/ H. Mark Lyon

Gibson, Dunn & Crutcher LLP

McCracken Decl. ISO Samsung's Mot. Seal Its Opp. To Apple's Mot. To Exclude
Case No. 12-cv-00630-LHK (PSG)