JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JENNIFER RHO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS RELATING TO SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Opposition to Apple's Motion for Partial Summary Judgment ("Samsung's MSJ Opposition") to confirm that there are compelling reasons to seal certain documents supporting and information contained in Samsung's MSJ Opposition, as they are confidential and sealable. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. Samsung filed an Administrative Motion to File Under Seal Documents Relating to Samsung's Opposition to Apple's Motion for Partial Summary Judgment on November 1, 2013. The motion sought to seal portions of Samsung's MSJ Opposition and certain documents filed in support thereof. D.I. 854. Samsung filed the declaration of Daniel Wooseob Shim in support of its motion to seal those documents. D.I. 858.

3. Samsung's MSJ Opposition and certain of its supporting documents contain Apple's highly confidential information. Apple thus seeks to support the sealing of the information highlighted in green in the following:

- Portions of Exhibit 4 to the Declaration of Michael Fazio ("Fazio Declaration");
- Portions of the Declaration of Martin Rinard ("Rinard Declaration"); and
- Portions of Exhibit 1 to the Rinard Declaration.

4. The relief requested by Apple is necessary and narrowly tailored to protect its confidential, non-public information. Each of these portions of these documents all contain excerpts of Apple's highly confidential and proprietary technical information closely related to source code, and thus should remain under seal. In particular, the technical information at issue is itself source code, describes the specifics of Apple's source code, or is derived from source code, and is similar to other information the Court has ordered sealed. *See Apple, Inc. v.*

*Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013). The information that Apple seeks to seal here has always been non-public, and its exposure would cause Apple to lose significant competitive advantage.

5. As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). "[T]echnical information that is closely related to Apple's source code" is similarly considered to be sealable. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013).

6. The specific Apple technical information at issue here is non-public. As Apple's in-house counsel, Cyndi Wheeler, explained in her declaration supporting sealing of some of the same information that is again at issue here in Samsung's MSJ Opposition and supporting documents, Apple treats its source code and closely-related technical information with the utmost confidentiality, restricting access even within Apple to such source code. *See, e.g.,* Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 3-5; *see also* Declaration of Cyndi Wheeler, D.I. 685. As Ms. Wheeler explained, Apple maintains extremely tight controls on its source code that limits access to such source code, as Apple considers its unique source code to be its own trade secrets and the subject of independent economic value. *See, e.g.,* D.I. 803 at ¶¶ 3-5; *see also* D.I. 685 at ¶¶ 3-10. Indeed, Apple has made significant investments in developing this source code. *Id.*

7. Disclosure of such source code information, which has always been non-public, would cause Apple harm and cause Apple to lose significant competitive advantage. *Id.* In multiple previously-filed declarations, including that of Ms. Wheeler filed in support of the Motion for Partial Summary Judgment to which Samsung filed its MSJ Opposition, Apple's personnel have detailed the significant harm that Apple would experience if its source code-

related technical information were disclosed publicly. *See, e.g.,* Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 5-10; *see also* Declaration of Cyndi Wheeler, D.I. 685; Declaration of Erica Tierney, *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013). Apple's in-house attorneys have further explained to the Court that, in light of the significant threat that public disclosure of Apple's source code and closely related technical information poses, as noted above, Apple takes significant precautions to protect the confidentiality of its source code and prevent disclosure of its source code – including restricting access to such source code even within Apple. *Id.* Even in this litigation, where source code must be produced in discovery, it is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* Protective Order, D.I. 512 at ¶ 11. The technical information at issue now is of the same character and nature as that previously sealed by the Court, and is thus sealable for the same reasons.

8. Paragraph 493 of Exhibit 4 to the Fazio Declaration, which is excerpts of the Rebuttal Expert Report of Alex Snoeren, identifies and explains the specific functionality of a particular portion of Apple's iTunes source code. As Ms. Wheeler explained in her March 19, 2013 declaration, Apple considers the names, structure, and functions of source code for iTunes to be its trade secrets, the public disclosure of which would be extremely harmful to Apple. D.I. 405 at 3-4. The information provided in paragraph 493 could be used to determine how Apple implements this particular functionality in iTunes. As Ms. Wheeler further explained, information about the structure and operation of Apple's iTunes source code has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.*

9. The Rinard Declaration and Exhibit 1 to the Rinard Declaration both specifically identify the source code for particular functionality of Apple's "AppleSearch" client and server software, as well as quotes from such source code as well as describes in detail the particular

functions of certain source code files.  As Ms. Wheeler explained in her declaration addressing this information in Exhibit D-1 to the Rho Declaration filed in support of Apple's Motion for Partial Summary Judgment, *see* D.I. 803, the information contained in the Rinard Declaration and its Exhibit 1 could be used to determine how Apple implements features and functionality of this software and otherwise designed its suite of software.  This information is non-public; Apple considers this information about its source code files to be trade secrets.  Public disclosure of this information would be extremely harmful to Apple for the reasons described above.  Apple derives independent economic value from its proprietary and confidential source code, and that value thus would be diminished from its public disclosure.

10. As explained above, the relief requested by Apple thus is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public technical information.

11. As the ECF system does not provide a mechanism for e-filing the foregoing documents under seal, Apple will lodge with the Court copies of these documents in which the proposed material to be sealed will be highlighted in green.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: November 5, 2013

                                               */s/ Jennifer Rho*
                                               Jennifer Rho

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: November 5, 2013      /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 5, 2013      /s/ H. Mark Lyon