| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California  94304-1211<br>Telephone:  (650) 849-5300<br>Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1.      I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation.  I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action.  I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2.      Concurrent with Apple's Administrative Motion to File Documents Under Seal, Apple has filed its Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Motion to Strike"), including the Declaration of Mark D. Selwyn in Support of Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Selwyn Declaration") and exhibits thereto.

3.      The portions of Apple's Motion to Strike on pages 10-11 and 21-22 highlighted in yellow contain Apple confidential business information, including confidential business information received by third parties, relating to the sub-components of the Apple accused products and the operation of those sub-components.  In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the Apple accused products and various sub-portions of the SOCs in the accused products.  These highlighted portions of Apple's Motion to Strike contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

4.        The portions of Apple's Motion to Strike on pages 16 and 17 highlighted in yellow contain detailed, technical descriptions of the functionality of Apple's accused products related to the manner in which data is stored in the accused products.  These portions contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

5.        The portions of Apple's Motion to Strike on pages 22 and 23 and footnotes 5 and 11 highlighted in pink contain descriptions or alleged descriptions of the source code produced by Intel and Qualcomm for the baseband processors used in the accused Apple products and the alleged internal operation of the baseband processors.  Accordingly, these portions of Apple's Motion to Strike should be sealed. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 8) (permitting sealing of confidential source code and detailed schematics of the Apple iBook and Apple iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

6.        The portion of Apple's Motion to Strike on page 19 highlighted in pink contains information designated as confidential by Apple and Cirrus Logic and describes the technical configuration and architecture of the Apple accused products.  This portion of Apple's Motion to Strike contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et*

*al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight). Apple expects that Cirrus Logic will file a declaration pursuant to Civil L.R. 97-5(e) to the extent it maintains a claim of confidentiality over this information.

7. The portions of Apple's Motion to Strike highlighted in green include quotations from, or summaries or analysis of, Samsung's expert reports, which Samsung has designated as confidential under the protective order in this case in their entirety. Apple expects that Samsung will file a declaration pursuant to Civil L.R. 97-5(e) if it supports sealing this information.

8. Exhibit A to the Selwyn Declaration is an excerpt of the Report of Dan Schonfeld, Ph.D. Regarding Infringement of U.S. Patent Nos. 5,579,239 and 7,577,757. The following portions of Exhibit A identified with a blue box contain Apple confidential source code or the detailed description of Apple confidential source code: paragraphs 1855-57, 1863, 1918, 1995, 2025, 2027, 2031, 2033-47, 2050-51, 2056-57, 2059-61, 2065-66, 2070-71, 2075-80, 2110. The Court has previously granted Apple's request to seal source code of the accused products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

9. The following portions of Exhibit A identified with a blue box contain confidential business information relating to the components used by the Apple SoCs in the accused products and the operation of these components: paragraphs 1305, 1307-09, 1318 n.97, 1325-26, 1357-58, 1360, 1378-82, 1466, 1639. The following portions of Exhibit A identified with a blue box contain detailed, technical descriptions of the functionality of Apple's accused

1  products related to the manner in which data is stored in the accused products: paragraphs 1878,
2  1934, 1988-94, 2026, 2048, 2058, 2105-08, 2118, 2122-25, 2139-43, 2147-51, 2159-60, 2163-
3  67, 2172-73, 2175-79, 2197-98, 2200-02, 2204-05, 2211-15, 2217-18.  These portions of Exhibit
4  A contains proprietary Apple information and the public disclosure of this information would be
5  harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support
6  of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*,
7  Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing
8  the configuration of Apple's products because detailed information of this kind constitutes trade
9  secret information)).  The Court has previously granted Apple's request to seal product
10 schematics that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*,
11 *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
12 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

13        10.     The following portions of Exhibit A identified with a blue box contain detailed
14 market research information regarding customer use of the accused Apple products: paragraphs
15 2162, 2165, 2168, 2174, 2177, 2181, 2187, 2193, 2199, 2203, 2207, 2212, 2216, 2220.  These
16 portions of Exhibit A contain proprietary Apple information and the public disclosure of this
17 information would be harmful to Apple for similar reasons as stated in the Declaration of Greg
18 Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics
19 Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496) (supporting sealing market
20 research documents describing buyer survey responses regarding Apple's products because
21 detailed information of this kind is extremely valuable time series of information that shows how
22 customer preference have evolved)).  The Federal Circuit has previously approved of Apple's
23 request to seal market research documents that contain a similar level of detail regarding the
24 accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos.
25 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013)
26 (approving the sealing of marketing documents).

27
28

11. Samsung has also designated Exhibit A as "SUBJECT TO PROTECTIVE ORDER," "CONTAINS HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY-SOURCE CODE INFORMATION," and "CONTAINS INFORMATION DESIGNATED AS THIRD PARTY HIGHLY CONFIDENTIAL INFORMATION" in its entirety. Apple expects that Samsung will file a declaration pursuant to Civil L.R. 97-5(e) to the extent it maintains a claim of confidentiality over this information.

12. Exhibit B to the Selwyn Declaration is an excerpt of the Expert Report of Kenneth A. Parulski Regarding Infringement of U.S. Patent No. 6,226,449. The portions of Exhibit B identified with a blue box contain Apple confidential business information, including confidential business information received by third parties, relating to the sub-components of the accused products and the operation of those sub-components. In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the accused products and various sub-portions of the SOCs in the accused products. These portions of Exhibit B contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

13. Samsung has also designated Exhibit B as "SUBJECT TO PROTECTIVE ORDER – OUTSIDE ATTORNEYS' EYES ONLY" and "CONTAINS HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION" in its entirety. Apple expects that

1  Samsung will file a declaration pursuant to Civil L.R. 97-5(e) to the extent it maintains a claim
2  of confidentiality over this information.

3    14. Exhibit C to the Selwyn Declaration is an excerpt of the Report of Paul S. Min,
4  Ph.D. Regarding Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596. The following
5  portions of Exhibit C identified with a blue box contain detailed discussion of the technical
6  information describing the internal operation of the baseband processors used in the accused
7  Apple products and the source code for those baseband processors: paragraphs 225-232, 240-
8  245, 254-257, 329-339, 457-459, 536-540, 653-655, 699 (lines 4-8, 15-18), 700, 768-769, 781-
9  784, 807-811, 941-951, 967-969, 974-977, 1002-1005, 1087- 1098, 1125-1128, 1129 (lines 3-7),
10 1130-1133, 1147 (lines 7-18), 1148 (lines 6-20), and 1149 (lines 8-18). The Court has
11 previously granted Apple's request to seal source code of the accused products. *See, e.g.*, *Apple*
12 *Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at
13 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D.
14 Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight
15 and Apple source code).

16   15. The following portions of Exhibit C identified with a blue box discuss testing of
17 the Apple accused products by Apple and third parties and contain detailed descriptions of the
18 technical details and operations of Apple's accused products: paragraphs 1156 (lines 6-8), 1157
19 (lines 2-13), 1158-1159, 1160 (line 1), 1161 (lines 1-3), 1162, 1163 (lines 2-4), 1164, 1165 (lines
20 2-4), 1166, 1167 (lines 2-4), 1168, 1169 (lines 2-4), 1170, 1171 (lines 2-4), 1172, 1174-1177,
21 1179-1189. These portions of Exhibit C contains proprietary Apple information and the public
22 disclosure of this information would be harmful to Apple for similar reasons as stated in the
23 Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc.*
24 *v. Samsung Electronics Co., Ltd., et al*., Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3)
25 (supporting sealing schematics showing the configuration of Apple's products because detailed
26 information of this kind constitutes trade secret information)). For example, paragraphs 1156-
27 1172 include detailed descriptions of the technical details of the accused Apple products.
28

1   Paragraphs 1174-1177 contain detailed descriptions of the technical details of the accused Apple
2   products and information that Apple has designated as Highly Confidential – Attorney's Eyes
3   Only under the protective order or that is confidential to Apple and AT&T. This information
4   reflects the confidential business practices and technical documentation shared between Apple
5   and AT&T and public disclosure of this information would be harmful to Apple.  Paragraphs
6   1179-1183 describe highly confidential Qualcomm technical and testing documents produced by
7   Apple.  These non-public documents provide detailed information about Qualcomm's products
8   and public disclosure of this information would be harmful to Qualcomm.  Because at least some
9   of the Qualcomm products described in these technical documents and paragraphs 1179-1183 are
10  incorporated into Apple's products, public disclosure of this information also would be harmful
11  to Apple.  Paragraphs 1184-1189 provide detailed information about Intel's products and public
12  disclosure of this information would be harmful to Intel.  Because at least some of the Intel
13  products described in these technical documents and paragraphs 1184-1189 are incorporated into
14  Apple's products, public disclosure of this information also would be harmful to Apple.  The
15  Court has previously granted Apple's request to seal confidential technical information that
16  contains a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v.*
17  *Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8)
18  (granting Apple's request to seal schematics related to the Apple iBook and iSight).  Apple
19  expects that Intel and Qualcomm may file declarations to support sealing portions of Exhibit C.

20          16.     Paragraph 1178 of Exhibit C contains information designated as confidential by
21  T-Mobile.  Apple expects that T-Mobile will file a declaration pursuant to Civil L.R. 97-5(e) to
22  the extent it maintains a claim of confidentiality over this information.

23          17.     Paragraphs 950, 968, 1097 and 1127 of Exhibit C contain information produced
24  by AT&T and designated as confidential by AT&T and Alcatel-Lucent.  Apple expects that
25  AT&T and Alcatel-Lucent will file a declaration pursuant to Civil L.R. 97-5(e) to the extent they
26  maintain a claim of confidentiality over this information.

27
28

18. Samsung has also designated Exhibit C as "SUBJECT TO PROTECTIVE ORDER – OUTSIDE ATTORNEYS' EYES ONLY" and "CONTAINS HIGHLY CONFIDENTIAL–OUTSIDE ATTORNEYS' EYES ONLY–SOURCE CODE INFORMATION" in its entirety. Apple expects that Samsung will file a declaration pursuant to Civil L.R. 97-5(e) to the extent it maintains a claim of confidentiality over this information.

19. Exhibit D to the Selwyn Declaration in an excerpt from the September 26, 2013 deposition of Kenneth Alan Parulski. The following highlighted portions of Exhibit D contain Apple confidential business information, including confidential business information received by third parties, relating to the sub-components of the accused products and the operation of those sub-components: pages 59-61, 69-71, 95-97, 134-136, and 148-151. In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the accused products and various sub-portions of the SOCs in the accused products. Those portions of Exhibit D contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

20. The portions of Exhibit D on pages 59 and 60 identified with a pink box contain information also designated as confidential by Omnivision. Apple expects that Omnivision will file a declaration pursuant to Civil L.R. 97-5(e) to the extent it maintains a claim of confidentiality over this information.

21. Exhibit F to the Selwyn Declaration is an excerpt from the June 24, 2013 deposition of Naga Karthick Kadasamy. Exhibits F contains detailed discussion of the source code for the baseband processors used in the accused Apple products and should be sealed in full. The Court has previously granted Apple's request to seal source code of the accused products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code). Apple expects that Intel may also support sealing this Exhibit.

22. Exhibit G to the Selwyn Declaration is an excerpt from the September 27, 2013 deposition of Paul Min, Ph.D. Exhibit G contains detailed discussion of the source code for the baseband processors used in the accused Apple products and should be sealed in full. The Court has previously granted Apple's request to seal source code of the accused products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code). Apple expects that Intel and Qualcomm may also support sealing this Exhibit.

23. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding trade secret information pertaining to the accused Apple products.

24. I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 5th day of November, 2013, in Boston, Massachusetts.

Dated:  November 5, 2013         */s/ Peter J. Kolovos*
                                  Peter J. Kolovos

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 5, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  November 5, 2013         */s/ Mark D. Selwyn*
Mark D. Selwyn