1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Cal. Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Cal. Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Cal. Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive 5th Floor
   Redwood Shores, California 94065
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Cal. Bar No. 108542)
10 williamprice@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
11 Los Angeles, California 90017
   Telephone: (213) 443-3000
12 Facsimile: (213) 443-3100

13 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
14 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
15

16              UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
17

18

19 APPLE INC., a California corporation,       CASE NO. 12-cv-00630-LHK

                  Plaintiff,                   **SAMSUNG'S NOTICE OF MOTION AND
20                                             MOTION TO STRIKE EXPERT
            vs.                                TESTIMONY BASED ON UNDISCLOSED
21                                             THEORIES AND CLAIM
   SAMSUNG ELECTRONICS CO., LTD., a            CONSTRUCTIONS INCONSISTENT
22 Korean business entity; SAMSUNG             WITH THE COURT'S *MARKMAN*
   ELECTRONICS AMERICA, INC., a New            ORDER; MEMORANDUM OF POINTS
23 York corporation; SAMSUNG                   AND AUTHORITIES IN SUPPORT
   TELECOMMUNICATIONS AMERICA,                 THEREOF**
24 LLC, a Delaware limited liability company,
                                               **REDACTED VERSION OF DOCUMENT
25               Defendants.                   SOUGHT TO BE SEALED**

26                                             Date:    December 10, 2013
                                               Time     10:00 a.m.
27                                             Place:   Courtroom 5, 4th Floor
                                               Judge:   Hon. Paul S. Grewal
28

1

### <u>NOTICE OF MOTION AND MOTION</u>

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3     PLEASE TAKE NOTICE that on December 10, 2013, or as soon thereafter as the matter

4  may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for

5  the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San

6  Jose, CA 95113, Samsung Electronics Col., Ltd., Samsung Electronics America, Inc., and

7  Samsung Telecommunications America, LLC (collectively "Samsung") will, and hereby does,

8  move the Court pursuant to Fed. R. Civ. P. 26 and 37 for an order striking portions of Apple's

9  expert reports for the reasons set forth below.

10     This motion is based on this Notice of Motion, the supporting Memorandum of Points and

11  Authorities, the Declaration of Todd Briggs dated November 5, 2013, together with all

12  accompanying exhibits, all pleadings on file in this action, and such other evidence or argument as

13  may be presented at or before the time this Motion is deemed submitted by the Court, and such

14  matters of which this Court may take judicial notice.

15

### <u>RELIEF REQUESTED</u>

16     Samsung seeks an order striking portions of Dr. Fuja's, Dr. Storer's and Dr. Taylor's

17  expert reports based on undisclosed theories and claim constructions inconsistent with the Court's

18  *Markman* Order.

19

### <u>STATEMENT OF ISSUES TO BE DECIDED</u>

20     1.  Whether the Court should strike certain portions of Dr. Fuja's, Dr. Storer's, and Dr.

21         Taylor's expert reports on the ground that those portions contain claim construction

22         theories that Apple failed to timely disclose in response to Samsung's Interrogatory No. 46

23         under Rule 33 and 26(e)?

24     2.  Whether the Court should strike certain portions of Dr. Fuja's expert report on the ground

25         that those portions contain noninfringement arguments or theories that Apple failed to

26         timely disclose in response to Samsung's Interrogatory No. 12 under Rule 33 and 26(e)?

27     3.  Whether the Court should strike certain portions of Dr. Storer's reports because those

28         portions rely on constructions that are inconsistent with the Court's *Markman* Order.

1   DATED: November 5, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By */s/ Victoria Maroulis*
_____
    Charles K. Verhoeven
    Kevin P.B. Johnson
    Victoria F. Maroulis
    William C. Price
    Attorneys for SAMSUNG ELECTRONICS
    CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC., and SAMSUNG
    TELECOMMUNICATIONS AMERICA, LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ...................................................................... 2

      A.      Apple's Experts, Drs. Fuja, Storer and Taylor, Relied On Claim
Constructions That Were Not Disclosed In Response To Samsung
Interrogatory No. 46 ................................................................................ 2

      B.      Dr. Fuja Relies On Noninfringement Arguments That Were Not Disclosed
To Samsung During Fact Discovery .......................................................... 6

      C.      Dr. Storer Relies On Claim Constructions That Are Contrary to the Court's
*Markman* Order ...................................................................................... 9

III.    ARGUMENT AND CITATION OF AUTHORITY ...................................................... 12

      A.      Apple's Expert's Opinions Should Be Stricken Because They Rely On
Claim Constructions That Were Not Disclosed In Response To
Interrogatory No. 46 .............................................................................. 12

      B.      Dr. Fuja's Opinion Should Be Stricken Because He Relies On
Noninfringement Arguments That were Not Disclosed During Fact
Discovery .............................................................................................. 14

      C.      Dr. Storer's Opinion Should Be Stricken Because He Relies On Claim
Constructions That Are Contrary To The Court's *Markman* Order ...................... 15

      D.      Apple's Failure To Comply With The Federal Rules And The Court's
Scheduling Order Is Neither Harmless Nor Justified .............................................. 18

            1.      Samsung Suffered Significant Prejudice from Apple's Conduct ............... 18

            2.      Samsung Is Unable to Cure the Prejudice Caused by Apple's
Conduct ........................................................................................ 19

            3.      Likelihood of Disruption of the Trial ................................................. 20

            4.      Apple's Failure to Disclose Was Willful ............................................. 20

IV.     CONCLUSION ..................................................................................................... 20

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **Cases**

4   *Aria Diagnostics, Inc. v. Sequenom, Inc..,*
        No. 12-1531 (Fed. Cir. Aug. 9, 2013) ..................................................................19
5

6   *Clintec Nutrition Co. v. Baxa Corp.,*
        1998 WL 560284 (N.D.Ill. Aug. 26, 1998) ...........................................................19

7   *Cybor Corp. v. FAS Technologies, Inc.,*
        138 F.3d 1448 (Fed. Cir. 1998) .............................................................................18
8

9   *Dominguez v. Excel Mfg., Inc.,*
        2010 WL 5300863, 2010 U.S. Dist. LEXIS 137582 (N.D. Cal. Dec. 20, 2010) ........18

10  *Dynetix Design Solutions, Inc. v. Synopsys, Inc.,*
        Case No. 5:11-cv-05973-PSG, 2013 WL 4537838 (N.D. Cal. Aug. 22, 2013) ..........16
11

12  *EZ Dock, Inc. v. Schafer Sys.,*
        Case No. 98-2364 (RHK/AJB), 2003 U.S. Dist. LEXIS 3634
        (D. Minn. Mar. 8, 2003) .........................................................................................16
13

14  *Guifu Li v. A Perfect Day Franchise, Inc.,*
        2012 WL 929784 (N.D. Cal. Marc. 19, 2012) .........................................................15

15  *Inventio AG v. ThyssenKrupp Elevator Americas Corp.,*
        2009 WL 2408422 (D. Del. Aug. 3, 2009) ..............................................................13
16

17  *LG Electronics Inc. v. Q-Lily Computer Inc.,*
        211 F.R.D. 360 (N.D. Cal. 2002) ...........................................................................19

18  *Michilin Prosperity Co., Ltd. V. Fellowes Mfg. Co.,*
        2006 WL 1441575 (D.D.C. May 23, 2006) .............................................................13
19

20  *Regents of University of Minnesota v. AGA Medical Corp.,*
        717 F.3d 929 (Fed. Cir. 2013) ...............................................................................18

21  *Transclean Corp. v. Bridgewood Servs., Inc.,*
        290 F.3d 1364 (Fed. Cir. 2002) .............................................................................15
22

23  *Von Brimer v. Whirlpool Corp.,*
        536 F.2d 838 (9th Cir. 1976) ..................................................................................15

24  *Warner-Lambert Co. v. Teva Pharma. USA, Inc.,*
        2006 WL 267328 (D. N.J. Jan. 31, 2006) ...............................................................15
25

26  *Whitserve LLC v. Computer Patent Annuities North America, LLC,*
        2006 WL 1273740 (D. Conn. May 9, 2006) ............................................................13

27  *Yeti by Molly, Ltd. V. Dechers Outdoor Corp.,*
        259 F.3d 1101 (9th Cir. 2001) ................................................................................18

28

1

**Statutes**

2   35 U.S.C. 112(6) .................................................................................................2

3   Fed. R. Civ. P. 26 .............................................................................................18

4   Fed. R. Civ. P. 26(a)....................................................................................12, 14

5   Fed. R. Civ. P. 26(e)....................................................................................12, 14

6   Fed. R. Civ. P. 37 .............................................................................................15

7   Fed. R. Civ. P. 37(b).........................................................................................18

8   Fed. R. Civ. P. 37(b)(2)(A) ..............................................................................18

9   Fed. R. Civ. P. 37(c)(1) ..........................................................................12, 14, 18

10  Fed. R. Civ. P. 37(c)(1)(b) ...............................................................................14

11  Fed. R. Civ. P. 37(c)(1)(d) ...............................................................................14

12  Fed. R. Civ. P. 37(d).........................................................................................18

13  Fed. R. Civ. P. 37(d)(1).....................................................................................18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      PRELIMINARY STATEMENT**

Apple's expert reports are rife with theories and arguments that Samsung saw for the first time when it reviewed Apple's expert reports.   Although the Federal Rules of Civil Procedure and the Case Management Order set out unambiguous obligations for the disclosure of contentions and facts supporting expert opinions, Apple has failed to comply with both in this case.   Both the Rules and Samsung's interrogatories required Apple to divulge their contentions during discovery, but Apple made a strategic decision to wait until it served its expert reports to disclose these theories.   Such "trial by ambush" tactics leave Samsung without an opportunity to conduct discovery on these new theories and without an opportunity to respond.

For example, Dr. Fuja, Dr. Storer, and Dr. Taylor, Apple's technical experts for Samsung's patents, predicate many of their opinions on claim constructions that Apple failed to disclose during discovery in response to Samsung's Interrogatory No. 46 asking for Apple's claim constructions.   Rather than respond to Samsung's interrogatory, Apple intentionally withheld its claim construction theories until the service of its expert reports, when Samsung could no longer account for or respond to Apple's positions.   Additionally, Dr. Storer goes so far as to rely on claim constructions that were not only not disclosed, but are *contrary* to the Court's *Markman* Order.   Because Samsung has been prejudiced by Apple's strategic decision to withhold critical information from Samsung, and by Apple's failure to adhere to the Court's *Markman* Order, the offending portions of Apple's expert reports should be stricken.

Similarly, Dr. Fuja, Apple's expert on Samsung's '596 patent, introduced entirely new noninfringement theories that were not disclosed in response to Samsung's Interrogatory No. 12, which requested the disclosure of all such theories.   Nor did Apple otherwise raise these theories prior to serving Dr. Fuja's rebuttal report.   The Court should hold Apple to the positions it articulated during discovery and strike the portions of Dr. Fuja's report that go beyond those disclosures.   Apple's untimely disclosure of these new contentions in Dr. Fuja's rebuttal report prejudices Samsung by preventing Samsung's expert from addressing these new positions.

1   Allowing Apple to proceed at trial with these noninfringement theories would violate the basic

2   rules of fairness.

3   **II.    STATEMENT OF RELEVANT FACTS**

4          **A.    Apple's Experts, Drs. Fuja, Storer and Taylor, Relied On Claim Constructions
               That Were Not Disclosed In Response To Samsung Interrogatory No. 46**

5

6          On June 7, 2013, Samsung served Interrogatory No. 46, which sought Apple's claim

7   construction positions for the asserted claims.   Interrogatory No. 46 states:

8          For each asserted claim for each Samsung Patent, and each Apple Patent-in-Suit identify:
           (1) a list of all claim terms that YOU contend has a meaning other than plain meaning
9          and should be construed by the Court and identify any claim term which YOU contend
           should be governed by 35 U.S.C. Section 112(6); (2) YOUR construction of each term
10         identified for claim construction, including for each term YOU contend is governed by 35
           U.S.C. 112(6), the structure(s), act(s), or material(s) corresponding to that term's
11         function; and (3) for each identified term, all references from the specification or
           prosecution history that supports YOUR construction and a designation of any supporting
12         extrinsic evidence including, without limitation, dictionary definitions, citations to
           learned treatises and prior art, and testimony of percipient and expert witnesses.
13         Extrinsic evidence shall be identified by production number or by producing a copy if not
           previously produced.   With respect to any supporting witness, percipient or expert,
14         provide a description of the substance of that witness' testimony that includes a listing of
           any opinions to be rendered to support YOUR construction.
15

16

17  Apple served its responses and objections to Samsung's Interrogatory No. 46 on July 15, 2013, the

18  same day fact discovery closed.   (Briggs Decl., Ex. 1, Apple's Objections and Responses to

19  Interrogatory No. 46, July 15, 2013, at p. 51-53).   Apple failed, however, to provide a substantive

20  response to this interrogatory.   Instead, Apple ███████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████   ████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████   (*Id.* at 52-53).

25         Following Apple's failure to respond, the parties met and conferred regarding

26  supplementation of Apple's response to Interrogatory No. 46.   Through the meet and confer

27  process, Apple would only agree to provide a response if Samsung provided the information as

28

1   well.   But Apple never served an interrogatory or any other discovery requesting the same

2   information that Samsung requested—despite serving all 50 allocated interrogatories on Samsung.

3         Apple then sought to delay the disclosure of its claim construction positions by stating it

4   would seek a schedule for such disclosures with the Court.   (Briggs Decl., Ex. 2, July 19, 2013

5   Letter from Kolovos to Thakur) ("Apple presently intends to request that Judge Koh set a schedule

6   for a supplemental claim construction process at the July 31 case management conference").

7   Samsung disagreed that the claim construction schedule relieved Apple of the duty to provide the

8   requested information in response to Samsung's interrogatory.   (Briggs Decl., Ex. 3, July 19, 2013

9   Letter from Thakur to Stone and Kolovos) ("Apple's objection is that the court set a process for

10  claim construction and this interrogatory seeks information additional to the court's process.

11  Samsung stated the purpose of this interrogatory was to determine whether Apple contends other

12  terms need to be construed.").   On July 22, 2013, the parties agreed not to file any motions to

13  compel regarding this issue and all other outstanding discovery issues, but did not agree not to

14  challenge Apple's response to Interrogatory No. 46 in any other way.   (Briggs Decl., Ex. 4, E-mail

15  from Thakur to Stone and Kolovos, at 6) ("As a result of this Agreement, neither party will not

16  [sic] file any motions to compel today, July 22, 2013.").

17        During the July 31 Case Management Conference, Apple requested that the Court either

18  undertake additional claim construction or order the parties to meet and confer regarding claim

19  construction.   (Dkt. No. 750, July 31, 2013 Case Management Conference Transcript, at 20:3-

20  26:13).   The Court denied Apple's request, stating, "[i]f what you're requesting is that I order

21  Samsung to meet and confer now, I'm not going to do that."   (*Id.* at 25:24-26:1).   Following the

22  Court's denial of Apple's request, Apple again failed to provide a substantive response to

23  Interrogatory No. 46.

24        The parties served their opening expert reports on August 12, 2013 and rebuttal expert

25  reports on September 13, 2013.   In their opening and rebuttal reports, Apple's experts rely on a

26  host of new claim constructions that were never disclosed during fact discovery, despite being

27  directly responsive to Samsung's Interrogatory No. 46.

28        *Dr. Thomas E. Fuja*

1    On August 12, 2013, Apple served Dr. Fuja's opening expert report which contains his

2    invalidity opinions on Samsung's '087 and '596 patents.   (Briggs Decl., Ex. 5, Fuja Opening

3    Report).   On September 13, 2013, Apple served Dr. Fuja's rebuttal expert report which contains

4    his noninfringement opinions on Samsung's '087 and '596 patents.   (Briggs Decl., Ex. 6, Fuja

5    Rebuttal Report).   In both reports, Dr. Fuja disclosed opinions that were based on previously

6    undisclosed constructions for certain terms in these patents.   The opinions he offers are based on

7    constructions that were not disclosed in response to Interrogatory No. 46.

8    Dr. Fuja relied on the following constructions of terms in the asserted '596 and '087 claims

9    that were not disclosed in Apple's response to Interrogatory No. 46:

10   **'596 Patent**

11   ■ ███████████████████████████████████

12   ███████████████████████████████████████
     ███████████████████████████████████████

13   ███████████████████████████████████████
     ████████

14   ■ ████████████████████████████████████

15   ███████████████

16   ■ ███████████████████████████████████

17   ████████████████████

18   ■ ██████████████████████████████████████

19   ███████████████████████████

20   ■ ██████████████████████████████████

21   ███████████████████████████████████
     ████████████████████

22   **'087 Patent**

23   ■ █████████████████████████████████████████

24   ██████████████

25   ***Dr. James Storer***

26   On August 12, 2013, Apple served Dr. Storer's expert report which contains his invalidity

27   opinions on Samsung's '239 and '449 patents.   (Briggs Decl., Ex. 7, Storer Opening Report).   On

28   September 13, 2013, Apple served Dr. Storer's rebuttal report which contains his noninfringement

1   opinions on Samsung's '239 and '449 patents.   (Briggs Decl., Ex. 8, Storer Rebuttal Report).   In

2   both reports, Dr. Storer offers numerous opinions on the construction of certain terms in the '449

3   and '239 patents.   The opinions he offers are based on constructions that were not disclosed in

4   response to Interrogatory 46.

5        First, Dr. Storer offers several opinions on the constructions for each of the means plus

6   function terms in the asserted '239 patent.   However, Apple failed to disclose any of these

7   constructions in response to Interrogatory No. 46 despite the fact that the means plus function

8   claims necessarily required construction.   Instead, Apple and Dr. Storer disclosed constructions

9   for the first time in Dr. Storer's opening expert report.   (Briggs Decl., Ex. 7, Storer Opening

10  Report ¶¶ 662-674).   Dr. Storer then revised and in some cases elaborated on these constructions

11  in Dr. Storer's rebuttal expert report.   (Briggs Decl., Ex. 8, Storer Rebuttal Report, ¶¶ 428-462).

12       Second, Dr. Storer offers several noninfringement opinions based on constructions for

13  certain terms in the asserted '449 patent.   However, these constructions were not disclosed in

14  response to Interrogatory No. 46.   The offending opinions include:

15
16
17
18
19
20
21
22
23
24
25
26
27
28

███████████████████████████████████████████████████████████████
██████████████████████

***Dr. Richard Taylor***

On August 12, 2013, Apple served Dr. Taylor's expert report which contains his invalidity opinions on Samsung's '757 patent.   (Briggs Decl., Ex. 9, Taylor Opening Report).   On September 13, 2013, Apple served Dr. Taylor's rebuttal report which contains his noninfringement opinions on Samsung's '757 patent.   (Briggs Decl., Ex. 10, Taylor Rebuttal Report).   In both reports, Dr. Taylor offers several opinions based on constructions for certain terms in these patents. The opinions he offers are based on constructions that were not disclosed in response to Interrogatory No. 46.

■   ██████████████████████████████████████████████
       ██████████████████████████████████████████████
       ██████████████████████████████████████████████
       ████████████

■   ███████████████████████████████████████████
       ████████████████████████████████████████████████
       ████████████████████████████████████████████████
       ██████████████████████

■   ████████████████████████████████████████████
       ██████████████████████████████████████████████
       ████████████████████████████████████████████
       ████████████

■   █████████████████████████████████████████████
       ████████████████████████████████

**B.**   <u>**Dr. Fuja Relies On Noninfringement Arguments That Were Not Disclosed To Samsung During Fact Discovery**</u>

On September 25, 2012, Samsung served Interrogatory 12 which sought Apple's noninfringement positions.   Interrogatory No. 12 states:

> If YOU contend or believe that YOU do not infringe any asserted claim of the SAMSUNG PATENTS, state with specificity the complete factual and legal bases for such contention or belief.

1    Apple served its responses and objections to Samsung's Interrogatory No. 12 on July 15, 2013.

2    (Briggs Decl., Ex. 11, Apple's Objections and Responses to Interrogatory No. 12, July 15, 2013, at

3    p. 187-208).

4          On September 13, 2013, Apple served Dr. Fuja's rebuttal expert report which contains his

5    noninfringement opinions on Samsung's '087 and '596 patents.   (Briggs Decl., Ex. 6, Fuja

6    Rebuttal Report).   In his rebuttal report, Dr. Fuja provided noninfringement opinions for the '596

7    patent that are *different* than those disclosed in Apple's response to Interrogatory No. 12 and were

8    never disclosed to Samsung during fact-discovery.   Since these theories were not disclosed until

9    Dr. Fuja's expert report, Samsung was left without an opportunity to conduct discovery on these

10   new theories and without an opportunity to respond.

11         ***First***, in response to Interrogatory No. 12, Apple contended that the ███████████████

12   ████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████

14       ███████████████████████████████████████████████████████████

15       █████████████████████████████████████████████

16   (Briggs Decl., Ex. 11, Apple's Objections and Responses to Interrogatory No. 12, July 15, 2013, at

17   p. 192).   Dr. Fuja, however, offered a different opinion that the ████████████████████

18   ████████████████████████████████████████████████████████████████████

19   ██████████████████████████

20       ██████████████████████████████████████████████████████████████

21       ████████████

22   (Briggs Decl., Ex. 6, Fuja Rebuttal Report, ¶ 442) (emphasis added).   Apple's contention ████

23   ████████████████████████████████████████████████████████████████████

24   ██████████████████ while Dr. Fuja's opinion limits ████████████████████████████████

25   ████████████████████████ Dr. Fuja's opinion ██████████████████████████████

26   ████████████████████████████████████████ was not disclosed in response to

27   Interrogatory No. 12 and was not disclosed to Samsung during fact discovery.

28

1    **Second**, in response to Interrogatory No. 12, Apple contended that the ███████████

2    ████████████████████████████████████████████████████████

3    ████████████████████████████████████

4    █████████████████████████████████████████████

5    ██████████████████████████████████████████████████

6    ██████████████████

7    (Briggs Decl., Ex. 11, Apple's Objections and Responses to Interrogatory No. 12, July 15, 2013, at

8    p. 192).   Apple's response did not ██████████████████████████████████████████

9    ████████████████████████████████████████████████████████

10   Dr. Fuja's noninfringement opinion, however, was not based ██████████████████████

11   ████████████████████████████████████████████████████████████

12   ███████████████████████████    To support his noninfringement opinion,

13   Dr. Fuja opined that

14   █████████████████████████████████████████████

15   ██████████████████████████████████████████████████

16   (Briggs Decl., Ex. 6, Fuja Rebuttal Report, ¶ 460).   At Dr. Fuja's deposition, counsel for Samsung

17   asked Dr. Fuja ████████████████████████████████████████████

18   ███████████████████████    █████████████████████████████████████████

19   ███████████████████████████████████

20   ██    █████████████████████████████████████

21   ███████████████

22   ██    ████████████████████████████████████████████

23   █████████████████████████████████████████████████

24   (Briggs Decl., Ex. 12, Fuja Depo., at 290:8-13) (emphasis added).   Apple's response to

25   Interrogatory No. 12 never stated ███████████████████████████████████

26   ████████████████████████████████████    ███████████████

27   ███████████████    is absent from Apple's entire response to Interrogatory No. 12 and was not

28   disclosed to Samsung during fact discovery.

1   **Third**, in response to Interrogatory No, 12, Apple ██████████████████

2   ████████████████████████████████████████████████████████████████████████

3   ██████████████

4   ██████████████████████████████████████████████████████

5   ██████████████████████████████████

6   (Briggs Decl., Ex. 11, Apple's Objections and Responses to Interrogatory No. 12, July 15, 2013, at

7   p. 195).   Dr. Fuja, however, opined that the ████████████████████████████

8   ██████████████████████████████████████████████████████████████

9   ████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  (Briggs Decl., Ex. 6, Fuja Rebuttal Report, ¶ 448) (emphasis added).   Apple's response to

14  Interrogatory No. 12 never stated that the ████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████.   The first time Apple notified Samsung of this noninfringement

17  theory was when it served Dr. Fuja's expert report.

18  Each of these noninfringement opinions are based on theories that Apple never disclosed to

19  Samsung during fact discovery.

20  **C.    Dr. Storer Relies On Claim Constructions That Are Contrary to the Court's**
       ***Markman* Order**

22  During late 2012 and early 2013, the parties participated in a claim construction process

23  that resulted in the Court's April 10, 2013 Order Construing Disputed Claim Terms of U.S. Patent

24  Nos. 5,579,239; 5,666,502; 5,946,647; 5,577,757; 7,756,087; 7,761,414; 8,014,760.   (Dkt. 447)

25  ("*Markman* Order").   The Court construed nine terms in all, including two means plus function

26  terms from claim 1 of the '239 patent.   The parties agreed on the function of the means plus

27  function terms, and the Court provided constructions of those terms, as shown below:

28

| '239 Patent Claim Term | Agreed-Upon Function | Court's Construction |
|---|---|---|
| "means for capturing, digitizing, and compressing at least one composite signal" | "capturing, digitizing, and compressing at least one composite signal" | "an audio capture card, and a video card having a video capture module" |
| "means for transmitting said composite signal" | "transmitting said composite signal" | "one or more modems connected to one or more cellular telephones, telephone lines, and/or radio transmitters, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file" |

In his opening and rebuttal expert reports, Dr. Storer offered opinions based on constructions that are contrary to the Court's constructions.

First, Dr. Storer applied a definition for the term "modem" that further narrowed the Court's definition for the term "modem." The Court found that "a modem is necessary to transform digital data into analog before transmission over analog frequencies . . . ." (*Markman* Order at 60 n.13). Rather than use this definition, Dr. Storer requires a ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1   ████      ████████████████████████████████

2   ██████████████████████████████████████

3   (Briggs Decl., Ex. 13, Storer Depo., 346:1–23 (emphasis added); *see also id*. 351:21–352:20).

4       Second, Dr. Storer applied a new construction for the function of "means for capturing,

5   digitizing, and compressing at least one composite signal."   The parties agreed during the

6   *Markman* process that the function for this claim limitation was "capturing, digitizing, and

7   compressing at least one composite signal," and the Court adopted that function.   (*Markman* Order

8   at 46).   However, Dr. Storer changed the function to require ███████████████████████

9   ██████████████████     ██████████████████████████████   ███

10  ████████████████████████████████████████

11  █████████████████████████████     ███████████████████

12  ███████████████████████████████     █████████████

13  ████

14      Dr. Storer also changed the Court's construction of the corresponding structure for "means

15  for capturing, digitizing, and compressing at least one composite signal."   The Court found the

16  structure to be "an audio capture card, and a video card having a video capture

17  module."   (*Markman* Order at 55).   Dr. Storer piled on several new limitations.   In his report, Dr.

18  Storer stated that ██████████████████████████████████████

19  ██████████████████████████████████     ██████████

20  ██████████████████████████████████████████

21  █████████████████████████████████████

22  ███████████████     ███████████████   ██████████████████

23  ██████████████████     ███████████

24      Finally, Dr. Storer changed the Court's construction of the corresponding structure for

25  "means for transmitting said composite signal."   The Court determined that the structure is "one

26  or more modems connected to one or more cellular telephones, telephone lines, and/or radio

27  transmitters, and software performing a software sequence of initializing one or more

28  communications ports on the remote unit, obtaining the stored data file, and transmitting the stored

1  data file." (*Markman* Order at 63).   In his report, Dr. Storer stated that ███████████

2  ████████████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████        Similarly, Dr. Storer added limitations to the term "data file," which is

6  also part of the Court's construction.  ████████████████████████████████████

7  ██████████████████   ███████████████

8  ## III.    ARGUMENT AND CITATION OF AUTHORITY

9    ### A.    Apple's Expert's Opinions Should Be Stricken Because They Rely On Claim Constructions That Were Not Disclosed In Response To Interrogatory No. 46

11      Apple was obligated under the Federal Rules and the Court's Scheduling Order to disclose

12  all relevant facts and contentions to Samsung in its responses to Samsung's discovery requests.[1]

13  The rules exist to ensure that the parties will not be sandbagged with last-minute disclosures or

14  game-changing theories.  *See* Fed. R. Civ. P. 37(c)(1) (any party "fail[ing] to provide information

15  . . . as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply

16  evidence on a motion, at a hearing, or at trial").

17      Apple failed to satisfy even its most basic obligations under the Federal Rules.   Samsung

18  served Interrogatory 46, specifically seeking disclosure of Apple's claim construction theories.

19  Yet Apple refused to respond, stating ██████████████████████████████████████████

20  ████████████████████████████████████████████████████ (Briggs

21  Decl., Ex. 1, Apple's Objections and Responses to Interrogatory No. 46, July 15, 2013, at p. 51-

22  53).   Apple should not be permitted to present its claim constructions for the first time in its expert

23  reports, when it failed to disclose these positions in response to Interrogatory 46.      Moreover,

24  Apple's excuses for its non-response are meritless.

---

26    [1] Apple's usage of its experts to assert claim constructions for additional terms,

27  especially after failing to respond to an on topic interrogatory, is also improper for

circumventing the Court's exclusive role in construing claim terms.

First, Apple could not properly withhold its legal theories regarding claim construction simply because the Court might address the issue in the future.   Apple had an "obligation to respond separately, fully, and truthfully" to Samsung's claim construction interrogatory, even if the Court has scheduled a *Markman* hearing for a future time.   *See Whitserve LLC v. Computer Patent Annuities North America, LLC*, 2006 WL 1273740 at *3 (D. Conn. May 9, 2006) (granting a motion to compel response to claim construction theories prior to a *Markman* hearing).   Apple was fully capable of responding to Samsung's interrogatory based on the information in its possession – namely, the patent, specification, and file history.   Thus, Apple was obligated to respond.   *See, e.g.*, *Michilin Prosperity Co., Ltd. V. Fellowes Mfg. Co.*, 2006 WL 1441575 at *2 (D.D.C. May 23, 2006) (finding that nothing in the court's Scheduling Order reserved claim construction disclosures to *Markman* proceedings); *see also Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 2009 WL 2408422 at *2 (D. Del. Aug. 3, 2009).

Second, Apple could not properly withhold its own response in order to seek a reciprocal response from Samsung.   During the meet and confer process, Apple suggested it would respond to Interrogatory No. 46, but only if Samsung disclosed its own claim construction positions. However, Apple's position was unreasonable, given that Apple had already served all 50 of its interrogatories without seeking discovery regarding Samsung's claim construction positions. Furthermore, fact discovery had already closed days prior on July 15, 2013.   Apple's request amounted to an attempt to improperly serve a 51st interrogatory on Samsung well after the close of fact discovery.   Thus Samsung appropriately refused to agree.

Indeed, the Court rejected Apple's efforts to obtain reciprocal claim construction disclosures from Samsung outside of the discovery process.   Two weeks after the close of fact discovery, Apple sought to have the Court initiate a meet and confer process to exchange claim construction positions.   However, the Court expressly rejected Apple's proposal: "If what you're requesting is that I order Samsung to meet and confer [regarding claim construction] now, I'm not going to do that."   (Dkt. No. 750, July 31, 2013 Case Management Conference Hearing Transcript, at 25:24-26:1).   Having failed to obtain relief from the Court, Apple had no more excuses for hiding its claim construction positions.   Yet Apple never supplemented its response.

1    Having intentionally and improperly withheld its theories and supporting evidence in

2   response to Interrogatory 46 and other interrogatories during fact discovery, Apple cannot now

3   surprise Samsung with entirely new claim construction positions during expert discovery.

4   Apple's tactics severely prejudiced Samsung during the preparation of its expert reports.   For

5   instance, Samsung was unable to account for Apple's claim construction positions in preparing its

6   opening expert reports on infringement.   Conversely, Apple was free to review Samsung's

7   infringement report before offering its own claim constructions in its noninfringement reports.   It

8   is perhaps no surprise that the bulk of Apple's undisclosed claim construction positions appear in

9   its rebuttal expert reports, in support of novel noninfringement positions.   Finally, by disclosing

10   most of its claim construction positions only in its rebuttal reports, Apple has simply given

11   Samsung no opportunity to respond in Samsung's opening or rebuttal reports.   In short, Apple

12   improperly withheld a response to Samsung's Interrogatory No. 46 in order to ambush Samsung

13   with new claim construction theories.   As such, Apple's reports should be stricken.

14       **B.       Dr. Fuja's Opinion Should Be Stricken Because He Relies On Noninfringement
             Arguments That were Not Disclosed During Fact Discovery**

15

16       For similar reasons discussed above, Dr. Fuja's newly disclosed noninfringement opinions

17   for the '596 patent should be stricken.   Apple's failure to disclose these theories in response to

18   Interrogatory No. 12 violated the Federal Rules of Civil Procedure and the Court's Case

19   Management Order.   It is axiomatic that any nondisclosure of information not disclosed in

20   response to an interrogatory is a violation of the Federal Rules of Civil Procedure.   *See, e.g.*, Fed.

21   R. Civ. P. 26(e).   A party that "fails to provide information . . . as required by Rule 26(a) or (e) . . .

22   is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at

23   trial."   Fed. R. Civ. P. 37(c)(1).   Failure to disclose information in response to an interrogatory

24   can result in exclusion of the expert witness' testimony based on the undisclosed information

25   "unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1), (b), and

26   (d).

27       Failure to obey a Case Management Order is also improper when the Order requires the

28   parties to complete fact discovery by a date certain (*i.e.*, the fact discovery cutoff date).   The

1  Court's Case Management Order required Apple to complete all fact discovery by July 15, 2013.

2  Failure to comply with a Case Management Order may result in Rule 37 sanctions.  *See Von*

3  *Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843 (9th Cir. 1976); *see also Guifu Li v. A Perfect Day*

4  *Franchise, Inc.*, 2012 WL 929784, at *18-19 (N.D. Cal. Marc. 19, 2012).   Unsurprisingly,

5  improper expert disclosures are prejudicial and harmful, turning discovery into a game of "blind

6  man's bluff."   Indeed, courts do not hesitate to punish a party that sandbags their opponents with

7  new and undisclosed theories by precluding the offending party from using the challenged portions

8  of a report, or even by striking an entire report.  *See Transclean Corp. v. Bridgewood Servs., Inc.*,

9  290 F.3d 1364, 1373-74 (Fed. Cir. 2002) (excluding noninfringement defense that was disclosed

10  after discovery cutoff); *see also Warner-Lambert Co. v. Teva Pharma. USA, Inc.*, 2006 WL

11  267328, at *7-8 (D. N.J. Jan. 31, 2006).

12       Dr. Fuja's rebuttal report contains numerous noninfringement theories for the '596 patent

13  that were never disclosed to Samsung during fact discovery.   These theories are clearly responsive

14  to Samsung's Interrogatory No. 12 which requested Apple to set forth all of its noninfringement

15  contentions to the '596 patent.   Apple had over nine months to respond and supplement its

16  response to Interrogatory No. 12 to disclose its noninfringement theories related to the '596 patent.

17  Instead, Apple waited until the deadline for its rebuttal expert reports—well after the close of fact

18  discovery—to ambush Samsung with new noninfringement theories that it has concealed for

19  strategic gain.   Because of Apple's gamesmanship, Samsung has had no meaningful opportunity

20  to investigate or respond to these improper theories, so any opinion that relies on them should be

21  stricken.

22       **C.**       **Dr. Storer's Opinion Should Be Stricken Because He Relies On Claim**
             **Constructions That Are Contrary To The Court's *Markman* Order**
23

24       Dr. Storer's opinions regarding the "means for capturing, digitizing, and compressing at

25  least one composite signal" and "means for transmitting said composite signal" limitations in

26  Claim 1 of the '239 patent should be stricken for failure to adhere to the Court's *Markman*

27

28

1  Order.[2]  The Court already construed these limitations.  Instead of applying these constructions,

2  Dr. Storer unilaterally modified the Court's claim constructions, adding limitations to terms within

3  those constructions and ignoring the Court's definition for "modem".  Expert testimony "must

4  adhere to the Court's claim constructions and must not apply alternative claim

5  constructions."  *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 5:11-cv-05973-PSG,

6  2013 WL 4537838 at *4 (N.D. Cal. Aug. 22, 2013).  Experts and parties are not permitted to

7  construe the Court's claim constructions.  *EZ Dock, Inc. v. Schafer Sys.*, Case No. 98-2364

8  (RHK/AJB), 2003 U.S. Dist. LEXIS 3634, *34–35 (D. Minn. Mar. 8, 2003).  Consequently, Dr.

9  Storer's opinions regarding these terms should be stricken.

10       Dr. Storer applied an alternative construction for "means for capturing, digitizing, and

11  compressing at least one composite signal."  The parties agreed during the *Markman* process that

12  the function for this claim limitation was "capturing, digitizing, and compressing at least one

13  composite signal," and the Court adopted that function.  *Markman* Order at 46.  However, Dr.

14  Storer reconstrued the function to be ██████████████████████████████████████

15  ████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████

17  ████████████████████   If Apple believed that this is the appropriate function, it should have

18  presented that argument during the *Markman* process.  Having failed to do so, Dr. Storer should

19  not be permitted to change the function at this point, and his opinions espousing and applying this

20  construction should be stricken.

21       Dr. Storer significantly changed the Court's construction of the corresponding structure for

22  "means for capturing, digitizing, and compressing at least one composite signal."  The Court

23  determined the structure is "an audio capture card, and a video card having a video capture

24  module."  (*Markman* Order at 55).  However, Dr. Storer construed cards to be ████████████

25

26     [2]   To the extent limitations of Claim 15 are ultimately construed in a manner similar

27  to these limitations in Claim 1, Dr. Storer's opinions regarding the limitations in Claim

15 should be stricken for the same reasons.

28

1   ████████████████████████████████████████████████████████

2   ███████████████████████████████████████████████████████████

3   █████████████████████████████████████████████████████████████████

4   ██████████████████████████████████████████████████   Again, Apple

never advocated for this construction, and the Court did not construe the claim limitation to have

this corresponding structure.  Dr. Storer's opinions advocating for and applying this construction

should be stricken.

        Similarly, Dr. Storer dramatically narrowed the Court's construction of the corresponding

structure for "means for transmitting said composite signal," adding significant narrowing

limitations.  The Court determined that the structure is "one or more modems connected to one or

more cellular telephones, telephone lines, and/or radio transmitters, and software performing a

software sequence of initializing one or more communications ports on the remote unit, obtaining

the stored data file, and transmitting the stored data file."  (*Markman* Order at 63).  However, Dr.

Storer construed "communications port" to be "██████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██   For the term "file," which is also part of the Court's construction, Dr. Storer construed it to

█████████████████████████████████████████████████   (*See id.* ¶ 643).  This claim

limitation was already construed, and Apple never advocated for this additional construction.  Dr.

Storer's opinions espousing and applying this new and narrower construction should be stricken.

        Finally, Dr. Storer ignored the Court's definition of the term "modem," which is part of the

Court's construction for "means for transmitting said composite signal."  The Court found that "a

modem is necessary to transform digital data into analog before transmission over analog

frequencies . . . ."  (*Markman* Order at 60 n.13).  However, Dr. Storer reconstrued "modem" to

require that it "████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████████

1    ███████████████████████████████████████████████   (Briggs

2    Decl., Ex. 13, Storer Depo., 346:1–23 (emphasis added); *see also id*. 351:21–352:20).   Dr. Storer

3    should not be permitted to unilaterally narrow the Court's constructions and ignore definitions

4    provided in the *Markman* order.   His opinions advocating for and applying this construction

5    should be stricken.

6    **D.    Apple's Failure To Comply With The Federal Rules And The Court's**
     **Scheduling Order Is Neither Harmless Nor Justified**

7

8         Failure to provide the disclosures mandated by Fed. R. Civ. P. 26 can result in exclusion of

9    the expert witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P.

10   37(c)(1); *Dominguez v. Excel Mfg., Inc.,* 2010 WL 5300863, at *5 (N.D. Cal. Dec. 20, 2010).

11   Rules 37(b) and (d) apply these preclusive sanctions equally where a party has failed to sufficiently

12   answer interrogatories.   Fed. R. Civ. P. 37(b)(2)(A), 37(d)(1).   The burden of proving an excuse

13   is on the party facing sanctions.   *See Yeti by Molly, Ltd. V. Dechers Outdoor Corp.,* 259 F.3d

14   1101, 1107 (9th Cir. 2001).   The four factors courts consider in evaluating harmlessness and

15   justification are:   "(1) prejudice or surprise to the party against whom the evidence is offered; (2)

16   the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4)

17   bad faith or willfulness involved in not timely disclosing the evidence."   *Dominguez,* 2010 U.S.

18   Dist. LEXIS 137582 at *5. Because all of these factors support Samsung's motion, the portions of

19   Apple's experts' reports which rely upon and cite to novel claim construction theories and novel

20   noninfringement theories should be stricken.

21        **1.    Samsung Suffered Significant Prejudice from Apple's Conduct**

22        Apple's claim construction positions are crucial to the determination of Apple's

23   noninfringement and invalidity positions.   The first step in determining infringement is to

24   determine the scope and meaning of the patent claims asserted.   *See, e.g., Cybor Corp. v. FAS*

25   *Technologies, Inc.,* 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*).   Similarly, to determine

26   anticipation, "first, the disputed claim terms are construed, then the construed claims are compared

27   to the prior art."   *See Regents of University of Minnesota v. AGA Medical Corp.*, 717 F.3d 929,

28

1    940 (Fed. Cir. 2013). Thus, an infringement or invalidity finding premised on an incorrect claim

2    construction is subject to reversal. *See, e.g.*, *Aria Diagnostics, Inc. v. Sequenom, Inc.*, No. 12-

3    1531, slip op. at 2 (Fed. Cir. Aug. 9, 2013). The importance of claim construction is underscored

4    by the Patent Local Rules, which are designed specifically to prevent the parties from altering their

5    claim construction positions. *See, e.g., LG Electronics Inc. v. Q-Lily Computer Inc.*, 211 F.R.D

6    360, 367 (N.D. Cal. 2002) (recognizing the need to "prevent the 'shifting sands' approach to claim

7    construction"). Yet Apple has brazenly violated the Federal Rules by failing to disclose its claim

8    construction positions. Accordingly, Apple should be limited only to those claim construction

9    theories it actually disclosed. *See Clintec Nutrition Co. v. Baxa Corp.*, 1998 WL 560284 at *8

10    (N.D.Ill. Aug. 26, 1998) (holding that "[Plaintiff] may only offer those theories of claim

11    interpretation it provided in its interrogatory answers.").

12      Here, Apple has simply failed to disclose its claim construction positions in response to

13    Samsung's Interrogatory No. 46 prior to submission of its opening and rebuttal expert reports. As

14    a result, Samsung was denied the opportunity to address these positions in Samsung's own expert

15    reports. Moreover, Apple preserved its ability to strategically alter these claim construction

16    positions in response to Samsung's expert reports. Such tactics go against the fundamental

17    premise of the Federal Rules and the Court's Scheduling Order. Expert opinions were submitted

18    *after* the close of fact discovery because they depend on facts disclosed *during* fact discovery.

19      Apple's conduct regarding Dr. Fuja's expert report was equally prejudicial. Not only did

20    Apple fail to disclose its noninfringement positions regarding the '596 patent, but Apple disclosed

21    *different* positions. Samsung had no opportunity to respond to Apple's surprise noninfringement

22    theories.

23            **2.**      **Samsung Is Unable to Cure the Prejudice Caused by Apple's Conduct**

24      At this point in the case, Samsung can do nothing to cure the prejudice caused by Apple's

25    concealment of claim construction positions and Apple's novel noninfringement positions.

26    Following the close of discovery on July 15, 2013, Samsung met and conferred with Apple to seek

27    a response to these interrogatories. Had Apple responded in a timely fashion, Samsung's

28    prejudice might have been lessened. Instead, Apple delayed its response and sought relief from

the Court during the July 31 case management conference.   When Apple's request for further Markman proceedings was denied, Apple still failed to supplement.   As a result, Samsung could not respond to these theories in either its opening or rebuttal expert reports.

### 3.   Likelihood of Disruption of the Trial

At this point, both fact and expert discovery is complete, and the parties have already filed dispositive motions regarding the patents.   It is simply too late for Samsung to take full discovery on undisclosed claim construction positions and noninfringement positions, conduct analysis based on Apple's positions, incorporate responses into its experts' opinions, dispositive motions and trial strategy, and prepare supplemental expert reports.   Apple has insisted on preserving the case schedule to maintain its trial date, and knew that its failure to disclose facts and theories would deprive Samsung the opportunity to respond.

### 4.   Apple's Failure to Disclose Was Willful

Apple's failure to substantively respond to Samsung's interrogatory requests can only be construed as purposeful concealment of critical evidence in bad faith.   Apple's claim construction positions could have been laid out long before Samsung served its interrogatories, simply based on the intrinsic evidence of the patent, the specification, and the prosecution history.   Samsung duly served an interrogatory seeking such information.   Yet Apple did not even attempt to provide a response, but set forth baseless objections to avoid providing any response.   Similarly, Samsung sought information regarding Apple's noninfringement positions.   Yet Apple offered new positions in its expert reports that were not previously disclosed.   Apple's continued failure to disclose its claim construction positions and noninfringement positions can only be described as deliberate and willful.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, those portions of Apple's expert reports that rely on undisclosed theories and claim constructions inconsistent with the Court's *Markman* order are improper, prejudicial, and should be stricken.

1   DATED: November 5, 2012         QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP
2

3

4                                       */s/ Victoria Maroulis*
                                    Charles K. Verhoeven
5                                   Kevin P.B. Johnson
                                    Victoria F. Maroulis
6                                   William C. Price
                                    Attorneys for SAMSUNG ELECTRONICS CO., I
7                                   SAMSUNG ELECTRONICS AMERICA, INC., a
                                    SAMSUNG TELECOMMUNICATIONS
8                                   AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S NOTICE OF MOTION AND MOTION TO STRIKE