# EXHIBIT 6

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-CV-00630-LHK<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FOURTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 733-938)** |

APPLE INC.'S OBJECTIONS AND RESPONSES TO
SAMSUNG'S FOURTEENTH SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS AND THINGS
Case No. 12-cv-00630 (LHK)

1

1  ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence,
2  including to the extent that they seek information regarding patents and patent claims not
3  asserted by Apple in the present litigation and are otherwise not relevant to the claims or
4  defenses of any party.  In particular, Apple notes that what was previously referred to as the
5  "best mode" requirement is no longer a statutory basis for challenging the validity of a patent
6  claim in an infringement proceeding under 35 U.S.C. § 282(b).  Apple further objects to this
7  Request on the grounds and to the extent that it seeks information that is not relevant to the
8  claims or defenses of any party and/or is not reasonably calculated to lead to the discovery of
9  admissible evidence.  Apple objects to this Request as not specifying with reasonable
10 particularity the documents sought, particularly with respect to the terms "All DOCUMENTS
11 RELATING TO," "any mode," "APPLE PATENTS," and "best mode" and the fact that this
12 Request is not limited in time.  Apple further objects to this Request to the extent it is duplicative
13 of other Requests.  Apple also objects to this Request to the extent that it seeks information
14 protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the
15 joint defense or common interest privilege, or any other applicable privilege, doctrine, or
16 immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).

17

18 **REQUEST FOR PRODUCTION NO. 908**
19     DOCUMENTS sufficient to show for each APPLE COVERED PRODUCT the
20 functionality that allegedly practices the relevant APPLE PATENT, including without limitation
21 any documents on which APPLE intends to rely to demonstrate that the APPLE COVERED
22 PRODUCT practices the relevant APPLE PATENTS.
23 **RESPONSE TO REQUEST NO. 908**
24     Apple objects to the terms "APPLE COVERED PRODUCT," APPLE PATENTS," and
25 "APPLE" in this Request as overly broad, unduly burdensome, vague, ambiguous, and not
26 reasonably calculated to lead to the discovery of admissible evidence, including to the extent that
27 they seek information regarding patents and patent claims not asserted by Apple in the present
28

1  litigation and are otherwise not relevant to the claims or defenses of any party.  Apple objects to
2  this Request as not specifying with reasonable particularity the documents sought, particularly
3  with respect to the terms "APPLE COVERED PRODUCT," APPLE PATENTS," and "APPLE"
4  and the fact that this Request is not limited in time.  Apple further objects to this Request to the
5  extent it is duplicative of other Requests.  Apple also objects to this Request to the extent that it
6  seeks information protected from disclosure by the attorney-client privilege, the attorney work
7  product doctrine, the joint defense or common interest privilege, or any other applicable
8  privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure
9  26(b)(4)(B).
10    Subject to and without waiving the foregoing General and Specific Objections, Apple has
11  produced or will produce responsive, non-privileged documents in Apple's possession, custody,
12  or control, if any, located after a reasonable search.
13
14  **REQUEST FOR PRODUCTION NO. 909**
15    All DOCUMENTS RELATING TO COMMUNICATIONS between SAMSUNG and
16  APPLE RELATING TO any SAMSUNG PATENT or APPLE PATENT. This request includes
17  without limitation any discussion concerning licensing or alleged infringement.
18  **RESPONSE TO REQUEST NO. 909**
19    Apple objects to this request on the grounds that and to the extent it is overly broad,
20  unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor
21  reasonably calculated to lead to the discovery of admissible evidence, including but not limited
22  to its use of the terms "All DOCUMENTS RELATING TO," "any COMMUNICATIONS."
23  Apple also objects to the request as overbroad, unduly burdensome, and not consistent with the
24  Federal Rules of Civil Procedure and Evidence to the extent it seeks production of documents
25  that are already in the possession, custody, or control of Samsung and/or its legal counsel,
26  publicly available, already known, and/or equally available to Samsung and/or its legal counsel.
27  Apple objects to this request on the grounds that and to the extent it is overly broad, unduly
28

burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds that it is not limited in time, and is not limited to claims and defenses in the present litigation.  Apple objects to this request on the grounds that and to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 852, and incorporates by reference its objections to Request No. 852.

Subject to and without waiving the foregoing General and Specific Objections, Apple is willing to meet and confer to discuss the scope and relevance, if any, of the documents sought by Samsung in response to this request.

**REQUEST FOR PRODUCTION NO. 910**

All DOCUMENTS and things RELATING TO the alleged nexus between any alleged commercial success of products embodying any alleged invention claimed by the APPLE PATENTS and the alleged advantages of the invention, including without limitation any customer surveys reflecting the bases for purchasing decisions.

**RESPONSE TO REQUEST NO. 910**

Apple objects to the terms "All DOCUMENTS and things RELATING TO," "alleged nexus," "alleged commercial success," "alleged invention," "APPLE PATENTS," "alleged advantages," "customer surveys," "reflecting," and "bases for purchasing decisions" in this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, including to the extent that they seek information regarding patents and patent claims not asserted by Apple in the present litigation and are otherwise not relevant to the claims or defenses of any party.  Apple further objects to this Request on the grounds and to the extent that it seeks information that is not relevant to the

1
2  Dated: April 10, 2013

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Mark D. Selwyn*_____
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Michael Silhasek, hereby certify that on April 10, 2013, true and correct copies of the foregoing document was served on the following counsel of record at the addresses and in the manner indicated:

**By Electronic Mail**

**Charles K. Verhoeven**
**Kevin A. Smith**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**Kevin P.B. Johnson**
**Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

**William C. Price**
**Michael L. Fazio**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com

1  **John M. Caracappa**
   Steptoe & Johnson LLP
2  1330 Connecticut Avenue, NW
   Washington, DC 20036
3  Telephone: (202) 429-6267
4  Facsimile: (202) 429-3902
   jcaracap@steptoe.com
5
   Dated:  April 10, 2013                    /s/ Michael Silhasek
6                                             Michael Silhasek