# EXHIBIT 7

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | HAROLD J. MCELHINNY (CA SBN 66781)<br>hmcelhinny@mofo.com<br>MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>        Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>        Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

request as duplicative of Samsung's other requests, including but not limited to Request Nos. 304, 309, and 317.

**REQUEST FOR PRODUCTION NO. 320:**

All DOCUMENTS RELATING TO the extent to which YOU have made use of the PATENTED FEATURES, including DOCUMENTS evidencing the value, if any, of that use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 320:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "have made use of," "PATENTED FEATURES," and "DOCUMENTS evidencing the value, if any, of that use." Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents. Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B). Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a product practices the asserted Apple Patents. Apple objects to this request on the grounds and to the extent it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence on the grounds and to the extent that it seeks documents other than those sufficient to show how the products that Apple believes to practice one or more of the asserted Apple Patent claims do practice the asserted Apple Patent claims,

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    30

and the related value.  Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request Nos. 305, 306, 311, 312, 313, 314, and 316.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 321:**

All DOCUMENTS reflecting calculations or estimates of the value of the use of the PATENTED FEATURES by anyone YOU contend infringes the APPLE PATENTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 321:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS reflecting," "calculations," "estimates," "value of the use," "PATENTED FEATURES," "value of the use of the PATENTED FEATURES," "by anyone YOU contend infringes the APPLE PATENTS," and "use."  Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents.  Apple further objects to this request as overly broad, unduly burdensome, vague, ambiguous, and as seeking information not reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents relating to the "value of the use of the PATENTED FEATURES," is not limited to the Apple products that Apple believes to practice one or more of the asserted Apple Patent claims, and is not limited in its temporal or geographic scope appropriately.  Apple objects to this request to the extent it seeks documents outside of Apple's possession, custody, or control.  Apple objects to this request on the grounds and to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                                31

this request to the extent it seeks confidential or proprietary information not made publicly available. Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation. Apple also objects to this request on the grounds and to the extent that it would require Apple to make a legal conclusion or implicate the mental impressions of counsel in order to make a proper response, including but not limited to being required to make a legal conclusion about whether a third party's product infringes the asserted Apple Patent claims. Apple also objects to this request as duplicative of Samsung's other requests, including but not limited to Request No. 314.

Subject to and without waiving the foregoing General and Specific Objections, Apple has produced or will produce non-privileged responsive documents in its possession, custody, or control, if any, that can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 322:**

All DOCUMENTS RELATING TO the portion of the profit or selling price of any smartphone or tablet that may be customary in the industry to allow for the use of the PATENTED FEATURES or comparable patented features.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 322:**

Apple objects to this request on the grounds and to the extent that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "ALL DOCUMENTS RELATING TO," "portion," "profit," "selling price," "customary," "industry," "to allow for the use of," "PATENTED FEATURES," and "comparable patented features." Apple objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, as well as not reasonably calculated to lead to the discovery of admissible evidence, particularly on the grounds that "PATENTED FEATURES" is defined as including "commercial embodiments" and is not limited to the asserted Apple Patents. Apple further objects to this request to the extent it seeks confidential or proprietary information not made publicly available. Apple objects to this request to the extent it seeks premature discovery of analyses performed by or opinions of experts in this litigation. Apple objects to this request to the extent it seeks premature

Gibson, Dunn & Crutcher LLP

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                32

1  the extent that it would require Apple to make a legal conclusion or implicate the mental impressions
2  of counsel in order to make a proper response.  Apple objects to this request to the extent it seeks
3  documents outside of Apple's possession, custody, or control, and/or seeks information that is
4  publicly available and is equally accessible to Samsung as it is to Apple.  Apple objects to this
5  request on the grounds and to the extent that it seeks information protected from disclosure by the
6  attorney-client privilege, the attorney work product doctrine, the joint defense or common interest
7  privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of
8  Federal Rule of Civil Procedure 26(b)(4)(B).  Apple further objects to this request to the extent it
9  seeks confidential or proprietary information not made publicly available.  Apple also objects to this
10 request as duplicative of Samsung's other requests, including but not limited to Request Nos. 328,
11 333, 334, 338, and 343 to 348, certain of which have a scope that is less overly broad, less unduly
12 burdensome, and more reasonably calculated to lead to the discovery of admissible evidence, and in
13 response to which Apple has agreed to produce non-privileged, responsive documents in its
14 possession, custody, or control, if any, that can be located after a reasonably diligent search.  Apple
15 objects to this request on the grounds because it is overly broad, unduly burdensome, and seeks
16 information that is neither relevant nor reasonably calculated to lead to the discovery of admissible
17 evidence.

GIBSON, DUNN & CRUTCHER LLP

Dated:  November 28, 2012            By:  /s/  H. Mark Lyon
                                          H. Mark Lyon

*Attorney for Plaintiff Apple Inc.*

APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S
SEVENTH SET OF REQUESTS FOR PROD. OF DOCUMENTS & THINGS
CASE NO.: 12-CV-00630-LHK (PSG)                    64

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

I, Angela L. Wilkins, hereby certify that on this 28th day of November, 2012, I did cause the following document to be served in the following manner:

**Apple's Objections and Responses to Samsung's Seventh Set of RFPs**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
**Quinn Emanuel Urquart & Sullivan, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
Telephone: (650) 801-5000
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

 X    **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2012 in Dallas, TX.

Dated:  November 28, 2012

*Angela L. Wilkins*
Angela L. Wilkins
Gibson, Dunn & Crutcher
2100 McKinney Ave., Suite 1100
Dallas, TX  75201
(214) 698-3145

CASE NO. 12-CV-00630-LHK
CERTIFICATE OF SERVICE

Gibson, Dunn &
Crutcher LLP