JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF EMILY FEDMAN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO ITS MOTION TO STRIKE ARGUMENTS FROM SAMSUNG'S INVALIDITY AND NON-INFRINGEMENT EXPERT REPORTS REGARDING APPLE PATENTS** |

I, Emily Fedman, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Apple's Administrative Motion to File Documents Under Seal Relating to Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents to confirm that certain documents and information contained in Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents ("Motion to Strike") are confidential and sealable.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Concurrent with Apple's Motion to Seal, Apple has filed its Motion to Strike, including the Declaration of Joshua Furman in Support of Apple's Motion to Strike ("Furman Declaration") and exhibits thereto.

3. Apple hereby seeks to seal documents and testimony referenced in Apple's Motion to Strike, the Furman Declaration, and exhibits thereto. Certain of these documents and testimony contain information designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" or "Attorneys' Eyes Only – Contains Source Code" or "Highly Confidential – Attorneys' Eyes Only Contains Highly Confidential Source Code Portion" by Apple, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), and/or third parties Google Inc. ("Google"), Microsoft Corporation ("Microsoft"), Erik Selberg, or Novell Inc. ("Novell") pursuant to the Protective Order entered in this case, or is otherwise believed to be deemed confidential by these parties.  Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow in its Motion to Strike or boxed in blue in the exhibits filed in support of Apple's Motion to Strike.  If a document contains information designated or otherwise considered to be confidential by Samsung or a third party, Apple has

1. highlighted that information in grey in its Motion to Strike, but where such information appears in the documents supporting Apple's Motion to Strike, did not highlight or otherwise box such information, but has filed the document entirely under seal.

**Apple's Confidential Information**

4. Apple's Motion to Strike as well as certain exhibits to the Furman Declaration contain Apple's highly sensitive and non-public information and should remain under seal. These documents include information related to Apple's confidential source code. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's confidential, non-public information.

5. As explained in Apple's previously-filed declarations concerning this same information, these documents include information related to Apple's confidential source code, which Apple considers to be highly confidential and the public disclosure of which would cause Apple significant harm. *See, e.g.,* Declaration of Cyndi Wheeler, D.I. 803-2; Declaration of Cyndi Wheeler, D.I. 685; Declaration of Henri Lamiraux, Case No. 11-cv-1846, D.I. 1505; Declaration of Beth Kellerman, Case No. 11-cv-1846, D.I. 1504-05; Declaration of Erica Tierney, Case No. 11-cv-1846, D.I. 2250. For example, as Ms. Wheeler explained, Apple maintains extremely tight controls on its source code that limits access to such source code, as Apple considers its unique source code to be its own trade secrets and the subject of independent economic value. See, e.g., D.I. 803 at ¶¶ 3-5; see also D.I. 685 at ¶¶ 3-10. Indeed, Apple has made significant investments in developing this source code. Id.

6. The potential harm to Apple from publicizing this limited source code information outweighing the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).

**Apple's Confidential Source Code Information**

7. As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012),

1   D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com,*
2   *LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).   The Court has
3   previously granted Apple's request to seal source code.  See, e.g., *Apple Inc. v. Samsung*
4   *Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting
5   Apple's request to seal source code and schematics related to the Apple iBook and iSight)
6   (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D.
7   Cal. 2011)) (granting Apple's request to seal trial exhibits containing highly confidential source
8   code)).

9       8.   The specific Apple technical information at issue here is non-public and considered
10  by Apple to be highly confidential and proprietary.  Apple restricts access to its source code
11  even within Apple; similarly, even in this litigation, source code is treated with the utmost
12  confidentiality and additional restrictions regarding its protection were implemented. *See, e.g.,*
13  D.I. 512 at ¶ 11; Declaration of Cyndi Wheeler, D.I. 803-2.

14      9.   The portions of the following documents that are enclosed by a blue box contain
15  Apple's highly confidential sensitive information relating to Apple's source code.  This source
16  code information is sealable for the reasons described above.

17      10. Apple's Motion to Strike identifies, on pages 6-7 highlighted in yellow, specific
18  Apple source code and its functionality for Apple's iSync software product – information that
19  is non-public, is protected very strictly by Apple, and that is considered by Apple to be its trade
20  secrets.  Apple derives independent economic value from its iSync source code, and would
21  suffer significant harm from its public disclosure, as described in further detail in Ms.
22  Wheeler's March 19, 2013 declaration.  *See* D.I. 405.  The information provided here could
23  ultimately be used to determine how Apple implements this particular functionality.  As Ms.
24  Wheeler further explained, information about iSync source code, such as its names and
25  structure, has been non-public and its exposure would cause Apple to lose significant
26  competitive advantage, as well as damage the significant investment that Apple has made in
27  developing this source code and the independent economic value that Apple derives from its
28

proprietary and confidential source code. *Id.; see also, e.g.,* Wheeler Declaration, D.I. 803; Wheeler Declaration, D.I. 685.

11. Exhibit 1 to the Furman Declaration, which consists of excerpts of the Expert Report of Jeffrey Chase, Ph.D. Regarding the Invalidity of the Asserted Claims of the U.S. Patent No. 7,761,414 identifies and explains the specific functionality of portions of Apple's source code for its iSync and SyncServices – information that is non-public, is protected very strictly by Apple, and that is considered by Apple to be its trade secrets. Apple derives independent economic value from its iSync and SyncServices source code, and would suffer significant harm from its public disclosure, as described in further detail in Ms. Wheeler's March 19, 2013 declaration. *See* D.I. 405. The information provided here could ultimately be used to determine how Apple implements this particular functionality. As Ms. Wheeler further explained, information about the specific functions and operation of iSync and SyncServices source code, such as its names and structure, has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.; see also, e.g.,* Wheeler Declaration, D.I. 803; Wheeler Declaration, D.I. 685. As discussed below this document also contains information that may be considered confidential by Samsung and/or a third party.

12. Exhibit 2 to the Furman Declaration, which consists of annotated excerpts from the Expert Report of Jeffrey Chase, Ph.D. Regarding the Invalidity of the Asserted Claims of U.S. Patent No. 7,761,414 ("Chase Opening Report"), dated on August 12, 2013 and Chase Opening Report exhibit 1 identifies and explains the specific functionality of portions of Apple's source code for its iTunes and iSync – information that is non-public, is protected very strictly by Apple, and that is considered by Apple to be its trade secrets. Apple derives independent economic value from its iTunes and iSync source code, and would suffer significant harm from its public disclosure, as described in further detail in Ms. Wheeler's March 19, 2013 declaration. *See* D.I. 405. The information provided here could ultimately be used to determine how Apple implements this particular functionality. As Ms. Wheeler further

1  explained, information about the specific functions and operation of iTunes and iSync source
2  code, such as its names and structure, has been non-public and its exposure would cause Apple
3  to lose significant competitive advantage, as well as damage the significant investment that
4  Apple has made in developing this source code and the independent economic value that Apple
5  derives from its proprietary and confidential source code.  *Id.; see also, e.g.,* Wheeler
6  Declaration, D.I. 803; Wheeler Declaration, D.I. 685.  As discussed below this document also
7  contains information that may be considered confidential by Samsung and/or a third party.

8        13. Exhibit 6 to the Furman Declaration, which consists of annotated excerpts the
9  Expert Report of Martin Rinard, Ph.D., Regarding the Validity of Claims 24 and 25 of U.S.
10 Patent No. 6,847,959 ("Rinard Opening Report") Including Exhibits 1 and 9, dated August 12,
11 2013  identifies and explains the specific functionality of portions of Apple's source code for
12 its AppleSearch software, including particularly the structure of such source code –
13 information that is non-public, is protected very strictly by Apple, and that is considered by
14 Apple to be its trade secrets.  As Ms. Wheeler explained in her declaration addressing this
15 information in Exhibit D-1 to the Rho Declaration filed in support of Apple's Motion for
16 Partial Summary Judgment, see D.I. 803, the information contained in Exhibit 6 could be used
17 to determine how Apple structures and implements features and functionality of this software
18 and otherwise designed its suite of software.  This information is non-public; Apple considers
19 this information about its source code files to be trade secrets.  Public disclosure of this
20 information would be extremely harmful to Apple for the reasons described above.  Apple
21 derives independent economic value from its proprietary and confidential source code, and that
22 value thus would be diminished from its public disclosure.  As discussed below this document
23 also contains information that may be considered confidential by Samsung and/or a third party.

24       14. Exhibit 7 to the Furman Declaration, which consists of annotated excerpts from the
25 Rebuttal Expert Report of Martin Rinard, Ph.D. Regarding Noninfringement of Claims 24 and
26 25 of U.S. Patent No. 6,847,959, dated September 13, 2013, identifies and explains Apple's
27 source code for its Sherlock and Siri software, and information closely related to such source
28 code.  This information, regarding the identity and structure of Apple's source code, is non-

public, is protected very strictly by Apple, and that is considered by Apple to be its trade secrets. Indeed, this is particularly the case with respect to software that is currently available from Apple on its current line of products. *See* Wheeler Declaration, D.I. 405. Apple derives independent economic value from its source code, and would suffer significant harm from its public disclosure, as described in further detail in Ms. Wheeler's declarations of July 15, 2013, April 8, 2013, and March 19, 2013, for example. *See* D.I. 685; D.I. 405; 803. The information provided here could ultimately be used to determine how Apple implements this particular functionality, and otherwise allow Apple's competitors to replicate such features and functionality using this roadmap. As Ms. Wheeler further explained, information about the specific functions and structure of this source code has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.* As discussed below this document also contains information that may be considered confidential by Samsung and/or a third party.

15. Exhibit 27 to the Furman Declaration, which consists of Exhibit C-21 to Samsung's Fourth Amended Patent Local Rule 3-3 and 3-4 Disclosures contains information identifying file names within Apple's highly confidential source code, identifies the source code for particular functionality of Apple's "AppleSearch" client and server software, as well as quotes from such source code as well as describes in detail the particular functions of certain source code files. As Ms. Wheeler explained in her declaration addressing this information in Exhibit D-1 to the Rho Declaration filed in support of Apple's Motion for Partial Summary Judgment, see D.I. 803, the information contained in the Rinard Declaration and its Exhibit 1 could be used to determine how Apple implements features and functionality of this software and otherwise designed its suite of software. This information is non-public; Apple considers this information about its source code files to be trade secrets. Public disclosure of this information would be extremely harmful to Apple for the reasons described above. Apple derives

independent economic value from its proprietary and confidential source code, and that value thus would be diminished from its public disclosure.

16. Exhibit 28 to the Furman Declaration, which consists of excerpts of Exhibit D-10 to Samsung's Amended Patent Local Rule 3-3 and 3-4 Disclosures identifies and explains the specific functionality and structure of Apple's source code for its iSync – information that is non-public, is protected very strictly by Apple, and that is considered by Apple to be its trade secrets. Apple derives independent economic value from its iSync source code, and would suffer significant harm from its public disclosure, as described in further detail in Ms. Wheeler's March 19, 2013 declaration. *See* D.I. 405. The information provided here could ultimately be used to determine how Apple implements and structures this particular functionality. As Ms. Wheeler further explained, information about Apple's iSync source code, such as its names and structure, has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.; see also, e.g.,* Wheeler Declaration, D.I. 803; Wheeler Declaration, D.I. 685.

**Samsung and Third Party Confidential Information**

17. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that may be considered highly confidential by Samsung, Google, Microsoft, Novell, or Erik Selberg.

18. Exhibit 1 to the Furman Declaration, which consists of excerpts of the Expert Report of Jeffrey Chase, Ph.D. Regarding the Invalidity of the Asserted Claims of the U.S. Patent No. 7,761,414 contains information that may be considered highly confidential by Samsung as well as Third Party Microsoft. Apple supports sealing of the portion of Exhibit 1 that has been placed in a blue box. The remainder has been filed under seal because it contains information that may be considered confidential by Samsung and/or a third party.

19. Exhibit 2 to the Furman Declaration, which consists of annotated excerpts from the Expert Report of Jeffrey Chase, Ph.D. Regarding the Invalidity of the Asserted Claims of U.S. Patent No. 7,761,414 ("Chase Opening Report"), dated on August 12, 2013 and Chase Opening Report exhibit 1 contains information that may be considered highly confidential by Samsung. Apple supports sealing of the portion of Exhibit 1 that has been placed in a blue box. The remainder has been filed under seal because it contains information that may be considered confidential by Samsung, Microsoft, or Novell.

20. Exhibit 3 to the Furman Declaration consists of annotated excerpts from the Rebuttal Expert Report of Saul Greenberg, Ph.D., Regarding Noninfringement of the Asserted Claim 8 of U.S. Patent No. 8,046,721, dated September 13, 2013, contains information that may be considered highly confidential by Samsung.

21. Exhibit 4 to the Furman Declaration consists of annotated excerpts from the Expert Report of Dr. Kevin Jeffay Concerning Invalidity of U.S. Patent No. 5,946,647, dated August 12, 2013, contains information that may be considered highly confidential by Samsung.

22. Exhibit 5 to the Furman Declaration consists of annotated excerpts from the Rebuttal Expert Report of Dr. Kevin Jeffay Concerning Noninfringement of U.S. Patent No. 5,946,647, dated September 13, 2013, contains information that may be considered highly confidential by Samsung and/or Google.

23. Exhibit 6 to the Furman Declaration, which consists of annotated excerpts the Expert Report of Martin Rinard, Ph.D., Regarding the Validity of Claims 24 and 25 of U.S. Patent No. 6,847,959 ("Rinard Opening Report") Including Exhibits 1 and 9, dated August 12, 2013 contains information that may be considered highly confidential by Samsung.  Apple supports sealing of the portion of Exhibit 1 that has been placed in a blue box. The remainder has been filed under seal because it contains information that may be considered confidential by Samsung.

24. Exhibit 7 to the Furman Declaration, which consists of annotated excerpts from the Rebuttal Expert Report of Martin Rinard, Ph.D. Regarding Noninfringement of Claims 24 and 25 of U.S. Patent No. 6,847,959, dated September 13, 2013 contains information that may be

considered highly confidential by Samsung as well as third parties Google, Erik Selberg, . Apple supports sealing of the portion of Exhibit 1 that has been placed in a blue box. The remainder has been filed under seal because it contains information that may be considered confidential by Samsung and/or a third party.

25. Exhibit 8 to the Furman Declaration, which consists of annotated excerpts from the Rebuttal Expert Report of Dr. Daniel Wigdor Concerning Non-Infringement of U.S. Patent No. 8,074,172, dated September 12, 2013, contains information that may be considered highly confidential by Samsung.

26. Exhibit 9 to the Furman Declaration, which consists of a disc containing Video Exhibits to the Chase Opening Report, contains information that may be considered highly confidential by Samsung.

27. Exhibit 10 to the Furman Declaration, which consists of a disc containing Rinard Opening Report Video Exhibits Nos. 1-11 and 14-20, contains information that may be considered highly confidential by Samsung.

28. Exhibit 11 to the Furman Declaration, which consists of excerpts from the Initial Expert Report of Dr. Todd C. Mowry Regarding Infringement of U.S. Patent No. 5,946,647, dated August 12, 2013 contains information that may be considered highly confidential by Samsung or Google.

29. Exhibit 12 to the Furman Declaration, which consists of excerpts from the Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 and 7.761,414, dated August 12, 2013, contains information that may be considered highly confidential by Samsung and Google.

30. Exhibit 13 to the Furman Declaration, which consists of excerpts from the Rebuttal Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 and 7,761,414, dated September 13, 2013, contains information that has been designated highly confidential by Microsoft.

31. Exhibit 14 to the Furman Declaration, which consists of excerpts from the deposition transcript of Martin Rinard, dated October 2, 2013, contains information that may be considered highly confidential by Samsung and Google.

32. Exhibit 16 to the Furman Declaration, which consists of excerpts from the deposition transcript of Gary Hall, dated July 11, 2013, contains information that may be considered highly confidential by Microsoft.

33. Exhibit 17 to the Furman Declaration, which consists of excerpts from the deposition transcript of Sung-Geun Park, dated July 3, 2013, contains information that may be considered highly confidential by Samsung and Google.

34. Exhibit 22 to the Furman Declaration, which consists of excerpts from Samsung's Second Amended Patent Local Rule 3-3 and 3-4 Disclosures, dated April 2013, contains information that may be considered highly confidential by Samsung.

35. Exhibit 35 to the Furman Declaration, which consists of excerpts from Apple's First Supplemental Objections and Responses to Samsung's Third Set of Interrogatories (No. 26), contains information that may be considered highly confidential by Microsoft.

36. Exhibit 36 to the Furman Declaration, which consists of excerpts from Samsung's Further Supplemental Responses to Apple's First, Third, and Tenth Sets of Interrogatories (Interrogatory Nos. 8, 20, 24, 28, 29, 45), dated October 4, 2013, contains information that may be considered highly confidential by Samsung and Google.

37. Exhibit 37 to the Furman Declaration, which consists of Samsung's Third Supplemental Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41), dated July 15, 2013, contains information that may be considered highly confidential by Samsung and Google.

38. Exhibit 41 to the Furman Declaration, which consists of excerpts from Exhibit D-1 Samsung's Second Amended Patent Local Rule 3-3 and 3-4 Disclosures, dated April 2013, contains information that may be considered highly confidential by Microsoft.

39. Exhibit 42 to the Furman Declaration, which consists of excerpts from Samsung's Objections and Responses to Apple's Twelfth Set of Interrogatories (Nos. 47-50), dated July

15, 2013, contains information that may be considered highly confidential by Samsung and Google.

**Meet and Confer**

40. Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal (Motion to Strike) as a procedural mechanism for filing portions of Apple's Motion to Strike and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: November 5, 2013

*/s/ Emily Fedman*
Emily Fedman

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Emily Fedman has concurred in this filing.

Dated: November 5, 2013                    /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 5, 2013                    /s/ H. Mark Lyon