# EXHIBIT 30

1 | JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2 | H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3 | GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4 | Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
5 | Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

3    the attached subpoenas will be served on Google Inc.

4

5    Dated: September 28, 2012

6                                GIBSON, DUNN & CRUTCHER LLP

7

8                                By: _____
                                     H. Mark Lyon

9

10                                   Attorney for APPLE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.
CASE NO. 12-CV-00630-LHK

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/19/2012 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/28/2012

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Mark Lyon* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.    "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2.    "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.    "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.    "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.    "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.    "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.    "Apple" means Apple Inc.

8.    "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues. Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.    "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email, Messaging, Contacts, or Calendar applications of the Accused Products. Text Correction includes but is not limited to the "Enter &

2

Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/ bin/answer.py?hl=en&answer=1646288&topic= 1646287&ctx=topic, and http://developer.android.com/ reference/android/text/AutoText.html that permits a user to enter and edit text.

10.     "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface.  Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/Quick% 20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11.     "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address,

3

phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.    "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/adding-recent-query-suggestions.html.

13.    "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not

limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.     "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases. Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the onPerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

15.     "The '604 Reexamination Request" means the Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All documents should be produced as maintained in the ordinary course of business.

3.     If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

## REQUEST NO. 1

A copy of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products.

**REQUEST NO. 2**

A copy of each mobile platform and/or application, in source code form that includes Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 3**

A copy of each Android mobile platform, in source code form, used by Samsung in each of the Accused Products.

**REQUEST NO. 4**

A copy of each version of an Android-based Google Maps Android app provided with any of the Accused Products.

**REQUEST NO. 5**

A copy of each version of an Android-based YouTube Android app provided with any of the Accused Products.

**REQUEST NO. 6**

A copy of each version of an Android-based Google Play or Google Market Android app provided with any of the Accused Products.

**REQUEST NO. 7**

Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean

code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 8**

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the corresponding Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 9**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in each of the Accused Products.

**REQUEST NO. 10**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

**REQUEST NO. 11**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 12**

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 13**

Documents related to the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 14**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 15**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 16**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

**REQUEST NO. 17**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**REQUEST NO. 18**

All documents related to the '604 Reexamination Request.

**REQUEST NO. 19**

All documents related to communications between Google and any other party related to the '604 Reexamination Request.

**REQUEST NO. 20**

All documents related to communications between Motorola Mobility, LLC and any other party related to the '604 Reexamination Request.

**REQUEST NO. 21**

All documents related to communications between Motorola Mobility, LLC and any Samsung entity related to the '604 Reexamination Request.

**REQUEST NO. 22**

All documents related to the source of the references cited in the '604 Reexamination
Request.

**REQUEST NO. 23**

All documents related to any financial support provided to Motorola Mobility, LLC from
Google, Samsung or any other party related to the '604 Reexamination Request.

**REQUEST NO. 24**

All documents related to communications between King & Spalding and Quinn Emanuel
Urquhart & Sullivan, LLP in your possession, custody or control related to the Patents-in-Suit,
including, but not limited to, documents related to communications regarding the '604
Reexamination Request.

**REQUEST NO. 25**

All documents related to communications between you and Quinn Emanuel Urquhart &
Sullivan related to the '604 Reexamination Request.

**REQUEST NO. 26**

All documents related to the Declaration of Ray Larson Under 37 C.F.R. §1.132 and
MPEP 2618(II) filed in connection with the '604 Reexamination Request.

**REQUEST NO. 27**

All documents related to communications between you and Dr. Ray Larson related to
U.S. Patent No. 8,086,604.

**REQUEST NO. 28**

All documents related to communications between you and Samsung related to the Patents-in-Suit.

**REQUEST NO. 29**

All documents relating to the litigation between Apple and Samsung, entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.* (12-CV-0630), including, but not limited to, communications between you and any third party related to the preliminary injunction issued in that case, the '604 Patent, Unified Search, the Quick Search Box or any design changes to attempt to design-around the '604 Patent proposed by you.

**REQUEST NO. 30**

All documents related to communications between you and Samsung related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 31**

All documents relating to any of the Patents-in-Suit.

**REQUEST NO. 32**

All documents relating to when you first became aware of any of the Patents-in-Suit.

**REQUEST NO. 33**

All documents relating to any patents or patent applications related to any of the Patents-in-Suit, including continuations, divisionals, continuation-in-parts, parents, grandparents, or any other patent sharing a common family member to one of the Patents-in-Suit.

**REQUEST NO. 34**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 35**

All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 36**

All documents related to meetings, communications and negotiations between Shin Jong-kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Mr. Shin and Mr. Schmidt.

**REQUEST NO. 37**

All documents prepared by you in preparation for the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**REQUEST NO. 38**

All documents received from Samsung related to the planning, coordination, agenda, timing, topics of discussion, or rescheduling of the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

13

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Samsung Electronics Co., Ltd., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    12-CV-00630-LHK

(If the action is pending in another district, state where:

)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT 1.

| Place: 1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/26/2012 9:30 am |

The deposition will be recorded by this method:   _stenographically including real-time and videographically_

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   _09/28/2012_

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*       Apple Inc.
_(Plaintiff)_____ , who issues or requests this subpoena, are:
H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  12-CV-00630-LHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    JOSH A. KREVITT (CA SBN 208552)        HAROLD J. MCELHINNY (CA SBN 66781)
     jkrevitt@gibsondunn.com                hmcelhinny@mofo.com
2    H. MARK LYON (CA SBN 162061)           MICHAEL A. JACOBS (CA SBN 111664)
     mlyon@gibsondunn.com                   mjacobs@mofo.com
3    GIBSON, DUNN & CRUTCHER LLP            RICHARD S.J. HUNG (CA SBN 197425)
     1881 Page Mill Road                    rhung@mofo.com
4    Palo Alto, CA  94304-1211              MORRISON & FOERSTER LLP
     Telephone: (650) 849-5300              425 Market Street
5    Facsimile: (650) 849-5333              San Francisco, California 94105-2482
                                            Telephone: (415) 268-7000
6                                           Facsimile: (415) 268-7522

7

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

8

9                        UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13   APPLE INC., a California corporation,

14                  Plaintiff,

15        v.                                   CASE NO. 12-cv-00630-LHK (PSG)

16   SAMSUNG ELECTRONICS CO., LTD., a        **NOTICE OF DEPOSITION OF GOOGLE**
     Korean corporation; SAMSUNG             **INC.**
17   ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG
18   TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
19
                    Defendants.
20
     SAMSUNG ELECTRONICS CO., LTD., a
21   Korean corporation; SAMSUNG
     ELECTRONICS AMERICA, INC., a New
22   York corporation, and SAMSUNG
     TELECOMMUNICATIONS AMERICA,
23   LLC, a Delaware limited liability company,

24                  Counterclaim-Plaintiffs,

25        v.

26   APPLE INC., a California corporation,

27                  Counterclaim-Defendant.

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil Procedure and as set forth on the attached Subpoena, Plaintiff Apple, Inc., by and through counsel, will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA. 94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and for use at trial.

The deposition will begin at 9:30 a.m. on October 26, 2012, and continue day-to-day until completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA. 94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may jointly agree.

In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to the matters known by, or reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to be recorded both stenographically and by videotape, and a real-time transcription service such as LiveNote or similar software may be used.  The deposition will be taken by oral examination before a notary public or other person authorized by law to administer oaths.

Dated:  September 28, 2012

GIBSON, DUNN & CRUTCHER LLP

By: _____
H. Mark Lyon

Attorney for APPLE INC.

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.      "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.      "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.      "Apple" means Apple Inc.

8.      "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.      "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email application, Messaging application, Contacts application or Calendar application of the Accused Products.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/

2

www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py?hl=en&answer=1646288&topic=164628 7&ctx=topic, and http://developer.android.com/reference/android/text/AutoText.html that permits a user to enter and edit text.

10. "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface. Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/ label/Quick%20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11. "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address, phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the

3

Contacts application. Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12. "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data. Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/ adding-recent-query-suggestions.html.

13. "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call, and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user. Alternative Call Return includes but is not limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of

missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46

(*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/

www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

  14. "Data Synchronization" means software, features and functionality in any of the

Accused Products relating to the synchronization of a database concurrently with the execution

of a processing thread that allows user access to the database, such as email, contact information,

calendar, or photograph databases.  Data Synchronization includes but is not limited to the

concurrent execution of a synchronization thread with a user-level processing thread in Android

applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example,

processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97

(*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-

I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the

AbstractThreadedSyncAdapter class and the on PerformSync() process (described in

http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the

SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and

EmailSyncAdapterService classes (Android Source Code at SyncManager.java;

AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as

EmailSyncAdapterService.java, CalendarSyncAdapterService.java,

ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java,

and ExchangeService.java.

  15. "Accused Features" means Slide to Unlock, Text Correction, Unified Search,

Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization.

  16. "Document(s)" has the broadest possible meaning permitted by Federal Rules of

Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all

drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18. "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## DEPOSITION TOPICS

1. All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof.

2. The Android mobile platforms (including any source code) used in any of the Accused Products.

3. The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's September 28, 2012 Subpoena for Documents, Information, and Objects to you and the Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4. Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any of the Accused Products or in any version of Android.

5. Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

6.      The design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

7.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

8.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

9.      Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

10.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

11.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

12.     Revenue, profits and costs associated with any of the Accused Features.

13.     The Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685, including communications with any other person or entity related to that reexamination, the alleged prior art identified in that reexamination and all financial or other support received related to that request.

14.     Communications between you or your counsel and Samsung or its counsel related to the '604 Reexamination Request.

15.     The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun of Samsung and Eric Schmidt of Google, and any continuation thereof, including the purposes, intents, and goals of the meeting, preparations made for the meeting, subjects discussed during the meeting, and outcomes of the meeting.

1   JOSH A. KREVITT (CA SBN 208552)          HAROLD J. MCELHINNY (CA SBN 66781)
    jkrevitt@gibsondunn.com                    hmcelhinny@mofo.com
2   H. MARK LYON (CA SBN 162061)              MICHAEL A. JACOBS (CA SBN 111664)
    mlyon@gibsondunn.com                       mjacobs@mofo.com
3   GIBSON, DUNN & CRUTCHER LLP               RICHARD S.J. HUNG (CA SBN 197425)
    1881 Page Mill Road                        rhung@mofo.com
4   Palo Alto, CA  94304-1211                 MORRISON & FOERSTER LLP
    Telephone: (650) 849-5300                 425 Market Street
5   Facsimile: (650) 849-5333                 San Francisco, California 94105-2482
                                               Telephone: (415) 268-7000
6                                              Facsimile: (415) 268-7522

7

8   *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      SAN JOSE DIVISION

12

13  APPLE INC., a California corporation,

14              Plaintiff,

15       v.                                   CASE NO. 12-cv-00630-LHK (PSG)

16  SAMSUNG ELECTRONICS CO., LTD., a          **CERTIFICATE OF SERVICE**
    Korean corporation; SAMSUNG
17  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
19
                Defendants.
20
    SAMSUNG ELECTRONICS CO., LTD., a
21  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
22  York corporation, and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
23  LLC, a Delaware limited liability company,

24              Counterclaim-Plaintiffs,

25       v.

26  APPLE INC., a California corporation,

27              Counterclaim-Defendant.

28

I, Elizabeth Oldiges, hereby certify that on this 28th day of September, 2012, I did cause the following document to be served in the following manner:

- **Apple Inc.'s Notice of Third-Party Subpoenas to Google Inc.**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

**X**   **BY ELECTRONIC MAIL TRANSMISSION** from eoldiges@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2012 in Palo Alto, CA.

Dated:   September 28 2012

Elizabeth Oldiges