# EXHIBIT 34

Apple's Motion to Strike

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California 94304-1211 <br> Telephone: (650) 849-5300 <br> Facsimile: (650) 849-5333 | WILLIAM F. LEE (pro hac vice) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 526-6000 <br> Facsimile: (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br> HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California 94304 <br> Telephone: (650) 858-6000 <br> Facsimile: (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Civil Action No. 12-CV-00630-LHK <br><br> **PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S SIXTH SET OF INTERROGATORIES (NO. 41) TO DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Counterclaim-Plaintiffs, <br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim-Defendant. | |

APPLE INC. ("Apple") hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, that SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, ("Samsung" or "Defendants") respond to Apple's Sixth Set of Interrogatories.  Apple requests that Defendants answer the interrogatory below and serve their answers on Apple's counsel at the offices of Gibson, Dunn & Crutcher, LLP, 1881 Page Mill Road, Palo Alto, CA  94304-1211.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "Samsung," "You," "Your," and/or "Defendants" mean Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Defendants, and any current or former employee, officer, director, principal, agent, consultant, representative, or attorney thereof, or anyone acting on their behalf.

2. "Apple" means Apple Inc. and its subsidiary entities, divisions, predecessors, successors, present and former officers, directors, employees, representatives, agents, and anyone acting on its behalf.

3. "Accused Samsung Product" shall mean any "Accused Instrumentality" under Patent Local Rule 3-1 identified by Apple in its June 15, 2012 Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

4. "Accused Features" means any aspect, element or function of any Accused Samsung Product that is alleged to infringe any of the Apple Patents-in-Suit, including each function identified in Apple's Disclosure of Asserted Claims and Infringement Contentions and amendments and corrections thereto.

5. "Apple Patents-in-Suit" means U.S. Patent Nos. 5,946,647, 6,847,959, 8,046,721, 8,074,172, 8,014,760, 5,666,502, 7,761,414, and 8,086,604, individually and collectively.

6. "Product" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, or an assemblage of components or parts (either individually or collectively) that are designed to function together electronically, mechanically, chemically, or otherwise, including any offered for sale or under development.

7. "Jelly Bean" means version 4.1 and 4.2 of the Android operating system.

8. "Ice Cream Sandwich" means version 4.0 of the Android operating system.

9. "Honey Comb" means version 3 of the Android operating system.

10. "Gingerbread" means version 2.3 of the Android operating system.

11. "FroYo" means version 2.2 of the Android operating system.

12. "Source Code" means all source code, object code, executable code, scripts, byte-code and source code repositories that are used to execute, run, or used as a library for any particular software, operating system, application, app, component or other module.

13. "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

14. "Person(s)" means natural persons as well as business entities and associations of all sorts, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

15. "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

16. "Source Code Version" means all information used to identify the version of the Source Code including, but not limited to, the version number for the particular release of the Android Operating System (e.g., 2.3, 2.3.1, 2.3.2, 2.3.3, 2.3.4, 2.3.5, 2.3.6, 2.3.7, 4.0.1, 4.0.2, 4.0.3, 4.0.4, 4.1.1, 4.1.2, 4.2, 4.2.1, 4.2.2), release number (e.g., 4.1.1 r1, 4.1.1 r2), the code name (e.g.,

Ginger Bread, Honeycomb, Ice Cream Sandwich, Jelly Bean), build number (e.g., JRO03C.T999UVDLJA), all identifiers used by Samsung to identify a particular version of the Source Code, and information sufficient to identify that Source Code from within the other Source Code produced in this litigation.

17. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

18. The use of the singular form of any word includes the plural and vice versa.

19. The singular is to be construed as including the plural and vice versa. "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope. The term "all" is to be construed to mean "any" and "each" and vice versa.

20. "Including" shall be construed to mean "including, without limitation" or "including, but not limited to."

21. "Identify" means (1) when referring to a person, the person's full name, present or last known address and telephone number, and the last known title and place of employment; (2) when referring to non-patent documents, the production number or type of document, its general nature and subject matter, date of creation, and all author(s), addresses(s), and recipient(s); and (3) when referring to patent documents, the country, patent and/or application number, dates of filing, publications, and grant, and the names of patentees or applicants.

## INSTRUCTIONS

1. If Samsung contends that any Interrogatory is objectionable in whole or in part, please state with particularity each objection, the basis for it, and the categories of information to which the objection applies, and respond to the Interrogatory insofar as it's not deemed objectionable.

2. If Samsung finds the meaning of any term in these Interrogatories unclear, they shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

3. If Samsung is withholding or intends to withhold any information requested by an Interrogatory by reason of attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log identifying: (i) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (ii) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients, and any individual to whom the information, document, or communication was distributed, shown, or explained; (iii) the information, document, or communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests. Please provide this log at the time you serve your responses to this Interrogatory.

**INTERROGATORY**

**INTERROGATORY NO. 41**:

For each Samsung Accused Product, identify with specificity the Source Code Version of Source Code for the Android operating system for that Accused Product including all updates, releases, and post-initial release updates of the Source Code for that Accused Product, state the dates on which that software was available to be installed on that product, identify with specificity where the Source Code is located in Samsung's production, and state what publicly available version of Android the identified Source Code Version corresponds to.

Dated:  March 6, 2013                               GIBSON, DUNN & CRUTCHER LLP


By: */s/Mark Lyon*

***Attorneys for Apple Inc.***

<u>CERTIFICATE OF SERVICE</u>

I, Heather Fischer, hereby certify that on this 6th day of March, 2013, I did cause APPLE INC.'S SIXTH SET OF INTERROGATORIES TO DEFENDANTS AND COUNTERCLAIM PLAINTIFFS to be served on the parties identified below and in the manner so indicated.

**<u>ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC</u>**

William Price
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
Amar Thakur
**Quinn Emanuel Urquart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
williamprice@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com
amarthakur@quinnemanuel.com

John M. Caracappa
Huan-Yi Lin
Michael Heimbold
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracappa@steptoe.com
hlin@steptoe.com
mheimbold@steptoe.com

<u>X</u>   **BY ELECTRONIC MAIL TRANSMISSION** from hfischer@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses. The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated:   March 6, 2013           */s/Heather Fischer*
                                  Heather Fischer

Gibson, Dunn &
Crutcher LLP