JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S CORRECTED ADMINISTRATIVE MOTION TO FILE DOCUMENTS  UNDER SEAL (APPLE'S MOTION TO STRIKE ARGUMENTS FROM SAMSUNG'S INVALIDITY AND NON-INFRINGEMENT EXPERT REPORTS REGARDING APPLE PATENTS)** |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby move this Court for an order to seal the following documents:

1. Portions of the confidential, unredacted version of Plaintiff and Counterclaim-Defendant Apple Inc.'s Notice of Motion and Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents ("Apple's Motion to Strike");

2. Portions of the confidential, unredacted versions of Exhibits 1, 2, 6, 7, 27, and 28 to the Declaration of Joshua Furman ("Furman Declaration"); and

3. Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 22, 35, 36, 37, 41, 42, and 43 to the Furman Declaration.

Apple's Motion to Strike and exhibits to the Furman Declaration contain or discuss Apple's highly sensitive information regarding Apple source code. The supporting exhibits also contain information that may be considered highly confidential by third parties Microsoft and Google as well as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). Apple expects that Samsung and/or Google Inc. ("Google") and/or Microsoft Corporation ("Microsoft") and/or Erik Selberg and/or Novell, Inc. ("Novell") will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

**Confidential Information For Which Apple Supports Sealing**

Apple moves to seal the following documents because they contain Apple's confidential information:

1. Portions of Apple's Motion to Strike; and

2. Portions of Exhibits 1, 2, 6, 7, 27, and 28 to the Furman Declaration.

Apple has established good cause to permit the filing of this Apple confidential information under seal through the Declaration of Emily Fedman filed in support of this Administrative Motion to File Documents Under Seal ("Fedman Declaration"). Apple's Motion to Strike and Exhibits 1, 2, 6, 7, 27, and 28 to the Furman Declaration contain or discuss Apple's

highly sensitive information regarding Apple's proprietary source code files and the operation of those files. Apple in-house attorney Cyndi Wheeler explained that Apple has extremely tight controls on its source code to limit access and that revelation of source code or the underlying functionality of its products would cause Apple competitive harm.  Declaration of Cyndi Wheeler, D.I. 685.  Apple has established compelling reasons to permit the filing of the above Apple confidential information under seal through the accompanying Fedman Declaration as well as the previously filed declaration from Apple in-house attorney, Cyndi Wheeler. Declaration of Cyndi Wheeler, D.I. 803-02.

As detailed in the accompanying Fedman Declaration, the Apple confidential information referenced within Exhibits 1, 2, 6, 7, 11, 27, and 28 to the Furman Declaration includes discussion of and actual excerpts from Apple's highly proprietary source code.  Apple provides its source code with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. Declaration of Cyndi Wheeler, D.I. 803-02 ¶¶ 3-7.  Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code.  *Id.* ¶¶ 5-10.

The Court has previously granted Apple's request to seal source code and related technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLCv. TriZetto Group, Inc.*, 819 F.  Supp. 2d 1001, 1017 (E.D. Cal. 2011)).  Additionally, this Court has previously held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012).

The source code information at issue in this motion thus should be considered to be the type of information that has been found by the courts to "outweigh the public's interest and justify sealing court records" under the Ninth Circuit's "compelling reasons" standard, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and was found by

this Court to be sealable in trial exhibits. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012). The specific Apple source code at issue here is non-public, and its exposure would cause Apple to lose significant competitive advantage. Declaration of Cyndi Wheeler, D.I. 803-02 ¶¶ 6-10. Indeed, even in this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *See* D.I. 512 at ¶ 11. The ability to copy and otherwise learn Apple's source code – including how Apple implements particular features and functionalities of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code. *Id.* In particular, and as explained in the Declaration of Cyndi Wheeler, D.I. 803-02, Apple goes to significant lengths to protect its source code, as the disclosure and copying of its source code by third parties would provide Apple's competitors with an unfair competitive advantage and would undermine the independent economic value that Apple derives from that source code. *Id.* ¶ 10.

Not only is Apple's interest in sealing this information compelling, but the public's interest in this information is especially low because this information is not necessary to understand and evaluate the issues Apple's Motion to Strike. Such information – providing technical details about Apple's source code operation and file names – is not necessary for the public to understand the parties' positions and the issues of the underlying brief. *See, e.g., id.; Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm"). Accordingly, because Apple has a compelling interest in its non-public,

confidential source code information, which outweighs the public interest in this information, it should be sealed.

The requested portions to be sealed are narrowly tailored to protect Apple's compelling interests. Indeed, Apple is moving only to seal the very limited portions of the brief and supporting exhibits containing only very specific quotations from, citations to, and discussions of Apple's highly proprietary source code; Apple has not sought to seal any information not specifically and closely tied to Apple's proprietary source code.

**Information Marked Confidential By Samsung or Third Parties**

In addition, as described in the Fedman Declaration, the following documents contain information that has been designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" or "Attorneys' Eyes Only – Contains Source Code" or "Highly Confidential – Attorneys' Eyes Only Contains Highly Confidential Source Code Portion" by Samsung and/or Google and/or Microsoft pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential by Samsung, Google, Novell, Selberg, or Microsoft: Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 22, 35, 36, 37, 41, 42, 43 to the Furman Declaration.

Accordingly, Apple has filed these documents under seal. Pursuant to the local rules of this court, a proposed public redacted version of any document that is not entirely confidential will be publicly e-filed as an attachment to this Motion, and the complete, unredacted version of the document will be e-filed under seal concurrently with this motion.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Motion to Strike and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

Dated:  November 6, 2013

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ H. Mark Lyon

Attorneys for Plaintiff
APPLE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 6, 2013          /s/ H. Mark Lyon

APPLE'S MOTION TO FILE MOTION TO STRIKE UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)