Courtland L. Reichman (CA Bar. 268873)
**McKool Smith hennigan, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA 94065
Tel: (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com

Steven Callahan
(*Pro Hac Vice* Application to be filed)
**Charhon Callahan Robson & Garza, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392
scallahan@ccrglaw.com

*Counsel for Non-Party Ericsson Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-CV-00630-LHK |
| Plaintiff, | |
| vs. | **NON-PARTY ERICSSON INC.'S BRIEF IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

Non-Party Ericsson Inc. ("Ericsson") files this Brief In Support Of Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order ("Samsung's Administrative Motion") (ECF No. 878), and respectfully

1

1  shows as follows:

2  Ericsson received two subpoenas—one from Samsung and one from Apple—in this
3  litigation requesting technical documents concerning Ericsson's products. *See* Hogan Decl. at ¶¶
4  4-5.  In response to these subpoenas, Ericsson produced over a thousand pages of internal
5  Ericsson documents. *Id.* at ¶ 6.  Ericsson designated those documents that contained Ericsson's
6  highly confidential information and/or trade secrets as "Highly Confidential—Attorneys' Eyes
7  Only" pursuant to the Court's protective order. *Id.*

8  On November 6, 2013, Samsung notified Ericsson that Samsung's Motion to Strike
9  Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the
10 Court's *Markman* Order contained, as an attachment, a copy of the Expert Report of Dr. Thomas
11 E. Fuja.  Dr. Fuja is one of Apple's experts in this case.  Thereafter, Samsung provided Ericsson
12 with a redacted copy of the Fuja expert report that disclosed Ericsson trade secrets and highly
13 confidential information, as described in the Hogan Declaration being filed herewith.

14 Ericsson respectfully requests that the Court grant Samsung's Administrative Motion and
15 allow the confidential Ericsson information found in the Fuja expert report to remain under seal.
16 It is well-established that the Court has authority to permit confidential materials to be filed
17 under seal. *See, e.g.*, Fed. R Civ. P. 26(c)(1)(G) (the court may "requir[e] that a trade secret or
18 other confidential research, development, or commercial information not be revealed or be
19 revealed only in a specified way").  A party seeking to seal materials in connection with a non-
20 dispositive motion, such as Samsung's motion to strike expert testimony, need only show good
21 cause. *See, e.g.*, *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115,
22 1119 (9th Cir. 2012) ("[A] particularized showing of "good cause" under Federal Rule of Civil
23 Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to
24 non-dispositive motions."); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)
25 ("In light of the weaker public interest in non-dispositive materials, we apply the 'good cause'
26 standard when parties wish to keep them under seal.").

27 Good cause exists here to allow the Ericsson confidential information disclosed in the
28 Fuja report to remain under seal. *First*, as noted in the Hogan Declaration (at ¶¶ 8-9), the

2

1  disclosed Ericsson information constitutes Ericsson's highly confidential information concerning
2  the technical working of Ericsson's products, which Ericsson maintains as trade secrets and in
3  strict confidence.  For example, Ericsson protects the confidentiality of this information through
4  the use of password protection technology, labeling the information as "confidential," and
5  through the use of confidentiality agreements. *Id.* at ¶ 9.

6  *Second*, the disclosure of the at-issue information could cause Ericsson severe
7  competitive and economic harm in the marketplace. *Id.*  Ericsson's confidential technical
8  information has independent economic value from not being generally known to or readily
9  ascertainable by other persons, such as those who might obtain economic value from the
10 disclosure of the technical information.  Ericsson also spends substantial amounts of money in
11 developing its products and in maintaining technical information concerning the products as
12 confidential. *Id.*

13 *Finally*, Ericsson designated the at-issue information as "Highly Confidential—
14 Attorneys' Eyes Only" pursuant to the Court's protective order, and, in producing these materials
15 to Apple and Samsung, Ericsson relied on the Court's protective order to permit the disclosure of
16 the materials only to a limited number of individuals, such as the parties' outside counsel and
17 those experts Ericsson had received notice of and an opportunity to object to, and not the general
18 public.

19 For these reasons, good cause exists to maintain the Ericsson at-issue information under
20 seal, and Ericsson respectfully requests that the Court grant Samsung's Administrative Motion
21 and allow the Ericsson confidential information found in the Fuja expert report to remain under
22 seal.

Respectfully submitted,

By:   *s/ Courtland Reichman*
       COURTLAND REICHMAN

California Bar No. 268873
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA  94065
Tel:  (650) 394-1401
Fax: (650) 394-1422

1 | creichman@mckoolsmith.com
2 | STEVEN CALLAHAN
3 | (*Pro Hac Vice* Application to be filed)
  | scallahan@ccrglaw.com
4 | **CHARHON CALLAHAN**
  | **ROBSON & GARZA, PLLC**
5 | 3333 Lee Parkway, Suite 460
  | Dallas, Texas 75219
6 | Tel: (469) 587-7240
  | Fax: (214) 764-8392
7 |
8 | *Counsel for Non-Party Ericsson Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, November 12, 2013, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case: the foregoing Non-Party Ericssons Inc.'s Brief In Support of Samsung's Administrative Motion to File Documents Under Seal.

/s/ *Courtland Reichman*