| | |
|---|---|
| 1 | Courtland L. Reichman (CA Bar. 268873) |
| 2 | **MCKOOL SMITH HENNIGAN, P.C.**<br>255 Shoreline Drive, Suite 510 |
| 3 | Redwood City, CA  94065<br>Tel:  (650) 394-1401 |
| 4 | Fax: (650) 394-1422 |
| 5 | creichman@mckoolsmith.com |
| 6 | STEVEN CALLAHAN |
| 7 | (*Pro Hac Vice* Application to be filed)<br>**CHARHON CALLAHAN** |
| 8 | **ROBSON & GARZA, PLLC**<br>3333 Lee Parkway, Suite 460 |
| 9 | Dallas, Texas 75219<br>Tel: (469) 587-7240 |
| 10 | Fax: (214) 764-8392 |
| 11 | scallahan@ccrglaw.com |
| 12 | *Counsel for Non-Party Ericsson Inc.* |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF BILLY HOGAN IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES AND CLAIM CONSTRUCTIONS INCONSISTENT WITH THE COURT'S *MARKMAN* ORDER** |

# DECLARATION OF BILLY HOGAN

I, Billy Hogan, declare as follows:

1. I understand that this declaration is in support of Samsung's Administrative Motion to File Documents Under Seal Relating to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order (ECF No. 878).

2. My position at Ericsson ("Ericsson," as used herein, means Ericsson Inc. and its affiliates) is Senior Specialist in Enhanced Uplink, and I have been employed by Ericsson since 1995. I have personal knowledge of the information contained herein and it is true and correct to the best of my knowledge, information and belief.

3. Ericsson is not a party to the above-captioned litigation.

4. I understand that, on or about January 10, 2013, Ericsson received a subpoena (the "Apple subpoena") from Apple, Inc. ("Apple") seeking, among other things, documents concerning certain Ericsson products and Ericsson activities.

5. I also understand that, on or about January 24, 2013, Ericsson received a subpoena (the "Samsung subpoena") from Samsung Electronics Co., Ltd. ("Samsung") seeking, among other things, documents concerning certain Ericsson products.

6. In response to Apple's subpoena and Samsung's subpoena, I understand that Ericsson produced certain Ericsson documents bearing Bates labels ERICSSON630-000001 to ERICSSON630-000821 and ERICSSON630-800 to ERICSSON630-1168. I understand that these documents were designated as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order.

7. I further understand that, on November 6, 2013, Samsung's counsel sent an e-mail to Ericsson's counsel stating in relevant part: "On November 5, Samsung filed under seal Samsung's Motion to Strike Apple's Expert Testimony. Exhibit 6 to the Briggs Declaration in Support of the Motion is a copy of the Expert Report of Dr. Thomas E. Fuja prepared in the *Apple, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 12-cv-00630 (LHK). See Dkt. No. 878-1 (attached). This expert report contains information that was produced by Apple in the

above-captioned case and designated by Apple as containing Apple and Third Party Highly Confidential Information. This information may be confidential to Ericsson. Accordingly, Ericsson may want to file a declaration supporting the confidentiality of this information."

8. I understand that, subsequently, on November 7, 2013, Samsung's counsel provided Ericsson's counsel with a redacted copy of the Fuja expert report, which I have reviewed. In the redacted copy of the Fuja expert report, Dr. Fuja discusses Ericsson highly confidential information concerning Ericsson products on pp. 101, 106-107, 108, 147-148, 149, and 150. Specifically:

    a. **Page 101**: Page 101 of the Fuja expert report copies a chart from an internal Ericsson technical document. The chart contains technical information regarding the workings of Ericsson's base station products and network, such as information concerning information elements, present value/value range, and information concerning rules / parameter origin / comments / references. As the Fuja expert report notes (at p. 101), the chart is found at ERICSSON630-1112. ERICSSON630-800-ERICSSON630-1146 (i.e., the document containing the chart found at ERICSSON630-1112) is an internal Ericsson document titled "WRAN PROTOCOL MODEL REPORT" and every page of this document is labeled "Ericsson Confidential." When this document was produced by Ericsson pursuant to the subpoenas served on Ericsson, it was designated by Ericsson as "Highly Confidential—Attorneys' Eyes Only."

    b. **Pages 106-107**: Pages 106-107 of the Fuja expert report contain a reference to two internal Ericsson technical documents and Dr. Fuja's characterization of what these documents purportedly demonstrate.[1] Specifically, Dr. Fuja makes reference to certain technical characteristics that he believes are found within Ericsson's base stations, and cites two

---

[1] I do not offer any opinions concerning the accuracy of Dr. Fuja's characterizations or conclusions. This declaration is only submitted to discuss the confidentiality of the Ericsson information disclosed, discussed, cited, and/or referenced in Dr. Fuja's expert report.

3

1   Ericsson documents as the source of his characterization. The two cited
2   Ericsson documents are ERICSSON630-800-1146 at 1112 and
3   ERICSSON630-000155-502 at 467. I discussed ERICSSON630-800-1146
4   in Paragraph 8(a), above. The second document (i.e., ERICSSON630-
5   000155-502) is the same document as ERICSSON630-800-1146 but it
6   was initially produced to Apple and Samsung with redactions.
7   ERICSSON630-000155-502 at 467 contains the same chart that I discuss
8   in Paragraph 8(a), above.

9   c.   **Page 108**: Page 108 of the Fuja expert report contains a reference
10   to two internal Ericsson technical documents and Dr. Fuja's
11   characterizations of what these documents purportedly demonstrate.
12   Specifically, Dr. Fuja makes reference to two Ericsson technical
13   documents and then offers an opinion as to whether Ericsson's hardware
14   performs in a certain manner. To support his opinion, Dr. Fuja quotes
15   directly from an internal Ericsson document. The two Ericsson documents
16   discussed on page 108 of the Fuja expert report are ERICSSON630-
17   000155-502 at 467 and ERICSSON630-800-1146 at 1112. These are the
18   two Ericsson documents I have discussed in Paragraphs 8(a)-(b), above.

19   d.   **Pages 147-148**: Pages 147-148 of the Fuja expert report contain a
20   reference to two internal Ericsson technical documents and Dr. Fuja's
21   characterizations of what these documents purportedly demonstrate.
22   Specifically, Dr. Fuja offers an opinion as to whether the equipment
23   Ericsson provides to a certain Ericsson customer uses information in a
24   certain manner. To support his opinion, Dr. Fuja cites to ERICSSON630-
25   000800-821 at 806, 808 and ERICSSON630-1147-1168 at 1153, 1155.
26   The document produced by Ericsson pursuant to the subpoenas as
27   ERICSSON630-000800-821 is an internal Ericsson document titled
28   "Statement of Compliance to TS 25.321." The document's first page states

1  "Commercial in Confidence – Copyright Ericsson" and Ericsson
2  designated this document as "Highly Confidential-Attorneys' Eyes Only"
3  under the Court's protective order. The document contains confidential
4  technical information regarding Ericsson's products. The second
5  document referenced by Dr. Fuja (i.e., ERICSSON630-1147-1168 at
6  1153, 1155) is the same document as ERICSSON630-000800-821, but in
7  unredacted form (Ericsson produced the document in redacted form as
8  ERICSSON630-000800-821). ERICSSON630-1147-1168 was also
9  designated by Ericsson as "Highly Confidential—Attorneys' Eyes Only"
10 pursuant to the Court's protective order.

11    e.    **Page 148 at Paragraph 451**: Paragraph 451 of Dr. Fuja's expert
12 report offers an opinion on the technical characteristics of Ericsson's
13 products used by a certain Ericsson customer. I understand that this
14 customer produced a confidential Ericsson document to Samsung and/or
15 Apple pursuant to a subpoena(s) in this lawsuit. The document at issue is
16 "WCDMA Air Interface and RAN Protocols & Procedures at 181, 194-
17 195, 511-512." The document states: "This document was produced by
18 Ericsson. It is used for training purposes only and may not be copied or
19 reproduced in any manner without the express written consent of
20 Ericsson." I understand that this document was given in confidence by
21 Ericsson to Ericsson's customer, the document is subject to a non-
22 disclosure agreement with the Ericsson customer, Ericsson expects the
23 customer to keep the document confidential, and the customer designated
24 the document as "Highly Confidential-Attorneys' Eyes Only" under the
25 Court's protective order.

26    f.    **Page 149**: Page 149 of the Fuja expert report contains a reference
27 to three Ericsson technical documents and Dr. Fuja's characterizations of
28 what these documents purportedly demonstrate. Specifically, Dr. Fuja

makes reference to three Ericsson technical documents and then offers an opinion as to whether Ericsson's hardware performs in a certain manner. To support his opinion, Dr. Fuja quotes directly from an internal Ericsson document. The three documents referenced by Dr. Fuja are ERICSSON630-000800-821 at 806, 808 (discussed in Paragraph 8(d), above); ERICSSON630-1147-1168 at 1153 (discussed in Paragraph 8(d), above); and WCDMA Air Interface and RAN Protocols & Procedures at 181, 194-195, 511-512 (discussed in Paragraph 8(e), above).

g. **Page 150**: Page 150 of the Fuja expert report contains a quotation from an Ericsson technical document that describes a technical characteristic of Ericsson's products. Although Dr. Fuja does not reference the document (or at least it is not visible to me) by Bates number on page 150, he cites a document (i.e., ERICSSON630-1147-1168 at 1153) that uses the same quote from on p. 149 of his report. I discuss ERICSSON630-1147-1168 at 1153 at Paragraph 8(d) above.

9. The Ericsson technical information disclosed, discussed, cited, and/or referenced in Dr. Fuja's expert report constitutes Ericsson's highly confidential technical information and it was designated as "Highly Confidential—Attorneys' Eyes Only" information when produced to the parties in this lawsuit pursuant to the Court's protective order. Ericsson maintains its highly confidential information, including the documents and information described herein, as trade secrets, which Ericsson goes to great lengths to protect. Some of the measures that Ericsson routinely takes to protect such information is labeling the information "confidential," using password protection technology to protect the information, and through the use of confidentiality agreements. The disclosure of Ericsson's trade secrets to others could cause Ericsson severe competitive and economic harm in the marketplace. Ericsson's confidential technical information has independent economic value from not being generally known to or readily ascertainable by other persons who might obtain economic value from the disclosure of the

1  technical information. Further, Ericsson spends substantial amounts of money in developing its
2  products and in maintaining technical information concerning its products as confidential.
3  10. When Ericsson produced its technical documents to the parties in this litigation, Ericsson
4  relied on the protections for highly confidential information found in the Court's protective
5  order. Specifically, Ericsson understood that only a limited number of individuals, such as the
6  parties' outside counsel and certain experts who had been disclosed in advance to Ericsson,
7  would be entitled to review Ericsson's confidential information and that they would be obligated
8  pursuant to the Court's protective order to maintain the information in confidence and to use it
9  only for the purpose of this lawsuit.
10  I declare under penalty of perjury under the laws of the United States of America that to
11  the best of my knowledge the foregoing is true and correct.

13  Executed: November 12, 2013
14  Place: Stockholm, Sweden           */s/ Billy Hogan*
15                                      Billy Hogan

**LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Courtland Reichman, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory hereto.

Dated: November 12, 2013

/s/ *Courtland Reichman*

COURTLAND REICHMAN

*Counsel for Non-Party Ericsson Inc.*