1  PERKINS COIE LLP
   Christopher L. Kelley, CSB No. 166608
2  CKelley@perkinscoie.com
   3150 Porter Drive
3  Palo Alto, CA  94304
   Telephone: 650.838.4300
4  Facsimile:  650.838.4350

5  Attorneys for Non-Party
   INTEL CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 | APPLE INC.,                                    | Case No. 12-cv-00630-LHK (PSG)
13 |              Plaintiff,
14 |     v.                                         | **NON-PARTY INTEL'S DECLARATION IN SUPPORT OF APPLE'S**
15 | SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG | **ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT #877)**
16 | ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG
17 | TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,
18 |              Defendants.

Apple recently filed an administrative motion to file under seal (Dkt. #877) multiple exhibits filed in connection with Apple's Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Motion to Strike") (motion filed as Dkt. #877-3). Several of the exhibits filed in connection with that motion were filed under an Administrative Motion to File Documents Under Seal because they contain Intel, Apple or Qualcomm confidential information. The exhibits that contain Intel confidential information were filed as Exhibits C (Dkt. #877-8) and F (Dkt. #877-12) and G (Dkt. #877-13) to the Declaration of Mark Selwyn in Support of the Motion to Strike.

Exhibit C is an expert report prepared by Samsung's technical expert Dr. Min that discusses technological details and source code of the Intel mobile baseband products used by Apple. Exhibit F contains excerpts from the deposition of an Intel engineer, Naga Karthick Kandasamy, who testified about technology details regarding Intel's mobile baseband products. Exhibit G is the deposition transcript of Samsung's technical expert Dr. Min, who testified about technology details and source code of the Intel mobile baseband products used by Apple. Given the sensitive nature of this highly confidential material, Intel supports Apple's request to seal the Exhibits C (Dkt. #877-8), F (Dkt. #877-12) and G (Dkt. #877-13) to Mark Selwyn's Declaration in support of Apple's Motion to Strike.

The Intel engineering material contained within these exhibits describes features incorporated within Intel's baseband chip and identifies the modules within Intel's parts that implement these features. As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs the Intel products used by Apple, the Intel software described in detail in Exhibits C, F and G is kept confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner Decl. at ¶¶ 6-7) Intel has good cause to request that the details of this code be kept under seal.

Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing non-public engineering designs and other proprietary trade secrets constitutes not only "good

cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc*., Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel software design in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd*., No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

The exhibits that are the subject of this motion identify how various wireless functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. Hausner Decl. at ¶¶ 6-7. Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. Hausner Decl. at ¶ 7. Intel can reasonably anticipate that disclosure of the discussion of its software in Exhibits C, F and G filed at docket numbers Dkt. #877-8, Dkt. #877-12 and Dkt. #877-13 could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). Exhibits C, F and G were filed by Apple as part of a procedural motion to strike specific testimony. This is not a dispositive motion. The public does not need access to third party engineering documents describing Intel's proprietary modem technology in order to understand the nature of Apple's motion to strike.

Intel respectfully requests that the Court seal Exhibits C, F and G to Mark Selwyn's Declaration in Support of Apple's Motion to Strike (Dkt. #877-8, Dkt. #877-12, Dkt.#877-13) to prevent disclosure of design details of its proprietary and highly valuable software. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated:  November 12, 2013          Respectfully submitted,

By:   */s/ Christopher L. Kelley*
           Christopher L. Kelley

*Counsel for Non-Party Intel Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2013, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ Christopher L. Kelley*
Christopher L. Kelley