1  PERKINS COIE LLP
   Christopher L. Kelley, CSB No. 166608
2  CKelley@perkinscoie.com
   3150 Porter Drive
3  Palo Alto, CA  94304
   Telephone:  650.838.4300
4  Facsimile:   650.838.4350

5  Attorneys for Non-Party
   INTEL CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 | APPLE INC.,                              | Case No. 12-cv-00630-LHK (PSG)
13 |              Plaintiff,
14 |      v.                                   | **NON-PARTY INTEL'S DECLARATION IN SUPPORT OF SAMSUNG'S**
15 | SAMSUNG ELECTRONICS CO., LTD.,            | **ADMINISTRATIVE MOTION TO FILE**
   | a Korean corporation; SAMSUNG             | **DOCUMENTS UNDER SEAL (DKT #878)**
16 | ELECTRONICS AMERICA, INC., a New
   | York corporation; and SAMSUNG
17 | TELECOMMUNICATIONS AMERICA,
   | LLC, a Delaware limited liability company,
18 |
   |              Defendants.
19

Samsung recently filed an administrative motion to file under seal (Dkt. #878) multiple exhibits filed in connection with Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order. ("Motion to Strike") (motion filed as part of Dkt. #878). Several of the exhibits filed in connection with that motion were filed under an Administrative Motion to File Documents Under Seal because they contain Samsung, Apple and Third-Party information, including information proprietary to Intel Corporation ("Intel"). The exhibits that contain Intel confidential information were filed as Exhibit 6 (Dkt. #878-11) and Exhibit 11 (Dkt. #878-16) to the Declaration of Todd Briggs in Support of Samsung's Motion to Strike.

Exhibit 6 contains excerpts from a rebuttal report prepared by Apple's technology expert Dr. Fuja that discusses technological details and source code of the Intel mobile baseband products used by Apple. In Exhibit 6, Dr. Fuja quotes from Intel's highly confidential internal engineering documents and from the testimony of its engineers. Exhibit 11 is a set of interrogatory answers prepared by Apple containing responses setting out Apple's contentions regarding Samsung's patent infringement allegations. In these interrogatory answers Apple provides descriptions of the highly confidential technology features of Intel's mobile baseband products. Apple's interrogatory answers cite to, and are drawn from, Intel internal engineering documents and the testimony of its engineers.  Given the sensitive nature of this highly confidential material, Intel supports Samsung's request to seal Exhibit 6 (Dkt. #878-11) and Exhibit 11 (Dkt. #878-16) to Todd Briggs' declaration.

The Intel engineering material contained within these exhibits describes features incorporated within Intel's baseband chip and identifies the modules within Intel's parts that implement these features. As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs the Intel products used by Apple, the Intel software described in detail in Exhibits 6 and 11 is kept confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner Decl. at ¶¶ 6-7) Intel has good cause to request that the details of this code be kept under seal.

1    Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should
2 be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122,
3 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing
4 non-public engineering designs and other proprietary trade secrets constitutes not only "good
5 cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–
6 CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason"
7 when that heightened standard has been applied in the context of evidence attached to dispositive
8 motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)
9 (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v.
10 Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010)
11 (compelling reason to seal documents containing source code [at *5], detailed descriptions of
12 source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v.
13 Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20,
14 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D.
15 Cal. May 17, 2010). This Court has previously found compelling reason to seal technical
16 information pertaining to Intel software design in the litigation between Apple and Samsung tried
17 last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 (LHK), Order
18 Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9,
19 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7,
20 2012).

21    The exhibits that are the subject of this motion identify how various wireless functions are
22 implemented in Intel's modem software. Intel derives significant commercial value from the
23 software. Hausner Decl. at ¶¶ 6-7. Part of the commercial advantage conferred by the software
24 results from the manner in which the software is designed and organized. Hausner Decl. at ¶ 7.
25 Intel can reasonably anticipate that disclosure of the discussion of its software in Exhibit 6 (Dkt.
26 #878-11) and Exhibit 11 (Dkt. #878-18) could cause Intel significant commercial harm. Intel's
27 interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing
28 this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). Exhibits 6 and 11 were filed by Samsung as part of a procedural motion to strike specific expert testimony. This is not a dispositive motion. The public does not need access to highly confidential engineering documents describing Intel's proprietary modem technology in order to understand the nature of Samsung's motion to strike.

Intel respectfully requests that the Court seal Exhibits 6 (Dkt. #878-11) and 11 (Dkt. #878-18) to Todd Briggs' Declaration in Support of Samsung's Motion to Strike to prevent disclosure of design details of its proprietary and highly valuable software. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated: November 12, 2013

Respectfully submitted,

By: _/s/ Christopher L. Kelley_
       Christopher L. Kelley

*Counsel for Non-Party Intel Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2013, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

                                              */s/ Christopher L. Kelley*
                                                  Christopher L. Kelley