KEKER & VAN NEST LLP
PAULA L. BLIZZARD - # 207920
pblizzard@kvn.com
THERESA H. NGUYEN - # 284581
rnguyen@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Non-Party
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-CV-00630-LHK<br><br>**T-MOBILE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1    In this Response, non-party T-Mobile USA, Inc. ("T-Mobile") requests that the Court

2    keep under seal material that T-Mobile produced in response to a document subpoena in this case.

3    The material at issue is confidential information that T-Mobile received from its vendors Nokia

4    Solutions and Networks ("NSN") and Ericsson, Inc. ("Ericsson") under non-disclosure

5    agreements with those vendors.

6    **I.     BACKGROUND**

7    Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, non-party T-Mobile USA, Inc. ("T-

8    Mobile") submits this Response to Samsung's Administrative Motion to File Documents Under

9    Seal Relating to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories

10   and Claim Constructions Inconsistent with the Court's *Markman* Order (Dkt. No. 878).

11   In its Motion, Samsung moves to seal portions of Exhibit 6 to the Declaration of Todd

12   Briggs in Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed

13   Theories and Claim Constructions Inconsistent with the Court's *Markman* Order (Dkt. No. 878-

14   1). Exhibit 6 contains excerpts from the Expert Report of Dr. Thomas E. Fuja Regarding Non-

15   Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596, dated September 13, 2013 ("Fuja

16   Expert Report"), which Apple has designated as "SUBJECT TO PROTECTIVE ORDER –

17   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order entered

18   in this case.

19   The Fuja Expert Report refers to information that non-party T-Mobile produced in

20   response to a subpoena from Samsung issued out of the Western District of Washington on June

21   18, 2013. The T-Mobile-produced documents contain the confidential information of T-Mobile's

22   equipment vendors, non-parties NSN and Ericsson, including documents subject to non-

23   disclosure agreements between T-Mobile and NSN and Ericsson. T-Mobile obtained the

24   permission of NSN and Ericsson to produce the documents prior to producing them pursuant to

25   the Samsung subpoena. T-Mobile has been informed that NSN and Ericsson regard certain of the

26   materials in the Fuja Expert Report, including four NSN documents and one Ericsson document,

27   as confidential. As such, T-Mobile seeks to seal the following excerpts from the Fuja Expert

28   Report that reference T-Mobile-produced confidential documents:

790368.02

- ¶ 347 (lines 1-5);

- ¶ 348 (all);

- ¶ 349 (lines 1-3, 5-20);

- ¶ 350 (lines 1-7, 11-17

- ¶ 451 (lines 1-3);

- ¶ 455 (last 4 lines)

- ¶ 456 (lines 1-4);

- ¶ 457 (all);

- ¶ 458 (lines 2-3);

- ¶ 459 (lines 1-3); and

- ¶ 460 (lines 1-4, 6-10).

Declaration of Elana Matt ("Matt Decl.") ¶ 3; *see also* Declaration of John Kolakowski ("Kolakowski Decl.") ¶ 2.  Apple will be lodging with the Court a copy of the Fuja Expert Report that reflects these redactions.

T-Mobile's declaration in support of the sealing request is attached as Exhibit A (Matt Decl.), and NSN's declaration in support of the sealing request is attached as Exhibit B (Kolakowski Decl.).  Ericsson has filed a separate response and declaration in support of the sealing request.  (Dkt. No. 926.)

## II.   LEGAL STANDARD: T-MOBILE'S, ERICSSON'S, AND NSN'S CONFIDENTIAL INFORMATION SHOULD BE SEALED UPON A SHOWING OF "GOOD CAUSE"

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, No. C-06 02231, 2007 WL 902550, at *2 (N.D. Cal. March 22, 2007) (alteration in original) (*citing Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized

790368.02

1   showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the

2   secrecy of sealed discovery material attached to nondispositive motions.") (internal citation

3   omitted) (alteration in original); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th

4   Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good

5   cause' standard when parties wish to keep them under seal.").

6     Thus, to seal the T-Mobile-produced material in the Fuja Expert Report that Samsung

7   filed with its Motion to Strike Expert Testimony, non-party T-Mobile need only show "good

8   cause." Here, there is good cause to seal the information at issue.

9   **III. GOOD CAUSE EXISTS TO SEAL T-MOBILE'S, NSN'S, AND ERICSSON'S**

10      **CONFIDENTIAL INFORMATION**

11     **A. The Information to Remain Sealed Contains Confidential Technical**

    **Specifications Regarding the Capabilities of NSN's and Ericsson's Equipment**

12       **on T-Mobile's Network.**

13     The confidential material that T-Mobile requests by this Response to be maintained under

14   seal are NSN and Ericsson documents that contain technical specifications about the capabilities

15   of NSN and Ericsson cellular infrastructure equipment used on T-Mobile's cellular network. *See*

16   Matt Decl. ¶ 2; Kolakowski Decl. B ¶ 2. The Fuja Expert Report references technical

17   specifications that NSN and Ericsson, respectively, provided to T-Mobile regarding the operation

18   and specific functionality of equipment provided by each infrastructure vendor. Matt Decl. ¶ 2.

19     The NSN documents referenced in and cited to in the Fuja Expert Report were labeled

20   "Confidential" by NSN and/or contained more detailed confidentiality notices before and apart

21   from having been produced in response to Samsung's non-party document subpoena in this

22   litigation. Matt Decl. ¶ 4. In particular, NSN's notice on each document states: "This

23   documentation is intended for the use of Nokia Siemens Networks customers only for the

24   purposes of the agreement under which the document is submitted, and no part of it may be used,

25   reproduced, modified, or transmitted in any form or means without the prior written permission of

26   Nokia Siemens Networks." *Id.* The notice on Ericsson's document states: "This document was

27   produced by Ericsson. It is used for training purposes only and may not be copied or reproduced

28   in any manner without the express written consent of Ericsson." *Id.*

790368.02

**B.      T-Mobile, NSN, and Ericsson Have Undertaken Commercially Reasonable Efforts to Maintain the Confidentiality of the Information at Issue.**

T-Mobile has a regular business practice of keeping certain documents confidential, including confidential technical specifications it receives from its infrastructure equipment vendors.  Matt Decl. ¶ 5.   NSN and Ericsson have each provided these specifications to T-Mobile under non-disclosure agreements that prohibit T-Mobile from disclosing this information outside of its respective business relationships with NSN and Ericsson, or as required by law.  *Id.* ¶ 6; Kolakowski Decl. ¶ 4.  Indeed, before T-Mobile produced the NSN and Ericsson documents referenced in the Fuja Expert Report that are the subject of this Response, it sought each of NSN's and Ericsson's permission to produce them.  Matt Decl. ¶ 7; Kolakowski Decl. ¶ 5.  T-Mobile, NSN, and Ericsson agreed to the non-party document production only to the extent that the documents would be subject to, and designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order in this case.  Matt Decl. ¶ 7; Kolakowski ¶ 5.

**C.      Public Disclosure of the Information T-Mobile Seeks to Keep Sealed Would Cause Competitive Harm.**

As NSN's supporting declaration demonstrates, "[t]he public disclosure of this information would cause NSN harm by giving third-parties (including individuals responsible for competitive decision-making) insights into technical details of the design and capabilities of NSN equipment that operates on T-Mobile's cellular network.  Such disclosure would allow competitors to potentially gain an unfair advantage in dealings with and against NSN, as those third-party competitors leverage that confidential material to inform the design and development of their cellular products and networks in the highly competitive wireless telecommunications industry."  Kolakowski Decl. ¶ 6.

//

//

//

//

//

790368.02

1

IV.   **CONCLUSION**

2        For the foregoing reasons, T-Mobile has satisfied the "good cause" standard for sealing

3   court filings under *Kamakana*, and respectfully requests that this Court order the requested

4   portions of Samsung's Motion to Strike remain under seal.

5

6

7

8

9

10                                                    Respectfully submitted,

11   Dated:  November 12, 2013                         KEKER & VAN NEST LLP

12

13                                            By: _____
                                                  PAULA L. BLIZZARD
14                                                THERESA H. NGUYEN

15                                                Attorneys for Non-Party
                                                  T-MOBILE USA, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

T-MOBILE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:12-CV-00630-LHK

790368.02

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 12, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that Paula L. Blizzard has concurred in this filing.

Dated:  November 12, 2013                           /s/ Mark D. Selwyn
                                                                    Mark D. Selwyn