# EXHIBIT A

```
 1  KEKER & VAN NEST LLP
    PAULA L. BLIZZARD - # 207920
 2  pblizzard@kvn.com
    THERESA H. NGUYEN - # 284581
 3  rnguyen@kvn.com
    633 Battery Street
 4  San Francisco, CA 94111-1809
    Telephone:    415 391 5400
 5  Facsimile:    415 397 7188

 6  Attorneys for Non-Party
    T-MOBILE USA, INC.
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No. 12-CV-00630-LHK<br><br>**DECLARATION OF ELANA MATT IN SUPPORT OF T-MOBILE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO SEAL** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　Counterclaim-Defendant. | |

I, Elana Matt, declare and state that:

1. I am Senior Corporate Counsel - Patent Litigation, at non-party T-Mobile USA, Inc. ("T-Mobile"). I have knowledge of the facts set forth in this declaration, and if called to testify as a witness thereto could do so competently under oath.

2. For the reasons outlined below, T-Mobile seeks to maintain under seal technical specifications about the capabilities of NSN and Ericsson cellular infrastructure equipment used on T-Mobile's cellular network described in the Expert Report of Dr. Thomas E. Fuja Regarding Non-Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596, dated September 13, 2013 ("Fuja Expert Report"). The Fuja Expert Report references technical specifications that NSN and Ericsson, respectively, provided to T-Mobile regarding the operation and specific functionality of equipment provided by each infrastructure vendor.

3. Specifically, T-Mobile seeks to seal the following excerpts from the Fuja Expert Report that reference T-Mobile-produced confidential documents:

- ¶ 347 (lines 1-5);
- ¶ 348 (all);
- ¶ 349 (lines 1-3, 5-20);
- ¶ 350 (lines 1-7, 11-17
- ¶ 451 (lines 1-3);
- ¶ 455 (last 4 lines)
- ¶ 456 (lines 1-4);
- ¶ 457 (all);
- ¶ 458 (lines 2-3);
- ¶ 459 (lines 1-3); and
- ¶ 460 (lines 1-4, 6-10).

4. The NSN documents referenced in and cited to in the Fuja Expert Report were labeled "Confidential" by NSN and/or contained more detailed confidentiality notices before and apart from having been produced in response to Samsung's non-party document subpoena in this litigation. In particular, NSN's notice on each document states: "This documentation is intended

1

1  for the use of Nokia Siemens Networks customers only for the purposes of the agreement under
2  which the document is submitted, and no part of it may be used, reproduced, modified, or
3  transmitted in any form or means without the prior written permission of Nokia Siemens
4  Networks." The notice on Ericsson's document states: "This document was produced by
5  Ericsson. It is used for training purposes only and may not be copied or reproduced in any manner
6  without the express written consent of Ericsson."

7      5.      T-Mobile has a regular business practice of keeping certain documents
8  confidential, including confidential technical specifications it receives from its infrastructure
9  equipment vendors.

10      6.      NSN and Ericsson have notified T-Mobile that they maintain that the NSN and
11  Ericsson documents referenced in the Fuja Expert Report were disclosed to T-Mobile under non-
12  disclosure agreements that prohibit T-Mobile from disclosing this information outside of its
13  respective business relationships with NSN and Ericsson, or as required by law.

14      7.      Before T-Mobile produced the NSN and Ericsson documents referenced in the
15  Fuja Expert Report, it sought each of NSN's and Ericsson's permission to produce them. T-
16  Mobile, NSN, and Ericsson agreed to the non-party document production only to the extent that
17  the documents would be subject to, and designated "Highly Confidential – Attorneys' Eyes Only"
18  in accordance with the Protective Order in this case.

19      8.      Because T-Mobile is obligated to keep the materials described above confidential
20  under non-disclosure agreements with NSN and Ericsson and has sought to maintain the
21  confidentiality of those materials described above, and based on the information contained in
22  NSN's supporting declaration the portions of the documents described above should be redacted
23  and shielded from disclosure to the public.

24  //
25  //
26  //
27  //
28  //

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct and that this declaration was executed in Bellevue, Washington on November 12,
3  2013.

Dated:  November 12, 2013

By: _____