# EXHIBIT B

| | |
|---|---|
| 1 | ROBERT F. PERRY |
| | rperry@kslaw.com |
| 2 | ALLISON H. ALTERSOHN |
| | aaltersohn@kslaw.com |
| 3 | KING & SPALDING LLP |
| | 1185 Avenue of the Americas |
| 4 | New York, NY 10036-4003 |
| | Telephone:  (212) 556-2100 |
| 5 | Facsimile:   (212) 556-2222 |
| 6 | Attorneys for Non-party |
| | Nokia Solutions and Networks US LLC |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLE INC., a California corporation, | | Case No. 12-CV-00630-LHK |
| Plaintiff, | | **DECLARATION OF JOHN KOLAKOWSKI IN SUPPORT OF T-MOBILE'S RESPONSE TO SAMSUNG'S ADMINISTRATIVE MOTION TO SEAL** |
| v. | | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | | |
| Defendants. | | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | | |
| Counterclaim-Plaintiffs, | | |
| v. | | |
| APPLE INC., a California corporation, | | |
| Counterclaim-Defendant. | | |

I, John Kolakowski, declare as follows:

1. I am in-house counsel at non-party Nokia Solutions and Networks US LLC. ("NSN"). I have knowledge of the facts set forth in this declaration, and if called to testify as a witness thereto could do so competently under oath.

2. For the reasons outlined below, NSN seeks to maintain under seal technical specifications about the capabilities of NSN cellular infrastructure equipment used in T-Mobile's cellular network described in the Expert Report of Dr. Thomas E. Fuja Regarding Non-Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596, dated September 13, 2013 ("Fuja Expert Report"). Specifically, NSN seeks to seal the following excerpts from the Fuja Expert Report that reference T-Mobile-produced documents containing NSN confidential information:

¶ 347 (lines 1-5);

¶ 348 (all);

¶ 349 (lines 1-3, 5-20);

¶ 350 (lines 1-7, 11-17);

¶ 456 (lines 1-4);

¶ 457 (all);

¶ 458 (lines 2-3);

¶ 459 (lines 1-3); and

¶ 460 (lines 1-4, 6-10).

3. NSN has a regular business practice of keeping certain documents confidential, including confidential technical specifications it provides to its infrastructure equipment customers.

4. NSN provided the NSN documents referenced in the Fuja Expert Report to T-Mobile under a non-disclosure agreement that prohibits T-Mobile from disclosing this information outside of its business relationship with NSN, unless required by law.

5. Before T-Mobile produced the NSN documents referenced in the Fuja Expert Report, it sought NSN's permission to produce them. NSN agreed to the non-party document

production only to the extent that the documents would be designated "Highly Confidential – Attorneys' Eyes Only" in accordance with the Protective Order in this case, and would be treated in accordance with the requirements of the Protective Order for documents so designated.

6. The public disclosure of this information would cause NSN harm by giving third-parties (including individuals responsible for competitive decision-making) insights into technical details of the design and capabilities of NSN equipment that operates on T-Mobile's cellular network. Such disclosure would allow competitors to potentially gain an unfair advantage in dealings with and against NSN, as those third-party competitors leverage that confidential material to inform the design and development of their cellular products and networks in this highly competitive wireless telecommunications industry.

7. Because NSN has sought to maintain the confidentiality of the materials described above, and because public disclosure of these materials could cause NSN significant competitive harm, the portions of the documents described above should be redacted and shielded from disclosure to NSN's competitors and the public.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Chevy Chase, Maryland on November 12, 2013.

Dated: November 12, 2013

By: _____