1  ALEX L. YIP, ESQ.
   ALCATEL-LUCENT
2  SENIOR IP CORPORATE COUNSEL
   INTELLECTUAL PROPERTY BUSINESS
3  GROUP
   600 Mountain Avenue
4  Room 3D-239
   Murray Hill, NJ  07974
5
   Attorneys for Non-Party
6  Alcatel-Lucent

7

8

9

10

11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

12

13

14

15  APPLE INC., a California corporation,

16           Plaintiff,

17      vs.                                              Case No. 12-cv-00630-LHK

18  SAMSUNG ELECTRONICS CO., LTD., a                    **DECLARATION OF ALEX YIP**
    Korean business entity; SAMSUNG                     **REGARDING SAMSUNG'S**
19  ELECTRONICS AMERICA, INC., a New                    **ADMINISTRATIVE MOTION TO FILE**
    York corporation; SAMSUNG                           **DOCUMENTS UNDER SEAL**
20  TELECOMMUNICATIONS AMERICA,
21  LLC, a Delaware limited liability company,

22           Defendants.

23

24

25

26

27

28

Non-Party Alcatel-Lucent's Declaration in                                    Case No. 12-cv-00630 (LHK)
Support of Samsung's Motion to Seal

I, Alex Yip, hereby declare as follows::

1. I am an attorney for Alcatel-Lucent. I am licensed to practice law in the State of New York. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Samsung filed an "Administrative Motion to File Documents Under Seal" (Dkt. No. 878) on November 5, 2013. I understand that concurrently with this motion, Samsung filed an excerpt of the Expert Report of Dr. Thomas E. Fuja Regarding Non-Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596 (Dkt. No. 878-11) ("Fuja Report") and an excerpt of Apple Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Apple (No. 12) (Dkt. No. 878-18) ("Apple's Interrogatory Responses"). Given the sensitive nature of the highly confidential material contained within this exhibit, Alcatel-Lucent supports Samsung's request to seal portions of the Fuja Report and Apple's Interrogatory Responses that contain Alcatel-Lucent's confidential information.

3. Portions of paragraphs 344, 345, 453 and 454 of the Fuja Report contain highly confidential information relating to how Alcatel-Lucent's network equipment operates. The discussion relies upon confidential testimony from an Alcatel-Lucent employee's deposition and confidential documents attached as exhibits to that deposition. This information is highly confidential trade secret information and public disclosure of it would be harmful to Alcatel-Lucent.

4. Upon information and belief, portions of paragraphs 317, 318, 328, 337 (and the heading above it), 343, 347, 349, 357, 360 (and the heading above it), 365 (and the heading above it), 368, 380, 449-452 and 456 of the Fuja Report reference highly confidential Alcatel-Lucent information relating to how Alcatel-Lucent's network equipment operates. Counsel for Apple was unable to provide these portions of the Fuja Report to Alcatel-Lucent for review because they apparently also contain information designated as confidential by other third parties. I believe this information is highly confidential trade secret information and public disclosure of it would be harmful to Alcatel-Lucent.

5. Upon information and belief, a portion of paragraph 419 references a Alcatel-Lucent "HSUPA Tutorial" document. Alcatel-Lucent considers the contents of the Alcatel-Lucent "HSUPA Tutorial" document to be confidential. Counsel for Apple was unable to provide this portion of the Fuja Report to Alcatel-Lucent for review because it apparently also contains information designated as confidential by other third parties. To the extent the content of paragraph 419 is based upon this Alcatel-Lucent "HSUPA Tutorial" document, I believe that paragraph would contain information confidential to Alcatel-Lucent.

6. Page 192 line 24 through Page 193 line 3, Page 202 lines 7 through 13 and Page 203 lines 3 to 16 of Apple's Interrogatory Responses contain highly confidential information relating to how Alcatel-Lucent's network equipment operates. The discussion relies upon confidential testimony from an Alcatel-Lucent employee's deposition and confidential documents attached as exhibits to that deposition. This information is highly confidential trade secret information and public disclosure of it would be harmful to Alcatel-Lucent.

7. Upon information and belief, other portions of pages 193, 202 and 203 of Apple's Interrogatory Responses reference highly confidential Alcatel-Lucent information relating to how Alcatel-Lucent's network equipment operates. Counsel for Apple was unable to provide these portions of Apple's Interrogatory Responses to Alcatel-Lucent for review because they apparently also contain information designated as confidential by other third parties. I believe this information is highly confidential trade secret information and public disclosure of it would be harmful to Alcatel-Lucent.

8. The relief requested by is necessary and narrowly tailored to protect confidential information contained within the confidential Alcatel-Lucent material produced in this matter.

1   9.   I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 14th day of November, 2013, in Murray Hill, NJ.

Dated:  November 14, 2013          */s/ Alex Yip*
                                    Alex Yip

Non-Party Alcatel-Lucent's Declaration in                                Case No. 12-cv-00630 (LHK)
Support of Samsung's Motion to Seal             3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 14, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Alex Yip has concurred in this filing.

Dated: November 14, 2013                 /s/ Mark D. Selwyn
                                         Mark D. Selwyn