| | |
|---|---|
| JOSH KREVITT (CA SBN 208552) | WILLIAM F. LEE (pro hac vice) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts 02109 |
| Palo Alto, CA 94304-1211 | Telephone: (617) 526-6000 |
| Telephone: 650.849.5300 | Facsimile: (617) 526-5000 |
| Facsimile: 650.849.5333 | |
| | |
| MICHAEL A. JACOBS (CA SBN 111664) | MARK D. SELWYN (CA SBN 244180) |
| mjacobs@mofo.com | mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) | WILMER CUTLER PICKERING |
| rhung@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, CA 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK  (PSG) |
| Plaintiff, | **APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT)** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Counterclaim-Plaintiffs, | |
| v. | |
| APPLE INC., a California corporation, | |
| Counterclaim-Defendant. | |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

1. Portions of the confidential, unredacted version of Apple's Reply in support of Its Motion for Partial Summary Judgment ("Summary Judgment Reply"); and

2. Exhibits B-7, C-7, C-8, C-9, C-10, D-10, D-11, and E-10 to the Declaration of Jennifer Rho ("Rho Declaration").

Apple's Summary Judgment Reply and the supporting exhibits listed above also contain information designated as "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Google's Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third parties Oracle Corporation ("Oracle") and/or Google, Inc. ("Google") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties.  Apple expects that Samsung, Google, and Oracle will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

**Apple Confidential Information For Which Apple Supports Sealing**

Apple moves to seal portions of Exhibit D-11 to the Rho Declaration because they contain Apple's confidential source code and closely-related technical information.  Apple has established compelling reasons to permit the filing of this information under seal through the Declaration of Emily L. Fedman filed in support of this Administrative Motion to File Documents Under Seal ("Fedman Declaration"), as well as the previously-filed declaration of Apple in-house attorney Cyndi Wheeler that addresses the information contained in Exhibit D-11.  *See* Declaration of Cyndi Wheeler in support of Apple's Administrative Motion to File

Documents under Seal (Apple's Motion for Partial Summary Judgment), D.I. 803 (Oct. 10, 2013).

As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846 (N. D. Cal.), D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012); D.I. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). This Court has further explained that "technical information that is closely related to Apple's source code" is similarly considered to be sealable. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, (N.D. Cal.) D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013). The source code and closely-related technical information at issue in this motion thus constitutes the same type of information that has been held to be sealable by this Court under the "compelling reasons" standard. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012), D.I. 2250-1 at 7-8 (Feb. 20, 2013); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Exhibit D-11 to the Rho Declaration contains and discusses Apple's highly sensitive and proprietary source code and closely-related technical information for one of its released products – Apple's AppleSearch software. In particular, this exhibit directly excerpts sections of Apple's source code, identifies the structure of Apple's source code, and discusses in detail the particular functionality of specific source code files. Fedman Declaration ¶ 5. As Apple in-house attorney Cyndi Wheeler explained in her October 10, 2013 declaration addressing this same body of information when it was contained in Exhibit D-1 to the Declaration of Jennifer Rho submitted in support of Apple's Motion for Partial Summary Judgment, Apple considers this information about its source code to be trade secrets. *See* D.I. 803-02 at ¶ 10. Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* ¶¶ 5-10. Apple provides its source code with the

highest level of protection and security, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id.* at ¶¶ 3-7. Even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* D.I. 512 at ¶ 11.

Public disclosure of this information, which identifies and details the particular functionality and structure of specific source code files for Apple's "AppleSearch" client and server software, would be extremely harmful to Apple, at least in part because it would diminish the independent economic value that Apple derives from its proprietary and confidential source code. *Id.* at ¶¶ 5-6, 9-10. Indeed, as Ms. Wheeler confirmed in her October 10, 2013 declaration, the specific Apple source code at issue here is non-public, and its exposure would cause Apple to lose significant competitive advantage. *Id.* at ¶¶ 6-10. As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code – including how Apple implements particular features and functionalities of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code. *Id.* Apple thus goes to significant lengths to protect its source code and prevent the disclosure and copying of its source code by outside parties. D.I. 803-02 at ¶ 10.

The relief requested by Apple is also narrowly tailored to protect the confidentiality of only Apple's most confidential information contained in Exhibit D-11. Indeed, Apple is seeking neither to seal the entirety of its discussion citing this exhibit, nor the entirety of Exhibit D-11; rather, Apple is moving to seal only the very limited portions of the document that contain very specific quotations from, detailed identifications of the structure of, and detailed discussion of specific source code files from Apple's highly proprietary source code. Fedman Declaration ¶¶ 9, 10. Apple has not sought to seal information that is not specifically and closely tied to its source code. *Id.* Moreover, the information that Apple here seeks to seal – a few highly technical details – is not necessary for the public to understand the parties' positions or the issues in the underlying brief. For example, the purpose of Exhibit D-11 is merely to illustrate

Samsung's and its expert's general method of combining entire software systems in Samsung's theory of invalidity. *See* Summary Judgment Reply at 9-12. Apple's use of Exhibit D-11 does not require it to address the source code information at issue in the present motion, nor does Samsung's response require knowledge of the particular source code information in order to be understood. Thus, not only are there compelling reasons to seal this information, but the public's interest in this information is especially low because the precise contours of the source code and closely-related technical information in Exhibit D-11 are not necessary to understand and evaluate the issues discussed in Apple's Summary Judgment Reply and related briefing. *See, e.g., id.; Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm"). Accordingly, because Apple has a compelling interest in sealing its non-public, confidential source code information, which outweighs the public interest in this information, it should be sealed.

Apple has lodged with the Court a version of Exhibit D-11 that highlights Apple's highly confidential and sealable information in yellow. Additionally, Samsung designated this document as "Attorneys' Eyes Only – Contains Highly Confidential Business Information" and thus Apple has filed the entire document under seal, as explained below. Fedman Declaration ¶ 10.

**Information Marked Confidential By Samsung or Third Parties**

As described in the Fedman Declaration, the following documents contain information that has been designated "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Attorneys' Eyes Only – Contains Source Code," and "Attorneys' Eyes Only – Contains Highly Confidential

Business Information" by Samsung and/or Google and/or Oracle pursuant to the Protective Order entered in this case, or otherwise contain information that is believed to be deemed confidential by Samsung, Google, or Oracle: Portions of Apple's Summary Judgment Reply; and Exhibits B-7, C-7, C-8, C-9, C-10, D-10, D-11, and E-10 to the Rho Declaration. Fedman Declaration ¶ 12-21.

Accordingly, Apple has moved to file these documents under seal. Pursuant to the local rules of this court, Apple has provided a proposed public redacted version of its Summary Judgment Reply as an attachment to this Motion. The complete, unredacted versions of all of the documents identified above will be e-filed under seal concurrently with this motion, as well as served upon Samsung and the third parties whose confidential information is implicated, as appropriate.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Fedman Declaration ¶ 22. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Summary Judgment Reply and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

Dated:  November 14, 2013        GIBSON, DUNN & CRUTCHER LLP


By:  */s/ H. Mark Lyon*
       H. Mark Lyon

       Attorneys for Plaintiff
       APPLE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 14, 2013          */s/ H. Mark Lyon*