JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF CASEY MCCRACKEN IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO (APPLE INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN UNRELIABLE AND IMPERMISSIBLE SAMSUNG EXPERT TESTIMONY)** |

McCracken Decl. iso Apple's Motion to Seal
Apple's Reply iso Motion to Exclude certain Testimony
Case No. 12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

I, Casey McCracken, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in Support of Apple's Administrative Motion to File Under Seal Documents Relating to Apple, Inc.'s Reply in support of Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony to confirm that there is good cause to seal Apple's Reply in support of Motion to Exclude Certain Unreliable and Impermissible Samsung Expert Testimony ("Motion to Exclude Reply") as well as certain documents supporting the Reply, as they are confidential and sealable. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Concurrent with Apple's Motion to Seal, Apple has filed its Motion to Exclude Reply, the Declaration of Mark Selwyn in Support of Apple's Motion to Exclude Reply ("Selwyn Declaration") and exhibits thereto.

3. Apple hereby seeks to seal certain documents and testimony referenced in Apple's Motion to Exclude Reply, the Selwyn Declaration, and exhibits thereto. Certain of these documents and testimony contain information designated as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" by third party HTC Corporation ("HTC") and/or Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") pursuant to the Protective Order entered in this case, or is otherwise believed to be deemed confidential by these parties.

4. Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow.[1] Where a

---

[1] Occasionally throughout the Reply brief, information may be considered confidential by both Apple and another party. That information is highlighted in yellow to indicate Apple's desire to keep that information sealed, but this highlighting is not meant to preclude other parties from moving to seal that information as well.

McCracken Decl. iso Apple's Motion to Seal
Apple's Reply iso Motion to Exclude certain Testimony
-1-    Case No. 12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

document contains portions of information that are considered confidential by Samsung or a third party, Apple hereby submits that document with the confidential information highlighted in grey.  If a document has been designated as confidential or otherwise contains the confidential information of Samsung or a third party, Apple has moved to file such document entirely under seal.

**Apple's Confidential Licensing Information**

5. Portions of Apple's Motion to Exclude Reply contain highly sensitive and non-public information and should remain under seal.  The document includes information related to Apple's confidential licensing agreements and negotiations.  The Apple confidential licensing information included in Apple's Motion to Exclude Reply discusses in detail Apple's licensing agreements and negotiations—particularly the scope and terms of Apple's license with third party HTC, the terms addressed in licensing negotiations between Apple and Samsung, and Apple's overall license portfolio and its composition.  Apple has narrowly tailored its motion to seal to this highly confidential licensing information in Apple's Motion to Exclude Reply.

6. I understand that this Court has held that this type of licensing information, such as the "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements, fall within the definition of "trade secrets." *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal. Aug. 9, 2012) (Dkt. No. 1649 at 10-11) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  As Apple's Director of Patent Licensing and Strategy explained in his April 8, 2013 declaration addressing the ability to seal Apple's licensing information, Apple strictly maintains the confidentiality of its license agreements, which are subject to strict confidentiality provisions, and which Apple does not disclose publicly.  *See* Declaration of Boris Teksler, D.I. 442-4 at ¶¶ 2-4.  Indeed, as Mr. Teksler further confirmed, Apple strongly protects its licensing information, including by limiting access to such information even within Apple to only those individuals in the licensing group, those who need such information for making relevant decisions or otherwise performing

McCRACKEN DECL. ISO APPLE'S MOTION TO SEAL
APPLE'S REPLY ISO MOTION TO EXCLUDE CERTAIN TESTIMONY
CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

their job responsibilities. *Id.* ¶ 2. The licensing information at issue in Apple's Motion to Exclude Reply constitutes the same type of information previously addressed by Mr. Teksler and the Court.

7. Apple—and its licensing partners—would suffer significant harm from the public disclosure of this licensing information. As Mr. Teksler further explained, public disclosure of the terms of Apple's license agreements would undermine Apple's position in numerous ongoing negotiations, and damage future negotiations, and give other parties—competitors and potential litigants—an asymmetric and unfair advantage by providing insight into Apple's non-public business and licensing strategies. *Id.* ¶¶ 2-4; *see also* Declaration of Jordan Bekier, D.I. 857-1. Indeed, it is generally understood in the industry that it is critically important to keep this type of information highly protected. *Id.* Apple, as well as the entities with whom Apple entered into license agreements whose terms are at issue, thus would be subjected to significant "harm . . . if the financial and licensing information at issue lost its confidential status."[2] *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV- 01846, (N.D. Cal. Sept. 11, 2013) (Dkt. No. 2397 at 2-3) (sealing licensing-related information of Apple, Samsung, and third party InterDigital).

**Apple's Market Research Information**

8. Portions of Apple's Motion to Exclude Reply contain confidential market research information regarding customer use of the accused Apple products.

9. Exhibits C-10, C-11, and C-12 to the Selwyn Declaration are excerpts of market research reports that also contain detailed market research information regarding customer use of the accused Apple products.

10. Portions of Apple's Motion to Exclude Reply and the Exhibits C-10, C-11, and C-12 to the Selwyn Declaration contain proprietary Apple market research information and the

---

[2] The information related to licensing agreements and negotiations at issue in this motion also implicates the confidential information of Samsung and third party HTC. HTC has previously confirmed its position that this information is highly confidential and sealable, in multiple declarations filed in this case and Case No. 11-cv-1846 to support sealing of material similar to that at issue here. *See, e.g.,* D.I. 839, 867, and 868.

McCRACKEN DECL. ISO APPLE'S MOTION TO SEAL
APPLE'S REPLY ISO MOTION TO EXCLUDE CERTAIN TESTIMONY
CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak, the Vice President in Apple's Product Marketing department, filed in Support of Apple's Motion to Seal Trial Exhibits. *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal. July 30, 2013) (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable time series of information that shows how customer preference have evolved).

11. The Joswiak Declaration also establishes that Apple goes to great lengths to maintain the confidentiality of this information and that Apple would be seriously harmed were this information to be made public. *Id.* ¶ 11.

12. The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding the accused Apple products. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents).

\*\*\*

13. Apple has narrowly tailored its Motion to Seal to only those portions of Apple's Motion to Exclude Reply and exhibits C-10, C-11, and C-12 of the Selwyn Declaration that constitute highly sensitive and confidential licensing information, as reflected by the information highlighted in yellow. This information is sealable for the reasons described above.

**Samsung or Third Party Confidential Information**

14. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that is designated or otherwise considered highly confidential by Samsung or HTC.

Gibson, Dunn & Crutcher LLP

McCracken Decl. iso Apple's Motion to Seal
Apple's Reply iso Motion to Exclude certain Testimony
Case No. 12-cv-00630-LHK (PSG)

15. Apple's Motion to Exclude Reply contains information that is designated or otherwise considered highly confidential by Samsung and/or HTC. This information has been highlighted in grey in the version of the Reply filed under seal.

16. Exhibit B-11 to the Selwyn Declaration, which consists of an excerpt of the transcript of the October 4, 2013 deposition of James R. Kearl, contains information that is designated or otherwise considered highly confidential by Samsung.

17. Exhibit B-12 to the Selwyn Declaration, which consists of an excerpt of the transcript of the October 1, 2013 deposition of Sanjay Rao, contains information that is designated or otherwise considered highly confidential by Samsung.

18. Exhibit C-8 to the Selwyn Declaration, which consists of the Supplemental Expert Report of Richard Newton Taylor, Ph.D., Regarding Noninfringement of the Asserted Claims of U.S. Patent No. 7,577,757, contains information that is designated or otherwise considered highly confidential by Samsung.

**Meet and Confer**

19. Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal (Motion to Exclude Reply) as a procedural mechanism for filing portions of Apple's Motion to Exclude Reply and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: November 14, 2013

                                               */s/ Casey McCracken*
                                               Casey McCracken

Gibson, Dunn & Crutcher LLP

MCCRACKEN DECL. ISO APPLE'S MOTION TO SEAL
APPLE'S REPLY ISO MOTION TO EXCLUDE CERTAIN TESTIMONY
CASE NO. 12-CV-00630-LHK (PSG)

## ATTESTATION

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Casey McCracken has concurred in this filing.

Dated: November 14, 2013      /s/ H. Mark Lyon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon HTC's counsel via electronic mail and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 14, 2013      /s/ H. Mark Lyon

McCracken Decl. iso Apple's Motion to Seal
Apple's Reply iso Motion to Exclude certain Testimony
Case No. 12-cv-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP