# EXHIBIT 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE** |

**REBUTTAL EXPERT REPORT OF MARTIN RINARD, PH.D. REGARDING NONINFRINGEMENT OF CLAIMS 24 AND 25 OF U.S. PATENT NO. 6,847,959**

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

32.    In paragraphs 109-114 of his Opening Report, Dr. Snoeren presents his opinion that "to infringe this claim the heuristic employed must be implemented in a module on the device, not remotely on a server on the Internet." (Opening Snoeren Report, ¶ 110.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

39. In direct contrast to Dr. Snoeren's allegations, in this embodiment the '959 patent identifies a "search engine" as one way to employ a "heuristic" to locate information. See, for example: "Yet another module might employ a search engine to locate Internet web pages which match the user input." ('959 patent, 4:17-19.)  Far from supporting Dr. Snoeren's allegations that "the heuristic used to search the Internet location must reside on the device" (Opening Snoeren Report, ¶ 114), the specification of the '959 patent identifies a "search engine" that locates "Internet web pages which match the user input" as one way to employ a "heuristic."  ('959 patent, 4:17-19.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

10

_____  
Name

_Sept. 13, 2013_  
Date