# EXHIBIT G

## REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>               Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**REBUTTAL EXPERT REPORT OF DR. ALEX C. SNOEREN CONCERNING U.S. PATENTS NOS. 6,847,959 AND 7,761,414**<br><br><br>**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE** |

413.   INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

### 4. Evolution

414.   INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

416.   Claim 20 requires at least three synchronization software components: one configured to synchronize data for a first data class, and at least two "other synchronization software components" each configured to synchronize data of other corresponding data classes. The Chase Report does not dispute this point. In his report, Dr. Chase identifies only three classes of data (mail,

contacts and calendar data) for which there are portions of Evolution he says constitute the required synchronization software components.  Thus, if any of those identified portions of code fail to meet the requirements for a synchronization software component set forth for such in claims 11 and 20, Evolution cannot anticipate claim 20.

417.   INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

      **a.   Mail**

419.   INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

1. INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

449. In addition, it is my opinion that Evolution does not anticipate claim 20 because it does not disclose the plug-in model architecture required by that claim. As explained in my opening expert report at paragraphs 404-408, claim 20 requires a plug-in model architecture such that additional synchronization software components corresponding to other classes of structured data are plugged into that architecture to handle the synchronization of such data in addition to the requirements of claim 11. As explained herein, the implementation of the various synchronization functionalities in Evolution does not follow any consistent framework such that additional synchronization software components configured to synchronize data corresponding to other data classes could be plugged in to extend that functionality.

450. INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

493.  As explained in my opening expert report, claim 20 requires at least three distinct synchronization software components each of which provides its own synchronization processing thread(s) to synchronize a corresponding data class. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

494.  INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Dated: September 13, 2013

_____
Alex C. Snoeren