1  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
2  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
3  Kevin A. Smith (Bar No. 250814)
   kevinsmith@quinnemanuel.com
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   Kevin P.B. Johnson (Bar No. 177129)
7  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
8  victoriamaroulis@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 William C. Price (Bar No. 108542)
   williamprice@quinnemanuel.com
12 Michael L. Fazio (Bar No. 228601)
   michaelfazio@quinnemanuel.com
13 865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
14 Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100
15

16                     UNITED STATES DISTRICT COURT

17           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

18 | APPLE INC., a California corporation,        | CASE NO. 12-CV-00630-LHK (PSG)
19 |                  Plaintiff,                   | **CONSOLIDATED DECLARATION OF**
   |                                               | **DANIEL WOOSEOB SHIM IN SUPPORT**
20 |           vs.                                 | **OF SAMSUNG'S ADMINISTRATIVE**
   |                                               | **MOTIONS TO FILE UNDER SEAL**
21 | SAMSUNG ELECTRONICS CO., LTD., a
   | Korean business entity; SAMSUNG
22 | ELECTRONICS AMERICA, INC., a New
   | York corporation; SAMSUNG
23 | TELECOMMUNICATIONS AMERICA,
   | LLC, a Delaware limited liability company,
24
   |                  Defendants.
25

26

27

28

I, Daniel Wooseob Shim, declare:

1.   I am Senior Legal Counsel at Samsung Electronics Co., Ltd. ("SEC"). I have personal knowledge of the facts set forth in this declaration, except as otherwise noted, and, if called as a witness, could and would testify to those facts under oath.

2.   I submit this declaration in support of Samsung's administrative motions to file under seal documents in connection with: (1) Samsung's Reply In Support of its Motion For Summary Judgment; and (2) Samsung's Reply In Support of its Motion to Exclude Opinions of Certain of Apple's Experts.

3.   I understand that some of the documents Samsung seeks to seal include information designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Apple and/or third parties. I have reviewed partially redacted versions of the documents that exclude Apple and third-party confidential information.

4.   The documents Samsung seeks to seal include Samsung's source code, detailed descriptions of the operations of Samsung's source code, highly confidential financial data, and information about Samsung's licenses with third parties. The portions of the exhibits in support of Samsung's motions that Samsung seeks to seal and the type of information are identified below:

| Document | Portion Samsung Seeks to Seal | Type of Information |
|---|---|---|
| Samsung's Reply In Support of its Motion For Summary Judgment | Portions highlighted in green. | Detailed descriptions of the operation of Samsung's source code. |
| Samsung's Reply In Support of its Motion to Exclude Opinions of Certain of Apple's Experts | Portions highlighted in green. | Details of licensing discussions between Samsung and Apple including proposed payment terms; information derived from Samsung per unit sales data. |

5.   As this Court has previously found, disclosure of source code excerpts and file names, and detailed descriptions of code is likely to cause Samsung harm as competitors could use the information to copy the features found on Samsung's products.

6. Samsung considers the financial data included in these documents to be highly confidential, including detailed information about profits. Samsung does not report the type of data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

7. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Samsung took special precautions when producing detailed financial data.

8. Specific profit data are far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

9. Suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

10. Information about Samsung's internal product development processes is likewise highly confidential because competitors could use the information to estimate Samsung's development time frames and release dates. Competitors could then try to beat Samsung to the market, removing any first-mover advantage Samsung may otherwise enjoy.

11. Information about Samsung's licensing agreements with third parties is highly confidential because Samsung frequently negotiates licensing agreements and counterparties could use information about Samsung's existing agreements to Samsung's disadvantage during negotiations.

1
2   I declare under penalty of perjury under the laws of the United States of America that the
3   foregoing is true and correct.  Executed in Suwon, South Korea on November 15, 2013.
4
5                                                          */s/ Daniel Wooseob Shim*
6                                                          _____
7                                                          Daniel Wooseob Shim
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael L. Fazio, am the ECF user whose ID and password are being used to file the foregoing document.  I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Daniel Shim.

Dated:  November 14, 2013                         /s/ Michael L. Fazio
                                                                   Michael L. Fazio

-4-  Case No. 12-CV-00630-LHK (PSG)
CONSOLIDATED DECLARATION OF DANIEL WOOSEOB SHIM