# EXHIBIT 1

Scott R. Mosko (State Bar. No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Attorneys for Third Parties
HTC America Inc., HTC Corporation
and S3G Graphics Co. Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>                Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean Corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York Corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware Limited Liability Company,<br><br>                Defendants. | Case No. 11-cv-01846-LHK<br><br>**THIRD PARTIES HTC AMERICA INC., HTC CORPORATION AND S3G GRAPHICS CO. LTD.'S RESPONSE TO MOTION TO FILE UNDER SEAL**<br><br>Judge: Honorable Lucy H. Koh |

I.   INTRODUCTION

Third-parties HTC America Inc., HTC Corporation and S3G Graphics Co. Ltd. ("collectively HTC") file this pleading, and the accompanying Declaration of Vincent Lam consistent with this Court's earlier order, Docket No. 1288 in support of Samsung's administrative motion to file HTC's agreement with Apple Computer ("the HTC/Apple Agreement") under seal (Dkt. No. 2182), and pursuant to Civil L.R. 79-5. In response to Samsung's first motion to file under seal, the Court acknowledged that this agreement has confidential information in it that must be redacted before it can be publicly filed. (Dkt. No. 2168). The parties to the HTC/Apple Agreement have reviewed the guidance provided by the Court as to which portions of the agreement should be redacted. Samsung filed a second motion to file this agreement under seal, this time attaching a version of the agreement redacted by HTC and Apple. This pleading and the accompanying declaration of Vincent Lam provides support for the narrowly-tailored redactions that include highly confidential and trade secret information, which if published would likely assist HTC's competitors and opponents to HTC's detriment. This redacted version strikes a reasonable balance between the public's right to access to matters asserted in the pending Motion for Permanent Injunction (that does not concern HTC), and the protection of third-party HTC's confidential information.

II.  **THE REDACTIONS IN THE HTC/APPLE AGREEMENT ONLY EXCLUDE TERMS THAT COMPETITORS AND OPPONENTS COULD USE TO HTC'S DETRIMENT**

Although the proposed use of the HTC/Apple Agreement does not arise in the course of a dispositive motion or at trial, this Court has determined that the compelling reason standard set forth by the Ninth Circuit[1] shall apply. (Dkt. No. 2168). The accompanying Declaration of Vincent Lam establishes that compelling reasons support the redactions made to this Agreement. The sections to be redacted concern pricing terms, royalty rates, or the process by which the royalty unit is calculated that, if publicly disclosed, would place HTC at a competitive disadvantage. This Court

---

[1] HTC submits that the appropriated standard is "good cause" pursuant to *Pintos v. Pac. Criditors Ass'n.*, 605 F.3d 665, 678 (9th Cir. 2010). Nevertheless, in this case, the proposed redactions meet both the "compelling interest" and "good cause" standards, as demonstrated herein.

1

HTC AMERICA INC., HTC CORPORATION AND S3G GRAPHICS CO. LTD.'S RESPONSE TO MOTION TO FILE UNDER SEAL
Case No. 11-cv-01846-LHK

1  has recognized that such terms are appropriately sealed in according such protection to third parties
2  in this case, holding that "pricing terms, royalty rates, and guaranteed minimum payment terms"
3  plainly fall within the definition of "trade secrets" for purposes of sealing motions. (Dkt. No. 1649,
4  *citing In Re Electronic Arts,* 298 Fed. App'x 568, 568-70 (9th Cir. 2008)). In ruling on third party
5  motions regarding license agreements offered at trial, this Court further affirmed that "the *Electronic*
6  *Arts* court adopted the definition of 'trade secret' propounded by the Restatement of Torts as
7  something 'consisting of any formula, pattern, device or compilation of information which is used in
8  one's business, and which gives him an opportunity to obtain an advantage over competitors who do
9  not know or use it. *Id.* (*citing Restatement of Torts* § 757, cmt. b). Accordingly, the Court will seal
10 all information related to licensing agreements' pricing terms, royalty rates, and payments. The
11 public release of such information would place these third-parties in a weakened bargaining position
12 in future negotiations.'" *Id*.

13     The redactions made to the HTC/Apple Agreement are consistent with the above analysis
14 provided by the Court. The HTC/Apple Agreement resolved a lengthy series of patent litigation
15 matters between HTC and Apple, and embodies the parties' private commercial resolution. (Lam
16 Dec., ¶ 3). HTC negotiated in good faith the confidential license terms here at issue, which HTC
17 believes contain confidential information that HTC regards as highly valuable proprietary
18 information. Disclosure of those terms—such as prices, conditions of use, forbearance and
19 restrictions—would place HTC at an unfair competitive disadvantage by unveiling the blueprint of
20 specific technical and financial conditions under which HTC does business in the market for
21 smartphone technology. (*Id*., at ¶¶ 3 - 6). As a matter of public policy, and in the interests of
22 promoting judicial economy and to promote settlements, HTC should not be penalized for reaching a
23 settlement of its hard-fought litigation with Apple by having its confidential business information
24 disclosed to its competitors and opponents in the smartphone market. If this agreement is publicly
25 filed, the current redactions should remain in any such filing.

26     In particular, as established in the Lam Dec., sections 6, 8, and 11 of the HTC/Apple
27 Agreement, and Exhibits B, C and D thereto, disclose confidential pricing of the royalty terms of the
28 license and settlement agreement. (Lam Dec., ¶ 5). In addition, portions of section 1 of the

1  agreement disclose the manner in which a royalty unit is defined and the process by which the

2  financial terms are to be calculated. This information sets forth the confidential business structure

3  negotiated for and achieved by the license and settlement. Such confidential financial information

4  constitutes HTC's trade secrets. (Lam Dec., ¶ 6).

5        If the Court were to order the parties to publish these private, competitive-sensitive details

6  that have been redacted, HTC's competitors and opponents could likely use this information to set

7  rates or prices for products or otherwise unfairly compete. (Lam Dec., ¶¶ 3 - 6). This is precisely

8  the concern that *In Re Electronic Arts* addressed. Moreover, HTC had an expectation of privacy in

9  these terms as Apple agreed to maintain them in confidence and HTC is no longer in litigation with

10 Apple. (Lam Dec., ¶ 3). Public disclosure of these details would cause HTC irreparable harm and

11 unfairly put it at a competitive disadvantage in future negotiations or dealings with its competitors

12 and opponents in the market. (Lam Dec., ¶¶ 5,6; Dkt. No. 1629 at 21; *In re Elect Arts, Inc*., at 569-

13 70). HTC is currently a party in more than 50 United states patent litigation cases (Lam Dec., ¶ 6).

14 Indeed, if HTC's current and future opponents knew the details redacted in this agreement, HTC

15 would be substantially and unfairly disadvantaged in its attempts to negotiate any resolution.

16       According to Samsung and Judge Grewal, the HTC/Apple Agreement has limited relevance

17 in this case. Samsung only contends that this agreement is proof that Apple was willing and in fact

18 has entered into license agreements concerning at least some of the patents at issue in this case.

19 Samsung asserts these facts in opposition to Apple's motion for permanent injunction. (Dkt. No.

20 2144). Hence the terms and details HTC has redacted are irrelevant to this case. Accordingly, no

21 legitimate public interest exists for making those terms publicly available. *MMI, Inc. v. Baja, Inc.*,

22 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010). Importantly, HTC does not seek to redact the patents

23 Apple has licensed to HTC, nor the fact of the license. (Lam Dec., ¶ 4). The public's "right to

24 inspect and copy judicial records is not absolute", and "the common-law right of inspection has

25 bowed before the power of a court to insure that its records are not used . . . as sources of business

26 information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc*.,

27 433 U.S. 589, 598 (1978).

28

1     In sum, HTC's redactions are sufficiently particularized, and HTC has demonstrated compelling reasons to protect the identified portions of HTC/Apple Agreement, the redacted form of which is attached to the Declaration of Robert Becher, at Docket No. 2182-4. Moreover, the request is narrowly tailored to protect HTC's interests while balancing the public interest in having access to information relevant to the litigation.

Dated: December 5, 2012                    FINNEGAN, HENDERSON, FARABOW,
                                                                   GARRETT & DUNNER, LLP

                                                    By:       /s/ *Scott R. Mosko*
                                                                 Scott R. Mosko

                                                   Attorneys for Third Parties
                                                 HTC America Inc., HTC Corporation and S3G
                                                   Graphics Co. Ltd.