# EXHIBIT 20

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | | |
|---|---|---|
| APPLE INC., a California corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 12-CV-00630-LHK |
| v. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | ) | |
| | ) | |
| Counterclaim-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., a California corporation, | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |
| _____ | ) | |

**EXPERT REPORT OF DR. THOMAS E. FUJA
REGARDING INVALIDITY OF U.S. PATENT NOS. 7,756,087 AND 7,551,596**

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**
**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

861.    Furthermore, it is important to keep in mind that the major technological

accomplishment of HSUPA was a higher-speed uplink made possible by rapid Node B

scheduling and newly-implemented MAC-layer HARQ processing.  The whole point of the '087

was to offer a new "tool" to control interference for non-scheduled transmissions, but there was

considerable discussion about whether such a non-scheduled mode was even necessary to

include in the E-DCH channel.  While it is unclear how much E-DCH traffic is carried in non-

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**

scheduled mode, it is noteworthy that a 245-page book dedicated to enhanced uplink/downlink

for UMTS – "*HSDPA/HSUPA for UMTS: High Speed Radio Access for Mobile*

*Communications*," edited by Holma and Toskala – includes only two short paragraphs (Section

5.5.9) on the subject in a 245-page book. And only one of those two paragraphs mentions the

standard's provision for limiting non-scheduled transmissions to a subset of HARQ processes.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**
**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

August 12, 2013

Thomas E. Fuja, Ph.D.

# EXHIBIT 21

**CONTAINS INFORMATION DESIGNATED AS APPLE,
SAMSUNG, AND THIRD PARTY HIGHLY CONFIDENTIAL INFORMATION**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

APPLE INC., a California corporation,

      Plaintiff,

      vs.

SAMSUNG ELECTRONICS CO., LTD., a
Korean business entity, SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

      Defendants.

Civil Action No. 12-cv-00630-LHK

**Expert Report of Richard Newton Taylor, Ph.D.
Regarding Invalidity of the Asserted Claims of U.S. Patent No. 7,577,757**

**CONTAINS INFORMATION DESIGNATED AS APPLE,
SAMSUNG, AND THIRD PARTY HIGHLY CONFIDENTIAL INFORMATION**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

46.    Source code control systems are another means for synchronizing files between devices.  The Revision Control System (RCS), for example, has been in use since the early 1980s.  ( Design, Implementation, and Evaluation of a Revision Control System, 1982, http://dl.acm.org/citation.cfm?id=800254.807748.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**CONTAINS INFORMATION DESIGNATED AS APPLE, SAMSUNG, AND THIRD PARTY HIGHLY CONFIDENTIAL INFORMATION**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

49.    At least by the 1970s, storage of audio, video, and photographic data in digital form was well known in the art.  For example, digital cameras, audio compact discs, and digital video such as DVDs and laser discs have been popular for decades.  As the technology progressed, compressed digital media formats were created: Apple's QuickTime digital video debuted in 1991; the JPEG digital photographic standard was issued in 1992; and the MP3 audio standard was published in 1993.  (*See* ISO/IEC 10918-1:1994[2]; ISO/IEC 11172-3:1993[3].)  These compressed formats, along with many others like them, popularized the storage and transfer of collections of audio, video, or photographic information in digital form.  For example, users could download digital audio over a wide area network such as the Internet from public websites such as MP3.com (*see* U.S. Patent No. 7,587,446, col. 3:29; Lansonic DAS-750 Digital Audio Server Brochure [DVSI00000125], at 2.), or share files between devices or with other users over local or wide area networks, as made famous by Napster ('446 patent, col. 3:30).

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

---

[2] http://www.iso.org/iso/iso_catalogue/catalogue_tc/catalogue_detail.htm?csnumber=18902
[3] http://www.iso.org/iso/iso_catalogue/catalogue_tc/catalogue_detail.htm?csnumber=22412

**CONTAINS INFORMATION DESIGNATED AS APPLE,
SAMSUNG, AND THIRD PARTY HIGHLY CONFIDENTIAL INFORMATION**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

Dated: August 12, 2013

Richard Newton Taylor, Ph.D.

# EXHIBIT 22

| From: | Furman, Joshua |
|---|---|
| To: | Patrick Curran |
| Cc: | Michael Fazio; Buroker, Brian M.; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW; Stone, Rod |
| Subject: | Re: Notice of inspection tomorrow |
| Date: | Wednesday, September 04, 2013 7:44:44 AM |

Patrick,

Thank you for the response.  That Samsung has produced code and executables for this software is besides the point since Drs. Rinard and Chase are relying on systems that were constructed for purposes of this litigation.  Unless it is your position that Samsung's experts are no longer relying on these systems and only relying on source code and executables, Apple has the right to inspect these systems.

Apple's reviewer will be arriving at 9 AM to inspect the systems set up in your San Francisco office.

Best,
Josh

**Joshua R. Furman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

On Sep 3, 2013, at 4:14 PM, Patrick Curran <patrickcurran@quinnemanuel.com> wrote:

Josh,

The attorneys handling this are out of the office.  As explained in the earlier emails, we can't accommodate an inspection in our San Francisco office today.  I understand we're trying to accommodate an inspection tomorrow.  Folks should be able to send additional details by tomorrow morning.

Accusations about "limiting" access aren't productive here – Apple already has the source code and executable code for this prior art, and it was available for inspection last week.  We received your most recent request in the middle of a holiday weekend.  We're working to accommodate as quickly as we can.

I believe we're still waiting on a response to our request to inspect systems on which Apple's experts relied for invalidity opinions.  When will we receive a response to that request?

Regards,

Patrick

---

**From:** Furman, Joshua [mailto:JFurman@gibsondunn.com]
**Sent:** Tuesday, September 03, 2013 2:22 PM
**To:** Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service';
Samsung NEW; Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Michael,

The Samsung devices that you have requested to inspect will be available again in
Gibson Dunn's Palo Alto office beginning on Wednesday, September 4. The source
code and executable code for those devices is in Samsung and Google's possession.

As you know, rebuttal expert reports are due in less than two weeks and it is
unacceptable for Samsung to limit the availability of systems on which its experts
relied.  Samsung did not produce these systems during fact discovery and Apple first
became aware of their existence only after receipt of the Rinard and Chase reports.
Apple requested to inspect these systems on August 22nd and Samsung's reply on
August 26th provided less than one-day's notice for the inspection.  Moreover, on
Friday, August 30, Apple notified Samsung that we would need to continue inspecting
the systems and requested that you extend a similar courtesy that Apple extended to
Dr. Chase and make all systems available in a single location.  Samsung's response to
that request was that the "that these prior art systems are old – some of them quite
old – and it may take some time to move them carefully and then reassemble them in
working form elsewhere." Now, in response to our request to inspect them in their
original location Samsung's response is that these systems have, in fact, been moved.

Apple's reviewer is currently in San Francisco and is set to review the systems today.
Since we understand that you may need some time to set up the systems, he can wait
until 1:30 PM to arrive, but we request that the availability be extended until 9 PM.
Please confirm that the systems relied on by Dr. Rinard will be available starting at
1:30 PM Sept. 3rd in your San Francisco office.

Best,
Josh

**Joshua R. Furman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261

JFurman@gibsondunn.com • www.gibsondunn.com

_____

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, September 02, 2013 7:46 PM
**To:** Furman, Joshua
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service';
Samsung NEW; Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Josh,

We are still waiting for Apple's response to several inquiries in my email below dated
August 30th regarding inspection of materials relied on by Apple's experts.  Please
provide the courtesy of a response by end of the day tomorrow (Tuesday) to these
outstanding requests.

Regarding the materials discussed in Apple's email below, the systems previously
available for inspection in our San Francisco office have been removed from the
conference room where they were available earlier last week and are no longer
available in that location.  Accordingly, we are unable to accommodate Apple's
requested inspection dates of September 3-4 in San Francisco.  We will let Apple
know alternative dates for inspection when we have been able to secure a suitable
space.

We are able to accommodate an inspection of materials in Washington, DC on the
dates requested below.

Best regards,
Michael Fazio

_____

**From:** Furman, Joshua [mailto:JFurman@gibsondunn.com]
**Sent:** Sunday, September 01, 2013 3:50 PM
**To:** Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; WH Apple Samsung NDCal II Service;
Samsung NEW; Stone, Rod
**Subject:** Re: Notice of inspection tomorrow

Michael,

Thank you for the email below.  We hope we can reach a solution on hosting the
systems in one location and will respond to your email separately.  In the
meantime Apple intends to review the systems available in San Francisco on
Tuesday, Sept. 3 through Wednesday, Sept. 4 and the systems available in
Washington, DC on Thursday, Sept. 5 through Friday, Sept. 6.  Walter Overby
will be at the respective offices from 9 AM through 7 PM.

Thanks,
Josh

**Joshua R. Furman**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

On Aug 30, 2013, at 5:13 PM, Michael Fazio
<michaelfazio@quinnemanuel.com> wrote:

Brian,

Apple's email below is the first time Apple asked for a single location to inspect these devices, which were prepared by different experts in different locations.  We will investigate this issue, but please note that these prior art systems are old – some of them quite old – and it may take some time to move them carefully and then reassemble them in working form elsewhere.  We appreciate Apple's accommodation of Dr. Chase's medical condition, but this is not a medical issue, so I am not sure how the two issues are related.  Relatedly, Apple's agreement to make certain accommodations was not costless, as Samsung agreed to reimburse certain agreed-upon costs in connection with Dr. Chase's inspection of source code.  In any event, we will investigate this request.

Importantly, Samsung previously inquired about inspecting materials relied on by Dr. Snoeren and Dr. Cockburn.  When and where will that inspection proceed?  In addition, we have not received a response to our request to inspect the prior art systems relied on by Apple's experts in their validity reports regarding Samsung's patents-in-suit.  (*See* Aug. 26, 2013 letter from Amar Thakur to Peter Kolovos).  Please provide a time and location for those inspections.

Regarding your question about the materials in New York made available for inspection, the computers referenced in Dr. Rinard's report are in San Francisco, and were offered for inspection at that location earlier this week.  Separately, other computers containing installations of this same AppleSearch and WAIS software are located in New York.  These computers in New York were made available to Apple several months ago, as described in my previous letter, and we are making them available again now.

Best regards,
Michael Fazio

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]

**Sent:** Thursday, August 29, 2013 7:14 PM
**To:** Michael Fazio; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW
**Cc:** Stone, Rod; Furman, Joshua
**Subject:** Notice of inspection tomorrow

Michael,

      As offered in your letter of Monday, August 26, 2013, Gibson Dunn attorneys will be inspecting the demonstrative relied upon by Dr. Chase in the Washington office tomorrow and the AppleSearch and WAIS installations in New York tomorrow without waiving our objection to these systems being located in three different locations.   Specifically, I will inspect the systems your letters indicates are available in your Washington office and Josh Furman will inspect the systems your letter indicates are available in your New York office.

      We will need to schedule additional dates for inspection when Apple's expert witnesses are available to review them.  We believe that these demonstrative should be made available in a single location.  As you know, we accommodated Dr. Chase and are asking for a similar accommodation to enable our experts to avoid having to travel to three separate locations.  In addition, due to scheduling constraints, we may need to inspect these systems on multiple occasions.

      We are also a little confused about what demonstrative systems are available where.  Your letter states that the demonstrative systems relied upon by Dr. Rinard in Section VIII.L are available in San Francisco and then the WAIS and AppleSearch systems in New York.  Is the WAIS and AppleSearch system in New York different than the one Dr. Rinard relied upon?  Can you please clarify which systems Dr. Rinard and Dr. Chase relied upon?

Thank you,
Brian

**Brian Buroker**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, August 26, 2013 6:44 PM
**To:** *** Apple/Samsung; WH Apple Samsung NDCal II Service
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,

Please see attached.

Michael Fazio

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

# EXHIBIT 23

| | |
|---|---|
| **From:** | Furman, Joshua |
| **To:** | Patrick Curran; Michael Fazio |
| **Cc:** | Buroker, Brian M.; *** Apple/Samsung; "WH Apple Samsung NDCal II Service"; Samsung NEW; Stone, Rod |
| **Subject:** | RE: Notice of inspection tomorrow |
| **Date:** | Monday, September 09, 2013 11:21:27 AM |

Patrick,

Apple intends to continue the inspection of the systems relied on by Drs. Rinard and Chase and made available in Washington and San Francisco on Wednesday (9/11) and Thursday (9/12) this week.

Regards,
Josh
**Joshua R. Furman**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

---

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Wednesday, September 04, 2013 6:56 PM
**To:** Furman, Joshua; Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'; Samsung NEW; Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Josh,

For the inspection in Washington DC tomorrow and Friday, we have support staff available from 9:30am to 6:30pm.  Apple's reviewers should ask for Hyun Jung when they arrive.

The Palm Treo 700w relied upon by Dr. Wigdor is available for inspection in Washington DC.  The other systems relied upon by Dr. Wigdor, as well as the systems relied upon by Dr. Greenberg, are available in our New York office this Friday, September 6, and will also be available next week upon reasonable notice.

Regards,

Patrick

---

**From:** Furman, Joshua [mailto:JFurman@gibsondunn.com]
**Sent:** Tuesday, September 03, 2013 6:58 PM
**To:** Patrick Curran; Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'; Samsung NEW; Stone, Rod

**Subject:** RE: Notice of inspection tomorrow

Counsel,

In addition to the systems referenced below, could you please identify the locations in which the devices inspected and relied upon by Dr. Wigdor and Dr. Greenberg – and particularly the TextPlus device – are available for inspection, and when?

Thank you,
Josh

**Joshua R. Furman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

**From:** Patrick Curran [mailto:patrickcurran@quinnemanuel.com]
**Sent:** Tuesday, September 03, 2013 4:15 PM
**To:** Furman, Joshua; Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'; Samsung NEW; Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Josh,

The attorneys handling this are out of the office.  As explained in the earlier emails, we can't accommodate an inspection in our San Francisco office today.  I understand we're trying to accommodate an inspection tomorrow.  Folks should be able to send additional details by tomorrow morning.

Accusations about "limiting" access aren't productive here – Apple already has the source code and executable code for this prior art, and it was available for inspection last week.  We received your most recent request in the middle of a holiday weekend.  We're working to accommodate as quickly as we can.

I believe we're still waiting on a response to our request to inspect systems on which Apple's experts relied for invalidity opinions.  When will we receive a response to that request?

Regards,

Patrick

**From:** Furman, Joshua [mailto:JFurman@gibsondunn.com]
**Sent:** Tuesday, September 03, 2013 2:22 PM
**To:** Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'; Samsung NEW;

Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Michael,

The Samsung devices that you have requested to inspect will be available again in Gibson Dunn's Palo Alto office beginning on Wednesday, September 4. The source code and executable code for those devices is in Samsung and Google's possession.

As you know, rebuttal expert reports are due in less than two weeks and it is unacceptable for Samsung to limit the availability of systems on which its experts relied.  Samsung did not produce these systems during fact discovery and Apple first became aware of their existence only after receipt of the Rinard and Chase reports.  Apple requested to inspect these systems on August 22nd and Samsung's reply on August 26th provided less than one-day's notice for the inspection. Moreover, on Friday, August 30, Apple notified Samsung that we would need to continue inspecting the systems and requested that you extend a similar courtesy that Apple extended to Dr. Chase and make all systems available in a single location.  Samsung's response to that request was that the "that these prior art systems are old – some of them quite old – and it may take some time to move them carefully and then reassemble them in working form elsewhere." Now, in response to our request to inspect them in their original location Samsung's response is that these systems have, in fact, been moved.

Apple's reviewer is currently in San Francisco and is set to review the systems today. Since we understand that you may need some time to set up the systems, he can wait until 1:30 PM to arrive, but we request that the availability be extended until 9 PM.  Please confirm that the systems relied on by Dr. Rinard will be available starting at 1:30 PM Sept. 3rd in your San Francisco office.


Best,
Josh



**Joshua R. Furman**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, September 02, 2013 7:46 PM
**To:** Furman, Joshua
**Cc:** Buroker, Brian M.; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'; Samsung NEW; Stone, Rod
**Subject:** RE: Notice of inspection tomorrow

Josh,

We are still waiting for Apple's response to several inquiries in my email below dated August 30th regarding inspection of materials relied on by Apple's experts.  Please provide the courtesy of a response by end of the day tomorrow (Tuesday) to these outstanding requests.

Regarding the materials discussed in Apple's email below, the systems previously available for inspection in our San Francisco office have been removed from the conference room where they were available earlier last week and are no longer available in that location.  Accordingly, we are unable to accommodate Apple's requested inspection dates of September 3-4 in San Francisco. We will let Apple know alternative dates for inspection when we have been able to secure a suitable space.

We are able to accommodate an inspection of materials in Washington, DC on the dates requested below.

Best regards,
Michael Fazio

**From:** Furman, Joshua [mailto:JFurman@gibsondunn.com]
**Sent:** Sunday, September 01, 2013 3:50 PM
**To:** Michael Fazio
**Cc:** Buroker, Brian M.; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW; Stone, Rod
**Subject:** Re: Notice of inspection tomorrow

Michael,

Thank you for the email below.  We hope we can reach a solution on hosting the systems in one location and will respond to your email separately.  In the meantime Apple intends to review the systems available in San Francisco on Tuesday, Sept. 3 through Wednesday, Sept. 4 and the systems available in Washington, DC on Thursday, Sept. 5 through Friday, Sept. 6.  Walter Overby will be at the respective offices from 9 AM through 7 PM.

Thanks,
Josh

**Joshua R. Furman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

On Aug 30, 2013, at 5:13 PM, Michael Fazio <michaelfazio@quinnemanuel.com> wrote:

Brian,

Apple's email below is the first time Apple asked for a single location to inspect these devices, which were prepared by different experts in different locations.  We will investigate this issue, but please note that these prior art systems are old – some of them quite old – and it may take some time to move them carefully and then reassemble them in working form elsewhere.  We appreciate Apple's accommodation of Dr. Chase's medical condition, but this is not a medical issue, so I am not sure how the two issues are related.  Relatedly, Apple's agreement to make certain accommodations was not costless, as Samsung agreed to reimburse certain agreed-upon costs in connection with Dr. Chase's inspection of source code.  In any event, we will investigate this request.

Importantly, Samsung previously inquired about inspecting materials relied on by Dr. Snoeren and Dr. Cockburn.  When and where will that inspection proceed?  In addition, we have not received a response to our request to inspect the prior art systems relied on by Apple's experts in their validity reports regarding Samsung's patents-in-suit.  (*See* Aug. 26, 2013 letter from Amar Thakur to Peter Kolovos).  Please provide a time and location for those inspections.

Regarding your question about the materials in New York made available for inspection, the computers referenced in Dr. Rinard's report are in San Francisco, and were offered for inspection at that location earlier this week.  Separately, other computers containing installations of this same AppleSearch and WAIS software are located in New York.  These computers in New York were made available to Apple several months ago, as described in my previous letter, and we are making them available again now.

Best regards,
Michael Fazio

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, August 29, 2013 7:14 PM
**To:** Michael Fazio; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW
**Cc:** Stone, Rod; Furman, Joshua
**Subject:** Notice of inspection tomorrow

Michael,

       As offered in your letter of Monday, August 26, 2013, Gibson Dunn attorneys will be inspecting the demonstrative relied upon by Dr. Chase in the Washington office tomorrow and the AppleSearch and WAIS installations in New York tomorrow without waiving our objection to these systems being located in three different locations.   Specifically, I will inspect the systems your letters indicates are available in your Washington office and Josh Furman will inspect the systems your letter indicates are available in your New York office.

       We will need to schedule additional dates for inspection when Apple's expert witnesses are available to review them.  We believe that these demonstrative should be made available in a single location.  As you know, we accommodated Dr. Chase and are asking for a similar

accommodation to enable our experts to avoid having to travel to three separate locations.  In addition, due to scheduling constraints, we may need to inspect these systems on multiple occasions.

We are also a little confused about what demonstrative systems are available where.  Your letter states that the demonstrative systems relied upon by Dr. Rinard in Section VIII.L are available in San Francisco and then the WAIS and AppleSearch systems in New York.  Is the WAIS and AppleSearch system in New York different than the one Dr. Rinard relied upon?  Can you please clarify which systems Dr. Rinard and Dr. Chase relied upon?

Thank you,
Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, August 26, 2013 6:44 PM
**To:** *** Apple/Samsung; WH Apple Samsung NDCal II Service
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,

Please see attached.

Michael Fazio

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 25

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

STEPTOE & JOHNSON, LLP
John Caracappa (*pro hac vice*)
jcaracappa@steptoe.com
1330 Connecticut Avenue, NW
Washington, D.C. 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**SAMSUNG'S SECOND AMENDED PATENT LOCAL RULE 3-3 AND 3-4 DISCLOSURES**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

| Title | Date of Publication | Author | Publisher |
|-------|---------------------|--------|-----------|
| A competence knowledge base system as part of the organizational memory | 2000 | M. Liao et al. | German Research Center for Artificial Intelligence (DFKI) GmbH: F. Puppe (ed.) XPS-99, LNIA 1570, pp. 125-137, Springer-Verlag Heidelberg |

3.      **Systems**

Samsung also contends that the asserted claims of the '959 patent are invalid in view of public knowledge and uses and/or offers for sale or sales of products and services that are prior art under 35 U.S.C. Sec. 102(a) and/or (b), and/or prior inventions made in the United States by other inventors who had not abandoned, suppressed, or concealed them under 35 U.S.C. Sec. 102(g), and that anticipate or render obvious the asserted claims.

The following lists prior art products or services that invalidate under 35 U.S.C. Sec. 102(a), (b), and/or (g) by the name of the item, and Samsung may rely on all versions of the following prior art systems commercially sold, publicly known or used before the priority date of the '959 Patent, including documents and source code describing the same:

- Dragon Systems Speech Recognition

- Hemlock

- Linux

- Mac OS

- Newton

- NetHopper

- Sherlock Utility

- Unix

- WAIS

- Windows 98

- MetaCrawler

- BugsEye / Neal System
- SenseMaker
- AppleSearch
- Rosebud
- Isite
- ProFusion
- CBKB System
- Samsung SCH-2000 cell phone system
- Samsung SCH-3500 cell phone system
- Samsung SPH-WP10 wrist watch phone system
- Open Agent Architecture

Additional details on these invalidating references are included in Exhibit C, including to the extent now known when the item became publicly known or was used, offered for sale, or sold; the identities of the persons or entities that made the item public, publicly used it, or made the offer for sale, and the identities of the person(s) or entities involved in, and the circumstances surrounding the making of, the invention.  Samsung's positions with respect to these references are stated on information and belief, and are supported by the information and documents that will be produced by Samsung and/or third parties.  As discovery is not complete, Samsung continues to investigate these events.  Samsung may use physical samples, executable software, or source code as evidence of the relevant functionality of these prior art products or services, as described in Exhibit C.  At a mutually convenient time, Samsung will make available for inspection any physical samples of products, systems, or software listed above, and/or any source code therefor, that it has in its possession or that becomes available to Samsung in the future during discovery.

Samsung reserves the right to amend these invalidity contentions to assert these references depending on the claim construction and infringement positions Apple may take as the case proceeds.  Moreover, Samsung reserves the right to use these references in combination with other references to render the claims of the '959 Patent obvious in the event Apple takes the position that certain claim limitations are missing from the references charted in Exhibit C.

1   DATED:  April __, 2013                QUINN EMANUEL URQUHART & SULLIVAN LLP

2

3                                         By  /s/ Victoria F. Maroulis
                                              Victoria F. Maroulis
4                                             Attorneys for Defendants
                                              SAMSUNG ELECTRONICS CO., LTD.,
5                                             SAMSUNG ELECTRONICS AMERICA, INC. and
                                              SAMSUNG TELECOMMUNICATIONS
6                                             AMERICA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 26

| | |
|---|---|
| **From:** | Jeanine Zalduendo |
| **Sent:** | Friday, June 21, 2013 5:16 PM |
| **To:** | 'mlyon@gibsondunn.com'; 'RHung@mofo.com'; 'MJacobs@mofo.com'; '*** Apple/Samsung'; 'jkrevitt@gibsondunn.com'; 'Rho, Jennifer J.'; 'Clementine'; 'WHAppleSamsungNDCallIService@wilmerhale.com'; 'McElhinny, Harold J.' |
| **Cc:** | Michael Fazio; Kevin Johnson; Victoria Maroulis; Pam Davis; Amar Thakur; Mario Gutierrez; Jacob Danziger |
| **Subject:** | Third Party Document Production |

Counsel,

Please find a production of documents produced by third party Norbert Fuhr.  These documents are bates numbered as follows, and located in the subfolder listed at the file path:

FUHRNDCA630-00000001 - FUHRNDCA630-00000012 at

/array1/Quinn_630\ Quinn_630APP\SAMNDCA630_20130620_01.rar


**INTENTIONALLY OMITTED**
 **FROM EXHIBIT/RECORD**


Password to follow.


Regards,


**Jeanine Zalduendo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3632 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
jeaninezalduendo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 27

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK |
| Plaintiff, | **SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSE TO APPLE'S THIRD SET OF INTERROGATORIES** |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **(Interrogatory No. 28)** |
| | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| Defendants. | |

02198.51981/5381951.2

1

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

2

3

4

5

6 **<u>INTERROGATORY NO. 28:</u>**

7       Describe in detail the factual and legal basis (including the identity of all documents and

8 persons) upon which you will rely to establish, or that contradict, each of your affirmative

9 defenses.

10       **INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

23       Subject to and incorporating its General Objections and Specific Objections from

24 Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung provides

25 the following supplemental response.   To the extent that individuals with knowledge of each

26 affirmative defense are experts, they shall be disclosed consistent with the Court's Scheduling

27 Order dated May 2, 2012.

28

02198.51981/5381951.2

-30-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSE TO APPLE'S INTERROGATORY NO. 28

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

Furthermore, Samsung identifies the following documents that also support one or more of Samsung's affirmative defenses of non-infringement or invalidity: SAMNDCA630-07218285 - SAMNDCA630-07218375, SAMNDCA630-07601017 - SAMNDCA630-07601561, SAMNDCA630-07389413 - SAMNDCA630-07389567, SAMNDCA630-07883785-07884596, SAMNDCA630-00936320 - SAMNDCA630-00936334, SAMNDCA630-00938936 - SAMNDCA630-00939080, SAMNDCA630-00936299 - SAMNDCA630-04320965, SAMNDCA630-00936965 - SAMNDCA630-00937227, SAMNDCA630-00940123 - SAMNDCA630-00940142, SAMNDCA630-00944308 - SAMNDCA630-00944410, SAMNDCA630-00944411 - SAMNDCA630-0094442, SAMNDCA630-00944076 - SAMNDCA630-00944132, SAMNDCA630-00936349, SAMNDCA630-00943190, SAMNDCA630-04385219, SAMNDCA630-06029163, SAMNDCA630-00821903, SAMNDCA630-00822274, SAMNDCA630-00822283, SAMNDCA630-04385407, SAMNDCA630-00821887, SAMNDCA630-06026792, SAMNDCA630-00943175,

-40-

1  SAMNDCA630-00821882, SAMNDCA630-00821931, SAMNDCA630-00821003,

2  SAMNDCA630-00939081, SAMNDCA630-00936076, SAMNDCA630-00939179,

3  SAMNDCA630-00939107, SAMNDCA630-00821974, SAMNDCA630-04320956,

4  SAMNDCA630-04322144, SAMNDCA630-04322168, SAMNDCA630-00944300 ,

5  SAMNDCA630-04386277, SAMNDCA630-00028187, SAMNDCA630-00944300,

6  SAMNDCA630-00261466, SAMNDCA630-04524969, SAMNDCA630-05349905,

7  SAMNDCA630-00936954, APLNDCA630-0000276823 - APLNDCA630-0000276867,

8  SAMNDCA630-06438832, SAMNDCA630-06438506, SAMNDCA630-06438311,

9  SAMNDCA630-06438220, SAMNDCA630-00822335, SAMNDCA630-06438534,

10  SAMNDCA630-07604014 - SAMNDCA630-07604078, SAMNDCA630-07791744 -

11  SAMNDCA630-07791803, SAMNDCA630-07805999 - SAMNDCA630-07806260,

12  SAMNDCA630-07869917 - SAMNDCA630-07869977, SAMNDCA630-07881027 -

13  SAMNDCA630-07882376, SAMNDCA630-07883779 - SAMNDCA630-07884661,

14  SAMNDCA630-07884767 - SAMNDCA630-07884793, SAMNDCA630-05349314,

15  SAMNDCA630-05349450, SAMNDCA630-07601360, SAMNDCA630-05349619,

16  SAMNDCA630-06029954, SAMNDCA630-06029983, SAMNDCA630-04322144,

17  SAMNDCA630-05349929 ,SAMNDCA630-04320956 , SAMNDCA630-04322168,

18  SAMNDCA630-00821887 ,SAMNDCA630-00822283 ,SAMNDCA630-00821882,

19  SAMNDCA630-0452633, SAMNDCA630-00944300, SAMNDCA630-00943190,

20  SAMNDCA630-00821975, SAMNDCA630-00821974, SAMNDCA630-00821975,

21  SAMNDCA630-00821931, SAMNDCA630-00026730, SAMNDCA630-04526333,

22  APLNDC630-0000441498-1499, APLNDC630-0000441645, APLNDC630-0000441690-2271,

23  APLNDC630-0000261167-234, APLNDC630-0000261374, APLNDC630-0000261458-63,

24  APLNDC630-0000261464-65, APLNDC630-0000261466-93, APLNDC630-0000261511-28,

25  APLNDC630-0000261529-30, SAMNDCA630-06272237-68, SAMNDCA630-07604018,

26  SAMNDCA630-07604027, SAMNDCA630-07604014, SAMNDCA630-07604016,

27  SAMNDCA630-07604029, SAMNDCA630-07884767 -4793, SAMNDCA630-07883553,

28  SAMNDCA630-07883555, SAMNDCA630-07883535 – 0788601, SAMNDCA630-07824296,

1  SAMNDCA630-07883779 - SAMNDCA630-07884660, SAMNDCA630-07883559 -

2  SAMNDCA630-07883588, APLNDC630-0000346092, APLNDC630-0000441829 -1 943,

3  APLNDC630-0000441944-2053, APLNDC630-0000369862-884, APLNDC630-0000441690-

4  1828, APLNDC630-0000380377-79, APLNDC630-0000442054 -143, APLNDC630-

5  0000441299-317, APLNDC630-0000441318-343, APLNDC630-0000441458 -497,

6  APLNDC630-0000441500-644, APLNDC000630-0000382173-77, SAMNDCA630-052349477-

7  80, SAMNDCA630-04524923-24, SAMNDCA630-04523646-53, SAMNDCA630-04524914-

8  917, SAMNDCA630-04524918-922, SAMNDCA630-07216824-33, APLNDCA630-

9  0000171798, GOOG-NDCAL630-00001040-43, GOOG-NDCAL630-00004713-17, GOOG-

10  NDCAL630-00012360, GOOG-NDCAL630-00014948-52, GOOG-NDCAL630-00014980-5023,

11  GOOG-NDCAL630-00015033-35, GOOG-NDCAL630-00018385-432, GOOG-NDCAL630-

12  00019106-65, GOOG-NDCAL630-00019352-84, GOOG-NDCAL630-00023666-90, GOOG-

13  NDCAL630-00024009-30, GOOG-NDCAL630-00024059-94, GOOG-NDCAL630-00025005-13,

14  GOOG-NDCAL630-00025251-56, GOOG-NDCAL630-00025469-74, GOOG-NDCAL630-

15  00025967-90, GOOG-NDCAL630-00027370-93, GOOG-NDCAL630-00030163-88, GOOG-

16  NDCAL630-00030223-48, GOOG-NDCAL630-00037126-48, GOOG-NDCAL630-00037369-72,

17  GOOG-NDCAL630-00050961, GOOG-NDCAL630-00060689-92, GOOG-NDCAL630-

18  00061759-65, GOOG-NDCAL630-00061766-68, GOOG-NDCAL630-00061779-84, GOOG-

19  NDCAL630-00061818-22, GOOG-NDCAL630-00062065-66, GOOG-NDCAL630-00062093-98,

20  GOOG-NDCAL630-00062099-100, GOOG-NDCAL630-00062402-05, GOOG-NDCAL630-

21  00063079-82, GOOG-NDCAL630-00063083. and GOOG-NDCAL630-00063084-85,

22  SAMNDCA630-07824296, SAMNDCA630-07883541, SAMNDCA630-07883544-52,

23  SAMNDCA630-07883553-58, SAMNDCA630-07884767- 93, SAMNDCA630AOSP-0000001-

24  17, software located in FUHRNDCA630-00000001-5, GAMIELNDCA630-00000002,

25  SCIETTNDCA630-00000001, SAMNDCA630-05349929, freeWAIS-sf-2.1.20/ cited in Exhibit D

26  to the Declaration of Lyle Bickley of April 22, 2012, and software for AppleSearch as produced at

27  APLNDC630-Z000000003.

28

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20        Furthermore, Samsung identifies the following source code in the following directories and

21  files, as well as source code called or used by the identified files, that also support one or more of

22  Samsung's affirmative defenses of non-infringement or invalidity: FUHRNDCA630-

23  00000001/freeWAIS-sf-2.0.65/, SAMNDCA630-05349929/wais/freeWAIS/freeWAIS-

24  sf/freeWAIS-sf-2.0.65.tar.gz/freeWAIS-sf-2.0.65.tar/freeWAIS-sf-2.0.65/, freeWAIS-sf-2.1.20/

25  cited in Exhibit D to the Declaration of Lyle Bickley of April 22, 2012:  ir/boolean_op.c, ir/ir.c,

26  ir/ircfiles.c, ir/irfiles.c, ir/irretrvl.c, ir/irsearch.c, ir/irtfiles.c, ir/sersrch.c, ir/soundex.c,

27  ir/stemmer.c, ir/synonym.c, ir/waisindex.c, ir/wmessage.c, ir/wprot.c, ir/zprot.c, ir/Makefile.SH,

28  ui/source.c, ui/swais.c, ui/wais-ui.c, ui/waissearch.c, ui/swais.c, x/qcommands.c, x/qdisplay.c,

-44-

1  x/xwais.c, x/xwaisq, x/Xwais.raw, Configure; and FUHRNDCA630-00000002/freeWAIS-sf-

2  2.2.10/, FUHRNDCA630-00000003/freeWAIS-sf-2.2.11/, FUHRNDCA630-

3  00000004/freeWAIS-sf-2.2.12/, FUHRNDCA630-00000005/freeWAIS-sf-2.2.13/,

4  SAMNDCA630-05349929/wais/freeWAIS/freeWAIS-sf/freeWAIS-sf-2.2.10.tar.gz/freeWAIS-sf-

5  2.2.10.tar/freeWAIS-sf-2.2.10/, SAMNDCA630-05349929/wais/freeWAIS/freeWAIS-

6  sf/freeWAIS-sf-2.2.11.tar.gz/freeWAIS-sf-2.2.11.tar/freeWAIS-sf-2.2.11/, SAMNDCA630-

7  05349929/wais/freeWAIS/freeWAIS-sf/freeWAIS-sf-2.2.12.tar.gz/freeWAIS-sf-

8  2.2.12.tar/freeWAIS-sf-2.2.12/, SAMNDCA630-05349929/wais/freeWAIS/freeWAIS-

9  sf/freeWAIS-sf-2.2.13.tar.gz/freeWAIS-sf-2.2.13.tar/freeWAIS-sf-2.2.13/:  lib/ir/boolean_op.c,

10 lib/ir/ir.c, lib/ir/ircfiles.c, lib/ir/irfiles.c, lib/ir/irretrvl.c, lib/ir/irsearch.c, lib/ir/irtfiles.c,

11 lib/ir/sersrch.c, lib/ir/soundex.c, lib/ir/stemmer.c, lib/ir/synonym.c, indexer/waisindex.c,

12 lib/ir/wmessage.c, lib/ir/wprot.c, lib/ir/zprot.c, lib/ir/Makefile.SH, ui/source.c, ui/swais.c, ui/wais-

13 ui.c, ui/waissearch.c, ui/swais.c, x/qcommands.c, x/qdisplay.c, x/xwais.c, x/xwaisq, x/Xwais.raw,

14 /Configure; and SCIETTNDCA630-00000001/freewais/freeWAIS-0.1.tar.gz/freeWAIS-

15 0.1.tar/freeWAIS-0.1/:  ir/ir.c, ir/irbuild.c, ir/ircfiles.c, ir/irfiles.c, ir/irretrvl.c, ir/irsearch.c,

16 ir/irtfiles.c, ir/iubuild.c, ir/sersrch.c, ir/stemmer.c, ir/synonym.c, ui/screen-ui.c, ui/shell-ui.c,

17 ui/source.c, ui/wais-ui.c, x/qcommands.c, x/xwais.c.

18               **INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

1    DATED:   July 15, 2013                     QUINN EMANUEL URQUHART &
2                                               SULLIVAN, LLP

3                                               By /s/ Michael L. Fazio
                                                   _____
4                                                  Charles K. Verhoeven
                                                   Kevin P.B. Johnson
5                                                  Victoria F. Maroulis
                                                   William C. Price
6                                                  Michael L. Fazio

7                                                  Attorneys for SAMSUNG ELECTRONICS
                                                   CO., LTD., SAMSUNG ELECTRONICS
8                                                  AMERICA, INC. and SAMSUNG
                                                   TELECOMMUNICATIONS AMERICA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSE TO APPLE'S INTERROGATORY NO. 28

# EXHIBIT 29

| | |
|---|---|
| **From:** | Anastasia Fernands |
| **To:** | "Stone, Rod"; "WH Apple Samsung NDCal II Service"; "Apple/Samsung@gibsondunn.com" |
| **Cc:** | Samsung NEW |
| **Subject:** | Apple v. Samsung - 12-cv-630 (LHK) -- materials available for inspection |
| **Date:** | Saturday, July 06, 2013 2:47:40 PM |

Counsel:

As previously noted at least in Samsung's Rule 3-3 Disclosures, in my letter of June 10, 2013 to Fred Chung, and at various depositions, prior art devices on which Samsung may rely are available for inspection by Apple upon reasonable notice.  The devices available at Quinn Emanuel's New York office include at least the following:

>    Apple iPod
>    Apple Newton MessagePad 110
>    Apple Newton MessagePad 120
>    Apple Power Mac G5
>    EO 440
>    Handspring Treo 90 (with at least Gridlock, TextPlus and T9)
>    HP iPaq RX 1950
>    Kyocera 7135
>    IBM Simon
>    Motorola A1200
>    Palm Treo 650 (with at least TealPhone, TAKEphONE and Agendus)
>    Palm Treo 700w
>    Palm Tungsten T (with at least FitalyStamp, TextPlus, and Instant Text Mobile)
>    Samsung SPH-i700
>    Samsung SCH-i730
>    T-Mobile Dash

The computer with the Windows Mobile emulators that was used at the deposition of Robert Levy is also available for inspection.

In addition, as specifically noted in Amar Thakur's letter of June 27, 2013 to Josh Krevitt and Jennifer Rho, prior art demonstrations of computers containing installations of the following software on which Samsung may rely are available for inspection upon reasonable notice at Quinn Emanuel's New York office:

>    freeWAIS-sf 2.0.65
>    AppleSearch 1.5
>    Sherlock

Finally, although copies of the following software have been produced to Apple, the software is also available for Apple's inspection:

>    FitalyStamp

    Microsoft Exchange Server

    Perspective

    Sidekick

    SUSE Linux

    Windows Server

Please let us know if Apple intends to inspect these materials, and if so, when.

Samsung reserves the right to supplement these lists in the event that Samsung obtains additional products, devices, software, or other prior art to the Apple patents-in-suit, and to otherwise demonstrate any additional versions of the software or devices listed here or other software or devices produced to Apple in this litigation. If and when Samsung obtains such additional materials, Samsung will produce those materials to Apple or make them available for inspection upon request.

Regards,

Anastasia

**Anastasia Fernands**
*Of Counsel,*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7157 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
anastasiafernands@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 30

Page 1

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3             SAN JOSE DIVISION

4        Case No. 12-cv-00630-LHK (PSG)

5   - - - - - - - - - - - - - - - - - - - - - - -

6   APPLE INC., a California corporation,

7             Plaintiff,

8   vs.

9   SAMSUNG ELECTRONICS CO., LTD., a Korean

10  corporation, SAMSUNG ELECTRONICS AMERICA,

11  INC., a New York corporation, SAMSUNG

12  TELECOMMUNICATIONS AMERICA, LLC, a

13  Delaware limited liability company,

14             Defendants.

15  - - - - - - - - - - - - - - - - - - - - - - -

16

17      VIDEOTAPE DEPOSITION OF ROBERT LEVY

18             Washington, D.C.

19          Thursday, June 13, 2013

20

21

22

23  Reported by:

24  SUSAN ASHE, RMR/CRR

25  Job No.:  62438

Page 64

```
 1       A    Um-hmm.  Yep.
 2       Q    And is SPH-i700 consistent with your
 3   memory of the phone that you owned in the 2003 to
 4   2005 time frame?
 5       A    Yes.
 6       Q    Let's move on to Exhibit 20.
 7            I'll hand you this device that, again, we
 8   will retain.  We understand counsel's objections.
 9            Do you recognize Exhibit 20?
10       A    Yeah.  This is the Palm Treo -- sorry,
11   this is the Palm Treo running Windows Mobile --
12   running Windows Mobile 5.
13       Q    What model of the Palm Treo was this?
14       A    This I believe was the 700w.
15       Q    And if you go to the call -- can you go to
16   call history within the Palm Treo 700w that you're
17   holding?
18       A    Yes.
19       Q    And how are you getting to call history
20   within the 700w?
21       A    So here I'm hitting the green top button
22   again and then selecting call log.
23       Q    And call log is the option in the 700w?
24       A    Yes.
25       Q    When you select call log, is the
```

1    functionality of the call log that you're seeing on

2    this screen of the device that you're holding

3    consistent with what is shown in Exhibit 7, the hard

4    copy printout?

5         A    Yep.

6         Q    Okay.  So on the left-hand side in the

7    list, is there an icon surrounded in blue?

8         A    Yes.

9         Q    Are there missed calls shown on the device

10   that you are holding?

11        A    Yes.

12        Q    How are those indicated?

13        A    With the exclamation mark.

14        Q    Okay.  What happens if you select the

15   phone icon that is on the left-hand side of an entry

16   within the device that you are holding?

17        A    The same thing as before.  It would

18   initiate a call.

19             Sorry, I was hanging up on somebody.

20   Okay.

21        Q    And if you select the text portion of the

22   entry in the call log, what happens?

23        A    It turns blue and then shows me the date,

24   time, duration of that call.

25        Q    If you press and hold on the text portion,

1   what happens?

2      A    It brings up the menu that we saw in

3   Exhibit 8.

4      Q    And when you say it brings up the menu we

5   saw in Exhibit 8, does it show the send text message

6   and call options in that menu?

7      A    Yes.

8      Q    When you select send text message, what

9   occurs?

10     A    That takes me to the screen that we saw in

11  Exhibit 12.

12     Q    I believe you were asked earlier by

13  counsel for Apple whether you could select different

14  addresses within the Treo 700w.

15          Can you change the recipient address

16  within the screen?

17     A    Yes.

18     Q    And how would you do that?

19     A    I would do -- let's see...

20          I would select the menu, and from there I

21  can do add recipient to add a different person or

22  different address to which it goes to -- add a

23  different person or different e-mail address or

24  phone number that the message would go to.

25     Q    Were you familiar with the Treo 700w

1    before the last couple of days?

2         A    Yes.

3         Q    When did you first know of the Treo 700w?

4         A    Gosh, that would have been sometime

5    probably in 2003 before it shipped.

6         Q    Do you know when the Treo 700w first

7    shipped in the United States?

8         A    I don't recall that.

9         Q    What operating system was used in the Treo

10   700w?

11        A    This is running Windows Mobile 5.

12        Q    How do you know it's running Windows

13   Mobile 5?

14        A    By the styling of it and by the version

15   number.

16        Q    Can you find the version number on the

17   phone?

18        A    Sure.  Go to the same about screen, and it

19   says Windows Mobile Version 5, OS 5.1.195.

20        Q    Do you know when Windows Mobile 5 was

21   first commercially released in the United States?

22        A    In the 2004, 2005 time frame.

23        Q    Did you have any role with respect to the

24   release of Windows Mobile 5?

25        A    I did.

1      Q    What was that?

2      A    So I was responsible for several of the

3  developer features that were included.

4           And I was responsible for backwards

5  compatibility, so ensuring that the new operating

6  system didn't unnecessarily break applications that

7  were designed for Windows Mobile 2003.

8      Q    Is the device that you're using here today

9  consistent with your memory of the Treo 700w with

10  which you were familiar at the time of the device's

11  launch?

12      A    Yep.

13      Q    Do you have any reason to believe that any

14  of the functionality that you've seen today is any

15  different from what it was at the time of launch?

16      A    Nope.

17           MS. FERNANDS:  Can we take a break,

18  please?

19           VIDEOGRAPHER:  Off the record at

20  11:06 a.m.

21           (Whereupon, a recess was taken.)

22           VIDEOGRAPHER:  This is the beginning of

23  Tape No. 2.

24           Back on the record at 11:23 a.m.

25           MS. FERNANDS:  Okay.  Mr. Levy.  My