# EXHIBIT 32

| | |
|---|---|
| **From:** | Jeanine Zalduendo |
| **Sent:** | Tuesday, June 18, 2013 3:56 PM |
| **To:** | 'mlyon@gibsondunn.com'; 'RHung@mofo.com'; 'MJacobs@mofo.com'; '*** Apple/Samsung'; 'jkrevitt@gibsondunn.com'; 'Rho, Jennifer J.'; 'Clementine'; 'WHAppleSamsungNDCalIIService@wilmerhale.com'; 'McElhinny, Harold J.' |
| **Cc:** | Michael Fazio; Kevin Johnson; Victoria Maroulis; Pam Davis; Amar Thakur; Mario Gutierrez |
| **Subject:** | Samsung's Document Production |

Counsel,

Please find the production of documents bates numbered SAMNDCA630-07589094 – SAMNDCA630-07590625, located in the subfolders listed at the file paths:

/array1Quinn_630APP\Quinn_630APP\SAMNDCA630_06172013_3.zip, and

/array1Quinn_630APP\Quinn_630APP\SAMNDCA630_06172013_4.zip,


   **INTENTIONALLY OMITTED**
   **FROM EXHIBIT/RECORD**


Password to follow.


Regards,


**Jeanine Zalduendo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3632 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
jeaninezalduendo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 33

**From:** Jeanine Zalduendo
**Sent:** Tuesday, June 04, 2013 7:33 AM
**To:** 'mlyon@gibsondunn.com'; 'RHung@mofo.com'; 'MJacobs@mofo.com'; '*** Apple/Samsung';
'jkrevitt@gibsondunn.com'; 'Rho, Jennifer J.'; 'Clementine'; 'WHAppleSamsungNDCalIIService@wilmerhale.com';
'McElhinny, Harold J.'
**Cc:** Michael Fazio; Kevin Johnson; Victoria Maroulis; Pam Davis; Amar Thakur; Mario Gutierrez
**Subject:** Third Party Document Production

Counsel,

Please find a production of documents responsive to the subpoena requests sent to Novell.  These documents are bates
numbered as follows, and located in the subfolder listed at the file path:

NOVELLNDCA630-00000001 – NOVELLNDCA630-00000004 at

/array1/Quinn_630\ Quinn_630APP\NOVELLNDCA630_05302013.zip with


**INTENTIONALLY OMITTED
FROM EXHIBIT/RECORD**


Password to follow.


Regards,


**Jeanine Zalduendo**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3632 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
jeaninezalduendo@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message
may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended
recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately
by e-mail, and delete the original message.

# EXHIBIT 34

| | |
|---|---|
| **From:** | Buroker, Brian M. [BBuroker@gibsondunn.com] |
| **Sent:** | Thursday, August 29, 2013 7:14 PM |
| **To:** | Michael Fazio; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW |
| **Cc:** | Stone, Rod; Furman, Joshua |
| **Subject:** | Notice of inspection tomorrow |

Michael,

As offered in your letter of Monday, August 26, 2013, Gibson Dunn attorneys will be inspecting the demonstrative relied upon by Dr. Chase in the Washington office tomorrow and the AppleSearch and WAIS installations in New York tomorrow without waiving our objection to these systems being located in three different locations. Specifically, I will inspect the systems your letters indicates are available in your Washington office and Josh Furman will inspect the systems your letter indicates are available in your New York office.

We will need to schedule additional dates for inspection when Apple's expert witnesses are available to review them. We believe that these demonstrative should be made available in a single location. As you know, we accommodated Dr. Chase and are asking for a similar accommodation to enable our experts to avoid having to travel to three separate locations. In addition, due to scheduling constraints, we may need to inspect these systems on multiple occasions.

We are also a little confused about what demonstrative systems are available where. Your letter states that the demonstrative systems relied upon by Dr. Rinard in Section VIII.L are available in San Francisco and then the WAIS and AppleSearch systems in New York. Is the WAIS and AppleSearch system in New York different than the one Dr. Rinard relied upon? Can you please clarify which systems Dr. Rinard and Dr. Chase relied upon?

Thank you,
Brian


**Brian Buroker**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, August 26, 2013 6:44 PM
**To:** *** Apple/Samsung; WH Apple Samsung NDCal II Service
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,

Please see attached.

Michael Fazio

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 35

| | |
|---|---|
| **From:** | Furman, Joshua [JFurman@gibsondunn.com] |
| **Sent:** | Sunday, September 01, 2013 3:50 PM |
| **To:** | Michael Fazio |
| **Cc:** | Buroker, Brian M.; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW; Stone, Rod |
| **Subject:** | Re: Notice of inspection tomorrow |

Michael,

Thank you for the email below.  We hope we can reach a solution on hosting the systems in one location and will respond to your email separately.  In the meantime Apple intends to review the systems available in San Francisco on Tuesday, Sept. 3 through Wednesday, Sept. 4 and the systems available in Washington, DC on Thursday, Sept. 5 through Friday, Sept. 6.  Walter Overby will be at the respective offices from 9 AM through 7 PM.

Thanks,
Josh

**Joshua R. Furman**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com



On Aug 30, 2013, at 5:13 PM, Michael Fazio <michaelfazio@quinnemanuel.com> wrote:


Brian,

Apple's email below is the first time Apple asked for a single location to inspect these devices, which were prepared by different experts in different locations.  We will investigate this issue, but please note that these prior art systems are old – some of them quite old – and it may take some time to move them carefully and then reassemble them in working form elsewhere.  We appreciate Apple's accommodation of Dr. Chase's medical condition, but this is not a medical issue, so I am not sure how the two issues are related.  Relatedly, Apple's agreement to make certain accommodations was not costless, as Samsung agreed to reimburse certain agreed-upon costs in connection with Dr. Chase's inspection of source code.  In any event, we will investigate this request.

Importantly, Samsung previously inquired about inspecting materials relied on by Dr. Snoeren and Dr. Cockburn.  When and where will that inspection proceed?  In addition, we have not received a response to our request to inspect the prior art systems relied on by Apple's experts in their validity reports regarding Samsung's patents-in-suit.  (*See* Aug. 26, 2013 letter from Amar Thakur to Peter Kolovos).  Please provide a time and location for those inspections.

Regarding your question about the materials in New York made available for inspection, the computers referenced in Dr. Rinard's report are in San Francisco, and were offered for inspection at that location earlier this week.  Separately, other computers containing installations of this same AppleSearch and WAIS software are located in New York.  These

computers in New York were made available to Apple several months ago, as described in my previous letter, and we are making them available again now.

Best regards,
Michael Fazio

---

**From:** Buroker, Brian M. [mailto:BBuroker@gibsondunn.com]
**Sent:** Thursday, August 29, 2013 7:14 PM
**To:** Michael Fazio; *** Apple/Samsung; WH Apple Samsung NDCal II Service; Samsung NEW
**Cc:** Stone, Rod; Furman, Joshua
**Subject:** Notice of inspection tomorrow

Michael,

        As offered in your letter of Monday, August 26, 2013, Gibson Dunn attorneys will be inspecting the demonstrative relied upon by Dr. Chase in the Washington office tomorrow and the AppleSearch and WAIS installations in New York tomorrow without waiving our objection to these systems being located in three different locations. Specifically, I will inspect the systems your letters indicates are available in your Washington office and Josh Furman will inspect the systems your letter indicates are available in your New York office.

        We will need to schedule additional dates for inspection when Apple's expert witnesses are available to review them. We believe that these demonstrative should be made available in a single location. As you know, we accommodated Dr. Chase and are asking for a similar accommodation to enable our experts to avoid having to travel to three separate locations. In addition, due to scheduling constraints, we may need to inspect these systems on multiple occasions.

        We are also a little confused about what demonstrative systems are available where. Your letter states that the demonstrative systems relied upon by Dr. Rinard in Section VIII.L are available in San Francisco and then the WAIS and AppleSearch systems in New York. Is the WAIS and AppleSearch system in New York different than the one Dr. Rinard relied upon? Can you please clarify which systems Dr. Rinard and Dr. Chase relied upon?

Thank you,
Brian

**Brian Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8541 • Fax +1 202.530.4200
BBuroker@gibsondunn.com • www.gibsondunn.com

---

**From:** Michael Fazio [mailto:michaelfazio@quinnemanuel.com]
**Sent:** Monday, August 26, 2013 6:44 PM
**To:** *** Apple/Samsung; WH Apple Samsung NDCal II Service
**Subject:** Apple v. Samsung, Case No. 12-cv-00630

Counsel,

Please see attached.

Michael Fazio

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 41

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

3

**Before the Honorable Lucy H. Koh
Federal District Court Judge**

4

5

APPLE, INC, a California corporation,
Plaintiff

6

vs.

7

8

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,
Defendants.

CASE NO. 12-CV-00630-LHK

9

10

11

12

**REBUTTAL EXPERT REPORT OF SAUL GREENBERG, PH.D.,
REGARDING NONINFRINGEMENT OF THE ASSERTED CLAIM 8 OF
U.S. PATENT NO. 8,046,721**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REBUTTAL EXPERT REPORT OF S. GREENBERG RE: NONINFRINGEMENT OF US PATENT NO. 8,046,721
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

## VIII.   SOURCE CODE ANALYSIS

172.   Dr. Cockburn has not met the burden of showing the accused products contain "instructions" to perform the functions claimed by claims 7 and 8 of the '721 patent.  Dr. Cockburn does not provide any source code analysis for any of his infringement opinions, instead Dr. Cockburn merely states that "Samsung does not argue that any of the '721 Patent accused devices are non-infringing to meet the 'one or more modules stored in memory and configured for execution by the one or more processors, the one or more modules including instructions' limitation contained in Claim 7."  (Cockburn Infringement Report ¶ 167.)  Dr. Cockburn's report provides only a visual analysis for each claim limitation, followed by a conclusory statement that the accused devices must necessarily include instructions for executing the functionality he purportedly observed.

173.   I understand that infringement must be proven by a preponderance of evidence.  While I understand Samsung does not contest that the accused devices include *instructions*, in my opinion Dr. Cockburn has not shown the specific instructions for implementing the accused functionality.  To do so, Dr. Cockburn must provide source code analysis to show that the accused devices include "instructions" to perform the specific computer processes required by claim 8.  Without citing to or providing such source code, Apple has not provided any evidence or shown that the claim is infringed.  The record is devoid of any evidence showing that the devices include instructions that meet claims 7 and 8 of the '721 patent.

174.   Dr. Coburn's "visual literal infringement" analysis renders claim terms meaningless.  As an example, claim 8 requires "instructions . . . to continuously move the unlock image on the touch-sensitive display."  Dr. Cockburn does not identify any instructions for any accused devices, instead asserting that devices visually appear to move an image.  This is simply false for at least the Galaxy Nexus Jelly Bean device, which does not move an image under any

definition—it moves a Java object (i.e., an instance of the GlowManager class), which alters the transparency of an array of unmoving dots (*see* Section X.B.13).  Dr. Cockburn's visual approach to literal infringement even considers unaccused implementations that do not move an image by the plain and ordinary meaning of the term (*i.e.*, to translate a graphical resource; *see* Section VII.B above) to meet this limitation.  *See* Cockburn Infringement Report at ¶ 348: "if Samsung is asserting that the user of a water rippling effect in the S III would not constitute an image, nor one that is continuously moved, then I disagree.  The water rippling effect involves image processing to create the visual effect and the effect occurs continuously."  Dr. Cockburn naturally cannot cite the resource that constitutes the "image," nor the code that translates it.

175.   Dr. Cockburn's visual approach to literal infringement renders the Doctrine of Equivalents meaningless.  Dr. Cockburn cannot cite to any specific lines of code that perform any of the accused functionality, and feels no need to—Dr. Cockburn's apparent position is if something on screen subjectively looks like moving an image to him, then no proof is required that the device includes instructions for moving an image.

176.   I further understand that Dr. Cockburn has not alleged any infringement under the Doctrine of Equivalents, and therefore cannot assert infringement based on the visual appearance of a device.  Thus, absent identifying instructions to perform the claimed processes, Dr. Cockburn cannot allege infringement simply by the visual appearance of a user interface.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

Date: September 13, 2013

Saul Greenberg

02198.51981/5518224.2

Case No. 12-CV-00630-LHK

REBUTTAL EXPERT REPORT OF S. GREENBERG RE: NONINFRINGEMENT OF US PATENT NO. 8,046,721
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

# EXHIBIT 43

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

APPLE INC., a California Corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

Defendants.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability
company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-
Defendant.

CASE NO. 12-cv-00630-LHK (PSG)

**INITIAL EXPERT REPORT OF
DR. TODD C. MOWRY
REGARDING INFRINGEMENT OF
U.S. PATENT NO. 5,946,647**

**HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY – SOURCE CODE**

**GOOGLE'S HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY—
SOURCE CODE**

INITIAL EXPERT REPORT OF DR.TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY
SOURCE CODE

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

5.        Also, in *Apple Inc. v. Motorola, Inc. and Motorola Mobility, Inc.*, Case No. 10-CV-662 (W.D. Wis.), transferred to Case No. 1:11-cv-08540 (N.D. Ill) ("the *Motorola* litigation"), I provided my opinion that certain Android-based smartphones manufactured by Motorola, Inc. and Motorola Mobility, Inc. infringed claims 1 and 8 of the '647 Patent.  These devices automatically detected structures in a web page displayed on the browser and provided a user with a menu of actions linked to a particular detected structure.  My analysis of the browser on these devices was identical to my analysis in the 710 Investigation.  In addition to the browser, these Motorola devices

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

infringed by, among other things, automatically detecting structures displayed in a messaging

application and linking actions to those detected structures.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          4

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

18.     Also, Samsung's identified non-infringing alternatives (to the extent they are actually non-infringing) are clearly inferior to the technology claimed in the '647 Patent.  For example, Samsung argues that removing the "detecting" functionality altogether from the accused products constitutes a non-infringing alternative.  Of course, not detecting structures in data would avoid infringement, as well as all of the benefits of the invention.  For example, to do anything useful with a phone number in a web page, a user would have to manually find the phone number, manually select the entire number, copy it, open another application (such as a dialer), and paste the number into the new application.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Dated:    August 12, 2013

4                                                                    Todd C. Mowry

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

# EXHIBIT 44

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

July 23, 2013


V<small>IA</small> E<small>LECTRONIC</small> M<small>AIL</small>

Michael A. Valek
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas  75201
apple/samsung@gibsondunn.com


Re:      Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)


Dear Mr. Valek:

I write regarding the production of non-party Google Inc. ("Google") in response to the subpoenas (the "Subpoenas") served on Google by plaintiff and counterclaim-defendant Apple Inc. ("Apple").  Subject of course to our objections, we produce today documents bearing Bates numbers GOOG-NDCAL630-00065779 through GOOG-NDCAL630-00065869, which concludes our production of documents in advance of the deposition of Hiroshi Lockheimer.  Please find the documents as follows:

> Site:     ftp://ftp.quinnemanuel.com
> Username:   ftp100
> Password:   Cl1Z138f

This site will remain available until Tuesday, July 30, 2013.  We have encrypted these documents using TrueCrypt, an open-source encryption program.  I will send the decryption password in a separate email.

Very truly yours,

/s
Lindsay M. Cooper


**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

# EXHIBIT 49

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

September 27, 2013

<u>VIA ELECTRONIC MAIL</u>

Brian Buroker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Re:     <u>Apple v. Samsung Elecs., et al, Case No. 12-CV-00630-LHK (N.D. Cal.)</u>

Dear Brian:

I write in response to your email of this past Monday. As you requested, on Tuesday our reviewers printed the Google source code excerpts described by your colleague Mr. Furman in his corrected letter of Saturday, September 21, 2013. Yesterday, Google produced this printed source code to Gibson Dunn, bearing Bates numbers GOOG-NDCAL630-S-00008876 through GOOG-NDCAL630-S-00008898, GOOG-NDCAL630-S-00008900 through GOOG-NDCAL630-S-00008915, and GOOG-NDCAL630-S-00008918 through GOOG-NDCAL630-S-00008942. I trust this resolves the issues raised in your email and Mr. Furman's letter, but please let me know immediately if it does not.

Very truly yours,

Amar L. Thakur

Amar L. Thakur

quinn emanuel urquhart & sullivan, llp

NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY

# EXHIBIT 50

| | |
|---|---|
| **From:** | Furman, Joshua [JFurman@gibsondunn.com] |
| **Sent:** | Saturday, September 21, 2013 9:37 PM |
| **To:** | Malone, Wade |
| **Cc:** | Matthew Warren; Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com) |
| **Subject:** | Re: Apple v. Samsung - Google source code inspection |

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Quincy Lu, Alex Snoeren, or Joshua Furman will review the source code made available at Quinn's Redwood Shores office on September 23 and 24th, 2013.


Regards,

**Joshua R. Furman**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com



On Sep 19, 2013, at 1:38 PM, "Malone, Wade" <WMalone@gibsondunn.com> wrote:


Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Quincy Lu, Sam Whitt, Alex Snoeren, Douglas Schmidt, or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on September 20, 2013.

Regards,

**Wade Malone**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Wednesday, August 07, 2013 4:39 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'

([WHAppleSamsungNDCalIIService@wilmerhale.com](mailto:WHAppleSamsungNDCalIIService@wilmerhale.com)); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

In addition to the previously noticed reviewers, pursuant to the Protective Order, Apple gives notice that Wade Malone will review the source code made available at Quinn's Redwood Shores office on August 8 through August 9, 2013.

Regards,

**Wade Malone**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
[WMalone@gibsondunn.com](mailto:WMalone@gibsondunn.com) • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Thursday, August 01, 2013 2:33 PM
**To:** Matthew Warren ([matthewwarren@quinnemanuel.com](mailto:matthewwarren@quinnemanuel.com))
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'
([WHAppleSamsungNDCalIIService@wilmerhale.com](mailto:WHAppleSamsungNDCalIIService@wilmerhale.com)); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

In addition to the previously noticed reviewers, pursuant to the Protective Order, Apple gives notice that Andy Cockburn will review the source code made available at Quinn's Redwood Shores office on August 5 through August 9, 2013.

Regards,

**Wade Malone**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
[WMalone@gibsondunn.com](mailto:WMalone@gibsondunn.com) • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Thursday, August 01, 2013 1:16 PM
**To:** Matthew Warren ([matthewwarren@quinnemanuel.com](mailto:matthewwarren@quinnemanuel.com))
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'
([WHAppleSamsungNDCalIIService@wilmerhale.com](mailto:WHAppleSamsungNDCalIIService@wilmerhale.com)); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, Chris Thompson, or Sam Whitt will review the source code made available at Quinn's Redwood Shores office on August 5 through August 9, 2013.

Regards,

**Wade Malone**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Tuesday, July 30, 2013 12:00 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, Chris Thompson, or Sam Whitt will review the source code made available at Quinn's Redwood Shores office on July 31 through August 2, 2013.

Regards,

**Wade Malone**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Friday, July 26, 2013 3:15 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, Chris Thompson, or Sam Whitt will review the source code made available at Quinn's Redwood Shores office on July 29 through July 30, 2013.

Regards,

**Wade Malone**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Wednesday, July 24, 2013 3:50 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, Chris Thompson, or Sam Whitt will review the source code made available at Quinn's Redwood Shores office on July 25, 2013.

Regards,

**Wade Malone**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Sunday, July 21, 2013 5:54 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

In addition to the previously noticed reviewers, pursuant to the Protective Order, Apple gives notice that Gibson Dunn attorney Sam Whitt will review the source code made available at Quinn's Redwood Shores office on July 23 through July 24, 2013.

Regards,

**Wade Malone**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

**From:** Malone, Wade
**Sent:** Saturday, July 20, 2013 3:53 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on July 23 through July 24, 2013.

Regards,

**Wade Malone**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Friday, July 12, 2013 1:32 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt, or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on July 16, 2013.

Regards,

**Wade Malone**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Friday, June 28, 2013 9:23 AM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Due to a change in scheduling, no Apple reviewers will review the source code made available at Quinn's Redwood Shores office today.

Regards,
**Wade Malone**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211

Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Monday, June 24, 2013 3:23 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection


Matt,

Due to airline travel delays, no Apple reviewers will review the source code made available at Quinn's Redwood Shores office today.  As previously noticed, Douglas Schmidt or Chris Thompson will review the source code starting tomorrow.

Regards,

**Wade Malone**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Thursday, June 20, 2013 4:44 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection


Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Douglas Schmidt or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on June 24 to 28, 2013.

Regards,
**Wade Malone**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Malone, Wade
**Sent:** Monday, June 03, 2013 3:37 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com); Furman, Joshua
**Subject:** RE: Apple v. Samsung - Google source code inspection


Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Douglas Schmidt or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on June 10 to 14, 2013.

Regards,
**Wade Malone**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5372 • Fax +1 650.849.5072
WMalone@gibsondunn.com • www.gibsondunn.com

---

**From:** Furman, Joshua
**Sent:** Thursday, May 30, 2013 11:06 AM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com)
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Alex Snoeren, Douglas Schmidt or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on June 12, 2013.

Regards,
Josh

**Joshua R. Furman**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

---

**From:** Furman, Joshua
**Sent:** Thursday, May 23, 2013 6:36 PM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service' (WHAppleSamsungNDCalIIService@wilmerhale.com)
**Subject:** RE: Apple v. Samsung - Google source code inspection

Matt,

Pursuant to the Protective Order, Apple gives notice that at least one of Douglas Schmidt or Chris Thompson will review the source code made available at Quinn's Redwood Shores office on May 28 - 30, 2013.  In addition, due to a change in scheduling, Douglas Schmidt will not be inspecting code at Quinn's Redwood Shores office tomorrow.

Regards,
Josh

Joshua R. Furman

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

**From:** Furman, Joshua
**Sent:** Thursday, May 23, 2013 1:35 AM
**To:** Matthew Warren (matthewwarren@quinnemanuel.com)
**Cc:** Quinn-Google-N.D.Cal.-00630; *** Apple/Samsung; 'WH Apple Samsung NDCal II Service'
(WHAppleSamsungNDCalIIService@wilmerhale.com)
**Subject:** Re: Apple v. Samsung - Google source code inspection

Matt,

Due to a change in scheduling Douglas Schmidt will not be inspecting code at Quinn's Redwood Shores office tomorrow.

Best,
Josh

**Joshua R. Furman**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2461 • Fax +1 212.351.5261
JFurman@gibsondunn.com • www.gibsondunn.com

On May 22, 2013, at 11:25 AM, "Furman, Joshua" <JFurman@gibsondunn.com> wrote:

> Matt,
>
> Due to a change in scheduling Douglas Schmidt will not be inspecting code at Quinn's Redwood Shores office today.
>
> Best,
> Josh

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT 51

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                        SAN JOSE DIVISION

 4


 5

      APPLE INC., A CALIFORNIA        )  C-12-00630 LHK
 6    CORPORATION,                    )
                                      )  SAN JOSE, CALIFORNIA
 7               PLAINTIFF,           )
                                      )  JUNE 25, 2013
 8          VS.                       )
                                      )  PAGES 1-60
 9    SAMSUNG ELECTRONICS CO., LTD.,  )
      A KOREAN BUSINESS ENTITY;       )
10    SAMSUNG ELECTRONICS AMERICA,    )
      INC., A NEW YORK CORPORATION;   )
11    SAMSUNG TELECOMMUNICATIONS      )
      AMERICA, LLC, A DELAWARE        )
12    LIMITED LIABILITY COMPANY,      )
                                      )
13               DEFENDANTS.          )
      _____)
14                                    )
                                      )
15

16              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE PAUL S. GREWAL
17            UNITED STATES MAGISTRATE JUDGE

18

19

20            APPEARANCES ON NEXT PAGE

21

22

23   OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

1     HAVE TO SHOW EVERY SINGLE ONE.

2          SO WE DON'T HAVE THE SAME BURDEN OF PROOF, SO WE DON'T EVEN

3     HAVE TO TALK ABOUT THOSE MODULES, SO WE'VE ELIMINATED THOSE

4     FROM THE CLAIM CHARTS.

5          AND WHAT WE'RE LEFT WITH IS SOME ADDITIONAL ONES FROM

6     GOOGLE THAT THEY PRODUCED SOURCE CODE IN THE APRIL AND INTO

7     MID-MAY TIMEFRAME AND WE WERE ABLE TO TURN AROUND THESE CHARTS

8     WITHIN ABOUT A WEEK OF WHEN WE FINALLY GOT ALL OF THE SOURCE

9     CODE PRODUCED.

10              THE COURT:  CAN I ASK YOU ABOUT THE PRODUCTION?  WHY

11    DO YOU NEED SOURCE CODE FROM GOOGLE?  ISN'T THIS AVAILABLE ON

12    THE WEB?

13              MR. LYON:  SO SOME OF THEM ARE.  THE OPERATING SYSTEM

14    IN OPEN SOURCE IS AVAILABLE ON THE WEB, AND OF COURSE WE HAD

15    ACCESS TO THE DEVICES.

16              THE COURT:  WE'RE NOT TALKING ABOUT THOSE FILES HERE?

17              MR. LYON:  NO.  WHAT WE'RE TALKING ABOUT ARE MODULES

18    THAT GOOGLE PROVIDES TO SAMSUNG IN OBJECT CODE FORMAT AS I

19    UNDERSTAND IT.

20              THE COURT:  I SEE.

21              MR. LYON:  AND SO WE HAD TO --

22              THE COURT:  SO THESE ARE BINARY DROPS?

23              MR. LYON:  BINARY DROPS, RIGHT.

24         THE GOOGLE PLAYBOOKS, PLAY MOVIES, PLAY MUSIC, THE GOOGLE

25    NOW, THOSE ARE THE TYPES OF MODULES WE'RE TALKING ABOUT HERE.

# EXHIBIT 52

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

November 19, 2013

VIA ELECTRONIC MAIL

Joshua Furman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York  10166
apple/samsung@gibsondunn.com

Re:   Apple Inc. v. Samsung Electronics Co., Ltd. et al., Case No. 12-630 (N.D. Cal.)

Dear Mr. Furman:

I write regarding the highly confidential source code of Google Inc. ("Google").  The encrypted hard drive containing Google source code made available to Dr. Martin Rinard in this action is available for Apple's inspection at Quinn Emanuel's Silicon Valley office, subject to the protective order in this action.  This drive contains a subset of the source code that Google had previously produced in response to Apple's subpoena in this action.

Very truly yours,

/s
Jeff Nardinelli

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

# EXHIBIT 55

1
2
3
4
5
6
7
8
9
10
11

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

12    ***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

13          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**
14                  **SAN JOSE DIVISION**

15

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Civil Action No. 12-CV-00630-LHK (PSG) <br><br> **APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF INTERROGATORIES (NO. 26)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Counterclaim-Defendant. | |

16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S THIRD SET OF INTERROGATORIES (NO. 26)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides its supplemental response to Interrogatory No. 26 served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on December 13, 2012.  These responses are based on information reasonably available to Apple at the present time.  Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available.  Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

The General Objections set forth in Apple Inc.'s Objections and Responses to Samsung's Third Set of Interrogatories, served on January 11, 2013, are incorporated herein by reference.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's Third Set of Interrogatories as follows:

**INTERROGATORY NO. 26:**

For each of the APPLE PATENTS-IN-SUIT, explain in detail all legal and factual bases for APPLE'S contentions as to why each asserted claim of the PATENTS-IN-SUIT is not invalid under 35 U.S.C. §§ 102, 103 and/or 112. To the extent that YOU disagree with SAMSUNG'S invalidity contentions in whole or part, please include in YOUR answer a point-by-point rebuttal of SAMSUNG'S invalidity contentions, including an IDENTIFICATION of each element that is not allegedly present in the prior art cited in

-1-

SAMSUNG'S invalidity contentions, and why each claim is not allegedly obvious over the prior art cited in SAMSUNG'S invalidity contentions (including any contentions based on secondary considerations of nonobviousness).

**RESPONSE TO INTERROGATORY NO. 26:**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18   **U.S. Patent No. 7,761,414**

19   *Evolution*

20          Samsung's Amended Exhibit D-1 purports to describe Evolution; however, Samsung

21   has not met its burden that any version of Evolution constitutes prior art under 35 U.S.C. §§

22   102(a), (b) or (g), or that any of the purported versions anticipate the asserted claims of the

23   '414 patent.  Samsung impermissibly combines several different versions of Evolution, and

24   has not met its burden to show that any particular version of Evolution anticipates the

25   asserted claims.  Samsung also appears to have improperly cobbled together at several

26   different unauthenticated, non-public documents and source code and other publications, to

27
28

-89-

evidence this "system."  Samsung's reliance on numerous publications and non-public

materials as a single anticipatory theory is improper.  As Samsung has not met its burden to

demonstrate that Evolution is prior art, it cannot therefore anticipate.  Apple provides further

explanation below of the deficiencies in Samsung's contentions as they relate to specific

asserted claims.

Claim 11

Claim 11 is valid over Evolution because claim 11 is presumed valid and Samsung

has not met its burden to demonstrate invalidity for at least the following reasons.

Samsung has failed to meet its burden in demonstrating that Evolution teaches

executing at least one user-level non-synchronization processing thread, wherein the at least

one user-level non-synchronization processing thread is provided by a user application which

provides a user interface to allow a user to access and edit structured data in a first store

associated with a first database.  Samsung has failed to show that Evolution has a user

interface to allow a user to access and edit structured data in a first store while concurrently

executing at least one synchronization processing thread. In addition Samsung has failed to

demonstrate how Evolution discloses structured data in a first store associated with a first

database.  Samsung's Amended Exhibit D-1 fails to show how any data related to Evolution

is structured or stored.

Samsung has failed to meet its burden in demonstrating that Evolution teaches

executing at least one synchronization processing thread concurrently with the executing of

the at least one user-level non-synchronization processing thread, wherein the at least one

synchronization processing thread is provided by a synchronization software component

which is configured to synchronize the structured data from the first database with the

-90-

structured data from a second database.  Samsung has failed to meet its burden in demonstrating how Evolution discloses a synchronization software component.  Samsung merely points to certain software files and provides no explanation of how those files are synchronization software components. Moreover, Samsung fails to demonstrate how any alleged synchronization software component is configured to synchronize data.  Samsung additionally fails to show how Evolution discloses structured data from a second database.

Claim 20

Claim 20 is valid over Evolution because claim 20 is presumed valid and Samsung has not met its burden to demonstrate invalidity for at least the following reasons.

As claim 20 depends from claim 11, claim 20 is valid for at least the reasons stated above with respect to claim 11.

Samsung has failed to meet its burden in demonstrating that Evolution teaches wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes. In particular because Samsung fails to demonstrate a single software component as described above it fails to demonstrate that Evolution teaches other synchronization software components.  Moreover, Samsung fails to demonstrate how the portions of Evolution it alleges are synchronization software components actually handle synchronization and has failed to show whether its alleged multiple components are configured to synchronize data of different classes. Moreover, Samsung fails to show how data synchronized constitutes other classes of data.

Claim 27

-91-

1

2

3   Dated:  May 13, 2013                       By:   */s/ H. Mark Lyon*

4
                                                   _____
5                                                  JOSH A. KREVITT (CA SBN 208552)
                                                   jkrevitt@gibsondunn.com
6                                                  H. MARK LYON (CA SBN 162061)
                                                   mlyon@gibsondunn.com
7                                                  GIBSON, DUNN & CRUTCHER LLP
                                                   1881 Page Mill Road
8                                                  Palo Alto, California 94304-1211
                                                   Telephone: (650) 849-5300
                                                   Facsimile: (650) 849-5333
9
                                                   HAROLD J. MCELHINNY (CA SBN 66781)
10                                                 hmcelhinny@mofo.com
                                                   MICHAEL A. JACOBS (CA SBN 111664)
11                                                 mjacobs@mofo.com
                                                   RICHARD S.J. HUNG (CA SBN 197425)
12                                                 rhung@mofo.com
                                                   MORRISON & FOERSTER LLP
13                                                 425 Market Street
                                                   San Francisco, California  94105-2482
14                                                 Telephone:  (415) 268-7000
                                                   Facsimile:  (415) 268-7522
15
                                                   MARK D. SELWYN (SBN 244180)
16                                                 (mark.selwyn@wilmerhale.com)
                                                   WILMER CUTLER PICKERING
17                                                   HALE AND DORR LLP
                                                   950 Page Mill Road
18                                                 Palo Alto, California 94304
                                                   Telephone:  (650) 858-6000
19                                                 Facsimile:  (650) 858-6100

20                                                 WILLIAM F. LEE (admitted *pro hac vice*)
                                                   (william.lee@wilmerhale.com)
21                                                 WILMER CUTLER PICKERING
                                                     HALE AND DORR LLP
22                                                 60 State Street
                                                   Boston, Massachusetts 02109
23                                                 Telephone:  (617) 526-6000
                                                   Facsimile:  (617) 526-5000
24

25                                                 ***Attorneys for Plaintiff and Counterclaim-
                                                   Defendant Apple Inc.***
26

27
                                                   -207-
28