JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF SAMUEL K. WHITT IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880)** |

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S
MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

I, Samuel K. Whitt, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Apple's Administrative Motion to File Documents Under Seal Relating to Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880) to confirm that certain documents and information contained in Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880) ("Opposition to Samsung's MTS") are confidential and sealable. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Concurrent with Apple's Motion to Seal, Apple has filed its Opposition to Samsung's MTS and supporting documents, namely the Declaration of Jennifer Rho in Support of Apple's Opposition to Samsung's MTS ("Rho Declaration") and exhibits thereto.

3. Apple hereby seeks to seal documents and information referenced in Apple's Opposition to Samsung's MTS and the exhibits to the Rho Declaration. These documents contain information designated as "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Google's Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third parties Oracle Corporation ("Oracle"), Google, Inc. ("Google"), Novell, Inc. ("Novell"), and/or Microsoft Corporation ("Microsoft") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties.

4. Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow. If a document contains the confidential information of a party other than Apple – namely, Samsung or a third party – Apple

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
1         CASE NO. 12-CV-00630-LHK (PSG)

has filed the document entirely under seal, and, in its Opposition to Samsung's MTS, highlighted such information in grey.

**Apple's Confidential Information**

5. Exhibit J to the Rho Declaration contains information related to Apple's highly sensitive and non-public source code and should remain under seal. Specifically, Exhibit J to the Rho Declaration, which consists of excerpts of Dr. Alex C. Snoeren's Rebuttal Expert Report Concerning U.S. Patents Nos. 6,847,959 and 7,761,414, discusses Apple's highly sensitive and proprietary source code functionality and closely-related technical information for its iTunes and iSync software. In particular, this information, which includes a detailed description of how iTunes and iSync utilize certain synchronization software, is derived from and closely related to the source code for iTunes and iSync.

6. Exhibit N to the Rho Declaration contains information related to Apple's highly sensitive and non-public source code and should remain under seal. Specifically, Exhibit N to the Rho Declaration, which consists of excerpts of Dr. Jeffrey Chase's Expert Report Regarding the Invalidity of the Asserted Claims of U.S. Patent No. 7,761,414, discusses Apple's highly sensitive and proprietary source code functionality and closely-related technical information for its SyncServices software. In particular, this information, which includes a detailed description of how Apple's proprietary sync clients were configured and details regarding the development of Apple's proprietary iSync and SyncServices software, is derived from and closely related to the source code for SyncServices.

7. Exhibit S to the Rho Declaration contains Apple's highly sensitive and non-public source code and related information and should remain under seal. Specifically, Exhibit S to the Rho Declaration, which consists of excerpts from the July 12, 2013 deposition of Apple engineer transcript of Tom Deniau, provides a specific and detailed discussion of Apple's highly sensitive and proprietary source code for its data detectors functionality, as well as portions of its iOS and OS X software, and how such source code is structured, as well as closely-related technical information regarding its implementation by Apple.

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
2   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

8. As Apple in-house attorney Cyndi Wheeler has explained in declarations filed with this Court, including on March 19, 2013, July 15, 2013, and October 10, 2013, Apple considers "information about its source code files to be trade secrets." *See, e.g.*, D.I. 405 at ¶ 10; D.I. 685 at ¶ 10; D.I. 803-02 ¶ 10. As Ms. Wheeler further explained, Apple provides its source code –and particularly the source code at issue in this motion – with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *See, e.g.,* D.I. 405 at ¶¶ 3-7; D.I. 803-02 at ¶¶ 3-7. Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* Public disclosure of this information, which identifies and details the particular functionality and development process of specific source code for Apple's SyncServices, iTunes and iSync software, as well as source code from its iOS and OS X operating systems, including source code for Mobile Safari and source code for data detectors functionality, would be extremely harmful to Apple, at least in part because Apple derives independent economic value from its proprietary and confidential source code, and that value would be diminished by the public disclosure of details about how such source code was implemented. *See id.* ¶¶ 5-6, 9-10.

9. In understand that, as confirmed by Ms. Wheeler in her March 19, 2013 and July 15, 2013 declarations, Apple has not made its SyncServices, iSync, iTunes, iOS and OS X source code at issue here public, and the exposure of such source code and source code-related information would cause Apple to lose significant competitive advantage. *See id.* Even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* D.I. 512 ¶ 11. As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code that controls Apple's products – and particularly how and when Apple implements particular features and functionalities of the software and otherwise designed its suites of software – would give Apple's competitors unfair competitive advantage and damage the

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
3   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

1. investment that Apple has made in developing its source code. *Id.* Apple thus goes to significant lengths to protect its source code and prevent its disclosure or copying. D.I. 803-02 ¶ 10.

10. I understand that the information contained in Exhibits J, N and S is of the same or similar type to that which was previously sealed by this Court in Case No. 11-cv-1846, between Apple and Samsung, and that the Court has held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846 (N.D. Cal.), Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

11. Apple is seeking neither to seal the entirety of its discussion in its Opposition to Samsung's MTS citing this exhibit, nor the entirety of Exhibits J, N and S; rather, Apple is moving to seal only the very limited portions of the documents that contain very specific quotations from, detailed identifications of the structure of, detailed descriptions of the operation of, and detailed discussion of specific source code from Apple's highly proprietary source code. Apple only seeks to seal the information that is specifically and closely tied to its confidential and proprietary source code. I further understand that the information at issue in Exhibits J, N and S that Apple here seeks to seal is not necessary to understand the issues in the brief, nor the parties' positions regarding Apple's Opposition to Samsung's MTS and the related briefing.

12. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's non-public information in Exhibits J, N and S. The portions of Exhibits J, N and S to the Rho Declaration that are highlighted in yellow contain sensitive information relating to Apple's source code. This source code information is sealable for the reasons described above.

13. As discussed below, Exhibits J and N also contains information that may be considered confidential by Samsung and/or a third party.

**Confidential Information of Samsung and Third Parties**

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
4   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

14. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that has been designated or otherwise is considered highly confidential by Samsung, Google, Oracle, Novell, and/or Microsoft.

15. Apple's Opposition to Samsung's MTS contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

16. Exhibit E to the Rho Declaration, which consists of excerpts from Samsung's Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41) served April 5, 2013, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

17. Exhibit F to the Rho Declaration, which consists of excerpts from the May 21, 2013 Infringement Claim Chart for U.S. Patent No. 6,847,959 for the Samsung Galaxy S III, contains information that that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

18. Exhibit G to the Rho Declaration, which consists of excerpts from the May 21, 2013 Source Code Appendix to the Infringement Claim Chart for U.S. Patent No. 6,847,959 for the Samsung Galaxy S III, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

19. Exhibit I to the Rho Declaration, which consists of excerpts from the September 13, 2013 Rebuttal Expert Report of Martin Rinard, Ph.D. Regarding Noninfringement of Claims 24 and 25 of U.S. Patent No. 6,847,959, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

20. Exhibit J to the Rho Declaration, which consists of excerpts from the Rebuttal Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patents Nos. 6,847,959 and 7,761,414, contains information that has been designated or otherwise is considered highly confidential by Apple, Novell, and Microsoft.  Apple supports sealing the portions of Exhibit J that have been highlighted in yellow. The entirety of the document has been filed under seal because it contains highly confidential information belonging to Samsung and/or Google.

21. Exhibit K to the Rho Declaration, which consists of excerpts from the Infringement Claim Chart for U.S. Patent 7,761,414 for the Samsung Galaxy S III of May 21, 2013, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

22. Exhibit L to the Rho Declaration, which consists of excerpts of the August 12, 2013 Expert Report of Dr. Alex C. Snoeren Concerning U.S. Patent Nos. 6,847,959 and 7,761,414, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

23. Exhibit M to the Rho Declaration, which consists of excerpts of the October 1, 2013 deposition of Jeffery Chase, Ph.D., contains information that has been designated or otherwise is considered highly confidential by Microsoft.

24. Exhibit N to the Rho Declaration, which consists of excerpts of the August 12, 2013 Expert Report of Jeffrey Chase, Ph.D. Regarding the Invalidity of the Asserted Claims of U.S. Patent No. 7,761,414, contains information that has been designated or otherwise is considered highly confidential by Apple, Novell and Samsung and/or Google.  Apple supports sealing the portions of Exhibit N that have been highlighted in yellow. The entirety of the document has been filed under seal because it contains highly confidential information belonging to Novell and/or Samsung and/or Google.

25. Exhibit P to the Rho Declaration, which consists of excerpts of Samsung's July 15, 2013 Further Supplemental Responses to Apple's First, Third, and Tenth Sets of Interrogatories, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

26. Exhibit R to the Rho Declaration, which consists of excerpts of the transcripts of the April 4, 2012 and September 19, 2013 depositions of Dr. Todd Mowry, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

27. Exhibit S to the Rho Declaration, which consists of excerpts of the July 12, 2013 deposition transcript of Thomas Deniau, contains information that has been designated or otherwise

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S
MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
6    CASE NO. 12-CV-00630-LHK (PSG)

is considered highly confidential by Apple. Apple supports the sealing of the portions highlighted in yellow.

28. Exhibit T to the Rho Declaration, which consists of excerpts of Dr. Todd Mowry's Expert Report of August 12, 2013 related to U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

29. Exhibit W to the Rho Declaration, which consists of excerpts of Dr. Kevin Jeffay's Expert Report of August 12, 2013 related to U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

30. Exhibit X to the Rho Declaration, which consists of excerpts of Dr. Todd Mowry's Rebuttal Expert Report of September 13, 2013 related to U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

31. Exhibit AA to the Rho Declaration, which consists of excerpts of Samsung's July 15, 2013 Third Supplemental Objections and Responses to Apple's Sixth Set of Interrogatories (No. 41), contains information that has been designated or otherwise is considered highly confidential by Samsung and/or Google.

**Meet and Confer**

32. Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal (Opposition to Samsung's MTS) as a procedural mechanism for filing portions of Apple's Opposition to Samsung's MTS and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

1  Dated: November 19, 2013

2                                          */s/ Samuel K. Whitt*

3                                          Samuel K. Whitt

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S
MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
8      CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Samuel K. Whitt has concurred in this filing.

Dated: November 19, 2013

                        /s/ *H. Mark Lyon*
                        H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon counsel for Google, Oracle, Novell, Microsoft and Mozilla via electronic mail and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 19, 2013

                        /s/ *H. Mark Lyon*
                        H. Mark Lyon

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION TO FILE ITS OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880) UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)