# EXHIBIT Y

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br>　　v.<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br>　　　　Counterclaim-Plaintiffs,<br>　　v.<br>APPLE INC., a California corporation,<br><br>　　　　Counterclaim-Defendant. | Civil Action No. 12-CV-00630-LHK (PSG)<br><br>**APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

### U.S. Patent No. 8,074,172

Apple is informed and believes that the inventions recited in claims 2-6, 9-12, 17-21, 23-25, 27-37 of the '172 patent were reduced to practice no later than January 5, 2007. The asserted claims were also constructively reduced to practice in U.S. Patent Application No. 11/620,642, filed on January 5, 2007. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

### U.S. Patent No. 8,086,604

Apple is informed and believes that the inventions recited in claims 1, 6, 11 and 16-21 of the '604 patent were reduced to practice no later than January 5, 2000. The asserted claims were also constructively reduced to practice in U.S. Patent Application No. 09/478,009, filed on January 5, 2000. Furthermore, in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and the burden of ascertaining the answer to this Interrogatory from the produced documents is substantially the same for Apple as for Samsung. Apple refers to such documents including those identified by bates number in Apple's Local Patent Rules Disclosures served on June 15, 2012.

Discovery is still in its early stages and Apple is continuing to investigate. Apple reserves the right to supplement and/or amend its response as appropriate.

**INTERROGATORY NO. 4:**

Separately for each of the APPLE PATENTS, identify each APPLE COVERED PRODUCT, which of the APPLE PATENTS are embodied in the APPLE COVERED

-15-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY          Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

1. PRODUCT, the date each APPLE COVERED PRODUCT was first sold in the United
2. States, and whether each APPLE COVERED PRODUCT was marked pursuant to 35 U.S.C.
3. § 287 or otherwise, how each APPLE COVERED PRODUCT was marked including the
4. location and manner of the marking, the individuals or entities that marked each APPLE
5. COVERED PRODUCT, and any interruptions or other changes in the practice of marking
6. the APPLE COVERED PRODUCT since it was first marked. The APPLE COVERED
7. PRODUCTS shall be identified by commercial name, commercial model number,
8. telecommunications carrier (if applicable), date of product announcement, date of product
9. release, "code name," and any other identifiers used internally and/or externally to identify or
10. refer to the product at any point during its research, design, development, manufacture,
11. marketing, sale, transfer, distribution, testing, qualification, importation, export, or otherwise.

**RESPONSE TO INTERROGATORY NO. 4**

Apple objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "each APPLE COVERED PRODUCT," "embodied," "whether each APPLE COVERED PRODUCT was marked pursuant to 35 U.S.C. § 287 or otherwise," "the individuals or entities that marked each APPLE COVERED PRODUCT," "any interruptions or other changes in the practice of marking the APPLE COVERED PRODUCT since it was first marked," "commercial model number," "telecommunications carrier," "'code name'", "any other identifiers used internally and/or externally . . . .," "research," "design," "development," "manufacture," "marketing," "sale," "transfer," "distribution," "testing," "qualification," "importation," "export, and "or otherwise." Apple objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information relating to Apple products practicing the asserted claims upon which Apple will not rely in this Litigation. Apple further objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY            Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

client privilege, the attorney work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, doctrine, or immunity, as well as the protections of Federal Rule of Civil Procedure 26(b)(4)(B).  Apple still further objects to this Interrogatory on the grounds and to the extent it is compound and comprises discrete subparts resulting in separate interrogatories, seeks a legal conclusion, and seeks expert opinion. Apple also objects that this Interrogatory seeks information that is equally available to Samsung as to Apple.

Subject to the foregoing General and Specific Objections, Apple responds as follows: Apple incorporates by reference as if fully set forth herein Apple's Amended Disclosure of Claims & Infringement Contentions ("Infringement Contentions"), and all facts and evidence contained or identified in Apple's Infringement Contentions and Exhibit 140 thereof.

Apple further responds that none of the products identified in Exhibit 140 is marked by Apple pursuant to 35 U.S.C. § 287.

**INTERROGATORY NO. 5:**

Separately for each claim of the APPLE PATENTS, identify each secondary consideration that YOU contend supports the non-obviousness of the invention(s) claimed (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, simultaneous development, failure of others, unexpected results, commercial acquiescence through acceptance of licenses, departure from acceptable principles of prior art, or acclaim by industry), and for each such alleged secondary consideration describe in detail the facts underlying the alleged secondary consideration.

**RESPONSE TO INTERROGATORY NO. 5**

Apple objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous, and as not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to its use of the terms "simultaneous development," and "departure from acceptable principles of prior art."  Apple still further objects to this Interrogatory on

-17-

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY        Case No. 12-CV-00630-LHK (PSG)
APPLE'S RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES

| | | |
|---|---|---|
| Dated: November 8, 2012 | By: | /s/ H. Mark Lyon |

                                               JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

-92-

# CERTIFICATE OF SERVICE

I, Angela L. Wilkins, hereby certify that on this 8th day of November, 2012, I did cause the following documents to be served in the following manner:

**Apple's Responses to Samsung's First Set of Interrogatories**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

| | |
|---|---|
| William Price<br>Victoria F. Maroulis<br>Charles K. Verhoeven<br>Michael Fazio<br>Kevin A. Smith<br>Kevin P.B. Johnson<br>**Quinn Emanuel Urquart & Sullivan, LLP**<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California  94065<br>Telephone: (650) 801-5000<br>williamprice@quinnemanuel.com<br>victoriamaroulis@quinnemanuel.com<br>kevinjohnson@quinnemanuel.com<br>charlesverhoeven@quinnemanuel.com<br>kevinsmith@quinnemanuel.com<br>michaelfazio@quinnemanuel.com | John M. Caracappa<br>Huan-Yi Lin<br>Michael Heimbold<br>**Steptoe & Johnson LLP**<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>Telephone: (202) 429-3000<br>jcaracappa@steptoe.com<br>hlin@steptoe.com<br>mheimbold@steptoe.com |

 **X**   **BY ELECTRONIC MAIL TRANSMISSION** from awilkins@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 8, 2012 in Dallas, TX.

Dated:   November 8, 2012                                *Angela L. Wilkins*
                                                                           Angela L. Wilkins
                                                                           Gibson, Dunn & Crutcher
                                                                           2100 McKinney Ave., Suite 1100
                                                                           Dallas, TX  75201
                                                                           (214) 698-3145

CASE NO. 12-CV-00630-LHK
CERTIFICATE OF SERVICE

Gibson, Dunn & Crutcher LLP