# EXHIBIT BB

**EXHIBIT D-7**
**INVALIDITY CLAIM CHART FOR U.S. PATENT NO. 7,761,414**

Microsoft Improves Access to Customer Data with New Smart Client Solution ("Customer Explorer") was published December 2005. United States Patent 7,506,006 to Vadlamani et al. ("Vadlamani") was filed on September 4, 2004, published as U.S. Patent Application Publication No. 2006/0080363 on April 13, 2006, and issued on March 17, 2009.  In addition to the materials detailed herein, individuals at Microsoft are likely to have knowledge of Customer Explorer and Vadlamani.

Customer Explorer and Vadlamani each anticipate at least claims 1-2, 4, 6-7,10-12, 14, 20-24, 26-28, and 30-32 of U.S. Patent No. 7,761,414 (the "'414 patent") under 35 U.S.C. §§ 102(a), (b), (e), and (g).  Additionally, Customer Explorer and Vadlamani each render obvious the asserted claims of the '414 patent under 35 U.S.C. § 103, either alone and/or in combination with one or more of the following references:

- U.S. Patent Application Publication No. 2004/0139235 to Rashid et al. ("Rashid").

- U.S. Patent Application Publication No. 2006/0242609 to Potter et al. ("Potter publication").

- U.S. Patent Application Publication No. 2008/0256547 to Brahmavar et al. ("Brahmavar").

- U.S. Patent No. 7,849,140 to Abdel-Aziz et al. (the "Abdel-Aziz").

- U.S. Patent No. 7,366,743 to Sawadsky et al. (the "Sawadsky").

- U.S. Patent No. 7,318,071 to Kast et al. ("Kast").

- U.S. Patent No. 6,000,000 to Hawkins et al. ("Hawkins").

- E.P. Patent No. 1130513 to Multer ("Multer").

- Hill et al., *Microsoft Smart Client Architecture and Design Guide* ("Hill"), published October 2004.

- Struys, *Developing Multithreaded Applications for the .NET Compact Framework* ("Struys"), published Jun. 2005.

- Joshua Bloch, *Effective Java* ("Bloch"), published 2001.

| U.S. Patent No. 7,761,414 | Customer Explorer | US Patent No. 7,506,006 to Vadlamani et al. ("Vadlamani") |
|---|---|---|
| | | (Mansey at 1.)<br><br>Furthermore, it would have been obvious to a person of ordinary skill in the art at the time of the invention to modify the above disclosure to execute at least one user-level non-synchronization processing thread, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database, in view of the above disclosures and/or the references cited in claim 10. |
| **[1C]** executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the | Customer Explorer discloses executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database.  For example:<br><br>The new Siebel items—accounts, activities, contacts, and opportunities—are stored on the user's local disk drive, alongside default Outlook items in the application's local data store. Behind the scenes, Customer Explorer uses Web services to | Vadlamani discloses executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database.  For example:<br><br>In one embodiment, application interface 362 is a software development kit that is a NET wrapper on top of the Outlook.RTM. object model. Application interface 362 exposes objects and events to AddIn 360. The Smart Client AddIn 360 uses application interface 362 to communicate/interface with Outlook.RTM.. Application interface 362 provides the ability to create |

| U.S. Patent No. 7,761,414 | Customer Explorer | US Patent No. 7,506,006 to Vadlamani et al. ("Vadlamani") |
|---|---|---|
| | | that user input is requested, or become red to indicate that an error occurred during one or more sync operations.<br><br>[0046] Because the tray icon 300 may be out-of-the-way and non-intrusive, the user may be free to perform other tasks, for example, via the display 304.<br><br>(*Id.* at [0044]-[0046].) |
| **[10]** The method as in claim 1 wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes. | Customer Explorer discloses a synchronization software component configured to synchronize structured data of a first data class and that other synchronization software components are configured to synchronize structured data of other corresponding data classes. For example:<br><br>Customer Explorer adds several new types of objects to Outlook, taking advantage of its rich UI to facilitate the management of Siebel data. Under the top-level Customer Explorer folder (which appears in the Outlook folder view alongside the user's Inbox, Tasks, and Calendar), subfolders for My Accounts, My Activities, My Opportunities, and My Siebel Contacts enable users to intuitively navigate, view, and update Siebel data.<br><br>Customer Explorer at 3. | Vadlamani discloses a synchronization software component configured to synchronize structured data of a first data class and that other synchronization software components are configured to synchronize structured data of other corresponding data classes. For example:<br><br>In one embodiment, the CRM system, including data store 320 and application server 322, are pre-existing software systems. The technology described herein is for implementing Smart Client 300 to interact with pre-existing web services 302 and the pre-existing CRM system. The Smart Client 300 further includes the ability to bring together data from the CRM system and other systems, via other services 314 in communication with other backend middleware 324 and database 326. The CRM system is just one example of a line of business application that can be used with the smart client. The Smart Client described herein can be used with applications other than a CRM system. |

| U.S. Patent No. 7,761,414 | Customer Explorer | US Patent No. 7,506,006 to Vadlamani et al. ("Vadlamani") |
|---|---|---|
| | 

*Id.* at 12.

In the alternative, it would have been obvious to a person of ordinary skill in the art at the time of the invention in light of the references disclosed to the right. | In one embodiment, Smart Client 300 is operating on a local machine, while the CRM system (including application server 32 and data store 320) is on one or more different machines remote from the local machine. Web services 302 can be operating on one or more different machines than the Smart Client and the CRM system. In other embodiments, some or all of web services 302 can be operating on the same machine as the Smart Client or the CRM system. Some embodiments will not use web services; rather, Agent 372 will directly contact the CRM system (or other application).

FIG. 8 is a block diagram describing one embodiment of an architecture for Smart Client 300. FIG. 8 depicts Smart Client AddIn 360 in communication with application interface 362, web services 302 and configuration data store 384. Application interface 362 is in communication with application 364 (the base application), which includes application storage 366. The Smart Client can be implemented with many different types of base applications. In one embodiment, the Smart Client of FIG. 8 is implemented with a collaboration, messaging and scheduling application. One example of such a collaboration, messaging and scheduling application is Outlook.RTM., from Microsoft Corporation. In that example, storage 366 is the Outlook.RTM. object store. The Smart Client can also be implemented with other collaboration, messaging and scheduling systems; or other types of systems. Additionally, applications performing |

# EXHIBIT CC

**EXHIBIT D-18**
**INVALIDITY CLAIM CHART FOR U.S. PATENT NO. 7,761,414**

U.S. Patent Application Publication No. 2004/0139235 ("Rashid") was filed on October 31, 2003 and published on July 15, 2004.  At least the inventors—Gus Rashid, Navruze Rashid, and Boris Gitlin—are likely to have knowledge of Rashid.

Rashid anticipates all of the asserted claims, including claims 1-2, 4, 6-7, 10-12, 14, 16-17, 20-24, 26-28, and 30-32 of U.S. Patent No. 7,761,414 (the "'414 patent") under 35 U.S.C. §§ 102(b) and (e).

Rashid also anticipates or renders obvious the asserted claims of the '414 patent under 35 U.S.C. §§ 102(b) and (e) & 35 U.S.C. § 103, alone and/or in combination with ActiveSync as incorporated by reference at paragraphs [0005] and [0019] of Rashid, as those disclosures are set forth in Exhibit D-11 to Samsung's Invalidity Contentions.  Additionally, Rashid would render obvious the asserted claims of the '414 patent under 35 U.S.C. § 103 in combination with the following references:

- U.S. Patent Application Publication No. 2006/0242609 to Potter et al. ("Potter publication").

- U.S. Patent Application Publication No. 2008/0256547 to Brahmavar et al. ("Brahmavar").

- U.S. Patent No. 7,849,140 to Abdel-Aziz et al. (the "Abdel-Aziz").

- U.S. Patent No. 7,506,006 to Vadlamani et al. ("Vadlamani").

- U.S. Patent No. 7,366,743 to Sawadsky et al. (the "Sawadsky").

- U.S. Patent No. 7,318,071 to Kast et al. ("Kast").

- U.S. Patent No. 6,000,000 to Hawkins et al. ("Hawkins").

- E.P. Patent No. 1130513 to Multer ("Multer").

- Hill et al., *Microsoft Smart Client Architecture and Design Guide* ("Hill"), published October 2004.

- Struys, *Developing Multithreaded Applications for the .NET Compact Framework* ("Struys"), published Jun. 2005.

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
| | (Mansey at 1.)<br><br>Furthermore, it would have been obvious to a person of ordinary skill in the art at the time of the invention to modify the above disclosure to execute at least one user-level non-synchronization processing thread, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database, in view of the above disclosures and/or the references cited in claim 10. |
| **[1C]** executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database. | Rashid discloses executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database. For example:<br><br>[0014] In the following discussion of the invention, the term "LIC&S" is used to reference a system of software which enables Local Intelligence, Cache-ing and Synchronization on a mobile client device and between the client and the server. This software comprises two subsystems:<br><br>[0015] 1. A set of run-time components which are binary, pre-compiled executable files installed on both the client and server in order to provide the code necessary to follow the sync process described within the invention herein (LIC&S run-time components or run-time components), and<br><br>[0016] 2. An application or applications (custom application) which are generated through a separate Mobile Development Environment (MDE) or other generation process, which is aware of the LIC&S run-time components, and utilize these run-time components for local storage and cache-ing of data and data operations which are |

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
| | (*Id*. at [0044]-[0046].) |
| | |
| **[10]** The method as in claim 1 wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes. | Rashid discloses a synchronization software component configured to synchronize structured data of a first data class and other synchronization software components configured to synchronize structured data of other corresponding data classes. For example:<br><br>[0003] Users of such remote client devices typically desire to operate various applications on data locally, then synchronize the data with the central database system when convenient. Often this is either when the device comes back into a wireless coverage area, or when the user docks his device with a cradle, which is connected via a direct local connection (e.g., a serial cable or infrared link) or via a local area net (LAN) connection, to a personal computer (PC). The computer, in turn, has access via LAN or internet to the server residing at a site which is linked to the central database.<br><br>(Rashid at [0003].)<br><br>[0007] As more and more types of devices are introduced that include various data to be synchronized between themselves and the server, a need has arisen for improved synchronization schemes to take into account the particular characteristics of each of these new devices and datasets. For instance, it would be desirable to efficiently synchronize user information in such devices using such distant communication mediums which may display high latency or interruptible connection characteristics (e.g., as when the user travels outside an area where wireless coverage is available). It would be further desirable to efficiently synchronize the user information in such devices using message-based communication techniques, especially automated techniques that require little to no user intervention besides initiating synchronization. Unfortunately, the above described PC-based synchronization technique, which is designed for use over a direct local serial connection, is not well-adapted to the characteristics commonly associated with distant   and/or message-based |

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
| | communication, especially if errors occur during communication.<br><br>(*Id.* at [0007].)<br><br>[0010] The invention provides a means and process for the following functionality:<br><br>[0011] (i) The generation of applications capable of offline processing on client devices through a mobile application development system or environment (referred to herein as the "MDE"),<br><br>[0012] (ii) Cache-ing and storage of information locally on the client device for offline retrieval and synchronization with remote databases, and<br><br>[0013] (iii) Synchronization of information entered or modified offline (e.g., locally) with a remote server which is linked to a master database.<br><br>[0014] In the following discussion of the invention, the term "LIC&S" is used to reference a system of software which enables Local Intelligence, Cache-ing and Synchronization on a mobile client device and between the client and the server. This software comprises two subsystems:<br><br>[0015] 1. A set of run-time components which are binary, pre-compiled executable files installed on both the client and server in order to provide the code necessary to follow the sync process described within the invention herein (LIC&S run-time components or run-time components), and<br><br>[0016] 2. An application or applications (custom application) which are generated through a separate Mobile Development Environment (MDE) or other generation process, which is aware of the LIC&S run-time components, and utilize these run-time components for local storage and cache-ing of data and data operations which are meant to be synchronized with a server. These applications are specific to |

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
| | requirements as outlined by the user or user's organization and may perform any combination of tasks which the software developer might envision. They commonly, however, use the LIC&S run-time components and sync process. Components of a custom application need to be installed on both client and server machines in order for the invention to be enabled.<br><br>[0017] The above components are depicted in an embodiment of the invention illustrated in FIG. 1. A mobile-aware application has been created, by means of generation within the MDE or independently by software developers and resides in both the client device 105 and the LIC&S server 101 (items 108 and 102, respectively). The LIC&S server 101 which is capable of recognizing and processing the control and data sequences sent to it by the application, and responding to the application with appropriate response control and data sequences, is installed on the illustrated computer.<br><br>[0018] The LIC&S server 101 is linked to a local application database either on the same computer or, as illustrated in FIG. 1, on another computer across the network 110. Parameters are configured to provide access through the network 110 to the LIC&S server 101 by handheld client devices 105 which are either always or intermittently connected to a wireless network, or sporadically connected to a LAN or WLAN or Internet network.<br><br>[0019] The custom application and LIC&S run-time components are installed on the client device 105 (items 106 and 107, respectively). Network parameters are configured to allow access to the remote LIC&S server 101 either through the network to which the device hosting the application is connected, or through a network which the desktop host computer (which the device is capable of synchronizing through ActiveSync or HostSync or similar built-in synchronization methods) is connected. To simplify FIG. 1, this latter situation is not illustrated.<br><br>(*Id*. at [0010]-[0019].) |

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
|  | [0036] As depicted in FIG. 1, an LIC&S server 101 is made available on the network, on which the custom application components 102 and LIC&S run-time components 103 are installed. The server 101 along with the custom application and LIC&S run-time components are able to access the central application database 104, which contains schema and other entities specific to the custom application. For purposes of this invention, a database refers to a source of data which may be accessed by software via network or locally to store, retrieve and index data. Examples of such databases include but are not limited to relational database management system (RDBMS) products such as Oracle, Sybase and Microsoft SQL Server. The definition may also include other data sources such as text files, Excel spreadsheets and data feeds from other software objects or vendors locally or across a network.

[0037] A client device 105 is configured with custom application components 106 and LIC&S run-time components 107 which have access to a local application database 108 containing schema and other entities specific to the custom application. The custom application components 106 installed on the device correspond to the same custom application for which custom application components 102 are installed on the server 101 (and the code for which have been generated by means of an MDE elsewhere).

(*Id.* at [0036]-[0037].)

[0043] On the client, the LIC&S client run-time components and custom application components (including user interface components) are installed 207. Then, the existence of, and connectivity to, the local application database and transaction queue is verified 208. Following this, the custom application may be run in off-line mode 209. In this mode of execution, no connectivity is required, and all insertions, changes and deletions of data within the custom application remain local to the client.

[0044] When it is desired to synchronize data with the server, flow control passes to |

| U.S. Patent No. 7,761,414 | U.S. Patent Application Publication No. 2004/0139235 ("Rashid") |
|---|---|
| | the sync process 210. A background sync and a manual sync can be executed in parallel 211. As used herein a manual sync process refers to a sync process which is invoked overtly by the user of a client device or client machine. It provides feedback during the sync process to the user as to the status of the process. A background sync process is a sync process which executes concurrently with all other processes on the client device. It does not provide a great deal of overt feedback to the user unless an error or event occurs which requires user intervention. This sync process also detects connection conditions and does not execute while the client does not have an active connection to the server. When the client is detected to be back within network coverage, the background sync process resumes synchronization with the server.<br><br>[0045] As depicted in FIG. 2, if a background sync 212 is desired, it will execute in the background to the custom application running in off-line mode 209, and no further user intervention is required. Flow control passes back to the custom application running in offline mode 209, while the background sync process continues its processing.<br><br>(*Id.* at [0043]-[0045].)<br><br>Alternatively, it would have been obvious to a person of ordinary skill in the art at the time of the invention to modify the disclosed synchronization software component so that it is configured to synchronize structured data of a first data class, and to include additional synchronization software components that are configured to synchronize structured data of other corresponding data classes, in view of the above-cited references and/or the following:<br><br>**U.S. Patent No. 7,506,006 to Valdamani et al. ("Vadlamani")**<br><br>In one embodiment, the CRM system, including data store 320 and application server 322, are pre-existing software systems. The technology described herein is for implementing Smart Client 300 to interact with pre-existing web services 302 and the |

- 101 -

# EXHIBIT DD

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** |

**REQUEST NO. 96**

Source code and any other instructions utilized by or implemented on the Accused Devices, including, but not limited to, source code for each version of the Android operating system and applications utilized by each of the Accused Devices.

**REQUEST NO. 97**

Source code and any other instructions utilized by or implemented on the Accused Devices, including, but not limited to, source code for the features and functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 98**

All Documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, feature, or functionality, including but not limited to any comparisons between any Apple product, feature, or functionality and any actual or contemplated features or functionality Samsung included or considered including with its smartphones, including but not limited to the Accused Devices.

**REQUEST NO. 99**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product relating to the features and functionality used by the Accused Devices that Apple has alleged infringe the Patents-in-Suit.

**REQUEST NO. 100**

All Documents relating to any analysis, review, consideration, evaluation, or attempts to design around or otherwise avoid infringement of any claim of the Patents-in-Suit.

**REQUEST NO. 101**

All Documents relating to the design or development of the Accused Devices that mention or refer to Apple or Apple products, including but not limited to Documents relating to the design or

**REQUEST NO. 155**

All Documents that support, refute, or relate to any counterclaims asserted by Samsung in this action.


Dated:  April 11, 2012                           GIBSON, DUNN & CRUTCHER LLP


                                                 By: Sarah E. Simmons

                                                 *Attorneys for Apple Inc*.

**CERTIFICATE OF SERVICE**

I, Sarah Simmons, hereby certify that on this 11th day of April, 2012, I did cause Apple Inc.'s

Second Set of Requests for Production to be served on the following listed below and in the manner

so indicated.

By Electronic Mail

Victoria F. Maroulis
Kevin P.B. Johnson
Charles K. Verhoeven
Kevin A. Smith
Patrick Shields
Boris Babic
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
patrickshields@quinnemanuel.com
borisbabic@quinnemanuel.com

Dated:   April 11, 2012                              /s/ Sarah E. Simmons
                                                     Sarah E. Simmons

# EXHIBIT EE

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-cv-00630-LHK

**APPLE INC.'S NOTICE OF THIRD-PARTY
SUBPOENAS TO GOOGLE INC.**

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

3  the attached subpoena will be served on Google Inc.

4

5

6  Dated:  April 5, 2012                GIBSON, DUNN & CRUTCHER LLP

7

8                      By: _____

9

10                      *Attorneys for Apple Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Samsung Electronics Co., Ltd., et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    12-CV-00630-LHK

(If the action is pending in another district, state where:

                                  )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
            See Attachment A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 04/16/2012 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     04/05/2012

                CLERK OF COURT

                                                OR      *Mark Lyon/smr*
_____                    _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:
H. Mark Lyon, Gibson Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211, 650-849-5300, MLyon@gibsondunn.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

### DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.  "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.  "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.  "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.  "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

    5.      "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

    6.      "Apple" means Apple Inc.

    7.      "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

    8.      "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

      9.      "Unified Search" means software, features and functionality for searching of a

plurality of resources such as contacts, email, messages, search history, and other resources using

a single interface, including but not limited to the Android Quick Search Box, as well as the

functionality for software, applications, modules or other sources to be available for search

within the Android Quick Search Box, and the ability to select which software, applications,

modules or other sources will be searched and the functionality or interface to make the software,

applications, modules or other sources searchable through the single user interface.  Unified

Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User

Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/

www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android

Quick Search Box" described at http://android-developers.blogspot.com/search/label/

Quick%20Search%20Box, and further includes the ability to make software or modules

"Searchable items" as described in the Galaxy Nexus User Guide at 13 and

http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions

[that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

      10.      "Special Text Detection" means software, features and functionality relating to

the recognition of text within a web page, email message, text message, SMS message, MMS

message or other displayed text that represents an email address, phone number, physical

address, date, time, calendar entry or fax number, including text containing partial

representations of those items and the ability to select the text and perform an action with the text

such as placing a telephone call, looking up an address or storing in the Contacts

application.  Special Text Selection includes but is not limited to the ability to "place calls from

the Phone app, the People app, or other apps or widgets that display contact information,"

described in the Galaxy Nexus User Guide at 43 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## INSTRUCTIONS

1.    Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.    All documents should be produced as maintained in the ordinary course of business.

3.    If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.    Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of the Android mobile platform, in source code form, provided to Samsung for use in the Samsung Galaxy Nexus.

### REQUEST NO. 2

A copy of the Android mobile platform, in source code form, used by Samsung in the Samsung Galaxy Nexus.

### REQUEST NO. 3

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

### REQUEST NO. 4

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

### REQUEST NO. 5

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

### REQUEST NO. 6

All documents that comprise, refer, or relate to communications between you and

Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

**REQUEST NO. 7**

Documents sufficient to show the design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

**REQUEST NO. 8**

Documents sufficient to show the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 9**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

**REQUEST NO. 10**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and Special Text Detection software, features, or functionality.

**REQUEST NO. 11**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

**REQUEST NO. 12**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time:<br><br>04/27/2012 9:30 am |
|---|---|

The deposition will be recorded by this method:  ___stenographically including Realtime and videographically___

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___04/05/2012___

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Mark Lyon /sm* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ___Apple Inc.___
_____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn and Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**NOTICE OF DEPOSITION OF GOOGLE INC.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and as set forth on the attached Subpoena, Plaintiff Apple Inc., by and through counsel, will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil Procedure, including discovery and for use at trial.

The deposition will begin at 9:30 a.m. on April 27, 2012, and continue day-to-day until completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto 94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may jointly agree.

In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to the matters known by, or reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to be recorded both stenographically and by videotape, and a real-time transcription service such as LiveNote or similar software may be used.  The deposition will be taken by oral examination before a notary public or other person authorized by law to administer oaths.

Dated:  April 5, 2012                                  GIBSON, DUNN & CRUTCHER LLP

By: _____

*Attorneys for Apple Inc.*

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## <u>DEFINITIONS</u>

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.  In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android" means any version of the Android mobile platform, including but not

limited to Android 4.0 Ice Cream Sandwich.

5.      "Samsung Galaxy Nexus" means the Samsung Galaxy Nexus mobile device, including but not limited to all versions released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android 4.0 Ice Cream Sandwich.

6.      "Apple" means Apple Inc.

7.      "Slide to Unlock" means software, features and functionality for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

8.      "Text Correction" means software, features and functionality relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the Samsung Galaxy Nexus's email application, Messaging application, Contacts application or Calendar application.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android- developers.blogspot.com/2009/04/ updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/bin/answer.py? hl=en&answer=1646288&topic=1646287&ctx=topic, and

http://developer.android.com/reference/

android/text/AutoText.html that permits a user to enter and edit text.

9.      "Unified Search" means software, features and functionality for searching of a

plurality of resources such as contacts, email, messages, search history, and other resources using

a single interface, including but not limited to the Android Quick Search Box, as well as the

functionality for software, applications, modules or other sources to be available for search

within the Android Quick Search Box, and the ability to select which software, applications,

modules or other sources will be searched and the functionality or interface to make the software,

applications, modules or other sources searchable through the single user interface.  Unified

Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User

Guide at 13 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/

www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android

Quick Search Box" described at http://android-developers.blogspot.com/search/label/

Quick%20Search%20Box, and further includes the ability to make software or modules

"Searchable items" as described in the Galaxy Nexus User Guide at 13 and

http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions

[that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

10.     "Special Text Detection" means software, features and functionality relating to

the recognition of text within a web page, email message, text message, SMS message, MMS

message or other displayed text that represents an email address, phone number, physical

address, date, time, calendar entry or fax number, including text containing partial

representations of those items and the ability to select the text and perform an action with the text

such as placing a telephone call, looking up an address or storing in the Contacts

application.  Special Text Selection includes but is not limited to the ability to "place calls from

the Phone app, the People app, or other apps or widgets that display contact information,"

described in the Galaxy Nexus User Guide at 43 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help

/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

11.    "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

12.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

## DEPOSITION TOPICS

1.    All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on April 5, 2012, including without limitation the authenticity thereof.

2.    The Android mobile platform (including any source code) used in the Samsung Galaxy Nexus.

3.    The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's April 5, 2012 Subpoena for Documents, Information, and Objects to you and the Android 4.0 Ice Cream Sandwich code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.    Communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in the Samsung Galaxy Nexus.

5.      Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in the Samsung Galaxy Nexus or in any version of Android.

6.      Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

7.      The design, development, and implementation in Android 4.0 Ice Cream Sandwich of the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

8.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

9.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

10.     Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection software, features, or functionality.

11.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, and/or Special Text Detection on a phone or other mobile device.

12.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

`

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**CERTIFICATE OF SERVICE** |

Gibson, Dunn &
Crutcher LLP

I, Irina Zyubina, hereby certify that on this 5th day of April, 2012, I did cause the following documents to be served in the following manner:

- **APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**X**      **BY ELECTRONIC MAIL TRANSMISSION** from izyubina@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 5, 2012, at Palo Alto, California.

Dated:   April 5, 2012                                     *Irina Zyubina*
                                                                    Irina Zyubina

# EXHIBIT FF

1 | JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2 | H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3 | GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4 | Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
5 | Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

3    the attached subpoenas will be served on Google Inc.

5    Dated: September 28, 2012

6                                     GIBSON, DUNN & CRUTCHER LLP

8                              By:  _____
                                    H. Mark Lyon

9

10                                   Attorney for APPLE INC.

APPLE INC.'S NOTICE OF THIRD-PARTY SUBPOENAS TO GOOGLE INC.
CASE NO. 12-CV-00630-LHK

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  SEE ATTACHMENT A.

| Place:  1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/19/2012 9:30 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/28/2012

|  CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _Mark Lyon /88_ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
(Plaintiff) _____ , who issues or requests this subpoena, are:

H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                              _____

                                                                              *Server's signature*

                                                                 _____

                                                                              *Printed name and title*


                                                                 _____

                                                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**ATTACHMENT A TO THE SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS**

Notwithstanding any definition set forth below, each word, term, or phrase used in this
Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil
Procedure.

## DEFINITIONS

The words and phrases used in these Requests shall have the meanings ascribed to them
under the Federal Rules of Civil Procedure and the Local Rules of the United States District
Court for the Northern District of California.  In addition, the following terms shall have the
meanings set forth below whenever used in any Request.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors,
predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates,
past or present, any companies that have a controlling interest in Google Inc., and any current or
former employee, officer, director, principal, agent, consultant, sales representative, or attorney
thereof, including, without limitation, Motorola Mobility, LLC.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America,
Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors,
predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates,
past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd.,
Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any
current or former employee, officer, director, principal, agent, consultant, sales representative, or
attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred
to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream
Sandwich."

4.      "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.      "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.      "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.      "Apple" means Apple Inc.

8.      "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues. Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.      "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email, Messaging, Contacts, or Calendar applications of the Accused Products. Text Correction includes but is not limited to the "Enter &

2

Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html, http://www.google.com/support/ics/nexus/ bin/answer.py?hl=en&answer=1646288&topic= 1646287&ctx=topic, and http://developer.android.com/ reference/android/text/AutoText.html that permits a user to enter and edit text.

10.    "Unified Search" means software, features and functionality in any of the Accused Products for searching of a plurality of resources such as contacts, email, messages, search history, and other resources using a single interface, including but not limited to the Android Quick Search Box, as well as the functionality for software, applications, modules or other sources to be available for search from within a single interface, including but not limited to, the Android Quick Search Box, and the ability to select which software, applications, modules or other sources will be searched from within a single interface and the functionality or interface to make the software, applications, modules or other sources searchable through the single interface.  Unified Search includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13 (*available at*

http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android Quick Search Box" described at http://android-developers.blogspot.com/search/label/Quick% 20Search%20Box, and further includes the ability to make software or modules "Searchable items" as described in the Galaxy Nexus User Guide at 13 and http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that] appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11.    "Special Text Detection" means software, features and functionality in any of the Accused Products relating to the recognition of text within a web page, email message, text message, SMS message, MMS message or other displayed text that represents an email address,

3

phone number, physical address, date, time, calendar entry or fax number, including text containing partial representations of those items and the ability to select the text and perform an action with the text such as placing a telephone call, looking up an address or storing in the Contacts application.  Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.   "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data.  Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/help /hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/adding-recent-query-suggestions.html.

13.   "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user.  Alternative Call Return includes but is not

limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

      14.    "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases. Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the onPerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

      15.    "The '604 Reexamination Request" means the Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## INSTRUCTIONS

1.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction.

2.     All documents should be produced as maintained in the ordinary course of business.

3.     If you withhold any documents on a claim of privilege, you must provide a statement of the claim of privilege and all facts relied upon in support of that claim as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.

4.     Documents responsive to each Request must be produced in full and subject to any Request being narrowed by the parties' meeting and conferring regarding your corresponding requests to Apple Inc., if applicable.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

A copy of each Android mobile platform, in source code form, provided to Samsung for use in each of the Accused Products.

**REQUEST NO. 2**

A copy of each mobile platform and/or application, in source code form that includes Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 3**

A copy of each Android mobile platform, in source code form, used by Samsung in each of the Accused Products.

**REQUEST NO. 4**

A copy of each version of an Android-based Google Maps Android app provided with any of the Accused Products.

**REQUEST NO. 5**

A copy of each version of an Android-based YouTube Android app provided with any of the Accused Products.

**REQUEST NO. 6**

A copy of each version of an Android-based Google Play or Google Market Android app provided with any of the Accused Products.

**REQUEST NO. 7**

Documents sufficient to show any and all differences between the Android mobile platform source codes provided in response to Request No. 1 and the Android 4.1 Jelly Bean

code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 8**

Documents sufficient to show any and all differences between the Android mobile platform source code provided in response to Request No. 1 and the corresponding Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

**REQUEST NO. 9**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Android, including but not limited to the version of the Android mobile platform as used in each of the Accused Products.

**REQUEST NO. 10**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

**REQUEST NO. 11**

All documents that comprise, refer, or relate to communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any Accused Product or in any version of Android.

**REQUEST NO. 12**

Documents related to the design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 13**

Documents related to the design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 14**

All documents relating to any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 15**

All documents relating to any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization software, features, or functionality.

**REQUEST NO. 16**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

**REQUEST NO. 17**

All documents constituting, reflecting, or otherwise relating to any analysis, review, research, survey, consideration, or evaluation of the importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or other mobile device.

**REQUEST NO. 18**

All documents related to the '604 Reexamination Request.

**REQUEST NO. 19**

All documents related to communications between Google and any other party related to the '604 Reexamination Request.

**REQUEST NO. 20**

All documents related to communications between Motorola Mobility, LLC and any other party related to the '604 Reexamination Request.

**REQUEST NO. 21**

All documents related to communications between Motorola Mobility, LLC and any Samsung entity related to the '604 Reexamination Request.

**REQUEST NO. 22**

All documents related to the source of the references cited in the '604 Reexamination Request.

**REQUEST NO. 23**

All documents related to any financial support provided to Motorola Mobility, LLC from Google, Samsung or any other party related to the '604 Reexamination Request.

**REQUEST NO. 24**

All documents related to communications between King & Spalding and Quinn Emanuel Urquhart & Sullivan, LLP in your possession, custody or control related to the Patents-in-Suit, including, but not limited to, documents related to communications regarding the '604 Reexamination Request.

**REQUEST NO. 25**

All documents related to communications between you and Quinn Emanuel Urquhart & Sullivan related to the '604 Reexamination Request.

**REQUEST NO. 26**

All documents related to the Declaration of Ray Larson Under 37 C.F.R. §1.132 and MPEP 2618(II) filed in connection with the '604 Reexamination Request.

**REQUEST NO. 27**

All documents related to communications between you and Dr. Ray Larson related to U.S. Patent No. 8,086,604.

**REQUEST NO. 28**

All documents related to communications between you and Samsung related to the Patents-in-Suit.

**REQUEST NO. 29**

All documents relating to the litigation between Apple and Samsung, entitled *Apple Inc. v. Samsung Electronics Co., Ltd., et al.* (12-CV-0630), including, but not limited to, communications between you and any third party related to the preliminary injunction issued in that case, the '604 Patent, Unified Search, the Quick Search Box or any design changes to attempt to design-around the '604 Patent proposed by you.

**REQUEST NO. 30**

All documents related to communications between you and Samsung related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 31**

All documents relating to any of the Patents-in-Suit.

**REQUEST NO. 32**

All documents relating to when you first became aware of any of the Patents-in-Suit.

**REQUEST NO. 33**

All documents relating to any patents or patent applications related to any of the Patents-in-Suit, including continuations, divisionals, continuation-in-parts, parents, grandparents, or any other patent sharing a common family member to one of the Patents-in-Suit.

**REQUEST NO. 34**

All documents related to utilization of any Apple product in the design, development or testing of products or software related to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 35**

All documents related to the revenue, profits, and costs associated with Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

**REQUEST NO. 36**

All documents related to meetings, communications and negotiations between Shin Jong-kyun of Samsung and Eric Schmidt of Google, including, but not limited to, the September 27, 2012 meeting in Seoul, Korea between Mr. Shin and Mr. Schmidt.

**REQUEST NO. 37**

All documents prepared by you in preparation for the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

**REQUEST NO. 38**

All documents received from Samsung related to the planning, coordination, agenda, timing, topics of discussion, or rescheduling of the September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun and Eric Schmidt, and any continuation thereof.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   12-CV-00630-LHK |
| Samsung Electronics Co., Ltd., et al. | ) |
| | )   (If the action is pending in another district, state where: |
| *Defendant* | )                                                                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Google, Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT 1.

| Place: 1881 Page Mill Road, Palo Alto, CA 94304 | Date and Time: |
|---|---|
| | 10/26/2012 9:30 am |

The deposition will be recorded by this method:   <u>stenographically including real-time and videographically</u>

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   <u>09/28/2012</u>

|     *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Apple Inc._____
_(Plaintiff)_____ , who issues or requests this subpoena, are:
H. Mark Lyon
Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304-1211
MLyon@gibsondunn.com, 650-849-5300

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   12-CV-00630-LHK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**NOTICE OF DEPOSITION OF GOOGLE INC.** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2     PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) and 45 of the Federal Rules of Civil

3    Procedure and as set forth on the attached Subpoena, Plaintiff Apple, Inc., by and through counsel,

4    will take the deposition of non-party Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA.

5    94043.  The deposition is being taken for all purposes permitted under the Federal Rules of Civil

6    Procedure, including discovery and for use at trial.

7     The deposition will begin at 9:30 a.m. on October 26, 2012, and continue day-to-day until

8    completed, at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA.

9    94304-1211, or on a date and/or in a location upon which counsel and the subpoenaed party may

10   jointly agree.

11    In accordance with Rule 30(b)(6), Google Inc. is required to designate one or more officers,

12   directors, managing agents, or other persons to testify on its behalf as to the matters known by, or

13   reasonably available to Google Inc., as described more particularly in Attachment 1 hereto.

14    YOU ARE FURTHER NOTIFIED that the deposing party intends to cause the proceeding to

15   be recorded both stenographically and by videotape, and a real-time transcription service such as

16   LiveNote or similar software may be used.  The deposition will be taken by oral examination before a

17   notary public or other person authorized by law to administer oaths.

18

19
     Dated:  September 28, 2012
20

21                                          GIBSON, DUNN & CRUTCHER LLP

22
                                            By:  _Mark Lyon / gg_
23                                          H. Mark Lyon

24                                              Attorney for APPLE INC.

25

26

27

28

## ATTACHMENT 1 TO THE SUBPOENA TO TESTIFY
## AT A DEPOSITION IN A CIVIL ACTION

Notwithstanding any definition set forth below, each word, term, or phrase used in this Subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The words and phrases used in these Topics shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Topic.

1.      "You" and/or "your" mean Google Inc. and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Google Inc., and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof, including, without limitation, Motorola Mobility, LLC.

2.      "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, as well as all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3.      "Android 4.0 Ice Cream Sandwich" means the Android mobile platform referred to as version 4.0 (and subsequent updates, such as 4.0.1, 4.0.2, or 4.0.3) or "Ice Cream Sandwich."

4.      "Android 4.1 Jelly Bean" means the Android mobile platform referred to as version 4.1 (and subsequent updates to the extent they are released) or "Jelly Bean."

5.      "Android" means any version of the Android mobile platform, including but not limited to Android 2.x, Android 3.x, Android 4.0 Ice Cream Sandwich, Android 4.1 Jelly Bean and Android 4.x or any future versions.

6.      "Accused Products" means the Samsung Galaxy S III – AT&T, Samsung Galaxy S III – Sprint, Samsung Galaxy S III – T-Mobile, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II – T-Mobile, Galaxy S II – AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus, and Galaxy Tab 8.9 tablets, including but not limited to all versions of each product released or sold through any wireless carrier or other distributor, which operates, incorporates, or otherwise implements Android.

7.      "Apple" means Apple Inc.

8.      "Slide to Unlock" means software, features and functionality in any of the Accused Products for unlocking the device using a swipe, slide, or similar touch gesture, including detection of such a gesture and the display of graphical images or icons indicating that the device is locked, that the device is unlocked, or indicating how a user may unlock the device, including any directional or instructional cues.  Slide to Unlock includes but is not limited to the "Slide" lock/unlock option described in the Galaxy Nexus User Guide at 11, 99-100 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

9.      "Text Correction" means software, features and functionality in any of the Accused Products relating to editing, correcting, modifying, changing, or replacing typed text such as but not limited to letters, numbers, and punctuation marks, as well as for the keyboards used by such functionality, and such use in the email application, Messaging application, Contacts application or Calendar application of the Accused Products.  Text Correction includes but is not limited to the "Enter & Edit Text," "Correcting Typed Text" or "AutoText" described in the Galaxy Nexus User Guide at 53 (*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/

2

www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and at http://android-developers.blogspot.com/ 2009/04/updating-applications-for-on-screen.html,
http://www.google.com/support/ics/nexus/bin/answer.py?hl=en&answer=1646288&topic=164628
7&ctx=topic, and http://developer.android.com/reference/android/text/AutoText.html that permits
a user to enter and edit text.

10.     "Unified Search" means software, features and functionality in any of the Accused
Products for searching of a plurality of resources such as contacts, email, messages, search history,
and other resources using a single interface, including but not limited to the Android Quick Search
Box, as well as the functionality for software, applications, modules or other sources to be
available for search from within a single interface, including but not limited to, the Android Quick
Search Box, and the ability to select which software, applications, modules or other sources will be
searched from within a single interface and the functionality or interface to make the software,
applications, modules or other sources searchable through the single interface.  Unified Search
includes but is not limited to the "Google Search" described in the Galaxy Nexus User Guide at 13
(*available at* http://static.googleusercontent.com/external_content/ untrusted_dlcp/
www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and the "Android
Quick Search Box" described at http://android-developers.blogspot.com/search/
label/Quick%20Search%20Box, and further includes the ability to make software or modules
"Searchable items" as described in the Galaxy Nexus User Guide at 13 and
http://developer.android.com/guide/topics/search/search-dialog.html or provide "suggestions [that]
appear below the Search box" as described in Galaxy Nexus User Guide at 81.

11.     "Special Text Detection" means software, features and functionality in any of the
Accused Products relating to the recognition of text within a web page, email message, text
message, SMS message, MMS message or other displayed text that represents an email address,
phone number, physical address, date, time, calendar entry or fax number, including text
containing partial representations of those items and the ability to select the text and perform an
action with the text such as placing a telephone call, looking up an address or storing in the

Contacts application. Special Text Selection includes but is not limited to the ability to "place calls from the Phone app, the People app, or other apps or widgets that display contact information," described in the Galaxy Nexus User Guide at 43 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf) and further including the ability to send emails to an email address displayed in another application such as a the Browser application or Messaging application or to store information such as a phone number or email address displayed in another application such as a the Browser application or Messaging application as contact information.

12.     "Historical Lists" means software, features and functionality in any of the Accused Products relating to the display of a list of recently and/or frequently used data values for a data field that a user is inputting data. Historical Lists includes but is not limited to the display of historical values for search fields, such as Internet, Google Maps, Google Play Store, or YouTube searches, as well as data entry fields such as contact information, the use of web history to suggest search terms as described in the Galaxy Nexus User Guide at 83 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/www.google.com/en/us/ help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf), and further includes the ability to add "recent query suggestions" as described in http://developer.android.com/guide/topics/search/ adding-recent-query-suggestions.html.

13.     "Alternative Call Return" means software, features and functionality in any of the Accused Products relating to tracking the number of missed calls associated with a particular telephone number, displaying contact information associated with a missed call, and initiating communication with the missed caller through a modality other than the telephone number of the missed caller that was used to attempt to reach the user. Alternative Call Return includes but is not limited to initiating communication with a missed caller through SMS message, MMS message, email message, or a different telephone number of the missed caller, and further includes the display of contact details from a missed call log, as well as information reflecting the number of

4

missed calls from a particular telephone number, as described in Galaxy Nexus User Guide at 46 (*available at* http://static.googleusercontent.com/external_content/untrusted_dlcp/ www.google.com/en/us/help/hc/pdfs/mobile/AndroidUsersGuide-40-en.pdf).

14.     "Data Synchronization" means software, features and functionality in any of the Accused Products relating to the synchronization of a database concurrently with the execution of a processing thread that allows user access to the database, such as email, contact information, calendar, or photograph databases.  Data Synchronization includes but is not limited to the concurrent execution of a synchronization thread with a user-level processing thread in Android applications including Gmail, Contacts, Calendar, and Gallery, and includes, for example, processing threads described in the Samsung Galaxy S III User Manual at 60-66, 69-85, 92-97 (*available at* http://downloadcenter.samsung.com/content/UM/201208/20120810163552838/GT-I9300_UM_Open_Icecream_Eng_Rev.1.2_120723_Screen.pdf), software implementing the AbstractThreadedSyncAdapter class and the on PerformSync() process (described in http://developer.android.com/reference/android/content/AbstractThreadedSyncAdapter.html), the SyncManager, SyncThread, ContactsSyncAdapterService, CalendarSyncAdapterService, and EmailSyncAdapterService classes (Android Source Code at SyncManager.java; AbstractThreadedSyncAdapter.java), and other processes in the Android Source Code, such as EmailSyncAdapterService.java, CalendarSyncAdapterService.java, ContactsSyncAdapterService.java, PopImapSyncAdapterService.java, PicasaSyncAdapter.java, and ExchangeService.java.

15.     "Accused Features" means Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and Data Synchronization.

16.     "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26, 33 and 34 and the relevant case law, "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

17.     "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing or constituting (in whole or in part), as the context makes appropriate.

18.     "Patents-in-Suit" means U.S. Patent Nos. 5,946,647; 6,847,959; 8,046,721; 8,074,172; 8,014,760; 5,666,502; 7,761,414; and 8,086,604.

## DEPOSITION TOPICS

1.     All documents and source code produced pursuant to Apple's Subpoena to Produce Documents, Information, or Objects served upon you on September 28, 2012, including without limitation the authenticity thereof.

2.     The Android mobile platforms (including any source code) used in any of the Accused Products.

3.     The differences, if any, between the Android mobile platform source code produced in response to Request No. 1 of Apple's September 28, 2012 Subpoena for Documents, Information, and Objects to you and the Android code publicly available from https://android.googlesource.com/platform/manifest, or through the process described at http://source.android.com/source/downloading.html.

4.     Communications between you and Samsung relating to Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality, including but not limited to any version of any such software, features, or functionality used in any of the Accused Products or in any version of Android.

5.     Communications between you and Samsung relating to Apple, including but not limited to communications relating to Apple's products incorporating any version of the iOS operating system.

6

6.      The design, development, and implementation in Android of the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

7.      The design of, development of, implementation of, and/or decision to implement in any version of Android the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

8.      Any efforts or attempts, including the analysis and decision-making to engage in such efforts or attempts, to design around or otherwise imitate without directly copying Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

9.      Any analysis, review, consideration, evaluation, inspection, tear-down report, or copying of any Apple product, including but not limited to Apple's products that incorporate any version of the iOS operating system as well as the Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization software, features, or functionality.

10.     The importance to consumers and consumer purchasing decisions of Slide to Unlock, Text Correction, Unified Search, Special Text Detection, Historical Lists, Alternative Call Return, and/or Data Synchronization on a phone or other mobile device.

11.     The importance to consumers and consumer purchasing decisions of the ability or capability to search the Internet on a phone or mobile device.

12.     Revenue, profits and costs associated with any of the Accused Features.

13.     The Inter Partes Reexamination Request of U.S. Patent No. 8,086,604 filed on August 16, 2012 and assigned docket control number 95/000,685, including communications with any other person or entity related to that reexamination, the alleged prior art identified in that reexamination and all financial or other support received related to that request.

14.     Communications between you or your counsel and Samsung or its counsel related to the '604 Reexamination Request.

15.     The September 27, 2012 meeting in Seoul, Korea between Shin Jong-kyun of Samsung and Eric Schmidt of Google, and any continuation thereof, including the purposes, intents, and goals of the meeting, preparations made for the meeting, subjects discussed during the meeting, and outcomes of the meeting.

1  JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
2  H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
4  Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
5  Facsimile: (650) 849-5333
6

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

7
8  *Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  SAN JOSE DIVISION

12

13  APPLE INC., a California corporation,

14  Plaintiff,

15  v.

16  SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
17  ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
18  TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,
19
Defendants.
20
21  SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
22  York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
23  LLC, a Delaware limited liability company,

24  Counterclaim-Plaintiffs,

25  v.

26  APPLE INC., a California corporation,

27  Counterclaim-Defendant.

28

CASE NO. 12-cv-00630-LHK (PSG)

**CERTIFICATE OF SERVICE**

CERTIFICATE OF SERVICE
Case No. 12-CV-00630-LHK
101364331.1

Gibson, Dunn &
Crutcher LLP

I, Elizabeth Oldiges, hereby certify that on this 28th day of September, 2012, I did cause the following document to be served in the following manner:

- **Apple Inc.'s Notice of Third-Party Subpoenas to Google Inc.**

On the interested parties in this action addressed as follows:

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC**

Patrick Shields
Victoria F. Maroulis
Charles K. Verhoeven
Michael Fazio
Kevin A. Smith
Kevin P.B. Johnson
Quinn Emanuel Urquart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065
(650) 801-5000
victoriamaroulis@quinnemanuel.com
kevinjohnson@quinnemanuel.com
patrickshields@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com
michaelfazio@quinnemanuel.com

John M. Caracappa
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
jcaracap@steptoe.com

**X      BY ELECTRONIC MAIL TRANSMISSION** from eoldiges@gibsondunn.com, by transmitting PDF copies of such documents to each such person identified above, at the e-mail address listed in their addresses.  The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2012 in Palo Alto, CA.

Dated:      September 28 2012

Elizabeth Oldiges

# EXHIBIT GG

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

April 24, 2013

Fred Chung
Gibson, Dunn, & Crutcher LLP
1881 Page Mill Road
Palo Alto, California  94304-1211

Re:     Apple v. Samsung Elecs. Co. et al, Case No 12-cv-630 (N.D.Cal.)

Dear Counsel:

I write to confirm our agreement with respect to Samsung's Interrogatory No. 26 and Apple's
Interrogatory No. 38 (the "Validity Interrogatories").  We agreed that Apple and Samsung will
each identify eight invalidity theories per patent, by Friday, April 26, 2013.  Each invalidity
theory can be one anticipation reference or one combination of obviousness references.  The
receiving party will then supplement its response to the other side's Validity Interrogatory - No.
26 from Samsung to Apple, and No. 38 from Apple to Samsung - regarding those eight theories.
This supplemental response will be provided by Friday, May 10, 2013, and will include a
detailed explanation as to why the asserted claims are valid over each theory.  The supplemental
response may take the form of a narrative rather than a chart, but will include a detailed
description of the reasoning and factual basis for any contention that one or more asserted claims
are valid notwithstanding the prior art.  Please write to confirm Apple's acceptance.

Additionally, on April 18, 2013, the parties discussed Apple's Interrogatory No. 37.  Apple
asked that Samsung propound an interrogatory that mirrors its Interrogatory No. 37 (a "mirror
interrogatory") and we can then discuss the date of mutual response at the next telephonic meet-
and-confer.  Attached is a copy of the mirror interrogatory.

Very truly yours,

Amar L. Thakur

Amar L. Thakur

quinn emanuel urquhart & sullivan, llp
NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS