| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. MARK LYON (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, California  94304-1211<br>Telephone:  (650) 849-5300<br>Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*)<br>william.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts  02109<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664)<br>mjacobs@mofo.com<br>RICHARD S.J. HUNG (CA SBN 197425)<br>rhung@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile: (415) 268-7522 | MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, California  94304<br>Telephone:  (650) 858-6000<br>Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Portions (highlighted in yellow) of Apple Inc.'s Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions ("Apple's Opposition") contain or discuss detailed technical information regarding the structure and/or operation of Apple products and the components therein, including the operation of the third party baseband chipsets in Apple's products. The Court has previously granted Apple's requests to seal similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code). Apple's Opposition also contains or discusses information that may Samsung consider confidential (highlighted in green), information that Intel and/or Qualcomm may consider confidential (highlighted in blue), and information that AT&T, T-Mobile, Ericsson, and/or Alcatel-Lucent may consider confidential (highlighted in purple).

3. Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 3. The following portions of Exhibit 3 (notated as page:line number and highlighted in yellow) contain or discuss detailed technical information regarding the operation of Apple products and the components therein:

- 59:15-17, 21-22
- 62:18-20, 23-25
- 71:2-4
- 72:18, 19
- 97:24-99:21
- 107:4-5

- 109:22-27
- 117:15-17
- 164:27-165:6
- 165:24-26
- 172:1-5, 11-16, 23-25
- 173:9-11
- 179:2-6, 22-23

The Court has previously allowed Apple to similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).  Exhibit 3 also contains or discusses information that Samsung may consider confidential (highlighted in green).

     4.     Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 5.  The following portions of Exhibit 5 (highlighted in yellow) contain or discuss detailed technical information regarding the operation of Apple products and the components therein:  paragraphs 169, 175-179, 181, 183-194, 195-196, and 207-219.  The Court has previously allowed Apple to similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).  Exhibit 5 is being filed entirely under seal because it was designated by Samsung as Attorneys' Eyes Only.

     5.     Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 7.  Apple does not maintain any claim of confidentiality with respect to any portion of Exhibit 7.  Exhibit 7 contains or discusses information that Samsung may consider confidential (highlighted in green).

     6.     Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 8.  Apple does not maintain any claim of confidentiality with respect

to any portion of Exhibit 8.  Exhibit 8 contains or discusses information that Samsung may consider confidential (highlighted in green).

7. Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 9.  Apple does not maintain any claim of confidentiality with respect to any portion of Exhibit 9.  Exhibit 9 contains or discusses information that Samsung may consider confidential (highlighted in green), and information that Harry Nick Carter and/or Zachary Piech may consider confidential (highlighted in pink).

8. Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 10.  The following portions of Exhibit 10 (highlighted in yellow) contain or discuss detailed technical information, including source code, regarding the operation of Apple products and the components therein:  paragraphs 1326, 1329, 1546, 1548, 1600, 1608, 1609, 1613, 1615, 1680, and 1729.  The Court has previously allowed Apple to similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).  Exhibit 10 also contains or discusses information that Samsung may consider confidential (highlighted in green), and information that Voice Over Cellular Inventions, LLC may consider confidential (highlighted in pink).  Exhibit 10 is being filed entirely under seal because it was designated by Samsung as Attorneys' Eyes Only.

9. Attached to my declaration in support of Apple's Opposition is a proposed redacted version of Exhibit 11.  The following portions of Exhibit 11 contain or discuss detailed technical information regarding the operation of baseband chipsets used in Apple products and/or detailed technical information regarding the operation of carrier networks:  paragraphs 686, 687, 1137, 1138, 1140, 1141, 1143, 1144, 1145, 1147, 1148, and 1149.  The Court has previously allowed Apple to similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency*

1  *Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011))
2  (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as
3  Apple source code).  Exhibit 11 also contains or discusses information that third parties Intel
4  and/or Qualcomm  may consider confidential (highlighted in blue), and information that third
5  parties AT&T, T-Mobile, and/or Alcatel-Lucent may consider confidential (highlighted in
6  purple).  Exhibit 11 is being filed entirely under seal because it was designated by Samsung as
7  Attorneys' Eyes Only.
8      10.    Attached to my declaration in support of Apple's Opposition is a proposed
9  redacted version of Exhibit 14.  The following portions of Exhibit 14 (highlighted in yellow)
10 contain or discuss detailed technical information, including source code, regarding the operation
11 of Apple products and the components therein:  paragraphs 532-36, 540, 542-44, 549, 551, 560,
12 568, 574, 582, 601, 603, 604, 643; and n.31.  The Court has previously allowed Apple to similar
13 technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-
14 cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group,*
15 *Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics
16 related to the Apple iBook and iSight as well as Apple source code).  Exhibit 14 contains or
17 discusses information that Samsung may consider confidential (highlighted in green), and that
18 third parties Intel and Voice Over Cellular Inventions, LLC may consider confidential
19 (highlighted in pink).
20      11.    Attached to my declaration in support of Apple's Opposition is a proposed
21 redacted version of Exhibit 16.  Apple does not maintain any claim of confidentiality with
22 respect to any portion of Exhibit 16.  Exhibit 16 contains or discusses information that Voice
23 Over Cellular Inventions, LLC may consider confidential (highlighted in pink).
24      12.    The unredacted versions of these documents with highlighting as indicated above
25 will be lodged with the Court for *in camera* review and served on Samsung.
26      13.    The relief requested by Apple is necessary and narrowly tailored to protect
27 Apple's confidential information .
28

1  14. I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge, and that this Declaration was executed this 19th day of November, 2013, in Boston, Massachusetts.

Dated: November 19, 2013              /s/ Peter J. Kolovos
                                      Peter J. Kolovos

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 19, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark D. Selwyn
Mark D. Selwyn

## ATTESTATION OF E-FILED SIGNATURE

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:   November 19, 2013                    /s/ Mark D. Selwyn
Mark D. Selwyn

Declaration of Peter J. Kolovos
Case No. 12-cv-00630-LHK (PSG)