# Exhibit 15

is after the invention of the "Remote Video Transmission System" by Applicants.

The Rosenthal et al "Planetary Data Distribution System" publication is not prior art and cannot anticipate Applicants' claims under 35 U.S.C. §102(a). The rejection in the Office Action under 35 U.S.C. §102(a) is overcome. Allowance of claims 1-15 is respectfully requested.

4.  Claims 1-15 have been rejected in the Office Action under 35 U.S.C. §103 as being unpatentable over Gattis et al ('136) in view of Dykes et al ('671) and Guillou ('483). Claims 1, 3, and 12 have been amended, and claims 8, 9, 11, and 15 have been canceled in this Amendment and Response. Reconsideration and allowance of claims 1-7, 10, and 12-14 is hereby respectfully requested.

The Gattis et al ('136) patent lacks a significant element contained within Applicants' independent claims 1 and 12 which is not supplied by Dykes et al or Guillou. Specifically, amended claim 1 requires "means for capturing, compressing, digitizing, storing, and transmitting at least one composite signal" (emphasis added). Claim 12 recites "a remote unit being a personal computer, including: a.) a video card having a video capture module to capture, compress, and digitize said signal into a data file."

Significantly, Gattis et al as referenced on page 7 of the Office Action, and in column 3, line 67 - column 4, line 3, of Gattis, discloses the usage of a frame grabber 24A. This device only contemplates an uninterrupted, continuous stream of information digitized on a line by line of resolution basis that ultimately represent a sequence of "pictures." Gattis does not contemplate the creation of full-motion composite signal video information

10

SAMNDCA630-00832605

into digitized files which can be stored, transmitted, played or replayed. This is a very significant difference. Under Gattis the video quality is depicted by the available connection speed, and the lower the speed the lower the quality of the frames grabbed. Moreover, the system disclosed in Gattis even fails if the connection is not a continuous link sufficiently fast to provide "an acceptable picture." Gattis, column 8, line 66. Thus, Gattis does not disclose the creation of a data file as required by Applicants' claims. Also, Gattis does not contemplate the ability to provide a high quality full-motion picture with lower band width connections and cannot take into account the actual variables encountered in video data transmissions (whether analog or digital) including: variable baud rates; interference; line loss and the like. However, in Applicants' invention, full-motion composite signal is captured into digitized files and transmitted over narrow (slow) and/or intermittent band widths while and still maintaining the original captured quality of the video.

Neither Dykes et al, nor Guillou supply this important deficiency of Gattis et al. Claims 1-7, 10, and 12-14 must be allowed at least for this reason and is respectfully requested. Claims 2-7 and 10 depend upon claim 1 and Claims 13-14 depend upon claim 12 and are all allowable at least for the reasons set forth above with regard to claims 1 and 12.

Further, claims 5, 12, 13, and 14 all require "means for splitting and organizing the digitized, compressed, composite signal prior to transmission." As discussed above with regard to the rejections under 35 U.S.C. §112, the means for splitting and organizing the digitized, compressed composite signal prior to transmission includes splitting the

11

SAMNDCA630-00832606