JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880))** |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

1. Portions of the confidential, unredacted version of Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents (D.I. 880) ("Opposition to Samsung's MTS"); and

2. Exhibits E, F, G, I, J, K, L, M, N, P, R, S, T, W, X, and AA to the Declaration of Jennifer Rho ("Rho Declaration").

Apple's Opposition to Samsung's MTS and the supporting exhibits listed above also contain information designated as "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Google's Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third parties Oracle Corporation ("Oracle"), Google, Inc. ("Google"), Novell, Inc. ("Novell"), and/or Microsoft Corporation ("Microsoft") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties. Apple expects that Samsung, Google, Oracle, Novell, and Microsoft will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

**Apple Confidential Information For Which Apple Supports Sealing**

Apple moves to seal portions of Exhibits J, N and S to the Rho Declaration because they contain Apple's confidential source code and closely-related technical information. Apple has established compelling reasons to permit the filing of this information under seal through the Declaration of Samuel K. Whitt filed in support of this Administrative Motion to File Documents Under Seal ("Whitt Declaration"), as well as the previously-filed declarations of Apple in-house attorney Cyndi Wheeler that addressed this same body of confidential source code-related

1    information of Apple's.  *See* Declaration of Cyndi Wheeler, D.I. 405 (Mar. 19, 2013); Declaration of
2    Cyndi Wheeler, D.I. 685 (July 15, 2013); Declaration of Cyndi Wheeler in support of Apple's
3    Administrative Motion to File Documents under Seal (Apple's Motion for Partial Summary
4    Judgment), D.I. 803 (Oct. 10, 2013); *see also* Declaration of Henri Lamiraux, *Apple, Inc. v. Samsung*
5    *Electronics Co., Ltd.,* Case No. 11-cv-1846 (N.D. Cal.), D.I. 1505 (July 30, 2012).

6    As this Court has previously held, "[c]onfidential source code clearly meets the definition of a
7    trade secret" and is sealable under the "compelling reasons" standard.  *Apple, Inc. v. Samsung*
8    *Electronics Co., Ltd.*, Case No. 11-cv-1846 (N. D. Cal.), D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at
9    3 (Oct. 16, 2012); D.I. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source code and
10   schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto*
11   *Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)).  This Court has further explained that
12   "technical information that is closely related to Apple's source code" is similarly considered to be
13   sealable.  *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, (N.D. Cal.)
14   D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013).  The source code and closely-
15   related technical information at issue in this motion thus constitutes the same type of information that
16   has been held to be sealable by this Court under the "compelling reasons" standard.  *See, e.g., Apple,*
17   *Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046
18   at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012), D.I. 2250-1 at 7-8 (Feb. 20, 2013); *see also*
19   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

20   Exhibits J, N and S to the Rho Declaration contain and/or discuss Apple's highly sensitive
21   and proprietary source code and closely-related technical information for several of Apple's software
22   packages, and particularly Apple's proprietary iSync, iTunes and SyncServices software as well as its
23   data detectors functionality in its iOS and OS X operating systems.  Exhibit J provides a detailed
24   discussion of synchronization functionality used by Apple's iTunes and iSync software that was
25   derived from and closely relates to the source code for this software.  Whitt Declaration ¶ 5.  Exhibit
26   N provides a detailed discussion of the configuration and development of Apple's SyncServices
27   software that was derived from and closely relates to the source code for this software.  Whitt

Declaration ¶ 6. Similarly, Exhibit S directly quotes, as well as discusses in detail the particular functionality and structure of, source code for Apple's data detectors functionality, as well as portions of its iOS and OS X software. Whitt Declaration ¶ 7.

As Apple in-house attorney Cyndi Wheeler explained in her March 19, 2013 and July 15, 2013 declarations, Apple considers this particular information about the source code for these particular software products to be trade secrets. *See* D.I. 405 ¶¶ 4-6, 10; D.I. 685 ¶¶ 4-6, 10; *see also* D.I. 803-02 ¶ 10. Apple views its source code generally, and the source code for this software in particular, as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* ¶¶ 5-10. Apple provides its source code with the highest level of protection and security, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id.* ¶¶ 3-7. Even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* D.I. 512 ¶ 11.

Public disclosure of this information, which identifies and details the particular functionality and development process of specific source code files for Apple's Mac OS X, iOS, data detectors, iSync, and SyncServices software, would be extremely harmful to Apple, at least in part because it would diminish the independent economic value that Apple derives from its proprietary and confidential source code. *Id.* ¶¶ 5-6, 9-10. Indeed, as Ms. Wheeler confirmed in her October 10, 2013 declaration, the exposure of non-public source code details, like the details in Exhibits J, N and S, would cause Apple to lose significant competitive advantage. *Id.* ¶¶ 6-10. As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code – including how Apple implements particular features and functionalities of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code. *Id.* Apple thus goes to significant lengths to protect its source code and prevent the disclosure and copying of its source code by outside parties. D.I. 803-02 ¶ 10.

The relief requested by Apple is also narrowly tailored to protect the confidentiality of only Apple's most confidential information contained in Exhibits J, N and S. Indeed, Apple is seeking neither to seal the entirety of its discussion citing this exhibit, nor the entirety of Exhibits J, N and S; rather, Apple is moving to seal only the very limited portions of the document that contain very specific quotations from, detailed identifications of the structure of, and detailed discussion of specific source code files or functionality from Apple's highly proprietary source code. Whitt Declaration ¶¶ 5, 6, 7. Apple has not sought to seal information that is not specifically and closely tied to its source code. *Id.* Moreover, the information that Apple here seeks to seal – a few highly technical details – is not necessary for the public to understand the parties' positions or the issues in the underlying brief. Apple's use of Exhibits J, N, and S does not require it to address the source code information at issue in the present motion, nor does Samsung's response require knowledge of the particular source code information in order to be understood. Thus, not only are there compelling reasons to seal this information, but the public's interest in this information is especially low because the precise contours of the source code and closely-related technical information in Exhibits J, N and S are not necessary to understand and evaluate the issues discussed in Apple's Opposition to Samsung's MTS and related briefing. *See, e.g., id.; Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm"). Accordingly, because Apple has a compelling interest in sealing its non-public, confidential source code information, which outweighs the public interest in this information, it should be sealed.

Apple has lodged with the Court versions of Exhibits J, N and S that highlight Apple's highly confidential and sealable information in yellow. Additionally, Exhibit J was designated as containing

confidential Samsung information, and Samsung designated Exhibit N as "Attorneys' Eyes Only – Contains Source Code" and thus Apple has filed these entire documents under seal, as explained below. Whitt Declaration ¶¶ 20, 24.

**Information Marked Confidential By Samsung or Third Parties**

As described in the Whitt Declaration, the following documents contain information that has been designated "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Attorneys' Eyes Only – Contains Source Code," and "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Samsung and/or Google and/or Oracle pursuant to the Protective Order entered in this case, or otherwise contain information that is believed to be deemed confidential by Samsung, Google, Oracle, Novell, and/or Microsoft: Portions of Apple's Opposition to Samsung's MTS; and Exhibits E, F, G, I, J, K, L, M, N, P, R, T, W, X, and AA to the Rho Declaration. Whitt Declaration ¶ 14-31.

Accordingly, Apple has moved to file these documents under seal. Pursuant to the local rules of this court, Apple has provided a proposed public redacted version of its Opposition to Samsung's MTS as an attachment to this Motion. The complete, unredacted versions of all of the documents identified above will be e-filed under seal concurrently with this motion, as well as served upon Samsung and the third parties whose confidential information is implicated, as appropriate.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Whitt Declaration ¶ 32. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Opposition to Samsung's MTS and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

| | | |
|---|---|---|
| 1 | Dated: November 19, 2013 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ H. Mark Lyon<br>     H. Mark Lyon |
| 5 | | Attorneys for Plaintiff<br>APPLE, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 19, 2013          /s/   *H. Mark Lyon*