COURTLAND L. REICHMAN (CA Bar 268873)
STEPHANIE M. ADAMS (CA Bar 289548)
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA  94065
Tel:  (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com
smadams@mckoolsmith.com

STEVEN CALLAHAN
(*Pro Hac Vice* Application to be filed)
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392
scallahan@ccrglaw.com

*Counsel for Non-Party Ericsson Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**NON-PARTY ERICSSON INC.'S BRIEF IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Non-Party Ericsson Inc. ("Ericsson") files this Brief In Support Of Apple's November 19, 2013 Administrative Motion to File Documents Under Seal (the "Motion") (ECF No. 965), and respectfully shows as follows:

1

NON-PARTY ERICSSON INC.'S BRIEF
IN SUPPORT OF APPLE'S
ADMINISTRATIVE MOTION
TO FILE DOCUMENTS UNDER SEAL
12-CV-00630-LHK

1   Apple's Motion relates to the sealing of materials submitted in connection with Apple's
2   Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and
3   Claim Constructions (the "Opposition"). *Id.* On November 20, 2013, Ericsson received notice
4   from Apple stating, among other things:

> This evening Apple filed its Opposition to Samsung's Motion to Strike Expert Testimony (Dkt. 965). Attached please find Apple's Declaration in Support of Sealing Apple's Opposition and accompanying exhibits. We are unable to provide a redacted version of Apple's Opposition because Ericsson's confidential information is intertwined with the confidential information of other third parties.

10   Because it was unclear from Apple's notice which Ericsson confidential information had
11  been submitted, on November 20, 2013 Ericsson requested that Apple identify the disclosed
12  Ericsson information so that Ericsson could consider whether to submit a declaration concerning
13  such information pursuant to the Local Rules. In response to Ericsson's request, Apple provided
14  a redacted copy of its Opposition. The only portion of the Opposition that Apple provided to
15  Ericsson that disclosed Ericsson's information is found at p. 8 (lines 27-29) – p. 9 (line 2); and
16  p. 10 (lines 7-8) (the "Disclosed Ericsson Confidential Information").

17   Ericsson respectfully requests that the Court maintain the Disclosed Ericsson
18  Confidential Information under seal. In this lawsuit, Ericsson received two subpoenas—one from
19  Samsung and one from Apple—requesting technical documents concerning Ericsson's products.
20  *See* ECF No. 926-1, Hogan Decl. at ¶¶ 4-5. In response to these subpoenas, Ericsson produced
21  over a thousand pages of internal Ericsson documents. *Id.* at ¶ 6. Ericsson designated those
22  documents that contained Ericsson's highly confidential information and/or trade secrets as
23  "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order. *Id.*

24   It is well-established that the Court has authority to permit confidential materials to be
25  filed under seal. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (the court may "requir[e] that a trade secret
26  or other confidential research, development, or commercial information not be revealed or be

2

1  revealed only in a specified way"). A party seeking to seal materials in connection with a
2  nondispositive motion, such as Apple's Opposition, need only show good cause. *See, e.g.*, *In re*
3  *Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)
4  ("[A] particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c) is
5  sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive
6  motions."); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the
7  weaker public interest in non-dispositive materials, we apply the 'good cause' standard when
8  parties wish to keep them under seal.").

9  Good cause exists here to allow the Disclosed Ericsson Confidential Information to
10 remain under seal. *First*, Ericsson has already submitted the Hogan Declaration establishing that
11 the Disclosed Ericsson Confidential Information constitutes Ericsson's highly confidential
12 information concerning the technical working of Ericsson's products, which Ericsson maintains
13 as trade secrets and in strict confidence. Specifically, the information disclosed at p. 8 (lines 27-
14 29) – p. 9 (line 2) and p. 10 (lines 7-8) of Apple's Opposition is taken from internal Ericsson
15 technical documents produced at ERICSSON630-800-1146 at 1112; ERICSSON630-000155-
16 502 at 467; ERICSSON630-000800-821 at 806, 808; and ERICSSON630-1147-1168 at 1153,
17 1155. The Hogan Declaration discusses the confidentiality of this information. *See* ECF No. 926-
18 1, Hogan Decl. at ¶ 8(a), (b), (d). Ericsson protects the confidentiality of this information through
19 the use of password protection technology, labeling the information as "confidential," and
20 through the use of confidentiality agreements. *Id.* at ¶ 9.

21 *Second*, the disclosure of the at-issue information could cause Ericsson severe
22 competitive and economic harm in the marketplace. *Id.* Ericsson's confidential technical
23 information has independent economic value from not being generally known to or readily
24 ascertainable by other persons, such as those who might obtain economic value from the
25 disclosure of the technical information. Ericsson also spends substantial amounts of money in
26 developing its products and in maintaining technical information concerning the products as
27
28

3

NON-PARTY ERICSSON INC.'S BRIEF
IN SUPPORT OF APPLE'S
ADMINISTRATIVE MOTION
TO FILE DOCUMENTS UNDER SEAL
12-CV-00630-LHK

confidential. *Id.*

*Finally*, Ericsson designated the at-issue information as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order, and, in producing these materials to Apple and Samsung, Ericsson relied on the Court's protective order to permit the disclosure of the materials only to a limited number of individuals, such as the parties' outside counsel and those experts Ericsson had received notice of and an opportunity to object to, and not the general public.

For these reasons, good cause exists to maintain the Disclosed Ericsson Confidential Information under seal, and Ericsson respectfully requests that the Court grant Apple's Motion.

Respectfully submitted,

By: *s/Stephanie M. Adams*
COURTLAND REICHMAN
STEPHANIE M. ADAMS
California Bar No. 268873
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA 94065
Tel: (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com
smadams@mckoolsmith.com

STEVEN CALLAHAN
(*Pro Hac Vice* Application to be filed)
scallahan@ccrglaw.com
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392

***Counsel for Non-Party Ericsson Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, November 25, 2013, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case: the foregoing Non-Party Ericsson Inc.'s Brief In Support of Apple's Administrative Motion to File Documents Under Seal.

/s/ *Stephanie M. Adams*