PERKINS COIE LLP
Christopher L. Kelley, CSB No. 166608
CKelley@perkinscoie.com
3150 Porter Drive
Palo Alto, CA  94304
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Non-Party
  INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**NON-PARTY INTEL'S DECLARATION IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT #963)** |

Samsung Electronics Co., Ltd. and other Samsung entities (collectively "Samsung")

recently filed an administrative motion to file under seal (Dkt. #963) multiple exhibits filed in

connection with Samsung's Opposition to Apple Inc.'s Motion to Strike Arguments from

Samsung's Infringement Reports. ("Opposition to Apple's Motion to Strike"). Samsung's

Opposition to Apple's Motion to Strike (Dkt. #963-3) and at least one of exhibits filed in

connection with it were filed under an Administrative Motion to File Documents Under Seal

because they contain confidential information of Intel Corporation ("Intel"), Apple Inc. ("Apple")

and Third-Party information.

Samsung's Opposition to Apple's Motion to Strike contains quotations from and

1   discussion of various documents filed in connection with Apple's Motion to Strike (Dkt. #877).

2   Those documents incorporate discussion of Intel's confidential engineering information

3   pertaining to the design features of Intel's wireless baseband devices. Intel engineering details are

4   discussed on pages 6-7 and 20-22 of the Samsung's Opposition to Apple's Motion to Strike (Dkt.

5   # 963-3).[1]

6       In addition, Samsung's motion relies on Exhibit 1 (Dkt. #963-6) to the Declaration of

7   Samuel Drezdzon in Support of Samsung's Opposition to Apple's Motion to Strike, which

8   contains excerpts from the deposition testimony of Karthick Kandasamy, an Intel engineer, who

9   discussed particular confidential design features of Intel's wireless baseband devices.

10      Given the sensitive nature of this highly confidential material, Intel supports Samsung's

11  request to seal its Opposition to Apple's Motion to Strike (Dkt. #963-3) and Exhibit 1 (Dkt. #963-

12  6) to Samuel Drezdzon's declaration.

13      The Intel engineering material contained within these documents describes features

14  incorporated within Intel's baseband chips and the functions performed by Intel's protocol stack

15  software used with Intel's baseband chips. As detailed in the accompanying declaration from Dr.

16  Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs

17  the Intel products used by Apple, the Intel software described in detail in Samsung's Opposition

18  to Apple's Motion to Strike (Dkt. #963-3) and Mr. Kandasamy's deposition (Dkt. #963-6) is kept

19  confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel.

20  (Hausner Decl. at ¶¶ 6-7) Intel has good cause to request that the details of this code be kept

21  under seal.

22      Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should

23  be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122,

24  1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing

25  non-public engineering designs and other proprietary trade secrets constitutes not only "good

26

27

28        [1] The material filed with Apple's motion was the subject of an Administrative Motion to Seal at the time of its filing (Dkt. #877-1), for which Intel provided a supporting declaration (Dkt. #928).

cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel software design in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd*., No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

The exhibits that are the subject of this motion identify how various wireless functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. (Hausner Decl. at ¶¶ 6-7). Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. (Hausner Decl. at ¶ 7). Intel can reasonably anticipate that disclosure of the discussion of its software in Samsung's Opposition to Apple's Motion to Strike (Dkt. #963-3) and Exhibit #1 to Samuel Drezdzon's Declaration (Dkt. #963-6) could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). The confidential information filed by Samsung was introduced to the docket by Samsung as part of its opposition to a procedural motion to strike specific expert testimony. This is not a dispositive motion. Furthermore, the

1  ability of the public to meaningfully follow the conduct of the Court in this matter will not be

2  harmed by sealing these materials. Samsung has prepared and filed a redacted version of its

3  Opposition to Apple's Motion to Strike (Dkt. #963-19) from which the public can ascertain the

4  basis of Samsung's opposition to Apple's motion without disclosure of the specific engineering

5  details that are proprietary to Intel.

6          Intel respectfully requests that the Court seal the non-redacted version of Samsung's

7  Opposition to Apple's Motion to Strike (Dkt. #963-3) and Exhibit # 1 (Dkt. #963-6) to Samuel

8  Drezdzon's Declaration in Support of Samsung's Opposition to Apple's Motion to Strike to

9  prevent disclosure of design details of its proprietary and highly valuable software. Good case for

10  this request has been demonstrated in the evidence from Dr. Hausner that Intel will be

11  significantly harmed if it cannot maintain its trade secrets and if its competitors have free access

12  to the fruits of Intel's R&D investment.

13      Dated:  November 25, 2013                         Respectfully submitted,

14

15                                                        By:_____/s/ Christopher L. Kelley_____
                                                               Christopher L. Kelley

16                                                        *Counsel for Non-Party Intel Corporation*

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY INTEL'S  DECLARATION IN SUPPORT
OF SAMSUNG'S MOTION TO  SEAL
Case No.12-cv-00630-LHK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 25, 2013, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ Christopher L. Kelley*
Christopher L. Kelley