1    PERKINS COIE LLP
     Christopher L. Kelley, CSB No. 166608
2    CKelley@perkinscoie.com
     3150 Porter Drive
3    Palo Alto, CA  94304
     Telephone:  650.838.4300
4    Facsimile:  650.838.4350

5    Attorneys for Non-Party
     INTEL CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   APPLE INC.,                          Case No. 12-cv-00630-LHK (PSG)

13                  Plaintiff,

14        v.                              **NON-PARTY INTEL'S DECLARATION IN
                                          SUPPORT OF APPLE'S
15   SAMSUNG  ELECTRONICS  CO.,  LTD.,    ADMINISTRATIVE MOTION TO FILE
     a   Korean   corporation;   SAMSUNG  DOCUMENTS UNDER SEAL (DKT #965)**
16   ELECTRONICS AMERICA, INC., a New
     York   corporation;   and   SAMSUNG
17   TELECOMMUNICATIONS   AMERICA,
     LLC, a Delaware limited liability company,
18
19                  Defendants.

20        Apple Inc. recently filed an administrative motion to file under seal (Dkt. #965) its

21   Opposition to Samsung's Motion to Strike Expert Testimony ("Opposition to Samsung's Motion

22   to Strike") and some of the exhibits filed in connection with that opposition. In particular, Apple's

23   motion asks the Court to seal specific portions of its Opposition to Samsung's Motion (Dkt. #965-

24   4), and excerpts from the expert report of Samsung's expert Dr. Min included as Exhibit 11 (Dkt.

25   #965-20) to the supporting declaration of Peter Kolovos, both of which contain discussions of the

26   confidential technology information of Intel Corporation ("Intel").

27        I am informed that Apple's Opposition to Samsung's Motion to Strike (Dkt. #965-4) and

28   parts of the excerpts from Dr. Min's expert report in Exhibit 11 (Dkt. #965-20) contain

discussions of detailed technical information regarding the operation of Intel's baseband chipsets in Apple's products. Specifically, I am informed that these portions discuss the operation of software and/or hardware components within Intel's chipsets involved in certain wireless protocol functions, especially the receipt and processing of non-scheduled transmission parameters and the formation and transmission to the base station of MAC-e PDUs and Scheduling Information. These discussions are based on confidential Intel engineering documentation and the testimony of Intel engineering personnel provided under the protective order in this case.

Given the sensitive nature of this highly confidential material, Intel supports Apple's request to seal its Opposition to Samsung's Motion to Strike (Dkt. #965-4) and Exhibit 11 (Dkt. #965-20) to Peter Kolovos' declaration.

The Intel engineering material contained within these documents describes features incorporated within Intel's baseband chips and the functions performed by Intel's protocol stack software used with Intel's baseband chips. As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs the Intel products used by Apple, the Intel software described in Apple's Opposition to Samsung's Motion to Strike (Dkt. #965-4) and Dr. Min's expert report (Dkt. #965-20) is kept confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner Decl. at ¶¶ 6-7). Intel, therefore, has good cause to request that the details of this code be kept under seal.

Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing non-public engineering designs and other proprietary trade secrets constitutes not only "good cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v.*

*Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc*., Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel software design in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd*., No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

The exhibits that are the subject of this motion identify how various wireless functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. (Hausner Decl. at ¶¶ 6-7). Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. (Hausner Decl. at ¶ 7). Intel can reasonably anticipate that disclosure of the discussion of its software in Apple's Opposition to Samsung's Motion to Strike (Dkt. #965-4) and Exhibit #11 (Dkt. #965-20) to Peter Kolovos' Declaration could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). Samsung filed Intel's confidential information as part of its opposition to a procedural motion to strike specific expert testimony. This is not a dispositive motion. Furthermore, the ability of the public to meaningfully follow the conduct of the Court in this matter will not be harmed by sealing these materials. Apple has prepared and filed a redacted version of its Opposition to Samsung's Motion to Strike (Dkt. #965-3) from which the public can ascertain the basis of Apple's opposition to Samsung's motion without disclosure of the specific engineering information that is proprietary to Intel.

Intel respectfully requests that the Court seal the non-redacted version of Apple's Opposition to Samsung's Motion to Strike (Dkt. #965-4) and Exhibit # 11 (Dkt. #965-20) to Peter

Kolovos' Declaration in Support of Apple's Opposition to Samsung's Motion to Strike to prevent disclosure of design details of its proprietary and highly valuable software. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated:  November 25, 2013                     Respectfully submitted,

By:_____/s/ Christopher L. Kelley_____
              Christopher L. Kelley

*Counsel for Non-Party Intel Corporation*

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

The undersigned hereby certifies that on November 25, 2013, a true and correct copy of

4

the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

5

6

*/s/ Christopher L. Kelley*

Christopher L. Kelley

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28