JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Samsung filed an Administrative Motion to File Documents Under Seal relating to Samsung's Opposition to Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Reports ("Samsung's Opposition") (Dkt. No. 963) and Exhibits 1-10 and 13 to the Declaration of Samuel Drezdzon in Support of Samsung's Opposition ("Drezdzon Declaration") (Dkt. No. 963-4).

3. The following portions of Samsung's Opposition contain descriptions or alleged descriptions of the source code produced by Intel and Qualcomm for the baseband processors used in the accused Apple products and the alleged internal operation of the baseband processors: 5:10, 5:12, 6:10-11, 6:13-21, 6:24-28, 7:1-9, 7:13-14, 8:6-7, 8:9-17, 8:20-27, 9:1-6, 21:5-7, 21:12-17, 21:19-23, 21:28, 22:1, and 22:7-13. Accordingly, these portions of Apple's Motion to Strike should be sealed. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (Aug. 9, 2012 N.D. Cal.) (Dkt. No. 1649 at 8) (permitting sealing of confidential source code and detailed schematics of the Apple iBook and Apple iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

4. The following portion of Samsung's Opposition contains detailed market research information regarding customer use of the accused Apple products: 12:1-3. This portion of Samsung's Opposition contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496) (supporting sealing market

1  research documents describing buyer survey responses regarding Apple's products because
2  detailed information of this kind is extremely valuable time series of information that shows how
3  customer preference have evolved)).  The Federal Circuit has previously approved of Apple's
4  request to seal market research documents that contain a similar level of detail regarding the
5  accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos.
6  2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013)
7  (approving the sealing of marketing documents).

8      5.   The following portions of Samsung's Opposition contain detailed technical
9  information regarding the accused functionality and information discussing the manner in which
10 data is stored in the accused Apple products and the names of particular data servers: 16:3-4 and
11 16:20.  These portions of Samsung's Opposition contain proprietary Apple information and the
12 public disclosure of this information would be harmful to Apple for similar reasons as stated in
13 the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple
14 Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at
15 3) (supporting sealing schematics showing the configuration of Apple's products because
16 detailed information of this kind constitutes trade secret information)).  The Court has previously
17 granted Apple's request to seal product schematics that contain a similar level of detail regarding
18 the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case
19 No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics
20 related to the Apple iBook and iSight).

21     6.   The following portions of Samsung's Opposition contain detailed technical
22 information regarding to the components of the accused products and the operation of those
23 components: 17:26-28, 18:1-4, 18:5-8, 18:15-16, 18:20, 19:1-2, 19:4-5, 19:8, 19:11, 19:13.  The
24 following additional portion of Samsung's Opposition contains detailed technical information
25 regarding the structure and operation of components used to perform image and video
26 compression in the accused Apple products: 17:7-12.  The following additional portion of
27 Samsung's Opposition contains detailed technical information describing the structure of the
28

2

Declaration of Peter J. Kolovos
Case No. 12-cv-00630 (LHK)

ActiveUS 118099920v.2

1  image sensors used in the accused Apple product: 22:22-23.  The following additional portions
2  of Samsung's Opposition contain detailed technical information describing the structure and
3  operation of memory in the accused Apple products: 23:13-21 and 23:24.  The following
4  additional portions of Samsung's Opposition contain detailed technical information describing
5  the structure and operation of the SOC in the accused Apple products: 24:2-4, 24:6-7, and 24:9-
6  14.  Those portions of Samsung's Opposition contain proprietary Apple information and the
7  public disclosure of this information would be harmful to Apple for similar reasons as stated in
8  the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple
9  Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at
10  3) (supporting sealing schematics showing the configuration of Apple's products because
11  detailed information of this kind constitutes trade secret information)).  The Court has previously
12  granted Apple's request to seal product schematics that contain a similar level of detail regarding
13  the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case
14  No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics
15  related to the Apple iBook and iSight).

16       7.    Exhibit 1 to the Drezdzon Declaration is an excerpt of the June 23, 2013
17  deposition of Naga Karthick Kandasamy.  Exhibit 1, in its entirety, contains detailed discussion
18  of the source code for the baseband processors used in the accused Apple products and should be
19  sealed in full.  The Court has previously granted Apple's request to seal source code of the
20  accused products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-
21  01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group,
22  Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics
23  related to the Apple iBook and iSight and Apple source code).

24       8.    Exhibit 2 to the Drezdzon Declaration is an excerpt of Apple Inc.'s Further
25  Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Apple (No.
26  12).  The following portions of Exhibit 2 contain detailed, technical descriptions of the
27  functionality of Apple's accused products related to the manner in which data is stored in the
28

3

Declaration of Peter J. Kolovos
Case No. 12-cv-00630 (LHK)

ActiveUS 118099920v.2

1  accused products: 171:13-26 and 176:10-11.  These portions contain proprietary Apple
2  information and the public disclosure of this information would be harmful to Apple for similar
3  reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal
4  Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D.
5  Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's
6  products because detailed information of this kind constitutes trade secret information)).  The
7  Court has previously granted Apple's request to seal product schematics that contain a similar
8  level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung
9  Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting
10  Apple's request to seal schematics related to the Apple iBook and iSight).

11       9.       Exhibit 7 to the Drezdzon Declaration is an excerpt of a July 22, 2013 email from
12  Amar Thakur to Rod Stone and Peter Kolovos regarding "Revised Samsung's response re
13  Resolution of Discovery Issues."  Exhibit 8 to the Drezdzon Declaration is an excerpt of an
14  August 1, 2013 letter from Peter Kolovos to Amar Thakur.  The highlighted portions of Exhibits
15  7 and 8 contain detailed technical information relating to the components of the accused
16  products, the operation of those components, and the identity of suppliers for specific
17  components.  In particular, these portions relate to confidential information regarding the identity
18  of the specific audio codecs used in the accused Apple products.  These portions of Exhibits 7
19  and 8 contain proprietary Apple information and the public disclosure of this information would
20  be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in
21  Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et
22  al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics
23  showing the configuration of Apple's products because detailed information of this kind
24  constitutes trade secret information)).  The Court has previously granted Apple's request to seal
25  product schematics that contain a similar level of detail regarding the accused Apple products.
26  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.)
27
28

ActiveUS 118099920v.2

1  (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and
2  iSight).

3      10.    Exhibit 9 to the Drezdzon Declaration is an excerpt of the June 26, 2013
4  deposition of Tim Millet.  The following portions of Exhibit 9 contain detailed technical
5  information relating to the components of the accused products and the operation of those
6  components: 7:1-2, 7:4, and 7:18-25.  In particular, these portions relate to confidential
7  information regarding the design and use of the processors used in the accused Apple products.
8  Those portions of Exhibit 9 contains proprietary Apple information and the public disclosure of
9  this information would be harmful to Apple for similar reasons as stated in the Declaration of
10 Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung*
11 *Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting
12 sealing schematics showing the configuration of Apple's products because detailed information
13 of this kind constitutes trade secret information)).  The Court has previously granted Apple's
14 request to seal product schematics that contain a similar level of detail regarding the accused
15 Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-
16 01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to
17 the Apple iBook and iSight).

18     11.    Exhibit 13 to the Drezdzon Declaration is an excerpt of the Report of Dan
19 Schonfeld, PhD. Regarding Infringement of U.S. Patent Nos. 5,579,329 and 7,577,757.  The
20 following portions of Exhibit 13 contain detailed market research information regarding
21 customer use of the accused Apple products: paragraphs 2162, 2165, 2174, 2177, 2187, 2193,
22 2199, 2203, 2207, 2212, 2216, and 2220.  These portions of Exhibit 13 contain proprietary Apple
23 information and the public disclosure of this information would be harmful to Apple for similar
24 reasons as stated in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial
25 Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.)
26 (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey
27 responses regarding Apple's products because detailed information of this kind is extremely
28

1  valuable time series of information that shows how customer preference have evolved)).  The
2  Federal Circuit has previously approved of Apple's request to seal market research documents
3  that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc.*
4  *v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL
5  4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents).

6          12.     The following portions of Exhibit 13 contain detailed technical information
7  regarding the accused functionality and information discussing the manner in which data is
8  stored in the accused Apple products and the names of particular data servers: paragraphs 1867,
9  1869, 1870, 1878, 1879, 1898, 1900, 1901, 1988, 1989-95, 2010, 2011, 2013, 2017, 2018, 2164,
10 2165, 2175, 2177, and 2212.  These portions of Exhibit 13 contain proprietary Apple information
11 and the public disclosure of this information would be harmful to Apple for similar reasons as
12 stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits
13 (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No.
14 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because
15 detailed information of this kind constitutes trade secret information)).  The Court has previously
16 granted Apple's request to seal product schematics that contain a similar level of detail regarding
17 the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case
18 No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics
19 related to the Apple iBook and iSight).

20         13.     Apple does not maintain any claim of confidentiality with respect to Exhibits 3, 4,
21 5, 6, and 10 to the Drezdzon Declaration.

22         14.     The relief requested by Apple is necessary and narrowly tailored to protect
23 confidential information regarding trade secret information pertaining to the accused Apple
24 products.

25         15.     I declare under the penalty of perjury under the laws of the United States of
26 America that the forgoing is true and correct to the best of my knowledge and that this
27 Declaration was executed this 25th day of November, 2013, in Boston, Massachusetts.

28

                                                      6                Declaration of Peter J. Kolovos
                                                                       Case No. 12-cv-00630 (LHK)

ActiveUS 118099920v.2

Dated:  November 25, 2013                    */s/ Peter J. Kolovos*
                                             Peter J. Kolovos

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on November 25, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  November 25, 2013        */s/ Mark D. Selwyn*
Mark D. Selwyn