QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES AND CLAIM CONSTRUCTIONS**<br><br>Date:  December 10, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Honorable Paul S. Grewal<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. APPLE'S EXPERTS' OPINIONS SHOULD BE STRICKEN BECAUSE APPLE DID NOT RESPOND TO INTERROGATORY 46 ............................................................. 1

    A. Apple's Experts Did Not Use Plain Meaning ............................................................. 1

    B. Apple Did Not Disclose Its Claim Constructions in Response to Interrogatory 12 ................................................................................................................ 4

    C. Samsung Was Prejudiced By Apple's Failure To Disclose Claim Construction Positions ................................................................................................... 8

    D. Apple's Other Excuses for Failing to Responding to Interrogatory 46 Are Not Persuasive ........................................................................................................... 9

        1. Apple Never Served a Similar Claim Construction Interrogatory on Samsung ................................................................................................. 9

        2. Apple's Response Was Far From Justified .................................................. 10

II. DR. STORER'S OPINIONS ARE CONTRARY TO THE COURT'S CONSTRUCTIONS .................................................................................................................. 11

III. APPLE'S RESPONSE DEMONSTRATES THAT IT DID NOT DISCLOSE THE NON-INFRINGEMENT THEORIES IN DR. FUJA'S EXPERT REPORT ..................... 12

    A. Apple Did Not Disclose that a "Control SDU" Must Come From a Higher Layer *than the Layer that Creates MAC-e PDUs* ..................................................... 13

    B. Apple Did Not Disclose that "Control Information" Must be Used By the ▮▮▮▮▮▮▮▮▮▮ ......................................................................................................... 13

    C. Apple Did Not Disclose That the "N field" Represents the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ........................................................................................ 14

IV. CONCLUSION ........................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  1998 WL 775115 (N.D. Cal. 1998) .................................................................................... 14

*DIRECTV, Inc. v. Puccinelli*,
  224 F.R.D. 677 (D. Kan. 2004) .......................................................................................... 8

*Epistar Corp. v. Int'l Trade Comm'n*,
  566 F.3d 1321 (Fed. Cir. 2009) .......................................................................................... 2

*Gonzales v. City of Albuquerque, No. CIV 09-0520*,
  2010 WL 553308 (D.N.M. Feb. 9, 2010) .......................................................................... 4

*Michilin Prosperity Co., Ltd. V. Fellowes Mfg. Co.*,
  2006 WL 1441575 (D.D.C. May 23, 2006) ...................................................................... 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) .................................................................................... 13, 14

*Omega Eng'g v. Raytek Corp.*,
  334 F.3d 1314 (Fed. Cir. 2003) .......................................................................................... 2

*Phillips v. AWH*,
  415 F.3d 1303 (Fed. Cir. 2005) ........................................................................................ 1, 2

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
  726 F.3d 1306 (Fed. Cir. 2013) .......................................................................................... 2

*White v. Dunbar*,
  119 U.S. 47 (1886) .............................................................................................................. 1

*Whitserve LLC v. Computer Patent Annuities N. Am., LLC*,
  No. 04-1897, 2006 WL 1273740 (D. Conn May 9, 2006) ............................................... 10

*Williams v. Sprint/United Management Co., No. CIVA 03-2200*,
  235 F.R.D. 494 (D. Kan. 2006) .......................................................................................... 4

**Statutes**

Fed. R. Civ. P. 37(b) ................................................................................................................ 1

Fed. R. Civ. P. 37(c)(1) ........................................................................................................... 1

Fed. R. Civ. P. 37(d) ............................................................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    APPLE'S EXPERTS' OPINIONS SHOULD BE STRICKEN BECAUSE APPLE DID NOT RESPOND TO INTERROGATORY 46**

Apple *admits* that it did not provide a substantive response to Samsung's Interrogatory 46. (Opp. at 2-3.) Apple argues instead that it should somehow be excused from its discovery obligations. But Apple's excuses do not overcome the law: failure to disclose information in response to an Interrogatory can result in exclusion of the expert witness' testimony based on the undisclosed information. Fed. R. Civ. P. 37(c)(1), (b), and (d). Nor did Apple provide the information requested by Interrogatory 46 in its response to Interrogatory 12 as Apple now claims. Apple's should not be allowed to ambush Samsung with dozens of new claim constructions that should have been disclosed during discovery.

**A.    Apple's Experts Did Not Use Plain Meaning**

Apple's first excuse for why it failed to respond to Samsung's Interrogatory 46 is that its constructions are "plain and ordinary meaning." Tellingly, the first time Apple argued that its constructions were plain and ordinary meaning was *after* Samsung filed its motion to strike. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ And during the meet and confer process, Apple never once stated that it would not respond to Interrogatory 46 or that its response was complete because its constructions are plain and ordinary meaning. Rather, Apple took the position that the parties should confer on a schedule for further claim construction. Now, after Samsung filed its motion, Apple suddenly takes the position that it did not have to respond because it is just applying plain meaning. This argument is simply not credible.

The elaborate and detailed constructions in Apple's expert reports go far beyond "plain and ordinary meaning." These constructions improperly change the meaning of the words in the claims such that they are unrecognizable to the public. *See Phillips v. AWH*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (it is "unjust to the public, as well as an evasion of the law, to construe it in a manner different from the plain import of its [claim] terms.") (quoting *White v. Dunbar*, 119 U.S. 47, 52 (1886)). In fact, Apple devotes almost a third of its opposition to identifying very

specialized constructions for terms from all 5 patents that Apple claims are "implicit" in its non-infringement Interrogatory responses. (Opp. at 4-11.)  A cursory review of these "implicit" constructions, to the extent any can be discerned, reveals that they are anything but plain meaning.

Black letter patent law dictates that plain and ordinary meaning is the meaning that one of ordinary skill in the art would give a claim term while *reading the specification*.  *Phillips*, 415 F.3d at 1321 ("Properly viewed, the 'ordinary meaning' of a claim term is its meaning to the ordinary artisan after reading the entire patent.")  Many of the constructions that Apple's experts rely on in their reports contradict and are inconsistent with the specification and therefore cannot be plain and ordinary meaning.  For example, Dr. Fuja opines that a ███████████ ████████████████████████████████████████ (Mot., Ex. 6 ¶ 442.)  This construction *contradicts* the specification that states that the "control service data unit (SDU) include[es] control information of a MAC-e layer." (Dkt. 0811-01 ('596 patent), Abstract.)  Dr. Fuja's construction ████████████████████████████████████ but the '596 specification clearly states that the control information can be generated from the MAC-e layer.  A construction that contradicts the specification cannot be plain and ordinary meaning.  *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1320 (Fed. Cir. 2013) ("We cannot look at the ordinary meaning of the term[] in a vacuum.  Rather, we must look at the ordinary meaning in the context of the written description.") (citations omitted).

Apple's experts also rely on the doctrine of prosecution history disclaimer to construe the terms of Samsung's patents.  However, the Federal Circuit has stated that a "[a] heavy presumption exists that claim terms carry their full ordinary and customary meaning, *unless* it can be shown the patentee expressly *relinquished* claim scope." *Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1334 (Fed. Cir. 2009) (citing *Omega Eng'g v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003) (emphasis added).  Apple's prosecution history disclaimer arguments alone demonstrate that Apple's constructions are not plain and ordinary meaning.  For example, Dr. Storer ████████████████████████████████████████████████████████ ████████████████████████████████████. (Mot., Ex. 8 ¶¶ 701-11.)  This construction is not the plain and ordinary meaning of that term.

1   Apple and its expert also ████████████████████████████████████
2   ████████████████████████████████████████████████████████████████
3   ████████████████████████████████████████ This limitation is not a means-
4   plus-function claim. (*Id.* at pg. 364 (emphasis added).) These terms include some similar
5   language, but are by far not the same. The Court found the corresponding structure for the claim 1
6   means plus function term is, in relevant part, "a <u>video card</u> having a *video capture module*." (Dkt.
7   No. 447 at 64 (emphasis added).) The term in claim 15, therefore, uses some of the language from
8   the Court's construction, but not the entirety of the Court's claim 1 construction. In his rebuttal
9   report, Dr. Storer ████████████████████████████████████████████
10  ████████████████████████████████████████████████████████████████
11  ████████████████████████ Dr. Storer is ████████████████████████
12  ███████████████████████████████████████████████████████████████.
13      Other examples are found in the rebuttal report of Dr. Storer regarding non-infringement of
14  Samsung's '449 patent. Dr. Storer ██████████████████████████████
15  ████████ But the plain meaning of the word "list" does not exclude a list that carries over into
16  two or more columns, or a list of symbols rather than text. In fact, in its Interrogatory responses
17  describing its invalidity contentions Apple ████████████████████████
18  ████████████████████████████████████████████████████████████████
19  ██████████████████████████████████████████
20  ████████████████████████████████████ However, at the same time, Apple
21  argued in its response to non-infringement Interrogatory 12 ████████████
22  ████████████████████████████████████████████████████████████████
23  ████████████████████████████████████████████████████████████████
24  ████████████████████████████████████████████████████████████████
25  ████████████████████████████ This type of inconsistency is what led Samsung to serve
26  Interrogatory 46.
27      While Apple now argues that its experts ap    plied the "plain m   eaning" of term   s not
28  construed by the Court, its res ponse to Interrogatory 46 also ████████████

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Apple never sought clarification from Samsung regarding how the phrase should be interpreted. Had it done so, Samsung would have stated the obvious—that the Interrogatory calls for any construction that differs from the plain meaning a non-technical juror would apply to a term. Similarly, Apple now argues that its answers to Interrogatory 46 should be implied from its response to Interrogatory 12. However, an incorporation by reference requires an explicit incorporation of one Interrogatory response into another. *See Gonzales v. City of Albuquerque*, No. CIV 09-0520, 2010 WL 553308, at *9 (D.N.M. Feb. 9, 2010) ("Responses to interrogatories must be self-contained within each Interrogatory answer and the Court finds that the Plaintiffs are entitled to a response specific to [this] Interrogatory . . . Defendants must not merely refer to the answer [to] another Interrogatory."); *see also Williams v. Sprint/United Management Co.*, No. CIVA 03–2200, 235 F.R.D. 494 at 501 (D. Kan. 2006) (granting motion to compel supplemental answer to Interrogatory where Plaintiffs incorporated by reference answers to other interrogatories because "Plaintiffs must indicate with specificity where the information can be found"). Indeed, Apple itself recognized this rule. (*See* Ducca Ex. 3, 7/15/13 Apple's Supp. Resp. to Interrogatory No. 16 at 3 ("Apple incorporates by reference its response to Interrogatory No. 12").) Therefore, responding to Interrogatory 12 did not relieve Apple from its obligations to also respond to Interrogatory 46. Yet Apple did not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Had it done so, Samsung would have objected because Apple's response to Interrogatory 12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. There can be no doubt that Apple made a deliberate strategic choice not to provide any substantive answer to Interrogatory 46. It withheld its claim construction proposals and waited to receive the infringement reports of Samsung's experts after the end of fact discovery. It then offered elaborate claim constructions—for the first time—in its rebuttal expert reports. The Court should not condone such gamesmanship.

### B. Apple Did Not Disclose Its Claim Constructions in Response to Interrogatory 12

Apple spends a nearly eight pages of its opposition pointing to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in response to Samsung's Interrogatory 12. Apple's

1 responses to Interrogatory 12 were ███████████████████████████████████

2 ████████████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████████████████

4 ██████████████████████████████████████ This was the very reason Samsung served

5 this Interrogatory – to obtain Apple's claim construction proposals and to prevent Apple from

6 changing its positions after the close of discovery.

7     *First*, Apple set forth inconsistent claim construction positions in its invalidity contentions

8 and its responses to Interrogatory 12.  Faced with these inconsistent positions, Samsung served

9 Interrogatory 46 to clarify Apple's positions prior to expert discovery.  For example, Apple's

10 opposition identifies the following response from Interrogatory 12 as purporting to identify

11 Apple's claim construction for the "control SDU" limitation for the '596 patent:

12 ████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████████

14 (Opp. at 8.)  Apple's invalidity contentions, however, state that certain prior art references meet

15 the "control SDU" limitation because the multiplexing sublayer that forms the MAC-e PDU

16 combines information from various sources to form the claimed "control SDU."  (Ducca Ex. 1

17 (Exhibit B-03 to Apple's Invalidity Contentions) at 4-5.) ██████████████████████

18 ████████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████████

20 ████ A response from Apple to Interrogatory 46 would have resolved these inconsistencies.

21     Similarly, Dr. Storer did not consistently apply the '239 patent constructions Apple

22 identified in claim 12 in his invalidity and non-infringement expert reports.  In Interrogatory 12,

23 Apple did not articulate its constructions, and instead ████████████████████████

24 ██████████████████████████████████ Dr. Storer ██████████████████████████

25 ████████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████

27 *See, e.g.*, Mot. Ex. 7, Storer invalidity report ¶¶705 (██████████████████████

28 ████████████████████); 719 (█████████████████████████████████████████

██████████"); 724-725 (██████████████████████████████████).

To the contrary, Dr. Storer states ███████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████. *See, e.g.* Mot. Ex. 8, Storer noninfringement report ¶¶ 587-588, 666.

**Second**, Apple's experts took claim construction positions that were inconsistent with the positions Apple set forth in response to Interrogatory No. 12.  For example, Apple took a shifting sands approach to claim constructions when Dr. Storer █████████████████████████

████████████████████████████████████████████████████████████████████.

Storer invalidity report at ¶669.  In Interrogatory 12, however, Apple took the position when crafting noninfringement positions that it is ███████████████████████████████

█████████████████.

**Third**, it is not possible to divine Apple's construction positions from its response to Interrogatory 12, which is vague and minimal by design.  Even Apple admits that any claim constructions that were provided in its response to Interrogatory 12 were "implicit." (Opp. at 3:18-22.)  Interrogatory 46 did not call for hidden or implicit claim constructions; it called for explicit claim constructions.

Apple's response did not provide a single claim construction proposal.  For example, ████████████████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

(Opp. at 9.)  Apple's boilerplate response to Interrogatory 12 was merely a simple recitation that the ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████ (Mot., Ex. 6 at ¶¶ 421-435.)

For the '757 patent, Apple argues that Interrogatory No. 12 disclosed its claim construction requiring that █████████████████████████████████████████████████████

██████████ However, Apple subtly shifts the supposed disclosures made in this interrogatory

1 response. Apple's response states several times that ███████████████

2 ███████████████████████████████████████████ *See, e.g.,* Opp., Ex. 3

3 (7/15/13 Apple's Response to Samsung Rog. 12), 70:18-28 ██████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████

6 ████████████████████████ *id.* at 72:5-12 ██████████████████████

7 ████████████████████████████████████████████████████████

8 ██████████████████████████████") ██████████████████████████

9 ████████████████████████████████████████████████████████

10 ████████████████████████ Apple's supposed support for the "capable of storing or

11 interfacing" limitation is even more ambiguous, as Apple seems to cite ████████████

12 ██████████████████████████████ *See* Opp. at 6-7 (████████████

13 ████████████████████████████████████████████████. Finally,

14 Apple cites only to ██████████████████████████████████████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 ████████████████████████████████████████. Dr. Taylor's report was the

18 first time Apple presented these claim construction positions.

19     For the '449 patent claim term "classification," Apple's opposition suggests that its claim

20 construction is implied in the following sentence: ████████████████████████

21 ████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████

23 But nothing in the foregoing text explicitly or implicitly discloses that Apple construes the term

24 "classification" as █████████████████████████████████████████

25 ████████████████████████████████████████████████████████

---

[1] In an embodiment described in the '449 patent, the classification names are simply the numbers 1 through 5, and those names cannot be edited.

███ Apple's response to Interrogatory 12 merely ███ ███ Samsung served Interrogatory 46 to learn why, but Apple never disclosed that information. Apple's experts cannot now rely on that withheld information.

### C. Samsung Was Prejudiced By Apple's Failure To Disclose Claim Construction Positions

Samsung was significantly prejudiced by Apple's non-disclosure. Apple's entire opposition rests on the sole position that it responded to Samsung's non-infringement Interrogatory 12, and therefore Samsung was on notice and was not prejudiced from Apple's failure to respond to Interrogatory 46. However, it is not Samsung's burden to review the hundreds of pages that make up Apple's responses to Samsung's 50 interrogatories to somehow glean Apple's admittedly "implicit[]" constructions to the asserted claims and to speculate about every claim construction argument Apple may make. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004) ("Plaintiff may not merely refer Defendants to other pleadings or [Interrogatory] disclosures hoping that Defendants will be able to glean the requested information from them.").

Apple claims that Samsung's experts knew about Apple's constructions and responded to these positions in their expert reports. Simply because Samsung's experts may have *attempted* to respond to potential claim constructions that they pieced together from the evidence they reviewed does not mean Samsung's experts had a *meaningful* opportunity to respond and address Apple's constructions. For example, Dr. Min thought that Apple may argue that the Accused Apple Products do not infringe the term "control information" ███ ███ Opp., Ex. 11 ¶ 1138), but Dr. Min did not know that Dr. Fuja would rely on an undisclosed construction of "control information" ███ ███ Unsurprisingly, Apple does not even point to where Dr. Min provided opinions related to Dr. Fuja's construction of the "N field" ███ ███. Dr. Min was therefore denied the chance to respond to Dr. Fuja's claim construction positions because Apple failed to respond to Interrogatory 46.

1   With respect to the '239 patent, it is still not clear what claim constructions Apple is
2   proposing.  For example, Apple identified ███████████████████████████████████████
3   ██████████████████████████████████████████  But Apple did not define
4   ███████████████████████████████████████ Dr. Storer renders only vague and
5   conclusory opinions to state that ████████████████████████████████████████
6   ████████████████████████████████████████████████████████████████████████
7   ███████████████████████████████████  Without defining these alleged software
8   structures, Apple has created a moving target that it can use to broadly assert invalidity and
9   noninfringement positions under whichever interpretation it chooses before trial.

10      Finally, Apple does not even attempt to argue that Dr. Schonfeld knew of Apple's claim
11   construction positions with respect to the '757 patent.

12      Apple did not even make a good faith effort to respond to Samsung's interrogatory.
13   Instead, Apple made a deliberate decision to prejudice Samsung by withholding its claim
14   construction positions.  Samsung was prejudiced, as Samsung was hindered in its ability to
15   understand and respond to these constructions, while Apple remained free to shift and modify its
16   claim construction positions in its expert reports.  Apple's post hoc explanation of why Samsung
17   has suffered no prejudice is without merit.

**D.      Apple's Other Excuses for Failing to Responding to Interrogatory 46 Are Not Persuasive**

**1.      Apple Never Served a Similar Claim Construction Interrogatory on Samsung**

Another Apple excuse for failing to respond to Samsung's Interrogatory 46 is that it attempted to compromise with Samsung.  Apple's so-called "compromise" was no compromise at all.  (Opp. at 2-3.)  Apple never served a similar claim construction argument on Samsung. Apparently regretting its decision, Apple's "compromise" required Samsung to provide a response to such a non-existent Interrogatory anyway—in addition to responding to the 50 interrogatories that Apple already served Samsung.  This "compromise" would effectively have given Apple a free pass to serve an extra Interrogatory on Samsung when it had already exhausted its

Interrogatory limit.  It is no surprise that Samsung rejected this "offer" since Samsung had already fully responded to the 50 interrogatories Apple was permitted to serve on Samsung.  Apple's attempt to "compromise" does not relieve Apple of its discovery obligations.

### 2. Apple's Response Was Far From Justified

Yet another Apple excuse for not responding to Samsung's Interrogatory 46 is that the local rules relieve Apple of its duty to respond to such an Interrogatory.  This is a misapplication of the local rules.  The local rules provide a timeline for disclosure related to the *Markman* process.  However, Courts have regularly compelled parties to respond to claim construction interrogatories *even when* the court's scheduling order sets forth deadlines for *Markman*.  *See, e.g., Whitserve LLC v. Computer Patent Annuities N. Am., LLC*, No. 04-1897, 2006 WL 1273740, *1-2 (D. Conn May 9, 2006) (granting motion to compel answers to claim construction Interrogatory prior to filing claim construction briefs).  Apple cannot hide behind the local rules to justify its failure to respond to Interrogatory 46.

Further, Apple misapplies the agreement between the parties.  The agreement the parties reached regarding the disclosure of claim constructions was related to the *Markman* process to limit the number of terms presented at the hearing.  This agreement, however, was limited to only the *Markman* process.  While Apple may feel that service of an Interrogatory requiring Apple to disclose its claim constructions is "unnecessary," (Opp. at 18) the Interrogatory is nonetheless undeniably relevant and compliant with Rule 33.  *See, e.g., Whitserve*, No. 04-1897, 2006 WL 1273740, at *1-2 (holding that the opposing party's interpretation of patent claims is clearly relevant and interrogatories asking for legal conclusions or opinions are permissible).  What Apple fails to appreciate is that claim construction is not intended *only* for the *Markman* process and Apple cannot point to anything in the Court's scheduling order or the local rules that makes such a limitation.  *See, e.g., Michilin Prosperity Co., Ltd. V. Fellowes Mfg. Co.*, 2006 WL 1441575 at *2 (D.D.C. May 23, 2006) (finding that nothing in the court's supplemental scheduling order suggested reserving claim construction only to *Markman* proceedings).  Indeed, it was *Apple*, not *Samsung* that proposed a separate *Markman* hearing before trial thereby admitting that additional claim construction is needed**.**

## II. DR. STORER'S OPINIONS ARE CONTRARY TO THE COURT'S CONSTRUCTIONS

As explained in Samsung's opening brief, Dr. Storer also applied constructions that are contrary to the Court's *Markman* constructions. Apple first accuses Samsung of violating the Court's scheduling order based on this portion of Samsung's motion to strike because the opinions sought to be stricken overlap with Samsung's *Daubert* motion. This is incorrect. In its motion to strike, Samsung seeks to strike Dr. Storer's opinions applying claim constructions that differ from the constructions issued by the Court.[2] That Dr. Storer's opinions also run afoul of *Daubert* and are not reliable does not preclude Samsung from moving to strike them in its present motion. The cases cited by Apple are inapplicable because they either: (i) strike portions of motions that exceed the 25 page limit (Opp. 19, *Sanders*); or (ii) strike late filed motions *in limine* on the eve of a pretrial conference after repeated delays and continuances. (Opp. 19, *Adams*.) Samsung's motion to strike is undoubtedly timely, and Apple filed its own motion to strike on the same date. (*See* Dkt. No. 877.)

Second, Apple's comment about what is and is not a claim term is irrelevant because Dr. Storer ███████████████████████████████████████████████████████ ███████████████████████████████████ The fact that certain terms in the Court's constructions are not claim terms does not permit Dr. Storer to substitute different terms and definitions into the Court's claim constructions. Apple had the opportunity to propose whatever claim constructions it wanted. Whether he is happy with that or not, Dr. Storer must now "adhere to the Court's claim constructions and must not apply alternative claims constructions." (Mot. at 16 (citing *Dynetix* and *EZ Dock*).) Nor is Dr. Storer permitted to now reconstrue the Court's already issued constructions. *Id*.

Third, Samsung is not seeking to prevent Dr. Storer from testifying as to background, technology, or the operation of components. However, Dr. Storer should not be permitted to apply

---

[2] This is analogous to Apple moving to strike portions of Samsung's infringement reports for allegedly not adhering to Samsung's prior infringement contentions. Both motions to strike seek to preclude testimony that is allegedly contrary to prior assertions and rulings in the case.

modified claim constructions to terms that have already been construed in order to support his noninfringement opinions. In fact, the paragraphs cited by Samsung (excerpts of which were included in Samsung's motion) are from the section of Dr. Storer's report that provides Dr. Storer's noninfringement arguments. (Ducca Decl., Ex. 2 at 273) (Section "G. The Accused Products Do Not Infringe the Asserted claims of the '239 Patent" spans ¶¶ 528-714.) They are not from his background section.

Apparently realizing that it is indeed reconstruing the Court's construction, Apple argues that Dr. Storer's modified constructions are correct. These explanations further demonstrate how Dr. Storer's opinions differ from the Court's constructions. For example, Dr. Storer ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ As explained in Samsung's initial motion, the time for presenting these claim constructions was during the *Markman* process. Having missed this opportunity, Apple and Dr. Storer should be precluded from offering them now and should also be precluded from offering noninfringement opinions premised on these modified constructions.

Finally, for "modem," Apple's opposition misses the point completely. Dr. Storer failed to apply the guidance from the Court's *Markman* order (Dkt. 447 at 60 n.13) in his infringement analysis. During his deposition, Dr. Storer ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (Mot. at 10-11) In the *very next question*, Samsung asked Dr. Storer "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (Mot. at 10.) And Dr. Storer responded ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ (Mot. at 11.) Contrary to Apple's assertion, it is *Apple* that is mischaracterizing and omitting relevant testimony from Dr. Storer about modems in order to confuse the issues and attempt to obscure Dr. Storer's improper opinions. Rather than apply the Court's definition of modem, Dr. Storer utilized an alternative construction and admitted as much during his deposition. These opinions should be stricken.

### III. APPLE'S RESPONSE DEMONSTRATES THAT IT DID NOT DISCLOSE THE NON-INFRINGEMENT THEORIES IN DR. FUJA'S EXPERT REPORT

Apple argues that Samsung should have somehow known Dr. Fuja's non-infringement theories from Apple's Interrogatory responses. However, Apple's Interrogatory responses were

vague and failed to provide any specificity regarding the arguments that Dr. Fuja ultimately made in his rebuttal report. This specificity left Samsung in the dark *until* it received Dr. Fuja's rebuttal expert report, when it was too late for Samsung to respond.

### A. Apple Did Not Disclose that a "Control SDU" Must Come From a Higher Layer *than the Layer that Creates MAC-e PDUs*

Apple's response to Interrogatory 12 states:

[REDACTED]

(Mot., Ex. 11 at 192.) Dr. Fuja's expert report states:

[REDACTED]

(Mot., Ex. 6 ¶ 442 (emphasis added).) Apple's only response is that Samsung should have figured out any differences between the language because Samsung contends that claim 13 relates to forming a MAC-e PDU. (Opp. at 23.) Simply because Samsung contends that claim 13 of the '596 patent relates to forming a MAC-e PDU, is not enough to demonstrate that Samsung was on notice that [REDACTED] Samsung also contends that claim 13 of the '596 patent relates to the MAC-d and MAC-es layers. (Dkt. 476-4, Exhibit B at 3.) [REDACTED] Apple's interrogatory response is not supposed to be a guessing game for Samsung but is instead supposed to reveal the theories that Apple intends to rely on in this case. (Dkt. 636 at 2 (Rule 3-1 requires patentees "to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).)

### B. Apple Did Not Disclose that "Control Information" Must be Used By the [REDACTED]

Apple does not deny that it failed to disclose Dr. Fuja's [REDACTED] theory to

1  Samsung during fact discovery.  Instead, Apple's excuse is that Dr. Min introduced new evidence.

2  The ███████ was not "new" evidence.  Both Apple and Samsung received evidence for

3  the ███████████████ weeks prior to exchanging opening expert reports.  This

4  evidence was as readily available to Apple as it was to Samsung and does not permit Apple to

5  shift its theories.  *O2 Micro*, 467 F.3d at 1364 (patentees are "'require[d] to crystallize their

6  theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim

7  construction'") (*quoting Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2 (N.D.

8  Cal. 1998).

9  　　　　When Apple stated in its Interrogatory response that the ████████████

10  ████████████████████████ Dr. Min responded in his

11  expert report that the ██████████████████████████████████

12  ████████████████████████ Faced with evidence that discredits

13  Apple's non-infringement theory, Dr. Fuja *changed* his non-infringement theory in his rebuttal

14  expert report to argue that because the ██████████████████████ the

15  products do not infringe.  (Mot., Ex. 6 ¶ 460.)  This eleventh hour change is a new theory that was

16  not disclosed in Apple's Interrogatory responses.

17  　　　　C.　　**Apple Did Not Disclose That the "N field" Represents the** ████████

18  ████████████████

19  　　　　Apple asserts that its boilerplate responses to Samsung's non-infringement Interrogatory

20  properly disclosed the facts and theories that Dr. Fuja cites and relies upon in his report for the "N

21  field."  (Opp. at 24-25.)  This is not true.  Apple's responses were nothing more than vague,

22  generalized statements that merely repeats the claim language.  Samsung is entitled to know the

23  theory behind *why* Apple's products do not practice the claim language.

24  　　　　The '596 claims state "an N field representing the number of uplink packet data."  (Dkt.

25  0811-01 ('596 patent), 17:5-6.)  Apple's Interrogatory response states:

26  ████████████████████████████████████████████

27  ████████████████

28  (Mot., Ex. 11 at 195.)  This response is as boilerplate as it gets – a simple recitation that the

1 | limitations of the asserted claims were not met.  This response does not provide the reason for *why*

2 | the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3 | And it definitely does not state that there is no infringement ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Apple claims that Dr. Fuja was responding to Dr. Min's argument for why the Accused Products practice the N field.  However, Samsung disclosed Dr. Min's theory in its infringement contentions.  (Dkt. 476-4, Exhibit B at 12-13.)  Had it failed to do so, Apple would have jumped at the opportunity to file a motion to strike on Dr. Min's theory.  It did not.  The proper time for Apple to respond to Samsung's infringement contentions was during fact discovery.

## IV.   CONCLUSION

For each of the foregoin g reasons, Samsung respectfully requests that the Court grant this motion, and strike the challenged portions of Apple's expert reports and related testimony.

DATED:  November 26, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By
Charles

/s/ Victoria F. Maroulis
K. Verhoeven
Kevin P.B. Johnson
Victoria F. Maroulis
William C. Price
Michael L. Fazio

Attorneys for
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC