JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE ARGUMENTS FROM SAMSUNG'S INVALIDITY AND NON-INFRINGEMENT EXPERT REPORTS REGARDING APPLE PATENTS)** |

In accordance with Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves this Court for an order to seal the following documents:

1. Portions of the confidential, unredacted version of Apple's Reply in Support of Its Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents ("Motion to Strike Reply"); and

2. Exhibits 47-51 to the Declaration of Joshua Furman ("Furman Declaration").

Apple's Motion to Strike Reply and the supporting exhibits listed above also contain information designated as "Highly Confidential – Attorneys' Eyes Only – Source Code," "Highly Confidential," "Highly Confidential – Attorneys' Eyes Only," "Attorneys' Eyes Only – Contains Source Code," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third parties Lars Frid-Nielsen, Google, Inc. ("Google"), Novell, Inc. ("Novell"), and/or Microsoft Corporation ("Microsoft") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties. Apple expects that Samsung, Google, Novell, Mr. Frid-Nielsen and Microsoft will file the required supporting declarations in accordance with Civil Local Rule 79-5 as necessary in order to confirm whether their information should be sealed.

**Apple Confidential Information For Which Apple Supports Sealing**

Apple moves to seal portions of its Motion to Strike Reply because they contain Apple's confidential source code and closely-related technical information. Apple has established good cause to permit the filing of this information under seal through the Declaration of Emily L. Fedman filed in support of this Administrative Motion to File Documents Under Seal ("Fedman Declaration"), as well as the previously-filed declarations of Apple in-house attorney Cyndi Wheeler that addressed this same body of confidential source code-related information of Apple's. *See* Declaration of Cyndi Wheeler, D.I. 405 (Mar. 19, 2013); Declaration of Cyndi Wheeler, D.I. 685 (July 15, 2013); Declaration of Cyndi Wheeler in support of Apple's Administrative Motion to File Documents under

Seal (Apple's Motion for Partial Summary Judgment), D.I. 803 (Oct. 10, 2013); *see also* Declaration of Henri Lamiraux, *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846 (N.D. Cal.), D.I. 1505 (July 30, 2012).

As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard, a higher standard than the "good cause" required here. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846 (N. D. Cal.), D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012); D.I. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)). This Court has further explained that "technical information that is closely related to Apple's source code" is similarly considered to be sealable. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, (N.D. Cal.) D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013). The source code and closely-related technical information at issue in this motion thus constitute the same type of information that has been held to be sealable by this Court under the "compelling reasons" standard. *See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012), D.I. 2250-1 at 7-8 (Feb. 20, 2013); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Apple's Motion to Strike Reply identifies Apple's highly sensitive and proprietary source code relating to specific functionality of its iSync software, and particularly identifies the specific source code files associated with particular functionality of Apple's iSync software, as described in further detail in this and the remaining briefing regarding Apple's Motion to Strike. Fedman Declaration ¶ 5.

As Apple in-house attorney Cyndi Wheeler explained in her March 19, 2013 declaration, Apple considers this particular information about the source code for these particular software products to be trade secrets. *See* D.I. 405 ¶¶ 4-6, 10; *see also* D.I. 685 ¶¶ 4-6, 10; D.I. 803-02 ¶ 10. Apple views its source code generally, and this source code in particular, as highly proprietary,

extremely valuable, and one of its most protected assets, and has invested millions of dollars to develop its source code. *Id*. Apple provides its source code with the highest level of protection and security, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id*. The information provided here could ultimately be used to determine how Apple structures and implements the particular functionality associated with the source code files currently at issue, and ultimately allow Apple's competitors to replicate such features and functionality using this roadmap. As Ms. Wheeler further explained, information about the specific functions and structure of this source code has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id*. Apple thus goes to significant lengths to protect its source code and prevent the disclosure and copying of its source code by outside parties. *Id.* ¶ 10. Indeed, even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. D.I. 502 ¶ 7; D.I. 495 ¶ 7; *see also* D.I. 512 ¶ 11.

Public disclosure of this information thus would be extremely harmful to Apple, at least in part because it would diminish the independent economic value that Apple derives from its proprietary and confidential source code. D.I. 803-2 ¶¶ 5-6, 9-10. As Ms. Wheeler confirmed in her October 10, 2013 declaration, the exposure of Apple's non-public source code information, like the specific source-code related information identified in Apple's Motion to Strike, would cause Apple to lose significant competitive advantage. *Id.* ¶¶ 6-10.

The relief requested by Apple is narrowly tailored to protect the confidentiality of only Apple's most confidential information contained in the Motion to Strike Reply. Indeed, Apple is not seeking to seal the entirety of its discussion regarding the source code at issue; rather, Apple is moving to seal only the very limited portions of the document that contains specific identification of specific source code files or functionality from Apple's highly proprietary source code. Fedman

Declaration ¶¶ 5, 9.  Apple has not sought to seal information that is not specifically and closely tied to its source code.  *Id.*  Moreover, the information that Apple here seeks to seal – a few highly technical details – is not necessary for the public to understand the parties' positions or the issues in the underlying brief.  Thus, there are both compelling reasons to seal this information and an especially low level of interest from the public in the precise contours of the source code at issue.  *See, e.g., id.; Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").  Accordingly, because Apple has a compelling interest in sealing its non-public, confidential source code information, which outweighs the public interest in this information, it should be sealed.

Apple has e-filed under seal a version of its Motion to Strike Reply that highlights Apple's highly confidential and sealable information in yellow.

**Samsung or Third Parties' Confidential Information**

As described in the Fedman Declaration, the following documents contain information that has been designated highly confidential by Samsung and/or Google pursuant to the Protective Order entered in this case, or otherwise contain information that is believed to be deemed confidential by Samsung, Google, Novell, Mr. Frid-Nielsen, and/or Microsoft: Portions of Apple's Motion to Strike Reply and Exhibits 47-51 to the Furman Declaration.  Fedman Declaration ¶¶ 12-18.

Accordingly, Apple has moved to file these documents under seal.  Pursuant to the local rules of this court, Apple has provided a proposed public redacted version of its Motion to Strike Reply as an attachment to this Motion.  The sealed versions of this document will highlight any Samsung or third party highly confidential and sealable information in grey.  The complete, unredacted versions of all of the documents identified above will be e-filed under seal concurrently with this motion, as

well as served upon Samsung and the third parties whose confidential information is implicated, as appropriate.

Pursuant to Civil L.R. 7-11, Apple's counsel met and conferred with Samsung's counsel regarding this motion. Fedman Declaration ¶ 19. Samsung does not oppose this Motion as a procedural mechanism for filing portions of Apple's Motion to Strike Reply and supporting documents under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

Dated:  November 26, 2013              GIBSON, DUNN & CRUTCHER LLP


                                       By:  /s/ H. Mark Lyon
                                            H. Mark Lyon

                                       Attorneys for Plaintiff and Counterclaim-
                                       Defendant APPLE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon counsel for Google, Lars Frid-Nielsen, Novell, and Microsoft via electronic mail and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 26, 2013             /s/   *H. Mark Lyon*
                                            H. Mark Lyon