# EXHIBIT 1

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Civil Action No. 12-CV-00630-LHK<br><br>**APPLE INC.'S SUPPLEMENTAL RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES (NOS. 5, 8, 11, 12, 14, 18)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

## XV. CLAIM 1

### A. "means for capturing, digitizing, and compressing at least one composite signal"

The Court has construed the limitation to be a means-plus-function claim limitation for which the corresponding structure is "an audio capture card, and a video card having a video capture module." Samsung has not identified an audio capture card or a video card with video capture module in any iOS device, or any equivalent. Apple iOS devices do not use either an audio capture card or a video card having a video capture module, or any equivalent. Because the required components any equivalents do not exist in the accused Apple iOS devices, Apple does not infringe claim 1.

Samsung contends that the "Mobile Remote Units have a means for capturing, digitizing, and compressing a composite signal into a digital file" and has identified iOS devices as "Mobile Remote Units."[1] The components identified by Samsung – a CMOS Image Sensor that "uses an A/D converter," a processor with a graphical processing unit, and a video encoder – do not constitute a video card with a video capture module or an audio capture card, and therefore Apple does not infringe. An audio capture card and a video capture card with video capture module are (outdated) add-on components for personal computers that are used to receive video and audio signals ("capture") from an external device (such as a video camera). (*See* '239 patent at 4:28-31, 4:39-40, 5:44-46.) In contrast, a CMOS image sensor includes thousands of individual pixels that receive light. The light received by each pixel is converted into a digital value. Those digital values are then compiled into a video image. A CMOS image sensor cannot receive a video from an external device and does not receive or record audio signals. In addition, the claimed "composite signal" necessarily must be an analog signal; otherwise, there would be no need for the composite signal to be digitized. The CMOS image sensor does not use a separate

---

[1] Apple iOS devices refers to the accused Apple products that operate Apple iOS operating systems.

-114-

1  "A/D converter" as Samsung contends.  The accused iOS devices cannot receive an analog
2  video signal from an external device and digitize and compress it, whether using the CMOS
3  image sensor or any other component.

4  Samsung has also failed to identify any audio components of any kind in its
5  infringement contentions, much less an "audio capture card."  For this additional reason,
6  Samsung cannot prove infringement of claim 1 with respect to this limitation.

7  Samsung also cannot prove infringement of claim 1 with respect to this limitation for
8  several of the accused iOS devices – the original iPad, and the 1st, 2nd, and 3rd generation
9  iPod touch – even under Samsung's theory because these products do not have a camera or a
10 CMOS image sensor.

11 Samsung has also failed to articulate any theory of infringement of equivalents under
12 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the
13 equivalent of an audio capture card, and a video card having a video capture module.  For
14 this reason, Samsung cannot prove infringement under any theory of equivalents.

15 **B.    "means for storing"**

16 Samsung contends that the "Mobile Remote Unit has a means for storing the
17 composite signal, such as a NAND flash module or RAM."  Samsung has failed to provide a
18 means plus function analysis for this limitation.  The only corresponding structure disclosed
19 in the '239 patent for performing the function required by the "means for storing" limitation
20 is a hard disk drive.  None of the Apple iOS devices has a hard disk, and neither NAND flash
21 memory nor RAM is a hard disk drive.  Moreover, both the NAND flash memory and RAM
22 store only digital data and cannot store an analog "composite signal."  For these reasons,
23 Samsung cannot prove infringement of claim 1 with respect to this limitation.

24 Samsung has also failed to articulate any theory of infringement of equivalents under
25 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the
26 equivalent of a hard disk drive.  For this reason, Samsung cannot prove infringement under
27 any theory of equivalents.

28

-115-

C.     **"means for transmitting said composite signal"**

The Court has construed the limitation to be a means-plus-function claim limitation for which the corresponding structure is "one or more modems connected to one or more cellular telephones, telephone lines, and/or radio transmitters, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file." But Samsung has failed to identify any modem connected to any cellular telephone, telephone line, or radio transmitter, any communications port, or any software to perform the required sequence of steps. None of Apple iOS devices uses a modem, a modem connected to a cellular telephone, telephone line, or radio transmitters, or communications ports, or their equivalents. Because the required components and any equivalents do not exist in the accused Apple iOS devices, Apple does not infringe.

Samsung contends "[o]n information and belief, the Mobile Remote Units have at least one of two types of computer interfaces for transmitting composite signals to a host unit. . . [;] a baseband chip. . . [and] a wireless chip for transmitting . . . across Wi-Fi frequencies." Neither the baseband chip nor the wireless chip is a "modem" – the type of interface required by the Court's construction – nor is either chip "connected to" "one or more modems," as the Court's construction also requires   (*See* Claim Constr. Order at 60.) Both chips perform their intended functions without the need for separate modems connected to the iOS device using a communications port.

For similar reasons, Samsung cannot prove infringement with respect to this limitation because the accused iOS devices also do not have – or need – any software for "initializing one or more communications ports on the remote unit." A "communications port" in the required structure connects the modem to the remote unit. Because all the accused functionalities in each iOS device are integrated into a single device, there is no need for a "communications port" to connect a modem to the device, and therefore no need for software to initialize a communications port.

-116-

1       Samsung also cannot prove infringement with respect to this limitation by the
2  FaceTime application. The corresponding structure must include software for "obtaining the
3  stored data file, and transmitting the stored data file." But FaceTime streams video with
4  audio, and never uses – and therefore does not "obtain" or "transmit" – a stored data file.
5       Samsung cannot prove infringement with respect to this limitation by Wi-Fi sync with
6  iTunes. Wi-Fi sync with iTunes is incapable of syncing videos taken by the iOS device using
7  the camera (Samsung's theory of "capturing" "at least one composite signal") with iTunes.
8       Samsung has also failed to articulate any theory of infringement of equivalents under
9  35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the
10  equivalent of the disclosed structure. For this reason, Samsung cannot prove infringement
11  under any theory of equivalents.

12  **D.    "means for receiving at least one composite signal transmitted by the remote unit"**
13

14       Samsung asserts only that "[o]n information and belief, Apple's computers . . . each
15  have a computer interface(s) for receiving a composite signal transmitted by the remote unit
16  either over cellular or Wi-Fi frequencies." Samsung has failed to provide a means plus
17  function analysis for this limitation. The only corresponding structure disclosed in the '239
18  patent for performing this limitation is one or more modems, corresponding to the number of
19  modems used in the remote unit, connected to one or more cellular telephones, telephone
20  lines, and/or radio transmitters and File Reception Software Sequence E. (*See* '239 patent at
21  10:33-61, 11:28-12:8.) But Samsung has failed to identify any such structure in the accused
22  devices. None of accused Mac computers uses a modem, a modem connected to a cellular
23  telephone, telephone line, or radio transmitters, or communications ports, or software that
24  performs the steps of File Reception Software Sequence E. Because the required
25  components do not exist in the accused Mac computers, Apple does not infringe.
26       Samsung also contends that "Apple's software . . . works in conjunction with that
27  computer interface(s) to allow a host computer unit to receive information from a Mobile
28

-117-

1  Remote Unit," and identifies only Wi-Fi sync with iTunes and FaceTime as the software. As
2  discussed above, Samsung cannot prove infringement with respect to this limitation by Wi-Fi
3  sync with iTunes because it is incapable of syncing videos taken by the iOS device using the
4  camera (Samsung's theory of "capturing" "at least one composite signal") with iTunes or by
5  FaceTime because it does not use data files.

6  Samsung also cannot prove infringement with respect to this limitation for composite
7  signals "transmitted by the remote unit" using Mail, Messages or YouTube. Samsung has
8  failed to identify any structure that performs corresponding functionality on the accused Mac
9  computers for receiving videos transmitted by Mail, Messages, or YouTube.

10  Samsung has also failed to articulate any theory of equivalents under 35 U.S.C § 112
11  ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of
12  the disclosed structure. For this reason, Samsung cannot prove infringement under any
13  theory of equivalents.

14  E.  **"a playback unit including means for exchanging data with said host unit"**
15

16  Samsung contends only that "[o]n information and belief," "Apple's computers . . .
17  each have a playback unit for playing the composite signal and displaying it to the user" but
18  fails to identify any such unit in any of the accused Mac computers. Because Samsung has
19  failed to articulate its infringement theory with respect to each requirement of this limitation,
20  Samsung cannot prove infringement of claim 1, and Apple cannot fully respond to
21  Samsung's infringement contentions.

22  For the "means for exchanging data with said host unit," Samsung asserts only that
23  "Apple's computers each have a circuit for exchanging the data received by the host
24  computer's interface with the playback unit" and "Apple's software, such as QuickTime and
25  FaceTime, works in conjunction with that computer interface(s) and the circuit to allow a
26  host unit to receive data from an iPhone . . . and transmit it to playback unit." But Samsung
27  has failed to identify any such "circuit" or "interface" or software in any purported playback
28

-118-

1  unit that "exchanges data with the host unit."  Because Samsung has failed to articulate its
2  infringement theory with respect to each requirement of this limitation, Samsung cannot
3  prove infringement of claim 1, and Apple cannot fully respond to Samsung's infringement
4  contentions.

5      Samsung has also failed to provide a means plus function analysis for this limitation.
6  The only structure disclosed in the specification for "exchanging data with said host unit" is
7  a16-bit Ethernet card, Novell Netware Lite software, and Host Boot Software Sequence D.
8  But Samsung has failed to identify any such card or software.  Moreover, Samsung cannot
9  identify any such components because none of accused Mac computers uses the required
10 components.  Video playback functionality is incorporated into the Mac computer, thereby
11 eliminating any need for networking components.  Because the required components do not
12 exist in the accused Mac computers, Apple does not infringe claim 1.

13     Samsung has also identified Quicktime and FaceTime as "[o]n information and
14 belief" "working in conjunction with that computer interface(s) and the circuit to allow a host
15 unit to receive data [from an iOS device] and transmit it to playback unit for [the] playback
16 unit."  Samsung has failed to articulate a theory of how Quicktime and FaceTime on a
17 playback unit exchanges data with the host unit.  Moreover, neither Quicktime nor FaceTime
18 exchanges data between a host unit and a playback unit, either using an Ethernet card and
19 Novel Netware Lite or otherwise.  Because the required components do not exist in the
20 accused Mac computers, Apple does not infringe claim 1.

21     Samsung has also failed to articulate any theory of equivalents under 35 U.S.C § 112
22 ¶ 6 or doctrine of equivalents, and the accused devices do not contain the equivalent of the
23 disclosed structure.  For this reason, Samsung cannot prove infringement under any theory of
24 equivalents.

25     **F.**    **"means for storing the composite signal received by the host unit"**
26     Samsung asserts only that "[o]n information and belief" "Mac computers" "each have
27 a hard [sic] or NAND flash module for storing the composite signal that is received by the
28

-119-

1  host unit's interface from a Mobile Remote Unit and then exchanged with the playback unit."
2  The storage devices in the Mac computers store only digital data and cannot store an analog
3  "composite signal." For these reasons, Samsung cannot prove infringement of claim 1 with
4  respect to this limitation.
5       Samsung also identifies FaceTime and iTunes Wi-Fi sync as part of the "means for
6  storing." As discussed above, the FaceTime application does not store a data file in NAND
7  flash memory, and iTunes Wi-Fi sync does not sync videos taken on the devices and
8  therefore cannot store them on a playback unit. For these reasons, Samsung cannot prove
9  infringement of claim 1 by FaceTime or iTunes Wi-Fi sync with respect to this limitation.
10      Samsung also asserts that "composite signals that are received by the host unit via
11 email [or] messaging" satisfy this limitation. But as discussed above, Samsung has failed to
12 identify Mail or Messages as a "means for receiving" the composite signal transmitted by the
13 remote unit. Because Samsung has failed to articulate its infringement theory with respect to
14 this limitation, Samsung cannot prove infringement of claim 1, and Apple cannot fully
15 respond to Samsung's infringement contentions.
16      Samsung has also failed to articulate any theory of infringement of equivalents under
17 35 U.S.C § 112 ¶ 6 or doctrine of equivalents, and the accused devices do not contain the
18 equivalent of the disclosed structure. For this reason, Samsung cannot prove infringement
19 under any theory of equivalents.
20      **G.     "means for decompressing said composite signal"**
21      Samsung contends only that "[o]n information and belief" "Mac computers" and iOS
22 devices "each have a graphical processing unit such as a video card, including a video
23 decoder, for decompressing the compressed composite signal for playback." Samsung has
24 failed to provide a means plus function analysis for this limitation. The only corresponding
25 structure disclosed in the '239 patent for performing the claimed function is "a video card
26 similar to the video card installed in the remote unit 2 with the exception that the capture
27 module is not necessary." ('239 patent at 12:37-42.) But Samsung has failed to identify any
28

-120-

1  video card in the accused Apple products, nor does any accused product use a video card.
2  Because the required components do not exist in the accused products, Apple does not
3  infringe claim 1.
4      Samsung has also failed to articulate any theory of infringement equivalents under 35
5  U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the
6  equivalent of the disclosed structure.  For this reason, Samsung cannot prove infringement
7  under any theory of equivalents.

## XVI. CLAIM 7

Claim 7 is a dependent claim that depends on claim 1.  The accused Apple devices do not infringe claim 7 at least for the reasons set out above for claim 1.

### A. "wherein the means for transmitting the composite signal includes: at least one interface installed in conjunction with said remote unit; a cellular telephone connected to each said interface"

Samsung contends that the iOS devices "have at least one interface installed that is connected to a cellular telephone" and that Apple "informs its customers that the baseband processor on some models of the [iOS device] allows it to interface with multiple cellular networks."  But the only "interface" disclosed in the specification – and required by the Court – is a "modem," and Samsung has failed to identify a modem in the accused iOS devices.  Claim Construction Order, ECF No. 447 at 60.  Moreover, as discussed above, the accused iOS devices do not use modems.  The baseband processor identified by Samsung is neither a modem nor "a cellular telephone connected to [an] interface" or modem."  Because the required components do not exist in the accused products, Apple does not infringe claim 1.

Samsung has also failed to articulate any theory of infringement of equivalents under 35 U.S.C § 112 ¶ 6 or doctrine of equivalents, and the accused devices do not contain the equivalent of the disclosed structure.  For this reason, Samsung cannot prove infringement under any theory of equivalents.

-121-

## XVII. CLAIM 15

### A. "a computer including a video capture module to capture and compress video in real time"

Samsung contends that the accused iOS devices "comprise a computer that includes a video capture module to capture and compress video in real time."  But Samsung cannot prove infringement with respect to this limitation because the components Samsung identifies – a CMOS Image Sensor that "uses an A/D converter," a processor with a graphical processing unit, and a video encoder – do not constitute a video capture module.  A video capture module is an (outdated) add-on component for personal computers that is used to receive video signals ("capture") from an external device (such as a video camera).  (*See* '239 patent at 4:28-31, 4:39-40, 5:44-46, 12:37-42.)  In contrast, a CMOS image sensor includes thousands of individual pixels that receive light.  The light received by each pixel is converted into a digital value.  Those digital values are then compiled into a video image.  A CMOS image sense cannot receive a video from an external device, as required by the patent.  In addition, the claimed "composite signal" necessarily must be an analog signal; otherwise, there would be no need for the composite signal to be digitized.  The CMOS image sensor does not use a separate "A/D converter" as Samsung contends.  The accused iOS devices have no ability to receive an analog video signal from an external device and digitize and compress it, whether using the CMOS image sensor or any other component.

Samsung also cannot prove infringement of claim 15 with respect to this limitation for several of the accused iOS devices – the original iPad, and the 1st, 2nd, and 3rd generation iPod touch – even under Samsung's theory because these products do not have a camera or a CMOS image sensor.

Samsung has also failed to articulate any theory of infringement equivalents under 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of the disclosed structure.  For this reason, Samsung cannot prove infringement under any theory of equivalents.

-122-

### B. "means for transmission of said captured video over a cellular frequency"

Samsung contends that the accused iOS devices "allow[] for the transmission of a captured video over a cellular frequency in a variety of ways" and also identifies Mail, Message, FaceTime, and YouTube applications. But Samsung fails to provide a proper means plus function analysis. The only corresponding structure disclosed in the '239 patent for performing the claimed function is "one or more modems connected to one or more cellular telephones, and software performing a software sequence of initializing one or more communications ports on the remote unit, obtaining the stored data file, and transmitting the stored data file." Samsung has failed to identify any modem connected to any cellular telephone, any communications port, or any software to perform the required sequence of steps. Moreover, Samsung cannot identify any such components because none of Apple iOS devices uses a modem, a modem connected to a cellular telephone, or communications ports. Because the required components do not exist in the accused Apple iOS devices, Apple does not infringe claim 15.

Samsung also cannot prove infringement with respect to this limitation by FaceTime because, as discussed above, FaceTime does not use stored data files.

Samsung has also failed to articulate any theory of infringement of equivalents under 35 U.S.C § 112 ¶ 6 or the doctrine of equivalents, and the accused devices do not contain the equivalent of the disclosed structure. For this reason, Samsung cannot prove infringement under any theory of equivalents

## XVIII. CLAIM 16

Claim 16 is a dependent claim that depends on claim 15. The accused Apple devices do not infringe claim 16 at least for the reasons set out above for claim 15.

### A. "wherein the means for transmitting of said captured video over a cellular frequency includes; at least two interfaces operating in conjunction with said computer; a cellular telephone connected to each said interface"

For the same reasons as discussed above with respect to claim 7, Samsung cannot prove infringement of claim 16.

-123-

Dated: May 2, 2013

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

-151-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document, Apple Inc.'s Supplemental Responses to Samsung's First Set of Interrogatories (Nos. 5, 8, 11, 12, 14, and 18), was served on May 2, 2013, by electronic mail upon the following counsel of record:

**Charles K. Verhoeven**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com

**Kevin P.B. Johnson**
**Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

**William C. Price**
**Michael L. Fazio**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com

**John M. Caracappa**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-6267
Facsimile: (202) 429-3902
jcaracap@steptoe.com

*/s/ Andrew L. Liao*
Andrew L. Liao

-152-