# EXHIBIT 5

## Page 292

```
 1         UNITED STATES DISTRICT COURT
 2   NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION
 3   -----------------X
 4   APPLE INC., a California     :
 5   Corporation,                 :
 6        Plaintiff,              :
 7   v.                           :
 8   SAMSUNG ELECTRONICS CO., LTD., a :
 9   Korean corporation; SAMSUNG     : Civil Action No.
10   ELECTRONICS AMERICA, INC., a New : 12-cv-00630-LHK(PSG)
11   York corporation; and SAMSUNG   :
12   TELECOMMUNICATIONS AMERICA, LLC, :
13   A Delaware limited liability    :
14   Company,                        :
15        Defendants.               :
16   -----------------X
17   (Caption continued on next page)
18             VOLUME 2
19    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
20    VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D.
21             WASHINGTON, D.C.
22     Friday, October 4, 2013 - 8:30 a.m.
23   Job No.: 44750
24   Pages: 292 - 460
25   Reported By: Lori J. Goodin, RPR, CLR, CRR
```

## Page 293

```
 1   (Caption continued from previous page)
 2   -----------------X
 3   SAMSUNG ELECTRONICS CO., LTD., a :
 4   Korean corporation; SAMSUNG     :
 5   ELECTRONICS AMERICA, INC., a New :
 6   York corporation; and SAMSUNG   :
 7   TELECOMMUNICATIONS AMERICA, LLC, :
 8   A Delaware limited liability    :
 9   Company,                        :
10        Counterclaim-Plaintiffs,  :
11   V.                             :
12   APPLE INC., a California       :
13   Corporation,                   :
14        Counterclaim-Defendant.  :
15   -----------------X
16     Videotaped Deposition of DANIEL SCHONFELD, Ph.D.,
17   held at the offices of:
18
19       QUINN, EMANUEL, URQUHART & SULLIVAN
20       1299 Pennsylvania Avenue, Suite 825
21       Washington, D.C.  20004
22       (202) 538-8000
23     Pursuant to notice, before Lori J. Goodin, RPR, CLR,
24   CRR, and Notary Public in and for the District of Columbia,
25   who officiated in administering the oath to the witness.
```

## Page 294

```
 1              A P P E A R A N C E S
 2   On behalf of Plaintiff and Counterclaim-Defendant
 3   Apple Inc.:
 4       MARK D. SELWYN, ESQUIRE
 5       KATHRYN ZALEWSKI, ESQUIRE
 6       JOHN P. PETTIT, ESQUIRE
 7       WILMER CUTLER PICKERING HALE & DORR, LLP
 8       950 Page Mill Road
 9       Palo Alto, California
10       (650) 858-6000
11
12   On behalf of Defendants and
13   Counterclaim-Plaintiffs Samsung parties:
14       MARISSA R. DUCCA, ESQUIRE
15       JAMES RAZICK, ESQUIRE
16       QUINN, EMANUEL, URQUHART & SULLIVAN
17       1299 Pennsylvania Avenue, Northwest
18       Suite 825
19       Washington, D.C.  20004
20       (202) 538-8000
```

## Page 295

```
 1         A P P E A R A N C E S  C O N T I N U E D
 2   On behalf of Defendants and
 3   Counterclaim-Plaintiffs Samsung parties:
 4       JOSEPH MILOWIC, III, ESQUIRE
 5       QUINN, EMANUEL, URQUHART & SULLIVAN
 6       51 Madison Avenue, 22nd Floor
 7       New York, New York  10010
 8       (212) 849-7225
 9
10   ALSO PRESENT:
11       David Bayles, Videographer
```

Page 296

CONTENTS
EXAMINATION OF DANIEL SCHONFELD, Ph.D.        PAGE
By Mr. Selwyn                                  297

EXHIBITS
(None marked)

Page 297

PROCEEDINGS
* * *
THE VIDEOGRAPHER: We are on the record at 8:31 on October 4, 2013. This is Volume II in the video deposition of Dan Schonfeld, Ph.D. The witness remains sworn.
DANIEL SCHONFELD, Ph.D., having been previously duly sworn, resumed and testified further as follows:
CONTINUED EXAMINATION BY COUNSEL FOR APPLE
BY MR. SELWYN:
Q. Good morning.
A. Good morning.
Q. What is a multimedia device?
A. In what context are we talking?
Q. In the context in which you are an expert?
A. In the context in which I am an expert.
Q. In your field?
A. So, my field of expertise is multimedia systems.
Q. Okay.
A. And so if you are asking me what a device is in the context of the multimedia

Page 298

systems, it can take on many different meanings depending on the context in which you are talking.
Q. How would you explain what a multimedia device is to the jury?
A. I would have to explain it in a particular context. I would have to explain, I could give examples of devices. For example, I could talk about a television set as being a device. I could talk about a particular integrated circuit as being a device.
I could talk about a block within an integrated circuit as being a device. I could talk about a board as being a device. I would have to know the context to know what I am referring to, but it could take on many different meanings, depending on the context.
Q. Does the '757 patent use the term multimedia device in a specialized way?
A. Where exactly are you referring to in the '757?
Q. I'm not referring to anywhere in particular.
A. But you just asked me if the '757 refers to it in a particular context within the

Page 299

'757 -- or within the claims?
Q. You asked me about what context, and I'm telling you in the context of the '757 patent, is the term, multimedia device, used in a particular way?
A. So, my --
Q. Let me ask you a new question, so we don't spend time with you reviewing the patent.
Are the devices referred to in the '757 patent multimedia devices?
A. The devices referred to in the claims of the '757?
Q. Yes.
A. I believe they are multimedia devices, yes.
Q. Does the '757 patent use the term, device, in a specialized way?
A. Well, yes.
Q. In what way does it use it?
A. So it depends in the context again. But I can take, for instance, one particular context, in Claim 1 it refers to, for instance, a zone-specific storage and interface device. And that has been construed by the court as a storage and interface device that resides in an area such

Case 5:12-cv-00630-LHK Document 1017-9 Filed 11/26/13 Page 4 of 5
HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, PH.D., VOLUME 2
CONDUCTED ON FRIDAY, OCTOBER 4, 2013

27 (Pages 396 to 399)

396

1   A.   If I understand bill of materials,
2   it is not from the phrase, bill of materials, but
3   from the content that is described.
4        So, the phrase, bill of materials,
5   doesn't, by itself does not mean something
6   concrete to me.
7   Q.   Would it refresh your recollection
8   if I suggested to you that a bill of materials is
9   a list of components in a product?
10  A.   I believe I have seen lists of
11  components in products.
12  Q.   And in preparation of your
13  infringement analysis did you review lists of
14  components that are in the accused products?
15  A.   I believe it was part of the overall
16  materials I considered, but I don't remember the
17  details of it, of anything related to it.
18  Q.   How many lists of materials for the
19  accused products did you review?
20  A.   I have no recollection of this.
21  Q.   You have included bills of materials
22  in your list of materials considered in your
23  infringement report. Have you not?
24  A.   I believe so.
25  Q.   And you reviewed all of the

397

1   materials that are listed in your materials
2   considered section, correct?
3   A.   I am pretty sure I have seen bills
4   of materials. And I don't know that I have
5   reviewed every single item on every single list.
6   But, I have, I understood for the purpose of my
7   report, I understood it to the level I needed to.
8   Q.   For purposes of your infringement
9   analysis, why did you review bills of materials
10  or other documents that contained the lists of
11  materials?
12  A.   That was part of the discovery
13  material provided to me.
14  Q.   None of the bills of materials that
15  you reviewed and that are referenced in your list
16  of materials considered identified a video card
17  as a component, correct?
18  A.   I don't recall.
19  Q.   None of the bills of materials for
20  the accused Apple products listed a video capture
21  module as a component, correct?
22  A.   I don't recall. That is not the
23  exercise that I did in terms of looking for the
24  specific words in the claim. I just tried to
25  understand the product and understand its

398

1   functionality.
2   Q.   None of the bills of materials for
3   the accused Apple products lists a video capture
4   card as a component, correct?
5   A.   The same answer I just gave. I was
6   not looking for the specific words in the claims.
7   Q.   None of the bills of materials for
8   the accused Apple products lists either an audio
9   card or an audio capture card as a component,
10  correct?
11  A.   Again, in general -- well,
12  specifically to your question, I did not look for
13  the specific words in the claim language, in the,
14  in any lists, and I presume that they are
15  referred to as bills of materials.
16  Q.   None of the documents that are
17  identified in your list of materials considered
18  identifies a video capture module as a component
19  of an accused Apple component, correct?
20  A.   I am not sure if I understand you
21  correctly. Are you talking about just the bill
22  of materials or, in general, my understanding of
23  the overall products?
24  Q.   You reviewed various documents
25  describing components of Apple products, did you

399

1   not?
2   A.   Yes, I did.
3   Q.   And none of those materials that you
4   reviewed listed a video capture module as a
5   component, correct?
6        MS. DUCCA:  Objection, vague.
7        THE WITNESS:  If the question is
8   whether or not the Apple documents that were
9   provided to me as part of discovery use the
10  exact words that are used in the claim
11  language, they may or may not have, I don't
12  remember.
13       But, that was not the analysis that
14  I took.
15  BY MR. SELWYN:
16  Q.   And none of the documents that
17  you've reviewed identified an audio card or an
18  audio capture card as a component of an Apple
19  accused product, correct?
20       MS. DUCCA:  Objection, asked and
21  answered.
22       THE WITNESS:  So, the answer I had
23  given in response to the last few questions
24  would apply to this question as well.
25  BY MR. SELWYN:

Case 5:12-cv-00630-LHK Document 1017-9 Filed 11/26/13 Page 5 of 5
HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 2
CONDUCTED ON FRIDAY, OCTOBER 4, 2013

28 (Pages 400 to 403)

400

1  Q. Can you answer the question?
2  A. The, so, as I said in the previous
3  responses, I did not look for the specific term
4  used in the claim term, in any of the specific
5  documents. I just tried to understand and, the
6  functionality and structure of the devices.
7  Q. And none of the Apple documents that
8  you have reviewed in connection with the
9  preparation of your infringement analysis
10 identified either a video card or a video capture
11 card as a component of an accused component,
12 correct?
13     MS. DUCCA: Objection, asked and
14 answered.
15     THE WITNESS: So, again I have seen
16 reference to things like logic board and so
17 on, but I was not looking for a specific
18 reference that used the exact same terms.
19 BY MR. SELWYN:
20 Q. And you can't recall seeing any,
21 correct?
22     MS. DUCCA: Objection, asked and
23 answered.
24     THE WITNESS: I wasn't looking for
25 it, so, I don't, I wasn't looking with that

401

1  analysis in mind.
2  BY MR. SELWYN:
3  Q. A video card having a video capture
4  module can't record a video by itself, correct?
5     MS. DUCCA: Objection, calls for a
6  legal conclusion.
7     THE WITNESS: So, again, we are
8  talking about video card and video capture
9  module, as claimed in Claim 1, for example?
10 BY MR. SELWYN:
11 Q. I'm talking about a component or
12 device known as a video card having a video
13 capture module. And my question is, can that
14 record a video by itself?
15     MS. DUCCA: Objection, calls for
16 legal conclusion. Vague.
17     THE WITNESS: So, again I'm not
18 precisely clear as to what you are asking me.
19 If you are asking me to remove myself from
20 the patent, and just consider the term, video
21 card, having a video capture module, and
22 asking whether that by itself can perform the
23 task of capturing video, is that your
24 question?
25 BY MR. SELWYN:

402

1  Q. Whether it can record a video by
2  itself, yes.
3  A. So, if a video card -- and your
4  question is would record?
5  Q. Yes.
6  A. Okay. And what do you mean by
7  record in this context?
8  Q. Take a video and store it.
9  A. So, I would say all of them record
10 video, because all of them store it, because we
11 are talking about video capture modules that
12 captures digitized video, which means it must sit
13 there in memory, so it is stored in memory. So,
14 all of them record video as part of, as part of
15 capturing the video.
16 Q. Okay. That doesn't answer my
17 question. Can a video card having a video
18 capture module take a video?
19     MS. DUCCA: Objection, vague, calls
20 for legal conclusion.
21     THE WITNESS: So, again, what do you
22 mean by take a video?
23 BY MR. SELWYN:
24 Q. What do you understand take a video
25 to mean? We will use your words.

403

1  A. If you are using a camera, people
2  use the term loosely to take a video to mean to
3  capture a video.
4  Q. Okay. Can a video card having a
5  video capture module do that?
6  A. Yes, absolutely.
7  Q. Okay. What components of the video
8  card with a video capture module does it use to
9  do that?
10 A. So, again, we are talking in
11 general, outside of the patent. We are not
12 talking in the context of the patent.
13     So the video card having a video
14 capture module needs to have a card. And it
15 needs to have a, the ability to capture video.
16 And so, you can do it in many different ways.
17 Q. What do you mean by capture a video?
18 A. Capture a video means to acquire a
19 video.
20 Q. What are photo detectors?
21 A. They are sensors.
22 Q. Does a video card having a video
23 capture module have photo detectors?
24     MS. DUCCA: Objection, calls for a
25 legal conclusion, vague.