# EXHIBIT 10

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California  94304-1211 <br> Telephone:  (650) 849-5300 <br> Facsimile:  (650) 849-5333 <br><br> MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 <br><br> MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 <br><br> *Attorneys for Plaintiff and* <br> *Counterclaim-Defendant Apple Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br>       Plaintiff, <br><br>   vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>       Defendants. | Civil Action No. 12-CV-00630-LHK <br><br> **APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S FOURTH SET OF INTERROGATORIES (NOS. 27-37)** <br><br> **APPLE'S RESPONSE TO INTERROGATORY NO. 28 IS DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

1 seeks information that is subject to a confidentiality or non-disclosure agreement or governed
2 by a protective order preventing its production, or otherwise seeks confidential, proprietary
3 or trade secret information of third parties. Apple further objects to this Interrogatory to the
4 extent it requires information outside Apple's possession, custody and control, including, for
5 example, information concerning components that Apple has purchased from third parties.
6 Apple also objects to this Interrogatory as not relevant to the claims or defenses of the parties
7 nor reasonably calculated to lead to the discovery of admissible evidence to the extent it
8 seeks information about the accused Apple products beyond the components, functionalities,
9 or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or
10 that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.  Accordingly,
11 in responding to this interrogatory, Apple is only providing information for those Apple
12 products that Samsung has accused of infringing the '087 and '596 patents, and only for the
13 versions of those products that are compatible with the 3GPP UMTS standard, as all other
14 Apple products are outside the scope of Samsung's infringement contentions for those
15 patents.
16    Subject to and without waiving its objections, Apple states that it has made a
17 reasonable inquiry and that the information it knows or can readily obtain is insufficient to
18 enable Apple to state whether Apple contends that the Apple products that Samsung has
19 accused of infringing the '087 and '596 patents comply with the 3GPP Standard.
20    Discovery is still in its early stages and Apple is continuing to investigate.  Apple
21 reserves the right to supplement and/or amend its response as appropriate.
22 **INTERROGATORY NO. 31:**
23    Describe any testing performed on each APPLE ACCUSED PRODUCT, including
24 by or with any third party, for certification of compliance with 3GPP standards and/or for
25 compliance with a 3GPP carrier's network.
26
27
28

**RESPONSE TO INTERROGATORY NO. 31**

Apple objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, especially to the extent it seeks information about the accused Apple products beyond the components, functionalities, or technologies of those products that may be relevant to Samsung's patents-in-suit, and/or that Samsung has placed at issue in this case in its Patent Rule 3-1 Disclosures.  Accordingly, in responding to this interrogatory, Apple is only providing information for those Apple products that Samsung has accused of infringing the '087 and '596 patents, and only for the versions of those products that are compatible with the 3GPP UMTS standard, as all other Apple products are outside the scope of Samsung's infringement contentions for those patents.  Apple further objects to this Interrogatory as it contains subparts, each of which should count as a separate Interrogatory.

Apple also objects to this Interrogatory to the extent it seeks information that is subject to a confidentiality or non-disclosure agreement or governed by a protective order preventing its production, or otherwise seeks confidential, proprietary, or trade secret information of third parties. Apple further objects to this Interrogatory to the extent it requires information outside Apple's possession, custody, and control, including, for example, information concerning components that Apple has purchased from third parties.

Subject to and without waiving the foregoing General and Specific Objections, Apple responds that in accordance with Federal Rule of Civil Procedure 33(d), Apple has produced and/or will produce documents responsive to this Interrogatory, and that the burden of ascertaining the answer to this Interrogatory from the produced business records is substantially the same for Apple as for Samsung. Apple further designates, at this time, the following documents from which information responsive to this Interrogatory may be ascertained:

1       Apple iPhone related documents: APL7940001420530 - APL7940001420761,
2    APL7940001420762 - APL794000142941, APL7940011143026 - APL7940011143139,
3    APL7940011143160 - APL7940011143179,
4    APL7940011143201 - APL7940011143361, and APL7940011143362 -
5    APL7940011143627.
6       Apple iPad related documents: APL7940001421024 - APL7940001421103,
7    APL7940011143180 - APL7940011143200 and APL7940001421104 - APL7940001421202.
8       Discovery is still in its early stages and Apple is continuing to investigate.  Apple
9    reserves the right to supplement and/or amend its response as appropriate.

10   **INTERROGATORY NO. 32:**
11       For each APPLE ACCUSED PRODUCT, IDENTIFY by Bates Number the final
12   submitted and completed version (completed by Apple and submitted to AT&T) of the
13   following documents:
14       (1)   AT&T Device Requirements Document (AT&T Document # 13340);
15       (2)   Handset Specification Compliance Spreadsheet (AT&T Document # 13289);
16           and
17       (3)   Lab and Field Test Requirements for Terminal Unit Acceptance (AT&T
18           Document # 10776).

19   **RESPONSE TO INTERROGATORY NO. 32**
20       Apple objects to this Interrogatory on the grounds that it is overbroad, unduly
21   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence,
22   especially to the extent it seeks information about the accused Apple products beyond the
23   components, functionalities, or technologies of those products that may be relevant to
24   Samsung's patents-in-suit, and/or that Samsung has placed at issue in this case in its Patent
25   Rule 3-1 Disclosures.
26       Apple also objects to this Interrogatory to the extent it seeks information that is
27   subject to a confidentiality or non-disclosure agreement or governed by a protective order
28

| | | |
|---|---|---|
| 1 | Dated: February 14, 2013 | */s/ Mark D. Selwyn*_____ |

Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I, Michael J. Silhasek, hereby certify that on February 14, 2013, true and correct copies of the foregoing document, Apple Inc.'s Objections and Responses to Samsung's Fourth Set of Interrogatories (Nos. 27-37), was served on the following counsel of record at the addresses and in the manner indicated:

**VIA ELECTRONIC MAIL:**

**Charles K. Verhoeven**
**Kevin A. Smith**
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
kevinsmith@quinnemanuel.com

**Kevin P.B. Johnson**
**Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

**William C. Price**
**Michael L. Fazio**
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
williamprice@quinnemanuel.com
michaelfazio@quinnemanuel.com

**John M. Caracappa**
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Telephone: (202) 429-6267
Facsimile: (202) 429-3902
jcaracap@steptoe.com

    I declare under the penalty of perjury that the foregoing is true and correct.

                                          */s/ Michael J. Silhasek*
                                          Michael J. Silhasek