PERKINS COIE LLP
Christopher L. Kelley, CSB No. 166608
CKelley@perkinscoie.com
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Non-Party
INTEL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

Case No. 12-cv-00630-LHK (PSG)

**NON-PARTY INTEL'S DECLARATION IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT #1017)**

Apple Inc. recently filed an administrative motion to file under seal (Dkt. #1017) its Reply in Support of Apple's Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Reply") and some of the exhibits filed in connection with that Reply. Apple's motion asks the Court, inter alia, to seal Exhibits 2 (Dkt. #1017-6), 3 (Dkt. #1017-7) and 9 (Dkt. #1017-14) to the Declaration of Peter Kolovos in Support of Apple's Reply. Each of these declarations contain discussions of the confidential technology information of Intel Corporation ("Intel").

In particular, Exhibit 2 (Dkt. #1017-6) contains excerpts from the testimony of Intel engineer Naga Karthick Kandasamy. In these excerpts Mr. Kandasamy describes various

technical details of Intel's implementation of the UGDCI software used with Intel's baseband modem parts. Exhibit 3 (Dkt. #1017-7) contains deposition testimony of Intel engineer Ulrich Mennchen regarding the design of software code for several Intel modem products. Exhibit 9 (Dkt. #1017-14) is an excerpt from a confidential engineering manual describing the internal architecture of Intel's X-GOLD 61x modem product, including multiple block diagrams and detailed functional descriptions of the various blocks. (The document is marked as having been prepared by Infineon's Wireless Solutions group because it was prepared before that business unit was acquired by Intel.)

Given the sensitive nature of this highly confidential material, Intel supports Apple's request to seal Exhibits 2 (Dkt. #1017-6), 3 (Dkt. #1017-7) and 9 (Dkt. #1017-14) to Peter Kolovos' declaration. The Intel engineering material contained within these documents describes features incorporated within Intel's baseband chips and the functions performed by Intel's protocol stack software used with Intel's baseband chips. As detailed in the accompanying declaration from Dr. Josef Hausner, Division Vice President of Intel Mobile Communications GmbH which designs the Intel products used by Apple, the Intel software and hardware described in the testimony of Mr. Kandasamy (Dkt. #1017-6) and Mr. Mennchen (Dkt. #1017-7) and in the X-GOLD 61x engineering document excerpts (Dkt. #1017-14) is kept confidential (Hausner Decl. at ¶¶ 3-5, 8), and is a proprietary design of tremendous value to Intel. (Hausner Decl. at ¶¶ 6-7). Intel, therefore, has good cause to request that the details of this code and hardware be kept under seal.

Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing non-public engineering designs and other proprietary trade secrets constitutes not only "good cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

(compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v. Sun Microsys., Inc.*, Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel engineering designs in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

The exhibits that are the subject of this motion identify how various wireless functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. (Hausner Decl. at ¶¶ 6-7). Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. (Hausner Decl. at ¶ 7). Intel can reasonably anticipate that disclosure of the discussion of its software and hardware in Exhibits 2 (Dkt. #1017-6), 3 (Dkt. #1017-7) and 9 (Dkt. #1017-14) to Peter Kolovos' Declaration could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). Apple filed Intel's confidential information as an exhibit with the Court in connection with a procedural motion to strike specific expert testimony. This is not a dispositive motion. Furthermore, the ability of the public to meaningfully follow the conduct of the Court in this matter will not be harmed by sealing these materials. Apple has prepared and filed a redacted version of its Reply (Dkt. #1017-2) from which the public can ascertain the nature of Apple's position in the motion without disclosure of the specific engineering information that is proprietary to Intel.

Intel respectfully requests that the Court seal the non-redacted version of Exhibits 2 (Dkt.

#1017-6), 3 (Dkt. #1017-7) and 9 (Dkt. #1017-14) to Peter Kolovos' Declaration in Support of Apple's Reply to prevent disclosure of design details of Intel's proprietary and highly valuable software and hardware. Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its competitors have free access to the fruits of Intel's R&D investment.

Dated: December 2, 2013

Respectfully submitted,

By: */s/ Christopher L. Kelley*
Christopher L. Kelley

*Counsel for Non-Party Intel Corporation*

-4-

NON-PARTY INTEL'S DECLARATION IN SUPPORT OF APPLE'S MOTION TO SEAL
Case No.12-cv-00630-LHK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 2, 2013, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ Christopher L. Kelley*
Christopher L. Kelley