[Counsel Listed on Signature Pages]

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

CASE NO. 12-cv-00630-LHK

**JOINT STIPULATION AND [~~PROPOSED~~] ORDER REGARDING AUTHENTICITY OF DOCUMENTS**

Pursuant to Civil L.R. 7-12, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively "Samsung") and Apple Inc. ("Apple") file this Stipulation regarding Requests for Admission directed at the authentication of certain documents or things.

WHEREAS, Apple commenced this action (the "Litigation") against Samsung on February 8, 2012;

WHEREAS, Samsung subsequently filed counterclaims against Apple;

WHEREAS, the Parties and third parties subsequently have produced millions of pages of documents in connection with discovery in the Litigation;

WHEREAS, the Parties are also involved in proceedings before the United States International Trade Commission in a pair of cases entitled *In the Matter of Certain Electronic Devices, Including Wireless Communication Devices, Portable Music and Data Processing Devices, and Tablet Computers* (Inv. No. 337-TA-794), and *In the Matter of Certain Electronic Digital Media Devices and Components Thereof* (Inv. No. 337-TA-796) (collectively, the "Proceedings"), as well as the action *Apple, Inc. v. Samsung Electronics Co*., Case No. 11-cv-01846-LHK before this Court in the Northern District of California, San Jose Division (the "Previous Litigation");

WHEREAS, on October 25, 2013, this Court extended the deadline for the Parties to serve Requests for Admission asking for the authenticity of documents to November 29, 2013 (Docket No. 847);

WHEREAS, the Parties have agreed that absent affirmative evidence that a document or thing is not what it purports to be, Apple agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Apple will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Apple in connection with the Litigation, Previous Litigation, or Proceedings;

WHEREAS, the Parties have agreed that absent affirmative evidence that a document or thing is not what it purports to be, Samsung agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Samsung will not contest the authenticity of any document or thing, including

any true and correct copy thereof, produced by Samsung in connection with the Litigation, Previous Litigation, or Proceedings;

WHEREAS, the Parties have agreed that United States and foreign patents and patent applications are self-authenticating;

WHEREAS, the Parties have determined that it is in their mutual interest to have additional time to prepare Requests for Admission concerning document authenticity, so that they may continue to negotiate in good faith towards an agreement regarding authenticity of certain documents or things and therefore obviate the need for mutually burdensome discovery;

WHEREAS, the parties have agreed to negotiate in good faith according to the following terms:

(1) by December 19, 2013, each party will submit to the other party a list of documents or things from its own production or the productions of third parties that it would like the other party to stipulate are authentic;

(2) by January 9, 2014, each party will identify any documents or things found on the other party's list to which it is amenable to agreement regarding authenticity;

(3) thereafter, the parties will meet and confer regarding any documents or things for which they did not indicate in (2) above they were amenable to an agreement regarding authenticity, attempting in good faith to resolve any differences;

(4) upon the conclusion of all meet and confers, each party will create an updated list identifying those documents or things to which it is amenable to agreement regarding authenticity;

(5) the party who submits the longer list will then remove a sufficient number of documents or things such that each list will identify the same number of documents or things as the other;

(6) the parties will then stipulate to the authenticity of the documents or things appearing on those lists; and

(7) each party may then serve Requests for Admission no later than January 21, 2014 concerning the authenticity of any documents or things from the party's own production, and any documents and things produced by third parties that were included on the lists exchanged on

December 19, 2013 but not subject to the above stipulation. By way of clarification, with respect to documents and things produced by third parties, the Requests for Admission to be served by January 21, 2014 shall be limited to those documents that were included on the lists exchanged on December 19, 2013, but there will be no such limit with respect to Requests for Admission concerning the authenticity of documents from the party's own production.

WHEREAS, this stipulation and corresponding extension of time proposed by the Parties will not impact any other dates on calendar in this matter;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties as follows:

(1) Absent affirmative evidence that a document or thing is not what it purports to be, Apple agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Apple will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Apple in connection with the Litigation, Previous Litigation, or Proceedings;

(2) Absent affirmative evidence that a document or thing is not what it purports to be, Samsung agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Samsung will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Samsung in connection with the Litigation, Previous Litigation, or Proceedings;

(3) The parties' agreements in paragraphs 1 and 2 above do not apply to handwritten notes, except to the extent such handwritten notes are contained in sketch books or lab notebooks. If a document or thing produced by a party also bears handwritten notes, the parties' agreements do not apply to the handwritten notes portion of the document, but do apply to the remainder of the document or thing. The parties agree that, at a mutually agreed upon time prior to trial, each party may identify to the other party a reasonable amount of documents and things containing handwritten notes as to which that party wishes a stipulation of authenticity. The other party agrees to give good faith consideration to a reasonable request pertaining to handwritten notes;

(4) The parties agreed that United States and foreign patents and patent applications are self-authenticating;

(5) The parties reserve all other objections as to the admissibility of the documents referenced in paragraphs 1, 2, and 4 above; and

(6) The Deadline to serve Requests for Admission asking for authenticity of documents or things shall be extended to January 21, 2014.

Nothing in this stipulation limits in any way the documents or things that a party may include on its trial exhibit list

IT IS SO STIPULATED.

DATED: December 2, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ H. Mark Lyon*

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

By */s/ Victoria F. Maroulis*

Attorneysfor SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

Josh A. Krevitt (CA SBN 208552)
jkrevitt@gibsondunn.com
H. Mark Lyon (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Michael A. Jacobs
(CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

William F. Lee (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Kevin P.B. Johnson
(Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

//

//

//

//

//

//

//

//

//

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

(1) Absent affirmative evidence that a document or thing is not what it purports to be, Apple agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Apple will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Apple in connection with the Litigation, Previous Litigation, or Proceedings;

(2) Absent affirmative evidence that a document or thing is not what it purports to be, Samsung agrees that, for purposes of Rule 901 of the Federal Rules of Evidence, Samsung will not contest the authenticity of any document or thing, including any true and correct copy thereof, produced by Samsung in connection with the Litigation, Previous Litigation, or Proceedings;

(3) The parties' agreements in paragraphs 1 and 2 above do not apply to handwritten notes, except to the extent such handwritten notes are contained in sketch books or lab notebooks. If a document or thing produced by a party also bears handwritten notes, the parties' agreements do not apply to the handwritten notes portion of the document, but do apply to the remainder of the document or thing. The parties agree that, at a mutually agreed upon time prior to trial, each party may identify to the other party a reasonable amount of documents and things containing handwritten notes as to which that party wishes a stipulation of authenticity. The other party agrees to give good faith consideration to a reasonable request pertaining to handwritten notes;

(4) The parties agreed that United States and foreign patents and patent applications are self-authenticating;

(5) The parties reserve all other objections as to the admissibility of the documents referenced in paragraphs 1, 2, and 4 above; and

(6) The Deadline to serve Requests for Admission asking for authenticity of documents shall be extended to January 21, 2014.

Dated: December 3, 2013

By: Lucy H. Koh
HONORABLE LUCY H. KOH
United States District Judge

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Victoria F. Maroulis, am the ECF user whose ID and password are being used to file this Stipulation and [Proposed] Order Regarding Requests for Admission Concerning Authenticity of Documents. In compliance with General Order 45.X.B, I hereby attest that H. Mark Lyon has concurred in this filing.

Dated: December 2, 2013 /s/ *Victoria F. Maroulis*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 2, 2013 /s/ *Victoria F. Maroulis*