1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   50 California Street, 22nd Floor
3  San Francisco, California 94111
   Telephone: (415) 875-6600
4  Facsimile: (415) 875-6700

5  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
6  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
7  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California 94065-2139
8  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
9
   William C. Price (Bar No. 108542)
10 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
11 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
12 Los Angeles, California 90017
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100

14 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
15 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC
16
                       UNITED STATES DISTRICT COURT
17
                     NORTHERN DISTRICT OF CALIFORNIA
18
                              SAN JOSE DIVISION
19

| | |
|---|---|
| APPLE INC., a California corporation, | CASE NO. 5:12-cv-00630-LHK (PSG) |
| Plaintiff, | |
| vs. | **SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF OCTOBER 2, 2013 STIPULATION;** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | **DECLARATION OF DANIEL C. POSNER** |
| Defendants. | |

Case No. 12-cv-00630-LHK
SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF
OCTOBER 2. 2013 STIPULATION

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-11, Samsung will and hereby does respectfully move the Court for an Order confirming that Samsung has complied with the provision in Paragraph 7 of the October 2, 2013 so-ordered stipulation between Samsung and Nokia (the "Stipulation") relating to the preparation of a log of documents, or, in the alternative, for relief from that single provision of the Stipulation on the grounds that Samsung's production of documents and a log to the parties and the Court in response to the Court's October 2, 2013 discovery order (the "Order") have satisfied the purpose of the log and rendered it unnecessary.

**Preliminary Statement**

The purpose of the log requirement in Paragraph 7 of the Stipulation was to assist Nokia in identifying whether any documents in Samsung's possession reflect the dissemination or use of the alleged confidential terms of the Apple/Nokia license. Since the Stipulation was negotiated, the Court has separately ordered Samsung to produce documents relating to the Apple/Nokia license, and the Court itself has reviewed those documents *in camera* and made preliminary findings (with which Samsung respectfully disagrees) about which of those documents allegedly reflect the dissemination or use of confidential information subject to the Protective Order. The documents the Court reviewed were collected by Stroz Friedberg, the same e-discovery vendor retained to prepare the log contemplated by the Stipulation, using the same search terms approved by Nokia that would be used to prepare the log. Quinn Emanuel then reviewed those documents for responsiveness and privilege, and either produced the responsive documents to Apple and Nokia, and later to the Court, or described them on a privilege log.

Samsung respectfully submits that as a result of the extensive document searches, reviews and productions that have already occurred, the log that has already been provided, and the preliminary determinations the Court has already made about the meaning of Samsung's documents, Samsung has already effectively complied with Paragraph 7. Indeed, while Apple and Nokia have never ceased to want more information from Samsung, their recent responses to the Court's Order to Show Cause show that they already have comprehensive information regarding the inadvertent disclosures at issue. At this stage, requiring Stroz Friedberg to prepare another log

would serve no purpose other than to impose undue costs on Samsung and complicate these already prolix collateral proceedings with additional disputes.

Moreover, in an effort to reach a reasonable solution regarding the log, Samsung has repeatedly asked if Nokia would agree to limit the scope of the log so that it need not include tens of thousands of documents that Quinn Emanuel already reviewed and determined have no relevance at all to the Apple/Nokia license.  Nokia took weeks to respond to Samsung's latest letter that raised this issue and others concerning the log, and when it finally did respond on the day before Thanksgiving, it did not even address Samsung's questions regarding the scope of the log.  Nokia is thus insisting that Stroz Friedberg review and log tens of thousands of irrelevant documents, as well as all the documents the Court itself has already reviewed.  Stroz Friedberg has already accrued more than $2 million in fees.  Nothing would be gained by adding to that the cost of having it conduct a duplicative review of documents that are either irrelevant or have already been reviewed by the Court.  If the Court concludes that Samsung has not already complied with Paragraph 7, Samsung respectfully requests to be relieved from any further obligation to do so.

## Statement of Facts

**The Stipulation Agreed To Before Discovery Was Ordered**.  To attempt to resolve Nokia's concerns about disclosure of confidential financial terms, Nokia and Samsung agreed to the Stipulation, which was filed on August 18, 2013.  Dkt. 742.  Under the Stipulation, Samsung agreed, among other things, to retain computer forensics firm Stroz Friedberg, at Samsung's own expense, "to conduct an independent audit of the files of the Samsung employees identified [by Samsung] as recipients of the Disclosed Information"—which referred to the alleged confidential terms of the Apple/Nokia license that were inadvertently disclosed—and to "prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees," including by identifying "the author or sender and all recipients of any identified Documents; the date and time; the subject line and a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information." *Id*. ¶¶ 5, 7.

**The Court's Order Requiring Broad Discovery**.  On October 2, 2013, the Court entered

the Stipulation as an Order of the Court.  Dkt. 785.  On the same day, the Court entered the Order requiring Samsung to provide documents and depositions, including "[a]ll e-mails and other communications sent or received since March 24, 2012 by the Samsung employees who received the confidential information . . . to the extent that they relate to Apple's licenses with Nokia, Ericsson, Sharp, and Philips."  Dkt. 2483 at 5.  Based on Samsung's concerns that the Order compelled the production of privileged documents and that Samsung's compliance with the Stipulation could waive privilege—as the Court intimated at the October 1 hearing and Apple later echoed—Samsung moved the District Court for relief from those Orders.  Dkt. 2495; Case No. 12-630 Dkt. 790.  On October 15, the District Court denied Samsung's requests, while confirming that neither the Order nor the Stipulation compelled Samsung to produce privileged information or to engage in conduct that would result in a waiver.  Case No. 12-630 Dkt. 820.

**Samsung's Review and Production of Documents Pursuant To The Order**.  Even while its motions for relief were pending, Samsung promptly began complying with the Order, including by engaging Stroz Friedberg to collect and image hard drives and email archives of the Samsung employees who sent or received the alleged confidential terms of the Apple/Nokia license (which efforts had already commenced pursuant to the Stipulation), searching the data by using search terms, in English and Korean, that had been agreed to by Nokia, and loading the search results, comprising approximately 140 GB of data, into its online review system.  Quinn Emanuel's team of over twenty attorneys then reviewed 69,862 documents for responsiveness and produced 470 documents to Apple and Nokia.  *See* Becher Decl. (Dkt. 2835), ¶ 16.  Quinn Emanuel also prepared a privilege log which identified the production status, date, sender, recipients, description, Bates number and privilege status of more than 1,300 documents.  *Id*. ¶ 65.

**The Court's *In Camera* Review**.  At the October 22 hearing following completion of the discovery directed in the Order, the Court stated that it was "not yet satisfied that sanctions are warranted in this matter."  Oct. 22 Tr. 89:22-25.  The Court, however, ordered Samsung to submit for *in camera* review (1) unredacted copies of all documents that were produced to Apple and Nokia; (2) all documents Samsung had withheld based on privilege or work product; and (3) all non-responsive attachments to responsive parent documents that were produced or logged.  *Id.* at

94:2-25; *see also* Dkts. 2587, 2588.  In response, Samsung submitted 275 parent documents and hundreds of attachments and translations, as well as a 737-page privilege log with more than 1,300 entries.  On November 8, after completing its review, the Court entered an Order to Show Cause in which it made preliminary findings, which Samsung has since disputed, that 11 of the documents it reviewed potentially show violations of the Protective Order.  Dkt. 2689.

**Samsung's Compliance with the Stipulation**.  Samsung and Quinn Emanuel have fully complied with the Stipulation—including by providing attorney declarations and conducting an internal Quinn Emanuel investigation, which Stroz Friedberg has audited and approved—other than by having Stroz Friedberg prepare another log, and remediating the disclosures. (The only reason why remediation has not occurred is because Samsung is waiting for Apple and Nokia to approve a remediation proposal Samsung made on November 4, or to propose a suitable alternative.)  Moreover, in anticipation of preparing the log, Samsung has repeatedly asked Nokia if it is continuing to insist that the log include the tens of thousands of irrelevant documents that resulted from Nokia's overbroad search terms.  *See* Becher Decl. (Dkt. 2835), ¶ 37-38, 52-54, Exs. 18-20.  In response, Nokia has requested "additional information" regarding the number of documents responsive to Nokia's search terms; in letters on November 12 and 13, Samsung provided that information in an effort to "reach closure on the content of the log under paragraph 7."  *See id.* ¶ 52-53, Exs. 18-20.  On November 15, Nokia stated that it was considering Samsung's letters.  *Id*. ¶ 43, Ex. 23.  When Nokia still had not responded by November 21, Samsung again requested a response, and Nokia stated that it was busy working on another brief but would "be in touch soon."  Becher Decl., ¶ 44, Ex. 24.  When Nokia finally responded to Samsung's November 13 letter on the day before Thanksgiving, it did not address Samsung's requests regarding the scope of the log.  *Id*. ¶ 46, Ex. 27.

In addition to attempting to address the scope of the log with Nokia, Samsung has had continual discussions with Stroz Friedberg on the mechanics of the log, including regarding the time and expense that would be required.  Until a few days ago, Stroz Friedberg had proposed to hire temp lawyers, who have not been involved in this dispute, to do the work, though it now has indicated it is willing to use existing staff members.

## Argument

The Court should rule that Samsung has complied with its obligations under Paragraph 7 of the Stipulation or, in the alternative, that it is relieved from any further obligations to do so. Paragraph 7 requires Stroz Friedberg to prepare a "log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees." Dkt. 785 ¶ 7. In the course of its compliance with the Order, Samsung has effectively complied with Paragraph 7 of the Stipulation by having Stroz Friedberg collect and image hard drives and email archives of the Samsung employees who sent or received the alleged confidential terms of the Apple/Nokia license, and then search that content—*using the same search terms that Nokia agreed should be used to create the log*—and provide the resulting documents to Quinn Emanuel. Quinn Emanuel attorneys then reviewed those documents not only for any and all references to the alleged confidential terms of the Apple/Nokia license, but also for any and all references whatsoever to Apple's licenses with Nokia and others. Following this review, Samsung produced hundreds of responsive documents to Apple and Nokia and identified more than a thousand others on its privilege log that Apple and Nokia have in hand.

As a result of the Order, Samsung has already been required to search for, review and produce, or identify on a privilege log, documents that would be subject to the log contemplated in the Stipulation. The Court itself has now reviewed those documents and made preliminary findings about which of them reflect alleged violations of the Protective Order. In light of these substantial efforts by Samsung, Quinn Emanuel and the Court, the purpose of the log contemplated by Paragraph 7 of the Stipulation has been fully satisfied. At this stage, requiring Stroz Friedberg to conduct a duplicative review of the same documents Quinn Emanuel and the Court have already reviewed—as well as the thousands of additional documents Nokia insists must be included on the log even though they are not relevant—would add nothing. Instead, requiring this work at this point would result only in burdening Samsung with additional costs, subjecting Samsung (and the Court) to further disputes about its compliance with the Stipulation, and delaying the resolution of this satellite litigation. Accordingly, Samsung respectfully requests that the Court rule that Samsung has fully complied with its obligations under Paragraph 7.

DATED: December 6, 2013         QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By /s/ *Michael T. Zeller*
                                   Charles K. Verhoeven
                                   Kevin P.B. Johnson
                                   Victoria F. Maroulis
                                   William C. Price
                                   Michael T. Zeller

                                   Attorneys for SAMSUNG ELECTRONICS CO.,
                                   LTD., SAMSUNG ELECTRONICS AMERICA,
                                   INC. and SAMSUNG
                                   TELECOMMUNICATIONS AMERICA, LLC

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Michael T. Zeller.

                      */s/ Victoria F. Maroulis*
                          Victoria F. Maroulis