RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:    650-838-2000
Facsimile:    650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:    404-881-7000
Facsimile:    404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 5:12-cv-00630-LHK (PSG)<br><br>**NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF OCTOBER 2, 2013 STIPULATION (DKT. NO. 1038)** |


# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, Nokia Corporation respectfully moves the Court for an order striking Samsung's Administrative Motion for Relief from Certain Provisions of October 2, 2013 Stipulation (Dkt. No. 1038 "Samsung's Motion") as an improper motion for administrative relief which requests relief beyond the limits the Court is authorized to grant under L.R. 7-11 and as an improper motion for reconsideration under L.R. 7-9.[1]

## I. Introduction

Under the Stipulated Order, Samsung was to allow Stroz Friedberg to conduct an independent investigation that was to result in an independent log of the relevant information. Judge Koh denied Samsung's previous requests for relief from these obligations and confirmed the Stipulated Order. Now more than 60 days after the date for Samsung to complete its obligations, Samsung is again seeking to avoid the Stipulated Order while making excuses for its persistent noncompliance.

Samsung's requested relief goes far beyond the limited permissible subject matter authorized by Civil Local Rule 7-11, which is only intended for simple administrative and procedural matters such as exceeding page limitations on a brief, or, as here, striking a motion that plainly fails to comply with the Local Rules. Samsung's admitted non-compliance with the confirmed Stipulated Order is contempt of the Court's order, and Samsung's administrative motion is not the proper procedure for resolution of this serious substantive issue. Samsung's Motion is in essence a motion for reconsideration pursuant to L.R. 7-9, which is likewise procedurally improper because it is repetitious of Samsung's arguments previously raised to Judge Koh in Samsung's 72-2 motion. *See* L.R. 7-9(c).

Nokia therefore moves the Court to strike Samsung's Motion as an improper administrative motion for relief under L.R. 7-11.

## II. Background

On August 18, 2013, Samsung filed a Stipulation on behalf of itself and Nokia outlining various acts and procedures to be taken by Samsung, Quinn Emanuel, and independent firm Stroz Friedberg in order to identify and remediate Samsung's improper transmissions and uses of Apple and

---

[1] Nokia's Motion to Strike is limited to the discrete issue of Samsung's improper submission of its motion under the Local Rules. Nokia reserves the right to file a separate and full response on the merits of Samsung's Motion.

Nokia's CBI (Dkt. No. 742). Paragraph 7 of the Stipulation required Stroz Friedberg to prepare a comprehensive log of all instances in which Nokia's CBI was improperly disseminated, referenced, or used by Samsung employees (Dkt. No. 785 at 3-4). On October 2, 2013, the Court issued an order approving the Nokia-Samsung Stipulation (*Id*; Dkt. No. 820 at 2). On October 7, 2013, less than a week after the Court issued the Stipulation Order, Samsung filed two motions seeking to evade its obligations under the Stipulated Order (Dkt. Nos. 789, 790). Samsung's first motion was submitted pursuant to Local Rule 72-2 as a Motion for Relief from a Nondispositive Pretrial Order (Dkt. No. 790). This motion sought relief from the Stipulated Order on the grounds that: 1) the Order was "redundant" in light of a second Court order compelling Samsung to produce emails and witnesses related to protective order violations and 2) due to concerns that performance of its obligations under the Stipulated Order would result in a waiver of Samsung's attorney-client privilege (Dkt. No. 820 at 12; Dkt. No. 790 at 5). Samsung's second motion requested a stay of the Stipulated Order pending resolution of Samsung's motions for relief from the Order, and pending resolution of any petition Samsung may bring for a writ of mandamus to the Federal Circuit Court of Appeals. *Id*. at 14.

On October 15, 2013, the Court issued an Order denying both of Samsung's motions for relief from its obligations under the Stipulated Order and confirming the requirements in the Order. *Id.* In denying Samsung's Motion, the Court stated: "Samsung negotiated for, agreed to, and jointly proposed the procedures set forth in the stipulation that Magistrate Judge Grewal adopted in full in Order Two... Samsung has not provided any valid basis to vacate Samsung's own stipulation" (Dkt. No. 820 at 12-13). In the time since this confirmation, Samsung has repeatedly failed to fulfill its court-ordered obligations, in particular failing to ensure that Stroz Friedberg prepare the log required by paragraph 7 (1846 Dkt No. 2836-4 at 8-9). Now, over 60 days after the date for compliance with the Stipulated Order, Samsung has taken the position that it has "effectively complied" with paragraph 7 by producing internally selected and heavily-redacted documents and a privilege log, or alternatively, that it should not have to comply with paragraph 7 at all (Dkt. No. 1038 at 1, 5).

**III.   Argument**

    **A.   Samsung's Requested Relief Is Not Proper Subject Matter for a L.R. 7-11 Motion for Administrative Relief and Should Be Struck**

Samsung seeks—through a simple administrative motion—to either alter or abandon the terms of the Stipulated Order, an order that this Court has already confirmed. Samsung's Motion requests significant substantive relief far beyond that contemplated by L.R. 7-11, and is therefore improperly submitted as an administrative motion for relief. Local Rule 7-11 authorizes parties to file a limited, 5 page motion for administrative relief in recognition of the fact that "during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters" (Civ. L. R. 7-11). The rule provides specific examples of the types of motions that are appropriate under this rule, including "motions to exceed otherwise applicable page limitations or motions to file documents under seal." *Id.* In essence, L.R. 7-11 is meant as a tool for parties to obtain expedited relief on uncomplicated matters of a procedural or administrative nature.

In stark contrast to simple and relatively noncontroversial administrative matters like exceeding page limitations, Samsung's Motion seeks a complete release from its obligations under paragraph 7 of the Stipulated Order. This requested relief goes directly to the heart of the current investigation of the protective order violations, including the extent of Samsung and Quinn Emanuel's protective order violations and the improper dissemination and use of Nokia and Apple's CBI. Such relief significantly exceeds the subject matter that a court may consider on a simple Rule 7-11 motion. *See Spieler v. Mt. Diablo Unified School Dist.*, 2007 WL 1795701 at *3 (N.D. Cal. June 20, 2007) (holding that a motion for amendment or clarification of a court order is not an administrative matter within L.R. 7-11); *see also Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643 at *1 (N.D. Cal. Oct. 31, 2008) (noting that L.R. 7-11 "is meant to cover requests for relief in connection with 'miscellaneous administrative matters'-such as motions to exceed otherwise applicable page limitations or motions to file documents under seal"); *see also Morgenstein v. AT&T Mobility LLC*, 2009 WL 3021177 at *2 (N.D. Cal. Sept. 17, 2009) (holding a request for a stay of a class action "is hardly the sort of minor administrative matter that is appropriate for treatment under Civil L.R. 7-11").

Samsung is in essence seeking reconsideration of the Stipulated Order pursuant to L.R. 7-9. However, Samsung already brought an unsuccessful motion under L.R. 72-2 seeking relief from the

1 | Stipulated Order (Dkt. Nos. 790 and 820).  Samsung's failed L.R. 72-2 motion precludes it from moving for relief pursuant to L.R 7-9.  Subsection (c) of L.R. 7-9 states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered," and subjects any offending party to sanctions.  L.R. 7-9(c).  Thus, Samsung is potentially subject to sanctions for having brought this improper motion, as the current motion repeats the same arguments it made in its October 7th motions.

**IV.    Conclusion**

For the foregoing reasons, the Court should strike Samsung's Motion as an improper motion seeking substantive relief under L.R. 7-11 and as an improper motion for reconsideration under L.R. 7-9.

Dated: December 9, 2013

                               Respectfully submitted,

                               */s/ Randall L. Allen*
                               RANDALL L. ALLEN (Ca. Bar No. 264067)
                               randall.allen@alston.com
                               RYAN W. KOPPELMAN (Ca. Bar No. 290704)
                               ryan.koppelman@alston.com
                               ALSTON & BIRD LLP
                               275 Middlefield Road, Suite 150
                               Menlo Park, CA 94025
                               Telephone:650-838-2000
                               Facsimile: 650-838-2001

                               PATRICK J. FLINN (Ca. Bar No. 104423)
                               patrick.flinn@alston.com
                               B. PARKER MILLER (*pro hac vice*)
                               parker.miller@alston.com
                               ALSTON & BIRD LLP
                               1201 West Peachtree Street
                               Atlanta, GA 30309
                               Telephone:404-881-7000
                               Facsimile: 404-881-7777

                               Attorneys for NOKIA CORPORATION