RANDALL L. ALLEN (Ca. Bar No. 264067)
randall.allen@alston.com
RYAN W. KOPPELMAN (Ca. Bar No. 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025
Telephone:   650-838-2000
Facsimile:   650-838-2001

PATRICK J. FLINN (Ca. Bar No. 104423)
patrick.flinn@alston.com
B. PARKER MILLER (*pro hac vice*)
parker.miller@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:   404-881-7000
Facsimile:   404-881-7777

Attorneys for NOKIA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No.: 5:12-cv-00630-LHK (PSG)<br><br>**NOKIA CORPORATION'S OPPOSITION TO SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF OCTOBER 2, 2013 STIPULATION (DKT. NO. 1038)** |

## I. INTRODUCTION

As the Court has recognized, "Rarely is the fox is permitted to investigate without supervision the disappearance of chickens at the henhouse" (1846 Dkt. No. 2483 at 4:24-25). To address this concern, on October 2, 2013, the Court ordered *inter alia* (i) production of documents, (ii) depositions, and (ii) an agreed upon log created by a neutral party including "a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information" (*Id.* at 5: 5-24; Dkt. No. 785 at 3:19-20). In response, Samsung did none of the above. Samsung instead provided: (i) a document production utterly redacted of any meaningful content; (ii) depositions obstructed by witness coaching; and (iii) a log created by Quinn Emanuel devoid of any information "sufficient to understand the nature of the use of or reference to the Disclosed Information." Quinn Emanuel took it upon itself to select and log 275 transmissions from a set of reportedly 65,000 to 85,000 total documents. Accordingly, Nokia has no usable documents, little useful deposition testimony, and a log from the fox that identifies some chickens, which the fox says never actually disappeared from the henhouse.

Samsung's Administrative Motion for Relief from Certain Provisions of October 2, 2013 Stipulation ("Samsung's Motion") seeks the Court to bless the current state of this investigation (Dkt. No. 1038). The motion should be denied. The Stroz log has not been mooted by either the Quinn Emanuel log or by the Court's *in camera* review of the 275 email chains. The Quinn Emanuel log was not created through the neutral agreed-upon review process ordered by the Court, nor does that log contain the necessary and agreed upon information. The *in camera* review, while neutral, was a review of only a narrow subset of documents selected by Quinn Emanuel. It was agreed upon, stipulated, ordered, appealed, and then confirmed that there would be (i) a neutral review of the potentially relevant documents generated from search strings, (ii) a log created therefrom by a neutral party, and (iii) the log would contain specific information "sufficient to understand the nature of the use of or reference to the Disclosed Information." None of these necessary steps have been satisfied or mooted, and Samsung is in clear contempt of the Stipulated Order.

Further, as explained in Nokia's Motion Strike,[1] Samsung's Motion is procedurally defective

---

[1] *See* Dkt. No. 1041 ("Nokia Corporation's Administrative Motion to Strike Samsung's

because it is impermissibly seeks, under the guise of a simple administrative motion, to reconsider the Court's October 15, 2013 order that denied Samsung's previous motion under L.R. 72-2 seeking relief from the Stipulated Order. Because Samsung's motion is lacking on the merits and procedurally defective, the Court should deny Samsung's Motion in its entirety, as discussed in detail below.

**II.     BACKGROUND**

On August 18, 2013, Samsung filed a Stipulation on behalf of itself and Nokia outlining various acts and procedures to be taken by Samsung, Quinn Emanuel, and independent firm Stroz Friedberg in order to identify and remediate Samsung's improper transmissions and uses of Nokia's CBI (Dkt. No. 742). Paragraph 7 of the Stipulation required Stroz Friedberg to prepare a comprehensive log of all instances in which Nokia's CBI was improperly disseminated, referenced, or used by Samsung employees (Dkt. No. 785 at 3-4). On October 2, 2013, the Court issued an order approving the Nokia-Samsung Stipulation (*Id*; Dkt. No. 820 at 2). On October 7, 2013, less than a week after the Court issued the Stipulation Order, Samsung filed two motions seeking to evade its obligations under the Stipulated Order (Dkt. Nos. 789, 790). Samsung's first motion was submitted pursuant to Local Rule 72-2 as a Motion for Relief from a Nondispositive Pretrial Order (Dkt. No. 790). This motion sought relief from the Stipulated Order on the grounds that: 1) the Order was "redundant" in light of a second Court order compelling Samsung to produce emails and witnesses related to protective order violations and 2) due to concerns that performance of its obligations under the Stipulated Order would result in a waiver of Samsung's attorney-client privilege (Dkt. No. 820 at 12; Dkt. No. 790 at 5). Samsung's second motion requested a stay of the Stipulated Order pending resolution of Samsung's motions for relief from the Order, and pending resolution of any petition Samsung may bring for a writ of mandamus to the Federal Circuit Court of Appeals (*Id*. at 14).

On October 15, 2013, the Court issued an Order denying both of Samsung's motions for relief from its obligations under the Stipulated Order and confirming the requirements in the Order (*Id.*). In denying Samsung's Motion, the Court stated: "Samsung negotiated for, agreed to, and jointly proposed the procedures set forth in the stipulation that Magistrate Judge Grewal adopted in full in Order Two ... Samsung has not provided any valid basis to vacate Samsung's own stipulation" (Dkt. No. 820 at 12-

---

Administrative Motion for Relief From Certain Provisions of October 2, 2013 Stipulation").

13). In the time since this confirmation, Samsung has repeatedly failed to fulfill its Court ordered obligations, in particular failing to ensure that Stroz Friedberg prepare the log required by paragraph 7 (1846 Dkt. No. 2836-4 at 8-9). Now, over 60 days after the date for compliance with the Stipulated Order, Samsung has taken the position that it has "effectively complied" with paragraph 7 by producing internally selected and heavily-redacted documents and a privilege log, or alternatively, that it should not have to comply with paragraph 7 at all (Dkt. No. 1038 at 1, 5).

### III.  ARGUMENT

As Samsung's own motion demonstrates, Samsung's actions to date fail to comply with either the letter or the spirit of the Stipulated Order. It is not sufficient that Quinn Emanuel produced and logged a portion of documents collected by Stroz Friedberg in response to the Court's Order. It is further not sufficient that the Court has reviewed those documents *in camera*. Samsung has not "already effectively complied" with the Stipulated Order (Dkt. No. 1038 at 1).

The Stipulated Order requires that a neutral party, specifically Stroz Friedberg, not Samsung or Quinn Emanuel, audit and "prepare a log of all instances in which the Disclosed Information was disseminated or in which the Disclosed Information was referenced or used in any Documents by Samsung employees" (Dkt. No. 785 at ¶7). The log must "identify the author or sender and all recipients of any identified Documents; the date and time; the subject line and a description of the subject matter of the Document sufficient to understand the nature of the use of or reference to the Disclosed Information" (*Id.*). The stated purpose of Stroz Friedberg conducting the audit and preparing the log is to have "an ***independent*** audit of the files of the Samsung employees identified in the Letters as recipients of the Disclosed Information" (*Id.* at ¶5) (emphasis added). By disregarding this provision and having its outside counsel prepare the log, however, Samsung completely eviscerated the neutral and independent supervision that is built into the Stipulated Order with Stroz Friedberg's involvement and unambiguous responsibilities. In violation of the Stipulated Order, Quinn Emanuel imposed itself as the gatekeeper of documents to be submitted to the Court to investigate Quinn Emanuel's and its client's breaches of the protective order.

Quinn Emanuel's log does not contain all the information that Nokia is entitled to pursuant to paragraph 7 of the Stipulated Order, including, in pertinent part, independent third party Stroz's

Friedberg's "description of the subject matter of the Document *sufficient to understand the nature of the use of or reference* to the Disclosed Information (*See, e.g.,* Dkt. No. 1038 at 3:20-22 (describing contents of Quinn Emanuel's log)) (emphasis added). None of the entries in Quinn Emanuel's privilege log come close to providing a description sufficient to allow Nokia to understand the nature of the use of or reference to the disclosed CBI (*Compare* 1846 Dkt. No. 2689 at 4: 17-19) ("the court thus far is unpersuaded that the generic statements in the log meet the burden required to claim that protection"). Instead, the Quinn Emanuel log provides virtually no context or useful information,[2] making it impossible for Nokia to determine whether or how its CBI was actually used—which was the entire point of having Stroz Friedberg prepare a log of all improper disclosures. Quinn Emanuel's *sua sponte* preparation of the log and characterization of the documents therein eliminates the narrow review it agreed to in paragraph 7, where it provides that Samsung's counsel may "review the log and the documents referenced in the log before the log is provided to Nokia and redact any claimed attorney-client privileged information, attorney work product or third party confidential information, but shall indicate that redactions have occurred in each instance including the nature of and basis for the redaction at the level of detail that is appropriate for a privilege log" (Dkt. No. 785 at ¶7). Samsung has not complied with paragraph 7 and is in contempt of the Stipulated Order.

Samsung may not now be heard to complain that Stroz Friedberg's preparation of the log would be "duplicative" and "serve no purpose other than to impose undue costs on Samsung" (Dkt. No. 1038 at 1-2). Samsung stipulated to this procedure, asked the Court to order it, and cannot credibly argue that its failure to comply with the Stipulated Order renders compliance redundant. Samsung claims that the steps it has taken to comply with the Apple Order are identical to those required by the Stipulated Order. This Court has soundly rejected that argument before, and need not revisit it again, much less in this improper motion for "administrative" relief (Dkt. No. 820 at 12). As to Samsung's arguments regarding the costs of compliance with paragraph 7 the Stipulated Order, this Court similarly rejected them before, ruling that the "millions of dollars" that Samsung claims it will

---

[2] At the hearing on December 10, 2013, Quinn Emanuel argued that the Court issued its Order to Show Cause after attempting to interpret documents on their face without proper context. At the same time, Quinn Emanuel argues that Nokia has a complete and accurate picture of what happened with even less context than the Court has.

spend would not be disproportionate to the benefit of the discovery procedure set forth in the Stipulated Order (*Id.* at 8). Samsung's repackaged arguments need not be entertained again. Indeed, the only reason that Stroz Friedberg's log may cost as much as Samsung fears is because of the staggering number of Samsung' protective order violations. Had Samsung only improperly disclosed Nokia's CBI once or twice, the Court can be certain that Stroz's investigation and log would not take several months at the cost of several million dollars, and Samsung would not be desperately seeking relief from its obligations.

Samsung additionally asks the Court to relieve it from "any further obligation" to comply with paragraph 7 of the Stipulated Order in light of its production and logging of certain documents pursuant to the Apple Order (Dkt. No. 1038. at 2). No legal or factual grounds are stated for this sweeping, alternate relief. Equally important, paragraph 7 provides for much more than the procedure for Stroz Friedberg to audit and log the pertinent documents. In particular, paragraph 7: (1) reserves Nokia's right to seek complete, ***unredacted*** copies of documents obtained from Samsung evidencing further dissemination, reference to or use of the Disclosed Information; (2) reserves Nokia's right to seek unredacted versions of certain log entries; and (3) reserves Nokia's right to challenge all claims of privilege, work product or third party confidentiality (Dkt. No. 785 at ¶7). Quinn Emanuel's review, production, and logging of certain documents to date simply does not provide any basis for depriving Nokia of these stipulated, additional rights in paragraph 7.

## IV. CONCLUSION

In the investigation of Samsung's violations of the protective order, the Court should not excuse Samsung from complying with its orders or permit Samsung to re-write provisions of those orders. For the foregoing reasons, the Court should deny Samsung's Motion in its entirety.

1
2 Dated: December 10, 2013  Respectfully submitted,
3
4  *s/ Ryan W. Koppelman*
   RANDALL L. ALLEN (Ca. Bar No. 264067)
   randall.allen@alston.com
5  RYAN W. KOPPELMAN (Ca. Bar No. 290704)
   ryan.koppelman@alston.com
6  ALSTON & BIRD LLP
   275 Middlefield Road, Suite 150
7  Menlo Park, CA 94025
   Telephone: 650-838-2000
8  Facsimile: 650-838-2001
9  PATRICK J. FLINN (Ca. Bar No. 104423)
   patrick.flinn@alston.com
10 B. PARKER MILLER (*pro hac vice*)
   parker.miller@alston.com
11 ALSTON & BIRD LLP
   1201 West Peachtree Street
12 Atlanta, GA 30309
   Telephone: 404-881-7000
13 Facsimile: 404-881-7777
14 Attorneys for NOKIA CORPORATION
15
16
17
18
19
20
21
22
23
24
25
26
27
28