1

2     [COUNSEL LISTED ON SIGNATURE PAGES]

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN JOSE DIVISION
11

12    APPLE INC., a California corporation,          CASE NO. 5:12-cv-00630-LHK

13                    Plaintiff,                     **JOINT SUBMISSION OF CHART
                                                    IDENTIFYING THEORIES
                                                    CHALLENGED IN THE PARTIES'
14          v.                                       MOTIONS**

15    SAMSUNG ELECTRONICS CO., LTD., a
      Korean corporation; SAMSUNG                   **Hearing:**
16    ELECTRONICS AMERICA, INC., a New York
      corporation; and SAMSUNG                      Date:      December 12, 2013
17    TELECOMMUNICATIONS AMERICA, LLC, a            Time:      1:30 p.m.
      Delaware limited liability company,           Place:     Courtroom 1, 5th Floor
18                                                  Judge:     Hon. Lucy H. Koh
                     Defendants.
19

20    SAMSUNG ELECTRONICS CO., LTD., a
      Korean corporation; SAMSUNG
21    ELECTRONICS AMERICA, INC., a New York
      corporation, and SAMSUNG
22    TELECOMMUNICATIONS AMERICA, LLC, a
      Delaware limited liability company,
23
                     Counterclaim-Plaintiffs,
24
            v.
25
      APPLE INC., a California corporation,
26
                     Counterclaim-Defendant.
27

28

Pursuant to this Court's December 10, 2013 Order, the parties respectfully submit the Chart attached here as Exhibit A, to identify "(1) each expert theory that is being challenged by either party, (2) the basis for each challenge, and (3) the motion that articulates each challenge, by ECF number." D.I. 1047.


Dated: December 12, 2013


By:  /s/ H. Mark Lyon                                          By:  /s/ Victoria F. Maroulis (with permission)

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

Josh A. Krevitt (CA SBN 208552)
jkrevitt@gibsondunn.com
H. Mark Lyon (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Michael A. Jacobs
(CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

William F. Lee (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com

Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA,  INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson
(Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP

WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

**ATTESTATION OF E-FILED SIGNATURES**

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Joint Submission of Chart Identifying Theories Challenged in the Parties' Motions.  In compliance with General Order 45.X.B, I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: December 12, 2013                                          */s/ H. Mark Lyon*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and supporting exhibit was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 12, 2013                                          */s/ H. Mark Lyon*

## EXHIBIT A

### Apple v. Samsung (N.D. Cal. 5:12-cv-00630-LHK (PSG))
The Parties' Response to the Court's Order of December 10, 2013 (Dkt. 1047)[1]

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| '959 Patent (independent of experts) | | | | |
| Indefiniteness of claims 24 & 25 | N/A | N/A | Dkt. 805-4 at 16-22<br><br>(Claims 24 and 25 of the '959 patent are invalid because the term "heuristic" as used in those claims is indefinite.) | N/A |

---

[1]  The descriptions and bases provided in this chart are not meant to limit or expand any motions.  The motions define the full scope of the opinions at issue and relief sought.  For purposes of preparing this joint chart, Apple has prepared the characterizations of Apple's motions and Samsung has prepared the characterizations of Samsung's motions.  By filing this joint chart, neither Apple nor Samsung necessarily agree that a party's characterization of its own motions is accurate.

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|-------|-------------------|----------------------------|------------------------------|-------------------|
| '959 Patent (Dr. Rinard) | | | | |
| Samsung's assertion that claims 24 and 25 of the '959 Patent are invalid in view of the alleged "WAIS" and "AppleSearch" | Dkt. 882-03 at 10-11<br><br>(The portions of Samsung expert Dr. Rinard's expert report asserting that the alleged "WAIS" and "AppleSearch" prior art systems Dr. Rinard built should be excluded because they were not disclosed in Samsung's Pat. L. R. 3-3 Invalidity Contentions and because they were not disclosed during fact discovery.) | N/A | Dkt. 803-04/Dkt. 830-03 at 15-19<br><br>(The alleged "WAIS" and "AppleSearch" prior art systems do not anticipate or render obvious claims 24 and 25 of the '959 Patent.) | Dkt. 806-03/Dkt. 831-02 at 23-24<br><br>(Samsung expert Dr. Rinard's reliance on and reference to the alleged "WAIS" and "AppleSearch" prior art systems should be excluded as unreliable.) |
| Samsung's expert opinions that the asserted claims of the '959 Patent are not infringed | Dkt. 882-03 at 18-22<br><br>(Samsung expert Dr. Rinard's opinions regarding non-infringement of the '959 patent based on unproduced proprietary source code and/or unproduced versions of the accused functionality were not disclosed or produced during discovery.) | N/A | N/A | N/A |
| Samsung's expert opinions on non-infringing alternatives to the asserted claims of the '959 Patent | Dkt. 882-03 at 18-22<br><br>(Samsung expert Dr. Rinard's offered opinions reliant on unproduced source code versions.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Samsung's expert opinions that it practices the prior art to the '959 Patent | Dkt. 882-03 at 12-15<br><br>(Samsung expert Dr. Rinard's opinions that it practices the prior art to the '959 Patent were not disclosed in Dr. Rinard's opening expert report and constitute improper rebuttal opinion.) | N/A | N/A | N/A |
| '959 Patent (Dr. Snoeren) | | | | |
| Allegations that Apple practices claim 34 | Dkt. 880-5 at 3-5, 12-13<br><br>(A new allegation that Siri practices claim 34.) | Dkt. 804-3 at 4<br><br>(Apple asserts claim 34, which was not included in its narrowing statement required by the Court's order.) | N/A | N/A |
| New validity theories | Dkt. 880-5 at 5, 9, 16-17<br><br>(A new opinion that "heuristics" means "modules," and validity positions based on the same.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| New infringement theories | Dkt. 880-5 at 5-7, 17-20<br><br>(A new "blending" theory, a new theory that the Google suggestion server is heuristic, and a new theory that several devices include a "Google" heuristic.)<br><br>Dkt. 880-5 at 5-6, 17<br><br>(A new accused product for the '959 patent, the Tab 2 10.1.) | N/A | N/A | N/A |
| Supplemental reports | Dkt. 880-5 at 7, 21<br><br>(Supplemental reports were issued without leave.) | N/A | N/A | N/A |

JOINT CHART IDENTIFYING THEORIES CHALLENGED IN MOTIONS
Case No. 5:12-cv-00630-LHK (PSG)

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'172 Patent (independent of experts)** | | | | |
| Apple's assertion that Claim 18 of the '172 Patent is infringed | N/A | N/A | Dkt. 803-04/Dkt. 830-03 at 1-4<br><br>(Claim 18 covers virtual keyboards and is therefore infringed by the Samsung Accused Products.) | N/A |
| Apple's practice of claim 27 of the '172 patent | N/A | Dkt. 804-03 at 4<br><br>(Apple asserts claim 27, which was not included in its narrowing statement required by the Court's order.) | N/A | N/A |
| **'172 Patent (Dr. Wigdor)** | | | | |
| Samsung's expert opinions that Claim 18 of the '172 Patent is indefinite | Dkt. 882-03 at 12-14<br><br>(Samsung expert Dr. Wigdor's opinions  that Claim 18 of the '172 Patent is indefinite as a mixed apparatus and method claim were not disclosed in Dr. Wigdor's opening expert report and constitute improper rebuttal opinion.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'721 Patent (Dr. Greenberg)** | | | | |
| Samsung's expert opinions that Claim 8 of the '721 Patent is not infringed | Dkt. 882-03 at 12-13, 16-17<br><br>(Samsung expert Dr. Greenberg's opinions that Samsung does not infringe the '721 Patent because Apple did not identify source code were not disclosed during discovery.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'414 Patent (Dr. Snoeren and/or independent of experts)** | | | | |
| Apple's assertion that Claim 20 of the '414 Patent is infringed. | N/A | N/A | Dkt. 803-04/Dkt. 830-03 at 10-15 (Samsung's Accused Products are configured in the manner required by Claim 20 and infringe that claim.) | N/A |
| Practice and validity of claim 11 and 20 | N/A | Dkt. 804-3 at 5 (Apple asserts claim 11, which was not included in its narrowing statement required by the Court's order.) | Dkt. 805-4 at 10-16 (Windows Mobile 5 meets each limitation of claim 11 and claim 20.) | Dkt. 802-3 at 21-23 (Dr. Snoeren's opinion that Apple practices claim 11 is inadmissible *ipse dixit*._ |
| Opinion regarding "plug-in architecture" | Dkt. 880-5 at 8, 13-15 (Apple raised an untimely new validity theory interpreting claim 20 to require a "plug-in architecture.") | N/A | Dkt. 805-4 at 13-14 (Apple opposes Samsung's MSJ by arguing that the prior art lacks a plug-in architecture.) | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Opinion regarding "provide a thread" | Dkt. 880-5 at 8, 13-15<br><br>(Apple raised untimely new validity theories interpreting claim 20 as requiring all components to provide threads by "creating or instantiating" them.) | N/A | Dkt. 805-4 at 14-16<br><br>(Apple opposes Samsung's MSJ by arguing that the prior art components do not "create or instantiate" threads.) | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| '414 Patent (Dr. Chase) | | | | |
| Samsung's expert opinions that the asserted '414 Patent claims are invalid as anticipated and/or obvious. | Dkt. 882-03 at 3-7<br><br>(The components referred to in portions of Samsung expert Dr. Chase's expert report asserting that the alleged Windows Mobile with Active Sync, Evolution, and iSync prior art as the basis for his opinion that these references render the asserted '414 Patent claims invalid as anticipated and/or obvious were not disclosed in Samsung's Pat. L. R. 3-3 Invalidity Contentions.)<br><br>Dkt. 882-03 at 11-12<br><br>(The portions of Samsung expert Dr. Chase's expert report asserting that the alleged "Windows Mobile" and "Evolution" prior art demonstration systems he created invalidate the asserted claims of the '414 Patent should be excluded because not disclosed in Samsung's Pat. L. R. 3-3 Invalidity Contentions and were not produced during fact discovery.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Samsung's inclusion of additional invalidity opinions in its expert's rebuttal report assertion that it practices the prior art to the '414 Patent | Dkt. 882-03 at 12-13, 15<br><br>(Samsung expert Dr. Chase's opinions that it practices the prior art to the '414 Patent were not disclosed in Dr. Chase's opening expert report and constitute improper rebuttal opinion because they are directed to its invalidity defenses and therefore should have been set forward in Dr. Chase's opening report.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'647 Patent (Dr. Mowry/Dr. Jeffay)** | | | | |
| Infringement/ Non-Infringement of the '647 Patent | N/A | N/A | Dkt. 803-04/Dkt. 830-03 at 4-10<br><br>(Samsung's Accused Products infringe Claim 1 of the '647 Patent.)<br><br>Dkt. 805-04 at 1-6<br><br>(The Jelly Bean Browser products lack a "user interface" that "enables the selection … of a detected structure" because no structure is detected until after selection.)<br><br>Dkt. 805-04 at 6-8<br><br>(The Jelly Bean Browser products lack a limitation because Apple contends that a user must be able to select from a set of detected structures.) | Dkt. 802-03 at 15-21<br><br>(Unreliable opinions because of inconsistent application of claim interpretations.) |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'647 Patent (Dr. Mowry)** | | | | |
| Doctrine of Equivalents Infringement Theories | Dkt. 880-4 at 9, 21-22<br><br>(Failure to disclose infringement theory in contentions.) | N/A | N/A | Dkt. 802-03 at 15-21<br><br>(Unreliable opinions because of inconsistent application of claim interpretations.) |
| Infringement & Invalidity in their entirety as unreliable | Dkt. 880-4 at 9-10, 21-24<br><br>(Failure to disclose infringement theory in contentions; reliance on undisclosed evidence in support of theories concerning Apple's practice of its patent, including new allegations of practice.) | N/A | Dkt. 805-04 at 1-8<br><br>(The Jelly Bean Browser products lack a "user interface" that "enables the selection … of a detected structure" because no structure is detected until after selection; the Jelly Bean Browser products lack a limitation because Apple contends that a user must be able to select from a set of detected structures.) | Dkt. 802-03 at 15-21<br><br>(Unreliable opinions because of inconsistent application of claim interpretations.) |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Apple's alleged Practice of the '647 patent | Dkt. 880-4 at 9-10, 22-24<br><br>(Reliance on undisclosed evidence in support of theories concerning Apple's practice of its patent, including new allegations of practice.) | N/A | N/A | Dkt. 802-03 at 15-21<br><br>(Unreliable opinions because of inconsistent application of claim interpretations.) |
| **'647 Patent (Dr. Jeffay)** | | | | |
| Samsung's expert opinions that the asserted '647 Patent claims are invalid as anticipated and/or obvious. | Dkt. 882-03 at 7-9<br><br>(The portions of Samsung expert Dr. Jeffay's expert report asserting that the alleged Sidekick Handbook, MHonArc System/Mosaic System prior art anticipate or render obvious the asserted '647 Patent claims were not disclosed in Samsung's Pat. L. R. 3-3 Invalidity Contentions.)<br><br>Dkt. 882-03 at 9-10<br><br>(The portions of Samsung expert Dr. Jeffay's expert report asserting that the asserted '647 Patent claim elements were "well known in the art" were not disclosed in Samsung's Pat. L. R. 3-3 Invalidity Contentions and the purported systems comprising such "art" do not constitute prior art.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Samsung's expert opinions that Claim 1 of the '647 Patent is indefinite | Dkt. 882-03 at 12-13<br><br>(Samsung expert Dr. Jeffay's opinions  that Claim 1 of the '647 Patent is indefinite as a mixed apparatus and method claim were not disclosed in Dr. Jeffay's opening expert report and constitute improper rebuttal opinion.) | N/A | N/A | N/A |
| Samsung's expert opinions on non-infringing alternatives to the asserted claims of the '647 Patent | Dkt. 882-03 at 17-18<br><br>(Samsung expert Dr. Jeffay's opinions regarding non-infringing alternatives to the '647 Patent based on ruling in the *Apple v. Motorola* case were not disclosed during discovery.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **Damages (Dr. Chevalier and/or All Samsung Experts)** | | | | |
| Samsung expert Dr. Chevalier's use of license agreements and/or offers to license in damages opinions | N/A | N/A | N/A | Dkt. 806-03/Dkt. 831-02 at 1-11 <br><br>(Samsung expert Dr. Chevalier's analysis of licenses and/or offers to license should be excluded as unreliable.) |
| Samsung experts' use of opinions expressed by Apple experts in prior cases | N/A | N/A | N/A | Dkt. 806-03/Dkt. 831-02 at 24-25 <br><br>(Use of testimony from experts in other cases is not probative of the issues in this case and would cause confusion. ) |
| **Damages (Dr. Hauser)** | | | | |
| Apple's damages calculations rest on an unreliable conjoint methodology | N/A | N/A | N/A | Samsung's Daubert Motion, Dkt. No. 802-3, 1:1-12:12. |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **Damages (Dr. Vellturo)** | | | | |
| Apple's damages calculations rest on an unreliable conjoint methodology and suffer from multiple additional independent flaws | N/A | N/A | N/A | Samsung's Daubert Motion, Dkt. No. 802-3, 1:1-15:15. |
| **Damages (Dr. Kearl)** | | | | |
| Samsung expert Dr. Kearl's method of calculating damages for the '087, '596, '239, '757, and '449 patents | N/A | N/A | N/A | Dkt. Nos. 806-3, 831-2 at 11-15<br><br>(Dr. Kearl uses mathematically unsound and unreliable methodology to calculate damages for the '087, '596, '239, '757, and '449 patents) |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| '239 Patent  (Dr. Schonfeld) | | | | |
| Dr. Schonfeld's infringement analysis (including structural equivalents and doctrine of equivalents) for the "means for capturing, digitizing, and compressing" limitation of claim 1. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 20<br><br>(Dr. Schonfeld recites and applies the incorrect function in his infringement analysis.) |
| Dr. Schonfeld's construction of and infringement analysis (including structural equivalents and doctrine of equivalents) for the "means for exchanging" limitation of claim 1. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 20-21<br><br>(Dr. Schonfeld ignores required structure and includes structure not found in the specification.) |

JOINT CHART IDENTIFYING THEORIES CHALLENGED IN MOTIONS
Case No. 5:12-cv-00630-LHK (PSG)

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Schonfeld's construction of and infringement analysis (including structural equivalents and doctrine of equivalents) for the "means for transmission" limitation of claim 15 | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 20-21<br><br>(Dr. Schonfeld ignores required structure and includes structure not found in the specification.) |
| Dr. Schonfeld's infringement analysis using structural equivalents for all means-plus-function limitations. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 22<br><br>(Dr. Schonfeld applies incorrect legal standard for structural equivalents.) |
| Dr. Schonfeld's infringement analysis using doctrine of equivalents for all limitations except the two construed by the Court | Dkt. No. 877-3; 877-4 at 1, 3-4, 7-8<br><br>(Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Schonfeld's infringement analysis using structural equivalents for all means-plus-function limitations except the two construed by the Court | Dkt. No. 877-3; 877-4 at 8-9<br><br>(Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that the "audio capture card" and "video card having a video capture module" of claim 1 and "video capture module" of claim 15 is met by certain previously unidentified components. | Dkt. No. 877-3; 877-4 at 18-19<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that the "means for exchanging" limitation of claim 1 is met by certain previously unidentified components. | Dkt. No. 877-3; 877-4 at 19<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |

JOINT CHART IDENTIFYING THEORIES CHALLENGED IN MOTIONS
Case No. 5:12-cv-00630-LHK (PSG)

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Schonfeld's opinion that the host unit and playback unit limitations of claim 1 are met by previously uncharted Mac computers. | Dkt. No. 877-3; 877-4 at 20<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| **'239 Patent (Dr. Storer)** | | | | |
| Claim Constructions for limitations of Claims 1 and 15 and applications thereof | Dkt. 878-04, at 2-3, 4-6, 12-14, 18-20<br><br>(Failure to disclose constructions in response to ROG 46.) | N/A | N/A | N/A |
| Claim Constructions for "means for capturing, digitizing, and compressing at least one composite signal" and "means for transmitting" limitations and applications thereof | Dkt. 878-04, at 9-12, 15-18<br><br>(Reliance on claim constructions that are contrary to the Court's *Markman* order.) | N/A | N/A | Dkt. 802-03, at 23-24<br><br>(Reliance on claim constructions that are contrary to the Court's *Markman* order.) |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'757 Patent (independent of experts)** | | | | |
| The anticipation of the '757 patent by the '446 patent | N/A | N/A | Dkt. 803-4; 803-5 at 19-25 | N/A |
| **'757 Patent (Dr. Schonfeld)** | | | | |
| Dr. Schonfeld's infringement analysis for the "at least one zone specific storage and interface device" limitation of claim 1. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 16-17<br><br>(Dr. Schonfeld applies an unreasonable reading of claim text to read "one" as "two".) |
| Dr. Schonfeld's infringement analysis for the "updated in relation to" limitation of claim 1. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 17-19<br><br>(Dr. Schonfeld applies an unreasonable reading of claim language that contradicts other claim elements and the specification) |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Schonfeld's infringement analysis for the "zone specific storage and interface device" limitation of claim 1. | N/A | N/A | N/A | Dkt. No. 806-3, 831-2 at 19-20<br><br>(Dr. Schonfeld applies an construction in conflict with the Court's claim construction) |
| Dr. Schonfeld's opinion that the '757 patent is infringed under the doctrine of equivalents | Dkt. No. 877-3; 877-4 at 1, 3-4, 7-8<br><br>(Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that iOS devices satisfy the "zone specific storage and interface" limitation | Dkt. No. 877-3; 877-4 at 2, 12-13<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that Mac OS devices satisfy the "zone specific storage and interface" limitation for the accused Photo Stream functionality | Dkt. No. 877-3; 877-4 at 2,13-14<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Schonfeld's opinion that the "automatic transfer" feature of Home Sharing is an accused functionality | Dkt. No. 877-3; 877-4 at 2, 14<br><br>(Exceeded the scope of what Judge Grewal's Judge 26 Order permitted Samsung to add) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that the "shared photo stream" feature is an accused functionality | Dkt. No. 877-3; 877-4 at 2, 14-15<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that PCs with iTunes are accused products | Dkt. No. 877-3; 877-4 at 2, 15<br><br>(Dropped in case narrowing statements) | N/A | N/A | N/A |
| Dr. Schonfeld's opinion that the "central storage and interface device" limitation can be satisfied by groups of servers or by servers containing only one of "content information" or "content management information" | Dkt. No. 877-3; 877-4 at 2, 15-18<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| '757 Patent (Dr. Taylor) | | | | |
| Failure to Disclose Claim Constructions in Response to Interrogatory No. 46 | Dkt. 878-04, at 6, 12-14<br><br>(Failure to disclose constructions in response to ROG 46 for 757 patent claim terms "updated in relation to," "at least one user can be situated in any one of the zones and access the audio, video, or photographic information related to the at least one user," "capable of storing or interfacing with information stored in the central storage and interface device," and "relating to at least one user.") | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|-------|-------------------|------------------------------|------------------------------|-------------------|
| '449 Patent (Mr. Parulski) | | | | |
| Mr. Parulski's opinion that the '449 patent is infringed under the doctrine of equivalents | Dkt. No. 877-3; 877-4 at 1, 3-4, 7-8  (Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |
| Mr. Parulski's opinion that the "imaging device" limitation is met by a specific component found within the CMOS image sensor rather than the CMOS image sensor as a whole | Dkt. No. 877-3; 877-4 at 9-10  (Previously excluded by Judge Grewal's June 26 Order; not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Mr. Parulski's opinion that the "recording circuit" limitation is met by an interface circuit and other previously-unidentified components | Dkt. No. 877-3; 877-4 at 10-11  (Previously excluded by Judge Grewal's June 26 Order; not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Mr. Parulski's opinion that the "reproducing circuit" limitation is met by a "display pipeline" and an "audio subsystem," both of which were previously-unidentified | Dkt. No. 877-3; 877-4 at 11-12<br><br>(Previously excluded by Judge Grewal's June 26 Order; not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Mr. Parulski's opinion that the "compressor" limitation is met by certain previously-unidentified components of a system-on-chip | Dkt. No. 877-3; 877-4 at 21-22<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Mr. Parulski's opinion that the "decompressor" limitation is met by certain previously-unidentified components of a system-on-chip | Dkt. No. 877-3; 877-4 at 21-22<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| **'449 Patent (Dr. Storer)** | | | | |
| Failure to Disclose Claim Constructions in Response to Interrogatory No. 46 | Dkt. 878-04, at 4-6, 12-14<br><br>(Failure to disclose constructions in response to ROG 46 for '449 patent claim terms "digital camera," "imaging device," "A/D converter," "compressor," "decompressor," "recording circuit," "list," "search mode," "classification.") | N/A | N/A | N/A |
| Failure to Disclose Claim Constructions in Expert Reports | N/A | N/A | N/A | Dkt. 802-3, at 23-24<br><br>(Failure to disclose constructions applied in forming opinions for '449 patent claim terms "digital camera," "imaging device," "A/D converter," "compressor," "decompressor," "recording circuit," "list," "search mode," "classification.") |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| '596 Patent (Dr. Min) | | | | |
| Dr. Min's opinion that the '596 patent is infringed under the doctrine of equivalents. | Dkt. No. 877-3; 877-4 at 1, 3-4, 7-8<br><br>(Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |
| Dr. Min's opinion that the '596 patent is infringed based on the "X-Gold 61x specification," deposition testimony discussing that specification and the X-Gold 618 specification. | Dkt. No. 877-3; 877-4 at 1, 4-5, 8<br><br>(The X-Gold 61x specification was previously excluded by Judge Grewal's June 26 Order.  The X-Gold 618 specification is irrelevant and was not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Dr. Min's opinion that the '596 patent is infringed under a channel encoder theory | Dkt. No. 877-3; 877-4 at 22-23<br><br>(Not disclosed in Samsung's infringement contentions) | N/A | N/A | N/A |
| Dr. Min's theory that the '596 patent is infringed based on testing by Apple and third parties | Dkt. No. 877-3; 877-4 at 23-34<br><br>(Not sufficiently disclosed in Samsung's infringement contentions.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Dr. Min's indirect infringement theory for the '596 patent. | Dkt. No. 877-3; 877-4 at 24<br><br>(Contributory infringement theory not disclosed in Samsung's infringement contentions. Inducement theory not sufficiently disclosed in Samsung's infringement contentions.) | N/A | N/A | N/A |
| '596 Patent (Dr. Fuja) | | | | |
| Claim Construction for "control SDU" for Claim 13 | Dkt. 878-04, at 2-4, 12-14.<br><br>(Failure to disclose construction in response to ROG 46 for "control SDU" for claim 13.) | N/A | N/A | N/A |
| Claim Construction for "control SDU including control information for an uplink packet data service" for Claim 13 | Dkt. 878-04, at 2-4, 12-14.<br><br>(Failure to disclose construction in response to ROG 46 for "control SDU including control information for an uplink packet data service" for claim 13.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Claim Construction for "N field representing the number of uplink packet data service" for Claim 13 | Dkt. 878-04, at 2-4, 12-14<br><br>(Failure to disclose construction in response to ROG 46 for "N field representing the number of uplink packet data service" for claim 13.) | N/A | N/A | N/A |
| Claim Construction for requiring claim 13 to be processed in a specific order | Dkt. 878-04, at 2-4, 12-14.<br><br>(Failure to disclose construction in response to ROG 46 for requiring claim 13 to be processed in a specific order.) | N/A | N/A | N/A |
| Claim Construction for "forming a second data packet unit (PDU) by concatenating a header and payload" for Claims 13 | Dkt. 878-04, at 2-4, 12-14.<br><br>(Failure to disclose construction in response to ROG 46 for "forming a second data packet unit (PDU) by concatenating a header and payload" for claim 13.) | N/A | N/A | N/A |

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|---|---|---|---|---|
| Non-Infringement for "control SDU" for Claim 13 | Dkt. 878-04, at 6-7, 14-15.<br><br>(Failure to disclose non-infringement theory in response to ROG 12 for "control SDU" for claim 13.) | N/A | N/A | N/A |
| Non-Infringement for "control SDU including control information for an uplink packet data service" for Claim 13 | Dkt. 878-04, at 8, 14-15.<br><br>(Failure to disclose non-infringement theory in response to ROG 12 for "control SDU including control information for an uplink packet data service" for claim 13.) | N/A | N/A | N/A |
| Non-Infringement for "N field representing the number of uplink packet data service" for Claim 13 | Dkt. 878-04, at 9, 14-15<br><br>(Failure to disclose non-infringement theory in response to ROG 12 for "N field representing the number of uplink packet data service" for claim 13.) | N/A | N/A | N/A |
| Claim 13 priority to 11/9/04 Korean Application, KR 10-2004-0091093 | N/A | N/A | Dkt. 805-04 at 22-25.<br><br>(Claim 13 "data description indicator (DDI) field" disclosed in 11/9/04 Korean Application, KR 10-2004-0091093.) | N/A |

JOINT CHART IDENTIFYING THEORIES CHALLENGED IN MOTIONS
Case No. 5:12-cv-00630-LHK (PSG)

| Issue | Motions to Strike | Samsung's Motion to Enforce | Motions for Summary Judgment | *Daubert* Motions |
|-------|-------------------|------------------------------|------------------------------|-------------------|
| **'087 Patent (Dr. Min)** | | | | |
| Dr. Min's opinion that the'087 patent is infringed under the doctrine of equivalents. | Dkt. No. 877-3; 877-4 at 1, 3-4, 7-8<br><br>(Previously excluded by Judge Grewal's June 26 Order) | N/A | N/A | N/A |
| Dr. Min's theory that the '087 patent is infringed based on testing by Apple and third parties | Dkt. No. 877-3; 877-4 at 23-24<br><br>(Not sufficiently disclosed in Samsung's infringement contentions.) | N/A | N/A | N/A |
| Dr. Min's indirect infringement theory for the '087 patent. | Dkt. No. 877-3; 877-4 at 24<br><br>(Not disclosed in Samsung's infringement contentions.) | N/A | N/A | N/A |
| **'087 Patent (Dr. Fuja)** | | | | |
| Claim Construction for "receiver receiving" for Claims 10 and 35 | Dkt. 878-04, at 2-4, 12-14<br><br>(Failure to disclose construction in response to ROG 46 for "receiver receiving" for claims 10 and 35.) | N/A | N/A | N/A |