1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Charles K. Verhoeven (Bar No. 170151)
2  charlesverhoeven@quinnemanuel.com
   Kevin A. Smith (Bar No. 250814)
3  kevinsmith@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  Kevin P.B. Johnson (Bar No. 177129)
   kevinjohnson@quinnemanuel.com
7  Victoria F. Maroulis (Bar No. 202603)
   victoriamaroulis@quinnemanuel.com
8  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, California  94065-2139
9  Telephone:     (650) 801-5000
   Facsimile:     (650) 801-5100
10
   William C. Price (Bar No. 108542)
11 williamprice@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
12 michaelzeller@quinnemanuel.com
   865 S. Figueroa St., 10th Floor
13 Los Angeles, California 90017
   Telephone: (213) 443-3000
14 Facsimile: (213) 443-3100

15 Attorneys for SAMSUNG ELECTRONICS
   CO., LTD., SAMSUNG ELECTRONICS
16 AMERICA, INC. and SAMSUNG
   TELECOMMUNICATIONS AMERICA, LLC

17

18                      UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| 20  APPLE INC., a California corporation, | CASE NO. 12-cv-00630-LHK (PSG) |
| 21                      Plaintiff, | **SAMSUNG'S OPPOSITION TO NOKIA CORPORATION'S ADMINISTRATIVE MOTION TO STRIKE SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF OCTOBER 2, 2013 STIPULATED ORDER** |
| 22              vs. | |
| 23  SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG | |
| 24  ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG | |
| 25  TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| 26 | **Date**:  N/A |
|                         Defendant. | **Time**:  N/A |
| 27 | **Place**: Courtroom 5, 4th Floor |
| | **Judge**: Hon. Paul S. Grewal |
| 28 | |

**Preliminary Statement**

Nokia's attempt to further prolong these proceedings and drive up the parties' legal fees with a pointless – and now moot – motion to strike Samsung's pending Administrative Motion should be rejected. Nothing in Civil Local Rule 7-11 forbids Samsung's invocation of it in these circumstances. Indeed, the October 2 Stipulated Order expressly provides that the parties should seek expedited relief for any disputes related to it, which is precisely what Samsung did in filing its motion for relief from Paragraph 7 of the October 2 Stipulated Order here. Rather than filing a regularly-noticed motion on an extended 35-day briefing schedule that could result in 65 pages of briefing followed by a hearing, Samsung limited itself to a five-page brief, waived its reply and a hearing, and sought to have briefing completed within four days. Samsung's use of Civil Local Rule 7-11 was both procedurally proper and the most efficient route for resolving this narrow dispute.

Nor, as Nokia also contends, does Samsung's Administrative Motion somehow improperly seek reconsideration of Judge Koh's October 15 Order on Samsung's Motion for Relief from the Stipulated Order (Dkt. 820). Samsung's prior motion sought different relief, on different grounds, for different reasons, and at a different stage in these proceedings, than does Samsung's pending Administrative Motion. Nothing in Samsung's pending Administrative Motion takes issue with or is at odds with Judge Koh's rulings on October 15.

Nokia's Motion to Strike should be denied and Samsung's Administrative Motion should be granted on the merits.

**Argument**

**I.    NOKIA'S MOTION TO STRIKE IS MOOT**

Because Nokia has now filed an opposition to Samsung's Administrative Motion on the merits (*see* Dkt. 1048) without waiting for a ruling on its previously-filed Motion to Strike (Dkt. 1041), Nokia has effectively mooted its Motion to Strike. As the court noted in *Omoregie v. Boardwalk Auto Center Inc.*, a case on which Nokia itself relies, even if an administrative motion

is procedurally improper, the Court may construe it "as a motion properly filed pursuant to the local rules" once an opposition is filed. 2008 WL 4792643, at *1 (N.D. Cal. Oct. 31, 2008).[1] Thus, the Court need not reach Nokia's Motion to Strike and should deny it as moot.

## II. SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF IS PROPER UNDER CIVIL LOCAL RULE 7-11

Even reaching the merits of Nokia's Motion to Strike, it should be denied because Samsung's motion complies with Civil Local Rule 7-11, for several reasons.

*First*, Nokia's assertion that the Local Rules limit administrative motions to issues such as "page limitations or motions to file documents under seal" is incorrect. Mot. at 3. The rule only provides *examples* of requests that may be filed as administrative motions, and does not preclude motions such as Samsung's instant motion. Nokia itself has filed the present Motion to Strike under Civil Local Rule 7-11, even though "motions to strike" are not listed amongst the examples set forth in Civil Local Rule 7-11.

*Second*, the Stipulated Order expressly permits either party "to enforce the terms of the Stipulation and resolve disputes regarding the procedures implemented under the Stipulation *on an expedited basis*." Dkt. 785 ¶ 10 (emphasis added). Consistent with those terms, Samsung filed an administrative motion to attempt to resolve this matter expeditiously. Likewise, the Court itself has expressed its desire to resolve these protective order disputes quickly. *See*, *e.g.*, Dkt. 820 at 15 (Koh, J.); Case No. 11-1846, Dkt. 2483 at 4. In contrast, a regularly-noticed motion would not have been heard until the middle of January, allowing the parties' dispute to "fester for weeks." Case No. 1846, Dkt. 2483 at 4. By filing an administrative motion, Samsung limited its brief to five pages, waived its reply, and sought to have briefing completed within four days. Civil L.R. 7-11. As Samsung properly concluded, an administrative motion was the most expeditious way of

---

[1] Nokia cites to no authority permitting it to generate and file two separate briefs in response to Samsung's Administrative Motion. It could and should have incorporated its procedural arguments into its Opposition, in a single five-page brief, as the rule requires. *See* Civil L. R. 7-11(b).

handling the parties' present dispute.[2]

*Third*, in invoking Civil Local Rule 7-11 for its pending motion, Samsung is in compliance with the past practices in this case and the 1846 Case. Both Apple and Samsung have previously filed administrative motions seeking expedited relief from or clarification of the Court's orders in the 1846 Case, and in each instance the Court has addressed the merits of those motions. *See* Case No. 11-1846, Dkts. 885, 892, 1213, 2326, 2328, 2377.

### III. SAMSUNG'S ADMINISTRATIVE MOTION FOR RELIEF IS NOT A MOTION FOR RECONSIDERATION

Nokia's argument that Samsung's Administrative Motion is an improper motion for reconsideration of Judge Koh's October 15 Order (Dkt. 820) also fails. Samsung's Administrative Motion does not take issue with the October 15 Order, nor does it seek a different ruling on its October 7 Motion, which led to the issuance of the October 15 Order. Indeed, Samsung's October 7 Motion sought different relief, on different grounds, for different reasons, and at a different stage in these proceedings, than does its pending Administrative Motion.

Most importantly, after Judge Koh's October 15 Order, this Court directed Samsung to submit documents *in camera* for the Court's review. After an exhaustive review, the Court found only a handful of documents relevant and, since that ruling, has received evidence from Samsung showing that those few relevant documents are both protected from disclosure and do not show any use of information designated under the Protective Order in this case. Case No. 11-1846, Dkt. 2689 at 2-4. Given this, having an e-discovery vendor such as Stroz, either by hiring temporary lawyers or using its own personnel, re-review a subset of those documents and prepare a log would not only be a waste of time and resources, but duplicative of the Court's review. Nokia can no longer plausibly claim it needs independent, third-party review of documents because the

---

[2] Plainly, Nokia suffered no prejudice from a shortened administrative motion briefing schedule. Samsung met and conferred with Nokia's counsel on December 4, 2013, notifying Nokia that Samsung intended to file an administrative motion for relief and explaining the relief it would seek. Declaration of Daniel C. Posner (Dkt. 1038) ¶ 2. Nokia had nearly a week to formulate a response, and in that time filed two separate briefs opposing Samsung's Administrative Motion.

Court's *in camera* review of Samsung's relevant documents regarding the inadvertent disclosures was just that – and indeed a review that was far more thorough and considered than what an e-discovery vendor could undertake. Thus, the purpose of the log requirement in Paragraph 7 of the Stipulated Order – to assist Nokia in identifying whether any documents in Samsung's possession reflect the dissemination or use of the alleged confidential terms of the Apple/Nokia license – has been fully satisfied.

Further, the relief sought in Samsung's pending Administrative Motion is far narrower than the relief sought in Samsung's October 7 Motion. Whereas before Samsung sought relief from both the Court's October 2 discovery order and the Stipulated Order in their entireties, Samsung has now fully complied with the Court's discovery order and is seeking to be relieved from only a single obligation in the Stipulated Order, because in the intervening weeks, the purpose of Paragraph 7 of the Stipulated Order has already been satisfied. Accordingly, Samsung's pending Administrative Motion neither presents the same facts or arguments, nor seeks the same relief, as that at issue in Samsung's October 7 Motion.[3]

### Conclusion

Samsung respectfully requests that the Court reach the merits of Samsung's Administrative Motion and grant it.

DATED: December 12, 2013         QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By */s/ Michael T. Zeller*
                                    Charles K. Verhoeven
                                    Kevin A. Smith
                                    Kevin P.B. Johnson
                                    Victoria F. Maroulis
                                    William C. Price
                                    Michael T. Zeller
                                    Attorneys for SAMSUNG ELECTRONICS CO.,
                                    LTD., SAMSUNG ELECTRONICS AMERICA,
                                    INC., and SAMSUNG
                                    TELECOMMUNICATIONS AMERICA, LLC

---

[3] Filing an administrative motion in these circumstances is by no means sanctionable, as Nokia suggests. Mot. at 4. Nokia does not cite a single case where a court awarded sanctions under similar circumstances.

**ATTESTATION**

I, Victoria Maroulis, am the ECF user whose ID and password are being used to file the foregoing document. I hereby attest pursuant to Civil L.R. 5-1 that concurrence in the electronic filing of this document has been obtained from Michael T. Zeller.

                 */s/ Victoria F. Maroulis*
                 Victoria F. Maroulis