[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>　　v.<br><br>APPLE INC., a California corporation,<br><br>　　　　　Counterclaim-Defendant. | |

Pursuant to this Court's December 12, 2013 Order, the parties respectfully submit the Table attached here as Exhibit A, to identify "issues resolved and what issues remain outstanding in 4 motions pending before the court."  D.I. 1054.

Dated: December 13, 2013

By: */s/ H. Mark Lyon*

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

Josh A. Krevitt (CA SBN 208552)
jkrevitt@gibsondunn.com
H. Mark Lyon (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Michael A. Jacobs
(CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

William F. Lee (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP

By: */s/ Victoria F. Maroulis (with permission)*

Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA,  INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC


Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson
(Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Telephone: (213) 443-3000
Facsimile: (213) 443-3100

## ATTESTATION OF E-FILED SIGNATURES

I, H. Mark Lyon, am the ECF user whose ID and password are being used to file this Joint Chart Identifying Remaining Issues in Motions to Strike. In compliance with General Order 45.X.B, I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: December 13, 2013                                            /s/ H. Mark Lyon

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document and supporting exhibit was filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 13, 2013                                            /s/ H. Mark Lyon

# EXHIBIT A

### Apple v. Samsung (N.D. Cal. 5:12-cv-00630-LHK (PSG))
The Parties' Response to the Court's Order of December 12, 2013 (Dkt. No. 1054)[1]

| Apple Inc.'s Motion to Strike Arguments from Samsung's Expert Reports Regarding Apple Patents (Dkt. Nos. 882-3; 882-4) | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| Dr. Chase's opinions that the '414 patent is invalid based on Windows Mobile, Evolution, and iSync. | III.A.1.a. | Resolved[2] |
| Dr. Jeffay's opinions that the '647 patent is invalid based on the Sidekick Handbook, the "MHonArc System/Mosaic System," and Dr. Jeffay's alleged "systems" | III.A.1.b. | Outstanding |
| Dr. Rinard's opinions that the '959 patent is invalid based on WAIS and AppleSearch demonstration systems | III.A.2.a. | Resolved |
| Dr. Chase's opinions that the '414 patent is invalid based on Windows Mobile and Evolution demonstration systems | III.A.2.b. | Resolved |
| Dr. Jeffay's opinion that claim 1 of the '647 patent is indefinite as a mixed apparatus and method claim. | III.A.3.a. | Resolved based on Samsung's withdrawal of disputed theory |
| Dr. Wigdor's opinion that claim 18 of the '172 patent is indefinite as a mixed apparatus and method claim. | III.A.3.b. | Resolved based on Samsung's withdrawal of disputed theory |
| Dr. Rinard's opinions that the accused products practice the prior art. | III.A.3.c. | Resolved |
| Dr. Chase's opinions that the accused products practice the prior art. | III.A.3.d. | Resolved |
| Dr. Greenberg's non-infringement opinions based on Apple's alleged failure to identify source code | III.B. | Resolved |
| Dr. Jeffay's opinions regarding an alleged non-infringing alternative | III.C. | Outstanding |

---

[1] The descriptions and bases provided in this chart are not meant to limit or expand any motions. The motions define the full scope of the opinions at issue and relief sought. For purposes of preparing this joint chart, Apple has prepared the characterizations of Apple's motions and Samsung has prepared the characterizations of Samsung's motions. By filing this joint chart, neither Apple nor Samsung necessarily agree that a party's characterization of its own motions is accurate.

[2] Motions marked as "resolved" are withdrawn with prejudice.

| Apple Inc.'s Motion to Strike Arguments from Samsung's Expert Reports Regarding Apple Patents (Dkt. Nos. 882-3; 882-4) | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| discussed in the *Apple v. Motorola* litigaiton | | |
| Dr. Rinard's opinions regarding versions of the Google Quick Search Box or Google Search Application not disclosed or produced in discovery. | III.D. | Resolved based on representations made by Samsung's counsel in Court on Dec. 12, 2013.[3] |
| Dr. Rinard's opinions regarding undisclosed Google proprietary source code | III.E. | Resolved |

---

[3] As part of the resolution of this motion, Apple and Samsung agreed to allow supplemental expert reports following production of certain source code. Within four weeks after that production is complete, Apple may submit a short supplemental report limited to addressing non-infringing alternatives, specifically, the non-infringing alternative analysis in ¶¶196-200 301-307, 338 of Dr. Rinard's Sept. 13, 2013 Rebuttal Report. Apple's supplemental report will not introduce any new theories of infringement. Samsung may respond with a supplemental rebuttal report, limited to rebutting Apple's new supplemental report, no later than two weeks after receiving Apple's supplemental report.

| **Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents (Dkt. Nos. 877-3; 877-4)** | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| Samsung's experts' infringement analyses using doctrine of equivalents (all asserted patents) | III.A. | Resolved based on the parties' DOE Agreement[4] |
| Dr. Min's opinion that the '596 patent is infringed based on the "X-Gold 61x specification," deposition testimony discussing that specification and the X-Gold 618 specification. | III.B.1. | Resolved based on the parties' '087/'596 Agreement[5] |
| Dr. Schonfeld's infringement analysis for the '239 patent using structural equivalents for all means-plus-function limitations except the two construed by the Court | III.B.2. | Resolved based on the parties' DOE Agreement |
| Mr. Parulski's opinion that the "imaging device" limitation of the '449 patent is met by a specific component found within the CMOS image sensor rather than the CMOS image sensor as a whole | III.B.3. | Outstanding |
| Mr. Parulski's opinion that the "recording circuit" limitation of the '449 patent is met by an interface circuit and other previously-unidentified components | III.B.3. | Outstanding |
| Mr. Parulski's opinion that the "reproducing circuit" limitation of the '449 patent is met by a "display pipeline" and an "audio | III.B.3. | Outstanding |

[4] DOE Agreement: Both Apple and Samsung agree to withdraw all doctrine of equivalents and structural equivalents arguments under Section 112(f) in their respective expert reports that are subject of the parties' pending motions to strike. For clarity, Apple's motion to strike did not include and this agreement does not extend to the "means for capturing" and "means for transmitting" limitations that were subject to Judge Grewal's June 26, 2013 order. (Dkt. No. 636.) Subject to the resolution of Apple's pending Daubert motion, Samsung can argue both doctrine of equivalents and structural equivalents under Section 112(f) for these terms. This agreement does not preclude the parties from seeking leave to amend their infringement contentions to include doctrine of equivalents or structural equivalents arguments under Section 112(f) if the Court construes terms adverse to a party in the future.

[5] '087/'596 Agreement: Samsung will drop its motion to strike non-infringement theories for the '087 and '596 patents based on Apple's purported failure to comply with Interrogatory No. 12. The withdrawal of Samsung's motion to strike based on Interrogatory No. 12 should have no impact on Samsung's pending motion based on Interrogatory No. 46. Samsung will not offer the X-Gold 61x or X-Gold 618 documents, or testimony concerning these documents, at trial. Apple will drop its motion to strike issues in Exhibit C to its motion to strike annotated with a "2" or a "3" concerning the '596 and '087 patents.

| Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents (Dkt. Nos. 877-3; 877-4) | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| subsystem," both of which were previously-unidentified | | |
| Dr. Schonfeld's opinion that iOS devices satisfy the "zone specific storage and interface" limitation of the '757 patent | III.C.1. | Outstanding |
| Dr. Schonfeld's opinion that Mac OS devices satisfy the "zone specific storage and interface" limitation of the '757 patent for the accused Photo Stream functionality | III.C.1 | Outstanding |
| Dr. Schonfeld's opinion that the "automatic transfer" feature of Home Sharing is a functionality accused of infringing the '757 patent | III.C.1. | Outstanding |
| Dr. Schonfeld's opinion that the "shared photo stream" feature is a functionality accused of infringing the '757 patent | III.C.1. | Outstanding |
| Dr. Schonfeld's opinion that PCs with iTunes are products accused of infringing the '757 patent | III.C.1. | Outstanding |
| Dr. Schonfeld's opinion that the "central storage and interface device" limitation of the '757 patent can be satisfied by groups of servers or by servers containing only one of "content information" or "content management information" | III.C.1. | Outstanding |
| Dr. Schonfeld's opinion that the "audio capture card" and "video card having a video capture module" of claim 1 and "video capture module" of claim 15 of the '239 patent is met by certain previously unidentified components. | III.C.2. | Outstanding |
| Dr. Schonfeld's opinion that the "means for exchanging" limitation of claim 1 of the '239 patent is met by certain previously unidentified components. | III.C.2. | Outstanding |
| Dr. Schonfeld's opinion that the host unit and playback unit limitations of claim 1 of the '239 patent are met by previously uncharted Mac computers. | III.C.2. | Outstanding |
| Mr. Parulski's opinion that the "compressor" limitation of the '449 patent is met by certain previously-unidentified components of a system-on-chip | III.C.3. | Outstanding |

| Apple Inc.'s Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents (Dkt. Nos. 877-3; 877-4) | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| Mr. Parulski's opinion that the "decompressor" limitation of the '449 patent is met by certain previously-unidentified components of a system-on-chip | III.C.3. | Outstanding |
| Dr. Min's opinion that the '596 patent is infringed under a channel encoder theory | III.C.4. | Resolved based on the parties' '087/'596 Agreement |
| Dr. Min's theory that the '596 patent is infringed based on testing by Apple and third parties | III.C.4. | Resolved based on the parties' '087/'596 Agreement |
| Dr. Min's indirect infringement theory for the '596 patent. | III.C.4. | Resolved based on the parties' '087/'596 Agreement |
| Dr. Min's theory that the '087 patent is infringed based on testing by Apple and third parties | III.C.4 | Resolved based on the parties' '087/'596 Agreement |
| Dr. Min's indirect infringement theory for the '087 patent. | III.C.4. | Resolved based on the parties' '087/'596 Agreement |

| Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories (Dkt. 880-05) | | |
|---|---|---|
| **Issue** | **Brief Section** | **Status** |
| Dr. Snoeren's Allegation That Apple Practices Claim 34 | A | Resolved based on Apple's election in Court on December 12, 2013 to withdraw claim 34 as part of the case narrowing motion |
| Dr. Snoeren's New Validity Theories For the '959 Patent | B.1 | Resolved |
| Dr. Snoeren's New Validity Theories For the '414 Patent | B.2 | Resolved |
| Dr. Snoeren's New Infringement Theories For the '959 Patent | C | Resolved |
| Dr. Snoeren's Supplemental Reports | D | Resolved |
| Dr. Mowry's Theories of Infringement Under the Doctrine of Equivalents | E | Resolved based on the parties' DOE Agreement |
| Dr. Mowry's Theories Regarding Apple's Practice of the '647 Patent Based on Discussions with Undisclosed Engineers | F | Outstanding |

| Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order (Dkt. 878-04) | | |
|---|---|---|
| Issue | Brief Section | Status |
| Apple's Expert's Opinions Should Be Stricken Because They Rely On Claim Constructions That Were Not Disclosed In Response To Interrogatory No. 46 | III.A | Outstanding |
| Dr. Fuja's Opinion Should Be Stricken Because He Relies On Noninfringement Arguments That were Not Disclosed During Fact Discovery | III.B | Resolved based on the parties' '087/'596 Agreement |
| Dr. Storer's Opinion Should Be Stricken Because He Relies On Claim Constructions That Are Contrary To The Court's *Markman* Order | III.C | Outstanding |