[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>               Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Counterclaim-Plaintiffs,<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>            Counterclaim-Defendant. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT SUBMISSION OF U.S. PATENT NO. 6,847,959 PROSECUTION HISTORY** |

Pursuant to this Court's December 13, 2013 Order (Dkt. 1057), the parties respectfully submit the attached Exhibit A, a true and correct copy of excerpts of the prosecution history of U.S. Patent No. 6,847,959.  For the Court's convenience, those excerpts are:

| Bates Range | Description |
|---|---|
| APLNDC630-000041234-41243 | March 17, 2003 Office Action |
| APLNDC630-000041244-41254 | June 23, 2003 Apple Response |
| APLNDC630-000041257-41269 | July 12, 2003 Office Action |
| APLNDC630-000041278-41307 | Nov. 12, 2003 Apple Board of Patent Appeals Appeal Brief |
| APLNDC630-000041310-41322 | Jan. 15, 2014 Office Action |
| APLNDC630-000041325-41351 | June 16, 2014 Apple Supplemental Brief to Board of Patent Appeals |
| APLNDC630-000041352-41355 | Notice of Allowability |
| APLNDC630-000041367 | Index of Claims – Pending and Issued Claims |

Dated: December 16, 2013

By:  _/s/ Mark Lyon (with permission)_

Attorney for Plaintiff and Counterclaim-Defendant APPLE INC.

Josh A. Krevitt (CA SBN 208552)
jkrevitt@gibsondunn.com
H. Mark Lyon (CA SBN 162061)
mlyon@gibsondunn.com

By:  _/s/ Patrick Curran_

Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA,  INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

Michael A. Jacobs
(CA SBN 111664)
mjacobs@mofo.com
Richard S.J. Hung (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

William F. Lee (pro hac vice)
William.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Mark D. Selwyn (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson
(Bar No. 177129 (CA); 2542082 (NY))
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

1

2

**ATTESTATION OF E-FILED SIGNATURES**

3

4          I, Patrick D. Curran, am the ECF user whose ID and password are being used to file

this Joint Submission of Chart Identifying Issues Resolved In The Parties' Motions.  In compliance

5

with Local Rule 5-1, I hereby attest that Mark Lyon has concurred in this filing.

6

7   Dated: December 16, 2013                    */s/ Patrick D. Curran____  _____*

8

9

10                              **CERTIFICATE OF SERVICE**

11

12          The undersigned hereby certifies that the foregoing document was filed electronically in

compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties

13

who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's

14

ECF system.

15

16

17   Dated: December 16, 2013                    _____ */s/  Patrick D. Curran_*

18   _____

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/478,009 | 01/05/2000 | YAN ARROUYE | P2391-512 | 1057 |

21839        7590        03/17/2003

BURNS DOANE SWECKER & MATHIS L L P
POST OFFICE BOX 1404
ALEXANDRIA, VA  22313-1404

| EXAMINER |
|---|
| LE, UYEN T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2171 | |

DATE MAILED: 03/17/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

APLNDC630-0000041234

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 09/478,009 | ARROUYE ET AL. |
| | Examiner | Art Unit | |
| | Uyen T Le | 2171 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☐ This action is **FINAL**.          2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-41</u> is/are pending in the application.

     4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-5,9-16,18,19,21-24,26-29,31-33,36,37,40 and 41</u> is/are rejected.

7) ☒ Claim(s) <u>6-8,17,20,25,30,34,35,38 and 39</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>02 April 2002</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

     Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

     If approved, corrected drawings are required in reply to this Office action.

12) ☒ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

     a)☐ All b)☐ Some * c)☐ None of:

         1. ☐ Certified copies of the priority documents have been received.

         2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

         3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

     * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

     a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)       4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)       5) ☐ Notice of Informal Patent Application (PTO-152)

3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .       6) ☐ Other:

APLNDC630-0000041235

Application/Control Number: 09/478,009                                    Page 2
Art Unit: 2171

## DETAILED ACTION

### *Oath/Declaration*

1.      The oath or declaration is defective.  A new oath or declaration in compliance
with 37 CFR 1.67(a) identifying this application by application number and filing date is
required.  See MPEP §§ 602.01 and 602.02.

        The oath or declaration is defective because:
        It does not identify the citizenship of each inventor.

### *Claim Objections*

2.      Claims 38, 39 are objected to because of the following informalities: claim 38
recites "the method of claim 37". Note claim 37 is an apparatus claim. Claim 39 also
recites "the method of claim 38".

        Appropriate corrections are required.

### *Claim Rejections - 35 USC § 112*

        The following is a quotation of the second paragraph of 35 U.S.C. 112:

        The specification shall conclude with one or more claims particularly pointing out and distinctly
        claiming the subject matter which the applicant regards as his invention.

3.      Claims 35, 39 are rejected under 35 U.S.C. 112, second paragraph, as being
indefinite for failing to particularly point out and distinctly claim the subject matter which
applicant regards as the invention. The claimed "the predetermined order" lacks
antecedent basis.

### *Claim Rejections - 35 USC § 102*

        The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that
form the basis for the rejections under this section made in this Office action:

        A person shall be entitled to a patent unless –

APLNDC630-0000041236

Application/Control Number: 09/478,009                                    Page 3
Art Unit: 2171

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

4.      Claims 1-5, 33, 37, 41 are rejected under 35 U.S.C. 102(a), (e) as being anticipated by Stevens et al (US 5,870,755).

Regarding claim 1, Stevens discloses all the claimed subject matter (see Figures 5, 6). The claimed "inputting an information identifier" is met when the query is entered. The claimed "providing said information identifier...which matches said identifier" is met by the fact that the method processes the input accordingly for example through a text input module or a voice module. The claimed "providing at least one candidate item...module" and "displaying a representation...information" are met when the method retrieves a result of the query and displays to the user (see column 5, line 48- column 6, line 36).

Regarding claim 2, the claimed "information identifier is input via an application program having a text input window" is met by the fact that the method of Stevens receives text input entered as questions (see the abstract).

Regarding claim 3, Stevens discloses a dialog box when Stevens shows that the method is a synthetic interview (see column 3, lines 26-29).

Regarding claim 4, the information identifier is clearly vocally entered by a user in the method of Stevens (see Figure 6).

Application/Control Number: 09/478,009                                    Page 4
Art Unit: 2171

Claim 5 is met when Stevens shows the questions of the interview (see the abstract).

Regarding claim 33, Stevens discloses all the claimed subject matter (see Figures 5, 6). The claimed "inputting an information identifier" is met when the query is entered. The claimed "providing the information identifier…plurality of heuristics" is met by the fact that the method processes the input accordingly for example through a text input module or a voice module. The claimed "receiving at least one candidate item…global heuristic" and "displaying a representation…information" are met when the method retrieves a result of the query and displays to the user (see column 5, line 48-column 6, line 36).

Claim 37 corresponds to a system for claim 33, thus is rejected for the same reasons stated in claim 33 above.

Claim 41 merely reads on the fact that the method of Stevens retrieves the answer which is most likely the proper one in response to a query (see column 2, lines 12-23).

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

5.      Claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36, 40 are rejected under 35 U.S.C. 103(a) as being unpatentable over Stevens et al (US 5,870,755).

APLNDC630-0000041238

Application/Control Number: 09/478,009                                      Page 5
Art Unit: 2171

Regarding claims 9-11, although Stevens does not specifically show locating files
by name, content or access frequency, it is well known in the art to identify files by
name, content or frequency of access. Therefore, it would have been obvious to one of
ordinary skill in the art to include the claimed features while implementing the method of
Stevens depending on user's requirements.

Regarding claims 12-16, although Stevens does not specifically show locating
items stored as claimed, it is well known in the art to store information locally in a LAN
or at remote location accessible over the Internet. Therefore, it would have been
obvious to one of ordinary skill in the art to include the claimed features while
implementing the method of Stevens in order to give users more flexibility for storing
information.

Regarding claim 18, Stevens discloses all the claimed subject matter except the
step of locating information on the Internet (see Figures 5, 6). The claimed "inputting an
information identifier" is met when the query is entered. The claimed "providing said
information identifier to a plurality of heuristics to locate information in a plurality of
locations" is met by the fact that the method processes the input query accordingly for
example through a text input module or a voice module to retrieve the answer. The
claimed "determining at least one candidate item…plurality of heuristics" and "displaying
a representation…information" are met when the method retrieves a result of the query
and displays to the user (see column 5, line 48- column 6, line 36). Although Stevens
does not specifically show that the locations include the Internet, it would have been

APLNDC630-0000041239

Application/Control Number: 09/478,009                    Page 6
Art Unit: 2171

obvious to one of ordinary skill in the art to include the claimed feature in order to

retrieve information readily available at remote sites.

        Regarding claim 19, the information identifier is clearly applied separately to each

heuristic in the method of Stevens since the input modules differ.

        · Regarding claims 21, 22, although Stevens does not specifically show locating

files by name or content, it is well known in the art to identify files by name and content.

Therefore, it would have been obvious to one of ordinary skill in the art to include the

claimed features while implementing the method of Stevens depending on user's

requirements.

        Claims 23, 24, 26, 27 correspond respectively to a computer program product for

claims 18, 19, 21, 22, thus are rejected for the same reasons stated in claims 23, 24,

26, 27 above.

        Claims 28, 29, 31, 32 correspond respectively to a system for claims 18, 19, 21,

22, thus are rejected for the same reasons stated in claims 18, 19, 21, 22 above.

        Regarding claim 36, although Stevens does not explicitly show that the

information is located over a plurality of locations as claimed, it is well known in the art

to store information at various locations locally and at remote locations. Therefore, it

would have been obvious to one of ordinary skill in the art to include the claimed

features depending on user's applications.

        Claim 40 corresponds to a system for claim 36, thus is rejected for the same

reasons stated in claim 31 above.

                        ***Allowable Subject Matter***

APLNDC630-0000041240

Application/Control Number: 09/478,009                                    Page 7
Art Unit: 2171

6.      Claims 6-8, 17, 20, 25, 30, 34, 35, 38, 39 are objected to as being dependent

upon a rejected base claim, but would be allowable if rewritten in independent form

including all of the limitations of the base claim and any intervening claims and to

overcome the rejection under 35 U.S.C. 112 second paragraph and objection discussed

above.

        The following is a statement of reasons for the indication of allowable subject

matter:  the prior art of record does not disclose or make obvious:

- sequentially providing an information identifier to a plurality of plug-in modules
  each using a different heuristic to locate information which matches said identifier
  until one of said modules provides a candidate item of information as recited in
  claim 6

- providing the information identifier in parallel to the plug-in modules each using a
  different heuristic and selecting candidate items of information provided by daid
  module for display in accordance with a global heuristic as recited in claim 17

- ranking the plurality of heuristics in an order of priority and sequentially providing
  the information identifier to the heuristic in accordance with the ranking as recited
  in claims 20, 25, 30

- determining an order in which the information identifier is provided to the
  heuristics by the global heuristic as recited in claims 34, 38.

### Conclusion

7.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

APLNDC630-0000041241

Application/Control Number: 09/478,009                              Page 8
Art Unit: 2171

Liaguno et al (US 5,729,741) teach storage and retrieval of diverse types of information

obtained from different media sources of video, audio and text transcriptions.

Katz et al (US 5,404,295) teach utilizing annotations to facilitate computer retrieval of

database material.

Bellegarda et al (US 6,285,785) teach a message recognition employing integrated

speech and handwriting information.

Chaudhuri et al, 'Optimizing queries over multimedia repositories', ACM 1996, pages

91-102.

Katayama et al, 'A universal query interface for heterogeneous distributed digital

libraries', IEEE 1996, pages 332-339.

8.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Uyen T Le whose telephone number is 703-305-4134.

The examiner can normally be reached on M-F 7:00-5:30.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Safet Metjahic can be reached on 703-308-1436.  The fax phone numbers

for the organization where this application or proceeding is assigned are 703-746-7239

for regular communications and 703-746-7238 for After Final communications.

        Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-305-

3900.

Uyen Le
March 10, 2003

| FORM PTO-892 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 09/478,009 | GROUP ART UNIT 2171 | ATTACHMENT TO PAPER NO. | 5 |
|---|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) | Arrouye et al | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| | A | 5,870,755 | 2/1999 | Stevens et al | 707 | 104 | |
| | B | 5,729,741 | 3/1998 | Liaguno et al | 707 | 104 | |
| | C | 5,404,295 | 4/1995 | Katz et al. | 707 | 2 | |
| | D | 6,285,785 | 9/2001 | Bellegarda et al. | 382 | 187 | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS |
|---|---|---|---|---|---|---|---|
| | L | | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| R | Chaudhuri et al "Optimizing queries over multimedia repositories", ACM 1996, pages 91-102. |
| S | Katayama et al "A universal query interface for heterogeneous distributed digital libraries", IEEE 1996, pages 332-339. |
| T | |
| U | |

| EXAMINER Uyen Le | DATE March 9, 2003 | Form892ccs2106b |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05(a).)

APLNDC630-0000041243



#6/a
KWS
Patent
6-2+03

Attorney's Docket No. P2391/512

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Patent Application of ) | |
| ) | |
| Yan ARROUYE et al. ) | Group Art Unit: 2171 |
| ) | |
| Application No.: 09/478,009 ) | Examiner: U. T. Le |
| ) | |
| Filed: January 5, 2000 ) | Confirmation No.: 1057 |
| ) | |
| For:   UNIVERSAL INTERFACE FOR ) | |
| RETRIEVAL OF INFORMATION IN ) | |
| A COMPUTER SYSTEM ) | |

**RECEIVED**

JUN 2 3 2003

Technology Center 2100

### AMENDMENT

Commissioner for Patents
Alexandria, VA  22313-1450

Sir:

In complete response to the Office Action dated March 17, 2003, the period for response to which extends through to June 17, 2003, kindly amend the above-captioned application as follows:

**IN THE CLAIMS**:

Please replace claims 33, 35, and 37-39 with the following claims:

34 33.   (Amended)  A method for displaying information in a computer system, comprising the steps of:

a'

inputting an information identifier;

selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

displaying a representation of the candidate items of information.

17

A

APLNDC630-0000041244

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 2

36 35.   (Amended)  The method of claim 34 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

36 37.   (Amended)  An apparatus for displaying information in a computer system, comprising:

> means for inputting an information identifier;

> means for selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

> means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

> means for displaying a representation of the candidate items of information.

38.   (Amended)  The apparatus of claim 37 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

39.   (Amended)  The apparatus of claim 38 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

Please add the following new claims:

42.   (New)  A method for displaying information in a computer system, comprising the steps of:

> inputting an information identifier;

> providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon the plurality of heuristics;

> receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

> displaying a representation of the candidate items of information.

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 3

43.　(New)  The method of claim 42 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

44.　(New)  The method of claim 43 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

45.　(New)  The method of claim 42 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

46.　(New)  An apparatus for displaying information in a computer system, comprising:

　　means for inputting an information identifier;

　　means for providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon a plurality of heuristics;

　　means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

　　means for displaying a representation of the candidate items of information.

47.　(New)  The method of claim 46 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

48.　(New)  The method of claim 47 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

49.　(New)  The method of claim 46 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.



APLNDC630-0000041246

Application No. <u>09/478,009</u>
Attorney's Docket No. <u>P2391-512</u>
Page 4

## **REMARKS**

At the outset, Applicants note with appreciation the Examiner's indication that claims 6-8, 17, 20, 25, 30, 34, 35, 38 and 39 contain allowable subject matter. For reasons pointed out below, however, Applicants submit that all currently pending claims are in allowable form.

Prior to the present response, claims 1-41 were pending. By way of the above amendments, claims 33, 35, and 37-39 have been amended and new claims 42-49 have been added. Accordingly, claims 1-49 are currently pending. Favorable reconsideration is respectfully requested.

Applicants note the Office Action does not include an initialed copy of the PTO-1449 submitted with the that Information Disclosure Statement (IDS) on March 13, 2000. Applicants respectfully request that the Examiner consider the documents listed on the IDS and return an initialed copy of the PTO-1449 with the next official communication.

The Office Action required a new declaration because the original declaration did not identify the citizenship of one of the inventors. The undersigned notes the inadvertent omission of information concerning the citizenship of inventor Keith Mortensen pointed out by the Examiner. A new and revised declaration has been forwarded to the inventor for execution. The undersigned will forward the new declaration to the Office promptly after it is executed and received.

The Office Action objected to claims 38 and 39. In response, Applicants have amended claims 38 and 39 to correct these inadvertent typographical errors. It is believed that the amendments fully address the concerns noted on page 2 of the Office Action.

Also at page 2, the Office Action includes a rejection of claims 35 and 39 under 35 U.S.C. § 112, second paragraph, for allegedly being indefinite. Specifically, the Office Action asserts that the recitation "the predetermined order" lacks antecedent basis. Applicant disagrees that originally filed claims 35 and 39 were indefinite, particularly when read in light of the specification. However, to improve readability and to broaden the claims in some respects, these claims have been changed. It is believed that the changes to claims 35 and 39 have rendered moot the rejection.

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 5

The Rejection Under § 102 Fails to Establish a *Prima Facie* case of Anticipation

The Office Action rejected claims 1-5, 33, 37 and 41 under 35 U.S.C. § 102(a), (e) as allegedly being anticipated by U.S. Patent No. 5,870,755 to *Stevens et al.* (hereinafter, "*Stevens*"). This rejection is traversed.

Independent claim 1 is directed to a method for locating information in a computer system comprising the steps of inputting an information identifier and providing the identification identifier to a plurality of plug-in modules each using a different heuristic to locate information which matches the identifier. Claim 1 further recites the steps of providing at least one candidate item of information from the plug-in modules and displaying a representation of said candidate item of information.

When comparing the methods disclosed in the *Stevens* patent with the method of claim 1, is it clear that *Stevens* patent does not disclose providing an information identifier to a plurality of plug-in modules as claimed. In contrast, the *Stevens* patent describes a method of populating a database with information gathered from recorded statements or a transcript of recorded statements. According to *Stevens*, the statements in the recorded information are reviewed and identified. After being identified, a question is generated for each statement and is associated (i.e., "tagged") with that statement. Thereafter, both the questions and statements are annotated with semantic information. Then, an inverted index is formed for each of the statements, questions, semantic expansions of the statements and semantic expansions of the questions. Once a database is prepared to include the foregoing information, it can be queried to conduct a synthetic interview. To fill in voids in which statements are not available for a particular query, the *Stevens* patent describes recording and storing in the database "generic pool statements." (See *Stevens*, Figure 4 and column 5, lines 26-47.) As shown in Figure 5, a query can be received via voice or textual input. Once received, the query is pre-processed to remove "stop words" and other irrelevant words. Thereafter, in parallel, the pre-processed query is mapped to the interview questions (i.e., step 58), to the answers (i.e., step 62), and to the semantic expansions of the questions and answers (i.e., step 56). However, there is no mention whatsoever in the *Stevens* patent of

Application No. <u>09/478,009</u>
Attorney's Docket No. <u>P2391-512</u>
Page 6

providing an information identifier, which has already been input, <u>to a plurality of plug-in modules</u>[1] as claimed.

The Office Action asserts that the claimed step of providing said information identifier to a plurality of plug-in modules is "met" by the text input module 80 <u>or</u> by the voice input module 82.  However, while either a text input module 80 or a voice input module 82 may be utilized in *Stevens* for receiving a input query, the disclosure in *Stevens* of how these modules are implemented does not meet the claimed step of "providing said information identifier to a plurality of plug-in modules each using a different heuristic to locate information which matches said identifier."  In contrast, the voice and text modules disclosed in the *Stevens* patent are used only in the alternative. (See *Stevens*, column 6, lines 18-21.)  Hence, *Stevens* does not disclose a method in which <u>both</u> of these modules receive an input information identifier.  By contrast, in the present invention a plurality of plug-in modules receive an input information identifier.  For instance, as described in pages 6 to 9 of Applicants' specification, each of the plug-in modules 22 has an associated heuristic which it employs to locate information that corresponds to a user input.

In order for a reference to anticipate a claim, each element of the claim must be found, either expressly or inherently, in the single prior art reference.  See MPEP § 2131.  As pointed out above, it is respectfully submitted that the *Stevens* patent does not disclose the combination of every feature recited in independent claim 1, and hence also claims 2-5 and 41 depending therefrom.  Moreover, dependent claims 2-5 and 41 recite combinations that include additional features not taught in the *Stevens* patent.  As such, the rejection of claims 1-5 and 41 is improper and should be withdrawn.

With respect to amended independent claim 33, Applicants respectfully submit that *Stevens* does not disclose a method that includes, *inter alia*, the step of *"selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic,*

---

[1]      As is known in the art, a plug-in module is a small software program that plugs into a larger application to provide added functionality. (See Microsoft Press: Computer Dictionary, Third Edition, 1997)  This means that the larger application is composed of independent parts (modules) that can be added, removed and updated individually.  For instance, use of plug-in modules gives third-party software houses the unique ability to enhance the program and add new features to it instead of having to change any of the existing program's code.

APLNDC630-0000041249

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 7

*wherein the information identifier is matched to information based upon the plurality of heuristics ....*" To the contrary, *Stevens* discloses that "in parallel, the pre-processed query is mapped to the interview questions at step 58, to the answers (responses and statements) at step 62, and to the semantic expansions of the questions and answers at step 56." (See *Stevens*, column 5, lines 53-57.) Moreover, matching that is performed in *Stevens* is not based on heuristics associated with the modules 80, 82, as alleged on page 4 of the Office Action.

Amended claim 37 is directed to an apparatus and similarly recites a novel combinations of features that are neither expressly nor inherently disclosed by *Stevens*. For instance, claim 37 and recites a *means for selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic ...*" Therefore, claim 37 also is patentably distinguishable over *Stevens* for at least the reasons set forth above.

## The Rejection Under § 103 Does Not Establish a *Prima Facie* Case of Obviousness

On pages 4 to 7 of the Office Action, claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36 and 40 were rejected under 35 U.S.C. § 103(a) as allegedly being unpatentable over the *Stevens* patent. This rejection is respectfully traversed.

In the rejection of independent claim 18, the Examiner alleges that text input module 80 and the voice input module 82 taught in the *Stevens* patent meet the claimed step of "providing said information identifier to a plurality of heuristics to locate information in a plurality of locations ...." It is respectfully submitted, however, that for the same reasons pointed out above, the *Stevens* patent does not teach inputting an information identifier into both the text and voice modules 80, 82. (See the use of the alternative "or" in column 6, line 18-21.)

Next, the Examiner correctly notes that the *Stevens* patent fails to disclose providing an input information identifier to a plurality of heuristics to locate information in a plurality of locations which include the Internet and local storage media. (See the Office Action, page 5.) The Examiner then alleges that "it would have been obvious to one of ordinary skill in the art to include the claimed feature in order to retrieve information readily available at remote sites." Applicants respectfully submit that this broad statement is not based in any

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 8

factual evidence from the prior art. For at least this reason, the rejection is improper and should be withdrawn because Office has failed to establish a *prima facie* case of obviousness. Applicants further submit that the claimed combination of features including "a plurality of locations which include the Internet and local storage" are not suggested in any of the methods disclosed in *Stevens* because *Stevens* utilizes a single database. Indeed, the *Stevens* patent teaches that the queries and responses are for simulating an actual interview, or conversation, in real-time. (See, for example, the *Stevens* patent, column 2, lines 36-47; column 3, lines 1-2; and column 7, lines 20-32.) This would have required extremely quick retrieval and reproduction of large data content media files. It is respectfully submitted that one of ordinary skill in the art at the time the invention was made would not have been led to store the media files discussed in *Stevens* in plurality of locations because *Stevens* appears to teach away doing so. That is, it would not have been obvious to store the large media files of *Stevens* in a plurality of locations which include the Internet and local storage media because *Stevens* expressly teaches the both the desire for"seamless" (real-time) synthetic interviews and the use of a single database from which to retrieve these files.

These same distinctions apply to independent claims 23 and 28, as well as their dependent claims. Claim 23 is directed to a computer readable medium that recites, *inter alia*, the step of providing said information identifier to a plurality of heuristics to locate information in the plurality of location which include the Internet and local storage media." Claim 28 is directed to an apparatus comprising "means for providing said information identifier to a plurality of heuristics to locate information in the plurality of location which include the Internet and local storage media." These features are neither taught nor suggested in the *Stevens* patent.

Claims 9-11, 12-16, 19, 21, 22, 24, 26, 27, 29, 31 and 32 depend from one of claims 1, 18, 23 and 28 and respectively define novel combinations of features at least for the reasons given above and further for the additional features recited.

APLNDC630-0000041251

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 9

For at least the foregoing reasons, Applicants respectfully submit that the present patent application is in condition for allowance. An early indication of the allowability of the present patent application is therefore respectfully solicited.

Respectfully submitted,

BURNS, DOANE, SWECKER & MATHIS, L.L.P.

By: _____
        John F. Guay
        Registration No. 47,248

P.O. Box 1404
Alexandria, Virginia  22313-1404
(703) 836-6696

Date: June 17, 2003

APLNDC630-0000041252

Application No. <u>09/478,009</u>
Attorney's Docket No. <u>P2391-512</u>
Page 1

**Attachment to Amendment Dated June 17, 2003, Showing Changes**

33.    (Amended)  A method for displaying information in a computer system, comprising the steps of:

inputting an information identifier;

<u>selectively</u> providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

displaying a representation of the candidate items of information.


35.    (Amended)  The method of claim 34 wherein the [predetermined] order is a ranking of the plurality of heuristics according to a context in which the information was input.


37.    (Amended)  An apparatus for displaying information in a computer system, comprising:

means for inputting an information identifier;

means for <u>selectively</u> providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

means for displaying a representation of the candidate items of information.


38.    (Amended)  The [method] apparatus of claim 37 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 2

**Attachment to Amendment Dated June 17, 2003, Showing Changes**

39.    (Amended)  The [method] apparatus of claim 38 wherein the [predetermined] order is a ranking of the plurality of heuristics according to a context in which the information was input.

APLNDC630-0000041254

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/478,009 | 01/05/2000 | YAN ARROUYE | P2391-512 | 1057 |

21839        7590        07/14/2003
BURNS DOANE SWECKER & MATHIS L L P
POST OFFICE BOX 1404
ALEXANDRIA, VA  22313-1404

| EXAMINER |
|---|
| LE, UYEN T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2171 | #7 |

DATE MAILED: 07/14/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

APLNDC630-0000041257

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/478,009 | ARROUYE ET AL. |
| | Examiner | Art Unit | |
| | Uyen T Le | 2171 | |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .

2a) ☒ This action is **FINAL**.   2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-49</u> is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-5,9-16,18,19,21-24,26-29,31-33,36,37,40-42,45,46 and 49</u> is/are rejected.

7) ☒ Claim(s) <u>6-8,17,20,25,30,34,35,38,39,43,44,47 and 48</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>02 April 2002</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

   If approved, corrected drawings are required in reply to this Office action.

12) ☒ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a) ☐ All b) ☐ Some * c) ☐ None of:

   1. ☐ Certified copies of the priority documents have been received.

   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
      application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

   a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)                    4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)  5) ☐ Notice of Informal Patent Application (PTO-152)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>3</u>.  6) ☐ Other: .

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)                    Office Action Summary                    Part of Paper No. 7

APLNDC630-0000041258

Application/Control Number: 09/478,009                                    Page 2
Art Unit: 2171

## DETAILED ACTION

### *Response to Amendment*

1.      Applicant's amendment to claims 38, 39 to correct inadvertent errors is
acknowledged. Consequently, objection to claims 38, 39 is withdrawn.


2.      Applicant's amendment to claim 35, 39 to overcome the rejection under 35
U.S.C. 112, second paragraph is acknowledged. Consequently, rejection to claims 35,
39 is withdrawn.


3.      Applicant has not submitted a new oath or declaration identifying the citizenship
of each inventor.


4.      Applicant's arguments have been fully considered but they are not persuasive.

        Regarding claim 1, applicant argues that Stevens (US 5,870,755) does not
disclose providing an information identifier to a plurality of plug-in modules. In response,
Stevens clearly discloses providing an information identifier to a plurality of plug-in
modules when Stevens shows the text input module and voice input module (see Figure
6).

        Applicant cited the definition of "plug-in" from Microsoft Press Computer
Dictionary to try to show that the claimed plug-in modules are not present in the system
of Stevens. In response, claims are entitled to their broadest reasonable interpretation

APLNDC630-0000041259

Application/Control Number: 09/478,009                                    Page 3
Art Unit: 2171

consistent with the specification. Therefore, the claimed plug-in modules are broad

enough to read on the text module and voice module disclosed by Stevens.

    Applicant further argues that the voice and text modules disclosed by Steven are

used only in the alternative. In response, claim 1 is broad enough to read on the fact

that both the text module and voice module are used to process the input although in

the alternative in the method of Stevens.

    Regarding claim 33, applicant argues that Stevens does not disclose selectively

providing the information identifier to a plurality of heuristics in accordance with a global

heuristic wherein the information identifier is matched to information based upon the

plurality of heuristics. In response, Stevens clearly discloses "selectively providing the

information identifier to a plurality of heuristics" since the method selects text or voice

processing upon receiving input from the keyboard or a microphone (see column 6,

lines 11-21). The claimed global heuristic as broadly claimed merely reads on the fact

that the method of Stevens identifies the input for presenting to the appropriate text or

voice module. Furthermore, the information identifier, which reads on the query input of

Stevens has to be matched to information based upon the plurality of heuristics

because the text input module and the voice input module process information in

different manner.

    Regarding claim 18, applicant repeats that Steven does not teach inputting an

information identifier into both the text and voice modules. Again, claims are entitled to

their broadest reasonable interpretation consistent with the specification. Claim 18 is

APLNDC630-0000041260

Application/Control Number: 09/478,009                    Page 4
Art Unit: 2171

broad enough to read on the fact that both the text module and voice module are used

to process the input in the method of Stevens although in the alternative.

Applicant further argues that Stevens does not suggest locating information in a

plurality of locations including the Internet and that Stevens seems to teach away from

storing files in a plurality of locations because Stevens teaches simulating an actual

interview or conversation in real time that would require extremely quick retrieval and

reproduction of large data reproduction of large data content media files. In response,

Stevens teaches maintaining association between questions and responses to enable

retrieval of the recorded response in a synthetic interview (see the abstract). There is no

need for extremely quick retrieval and reproduction of large data content media files as

alleged by the applicant. Furthermore, one of ordinary skill in the art supposedly knows

something about the art apart from what is explicitly suggested in a prior art reference

and knows how to apply the principles taught by the prior art in a reference to improve

over the teaching of the prior art. Since the method of Stevens locate information for

enabling a synthetic interviews from recorded questions and responses and since it is

well known in the art that the Internet provides a wealth of information regarding

questions and responses, it would have been obvious to one of ordinary skill in the art

to include locating information from the Internet in order to benefit from the information

readily available at remote sites over the Internet.

Regarding claims 23, 28, applicant merely repeats the same arguments of claim

18.

Application/Control Number: 09/478,009                                        Page 5
Art Unit: 2171

        Regarding claims 9-16, 19, 21, 22, 24, 26, 27, 29, 31, 32, 36, applicant presents

no further argument except they depend from allowable claims.

        For all the reasons discussed above, rejection to claims 1-5, 9-16, 18, 19, 21-24,

26-29, 31-33, 36, 37, 40, 41 is maintained using Stevens reference of record.

                        *Claim Rejections - 35 USC § 102*

        The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (a) the invention was known or used by others in this country, or patented or described in a printed
    publication in this or a foreign country, before the invention thereof by the applicant for a patent.

    (e) the invention was described in (1) an application for patent, published under section 122(b), by
    another filed in the United States before the invention by the applicant for patent or (2) a patent
    granted on an application for patent by another filed in the United States before the invention by the
    applicant for patent, except that an international application filed under the treaty defined in section
    351(a) shall have the effects for purposes of this subsection of an application filed in the United States
    only if the international application designated the United States and was published under Article 21(2)
    of such treaty in the English language.

5.      Claims 1-5, 33, 37, 41, 42, 46 are rejected under 35 U.S.C. 102(a), (e) as being

anticipated by Stevens et al (US 5,870,755) of record.

        Regarding claim 1, Stevens discloses all the claimed subject matter (see Figures

5, 6). The claimed "inputting an information identifier" is met when the query is entered.

The claimed "providing said information identifier…which matches said identifier" is met

by the fact that the method processes the input accordingly for example through a text

input module or a voice module. The claimed "providing at least one candidate

item…module" and "displaying a representation…information" are met when the method

retrieves a result of the query and displays to the user (see column 5, line 48- column 6,

line 36).

APLNDC630-0000041262

Application/Control Number: 09/478,009                                    Page 6
Art Unit: 2171

     Regarding claim 2, the claimed "information identifier is input via an application
program having a text input window" is met by the fact that the method of Stevens
receives text input entered as questions (see the abstract).

     Regarding claim 3, Stevens discloses a dialog box when Stevens shows that the
method is a synthetic interview (see column 3, lines 26-29).

     Regarding claim 4, Stevens discloses that the information identifier is vocally
entered by a user (see Figure 6, items 76, 82).

     Claim 5 is met when Stevens shows the questions of the interview (see the
abstract).

     Regarding claim 33, Stevens discloses all the claimed subject matter (see
Figures 5, 6). The claimed "inputting an information identifier" is met when the query is
entered. The claimed "selectively providing the information identifier...plurality of
heuristics" is met by the fact that the method calls the appropriate text input module or
voice input module (see column 6, lines 11-21). The claimed "receiving at least one
candidate item...global heuristic" and "displaying a representation...information" are met
when the method retrieves a result of the query and displays to the user (see column 5,
line 48- column 6, line 36). The claimed global heuristic as broadly claimed merely
reads on the fact that the method identifies the input for presenting to the appropriate
text or voice module. Furthermore, the information identifier which reads on the input
has to be matched to information based upon the plurality of heuristics because the text
input module and voice input module process differently in finding results matching the
input identifier.

APLNDC630-0000041263

Application/Control Number: 09/478,009                    Page 7
Art Unit: 2171

Claim 37 corresponds to a system for claim 33, thus is rejected for the same reasons stated in claim 33 above.

Claim 41 merely reads on the fact that the method of Stevens retrieves the answer which is most likely the proper one in response to a query (see column 2, lines 12-23).

Claim 42 merely differs from claim 33 by adding the plug-in modules and by specifying that the information identifier is matched to information by the plug-in modules. The plug-in modules are met by the text module and voice module in the method of Stevens (see Figure 6). Furthermore, clearly the information identifier is matched to information by the plug-in modules since text input and voice input are processed differently by each module.

Claim 46 corresponds to a system for claim 42, thus is rejected for the same reasons discussed in claim 42 above.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6.      Claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36, 40, 45, 49 are rejected under 35 U.S.C. 103(a) as being unpatentable over Stevens et al (US 5,870,755) of record.

Regarding claims 9-11, although Stevens does not specifically show locating files by name, content or access frequency, it is well known in the art to identify files by

Application/Control Number: 09/478,009                                      Page 8
Art Unit: 2171

name, content or frequency of access. Therefore, it would have been obvious to one of

ordinary skill in the art to include the claimed features while implementing the method of

Stevens depending on user's requirements.

    Regarding claims 12-16, although Stevens does not specifically show locating

items stored as claimed, it is well known in the art to store information locally in a LAN

or at remote location accessible over the Internet. Therefore, it would have been

obvious to one of ordinary skill in the art to include the claimed features while

implementing the method of Stevens in order to give users more flexibility for storing

information.

    Regarding claim 18, Stevens discloses all the claimed subject matter except the

step of locating information on the Internet (see Figures 5, 6). The claimed "inputting an

information identifier" is met when the query is entered. The claimed "providing said

information identifier to a plurality of heuristics to locate information in a plurality of

locations" is met by the fact that the method processes the input query accordingly for

example through a text input module or a voice module to retrieve the answer. The

claimed "determining at least one candidate item...plurality of heuristics" and "displaying

a representation...information" are met when the method retrieves a result of the query

and displays to the user (see column 5, line 48- column 6, line 36). Although Stevens

does not specifically show that the locations include the Internet, since the Internet

provides a wealth of information from remote sites, it would have been obvious to one of

ordinary skill in the art to include the claimed feature in order to retrieve information

readily available at remote sites.

APLNDC630-0000041265

Application/Control Number: 09/478,009                                    Page 9

Art Unit: 2171

Regarding claim 19, the information identifier is clearly applied separately to each

heuristic in the method of Stevens since the input modules differ.

Regarding claims 21, 22, although Stevens does not specifically show locating

files by name or content, it is well known in the art to identify files by name and content.

Therefore, it would have been obvious to one of ordinary skill in the art to include the

claimed features while implementing the method of Stevens depending on user's

requirements.

Claims 23, 24, 26, 27 correspond respectively to a computer program product for

claims 18, 19, 21, 22, thus are rejected for the same reasons stated in claims 23, 24,

26, 27 above.

Claims 28, 29, 31, 32 correspond respectively to a system for claims 18, 19, 21,

22, thus are rejected for the same reasons stated in claims 18, 19, 21, 22 above.

Regarding claims 36, 45, although Stevens does not explicitly show that the

information is located over a plurality of locations which comprise at least two locations

as claimed, it is well known in the art to store information at various locations locally and

at remote locations. Therefore, it would have been obvious to one of ordinary skill in the

art to include the claimed features depending on user's applications.

Claims 40, 49 correspond respectively to the system of claims 36, 45, thus are

rejected for the same reasons stated in claims 36, 45 above.

### Allowable Subject Matter

7.       Claims 6-8, 17, 20, 25, 30, 34, 35, 38, 39, 43, 44, 47, 48 are objected to as being

dependent upon a rejected base claim, but would be allowable if rewritten in

APLNDC630-0000041266

Application/Control Number: 09/478,009                    Page 10
Art Unit: 2171

independent form including all of the limitations of the base claim and any intervening

claims.

8.      The following is a statement of reasons for the indication of allowable subject

matter:  the prior art of record does not disclose or make obvious:

- sequentially providing an information identifier to a plurality of plug-in modules

  each using a different heuristic to locate information which matches said identifier

  until one of said modules provides a candidate item of information as recited in

  claim 6

- providing the information identifier in parallel to the plug-in modules each using a

  different heuristic and selecting candidate items of information provided by said

  module for display in accordance with a global heuristic as recited in claim 17

- ranking the plurality of heuristics in an order of priority and sequentially providing

  the information identifier to the heuristic in accordance with the ranking as recited

  in claims 20, 25, 30

- determining an order in which the information identifier is provided to the

  heuristics by the global heuristic as recited in claims 34, 38, 43, 47.

### Conclusion

9.      Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

APLNDC630-0000041267

Application/Control Number: 09/478,009                     Page 11
Art Unit: 2171

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.


10.     The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

Ciccarelli (US 6,009,422) teaches a system and method for query translation/semantic

translation using generalized query language.

Das et al, "Experiments in using agent-based retrieval from distributed and

heterogeneous databases", IEEE 1997, pages 27-35.

Domenig et al, "An overview and classification of mediated query systems", ACM

SIGMOD Record, Vol. 28, No. 3, September 1999, pages 63-72.

Pastor et al, "An architecture for intelligent resource agents", IEEE 1997, pages 151-

159.

Application/Control Number: 09/478,009                                    Page 12
Art Unit: 2171

11.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Uyen T Le whose telephone number is 703-305-4134.

The examiner can normally be reached on M-F 7:00-5:30.

         If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Safet Metjahic can be reached on 703-308-1436.  The fax phone numbers

for the organization where this application or proceeding is assigned are 703-746-7239

for regular communications and 703-746-7238 for After Final communications.

         Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-305-

3900.

Uyen Le
July 12, 2003

APLNDC630-0000041269





Patent
Attorney's Docket No. P2391-512

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| In re Patent Application of | ) | **MS Appeal Brief-Patents** |
| | ) | |
| Yan ARROUYE et al. | ) | Group Art Unit: 2171 |
| | ) | |
| Application No.: 09/478,009 | ) | Examiner: U. T. Lee |
| | ) | |
| Filed: January 5, 2000 | ) | Confirmation No.: 1057 |
| | ) | |
| For:   UNIVERSAL INTERFACE FOR | ) | Appeal No.:  Unassigned |
| RETRIEVAL OF INFORMATION IN | ) | |
| A COMPUTER SYSTEM | ) | |

**RECEIVED**

NOV 1 2 2003

Technology Center 2100

**BRIEF FOR APPELLANT**

Commissioner for Patents
Alexandria, Virginia 22313-1450

Sir:

This appeal is from the final decision of the Examiner dated July 14, 2003, finally

rejecting claims 1-5, 9-16, 18, 19, 21-24, 26-29, 31-33, 36, 37, 40-42, 45, 46 and 49, which

are reproduced as an Appendix to this brief.

A check covering the [  ] $155.00 (220) [x ] $330.00 (120) Government fee and two

extra copies of this brief are being filed herewith.

The Commissioner is hereby authorized to charge any appropriate fees under 37

C.F.R. §§1.16, 1.17, and 1.21 that may be required by this paper, and to credit any

overpayment, to Deposit Account No. 02-4800.  This paper is submitted in triplicate.

11/12/2003 AWONDAF1 00000016 09478009
01 FC:1402                      330.00 OP

APLNDC630-0000041278

**TABLE OF CONTENTS**

**PAGE**

I.   Real Party in Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

II.  Related Appeals and Interferences . . . . . . . . . . . . . . . . . . . . . -2-

III. Status of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

IV.  Status of Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

V.   Summary of the Invention . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

VI.  The Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VII. Grouping of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

VIII. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

    A.   The Section 102 Rejection of Claims 1-5, 33, 37, 41, 42 and 46 is in Error Because The Stevens et al. Patent Fails to Disclose All Claimed Elements/Steps . . . . . . . . . . . . . . . . . . . . . -6-

      1.   The Stevens et al. Patent . . . . . . . . . . . . . . . . . . . -6-

      2.   Claims 1-5, 42 and 46 . . . . . . . . . . . . . . . . . . . . . -7-

      3.   Claims 33 and 37 . . . . . . . . . . . . . . . . . . . . . . . . -10-

    B.   The Rejection of Claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36, 40, 45 and 49 Under § 103 is Improper Because it Does Not Establish a *Prima Facie* Case of Obviousness . . . . . . . . . . . . . . . . . . . . -12-

      1.   Claims 18, 23 and 28 . . . . . . . . . . . . . . . . . . . . . -12-

        i.   The Stevens et al. Patent Is Not Concerned with the Problems Addressed by the Present Invention . . . . -12-

        ii.  The Allegations Regarding Well-known Subject Matter Are Too General and Do Not Teach the Specific Claimed Features . . . . . . . . . . . . . . . . . . . . -14-

      2.   Claims 19, 21, 22, 24, 26, 27, 29, 31 and 32 . . . . . . . . . . -18-

APLNDC630-0000041279

3.    Claims 9-16, 36, 40, 45 and 49 . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

IX.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

ii

APLNDC630-0000041280

Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 2

I.     <u>Real Party in Interest</u>

The present application is assigned to Apple Computer, Inc., a corporation duly
organized under and pursuant to the laws of California, who is the real party in interest.


II.    <u>Related Appeals and Interferences</u>

There are no other known appeals or interferences that will directly affect, or be
affected by, or have a bearing on the Board's decision in this appeal.


III.   <u>Status of Claims</u>

The present application contains claims 1-49, of which 1-5, 9-16, 18, 19, 21-24, 26-
29, 31-33, 36, 37, 40-42, 45, 46 and 49 were rejected in the final Office Action dated July 14,
2003.  Claims 6-8, 17, 20, 25, 30, 34, 35, 38, 39, 43, 44, 47 and 48 were indicated as being
allowable if rewritten into independent form.

Therefore, the claims under consideration for the purposes of this Appeal are 1-5, 9-
16, 18, 19, 21-24, 26-29, 31-33, 36, 37, 40-42, 45, 46 and 49.


IV.    <u>Status of Amendments</u>

In response to the Official Action dated March 17, 2003, Appellants filed an
Amendment on June 17, 2003.  This Amendment was entered and considered.  On November
7, 2003, Appellants filed an Amendment After Final Rejection to correct minor typographical
errors in dependent claims 47-49.  While Appellants have not yet received an official action
regarding entry/non-entry of this Amendment After Final Rejection, it is believed that the
amendment will be entered because it requires only cursory review by the Examiner and
places the application in better form for this appeal.


V.     <u>Summary of the Invention</u>

The claimed invention is directed to a computer-human interface for quickly and
easily retrieving desired information in a computer system.  In essence, the present invention
is concerned with apparatuses and methods that use a plurality of different heuristics.  The
heuristics employed in the present invention operate on user supplied information to search

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 3

and locate information. The claimed apparatuses and methods make it possible to locate and retrieve information from among a variety of storage media accessible by the computer system based on information descriptors provided by the user. The claimed methods and apparatuses allow for a representation of at least one candidate item of the retrieved information to be displayed. (See page 3, lines 2-9 and page 5, lines 17-19.)

The heuristics to which the user inputs are applied may include a number of possibilities. For example, the claimed apparatuses and methods may embody one heuristic that operates on the information descriptor supplied by the user to search for names of files stored on local storage media. Another exemplary heuristic may operate to index and search the contents of files on the local and/or network storage volumes. The present invention contemplates many other heuristics and combinations thereof. For instance, a heuristic may maintain a list of the files, applications and web sites that were most recently accessed and search this list for a match. Other heuristics operate to locate Internet web pages that match the user input using a search engine, or to store and review the history of information that has been recently accessed to determine which might match the descriptor, employ a look-up-table to review mappings on a private network accessed either locally or remotely, or review the favorite locations accessed by a browser application located on a computer system. In any case, each heuristic employed may identify one item of information, a plurality of possible items of information, or no information that corresponds to a user information descriptor input, according to the heuristic's approach. (See page 6, lines 4-12, and page 7, lines 26-30 and page 8, lines 1-9.)

The use of a plurality of heuristics in the present invention presents a user of a computer system with a single interface to provide a unitary manner of searching various available computer system resources. In addition, heuristics that are employed in the present invention may be provided in accordance with a global heuristic. As described in pages 8 to 9, these global heuristics may determine how or which heuristics are used to determine results that are to be provided to the user. For instance, a global heuristic may be employed to selectively provide user input to heuristics associated with the interface, and only the results from those heuristics are displayed to the user. This selection of heuristics

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 4

may be based, for example, on a priority ranking in which one or more heuristics are provided the user input based on a given priority level (see page 8, line 28 to page 9, line 7) or a ranking based on the context of the entry point of the interface (see page 9, lines 8-15). Other exemplary global heuristics might include one that provides the user's input to some or all of the heuristics in parallel (see page 9, lines 16-25) or one that determines the amount of information to be presented to a user based on confidence factors (see page 9, line 26 to page 10, line 13).

As a result of the capabilities provided by the present invention, a user of a computer system is presented with a simplified information search and retrieval system that quickly searches multiple resources available at various locations on the system. In addition, the heuristic analysis approach of the present invention presents to a user a manageable amount of information candidates for selection. The basic operation of the invention within this context is depicted in the flow chart of Figure 5. The operation starts when a user desires to search for information and inputs an information descriptor in step 310. In step 320, once the information descriptor is provided, an information retrieval manager provides the information descriptor to one or more heuristics. For example, each heuristic may be respectively associated with a plurality the plug-in modules.[1] As described above, these heuristics may be employed in accordance with a global heuristic. In step 330, the selected plug-in modules determine from the information descriptor whether any information matches the criteria of respective locator heuristics associated with the plug-in modules. In step 340, once a plug-in module $22_1...22_N$ has determined that at least one item of information matches its heuristic, the information retrieval manager is notified and sent the information that matches the user input, according to that module's associated heuristic. (See page 7, lines 16 to page 8, line 23.)

---

[1]        As is known in the art, a plug-in module is a small software program that plugs into a larger application to provide added functionality. (See Microsoft Press: Computer Dictionary, Third Edition, 1997) This means that the larger application is composed of independent parts (modules) that can be added, removed and updated individually. For instance, use of plug-in modules gives third-party software houses the unique ability to enhance the program and add new features to it instead of having to change any of the existing program's code.

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 5

An exemplary apparatus of the invention is shown in Figures 1 and 2 and described on pages 5 to 7 of the specification.  As disclosed therein, an apparatus in accordance with the invention includes means, such as a text dialog box 15 or a voice a speech processor 16, for inputting an information identifier into the interface, a retrieval manager 18 for providing the information identifier to a plurality of heuristics, which are shown in Figure 2 as being respectively associated with plug-in modules $22_1$ to $22_N$, to locate information in a plurality of locations within a computer system 2.  For instance, these locations may include a local storage media 12, a LAN storage volume 8, and additional storage media accessible through a LAN sever 14, a WAN router 13 or Internet router 11.  The retrieval manager 18 presents one or more representations of candidate items retrieved from the plug-in modules $22_1$ to $22_N$ as one or more choices on display device 4.  The retrieval manager also may employ heuristics to determine which results are most relevant, and present one or more choices for display to the user.  (See page 6, lines 13-17.)


VI.   The Issues

The final Office Action presents two issues for review on this appeal, namely:

A.   Whether claims 1-5, 33, 37 41, 42 and 46 are anticipated under 35 U.S.C. §102(a), (e) by U.S. Patent No. 5,870,755 to Stevens et al. (hereafter "Stevens et al.") on the grounds set forth in ¶5 of the final Office Action; and

B.   Whether claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36, 40, 45 and 49 are obvious under 35 U.S.C. §103(a) over the Stevens et al. patent on the grounds set forth in ¶6 of the final Office Action.


VII.   Grouping of Claims

Although all pending claims have been grouped in a single ground of rejection, not all of the claims stand or fall together.  Rather, various ones of the claims present separate issues of patentability that must be considered independently of other claims.  The separate bases of patentability, and the claims corresponding thereto, are presented in the arguments that follow.

APLNDC630-0000041284

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 6

VIII.  <u>Argument</u>

A.  <u>The Section 102 Rejection of Claims 1-5, 33, 37, 41, 42 and 46 is in Error
Because The Stevens et al. Patent Fails to Disclose All Claimed
Elements/Steps</u>

The rejection is improper because the Stevens et al. patent fails to either expressly
or inherently disclose a number of the features recited in the claims.  The differences
between the rejected claims and what is disclosed in the Stevens et al. patent become
apparent in the following detailed analysis of this document and the representative claims.

1.  <u>The Stevens et al. Patent</u>

The Stevens et al. patent is directed a system that attempts to create for a user an
experience of virtually interviewing a "persona" who is neither physically present nor
actively engaged in communication with the user.  (See column 1, lines 9-14, and column 2,
lines 19-24.)  As described in Stevens et al., the user should sense that he is partaking in a
"seamless" synthetic conversation with a "real live person" via real-time interaction.  (See
column 2, lines 45-47 and lines 64-65, and column 7, lines 20-24.).

The Stevens et al. system relies on the creation of a database populated with stored
information gathered from recorded statements.  The process of creating a database is shown
in Figure 1 of Stevens et al.  As shown in Figure 1, questions are generated for the
interviewee to elicit a response from an individual in step 12.  The questions and statements
are recorded in step 14 (column 3, lines 64-65).  Pool statements may be recorded to fill in
the gaps when no statements are not available for a particular user query in step 16 (column
4, lines 9-13).  Next, in step 32 the statements in the recorded information are reviewed,
identified, and a question is generated for each statement and is associated (i.e., "tagged")
with that statement (column 4, lines 32-34).  In step 34, separate transcripts of the recorded
questions and responses are created (column 4, lines 48-50).  Next, in step 36, both the
question and the response are annotated or expanded with semantic information (column 4,
lines 55-56).  In step 40, indices are created and stored for the semantic expansions of the
responses, the questions, and the transcripts of the responses and questions to enable retrieval

APLNDC630-0000041285

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 7

of the recorded responses in a seamless manner (column 2, lines 36-47 and column 5, lines 8-15).  Once these process are completed, the database can be queried to conduct a synthetic interview.

When a user engages in a synthetic interview using the Stevens et al. system, the user forms a query and inputs it into an application program which searches the populated database.  As shown in Figure 5, a query can be received via a text input module 80 or a voice input module 82.  (See column 6, lines 18-21.)  Once received, the query is pre-processed to remove "stop words" and other irrelevant words before being mapped, in parallel, to the interview questions (i.e., step 58), to the answers (i.e., step 60), and to the semantic expansions of the questions and answers (i.e., step 62).  (See Figure 5 and column 5, lines 48-57.)

2.    Claims 1-5, 42 and 46

In contrast to the above system of the Stevens et al. patent, independent claim 1 is directed to a method for locating information in a computer system that includes the steps of "inputting an information identifier" and "providing the identification identifier to a plurality of plug-in modules each using a different heuristic to locate information which matches the identifier."  In connection with this claimed subject matter, the Examiner refers to the procedure described in column 5, line 48 to column 6, line 36 and shown in Figures 5 and 6 of the Stevens et al. patent, and asserts:

> The claimed "inputting an information identifier" is met when the query is entered.  The claimed "providing said information identifier ... which matches said identifier" is met by the fact that the method processes the input accordingly for example through a text input module or a voice module."  (Emphasis added.)

(See the final Office Action, section 4 on page 3.)  The procedure described in the cited portion of the Stevens et al. patent, however, is not the same as the present invention.

First of all, the claimed feature of the plug-in modules each using a different heuristic to locate information which matches the input information identifier is not disclosed in the Stevens et al. patent because neither the voice input module nor the text input module of Stevens et al. use different heuristics to *locate information* as claimed.  Rather, Stevens et al. describes that these modules process the received query by removing stop words and other

Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 8

irrelevant terms (see column 5, lines 51-53) to present it "in an appropriate form back to the user interface 78 so that the user interface 78 may process the query in accordance with step 56 of method 54 illustrated in Fig. 5." (See Stevens et al., column 6, lines 23-26.) Hence, the processes carried out in the text and voice input modules 80/82 concern only the *form* of the input applied to the steps 58, 60 and 62 of Stevens et al. Such processes, however, do not relate to the claimed heuristics that *locate information* which *matches* the input information identifier. Appellants submit that there is no disclosure whatsoever of these features in the Stevens et al. patent.

  Even if one were to consider, for the sake of argument, that the input modules 80/82 of Stevens et al. could somehow be considered "plug-in modules," the Examiner's allegation that Stevens et al. discloses inputting an information identifier <u>to a plurality of plug-in modules</u> is not correct. The Stevens et al. patent describes the process of inputting a query as follows: "The user interface receives input from the keyboard 75 <u>or</u> microphone 76 and calls the appropriate text input module 80 <u>or</u> voice input module 82, respectively." (See column 6, lines 18-21.) (Emphasis added.) Hence, use of the voice input module is explicitly described in the Stevens et al. patent as an alternative to use of the text input module, or vice-versa. This is intuitive because there would be no apparent reason to input the same query data in Stevens et al. apparatus twice (i.e., through <u>both</u> a voice input module and a text input module). Accordingly, notwithstanding the fact that Stevens et al. does not teach that the input modules 80/82 each use a different heuristic to locate information which matches an information identifier, the query in Stevens et al. is <u>not</u> provided to a <u>plurality</u> of plug-in modules.

  In any event, Appellants submit that the disclosure in Stevens et al. of how these text and voice modules 80/82 are implemented does not meet the claimed step of "providing said information identifier <u>to a plurality of plug-in modules each using a different heuristic to locate information which matches said identifier</u>," as recited in claim 1. The significance of this provision is emphasized in the next recited steps of "providing at least one candidate item of information <u>from said plug-in modules</u>"and "displaying a representation of said candidate item of information." Hence, the method of claim 1 recites providing a candidate item of information from the same modules in the previously recited step of "providing said information identifier to a plurality of plug-in modules ...." When comparing the

APLNDC630-0000041287

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 9

combination of features recited in claim 1 with the explicit disclosure of <u>alternative</u> use of text and voice input modules 80/82, which do <u>not</u> use any heuristics to locate information matching an identifier, it is clear that the Stevens et al. system does not operate in the way as set forth in claim 1.

In the "Response to Amendment" section of the final Office Action, the Examiner states "claim 1 is broad enough to read on the fact that both the text module and voice module are used to process the input although [sic, their uses are described?] in the alternative in the method of Stevens." (See the final Office Action, page 3, lines 4-6.)  For reasons pointed out above, Appellants disagree with any allegation that the claimed step of providing an information identifier to a plurality of plug-in modules has the same meaning as disclosure in Stevens et al. of mutually exclusive use of either a voice input module or a text input module.  Furthermore, there is no basis in Section 102 for rejecting a claim because it is "broad."

For at least for these reasons, the rejection of claim 1 is improper and should be reversed.

Claims 42 and 46 are respectively directed to a method and apparatus and similarly recite subject matter not disclosed in the Stevens et al. patent.  For instance, claim 42 recites a step of "providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon the plurality of heuristics," and claim 43 recites a means for performing this process.  For reasons given above with respect to claim 1, the Stevens et al. patent does not disclose these features.  As such, the rejection of claims 42 and 46 is improper because the it fails to establish a *prima facie* case of anticipation.  Accordingly, the rejection of these claims should be reversed.

The rejection of claims 2-5 and 41 should be reversed, if for no other reason than because these dependent claims include all the limitations of claim 1, and claim 1 is patentable for reasons are set forth above regarding the novel nature of this claim.  Moreover, claims 2-5 and 41 recite combinations of additional features not taught in the Stevens et al. patent.

APLNDC630-0000041288

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 10

For example, claim 3 recites that the information identifier is input in by means of a dialog box displayed on a user interface. With respect to this subject matter, the Examiner asserts that the Stevens et al. patent discloses a dialog box "when Stevens shows that the method is a synthetic interview (see column 3, lines 26-29)." (See the final Office Action, page 6, lines 3-4.) The cited portion of the Stevens et al. patent relied upon, however, describes a process flow (shown in Figure 1) of producing *a database* used to conduct an interview. It is to be noted that the method depicted in Figure 1 does not relate to the inputting of information identifiers by means of a dialog box in a method for locating information in a computer system. It does not describe a dialog box displayed on a user interface by which an information identifier is input, as recited in claim 3. Hence, Appellants submit that claim 3 defines separately patentable subject matter at least because the Office has failed to establish a *prima facie* case of anticipation.

3.     Claims 33 and 37

With respect to claim 33, the first claimed steps recite "inputting an information identifier" and "selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics ...." The final Office Action, at page 6, lines 12-17, asserts that these features are allegedly met by disclosure in Stevens et al. of entering a query and calling the appropriate text input module or voice input module. The Action did not identify, however, what disclosure is relied upon from the Stevens et al. patent for disclosing matching of an information identifier to information based upon a plurality of heuristics, as claimed. It is respectfully submitted that the Stevens et al. patent does not disclose this claimed step. The Office Action then appears to assert that the Stevens et al. patent inherently discloses that an information identifier is selectively provided to a plurality of heuristics associated with the text input module and the voice input module (i.e., input modules 80 and 82) and that it is *matched* to information in the input query based upon these alleged heuristics:

> [T]he information identifier which reads on the input <u>has</u> to be matched to information based upon the plurality of heuristics because the text input module and voice input module process differently in finding results matching the input identifier. (Emphasis added.)

APLNDC630-0000041289

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 11

(See the final Office Action, page 6, lines 19-22.)  The preprocessing associated with these
input modules, however, does not relate to *matching* an information identifier to information
based upon heuristics  As mentioned above, the processes carried out the text input module
80 and the voice input module 82 of the Stevens et al. patent pertain only to the *form* of the
an input query.

     Moreover, the Stevens et al. patent, in fact, explicitly discloses that "in parallel, the
pre-processed query is mapped to the interview questions at step 58, to the answers
(responses and statements) at step 62, and to the semantic expansions of the questions and
answers at step 60 (see Figure 5).  Each one of those mapping steps returns one or more
matches ...." (Emphasis added.) (See the Stevens et al. patent, column 5, lines 53-58.)  Hence,
the voice/text input modules 80/82 of Stevens et al. do not "process differently in finding
results matching the input identifier" because matching in Stevens et al. is performed by the
mapping steps 58, 60 and 62.  Moreover, it would appear that one of ordinary skill in the art
would have assumed, upon reading the Stevens et al. patent, that the parallel processes of
steps 58, 60 and 62 in Stevens et al. would find identical information if identical information
no matter how the query was input (i.e., regardless of whether the text input module or the
voice input module).  Hence, it is respectfully submitted that *matching* in Stevens et al. is not
based on any heuristics associated with the voice/text input modules 80/82.

     In any event, notwithstanding whether or not any heuristics associated with the input
modules 80/82 Stevens et al. patent pertains to a basis for matching an input identifier to
information, the referenced portion of the patent does not disclose, nor otherwise suggest,
the claimed step of selectively providing an input information identifier to a plurality of
heuristics in accordance with a global heuristic.  As pointed out above, in Stevens et al. input
is provided to only one of the input modules 80, 82.

     Claim 37 is directed to an apparatus and similarly recites a novel combinations of
features that are neither expressly nor inherently disclosed in the Stevens et al. patent.  For
instance, claim 37 and recites a "means for selectively providing the information identifier to
a plurality of heuristics in accordance with a global heuristic, wherein the information
identifier is matched to information based upon the plurality of heuristics ..."  Claim 37 is

Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 12

therefore patentably distinguishable over the Stevens et al. patent at least for the above
reasons.

     As pointed out above, the Stevens et al. patent does not disclose the combinations of
every element recited in each of claims 33 and 37.  As such, the Section 102 rejection is
improper and should be reversed.

    B.    <u>The Rejection of Claims 9-16, 18, 19, 21-24, 26-29, 31, 32, 36, 40, 45 and</u>
        <u>49 Under § 103 is Improper Because it Does Not Establish a *Prima Facie*</u>
        <u>Case of Obviousness</u>

    1.    <u>Claims 18, 23 and 28</u>

     With respect to claims 18, 23 and 28, each of these claims recite, *inter alia*, that an
information identifier is provided to a plurality of heuristics to locate information in a
plurality of locations which include the Internet and local storage media.  Regarding this
claimed subject matter, the Examiner asserts that the Stevens et al. patent discloses the
claimed step of providing a plurality of heuristics to locate information in a plurality of
locations. (See the final Office Action, page 8, lines 12-15 and 19.)  For reasons discussed
below, Appellants respectfully submit that contrary to the Examiner's assertion, the Stevens
et al. patent does not teach or suggest locating information in a plurality of locations.  Nor
does Stevens et al. teach or suggest any mechanism for locating information in a plurality
of locations which include the Internet and local storage media, whether or not its teachings
are combined with the alleged knowledge that the Internet provides a "wealth of
information from remote sites."  (See the final Office Action, page 8, lines 19-22.)

    i.    <u>The Stevens et al. Patent Is Not Concerned with the Problems</u>
        <u>Addressed by the Present Invention</u>

     The Stevens et al. patent is concerned with a problem that is unrelated to that
addressed by the present invention.  As a result, it does not teach or suggest the claimed
features of the present invention.

APLNDC630-0000041291

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 13

As discussed above, the Stevens et al. patent is directed to capturing and accessing video data in a manner so as to give a user the impression that he or she is virtually communicating with an embodiment of an individual. Stevens et al. attempts to create this experience with an apparatus and attendant method that first requires gathering and organizing data related to recorded statements into various categories of information including questions, answers and other data derived from this information within a <u>single</u> database. For instance, as described in column 2, lines 25-47, and column 3, line 51 to column 5, line 15 of the Stevens et al. patent, a database must be specially created by recording statements or by obtaining preexisting recorded statements, preparing a transcript of the recorded statements, associating questions with the statements, annotating the statements and questions with semantic information, and then preparing inverted indices of the questions, the semantic expansions of the questions, and the transcript of the recorded data. The specific apparatus described in the Stevens et al. patent includes only one such database, which is describes as being "resident on the personal computer <u>or</u> accessible to the PC through an appropriate network ...." (See column 6, lines 14-18 and Figure 6.) Hence, the system disclosed in the Stevens et al. patent operates to retrieve recorded statements from <u>one</u> specially organized database including associated data to enable "seamless" retrieval of an appropriate statement responsive to a question. (See column 2, lines 33-35.) More particularly, the Stevens et al. patent teaches to input a query into only one of a text input module 80 and a voice input module 82 to first preprocess the query, and then to provide the preprocessed query to the user interface 78. The user interface 78, in turn, sends the preprocessed query to a search engine 84 that searches <u>only one</u> database.

In contrast, the method of claim 18 is directed to locating information from a plurality of locations in a computer system and includes, *inter alia*, the step of providing an information identifier to a plurality of heuristics to locate information in <u>a plurality of locations which include the Internet and local storage medium</u>. Nowhere in Stevens et al. patent are these features taught or suggested. For instance, the steps 58, 60 and 62 performed by the search engine 84 search indexed semantic expansions of questions and answers, indexed questions, and indexed answers (responses or statements). As discussed above,

APLNDC630-0000041292

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 14

however, all of these steps search within only a single, specially organized database. They do not involve any heuristics which locate data anywhere outside of this database.

On page 8, lines 12-15 of the final Office Action, the Examiner alleges that text input module 80 and the voice input module 82 taught in the Stevens et al. patent meet the claimed step of "providing said information identifier to a plurality of heuristics to locate information in a plurality of locations ...." It is respectfully submitted, however, that the Stevens et al. patent does not teach or suggest a plurality of locations which include the Internet and local storage media because only one database is searched when using the method of Stevens.

Furthermore, in contrast to the Examiner's allegation, the Stevens et al. patent does not teach or suggest inputting an information identifier to both the text module 80 and the voice module 82. (See the discussion above regarding Stevens et al. description of only alternative use of the input either a voice or text input module and column 6, line 18-21.) Indeed, Stevens would appear to teach away from using more than one of the input modules 80/82 at any one time because doing so would be needlessly redundant and negate the very purpose of having these alternative inputs.

ii.   The Allegations Regarding Well-known Subject Matter Are
       Too General and Do Not Teach the Specific Claimed Features

The Examiner correctly acknowledges that the Stevens et al. patent does not teach locating information in a plurality of locations which include the Internet (see the final Office Action, page 8, lines 18-19) and asserts that "since the Internet provides a wealth of information from remote sites, it would have been obvious to one of ordinary skill in the art to include the claimed feature in order to retrieve information readily available at remote sites." (See the final Office Action, lines 19-21.) Appellants respectfully submit that this statement does not make up for the deficiencies of the Stevens et al. patent, for the following reasons.

The Examiner's statements regarding the Internet are too general, and thus do relate to the combination of specific features set forth in claim 18, which include providing an information identifier to a plurality of heuristics to locate information in a plurality of locations in a computer system which include the Internet and local storage media. For

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 15

instance, one significant distinction between the claimed method and the method taught in the Stevens et al. patent is that the method of Stevens et al. operates on only one specially organized database. Merely possessing knowledge that the Internet provides a wealth of information from remote sites would not have taught or suggested claimed subject matter concerning heuristics that locate information in a plurality of locations including the Internet and local storage media because further modifications of the method of Stevens et al. would have been necessary to meet the combination of features of claim 18. Such further modifications, however, are not taught in the combination proposed by the Examiner. For instance, further modifications to the method taught in Stevens et al. not taught or suggested by the proposed combination would have required setting up a specialized database in both an Internet location and in the local storage media. Additional modifications of Stevens et al. also would have been required to enable access of these hypothetical multiple resources (i.e., the Internet and local storage media). It is respectfully submitted that such required changes are not taught or suggested in the Stevens et al. patent, whether considered alone or in any combination of the alleged knowledge concerning information provided by the Internet. Appellants submit that the features of claim 18 concerning multiple heuristics and locations recite subject matter that is fundamentally different from the method taught in the Stevens et al. patent.

It is to be noted that in the "Response to Amendment" section of the final Office Action, at page 4, the Examiner newly states:

> [O]ne of ordinary skill in the art supposedly knows something about the art apart from what is explicitly suggested in a prior art reference and knows how to apply the principles taught by the prior art in a reference to improve over the teaching of the of the prior art. Since the method of Stevens locate [sic] information for enabling a synthetic interviews [sic] from recorded questions and responses and since it is well known in the art that the Internet provides a wealth of information regarding questions and responses, it would have been obvious to one of ordinary skill in the art to include locating information from the Internet in order to benefit from the information readily available at remote sites over the Internet. (Emphasis added.)

In response, Appellants reiterate the above reasons of why the Examiner's allegations concerning the Internet are too general. These allegations do not address why this specific proposed modification would have taught or suggested the combination of all recited

APLNDC630-0000041294

Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 16

features.  More specifically, there is nothing in the proposed combination that would have suggested the claimed "<u>plurality of heuristics</u> to locate information in a plurality of locations which include the Internet <u>and</u> local storage media."  Furthermore, the allegation that the Internet provides a wealth of information regarding "questions and responses" is not related to the specially organized database required in the Stevens et al. patent.  The Examiner's allegation appears to assume that "information readily available at remote sites over the Internet," <u>and</u> information in local storage media is already in the form required in the Stevens et al. patent.  The Stevens et al. patent, however, does not teach or suggest using more than one database at different locations.  Rather, it uses a single database that is specifically tailored to meet the requirements of steps 58, 60 and 62.  (See column 5, lines 5-15 and lines 48-61.)

Even if one were to assume, for the sake of argument, that a person skilled in the art would have been motivated to combine the teachings of the Stevens et al. document and the alleged teaching of the Internet, such combination would not have resulted in Appellants' claimed method for locating information.  A combination of Stevens et al. with the alleged knowledge that the Internet provides a wealth of information could perhaps have lead to a system in which, for example, a database is set up at some Internet site for searching and matching of multi-media data using the parallel steps 58, 60 and 62 of Stevens et al., or a system in which a database is created according to specialized manner taught in Stevens et al. using information gathered from sources which may include information previously obtained from various sites on the Internet.  However, such hypothetical combinations that pertain to the creation of databases would not have resulted in the method as claimed in which an information identifier is provided to a plurality of heuristics to locate information <u>in a plurality of locations</u> because the located information would have been from a single database.

The Stevens et al. patent also appears to teach away from the claimed method in which an information identifier is provided to a plurality of heuristics because its primary intention is to simulate an actual interview, or conversation, in real-time from the queries and responses (answers).  (See the Stevens et al. patent, column 2, lines 36-47; column 3, lines 1-2; and column 7, lines 20-32.)  This would have required extremely quick retrieval and

APLNDC630-0000041295

Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 17

reproduction of large data content media files.  Communication speeds at more remote sites, such as those connected with the Internet, however, are known to be slower than a speed of a connection to a local database, such as the database taught in Stevens et al.  (See column 6, lines 14-16.)  It is respectfully submitted that one of ordinary skill in the art <u>at the time the invention was made</u> would not have been led to store the media files discussed in Stevens et al. in plurality of locations because Stevens et al. appears to teach away doing so.  That is, it would not have been obvious from the "wealth of information" of the Internet to parse the large media files as taught in the Stevens et al. patent and store them in a <u>plurality of locations which include the Internet and local storage media</u> because doing so would appear to inhibit the "seamless" (real-time) synthetic interviews experience sought by Stevens et al.

For the above reasons, it is respectfully submitted that the rejection of claim 18 fails to establish a *prima facie* case because necessary modifications to method taught in the Stevens et al. patent would not have been suggested by Stevens et al. and the allegations of common knowledge concerning the Internet.  Hence, it is believed that claim 18 is novel and nonobvious in view of the Stevens et al. patent, regardless of whether this document is considered individually or in combination with the alleged knowledge regarding the Internet.

The above distinctions are similarly brought out in claims 23 and 28, and hence also their dependent claims.  For instance, claim 23 is directed to a medium containing program instructions, one of which provide a received information identifier to a plurality of heuristics to locate information in a plurality of locations which include the Internet and local storage medium. not based in any factual evidence from the applied reference.  Claim 25 recites that an apparatus that comprises means for  providing said information identifier to a plurality of heuristics to locate information in the plurality of locations which comprise the Internet and local storage media.  As pointed out above, neither the Stevens et al. patent, nor common knowledge that the Internet provides a wealth of information, would have taught or suggested the claimed combinations including these features, whether considered individually or in combination.

APLNDC630-0000041296

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 18

For at least these reasons, Appellants submit that the rejection of claims 18, 23 and 28 fails to establish a *prima facie* case of obviousness.  As such, the rejection of these claims is improper and should be reversed.

       2.    <u>Claims 19, 21, 22, 24, 26, 27, 29, 31 and 32</u>

Claims 19, 21, 22, 24, 26, 27, 29, 31 and 32 depend from one of claims 18, 23 and 28 and respectively define novel and inventive combinations of features at least for the reasons given above.  These dependent claims therefore define additional points of distinctions because they recite combinations of additional recited features.

For example, claims 19, 24 and 29 each recite that an information identifier <u>is applied separately to each heuristic</u>.  The final Office Action alleges that the claimed plurality of heuristics are met by the text input module 80 and voice input module 82 disclosed in the Stevens et al. patent.  As discussed above, however, only one of these input modules receive a query during each search of the database.  Hence, an information identifier is not provided to each of these alleged heuristics of Stevens et al.

For these reasons, claims 19, 21, 22, 24, 26, 27, 29, 31 and 32 recite combinations of features that are not taught or suggested in the Stevens et al. patent.  Accordingly, Appellants request that the rejection be reversed.

       3.    <u>Claims 9-16, 36, 40, 45 and 49</u>

The final Office Action also includes a rejection under 35 U.S.C. §103 of claims 9-16, 36, 40, 45 and 49.  These claims, however, depend from one of claims 1, 33, 37, 42 and 46 and respectively define novel and inventive combinations of features at least for the reasons given above and further for the additional features recited.  It is further submitted that the allegations regarding knowledge in the art do not make of for the deficiencies noted above for the respective independent claims.

With respect to dependent claims 9-11, the allegation that known in the art to identify files by name, content or frequency of access does not teach or suggest the claimed combination of specific features that include "providing said information identifier to a plurality of <u>plug-in modules</u> each using a different heuristic to locate information which

APLNDC630-0000041297

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 19

matches said identifier," as recited in parent claim 1. As pointed out above, the Stevens et al. system does not use plug-in modules as claimed. Moreover, the alleged well-known subject matter does not teach or suggest the claimed plug-in modules. Hence, the rejection of claims 9-11 should be reversed because each of these claims recite a combination of features not taught or suggested in by the Stevens et al. patent and the alleged well-known subject matter.

Dependent claims 12-16 each recite where items of information are located by a heuristic that is used by a plug-in module to match an input information identifier. For instance, claim 12 recites that one of the heuristics locates items of information that are stored locally on the computer. Claim 13 recites further defines that this heuristic also locates items of information that are stored on a local-area network to which the computer system is connected. Claim 14 recites that, in addition to a heuristic which locates items of information that are locally stored, another of said heuristics locates items of information that are stored on remote computer systems, and claims 15 and 16 respectively further define that the other heuristic locates Internet web pages and items information on stored in a wide-area network.

In connection with this subject matter, the Examiner asserts the following:

> [I]t is well known in the art to store information locally in a LAN <u>or</u> at remote location [sic] accessible over the Internet. Therefore it would have been obvious to one of ordinary skill in the art to include the claimed features while implementing the method of Stevens in order to give users more flexibility for storing information." (Emphasis added.)

(See the final Office Action, page 8, lines 5-9.) Appellants respectfully submit, however, for the same reasons pointed out above, that one of ordinary skill in the art would not have been led to modify the method and apparatus of the Stevens et al. patent as proposed by the Examiner because the alleged well-known is too general, and thus does not contains factual evidence that would have suggested the necessary modifications to the method taught in Stevens et al. to meet the claimed invention. For instance, the alleged well-known storage of information does not suggest the plurality of <u>plug-in modules each using a different heuristic to locate information which matches an information identifier</u>. Further, noting

APLNDC630-0000041298

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 20

that the Examiner alleges the claimed <u>plug-in modules</u> to correspond to the text input module and the voice input module of the Stevens et al. patent, there does not appear to be any existing nexus between and the alleged well-known storage of information locally in a LAN or at remote locations accessible over the Internet and these input modules of Stevens et al.  Hence, the conclusory statement by the Examiner regarding "the claimed features" is a non-sequitur because it does not address the specific limitations set forth in claims 12-16. As such, no *prima facie* case of obviousness has been established in the rejection of these claims.

Claims 36, 40, 45 and 49 each recite that the information, to which the information identifier is matched based upon a plurality of heuristics, is located over a plurality of locations comprising <u>at least two of</u> local storage media, a LAN storage volume, a wide area network and an Internet network.  With respect to this subject matter, provides statements similar to those given above for claims 12-16.  (See the final Office Action, page 9, lines 13-19.)  It is respectfully submitted, however, that the statements in the final Office Action alleging that it was well-known to store information in various locations does not remedy the shortcomings noted above with respect to claims 12-16.  Claims 45 and 49 respectively depend from claims 42 and 46, which similarly recite providing the information identifier to a plurality of <u>plug-in modules</u> and matching the information identifier to information by the plug-in modules based upon the plurality of heuristics. Hence, for the same reasons provided above with respect to claims 12-14, Appellants submit that claims 45 and 49 are patentable.

With respect to claims 36 and 40, these claims respectively depend from claims 33 and 37, which recite "selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics."  It is respectively submitted that the Stevens et al. patent does not teach or suggest these features for reasons discussed above with respect to parent claims 33 and 37.  Furthermore, whether is was well-known to store information at various locations has nothing to do whatsoever with the selective

APLNDC630-0000041299

Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 21

provision and matching recited in these claims.  Hence, it is respectfully submitted that
each of claims 36 and 40 also define combinations of separately patentable subject matter.

For at least the above reasons, the rejection of claims 9-16, 19, 21, 22, 24, 26, 27,
29, 31, 32, 36, 40, 45 and 49 should be reversed.

IX.    Conclusion

For all of the above stated reasons, Appellants request the Board of Patent Appeals
and Interferences to reverse the decision of the Examiner because the final rejections of
claims 1-5, 9-16, 18, 19, 21-24, 26-29, 31-33, 36, 37, 40-42, 45, 46 and 49 are in error.

Respectfully submitted,

BURNS, DOANE, SWECKER & MATHIS, L.L.P.

By:  _John F. Guay_____
John F. Guay
Registration No. 47,248

P.O. Box 1404
Alexandria, Virginia 22313-1404
(703) 836-6620

Date:  November 7, 2003

APLNDC630-0000041300

## APPENDIX A

### The Appealed Claims

1.    A method for locating information in a computer system, comprising the steps of:

inputting an information identifier;

providing said information identifier to a plurality of plug-in modules each using a different heuristic to locate information which matches said identifier;

providing at least one candidate item of information from said modules; and

displaying a representation of said candidate item of information.

2.    The method of claim 1 wherein said information identifier is input via an application program having a text input window.

3.    The method of claim 1 wherein said information identifier is input in by means of a dialog box displayed on a user interface.

4.    The method of claim 1 wherein said information identifier is vocally entered by a user.

5.    The method of claim 1 wherein said information identifier is one of a letter, a word, or a phrase.

6.    The method of claim 1 wherein said information identifier is sequentially provided to said modules until one of said modules provides a candidate item of information.

7.    The method of claim 6 wherein said modules are ranked in an order of priority, and said information identifier is sequentially provided to said modules in accordance with said ranking.

APLNDC630-0000041301

8.     The method of claim 7 further including the steps of determining a context for the input of the information identifier, and varying said ranking in accordance with the determined context.

9.     The method of claim 1 wherein one of said heuristics locates items of information on the basis of names of files.

10.    The method of claim 9 wherein another of said heuristics locates items of information on the basis of contents of files.

11.    The method of claim 9 wherein another of said heuristics locates items of information on the basis of most recently accessed items.

12.    The method of claim 1 wherein one of said heuristics locates items of information that are stored locally on the computer system.

13.    The method of claim 12 wherein said one heuristic also locates items of information that are stored on a local-area network to which the computer system is connected.

14.    The method of claim 12 wherein another of said heuristics locates items of information that are stored on remote computer systems.

15.    The method of claim 14 wherein said other heuristic locates Internet web pages.

16.    The method of claim 14 wherein said other heuristic locates items of information that are stored on a wide-area network.

17.    The method of claim 1 wherein said information identifier is provided in parallel to said modules, and further including the step of selecting candidate items of information provided by said modules for display in accordance with a global heuristic.

Appendix A - 2

18.    A method for locating information from a plurality of locations in a
computer system, comprising the steps of:

> inputting an information identifier;

> providing said information identifier to a plurality of heuristics to locate
information in a plurality of locations which include the Internet and local storage media;

> determining at least one candidate item of information based upon the
plurality of heuristics; and

> displaying a representation of said candidate item of information.

19.    The method of claim 18, wherein the information identifier is applied
separately to each heuristic.

20.    The method of claim 18 wherein the plurality of heuristics are ranked in an
order of priority and wherein the information identifier is sequentially provided in
accordance with the ranking.

21.    The method of claim 18 wherein one of the plurality of heuristics locates
items of information on the basis of names of files.

22.    The method of claim 21 wherein another of the heuristics locates items of
information on the basis of contents of files.

23.    A computer readable medium for locating information from a plurality of
locations containing program instructions to:

> receive an information identifier;

> provide said information identifier to a plurality of heuristics to locate
information in the plurality of locations which include the Internet and local storage media;

> determine at least one candidate item of information based upon the plurality
of heuristics; and

> display a representation of said candidate item of information.

Appendix A - 3

APLNDC630-0000041303

24. The computer readable medium of claim 23, wherein the information identifier is applied separately to each heuristic.

25. The computer readable medium of claim 23 wherein the plurality of heuristics are ranked in an order of priority and wherein the information identifier is sequentially provided in accordance with the ranking.

26. The computer readable medium of claim 23 wherein one of the plurality of heuristics locates items of information on the basis of names of files.

27. The computer readable medium of claim 23 wherein another of the heuristics locates items of information on the basis of contents of files.

28. An apparatus that locates information from a plurality of locations within a computer system, comprising:

        means for inputting an information identifier;

        means for providing said information identifier to a plurality of heuristics to locate information in the plurality of locations which comprise the Internet and local storage media;

        means for determining at least one candidate item of information based upon the plurality of heuristics; and

        means for displaying a representation of said candidate item of information.

29. The apparatus of claim 28, wherein the information identifier is applied separately to each heuristic.

30. The apparatus of claim 28 wherein the plurality of heuristics are ranked in an order of priority and wherein the information identifier is sequentially provided in accordance with the ranking.

Appendix A - 4

31.    The apparatus of claim 28 wherein one of the plurality of heuristics locates items of information on the basis of names of files.

32.    The apparatus of claim 28 wherein another of the heuristics locates items of information on the basis of contents of files.

33.    A method for displaying information in a computer system, comprising the steps of:

inputting an information identifier;

selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

displaying a representation of the candidate items of information.

34.    The method of claim 33 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

35.    The method of claim 34 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

36.    The method of claim 33 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

37.    An apparatus for displaying information in a computer system, comprising:

means for inputting an information identifier;

means for selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

Appendix A - 5

APLNDC630-0000041305

means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

means for displaying a representation of the candidate items of information.

38.    The apparatus of claim 37 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

39.    The apparatus of claim 38 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

40.    The apparatus of claim 37 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

41.    The method of claim 1 wherein each candidate item of information has an associated confidence level.

42.    A method for displaying information in a computer system, comprising the steps of:

inputting an information identifier;

providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon the plurality of heuristics;

receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

displaying a representation of the candidate items of information.

43.    The method of claim 42 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

44.    The method of claim 43 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

Appendix A - 6

APLNDC630-0000041306

45.   The method of claim 42 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

46.   An apparatus for displaying information in a computer system, comprising:

   means for inputting an information identifier;

   means for providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon a plurality of heuristics;

   means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

   means for displaying a representation of the candidate items of information.

47.   The apparatus of claim 46 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

48.   The apparatus of claim 47 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

49.   The apparatus of claim 46 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

APLNDC630-0000041307

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/478,00? | 01/05/2000 | YAN ARROUYE | P2391-512 | 1057 |

21839      7590      01/15/2004
BURNS DOANE SWECKER & MATHIS L L P
POST OFFICE BOX 1404
ALEXANDRIA, VA  22313-1404

| EXAMINER |
|---|
| LE, UYEN T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2171 | |

DATE MAILED: 01/15/2004

*13*

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

APLNDC630-0000041310

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/478,009 | ARROUYE ET AL. |
| | Examiner | Art Unit | |
| | Uyen T. Le | 2171 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>07 November 2003</u>.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
   closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-49</u> is/are pending in the application.

   4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-49</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☒ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. §§ 119 and 120**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
          application from the International Bureau (PCT Rule 17.2(a)).

   * See the attached detailed Office action for a list of the certified copies not received.

13)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application)
   since a specific reference was included in the first sentence of the specification or in an Application Data Sheet.
   37 CFR 1.78.

   a) ☐ The translation of the foreign language provisional application has been received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121 since a specific
   reference was included in the first sentence of the specification or in an Application Data Sheet. 37 CFR 1.78.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)                     4)☐ Interview Summary (PTO-413) Paper No(s). _____ .

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)   5)☐ Notice of Informal Patent Application (PTO-152)

3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .   6)☐ Other: _____ .

U.S. Patent and Trademark Office
PTOL-326 (Rev. 11-03)                 Office Action Summary                 Part of Paper No. 13

APLNDC630-0000041311

Application/Control Number: 09/478,009                                    Page 2
Art Unit: 2171

## DETAILED ACTION

1.      Applicant's arguments presented in the appeal brief filed 7 November 2003

regarding claims 1-5, 9-16, 18, 19, 21-24, 26-29, 31-33, 36, 37, 40-42, 45, 46, 49 are

persuasive. However, they are moot in view of the new grounds of rejection presented

in this Office Action.


2.      Due to newly found prior art, the allowability of claims 6-8, 17, 20, 25, 30, 34, 35,

38, 39, 43, 44, 47, 48 is withdrawn. Consequently, this Action is made non-final.


3.      Applicant is reminded to submit a new oath or declaration identifying the

citizenship of each inventor.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

 (b) the invention was patented or described in a printed publication in this or a foreign country or in public
use or on sale in this country, more than one year prior to the date of application for patent in the United
States.

4.      Claims 18-40 are rejected under 35 U.S.C. 102(b) as being anticipated by

Blumenfeld et al "A uniform interface to networked library services", ACM 1992, pages

608-613.

       Regarding claim 18, Blumenfeld discloses a method for locating information in a

computer system (see the abstract). Blumenfeld discloses inputting an information

identifier and providing said information identifier to a plurality of heuristics to locate

APLNDC630-0000041312

Application/Control Number: 09/478,009                                   Page 3
Art Unit: 2171

information in a plurality of locations which include the Internet and local storage media

when Blumenfeld shows that the method uses different strategies to search local library

and libraries over the Internet by author, title, subject, keyword, ISBN, Boolean keyword

(see page 610). Blumenfeld further discloses determining at least one candidate item of

information based upon the plurality of heuristics and displaying a representation of said

candidate item of information when Blumenfeld shows that results from different

strategies are displayed (see page 612).

　　　Regarding claim 19, clearly the information identifier is applied separately to each

heuristic since each heuristic is used to locate a specific item for example title, author,

subject, keyword, ISBN, Boolean keyword (see page 610).

　　　Regarding claim 20, Blumenfeld discloses ranking modules in an order of priority

and providing the information identifier sequentially in accordance with the ranking when

Blumenfeld shows that the method searches by Boolean keywords (see page 610).

Note that Boolean keywords include operators of OR, AND, NOT, EXCEPT, IF, THEN.

Boolean keywords clearly define an order of priority of the modules and the information

identifier has to be sequentially provided in accordance with the order for the method to

carry out the search.

　　　Regarding claim 21, Blumenfeld discloses that one heuristic locates items of

information on the basis of name of files when Blumenfeld shows search by title (see

page 610).

APLNDC630-0000041313

Application/Control Number: 09/478,009                    Page 4
Art Unit: 2171

     Regarding claim 22, Blumenfeld discloses that one heuristic locates items of
information on the basis of contents of files when Blumenfeld shows search by subject
(see page 610).

     Claims 23-27 correspond respectively to a computer program product for the
method of claims 18-22, thus are rejected for the same reasons stated in claims 18-22
above.

     Claims 28-32 correspond respectively to a system for performing the method of
claims 18-22, thus are rejected for the same reasons stated in claims 18-22 above.

     Regarding claim 33, Blumfeld discloses all the claimed subject matter (see the
abstract). The claimed "inputting an information identifier" and "selectively providing the
information identifier...plurality of heuristics" is met by the fact that the method searches
using different strategies for example by author, title, subject, keyword, ISBN, Boolean
keyword (see page 610). The claimed "receiving at least one candidate item...global
heuristic" and "displaying a representation...information" are met when the method
retrieves and displays search results to the user (see page 612). The claimed global
heuristic as broadly claimed merely reads on the fact that in the method of Blumenfeld,
searches by different criteria would be invoked with the same local command regardless
of the remote system the user is currently using (see page 610). Furthermore, the
information identifier, which reads on the search input has to be matched to information
based upon the plurality of heuristics because each heuristic handles one type of
search.

APLNDC630-0000041314

Application/Control Number: 09/478,009                                    Page 5
Art Unit: 2171

Regarding claim 34, the claimed global heuristic clearly determines an order in which the information identifier is provided to the heuristics since the local command determines how the search is conducted.

Regarding claim 35, the order is clearly a ranking of the plurality of heuristics according to a context in which the information was input since the input includes Boolean keyword search (see page 610).

Regarding claim 36, Blumenfeld discloses that the information is located over LAN and Internet network (see page 608, 609).

Claims 37-40 correspond respectively to a system for performing the method of claims 33-36, thus are rejected for the same reasons stated in claims 33-36 above.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

5.      Claims 1-3, 5-11, 42-49 are rejected under 35 U.S.C. 103(a) as being unpatentable over Blumenfeld et al "A uniform interface to networked library services", ACM 1992, pages 608-613, in view of Hong et al (US 6,628,305).

Regarding claim 1, Blumenfeld discloses a method for locating information in a computer system (see the abstract). Blumenfeld teaches the concept of inputting an information identifier and providing said information identifier to a plurality of modules each using a different heuristic to locate information which matches said identifiers

APLNDC630-0000041315

Application/Control Number: 09/478,009                              Page 6
Art Unit: 2171

when Blumenfeld shows that the method uses different strategies to search for example
by author, title, subject, keyword, ISBN, Boolean keyword (see page 610). The claimed
different heuristics read on the different strategies in the method of Blumenfeld. The
difference is Blumenfeld does not specifically show that the modules are plug-in
modules. However, Hong shows that it is well known in the database art to use plug-in
technique for extending a GUI framework (see the abstract, column 1, lines 57-67).
Therefore, it would have been obvious to one of ordinary skill in the art to implement the
different heuristics of the method of Blumenfeld in a plurality of plug-in modules as
taught by Hong in order to extend the search capability of the method of Blumenfeld.
The claimed steps of providing at least one candidate item of information from said
modules and displaying a representation of said candidate item of information are met
by the fact that results are displayed (see page 612).

Regarding claims 2, 3, Blumenfeld discloses text input window and dialog box
(see Figures 2, 4).

Regarding claim 5, Blumenfeld discloses said information identifier is a letter, a
word or a phrase (see Figures 2, 4).

Regarding claim 6, Blumenfeld clearly teaches providing sequentially said
information identifier to said modules until one of said modules provides a candidate
item of information when Blumenfeld shows searching by Boolean keywords (see page
610). Note that Boolean keywords include operators of OR, AND, NOT, EXCEPT, IF,
THEN.  Boolean keywords IF, THEN clearly define a sequential order.

Application/Control Number: 09/478,009                          Page 7
Art Unit: 2171

Regarding claims 7, 8, Blumenfeld discloses ranking modules in an order of priority and determining context for the input and varying said ranking in accordance with the determined context when Blumenfeld shows the input command (see Figures 2, 4). Clearly, the modules are ranked in an order of priority depending on the input command since the input command determines how a search is conducted.

Regarding claim 9, Blumenfeld discloses that one heuristic locates items of information on the basis of name of files when Blumenfeld shows search by title (see page 610).

Regarding claim 10, Blumenfeld discloses that one heuristic locates items of information on the basis of contents of files when Blumenfeld shows search by subject (see page 610).

Regarding claim 11, although Blumenfeld does not specifically show one heuristic locates items of information on the basis of most recently accessed items, it would have been obvious to one of ordinary skill in the art to include the claimed features in order to use users' search history to locate potential information of interest.

Regarding claim 42, Blumenfeld discloses a method for displaying information in a computer system (see the abstract). Blumenfeld teaches the concept of "inputting an information identifier" and "selectively providing the information identifier...plurality of heuristics" when Blumenfeld shows that the method searches using different strategies for example by author, title, subject, keyword, ISBN, Boolean keyword (see page 610). The claimed "receiving at least one candidate item...global heuristic" and "displaying a representation...information" are met when the method retrieves and displays search

APLNDC630-0000041317

Application/Control Number: 09/478,009                                    Page 8
Art Unit: 2171

results to the user (see page 612). The claimed global heuristic as broadly claimed

merely reads on the fact that in the method of Blumenfeld, searches by different criteria

would be invoked with the same local command regardless of the remote system the

user is currently using (see page 610). Furthermore, the information identifier, which

reads on the search input has to be matched to information based upon the plurality of

heuristics because each heuristic handles one type of search. The difference is

Blumenfeld does not specifically show the claimed plug-in modules. However, Hong

shows that it is well known in the database art to use plug-in technique for an extensible

GUI framework (see the abstract, column 1, lines 57-67). Therefore, it would have been

obvious to one of ordinary skill in the art to include a plurality of plug-in modules while

implementing the method of Blumenfeld in order to extend the search capability of the

method of Blumenfeld.

Regarding claim 43, the claimed global heuristic clearly determines an order in

which the information identifier is provided to the heuristics since the local command

used to access various information by different modules determines in which order the

search is conducted.

Regarding claim 44, the order is clearly a ranking of the plurality of heuristics

according to a context in which the information was input since the input includes

Boolean keyword search (see page 610).

Regarding claim 45, Blumenfeld discloses that the information is located over

LAN and Internet network (see page 608, 609).

APLNDC630-0000041318

Application/Control Number: 09/478,009                              Page 9
Art Unit: 2171

      Claims 46-49 correspond respectively to system for performing the method of

claims 42-45, thus are rejected for the same reasons stated in claims 42-45 above.

6.      Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over

Blumenfeld et al "A uniform interface to networked library services", ACM 1992, pages

608-613, in view of Hong et al (US 6,628,305), further in view of Stevens et al (US

5,870,755) of record.

      Regarding claim 4, although Blumenfield and Hong do not specifically show that

the information identifier is vocally entered, it is well known in the art to query by voice

as shown by Stevens (see Figure 6). Therefore, it would have been obvious to one of

ordinary skill in the art to include the claimed features while implementing the method of

Blumenfield and Hong in order to provide more choices to enter information to a user.

7.      Claims 12-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Blumenfeld et al "A uniform interface to networked library services", ACM 1992, pages

608-613, in view of Hong et al (US 6,628,305), further in view of Corey et al (US

5,987,446).

      Regarding claims 12-16, although Blumenfeld and Hong do not specifically show

that one heuristic locates items stored locally on the computer system, another heuristic

locates items stored on a local-area network to which the computer system is

connected, another heuristic locates items of information stored on remote computer

system, another heuristic locates Internet web pages, another heuristic locates items of

APLNDC630-0000041319

Application/Control Number: 09/478,009                                    Page 10
Art Unit: 2171

information stored on a wide-area network, it is notoriously well known in the art to use

local and remote storage, LAN, WAN connected to the Internet network for storing

information. Furthermore, Corey shows that it is well known in the art to use multiple

search engines concurrently (see column 2, lines 20-30). Therefore, it would have been

obvious to one of ordinary skill in the art to include different heuristics for each type of

storage in order to carry the search simultaneously as taught by Corey for fast

response.

   Regarding claim 17, Blumenfeld discloses providing said information identifier to

said modules and selecting candidate items for display in accordance with a global

heuristic when Blumenfeld shows that Author, Title and Subject searches would be

invoked with the same local command regardless of the remote system the user is

currently using (see page 610). Although Blumenfeld does not specifically show that the

information identifier is provided in parallel to said modules, Corey shows that it is well

known in the art to search in parallel (see column 2, lines 20-30). Therefore, it would

have been obvious to one of ordinary skill in the art to provide the information identifier

in parallel to said modules in order to speed up the search.


8.  Claim 41 is rejected under 35 U.S.C. 103(a) as being unpatentable over

Blumenfeld et al "A uniform interface to networked library services", ACM 1992, pages

608-613, in view of Hong et al (US 6,628,305), further in view of Bi et al (US 6,311,178).

   Regarding claim 41, although Blumenfeld and Hong do not specifically show that

each candidate item of information has an associated confidence level, it is well known

Application/Control Number: 09/478,009                              Page 11
Art Unit: 2171

in the art as shown by Bi to rank candidate items by a confidence level in order to

conduct the search efficiently (see the abstract). Therefore, it would have been obvious

to one of ordinary skill in the art to associate a confidence level to each candidate item

while implementing the method of Blumenfield and Hong in order to efficiently rank the

search results.

### *Conclusion*

9.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

Jain et al (US 5,913,205) teach query optimization for visual information retrieval

system.

Jim Gray "Parallel database systems 101", ACM 1995, page 436.

Gary Perlman, "The FirstSearch user interface architecture: universal access for any

user, in many languages, on any platform", ACM 2000, pages 1-8.

Dadoun et al, "Parallel processing for efficient subdivision search", ACM 1987, pages

205-254.

Wei Hong, "Exploiting inter-operation parallelism in XPRS", ACM 1992, pages 19-28.

Ganguly et al, "Efficient and accurate cost models for parallel query optimization", ACM

1996, pages 172-181.

Agosti et al, "Desing of OPAC database to permit different subject searching accesses

in a multi-disciplines universities library calologue database", ACM 1992, pages 245-

255.

Application/Control Number: 09/478,009                                    Page 12
Art Unit: 2171

10.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Uyen T. Le whose telephone number is 703-305-4134.

The examiner can normally be reached on M-F 7:00-5:30.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Safet  Metjahic can be reached on 703-308-1436.  The fax phone number

for the organization where this application or proceeding is assigned is (703) 872-9306.

        Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is 703-305-

3900.

Uyen Le
Primary Examiner
AU 2171

11 January 2004

SAFET METJAHIC
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100



$AF / 2171$
$#15$
$/20$

Patent
Attorney's Docket No. P2391-512

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Patent Application of | ) | **MS Appeal Brief-Patents** |
| | ) | |
| Yan ARROUYE et al. | ) | Group Art Unit: 2171 |
| | ) | |
| Application No.: 09/478,009 | ) | Examiner: U. T. Lee |
| | ) | |
| Filed: January 5, 2000 | ) | Confirmation No.: 1057 |
| | ) | |
| For: UNIVERSAL INTERFACE FOR | ) | Appeal No.: Unassigned |
| RETRIEVAL OF INFORMATION IN | ) | |
| A COMPUTER SYSTEM | ) | |

**RECEIVED**

**JUN 1 6 2004**

Technology Center 2100

### SUPPLEMENTAL BRIEF

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

Sir:

Appellants request reinstatement of the appeal. This appeal is from the decision of the Examiner dated January 15, 2004 rejecting claims 1-49 (Paper No. 13, in which claims 1-5, 9-16, 18, 19, 21-24, 26-29, 31-33, 36, 37, 40-42, 45, 46 and 49 were rejected for at least a second time). Appealed claims 1-49 are reproduced as an Appendix to this Supplemental Brief.

A Government fee of $330.00 was paid when Appellants filed a Brief for Appellant on November 7, 2003, after which prosecution was reopened. Therefore, no fee is believed due for filing the present Supplemental Brief.

The Commissioner is hereby authorized to charge any appropriate fees under 37 C.F.R. § 1.16, 1.17, and 1.21 that may be required by this paper, and to credit any overpayment, to Deposit Account No. 02-4800. This paper is submitted in triplicate.

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 2

I.    Real Party in Interest

The present application is assigned to Apple Computer, Inc., a corporation duly
organized under and pursuant to the laws of California, as recorded in the files of the Patent
and Trademark Office at Reel 010599, Frame 0880, who is the real party in interest.

II.    Related Appeals and Interferences

There are no other known appeals or interferences known to Appellants, their legal
representative, or the assignee, which will directly affect, or be directly affected by, or have a
bearing on the Board's decision in this appeal.

III.    Status of Claims

The application contains claims 1-49, all of which were rejected in the Office Action
dated January 15, 2004.  All rejected claims 1-49 are being appealed.

IV.    Status of Amendments

On November 7, 2003, Appellants filed an Amendment After Final Rejection to
correct minor typographical errors in dependent claims 47-49.  While Appellants have not yet
received an official action regarding entry/non-entry of the November 7, 2003 Amendment, it
is believed that it has been entered in view of the reopening of prosecution.

V.    Summary of the Invention

The claimed invention is directed to a computer-human interface for quickly and
easily retrieving desired information in a computer system.  In essence, the present invention
is concerned with apparatuses and methods that use a plurality of different heuristics.  The
heuristics employed in the present invention operate on user-supplied information to search
and locate information.  The claimed apparatuses and methods make it possible to locate and
retrieve information from among a variety of storage media accessible by the computer
system based on information descriptors provided by the user.  The claimed methods and

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 3

apparatuses allow for a representation of at least one candidate item of the retrieved information to be displayed.  (See page 3, lines 2-9 and page 5, lines 17-19.)

The heuristics to which the user inputs are applied may include a number of possibilities.  For example, the claimed apparatuses and methods may embody one heuristic that operates on the information descriptor supplied by the user to search for names of files stored on local storage media.  Another exemplary heuristic may operate to index and search the contents of files on the local and/or network storage volumes.  The present invention contemplates many other heuristics and combinations thereof.  For instance, a heuristic may maintain a list of the files, applications and web sites that were most recently accessed and search this list for a match.  Other heuristics operate to locate Internet web pages that match the user input using a search engine, or to store and review the history of information that has been recently accessed to determine which might match the descriptor, employ a look-up-table to review mappings on a private network accessed either locally or remotely, or review the favorite locations accessed by a browser application located on a computer system.  In any case, each heuristic employed may identify one item of information, a plurality of possible items of information, or no information that corresponds to a user information descriptor input, according to the heuristic's approach.  (See page 6, lines 4-12, and page 7, lines 26-30 and page 8, lines 1-9.)

The use of a plurality of heuristics in the present invention presents a user of a computer system with a single interface to provide a unitary manner of searching various available computer system resources.  In addition, heuristics that are employed in the present invention may be provided in accordance with a global heuristic.  As described in pages 8 to 9, these global heuristics may determine how or which heuristics are used to determine results that are to be provided to the user.  For instance, a global heuristic may be employed to selectively provide user input to heuristics associated with the interface, and only the results from those heuristics are displayed to the user.  This selection of heuristics may be based, for example, on a priority ranking in which one or more heuristics are provided the user input based on a given priority level (see page 8, line 28 to page 9, line 7) or a ranking based on the context of the entry point of the interface (see page 9, lines 8-15).  Other exemplary global

APLNDC630-0000041327

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 4

heuristics might include one that provides the user's input to some or all of the heuristics in parallel (see page 9, lines 16-25) or one that determines the amount of information to be presented to a user based on confidence factors (see page 9, line 26 to page 10, line 13).

As a result of the capabilities provided by the present invention, a user of a computer system is presented with a simplified information search and retrieval system that quickly searches multiple resources available at various locations on the system. In addition, the heuristic analysis approach of the present invention presents to a user a manageable amount of information candidates for selection. The basic operation of the invention within this context is depicted in the flow chart of Figure 5. The operation starts when a user desires to search for information and inputs an information descriptor in step 310. In step 320, once the information descriptor is provided, an information retrieval manager provides the information descriptor to one or more heuristics. For example, each heuristic may be respectively associated with a plurality the plug-in modules.[1] As described above, these heuristics may be employed in accordance with a global heuristic. In step 330, the selected plug-in modules determine from the information descriptor whether any information matches the criteria of respective locator heuristics associated with the plug-in modules. In step 340, once a plug-in module $22_1...22_N$ has determined that at least one item of information matches its heuristic, the information retrieval manager is notified and sent the information that matches the user

---

[1]    As is known in the art, a plug-in module is a small software program that plugs into a larger application to provide added functionality. (See Microsoft Press: Computer Dictionary, Third Edition, 1997) This means that the larger application is composed of independent parts (modules) that can be added, removed and updated individually. For instance, use of plug-in modules gives third-party software houses the unique ability to enhance the program and add new features to it instead of having to change any of the existing program's code.

APLNDC630-0000041328

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 5

input, according to that module's associated heuristic.  (See page 7, lines 16 to page 8, line 23.)

       An exemplary apparatus of the invention is shown in Figures 1 and 2 and described on pages 5 to 7 of the specification.  As disclosed therein, an apparatus in accordance with the invention includes means, such as a text dialog box 15 or a voice a speech processor 16, for inputting an information identifier into the interface, a retrieval manager 18 for providing the information identifier to a plurality of heuristics, which are shown in Figure 2 as being respectively associated with plug-in modules $22_1$ to $22_N$, to locate information in a plurality of locations within a computer system 2.  For instance, these locations may include a local storage media 12, a LAN storage volume 8, and additional storage media accessible through a LAN sever 14, a WAN router 13 or Internet router 11.  The retrieval manager 18 presents one or more representations of candidate items retrieved from the plug-in modules $22_1$ to $22_N$ as one or more choices on display device 4.  The retrieval manager also may employ heuristics to determine which results are most relevant, and present one or more choices for display to the user.  (See page 6, lines 13-17.)


VI.     The Issues

      The Office Action presents five issues for review on this appeal, namely:

      A.     Are claims 18-40 anticipated under 35 U.S.C. § 102 by the Blumenfeld et al. publication entitled "A Uniform Interface to Networked Library Services"?

      B.     Are claims 1-3, 5-11 and 42-49 obvious under 35 U.S.C. § 103 over the Blumenfeld et al. publication when considered in view of the Hong et al. patent (U.S. Patent No. 6,628,305)?

      C.     Is claim 4 unpatentable under 35 U.S.C. § 103 over the Blumenfeld et al. and Hong et al. references, in further view of the Stevens et al. patent (U.S. Patent No. 5,870,755)?

      D.     Are claims 12-17 unpatentable under 35 U.S.C. § 103 over the Blumenfeld et al. and Hong et al. references, in further view of the Corey et al. patent (U.S. Patent No. 5,987,446)?

APLNDC630-0000041329

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 6

E.    Is claim 41 unpatentable under 35 U.S.C. § 103 over the Blumenfeld et al. and

Hong et al. references, in further view of the Bi et al. patent (U.S. Patent No.

6,311,178)?


VII.   Grouping of Claims

Appellants do not consider all claims that are grouped into a single ground of

rejection stand or fall together.  Rather, even if some of the claims are considered to be

unpatentable over the cited references, separate grounds of patentability exist for other claims

in the same group.  Arguments pointing out these separate grounds of patentability for various

claims are presented in the following sections of this brief.


VIII.  Argument

A.    The Rejection Under 35 U.S.C. § 102 of Claims 18-40 is in Error Because the
       Blumenfeld et al. Publication Fails to Disclose All Claimed Elements/Steps

The Section 102 rejection is improper because the Blumenfeld et al. publication fails

to either expressly or inherently disclose a number of the features recited in the claims.  The

differences between the rejected claims and what is disclosed in Blumenfeld et al. become

apparent in the following detailed analysis of this document and the representative claims.


1.    The Blumenfeld et al. Publication

The Blumenfeld et al. publication is directed to a uniform interface that would allow a

user to search catalog information from among a number of networked heterogeneous catalog

systems.  Blumenfeld et al. describe a prototype interface that uses the University of

Delaware's DELCAT library system, which is based on NOTIS software.  Figure 4 shows a

typical search result using a Title search of the string "Tale of Two Cities" for the NOTIS

system.  Results of a similar title search are shown in Figures 2 and 3 for the VTLS and

GEAC library catalog systems, respectively.

As described on page 610 of Blumenfeld et al., all the on-line catalog library systems

investigated support three types of searches: Author, Title and Subject.  Other possible search

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 7

types capable on existing on-line catalog systems include Keyword Search, ISBN number

search, and Boolean keyword search. (See page 610, the section: "Identification of Common

Interaction Paradigms.")

According to Blumenfeld et al., the prototype interface is implemented in a X-

Window System that contacts the DELCAT system via the Internet through a TELNET

connection. (See Figure 5 and the first paragraph of page 612.) When connected to the

Internet via the TELNET connection, the user is presented with the prototype interface, as

shown in Figure 6 (reproduced below). The operation of the prototype interface is described

on page 612, lines 1-6 of the first full paragraph in the right hand column, as follows:

> The operation of the prototype begins with the user entering the desired search
> information in the Search string field at the top left of the window. Clicking
> the mouse button on the Author, Title or Subject buttons initiates a search on
> the remote system. When the initial search is completed, a list of selections
> will appear in the scrolling list in the middle of the main interface window.



**Figure 6: The Library Interface Prototype System**

In the "Future Work" section on page 612 of the Blumenfeld et al. publication, it is

suggested that a checkbox panel could be used so that a user could select any number of

library catalogs available through the interface.

APLNDC630-0000041331

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 8

      2.     <u>Claims 18, 23, and 28</u>

In contrast to the system described in the Blumenfeld et al. publication, independent claim 18 is directed to a method for locating information from a plurality of locations in a computer system that includes, *inter alia*, the steps of "inputting an information identifier" and "<u>providing</u> *the identification identifier to a plurality of heuristics* to locate information in a plurality of locations which include *the Internet and local storage media*." In connection with this claimed subject matter, the Examiner refers to the abstract and page 610 of the Blumenfeld et al. publication. (See the Office Action, section 4, lines 4-13.) The procedure described in these cited portions of the Blumenfeld et al. publication, however, is not the same as the claimed invention.

As pointed out above, the interface described in Blumenfeld et al. connects to *every* on-line cataloging system selected for a search via the Internet. For instance, Figure 5 of Blumenfeld et al. shows the system architecture of the prototype system in which connection to a particular library on-line catalog (e.g., DELCAT) is made using TELNET protocol through the Internet. (See Blumenfeld et al., page 612, left hand column, lines 5-8.) The statements of the rejection allege that "Blumenfeld shows that the method uses different strategies to search local libraries and libraries over the Internet ..." (Section 4, lines 7-8). However, the Blumenfeld et al. publication contains no disclosure of locating information in any other location than the Internet. It is respectfully submitted, therefore, that the Blumenfeld et al. publication does not disclose heuristics that locate information in a plurality of locations that include the Internet *and* local storage media, as claimed.

Furthermore, the search information (i.e., a search string) input to via the interface in Blumenfeld et al. is <u>not</u> provided to more than one of the types of searches identified in the Action (i.e., Author, Title, Subject, Keyword, ISBN and Boolean keyword, as listed on page 610 of Blumenfeld et al.). To the contrary, input search string is provided to *only one* type of search. Specifically, Blumenfeld et al. discloses that "[c]licking the mouse button in the Author, Title, <u>or</u> Subject buttons initiates a search on the remote system." (Emphasis added) (See page 612, the right hand column, lines 9-10.) There is no indication in the Blumenfeld et al. publication that the input search string is provided to more than one of these types of

APLNDC630-0000041332

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 9

search.  For instance, Blumenfeld et al. neither discloses nor implies that the string "tale of two cities" used in a "Title" search would also be provided to perform an "Author" type search.   Hence, Blumenfeld et al. does not disclose the claimed combination of features including the steps of inputting an information identifier and providing the information identifier *to a plurality of heuristics* to locate information in a plurality of locations that include the Internet and local storage media.

The significance of these recited features is brought out in the next recited step of "determining at least one candidate of information *based upon the plurality of heuristics*."  With respect to this claimed feature, the Office Action asserts that "Blumenfeld further discloses determining at least one candidate item of information based upon the plurality of heuristics," with reference to page 612.  (See Section 4, lines 10-13.)  As pointed out above, however, this portion of the Blumenfeld et al. publication describes an interface that returns a scrolling list of selections after pressing *only one* of the Author, Title *or* Subject button (see page 612, lines 9-12 of the right hand column, and the top of the interface window shown in Figure 6).  Hence, contrary to the claimed determination that is based on *a plurality of heuristics*, a determination of a candidate of information in Blumenfeld et al. is based on *only one* type of search.

For at least for these reasons, the rejection of claim 18 is improper and should be reversed.

Similar distinctions are set forth in independent claim 23 in connection with program instructions of a program contained computer readable medium.  For instance, independent claim 23 recites program instructions to "receive an information identifier," "provide said information identifier *to a plurality of heuristics* to locate information in a plurality of locations which include *the Internet and local storage media*," and "determine at least one candidate item of information *based upon the plurality of heuristics*."  These concepts are set forth in claim 28 in means plus function format with respect to an apparatus.  For reasons given above, the Blumenfeld et al. publication does not disclose these combinations of features.  Accordingly, the rejection of claims 23 and 28 is improper and should be reversed.

APLNDC630-0000041333

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 10

3.     Claims 19-20, 24-25 and 29-30

The rejection of claims 19-20, 24-25 and 29-30 should be reversed, if for no other reason than because these dependent claims include all the limitations of claims 18, 23 and 28.  Moreover, each of these dependent claims recites a combination including additional features not disclosed in the Blumenfeld et al. publication.

For example, claims 19, 24 and 29 each recite that the information identifier is applied separately to each heuristic.  With respect to these claimed features, the statements of the rejection assert that "each heuristic is used to locate a specific item for example title, author, subject, keyword, ISBN, Boolean keyword." (See Section 4, lines 14-16.)  However, as pointed out above, a text string input into interface described in the Blumenfeld et al. publication performs a search of only one type.  It does not disclose the claimed steps providing the input search string to a plurality of different search strategies and determine at least one candidate based upon the plurality of heuristics, as recited in independent claim 18 and similarly recited in independent claims 23 and 28.  To the contrary, each search in Blumenfeld that return displayed results is based on only one type of search (e.g., see the Title search results shown Figure 6).  Hence, Appellants submit that the feature of applying the information identifier separately to each of a plurality of heuristics, as set forth in claims 19, 24 and 29, defines separately patentable subject matter not disclosed in the Blumenfeld et al. publication.  Accordingly, the rejection of claim 19, 24 and 29 should be reversed.

Independent claim 18 recites, *inter alia*, inputting an information identifier and providing the information identifier to a plurality of heuristics.  Similar features are set forth in independent claims 23 and 28.  Claims 20, 25 and 30, which respectively depend from one of claims 18, 23 and 28, each recite that the plurality of heuristics are ranked in an order of priority and that the information identifier is sequentially provided in accordance with the ranking.  The rejection of claims 20, 25 and 30 relies on a reference in the Blumenfeld et al. publication to a Boolean keyword type search (page 610) and states that Boolean keywords OR, AND, NOT, EXCEPT, IF and THEN  "define an order of priority of the modules."  However, the Boolean keyword search of Blumenfeld et al. does not disclose *a plurality of heuristics*.  To the contrary, Blumenfeld et al. discloses that a Boolean keyword search is but

APLNDC630-0000041334

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 11

one type of search that can be performed (see page 610, the section entitled "Identification of
Common Interaction Paradigms").  Moreover, a search on the Blumenfeld et al. system
provides an input text string to *only one* type of search.  (See page 612, the right hand
column, lines 9-12.)  Furthermore, the fact that Boolean operators may define some type of
order of in a Boolean keyword type search does not disclose, nor does it imply, anything with
respect to a ranking in an order of priority of other types of searches such as Title, Author and
Subject, and sequentially providing an information identifier in accordance with this ranking.
Rather, the "order of priority" discussed on page 3 of the Office Action would concern how
*only one* type of search is carried out.  Accordingly, the subject matter of claims 20, 25 and
30 is not disclosed by the Blumenfeld et al. publication.

        3.    <u>Claims 33 and 37</u>

      Independent claim 33 is directed to a method for displaying information in a computer
system.  The first claimed steps recite "inputting an information identifier" and "selectively
providing the information identifier to a plurality of heuristics in accordance with a global
heuristic, wherein the information identifier is matched to information based upon the
plurality of heuristics ...."  Similar concepts are recited in independent claim 37, which is
directed to an apparatus for displaying information in a computer system.  In connection with
these claims, the Office Action, at page 4, refers to the abstract and page 610 and 612 of the
Blumenfeld et al. publication.  However, these portions of the Blumenfeld et al. publication
do not state selectively providing an input information identifier *to a plurality of heuristics*.
Rather, to the extent that the system described in Blumenfeld et al. could be considered to
describe a plurality of heuristics, each of these search types would constitute *only one*
heuristic.  As pointed out above, the Blumenfeld et al. system does not provide an input
search string to a plurality of the search types (i.e., it provides the search string to only one
type, for example, by "clicking" on one of the "Author," "Title" or "Subject" buttons
displayed in Figure 6).

      In addition to this fundamental distinction, the Blumenfeld et al. patent does not
disclose that the provision of an input information identifier to a plurality of heuristics is

APLNDC630-0000041335

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 12

selectively performed in accordance with a global heuristic, as set forth in claim 33 and in other claims that recite similar concepts. In connection with this claimed feature, the Office Action refers to page 610 of Blumenfeld et al., which states: "Author, Title and Subject searches would be invoked with the same local command regardless of the remote system the user is currently using." However, the context in which this statement is made in the Blumenfeld et al. publication concerns the translation of a "local command" by an end user of the uniform interface to the proper command format of a remote library system. It does not disclose, nor does it even remotely imply, that an input information identifier is *selectively provided to a plurality of heuristics* and that the selective provision is done *according to a global heuristic*. Accordingly, the subject matter of any of the claims that recite selectively provision of an information identifier to a plurality of heuristics in accordance with a global heuristic is not disclosed in the Blumenfeld et al. publication.

As pointed out above, the Blumenfeld et al. publication does not disclose the combinations of every element recited in each of independent claims 33 and 37. As such, the rejection of these claims under Section 102 is improper and should be reversed.

> 4.    Claims 34, 35, 38 and 39

Claim 34 recites that the global heuristic determines an order in which the information identifier is provided to the heuristics, and claim 35 specifies that the order is a ranking of the plurality of heuristics according to a context in which the information was input. Similar concepts are respectively recited in claims 38 and 39. In connection with claims 34 and 38, the Office Action asserts that an order in which the information identifier is provided to the heuristics is determined by the "local command" described on page 610 of the Blumenfeld et al. publication. However, the local command discussed on page 610 of Blumenfeld et al. does not relate to any global heuristic as claimed because it concerns the translation of a local command by an end user of the uniform interface to the proper command format a particular remote library system. It does not relate to how an information identifier is *selectively provided to a plurality of heuristics*. As a result, it does not disclose any determination of an order in which a selective provision is made. Accordingly, the subject matter of any of the

APLNDC630-0000041336

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. <u>P2391-512</u>
Page 13

claims reciting a global heuristic that determines an *order* in which an information identifier

is *selectively* provided to a plurality of heuristics is not disclosed in the Blumenfeld et al.

publication.

Additionally, the Blumenfeld publication does not disclose that an order is a ranking

of the plurality of heuristics according to a context in which the information was input, as

recited in claims 35 and 38.  In connection with these claims, the Office Action refers to the

Boolean keyword search described on page 610 of Blumenfeld et al.  However, it is

respectfully submitted that the Boolean keyword search would correspond to *only one*

*heuristic* because a user of the Blumenfeld et al. interface chooses *only one* of the various

search types after entering a search string (i.e., one of Author, Title search, Subject search,

Keyword search, ISBN number search, or Boolean keyword search listed on page 610).

There is no mention in Blumenfeld et al. that an information identifier is *selectively* provided

to a *plurality of heuristics* in a ranking according to a context in which the information was

input.

For at least these reasons, each of claims 34, 35, 38 and 39 recites separately

patentable subject matter not disclosed in the Blumenfeld et al. publication.  As such, the

rejection of these claims under Section 102 should be withdrawn.


B.      The Rejections of Claims 1-3, 5-11 and 42-49 Under § 103 are In Error
        Because They Fail to Establish a *Prima Facie* Case of Obviousness

In the Office Action, independent claims 1, 42 and 46, along with dependent claims 2,

3, 5-11, 43-45 and 47-49, were rejected under 35 U.S.C. § 103, as being unpatentable over

the Blumenfeld et al. publication in view of the Hong et al. patent.  However, the Blumenfeld

et al. and Hong et al. references fail to teach or suggest the combination of features recited in

Appellants' independent claims 1, 42 and 46, and hence the claims respectively depending

therefrom, whether these references are considered individually or in the combination set

forth in the Office Action.

Independent claim 1 is directed to a method for locating information in a computer

system, which comprises, among other features, the steps of inputting an information

APLNDC630-0000041337

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 14

identifier and providing the input information identifier to a *plurality of plug-in modules* each using a different heuristic to locate information that matches the information identifier. In connection with these claimed features, the Office Action refers to page 610 of the Blumenfeld et al. publication, and states that Blumenfeld et al. teaches use of different strategies to search by Author, Title, Subject, Keyword, ISBN number, and Boolean keyword, and that the claimed different heuristics read on the different strategies described in Blumenfeld et al. (See Section 5, lines 4-10.) It is respectively submitted, however, that Blumenfeld et al. does not teach the concept of inputting an information identifier and providing this input to a plurality of modules, as alleged in the Office Action, because a "search string" is input in the uniform interface to *only one* of the strategies identified on page 610 (e.g., Author, Title or Subject). (See Blumenfeld et al., page 612, the first full paragraph in the right hand column.) Hence, contrary to the allegation in the Office Action, the Blumenfeld et al. publication does not teach or suggest the claimed steps of inputting an information identifier and providing the input information identifier to a plurality of modules each using a different heuristic to locate information that matches the information identifier.

Additionally, Appellants respectfully submit that the next recited steps in claim 1 of "providing at least one candidate item of information from said modules" and "displaying a representation of said candidate item of information" are not taught or suggested in Blumenfeld. With respect to these features, the Office Action states that these features are met by the fact that results are displayed in Blumenfeld et al. However, results displayed in Blumenfeld et al. are not from a plurality of modules, as claimed, because, at column 2 of page 612, Blumenfeld et al. describes that when only one a search is completed by clicking a button corresponding to Author, Title or Subject, and a scrolling list of selections pertaining to *that* search is displayed on the interface window. Accordingly, it is respectfully submitted that Blumenfeld et al. fails to teach the claimed features of "providing at least one candidate item of information *from said modules*" and "displaying a representation of said candidate item of information."

The Office Action acknowledges that the Blumenfeld et al. publication fails to teach or suggest providing the input information identifier to a plurality of plug-in modules. In this

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 15

regard, the Action relies on disclosure in the Hong et al. patent of a plug-in facility for extending a graphical user interface (GUI) framework to datastores added to a program for managing and administering heterogeneous Digital Library datastores. However, the Hong et al. patent does not overcome the deficiencies of the Blumenfeld et al. publication.

The Hong et. al. patent discloses an application program for managing and administering a plurality of heterogeneous datastores by using a GUI framework to provide a consistent "look and feel" when using the application to administer and manage a plurality of datastores. The GUI framework is extensible by means of a "plug-in" facility through which support for additional datastores can be added. (See column 1, lines 57-67.) In column 5, lines 33-44 and column 6, lines 6-12, Hong et al. discloses a "Find Facility" that provides a mechanism for the application to search a selected node similar to the find function of the Microsoft Windows™ Explorer. However, the Hong et al. patent does not teach or suggest providing an input information identifier to a plurality of plug-in modules each using a different heuristic to locate information that matches the identifier, as claimed. Rather, with respect to the Find Facility of the Hong et al. application, the plug-in facility would merely provide more databases from which to select a node and carry out a search using this Find Facility. Moreover, there is no teaching or suggestion in Hong et al. that would have led one of ordinary skill in the art to modify the Blumenfeld et al. interface to provide an input information identifier to a plurality of plug-in modules, each using a different heuristic to locate information which matches the identifier, because an input search string in Hong et al. in not provided to more than the *one* selected search type.

Accordingly, the Blumenfeld et al. and Hong et al. references fail to reach or suggest Appellants' invention as set forth in claim 1.

Similar distinctions are set forth in independent claim 42. For instance, claim 41 is directed to a method for displaying information in a computer system, and comprises, *inter alia*, steps of inputting an information identifier and providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic. Claim 42 recites that the information identifier is matched to information by the plug-in modules based upon a plurality of heuristics. Similar features are set forth in an apparatus for displaying

APLNDC630-0000041339

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 16

information in a computer system as recited in independent claim 46. In connection with these features, the Examiner again points to the different search types described in Blumenfeld et al. As pointed out above, the Blumenfeld publication and the Hong et al. patent do not teach or suggest, either when taken individually or in any combination thereof, inputting an information identifier to a *plurality of plug-in modules that match the information identifier to information based on a plurality of heuristics*. Furthermore, these independent claims each recite that the information is provided *in accordance with a global heuristic*. Because neither Blumenfeld et al. nor Hong et al. teach or suggest providing an information identifier to a plurality of plug-in modules as claimed, these references certainly do not teach or suggest that the provision is made in accordance with a global heuristic

    As pointed out above, the Blumenfeld et al. and Hong et al. references fail to teach or suggest each and every feature recited in independent claims 1, 42 and 46. These references therefore fail to teach or suggest the combination of features set forth in each of dependent claims 2, 3, 5-11, 43-45 and 47-49, which respectively depend from one of these independent claims. Moreover, the Blumenfeld et al. and Hong et al. references fail to teach or suggest the additional features recited in the dependent claims.

    For example, the Blumenfeld et al. and Hong et al. documents fail to teach or suggest sequentially providing the information identifier to the plurality of plug-in modules, as recited in claim 6. In connection with this claimed feature, the Office Action asserts that a Boolean keyword search would include Boolean operators which would define some sequential order. However, as pointed out above, the combination of Blumenfeld et al. and Hong et al. would not have taught or suggested a Boolean keyword manifested in any way as a search plug-in module, and more significantly, would not have taught a *plurality of plug-in modules* each using a different heuristic to locate information which matches said identifier. Hence, the proposed combination of Blumenfeld et al. and Hong et al. would not have taught or suggested how an information identifier is applied to these plug-in modules as set forth in claim 6.

    Claim 7 depends from claim 6 and further defines that the sequential provision of the information identifier to the plug-in modules is in accordance with an order of ranking, and

APLNDC630-0000041340

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 17

claim 8 depends from claim 7 and further defines that the ranking order is varied in accordance with a determined context of the information identifier. It is respectfully submitted that the Blumenfeld et al. publication does not teach or suggest these features of claims 7 and 8, whether considered individually or in combination with Hong et al.

Claims 43, 44 and 47, 48, which respectively depend from independent claims 42 and 46, recite concepts similar to those of claims 7 and 8 and therefore are allowable for at least the above reasons. Furthermore, claim 43, 44, 47, and 48 each recite that the global heuristic determines an order in which the information identifier is provided to the heuristics. The Office Action states, with reference to page 610 of Blumenfeld et al. that searches by different criteria would be invoked with the "same local command" regardless of the remote system the user is currently using. As pointed out above, however, this disclosure in Blumenfeld et al. concerning a same local command does <u>not</u> mean that one single command causes an input string to be provided to more than one search type (e.g., Author <u>and</u> Title). Rather, in the context in which a "same local command" is described in Blumenfeld et al., after a user enters a search string and clicks one of the search type buttons, the command will be put into the format necessary for that catalog so that it will "see" the same search command made at the interface (e.g., only one of Author, Subject and Title). Accordingly, the Blumenfeld et al. and Hong et al. patents do not teach or suggest a global heuristic as set forth in claims 43, 44, 47 and 48. As such, the rejection of these claims should be reversed.

C.   <u>The Rejections of Claims 4, 12-17and 41 Under § 103 are In Error Because They Fail to Establish a *Prima Facie* Case of Obviousness</u>

Claims 4, 12-17 and 41 were rejected over the Blumenfeld et al. and Hong et al. documents in combination with one of the Stevens et al., Corey et al. and Bi patents. However, each of these claims depends from independent claim 1. Hence, the rejection of claims 4, 12-17 and 21 should be reversed, if for no other reasons than because these claims include all the limitations of claim 1, and claim 1 is patentable for reasons that are set forth above. Additionally, none of the Stevens et al., Corey et al. and Bi et al. patents teaches or suggests the above-noted features of claim 1 concerning plug-in modules that are missing in

Supplemental Brief
Application No. 09/478,009
Attorney's Docket No. P2391-512
Page 18

the Blumenfeld publication and the Hong et al. patent.  Hence, the proposed combinations of these patents fail to establish a *prima facie* case of obviousness with respect to independent claim 1.  Accordingly, the rejections of dependent claims 4, 12-17 and 41 should be reversed.

IX.    Conclusion

For all of the above stated reasons, Appellants request the Board of Patent Appeals and Interferences to reverse the decision of the Examiner because the rejections of claims 1-49 are in error.

Respectfully submitted,

BURNS, DOANE, SWECKER & MATHIS, L.L.P.

By:

John F. Guay
Registration No. 47,248

P.O. Box 1404
Alexandria, Virginia 22313-1404
(703) 836-6620

Date:  June 15, 2004

## APPENDIX A

**The Appealed Claims**

      1.     A method for locating information in a computer system, comprising the steps of:

          inputting an information identifier;

          providing said information identifier to a plurality of plug-in modules each using a different heuristic to locate information which matches said identifier;

          providing at least one candidate item of information from said modules; and

          displaying a representation of said candidate item of information.

      2.     The method of claim 1 wherein said information identifier is input via an application program having a text input window.

      3.     The method of claim 1 wherein said information identifier is input in by means of a dialog box displayed on a user interface.

      4.     The method of claim 1 wherein said information identifier is vocally entered by a user.

      5.     The method of claim 1 wherein said information identifier is one of a letter, a word, or a phrase.

APLNDC630-0000041343

6.    The method of claim 1 wherein said information identifier is sequentially provided to said modules until one of said modules provides a candidate item of information.

7.    The method of claim 6 wherein said modules are ranked in an order of priority, and said information identifier is sequentially provided to said modules in accordance with said ranking.

8.    The method of claim 7 further including the steps of determining a context for the input of the information identifier, and varying said ranking in accordance with the determined context.

9.    The method of claim 1 wherein one of said heuristics locates items of information on the basis of names of files.

10.    The method of claim 9 wherein another of said heuristics locates items of information on the basis of contents of files.

11.    The method of claim 9 wherein another of said heuristics locates items of information on the basis of most recently accessed items.

12.    The method of claim 1 wherein one of said heuristics locates items of information that are stored locally on the computer system.

Appendix A - 2

13.   The method of claim 12 wherein said one heuristic also locates items of information that are stored on a local-area network to which the computer system is connected.

14.   The method of claim 12 wherein another of said heuristics locates items of information that are stored on remote computer systems.

15.   The method of claim 14 wherein said other heuristic locates Internet web pages.

16.   The method of claim 14 wherein said other heuristic locates items of information that are stored on a wide-area network.

17.   The method of claim 1 wherein said information identifier is provided in parallel to said modules, and further including the step of selecting candidate items of information provided by said modules for display in accordance with a global heuristic.

18.   A method for locating information from a plurality of locations in a computer system, comprising the steps of:

inputting an information identifier;

providing said information identifier to a plurality of heuristics to locate information in a plurality of locations which include the Internet and local storage media;

determining at least one candidate item of information based upon the plurality of heuristics; and

Appendix A - 3

APLNDC630-0000041345

displaying a representation of said candidate item of information.

19.    The method of claim 18, wherein the information identifier is applied separately to each heuristic.

20.    The method of claim 18 wherein the plurality of heuristics are ranked in an order of priority and wherein the information identifier is sequentially provided in accordance with the ranking.

21.    The method of claim 18 wherein one of the plurality of heuristics locates items of information on the basis of names of files.

22.    The method of claim 21 wherein another of the heuristics locates items of information on the basis of contents of files.

23.    A computer readable medium for locating information from a plurality of locations containing program instructions to:

            receive an information identifier;

            provide said information identifier to a plurality of heuristics to locate information in the plurality of locations which include the Internet and local storage media;

            determine at least one candidate item of information based upon the plurality of heuristics; and

            display a representation of said candidate item of information.

Appendix A - 4

APLNDC630-0000041346

24.     The computer readable medium of claim 23, wherein the information identifier is applied separately to each heuristic.

25.     The computer readable medium of claim 23 wherein the plurality of heuristics are ranked in an order of priority and wherein the information identifier is sequentially provided in accordance with the ranking.

26.     The computer readable medium of claim 23 wherein one of the plurality of heuristics locates items of information on the basis of names of files.

27.     The computer readable medium of claim 23 wherein another of the heuristics locates items of information on the basis of contents of files.

28.     An apparatus that locates information from a plurality of locations within a computer system, comprising:

                means for inputting an information identifier;

                means for providing said information identifier to a plurality of heuristics to locate information in the plurality of locations which comprise the Internet and local storage media;

                means for determining at least one candidate item of information based upon the plurality of heuristics; and

                means for displaying a representation of said candidate item of information.

Appendix A - 5

APLNDC630-0000041347

29.    The apparatus of claim 28, wherein the information identifier is applied separately to each heuristic.

30.    The apparatus of claim 28 wherein the plurality of heuristics are ranked in an order of priority and wherein the information identifier is sequentially provided in accordance with the ranking.

31.    The apparatus of claim 28 wherein one of the plurality of heuristics locates items of information on the basis of names of files.

32.    The apparatus of claim 28 wherein another of the heuristics locates items of information on the basis of contents of files.

33.    A method for displaying information in a computer system, comprising the steps of:

inputting an information identifier;

selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

displaying a representation of the candidate items of information.

Appendix A - 6

APLNDC630-0000041348

34.     The method of claim 33 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

35.     The method of claim 34 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

36.     The method of claim 33 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

37.     An apparatus for displaying information in a computer system, comprising:

        means for inputting an information identifier;

        means for selectively providing the information identifier to a plurality of heuristics in accordance with a global heuristic, wherein the information identifier is matched to information based upon the plurality of heuristics;

        means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

        means for displaying a representation of the candidate items of information.

38.     The apparatus of claim 37 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

39.     The apparatus of claim 38 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

Appendix A - 7

APLNDC630-0000041349

40.      The apparatus of claim 37 wherein the information is located over a plurality

of locations which comprise at least two of the following: local storage media, a LAN storage

volume, a wide area network and an Internet network.

41.      The method of claim 1 wherein each candidate item of information has an

associated confidence level.

42.      A method for displaying information in a computer system, comprising the

steps of:

>  inputting an information identifier;

>  providing the information identifier to a plurality of plug-in modules in

accordance with a global heuristic, wherein the information identifier is matched to

information by the plug-in modules based upon the plurality of heuristics;

>  receiving at least one candidate item of information based upon the

information provided to the heuristics in accordance with the global heuristic; and

>  displaying a representation of the candidate items of information.

43.      The method of claim 42 wherein the global heuristic determines an order in

which the information identifier is provided to the heuristics.

44.      The method of claim 43 wherein the order is a ranking of the plurality of

heuristics according to a context in which the information was input.

Appendix A - 8

APLNDC630-0000041350

45.   The method of claim 42 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

46.   An apparatus for displaying information in a computer system, comprising:

   means for inputting an information identifier;

   means for providing the information identifier to a plurality of plug-in modules in accordance with a global heuristic, wherein the information identifier is matched to information by the plug-in modules based upon a plurality of heuristics;

   means for receiving at least one candidate item of information based upon the information provided to the heuristics in accordance with the global heuristic; and

   means for displaying a representation of the candidate items of information.

47.   The apparatus of claim 46 wherein the global heuristic determines an order in which the information identifier is provided to the heuristics.

48.   The apparatus of claim 47 wherein the order is a ranking of the plurality of heuristics according to a context in which the information was input.

49.   The apparatus of claim 46 wherein the information is located over a plurality of locations which comprise at least two of the following: local storage media, a LAN storage volume, a wide area network and an Internet network.

Appendix A - 9

APLNDC630-0000041351

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/478,009 | ARROUYE ET AL. |
| | Examiner | Art Unit |
| | Uyen T. Le | 2171 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the Appeal Brief filed 15 June 2004*.

2. ☒ The allowed claim(s) is/are *1-49*.

3. ☒ The drawings filed on *05 January 2000* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   - a) ☐ All   b) ☐ Some*   c) ☐ None   of the:
     1. ☐ Certified copies of the priority documents have been received.
     2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
     3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   - * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   - (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
     - 1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .
   - (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   - Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
5. ☐ Notice of Informal Patent Application (PTO-152)
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
7. ☐ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

U.S. Patent and Trademark Office
PTOL-37 (Rev. 1-04)                 Notice of Allowability                 Part of Paper No./Mail Date 20040904

APLNDC630-0000041352

Application/Control Number: 09/478,009                                   Page 2
Art Unit: 2171

## DETAILED ACTION

### *Allowable Subject Matter*

Applicant's arguments presented in the Appeal Brief filed 15 June 2004 are
persuasive. Consequently, claims 1-49 are allowed.

The following is an examiner's statement of reasons for allowance: the prior art of
record does not disclose or make obvious locating and displaying information in a
computer system including

- Providing an input information identifier to a plurality of plug-in modules each
  using a different heuristic to locate information which match that identifier, in
  combination with all the limitations recited in claim 1

- Providing an input information identifier to a plurality of heuristics to locate
  information in a plurality of locations including the Internet and local storage
  media and determining at least one candidate item of information based upon the
  plurality of heuristics, in combination with all the limitations of claim 18

- Selectively providing an input information identifier to a plurality of heuristics in
  accordance with a global heuristics, receiving at least one candidate item of
  information based upon the information provided to the heuristics in accordance
  with the global heuristics, in combination with all the limitations of claim 33

- Providing an input information identifier to a plurality of plug-in modules in
  accordance with a global heuristic, wherein the information identifier is matched
  to information by the plug-in modules based upon the plurality of heuristics,
  receiving at least one candidate item of information based upon the information

Application/Control Number: 09/478,009                                    Page 3
Art Unit: 2171

provided to the heuristics in accordance with the global heuristic, in combination

with all the limitations recited in claim 42.

Claims 28, 37, 46 correspond respectively to a system to perform the method of

claims 18, 33, 42, thus are allowable for the same reasons stated in claims 18, 33, 42

above.

Claim 23 corresponds to a computer program product for claim 18, thus is

allowable for the same reasons stated in claim 18 above.

Claims 2-17, 19-22, 24-27, 29-32, 34-36, 38-41, 43-45, 47-49 being further

limiting and definite are also allowable.

Any comments considered necessary by applicant must be submitted no later

than the payment of the issue fee and, to avoid processing delays, should preferably

accompany the issue fee.  Such submissions should be clearly labeled "Comments on

Statement of Reasons for Allowance."

### Conclusion

The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

Hudis et al (US 2002/0107872) teach an object manager capable of retrieving

information from various providers and static sources to satisfy a query and presenting

uniformly rendered results regardless of the source of the information.

Glance (US 6,732,088) teach collaborative searching by query induction wherein a

single query can be directed to multiple search engines.

APLNDC630-0000041354

Application/Control Number: 09/478,009                              Page 4
Art Unit: 2171

Menczer et al, "Adaptive information agents in distributed textual environments"

Autonomous Agents 1998, Minneapolis MN, USA, pages157-164.

        Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Uyen T. Le whose telephone number is 703-305-4134.

The examiner can normally be reached on M-F 7:00-5:30.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Safet Metjahic can be reached on 703-308-1436.  The fax phone number for

the organization where this application or proceeding is assigned is 703-872-9306.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).


7 September 2004


                    UYEN LE
                PRIMARY EXAMINER

APLNDC630-0000041355

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| | AB | | 01/11/00 |
| FEE DETERMINATION | | | |
| O.I.P.E. CLASSIFIER | | 8 | 02/07/00 |
| FORMALITY REVIEW | | 09652 | 02/15/00 |
| RESPONSE FORMALITY REVIEW | | | |

## INDEX OF CLAIMS

| ✔ | ................................. Rejected | N | ................................. Non-elected |
|---|---|---|---|
| = | ................................. Allowed | I | ................................. Interference |
| — | (Through numeral)... Canceled | A | ................................. Appeal |
| ÷ | ................................. Restricted | O | ................................. Objected |



If more than 150 claims or 10 actions
staple additional sheet here

(LEFT INSIDE)

APLNDC630-0000041367