QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

Pursuant to Civil L.R. 7-11 and 79-5, and the Court's December 13, 2013 Order (Dkt. No. 1057), Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") hereby bring this administrative motion to file under seal documents filed in connection with:

1. Samsung's Motion to Enforce Apple's Compliance With the Court's Order Regarding Case Narrowing ("Samsung's Motion to Enforce") (Dkt. No. 804);
2. Samsung's Motion for Summary Judgment ("Samsung's MSJ") (Dkt. No. 805);
3. Samsung's Reply in Support of its Motion to Enforce ("Samsung's Motion to Enforce Reply") (Dkt. No. 852);
4. Samsung's Opposition to Apple's Motion for Partial Summary Judgment ("Samsung's Opp. to Apple's MSJ") (Dkt. No. 854); and
5. Samsung's Reply in Support of its MSJ ("Samsung's MSJ Reply") (Dkt. No. 946).

**Statement of Facts**

In compliance with Civil Local Rules 79-5(d) and (e), Samsung moved to file under seal information it considered confidential, and all documents and information designated "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" by Apple Inc. ("Apple") and third parties during discovery. Subsequently, Samsung, Apple and third parties filed declarations indicating that the designating party maintained a claim of confidentiality over only a subset of the documents Samsung moved to file under seal. (Dkt. Nos. 810, 819, 823, 825, 826, 827, 858, 865, 870, 872, 875, 876, 949, 955, 956, 957.) On December 13, 2013, the Court denied Samsung's motions to seal without prejudice and instructed Samsung to refile a motion to seal that is "more narrowly tailored" by December 16, 2013.

After re-reviewing each document it moved to file under seal and declarations filed by Apple and third-parties, Samsung seeks to file under seal only a narrow subset of documents

subject to its previous motions.  The documents Samsung seeks to file under seal and the party claiming confidentiality are listed in Attachment A to this Motion.[1]

## Argument

### I. THE PARTIES HAVE FILED DECLARATIONS ESTABLISHING "COMPELLING REASONS" AND "GOOD CAUSE" TO PERMIT FILING UNDER SEAL[2]

Pursuant to Civil Local Rules 79-5(d) and (e), Samsung, Apple, and third parties have already filed declarations identifying confidential portions of documents, and establishing "good cause" and "compelling reasons" to permit filing under seal.  (Dkt. Nos. 804, 805, 810, 819, 823, 825, 826, 827, 852, 854, 858, 865, 870, 872, 875, 876, 949, 955, 956, 957.)  As these declarations establish, the parties' sealing requests are narrowly tailored and public disclosure of certain information included in these documents would cause them substantial harm.

### II. GOOD CAUSE AND COMPELLING REASONS EXIST TO SEAL SAMSUNG'S CONFIDENTIAL INFORMATION

The Samsung confidential information included in documents subject to this motion consist of source code excerpts, highly confidential and detailed descriptions of source code, calculations that reflect Samsung's financial data, including sales data and information about carrier pricing, and information about Samsung's contractual business relationships with third parties, including terms of a licensing agreement with a third party.

As this Court has previously found, "Courts have been clear that confidential source code is a trade secret" and that "source code algorithms and descriptions of the operation of that source

---

[1] Concurrently with this motion, Samsung files highlighted versions of all documents. Portions Apple seeks to seal are highlighted in yellow, portions Samsung seeks to seal are highlighted in green, and portions third parties seek to seal are highlighted in blue.

[2] While a showing of "compelling reasons" is required to file documents under seal in connection with the parties' summary judgment motions (*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)), only a showing of "good cause" is required to file documents under seal in connection with Samsung's Motion to Enforce because that motion is nondispositive.  *Id.* at 1179-80; *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013).

code . . . meet[] the 'compelling reasons' standard, and [are] sealable." (Case No. 11-cv-01846, Dkt. No. 2168 at 13 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)); *see also* Case No. 11-cv-01846, Dkt. No. 1649 at 8.) Public disclosure of Samsung's source code, descriptions of the operation of that code, including descriptions of its structure, would cause Samsung competitive harm as other manufacturers could use the information to copy the features exclusively found on Samsung's products. (*See, e.g.*, Declaration of Daniel Shim (Dkt. No. 810) ¶ 7.) Samsung would face similar harm from public disclosure of information about Samsung's product and code development process. (*See, e.g.*, Declaration of Daniel Shim (Dkt. No. 821 ¶ 10.) The Court should thus grant Samsung's request to file source code, information about code and feature development, and detailed descriptions of the operation of code under seal.

Information about carrier pricing and calculations that reflect Samsung's sales data is likewise sealable under the "compelling reasons" standard. The financial data at issue are far more sensitive than company-wide data because they cover only a subset of the smartphones Samsung sells. Sales data permits competitors to gain valuable insight into Samsung's highest- and lowest- performing product lines and to target marketing and advertising efforts at those products. Similarly, public disclosure of information about Samsung's contractual relationship with certain carriers would have a negative effect on future negotiations. (*See, e.g.*, Declaration of Daniel Shim (Dkt. No. 810) ¶¶ 8-14; Declaration of Daniel Shim (Dkt. No. 821) ¶¶ 6-9.) "Compelling reasons" therefore exist to seal information about Samsung's pricing and calculations that reflect Samsung's sales data. *Apple*, 727 F.3d at 1224-26.

"Compelling reasons" exist to permit filing information about terms of licensing agreements between Samsung and third parties under seal. Samsung is actively engaged in licensing negotiations and disclosure of non-public terms of its licensing agreements, including payment terms, would place Samsung and its licensing counter-parties at a disadvantage during future negotiations. (*See, e.g.*, Declaration of Daniel Shim (Dkt. No. 821) ¶¶ 11-12.) This information is properly sealable. (*See, e.g.*, Case No. 11-cv-01846, Dkt. No. 2168 at 5-6.)

## Conclusion

For the foregoing reasons, the Court should grant Samsung's Renewed Administrative Motion to File Documents Under Seal.

In compliance with Civil Local Rule 79-5, Samsung's filing will be served on all parties.

DATED: December 16, 2013

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael L. Fazio*
    Victoria F. Maroulis
    Attorneys for Defendants
    SAMSUNG ELECTRONICS CO., LTD.,
    SAMSUNG ELECTRONICS AMERICA, INC.,
    and SAMSUNG TELECOMMUNICATIONS
    AMERICA, LLC