JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:   650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF EMILY L. FEDMAN IN SUPPORT OF APPLE'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Gibson, Dunn & Crutcher LLP

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE
ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)

I, Emily Fedman, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5 and the Court's December 13, 2013 Case Management Order (D.I. 1057), I submit this Declaration in support of Apple's Renewed Administrative Motion to File Documents Under Seal Relating to Apple's Reply in support of Its Motion for Partial Summary Judgment to confirm that certain documents and information contained in Apple's Reply in support of Its Motion for Partial Summary Judgment ("Summary Judgment Reply") are confidential and sealable. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2. Apple hereby renews its request to seal documents and information referenced in Apple's Summary Judgment Reply and certain exhibits to the Rho Declaration, which contain information designated as "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Google's Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third parties Oracle Corporation ("Oracle") and/or Google, Inc. ("Google") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties, because these parties filed declarations supporting the sealing of this information when it was addressed in Apple's original motion to seal. *See* D.I. 944, 954, 957 and 960.

3. Apple's Summary Judgment Reply and supporting exhibits included citations from and constituted documents that Samsung and/or third parties designated as confidential under the protective order. Apple accordingly filed such information under seal as required by the Protective Order, as it was not able to obtain consent to file such information publicly. Apple does not now, and

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE
ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
1    CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

did not before, maintain that any claim of confidentiality over any information other than that specified below.

4. The complete, unredacted versions of all of the documents identified above will be e-filed under seal concurrently with this motion. *See* D.I. 821, 826. In the highlighted unredacted versions of these documents, Apple's confidential information has been highlighted in yellow, Samsung's confidential information has been highlighted in green, and the third parties' information has been highlighted in blue. Pursuant to the stipulation filed by the parties on December 16, 2013, Apple will file publicly redacted versions of supporting documents within seven days.

**Apple's Confidential Information**

5. Exhibit D-11 to the Rho Declaration contains Apple's highly sensitive and non-public information and should remain under seal. Specifically, Exhibit D-11 to the Rho Declaration, which consists of Exhibit C-21 to Samsung's Fourth Amended Patent Local Rule 3-3 and 3-4 Disclosures, contains and discusses Apple's highly sensitive and proprietary source code and closely-related technical information for its AppleSearch client and server software – and includes excerpts from Apple's source code, provides detailed identifications of the structure of Apple's source code, and discusses in detail the particular source code files associated with specific functionality.

6. As Apple in-house attorney Cyndi Wheeler explained in her October 10, 2013 declaration addressing this same body of information when it was contained in Exhibit D-1 to the Declaration of Jennifer Rho submitted in support of Apple's Motion for Partial Summary Judgment, Apple considers this information about its source code files to be trade secrets. *See* D.I. 803-02 at ¶ 10. Apple provides its source code with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id.* at ¶¶ 3-7. Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* ¶¶ 5-10. Public disclosure of this information, which identifies and details the particular functionality and structure of specific source code files for Apple's "AppleSearch" client and server software, would be extremely harmful to Apple, at least in part because Apple derives independent economic value from

Gibson, Dunn & Crutcher LLP

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
2   CASE NO. 12-CV-00630-LHK (PSG)

its proprietary and confidential source code, and that value would be diminished by the public disclosure of such source code. *Id.* at ¶¶ 5-6, 9-10.

7. As Ms. Wheeler confirmed in her October 10, 2013 declaration, the specific Apple source code at issue here is non-public, and its exposure would cause Apple to lose significant competitive advantage. *Id.* at ¶¶ 6-10. Even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* D.I. 512 at ¶ 11. As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code – including how Apple implements particular features and functionalities of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code. *Id.* Apple thus goes to significant lengths to protect its source code and prevent its disclosure or copying. D.I. 803-02 at ¶ 10.

8. I understand that the information contained in Exhibit D-11 is of the same type that was previously sealed by this Court in Case No. 11-cv-1846, between Apple and Samsung, and that the Court has held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846 (N.D. Cal.), Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

9. Apple is seeking neither to seal the entirety of its discussion in its Summary Judgment Reply citing this exhibit, nor the entirety of Exhibit D-11; rather, Apple is moving to seal only the very limited portions of the document that contain very specific quotations from, detailed identifications of the structure of, and detailed discussion of specific source code files from Apple's highly proprietary source code. Apple only seeks to seal the information that is specifically and closely tied to its confidential and proprietary source code. I further understand that the information

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE
ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
3   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

at issue in Exhibit D-11 that Apple here seeks to seal is not necessary to understand the issues in the brief, nor the parties' positions regarding Apple's Motion for Partial Summary Judgment and the related briefing.

10. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's non-public information in Exhibit D-11.  The portions of Exhibit D-11 to the Rho Declaration that are highlighted in yellow contain sensitive information relating to Apple's source code.  This source code information is sealable for the reasons described above.

**Confidential Information of Samsung and Third Parties**

11. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that has been designated or otherwise is considered highly confidential by Samsung, Google or Oracle.

12. Apple's Summary Judgment Reply contains information Samsung and Google supported sealing.  *See* D.I. 957 and 960.

13. Exhibit B-7 to the Rho Declaration, which consists of list of excerpts from the October 31, 2013 Declaration of Dr. Kevin Jeffay in Support of Samsung's Opposition to Apple's Motion for Summary Judgment Concerning U.S. Patent No. 5,946,647, contains information that Samsung supported sealing in its entirety.   *See* D.I. 960.

14. Exhibit C-7 to the Rho Declaration, which consists of excerpts from the August 16, 2013 deposition transcript of James W. Maccoun, Esq., contains information that Google supported sealing in its entirety.  *See* D.I. 957.

15. Exhibit C-8 to the Rho Declaration, which consists of excerpts from the June 13, 2013 deposition transcript of Fred Quintana, contains information that Google supported sealing in its entirety.  *See* D.I. 957.

16. Exhibit C-9 to the Rho Declaration, which consists of excerpts from the June 11, 2013 deposition transcript of Paul Westbrook, contains information that Google supported sealing in its entirety.  *See* D.I. 957.

Gibson, Dunn & Crutcher LLP

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE
ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
4   CASE NO. 12-CV-00630-LHK (PSG)

17. Exhibit D-10 to the Rho Declaration, which consists of the Second Amended Exhibit C-9 to Samsung's Second Amended Invalidity Patent Local Rule 3-3 and 3-4 Disclosures dated April 2013, contains information that Oracle supported sealing.  Specifically, Oracle supported sealing "[t]he unredacted portions of Exhibit D-10 provided to Oracle" in their entirety, where such "unredacted portions" constituted all portions other than that originally designated as confidential by Samsung.  Oracle also requested that if Apple's motion to seal is denied as to Exhibit D-10, "that it be given ten days from when it is provided a copy of the redacted Exhibit D-10 that the parties intend to submit for publication, for Oracle to review the exhibit and, if necessary, submit an additional declaration in support of sealing any confidential Oracle information." *See* D.I. 954.  In light of Oracle's declaration, Apple is continuing to move to file such document under seal in its entirety while it meets and confers with Oracle regarding the sealing of such document.

**Meet and Confer**

18. Pursuant to Civil L.R. 7-11, counsel for Samsung and Apple met and conferred regarding the process for and scope of sealing information at issue in the Renewed Motion to Seal.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: December 16, 2013

　　　　　　　　　　　　　　　　*/s/ Emily L. Fedman*
　　　　　　　　　　　　　　　　Emily L. Fedman

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE
ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
5   CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Emily L. Fedman has concurred in this filing.

Dated: December 16, 2013         /s/ H. Mark Lyon
                                 H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon Oracle and Google's counsel via electronic mail and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 16, 2013         /s/ H. Mark Lyon
                                 H. Mark Lyon

Gibson, Dunn & Crutcher LLP

FEDMAN DECL. IN SUPPORT OF APPLE'S RENEWED MOTION TO FILE ITS REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER SEAL
CASE NO. 12-CV-00630-LHK (PSG)