# EXHIBIT 17

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3263**

WRITER'S INTERNET ADDRESS
**amarthakur@quinnemanuel.com**

October 8, 2013

**VIA ELECTRONIC MAIL**

Brian Buroker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Re: Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Counsel,

I write to ensure Apple's compliance with the Court's case narrowing order. As you know, the Court ordered Apple and Samsung to narrow substantially their asserted claims, accused products, and prior art. As part of its phased narrowing process, the Court ordered Apple and Samsung by this past Friday "to limit their asserted claims to 10 per side and limit their accused products to 15 per side." (Dkt. 471; Dkt. 713; Dkt. 778.) The purpose of the Court's narrowing process was to "require the parties to streamline the issues raised in this action significantly." (Dkt. 394.)

Apple's Case Narrowing Statement of this past Friday (Dkt. 786) withdrew Claim 11 of U.S. Patent No. 7,761,414 (the "'414 Patent"). Apple's statement contained a potential ambiguity, however, stating that Apple would "limit its infringement assertions" regarding the '414 Patent to Claim 20, without confirming that Apple had dropped all "asserted claims" regarding Claim 11, as required by the Court's order. This distinction is important, because Apple has previously asserted that its products practice Claim 11 of the '414 Patent. (Apple's Third Supplemental Response to Apple's Interrogatory No. 25, at 16-18 (June 19, 2013); *see* Opening Report of Dr. Alex Snoeren ¶¶ 525-28; Rebuttal Report of Dr. Alex Snoeren ¶ 627.)

In addition, Dr. Hauser attempted to test consumer demand for Claim 11, not Claim 20. (*See, e.g.*, Report of John Hauser ¶¶ 42-43, 74.) Apple's expert Dr. Alex Snoeren has acknowledged that Dr. Hauser's consumer demand study gauged consumer demand only for "the ability to access and edit data while synchronization of that data is occurring" – language that appears only in Claim 11 – and did not seek to measure the value of Claim 20, which requires "synchronization software components . . . configured to synchronize structured data" within

multiple "data classes." (Rebuttal Report of Dr. Alex Snoeren ¶¶ 545, 620.) We do not agree that Dr. Hauser's survey could successfully gauge demand even for Claim 11, of course, but there is no question that he did not even try to survey demand for Claim 20. Dr. Vellturo relied on Dr. Hauser's tests of consumer demand for Claim 11 to calculate his damages claims. (*See, e.g.*, Opening Report of Dr. Christopher Vellturo ¶¶ 13, 164, 255-58, 280-88, 293, 310-17, 324, 395-96, 481, 489, 500.) Apple repeats its allegation that its products practice Claim 11 of the '414 Patent in its response to Dr. Chase's opinions on obviousness. (Rebuttal Report of Dr. Alex Snoeren ¶ 627 (citing Opening Report of Dr. Alex Snoeren ¶¶ 525-528).)

Similarly, Apple's case narrowing statement confirmed that it will "limit its infringement assertions" to Claims 24 and 25 of U.S. Patent No. 6,847,959 (the "'959 Patent"). Again, however, at least some of Apple's prior allegations contradict this assurance. For example, Dr. Snoeren opined that Apple's products allegedly practice Claim 34 of the '959 Patent, although Apple has never listed Claim 34 of the '959 Patent in any of its case narrowing statements. (*See, e.g.*, Opening Report of Dr. Alex Snoeren ¶¶ 360-67.) Additionally, as part of his non-obviousness analysis for Claims 24 and 25, Dr. Snoeren discussed how Apple products that allegedly practice Claim 34 have experienced commercial success and have received praise in the industry. (*See, e.g.*, Rebuttal Report of Dr. Alex Snoeren ¶¶ 321-31.) Dr. Hauser's consumer demand study simply ignored (among many other things) the differences between Claims 24 and 25, which Apple asserts Samsung infringes, and Claim 34, which Apple asserts it practices itself. Finally, Dr. Vellturo relied on Dr. Snoeren's opinion regarding Apple's alleged practice of Claim 34 to contend that Apple is owed damages on the '959 Patent. (*See, e.g.*, Opening Report of Dr. Vellturo ¶ 81.) Dr. Vellturo also relied on Dr. Hauser's consumer demand studies to opine on damages allegedly owed to Apple for the '959 Patent. (*See, e.g.*, Opening Report of Dr. Christopher Vellturo ¶¶ 13, 164, 255-58, 280-88, 293, 310-17, 324, 395-96, 481, 489, 500.)

Finally, Apple's June 28, 2013 case narrowing statement again confirmed that Apple would "limit its infringement assertions" to Claim 18 of U.S. Patent No. 8,074,172 (the "'172 Patent"). Again, however, at least some of Apple's prior allegations contradict this assurance. Dr. Cockburn opined that Apple's products practice Claim 27 of the '172 Patent, not Claim 18. (*See, e.g.*, Expert Report of Professor Andrew Cockburn ¶¶ 470-73). Dr. Cockburn further opined that Apple products practicing the '172 Patent are a commercial success and have enjoyed industry praise and acclaim because of that practice. (*See, e.g.*, Rebuttal Expert Report of Professor Andrew Cockburn ¶¶ 250-54). Dr. Hauser's consumer demand study ignored the differences between Claim 18, which Apple asserts Samsung infringes, and Claim 27, which Apple asserts it practices itself. And Dr. Vellturo relied on Dr. Hauser's consumer demand studies to opine on damages allegedly owed to Apple for the '172 Patent. (*See, e.g.*, Opening Report of Dr. Christopher Vellturo ¶¶ 13, 164, 255-58, 280-84, 395-96, 481, 489, 500.)

It is thus possible that Apple intends to "comply" with the Court's case narrowing order by including ten claims in "its infringement assertions," but then asserting three more claims to support its allegations regarding its practice of the patents, damages, and non-obviousness. If Apple pursues this tactic, it would require Samsung to present those claims to the jury, and would require the jury to resolve not the five asserted claims the Court's Order requires, but eight total claims including Apple's three additional asserted claims. This would frustrate the purpose of the Court's Order – limiting the issues "to what the jury can handle" – and would

abrogate the Court's clear requirement that the parties "limit their asserted claims" – asserted for any purpose, not merely for infringement.

Please confirm by tomorrow at 5:00 p.m. PDT that Apple will not, for any purpose in this action, contend that its products practice Claim 11 of the '414 Patent, Claim 34 of the '959 Patent, or Claim 27 of the '172 Patent. Please also confirm that Apple will withdraw any portion of its experts' reports that rely on this alleged practice, including at least the portions identified above.

Very truly yours,

Amar L. Thakur

Amar L. Thakur