| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com |
| 3 | Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com |
| 4 | 50 California Street, 22nd Floor<br>San Francisco, California 94111 |
| 5 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 6 | |
| 7 | Kevin P.B. Johnson (Bar No. 177129)<br>kevinjohnson@quinnemanuel.com |
| 8 | Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com |
| 9 | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065 |
| 10 | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 11 | William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com |
| 12 | 865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543 |
| 13 | Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100 |
| 14 | |
| 15 | Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE APPLE'S COMPLIANCE WITH THE COURT'S ORDER REGARDING CASE NARROWING**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED (WITHOUT HIGHLIGHTING)**<br><br>Date:  December 12, 2013<br>Time: 1:30 p.m.<br>Place: Courtroom 8<br>Judge: Honorable Lucy H. Koh |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 1

I.    Apple's Assertion That Its Arguments May Have Other Defects Cannot Cure Its Violation Of The Court's Case Narrowing Order .................................................. 1

II.    Apple's Assertion Of Three Additional Claims Will Complicate The Trial And Prejudice Samsung ................................................................................................ 3

CONCLUSION ....................................................................................................................... 6

**INTRODUCTION**

Apple's opposition brief confirms its violation of the case narrowing order. Despite that order limiting Apple to five asserted claims for trial, Apple admits that it plans to assert five claims against Samsung for infringement, and assert that three *more* claims are practiced by Apple's products. Apple argues that these three additional claims are relevant not only to its damages assertions, but also to liability and validity for other claims Apple does pursue on infringement. Apple further admits that it will rely heavily on these three additional claims at trial, stating that Samsung's motion would "eviscerate Apple's lost profits and reasonable royalty case" by precluding Apple from asserting that its products practice Claim 34 of the '959 Patent, Claim 27 of the '172 Patent or Claim 11 of the '414 Patent.

Notwithstanding these admissions, Apple ignores the most important part of Samsung's motion, and the most important reason for the Court's order: the effect its violation will have on the jury and on the trial of this action. Critically, Samsung disputes the validity and practice of these three claims. Thus, unless the Court enforces its case narrowing order against Apple, the jury will be required to resolve not only the five claims contemplated by the Court's order, but three additional patent claims that Apple says simply do not count – even though, to determine whether these claims are valid and practiced by Apple's products, the jury must engage in the *same* analysis, with the *same* complexities and pitfalls, that it must use to determine whether Samsung is liable for infringement.

**ARGUMENT**

**I.   Apple's Assertion That Its Arguments May Have Other Defects Cannot Cure Its Violation Of The Court's Case Narrowing Order**

As Samsung explained in its motion, Apple is already asserting more than the number of claims allotted by the Court's case narrowing order. (Mot. at 1-6.)[1] This Court has broad

---

[1] References to Samsung's Motion To Enforce Apple's Compliance With The Court's Order Regarding Case Narrowing, Dkt. 804-3, are cited as (Mot. at _.). References to Apple's Opposition to Samsung's motion, Dkt. 845, are cited as (Opp. at _.). References to the
   (footnote continued)

discretion to enforce its earlier order.  *See*, *e.g.*, *TiVo, Inc. v. EchoStar Corp.*, 646 F.3d 869, 887 (Fed. Cir. 2011) (*en banc*); *Sarytchev v. Korolev*, 2013 WL 1501440, at *5 (N.D. Cal. Apr. 11, 2013).  It should do so by precluding Apple from offering testimony or argument regarding Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, or Claim 11 of the '414 Patent – which Apple omitted from its most recent case narrowing statement.  (Dkt. 786.)

In response, Apple argues that Samsung should pursue its complaint – intended to avoid needlessly confusing presentations at trial – by cross-examination at trial.  According to Apple, its violation of the narrowing order goes to the *weight* of its evidence, not the *admissibility* of that evidence, such that this violation can be remedied through cross-examination.  (Opp. at 1-2, 3 n.2.)  Apple's contention is incorrect.  Samsung's prejudice from Apple's violation of the order – forcing Samsung to contend with eight claims at trial, rather than five – would be compounded, not cured, by requiring Samsung to cross Apple's witnesses on eight claims rather than five.

Apple further asserts that Samsung can only challenge Apple's improper strategy in *Daubert* or summary judgment motions.  This too is meritless.  The *Daubert* failures of Apple's experts are an entirely separate violation of a separate doctrine; Apple's violation of the *Daubert* rules does not immunize Apple's separate violation of the case narrowing order.[2]  Whether or not the Court agrees with Samsung that Apple's expert opinions fail the *Daubert* test, this motion presents a different question:  whether Apple can violate the Court's narrowing order and prejudice Samsung by asserting eight claims at trial while Samsung is limited to five claims of its own.

---

Supplemental Declaration of Michael L. Fazio In Support Of Samsung's Motion To Enforce, filed herewith, are cited as (Supp. Fazio Decl. Ex. _.).

[2]  As explained in Samsung's pending *Daubert* motion, Apple's damages experts violate Rule 702 and *Daubert* by basing their damages calculations on the purported value of claims Samsung is not alleged to infringe.  (*See* Dkt. 802-3 at 8-10 (Samsung's Motion to Exclude Opinions of Certain of Apple's Experts).)

## II. Apple's Assertion Of Three Additional Claims Will Complicate The Trial And Prejudice Samsung

If the Court allows Apple to assert five claims for infringement and three *additional* claims for "issues of liability or damages" (Opp. at 3), Apple would present to the jury at least eight limitation-by-limitation infringement analyses at trial: five claims allegedly practiced by Samsung products, and three additional claims allegedly practiced by Apple products. (Mot. at 2.) Samsung would then have to show not only that Samsung does not practice the five claims Apple asserts for infringement, but also that Apple does not practice Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent in Apple's products. (Mot. at 2-5.) Likewise, Samsung would have to show not only that the five claims asserted for infringement are invalid, but also that Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent are invalid – again necessitating eight element-by-element claim analyses. (*Id.*) Rather than "streamline the issues raised in this action significantly," as this Court ordered (Dkt. 394), Apple would substantially increase the number of issues allowed under the case narrowing order – a threshold of "what the jury can handle." (Mot. at 1, 6; Fazio Decl. Ex. 2 at 48:23-25.)

Apple's opposition fails to address this argument. Nowhere in Apple's brief – *not once* – does Apple address the burdens its violation would place on the jury, or on this Court.[3] This conspicuous omission speaks volumes regarding the impact Apple's violation would have at trial.

Indeed, Apple's brief confirms what its expert reports suggest: Apple depends on claims it asserts for "liability or damages" but not infringement. Apple claims it does not "assert" Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, or Claim 11 of the '414 Patent because Apple "does not seek any remedy, of any kind," for these claims. (Opp. at 1.) Yet the damages Apple

---

[3] Nor does Apple address the inequity Apple seeks to impose on Samsung. The Court's narrowing order allocated 15 prior art references per side for trial. (Dkt. 471; Dkt. 713; Dkt. 778.) If Apple is allowed to bring eight claims to trial rather than five, Samsung will have 15 references to invalidate eight claims, while Apple will have 15 references to invalidate the five claims Samsung is asserting. (Mot. at 3-4.) The Court's case narrowing order has always applied equally to both sides. Each side is to assert the same number of claims and the same number of products at trial. (Dkt. 471; Dkt. 713; Dkt. 778.) Apple should not be allowed to violate the case narrowing order in an effort to gain strategic advantage.

seeks are based heavily on the *other* three claims, which Apple says are not "asserted" at all. (*See*, *e.g.*, Mot. at 4-5; Dkt. 802-3 at 8-10 (Samsung's Motion to Exclude Opinions of Certain of Apple's Experts).) Indeed, Apple's damages assertions are based *so* heavily on these three claims, Apple now says its "lost profits and reasonable royalty case" for the claims it *does* assert for infringement would somehow be "eviscerate[d]" if Apple could not discuss the value of other claims Samsung is *not* alleged to infringe. (Opp. at 1.)

Beyond damages, these three claims permeate almost *all* of Apple's positions, including its technical positions. Its expert Dr. Snoeren uses these claims as the basis for validity opinions; his opinions on non-obviousness cite the commercial success of Siri software as a purported basis to find Claims 24 and 25 non-obvious, even though this Siri software does *not* practice Claims 24 or 25 and is *only* alleged to practice Claim 34. (Supp. Fazio Decl. Ex. 1 ¶¶ 321-25, 330; Fazio Decl. Ex. 3 ¶¶ 360-67.) Dr. Cockburn likewise opines that certain "behavior" of the iPhone and iPad "satisfies at least Claim 27 of the '172 Patent," but never claims that Apple practices Claim 18 of that patent. (Supp. Fazio Decl. Ex. 2 ¶ 470; *see also id.* ¶¶ 471-73.) Dr. Cockburn further opines that there is substantial evidence linking the alleged industry praise and commercial success of Apple's iPad and iPhone products with "the claimed invention of the '172 Patent," concluding that this renders Claim 18 non-obvious. (Supp. Fazio Decl. Ex. 3 ¶¶ 250-55.) And in an apparent effort to confuse the jury, Apple's damages expert repeatedly – and quite carefully – refers to the value of a "Patent" generally, arguing that the "Patent's" value can be determined based on Apple's use of that "Patent" in its products, and relying on sleight-of-hand to analyze multiple *Panduit* and *Georgia-Pacific* factors using patent claims that are *not* asserted for infringement. (*See*, *e.g.*, Supp. Fazio Decl. Ex. 4 ¶¶ 192, 194-98, 206, 240-42, 246, 254-55, 330, 361, 414, 458, 470, 474.)

If Apple wanted to make these assertions regarding Claim 34 of the '959 Patent, Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent, and discuss those assertions extensively at

trial, Apple should have included these three claims in its case narrowing statement.[4]  Apple failed to do so.  The Court should thus preclude Apple from asserting these claims at trial.  Apple should not be allowed to burden the Court, the jury, and Samsung by treating these three claims as "bonus" assertions that somehow do not count towards "what the jury can handle" at trial.  (Fazio Decl. Ex. 2 at 48:23-25.)

Citing *Rite-Hite v. Kelley*, 56 F.3d 1538, 1543 (Fed. Cir. 1995), Apple says that it will "present evidence relating to its practice of *unasserted* claims" as "relevant to issues of liability or damages with respect to the *asserted* claims."  (Opp. at 3 (emphasis in original).)  But *Rite-Hite* has no bearing here.  It did not involve a case narrowing order, and did not hold that evidence could be presented regardless of its impact on the scope of trial.  Indeed, the assertions in *Rite-Hite* had *no* impact on case management, because they did not burden the jury; the defendant did not contest the patentee's assertions regarding the scope and coverage of any additional claims, and instead *admitted* that the patentee's other patent covered the product at issue.  (Corrected Brief for Appellant, *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538 (Fed. Cir. 1995), 1992 WL 12014710, at *4.)  Here, Apple's assertions have a *substantial* impact on case management, because Samsung disputes the coverage and validity of the claims Apple asserts it practices.  Yet Apple did not count these disputed assertions towards its Court-ordered limit on assertions.  That was not permissible.  Apple cannot disregard the case narrowing order simply because it contends these additional assertions, if proven, might be relevant in other circumstances.

Additionally, Apple goes far beyond the limited scope of admissibility it claims *Rite-Hite* approved.  As noted above, Apple relies on its alleged practice of Claim 34 of the '959 Patent,

---

[4] The proper remedy for Apple's violation would be to preclude Apple from discussing Claim 34 of the '959 Patent, Claim 27 of the '172 Patent or Claim 11 of the '414 Patent at trial.  If the Court instead permits Apple to revise Apple's case narrowing statement and include these three claims within the Court-ordered limits of ten and five asserted claims, fairness would require providing Samsung an opportunity to adjust its case in response.  For example, as the Court contemplated when staggering narrowing deadlines, Samsung's prior art narrowing was based on Apple's own case narrowing submissions.  Modifications to Apple's case narrowing submission would, as a matter of fairness, require giving Samsung the chance to respond with its own modified list of prior art.

Claim 27 of the '172 Patent, and Claim 11 of the '414 Patent extensively, for issues as varied as industry praise (Supp. Fazio Decl. Ex. 3 ¶¶ 250, 255; Supp. Fazio Decl. Ex. 1 ¶ 330), commercial success (Supp. Fazio Decl. Ex. 3 ¶¶ 251-54; Supp. Fazio Decl. Ex. 1 ¶¶ 321-25), *Panduit* lost profit analysis (Supp. Fazio Decl. Ex. 4 ¶¶ 192, 194-98, 206, 240-42, 246, 254-55, 470), and several *Georgia-Pacific* factors (Supp. Fazio Decl. Ex. 4 ¶¶ 330, 361, 414, 458, 470, 474) – a scenario *Rite-Hite* did not face, and most certainly did not bless.

## CONCLUSION

Absent enforcement of the case narrowing order, Apple will occupy the trial with extensive discussions of three claims that allegedly drive sales, merit enormous damages, and rebut Samsung's invalidity defenses, despite the fact that these three claims are not included in the five claims Apple is limited to for trial.  (Dkt. 471; Dkt. 713; Dkt. 778.)  This Court should preclude Apple from relying in any form on claims not included in Apple's case narrowing statement, including Claim 34 of the '959 Patent, Claim 27 of the '172 Patent or Claim 11 of the '414 Patent.

DATED:  October 31, 2013                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By */s/ Victoria F. Maroulis*
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            William C. Price

                                            Attorneys for
                                            SAMSUNG ELECTRONICS CO., LTD.,
                                            SAMSUNG ELECTRONICS AMERICA, INC.,
                                            and SAMSUNG TELECOMMUNICATIONS
                                            AMERICA, LLC

**ATTESTATION OF E-FILED SIGNATURE**

I, Matthew Warren, am the ECF user whose ID and password are being used to file Samsung's Reply In Support of Its Motion to Enforce Apple's Compliance With The Court's Order Regarding Case Narrowing.  In compliance with Civil L.R. 5-1(i), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  October 31, 2013                    */s/ Matthew Warren*
                                             Matthew Warren