# EXHIBIT 21

CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Civil Action No. 12-cv-00630-LHK |
| Plaintiff, | |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**Expert Report of Richard Newton Taylor, Ph.D.**
**Regarding Noninfringement of the Asserted Claims of U.S. Patent No. 7,577,757**

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

159. As described in my opening report, synchronization (such as required by the "synchronizing" and "updated in relation to" language of claim 1) requires both comparing the data in different locations at particular points in time, and addressing changes that occurred in the data between those synchronization points in order to reestablish consistency. Section VI.A. Further describing the requirements of the claim, Dr. Schonfeld states that the "updated in relation to" claim language requires a change to both "content information" and "content management information," (Corrected Schonfeld Opening Report at ¶ 2155), with which I agree. Dr. Schonfeld also notes in his report that the synchronization must be two-way between the central storage and interface device and the zone specific storage and interface device (*Id.* at

- 53 -

Case 5:12-cv-00630-LHK   Document 1084-5   Filed 12/19/13   Page 4 of 9

CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION

1   ¶ 2099), and that the media files must be on each device.  (*See id.* at ¶ 1796; Response to Office
2   Action dated 12/14/2005 [APL630DEF-WH-A0000009763] ("Applicants' claimed invention of
3   course requires that any new multimedia content added to one of the storage and interface
4   devices be accessible by any of the other storage and interface devices."); Response to
5   Examination Report dated 12/5/05 [APL630DEF-WH-A0000009372] ("In contrast, applicants'
6   claimed invention updates multiple storage and interface devices so that the same files reside on
7   each of the said storage and interface devices.").)  In addition, the synchronization required by
8   claim 1 requires more than a manual selection of media assets to be exchanged.  Dr. Schonfeld
9   agrees.  (Corrected Schonfeld Opening Report at ¶ 2273 ("[M]anual downloading is the
10  antithesis of such updates (or automatic changes), as manual downloading results in data being
11  merely potentially accessible *only after the user takes additional manual steps of dragging and*
12  *dropping or clicking to initiate a download.*") (emphasis in original).).

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

170.    When mentioning iTunes in the Cloud, the Apple User Guides describe it as the ability to "[d]ownload previous iTunes music and TV show purchases to iPhone for free, anytime."  (See, e.g., iPhone User Guide For iOS 6.1 Software at 15 (APL630DEF-WH0001758342); iPhone User Guide for iOS 6.0 Software at 15 (APL630DEF-WH0001557966); iPhone User Guide for iOS 5.1 Software at 16-17 (APL630DEF-WH0000030565); iPhone User Guide for iOS 5.0 Software at 16-17 (APL630DEF-0000061792); iPad User Guide For iOS 6.1 Software at 15-16 (APL630DEF-WH0001759242); iPad User Guide for iOS 5.1 Software at 19-20 (APL630DEF-WH0000026337); iPod touch User Guide For iOS 6.1 Software at 14-15 (APL630DEF-WH0001757964); iPod touch User Guide For iOS 6.0 Software at 14-15 (SAMNDCA630-07882417); and, iPod touch User Guide For iOS 5.1 Software at 16-17 (APL630DEF-WH0000031921).) Dr. Schonfeld acknowledges that manual downloading is not "updat[ing]" in the context of the '757 patent. (*See* Corrected Schonfeld Opening Report at ¶ 2273.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

187. Second, the delete is a manual step – the user is manually selecting a particular song for deletion, and the system may propagate that specific delete request to other devices. Dr. Schonfeld has acknowledged that manual steps are not covered by the '757 patent, and I agree. (Corrected Schonfeld Opening Report at ¶¶ 1819, 2273.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

192.    Deletion alone cannot enable that "at least one user can be situated in any one of the zones and access the audio, video, or photographic information related to the at least one user." The presence of audio, video, or photographic information is required, and Dr. Schonfeld accuses no part of iTunes Match as synchronizing audio, video, or photographic information to the accused zone specific storage and interface device. As discussed above, the various devices will have different "content information and content management information" on them, except when the individual songs are manually downloaded on each device independently. Dr. Schonfeld agrees that manual download does not correspond to automatic changes. (*See* Corrected Schonfeld Opening Report at ¶ 2273.)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**CONTAINS APPLE AND THIRD PARTY**
**HIGHLY CONFIDENTIAL INFORMATION**

238. As discussed above, automatic transfer at most will allow a manually selected song to be transferred to multiple devices. None of the other content information or content management information on the device, either from prior purchases or songs acquired through another mechanism than purchase from the iTunes Store, will be made available on the other devices via the automatic transfer feature of Home Sharing. The document relied on by Dr. Schonfeld in paragraph 1938 states, "[p]reviously downloaded or non-iTunes Store content can only be manually transferred." (See http://support.apple.com/kb/HT4620.) And, as has been discussed above, Dr. Schonfeld has stated that manual steps are not covered by the '757 patent claims. (*See* Corrected Schonfeld Opening Report at ¶ 2273 ("[M]anual downloading is the antithesis of such updates (or automatic changes), as manual downloading results in data being merely potentially accessible *only after the user takes additional manual steps of dragging and dropping or clicking to initiate a download.*") (emphasis in original).)

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

Dated: September 13, 2013

_____
Richard Newton Taylor, Ph.D.