# EXHIBIT E-4

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S SUPPLEMENTAL RESPONSES TO APPLE'S FIFTH SET OF INTERROGATORIES (No. 38)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC, ("Samsung") submit the following Supplemental Responses to Plaintiff and Counterclaim Defendant Apple Inc's ("Apple's") Fifth Set of Interrogatories.

Samsung expressly incorporates the following General Objections as though set forth fully in response to each of the following individual interrogatories and, to the extent that they are not raised in any particular response, Samsung does not waive those objections.

## GENERAL OBJECTIONS

The following general objections apply to each and every interrogatory propounded by Plaintiff, and are incorporated into each of the following responses by reference as if set forth fully therein:

1. Samsung objects to the "Definitions" and "Instructions" contained in Apple's Fifth Set of Interrogatories to the extent they are inconsistent with the Federal Rules of Civil Procedure.

2. Samsung objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad to the extent it requires Samsung to pursue information from individuals no longer employed by Samsung whose data is not currently in the possession of Samsung. Samsung further objects to Apple's Definition of "Samsung," "You," "Your," and "Defendants" as overly broad, vague, and ambiguous to the extent it does not define "affiliates," and also to the extent that it requires Samsung to potentially seek information from thousands of people. Samsung will respond to interrogatories based on a reasonable inquiry of individuals expected to possess the requested information.

3. Samsung objects to Apple's definition of "Apple" as overly broad, vague, and ambiguous.

4. Samsung objects generally to each interrogatory to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable

privilege or immunity recognized by statute or case law.  Samsung will exchange with Apple a log of withheld documents consistent with the parties' Stipulation dated May 9, 2012.

5. Samsung objects to these interrogatories on the ground and to the extent they are vague and ambiguous.  Samsung in its responses will identify any terms it believes are vague and ambiguous and will assume a reasonable meaning for each such term.

6. Samsung objects generally to the interrogatories to the extent they seek information from outside a reasonable time period or from a point other than a reasonable time, or seek information about products outside the United States, on the ground that such information is irrelevant.

7. Samsung objects to these interrogatories to the extent they seek to compel Samsung to generate or create information and/or documents that do not already exist.

8. Samsung objects generally to the interrogatories to the extent that they prematurely call for contentions, expert testimony, or identification of witnesses at this stage of the litigation. Samsung will provide such information in accordance with the Court's Minute Order and Case Management Order dated May 2, 2012.

9. Samsung objects to each interrogatory to the extent it is duplicative or cumulative of another interrogatory or other discovery.

10. Samsung objects to each interrogatory to the extent it is compound and comprises discrete subparts resulting in separate interrogatories.

11. Samsung expressly reserves the right to respond to any or all of the interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

12. Samsung objects generally to the interrogatories to the extent they seek confidential proprietary or trade secret information of third parties.  Samsung will endeavor to work with third parties to obtain their consent, if necessary, before identifying or producing such information and/or documents.

13. Samsung objects generally to the interrogatories on the grounds that they are overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.

14. Samsung objects to the interrogatories on the ground that they are overly broad, unduly burdensome and oppressive to the extent they purport to require Samsung to search its facilities and inquire of their employees other than those in its facilities and employees that would reasonably be expected to have responsive information.

15. Samsung objects to the interrogatories on the grounds that they seek information already in the possession of Apple, publicly available, or as readily available to Apple as it is to Samsung.

16. Samsung objects to the interrogatories on the grounds and to the extent that they seek legal conclusions. Samsung's responses should not be construed to provide legal conclusions.

17. Samsung objects to each interrogatory to the extent that it seeks information before Samsung is required to disclose such information in accordance with any applicable law, such as the Northern District of California Patent Local Rules.

18. Samsung objects to the interrogatories on the ground that discovery is continuing in this action, and Samsung has not yet completed its factual investigation. The following responses reflect the information reasonably available to Samsung at this time. Samsung reserves its right to amend or supplement these responses and any production of documents as additional discovery and investigation continue, in the event that additional information is disclosed, or in the event of error, inadvertent mistake, or omission.

Subject to and without waiving the foregoing General Objections, Samsung responds and further objects as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 38**

For each of the Samsung Patents-In-Suit, explain in detail all legal and factual bases for Samsung's contentions as to why each asserted claim of the Patents-In-Suit is not invalid under 35 U.S.C. §§ 102 and/or 103. To the extent that you disagree with Apple's invalidity contentions in whole or part, please include in your answer a point-by-point rebuttal of Apple's invalidity

contentions, including an identification of each element that is not allegedly present in the prior art cited in Apple's invalidity contentions, and why each claim is not allegedly obvious over the prior art cited in Apple's invalidity contentions (including any contentions based on secondary considerations of nonobviousness).

**OBJECTIONS TO INTERROGATORY NO. 38:**

In addition to its General Objections above, which it hereby incorporates by reference, Samsung objects to this Interrogatory on the grounds that: (i) it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity; (ii) it is vague and ambiguous, particularly as to the terms "in whole or in part," "element," and "present"; (iii) it is overly broad and unduly burdensome to the extent that it seeks "all legal and factual bases for Samsung's contentions as to why each asserted claim of the Patents-In-Suit is not invalid under 35 U.S.C. §§ 102 and/or 103."; (iv) it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks Samsung's contentions with respect to invalidity defenses other than those specifically identified in Apple's invalidity contentions, obviousness defenses for which Apple has not articulated a suggestion or motivation to combine references, references which Apple may not rely on in expert reports, dispositive motions, or at trial, or references which Apple has not established as prior art under 35 U.S.C. §§ 102 and/or 103; (v) it is compound and comprises discrete subparts resulting in separate interrogatories; (vi) it calls for legal conclusions; (vii) it prematurely calls for Samsung's position regarding the validity of its patents before sufficient discovery has been conducted; and (viii) it prematurely calls for expert testimony or opinions at this stage of litigation. Samsung will provide such contentions in accordance with the Court's Minute Order and Case Management Order dated May 2, 2012.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

Pursuant to the parties' April 24, 2013 agreement, and without waiving any of its objections, Samsung provides the following responses regarding eight references or combinations identified by Apple for each Samsung patent-in-suit. Samsung's responses address the narrowed

The Carini '873 patent fails to disclose "the at least one user can be situated in any one of the zones and access the audio, video, or photographic information related to the at least one user" ('757 Patent, cl. 1).  Carini '873 fails to disclose "the at least one user can be situated in any one of the zones and access the audio, video, or photographic information related to the at least one user."  Thus, Carini '873 fails to correct the deficiency found in the Lansonic References.  For example, Carini '873 does not disclose that the user can access audio, video, or photographic information.  As described earlier, Carini '873 fails to disclose "audio, video, or photographic data, including content information and content management information."  In addition, Carini '873 does not disclose information "related to the at least one user."  As described earlier, Carini '873 fails to disclose "relating to the at least one user."

The Carini '873 patent fails to disclose "a set of zone specific output devices coupled to each of the zone specific storage and interface device[s] ('757 Patent, cl. 4).  The Carini Reference fails to disclose a set of zone specific output devices coupled to each of the zone specific storage and interface device[s].  For example, the Carini Reference fails to describe whether the zone specific storage and interface devices are able to couple to zone specific output devices that output media.

### 4.     The Onyon Patent

U.S. Patent No. 7,587,446 ("the Onyon Patent" or Ex. D-1) fails to anticipate the asserted claims of the '757 Patent.

The Onyon Patent is directed toward "transferring media data" and maintaining "personal information space."  (the Onyon Patent, *Abstract*).  For example, the Onyon Patent discloses transferring "media data from a "personal information space" to an apparatus outside of the "personal information space." (*Id.*)  Additionally, the Onyon Patent discloses transferring data from sources outside of the personal information space, such as a webpage, into the personal

information space.  (*See, e.g., Id.* at Fig. 3).  A personal information space is "a data store of information customized by, and on behalf of the user which contains both public data…and private events [] and data objects[,]" and devices.  (*Id.* at col. 2:22-27).

The Onyon Patent fails to disclose at least the limitations below.

The Onyon Patent fails to disclose a "central storage and interface device" ('757 Patent, cl. 1).  Apple contends the Onyon Patent discloses a storage server as "central storage and interface device" but fails to identify a particular server in the patent that meets that limitation.  Apple further contends that "each connected device" is a "central storage and interface device" but again fails to state with specificity what device in the patent that vague term refers to.

The Onyon Patent fails to disclose "audio, video, or photographic data, including content information and content management information, relating to at least one user"  ('757 Patent, cl. 1).  The Onyon Patent, particularly as cited in Apple's Invalidity Contentions, fails to disclose "content information," as distinct from "information," "audio, video, or photographic information," "audio, video, or photographic data," and "video, or photographic…content management information."  The Onyon Patent also does not clearly disclose "audio, video, or photographic data, including content information and content management information, relating to at least one user."  For example, 9:19-62 of the incorporated '757 patent discloses non-multimedia information that pertains to a particular device, not a particular user.

The Onyon Patent fails to disclose "at least one zone" ('757 Patent, cl. 1).  The Court construed the term "zone specific storage and interface device" to mean "a storage and interface device that resides in an area, such as a room or similar location."  Further, Apple, through its briefings and during hearings, argued that a zone was "a room, or similar bounded location."  The Onyon patent fails to disclose either a "room or similar location," particularly a "similar bounded location" in which the "zone [] device" resides.

The Onyon Patent fails to disclose "each zone having at least one zone specific storage and interface device capable of storing or interfacing with information stored in the central storage and interface device" ('757 Patent, cl. 1). The Court construed the term "zone specific storage and interface device" to mean "a storage and interface device that resides in an area, such as a room or similar location." The Onyon Patent fails to disclose a storage <u>and</u> interface device that resides in an area, such as a room or similar location. Initially, under at least Apple's interpretation, many of the devices disclosed in by the Onyon Patent fall outside of the scope of "zone [] device." ((Markman Technology Tutorial Transcript (Feb. 14, 2013)at pg. 132:15-18; 133:7:20; and 136:1-9; Markman Hearing Transcript (Feb. 21, 2013)at pg. 136:2-9 and 152:12-20; and Apple's Responsive Claim Construction Brief (Dkt. 350) at pg. 10-11.) Second, to the extent any "zone [] devices[s]" are disclosed in the Onyon Patent, those devices do not have a storage and interface function, but merely a storage function. Further, the Onyon Patent, particularly as cited in Apple's Invalidity Contentions, fails to disclose "information," as distinct from "audio, video, or photographic information," "audio, video, or photographic data," "audio, video, or photographic…content information" and "audio, video, or photographic…content management information."

The Onyon Patent fails to disclose "information … contained within the zone specific storage and interface device and the central storage and interface device, are updated in relation to the zone specific storage and interface devices and the central storage and interface device" ('757 Patent, cl. 1). To the extent required by the claim language, the Onyon Patent does not disclose that the information contained in a zone specific storage and interface device and the central storage and interface device are updated in relation to another zone specific storage and interface device. Moreover, the incorporated '757 patent teaches away from the inventions of the asserted

1   '757 patent by disclosing direct communications between the purported zone devices, rather than
2   through a central device (see, e.g., Fig. 1).
3       The Onyon Patent fails to disclose "whereby the at least one user can be situated in any one
4   of the zones and access the audio, video, or photographic information related to the at least one
5   user" ('757 Patent, cl. 1).  As discussed above, the Onyon Patent does not disclose a "zone,"
6   therefore, it cannot disclose "at least one user…situated in any one of the zones."  Further, the
7   Onyon Patent, particularly as cited in Apple's Invalidity Contentions, fails to disclose "audio,
8   video, or photographic information," as distinct from "information," "audio, video, or
9   photographic data,"  "audio, video, or photographic…content information" and "video, or
10  photographic…content management information."
11      The Onyon Patent fails to disclose "a wide area network (WAN) coupling at least one zone
12  specific storage and interface device with the central storage and interface device."  ('757 Patent,
13  cl. 3).  As stated above, the Onyon Patent fails to disclose a "zone [] device."
14      The Onyon Patent fails to disclose "thereby the at least one user is disposed to have
15  substantially identical content information and content management information displayed and
16  manipulated in any one of the zones." ('757 Patent, cl. 4).  As discussed above, the Onyon Patent
17  does not disclose a "zone," therefore, it cannot disclose "at least one user is disposed to have
18  substantially identical content information and content management information displayed and
19  manipulated in anyone of the zones."  Further, Onyon Patent, particularly as cited in Apple's
20  Invalidity Contentions, fails to disclose "content information," as distinct from "information,"
21  "audio, video, or photographic information," "audio, video, or photographic data," and "video, or
22  photographic…content management information."  The Onyon Patent fails to disclose
23  "display[ing] and manipulat[ing]" content information and content management information in a
24  "room or similar location," particularly "a room, or similar bounded location."  Finally, the Onyon