# EXHIBIT E-5

1

1              UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

3    - - - - - - - - - - - - - - - -X

4    APPLE INC., a California          :

5    Corporation,                      :

6                   Plaintiff,         :

7    v.                                :

8    SAMSUNG ELECTRONICS CO., LTD., a :

9    Korean corporation; SAMSUNG      : Civil Action No.

10   ELECTRONICS AMERICA, INC., a New : 12-cv-00630-LHK(PSG)

11   York corporation; and SAMSUNG    :

12   TELECOMMUNICATIONS AMERICA, LLC, :

13   A Delaware limited liability     :

14   Company,                          :

15                   Defendants.       :

16   - - - - - - - - - - - - - - - -X

17   (Caption continued on next page)

18                   VOLUME 1

19      HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

20   VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D.

21                 WASHINGTON, D.C.

22      Thursday, October 3, 2013  –  8:59 a.m.

23   Job No.:  44749

24   Pages:  1 – 291

25   Reported By:  Lori J. Goodin, RPR, CLR, CRR

2

1     (Caption continued from previous page)

2     - - - - - - - - - - - - - - - -X

3     SAMSUNG ELECTRONICS CO., LTD., a :

4     Korean corporation; SAMSUNG       :

5     ELECTRONICS AMERICA, INC., a New :

6     York corporation; and SAMSUNG     :

7     TELECOMMUNICATIONS AMERICA, LLC, :

8     A Delaware limited liability      :

9     Company,                          :

10          Counterclaim-Plaintiffs,  :

11    V.                                :

12    APPLE INC., a California          :

13    Corporation,                      :

14          Counterclaim-Defendant.  :

15    - - - - - - - - - - - - - - - -X

16       Videotaped Deposition of DANIEL SCHONFELD, Ph.D.,

17    held at the offices of:

18

19              QUINN, EMANUEL, URQUHART & SULLIVAN

20              1299 Pennsylvania Avenue, Suite 825

21              Washington, D.C.  20004

22              (202) 538-8000

23       Pursuant to notice, before Lori J. Goodin, RPR, CLR,

24    CRR, and Notary Public in and for the District of Columbia,

25    who officiated in administering the oath to the witness.

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

3

1                    A P P E A R A N C E S

2     On behalf of Plaintiff and Counterclaim-Defendant

3     Apple Inc.:

4             MARK D. SELWYN, ESQUIRE

5             KATHRYN ZALEWSKI, ESQUIRE

6             JOHN P. PETTIT, ESQUIRE

7             WILMER CUTLER PICKERING HALE & DORR, LLP

8             950 Page Mill Road

9             Palo Alto, California

10            (650) 858-6000

11

12    On behalf of Defendants and

13    Counterclaim-Plaintiffs Samsung parties:

14            MARISSA R. DUCCA, ESQUIRE

15            BILL TRAC, ESQUIRE

16            QUINN, EMANUEL, URQUHART & SULLIVAN

17            1299 Pennsylvania Avenue, Northwest

18            Suite 825

19            Washington, D.C.  20004

20            (202) 538-8000

21

22

23

24

25

4

1           A P P E A R A N C E S   C O N T I N U E D

2    On behalf of Defendants and

3    Counterclaim-Plaintiffs Samsung parties:

4            JOSEPH MILOWIC, III, ESQUIRE

5            QUINN, EMANUEL, URQUHART & SULLIVAN

6            51 Madison Avenue, 22nd Floor

7            New York, New York  10010

8            (212) 849-7225

9

10   ALSO PRESENT:

11            David Bayles, Videographer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1                         CONTENTS

2   EXAMINATION OF DANIEL SCHONFELD, Ph.D.      PAGE

3      By Mr. Selwyn                              7

4

5

6                         EXHIBITS

7                 (Attached to transcript)

8            (Exhibit 8, Not marked or discussed)

9   SCHONFELD DEPOSITION EXHIBIT                PAGE

10  Exhibit 1   U.S. Patent 7,757,757            21

11  Exhibit 2   U.S. Patent 5,579,239            21

12  Exhibit 3   Schonfeld's opening report       51

13  Exhibit 4   Samsung's Third Amended          85

14              Patent and Local Rule Disclosures

15              for U.S. Patent 7,57,757

16  Exhibit 5   Samsung's Third Amended          92

17              Disclosures for U.S.

18              Patent 5,579,235

19  Exhibit 6   Schonfeld's rebuttal report      160

20  Exhibit 7   U.S. Patent 7,587,446            213

21  Exhibit 8   (Neither, marked nor discussed)  ---

22  Exhibit 9   Schonfeld original report        257

23

24

25

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

210

| | | |
|---|---|---|
| 1 | the context of Claim 1 earlier. | 14:54:39 |
| 2 | And I said, anything that is | 14:54:41 |
| 3 | automatic would be within the scope of the | 14:54:44 |
| 4 | updating in that context. | 14:54:46 |
| 5 | And, this is Claim 6.  And in | 14:54:47 |
| 6 | Claim 6 it specifies that it wants the | 14:54:52 |
| 7 | updating to be done in a particular way, | 14:54:54 |
| 8 | namely at the predetermined time. | 14:54:56 |
| 9 | And so, for example, that might be | 14:54:59 |
| 10 | every Tuesday at 5. | 14:55:01 |
| 11 | And, that would be a special kind of | 14:55:03 |
| 12 | automatic that is included within the scope | 14:55:06 |
| 13 | of updating. | 14:55:08 |
| 14 | BY MR. SELWYN: | 14:55:10 |
| 15 | Q.   Does the word, updated, by itself | 14:55:11 |
| 16 | cover synchronization on a daily or weekly basis? | 14:55:13 |
| 17 | A.   I think we spoke earlier about the | 14:55:15 |
| 18 | fact of updating in the context of Claim 1 which | 14:55:20 |
| 19 | does not have a predetermined time attached to it | 14:55:22 |
| 20 | as being, as including the examples that we saw | 14:55:25 |
| 21 | in Column 9, which included daily or weekly | 14:55:28 |
| 22 | update, which would be done at the predetermined | 14:55:30 |
| 23 | time. | 14:55:33 |
| 24 | Q.   Your infringement report doesn't | 14:56:10 |
| 25 | identify any Apple customer who has actually put | 14:56:12 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

219

| | | |
|---|---|---|
| 1 | Lines 20 through 29 -- 20 through 39, that | 15:09:44 |
| 2 | explains that the storage server interfaces with | 15:09:49 |
| 3 | user devices such as a personal computer, or an | 15:09:52 |
| 4 | internet coupled stereo, correct? | 15:09:56 |
| 5 | MR. MILOWIC:  Objection, compound. | 15:11:24 |
| 6 | BY MR. SELWYN: | 15:11:38 |
| 7 | Q.    Have you finished reading the 19 | 15:11:38 |
| 8 | lines of Column 9 that I directed you to? | 15:11:40 |
| 9 | A.    I read those 19 lines, yes.  I read | 15:11:53 |
| 10 | lines 20 through 39. | 15:11:57 |
| 11 | Q.    Now can you answer my question? | 15:11:57 |
| 12 | A.    Can you repeat it, please? | 15:11:59 |
| 13 | Q.    The storage server in the '446 | 15:12:00 |
| 14 | patent interfaces with user devices, correct? | 15:12:03 |
| 15 | A.    It allows for communication between | 15:12:07 |
| 16 | the storage server, 200, and the internet -- the | 15:12:30 |
| 17 | generic internet appliance, 400, for example. | 15:12:37 |
| 18 | Q.    You mean generic user device, 400? | 15:12:47 |
| 19 | A.    Generic internet appliance, 400.  I | 15:12:50 |
| 20 | am reading from Line Number 23 -- or 24 in | 15:12:54 |
| 21 | Column 9. | 15:12:58 |
| 22 | Q.    And one example of a generic | 15:12:58 |
| 23 | interface appliance, 400, is a personal computer, | 15:13:00 |
| 24 | correct? | 15:13:04 |
| 25 | MR. MILOWIC:  Objection, I think you | 15:13:09 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

220

1      just misstated.  I will just say objection,        15:13:11

2      form.                                              15:13:23

3   BY MR. SELWYN:                                        15:13:23

4         Q.    Do you see in Line 25 it says,            15:13:51

5   "Generic user device, 400, may be a personal         15:13:54

6   computer"?                                            15:13:56

7         A.    Yes, I do.                                15:13:56

8         Q.    Generic user device is also called       15:13:57

9   generic internet appliance, 400, correct?            15:14:00

10        A.    That's correct.                           15:14:02

11        Q.    Would you agree that MP3 files are        15:14:03

12  audio, video, or photographic information?           15:14:17

13        A.    So, where are you referring to, in       15:14:20

14  what context or in general?                           15:14:33

15        Q.    In general.                               15:14:35

16        A.    So, MP3 refers to a particular           15:14:37

17  compression technique for audio.                     15:14:41

18              So, by itself, it is just a              15:14:44

19  compression method.                                   15:14:48

20        Q.    MP3 files include audio, correct?        15:14:51

21        A.    So, if you were to refer to MP3 file     15:14:55

22  as an audio compression file -- audio               15:15:02

23  compression -- MP3 audio compression applied to     15:15:05

24  an audio file, it would include audio.              15:15:08

25        Q.    Are you an expert in MP3?                15:15:11

225

| | | |
|---|---|---|
| 1 | be transmitted. | 15:22:33 |
| 2 | Q. And the information is media | 15:22:33 |
| 3 | information, correct? | 15:22:36 |
| 4 | A. Yes, it says, "in particular, media | 15:22:37 |
| 5 | information to be transmitted to the personal | 15:22:46 |
| 6 | information space." | 15:22:48 |
| 7 | Q. And if you go a little bit further | 15:22:48 |
| 8 | down Column 8, to lines 50 through 58, it | 15:22:51 |
| 9 | indicates that the personal information space is | 15:23:02 |
| 10 | stored in a database, 200, correct? That is what | 15:23:06 |
| 11 | it says, correct? | 15:24:26 |
| 12 | A. It says it can transfer the | 15:24:30 |
| 13 | information to the personal information space | 15:24:48 |
| 14 | stored in a database, 200. | 15:24:51 |
| 15 | Q. Database, 200, is also called the | 15:24:53 |
| 16 | storage server, correct? | 15:24:55 |
| 17 | A. It is. It is. | 15:24:57 |
| 18 | Q. MP3s are described in the | 15:25:09 |
| 19 | '446 patent as an example of media information, | 15:25:12 |
| 20 | correct? | 15:25:14 |
| 21 | A. Yes, I think so. Except we are | 15:25:20 |
| 22 | talking here throughout, just to be sure, about | 15:25:24 |
| 23 | information in the storage server, which is | 15:25:27 |
| 24 | external to the collection of devices that we | 15:25:29 |
| 25 | were talking about earlier, and those are | 15:25:31 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

226

| | | |
|---|---|---|
| 1 | separate devices. | 15:25:35 |
| 2 | MR. SELWYN:  Move to strike. | 15:25:36 |
| 3 | BY MR. SELWYN: | 15:25:36 |
| 4 | Q.    MP3 files contain both content | 15:26:02 |
| 5 | information and content management information, | 15:26:06 |
| 6 | correct? | 15:26:06 |
| 7 | A.    I'm not certain about that. | 15:26:12 |
| 8 | Q.    Why not? | 15:26:14 |
| 9 | A.    They contain content information for | 15:26:15 |
| 10 | sure.  I'm not sure what specifically constitutes | 15:26:17 |
| 11 | content management information in the MP3 files. | 15:26:24 |
| 12 | Q.    Well, you have told me before that | 15:26:28 |
| 13 | MP3 files contain artist's name? | 15:26:30 |
| 14 | A.    I believe that according to, if I'm | 15:26:33 |
| 15 | not mistaken, according to Dr. Taylor, that would | 15:26:35 |
| 16 | not constitute -- I would have to double-check | 15:26:38 |
| 17 | that. | 15:26:47 |
| 18 | But to the extent an artist's name | 15:26:47 |
| 19 | qualifies as content management information, that | 15:26:50 |
| 20 | would be content management information. | 15:26:52 |
| 21 | Q.    Well, you think it qualifies? | 15:26:53 |
| 22 | MR. MILOWIC:  Objection, | 15:26:55 |
| 23 | mischaracterizes the report. | 15:26:56 |
| 24 | THE WITNESS:  So, is the question | 15:26:58 |
| 25 | whether I think artist's name qualifies as -- | 15:27:02 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 1
CONDUCTED ON WEDNESDAY, OCTOBER 3, 2013

227

| | | |
|---|---|---|
| 1 | is that your question? | 15:27:07 |
| 2 | BY MR. SELWYN: | 15:27:08 |
| 3 | Q.    You think that artist's name is | 15:27:09 |
| 4 | content management information, don't you? | 15:27:11 |
| 5 | A.    I believe that content information | 15:27:14 |
| 6 | is information related to the content.  And to | 15:27:18 |
| 7 | the extent that artist's name may relate to more | 15:27:23 |
| 8 | than one content, it could possibly be considered | 15:27:26 |
| 9 | to be content management information.  And, in my | 15:27:32 |
| 10 | opinion, I view it as content management | 15:27:36 |
| 11 | information in that sense. | 15:27:39 |
| 12 | Q.    Would you agree with me that | 15:27:42 |
| 13 | information stored in a user's personal | 15:27:58 |
| 14 | information space in the '446 patent relates to a | 15:28:00 |
| 15 | user? | 15:28:04 |
| 16 | A.    Except for that, I mean I would say | 15:28:08 |
| 17 | the following, if the personal information space | 15:28:12 |
| 18 | is still in the storage server, 200, it does not | 15:28:17 |
| 19 | relate to a user. | 15:28:20 |
| 20 | If it is associated with a | 15:28:22 |
| 21 | particular user and stored as part of the | 15:28:24 |
| 22 | personal information space on the multiple user | 15:28:27 |
| 23 | devices, that is a different story. | 15:28:30 |
| 24 | So, whatever is stored in the | 15:28:33 |
| 25 | storage server is for public consumption and is | 15:28:35 |

292

1              UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

3        - - - - - - - - - - - - - - - -X

4        APPLE INC., a California          :

5        Corporation,                      :

6                    Plaintiff,            :

7        v.                                :

8        SAMSUNG ELECTRONICS CO., LTD., a :

9        Korean corporation; SAMSUNG       : Civil Action No.

10       ELECTRONICS AMERICA, INC., a New : 12-cv-00630-LHK(PSG)

11       York corporation; and SAMSUNG     :

12       TELECOMMUNICATIONS AMERICA, LLC, :

13       A Delaware limited liability      :

14       Company,                          :

15                    Defendants.          :

16       - - - - - - - - - - - - - - - -X

17       (Caption continued on next page)

18                      VOLUME 2

19          HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

20        VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D.

21                   WASHINGTON, D.C.

22          Friday, October 4, 2013  –  8:30 a.m.

23       Job No.:  44750

24       Pages:  292 – 460

25       Reported By:  Lori J. Goodin, RPR, CLR, CRR

293

1    (Caption continued from previous page)

2    - - - - - - - - - - - - - - - -X

3    SAMSUNG ELECTRONICS CO., LTD., a :

4    Korean corporation; SAMSUNG       :

5    ELECTRONICS AMERICA, INC., a New :

6    York corporation; and SAMSUNG     :

7    TELECOMMUNICATIONS AMERICA, LLC, :

8    A Delaware limited liability      :

9    Company,                          :

10         Counterclaim-Plaintiffs,   :

11    V.                               :

12    APPLE INC., a California          :

13    Corporation,                      :

14         Counterclaim-Defendant.    :

15    - - - - - - - - - - - - - - - -X

16       Videotaped Deposition of DANIEL SCHONFELD, Ph.D.,

17    held at the offices of:

18

19              QUINN, EMANUEL, URQUHART & SULLIVAN

20              1299 Pennsylvania Avenue, Suite 825

21              Washington, D.C.  20004

22              (202) 538-8000

23       Pursuant to notice, before Lori J. Goodin, RPR, CLR,

24    CRR, and Notary Public in and for the District of Columbia,

25    who officiated in administering the oath to the witness.

294

1                     A P P E A R A N C E S

2      On behalf of Plaintiff and Counterclaim-Defendant

3      Apple Inc.:

4              MARK D. SELWYN, ESQUIRE

5              KATHRYN ZALEWSKI, ESQUIRE

6              JOHN P. PETTIT, ESQUIRE

7              WILMER CUTLER PICKERING HALE & DORR, LLP

8              950 Page Mill Road

9              Palo Alto, California

10             (650) 858-6000

11

12     On behalf of Defendants and

13     Counterclaim-Plaintiffs Samsung parties:

14             MARISSA R. DUCCA, ESQUIRE

15             JAMES RAZICK, ESQUIRE

16             QUINN, EMANUEL, URQUHART & SULLIVAN

17             1299 Pennsylvania Avenue, Northwest

18             Suite 825

19             Washington, D.C.  20004

20             (202) 538-8000

21

22

23

24

25

295

1          A P P E A R A N C E S   C O N T I N U E D

2     On behalf of Defendants and

3     Counterclaim-Plaintiffs Samsung parties:

4            JOSEPH MILOWIC, III, ESQUIRE

5            QUINN, EMANUEL, URQUHART & SULLIVAN

6            51 Madison Avenue, 22nd Floor

7            New York, New York  10010

8            (212) 849-7225

9

10    ALSO PRESENT:

11           David Bayles, Videographer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

326

1      Q.    What is the minimum number of zones          09:11:52

2    necessary to meet the limitations of Claim 1?       09:11:54

3      A.    Just one zone.                               09:12:00

4      Q.    What is the minimum number of               09:12:01

5    zone-specific storage and interface devices         09:12:04

6    necessary to meet the limitations of Claim 1?       09:12:06

7      A.    In general, it, I mean, overall, it         09:12:09

8    requires for Claim 1 a plurality.  Whether or not   09:12:13

9    you have two zone-specific storage interface        09:12:18

10   devices in one zone, or have one zone-specific      09:12:22

11   storage and interface device in one zone, and       09:12:27

12   another one in the other zone, the, there is no     09:12:29

13   restriction on that.  As long as, overall, there    09:12:33

14   are at least a plurality of zone-specific storage   09:12:36

15   and interface devices.                              09:12:41

16     Q.    Do you see the term in Claim 1 at           09:12:42

17   Line 46, the zone-specific storage and interface    09:12:46

18   devices?                                            09:12:49

19     A.    I do.                                        09:12:53

20     Q.    What did you understand to be the           09:13:01

21   antecedent basis for that term?                     09:13:03

22     A.    So, the antecedent basis for the            09:13:14

23   term, zone-specific storage and interface device,   09:13:48

24   relates to the at least one zone-specific storage   09:13:51

25   and interface device.  And, in particular, this     09:13:54

327

| | | |
|---|---|---|
| 1 | requires devices, which is further confirmed in | 09:13:57 |
| 2 | Claim 6, which refers to the antecedent basis as | 09:14:03 |
| 3 | the plurality of zone-specific storage and | 09:14:09 |
| 4 | interface devices. | 09:14:11 |
| 5 | Q.    Claim 1 of the '757 patent supports | 09:14:12 |
| 6 | multiple users in the system, correct? | 09:14:15 |
| 7 | MR. MILOWIC:  Objection, vague. | 09:14:24 |
| 8 | THE WITNESS:  It requires at least | 09:14:26 |
| 9 | one user, which allows for multiple users. | 09:14:33 |
| 10 | BY MR. SELWYN: | 09:14:35 |
| 11 | Q.    And according to Claim 1, any user | 09:14:35 |
| 12 | must be able to access his or her content in any | 09:14:38 |
| 13 | of the zones, correct? | 09:14:40 |
| 14 | MR. MILOWIC:  Objection, form. | 09:14:47 |
| 15 | THE WITNESS:  Yes, with the | 09:15:27 |
| 16 | understanding that if you are asking me | 09:15:28 |
| 17 | about, let's say a hypothetical type system, | 09:15:34 |
| 18 | in which there happens to be two zones | 09:15:36 |
| 19 | defined, and there are two users, then, the | 09:15:42 |
| 20 | whereby limitation -- or the whereby clause | 09:15:48 |
| 21 | of the second limitation, excuse me, states | 09:15:51 |
| 22 | whereby the at least one user, in this | 09:15:54 |
| 23 | example, in this hypothetical example, both | 09:15:56 |
| 24 | users can be situated in any one of the | 09:15:59 |
| 25 | zones, in this hypothetical example, both | 09:16:01 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 2
CONDUCTED ON FRIDAY, OCTOBER 4, 2013

336

| | | |
|---|---|---|
| 1 | just five lines of the '446 patent, okay. | 09:28:19 |
| 2 | I don't want to you look at other | 09:28:22 |
| 3 | lines of the patent.  I'm asking about five | 09:28:23 |
| 4 | lines.  Your counsel can ask questions about | 09:28:25 |
| 5 | other parts of the patent, okay? | 09:28:27 |
| 6 | Would you agree with me, sir, that | 09:28:29 |
| 7 | Column 8, Lines 50 through 55 of the '446 patent | 09:28:30 |
| 8 | indicates that after the user selects certain | 09:28:34 |
| 9 | pieces of data, that data is then transferred to | 09:28:37 |
| 10 | storage server, 200? | 09:28:39 |
| 11 | A.    So, I think it is the same issue we | 09:28:44 |
| 12 | discussed yesterday.  And you have to look at | 09:28:48 |
| 13 | the, at the specification, and what is disclosed | 09:28:52 |
| 14 | in the Onyon patent, as a whole. | 09:28:55 |
| 15 | And if you do that, you, for | 09:28:57 |
| 16 | example, it describes how in Column 7, | 09:29:00 |
| 17 | Line Number 52, in Figure 3 it says, "The | 09:29:06 |
| 18 | user, 550, interacts with, for example, a browser | 09:29:11 |
| 19 | application, 100, such as a worldwide web | 09:29:13 |
| 20 | browser, which allows the user access to an | 09:29:17 |
| 21 | information store.  The store may be any public | 09:29:19 |
| 22 | or private storage server coupled to the | 09:29:23 |
| 23 | network." | 09:29:25 |
| 24 | And we spoke yesterday how in | 09:29:25 |
| 25 | Column 9, it explains in lines number, at Line | 09:29:27 |

337

| | | |
|---|---|---|
| 1 | Number 8, "One example of media information which | 09:29:34 |
| 2 | may be provided into personal information space | 09:29:36 |
| 3 | is to utilize the aforementioned system on a | 09:29:40 |
| 4 | public information server which allows | 09:29:42 |
| 5 | transference of data file such as executables, | 09:29:44 |
| 6 | documents, or digital music files, from the | 09:29:48 |
| 7 | public information space to a personal | 09:29:51 |
| 8 | information space. | 09:29:52 |
| 9 | As shown in Figure 4, data from the | 09:29:55 |
| 10 | storage server is then considered part of the | 09:29:57 |
| 11 | personal information space, and may be thereafter | 09:29:58 |
| 12 | synchronized to any one or all of the devices." | 09:30:03 |
| 13 | The point is, if you have a user and | 09:30:05 |
| 14 | they would like access to a particular song, then | 09:30:10 |
| 15 | that particular song may be available in some | 09:30:14 |
| 16 | website. | 09:30:18 |
| 17 | And, it may not be available in the | 09:30:19 |
| 18 | storage, in a particular storage server. | 09:30:22 |
| 19 | So, in order to ultimately bring it | 09:30:25 |
| 20 | to the user's device, and to the personal | 09:30:27 |
| 21 | information space, that means that it has to go | 09:30:30 |
| 22 | into the storage server, in order to be able to | 09:30:32 |
| 23 | allow the system to be implemented. | 09:30:36 |
| 24 | Q.    Can you answer my question or not? | 09:30:38 |
| 25 | MR. MILOWIC:  I don't, I think you | 09:30:40 |

338

| | | |
|---|---|---|
| 1 | shouldn't interrupt the witness, because he | 09:30:42 |
| 2 | was answering your question. | 09:30:44 |
| 3 | THE WITNESS:  And so -- | 09:30:45 |
| 4 | MR. MILOWIC:  So, I object. | 09:30:46 |
| 5 | MR. SELWYN:  Well, I'm just putting | 09:30:48 |
| 6 | you on notice that I'm going to move in | 09:30:50 |
| 7 | limine to preclude this witness from | 09:30:52 |
| 8 | testifying on the subject of the Onyon patent | 09:30:55 |
| 9 | for failure to answer my questions -- | 09:30:57 |
| 10 | MR. MILOWIC:  I think -- | 09:30:57 |
| 11 | MR. SELWYN:  So, if you want to | 09:30:57 |
| 12 | take -- let me finish. | 09:30:57 |
| 13 | If you want to take a break and | 09:30:58 |
| 14 | advise the witness that he needs to be | 09:31:00 |
| 15 | responsive to the questions, you might want | 09:31:02 |
| 16 | to do that. | 09:31:04 |
| 17 | MR. MILOWIC:  I think he has been | 09:31:04 |
| 18 | entirely responsive, and I think you will | 09:31:05 |
| 19 | lose that motion, and it could be considered | 09:31:07 |
| 20 | frivolous. | 09:31:10 |
| 21 | MR. SELWYN:  Good for you. | 09:31:11 |
| 22 | BY MR. SELWYN: | 09:31:11 |
| 23 | Q.   Go ahead. | 09:31:11 |
| 24 | A.   So, to finish my previous response, | 09:31:12 |
| 25 | so, as I said, the whole mechanism that you are | 09:31:15 |

HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION OF DANIEL SCHONFELD, Ph.D., VOLUME 2
CONDUCTED ON FRIDAY, OCTOBER 4, 2013

339

| | | |
|---|---|---|
| 1 | alluding to is just the mechanism by which the | 09:31:20 |
| 2 | data comes from the public space into a portion | 09:31:23 |
| 3 | of the storage server, in order to allow the user | 09:31:25 |
| 4 | to actually access it. | 09:31:28 |
| 5 | And, I think that the invention | 09:31:30 |
| 6 | makes clear that any kind of synchronization that | 09:31:33 |
| 7 | is done is not done between the user's devices, | 09:31:38 |
| 8 | but only to allow data to come into the personal | 09:31:40 |
| 9 | information space. | 09:31:44 |
| 10 | And, this is the best I can do, | 09:31:45 |
| 11 | given the fact that I'm not allowed to look in my | 09:31:48 |
| 12 | report at the moment. | 09:31:51 |
| 13 | Q.   And you don't want to answer my | 09:31:52 |
| 14 | question about Column 8, Lines 50 through 55, | 09:31:55 |
| 15 | right? | 09:31:57 |
| 16 | MR. MILOWIC:  Objection, | 09:31:57 |
| 17 | argumentative, mischaracterizes the | 09:31:58 |
| 18 | testimony, harassing. | 09:32:00 |
| 19 | THE WITNESS:  I believe I answered | 09:32:01 |
| 20 | it to the best of my ability given my | 09:32:03 |
| 21 | understanding of the Onyon patent, as a | 09:32:04 |
| 22 | whole. | 09:32:07 |
| 23 | BY MR. SELWYN: | 09:32:07 |
| 24 | Q.   Have you ever installed a card into | 09:32:07 |
| 25 | an expansion slot on a computer? | 09:32:09 |