# COCKBURN EXHIBIT 1

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

APPLE INC., a California corporation,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Counterclaim-Plaintiffs,

v.

APPLE INC., a California corporation,

Counterclaim-Defendant.

Civil Action No. 12-CV-00630-LHK (PSG)

**EXPERT REPORT OF PROFESSOR ANDREW COCKBURN**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**TABLE OF CONTENTS**

**Page**

I. Introduction ........ 1
II. Executive Summary ........ 1
A. U.S. Patent No. 8,046,721 ........ 1
B. U.S. Patent No. 8,074,172 ........ 5
C. U.S. Patent No. 8,014,760 ........ 8
III. Qualifications and Experience ........ 12
IV. Materials Considered for this Expert Report ........ 14
V. Legal Standards ........ 14
A. Claim Language ........ 15
B. Infringement ........ 16
VI. Summary of Opinions ........ 18
VII. Technical Background ........ 19
A. The Importance and Goals of User Interface Design ........ 19
B. The Difficulty of Interface Design ........ 20
C. The Influence of Evolving Expectations on Interface Design (and Vice-Versa) 23
D. Overview of the Asserted Apple Patents ........ 24
E. Overview of Samsung Entities ........ 26
F. Samsung's Products Compared to Apple's Products ........ 27
VIII. Level of Ordinary Skill in the Art ........ 29
IX. Infringement of Apple's Patents ........ 30
A. The '721 Patent ........ 30
1. General Background ........ 30
2. Claim Analysis ........ 38
3. Accused Devices ........ 38
4. Summary of Infringement Opinions ........ 39
5. Samsung's Infringement of Claim 8 of the '721 Patent ........ 40
i. Claim 7, Preamble: "A portable electronic device, comprising:" 41
ii. a touch-sensitive display ........ 42
iii. memory ........ 42
iv. one or more processors ........ 43
v. one or more modules stored in the memory and configured for execution by the one or more processors, the one or more modules including instructions: ........ 43
vi. to detect a contact with the touch-sensitive display at a first predefined location corresponding to an unlock image ........ 45
vii. to continuously move the unlock image on the touch-sensitive display in accordance with movement of the detected contact

**TABLE OF CONTENTS**
(continued)

**Page**

while continuous contact with the touch-sensitive display is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device .......... 61

viii. to unlock the hand-held electronic device if the unlock image is moved from the first predefined location on the touch screen to a predefined unlock region on the touch-sensitive display .......... 75

ix. Claim 8: The device of Claim 7, further comprising instructions to display visual cues to communicate a direction of movement of the unlock image required to unlock the device. .......... 87

6. Samsung's Purported Non-Infringing Alternatives .......... 98

7. Samsung Induces Others To Infringe Claim 8 of the '721 Patent .......... 107

8. Samsung Contributes To Others' Infringement Of Claim 8 of the '721 Patent .......... 107

9. Apple Products Practice Claim 8 of The '721 Patent .......... 108

10. Samsung's Copying of the Features of the '721 Patent .......... 109

B. The '172 Patent .......... 109

1. General Background .......... 109

2. Asserted Claim 18 .......... 118

3. Claim Analysis .......... 119

4. Accused Devices .......... 119

5. Summary of Infringement Opinions .......... 120

6. Infringement of Claim 18 .......... 121

i. A graphical user interface on a portable electronic device with a keyboard and a touch screen display, comprising: .......... 122

ii. a first area of the touch screen display that displays a current character string being input by a user with the keyboard; and .......... 125

iii. a second area of the touch screen display separate from the first area that displays the current character string or a portion thereof and a suggested replacement character string for the current character string; wherein; .......... 127

iv. the current character string in the first area is replaced with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter; .......... 130

v. the current character string in the first area is replaced with the suggested replacement character string if the user performs a gesture on the suggested replacement character string in the second area; and .......... 133

vi. the current character string in the first area is kept if the user performs a gesture in the second area on the current character string or the portion thereof displayed in the second area .......... 136

7. Samsung's Purported Design-Arounds .......... 140

**TABLE OF CONTENTS**
(continued)

**Page**

8. Samsung Induces Others To Infringe Claim 18 Of The ’172 Patent..... 148

9. Samsung Contributes To Others’ Infringement Of Claim 18 of the ’172 Patent.......... 148

10. Apple Products Practice Claims Of The ’172 Patent.......... 149

C. The ’760 Patent .......... 150

1. General Background .......... 150

2. Asserted Claim .......... 154

3. Claim Analysis .......... 155

4. Accused Devices.......... 156

5. Infringement of Claim 10.......... 158

i. A portable electronic device with a touch screen display, comprising: .......... 158

ii. memory:.......... 160

iii. one or more processors:.......... 161

iv. one or more programs stored in the memory and configured for execution by the one or more processors, the one or more programs including instructions for: .......... 161

1) displaying a list of interactive items for missed telephone calls, wherein each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct from the first interactive displayed portion:...... 162

2) immediately in response to detecting a finger gesture on the first interactive displayed portion of a respective user selected item in the list, initiating a return telephone call to a return telephone number associated with the respective user selected item:.......... 168

3) immediately in response to detecting a finger gesture on the second interactive displayed portion of the respective user selected item in the list, completely substituting display of the list of interactive items with display of contact information for a respective caller associated with the respective user selected item, the displayed contact information including a plurality of contact objects, including:.......... 173

a) a first contact object comprising a telephone number object having the return telephone number:.......... 176

b) a second contact object associated with a non-telephonic communication modality for contacting the respective caller, and: ................ 180

**TABLE OF CONTENTS**
(continued)

**Page**

4) immediately in response to detecting user selection of the second contact object, initiating a communication with the respective caller via the non-telephonic communication modality corresponding to the second contact object: ... 183

6. Samsung's Non-Infringing Alternatives for the '760 Patent ... 187

7. Samsung Induces Others To Infringe Claim 10 of the '760 Patent ... 190

8. Apple Products Practice Claim 10 '760 Patent ... 191

9. Samsung's Copying of the Features of the '760 Patent ... 192

X. Compensation ... 193

XI. Conclusion ... 193

Gibson, Dunn & Crutcher LLP

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY

CASE NO. 12-CV-00630-LHK (PSG)
COCKBURN EXPERT REPORT

## I. Introduction

1. I have been retained as an independent technical expert on behalf of Apple, Inc. ("Apple"), in the matter of Samsung Electronics, Co. ("Samsung"). I have been asked to give my opinion about whether certain Samsung products infringe U.S. Patent Numbers 8,046,721 (the "'721 Patent"), 8,074,172 (the "'172 Patent"), and 8,014,760 (the "'760 Patent") (collectively, the "Asserted Patents"). Specifically, I have been asked to compare the asserted claims of the Asserted Patents to various accused Samsung products and form an independent opinion regarding whether or not the accused products infringe any of those claims. I have also been asked to provide an opinion as to whether the Apple-iOS products use the technology of the Asserted Patents. My opinions are set forth below in this report.

2. In forming the opinions in this report, counsel for Apple advised me on the applicable legal standards and I have applied these standards. I have also relied on my own knowledge, education, and experience. My opinions are based on technical evaluations of materials described in this report, the information available to me to date, my education and hands-on experience over the past 20 or so years.

## II. Executive Summary

3. The Asserted Patents are all directed to various aspects of the user interface of a device, such as a smartphone or other mobile device, with a touchscreen. From an elegant mechanism to avoid inadvertent use or activation of the device, to a word recommendation feature that speeds and simplifies typing on a glass surface, to a useful gesture-based interface that helps manage and utilize information obtained through received calls, the technology behind the Asserted Patents are part of what make products like the iPhone and iPad powerful, fun, and easy to use. As I will discuss in detail, Samsung has adopted each of these features in numerous of its own smartphone and tablet devices, and thus infringes each of the asserted claims of these patents.

### A. U.S. Patent No. 8,046,721

4. The '721 Patent describes a user-friendly interface that prevents accidental activation of a touch-screen mobile device while also permitting a user to easily and efficiently unlock the device, in an intuitive manner, with a gesture on the touch-screen. Because portable touchscreen

devices respond to touch gestures, it is possible that the simple act of inserting or removing the device to or from a pocket or purse may inadvertently trigger a function or feature of the device.   As a result, it is important to be able to "lock" the touchscreen to prevent it from accepting certain inputs so that functions, such as dialing a call, are not accidentally activated.   However, to avoid user frustration, it must also be easy to "unlock" the device, but not so easy that the device is likely to inadvertently be unlocked by unintended gestures.

5.      The '721 Patent provides just this balance between ease of use and protection against accidental activation of the device.  Specifically, asserted Claim 8 describes a user interface that 1) displays an unlock image at a predefined location on the interface, 2) continuously moves the unlock image on the screen in accordance with the user's finger movement on the screen, 3) contains visual cues to direct the user where to move the unlock image to unlock the device, and 4) unlocks the device when the user moves the unlock image to a predefined unlock region on the screen.

6.      The Samsung devices accused of infringing the '721 Patent all include user interfaces that satisfy every element of Claim 8.  That Samsung's devices infringe appears, from my review of information produced during this lawsuit, to be a direct consequence of Samsung's efforts to copy the slide-to-unlock mechanism on Apple's iPhone and iPad devices, which also practice Claim 8 of the '721 Patent.  Samsung's own documents indicate that it chose the slide-to-unlock mechanisms to solve the same problems that the '721 Patent sought to achieve—preventing accidental activation of a touch-screen device while providing appropriate visual cues to direct the user regarding how to unlock the device.

7.      Apple accuses the following Samsung devices of infringing Claim 8 of the '721 Patent:  Admire, Captivate Glide, Conquer 4G, Dart, Exhibit II 4G, Galaxy Nexus, Galaxy SII, Galaxy SII Epic 4G Touch, Galaxy SII Skyrocket, Illusion, Stratosphere, and Transform Ultra.  For some of these products, Apple accuses only certain releases of infringement.  The specifics of which releases for a given product are accused are detailed in the infringement section of this report.

8.      I have attached detailed claim charts for each of the accused devices demonstrating how such products all infringe Claim 8 of the '721 patent.  For example, Claim 8 (which also includes the claim limitations of claim 7 of the '721 Patent), requires the display of an unlock image

character string and a suggested replacement word or words ("suggested replacement character strings") in a second area of the display separate from the first; 3) replaces the current character string displayed in the first area with a suggested replacement character string if the user selects a delimiter (such as a comma or a space); 4) provides an alternative method of replacing the current character string displayed in the first area with a suggested replacement character string if the user gestures (*e.g.*, by tapping) on the suggested replacement character string displayed in the second area; and 5) instead keeps the current character string displayed in the first area (*e.g.*, if the user believes they have correctly spelled the word)  if the user gestures on the current character string displayed in the second area.

17.     Apple accuses the following Samsung devices of infringing Claim 18 of the '172 Patent:  Admire, Captivate Glide, Conquer 4G, Exhibit II 4G, Galaxy Nexus, Galaxy Note, Galaxy SII, Galaxy SII Epic 4G Touch, Galaxy SII Skyrocket, Stratosphere, and Transform Ultra.  For some of these products, Apple accuses only certain releases of infringement.  The specifics of which releases for a given product are accused are detailed in the infringement section of this report.

18.     Through my analysis of the devices accused of infringing the '172 Patent, Samsung and Google documents, source code, and other materials, it is my opinion that the devices accused of infringing the '172 Patent infringe Claim 18 of the '172 Patent in exactly the same way, across carriers and operating systems.  *See* Section IX.B; Exhibits 4-1 to 4-11.  Although some of the accused devices have been released for multiple wireless carriers, such as AT&T and T-Mobile, an accused device's infringement of Claim 18 of the '172 Patent is identical across carrier versions of that device.  *See id.*  Indeed, each accused device operates identically across carriers in all material respects for purposes of infringement.  *See id.*  In addition, Samsung has released multiple software versions for most of the accused devices, including in some cases multiple revisions of the Android OS platform.  However, based on my analysis, the infringement by an accused device is identical across all accused releases of that device.  *See id.*  That is, there is no difference, for purposes of demonstrating that an accused device infringes Claim 18 of the '172 Patent, between the accused releases of the Gingerbread, Ice Cream Sandwich, and Jelly Bean Android operating systems available for that device.  Additionally, for each Android operating system, there may be sub-versions

denoted by a third dot.  For example, Android Ice Cream Sandwich 4.0 may have a 4.0.1 sub-version and a 4.0.2 sub-version.  Based on my analysis, there are no material differences between those Android versions for purposes of demonstrating infringement of the '172 Patent; each accused device operates identically across Android versions and sub-versions in all material respects for purposes of infringement of the '172 Patent.  *See id.*

19.     I have also attached detailed claim charts for each of the devices accused of infringing the '172 Patent demonstrating how such products all infringe Claim 18 of the '172 Patent in the same way.  For example, if the user types "messaf" (the current character string) in the Messaging application found on each of these devices, "messaf" appears in the portion of display showing the entirety of the text message the user is composing (the "first area"). All of the accused devices also display the current character string in a suggestion bar, which is located between the first area and the keyboard (the "second area").  The suggestion bar contains both the current character string and suggested replacement words for the current character string.  Using our example, if the user typed "messaf", the second area would display "messaf", as well as suggestions for replacements for "messaf", such as "message" or "messages".  Next, in every accused device, when the user selects a delimiter, the current character string in the first area is replaced by one of the suggestions in the second area.  Continuing the example, if the user selects spacebar after typing "messaf", "message", one of the suggestions displayed in the second area, would replace "messaf" displayed in the first area.  Alternatively, if the user instead taps on "message" displayed in the second area, "message" would replace "messaf" in the first area.  Finally, in all of the accused devices, if the user taps on "messaf" displayed in the second area, "messaf" is kept in the first area.

20.     Moreover, because all of the devices accused of infringing Claim 18 of the '172 Patent are identical for all relevant purposes with regard to an infringement analysis, I provide a detailed analysis for only three exemplary devices below.  My analysis below, however, applies to every device accused of infringing Claim 18 of the '172 Patent.  In addition, any of the three exemplary devices I discuss below is equally representative of all other accused devices.

21.     While I discuss in detail how the accused devices infringe Claim 18 of the '172 Patent, Samsung has identified a number of non-infringement arguments to assert that its products do not

infringe. Again, as with the ’721 Patent, I simply do not agree. For example, one of Samsung’s non-infringement arguments relies on interpreting Claim 18 to require particular constraints on how the displayed character strings are implemented in program code and in computer memory. Nothing, however, in the language of Claim 18 or specification of the ’172 Patent supports this argument. Samsung also argues that its devices do not infringe Claim 18 of the ’172 Patent because they do not include a keyboard that is separate from the touch screen. This argument is directly contradicted by the specification of the ’172 Patent, which specifically describes implementing these user interfaces on virtual keyboards displayed on a touch screen. In short, there is no real dispute that the Samsung devices accused of infringing Claim 18 of the ’172 Patent contain user interfaces that meet every limitation of Claim 18.

22. As a result, it is my opinion that every device accused of infringing Claim 18 of the ’172 Patent infringes this claim in the same way for all relevant purposes, regardless of product, carrier, or software version.

23. It is also my opinion that Apple practices the ’172 Patent. For example, when the user makes a typo while typing in an Apple iOS device, a suggested replacement for that typo is displayed just above or below the typo. If the user selects a delimiter, the suggested replacement replaces the typo. This user interface satisfies at least Claim 27 of the ’172 Patent.

**C. U.S. Patent No. 8,014,760**

24. Finally, the ’760 Patent and its claims generally describe a user interface that allows users to easily manage missed calls on a smartphone. Because a user may be occupied and miss a call from a person for whom the user already has information such as phone numbers, email addresses, or other contact information, the user might like a convenient way to return the missed call by calling the person back (at the same or a different phone number), sending a text message or email, or through some other communication means.

25. The ’760 Patent provides for an easy-to-use interface to allow just such actions when a user misses a call. In particular, asserted Claim 10 allows users to: 1) initiate a return phone call associated with a missed telephone number by simply gesturing on one portion of the display; or 2) view and access a missed caller’s contact information by gesturing on another part of the display.

375. *Fourth*, by including the current character string in the second area, the user can gesture to specify that the actual characters input should be kept. This is important when the user intends to keep a word that is not known in the dictionary.

**2. Asserted Claim 18**

376. I understand that Apple is asserting Claim 18 of the '172 Patent against a number of Samsung devices. Dkt. 1; Dkt. 645.

377. Claim 18 of the '172 Patent claims:

> 18. A graphical user interface on a portable electronic device with a keyboard and a touch screen display, comprising
>
> a first area of the touch screen display that displays a current character string being input by a user with the keyboard; and
>
> a second area of the touch screen display separate from the first area that displays the current character string or a portion thereof and a suggested replacement character string for the current character string;
>
> wherein;
>
> the current character string in the first area is replaced with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter;
>
> the current character string in the first area is replaced with the suggested replacement character string if the user performs a gesture on the suggested replacement character string in the second area; and
>
> the current character string in the first area is kept if the user performs a gesture in the second area on the current character string or portion thereof displayed in the second area.

378. The claim language above, in my opinion, clearly refers to what the user sees on the display of the portable electronic device. For example, the preamble of the claim describes a "graphical user interface". This graphical user interface includes a "first area of the touch screen display" and a "second area of the touch screen display" that "displays" both the "current character string" and "suggested replacement character string[s]". The claims then describe whether the current character string is kept or replaced "in the first area" of the display in response to certain user actions.

379. Consistently, and as noted above, because the claim language refers to what is shown on the screen, whether a device infringes Claim 18 of the ’172 Patent can be determined by looking at how the device behaves from a user’s perspective. Indeed, the ’172 Patent does not ask how or where the data underlying the current character string, or suggested replacement character string is stored in memory; an infringement analysis for the ’172 Patent need only ask what is shown on the screen of a portable device while the user is interacting with the device’s touch screen.

**3. Claim Analysis**

380. I have been informed and understand that the Court has not provided any constructions relevant to the ’172 Patent. I have interpreted Claim 18 of the ’172 Patent from the perspective of one of ordinary skill in the art.

**4. Accused Devices**

381. I understand that Apple accuses the following devices of infringing Claim 18 of the ’172 Patent:

- Admire
- Captivate Glide
- Conquer 4G
- Exhibit II 4G
- Galaxy Nexus
- Galaxy Note (excluding I717UCMD3 release)
- Galaxy SII (excluding T989UVMC6 release)
- Galaxy SII Epic 4G Touch (excluding GB27 release)
- Galaxy SII Skyrocket (excluding I727UCMC1 release)
- Stratosphere
- Transform Ultra

(collectively, “’172 Patent Accused Devices”). Unless otherwise noted in the list provided above, reference to a particular device in this section of my report (Section IX.B) encompasses all OS’s running on the Android platform, maintenance releases, and carriers for that device. This also applies to the infringement charts related to the ’172 Patent, which are attached as Exhibits 4-1 to 4-11.

**5. Summary of Infringement Opinions**

382. If I am called as an expert witness, I expect to testify regarding general background and technical matters relating to the subject matter of the '172 Patent and its claims, including the operation of graphical user interfaces and the field of human-computer interaction. I further expect to testify regarding matters pertaining to Samsung's infringement of the '172 Patent. I have been asked to analyze the '172 Patent and the '172 Patent Accused Devices and provide technical teaching and opinions regarding that Patent.

383. The explanation of my opinion regarding infringement of Claim 18 of the '172 Patent includes the claim charts attached hereto as Exhibits 4-1 to 4-11. These Exhibits are intended to be exemplary and not exhaustive. The discussion below concerning infringement is meant to be read together with the material in Exhibits 4-1 to 4-11. I also incorporate by reference Karan Singh's declaration in support of Apple's Motion for a Preliminary Injunction (Dkt. No. 15) and the exhibits thereto, as well as Karan Singh's reply declaration in support of Apple's Motion for a Preliminary Injunction (Dkt. No. 180) and the exhibits thereto.

384. It is my opinion that the '172 Patent Accused Devices infringe Claim 18 of the '172 Patent.

385. In performing this analysis, I reviewed the '172 Patent and its file history, operated each of the accused devices, and reviewed material related to the accused devices.

386. Based on my operation of each of the accused devices and my review of 1) various documents produced by Apple, Google and other third-parties; 2) source code provided by Samsung and Google; 3) publicly available material from various websites; and 4) Samsung's Responses to Apple's Interrogatories, I conclude that each '172 Patent Accused Device implements the accused functionality in the same way for purposes of my analysis, via either the Android keyboard or the Swype keyboard. For those devices that came preinstalled with the Android keyboard, I performed my infringement analysis using the Android keyboard. For those devices that did not come preinstalled with the Android keyboard, but did come preinstalled with the Swype keyboard, I performed my infringement analysis using the Swype keyboard (*i.e.*, for certain products including the Galaxy S II (T-Mobile), Galaxy SII Epic 4G Touch, and Exhibit II 4G). However, for purposes

of analyzing whether the product infringes Claim 18 of the '172 patent, it is irrelevant as to whether the Android or the Swype keyboard is used, as both function in exactly the same way for purposes of the infringement analysis.

387.    In particular, every '172 Patent Accused Device includes a first area of the display that displays the current character string being input by the user.  Every '172 Patent Accused Device also includes a second area of the display that displays the current character string and suggested replacement character strings.  In every '172 Patent Accused Device, the first area is located above the second area.  The second area is located just above the keyboard.  In every '172 Patent Accused Device, if the user selects a delimiter, a suggested replacement character string displayed in the second area replaces the current character string displayed in the first area.  In every '172 Patent Accused Device, if the user gestures on a suggested replacement character string displayed in the second area, that suggested replacement character string replaces the current character string displayed in the first area.  Finally, in every '172 Patent Accused Device, if the user gestures on the current character string displayed in the second area, the current character string displayed in the first area is kept in the first area.

388.    For brevity's sake, and because the accused functionality is substantially the same for every '172 Patent Accused Device, regardless of whether the device includes the Android and/or Swype keyboard, I provide a detailed, element-by-element analysis of only three devices in the body of this report: the Samsung Galaxy S II Epic 4G Touch ("Epic 4G"), the Samsung Stratosphere ("Stratosphere"), and the Samsung Galaxy Nexus.  However, because the other '172 Patent Accused Devices operate in substantially the same way, my analysis of any of these three products apply to all the other devices as well.

**6.    Infringement of Claim 18**

389.    I conclude that each and every '172 Patent Accused Device literally satisfies every limitation of Claim 18 of the '172 Patent.  The reasons for my conclusions include the reasons stated in the infringement charts attached as Exhibits 4-1 to 4-11 to this report, and are incorporated herein. My element-by-element analysis is further provided below.

**i. A graphical user interface on a portable electronic device with a keyboard and a touch screen display, comprising:**

390. To the extent that the preamble may be construed to be limiting, each and every one of the ’172 Patent Accused Devices are portable electronic devices—namely, smartphones—that include a touch screen, a graphical user interface, and a keyboard.

**Epic 4G**

391. The Epic 4G is a portable electronic device. For example, the Epic 4G is 5.11” x 2.74” x 0.38”, has a CPU, memory, camera, touch screen display, and battery. APLNDC630-0000160973 (Epic 4G Specifications); APLNDC630-0000160976 (Epic 4G User Manual). I also confirmed via my operation of the Epic 4G that it has a touch screen. As shown in the screenshot below, the Epic 4G also includes a graphical user interface and a keyboard.

(Epic 4G)

**Stratosphere**

392. The Stratosphere is a portable electronic device. For example, the Stratosphere is 4.96” x 2.54” x 0.55”, has a CPU, memory, a touch screen display, and a battery. APLNDC630-0000162108 (Stratosphere Specifications); APLNDC630-0000162110 (Stratosphere User Manual). I

also confirmed via my operation of the Stratosphere that it has a touch screen. As shown in the screenshot below, the Stratosphere also includes a graphical user interface and a keyboard.

(Stratosphere)

**Galaxy Nexus**

393. The Galaxy Nexus is a portable electronic device, as reflected by its size. The Verizon and Sprint versions of the Galaxy Nexus are 5.33" x 2.67" x 0.37" and each has a CPU, memory, a touch screen display, and a battery. APLNDC630-0000160368 (Verizon Galaxy Nexus Specifications); APLNDC630-0000160354 (Sprint Galaxy Nexus Specifications); APLNDC630-0000171537 (Galaxy Nexus User Manual). Similarly, the unlocked version of the Galaxy Nexus is portable in size and also has a CPU, memory, and battery. APLNDC630-0000160391 (Unlocked Galaxy Nexus Specifications). I also confirmed via my operation of the Verizon, Sprint, and Unlocked Galaxy Nexus devices that each has a touch screen.

394. As shown in the screenshot below, which comes from the Verizon Galaxy Nexus, the Galaxy Nexus also includes a graphical user interface and a keyboard.

(Galaxy Nexus)

395. All of the screenshots of the Galaxy Nexus in this report are taken from a Verizon Galaxy Nexus. As I noted previously, the accused functionality is identical on the Sprint and Unlocked versions of the Galaxy Nexus.

396. I understand that Samsung contends that the ’172 Patent Accused Products do not satisfy the preamble of Claim 18 because the devices do not have a keyboard that is separate from the touch screen display. Samsung’s Further Supplemental Responses to Apple’s First, Third, And Tenth Sets of Interrogatories at 145. I disagree. As specifically contemplated by the ’172 Patent, the keyboard can be a soft keyboard displayed on the touch screen display. *See* ’172 Patent, 4:11-12. For example, the ’172 Patent speaks of “trays,” which are defined as “defined region[s] or area[s] within a graphical user interface.” *Id.* at 7:10-13. “One tray may include a user entry interface, such as a virtual or soft keyboard 210 that includes a plurality of icons.” *Id.* at 7:13-15; *see also id.* at 7:64 (referring to “a keyboard 210”, which refers to the same soft keyboard mentioned in 7:13-15); 9:6 (referring to text “entered by the user via a keyboard 210”, which also refers to the same soft keyboard mentioned in 7:13-15). Because the keyboard can be a soft keyboard displayed on the touch screen display, the ’172 Patent Accused Products satisfy the preamble of Claim 18.

**ii. a first area of the touch screen display that displays a current character string being input by a user with the keyboard; and**

397. All of the ’172 Patent Accused Devices include a first area of the touch screen display that displays a current character string being input by a user with the keyboard. Based on my inspection and analysis of the ’172 Patent Accused Devices and related documents, each such device has a text display area (“first area”) that includes the current character string. The current character string is the text currently being input by the user.

**Epic 4G**

398. The figure below displays the Epic 4G messaging application. In this screenshot, which displays the Android keyboard, the user has entered “This is a new” and is entering the current character string “messaf” in the first area.

(Epic 4G screenshot. The text area displays “This is a new <u>messaf</u>”, where “<u>messaf</u>” is the current character string.)

399. Based on the above, I conclude that the Epic 4G meets this element of Claim 18 of the ’172 Patent.

**Stratosphere**

400. The figure below displays the Stratosphere messaging application. In this screenshot, which displays the Android keyboard, the user has entered “This is a new” and is entering the current character string “messaf” in the first area.

(Stratosphere screenshot. The text area displays "This is a new messaf", where "messaf" is the current character string.)

401. Based on the above, I conclude that the Stratosphere meets this element of Claim 18 of the '172 Patent.

**Galaxy Nexus**

402. The figure below displays the Galaxy Nexus messaging application. In this screenshot, which displays the Android keyboard, the user has entered "This is a new" and is entering the current character string "messaf" in the first area.



(Galaxy Nexus screenshot. The text area displays "This is a new messaf", where "messaf" is the current character string.)

403. Based on the above, I conclude that the Galaxy Nexus meets this element of Claim 18 of the '172 Patent.

**iii. a second area of the touch screen display separate from the first area that displays the current character string or a portion thereof and a suggested replacement character string for the current character string; wherein;**

404. All of the '172 Patent Accused Devices include a second area of the touch screen display separate from the first area that displays the current character string or a portion thereof and a suggested replacement character string for the current character string. Based on my inspection and analysis of the '172 Patent Accused Devices and related documents, each such device displays the current character string in a second area—the area of the touch screen between the text display area and the keyboard. The second area also includes a suggested replacement character string or strings for the current character string.

**Epic 4G**

405. The figure below displays the Epic 4G messaging application. In this screenshot, which displays the Swype keyboard, the current character string being input by the user is "messaf".

"messaf" is displayed in a second area—the area of the touch screen between the first area and keyboard that displays "messaf" in the far left. In addition to displaying the current character string, the second area also displays suggested replacement character strings for the current character string. In the screenshot below, the suggested replacement character strings include "message" and "messages".

(Epic 4G screenshot showing the current character string "messaf" in a second area of the touch screen display, which also displays the suggested replacement character strings for the current character string "message" and "messages")

406. Based on the above, I conclude that the Epic 4G meets this element of Claim 18 of the '172 Patent.

**<u>Stratosphere</u>**

407. The figure below displays the Stratosphere messaging application. In this screenshot, which displays the Android keyboard, the current character string being input by the user is "messaf". "messaf" is displayed in a second area—the area of the touch screen between the first area and keyboard that displays "messaf" in the far left. In addition to displaying the current character string, the second area also displays suggested replacement character strings for the current character string. In the screenshot below, the suggested replacement character strings include "message" and "messages".



(Stratosphere screenshot showing the current character string "messaf" in a second area of the touch screen display, which also displays the suggested replacement character strings for the current character string "message" and "messages")

408.    Based on the above, I conclude that the Stratosphere meets this element of Claim 18 of the '172 Patent.

**Galaxy Nexus**

409.    The figure below displays the Galaxy Nexus messaging application.  In this screenshot, which displays the Android keyboard, the current character string being input by the user is "messaf".  "messaf" is displayed in a second area—the area of the touch screen between the first area and keyboard that displays "messaf" in the far left.  In addition to displaying the current character string, the second area also displays suggested replacement character strings for the current character string.  In the screenshot below, the suggested replacement character strings include "message" and "messages".



(Galaxy Nexus screenshot showing the current character string "messaf" in a second area of the touch screen display, which also displays the suggested replacement character strings for the current character string "message" and "messages")

410. Based on the above, I conclude that the Galaxy Nexus meets this element of Claim 18 of the '172 Patent.

**iv. the current character string in the first area is replaced with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter;**

411. All of the '172 Patent Accused Devices include the functionality of replacing the current character string in the first area with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter. Based on my inspection and analysis of the '172 Patent Accused Devices and related documents, each such device displays previously-entered text and the current character string in a first area, and a second area separate from the first area, which displays the current character string as well as a suggested replacement character string or strings for the current character string. When the user selects a delimiter on the keyboard, such as a period, question mark, or the spacebar, the suggested replacement character string replaces the current character string in the first area.

**<u>Epic 4G</u>**

412. The screenshot on the left below depicts the Epic 4G display before the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging

application. The screenshot to the right below depicts the Epic 4G display after the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging application. As the screenshots below show, after the user selects a delimiter—in the screenshots below, the spacebar—the current character string "messaf" displayed in the first area is replaced with the suggested replacement character string "message".

(Epic 4G screenshots showing the display after the user selects a delimiter on the keyboard)

413. Based on the above, I conclude that the Epic 4G meets this element of Claim 18 of the '172 Patent.

**<u>Stratosphere</u>**

414. The screenshot on the left below depicts the Stratosphere display before the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging application. The screenshot to the right below depicts the Stratosphere display after the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging application. As the screenshots below show, after the user selects a delimiter—in the screenshots below, the spacebar—the current character string "messaf" displayed in the first area is replaced with the suggested replacement character string "message".

(Stratosphere screenshots showing the display after the user selects a delimiter on the keyboard)

415. Based on the above, I conclude that the Stratosphere meets this element of Claim 18 of the '172 Patent.

**Galaxy Nexus**

416. The screenshot on the left below depicts the Galaxy Nexus display before the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging application. The screenshot to the right below depicts the Galaxy Nexus display after the user selects a delimiter on the keyboard after inputting the current character string "messaf" in the messaging application. As the screenshots below show, after the user selects a delimiter—in the screenshots below, the spacebar—the current character string "messaf" displayed in the first area is replaced with the suggested replacement character string "message".



(Galaxy Nexus screenshots showing the display after the user selects a delimiter on the keyboard)

417. Based on the above, I conclude that the Galaxy Nexus meets this element of Claim 18 of the ’172 Patent.

**v. the current character string in the first area is replaced with the suggested replacement character string if the user performs a gesture on the suggested replacement character string in the second area; and**

418. All of the ’172 Patent Accused Devices include the functionality of replacing the current character string in the first area with the suggested replacement character string if the user performs a gesture on the suggested replacement character string in the second area. Based on my inspection and analysis of the ’172 Patent Accused Devices and related documents, each such device displays previously-entered text and the current character string in a first area, and a second area separate from the first area, which displays the current character string as well as a suggested replacement character string or strings for the current character string. When the user performs a gesture on the suggested replacement character string in the second area, the suggested replacement character string replaces the current character string in the first area.

**Epic 4G**

419.     The screenshot on the left below depicts the Epic 4G display after the user inputs the current character string "messaf" in the messaging application.  The screenshot on the right depicts the Epic 4G display after the user taps on the suggested replacement character string "message" displayed in the second area of the touch screen display.  As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the suggested replacement character string "message" displayed in the second area, the current character string "messaf" displayed in the first area is replaced with the suggested replacement character string "message".



(Epic 4G screenshots showing the display before and after the user taps on a
suggested replacement character string displayed in the second area)

420.     Based on the above, I conclude that the Epic 4G meets this element of Claim 18 of the '172 Patent.

**Stratosphere**

421.     The screenshot on the left below depicts the Stratosphere display after the user inputs the current character string "messaf" in the messaging application.  The screenshot on the right depicts the Stratosphere display after the user taps on the suggested replacement character string "message" displayed in the second area of the touch screen display.  As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the suggested replacement character string "message"

displayed in the second area, the current character string “messaf” displayed in the first area is replaced with the suggested replacement character string “message”.

(Stratosphere screenshots showing the display before and after the user taps on a suggested replacement character string displayed in the second area)

422. Based on the above, I conclude that the Stratosphere meets this element of Claim 18 of the ’172 Patent.

**Galaxy Nexus**

423. The screenshot on the left below depicts the Galaxy Nexus display after the user inputs the current character string “messaf” in the messaging application. The screenshot on the right depicts the Galaxy Nexus display after the user taps on the suggested replacement character string “message” displayed in the second area of the touch screen display. As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the suggested replacement character string “message” displayed in the second area, the current character string “messaf” displayed in the first area is replaced with the suggested replacement character string “message”.



(Galaxy Nexus screenshots showing the display before and after the user taps on a suggested replacement character string displayed in the second area)

424. Based on the above, I conclude that the Galaxy Nexus meets this element of Claim 18 of the '172 Patent.

**vi. the current character string in the first area is kept if the user performs a gesture in the second area on the current character string or the portion thereof displayed in the second area**

425. All of the '172 Patent Accused Devices include the functionality of keeping the current character string in the first area if the user performs a gesture on the current character string displayed in the second area. Based on my inspection and analysis of the '172 Patent Accused Devices and related documents, each such device displays previously-entered text and the current character string in a first area, and a second area separate from the first area, which displays the current character string as well as a suggested replacement character string or strings for the current character string. When the user performs a gesture on the current character string in the second area, the current character string is kept—*i.e.*, remains displayed—in the first area.

**<u>Epic 4G</u>**

426. The screenshot on the left below depicts the Epic 4G display after the user inputs the current character string "messaf" in the messaging application. The screenshot on the right depicts

the Epic 4G display after the user taps on the current character string "messaf" displayed in the second area of the touch screen display.  As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the current character string "messaf" displayed in the second area, the current character string "messaf" displayed in the first area is kept.



(Epic 4G screenshots showing the display before and after the user taps on the current character string displayed in the second area)

427.    Based on the above, I conclude that the Epic 4G meets this element of Claim 18 of the '172 Patent.

**Stratosphere**

428.    The screenshot on the left below depicts the Stratosphere display after the user inputs the current character string "messaf" in the messaging application.  The screenshot on the right depicts the Stratosphere display after the user taps on the current character string "messaf" displayed in the second area of the touch screen display.  As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the current character string "messaf" displayed in the second area, the current character string "messaf" displayed in the first area is kept.



(Stratosphere screenshots showing the display before and after the user taps on the current character string displayed in the second area)

429. Based on the above, I conclude that the Stratosphere meets this element of Claim 18 of the ’172 Patent.

**Galaxy Nexus**

430. The screenshot on the left below depicts the Galaxy Nexus display after the user inputs the current character string “messaf” in the messaging application. The screenshot on the right depicts the Galaxy Nexus display after the user taps on the current character string “messaf” displayed in the second area of the touch screen display. As the screenshots below show, after the user taps (*i.e.*, performs a gesture) on the current character string “messaf” displayed in the second area, the current character string “messaf” displayed in the first area is kept.

(Galaxy Nexus screenshots showing the display before and after the user taps on the current character string displayed in the second area)

431. Based on the above, I conclude that the Galaxy Nexus meets this element of Claim 18 of the ’172 Patent.

432. I understand that Samsung argues that the ’172 Patent Accused Devices do not satisfy this element of Claim 18 because, in both the Android and Swype keyboards, the current character string is never kept, but is always replaced. Samsung’s Further Supplemental Responses to Apple’s First, Third, and Tenth Sets of Interrogatories at 141-143. Samsung’s argument relies on how the source code implements what is displayed to the user. *Id.*

433. I disagree with Samsung. Even assuming that Samsung’s description of how the source code for the Android Keyboard and Swype keyboard are implemented is correct, it is irrelevant to my infringement analysis. As I explained above, the ’172 Patent, including Claim 18, refers to what the user sees on the display of the portable electronic device, not how the source code implements what is displayed. The language of Claim 18 makes this clear. For example, Claim 18 refers to keeping or replacing the current character string in “the first area of the touch screen display,” a clear reference to what is being displayed to the user. Claim 18 also refers to performing gestures on the current character string or suggested replacement character strings displayed in a

second area of the touch screen display.  Users perform gestures on the character strings *displayed to the user*, not on the source code underlying what is displayed.  The specification of the '172 Patent also makes clear that Claim 18 refers to what is displayed to the user.  *See, e.g.*, '172 Patent, 9:30-38 ("If the user taps on the duplicate 226 of the current character string 222 in the word selection area 216 with a finger 212, . . . the current character string 222 is left as is *in the display tray 214*.  If the user taps on the suggested replacement 224 in the word selection area 216 with a finger 212, . . . the current character string 222 is replaced *in the display tray* 214 by the suggested replacement 224") (emphasis added); 7:12-15 (noting that the touch screen display "may display one or more trays" and defining a display tray as "a defined region or area within a graphical user interface.  One tray may include a user entry interface, such as a virtual or soft keyboard 210 that includes a plurality of icons."); 7:40-43 & Figs. 2, 4, 5 (stating that a "display tray" is displayed on the touch screen); 9:55-63 ("[I]f the user hits . . . a key on the keyboard 210 that is associated with a delimiter, such as a space bar 227, the current character string 222 *in the display tray* 214 is replaced by the suggested replacement 224") (emphasis added); *see also* '172 Patent, 8:4-12; 8:33-37; 8:42-45.

434.    In short, Samsung's non-infringement argument regarding the operation of the source code underlying what is displayed to the user is irrelevant to the infringement analysis.  Because the current character string displayed in the first area remains displayed in the first area if the user gestures on the current character string displayed in the second area, it is my opinion that the '172 Patent Accused Devices satisfies this element of Claim 18.

435.    Based on the foregoing analysis of '172 Patent Accused Devices, I conclude that each '172 Patent Accused Device meets every element of Claim 18 of the '172 Patent.

**7.    Samsung's Purported Design-Arounds**

436.    I have also been asked to determine whether Samsung's non-infringing alternatives infringe the asserted claims of the '172 Patent.  Where the non-infringing alternative does not infringe the asserted claims, I examine the impact of the proposed design-around on the usability and convenience of the products from the user's perspective.

437.    Samsung proposed four non-infringing alternatives for Claim 18 of the '172 Patent.

SAMNDCA10123049; SAMNDCA10123122; SAMNDCA630-05935773; SAMNDCA20008688; GOOG-NDCAL630-00065727; GOOG-NDCAL630-0065560; GOOG-NDCAL630-00065490; GOOG-NDCAL630-00065439; GOOG-NDCAL630-00065335; GOOG-NDCAL630-00065267; GOOG-NDCAL630-00065196; GOOG-NDCAL630-00065125; GOOG-NDCAL630-00065054; GOOG-NDCAL630-00064992; GOOG-NDCAL630-00064995.

## X. Compensation

587. I am being compensated at a rate of NZ$ 575 per hour for my work on this case. My compensation is no way conditioned on the outcome of this matter.

## XI. Conclusion

588. For the foregoing reasons, it is my opinion that Samsung directly and indirectly infringes the asserted claims of the ’721, ’172, and ’760 Patents.

589. I reserve the right to supplement or amend this expert report to the extent additional or new information comes or is brought to my attention. In addition to explaining the opinions stated herein, at trial I may testify about my background, qualifications, and experience relevant to the issues in this action, the technical subject matter of the Asserted Patents, the accused Samsung products, and the Apple products that practice the claimed inventions, as well as the relevant state of the technology at the time of the alleged inventions. I may also prepare demonstrative materials that will aid in my testimony.

Date: August 12, 2013

Dr. Andrew Cockburn