# EXHIBIT E-10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | Civil Action No. 12-cv-00630-LHK |
| Plaintiff, | |
| vs. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants. | |

**Supplemental Expert Report of Richard Newton Taylor, Ph.D.**
**Regarding Noninfringement of the Asserted Claims of U.S. Patent No. 7,577,757**

## I. Introduction

1. I have reviewed the "Rebuttal Expert Report of Dan Schonfeld Regarding the Invalidity of U.S. Patent No. 7,577,757" dated September 13, 2013 (the "Schonfeld Rebuttal Report"). In his Rebuttal Report, Dr. Schonfeld advances a construction of the term "updated" that neither he nor Samsung previously proposed. I submit this Supplemental Noninfringement Report to respond to this new construction.

## II. Opinion

### A. Dr. Schonfeld's New Construction of the Term "Updated"

2. In his Corrected Opening and Rebuttal Reports, Dr. Schonfeld states that the term "updated" refers to the "automatic change used for synchronization of devices such that a change in one device reflects a change in another device, whereby the change includes both 'content information' and 'content management information' of audio, video, or photographic data." (Schonfeld Rebuttal Report at ¶ 70; Corrected Schonfeld Opening Report at ¶ 2155.)

3. However, in his Rebuttal Report, Dr. Schonfeld revises his opinion to suggest that his construction is intended to draw a contrast to earlier multimedia systems that did not provide "perpetual" synchronization. (Schonfeld Rebuttal Report at ¶ 71.) For example, Dr. Schonfeld contrasts the '757 patent with systems that periodically update content and suggests that, with the latter, the user will not have "relatively instant access to their content" between the times a synchronization is scheduled. (Schonfeld Rebuttal Report at ¶ 237.) Dr. Schonfeld also distinguishes systems that provided manual initiation of synchronization, suggesting that those systems allowed users to "manually 'synchronize' multimedia information'" such that "the multimedia information would be up to date at the user's discretion, yet the multimedia information would not be 'updated multimedia information' because the multimedia information would generally not be up to date." (Schonfeld Rebuttal Report at ¶ 72.)

4. Dr. Schonfeld's Rebuttal Report incorporates an additional requirement into his construction of the term "updated." Specifically, Dr. Schonfeld now requires that a change in content on one device must "relatively instant[ly]" cause the same change to occur on another

1    device.  This requirement for "updated" is reflected throughout his Rebuttal Report.[1]

2            5.      I disagree with Dr. Schonfeld's new construction because it is inconsistent with
3    plain meaning and with the claims, specification, and file history.   The term "automatic" or
4    "automatically" does not appear in the asserted claims, nor does any term having similar
5    meaning.  In fact, claim 6, which is dependent on claim 1, further claims that devices are
6    "updated at a predetermined time."[2]  This is consistent with a plain meaning interpretation that
7    "updated" does not require synchronization "relatively instantly," or at any other specific point
8    in time, but can include synchronizing at various different times.  This is confirmed by the
9    specification, which states that "[d]ifferent synchronizing schemes are possible (automatic,
10   daily, weekly, etc).  It is noted that users can synchronize or make the update on a demand."
11   ('757 patent 9:4-7.)  The file history reflects that the examiner had a similar understanding.  For
12   example, in rejecting the application on the basis of Wilkins, the examiner reflected a plain
13   meaning understanding of "updated" as "e.g., modified."  (5/2/2008 Office Action at
14   SANNDCA630-04259414.)  The examiner did not suggest that "updated" required "relatively
15   instant" updating, or anything similar.

16           6.      Dr. Schonfeld appears to misunderstand the reference to "relatively instant
17   access" in the specification.  The specification states that "it is an object of this invention to
18   provide a multimedia player device and system which is capable of storing a relatively large
19   amount of digital multimedia programming, whether audio or video, with relatively instant
20   access to any piece of stored data for playback, where the stored data may be replaced with new
21   data when the desires of the user change." ('757 patent 3:16-22.)  This "relatively instant
22   access" language refers to *when a user may access* a piece of stored data on a particular
23   multimedia player device.  This language does not refer to *when the data is stored* on the device
24   as Dr. Schonfeld suggests in his Rebuttal Report.  (*See also id.* at 6:23-27 (describing a control

---

[1] *See* Schonfeld Rebuttal Report at ¶ 212 ("This relatively 'instant access' is made possible by automatically downloading and storing all content on each of the user's 'zone specific storage and interface devices.'"); ¶ 237 ("As I discuss above, the '757 Patent requires an automatic change when content information is added or deleted to the user's devices such that the user can have relatively instant access to their content on their devices.  Also, as noted, however, the HitPlayer is only updated at set times, such that an addition to the FTP is not automatically changed in the HitPlayer.  Therefore, even with the hypothetical store operator, he will not have relatively instant access to play the added music on the HitPlayer devices, until such time as a synchronization is scheduled."); *see also* ¶¶ 236, 262, 268 (requiring "relatively instant access" to the content across devices).
[2] Claim 1 must therefore be broad enough to encompass that embodiment.

- 2 -

unit of a digital multimedia device that "provides means to select and play any particular multimedia work relatively instantaneously").)

Dated: September 23, 2013

_____
Richard Newton Taylor, Ph.D.

- 3 -