JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:   650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><hr>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF EMILY L. FEDMAN IN SUPPORT OF SAMSUNG'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Emily L. Fedman, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, and am counsel for Apple, Inc. ("Apple"). Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Samsung's Renewed Administrative Motion to File Under Seal filed as D.I. 1064 ("Renewed Motion to Seal").

2. Samsung filed its Renewed Motion to Seal on December 16, 2013. D.I. 1064. The motion sought to seal documents filed in support of its Motion to Enforce Apple's Compliance With the Court's Order Regarding Case Narrowing (D.I. 804), Reply in Support of its Motion to Enforce (D.I. 852), Motion for Summary Judgment (D.I. 805), Samsung's Reply in Support of its Motion for Summary Judgment (D.I. 946), and Opposition to Apple's Motion for Partial Summary Judgment (D.I. 854). Samsung filed a declaration of Michael L. Fazio in support of its motion to seal those documents. D.I. 1064-2. Samsung filed this renewed motion to comply with the Court's December 13, 2013 Case Management Order. D.I. 1057.

3. I am submitting this declaration to confirm that there are compelling reasons to seal certain documents filed in connection with Samsung's Renewed Motion to Seal, as they contain Apple's confidential and sealable information. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

**Apple's Highly Confidential Source Code Information**

4. Portions of each of the following documents contain excerpts of Apple's highly confidential and proprietary source code information and technical information closely related to source code, and thus should remain under seal:

- Exhibits 10, 11, 12, and 14 to the Fazio Declaration in support of Samsung's Motion for Summary Judgment;

- Exhibit 1 to the Fazio Declaration in support of Samsung's Reply in Support of its Motion for Summary Judgment;

- Exhibit 4 to the Fazio Declaration in support of Samsung's Opposition to Apple's Motion for Summary Judgment;

- The Rinard Declaration and Exhibit 1 thereto, filed in support of Samsung's Opposition to Apple's Motion for Summary Judgment; and

- Exhibits 6 and 8 to the Fazio Declaration in support of Samsung's Motion to Enforce.

**Samsung's Motion for Summary Judgment**

5. Apple previously filed the Declaration of Jordan Bekier in support of Samsung's initial Administrative Motion to File Documents Under Seal Relating to Samsung's Motion for Summary Judgment supporting the sealing of the Apple confidential information contained in Samsung's Motion for Summary Judgment. D.I. 825. That declaration is incorporated in its entirety herein.

6. Exhibits 10, 11, and 12 to the Fazio Declaration in support of Samsung's Motion for Summary Judgment contain information about specifically where in Apple's source code certain functionality of Apple's iOS products is located. They list identifying information for source code, provided in conjunction with information that explains the specific functionality of such source code. The information in Exhibits 10, 11, and 12 is identical or substantially similar to the information sought to be sealed under the Declaration of Cyndi Wheeler in Support of Samsung's Motion to File Documents Under Seal (Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents). D.I. 685. As Ms. Wheeler explained in her declaration, and as explained in further detail below, this source code-related information is protected by strict confidentiality measures and is considered by Apple to be just as highly confidential and valuable. As Ms. Wheeler explained in her declaration, Apple considers its source code to constitute its trade secrets, and public disclosure of such information would be "extremely harmful to Apple." D.I. 685 at 4. Accordingly, Apple seeks to seal:

- The portions of the Exhibit 10 highlighted in yellow, at pp. 14-19;

- The portions of the Exhibit 11 highlighted in yellow, at pp. 10-18; and

- The portions of the Exhibit 12 highlighted in yellow, at pp. 50-59.

7. Exhibit 14 to the Fazio Declaration contains discussion of the functionality of Apple's confidential source code. Specifically, Exhibit 14 discusses the source code for Apple's iTunes software and the functionality associated with that source code. As such, as with Exhibits 10-12 to the Fazio Declaration, this information is a trade secret and its public disclosure would be "extremely harmful to Apple." D.I. 685 at 4. Accordingly, Apple seeks to seal the portions of Exhibit 14 highlighted in yellow, at p. 168.

**Samsung's Summary Judgment Reply**

8. Apple previously filed the Declaration of Emily L. Fedman in support of Samsung's initial Administrative Motion to File Documents Under Seal Relating to Samsung's Reply in Support of its Motion for Summary Judgment supporting the sealing of the Apple confidential information contained in Samsung's Motion for Summary Judgment Reply. D.I. 825. That declaration is incorporated in its entirety herein.

9. The document filed as Exhibit 1 in support of Samsung's Motion for Summary Judgment Reply, which contains excerpts of Apple Inc.'s Supplemental Objections and Responses to Samsung's Interrogatories (Nos. 1, 5, 7, 8, 10, 14, 15, 25, 26, 27, 39, and 41), contains Apple highly confidential information. Apple thus seeks to support the sealing of the source code file names listed at the top of page 59 of Apple's interrogatory responses that are highlighted in yellow in the copy of this document lodged with the Court.

10. Similar information is at issue in Exhibits 10, 11, and 12 to the Fazio Declaration in support of Samsung's Motion for Summary Judgment. Furthermore, this same information was submitted as Exhibit 20 in support of Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories filed on November 5, 2013. D.I. 880. On November 12, 2013, Apple filed the Declaration of Emily L. Fedman in Support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories in support of sealing this information.

D.I. 937. Additionally, Exhibit 11 to the Amar Thakur Declaration filed in support of Samsung's Motion to Compel Production of Financial Documents and to Enforce April 12, 2013 Order (D.I. 669-13) contained similar interrogatory responses listing source code files related to particular features and functionalities in Apple Productions. Apple in-house attorney Cyndi Wheeler filed a declaration supporting the sealing of Exhibit 11, which is incorporated herein. D.I. 685 ¶ 3-10.

**Samsung's Opposition to Apple's Motion for Summary Judgment**

11. Apple previously filed the Declaration of Jennifer Rho in Support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Opposition to Apple's Motion for Summary Judgment in support of sealing of the Apple confidential information contained in Samsung's Opposition. D.I. 872. That declaration is incorporated in its entirety herein.

12. The document filed as Exhibit 4 in support of Samsung's Opposition to Apple's Motion for Summary Judgment filed on November 1, 2013, which contains excerpts of Alex Snoeren's Rebuttal Expert Report Concerning U.S. Patent Nos. 6,847,959 and 7,761,414 ("Snoeren Rebuttal Report"), contains Apple's highly confidential information relating to iTunes source code. Apple seeks to support the sealing of the portions of the information in paragraph 493 of the Snoeren Rebuttal Report that are highlighted in yellow on page 168 of the document that Apple has lodged with the Court.. D.I. 854. The information was also filed as Exhibit 13 in support of Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories filed on November 5, 2013. D.I. 880. On November 12, 2013, Apple filed the Declaration of Emily L. Fedman in Support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories in support of sealing this information. D.I. 937.

13. Samsung also filed portions of Declaration of Martin Rinard ("Rinard Declaration") and Exhibit 1 thereto in support of its Opposition to Apple's Summary Judgment Motion. The Rinard Declaration and Exhibit 1 to the Rinard Declaration both specifically identify the source code for particular functionality of Apple's "AppleSearch" client and server software, as well

as quotes from such source code as well as describes in detail the particular functions of certain source code files. Such information was also at issue in Exhibit D-1 to the Rho Declaration in support of Apple's Motion for Summary Judgment, for which in-house attorney Cyndi Wheeler of Apple filed a declaration supporting sealing. *See* D.I. 803, 1074.

**Samsung's Motion to Enforce**

14. Apple previously filed the Declaration of Jennifer Rho in support of Samsung's initial Administrative Motion to File Documents Under Seal Relating to Samsung's Motion to Enforce supporting the sealing of the Apple confidential information contained in Samsung's Motion to Enforce. D.I. 823. That declaration is incorporated in its entirety herein.

15. Exhibit 6 to Samsung's Motion to Enforce is a true and correct copy of excerpts of Apple Inc.'s Supplemental Objections and Responses to Samsung's First, Second, Third, Fourth, Sixth and Eighth Set of Interrogatories, dated July 15, 2013. Exhibit 6, at pages 50-59, contains information about specifically where in Apple's source code certain functionality of Apple's iOS products is located. It lists the exact source code file paths. This document is substantially the same as Exhibit 11 to the Declaration of Amar Thakur described in the July 15, 2013 declaration of Cyndi Wheeler, *See* D.I. 685 at ¶ 10, and in Exhibits 10, 11, and 12 to the Fazio Declaration in support of Samsung's Motion for Summary Judgment. Ms. Wheeler explained in her declaration that this document identifies the names of certain source code files and functionality in iOS software, and that the information provided in the document could be used to replicate those features. *Id.*

16. Exhibit 8 to Samsung's Motion to Enforce is a true and correct copy of excerpts of Apple Inc.'s Supplemental Objections and Responses to Samsung's First, Second, Third, Fourth, Sixth and Eighth Set of Interrogatories, dated July 15, 2013. Exhibit 8, at page 16-18, contains information about specifically where in Apple's source code certain functionality of Apple's iOS products is located. Exhibit 8 is a substantially similar document to Exhibit 6 and is sealable for the same reasons.

**Apple's Source Code Information is Highly Confidential and Sealable**

17. In particular, the technical information at issue in the documents outlined above is itself source code, describes the specifics of Apple's source code, or is derived from source code, and is similar to other information the Court has ordered sealed.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013).  The information that Apple seeks to seal here has always been non-public, and its exposure would cause Apple to lose significant competitive advantage.

18.  This Court has previously confirmed that "[c]onfidential source code clearly meets the definition of a trade secret" and thus is sealable under the "compelling reasons" standard.  *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).  "[T]echnical information that is closely related to Apple's source code" is similarly considered to be sealable.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013).

19. I am aware that the specific Apple technical information at issue here is non-public.  For example, as Apple's in-house counsel, Cyndi Wheeler, has explained in her declarations filed with the Court, *see, e.g.,* D.I. 685, 1074, Apple treats its source code and closely-related technical information with the utmost confidentiality, restricting access even within Apple to such source code. *See also* Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 3-5; Declaration of Cyndi Wheeler, D.I. 685; Declaration of Henri Lamiraux, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 11-cv-1846, D.I. 1505 (July 30, 2012).  As Ms. Wheeler explained, Apple maintains extremely tight controls on its source code that limits access to such source code, as Apple considers its unique source code to be its own trade secrets and the subject of independent economic value.  *See, e.g.,* D.I. 803 at ¶¶ 3-5; *see also* D.I. 685 at ¶¶ 3-10.  Indeed, Apple has made significant investments in developing this source code.  *Id.*

20. Disclosure of such source code information, which has always been non-public, would cause Apple harm and cause Apple to lose significant competitive advantage.  *Id.*  In

multiple previously-filed declarations, Apple's personnel have detailed the significant harm that Apple would experience if its source code and source code-related technical information were disclosed publicly. *See, e.g.,* Declaration of Cyndi Wheeler, D.I. 803 at ¶¶ 5-10; *see also* Declaration of Cyndi Wheeler, D.I. 685; Declaration of Erica Tierney, *Apple Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2250-1 at 7-8 (Feb. 20, 2013); Declaration of Henri Lamiraux, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.,* Case No. 11-cv-1846, D.I. 1505 (July 30, 2012).

21. Apple's in-house attorneys have further explained to the Court that, in light of the significant threat that public disclosure of Apple's source code and closely related technical information poses, as noted above, Apple takes significant precautions to protect the confidentiality of its source code and prevent disclosure of its source code – including restricting access to such source code even within Apple. *Id.* Even in this litigation, where source code must be produced in discovery, it is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* Protective Order, D.I. 512 at ¶ 11. The technical information at issue now is of the same character and nature as that previously sealed by the Court, and is thus sealable for the same reasons.

22. For example, with respect to source code for Apple's iTunes at issue in Exhibit 14 to Samsung's Motion for Summary Judgment and Exhibit 4 to Samsung's Opposition to Apple's Motion for Summary Judgment, which both contain excerpts of the Rebuttal Expert Report of Alex Snoeren – and particularly paragraph 493 – I am aware that this information is considered highly confidential by Apple and is not public.

23. As Ms. Wheeler explained in her March 19, 2013 declaration filed in support of Samsung's Motion to Seal its Motion to Compel addressing the iTunes source code information that was filed in support thereof, Apple considers the names, structure, and functions of source code for iTunes to be its trade secrets, the public disclosure of which would be extremely harmful to Apple. D.I. 405 at ¶ 3-4. The information provided in paragraph 493 of the Rebuttal Expert Report of Alex Snoeren, which has been filed under seal with this Court multiple times, identifies and explains the specific functionality of a particular portion of

FEDMAN DECL. ISO SAMSUNG'S RENEWED MOTION TO SEAL
CASE NO. 12-CV-00630-LHK (PSG)

Apple's iTunes source code. This information could be used to determine how Apple implements this particular functionality in iTunes. As Ms. Wheeler further explained, information about the structure and operation of Apple's iTunes source code has been non-public and its exposure would cause Apple to lose significant competitive advantage, as well as damage the significant investment that Apple has made in developing this source code and the independent economic value that Apple derives from its proprietary and confidential source code. *Id.*

24. With respect to the source code information relating to Apple's AppleSearch product at issue in the Rinard Declaration and Exhibit 1 to the Rinard Declaration in support of Samsung's Opposition to Apple's Motion for Summary Judgment, Ms. Wheeler has explained in her declaration addressing this information in Exhibit D-1 to the Rho Declaration filed in support of Apple's Motion for Partial Summary Judgment, *see* D.I. 803, 1074, that the information contained in the Rinard Declaration and its Exhibit 1 could be used to determine how Apple implements features and functionality of this software and otherwise designed its suite of software. The information in this document is non-public; it specifically identifies the source code for particular functionality of Apple's "AppleSearch" client and server software, as well as quotes from such source code and describes in detail the particular functions of certain source code files. Apple considers this information about its source code files to be trade secrets. Public disclosure of this information would be extremely harmful to Apple for the reasons described above. Apple derives independent economic value from its proprietary and confidential source code, and that value thus would be diminished from its public disclosure. *Id.*

25. Apple also considers to be highly confidential the source code information reflecting particular functionality in Apple's iOS products, which is at issue in portions of Exhibit 1 to the Summary Judgment Reply, Exhibits 10, 11, and 12 to Samsung's Motion for Summary Judgment, and Exhibits 6 and 8 to Samsung's Motion to Enforce. These documents contain excerpts of Apple's written interrogatory responses in which Apple identifies the particular source code files that implement the functionality covered by the asserted claims of

its patents in Apple's iOS software. As Ms. Wheeler explained in her declaration addressing similar information when it was contained in Exhibit 11 to the Declaration of Amar Thakur filed in support of Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents, D.I. 685, this information contained in Exhibit 1 could be used to determine how Apple implements and develops features and functionality of this software, as well as provide a roadmap to replicating the design of such features and functionality. This information is non-public; Apple considers this information about its source code files to be trade secrets.

26. Public disclosure of all of this source code information described above thus would be extremely harmful to Apple for the reasons described above. Apple derives independent economic value from all of this proprietary and confidential source code, and that value thus would be diminished from its public disclosure. Indeed, and as confirmed in Ms. Wheeler's declaration, D.I. 685 at ¶ 3-10, D.I. 803, D.I. 1074, as well as the Declaration of Jordan Bekier in Support of Apple's Administrative Motion to File Documents Under Seal Relating to Its Opposition to Samsung's Motion to Exclude Opinions of Certain of Apple's Experts, D.I. 857-1 ¶ 10, Apple believes there are compelling reasons for sealing this information.

**Apple's Highly Confidential Financial Information**

27. Portions of Exhibit 4 to the Fazio Declaration in support of Samsung's Motion to Enforce Reply contain Apple's highly confidential financial information and this should remain under seal.

**Samsung's Motion to Enforce Reply**

28. Apple previously filed the Declaration of Jennifer Rho in Support of Samsung's Administrative Motion to File Under Seal Documents Relating to Samsung's Motion to Enforce Reply in support of sealing of the Apple confidential information contained in Samsung's Reply in support of its Motion to Enforce. D.I. 864. That declaration is incorporated in its entirety herein.

29. The document filed as Exhibit 4 to Samsung's Motion to Enforce Reply, which contains excerpts of the Opening Expert Report of Christopher A. Vellturo, Ph.D., including

detailed information about Apple's gross profit and operating margin for Apple's iPhone and iPad products between 2007, when the iPhone first released, until the last complete fiscal year. Apple seeks to support the sealing of paragraph 470 of this document because it contains Apple's highly sensitive and non-public financial information and should remain under seal.

30. As explained in the previously-filed declarations of, for example, Jim Bean, dated July 30, 2012, filed as D.I. 1502 in Case No. 11-cv-1846, and of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1416 in Case No. 11-cv-01846 (the "1846 case"), Apple strictly maintains the confidentiality of the financial information at issue in Exhibit 4 to the Fazio Declaration. According to Mr. Buckley, a Finance Manager for Apple, Apple's "financial data is in fact among the most painstakingly protected information at the company, on par with source code. Only a limited number of individuals are authorized to receive this information, even within Apple, and on a need-to-know basis." D.I. 442 at 2; see also Buckley Declaration, D.I. 685; Buckley Declaration, Case No. 11-cv-1846, D.I. 1416; Bean Declaration, Case No. 11-cv-1846, D.I. 1502.

31. Moreover, as Mr. Buckley detailed at length in his declarations, disclosure of Apple's highly sensitive financial information – and particularly information about Apple's margins, which Apple does not disclose publicly and which is also not disclosed by Apple's industry competitors in practice – would cause Apple severe harm. This confidential information relates to products in lines of products that Apple continues to sell. Disclosure of this information would provide far more insight into Apple's operations and finances than Apple has previously disclosed to the public – or is disclosed in practice by other companies in Apple's industry, and particularly Apple's competitors. As just one example, and as Mr. Buckley explained, if competitors gained access to Apple's financial information, and particularly information such as Apple's profit margins, Apple's competitors would utilize the asymmetric advantage gained from learning this information to undercut Apple's offerings by pricing their products just below the levels profitable for Apple. Similarly, this information would permit Apple's competitors to understand Apple's business strategies with respect to

decisions made to sell their products. *See, e.g.,* D.I. 442 at 8-9. Similarly, gaining insight into Apple's profit margins and other highly sensitive confidential information could permit Apple's competitors and suppliers to identify where and how Apple is vulnerable to cost and price increases. This information would give Apple's competitors and suppliers an unfair advantage, including giving them an asymmetric advantage in negotiations with Apple as well as in terms of determining future business strategies for product roll-outs in the market.

32. The financial information at issue here is thus highly confidential, and the potential harm from its public disclosure outweighs the public's interest in this case. *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013). The Federal Circuit also has held that Apple's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal. *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10.

\* \* \*

33. As explained above, the relief requested by Apple thus is necessary and narrowly tailored to protect Apple's most confidential and proprietary technical and financial information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: December 19, 2013

            */s/ Emily L. Fedman*
            Emily L. Fedman

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Emily L. Fedman has concurred in this filing.

Dated: December 19, 2013                              /s/ H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 19, 2013                              /s/ H. Mark Lyon