| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) | WILLIAM F. LEE (pro hac vice) |
| jkrevitt@gibsondunn.com | william.lee@wilmerhale.com |
| H. MARK LYON (CA SBN 162061) | WILMER CUTLER PICKERING |
| mlyon@gibsondunn.com | HALE AND DORR LLP |
| GIBSON, DUNN & CRUTCHER LLP | 60 State Street |
| 1881 Page Mill Road | Boston, Massachusetts 02109 |
| Palo Alto, CA  94304-1211 | Telephone: (617) 526-6000 |
| Telephone: (650) 849-5300 | Facsimile: (617) 526-5000 |
| Facsimile: (650) 849-5333 | |
| | |
| MICHAEL A. JACOBS (CA SBN 111664) | MARK D. SELWYN (CA SBN 244180) |
| mjacobs@mofo.com | mark.selwyn@wilmerhale.com |
| RICHARD S.J. HUNG (CA SBN 197425) | WILMER CUTLER PICKERING |
| rhung@mofo.com | HALE AND DORR LLP |
| MORRISON & FOERSTER LLP | 950 Page Mill Road |
| 425 Market Street | Palo Alto, CA 94304 |
| San Francisco, California 94105-2482 | Telephone: (650) 858-6000 |
| Telephone: (415) 268-7000 | Facsimile: (650) 858-6100 |
| Facsimile: (415) 268-7522 | |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants.| CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC. 'S RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS  UNDER SEAL (APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br>    v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | |

In accordance with Civil L.R. 7-11 and 79-5, and the Court's December 13, 2013 Case Management Order (D.I. 1057), Apple Inc. ("Apple") hereby moves this Court for an order to seal:

1. Portions of the confidential, unredacted version of Apple Inc.'s Motion for Partial Summary Judgment;

2. Portions of the confidential, unredacted versions of Exhibits B-1, B-2, B-3, B-4, B-5, C-1, C-4, C-5, C-6, D-1, and E-6 to the Declaration of Jennifer J. Rho in support of Apple Inc.'s Motion for Partial Summary Judgment ("Rho Summary Judgment Declaration"); and

3. Exhibit C-2 to the Rho Summary Judgment Declaration.

Apple's Summary Judgment Motion and the supporting exhibits listed above contain or discuss information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Apple, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") and/or third party Google Inc. ("Google") pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential by Samsung or Google, because these parties filed declarations supporting the sealing of this information when it was addressed in Apple's original motion to seal filed on October 10, 2013.[1]  *See* D.I. 821 (Samsung) and 826 (Google). Apple expects that Samsung will file the required supporting declaration.  To minimize the

---

[1] Apple's Motion for Summary Judgment ("MSJ") included numerous quotations of and citation to documents that Samsung designated as confidential under the protective order.  For example, Samsung identified the entirety of Dr. Schonfeld's expert report regarding validity of the '757 as confidential, including portions that discuss patents, dictionary definitions, and other publicly available information.  Before filing its MSJ, Apple requested Samsung identify which portions of its expert reports could be filed publicly.  Because Samsung did not do so, Apple filed Samsung's expert reports and any references to Samsung's expert reports under seal as the Protective Order requires.  Apple does not now, and did not before, maintain that any claim of confidentiality over any material other than what is specified herein as containing Apple's confidential information, namely the portions of Exhibits D-1 and E-6 to the Rho Summary Judgment Declaration highlighted in yellow.  Selwyn Dec. ¶ 4.  Apple was similarly cautious with the sealing of third party information.

burden on third parties, Apple requests that the Court refer to the previously-filed declarations by such third parties when ruling on Apple's renewed motion to seal. *See* D.I. 819, 826.

Exhibits D-1 and E-6 to the Rho Summary Judgment Declaration, contain and discuss Apple's highly confidential and proprietary information, such as its proprietary source code and detailed technical information regarding its products. Apple has established compelling reasons to permit the filing of the above Apple confidential information under seal through the Declarations of Cyndi Wheeler and Mark Selwyn filed in support of this Renewed Administrative Motion to File Documents Under Seal, filed herewith.

**Exhibit D-1**

As further detailed in the Declaration of Cyndi Wheeler, the Apple confidential information referenced within Exhibit D-1 to the Rho Summary Judgment Declaration includes discussion of and actual excerpts from Apple's highly proprietary source code. Wheeler Declaration at ¶¶ 9-10. Apple provides its source code with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees. *Id.* ¶¶ 3-7. Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* ¶¶ 5-10.

As this Court has previously held, "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011). The source code information at issue in this renewed motion thus should be considered to be the type of information that has been found by the courts to "outweigh the public's interest and justify sealing court records" under the Ninth Circuit's "compelling reasons" standard, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and was found by this Court to be sealable in trial exhibits. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012). The specific Apple source

code at issue here is non-public, and its exposure would cause Apple to lose significant competitive advantage. *Id.* ¶¶ 6-10. Indeed, even in this litigation, source code is treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *See* D.I. 512 at ¶ 11. The ability to copy and otherwise learn Apple's source code – including how Apple implements particular feature and functionality of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code – including the source code for the client and server software product at issue here. *Id.* In particular, and as explained in the Wheeler Declaration, Apple goes to significant lengths to protect its source code, as the disclosure and copying of its source code by third parties would provide Apple's competitors with an unfair competitive advantage and would undermine the independent economic value that Apple derives from that source code. Wheeler Declaration ¶ 10.

The requested relief is thus necessary and narrowly tailored to protect the confidentiality of Apple's confidential information contained in Exhibit D-1 to the Rho Summary Judgment Declaration. Indeed, Apple is seeking not to seal its brief relying upon this exhibit, but rather moving only to seal the very limited portions of the document – constituting less than one percent of the underlying document – containing only very specific quotations from, citations to, and discussions of Apple's highly proprietary source code; Apple has not sought to seal any information not specifically and closely tied to the source code contained in Exhibit D-1 to the Rho Summary Judgment Declaration. Such information - providing a few technical details about one of the products discussed in the document – is not necessary for the public to understand the parties' positions and the issues of the underlying brief. *See, e.g., id.*; *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.,* 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.,* No. C-07-06053

EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").  For example, the purpose of Exhibit D-1 to the Rho Summary Judgment Declaration in Apple's Motion for Summary Judgment is merely to illustrate Samsung and Dr. Rinard's theory of invalidity.  *See* Apple's Motion for Partial Summary Judgment.  In using this exhibit, Apple does not address the cited source code, and neither Apple nor Samsung require the cited source code in order to understand Apple's argument in its motion for partial summary judgment.  The precise contours of the source code quoted in the document are thus unnecessary to the public to understand the issues in Apple's motion for partial summary judgment.

**Exhibit E-6**

Exhibit E-6 to the Rho Summary Judgment Declaration contains and discusses detailed technical information regarding the components and configuration for accused Apple products, including information about the location and manner in which data is stored.  This information is highlighted in yellow.  Apple has established compelling reasons to permit the filing of the above Apple confidential information under seal through the Selwyn Declaration filed in support of this Renewed Administrative Motion to File Documents Under Seal, filed herewith.  As further detailed in the Selwyn Declaration, the Apple confidential technical information referenced within Exhibit E-6 to the Rho Summary Judgment Declaration includes discussion of and actual excerpts from Apple's highly proprietary source code.  Selwyn Dec. ¶ 9.  Exhibit E-6 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846

(N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).  Apple has not included this information in its motion because it is not necessary for the motion.  For this reason, the public interest in this information is low.  *See Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *12 (Fed. Cir. Aug. 23, 2013).

Exhibit E-6 to the Rho Summary Judgment Declaration also contains or discusses information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").  Additionally, Samsung filed a declaration supporting sealing portions of this exhibit.  See D.I. 821.

\* \* \*

Accordingly, Apple renews its motion to file these documents under seal.  The complete, unredacted versions of all of the documents identified above will be e-filed under seal concurrently with this motion.  In the highlighted unredacted versions of these documents, Apple's confidential information has been highlighted in yellow,[2] Samsung's confidential information has been highlighted in green, and the third parties' information has been highlighted in blue.  Pursuant to the stipulation filed by the parties on December 16, 2013, Apple will file publicly redacted versions of these documents within seven days.

Pursuant to Civil L.R. 7-11, counsel for Samsung and Apple met and conferred regarding the process for and scope of sealing information at issue in the present renewed motion to seal.  Selwyn Dec. ¶ 11.

For the foregoing reasons, Apple respectfully requests sealing of the information contained in the documents identified above.

---

[2] Apple seeks to seal only the information highlighted in yellow in the body of Exhibit 1 to the Rinard Declaration attached as Exhibit D-1.  Apple does not seek to seal the yellow highlighting of excerpted documents pasted as images into Exhibit 1, which were pre-existing in the document as provided by Samsung.

Dated: December 16, 2013

GIBSON, DUNN & CRUTCHER LLP

By:    /s/ *H. Mark Lyon*
       H. Mark Lyon
   ***Attorney for Apple Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: December 16, 2013         */s/ H. Mark Lyon*
                                 H. Mark Lyon