# EXHIBIT 1
# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**INITIAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING INFRINGEMENT OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**<br><br>**GOOGLE'S HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY— SOURCE CODE** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | |

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

manufacturers, such changes would be made with a mind to maintain compatibility between the core system applications, new applications, and the same newer and older versions of the Android OS.  In other words, Samsung would be unlikely to change its version of Android in such a manner to make it incompatible with the expected functionality of the Android OS as a whole.

99.     In the course of my study, I have reviewed sections of source code from Android OS code base versions 2.2, 2.3, 4.0, 4.1, and 4.2 all accessible from http://android.git.kernel.org, or from http://source.android.com/, which is a website that is maintained by the Android Open Source Project.  *See* http://source.android.com/index.html.  I reserve the right to use portions of this code beyond those cited specifically in my expert report.

101.     In light of the similarities among Accused Products, I have identified certain products in my analysis below that are representative of my infringement analysis.  The Accused Browser Products fall into two groups: (1) devices running Froyo, Gingerbread, or Ice Cream

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          39

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Sandwich,[12] and (2) devices running Jelly Bean.[13]  Within each group, my infringement analysis is

identical across devices, software releases, and carriers.

102.      The Accused Messaging Products also fall into two groups:  (1) devices running Froyo

or Gingerbread,[14] and (2) devices running Ice Cream Sandwich or Jelly Bean.[15]  Again, within each

group, my infringement analysis is identical across devices, software releases, and carriers.

103.      I reserve the right to supplement this report to accuse additional products in the

event that Samsung makes, uses, sells, offers for sale, or imports other mobile devices running the

Android OS that it has not yet identified or provided sufficient information for during discovery, or

that are developed subsequent to this report.

## C.      Samsung Entities

104.      I understand that Samsung Electronics Co., Ltd. ("SEC") imports into the United

States and sells the accused devices to Samsung Electronics America, Inc. ("SEA"), Samsung

Telecommunications America, LLC ("STA"), and certain employees of Google Inc.  *See, e.g.,*

Cheong 06/24/2013 Dep. Tr. at 19:4-20:23, 66:18-69:3, 76:24-77:8; SAMNDCA630-06643293

---

[12]  These devices include the Samsung Admire, Captivate Glide, Conquer 4G, Dart, Exhibit II 4G, Galaxy Nexus, Galaxy Note, Galaxy Rugby Pro, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, Illusion, Stratosphere, and Transform Ultra.  In my analysis below, I use the Samsung Galaxy Nexus as a representative product for these devices.

[13]  These devices include the Samsung Galaxy Nexus, Galaxy Note II, Galaxy Rugby Pro, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S III, and any other accused device that later updates to Jelly Bean.  I use the Samsung Galaxy S III as a representative product for these devices.

[14]  These devices include the Samsung Admire, Conquer 4G, Illusion, Stratosphere, and Transform Ultra.  In my analysis below, I use the Samsung Admire as a representative product for these devices.

[15]  These devices include the Samsung Captivate Glide, Galaxy Note, Galaxy Note II, Galaxy Rugby Pro, Galaxy S II, Galaxy S II Epic 4G Touch, Galaxy S II Skyrocket, Galaxy S III, and Galaxy Tab 2 10.1, and any other accused device that later updates to Ice Cream Sandwich or Jelly Bean.  In my analysis below, I use the Samsung Galaxy S III as a representative product for these devices.

---

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          40

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

232.     Finally, Samsung appears to argue that Accused Browser Products that use

██████████████████████████████████████████████████████████████████

performed until after a user touches an area on a screen.  To the extent this argument is

understandable ████████████████████████████████████████████████████

████████████████████████████████████ does not mean that the Accused Browser

███████████████████████████████████████ Indeed, the '647 Patent

describes an embodiment in which structures are not detected when a document is first presented to

the user, but rather after a user initiates the analyzer server routines by clicking "Detect Structures."

*See* Fig. 5 and accompanying text.

233.     It appears Samsung relies on statements in the specification purportedly distinguishing

prior art systems where the user must identify information.  *See, e.g.,* '647 Patent, 1:19-23

("[V]isually searching data files or documents to find these structures is laborious and cognitively

disruptive, especially if the document is lengthy and hard to follow.   Furthermore, missing a

structure such as a date may lead to missing an important meeting or missing a deadline.").

Samsung, however, provides no basis for incorporating into the claims the requirement that structures

must be presented to the user.  Indeed, independent claim 8 requires highlighting of the detected

structures.  In certain cases, this may include visually indicating to the user the presence of a detected

structure.  There is no similar requirement in claim 1.  Even in the case of ████████████

████████████ the program routines I identify above detect structures in the text as required by

claim 1.

### b.     Samsung claims that the Accused Products do not perform the claimed "linking"

234.     Samsung has stated in its interrogatory responses that the Accused Products do not

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          91

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE



c.

250.

251.

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          99

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

linked action," in my opinion it is met under the doctrine of equivalents because the limitation and

the corresponding components in the Accused Products corresponding to this limitation are

insubstantially different.  In particular, the function of this claim limitation is to present to the user a

way to select structured data that is detected from a larger body of text, and to select an action to

perform on the selected data using the device.  The corresponding components in the Accused

Products perform substantially that same function.

As shown above, if the user selects a

telephone number appearing on the display using the Browser application, the user is presented with

a menu of actions to perform using the telephone number selected.

253.       This function is performed substantially the same way as that of the claim limitation.

Specifically, the claim limitation performs its function by providing the user with a viewable

representation of detected structures and linked actions. The corresponding components in the

Accused Products perform their function in substantially the same way.

254.       The claim limitation and the corresponding components in the Accused Products

thereby achieve substantially the same result.  Specifically, the result of this claim limitation is

rendering data in which a user may select structures, and menus to allow a user to select linked

actions to perform using the selected structures.  This result is substantially the same in the

corresponding components in the Accused Products. For example, if a telephone number appears in

data received by the Browser application, the user may select the phone number appearing in the user

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          100

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

interface of the Browser application and may choose from linked actions such as launching a dialer

with the telephone number as an argument.  The user does not have to precisely select a string of text,

does not have to perform multiple steps to manually invoke the detection mechanism, and does not

have to memorize a set of actions that may be performed.

255.

███████████████████████████████████████████████

d.      **Samsung claims that certain Accused Products lack an "analyzer server" under Apple's construction**

256.

███████████████████████████████████████████████

As I have stated above, in my opinion, the '647 Patent requires that multiple actions

(*e.g.*, Dial, Add to contacts) be linked to a detected structure (*e.g.,* a phone number).  I also note

above that the court in *Motorola* disagreed with my interpretation, and so these products still infringe

under the construction adopted in that case.

e.      **Samsung claims that the Accused Products lack an "action processor"**

257.

███████████████████████████████████████████████

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          101

Gibson, Dunn &
Crutcher LLP

1    I declare under penalty of perjury that the foregoing is true and correct.

2

3    Dated:    August 12, 2013

4                                                          Todd C. Mowry

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    INITIAL EXPERT REPORT OF DR .TODD C.
      MOWRY CONCERNING U.S. PATENT NO.
      5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP