ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT**<br><br>REDACTED   **VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

I, Jeffrey S. Chase, declare:

1.      My name is Jeffrey S. Chase.    Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") in this case has retained me to analyze U.S. Patent No. 7,761,414    (the "'414 patent"), to opine on the noninfringement of claims 11 and 20 asserted by plaintiff Apple Inc. ("Apple") and to respond to the corresponding expert report of Dr. Alex C. Snoeren served by Apple with respect to the infringement of the '414 patent ("Snoeren Report" (Fazio Decl. Ex. 3)),

2.      I am being compensated for my work at my standard consulting rate of $650 per hour.    I am also being reimbursed for expenses that I incur.    My compensation is not contingent upon the results of my study or the substance of my testimony.

3.      I expect to be called to provide expert testimony regarding opinions formed resulting from my analysis of the issues considered in this declaration if asked about those issues by the Court or by the private parties' attorneys.    If asked to do so, I may also provide testimony describing the state of the art before and during the time of the alleged invention, including the evolution of data synchronization technology, multithreading and concurrent programming, and software development generally.    I may rely on handbooks, textbooks, technical literature, my own personal experience in the field, and other relevant materials and/or information to demonstrate the state of the art and the evolution of relevant technologies.

4.      In reaching the conclusions described herein, I have considered the documents and materials identified in Appendix 1 to my rebuttal expert report in this litigation.    My opinions are also based upon my education, training, research, knowledge, and personal and professional experience.

5.      I reserve the right to modify or supplement my opinions, as well as the basis for my opinions, in light of any documents, testimony, expert opinions, or other evidence or information that may emerge during the course of this matter, including depositions that have yet to be taken.

DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

**I.      QUALIFICATIONS**

6.      I incorporate by reference paragraphs 5-13 of my Declaration in Support of Samsung's Motion for Summary Judgment (Dkt. 805-5, Oct. 10 Fazio Decl. Ex. 24) regarding the invalidity of the asserted claims of the '414 patent.

**II.     LEGAL STANDARDS**

7.      In this section I describe my understanding of certain legal standards.    I have been informed of these legal standards by Samsung's attorneys.    I am not an attorney and I am relying only on instructions from Samsung's attorneys for these legal standards.

8.      I incorporate by reference paragraphs 14-24 of my Declaration in Support of Samsung's Motion for Summary Judgment regarding the invalidity of the asserted claims of the '414 patent.    (*Id.*)

9.      I understand that direct infringement requires one party to perform or use each and every step or element of a claimed method or product.    For method claims, infringement occurs when a single party performs all of the steps of the process.

10.      I understand that where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises control or direction over the entire process such that every step is attributable to the controlling party.    I further understand that mere arms-length cooperation usually will not give rise to direct infringement by any party.

11.      I understand that induced infringement requires a showing of direct infringement of the asserted claim by a single infringer.    Induced infringement also requires a showing that the alleged infringer induced the alleged infringing activities, and that he knew or should have known that they would induce actual infringement.    I further understand that mere knowledge of possible infringement by others is not enough to show inducement. Instead, specific intent and action to induce infringement must be shown.

12.      I understand that contributory infringement requires a showing of direct infringement of the asserted claim by a single infringer.    Contributory infringement also requires

DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

1   a showing that the accused devices have no substantial non-infringing uses, and that the alleged

2   contributory infringer engaged in conduct within the United States that contributed to another's

3   direct infringement in the United States.

4   **III.    CLAIM CONSTRUCTION**

5         13.    In conducting my analysis of the '414 patent claims, I have applied the legal

6   understandings set out in this declaration.

7         14.    On April 10, 2013, the Court issued an order construing various claim terms in the

8   asserted patents in this litigation, including the '414 patent.

9         15.    The Court has construed the term "concurrently with" in the '414 patent to mean

10   "the synchronization thread and the non-synchronization thread are both active during an

11   overlapping time interval."

12         16.    I have applied the Court's constructions to my analysis in my declaration.    I also

13   have applied to my analysis my understanding of the claim terms' ordinary and accustomed

14   meaning in the art, except where otherwise indicated.    In addition, I have considered and applied

15   to my analysis the apparent application of claim terms by Apple in this litigation at the time of

16   my expert report.

17   **IV.    THE ACCUSED PRODUCTS**

18         17.    Dr. Snoeren alleges that a number of Samsung handheld devices infringe the

19   asserted claims of the '414 patent.    These products were released over a two-year period and

20   include different features and functionality, including different versions of the Android platform.

21   Despite these differences, Dr. Snoeren alleges that "each of the Accused Products is

22   representative of all other Accused Products for purposes of my analysis." (*See id*. ¶ 411.) ███

23   ████████████████████████████████████████████████████

24

25

26

27

28

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

1 ███████████████████████████████████ ██ ███████████

2 ██████████████████████████ (*See id.* ¶ 412.)

3       18.    I disagree with Dr. Snoeren's opinion that any Accused Product is representative of

4 all others.    In my opinion, there are variations across devices and operating-system versions that

5 Dr. Snoeren has not accounted for in his infringement analysis.    For at least this reason, Dr.

6 Snoeren has failed to show infringement by the Accused Products for which he provides no

7 analysis.    To the extent Dr. Snoeren cites only source code for the Samsung Galaxy S III

8 running Android version 4.2.1 in his infringement analysis, I respond with respect to the same

9 version.   Should Dr. Snoeren be permitted to provide additional analysis of other versions of

10 Android for other accused products, I reserve the right to supplement my opinion to address any

11 such opinions.

12       B.    Accused Functionality

13       19.    In ¶ 412 of his report, Dr. Snoeren purports to describe the "Android

14 Synchronization Framework," and alleges that "all versions of Android employed by the Accused

15 Products use this framework to synchronize at least Exchange calendar, Exchange contact,

16 Exchange mail, Google calendar, Google contact and Gmail data between the Mail, Calendar,

17 Contacts and Gmail applications and an Exchange or Google servers."    Dr. Snoeren does not

18 address or analyze any other functionality of the Accused Products; nor is any other functionality

19 identified in Apple's infringement contentions.    Therefore, I understand that Apple's

20 accusations are limited to the following: synchronization of contacts data between the Contacts

21 application and the Google Contacts service; synchronization of contacts data between the

22 Contacts application and Microsoft Exchange; synchronization of calendar data between the

23 Calendar application and the Google Calendar server; synchronization of calendar data the

24 Calendar application and Microsoft Exchange; synchronization of email data between the Gmail

25 ─────────────────────

26       1    Dr. Snoeren states his analysis in Exhibit 6 covers three different versions of UI source
27 code for the Gmail application, but his actual analysis appears to address only Android version
   4.2.1.   (*See* Dkt. 803-11, Rho Decl. Ex. C-2 at 1-3.)

28

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

application and the Google Gmail service, and synchronization of email data between the Mail application and Microsoft Exchange.

C.    Sync Adapters.

20.    In ¶ 422 of his report, Dr. Snoeren opines that synchronization in the Accused Products "is accomplished through the use of Android software components on the device called Sync Adapters."   In ¶ 455, Dr. Snoeren opines that each of these Sync Adapters is a "synchronization software component" as required by claim 11 of the '414 patent.    As discussed in the non-infringement section below, I disagree with Dr. Snoeren's opinions that synchronization "is accomplished through the use of" the accused Sync Adapters, and that these Sync Adapters correspond to the "synchronization software components" claimed in the '414 patent.    Before turning to those opinions, I first address mischaracterizations in Dr. Snoeren's report concerning the structure and functionality of the accused Sync Adapters.

21.    Dr. Snoeren opines that six different Sync Adapters are "synchronization software components":



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



24.

25.

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



26.

27.

28.

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



32.

DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

## V.    NONINFRINGEMENT OF THE ASSERTED CLAIMS OF THE '414 PATENT

54.    Dr. Snoeren limits his opinions regarding infringement to literal infringement of claims 11 and 20 of the '414 patent.   Dr. Snoeren does not opine or provide the basis for any opinion that the '414 patent is infringed under the Doctrine of Equivalents, and thus I do not analyze his allegations under the Doctrine of Equivalents.   To the extent the Court permits Apple or Dr. Snoeren to offer opinions concerning infringement under the Doctrine of Equivalents, I reserve the right to supplement this rebuttal report to address the same.

55.    I have analyzed Dr. Snoeren's opinions and concluded that there is no literal infringement of the asserted claims of the '414 patent, for the reasons set forth in this section and this declaration.

56.    I also observe that Dr. Snoeren has not provided any basis for his opinions regarding infringement of certain limitations of the asserted claims of the '414 patent.   Based on

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

my understanding of the legal principles set forth in this declaration, it is my opinion that Dr. Snoeren's analysis fails to demonstrate that each limitation of the asserted claims of the '414 patent is met in the Accused Products.

      B.    <u>Concurrent Thread Execution</u>

     57.    In ¶ 456 of his report, Dr. Snoeren opines that "synchronization processing threads provided by the Sync Adapters execute 'concurrently' with the UI threads for the Email, Gmail, Calendar and Contacts applications – the user-level non-synchronization processing threads."   In my opinion, Dr. Snoeren's analysis does not demonstrate that the Accused Products execute non-synchronization and synchronization processing threads concurrently.

     58.    Specifically, Dr. Snoeren opines that "[d]uring a short time interval, generally one that is not user perceptible, active UI and synchronization thread(s) will both be executed," and that "[t]his allows the user to continue to be able to access and edit data in the user interface while the Sync Adapter is carrying out synchronization operations in the background."   (*See id*.) As explained below, however, Dr. Snoeren offers no proof whatsoever on this point in ¶ 456 of his report.

     59.    First, to the extent Dr. Snoeren suggests that a user's editing of data through the user interface will cause the execution a synchronization thread after a "short time interval" that is "not user perceptible," he is incorrect. █████████████████████████
████████████████████████████████████████
██████████████████ ████████████████████████
██████████████████████████████
███████████████████████████████████████████████
████████████ █████████████████████████████████
█████████████████████████████████████████
██████████ ██████████████████████████████
█ █████████████████████████████████████
██████████████████████████

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

61.   Indeed, Dr. Snoeren does not provide any evidence in his infringement analysis of synchronization actually taking place during ordinary, real-world operation of the user interfaces of the accused applications.   I observe that in the real world, the Calendar and Contacts applications might not be used for extended periods of time by the average user.   In my experience, personal information management software, and particularly contacts-management software and calendaring software, are used as quick reference tools, and often are not used for more than 30 seconds at a time.   Thus, an ordinary user of the Calendar or Contacts app may navigate away from that app soon after making a local edit,

62.   Second, Dr. Snoeren does not cite evidence to support his opinion that "active UI and synchronization thread(s) will both be executed" "[d]uring a short time interval, generally one that is not user perceptible."   (*See id*. ¶ 456.)   Likewise, he does not cite evidence to support his opinion that

Accordingly, Dr. Snoeren's opinions in ¶ 456 do not support his conclusion that non-

DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

1   synchronization and synchronization processing threads execute concurrently in the Accused

2   Products.

3       63.    Dr. Snoeren also opines that concurrent thread execution in the Accused Products

4   "allows the user to continue to be able to access and edit data in the user interface while the Sync

5   Adapter is carrying out synchronization operations in the background."   (*Id.* at ¶ 456.)   To the

6   extent Dr. Snoeren (or Apple's other experts) opines that the Accused Products allows data

7   access and editing throughout the ***entire duration*** of a synchronization between client and server,

8   I disagree;

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



66.

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



72.   Accordingly, Dr. Snoeren has failed to demonstrate that the Accused Products allow users to access and edit a local database during the entire duration of synchronization.

C.   <u>A Synchronization Software Component Configured to Synchronize Structured Data.</u>

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

74.     As an initial matter, I note that Dr. Snoeren alleges the above Sync Adapters are "synchronization software components" as required by the asserted claims, but he does not allege that the Sync Adapters are "configured to synchronize structured data."   When discussing the accused Sync Adapters Dr. Snoeren does not explain if, how, or when the Sync Adapter is called to purportedly perform synchronization operations and he does not identify specifically any of the Sync Adapter's operations that are purportedly "configured to synchronize structured data."   For example, in ¶¶ 402 and 403 of his report, Dr. Snoeren explains that the claimed "synchronization software components are responsible for 'causing the retrieval and storage of structured data,'" either by "directly writing that data to the first database" or "calling or requesting other software to read and write to the database," but Dr. Snoeren does not explain how any of the six Accused Sync Adapters satisfies this alleged requirement.   Nor does Dr. Snoeren offer an opinion how one would determine if *any component* is "configured to synchronize structured data" as required

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

by the asserted claims.    For at least these reasons, Dr. Snoeren has failed to demonstrate that any of the six accused Sync Adapters infringes the Asserted Claims.

75.    Furthermore, as discussed below, Dr. Snoeren has failed to demonstrate that each accused Sync Adapter executes various synchronization operations that he attributes to "synchronization software components" generally.

76.    ███ ███████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████   ██████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████

77.    ██████████████████████████████████
██████████████████████   ██
████████████████████   ██████████████████████
██████████████████████████   ████████████████
██████████████████████████████████████████████
████████████████   ██████████████████████
██████████████████████   █████████████████████
██████████████████████████████████████████
████   ████████████████████████████████████
██████████████████████████████████████
██████████████████████████   ████████████

78.    ██████████████████████████████
████████████████████████████████████████
█████████████████████████████████   ███
██████████████████████████   ████████████
██████████████████████████████████

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



Case No. 12-cv-00630-LHK
DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE



ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

1

2

3

4

5

6

7

8

9

10

11

12

13    D.    Other Synchronization Software Components Configured To Synchronize

14         Structured Data.

15        104.    In paragraphs 470 and 471 of his report, Dr. Snoeren alleges that "the Accused

16    Devices literally infringe claim 20 of the '414 Patent" because "[e]ach of the[] Sync Adapters is

17    configured to synchronize structured data corresponding to a particular data class, *i.e.*, Gmail

18    mail, Google Calendar, Google Contacts, Exchange mail, Exchange calendar and Exchange

19    contacts data."    In my opinion, the Accused Products do not infringe claim 20 of the '414 patent.

20    In support of this opinion, I incorporate by reference my analysis of the accused Sync Adapters

21    set forth above.

22        105.    The plain language of claim 11 requires a "synchronization software component

23    which is configured to synchronize the structured data," and claim 20 requires "the

24    synchronization software component" of claim 11 and "other synchronization software

25    components are configured to synchronize structured data."    Thus, claim 20 requires at least

26    three synchronization software components that are configured to synchronize structured data.

27    In my opinion, the Accused Products do not infringe claim 20.

28

ATTORNEYS' EYES ONLY – CONTAINS SOURCE CODE

106.   Dr. Snoeren has not identified three "synchronization software components configured to synchronize structured data" in the Accused Products.    Furthermore, as discussed above, the Gmail Sync Adapter, Exchange Mail Sync Adapter, Exchange Contacts Sync Adapter, and Exchange Calendar Sync Adapter that Dr. Snoeren alleges to be "synchronization software components" for purposes of the asserted claims do not perform synchronization operations on structured data, and therefore are not "configured to synchronize structured data" as required by claims 11 and 20.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Durham, North Carolina, on November 1, 2013.

By: _____

Jeffrey S. Chase

DECLARATION OF JEFFREY S. CHASE, PH.D., IN SUPPORT OF
SAMSUNG'S OPPOSITION TO APPLE'S MOTION FOR SUMMARY JUDGMENT