REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL

# EXHIBIT C-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| APPLE INC., a California corporation,<br><br>               Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>             Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**EXPERT REPORT OF DR. ALEX C. SNOEREN CONCERNING U.S. PATENT NOS. 6,847,959 AND  7,761,414**<br><br><br><br>**HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE**<br><br>**GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE** |

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...........................................................................................................1

II.     EXECUTIVE SUMMARY ...........................................................................................1

        A.      The '959 Patent........................................................................................................1

                1.      Overview of the '959 Patent ....................................................................1

                2.      Usage of the '959 Patent Technology ................................................3

                3.      Infringement Overview ...........................................................................5

        B.      The '414 Patent........................................................................................................7

                1.      Overview of the '414 Patent ....................................................................7

                2.      Usage of the '414 Patent Technology ................................................9

                3.      Infringement Overview ...........................................................................10

III.    BACKGROUND AND QUALIFICATIONS ...........................................................12

IV.     MATERIALS REVIEWED.........................................................................................13

V.      SUMMARY OF OPINIONS .......................................................................................13

VI.     LEGAL STANDARDS ................................................................................................14

        A.      Claim Construction..............................................................................................14

        B.      Infringement..........................................................................................................14

VII.    SAMSUNG ENTITIES ...............................................................................................16

VIII.   The ACCUSED PRODUCTS .....................................................................................17

IX.     THE '959 PATENT .....................................................................................................18

        A.      One Of Ordinary Skill In The Art.....................................................................18

        B.      Description and Technological Concepts of The '959 Patent ....................18

                1.      Technological Concepts In The '959 Patent....................................19

                2.      Description Of The '959 Patent ..........................................................22

        C.      Asserted Claims of The '959 Patent ..................................................................24

        D.      Claim Analysis......................................................................................................24

                1.      Claim 24..................................................................................................25

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

    2.    Claim 25 .................................................................................... 35

E.    Accused Instrumentalities .................................................................. 36

    1.    The Accused Products ............................................................. 36

    2.    The Google Search Application ................................................ 38

    3.    The Operation of the QSB ....................................................... 42

    4.    Content Providers ................................................................... 58

F.    Infringement ..................................................................................... 87

    1.    Claim 24 .................................................................................. 89

    2.    Claim 25 ................................................................................ 105

    3.    Inducement ............................................................................ 106

    4.    Contributory infringement .................................................... 110

G.    Samsung's Alleged Non-Infringing Alternatives To The '959 Patent ..................... 111

    1.    First Alleged Alternative (Page 156, line 24 – page 157, line 8) .................. 111

    2.    Second Alleged Alternative (Page 157, lines 9-28) ................. 113

    3.    Third Alleged Alternative (Page 158, lines 1-20) ...................... 114

    4.    Fourth Alleged Alternative (Page 159, line 21 – Page 160, line 2; page 174, line 9 – page 175, line 2) ....................................... 115

    5.    Fifth Alleged Alternative (Page 159, lines 3-6) ........................ 117

    6.    Sixth Alleged Alternative (Page 159, lines 7-12) ...................... 118

    7.    Seventh Alleged Alternative (Page 159, lines 13-16) ................ 118

    8.    Eighth Alleged Alternative (Page 159, lines 17-22) .................. 119

    9.    Ninth Alleged Alternative (Page 175, lines 3-5) ....................... 120

    10.    Tenth Alleged Alternative (Page 175, lines 5-10) ..................... 121

    11.    Eleventh Alleged Alternative (Page 175, lines 11-18) .............. 122

H.    Samsung's Non-Infringement Contentions ........................................ 123

    1.    First Non-Infringement Contention ....................................... 123

    2.    Second Non-Infringement Contention .................................... 124

    3.    Third Non-Infringement Contention ...................................... 124

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

4.   Fourth Non-Infringement Contention ........................................................... 124

5.   Fifth Non-Infringement Contention ............................................................. 124

6.   Sixth Non-Infringement Contention ............................................................ 124

7.   Seventh Non-Infringement Contention ........................................................ 125

8.   Eighth Non-Infringement Contention .......................................................... 125

9.   Ninth Non-Infringement Contention ........................................................... 125

10.  Tenth Non-Infringement Contention ........................................................... 125

11.  Eleventh Non-Infringement Contention ...................................................... 126

12.  Twelfth Non-Infringement Contention ........................................................ 126

13.  Thirteenth Non-Infringement Contention .................................................... 126

14.  Fourteenth Non-Infringement Contention ................................................... 127

15.  Fifteenth Non-Infringement Contention ...................................................... 127

16.  Sixteenth Non-Infringement Contention ..................................................... 128

17.  Seventeenth Non-Infringement Contention ................................................. 128

18.  Eighteenth Non-Infringement Contention ................................................... 128

19.  Nineteenth Non-Infringement Contention ................................................... 129

20.  Twentieth Non-Infringement Contention .................................................... 129

21.  Twenty-first Non-Infringement Contention ................................................. 130

22.  Twenty-second Non-Infringement Contention ............................................ 130

I.   Use by Apple of The '959 Patented Technology ..................................................... 130

X.   THE '414 Patent ........................................................................................................ 134

A.   One of Ordinary Skill in The Art ............................................................................ 134

B.   Description and Technological Concepts of The '414 Patent ................................. 135

1.   Technological concepts of the '414 Patent .................................................. 135

C.   Asserted Claims of The '414 Patent ........................................................................ 138

D.   Claim Analysis ........................................................................................................ 138

1.   Claim 11 ....................................................................................................... 139

2.   Claim 20 ....................................................................................................... 148

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

| | | | |
|---|---|---|---|
| E. | | Accused Instrumentalities | 149 |
| | 1. | Android Synchronization Framework | 151 |
| | 2. | The Gmail, Mail, Calendar and Contacts Applications | 152 |
| F. | | Infringement | 162 |
| | 1. | Claim 11 | 164 |
| | 2. | Claim 20 | 173 |
| | 3. | Inducement | 175 |
| | 4. | Contributory infringement | 179 |
| G. | | Samsung's Alleged Non-Infringing Alternatives | 180 |
| | 1. | First Alleged Alternative (page 160, lines 3-17) | 181 |
| | 2. | Second Alleged Alternative (page 160, line 18 – page 161, line 3) | 183 |
| | 3. | Third Alleged Alternative (page 161, lines 4-16) | 183 |
| | 4. | Fourth Alleged Alternative (page 161, lines 17-28) | 185 |
| | 5. | Fifth Alleged Alternative (page 162, lines 1-17) | 186 |
| | 6. | Sixth Alleged Alternative (page 175, lines 20-26) | 187 |
| | 7. | Seventh Alleged Alternative (page 175, line 27 – page 176, line 5) | 188 |
| | 8. | Eighth Alleged Alternative (page 176, lines 6-12) | 189 |
| | 9. | Ninth Alleged Alternative (page 176, lines 13-22) | 190 |
| | 10. | Tenth Alleged Alternative (page 176, line 23 – page 177, line 5) | 191 |
| H. | | Samsung's Non-Infringement Contentions | 192 |
| | 1. | First Non-infringement Contention | 192 |
| | 2. | Second Non-infringement Contention | 192 |
| | 3. | Third Non-infringement Contention | 192 |
| | 4. | Fourth Non-infringement Contention | 193 |
| | 5. | Fifth Non-infringement Contention | 194 |
| | 6. | Sixth Non-infringement Contention | 194 |
| | 7. | Seventh Non-infringement Contention | 194 |
| | 8. | Eighth Non-infringement Contention | 194 |

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

9.      Ninth Non-infringement Contention.................................................................195

10.     Tenth Non-infringement Contention.................................................................195

I.  Use by Apple of The '414 Patented Technology....................................................195

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

# I.   INTRODUCTION

1.     I have been asked by counsel for Apple, Inc. ("Apple") to provide an opinion as to whether certain Samsung products infringe United States Patent No. 6,847,959 ("the '959 Patent"), and 7,761,414 ("the '414 Patent"), which is assigned to Apple, Inc.   My opinions are set forth below in this report.

2.     If I am called as an expert witness, I expect to testify regarding my background, qualifications and experience relevant to the issues in this action, the technical subject matter of the '959 and '414 Patents, the accused Samsung products, and the Apple products that practice the claimed invention.

3.     I understand that there is still additional discovery taking place, and that there are current outstanding discovery issues relating to Samsung's and third-party document production.  I understand there are also still depositions remaining to be completed.  I therefore reserve the right to supplement my report should additional information be produced that is relevant to my analysis.

4.     My opinions are subject to change based on additional opinions that Samsung's experts may present and information I may receive in the future or additional work I may perform. With this in mind, based on the analysis I have conducted and for the reasons set forth below, I have preliminarily reached the conclusions and opinions in this report.

5.     In connection with my anticipated testimony in this Action, I may use as exhibits various documents produced in this Action that refer or relate to the matters discussed in this report.  I have not yet selected the particular exhibits that might be used.  In addition, I may create or assist in the creation of certain demonstrative exhibits to assist me in testifying.  Again, those exhibits have not yet been created.

# II.   EXECUTIVE SUMMARY

## A.   The '959 Patent

### 1.   Overview of the '959 Patent

6.     The '959 Patent is directed to the general problem of efficiently locating information across varying information sources, e.g., information stored locally on a device as well as information

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

device, including through the plugging in of synchronization software components created by third party developers.  As the '414 Patent specification explains: "The software architecture of FIG. 4 provides abstractions that allow plugging in of many different data classes; including 'after market' plug-ins by third party suppliers in at least certain embodiments…. In one embodiment, SyncAgent has a plug-in model for Data Sources, and runs as a separate process from applications on the device which manage/display the data, but can interact with them in parallel (with locking, or concurrent access ), and notifies the applications when data changes."  '414 Patent, 9:10-41.  *See generally*, '414 Patent, 7:40-12:45.

408.    Of course, this plug-in model architecture is only one embodiment and not all the '414 Patent claims require it.  Claim 11, for example, does not require multiple, dedicated synchronization software components.  But in light of the specification, one of skill in the art would understand claim 20 to require the use of a plug-in model architecture such that additional synchronization software components corresponding to other classes of structured data are plugged into that architecture to handle the synchronization of such data in addition to the requirements of claim 11 discussed above.

### E.    Accused Instrumentalities

409.    Samsung has made source code for its Accused Products[86] available for inspection.  I

---

[86]  *See* Specifications for the Accused Devices: APLNDC630-0000159333 at APLNDC630-0000159333-34 (Samsung Admire); APLNDC630-0000879772 at APLNDC630-0000879772 (Samsung Captivate Glide); APLNDC630-0000879773 at APLNDC630-0000879773-74 (Samsung Conquer 4G); APLNDC630-0000879775 at APLNDC630-0000879775 (Samsung Dart); APLNDC630-0000879776 at APLNDC630-0000879776-77 (Samsung Exhibit II 4G); APLNDC630-0000879778 at APLNDC630-0000879778-79 (Samsung Galaxy Nexus – Sprint); APLNDC630-0000879780 at APLNDC630-0000879780-81 (Samsung Galaxy Nexus – Verizon); APLNDC630-0001903913 at APLNDC630-0001903913-15 (Samsung Galaxy Nexus – Unlocked); APLNDC630-0000879887 at APLNDC630-0000879887-88 (Samsung Galaxy Note – AT&T); SAMNDCA630-00922217 at SAMNDCA630-00922217-24 (Samsung Galaxy Note – T-Mobile); APLNDC630-0000879784 at APLNDC630-0000879784-85 (Samsung Galaxy Note 10.1 – Wi-Fi); APLNDC630-0000879786 at APLNDC630-0000879786-87 (Samsung Galaxy Note II – AT&T); APLNDC630-0000879788 at APLNDC630-0000879788-89 (Samsung Galaxy Note II – Sprint); APLNDC630-0000879790 at APLNDC630-0000879790-91 (Samsung Galaxy Note II – T-Mobile); APLNDC630-0000879794 at APLNDC630-0000879794-96 (Samsung Galaxy Note II – Verizon); APLNDC630-0000879792 at APLNDC630-0000879792-93 (Samsung Galaxy Note II – US Cellular); APLNDC630-0000879809 at APLNDC630-0000879809-10 (Samsung Galaxy Rugby Pro); APLNDC630-0000879813 at APLNDC630-0000879813-14 (Samsung Galaxy S II – T-Mobile); APLNDC630-0000161385 at APLNDC630-0000161385-87 (Samsung Galaxy S II – AT&T);  APLNDC630-0000160973 at APLNDC630-0000160973-75 (Samsung Galaxy S II Epic 4G Touch); APLNDC630-0000161177 at

*(Cont'd on next page)*

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

understand that the source code made available for inspection is documented in Samsung's Third

Supplemental Response to Apple's Interrogatory No. 41.  In that document, Samsung identifies,

among other things, certain model numbers for each Samsung Accused Product, the Android platform

version installed for the launch of each product, certain Android maintenance releases for each

product, the software version for each launch and maintenance release, and the server path where the

source code for each launch or maintenance release may be found.  I understand that Samsung has

denoted with an asterisk maintenance releases that may have altered one or more one or more

functionalities that may relate to Apple's Patent-in-Suit.  I have personally reviewed source code for

the Samsung Accused Products, both in person on the source code review computers at Samsung's

outside counsel's offices as well as printouts of source code for Samsung Accused Products.  In

addition, I have personally reviewed the source code review computers at Google's outside counsel's

offices as well as printouts of source code for that Google has provided for use on the Samsung

Accused Products, including source code for the Gmail Application, Google Calendar Sync Adapter

and Google Contacts Sync Adapter and code for the Galaxy Nexus.

410.    I also note that the consistency between the various generations of Android is

expected, because new versions of the code will generally need to maintain compatibility with earlier

versions in order to maintain compatibility between the core system applications, new applications,

---

*(Cont'd from previous page)*

APLNDC630-0000161177-78 (Samsung Galaxy S II Skyrocket); APLNDC630-0000879825 at
APLNDC630-0000879825-26 (Samsung Galaxy S III – Verizon); APLNDC630-0000879819 at
APLNDC630-0000879819-20 (Samsung Galaxy S III – AT&T); APLNDC630-0000879821 at
APLNDC630-0000879821-22 (Samsung Galaxy S III – Sprint); APLNDC630-0000879823 at
APLNDC630-0000879823-24 (Samsung Galaxy S III – T-Mobile); SAMNDCA630-00924878 at
SAMNDCA630-00924878-86 (Samsung Galaxy S III – US Cellular); APLNDC630-0001903919
at APLNDC630-0001903919-21 (Samsung Galaxy S III – MetroPCS); APLNDC630-
0001903916 at APLNDC630-0001903916-18 (Samsung Galaxy S III – Cricket); APLNDC630-
0000879829 at APLNDC630-0000879829-30 (Samsung Galaxy Tab 2 10.1 – AT&T);
APLNDC630-0000879831 at APLNDC630-0000879831-32 (Samsung Galaxy Tab 2 10.1 –
Sprint); APLNDC630-0000879833 at APLNDC630-0000879833-34 (Samsung Galaxy Tab 2
10.1 – T-Mobile); APLNDC630-0000879835 at APLNDC630-0000879835-36 (Samsung Galaxy
Tab 2 10.1 – Verizon); APLNDC630-0000879837 at APLNDC630-0000879837-38 (Samsung
Galaxy Tab 2 10.1 – Wi-Fi); APLNDC630-0000879845 at APLNDC630-0000879845-46
(Samsung Illusion); APLNDC630-0000162108 at APLNDC630-0000162108-09 (Samsung
Stratosphere); SAMNDCA630-00925908 at SAMNDCA630-00925908-14 (Samsung Transform
Ultra).

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

and newer and older versions of the Android platform.  This same consistency is also expected between the public versions of Android and Samsung's proprietary versions thereof, and I have indeed observed that consistency in my source code review.  In particular, while Samsung may seek to add functionality to differentiate its products from the Android products sold by other manufacturers, such changes would be made with a mind to maintain compatibility between the core system applications, new applications, and the same newer and older versions of the Android OS.  In other words, Samsung would be unlikely to change its version of Android in such a manner to make it incompatible with the expected functionality of Android as a whole.

411.    Based on my review of the source code produced by Google and Samsung, the documents and deposition testimony I have reviewed and use of the Accused Products, each of these Accused Products incorporates the functionality in the same way I describe below.  As a result, each of the Accused Products is representative of all other accused products for purposes of my analysis.  In addition to the documents and testimony cited below, my description of this functionality is based on my review of Samsung and Google's source code as shown in Exhibit 6.  I reserve the right to supplement my analysis should additional source code and other documentation become available.  Moreover, I reserve the right to supplement this report to accuse additional products in the event that Samsung makes, uses, sells, offers for sale, or imports other mobile devices running the Android platform that it has not yet identified or provided sufficient information for during discovery, or that are developed subsequent to this report.

### 1.    Android Synchronization Framework

412.    All versions of Android available on the Accused Products provide a framework for synchronizing data between local databases and databases located on remote servers.  Google's development web site explains, "[s]ynchronizing data between an Android device and web servers can make your application significantly more useful and compelling for your users."  Android Developers, Transferring Data Using Sync Adapters *available at* http://developer.android.com/training/sync-adapters/index.html APLNDC630-0001906247 at 247.  Other Google documents recognize that "[w]ith the proliferation of consumer electronics devices

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

435.    Samsung periodically updates the software for the Accused Products, these updates are known as Maintenance Releases (as opposed to the Launch Release, which is the software available on the Accused Product when it is first launched).  These Maintenance Releases can include a new version of the Android platform and new versions of applications on the device.  In is response to Apple's Interrogatory No. 41 Samsung provided a list of all Maintenance Releases for each of the Accused Products, the date that Maintenance Release was available and the version of Android that the Maintenance Release corresponds to.  Additionally, Samsung indicated with asterisks those maintenance releases that Samsung contends changed functionality related to one of the patents-in-suit in this litigation.  Thus, according to the information provided by Samsung, when a Maintenance Release or Launch Release is found to infringe any subsequent Maintenance Releases without an asterisk would also infringe for the same reasons as such later Maintenance Release would provide no changes to any relevant functionality.

436.    The Claim charts attached as Exhibit 7 include references to the specific source code supporting my analysis for each Launch Release and each Maintenance Release designated by Samsung with an asterisk                                                                                                                          Moreover, although the

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                                    163

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

### 1.   Claim 11

437.    As explained below, it is my opinion that each of the Accused Devices infringe each element of Claim 11 of the '414 Patent.

### a.   **A computer readable storage medium containing executable program instructions which when executed cause a data processing system to perform a method comprising:**

438.    I understand that the preamble to a patent claim may or may not be limiting with regards to the scope of the claim.  I do not provide an opinion as to whether or not the preamble to claim 11 of the '414 Patent is limiting.  I do, however, opine that to the extent the preamble is a limitation, this limitation is met by the Accused Products.  Thus, in my opinion, the Samsung Accused Products contain "a computer readable storage medium containing executable program instructions which when executed cause a data processing system to perform a method" comprising the claimed elements.

439.    For example, the Samsung Galaxy S III, includes a processor, computer memory and a radio for communications over a cellular telephone network and over Wifi.  *See* fn. 86, *supra*.  Moreover, I have reviewed Samsung's response to Apple's Interrogatory No. 24[89], which I understand identifies Samsung's non-infringement contentions, and Samsung does not dispute that the Accused Products meet this limitation.

---

[89]   In particular, I have reviewed Samsung's Supplemental Responses to Interrogatory No. 24 related to the '414 Patent, dated July 15, 2013, including both a First and Second Supplemental Response to Apple's Interrogatory No. 24, the latter of which is dated July 15, 2013.

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                    164

Gibson, Dunn
& Crutcher LLP

b. **executing at least one user-level non-synchronization processing thread, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database;**

440. It is my opinion that the Accused Products contain executable program instructions for "executing at least one user-level non-synchronization processing thread, wherein the at least one user-level non-synchronization processing thread is provided by a user application which provides a user interface to allow a user to access and edit structured data in a first store associated with a first database."

441. Specifically, the Samsung Galaxy S III and other Accused Products include the Gmail, Email, Calendar and Contacts applications stored in memory on the device ███████████ ████████████████████████████████████████████████ ████████████████████████████ Synchronization operations are performed by the Sync Adapters on separate threads. Therefore the UI thread for the Gmail, Email, Calendar and Contacts application is a "user-level non-synchronization processing thread."

442. The UI threads provided by the Gmail, Mail, Calendar, and Contacts applications on the Samsung Galaxy S III and other Accused Products each provide a user interface ("UI") that allows a user to access and edit structured data in a first store associated with a first database. A screen shot of these four applications on the Samsung Galaxy S III is shown below:

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                                    165

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE



(From left to right, the UI for the Gmail, Mail, Calendar and Contacts applications on the Smasung Galaxy S III)

443.

444

445

446



HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

447.

448.

449

450

451

452

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

c.   **and executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component**

453.   It is my opinion that the Accused Products contain executable program instructions for "executing at least one synchronization processing thread concurrently with the executing of the at least one user-level non-synchronization processing thread, wherein the at least one synchronization processing thread is provided by a synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database."

454. ██████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

455. ████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████
████████████████████████████████

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

456 ███████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████████

457. █████████ █████████ ██████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

458 █████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

---

[90] Samsung's response to Apple's Interrogatory No. 24.

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

459.    Indeed, the argument in Samsung's Contentions appears to be based on a faulty premise, that is, that the existence of a lock on the first database means that the user-level and synchronization threads cannot be said to be executing "concurrently."  But as I mentioned in the Claims Analysis section above, claim 14 expressly states that the synchronization software component may lock the database.  Since claim 14 depends from claim 11 that means that claim 11 also allows for implementations where the synchronization software component, here the aforementioned Sync Adapters, acquire a lock on the database.  Moreover, I note that Samsung's argument is also inconsistent with the Patent Office examiner's observation that the claims "as written do not require both threads to modify the data structure concurrently."  Office Action dated July 9, 2009 at 2.

460.    Furthermore, to the extent Samsung alleges that the "concurrently" limitation is not met because the database does not allow concurrent access.

461.

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414

170

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**d.**     **which is configured to synchronize the structured data from the first database with the structured data from a second database.**

462 ███████████████████████████████████████

█████████████████████████████████████ As explained more fully below, each of these services store the corresponding user data in a remote database that is synchronized with the data in corresponding database on the Accused Products. Thus, each of these Sync Adapters is a separate "synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database," wherein the second database is the database maintained by the corresponding remote service.

463.     ████████████████████████████

████████████████████████████ The Exchange server stores all this data in a database that imposes a structure on its version of the data based on a schema. *See, e.g.,* Balducci, 110:11-111:25; 117:2-5 (testifying that Microsoft Exchange Server 2011 and 2013 store user mail, calendar and contacts data in a database); Overview of Exchange Server Database Architecture and Database Engine, *available at* http://support.microsoft.com/kb/271987 and produced at APLNDC630-0000879859.

464.     Mail, calendar and contacts data is synchronized between the Galaxy SIII and other Accused Products and the data stored in the database maintained by the Microsoft Exchange server. *See, e.g.,* GOOG-NDCAL630-00061339 at 339-341; GOOG-NDCAL630-00063220 at 220-21.  In addition to my review of documents, source code and testimony, I have confirmed this by syncing a Galaxy SIII to a Microsoft Exchange account and observing the fact that changes to mail, calendar and contact data made on the device appear in Microsoft Outlook on a remote computer configured to access the same account and vice versa.  Accordingly, it is my opinion that the Exchange Mail, Calendar and Contacts Sync Adapters on the Galaxy SIII and other Accused Products are each a "synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database."

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

465.     Google provides the Gmail and Google Calendar services.  These services store a user's mail and contacts data and calendar data respectively in remote storage systems that Google maintains ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████

466.     According to a recent Google publication, the storage system Google uses for Gmail and Google Calendar is called Megastore.  Corbett *et. al.*, "Spanner: Google's Globally-Distributed Database," *Proc. of OSDI.* 2012, available at http://research.google.com/archive/ spanner.html and produced at APLNDC630-0000879868 ("Spanner Paper") at 4.  The details of the MegaStore architecture are described in a separate Google publication:  Baker *et. al.*, "Megastore: Providing Scalable, Highly Available Storage for Interactive Services," *Proc. of CIDR 2011*, available at http://research.google.com/pubs/pub36971.html and produced at APLNDC630-0000879847 ("Megastore Paper").  In its Megastore Paper, Google describes the MegaStore architecture as a database.  *See, e.g.*, Megastore Paper at 223 and 227.  Based on my review of this paper as well as my experience, I agree that the Megastore architecture is a database.  In addition to Megastore, I am aware of other Google storage architectures called Spanner and BigTable.  Details of the Spanner architecture are described in Google's Spanner Paper, which describes Spanner as a "database."  *See, e.g.,* Spanner Paper at 1.  Details of the BigTable architecture are described in an earlier Google paper.  Chang *et. al.*, "Bigtable:  A Distributed Storage System for Structured Data," *Proc. of OSDI.* 2006, *available at* http://research.google.com/archive/bigtable.html.  Based on my review of these papers as well as my experience, it is my opinion that the Spanner and BigTable architectures are databases.

467.     All three of these Google papers are well known in the art and considered to be reliable sources of information by experts in the field such as myself.  For example, the Spanner

---

91 ████████████████████████████████████████████████████
████████████████████████████████████████████████

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                                  172

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

Paper that Google presented at OSDI in October 2012 won the Jay Lepreau Best Paper Award at that conference.  Moreover, as indicated above, Google continues to publish all three of these papers on its website.

468. ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████ I have seen no evidence to the contrary. Moreover, the other published Google storage architectures, BigTable and Spanner, are also databases.   Accordingly, it is my opinion that the Gmail and Google calendar services use a database to store user data.  To the extent Google later identifies a different storage architecture for these services, I reserve the right to supplement my analysis.

469.    Mail, calendar and contacts data is synchronized between the Galaxy SIII and other Accused Products and data stored in the database utilized by the Gmail and Google Calendar services.  In addition to my review of documents, source code and testimony, I have confirmed this by syncing a Galaxy SIII to a Gmail and Google Calendar account and observing the fact that changes to mail, calendar and contact data made on the device appear when those services are accessed from a remote computer and vice versa.  Accordingly, it is my opinion that the Gmail, Google Calendar and Google Contacts Sync Adapters on the Galaxy SIII and other Accused Products are each a "synchronization software component which is configured to synchronize the structured data from the first database with the structured data from a second database."

### 2.    Claim 20

470.    It is my opinion that the Accused Devices literally infringe claim 20 of the '414 Patent.  Because claim 20 depends from claim 11, my analysis of claim 11 above also applies to claim 20.  Below I address Samsung's infringement of the additional limitations in claim 20.

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

a. **The storage medium as in claim 11 wherein the synchronization software component is configured to synchronize structured data of a first data class and other synchronization software components are configured to synchronize structured data of other corresponding data classes.**

471.   As explained above, the Samsung Galaxy S III and the other Accused Products contain the storage medium as in claim 11, which includes  a synchronization software component," *i.e.*, the aforementioned Sync Adapters.  Each of these Sync Adapters is configured to synchronize structured data corresponding to a particular data class, *i.e.*, Gmail mail, Google Calendar, Google Contacts, Exchange mail, Exchange calendar and Exchange contacts data.

472.

473.

474.

Gibson, Dunn
& Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

475.    Moreover, the Android synchronization architecture on the Galaxy SIII and other Accused Products is an extensible plug-in architecture.  New types of data can be synchronized using the existing framework simply by plugging in additional Sync Adapters.  Google's documents describe the benefits of this to application developers:  "Although you can design your own system for doing data transfers in your app, you should consider using Android's sync adapter framework. This framework helps manage and automate data transfers, and coordinates synchronization operations across different apps.  When you use this framework, you can take advantage of several features that aren't available to data transfer schemes you design yourself:" a plug-in architecture "[a]llows you to add data transfer code to the system in the form of callable components…." Android Developers, Transferring Data Using Sync Adapters *available at* http://developer.android.com/training/sync-adapters/index.html; *see also*

**3.     Inducement**

476.    In addition to directly infringing, it is also my opinion that Samsung actively induces infringement of claims 11 and 20 of the '414 Patent by the users of the Accused Products as well as the carriers and other companies that sell the Accused Products in the United States.  I understand that Samsung acknowledges that it has known of the '414 Patent at least since the date this lawsuit was filed in February 8, 2012.  As discussed above, it is my opinion that the Accused Products infringe claims 11 and 20 of the '414 Patent.   The Accused Products is sold as an apparatus in the

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   August 12, 2013

Alex C.  Snoeren

EXPERT REPORT  OF DR. ALEX SNOEREN
CONCERNING U.S. PATENT NOS. 6,847,959 AND
7,761,414                                                            197