**Redacted Version of Document to be Filed Under Seal**

# EXHIBIT A-4

## Page 174

```
 1         UNITED STATES DISTRICT COURT
 2    NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION
 3    ------------------------------------x
 4    APPLE INC., a California corporation, :
 5         Plaintiff,          :
 6         v.                  :
 7    SAMSUNG ELECTRONICS CO., LTD., a    : Civil Action No.
 8    Korean corporation; SAMSUNG         : 12-CV-00630-LHK
 9    ELECTRONICS AMERICA, INC., a New    :
10    York corporation; SAMSUNG           :
11    TELECOMMUNICATIONS AMERICA, LLC,    :
12    a Delaware limited liability        :
13    company,                  :
14         Defendants.          :
15    ------------------------------------x  VOLUME 2
16    (Caption continued on next page.)
17       HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
18       Videotaped Deposition of SAMSUNG parties,
19       By and through their Designated Representative,
20              JINHYUNG KIM
21         And in his Individual Capacity
22              Suwon, South Korea
23          Thursday, June 6, 2013   9:00 a.m.
24    Job No. 38162   Pages:  174-249
25    Reported by: Jodi Harmon, RMR, CRR
```

## Page 175

```
 1    (Caption continued from previous page.)
 2    ------------------------------------x
 3    SAMSUNG ELECTRONICS CO., LTD., a    :
 4    Korean corporation; SAMSUNG         :
 5    ELECTRONICS AMERICA, INC., a New    :
 6    York corporation; SAMSUNG           :
 7    TELECOMMUNICATIONS AMERICA, LLC, a  :
 8    Delaware limited liability company, :
 9         Counterclaim-Plaintiffs.   :
10         v.                 :
11    APPLE INC., a California corporation, :
12         Counterclaim-Defendants.   :
13    ------------------------------------x
14
15       Videotaped deposition of JINHYUNG KIM,
16    held at the loction of:
17
18       Ramada Plaza - Suwon City
19       940 Ingye-Dong, Paldal-Gu
20       Suwon, Gyeonggi-do, South Korea 442-832
21       Phone:  (82) 31-230-0001
22
23       Pursuant to agreement before Jodi Harmon,
24    Registered Merit Reporter and Certified Realtime
25    Reporter.
```

## Page 176

```
 1              APPEARANCES
 2    ON BEHALF OF PLAINTIFF AND COUNTERCLAIM-DEFENDANTS
 3    APPLE INC.:
 4       ROBERT VINCENT, ESQUIRE
 5       STEPHAN CHOO, ESQUIRE
 6       GIBSON, DUNN & CRUTCHER LLP
 7       2100 McKinney Avenue
 8       Dallas, Texas 75201-6912
 9       (214) 698-3100
10
11       SAM WHITT, ESQUIRE
12       GIBSON, DUNN & CRUTCHER LLP
13       1881 Page Mill Road
14       Palo Alto, California 94304
15       Phone: (650) 849-5300
16
17    ON BEHALF OF THE DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS,
18    SAMSUNG PARTIES:
19       ZACHARIA SUMMERS, ESQUIRE
20       QUINN, EMANUEL, URQUHART & SULLIVAN LLP
21       51 Madison Avenue
22       22nd Floor
23       New York, New York 10010
24       (212) 849-7000
25
```

## Page 177

```
 1       APPEARANCES  CONTINUED
 2    ALSO PRESENT:
 3       ALBERT KIM, LEAD INTERPRETER
 4       PHYLLIS KIM, CHECK INTERPRETER
 5       RANDELL J. BUCKLER, VIDEOGRAPHER
```

178

1       CONTENTS
2  EXAMINATION OF JINHYUNG KIM            PAGE
3  By Mr. Vincent                         179
4  By Mr. Summers                         235
5  By Mr. Vincent                         239
6
7         EXHIBITS
8       (Attached to transcript)
9       *(Exhibit 11, Clawed back)
10 KIM DEPOSITION EXHIBIT                 PAGE
11 Exhibit 9    United States Patent 5,946,647   179
12 Exhibit 10   Bates Number SAMNDCA 630-05877243  197
13              through 272.
14 Exhibit 11   *Bates Number SAMNDCA 630-06055459  199
15 Exhibit 11   *(Clawed back)            203
16 Exhibit 12   iPhone 4 Benchmark for Seine  203
17 Exhibit 13   Results of Comparative Evaluation  208
18              S1, Motoroi, iPhone

179

1          P R O C E E D I N G S
2       VIDEOGRAPHER: This is day two of the
3  deposition of Jinhyung Kim, testifying as a 30(b)(6)
4  witness and in his personal capacity. Today is June
5  6, 2013, and the time is 9:05 a.m. This deposition is
6  continuing from yesterday.
7       The court reporter is Jodi Harmon. The same
8  counsel is present. The oath stipulation from
9  yesterday will still apply.
10      The caption in this case is in the matter of
11 Apple versus Samsung, et al, and related counterclaim
12 held in the United States District Court, Northern
13 District of California, San Jose Division, with a
14 civil action number of 12-CV-00630 LHK-PSG.
15      We are on the record, and you may proceed.
16 WHEREUPON,
17           JINHYUNG KIM,
18 having been previously sworn, was examined and
19 testified through the interpreter as follows:
20           EXAMINATION (Cont'd)
21 BY MR. VINCENT:
22      Q  Welcome back. You understand you are still
23 under oath?
24      A  Yes.
25      (Exhibit 9 was marked for identification.)

180

1       Q  I pass you what I have marked as Exhibit 9.
2  Have you seen this document before?
3       A  Yes, I think I have seen this.
4       Q  When was the last time that you saw this
5  document?
6       A  I recall it as being a few months ago.
7       Q  Have you seen the document before that?
8       A  No.
9       Q  In what context did you see this document a
10 few months ago?
11         MR. SUMMERS: I'm going to object.
12         I'm going to caution the witness that, to
13 the extent this question calls for the content of
14 anything that was commuted to him by attorneys, not to
15 answer the question.
16      A  I don't think I'm going to answer -- to be
17 able to answer that question for you.
18      Q  So you can't answer my question without
19 revealing communications with your attorneys, is that
20 correct?
21      A  Right.
22      Q  Apart from any conversations you had with
23 your attorneys, do you have any understanding --
24 strike that.
25         This is United States Patent 5,946,647, an

181

1  Apple patent asserted in this case. My question is:
2  Apart from any conversations you have had with your
3  attorneys, do you have any understanding of what this
4  patent relates to?
5          MR. SUMMERS: Objection. I'm going to go
6  ahead and caution the witness again to only answer
7  that question to the extent you can separate your
8  understanding in your head about what this patent
9  relates to from what you have learned from attorneys.
10         THE WITNESS: Just the interpretation again,
11 please.
12         LEAD INTERPRETER: The question and the
13 objection? (Speaking Korean.)
14         THE WITNESS: Just the question only,
15 please.
16         LEAD INTERPRETER: (Speaking Korean.)
17      A  No.
18      Q  Apart from any information or communications
19 you had with your attorneys, have you formed an
20 opinion as to the validity of the '647 patent,
21 Exhibit 9?
22         MR. SUMMERS: Objection. To the extent it
23 calls for privilege, I'm going to go ahead and caution
24 the witness to not answer the question -- or rather to
25 answer the question only to the extent you can

**182**

1  separate what you learned about -- you can separate
2  any opinion you might have about the validity of the
3  '647 patent from what you learned from attorneys.
4      A    No.
5      Q    Apart from any communications you have
6  received or had with counsel, do you have any facts
7  that relate to any assertion of noninfringement by
8  Samsung of the '647 patent or Exhibit 9?
9          MR. SUMMERS:  Objection.  If I understand
10 your question correctly, that only calls for
11 privileged information, and so I'm going to go ahead
12 and instruct the witness not to answer.
13     A    I shall comply with counsel's instruction.
14     Q    Apart from any conversations you had with
15 your counsel, do you have any opinions or information
16 as to whether Samsung infringes the '647 patent or
17 Exhibit 9?
18         MR. SUMMERS:  Objection.  To the extent it
19 calls for privileged information, I'm going to go
20 ahead and caution the witness to only answer that
21 question to the extent he can separate in his head the
22 opinions or information he may or may not have about
23 whether Samsung infringes the '647 patent from what he
24 learned from counsel.
25     A    No.

**183**

1      Q    [REDACTED]
2  [REDACTED]
3  [REDACTED]
4          MR. SUMMERS:  Objection.  I'm going to
5  caution the witness to not answer that question except
6  to the extent his information that he did not learn
7  from or at the direction of counsel.
8          LEAD INTERPRETER:  Counsel said not answer
9  that question to the extent, but not except to the
10 extent?  The interpreter is just verifying his
11 hearing.
12         MR. SUMMERS:  Maybe I'll make it again.  I
13 apologize.
14         Objection to the extent the question calls
15 for privileged information.  I'm going to caution the
16 witness to only answer that question to the extent he
17 has information that he did not learn from or at the
18 direction of counsel.
19     A    Can I just have the question again, please?
20         LEAD INTERPRETER:  By the interpreter.
21 (Speaking Korean.)
22     A    [REDACTED]
23     Q    [REDACTED]
24 [REDACTED]
25 [REDACTED]

**184**

1          MR. SUMMERS:  Objection.  To the extent the
2  question calls for privileged information, I'm going
3  to caution the witness to only answer that question to
4  the extent he has information that he did not learn
5  from or at the direction of counsel.
6      A    [REDACTED]
7  [REDACTED]
8  [REDACTED]
9  [REDACTED]
10 [REDACTED]
11         MR. SUMMERS:  Objection.  To the extent the
12 question calls for privileged information, I'm going
13 to caution the witness to only answer that question to
14 the extent he has information that he did not learn
15 from or at the direction of counsel.
16     A    [REDACTED]
17     Q    [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED]
21 [REDACTED]
22 [REDACTED]
23 [REDACTED]
24 [REDACTED]
25 [REDACTED]

**185**

1  [REDACTED]
2          MR. SUMMERS:  Objection.  To the extent the
3  question calls for privileged information, I'm going
4  to caution the witness to only answer that question to
5  the extent that you have information that you did not
6  learn from or at the direction of counsel.
7      A    [REDACTED]
8      Q    [REDACTED]
9  [REDACTED]
10 [REDACTED]
11 [REDACTED]
12         MR. SUMMERS:  Objection.  To the extent the
13 question calls for privileged information, I'm going
14 to caution the witness to only answer that question to
15 the extent you have information that you did not learn
16 from or at the direction of counsel.
17     A    [REDACTED]
18     Q    Did you do anything in your preparation for
19 your deposition to find out the answer to that
20 question?
21         MR. SUMMERS:  Objection.  To the extent the
22 question calls for privileged information, I'm going
23 to caution the witness to only answer that question to
24 the extent you have information that you did not learn
25 from or at the direction of counsel.

**186**

1  A   No.
2  Q   [redacted]
3  [redacted]
4  [redacted]
5  A   [redacted]
6  Q   [redacted]
7  A   [redacted]
8  [redacted]
9  Q   [redacted]
10 [redacted]
11 A   [redacted]
12 Q   [redacted]
13 [redacted]
14      MR. SUMMERS:  Objection, foundation.
15 A   Could you just ask me that question again,
16 please?
17 Q   Sure.  Let me rephrase it.
18 [redacted]
19 [redacted]
20 [redacted]
21 A   [redacted]
22 Q   [redacted]
23 A   [redacted]
24 Q   Other than that, do you have any additional
25 knowledge?

**187**

1  A   No.
2  Q   [redacted]
3  [redacted]
4  A   [redacted]
5  Q   [redacted]
6  [redacted]
7  A   [redacted]
8  Q   [redacted]
9  [redacted]
10 [redacted]
11 [redacted]
12 A   [redacted]
13 Q   [redacted]
14 [redacted]
15 [redacted]
16 A   [redacted]
17 Q   Are you aware of any devices that present
18 only a single option or action for each type of
19 detected item, like a phone number or e-mail address,
20 rather than multiple action?
21      MR. SUMMERS:  Objection, vague.
22 A   I'm not too sure.
23 Q   [redacted]
24 [redacted]
25 [redacted]

**188**

1  [redacted]
2       MR. SUMMERS:  Objection.  To the extent the
3  question calls for privileged information, I'm going
4  to caution the witness not to answer or to only answer
5  to the extent you can do so separate and apart from
6  information you learned or at the direction of
7  counsel.
8  A   [redacted]
9  Q   [redacted]
10 [redacted]
11 [redacted]
12 [redacted]
13      MR. SUMMERS:  Objection to the extent the
14 question calls for privileged information.  Same
15 caution.
16 A   [redacted]
17 Q   [redacted]
18 [redacted]
19 [redacted]
20 [redacted]
21      MR. SUMMERS:  Objection.  To the extent the
22 question calls for privileged information, same
23 caution to the witness.
24 A   [redacted]
25 Q   So, yesterday in the operation of devices we

**189**

1  talked about at least the Samsung Galaxy S3 that you
2  operated was able to detect both a phone number and
3  e-mail address.
4       Do you remember that?
5       MR. SUMMERS:  Objection, mischaracterizes
6  the events of yesterday.
7  A   Oh, what I did see was those e-mail
8  addresses and phone numbers would get expressed in a
9  different form.
10 Q   What do you mean by "expressed in a
11 different form"?
12 A   It was showing things differently in
13 comparison to either what was there above or there
14 beneath.
15 Q   And, for example, on the browser when you
16 long press the phone number, what happened?
17 A   A menu popped up, right.
18 Q   And when you long pressed the e-mail
19 address, what happened?
20 A   Likewise there was a menu that popped up.
21 Q   Are you aware of any Samsung device that
22 detects only a single type of data, like only phone
23 numbers or only e-mail addresses?
24      MR. SUMMERS:  Objection, vague, scope.
25 A   I have not been able to look into each and

242

1
2
3   A
4   Q
5   A
6   Q
7
8
9   A
10
11
12  A
13  Q
14  A
15  Q
16
17
18
19       MR. SUMMERS:  , incomplete hypothetical,
20  calls for speculation.
21  A
22
23
24
25  Q

243

1
2
3
4
5
6
7
8   Q
9   A
10
11
12
13
14
15
16
17
18  Q
19
20
21
22
23
24
25

244

1       MR. SUMMERS:  Objection, vague, calls for
2   speculation, foundation.  And objection to the
3   characterization of the files.
4   A
5   Q
6
7       MR. SUMMERS:  Objection, vague, calls for
8   speculation, foundation.  And objection as outside the
9   scope.
10  A
11  Q
12
13
14      MR. SUMMERS:  Objection, vague as to human
15  input, calls for speculation, foundation.  And
16  objection as outside the scope.
17  A
18      MR. VINCENT:  So subject to the reservation
19  of rights I stated earlier, I have no further
20  questions.
21      VIDEOGRAPHER:  Going off the record.  The
22  time is 12:45.  This is the end of Tape 3.
23      DEPOSITION OFFICER:  And does the witness
24  want to read and sign?
25      MR. SUMMERS:  Yes.

245

1       (Signature having not been waived, the
2   videotaped deposition of JINHYUNG KIM was concluded at
3   12:45 p.m.)
4
5
6
7
8
9
10              ACKNOWLEDGMENT OF DEPONENT
11      I, JINHYUNG KIM, do hereby acknowledge that I have
12  read and examined the foregoing testimony, and the same is
13  a true, correct and complete transcription of the testimony
14  given by me, and any corrections appear on the attached
15  errata sheet signed by me.
16
17  _____   _____
18     (DATE)                 (SIGNATURE)
19
20
21
22
23
24
25

246

1         CERTIFICATE
2   (SUWON)
3   (SOUTH KOREA)
4
5        I, Jodi Harmon, Registered Merit Reporter
6   and Certified Realtime Reporter, do hereby certify
7   that the aforementioned witness was first duly sworn,
8   per stipulation of counsel, to testify the whole
9   truth; that I was authorized to and did report said
10  deposition in stenotype; and that the foregoing pages
11  are a true and correct transcription of my shorthand
12  notes of said deposition.
13       I further certify that said deposition was
14  taken at the time and place hereinabove set forth and
15  that the taking of said deposition was commenced and
16  completed as hereinabove set out.
17       I further certify that I am not attorney or
18  Counsel of any of the parties, nor am I a relative or
19  employee of any attorney or counsel of party connected
20  with the action, nor am I financially interested in the
21  action.
22       The foregoing certification of this transcript
23  does not apply to any reproduction of the same by any
24  means unless under the direct control and/or direction
25  of the certifying reporter.

247

1        IN WITNESS WHEREOF, I have hereunto set my
2   hand this 7th day of June, 2013.
3
4
5        _____
6        JODI HARMON
7        Registered Merit Reporter
8        Certified Realtime Reporter

248

1   E R R A T A   S H E E T
2   IN RE:  APPLE VS. SAMSUNG, CASE #12-CV-00630-LHK
3   WITNESS: JINHYUNG KIM, VOLUME 2  DATE: JUNE 6, 2013
4   PAGE   LINE   CORRECTION AND REASON
5   ____   ____   _____
6   ____   ____   _____
7   ____   ____   _____
8   ____   ____   _____
9   ____   ____   _____
10  ____   ____   _____
11  ____   ____   _____
12  ____   ____   _____
13  ____   ____   _____
14  ____   ____   _____
15  ____   ____   _____
16  ____   ____   _____
17  ____   ____   _____
18  ____   ____   _____
19  ____   ____   _____
20  ____   ____   _____
21  ____   ____   _____
22  ____   ____   _____
23  ____   ____   _____
24  _____     _____
25   (DATE)           (SIGNATURE)

249

1   E R R A T A   S H E E T   C O N T I N U E D
2   IN RE:  APPLE VS. SAMSUNG, CASE #12-CV-00630-LHK
3   WITNESS: JINHYUNG KIM, VOLUME 2  DATE: JUNE 6, 2013
4   PAGE   LINE   CORRECTION AND REASON
5   ____   ____   _____
6   ____   ____   _____
7   ____   ____   _____
8   ____   ____   _____
9   ____   ____   _____
10  ____   ____   _____
11  ____   ____   _____
12  ____   ____   _____
13  ____   ____   _____
14  ____   ____   _____
15  ____   ____   _____
16  ____   ____   _____
17  ____   ____   _____
18  ____   ____   _____
19  ____   ____   _____
20  ____   ____   _____
21  ____   ____   _____
22  ____   ____   _____
23  ____   ____   _____
24  _____     _____
25   (DATE)           (SIGNATURE)