IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> SAMSUNG ELECTRONICS CO., LTD, et al. <br><br>  Defendants. | Case No. 12-CV-00630-LHK (PSG) <br><br> **THIRD-PARTY MICROSOFT'S UNOPPOSED COMPREHENSIVE ADMINISTRATIVE MOTION TO PLACE UNDER SEAL ALL CONFIDENTIAL DOCUMENTS DISCOVERED FROM MICROSOFT BY SUBPOENA WITHOUT THE NEED FOR REPEATED CONFIRMING DECLARATIONS** |

During the course of this action, third party Microsoft Corporation ("Microsoft") has produced voluminous highly confidential information and source code relating to certain of its operating systems in response to subpoenas issued by the parties to this action. The parties have now begun making submissions to this court that contain Microsoft's information, causing Microsoft to repeatedly prepare and file, on a piecemeal basis and with short notice, declarations under Civil L.R. 79-5 confirming the confidential nature of the information so as to maintain those submissions under seal.

Under Civil L.R. 7-11 and 79-5, and Fed. R. Civ. P. (26)(c)(1)(G), Microsoft now requests an order be issued (a) that the Microsoft-produced information, as identified herein, be confirmed as highly confidential and sealable under the protective order, and (b) that all submissions by the parties that contain, disclose, or characterize any such confidential Microsoft information be filed and maintained under seal, without the need for further confirming declarations from Microsoft for each such filing. Microsoft's motion is unopposed.

The specific documents and deposition materials that would trigger this sealing when included or disclosed in a party's submission are listed in attached Appendix A. All documents were designated, as appropriate, at the time of production as "Highly Confidential – Outside

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

Baker & Hostetler LLP
2929 Arch Street, 12th Floor
Philadelphia, PA 19104
(215) 568-3100

Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" under the Protective Order entered in this case.

The Microsoft documents produced in this action contain highly confidential and sensitive information relating to operating systems for Microsoft's products; designs, operations, specifications, and features of those systems; source code; software protocols; operating protocols; and software sales, revenue, pricing, and licensing data.  Microsoft anticipates that the parties will continue to file motions and briefs that contain confidential and sensitive Microsoft information, and will include the information in pretrial submissions and at trial.  Microsoft has thus far filed seven declarations in response to the parties' submissions confirming that Microsoft information included in the submissions remains highly confidential to Microsoft and should be sealed.  Although the parties have timely advised Microsoft of the submissions, the local rules provide Microsoft only four calendar days to investigate and to prepare and file the sealing declarations.  Microsoft therefore requests that this Court enter an order with prospective effect that party submissions that contain, disclose, or characterize the Microsoft documents or information identified in Appendix A be filed and maintained under seal, without the need for further confirming declarations from Microsoft for each such filing.

This requested relief is appropriate for three related reasons:  The information at issue is precisely the kind that courts have routinely protected; Microsoft, as a third party, did not voluntarily place its information into issue; and Microsoft should not be required to jump to justify the sealing of its information upon every activity in a case in which it has no part.

The Declaration of William J. Harmon ("Harmon Declaration") filed in support of this Administrative Motion, explains the undue burden and cost associated with continually filing declarations within days of the parties' filings.  Harmon Declaration at ¶ 10.

Likewise, Microsoft has established good cause to permit the filing and maintenance of its sensitive and confidential information under seal.  The Harmon Declaration explains that Microsoft has extremely tight controls on its source code to limit access and that revelation of

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

Baker & Hostetler LLP
2929 Arch Street, 12th Floor

1  source code or the underlying design and specifications of its products and systems would cause
2  Microsoft competitive harm. *Id.* at ¶¶ 4-6. The Harmon Declaration also establishes that
3  Microsoft tightly controls access to its Sales database, that Microsoft considers its sales and
4  revenue information to be highly confidential, and that public disclosure of this information
5  would cause significant competitive harm to Microsoft's business. *Id.* at ¶ 8.

6        This court has previously granted requests to seal source code and related technical
7  information. *See, e.g., Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal.)
8  (Dkt. No. 1649 at 8) (granting Apple's request to seal source code and schematics related to the
9  Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp.
10 2d 1001, 1017 (E.D. Cal. 2011)). Additionally, this court has previously held that "[c]onfidential
11 source code clearly meets the definition of a trade secret" and is sealable under the "compelling
12 reasons" standard. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846, D.I. 2190 at 3
13 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012).

14       The source code information at issue in this motion should be considered to be the
15 type of information that has been found by the courts to "outweigh the public's interest and
16 justify sealing court records" under the Ninth Circuit's "compelling reasons" standard,
17 *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and was found by
18 this Court to be sealable in trial exhibits. *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, Case No.
19 11-cv-1846, D.I. 2046 at 3 (Oct. 16, 2012), D.I. 1649 at 8 (Aug. 9, 2012). The specific
20 Microsoft source code at issue here is non-public, and its exposure would cost Microsoft
21 competitive advantage. Harmon Declaration at ¶¶ 4-6. Indeed, the protocols of this litigation
22 itself treat source code with the utmost confidentiality and additional restrictions regarding its
23 protection have been implemented. *See* D.I. 512 at ¶ 11. The ability to copy and otherwise
24 learn Microsoft's source code – including how Microsoft implements particular features,
25 protocols and functionalities of the software and otherwise designed its suite of software – would

26

give Microsoft's competitors unfair competitive advantage and undermine the investment that Microsoft has made in developing its source code and software.

While Microsoft's business interest in sealing this information is compelling, the public's interest in this information is low, because this information is not and will not be necessary to understand and evaluate many of the issues in the parties' motions and briefs. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome the strong presumption" in favor of public access); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").

Likewise, Microsoft's interest in maintaining the confidentiality of its sales data far outweighs the public's interest in having this information. Microsoft maintains its sales data in a secure database to which access is restricted even among Microsoft employees. Harmon Declaration at ¶ 8. Microsoft considers its sales and revenue information to be highly confidential and public disclosure of the information would be harmful to Microsoft's business by making available pricing and other competitive information. *Id.* Accordingly, because Microsoft has a compelling interest in its non-public, confidential source code information and sales data, which outweighs the public interest in this information, it should be sealed. *See Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2013 U.S. Dist. LEXIS 150301, at *10 (N.D. Cal. October 18, 2013) (finding that the sales data meets the good cause standard and sealing confidential sales data because the "document contains confidential information' concerning Apple's business that 'is not disseminated publicly'"); *see also* Fed. R. Civ. P.

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

Baker & Hostetler LLP
2929 Arch Street, 12th Floor

1  26(c)(1)(G) (requiring that a trade secret or other confidential research, development, or

2  commercial information not be revealed at all, or be revealed only in a specified way).

3      The order requested here is tailored to protect Microsoft's compelling interests.

4  Microsoft seeks to seal only information that is specifically and closely tied to its proprietary

5  source code, operating protocols and proprietary sales and revenue data. Microsoft has

6  referenced all such documents by Bates number and the parties will be aware of the Microsoft

7  documents that must be filed under seal in any subsequent motion, brief or court filing

8  containing or relating to those documents.

9      Pursuant to Civil L.R. 7-11, Microsoft's counsel conferred with Apple and Samsung's

10  counsel regarding this motion. Neither Apple nor Samsung oppose this Motion and both have

11  consented to filing all confidential and sensitive Microsoft documents under seal.

13  Dated: January 6, 2014        Respectfully Submitted,

15                                BAKER & HOSTETLER LLP

17                           By:    /s/ Henrik D. Parker
18                                Gary H. Levin
                              Henrik Parker (CA Bar No. 117119)
19                                2929 Arch Street
                              Cira Centre, 12th Floor
20                                Philadelphia, Pennsylvania 19104
                              Telephone: (215) 568-3100
21                                Facsimile: (215) 568-3439

22                                Attorneys for Microsoft Corporation

27  Third-Party Microsoft's Comprehensive Administrative
   Motion To Place Under Seal All Confidential Documents
   Discovered From Microsoft By Subpoena Without The Need
28  For Repeated Confirming Declarations
   12-cv-00630-LHK (PSG)

# EXHIBIT A

MSFT-00630-000001-177
MSFT-00630-0000178-197
MSFT-00630-0000198-217
MSFT-00630-0000218-442
MSFT-00630-000443-642
MSFT-00630-000643-867
MSFT-00630-000868-1045
MSFT-00630-001067 - 1135
MSFT-00630-001175
MSFT-00630-001179- 001780
MSFT-00630-001181 - 1309
MSFT-00630-001310 - 1582
MSFT-00630-001583 -1751
MSFT-00630-001752 - 1970
MSFT-00630-001971 - 2430
MSFT-00630-002431 - 2998
MSFT-00630-002999-3186
MSFT-00630-003187 - 3505
MSFT-00630-003506 - 3975
MSFT-00630-003976 - 4393
MSFT-00630-004394 - 4633
MSFT-00630-004634 - 4875
MSFT-00630-004876 - 5156
MSFT-00630-005157 - 5502
MSFT-00630-005503 - 5656
MSFT-00630-005657 - 5909
MSFT-00630-005910 - 6200
MSFT-00630-006201 - 6728
MSFT-00630-006729 - 6801
MSFT-00630-006802 - 7344
MSFT-00630-007345 - 7810
MSFT-00630-007811 - 8156
MSFT-00630-008157 - 8656
MSFT-00630-008657 - 9069
MSFT-00630-009070 - 9568
MSFT-00630-009569 - 010002
MSFT-00630-010003 - 010073
MSFT-00630-010074 - 010146
MSFT-00630-010147 - 010547
MSFT-00630-010548 - 010798
MSFT-00630-010799 - 011236
MSFT-00630-011237
MSFT-00630-011238 - 011241

MSFT_CODE0000002 -MSFT_CODE0000144
MSFT_CODE0000145 - MSFT_CODE0000169
MSFT_CODE0000170 - MSFT_CODE0000416
MSFT_CODE0000417 - MSFT_CODE0000851
MSFT_CODE0000852 - MSFT_CODE0001110
MSFT_CODE0001111 - MSFT_CODE0001126

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

Baker & Hostetler LLP
2929 Arch Street, 12th Floor

```
MSFT_CODE0001127 - MSFT_CODE0001666
MSFT_CODE0001667 - MSFT_CODE0001830
MSFT_CODE0001831 - MSFT_CODE0001988
MSFT_CODE0001989 - MSFT_CODE0002020
MSFT_CODE0002021 - MSFT_CODE0002022
MSFT_CODE0002023 - MSFT_CODE0002025
MSFT_CODE0002026 - MSFT_CODE0002088
MSFT_CODE0002089 - MSFT_CODE0002308
MSFT_CODE0002309 - MSFT_CODE0002412
MSFT_CODE0002413 - MSFT_CODE0002605
MSFT_CODE0002606 - MSFT_CODE0002772
MSFT_CODE0002773 - MSFT_CODE0002803
MSFT_CODE0002804 - MSFT_CODE0002907
MSFT_CODE0002908 - MSFT_CODE0002957;
MSFT_CODE0002982 - MSFT_CODE0002988
MSFT_CODE0002958- MSFT_CODE0002981;
MSFT_CODE0002989- MSFT_CODE0002995
MSFT_CODE0002996 - MSFT_CODE0003225
MSFT_CODE0003226 - MSFT_CODE0003251
```

Transcript of Deposition of former Microsoft employee Gary W. Hall, July 11, 2013
Transcript of Deposition of former Microsoft employee David R. Potter, July 17, 2013
Transcript of Deposition of Microsoft employee Juan V. E. Balducci, July 18, 2013

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Comprehensive Administrative Motion, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: January 6, 2014                    /s/ Henrik D. Parker
                                          Henrik D. Parker

Third-Party Microsoft's Comprehensive Administrative
Motion To Place Under Seal All Confidential Documents
Discovered From Microsoft By Subpoena Without The Need
For Repeated Confirming Declarations
12-cv-00630-LHK (PSG)

Baker & Hostetler LLP
2929 Arch Street, 12th Floor