```
                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Paul S. Grewal, Magistrate Judge

APPLE, INC.,                    )
                                )
          Plaintiff,            )
                                )
   VS.                          )      No. C 12-0630 LHK (PSG)
                                )
SAMSUNG ELECTRONICS CO., LTD.,  )
a Korean corporation; SAMSUNG   )
ELECTRONICS AMERICA, INC., a    )
New York corporation; SAMSUNG   )
TELECOMMUNICATIONS AMERICA,     )
LLC, a Delaware limited         )
liability company,              )
                                )
          Defendants.           )
                                )
```

                                      San Jose, California
                                      Thursday, December 12, 2013

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING**

**APPEARANCES**:

For Plaintiff Apple, Inc.:
                Gibson, Dunn & Crutcher LLP
                1881 Page Mill Road
                Palo Alto, California  94304
         BY:  **JOSH A. KREVITT, Esq.**
                **HERVEY MARK LYON, Esq.**
                **DANIEL J. THOMASCH, Esq.**
                **BRIAN BUROKER, Esq.**

(Appearances continued on next page)

Transcribed By:     Candace Yount, CSR# 2737, RMR, CCRR
                        Contracted Court Reporter/Transcriber
                        candace.yount@gmail.com

                Computerized Transcription By Eclipse

**APPEARANCES (Continued):**

For Plaintiff Apple, Inc.
 (Continued)             Wilmer Cutler Pickering Hale & Dorr LLP
                         950 Page Mill Road
                         Palo Alto, California 94304
                    BY:  **MARK D. SELWYN**

For Plaintiff Apple Corporation:
                         Wilmer Cutler Pickering Hale & Dorr LLP
                         60 State Street
                         Boston, MA 02109
                    BY:  **WILLIAM F. LEE, Esq.**

                         Wilmer Cutler Pickering Hale & Dorr LLP
                         950 Page Mill Road
                         Palo Alto, California 94304
                    BY:  **MARK D. SELWYN , Esq.**

For Defendant Samsung Electronics Co., Ltd.:
                         Quinn, Emanuel, Urquhart & Sullivan LLP
                         555 Twin Dolphin Drive
                         Fifth Floor
                         Redwood Shores, California  94065
                    BY:  KEVIN P.B. JOHNSON, Esq.
                         **VICTORIA MAROULIS, Esq.**

For Defendant Samsung Electronics Co., Ltd.:
                         Quinn, Emanuel, Urquhart & Sullivan LLP
                         50 California Street - 22nd Floor
                         San Francisco, California  94111
                    BY:  **SEAN SANG-CHUL PAK, Esq.**

                         Quinn Emanuel, Urquhart & Sullivan LLP
                         51 Madison Avenue
                         22nd Floor
                         New York, New York  10010
                    BY:  **PATRICK D. CURRAN, Esq.**
                         **RICHARD W. ERWINE, Esq.**

                         Quinn Emanuel Urquhart & Sullivan LLP
                         777-6th Street NW
                         Eleventh Floor
                         Washington, D.C.  20001
                    BY:  **ALAN L WHITEHURST, Esq.**

```
 1  Thursday - December 12, 2013                          8:30 a.m.
 2                         P R O C E E D I N G S
 3                              ---oOo---
 4       THE COURT:  Mr. Rivera, would you please call the
 5  matter that's been specially set.
 6       THE CLERK:  Yes, Your Honor.
 7     Calling Apple, Inc. versus Samsung Electronics, et al.,
 8  Case Number CV-12-0630 LHK.
 9     Counsel, please state your appearances.
10       MR. KREVITT:  Morning, Your Honor.  Josh Krevitt from
11  Gibson Dunn on behalf of Apple.  Again, with me are my
12  colleagues Mark Lyon, Brian Buroker, Daniel Thomasch.
13       THE COURT:  Good morning.
14       MR. LEE:  Good morning, Your Honor.  Bill Lee and Mark
15  Selwyn from Ropers for Apple.
16       THE COURT:  Good morning to you as well.
17       MR. JOHNSON:  Good morning, Your Honor.  Kevin Johnson
18  from Quinn Emanuel on behalf of Samsung; Miss Maroulis,
19  Mr. Pak, Mr. Curran, Mr. Erwine and Mr. Whitehurst.
20       THE COURT:  Good morning.
21      All right, counsel.  I trust my instructions were pretty
22  clear, that everybody understands the mission at hand.
23      I just want everybody to understand that if any attorney
24  is going to be opening his or her mouth in front of Judge Koh
25  at 1:30 in the afternoon, they are to be in that jury room as
```

1  part of this discussion.
2       Does anyone have any questions?
3                 (Pause in proceedings.)
4       **THE COURT:**  If not, Mr. Rivera will escort you back
5  there.  I wish you the best of luck.
6                 (Recess taken at taken at 8:31 a.m.)
7                 (Proceedings resumed at 12:18 p.m.:)
8       **THE CLERK:**  Recalling Apple, Inc. versus Samsung
9  Electronics et al. Case Number CV-12-630 LHK.
10       Counsel, please state your appearances.
11       **MR. KREVITT:**  Afternoon, Your Honor.  Josh Krevitt
12  again.  With me, my colleagues Mark Lyon, Brian Buroker, and
13  Daniel Thomasch.
14       **THE COURT:**  Good afternoon.
15       **MR. LEE:**  Good afternoon, Your Honor.  Bill Lee and
16  Mark Selwyn for Apple.
17       **THE COURT:**  Good afternoon.
18       **MR. JOHNSON:**  Good afternoon, Your Honor.  Kevin
19  Johnson, Sean Pak, Pat Curran, Mr. Warren, Mr. Briggs and
20  Mr. Whitehurst.
21       **THE COURT:**  Good afternoon.
22       Did we lose Ms. Maroulis?
23       **UNIDENTIFIED SPEAKER:**  No.
24       **THE COURT:**  All right.  Well, who wants to tell me
25  where things stand?

1    **UNIDENTIFIED SPEAKER:** Well, the good news is, we
2 resolved a number of the issues.  We can -- Let's start with, I
3 believe, Apple's motion on the -- just -- that relate to
4 Apple's patents.
5      So, if we start with . . .
6                     (Counsel confer.)
7    **UNIDENTIFIED SPEAKER:** No.  Let's go through -- Why
8 don't you start with your motion and I'll do Samsung's motion.
9    **UNIDENTIFIED SPEAKER:** Your Honor, as you know, there
10 were -- four motions were filed.
11    With respect to the motion that Apple filed concerning
12 Apple's patents, we have resolved almost all the issues that
13 were raised.
14    **THE COURT:**  Do you happen to have a docket number or a
15 title that you might refer to?
16    **UNIDENTIFIED SPEAKER:** I -- I do, Your Honor.  It's
17 docket 882-03.
18    **THE COURT:**  Okay.  Thank you.
19    **UNIDENTIFIED SPEAKER:** And do you have that handy?  Or
20 I can hand it up.  Okay.
21    **THE COURT:**  I have it.
22    **UNIDENTIFIED SPEAKER:** I thought the easiest way is, I
23 might just turn to the Table of Contents.
24    **THE COURT:**  That's exactly where I am as well.
25    **UNIDENTIFIED SPEAKER:** Perfect.  And there were only

1  two motions or submotions that remain that we would request
2  Your Honor to consider, and those are under argument A1b (sic).
3  It's the Jaffay Opening Report regarding the '647 patent.  That
4  one, we would request Your Honor to consider, and that relates
5  to certain prior art that was included in the Jaffay report.
6        And then the only other one, Your Honor, is C, and this
7  deals with a noninfringing alternative that was included in the
8  Expert Report that we asked to be struck.
9        **THE COURT:**  Okay.
10       **UNIDENTIFIED SPEAKER:**  Aside from those, Your Honor,
11 all issues, including the ones that we argued on Tuesday, have
12 been resolved by agreement between the parties.
13       **THE COURT:**  Okay.  Thank you.
14       **UNIDENTIFIED SPEAKER:**  And, Your Honor, then on the
15 flip side, on Samsung's motion, and the title is Samsung's
16 Motion to Strike Expert Testimony Based on Undisclosed
17 Theories.
18       **THE COURT:**  And I believe this is at docket 880-4?
19       **UNIDENTIFIED SPEAKER:**  Yes.
20       **UNIDENTIFIED SPEAKER:**  I think that's right.
21       **UNIDENTIFIED SPEAKER:**  Your Honor, one thing that we
22 were hoping to do, because the parties have been moving quickly
23 this morning, is by sometime tomorrow to give Your Honor in
24 writing what is still --
25       **THE COURT:**  Thank you.  I appreciate that.

1  **UNIDENTIFIED SPEAKER:** Because I'm not sure -- We're
2  trying to do it quickly.  I'm not a hundred percent sure we've
3  got it right.  So we just need -- Maybe tomorrow morning, we
4  give you something that's as to here's what's still in play --
5  **THE COURT:** Okay.  I appreciate that.
6  **UNIDENTIFIED SPEAKER:** -- if that's okay.
7  **UNIDENTIFIED SPEAKER:** And, Your Honor, we could
8  submit something about noon tomorrow, and we'd just lay out all
9  the agreements.
10  **THE COURT:** Okay.
11  **UNIDENTIFIED SPEAKER:** Right.
12  **THE COURT:** I appreciate that.
13     At the same time, it would be helpful to me to --
14  **UNIDENTIFIED SPEAKER:** Right.
15  **THE COURT:** -- understand your best understanding --
16  **UNIDENTIFIED SPEAKER:** Right.
17  **THE COURT:** -- at this point of where things stand.
18  So why don't you go ahead, Mr. Johnson.
19  **MR. JOHNSON:** So we're again happy to report that most
20  of the issues in this motion have been resolved.  We'd ask Your
21  Honor that the -- what's titled under the argument section
22  letter A, that this -- this argument still be ruled upon.
23     Your Honor should strike Dr. Snoeren's new allegation that
24  Apple practices Claim 34 of the '959 patent.
25     And then the only other issue in this motion that we seek

1  resolution of with Your Honor is Section F, which is, the Court
2  should strike all portions of the Mowry reports that rely on
3  discussions of undisclosed engineers to allege any Apple
4  products practiced under '647.
5          **THE COURT:**  All right.
6      As to the other motions?
7          **MR. JOHNSON:**  Sure, yes.  So on -- And I'll start on
8  the Samsung's Notice of Motion and motion to strike.
9          **THE COURT:**  Go ahead.
10         **MR. JOHNSON:**  Okay.  So, the parties have reached
11 agreement with respect to . . . what's labeled Statement of
12 Relevant Facts, Section 2B, which is Dr. Kudrarelai's
13 (phonetic) noninfringement arguments that were not disclosed to
14 Samsung during fact discovery.  So that no longer needs to be
15 decided.
16     The parties have also reached resolution of both sides
17 withdrawing objections to Doctrine of Equivalence, and so we've
18 prepared a written statement which I can read into the record
19 which will be part of the agreement we bring in tomorrow.
20         **THE COURT:**  Why don't you go ahead.
21         **UNIDENTIFIED SPEAKER:**  And, Your Honor, this covers
22 the motions going in both directions, both for the Apple
23 patents and for the Samsung patents --
24         **MR. JOHNSON:**  That's right.
25         **UNIDENTIFIED SPEAKER:**  -- so this is a single

1  agreement that covers all of those issues.

2      **THE COURT:** Okay.

3      **MR. JOHNSON:** That's right.

4  So both Apple and Samsung agree to withdraw all Doctrine

5  of Equivalence and structural equivalence arguments under

6  Section 112F and their respective expert reports that are

7  subject to the parties' pending motions to strike.

8  For clarity, Apple's motion to strike did not include, and

9  this agreement does not extend to, the, quote, "means for

10 capturing," end quote, and, quote, "means for transmitting,"

11 end quote, limitations that were subject to Judge Grewal's

12 June 26, 2013, order.

13 Subject to the resolution of Apple's pending Daubert

14 motions, Samsung can argue both Doctrine of Equivalence and

15 structural equivalence under Section 112F for these terms.

16 This agreement does not preclude the parties from seeking

17 leave to amend their contentions to include Doctrine of

18 Equivalence or structural equivalence arguments under

19 Section 112F if the Court construes terms adverse to a party.

20     **THE COURT:** All right. Can I ask on that one:

21 So, in terms of the Apple motion to strike which is at

22 docket 877-4, I understand that, in Apple's motion, Apple is

23 explicitly requesting the Court to strike DOE theories that

24 were previously barred.

25 Under this agreement, where would that leave that issue?

1  Is there something still for me to resolve?
2          **MR. JOHNSON:**  I --
3          **UNIDENTIFIED SPEAKER:**  The answer is no.
4          **THE COURT:**  Okay.  I didn't think so.
5          **LEFT4:**  No.  The answer is no.
6          **THE COURT:**  Thank you.
7      Okay.  And, then, in terms of the Samsung motion to
8  strike, which again is at 878-4, just looking at the Table of
9  Authorities, I'm unclear as to where Samsung has raised those
10 DOE issues or 112F issues.
11                 (Pause in proceedings.)
12         **UNIDENTIFIED SPEAKER:**  Your Honor, they were actually
13 all defensive arguments.  So the oral arguments were made in
14 the context of the Apple patents by Samsung.
15         **THE COURT:**  Okay.  Okay.  I think I understand.
16     All right.  What other issues shall we put on the record?
17         **UNIDENTIFIED SPEAKER:**  Your Honor, this is in a little
18 bit different form because it addresses motions from both
19 sides, but let me put it on the record.  And this is the
20 agreement we've reached.
21     Samsung will withdraw its motion to strike noninfringement
22 theories for the '087 and '596 patents -- those are the
23 standard and central patents -- based on Apple's purported
24 failure to comply with Interrogatory Number 12.
25     The withdrawal of Samsung's motion to strike based on

1  Interrogatory Number 12 should have no impact on Samsung's
2  pending motion based on Interrogatory Number 46.  So the 46
3  part -- Interrogatory Number 46 part would still remain alive.
4       We've also agreed that Samsung will not offer the X-GOLD
5  61x or X-GOLD 618 documents or testimony concerning those
6  documents at trial.  That issue has been removed.
7       Apple would -- will withdraw its motion to strike the
8  issues in Exhibit C to its motion to strike annotated with a 2
9  or a 3.  Those, Your Honor, concern the '596 and '087 patents,
10 the standard central patents.
11      So this was part of a -- for lack of a better word, a
12 package agreement to deal with issues on the standard and
13 central patents.
14           **THE COURT:**  I think I understand.  Okay.
15      Any other issues?
16      Mr. Pak.
17           **MR. PAK:**  Yes, Your Honor.
18      I did want to add, just on the record, clarification in
19 two agreements that we reached with Apple's counsel as part of
20 this larger agreement on Apple's patents.
21      Number one, Samsung agreed to provide certain access to
22 source code versions 2.4 and 2.7 as part of our resolution of
23 these motions pending.  We did also reach agreement with
24 respect to what can be done in response to that production of
25 the source code.

1        Number one, we agreed that Dr. Snoeren for Apple could
2   provide a short Supplemental Report rebutting any noninfringing
3   alternative opinions that were set forth by Dr. Rinard, and the
4   report will be limited to that scope and that scope only.
5        There will be no new infringement theories that would be
6   advanced in that report.
7        To the extent there are any type of new theories that are
8   provided, obviously, we would reserve the right to strike those
9   theories from the record.
10        Samsung would also reserve the right -- We wouldn't
11   necessarily feel obligated to do so, but if there was a need to
12   rebut anything that came through that Supplemental Report, we
13   would reserve the right -- we would reserve the right to
14   provide a short Supplemental Report to that.
15        And also, Apple has agreed that it would not raise any
16   complaints or arguments about the late production of Google
17   source code.
18        I think that fairly characterizes the agreement.
19        And I think -- Oh.  And then one last clarification is:
20        With respect to the motion to strike on the Windows
21   Mobile 5 product as prior art, there is also similar arguments
22   that were made in front of Judge Koh as a part of a summary
23   judgment motion.
24        Apple has agreed to withdraw that portion of the summary
25   judgment motion argument.  We will obviously deal with the

1  substance of the remaining arguments in that motion.
2            **THE COURT:**  All right.  Thank you, Mr. Pak.
3       Any other issues to put on the record?
4            **MR. LEE:**  Just one second.
5            **THE COURT:**  Go ahead, Mr. Lee.
6                      (Pause in proceedings.)
7            **MR. LEE:**  Your Honor, the issue I was raising is just,
8  there are some issues that overlap between Judge Koh and you on
9  the Daubert issues.  And we tried to reach a resolution on
10 whether you should have them or she should have them.
11      I think we need to talk about that a little further.
12           **THE COURT:**  Okay.  I'm glad you brought that up and
13 Mr. Pak alluded to this as well.
14      I hope it's no mystery that what motivated me in part to
15 convene this gathering was that overlap and the fact that not
16 only is this Court wrestling with many of these issues, it
17 became abundantly clear to me that Judge Koh is now wrestling
18 with many of the same, if not overlapping, issues as well.
19      I just, first of all, want to say:  The items which are
20 placed on the record tell me that you all have been working
21 very hard this morning, and I appreciate that effort.
22      I think it's very important in this follow-on discussion
23 that you alluded to Mr. Lee that you think through very
24 carefully how to articulate and delineate what is appropriate
25 for Judge Koh and what is appropriate for me.

1    Because I can tell you that overlap is not going to . . .
2    It won't be received terribly well if we continue to see
3 duplication where there doesn't really have to be.  And I think
4 that's important for you all to understand.  And I think you
5 do, but I wanted to be explicitly about that.
6         **MR. LEE:**  Understood.
7         **THE COURT:**  Okay.  All right.  Are there any other
8 issues we can address productively this morning?
9         **UNIDENTIFIED SPEAKER:**  I don't think so, Your Honor.
10        **UNIDENTIFIED SPEAKER:**  No, Your Honor.
11        **THE COURT:**  All right.  Well, I look forward to the --
12 the chart and it really can't -- a table would be much
13 appreciated just laying out for me literally section and letter
14 what remains in the four motions that are before me for
15 resolution.
16    Once I have that, I will take it from there and either in
17 that same pleading or, if you wish, separately, I would
18 appreciate whatever agreements you've reached on how to
19 articulate and delineate, as I said, issues regarding experts
20 for Judge Koh and issues for myself.
21        **UNIDENTIFIED SPEAKER:**  Could I ask a question?
22        **THE COURT:**  Go ahead.
23        **UNIDENTIFIED SPEAKER:**  It might help us -- It might
24 educate our discussion.
25    To the extent that any of the remaining overlapping issues

1  implicate claim construction issues, does Your Honor have an
2  instinct as to whether it should be with Judge Koh or with you?
3  That might help us as we talk about things.
4         **THE COURT:**  Well, to the extent -- Well, I do have an
5  instinct, so let me share it with you.
6      I think that to the extent one or both parties are
7  requesting any further construction or adjustment to a given
8  construction, that really belongs before the Presiding Judge.
9      As I read your papers, though, there were different
10 arguments made with respect to claim construction, arguments
11 that a particular opinion was inconsistent with a construction
12 or refuted or undermined the construction in some way.
13     I think that type of argument, for what it's worth, is
14 appropriately presented to me, to the extent the relief you're
15 seeking is striking that partial -- part of the report.
16        **UNIDENTIFIED SPEAKER:**  Okay.
17        **THE COURT:**  I hope that helps, but that's at least my
18 thinking.
19        **UNIDENTIFIED SPEAKER:**  That'll help.
20        **THE COURT:**  All right.  Well, I appreciate your
21 efforts.  You all have a court date in 57 minutes.  Good luck.
22        **ALL ATTORNEYS:**  Thank you, Your Honor.
23        **THE CLERK:**  We're in recess.
24            (Proceedings adjourned at 12:32 p.m.)
25

Candace Yount, CSR# 2737, RMR, CCRR
Contract Court Reporter - United States District Court

**CERTIFICATE OF TRANSCRIBER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U. S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____

Candace Yount, Transcriber

Friday, December 20, 2013