[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**JOINT MOTION FOR STAY OF THE COURT'S ORDER DENYING SEALING OF THE PARTIES' MOTIONS TO STRIKE (DKT. 1127)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Counterclaim-Plaintiffs,<br><br>   v.<br><br>APPLE INC., a California corporation,<br><br>            Counterclaim-Defendant. | |

## MOTION

On January 9, 2014, this Court entered an Order Granting-in-Part and Denying-in-Part the Parties' Motions to Strike and Denying the Parties' Motions to Seal ("Order Denying Sealing Motions to Strike"). (Dkt. 1127.) The parties are today filing a joint motion pursuant to Civil Local Rule 7-9 for leave to file Motions for Reconsideration of the Court's Order Denying Sealing Motions to Strike, and hereby move for a stay of the Order Denying Sealing Motions to Strike, for the reasons set forth herein.

## RELIEF REQUESTED

The parties seek an order staying portions of the Court's Order Denying Sealing Motions to Strike pending the Court's resolution of their Motions for Reconsideration of the Court's Order Denying Sealing Motions to Strike and respectfully request that the Court stay its Order Denying Sealing Motions to Strike until the later of: (1) its ruling on the parties' Motions for Reconsideration, or (2) in the event that the Court denies the parties leave to file their Motions for Reconsideration, or grants leave but denies the Motions for Reconsideration, a ruling by Judge Koh on the parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The parties submit this memorandum in support of their joint motion, pursuant to Rule 62(c) of the *Federal Rules of Civil Procedure*, to stay limited portions of the Court's Order Denying Sealing Motions to Strike until the later of: (1) its ruling on the parties' Motions for Reconsideration, or (2) in the event that the Court denies the parties leave to file their Motions for Reconsideration, or grants leave but denies the Motions for Reconsideration, a ruling by Judge Koh on the parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).

This limited stay is warranted because releasing the parties' and third parties' highly confidential information – including source code – would cause significant harm by granting competitors an unfair and unearned advantage in the marketplace. Further, this injury would be immediate and irreparable, for "[s]ecrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008). To require that the documents be made public now would deprive them of any remedy.

There is no substantial countervailing public or private interest in immediate disclosure of these documents. All the documents at issue relate to non-dispositive motions. *See generally* Dkt. No. 1127 at 3-11. Any legitimate public interest would suffer no harm by delaying release until the Court has had an opportunity to review a smaller subset of highly confidential documents covered by the parties' Motions for Reconsideration. Finally, this Court's prior rulings mandate both the grant of stay, and, ultimately, the grant of the parties' Motions for Reconsideration.

**FACTUAL STATEMENT**

Samsung and Apple filed administrative motions to file under seal confidential information contained in or attached to various motions to strike. *See, e.g.,* Dkt. Nos. 877, 878,

1  880 and 882.  On January 9, 2014, the Court granted-in-part and denied-in-part portions of the
2  parties' motions that had not been withdrawn, and denied their motions to seal.  *See generally*
3  Dkt. No. 1127 at 3-11.  After a careful review of the hundreds of documents affected by the
4  Court's Order, the parties intend to file Motions for Reconsideration encompassing a smaller
5  subset of the information sought to be sealed in the prior motions.

## ARGUMENT

To obtain a stay, "a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor."  *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (unpublished)(citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).  Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are the more important elements.  *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512-13 (Fed. Cir. 1990)("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'").

Here, the parties have a strong likelihood of success, or at the very least a "substantial case."  *Merial Ltd.*, 426 Fed. App'x at 915.  All the documents in question here are subject to the "good cause" standard for sealing, containing the type of information for which this Court has already recognized that such cause exists.  Denial of a stay will unavoidably cause irreparable harm by forcing the release to the public of confidential information whose secrecy, once lost, cannot be restored.  The public has little or no legitimate interest in access to confidential information, and to the extent it does, that interest will not be meaningfully impaired by a delay in the information's release while this Court reviews the limited number of documents at issue.  These factors weigh heavily in favor of a stay, which this Court should grant.

## I. THE PARTIES HAVE A STRONG LIKELIHOOD OF SUCCESS AND CERTAINLY A SUBSTANTIAL CASE ON THE MERITS

### A. The Confidential Information at Issue May Be Sealed Under The "Good Cause" Standard.

The Ninth Circuit held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)(quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003)). The public need to accessing documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker. *Id.* at 1178-79 (quotations omitted). In this situation, the "usual presumption of the public's right to access is rebutted." *Id.* at 1179. Rule 26(c) permits a court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "requiring that a trade secret *or* other confidential research, development, or *commercial information* not be revealed or revealed only in a specified way." *Fed. R. Civ. P.* 26(c) (emphasis added). Here, the information sought to be sealed was filed in support of nondispositive motions, *i.e.*, motions to strike. Therefore, the "good cause" standard applies.

### B. The Court Previously Ruled That Confidential Information, Such as Source Code, May be Sealed and That a Stay While a Motion for Reconsideration Is Pending Is Proper.

The prior Court's guidance on the subject from the '1846 action requires a stay of the Court's order. In the '1846 action ("*Samsung I*"), the Court found that Exhibit 6 to the Pernick Declaration in Support of Apple's Motion to Strike (*Samsung I*, Dkt. No. 939-04) contained third-party source code references that were "proprietary and therefore appropriately may be sealed" and invited Samsung to "move to seal narrowly tailored redactions of only the source code references." *Samsung I*, Dkt. No. 2222 at 24:17-20. In connection therewith, the Court granted a motion to stay its initial order denying sealing so that the parties could file renewed

motions. *Samsung I*, Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order with regards to the exhibits containing third-party source code until the court resolves its renewed motion to seal, the court finds that a stay is warranted.  Source code involves proprietary information that the court already has found to be appropriate for a sealing request.  Samsung's request to stay the February 1 order with regards to the exhibits with third-party source code references is GRANTED.").[1]

## II.   THE BALANCE OF HARMS TILTS DECISIVELY IN THE PARTIES' FAVOR

The parties have, at the very least, established a substantial case on the merits; therefore, a stay is warranted.  Conversely, the denial of a stay in this case would cause Apple, Samsung and third parties immediate and irreparable harm, which would be sufficient to justify a stay even if the likelihood of success on the merits were relatively slight.  *See Standard Havens Prods.*, 897 F.2d at 512.  As the Court has previously observed, the harm allowing confidential information into the public domain is substantial, irreversible and irreparable:  "When the information is publicly filed, what once may have been a trade secret will no longer be." *Samsung I*, Dkt. No. 2047 at 7:6-7.

## CONCLUSION

For the foregoing reasons, the Court should stay limited portions of the Order Denying Sealing Motions to Strike until the later of:  (1) its ruling on the parties' Motions for Reconsideration of the Court's Order Denying Sealing Motions to Strike, or (2) in the event that the Court denies the parties leave to file their Motions for Reconsideration, or grants leave but denies the Motions for Reconsideration, a ruling by Judge Koh on the parties' motion for relief of non-dispositive order pursuant to *Fed. R. Civ. P.* 72(a) and 28 U.S.C. § 636(b)(1)(A) (or in the alternative pending resolution of any appeal to the Federal Circuit).

---

[1]   Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and sealable." 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also*, *Samsung I*, Dkt. No. 1649 at 8:18-20 ("[S]ource code is undoubtably[sic] a trade secret.")(internal quotation, citation omitted).

Dated: January 14, 2014

| | |
|---|---|
| By: */s/* | By: */s/* |

| | |
|---|---|
| Attorney for Plaintiff and Counterclaim-Defendant APPLE INC. | Attorney for Defendants and Counterclaim-Plaintiff SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC |
| Josh A. Krevitt (CA SBN 208552)<br>jkrevitt@gibsondunn.com<br>H. Mark Lyon (CA SBN 162061)<br>mlyon@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA  94304-1211<br>Telephone: (650) 849-5300<br>Facsimile: (650) 849-5333 | Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>Kevin A. Smith (Bar No. 250814)<br>kevinsmith@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| Harold J. McElhinny (CA SBN 66781)<br>hmcelhinny@mofo.com<br>Jack W. Londen (CA SBN 85776)<br>jlonden@mofo.com<br>Rachel Krevans (CA SBN 116421)<br>rkrevans@mofo.com<br>Ruth N. Borenstein (CA SBN 133797)<br>rborenstein@mofo.com<br>Erik J. Olson (CA SBN 175815)<br>ejolson@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone:  (415) 268-7000<br>Facsimile:  (415) 268-7522 | Kevin P.B. Johnson<br>(Bar No. 177129 (CA); 2542082 (NY))<br>kevinjohnson@quinnemanuel.com<br>Victoria F. Maroulis (Bar No. 202603)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| William F. Lee (pro hac vice)<br>William.lee@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000 | William C. Price (Bar No. 108542)<br>williamprice@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| Mark D. Selwyn (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304 | |

Telephone: (650) 858-6000
Facsimile: (650) 858-6100

**ATTESTATION OF E-FILED SIGNATURES**

I, Mark D. Selwyn, am the ECF user whose ID and password are being used to file this Joint Motion for Stay of the Court's Order Denying Sealing of the Parties' Motions to Strike (Dkt. 1127). In compliance with Local Rule 5-1(i)(3), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated: January 14, 2014                    *s/* Mark D. Selwyn
                                               Mark D. Selwyn

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 14, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

                                               */s/* Mark D. Selwyn
                                               Mark D. Selwyn