JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF JENNIFER RHO IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

DECLARATION OF JENNIFER RHO ISO SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS
 UNDER SEAL
CASE NO. 5:12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

I, Jennifer Rho, declare and state as follows:

1. I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in connection with Samsung's Administrative Motion to File Documents Under Seal.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2. On January 17, 2014, Samsung filed an Administrative Motion to File Documents Under Seal ("Motion to Seal") relating to its Notice of Errata Regarding Exhibits H, W, ZZ, AA, and KK to the Declaration of Michael L. Fazio in Support of Motion and Notice of Motion to Exclude Opinions of Certain of Apple's Experts ("Notice of Errata").  D.I. 1142.  The motion seeks to seal portions of four exhibits to Samsung's Notice of Errata on the basis that the unredacted exhibits include information that Apple has designated highly confidential under the protective orders entered in this case.  *See* Declaration of Michael L. Fazio in Support of Samsung's Administrative Motion to File Under Seal, D.I. 1142 at ¶ 3.

3. Exhibit KK to Samsung's Notice of Errata contains Apple's highly confidential and sensitive financial and capacity information, whose public revelation would cause Apple competitive harm.  Apple thus submits this declaration to support sealing of portions of this exhibit.  The specific portions to be sealed are the portions of pages 16, 51, 62, 63, 76, 78, and 86 of Exhibit KK highlighted in yellow on the copy of Exhibit KK that Apple will lodge with the Court in connection with this declaration.  Apple's request is narrowly tailored to protect only Apple's highly confidential, non-public capacity information.

4. Portions of Exhibit KK at pages 16, 51, 62, 63, 76, 78, and 86 contain information regarding Apple's manufacturing capacity, what could be done to change that capacity, the time required for Apple to adjust its supply, Apple's demand forecast, and other non-public capacity information.

5. Such information relating to Apple's capacity is painstakingly protected and is not typically disclosed in the industry.  Case No. 11-cv-01846, D.I. 1415 at ¶ 3.  Apple does not share

DECLARATION OF JENNIFER RHO ISO SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS
 UNDER SEAL
CASE NO. 5:12-CV-00630-LHK (PSG)

1

this information with its vendors.  It does not typically share nonpublic financial or capacity information with third parties.  *Id.*  Moreover, in the rare instance when Apple shares this information with third parties, it does so under restrictive nondisclosure agreements.  *Id.*

6. Release of Apple's capacity-related information would allow competitors to proactively react to the increasing and decreasing supply of specific Apple products and cause Apple substantial competitive harm.  Additionally, as described below, manufacturers could use this information in negotiations with Apple to Apple's competitive detriment.

7. Indeed, the harm that would befall Apple if its financial and capacity information were to be publicly disclosed would be severe, as detailed in multiple declarations previously filed by Apple, including the Declarations of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013, filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1415 in Case No. 11-cv-01846 (the "1846 case"), as well as the declarations of Jim Bean filed as D.I. 1495 and D.I. 1502 in the 1846 case.  As Mr. Buckley, an Apple employee who, in his role as a Finance Manager, is very familiar with financial information and systems at Apple, and the efforts that Apple takes to ensure sensitive financial and capacity information remains confidential, explained, if competitors gained access to Apple's capacity data, they would learn when Apple is stretched thinly and when it has excess capacity, and could alter their production timing accordingly.  Case No. 11-cv-01846, D.I. 1415 at 1-2.  When viewed in connection with product line information, this data is even more critically sensitive, as competitors will see what specific lines of products Apple is increasing its supply of and what it is decreasing its supply of, giving significant insight into Apple's current and future business plans.  Competitors will know exactly what products they need to release in order to counter Apple, and in what categories—for example, the specific size of phone or tablet that Apple is focusing the majority of its attention on.  *Id.*  Additionally, information regarding Apple's capacity goals, factors influencing those goals, and time to reach those goals is confidential.  Competitors could use such information to counter Apple's product releases and sales.

8. Further, as Mr. Buckley explained, Apple would also be significantly harmed if contract manufacturers were able to gain access to Apple's capacity information.  If these entities

DECLARATION OF JENNIFER RHO ISO SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS
 UNDER SEAL
CASE NO. 5:12-CV-00630-LHK (PSG)

2

Gibson, Dunn &
Crutcher LLP

were able to learn information regarding Apple's capacity, they could gain insight into the patterns in the fluctuations in Apple's supply chain and predict when Apple may be most driven to increase supply. This would unfairly advantage them in negotiations with Apple. *See, e.g., id.* at ¶ 5.

9. The potential harm to Apple from publicizing its highly confidential capacity information thus outweighs the public's interest in that information. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (Dkt. No. 2397) (Sep. 11, 2013). This Court and other courts have recognized that financial and capacity information of the same type as at issue here merits sealing. *Apple, Inc. v. Samsung Electronics Co. Ltd.*, Case No. 12-cv-630-LHK, D.I. 1649 at 4 (N.D. Cal. Aug. 9, 2012) ("The Court agrees that information relating to Apple's production and supply capacity is 'trade secret' under Ninth Circuit law and is therefore properly sealed."); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *3, 9-10 (Fed. Cir. 2013) *see also TriQuint Semiconductor v. Avago Techs. Ltd.*, 2011 U.S.Dist. LEXIS 143942 at *10, 11, 21 (D. Ariz. Dec. 12, 2011) (sealing confidential financial information including capacity information).

10. As explained above, and confirmed by Apple's lodged copy of the material that it requests will remain sealed, the relief requested by Apple is thus necessary and narrowly tailored to protect Apple's highly confidential, non-public capacity information.

11. As the ECF system does not provide a mechanism for e-filing Apple's proposed sealed version of Exhibit KK, Apple will lodge with the Court a copy of Exhibit KK with the material it proposes remain sealed highlighted in yellow.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: January 21, 2014

                                                  */s/ Jennifer Rho*
                                                  Jennifer Rho

DECLARATION OF JENNIFER RHO ISO SAMSUNG'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS
 UNDER SEAL
CASE NO. 5:12-CV-00630-LHK (PSG)

3

Gibson, Dunn & Crutcher LLP

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: January 21, 2014

/s/ H. Mark Lyon

H. Mark Lyon

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: January 21, 2014                     /s/ H. Mark Lyon

Gibson, Dunn & Crutcher LLP

DECLARATION OF JENNIFER RHO ISO SAMSUNG'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
CASE NO. 5:12-CV-00630-LHK (PSG)

4