1   JOSH KREVITT (CA SBN 208552)                    WILLIAM F. LEE (pro hac vice)
    jkrevitt@gibsondunn.com                          william.lee@wilmerhale.com
2   H. MARK LYON (CA SBN 162061)                     WILMER CUTLER PICKERING
    mlyon@gibsondunn.com                             HALE AND DORR LLP
3   GIBSON, DUNN & CRUTCHER LLP                      60 State Street
    1881 Page Mill Road                              Boston, Massachusetts 02109
4   Palo Alto, CA  94304-1211                        Telephone: (617) 526-6000
    Telephone: 650.849.5300                          Facsimile: (617) 526-5000
5   Facsimile:  650.849.5333

6   HAROLD J. McELHINNY (CA SBN 66781)               MARK D. SELWYN (CA SBN 244180)
    hmcelhinny@mofo.com                              mark.selwyn@wilmerhale.com
7   JACK W. LONDEN (CA SBN 85776)                    WILMER CUTLER PICKERING
    jlonden@mofo.com                                 HALE AND DORR LLP
8   RACHEL KREVANS (CA SBN 116421)                   950 Page Mill Road
    rkrevans@mofo.com                                Palo Alto, CA 94304
9   RUTH N. BORENSTEIN (CA SBN 133797)               Telephone: (650) 858-6000
    rborenstein@mofo.com                             Facsimile: (650) 858-6100
10  ERIK J. OLSON (CA SBN 175815)
    ejolson@mofo.com
11  MORRISON & FOERSTER LLP
    425 Market Street
12  San Francisco, California  94105-2482
    Telephone:  (415) 268-7000
13  Facsimile:  (415) 268-7522

14
    *Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*
15
                        UNITED STATES DISTRICT COURT
16                    NORTHERN DISTRICT OF CALIFORNIA
                            SAN JOSE DIVISION
17  APPLE INC., a California Corporation,

18                     Plaintiff,

19         v.

20  SAMSUNG ELECTRONICS CO., LTD., a
    Korean corporation; SAMSUNG                  CASE NO. 12-cv-00630-LHK (PSG)
21  ELECTRONICS AMERICA, INC., a New
    York corporation; and SAMSUNG               **DECLARATION OF JENNIFER RHO IN
22  TELECOMMUNICATIONS AMERICA,                  SUPPORT OF APPLE'S ADMINISTRATIVE
    LLC, a Delaware limited liability company,   MOTION TO FILE DOCUMENTS UNDER
23                                               SEAL (OPENING REPORT OF
                     Defendants.                 CHRISTOPHER A. VELLTURO, PH. D.)**
24
    SAMSUNG ELECTRONICS CO., LTD., a
25  Korean corporation; SAMSUNG
    ELECTRONICS AMERICA, INC., a New
26  York corporation; and SAMSUNG
    TELECOMMUNICATIONS AMERICA,
27  LLC, a Delaware limited liability
    company,
28
                     Counterclaim-Plaintiffs,

1      v.

2    APPLE INC., a California corporation,
                    Counterclaim-
3                    Defendant.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

I, Jennifer Rho, declare and state as follows:

1.      I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Apple's Administrative Motion To File Documents Under Seal (Opening Report of Christopher A. Vellturo, Ph. D.) to confirm that certain information contained in the Opening Report of Christopher A. Vellturo, Ph. D. (the "Vellturo Report"), are confidential and sealable.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to them under oath.

2.      Apple hereby seeks to seal the portions of the confidential, unredacted version of the Vellturo Report.  The Vellturo Report contains or discusses information that has been designated "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Source Code – Outside Attorneys' Eyes Only" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung"), and/or third parties pursuant to the Protective Order entered in this case, or is otherwise information that is believed to be deemed confidential.

**Apple's Confidential Information**

3.      Apple hereby seeks to file under seal certain information that relates to Apple's non-public financial information and its confidential, non-public license agreements and negotiations. This information is highly confidential, and this Court and the Federal Circuit have previously ruled that the potential harm to Apple in publicizing such information is not outweighed by the public's interest in this case.  *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846 (N.D. Cal.) (D.I. 2397) (Sep. 11, 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *9-10 (Fed. Cir. 2013).  For example, the Federal Circuit held that Apple's and Samsung's "strong interest in keeping their detailed financial information sealed and the public's relatively minimal interest in this particular information" warranted filing such information under seal.  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2013 WL 4487610 at *10.  Similarly, this Court previously permitted licensing information to be filed under seal due to Apple's, Samsung's, and third party Interdigital's descriptions of "the harm that would befall each of them if the financial and licensing information at

RHO DECL. ISO APPLE'S MOTION TO SEAL OPENING REPORT OF CHRISTOPHER A. VELLTURO, PH. D.

CASE NO. 12-CV-00630-LHK (PSG)

1  issue lost its confidential status." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-

2  01846, D.I. 2397 at 2-3.

3      4.    Apple additionally seeks to file under seal certain information that relates to detailed

4  market research information regarding Apple products.  The public disclosure of this information

5  would be harmful to Apple for reasons as stated in the Declaration of Greg Joswiak in Support of

6  Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No.

7  11-cv-01846 (N.D. Cal.) (D.I. 1496) (supporting sealing market research documents describing buyer

8  survey responses regarding Apple's products because detailed information of this kind is extremely

9  valuable information that shows how customer preferences have evolved)), as well as the Declaration

10  of Gregory Joswiak in Support of Apple's Renewed Sealing Motion (*Apple Inc. v. Samsung

11  Electronics Co., Ltd., et al.*, Case No. 12-cv-0630 (N.D. Cal.) (D.I. 442-3).  The Federal Circuit has

12  previously approved of Apple's request to seal market research documents.  *See, e.g., Apple Inc. v.

13  Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL

14  4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (overturning district court's denial of motion to seal

15  marketing documents).

16      5.    Further, public disclosure of market research provided to Apple by IDC Research, Inc.

17  ("IDC") would also cause substantial harm, as such information is "exceptionally sensitive and

18  proprietary information" that is sold to Apple "under strict confidentiality provisions."  Declaration

19  of Crawford Del Prete in Support of Apple's Renewed Sealing Motion, D.I. 442-5.  IDC's executive

20  vice president, Crawford Del Prete, has previously detailed to the Court the substantial harm that

21  would follow from public disclosure of its market research, (D.I. 442-5), and Apple hereby

22  incorporates Mr. Del Prete's prior declaration.  Similarly, Apple's Gregory Joswiak has also detailed

23  to the Court the substantial harm that would follow from public disclosure of IDC's market research,

24  (D.I. 442-3), and Apple hereby incorporates Mr. Joswiak's prior declaration, as well.

25      6.    Apple additionally seeks to file under seal certain information that relates to Apple's

26  financial sales and revenue and manufacturing capacity information.  Information relating to Apple's

27  sales, profits, revenue, and capacity is painstakingly protected and is not typically disclosed in the

28  industry.  Case No. 11-cv-01846, D.I. 1415 at ¶ 3.  Apple strictly maintains the confidentiality of this

Gibson, Dunn &
Crutcher LLP

1    information even within Apple.  D.I. 685.  Moreover, I am aware that the financial information at

2    issue in this Report is used by a select group of Apple executives to determine pricing of Apple

3    products.

4            7.      Release of Apple's financial and capacity-related information would allow

5    competitors to proactively react to the increasing and decreasing supply of specific Apple products

6    and cause Apple substantial competitive harm.  Additionally, as described below, manufacturers

7    could use this information in negotiations with Apple to Apple's competitive detriment.  For the

8    reasons explained above, and in multiple declarations previously filed by Apple, including the

9    Declarations of Mark Buckley, dated April 8, 2013, filed as D.I. 442 in this case, dated July 15, 2013,

10   filed as D.I. 685 in this case, and dated July 27, 2012, filed as D.I. 1415 in Case No. 11-cv-01846 (the

11   "1846 case"), as well as the declarations of Jim Bean filed as D.I. 1495 and D.I. 1502 in the 1846

12   case, all of which are hereby incorporated, it would cause severe competitive harm to Apple if the

13   specific and substantial financial and capacity information contained in these documents were

14   publicly disclosed.  The financial information contained in this document constitutes information that

15   Apple relies upon in determining which products to sell and how to position them in the market,

16   including how to price those products.  Public disclosure of this information would thus permit

17   Apple's competitors to tailor their product offerings, prices, advertising, costs, budgets, and business

18   strategies to more effectively compete with Apple.

19           8.      Indeed, the harm that would befall Apple if its financial and capacity information were

20   to be publicly disclosed would be severe.  By way of example, as Mr. Buckley, an Apple employee

21   who, in his role as a Finance Manager, is very familiar with financial information and systems at

22   Apple, and the efforts that Apple takes to ensure sensitive financial and capacity information remains

23   confidential, explained, if competitors gained access to Apple's capacity data, they would learn when

24   Apple is stretched thinly and when it has excess capacity, and could alter their production timing

25   accordingly.  Case No. 11-cv-01846, D.I. 1415 at 1-2.  When viewed in connection with product line

26   information, this data is even more critically sensitive, as competitors will see what specific lines of

27   products Apple is increasing its supply of and what it is decreasing its supply of, giving significant

28   insight into Apple's current and future business plans.  Competitors will know exactly what products

Rho Decl. iso Apple's Motion to Seal Opening Report of Christopher A. Vellturo, Ph. D.

Case No. 12-cv-00630-LHK (PSG)

1   they need to release in order to counter Apple, and in what categories—for example, the specific size

2   of phone or tablet that Apple is focusing the majority of its attention on.  *Id.*  Additionally,

3   information regarding Apple's capacity goals, factors influencing those goals, and time to reach those

4   goals is confidential.  Competitors could use such information to counter Apple's product releases

5   and sales.

6         9.      Further, as Mr. Buckley explained, Apple would also be significantly harmed if

7   contract manufacturers were able to gain access to Apple's capacity information.  If these entities

8   were able to learn information regarding Apple's capacity, they could gain insight into the patterns in

9   the fluctuations in Apple's supply chain and predict when Apple may be most driven to increase

10  supply.  This would unfairly advantage them in negotiations with Apple.  *See*, *e.g.*, *id.* at ¶ 5.

11        10.     The potential harm to Apple from publicizing its highly confidential capacity

12  information thus outweighs the public's interest in that information.  *See* Apple, Inc. v. Samsung

13  Electronics Co., Ltd., Case No. 11-CV-01846 (N.D. Cal.) (D.I. 2397) (Sep. 11, 2013).  This Court

14  and other courts have recognized that financial and capacity information of the same type as at issue

15  here merits sealing.  Apple, Inc. v. Samsung Electronics Co. Ltd., Case No. 12-cv-630-LHK, D.I.

16  1649 at 4 (N.D. Cal. Aug. 9, 2012) ("The Court agrees that information relating to Apple's

17  production and supply capacity is 'trade secret' under Ninth Circuit law and is therefore properly

18  sealed."); Apple, Inc. v. Samsung Electronics Co., Ltd., 2013 WL 4487610 at *3, 9-10 (Fed. Cir.

19  2013) *see also* TriQuint Semiconductor v. Avago Techs. Ltd., 2011 U.S.Dist. LEXIS 143942 at *10,

20  11, 21 (D. Ariz. Dec. 12, 2011) (sealing confidential financial information including capacity

21  information).

22        11.     Apple additionally seeks to file under seal certain information that relates to Apple's

23  pricing and competitive strategy.  This information, which contains extremely sensitive details related

24  to how Apple approaches its pricing and competitive strategy, is highly confidential and considered

25  by Apple to be a trade secret.  Declaration of Mark Buckley in Support of Samsung's Administrative

26  Motion to File Documents Under Seal, D.I. 685-1, at ¶ 9.  This data reveals, among other things, the

27  factors Apple considers in setting its pricing strategies.  If such information were disclosed publicly,

28  Apple's competitors could use such information to target Apple products and gain an unfair

RHO DECL. ISO APPLE'S MOTION TO SEAL OPENING REPORT OF CHRISTOPHER A. VELLTURO, PH. D.

CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

competitive advantage.  Apple's Mark Buckley has previously detailed to the Court the substantial harm that would follow from public disclosure of this information, (D.I. 685-1), and Apple hereby incorporates Mr. Buckley's prior declaration.

**Samsung and Third Party Confidential Information**

12.     The Vellturo Report also contains information that Samsung and/or third parties have designated as confidential under the Protective Order.  Apple accordingly filed such information under seal as required by the Protective Order, as it has not yet been able to confer with such third parties regarding their information.

**Meet and Confer**

13.     Pursuant to Civil L.R. 7-11, counsel for Samsung and Apple met and conferred regarding the process for and scope of sealing information at issue in the present motion to seal, and so that Samsung could identify the information that it requests be sealed.

*       *       *

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Dated: January 22, 2014

                                        */s/ Jennifer Rho*
                                        Jennifer Rho

**ATTESTATION**

I, H. Mark Lyon, am the ECF User whose ID and password are being used to file this Declaration.  In compliance with General Order 45, X.B., I hereby attest that Jennifer Rho has concurred in this filing.

Dated: January 22, 2014                    */s/ H. Mark Lyon*_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: January 22, 2014                    */s/ H. Mark Lyon*_____

Gibson, Dunn & Crutcher LLP