QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Cal. Bar No. 170151)
charlesverhoeven@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Cal. Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Cal. Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Cal. Bar No. 108542)
williamprice@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 1127)**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 72-2, Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Samsung will and hereby does move this Court for relief from Magistrate Judge Grewal's January 9, 2014 Order Re: Motions to Strike (Dkt. 1127). Samsung objects to Judge Grewal's decision striking portions of the Expert Report of Dr. Dan Schonfeld regarding the "central storage and interface device" limitation of the '757 Patent.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 9, 2014, Judge Grewal struck Dr. Schonfeld's opinion that the "central storage and interface device" limitation of the '757 patent can be satisfied by third party servers, finding that this theory was not disclosed in Samsung's infringement contentions. In doing so, the Court struck Samsung's theories based on factual conclusions inconsistent with the parties' mutual understanding of the facts.

Samsung's infringement contentions explain Apple's iCloud and iTunes servers "include[] at least a central storage and interface device," as both parties agreed in briefing. *See* Dkt. 660-3, Samsung's Third Amended Infringement Contentions, Exhibit D at 2; Dkt. 877-4, Apple's Motion to Strike at 15-16 (quoting Samsung's Infringement Contentions); Dkt. 963-3, Samsung's Opposition to Apple's Motion to Strike at 15 (same). Samsung did not limit its contentions in any way to iCloud and iTunes servers owned by Apple. Apple, however, argued that Dr. Schonfeld was presenting new theories of infringement by identifying <u>specific</u> iTunes and iCloud servers of meeting the limitations of the '757 Patent, as opposed to iTunes and iCloud as a whole. *See* Dkt. 877-4 at 16 (identifying eight allegedly new theories of infringement based on specific iTunes and iCloud servers). Apple argued that Samsung's infringement contentions were deficient because Samsung's contentions did not explain that the "at least one central … device" limitation "could consist of multiple devices that are physically separated and controlled by different parties."

---

[1] Samsung recognizes that the Court has granted Apple's motion for summary judgment of invalidity of the '757 patent. Samsung files this motion to preserve its objections, should the Court revise its decision or should the Court's decision be reversed in the future.

-1- Case No. 12-cv-00630-LHK
SAMSUNG'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 1127)

In opposition, Samsung explained that Dr. Schonfeld's report simply elaborates on Samsung's infringement contentions by applying detailed evidence obtained through discovery. Dkt. 963-3 at 16. In particular, evidence obtained from Apple revealed that the accused iTunes and iCloud services consisted of multiple servers belonging to Apple and third parties. Thus, it was entirely consistent with the Local Rules for Dr. Schonfeld to explain how these Apple and third party servers meet the "at least a central storage and interface device" limitation of the claims, as Samsung stated in its contentions. For example, Dr. Schonfeld's report cites to interrogatory responses and documents from Apple explaining that iTunes in the Cloud includes multiple servers ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Dkt. 963-18, Schonfeld Opening Report at ¶¶ 1867-1872. Similarly, Dr. Schonfeld cites to discovery from Apple explaining that Photo Stream and Shared Photo Stream services (which are part of iCloud) also includes multiple servers ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Dkt. 963-18, Schonfeld Opening Report at ¶¶ 1988-1995; 2010-2018. Far from presenting new infringement theories, Dr. Schonfeld simply explained how the clearly accused iTunes and iCloud services consist of multiple Apple and third party servers that together form "at least one central storage and interface device."

In ruling on Apple's motion, the magistrate judge understood that Samsung had properly accused Apple's iTunes and iCloud service of infringement in its contentions. However, the magistrate judge appeared to conclude that iTunes and iCloud servers are separate and distinct from ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■. Thus, the Court held:

> Apple's primary complaint here is that Samsung's expert urges that multi-server configurations owned by and in the control of third parties may fulfill these roles, when Samsung's contentions focused only on the iCloud server and computers owned and produced by Apple. In this instance, Apple appropriately points out the substitution of a theory, rather than just increased specificity; **the contentions told Apple to look for evidence in one place (its iCloud servers); now the expert is relying on evidence gathered from somewhere else (third party servers, such as Amazon's cloud storage)**.

Dkt. 1127 at 7 (emphasis added). In other words, the Court allowed Samsung to continue its accusations against various iTunes and iCloud servers while simultaneously excluding its

accusations against third party servers, even though Apple explained that third party servers are part of the accused iTunes and iCloud services.

The magistrate judge's decision is erroneous and contrary to law.  Samsung's contentions clearly told Apple to look for evidence of a "central storage and interface device" from the iCloud and iTunes <u>services</u>.  And the parties agree that the iCloud and iTunes services clearly include both Apple and third party servers.  Thus, all of these servers were properly accused of infringement, regardless of whether they are owned by Apple or third parties.[2]

## I. THE MAGISTRATE JUDGE'S DECISION IS BASED ON A CLEARLY ERRONEOUS FACTUAL DETERMINATION

The magistrate judge's order is premised on the factual determination that ███████ ███████████████████████ are separate and distinct from the iTunes and iCloud servers, and thus were not disclosed in Samsung's infringement contentions against iTunes and iCloud.  However, this factual determination is simply incorrect.  Apple itself has unambiguously admitted on multiple occasions that the iTunes and iCloud services consist of multiple servers owned by both Apple *and* third parties.  In its interrogatory responses, Apple stated that "iCloud is a set of different services and servers that are owned by both Apple and third parties."  Dkt. 963-18. at ¶1869 (excerpt from Dr. Schonfeld's Opening Expert Report, *quoting* Apple's Response to Samsung Interrogatory No. 12.)  Apple explained in detail the interplay between Apple and third party servers needed to provide iCloud and iTunes services.  *See* Briggs Decl. Ex. 1, Apple's Response to Samsung's Fifth Set of Interrogatories (No. 38).  And Apple fully understood Samsung to be using the terms iTunes and iCloud in the same manner as Apple does, to refer to a

---

[2]  Indeed, the dispute briefed in Apple's motion to strike did not center around the presence of third party servers, but instead involved whether Samsung properly accused <u>multiple servers</u>, as opposed to a "single device," of meeting the "at least one central storage and interface" limitation of the patent.  *See* Dkt. 877-4 at 17-18; Dkt. 1017-3 at 7-8.  Apple only mentions the third party ownership of servers for atmospheric purposes, and advances no explanation for why Apple's servers but not third party servers were identified in Samsung's infringement allegations.  Thus, the magistrate judge appears to have granted Apple's motion based on a position not advocated by Apple.

1  collection of both Apple and third party servers.  Dkt. 963-7 at 171 ("Instead, Samsung appears to
2  be using the term iCloud to refer to a set of different services and servers, some owned by Apple,
3  some owned by third parties.").   Simply put, both parties understood and agreed that the third
4  party servers are part and parcel of the iTunes and iCloud services.

5  The magistrate judge's order contradicts this unambiguous evidence by incorrectly
6  assuming that the third party servers are distinct entities from the iCloud and iTunes servers.  Dkt.
7  1127 at 7 ("[T]he contentions told Apple to look for evidence in one place (its iCloud servers);
8  now the expert is relying on evidence gathered from somewhere else (third party servers, such as
9  Amazon's cloud storage.")   Based on this error, the magistrate judge erroneously concluded that
10 Samsung had only accused Apple's iCloud and iTunes servers, and not third party iCloud servers,
11 and thus struck Dr. Schonfeld's report as to third party servers only.   However, the undisputed
12 facts demonstrate that Apple's iCloud and iTunes service includes both Apple and third party
13 servers.   Regardless of how Apple chooses to arrange ownership of the various iCloud and iTunes
14 servers, all of these servers are components of the accused iTunes and iCloud systems, and
15 Samsung properly accused these servers of infringement in its contentions.

16 **II.    UNDER THE CORRECT FACTUAL DETERMINATION, THE
17          MAGISTRATE JUDGE'S DECISION IS CONTRARY TO LAW**

18 Because the iTunes and iCloud services include both Apple and third party servers, the
19 magistrate judge's decision to strike Dr. Schonfeld's report as to third party servers is contrary to
20 law.   As the magistrate judge recognized, "Contentions need not disclose specific evidence,
21 whereas expert reports must include a complete statement of the expert's opinions, the basis and
22 reasons for them, and any data or other information considered when forming them."   Dkt. 1127
23 at 3, *citing Fenner Investments, Ltd., v. Hewlett-Packard Co.*, 2010 WL 786606, at *2 (E.D. Tex.
24 Feb. 26, 2010).

25 Here, Samsung's infringement contentions clearly disclosed its theory that Apple's iCloud
26 and iTunes services include "at least one central storage and interface device."   Through
27 discovery, Samsung then learned about the specific servers that constitute the iCloud and iTunes
28 services, and then, in Dr. Schonfeld's report, properly identified these specific servers as particular

1  components that meet the limitations of the '757 patent.   As the magistrate judge recognized in
2  denying other portions of Apple's motion to strike, Samsung's experts are permitted to explain
3  why sub-components of previously identified parts meet the limitation of Samsung's patents.  *See*
4  Dkt. 1127 at 3-4 (permitting Dr. Parulski to identify components of a CMOS sensor as meeting the
5  "imaging device" limitation of the '449 patent, when Samsung's infringement contentions
6  identified the CMOS sensor as a whole.)   Dr. Schonfeld's report simply provides analogous
7  evidence regarding which iTunes and iCloud servers meet the "central device" limitation of the
8  '757 patent.   Accordingly, the magistrate judge's decision to strike portions of Dr. Schonfeld's
9  report regarding the third party iCloud and iTunes servers is erroneous as a matter of law.

### III.   CONCLUSION

For the foregoing reasons, the portions of Dr. Schonfeld's report arguing that third party servers meet the "central storage and interface device" limitation should not be stricken.

DATED:   January 23, 2014             QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                      By  */s/ Victoria F. Maroulis*
                                          Charles K. Verhoeven
                                          Kevin P.B. Johnson
                                          Victoria F. Maroulis
                                          William C. Price

                                          Attorneys for SAMSUNG ELECTRONICS CO.,
                                          LTD., SAMSUNG ELECTRONICS AMERICA,
                                          INC., and SAMSUNG
                                          TELECOMMUNICATIONS AMERICA, LLC