COURTLAND L. REICHMAN (CA Bar 268873)
STEPHANIE M. ADAMS (CA Bar 289548)
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA  94065
Tel:  (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com

STEVEN CALLAHAN
(Admitted *Pro Hac Vice*)
**CHARHON CALLAHAN ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392
scallahan@ccrglaw.com

*Counsel for Non-Party Ericsson Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 12-CV-00630-LHK <br><br> **NON-PARTY ERICSSON INC.'S BRIEF IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL AND SAMSUNG'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF JANUARY 9, 2014 ORDER DENYING MOTIONS TO SEAL** |

Non-Party Ericsson Inc. ("Ericsson") files this Brief In Support Of Apple's Motion For Reconsideration Of Order Denying Administrative Motions To File Documents Under Seal And Samsung's Notice Of Motion And Motion For Reconsideration Of January 9, 2014 Order Denying Motions to Seal (collectively, the "Motions for Reconsideration"), which Ericsson

1

understands will be filed later today, and respectfully shows as follows:

The Motions for Reconsideration request reconsideration of the Court's Order re: Motion to Strike and Seal (ECF No. 1127), in which the Court stated in relevant part:

> The sealing requests for all four motions before the court continue the parties' unfortunate course of redacting plainly non-confidential information. For example, both Apple and Samsung redact sections in which a witness provides the startling revelation that he has no information. While embarrassing, perhaps, this is not confidential information worthy of the time and money required to request sealing from the court. In light of the overreach that both parties continue to demonstrate in keeping information from the public, the court DENIES the sealing motions.

*Id.* at 11.

While Ericsson understands the rationale for the Court denying Apple's and Samsung's sealing request, the rationale does not apply to Ericsson. Ericsson is a third party who produced highly confidential technical information to Apple and Samsung pursuant to their subpoenas and in reliance on the Court's protective order. Ericsson's confidential information is disclosed in the parties' sealed filings and is now at risk of being made public. Accordingly, Ericsson respectfully joins in the Motions for Reconsideration, as the parties' sealing requests encompassed Ericsson's highly confidential technical information—information that Ericsson believes is appropriately maintained under seal.

In accordance with the Local Rules' requirements, Ericsson previously submitted three briefs supporting the sealing of Ericsson's confidential information: (i) Ericsson's November 12, 2013 Brief In Support of Samsung's Administrative Motion to File Documents Under Seal (ECF No. 926); (ii) Ericsson's November 14, 2013 Supplemental Brief In Support of Samsung's Administrative Motion to File Documents Under Seal (ECF No. 943); and (iii) Ericsson's November 25, 2013 Brief In Support of Apple's Administrative Motion to File Documents Under Seal (ECF No. 994). Ericsson's prior briefs were supported by the seven page declaration of Ericsson employee Billy Hogan, Senior Specialist in Enhanced Uplink (*see* ECF No. 926-1).

In his declaration, Mr. Hogan generally describes the Ericsson confidential information at-issue with Samsung's and Apple's sealing requests, and describes in detail the confidentiality

of the Ericsson information at-issue. Mr. Hogan describes how Ericsson maintains the confidentiality of its highly confidentiality information and trade secrets, the harm that could be inflicted upon Ericsson if the information at-issue was disclosed, and the value of the information at-issue. Mr. Hogan also details how Ericsson produced the at-issue information to the parties in response to subpoenas received by Ericsson, designated the at-issue information under the Court's protective order as "Highly Confidential—Attorney's Eyes Only," and relied upon the protections contained in the Court's protective order when producing the at-issue information. For example, Ericsson understood that only a limited number of individuals (such as the parties' outside counsel and certain experts who had been disclosed in advance to Ericsson) would be entitled to review the at-issue information. *Id.*

Ericsson respectfully requests that the Court grant the Motions for Reconsideration and maintain the Ericsson at-issue information under seal. In this lawsuit, Ericsson received two subpoenas—one from Samsung and one from Apple—requesting technical documents concerning Ericsson's products. *See* ECF No. 926-1, Hogan Decl. at ¶¶ 4-5. In response to these subpoenas, Ericsson produced over a thousand pages of internal Ericsson documents. *Id.* at ¶ 6. Ericsson designated those documents that contained Ericsson's highly confidential information and/or trade secrets as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order. *Id.*

It is well-established that the Court has authority to permit confidential materials to be filed under seal. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (the court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). A party seeking to seal materials in connection with a nondispositive motion need only show good cause. *See, e.g.*, *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in non-dispositive materials, we apply the 'good cause' standard when parties wish to keep them under

seal.").

Good cause exists here to allow the Ericsson at-issue information to remain under seal. *First*, Ericsson has already submitted the Hogan Declaration establishing that the at-issue information constitutes Ericsson's highly confidential information concerning the technical working of Ericsson's products, which Ericsson maintains as trade secrets and in strict confidence. Ericsson protects the confidentiality of such information through the use of password protection technology, labeling the information as "confidential," and through the use of confidentiality agreements. *Id.* at ¶ 9.

*Second*, the disclosure of the at-issue information could cause Ericsson severe competitive and economic harm in the marketplace. *Id.* Ericsson's confidential technical information has independent economic value from not being generally known to or readily ascertainable by other persons, such as those who might obtain economic value from the disclosure of the technical information. Ericsson also spends substantial amounts of money in developing its products and in maintaining technical information concerning the products as confidential. *Id.*

*Finally*, Ericsson designated the at-issue information as "Highly Confidential—Attorneys' Eyes Only" pursuant to the Court's protective order, and, in producing these materials to Apple and Samsung, Ericsson relied on the Court's protective order to permit the disclosure of the materials only to a limited number of individuals, such as the parties' outside counsel and those experts Ericsson had received notice of and an opportunity to object to, and not the general public.

For these reasons, good cause exists to maintain the Ericsson at-issue information under seal, and Ericsson respectfully requests that the Court grant the Motions for Reconsideration. Ericsson understands that the Court's Order re: Motion to Strike and Seal (ECF No. 1127) denied the parties' sealing requests in light of Apple and Samsung "redacting plainly non-confidential information" and "in light of the overreach that both parties [i.e., Apple and Samsung] continue to demonstrate in keeping information from the public." The Court took no issue with Ericsson's sealing request, and Ericsson respectfully suggests that, at a minimum, the Court permit

1  Ericsson's at-issue information to be maintained under seal, as Ericsson has no control over
2  Apple's and Samsung's actions with respect to the redaction of those parties' non-confidential
3  information.

Respectfully submitted,

*/s/ Courtland Reichman*

COURTLAND REICHMAN
STEPHANIE M. ADAMS
California Bar No. 268873
**MCKOOL SMITH, P.C.**
255 Shoreline Drive, Suite 510
Redwood City, CA  94065
Tel:  (650) 394-1401
Fax: (650) 394-1422
creichman@mckoolsmith.com

STEVEN CALLAHAN
(Admitted *Pro Hac Vice*)
scallahan@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Tel: (469) 587-7240
Fax: (214) 764-8392

*Counsel for Non-Party Ericsson Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, January 24, 2014, the foregoing document was served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case.

_____
Steven Callahan