QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>            Defendant. | CASE NO. 12-cv-00630-LHK (FSG)<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF JANUARY 9, 2014 ORDER DENYING MOTIONS TO SEAL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Courtroom: 5 |

**NOTICE OF MOTION AND MOTION**

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK AND HONORABLE JUDGE OF THE COURT, PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 7-9, 7-11 and 79-5, Defendants and counter-claim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") move the Court for reconsideration of the January 9, 2014 Order (Dkt. No. 1127) denying Samsung's administrative motion to file under seal.[1]   Samsung bases the Motion on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Daniel Woosoeb Shim filed currently herewith; the previously filed Declarations of Daniel Woosoeb Shim in this action (Dkt. Nos. 880-2, 949, 962-15, 1018-8); the declarations filed by third parties in this action[2]; and such further briefing, evidence or argument that the Court may order.

**RELIEF REQUESTED**

Samsung requests an order permitting Samsung to file under seal portions of the following documents designated confidential by Samsung, Apple and third parties.[3]

- Exhibit 6 to the Declaration of Todd Briggs in Support of Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's *Markman* Order (re: Samsung's patents) ("Briggs Declaration") (Dkt. No. 878-11): portions containing confidential information of third parties Alcatel-Lucent, AT&T, Ericsson, Intel, Nokia, Qualcomm, Siemens and T-Mobile;

---

[1]   The Court has granted leave to file this motion for reconsideration.   Dkt. No. 1137 at 3-4.
[2]   Third party declarations filed in support of sealing their respective confidential information can be found at Dkt. Nos. 917 (Omni Vision), 918 (AT&T), 921 (Video Over Cellular Inventions), 922 (Cirrus Logic), 924 (Broadcom), 926 (Ericsson), 927 (Qualcomm), 929 (Intel), 933 (Microsoft), 935-1 (T-Mobile), 935-2 (NSN), 939 (Google), 941 (Alcatel-Lucent), 943 (Ericsson), 956 (Microsoft), 957 (Google), 959-1 (HTC), 988 (Qualcomm), 996 (Intel), 998 (Microsoft), 999 (AT&T), 1001 (Google), 1008 (Cirrus Logic), 1026 (Microsoft), and 1029 (Google).
[3]   Samsung takes no position on whether information designated confidential by Apple (highlighted in yellow) or by third parties (highlighted in blue) is properly sealable.   Samsung moves for reconsideration of the Court's order as to all information identified as confidential by Apple and third parties pursuant to the Court's Protective Order and Civil Local Rule 79-5(e).

- Exhibit 7 to the Briggs Declaration (Dkt. Nos. 878-12 and 878-13): portions containing confidential information of third parties Microsoft and Voice Over Cellular Inventions;

- Exhibit 8 to the Briggs Declaration (Dkt. Nos. 878-14, 878-15): portions containing confidential information of Apple and third parties Cirrus Logic, Intel and Omni Vision;

- Exhibit 10 to the Briggs Declaration (Dkt. No. 878-17): portions containing confidential information of Apple and third party Microsoft;

- Exhibit 11 to the Briggs Declaration (Dkt. No. 878-18): portions of pages 188-205, containing confidential information of third parties Ericsson, Intel and Qualcomm;

- Exhibit 8 to the Declaration of Michael L. Fazio in Support of Samsung's Motion to Strike Expert Testimony Based on Previously Undisclosed Theories (re: Apple's patents) ("Fazio Motion to Strike Declaration") (Dkt. No. 880-21): portions containing confidential information of Apple;

- Exhibit 27 to the Fazio Motion to Strike Declaration (Dkt. No. 880-22): portions containing confidential information of Samsung (*See* Dkt. No. 880-6);

- Exhibit 19 to the Declaration of Michael L. Fazio in Support of Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Report (re: Apple's patents) ("Fazio Opposition Declaration") (Dkt. No. 962-11): portions containing confidential information of Samsung;

- Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Infringement Report (re: Samsung's patents) (Dkt. No. 963-3): portions containing confidential information of Apple and third party Cirrus Logic;

- Exhibit 2 to the Declaration of Samuel Drezdzon in Support of Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Infringement Report (re: Samsung's patents) ("Drezdon Declaration) (Dkt. No. 963-8): portions containing confidential information of Apple;

- Exhibit 5 to the Drezdon Declaration (Dkt. No. 963-10): portions containing confidential information of third party Cirrus Logic;

- Exhibit 7 to the Drezdon Declaration (Dkt. No. 963-12): portions containing confidential information of Apple;

- Exhibit 8 to the Drezdon Declaration (Dkt No. 963-13): portions containing confidential information of Apple;

- Exhibit 9 to the Drezdon Declaration (Dkt. No. 963-14): portions containing confidential information of Apple;

- Exhibit 13 to the Drezdon Declaration (Dkt No. 963-18): portions containing confidential information of Apple; and

- Samsung's Reply in Support of Its Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions (Dkt No. 1009): portions containing confidential information of third parties AT&T and Qualcomm.

DATED: January 24, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Michael L. Fazio*
Victoria F. Maroulis
Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
and SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Samsung moves for reconsideration of the Court's ruling denying Samsung's motions to seal certain documents containing Apple's, Samsung's, and third parties' confidential information. Samsung has worked with Apple and third parties to substantially narrow the documents subject to this motion and seeks to file under seal only a narrow subset of documents it previously sought to file under seal.  In addition, whereas Samsung previously requested to seal portions of 22 different documents filed in connection with the parties' motions to strike that included Samsung's confidential information, through the instant motion Samsung seeks to seal just two documents containing its confidential information.  The remaining documents subject to Samsung's motion are documents containing confidential information belonging to Apple or various third parties.  Importantly, the information Samsung seeks to seal consists solely of its source code information, which this Court has repeatedly held sealable.  Accordingly, for these reasons and those set forth below, Samsung respectfully requests that the Court grant Samsung's motion for reconsideration.

## STATEMENT OF FACTS

On January 9, 2014, the Court denied sealing motions related to the parties' motions to strike.  Dkt. No. 1127 at 11.  The Court found that the parties were "overreach[ing]" in their scope of information sought to be sealed.  *Id*.  Some of the documents at issue, however, include source code and discussions of source code.  *See, e.g.*, Exhibit 27 to Fazio Motion to Strike Declaration at 99, 100, ¶ 252, lines 8-9, 25.  Accordingly, after re-reviewing each document it moved to file under seal and declarations filed by Apple and third-parties, Samsung seeks now to file under seal only a narrow subset of documents.  The documents Samsung seeks to file under seal and the party claiming confidentiality are listed in Attachment A hereto.[4]

---

[4] Samsung concurrently files highlighted versions of all documents filed in support and opposition to the motions to strike that it now seeks to seal in part or to withdraw in part. Portions Apple seeks to seal are highlighted in yellow, portions Samsung seeks to seal are highlighted in green, and portions third parties seek to seal are highlighted in blue.  Portions of the materials withdrawn by the parties (*See* Joint Notice Regarding the Parties' Motions to Strike -
   (footnote continued)

-4-   Case No. 12-cv-00630-LHK (FSG)
MOTION FOR RECONSIDERATION OF JAN. 9, 2014 ORDER DENYING MOTION TO SEAL

# ARGUMENT

## I. THE COURT MAY PROPERLY RECONSIDER ITS PRIOR RULING.

The Court has discretion to reconsider its prior orders. *See United States v. Quintanilla*, No. CR 09-01188 SBA, 2011 WL 4502668, at *5 (N.D. Cal. Sept. 28, 2011). Local Civil Rule 7-9(a) provides that any party can request "leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)." Rule 7-9(b), in turn, makes reconsideration appropriate if the court committed clear error or the initial decision was manifestly unjust. *See Quintanilla*, 2011 WL 4502668, at *5 (*citing Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Additionally, the Court has inherent authority to reconsider interlocutory orders to prevent manifest injustice. *Id.* at *5 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

Here, the Court should reconsider its prior ruling to avoid the injustice of having Samsung's and third parties' proprietary source code released into the public domain. Samsung and those third parties developed that code using employees, time, and money. The public at large (and Samsung's competitors in particular) should not receive a windfall and gain the fruits of that labor by having access to source code that would otherwise take great time and effort to develop. Moreover, the parties have re-examined the documents and significantly narrowed the amount of information sought to be sealed.

The Court should also reconsider its ruling in light of its prior rulings and well settled authority establishing that source code is the type of information that is well suited for sealing. In light of that precedent, the ruling at issue satisfies the foregoing standard.

## II. THE COURT SHOULD SEAL SOURCE CODE INFORMATION.

### A. THE INFORMATION WAS SUBMITTED IN CONNECTION WITH NON-DISPOSITIVE MOTIONS; THUS, THE PRESUMPTION OF THE PUBLIC'S RIGHT TO ACCESS IS REBUTTED.

---

- Dkt. No. 1131) are also indicated in the documents. Documents withdrawn in their entirety are identified in the concurrently filed Joint Motion to Withdraw Documents Filed in Connection with Motions to Strike.

The Ninth Circuit has held that a "particularized showing" under the "'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive [*sic*] motions.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003). Unlike the public interest in inspecting documents attached dispositive pleadings, which creates a "strong presumption in favor of access," the public need to access documents "unrelated or only tangentially related to the underlying cause of action" attached to non-dispositive motions is far weaker. *Kamakana*, 447 F.3d at 1178-79 (quotations omitted). In this situation, the "usual presumption of the public's right to access is rebutted." *Id.* at 1179.

Here, the information at issue was submitted in connection with non-dispositive motions – *i.e.*, motions to strike. Thus, the public's interest is weak and the presumption of the public's right to access is rebutted. The public's interest also pales by comparison to the potential harm to Samsung and third parties from having their proprietary information dumped into the public domain. "Secrecy is a one-way street": once confidential information has been released to the public, it "cannot be made secret again." *In re Copley Press, Inc. v. Ismael Highera-Guerrero*, 518 F.3d 1022, 1025 (9th Cir. 2008).

### B.     THE LAW IS UNEQUIVOCAL: SOURCE CODE IS PROPERLY SEALED.

The Court has expressly stated that "Courts have been clear that confidential source code is a trade secret," and that "source code algorithms and descriptions of the operation of that source code . . . meet[] the 'compelling reasons' standard, and [are] sealable." *Samsung I*, Dkt. No. 2168 at 13:6-9 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)); *see also Samsung I*, Dkt. No. 1649 at 8:18-21 ("[S]ource code is undoubtably [*sic*] a trade secret.") (internal quotation, citation omitted); *Samsung I*, Dkt. No. 2222 at 24:22-24 ("Source code is proprietary and therefore appropriately may be sealed."); *Samsung I*, Dkt. No. 2232 at 2:6-11 ("To the extent that Samsung seeks to stay the February 1 order […] a stay is warranted. Source code involves proprietary information that the court already has found to be

appropriate for a sealing request. [...].").[5]  Public disclosure of Samsung's source code, descriptions of the operation of that code, including descriptions of its structure, would cause Samsung competitive harm as other manufacturers could use the information to copy the features exclusively found on Samsung's products.  *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 810) ¶ 7.  Samsung would face similar harm from public disclosure of information about Samsung's product and code development process.  *See, e.g.*, Declaration of Daniel Shim (Dkt. No. 821) ¶ 10.  The Court should thus grant Samsung's request to file source code, information about code and feature development, and detailed descriptions of the operation of code under seal.

The Court also recognized the importance of sealing source code information in this action, too.  The Court entered the Protective Order proposed by the parties.  Dkt. No. 512.  In that order, the Court mandated the use of restrictions and protections over and above those used for other types of confidential information.  *See generally* Dkt. No 512 at 10-18.  The Court further manifested its commitment to protecting source code information (as well as its commitment to enforcing the Protective Order) by denying Apple's request to remove "diff printouts" containing source code information from Samsung's source code inspection room.  Dkt. No. 450 at 4:15-5:2.  In addition, the Court – applying the stricter "compelling reasons" standard – recently granted the parties' motions to seal documents filed in connection with motions for summary judgment that include the same type of information as the documents subject to this motion.  Following the Court's reasoning, the references to source code should be sealed here.

## CONCLUSION

For the reasons set forth above, Samsung moves to file these documents under seal.  The parties will file public redacted versions of these documents on Wednesday, January 29, 2014, after the parties have been able to obtain final approval of such public redacted versions from the third parties whose information is contained within.

---

[5]  Additionally, in *Dynetix Design Solutions Inc. v. Synopsys Inc.*, Case No. 11-cv-05973 PSG, this Court stated that "Confidential source code is generally accepted to be proprietary and sealable."  2012 WL 8586372, at *1 (N.D. Cal. Dec. 17, 2012); *see also generally Samsung I*, Dkt Nos. 2046, 2215, 2575.

1 | In compliance with Civil Local Rule 79-5, Samsung's filing will be served on all parties.

2

3 | DATED: January 24, 2014            QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
4

5

6 |                             By */s/ Michael L. Fazio*
                                   Victoria F. Maroulis
7                                  Attorneys for Defendants
                                   SAMSUNG ELECTRONICS CO., LTD.,
8                                  SAMSUNG ELECTRONICS AMERICA, INC.,
                                   and SAMSUNG TELECOMMUNICATIONS
9                                  AMERICA, LLC