JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK  (PSG)<br><br>**APPLE INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)** |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

Pursuant to the Court's January 16, 2014 Order, D.I. 1137, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") hereby moves for reconsideration of the Court's January 9, 2014 order denying administrative motions to file documents under seal, D.I. 1127, and for an order to seal the following documents:[1]

1. Exhibits 5, 11, and 36 to the Declaration of Joshua Furman supporting Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents ("Furman Declaration");

2. Exhibits P and S to the Declaration of Jennifer Rho supporting Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents ("Rho Declaration");

3. Exhibit 8 to the Declaration of Michael Fazio supporting Samsung's Motion to Strike Based on Previously Undisclosed Theories, D.I. 880 ("Fazio Declaration");

4. Apple's Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Motion to Strike") and Exhibits A, B, and D to the Declaration of Mark D. Selwyn supporting Apple's Motion to Strike ("Selwyn Motion to Strike Declaration");

5. Apple's Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions ("Apple's Opposition") and Exhibits 3, 5, 10, 11, 14, and 16 to the Declaration of Peter J. Kolovos supporting Apple's Opposition ("Kolovos Opposition Declaration");

6. Apple's Reply in Support of Its Motion to Strike ("Apple's Reply") and Exhibit 6 to the Declaration of Mark D. Selwyn supporting Apple's Reply ("Selwyn Reply Declaration");

7. Exhibits 6, 8, 10, and 11 to the Declaration of Todd Briggs supporting Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's Markman Order ("Briggs Declaration"); and

8. Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Infringement Reports Regarding Samsung Patents ("Samsung's Opposition") and Exhibits 2, 7, 8, 9, and 13 to the Declaration of Samuel Drezdon supporting Samsung's Opposition ("Drezdon Declaration").

Apple has carefully reviewed the foregoing documents to ensure that the information that Apple supports sealing is confidential and meets the standards for sealing set forth in the Local Rules and further articulated in various decisions of this Court and the Federal Circuit. Apple has also worked closely with Samsung and third parties to narrow the scope of the parties' sealing requests. Apple has filed supporting declarations in accordance with Civil Local Rule 79-5 for all information it seeks to have sealed. *See* Declaration of Samuel K. Whitt ("Whitt Declaration"); Declarations of Peter J. Kolovos ("Kolovos Declarations"). Samsung and various third parties – *e.g.,* Google, Intel,

---

[1] Certain portions of these documents have been withdrawn pursuant to the concurrently-filed Joint Motion to Withdraw Documents Filed in Connection with Motions to Strike, D.I. 1168.

1    Qualcomm, Omnivision, AT&T, T-Mobile, Nokia Solutions and Networks ("NSN"), Alcatel-Lucent,

2    Ericsson, and Voice Over Cellular Inventions, LLC ("VOCI") – have previously filed supporting

3    declarations for any information that they contend is confidential and should be sealed.

4    **Apple Confidential Information for which Apple Supports Sealing**

5         **A.    Source Code**

6         Apple moves for reconsideration of its motions to file under seal portions of Exhibit S to the

7    Rho Declaration, Exhibit 8 to the Fazio Declaration, Exhibit A to the Selwyn Motion to Strike

8    Declaration, Exhibits 10 and 14 to the Kolovos Opposition Declaration, and Exhibit 8 to the Briggs

9    Declaration because they contain copies and descriptions of Apple's confidential source code and

10   closely-related technical information.  Exhibits 6 and 11 to the Briggs Declaration contain copies and

11   descriptions of third party confidential source code for the baseband processors used in the accused

12   Apple products.  The basis for sealing this information is more fully set forth and supported by the

13   Whitt and Kolovos Declarations, as well as the previously-filed declarations of Apple in-house

14   attorney Cyndi Wheeler that addressed this same type of Apple source code-related information.  *See*

15   Declaration of Cyndi Wheeler, D.I. 405 (Mar. 19, 2013), D.I. 685 (July 15, 2013); D.I. 803 (Oct. 10,

16   2013); *see also* Declaration of Henri Lamiraux, *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No.

17   11-cv-1846 (N.D. Cal.), D.I. 1505 (July 30, 2012).

18        As described in further detail in the supporting Whitt and Kolovos Declarations, the discussion

19   of Apple's source code and closely-related technical information, including the structure and

20   framework for functionality in its iOS and OS X operating systems and its source code-based

21   explanations of such functionality, as well as third party confidential source code for the baseband

22   processors used in the accused Apple products, constitute the type of information that this Court has

23   held sealable under the "compelling reasons" standard.  "Confidential source code clearly meets the

24   definition of a trade secret." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-1846 (N. D.

25   Cal.) (the "1846 case"), D.I. 2190 at 3 (Dec. 10, 2012), D.I. 2046 at 3 (Oct. 16, 2012); D.I. 1649 at 8

26   (Aug. 9, 2012) (granting Apple's request to seal source code and schematics related to the Apple

27   iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001,

28

1017 (E.D. Cal. 2011)).  Similarly, "technical information that is closely related to Apple's source code" has been held to be sealable.  *See, e.g.,* the 1846 case, D.I. 2250-1 at 7-8 (Feb. 20, 2013), D.I. 2397 at 2-3 (Sep. 11, 2013).

Furthermore, and as detailed in the supporting Whitt and Kolovos Declarations, Apple considers the information in Exhibit S to the Rho Declaration, Exhibit 8 to the Fazio Declaration, Exhibit A to the Selwyn Motion to Strike Declaration, Exhibits 10 and 14 to the Kolovos Opposition Declaration, and Exhibit 8 to the Briggs Declaration to be trade secrets, and would be severely harmed from its public disclosure.  *See* Whitt Declaration ¶¶ 8-10;  D.I. 405 ¶¶ 4-6, 10; D.I. 685 ¶¶ 4-6, 10; *see also* D.I. 803-02 ¶ 10.  Apple views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code.  *Id.* ¶¶ 5-10. Public disclosure of this information would diminish the independent economic value that Apple derives from its proprietary and confidential source code and cause Apple significant competitive disadvantage.  *Id.* ¶¶ 5-10.  As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code – including how Apple implements particular features and functionalities of the software and otherwise designed its suite of software – would give Apple's competitors unfair competitive advantage and undermine the investment that Apple has made in developing its source code.  *Id.* Apple thus goes to significant lengths to protect its source code and prevent the disclosure and copying of its source code by outside parties.  D.I. 803-02 ¶ 10.

The relief requested by Apple is also narrowly tailored to protect the confidentiality of only Apple's most confidential information contained in these documents.  Apple is not seeking to seal the entirety of its discussion cited in these documents; rather, Apple is moving to seal only the limited portion of the document that contains specific quotations from, detailed identifications of the structure of, and detailed discussion of specific source code or functionality from Apple's highly proprietary source code or the highly confidential source code relating to the baseband processors used in the accused Apple products.  Whitt Declaration ¶¶ 5, 10.  Apple has not sought to seal information that is not specifically and closely tied to its source code.  *Id.*  Moreover, the information that Apple seeks to seal – a few highly technical details – is not necessary for the public to understand the parties'

positions or the issues in the underlying brief.  The parties' use of Exhibit S to the Rho Declaration, Exhibit 8 to the Fazio Declaration, Exhibit A to the Selwyn Motion to Strike Declaration, Exhibits 10 and 14 to the Kolovos Opposition Declaration, and Exhibits 6, 8 and 11 to the Briggs Declaration in the underlying briefing does not require them to address the source code information at issue in the present motion.  *See, e.g., id.; Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2013 U.S. Dist. LEXIS 132915 (N.D. Cal. Sept. 11, 2013); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 U.S. Dist. LEXIS 21721, at *13-14 (N.D. Cal. Mar. 10, 2010) (sealing material that would "do little to aid the public's understanding of the judicial process," but could cause a party "significant harm").  Accordingly, because Apple has a compelling interest in sealing its non-public, confidential source code information, which outweighs the public interest in this information, it should be sealed.

**B.     Technical Documents**

Apple moves for reconsideration of its motions to file under seal portions of Apple's Motion to Strike, Exhibits A, B, and D to the Selwyn Motion to Strike Declaration, Apple's Opposition, Exhibits 3, 5, 11 and 14 to the Kolovos Opposition Declaration, Apple's Reply, Exhibit 6 to the Selwyn Reply Declaration, Exhibits 6, 8, 10, and 11 to the Briggs Declaration, Samsung's Opposition, and Exhibits 2, 7, 8, 9, and 13 to the Drezdon Declaration  because they contain detailed confidential technical information regarding the structure and/or operation of Apple products and the components therein. Apple has established compelling reasons to permit the filing of this information under seal through the Kolovos Declarations.  The Court has previously granted Apple's requests to seal similar technical information. *See, e.g.*, the 1846 case, D.I. 1649 at 8 (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

**C.     Marketing Documents**

Apple moves to seal portions of Exhibit A to the Selwyn Motion to Strike Declaration because

1   they contain detailed confidential market research information regarding customer use of the accused

2   Apple products.  Apple has established compelling reasons to permit the filing of this information

3   under seal through the Kolovos Declaration and the Declaration of Greg Joswiak in Support of

4   Apple's Motion to Seal Trial Exhibits, the 1846 case, D.I. 1496 (supporting sealing market research

5   documents describing buyer survey responses regarding Apple's products because detailed

6   information of this kind is extremely valuable and shows how customer preference have

7   evolved)).  The Federal Circuit has previously approved of Apple's request to seal market research

8   documents that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple*

9   *Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL

10  4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents).

11  **Information Marked Confidential By Samsung or Third Parties**

12         As described in the Whitt and Kolovos Declarations, the following documents contain

13  information that has been designated "Highly Confidential Business Information of Google Inc.,"

14  "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only,"

15  "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly

16  Confidential Business Information" by Samsung, Google, Intel, Qualcomm, Omnivision, AT&T, T-

17  Mobile, NSN, Alcatel-Lucent, Ericsson, and/or VOCI pursuant to the Protective Order entered in this

18  case: Exhibits 5, 11 and 36 to the Furman Declaration; Exhibit P the Rho Declaration; Apple's Motion

19  to Strike, Exhibit D to the Selwyn Motion to Strike Declaration, Apple's Opposition, Exhibits 10, 11,

20  14, and 16 to Apple's Opposition, Exhibits 6, 8, 10, and 11 to the Briggs Declaration, Samsung's

21  Opposition, and Exhibits 2, 7, 8, 9, and 13 to the Drezdon Declaration.

22                                              * * * *

23         For the reasons set forth above, Apple moves to file these documents under seal.  The parties

24  will file public redacted versions of these documents on Wednesday, January 29, 2014, after the

25  parties have been able to obtain final approval of such public redacted versions from the third parties

26  whose information is contained within.  Samsung's counsel met and conferred with Apple's counsel

27  regarding this motion and the scope of the sealing requested herein.  Whitt Declaration ¶ 15.

28

APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE
MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)

Dated:  January 24, 2014          GIBSON, DUNN & CRUTCHER LLP


                                  By:  */s/ Mark Selwyn*
                                       Mark Selwyn

                                  Attorneys for APPLE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: January 24, 2014                                    */s/   Mark Selwyn*