JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

***Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING APPLE INC.'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. Concurrent with Apple Inc.'s Motion for Reconsideration of Order Denying Administrative Motion to File Documents Under Seal (D.I. 1127), Apple has re-filed its Motion to Strike Arguments from Samsung's Infringement Expert Reports Regarding Samsung Patents ("Apple's Motion to Strike"), the Declaration of Mark D. Selwyn in Support of Apple's Motion to Strike ("Selwyn Motion to Strike Declaration") and exhibits thereto, Apple's Opposition to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions ("Apple's Opposition"), the Declaration of Peter J. Kolovos in Support of Apple's Opposition ("Kolovos Opposition Declaration") and exhibits thereto, Apple's Reply in Support of Apple's Motion to Strike ("Apple's Reply"), and the Declaration of Mark D. Selwyn in Support of Apple's Reply ("Selwyn Reply Declaration") and exhibits thereto.

3. The portions of Apple's Motion to Strike on pages 10-11 and 21-22 highlighted in yellow contain Apple confidential business information, including confidential business information relating to the components in the Apple accused products and the operation of those components (some of this information may also be confidential to third parties that supply the components). In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the Apple accused products and various sub-portions of the SOCs in the accused products. These highlighted portions of Apple's Motion to Strike contain confidential information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing

the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

4. The portions of Apple's Motion to Strike on pages 16 and 17 highlighted in yellow contain detailed, technical descriptions of the functionality of Apple's accused products related to the manner in which data is stored in the accused products. These portions contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

5. The portion of Apple's Motion to Strike on page 19 highlighted in blue contains information designated as confidential by Cirrus Logic. Cirrus Logic has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Motion to Strike and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 932.)

6. Exhibit A to the Selwyn Motion to Strike Declaration is an excerpt of the Report of Dan Schonfeld, Ph.D. Regarding Infringement of U.S. Patent Nos. 5,579,239 and 7,577,757. The following portions of Exhibit A identified with a yellow box contain Apple confidential source code or the detailed description of Apple confidential source code: paragraphs 1855-57, 1863, 1918, 1995, 2025, 2027, 2031, 2033-47, 2050-51, 2056-57, 2059-61, 2065-66, 2070-71,

2075-80, 2110.  The Court has previously granted Apple's request to seal source code of the accused products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

7. The following portions of Exhibit A identified with a yellow box contain confidential business information relating to the components used by the Apple SoCs in the accused products and the operation of these components: paragraphs 1305, 1307-09, 1318 n.97, 1325-26, 1378-82, 1466, 1639.  The following portions of Exhibit A identified with a yellow box contain detailed, technical descriptions of the functionality of Apple's accused products related to the manner in which data is stored in the accused products: paragraphs 1878, 1934, 1988-94, 2026, 2048, 2058, 2105-08, 2118, 2122-25, 2139-43, 2147-51, 2159-60, 2163-67, 2172-73, 2175-79, 2197-98, 2200-02, 2204-05, 2211-15, 2217-18.  These portions of Exhibit A contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

8. The following portions of Exhibit A identified with a yellow box contain detailed market research information regarding customer use of the accused Apple products: paragraphs 2162, 2165, 2168, 2174, 2177, 2181, 2187, 2193, 2199, 2203, 2207, 2212, 2216, 2220.  These portions of Exhibit A contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Greg

Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496) (supporting sealing market research documents describing buyer survey responses regarding Apple's products because detailed information of this kind is extremely valuable and shows how customer preferences have evolved)). The Federal Circuit has previously approved of Apple's request to seal market research documents that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos. 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013) (approving the sealing of marketing documents).

9. Exhibit B to the Selwyn Motion to Strike Declaration is an excerpt of the Expert Report of Kenneth A. Parulski Regarding Infringement of U.S. Patent No. 6,226,449. The portions of Exhibit B identified with a yellow box contain Apple confidential business information, including confidential business information received by third parties, relating to the components of the accused products and the operation of those components. In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the accused products and various sub-portions of the SOCs in the accused products. These portions of Exhibit B contain Apple confidential information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

10. The portions of Exhibit B identified with a blue box contain information that may be confidential to Omnivision. Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

11. Exhibit D to the Selwyn Motion to Strike Declaration is an excerpt from the September 26, 2013 deposition of Kenneth Alan Parulski. The following highlighted portions of Exhibit D contain Apple confidential business information, including confidential business information received by third parties, relating to the components of the accused products and the operation of those components: pages 59-61, 69-71, 95-97, 134-136, and 148-151. In particular, these portions relate to confidential information regarding the structure and functionality of the image sensors in the accused products and various sub-portions of the SOCs in the accused products. Those portions of Exhibit D contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal product schematics that contain a similar level of detail regarding the accused Apple products. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

12. The portions of Exhibit D on pages 59 and 60 identified with a pink box contain information also designated as confidential by Omnivision. Omnivision has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Motion to Strike and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 916.) Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

13. Portions of Apple's Opposition highlighted in yellow on pages 7 and 15 contain or discuss detailed technical information regarding the structure and/or operation of Apple products and the components therein. The Court has previously granted Apple's requests to seal similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

14. Portions of Apple's Opposition identified with a yellow box on pages 9 lines 14-20 and 17 line 8 contain or discuss detailed technical information regarding the operation of baseband chipsets used in Apple products. The Court has previously allowed Apple to similar technical information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

15. Portions of Apple's Opposition on pages 8 lines 17-22, 9 lines 10-12 and 14-20 and 17 lines 8 and 12-15 highlighted in blue contain or discuss information that Qualcomm may consider confidential. Apple understands that Qualcomm will file a declaration in support of sealing.

16. Portions of Apple's Opposition on pages 9 lines 14-20 and 17 line 8 highlighted in blue contain or discuss information that Intel considers confidential. Intel has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 997.) Apple understands that Intel may file a supplemental declaration in support of sealing.

17. Portions of Apple's Opposition on page 8 lines 24-28, page 9 lines 2-5, page 10 lines 4-12, and page 17 lines 5-6 and 10 highlighted in blue contain or discuss information that AT&T considers confidential. AT&T has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over

1  this information for the same reasons.  (*See* Dkt. No. 993.)  Apple understands that AT&T may file a supplemental declaration in support of sealing.

18. Portions of Apple's Opposition page 8 lines 24-27, page 9 lines 2-5, page 10 lines 4-12, page 17 lines 5-6 and 10 highlighted in blue contain or discuss information that Alcatel-Lucent considers confidential. Alcatel-Lucent has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons.  (*See* Dkt. No. 991.)

19. Portions of Apple's Opposition on page 8 at lines 27-29, page 9 line 2, and page 10 lines 7-8 highlighted in blue contain or discuss information that Ericsson considers confidential.  Ericsson has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons.  (*See* Dkt. No. 994.)  Ericsson has also filed a brief in support of Apple's Motion for Reconsideration and continues to maintain a claim of confidentiality over this information.  (*See* Dkt. No. 1167.)

20. Exhibit 3 to the Kolovos Opposition Declaration in an excerpt of Apple's Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Apple (No. 12).  The portions of Exhibit 3 highlighted in yellow contain or discuss detailed technical information  regarding the operation of Apple products and the components therein.  The Court has previously allowed Apple to similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

21. The portions of Exhibit 3 highlighted blue contain information that may be confidential to Omnivision.  Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

7

Declaration of Peter J. Kolovos
Case No. 12-cv-00630 (LHK)

ActiveUS 121519612v.2

22. Exhibit 5 to the Kolovos Opposition Declaration in an excerpt of the Expert Report of Kenneth A. Parulski Regarding Infringement of U.S. Patent No. 6,226,449. The portions of Exhibit 5 highlighted in yellow contain or discuss detailed technical information regarding the operation of Apple products and the components therein: paragraphs 175-179, 181, 183-194, 196, and 208-218. The Court has previously allowed Apple to similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

23. Exhibit 10 to the Kolovos Opposition Declaration in an excerpt of the Expert Report of Dan Schonfeld, PhD. Regarding Infringement of U.S. Patent Nos. 5,579,239 and 7,577,757. The portions of Exhibit 10 highlighted in yellow contain or discuss detailed technical information, including source code, regarding the operation of Apple products and the components therein. The Court has previously allowed Apple to seal similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

24. Voice Over Cellular Inventions, LLC (VOCI) maintains a claim of confidentiality over the portions of Exhibit 10 highlighted in blue. VOCI has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 1007.)

25. The portions of Exhibit 10 highlighted pink contain information that may be confidential to Omnivision. Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

26. Exhibit 11 to the Kolovos Opposition Declaration in an excerpt of the Expert Report Paul S. Min, Ph.D. Regarding Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596.

8

Declaration of Peter J. Kolovos
Case No. 12-cv-00630 (LHK)

ActiveUS 121519612v.2

The following portions of Exhibit 11 identified with a yellow box contain or discuss detailed technical information regarding the operation of baseband chipsets used in Apple products: paragraphs 1137, 1139, 1142, 1143, 1145, 1147, 1148. The Court has previously allowed Apple to similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

27. Portions of Exhibit 11 in paragraphs 687, 1137, 1139, 1142, 1143, 1144, 1145, 1147, 1148, 1149 highlighted in blue contain or discuss information that Qualcomm may consider confidential. Apple understands that Qualcomm will file a declaration in support of sealing.

28. Portions of Exhibit 11 in paragraphs 1137, 1143, 1145, 1147, 1148 highlighted in blue contain or discuss information that Intel considers confidential. Intel has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 997.) Apple understands that Intel may file a supplemental declaration in support of sealing.

29. Portions of Exhibit 11 in paragraphs 686, 687, 1138, 1140, 1141 highlighted in blue contain or discuss information that AT&T considers confidential.  AT&T has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 993.)

30. Portions of Exhibit 11 in paragraphs 686, 687, 1138, 1140, 1141 highlighted in blue contain or discuss information that Alcatel-Lucent considers confidential. Alcatel-Lucent has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 991.)

31. Portions of Exhibit 11 in paragraphs 686, 1138 highlighted in blue contain or discuss information that T-Mobile and/or Nokia Solutions and Networks (NSN) considers confidential. NSN has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 995.)

32. Exhibit 14 to the Kolovos Opposition Declaration in an excerpt of the Corrected Expert Report of James A. Storer, Ph.D. Regarding Non-Infringement of the Asserted Claims of U.S. Patent Nos. 5,579,239 and 6,226,449. The portions of Exhibit 14 highlighted in yellow contain or discuss detailed technical information, including source code, regarding the operation of Apple products and the components therein. The Court has previously allowed Apple to similar technical information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight as well as Apple source code).

33. VOCI maintains a claim of confidentiality over the portions of Exhibit 14 highlighted in blue. VOCI has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 1007.)

34. The portions of Exhibit 14 highlighted pink contain information that may be confidential to Omnivision. Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

35. Exhibit 16 to the Kolovos Opposition Declaration in an excerpt of the Expert Report of James A. Storer, Ph.D. Regarding Invalidity of the Asserted Claims of U.S. Patent Nos. 5,579,239 and 6,226,449. VOCI maintains a claim of confidentiality over the portions of Exhibit 16 highlighted in pink. VOCI has previously filed a declaration pursuant to Civil L.R. 97-5(e) when Apple originally filed its Opposition and maintains a claim of confidentiality over this information for the same reasons. (*See* Dkt. No. 1007.)

36. Portions highlighted in yellow of Apple's Reply contain or discuss detailed technical information regarding the structure and/or operation of Apple products and the components therein. The Court has previously granted Apple's requests to seal similar technical information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

37. Exhibit 6 to the Selwyn Reply Declaration in an excerpt of Apple Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Apple (No. 12). The portions of Exhibit 6 highlighted in yellow on page 165 lines 2-6 and 27 and page 166 lines 2-3 contain or discuss detailed technical information regarding the structure and/or operation of Apple products and the components therein. The Court has previously granted Apple's requests to seal similar technical information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

38. The portions of Exhibit 6 highlighted blue contain information that may be confidential to Omnivision. Apple understands that Omnivision may be filing a supplemental declaration in support of sealing this information.

39. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding trade secret information pertaining to the accused Apple products.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 24th day of January, 2014, in Boston, Massachusetts.

1 | Dated: January 24, 2014
2 |                                            */s/ Peter J. Kolovos*
  |                                            Peter J. Kolovos

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 24, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

/s/ Mark. D Selwyn
Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated:  January 24, 2014                /s/ Mark D. Selwyn
                                        Mark D. Selwyn