JOSH KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

HAROLD J. McELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
JACK W. LONDEN (CA SBN 85776)
jlonden@mofo.com
RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
RUTH N. BORENSTEIN (CA SBN 133797)
rborenstein@mofo.com
ERIK J. OLSON (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br>Counterclaim-Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF SAMUEL K. WHITT IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)** |

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

I, Samuel K. Whitt, declare and state as follows:

1.  I am a member of the California State Bar and an associate in the law firm of Gibson, Dunn & Crutcher LLP, counsel for Apple, Inc. ("Apple").  Pursuant to Local Rules 7-11 and 79-5, I submit this Declaration in support of Apple's Motion for Reconsideration of Order Denying Administrative Motions to File Documents Under Seal (D.I. 1127) to confirm that portions of the following documents are confidential and sealable:

- Exhibits 5, 11, and 36 to the Declaration of Joshua Furman supporting Apple's Motion to Strike Arguments from Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents, D.I. 882 ("Furman Declaration"),

- Exhibits P and S to the Declaration of Jennifer Rho supporting Apple's Opposition to Samsung's Motion to Strike Regarding Apple Patents, D.I. 964 ("Rho Declaration"), and

- Exhibit 8 to the Declaration of Michael Fazio supporting Samsung's Motion to Strike Based on Previously Undisclosed Theories, D.I. 880 ("Fazio Declaration") (filed pursuant to Samsung's Motion for Reconsideration of Order Denying Administrative Motions to File Documents Under Seal (D.I. 1127)).

I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them under oath.

2.  Apple hereby seeks to seal portions of exhibits to the Furman Declaration, the Rho Declaration, and the Fazio Declaration.  These documents contain information designated as "Highly Confidential Business Information of Google Inc.," "Highly Confidential Business Information," "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Google's Highly Confidential – Outside Attorneys' Eyes Only – Source Code," "Attorneys' Eyes Only – Contains Source Code," and/or "Attorneys' Eyes Only – Contains Highly Confidential Business Information" by Apple, Defendants and Counterclaim-Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"), and/or third party Google, Inc. ("Google") pursuant to the Protective Order (and its Amendments) entered in this case, or that is otherwise believed to be deemed confidential by these parties.

3.  Where a document references Apple's confidential information, Apple hereby submits that document with Apple's confidential information highlighted in yellow.  Confidential information

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
1    CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn & Crutcher LLP

of Samsung is highlighted in green.  Confidential information of third party Google is highlighted in blue.

**Apple's Confidential Information**

4. Exhibit S to the Rho Declaration and Exhibit 8 to the Fazio Declaration each contains Apple's highly sensitive and non-public source code and related information and therefore should be sealed.

5. Specifically, Exhibit S to the Rho Declaration, which consists of transcript excerpts from the July 12, 2013 deposition of Apple engineer Tom Deniau, provides a specific and detailed discussion of Apple's highly sensitive and proprietary source code for its data detectors functionality, as well as portions of its iOS and OS X software, and how such source code is structured, as well as closely-related technical information regarding its implementation by Apple.

6. Exhibit 8 to the Fazio Declaration contains an excerpt of Apple's written interrogatory responses in which Apple identifies the particular source code files that implement the functionality covered by the asserted claims of its patents in Apple's currently available products and iOS software.  As Apple in-house attorney Cyndi Wheeler explained in her declaration addressing this same body of information when it was contained in Exhibit 11 to the Declaration of Amar Thakur filed in support of Samsung's Motion to Compel Production of Financial Documents and to Enforce the April 12, 2013 Order and Supporting Documents, *see* D.I. 685, this information contained in Exhibit 8 could be used to determine how Apple implements features and functionality of this software, as well as provide a roadmap to replicating the design of such features and functionality.

7. As Ms. Wheeler has explained in declarations filed with this Court, including on March 19, 2013, July 15, 2013, and October 10, 2013, and in addressing the information that is at issue here, Apple considers "information about its source code files to be trade secrets." *See, e.g.*, D.I. 405 at ¶ 10; D.I. 685 at ¶ 10; D.I. 803-02 ¶ 10.  As Ms. Wheeler further explained, Apple provides its source code –and particularly the source code at issue in this motion – with the highest level of protection and security within Apple, and, even within Apple, limits access to such source code to only select groups of authorized Apple employees.  *See, e.g.,* D.I. 405 at ¶¶ 3-7; D.I. 803-02 at ¶¶ 3-7.  Apple

views its source code as highly proprietary, extremely valuable, and one of its most protected assets, investing millions of dollars to develop such source code. *Id.* Public disclosure of this information, which identifies and details the particular functionality, development process, and structure of the source code for particular features and functionality of Apple's iOS and OS X operating systems, as well as provides source code descriptions of data detectors functionality, would be extremely harmful to Apple, at least in part because Apple derives independent economic value from its proprietary and confidential source code, and that value would be diminished by the public disclosure of details about how such source code was implemented. *See id.* ¶¶ 5-6, 9-10.

8. As confirmed by Ms. Wheeler in her March 19, 2013 and July 15, 2013 declarations, Apple has not made its iOS, OS X or data detector source code at issue here public, and the exposure of such source code and source code-related information would cause Apple to lose significant competitive advantage. *See id.* Even in this litigation, in which the production of source code has been required during the fact discovery period, source code has been treated with the utmost confidentiality and additional restrictions regarding its protection were implemented. *Id.* ¶ 7; *see also* D.I. 512 ¶ 11. As Ms. Wheeler explained, the ability to copy and otherwise learn Apple's source code that controls Apple's products – and particularly how and when Apple implements particular features and functionalities of the software and otherwise designed its suites of software – would give Apple's competitors unfair competitive advantage and damage the investment that Apple has made in developing its source code. *Id.* Apple thus goes to significant lengths to protect its source code and prevent its disclosure or copying. D.I. 803-02 ¶ 10.

9. I understand that the information contained in Exhibits S and 8 is of the same or similar type to that which was previously sealed by this Court in Case No. 11-cv-1846, between Apple and Samsung, and that the Court has held that "[c]onfidential source code clearly meets the definition of a trade secret" and is sealable under the "compelling reasons" standard. *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846 (N.D. Cal.), Dkt. No. 2190 at 3 (Dec. 10, 2012), Dkt. No. 2046 at 3 (Oct. 16, 2012), Dkt. No. 1649 at 8 (Aug. 9, 2012) (granting Apple's request to seal source

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING
ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
3           CASE NO. 12-CV-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

code and schematics related to the Apple iBook and iSight) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011).

10. Furthermore, Apple is not seeking to seal the entirety of Exhibits S and 8; rather, Apple is moving to seal only the very limited portions of the documents that contain very specific quotations from, detailed identifications of the structure of, detailed descriptions of the operation of, and detailed discussion of specific source code from Apple's highly proprietary source code. Apple only seeks to seal the information that is specifically and closely tied to its confidential and proprietary source code. I further understand that the information at issue in Exhibits S and 8 that Apple here seeks to seal is not necessary to understand the issues in the brief, nor the parties' positions regarding Apple's related briefing.

11. The relief requested by Apple is necessary and narrowly tailored to protect confidential information regarding Apple's non-public information in Exhibits S to the Rho Declaration and 8 to the Fazio Declaration. The portions of Exhibits S and 8 that are highlighted in yellow contain sensitive information relating to Apple's source code. This source code information is sealable for the reasons described above.

**Confidential Information of Samsung and Third Parties**

12. In addition to the aforementioned information that Apple requests be filed under seal, Apple further seeks to file under seal certain materials and information that has been designated or otherwise is considered highly confidential by Samsung and Google.

13. Exhibit 5 to the Furman Declaration, which consists of excerpts from the Rebuttal Expert Report of Dr. Kevin Jeffay Concerning Non-Infringement of U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung.

14. Exhibit 11 to the Furman Declaration, which consists of excerpts from the Initial Expert Report of Dr. Todd Mowry Regarding Infringement of U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung.

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
4   CASE NO. 12-CV-00630-LHK (PSG)

15. Exhibit 36 to the Furman Declaration, which consists of excerpts from Samsung's Further Supplemental Responses to Apple's First, Third, and Tenth Sets of Interrogatories, contains information that that has been designated or otherwise is considered highly confidential by Samsung.

16. Exhibit P to the Rho Declaration, which consists of excerpts of Initial Expert Report of Dr. Todd Mowry Regarding Infringement of U.S. Patent No. 5,946,647, contains information that has been designated or otherwise is considered highly confidential by Samsung and Google.

**Meet and Confer**

17. Pursuant to Civil L.R. 7-11, Samsung's counsel met and conferred with Apple's counsel regarding this motion.  Samsung does not oppose Apple's Administrative Motion to File Documents Under Seal as a procedural mechanism for filing portions of the documents at issue under seal. Samsung reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge.

Dated: January 24, 2014

                                            */s/ Samuel K. Whitt*
                                            Samuel K. Whitt

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
5   CASE NO. 12-CV-00630-LHK (PSG)

**ATTESTATION**

I, Mark Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Samuel K. Whitt has concurred in this filing.

Dated: January 24, 2014

/s/ *Mark Selwyn*
Mark Selwyn

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, and its supporting documents, were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon counsel for Google via electronic mail and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: January 24, 2014

/s/ *Mark Selwyn*
Mark Selwyn

Gibson, Dunn & Crutcher LLP

WHITT DECL. IN SUPPORT OF APPLE'S MOTION FOR RECONSIDERATION OF ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL (D.I. 1127)
CASE NO. 12-CV-00630-LHK (PSG)