JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Harold J. McElhinny (CA SBN 66781)
hmcelhinny@mofo.com
Jack W. Londen (CA SBN 85776)
jlonden@mofo.com
Rachel Krevans (CA SBN 116421)
rkrevans@mofo.com
Ruth N. Borenstein (CA SBN 133797)
rborenstein@mofo.com
Erik J. Olson (CA SBN 175815)
ejolson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>         Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>         Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**DECLARATION OF PETER J. KOLOVOS REGARDING SAMSUNG'S MOTION FOR RECONSIDERATION** |

I, Peter J. Kolovos, hereby declare as follows:

1. I am a partner at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the Commonwealth of Massachusetts, and have been admitted *pro hac vice* in this action. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. As set forth in greater detail below, Apple supports sealing portions of the Samsung filings identified below, which contain, discuss, or implicate Apple's confidential information:

I. **Samsung's Motion to Strike (Dkt. 878)**

3. For avoidance of doubt, Apple does not maintain a claim of confidentiality with respect to Samsung's Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions Inconsistent with the Court's Markman Order; Memorandum of Points and Authorities in Support Thereof ("Samsung's Motion to Strike" (Dkt. 878)). However, third parties may maintain a claim of confidentiality with respect to information in Samsung's Motion to Strike.

4. Apple supports sealing Exhibits 6, 8, 10 and 11 to the Declaration of Todd Briggs in support of Samsung's Motion to Strike.

5. Exhibit 6 is comprised of excerpts from the Expert Report of Dr. Thomas E. Fuja Regarding Non-Infringement of U.S. Patent Nos. 7,756,087 and 7,551,596. The following portions of Exhibit 6 denoted in blue contain detailed technical information describing the internal operation of the baseband processors used in the accused Apple products and the source code for those baseband processors: paragraphs 323-27, 329-36, 354, 375, 385, 390, 391, 396-401, 404, 409, 414-17, 419, 423, 444, 466, 468, 471, 472, 476, 477, and 479-82. The Court has previously granted Apple's request to seal source code of the accused products and similar technical information. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group,*

*Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

6. Exhibit 8 is comprised of excerpts from the Corrected Expert Report of James A. Storer, Ph.D. Regarding Non-Infringement of the Asserted Claims of U.S. Patent Nos. 5,579,239 and 6,226,449.  The following portions of Exhibit 8 denoted in yellow contain source code information and/or detailed technical information regarding the accused Apple products: paragraphs 127-155 (including footnotes 9-12), 159-161, 164, 166, 168-223 (including footnote 13), 226, 228, 233, 235, 237-59, 261-91, 294, 296, 331, 337-39, 530, 533-36 (including footnote 31), 540, 542-43, 560, 568, 587, 588, 591 (including footnote 40), 592, 601, 603, 604, 606-12 (including footnote 45), 619-26, 629, 630, 632, 643, 653, 654, 656, 658, 659, 666, 676, 684-89, 692, 694, 695, and 701.  The Court has previously granted Apple's request to seal similar information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (citing *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

7. Exhibit 10 is comprised of excerpts of the Expert Report of Richard Newton Taylor, Ph.D. Regarding Noninfringement of the Asserted Claims of U.S. Patent No. 7,577,757. The following portions of Exhibit 10 denoted in yellow contain detailed technical information regarding the components and configuration for accused Apple products, including information about the location and manner in which data is stored: paragraphs 165, 172, 174, 176, 179, 181, 193, 196, 198, 201, 202, 210, 216, 217, 220, and 222.  Exhibit 10 contains proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal product schematics that contain a similar

1  level of detail regarding the accused Apple products.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics related to the Apple iBook and iSight).

8.  Exhibit 11 is comprised of excerpts from Plaintiff and Counterclaim-Defendant Apple Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories (No. 12).  The following portions of Exhibit 11 denoted in blue contain detailed technical information describing the internal operation of the baseband processors used in the accused Apple products and the source code for those baseband processors: pp. 188-92, 194-201, and 204-05.  The Court has previously granted Apple's request to seal source code of the accused products and similar technical information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (*citing Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011)) (granting Apple's request to seal schematics related to the Apple iBook and iSight and Apple source code).

## II.  Samsung's Opposition to Apple's Motion to Strike (Dkt. 963)

9.  Apple supports sealing portions of Samsung's Opposition to Apple's Motion to Strike Arguments from Samsung's Infringement Reports Regarding Samsung Patents ("Samsung's Opposition" (Dkt. 963)), and Exhibits 2, 7, 8, 9, and 13 to the Declaration of Samuel Drezdon in support of Samsung's Opposition.

10.  The following portion of Samsung's Opposition denoted in yellow contains technical information related to the manner in which data is stored in the accused Apple products and the names of particular data servers: 16:3-4.  The following additional portion of Samsung's Opposition denoted in yellow contains detailed technical information regarding the structure and operation of components used to perform image and video compression in the accused Apple products: 17:7-12.  The following additional portions of Samsung's Opposition denoted in yellow contain detailed technical information regarding the components of the accused products and the operation of those components: 18:5-7, 18:15-16, 18:20, 19:1-2, 19:4-5, 19:8, 19:11,

1   19:13.  The following additional portions of Samsung's Opposition denoted in yellow contain
2   detailed technical information describing the structure and operation of memory in the accused
3   Apple products: 23:13-21 and 23:24.  The following additional portions of Samsung's
4   Opposition denoted in yellow contain detailed technical information describing the structure and
5   operation of the SOC in the accused Apple products: 24:6-7 and 24:9-14.  These portions of
6   Samsung's Opposition contain proprietary Apple information and the public disclosure of this
7   information would be harmful to Apple for similar reasons as stated in the Declaration of Beth
8   Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung*
9   *Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting
10  sealing schematics showing the configuration of Apple's products because detailed information
11  of this kind constitutes trade secret information)).  The Court has previously granted Apple's
12  request to seal similar information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*,
13  Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal
14  schematics and source code related to the Apple iBook and Apple iSight).

15          11.     Exhibit 2 is an excerpt of Apple Inc.'s Further Supplemental Objections and
16  Responses to Samsung's First Set of Interrogatories to Apple (No. 12).  The following portions
17  of Exhibit 2 denoted in yellow contain detailed, technical descriptions of the functionality of
18  Apple's accused products related to the manner in which data is stored in the accused products:
19  171:13-26 and 176:10-11.  These portions contain proprietary Apple information and the public
20  disclosure of this information would be harmful to Apple for similar reasons as stated in the
21  Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc.*
22  *v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3)
23  (supporting sealing schematics showing the configuration of Apple's products because detailed
24  information of this kind constitutes trade secret information)).  The Court has previously granted
25  Apple's request to seal similar information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co.,*
26  *Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to
27  seal schematics and source code related to the Apple iBook and Apple iSight).

28

12. Exhibit 7 is an excerpt of a July 22, 2013 email from Amar Thakur to Rod Stone and Peter Kolovos regarding "Revised Samsung's response re Resolution of Discovery Issues." Exhibit 8 to the Drezdzon Declaration is an excerpt of an August 1, 2013 letter from Peter Kolovos to Amar Thakur. The portions of Exhibits 7 and 8 denoted in yellow contain detailed technical information relating to the components of the accused products, the operation of those components, and the identity of suppliers for specific components. In particular, Exhibits 7 and 8 include confidential information regarding the identity of the specific audio codecs used in the accused Apple products. This is proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal similar information. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics and source code related to the Apple iBook and Apple iSight).

13. Exhibit 9 is an excerpt of the June 26, 2013 deposition of Tim Millet. The following portions of Exhibit 9 denoted in yellow contain detailed technical information relating to the components of the accused products and the operation of those components: 7:2, 7:4, and 7:19-25. In particular, these portions relate to confidential information regarding the design and use of the processors used in the accused Apple products. Those portions of Exhibit 9 contain proprietary Apple information and the public disclosure of this information would be harmful to Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the configuration of Apple's products because detailed information of this kind constitutes trade secret information)). The Court has previously granted Apple's request to seal similar

1  information.  *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846
2  (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics and source code
3  related to the Apple iBook and Apple iSight).

4      14. Exhibit 13 is an excerpt of the Report of Dan Schonfeld, PhD. Regarding
5  Infringement of U.S. Patent Nos. 5,579,329 and 7,577,757.  The following portions of Exhibit 13
6  denoted in yellow contain detailed market research information regarding customer use of the
7  accused Apple products: paragraphs 2162, 2165, 2174, 2177, 2187, 2193, 2199, 2203, 2207,
8  2212, 2216, and 2220.  These portions of Exhibit 13 contain proprietary Apple information and
9  the public disclosure of this information would be harmful to Apple for similar reasons as stated
10 in the Declaration of Greg Joswiak in Support of Apple's Motion to Seal Trial Exhibits (*Apple
11 Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1496)
12 (supporting sealing market research documents describing buyer survey responses regarding
13 Apple's products because detailed information of this kind is extremely valuable and shows how
14 customer preferences have evolved)).  The Federal Circuit has previously approved of Apple's
15 request to seal market research documents that contain a similar level of detail regarding the
16 accused Apple products.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case Nos.
17 2012-1600, 2012-1606, 2013-1146, 2013 WL 4487610, at *10-12 (Fed. Cir. Aug. 23, 2013)
18 (approving the sealing of marketing documents).

19     15. The following portions of Exhibit 13 denoted in yellow also contain detailed
20 technical information regarding the accused functionality and information discussing the manner
21 in which data is stored in the accused Apple products, including the names of particular data
22 servers: paragraphs 1867, 1869, 1870, 1878, 1879, 1898, 1900, 1901, 1988-94, 2010, 2011,
23 2013, 2017, 2018, 2164, 2165, 2175, 2177, and 2212.  These portions of Exhibit 13 contain
24 proprietary Apple information and the public disclosure of this information would be harmful to
25 Apple for similar reasons as stated in the Declaration of Beth Kellermann in Support of Apple's
26 Motion to Seal Trial Exhibits (*Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-
27 cv-01846 (N.D. Cal.) (Dkt. No. 1504 at 3) (supporting sealing schematics showing the
28

configuration of Apple's products because detailed information of this kind constitutes trade secret information)).  The Court has previously granted Apple's request to seal similar information.  *See, e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 11-cv-01846 (N.D. Cal.) (Dkt. No. 1649 at 8) (granting Apple's request to seal schematics and source code related to the Apple iBook and Apple iSight).

### III.    Samsung's Reply in Support of Its Motion to Strike (Dkt. 1009)

16.    For avoidance of doubt, Apple does not maintain a claim of confidentiality with respect to Samsung's Reply in Support of Its Motion to Strike Expert Testimony Based on Undisclosed Theories and Claim Constructions (Dkt. 1009).  However, third parties may maintain a claim of confidentiality with respect to information in Samsung's Reply.

* * * * *

17.    The relief requested by Apple is necessary and narrowly tailored to protect confidential Apple information.

I declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge and that this Declaration was executed this 24th day of January, 2014, in Boston, Massachusetts.

Dated:  January 24, 2014              */s/ Peter J. Kolovos*
                                      Peter J. Kolovos

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 24, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

              /s/ Mark D. Selwyn
              Mark D. Selwyn

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45 X.B., I hereby attest that Peter J. Kolovos has concurred in this filing.

Dated: January 24, 2014      */s/ Mark D. Selwyn*
                  Mark D. Selwyn