UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., a California corporation, | Case No.: 12-CV-00630-LHK |
| Plaintiff and Counterdefendant, | ORDER DENYING MICROSOFT'S MOTION TO FILE ALL MICROSOFT DOCUMENTS UNDER SEAL |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, | |
| Defendants and Counterclaimants. | |

When a party seeks to file under seal in this Court information designated by a third party as confidential, the Court's local rules require the third party to submit a declaration "establishing that the document sought to be filed under seal, or portion thereof, are sealable." L.R. 79-5(d). Third-party Microsoft Corporation ("Microsoft") seeks an order confirming in advance of the filing of any particular document that certain information produced by Microsoft in this litigation is highly confidential and sealable under the protective order and that all future court filings by the parties that somehow disclose such Microsoft-produced information may be sealed without a supporting declaration from Microsoft. The relief Microsoft seeks is contrary to the Local Rules of

this Court and the law of this Circuit. Accordingly, the Court DENIES Microsoft's request for a comprehensive sealing order.

This Court's local rules require a specific court order for each "particular document, or portions thereof" sought to be filed under seal. In particular, the relevant subsection of the local rules states as follows:

> Except as provided in Civil L.R. 79-5(c),[1] no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of *the particular document, or portions thereof*. A sealing order may issue *only* upon a request that establishes that *the document, or portions thereof*, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be *narrowly tailored* to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d).

L.R. 79-5(b) (emphases added). The reason for the requirement that a request to seal be "narrowly tailored" and tied to a "particular document, or portions thereof," is straightforward. The Court's decision to maintain information under seal is highly context specific. In particular, although only "good cause" must be shown when a sealing request relates to a non-dispositive motion, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010), a request to file information under seal in connection with a dispositive motion must be justified by "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). Moreover, the Federal Circuit has indicated that this Court need not require as strong a showing when seeking to seal information not "essential to the district court's rulings." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013).

Microsoft's request for a comprehensive sealing order ignores this Court's responsibility to make these context-specific sealing rulings. Further exemplifying the problem with its abstract request, Microsoft has provided only a list of bates numbers that identify the documents containing information that Microsoft seeks to have sealed, not the copies of the documents themselves. Without the ability to review the allegedly sealable information contained in those documents, the

---

[1] L.R. 79-5(c) allows for the unredacted version of a document sought to be sealed to be filed under seal before a sealing order is obtained.

Court cannot begin to evaluate Microsoft's request for a comprehensive sealing order. Yet, even had Microsoft submitted these documents for the Court to review, the Court could not likely evaluate in the abstract whether the information in those documents should be sealed for every future filing in this case.

Microsoft complains that it "should not be required to jump to justify the sealing of its information upon every activity in a case in which it has no part." Mot. at 2. Although Microsoft's concern is understandable, Microsoft's desire to avoid the need to respond to multiple sealing requests does not trump this Court's duty to ensure that it narrowly tailors any impingement of the public's right to access. Microsoft has other means of relieving its burden that would still allow the Court to evaluate individual sealing requests. Microsoft may seek an extension of time to respond to any particular filing. *See* L.R. 79-5(e)(2) (allowing the Court to delay the public docketing of a document upon a showing of good cause). In addition, the sensitive Microsoft information likely will not be sufficiently diverse across filings to require Microsoft to reinvent the wheel with every sealing declaration it submits.

For the foregoing reasons, Microsoft's motion to place under seal all confidential documents discovered from Microsoft by subpoena without the need for repeated confirming declarations is DENIED.

**IT IS SO ORDERED.**

Dated: January 27, 2014

_____
LUCY H. KOH
United States District Judge