QUINN EMANUEL URQUHART & SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK<br><br>**DECLARATION OF MICHAEL L. FAZIO IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (OPENING EXPERT REPORT OF CHRISTOPHER A. VELLTURO, PH.D.) (DKT. NO. 1156)** |

I, Michael L. Fazio, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. Pursuant to Local Rules 7-11 and 79-5, I make this declaration in support of Apple's Administrative Motion to File Documents Under Seal the Opening Expert Report of Christopher A. Vellturo, Ph.D. dated August 12, 2013. (Dkt. No. 1156.)

3. Counsel for Samsung met and conferred with counsel for Apple to prepare a highlighted version of the Vellturo Expert Report. Samsung maintains a claim of confidentiality over all portions highlighted in green in Apple's filing.

4. The green highlighted sections of the Vellturo Report contain: (1) calculations that reveal Samsung's sales data; (2) details about Samsung's internal accounting categorizations; (3) proprietary survey data, including third-party survey data that Samsung purchased under a confidentiality agreement; (4) calculations that reflect Samsung's per-unit profit margin and pricing data; (5) information that reveals Samsung's licenses with third parties; (6) Samsung's licensing policies; (7) descriptions of the function and operation of Samsung code; (8) details of Samsung work-around efforts and time to market; and (8) detailed descriptions of internal Samsung deliberations regarding product development and/or marketing efforts.

5. I incorporate by reference the previously filed declarations of Daniel W. Shim, Senior Legal Counsel at Samsung Electronics Co., Ltd., in support of the previously filed administrative motions to file under seal that establish that the type of information included in the Vellturo Expert Report is sealable. (*See* Dkts. 810 (re: Samsung MSJ, and Motion to Enforce), 852 (re: Samsung's Reply In Support of Their Motion to Enforce) (providing compelling reasons why various categories of Samsung-confidential information should be filed under seal).) Apple's Administrative Motion to File Under Seal should be granted, at least, with respect to the portions

of the Vellturo Expert Report that include Samsung's confidential information for the reasons stated in the Shim declarations.

6. As this Court has previously found, detailed descriptions of code is likely to cause Samsung harm as competitors could use the information to copy the features found on Samsung's products.

7. I am informed and believe that Samsung considers the product-specific financial data included in these documents to be highly confidential, including detailed information about profits, and profit margins on various Samsung products. Samsung does not report the type of product-specific revenue, profit or margin data included in these documents to investors, regulatory bodies, the press, or business analysts. This type of information is highly confidential to Samsung and Samsung takes extraordinary steps to maintain the secrecy of the information. Even within Samsung's finance and accounting groups, such data can only be accessed by certain personnel on a restricted, need-to-know basis. This type of data guides Samsung's pricing, distribution, financial planning, and other business decisions.

8. Samsung's financial data was produced in this case to Apple's outside counsel and experts for the sole purpose of calculating supposed damages and were marked "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

9. I am informed and believe Samsung considers the product-specific profit data at issue here far more sensitive and confidential than company-wide financial statements because they can be used to determine the lowest price at which Samsung can profitably sell its products. Armed with that information, a competitor could charge a lower price in an effort to gain market share. Competitors could also use knowledge of Samsung's highest- and lowest-performing product lines to target marketing and advertising efforts.

10. I am informed and believe suppliers could use the same information as leverage to negotiate higher prices for components, and carrier and retail partners would be able to leverage knowledge of Samsung's margins to negotiate lower prices for Samsung's smart phone and tablet products.

11. I am informed and believe Samsung considers its internal cost accounting categorizations highly confidential. Samsung takes extraordinary steps to maintain the secrecy of the information; only a limited set of personnel within Samsung's finance and accounting groups know how Samsung develops its internal cost accounting categories.

12. In conjunction with the product-specific cost, profit, and profit margin data disclosed publicly during this litigation, an understanding of Samsung's internal cost accounting categorizations can be used to obtain a more granular understanding of the costs and expenses that drive the profit margins on the accused products. Suppliers and business partners may use that information to Samsung's disadvantage during negotiations.

13. I am informed and believe that information about Samsung's internal product development processes and design-around times are likewise highly confidential because competitors could use the information to estimate Samsung's development time frames and release dates. Competitors could then try to beat Samsung to the market, removing any first-mover advantage Samsung may otherwise enjoy.

14. I am informed and believe that information about Samsung's licensing agreements with third parties is highly confidential because Samsung frequently negotiates licensing agreements and counterparties could use information about Samsung's existing agreements to Samsung's disadvantage during negotiations.

15. I am informed and believe that information about Samsung's deliberations regarding product development and marketing is highly confidential as the disclosure of this information could allow competitors to discover what Samsung considers important functions and features of its phones and tablets, removing any first-mover advantage Samsung may otherwise enjoy regarding those features or providing them with a competitive advantage regarding those development efforts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 27, 2014, at Los Angeles, California.

*/s/ Michael L. Fazio*
Michael L. Fazio