1 | PERKINS COIE LLP
Christopher L. Kelley, CSB No. 166608
2 | CKelley@perkinscoie.com
3150 Porter Drive
3 | Palo Alto, CA  94304
Telephone:  650.838.4300
4 | Facsimile:   650.838.4350

5 | Attorneys for Non-Party
INTEL CORPORATION
6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN JOSE DIVISION

11

12 | APPLE INC.,                                    Case No. 12-cv-00630-LHK (PSG)

13 |              Plaintiff,

14 |       v.                                       **NON-PARTY INTEL'S ADDITIONAL
                                                    DECLARATION IN SUPPORT OF
15 | SAMSUNG ELECTRONICS CO., LTD.,                 SEALING OF PASSAGES FROM
     a Korean corporation; SAMSUNG                  EXHIBIT 6 OF BRIGGS DECLARATION**
16 | ELECTRONICS AMERICA, INC., a New
     York corporation; and SAMSUNG
17 | TELECOMMUNICATIONS AMERICA,
     LLC, a Delaware limited liability company,
18
                Defendants.
19

On January 28, Intel filed a declaration (Dkt. #1196) in support of Samsung's Motion for Reconsideration of the Court's January 9, 2014 Order Regarding Motions to Seal (Dkts. #1169 and 1170), asking the Court to seal passages from Exhibit 6 (Dkt. #878-11) and Exhibit 11 (Dkt. #878-18) to the Declaration of Todd Briggs in Support of Samsung's Motion to Strike be sealed because they contain confidential engineering information proprietary to Intel that is entitled to protection from disclosure under Fed. R. Civ. P. 26(c).

Intel's initial declaration (Dkt. #1196) was based on an initial set of passages identified to Intel by Samsung as containing information that Intel might regard as confidential and wish to have sealed. Subsequently a second set of passages containing confidential information was identified to Intel. This declaration is filed in support of sealing of those second set of passages, which are found in paragraphs 354 (p. 112), paragraphs 466 - 468 and 471-472 (pp. 152-154) and paragraph 480 (p. 157) of Exhibit 6 (Dkt. #878-11). The material in these paragraphs contains a description of the manner in which Intel's baseband modems construct MAC-e PDUs. While the content of the MAC-e PDUs is prescribed by the standard, the particular method by which they are constructed is an implementation feature that is specific to each modem manufacturer. Intel's particular implementation is a proprietary trade secret of value to Intel. Intel has good cause to request that the design details of its implementation be kept under seal.

Under Fed. R. Civ. P. 26(c), evidence filed in support of non-dispositive motions should be sealed when there is "good cause." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts in this circuit have often found that a party's interest in securing non-public engineering designs and other proprietary trade secrets constitutes not only "good cause" for sealing court records, *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11–CV–05973 PSG, 2013 WL 1366046, at 1 (N.D. Cal. Apr. 3, 2013), but also "compelling reason" when that heightened standard has been applied in the context of evidence attached to dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling reason may be found in avoiding release of trade secrets); *Network Appliance, Inc. v. Sun Microsys., Inc.,* Case No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (compelling reason to seal documents containing source code [at *5], detailed descriptions of

source code [*5] and other "proprietary technical information" [at *2]); *Dish Network, LLC v. Sonicview USA, Inc.*, Case No. 09CV1553-L(NLS), 2009 WL 2579052, at *1 (S.D. Cal. Aug. 20, 2009); *Upek, Inc. v. Authentec, Inc.*, Case No. C 10-00424 JF, 2010 WL 1980189, at *4 (N.D. Cal. May 17, 2010). This Court has previously found compelling reason to seal technical information pertaining to Intel software design in the litigation between Apple and Samsung tried last year. See *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 (LHK), Order Granting-in-Part and Denying-in-Part Motions to Seal (Dkt. #1649) at 26-28 (N.D. Cal. Aug. 9, 2012) and Order re: Intel's Request for Clarification (Dkt. #1959) at 2-3 (N.D. Cal. Sept. 7, 2012).

The exhibits that are the subject of this motion identify how various wireless functions are implemented in Intel's modem software. Intel derives significant commercial value from the software. Hausner Decl. at ¶¶ 6-7. Part of the commercial advantage conferred by the software results from the manner in which the software is designed and organized. Hausner Decl. at ¶ 7. Intel can reasonably anticipate that disclosure of the details of its modem implementation described in the identified passages from Exhibit 6 (Dkt. #878-11) could cause Intel significant commercial harm. Intel's interest in avoiding that harm is more than sufficient to meet the good cause standard for sealing this information.

Intel's request is narrowly tailored. Civil L.R. 79-5(a). Exhibit 6 was filed by Samsung as part of a procedural motion to strike specific expert testimony. This is not a dispositive motion, and, furthermore, the motion has been denied by the Court. The public does not need access to highly confidential engineering documents describing Intel's proprietary modem technology in order to understand the nature of Samsung's motion to strike.

Intel respectfully requests that the Court seal the requested portions of Exhibits 6 (Dkt. #878-11) and 11 (Dkt. #878-18) to Todd Briggs' Declaration in Support of Samsung's Motion to Strike identified in this declaration **and also** the passages identified in the earlier declaration filed at Docket # 1196.  Good case for this request has been demonstrated in the evidence from Dr. Hausner that Intel will be significantly harmed if it cannot maintain its trade secrets and if its

1  competitors have free access to the fruits of Intel's R&D investment.

2
3       Dated: January 29, 2014                    Respectfully submitted,

4
                                                   By:    */s/ Christopher L. Kelley*
5                                                         Christopher L. Kelley

6                                                  *Counsel for Non-Party Intel Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 29, 2014, a true and correct copy of the foregoing was served on the parties via electronic mail pursuant to Civil Local Rule 5-1(h).

                                        */s/ Christopher L. Kelley*
                                         Christopher L. Kelley

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 12-cv-00630-LHK (PSG) <br><br> **DECLARATION OF JOSEF HAUSNER, Prof. Dr.-Ing.** |

I, Josef Hausner, declare as follows:

1. I am employed by Intel Mobile Communications GmbH ("IMC") at Neubiberg, Germany. IMC is a wholly owned subsidiary of Intel, Corp. ("Intel"). My title is Division Vice President, and I am responsible for wireless architecture in IMC's Wireless System Engineering group. I received an Dipl.-Ing. (Diploma of Engineering) degree from Technical University of Munich, in 1986 and a Dr.-Ing. (Doctor of Engineering) degree from Technical University of Munich, in 1991. I began working at the Wireless Solutions business unit at Infineon Technologies AG ("Infineon") in 2006. In 2011, Intel acquired Infineon Technologies AG Wireless Solutions

(WLS) business, which became known as IMC.

2. I am informed that in the above-named lawsuit, Samsung or Apple may wish to use Intel confidential information, including source code and documents. In particular, I am informed that Samsung and Apple may refer to exhibits that include Intel firmware and protocol stack software in the presentation of their case. Intel's firmware is a type of software that is designed to control the operation of Intel's modem hardware and to implement various protocol functions in the modem. Intel does not typically provide the source code for its firmware to customers but instead provides it only in binary executable form. Intel maintains its firmware source-code on internal servers and implements network access security measures to prevent unauthorized access to this code.

3. Intel does not disclose the design of its firmware to its customers or the public. While Intel provides some technical documentation to its customers, these documents are disclosed only after the customer has signed a non-disclosure agreement (NDA). In addition, the type of documentation that Intel provides to its customers discloses only enough information to configure and use the Intel products. It does not detail the firmware or circuitry implementation.

4. Intel also takes appropriate precautions when it deliveries firmware to its customers. Intel only delivers precompiled firmware binaries and header files to most of its customers. The precompiled firmware binaries are embedded into the modem software image before they are delivered as a release to the customers. Most of Intel's customers cannot modify or recreate the firmware binaries themselves. Intel employs network security measures to prevent unauthorized access to the computer systems where the source code is stored. When Intel needs to share portions of its firmware source code with a customer, Intel provides the source code only after the customer signs an NDA protecting the confidentiality of the source code.

5. Intel's protocol stack software implements modem functions that interact with the firmware and hardware and allow the modem to implement the many protocols required to operate successfully on modern 3G and 4G wireless networks. Intel maintains the protocol stack software on secure servers and implements network access security measures to prevent unauthorized access. Before IMC makes any protocol stack software available to customers it

requires those customers to enter a license agreement that requires them to secure the code and take measures designed to prevent public release of uncompiled versions of the protocol stack software. Customers are allowed to use Intel's protocol stack software only with Intel's modem hardware products.

6. IMC's firmware and protocol stack software is extremely valuable to Intel because it represents a significant investment and contains numerous trade secrets that provide a competitive advantage to Intel. Purchasers of modem integrated circuits 3G and 4G for mobile devices expect the manufacturer to provide firmware and protocol stack software with these integrated circuits. Intel would be seriously harmed if potential competitors could shortcut their product development efforts by basing their work on Intel's source code designs.

7. Intel's firmware and protocol stack software also provides it with a competitive advantage. The 3GPP standards, which are publicly available, generally describe how mobile devices behave when interoperating with a wireless network. But the standards do not always specify how that behavior must be implemented; so each manufacturer generally creates a unique implementation using its trade secrets to optimize certain performance aspects. For example, a firmware or software implementation could optimize speed over power consumption, or vice-versa. Given the numerous trade secrets embedded in IMC's firmware and protocol stack software, public disclosure of IMC's design would permit competitors to copy it, along with the key features that give Intel a competitive advantage.

8. Intel does not disclose the design of its firmware or protocol stack software to the public. While Intel provides some technical documentation to its customers, these documents are disclosed only after the customer has signed a non-disclosure agreement (NDA). In addition, the type of documentation that Intel provides to its customers discloses only enough information to configure and use the Intel products. It does not detail the firmware or circuitry implementation.

//
//
//
//

I have personal knowledge of the facts set forth in this declaration and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Neubiberg, Germany on May 5, 2013.

_____
Josef Hausner