JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ARGUMENTS FROM SAMSUNG'S INVALIDITY AND NON-INFRINGEMENT EXPERT REPORTS REGARDING APPLE PATENTS**<br><br>Date:    December 10, 2013<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>       Counterclaim-Plaintiffs,<br><br>    v.<br><br>APPLE INC., a California corporation,<br><br>       Counterclaim-Defendant. | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – SOURCE CODE - ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – THIRD PARTY SOURCE CODE – ATTORNEYS' EYES ONLY**<br><br>   **REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT at 10 a.m. on December 10, 2013, Plaintiff and Counterclaim-Defendant Apple Inc. ("Apple") shall and hereby does move the Court pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules to strike certain portions of the expert reports of Jeffrey Chase, Martin Rinard, Kevin Jeffay, Saul Greenberg, and Daniel Wigdor, each of whom has been retained by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung").

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Patent Local Rules, Apple seeks an order striking portions of certain reports submitted by Jeffrey Chase, Martin Rinard, Kevin Jeffay, Saul Greenberg, and Daniel Wigdor, directed at Apple's patents as identified in detail in the accompanying Memorandum of Points and Authorities and Proposed Order.  For the convenience of the Court, Apple has highlighted in pink highlighting the portions of each report that it is moving to strike in Samsung's expert reports that are attached as Exhibits 1-8 to the Declaration of Joshua Furman submitted with this Motion.

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          CASE NO. 12-CV-630-LHK (PSG)

1

**TABLE OF CONTENTS**

2

Page

3

I.    INTRODUCTION ......................................................................................................... 1

II.   BACKGROUND ......................................................................................................... 1

III.  ARGUMENT ............................................................................................................... 2

     A.   New Invalidity Theories First Disclosed in Samsung's Experts' Reports
           Should be Stricken ............................................................................................. 3

          1.   The Court Should Strike Invalidity Theories Disclosed for the First Time
               in Samsung's Opening Expert Reports ....................................................... 3

               a.     The Chase Opening Report regarding the '414 Patent ..................... 3

               b.     The Jeffay Opening Report regarding the '647 Patent ..................... 7

          2.   The Court Should Strike Invalidity Theories Based on Improper
               Demonstration Systems ............................................................................... 10

               a.     The WAIS and AppleSearch "demonstration systems" in the Rinard
                      Opening Report regarding the '959 Patent ...................................... 10

               b.     The Evolution and Windows Mobile "demonstration systems" in the
                      Chase Opening Report regarding the '414 Patent ........................... 11

          3.   The Court Should Strike Invalidity Theories in Samsung's Experts'
               Rebuttal Reports That Were Not Timely Disclosed in Samsung's Experts'
               Opening Reports ......................................................................................... 12

               a.     The Jeffay Rebuttal Report regarding the '647 Patent ................... 13

               b.     The Wigdor Rebuttal Report regarding the '172 Patent ................. 13

               c.     The Rinard Rebuttal Report regarding the '959 Patent ................... 14

               d.     The Chase Rebuttal Report regarding the '414 Patent ................... 15

     B.   The Court Should Strike Samsung's New Non-Infringement Theory in the
           Greenberg Rebuttal Report regarding the '721 Patent ...................................... 16

     C.   The Court Should Strike Samsung's New Non-Infringing Alternative Theory
           That Was Added In The Jeffay Rebuttal Report Regarding the '647 Patent
           Experts' Report But Missing from Samsung's Interrogatory Responses ...................... 17

     D.   The Court Should Strike Samsung's Experts' Reliance In the Rinard Rebuttal
           Report Regarding The '959 Patent On Google Source Code That Neither
           Samsung Nor Google Produced to Apple During Discovery ......................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E.   The Court Should Strike Samsung's Experts' Reliance In The Rinard Rebuttal Report Regarding the '959 Patent On An Undefined and Undisclosed Set Of Google Source Code ...................................................................................................... 19

IV.   CONCLUSION .................................................................................................................. 22

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
  2012 WL 3155574 (N.D. Cal. Aug., 2, 2012) ................................................. 5

*Genentech, Inc. v. The Trustees of the Univ. of Pennsylvania*,
  2012 WL 424985 (N.D. Cal. Feb 9, 2012) (Grewal, J.) ............................... 2, 3

*Zenith Electronics Corp. v. PDI Communications Systems, Inc.*,
  522 F.3d 1348 (Fed. Cir. 2008) ................................................. 15, 16

**Statutes**
35 U.S.C. § 102 ................................................. 9

35 U.S.C. § 103 ................................................. 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Apple respectfully moves to strike portions of Samsung's experts' reports directed to the asserted Apple patents.[1]  Specifically, Apple moves to strike portions in those reports that describe theories that were either not timely disclosed or that rely on information that was not timely produced to Apple during fact discovery.  Absent justification, portions of an expert report that introduce new opinions or rely on information that was not timely produced should be stricken.  The improper matter in these reports falls into five categories:  (1) Samsung's experts issued opinions based on previously undisclosed invalidity theories, (2) Samsung's '721 Patent expert relies on a new non-infringement theory that Samsung failed to disclose during fact discovery, (3) Samsung's '647 Patent expert introduced a new alleged non-infringing alternative disclosed for the first time in his rebuttal report, (4) Samsung's '959 Patent expert relied on versions of Google proprietary source code that were never produced by Google during discovery; and (5) Samsung's '959 Patent expert was provided a hard drive containing Google source code to prepare his report when that hard drive was not produced by Samsung or Google to Apple.

## II.    BACKGROUND

The Court's Scheduling Order and the Local Rules set forth a clear sequence of fact and expert discovery.  Samsung was required to serve Invalidity Contentions and did so on August 10, 2012 ("August 10, 2012 Invalidity Contention") (Ex. 19), followed by four amendments:  December 27, 2012 ("First Amended Invalidity Contentions") (Ex. 21); April 25, 2013 ("Second Amended Invalidity Contentions") (Ex. 22); May 24, 2013 ("Third Amended Invalidity Contentions") (Ex. 23); and June 27, 2013 ("Fourth Amended Invalidity Contentions") (Ex. 24).  In addition, Apple served contention interrogatories on Samsung including Apple's Third Set of Interrogatories to Samsung (Interrogatories No. 24 (non-infringement) and No. 29 (non-infringing alternatives)) (served Aug. 13, 2012).  Samsung served initial responses and then amended these responses several times up until the close of fact discovery on July 15, 2013.  Samsung's Further Supplemental Responses To Apple's

---

[1]   At issue are five Apple Patents: U.S. Patent Nos. 5,946,647 (the "'647 Patent"); 7,761,414 (the "'414 Patent"); 6,847,959 (the "'959 Patent"); 8,074,172 (the "'172 Patent"); and 8,046,721 (the "'721 Patent").

First, Third, And Tenth Sets Of Interrogatories (Interrogatory Nos. 4, 5, 6, 8, 20, 23, 24, 27, 29, 45) (served July 15, 2013).

Turning to expert discovery, the parties' opening reports should have covered all issues on which that party bears the burden of proof; then, the rebuttal reports were to be limited to rebutting issues raised in the opening reports for which the party did not bear the burden of proof.  D.I. 160 at 2.  The parties exchanged opening expert reports on August 13, 2013 and rebuttal expert reports on September 12, 2013.  For the convenience of the Court, a chart showing the technical experts in this case and their respective reports on the five Apple patents is shown below:

| Patent | Samsung's Experts | Apple's Experts |
|--------|-------------------|-----------------|
| '414 | Dr. Jeffrey Chase | Dr. Alex Snoeren |
| '959 | Dr. Martin Rinard | |
| '647 | Dr. Kevin Jeffay | Dr. Todd Mowry |
| '721 | Dr. Saul Greenberg | Dr. Andrew Cockburn |
| '172 | Dr. Daniel Wigdor | |

As discussed in detail below, Samsung's experts included opinions in their reports that were untimely without good cause to do so or otherwise improper.  As the parties move into pre-trial preparation, it is important to clarify what testimony the experts will be permitted to offer and thus, Apple is moving now to have those improper sections stricken to narrow the issues for trial.

## III.    ARGUMENT

When an expert report presents "a new or alternate means by which the jury could find the claim at issue invalid," a party may move to strike that section of the report and preclude reliance on those theories at trial.  *Genentech, Inc. v. The Trustees of the Univ. of Pennsylvania*, 2012 WL 424985 at *2 (N.D. Cal. Feb 9, 2012) (Grewal, J.) (citations omitted).  This is not a *per se* rule, where any new material is automatically stricken.  Rather, the Court will assess whether there is in fact a new theory, rather than an instance where "the challenged report section merely provides an evidentiary example or complementary proof in support" of a previously disclosed theory.  The Court also considers whether the contentions at issue could have been supplemented with the allegedly missing information.  *Id.*  As this Court noted previously, "[a]t a minimum, a key consideration for

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     2     CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**A.    PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING**

**1.    PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART**

**a.    PORTION IS WITHDRAWN WITH PREJUDICE**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

---

[2] **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     4     CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1

2

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

             **b.**      **The Jeffay Opening Report regarding the '647 Patent**

18

Samsung's expert, Dr. Jeffay, asserts that the '647 Patent is invalid under new invalidity

19

theories based on the Sidekick Manual, the MhonArc system/Mosaic system and his own alleged

20

prior work.  Those theories were not disclosed by Samsung during fact discovery as part of its

21

invalidity contentions.   Rather, they were disclosed for the first time in the opening expert report of

22

Dr. Jeffay.  Expert Report Of Dr. Kevin Jeffay Concerning Invalidity Of U.S. Patent No. 5,946,647

23

("Jeffay Rep.").  As Samsung did with Dr. Chase on the '414 Patent, Samsung's expert is attempting

24

to cure clear deficiencies in Samsung's invalidity contentions by adding new theories for the first

25

time in his expert report.  Samsung is not permitted to add new invalidity theories after fact discovery

26

without good cause and it has no such good cause here.

27

*Sidekick*.  For the first time in Dr. Jeffay's expert report, Samsung introduced new invalidity

28

theories based on a document called the "Sidekick Handbook."  Namely, Samsung now contends that

1  (1) the Sidekick Handbook anticipates claims 6 and 9 of the '647 Patent as a printed publication and

2  (2) that the Sidekick Handbook publication anticipates and/or renders other claims obvious by itself

3  under anticipation and obviousness theories.  *See, e.g.*, Jeffay Rep., ¶¶ 349-374, 690-703 and Exhibit

4  2 thereto (Ex. 4).

5        Dr. Jeffay's invalidity theories differ from those presented by Samsung during discovery.

6  During discovery, Samsung was focused on a product and associated software that was sold in

7  various versions under the name Sidekick.  Throughout its invalidity contentions, Samsung

8  contended that claims were invalid based on the Sidekick "system" allegedly being on sale, publicly

9  known and/or in public use.  *See* Samsung's Fourth Amended Invalidity Contentions, Ex. B-3 at 28-

10  29, 31-33 (Ex. 26).  It never once indicated that it believed the Sidekick Handbook was a printed

11  publication that itself was sufficient to anticipate or render obvious any of the asserted claims.

12  Indeed, for claims 6 and 9, Samsung never even mentioned the Sidekick Handbook.  And for the

13  other asserted claims, at most Samsung's invalidity contentions merely mentioned the Handbook as a

14  piece of evidence being used to "describe[] the operation of the Sidekick software program."

15        Samsung has no good cause for modifying its invalidity contentions to add a new printed

16  publication theory of invalidity based on the Sidekick.  It clearly was aware of the Sidekick

17  Handbook.  Yet, with discovery over, Apple has no mechanism to take any additional discovery

18  related to the Sidekick Handbook and whether it truly qualifies as a printed publication.  The

19  prejudice here is clear and Samsung should not be permitted to refer to or rely on these new theories.

20        ***MhonArc system/Mosaic system***.  Dr. Jeffay introduces another new invalidity theory for the

21  first time in his invalidity report based on what he calls the "MHonArc system/Mosaic system."

22  Specifically, Samsung now contends that there was a single solitary system it calls "MHonArc

23  system/Mosaic system" on which it bases a new anticipation argument.  *See, e.g.*, Jeffay Rep., ¶¶

24  375-441, 717-732 and Exhibit 4 thereto (Ex. 4).  Yet, Samsung never contended in its invalidity

25  contentions that the MHonArc and Mosaic were part of the same single system.  Instead, during fact

26  discovery, Samsung's invalidity contentions assert that (1) the "Mosaic System" alone anticipates the

27  asserted claims under 35 U.S.C. § 102 and (2) that the "Mosaic System" renders the claims obvious

28  under § 103 "alone and/or in combination with one or more of the following references that describe

the MHonArc System."  Samsung's Fourth Amended Invalidity Contentions, Ex. B-1 at 1-2 (Ex. 25).

Indeed, by arguing that it would have been obvious to modify the Mosaic System to combine it with

the MHonArc System, Samsung recognized that those two systems are distinct – not a single solidary

anticipatory system.

Again, Samsung has no excuse as to why it did not include this theory in its original invalidity

contentions or any of its numerous supplements.  Samsung obtained discovery about the MHonArc

program from its alleged author, Earl Hood (who was represented by Samsung's counsel), and then

amended its invalidity contentions to include information it obtained from Mr. Hood.  *See* Samsung's

Fourth Amended Invalidity Contentions, Ex. B-1 at 1-2 (Ex. 25).  Yet Samsung still did not assert

that Mosaic and MHonArc were part of the same system. *Id.*  Specifically, on May 21, 2012,

Samsung amended its invalidity contentions to identify Mr. Hood as having relevant information on

the Mosaic system, yet did not assert that the "Mosaic System/MHonArc System" is a single

invalidating "system."  Nor did it attempt to do so the two additional times it amended its

contentions.  As a result, these new theories introduced late without justification should be stricken.

***Jeffay Alleged Prior Art***.  Dr. Jeffay does not stop with adding new invalidity theories for

Sidekick and MHonarc/Mosaic.  Indeed, Dr. Jeffay provides several pages of description of various

examples of systems that Dr. Jeffay contends to have personally written or been aware of prior to the

filing date of the '647 Patent ("collectively "Jeffay Alleged Prior Art").  For example, Dr. Jeffay

purports to describe "programs [he wrote] to automate [his] processing of email using the freely

available MH ("Message Handling") email software from the Rand Corporation, and standard Unix

tools" as an "example of detecting structures and automatically performing actions on detected

structures in email disclosed in the '647 patent."  Jeffay Rep., ¶¶ 175-182 (Ex. 4).  Dr. Jeffay also

discusses an alleged "simple system [he] built to automate processing of USENET messages posted

to news groups" as a purported "second example of detecting structures in documents and

automatically performing processing on the detected structures." *Id.* ¶¶ 183-187.  Finally, Dr. Jeffay

describes a "demonstration" he anticipates performing at trial "illustrating how well-known, off-the-

shelf tools from the 1980s, including at least the Unix tools csh, sed, awk, grep, tee, more, cat, and vi,

[none of which were properly disclosed in Samsung's Invalidity Contentions] could be used to create

a system for detecting structures in documents, and performing actions on the detected structures." *Id.* ¶¶ 204-209.  Dr. Jeffay even purports to include source code he wrote this year specifically for his report.  *Id.*  None of these examples were ever disclosed by Samsung in its invalidity contentions.

These so-called "examples" disregard this Court's requirement to disclose invalidity theories during discovery.  Had Samsung wished to assert these so-called "systems" in its invalidity case, it should have produced evidence of them during discovery, disclosed them in its invalidity contentions and properly charted where each claim element was allegedly disclosed.  It did not do so (likely because it has no actual evidence for any of these "examples"), and cannot do so now under the guise of the "state of the art" with uncorroborated and conclusory statements by its expert.

                              *                    *                         *

Dr. Jeffay's attempts to cure Samsung's invalidity deficiencies by introducing new invalidity theories should be stricken.  Samsung has no excuse for its failure to timely disclose these theories in its invalidity contentions.

### 2.    PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE

#### a.    PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056

---

[5] **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

       3.       **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

---

[8] **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn &
Crutcher LLP

1  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES,**
2  **AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN**
   **MOTIONS TO STRIKE, DKT. 1056**
3

4

5          a.      **PORTION IS WITHDRAWN WITH PREJUDICE BY**
6                  **AGREEMENT OF THE PARTIES, AS INDICATED**
                   **IN THE JOINT CHART IDENTIFYING REMAINING**
7                  **ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

8

9

10

11

12

13

14

15

16

17         b.      **PORTION IS WITHDRAWN WITH PREJUDICE BY**
18                 **AGREEMENT OF THE PARTIES, AS INDICATED**
                   **IN THE JOINT CHART IDENTIFYING REMAINING**
19                 **ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE        13        CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

        c.      **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1    **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS**
2    **INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO**
     **STRIKE, DKT. 1056**

3

4

5

6

7

8

9

10

11

12

13

14          d.       **PORTION IS WITHDRAWN WITH PREJUDICE BY**
15                   **AGREEMENT OF THE PARTIES, AS INDICATED**
                     **IN THE JOINT CHART IDENTIFYING REMAINING**
16                   **ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE       15       CASE NO. 12-CV-630-LHK (PSG)

**B.** **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1    **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE**
2    **PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING**
     **ISSUES IN MOTIONS TO STRIKE, DKT. 1056**
3

4

5

6

7

8

9

10   **C.    The Court Should Strike Samsung's New Non-Infringing Alternative Theory That Was**
            **Added In The Jeffay Rebuttal Report Regarding the '647 Patent Experts' Report But**
11          **Missing from Samsung's Interrogatory Responses**

12          In his rebuttal report, Dr. Jeffay describes a purported "design around" or non-infringing

13   alternative that was not disclosed in Samsung's interrogatory responses. *See* Jeffay Reb. Rep., ¶¶

14   119, 124, 487, 492-493 (Ex. 5).  Specifically, in Dr. Jeffay's rebuttal report he purports to identify a

15   new "design around" for the analyzer server limitation mentioned by the court in the *Apple v.*

16   *Motorola* litigation; specifically, he alleges that Samsung could avoid infringement of the '647 Patent

17   by "creating copies of the code that performs structure detection and linking for each particular

18   program rather than by using a common-code module for all programs." *Id.*  Yet, that alleged non-

19   infringing alternative was not disclosed to Apple during discovery despite Apple requesting Samsung

20   to disclose all non-infringing alternatives on which it intended to rely.  Apple's Interrogatory No. 29

21   asked Samsung to "explain in detail each design around and/or alleged alternative technology or

22   method that can be used as an alternative to the patented technology."  Samsung served an original

23   response and two supplemental responses to this interrogatory, identifying at least seven purported

24   non-infringing alternatives to the '647 Patent and this new theory was never disclosed. *See*

25   Samsung's Supplemental Responses to Interrogatory No. 29, at 147-174 (Ex. 36).  Apple's expert,

26   Dr. Mowry, addressed each of these alleged alternatives in his opening report but was not able to

27   respond to this new alleged non-infringing alternative, to Apple's detriment. *See* Initial Expert

28   Report Of Dr. Todd C. Mowry Regarding Infringement Of U.S. Patent No. 5,946,647 ("Mowry

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      17      CASE NO. 12-CV-630-LHK (PSG)

Rep."), ¶¶ 269-288 (Ex. 11).  Samsung has no basis for its belated assertion of this new alleged

design around.  The Motorola court issued its order in June 2012.  Samsung responded to Apple's

Interrogatory No. 29 three separate times, including July 15, 2013, over a year after the Motorola

court's order.  But Samsung never mentioned this alternative in any of its responses.  Samsung

cannot now, in expert discovery, assert new arguments it withheld from its interrogatory responses.

**D.**     **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

---

[9] **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          18          CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**E.**      **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      19      CASE NO. 12-CV-630-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1    **PORTION IS WITHDRAWN WITH**

2    **IV.      CONCLUSION**

3    **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE**
     **PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING**
4    **REMAINING ISSUES IN MOTIONS TO STRIKE  DKT  1056**

5

6    Dated: November 5, 2013                    GIBSON, DUNN & CRUTCHER LLP

7                                              By:   /s/      *H. Mark Lyon*
8                                                    ***Attorney for Apple Inc.***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     22     CASE NO. 12-CV-630-LHK (PSG)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 5, 2013                              */s/   H. Mark Lyon*

Gibson, Dunn &
Crutcher LLP

APPLE'S MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          CASE NO. 12-CV-630-LHK (PSG)