REDACTED VERSION OF DOCUMENT SOUGHT TO BE
FILED UNDER SEAL

# EXHIBIT 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

1

2

3   APPLE INC., a California corporation,

4             Plaintiff,

5         vs.

6   SAMSUNG ELECTRONICS CO., LTD., a        CASE NO. 12-cv-00630-LHK
    Korean corporation; SAMSUNG
7   ELECTRONICS AMERICA, INC., a New
    York corporation; SAMSUNG
8   TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,
9
10            Defendants.

11

12   **REBUTTAL EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING**
     **NONINFRINGEMENT OF U.S. PATENT NO. 5,946,647**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      INTRODUCTION..................................................................................................... 1

II.     SUMMARY OF OPINIONS ..................................................................................... 2

III.    BASES FOR OPINIONS ........................................................................................... 3

        A.      Qualifications ................................................................................................ 3

        B.      Materials Considered..................................................................................... 5

        C.      Level of Ordinary Skill in the Art ................................................................ 5

IV.     LEGAL STANDARDS ............................................................................................. 6

        A.      Infringement .................................................................................................. 6

        B.      Doctrine of Equivalents ................................................................................ 7

        C.      Prosecution History Estoppel ....................................................................... 7

        D.      Indirect Infringement.................................................................................... 8

        E.      Indefiniteness ................................................................................................ 8

V.      THE '647 PATENT ................................................................................................... 9

        A.      Disclosure of the Claimed Invention............................................................ 9

                1.      Abstract ............................................................................................... 9

                2.      Background of the Invention............................................................. 10

                3.      Summary of the Invention................................................................. 11

                4.      Detailed Description of the Preferred Embodiment.......................... 12

        B.      The Asserted Claims ................................................................................... 21

        C.      Summary of the '647 Prosecution History.................................................. 22

                1.      April 23, 1996 Preliminary Amendment.......................................... 22

                2.      January 28, 1998 Office Action ....................................................... 22

                3.      April 28, 1998 Response ................................................................... 22

                4.      August 4, 1998 Office Action .......................................................... 26

                5.      September 23, 1998 Amendment ...................................................... 26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'
EYES ONLY    SOURCE CODE**

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

6.      December 15, 1998 Office Action ...................................................... 26

7.      March 15, 1999 Amendment.............................................................. 26

8.      March 29, 1999 Notice of Allowability ............................................ 30

D.      Reexamination of the '647 Patent ................................................................ 30

1.      December 10, 2010 Office Action .................................................... 31

2.      February 10, 2010 Response ............................................................. 31

3.      June 27, 2011 Office Action ............................................................. 32

4.      August 29, 2011 Response ................................................................ 32

5.      December 16, 2011 Office Action .................................................... 33

6.      February 16, 2012 Response to Final Rejection .............................. 35

7.      June 20, 2013 Board of Patent Appeals and Interferences Decision
        Affirmance ........................................................................................ 36

E.      Apple's Characterization of the Patented Feature is Misleading............................. 38

1.      Prof. Hauser...................................................................................... 38

2.      Dr. Vellturo ...................................................................................... 39

VI.     CLAIM CONSTRUCTION ....................................................................................... 42

A.      "an analyzer server"..................................................................................... 43

B.      "linking actions to the detected structures" ................................................ 44

C.      "an action processor".................................................................................. 46

VII.    TERMS NOT CONSTRUED ..................................................................................... 46

A.      "actions"/"structures" ................................................................................ 46

B.      "fast string search function" ....................................................................... 47

VIII.   OVERVIEW OF THE ACCUSED SAMSUNG PRODUCTS................................... 47

A.      Problems with Apple's Identification of "Representative" Products for Browser ... 48

B.      Problems with Apple's Identification of "Representative" Products for Messenger 53

**HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'
EYES ONLY   SOURCE CODE**

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647



IX.     SAMSUNG ACCUSED PRODUCTS WITH BROWSER DO NOT INFRINGE THE
ASSERTED CLAIMS OF THE '647 PATENT ................................................................ 184

     A.     Samsung Accused Products with Browser Do Not Infringe Claim 1 .................... 184

1.   Browser (Froyo, Gingerbread, and Ice Cream Sandwich) Does Not Satisfy Claim 1 Because Browser Does Not Have "An Analyzer Server for Detecting Structures in the Data and for Linking Actions to Detected Structures" .................................................................................... 185

2.   Browser (Jelly Bean) Does Not Satisfy Claim 1 Because Browser Does Not Have "An Analyzer Server for Detecting Structures in the Data and for Linking Actions to Detected Structures".................................................. 199

3.   Browser (All Versions) Does Not Satisfy the Analyzer Server Limitation Because It Does Not Link Actions to Detected Structures ....................... 213

4.   Browser (All Versions) Does Not Satisfy the User Interface Limitation Because the User Interface Dr. Mowry Accuses Does Not Enable Selection of a "Linked Action" ................................................................ 220

5.   Browser (Jelly Bean) Does Not Satisfy the User Interface Limitation Because the User Interface Does Not Enable Selection of a "Detected Structure.".............................................................................. 223

6.   Browser (All Versions) Does Not Satisfy the Action Processor Limitation as Construed By the Court Because the Routines Dr. Mowry Identifies Does Not "perform the selected action on the detected structure."................... 228

7.   Browser (All Versions) Does Not Satisfy the Limitation Requiring a Memory Storing Information Including Program Routines Because the Claimed Program Routines Do Not Exist on the Accused Devices........... 230

8.   Browser (All Versions) Does Not Satisfy the Limitation Requiring A Processing Unit Coupled to the Input Device, the Output Device, and the Memory for Controlling the Execution of the Program Routines Because the Claimed Program Routines Do Not Exist on the Accused Devices..... 230

B.   Browser (All Versions) Does Not Infringe Claim 4 Because the Analyzer Server Routines Dr. Mowry Identifies Do Not Include Grammars and Browser Does Not Satisfy All of the Limitations of Claim 1 ............................................. 231

C.   Browser (All Versions) Does Not Infringe Claim 6 Because the Analyzer Server Routines Dr. Mowry Identifies Do Not Include a "String Library" and Browser Does Not Satisfy All of the Limitations of Claim 1 ............................... 233

D.   Browser (for Each of the Products In A Subset Identified by Dr. Mowry) Does Not Infringe Claim 8 Because the User Interface Does Not Highlight Detected Structures and Browser Does Not Satisfy All of the Limitations of Claim 1 ........ 235

E.   Browser (All Versions) Does Not Satisfy Claim 9 Because the Pop-Up Menu Does Not Display "Linked Actions" and Browser Does Not Satisfy All of the Limitations of Claim 1 .................................................................. 238

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'
EYES ONLY   SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

F. Indirect Infringement ............................................................................ 239

X. SAMSUNG ACCUSED PRODUCTS WITH MESSENGER DO NOT INFRINGE THE ASSERTED CLAIMS OF THE '647 PATENT ................................................. 242

A. Samsung Accused Products with Messenger Do Not Infringe Claim 1 ............... 242

1. Messenger (All Versions) Does Not Satisfy Claim 1 Because Messenger Does Not Have "An Analyzer Server for Detecting Structures in the Data and for Linking Actions to Detected Structures" ...................................... 242

2. Messenger (All Versions) Does Not Satisfy the Analyzer Server Limitation Because It Does Not Link Actions to Detected Structures ...................... 255

3. Messenger (All Versions) Does Not Satisfy the User Interface Limitation Because the User Interface Dr. Mowry Accuses Does Not Enable Selection of a "Linked Action" ................................................................. 263

4. According to Dr. Mowry, Messenger (By Product) Does Not Satisfy the User Interface Limitation if the User Interface Must Enable the Selection of Multiple Actions ........................................................................ 266

5. Messenger (All Versions) Does Not Satisfy the Action Processor Limitation as Construed By the Court Because the Routines Dr. Mowry Identifies Does Not "perform the selected action on the detected structure." .................... 266

6. Messenger (All Versions) Does Not Contain A Memory Storing Information Including Program Routines Because It Does Not Contain the Claimed Program Routines ...................................................... 269

7. Messenger (All Versions) Does Not Satisfy the Limitation Requiring A Processing Unit Coupled to the Input Device, the Output Device, and the Memory for Controlling the Execution of the Program Routines Because the Claimed Program Routines Do Not Exist on the Accused Devices ..... 269

B. Messenger (All Versions) Does Not Satisfy Claim 4 Because the Analyzer Server Routines Dr. Mowry Identifies Do Not Include Grammars and Messenger Does Not Satisfy All of the Limitations of Claim 1 ...................................... 269

C. Messenger (All Versions) Does Not Satisfy Claim 6 Because the Analyzer Server Routines Dr. Mowry Identifies Do Not Include a "String Library" and Messenger Does Not Satisfy All of the Limitations of Claim 1 ............................. 272

D. Messenger (All Versions) Does Not Satisfy Claim 8 Because the User Interface Does Not Highlight Detected Structures and Messenger Does Not Satisfy All of the Limitations of Claim 1 ........................................................... 273

vi

E.      Messenger (By Product) Does Not Satisfy Claim 9 Because the Pop-Up Menu Does Not Display "Linked Actions" and Messenger Does Not Satisfy All of the Limitations of Claim 1 ........................................................................ 274

F.      Indirect Infringement ............................................................................ 275

XI.     AS DR. MOWRY ACCUSES IT, CLAIM 1 IS A MIXED APPARATUS / METHOD CLAIM AND IS INVALID ............................................................................... 277

XII.    NON-INFRINGING ALTERNATIVES ................................................................ 279

A.      Summary of Non-Infringing Alternatives Based on Available Art ...................... 280

B.      Non-Infringing Alternative: Analyze Text and Provide a Context Menu for Any Text String Selected by the User ............................................................. 284

C.      Non-Infringing Alternative:  Provide a Single Action for a User to Perform ........ 288

D.      Non-Infringing Alternative:  Allow Users to Link Actions to Structures ............. 289

E.      Non-Infringing Alternative:  Detect Only One Type of Information; Allow a User to Perform Gestures on Other, Undetected Information ......................................... 292

F.      Non-Infringing Alternative:  Provide the Same Context Menu of Options Regardless of the Text Selected .............................................................. 293

H.      Non-Infringing Alternative:  Alternative User Interfaces that Do Not Select Detected Structures or Use a Pop-Up ........................................................ 297

XIII.   APPLE'S ALLEGED PRACTICE OF THE '647 PATENT ............................................. 299

XIV.    MISCELLANEOUS COMMENTS ................................................................... 301

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'
EYES ONLY    SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

118.

119.   I also note that Dr. Vellturo did not address Judge Posner's finding regarding the "ease of designing around the patent claims at issue" (including claim 1, from which all claims in this case depend), as I discuss below in paragraph 128. *See Apple v. Motorola*, Case: 1:11-cv-08540, Dkt. # 1038 (06/22/12) at 24.

**VI.**

120.

121.

42

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

122.

**A.**

123.

124.    I note that Judge Posner explicitly found the "ease of designing around the patent claims at issue" (including claim 1, from which all claims in this case depend), based on his construction in that case. *Apple v. Motorola*, Case: 1:11-cv-08540, Dkt. # 1038 (06/22/12) at 24. Judge Posner specifically found that:

43

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

> Given my claim construction of the '647 patent Motorola could design around simply by creating copies of the code that performs structure detection and linking for each particular program rather than by using a common-code module for all programs for without a common code there is no 'analyzer server,' as required by the patent claim.

*Id.*

125.  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

126.

127.

**B.**

128.

129.

44

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

479.

XI.

480.

**HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE**

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**



481.

482

483.

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**XII.**

484.

485.

486.

279

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS' EYES ONLY   SOURCE CODE

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

487.   I note that Judge Posner in a Summary Judgment ruling in the Apple v. Motorola case concerning the alleged infringement of the '647 patent by Motorola phones, expressed the opinion that developing a non-infringing alternative to the '647 patent "would just require reprogramming Motorola's smartphones to avoid at least one claim limitation" and that "Motorola could design around [the '647 patent] simply by creating copies of the code that performs structure detection and linking for each particular program rather than by using a common-code module for all programs; for without a common code there is no 'analyzer server'" (see, Summary Judgment, pp. 23-24). Judge Posner further stated that Apple could not exclude Motorola's products from the market with an injunction "because of the ease of inventing around these [patents, including the '647 patent]" (*Id.*) Thus, having studied the '647 patent, Judge Posner was able to divine that non-infringing alternatives to the '647 patent (1) clearly existed, and (2) were likely easily obtained. I agree with Judge Posner on both counts.[38]

A.

488.

---
[38]   I may demonstrate at trial using demonstratives (including demonstratives implementing the alternatives described herein) that my estimates and opinions herein are correct.

280

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

491.

492.   Or, alternatively, the source code for the accused applications can simply be rewritten to incorporate into the application the accused "detection" and "linking" functionality without even employing a shared library.  I note that Judge Posner explicitly found the "ease of designing around the patent claims at issue" (including claim 1, from which all claims in this case depend), based on his construction in that case and this example.  *Apple v. Motorola*, Case: 1:11-cv-08540, Dkt. # 1038 (06/22/12) at 24.  Judge Posner specifically found that:

> Given m̲ claim construction of the '647 ̲atent Motorola could desi̲n around sim̲l̲ b̲ creatin̲ co̲ies of the code that ̲erforms structure detection and linkin̲ for each ̲articular ̲ro̲ram rather than b̲ usin̲ a common-code module for all ̲ro̲rams for without a common code there is no 'analyzer server,' as required by the patent claim.

*Id.*  Under Judge Posner's construction of "analyzer server," the claimed server must comprise server routine separate from the client. Dr. Mowry has stated that because routines to allegedly detect structures and link actions to structures are found in a shared library, they are somehow

HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'
EYES ONLY   SOURCE CODE
EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

"separate" from the Browser and Messenger applications. While I strongly disagree with this analysis, if the existence of the shared library is the basis for Dr. Mowry's finding of "separateness," then a non-infringing alternative under Judge Posner's constructions would be to simply eliminate the Browser and Messenger's use of the shared library and put the accused code into each application at compile time. As explained above, generally putting a function from a shared library into a application is a trivial matter. There is no reason to expect that removing Brower's or Messenger's reliance on the accused shared library would be a significant effort.

493.   Generally, moving code from a shared library into an application is a trivial matter. Shared library code is integrated into a calling application at load or runtime and becomes part of the application.  Making shared library code part of the application at compile time is essentially performing the functions performed at runtime at compile time. Based on my review of the source code at issue for Messenger and Browser I believe it would be a very simple task to remove the accused code currently found in a shared library and integrate this code into Browser and Messenger. Moreover, this integration could be done such that the source code of the accused functions currently in the shared library could reside in one place in the Android source code distribution and be shared by all application developers. Thus, from the standpoint of software development practices, all of the benefits of having shared library could be maintained while ensuring that each application nonetheless used its own executable copy of the accused routines. In both of these examples, the user would experience absolutely no difference in the functionality provided.[39]

494.

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

---

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
EYES ONLY – SOURCE CODE

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

1

2

3   DATED:  September 13, 2013

4   _____
    Kevin Jeffay

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

303     **HIGHLY CONFIDENTIAL   OUTSIDE ATTORNEYS'**
        **EYES ONLY   SOURCE CODE**

EXPERT REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT 5,946,647

REDACTED VERSION OF DOCUMENT SOUGHT TO
BE FILED UNDER SEAL

# EXHIBIT 11

1
2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

3
4
5
6
7
8
9
10

APPLE INC., a California Corporation,

          Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation; and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability company,

          Defendants.

CASE NO. 12-cv-00630-LHK (PSG)

**INITIAL EXPERT REPORT OF
DR. TODD C. MOWRY
REGARDING INFRINGEMENT OF
U.S. PATENT NO. 5,946,647**

**HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY – SOURCE CODE**

**GOOGLE'S HIGHLY CONFIDENTIAL—
OUTSIDE ATTORNEYS' EYES ONLY—
SOURCE CODE**

11
12
13
14
15
16
17

SAMSUNG ELECTRONICS CO., LTD., a
Korean corporation; SAMSUNG
ELECTRONICS AMERICA, INC., a New
York corporation, and SAMSUNG
TELECOMMUNICATIONS AMERICA,
LLC, a Delaware limited liability
company,

          Counterclaim-Plaintiffs,

      v.

APPLE INC., a California corporation,

          Counterclaim-
          Defendant.

18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

INITIAL EXPERT REPORT OF DR.TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY
SOURCE CODE

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

2.  **Samsung's purported non-infringing alternatives**

a.  **Only analyze text and provide a context menu when the text string was selected by the user**

269.    Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "only analyze text and provide a context menu when the text string was first selected by the user." According to Samsung, such an alternative would lack "an analyzer server for detecting structures in the data," and "a user interface enabling the selection of a detected structure and a linked action."

270.    To the extent I can understand it, I disagree that this alternative would be non-infringing. For example, the example provided by Samsung states that "such a non-infringing alternative can detect an area around a user's contact with the screen to determine the information the user has found of interest." First, I disagree that this example fits the description of the supposed alternative. In Samsung's example the user simply touches an area of the screen; the user does not select a text string. Second, to the extent Samsung is attempting to describe the functionality of devices that use ███████████ those devices infringe as I have outlined above.

271.    Samsung also discusses the use of user "gestures over text in combination with this alternative in order to recognize the text as being of a certain type and perform a task." Samsung's explanation of this alternative is unclear, but to the extent a device does not allow selection of a structure and a linked action, it does not literally infringe the '647 Patent. However, this alternative is not without disadvantages. I describe those disadvantages in subsection (c), below.

b.  **Restrict the actions a user can perform**

272.    Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "restrict the actions a user can perform after tapping on a text, in accord

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

with Apple's theories (disputed) regarding the necessity of multiple actions being linked to each structure."

273.    I have stated my opinion in prior cases and in this case that it is my opinion that claim 1 requires that multiple actions be provided for a detected structure.  I understand that the court in the *Motorola* litigation disagreed with my opinion, finding that "the ability to link a structure to a single action still comports with the patent's plural reference, so long as other structures are linked to other actions.  An analyzer that links dates to the calendar and phone numbers to the phone book still 'links structures to actions.'"  Samsung's proposed alternative would still infringe under this construction.

274.    In addition, such an alternative would be inferior to the implantation providing multiple actions for a detected structure.  As the '647 Patent explained, one of the disadvantages of prior art systems that attempted to detect phone numbers and allow a user to dial was that "they do not enable the performance of other candidate actions, such as moving the number to an electronic telephone book."  '647 Patent, 1:58-60.  Thus, this alternative would limit the functionality available to a user and would decrease a device's ease of use, essentially returning the device to the prior art.  Limiting the actions available in this way would frustrate users.  Accordingly, this alternative lacks the benefits and advantages of the patented invention.

c.    **Allow the user to link actions to a structure**

275.    Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "to allow the user to link actions to a structure," for example, using a "a glyph-drawing model."  According to Samsung, such an alternative would lack "an analyzer server for detecting structures in the data, and for linking actions to the detected structures."

276.    The scope of this purported alternative is unclear from Samsung's response, but it appears they rely on arguments I made in the preliminary injunction phase regarding the Perspective

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          108

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

prior art.  In my reply declaration, I stated that the Perspective system does not disclose "link[ed] actions" because the events Samsung's expert identified to be "actions" are merely gestures that a user must perform on Perspective's screen using a specially designed pen.  I explained that such gestures are not "actions" within the meaning of the '647 Patent.  I stand by that opinion.

277.     To the extent I understand it, such an alternative would be inferior to the technology claimed in the '647 Patent.  For example, forcing a user to memorize a set of gestures to perform over a piece of information that may or may not be a detected structure is inferior to the claimed invention, which automatically detects structures and provides a user interface enabling the selection of a candidate action.  In the latter case, among other things, the user does not have to memorize or know beforehand the particular gestures that might do something useful with a particular piece of information.  This alternative would frustrate and confuse users, and would decrease a device's ease of use.  Moreover, the alternative would be more cognitively demanding on users, requiring them to memorize new commands.  Accordingly, this alternative lacks the benefits and advantages of the patented invention.

### d.     Restrict the type of information that can be detected

278.     Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "to restrict the type of information that can be detected by an application, in accord with Apple's theories (disputed) regarding the necessity that the analyzer server detect multiple types of structures."  According to Samsung, such an alternative would lack "an analyzer server for detecting structures in the data, and for linking actions to the detected structures."

279.     As stated above, it is my opinion that the '647 Patent requires detection of multiple structures (*e.g.*, email addresses, phone numbers, postal addresses, etc.)  I understand that the court in the *Motorola* litigation agreed with that construction of claim 1.  While he did not agree with my

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

opinion that multiple actions are required for a particular structure, he did find that a single action for each structure could satisfy claim 1, "so long as other structures are linked to other actions," for example, "link[ing] dates to the calendar and phone numbers to the phone book."

280.    Such an alternative would be inferior to the technology claimed in the '647 Patent. For example, the '647 Patent specifically highlighted prior art that detected only phone numbers as art which the patent overcame. *See* '647 Patent 1:52-65 (describing a system that is only able to detect telephone numbers and only able to allow dialing of those numbers).  Obviously, the ability to detect multiple types of structures allows a user to take useful actions with different types of information.  If a device only detected phone numbers, a user would encounter all of the problems associated with the prior art in order to take action on other pieces of information, such as sending an email to a detected email address.  Thus, this alternative represents a pure reduction in functionality as compared to the patented invention, as well as a reduction in ease of use.  Accordingly, this alternative lacks the benefits and advantages of the patented invention.

###    e.    Provide the same context menu of options regardless of what text the user has selected

281.    Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "provide the same context menu of options to the user regardless of what text the user has selected in the Browser and Messaging applications."  According to Samsung, such an alternative would lack "an analyzer server for detecting structures in the data, and for linking actions to the detected structures."

282.    To the extent I can understand it, I disagree that this alternative would be non-infringing.  The scope of this purported alternative is unclear from Samsung's response, especially given the example provided by Samsung.  Samsung states that "in such a situation, the user could be

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

presented with a menu combining the current options provided for email addresses, phone numbers, and street addresses when selecting one of those structures." Even in that scenario (to the extent I can understand it), a user can still select a detected structure (*e.g.*, a phone number), and the user will be presented with a menu of actions linked to the phone number. The fact that other actions linked to other detected structures may be present does not make the device non-infringing.

### f. Removing the ███████████ functionality

283. Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "remove the █████████████████ functionality from the Browser and Messaging applications altogether." According to Samsung, such an alternative would lack all claim limitations reciting "detecting."

284. Samsung's response does not provide any details regarding whether the ███████ ████████████████ functionality would be replaced by similar functionality that detects structures in data. If so, this alternative would still be infringing.

285. Assuming the ████████████████████ functionality is not replaced with functionality for detecting structures in data, I agree that such an alternative would not be infringing. But such an alternative would be vastly inferior to the infringing technology. Indeed, one of the main purposes of the '647 Patent is to automatically detect structures and to allow the user to choose from a set of linked actions. Removal of the detection functionality would defeat the purpose of the invention. The user would be left with a device similar to that available in the prior art—the user would have to manually search for interesting pieces of information, manually copy any such information, open the application the user wanted to use, and paste the relevant information into the separate application. This is precisely what the '647 Patent was designed to overcome. As such,

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

the alternative would decrease a device's ease of use, and would lack the benefits and advantages of the patented invention.

g.  **Use a user interface different from a pop-up menu for displaying choices of actions to a user**

286.    Samsung has stated in its interrogatory responses that a non-infringing alternative to the '647 Patent would be to "not use a pop-up menu for displaying choices of actions to a user, but would instead use a different user interface, such as a list of actions at the bottom of the screen that can be pulled-up by the user."  According to Samsung, such an alternative would lack all claim limitations reciting "selection."

287.    To the extent I can understand it, I disagree that such an alternative would be non-infringing.  Samsung provided no explanation regarding how such an alternative would avoid the "selection" limitation.  Indeed, Samsung's example, "a list of actions at the bottom of the screen that can be pulled-up by the user," would still allow the user to "select" from the list of actions.

288.    At most, the absence of a pop-up menu would avoid infringement of claim 9, which expressly claims a pop-up menu to display the linked actions.  But it is not clear from Samsung's description that its proposed example would not constitute a "pop-up menu."  Also, other presentation mechanisms may be inferior to the claimed pop-up menu, which allows the user to easily select a candidate action.

**C.**

289.    **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn &
Crutcher LLP

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   August 12, 2013

_____

Todd C. Mowry

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)

Gibson, Dunn &
Crutcher LLP

REDACTED VERSION OF DOCUMENT SOUGHT TO BE
FILED UNDER SEAL

# EXHIBIT 36

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Michael L. Fazio (Bar No. 228601)
michaelfazio@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS CO.,
LTD., SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK<br><br>**SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH SETS OF INTERROGATORIES**<br><br>**(Interrogatory Nos. 8, 20, 24, 28, 29, 45)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE** |

02198.51981/5534712.2

1

2

3

4

5

6

7

8

9

10

11

12

13   <u>**INTERROGATORY NO. 20:**</u>

14   **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS**

**INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS**

15   **TO STRIKE, DKT. 1056**

16

17

18

19

20

21

22   <u>**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**</u>

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

**ONLY – SOURCE CODE**

-11-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN**
**THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2

3

4

5

6

7

8

9

10

11  <u>**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**</u>

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**
**ONLY – SOURCE CODE**                              -58-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**
-59-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-60-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-61-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1  :

2

3

4

5

6

7

8

9

10  **<u>INTERROGATORY NO. 24:</u>**

11  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE

12  PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING

   ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

13

14

15

16

17

18

19

20  **<u>OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:</u>**

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE**

-62-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1    touch screen display….″   As Apple is well aware, graphical user interfaces, like all other software

2    products, are created using source code.   That source code defines the operation and functionality

3    for software.   Minor changes in source code can have a major impact on how software performs a

4    certain task (such as keeping a current character string displayed in a first area) or indeed whether

5    the software performs that task at all.   But Apple has not performed even this basic analysis on

6    the source code for the Android or Swype keyboards.   Accordingly, Apple has not carried its

7    burden to prove that the Accused Products infringe Claim 18.

8         Samsung further states that Apple has not met its burden of proving that the Samsung

9    Galaxy S II, model number SGH-T989, infringes claim 18 of the '172 patent because at a

10   minimum Apple has not identified any software actually installed on that device that allegedly

11   infringes the '172 patent.   (See Ex. A6 to Apple Inc.'s Fourth Amended Disclosure of Asserted

12   Claims & Infringement Contentions, Infringement by Samsung Galaxy S II of U.S. Patent No.

13   8,074,172, Dkt. 526-4 at 53-61.)   Apple's claim chart for the Samsung Galaxy S II depicts only

14   the Android keyboard installed on the AT&T Galaxy S II, model number SGH-i777.   (See id.)

15   But the Android keyboard is not installed on the T-Mobile Galaxy S II, model number SGH-T989,

16   and its package is not included in source code for any release of that device.   Accordingly, Apple

17   has provided no evidence whatsoever supporting its contention that the T-Mobile Galaxy S II,

18   model number SGH-T989, even allegedly infringes the asserted claim of the '172 patent.

19        Samsung further states that the Accused Products do not infringe claim 18 of the '172

20   patent because they do not have both a keyboard and a touch screen display.   The preamble of

21   claim 18 requires: "A graphical user interface on a portable electronic device with a keyboard and

22   a touch screen display".   The phrases "keyboard" and "touch screen display" in the preamble

23   provide the antecedent basis for the use of those terms in later claim limitations.   Accordingly, at

24   least insofar as the preamble of claim 18 recites "a portable electronic device with a keyboard and

25   a touch screen display", the preamble is limiting.   And because claim 18 recites a keyboard and a

26   touch screen display, the claim requires both.   However, at no point has Apple accused

27   functionality on a device where both a keyboard and a separate touch screen display are utilized.

28   Instead, Apple's infringement contentions consistently accuse Samsung's devices of having "a

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY – SOURCE CODE

-147-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

graphical user interface and a virtual keyboard on a touch screen." (*E.g.*, Apple's Claim Chart titled Infringement by Samsung Galaxy Nexus, Dkt. 526-4 at 45.)   A "keyboard on a touch screen" is not the same as a keyboard <u>and</u> a touch screen, as recited in claim 18.   Accordingly, the Accused Products do not infringe Claim 18.

Samsung further states that individuals with knowledge relevant to non-infringement of the '172 patent include but are not limited to (1) Samsung's expert for the '172 patent, who will be disclosed consistent with the Court's Scheduling Order dated May 2, 2012 or any amendments thereto; (2) Daewoon Myoung; (3) Ken Wakasa; and (4) the inventors of the '172 patent: Kenneth Kocienda and Bas Ording.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Subject to and incorporating its General Objections and Specific Objections from Samsung's Objections and Responses to Apple's Third Set of Interrogatories, Samsung further supplements its response to Interrogatory No. 24 as follows:

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**                    -148-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1   **'647 Patent:** Samsung incorporates by reference the September 13, 2013 REBUTTAL EXPERT

2   REPORT OF DR. KEVIN JEFFAY CONCERNING NONINFRINGEMENT OF U.S. PATENT

3   NO. 5,946,647, exhibits and appendices thereto, and all documents, deposition testimony, or other

4   information cited therein.   Samsung further identifies the following documents and depositions in

5   support of its contention that it does not infringe the asserted claims:



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

02198.51981/5534712.2



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-150-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES



**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**    -151-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES



02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-152-



02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES



16    July 12, 2013 Dep. Of

17    Thomas Deniau.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-155-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-156-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**
-157-
SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-159-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-160-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-162-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-163-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-164-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

02198.51981/5534712.2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-165-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-166-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-168-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-169-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-171-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-172-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-173-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

1

2

3

4

5

6

7

8

9   **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT**

10   **OF THE PARTIES, AS INDICATED IN THE JOINT CHART**
**IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE,**

11   **DKT. 1056**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**    -174-
**ONLY – SOURCE CODE**

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH   SETS OF INTERROGATORIES

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

DATED:   October 4, 2013            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                         By  */s/ Michael L. Fazio*
                                            Charles K. Verhoeven
                                            Kevin P.B. Johnson
                                            Victoria F. Maroulis
                                            William C. Price
                                            Michael L. Fazio

                                            Attorneys for SAMSUNG ELECTRONICS
                                            CO., LTD., SAMSUNG ELECTRONICS
                                            AMERICA, INC. and SAMSUNG
                                            TELECOMMUNICATIONS AMERICA, LLC

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

-328-

SAMSUNG'S FURTHER SUPPLEMENTAL RESPONSES TO APPLE'S FIRST, THIRD, AND TENTH  SETS OF INTERROGATORIES