JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE ARGUMENTS FROM SAMSUNG'S INVALIDITY AND NON-INFRINGEMENT EXPERT REPORTS REGARDING APPLE PATENTS**<br><br>Date:    December 10, 2013<br>Time:    10:00 a.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>    Counterclaim-Defendant. | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – SOURCE CODE - ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – THIRD PARTY SOURCE CODE – ATTORNEYS' EYES ONLY** |

Gibson, Dunn &
Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE    CASE NO. 12-CV-630-LHK (PSG)

**TABLE OF CONTENTS**

**Page**

I. Samsung's New Invalidity Theories Should Be Stricken ............................................................. 1

   A. New Invalidity Theories in Samsung's Opening Expert Reports ...................................... 1

      1. New Theories of Invalidity on the '414 Patent ................................................. 1

      2. New Invalidity Theories on the '647 Patent .................................................. 4

   B. New Invalidity Theories Based on Improper Demonstration Systems .............................. 9

      1. The WAIS and AppleSearch "Demonstration Systems" in the Rinard Opening Report regarding the '959 Patent ....................................................... 9

      2. The '414 Patent "Demonstration Systems" Should Be Stricken ............................... 10

   C. New Invalidity Theories in the Rebuttal Expert Reports ................................................. 11

      1. New Invalidity Theories in the '647 Patent Rebuttal Report .................................... 11

      2. New Invalidity Theories in the '172 Patent Rebuttal Report .................................... 11

      3. New Invalidity Theories in the '959 Patent Rebuttal Report .................................... 12

      4. New Invalidity Theories in the '414 Patent Rebuttal Report .................................... 13

II. Dr. Greenberg's New Non-Infringement Theory for the '721 Patent Should Be Stricken ........ 13

III. Dr. Jeffay's New '647 Patent Non-Infringing Alternative Theory Should Be Stricken ............ 13

IV. Opinions Based on Unproduced Versions of the Quick Search Box Should Be Stricken ......... 14

V. Dr. Rinard's Use of an Undisclosed Google Source Code Drive Should Be Stricken .............. 15

CONCLUSION ................................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
    No. 11-cv-1846-LHK, D.I. 939-1 (N.D. Cal. May 17, 2012) .......................................................... 9

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
    11-cv-1846, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ............................................................. 15

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
    C 12-00852 WHA, 2012 WL 4097740 (N.D. Cal. Sept. 17, 2012) ............................................ 5, 9

**Rules**

Pat. LR 3-3(c) ................................................................................................................................ 3, 4, 5

I.

   A.

      1. **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE        2        CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      3      CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2. **New Invalidity Theories on the '647 Patent**

*Sidekick Handbook*.  The Court should strike the Sidekick Handbook as an anticipatory

---
4

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          4          CASE NO. 12-CV-630-LHK (PSG)

reference because Samsung never identified or disclosed it as such.  Samsung's Invalidity Contentions unmistakably provided only a *single* chart for a *single* anticipation theory based on the "Sidekick System."  *See* Ex. 53 at 1; D.I. 540-16, at 36-37.  Samsung's expert, by contrast, submitted *two* charts for *two separate* anticipation theories—one for the Sidekick System and, for the very first time, one for the Sidekick Handbook.  *See* Ex. 49.  In Samsung's own words, its contentions "explained that the Sidekick *System* anticipates . . . as described by, among other publications, the Sidekick *Handbook*."  Opp., at 7 (emphasis added).  That proves Apple's point.  Samsung's contentions cited the Handbook only as *supporting evidence* for the Sidekick System.  *Nowhere* does Samsung's claim chart state that the Sidekick *Handbook* independently anticipates the asserted claims; in fact, Samsung does not dispute that it did not cite the Handbook *at all* for two of the asserted claims. Opp. at 9.  Nor did Samsung *ever* provide a separate chart for the Sidekick Handbook during discovery.  Samsung cannot—for the first time in its opening expert report—assert a *new anticipatory reference* not properly disclosed in Samsung's contentions.

Samsung advances a parade of ineffective excuses for Dr. Jeffay's new anticipation reference.  Samsung first argues that it "*expressly identified*" the Sidekick Handbook as a reference that "*anticipate[s] under 35 U.S.C. § 102(a), (b), (e), (f) and/or (g) or render[s] obvious under 35 U.S.C. § 103.*"  Opp. at 8, 9 (emphasis in original).  This "identification" does not come close to satisfying the Local Rules.  Consistent with its use of the Handbook as evidence of the Sidekick System, Samsung listed the Handbook—*buried among all 239 patents, publications, and systems* that Samsung asserts as prior art.  D.I. 540-16 at 21-33.  Samsung's "broad[] state[ment]" that this prior art "anticipate[s] and/or render[s] obvious" the claims "is insufficient under [the] local rules" to preserve Samsung's new anticipation theory.  *Life Techs. Corp. v. Biosearch Techs., Inc.*, C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012).  Samsung provided claim charts—as it was required to under Pat. L.R. 3-3(c)—for each of its "primary references," which included the Sidekick *System* but not the Sidekick *Handbook*.  D.I. 540-16 at 36-37.

In light of its deficient contentions, Samsung argues that its disclosure obligations should be excused because it listed the Sidekick Handbook in its "Reduction of Invalidity References," filed

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE         5         CASE NO. 12-CV-630-LHK (PSG)

just before fact discovery closed. Opp. at 8, fn.14 (citing D.I. 671).[6] Samsung is wrong—that document is not a substitute for proper contentions under the Local Rules. Even if Samsung's "Reduction of Invalidity References" disclosed the Handbook as a separate anticipation theory (it does not), the Court ordered Samsung to *limit* its *previously submitted* contentions. D.I. 671. The Court did not invite Samsung to add *new* anticipatory references in violation of the Local Rules.

Samsung also argues that Apple "has known about the Sidekick Handbook for years." Opp. at 8. Specifically, Samsung relies on disclosures made by a different defendant (Motorola) in a different case (the Apple-Motorola litigation) in which Apple asserted the '647 Patent and Motorola argued that Sidekick Handbook anticipated claims 1 and 8. *Id.* That Apple was "aware" of the Sidekick Handbook from the *Motorola* case could not be more irrelevant. Samsung's counsel—who represented Motorola—was also aware of the Sidekick Handbook, and Samsung purposely chose *not* to advance it as an anticipatory reference in *this* case. Samsung further argues that during the preliminary injunction phase of this case it argued that the Sidekick Handbook anticipates, so its expert can assert that theory now. *Id.* Samsung's argument contradicts its own motion to strike Apple's doctrine of equivalents arguments that were disclosed in the PI phase but not expressly included in Apple's contentions. *See* D.I. 964-25, at 17, fn.15. By Samsung's logic, PI phase-disclosures are sufficient, and the Court should deny Samsung's motion to strike.

Samsung next erroneously argues that *Apple's interrogatory responses* somehow relieve Samsung from complying with the Local Rules. Opp. at 9. Samsung states that "Apple recognized … that Samsung had disclosed that the Sidekick Handbook alone as an invalidating reference." *Id.* That assertion is false. Apple *never* provided a discovery response acknowledging the Sidekick Handbook as an anticipatory reference. Instead, Samsung identified a subset of the invalidity theories previously disclosed in Samsung's contentions, and Apple provided validity contentions limited to those specific theories. *See* Ex. 44 (April 26, 2013 Letter from Amar Thakur to Fred Chung). Samsung's list *did not identify the Sidekick Handbook* (or the Sidekick System, for that

---

[6] Samsung's Reduction of Invalidity References simply identified the Sidekick Handbook among the "45 references/systems/combinations for use in [Samsung's previously disclosed invalidity] defenses." D.I. 671 at 2. This document *never* states that Samsung was asserting the Handbook as an anticipatory reference, nor does it provide a claim chart or attempt to comply with the Local Rules.

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE    6    CASE NO. 12-CV-630-LHK (PSG)

matter) as an anticipatory reference. *Id.* Samsung only mentioned "Sidekick" as a secondary reference in an obviousness combination Samsung has since dropped. *See id.* Thus, Apple did not even address, let alone recognize, *any* invalidity theory based solely on Sidekick.[7]

Samsung argues that Apple suffered no prejudice because Apple deposed third party Lars Frid-Nielsen "about the Handbook." Opp. at 9. That is false. Apple deposed Mr. Frid-Nielsen because he was involved in developing the *source code* for the Sidekick *System*. Ex. 47 at 18:17-19 (Frid-Nielsen Tr.). Mr. Frid-Nielsen did not write or publish the Handbook. *Id.* at 42:18-24. He testified that a different individual, Ole Hendriksen, wrote the Handbook and Mr. Hendricksen was not deposed by Apple because Samsung never disclosed him. *Id.* at 43:1-3.

*MHonArc system + Mosaic system*. Apple moves to strike the "MHonArc System/Mosaic System" as an anticipatory system because Samsung never disclosed that such a "system" even existed, let alone anticipated the '647 Patent. Samsung's Invalidity Contentions repeatedly and unambiguously argued that *two separate systems*—the "Mosaic System" in *combination* with the "MHonArc System"—render the asserted claims *obvious*. Ex. 25 at 1; D.I. 540-16, at 36-37. Samsung's expert, however, asserts for the first time in his report that the "MHonArc System/Mosaic System" is a single "system" that *anticipates* the asserted claims of the '647 Patent. Mot. at 8. This "system" was *never* disclosed in Samsung's contentions (or otherwise). To the contrary, Samsung charted the "Mosaic System" as one of Samsung's "primary references" and argued that it renders the claims "*obvious . . . in combination with . . .* the MHonArc System." Ex. 25 at 1. Samsung's contentions provided alleged "motivations to combine" the Mosaic System with MHonArc. D.I 540-16, at 167-172. In Samsung's own words, it "disclosed early on its theory that it was 'natural and *obvious* to use Mosaic *in combination with* MHonArc.'" Opp. at 10 (emphasis added). Samsung could not have more clearly articulated its *obviousness* theory based on *two* systems, rather than the single anticipatory "system" Dr. Jeffay now asserts. Despite Samsung attempts to downplay its

---

[7] Instead, Apple grouped the Sidekick Handbook with the Sidekick System—just like Samsung's contentions—and explained that the primary reference does not render the claims obvious when combined with Sidekick. *See* D.I. 946-13 at 103-108, 286-287.

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          7          CASE NO. 12-CV-630-LHK (PSG)

deficient contentions, the difference between anticipation and obviousness is considerably more than mere "semantics." Opp. at 11.

Samsung recycles most of the same excuses it used for its new Sidekick theory. Samsung argues that listing "MHonArc System/Mosaic System" on its "Reduction of Invalidity References" allows Samsung to introduce a new anticipation theory in violation of the Local Rules. Opp. at 10. It does not. Samsung again argues that Apple's discovery responses excuse Samsung's deficient disclosures. Opp. at 10-11. They do not. Apple's responses consistently treated the Mosaic System and the MHonArc system as *two separate systems*—just as Samsung disclosed. *See* D.I. 946-13, at 114-120; Ex. 25.

Samsung next wrongly argues that Apple "conveniently ignores" that Earl Hood, "the author of the MHonArc software," allegedly testified that "MHonArc is used with Mosaic." Opp. at 10. First, Mr. Hood's testimony is entirely consistent with the only theory disclosed in Samsung's contentions—that it would be obvious to combine Mosaic with MHonArc. Second, Apple is not required to divine Samsung's invalidity theories from third-party deposition testimony. That is what Invalidity Contentions are for. Third, Samsung fails to inform the Court that it retained Mr. Hood as a consultant, *amended its contentions* to include additional information about MHonArc, but *still* never asserted that Mosaic and MHonArc were a single anticipatory "system." Ex. 25. Samsung had the burden—and the opportunity—to explicitly disclose its new anticipatory "system" in its contentions. It chose not to do so, and its expert cannot reverse that choice now.

***Jeffay Alleged Prior Art***. Samsung's expert provided over ten pages of substantive analysis regarding prior art "systems" he personally created, but which (1) were never disclosed at any point during discovery, and (2) have absolutely no corroborating evidence—no documentation, no source code, no third-party testimony. The Court should strike any discussion of these undisclosed and uncorroborated "systems."

Samsung argues that Dr. Jeffay's analysis is simply "background" information he provides from his own experience. Opp. at 12. To the contrary, Dr. Jeffay relies on his "systems"—not for "background" to the patented technology—but to provide a ten-page substantive invalidity analysis. Samsung made (and the Court rejected) this very argument in the last case. Apple's motion to strike

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          8          CASE NO. 12-CV-630-LHK (PSG)

(which the Court granted) explained that Samsung's expert used six previously undisclosed references in a "substantive manner," not as "background" as Samsung claimed.  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, D.I. 939-1, at 6-7 (N.D. Cal. May 17, 2012).  Here, the '647 Patent covers "[a] system and method [that] causes a computer to *detect* and *perform actions on structures* identified in computer data."  D.I. 333-3 ('647 Patent), Abstract (emphasis added); *see also id.* claim 1.  Dr. Jeffay asserts that his "systems" are "example[s] of detecting structures and automatically performing actions on detected structures," then argues—for 10 pages—that his "systems" demonstrate these key claim limitations "were well known in the prior art."[8]  Ex. 4 at ¶¶ 175-187, 204-209 (Jeffay Rep.).  Samsung cannot "elude patent local rules by defining [Dr. Jeffay's ten-page substantive analysis] as 'background' or 'context.'"  *Life Tech. Corp. v. Biosearch Tech., Inc.*, C 12-00852 WHA, 2012 WL 4097740, at *1-2. (N.D. Cal. Sept. 17, 2012).

Apple's prejudice is even more acute given that Dr. Jeffay provided no corroborating support in the form of any documentation, source code, or otherwise.  Contrary to Samsung's false comparisons, Apple's experts described background technology using three actual publications that Samsung's expert can independently review and analyze.[9]  Apple has no such ability, because Dr. Jeffay's "systems" exist only in his memory.

B.

1.  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

---

[8] Samsung argues that "Dr. Jeffay is not arguing that *any* of the prior art software identified in Apple's motion invalidates the asserted claims of the '647 patent."  Opp. at 11.  None of these "systems" are prior art under 35 U.S.C. § 102; they exist only in Dr. Jeffay's 20-year-old memories or were specifically created for purposes of this litigation.  Mot. at 9-10.  Samsung cannot use these systems under the guise of Dr. Jeffay's "experience" without meeting its burden under the Local Rules.

[9] Apple's experts mentioned a total of three previously undisclosed references in a total of four sentences in their description of background technology.  *See* D.I. 962-8, Ex. 20, 21.  Dr. Jeffay, in stark contrast, provided ten pages of substantive analysis that his prior art "systems" demonstrated that key claim elements were well known in the art.
[10]

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     9     CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**2.**

---

[11]

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE       10       CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1.

2.

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE   11   CASE NO. 12-CV-630-LHK (PSG)

3. **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      12      CASE NO. 12-CV-630-LHK (PSG)

4. **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

II.

III.  **Dr. Jeffay's New '647 Patent Non-Infringing Alternative Theory Should Be Stricken**

Samsung's expert's report addresses a purported "non-infringing alternative" mentioned in an order by Judge Posner in Apple's prior case against Motorola. Mot. at 17-18. Even though Apple

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE    13    CASE NO. 12-CV-630-LHK (PSG)

asked a specific interrogatory seeking all alleged design-arounds and non-infringing alternatives, Samsung admits that it "did not explicitly identify the description in Judge Posner's opinion as a design around." Opp. at 20. Samsung's first excuse is that Apple had "notice" of this alleged design-around because Apple was a party to the *Motorola* case. *Id.* But Samsung is not entitled to assert any potential argument ever mentioned in any prior litigation involving Apple. That is why Apple served an interrogatory—to make Samsung identify all alleged design-arounds it would assert so that Apple could take discovery on their availability and acceptability.

Samsung also argues that "Dr. Jeffay cites Judge Posner's findings primarily to reinforce the 'ease of designing around the patent claims at issue,' not to introduce a new design around or non-infringing alternative." Opp. at 21. That is nonsense. It is impossible to discuss the "ease of designing around the patent" without referring to a particular design-around. Samsung did not disclose the design-around mentioned in *Motorola*, and its expert cannot do so now.

**IV.     PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     14     CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**V.     CONCLUSION**

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE     15     CASE NO. 12-CV-630-LHK (PSG)

Dated: November 26, 2013                        GIBSON, DUNN & CRUTCHER LLP

                                                By:   /s/      *H. Mark Lyon*
                                                      ***Attorney for Apple Inc.***

Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE            CASE NO. 12-CV-630-LHK (PSG)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 26, 2013               /s/   H. Mark Lyon

Gibson, Dunn & Crutcher LLP

APPLE'S REPLY ISO ITS MOTION TO STRIKE ISSUES RELATED TO APPLE PATENTS
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      CASE NO. 12-CV-630-LHK (PSG)