JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO. 5:12-cv-00630-LHK<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE REGARDING APPLE PATENTS (D.I. 880)**<br><br>Date:    December 10, 2013<br>Time:    10:00 a.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>                    Counterclaim-Plaintiffs,<br><br>          v.<br><br>APPLE INC., a California corporation,<br><br>                    Counterclaim-Defendant. | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – SOURCE CODE - ATTORNEYS' EYES ONLY**<br><br>**HIGHLY CONFIDENTIAL – THIRD PARTY SOURCE CODE – ATTORNEYS' EYES ONLY** |

## TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

I.   Dr. Snoeren's Infringement Opinions Related to the '959 Patent Are Proper .............................. 3

A.   Dr. Snoeren's Opinions about Heuristics Are Proper ............................................ 3

1.   Apple Modified its Analysis of Heuristics to Account for New Source Code That Samsung Did Not Identify Until the Very Last Day of Discovery ................................... 3

a.   Samsung Refused to Identify the Proper Source Code During the Discovery Period ............................................................................. 4

b.   At the End of Discovery, Samsung Revealed that the Samsung Source Code Files It Identified Were Never Used in the Accused Products ...................................... 6

c.   Apple Disclosed its Expert's Analysis of the Newly Revealed Google Proprietary Source Code Promptly ........................................... 7

2.   Dr. Snoeren's Report Does Not Disclose Any "New Theories" ........................................ 7

a.   Dr. Snoeren's Theory that the Google Suggestion Provider is a Heuristic is Not New ................................................................................. 7

b.   Dr. Snoeren's Alternative Argument that the Google Suggestions Server is a Heuristic is Not New ......................................................... 8

B.   Dr. Snoeren's Errata Were Appropriate Corrections to His Testimony .................................. 9

C.   Apple Accused All Samsung Products Based on the Ice Cream Sandwich or Jelly Bean Operating System of Infringing, Including the Five Samsung Products Samsung Identifies ....................................................................................... 11

II.   Dr. Snoeren's Validity Positions Are Based on the Understandings of Claim Terms Apple Long Disclosed in Its Infringement Contentions ......................................... 12

A.   Dr. Snoeren's Allegedly "New" '414 Patent Validity Theories Directly Respond to New Invalidity Arguments Presented for the First Time by Samsung's Expert ...................... 12

B.   Dr. Snoeren's Invalidity Opinion Concerning Claim 24 of the '959 Patent Was Disclosed During Fact Discovery, and Thus Samsung Was Aware of That Position before Receiving Dr. Snoeren's Report ........................................... 15

Gibson, Dunn &
Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          i          CASE NO. 12-CV-630-LHK (PSG)

III. Dr. Mowry Properly Asserted Doctrine of Equivalents Theories In Response To Samsung's Non-Infringement Arguments ........................................................................... 16

IV. Samsung Has No Grounds to Challenge Dr. Mowry's Opinions Regarding Apple Products That Practice The '647 Patent ....................................................................................... 18

V. Dr. Snoeren's Opinions Regarding Apple's Practice of the '959 Patent and Samsung's Tab 2 10.1's Infringement of the '959 Patent Should Not be Stricken as Samsung Has Suffered No Prejudice From Either Allegation ........................................................................... 22

    A.  Apple's Siri Feature Practices the '959 Patent................................................................ 22

    B.  Samsung's Tab 2 10.1 Product Infringes the '959 Patent................................................ 22

CONCLUSION ........................................................................................................................ 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*AstraZeneca AB v. Hanmi USA, Inc.*,
    CIV.A. 11-760 JAP, 2011 WL 5526009 (D.N.J. Nov. 14, 2011)................................................. 18, 19

*Genentech, Inc. v. The Trustees of the Univ. of Pennsylvania*,
    2012 WL 424985 (N.D. Cal. Feb 9, 2012) .............................................................................. 18, 22

*Health Grades, Inc. v. MDx Med., Inc.*,
    No. 11-CV-00520-PAB-BNB, 2013 WL 149760 (D. Colo. Jan. 14, 2013).................................... 8

*Oracle America, Inc. v. Google Inc.*,
    No. C 10–3561 WHA, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011)........................................... 8

*Seiko Epson Corp. v. Coretronic Corp.*,
    C 06-06946 MHP, 2008 WL 2563383 (N.D. Cal. June 23, 2008) ................................................ 23

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### INTRODUCTION

By its "Motion to Strike Expert Testimony Based On Previously Undisclosed Theories (D.I. 880)," Samsung seeks to strike a total of 75 paragraphs from the expert reports submitted by Dr. Alex Snoeren, Apple's technical expert on the '759 and '414 Patents, and Dr. Todd Mowry, Apple's technical expert on the '647 Patent.  Samsung complains that Drs. Snoeren and Mowry advanced new theories of infringement in their expert reports; that Dr. Snoeren raised new theories of validity and claim construction; and that Drs. Snoeren and Mowry raised new theories concerning Apple's use of the asserted patents in its products.  Mot. at 2-3.  With two minor exceptions, Samsung's arguments all share a common failure:  Samsung seeks to label as "untimely" disclosures made by Apple after the July 15, 2013 close of discovery, without regard for the fact that Apple's "new theories" were *responses to disclosures first made by Samsung on the July 15 close of discovery date, or subsequently in Samsung's expert reports*.  In some instances, Samsung's last-day-of-discovery disclosures should themselves be stricken, rendering moot any issue over Apple's post-July 15 responses to the same, but in no event should Samsung be able to leverage its own late disclosure into a means of preventing Apple from providing a response.  Yet that is exactly what Samsung seeks to do by this motion.

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          1          CASE NO. 12-CV-630-LHK (PSG)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

The story is remarkably similar with regard to Samsung's complaints about Dr. Mowry's doctrine of equivalents opinion in regard to the '647 Patent. Again, as shown in the argument below, Samsung advanced a new theory of non-infringement in its Second Supplemental Responses to Interrogatory No. 24, *served on July 15, 2013.* Dr. Mowry's doctrine of equivalents opinion is limited to that new theory. Apple respectfully submits that the Court should either strike both Samsung's July 15, 2013 theory and Dr. Mowry's response thereto, or strike neither; but Samsung should not be permitted to wait until the last hours of the fact discovery period to advance new theories, and then complain that Apple did not respond to those theories before the fact discovery period expired.

Gibson, Dunn &
Crutcher LLP

1

## ARGUMENT

2  **I.** **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF
3  THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING
   REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19  **A.**

20  **1.**

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**a.**

[1]



**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE    5    CASE NO. 12-CV-630-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**b.**

1

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2

3
      c.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21
      a.

22

23

24

25

26

27

28

1

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23          **b.**

24

25

26

27   —————————————

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**B.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn & Crutcher LLP

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**C.**

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          11          CASE NO. 12-CV-630-LHK (PSG)

1

2   **II.    PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE**

3   **PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING**

4   **ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

5

6

7   **A.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ────────────────────

26

27

28

Gibson, Dunn &
Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE        12        CASE NO. 12-CV-630-LHK (PSG)

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn &
Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE      13      CASE NO. 12-CV-630-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn &
Crutcher LLP

1

2   **B.**        **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   _____

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE        15        CASE NO. 12-CV-630-LHK (PSG)

1

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16    **III.**

17

18

19

20

21

22

23

24

25

26

27    _____

28

Gibson, Dunn & Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE          16          CASE NO. 12-CV-630-LHK (PSG)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

Gibson, Dunn &
Crutcher LLP

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**IV.    Samsung Has No Grounds to Challenge Dr. Mowry's Opinions Regarding Apple Products That Practice The '647 Patent**

Consistent with its belatedly raised non-infringement arguments, Samsung, on the last day of fact discovery, asserted brand-new positions regarding Samsung's copying of the patented invention as well as Apple's practice of the patent.  Now Samsung moves to strike Dr. Mowry's opinions responding to those late-asserted arguments.  Even worse, Samsung wants its expert to provide false information to the jury regarding Apple's practice of the '647 Patent, while precluding Apple's expert from providing the facts—facts that were disclosed by Apple during fact discovery.  Indeed, Apple's discovery responses provided *exactly* the level of detail Samsung now moves to strike.

Dr. Mowry's opinions regarding Apple's practice of the '647 Patent properly responded to Samsung's (and Samsung's expert's) belatedly raised arguments and false statements regarding Apple's practice of the patent.  On the last day of fact discovery, Samsung served its second

_____

( **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE**

1    supplemental response to Interrogatory No. 20 regarding secondary considerations of non-

2    obviousness.  *See* Ex. P (Samsung Supplemental Responses to Interrogatory No. 20) at 45-46.

3    Samsung asserted, for the first time, that its Android devices could not have copied Apple's patent or

4    products because Apple's iOS version 3, released in 2009, was the first iOS version to practice the

5    patent, whereas Android was first released in 2008.[16]  Samsung's expert repeated this erroneous

6    argument in his opening report, falsely stating that "Apple contends that the first product it released

7    that incorporated this technology was iOS 3."  Ex. W (Jeffay Rep.) ¶ 814.

8         Dr. Mowry properly responded to these late arguments and false statements.  He explained

9    that Apple has never contended that iOS 3 was the "first" implementation of the patented technology.

10   Ex. X (Mowry Reb. Rep.) ¶ 391.  Dr. Mowry explained that the patented functionality was fully

11   implemented at least in Mac OS X (released in 2007).  Mot. Ex. 27, ¶ 304; Mot. Ex. 28, ¶ 391.  It was

12   appropriate for Dr. Mowry to correct the false statements of Samsung's expert and rebut Samsung's

13   new argument regarding Apple's practice of the patent.  *See AstraZeneca*, 2011 WL 5526009, at *2.

14        Moreover, Dr. Mowry's opinions were not based on any "new" information undisclosed to

15   Samsung.  Samsung falsely states that Apple "never claimed that Mac OS X practiced the claims of

16   the '647 Patent" and that Apple did not disclose Dr. Mowry's discussions with Apple engineers.

17   Mot. at 23.  To the contrary, Apple's interrogatory responses—as Samsung admits—"incorporated by

18   reference" Dr. Mowry's expert reports from prior litigations against HTC and Motorola (who were

19   represented by Samsung's present counsel).  Mot. at 10.  These documents expressly disclosed (1)

20   that versions of Mac OS, including Mac OS X, practiced the '647 Patent, and (2) identified an Apple

21   engineer—Olivier Bonnet—that Dr. Mowry spoke with regarding Apple's implementation of the

22   patented functionality.  Ex. V.  In fact, these documents, produced in discovery and disclosed in

23   Apple's interrogatory responses, track *almost verbatim* the very opinions Samsung moves to strike.

24   *Compare id. with* Mot. Ex. 27, ¶ 300-304, Ex. 28, ¶ 391.

25        In addition to Dr. Mowry's opinions regarding Mac OS' practice of the '647 Patent,

26   Samsung—based on demonstrably false statements—also moves to strike Dr. Mowry's opinions

27

28   _____

[16] iOS is Apple's mobile operating platform.  Mac OS is Apple's operating system for desktop and
laptop computers.

regarding all iOS versions except 3.1.3.  Samsung erroneously states that "Dr. Mowry has only ever attempted to demonstrate that Apple products using iOS version 3.1.3, and not any other version, practice any claim of the '647 Patent."  Mot. at 22.  Samsung also erroneously states that Dr. Mowry's opinions regarding Apple's practice by any version of iOS other than version 3.1.3 rest on "new evidentiary support."  *Id.* at 23.  In fact, Apple and Dr. Mowry have consistently taken the position that *all iOS products from version 3.0 forward* practice the '647 Patent, and Apple disclosed during fact discovery *all* of the information on which Dr. Mowry relied.

Apple's consistent disclosures in this regard date back to the very outset of this case.  In Dr. Mowry's PI-phase declarations and deposition, he opined that *all* of Apple's current iOS products practice the '647 Patent, including those running iOS 5.0.  D.I. 18 ¶¶ 84-87; D.I. 177 ¶¶ 286-287; Ex. R (April 4, 2012 Mowry Deposition) at 163:18-164:10.  In Apple's June 2012 Patent L.R. 3-1(g) disclosures, Apple identified all of its iOS products from version 3.0 forward as practicing the '647 Patent.[17]  Apple made the relevant source code files from iOS versions 3.0 to 6.0 available for inspection by Samsung.  In response to Samsung's Interrogatory No. 25, regarding Apple's practice of its patents, Apple identified all iOS products running versions 3.0 to 6.0 as practicing the '647 Patent.  Mot. Ex. 8 at 42, 44-49.  Apple identified exemplary source code files from iOS version 5.0 involved in implementing the patented functionality.  *Id.*  Apple further identified Thomas Deniau as "an individual with primary responsibility for creating and/or maintaining source code" implementing the patented functionality.  *Id.*  Mr. Deniau confirmed in his deposition that he had primary responsibility of the relevant iOS source code, including versions 5.0 and 6.0.  Ex. S (July 12, 2013 Deniau Deposition) at 13:17-14:5, 30:16-20.  Consistent with these disclosures and his prior opinions, Dr. Mowry opined, based on his personal review of the same source code and devices made available to Samsung, that iOS products running versions 3.0 to 6.0 practice the '647 Patent.  Ex. T (Mowry Rep.) ¶¶ 20, 298-305; Ex. R (September 19, 2013 Mowry Deposition) at 331:20-332:8.

---

[17] *See* Ex. U (June 15, 2012 Infringement Contentions Ex. 140).  Apple did not limit its disclosures to particular iOS versions, and Apple identified products that only ran iOS versions other than 3.1.3. For example Apple identified the following as practicing the '647 Patent: iPad (released with iOS version 3.2), iPad 2 (released with iOS version 4.3), New iPad (released with iOS version 5.1), iPhone 4 (released with iOS version 4.0), and iPhone 4S (released with iOS version 5.0).  *Id.*

1    Samsung's motion to strike Dr. Mowry's opinions regarding iOS products rests entirely on

2    Dr. Mowry's mention of "discussions with Apple engineers" in addition to his personal review of

3    source code and Apple devices.  Mot. at 23.  Samsung argues that in addition to Mr. Deniau, Dr.

4    Mowry spoke with other Apple engineers—Olivier Bonnet and Alexandre Moha—who were not

5    previously disclosed by Apple.  *Id.*  Samsung's argument is misplaced.  Initially, as discussed above,

6    Apple *did* disclose Mr. Bonnet in its discovery responses.  However, more importantly, Samsung has

7    absolutely *no* evidence that Dr. Mowry relied on *any* information from Mr. Bonnet or Mr. Moha

8    regarding his opinions in this case regarding practicing iOS products.  Samsung relies entirely on one

9    email from counsel stating that Dr. Mowry "spoke" to each of these individuals on one occasion

10   earlier this year, in addition to Mr. Deniau.  *Id.*  Samsung has no evidence that *any* of these

11   discussions were relevant to Dr. Mowry's opinions regarding iOS, because Samsung did not ask Dr.

12   Mowry a *single question* at his deposition regarding the substance of his conversations with *any*

13   Apple engineers.

14   Samsung's argument that it was not able to "explore the alleged bases for how Apple is

15   practicing the '647 Patent through later versions of iOS" is plainly wrong.  *Id.*  That is exactly what

16   Samsung did with Mr. Deniau, who is the engineer primarily responsible for the practicing iOS code.

17   *See, e.g.*, Ex. S (July 12, 2013 Deniau Deposition) at 21:25-25:23 (discussing changes between iOS

18   4, 5 and 6).  Moreover, despite the fact that Samsung had all of the relevant code available to it,

19   Samsung did not bring a *single line* of iOS code to Dr. Mowry's deposition and did not ask a *single*

20   *question* regarding the practicing source code, despite the fact that Mr. Deniau testified that the best

21   (and most obvious) indication of Apple's practice is in the source code.  *See id.* at 23:14-16.  Simply

22   put, Samsung had all of the relevant information regarding Apple's practicing products, including the

23   source code and testimony of the engineer primarily responsible for the source code.  Samsung chose

24   not to ask Dr. Mowry about *any* of this evidence on which he relied, and Samsung cannot point to a

25   single piece of "new information" informing Dr. Mowry's opinions.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.**      **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**A.**

**B.**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**CONCLUSION**

Dated: November 19, 2013                    GIBSON, DUNN & CRUTCHER LLP

                                            By:    /s/     *H. Mark Lyon*
                                                   ***Attorney for Apple Inc.***

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document and its supporting documents were filed electronically in compliance with Civil Local Rule 5.1, and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil Local Rule 5.1 via the Court's ECF system.

Dated: November 19, 2013        */s/   H. Mark Lyon*

Gibson, Dunn &
Crutcher LLP

APPLE'S OPPOSITION TO SAMSUNG'S MOTION TO STRIKE
REGARDING APPLE PATENTS (D.I. 880)
CASE NO. 12-CV-630-LHK (PSG)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SOURCE CODE