QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Charles K. Verhoeven (Bar No. 170151)
charlesverhoeven@quinnemanuel.com
Kevin A. Smith (Bar No. 250814)
kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Victoria F. Maroulis (Bar No. 202603)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for SAMSUNG ELECTRONICS
CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC. and SAMSUNG
TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-CV-00630-LHK (PSG)<br><br>**SAMSUNG'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT TESTIMONY BASED ON PREVIOUSLY UNDISCLOSED THEORIES**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Date:  December 10, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 5<br>Judge: Honorable Paul S. Grewal |

1

## NOTICE OF MOTION AND MOTION

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on December 10, 2013, at 10:00 a.m., or as soon thereafter

4  as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States

5  District Court for the Northern District of California, Robert F. Peckham Federal Building, 280

6  South 1st Street, San Jose, CA 95113, Samsung Electronics Co., Ltd., Samsung Electronics

7  America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung") shall

8  and hereby do move the Court for an order striking portions of Alex Snoeren's opening and

9  rebuttal expert reports, submitted on behalf of Apple Inc. ("Apple"), that introduce new

10  contentions regarding U.S. Patent No. 6,847,959 ("the '959 Patent") and U.S. Patent No.

11  7,761,414 ("the '414 Patent"), and striking portions of Todd Mowry's opening and rebuttal expert

12  reports that introduce new contentions regarding U.S. Patent No. 5,946,647 ("the '647 Patent").

13      This motion is based on this notice of motion and supporting memorandum of points and

14  authorities; the Declaration of Michael L. Fazio ("Fazio Decl."); and such other written or oral

15  argument as may be presented at or before the time this motion is deemed submitted by the Court.

16

## RELIEF REQUESTED

17      Pursuant to Federal Rules of Civil Procedure 26(a) and 37, and Patent Local Rule 3-1,

18  Samsung seeks an order striking portions of Alex Snoeren's opening and rebuttal expert reports

19  that introduce new contentions regarding Apple's '959 Patent and '414 Patent, and striking

20  portions of Todd Mowry's opening and rebuttal expert reports that introduce new contentions

21  regarding Apple's '647 Patent.

22

## STATEMENT OF ISSUES TO BE DECIDED

23      Whether portions of the opening and rebuttal expert reports written by Apple's experts,

24  Dr. Alex Snoeren and Dr. Todd Mowry, should be stricken because they introduce new

25  contentions regarding Apple's '959 Patent, '414 Patent, and '647 Patent, in violation of the

26  Federal Rules of Civil Procedure and the Patent Local Rules.

27

28

1   DATED:  November 5, 2013     QUINN EMANUEL URQUHART &
2                                   SULLIVAN, LLP

3

4                       By */s/ Victoria F. Maroulis*

                            Charles K. Verhoeven
5                          Kevin P.B. Johnson

                          Victoria F. Maroulis
6                          William C. Price

7                          Attorneys for SAMSUNG ELECTRONICS CO.,
8                          LTD., SAMSUNG ELECTRONICS AMERICA,
                          INC., and SAMSUNG
9                          TELECOMMUNICATIONS AMERICA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................... i

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................. 3

    A.    In Dr. Snoeren's Reports, Apple For The First Time Mentions Claim 34 of The '959 Patent, Alleging Apple Practices That Claim ........................................... 3

    B.    Dr. Snoeren Discloses A New Accused Product and New Infringement Theories, In Violation of This Court's June 26 Order, and Issues Untimely Supplemental Reports ...................................................................................... 5

    C.    Dr. Snoeren's Reports Propose New, Previously Undisclosed Validity Contentions Based On New Claim Construction Theories For The '414 Patent and '959 Patent ..................................................................... 7

        1.    '414 Patent ................................................................................ 8

        2.    '959 Patent ................................................................................ 9

    D.    The Mowry Report Introduces New Infringement Theories Regarding The Doctrine of Equivalents .......................................................................... 9

    E.    Dr. Mowry Relies For The First Time On Conversations With Two Additional Apple Engineers To Support Allegations That Various Apple Products Practice The '647 Patent ................................................................ 9

LEGAL STANDARD ................................................................................................. 10

ARGUMENT ............................................................................................................ 12

    A.    The Court Should Strike Dr. Snoeren's New Allegation That Apple Practices Claim 34 of The '959 Patent ..................................................... 12

    B.    The Court Should Strike Dr. Snoeren's New Theories of Validity For The '414 Patent and '959 Patent .............................................................. 13

        1.    '414 Patent ............................................................................. 13

        2.    '959 Patent ............................................................................. 16

    C.    The Court Should Strike Dr. Snoeren's New Infringement Theories For The '959 Patent ........................................................................................ 17

    D.    The Court Should Strike Dr. Snoeren's Supplemental Reports ............................. 21

    E.    The Court Should Strike All Portions of The Mowry Report That Introduce New Theories of Infringement Under The Doctrine of Equivalents ...................... 21

F.     The Court Should Strike All Portions of The Mowry Reports That Rely On Discussions With Undisclosed Engineers To Allege Any Apple Products Practice The '647 Patent ........................................................................................... 22

CONCLUSION ......................................................................................................................... 24

# TABLE OF AUTHORITIES

**Page**

## Cases

*Akeva L.L.C. v. Minuzo Corp.*,
   212 F.R.D. 306 (M.D.N.C. 2002) ..............................................................20

*Apple Inc. v. Samsung Elecs. Co.*,
   695 F.3d 1370 (Fed. Cir. 2012) ................................................................16

*Apple Inc. v. Samsung Elecs. Co.*,
   2012 WL 2499929 (N.D. Cal. June 27, 2012) ..........................................11

*Atmel Corp. v. Info. Storage Devices, Inc.*,
   189 F.R.D. 410 (N.D. Cal. 1999) ..............................................................20

*Digital Reg. of Texas LLC v. Adobe Sys. Inc.*,
   2013 WL 633406 (N.D. Cal. Feb. 20, 2013)........................................10, 12

*Docusign, Inc. v. Sertifi, Inc.*,
   468 F. Supp. 2d 1305 (W.D. Wa. 2006)......................................................17

*Dufresne v. Microsoft Corp.*,
   2006 U.S. Dist. LEXIS 57423 (D. Mass. Apr. 28, 2006)............................21

*GN Resound A/S v. Callpod, Inc.*,
   2013 WL 1190651 (N.D. Cal. Mar. 21, 2013) ..........................................10

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*,
   2009 WL 3353306 (N.D. Cal. Oct. 16, 2009)........................................11, 17, 20, 22

*MOSAID Techs. Inc. v. Samsung Elecs. Co.*,
   362 F. Supp. 2d 526 (D.N.J. 2005) ..........................................................21

*O2 Micro Int'l v. Monolithic Power Sys.*,
   467 F.3d 1355 (Fed. Cir. 2006)............................................................21, 23

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008) ................................................................17

*Oracle America, Inc. v. Google Inc.*,
   2011 WL 4479305 (N.D. Cal. Sept. 26, 2011)...................................... *passim*

*Prima Tek II, L.L.C. v. Polypap, S.A.R.L.*,
   412 F.3d 1284 (Fed. Cir. 2005)................................................................12

*Richdel, Inc. v. Sunspool Corp.*,
   714 F.2d 1573 (Fed. Cir. 1983) ................................................................12

## Statutes

Fed. R. Civ. P. 37(c)(1) ..................................................................................11

# INTRODUCTION

From the outset of this litigation, Judge Koh repeatedly emphasized the need for timely disclosures and an orderly narrowing of issues to be decided at trial.  To that end, Judge Koh required the parties to whittle down their claims to court-ordered levels by certain specific deadlines.  That narrowing process relied on the disclosure of each party's contentions on the court-ordered schedule.  Dr. Alex Snoeren, Apple's technical expert on the '959 and '414 Patents, and Dr. Mowry, Apple's expert on the '647 Patent, served reports that ignore the Court's carefully crafted schedule and violate the Patent Local Rules and the Federal Rules of Civil Procedure. Their untimely disclosures should be stricken.

First, Apple's expert reports radically change Apple's contentions regarding its alleged practice of the '959 Patent and '647 Patent – changing not only the products Apple points to for these contentions, but also the claims Apple asserts as practicing its patents, and the witnesses Apple claims are relevant to these positions.  Rather than stick to the interrogatory responses Apple provided long ago, Apple's experts now offer an entirely new story regarding Apple's alleged practice of the asserted patents.  This new story is not the one Apple offered discovery on, or produced source code to support, during fact discovery.  It is not the story Samsung relied on when building its defenses, or proposing terms for claim construction, or selecting invalidating prior art.  Apple's new positions on this issue should be stricken.

Second, Dr. Snoeren's reports repeatedly propose new, previously-undisclosed validity contentions for the '414 Patent and '959 Patent.   Those new validity contentions turn entirely on theories that were not disclosed to Samsung during fact discovery, including claim construction positions never requested in the *Markman* process.  Apple's emphasis on late, extensive claim construction is not only a violation of the procedural schedule, but an end-run around specific guidance Judge Koh provided to Apple on this subject.

Third, Apple introduces extensive and untimely new infringement theories.  Dr. Snoeren adds new infringement theories for the '959 Patent, including new "heuristics" never mentioned in Apple's infringement contentions – a strategy that directly contravenes this Court's June 26 Order rejecting Apple's attempt to insert new alleged "heuristics" at the eleventh hour.  Dr. Snoeren

followed these new theories with two untimely supplemental infringement reports, without leave of court, including extensive new source code analysis, serving the last of these two supplements one day before his deposition.  On the '647 Patent, Dr. Mowry introduces brand-new infringement theories regarding the doctrine of equivalents.  Before Dr. Mowry's report Apple *never* alleged any doctrine of equivalents theories for the '647 Patent.  Samsung had no notice of these equivalence arguments when Samsung developed its defenses, proposed alternative designs, or proposed invalidity defenses.  Apple has no basis to spring these new theories on Samsung.

Dr. Snoeren and Dr. Mowry threaten to disrupt Judge Koh's carefully constructed case narrowing process.  The claim construction process finished long ago – and the Court explicitly told Apple it should not get to revisit that process with extensive new claim construction requests.  (Fazio Decl. Ex. 1 (Hr'g Tr. at 22:11-20; 25:4-7, July 31, 2013).)  Apple's expert reports make an end-run around the Court's instructions.  The myriad new theories in Apple's reports would force Samsung to revisit anticipation, obviousness, non-infringing alternative designs, and a host of other theories, long after the close of fact discovery.  It is not practical to reopen discovery at this stage of the case.  Nor would doing so create sensible incentives for future litigants in patent cases: if Apple is allowed to hold its theories of infringement, validity, and claim construction until the last minute, *every* patentee will do so going forward, undermining the orderly exchange required by this district's Patent Local Rules.

For the reasons that follow, and as detailed in the proposed order attached hereto, this Court should strike all portions of Apple's opening and rebuttal reports that discuss or rely on new and untimely theories, including:

- New theories of infringement (paragraphs 148, 204, 252 of Dr. Mowry's report, paragraphs 65-66, 123, 202, 251-259, 264-273, 277-278, 281, 286-293, 296, 299, 315 of Dr. Snoeren's report, and untimely supplements served August 30 and September 24),
- New theories of validity and claim construction (paragraphs 8, 99, 408, 472, 473, 475 of Dr. Snoeren's report, and paragraphs 428, 454, 493, 565-566, 572, 606-607 of Dr. Snoeren's rebuttal report), and

1    • New theories concerning Apple's use of the asserted patents in its products (paragraphs

2        360-367 of Dr. Snoeren's report, paragraphs 321-328 of Dr. Snoeren's rebuttal report, and

3        paragraphs 300-304, 391 of Dr. Mowry's report).

4                                    **BACKGROUND**

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

9

10

11

12

13

14     Portion is withdrawn with prejudice by agreement of the parties, as indicated in

15     the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues in Motions to Strike, Dkt. 1056

**D.**

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues in Motions to Strike, Dkt. 1056

**E.     Dr. Mowry Relies For The First Time On Conversations With Two Additional Apple Engineers To Support Allegations That Various Apple Products Practice The '647 Patent**

On November 30, 2012, Samsung served Apple with Interrogatory No. 25, seeking a complete identification of any products by which Apple is or was allegedly practicing the asserted claims of the '647 Patent.  Apple responded to Samsung's Interrogatory No. 25 on January 14, 2013, and supplemented its response regarding the '647 Patent twice, on May 28, 2013 and July 15, 2013.  (Fazio Decl. Ex. 8 (Apple's Objs. and Resp. to Interrogatory No. 25) at 42-59.)

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1   Apple's interrogatory responses provided citations to file names for "iOS version 5" only, and

2   incorporated by reference Dr. Mowry's expert reports in prior cases, but only identified a single

3   Apple engineer with relevant knowledge – Thomas Deniau.  (*Id.* at 50-51, 58-59.)

4        Dr. Mowry now opines, based on his "review of certain iOS code and [] ***discussions with***

5   ***Apple engineers***", that Apple devices with iOS 3.0 through 6.0 practice the asserted claims.

6   (Fazio Decl. Ex. 27 (Mowry Report) ¶ 300 (emphasis added).)  Dr. Mowry offers no evidence

7   other than these discussions to support his opinions that versions of iOS other than 3.1.3 practice

8   the '647 Patent.  Apple's 30(b)(6) witness on Apple's practice of the '647 Patent and the single

9   Apple engineer identified by Apple in its interrogatory response, Thomas Deniau, testified that

10  there were significant differences between versions of iOS.  (Fazio Decl. Ex. 29 (Deniau Dep.

11  21:25-22:16, 23:5-13, 23:22-24:5, July 12, 2013.)  These significant differences are not explained

12  by Dr. Mowry, who provided no description of how the allegedly practicing source code differs

13  between iOS versions, despite his opinion that "there has been some refactoring of some of the

14  practicing code."  (Fazio Decl. Ex. 27 (Mowry Report) ¶ 300.)  Instead Dr. Mowry merely opines

15  that "the Apple iPhone 3GS running iOS 3.1.3 practices at least claim 1 of the '647 patent," citing

16  to his expert reports in another matter.  (*Id.* ¶ 299.)  To support his allegation that other versions

17  are "substantially similar" to the one he did analyze, 3.1.3, Dr. Mowry does not identify the

18  engineers he spoke with or explain the substance of those conversations.  (*Id.* ¶ 300.)

19       In addition, Dr. Mowry now opines for the first time that the functionality in iOS 3 that

20  Apple alleges practices the '647 Patent originated from Mac OS X.  (*Id.* ¶ 304; Fazio Decl. Ex. 28

21  (Mowry Rebuttal Report) ¶ 391.)  At no point during fact discovery did Apple allege that any

22  device, operating system, or other Apple product prior to iOS 3 practiced any claim of the '647

23  Patent.  Apple has identified no evidence that the so-called "data detectors" functionality of iOS 3

24  that purportedly practices the '647 Patent originated from OS X, or any other product.

25                     **LEGAL STANDARD**

26       The Federal Rules of Civil Procedure and the Patent Local Rules are in place to prevent

27  late disclosure of parties' contentions and legal theories.  *See GN Resound A/S v. Callpod, Inc.*,

28  No. C 11–04673 SBA, 2013 WL 1190651, at *2 (N.D. Cal. Mar. 21, 2013) ("The purpose of Rule

3-1 is to be 'nit picky, to require a plaintiff to crystallize its theory of the case and patent claims.'") (internal citation omitted); *Digital Reg. of Texas LLC v. Adobe Sys. Inc.*, No. CV 12–01971–CW, 2013 WL 633406, at *2 (N.D. Cal. Feb. 20, 2013) ("The purpose of Patent L.R. 3-1 is 'to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'") (internal citation omitted); Patent Local Rule 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."); Fed. R. Civ. P. 37(c)(1) (a party "fail[ing] to provide information . . . as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial").  As this Court previously informed the parties, "expert trial testimony in a patent case should be no different than in other cases:  the testimony is supported by a report which in turn reliably *applies* the theories *disclosed in the contentions* to evidence *disclosed during fact discovery*."  *Apple Inc. v. Samsung Elecs. Co.*, No. C 11–1846 LHK (PSG), 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012) (emphasis added).

Courts routinely strike new theories asserted for the first time in expert reports.  *See, e.g.*, *Oracle America, Inc. v. Google Inc.*, No. C 10–03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (granting in part Google's motion to strike portions of Oracle's expert report, where the expert report "referenced three devices that were not specifically named" in the Rule 3-1(b) disclosures, and where the report accused those new devices of infringement); *id.* at *4-5 (finding that a theory in Oracle's expert report of how a software process practiced an asserted claim "simply was not supported by Oracle's infringement contentions," holding that "Oracle may not raise a new infringement theory at this late date," and granting Google's motion to strike that theory from the expert report); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 08–04567 CW, 2009 WL 3353306, at *3 (N.D. Cal. Oct. 16, 2009) (striking the portions of expert reports that addressed additional products not mentioned in infringement contentions).

1

## **ARGUMENT**

2

3

4

5

6

7

8

9

10

11

12

13

14  Portion is withdrawn with prejudice by agreement of the parties, as indicated in

15  the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14   Portion is withdrawn with prejudice by agreement of the parties, as indicated in

15   the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

E. **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

1
**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18
        **F.      The Court Should Strike All Portions of The Mowry Reports That Rely On
                  Discussions With Undisclosed Engineers To Allege Any Apple Products**
19
                  **Practice The '647 Patent**

20
        Dr. Mowry has only ever attempted to demonstrate that Apple products using iOS version

21
3.1.3, and not any other version, practice any claim of the '647 Patent.  Dr. Mowry's analysis is

22
allegedly "based upon" his "work in the ITC Investigation No. 337-TA-710", where he

23
"personally reviewed the Apple source code for the 'data detectors' functionality."  (Fazio Decl.

24
Ex. 27 (Mowry Report) ¶ 302.)  According to Dr. Mowry, in that investigation he "set forth . . .

25
[his] opinion that the Apple iPhone 3GS running iOS 3.1.3 practices at least claim 1 of the '647

26
Patent."  (*Id.* ¶ 299.)  Yet now Dr. Mowry claims that "Apple devices running iOS 3.0 through 6.0

27
practice the asserted claims of the '647 Patent" based on his "review of certain iOS code and [his]

28

discussions with Apple engineers." (*Id.* ¶ 300; *see also id.* ¶¶ 301-303.)  Dr. Mowry, however, did not identify the specific code he reviewed or the Apple engineers with whom he spoke.  Only *after* Dr. Mowry's deposition and in response to requests from Samsung's counsel did Apple's counsel reveal that Dr. Mowry spoke with Olivier Bonnet, Thomas Deniau, and Alexandre Moha.  (Fazio Decl. Ex. 32 (Sept. 30, 2013 Email from Robert Vincent to Zachariah Summers).)  Only Mr. Deniau was named in Apple's responses concerning Apple's alleged practice of its patents. Indeed, neither Olivier Bonnet nor Alexandre Moha can be found in Apple's Initial Disclosures or supplements thereto, and consequently neither were deposed.[10]  Accordingly, Dr. Mowry's opinions regarding Apple's alleged practice of the '647 Patent by any version of iOS other than version 3.1.3 rest on new evidentiary support not previously disclosed to Samsung.

Samsung did not have an opportunity to depose Messrs. Bonnet and Moha and explore the alleged bases for how Apple is practicing the '647 Patent through later versions of iOS.  Indeed, Dr. Mowry was unable to even identify those individuals by name in his reports or recall those names at deposition.  (*See* Fazio Decl. Ex. 33 (Mowry Dep. 305:3-18, Sept. 19, 2013).) Dr. Mowry's reliance on this new information, first disclosed to Samsung well after the close of fact discovery, is highly prejudicial and inhibited Samsung's ability to depose Dr. Mowry on these issues.  As such, Dr. Mowry's opinions on Apple's alleged practice of the asserted claims by all but version 3.1.3 of iOS should be stricken.

Apple never claimed Mac OS X practiced the claims of the '647 Patent in its initial disclosures or its discovery responses.  Its new disclosure of Mac OS X's alleged practicing of the claims of the '647 Patent (based on the same "discussions with Apple engineers" (Fazio Decl. Ex. 27 (Mowry Report) ¶ 304)) came well after the close of fact discovery, depriving Samsung of the opportunity to explore this contention through written discovery or depositions.  Thus, Apple's

---

[10]  Accordingly, Apple has waived its ability to rely on Messrs. Bonnet and Moha for any purpose in this case.  To the extent Dr. Mowry's opinions are not stricken, as Samsung requests, Samsung should be permitted to take the depositions of Messrs. Bonnet and Moha out of time.

1   new theories regarding the origin of the functionality in iOS that allegedly practices the '647

2   Patent should be stricken. *See, e.g.*, *Oracle*, 2011 WL 4479305, at *2.

3                                          **CONCLUSION**

4            For the foregoing reasons, Samsung respectfully requests that the Court strike all of

5   Dr. Snoeren's and Dr. Mowry's improper new opinions, as set forth in the proposed order.

6

7   DATED:  November 5, 2013                QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
8

9                                           By */s/ Victoria F. Maroulis*
10                                             Charles K. Verhoeven
                                               Kevin P.B. Johnson
11                                             Victoria F. Maroulis
                                               William C. Price
12
                                               Attorneys for
13                                             SAMSUNG ELECTRONICS CO., LTD.,
                                               SAMSUNG ELECTRONICS AMERICA, INC.,
14                                             and SAMSUNG TELECOMMUNICATIONS
15                                             AMERICA, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMSUNG'S MOTION TO STRIKE EXPERT TESTIMONY BASED ON UNDISCLOSED THEORIES

1

**ATTESTATION OF E-FILED SIGNATURE**

2

     I, Patrick D. Curran, am the ECF user whose ID and password are being used to file

3

Samsung's Notice of Motion and Motion to Strike Expert Testimony Based on Previously

4

Undisclosed Theories.  In compliance with Civil L.R. 5-1(i), I hereby attest that Victoria F.

5

Maroulis has concurred in this filing.

6

7

Dated:  November 5, 2013

                 */s/ Patrick D. Curran*

                 Patrick D. Curran

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28