# EXHIBIT 27

## Redacted Version of Document Sought to Be Sealed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendants.<br>_____<br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Counterclaim-Plaintiffs,<br>　v.<br><br>APPLE INC., a California corporation,<br>　　　　　　　　Counterclaim-<br>　　　　　　　　Defendant. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>**INITIAL EXPERT REPORT OF DR. TODD C. MOWRY REGARDING INFRINGEMENT OF U.S. PATENT NO. 5,946,647**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**<br><br>**GOOGLE'S HIGHLY CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY— SOURCE CODE** |

INITIAL EXPERT REPORT OF DR.TODD C. MOWRY CONCERNING U.S. PATENT NO. 5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)　　　　HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY SOURCE CODE

Gibson, Dunn & Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

148.    For the entirety of this limitation, to the extent that this limitation is not met literally, in my opinion it is met under the Doctrine of Equivalents because the limitation and the corresponding components in the Accused Products corresponding to this limitation are insubstantially different.  In particular, the function of this claim limitation is to locate structures of interest – such as telephone numbers, email addresses, and postal addresses – in data received by a device, and to allow a user to select structures in an application and launch a desired linked action on the structure. The corresponding components in the Accused Browser Products perform substantially that same function.  For example, the above-mentioned program routines on the Samsung Accused Products perform substantially the same function of detecting patterns in data including email addresses, Internet URLs and telephone numbers and associating instances of these patterns with linked actions that a user would generally perform on them.

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          54

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

204. For the entirety of this limitation, to the extent that this limitation is not met literally, in my opinion it is met under the Doctrine of Equivalents because the limitation and the corresponding components in the Accused Products corresponding to this limitation are insubstantially different. In particular, the function of this claim limitation is to locate structures of interest – such as telephone numbers, email addresses, and postal addresses – in data received by a device, and to allow a user to select structures in an application and launch a desired linked action on the structure. The corresponding components in the Accused Messaging Products perform substantially that same function. For example, the above-mentioned program routines on the Samsung Accused Products perform substantially the same function of detecting patterns in data including email addresses, and telephone numbers and associating instances of these patterns with linked actions that a user would generally perform on them.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

252.	In addition, to the extent that the Accused Devices using ▮▮▮▮▮▮▮ do not literally satisfy the element of a "user interface for enabling the selection of a detected structure and a

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)	99

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

linked action," in my opinion it is met under the doctrine of equivalents because the limitation and the corresponding components in the Accused Products corresponding to this limitation are insubstantially different. In particular, the function of this claim limitation is to present to the user a way to select structured data that is detected from a larger body of text, and to select an action to perform on the selected data using the device. The corresponding components in the Accused Products perform substantially that same function. For example, the Accused Devices allow a user to long-press on the screen, and the Accused Devices will ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As shown above, if the user selects a telephone number appearing on the display using the Browser application, the user is presented with a menu of actions to perform using the telephone number selected.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          100

Gibson, Dunn &
Crutcher LLP

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

299. For the reasons set forth in my expert report submitted in that investigation it is my opinion that the Apple iPhone 3GS running iOS 3.1.3 practices at least claim 1 of '647 Patent. The relevant portions of that report may be found at APLNDC630-0000069204-69324; APLNDC630-0000069325-69460; APLNDC630-0000169870-169907.

300. Based on my review of certain iOS code and my discussions with Apple engineers, it is my understanding that Apple devices running iOS 3.0 through 6.0 practice the asserted claims of

INITIAL EXPERT REPORT OF DR. TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)           115

the '647 Patent. These products include the iPhone 3Gs, iPhone 4, iPhone 4S, iPhone 5, iPad, iPad 2, iPad Mini, and iPod Touch. While there has been some refactoring of some of the practicing code, these devices practice the asserted claims in a manner substantially similar to the iPhone 3GS running iOS 3.1.3, which was found to practice the '647 Patent in the above-referenced ITC action against HTC.

301.   For example, the Mail application in all of these Apple products includes the claimed inventions. Such functionality is particularly attractive on generally smaller, mobile devices, such as Apple's or Samsung's smartphones and tablets, because seamless integration of a functionality that provides several benefits in one (e.g., the ability to dial the number or store it in contacts without having to cut and paste or write numbers down) is even more attractive than on desktop or laptop computers. I understand that this was one of the main drivers in Apple's implementation of the full features of claims 1 and 8 of the '647 Patent in Apple's iOS mobile devices. Apple generally refers to the functionality covered by the asserted claims as "data detectors," and that term has also been used in numerous reviews and discussions of Apple products to describe this functionality.

302.   My opinion that the claimed inventions are implemented in the abovementioned Apple products is based upon the following. As part of my work in the ITC Investigation No. 337-TA-710, I personally reviewed the Apple source code for the "data detectors" functionality (i.e., the claimed inventions) that runs in the Mail and Mobile Safari applications on the iPhone 3GS and the iPhone 4. I personally own an iPhone 4, an iPad, an iPad2 (as well as a MacBook Air, a MacBook Pro, and a Mac Pro). Not only have I extensively used and examined the Apple products that I own, but I have also personally used and examined all of the above-mentioned Apple products and have confirmed that all of them provide the functionality of the claimed inventions.

303.   In addition, Apple's user manuals that describe the claimed functionality. *See, e.g.,*

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERNING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)          116

Case 5:12-cv-00630-LHK   Document 1210-2   Filed 01/29/14   Page 9 of 10

HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE
GOOGLE'S HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE

iPad User Guide iOS 5.0, p. 43 ("iPad detects web links, phone numbers, email addresses, dates, and other types of information that you can use to open a webpage, create a preaddressed email message, create or add information to a contact, or perform some other useful action.  Detected data appears as blue underlined text.  Tap the data to use its default action or touch and hold to see other actions. For example, for an address, you can display the location in Maps, or add it to Contacts."); iPhone User Guide iOS 4.2 and 4.3, p. 78 ("iPhone detects web links, phone numbers, email addresses, and other types of information that you can use to open a webpage, make a phone call, create a preaddressed email message, create or add information to a contact, or perform some other useful action. Detected data appears as blue underlined text. Tap the data to use its default action, or touch and hold it to see other actions."); iPod touch User Guide, p. 97 ("iPod touch detects web links, phone numbers, email addresses, and other types of information that you can use to open a webpage, create a preaddressed email message, create or add information to a contact, or perform some other useful action. Detected data appears as blue underlined text. Tap the data to use its default action, or touch and hold it to see other actions.").

304.	From my discussions with Apple engineers, I also understand that the data detector functionality in iOS 3.0 originated from an existing functionality in Mac OS X, but that much of the functionality had to be redeveloped for iOS because of the processor and memory constraints of mobile devices that are not such a great concern in desktop computer systems.

**INTENTIONALLY OMITTED FROM EXHIBIT/RECORD**

INITIAL EXPERT REPORT OF DR .TODD C.
MOWRY CONCERING U.S. PATENT NO.
5,946,647 – CASE NO. 12-cv-00630-LHK (PSG)		117

Gibson, Dunn & Crutcher LLP

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2013

_____
Todd C. Mowry