# EXHIBIT 33

Highly Confidential

Page 1

1           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
2                    SAN JOSE DIVISION
3                       - - - - -
4    APPLE, INC., a            )
     California corporation,)
5                              )
             Plaintiff,     )
6                              )
             vs.               ) Civil Action
7                              ) No. 12-CV-00630-LHK
     SAMSUNG ELECTRONICS     )
8    CO., LTD., a Korean     )
     corporation, et al.,    )
9                              )
             Defendants.    )
10
                         - - - - -
11
       VIDEOTAPED DEPOSITION OF TODD CARL MOWRY
12
                         - - - - -
13
                   September 19, 2013
14
                         - - - - -
15
                   HIGHLY CONFIDENTIAL
16
                         - - - - -
17
18
19
20
21
22
23
24   Reported By: Ronda Weinell
25   Job No: 65971

Page 2

1    VIDEOTAPED DEPOSITION OF TODD CARL MOWRY
2    a witness herein, called by the Defendants for
3    examination, taken pursuant to the Federal
4    Rules of Civil Procedure, by and before
5    Ronda J. Weinell, a Registered Professional
6    Reporter and Notary Public in and for the
7    Commonwealth of Pennsylvania, at the law
8    offices of Eckert Seamans Cherin & Mellott,
9    LLC, U.S. Steel Tower, 44th Floor, 600 Grant
10   Street, Pittsburgh, Pennsylvania, on Thursday,
11   September 19, 2013, at 9:34 a.m.
12                - - - - -
13   COUNSEL PRESENT:
14   For the Plaintiff:
15       Robert Vincent, Esq.
         Gibson Dunn & Crutcher
16       2100 McKinney Avenue
         Dallas, TX 75201
17
     For the Defendants:
18
         Richard Erwine, Esq.
19       Zachariah Summers, Esq.
         Quinn Emanuel Urquhart & Sullivan
20       51 Madison Avenue
         New York, NY 10010
21
22   ALSO PRESENT:
23   James Rumbaugh, Videographer
     Kevin Jeffay
24
25

Highly Confidential

Page 304

| | | |
|---|---|---|
| 1 | processor I believe is entirely consistent with | 18:17 |
| 2 | what it was in the '710 case.  It might even be | 18:17 |
| 3 | identical.  I could check that. | 18:17 |
| 4 | So my understanding is that there is | 18:17 |
| 5 | not a binding claim construction of anything | 18:17 |
| 6 | other than that in this case, so there's not | 18:17 |
| 7 | any conflict there.  So I don't see that as a | 18:17 |
| 8 | conflict. | 18:17 |
| 9 | Q.   But you understand that specific | 18:17 |
| 10 | claim constructions were applied in the '710 | 18:17 |
| 11 | case that haven't specifically been applied | 18:17 |
| 12 | here; is that right? | 18:17 |
| 13 | A.   Specific claim constructions were | 18:17 |
| 14 | applied in the '710 case.  When I did my | 18:17 |
| 15 | analysis here, I took those into account, and | 18:17 |
| 16 | also the claim construction of Judge Posner. | 18:17 |
| 17 | Q.   So you took into account the claim | 18:17 |
| 18 | construction of Judge Posner in determining | 18:17 |
| 19 | that Apple practices the asserted claims of the | 18:17 |
| 20 | '647 patent? | 18:17 |
| 21 | A.   I did not document that in this | 18:17 |
| 22 | case.  I recall doing that in a different case, | 18:18 |
| 23 | yes. | 18:18 |
| 24 | Q.   But you didn't document it in this | 18:18 |
| 25 | case? | 18:18 |

| | | |
|---|---|---|
| 1 | A.   I did not document that in this | 18:18 |
| 2 | case. | 18:18 |
| 3 | Q.   Now, in Paragraph 300 of your | 18:18 |
| 4 | Opening Report, you refer to your discussions | 18:18 |
| 5 | with Apple engineers. | 18:18 |
| 6 | A.   Yes. | 18:18 |
| 7 | Q.   Who did you talk to on this issue? | 18:18 |
| 8 | A.   Well, I think it's the same | 18:18 |
| 9 | discussion we had before.  Oliviet Bonet was | 18:18 |
| 10 | one person, and I believe there were two other | 18:18 |
| 11 | engineers in France. | 18:18 |
| 12 | Q.   Did you speak to a Mr. Denaut? | 18:18 |
| 13 | A.   I don't -- I don't remember the name | 18:18 |
| 14 | off the top of my head.  That may have been the | 18:18 |
| 15 | person, but I really have no memory of the | 18:18 |
| 16 | name.  I'm not very good at remembering names. | 18:18 |
| 17 | Q.   So you're not sure? | 18:18 |
| 18 | A.   I'm not sure sitting here. | 18:18 |
| 19 | Q.   Was -- when you spoke to these | 18:18 |
| 20 | engineers, was counsel present on the call? | 18:18 |
| 21 | A.   Yes.  I believe so. | 18:19 |
| 22 | Q.   Was it Mr. Vincent? | 18:19 |
| 23 | A.   I don't recall exactly.  That's a | 18:19 |
| 24 | likely -- that's likely to be the case. | 18:19 |
| 25 | Q.   But you don't recall specifically? | 18:19 |

Highly Confidential

Page 306

1  A.   I don't recall specifically.  That         18:19
2  was probably true, but I don't recall           18:19
3  specifically.                                   18:19
4  Q.   You use the term data detectors in         18:19
5  various parts of your reports.  Now, you claim  18:19
6  that Apple generally refers to the              18:19
7  functionality covered by the asserted claims as 18:19
8  data detectors; is that right?                  18:19
9       MR. VINCENT:  Objection to the             18:19
10 extent it misstates testimony.                  18:19
11 A.   You say that do I say that Apple           18:19
12 refers to it that way?                          18:19
13 Q.   Yeah.                                      18:19
14 A.   Well, Apple refers to their                18:19
15 embodiment of the invention as data detectors.  18:19
16 I don't know that -- I would say that Apple     18:19
17 generally refers to the '647 technology in      18:19
18 general beyond their implementation as data     18:19
19 detectors.  But that is their name for their    18:20
20 internal embodiment of the invention.           18:20
21 Q.   So if you look at Paragraph 301 of         18:20
22 your Infringement Report --                     18:20
23 A.   Okay.                                      18:20
24 Q.   -- you see where it says, the last         18:20
25 sentence, Apple generally refers to the         18:20