1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
13  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
14
    Attorneys for SAMSUNG ELECTRONICS
15  CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
16  TELECOMMUNICATIONS AMERICA, LLC

17              UNITED STATES DISTRICT COURT

18       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19
    APPLE INC., a California corporation,        CASE NO. 12-CV-00630-LHK (PSG)
20
                    Plaintiff,                   **SAMSUNG'S OPPOSITION TO APPLE'S**
21                                               **MOTION TO STRIKE ARGUMENTS**
           vs.                                   **FROM SAMSUNG'S INVALIDITY AND**
22                                               **NON-INFRINGEMENT EXPERT**
    SAMSUNG ELECTRONICS CO., LTD., a             **REPORTS REGARDING APPLE**
23  Korean business entity; SAMSUNG              **PATENTS**
    ELECTRONICS AMERICA, INC., a New
24  York corporation; SAMSUNG                    Date: December 10, 2013
    TELECOMMUNICATIONS AMERICA,                  Time: 10:00 a.m.
25  LLC, a Delaware limited liability company,   Place: Courtroom 5
                                                 Judge: Honorable Paul S. Grewal
26                  Defendants.

27

28

# TABLE OF CONTENTS

Page

I.     LEGAL STANDARD ................................................................................................. 1

II.    THERE IS NO BASIS TO STRIKE SAMSUNG'S EXPERTS' OPINIONS...................... 2

       A.     Samsung Timely Disclosed Its Theories Of Invalidity ............................................. 2

              1.     Dr. Chase Opined On Invalidity Theories That Samsung Disclosed
                     In Its Contentions ........................................................................................... 2

                     (a)     Windows Mobile ................................................................................. 2

                     (b)     Evolution ............................................................................................. 5

                     (c)     iSync .................................................................................................... 7

              2.     Dr. Jeffay Opined On Invalidity Theories That Samsung Disclosed
                     In Its Contentions ........................................................................................... 7

                     (a)     Samsung timely disclosed its invalidity theory based on the
                             Sidekick Handbook ............................................................................. 7

                     (b)     Samsung's invalidity theory based on the MHonArc
                             System/Mosaic System was timely disclosed ................................. 10

                     (c)     Background information in Dr. Jeffay's Report based on his
                             past experiences should not be stricken ........................................... 11

              3.     Demonstratives For WAIS And AppleSearch Prior Art Were
                     Properly Disclosed; Apple Has No Legal Basis For Striking
                     Demonstratives ............................................................................................. 12

                     (a)     The AppleSearch and WAIS demonstration systems were
                             properly disclosed ............................................................................. 13

                     (b)     The Windows Mobile and Evolution demonstration systems
                             were properly disclosed ..................................................................... 14

              4.     Samsung's Rebuttal Reports Addressed New Theories And
                     Opinions Presented In Apple's Opening Expert Reports ............................ 15

                     (a)     Dr. Rinard's analysis of prior art in his Rebuttal Report could
                             not have been provided in his Opening Report due to
                             Apple's late disclosure of its claim construction theories ............... 16

                     (b)     Dr. Chase's Rebuttal Report disclosed no new opinions
                             regarding prior art ............................................................................. 17

              5.     Samsung Properly Offered Certain Indefiniteness Theories In
                     Rebuttal ......................................................................................................... 17

(a)    Dr. Jeffay's Opinion That Claim 1 of the '647 Patent is Indefinite Was Properly Included in his Rebuttal Report .............. 17

(b)    Dr. Wigdor's analysis of the indefiniteness of claim 18 in his rebuttal report was provided in response to Dr. Cockburn's interpretation of the claim ................................................ 18

6.    The Court Should Not Strike The Portions Of Dr. Greenberg's Report Concerning Apple's Failure To Identify Any "Instructions" ......... 18

B.    Dr. Jeffay's Use Of Judge Posner's Opinion In *Apple v. Motorola* Was Proper ...................................................................................... 20

C.    Dr. Rinard Did Not Rely On Unproduced Source Code ......................................... 21

1.    Data Regarding User Preferences For Accused Features............................ 21

2.    Data Regarding Time Required To Carry Out Design Changes ................ 22

D.    Dr. Rinard's Access To Google Source Code Was Proper ..................................... 23

III.    CONCLUSION ............................................................................................................. 25

SAMSUNG'S OPP. TO APPLE'S MOT. TO STRIKE ISSUES RELATED TO APPLE PATENTS

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amtel Corp. v. Info Storage Devices, Inc.,* No. C 95-1987 FMS,
   1998 WL 775115 (N.D. Cal. Nov. 5, 1998)................................................................1

*Apple Inc. v. Samsung Elecs. Co., Ltd.,*
   No. 11-cv-1846-LHK, 2012 WL 2499929 (N.D. Cal. June 27, 2012) ......................12

*Apple Inc. v. Motorola Inc. et al.,*
   Case No. 1:11-cv-08540 (N.D. Ill.).........................................................................20

*DCG Sys. v. Checkpoint Techs., LLC,*
   No. 11-CV-03729 ....................................................................................................1

*Fantasy Sports Props., Inc. v. Sportsline.com, Inc.,*
   287 F.3d 1108 (Fed. Cir. 2002) ..............................................................................14

*Fenner Invs., Ltd. v. Hewlett-Packard Co.,*
   No. 08-CV-273, 2010 WL 786606 (E.D. Tex. Feb. 26, 2010) ...................................2

*GenSci OrthoBiologics v. Osteotech, Inc.,*
   2001 WL 36239743 (C.D. Cal. Oct. 18, 2001) ...................................................16, 23

*Genentech v. Trustees of Univ. of Penn., No. C 10-2037 (PSG),*
   2012 WL 424985 (N.D. Cal. Feb. 9, 2012).......................................1, 2, 14, 16, 23

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
   467 F.3d 1355 (Fed. Cir. 2006) ................................................................................1

*Oracle Am., Inc. v. Google Inc.,*
   No. C 10-3561 (WHA), 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011).............1, 2, 4

*Prism Techs., LLC v. AT&T Mobility, LLC,*
   8 2013 WL 100390 (D. Neb. Jan. 8, 2013) .............................................................25

*Stonebrae, L.P. v. Toll Bros., Inc.,*
   2011 WL 1334444 (N.D. Cal. Apr. 7, 2011) ...........................................................15

**Statutes**

35 U.S.C. § 102 .................................................................................................................7

35 U.S.C. § 102(a)............................................................................................................9

35 U.S.C. § 102(b) ...........................................................................................................9

35 U.S.C. § 102(e)............................................................................................................9

35 U.S.C. § 102(f).............................................................................................................9

35 U.S.C. § 102(g) .................................................................................................................9

35 U.S.C. § 102(f) .................................................................................................................9

35 U.S.C. § 103 .....................................................................................................................9

Fed. R. Evid. 703..................................................................................................................15

## MEMORANDUM OF POINTS AND AUTHORITIES

Apple's motion to strike is a transparent attempt to manufacture reciprocal disputes, regardless of merit.   Apple did not raise even *one* of the complaints in its motion until two weeks *after* Apple learned Samsung would move to strike new theories in Apple's expert reports.   (Ex. 1 (Oct. 4, 2013 Thakur Letter to Buroker); Ex. 2 (Oct. 17, 2013 Buroker Letter to Thakur).)   But there is one problem with Apple's effort at tit-for-tat motion practice: Samsung *did not include new theories in its expert reports*.   Instead, Samsung's experts opined on the same theories disclosed in Samsung's contentions and interrogatory responses.   Apple's effort to manufacture disputes fails, and its motion should be rejected in short order.

## I.    LEGAL STANDARD

The purpose of the Patent Local Rules is to "require parties to crystallize their theories of the case early in the litigation."   *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Amtel Corp. v. Info Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998)).   But the rules do not require parties to "'prove up' their theories . . . at the time they make their contentions."   (Dkt. 636 at 6 (*citing DCG Sys. v. Checkpoint Techs., LLC*, No. 11-CV-03729 (PSG), 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012)).   Thus, a party need not include in its contentions every piece of evidence it will use to support its already disclosed theories.   *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. C 10-3561 (WHA), 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011) ("That a particular document or source code file was not cited in a party's infringement disclosures does not automatically preclude the party from using that document or file to support a *theory* that was timely disclosed."); *see also Genentech v. Trustees of Univ. of Penn.*, No. C 10-2037 (PSG), 2012 WL 424985, at *1 n.7 (N.D. Cal. Feb. 9, 2012) (contentions and expert reports are not co-extensive, and contentions need include all the evidence a party needs to prove its case).

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, DKT. 1056.

## II.     THERE IS NO BASIS TO STRIKE SAMSUNG'S EXPERTS' OPINIONS

### A.     Samsung Timely Disclosed Its Theories Of Invalidity

Apple moves to strike multiple prior art references – not because they are new, but because they are "key."   (Mot. at 3.)[1]   But this "key" prior art was disclosed in Samsung's contentions. Its invalidating functionality was described there at length.   Apple complains Samsung did not prove up its invalidity case *in the contentions*, by citing each and every source code file that implemented the invalidating functionality.   This is meritless.   This Court regularly rejects similar motions.[2]   Apple's attempt to avoid invalidating prior art should likewise be rejected.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dtk. 1056.

---

[1]     References to Apple's Motion to Strike Arguments From Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents, Dkt. 882-3, are cited as (Mot. at _.). References to the Declaration of Michael L. Fazio In Support of Samsung's Opposition to Apple's Motion to Strike, filed herewith, are cited as (Ex. _.).
[2]     *See, e.g.*, *Oracle*, 2011 WL 4479305, at *3; *Genentech*, 2012 WL 424985, at *1 n.7; *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, DKT. 1056

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint chart Identifying remaining Issues In Motions to Strike, Dkt. 1056.

9

10

11

12

13

14

15

16

17

18

19  _____

20

21

22

23

24

25

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

26

27

28

1

2

3

4

5

6           Portion is withdrawn with prejudice by agreement of the parties, as indicated in
7            the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

8

9

10

11

12

13

14

15

16          **2.      Dr. Jeffay Opined On Invalidity Theories That Samsung Disclosed In
                       Its Contentions**

17                    (a)     Samsung timely disclosed its invalidity theory based on the Sidekick
18                            Handbook

19          Apple seeks to exclude Dr. Jeffay's invalidity opinions concerning the Sidekick Handbook

20  because, according to Apple, it did not have notice of the Sidekick Handbook as invalidating prior

21  art.   This is false.   Samsung expressly disclosed the Sidekick Handbook in its invalidity

22  contentions and provided a limitation-by-limitation analysis in the accompanying charts, despite

23  Apple's insistence to the contrary.   Samsung explained that the Sidekick System anticipates

24  under 35 U.S.C. § 102 as described by, among other publications, the Sidekick Handbook.

25          Apple does not dispute that the Sidekick Handbook describes the Sidekick System.

26  _____

27  Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart
    Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

28

1   Instead, Apple alleges that this is insufficient notice that the Sidekick Handbook *by itself*

2   anticipates.   Apple is off base.   Indeed, in Samsung's Third Amended Patent Local Rule 3-3 and

3   3-4 Disclosures, ***Samsung expressly identified the "Sidekick Version 1.5 Owner's Handbook" as***

4   ***a reference that "anticipate[s] under 35 U.S.C. § 102(a), (b), (e), (f) and/or (g) or render[s]***

5   ***obvious under 35 U.S.C. § 103 … the asserted claims of the '647 Patent."***   (Dkt. 540-16 at 20,

6   29.)   This alone defeats Apple's Motion.   But Samsung also separately described its invalidity

7   theory based on the Sidekick Handbook in detail in its invalidity chart for Sidekick.   (Ex. 13

8   (Samsung's Second Amended Invalidity Contentions, Ex. B-3).)   That chart states that "[t]he

9   Sidekick Handbook was published no later than March 1985" – long before the alleged invention

10  of the '647 patent – "in the United States and describes the operation of the Sidekick software

11  program, version 1.5."   (*Id.* at 1.)   For the limitations of the asserted claims, Samsung's charts

12  provide non-exhaustive cites to the Sidekick Handbook.   (*Id.*)   As such, Dr. Jeffay's opinions

13  regarding the Sidekick Handbook as an anticipatory reference do not constitute a new theory.[14]

14          Indeed, Apple has known about the Sidekick Handbook for years.   Motorola first

15  identified the Sidekick Handbook as prior art in early 2012 during the *Apple-Motorola* litigation in

16  the Northern District of Illinois,[15]  and Samsung also relied on it during the PI phase, also in 2012.

17  (*See* Cohen PI Decl. Ex. D (Dkt. 118-4) at 1 ("References cited:   SKOH – *Sidekick Version 1.5*

18  *Owner's Handbook*, Borland International, Inc, Scotia Valley, CA, March 1985.").)   Samsung's

19  expert during the PI phase prepared an invalidity chart specifically mapping the Sidekick

20  Handbook to the asserted claims (*id.*) and opined that the Sidekick Handbook anticipated the then-

21  asserted claims (Ex. 14 (Cohen PI Decl.) ¶ 118-120 ("Sidekick, as disclosed in the 1985

22

23  [14]   Apple even asserts that Samsung's theory of anticipation by the Sidekick Handbook was not disclosed "during fact discovery" but instead "for the first time in the opening expert report of
24  Dr. Jeffay."   (Mot. at 7.)   Apple is once again wrong.   Prior to the July 15, 2013 close of fact discovery, Samsung expressly identified, in its July 8, 2013 Reduction of Invalidity References, the "*Sidekick Version 1.5 Owner's Handbook*, Borland International, Inc, Scotia Valley, CA,
25  March 1985 ('*Sidekick Handbook*')" as one of its nine invalidity references for the '647 patent. (Dkt. 671 at 2.)
26  [15]   *See* Supp. Fazio Daubert Decl. Ex. Q (Dkt. 948-25, Mowry Second Supp. Motorola Report) at ¶¶ 50-78 ("Dr. Clark newly asserts the Sidekick Handbook, which describes an IBM-
27  compatible Personal Information Management software . . . Dr. Clark cites for support . . . a handbook published in March of 1985 ('Sidekick Handbook').").
28

1  Handbook, included all of the limitations of claims 1 and 8 of the '647 patent.")).   Furthermore,

2  Apple recognized during fact discovery that Samsung had disclosed that the Sidekick Handbook

3  alone as an invalidating reference, as evidenced by Apple's explicit attempts to distinguish the

4  Sidekick Handbook from the claims, including dependent claim 9.   (*See, e.g.*, Supp. Fazio MSJ

5  Decl. Ex. 1 (Dkt. 946-13, Apple's Supplemental Responses to Samsung's Interrogatories (Nos. 1,

6  5, 7, 8, 10, 14, 15, 25, 26, 27, 39, and 41)) at 286-87.)

7        In spite of all of this, Apple still claims to be prejudiced by its alleged lack of notice.   For

8  instance, Apple argues that it would require additional discovery to determine "whether [the

9  Sidekick Handbook] truly qualifies as a printed publication."   (Mot. at 8.)   But Apple, well

10  aware of the Sidekick Handbook as prior art, has already deposed at least one fact witness, third-

11  party Lars Frid-Nielsen, about the Handbook.   Samsung went out of its way to ensure Apple had

12  the opportunity to take discovery on Sidekick, including the Handbook, by offering Mr. Frid-

13  Nielsen for deposition in New York despite his permanent residency in Denmark.   (Ex. 15 (Frid-

14  Nielsen Dep.) at 5:11-15.)   At that deposition, Apple questioned Mr. Frid-Nielsen about the

15  Handbook, marking it as an exhibit and asking if the Sidekick Handbook was shipped with

16  purchased versions of Sidekick.   (*Id.* at 46:14-23 ("Q.   Do you know whether this manual was

17  the version that would have been shipped with the product absent the handwriting?   A.   I

18  believe so.") (objection omitted).)   Apple's prejudice claims lack merit.

19        Apple also alleges that Samsung's invalidity contentions did not provide specific citations

20  to the Sidekick Handbook for dependent claims 6 and 9.   But Apple was certainly on notice that

21  the Sidekick Handbook anticipated or rendered obvious those claims as evidenced by Samsung's

22  Rule 3-3 and 3-4 Disclosures, referenced above.   ((Dkt. 540-16 at 20, 29.) (identification of the

23  "Sidekick Version 1.5 Owner's Handbook" as a reference that "anticipates under 35 U.S.C. §

24  102(a), (b), (e), (f) and/or (g) or render[s] obvious under 35 U.S.C. § 103 . . . the asserted claims of

25  the '647 Patent."))   Dr. Jeffay's reliance on the Sidekick Handbook to show invalidity of

26  dependent claims 6 and 9 is consistent with Samsung's previous disclosures.   (*See id.*)   Indeed,

27  Apple's suggestion that Dr. Jeffay should be limited to exactly the citations identified by Samsung

28  in forming his opinions would defeat the entire point of having an independent expert testify; Dr.

1    Jeffay should not be limited to the exact portions of the Sidekick Handbook identified by Samsung

2    prior to his involvement in the case.

3                    (b)    Samsung's invalidity theory based on the MHonArc System/Mosaic
                            System was timely disclosed
4

5        Apple claims "Samsung never contended in its invalidity contentions that [] MHonArc and

6    Mosaic were part of the same single system." (Mot. at 8.)   As with the Sidekick Handbook, this

7    argument strains credulity, and indicates an apparent unwillingness on Apple's part to even

     attempt in good faith to understand Samsung's invalidity theories.   Notably, Apple admits that
8
     Samsung properly disclosed the Mosaic and MHonArc systems separately. (*Id.* at 8-9.)   Apple
9
     argues, however, that Samsung "recognized that those two systems are distinct – not a single
10
     solidary [sic] anticipatory system." (*Id.* at 9.)   This allegation misrepresents both Samsung's
11
     invalidity theories and the charts in which Samsung disclosed them.   Samsung disclosed early on
12
     its theory that it was "natural and obvious to use Mosaic in combination with MHonArc to process
13
     the MHonArc output data." (Ex. 17 (Samsung's Amended Invalidity Contentions, Ex. B-1) at 8.)
14
     Apple conveniently ignores that at a deposition *conducted by Apple*, Earl Hood, the author of the
15
     MHonArc software, confirmed that MHonArc is used with Mosaic.   (Ex. 16 (Hood Dep.) at
16
     50:17-51:10; 51:16-52:1.)
17
         Like the Sidekick reference, Apple claims the MHonArc System/Mosaic System was not
18
     disclosed "during fact discovery" but instead "for the first time in the opening expert report of Dr.
19
     Jeffay." (Mot. at 7.)   But during fact discovery Samsung *expressly disclosed*, in its July 8, 2013
20
     Reduction of Invalidity References, the "MHonArc System/Mosaic System" as one of its nine
21
     invalidity references for the '647 patent.   (Dkt. 671 at 2.)
22
         Apple does not dispute that MHonArc and Mosaic are used together.   Nor could it, as
23
     Apple previously addressed this system during fact discovery.   In its responses to Samsung's
24
     Interrogatory No. 26, Apple addressed the art as "Mosaic + MHonArc" and discussed them
25
     together.   (*See, e.g.*, Supp. Fazio MSJ Decl. Ex. 1, (Dkt. 946-13, Apple's Supplemental
26
     Responses to Samsung's Interrogatories (Nos. 1, 5, 7, 8, 10, 14, 15, 25, 26, 27, 39, and 41)) at
27
     114-120.)   Indeed, Apple's interrogatory responses, in which it argues that "Mosaic + MHonArc
28

1  does not anticipate," undermine Apple's ability to now argue that this was not disclosed as an

2  anticipatory system.   (*Id.* at 120.)   Clearly Apple understood it as such.

3      Moreover, Samsung's invalidity chart for Mosaic identified where individual limitations

4  were found in *both* the Mosaic and MHonArc systems.   (Ex. 17 (Samsung's Amended Invalidity

5  Contentions, Ex. B-1).)   As best Samsung can tell, Apple contends that Samsung should have

6  served an additional invalidity chart, with *exactly the same disclosures*, relabeling the prior art as

7  the "MHonArc system/Mosaic system" in the front matter.   Apple's complaint thus appears to be

8  one of semantics.   A dispute over the labeling of the information timely disclosed by Samsung

9  does not render those disclosures inadequate.   Samsung timely disclosed this invalidity theory.

10              (c)      Background information in Dr. Jeffay's Report based on his past
                                  experiences should not be stricken

11

12      Apple's complains about the so-called "Jeffay Alleged Prior Art" are similarly without

13  merit.   Apple essentially seeks to penalize Dr. Jeffay for *full disclosure* of the basis for his

14  opinions.   Instead of simply *saying* that certain information would be available to one of ordinary

15  skill in the art in performing a validity analysis, Dr. Jeffay proved it by setting forth evidence of

16  publications and systems in existence at the time of the patent.[16]   This stands in stark contrast to

17  the approach of Dr. Mowry, for instance, who relied at deposition on his "general knowledge" and

18  "background and experience" with certain concepts, but admitted he did not set forth the content

19  of that "experience" or "general knowledge" in his report.   (Ex. 19 (Mowry Dep.) at 250:16-

20  251:3; 255:2-25; 263:13-266:13; 267:25-268:14.)

21      Importantly, Dr. Jeffay is not arguing that *any* of the prior art software identified in

22  Apple's motion invalidates the asserted claims of the '647 patent.   The Patent Local Rules do not

23  require Samsung to cite every background or state-of-the-art reference in its contentions.   *See*

24  _____

25  [16]    Dr. Jeffay's description of the state of the art in 1994 pursuant to the first *Graham* factor
        spans over 100 paragraphs and references dozens of prior art references.   (Ex. 18 (Jeffay Opening
        Report) ¶¶ 171-282).   Apple, however, only moves to strike a handful of those references.

26  (Mot. at 9).   Apple does not dispute, and in fact ignores, that the *vast majority* of the art discussed
        in this portion of Dr. Jeffay's report was disclosed in Samsung's invalidity contentions.   (*See*

27  Mot. at 9.)   Instead, Apple only takes issue with the small subset of references that Dr. Jeffay
        discussed based on his own personal knowledge.

28

1   Pat. Loc. R. 3-3(a) ("The identity of each item of prior art that allegedly anticipates each asserted

2   claim or renders it obvious.").   And there is no prohibition, in this Court's rules or otherwise, on

3   an expert using his past experience in the relevant field (*i.e.*, his expertise) to form his invalidity

4   opinion.   This is what Dr. Jeffay has done, describing additional materials related to the state of

5   the art for the '647 patent that he, and not Samsung, was aware of and had previously used.

6        Indeed, in the prior case between these parties, Apple similarly moved to strike portions of

7   the expert report of one of Samsung's experts, Dr. Andries Van Dam, arguing that Dr. Van Dam's

8   report included "six alleged prior art references never previously disclosed in Samsung's Invalidity

9   Contentions."   *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-1846-LHK, 2012 WL

10  2499929, at *3 (N.D. Cal. June 27, 2012).   This Court granted Apple's motion, but only insofar

11  as the complained-about references were being used for "any purpose ***other than to provide***

12  ***background*** for the technology claimed."   *Id.* (emphasis added).   Just as in the previous case,

13  the state-of-the-art references cited in Dr. Jeffay's report merely provide the background that a

14  person of ordinary skill in the art would have been aware of at the time.   *Id.*

15       Apple suggests that only references which are "properly charted [to show] where each

16  claim element [is] disclosed" are eligible for inclusion in an expert's report.   (Mot. at 10.)   Yet

17  Apple ignores that its own experts did *exactly the same thing* Apple argues should be stricken

18  from Dr. Jeffay's report.   For example, when attempting to establish the value of the invention of

19  Samsung's '087 patent, Apple's expert Dr. Thomas Fuja describes a book – "'*HSDPA/HSUPA for*

20  *UMTS: High Speed Radio Access for Mobile Communications*,' edited by Holma and Toskala"—

21  never disclosed to Samsung.   (*See* Ex. 20 (Fuja Opening Rep.) at ¶ 861.)   Similarly, Dr. Richard

22  Taylor, Apple's expert on Samsung's '757 patent, relied on numerous previously undisclosed

23  references when describing what he considered to be well known in the art. (*See, e.g.*, Ex. 21

24  (Taylor Opening Rep.) at ¶ 46 (*citing* "Design, Implementation, and Evaluation of a Revision

25  Control System"); ¶ 49 (*citing* "ISO/IEC 10918-1:1994" and "ISO/IEC 11172-3:1993").)

26

27           Portion is withdrawn with prejudice by agreement of the parties, as indicated in
             the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

28

1

2

3

4

5

6

7

8

9

10

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

5

6

7

8

9

10
                    Portion is withdrawn with prejudice by agreement of the parties, as indicated in

11
                  the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

12

13

14

15

16

17

18

19

20

21

22
_____

23

24

25
                   Portion is withdrawn with prejudice by agreement of the parties, as indicated in

26
                  the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1

2

3

4

       Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

5

6

7

8        **B.**     **Dr. Jeffay's Use Of Judge Posner's Opinion In *Apple v. Motorola* Was Proper**

9        Apple moves to strike from Dr. Jeffay's rebuttal report any discussion of Judge Posner's

10 findings in *Apple Inc. v. Motorola Inc. et al.*, Case No. 1:11-cv-08540 (N.D. Ill.), Dkt. 1038

11 regarding the ease of designing around the '647 patent.    According to Apple, this is a "non-

12 infringing alternative [] not disclosed to Apple during discovery."    (Mot. at 17.)   As an initial

13 matter, Samsung did not explicitly identify the description in Judge Posner's opinion as a design

14 around because Samsung contends that its products *already* operate in the manner Judge Posner

15 described – that it, what is described by Judge Posner is not a design around but a reason the

16 Samsung products do not infringe.    Should the jury disagree with Samsung that its products

17 already operate in the manner described, any remaining modifications would be simple, as Judge

18 Posner found.

19        Regardless of how Samsung's devices work, there is no question that Apple was on notice

20 of the alternative Judge Posner described.    Indeed, Apple – and not Samsung – was a named

21 party to the opinion cited by Samsung and Dr. Jeffay.    Notably, *Apple's* expert relies on Judge

22 Posner's opinions in the Motorola litigation to support his opinions in this case – he just chose to

23 ignore those opinions that contradict his own.   (Ex. 43 (Mowry Opening Report) ¶ 5.)   To claim

24 lack of notice is counterfactual; Apple, and Apple's expert, were well aware of Judge Posner's

25 _____

26   24

27

28        Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1   varied opinions in the Motorola litigation but chose not to address them despite the fact they

2   directly contradict Apple's position that there are no acceptable non-infringing alternatives.

3          Moreover, contrary to Apple's assertions, Dr. Jeffay cites Judge Posner's findings

4   primarily to reinforce the "ease of designing around the patent claims at issue," *not* to introduce a

5   new design around or non-infringing alternative.    (Furman Decl. Ex. 5 (Dkt. 882-11, Jeffay

6   Rebuttal Report) ¶¶ 119, 124, 487.)    Apple leaves out the fact that its own expert, Dr. Mowry,

7   asserts that there are *no* acceptable non-infringing alternatives to the '647 patent.    (Ex. 43

8   (Mowry Opening Report) at ¶ 18 ("Samsung's identified non-infringing alternatives (to the extent

9   they are actually non-infringing) are clearly inferior to the technology claimed in the '647

10  Patent.").)    Judge Posner's opinion goes to the weight (or lack thereof) Dr. Mowry's opinions

11  should receive.

12

13

14

15

16

17

18

19

20              Portion is withdrawn with prejudice by agreement of the parties, as indicated in

21              the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13   Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Portion is withdrawn with prejudice by agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

1
2
3
4
5
6
7
8
9
10
11
12
13     Portion is withdrawn with prejudice by agreement of the parties, as indicated in
       the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.
14
15
16
17
18
19
20
21
22
23
24
25     _____
26
27     Portion is withdrawn with prejudice by agreement of the parties, as indicated in
       the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.
28

1

2

3

4

Portion is withdrawn with prejudice by Agreement of the parties, as indicated in
the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

5

6

7

8   **III.    CONCLUSION**

9      For the foregoing reasons, Apple's motion to strike should be denied.

10  DATED:    November 19, 2013         QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
11

12
                                        By  */s/ Victoria F. Maroulis*
13                                          Charles K. Verhoeven
                                            Kevin P.B. Johnson
14                                          Victoria F. Maroulis
                                            William C. Price
15                                          Michael L. Fazio

16
                                        Attorneys for
17                                      SAMSUNG ELECTRONICS CO., LTD.,
                                        SAMSUNG ELECTRONICS AMERICA, INC.,
18                                      and SAMSUNG TELECOMMUNICATIONS
                                        AMERICA, LLC
19

20

21  _____

22

23

24

25  Portion is withdrawn with prejudice by agreement of the parties, as indicated in
     the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

26

27

28

<u>**ATTESTATION OF E-FILED SIGNATURE**</u>

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file Samsung's Opposition to Apple's Motion to Strike Arguments From Samsung's Invalidity and Non-Infringement Expert Reports Regarding Apple Patents.   In compliance with Civil L.R. 5-1(i), I hereby attest that Victoria F. Maroulis has concurred in this filing.


Dated:   November 19, 2013                              */s/ Patrick D. Curran*
                                                                 Patrick D. Curran