# EXHIBIT 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3263

WRITER'S INTERNET ADDRESS
amarthakur@quinnemanuel.com

October 4, 2013

VIA ELECTRONIC MAIL

Brian Buroker
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

Re:   Apple v. Samsung Elecs., et al., Case No. 12-CV-00630-LHK (N.D. Cal.)

Dear Brian:

I write regarding Apple's expert reports regarding the alleged infringement and validity of Apple's patents-in-suit.

Apple has improperly included theories in its expert reports that were not disclosed in any of its patent local rule disclosures, and for which Apple could not establish good cause to amend even if it had moved to do so.  In addition, Apple has improperly relied upon documents and theories not disclosed in Apple's responses to Samsung's interrogatories.

Samsung identifies the following portions of Apple's expert reports as introducing theories not contained in Apple's Patent Local Rule 3-1 disclosures or in Apple's responses to Samsung's interrogatories:

**'959 and '414 Patents**

- **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

-

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

- 
- 
- 
- 
- 
- 
- 
- 
-

- **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

- 

### '721 and '172 Patents

- 

- 

- 

- 

- 

### '647 Patent

- The addition of infringement theories under the Doctrine of Equivalents, similar to those expressly prohibited by Judge Grewal, which are not found in Apple's infringement contentions. (*See, e.g.*, Mowry Opening Report ¶¶ 148, 204, 252.)

3

- The addition of theories relating to Apple's alleged practice of the '647 Patent based on source code for versions of iOS not cited or analyzed in Dr. Mowry's report. (*See, e.g.*, Mowry Opening Report ¶¶ 298-305.)

- Reliance on documents and things produced in ITC Investigation No. 337-TA-710 to show Apple's alleged practice of the '647 Patent. (*See, e.g.*, Mowry Opening Report ¶¶ 298-305.)

- Reliance on discussions with Apple engineers who are not named and who were not identified in Apple's initial disclosures or interrogatory responses to support Apple's alleged practice of the '647 Patent. (*See, e.g.*, Mowry Opening Report ¶¶ 300, 304; Mowry Rebuttal Report ¶ 391.)

- The addition of a theory that the functionality in iOS version 3 that allegedly practices the '647 Patent originated in Mac OS X, and that Mac OS X practices the '647 Patent. (*See, e.g.*, Mowry Opening Report ¶ 304; Mowry Rebuttal Report ¶ 391.)

Very truly yours,

Amar L. Thakur

4