# EXHIBIT 2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Brian M. Buroker
Direct: +1 202.955.8541
Fax: +1 202.530.4200
BBuroker@gibsondunn.com

Client: 03290-00026

ATTORNEYS' EYES ONLY – CONTAINS REFERENCES TO THIRD
PARTY SOURCE CODE AND APPLE SOURCE CODE

October 17, 2013

<u>VIA ELECTRONIC MAIL</u>

Amar L. Thakur, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:     <u>Apple v. Samsung Elecs. Co. et al., No. 12-cv-0630</u>

Dear Amar

I write regarding Samsung's expert reports.  Samsung's expert reports are improper in a
variety of ways, including the ones identified below:

### '647 Patent

- The discussion of prior art "systems" and "demonstrations" Dr. Jeffay plans to discuss at
  trial that rely on information not produced in discovery and not disclosed in Samsung's
  invalidity contentions.  For example, Dr. Jeffay discusses programs he wrote or was
  aware of before the filing date of the '647 patent, none of which was mentioned or
  produced in Samsung's invalidity contentions or in discovery generally.  *See, e.g.*, Jeffay
  Opening Report, ¶¶ 173-192.  Samsung's reliance on this undisclosed information and
  so-called "demonstrations" is improper.

- The assertion of new theories that were not disclosed in Samsung's contentions.  For
  example, Dr. Jeffay asserts both the Sidekick "system" and the Sidekick Handbook under
  anticipatory and obviousness theories.  *See, e.g.*, Jeffay Opening Report, ¶¶ 304-374,
  675-703.  Samsung's contentions disclosed only its theory under the Sidekick "system."
  As another example, Samsung's contentions assert the "Mosaic System" as an
  invalidating reference, but Dr. Jeffay's report purports to change this theory to assert the
  "MHonArc system/Mosaic system" as an invalidating reference.  *See, e.g.*, Jeffay
  Opening Report, ¶¶ 375-441, 717-732.  These analyses are an improper attempt to
  circumvent the Court's case narrowing order.   These additional theories are improper.

- The assertion of a new invalidity theory that claim 1 is a "mixed apparatus/method
  claim" that was not disclosed in Samsung's invalidity contentions or in Dr. Jeffay's

opening report. *See, e.g.*, Jeffay Rebuttal Report, ¶¶ 480-483. This additional theory is improper.

- The assertion of new non-infringing alternatives that were not disclosed in Samsung's interrogatory responses. For example, Dr. Jeffay discusses a purported non-infringing alternative allegedly discussed in *Apple v. Motorola*. *See, e.g.*, Jeffay Rebuttal Report, ¶¶ 119, 124, 487, 492-493.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Apple will request that the Court strike the portions of Samsung's expert reports identified above and prohibit Samsung's experts from testifying regarding this stricken material unless you notify us that it will withdraw the indicated sections by Monday, October 21, 2013.  We are also available to discuss these issues.

Sincerely,

Brian M. Buroker

BMB/jg