1   QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
2   Charles K. Verhoeven (Bar No. 170151)
    charlesverhoeven@quinnemanuel.com
3   Kevin A. Smith (Bar No. 250814)
    kevinsmith@quinnemanuel.com
4   50 California Street, 22nd Floor
    San Francisco, California 94111
5   Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
6
    Kevin P.B. Johnson (Bar No. 177129)
7   kevinjohnson@quinnemanuel.com
    Victoria F. Maroulis (Bar No. 202603)
8   victoriamaroulis@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
9   Redwood Shores, California 94065
    Telephone: (650) 801-5000
10  Facsimile: (650) 801-5100

11  William C. Price (Bar No. 108542)
    williamprice@quinnemanuel.com
12  865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
13  Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
14
    Attorneys for SAMSUNG ELECTRONICS
15  CO., LTD., SAMSUNG ELECTRONICS
    AMERICA, INC. and SAMSUNG
16  TELECOMMUNICATIONS AMERICA, LLC

17                  UNITED STATES DISTRICT COURT

18          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

19  APPLE INC., a California corporation,          CASE NO. 12-CV-00630-LHK (PSG)

20              Plaintiff,                         **SAMSUNG'S REPLY IN SUPPORT OF
                                                   ITS MOTION TO STRIKE EXPERT
21  vs.                                            TESTIMONY BASED ON PREVIOUSLY
                                                   UNDISCLOSED THEORIES**
22  SAMSUNG ELECTRONICS CO., LTD., a              Date: December 10, 2013
    Korean business entity; SAMSUNG               Time: 10:00 a.m.
23  ELECTRONICS AMERICA, INC., a New              Place: Courtroom 5
    York corporation; SAMSUNG                     Judge: Honorable Paul S. Grewal
24  TELECOMMUNICATIONS AMERICA,
    LLC, a Delaware limited liability company,        **REDACTED VERSION OF
25                                                 DOCUMENT SOUGHT TO BE SEALED**
                Defendants.
26

27

28

# TABLE OF CONTENTS

**Page**

I.      THE COURT SHOULD STRIKE DR. SNOEREN'S NEW ALLEGATION THAT APPLE PRACTICES CLAIM 34 OF THE '959 PATENT ................................................ 1

II.     THE COURT SHOULD STRIKE DR. SNOEREN'S LATE THEORIES OF VALIDITY ON THE '414 PATENT ................................................................................ 2

    A.      Apple Did Not Disclose A Theory That The "Synchronization Software Components" Of Claim 20 Must Comprise A "Plug-in Model Architecture" ......... 2

    B.      Dr. Snoeren's New Theory Regarding "Providing" A Thread Is New, And Directly Contradicts Binding Testimony By Apple's Corporate Representative ........................................................................................................ 3

III.    THE COURT SHOULD STRIKE DR. SNOEREN'S NEW THEORIES OF VALIDITY FOR THE '959 PATENT ........................................................................... 4

IV.     THE COURT SHOULD STRIKE DR. SNOEREN'S NEW INFRINGEMENT THEORIES FOR THE '959 PATENT ........................................................................... 5

    A.      Apple Has Long Known That The GSA Is Built By Google, Using Source Code Apple Requested From Google ........................................................................ 5

        1.      Samsung Did Not Mislead Apple As To The Location Of Google Search Application Source Code ....................................................................... 6

    B.      Dr. Snoeren Abandoned The "Internet Heuristic" Theory In Apple's Contentions, Replacing It With Two Brand-New Infringement Theories ................ 7

        1.      Blending Theory:  combining local search history with web suggestions ......................................................................................................... 8

        2.      Server Theory:  Google's suggestion server ................................................. 9

        3.      New Theories Of Infringement For Five Samsung Devices ......................... 9

    C.      Apple Should Not Be Permitted To Add A New Accused Product During Expert Discovery ...................................................................................................... 10

V.      THE COURT SHOULD STRIKE DR. SNOEREN'S SUPPLEMENTAL REPORTS ..................................................................................................................... 10

VI.     THE COURT SHOULD STRIKE DR. MOWRY'S NEW DOCTRINE OF EQUIVALENTS THEORIES ...................................................................................... 10

    A.      Apple Failed To Abide By This Court's Patent Local Rules ................................ 11

    B.      Apple Is Attempting To Secure A Strategic Advantage By Amending Its Contentions Late And Without Good Cause ......................................................... 12

C.    Apple Made Contrary Statements To This Court When Moving To Strike
Samsung's Doctrine Of Equivalents Positions...........................................................13

VII.   THE COURT SHOULD STRIKE PORTIONS OF THE MOWRY REPORTS
THAT RELY ON DISCUSSIONS WITH UNDISCLOSED ENGINEERS.....................14

A.    Dr. Mowry's Understandings Are Based On Conversations With Two
Apple Engineers Who Were Never Disclosed To Samsung ..................................14

VIII.  CONCLUSION ...........................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## Cases

*AstraZeneca AB v. Hanmi USA, Inc.*,
  2011 WL 5526009 (D.N.J. Nov. 14, 2011) ................................................................. 13

*CBS Interactive, Inc. v. Etilize, Inc.*,
  257 F.R.D. 195 (N.D. Cal. 2009) ............................................................................... 11

*Crocs, Inc. v. Int'l Trade Comm'n*,
  598 F.3d 1294 (Fed. Cir. 2010) ................................................................................. 15

*Genentech, Inc. v. The Tr. of the Univ. of Pennsylvania*,
  2012 WL 424985 (N.D. Cal. Feb. 9, 2012) ................................................................ 13

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
  370 F.3d 1131 (Fed. Cir. 2004) ................................................................................... 1

*Jones v. Hardy*,
  727 F.2d 1524 (Fed. Cir. 1984) ................................................................................... 1

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
  2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ............................................................. 12

*Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys, Inc.*,
  2008 WL 4601038 (N.D. Cal. Oct. 15, 2008) ........................................................... 10

*Oracle Am., Inc. v. Google Inc.*,
  2011 WL 4479305 (N.D. Cal. Sept. 26, 2011) .......................................................... 10

1   Portion is withdrawn with prejudice by agreement of the parties, as indicated in the
2   Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

Portion is withdrawn with prejudice by agreement of the parties, as indicated in the Joint Chart Identifying Remaining Issues In Motions to Strike, Dkt. 1056.

**VI.**

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

_____

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

A.

15

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

**B.**

1  **PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE PARTIES,**
2  **AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING ISSUES IN**
   **MOTIONS TO STRIKE, DKT. 1056**
3
4
5
6
7
8
9
10
11
12
13
14        **C.**
15
16
17
18
19
20
21
22
23
24
25
26  _____
27
28

1

2

**PORTION IS WITHDRAWN WITH PREJUDICE BY AGREEMENT OF THE
PARTIES, AS INDICATED IN THE JOINT CHART IDENTIFYING REMAINING
ISSUES IN MOTIONS TO STRIKE, DKT. 1056**

3

4

5

6

7

8      **VII.    THE COURT SHOULD STRIKE PORTIONS OF THE MOWRY REPORTS THAT
            RELY ON DISCUSSIONS WITH UNDISCLOSED ENGINEERS**

9

10             Apple acknowledges that it failed to disclose at least one Apple engineer, Alexandre Moha,

whom Dr. Mowry allegedly spoke with concerning Apple's claimed practice of the '647 patent.

11

Apple also does not dispute that another Apple engineer relied on by Dr. Mowry, Olivier Bonnet,

12

was not explicitly identified by Apple in its initial disclosures, interrogatory responses, or Dr.

13

Mowry's reports in this case.  Rather, Apple contends that it disclosed Mr. Bonnet by incorporating

14

hundreds of pages of Dr. Mowry's previous reports where Mr. Bonnet was named.  (Ex. 8 at 51).

15

Because Apple failed to properly disclose these engineers in its initial disclosures or interrogatory

16

responses, Dr. Mowry's opinions concerning Apple's practice of the patent should be stricken, or

17

Samsung should be afforded the opportunity to depose those engineers.[18]

18

19             **A.    Dr. Mowry's Understandings Are Based On Conversations With Two Apple
                    Engineers Who Were Never Disclosed To Samsung**

20             Apple provides no explanation for why it did not identify Mr. Moha or Mr. Bonnet in its

21    initial disclosures, or otherwise make them available to Samsung for deposition.  (*See* Opp. at 21.)

22    Incredibly, Apple claims that it disclosed Mr. Bonnet, not in its initial disclosures or even in the

23    body of any of its discovery responses, but in the hundreds of pages of Dr. Mowry's reports from

24    past cases that Apple incorporated by reference in one of its interrogatory responses.  (*See* Opp. at

25    19, 21; *see also* Rho Ex. V at ¶¶ 184, 186; Ex. 8 at 51.)  Indeed, Apple did not provide any specific

26

----

[18]    Apple claims that Samsung was afforded the opportunity to "explore the alleged bases for
how Apple is practicing the '647 Patent through later versions of iOS" through its deposition of Mr.
Thomas Deniau.  But Mr. Deniau testified that he had never seen the '647 patent.  (Rho Ex. S at
30:7-9 ("Q. . . .[D]o you have any knowledge of what the '647 patent is?  A. No I do not.").)

27

28

-14-                              Case No. 12-CV-00630-LHK (PSG)

1   cites to those reports, instead incorporating them wholly.  Apple could have simply included Mr.

2   Bonnet's name but chose not to.

3        Apple further claims that Samsung has no evidence Dr. Mowry relied on his conversations

4   with these individuals.  (*See id.*)  But Dr. Mowry unequivocally stated he relied on them:

5        •    "Based on my review of certain iOS code *and my discussions with Apple engineers,*
            it is my understanding that Apple devices running iOS 3.0 through 6.0 practice the
6            asserted claims of the '647 Patent."  (Ex. 27 at ¶ 300);

7        •    "*From my discussions with Apple engineers*, I also understand that the data detector
            functionality in iOS 3.0 originated from an existing functionality in Mac OS X . . ."
8            (*Id.* at ¶ 304 (emphasis added).)

9        Dr. Mowry was asked about these discussions during his deposition, but testified that he did

10  not recall the names of those individuals or when the conversations took place.  (Ex. 33 at 305:3-

11  18.)  It was not until after Dr. Mowry's deposition that Apple identified those names.  (Ex. 32.)

12       Apple claims that Dr. Mowry did not rely on those conversations to establish Apple's

13  alleged practice of the '647 patent, but Dr. Mowry offers no other basis for his opinion other than

14  "certain iOS code" that he failed to identify (except for iOS version 3.1.3).  Other than 3.1.3, Dr.

15  Mowry failed to provide any claim charts or any analysis whatsoever to demonstrate that Apple's

16  products practice the patent.  And Apple's assertion that it produced all the code is insufficient; it is

17  Apple's burden to show that it practices the patent, not Samsung's.  *See Crocs, Inc. v. Int'l Trade*

18  *Comm'n*, 598 F.3d 1294, 1311 (Fed. Cir. 2010) ("A prima facie case of nexus is made when *the*

19  *patentee shows* both that there is commercial success, and that the product that is commercially

20  successful *is the invention disclosed and claimed* in the patent.") (emphasis added).  If Apple is

21  willing to abandon its only support for this position, then Dr. Mowry's opinions should be stricken.

22  Otherwise, at a minimum, the Court should allow Samsung to depose Messrs. Bonnet and Moha.

23  **VIII.   CONCLUSION**

24       For the foregoing reasons, Samsung's motion to strike should be granted.

25

26

27

28

-15-

1   DATED:  November 26, 2013          QUINN EMANUEL URQUHART & SULLIVAN, LLP

2                                                     By */s/ Victoria F. Maroulis*
                                                          Charles K. Verhoeven
3                                                        Kevin P.B. Johnson
                                                          Victoria F. Maroulis
4                                                        William C. Price
                                                          Michael L. Fazio
5
                                                          Attorneys for
6                                                        SAMSUNG ELECTRONICS CO., LTD.,
                                                          SAMSUNG ELECTRONICS AMERICA, INC.,
7                                                        and SAMSUNG TELECOMMUNICATIONS
                                                          AMERICA, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 12-CV-00630-LHK (PSG)
SAMSUNG'S REPLY ISO SAMSUNG'S MOT. TO STRIKE BASED ON UNDISCLOSED THEORIES

**ATTESTATION OF E-FILED SIGNATURE**

I, Patrick D. Curran, am the ECF user whose ID and password are being used to file Samsung's Reply In Support Of Samsung's Motion To Strike Expert Testimony Based On Previously Undisclosed Theories.  In compliance with Civil L.R. 5-1(i), I hereby attest that Victoria F. Maroulis has concurred in this filing.

Dated:  November 26, 2013

*/s/ Patrick D. Curran*
Patrick D. Curran