# Exhibit 7

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY
Contains Apple, Samsung, and Third Party Confidential Business Information**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 12-CV-00630-LHK |
| v. | ) |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., a | ) |
| Korean business entity, SAMSUNG | ) |
| ELECTRONICS AMERICA, INC., a New | ) |
| York corporation, and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, | ) |
| LLC, a Delaware limited liability company, | ) |
| | ) |
| Defendants. | ) |
| —————————————————— | ) |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD., a | ) |
| Korean business entity, SAMSUNG | ) |
| ELECTRONICS AMERICA, INC., a New | ) |
| York corporation, and SAMSUNG | ) |
| TELECOMMUNICATIONS AMERICA, | ) |
| LLC, a Delaware limited liability company, | ) |
| | ) |
| Counterclaim-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| APPLE INC., a California corporation, | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| —————————————————— | |

**EXPERT REPORT OF DR. THOMAS E. FUJA
REGARDING NON-INFRINGEMENT OF U.S. PATENT NOS. 7,756,087 AND 7,551,596**

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**

## II.   QUALIFICATIONS AND PROFESSIONAL EXPERIENCE

11.   I summarized in my Opening Report my educational background, career history, publications, and other relevant qualifications.  My Curriculum Vitae, which includes my qualifications as well as my publications within the last ten years, was attached as **Exhibit A** to my Opening Report.  A list of my previous testimony at trial or by deposition was attached as **Exhibit B** to my Opening Report.

## III.   UNDERSTANDING OF THE LAW

12.   I am not an attorney.  For the purposes of this report, I have been informed about certain aspects of the law that are relevant to my analysis and opinions.

### A.   Claim Construction

13.   I have been informed and understand that claim construction is the process by which the Court determines the meaning and scope of disputed claim terms.  I understand that claim construction is an issue of law decided by the Court.  In the absence of a construction for a particular claim term given by the Court, that term is to be given its "plain and ordinary meaning."  I am informed and understand that when a term is given its "plain and ordinary meaning," the claims are accorded the meaning they would have to a person of ordinary skill in the art at the time of the claimed invention, and in light of the teaching of the patent.

14.   I have been informed and understand that claims are to be interpreted in light of the specification of the patent of which they are a part, but that it is improper to import limitations from the specification into the claims.

### B.   Literal Infringement

15.   I have been informed and understand that an infringement analysis for the '087 and '596 patents involves a two-step process.  First, the Court will construe the asserted claims

**SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**
**Contains Apple, Samsung, and Third Party Confidential Business Information**

[c] a transmitter transmitting uplink data according to the
scheduling assignment information in the Node B controlled
scheduling mode, and transmitting uplink data on at least one TTI
of the k TTIs within the period in the non-scheduled transmission
mode;

[d] wherein the parameter k is an integer greater than 0, and less
than or equal to a positive integer N.

**D.      Claim Construction**

69.      It is my understanding that the Court has construed "Non-scheduled transmission"

as "Transmission of data using non-scheduled transmission information to indicate possible

transmission time intervals (TTIs)."  (Dkt. 447 at 37.)

70.      It is my understanding that the parties have agreed that "N" should be construed

as "a positive integer." (Dkt. 389; Dkt. 447 at 32 n.4.)

71.      In my opinion, other than the term the Court has construed and the term the

parties agreed to the construction of, the language in the asserted claims should be given their

plain and ordinary meaning.

**VIII.   '087 PATENT AND THE 3GPP STANDARDS**

**A.      Samsung's Standards-Based Infringement Theory**

72.      I incorporate by reference the discussions related to Samsung's contributions to

the 3GPP Standards set forth in my invalidity report, including but not limited to Part 4, in

particular Part 4, Section I.A.

73.      At paragraph 129 of his report, Dr. Min refers to the Samsung proposal R1-

040861 as "the approach to non-scheduled transmission that was selected by the 3GPP member

companies."  I disagree with this statement.  The R1-040861 proposal requires restricting

transmission to a subset of allowed TTIs, not every TTI.  On the other hand, the approach to non-

SUBJECT TO PROTECTIVE ORDER – HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY
Contains Apple, Samsung, and Third Party Confidential Business Information

## 2.    Mischaracterization of Cited Prior Art

111.    As Dr. Min acknowledges, Samsung submitted few prior art references to the PTO during the prosecution of the '596 patent.  (Min 8/12/13 Report ¶ 169.)  Samsung did not, for instance, submit any of the numerous 3GPP proposals it received from other companies in the course of its participation in developing the HSUPA standards.

112.    Dr. Min suggests that prior art references dealing with "downlink transmission packets" are "irrelevant" to the '596 patent.  (Min 8/12/13 Report ¶¶ 167, 171.)  I disagree.  As I discussed in my invalidity report, a person of ordinary skill would have considered downlink-related art to be relevant to the uplink as well.  (Fuja 8/12/13 Report ¶ 417.)  And in particular, the specific mechanism used in the '596 patent to include control information in a MAC-e PDU—to place the control information in the payload and to use special instances of an existing header field to indicate its inclusion—was earlier disclosed in U.S. Patent App. Pub. No. 2003/0147371 ("'371 application"), a Samsung patent application directed to modifications to a MAC-hs PDU.  (Fuja 8/12/13 Report ¶¶ 564-584.)   The '371 application is therefore highly material to the patentability of the '596 patent even though it relates to downlink transmissions. Moreover, even though the '371 application shares a common named inventor with the '596 patent, Samsung did not disclose the '371 application to the PTO while prosecuting the '596 patent.

## C.    Claim Construction

113.    I am informed and understand that the Court did not construe any claim terms from the '596 patent.  In my opinion, the language in the asserted claims should be given their plain and ordinary meaning.