# Exhibit 8

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>  Defendants. | Civil Action No. 12-cv-00630-LHK |

**Expert Report of Richard Newton Taylor, Ph.D.
Regarding Noninfringement of the Asserted Claims of U.S. Patent No. 7,577,757**

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

device is utilized." (Response to Examination Report of 4th August, 2005 [APL630DEF-WH-A0000009371] at 2.)

### B. Method of Synchronization

28. The '757 patent makes several references to a method of multimedia synchronization:

- "Multimedia Synchronization Method and Device" (*Id.* at Title.)
- "A system and method for synchronizing a multiplicity of devices in a multimedia environment is described." (*Id.* at Abstract.)
- "The method includes providing the plurality of devices, providing the plurality of zones, determining whether a current synchronization point exists, if a previous synchronization point exists, receiving information from a server, if a previous synchronization point does not exists [sic], sending information to a at least one client by a host, wherein the at least one user is disposed to have control, determining what information is needed by the at least one client, and establishing the resultant state as a synchronization point." (*Id.* at 4:36-44; see also 6:32-8:16 and Figures 4-6.)

29. During the prosecution of the '757 patent, the Patent Office issued a restriction requirement and required that the applicants make an election between two claimed inventions: (1) a system for synchronizing a multiplicity of devices and (2) a method for synchronizing a plurality of devices. On March 27, 2008, the applicants withdrew the claims related to the method for synchronizing a plurality of devices. (Taylor Invalidity Report at ¶ 75; *see also* Corrected Schonfeld Opening Report at ¶ 1805.)

30. I understand that, as a matter of patent law, by not claiming an "invention" disclosed in a patent specification, that invention has been dedicated to the public. That is the case here, as the '757 patent has disclosed, but does not claim, the described method of synchronizing multimedia data.

### VII. Claim Construction

31. As discussed in Section VIII of my invalidity report, I have concluded that all

**CONTAINS APPLE AND THIRD PARTY
HIGHLY CONFIDENTIAL INFORMATION**

1  elements of the claims of the '757 patent, other than "zone specific storage and interface
2  device," should receive their plain meaning to one of ordinary skill in the art.

3  32.  However, based on the Corrected Schonfeld Opening Report, it is apparent that
4  Dr. Schonfeld and I have different understandings of the plain meaning of certain claim
5  elements. In those instances where I understand there to be a difference, I have endeavored to
6  set forth my understanding of Dr. Schonfeld's construction in this report.

**A.   "Updated"**

33.  Claim 1 of the '757 patent uses the term "updated in relation to" with respect to "audio, video, or photographic information, relating to at least one user, contained within the zone specific storage and interface device and the central storage and interface device."

34.  Dr. Schonfeld defines the term "updated" as the "automatic change used for synchronization of devices such that a change in one device reflects a change in another device, whereby the change includes both 'content information' and 'content management information' of audio, video, or photographic data." (Corrected Schonfeld Opening Report at ¶ 2155.)

35.  I agree that the term "updated" in Claim 1 requires that **both** "content information" and "content management information," which together comprise "audio, video, or photographic information," be updated on the zone specific storage and interface device and the central storage and interface device. That is, a system that "updates" content information *only* or a system that "updates" content management information *only* would not infringe the '757 patent.

36.  The '757 patent emphasizes throughout that both content information and content management information must be "updated" in the claimed system. For example, the Background of the Invention claims as a drawback to existing multimedia devices that "the listener/viewer must individually purchase the cassette tapes, CDs, videotapes or DVDs" and "transport a large number of cassettes, CDs, videotapes or DVDs to provide a range of musical and video selections." (1:36-40.) The Background of the Invention states that, in light of these purported drawbacks, "it is desirous to have a consumer digitally encode *their entire audio, video, and photographic collections* to be stored on multimedia storage devices, and have *the*

- 8 -