# EXHIBIT 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

| | |
|---|---|
| JOSH A. KREVITT (CA SBN 208552) <br> jkrevitt@gibsondunn.com <br> H. MARK LYON (CA SBN 162061) <br> mlyon@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, California  94304-1211 <br> Telephone:  (650) 849-5300 <br> Facsimile:  (650) 849-5333 | WILLIAM F. LEE (*pro hac vice*) <br> william.lee@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 60 State Street <br> Boston, Massachusetts  02109 <br> Telephone:  (617) 526-6000 <br> Facsimile:  (617) 526-5000 |
| MICHAEL A. JACOBS (CA SBN 111664) <br> mjacobs@mofo.com <br> RICHARD S.J. HUNG (CA SBN 197425) <br> rhung@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California  94105-2482 <br> Telephone:  (415) 268-7000 <br> Facsimile:  (415) 268-7522 | MARK D. SELWYN (CA SBN 244180) <br> mark.selwyn@wilmerhale.com <br> WILMER CUTLER PICKERING <br>   HALE AND DORR LLP <br> 950 Page Mill Road <br> Palo Alto, California  94304 <br> Telephone:  (650) 858-6000 <br> Facsimile:  (650) 858-6100 |

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., a California corporation, <br><br>     Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, <br><br>     Defendants. | Case No. 12-cv-00630-LHK (PSG) <br><br> **APPLE INC.'S OBJECTIONS AND RESPONSES TO SAMSUNG'S TENTH SET OF INTERROGATORIES TO APPLE (NOS. 43-50)** |

INTENTIONALLY OMITTED FROM EXHIBIT/RECORD

**INTERROGATORY NO. 46:**

For each asserted claim for each Samsung Patent, and each Apple Patents-in-Suit identify: (1) a list of all claim terms that YOU contend has a meaning other than plain meaning and should be construed by the Court and identify any claim term which YOU contend should be governed by 35 USC Section 112(6); (2) YOUR construction of each term identified for claim construction, including for each term YOU contend is governed by 35 USC 112 (6), the

1. structure(s), act(s), or material(s) corresponding to that term's function; and (3) for each
2. identified term, all references from the specification or prosecution history that supports YOUR
3. construction, and a designation of any supporting extrinsic evidence including, without
4. limitation, dictionary definitions, citations to learned treatises and prior at, and testimony of
5. percipient and expert witnesses.  Extrinsic evidence shall be identified by production number or
6. by producing a copy if not previously produced.  With respect to any supporting witness,
7. percipient or expert, provide a description of the substance of that witness' testimony that
8. includes a listing of any opinions to be rendered to support YOUR construction.
9. **RESPONSE TO INTERROGATORY NO. 46:**
10.      In addition to its General Objections above, which it hereby incorporates by reference,
11. Apple objects to this Interrogatory as being ambiguous as to the use of the phrasing "meaning
12. other than plain meaning."  In addition, Apple objects to this Interrogatory on the grounds and to
13. the extent that it seeks to circumvent the claim construction procedures set forth in the Court's
14. Local Patent Rules, and to the extent that this interrogatory seeks to impose obligations beyond
15. those of the Federal Rules of Civil Procedure and this Court's Local Patent Rules.  Apple further
16. objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks an
17. identification of "all references from the specification or prosecution history" supporting a
18. particular construction.  Apple further objects to this Interrogatory to the extent that it calls for
19. legal conclusions and prematurely calls for expert testimony or opinions at this stage of
20. litigation.  Apple additionally objects to this Interrogatory to the extent that it seeks information
21. protected from disclosure by the attorney-client privilege, work product doctrine, or other
22. applicable privilege or immunity against disclosure.  Apple also objects to this Interrogatory
23. because it is compound and comprises discrete subparts resulting in separate interrogatories.
24. Subject to and without waiving the foregoing General and Specific Objections, Apple responds
25. that to the extent further claim construction proceedings are necessary, the parties can confer and
26. address with the court at the appropriate time.  Apple notes that the parties participated in a
27.
28.

1 similar late claim construction process in the 1846 Action to resolve claim construction issues

2 that arose after the initial Markman hearing and prior to trial in that matter.

INTENTIONALLY OMITTED
FROM EXHIBIT/RECORD