# EXHIBIT 11

**REDACTED VERSION**

**OF DOCUMENT SOUGHT TO BE SEALED**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, California  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333

WILLIAM F. LEE (*pro hac vice*)
william.lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean business entity; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 12-cv-00630-LHK (PSG)<br><br>**APPLE INC.'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S FIRST SET OF INTERROGATORIES TO APPLE (NO. 12)**<br><br>**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT APPLE INC.'S**
**FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO SAMSUNG'S**
**FIRST SET OF INTERROGATORIES (NO. 12)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33, Apple Inc. ("Apple") hereby provides further supplemental responses to Interrogatory No. 12 served by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLC (collectively, "Samsung") on September 25, 2012. These responses are based on information reasonably available to Apple at the present time. Apple reserves the right to continue discovery and investigation into this matter and reserves the right to amend and supplement these responses when and if additional information becomes available. Apple's objections as set forth herein are made without prejudice to Apple's right to assert any additional or supplemental objections pursuant to Rule 26(e).

**GENERAL OBJECTIONS**

The General Objections set forth in Apple Inc.'s Objections and Responses to Samsung's First Set of Interrogatories, served on November 8, 2012, are incorporated herein by reference.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing qualifications and General Objections and the specific objections made below, Apple objects and responds to Samsung's First Set of Interrogatories as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 12:**

If YOU contend or believe that YOU do not infringe any asserted claim of the SAMSUNG PATENTS, state with specificity the complete factual and legal bases for such contention or belief.

**RESPONSE TO INTERROGATORY NO. 12:**

Apple objects to this Interrogatory as premature to the extent that it: (a) conflicts with the schedule entered by the Court, (b) conflicts with the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules and/or the Patent Local Rules of this Court, and/or any

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

only attempted to identify how each element allegedly reads on an iPhone running iOS 5.1.1.

Accordingly, no response other than with respect to an iPhone running iOS 5.1.1 is required.  In

addition, Samsung has failed to identify the "recording circuit" in any accused product.

Based on Apple's current understanding of the asserted claims of the '449 patent, Apple

states that at least the following limitations of the asserted claims of the '449 patent are not

satisfied by the accused Apple products : "an A/D converter which converts said analog signal

from said imaging device to a digital signal," "a recording circuit which records compressed

data, said compressed data including a moving image signal, and a still image signal"; "a

reproducing circuit which reproduces a moving image signal, a sound signal in synchronous to

said moving image signal, and a still image signal"; "a display which displays said moving

image signals and still image signals outputted from said reproducing circuit, and a list of said

moving image signal and still image signal as a search mode, and a list of classifications as a

classification mode"; "wherein said recording circuit records each one of said plurality of image

signals with classification data"; and "said display lists a plurality of classifications and a number

of images belonging to each classification."

At least because the accused Apple products do not satisfy all the limitations of claim 25

of the '449 patent, they also do not infringe dependent claim 27.

Discovery is still in its early stages and Apple is continuing to investigate.  Apple reserves the

right to supplement and/or amend its response as appropriate.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving the foregoing General and Specific Objections, Apple

supplements its Response to Interrogatory No. 12 as follows:

**'087 PATENT**

Apple has not directly or indirectly infringed the '087 patent, and Samsung's

infringement contentions are deficient and fail to prove infringement in many respects.  As

detailed below, Samsung's contentions fail to explain how Apple has allegedly infringed many

limitations of the asserted claims (thereby precluding Apple from identifying all of its potential

- 20 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

**'239, '449, '757 PATENTS:**

Subject to and without waiving the foregoing General and Specific Objections, Apple supplements its response as follows:

Apple identifies the following additional documents and other evidence that support its contentions set forth above:

- APL630DEF-WH0004031426-4031563, APL630DEF-WH0004031564-4031633, APL630DEF-WH0004031634-4032171.

Discovery is still ongoing and Apple is continuing to investigate.  Apple reserves the right to supplement and/or amend its response as appropriate.

**'470 PATENT:**

Subject to and without waiving the foregoing General and Specific Objections, Apple supplements its response as follows:

Apple identifies the following additional documents and other evidence that support its contentions set forth above:

- APL630DEF-WH0004031426-4031563, APL630DEF-WH0004031564-4031633, APL630DEF-WH0004031634-4032171.
- APL-ITC796-0000524516 - APL-ITC796-0000524691.

Discovery is still ongoing and Apple is continuing to investigate.  Apple reserves the right to supplement and/or amend its response as appropriate.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Subject to and without waiving the foregoing General and Specific Objections, Apple supplements its response as follows:

Apple has not induced infringement of any of the Samsung Patents in Suit because, among other things:  there have been no infringing acts; the Samsung Patents in Suit are invalid; Apple has not actively encouraged infringement of any of the Samsung Patents in Suit; and Apple has a good faith belief that each of the Samsung Patents in Suit is invalid and not

- 91 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

APL630DEF-WH0004397073; APL630DEF-WH0004397157; APL630DEF-WH0004397245; APL630DEF-WH0004397333; APL630DEF-WH0004397421; APL630DEF-WH0004397509; APL630DEF-WH0004397597; APL630DEF-WH0004397599; APL630DEF-WH0004397691; APL630DEF-WH0004397779; APL630DEF-WH0004397867; APL630DEF-WH0004397955; APL630DEF-WH0004398035; APL630DEF-WH0004398179; APL630DEF-WH0004398271; APL630DEF-WH0004398359; APL630DEF-WH0004398447; APL630DEF-WH0004398449.

Apple reserves the right to supplement and/or amend its response as appropriate.**'596 PATENT:**

Samsung's Third Amended Infringement Contentions address only claims 1 and 13 of the '596 patent, consistent with its representations in its June 28, 2013 Case Narrowing Statement that it would dismiss all other previously asserted claims from the '596 patent. Apple therefore understands Samsung to limit its infringement contentions to claims 1 and 13.

As an initial matter, the asserted claims of the '596 patent require the use of specific apparatuses and methods, and do not broadly cover a PDU having a particular format. Accordingly, Samsung's citations to the descriptions of the MAC-e PDU in the 3GPP TS 25.321 standard are insufficient to establish infringement by the Accused Products because the standards do not require devices to use particular apparatuses and methods—much less the apparatuses and methods of the asserted claims—to form the MAC-e PDU. *See*, *e.g.*, Van Lieshout Dep. Tr. at 36:15-38:1; Mennchen Dep. Tr. at 240:10-19. Samsung has failed to show that the Accused Products implement the specific apparatuses and methods claimed in the asserted claims. And Samsung cannot make this showing because, as set forth in more detail below, the Accused Products use apparatuses and methods that are fundamentally different from those of the asserted claims.

Samsung has failed to show that Apple has performed each and every step of claims 1 and 13 by "testing and use by its employees or agents." For instance, the standard does not

- 187 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

require Scheduling Information to be included in any particular MAC-e PDU, and allows $DDI_0$ to be omitted even when Scheduling Information is included.  *See* 3GPP TS 25.321 v6.18.0 § 9.2.4.2.  Samsung has not cited any evidence to show that Apple has ever tested or used the particular configuration of the MAC-e PDU that Samsung claims to infringe the '596 patent. Samsung also has failed to show that Apple's customers perform each and every step of the asserted claims, or that Apple has encouraged its customers to use the Accused Products in a such a way so as to perform each and every step of the asserted claims.

**"forming a first protocol data unit (PDU) including uplink packet data" / "at least one block for forming a first protocol data unit (PDU) including uplink packet data"**

Samsung has not demonstrated that the Accused Products perform the step of "forming a first protocol data unit (PDU) including uplink packet data."  The Accused Products do not perform this step.  The Accused Products thus also lack "at least one block for forming a first protocol data unit (PDU) including uplink packet data."

*First*, Samsung cites the 3GPP TS 25.321 standard in support of its contention that this limitation is satisfied by the Accused Products, but the standard does not show "*forming* a first protocol data unit (PDU) including uplink packet data."

*Second*, Samsung has not established that this limitation is satisfied within the Accused Products.



Case No. 12-CV-00630-LHK
APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



*Third*, this limitation is not satisfied by the Accused Products.  The '596 patent claims a

method and apparatus in which a first PDU is formed prior to a concatenation that forms the

- 189 -

APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

second PDU.  *See*, *e.g.*, Kim Dep. Tr. at 58:2-60:1.  The relevant source code demonstrate that the Accused Products process MAC-e PDUs in fundamentally different ways from the method of the asserted claims.

- 190 -

APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**"forming a control service data unit (SDU) including control information for an uplink packet data service" / "a control unit for forming a control service data unit (SDU) including control information for an uplink packet data service"**

Samsung has not demonstrated that the Accused Products perform the step of "forming a control service data unit (SDU) including control information for an uplink packet data service." The Accused Products do not perform this step.  The Accused Products thus also lack "a control unit for forming a control service data unit (SDU) including control information for an uplink packet data service."

*First*, Samsung cites the 3GPP TS 25.321 standard in support of its contention that this limitation is satisfied by the Accused Products, but the standard does not show "*forming* a control service data unit (SDU) including control information for an uplink packet data service." Moreover, the standard does not refer to Scheduling Information as a "control service data unit (SDU)," and Samsung has not established that the Scheduling Information of the standard constitutes a "a control service data unit (SDU) including control information for an uplink packet data service."  Further, the standard does not mandate that Scheduling Information is included in any particular MAC-e PDU, and Samsung has not established that a MAC-e PDU containing Scheduling Information is ever formed in the testing or use of the Accused Products.

*Second*, Samsung has not established that this limitation is satisfied within the Accused Products.

- 191 -

Case No. 12-CV-00630-LHK

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

19   *Third*, even assuming arguendo that Scheduling Information is generated by any function

20   in the software of the Intel or Qualcomm baseband chipsets, Samsung has not shown that the

21   chipsets form a "control SDU" including such Scheduling Information.  Samsung also has not

22   shown that, in the Accused Products, a data unit containing control information is received from

23   a higher layer and thus constituting an "SDU."

24   *Fourth*, Samsung has failed to show that the Scheduling Information of the standard cited

25   by Samsung constitutes "control information for an uplink packet data service"; the evidence

26   rather shows that the Scheduling Information is not used "for an uplink packet data service" or,

27   indeed, at all.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ██████████████████████████████████████

4  █████████████████████████████████████████████

5  ███████████████████████████████████████

6  ███████████████████████████████████████

7  █████████████████████████████████████████████

8  ██████████

9   **"forming at least one first header part corresponding to the first PDU by using a**

10  **data description indicator (DDI) field representing the first PDU and an N field**

11  **representing the number of uplink packet data included in the first PDU" / "a**

12  **multiplexing and transmission sequence number (TSN) setting unit for forming at**

13  **least one first header part corresponding to the first PDU by using a data**

14  **description indicator (DDI) field representing the first PDU and an N field**

15  **representing the number of uplink packet data included in the first PDU"**

16  Samsung has not demonstrated that the Accused Products perform the step of "forming at

17  least one first header part corresponding to the first PDU by using a data description indicator

18  (DDI) field representing the first PDU and an N field representing the number of uplink packet

19  data included in the first PDU."  The Accused Products do not perform this step.  The Accused

20  Products also lack "a multiplexing and transmission sequence number (TSN) setting unit for

21  forming at least one first header part corresponding to the first PDU by using a data description

22  indicator (DDI) field representing the first PDU and an N field representing the number of uplink

23  packet data included in the first PDU."

24  *First*, Samsung cites the 3GPP TS 25.321 standard in support of its contention that this

25  limitation is satisfied by the Accused Products, but the standard does not show "*forming* at least

26  one first header part corresponding to the first PDU by using a data description indicator (DDI)

27  field representing the first PDU and an N field representing the number of uplink packet data

28

- 193 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   included in the first PDU."  Moreover, the standard states that a DDI field is used for

2   "identifying the logical channel, the MAC-d flow and the MAC-es SDU size."  The standard also

3   does not show an N field "representing the number of uplink packet data" included in the MAC-

4   es PDU; rather, the standard provides that N indicates "[t]he number of consecutive MAC-d

5   PDUs corresponding to the same DDI value."

6          *Second*, Samsung has not established that this limitation is satisfied within the actual

7   implementation of the Accused Products.



Case No. 12-CV-00630-LHK

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**"forming a second header part corresponding to the control SDU by using a DDI field set as a predetermined specific value representing that the control SDU is transmitted" / "a multiplexing and transmission sequence number (TSN) setting unit for . . . forming a second header part corresponding to the control SDU by using a DDI field set as a predetermined specific value representing that the control SDU is transmitted"**

Samsung has not demonstrated that the Accused Products perform the step of "forming a second header part corresponding to the control SDU by using a DDI field set as a predetermined specific value representing that the control SDU is transmitted." Samsung thus also has not demonstrated that the Accused Products include "a multiplexing and transmission sequence number (TSN) setting unit for . . . forming a second header part corresponding to the control SDU by using a DDI field set as a predetermined specific value representing that the control SDU is transmitted."

*First*, Samsung cites the 3GPP TS 25.321 standard in support of its contention that this limitation is satisfied by the Accused Products, but the standard does not show "*forming* a second

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   header part corresponding to the control SDU by using a DDI field set as a predetermined

2   specific value representing that the control SDU is transmitted."  Furthermore, even assuming

3   arguendo that the $DDI_0$ field illustrated in the standard constitutes "a DDI field set as a

4   predetermined specific value representing that the control SDU is transmitted," the standard does

5   not mandate the inclusion of $DDI_0$ in a MAC-e PDU even when Scheduling Information is

6   included.  Rather, the standard allows the $DDI_0$ field to be omitted even when Scheduling

7   Information is included.  *See* 3GPP TS 25.321 v6.18.0 § 9.2.4.2.

8       *Second*, Samsung has not established that this limitation is satisfied within the actual

9   implementation of the Accused Products.



APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 ████████████████████████████████████████████████

2 ████

3 ████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████████

7 ██████████████████████████

8   ████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ██████████████████████████████████ Nevertheless, Samsung has not

16 established that in the testing or use of the Accused Products, a MAC-e PDU containing a $DDI_0$

17 field (much less one containing both a $DDI_0$ field and Scheduling Information) is ever formed.

18 **"forming a second data packet unit (PDU) by concatenating a header and a payload,**

19 **and transmitting the second PDU to a Node B, wherein the header includes the**

20 **header parts, and the payload includes the first PDU and the control SDU" / "a**

21 **multiplexing and transmission sequence number (TSN) setting unit for . . . forming**

22 **a second data packet unit (PDU) by concatenating a header and a payload, the**

23 **header including the header parts, the payload including the first PDU and the**

24 **control SDU, wherein the second PDU is transmitted to a Node B"**

25 Samsung has not demonstrated that the Accused Products perform the step of "forming a

26 second data packet unit (PDU) by concatenating a header and a payload, and transmitting the

27 second PDU to a Node B, wherein the header includes the header parts, and the payload includes

28

- 197 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the first PDU and the control SDU."  The Accused Products do not perform this step.  The

Accused Products thus also lack "a multiplexing and transmission sequence number (TSN)

setting unit for . . . forming a second data packet unit (PDU) by concatenating a header and a

payload, the header including the header parts, the payload including the first PDU and the

control SDU, wherein the second PDU is transmitted to a Node B."

*First*, Samsung cites the 3GPP TS 25.321 standard in support of its contention that this

limitation is satisfied by the Accused Products, but the standard does not show "*forming* a second

data packet unit (PDU) by concatenating a header and a payload, and transmitting the second

PDU to a Node B, wherein the header includes the header parts, and the payload includes the

first PDU and the control SDU."

*Second*, Samsung has not established that this limitation is satisfied within the actual

implementation of the Accused Products.



HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 12-CV-00630-LHK
APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1

2

3        *Third*, this limitation is in fact not satisfied by the Accused Products.  The '596 patent

4    claims a method and apparatus in which the second PDU is formed by concatenating a header

5    and a payload.  *See* Kim Dep. Tr. at 58:2-60:1.  This requires that the header and payload be

6    formed by the time of the concatenation operation.  *Id.*; *see also* Van Lieshout Dep. Tr. at 35:11-

7    36:6.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Apple reserves the right to supplement and/or amend its response as appropriate.

**'087 PATENT:**

Based on Apple's current understanding of the asserted claims of the '087 patent, and recognizing that Samsung has not specifically identified the features and/or functionality of the Accused Products that it contends satisfy each limitation of the asserted claims, Apple states that

- 201 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Samsung has not presented any evidence that the Accused Products satisfy any element of the asserted claims.

*First*, Samsung has failed to present any evidence of any Accused Product "receiving non-scheduled transmission information indicating k transmission time intervals (TTIs) for transmitting non-scheduled data via the EDCH." Samsung contends that a receiver receiving a HARQ process allocation for non-scheduled transmissions in as described in 25.321, Section 11, would satisfy this limitation . However, Samsung has failed to present any evidence of any Accused Product with a receiver receiving a HARQ process allocation, much less using that allocation to limit the number of HARQ processes are used for non-scheduled transmissions. To the contrary,

Samsung has failed to set forth any evidence that any carrier or equipment manufacturer – including AT&T, Alcatel-Lucent, Ericsson, and T-Mobile – have ever transmitted a HARQ process allocation for non-scheduled transmission in actual implementation or in any test associated with implementation. Nor has Samsung demonstrated any other instance of an Accused Product with a receiver receiving non-scheduled transmission information, whether it be in the form of a parameter indicating k TTI's within a range of N TTI's, a HARQ process allocation, or otherwise. Because Samsung cannot demonstrate that such information has ever been sent to and received by a UE, the Accused Products necessarily have not received the claimed "non-scheduled transmission information indicating k transmission time intervals (TTIs) for transmitting non-scheduled data via the EDCH, wherein non-scheduled transmissions can be performed during the k TTIs within a period having N

- 202 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1   TTIs." Accordingly, the Accused Products lack the "receiver receiving" limitation claimed in all

2   the asserted claims of the '087 patent (method and apparatus).

8   When the 8-bit information element is not sent, then the UE is

9   allowed to transmit data using all HARQ processes.

17   **Second**, even if an information element specifying a HARQ process allocation for non-

18   scheduled transmission *were* sent by a network and received by the Accused Products, Samsung

19   nevertheless has not demonstrated that the "2ms non-scheduled transmission grant HARQ

20   process allocation" recited in the 3GPP standards satisfies the claimed requirement of "a receiver

21   receiving non-scheduled transmission information indicating k transmission time intervals (TTIs)

22   for transmitting non-scheduled data via the EDCH, wherein non-scheduled transmissions can be

23   performed during the k TTIs within a period having N TTIs."

24   Specifically, Samsung's infringement contentions incorrectly allege that the "2ms non-

25   scheduled transmission grant HARQ process allocation" cited in 3GPP TS 25.331 v. 7.0.0 §

26   10.3.5.1b meet this limitation. But the claimed "transmission time intervals (TTIs)" are not the

27   HARQ processes recited in the relevant 3GPP standards. A TTI is a transmission time interval,

- 203 -

APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  i.e., a particular interval of time.  A HARQ process is a process that takes place over multiple

2  TTI's and includes transmitting PDU's, receiving ACK/NACK signals, re-transmitting certain

3  PDU's, etc.  *See, e.g.*, transcript of the June 4, 2013 deposition of Young Bum Kim ("YB Kim

4  Dep. Tr.") at 212:8 to 213:7; transcript of the June 18, 2013 deposition of Gert-Jan van Lieshout

5  ("Lieshout Dep. Tr.") at 130:25 to 132:14; *see also, e.g.*, transcript of the July 1, 2013 deposition

6  of Jim Hutchinson ("Hutchinson Dep. Tr.") at 245:23 to 246:14; transcript of the June 24, 2013

7  deposition of Naga Karthick Kandasamy ("Kandasamy Dep. Tr.") at 88:11-22, 181:25 to 183:2,

8  and 273:14 to 275:14; transcript of the June 25, 2013 deposition of Ulrich Mennchen

9  ("Mennchen Dep. Tr.") at 255:16 to 257:19; R1-041211 (Cheung Ex. 12.) In sum, a HARQ

10  process is not a TTI, and therefore the HARQ process allocation defined in the HSUPA standard

11  is not non-scheduled transmission information indicating k transmission time intervals (TTIs) for

12  transmitting non-scheduled data via the EDCH.



APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

███████████████████████████████████████████████

███████████████

**Third**, Samsung has not presented any evidence that the Accused Products receive the non-scheduled transmission parameter "N." ████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

At least for the above reasons, the Accused Products lack any "transmitter transmitting data on at least one TTI of the k TTIs within the period; wherein the parameter k is an integer greater than 0 and less than or equal to a positive integer N," do not receive "non-scheduled transmission information is configured by a bit map of N bits indicating the k TTIs using specific bit values"; lack any "transmitter [that] computes a non-scheduled transmission determination value according to a connection frame number (CFN) for generating a frame to be used in communication with a Node B accessed by the UE and a subframe number"; do not "transmit[] the data in TTIs in which non-scheduled transmission determination values correspond to values of the k TTIs"; do not receive "the non-scheduled transmission determination value [] computed by (CFN*n+Subframe Number)mod N, where a TTI size of the E-DCH is 1/n of a frame length"; "a transmitter transmitting data on at least one TTI of the k TTIs within the period; wherein the k is an integer greater than 0 and less than or equal to a positive integer N"; lack any "transmitter [that] computes a non-scheduled transmission determination value according to a connection frame number (CFN) for generating a frame to be used in communication with a Node B accessed by the UE and a subframe number"; lack "a receiver receiving at least one of scheduling assignment information generated by the Node B based on a scheduling information and non-scheduled transmission information indicating k transmission time intervals (TTIs) for

- 205 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

transmitting non-scheduled data via the E-DCH within a period having N TTIs"; lack "a controller selecting a Node B controlled scheduling mode or an non-scheduled transmission mode to transmit data"; lack "a transmitter transmitting uplink data according to the scheduling assignment information in the Node B controlled scheduling mode"; and lack "a transmitter …transmitting uplink data on at least one TTI of the k TTIs within the period in the non-scheduled transmission mode; wherein the parameter k is an integer greater than 0, and less than or equal to a positive integer N."

Finally, the extent the equation recited in claim 40 of the '087 patent is not present in the respective source code of the pertinent baseband processers manufactured by Intel and Qualcomm, and the Accused Products do not satisfy all the limitations of claim 40.

At least because the Accused Products do not satisfy all limitations of claims 1 and 9 of the '087 patent, they also do not infringe the asserted claims dependent on claims 1 or 9.

Apple reserves the right to supplement and/or amend its response as appropriate.

APPLE'S FURTHER SUPPLEMENTAL RESPONSES TO
SAMSUNG'S FIRST SET OF INTERROGATORIES (NO. 12)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Dated:  July 15, 2013

/s/ Mark D. Selwyn
Mark D. Selwyn (CA SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

*Attorneys for Plaintiff and
Counterclaim-Defendant Apple Inc.*

- 207 -

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

### **CERTIFICATE OF SERVICE**

I, Andrew Liao, hereby certify that on July 15, 2013, a true and correct copy of the foregoing document, Apple Inc.'s Further Supplemental Objections and Responses to Samsung's First Set of Interrogatories (No. 12), was served on counsel for Samsung via electronic mail.

*/s/ Andrew Liao*
Andrew Liao

- 208 -